1    LOUIS R. MILLER, State Bar No. 54141
     smiller@millerbarondess.com
2    MARTIN PRITIKIN, State Bar. No. 210845
     mpritikin@millerbarondess.com
3    BRIAN PROCEL, State Bar No. 218657
     bprocel@millerbarondess.com
4    **MILLER BARONDESS, LLP**
     1999 Avenue of the Stars, Suite 1000
5    Los Angeles, California 90067
     Telephone:    (310) 552-4400
6    Facsimile:    (310) 552-8400

7    [Proposed] Special Litigation Counsel for the Jointly Administered Debtors in Possession
     and Steven M. Speier, the Chapter 11 Trustee
8
9    PAUL J. COUCHOT, State Bar No. 131934
     pcouchot@winthropcouchot.com
     PETER W. LIANIDES, State Bar No. 160517
10   plianides@winthropcouchot.com
     **WINTHROP COUCHOT, P.C.**
11   660 Newport Center Drive, Fourth Floor
     Newport Beach, CA 92660
12   Telephone:    (949) 720-4165
     Facsimile:    (949) 720-4111
13
     General Insolvency Counsel for the Jointly Administered Debtors in Possession and
14   [Proposed] General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee

15                  **UNITED STATES BANKRUPTCY COURT**
            **CENTRAL DISTRICT OF CALIFORNIA -- SANTA ANA DIVISION**
16
                                              **CASE NO. 8:08-bk-17206-ES**
17   In re                                    Jointly Administered With Case Nos.
                                                8:08-bk-17209-ES; 8:08-bk-17240-ES
18   PALMDALE HILLS PROPERTY, LLC, AND ITS      8:08-bk-17224-ES; 8:08-bk-17242-ES
     RELATED DEBTORS,                           8:08-bk-17225-ES; 8:08-bk-17245-ES
19           Jointly Administered Debtors and   8:08-bk-17227-ES; 8:08-bk-17246-ES
             Debtors-in-Possession             8:08-bk-17230-ES; 8:08-bk-17231-ES;
20                                              8:08-bk-17236-ES; 8:08-bk-17248-ES
     Affects:                                   8:08-bk-17249-ES; 8:08-bk-17573 ES
21   ☒ All Debtors                              8:08-bk-17574 ES; 8:08-bk-17575 ES
22   ☐ Palmdale Hills Property, LLC,
     ☐ SunCal Beaumont Heights, LLC            And
23   ☐ SCC/Palmdale, LLC                        8:08-bk-17404-ES; 8:08-bk-17407-ES;
     ☐ SunCal Johannson Ranch, LLC             8:08-bk-17408-ES; 8:08-bk-17409-ES;
24   ☐ SunCal Summit Valley, LLC               8:08-bk-17458-ES; 8:08-bk-17465-ES;
     ☐ SunCal Emerald Meadows LLC              8:08-bk-17470-ES; 8:08-bk-17472-ES;
25   ☐ SunCal Bickford Ranch, LLC              8:08-bk-17588-ES
26   ☐ Acton Estates, LLC
     ☐ Seven Brothers LLC                      **Chapter 11 cases**
27   ☐ SJD Partners, Ltd.
     ☐ SJD Development Corp.                    **Adversary Proceeding No. _____**
28

_____
33042.1                  **COMPLAINT FOR INJUNCTIVE RELIEF**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400  FAX:(310) 552-8400

1   ☐ Kirby Estates, LLC
    ☐ SunCal Communities I, LLC
2   ☐ SunCal Communities III, LLC
    ☐ SCC Communities LLC
3   ☐ North Orange Del Rio Land, LLC
    ☐ Tesoro SF, LLC;
4
5   and
6   ☐ LB-L-SunCal Oak Valley, LLC
    ☐ SunCal Heartland, LLC
7   ☐ LB-L-SunCal Northlake, LLC
    ☐ SunCal Marblehead, LLC
8   ☐ SunCal Century City, LLC
    ☐ SunCal PSV, LLC
9   ☐ Delta Coves Venture, LLC
    ☐ SunCal Torrance, LLC
10  ☐ SunCal Oak Knoll, LLC,
11
12                  Debtors
13
    **ADVERSARY PROCEEDING**
14
    PALMDALE HILLS PROPERTY, LLC, a Delaware
15  limited liability company; SUNCAL BEAUMONT
    HEIGHTS, LLC, a Delaware limited liability
16  company; SCC/PALMDALE, LLC, a Delaware
    limited liability company; JOHANNSON RANCH,
17  LLC, a Delaware limited liability company;
    SUNCAL SUMMIT VALLEY, LLC, a Delaware
18  limited liability company; SUNCAL EMERALD
    MEADOWS, LLC, a Delaware limited liability
19  company; SUNCAL BICKFORD RANCH, LLC, a
    Delaware limited liability company; ACTON
20  ESTATES, LLC, a Delaware limited liability
    company; SEVEN BROTHERS, LLC, a Delaware
21  limited liability company; SJD DEVELOPMENT
    CORP., a Delaware corporation; KIRBY ESTATES,
22  LLC, a Delaware limited liability company;
    SUNCAL COMMUNITIES I, LLC, a Delaware
23  limited liability company; SUNCAL
    COMMUNITIES III, LLC, a Delaware limited
24  liability company; NORTH ORANGE DEL RIO
    LAND, LCC, a Delaware limited liability company;
25  TESORO SF, LLC, a Delaware limited liability
    company; SCC COMMUNITIES, LLC, a Delaware
26  limited liability company; STEVEN SPEIER,
27  Chapter 11 Trustee on behalf of: LB/L-SUNCAL
28

