ORIGINAL

1  LOUIS R. MILLER, State Bar No. 54141
   smiller@millerbarondess.com
2  MARTIN PRITIKIN, State Bar. No. 210845
   mpritikin@millerbarondess.com
3  BRIAN PROCEL, State Bar No. 218657
   bprocel@millerbarondess.com
4  **MILLER BARONDESS, LLP**
   1999 Avenue of the Stars, Suite 1000
5  Los Angeles, California 90067
   Telephone:    (310) 552-4400
6  Facsimile:    (310) 552-8400

7  [Proposed] Special Litigation Counsel
   for the Debtors and Debtors-in-Possession
8

FILED
FEB 20 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                     Deputy Clerk

9
                    UNITED STATES BANKRUPTCY COURT
10
          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION
11

12  In re                                    Case No. 8:08-bk-17206-ES

13  Palmdale Hills Property, LLC, and its Related    Jointly Administered With Case Nos.
    Debtors,                                         8:08-bk-17209-ES; 8:08-bk-17240-ES
14          Jointly Administered Debtors             8:08-bk-17224-ES; 8:08-bk-17242-ES
            and Debtors-in-Possession                8:08-bk-17225-ES; 8:08-bk-17245-ES
15                                                   8:08-bk-17227-ES; 8:08-bk-17246-ES
                                                     8:08-bk-17230-ES; 8:08-bk-17231-ES;
16  Affects:                                         8:08-bk-17236-ES; 8:08-bk-17248-ES
                                                     8:08-bk-17249-ES; 8:08-bk-17573 ES
17  ☒  All Debtors                                   8:08-bk-17574 ES; 8:08-bk-17575 ES
18  ☐  Palmdale Hills Property, LLC,
    ☐  SunCal Beaumont Heights, LLC         Chapter 11 cases
19  ☐  SCC/Palmdale, LLC
    ☐  SunCal Johannson Ranch, LLC          **APPLICATION OF RELATED
20  ☐  SunCal Summit Valley, LLC            DEBTORS AND DEBTORS-IN-
    ☐  SunCal Emerald Meadows LLC           POSSESSION FOR AUTHORITY TO
21  ☐  SunCal Bickford Ranch, LLC           EMPLOY MILLER BARONDESS, LLP
                                            AS SPECIAL LITIGATION COUNSEL
22  ☐  Acton Estates, LLC                   FOR MATTERS IN THE BANKRUPTCY
    ☐  Seven Brothers LLC                   COURT FOR THE CENTRAL DISTRICT
23  ☐  SJD Partners, Ltd.                   OF CALIFORNIA**
    ☐  SJD Development Corp.
24  ☐  Kirby Estates, LLC                   **[Declaration of Louis R. Miller filed
    ☐  SunCal Communities I, LLC            concurrently herewith]**
25  ☐  SunCal Communities III, LLC
26  ☐  SCC Communities LLC                  [No Hearing Required]
    ☐  North Orange Del Rio Land, LLC
27  ☐  Tesoro SF, LLC                       [11 U.S.C. § 327(e)]
28

33090.1

**TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE, AND OTHER PARTIES IN INTEREST:**

Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC, SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers, LLC, SJD Partners, Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC, SunCal Communities III, LLC, SCC Communities LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC, the jointly administered related debtors and debtors-in-possession herein (the "Related Debtors"), hereby apply, pursuant to 11 U.S.C. § 327(e) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1(b), for an order authorizing each of them to employ Miller Barondess, LLP ("Miller Barondess") as special litigation counsel, effective as of January 6, 2009, on the terms and conditions described herein, to represent them in the United States Bankruptcy Court for the Central District of California in the jointly administered bankruptcy cases of Palmdale Hills Property, LLC, and related entities.

