1  Richard N. Pachulski (CA Bar No. 90073)
   Dean A. Ziehl (CA Bar No. 84529)
2  Shirley S. Cho (CA Bar No. 192616)
   Pachulski Stang Ziehl & Jones LLP
3  10100 Santa Monica Blvd. 11th Floor
   Los Angeles, California 90067-4100
4  Telephone: (310) 277-6910
   Facsimile: (310) 201-0760
5
   -and-
6
   Edward Soto, Esq. (*admitted pro hac vice*)
7  Shai Waisman, Esq. (*admitted pro hac vice*)
   WEIL, GOTSHAL & MANGES LLP
8  767 Fifth Avenue
   New York, NY 10153-0119
9  Telephone: (212) 310-8000
   Facsimile: (212) 310-8007
10
   ATTORNEYS FOR LEHMAN
11
                 UNITED STATES BANKRUPTCY COURT
12               CENTRAL DISTRICT OF CALIFORNIA
                      SANTA ANA DIVISION
13
   In re                                    Case No.: 8:08-bk-17206-ES
14
   Palmdale Hills Property, LLC, and        Jointly Administered with Case Nos.
15 its Related Debtors.                     8:08-bk-17209-ES; 8:08-bk-17240-ES;
                                            8:08-bk-17224-ES; 8:08-bk-17242-ES;
16          Jointly Administered Debtors and 8:08-bk-17225-ES; 8:08-bk-17245-ES;
            Debtors-in-Possession           8:08-bk-17227-ES; 8:08-bk-17246-ES;
17 ─────────────────────────────────────── 8:08-bk-17230-ES; 8:08-bk-17231-ES;
                                            8:08-bk-17236-ES; 8:08-bk-17248-ES;
18 Affects:                                 8:08-bk-17249-ES; 8:08-bk-17573-ES;
   ☒ All Debtors                            8:08-bk-17574 ES; 8:08-bk-17575-ES
19 ☐ Palmdale Hills Property, LLC
   ☐ SunCal Beaumont Heights, LLC
20 ☐ SCC/Palmdale, LLC
   ☐ SunCal Johannson Ranch, LLC            RESPONSE TO DEBTORS' EMERGENCY
21 ☐ SunCal Summit Valley, LLC              MOTION FOR ORDER CONFIRMING
   ☐ SunCal Emerald Meadows, LLC            THAT AUTOMATIC STAY DOES NOT
22 ☐ SunCal Bickford Ranch, LLC             APPLY TO PENDING SALE
   ☐ Acton Estates, LLC                     PROCEDURES MOTION AND RULING
23 ☐ Seven Brothers, LLC                    THEREON
   ☐ SJD Partners, Ltd.
24 ☐ SJD Development Corp.
   ☐ Kirby Estates, LLC
25 ☐ SunCal Communities I, LLC
   ☒ SCC Communities LLC
26 ☐ SunCal Communities III, LLC
   ☒ North Orange Del Rio Land, LLC
27 ☒ Tesoro SF, LLC

28
                                                     Case No.: 8:08-17206-ES

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Lehman Debtors"), and Lehman ALI, Inc. ("ALI"), Northlake Holdings, and OVC Holdings (collectively, "Lehman"), by and through their undersigned counsel, file this response to the Emergency Motion for Order Confirming That Automatic Stay Does Not Apply to Pending Sales Procedures Motion and Ruling Thereon ("Emergency Motion") filed by the SunCal Debtors. In support thereof, Lehman states as follows:

The crux of the SunCal Debtors' hyperbolic Emergency Motion is that Lehman and its counsel, Weil, Gotshal & Manges LLP ("Weil") supposedly have made it impossible for the SunCal Debtors' counsel to proceed with his representation of the SunCal Debtors and perform his fiduciary duties. Nothing could be further from the truth. All that the SunCal Debtors and their counsel were required to do is what Judge Peck has twice ordered them to do: seek relief from Judge Peck to the extent that they planned to take any action that may interfere with the assets of the Lehman Debtors. Their repeated and flagrant disregard for, and violation of, Judge Peck's Orders and admonitions have been shocking, and Lehman is merely seeking to protect its rights under § 362(a) of the Bankruptcy Court and to compel the SunCal Debtors to follow the mandated process under the Code and Judge Peck's orders. To date, Lehman has followed this process in this Court with respect to the SunCal Debtors, and is seeking to coordinate between the two Courts in respect of any further relief; the SunCal Debtors should be required to do the same.

