Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California  90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Shai Waisman (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES |

Affects:

☐ All Debtors
☒ Palmdale Hills Property, LLC
☒ SunCal Beaumont Heights, LLC
☒ SCC/Palmdale, LLC
☒ SunCal Johannson Ranch, LLC
☒ SunCal Summit Valley, LLC
☒ SunCal Emerald Meadows, LLC
☒ SunCal Bickford Ranch, LLC
☒ Acton Estates, LLC
☒ Seven Brothers, LLC
☒ SJD Partners, Ltd.
☒ SJD Development Corp.
☒ Kirby Estates, LLC
☒ SunCal Communities I, LLC
☒ SunCal Communities III, LLC
☒ SCC Communities, LLC
☒ North Orange Del Rio Land, LLC
☒ Tesoro SF, LLC
☐ LB-L-SunCal Oak Valley, LLC
☐ SunCal Heartland, LLC
☐ LB-L-SunCal Northlake, LLC
☐ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☐ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
☐ SunCal Torrance, LLC
☐ SunCal Oak Knoll, LLC

Chapter 11

**STIPULATION PURSUANT TO 11 U.S.C. §§ 362, 363, AND 364: (1) AUTHORIZING THE USE OF CASH COLLATERAL AND ALLEGED UNENCUMBERED CASH; (2) APPROVING POSTPETITION FINANCING; (3)  PROVIDING ADMINISTRATIVE EXPENSE STATUS; AND (4) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**

**Hearing:**
Date:     December 10, 2009
Time:     2:00 P.M.
Place:    Courtroom 5A

*PACHULSKI STANG ZIEHL & JONES LLP*
*ATTORNEYS AT LAW*
*LOS ANGELES, CALIFORNIA*

1    This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman

2  ALI"), Lehman Commercial Paper Inc. ("LCPI"), Northlake Holdings LLC ("Northlake Holdings"),

3  OVC Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI, LCPI and Northlake

4  Holdings, the "Lehman Entities"),[1] on the one hand, and certain of the above-captioned debtors and

5  debtors in possession (the "Voluntary Debtors")[2] affected by this Stipulation (the "Borrowers"), on

6  the other hand.  The Lehman Entities and the Borrowers (together, the "Parties") hereby enter into

7  this Stipulation and agree as follows:

8    **RECITALS**

9    WHEREAS, on November 6, 7 and 19, 2008, the Voluntary Debtors filed their respective

10  voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code") in the United

11  States Bankruptcy Court for the Central District of California (the "Court").  The Voluntary Debtors

12  continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and

13  1008 of the Bankruptcy Code.

14    WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the

15  Trustee Debtors.[3]

16    WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee

17  Debtors' cases.

18    WHEREAS, on or about January 15, 2009, the Court entered orders granting the appointment

19
20  [1] The Lehman Entities shall refer to the Lehman Entities on behalf of themselves, both individually and collectively, as purported lenders, and as purported agents for all lenders under the applicable loan documents, including, without
21  limitation, as purported agents for Fenway Capital, LLC.  Notwithstanding anything to the contrary contained herein, the Lehman Entities do not concede that they are "purported" lenders or agents, and reserve all of their rights in connection therewith.
22  [2] The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del
23  Rio Land, LLC (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-
24  17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES);
25  SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and
26  Tesoro SF, LLC (Case No. 8:08-17575-ES).
    [3] The Trustee Debtors in these cases consist of:  SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal
27  Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No.
28  8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    of a chapter 11 trustee in each of the Trustee Debtors' cases.  Thereafter, the Office of the United

2    States Trustee appointed Steven M. Speier as the Chapter 11 Trustee (the "Trustee") for the Trustee

3    Debtors.

4    　　　　WHEREAS, the Lehman Entities are authorized to enter into this Stipulation on behalf of

5    themselves, as lenders, and as agents for all lenders under the applicable loan documents.

6    　　　　WHEREAS, LCPI is a debtor and debtor in possession in the jointly administered cases

7    captioned In re Lehman Brothers Holdings, Inc., Case No. 08-13555 (JMP), pending in the United

8    States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy

9    Court").

10    　　　　WHEREAS, the Lehman Entities assert secured claims against the Debtors that approximate

11    $2.3 billion, and include within the scope of the pledged collateral (i) certain funds held by Fidelity

12    National Title Insurance Company ("Fidelity") in an escrow account (the "ELR Escrow Account")

13    pursuant to that certain escrow agreement (as amended and/or supplemented), dated June 25, 2008,

14    by and among Palmdale Hills Property, LLC ("Palmdale Hills"), LCPI and Fidelity (the "Escrow

15    Agreement") and (ii) certain funds held by California Bank & Trust in account no. 3090340741 (the

16    "Ritter Pledged Account" and, collectively with the ELR Escrow Account, the "Ritter Accounts")

17    owned by Palmdale Hills and pledged to LCPI to secure that certain first mortgage loan made by

18    LCPI to or for the benefit of Palmdale Hills with respect to real property owned by Palmdale Hills

19    located in Palmdale, California that is commonly referred to as Ritter Ranch (the "Ritter Ranch

20    Project").

21    　　　　WHEREAS, Palmdale Hills asserts that the (i) ELR Escrow Account contains cash and cash

22    equivalents in the total amount of approximately $2,191,008.39 as of October 30, 2009, and (ii) the

23    Ritter Pledged Account contains cash and cash equivalents in the total amount of approximately

24    $16,681,498.00.  LCPI asserts that such cash and cash equivalents held in the Ritter Accounts

25    constitute "cash collateral" under section 363 of the Bankruptcy Code (the "Cash Collateral").

26    　　　　WHEREAS, certain of the Voluntary Debtors maintain additional accounts containing cash

27    or cash equivalents, which the Lehman Entities assert are subject to perfected liens and therefore

28    constitute the Lehman Entities' "cash collateral" under section 363 of the Bankruptcy Code.  The

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Voluntary Debtors dispute such contention, and assert that such cash and cash equivalents are not subject to perfected liens of the Lehman Entities' and therefore do not constitute "cash collateral" under section 363 of the Bankruptcy Code.  The cash and cash equivalents held by the Voluntary Debtors, excluding the cash and cash equivalents in the Ritter Accounts, shall be referred to herein as the "Alleged Unencumbered Cash" and shall include, but are not limited to, the accounts maintained by the Voluntary Debtors set forth in **Exhibit A** attached hereto.

WHEREAS, on April 2, 2009, Lehman ALI, certain of the Voluntary Debtors, and the Trustee for the Trustee Debtors, by and through their counsel, entered into that certain *Stipulation with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the "April 2009 DIP Stipulation") affecting certain of the Voluntary Debtors and certain of the Trustee Debtors as set forth specifically therein (the "April 2009 Borrowers").  The April 2009 DIP Stipulation was approved by the Court by the entry of an order on April 17, 2009 (the "April 2009 DIP Order").

WHEREAS, pursuant to the April 2009 DIP Stipulation, among other things, (a) the April 2009 Borrowers were authorized to borrow from Lehman ALI, and Lehman ALI was authorized to make available to each April 2009 Borrower, individual loans (collectively, the "April 2009 DIP Loans") in an aggregate amount equal to $1,790,572.00 (the "April DIP Loan Amount"), and (b) in order to secure the payment of the April 2009 DIP Loans, Lehman ALI was granted, among other things, (i) continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected, senior postpetition security interests in and liens (the "April 2009 DIP Liens") on any and all presently owned and hereafter acquired personal property, real property and other assets of April 2009 Borrowers, whether owned or consigned by or to, or leased from or to April 2009 Borrowers, regardless of where located, including, without limitation, the assets set forth in clauses (1) through (4) of paragraph 8 of the April 2009 DIP Stipulation (collectively, the "April 2009 DIP Collateral"), and (ii) an allowed superpriority administrative expense claim in these Cases (the "April 2009 DIP Superpriority Claim") for all April 2009 DIP Loans, subject only to the Senior Danske Claims (as

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    defined in the April 2009 DIP Stipulation) in respect of any collateral securing the Senior Danske

2    Claims.

3        WHEREAS, the Trustee and Lehman ALI have entered into the *Stipulation Pursuant to 11*

4    *U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition*

5    *Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3)*

6    *Modifying the Automatic Stay to the Extent Necessary* (the "Trustee Debtors' DIP Stipulation"),

7    which provides for, among other things, debtor-in-possession loans made by Lehman ALI to certain

8    of the Trustee Debtors for the purpose of paying health and safety costs in accordance with the terms

9    of the Trustee Debtors' DIP Stipulation.  On November 20, 2009, the Court entered an order

10   approving the Trustee Debtors' DIP Stipulation on an interim basis [Docket No. 792].

