Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Shai Waisman (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Counsel for Lehman ALI, Inc., Northlake Holdings LLC and
OVC Holdings LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession.<br><br>Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC<br>☐ LB-L-SunCal Oak Valley, LLC<br>☐ SunCal Heartland, LLC<br>☐ LB-L-SunCal Northlake, LLC<br>☐ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☐ SunCal PSV, LLC<br>☐ Delta Coves Venture, LLC<br>☐ SunCal Torrance, LLC<br>☒ SunCal Oak Knoll, LLC | Case No.: 8:08-bk-17206-ES<br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**STIPULATION BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507: (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING; (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**<br><br>**Hearing:**<br>Date:  December 10, 2009<br>Time:  2:00 PM<br>Place:  Courtroom 5A |

52063-001\DOCS_NY:19368.6

This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman ALI"), on the one hand, and the chapter 11 trustee (the "Chapter 11 Trustee") on behalf of SunCal Oak Knoll LLC ("SunCal Oak Knoll" or the "Borrower"), on the other hand.  Lehman ALI, the Chapter 11 Trustee and the Borrower (together, the "Parties") hereby enter into this Stipulation and agree as follows:

**RECITALS**

WHEREAS, on November 6, 7 and 19, 2008, the Voluntary Debtors[1] filed their respective voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code").  The Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors.[2]

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

WHEREAS, on or about January 15, 2009, the Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases.  Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Chapter 11 Trustee for the Trustee Debtors.

WHEREAS, Lehman ALI, Northlake Holdings LLC, and OVC Holdings LLC, and Lehman Commercial Paper Inc. (collectively, the "Lehman Entities") assert secured claims against the

---

[1] The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio Land, LLC (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).  The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

[2] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES).

Debtors in excess of $2.0 billion. Included within the scope of the collateral pledged to the Lehman Entities is certain real and personal property owned by the Borrower and pledged to Lehman ALI.

WHEREAS, on April 2, 2009, Lehman ALI, the Voluntary Debtors, and the Chapter 11 Trustee, by and through their counsel, entered into that certain Stipulation with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary (the "April 2009 DIP Stipulation") affecting certain of the Voluntary Debtors and certain of the Trustee Debtors as set forth specifically therein (the "April 2009 Borrowers"). The April 2009 DIP Stipulation was approved by the Court by the entry of an order on April 17, 2009.

WHEREAS, pursuant to the April 2009 DIP Stipulation, among other things, (a) the April 2009 Borrowers were authorized to borrow from Lehman ALI, and Lehman ALI was authorized to make available to each April 2009 Borrower, individual loans (collectively, the "April 2009 DIP Loans") in an aggregate amount equal to $1,790,572.00 (the "April DIP Loan Amount"), and (b) in order to secure the payment of the April 2009 DIP Loans, Lehman ALI was granted, among other things, (i) continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected, senior postpetition security interests in and liens (the "April 2009 DIP Liens") on any and all presently owned and hereafter acquired personal property, real property and other assets of April 2009 Borrowers, whether owned or consigned by or to, or leased from or to April 2009 Borrowers, regardless of where located, including, without limitation, the assets set forth in clauses (1) through (4) of paragraph 8 of the April 2009 DIP Stipulation (collectively, the "April 2009 DIP Collateral"), and (ii) an allowed superpriority administrative expense claim in these Cases (the "April 2009 DIP Superpriority Claim") for all April 2009 DIP Loans, subject only to the Senior Danske Claims (as defined in the April 2009 DIP Stipulation) in respect of any collateral securing the Senior Danske Claims.

WHEREAS, on February 19, 2009, CST Environmental, Inc. ("CST Environmental") filed proof of claim no. 4 against SunCal Oak Knoll asserting a secured claim in the amount of $4,316,169.56 (the "CST Environmental Claim").

