1  William N. Lobel (CA Bar No. 93202)
   Mike D. Neue (CA Bar No. 179303)
2  THE LOBEL FIRM, LLP
   840 Newport Center Drive, Suite 750
3  Newport Beach, California  92660
   Telephone:  (949) 999-2860
4  Facsimile:  (949) 999-2870

5  General Insolvency Counsel for Steven M. Speier,
   the Chapter 11 Trustee for the Trustee Debtors

6
   Richard M. Pachulski (CA Bar No. 90073)
7  Dean A. Ziehl (CA Bar No. 84529)
   PACHULSKI STANG ZIEHL & JONES LLP
8  10100 Santa Monica Boulevard, Suite 1100
   Los Angeles, California  90067
9  Telephone:  (310) 277-6910
   Facsimile:  (310) 201-0760

10 Edward Soto (admitted *pro hac vice*)
   Shai Waisman (admitted *pro hac vice*)
11 WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
12 New York, NY  10153-0119
   Telephone:  (212) 310-8000
13 Facsimile:  (212) 310-8007

14 Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
   Northlake Holdings LLC and OVC Holdings LLC

15         **UNITED STATES BANKRUPTCY COURT**
           **CENTRAL DISTRICT OF CALIFORNIA**
16             **SANTA ANA DIVISION**

   In re:
17 Palmdale Hills Property, LLC, and Its Related Debtors,    Case No.: 8:08-bk-17206-ES
           Jointly Administered Debtors and
18         Debtors-In-Possession.                            Jointly Administered With Case Nos.
   _____
19 Affects:                                                  8:08-bk-17209-ES; 8:08-bk-17240-ES;
   ☐  All Debtors                                            8:08-bk-17224-ES; 8:08-bk-17242-ES;
20 ☐  Palmdale Hills Property, LLC                           8:08-bk-17225-ES; 8:08-bk-17245-ES;
   ☐  SunCal Beaumont Heights, LLC                           8:08-bk-17227-ES; 8:08-bk-17246-ES;
21 ☐  SCC/Palmdale, LLC                                      8:08-bk-17230-ES; 8:08-bk-17231-ES;
   ☐  SunCal Johannson Ranch, LLC                            8:08-bk-17236-ES; 8:08-bk-17248-ES;
22 ☐  SunCal Summit Valley, LLC                              8:08-bk-17249-ES; 8:08-bk-17573-ES;
   ☐  SunCal Emerald Meadows, LLC                            8:08-bk-17574-ES; 8:08-bk-17575-ES;
23 ☐  SunCal Bickford Ranch, LLC                             8:08-bk-17404-ES; 8:08-bk-17407-ES;
   ☐  Acton Estates, LLC                                     8:08-bk-17408-ES; 8:08-bk-17409-ES;
24 ☐  Seven Brothers, LLC                                    8:08-bk-17458-ES; 8:08-bk-17465-ES;
   ☐  SJD Partners, Ltd.                                     8:08-bk-17470-ES; 8:08-bk-17472-ES;
25 ☐  SJD Development Corp.                                  and 8:08-bk-17588-ES
   ☐  Kirby Estates, LLC
26 ☐  SunCal Communities I, LLC                              Chapter 11
   ☐  SunCal Communities III, LLC
27 ☐  SCC Communities, LLC                                   **STIPULATION AUTHORIZING USE**
   ☐  North Orange Del Rio Land, LLC                         **OF CASH COLLATERAL AND**
28 ☐  Tesoro SF, LLC                                         **APPROVING FINANCING FOR**
   ☒  LB-L-SunCal Oak Valley, LLC                            **COVERED PROFESSIONAL**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

52063-001\DOCS_NY:19034.6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC
2   ☒ SunCal Marblehead, LLC
☒ SunCal Century City, LLC
3   ☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
4   ☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

**EXPENSES AND GRANTING
ADMINISTRATIVE EXPENSE
CLAIMS**

5

6       This Stipulation is made by and between Lehman ALI, Inc. ("Lehman ALI"), Northlake

7   Holdings LLC ("Northlake Holdings"), and OVC Holdings LLC ("OVC Holdings" and, collectively

8   with Lehman ALI and Northlake Holdings, the "Lehman Lenders"), on the one hand, and the chapter

