| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| CAROL G. UNRUH, ESQ.    SBN: 102929<br>WAYNE M. ABB, ESQ.    SBN: 091625<br>3000 S. ROBERTSON BLVD., SUITE 215<br>LOS ANGELES, CA 90034<br>310-842-9660<br>310-842-9664 fax<br><br>☐ Individual appearing without counsel<br>☒ Attorney for: MOVANT | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS<br>(Affects Only SunCal Beaumont Heights, LLC)<br><br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 8:08-bk-17206 ES<br>DATE: 1/19/10<br>TIME: 9:30 am<br>CTRM: 5A<br>FLOOR: 5th FL |
|---|---|

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**UNDER 11 U.S.C. § 362 (with supporting declarations)**
**(MOVANT:  SCOTT E. McDANIEL                              )**
**(Real Property)**

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. Hearing Location:  ☐ 255 East Temple Street, Los Angeles    ☒ 411 West Fourth Street, Santa Ana
                     ☐ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara
                     ☐ 3420 Twelfth Street, Riverside

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:
      ☐ at the hearing    ☐ at least _____ court days before the hearing.
      (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).
      (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.
      (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                    **F 4001-1M.RP**

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS (Affects Only SunCal Beaumont Heights, LLC) | | Debtor(s). | CASE NO.: 8:08-bk-17206 ES |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 12/22/09

LAW OFFICES OF CAROL G. UNRUH/WAYNE M. ABB
*Print Law Firm Name (if applicable)*

CAROL G. UNRUH
*Print Name of Individual Movant or Attorney for Movant*

*[signature]*
*Signature of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-1M.RP

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS (Affects Only SunCal Beaumont Heights, LLC) | | Debtor(s). | CASE NO.: 8:08-bk-17206 ES |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
**(MOVANT:** SCOTT E. McDANIEL **)**

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

   Street Address: **VACANT LAND**
   Apartment/Suite No.:
   City, State, Zip Code: **COUNTY OF RIVERSIDE, STATE OF CALIFORNIA**

   Legal description or document recording number (including county of recording):
   Recording No. 0342294 recorded in Riverside County California. APN: 421-140-007-7.
   ☐ See attached continuation page.

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary petition under Chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13 was filed on (specify date): 11/6/08
   b. ☐ An Order of Conversion to Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (specify date):
   c. ☐ Plan was confirmed on (specify date):
   d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**
   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:
      (1) ☒ Movant's interest in the Property is not adequately protected.
         (a) ☐ Movant's interest in the collateral is not protected by an adequate equity cushion.
         (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
         (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).
         (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.
      (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
         (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
         (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.
         (c) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.
         (d) ☐ Other (See attached continuation page).

         SEE CONTINUATION PAGE 4a

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                               **F 4001-1M.RP**

F 4001-1M.RP

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS (Affects Only SunCal Beaumont Heights, LLC) | | Debtor(s). | CASE NO.: 8:08-bk-17206 ES |

  (3) ☐ *(Chapter 12 or 13 cases only)*
    (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.
    (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.
  (4) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.  SEE CONTINUATION PAGE 4a

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:
  (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or
  (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
 a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
 b. ☐ Other Declaration(s) are also attached in support of this Motion.
 c. ☒ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit  6 & 8 .
 d. ☒ Other evidence *(specify)*:  Lehman Lenders Proposed First Amended Joint Chapter 11 Plan – Exhibit 7; SunCal Beaumont Heights Schedules A, D. & E – Exhibit 9

6. ☐ An optional Memorandum of Points and Authorities is attached to this Motion.

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☒ Additional provisions requested:
 a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
 b. ☒ That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.
 c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

**F 4001-1M.RP**

CONTINUATION PAGE 4a

GROUNDS FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362(d)(1):

Movant's predecessor in interest, Timcor Exchange Corporation, was the beneficiary of a note in the amount of $500,000 secured by a first deed of trust on vacant land in the County of Riverside, the subject of this motion. The note was entered into on or about 4/13/05 but was endorsed to Movant on 5/2/05. (Exhibit 2). The deed of trust was recorded on 4/29/05 with the assignment of that deed of trust to Movant recorded on 5/9/05. (Exhibits 1 and 3).

The note provides for a payment of interest only at 7.5% in the amount of $3125.00 on the 13th of each month. The note matures by its own terms on 7/13/08 with all principal and interest being due at that time. (Exhibit 2).

