1  LOUIS R. MILLER, State Bar No. 54141
   smiller@millerbarondess.com
2  MARTIN PRITIKIN, State Bar. No. 210845
   mpritikin@millerbarondess.com
3  BRIAN PROCEL, State Bar No. 218657
   bprocel@millerbarondess.com
4  **MILLER BARONDESS, LLP**
   1999 Avenue of the Stars, Suite 1000
5  Los Angeles, California 90067
   Telephone: (310) 552-4400
6  Facsimile: (310) 552-8400

7  Special Litigation Counsel
   for the Debtors and Debtors-in-Possession

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Palmdale Hills Property, LLC, and its Related Debtors,<br>    Jointly Administered Debtors<br>    and Debtors-in-Possession<br><br>Affects:<br><br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC,<br>☒ SunCal Beaumont Heights, LLC<br>☒ SCC/Palmdale, LLC<br>☒ SunCal Johannson Ranch, LLC<br>☒ SunCal Summit Valley, LLC<br>☒ SunCal Emerald Meadows LLC<br>☒ SunCal Bickford Ranch, LLC<br>☒ Acton Estates, LLC<br>☒ Seven Brothers LLC<br>☒ SJD Partners, Ltd.<br>☒ SJD Development Corp.<br>☒ Kirby Estates, LLC<br>☒ SunCal Communities I, LLC<br>☒ SunCal Communities III, LLC<br>☒ SCC Communities LLC<br>☒ North Orange Del Rio Land, LLC<br>☒ Tesoro SF, LLC<br>☒ LBL-SunCal Oak Valley, LLC<br>    *Caption Continued on Next Page* | Case No. 8:08-bk-17206-ES<br><br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES<br>8:08-bk-17224-ES; 8:08-bk-17242-ES<br>8:08-bk-17225-ES; 8:08-bk-17245-ES<br>8:08-bk-17227-ES; 8:08-bk-17246-ES<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES<br>8:08-bk-17249-ES; 8:08-bk-17573 ES<br>8:08-bk-17574 ES; 8:08-bk-17575 ES<br><br>Chapter 11 cases<br><br>**SUPPLEMENT TO AMENDED JOINT APPLICATION OF RELATED DEBTORS-IN-POSSESSION AND DEBTORS REPRESENTED BY CHAPTER 11 TRUSTEE FOR AUTHORITY TO EMPLOY MILLER BARONDESS, LLP AS SPECIAL LITIGATION COUNSEL FOR MATTERS IN THE BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>Date: February 26, 2010<br>Time: 10:00 a.m.<br>Crtrm: 5A<br><br>[11 U.S.C. § 327(e)] |

60804.3

SUPPLEMENT TO AMENDED JOINT APPLICATION

1 | *Continued from Previous Page*

2 | ☒ SunCal Heartland, LLC
3 | ☒ LBL-SunCal Northlake, LLC
  | ☒ SunCal Marblehead, LLC
4 | ☐ SunCal Century City, LLC
5 | ☒ SunCal PSV, LLC
  | ☒ Delta Coves Venture, LLC
6 | ☒ SunCal Torrance, LLC
7 | ☒ SunCal Oak Knoll, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENT TO AMENDED JOINT APPLICATION

60804.3

**TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE, AND OTHER PARTIES IN INTEREST:**

Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC, SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers, LLC, SJD Partners, Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC, SunCal Communities III, LLC, SCC Communities LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC, the jointly administered related debtors and debtors-in-possession herein (the "Related Debtors" or "Voluntary Debtors"), and Steven M. Speier, the duly appointed trustee ("Trustee") for the Chapter 11 estates of LB/L-SunCal Oak Valley, LLC, LB/L SunCal Northlake, LLC, SunCal PSV, LLC, Delta Coves Venture, LLC, SunCal Torrance LLC, SunCal Oak Knoll, LLC, SunCal Marblehead, LLC, SunCal Heartland, LLC (the "Trustee Debtors") (collectively with the Related Debtors, the "Debtors"), hereby apply, pursuant to 11 U.S.C. § 327(e) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1(b), for an order amending the employment application filed by Miller Barondess, LLP ("Miller Barondess") as special litigation counsel, originally effective as of January 6, 2009, on the terms and conditions described herein.

**This Application has been amended in the following manner: (1) it is now filed on behalf of the Trustee Debtors—with the exception of SunCal Century City, LLC—and the Voluntary Debtors, rather than only on behalf of the Voluntary Debtors; and (2) Paragraph 25 of the Application is revised at the Trustee's request in order to narrow the scope of the Miller Barondess's employment.**

This Application is made and based upon the attached Memorandum of Points and Authorities and the Declaration of Louis R. Miller (the "Miller Declaration"), and upon any additional evidence, both oral and documentary, that may be presented to the Court at or before the time of the hearing on this Application, if any should be held on this Application.

