1  Richard M. Pachulski (CA Bar No. 90073)
   Dean A. Ziehl (CA Bar No. 84529)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Boulevard, Suite 1100
3  Los Angeles, California 90067
   Telephone: (310) 277-6910
4  Facsimile: (310) 201-0760

5  Edward Soto (admitted *pro hac vice*)
   Shai Waisman (admitted *pro hac vice*)
6  WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
7  New York, NY 10153-0119
   Telephone: (212) 310-8000
8  Facsimile: (212) 310-8007

9  Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
   Northlake Holdings LLC and OVC Holdings LLC

10              **UNITED STATES BANKRUPTCY COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

                **SANTA ANA DIVISION**

12 | In re:                                          | Case No.: 8:08-bk-17206-ES
   | Palmdale Hills Property, LLC, and Its Related Debtors, | Jointly Administered With Case Nos.
13 | Jointly Administered Debtors and                | 8:08-bk-17209-ES; 8:08-bk-17240-ES;
   | Debtors-In-Possession.                          | 8:08-bk-17224-ES; 8:08-bk-17242-ES;
14 |                                                 | 8:08-bk-17225-ES; 8:08-bk-17245-ES;

Affects:                                            8:08-bk-17227-ES; 8:08-bk-17246-ES;
☐ All Debtors                                       8:08-bk-17230-ES; 8:08-bk-17231-ES;
☒ Palmdale Hills Property, LLC                      8:08-bk-17236-ES; 8:08-bk-17248-ES;
☐ SunCal Beaumont Heights, LLC                      8:08-bk-17249-ES; 8:08-bk-17573-ES;
☒ SCC/Palmdale, LLC                                 8:08-bk-17574-ES; 8:08-bk-17575-ES;
☐ SunCal Johannson Ranch, LLC                       8:08-bk-17404-ES; 8:08-bk-17407-ES;
☒ SunCal Summit Valley, LLC                         8:08-bk-17408-ES; 8:08-bk-17409-ES;
☒ SunCal Emerald Meadows, LLC                       8:08-bk-17458-ES; 8:08-bk-17465-ES;
☒ SunCal Bickford Ranch, LLC                        8:08-bk-17470-ES; 8:08-bk-17472-ES;
☒ Acton Estates, LLC                                and 8:08-bk-17588-ES
☐ Seven Brothers, LLC
☐ SJD Partners, Ltd.                                Chapter 11
☐ SJD Development Corp.
☐ Kirby Estates, LLC                                **LEHMAN ENTITIES' OPPOSITION**
☒ SunCal Communities I, LLC                         **TO AMENDED JOINT APPLICATION**
☐ SunCal Communities III, LLC                       **OF RELATED DEBTORS-IN-**
☐ SCC Communities LLC                               **POSSESSION FOR AUTHORITY TO**
☐ North Orange Del Rio Land, LLC                    **EMPLOY MILLER BARONDESS, LLP**
☐ Tesoro SF, LLC                                    **AS SPECIAL COUNSEL FOR**
☐ LB-L-SunCal Oak Valley, LLC                       **MATTERS IN THE BANKRUPTCY**
☐ SunCal Heartland, LLC                             **COURT FOR THE CENTRAL**
☐ LB-L-SunCal Northlake, LLC                        **DISTRICT OF CALIFORNIA;**
☐ SunCal Marblehead, LLC                            **DECLARATION OF DEAN A. ZIEHL**
☒ SunCal Century City, LLC
☐ SunCal PSV, LLC                                   **Hearing:**
☐ Delta Coves Venture, LLC                          Date:    March 9, 2010
☐ SunCal Torrance, LLC                              Time:    2:00 p.m.
☐ SunCal Oak Knoll, LLC                             Place:   Courtroom 5A

*Left margin (vertical):* PACHULSKI STANG ZIEHL & JONES LLP — ATTORNEYS AT LAW — LOS ANGELES, CALIFORNIA

1

## TABLE OF CONTENTS

2
Page

I.    INTRODUCTION .................................................................................................1

3
II.   BACKGROUND ..................................................................................................2

4
A.   The Existing Terms of Employment .............................................................2

5
B.   The Interests of SunCal and the Bond Companies in the Adversary Proceeding .................4

C.   SunCal's Previous Efforts to Transfer its Fee Obligations to the Debtors...........................4

6
D.   Miller Barondess' Fee Application.................................................................5

7
E.   The Amended Employment Application .........................................................6

8
III.  ARGUMENT ........................................................................................................7

9
A.   The Trustee Has Not Joined the Application....................................................7

B.   There is No Evidence that the Application is Necessary or in the Best Interests of
10
Creditors..............................................................................................................8

11
C.   The Application Seeks Relief That Can Only be Obtained Through a Financing Motion
Under Section 364 of the Bankruptcy Code ...............................................10

12
D.   The Application Fails to Establish that Miller Barondess Does Not Represent an
Interest Adverse to the Estates With Respect to the Matters for Which It is Employed .....11

13
IV.   CONCLUSION ...................................................................................................12

DECLARATION OF DEAN A. ZIEHL ........................................................................13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Lehman ALI, Inc. ("Lehman ALI"), Northlake Holdings LLC ("Northlake Holdings"), and

2  OVC Holdings LLC ("OVC Holdings")  and Lehman Commercial Paper Inc. ("LCPI" and,

3  collectively with Lehman ALI, Northlake Holdings, and OVC Holdings, the "Lehman Entities")

4  oppose the *Amended Joint Application of Related Debtors-in-Possession for Authority to Employ*

5  *Miller Barondess, LLP as Special Counsel for Matters in the Bankruptcy Court for the Central*

6  *District of California Interim Payment of Fees and Expenses*, filed on January 29, 2010 [Docket No.

7  925] and the Supplement thereto, filed on February 8, 2010 [Docket No. 938] (the "Supplement"

8  and, collectively, the "Application"), and respectfully state as follows[1]:

I.

