1   Richard M. Pachulski (CA Bar No. 90073)
    Dean A. Ziehl (CA Bar No. 84529)
2   PACHULSKI STANG ZIEHL & JONES LLP
    10100 Santa Monica Boulevard, Suite 1100
3   Los Angeles, California  90067
    Telephone:  (310) 277-6910
4   Facsimile:  (310) 201-0760

5   Edward Soto (admitted *pro hac vice*)
    Shai Waisman (admitted *pro hac vice*)
6   WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
7   New York, NY  10153-0119
    Telephone:  (212) 310-8000
8   Facsimile:  (212) 310-8007

9   Counsel for Lehman ALI, Inc., Northlake Holdings LLC and
    OVC Holdings LLC

10  William N. Lobel (CA Bar No. 93202)
    Mike D. Neue (CA Bar No. 179303)
11  THE LOBEL FIRM, LLP
    840 Newport Center Drive, Suite 750
12  Newport Beach, California  92660
    Telephone:  (949) 999-2860
13  Facsimile:  (949) 999-2870

14  General Insolvency Counsel for Steven M. Speier,
    the Chapter 11 Trustee for the Trustee Debtors

15              UNITED STATES BANKRUPTCY COURT
                CENTRAL DISTRICT OF CALIFORNIA
16                   SANTA ANA DIVISION

17  In re:                                          Case No.: 8:08-bk-17206-ES
    Palmdale Hills Property, LLC, and Its Related   Jointly Administered With Case Nos.
    Debtors,                                        8:08-bk-17209-ES; 8:08-bk-17240-ES;
18        Jointly Administered Debtors and          8:08-bk-17224-ES; 8:08-bk-17242-ES;
          Debtors-In-Possession.                    8:08-bk-17225-ES; 8:08-bk-17245-ES;
19                                                   8:08-bk-17227-ES; 8:08-bk-17246-ES;
    Affects:                                        8:08-bk-17230-ES; 8:08-bk-17231-ES;
20  ☐ All Debtors                                   8:08-bk-17236-ES; 8:08-bk-17248-ES;
    ☐ Palmdale Hills Property, LLC                  8:08-bk-17249-ES; 8:08-bk-17573-ES;
21  ☐ SunCal Beaumont Heights, LLC                  8:08-bk-17574-ES; 8:08-bk-17575-ES;
    ☐ SCC/Palmdale, LLC                             8:08-bk-17404-ES; 8:08-bk-17407-ES;
22  ☐ SunCal Johannson Ranch, LLC                   8:08-bk-17408-ES; 8:08-bk-17409-ES;
    ☐ SunCal Summit Valley, LLC                     8:08-bk-17458-ES; 8:08-bk-17465-ES;
23  ☐ SunCal Emerald Meadows, LLC                   8:08-bk-17470-ES; 8:08-bk-17472-ES;
    ☐ SunCal Bickford Ranch, LLC                    and 8:08-bk-17588-ES
24  ☐ Acton Estates, LLC
    ☐ Seven Brothers, LLC
25  ☐ SJD Partners, Ltd.                            Chapter 11
    ☐ SJD Development Corp.
26  ☐ Kirby Estates, LLC                            **STIPULATION TO ENABLE TIMELY**
    ☐ SunCal Communities I, LLC                     **PAYMENT OF POST-PETITION**
27  ☐ SunCal Communities III, LLC                   **REAL PROPERTY TAXES BY AND**
    ☐ SCC Communities, LLC                          **BETWEEN LEHMAN ALI, INC. AND**
    ☐ North Orange Del Rio Land, LLC                **CHAPTER 11 TRUSTEE, PURSUANT**
28  ☐ Tesoro SF, LLC                                **TO 11 U.S.C. §§ 362, 363, 364 AND 507,**
    ☒ LB-L-SunCal Oak Valley, LLC

DOCS_LA:217957.3  1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC

2

☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC

3

☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC

4

☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

**(1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**

**Hearing:**
Date:   April 8, 2010
Time: 10:30  a.m.
Place: Courtroom  5A

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:217957.3   2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman

2    ALI"),[1] on the one hand, and the chapter 11 trustee (the "Chapter 11 Trustee") on behalf of certain of

3    the Trustee Debtors,[2] in each case affected by this Stipulation (collectively, the "Subject

4    Borrowers"), on the other hand.  Lehman ALI and the Subject Borrowers (together, the "Parties")

5    hereby enter into this Stipulation and agree as follows:

6                                             **RECITALS**

7    WHEREAS, each of the Subject Borrowers owns California real estate for which, under

8    applicable non-bankruptcy law, the second installment for post-petition, California real property

9    taxes for tax year 2009-2010 (the "Current Post-Petition Taxes"), in the approximate, aggregate

10    amount of $4.13 million (see **Exhibit 1**, attached hereto), is last due without the imposition of a 10%

11    penalty by April 12, 2010;

12    WHEREAS, although the Parties are still investigating the matter, prevention of the

13    incurrence of the 10% penalty on the Current Post-Petition Taxes may require simultaneous payment

14    to the California real property taxing authorities of amounts owing by the Subject Borrowers for past

15    due post-petition real property tax amounts, including post-petition penalties, costs and interest

16    owing, in the approximate aggregate amount of $4.54 million (the "Additional Post-Petition Taxes")

17    (see **Exhibit 1**, attached hereto);

18    WHEREAS, the funding afforded by this Stipulation should enable the Subject Borrowers to

19    avoid allegations that they have incurred the 10% penalty on the Current Post-Petition Taxes (and

20    effectively reduces the applicable interest rate on such amount from the alleged applicable 18%

21    annual rate payable to the taxing authorities to the 10% annual rate payable under this Stipulation);

22    WHEREAS, the funding afforded by this Stipulation would enable the payment of the

23
24    [1] Lehman ALI shall refer to Lehman ALI on behalf of itself, both individually and collectively, as purported lender, and as purported agent for all lenders under the applicable loan documents, including, without limitation, as purported agents for Fenway Capital, LLC.  Notwithstanding anything to the contrary contained herein, Lehman ALI does not concede that it is a "purported" lender or agent as to the loan(s) or any particular loan, and reserves all of its rights in connection therewith.

