1   William N. Lobel (CA Bar No. 93202)
    Mike D. Neue (CA Bar No. 179303)
2   THE LOBEL FIRM, LLP
    840 Newport Center Drive, Suite 750
3   Newport Beach, California  92660
    Telephone:  (949) 999-2860
4   Facsimile:  (949) 999-2870

5   General Insolvency Counsel for Steven M. Speier,
    the Chapter 11 Trustee for the Trustee Debtors

6
    Richard M. Pachulski (CA Bar No. 90073)
7   Dean A. Ziehl (CA Bar No. 84529)
    PACHULSKI STANG ZIEHL & JONES LLP
8   10100 Santa Monica Boulevard, Suite 1100
    Los Angeles, California  90067
9   Telephone:  (310) 277-6910
    Facsimile:  (310) 201-0760

10  Edward Soto (admitted *pro hac vice*)
    Shai Waisman (admitted *pro hac vice*)
11  WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
12  New York, NY  10153-0119
    Telephone:  (212) 310-8000
13  Facsimile:  (212) 310-8007

14  Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
    Northlake Holdings LLC and OVC Holdings LLC

15              UNITED STATES BANKRUPTCY COURT

16              CENTRAL DISTRICT OF CALIFORNIA

                     SANTA ANA DIVISION

17  In re:                                          Case No.: 8:08-bk-17206-ES
    Palmdale Hills Property, LLC, and Its Related Debtors,   Jointly Administered With Case Nos.
18          Jointly Administered Debtors and        8:08-bk-17209-ES; 8:08-bk-17240-ES;
            Debtors-In-Possession.                  8:08-bk-17224-ES; 8:08-bk-17242-ES;
                                                    8:08-bk-17225-ES; 8:08-bk-17245-ES;
19  _____       8:08-bk-17227-ES; 8:08-bk-17246-ES;
    Affects:                                        8:08-bk-17230-ES; 8:08-bk-17231-ES;
20  ☐ All Debtors                                   8:08-bk-17236-ES; 8:08-bk-17248-ES;
    ☐ Palmdale Hills Property, LLC                  8:08-bk-17249-ES; 8:08-bk-17573-ES;
21  ☐ SunCal Beaumont Heights, LLC                  8:08-bk-17574-ES; 8:08-bk-17575-ES;
    ☐ SCC/Palmdale, LLC                             8:08-bk-17404-ES; 8:08-bk-17407-ES;
22  ☐ SunCal Johannson Ranch, LLC                   8:08-bk-17408-ES; 8:08-bk-17409-ES;
    ☐ SunCal Summit Valley, LLC                     8:08-bk-17458-ES; 8:08-bk-17465-ES;
23  ☐ SunCal Emerald Meadows, LLC                   8:08-bk-17470-ES; 8:08-bk-17472-ES;
    ☐ SunCal Bickford Ranch, LLC                    and 8:08-bk-17588-ES
24  ☐ Acton Estates, LLC
    ☐ Seven Brothers, LLC
25  ☐ SJD Partners, Ltd.                            Chapter 11
    ☐ SJD Development Corp.
26  ☐ Kirby Estates, LLC                            **JOINT MOTION OF LEHMAN ALI,**
    ☐ SunCal Communities I, LLC                     **INC. AND CHAPTER 11 TRUSTEE**
27  ☐ SunCal Communities III, LLC                   **FOR INTERIM AND FINAL**
    ☐ SCC Communities, LLC                          **APPROVAL OF STIPULATION BY**
28  ☐ North Orange Del Rio Land, LLC                **AND BETWEEN LEHMAN ALI, INC.**
    ☐ Tesoro SF, LLC                                **AND CHAPTER 11 TRUSTEE,**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  ☒ LB-L-SunCal Oak Valley, LLC
   ☒ SunCal Heartland, LLC
2  ☒ LB-L-SunCal Northlake, LLC
   ☒ SunCal Marblehead, LLC
3  ☐ SunCal Century City, LLC
   ☒ SunCal PSV, LLC
4  ☒ Delta Coves Venture, LLC
   ☒ SunCal Torrance, LLC
5  ☒ SunCal Oak Knoll, LLC

**PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507, (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**

**Interim Hearing:**
Date:    TBD [Ex Parte Joint Application to Shorten Time Filed]
Time:    TBD [Ex Parte Joint Application to Shorten Time Filed]
Place:   Courtroom 5A

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

52063-001\DOCS_NY:20408.5

1    Lehman ALI, Inc. ("Lehman ALI") and the chapter 11 trustee (the "Chapter 11 Trustee") on

2    behalf of L-BL-SunCal Oak Valley, LLC, SunCal Heartland, LLC, L-BL-SunCal Northlake, LLC,

3    SunCal Marblehead, LLC, SunCal PSV, LLC, Delta Coves Venture, LLC, SunCal Torrance, LLC,

4    and SunCal Oak Knoll, LLC (collectively, the "Subject Borrowers"), on the other hand, hereby file

5    this emergency joint motion (the "Motion") for interim and final approval of the *Stipulation By and*

6    *Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 362, 363, 364, and*

7    *507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and*

8    *Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the*

9    *Extent Necessary* (the "DIP Stipulation"), and respectfully state as follows:

10    **I.**

11    **PRELIMINARY STATEMENT**

12    The Subject Borrowers require funding to pay the health and safety costs and expenses

13    associated with preserving the projects owned by such borrowers.  Lehman ALI has agreed to

14    provide debtor-in-possession financing and to pay insurance premiums associated with such projects

15    in exchange for customary and reasonable debtor-in-possession financing protections on

16    substantially the same terms as the December 2009 DIP Stipulation (defined below) approved by this

17    Court in December 2009.

18    The Chapter 11 Trustee has determined that interim debtor-in-possession financing in the

19    amount of $585,979.00 to pay necessary expenses to maintain the Subject Borrowers' projects is

20    urgent.  The authority to use the debtor-in-possession financing funds provided to the Subject

21    Borrowers under the December 2009 DIP Stipulation has expired, and the Subject Borrowers require

22    additional funding and authority to use such funds for expenses that will begin to come due over the

23    course of the next couple of weeks.  Absent such interim relief, the Subject Borrowers will be unable

24    to maintain the projects, thereby exposing them to health and safety hazards and subjecting the

25    Subject Borrowers' estates to immediate and irreparable harm.  Accordingly, the Chapter 11 Trustee

26    and Lehman ALI respectfully request that the Court schedule a hearing to consider interim approval

27    of the DIP Stipulation on or before May 6, 2010.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## II.

## FACTUAL BACKGROUND

**A.    Chapter 11 Cases**

On November 6, 7 and 19, 2008, the Voluntary Debtors[1] filed their respective voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code").  The Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

On November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors.[2]

On or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

On or about January 15, 2009, the Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases.  Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Chapter 11 Trustee for the Trustee Debtors.

Lehman ALI, Northlake Holdings LLC ("Northlake Holdings"), and OVC Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI and Northlake Holdings for purposes of the Stipulation, the "Lehman Entities") and Lehman Commercial Paper Inc. ("LCPI") assert secured claims against the Debtors in excess of $2.0 billion.  Included within the scope of the collateral pledged to the Lehman Entities is certain real and personal property owned by the Trustee Debtors.

