1  Richard M. Pachulski (CA Bar No. 90073)
   Dean A. Ziehl (CA Bar No. 84529)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Boulevard, Suite 1100
3  Los Angeles, California  90067
   Telephone:  (310) 277-6910
4  Facsimile:  (310) 201-0760

5  Edward Soto (admitted *pro hac vice*)
   Shai Waisman (admitted *pro hac vice*)
6  WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
7  New York, NY  10153-0119
   Telephone:  (212) 310-8000
8  Facsimile:  (212) 310-8007

9  Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
   Northlake Holdings LLC and OVC Holdings LLC

10  Paul J. Couchot
    Peter W. Lianides
11  WINTHROP COUCHOT
    PROFESSIONAL CORPORATION
12  660 Newport Center Drive, Suite 400
    Newport Beach, CA 92660
13  Telephone:  (949) 720-4100
    Facsimile:  (949) 720-41111
14
    General Insolvency Counsel for Voluntary Debtors and Debtors
15  in Possession

### UNITED STATES BANKRUPTCY COURT
16
### CENTRAL DISTRICT OF CALIFORNIA
17
### SANTA ANA DIVISION

18  In re:                                          Case No.: 8:08-bk-17206-ES
    Palmdale Hills Property, LLC, and Its Related Debtors,
19         Jointly Administered Debtors and         Jointly Administered With Case Nos.
           Debtors-In-Possession.
20                                                  8:08-bk-17209-ES; 8:08-bk-17240-ES;
    _____        8:08-bk-17224-ES; 8:08-bk-17242-ES;
21  Affects:                                        8:08-bk-17225-ES; 8:08-bk-17245-ES;
    ☐ All Debtors                                   8:08-bk-17227-ES; 8:08-bk-17246-ES;
22  ☒ Palmdale Hills Property, LLC                  8:08-bk-17230-ES; 8:08-bk-17231-ES;
    ☒ SunCal Beaumont Heights, LLC                  8:08-bk-17236-ES; 8:08-bk-17248-ES;
23  ☐ SCC/Palmdale, LLC                             8:08-bk-17249-ES; 8:08-bk-17573-ES;
    ☒ SunCal Johannson Ranch, LLC                   8:08-bk-17574-ES; 8:08-bk-17575-ES;
24  ☒ SunCal Summit Valley, LLC                     8:08-bk-17404-ES; 8:08-bk-17407-ES;
    ☒ SunCal Emerald Meadows, LLC                   8:08-bk-17408-ES; 8:08-bk-17409-ES;
25  ☒ SunCal Bickford Ranch, LLC                    8:08-bk-17458-ES; 8:08-bk-17465-ES;
    ☒ Acton Estates, LLC                            8:08-bk-17470-ES; 8:08-bk-17472-ES;
26  ☐ Seven Brothers, LLC                           and 8:08-bk-17588-ES
    ☐ SJD Partners, Ltd.
27  ☐ SJD Development Corp.                         Chapter 11
    ☐ Kirby Estates, LLC
28  ☐ SunCal Communities I, LLC                     **STIPULATION PURSUANT TO**
    ☐ SunCal Communities III, LLC                   **11 U.S.C. §§ 362, 363, 364, AND 507:**
                                                    **(1) AUTHORIZING THE USE OF**
                                                    **ALLEGED UNENCUMBERED CASH;**

52063-001\DOCS_NY:20664.7

*(left margin, vertical text)* PACHULSKI STANG ZIEHL & JONES LLP  ATTORNEYS AT LAW  LOS ANGELES, CALIFORNIA

| 1 | ☒ SCC Communities, LLC | **(2) GRANTING ADMINISTRATIVE** |
| 2 | ☒ North Orange Del Rio Land, LLC | **EXPENSE CLAIMS; AND** |
| | ☒ Tesoro SF, LLC | **(3) MODIFYING AUTOMATIC STAY** |
| | ☐ LB-L-SunCal Oak Valley, LLC | **TO THE EXTENT NECESSARY** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Listed entities (left box):

☒ SCC Communities, LLC
☒ North Orange Del Rio Land, LLC
☒ Tesoro SF, LLC
☐ LB-L-SunCal Oak Valley, LLC
☐ SunCal Heartland, LLC
☐ LB-L-SunCal Northlake, LLC
☐ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☐ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
☐ SunCal Torrance, LLC
☐ SunCal Oak Knoll, LLC

**(2) GRANTING ADMINISTRATIVE EXPENSE CLAIMS; AND
(3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**

**Hearing Date Requested Pursuant to Ex Parte Application to Shorten Time Filed Herewith:**

Date:    June 22, 2010
Time:    10:30 AM
Place:   Courtroom 5A

This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman ALI"), Lehman Commercial Paper Inc. ("LCPI"), Northlake Holdings LLC ("Northlake Holdings"), OVC Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI, LCPI and Northlake Holdings, the "Lehman Entities"),[1] on the one hand, and certain of the above-captioned debtors and debtors in possession affected by this Stipulation (the "Subject Voluntary Debtors")[2], on the other hand. The Lehman Entities and the Subject Voluntary Debtors (together, the "Parties") hereby enter into this Stipulation and agree as follows:

## RECITALS

WHEREAS, on November 6, 7, and 19, 2008, the Voluntary Debtors[3] filed their respective voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Court"). The Voluntary Debtors

---

[1] The Lehman Entities shall refer to the Lehman Entities on behalf of themselves, both individually and collectively, as purported lenders, and as purported agents for all lenders under the applicable loan documents, including, without limitation, as purported agents for Fenway Capital, LLC. Notwithstanding anything to the contrary contained herein, the Lehman Entities do not concede that they are "purported" lenders or agents as to the loan(s) or any particular loan, and reserve all of their rights in connection therewith.