**COMPLAINT FOR INJUNCTIVE RELIEF**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

33042.1

1    OAK VALLEY, LLC, a Delaware limited liability
     company; LB/L-SUNCAL NORTHLAKE LLC, a
2    Delaware limited liability company; SUNCAL
     CENTURY CITY LLC, a Delaware limited liability
3    company; SUNCAL PSV LLC, a Delaware limited
     liability company; DELTA COVES VENTURE
4    LLC, a Delaware limited liability company;
     SUNCAL TORRANCE LLC, a Delaware limited
5    liability company; SUNCAL OAK KNOLL LLC a
     Delaware limited liability company; SUNCAL
6    MARBLEHEAD, LLC, a Delaware limited liability
     company; and SUNCAL HEARTLAND, LLC, a
7    limited liability company,
8
9                  Plaintiffs,
     v.
10
     ALL AMERICAN ASPHALT, a California
11   corporation; BNB ENGINEERING, INC., a
     California corporation; BOUDREAU PIPELINE
12   CORPORATION, a California corporation; BOVA
     CONTRACTING CORPORATION, a California
13   corporation;  BRUDVIK, INC., a California
     corporation; C. WELLS PIPELINE MATERIAL,
14   INC., a California corporation; CHINO GRADING,
     INC., a California corporation; CONTRA COSTA
15   COUNTY DEPARTMENT OF PUBLIC WORKS;
     DESERT PIPELINE, INC., a California corporation;
16   ECONOLITE CONTROL PRODUCTS, a California
     corporation; ELITE BOBCAT SERVICES, INC., a
17   California corporation; FENCEWORKS INC.,
     formerly dba GOLDEN STATE FENCE CO. a
18   California corporation; GROWEST NURSERIES, a
     California corporation; HILLCREST
19   CONTRACTING, INC., a California corporation;
     KIP INCORPORATED, a California corporation;
20   MARQUES PIPELINE, INC., a California
     corporation; MESA PACIFIC CONSTRUCTION
21   INC., a California corporation; MSA
     CONSULTING, INC., a California corporation;
22   NISSHO OF CALIFORNIA, INC., a California
     corporation; ORANGE COUNTY STRIPING
23   SERVICE, INC., a California corporation; PACIFIC
     MASONRY WALLS, INC., a California
24   corporation; PARK WEST LANDSCAPE INC., a
     California corporation; PARK WEST RESCOM,
25   INC., a California corporation; R&D CONCRETE,
     INC., a California corporation; RH MASONRY,
26   INC., a California corporation; RJ NOBLE CO., a
     California corporation; RMF CONTRACTING,
27   INC., dba R&M ELECTRICAL, a California
     corporation; ROCKEY MURATA LANDSCAPING,
28   INC., a California corporation; SAVALA

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

**COMPLAINT FOR INJUNCTIVE RELIEF**

33042.1

1  EQUIPMENT CO., a California corporation;
   SCHILLING CORPORATION, a California
2  corporation;  SIERRA CASCADE
   CONSTRUCTION, INC., a California corporation;
3  SIERRA PACIFIC ELECTRICAL
   CONTRACTING, a California corporation; SO-CAL
4  SWEEPERS, LLC, a California limited liability
   company; STAATS CONSTRUCTION, INC., a
5  California corporation; STICE COMPANY, INC., a
   California corporation; STRESSCRETE LIMITED, a
6  California corporation; SUMMERS/MURPHY &
   PARTNERS, INC., a California corporation; THE
7  CITY OF PALMDALE; THE CITY OF SAN
   CLEMENTE; THE CITY OF SAN JUAN
8  CAPISTRANO; THE COLLABORATIVE WEST, a
   California corporation; THE JASPER COMPANIES,
9  INC., a California corporation; THE MASONRY
   GROUP CALIFORNIA CENTRAL, INC., a
10 California corporation; WEST COAST R&R, INC., a
   California corporation; WEST COAST
11 STRUCTURES, INC., a California corporation;
   WHITE'S STEEL, INC., a California corporation;
12 and Does 1 TO 100,

13          Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

33042.1

**COMPLAINT FOR INJUNCTIVE RELIEF**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

Plaintiffs Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC, SCC/Palmdale, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal Emerald Meadows LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers LLC, SJD Partners, Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC, SunCal Communities III, LLC, SCC Communities LLC, North Orange Del Rio Land, LLC, Tesoro SF, LLC, the related debtors and debtors-in-possession (collectively, the "Related Debtors"); and Steven Speier, Chapter 11 Trustee (the "Trustee"), on behalf of Plaintiffs SunCal Oak Knoll, LLC, LB/L-SunCal Oak Valley, LLC, SunCal Heartland, LLC, LB/L-SunCal Northlake, LLC, SunCal Marblehead, LLC, SunCal Century City, LLC, SunCal PSV, LLC, Delta Coves Venture, LLC, and SunCal Torrance, LLC (the "Trustee Debtors") (collectively with the Related Debtors, the "Debtors" or "Plaintiffs"), in the above-captioned case, by their attorneys, hereby submit their Complaint for Injunctive Relief ("Complaint") against the above-captioned defendants (the "Defendants"), and hereafter allege as follows:

## INTRODUCTION

1.    By this Complaint, the Debtors seek to enjoin litigation against certain bond companies and their purported indemnitors until such time as the Debtors can effectuate their plan of reorganization. The litigation against these third parties threatens to irreparably harm the value of the Debtors' properties—the sale of which would be the primary source of payment of the Debtors' creditors—and further threatens the Debtors' reorganization. If the third-party litigation proceeds, entitlements on the Debtors' properties will be lost and crucial infrastructure-financing bonds will not be issued; claims against the Debtors' estates will mount by way of these third parties exercising their contractual rights of indemnity against the Debtors; and valuable litigation resources, as well as the Debtors' management's time and energy, will be consumed defending against these third party actions rather than pursuing reorganization. If an injunction issues, the enjoined parties will merely be delayed in pursuing their litigation, which litigation may become moot in any event—under the Debtors' plan of reorganization, they may well recover in full the amounts they are currently seeking

through the third-party litigation.  Conversely, in the absence of an injunction, the Debtors' entire pool of creditors may be permanently deprived of a chance at significant—or even any—recovery.

## FACTUAL BACKGROUND

2.      The Debtors are single-purpose entities formed to develop master planned communities in California as part of a joint venture (the "Joint Venture") between SCC Acquisition, Inc. ("SCC"), through certain of its subsidiaries, and Lehman Brothers Holdings, Inc., through certain of its subsidiaries, including, but not limited to, Lehman ALI, Inc. ("Lehman ALI") and Lehman Commercial Paper, Inc. ("LCP") (collectively with the other Lehman affiliates referred to herein, "Lehman"). Under the Joint Venture, Lehman ALI and/or Lehman LCP lent or otherwise provided over $2 billion to the Debtors.

3.      In the corporate structuring of the Related Debtors, Lehman is a lender but not an equity member.  In the corporate structure of the Trustee Debtors, in addition to Lehman serving as a lender, Lehman affiliates are equity members with veto power over all material management decisions, including the filing of Chapter 11 petitions for the relevant Debtor (the "Lehman Equity Members").  Throughout the Joint Venture, Lehman ALI, LCP and the Lehman Equity Members were and are all controlled by the same Lehman representatives.

4.      In connection with the Joint Venture projects (the "Projects"), Arch Insurance Company ("Arch") and Bond Safeguard Insurance Company ("Safeguard") (collectively, the "Bond Companies") each executed a number of payment and performance bonds in favor of various vendors and municipalities (the "Bonds").  All of the Debtors are principal obligors of the Bond obligations, and SCC and its president, Bruce Elieff ("Elieff"), have executed purported indemnities to the Bond Companies with respect to the Bond obligations.  The Bond Companies are in support of the instant action.

5.      The Joint Venture began in or around 2004, with SCC serving as the developer/manager of the Projects and with Lehman as the financial partner.  However, after the bursting of the California real estate bubble in or around mid-2007, Lehman took total financial control of the Projects by asserting itself in operational decisions and even hiring its own agent to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400  FAX:(310) 552-8400

1  negotiate outstanding invoices directly with the Project vendors.  Lehman repeatedly represented

2  that it would continue to fund future Project expenditures.

3        6.      On May 23, 2008, Lehman entered into a restructuring agreement with SCC (whose

4  consent was induced by threats of massive bond exposure that was of Lehman's making) in which

5  Lehman ALI agreed to continue to fund the payables on the Projects and further agreed to indemnify

6  and reimburse SCC and Elieff for any liability under the Bonds (the "Restructuring Agreement").  In

7  addition, the Restructuring Agreement expressly provided Lehman ALI the right to dictate the future

8  expenditures on the Projects and to directly negotiate with vendors on outstanding Project payables.

9  The Restructuring Agreement further allowed Lehman ALI the right to direct the Debtors to

10  terminate any or all infrastructure licensing agreements.  Notably, the same individual, Mr. Frank

11  Gilhool, executed the Restructuring Agreement on behalf of Lehman, Lehman ALI and the Lehman

12  Equity Members.

13        7.      In reliance on Lehman's promises of continued payment and funding made before,

14  under and after the execution of the Restructuring Agreement, the Debtors incurred millions of

15  dollars in indebtedness in third-party vendor work.  Lehman thereafter breached its promises to the

16  creditors of the Projects and its obligations to SCC under the Restructuring Agreement by

17  terminating funding of the Projects and failing to indemnify or reimburse SCC and Elieff on the

18  Bond obligations.  As a result, there is approximately $100 million owed to approximately 450

19  creditors, and potential bond exposure to the Debtors, SCC and Elieff of approximately $20 to $25

20  million.  There are also rampant unaddressed public health and safety issues at several of the

21  Projects, including flooding, erosion, problems with unmonitored levees and partially constructed

22  bridges, and the presence of friable asbestos, among other things.

23        8.      Unbeknownst to SCC, Lehman's course of conduct in representing that it would

24  continue funding the Projects' needs and in entering into the Restructuring Agreement was part of an

25  intra-Lehman scheme to mask the decline in value of the Projects—and to minimize write-downs

26  that would have further weakened Lehman's own declining financial position—in order to attract

27  new capital and prop up its stock price.  When Lehman realized that a bankruptcy was inevitable,

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000, LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

3
**COMPLAINT FOR INJUNCTIVE RELIEF**

33042.1

1    Lehman then took steps to usurp the Projects for itself and stiff hundreds of creditors for millions of

2    dollars of work that Lehman had induced them to perform with its representations and approvals.