This Application is made and based upon the attached Memorandum of Points and Authorities and the Declaration of Louis R. Miller (the "Miller Declaration"), and upon any additional evidence, both oral and documentary, that may be presented to the Court at or before the time of the hearing on this Application, if any should be held on this Application, and/or on the separate applications concurrently being field by Steven M. Speier, the duly appointed trustee ("Trustee") for the Chapter 11 estates of LB/L-SunCal Oak Valley, LLC, LB/L SunCal Northlake, LLC, SunCal Century City, LLC, SunCal PSV, LLC, Delta Coves Venture, LLC, SunCal Torrance LLC, SunCal Oak Knoll, LLC, SunCal Marblehead, LLC, SunCal Heartland, LLC (the "Trustee Debtors") (collectively with the Related Debtors, the "Debtors")

In support of this Application, the Related Debtors respectfully represent as follows:

## BACKGROUND

**Related Debtors**

1. On November 6, 7, and 19, 2008, the Related Debtors filed their respective voluntary petitions under Chapter 11 of the United States Bankruptcy Code. The Related Debtors are managing

their respective affairs and property as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. In particular, the following related chapter 11 petitions were filed on the following dates:

| Case Name | Case Number | Petition Date |
| --- | --- | --- |
| Palmdale Hills Property, LLC | 8:08-17206 ES | November 6, 2008 |
| SunCal Beaumont Heights, LLC | 8:08-17209 ES | November 6, 2008 |
| SCC/Palmdale, LLC | 8:08-17224 ES | November 7, 2008 |
| SunCal Johannson Ranch LLC | 8:08-17225 ES | November 7, 2008 |
| SunCal Summit Valley LLC | 8:08-17227 ES | November 7, 2008 |
| SunCal Emerald Meadows LLC | 8:08-17230 ES | November 7, 2008 |
| SunCal Bickford Ranch LLC | 8:08-17231 ES | November 7, 2008 |
| Acton Estates, LLC | 8:08-17236 ES | November 7, 2008 |
| Seven Brothers LLC | 8:08-17240 ES | November 7, 2008 |
| SJD Partners, Ltd. | 8:08-17242 ES | November 7, 2008 |
| SJD Development Corp. | 8:08-17245 ES | November 7, 2008 |
| Kirby Estates, LLC | 8:08-17246 ES | November 7, 2008 |
| SunCal Communities I, LLC | 8:08-17248 ES | November 7, 2008 |
| SunCal Communities III, LLC | 8:08-17249 ES | November 7, 2008 |

2. On or about November 10, 2008, the foregoing Related Debtors filed a Motion for Joint Administration of their cases. On November 19, 2008, this Court entered an order jointly administering these cases under the lead case Palmdale Hills Property, LLC, Case No. 8:08-bk-17206-ES.

3. On November 19, 2008, the following three additional Related Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code:

| Case Name | Case Number | Petition Date |
| --- | --- | --- |
| SCC Communities LLC | 8:08-17573 ES | November 19, 2008 |
| North Orange Del Rio Land, LLC | 8:08-17574 ES | November 19, 2008 |
| Tesoro SF, LLC | 8:08-17575 ES | November 19, 2008 |

4. On or about December 4, 2008, this Court entered orders authorizing the joint administration of these cases with the other, previously-filed cases.

33090.1

3

**Trustee Debtors**

5. On November 12, 14, and 19, 2008, involuntary petitions were filed against the Trustee Debtors under Chapter 11 of the United States Bankruptcy Code. These bankruptcy proceedings were initiated by involuntary petitions due, as explained below, to certain Lehman-affiliated equity holders' refusal to provide required consents to the filing of voluntary bankruptcy petitions by the Trustee Debtors.[1]

6. In particular, the following related chapter 11 petitions were filed on the following dates:

| Case Name | Case Number | Petition Date |
| --- | --- | --- |
| LBL-SunCal Oak Valley, LLC | 8:08-17404-ES | November 12, 2008 |
| SunCal Heartland, LLC | 8:08-17407-ES | November 12, 2008 |
| LBL-SunCal Northlake, LLC | 8:08-17408-ES | November 12, 2008 |
| SunCal Marblehead, LLC | 8:08-17409-ES | November 12, 2008 |
| SunCal Century City, LLC | 8:08-17458-ES | November 14, 2008 |
| SunCal PSV, LLC | 8:08-17465-ES | November 14, 2008 |
| Delta Coves Venture, LLC | 8:08-17470-ES | November 14, 2008 |
| SunCal Torrance, LLC | 8:08-17472-ES | November 14, 2008 |
| SunCal Oak Knoll, LLC | 8:08-17588-ES | November 19, 2008 |