The SunCal Debtors' persistence in ignoring Judge Peck's orders and the automatic stay necessitated Lehman's letter yesterday to this Court and Judge Peck (the "Letter"), which included a proposed motion seeking to enforce the automatic stay and to enjoin the SunCal Debtors from taking any actions that would implicate or impact the rights and property of the

2                    Case No.: 8:08-17206-ES

Lehman Debtors' estates ("Proposed Motion"). The Proposed Motion was the subject of prior correspondence with the SunCal Debtors' counsel, which in turn is the subject of the Emergency Motion. Contrary to the representations in the Emergency Motion, Lehman's counsel did not make inappropriate threats to the SunCal Debtors' counsel, but instead gave him the courtesy of advanced notice in an attempt to avoid the current dispute.

The fact that the dispute has not been resolved and that the SunCal Debtors continue to ignore the automatic stay protecting the Lehman Debtors and Judge Peck's orders enforcing that stay underscores the need for coordination between this Court and the Southern District of New York Bankruptcy Court. In the Letter, Lehman proposed a joint conference between the Courts and the parties to discuss and determine a process that can protect the interests of all of the debtors in the respective bankruptcy proceedings. Such a process should preclude further attempts by the SunCal Debtors to interfere with the Lehman Debtors' estates through actions in this Court.

The SunCal Debtors ask in their Emergency Motion whether they "have a right to proceed with their reorganization effort . . . ." The simple answer is they do, except to the extent they are seeking to interfere with the reorganization of the Lehman Debtors. Yet, that is exactly what they are seeking to do, as confirmed in their plan and disclosure statement, in their current adversary complaint accusing the Lehman Debtors of inequitable conduct (of which they have no proof) that forms the basis of their equitable subordination claims, and in their proposed amended complaint adding LCPI as a party and seeking to subordinate LCPI's claims and transfer those claims to the SunCal estates. The SunCal Debtors' admitted plan of attack renders irrelevant their contention in the Emergency Motion that it is "hornbooks bankruptcy law that the automatic stay only protects a debtor and the property of the bankruptcy estate." Moreover, as explained in the Proposed Motion, the fact that they are attempting to impact the Lehman Debtors' estates through

3

attacks against non-debtor Lehman entities confirms the need for an extension of the automatic stay to these non-debtors under section 105(a) of the Bankruptcy Code.

Lastly, the invalidity of the SunCal Debtors' position and the need for coordination are underscored by the frivolous accusations and slurs against Weil on which the Emergency Motion is based. In fact, almost all of the SunCal Debtors' filings in this Court have been permeated with similar slurs against Lehman, including the allegation at the center of their subordination claims that Lehman misled SunCal and its creditors while allegedly secretly plotting to file bankruptcy as early as summer of 2008. As anyone who has had any involvement or familiarity with Lehman's bankruptcy in New York—we believe, including Judge Peck—would confirm in an instant, those accusations are totally and obviously false. Moreover, the account of the two prior hearings concerning the Lehman automatic stay that SunCal Debtors' counsel has provided to the Court in his declaration in support of the Emergency Motion is woefully incomplete and willfully misleading, as demonstrated by the attached transcripts. *See* Transcript of Nov. 20, 2008 Hearing Before Judge Peck, a copy of the relevant portions of which is attached as Ex. A; Transcript of Jan. 30, 2009 Hearing Before Judge Peck, a copy of which is attached as Ex. B. Once again, these contentions, along with the SunCal Debtors' actions described above and in the Proposed Motion, confirm the need for coordination between this Court and Judge Peck.

In sum, the Emergency Motion should be denied and a joint conference between the Courts and the parties should be held to determine a process that will protect the debtors' rights in each case. In the meantime, the SunCal Debtors should be barred from taking any further action that could prejudice or interfere with the Lehman Debtors' estates.

Dated: March 10, 2009

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Richard M. Pachulski*
Richard N. Pachulski
Dean A. Ziehl
Shirley S. Cho

-and-

Edward Soto, Esq. (*admitted pro hac vice*)
Shai Waisman, Esq. (*admitted pro hac vice*))
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

**ATTORNEYS FOR LEHMAN**