11       WHEREAS, the Trustee, Lehman ALI, Northlake Holdings and OVC Holdings have filed

12   the Joint Motion for Approval of Stipulation Consenting to the Use of Cash Collateral for Covered

13   Professional Expenses (the "Joint Funding Motion") [Docket No. 631], which seeks approval of the

14   Stipulation Consenting to the Use of Cash Collateral for Covered Professional Expenses entered into

15   by and among the Chapter 11 Trustee, Lehman ALI, Northlake Holdings and OVC Holdings (the

16   "Trustee Debtors' Professional Fee Cash Collateral Stipulation").

17       WHEREAS, the Voluntary Debtors and/or the Trustee have filed the (i) *Voluntary Debtors'*

18   *and Trustee's Motion for Order (1) Authorizing Surcharge Under 11 U.S.C. Section 506(c), or, In*

19   *the Alternative, Use of Cash Collateral, and (2) Compelling Release and Turnover of Undrawn*

20   *Pledged Accounts* (the "Surcharge Motion") [Docket No. 544], (ii) *Voluntary Debtors' Motion For*

21   *Order (1) Approving Acquisition's Proposal, (2) Authorizing Disposition Of Certain Depository*

22   *Accounts, (3) Rejecting Cost Sharing Agreement With Anaverde LLC, And (4) Turnover Of Funds*

23   (the "Acquisitions Financing Proposal Motion") [Docket No. 720] and (iii) *Motion for*

24   *Reconsideration of Order Entered on April 17, 2009* (the "Reconsideration Motion") [Docket No.

25   736].

26       NOW THEREFORE, in consideration of the mutual covenants contained herein, and other

27   good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is

28   hereby stipulated and agreed by and among the Parties as follows:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

**AGREEMENT**

2    1.    <u>Court Approval</u>.  The Stipulation is subject to approval of the Court, and LCPI's entry

3    into the Stipulation is subject to approval by the New York Bankruptcy Court, and the Stipulation

4    shall have no force and effect until the date that both such approvals have been obtained (the

5    "<u>Approval Date</u>").  Immediately upon the Approval Date (notwithstanding any applicable law or rule

6    to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon

7    and inure to the benefit of the Lehman Entities, the Borrowers, all other creditors of the Voluntary

8    Debtors, any committees appointed in these cases, and all other parties in interest and their

9    respective successors and assigns, including any trustee or other fiduciary hereafter appointed in any

10   of the cases or upon dismissal of any of the above-captioned cases (the "<u>Cases</u>").

11   2.    <u>Use of ELR Escrow Account Cash Collateral</u>.  LCPI consents to the use by Palmdale

12   Hills of Cash Collateral held in the ELR Escrow Account in an amount not to exceed $2,191,008.89

13   (the "<u>ELR Escrow Cash Collateral Amount</u>") solely for the purpose of paying the costs and expenses

14   attributable to the completion of the construction of certain improvements relating to Elizabeth Lake

15   Road located at the Ritter Ranch Project as more particularly described in the Escrow Agreement,

16   and reimbursing Palmdale Hills in the amount of $148,560.63 of Alleged Unencumbered Cash used

17   to pay such costs and expenses (the "<u>ELR Improvements</u>").  Palmdale Hills shall maintain

18   appropriate documentation related to the expenditure of any and all of the ELR Escrow Cash

19   Collateral Amount, and shall comply in all respects with all of the terms and procedures provided

20   under the Escrow Agreement including, without limitation, the procedures prescribed therein for the

21   requisition and disbursement of funds from the ELR Escrow Account, and LCPI shall have the right

22   to approve all proposed, reasonable disbursements from the ELR Escrow Account as provided for in

23   the Escrow Agreement.  In the event LCPI and Palmdale Hills disagree with respect to a proposed

24   disbursement, the Court shall determine whether such disbursement is permissible pursuant to the

25   Escrow Agreement.  Palmdale Hills shall not expend any of the ELR Escrow Cash Collateral

26   Amount for any items other than the ELR Improvements, and the ELR Escrow Cash Collateral

27   Amount shall not be used by any Borrower other than Palmdale Hills for costs and expenses

28   allocable to such other Borrowers, without the prior written consent of LCPI, which consent may be

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

granted or withheld in LCPI's sole and absolute discretion.  The authority to use the ELR Escrow

Cash Collateral Amount shall terminate on the one hundred and twentieth day (120th) day after the

Approval Date (the "Termination Date"), and no further disbursement of the ELR Escrow Cash

Collateral Amount shall be made after thirty (30) days following the Termination Date without either

the prior written consent of LCPI, which consent may be granted or withheld in LCPI's sole and

absolute discretion, or further order of the Court.

   3. Repayment of ELR Escrow Cash Collateral Amount.  Palmdale Hills or any other

party in interest shall not be obligated to repay the ELR Escrow Cash Collateral Amount or

otherwise replenish such amount into the ELR Escrow Account in the event that a Lehman Entity (or

a nominee and/or successor thereof) purchases the Ritter Ranch Project pursuant to a sale of the

Ritter Ranch Project under section 363 of the Bankruptcy Code or otherwise.  In the event a party

other than a Lehman Entity (or a nominee and/or successor thereof) purchases the Ritter Ranch

Project pursuant to a sale of the Ritter Ranch Project under section 363 of the Bankruptcy Code or

otherwise, such purchaser shall repay such portion of the ELR Escrow Cash Collateral Amount that

has been used as provided for in this Stipulation, in cash, by depositing such amount in the ELR

Escrow Account upon the closing of the sale of the Ritter Ranch Project.  Any agreement providing

for the sale of the Ritter Ranch Project to a purchaser other than a Lehman Entity (or nominee and/or

successor thereof) shall include a provision requiring the repayment of such used portion of the ELR

Escrow Cash Collateral Amount in accordance with this paragraph.

   4. Use by Palmdale Hills of Ritter Pledged Account Cash Collateral.  Except as

provided in paragraph 6 of this Stipulation, LCPI consents to the use by Palmdale Hills of Cash

Collateral held in the Ritter Pledged Account solely for the purpose of paying the costs and expenses

attributable to Palmdale Hills as set forth in the 120-day budget attached hereto as **Exhibit B** (the

"Palmdale Budget," as such Palmdale Budget may be revised or amended with the written consent of

LCPI, which consent may be granted or withheld in LCPI's sole and absolute discretion) in an

amount not to exceed the total amount of the Palmdale Budget set forth in Exhibit B (the "Ritter

Pledged Account Cash Collateral Amount").  Except as provided in paragraph 6 of this Stipulation,

the Ritter Pledged Account Cash Collateral Amount shall be used by Palmdale Hills solely for the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

purpose of paying the costs and expenses set forth in the Palmdale Budget attributable to the Ritter

Ranch Project (with the exception of the ELR Improvements, which shall be paid from the ELR

Escrow Account).  Except as provided in paragraph 6 of this Stipulation, Palmdale Hills shall use the

Ritter Pledged Account Cash Collateral Amount solely as provided in the Palmdale Budget and shall

maintain appropriate documentation related to the expenditure of any and all of the Ritter Pledged

Account Cash Collateral Amount.  Palmdale Hills' expenditures shall not exceed 5 % of any