NOW THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is hereby stipulated and agreed by and between the Parties as follows:

**AGREEMENT**

1. <u>Court Approval</u>.  The provisions of this Stipulation are subject to approval of the Court and shall have no force and effect until approved by the Court.  Immediately upon entry of an order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of Lehman ALI, the Borrower, the other Lehman Entities, all other creditors of the Borrower, the Official Committee of Unsecured Creditors appointed in the Trustee Debtors' cases, and all other parties in interest and their respective successors and assigns, including any successor trustee, trustee or other fiduciary hereafter appointed in any of the Trustee Debtors' cases or upon dismissal of any of the Trustee Debtors' cases.

2. <u>DIP Financing</u>.  Borrower is authorized to borrow from Lehman ALI, and Lehman ALI shall make available to Borrower, a loan (the "<u>DIP Loan</u>") in an aggregate amount not to exceed $4,400,000.00 (the "<u>DIP Loan Amount</u>"), (i) $3,701,700.00 of which shall be used by the Borrower solely for the purpose of paying the costs and expenses related to the abatement, demolition and securing of the hospital structure and of certain outbuildings and related structures located on real property owned by the Borrower commonly referred to as the Oak Knoll project (the "<u>Oak Knoll Project</u>") to be performed by CST Environmental and (ii) $698,300.00 of which shall be used by the Borrower for the purpose of paying CST Environmental as a critical vendor with respect to prepetition services relating to the Oak Knoll Project performed by CST Environmental.  The Borrower shall maintain appropriate documentation related to the expenditure of any and all of the DIP Loan Amount.  The Borrower shall provide to Lehman ALI, upon its reasonable request, a breakdown of all amounts spent as of the date of the request and provide all documentation relating to the monies spent as of the date of the request.  Funding under the DIP Loan shall only be available through and including June 1, 2010.  Any amounts borrowed under the DIP Loan that are not expended by, and remain in the possession of, the Borrower by July 1, 2010, shall be immediately

refunded to Lehman ALI on such date and shall be applied by Lehman ALI to the payment of the accrued and unpaid interest on and then to the repayment of the outstanding principal of the DIP Loan.

3. <u>Allowance and Transfer of CST Environmental Claim</u>. The CST Environmental Claim is hereby allowed as a general unsecured claim in the amount of $3,617,869.56, which amount is the filed amount of such claim less the proceeds of the DIP Loan to be paid to CST Environmental in accordance with paragraph 2 herein. In consideration for Lehman ALI's agreement to fund such payment, CST Environmental has agreed to transfer the CST Environmental Claim to Lehman ALI. All rights and benefits in connection with the CST Environmental Claim shall be transferred to Lehman ALI, with the sole exception of the right to vote on any plan of reorganization or liquidation in these cases, which right is hereby waived by Lehman ALI. Lehman ALI shall file evidence of the terms of such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure as soon as practicable after the entry of an order approving this Stipulation.

4. <u>Interest</u>. The DIP Loan shall accrue interest at the rate of ten percent (10%) per annum, payable on the Maturity Date (as defined below). There are no other fees associated with the DIP Loan. All accrued interest on the DIP Loan shall be added to the outstanding principal amount of the DIP Loan and shall be repaid by the Borrower to Lehman ALI by the Maturity Date.

5. <u>Maturity Date/Plan Treatment</u>. The Chapter 11 Trustee and Borrower expressly stipulate and acknowledge that the DIP Loan shall be treated as an administrative expense under the Bankruptcy Code and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation. The DIP Loan shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the above-captioned cases (the "<u>Cases</u>"), or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "<u>Maturity Date</u>").

6. <u>DIP Obligations</u>. This Stipulation constitutes and evidences the validity and binding effect of the DIP Loan, which obligations shall be enforceable against the Borrower, its estate and any successors thereto, including without limitation, any successor trustee, trustee or other estate

representative appointed in the Trustee Debtors' Cases, or any case under chapter 7 of the Bankruptcy Code upon the conversion of any of the Trustee Debtors' Cases, or in any other proceedings superseding or related to any of the foregoing.  The DIP Loan includes all loans, reimbursement obligations, and any other indebtedness or obligations, contingent or absolute, which may now or from time to time be owing by the Borrower under this Stipulation, including, without limitation, all principal, accrued interest, costs, fees, expenses and other amounts owed pursuant to the DIP Loan.