9   11 trustee (the "Trustee") for LB-L-SunCal Oak Valley, LLC, SunCal Heartland, LLC, LB-L-

10  SunCal Northlake, LLC, SunCal Marblehead, LLC, SunCal PSV, LLC, Delta Coves Venture, LLC,

11  SunCal Torrance, LLC, and SunCal Oak Knoll, LLC, on the other hand.  The Lehman Lenders and

12  the Trustee (together, the "Parties") hereby enter into this stipulation (the "Stipulation") and agree as

13  follows:

14                                      **RECITALS**

15      WHEREAS, on November 6, 7 and 19, 2008, the Voluntary Debtors[1] filed their respective

16  voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code").  The

17  Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to

18  sections 1107 and 1008 of the Bankruptcy Code.

19      WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the

20  Trustee Debtors.[2]

21  [1] The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-
ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del
22  Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No.
8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES);
23  SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal
Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal
24  Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal
Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro
25  SF, LLC (Case No. 8:08-17575-ES).
[2] The Trustee Debtors in these cases consist of:  SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal
26  Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City,
LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves
27  Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley,
LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES).  The Voluntary Debtors and
28  Trustee Debtors shall be referred to collectively herein as the "Debtors."  For the avoidance of doubt, this Stipulation
does not provide for the use of cash or cash equivalents held by SunCal Century City.

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

WHEREAS, on or about January 15, 2009, the Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases.  Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Trustee for the Trustee Debtors.

WHEREAS, on April 2, 2009, Lehman ALI, the Voluntary Debtors, and the Trustee for the Trustee Debtors, by and through their counsel, entered into that certain *Stipulation with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the "April 2009 DIP Stipulation") affecting certain of the Voluntary Debtors and certain of the Trustee Debtors as set forth specifically therein.  The April 2009 DIP Stipulation was approved by the Court by the entry of an order on April 17, 2009.

WHEREAS, pursuant to the DIP Stipulation, among other things, (a) the borrowers thereunder (collectively, the "April 2009 Borrowers") were authorized to borrow from Lehman ALI, and Lehman ALI was authorized to make available to each April 2009 Borrower, individual loans (collectively, the "April 2009 DIP Loans") in an aggregate amount equal to $1,790,572.00 "), and (b) in order to secure the payment of the April 2009 DIP Loans, Lehman ALI was granted, among other things, (i) continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected, senior postpetition security interests in and liens (the "April 2009 DIP Liens") on any and all presently owned and hereafter acquired personal property, real property and other assets of the April 2009 Borrowers, whether owned or consigned by or to, or leased from or to April 2009 Borrowers, regardless of where located, including, without limitation, the assets set forth in clauses (1) through (4) of paragraph 8 of the April 2009 DIP Stipulation (collectively, the "April 2009 DIP Collateral"), and (ii) an allowed superpriority administrative expense claim in these cases (the "April 2009 DIP Superpriority Claim") for all April 2009 DIP Loans, subject only to the Senior Danske Claims (as defined in the April 2009 DIP Stipulation) in respect of any collateral securing the Senior Danske Claims.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    WHEREAS, the Lehman Lenders and Lehman Commercial Paper Inc. (together with the

2    Lehman Lenders, the "Lehman Entities") assert secured claims against the Debtors that approximate

3    $2.3 billion, and include within the scope of the pledged collateral certain real and personal property

4    held by the Trustee Debtors (with the exception of SunCal Century City).

5    WHEREAS, the Trustee asserts that the Trustee Debtors (with the exception of SunCal

6    Century City) have cash and cash equivalents of approximately $1,596,923.54 (the "Trustee Debtors

7    Cash").  The Lehman Lenders assert that such cash constitutes "cash collateral" under section 363 of

8    the Bankruptcy Code (the "Cash Collateral").

9    WHEREAS, the total April 2009 DIP Superpriority Claims against each of the Trustee

10    Debtors amount to $1,516,675.00.  After applying the April 2009 DIP Superpriority Claims, Lehman

11    ALI asserts that it is entitled to $1,086,106.94 of the Trustee Debtors' Cash (the "Superpriority

12    Cash").

13    WHEREAS, the Lehman Lenders hereby consent to the use of the Superpriority Cash and

14    Lehman ALI hereby agrees to make debtor in possession loans in the maximum total amount of

15    $2,700,000.00 (the "Funding Amount") to pay certain professional fees and expenses described

16    herein subject to a written memorialization as provided herein.