Movant did not receive his monthly interest resulting in a recording of a Notice of Default on 7/17/08. (Exhibit 4). The Notice of Sale was recorded on 10/21/08 with a sale date set for 11/12/08. (Exhibit 5). Debtor filed its chapter 11 on 11/6/08 and the sale did not go forward. Movant is uncertain of any continued date.

Debtor's Third Amended Joint Chapter 11 Plan provides that Movant will retain his lien on the subject property and may pursue his state law remedies as to that property only and seek nothing from the debtor. Pursuit of state law remedies can be done on the effective date of the plan which date shall not be later than 60 days after the date of confirmation. (Exhibit 6).

The First Amended Joint Chapter 11 Plan proposed by Lehman Lenders provides for abandonment or surrender of the subject property to Movant, a cash payment to be agreed upon by the parties or the ability to proceed with available state law remedies as to the collateral. All 3 of these alternatives occur on the effective date of the plan which is no later than the 60th day after confirmation. (Exhibit 7). Movant has not been approached with a cash offer and will proceed with his state law rights as to the collateral.

Movant requests relief from stay under 11 U.S.C. § 362(d)(1) for lack of adequate protection. Since the inception of the foreclosure process, Movant has not received any interest payments. The note has now matured by its own terms and no payment has been received. At a minimum the principal of $500,000 is due and owing. Both plans, referred to above, provide for a secured creditor in Movant's situation to proceed with foreclosure. Only the Lehman Lenders' proposed plan indicates the possibility of a cash offer but nothing has been forthcoming. The original hearing date for the plan of Lehman Lenders was 10/15/09. Had the cash alternative been available to Movant, it would have been brought forth by now. In the current economic downturn, Movant believes the only



Page 6 of 21

viable solution for all parties will be foreclosure. Without some form of monetary compensation, the amount owing to Movant increases while the value of the collateral does not. Movant's financial position is eroding and there is no prospect of improvement.

Movant acknowledges there is a Fourth Amended Joint Chapter 11 Plan proposed by Debtors. Movant assumes there is no change in his treatment in this fourth amended plan as there are no current economic conditions which would bring about a different result.

GROUNDS FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362(d)(2):

Debtors' Third Amended Joint Disclosure Statement Describing Debtors' Third Amended Joint Chapter 11 Plan indicates a value of $1,200,000 for the SunCal Beaumont Heights project. The Lehman Lenders' appraisal agrees with this value of $1,200,000. (Exhibit 8). Movant's collateral represents approximately 75 acres of the 1191 acres in this project or 6.3% of the total. Movant's collateral therefore is $75,566 of the $1,200,000 value.

The value of $1,200,000 seems to be net of the portions of the project that are expected to be lost through foreclosure by third-party seller financing lienholders. (Exhibit 8). It appears that both Debtor and Lehman Lenders have factored in foreclosure by beneficiaries such as Movant. It would appear there is no need for Movant's collateral in a reorganization.

Debtor SunCal Beaumont Heights' schedules A and D do not specify a value for the 1191 acre project. Schedule D does include all the secured lenders for the SunCal Beaumont Heights project. The total of those encumbrances is $284,191,267.08, far outdistancing the $1,200,000 value. There are also due and owing Riverside County taxes in the pre petition amount of $163,082.39. (Exhibit 9).

Lastly, Movant's collateral is land locked with an easement for electric lines both overhead and underground. That easement was recorded on 7/24/1975. (Exhibit 10). Movant's property can only be utilized as part of a bigger project as it has no potential for development independently.

For the reasons stated above, the subject property can have no equity for Debtors and cannot represent a necessary element of any reorganization.

Motion for Relief from Stay (Real Property) - Page 5 of 21    **F 4001-1M.RP**

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS (Affects Only SunCal Beaumont Heights, LLC) | | Debtor(s). | CASE NO.: 8:08-bk-17206 ES |

d. ☐ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 12/22/09

Respectfully submitted,

SCOTT E. McDANIEL
*Movant Name*

LAW OFFICES OF CAROL G. UNRUH/WAYNE M. ABB
*Firm Name of Attorney for Movant (if applicable)*

By: /s/ Carol G. Unruh
*Signature*

Name: CAROL G. UNRUH
*Typed Name of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    **F 4001-1M.RP**