In support of this Application, the Debtors respectfully represent as follows:

**PREFATORY STATEMENT**

1.  This amended employment application is being filed, effective January 1, 2010, as a result of several occurrences in these related Chapter 11 cases as to both the scope of Miller Barondess's services and its potential sources of payment. As set forth in the accompanying declaration of Louis R. Miller, until recently, third party sources outside of the bankruptcy have been funding the adversary action being handled by Miller Barondess, although Miller Barondess reserved the right to seek payments from the estates on matters relating to the adversary proceeding as discussed below. The third party sources have been the bond companies, Arch and Bond Safeguard, and The SunCal Companies ("SunCal").

2.  As to the scope of the services, Miller Barondess initially agreed to be compensated from the Debtors' estates only for matters directly relating to the pending adversary proceeding against the Lehman Entities. For reasons outlined below, the issues raised in the adversary proceeding have also been raised as material issues in several contested matters before this Court, including matters in which Miller Barondess has been the only counsel acting for the Trustee Debtors.

3.  As to the sources of payment, at the time of its retention in late 2008, Miller Barondess was under the impression that there were no unencumbered funds to either pay Miller Barondess a retainer or its fees on a monthly basis. Consequently, Miller Barondess agreed that it would receive payments from the SunCal Companies ("SunCal") and the two bond companies, Arch and Bond Safeguard, with the qualification that any and all of the parties could discontinue funding at any time.

4.  Approximately one year later, the Debtors were able to enter into a stipulation with the Lehman Entities that allowed approximately $8 million of cash formerly alleged to be encumbered to be used to pay the fees of employed professionals that were permitted to be paid from the estate's assets.

3
SUPPLEMENT TO AMENDED JOINT APPLICATION

60804.3

5. Since that time, Arch and Bond Safeguard have given notice that they no longer will fund the adversary action and that they believe it is appropriate for the estates to fund the adversary action; and SunCal similarly believes that the estates should fund that action.

6. Miller Barondess understands there soon will be discussions between the bond companies, SunCal and the estates regarding how to fund the adversary action. Miller Barondess is willing to accept any reasonable arrangement that the estates, the bond companies and/or SunCal reach with respect to funding of the adversary action – the success of which is critical to the creditors being paid on their claims. Miller Barondess believes strongly in the merits of the case and has done, and will continue to do, its very best to prevail; but in the meantime, Miller Barondess needs to be paid on an ongoing basis to avoid severe harm and prejudice to the firm and its prosecution of the case.

## BACKGROUND

Related Debtors

7. On November 6, 7, and 19, 2008, the Related Debtors filed their respective voluntary petitions under Chapter 11 of the United States Bankruptcy Code. The Related Debtors are managing their respective affairs and property as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. In particular, the following related chapter 11 petitions were filed on the following dates:

| Case Name | Case Number | Petition Date |
| --- | --- | --- |
| Palmdale Hills Property, LLC | 8:08-17206 ES | November 6, 2008 |
| SunCal Beaumont Heights, LLC | 8:08-17209 ES | November 6, 2008 |
| SCC/Palmdale, LLC | 8:08-17224 ES | November 7, 2008 |
| SunCal Johannson Ranch LLC | 8:08-17225 ES | November 7, 2008 |
| SunCal Summit Valley LLC | 8:08-17227 ES | November 7, 2008 |
| SunCal Emerald Meadows LLC | 8:08-17230 ES | November 7, 2008 |
| SunCal Bickford Ranch LLC | 8:08-17231 ES | November 7, 2008 |
| Acton Estates, LLC | 8:08-17236 ES | November 7, 2008 |
| Seven Brothers LLC | 8:08-17240 ES | November 7, 2008 |
| SJD Partners, Ltd. | 8:08-17242 ES | November 7, 2008 |

| Case Name | Case Number | Petition Date |
|---|---|---|
| SJD Development Corp. | 8:08-17245 ES | November 7, 2008 |
| Kirby Estates, LLC | 8:08-17246 ES | November 7, 2008 |
| SunCal Communities I, LLC | 8:08-17248 ES | November 7, 2008 |
| SunCal Communities III, LLC | 8:08-17249 ES | November 7, 2008 |

8. On or about November 10, 2008, the foregoing Related Debtors filed a Motion for Joint Administration of their cases. On November 19, 2008, this Court entered an order jointly administering these cases under the lead case Palmdale Hills Property, LLC, Case No. 8:08-bk-17206-ES.

9. On November 19, 2008, the following three additional Related Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code:

| Case Name | Case Number | Petition Date |
|---|---|---|
| SCC Communities LLC | 8:08-17573 ES | November 19, 2008 |
| North Orange Del Rio Land, LLC | 8:08-17574 ES | November 19, 2008 |
| Tesoro SF, LLC | 8:08-17575 ES | November 19, 2008 |

10. On or about December 4, 2008, this Court entered orders authorizing the joint administration of these cases with the other, previously-filed cases.

**Trustee Debtors[1]**

11. On November 12, 14, and 19, 2008, involuntary petitions were filed against the Trustee Debtors under Chapter 11 of the United States Bankruptcy Code. These bankruptcy proceedings were initiated by involuntary petitions due, as explained below, to certain Lehman-affiliated equity holders' refusal to provide required consents to the filing of voluntary bankruptcy petitions by the Trustee Debtors.[2]

---

[1] "Trustee Debtors" refers herein to Steven M. Speier, the duly appointed trustee ("Trustee") for the Chapter 11 estates of LB/L-SunCal Oak Valley, LLC, LB/L SunCal Northlake, LLC, SunCal PSV, LLC, Delta Coves Venture, LLC, SunCal Torrance LLC, SunCal Oak Knoll, LLC, SunCal Marblehead, LLC, SunCal Heartland, LLC.