## INTRODUCTION

The Application follows the withdrawn fee application of Miller Barondess as another in a

series of failed efforts by the Debtors' equity holders and their principals and affiliates (collectively

"SunCal") to use estate funds to pay Miller Barondess' legal fees, despite the fact that they engaged

Miller Barondess, are contractually obligated to pay its fees and are the principal beneficiaries of the

litigation for which Miller Barondess was employed as special counsel. Because the fee application

contravened the terms of Miller Barondess' employment, the Application seeks to change those

terms. Like the fee application, however, the Application is procedurally and substantively ill-

conceived:

o  The Application is missing an essential party. Although the Application, as
   supplemented, purports to be joined by the Trustee and requests authority to represent the
   Trustee Debtors, the Trustee never agreed to its terms and Miller Barondess has not
   complied with the Trustee's demand that it withdraw such representations.

o  There is no evidence that the Application is necessary or is in the best interests of the
   Debtors. Remarkably, Mr. Miller attests that it was *his decision* to withdraw the fee

---

[1] Discovery is pending on the Application. The Lehman Entities propounded a first set of requests for production of
documents to the moving parties, with a return date of March 13, 2010. Written responses and objections were served
by the moving parties on February 17, 2010. Documents produced on February 22, 2010 consisted almost entirely of
fee statements; no privilege log was provided despite what is clearly an expansive claim of privilege. A second
request for production seeks documents on which privilege claims are based; the return date for which is March 23,
2010. Once all responsive non-privileged documents have been produced, the Lehman Entities anticipate noticing a
limited number of depositions. The Lehman Entities believe the Application can and should be denied based on the
known facts; however, to the extent it is it not summarily denied, they request a continuance of the hearing on the
Application to permit discovery to be concluded on factual questions concerning the basis for the relief sought in the
Application. Declaration of Dean A. Ziehl, appended hereto, ¶ 6.

1

application and file an amended employment application, because the parties cannot agree on funding and he is "caught in the middle." There is no competent evidence for the suggestion that SunCal and the bond companies will refuse to pay Miller Barondess if the Debtors do not, only hearsay statements by Mr. Miller that the bond companies have said so and that they and SunCal want the estates to pay. Nor is any evidence presented that it is in the best interests of the Debtors to assume responsibility for the fees. At least $230 million in creditor claims are bonded, and it is the bond companies and the SunCal guarantors that would be the principal beneficiaries if such claims are paid from the loan collateral rather than by them. Their payment of Miller Barondess' fees, and Arch's decision to intervene (and thus bear 100% of its fees) evidences their dominant interest in the outcome of the litigation.

o  The extraordinary appropriation of decision-making authority by special litigation counsel highlights the fact that, unlike the Trustee Debtors, the Voluntary Debtors have no independent fiduciary to safeguard the interests of creditors. Indeed, this is SunCal's <u>fifth</u> attempt to transfer its attorneys' fees to the Voluntary Debtors and their creditors (twice in failed financing proposals, once in the SunCal plan and once in the withdrawn fee application). Simply because one Voluntary Debtor holds cash that may be used for professional fees does not justify using estate funds to pay Miller Barondess' fees.

o  The Application requests approval for the Debtors to make inter-company loans so that each may pay Miller Barondess an unspecified share. Such relief must be sought through a financing motion, not an application to employ special litigation counsel. Nearly all of the cash is held by one Voluntary Debtor (Palmdale Hills Property, LLC), and there is no evidence that the use of such cash for loans to other insolvent co-debtors for paying Miller Barondess' fees is the best interests of creditors of either the lender or borrower Debtors.

o  The Application does not satisfy section 327(e) of the Bankruptcy Code. The Application merely references the disclosures in the original employment application and represents that nothing has changed. But the revised terms of employment create impermissible conflicts. Miller Barondess was engaged by and represents SunCal. Whereas the estates were not previously asked to pay Miller Barondess, SunCal's attempt to charge its fees in the litigation to the estates is an adverse interest; furthermore, the Application seeks to expand the scope of Miller Barondess' employment to encompass matters outside the adversary proceeding in which Miller Barondess has already sided with SunCal against its joint client.

## II.

## BACKGROUND

A.    **The Existing Terms of Employment**

The original applications to employ Miller Barondess for the Voluntary Debtors and the Trustee Debtors recite that (1) Miller Barondess was prepetition counsel to Bruce Elieff ("Elieff") and the Debtors' parent, SCC Acquisitions, Inc. ("Acquisitions"); (2) it was retained by SunCal

2

1    Management to litigate adversary proceedings in these cases; (3) it will also be paid by certain bond

2    issuers; and (4) it would not enter a retention agreement with the Debtors, but might request

3    reimbursement if its work benefits the Debtors.

4              20.    Debtors seek to employ Miller Barondess as special
          litigation counsel to represent them in the Lehman Adversary
5         Proceeding and Bond Injunction Action before this Court, as well as
          any other adversary proceedings that may be filed in connection with
6         the Related Debtors' proceedings in order to protect the value of the
          Projects and the interests of the Related Debtors and their creditors
7         (the "Adversary Proceedings").

8              21.    Miller Barondess' services will be limited to litigation
          in Adversary Proceedings before this Court, and advice and counsel
9         related to such litigation. Miller Decl., ¶ 3. Aside from the Adversary
          Proceedings, Miller Barondess does not seek to be employed in
10        connection with any other matters pending or that may arise in this
          Court, even if such matters may relate to the Debtors' estates, other
11        than matters pertaining to Miller Barondess employment. Id.

12                                      * * *

13             23.    Miller Barondess has not entered any engagement
          agreement with any of the Related Debtors for services rendered or to
14        be rendered in connection with the Adversary Proceedings. Miller
          Decl., ¶ 5. Rather, Miller Barondess has been engaged by SunCal
15        Management, LLC, ("SunCal Management"), as the manager of the
          Projects owned, directly or indirectly, by one or more of the Debtors,
16        and by SCC Inc. and certain other direct or indirect owners of the
          Debtors (all of which are  wholly-owned indirectly by SCC
17        Acquisitions, LLC ("SCC LLC")) (collectively, "SunCal"), to render
          services on behalf of the Related Debtors. Id. The Bond Companies
18        have also agreed to jointly fund the litigation of the Lehman Adversary
          Proceeding and the Bond Injunction Action.
19
                                        * * *
20
               26.    Because Miller Barondess is attempting to benefit the
21        Related Debtors and their creditors through its prosecution of the
          Adversary Proceedings, Miller Barondess reserves the right, should the
22        Adversary Proceedings result in a benefit accruing to the Related
          Debtors' estates and the creditors, to requests [sic] that its fees and
23        expenses in connection with the Adversary Proceedings be reimbursed
          by the estates of the Related Debtors. . . .[2]
24

25

26

27

---

28   [2] *Application of Related Debtors and Debtors in Possession for Authority to Employ Miller Barondess, LLP as Special
     Litigation Counsel in Matters for the Bankruptcy Court for the Central District of California*, filed February 20, 2009.