25

26    [2] The Trustee Debtors in these cases consist of:  SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES).  For the avoidance of doubt, this Stipulation does not affect SunCal Century City.

27

28

DOCS_LA:217957.3

1   Current Post-Petition Taxes and the Additional Post-Petition Taxes, as and to the extent set forth

2   below, and, absent this Stipulation, the Subject Borrowers would have inadequate cash to pay such

3   amounts;

4        WHEREAS, Lehman ALI is authorized to enter into this Stipulation;

5        WHEREAS, Lehman Commercial Paper Inc. ("LCPI") is a debtor and debtor in possession

6   in the jointly administered cases captioned In re Lehman Brothers Holdings, Inc., Case No. 08-

7   13555 (JMP), pending in the United States Bankruptcy Court for the Southern District of New York

8   (the "New York Bankruptcy Court");

9        WHEREAS, there is little time remaining to arrange funding for and payments to the

10  California real property taxing authorities before April 12, 2010 and, although other estates of

11  various of the Voluntary Debtors[3] also own real property, (1) the Voluntary Debtors prefer to obtain

12  consent for use of cash collateral to enable payment of these real property taxes, which the Lehman

13  Entities (defined below) believe would take longer than this week to negotiate and (2) most of such

14  real property is subject to secured claims[4] of LCPI, such that consent of the New York Bankruptcy

15  Court, after notice and a hearing, may be required if it were to participate in a financing for most of

16  those other estates;

17       WHEREAS, background in this case includes the following facts:

18       A.    On November 6, 7 and 19, 2008, the Voluntary Debtors filed their respective

19  voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code"). The

20  Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to

21  sections 1107 and 1008 of the Bankruptcy Code.

22       B.    On November 12, 14 and 19, 2008, involuntary petitions were filed against

---

[3] The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES). The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

[4] These claims are subject to a variety of challenges and disputes and nothing herein is intended to resolve or address those disputes and challenges.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    the Trustee Debtors.

2         C.    On or about January 8, 2009, the Court entered orders for relief in the Trustee

3    Debtors' cases.

4         D.    On or about January 15, 2009, the Court entered orders requiring the

5    appointment of a chapter 11 trustee in each of the Trustee Debtors' cases.  Thereafter, the Office of

6    the United States Trustee appointed Steven M. Speier as the Chapter 11 Trustee for the Trustee

7    Debtors.

8         E.    Lehman ALI, LCPI, Northlake Holdings LLC ("Northlake Holdings"), and

9    OVC Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI, LCPI and Northlake

10   Holdings for purposes of this Stipulation, the "Lehman Entities") assert secured claims against the

11   Debtors that approximate $2.3 billion.  Included within the scope of the collateral pledged to the

12   Lehman Entities is certain real and personal property owned by the Voluntary Debtors and the

13   Trustee Debtors.

14        F.    On April 2, 2009, Lehman ALI, the Voluntary Debtors, and the Chapter 11

15   Trustee for the Trustee Debtors, by and through their counsel, entered into that certain *Stipulation*

16   *with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior*

17   *Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority*

18   *Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary*, filed

19   April 6, 2009, (the "April 2009 DIP Stipulation") affecting certain of the Voluntary Debtors and

20   certain of the Trustee Debtors as set forth specifically therein (the "April 2009 Borrowers").  The

21   April 2009 DIP Stipulation was approved by the Court by the entry of an order on April 17, 2009.

22        G.    Pursuant to the April 2009 DIP Stipulation, among other things, the April

23   2009 Borrowers were authorized to borrow from Lehman ALI, and Lehman ALI was authorized to

24   make available to each April 2009 Borrower, individual loans (collectively, the "April 2009 DIP

25   Loans") in an aggregate amount equal to $1,790,572.00.

26        H.    Lehman ALI and certain of its affiliates, on the one hand, and the Chapter 11

27   Trustee, on the other hand, subsequently have entered into the following additional stipulations

28   providing for debtor in possession financing and/or consent to use of cash collateral, as applicable:  :

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:217957.3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(a) *Stipulation Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent Necessary* (as amended, the "December 2009 DIP Stipulation"), by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated as of October 15, 2009, and approved, initially on an interim basis and on a final basis, as amended, by the entry of a final order on December 17, 2010; (b) *Stipulation Authorizing Use Of Cash Collateral and Approving Financing For Covered Professional Expenses and Granting Administrative Expense Claims* (the "Joint Funding Stipulation"), by and among Lehman ALI, Northlake Holdings, and OVC Holdings, on the one hand, and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, on the other hand, dated as of September 25, 2009, and approved by the entry of an order on December 17, 2009; and (c) *Stipulation By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the "Oak Knoll DIP Stipulation"), by and between Lehman ALI and the Chapter 11 Trustee on behalf of SunCal Oak Knoll, LLC, dated as of December 7, 2010, and approved by the entry of an order on January 5, 2010.