---

[1]  The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

[2]  The Trustee Debtors in these cases consist of:  SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES).  For the avoidance of doubt, the DIP Stipulation does not affect SunCal Century City.  The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.    Previous Debtor-In-Possession Financing And/Or Cash Collateral Stipulations**

On April 2, 2009, Lehman ALI, the Voluntary Debtors, and the Chapter 11 Trustee for the Trustee Debtors, by and through their counsel, entered into that certain *Stipulation with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the "April 2009 DIP Stipulation") affecting certain of the Voluntary Debtors and certain of the Trustee Debtors as set forth specifically therein (the "April 2009 Borrowers").  The April 2009 DIP Stipulation was approved by the Court by the entry of an order on April 17, 2009.

Pursuant to the April 2009 DIP Stipulation, among other things, the April 2009 Borrowers were authorized to borrow from Lehman ALI, and Lehman ALI was authorized to make available to each April 2009 Borrower, individual loans (collectively, the "April 2009 DIP Loans") in an aggregate amount equal to $1,790,572.00.

Lehman ALI and certain of its affiliates, on the one hand, and the Chapter 11 Trustee, on the other hand, subsequently have entered into the following additional stipulations providing for debtor-in-possession financing and/or consent to use of cash collateral, as applicable:  (a) *Stipulation Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent Necessary*, by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated December 7, 2010 (the "December 2009 DIP Stipulation"), and approved on an interim basis by the entry of an interim order on October 15, 2009 and on a final basis by the entry of a final order on December 17, 2010; (b) *Stipulation Authorizing Use Of Cash Collateral and Approving Financing For Covered Professional Expenses and Granting Administrative Expense Claims* (the, by and among Lehman ALI, Northlake Holdings, and OVC Holdings, on the one hand, and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, on the other hand, dated December 8, 2010, and approved by the entry of an order on December 17, 2009; (c) *Stipulation By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*§§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing;*

*(2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying*

*Automatic Stay to the Extent Necessary*, by and between Lehman ALI and the Chapter 11 Trustee on

behalf of SunCal Oak Knoll, LLC, dated December 7, 2010, and approved by the entry of an order

on January 5, 2010l; and (d) *Stipulation to Enable Timely Payment of Post-Petition Real Property*

*Taxes By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362,*

*363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing;*

*(2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying*

*Automatic Stay to the Extent Necessary*, by and between Lehman ALI and the Chapter 11 Trustee on

behalf of certain of the Trustee Debtors as borrowers thereunder, dated April 7, 2010, and approved

on an interim basis by the entry of an order on April 8, 2010.

Pursuant to the December 2009 DIP Stipulation, the Trustee Debtors were required to repay

to Lehman ALI the available amounts borrowed under the April 2009 DIP Loans (the "Remaining

April 2009 DIP Loan Amounts") in the total amount of $1,086,106.94 as set forth in Exhibit B to the

December 2009 DIP Stipulation upon the entry of an order approving such stipulation.

The Subject Borrowers presently hold the Remaining April 2009 DIP Loan Amounts as set

forth in Exhibit A attached to the DIP Stipulation.

**C.    Health and Safety Costs Related to the Subject Borrowers' Projects**

The Subject Borrowers require debtor-in-possession financing in the total aggregate amount

of $2,185,972.00 to pay the necessary health and safety costs to preserve projects owned by the

Subject Borrowers during the 120-day period (the "120-Day Period") beginning on April 15, 2010.

Lehman ALI and the Chapter 11 Trustee have completed negotiations regarding the terms of debtor-

in-possession financing to be provided by Lehman ALI and have entered into the DIP Stipulation,

which provides for, among other things, debtor-in-possession loans made by Lehman ALI to the

Subject Borrowers, for the purpose of paying health and safety costs in accordance with the terms of

the Stipulation and the budget (the "Budget") attached thereto as Exhibit B.  In addition, Lehman

ALI has agreed to pay directly to the applicable insurers the insurance premiums in connection with

the provision of insurance coverage for the Subject Debtors' projects.  In exchange for providing

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 such financing and paying the insurance premiums, Lehman ALI will receive customary and

2 reasonable debtor-in-possession protections similar to those provided under the December 2009 DIP

3 Stipulation.

4 **D.    The DIP Stipulation**[3]

5 The DIP Stipulation is attached hereto as **Exhibit 1**.[4]  Pursuant to the DIP Stipulation,

6 Lehman ALI agrees to make available to each Subject Borrower individual DIP Loans in an

7 aggregate amount not to exceed $2,185,972.00 (the "DIP Loan Amount"), the proceeds of which

8 shall be used by the respective Subject Borrower solely for purposes of paying the costs and

9 expenses attributable to each such Subject Borrower as set forth in the Budget.  Repayment of the

10 DIP Loans will be secured by the DIP Liens and the DIP Superpriority Claim.  In addition, as set

11 forth in the DIP Stipulation, Lehman ALI has agreed to pay the insurance premiums up to the

12 aggregate amount of $219,157.00.  In exchange, such amount shall be treated as an administrative

13 expense claim, which shall be payable to Lehman ALI on the earlier of (i) the sale of any real

14 property owned by any Subject Borrower for whose benefit any insurance premiums were paid by

15 Lehman ALI and (ii) the effective date of any confirmed plan of reorganization or liquidation, or, in

16 the event no plan is confirmed in the Subject Borrowers' cases, the earlier of dismissal of such cases

17 or conversion of the cases to chapter 7.

18 **III.**

19 **DISCUSSION**

20 **A.    Approval of the DIP Stipulation is Appropriate and in the Best Interest of the
Subject Borrowers and Their Creditors**

21

22 Pursuant to Bankruptcy Code §§ 364(c) and (d), the Chapter 11 Trustee requests approval of

23 the DIP Stipulation and authority to obtain post-petition financing from Lehman ALI allowable as an

24 administrative expense, having priority over other administrative expenses, and secured by senior

25 liens on substantially all of the property of the Trustee Debtors' estates (with certain exceptions as

26 set forth in the DIP Stipulation).

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[3]   The description of the terms of the DIP Stipulation contained herein are intended as a summary only.

[4]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

1    Pursuant to Bankruptcy Code § 364(c), a trustee may, in the exercise of its business

2   judgment, incur secured debt if the trustee has been unable to obtain unsecured credit and the

3   borrowing is in the best interests of the estate.  *See*, *e.g.*, *In re Simasko Production Co.*, 47 B.R. 444,

4   448-9 (D. Colo. 1985) (authorizing interim financing agreement where debtor's best business

5   judgment indicated financing was necessary and reasonable for benefit of estate); *In re Ames Dept.*

6   *Stores*, 115 B.R. 34, 38 (Bankr. S.D. N.Y. 1990); *see also* 3 Collier on Bankruptcy ¶ 364.03, at 364-

7   7-18 (15th ed. rev. 1999).

8    Bankruptcy Code § 364(c) provides, in pertinent part, that:

9    (c)    If the trustee is unable to obtain unsecured credit allowable under section 503(b)(l) of

10   this title as an administrative expense, the court, after notice and a hearing, may authorize the

11   obtaining of credit or the incurring of debt –

12    (1)    with priority over any or all administrative expenses of the kind specified in

13   section 503(b) or 507(b) of this title;

14    (2)    secured by a lien on property of the estate that is not otherwise subject to a

15   lien; or

16    (3)    secured by a junior lien on property of the estate that is subject to a lien.

17   11. U.S.C. § 364(c).

18    The financing provided under the DIP Stipulation is reasonable and necessary in order to

19   address the health and safety issues at the projects owned by the Subject Borrowers and to maintain

20   and preserve the value of such projects.  Absent the funds to be advanced under the DIP Stipulation,

21   the Chapter 11 Trustee will be unable to pay for the costs associated with preserving such projects in

22   the 120-Day Period.  Further, as stated above, without interim relief, the projects will be exposed to

23   health and safety hazards and therefore subject to immediate and irreparable harm.