[2] The Subject Voluntary Debtors are: Palmdale Hills Property, LLC; Acton Estates, LLC; SunCal Beaumont Heights, LLC; SunCal Bickford Ranch LLC; North Orange Del Rio Land, LLC; SunCal Emerald Meadows, LLC; SunCal Johannson Ranch, LLC; SunCal Summit Valley, LLC; Tesoro SF, LLC; and SCC Communities, LLC.

[3] The Voluntary Debtors in these cases consist of: Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates, LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio Land, LLC (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch, LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows, LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley, LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

1    continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and

2    1008 of the Bankruptcy Code.

3            WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the

4    Trustee Debtors.[4]

5            WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee

6    Debtors' cases.

7            WHEREAS, on or about January 15, 2009, the Court entered orders granting the appointment

8    of a chapter 11 trustee in each of the Trustee Debtors' cases.  Thereafter, the Office of the United

9    States Trustee appointed Steven M. Speier as the Chapter 11 Trustee (the "Trustee") for the Trustee

10   Debtors.

11           WHEREAS, the Lehman Entities are authorized to enter into this Stipulation on behalf of

12   themselves, as lenders, and as agents for all lenders under the applicable loan documents.

13           WHEREAS, LCPI is a debtor and debtor in possession in the jointly administered cases

14   captioned In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP), pending in the United

15   States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy

16   Court").

17           WHEREAS, the Lehman Entities assert secured claims against the Debtors that approximate

18   $2.3 billion, and include within the scope of the pledged collateral certain real and personal property

19   owned by the Subject Voluntary Debtors.

20           WHEREAS, certain of the Voluntary Debtors maintain bank accounts containing cash or

21   cash equivalents, which the Lehman Entities assert are subject to perfected liens and therefore

22   constitute the Lehman Entities' "cash collateral" under section 363 of the Bankruptcy Code.  The

23   Subject Voluntary Debtors dispute such contention, and assert that such cash and cash equivalents

24   are not subject to perfected liens of the Lehman Entities and therefore do not constitute "cash

25

26   [4] The Trustee Debtors in these cases consist of:  SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal
        Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century
27      City, LLC (Case No. 8:08-17458-ES; SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case
        No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No.
28      8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). The Voluntary Debtors and the Trustee
        Debtors shall be referred to herein as the "Debtors."

collateral" under section 363 of the Bankruptcy Code.  The cash and cash equivalents held by the Subject Voluntary Debtors shall be referred to herein as the "Alleged Unencumbered Cash" and shall include, but are not limited to, the cash and cash equivalents held in the accounts maintained by the Subject Voluntary Debtors set forth in **Exhibit A** attached hereto.

WHEREAS, on April 2, 2009, Lehman ALI, certain of the Voluntary Debtors, and the Trustee for the Trustee Debtors, by and through their counsel, entered into that certain *Stipulation with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the "April 2009 DIP Stipulation") affecting certain of the Voluntary Debtors and certain of the Trustee Debtors as set forth specifically therein (the "April 2009 Borrowers").  The April 2009 DIP Stipulation was approved by the Court by the entry of an order on April 17, 2009 (the "April 2009 DIP Order").

WHEREAS, pursuant to the April 2009 DIP Stipulation, among other things, the April 2009 Borrowers were authorized to borrow from Lehman ALI, and Lehman ALI was authorized to make available to each April 2009 Borrower, individual loans (collectively, the "April 2009 DIP Loans") in an aggregate amount equal to $1,790,572.00.

NOW THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is hereby stipulated and agreed by and among the Parties as follows:

## AGREEMENT

1.    Court Approval.  The Stipulation is subject to approval of the Court, and LCPI's entry into the Stipulation is subject to approval by the New York Bankruptcy Court, and the Stipulation shall have no force and effect until the date that both such approvals have been obtained (the "Approval Date").  Immediately upon the Approval Date (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of the Lehman Entities, the Subject Voluntary Debtors, all other creditors of the Subject Voluntary Debtors, any committees appointed in these cases, and all other parties in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

interest and their respective successors and assigns, including any trustee or other fiduciary hereafter

appointed in any of the cases or upon dismissal of any of the above-captioned cases (the "Cases").