3          9.      Thus, in the summer of 2008, Lehman ALI halted its agent's negotiation or payment

4    of outstanding vendor payables. In late August of 2008 (days before the Restructuring Agreement

5    was originally scheduled to close), Lehman ALI secretly assigned its first deeds of trust on the

6    Related Debtors' Projects to LCP—shortly before Lehman and LCP filed Chapter 11 proceedings in

7    the Southern District of New York. Because there was no Lehman Equity Member that could block a

8    reorganization of these Projects through bankruptcy, Lehman sought to use LCP's bankruptcy to

9    thwart reorganization of these Projects and avoid any fate other than foreclosure and usurpation by

10    Lehman. LCP did in fact subsequently take steps to thwart reorganization: it successfully opposed

11    the Related Debtors' motion for relief from the automatic stay for purposes of allowing the Related

12    Debtors to obtain a loan to address the projects' urgent public health and safety issues, and it

13    continues to block any effort to address those issues.

14          10.     Lehman ALI and the Lehman Equity Members joined LCP in attempting to block the

15    continued vitality of the Projects. Lehman ALI—which is *not* in bankruptcy—has refused to fund

16    critical public health, safety, and value preservation needs on the Projects, despite its agreement and

17    representations that it would do so. Lehman ALI ultimately purported to repudiate the Restructuring

18    Agreement. Lehman ALI's breach of its funding obligations forced the Related Debtors to file their

19    Chapter 11 proceedings. Lehman ALI also improperly filed notices of default on several of the

20    Trustee Debtors' Projects, before bankruptcy petitions were even filed against those Trustee Debtors.

21    It also withdrew for its own use several million dollars from an account that was reserved for critical

22    needs expenses for two of the Debtors, precisely when those entities needed those funds the most.

23    For their part, the Lehman Equity Members refused to authorize SCC to cause the filing of the

24    Chapter 11 petitions for the Trustee Debtors, forcing creditors to initiate involuntary Chapter 11

25    proceedings for those entities. All of this was overseen and directed by the senior leadership within

26    Lehman, both before and after Lehman's bankruptcy.

27    **Lehman Equitable Subordination Litigation**

28

MILLER BARONDESS, LLP
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

4
**COMPLAINT FOR INJUNCTIVE RELIEF**

33042.1

11.    On January 6, 2009, the Related Debtors, creditors and equity members of the Trustee Debtors, SCC, Elieff, and others filed an adversary proceeding against Lehman ALI, the Lehman Equity Members, and others, seeking, among other things, to equitably subordinate Lehman ALI's liens and claims due to its inequitable conduct that has resulted in damages to the creditors of these estates, as well as damages to the Plaintiffs herein (the "Lehman Adversary Proceeding"). On January 8, 2009, orders for relief were granted in the involuntary bankruptcies, and on January 15, 2009, Steven Speier was appointed Trustee on behalf of those entities. On February 3, 2009, a First Amended Complaint ("Lehman Adversary Complaint") was filed in the Lehman Adversary Proceeding, naming the Trustee as the plaintiff suing on behalf of the Trustee Debtors. A copy of the Lehman Adversary Complaint is attached hereto as Exhibit A, and the facts alleged therein are incorporated herein by reference.[1]

**Bond Litigation**

12.    As a direct result of Lehman's breaches of its funding obligations for the Projects, a number of creditors of the Debtors, including governmental entities, are attempting to collect from the Bond Companies under the Bonds and/or enforce the Bonds (the "Bond Actions"). Numerous other creditors have threatened to or are likely to file similar actions against the Bond Companies.

13.    The Bond Companies have either filed or threatened to file actions against SCC and Elieff under the purported Bond indemnities (the "Indemnity Actions").

14.    The Bond Companies have direct recourse against the Debtors and purportedly against SCC and Elieff based on their agreements to indemnify with respect to the Bond obligations. Furthermore, SCC and Elieff have recourse against the Debtors under the Debtors' operating agreements for any payments made under their indemnification with respect to the Bond obligations, thereby creating additional claims against the Debtors' estates.

15.    The Bond and Indemnity Actions threaten the Debtors' estates and the prospect of payment of the Debtors' creditors in at least several ways:

---

[1] On January 23, 2009, LCP and Lehman ALI filed joint motions affecting a number of the Debtors seeking relief from stay to foreclose on the Debtors' properties. Those Debtors are seeking a determination that the LCP's stay does not apply to adding it as a defendant on the equitable subordination cause of action in the Lehman Adversary Proceeding.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**COMPLAINT FOR INJUNCTIVE RELIEF**

33042.1

(a)    First, in many instances, the continued validity of the Bonds and/or the timely completion of certain infrastructure improvements are requirements for maintaining the entitlements granted by various municipalities to SCC and/or the Debtors for land use and development of the Projects.  These entitlements often take years to secure, and once they are lost they often cannot be replicated.  Thus, losing these entitlements can and will greatly diminish the value of the Projects, the sale of which, under the Debtors' plan of reorganization, are essentially the sole source of payment of creditors.