7. On or about January 8, 2009, this Court entered orders for relief in the involuntary bankruptcy cases.

8. On or about January 15, 2009, orders appointing a trustee were entered as to all of the Trustee Debtors. Thereafter, the Office of the United States Trustee appointed Mr. Speier as the Trustee. Accordingly, these debtors are no longer referred to as involuntary debtors, but simply as the "Trustee Debtors" (to distinguish them from the "Related Debtors"). On or about January 28, 2009, a motion was filed seeking joint administration of the Trustee Debtors' estates with those of the Related Debtors, to which Lehman has filed objections. As the Trustee Debtors are not currently jointly administered with the Related Debtors, the Trustee Debtors are currently filing separate applications to

---

[1] *See* Declaration of Bruce V. Cook filed in support of Emergency Motion for Joint Administration (Dkt. No. 4) ("Cook Decl."), at ¶ 4. Three other bankruptcy cases involving affiliates of the Debtors are pending before this Court, Case Nos. 8:08-bk-15637-ES; 8:08-bk-15639-ES; and 8:08-bk-15640-ES. These affiliated entities are not parties to this Application.

33090.1                                                4

employ Miller Barondess as special litigation counsel. The Related Debtors and Trustee Debtors are referred to collectively herein as the "Debtors."

**The Lehman Adversary Proceeding**

9. The Debtors are entities that were formed to develop various residential real estate projects located throughout the western United States (the "Projects"). Starting about 5 years ago, the Debtors received loans from Lehman Brothers Holdings, Inc. ("Lehman Holdings"), through its subsidiaries Lehman ALI, Inc. ("Lehman ALI") and/or Lehman Commercial Paper ("LCP"), totaling approximately $2.3 billion.[2] Pursuant to various agreements between the Debtors and Lehman (the "Agreements"), Lehman committed, among other things, to fund the continuing costs necessary to preserve the value of the Projects. The amounts loaned by Lehman and to be advanced by Lehman pursuant to the Agreements and other documents were all secured by, among other things, first priority trust deeds on the Projects.[3]

10. In reliance on Lehman's promises of continued payment and funding made before, under, and after the execution of the Agreements, and following Lehman's taking financial control of the Projects, the Debtors incurred million of dollars in additional indebtedness in third-party vendor work. Lehman thereafter breached its promises to the creditors of the Projects by terminating funding of the Projects and failing to pay outstanding payables. As a result, there is approximately $100 million owed to approximately 450 creditors. There are also rampant unaddressed public health and safety issues at several of the Projects, including flooding, erosion, problems with unmonitored levees and partially constructed bridges, and the presence of friable asbestos, among other things.

11. Unbeknownst to the Debtors at the time, Lehman's course of conduct in representing that it would continue funding the Projects' needs and in entering into the Agreements was part of a scheme to mask the decline in value of the Projects—and to minimize write-downs that would have further weakened Lehman's own declining financial position—in order to prop up its stock price. Then, when Lehman realized that a bankruptcy was inevitable, Lehman took steps to usurp the Projects for itself and

---

[2] Unless otherwise indicated, Lehman Holdings, Lehman ALI, LCP, and other Lehman related entities are hereinafter collectively referred to as "Lehman."
[3] *See* Cook Decl., ¶ 4.

33090.1                                                  5

1  stiff hundreds of creditors for millions of dollars of work that Lehman had induced them to perform with
2  its representations.
3      12.    Pursuant to this scheme, Lehman, among other things: secretly shuffled ownership of the
4  first priority trust deeds amongst its affiliates to try to block reorganization of the Projects in bankruptcy;
5  Lehman-affiliated equity members refused to consent to the filing of voluntary bankruptcy petitions for
6  the Trustee Debtors where such consents were required, forcing creditors to initiate involuntary
7  Chapter 11 proceedings for those entities; Lehman ALI withdrew millions of dollars from an account
8  that was to be restricted for critical needs for certain of the Projects, and improperly filed notices of
9  default on several of the Trustee Debtors' Projects, before bankruptcy petitions were even filed against
10 those Debtors. All of this was overseen and directed by the senior leadership within Lehman, both
11 before and after Lehman's bankruptcy.
12     13.    On January 6, 2009, the Related Debtors, creditors and equity members of the Trustee
13 Debtors, and other signatories to the Agreements with Lehman, filed an adversary proceeding against
14 Lehman ALI and other Lehman entities, seeking, among other things, to equitably subordinate Lehman
15 ALI's liens and other Lehman entities' claims and interests due to their inequitable conduct that has
16 resulted in damage to the Debtors and their creditors (the "Lehman Adversary Proceeding"). After Mr.
17 Speier was named as Trustee of the Trustee Debtors, a First Amended Complaint was filed naming the
18 Trustee as plaintiff on behalf of the Trustee Debtors.[4] A copy of the First Amended Complaint in the
19 Lehman Adversary Proceeding (the "Lehman Adversary Complaint") is attached to the accompanying
20 Declaration of Louis R. Miller ("Miller Declaration") as Exhibit A.