Palmdale Budget Item (as defined below) or the aggregate amount of the expenditures set forth in

the Palmdale Budget.  Palmdale Hills shall provide to LCPI, upon its reasonable request, a

breakdown of all amounts spent from the Ritter Pledged Account as of the date of the request and

provide all documentation relating to the monies spent from the Ritter Pledged Account as of the

date of the request.  The Palmdale Budget shall not be modified without the prior written consent of

LCPI.  For the avoidance of doubt, Palmdale Budget line items (the "Palmdale Budget Items") for

the Ritter Ranch Project shall not be modified, Palmdale Hills shall not expend any funds from the

Ritter Pledged Account for any particular Palmdale Budget Items in excess of the respective

amounts provided for such Palmdale Budget Items in the Palmdale Budget (plus 5%), and the Ritter

Pledged Account Cash Collateral Amount shall not be used for any other purpose, or by any

Borrower other than Palmdale Hills for costs and expenses allocable to such other Borrowers,

without (i) the prior written consent of LCPI, which consent may be granted or withheld in LCPI's

sole and absolute discretion, or (ii) further order of the Court.  The authority under this Stipulation to

use the Ritter Pledged Account Cash Collateral Amount shall terminate on the Termination Date,

and no further disbursements of the Ritter Pledged Account Cash Collateral Amount shall be made

after thirty (30) days following the Termination Date without either the prior written consent of

LCPI, which consent may be granted or withheld in LCPI's sole and absolute discretion, or further

order of the Court.

        5.      Repayment to Palmdale Hills of Ritter Pledged Account Cash Collateral Amount as
an Administrative Obligation.  Palmdale Hills expressly stipulates and acknowledges that monies

used by Palmdale Hills from the Ritter Pledged Account Cash Collateral Amount shall be treated as

an administrative expense obligation under the Bankruptcy Code and, as such, must be paid in full,

in cash, on the effective date of any confirmed plan of reorganization or liquidation (the "Ritter Pledged Account Administrative Obligation"), which obligation shall be limited to portions of the Ritter Pledged Account Cash Collateral Amount actually expended by Palmdale Hills as provided pursuant to this Stipulation.  The Ritter Pledged Account Administrative Obligation shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the Cases, or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7.  For the avoidance of doubt, a plan proponent will provide to Palmdale Hills and Palmdale Hills hereby agrees to repay the Ritter Pledged Account Administrative Obligation in full, in cash, by depositing such amount in the Ritter Pledged Account.

6.    DIP Financing Provided By Palmdale Hills From Ritter Pledged Account to Certain Other Voluntary Debtors.  LCPI consents to and Palmdale Hills is authorized to make individual loans (each, a "DIP Loan" and, collectively, the "DIP Loans") to the respective Borrowers (with the exception of Palmdale Hills) from the Ritter Pledged Account, the proceeds of which shall be used by the respective Borrowers solely for the purpose of paying the costs and expenses attributable to each such Borrower as set forth in the budget attached hereto as **Exhibit C** (the "Budget," as such Budget may be revised or amended with the written consent of LCPI, which consent may be granted or withheld in LCPI's sole and absolute discretion) in an aggregate amount not to exceed the total amount of the Budget as set forth in Exhibit C (the "DIP Loan Amount"); provided, however, that DIP Loans shall be made only to Borrowers that have used, and accordingly no longer hold, any Alleged Unencumbered Cash.  For the avoidance of doubt, no DIP Loan shall be made to Palmdale Hills.  The maximum amount of each DIP Loan to each Borrower shall be equal to the applicable amount in the Budget for each Borrower's respective costs and expenses as set forth in the Budget. The Borrowers shall use the DIP Loan proceeds solely as provided in the Budget and shall maintain appropriate documentation related to the expenditure of any and all DIP Loan Amounts.  The Borrowers shall provide to LCPI, upon its reasonable request, a breakdown of all amounts spent from DIP Loan proceeds as of the date of the request and provide all documentation relating to the monies spent from DIP Loan proceeds as of the date of the request.  During the term of this

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Stipulation, the Budget shall not be modified and DIP Loan funds shall not be reallocated from one

2   Borrower to another Borrower without the prior written consent of LCPI, which consent may be

3   granted or withheld in LCPI's sole and absolute discretion, except that each Borrower may expend

4   funds for any particular line items allocable to such Borrower as set forth in the Budget (the "Budget

5   Items") in excess of the respective amounts provided for such Budget Items for a particular

6   Borrower, so long as such excess amount is equal to or less than 5% of the amount allocated to that

7   particular Borrower for a particular Budget Item and provided that the aggregate amount for all such

8   Budget Items for a particular Borrower is not increased.  Funding under the DIP Loans shall only be

9   available through and including the Termination Date, and no further disbursements of DIP Loan

10  proceeds shall be made after such date without either the prior written consent of LCPI, which

11  consent may be granted or withheld in LCPI's sole and absolute discretion, or further order of the

12  Court.  Any amounts borrowed under the DIP Loans pursuant to this Stipulation that are not

13  expended by, and remain in the possession of, any of the Borrowers as of the thirtieth (30th) day

14  following the Termination Date, shall be immediately refunded by each such Borrower to Palmdale

15  Hills for deposit in the Ritter Pledged Account.

16         7.    DIP Loan Maturity Date.  The Borrowers expressly stipulate and acknowledge that

17  the DIP Loans shall be treated as administrative expense obligations owed to Palmdale Hills under

18  the Bankruptcy Code (the "DIP Loan Administrative Obligations" and, collectively with the Ritter

19  Pledged Account Administrative Obligations, the "Administrative Obligations") and, as such, must

20  be paid in full, in cash, on the effective date of any confirmed plan or reorganization or liquidation

21  pursuant to the Bankruptcy Code.  The DIP Loan Administrative Obligations of the Borrower(s)

22  shall be due and payable in full, in cash, without notice or demand, upon the effective date of any

23  confirmed plan of reorganization or liquidation in each such Borrower's Case, or, in the event no

24  plan is confirmed in such Borrower's Case, the earlier of dismissal of such Case or conversion of

25  such Case to chapter 7 (the "DIP Loan Maturity Date").  Each Borrower shall repay to Palmdale

26  Hills the amount of the DIP Loan Administrative Obligation attributable to the DIP Loan that was

27  made to such Borrower.

28         8.    Interest.  The DIP Loans shall accrue interest at the rate of ten percent (10%) per

1  annum, which interest shall accrue and shall be payable in full on the DIP Loan Maturity Date.

2  There are no other fees associated with the DIP Loans.  All accrued interest on the DIP Loans shall

3  be added to the outstanding principal amount of the DIP Loans and shall be allocated in the same

4  proportion as principal to the applicable Borrower and paid to Palmdale Hills by the Borrower, to the

5  extent applicable to each Borrower, on the DIP Loan Maturity Date.

6          9.      The Voluntary Debtors' Use of the Alleged Unencumbered Cash.  The Lehman

7  Entities consent to the use by the Voluntary Debtors of the Alleged Unencumbered Cash held by the

8  Voluntary Debtors solely for the purpose of paying the reasonable fees and expenses incurred by

9  professionals retained in the Voluntary Debtors' Cases and, at the Voluntary Debtors' option, to

10  make loans to the Trustee Debtors for the purpose of paying the professionals retained in the Trustee

11  Debtors' Cases.  The Lehman Entities hereby assert their position that the order approving the

12  retention of Miller Barondess LLP ("Miller Barondess") entered by the Court on June 24, 2009 does

13  not permit payment of fees and costs to Miller Barondess from the Alleged Unencumbered Cash

14  without a further order of the Court.  The Voluntary Debtors reserve their rights to seek approval, by

15  separate notice and motion, to use the Alleged Unencumbered Cash for the Voluntary Debtors'

16  health and safety costs, and all the undersigned signatories hereby reserve their rights with respect to

17  any such request.  In addition, the Lehman Entities consent to the use by each Voluntary Debtor of

18  Alleged Unencumbered Cash held by such Voluntary Debtor in an amount equal to 10% in excess of

19  the amount allocable to each such Voluntary Debtor in the Budget as set forth in **Exhibit C**.