7. **DIP Liens and DIP Collateral**.  In order to secure the payment of the DIP Loan, Lehman ALI is hereby granted continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected, senior postpetition security interests in and liens (the "DIP Liens") on any and all presently owned and hereafter acquired personal property, real property and other assets of Borrower, whether owned or consigned by or to, or leased from or to Borrower, regardless of where located, including, without limitation, the assets set forth in clauses (1) through (4) below (collectively, the "DIP Collateral"):  (1) all presently owned and hereafter acquired assets of the Borrower and its estate, and any proceeds and products thereof, including without limitation, accounts, deposit accounts, cash, as-extracted collateral, chattel paper, investment property, letter-of-credit rights, securities accounts, commercial tort claims, investments, instruments, documents, inventory, contract rights, general intangibles, intellectual property, real property, fixtures, goods, equipment and other fixed assets and proceeds and products of all of the foregoing (including insurance proceeds); (2) proceeds of avoidance actions against the Lehman Entities under chapter 5 of the Bankruptcy Code; (3) any rights under Section 506(c) of the Bankruptcy Code; and (4) any unencumbered assets of the Borrower.

8. **DIP Lien Priority**.  Except with respect to any liens granted to Lehman ALI in connection with post-petition loans made by Lehman ALI to the Borrower, which remain senior to the DIP Liens, the DIP Liens securing the DIP Loans shall be senior in priority and superior to all other security interests, mortgages, collateral interests, liens or claims on or to any of the DIP Collateral.  Other than as set forth herein, the DIP Liens shall not be made subject to or *pari passu* with any lien or security interest heretofore or hereinafter granted in these cases.  The DIP Liens

shall be valid and enforceable against any successor trustee, trustee or other estate representative appointed in the Trustee Debtors' Cases or upon the conversion of any of the Trustee Debtors' Cases to a case under chapter 7 of the Bankruptcy Code, and/or upon the dismissal of any of the Trustee Debtors' Cases. The DIP Liens shall not be subject to sections 506(c), 510, 549, or 550 of the Bankruptcy Code. No lien or interest avoided and preserved for the benefit of any estate pursuant to section 551 of the Bankruptcy Code shall be made *pari passu* with or senior to the DIP Liens.

9.  DIP Superpriority Claim. In order to further secure the payment of the DIP Loan, Lehman ALI is hereby granted, pursuant to section 364(c)(1) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim against the Borrower (the "DIP Superpriority Claim") for the DIP Loan. Except with respect to any superpriority claims granted to Lehman ALI in connection with post-petition loans made by Lehman ALI to the Borrower and paid fees and expenses of the Trustee and any professionals retained by the Trustee and the Official Committee of Unsecured Creditors in the Trustee Debtors' Cases, which shall remain senior to the DIP Superpriority Claim, the DIP Superpriority Claim shall have priority over any and all administrative expenses and unsecured claims against the Borrower or its estate, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the Borrower and its estate, any successor trustee or other estate representative to the extent permitted by law, or any other creditor of the Borrower.

10. Modification of Automatic Stay. The automatic stay imposed under section 362(a) of the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this Stipulation, including, without limitation, to: (a) permit the Borrower to grant the DIP Liens and DIP Superpriority Claim; (b) permit the Borrower to perform such acts as Lehman ALI may request to assure the perfection and priority of the liens granted herein; (c) permit the Borrower to incur all liabilities and obligations to Lehman ALI in connection with the DIP Loan; (d) authorize the repayment by the Borrower of the DIP Loan to Lehman ALI and the retention and application of

such payments by Lehman ALI in accordance with the terms of this Stipulation; and (e) enable the enforcement, protection and preservation of the DIP Loan, the DIP Liens, the DIP Collateral and all of the rights and remedies with respect thereto or otherwise under this Stipulation.