17    WHEREAS, Lehman ALI and the Trustee have executed and sought Court approval of the

18    *Stipulation Pursuant to 11 U.S. C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured*

19    *Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority*

20    *Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent Necessary* (the

21    "DIP Stipulation"), pursuant to which, among other things, the Trustee agrees to return the

22    Superpriority Cash to Lehman ALI upon the entry of an order by this Court approving the DIP

23    Stipulation.  The DIP Stipulation has been approved by the Court on an interim basis, with the

24    exception of, among other things, the requirement that the Trustee return the Superpriority Cash to

25    Lehman ALI, which requirement is subject to final approval by the Court.

26    WHEREAS, the Lehman Entities have filed the *First Amended Joint Chapter 11 Plan*

27    *Proposed by Lehman Lenders* (as may be amended and/or modified, the "Lehman Plan") containing

28    the modifications reflecting the terms and conditions previously agreed upon by the Trustee, the

1    Lehman Entities, the Official Committee of Unsecured Creditors appointed in the Voluntary

2    Debtors' cases (the "Voluntary Debtors' Committee"), and the Official Committee of Unsecured

3    Creditors appointed in the Trustee Debtors' cases (the "Trustee Debtors' Committee" and, together

4    with the Voluntary Debtors' Committee, the "Committees") effective as of the approval of this

5    Stipulation and the continuance by the Trustee of the *Debtors' Motion for Order: (1) Approving*

6    *Overbid Procedures in Connection with Proposed Sale of Substantially All Assets of the Debtors'*

7    *Estates; (2) Approving Break-Up Fee; (3) Disallowing Credit Bid Rights of Disputed Secured*

8    *Creditors, Lehman ALI, Inc., Northlake Holdings and OVC Holdings and (4) Setting Hearing on*

9    *Approval of Sale of Assets* [D.E. 125] as modified by the *Supplement to Debtors' Motion For Order:*

10    *(1) Approving Overbid Procedures in Connection With Proposed Sale of Substantially All Assets of*

11    *the Debtors' Estates; (2) Approving Break-Up Fee; (3) Disallowing Credit Bids Rights of Disputed*

12    *Secured Creditors, Lehman ALI, Inc., Northlake Holdings and OVC Holdings; and (4) Setting*

13    *Hearing on Approval of Sale of Assets* [D.E. 364] (the "Sales Procedures Motion").

14        WHEREAS, subject to the entry of and continued effectiveness and terms and conditions of

15    this Stipulation, the Parties agree that this Stipulation provides the Lehman Lenders with adequate

16    protection.

17        NOW THEREFORE, in consideration of the mutual covenants contained herein, and other

18    good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is

19    hereby stipulated and agreed by and between the Parties as follows:

20                                          **AGREEMENT**

21        1.    Court Approval.  The provisions of this Stipulation are subject to approval of the

22    Court and shall have no force and effect until approved by the Court.  Immediately upon entry of an

23    order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the

24    contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure

25    to the benefit of the Lehman Lenders, the Trustee Debtors, all other creditors of the Trustee Debtors,

26    the Committees, and all other parties in interest and their respective successors and assigns,

27    including any trustee or other fiduciary hereafter appointed in any of the cases or upon dismissal of

28    any of the cases.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2.      <u>Authorized Use of Superpriority Cash</u>.  The Lehman Lenders consent to the use by

the Trustee Debtors of the Superpriority Cash solely for the purpose of paying (i) the reasonable fees

and expenses incurred post-September 1, 2009 in connection with the Trustee Debtors' cases by the

Trustee, general insolvency counsel for the Trustee, the accounting firm for the Trustee,  and counsel

for the Trustee Debtors' Committee, (ii) reasonable fees and expenses incurred post-September 1,