[2] *See* Declaration of Bruce V. Cook filed in support of Emergency Motion for Joint Administration [D.E. #4] ("Cook Decl."), at ¶ 4. Three other bankruptcy cases involving affiliates of the Debtors are pending before this Court, Case Nos. 8:08-bk-15637-ES; 8:08-bk-15639-ES; and 8:08-bk-15640-ES. These affiliated entities are not parties to this Application.

5
SUPPLEMENT TO AMENDED JOINT APPLICATION

60804.3

12. In particular, the following related chapter 11 petitions were filed on the following dates:

| Case Name | Case Number | Petition Date |
|---|---|---|
| LBL-SunCal Oak Valley, LLC | 8:08-17404-ES | November 12, 2008 |
| SunCal Heartland, LLC | 8:08-17407-ES | November 12, 2008 |
| LBL-SunCal Northlake, LLC | 8:08-17408-ES | November 12, 2008 |
| SunCal Marblehead, LLC | 8:08-17409-ES | November 12, 2008 |
| SunCal Century City, LLC | 8:08-17458-ES | November 14, 2008 |
| SunCal PSV, LLC | 8:08-17465-ES | November 14, 2008 |
| Delta Coves Venture, LLC | 8:08-17470-ES | November 14, 2008 |
| SunCal Torrance, LLC | 8:08-17472-ES | November 14, 2008 |
| SunCal Oak Knoll, LLC | 8:08-17588-ES | November 19, 2008 |

13. On or about January 8, 2009, this Court entered orders for relief in the involuntary bankruptcy cases.

14. On or about January 15, 2009, orders appointing a trustee were entered as to all of the Trustee Debtors. Thereafter, the Office of the United States Trustee appointed Mr. Speier as the Trustee. Accordingly, these debtors are no longer referred to as involuntary debtors, but simply as the "Trustee Debtors" (to distinguish them from the "Related Debtors"). On or about January 28, 2009, a motion was filed seeking joint administration of the Trustee Debtors' estates with those of the Related Debtors, to which Lehman has filed objections, which was subsequently granted.

**The Lehman Adversary Proceeding**

15. The Debtors are entities that were formed to develop various residential real estate projects located throughout the western United States (the "Projects"). Starting several years ago, the Debtors received loans from Lehman Brothers Holdings, Inc. ("Lehman Holdings"), through its subsidiaries Lehman ALI, Inc. ("Lehman ALI") and/or Lehman Commercial Paper ("LCP"), totaling approximately $2.3 billion.[3] Pursuant to various agreements between the Debtors and Lehman (the "Agreements"), Lehman committed, among other things, to fund the continuing

costs necessary to preserve the value of the Projects. The amounts loaned by Lehman and to be advanced by Lehman pursuant to the Agreements and other documents were secured by, among other things, first priority trust deeds on the Projects.

16. In reliance on Lehman's promises of continued funding made before, under, and after the execution of the Agreements, and following Lehman's taking financial control of the Projects, the Debtors incurred million of dollars in additional indebtedness in third-party vendor work. Lehman thereafter breached its promises to pay the creditors of the Projects by terminating funding of the Projects and failing to pay outstanding payables. As a result, there is approximately $370 million claimed owed to approximately 240 creditors. There have also been public health and safety issues at several of the Projects.

17. In pursuit of this course of conduct, among other things: Lehman secretly transferred ownership of many of the loans at issue to third parties such as Fenway Capital LLC ("Fenway'); Lehman-affiliated equity members refused to consent to the filing of voluntary bankruptcy petitions for the Trustee Debtors where such consents were required, forcing creditors to initiate involuntary Chapter 11 proceedings for those entities; Lehman ALI withdrew millions of dollars from an account that was to be restricted for critical needs for certain of the Projects, and improperly filed notices of default on several of the Trustee Debtors' Projects, before bankruptcy petitions were even filed against those Debtors. All of this was overseen and directed by the senior leadership within Lehman, both before and after Lehman's bankruptcy.

18. On January 6, 2009, the Related Debtors, creditors and equity members of the Trustee Debtors, and other signatories to the Agreements with Lehman, filed an adversary proceeding against Lehman ALI and other Lehman entities, seeking, among other things, to equitably subordinate Lehman ALI's liens and other Lehman entities' claims and interests due to their inequitable conduct that has resulted in damage to the Debtors and their creditors (the "Lehman Adversary Proceeding"). After Mr. Speier was named as Trustee of the Trustee Debtors, a First Amended Complaint was filed naming the Trustee as plaintiff on behalf of the Trustee

---

[3] Unless otherwise indicated, Lehman Holdings, Lehman ALI, LCP, and other Lehman-related entities

Debtors. A Second Amended Complaint was deemed filed as of March 20, 2009. A Third Amended Complaint, which added Fenway and others as defendants and included new causes of action, was filed on July 10, 2009.