52063-001\DOCS_LA:215983.3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.      The Interests of SunCal and the Bond Companies in the Adversary Proceeding**

The principal beneficiaries of the litigation that is being prosecuted by Miller Barondess are bond companies that are obligated to pay approximately $230 million in bonded creditor claims, and Acquisitions and Elieff, as their guarantors. The creditors with bonded claims will be paid by the bond companies, who will be subrogated to their claims. If the Lehman liens stand, those subrogation claims are worthless, and their recovery from Acquisitions and Elieff on their guaranties is uncertain. Thus the litigation against the Lehman Entities serves two purposes: (1) it seeks to pay bonded claims on which they are liable from otherwise over-encumbered collateral, thereby transferring the liability to the Lehman Entities; and (2) it is invoked as the basis for arguing that there is a bona fide dispute concerning the liens and the associated right to credit bid, so as to facilitate a sale of the collateral that is conditioned on the assumption of the bonded obligations (even though, as the D.E. Shaw bid demonstrates, such a condition necessarily depresses the purchase price). The Debtors have no stake in the relative priority of claims against them, nor should they be attempting to sell at a low price in order to prefer certain creditors over others. The retention of Miller Barondess by SunCal and the payment of nearly $2 million in fees by SunCal, Arch and Bond Safeguard evidences their dominant interest in the outcome of the litigation. That conclusion is strongly reinforced by Arch's decision to intervene, and thus to pay 100% of its fees in the litigation rather than negotiate a fee-splitting arrangement.

**C.      SunCal's Previous Efforts to Transfer its Fee Obligations to the Debtors**

SunCal has attempted repeatedly to obligate and utilize assets of the Debtors to pay its legal fees, despite the proviso in the Miller Barondess employment applications that no payment would be sought from the Debtors unless and until there was a benefit to the estates,

          a.      On September 4, 2009, the Voluntary Debtors and Trustee filed a motion seeking approval of a loan from Acquisitions to pay professional fees (the "Acquisitions Administrative Loan").[3] This financing was a potential windfall for SunCal. Among its conditions was the grant of an administrative claim to Acquisitions for all moneys advanced

---

[3] *Debtors' and Trustee's Joint Motion for Order (1) Approving Unsecured Financing with Administrative Priority Pursuant to Section 364(b); and (2) Determining Good Faith Finding; Memorandum of Points and Authorities*, filed September 4, 2009 (Docket No. 548).

52063-001\DOCS_LA:215983.3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  for fees, back to the beginning of the case and possibly beyond, in the amount of at least
2  $2,628,829 (far more than the loan amount).[4]

3      b.   In response to a joint motion filed by the Lehman Entities and the Trustee on
September 25, 2009 to approve an agreement on the terms of an administrative loan for the
4  payment of professional fees (Docket No. 631), the Voluntary Debtors filed a competing
financing motion on October 15, 2009 (Docket No. 720), asking that the Court approve a
5  "proposal" by Acquisitions to fund $3 million in professional fees. Once again, however, the
6  offer was:

7          conditioned upon a Bankruptcy Court order granting
8          Acquisitions (or such other SC Insider(s) that provides such
           funding) an Allowed Administrative Claim for all of the
           allowed post-petition Chapter 11 professional fees and
9          expenses of employed professionals that the SC Insiders cause
10         to be paid and/or become due and payable according to the
           terms of the employed professionals' respective employment
11         orders.

12 *Id.*, Ex. 1, ¶ 1 ("Summary of Terms SC Insiders' $3.0 Million Financing Proposal"). Thus
SunCal would have converted its obligation to pay Miller Barrondess' fees into an
13 administrative obligation of the estates.

14     c.   Essentially the same terms are contained in the SunCal Plan sponsored by the
Voluntary Debtors on behalf of SunCal (as last amended on June 10, 2009). As described in
15 § 10.3 of the Disclosure Statement, upon confirmation SunCal is to receive an administrative
16 claim for all sums expended on professional fees in the case, additionally secured by a first
priority lien on the Distribution Accounts, along with a general release for SunCal companies
17 and their principals and insiders.

18 **D.   Miller Barondess' Fee Application**

19     On December 23, 2009, Miller Barondess filed its *Application of Miller Barondess LLP for*
20 *Interim Payment of Fees and Expenses* (Docket No. 856) (the "Fee Application"). The Fee
21 Application disclosed that Arch Insurance Company ("Arch") had agreed to pay 40% of Miller
22 Barondess' total fees and expenses, Bond Safeguard Insurance Company ("Bond Safeguard") had
23 agreed to pay 30%, and SunCal had agreed to pay the other 30%. Fee Application at 10. Of $2.5
24 million in billed fees and expenses, Miller Barondess had received or was expecting payment of
25 approximately $1,660,000 (nearly 70%) from Arch and Bond Safeguard, but SunCal had paid only

26 [4] In addition, the Trustee and Committee were required to support the D.E. Shaw sale, and were also required to support
an unfiled amended plan and a motion for substantive consolidation that would harm creditors of the Trustee Debtors
27 (since the Trustee Debtors have the most valuable assets). Furthermore, Acquisitions, Elieff and other insiders would
receive general releases of the estates' claims against them. The only disclosed claims related to transfers of over $11
28 million to insiders, which claims were not analyzed other than the assertion by the Debtors' own general counsel (who
is also Acquisitions' general counsel) that there are valid defenses.

5

1    approximately $216,000 (approximately 8.5%), and sought via the Fee Application to have the

2    estates pay the remaining balance of approximately $675,000. *Id.*

3        The Fee Application was opposed on numerous grounds, including that it contravened the

4    terms of Miller Barondess' employment, that Miller Barondess had exceeded the scope of its

5    employment and was beset by conflicts, that the Application was premature, that it was brought

6    under the wrong standard and was filed by Miller Barondess rather than by the party seeking

7    reimbursement (*i.e.*, SunCal and/or Arch and Bond Safeguard), and that it was an improper effort by

8    SunCal to shift its fee obligations to the Debtors. In its tentative ruling and at the hearing on January

9    14, 2010, the Court cited many of these issues as well as additional problems, including (a) the

10    request for substantial fees for services performed on bankruptcy matters such as relief from stay, the

11    sale motion, the motion to strike and substantive consolidation, (b) the request for $144,000 in fees

12    that preceded its employment, (c) the need for a financing motion in order to pay fees, and (d) the

13    question of why it was necessary for the Debtors pay the fees. The Court continued the matter and

14    required supplemental briefing.