NOW THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is hereby stipulated and agreed by and between the Parties as follows:

## AGREEMENT

1.   Court Approval.  The provisions of this Stipulation are subject to approval of the Court and shall have no force and effect until approved by the Court.  Immediately upon entry of an order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of Lehman ALI, the Subject Borrowers, the other jointly administered estates in these cases, all other creditors of the Trustee Debtors, the Official Committees of Unsecured Creditors

appointed in the cases of the Trustee Debtors, and all other parties in interest and their respective successors and assigns, including any successor trustee, trustee or other fiduciary hereafter appointed in any of the Voluntary Debtors' or Trustee Debtors' cases or upon dismissal of any of the Voluntary Debtors' or Trustee Debtors' cases.

2.      DIP Financing.  Each of the Subject Borrowers is authorized to borrow from Lehman ALI, and Lehman ALI shall make available to each of the Subject Borrowers, individual loans (each, a "DIP Loan" and, collectively, the "DIP Loans") in an aggregate amount not to exceed, without the prior written consent of Lehman ALI, which consent may be granted or withheld in Lehman ALI's sole and absolute discretion ("Lehman Consent"), $8.7 million (the "DIP Loan Amount").  Without Lehman Consent: (A) the maximum amount of each DIP Loan to each of the Subject Borrowers shall be equal to its Current Post-Petition Taxes and Additional Post-Petition Taxes; (B) the Subject Borrowers shall maintain appropriate documentation related to the expenditure of any and all DIP Loan Amounts; (C) the Subject Borrowers shall provide to Lehman ALI, upon its reasonable request, a breakdown of all amounts spent as of the date of the request and provide all documentation relating to the monies spent as of the date of the request; (D) notwithstanding the foregoing, and for the avoidance of doubt, the DIP Loan proceeds shall not be reallocated from one of the Subject Borrowers to another of the Subject Borrowers; (E) funding under the DIP Loans shall only be available through and including April 12, 2010; and (F) any amounts borrowed under the DIP Loans that are not expended by, and remain in the possession of, the Subject Borrowers by April 30, 2010, shall be immediately refunded to Lehman ALI on such date and shall be applied by Lehman ALI to the payment of the accrued and unpaid interest on and then to the repayment of the outstanding principal of the respective DIP Loans to which such unexpended proceeds relate.

3.      Use of DIP Financing and Condition to Making Payments.  Without Lehman Consent: (A) the DIP Loans shall not be used by any of the respective Subject Borrowers for any purpose other than paying the Current Post-Petition Taxes and Additional Post-Petition Taxes owing on real property in which the respective Subject Borrower claims an interest; and (B) moreover, because the sole purpose of the DIP Financing is to enable the Subject Borrowers to avoid imposition of the 10% penalty on the Current Post-Petition Taxes, and the Parties have not yet

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  concluded their investigations into the amounts required to effectuate such purpose:

2  (i) the Parties shall use good faith efforts to cooperatively determine between the execution

3  hereof and April 12, 2010 what payments are required to the California taxing authorities to prevent

4  imposition of the 10% penalty on the Current Post-Petition Taxes;

5  (ii) no payment shall be made by the Subject Borrowers from the DIP Loans (and the full

6  amount thereof advanced to the Subject Borrowers by or on behalf of Lehman ALI shall be returned

7  to Lehman ALI promptly) unless Lehman ALI sends a notice to the Subject Borrowers after the

8  execution hereof and prior to April 12, 2010 that it is affording its consent under this paragraph;

9  (iii) no payment may exceed any limits indicated in such consent;

10  (iv) Lehman ALI may withhold its consent to payment of all or any amount from the DIP

11  Loans if it believes, in good faith, either (1) payment of an amount authorized hereunder may be

12  unnecessary to prevent imposition of the 10% penalty or (2) despite payment of all amounts

13  authorized hereunder, the applicable taxing authority may be able to impose the 10% penalty;[5] and

14  (v) in making any payments hereunder, the Trustee shall direct each applicable taxing

15  authority, by letter or notation with each wire transfer, to apply these payments to the taxes for

16  which Lehman ALI has consented to payment (*e.g.*, the taxes for the tax year commencing July 1,

17  2009 and ending June 30, 2010).

18  4.    Interest.  The DIP Loans shall accrue interest at the rate of ten percent (10%) per

19  annum, payable on the Maturity Date (as defined below).  There are no other fees associated with the

20  DIP Loans.  All accrued interest on the DIP Loans shall be added to the outstanding principal

21  amount of the DIP Loans and shall be repaid by the Subject Borrowers to Lehman ALI by the

22  Maturity Date.

23  5.    Maturity Date/Plan Treatment.  The Subject Borrowers expressly stipulate and

24  acknowledge that the DIP Loans shall be treated as administrative expenses under the Bankruptcy

25  Code and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of

26  reorganization or liquidation.  The DIP Loans shall be due and payable in full, in cash, without

27

28  [5] No Party hereto and no one else shall be entitled to rely upon any determinations by Lehman ALI hereunder as to these
matters for any purpose other than determining its obligations under this Stipulation.

notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in

the above-captioned cases (the "Cases"), or, in the event no plan is confirmed in the Cases, the

earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "Maturity Date").  For

the avoidance of doubt, the Subject Borrowers hereby agree to repay the DIP Loans to Lehman ALI

out of the Subject Borrowers' respective available cash from either unencumbered cash or funds

provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is "cash

collateral" under section 363 of the Bankruptcy Code or subject to a superpriority lien or claim) on

the effective date of any plan of reorganization or liquidation and in no event shall Subject

Borrowers repay such amounts from the proceeds of the sale of any of the real property owned by

the Subject Borrowers in which Lehman ALI or any of the other Lehman Entities asserts a security

interest.