24    Based on the financing to be provided by Lehman ALI, the arm's length negotiations with

25   Lehman ALI, and the lack of any other meaningful alternatives, the Chapter 11 Trustee has

26   determined that the financing agreed to by Lehman ALI and the Chapter 11 Trustee best suits the

27   Subject Borrowers' needs by providing the cash necessary to pay the health and safety costs at the

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Subject Borrowers' projects.  The Chapter 11 Trustee believes that the DIP Stipulation was entered

2  into in good faith and upon the most favorable terms that could be achieved under the circumstances.

3                                          **IV.**

4                                   **<u>CONCLUSION</u>**

5           Based on the foregoing, the Chapter 11 Trustee and Lehman ALI respectfully request that the

6  Court grant the Motion and approve the DIP Stipulation on an interim basis, set a final hearing, and

7  grant the Motion and approve the DIP Stipulation a final basis thereafter.

8  Dated:    April 22, 2010                    THE LOBEL FIRM, LLP

9

10                                            /s/ Mike D. Neue
                                              William N. Lobel (CA Bar No. 93202)
11                                            Mike D. Neue (CA Bar No. 179303)
                                              840 Newport Center Drive, Suite 750
12                                            Newport Beach, California  92660
                                              Telephone:  (949) 999-2860
13                                            Facsimile:  (949) 999-2870

14                                            General Insolvency Counsel for Steven M. Speier,
                                              the Chapter 11 Trustee for the Trustee Debtors

15  Dated:    April 22, 2010                   PACHULSKI STANG ZIEHL & JONES LLP

16

17                                            /s/ Dean A. Ziehl
                                              Richard M. Pachulski (CA Bar No. 90073)
18                                            Dean A. Ziehl (CA Bar No. 84529)
                                              10100 Santa Monica Blvd., Suite 1100
19                                            Los Angeles, CA 90067-4100
                                              Telephone:  (310) 277-6910
20                                            Facsimile:  (310) 201-0760

21                                            -and-

22                                            WEIL, GOTSHAL & MANGES LLP
                                              Edward Soto (admitted *pro hac vice*)
23                                            Shai Waisman (admitted *pro hac vice*)
                                              767 Fifth Avenue
24                                            New York, NY  10153-0119
                                              Telephone:  (212) 310-8000
25                                            Facsimile:  (212) 310-8007

26                                            Counsel for Lehman Commercial Paper Inc.,
                                              Lehman ALI, Inc., Northlake Holdings, LLC and
27                                            OVC Holdings, LLC

28

1 | Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
2 | PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
3 | Los Angeles, California 90067
Telephone: (310) 277-6910
4 | Facsimile: (310) 201-0760

5 | Edward Soto (admitted *pro hac vice*)
Shai Waisman (admitted *pro hac vice*)
6 | WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
7 | New York, NY 10153-0119
Telephone: (212) 310-8000
8 | Facsimile: (212) 310-8007

9 | Counsel for Lehman ALI, Inc., Northlake Holdings LLC and
OVC Holdings LLC

10 | William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
11 | THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
12 | Newport Beach, California 92660
Telephone: (949) 999-2860
13 | Facsimile: (949) 999-2870

14 | General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

15 |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession.<br><br>Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC<br>☒ LB-L-SunCal Oak Valley, LLC | Case No.: 8:08-bk-17206-ES<br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**STIPULATION BY AND BETWEEN**<br>**LEHMAN ALI, INC. AND**<br>**CHAPTER 11 TRUSTEE, PURSUANT**<br>**TO 11 U.S.C. §§ 362, 363, 364, AND 507,**<br>**(1) APPROVING SENIOR SECURED**<br>**SUPERPRIORITY POSTPETITION** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**EXHIBIT** ☐1

52063-001\DOCS_NY:20389.4

008

☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

**FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**

<u>Interim Hearing</u>:
Date:   TBD [Ex Parte Joint Application Shortening Time Filed]
Time:   TBD [Ex Parte Joint Application Shortening Time Filed]
Place:  Courtroom 5A

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman ALI"),[1] on the one hand, and the chapter 11 trustee (the "Chapter 11 Trustee") on behalf of certain of the Trustee Debtors[2] affected by this Stipulation (collectively, the "Subject Borrowers"), on the other hand. Lehman ALI and the Subject Borrowers (together, the "Parties") hereby enter into this Stipulation and agree as follows:

## RECITALS

WHEREAS, on November 6, 7 and 19, 2008, the Voluntary Debtors[3] filed their respective voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code"). The Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors.

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

WHEREAS, on or about January 15, 2009, the Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Chapter 11 Trustee for the Trustee

---

[1] Lehman ALI shall refer to Lehman ALI on behalf of itself, both individually and collectively, as purported lenders, and as purported agents for all lenders under the applicable loan documents, including, without limitation, as purported agent for Fenway Capital, LLC. Notwithstanding anything to the contrary contained herein, Lehman ALI does not concede that it is "purported" lender or agent as to the loan(s) or any particular loan, and reserves all of its rights in connection therewith.

[2] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). For the avoidance of doubt, this Stipulation does not affect SunCal Century City.

[3] The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES). The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Debtors.

2      WHEREAS, Lehman ALI, Northlake Holdings LLC ("Northlake Holdings"), and OVC

3  Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI and Northlake Holdings for

4  purposes of this Stipulation, the "Lehman Entities") and Lehman Commercial Paper Inc. ("LCPI")

5  assert secured claims against the Debtors in excess of $2.0 billion.  Included within the scope of the

6  collateral pledged to the Lehman Entities is certain real and personal property owned by the Trustee

7  Debtors.

8      WHEREAS, on April 2, 2009, Lehman ALI, the Voluntary Debtors, and the Chapter 11

9  Trustee for the Trustee Debtors, by and through their counsel, entered into that certain *Stipulation*

10  *with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior*

11  *Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority*

12  *Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the

13  "April 2009 DIP Stipulation") affecting certain of the Voluntary Debtors and certain of the Trustee

14  Debtors as set forth specifically therein (the "April 2009 Borrowers").  The April 2009 DIP

15  Stipulation was approved by the Court by the entry of an order on April 17, 2009.

16      WHEREAS, pursuant to the April 2009 DIP Stipulation, among other things, the April 2009

17  Borrowers were authorized to borrow from Lehman ALI, and Lehman ALI was authorized to make

18  available to each April 2009 Borrower, individual loans (collectively, the "April 2009 DIP Loans")

19  in an aggregate amount equal to $1,790,572.00.