      2.    The Subject Voluntary Debtors' Use of the Alleged Unencumbered Cash.  The

Lehman Entities consent to the use by each Subject Voluntary Debtor of the Alleged Unencumbered

Cash held by each such Subject Voluntary Debtor solely for the purpose of paying:  (a) the costs and

expenses attributable to each such Subject Voluntary Debtor in the total aggregate amount not to

exceed $423,172.00 as set forth in the budgets attached hereto as **Exhibit B** (the "Budgets," as such

Budgets may be revised or amended with the written consent of the Lehman Entities, which consent

may be granted or withheld in the Lehman Entities' sole and absolute discretion) in an aggregate

amount not to exceed the total amount of the Budgets as set forth in **Exhibit B**, except that each

Subject Voluntary Debtor may expend funds for any particular line items allocable to such Subject

Voluntary Debtor as set forth in the Budgets (the "Budget Items") in excess of the respective

amounts provided for such Budget Items for a particular Subject Voluntary Debtor, so long as such

excess amount is equal to or less than 5% of the amount allocated to that particular Subject

Voluntary Debtor for a particular Budget Item and provided that the aggregate amount for all such

Budget Items for a particular Subject Voluntary Debtor is not increased; and (b) the reasonable fees

and expenses incurred by professionals retained in the Voluntary Debtors' cases, including the law

firm of Miller Barondess, LLP (the "Miller Firm").  In addition, LCPI consents to and Palmdale

Hills Property, LLC ("Palmdale Hills") is authorized to make, from Alleged Unencumbered Cash

held by Palmdale Hills, individual loans:  (a) to each of the other Subject Voluntary Debtors solely

for the purpose of paying (i) the costs and expenses attributable to each such Subject Voluntary

Debtor as set forth in the Budgets attached hereto as **Exhibit B** and (ii) the reasonable fees and

expenses incurred by professionals retained in the Voluntary Debtors' cases, including the Miller

Firm; and (b) by separate Court approval, to the Trustee Debtors for the purpose of paying the

reasonable fees and expenses incurred by professionals retained in the Trustee Debtors' cases,

including the Miller Firm; provided, however, that: (a) Palmdale Hills is permitted to make

individual loans from Alleged Unencumbered Cash held by Palmdale Hills only to Subject

Voluntary Debtors or Trustee Debtors that have used, and accordingly no longer hold, any Alleged

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Unencumbered Cash; and (b) the use of any Alleged Unencumbered Cash for payments to the Miller Firm shall be subject to the terms and conditions set forth in the *Order Granting Amended Joint Application for Authority to Employ Miller Barondess, LLP as Special Litigation Counsel* [D.E. 1061]. The aggregate amount of any Alleged Unencumbered Cash used in accordance with this paragraph 2 shall be referred to herein as the "Alleged Unencumbered Cash Funding Amount." The Subject Voluntary Debtors shall maintain appropriate documentation related to the expenditure of any and all of the Alleged Unencumbered Cash Funding Amount. The Subject Voluntary Debtors shall provide to the Lehman Entities, upon their reasonable request, a breakdown of the Alleged Unencumbered Cash Funding Amount spent as of the date of the request and provide all documentation relating to such actual amounts spent. For the avoidance of doubt, the Budget Items for each Subject Voluntary Debtor shall not be modified, the Subject Voluntary Debtors shall not expend any of the Alleged Unencumbered Cash Funding Amount for any particular Budget Items in excess of the respective amounts provided for such Budget Items in the Budgets (plus 5%), and the Alleged Unencumbered Cash held by each such Subject Voluntary Debtor shall not be used for any other purpose, or by any other Subject Voluntary Debtor for costs and expenses allocable to any such other Subject Voluntary Debtor, without (i) the prior written consent of the Lehman Entities, which consent may be granted or withheld in the Lehman Entities' sole and absolute discretion, or (ii) further order of the Court.

3.    Termination Date. The authority provided hereunder to use the Alleged Unencumbered Cash Funding Amount shall terminate on the one hundred and twentieth day (120th) day after the Approval Date (the "Termination Date"), and no further use of the Alleged Unencumbered Cash Funding Amount shall be made after thirty (30) days following the Termination Date without either the prior written consent of the Lehman Entities, which consent may be granted or withheld in the Lehman Entities' sole and absolute discretion, or further order of the Court, provided however, that the Termination Date shall apply only with respect to the Budgets and not with respect to the payment of professional fees.

4.    Repayment of the Alleged Unencumbered Cash Funding Amount as Administrative Expense Claims Under Certain Circumstances. In the event the Parties agree or the Court finds that

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

all or portion(s) of the Alleged Unencumbered Cash are subject to perfected liens of the Lehman

Entities, then such portions of the Alleged Unencumbered Cash Funding Amount subject to the

perfected liens shall constitute an allowed administrative expense claim under the Bankruptcy Code

that shall be due and payable to the applicable Lehman Entities by a plan proponent in full, in cash,

without notice or demand, upon the effective date of any confirmed plan of reorganization or

liquidation in the Cases.  In the event the Parties agree or the Court finds that all or portion(s) of the

Alleged Unencumbered Cash are not subject to perfected liens held by any of the Lehman Entities,

then such portions of the Alleged Unencumbered Cash Funding Amount not subject to any perfected

lien shall not be repayable in such circumstances wherein a Subject Voluntary Debtor used its own