(b)    Second, it is unlikely that municipalities will issue Mello Roos (CFD) bonds to finance infrastructure construction on Projects where there is a violation of project entitlement conditions.  CFD bonds (tax exempt municipal bonds) are critical to the financing of large public infrastructure projects on SunCal's developments here, and they add significant value to the developments' bottom line.

(c)    Third, the Bond Companies and SCC have agreed in principle to jointly finance the Lehman Adversary Proceeding to equitably subordinate Lehman's claims—such equitable subordination being a central component in the Debtors' plan to pay creditors.  However, if the Bond Companies and SCC have to allocate resources defending against the Bond and Indemnity Actions, it threatens to undercut what could be spent pursuing the Lehman Adversary Proceeding.

(d)    Fourth, the Bond Companies, SCC and/or Elieff can seek recourse by way of indemnification against the Debtors for, among other things, fees and costs incurred defending against the Bond and Indemnity Actions.  This could and would increase the claims against the Debtors' estates.

(e)    Finally, SCC and Elieff are managing the Debtors' affairs and their reorganization efforts (including coordinating with the Trustee on behalf of the Trustee Debtors).  Time and energy spent defending against the Bond and Indemnity Actions detracts from that which could be spent focusing on the Debtors' reorganization.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

16.    By this Complaint, the Plaintiffs request that this Court issue an injunction pursuant to Section 105(a) of the Bankruptcy Code enjoining the Bond Actions and the Indemnity Actions until the effective date of Debtors' plan of reorganization.

## JURISDICTION AND VENUE

17.    This adversary proceeding arises in and relates to the Related Debtors' and the Alleged Debtors' cases pending before this Court under Chapter 11 of the Bankruptcy Code.

18.    The Court has jurisdiction over this adversary proceeding for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 157 and 1334.

19.    This adversary proceeding is a "core" matter pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O).

20.    Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

*Plaintiffs*

21.    At all times relevant hereto, the Debtors have been and remain Delaware limited liability companies, authorized to do business in California.

*Defendants*

22.    Upon information and belief, at all times relevant hereto, defendants All American Asphalt, BnB Engineering, Inc., Boudreau Pipeline Corporation, Bova Contracting Corporation, Brudvik, Inc., C. Wells Pipeline Material, Inc., Chino Grading, Inc., Desert Pipeline, Inc., Econolite Control Products, Elite Bobcat Services, Inc., Fenceworks Inc., formerly dba Golden State Fence Co., GroWest Nurseries, Hillcrest Contracting, Inc., KIP Incorporated, Marques Pipeline, Inc., Mesa Pacific Construction, Inc., MSA Consulting, Inc., Nissho of California, Inc., Orange County Striping Service, Inc., Pacific Masonry Walls, Inc., Park West Landscape Inc., Park West Rescom, Inc., R&D Concrete, Inc., RH Masonry, Inc., RJ Noble Co., RMF Contracting, Inc., dba R&M Electrical, Rockey Murata Landscaping, Inc., Savala Equipment Co., Schilling Corporation, Sierra Cascade Construction, Inc., Sierra Pacific Electrical Contracting, So-Cal Sweepers, LLC , Staats Construction, Inc.; Stice Company, Inc., StressCrete Limited, Summers/Murphy & Partners, Inc.,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400   FAX:(310) 552-8400

7
**COMPLAINT FOR INJUNCTIVE RELIEF**

33042.1

The Collaborative West, The Jasper Companies, Inc., West Coast R&R, Inc., and White's Steel, Inc. are and were incorporated in the State of California.

23.    Upon information and belief, at all times relevant hereto, defendant So-Cal Sweepers, LLC is and was a California limited liability company.

24.    Upon information and belief, defendants Contra Costa County Department of Public Works, the City of Palmdale, the City of San Clemente and the City of San Juan Capistrano are municipal entities within the State of California.

25.    Plaintiffs have named as Defendants those parties that have filed Bond Actions or Indemnity Actions that have not been resolved as of the date of the filing of this Complaint, and those that have threatened or taken specific steps indicating that they may soon file such Actions. Plaintiffs reserve the right to amend the Complaint to name other defendants, should new Bond Actions or Indemnity Actions be filed, or as is otherwise necessary to preserve Plaintiffs' rights.

**FIRST CLAIM FOR RELIEF**

**(Injunction -- 11 U.S.C. §§ 105)**

26.    Plaintiffs repeat and reallege each and every foregoing and subsequent allegation contained in the Complaint, and further allege as follows:

27.    There is a strong likelihood of successful reorganization of the Projects.  On February 4, 2009—within 90 days of the first of the Debtors' bankruptcy filings—the Debtors filed their joint Chapter 11 Plan ("Plan") and Joint Chapter 11 Disclosure Statement.  On behalf of all twenty-six Debtors, the Plan provides for the following:

1.    Equitable subordination of Lehman's claims to the claims of unsecured creditors and the transfer of Lehman liens to the Debtors' estates;

2.    A sale of the Debtors' assets free and clear of all liens;

3.    Substantive consolidation of all twenty six (26) of the Debtors' estates; and

4.    Payment of the claims of all of the Debtors' creditors from the sales proceeds. The Debtors' plan is feasible.  The Debtors are negotiating with a potential "stalking horse" purchaser of all of the Debtors' Projects for prices sufficient to pay all of the Debtors' unsecured

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

33042.1

creditors in full, in addition to a return to Lehman. They will soon be moving for substantive

consolidation. A hearing on the Disclosure Statement is set for May 7, 2009, at 2:00 p.m. Plan

confirmation should, therefore, occur in the summer of 2009.[2]