**The Bond Injunction Action**

22     14.    In connection with the Projects, Arch Insurance Company ("Arch") and Bond Safeguard
23 Insurance Company ("Safeguard") (collectively, the "Bond Companies") each executed a number of
24 payment and performance bonds in favor of various vendors and municipalities (the "Bonds"). All of
25 the Debtors are principal obligors of the Bond obligations. SCC Acquisition, Inc. ("SCC Inc."), the

---

[4] The Related Debtors are seeking a determination that LCP's bankruptcy stay does not apply to adding it as a defendant on the equitable subordination cause of action in the Lehman Adversary Proceeding.

33090.1                                    6

direct or indirect owner of the Debtors, and its president, Bruce Elieff ("Elieff"), have executed purported indemnities to the Bond Companies with respect to the Bond obligations.

15. As a direct result of Lehman's breaches of its funding obligations for the Projects, a number of creditors of the Debtors, including governmental entities, are attempting to collect from the Bond Companies under the Bonds (the "Bond Actions"). Numerous other creditors have threatened to or are likely to file similar actions against the Bond Companies.

16. The Bond Companies have either filed or threatened to file actions against SCC Inc. and Elieff under the purported Bond indemnities (the "Indemnity Actions").

17. The Bond Companies have direct recourse against the Debtors and purportedly against SCC Inc. and Elieff based on their agreements to indemnify with respect to the Bond obligations. Furthermore, SCC Inc. and Elieff have recourse against the Debtors under the Debtors' operating agreements for any payments made under their indemnification with respect to the Bond obligations, thereby creating additional claims against the Debtors' estates.

18. The Bond Actions are particularly troubling, because in many instances the continued validity of the Bonds and/or the timely completion of certain infrastructure improvements are requirements for maintaining the entitlements granted by various municipalities to SCC Inc. and/or the Debtors for land use and development. These entitlements often take years to secure, and once they are lost they often cannot be replicated. Thus, the Bond and Indemnity Actions threaten the value of the Projects, and thus the prospects for recovery by all of the Debtors' creditors. In addition, these Actions may tie up resources that could be used pursuing equitable subordination of Lehman's claims in the Lehman Adversary Proceeding, which can free up value in the Projects to ensure that all of the Debtors' creditors are paid.

19. Accordingly, Miller Barondess has commenced, or will shortly commence, an adversary proceeding on behalf of the Debtors seeking to enjoin all current and potential Bond or Indemnity Actions pending resolution of the equitable subordination claims against Lehman in the Lehman Adversary Proceeding and effectuation of the Debtors' plan (the "Bond Injunction Action").

## SCOPE OF EMPLOYMENT AND QUALIFICATIONS OF MILLER BARONDESS

20.   The Related Debtors seek to employ Miller Barondess as special litigation counsel to represent them in the Lehman Adversary Proceeding and Bond Injunction Action before this Court, as well as any other adversary proceedings that may be filed in connection with the Related Debtors' proceedings in order to protect the value of the Projects and the interests of the Related Debtors and their creditors (the "Adversary Proceedings").

21.   Miller Barondess' services will be limited to litigation in Adversary Proceedings before this Court, and advice and counsel related to such litigation. Miller Decl., ¶ 3. Aside from the Adversary Proceedings, Miller Barondess does not seek to be employed in connection with any other matters pending or that may arise in this Court, even if such matters may relate to the Debtors' estates, other than matters pertaining to Miller Barondess employment. *Id.* The services to be rendered by Miller Barondess in connection with the Bankruptcies will not be duplicative of the services rendered by the Debtors' general bankruptcy counsel—Winthrop Couchot PC—or any other professionals employed or to be employed by the Debtors. *Id.*

22.   Miller Barondess is qualified to represent the Debtors as its special litigation counsel in connection with the Adversary Proceedings. Miller Decl., ¶ 4. Miller Barondess possesses special expertise in all aspects of complex business litigation. *Id.* Brief biographies of the individual attorneys that Miller Barondess anticipates will render services to the Related Debtors and their creditors reflect their expertise and qualifications. *See* Miller Declaration, ¶ 4 & Exh. B.