20          10.     Use of Alleged Unencumbered Cash Held By Palmdale Hills.  LCPI consents to the

21  use by Palmdale Hills of Alleged Unencumbered Cash held by Palmdale Hills in an amount equal to

22  10% in excess of the aggregate amount of the Palmdale Budget as set forth in **Exhibit B**.  In

23  addition, LCPI consents to and Palmdale Hills is authorized to make, from Alleged Unencumbered

24  Cash held by Palmdale Hills, individual loans to each of the other Voluntary Debtors in amounts

25  equal to 10% in excess of the amounts allocable to each such Voluntary Debtor as set forth in

26  **Exhibit C**.  The aggregate amount of any Alleged Unencumbered Cash used in accordance with

27  paragraphs 9 and 10 herein shall be referred to as the "Alleged Unencumbered Cash Funding

28  Amount."  The Voluntary Debtors shall provide to the Lehman Entities, upon their reasonable

1    request, a breakdown of the Alleged Unencumbered Cash Funding Amount spent as of the date of

2    the request and provide all documentation relating to such actual amounts spent.

3        11.    Repayment of the Alleged Unencumbered Cash Funding Amount as an

4    Administrative Obligation Under Certain Circumstances.  In the event the Parties agree or the Court

5    finds that all or portion(s) of the Alleged Unencumbered Cash are subject to perfected liens of the

6    Lehman Entities, then such portions of the Alleged Unencumbered Cash Funding Amount subject to

7    the perfected liens shall constitute an administrative expense obligation under the Bankruptcy Code

8    that shall be due and payable by a plan proponent in full, in cash, without notice or demand, upon the

9    effective date of any confirmed plan of reorganization or liquidation in the Cases.  In the event the

10   Parties agree or the Court finds that all or portion(s) of the Alleged Unencumbered Cash are not

11   subject to perfected liens held by the Lehman Entities, then such portions of the Alleged

12   Unencumbered Cash Funding Amount not subject to a perfected lien shall not be repayable in such

13   circumstances wherein a Voluntary Debtor used its own Alleged Unencumbered Cash to pay the

14   expenses of its own estate or that such payments were authorized to be made pursuant to the entered

15   orders of the Court authorizing joint administration of the Debtors (the "Joint Administration

16   Orders").  Notwithstanding anything to the contrary contained herein, the Lehman Entities reserve

17   their rights to assert that the Joint Administration Orders did not excuse the Voluntary Debtors from

18   repaying the amounts of professional fees paid by other Voluntary Debtors.  In the event that the

19   Parties agree or the Court finds that all or portion(s) of the Alleged Unencumbered Cash are not

20   encumbered by a perfected lien of the Lehman Entities but such portions were used for the benefit of

21   another Voluntary Debtor or a Trustee Debtor, then such portion(s) shall constitute an administrative

22   expense obligation of the Voluntary Debtor or Trustee Debtor for whose benefit such portion of the

23   Alleged Unencumbered Cash was used, and shall be repaid in accordance with section 1129(a)(9) of

24   the Bankruptcy Code to the Voluntary Debtor that owned such portion of the Alleged

25   Unencumbered Cash.  The Parties reserve all rights in connection with the Alleged Unencumbered

26   Cash, including, without limitation, their rights with respect to whether such cash is encumbered or

27   unencumbered by perfected liens held by the Lehman Entities.  The administrative expense

28   obligations provided for in this paragraph 7 shall be referred to herein as the "Alleged

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Unencumbered Cash Administrative Obligations."

2        12.    Repayment Of April DIP Loan Amounts.  Upon the occurrence of the Approval Date,

3  each applicable Voluntary Debtor shall repay to Lehman ALI, from the Alleged Unencumbered

4  Cash held by each such Voluntary Debtor, only to the extent of the lesser of the amount that such

5  Voluntary Debtor borrowed under the April 2009 DIP Order and the amount of such Voluntary

6  Debtor's Alleged Unencumbered Cash, the full amount of the April 2009 DIP Loans (including all

7  outstanding principal and accrued and unpaid interest) made to each such Voluntary Debtor as set

8  forth in **Exhibit D**, plus all outstanding accrued and unpaid interest on such loans as provided for in

9  paragraph 5 of the April 2009 DIP Stipulation.  To the extent an April DIP Loan made to a particular

10  Voluntary Debtor exceeds the amount of Alleged Unencumbered Cash held by such Voluntary

11  Debtor, Palmdale Hills shall make an individual loan to such Voluntary Debtor from Alleged

12  Unencumbered Cash held by Palmdale Hills for the purpose of permitting the repayment of such

13  Voluntary Debtor's April DIP Loan by such Voluntary Debtor to Lehman ALI.  All funds lent by

14  Palmdale Hills from its Alleged Unencumbered Cash to any Voluntary Debtor(s) for the purpose set

15  forth in this paragraph shall constitute Alleged Unencumbered Cash Administrative Obligations and

16  shall be repaid in accordance with paragraph 11 herein.  Any lien or encumbrance arising by reason

17  of the April DIP Loans shall be deemed released and of no further force or effect as to each

18  Voluntary Debtor that has fully repaid such amount.

19        13.    Withdrawal of Reconsideration Motion.  Upon the occurrence of the Approval Date,

20  the Reconsideration Motion shall be deemed withdrawn with prejudice.

21        14.    Resolution of Financing Motions.  The undersigned parties hereby agree that this

22  Stipulation resolves the (i) Surcharge Motion and (ii) the Acquisitions Financing Proposal Motion

23  effective as of the Approval Date.  The undersigned parties have no objection, effective as of the

24  Approval Date, to the entry of orders by the Court approving the Joint Funding Motion, the Trustee

25  Debtors' DIP Stipulation and the Trustee Debtors' Professional Fee Cash Collateral Stipulation.

26        15.    Continued Effectiveness of April 2009 DIP Stipulation/Waiver of Defenses.  Except

27  as expressly set forth herein, nothing contained herein shall be deemed to modify the terms of the

28  April 2009 DIP Stipulation, and the April 2009 DIP Stipulation shall continue in full force and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   effect.  Effective as of the Approval Date, the Voluntary Debtors and the Trustee hereby irrevocably

2   waive any defenses to, and shall not contest or object to any terms of the April 2009 DIP Stipulation,

3   including, without limitation, the validity, perfection or enforceability of the April 2009 DIP Liens

4   or the April 2009 DIP Superpriority Claim, or the payment of the April 2009 DIP Loans as provided

5   under the April 2009 DIP Stipulation.

6          16.    DIP Obligations.  This Stipulation constitutes and evidences the validity and binding

7   effect of the DIP Loans and DIP Loan Administrative Obligations, which obligations shall be

8   enforceable against the Borrowers, their estates and any successors thereto, including without

9   limitation, any trustee or other estate representative appointed in the Cases, or any case under

10  chapter 7 of the Bankruptcy Code upon the conversion of any of the Cases, or in any other

11  proceedings superseding or related to any of the foregoing.  The DIP Loans include all loans,

12  reimbursement obligations, and any other indebtedness or obligations, contingent or absolute, which

13  may now or from time to time be owing by the Borrowers under this Stipulation, including, without

14  limitation, all principal, accrued interest, and other amounts owed pursuant to or in respect of the

15  DIP Loans.

16         17.    Modification of Automatic Stay.  The automatic stay imposed under section 362(a) of

17  the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this

18  Stipulation, including, without limitation, to:  (a) permit Borrowers to incur all liabilities and

19  obligations in connection with the DIP Loans; (b) authorize the repayment of the ELR Escrow Cash

20  Collateral Amount, Administrative Obligations, and Alleged Unencumbered Cash Administrative

21  Obligations all in accordance with the terms of this Stipulation; and (c) enable the enforcement,

22  protection and preservation of the DIP Loans, and all of the rights and remedies with respect thereto

23  or otherwise under this Stipulation.