11. <u>Perfection of DIP Liens</u>.  This Stipulation shall be sufficient and conclusive evidence of the validity, perfection, and priority of the DIP Liens without the necessity of filing or recording any financing statement, mortgage, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the DIP Liens, or to entitle Lehman ALI to the priorities granted herein.  Notwithstanding the foregoing, Lehman ALI is authorized to file, as it deems necessary or advisable in its sole discretion, such financing statements, mortgages, notices and other instrument or documents to perfect in accordance with applicable non-bankruptcy law or to otherwise evidence the DIP Liens, and all such financing statements, mortgages, notices and other documents shall be deemed to have been filed or recorded as of the commencement of the Trustee Debtors' Cases; <u>provided</u>, <u>however</u>, that no such filing or recordation shall be necessary or required in order to create, evidence or perfect the DIP Liens.  The Borrower is authorized and directed to execute and deliver promptly upon demand to Lehman ALI all such financing statements, mortgages, title insurance policies, notices, instruments, and other documents as Lehman ALI may reasonably request.  Lehman ALI, in its sole discretion, may file a photocopy of this Stipulation as a financing statement or notice with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statements, mortgages, notices of lien, instrument, or similar document.

12. <u>Events of Default</u>.  The following occurrences shall constitute an "<u>Event of Default</u>" under this Stipulation:  (a) failure of the Borrower to comply with any term of this Stipulation; or (b) the use of the proceeds of DIP Loan other than in strict compliance with the terms of this Stipulation; or (c) the failure to repay the DIP Loan on the Maturity Date.

13. <u>Remedies</u>.  Immediately upon the occurrence and during the continuation of an Event of Default, Lehman ALI shall:  (a) declare, via written notice to counsel for the Trustee, the DIP

Loan to be immediately due and payable; (b) terminate, reduce or restrict the use of any of the proceeds of the DIP Loan or any further commitment to extend credit to the Borrower to the extent any such commitment remains; and/or (c) seek relief from the automatic stay under section 362 of the Bankruptcy Code.

14. <u>Good Faith</u>.  Lehman ALI and the Borrower have acted in good faith in connection with the Stipulation.  In accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Stipulation are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, Lehman ALI is entitled to the protections provided in section 364(e) of the Bankruptcy Code.  Any such modification, amendment or vacatur shall not affect the extent, validity, perfection, priority, allowability, enforceability or non-avoidability of any advances previously made or made hereunder, or lien, claim or priority granted, perfected, authorized or created hereby.  Any liens or claims granted to Lehman ALI hereunder arising prior to the effective date of any such modification, amendment or vacatur of this Stipulation shall be governed in all respects by the original provisions of this Stipulation, including entitlement to all rights, remedies, privileges and benefits granted herein.

15. <u>Section 552(b)</u>.  Lehman ALI shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code solely with respect to the DIP Loan.

16. <u>Reservation of Rights</u>.  Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein.  Specifically, the Parties reserve all rights in all aspects of pending litigation between them, including any matters involving equitable subordination of the claims and liens held by the Lehman Entities, substantive consolidation of any of the estates in these Cases, or any other action against the Lehman Entities.  The Parties further agree that entry into this Stipulation, and extension of the DIP Loan contemplated hereunder, shall not be used in any manner in litigation amongst the Parties, whether as, for instance, a basis for or against substantive consolidation or otherwise.

17. <u>No Modification</u>.  Until and unless the DIP Loan has been indefeasibly paid in full, in

cash, to Lehman ALI pursuant to the terms of this Stipulation and all commitments to extend the DIP Loan have been terminated, the Borrower irrevocably waives the right to seek and shall not seek or consent to, directly or indirectly, without the prior written consent of Lehman ALI (which consent may be granted or withheld in Lehman ALI's sole and absolute discretion) (i) any modification, stay, vacatur or amendment to this Stipulation (and no such consent shall be implied by any other action, inaction or acquiescence of Lehman ALI); or (ii) a priority claim for any administrative expense or unsecured claim against the Borrower (now existing or hereafter arising of any kind or nature whatsoever, including, without limitation any administrative expense of the kind specified in sections 503(b), 507(a) or 507(b) of the Bankruptcy Code) in its case or any successor case equal or superior to the DIP Superpriority Claim; or (iii) any lien on any of the DIP Collateral with priority equal or superior to the DIP Liens.