2009 by the Trustee, general insolvency counsel for the Trustee, the accounting firm for the Trustee,

and counsel for the Trustee Debtors' Committee, in connection with the analysis of and negotiations

regarding the *Debtors' Third Amended Joint Chapter 11 Plan* (as may be further amended and/or

modified, the "<u>Debtors' Plan</u>") and the Lehman Plan, but not fees and expenses incurred in

connection with supporting any plan other than the Lehman Plan, and (iii) United States Trustee's

fees.  For the avoidance of doubt, the Superpriority Cash shall not be used to pay fees and expenses

incurred in connection with: (1) furthering or supporting the prosecution of (a) the adversary

proceeding styled *Palmdale Hills Property, LLC, et al. v. Lehman ALI, Inc., et al.*, Adv. Pro. 09-

1005-ES, (b) any motion, whether or not presently pending, to which the Lehman Lenders object, or

continue to prosecute pending objections, after September 1, 2009, including, without limitation, any

motion or request to substantively consolidate the above-captioned cases, or (c) the Debtors' Plan or

any amendments or modifications thereto; or (2) objections to (a) the *Amended Disclosure Statement*

*With Respect to First Amended Joint Chapter 11 Plan Proposed by Lehman Lenders* or the Lehman

Plan or any amendments or modifications thereto, or (b) any motion or request made by the Lehman

Lenders in the above-captioned cases; provided, however, that the Funding Amount may be used to

pay any outstanding, unpaid fees and expenses incurred through August 31, 2009 by the Trustee,

general insolvency counsel for the Trustee, the accounting firm for the Trustee, and counsel for the

Trustee Debtors' Committee.  The authority to use the Superpriority Cash for the Covered

Professional Fees shall continue to a date that is the earlier of (i) the date of the entry of a final, non-

appealable order confirming either the Debtors' Plan or the Lehman Plan, and (ii) the expiration of

six months after the date of the entry of an order approving this Stipulation (the "<u>Funding Period</u>");

provided, however, that the Lehman Lenders reserve their rights to terminate the Funding Period and

use of Superpriority Cash upon 30 days' written notice to counsel for the Trustee and the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Committees.  The Lehman Lenders have not consented to and expressly reserve all rights to object to

2    any use of the Superpriority Cash on terms not set forth in this Stipulation.

3        3.    Adequate Protection.  As adequate protection for the use of Superpriority Cash, the

4    Trustee hereby agrees that the amount of Superpriority Cash used hereunder shall be treated as an

5    administrative expense under the Bankruptcy Code and, accordingly, shall be paid to the Lehman

6    Lenders in full, in cash, on the effective date of any plan of reorganization in these cases or from the

7    first proceeds from the sale of any assets owned by the Trustee Debtors (with the exception of

8    SunCal Century City), with such payment to be allocated among each of the estates in accordance

9    with the amount of Superpriority Cash used by each estate to pay its respective portion of fees and

10   expenses permitted under paragraph 3 herein.

11       4.    Trustee Debtor DIP Loans.  Lehman ALI shall make available to each Trustee

12   Debtor, on a borrower by borrower basis, an individual loan in an amount equal to the deficiency

13   between the Superpriority Cash held in such Trustee Debtor's estate and that portion of the Funding

14   Amount allocable to such Trustee Debtor, or, in the event that either the DIP Stipulation is approved

15   and the Superpriority Cash is returned to Lehman ALI thereunder or the Superpriority Cash or a

16   portion thereof is expended by the Trustee Debtors for health and safety costs attributable to the

17   Trustee Debtors' estates, Lehman ALI shall make available to each Trustee Debtor, on a borrower

18   by borrower basis, an individual loan (collectively, the "Trustee Debtor DIP Loans") in an amount

19   equal to that portion of the Funding Amount allocable to such Trustee Debtor for the purpose of

20   paying reasonable professional fees and expenses incurred by the Trustee, the Trustee's

21   professionals and the Trustee Debtors' Committee's professionals, solely on the conditions that: (i)

22   Trustee Debtor DIP Loan proceeds shall not be used to pay any post-September 1, 2009 fees and

23   costs in connection with opposing any relief requested by the Lehman Entities in these cases, (ii)

24   Trustee Debtor DIP Loan proceeds are administrative expense claims, subordinate only to paid fees

25   and expenses of the Trustee and any professionals retained by the Trustee in the Trustee Debtors'

26   cases, that shall be repaid to Lehman ALI on the effective date of any plan of reorganization or

27   liquidation in these cases, and (iii) based on the major modifications made by the Lehman Entities to

28   the previously filed Lehman Plan, the Sales Procedures Motion shall not be heard until the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  conclusion of the confirmation hearing(s) in connection with any plan of reorganization or

2  liquidation in these cases.