**Miller Barondess's Original Employment Application**

19. On February 20, 2009, the Related Debtors and the Trustee, on behalf of the Trustee Debtors, filed their Applications for Authority to Employ Miller Barondess as Special Litigation Counsel for Matters in Bankruptcy Court for the Central District of California (the "Employment Application").

20. Thereafter, on June 24, 2009, the Court entered its Order granting the Employment Application.

21. At that the time the original Employment Application was filed, the parties did not believe there would be unencumbered money in the estates available to pay Miller Barondess's fees. It was suggested that Miller Barondess seek payment from sources outside of the bankruptcy. As such, Miller Barondess was retained by SunCal Management, LLC, ("SunCal Management"), as the manager of the Projects owned, directly or indirectly, by one or more of the Debtors, and by SCC Acquisitions, Inc. and certain other direct or indirect owners of the Debtors (all of which are wholly-owned indirectly by SCC Acquisitions, LLC ("SCC LLC")) (collectively, "SunCal"), to render services on behalf of the Debtors. *Id.* The bond companies who had issued bonds in connection with the Projects—Bond Safeguard Insurance Co. and Arch Insurance Co.—also agreed to jointly fund the litigation of the Lehman Adversary Proceeding with the qualification that any and all parties could discontinue funding at any time.

22. Under the terms of the original Employment Application, Miller Barondess's fees and costs were to be divided among Arch, Bond Safeguard and SunCal. The parties agreed to allocate the fees as follows: 40 percent would be paid by Arch, and 30 percent would be paid by Bond Safeguard and SunCal each.

---

are hereinafter collectively referred to as "Lehman."

23. Pursuant to the terms of the original Employment Application and in connection with the bankruptcy generally, SunCal has paid general insolvency and special litigation counsel for the Debtors and the counsel for the involuntary Creditors' Committee in excess of $1.5 million out of its own pocket. SunCal also has absorbed the substantial overhead costs in managing the various projects, with respect to which it has filed administrative claims in excess of $10 million and which continue to accrue.

## AMENDED SCOPE OF EMPLOYMENT

24. The Debtors seek to amend the scope of the original Employment Application filed by Miller Barondess in connection with the Adversary Proceeding, effective as of January 1, 2010.

25. Miller Barondess's services will include representation of the Debtors in matters relating to the Adversary Proceeding before this Court, and advice and counsel related to such litigation. Miller Barondess seeks to be employed in connection with matters relating to the Adversary Proceeding, including contested matters relating to the Debtors' estates. These matters include, but are not limited to: (1) litigation involving the Adversary Proceeding; (2) discovery relating to the Motion for Substantive Consolidation to the extent the issues overlap with the Adversary Proceeding; and (3) any appeals relating to the foregoing categories. The services to be rendered by Miller Barondess in connection with the Bankruptcies will not be duplicative of the services rendered by the Debtors' bankruptcy counsel—Winthrop Couchot PC or The Lobel Firm—or any other professionals employed or to be employed by the Debtors.

## TERMS OF RETENTION AND COMPENSATION

26. The current standard hourly rates for the individual attorneys that Miller Barondess anticipates will render services to the Related Debtors are as follows: (1) Louis R. Miller-$900.00; (2) Brian Procel-$550.00; (3) Martin Pritikin-$525.00; (4) James Miller-$425.00; and (5) Selia Acevedo-$425. In lieu of the firm's standard hourly rates, and as an accommodation while reserving the right to seek full hourly rates later in the case, Miller Barondess proposes to continue charging a reduced blended hourly rate of $450 and $195 for paralegals. Such rates are subject to change from time to time. *See* Declaration of Louis R. Miller filed in conjunction with the original Employment Application ("1st Miller Decl.") ¶ 6.

27.     Miller Barondess will record its time for services rendered as set forth in the applicable rules and guidelines of the Bankruptcy Court. Miller Barondess will seek approval and payment of its fees and reimbursement of its expenses from this Court or otherwise as required by any Bankruptcy Court Local Rules, the procedures set forth in the United States Trustee Guidelines for compensation and reimbursement of expenses, and/or other applicable rules or guidelines.

28.     Miller Barondess requests that it be authorized to obtain from the Debtors payment of Miller Barondess's accruing fees and costs on a monthly basis. Miller Barondess will file with the Court a monthly Professional Fee Statement, attaching a copy of Miller Barondess's monthly invoice with respect to fees for professional services rendered to the Debtors, and for reimbursement of expenses incurred on behalf of the Debtors, and serve copies of the invoice on the Debtors, the Office of the United States Trustee, and all creditors and parties in interest entitled to notice. If no written objection is filed with respect to the amount of Miller Barondess's monthly invoice within ten (10) days after the service of such invoice on the various parties-in-interest, the Debtors shall pay the monthly invoice. If a written objection to Miller Barondess's monthly invoice is filed by a party-in-interest, the Debtors will refrain from paying the disputed portion. Miller Barondess may file an application with the Court seeking allowance of its fees and costs incurred to date and paid pursuant to such monthly payment procedure.