15    **E.    The Amended Employment Application**

16        Instead, Miller Barondess withdrew the Fee Application, and filed the instant Application on

17    January 29, 2010. The Application is a neat solution for the objections that the Debtors are not

18    obligated to pay Miller Barondess' fees, and that Miller Barondess exceeded the scope of its

19    employment as special litigation counsel by working on bankruptcy matters. It simply provides that

20    (a) the Debtors will pay its fees (including the Trustee Debtors if the Trustee agrees), at the

21    previously approved blended rate; and (b) the scope of services shall be expanded to cover the

22    bankruptcy matters on which Miller Barondess has worked.

23        Miller Barondess's services will include representation of the Debtors
         in matters  relating to the Adversary Proceeding before this Court, and
24        advice and counsel related to such litigation. Miller Barondess seeks
         to be employed in connection with matters relating to the Adversary
25        Proceeding, including contested matters relating to the Debtors'
         estates. These matters include, but are not limited to: (1) litigation
26        involving the Adversary Proceeding itself; (2) motions for relief from
         stay; (3) discovery relating to the Motion for Substantive
27        Consolidation to the extent the issues overlap with the Adversary
         Proceeding; (4) the Motion to Strike; (5) the Sales Procedures Motion;
28        and (6) any appeals relating to the foregoing categories.

6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Application, ¶ 25.  The alleged factual basis for this decision is given in the Application as the

2    following:

3              3.    [A]t the time of its retention in late 2008, Miller
                Barondess was under the impression that there were no unencumbered
4               funds to either pay Miller Barondess a retainer or its fees on a monthly
                basis.  Consequently, Miller Barondess agreed that it would receive
5               payments from the SunCal Companies ("SunCal") and the two bond
                companies, Arch and Bond Safeguard, with the qualification that any
6               and all of the parties could discontinue funding at any time.

7              4.    Approximately one year later, the Debtors were able to
                enter into a stipulation with the Lehman Entities that allowed
8               approximately $8 million of cash formerly alleged to be encumbered
                to be used to pay the fees of employed professionals that were
9               permitted to be paid from the estate's assets.

10             5.    Since that time, Arch and Bond Safeguard have given
                notice that they no longer will fund the adversary action and that they
11              believe it is appropriate for the estates to fund the adversary action;
                and SunCal similarly believes that the estates should fund that action.
12

13   Application, ¶¶ 3-5.

14                                      **III.**

15                                   **ARGUMENT**

16   **A.    The Trustee Has Not Joined the Application**

17          Although the Supplement filed by Miller Barondess represents that the Trustee has joined in

18   the Application (and is e-signed on his behalf as a moving party), the Trustee has not agreed to it.

19   As set forth in the appended declaration of Dean A. Ziehl, the Trustee's counsel confirmed to

20   Lehman counsel on February 9, 2010 and again today that the Trustee has never agreed to join the

21   Application.  Indeed, the Trustee has demanded that Miller Barondess withdraw the Supplement, but

22   Miller Barondess has not complied.  Ziehl Dec., ¶¶ 3-5.

23          Specifically, counsel has communicated that the Trustee will not consent to a modification of

24   the existing terms of Miller Barondess' employment, unless substantially all of the fees and expense

25   of the adversary proceeding were being paid by the parties who stood to benefit from that action,

26   specifically the bond companies and SunCal principals.  *Id.*  There were six additional conditions to

27   the Trustee's consent:

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1.    The scope of Miller Barondess' services "shall be limited to the equitable subordination adversary proceeding and discovery related to the motion for substantive consolidation (to the extent that the issues overlap with the equitable subordination adversary proceeding), and any related appeals." This limitation contrasts sharply with the extremely ambiguous language in the Supplement.[5]

2.    The terms and conditions of any administrative priority loans to be made to the Trustee Debtors' estates (which must be approved by the Court following a proper request) must be reasonable, and must not give the creditor making such loans the ability to block confirmation of a plan which is otherwise acceptable to unsecured creditors.

3.    Any administrative priority loan made to the Trustee Debtors' estates must contain a term which prevents the disgorgement of professional fees paid during the chapter 11 cases, in the event that the estates are administratively insolvent.

4.    The allocation of fees among the Trustee Debtors' estates must be fair and reasonable and shall be apportioned according to the benefit that is likely to be rendered to each estate. For example, the fees could be allocated based on the ratio determined by the potential equitable subordination claims in each estate to the aggregate amount of such claims in the Trustee Debtors' cases.

5.    The application should be made clear that Century City is excluded as there is no benefit to the Century City estate from the equitable subordination litigation. (The Application does contain this exclusion.)

6.    The effective date of the modified employment should be no earlier than February 1, 2010. (It is presently January 1, 2010.)

Ziehl Dec., ¶ 3.

**B.    There is No Evidence that the Application is Necessary or in the Best Interests of Creditors**

The Application represents a remarkable abdication of decision-making authority to Miller Barondess. Who decided that Miller Baroness should seek to change the terms of its employment so that the Voluntary Debtors could pay its fees? Miller Barondess did, according to Mr. Miller, whose declaration is the sole evidentiary support for the Application. Mr. Miller attests that "based on feedback from the Court and our discussions with counsel for the Creditors' Committees and the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[5] The Supplement revises the description of the scope of Miller Barondess' employment, to state: "Miller Barondess seeks to be employed in connection with matters relating to the Adversary Proceeding, including contested matters relating to the Debtors' estates. These matters include, but are not limited to: (1) litigation involving the Adversary Proceeding; (2) discovery relating to the Motion for Substantive Consolidation to the extent the issues overlap with the Adversary Proceeding; and (3) any appeals relating to the foregoing categories." Supplement, ¶ 25. This new description omits from the list of specifically approved matters (but does not expressly exclude): (a) motions for relief from stay, (b) the Motion to Strike, and (c) the Sales Procedures Motion. On the latter issue, Miller Barondess was actually litigating on behalf of SunCal and the Voluntary Debtors against the position of its concurrent client, the Trustee, who had agreed with the Lehman Entities to defer the Sale Procedures Motion until after plan confirmation.

1    Trustee, Miller Barondess decided to withdraw the fee application and to file this revised

2    employment application." Miller Dec., ¶ 9. The problem, he says, is that he is "caught in the

3    middle" of discussions among the parties on the allocation of fees, without a source of funds for his

4    law firm. *Id.*, ¶ 11. Mr. Miller attests: "Arch and Bond Safeguard have given notice that they no

5    longer will fund the adversary action; and both bond companies, along with SunCal, have stated that

6    while they are in discussions with the estates and one another regarding funding, they want the

7    estates to fund the adversary action." *Id.* This Application is the solution: "Following the January

8    14th hearing, and after further consultation with bankruptcy counsel, I have been advised that the

9    appropriate course of action is to file a new or amended employment application, and we are doing

10    so. If approved, the new employment application . . . will allow for our firm to be paid from the

11    estates" *Id.*, ¶ 13.