6.    DIP Obligations.  This Stipulation constitutes and evidences the validity and binding

effect of the DIP Loans, which obligations shall be enforceable against the Subject Borrowers, their

estates and any successors thereto, including without limitation, any successor trustee, trustee or

other estate representative appointed in the Voluntary Debtors' or Trustee Debtors' cases, or any

case under chapter 7 of the Bankruptcy Code upon the conversion of any of the Voluntary Debtors'

or Trustee Debtors' cases, or in any other proceedings superseding or related to any of the foregoing.

The DIP Loans include all loans, reimbursement obligations, and any other indebtedness or

obligations, contingent or absolute, which may now or from time to time be owing by the Subject

Borrowers under this Stipulation, including, without limitation, all principal, accrued interest, costs,

fees, expenses and other amounts owed pursuant to the DIP Loans.

7.    DIP Liens and DIP Collateral.  In order to secure the payment of the DIP Loans,

Lehman ALI is hereby granted continuing, valid, binding, enforceable, non-avoidable and

automatically and properly perfected, senior postpetition security interests in and liens (the "DIP

Liens") on any and all presently owned and hereafter acquired personal property, real property and

other assets of the Subject Borrowers, whether owned or consigned by or to, or leased from or to

Subject Borrowers, regardless of where located, including, without limitation, the assets set forth in

clauses (a) through (d) below (collectively, the "DIP Collateral"):  (a) all presently owned and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

hereafter acquired assets of the Subject Borrowers and their estates, and any proceeds and products thereof, including without limitation, accounts, deposit accounts, cash, as-extracted collateral, chattel paper, investment property, letter-of-credit rights, securities accounts, commercial tort claims, investments, instruments, documents, inventory, contract rights, general intangibles, intellectual property, real property, fixtures, goods, equipment and other fixed assets and proceeds and products of all of the foregoing (including insurance proceeds); (b) proceeds of avoidance actions against the Lehman Entities under chapter 5 of the Bankruptcy Code, but only to secure the payment of the following amount of the DIP Loans, plus interest thereon:  the amount equal to the real property taxes paid with the DIP Loan that are paid by an estate (1) entitled to such avoidance action proceeds and (2) for which a lien or claim of a Lehman Entity (for itself or as agent) is set aside or subordinated; provided that, pending a final determination of the status of any such lien or claim of a Lehman Entity, the applicable Lehman Entity shall be entitled to withhold payment of any amount owing in respect of such an avoidance action up to the applicable claim amount; (c) any rights under Section 506(c) of the Bankruptcy Code; and (d) any unencumbered assets of the Subject Borrowers.

8.    DIP Lien Priority.  Except with respect to the debtor in possession liens granted to Lehman ALI as set forth in paragraph 8 of the April 2009 DIP Stipulation, paragraph 8 of the December 2009 DIP Stipulation, as amended, and paragraph 7 of the Oak Knoll DIP Stipulation, all of which remain senior to the DIP Liens, the DIP Liens securing the DIP Loans shall be senior in priority and superior to all other security interests, mortgages, collateral interests, liens or claims on or to any of the DIP Collateral.  Other than as set forth herein, the DIP Liens shall not be made subject to or pari passu with any lien or security interest heretofore or hereinafter granted in these cases.  The DIP Liens shall be valid and enforceable against any successor trustee, trustee or other estate representative appointed in the Trustee Debtors' cases or upon the conversion of any of the Trustee Debtors' cases to a case under chapter 7 of the Bankruptcy Code, and/or upon the dismissal of any of the Trustee Debtors' cases.  The DIP Liens shall not be subject to sections 506(c), 510, 549, or 550 of the Bankruptcy Code.  No lien or interest avoided and preserved for the benefit of any estate pursuant to section 551 of the Bankruptcy Code shall be made pari passu with or senior to the DIP Liens.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9.    <u>Cross-Collateralization and Cross-Defaults</u>.  The DIP Liens shall not be cross-collateralized (*i.e.*, each DIP Loan shall be secured by that portion of the DIP Collateral owned by the Subject Borrower to whom such DIP Loan was made) but shall be cross-defaulted such that any default related to any particular DIP Loan or DIP Lien will result in a default with respect to all DIP Loans and DIP Liens.

10.    <u>DIP Superpriority Claim</u>.  In order to further secure the payment of the DIP Loans, Lehman ALI is hereby granted, pursuant to section 364(c) (1) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim against the Subject Borrowers (the "<u>DIP Superpriority Claim</u>") for all DIP Loans.  Except with respect to (a) the superpriority administrative expense claim granted to Lehman ALI (i) as set forth in paragraph 11 of the April 2009 DIP Stipulation, (ii) paragraph 11 of the December 2009 DIP Stipulation, as amended, and (iii) paragraph 9 of the Oak Knoll Dip Stipulation, (b) the administrative expense claim granted to Lehman ALI as set forth in paragraph 4 of the Joint Funding Stipulation, and (c) the paid fees and expenses of the Chapter 11 Trustee and any professionals retained in the Trustee Debtors' cases, all of which shall remain senior to the DIP Superpriority Claim, the DIP Superpriority Claim shall have priority over any and all administrative expenses and unsecured claims against the Subject Borrowers or their estates, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the Subject Borrowers and their estates, any successor trustee or other estate representative to the extent permitted by law, or any other creditor of the Subject Borrowers.