20      WHEREAS, Lehman ALI and certain of its affiliates, on the one hand, and the Chapter 11

21  Trustee, on the other hand, subsequently have entered into the following additional stipulations

22  providing for debtor in possession financing and/or consent to use of cash collateral, as applicable:

23  (a) *Stipulation Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving Senior Secured*

24  *Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority*

25  *Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent Necessary*, by

26  and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as

27  borrowers thereunder, dated December 7, 2010 (the "December 2009 DIP Stipulation"), and

28  approved on an interim basis by the entry of an interim order on October 15, 2009 and on a final

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  basis by the entry of a final order on December 17, 2010; (b) *Stipulation Authorizing Use Of Cash*

2  *Collateral and Approving Financing For Covered Professional Expenses and Granting*

3  *Administrative Expense Claims* (the "Joint Funding Stipulation"), by and among Lehman ALI,

4  Northlake Holdings, and OVC Holdings, on the one hand, and the Chapter 11 Trustee on behalf of

5  certain of the Trustee Debtors as borrowers thereunder, on the other hand, dated December 8, 2010,

6  and approved by the entry of an order on December 17, 2009; (c) *Stipulation By and Between*

7  *Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1)*

8  *Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing*

9  *Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent*

10 *Necessary* (the "Oak Knoll DIP Stipulation"), by and between Lehman ALI and the Chapter 11

11 Trustee on behalf of SunCal Oak Knoll, LLC, dated December 7, 2010, and approved by the entry of

12 an order on January 5, 2010; and (d) the *Stipulation to Enable Timely Payment of Post-Petition Real*

13 *Property Taxes By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§*

14 *362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2)*

15 *Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying*

16 *Automatic Stay to the Extent Necessary* (the "Tax DIP Stipulation"), by and between Lehman ALI

17 and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder,

18 dated April 7, 2010, and approved on an interim basis by the entry of an order on April 8, 2010.

19        WHEREAS, pursuant to the December 2009 DIP Stipulation, the Trustee Debtors were

20 required to repay to Lehman ALI the available amounts borrowed under the April 2009 DIP Loans

21 (the "Remaining April 2009 DIP Loan Amounts") in the total amount of $1,086,106.94 as set forth

22 in Exhibit B to the December 2009 DIP Stipulation upon the entry of an order approving such

23 stipulation.

24        WHEREAS, the Subject Borrowers presently hold the Remaining April 2009 DIP Loan

25 Amounts as set forth in Exhibit A attached hereto.

26        NOW THEREFORE, in consideration of the mutual covenants contained herein, and other

27 good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is

28 hereby stipulated and agreed by and between the Parties as follows:

## AGREEMENT

1.    <u>Court Approval</u>. The provisions of this Stipulation are subject to approval of the Court and shall have no force and effect until approved by the Court. Immediately upon entry of an order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of Lehman ALI, the Subject Borrowers, the other Lehman Entities, all other creditors of the Trustee Debtors, the Official Committee of Unsecured Creditors appointed in the Trustee Debtors' cases, and all other parties in interest and their respective successors and assigns, including any successor trustee, trustee or other fiduciary hereafter appointed in any of the Trustee Debtors' cases or upon dismissal of any of the Trustee Debtors' cases.

2.    <u>DIP Financing</u>. Each Subject Borrower is authorized to borrow from Lehman ALI, and Lehman ALI shall make available to each Subject Borrower, individual loans (each, a "<u>DIP Loan</u>" and, collectively, the "<u>DIP Loans</u>") in an aggregate amount not to exceed $2,185,972.00 (the "<u>DIP Loan Amount</u>"), the proceeds of which shall be used by the applicable Subject Borrower solely for purposes of paying the costs and expenses attributable to each such Subject Borrower as set forth in the 120-day budget attached hereto as <u>Exhibit B</u> (the "Budget," as such Budget may be revised or amended with the written consent of Lehman ALI, which consent may be granted or withheld in Lehman ALI's sole and absolute discretion). The maximum amount of each DIP Loan to each Subject Borrower shall be equal to the applicable amount in the Budget for each Subject Borrower's respective costs and expenses as set forth in the Budget. The Subject Borrowers are to use the DIP Loan proceeds as directed by the Budget and shall maintain appropriate documentation related to the expenditure of any and all proceeds of the DIP Loans. The Subject Borrowers shall provide to Lehman ALI, upon its reasonable request, a breakdown of all amounts spent as of the date of the request and provide all documentation relating to the monies spent as of the date of the request. The Budget shall not be modified without the prior written consent of Lehman ALI, except that each Subject Borrower may expend funds for any particular line items allocable to such Subject Borrower as set forth in the Budget (the "Budget Items"), with the sole exception of Budget Items for management fees, in excess of the respective amounts provided for such Budget Items for a

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

particular Subject Borrower, so long as such excess amount is equal to or less than 5% of the amount allocated to that particular Subject Borrower for a particular Budget Item and provided that the aggregate amount for all such Budget Items for a particular Subject Borrower is not increased. Notwithstanding the foregoing, and for the avoidance of doubt, the DIP Loan proceeds shall not be reallocated from one Subject Borrower to another Subject Borrower, without the prior written consent of Lehman ALI, which consent may be granted or withheld in Lehman ALI's sole and absolute discretion. Funding under the DIP Loans shall only be available through and including August 31, 2010; provided that such date may be extended without Court approval to no later than October 31, 2010 upon the consent of Lehman ALI in its sole discretion. Any amounts borrowed under the DIP Loans that are not expended by, and remain in the possession of, the Subject Borrowers by September 30, 2010, shall be immediately refunded to Lehman ALI on such date and shall be applied by Lehman ALI to the payment of the accrued and unpaid interest on and then to the repayment of the outstanding principal of the respective DIP Loans to which such unexpended proceeds relate; provided that such date may be extended without Court approval to no later than November 30, 2010 upon the consent of Lehman ALI in its sole discretion.

3.    DIP Loan Interest.  The DIP Loans shall accrue interest at the rate of ten percent (10%) per annum, payable on the DIP Loan Maturity Date (as defined below).  There are no other fees associated with the DIP Loans.  All accrued interest on the DIP Loans shall be added to the outstanding principal amount of the DIP Loans and shall be repaid by the Subject Borrowers to Lehman ALI by the Maturity Date.

4.    Maturity Date/Plan Treatment of DIP Loans.  The Subject Borrowers expressly stipulate and acknowledge that the DIP Loans shall be treated as administrative expenses under the Bankruptcy Code and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation. The DIP Loans shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the above-captioned cases (the "Cases"), or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "DIP Loan Maturity Date").  For the avoidance of doubt, the Subject Borrowers hereby agree to repay the DIP

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 Loans to Lehman ALI out of the Subject Borrowers' respective available cash from either

2 unencumbered cash or funds provided by a plan proponent (excluding any cash which any of the

3 Lehman Entities assert is "cash collateral" under section 363 of the Bankruptcy Code or subject to a

4 superpriority lien or claim) on the effective date of any plan of reorganization or liquidation and in

5 no event shall Subject Borrowers repay such amounts from the proceeds of the sale of any of the real

6 property owned by the Subject Borrowers in which Lehman ALI or any of the other Lehman Entities

7 asserts a security interest.

8      5.    <u>DIP Obligations</u>.  This Stipulation constitutes and evidences the validity and binding

9 effect of the DIP Loans, which obligations shall be enforceable against the Subject Borrowers, their

10 estates and any successors thereto, including without limitation, any successor trustee, trustee or

11 other estate representative appointed in the Trustee Debtors' Cases, or any case under chapter 7 of

12 the Bankruptcy Code upon the conversion of any of the Trustee Debtors' Cases, or in any other

13 proceedings superseding or related to any of the foregoing.  The DIP Loans include all loans,

14 reimbursement obligations, and any other indebtedness or obligations, contingent or absolute, which

15 may now or from time to time be owing by the Subject Borrowers under this Stipulation, including,

16 without limitation, all principal, accrued interest, costs, fees, expenses and other amounts owed

17 pursuant to the DIP Loans.