Alleged Unencumbered Cash to pay the expenses of its own estate, or that such payments were

authorized to be made pursuant to the entered orders of the Court authorizing joint administration of

the Debtors (the "Joint Administration Orders").  Notwithstanding anything to the contrary

contained herein, the Lehman Entities reserve their rights to assert that the Joint Administration

Orders did not excuse the Subject Voluntary Debtors from repaying the amounts of professional fees

paid by other Subject Voluntary Debtors.  In the event that the Parties agree or the Court finds that

all or portion(s) of the Alleged Unencumbered Cash are not encumbered by a perfected lien of the

Lehman Entities but such portions were used for the benefit of another Subject Voluntary Debtor,

then such portion(s) shall constitute an administrative expense obligation of the Subject Voluntary

Debtor for whose benefit such portion of the Alleged Unencumbered Cash was used, and shall be

repaid in accordance with section 1129(a)(9) of the Bankruptcy Code to the Subject Voluntary

Debtor that owned such portion of the Alleged Unencumbered Cash.  The Parties reserve all rights in

connection with the Alleged Unencumbered Cash, including, without limitation, their rights with

respect to whether such cash is encumbered or unencumbered by perfected liens held by any of the

Lehman Entities.  The administrative expense claims provided for in this paragraph 3 shall be

referred to herein as the "Alleged Unencumbered Cash Administrative Expense Claims."

     5.    Payment by Lehman ALI of Insurance Amounts.  Lehman ALI agrees to pay directly

to insurers the insurance premiums associated with the provision of insurance coverage for the

properties owned by the Subject Voluntary Debtors up to the amounts listed for such properties as

set forth in **Exhibit C** attached hereto (the "Insurance Amounts").

6.    Maturity Date/Plan Treatment of Insurance Amounts.  The Subject Voluntary Debtors expressly stipulate and acknowledge that the Insurance Amounts shall be treated as administrative expense claims under the Bankruptcy Code (the "Insurance Administrative Expense Claims") and, as such, must be paid to Lehman ALI in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation, or, in the event no plan is confirmed in the Voluntary Debtors' cases, the earlier of dismissal of such cases or conversion of such cases to chapter 7 (the "Insurance Amount Maturity Date").

7.    Repayment Of April DIP Loan Amounts.  Upon the occurrence of the Approval Date, each applicable Subject Voluntary Debtor shall repay to Lehman ALI, from the Alleged Unencumbered Cash held by each such Subject Voluntary Debtor, only to the extent of the lesser of the amount that such Subject Voluntary Debtor borrowed under the April 2009 DIP Order and the amount of such Voluntary Debtor's Alleged Unencumbered Cash, the full amount of the April 2009 DIP Loans (including all outstanding principal and accrued and unpaid interest) made to each such Voluntary Debtor as set forth in **Exhibit D** attached hereto, plus all outstanding accrued and unpaid interest on such loans as provided for in paragraph 5 of the April 2009 DIP Stipulation.  To the extent an April DIP Loan made to a particular Subject Voluntary Debtor exceeds the amount of Alleged Unencumbered Cash held by such Subject Voluntary Debtor, Palmdale Hills shall make an individual loan to such Subject Voluntary Debtor from Alleged Unencumbered Cash held by Palmdale Hills for the purpose of permitting the repayment of such Subject Voluntary Debtor's April DIP Loan by such Subject Voluntary Debtor to Lehman ALI.  All funds lent by Palmdale Hills from its Alleged Unencumbered Cash to any Voluntary Debtor(s) for the purpose set forth in this paragraph shall constitute Alleged Unencumbered Cash Administrative Expense Claims and shall be repaid in accordance with paragraph 3 herein.  Any lien or encumbrance arising by reason of the April 2009 DIP Loans shall be deemed released and of no further force or effect as to each Subject Voluntary Debtor that has fully repaid such amount.

8.    Modification of Automatic Stay.  The automatic stay imposed under section 362(a) of the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Stipulation, including, without limitation: (a) to permit the Subject Voluntary Debtors to incur all liabilities and obligations in connection with their use of the Alleged Unencumbered Cash Funding Amount; (b) authorize the repayment of the Alleged Unencumbered Cash Administrative Expense Claims and Insurance Administrative Expense Claims; and (c) enable the enforcement, protection and preservation of all of the Lehman Entities' rights and remedies with respect thereto or otherwise under this Stipulation.

9.      Events of Default.  The following occurrences shall constitute an "Event of Default" under this Stipulation as to the particular defaulting Subject Voluntary Debtor: (a) failure of the Subject Voluntary Debtor to comply with any term of this Stipulation; or (b) the use of Alleged Unencumbered Cash other than in strict compliance with the terms of this Stipulation; or (c) the failure to repay the Alleged Unencumbered Cash Administrative Expense Claims or Insurance Amounts pursuant to and in accordance with the terms of this Stipulation.

10.      Remedies.  Immediately upon the occurrence and during the continuation of an Event of Default set forth in paragraph 9 by a particular Subject Voluntary Debtor, and without further order of the Court, the applicable defaulting Subject Voluntary Debtor shall, at the direction of the Lehman Entities, cease using the Alleged Unencumbered Cash.