28.    There is also a strong likelihood of success on the merits of the Lehman Adversary

Proceeding. As set forth in more detail in the Lehman Adversary Complaint, Lehman ALI and LCP

were insiders of the Debtors, both by virtue of their extensive control over the management and

finances of the Projects, as well as their affiliation with the Lehman Equity Members that were

fiduciaries of the Trustee Debtors. Lehman ALI and LCP also engaged in egregious inequitable

conduct. Lehman ALI and LCP, controlled by the same Lehman players as the Lehman Equity

Members, knowingly participated in an intra-Lehman fraudulent scheme to prop up Lehman's stock

price, usurp the Projects for Lehman's benefit, and stiff hundreds of vendors for millions of dollars

in work that Lehman had induced them to perform. Lehman ALI and/or LCP made repeated

promises to pay outstanding payables and to fund new work on the projects, and then breached those

promises—and the clear terms of the Restructuring Agreement—by refusing to pay.

29.    Furthermore, after deepening the Debtors' insolvency, Lehman did (and continues to

do) everything in its power to thwart the Debtors' efforts to assist creditors' recovery through

bankruptcy. Lehman dragged out the closing of the Restructuring Agreement until after it filed for

bankruptcy, and then purported to repudiate that Agreement and refused to close. Lehman ALI

secretly transferred first deeds of trusts to LCP shortly before LCP's bankruptcy—but only on

projects in which there was no Lehman Equity Member to block a reorganization in bankruptcy. As

for the Lehman Equity Members, they put the Lehman lenders' interests ahead of their fiduciary

duties to the Alleged Debtors and their creditors, and refused to consent to bankruptcy filings.

Lehman ALI also improperly filed notices of default on projects that were not yet in bankruptcy.

---

[2] Even assuming *arguendo* that (a) this Court determines that LCP's claim cannot be subordinated
without violating its automatic stay, and (b) the Debtors cannot obtain relief from stay from the New
York Bankruptcy Court, the mere subordination of liens of the Lehman Lenders who are not in
Chapter 11 (e.g., Lehman ALI, OVC Holdings LLC, and Northlake Holding LLC) will generate
sufficient funds, via the sales proposed in the Plan, to pay all non-subordinated creditors of all of the
Debtors in full.

**COMPLAINT FOR INJUNCTIVE RELIEF**

33042.1

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1    30.    In addition, Lehman took for itself millions of dollars in restricted accounts

2    designated for certain of the Projects, precisely when SCC was requesting that Lehman provide

3    funding for critical health, safety, and value maintenance needs on those projects.  There is thus a

4    high probability that the Lehman Adversary Proceeding shall result in equitable subordination of

5    Lehman ALI's (and LCP's) liens and claims against the Debtors.

6    31.    Further litigation on the Bond Actions and the Indemnity Actions will irreparably

7    harm the Debtors' estates and thus the creditors.  It threatens the entitlements that various

8    municipalities have granted to SCC and the Debtors for the Projects, which have taken years to

9    obtain, and which in many cases cannot be recovered once lost.  It threatens the prospect of the

10    issuance of CFD bonds, another critical component in maintaining the value of the Projects.  It

11    threatens funding for the litigation to equitably subordinate Lehman's claims, which is central to the

12    Plan and to repayment of creditors.  It threatens to increase claims against the Debtors' estates to the

13    extent that the Bond Companies, SCC and/or Elieff incur costs defending against and/or paying out

14    judgments on or settlements of Bond or Indemnity Actions and enforce their contractual rights of

15    indemnity against the Debtors.  And it threatens to distract the Debtors' management from the

16    Debtors' reorganization efforts.

17    32.    The balance of hardships tips strongly in favor of the Plaintiffs.  Granting the

18    injunction merely delays, but does not ultimately prevent, the plaintiffs in the Bond Actions and

19    Indemnity Actions (a subset of Debtors' creditors) from pursuing their monetary claims against the

20    Bond Companies, SCC, or Elieff.  Yet it will likely yield a substantial benefit to the value of the

21    Projects, to the Debtors' Plan, and thus to *all* of the creditors of the Debtors.  Moreover, if an

22    injunction issues, the Bond and Indemnity Actions may well be mooted, as the Debtors' plan of

23    reorganization should result in payment in full to the bond claimants of the sums they are currently

24    seeking through those Actions.

25    33.    On the other hand, if the injunction is denied, valuable and often irreplaceable

26    entitlements will be lost, Project values will sink, litigation financing may be threatened, and thus the

27    likelihood of successful reorganization of the Projects will be seriously diminished—and so will the

28    prospects of recovery by all creditors other than the fraction that have bond recourse.  Moreover, any

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

10

**COMPLAINT FOR INJUNCTIVE RELIEF**

33042.1

1   delay the Defendants will incur should be relatively minimal, as the Debtors are working to litigate

2   both the equitable subordination claims and the rest of the steps involved in plan confirmation and

3   effectuation within a matter of months.

4        34.     An injunction will advance the public interest.  Not only will it promote payment to

5   hundreds of California businesses that provided services to the projects, it will facilitate eradication

6   of significant public health and safety hazards on certain of the two-dozen projects, as well as the

7   preservation of value and ultimately the successful development and completion of all the projects.