## TERMS OF RETENTION AND COMPENSATION

23.   To date, Miller Barondess has not entered any engagement agreement with any of the Related Debtors for services rendered or to be rendered in connection with the Adversary Proceedings. Miller Decl., ¶ 5. Rather, Miller Barondess has been engaged by SunCal Management, LLC, ("SunCal Management"), as the manager of the Projects owned, directly or indirectly, by one or more of the Debtors, and by SCC Inc. and certain other direct or indirect owners of the Debtors (all of which are wholly-owned indirectly by SCC Acquisitions, LLC ("SCC LLC")) (collectively, "SunCal"), to render services on behalf of the Related Debtors. *Id.* The Bond Companies have also agreed to jointly fund the litigation of the Lehman Adversary Proceeding and the Bond Injunction Action.

33090.1                                                    8

24. The current standard hourly rates for the individual attorneys that Miller Barondess anticipates will render services to the Related Debtors are as follows: (1) Louis R. Miller-$900.00; (2) Brian Procel-$550.00; (3) Martin Pritikin-$525.00; (4) James Miller-$425.00; and (5) Kelley Knight-$360.00. The standard hourly rate for paralegal work is $235.00. Such rates are subject to change from time to time. Miller Decl., ¶ 6.

25. However, in order to facilitate financing of the Lehman Adversary Proceeding, the Bond Injunction, and any other necessary Adversary Proceedings for the benefit of the Related Debtors and their creditors, Miller Barondess is charging SunCal (and the Bond Companies, as applicable) a blended discounted rate of $450.00 per hour for all attorney time, and $195.00 per hour for paralegal time. Miller Decl., ¶ 7.

26. Because Miller Barondess is attempting to benefit the Related Debtors and their creditors through its prosecution of the Adversary Proceedings, Miller Barondess reserves the right, should the Adversary Proceedings result in a benefit accruing to the Related Debtors' estates and the creditors, to requests that its fees and expenses in connection with the Adversary Proceedings be reimbursed by the estates of the Related Debtors, according to the discounted rate schedule currently being charged to SunCal and/or the Bond Companies, i.e., $450.00 per hour for attorney time and $195 per hour for paralegal time. Miller Barondess further reserves the right in such event to petition this Court to retroactively recoup from the Related Debtors' estates the difference between the discounted attorneys fee and paralegal rates and the standard rates, or such portion of the difference as this Court finds just and reasonable under the circumstances. Miller Barondess understands that any compensation in this case, from funds which are property of the Related Debtors' estates, is subject to approval of this Court. Miller Decl., ¶ 8.

27. Miller Barondess will record its time for services rendered as set forth in the applicable rules and guidelines of the Bankruptcy Court. Miller Decl., ¶ 10. Miller Barondess will seek approval and payment of its fees and reimbursement of its expenses from this Court or otherwise as required by any Bankruptcy Court Local Rules or other applicable rules or guidelines. *Id.*

28. Miller Barondess also reserves the right to request that this Court authorize payment from the estates of the Related Debtors to reimburse SunCal for sums expended prior to Court approval of this

1  Application toward Miller Barondess' fees and expenses incurred in connection with the Adversary
2  Proceedings, assuming such sums are documented to the Court's satisfaction and deemed reasonable by
3  the Court. Miller Decl., ¶ 9.

4      29.    The Related Debtors and Miller Barondess have agreed, subject to the Court's approval,
5  to the terms of Miller Barondess' employment in the Debtors' cases. Miller Decl., ¶ 11.