24         18.    Events of Default.  The following occurrences shall constitute an "Event of Default"

25  under this Stipulation as to the particular defaulting Borrower:  (a) failure of the Borrower(s) to

26  comply with any term of this Stipulation; or (b) the use of Alleged Unencumbered Cash, Cash

27  Collateral or the proceeds of DIP Loans other than in strict compliance with the terms of this

28  Stipulation; or (c) the failure to repay the ELR Escrow Cash Collateral Amount, Administrative

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Obligations, or Alleged Unencumbered Cash Administrative Obligations pursuant to and in

2  accordance with the terms of this Stipulation.

3      19.    Remedies.  Immediately upon the occurrence and during the continuation of an Event

4  of Default set forth in paragraph 16 by a particular Borrower, and without further order of the Court:

5  (a) Palmdale Hills shall, at the direction of LCPI, (i) declare all DIP Loan Administrative

6  Obligation(s) to be immediately due and payable by the defaulting Borrower(s), (ii) terminate,

7  reduce or restrict the use of any of the proceeds of the DIP Loans or any further commitment to

8  extend credit to the defaulting Borrower(s) to the extent any such commitment remains, and/or (iii)

9  seek relief from the automatic stay under section 362 of the Bankruptcy Code; (b) if Palmdale Hills

10  is the defaulting Borrower, Palmdale Hills shall, at the direction of LCPI, cease using any of the

11  ELR Escrow Cash Collateral Amount or Ritter Pledged Account Cash Collateral Amount; and (c)

12  the applicable defaulting Voluntary Debtors shall, at the direction of the Lehman Entities, cease

13  using the Alleged Unencumbered Cash.

14      20.    Good Faith.  The DIP Loans have been extended in good faith.  In accordance with

15  section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Stipulation

16  are hereafter modified, amended or vacated by a subsequent order of this Court or any other court,

17  the Voluntary Debtors are entitled to the protections provided in section 364(e) of the Bankruptcy

18  Code.  Any such modification, amendment or vacatur shall not affect the extent, validity, priority,

19  allowability, enforceability or non-avoidability of any advances previously made or made hereunder,

20  or claim or priority granted, authorized or created hereby.  Any claims granted to the Voluntary

21  Debtors hereunder arising prior to the effective date of any such modification, amendment or vacatur

22  of this Stipulation shall be governed in all respects by the original provisions of this Stipulation,

23  including entitlement to all rights, remedies, privileges and benefits granted herein.

24      21.    Reservation of Rights.  Notwithstanding anything to the contrary herein, this

25  Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any

26  rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any

27  issues that are not expressly addressed herein.  Specifically, and for the avoidance of doubt, the

28  Parties reserve all rights in connection with the Alleged Unencumbered Cash, including without

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    limitation whether such cash is encumbered by perfected liens held by the Lehman Entities, and all

2    aspects of pending litigation among the Parties, including, without limitation, any matters involving

3    equitable subordination or substantive consolidation.  The Parties further agree that entry into this

4    Stipulation, and the use of Cash Collateral, use of Alleged Unencumbered Cash, the extension of the

5    DIP Loans, or the consent to the Administrative Obligations and Alleged Unencumbered Cash

6    Administrative Obligations contemplated hereunder, shall not be used in any manner in litigation

7    amongst the Parties, whether as, for instance, a basis for or against substantive consolidation or

8    otherwise, and in no way shall have any effect on the adversary proceeding captioned *Palmdale Hills*

9    *Property, LLC, et al., v. Lehman ALI, Inc., et al.*, Adv. Pro. No. 09-1005-ES, pending in the Court.

10    22.    No Modification.  Absent the written consent of the Lehman Entities and the

11    Borrowers or further order of the Court, the Lehman Entities and the Borrowers agree that this

12    Stipulation shall not be modified.

13    23.    Jurisdiction.  The Court shall retain jurisdiction to resolve any disputes or

14    controversies arising from or related to this Stipulation.

15    24.    Further Cooperation.  The Parties agree to and will cooperate fully with each other in

16    the performance of this Stipulation, and will execute such additional agreements, documents or other

17    instruments as may reasonably be required to carry out the intent of this Stipulation.

18    25.    Signatures.  This Stipulation may be signed in any number of counterparts (and by

19    each Party hereto on different counterparts), each of which constitutes an original, but all such

20    counterparts when taken together shall constitute one and the same agreement.  This Stipulation may

21    be executed by facsimile signature and delivered by facsimile transmission with the same effect as

22    delivery of a manually executed counterpart of this Stipulation.

23    26.    Compromise.  The Parties agree that this Stipulation is a compromise of certain

24    financing and use of cash collateral issues.  Neither this Stipulation nor anything contained in this

25    Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact

26    or liability or as evidence of any allegation of any Party.  Neither this Stipulation nor anything in this

27    Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of

28    the Parties.  This Stipulation may be introduced, however, in any proceeding to enforce the terms of

1 | this Stipulation.

2 |      27.    Authority.  Each person who signs this Stipulation represents and warrants that he or

3 | she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to

4 | bind that Party to the terms of this Stipulation.

5 |      28.    Entire Agreement.  This Stipulation contains the entire agreement between the Parties

6 | and may not be amended or modified except by a writing executed by the Parties or further order of

7 | the Court. All prior oral and written agreements, if any, are expressly superseded hereby and are of

8 | no further force and effect.

WEIL, GOTSHAL & MANGES LLP

- and -

Dated:    December _8_, 2009       PACHULSKI STANG ZIEHL & JONES LLP

By    /s/ Dean A. Ziehl
      Richard M. Pachulski
      Dean A. Ziehl
      Attorneys for Lehman ALI, Inc., Lehman
      Commercial Paper Inc., Northlake
      Holdings LLC and OVC Holdings LLC.

Dated:    December _7_, 2009       WINTHROP COUCHOT
PROFESSIONAL CORPORATION

By    *Paul T Couchot*
      Paul J. Couchot
      Peter W. Lianides
      General Insolvency Counsel for Debtors
      and Debtors-in Possession

APPROVED AS TO FORM AND SUBSTANCE:

Dated:    December ____, 2009       THE LOBEL FIRM

By
      William Lobel
      Mike D. Neue
      General Insolvency Counsel for Steven M.
      Speier, Chapter 11 Trustee

*[Signatures Continued on Next Page]*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  this Stipulation.

2      27.   <u>Authority</u>. Each person who signs this Stipulation represents and warrants that he or

3  she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to

4  bind that Party to the terms of this Stipulation.

5      28.   <u>Entire Agreement</u>. This Stipulation contains the entire agreement between the Parties

6  and may not be amended or modified except by a writing executed by the Parties or further order of

7  the Court. All prior oral and written agreements, if any, are expressly superseded hereby and are of

8  no further force and effect.

9                             WEIL, GOTSHAL & MANGES LLP

10

11                           - and -

Dated:  December ___, 2009     PACHULSKI STANG ZIEHL & JONES LLP

12

13                           By _____

14                               Richard M. Pachulski
                             Dean A. Ziehl

15                               Attorneys for Lehman ALI, Inc., Lehman
                             Commercial Paper Inc., Northlake

16                               Holdings LLC and OVC Holdings LLC.

17  Dated:  December ___, 2009     WINTHROP COUCHOT
                         PROFESSIONAL CORPORATION

18

19                           By _____

20                               Paul J. Couchot
                             Peter W. Lianides

21                               General Insolvency Counsel for Debtors
                             and Debtors-in Possession

22

23  <u>APPROVED AS TO FORM AND SUBSTANCE:</u>

24  Dated:  December 7, 2009      THE LOBEL FIRM

25                           By _____

26                             William Lobel
                           Mike D. Neue

27                           General Insolvency Counsel for Steven M.
                         Speier, Chapter 11 Trustee

28  *[Signatures Continued on Next Page]*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Dated:    December 7, 2009           IRELL & MANELLA LLP

2
                                          By
3                                              Alan Friedman
                                               Kerri A. Lyman
4                                              Attorneys for Official Unsecured
                                               Creditors' Committee of Voluntary
5                                              Debtors