18.    <u>Jurisdiction</u>.  The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

19.    <u>Further Cooperation</u>.  The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

20.    <u>Signatures</u>.  This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement.  This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

21.    <u>Compromise</u>.  Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party.  Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties.  This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

22.    <u>Authority</u>.  Each person who signs this Stipulation represents and warrants that he or

she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

23. <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties.  All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

|  |  |
|---|---|
|  | WEIL, GOTSHAL & MANGES LLP |
|  | - and - |
| Dated: December 7, 2009 | PACHULSKI STANG ZIEHL & JONES LLP |
|  | By   */s/ Dean A. Ziehl*<br>Richard M. Pachulski<br>Dean A. Ziehl |
|  | Attorneys for Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC |
| Dated: December 7, 2009 | THE LOBEL FIRM, LLP |
|  | By   */s/ Mike D. Neue*<br>William N. Lobel<br>Mike D. Neue<br>General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors |

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | |
| Debtor(s). | CASE NUMBER 08-17206-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **STIPULATION BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507: (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING; (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ___December 8, 2009___ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___December 8, 2009___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Hand Delivery]

The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and
United States Courthouse
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 8, 2009 | Melisa DesJardien | */s/ Melisa DesJardien* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | |
| Debtor(s). | CASE NUMBER 08-17206-ES |

## I. SERVED BY NEF

## 8:08-bk-17206-ES Notice will be electronically mailed to:

(1)     Selia M Acevedo for Counter-Defendant SJD Development Corp.
        sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
(2)     Joseph M Adams for Defendant The City of San Juan Capistrano
        jadams@sycr.com
(3)     Raymond H Aver for Debtor Palmdale Hills Property, LLC
        ray@averlaw.com
(4)     James C Bastian for Creditor ARB, Inc.
        jbastian@shbllp.com
(5)     John A Boyd for Interested Party Oliphant Golf Inc
        fednotice@tclaw.net
(6)     Mark Bradshaw for Interested Party Courtesy NEF
        mbradshaw@shbllp.com
(7)     Brendt C Butler for Creditor EMR Residential Properties LLC
        BButler@rutan.com
(8)     Carollynn Callari for Creditor Danske Bank A/S London Branch
        ccallari@venable.com
(9)     Dan E Chambers for Creditor EMR Residential Properties LLC
        dchambers@jmbm.com
(10)    Shirley Cho for Creditor Lehman ALI, Inc.
        scho@pszjlaw.com
(11)    Vonn Christenson for Interested Party Courtesy NEF
        vrc@paynefears.com
(12)    Vincent M Coscino for Petitioning Creditor CST Environmental Inc
        emurdoch@allenmatkins.com
(13)    Paul J Couchot for Debtor ACTON ESTATES, LLC
        pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
(14)    Jonathan S Dabbieri for Interested Party Courtesy NEF
        dabbieri@shlaw.com
(15)    Ana Damonte for Creditor Top Grade Construction, Inc.
        ana.damonte@pillsburylaw.com
(16)    Melissa Davis for Creditor City of Orange
        mdavis@shbllp.com
(17)    Daniel Denny for Interested Party Courtesy NEF
        ddenny@gibsondunn.com
(18)    Caroline Djang for Creditor Lehman ALI, Inc.
        crd@jmbm.com
(19)    Donald T Dunning for Creditor Hertz Equipment Rental Corporation
        ddunning@dunningLaw.com
(20)    Joseph A Eisenberg for Creditor Lehman ALI, Inc.
        jae@jmbm.com
(21)    Lei Lei Wang Ekvall for Creditor Committee Joint Committee of Creditors Holding Unsecured Claims
        lekvall@wgllp.com
(22)    Richard W Esterkin for Debtor Palmdale Hills Property, LLC
        resterkin@morganlewis.com
(23)    Marc C Forsythe for Attorney Robert Goe
        kmurphy@goeforlaw.com
(24)    Alan J Friedman for Attorney Irell & Manella LLP
        afriedman@irell.com
(25)    Christian J Gascou for Creditor Arch Insurance Company
        cgascou@gascouhopkins.com
(26)    Barry S Glaser for Creditor County of Los Angeles
        bglaser@swjlaw.com
(27)    Robert P Goe for Attorney Robert Goe
        kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
(28)    Eric D Goldberg for Interested Party Courtesy NEF
        egoldberg@stutman.com
(29)    Kelly C Griffith for Creditor Bond Safeguard Insurance Co
        bkemail@harrisbeach.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                              F 9013-3.1