3       5.     Voluntary Debtor DIP Loans.  Lehman ALI shall make available to the Voluntary

4  Debtors, on a borrower by borrower basis, individual loans (collectively, the "Voluntary Debtor DIP

5  Loans" and, collectively with the Trustee Debtor DIP Loans, the "DIP Loans") in the amount of the

6  difference between the Funding Amount, on the one hand, and the available amount, if any, of

7  Superpriority Cash for application to the Funding Amount plus the Trustee DIP Loan proceeds, on

8  the other hand, for the purpose of paying amounts to Winthrop Couchot and Irell & Manella for (a)

9  pre-September 1, 2009 reasonable fees and expenses for services rendered and costs incurred solely

10  on the condition that the Voluntary Debtor DIP Loans are administrative expense claims that shall be

11  repaid to Lehman ALI on the effective date of any plan of reorganization or liquidation in these

12  cases, and (b) post-September 1, 2009 reasonable fees and expenses for services and costs solely on

13  the condition that (i) the Voluntary Debtor DIP Loan proceeds shall not be used to pay any post-

14  September 1, 2009 fees and costs in connection with opposing any relief requested by the Lehman

15  Entities in these cases, and (ii) such loan amounts are administrative expense claims that shall be

16  repaid to Lehman ALI on the effective date of any plan of reorganization or liquidation in these

17  cases.

18       6.     No Waiver of Lehman Lenders' Right to Object to Professional Fees/Expenses.

19  Nothing contained herein shall be deemed a waiver of the Lehman Lenders' rights to object to any

20  fees and expenses incurred by any professional retained in these cases, and the Lehman Lenders'

21  rights in connection therewith are hereby preserved.

22       7.     Lehman Lenders' Offset of Funding Amount.  Notwithstanding anything to the

23  contrary contained herein, in the event that no plan of reorganization or liquidation is confirmed, the

24  Lehman Lenders shall have the right to offset the Funding Amount against any judgment obtained in

25  the action styled *Palmdale Hills Property, LLC v. Lehman ALI, Inc.*, Adv. Pro. 09-1005-ES.

26       8.     Events of Default.  The following occurrences shall constitute an "Event of Default"

27  under this Stipulation:  (a) the failure to comply with any term of this Stipulation; or (b) the use of

28  the Superpriority Cash or DIP Loan proceeds in a manner inconsistent with the terms of this

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Stipulation; or the failure to repay the DIP Loans pursuant to the terms of this Stipulation.

9.    <u>Remedies</u>.  Immediately upon the occurrence and during the continuation of an Event of Default, (i) the Lehman Lenders may terminate, reduce or restrict the use of Superpriority Cash, (ii) Lehman ALI may terminate, reduce, or restrict the use of any DIP Loan proceeds and/or terminate any further commitment to extend credit to the extent any such commitment remains; and/or (3) the Lehman Lenders may seek relief from the automatic stay under section 363 of the Bankruptcy Code.

10.    <u>DIP Stipulation</u>.  Nothing contained herein shall be deemed to modify the terms of the April 2009 DIP Stipulation.

11.    <u>Reservation of Rights</u>.  Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties, LCPI, or the Committees with respect to any issues that are not expressly addressed herein.  Specifically, the Parties, LCPI, the Committees and their principals reserve all rights in all aspects of pending litigation between them, including any matters involving the sale of the Trustee Debtors' assets, equitable subordination or substantive consolidation, and objections to claims and liens whether or not such objections are pending presently.  The Parties further agree that entry into this Stipulation, and consent to the use of Cash Collateral contemplated hereunder, shall not be used in any manner in litigation amongst the Parties, LCPI or the Committees.