29.     Miller Barondess intends to apply to this Court for compensation in conformity with the requirements of Bankruptcy Code Sections 328, 330 and 331. Miller Barondess understands that its compensation in the Debtors' cases will be subject to the approval of the Court. No funds paid to Miller Barondess pursuant to the proposed monthly payment procedure will be deemed to be allowed by the Court. All funds paid to Miller Barondess pursuant to the proposed monthly payment procedure will be subject to allowance by the Court, upon appropriate application and noticed hearing.

30.     At the conclusion of this case, Miller Barondess will file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid to Miller Barondess. Miller Barondess further reserves the right in such event to petition this

10

SUPPLEMENT TO AMENDED JOINT APPLICATION

60804.3

1 | Court to retroactively recoup from the Debtors' estates the difference between the discounted
2 | attorneys fee and paralegal rates and the standard rates, or such portion of the difference as this
3 | Court finds just and reasonable under the circumstances. Upon allowance of the aforementioned
4 | fees and costs, the Debtors will pay to Miller Barondess the difference between the amounts
5 | allowed to Miller Barondess and any interim compensation paid to Miller Barondess.

6 |     31. The Debtors and Miller Barondess understand and agree that the proposed compensation arrangement is subject to the provisions of Section 328 of the Bankruptcy Code, which authorizes this Court to allow compensation different from what is provided herein if the fee arrangement provided for herein appears, in retrospect, to have been improvident in light of developments unanticipated at the outset of the case. [11 U.S.C. §328(a)]. Miller Barondess understands and agrees that, if aggregate interim payments made to Miller Barondess exceed the amount that is ultimately allowed to Miller Barondess, Miller Barondess will be required to, and will, promptly repay to the Debtors such difference.

    32. On December 23, 2009, the Court entered that certain Stipulation by Lehman ALI, Inc., Lehman Commercial Paper Inc., Northlake Holding LLC, OVC Holdings LLC and Voluntary Debtors Pursuant to 11 U.S.C. §§ 362, 363, and 364: (1) Authorizing the Use of Cash Collateral and Alleged Unencumbered Cash; (2) Approving Postpetition Financing; (3) Providing Administrative Expense Status; and (4) Modifying Automatic Stay to the Extent Necessary (the "Voluntary Debtors' Financing Stipulation") [D.E. #899].

    33. Paragraph 9 of the Voluntary Debtors' Financing Stipulation states, in pertinent part:

> The Lehman Entities consent to the use by the Voluntary Debtors of the Alleged Unencumbered Cash held by the Voluntary Debtors solely for the purpose of paying the reasonable fees and expenses incurred by professionals retained in the Voluntary Debtors' Cases and, at the Voluntary Debtors' option, to make loans to the Trustee Debtors for the purpose of paying the professionals retained in the Trustee Debtors' Cases. The Lehman Entities hereby assert their position that the order approving the retention of Miller Barondess LLP ("Miller Barondess") entered by the Court on June 24, 2009 does not permit payment of fees and costs to Miller Barondess from the Alleged Unencumbered Cash without a further order of the Court.

34. The Debtors hereby request court approval for the Related Debtors to loan money to the Trustee Debtors pursuant to the foregoing paragraph in order to pay Miller Barondess's fees on an ongoing basis. For the resolution of doubt, the Debtors intend, and hereby request, that the order approving this Application shall constitute the "further order of the Court" referred to in the foregoing paragraph, and that no further order of the Court would be required thereafter to permit the loaning of "Alleged Unencumbered Funds" from the Voluntary Debtors to the Trustee Debtors for purposes of paying fees and costs to Miller Barondess.

## MILLER BARONDESS DOES NOT REPRESENT OR HOLD ANY ADVERSE INTEREST

35. The original Employment Application and Paragraphs 12 through 16 of the Declaration of Louis R. Miller filed concurrently therewith, established that Miller Barondess does not represent or hold any interest adverse to any of the Debtors or to their respective estates with respect to the matter on which Miller Barondess is to be employed in these bankruptcy cases within the meaning of 11 U.S.C. § 327(e). They also disclosed Miller Barondess's prior or current representation of various SunCal affiliates in unrelated matters. Since the filing of the original Employment Application, there have been no new developments regarding these issues.

## CONCLUSION

36. Based on the foregoing, the Debtors believe that the retention of Miller Barondess as special litigation counsel to represent each of them according to the amended terms set forth herein is in the best interests of the Debtors and their respective estates and creditors.

**WHEREFORE**, the Debtors respectfully request that this Court enter an Order: (1) approving this Amended Application, effective January 1, 2010; and (2) providing such other and further relief as is just and proper.