12        What Mr. Miller says about what Arch says, Bond Safeguard says, or SunCal says is hearsay.

13    There is no competent evidence that the litigation will not be funded if the Debtors will not or cannot

14    pay Miller Barondess' fees, and thus there is no evidentiary basis for a conclusion that the

15    Application is necessary. In fact, the premise of the Application is likely untrue. SunCal and the

16    bond companies are the primary beneficiaries of Miller Barondess' services. The effect of success in

17    the litigation would be to transfer $230 million in losses from the bond companies and their

18    guarantors to the Lehman Entities. SunCal's retention of Miller Barondess and the payment of its

19    fees by SunCal, Arch and Bond Safeguard reflect their dominant interest in the litigation. Arch's

20    decision to intervene, and thus to foot the bill for all of its fees rather than split fees with SunCal and

21    Bond Safeguard, only confirms the conclusion that it is these parties with the greatest stake in the

22    litigation. Tellingly, Mr. Miller's declaration actually stops short of asserting that SunCal has

23    refused to pay, only that it wants the Debtors to pay instead.

24        The cash that the Application seeks approval to expend for Miller Barondess' fees (the

25    "Alleged Unencumbered Cash") is held almost entirely by one Voluntary Debtor, Palmdale Hills

26    Property, LLC ("PHP"). There is no evidence whatsoever that the expenditure of these funds to pay

27    Miller Barondess' fees is in the best interests of PHP or any of the other Voluntary Debtors or

28    Trustee Debtors, particularly when creditors with $230 million in bonded claims will be paid by the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

bond companies.  What is most credible in Mr. Miller's hearsay testimony, and what discovery is likely to disclose, is that the Application is not motivated by the purported refusal to pay Miller Barondess' fees, but is the result of posturing and jockeying among the parties concerning how best to fund the litigation from the $8 million in Alleged Unencumbered Cash held by PHP, rather than from their own pockets.  Notably absent is any indication of concern among the persons exercising control over the Voluntary Debtors that volunteering to pay legal fees for which non-debtor parties are already obligated, and which benefit such non-debtor parties, is not in the best interests of the estates.  Also striking is the misapprehension concerning <u>who</u> is supposed to make these decisions for the Voluntary Debtors (and by what rules).  Miller Barondess is not supposed to be calling the shots, as it has here, or as it did in the Fee Application, in which it applied for fees in its own right and devised its own allocation scheme among the Debtors.  If one thing is clear from this fifth attempt to have the Debtors pay non-debtors' legal fees, nobody is exercising fiduciary responsibilities at the helm of the Voluntary Debtors.

## C.    The Application Seeks Relief That Can Only be Obtained Through a Financing Motion Under Section 364 of the Bankruptcy Code

Miller Barondess proposes that its fees be paid from "Alleged Unencumbered Cash" pursuant to paragraph 9 of the *Stipulation by Lehman ALI, Inc., Lehman Commercial Paper Inc., Northlake Holding LLC, OVC Holdings LLC and Voluntary Debtors Pursuant to 11 U.S.C. §§ 362,363, and 364: (1) Authorizing the Use of Cash Collateral and Alleged Unencumbered Cash; (2) Approving Postpetition Financing; (3) Providing Administrative Expense Status; and (4) Modifying Automatic Stay to the Extent Necessary*, entered December 23, 2009  (Docket No. 899)  (the "Voluntary Debtors' Financing Stipulation").  The Application states that, subject to the Trustee's consent, "the Debtors request court approval for the Related Debtors to loan money to the Trustee Debtors . . . in order to pay Miller Barondess's fees on an ongoing basis."  Application, ¶ 35.

The Application does not address, however, the fact that nearly all of the Alleged Unencumbered Cash (as listed in Exhibit "A" to the Voluntary Debtors' Financing Stipulation) is held in one entity, PHP, and it does not describe, justify, or give adequate notice of any prospective loans from PHP to any of the other Voluntary Debtors or Trustee Debtors.  As the Court noted with

10

1   respect to the Fee Application, and as the Trustee has required if he is to join the Application, any

2   intercompany loans made for the payment of fees must be reasonable and must be properly brought

3   under section 364 of the Bankruptcy Code.

4   **D.      The Application Fails to Establish that Miller Barondess Does Not Represent
           an Interest Adverse to the Estates With Respect to the Matters for Which It is**
5   **        Employed**

6              Finally, the Application fails to meet the requirements of section 327(e) of the Bankruptcy

7   Code. The revised terms of employment actually *create* adverse interests among Miller Barondess'

8   co-clients. The Application glosses over the issue: it references the disclosures in the original

9   employment application and represents that nothing has changed since that time. That is inadequate.

10  Miller Barondess was engaged by and represents non-debtor equity holders which are primary

11  beneficiaries of the litigation, and which should pay for it. Miller Barondess was employed on terms

12  that provided for such payment. Under the amended terms of employment, Miller Barondess' clients

13  have interests adverse to the Debtors to the extent they are seeking to transfer to the Debtors the

14  costs incurred using the Debtors to further their own interests.

15             Furthermore, the Application seeks to expand the scope of Miller Barondess' employment to

16  cover the various matters in which it has become actively involved as these cases have evolved,

17  including the motion for substantive consolidation, financing motions and the Sale Procedures

18  Motion. On these issues, the interests of Miller Barondess' non-debtor clients and Voluntary Debtor

19  clients, on the one hand, have diverged from the interests of its Trustee Debtor clients, on the other

20  hand, both on account of the Trustee's agreements with the Lehman Entities on plan, financing and

21  sale issues, and because the disputes with the Lehman Entities have expanded into areas such as

22  substantive consolidation where the interests of the Trustee Debtors (which have the more valuable

23  assets) are adverse to those of the Voluntary Debtors. On these issues, Miller Barondess has sided

24  with SunCal and the Voluntary Debtors exclusively, and thus actively advocated positions that the

25  Trustee either opposed or on which he had no position. The expanded scope of employment in the

26  Application would effectively confer upon Miller Barondess a roving commission to engage in most

27  any conceivable contested matter in the cases, including those in which it has effectively litigated

28  against the interests of its own co-client. In sum, the amended payment terms and expanded scope

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11

1  of representation in the Application do not meet the criteria for employment of special counsel under

2  section 327(e).