11.    <u>Modification of Automatic Stay</u>.  The automatic stay imposed under section 362(a) of the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this Stipulation, including, without limitation, to:  (a) permit the Subject Borrowers to grant the DIP Liens and DIP Superpriority Claims; (b) permit the Subject Borrowers to perform such acts as Lehman ALI may request to assure the perfection and priority of the liens granted herein; (c) permit the Subject Borrowers to incur all liabilities and obligations to Lehman ALI in connection with the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DIP Loans; (d) authorize the repayment by the Subject Borrowers of the DIP Loans to Lehman ALI and the retention and application of such payments by Lehman ALI in accordance with the terms of this Stipulation; and (e) enable the enforcement, protection and preservation of the DIP Loans, the DIP Liens, the DIP Collateral and all of the rights and remedies with respect thereto or otherwise under this Stipulation.

12.    Perfection of DIP Liens.  This Stipulation shall be sufficient and conclusive evidence of the validity, perfection, and priority of the DIP Liens without the necessity of filing or recording any financing statement, mortgage, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the DIP Liens, or to entitle Lehman ALI to the priorities granted herein.  Notwithstanding the foregoing, Lehman ALI is authorized to file, as it deems necessary or advisable in its sole discretion, such financing statements, mortgages, notices and other instrument or documents to perfect in accordance with applicable non-bankruptcy law or to otherwise evidence the DIP Liens, and all such financing statements, mortgages, notices and other documents shall be deemed to have been filed or recorded as of the commencement of the Trustee Debtors' Cases; provided, however, that no such filing or recordation shall be necessary or required in order to create, evidence or perfect the DIP Liens.  The Subject Borrowers are authorized and directed to execute and deliver promptly upon demand to Lehman ALI all such financing statements, mortgages, title insurance policies, notices, instruments, and other documents as Lehman ALI may reasonably request.  Lehman ALI, in its sole discretion, may file a photocopy of this Stipulation as a financing statement or notice with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statements, mortgages, notices of lien, instrument, or similar document.

13.    Events of Default.  The following occurrences shall constitute an "Event of Default" under this Stipulation:  (a) failure of the Subject Borrowers to comply with any term of this Stipulation; or (b) the use of the proceeds of DIP Loans other than in strict compliance with the terms of this Stipulation; or (c) the failure to repay the DIP Loans on the Maturity Date.

14.    <u>Remedies</u>.  Immediately upon the occurrence and during the continuation of an Event of Default, Lehman ALI shall: (a) declare via written notice to counsel for the Subject Borrowers all DIP Loans to be immediately due and payable; (b) terminate, reduce or restrict the use of any of the proceeds of the DIP Loans or any further commitment to extend credit to the Subject Borrowers to the extent any such commitment remains; and/or (c) seek relief from the automatic stay under section 362 of the Bankruptcy Code.

15.    <u>Good Faith</u>.  Lehman ALI and the Subject Borrowers have acted in good faith in connection with the Stipulation.  In accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Stipulation are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, Lehman ALI is entitled to the protections provided in section 364(e) of the Bankruptcy Code.  Any such modification, amendment or vacatur shall not affect the extent, validity, perfection, priority, allowability, enforceability or non-avoidability of any advances previously made or made hereunder, or lien, claim or priority granted, perfected, authorized or created hereby.  Any liens or claims granted to Lehman ALI hereunder arising prior to the effective date of any such modification, amendment or vacatur of this Stipulation shall be governed in all respects by the original provisions of this Stipulation, including entitlement to all rights, remedies, privileges and benefits granted herein.

16.    <u>Section 552(b)</u>.  Lehman ALI shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code solely with respect to the DIP Loans.

17.    <u>Reservation of Rights</u>.  Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein.  Specifically, but without limitation, (a) the Parties reserve all rights in all aspects of pending litigation between them, including any matters involving equitable subordination of the claims and liens held by the Lehman Entities, substantive consolidation of any of the estates in these Cases, or any other action against the Lehman Entities; (b) the Parties further agree that entry into this Stipulation, and extension of the DIP Loans contemplated hereunder, shall not be used in any manner in litigation between or amongst the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Parties, whether as, for instance, a basis for or against substantive consolidation or otherwise, and (c)

the rights, obligations, waivers, stipulations, agreements or defenses of the Parties among or between

or to each other or any of them shall not be affected hereby except to the extent provided herein.

18.    No Modification.  Until and unless the DIP Loans have been indefeasibly paid in full

in cash to Lehman ALI pursuant to the terms of this Stipulation and all commitments to extend the

DIP Loans have been terminated, the Subject Borrowers irrevocably waive the right to seek and shall

not seek or consent to, directly or indirectly, without Lehman Consent:  (i) any modification, stay,

vacatur or amendment to this Stipulation (and no such consent shall be implied by any other action,

inaction or acquiescence of Lehman ALI); or (ii) a priority claim for any administrative expense or

unsecured claim against the Subject Borrowers (now existing or hereafter arising of any kind or

nature whatsoever, including, without limitation any administrative expense of the kind specified in

sections 503(b), 507(a) or 507(b) of the Bankruptcy Code) in the Subject Borrowers' cases or any

successor cases equal or superior to the DIP Superpriority Claim; or (iii) any lien on any of the DIP

Collateral with priority equal or superior to the DIP Liens, except that, notwithstanding any other

provision of this Stipulation, the Subject Borrowers may consent to and seek approval of a lien on

any of the DIP Collateral with priority equal or superior to the DIP Liens in the event the Court

makes a finding that such lien is necessary to finance costs and expenses associated solely with

health and safety issues related to the Subject Borrowers' property.  The Lehman Entities' rights

with respect to any such request are hereby reserved.