18      6.    <u>DIP Liens and DIP Collateral</u>.  In order to secure the payment of the DIP Loans,

19 Lehman ALI is hereby granted continuing, valid, binding, enforceable, non-avoidable and

20 automatically and properly perfected, senior postpetition security interests in and liens (the "<u>DIP</u>

21 <u>Liens</u>") on any and all presently owned and hereafter acquired personal property, real property and

22 other assets of Subject Borrowers, whether owned or consigned by or to, or leased from or to the

23 Subject Borrowers, regardless of where located, including, without limitation, the assets set forth in

24 clauses (1) through (4) below (collectively, the "<u>DIP Collateral</u>"):  (1) all presently owned and

25 hereafter acquired assets of the Subject Borrowers and their estates, and any proceeds and products

26 thereof, including without limitation, accounts, deposit accounts, cash, as-extracted collateral, chattel

27 paper, investment property, letter-of-credit rights, securities accounts, commercial tort claims,

28 investments, instruments, documents, inventory, contract rights, general intangibles, intellectual

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  property, real property, fixtures, goods, equipment and other fixed assets and proceeds and products

2  of all of the foregoing (including insurance proceeds); (2) proceeds of avoidance actions against the

3  Lehman Entities under chapter 5 of the Bankruptcy Code; (3) any rights under Section 506(c) of the

4  Bankruptcy Code; and (4) any unencumbered assets of the Subject Borrowers.

5      7.    DIP Lien Priority.  Except with respect to the debtor in possession liens granted to

6  Lehman ALI as set forth in paragraph 8 of the April 2009 DIP Stipulation, paragraph 8 of the

7  December 2009 DIP Stipulation, paragraph 7 of the Oak Knoll DIP Stipulation, and paragraph 8 of

8  the Tax DIP Stipulation, all of which remain senior to the DIP Liens, the DIP Liens securing the DIP

9  Loans shall be senior in priority and superior to all other security interests, mortgages, collateral

10  interests, liens or claims on or to any of the DIP Collateral.  Other than as set forth herein, the DIP

11  Liens shall not be made subject to or *pari passu* with any lien or security interest heretofore or

12  hereinafter granted in these cases.  The DIP Liens shall be valid and enforceable against any

13  successor trustee, trustee or other estate representative appointed in the Trustee Debtors' Cases or

14  upon the conversion of any of the Trustee Debtors' Cases to a case under chapter 7 of the

15  Bankruptcy Code, and/or upon the dismissal of any of the Trustee Debtors' Cases.  The DIP Liens

16  shall not be subject to sections 506(c), 510, 549, or 550 of the Bankruptcy Code.  No lien or interest

17  avoided and preserved for the benefit of any estate pursuant to section 551 of the Bankruptcy Code

18  shall be made *pari passu* with or senior to the DIP Liens.

19      8.    Cross-Collateralization and Cross-Defaults.  The DIP Liens shall not be cross-

20  collateralized (*i.e.*, each DIP Loan shall be secured by that portion of the DIP Collateral owned by

21  the Subject Borrower to whom such DIP Loan was made) but shall be cross-defaulted such that any

22  default related to any particular DIP Loan or DIP Lien will result in a default with respect to all DIP

23  Loans and DIP Liens.

24      9.    DIP Superpriority Claim.  In order to further secure the payment of the DIP Loans,

25  Lehman ALI is hereby granted, pursuant to section 364(c)(1) and 507(b) of the Bankruptcy Code, an

26  allowed superpriority administrative expense claim against the Subject Borrowers (the "DIP

27  Superpriority Claim") for all DIP Loans.  Except with respect to: (a) the superpriority administrative

28  expense claims granted to Lehman ALI as set forth in (i) paragraph 11 of the April 2009 DIP

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Stipulation, (ii) paragraph 11 of the December 2009 DIP Stipulation, (iii) paragraph 9 of the Oak

2  Knoll Dip Stipulation, and (iv) paragraph 10 of the Tax DIP Stipulation;

3  (b) the administrative expense claims granted to Lehman ALI as set forth in (i) paragraph 4 of the

4  Joint Funding Stipulation and (ii) paragraph 5 of the Tax DIP Stipulation; and (c) the paid fees and

5  expenses of the Chapter 11 Trustee and any professionals retained by the Chapter 11 Trustee in the

6  Trustee Debtors' Cases, all of which shall remain senior to the DIP Superpriority Claim, the DIP

7  Superpriority Claim shall have priority over any and all administrative expenses and unsecured

8  claims against the Subject Borrowers or their estates, at any time existing or arising, of any kind or

9  nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or

10  ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b),

11  546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the Bankruptcy

12  Code, and at all times be senior to the rights of the Subject Borrowers and their estates, any

13  successor trustee or other estate representative to the extent permitted by law, or any other creditor

14  of the Subject Borrowers.

15      10.    Perfection of DIP Liens.  This Stipulation shall be sufficient and conclusive evidence

16  of the validity, perfection, and priority of the DIP Liens without the necessity of filing or recording

17  any financing statement, mortgage, notice, or other instrument or document which may otherwise be

18  required under the law or regulation of any jurisdiction or the taking of any other action (including,

19  for the avoidance of doubt, entering into any deposit account control agreement) to validate or

20  perfect (in accordance with applicable non-bankruptcy law) the DIP Liens, or to entitle Lehman ALI

21  to the priorities granted herein.  Notwithstanding the foregoing, Lehman ALI is authorized to file, as

22  it deems necessary or advisable in its sole discretion, such financing statements, mortgages, notices

23  and other instrument or documents to perfect in accordance with applicable non-bankruptcy law or

24  to otherwise evidence the DIP Liens, and all such financing statements, mortgages, notices and other

25  documents shall be deemed to have been filed or recorded as of the commencement of the Trustee

26  Debtors' Cases; provided, however, that no such filing or recordation shall be necessary or required

27  in order to create, evidence or perfect the DIP Liens.  The Subject Borrowers are authorized and

28  directed to execute and deliver promptly upon demand to Lehman ALI all such financing statements,

1  mortgages, title insurance policies, notices, instruments, and other documents as Lehman ALI may

2  reasonably request.  Lehman ALI, in its sole discretion, may file a photocopy of this Stipulation as a

3  financing statement or notice with any filing or recording office or with any registry of deeds or

4  similar office, in addition to or in lieu of such financing statements, mortgages, notices of lien,

5  instrument, or similar document.

6       11.   Payment by Lehman ALI of Insurance Amounts.  Lehman ALI agrees to pay directly

7  to insurers the insurance premiums associated with the provision of insurance coverage for the

8  properties owned by the Subject Borrowers up to the amounts listed for such properties as set forth

9  in Exhibit C attached hereto (the "Insurance Amounts").

10       12.   Maturity Date/Plan Treatment of Insurance Amounts.  The Subject Borrowers

11  expressly stipulate and acknowledge that the Insurance Amounts shall be treated as administrative

12  expense claims under the Bankruptcy Code (the "Insurance Administrative Expense Claims") and,

13  as such, must be paid to Lehman ALI in full, in cash, on the earlier of (i) the sale of any real property

14  owned by any Subject Borrower for whose benefit any Insurance Amounts were paid by Lehman

15  ALI and (ii) the effective date of any confirmed plan of reorganization or liquidation, or, in the event

16  no plan is confirmed in the Trustee Debtors' Cases, the earlier of dismissal of such cases or

17  conversion of such cases to chapter 7 (the "Insurance Amount Maturity Date").  For the avoidance of

18  doubt, the Subject Borrowers hereby agree to repay the Insurance Amounts to Lehman ALI first

19  from the proceeds of any sale of real property owned by any Subject Borrower for whose benefit

20  Insurance Amounts were paid or, in the event no sale occurs, out of the Subject Borrowers'

21  respective available cash from either unencumbered cash or funds provided by a plan proponent

22  (excluding any cash which any of the Lehman Entities assert is "cash collateral" under section 363

23  of the Bankruptcy Code or subject to a superpriority lien or claim) on the effective date of any plan

24  of reorganization or liquidation.