11.      Reservation of Rights.  Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein.  Specifically, and without limitation, (a) the Parties reserve all rights in connection with the Alleged Unencumbered Cash, including without limitation whether such cash is encumbered by perfected liens held by the Lehman Entities, and all aspects of pending litigation among the Parties, including, without limitation, any matters involving equitable subordination or substantive consolidation, (b) the Parties further agree that entry into this Stipulation, and the use of Alleged Unencumbered Cash or the consent to the Alleged Unencumbered Cash Administrative Expense Claims contemplated hereunder, shall not be used in any manner in litigation amongst the Parties, whether as, for instance, a basis for or against substantive consolidation or otherwise, and in no way shall have any effect on the adversary

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

proceeding captioned *Palmdale Hills Property, LLC, et al., v. Lehman ALI, Inc., et al.*, Adv. Pro. No. 09-1005-ES, pending in the Court, or otherwise, and (c) the rights, obligations, waivers, stipulations, agreements or defenses of the Parties among or between or to each other or any of them shall not be affected hereby except to the extent provided herein.

12.    No Modification.  Absent the written consent of the Lehman Entities and the Subject Voluntary Debtors or further order of the Court, the Lehman Entities and the Subject Voluntary Debtors agree that this Stipulation shall not be modified.

13.    Jurisdiction.  The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

14.    Further Cooperation.  The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

15.    Signatures.  This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement.  This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

16.    No admission; No Evidence.  Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party.  Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties.  This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

17.    Authority.  Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

18.    Entire Agreement.  This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties or further order of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  the Court.  All prior oral and written agreements, if any, are expressly superseded hereby and are of

2  no further force and effect.

3

                      WEIL, GOTSHAL & MANGES LLP

4

5                       - and -

Dated:    June 4, 2010    PACHULSKI STANG ZIEHL & JONES LLP

6

7                       By    */s/ Dean A. Ziehl*

8                               Richard M. Pachulski
Dean A. Ziehl

9                               Attorneys for Lehman ALI, Inc., Lehman
Commercial Paper Inc., Northlake
Holdings LLC and OVC Holdings LLC.

10

11  Dated:    June 4, 2010    WINTHROP COUCHOT
PROFESSIONAL CORPORATION

12

13                       By    */s/ Paul J. Couchot*

14                               Paul J. Couchot
Peter W. Lianides

15                               General Insolvency Counsel for Debtors
and Debtors-in Possession

16

17  APPROVED AS TO FORM AND SUBSTANCE:

18  Dated:    June 4, 2010    IRELL & MANELLA LLP

19

20                       By    */s/ Alan Friedman*
Alan Friedman

21                               Kerri A. Lyman
Attorneys for Official Unsecured

22                             Creditors' Committee of Voluntary
Debtors

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**EXHIBIT "A"**

| Account Holder | Approx. Balance | Account No. | Depository Bank |
|---|---|---|---|
| Acton Estates, LLC | $0.00 | 3090345971 | California Bank & Trust |
| North Orange Del Rio LLC | $10.79 | 3090343681 | California Bank & Trust |
| Palmdale Hills Property LLC (Anaverde Account) | $2,715,279.41 | 1000914414 | Central Pacific Bank |
| Palmdale Hills Property LLC - (Bond Interest) | $2,685,118.80 | 3090346941 | California Bank & Trust |
| Palmdale Hills Property LLC (CD) | $343,000.00 | 3090003143 | California Bank & Trust |
| SCC Communities LLC | $4,534.42 | 3090343411 | California Bank & Trust |
| SunCal Beaumont Heights, LLC | $11.11 | 3090340821 | California Bank & Trust |
| SunCal Bickford Ranch LLC | $1,935,800.49 | 3090345891 | California Bank & Trust |
| SunCal Emerald Meadows LLC | $2,769.95 | 3090345701 | California Bank & Trust |
| SunCal Johannson Ranch LLC | $83,292.29 | 3090341041 | California Bank & Trust |
| SunCal Summit Valley, LLC | $37,434.14 | 3090341121 | California Bank & Trust |
| Tesoro SF, LLC | $71.07 | 3090343761 | California Bank & Trust |



**EXHIBIT B**

**120-Day DIP Budget**
**Approved Voluntary Budget**

| Asset Name | Life Safety | Security | Utilities | Erosion Control & Maint. | Entitlement Preservation | Insurance | G&A | Title Report | Taxes | 4-Month TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Approved 120-Day Voluntary Budget | | | | | |
| Acton | - | - | - | 2,000 | - | - | - | 800 | - | 2,800 |
| Beaumont Heights | - | - | - | - | - | - | - | 800 | - | 800 |
| Bickford Ranch | - | - | 48,000 | 35,500 | 15,000 | - | 43,636 | 8,800 | - | 150,936 |
| Del Rio | - | - | - | - | - | - | 80,000 | - | - | 80,000 |
| Emerald Meadows | - | 1,200 | - | 13,000 | - | - | 43,636 | 800 | - | 58,636 |
| Johansen Ranch | - | - | - | - | - | - | - | 2,000 | - | 2,000 |
| Joshua Ridge II | - | - | - | - | - | - | - | 800 | - | 800 |
| Ritter Ranch | - | 4,000 | 2,000 | 36,400 | - | - | 80,000 | 1,600 | - | 124,000 |
| Summit Valley | - | - | - | - | - | - | - | 2,400 | - | 2,400 |
| Tesoro Burnham | - | - | - | - | - | - | - | 800 | - | 800 |
| TOTAL | $0 | $5,200 | $50,000 | $86,900 | $15,000 | $0 | $247,272 | $18,800 | $0 | $423,172 |