8   In addition, an injunction will also facilitate bringing to justice the Lehman entities that are

9   responsible for the massive losses to the Debtors' and their creditors.

10       35.     This Complaint raises the serious question of protecting the rights of all of the estates'

11  creditors, as well as addressing substantial public health and safety issues.

12       WHEREFORE, Plaintiffs pray for judgment as follows:

13       A.      For a determination and judgment pursuant to Section 105 of the Bankruptcy Code

14  granting injunctive relief and enjoining any and all existing or potential Bond Actions and any and

15  all existing or potential Indemnity Actions pending the effective date of the Debtors' plan of

16  reorganization; and

17       B.      For such other and further relief as may be just and proper.

18

19  Dated: February 19, 2009            **MILLER BARONDESS LLP**

20

21                                      By: _____

22                                          Louis R. Miller
                                            [Proposed] Special Litigation Counsel for
23                                          the Jointly Administered Debtors in
                                            Possession and Steven M. Speier, the
24                                          Chapter 11 Trustee

25

26

27

28

11

**COMPLAINT FOR INJUNCTIVE RELIEF**

33042.1

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000, LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1    Dated:  February 19, 2009

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**

2

3

4    By: _____

5        Paul J. Couchot
        General Insolvency Counsel for the Jointly
6        Administered Debtors in Possession and [Proposed]
        General Insolvency Counsel for Steven M. Speier, the
7        Chapter 11 Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552 4400  FAX (310) 552 8400

12
**COMPLAINT FOR INJUNCTIVE RELIEF**

33042.1

| Attorney or Party Name, Address, Telephone and Fax Number, and CA State Bar Number | FOR COURT USE ONLY |
|---|---|
| Winthrop Couchot PC and MILLER BARONDESS, LLP<br>Louis R. Miller - State Bar No. 54141<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA 90067<br>310-552-4400<br>310-552-8400<br>smiller@millerbarondess.com<br><br>*Attorney for Plaintiff* Jointly Administered Debtors & Chapter 11 Trustee | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

</div>

| In re:<br>PALMDALE HILLS PROPERTY, LLC, and its related entities (see list)<br><br><div align="right">Debtor.</div> | CHAPTER 11<br><br>CASE NUMBER 8:08-17206 ES |
|---|---|
| | ADVERSARY NUMBER |
| PALMDALE HILLS PROPERTY, LLC, et al., (See attached list)<br><div align="right">Plaintiff(s),</div><br><div align="center">vs.</div><br>ALL AMERICAN ASPHALT, (See attached list)<br><div align="right">Defendant(s).</div> | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|

☐ **255 East Temple Street, Los Angeles**          ☒ **411 West Fourth Street, Santa Ana**

☐ **21041 Burbank Boulevard, Woodland Hills**      ☐ **1415 State Street, Santa Barbara**

☐ **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
**Deputy Clerk**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

**F 7004-1**

American LegalNet, Inc.
www.FormsWorkflow.com

Summons and Notice of Status Conference - *Page 2*                          **F 7004-1**

| In re                                    (SHORT TITLE) | CASE NO.: 8:08-17206 ES |
|---|---|
| PALMDALE HILLS PROPERTY, LLC and its related entities (see list) | |
| Debtor(s). | Chapter 11 |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
660 Newport Center Drive, Suite 400, Newport Beach, CA 92660

A true and correct copy of the foregoing document described as  Summons and Notice of Status Conference
_____ will be served or was served **(a)** on the judge
in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to
the document.  On _____  I checked the CM/ECF docket for this bankruptcy case or adversary
proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at
the email addressed indicated below:

☐  Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____  I served the following person(s) and/or entity(ies) at the last known address(es) in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States
Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes
a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity
served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____  I served the following person(s)
and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later
than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____     _____     _____
Date                                   Type Name                              Signature

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 7004-1**

## DEBTORS

**PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS,**
Jointly Administered Debtors and Debtors-in-Possession
Palmdale Hills Property, LLC,; SunCal Beaumont Heights, LLC; SCC/Palmdale, LLC;
SunCal Johannson Ranch, LLC; SunCal Summit Valley, LLC; SunCal Emerald
Meadows LLC; SunCal Bickford Ranch, LLC; Acton Estates, LLC; Seven Brothers
LLC; SJD Partners, Ltd.; SJD Development Corp.; Kirby Estates, LLC; SunCal
Communities I, LLC; SunCal Communities III, LLC; SCC Communities LLC; North
Orange Del Rio Land, LLC; Tesoro SF, LLC; LB-L-SunCal Oak Valley, LLC; SunCal
Heartland, LLC; LB-L-SunCal Northlake, LLC; SunCal Marblehead, LLC; SunCal
Century City, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance,
LLC; SunCal Oak Knoll, LLC