6  **MILLER BARONDESS DOES NOT REPRESENT OR HOLD ANY ADVERSE INTEREST**

7      30.    To the best of the Related Debtors' knowledge, based upon the Miller Declaration, Miller
8  Barondess does not represent or hold any interest adverse to any of the Related Debtors or to their
9  respective estates with respect to the matter on which Miller Barondess is to be employed in these
10 bankruptcy cases within the meaning of 11 U.S.C. § 327(e). Miller Decl., ¶ 12. Other than as set forth
11 in paragraphs 13, 19 and 23 through 25 above and paragraphs 31 through 34 below, Miller Barondess
12 does not believe it has (or any of its professionals have) any connection with the Related Debtors, the
13 Related Debtors' creditors or shareholders, parties in interest, or their respective attorneys and
14 accountants, other than through Miller Barondess' contemplated representation of the Related Debtors
15 as discussed herein. *Id.* In fact, the interest of Suncal and the Related Debtors appear to be perfectly
16 aligned in that all three have the primary objective of repaying the Related Debtors' creditors through a
17 disposition of the projects and equitable subordination of Lehman's liens. *Id.*

18     31.    Prior to the dates upon which the Related Debtors filed their bankruptcy cases, Miller
19 Barondess represented Elieff, SCC Inc. and certain of its affiliates in matters unrelated to the Adversary
20 Proceedings. These represented affiliates include: SCC LLC; Suncal La Quinta, LLC; SunCal Highland
21 Falls, LLC; SunCal Platinum Pointe, LLC; SunCal Ranch Ventures, LLC; LB/L SunCal Oak Valley,
22 LLC; LBREP/L-SunCal Summerwind Ranch, LLC; CWC, Inc.; Diamond Hills Ranch Partners, Ltd.;
23 DHRP, Inc.; Landings 750, LLC.; CEV, Inc.; Castaic Development Corporation; SJD Development
24 Corporation; Rancho Etiwanda 685, LLC; Serrano Heights 1400, LLC; Serrano Heights East, LLC;
25 SHD 1400, Inc.; Moorpark Equity Partners, Ltd.; KRE, LLC; SCNC, LLC; Suncal of Northern
26 California, LLC; Suncal/Dayton Canyon, LLC; Suncal/West Hills, LLC; SunCal Sunny Hills, LLC;
27 Olinda Properties, Inc.; Hillcrest 376, LLC; Castaic Equity Partners, Ltd.; UCP, Inc.; and SunCal
28 Amerige, LLC. Miller Decl., ¶ 13. LB/L SunCal Oak Valley, LLC (one of the Trustee Debtors in the

1  Lehman Adversary Proceeding) and LBREP/L-SunCal Summerwind Ranch, LLC (a debtor in a

2  separate, unrelated bankruptcy proceeding) are joint SunCal-Lehman entities. Miller Barondess'

3  representation of these entities in separate actions involving contract disputes with third parties was

4  unrelated to the Lehman Adversary Proceeding, and both representations concluded approximately a

5  year ago. *Id.* Following the bankruptcy filing of LBREP/L-SunCal Summerwind Ranch, LLC—which

6  is not involved in the Lehman Adversary Proceeding—Miller Barondess filed a proof of claim for

7  attorneys' fees with that entity's bankruptcy estate. SunCal subsequently paid those fees, and so Miller

8  Barondess would reimburse to SunCal any sums it recovered on its proof of claim against LBREP/L-

9  SunCal Summerwind Ranch, LLC. *Id.*

10          32.    Miller Barondess also represented several joint SunCal-Lehman entities—LB/L SunCal

11  Mandalay LLC, LB/L SunCal Master LLC, and LB/L SunCal Weston LLC—in a suit by a third party

12  (*Kurtin v. Elieff*, Orange County Superior Case No. 30-2007-00100307). *Id.* However, the parties to

13  that dispute were different than the parties to the Lehman Adversary Proceeding, and the dispute was

14  unrelated to the Lehman Adversary Proceeding. Miller Decl., ¶ 14.

15          33.    The Lehman-SunCal entities in that case (also known as "LB/L Entities") expressly

16  waived any conflicts of interest in connection with Miller Barondess' representation; the retention

17  agreement provides that:

18
> By virtue of your execution of this agreement, you consent to and hereby waive the
> potential conflict with respect to the retention of the Firm. Should an actual conflict arise, we
19  will advise you immediately, and should a conflict come to your attention, you will advise us
> thereof promptly, whereupon we will take such action as is consistent with our ethical
20  obligations.