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**EXHIBIT "A"**

| Account Holder | Approx. Balance | Account No. | Depository Bank |
|---|---|---|---|
| Acton Estates, LLC | 107.00 | 3090345971 | California Bank & Trust |
| Kirby Estates, LLC | 10.00 | 3090344731 | California Bank & Trust |
| North Orange Del Rio LLC | 72.00 | 3090343681 | California Bank & Trust |
| Palmdale Hills Property LLC (Anaverde Account) | 2,713,338.00 | 1000914414 | Central Pacific Bank |
| Palmdale Hills Property LLC - (bond interest) | 5,870,308.00 | 3090346941 | California Bank & Trust |
| SCC Communities LLC | 5,509.00 | 3090343411 | California Bank & Trust |
| SCC Palmdale, LLC | 27.00 | 3090340901 | California Bank & Trust |
| Seven Brothers, LLC | 174.00 | 3090346001 | California Bank & Trust |
| SJD Development | 211.00 | 3090344651 | California Bank & Trust |
| SJD Partners, Ltd | 10,978.00 | 3090344571 | California Bank & Trust |
| SunCal Beaumont Heights, LLC | 11.00 | 3090340821 | California Bank & Trust |
| SunCal Bickford Ranch LLC | 2,208,741.00 | Former Bickford LOC Accounts | California Bank & Trust |
| SunCal Bickford Ranch LLC | 38,809.00 | 3090345891 | California Bank & Trust |
| SunCal Communities I LLC | 26.00 | 3090344811 | California Bank & Trust |
| SunCal Communities III LLC | 29.00 | 3090345031 | California Bank & Trust |
| SunCal Emerald Meadows LLC | 45,025.00 | 3090345701 | California Bank & Trust |
| SunCal Johannson Ranch LLC | 47,662.00 | 3090341041 | California Bank & Trust |
| SunCal Summit Valley, LLC | 38,409.00 | 3090341121 | California Bank & Trust |
| Tesoro SF, LLC | 71.00 | 3090343761 | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA



# EXHIBIT B

**DOES NOT INCLUDE ELR**

| CONTINUATION/MAINTENANCE BUDGET | |
|---|---|
| PROJECT NAME: | **Ritter** |
| LOCATION: | **Palmdale, CA** |
| ACREAGE: | **10.625** |
| LOTS DELIVERED: | **0** |
| LOTS REMAINING: | **7,158** |
| TOTAL LOTS: | **7,158** |
| STATUS: | **Owned** |
| YEAR PURCHASED: | **2004-2007** |
| PURCHASE PRICE: | **$67m** |

| Category | Ref | Cost Items | Month 1 Budget | Month 2 Budget | Month 3 Budget | Month 4 Budget | Total | Explanation/Consequence |
|---|---|---|---|---|---|---|---|---|
| **A. Health/Safety/Insurance** | | | | | | | | |
| | | Insurance | 6,572 | 6,572 | 6,572 | 6,572 | 26,288 | General Liability |
| | | Fencing | 2,500 | 1,000 | 1,000 | 1,000 | 5,500 | Purchase of fencing for security and to avoid fines. |
| | | Utilities - Water | 500 | 500 | 500 | 500 | 2,000 | |
| | | Elizabeth Lake Road | 43,917 | | | | 43,917 | |
| | | Unpaid Insurance | | | | | | |
| | | Subtotal | $ 53,489 | $ 8,072 | $ 8,072 | $ 8,072 | $ 77,705 | |
| **B. Non-Compliance** | | | | | | | | |
| | | SWPPP Compliance - Dust Control/Erosion Control | 5,000 | 5,000 | 4,500 | 4,500 | 19,000 | Maintain project BMP's |
| | | Water Quality Monitoring | 3,100 | 3,100 | 3,100 | 3,100 | 12,400 | Required for Discharge permit |
| | | Restore Fire Protection - HomeFinder Center | 7,000 | | | | 7,000 | Required since final water is incomplete |
| | | Subtotal | $ 15,100 | $ 8,100 | $ 7,600 | $ 7,600 | $ 38,400 | |
| **C. Entitlements/Preservation of Value** | | | | | | | | Removed $2,159,851 for ELR which will be funded through the escrow. |
| | | Subtotal | $ - | $ - | $ - | $ - | $ - | |
| **D. Supervision, Reporting and Management** | | | | | | | | |
| | | General & Administrative | 20,000 | 20,000 | 20,000 | 20,000 | 80,000 | |
| | | Subtotal | $ 20,000 | $ 20,000 | $ 20,000 | $ 20,000 | $ 80,000 | |
| **E. Other** | | | | | | | | |
| | | Property Tax Appeal | | | | 5,000 | 5,000 | Reduced SWPPP to cover property tax appeal. |
| | | Subtotal | $ - | $ - | $ - | $ 5,000 | $ 5,000 | |
| **GRAND TOTAL** | | | $ 88,589 | $ 36,172 | $ 35,672 | $ 40,672 | $ 201,105 | |

**SunCal Companies**

| Summary | | |
|---|---|---|
| A. Health/Safety/Insurance | $ | 77,705 |
| B. Non-Compliance | $ | 38,400 |
| C. Entitlements/Preservation of Value | $ | - |
| D. Supervision, Reporting and Management | $ | 80,000 |
| Subtotal | $ | 196,105 |
| E. Other | $ | 5,000 |
| Grand Total | $ | 201,105 |



EXHIBIT B

019

# EXHIBIT C

**Lehman Projects - SunCal Budget**
*120 Day Funding Needs Summary*

## VOLUNTARY BUDGET

### Month 1 — Projects

| Projects | Health/Safety /Insurance | Non-Compliance | Entitlements/ Preservation of Value | Supervision, Reporting, & Management | Other | Professional Fees | Total |
|---|---|---|---|---|---|---|---|
| Preton | 5,917 | 500 | 0 | 0 | 0 | 0 | 6,417 |
| Rickford Ranch | 92,616 | 41,800 | 37,100 | 10,909 | 5,000 | 0 | 187,425 |
| ...man | 5,917 | 2,892 | 0 | 0 | 0 | 0 | 8,808 |
| Del Rio | 11,284 | 0 | 0 | 0 | 0 | 0 | 11,284 |
| Emerald Meadows | 5,917 | 3,000 | 0 | 10,909 | 3,000 | 0 | 22,826 |
| Ritter Ranch | 53,489 | 15,100 | 0 | 20,000 | 0 | 0 | 88,589 |
| **Total** | **175,139** | **63,292** | **37,100** | **41,818** | **8,000** | **0** | **325,349** |

### Month 2

| | Health/Safety /Insurance | Non-Compliance | Entitlements/ Preservation of Value | Supervision, Reporting, & Management | Other | Professional Fees | Total |
|---|---|---|---|---|---|---|---|
| | 1,000 | 500 | 0 | 0 | 0 | 0 | 1,500 |
| | 2,791 | 7,000 | 0 | 10,909 | 0 | 0 | 20,700 |
| | 1,000 | 0 | 0 | 0 | 0 | 0 | 1,000 |
| | 1,671 | 0 | 0 | 0 | 0 | 0 | 1,671 |
| | 7,000 | 18,000 | 0 | 10,909 | 0 | 0 | 35,909 |
| | 8,072 | 8,100 | 0 | 20,000 | 0 | 0 | 36,172 |
| **Total** | **21,534** | **33,600** | **0** | **41,818** | **0** | **0** | **96,952** |

### Month 3 — Projects

| Projects | Health/Safety /Insurance | Non-Compliance | Entitlements/ Preservation of Value | Supervision, Reporting, & Management | Other | Professional Fees | Total |
|---|---|---|---|---|---|---|---|
| | 1,000 | 500 | 0 | 0 | 0 | 0 | 1,500 |
| | 4,391 | 1,000 | 0 | 10,909 | 0 | 0 | 16,300 |
| | 1,000 | 0 | 0 | 0 | 0 | 0 | 1,000 |
| | 1,671 | 0 | 0 | 0 | 0 | 0 | 1,671 |
| | 1,300 | 3,000 | 0 | 10,909 | 0 | 0 | 15,209 |
| | 8,072 | 7,600 | 0 | 20,000 | 0 | 0 | 35,672 |
| **Total** | **17,434** | **12,100** | **0** | **41,818** | **0** | **0** | **71,352** |