Case 8:08-bk-17206-ES    Doc 816    Filed 12/08/09    Entered 12/08/09 11:18:42    Desc
Main Document    Page 14 of 16

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | |
| Debtor(s). | CASE NUMBER 08-17206-ES |

(30) Asa S Hami for Debtor Palmdale Hills Property, LLC
ahami@morganlewis.com
(31) Michael J Hauser for U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov
(32) D Edward Hays for Creditor Philip Dowse
ehays@marshackhays.com
(33) Michael C Heinrichs for Interested Party Courtesy NEF
mheinrichs@omm.com
(34) Harry D. Hochman for Creditor Lehman ALI, Inc.
hhochman@pszjlaw.com, hhochman@pszjlaw.com
(35) Jonathan M Hoff for Interested Party Joint Provisional Liquidators of Lehman RE Ltd
jonathan.hoff@cwt.com
(36) Michelle Hribar for Plaintiff EMR Residential Properties LLC
mhribar@rutan.com
(37) John J Immordino for Creditor Arch Insurance Co.
john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
(38) Lawrence A Jacobson for Creditor BKF Engineers
laj@cohenandjacobson.com
(39) Stephen M Judson for Petitioning Creditor The Professional Tree Care Co
sjudson@fablaw.com
(40) David I Katzen for Interested Party Bethel Island Municipal Improvement District
katzen@ksfirm.com
(41) Christopher W Keegan for Creditor SC Master Holdings II LLC
ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com;tshafroth@kirkland.com
(42) Irene L Kiet for Creditor BNB Engineering, Inc.
ikiet@hkclaw.com
(43) Mark J Krone for Creditor Bond Safeguard Insurance Co
mk@amclaw.com
(44) Leib M Lerner for Creditor Steiny and Company, Inc.
leib.lerner@alston.com
(45) Peter W Lianides for Debtor Palmdale Hills Property, LLC
plianides@winthropcouchot.com, pj@winthropcouchot.com
(46) Charles Liu for Debtor Palmdale Hills Property, LLC
cliu@winthropcouchot.com
(47) Kerri A Lyman for Attorney Irell & Manella LLP
klyman@irell.com
(48) Mariam S Marshall for Creditor RGA Environmental, Inc.
mmarshall@marshallramoslaw.com
(49) Robert C Martinez for Creditor TC Construction Company, Inc
rmartinez@mclex.com
(50) Hutchison B Meltzer for Creditor Committee Joint Committee of Creditors Holding Unsecured Claims
hmeltzer@wgllp.com
(51) Krikor J Meshefejian for Interested Party Courtesy NEF
kjm@lnbrb.com
(52) Joel S. Miliband for Creditor RBF CONSULTING
jmiliband@rusmiliband.com
(53) James M Miller for Counter-Defendant SJD Development Corp.
jmiller@millerbarondess.com
(54) Louis R Miller for Plaintiff Palmdale Hills Property, LLC
smiller@millerbarondess.com
(55) Mike D Neue for Trustee Steven Speier
mneue@thelobelfirm.com, csolorzano@thelobelfirm.com
(56) Robert Nida for Creditor Kirk Negrete, Inc
Rnida@castlelawoffice.com
(57) Henry H Oh for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
henry.oh@dlapiper.com, bambi.clark@dlapiper.com
(58) Sean A Okeefe for Debtor Palmdale Hills Property, LLC
sokeefe@okeefelc.com
(59) Robert B Orgel for Creditor Lehman ALI, Inc.
rorgel@pszjlaw.com, rorgel@pszjlaw.com
(60) Penelope Parmes for Creditor EMR Residential Properties LLC
pparmes@rutan.com
(61) Ronald B Pierce for Creditor Griffith Company
ronald.pierce@sdma.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | |
| Debtor(s). | CASE NUMBER 08-17206-ES |