12.    <u>Jurisdiction</u>.  The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

13.    <u>Signatures</u>.  This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement.  This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

14.    <u>Authority</u>.  Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    bind that Party to the terms of this Stipulation.

2         15.    <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the Parties

3    and may not be amended or modified except by a writing executed by the Parties.  All prior oral and

4    written agreements, if any, are expressly superseded hereby and are of no further force and effect.

5    Dated:    December 8, 2009              WEIL, GOTSHAL & MANGES LLP

6

7                                                      - and -
                                               PACHULSKI STANG ZIEHL & JONES LLP
8

9                                             By    */s/ Dean A. Ziehl*
                                                   Richard M. Pachulski
10                                                  Dean A. Ziehl

11                                                  Counsel for Lehman Commercial Paper Inc.,
                                                   Lehman ALI, Inc., Northlake Holdings LLC, and
12                                                  OVC Holdings LLC

13

14   Dated:    December 8, 2009              THE LOBEL FIRM, LLP

15                                            By    */s/ Mike D. Neue*
                                                   William N. Lobel (CA Bar No. 93202)
16                                                  Mike D. Neue (CA Bar No. 179303)

17                                                  General Insolvency Counsel for Steven M. Speier,
                                                   the Chapter 11 Trustee for the Trustee Debtors
18

19

20

21

22

23

24

25

26

27

28

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER 08-17206-ES |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **STIPULATION AUTHORIZING USE OF CASH COLLATERAL AND APPROVING FINANCING FOR COVERED PROFESSIONAL EXPENSES AND GRANTING ADMINISTRATIVE EXPENSE CLAIMS** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____December 10, 2009____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____December 10, 2009_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Overnight Delivery]

The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and
United States Courthouse
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____December 10, 2009_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 10, 2009 | Melisa DesJardien | */s/ Melisa DesJardien* |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                      **F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 08-17206-ES |
| --- | --- |

## I. SERVED BY NEF

## 8:08-bk-17206-ES Notice will be electronically mailed to:

(1)     Selia M Acevedo for Counter-Defendant SJD Development Corp.
      sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com

(2)     Joseph M Adams for Defendant The City of San Juan Capistrano
      jadams@sycr.com

(3)     Raymond H Aver for Debtor Palmdale Hills Property, LLC
      ray@averlaw.com

(4)     James C Bastian for Creditor ARB, Inc.
      jbastian@shbllp.com

(5)     John A Boyd for Interested Party Oliphant Golf Inc
      fednotice@tclaw.net

(6)     Mark Bradshaw for Interested Party Courtesy NEF
      mbradshaw@shbllp.com

(7)     Brendt C Butler for Creditor EMR Residential Properties LLC
      BButler@rutan.com

(8)     Carollynn Callari for Creditor Danske Bank A/S London Branch
      ccallari@venable.com

(9)     Dan E Chambers for Creditor EMR Residential Properties LLC
      dchambers@jmbm.com

(10)    Shirley Cho for Creditor Lehman ALI, Inc.
      scho@pszjlaw.com

(11)    Vonn Christenson for Interested Party Courtesy NEF
      vrc@paynefears.com

(12)    Vincent M Coscino for Petitioning Creditor CST Environmental Inc
      emurdoch@allenmatkins.com

(13)    Paul J Couchot for Debtor ACTON ESTATES, LLC
      pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com

(14)    Jonathan S Dabbieri for Interested Party Courtesy NEF
      dabbieri@shlaw.com

(15)    Ana Damonte for Creditor Top Grade Construction, Inc.
      ana.damonte@pillsburylaw.com

(16)    Melissa Davis for Creditor City of Orange
      mdavis@shbllp.com

(17)    Daniel Denny for Interested Party Courtesy NEF
      ddenny@gibsondunn.com

(18)    Caroline Djang for Creditor Lehman ALI, Inc.
      crd@jmbm.com

(19)    Donald T Dunning for Creditor Hertz Equipment Rental Corporation
      ddunning@dunningLaw.com

(20)    Joseph A Eisenberg for Creditor Lehman ALI, Inc.
      jae@jmbm.com

(21)    Lei Lei Wang Ekvall for Creditor Committee Joint Committee of Creditors Holding Unsecured Claims
      lekvall@wgllp.com