Respectfully submitted,

Dated: February 5, 2010

MILLER BARONDESS, LLP

By: /s/ Selia M. Acevedo

Selia M. Acevedo
Special Litigation Counsel to Jointly
Administered Debtors in Possession

Dated: February 5, 2010

Palmdale Hills Property, LLC
SunCal Beaumont Heights, LLC
SCC/Palmdale, LLC
SunCal Johannson Ranch, LLC
SunCal Summit Valley, LLC
SunCal Emerald Meadows, LLC
SunCal Bickford Ranch, LLC
Acton Estates, LLC
Seven Brothers, LLC
SJD Partners, Ltd.
SJD Development Corp.
Kirby Estates, LLC
SunCal Communities I, LLC
SunCal Communities III, LLC
North Orange Del Rio Land, LLC
SCC Communities LLC
Tesoro SF, LLC

By: /s/ Bruce V. Cook

Bruce V. Cook
General Counsel

Dated: February 5, 2010

By: /s/ Steven Speier

Steven Speier
Chapter 11 Trustee for the estates of LBL-SunCal Oak Valley, LLC, SunCal Heartland, LLC, LBL-SunCal Northlake, LLC, SunCal Marblehead LLC, LLC, SunCal PSV, LLC, SunCal Torrance, LLC, SunCal Oak Knoll, LLC, and Delta Coves Venture, LLC

13
SUPPLEMENT TO AMENDED JOINT APPLICATION

60804.3

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC | CASE NUMBER 8:08-BK-17206-ES |
| Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1999 Avenue of the Stars, Suite 1000, Los Angeles CA 90067

A true and correct copy of the foregoing document(s) described **(1) SUPPLEMENT TO AMENDED JOINT APPLICATION OF RELATED DEBTORS-IN-POSSESSION AND DEBTORS REPRESENTED BY CHAPTER 11 TRUSTEE FOR AUTHORITY TO EMPLOY MILLER BARONDESS, LLP AS SPECIAL LITIGATION COUNSEL FOR MATTERS IN THE BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 8, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **February 8, 2010** I caused the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding to be served by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 8, 2010** I caused the following person(s) and/or entity(ies) to be served by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 8, 2010 | Selia Acevedo | s/ Selia Acevedo |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    **F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:08-BK-17206-ES |
|---|---|

## SERVICE LISTS

I. **Served by NEF**
- Selia M Acevedo
  sacevedo@millerbarondess.com,
  mpritikin@millerbarondess.com;bpr
  ocel@millerbarondess.com
- Joseph M Adams
  jadams@sycr.com
- Raymond H Aver
  ray@averlaw.com
- James C Bastian
  jbastian@shbllp.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw
  mbradshaw@shbllp.com
- Brendt C Butler
  BButler@rutan.com
- Carollynn Callari
  ccallari@venable.com
- Dan E Chambers
  dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson
  vrc@paynefears.com
- Vincent M Coscino
  emurdoch@allenmatkins.com
- Paul J Couchot
  pcouchot@winthropcouchot.com,
  pj@winthropcouchot.com;sconnor@
  winthropcouchot.com
- Jonathan S Dabbieri
  dabbieri@shlaw.com
- Ana Damonte
  ana.damonte@pillsburylaw.com
- Melissa Davis
  mdavis@shbllp.com
- Daniel Denny
  ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning
  ddunning@dunningLaw.com

- Joseph A Eisenberg
  jae@jmbm.com
- Lei Lei Wang Ekvall
  lekvall@wgllp.com
- Richard W Esterkin
  resterkin@morganlewis.com
- Marc C Forsythe
  kmurphy@goeforlaw.com
- Alan J Friedman
  afriedman@irell.com
- Christian J Gascou
  cgascou@gascouhopkins.com
- Barry S Glaser
  bglaser@swjlaw.com
- Robert P Goe
  kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;mforsythe@go
  eforlaw.com
- Eric D Goldberg
  egoldberg@stutman.com
- Kelly C Griffith
  bkemail@harrisbeach.com
- Matthew Grimshaw
  mgrimshaw@rutan.com
- Asa S Hami
  ahami@morganlewis.com
- Michael J Hauser
  michael.hauser@usdoj.gov
- D Edward Hays
  ehays@marshackhays.com
- Michael C Heinrichs
  mheinrichs@omm.com
- Harry D. Hochman
  hhochman@pszjlaw.com,
  hhochman@pszjlaw.com
- Jonathan M Hoff
  jonathan.hoff@cwt.com
- Michelle Hribar
  mhribar@rutan.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    F 9013-3.1

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC | CASE NUMBER 8:08-BK-17206-ES |
| Debtor(s). | |

- John J Immordino
  john.immordino@wilsonelser.com,
  raquel.burgess@wilsonelser.com
- Lawrence A Jacobson
  laj@cohenandjacobson.com
- Michael J Joyce
  mjoyce@crosslaw.com
- Stephen M Judson
  sjudson@fablaw.com
- David I Katzen
  katzen@ksfirm.com
- Christopher W Keegan
  ckeegan@kirkland.com,
  emilee@kirkland.com;alevin@kirkland.com;tshafroth@kirkland.com
- Irene L Kiet    ikiet@hkclaw.com
- Mark J Krone    mk@amclaw.com,
  crs@amclaw.com;amc@amclaw.com
- Leib M Lerner
  leib.lerner@alston.com
- Peter W Lianides
  plianides@winthropcouchot.com,
  pj@winthropcouchot.com
- Charles Liu
  cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall
  mmarshall@marshallramoslaw.com
- Robert C Martinez
  rmartinez@mclex.com
- Hutchison B Meltzer
  hmeltzer@wgllp.com
- Krikor J Meshefejian
  kjm@lnbrb.com
- Joel S. Miliband
  jmiliband@rusmiliband.com
- James M Miller
  jmiller@millerbarondess.com
- Louis R Miller
  smiller@millerbarondess.com