3                                          IV.

4                                    **CONCLUSION**

5          WHEREFORE, for all of the foregoing reasons, the Lehman Entities respectfully submit that

6  the Application should be denied.

7

8  Dated:    February 23, 2010            PACHULSKI STANG ZIEHL & JONES LLP

9
                                          */s/ Dean A. Ziehl*
10                                         Richard M. Pachulski (CA Bar No. 90073)
                                          Dean A. Ziehl (CA Bar No. 84529)
11                                         10100 Santa Monica Blvd., Suite 1100
                                          Los Angeles, CA 90067-4100
12                                         Telephone:  (310) 277-6910
                                          Facsimile:  (310) 201-0760
13
                                          -and-
14
                                          WEIL, GOTSHAL & MANGES LLP
15                                         Edward Soto (admitted *pro hac vice*)
                                          Shai Waisman (admitted *pro hac vice*)
16                                         767 Fifth Avenue
                                          New York, NY  10153-0119
17                                         Telephone:  (212) 310-8000
                                          Facsimile:   (212) 310-8007
18
                                          Counsel for Lehman ALI, Inc., Lehman Commercial Paper
19                                         Inc., Northlake Holdings LLC and OVC Holdings LLC

20

21

22

23

24

25

26

27

28

12

52063-001\DOCS_LA:215983.3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# DECLARATION OF DEAN A. ZIEHL

I, DEAN A. ZIEHL, declare as follows:

1.    I am a partner of Pachulski Stang Ziehl & Jones LLP, counsel to Lehman ALI, Inc., Lehman Commercial Paper Inc. ("LCPI"), OVC Holdings LLC, and Northlake Holdings, LLC in the above-captioned matter (hereinafter referred to as the "Lehman Entities"). I am an attorney duly admitted to practice before this Court.

2.    I submit this declaration in support of the Lehman Entities' opposition to the *Amended Joint Application of Related Debtors-in-Possession for Authority to Employ Miller Barondess, LLP as Special Counsel for Matters in the Bankruptcy Court for the Central District of California* (the "Application"). The matters stated herein are of my personal knowledge and if called upon to testify as a witness, I could and would competently do so.

3.    On several occasions since the Application was filed, I have communicated with counsel for the Trustee, William Lobel and Mike Neue of The Lobel Firm, LLP concerning the Trustee's position on the Application. On February 9, 2010, I received emails from Mr. Lobel and Mr. Neue confirming that the Trustee would not join the Application absent an agreement on the source of payment of Miller Barondess' fees and stating six other conditions for the Trustee's support for the Application, as follows:

(a) The scope of services for which Miller Barondess is to be employed shall be limited to the equitable subordination adversary proceeding and discovery related to the motion for substantive consolidation (to the extent that the issues overlap with the equitable subordination adversary proceeding), and any related appeals.

(b) The terms and conditions of any administrative priority loans to be made to the Trustee Debtors' estates (which must be approved by the Court following a proper request) must be reasonable, and must not give the creditor making such loans the ability to block confirmation of a plan which is otherwise acceptable to unsecured creditors.

(c) Any administrative priority loan made to the Trustee Debtors' estates must contain a term which prevents the disgorgement of professional fees paid during the chapter 11 cases, in the event that the estates are administratively insolvent.

(d) The allocation of fees among the Trustee Debtors' estates must be fair and reasonable and shall be apportioned according to the benefit that is likely to be rendered to each estate. For example, the fees could be allocated based on the ratio determined by the potential equitable

13

subordination claims in each estate to the aggregate amount of such claims in the Trustee Debtors' cases.

(e) The application should be made clear that Century City is excluded as there is no benefit to the Century City estate from the equitable subordination litigation.

(f) The effective date of the modified employment should be no earlier than February 1, 2010. Presently, the application proposes the effective date to be January 1, 2010 (Arch gave its 10 day notice of termination of funding on January 25, 2010).

4.    Furthermore, in my discussions with Mr. Lobel, he made it clear that the Trustee would not consent to a modification of the existing terms of Miller Barondess' employment, unless substantially all of the fees and expense of the adversary proceeding were being paid by the parties who stood to benefit from that action, specifically the bond companies and SunCal principals.

5.    The Supplement to the Application filed by Miller Barondess on February 8, 2010, represents that the Trustee has joined the Application and has a signature block containing the Trustee's e-signature. On February 23, 2010, I spoke by telephone with Mr. Lobel, who advised that: (1) the Trustee had never agreed to join the Application absent further agreement; and (2) he had requested that Miller Barondess file a pleading retracting the representation that the Trustee had joined the Application. This request has not been complied with.

6.    Discovery is pending on the Application. The Lehman Entities propounded a first set of requests for production of documents to the moving parties, with a return date of March 13, 2010. Written responses and objections were served by the moving parties on February 17, 2010. Documents produced on February 22, 2010 consisted almost entirely of fee statements; no privilege log was provided despite what is clearly an expansive claim of privilege. A second request for production seeks documents on which privilege claims are based; the return date for which is March 23, 2010. Once all responsive non-privileged documents have been produced, the Lehman Entities anticipate noticing a limited number of depositions. The Lehman Entities believe the Application can and should be denied based on the known facts; however, to the extent is it is not summarily

14

1  denied, they request a continuance of the hearing on the Application to permit discovery to be

2  concluded on factual questions concerning the basis for the relief sought in the Application.

3        I declare under penalty of perjury that the foregoing is true and correct, and that this

4  Declaration is executed on this 23d day of February, 2010, at Los Angeles, California.

5

6

7                                  */s/ Dean A. Ziehl*
                                   Dean A. Ziehl

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

15

| | |
|---|---|
| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>Debtor(s). | CHAPTER 11<br>Case Number: 8:08-bk-17206-ES<br>(and Jointly Administered Cases) |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described **LEHMAN ENTITIES' OPPOSITION TO AMENDED JOINT APPLICATION OF RELATED DEBTORS-IN-POSSESSION FOR AUTHORITY TO EMPLOY MILLER BARONDESS, LLP AS SPECIAL COUNSEL FOR MATTERS IN THE BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA; DECLARATION OF DEAN A. ZIEHL** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** -- Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ___February 23, 2010___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____February 23, 2010___. I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____February 23, 2010_____. I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