19.    Jurisdiction.  The Court shall retain jurisdiction to resolve any disputes or

controversies arising from or related to this Stipulation.

20.    Further Cooperation.  The Parties agree to and will cooperate fully with each other in

the performance of this Stipulation, and will execute such additional agreements, documents or other

instruments as may reasonably be required to carry out the intent of this Stipulation.

21.    Signatures.  This Stipulation may be signed in any number of counterparts (and by

each Party hereto on different counterparts), each of which constitutes an original, but all such

counterparts when taken together shall constitute one and the same agreement.  This Stipulation may

be executed by facsimile signature and delivered by facsimile transmission with the same effect as

1   delivery of a manually executed counterpart of this Stipulation.

2       22.   <u>No Admission; No Evidence</u>.  Neither this Stipulation nor anything contained in this

3   Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact

4   or liability or as evidence of any allegation of any Party.  Neither this Stipulation nor anything in this

5   Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of

6   the Parties.  This Stipulation may be introduced, however, in any proceeding to enforce the terms of

7   this Stipulation.

8       23.   <u>Authority</u>.  Each person who signs this Stipulation represents and warrants that he or

9   she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to

10  bind that Party to the terms of this Stipulation.

11      24.   <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the Parties

12  and may not be amended or modified except by a writing executed by the Parties.  All prior oral and

13  written agreements, if any, are expressly superseded hereby and are of no further force and effect.

WEIL, GOTSHAL & MANGES LLP

- and -

Dated:   April 7, 2010          PACHULSKI STANG ZIEHL & JONES LLP

By    _/s/ Robert B. Orgel_____
         Richard M. Pachulski
         Dean A. Ziehl
         Robert B. Orgel

         Attorneys for Lehman ALI, Inc., Northlake
         Holdings LLC and OVC Holdings LLC

Dated:   April 7, 2010          THE LOBEL FIRM, LLP

By    _____
         William N. Lobel
         Mike D. Neue
         General Insolvency Counsel for Steven M.
         Speier, the Chapter 11 Trustee for the
         Trustee Debtors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# LEHMAN -
## TRUSTEE DEBTORS
### July 1, 2009 - June 30, 2010 Real Property Taxes

| Estate Borrower / County Where Real Property Located | Involuntary/Voluntary | Total Taxes | 10% Penalty on 12/09 Taxes | 1st Install 12/10/09 | 2nd Install 04/10/10 |
|---|---|---|---|---|---|
| **INVOLUNTARY** | | | | | |
| OAK KNOLL - ALAMEDA COUNTY | Involuntary | 1,693,495.27 | 80,642.63 | 806,426.32 | 806,426.32 |
| DELTA COVE VENTURE - CONTRA COSTA COUNTY | Involuntary | 453,247.54 | 21,583.22 | 215,832.16 | 215,832.16 |
| DEL AMO - LOS ANGELES COUNTY | Involuntary | 592,196.21 | 28,199.82 | 281,998.23 | 281,998.16 |
| NORTHLAKE - LOS ANGELES COUNTY | Involuntary | 3,078,685.04 | 146,604.07 | 1,466,040.70 | 1,466,040.27 |
| MARBLEHEAD - ORANGE COUNTY | Involuntary | 1,348,307.16 | 64,205.10 | 642,051.03 | 642,051.03 |
| HEARTLAND - RIVERSIDE COUNTY | Involuntary | 527,145.95 | 25,102.19 | 251,021.88 | 251,021.88 |
| OAK VALLEY - RIVERSIDE COUNTY | Involuntary | 188,722.80 | 8,986.80 | 89,868.00 | 89,868.00 |
| PALM SPRINGS VILLAGE - RIVERSIDE COUNTY | Involuntary | 784,071.77 | 37,336.75 | 373,367.51 | 373,367.51 |
| **Total** | | 8,665,871.74 | 412,660.58 | 4,126,605.83 | 4,126,605.33 |



EXHIBIT 1
52063-001\DOCS_LA:218041v1

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>                                                                Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 08-17206-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **STIPULATION TO ENABLE TIMELY PAYMENT OF POST-PETITION REAL PROPERTY TAXES BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 362, 363, 364 AND 507, (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____April 7, 2010____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____April 7, 2010_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Hand Delivery]

The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and
United States Courthouse
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 7, 2010 | Melisa DesJardien | */s/ Melisa DesJardien* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