25       13.   Modification of Automatic Stay.  The automatic stay imposed under section 362(a) of

26  the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this

27  Stipulation, including, without limitation, to:  (a) permit the Subject Borrowers to grant the DIP

28  Liens, DIP Superpriority Claims and Insurance Administrative Expense Claims; (b) permit the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Subject Borrowers to perform such acts as Lehman ALI may request to assure the perfection and

2  priority of the liens granted herein; (c) permit the Subject Borrowers to incur all liabilities and

3  obligations to Lehman ALI in connection with the DIP Loans; (d) authorize the repayment by the

4  Subject Borrowers of the DIP Loans and the Insurance Amounts to Lehman ALI and the retention

5  and application of such payments by Lehman ALI in accordance with the terms of this Stipulation;

6  and (e) enable the enforcement, protection and preservation of the DIP Loans, the DIP Liens, the

7  DIP Collateral and all of the rights and remedies with respect thereto or otherwise under this

8  Stipulation.

9      14.    Events of Default.  The following occurrences shall constitute an "Event of Default"

10  under this Stipulation:  (a) failure of the Subject Borrowers to comply with any term of this

11  Stipulation; or (b) the use of the proceeds of DIP Loans other than in strict compliance with the

12  Budget or the terms of this Stipulation; or (c) the failure to repay the DIP Loans on the DIP Loan

13  Maturity Date or the Insurance Amounts on the Insurance Amount Maturity Date.

14      15.    Remedies.  Immediately upon the occurrence and during the continuation of an Event

15  of Default, Lehman ALI shall: (a) declare via written notice to counsel for the Chapter 11 Trustee all

16  DIP Loans and Insurance Amounts to be immediately due and payable; (b) terminate, reduce or

17  restrict the use of any of the proceeds of the DIP Loans or any further commitment to extend credit

18  to the Subject Borrowers to the extent any such commitment remains; and/or (c) seek relief from the

19  automatic stay under section 362 of the Bankruptcy Code.

20      16.    Good Faith.  Lehman ALI and the Subject Borrowers have acted in good faith in

21  connection with the Stipulation.  In accordance with section 364(e) of the Bankruptcy Code, in the

22  event any or all of the provisions of this Stipulation are hereafter modified, amended or vacated by a

23  subsequent order of this Court or any other court, Lehman ALI is entitled to the protections provided

24  in section 364(e) of the Bankruptcy Code with respect to the DIP Loans.  Any such modification,

25  amendment or vacatur shall not affect the extent, validity, perfection, priority, allowability,

26  enforceability or non-avoidability of any advances previously made or made hereunder, or lien,

27  claim or priority granted, perfected, authorized or created hereby.  Any liens or claims granted to

28  Lehman ALI hereunder arising prior to the effective date of any such modification, amendment or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

52063-001\DOCS_NY:20389.4

10

019

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

vacatur of this Stipulation shall be governed in all respects by the original provisions of this

Stipulation, including entitlement to all rights, remedies, privileges and benefits granted herein.

17. <u>Section 552(b)</u>. Lehman ALI shall be entitled to all of the rights and benefits of

section 552(b) of the Bankruptcy Code solely with respect to the DIP Loans.

18. <u>Return Of Remaining April 2009 DIP Loan Amounts</u>. Upon the date of the entry of

an order approving this Stipulation, the Subject Borrowers shall repay to Lehman ALI the

Remaining April 2009 DIP Loan Amounts set forth in <u>Exhibit A</u> attached hereto.

19. <u>Reservation of Rights</u>. Notwithstanding anything to the contrary herein, this

Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any

rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any

issues that are not expressly addressed herein. Specifically, but without limitation, (a) the Parties

reserve all rights in all aspects of pending litigation between them, including any matters involving

equitable subordination of the claims and liens held by the Lehman Entities, substantive

consolidation of any of the estates in these Cases, or any other action against the Lehman Entities,

(b) the Parties further agree that entry into this Stipulation, the extension of the DIP Loans and the

payment of the Insurance Amounts contemplated hereunder, shall not be used in any manner in

litigation between or amongst the Parties, whether as, for instance, a basis for or against substantive

consolidation or otherwise, and (c) the rights, obligations, waivers, stipulations, agreements or

defenses of the Parties among or between or to each other or any of them shall not be affected

hereby except to the extent provided herein.

20. <u>No Modification</u>. Until and unless the DIP Loans and Insurance Amounts have been

indefeasibly paid in full in cash to Lehman ALI pursuant to the terms of this Stipulation and all

commitments to extend the DIP Loans have been terminated, the Subject Borrowers irrevocably

waive the right to seek and shall not seek or consent to, directly or indirectly, without the prior

written consent of Lehman ALI (which consent may be granted or withheld in Lehman ALI's sole

and absolute discretion) (i) any modification, stay, vacatur or amendment to this Stipulation (and no

such consent shall be implied by any other action, inaction or acquiescence of Lehman ALI); or (ii) a

priority claim for any administrative expense or unsecured claim against the Subject Borrowers (now

existing or hereafter arising of any kind or nature whatsoever, including, without limitation any administrative expense of the kind specified in sections 503(b), 507(a) or 507(b) of the Bankruptcy Code) in the Trustee Debtors' Cases or any successor cases equal or superior to the DIP Superpriority Claim or the Insurance Administrative Expense Claims; or (iii) any lien on any of the DIP Collateral with priority equal or superior to the DIP Liens, except that, notwithstanding any other provision of this Stipulation, the Subject Borrowers may consent to and seek approval of a lien on any of the DIP Collateral with priority equal or superior to the DIP Liens in the event the Court makes a finding that such lien is necessary to finance costs and expenses associated solely with health and safety issues related to the Subject Borrowers' property. The Lehman Entities' rights with respect to any such request are hereby reserved.

21.     Jurisdiction. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

22.     Further Cooperation. The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

23.     Signatures. This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement. This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

24.     No Admission; No Evidence. Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party. Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties. This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

25.     Authority. Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to

1    bind that Party to the terms of this Stipulation.

2        26.    <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the Parties

3    and may not be amended or modified except by a writing executed by the Parties.  All prior oral and

4    written agreements, if any, are expressly superseded hereby and are of no further force and effect.

5                                                    WEIL, GOTSHAL & MANGES LLP

6
                                                     - and -
7    Dated:    April 22, 2010                        PACHULSKI STANG ZIEHL & JONES LLP

8

9                                                    By    /s/ Dean A. Ziehl
                                                           Richard M. Pachulski
10                                                         Dean A. Ziehl

11                                                         Attorneys for Lehman ALI, Inc., Northlake
                                                           Holdings LLC and OVC Holdings LLC
12   Dated:    April 22, 2010                        THE LOBEL FIRM, LLP

13

14                                                   By    /s/ Mike D. Neue
15                                                         William N. Lobel
                                                           Mike D. Neue
16
                                                           General Insolvency Counsel for Steven M.
17                                                         Speier, the Chapter 11 Trustee for the
                                                           Trustee Debtors

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### EXHIBIT A

| Trustee Debtor | April 2009 DIP Loan Amounts* | Trustee Debtor Cash Balance | Available Amounts for Repayment** |
|---|---|---|---|
| SunCal Northlake, LLC | $46,909.00 | $383,889.29 | $46,909.00 |
| Delta Coves Venture, LLC | $302,307.00 | $1,295,147.17 | $302,307.00 |
| SunCal Oak Valley, LLC | $249,534.00 | $365,611.63 | $249,534.00 |
| SunCal Heartland, LLC | $163,231.00 | $55,695.51 | $55,695.51 |
| SunCal Marblehead, LLC | $455,009.00 | $428,070.48 | $428,070.48 |
| SunCal PSV, LLC | $48,809.00 | $3,514.78 | $3,514.78 |
| SunCal Torrance, LLC | $0.00 | $68,136.55 | $0.00 |
| SunCal Oak Knoll, LLC | $250,876.00 | $12,096.27 | $12,096.27 |
| | **$1,516,675.00** | **$2,612,161.68** | **$1,098,127.04** |

\* The April 2009 DIP Loan amounts set forth herein are based on the April 2009 DIP Budget [D.E. 336]. These amounts may have been modified due to line item changes made after approval of the April 2009 DIP Budget and do not include interest accrued on such loans pursuant to the April 2009 DIP Stipulation.