**EXHIBIT** B

**EXHIBIT C**

**Allocated Voluntary Debtor Liability Insurance Premium**

| Voluntary Asset | Allocated Liability Insurance Premium |
|---|---|
| Acton | - |
| Beaumont Heights | - |
| Bickford Ranch | $5,481 |
| Emerald Meadows | $1,027 |
| Johansen Ranch | - |
| Summit Valley | - |
| Del Rio | - |
| Joshua Ridge | - |
| Tesoro Burnham | - |
| Ritter Ranch | $35,710 |
| **TOTAL** | **$42,218** |



**EXHIBIT** Ⓒ

# EXHIBIT D

**SUNCAL PORTFOLIO**
Lehman 30-Day April 2009 Approved Voluntary Budgets

| Asset Name | Lehman 30-Day April 2009 Approved Voluntary Budgets | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Life Safety | Security | Utilities | Erosion Control & Maint. | Insurance (1) | G&A (2) | Legal Fee | 30-Day Total |
| Acton Ranch | - | - | - | - | 2,273 | 10,909 | 22,727 | 37,059 |
| Beaumont Heights | - | - | 150 | 1,000 | - | - | - | - |
| Bickford Ranch | - | - | - | 47,545 | 2,273 | 10,909 | 22,727 | 83,454 |
| Del Rio | - | - | - | - | - | - | - | - |
| Emerald Meadows | - | 1,200 | - | 33,150 | 2,273 | 10,909 | 22,727 | 70,259 |
| Johansen Ranch | - | - | - | - | - | - | - | - |
| Joshua Ridge II | - | - | - | - | - | - | - | - |
| Ritter Ranch | - | - | 7,550 | 36,500 | 2,273 | 10,909 | 22,727 | 79,959 |
| Summit Valley | - | - | - | - | - | - | - | - |
| Tesoro Burnham | - | - | - | - | - | - | - | - |
| **TOTAL** | $0 | $1,200 | $7,700 | $118,195 | $9,091 | $43,636 | $90,909 | $270,731 |



**EXHIBIT D**

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>                                                              Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 08-17206-ES |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **STIPULATION PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507: (1) AUTHORIZING THE USE OF ALLEGED UNENCUMBERED CASH; (2) GRANTING ADMINISTRATIVE EXPENSE CLAIMS; AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____June 4, 2010_____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____June 4, 2010_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Overnight Delivery]

The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and
United States Courthouse
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____June 4, 2010_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 4, 2010 | Melisa DesJardien | */s/ Melisa DesJardien* |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                  **F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br>                                          Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 08-17206-ES |
|---|---|

## I. SERVED BY NEF

## 8:08-bk-17206-ES Notice will be electronically mailed to:

(1)     Selia M Acevedo for Attorney Miller Barondess LLP
             sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com

(2)     Joseph M Adams for Defendant The City of San Juan Capistrano
             jadams@sycr.com

(3)     Raymond H Aver for Debtor Palmdale Hills Property, LLC
             ray@averlaw.com

(4)     James C Bastian for Creditor ARB, Inc.
             jbastian@shbllp.com

(5)     John A Boyd for Interested Party Oliphant Golf Inc
             fednotice@tclaw.net

(6)     Mark Bradshaw for Interested Party Courtesy NEF
             mbradshaw@shbllp.com

(7)     Brendt C Butler for Creditor EMR Residential Properties LLC
             BButler@rutan.com

(8)     Carollynn Callari for Creditor Danske Bank A/S London Branch
             ccallari@venable.com

(9)     Dan E Chambers for Creditor EMR Residential Properties LLC
             dchambers@jmbm.com

(10)    Shirley Cho for Creditor Lehman ALI, Inc.
             scho@pszjlaw.com

(11)    Vonn Christenson for Interested Party Courtesy NEF
             vrc@paynefears.com

(12)    Brendan P Collins for Creditor Gray1 CPB, LLC
             brendan.collins@dlapiper.com

(13)    Vincent M Coscino for Petitioning Creditor CST Environmental Inc
             vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

(14)    Paul J Couchot for Debtor ACTON ESTATES, LLC
             pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com

(15)    Jonathan S Dabbieri for Interested Party Courtesy NEF
             dabbieri@shlaw.com

(16)    Ana Damonte for Creditor Top Grade Construction, Inc.
             ana.damonte@pillsburylaw.com