## PLAINTIFFS

PALMDALE HILLS PROPERTY, LLC, a Delaware limited liability company;
SUNCAL BEAUMONT HEIGHTS, LLC, a Delaware limited liability company;
SCC/PALMDALE, LLC, a Delaware limited liability company; JOHANNSON RANCH,
LLC, a Delaware limited liability company; SUNCAL SUMMIT VALLEY, LLC, a
Delaware limited liability company; SUNCAL EMERALD MEADOWS, LLC, a
Delaware limited liability company; SUNCAL BICKFORD RANCH, LLC, a Delaware
limited liability company; ACTON ESTATES, LLC, a Delaware limited liability
company; SEVEN BROTHERS, LLC, a Delaware limited liability company; SJD
DEVELOPMENT CORP., a Delaware corporation; KIRBY ESTATES, LLC, a Delaware
limited liability company; SUNCAL COMMUNITIES I, LLC, a Delaware limited
liability company; SUNCAL COMMUNITIES III, LLC, a Delaware limited liability
company; NORTH ORANGE DEL RIO LAND, LCC, a Delaware limited liability
company; TESORO SF, LLC, a Delaware limited liability company; SCC
COMMUNITIES, LLC, a Delaware limited liability company; STEVEN SPEIER,
Chapter 11 Trustee on behalf of: LB/L-SUNCAL OAK VALLEY, LLC, a Delaware
limited liability company; LB/L-SUNCAL NORTHLAKE LLC, a Delaware limited
liability company; SUNCAL CENTURY CITY LLC, a Delaware limited liability
company; SUNCAL PSV LLC, a Delaware limited liability company; DELTA COVES
VENTURE LLC, a Delaware limited liability company; SUNCAL TORRANCE LLC, a
Delaware limited liability company; SUNCAL OAK KNOLL LLC a Delaware limited
liability company; SUNCAL MARBLEHEAD, LLC, a Delaware limited liability
company; and SUNCAL HEARTLAND, LLC, a limited liability company

## DEFENDANTS

ALL AMERICAN ASPHALT, a California corporation; BNB ENGINEERING, INC., a California corporation; BOUDREAU PIPELINE CORPORATION, a California corporation; BOVA CONTRACTING CORPORATION, a California corporation; BRUDVIK, INC., a California corporation; C. WELLS PIPELINE MATERIAL, INC., a California corporation; CHINO GRADING, INC., a California corporation; CONTRA COSTA COUNTY DEPARTMENT OF PUBLIC WORKS; DESERT PIPELINE, INC., a California corporation; ECONOLITE CONTROL PRODUCTS, a California corporation; ELITE BOBCAT SERVICES, INC., a California corporation; FENCEWORKS INC., formerly dba GOLDEN STATE FENCE CO. a California corporation; GROWEST NURSERIES, a California corporation; HILLCREST CONTRACTING, INC., a California corporation; KIP INCORPORATED, a California corporation; MARQUES PIPELINE, INC., a California corporation; MESA PACIFIC CONSTRUCTION INC., a California corporation; MSA CONSULTING, INC., a California corporation; NISSHO OF CALIFORNIA, INC., a California corporation; ORANGE COUNTY STRIPING SERVICE, INC., a California corporation; PACIFIC MASONRY WALLS, INC., a California corporation; PARK WEST LANDSCAPE INC., a California corporation; PARK WEST RESCOM, INC., a California corporation; R&D CONCRETE, INC., a California corporation; RH MASONRY, INC., a California corporation; RJ NOBLE CO., a California corporation; RMF CONTRACTING, INC., dba R&M ELECTRICAL, a California corporation; ROCKEY MURATA LANDSCAPING, INC., a California corporation; SAVALA EQUIPMENT CO., a California corporation; SCHILLING CORPORATION, a California corporation; SIERRA CASCADE CONSTRUCTION, INC., a California corporation; SIERRA PACIFIC ELECTRICAL CONTRACTING, a California corporation; SO-CAL SWEEPERS, LLC, a California limited liability company; STAATS CONSTRUCTION, INC., a California corporation; STICE COMPANY, INC., a California corporation; STRESSCRETE LIMITED, a California corporation; SUMMERS/MURPHY & PARTNERS, INC., a California corporation; THE CITY OF PALMDALE; THE CITY OF SAN CLEMENTE; THE CITY OF SAN JUAN CAPISTRANO; THE COLLABORATIVE WEST, a California corporation; THE JASPER COMPANIES, INC., a California corporation; THE MASONRY GROUP CALIFORNIA CENTRAL, INC., a California corporation; WEST COAST R&R, INC., a California corporation; WEST COAST STRUCTURES, INC., a California corporation; WHITE'S STEEL, INC., a California corporation; and Does 1 TO 100

FORM 104 (10/06)                                                                                                    2006 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>PALMDALE HILLS PROPERTY, LLC, and its related entities<br>(see attached list) | **DEFENDANTS**<br>ALL AMERICAN ASPHALT, (See Attached List) |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Winthrop Couchot PC and MILLER BARONDESS, LLP<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA 90067<br>Tele:  310-552-4400 | **ATTORNEYS** (If Known) |
|---|---|

**PARTY** (Check One Box Only)

☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor   ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)

☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor   ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Injunctive Relief - Imposition of Stay

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
   actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
   larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce/sep property
   settlement/decree

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☒ 71-Injunctive relief – reinstatement of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state
   court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM 104 (10/06), page 2                                2006 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| **NAME OF DEBTOR**<br>PALMDALE HILLS PROPERTY, LLC, et al. | **BANKRUPTCY CASE NO.**<br>8:08-17206-ES |

| **DISTRICT IN WHICH CASE IS PENDING**<br>Central District | **DIVISIONAL OFFICE**<br>Santa Ana | **NAME OF JUDGE**<br>Hon. Erithe Smith |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |

| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
|---|---|---|

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| **DATE**<br>February 20, 2009 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Brian A. Procel |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

American LegalNet, Inc.<br>www.FormsWorkflow.com