21
> The firm also represents Elieff and SunCal entities in other matters unrelated to the
> above-referenced matter. Nothing contained herein shall preclude the Firm from representing
22  Elieff and/or SunCal in current and future matters, including, but not limited to, any future
> matters in which Lehman or any of its affiliates are, or may be, adverse to Elieff and/or SunCal,
23  including, by way of example but without limitation, anything related to the Pacific Pointe
> project in San Juan Capistrano.
24
> Based on the joint representation herein, Lehman and its affiliates hereby agree not to
25  seek to disqualify the firm from representing Elieff or SunCal based on the firm's representation
> of the LB/L Entities in the above-referenced matter. This waiver includes, but is not limited to,
26  any disputes which may arise between SunCal and Lehman and any of their respective affiliates
> in this, or any other, matter.
27
Retention Agreement, attached to the Miller Decl., ¶ 15 & Exh. C. The Retention Agreement was
28
executed by David Broderick, counsel for the LB/L-SunCal entities.

33090.1                                                11

34. Although not required to do so, Miller Barondess withdrew as counsel for the LB/L-SunCal entities in *Kurtin*. Letter from Daniel Miller to Neil Erickson dated December 31, 2008, attached to the Miller Decl., ¶ 16 & Exh. D.

## CONCLUSION

35. Based on the foregoing, the Related Debtors believe that the retention of Miller Barondess as special litigation counsel to represent each of them in the Adversary Proceedings is in the best interests of the Related Debtors and their respective estates and creditors.

**WHEREFORE**, the Related Debtors respectfully request that this Court enter an Order: (1) approving this Application; (2) authorizing the Related Debtors to employ Miller Barondess, effective January 6, 2009, as each of their special litigation counsel with respect to all matters relating to the Adversary Proceedings, on the terms and conditions summarized herein; and (3) providing such other and further relief as is just and proper.

Dated: February 19, 2009

Respectfully submitted,

Palmdale Hills Property, LLC
SunCal Beaumont Heights, LLC
SCC/Palmdale, LLC
SunCal Johannson Ranch, LLC
SunCal Summit Valley, LLC
SunCal Emerald Meadows, LLC
SunCal Bickford Ranch, LLC
Acton Estates, LLC
Seven Brothers, LLC
SJD Partners, Ltd.
SJD Development Corp.
Kirby Estates, LLC
SunCal Communities I, LLC
SunCal Communities III, LLC
North Orange Del Rio Land, LLC
SCC Communities LLC
Tesoro SF, LLC

By _____
Bruce V. Cook
General Counsel

33090.1

12

Dated: February   , 2009

MILLER BARONDESS, LLP

By _____
Louis R. Miller
Proposed Special Litigation Counsel for Palmdale Hills Property, LLC; SunCal Beaumont Heights, LLC; SCC/Palmdale, LLC; SunCal Johannson Ranch, LLC; SunCal Summit Valley, LLC; SunCal Emerald Meadows, LLC; SunCal Bickford Ranch, LLC; Acton Estates, LLC; Seven Brothers, LLC; SJD Partners, Ltd.; SJD Development Corp.; Kirby Estates, LLC; SunCal Communities I, LLC; SunCal Communities III, LLC; North Orange Del Rio Land, LLC; SCC Communities LLC; and Tesoro SF, LLC

33090.1

13

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Floor, Newport Beach, CA 92660.

The foregoing document described as: **APPLICATION OF RELATED DEBTORS AND DEBTORS-IN-POSSESSION FOR AUTHORITY TO EMPLOY MILLER BARONDESS, LLP AS SPECIAL LITIGATION COUNSEL FOR MATTERS IN THE BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 20, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On February 20, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 20, 2009 | Susan Connor | /s/ Susan Connor |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

33090.1                                                14

## SERVICE LIST

Palmdale Hills Property, LLC
and its related entities
Attn: Bruce Elieff, Manager
2392 Morse Ave.
Irvine, CA 92614

Committee Counsel    Rsn 12/10/08
Irell & Manella
Alan J. Friedman, Esq.
Kerry Lyman, Esq.
840 Newport Center Dr., #400
Newport Beach, CA 92660-6324

U.S, Trustee's Office
Michael Hauser, Esq.
411 West Fourth St., #9041
Santa Ana, CA 92701

Steven N. Speier, Ch 11 Trustee
c/o Squar Milner
4100 Newport Pl Dr 3rd Fl
Newport Beach, CA 92660