### Month 4

| | Health/Safety /Insurance | Non-Compliance | Entitlements/ Preservation of Value | Supervision, Reporting, & Management | Other | Professional Fees | Total |
|---|---|---|---|---|---|---|---|
| | 1,000 | 501 | 0 | 0 | 0 | 0 | 1,501 |
| | 2,791 | 2,000 | 0 | 10,909 | 0 | 0 | 15,700 |
| | 1,000 | 0 | 0 | 0 | 0 | 0 | 1,000 |
| | 1,671 | 0 | 0 | 0 | 0 | 0 | 1,671 |
| | 1,300 | 0 | 0 | 10,909 | 0 | 0 | 12,209 |
| | 8,072 | 7,600 | 0 | 20,000 | 5,000 | 0 | 40,672 |
| **Total** | **15,834** | **10,101** | **0** | **41,818** | **5,000** | **0** | **72,753** |

### Summary by Category

| Summary by Category | Health/Safety /Insurance | Non-Compliance | Entitlements/ Preservation of Value | Supervision, Reporting, & Management | Other | Professional Fees | Grand Total |
|---|---|---|---|---|---|---|---|
| Rickford Ranch | 8,917 | 2,001 | 0 | 0 | 0 | 0 | 10,918 |
| | 102,589 | 51,800 | 37,100 | 43,636 | 5,000 | 0 | 240,125 |
| ...man | 8,917 | 2,892 | 0 | 0 | 0 | 0 | 11,808 |
| Del Rio | 16,297 | - | 0 | 0 | 0 | 0 | 16,297 |
| Emerald Meadows | 15,517 | 24,000 | 0 | 43,636 | 3,000 | 0 | 86,153 |
| Ritter Ranch | 77,705 | 38,400 | 0 | 80,000 | 5,000 | 0 | 201,105 |
| **Total** | **229,941** | **119,093** | **37,100** | **167,272** | **13,000** | **0** | **566,406** |

**Subtotal (Month 1):** 7,917 / 208,125 / 9,808 / 12,955 / 58,735 / 124,761 / **423,301**

**Subtotal (Month 2):** 3,001 / 32,000 / 2,000 / 3,342 / 27,418 / 76,344 / **144,105**

| Ritter Ranch Elizabeth Lake Road Escrow Account (Funds to complete ELR work) | $2,191,008 |
|---|---|
| **TOTAL BUDGET INCLUDING RITTER RANCH ELR ESCROW ACCOUNT** | **$2,757,414** |

NOTE: ELR improvements are not included in the 120 day budget as these improvements will be funded through the escrow.



020

# EXHIBIT D

**SUNCAL PORTFOLIO**
Lehman 30-Day April 2009 Approved Voluntary Budgets

| Asset Name | Life Safety | Security | Utilities | Erosion Control & Maint. | Insurance (1) | G&A (2) | Legal Fee | 30-Day Total |
|---|---|---|---|---|---|---|---|---|
| Acton Ranch | - | - | - | - | - | - | - | 37,059 |
| Beaumont Heights | - | - | 150 | 1,000 | 2,273 | 10,909 | 22,727 | - |
| Bickford Ranch | - | - | - | - | - | - | - | - |
| Del Rio | - | - | - | 47,545 | 2,273 | 10,909 | 22,727 | 83,454 |
| Emerald Meadows | - | 1,200 | - | 33,150 | 2,273 | 10,909 | 22,727 | 70,259 |
| Johansen Ranch | - | - | - | - | - | - | - | - |
| Joshua Ridge II | - | - | - | - | - | - | - | - |
| Ritter Ranch | - | - | 7,550 | 36,500 | 2,273 | 10,909 | 22,727 | 79,959 |
| Summit Valley | - | - | - | - | - | - | - | - |
| Tesoro Burnham | - | - | - | - | - | - | - | - |
| **TOTAL** | **$0** | **$1,200** | **$7,700** | **$118,195** | **$9,091** | **$43,636** | **$90,909** | **$270,731** |



**EXHIBIT D**

| In re: | | CHAPTER 11 |
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | | |
| | Debtor(s). | CASE NUMBER 08-17206-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **STIPULATION PURSUANT TO 11 U.S.C. §§ 362, 363, AND 364: (1) AUTHORIZING THE USE OF CASH COLLATERAL AND ALLEGED UNENCUMBERED CASH; (2) APPROVING POSTPETITION FINANCING; (3)  PROVIDING ADMINISTRATIVE EXPENSE STATUS; AND (4) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY LEHMAN LENDERS' AUTHORITY TO FILE PROOFS OF CLAIM AS AGENTS FOR FENWAY CAPITAL, LLC** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____December 8, 2009____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge* will be *completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____December 8, 2009_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge* will be *completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Hand Delivery]

The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and
United States Courthouse
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 8, 2009 | Melisa DesJardien | /s/ Melisa DesJardien |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          **F 9013-3.1**

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

## I.  SERVED BY NEF

## 8:08-bk-17206-ES Notice will be electronically mailed to:

(1)     Selia M Acevedo for Counter-Defendant SJD Development Corp.
        sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
(2)     Joseph M Adams for Defendant The City of San Juan Capistrano
        jadams@sycr.com
(3)     Raymond H Aver for Debtor Palmdale Hills Property, LLC
        ray@averlaw.com
(4)     James C Bastian for Creditor ARB, Inc.
        jbastian@shbllp.com
(5)     John A Boyd for Interested Party Oliphant Golf Inc
        fednotice@tclaw.net
(6)     Mark Bradshaw for Interested Party Courtesy NEF
        mbradshaw@shbllp.com
(7)     Brendt C Butler for Creditor EMR Residential Properties LLC
        BButler@rutan.com
(8)     Carollynn Callari for Creditor Danske Bank A/S London Branch
        ccallari@venable.com
(9)     Dan E Chambers for Creditor EMR Residential Properties LLC
        dchambers@jmbm.com
(10)    Shirley Cho for Creditor Lehman ALI, Inc.
        scho@pszjlaw.com
(11)    Vonn Christenson for Interested Party Courtesy NEF
        vrc@paynefears.com
(12)    Vincent M Coscino for Petitioning Creditor CST Environmental Inc
        emurdoch@allenmatkins.com
(13)    Paul J Couchot for Debtor ACTON ESTATES, LLC
        pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
(14)    Jonathan S Dabbieri for Interested Party Courtesy NEF
        dabbieri@shlaw.com
(15)    Ana Damonte for Creditor Top Grade Construction, Inc.
        ana.damonte@pillsburylaw.com
(16)    Melissa Davis for Creditor City of Orange
        mdavis@shbllp.com
(17)    Daniel Denny for Interested Party Courtesy NEF
        ddenny@gibsondunn.com
(18)    Caroline Djang for Creditor Lehman ALI, Inc.
        crd@jmbm.com
(19)    Donald T Dunning for Creditor Hertz Equipment Rental Corporation
        ddunning@dunningLaw.com
(20)    Joseph A Eisenberg for Creditor Lehman ALI, Inc.
        jae@jmbm.com
(21)    Lei Lei Wang Ekvall for Creditor Committee Joint Committee of Creditors Holding Unsecured Claims
        lekvall@wgllp.com
(22)    Richard W Esterkin for Debtor Palmdale Hills Property, LLC
        resterkin@morganlewis.com
(23)    Marc C Forsythe for Attorney Robert Goe
        kmurphy@goeforlaw.com
(24)    Alan J Friedman for Attorney Irell & Manella LLP
        afriedman@irell.com
(25)    Christian J Gascou for Creditor Arch Insurance Company
        cgascou@gascouhopkins.com
(26)    Barry S Glaser for Creditor County of Los Angeles
        bglaser@swjlaw.com
(27)    Robert P Goe for Attorney Robert Goe
        kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
(28)    Eric D Goldberg for Interested Party Courtesy NEF
        egoldberg@stutman.com
(29)    Kelly C Griffith for Creditor Bond Safeguard Insurance Co
        bkemail@harrisbeach.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | |
| Debtor(s). | CASE NUMBER 08-17206-ES |