(62) Katherine C Piper for Interested Party Anaverde, LLC
kpiper@steptoe.com
(63) Raymond A Policar for Creditor Williams+Paddon Architects+Planners, Inc.
hausermouzes@sbcglobal.net
(64) Cassandra J Richey for Creditor Patricia I Volkerts, as Trustee, et al
cmartin@pprlaw.net
(65) Debra Riley for Interested Party City of Palmdale
driley@allenmatkins.com
(66) Martha E Romero for Creditor San Bernardino County Tax Collector
Romero@mromerolawfirm.com
(67) John E Schreiber for Defendant Fenway Capital, LLC
jschreiber@dl.com
(68) William D Schuster for Creditor HD Supply Construction Supply LTD
bills@allieschuster.org
(69) Wendy W Smith for Creditor Castaic Union School District
wendy@bindermalter.com
(70) Steven M Speier for Trustee Steven Speier
Sspeier@Squarmilner.com, ca85@ecfcbis.com
(71) Michael St James for Creditor MBH Architects, Inc.
ecf@stjames-law.com
(72) James E Till for Trustee Steven Speier
jtill@thelobelfirm.com, CSolorzano@thelobelfirm.com
(73) United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov
(74) Jason Wallach for Interested Party Courtesy NEF
jwallach@gladstonemichel.com
(75) Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
joshua.wayser@kattenlaw.com
(76) Christopher T Williams for Creditor Danske Bank A/S London Branch
ctwilliams@venable.com, jcontreras@venable.com
(77) Marc J Winthrop for Debtor Palmdale Hills Property, LLC
pj@winthropcouchot.com
(78) David M Wiseblood for Creditor Bethel Island Municipal Improvement District
dwiseblood@seyfarth.com
(79) Arnold H Wuhrman for Creditor Wayne Lee
Wuhrman@serenitylls.com
(80) Dean A Ziehl for Creditor LV Pacific Point, LLC
dziehl@pszjlaw.com, dziehl@pszjlaw.com

**II. SERVED BY U.S. MAIL**

**III. SERVED BY E-MAIL**

(1) counsel for the Voluntary Debtors:
 Paul Couchot - pcouchot@winthropcouchot.com
 Marc J Winthrop - pj@winthropcouchot.com
 Charles Liu - cliu@winthropcouchot.com
(2) counsel for the Trustee Debtors:
 William Lobel - wlobel@thelobelfirm.com
(3) counsel for the Voluntary Debtors' Committee:
 Alan Friedman - afriedman@irell.com
 Kerri A Lyman - klyman@irell.com
(4) counsel for the Trustee Debtors' Committee:
 Lei Lei Wang Ekvall - lekvall@wgllp.com
 Hutchison B Meltzer - hmeltzer@wgllp.com
(5) Office of the United States Trustee:
 Michael Hauser - michael.hauser@usdoj.gov

Susan Mosk - SMosk@oaklandcityattorney.org
Larry Jacobson - laj@jacobsonattorneys.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9013-3.1**

| | |
|---|---|
| In re: <br> PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, <br> Debtor(s). | CHAPTER 11 <br><br> CASE NUMBER 08-17206-ES |

Louis Miller - smiller@millerbarondess.com
Martin Pritikin – mpritikin@millerbarondess.com
Steven N. Speier (Chapter 11 Trustee, c/o Squar Nilner) - sspeier@squarmilner.com; ca85@ecfcbis.com
Edward Soto - Edward.soto@weil.com
Carrolynn H. G. Callari - ccallari@venable.com
John Sieger - john.sieger@kattenlaw.com
Atty for Bond Safeguard & Lexon - mea@amclaw.com
Palmdale Hills Property, LLC and its related entities - bcook@suncal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 9013-3.1**