(22)    Richard W Esterkin for Debtor Palmdale Hills Property, LLC
      resterkin@morganlewis.com

(23)    Marc C Forsythe for Attorney Robert Goe
      kmurphy@goeforlaw.com

(24)    Alan J Friedman for Attorney Irell & Manella LLP
      afriedman@irell.com

(25)    Christian J Gascou for Creditor Arch Insurance Company
      cgascou@gascouhopkins.com

(26)    Barry S Glaser for Creditor County of Los Angeles
      bglaser@swjlaw.com

(27)    Robert P Goe for Attorney Robert Goe
      kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

(28)    Eric D Goldberg for Interested Party Courtesy NEF
      egoldberg@stutman.com

(29)    Kelly C Griffith for Creditor Bond Safeguard Insurance Co
      bkemail@harrisbeach.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                         **F 9013-3.1**

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

(30)     Asa S Hami for Debtor Palmdale Hills Property, LLC
         ahami@morganlewis.com
(31)     Michael J Hauser for U.S. Trustee United States Trustee (SA)
         michael.hauser@usdoj.gov
(32)     D Edward Hays for Creditor Philip Dowse
         ehays@marshackhays.com
(33)     Michael C Heinrichs for Interested Party Courtesy NEF
         mheinrichs@omm.com
(34)     Harry D. Hochman for Creditor Lehman ALI, Inc.
         hhochman@pszjlaw.com, hhochman@pszjlaw.com
(35)     Jonathan M Hoff for Interested Party Joint Provisional Liquidators of Lehman RE Ltd
         jonathan.hoff@cwt.com
(36)     Michelle Hribar for Plaintiff EMR Residential Properties LLC
         mhribar@rutan.com
(37)     John J Immordino for Creditor Arch Insurance Co.
         john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
(38)     Lawrence A Jacobson for Creditor BKF Engineers
         laj@cohenandjacobson.com
(39)     Stephen M Judson for Petitioning Creditor The Professional Tree Care Co
         sjudson@fablaw.com
(40)     David I Katzen for Interested Party Bethel Island Municipal Improvement District
         katzen@ksfirm.com
(41)     Christopher W Keegan for Creditor SC Master Holdings II LLC
         ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com;tshafroth@kirkland.com
(42)     Irene L Kiet for Creditor BNB Engineering, Inc.
         ikiet@hkclaw.com
(43)     Mark J Krone for Creditor Bond Safeguard Insurance Co
         mk@amclaw.com
(44)     Leib M Lerner for Creditor Steiny and Company, Inc.
         leib.lerner@alston.com
(45)     Peter W Lianides for Debtor Palmdale Hills Property, LLC
         plianides@winthropcouchot.com, pj@winthropcouchot.com
(46)     Charles Liu for Debtor Palmdale Hills Property, LLC
         cliu@winthropcouchot.com
(47)     Kerri A Lyman for Attorney Irell & Manella LLP
         klyman@irell.com
(48)     Mariam S Marshall for Creditor RGA Environmental, Inc.
         mmarshall@marshallramoslaw.com
(49)     Robert C Martinez for Creditor TC Construction Company, Inc
         rmartinez@mclex.com
(50)     Hutchison B Meltzer for Creditor Committee Joint Committee of Creditors Holding Unsecured Claims
         hmeltzer@wgllp.com
(51)     Krikor J Meshefejian for Interested Party Courtesy NEF
         kjm@lnbrb.com
(52)     Joel S. Miliband for Creditor RBF CONSULTING
         jmiliband@rusmiliband.com
(53)     James M Miller for Counter-Defendant SJD Development Corp.
         jmiller@millerbarondess.com
(54)     Louis R Miller for Plaintiff Palmdale Hills Property, LLC
         smiller@millerbarondess.com
(55)     Mike D Neue for Trustee Steven Speier
         mneue@thelobelfirm.com, csolorzano@thelobelfirm.com
(56)     Robert Nida for Creditor Kirk Negrete, Inc
         Rnida@castlelawoffice.com
(57)     Henry H Oh for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
         henry.oh@dlapiper.com, bambi.clark@dlapiper.com
(58)     Sean A Okeefe for Debtor Palmdale Hills Property, LLC
         sokeefe@okeefelc.com
(59)     Robert B Orgel for Creditor Lehman ALI, Inc.
         rorgel@pszjlaw.com, rorgel@pszjlaw.com
(60)     Penelope Parmes for Creditor EMR Residential Properties LLC
         pparmes@rutan.com
(61)     Ronald B Pierce for Creditor Griffith Company
         ronald.pierce@sdma.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          F 9013-3.1

| | |
|---|---|
| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER 08-17206-ES |