- Mike D Neue
  mneue@thelobelfirm.com,
  csolorzano@thelobelfirm.com
- Robert Nida
  Rnida@castlelawoffice.com
- Henry H Oh
  henry.oh@dlapiper.com,
  bambi.clark@dlapiper.com
- Sam S Oh    sam.oh@limruger.com,
  alisia.dunbar@limruger.com;julie.yu@limruger.com;amy.lee@limruger.com
- Sean A Okeefe
  sokeefe@okeefelc.com
- Robert B Orgel
  rorgel@pszjlaw.com,
  rorgel@pszjlaw.com
- Penelope Parmes
  pparmes@rutan.com
- Ronald B Pierce
  ronald.pierce@sdma.com
- Raymond A Policar
  hausermouzes@sbcglobal.net
- Cassandra J Richey
  cmartin@pprlaw.net
- Debra Riley
  driley@allenmatkins.com
- Martha E Romero
  Romero@mromerolawfirm.com
- John E Schreiber
  jschreiber@dl.com
- William D Schuster
  bills@allieschuster.org
- Christopher P Simon
  csimon@crosslaw.com
- Wendy W Smith
  wendy@bindermalter.com
- Steven M Speier
  Sspeier@Squarmilner.com,
  ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1

| In re: <br> PALMDALE HILLS PROPERTY, LLC <br> Debtor(s). | CHAPTER 11 <br> CASE NUMBER 8:08-BK-17206-ES |
|---|---|

- James E Till
  jtill@thelobelfirm.com,
  CSolorzano@thelobelfirm.com
- United States Trustee (SA)
  ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh
  cgunruh@sbcglobal.net
- Jason Wallach
  jwallach@gladstonemichel.com
- Joshua D Wayser
  joshua.wayser@kattenlaw.com

- Christopher T Williams
  ctwilliams@venable.com,
  jcontreras@venable.com
- Marc J Winthrop
  pj@winthropcouchot.com
- David M Wiseblood
  dwiseblood@seyfarth.com
- Arnold H Wuhrman
  Wuhrman@serenitylls.com
- Dean A Ziehl
  dziehl@pszjlaw.com,
  dziehl@pszjlaw.com

II.  **Served By U.S. Mail or Overnight Mail**
BY U.S. MAIL

Palmdale Hills Property, LLC
and its related entities
Attn: Bruce Elieff, Manager
2392 Morse Ave.
Irvine, CA 92614

Committee Member
Hunsaker and Associates
Irvine Inc.
Bradely Hay, Principal
2900 Adams Street, Suite A15
Riverside, CA 92504

Committee Member
HMK Engineering, Inc.
Gloria Olivas, Officer
Manager
24007 Ventura Blvd. #102
Calabasas, CA 91302

Committee Member
BonTerra Consulting
Tracy Zucker, Controller
151 Kalmus Drive, Suite E200
Costa Mesa, CA 92626

Asphalt Professionals, Inc.
c/o Law Offices of Ray B.
Bowen, Jr., Esq.
19318 Ventura Blvd., #100
Tarzana, CA 91356-3097

U.S. Trustee's Office
Michael Hauser, Esq.
411 West Fourth St., #9041
Santa Ana, CA 92701

AMEC Earth & Environmental
c/o Gibbs, Giden, etc.
Christopher E Ng., Esq.
1880 Century Park East, 12th Fl.
Los Angeles, CA 90067-1621

Committee Member
Proactive Engineering
Consultants, Inc.
Tom Braun, President
1875 California Ave.
Corona, CA 92881

Committee Member
Creekside Development, Inc.
Brad Gates, Secretary
28546 Paseo Diana
San Juan Capistrano, CA 92675

Committee Member
Bova Contracting Corp.
Steven Stein, President
3334 E. Coast Hwy., Suite 427
Corona Del Mar, CA 92625

County of San Bernardino
c/o Martha E. Romerom Esq,
BMR Professional Building
6516 Bright Ave.
Whittier, CA 90601

Griffith Company
Peckar & Abramson PC
Ronald B. Pierce, Esq.
20 Pacifica, Suite 260
Irvine, CA 92618

Castaic Union School District
c/o Wendy W. Smith, Esq.
Binder & Malter LLP
2775 Park Avenue
Santa Clara, CA 95050

Los Angeles County Treas. &
Tax Collector
Attn: Man-Ling Kuo, Tax
Services Clerk 1
PO Box 54110
Los Angeles, CA 90054-0110

Bova Contracting Corp.
c/o Call, Jensen & Ferrell
Wayne W. Call, Esq.
Lisa A. Wegner, Esq.
610 Newport Center Dr., #700
Newport Beach, CA 92660

Bellingham Marine Industries,
Inc.
Attn: Colby N. Keller, Esq.
Keller, Weber & Dobrott
18201 Von Karman Avenue,
#1000
Irvine, CA 92612