***VIA HAND DELIVERY***
**JUDGE'S COPY**
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| February 23, 2010 | Mary de Leon | /s/ Mary de Leon |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                   **F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>Debtor(s). | CHAPTER 11<br>Case Number: 8:08-bk-17206-ES<br>(and Jointly Administered Cases) |
|---|---|

**8:08-bk-17206-ES Notice will be electronically mailed to (VIA NEF):**

Selia M Acevedo on behalf of Attorney Miller Barondess LLP
sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com

Joseph M Adams on behalf of Defendant The City of San Juan Capistrano
jadams@sycr.com

Raymond H Aver on behalf of Debtor Palmdale Hills Property, LLC
ray@averlaw.com

James C Bastian on behalf of Creditor ARB, Inc.
jbastian@shbllp.com

John A Boyd on behalf of Interested Party Oliphant Golf Inc
fednotice@tclaw.net

Mark Bradshaw on behalf of Interested Party Courtesy NEF
mbradshaw@shbllp.com

Brendt C Butler on behalf of Creditor EMR Residential Properties LLC
BButler@rutan.com

Carollynn Callari on behalf of Creditor Danske Bank A/S London Branch
ccallari@venable.com

Dan E Chambers on behalf of Creditor EMR Residential Properties LLC
dchambers@jmbm.com

Shirley Cho on behalf of Creditor Lehman ALI, Inc.
scho@pszjlaw.com

Vonn Christenson on behalf of Interested Party Courtesy NEF
vrc@paynefears.com

Vincent M Coscino on behalf of Petitioning Creditor CST Environmental Inc
emurdoch@allenmatkins.com

Paul J Couchot on behalf of Debtor ACTON ESTATES, LLC
pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9013-3.1**

| | |
|---|---|
| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>Debtor(s). | CHAPTER 11<br>Case Number: 8:08-bk-17206-ES<br>(and Jointly Administered Cases) |

Jonathan S Dabbieri on behalf of Interested Party Courtesy NEF
dabbieri@shlaw.com

Ana Damonte on behalf of Creditor Top Grade Construction, Inc.
ana.damonte@pillsburylaw.com

Melissa Davis on behalf of Creditor City of Orange
mdavis@shbllp.com

Daniel Denny on behalf of Interested Party Courtesy NEF
ddenny@gibsondunn.com

Caroline Djang on behalf of Creditor Lehman ALI, Inc.
crd@jmbm.com

Donald T Dunning on behalf of Creditor Hertz Equipment Rental Corporation
ddunning@dunningLaw.com

Joseph A Eisenberg on behalf of Creditor Lehman ALI, Inc.
jae@jmbm.com

Lei Lei Wang Ekvall on behalf of Attorney Weiland Golden Smiley Wang Ekvall & Strok, LLP
lekvall@wgllp.com

Richard W Esterkin on behalf of Debtor Palmdale Hills Property, LLC
resterkin@morganlewis.com

Marc C Forsythe on behalf of Attorney Robert Goe
kmurphy@goeforlaw.com

Alan J Friedman on behalf of Attorney Irell & Manella LLP
afriedman@irell.com

Christian J Gascou on behalf of Creditor Arch Insurance Company
cgascou@gascouhopkins.com

Barry S Glaser on behalf of Creditor County of Los Angeles
bglaser@swjlaw.com

Robert P Goe on behalf of Attorney Robert Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

Eric D Goldberg on behalf of Interested Party Courtesy NEF
egoldberg@stutman.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>Debtor(s). | CHAPTER 11<br>Case Number: 8:08-bk-17206-ES<br>(and Jointly Administered Cases) |
|---|---|

Kelly C Griffith on behalf of Creditor Bond Safeguard Insurance Co
bkemail@harrisbeach.com

Matthew Grimshaw on behalf of Interested Party City Of Torrance
mgrimshaw@rutan.com

Asa S Hami on behalf of Debtor Palmdale Hills Property, LLC
ahami@morganlewis.com

Michael J Hauser on behalf of U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

D Edward Hays on behalf of Creditor Philip Dowse
ehays@marshackhays.com

Michael C Heinrichs on behalf of Interested Party Courtesy NEF
mheinrichs@omm.com

Harry D. Hochman on behalf of Creditor Lehman ALI, Inc.
hhochman@pszjlaw.com, hhochman@pszjlaw.com

Jonathan M Hoff on behalf of 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
jonathan.hoff@cwt.com

Michelle Hribar on behalf of Plaintiff EMR Residential Properties LLC
mhribar@rutan.com

John J Immordino on behalf of Creditor Arch Insurance Co.
john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com

Lawrence A Jacobson on behalf of Creditor BKF Engineers
laj@cohenandjacobson.com

Michael J Joyce on behalf of Interested Party Courtesy NEF
mjoyce@crosslaw.com

Stephen M Judson on behalf of Petitioning Creditor The Professional Tree Care Co
sjudson@fablaw.com

David I Katzen on behalf of Interested Party Bethel Island Municipal Improvement District
katzen@ksfirm.com

Christopher W Keegan on behalf of Creditor SC Master Holdings II LLC

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    F 9013-3.1

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>Debtor(s). | CHAPTER 11<br>Case Number: 8:08-bk-17206-ES<br>(and Jointly Administered Cases) |
|---|---|

ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com;tshafroth@kirkland.com

Irene L Kiet on behalf of Creditor BNB Engineering, Inc.
ikiet@hkclaw.com

Mark J Krone on behalf of Creditor Bond Safeguard Insurance Co
mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

Leib M Lerner on behalf of Creditor Steiny and Company, Inc.
leib.lerner@alston.com

Peter W Lianides on behalf of Debtor Palmdale Hills Property, LLC
plianides@winthropcouchot.com, pj@winthropcouchot.com

Charles Liu on behalf of Debtor Palmdale Hills Property, LLC
cliu@winthropcouchot.com

Kerri A Lyman on behalf of Attorney Irell & Manella LLP
klyman@irell.com

Mariam S Marshall on behalf of Creditor RGA Environmental, Inc.
mmarshall@marshallramoslaw.com

Robert C Martinez on behalf of Creditor TC Construction Company, Inc
rmartinez@mclex.com

Hutchison B Meltzer on behalf of Creditor Committee Joint Committee of Creditors Holding Unsecured Claims
hmeltzer@wgllp.com

Krikor J Meshefejian on behalf of Interested Party Courtesy NEF
kjm@lnbrb.com

Joel S. Miliband on behalf of Creditor RBF CONSULTING
jmiliband@rusmiliband.com

James M Miller on behalf of Counter-Defendant SJD Development Corp.
jmiller@millerbarondess.com