## I. SERVED BY NEF

## 8:08-bk-17206-ES Notice will be electronically mailed to:

(1)     Selia M Acevedo for Attorney Miller Barondess LLP
        sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
(2)     Joseph M Adams for Defendant The City of San Juan Capistrano
        jadams@sycr.com
(3)     Raymond H Aver for Debtor Palmdale Hills Property, LLC
        ray@averlaw.com
(4)     James C Bastian for Creditor ARB, Inc.
        jbastian@shbllp.com
(5)     John A Boyd for Interested Party Oliphant Golf Inc
        fednotice@tclaw.net
(6)     Mark Bradshaw for Interested Party Courtesy NEF
        mbradshaw@shbllp.com
(7)     Brendt C Butler for Creditor EMR Residential Properties LLC
        BButler@rutan.com
(8)     Carollynn Callari for Creditor Danske Bank A/S London Branch
        ccallari@venable.com
(9)     Dan E Chambers for Creditor EMR Residential Properties LLC
        dchambers@jmbm.com
(10)    Shirley Cho for Creditor Lehman ALI, Inc.
        scho@pszjlaw.com
(11)    Vonn Christenson for Interested Party Courtesy NEF
        vrc@paynefears.com
(12)    Vincent M Coscino for Petitioning Creditor CST Environmental Inc
        emurdoch@allenmatkins.com
(13)    Paul J Couchot for Debtor ACTON ESTATES, LLC
        pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
(14)    Jonathan S Dabbieri for Interested Party Courtesy NEF
        dabbieri@shlaw.com
(15)    Ana Damonte for Creditor Top Grade Construction, Inc.
        ana.damonte@pillsburylaw.com
(16)    Melissa Davis for Creditor City of Orange
        mdavis@shbllp.com
(17)    Daniel Denny for Interested Party Courtesy NEF
        ddenny@gibsondunn.com
(18)    Caroline Djang for Creditor Lehman ALI, Inc.
        crd@jmbm.com
(19)    Donald T Dunning for Creditor Hertz Equipment Rental Corporation
        ddunning@dunningLaw.com
(20)    Joseph A Eisenberg for Creditor Lehman ALI, Inc.
        jae@jmbm.com
(21)    Lei Lei Wang Ekvall for Attorney Weiland Golden Smiley Wang Ekvall & Strok, LLP
        lekvall@wgllp.com
(22)    Richard W Esterkin for Debtor Palmdale Hills Property, LLC
        resterkin@morganlewis.com
(23)    Marc C Forsythe for Attorney Robert Goe
        kmurphy@goeforlaw.com
(24)    Alan J Friedman for Attorney Irell & Manella LLP
        afriedman@irell.com
(25)    Steven M Garber for Creditor Park West Landscape, Inc
        steve@smgarberlaw.com
(26)    Christian J Gascou for Creditor Arch Insurance Company
        cgascou@gascouhopkins.com
(27)    Barry S Glaser for Creditor County of Los Angeles
        bglaser@swjlaw.com
(28)    Robert P Goe for Attorney Robert Goe
        kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
(29)    Eric D Goldberg for Interested Party Courtesy NEF
        egoldberg@stutman.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                F 9013-3.1

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

(30)   Richard H Golubow for Debtor Palmdale Hills Property, LLC
       pj@winthropcouchot.com
(31)   Kelly C Griffith for Creditor Bond Safeguard Insurance Co
       bkemail@harrisbeach.com
(32)   Matthew Grimshaw for Interested Party City Of Torrance
       mgrimshaw@rutan.com
(33)   Asa S Hami for Debtor Palmdale Hills Property, LLC
       ahami@morganlewis.com
(34)   Michael J Hauser for U.S. Trustee United States Trustee (SA)
       michael.hauser@usdoj.gov
(35)   D Edward Hays for Creditor Philip Dowse
       ehays@marshackhays.com
(36)   Michael C Heinrichs for Interested Party Courtesy NEF
       mheinrichs@omm.com
(37)   Harry D. Hochman for Creditor Lehman ALI, Inc.
       hhochman@pszjlaw.com, hhochman@pszjlaw.com
(38)   Jonathan M Hoff for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
       jonathan.hoff@cwt.com
(39)   Nancy Hotchkiss for Creditor Murray Smith & Associates Engineering
       nhotchkiss@trainorfairbrook.com
(40)   Michelle Hribar for Plaintiff EMR Residential Properties LLC
       mhribar@rutan.com
(41)   John J Immordino for Creditor Arch Insurance Co.
       john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
(42)   Lawrence A Jacobson for Creditor BKF Engineers
       laj@cohenandjacobson.com
(43)   Michael J Joyce for Interested Party Courtesy NEF
       mjoyce@crosslaw.com
(44)   Stephen M Judson for Petitioning Creditor The Professional Tree Care Co
       sjudson@fablaw.com
(45)   David I Katzen for Interested Party Bethel Island Municipal Improvement District
       katzen@ksfirm.com
(46)   Christopher W Keegan for Creditor SC Master Holdings II LLC
       ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com;tshafroth@kirkland.com
(47)   Irene L Kiet for Creditor BNB Engineering, Inc.
       ikiet@hkclaw.com
(48)   Mark J Krone for Creditor Bond Safeguard Insurance Co
       mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
(49)   Leib M Lerner for Creditor Steiny and Company, Inc.
       leib.lerner@alston.com
(50)   Peter W Lianides for Debtor Palmdale Hills Property, LLC
       plianides@winthropcouchot.com, pj@winthropcouchot.com
(51)   Charles Liu for Debtor Palmdale Hills Property, LLC
       cliu@winthropcouchot.com, fbaig@mrllp.com
(52)   Kerri A Lyman for Attorney Irell & Manella LLP
       klyman@irell.com
(53)   Mariam S Marshall for Creditor RGA Environmental, Inc.
       mmarshall@marshallramoslaw.com
(54)   Robert C Martinez for Creditor TC Construction Company, Inc
       rmartinez@mclex.com
(55)   Hutchison B Meltzer for Creditor Committee Joint Committee of Creditors Holding Unsecured Claims
       hmeltzer@wgllp.com
(56)   Krikor J Meshefejian for Interested Party Courtesy NEF
       kjm@lnbrb.com
(57)   Joel S. Miliband for Creditor RBF CONSULTING
       jmiliband@rusmiliband.com
(58)   James M Miller for Attorney Miller Barondess LLP
       jmiller@millerbarondess.com
(59)   Louis R Miller for Plaintiff Palmdale Hills Property, LLC
       smiller@millerbarondess.com
(60)   Mike D Neue for Attorney The Lobel Firm, LLP
       mneue@thelobelfirm.com, csolorzano@thelobelfirm.com
(61)   Robert Nida for Creditor Kirk Negrete, Inc
       Rnida@castlelawoffice.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9013-3.1**