\** These amounts do not include interest accrued on April 2009 DIP Loans pursuant to the April 2009 DIP Stipulation.



**EXHIBIT B**
Approved 120-Day Involuntary Budget

| Asset Name | Approved 120-Day Involuntary Budget (April 15 through August 15 2010) | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | Life Safety | Security | Utilities | Erosion Control & Maint. | Entitlement Preservation | Insurance | G&A | Title Report | 120-Day TOTAL |
| Del Amo | - | - | - | - | - | - | - | $800 | $800 |
| Delta Coves | 98,710 | 74,400 | 20,000 | 186,512 | - | - | 43,636 | 3,500 | 426,758 |
| Heartland | - | - | - | 57,000 | - | - | 43,636 | 800 | 101,436 |
| Marblehead | 28,000 | 81,000 | 24,000 | 78,000 | 374,738 | - | 80,000 | 800 | 666,538 |
| Northlake | - | - | - | 21,000 | - | - | 8,000 | 800 | 29,800 |
| Oak Knoll | 133,000 | 306,668 | - | - | 20,000 | - | 204,000 | 2,000 | 665,668 |
| Oak Valley Champions | - | - | 24,000 | 83,000 | - | - | 43,636 | 800 | 151,436 |
| Palm Springs Village | - | - | 56,800 | 42,300 | - | - | 43,636 | 800 | 143,536 |
| TOTAL | $259,710 | $462,068 | $124,800 | $467,812 | $394,738 | $0 | $466,544 | $10,300 | $2,185,972 |



**EXHIBIT B**

# EXHIBIT C

**Allocated Involuntary Debtor Liability Insurance Premium**

| Involuntary Asset | Allocated Liability Insurance Premium |
|---|---|
| Del Amo | - |
| Delta Coves | - |
| Heartland | 2,246 |
| Marblehead | 86,317 |
| Northlake | 1,979 |
| Oak Knoll | 102,402 |
| Oak Valley Champions | 17,506 |
| Palm Springs Village | 8,707 |
| **TOTAL** | **$219,157** |



**EXHIBIT C**

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>                                                    Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 08-17206-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **JOINT MOTION OF LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE FOR INTERIM AND FINAL APPROVAL OF STIPULATION BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507, (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____April 23, 2010____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____April 23, 2010_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Overnight Delivery]

The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and
United States Courthouse
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____April 23, 2010_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 23, 2010 | Melisa DesJardien | /s/ Melisa DesJardien |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: | | CHAPTER 11 |
|---|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | | |
| | Debtor(s). | CASE NUMBER 08-17206-ES |

## I. SERVED BY NEF

## 8:08-bk-17206-ES Notice will be electronically mailed to:

(1)     Selia M Acevedo for Attorney Miller Barondess LLP
        sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
(2)     Joseph M Adams for Defendant The City of San Juan Capistrano
        jadams@sycr.com
(3)     Raymond H Aver for Debtor Palmdale Hills Property, LLC
        ray@averlaw.com
(4)     James C Bastian for Creditor ARB, Inc.
        jbastian@shbllp.com
(5)     John A Boyd for Interested Party Oliphant Golf Inc
        fednotice@tclaw.net
(6)     Mark Bradshaw for Interested Party Courtesy NEF
        mbradshaw@shbllp.com
(7)     Brendt C Butler for Creditor EMR Residential Properties LLC
        BButler@rutan.com
(8)     Carollynn Callari for Creditor Danske Bank A/S London Branch
        ccallari@venable.com
(9)     Dan E Chambers for Creditor EMR Residential Properties LLC
        dchambers@jmbm.com
(10)    Shirley Cho for Creditor Lehman ALI, Inc.
        scho@pszjlaw.com
(11)    Vonn Christenson for Interested Party Courtesy NEF
        vrc@paynefears.com
(12)    Brendan P Collins for Creditor Gray1 CPB, LLC
        brendan.collins@dlapiper.com
(13)    Vincent M Coscino for Petitioning Creditor CST Environmental Inc
        vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
(14)    Paul J Couchot for Debtor ACTON ESTATES, LLC
        pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
(15)    Jonathan S Dabbieri for Interested Party Courtesy NEF
        dabbieri@shlaw.com
(16)    Ana Damonte for Creditor Top Grade Construction, Inc.
        ana.damonte@pillsburylaw.com
(17)    Melissa Davis for Creditor City of Orange
        mdavis@shbllp.com
(18)    Daniel Denny for Interested Party Courtesy NEF
        ddenny@gibsondunn.com
(19)    Caroline Djang for Creditor Lehman ALI, Inc.
        crd@jmbm.com
(20)    Donald T Dunning for Creditor Hertz Equipment Rental Corporation
        ddunning@dunningLaw.com
(21)    Joseph A Eisenberg for Creditor Lehman ALI, Inc.
        jae@jmbm.com
(22)    Lei Lei Wang Ekvall for Attorney Weiland Golden Smiley Wang Ekvall & Strok, LLP
        lekvall@wgllp.com
(23)    Richard W Esterkin for Debtor Palmdale Hills Property, LLC
        resterkin@morganlewis.com
(24)    Marc C Forsythe for Attorney Robert Goe
        kmurphy@goeforlaw.com
(25)    Alan J Friedman for Attorney Irell & Manella LLP
        afriedman@irell.com
(26)    Steven M Garber for Creditor Park West Landscape, Inc
        steve@smgarberlaw.com
(27)    Christian J Gascou for Creditor Arch Insurance Company
        cgascou@gascouhopkins.com
(28)    Barry S Glaser for Creditor County of Los Angeles
        bglaser@swjlaw.com
(29)    Robert P Goe for Attorney Robert Goe
        kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                            F 9013-3.1

In re:                                                                CHAPTER 11
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,
                                                  Debtor(s).   CASE NUMBER 08-17206-ES