(17)    Melissa Davis for Creditor City of Orange
             mdavis@shbllp.com

(18)    Daniel Denny for Interested Party Courtesy NEF
             ddenny@gibsondunn.com

(19)    Caroline Djang for Creditor Lehman ALI, Inc.
             crd@jmbm.com

(20)    Donald T Dunning for Creditor Hertz Equipment Rental Corporation
             ddunning@dunningLaw.com

(21)    Joseph A Eisenberg for Creditor Lehman ALI, Inc.
             jae@jmbm.com

(22)    Lei Lei Wang Ekvall for Attorney Weiland Golden Smiley Wang Ekvall & Strok, LLP
             lekvall@wgllp.com

(23)    Richard W Esterkin for Debtor Palmdale Hills Property, LLC
             resterkin@morganlewis.com

(24)    Marc C Forsythe for Attorney Robert Goe
             kmurphy@goeforlaw.com

(25)    Alan J Friedman for Attorney Irell & Manella LLP
             afriedman@irell.com

(26)    Steven M Garber for Creditor Park West Landscape, Inc
             steve@smgarberlaw.com

(27)    Christian J Gascou for 3rd Party Plaintiff Arch Insurance Company
             cgascou@gascouhopkins.com

(28)    Barry S Glaser for Creditor County of Los Angeles
             bglaser@swjlaw.com

(29)    Robert P Goe for Attorney Robert Goe
             kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                            **F 9013-3.1**

| In re: | CHAPTER 11 |
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | |
| Debtor(s). | CASE NUMBER 08-17206-ES |

(30)   Eric D Goldberg for Interested Party Courtesy NEF
       egoldberg@stutman.com
(31)   Richard H Golubow for Debtor Palmdale Hills Property, LLC
       rgolubow@winthropcouchot.com, pj@winthropcouchot.com
(32)   Kelly C Griffith for Creditor Bond Safeguard Insurance Co
       bkemail@harrisbeach.com
(33)   Matthew Grimshaw for Interested Party City Of Torrance
       mgrimshaw@rutan.com
(34)   Asa S Hami for Debtor Palmdale Hills Property, LLC
       ahami@morganlewis.com
(35)   Michael J Hauser for U.S. Trustee United States Trustee (SA)
       michael.hauser@usdoj.gov
(36)   D Edward Hays for Creditor Philip Dowse
       ehays@marshackhays.com
(37)   Michael C Heinrichs for Interested Party Courtesy NEF
       mheinrichs@omm.com
(38)   Harry D. Hochman for Creditor Lehman ALI, Inc.
       hhochman@pszjlaw.com, hhochman@pszjlaw.com
(39)   Jonathan M Hoff for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
       jonathan.hoff@cwt.com
(40)   Nancy Hotchkiss for Creditor Murray Smith & Associates Engineering
       nhotchkiss@trainorfairbrook.com
(41)   Michelle Hribar for Plaintiff EMR Residential Properties LLC
       mhribar@rutan.com
(42)   John J Immordino for Creditor Arch Insurance Co.
       john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
(43)   Lawrence A Jacobson for Creditor BKF Engineers
       laj@cohenandjacobson.com
(44)   Michael J Joyce for Interested Party Courtesy NEF
       mjoyce@crosslaw.com
(45)   Stephen M Judson for Petitioning Creditor The Professional Tree Care Co
       sjudson@fablaw.com
(46)   Sean A Kading for Creditor Villa San Clemente, LLC
       skading@marshackhays.com
(47)   David I Katzen for Interested Party Bethel Island Municipal Improvement District
       katzen@ksfirm.com
(48)   Christopher W Keegan for Creditor SC Master Holdings II LLC
       ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com
(49)   Irene L Kiet for Creditor BNB Engineering, Inc.
       ikiet@hkclaw.com
(50)   Mark J Krone for Creditor Bond Safeguard Insurance Co
       mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
(51)   Leib M Lerner for Creditor Steiny and Company, Inc.
       leib.lerner@alston.com
(52)   Peter W Lianides for Debtor Palmdale Hills Property, LLC
       plianides@winthropcouchot.com, pj@winthropcouchot.com
(53)   Charles Liu for Debtor Palmdale Hills Property, LLC
       cliu@winthropcouchot.com, fbaig@mrllp.com
(54)   Kerri A Lyman for Attorney Irell & Manella LLP
       klyman@irell.com
(55)   Mariam S Marshall for Creditor RGA Environmental, Inc.
       mmarshall@marshallramoslaw.com
(56)   Robert C Martinez for Creditor TC Construction Company, Inc
       rmartinez@mclex.com
(57)   Hutchison B Meltzer for Creditor Committee Joint Committee of Creditors Holding Unsecured Claims
       hmeltzer@wgllp.com
(58)   Krikor J Meshefejian for Interested Party Courtesy NEF
       kjm@lnbrb.com
(59)   Joel S. Miliband for Creditor RBF CONSULTING
       jmiliband@rusmiliband.com
(60)   James M Miller for Attorney Miller Barondess LLP
       jmiller@millerbarondess.com
(61)   Louis R Miller for Plaintiff Palmdale Hills Property, LLC
       smiller@millerbarondess.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                           F 9013-3.1