(30)    Asa S Hami for Debtor Palmdale Hills Property, LLC
        ahami@morganlewis.com
(31)    Michael J Hauser for U.S. Trustee United States Trustee (SA)
        michael.hauser@usdoj.gov
(32)    D Edward Hays for Creditor Philip Dowse
        ehays@marshackhays.com
(33)    Michael C Heinrichs for Interested Party Courtesy NEF
        mheinrichs@omm.com
(34)    Harry D. Hochman for Creditor Lehman ALI, Inc.
        hhochman@pszjlaw.com, hhochman@pszjlaw.com
(35)    Jonathan M Hoff for Interested Party Joint Provisional Liquidators of Lehman RE Ltd
        jonathan.hoff@cwt.com
(36)    Michelle Hribar for Plaintiff EMR Residential Properties LLC
        mhribar@rutan.com
(37)    John J Immordino for Creditor Arch Insurance Co.
        john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
(38)    Lawrence A Jacobson for Creditor BKF Engineers
        laj@cohenandjacobson.com
(39)    Stephen M Judson for Petitioning Creditor The Professional Tree Care Co
        sjudson@fablaw.com
(40)    David I Katzen for Interested Party Bethel Island Municipal Improvement District
        katzen@ksfirm.com
(41)    Christopher W Keegan for Creditor SC Master Holdings II LLC
        ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com;tshafroth@kirkland.com
(42)    Irene L Kiet for Creditor BNB Engineering, Inc.
        ikiet@hkclaw.com
(43)    Mark J Krone for Creditor Bond Safeguard Insurance Co
        mk@amclaw.com
(44)    Leib M Lerner for Creditor Steiny and Company, Inc.
        leib.lerner@alston.com
(45)    Peter W Lianides for Debtor Palmdale Hills Property, LLC
        plianides@winthropcouchot.com, pj@winthropcouchot.com
(46)    Charles Liu for Debtor Palmdale Hills Property, LLC
        cliu@winthropcouchot.com
(47)    Kerri A Lyman for Attorney Irell & Manella LLP
        klyman@irell.com
(48)    Mariam S Marshall for Creditor RGA Environmental, Inc.
        mmarshall@marshallramoslaw.com
(49)    Robert C Martinez for Creditor TC Construction Company, Inc
        rmartinez@mclex.com
(50)    Hutchison B Meltzer for Creditor Committee Joint Committee of Creditors Holding Unsecured Claims
        hmeltzer@wgllp.com
(51)    Krikor J Meshefejian for Interested Party Courtesy NEF
        kjm@lnbrb.com
(52)    Joel S. Miliband for Creditor RBF CONSULTING
        jmiliband@rusmiliband.com
(53)    James M Miller for Counter-Defendant SJD Development Corp.
        jmiller@millerbarondess.com
(54)    Louis R Miller for Plaintiff Palmdale Hills Property, LLC
        smiller@millerbarondess.com
(55)    Mike D Neue for Trustee Steven Speier
        mneue@thelobelfirm.com, csolorzano@thelobelfirm.com
(56)    Robert Nida for Creditor Kirk Negrete, Inc
        Rnida@castlelawoffice.com
(57)    Henry H Oh for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
        henry.oh@dlapiper.com, bambi.clark@dlapiper.com
(58)    Sean A Okeefe for Debtor Palmdale Hills Property, LLC
        sokeefe@okeefelc.com
(59)    Robert B Orgel for Creditor Lehman ALI, Inc.
        rorgel@pszjlaw.com, rorgel@pszjlaw.com
(60)    Penelope Parmes for Creditor EMR Residential Properties LLC
        pparmes@rutan.com
(61)    Ronald B Pierce for Creditor Griffith Company
        ronald.pierce@sdma.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                              F 9013-3.1

<table>
<tr><td>In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,</td><td>CHAPTER 11</td></tr>
<tr><td>Debtor(s).</td><td>CASE NUMBER 08-17206-ES</td></tr>
</table>

(62)     Katherine C Piper for Interested Party Anaverde, LLC
          kpiper@steptoe.com
(63)     Raymond A Policar for Creditor Williams+Paddon Architects+Planners, Inc.
          hausermouzes@sbcglobal.net
(64)     Cassandra J Richey for Creditor Patricia I Volkerts, as Trustee, et al
          cmartin@pprlaw.net
(65)     Debra Riley for Interested Party City of Palmdale
          driley@allenmatkins.com
(66)     Martha E Romero for Creditor San Bernardino County Tax Collector
          Romero@mromerolawfirm.com
(67)     John E Schreiber for Defendant Fenway Capital, LLC
          jschreiber@dl.com
(68)     William D Schuster for Creditor HD Supply Construction Supply LTD
          bills@allieschuster.org
(69)     Wendy W Smith for Creditor Castaic Union School District
          wendy@bindermalter.com
(70)     Steven M Speier for Trustee Steven Speier
          Sspeier@Squarmilner.com, ca85@ecfcbis.com
(71)     Michael St James for Creditor MBH Architects, Inc.
          ecf@stjames-law.com
(72)     James E Till for Trustee Steven Speier
          jtill@thelobelfirm.com, CSolorzano@thelobelfirm.com
(73)     United States Trustee (SA)
          ustpregion16.sa.ecf@usdoj.gov
(74)     Jason Wallach for Interested Party Courtesy NEF
          jwallach@gladstonemichel.com
(75)     Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
          joshua.wayser@kattenlaw.com
(76)     Christopher T Williams for Creditor Danske Bank A/S London Branch
          ctwilliams@venable.com, jcontreras@venable.com
(77)     Marc J Winthrop for Debtor Palmdale Hills Property, LLC
          pj@winthropcouchot.com
(78)     David M Wiseblood for Creditor Bethel Island Municipal Improvement District
          dwiseblood@seyfarth.com
(79)     Arnold H Wuhrman for Creditor Wayne Lee
          Wuhrman@serenitylls.com
(80)     Dean A Ziehl for Creditor LV Pacific Point, LLC
          dziehl@pszjlaw.com, dziehl@pszjlaw.com


## II.  SERVED BY U.S. MAIL

## III.  SERVED BY E-MAIL

(1) counsel for the Voluntary Debtors:
        Paul Couchot - pcouchot@winthropcouchot.com
        Marc J Winthrop - pj@winthropcouchot.com
        Charles Liu - cliu@winthropcouchot.com
(2) counsel for the Trustee Debtors:
        William Lobel - wlobel@thelobelfirm.com
(3) counsel for the Voluntary Debtors' Committee:
        Alan Friedman - afriedman@irell.com
        Kerri A Lyman - klyman@irell.com
(4) counsel for the Trustee Debtors' Committee:
        Lei Lei Wang Ekvall - lekvall@wgllp.com
        Hutchison B Meltzer - hmeltzer@wgllp.com
(5) Office of the United States Trustee:
        Michael Hauser - michael.hauser@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                    F 9013-3.1

| In re: | CHAPTER 11 |
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | |
| Debtor(s). | CASE NUMBER 08-17206-ES |

Louis Miller - smiller@millerbarondess.com
Martin Pritikin – mpritikin@millerbarondess.com
Steven N. Speier (Chapter 11 Trustee, c/o Squar Nilner) - sspeier@squarmilner.com; ca85@ecfcbis.com
Edward Soto - Edward.soto@weil.com
Carrolynn H. G. Callari - ccallari@venable.com
John Sieger - john.sieger@kattenlaw.com
Atty for Bond Safeguard & Lexon - mea@amclaw.com
Palmdale Hills Property, LLC and its related entities - bcook@suncal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                      **F 9013-3.1**