(62)    Katherine C Piper for Interested Party Anaverde, LLC
        kpiper@steptoe.com
(63)    Raymond A Policar for Creditor Williams+Paddon Architects+Planners, Inc.
        hausermouzes@sbcglobal.net
(64)    Cassandra J Richey for Creditor Patricia I Volkerts, as Trustee, et al
        cmartin@pprlaw.net
(65)    Debra Riley for Interested Party City of Palmdale
        driley@allenmatkins.com
(66)    Martha E Romero for Creditor San Bernardino County Tax Collector
        Romero@mromerolawfirm.com
(67)    John E Schreiber for Defendant Fenway Capital, LLC
        jschreiber@dl.com
(68)    William D Schuster for Creditor HD Supply Construction Supply LTD
        bills@allieschuster.org
(69)    Wendy W Smith for Creditor Castaic Union School District
        wendy@bindermalter.com
(70)    Steven M Speier for Trustee Steven Speier
        Sspeier@Squarmilner.com, ca85@ecfcbis.com
(71)    Michael St James for Creditor MBH Architects, Inc.
        ecf@stjames-law.com
(72)    James E Till for Trustee Steven Speier
        jtill@thelobelfirm.com, CSolorzano@thelobelfirm.com
(73)    United States Trustee (SA)
        ustpregion16.sa.ecf@usdoj.gov
(74)    Jason Wallach for Interested Party Courtesy NEF
        jwallach@gladstonemichel.com
(75)    Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
        joshua.wayser@kattenlaw.com
(76)    Christopher T Williams for Creditor Danske Bank A/S London Branch
        ctwilliams@venable.com, jcontreras@venable.com
(77)    Marc J Winthrop for Debtor Palmdale Hills Property, LLC
        pj@winthropcouchot.com
(78)    David M Wiseblood for Creditor Bethel Island Municipal Improvement District
        dwiseblood@seyfarth.com
(79)    Arnold H Wuhrman for Creditor Wayne Lee
        Wuhrman@serenitylls.com
(80)    Dean A Ziehl for Creditor LV Pacific Point, LLC
        dziehl@pszjlaw.com, dziehl@pszjlaw.com

## II.  SERVED BY U.S. MAIL

## III.  SERVED BY E-MAIL

(1) counsel for the Voluntary Debtors:
        Paul Couchot - pcouchot@winthropcouchot.com
        Marc J Winthrop - pj@winthropcouchot.com
        Charles Liu - cliu@winthropcouchot.com
(2) counsel for the Trustee Debtors:
        William Lobel - wlobel@thelobelfirm.com
(3) counsel for the Voluntary Debtors' Committee:
        Alan Friedman - afriedman@irell.com
        Kerri A Lyman - klyman@irell.com
(4) counsel for the Trustee Debtors' Committee:
        Lei Lei Wang Ekvall - lekvall@wgllp.com
        Hutchison B Meltzer - hmeltzer@wgllp.com
(5) Office of the United States Trustee:
        Michael Hauser - michael.hauser@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                        **F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 08-17206-ES |
|---|---|

Louis Miller - smiller@millerbarondess.com
Martin Pritikin – mpritikin@millerbarondess.com
Steven N. Speier (Chapter 11 Trustee, c/o Squar Nilner) - sspeier@squarmilner.com; ca85@ecfcbis.com
Edward Soto - edward.soto@weil.com; odalys.smith@weil.com; lori.seavey@weil.com
Carrolynn H. G. Callari - ccallari@venable.com
John Sieger - john.sieger@kattenlaw.com
Atty for Bond Safeguard & Lexon - mea@amclaw.com
Palmdale Hills Property, LLC and its related entities - bcook@suncal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                   **F 9013-3.1**