Chino Grading, Inc.
Attn: Norman Gorgone
P.O. Box 5007
Hacienda Heights, CA 91745
Committee Member

TC Construction Co., Inc.
Attn: Jack Gieffels
10540 Prospect Avenue
Santee, CA 92701
Committee Member

Nissho of California, Inc.
Attn: Christopher R. Mordy,
Esq.
Peterson & Price
655 W. Broadway
San Diego, CA 92101
Committee Member

Rohm Insurance Agency
Attn: Todd M. Rohm
26 Plaza Square
Orange, CA 92866
Committee Member

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re:<br>PALMDALE HILLS PROPERTY, LLC<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 8:08-BK-17206-ES |
|---|---|

Williams+Paddon
Architects+Planners, Inc.
c/o Hauser & Mouzes
David F. Anderson, Esq.
18826 N. Lower Sacramento
Road, Ste. H PO Box 1397
Woodbridge, CA 95258-1397

Bethel Island Municipal
Improvement District
c/o Katzen & Schuricht
David I. Katzen
1981 N. Broadway, #340
Walnut Creek, CA 94596-8218

Eric D. Goldberg, Esq.
Stutman, Treister & Glatt, PC
1901 Avenue of the Stars, 12th Fl.
Los Angeles, CA 90067

City of Orange
Shulman Hodges & Bastian LLP
Melissa R. Davis, Esq.
26632 Towne Centre Dr # 300
Foothill Ranch, CA 92610-2814

Marques Pipeline, Inc.
c/o John W. Busby II, Esq.
251 Lafayette Circle, #350
Lafayette, CA 94549

Park West Landscape, Inc.
c/o Steven M. Garber & Associates
1901 Ave. of the Stars, #1100
Los Angeles, CA 90067

General Security Services, Inc.
c/o Treacy & Keidser LLP
Kari A. Keidser, Esq.
5777 West Century Park Blvd., #1100
Los Angeles, CA 90045

RGA Environmental, Inc.
c/o Marshall & Ramos, LLP
Miriam S. Marshall, Esq.
350 Frank H. Ogawa Plaza, #600
Oakland, CA 94612

HD Supply Construction
Supply, dba HD Supply White Cap Comstruction Supply
c/o William D. Schuster, Esq.
Allie & Schuster PC
2122 N. Broadway
Santa Ana, CA 92706-2614

Top Grade Construction
Scott Blaine, CFO
50 Contractors St.
Livermore, CA 94551

Marques Pipeline, Inc.
c/o John W. Busby, II, Esq.
251 Lafayette Circle, #350
Lafayette, CA 94549

Placer County Treasurer-Tax Collector
Ann M. Dondro, Deputy Tax Collector
2976 Richardson Drive
Auburn, CA 95603

Wells Fargo Equipment Finance, Inc.
c/o Solomon, Grindle, Silverman & Spinella
Richard A. Solomon, Esq.
12651 High Bluff Dr., #300
San Diego, CA 92130

Secured Creditor
OVC Holdings LLC
c/o Trimont Real Estate Advisors, Inc.
2 Park Plaza, Suite 850
Irvine, CA 92614-8515

Wood Rogers
c/o Murphy Austin etc.
J. Scott Alexander, Esq.
304 "S" Street
Sacramento, CA 95811-6906

Hui-Li Dou et al
c/o Raymond H. Aver, Esq.
12424 Wilshire Blvd., #720
Los Angeles, CA 90025

Committee Member
Far West Construction, Inc.
Jennifer Alger, Corporate Officer
P.O. Box 68
Sheridan, CA 95681

Committee Member
Urban Crossroads, Inc.
John Kain, President
41 Corporate Park, Suite 300
Irvine, CA 92606

Committee Member
Klassen Corp.
Jerry D. Klassen, CEO
Nicole Jannett, Legal Services Manager
2021 Westwind Dr.
Bakersfield, CA 93301

Ateliers Jean Nouvel
Attn: Alain Trincal
10 Cite D'Angouleme
75011 Paris
FRANCE
Committee Member

BFK Engineers
Attn: David Lavelle
255 Shoreline Drive, #200
Redwood City, CA 94065
Committee Member

Sullivan Hill Lewin Rez & Engel
Jonathan S. Dabbieri, Esq.
550 West C Street, Suite 1500
San Diego, CA 92101

WEC Corporation
c/o Gary R. King & Associates
20950 Rancho Viejo Rd., #155
San Juan Capistrano, CA 92675

Jt. Provisional Liquidators of Lehman RE Ltd.
c/o Betty M. Shumner, Esq,
DLA Piper LLP (US)
550 S. Hope St., #2300
Los Angeles, CA 90071-2678

Pinnick, Inc.
c/o Law Offices of Dennis D. Burns
7855 Ivanhoe Ave., #420
La Jolla, CA 92037

### III.  Served by Personal Delivery, Facsimile Transmission or Email
BY ATTORNEY SERVICE DELIVERY

Judge's Copy
The Honorable Erithe A. Smith
United States Bankruptcy Court – Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1