Louis R Miller on behalf of Plaintiff Palmdale Hills Property, LLC
smiller@millerbarondess.com

Mike D Neue on behalf of Attorney The Lobel Firm, LLP
mneue@thelobelfirm.com, csolorzano@thelobelfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          F 9013-3.1

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>Debtor(s). | CHAPTER 11<br>Case Number:  8:08-bk-17206-ES<br>(and Jointly Administered Cases) |
|---|---|

Robert Nida on behalf of Creditor Kirk Negrete, Inc
Rnida@castlelawoffice.com

Henry H Oh on behalf of 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
henry.oh@dlapiper.com, bambi.clark@dlapiper.com

Sam S Oh on behalf of Interested Party Anaverde, LLC
sam.oh@limruger.com, alisia.dunbar@limruger.com;julie.yu@limruger.com;amy.lee@limruger.com

Sean A Okeefe on behalf of Debtor Palmdale Hills Property, LLC
sokeefe@okeefelc.com

Robert B Orgel on behalf of Creditor Lehman ALI, Inc.
rorgel@pszjlaw.com, rorgel@pszjlaw.com

Penelope Parmes on behalf of Creditor EMR Residential Properties LLC
pparmes@rutan.com

Ronald B Pierce on behalf of Creditor Griffith Company
ronald.pierce@sdma.com

Raymond A Policar on behalf of Creditor Williams+Paddon Architects+Planners, Inc.
hausermouzes@sbcglobal.net

Cassandra J Richey on behalf of Creditor Patricia I Volkerts, as Trustee, et al
cmartin@pprlaw.net

Debra Riley on behalf of Interested Party City of Palmdale
driley@allenmatkins.com

Martha E Romero on behalf of Creditor San Bernardino County Tax Collector
Romero@mromerolawfirm.com

John E Schreiber on behalf of Defendant Fenway Capital, LLC
jschreiber@dl.com

William D Schuster on behalf of Creditor HD Supply Construction Supply LTD
bills@allieschuster.org

Christopher P Simon on behalf of Interested Party Courtesy NEF
csimon@crosslaw.com

Wendy W Smith on behalf of Creditor Castaic Union School District
wendy@bindermalter.com

| | |
|---|---|
| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>Debtor(s). | CHAPTER 11<br>Case Number: 8:08-bk-17206-ES<br>(and Jointly Administered Cases) |

Steven M Speier on behalf of Trustee Steven Speier
Sspeier@Squarmilner.com, ca85@ecfcbis.com

Michael St James on behalf of Creditor MBH Architects, Inc.
ecf@stjames-law.com
James E Till on behalf of Trustee Steven Speier
jtill@thelobelfirm.com, CSolorzano@thelobelfirm.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Carol G Unruh on behalf of Creditor Scott E. McDaniel
cgunruh@sbcglobal.net

Jason Wallach on behalf of Interested Party Courtesy NEF
jwallach@gladstonemichel.com

Joshua D Wayser on behalf of Other Professional D. E. Shaw & Co., L.P.
joshua.wayser@kattenlaw.com

Christopher T Williams on behalf of Creditor Danske Bank A/S London Branch
ctwilliams@venable.com, jcontreras@venable.com

Marc J Winthrop on behalf of Debtor Palmdale Hills Property, LLC
pj@winthropcouchot.com

David M Wiseblood on behalf of Creditor Bethel Island Municipal Improvement District
dwiseblood@seyfarth.com

Arnold H Wuhrman on behalf of Creditor Wayne Lee
Wuhrman@serenitylls.com

Dean A Ziehl on behalf of Counter-Defendant LV Pacific Point LLC
dziehl@pszjlaw.com, dziehl@pszjlaw.com

**II. VIA U.S. MAIL**

Atty to the Office of the U.S. Trustee
Attn:  Michael Hauser, Esq.
411 West Fourth Street, Suite 9041
Santa Ana, CA  92701-8000

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>Debtor(s). | CHAPTER 11<br>Case Number: 8:08-bk-17206-ES<br>(and Jointly Administered Cases) |
|---|---|

Louis (Skip) Miller, Esq.
Miller Barondess, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA  90067

### III.  VIA EMAIL

(1) counsel for the Voluntary Debtors:
Paul Couchot - pcouchot@winthropcouchot.com
Marc J Winthrop - pj@winthropcouchot.com
Charles Liu - cliu@winthropcouchot.com

(2) counsel for the Trustee Debtors
William Lobel - wlobel@thelobelfirm.com

(3) counsel for the Voluntary Debtors' Committee
Alan Friedman - afriedman@irell.com
Kerri A Lyman - klyman@irell.com

(4) counsel for the Trustee Debtors' Committee
Lei Lei Wang Ekvall - lekvall@wgllp.com
Hutchison B Meltzer - hmeltzer@wgllp.com

(5) Office of the United States Trustee –
Michael Hauser - michael.hauser@usdoj.gov

Louis Miller - smiller@millerbarondess.com
Martin Pritikin – mpritikin@millerbarondess.com
Steven N. Speier (Chapter 11 Trustee, c/o Squar Nilner) - sspeier@squarmilner.com; ca85@ecfcbis.com
Edward Soto - Edward.soto@weil.com
Carrolynn H. G. Callari - ccallari@venable.com
Timothy J. Gorry - tgorry@venable.com
Wayne Abb, Esq. - wayneabb@gmail.com
John Sieger - john.sieger@kattenlaw.com
Atty for P. Volkerts - c.martin@pprlaw.net
Atty for Bond Safeguard & Lexon - mea@amclaw.com
Palmdale Hills Property, LLC and its related entities - bcook@suncal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    F 9013-3.1

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>Debtor(s). | CHAPTER 11<br>Case Number: 8:08-bk-17206-ES<br>(and Jointly Administered Cases) |
| --- | --- |

For email [regular]
[pcouchot@winthropcouchot.com; wlobel@thelobelfirm.com; smiller@millerbarondess.com;
mpritikin@millerbarondess.com; sspeier@squarmilner.com; Edward.soto@weil.com; ccallari@venable.com;
tgorry@venable.com; wayneabb@gmail.com; john.sieger@kattenlaw.com; c.martin@pprlaw.net; mea@amclaw.com;
bcook@suncal.com]

For email [expanded]
pj@winthropcouchot.com; cliu@winthropcouchot.com; afriedman@irell.com; klyman@irell.com; lekvall@wgllp.com;
hmeltzer@wgllp.com; michael.hauser@usdoj.gov]

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                 **F 9013-3.1**