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

(62)    Henry H Oh for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
        henry.oh@dlapiper.com, bambi.clark@dlapiper.com
(63)    Sam S Oh for Interested Party Anaverde, LLC
        sam.oh@limruger.com, alisia.dunbar@limruger.com;julie.yu@limruger.com;amy.lee@limruger.com
(64)    Sean A Okeefe for Debtor Palmdale Hills Property, LLC
        sokeefe@okeefelc.com
(65)    Robert B Orgel for Creditor Lehman ALI, Inc.
        rorgel@pszjlaw.com, rorgel@pszjlaw.com
(66)    Penelope Parmes for Creditor EMR Residential Properties LLC
        pparmes@rutan.com
(67)    Ronald B Pierce for Creditor Griffith Company
        ronald.pierce@sdma.com
(68)    Raymond A Policar for Creditor Williams+Paddon Architects+Planners, Inc.
        hausermouzes@sbcglobal.net
(69)    Cassandra J Richey for Creditor Patricia I Volkerts, as Trustee, et al
        cmartin@pprlaw.net
(70)    Debra Riley for Interested Party City of Palmdale
        driley@allenmatkins.com
(71)    Martha E Romero for Creditor San Bernardino County Tax Collector
        Romero@mromerolawfirm.com
(72)    John E Schreiber for Defendant Fenway Capital, LLC
        jschreiber@dl.com
(73)    William D Schuster for Creditor HD Supply Construction Supply LTD
        bills@allieschuster.org
(74)    Christopher P Simon for Interested Party Courtesy NEF
        csimon@crosslaw.com
(75)    Wendy W Smith for Creditor Castaic Union School District
        wendy@bindermalter.com
(76)    Steven M Speier for Trustee Steven Speier
        Sspeier@Squarmilner.com, ca85@ecfcbis.com
(77)    Michael St James for Creditor MBH Architects, Inc.
        ecf@stjames-law.com
(78)    James E Till for Trustee Steven Speier
        jtill@thelobelfirm.com, CSolorzano@thelobelfirm.com
(79)    United States Trustee (SA)
        ustpregion16.sa.ecf@usdoj.gov
(80)    Carol G Unruh for Creditor Scott E. McDaniel
        cgunruh@sbcglobal.net
(81)    Jason Wallach for Interested Party Courtesy NEF
        jwallach@gladstonemichel.com
(82)    Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
        joshua.wayser@kattenlaw.com
(83)    Christopher T Williams for Creditor Danske Bank A/S London Branch
        ctwilliams@venable.com, jcontreras@venable.com
(84)    Marc J Winthrop for Debtor Palmdale Hills Property, LLC
        pj@winthropcouchot.com
(85)    David M Wiseblood for Creditor Bethel Island Municipal Improvement District
        dwiseblood@seyfarth.com
(86)    Arnold H Wuhrman for Creditor Wayne Lee
        Wuhrman@serenitylls.com
(87)    Dean A Ziehl for Counter-Defendant LV Pacific Point LLC
        dziehl@pszjlaw.com, dziehl@pszjlaw.com

## II.  SERVED BY U.S. MAIL

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

## III.  SERVED BY E-MAIL

[VIA E-MAIL]
(1) counsel for the Voluntary Debtors:
  Paul Couchot - pcouchot@winthropcouchot.com
  Marc J Winthrop - pj@winthropcouchot.com
  Charles Liu - cliu@winthropcouchot.com
(2) counsel for the Trustee Debtors:
  William Lobel - wlobel@thelobelfirm.com
(3) counsel for the Voluntary Debtors' Committee:
  Alan Friedman - afriedman@irell.com
  Kerri A Lyman - klyman@irell.com
(4) counsel for the Trustee Debtors' Committee:
  Lei Lei Wang Ekvall - lekvall@wgllp.com
  Hutchison B Meltzer - hmeltzer@wgllp.com
(5) Office of the United States Trustee:
  Michael Hauser - michael.hauser@usdoj.gov


Louis Miller - smiller@millerbarondess.com
Martin Pritikin – mpritikin@millerbarondess.com
Steven N. Speier (Chapter 11 Trustee, c/o Squar Nilner) - sspeier@squarmilner.com; ca85@ecfcbis.com
Edward Soto - Edward.soto@weil.com; odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Clay Roesch - clay.roesch@weil.com
Carrolynn H. G. Callari - ccallari@venable.com
Chauncey Cole – chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Joseph A Eisenberg - jae@jmbm.com
Mark McKane - mark.mckane@kirkland.com
Atty for Bond Safeguard & Lexon - mea@amclaw.com
Palmdale Hills Property, LLC and its related entities - bcook@suncal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**