(30)     Eric D Goldberg for Interested Party Courtesy NEF
         egoldberg@stutman.com
(31)     Richard H Golubow for Debtor Palmdale Hills Property, LLC
         rgolubow@winthropcouchot.com, pj@winthropcouchot.com
(32)     Kelly C Griffith for Creditor Bond Safeguard Insurance Co
         bkemail@harrisbeach.com
(33)     Matthew Grimshaw for Interested Party City Of Torrance
         mgrimshaw@rutan.com
(34)     Asa S Hami for Debtor Palmdale Hills Property, LLC
         ahami@morganlewis.com
(35)     Michael J Hauser for U.S. Trustee United States Trustee (SA)
         michael.hauser@usdoj.gov
(36)     D Edward Hays for Creditor Philip Dowse
         ehays@marshackhays.com
(37)     Michael C Heinrichs for Interested Party Courtesy NEF
         mheinrichs@omm.com
(38)     Harry D. Hochman for Creditor Lehman ALI, Inc.
         hhochman@pszjlaw.com, hhochman@pszjlaw.com
(39)     Jonathan M Hoff for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
         jonathan.hoff@cwt.com
(40)     Nancy Hotchkiss for Creditor Murray Smith & Associates Engineering
         nhotchkiss@trainorfairbrook.com
(41)     Michelle Hribar for Plaintiff EMR Residential Properties LLC
         mhribar@rutan.com
(42)     John J Immordino for Creditor Arch Insurance Co.
         john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
(43)     Lawrence A Jacobson for Creditor BKF Engineers
         laj@cohenandjacobson.com
(44)     Michael J Joyce for Interested Party Courtesy NEF
         mjoyce@crosslaw.com
(45)     Stephen M Judson for Petitioning Creditor The Professional Tree Care Co
         sjudson@fablaw.com
(46)     Sean A Kading for Creditor Villa San Clemente, LLC
         skading@marshackhays.com
(47)     David I Katzen for Interested Party Bethel Island Municipal Improvement District
         katzen@ksfirm.com
(48)     Christopher W Keegan for Creditor SC Master Holdings II LLC
         ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com;tshafroth@kirkland.com
(49)     Irene L Kiet for Creditor BNB Engineering, Inc.
         ikiet@hkclaw.com
(50)     Mark J Krone for Creditor Bond Safeguard Insurance Co
         mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
(51)     Leib M Lerner for Creditor Steiny and Company, Inc.
         leib.lerner@alston.com
(52)     Peter W Lianides for Debtor Palmdale Hills Property, LLC
         plianides@winthropcouchot.com, pj@winthropcouchot.com
(53)     Charles Liu for Debtor Palmdale Hills Property, LLC
         cliu@winthropcouchot.com, fbaig@mrllp.com
(54)     Kerri A Lyman for Attorney Irell & Manella LLP
         klyman@irell.com
(55)     Mariam S Marshall for Creditor RGA Environmental, Inc.
         mmarshall@marshallramoslaw.com
(56)     Robert C Martinez for Creditor TC Construction Company, Inc
         rmartinez@mclex.com
(57)     Hutchison B Meltzer for Creditor Committee Joint Committee of Creditors Holding Unsecured Claims
         hmeltzer@wgllp.com
(58)     Krikor J Meshefejian for Interested Party Courtesy NEF
         kjm@lnbrb.com
(59)     Joel S. Miliband for Creditor RBF CONSULTING
         jmiliband@rusmiliband.com
(60)     James M Miller for Attorney Miller Barondess LLP
         jmiller@millerbarondess.com
(61)     Louis R Miller for Plaintiff Palmdale Hills Property, LLC
         smiller@millerbarondess.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    F 9013-3.1

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | |
| Debtor(s). | CASE NUMBER 08-17206-ES |

(62)   Mike D Neue for Attorney The Lobel Firm, LLP
mneue@thelobelfirm.com, csolorzano@thelobelfirm.com

(63)   Robert Nida for Creditor Kirk Negrete, Inc
Rnida@castlelawoffice.com

(64)   Henry H Oh for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
henry.oh@dlapiper.com, bambi.clark@dlapiper.com

(65)   Sam S Oh for Interested Party Anaverde, LLC
sam.oh@limruger.com, julie.yu@limruger.com;amy.lee@limruger.com

(66)   Sean A Okeefe for Debtor Palmdale Hills Property, LLC
sokeefe@okeefelc.com

(67)   Robert B Orgel for Creditor Lehman ALI, Inc.
rorgel@pszjlaw.com, rorgel@pszjlaw.com

(68)   Penelope Parmes for Creditor EMR Residential Properties LLC
pparmes@rutan.com

(69)   Ronald B Pierce for Creditor Griffith Company
ronald.pierce@sdma.com

(70)   Cassandra J Richey for Creditor Patricia I Volkerts, as Trustee, et al
cmartin@pprlaw.net

(71)   Debra Riley for Interested Party City of Palmdale
driley@allenmatkins.com

(72)   Martha E Romero for Creditor San Bernardino County Tax Collector
Romero@mromerolawfirm.com

(73)   John E Schreiber for Defendant Fenway Capital, LLC
jschreiber@dl.com

(74)   William D Schuster for Creditor HD Supply Construction Supply LTD
bills@allieschuster.org

(75)   Christopher P Simon for Interested Party Courtesy NEF
csimon@crosslaw.com

(76)   Wendy W Smith for Creditor Castaic Union School District
wendy@bindermalter.com

(77)   Steven M Speier for Trustee Steven Speier
Sspeier@Squarmilner.com, ca85@ecfcbis.com

(78)   Michael St James for Creditor MBH Architects, Inc.
ecf@stjames-law.com

(79)   James E Till for Trustee Steven Speier
jtill@thelobelfirm.com, CSolorzano@thelobelfirm.com

(80)   United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

(81)   Carol G Unruh for Creditor Scott E. McDaniel
cgunruh@sbcglobal.net

(82)   Jason Wallach for Interested Party Courtesy NEF
jwallach@gladstonemichel.com

(83)   Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
joshua.wayser@kattenlaw.com

(84)   Christopher T Williams for Creditor Danske Bank A/S London Branch
ctwilliams@venable.com, jcontreras@venable.com

(85)   Marc J Winthrop for Debtor Palmdale Hills Property, LLC
mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

(86)   David M Wiseblood for Creditor Bethel Island Municipal Improvement District
dwiseblood@seyfarth.com

(87)   Brett K Wiseman for Creditor JF Shea Construction Inc
bwiseman@aalaws.com

(88)   Arnold H Wuhrman for Creditor Wayne Lee
Wuhrman@serenitylls.com

(89)   Dean A Ziehl for Counter-Defendant LV Pacific Point LLC
dziehl@pszjlaw.com, dziehl@pszjlaw.com

## II.  SERVED BY U.S. MAIL

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

**III.  SERVED BY E-MAIL**

[VIA E-MAIL]
(1) counsel for the Voluntary Debtors:
        Paul Couchot - pcouchot@winthropcouchot.com
        Marc J Winthrop - pj@winthropcouchot.com
        Charles Liu - cliu@winthropcouchot.com
(2) counsel for the Trustee Debtors:
        William Lobel - wlobel@thelobelfirm.com
(3) counsel for the Voluntary Debtors' Committee:
        Alan Friedman - afriedman@irell.com
        Kerri A Lyman - klyman@irell.com
(4) counsel for the Trustee Debtors' Committee:
        Lei Lei Wang Ekvall - lekvall@wgllp.com
        Hutchison B Meltzer - hmeltzer@wgllp.com
(5) Office of the United States Trustee:
        Michael Hauser - michael.hauser@usdoj.gov

Louis Miller - smiller@millerbarondess.com
Martin Pritikin – mpritikin@millerbarondess.com
Steven N. Speier (Chapter 11 Trustee, c/o Squar Nilner) - sspeier@squarmilner.com; ca85@ecfcbis.com
Edward Soto - Edward.soto@weil.com; odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Clay Roesch – clay.roesch@weil.com
Carrolynn H. G. Callari - ccallari@venable.com
Chauncey Cole – chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Joseph A Eisenberg - jae@jmbm.com
Mark McKane - mark.mckane@kirkland.com
Atty for Bond Safeguard & Lexon - mea@amclaw.com
Palmdale Hills Property, LLC and its related entities - bcook@suncal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**