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

(62)     Mike D Neue for Attorney The Lobel Firm, LLP
          mneue@thelobelfirm.com, csolorzano@thelobelfirm.com
(63)     Robert Nida for Creditor Kirk Negrete, Inc
          Rnida@castlelawoffice.com
(64)     Henry H Oh for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
          henry.oh@dlapiper.com, bambi.clark@dlapiper.com
(65)     Sam S Oh for Interested Party Anaverde, LLC
          sam.oh@limruger.com, julie.yu@limruger.com;amy.lee@limruger.com
(66)     Sean A Okeefe for Debtor Palmdale Hills Property, LLC
          sokeefe@okeefelc.com
(67)     Robert B Orgel for Creditor Lehman ALI, Inc.
          rorgel@pszjlaw.com, rorgel@pszjlaw.com
(68)     Penelope Parmes for Creditor EMR Residential Properties LLC
          pparmes@rutan.com
(69)     Ronald B Pierce for Creditor Griffith Company
          ronald.pierce@sdma.com
(70)     Cassandra J Richey for Creditor Patricia I Volkerts, as Trustee, et al
          cmartin@pprlaw.net
(71)     Debra Riley for Interested Party City of Palmdale
          driley@allenmatkins.com
(72)     Martha E Romero for Creditor San Bernardino County Tax Collector
          Romero@mromerolawfirm.com
(73)     John E Schreiber for Defendant Fenway Capital, LLC
          jschreiber@dl.com
(74)     William D Schuster for Creditor HD Supply Construction Supply LTD
          bills@allieschuster.org
(75)     Christopher P Simon for Interested Party Courtesy NEF
          csimon@crosslaw.com
(76)     Wendy W Smith for Creditor Castaic Union School District
          wendy@bindermalter.com
(77)     Steven M Speier for Trustee Steven Speier
          Sspeier@Squarmilner.com, ca85@ecfcbis.com
(78)     Michael St James for Creditor MBH Architects, Inc.
          ecf@stjames-law.com
(79)     James E Till for Trustee Steven Speier
          jtill@thelobelfirm.com, CSolorzano@thelobelfirm.com
(80)     United States Trustee (SA)
          ustpregion16.sa.ecf@usdoj.gov
(81)     Carol G Unruh for Creditor Scott E. McDaniel
          cgunruh@sbcglobal.net
(82)     Jason Wallach for Interested Party Courtesy NEF
          jwallach@gladstonemichel.com
(83)     Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
          joshua.wayser@kattenlaw.com, kim.johnson@kattenlaw.com
(84)     Christopher T Williams for Creditor Danske Bank A/S London Branch
          ctwilliams@venable.com, jcontreras@venable.com
(85)     Marc J Winthrop for Debtor Palmdale Hills Property, LLC
          mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
(86)     David M Wiseblood for Creditor Bethel Island Municipal Improvement District
          dwiseblood@seyfarth.com
(87)     Brett K Wiseman for Creditor JF Shea Construction Inc
          bwiseman@aalaws.com
(88)     Arnold H Wuhrman for Creditor Wayne Lee
          Wuhrman@serenitylls.com
(89)     Dean A Ziehl for Counter-Defendant LV Pacific Point LLC
          dziehl@pszjlaw.com, dziehl@pszjlaw.com


**II. SERVED BY U.S. MAIL**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER 08-17206-ES |
|---|---|

**III.  SERVED BY E-MAIL**

[VIA E-MAIL]

(1) counsel for the Voluntary Debtors:
       Paul Couchot - pcouchot@winthropcouchot.com
       Marc J Winthrop - pj@winthropcouchot.com
       Charles Liu - cliu@winthropcouchot.com
       Paul Lianides - plianides@winthropcouchot.com
(2) counsel for the Trustee Debtors / Speier:
       William Lobel - wlobel@thelobelfirm.com
       Mike Neue - mneue@thelobelfirm.com
(3) counsel for the Voluntary Debtors' Committee:
       Alan Friedman - afriedman@irell.com
       Kerri A Lyman - klyman@irell.com
(4) counsel for the Trustee Debtors' Committee:
       Lei Lei Wang Ekvall - lekvall@wgllp.com
       Hutchison B Meltzer - hmeltzer@wgllp.com
(5) Office of the United States Trustee:
       Michael Hauser - michael.hauser@usdoj.gov


Louis Miller - smiller@millerbarondess.com
Martin Pritikin – mpritikin@millerbarondess.com
Steven N. Speier (Chapter 11 Trustee) - sspeier@squarmilner.com; JHegg@Squarmilner.com; ca85@ecfcbis.com
Edward Soto - Edward.soto@weil.com; odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Clay Roesch – clay.roesch@weil.com
Carrolynn H. G. Callari - ccallari@venable.com
Chauncey Cole – chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Joseph A Eisenberg - jae@jmbm.com
Mark McKane - mark.mckane@kirkland.com
Atty for Bond Safeguard & Lexon - mea@amclaw.com
Palmdale Hills Property, LLC and its related entities - bcook@suncal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                **F 9013-3.1**