LOUIS R. MILLER, State Bar No. 54141
smiller@millerbarondess.com
MARTIN PRITIKIN, State Bar. No. 210845
mpritikin@millerbarondess.com
BRIAN PROCEL, State Bar No. 218657
bprocel@millerbarondess.com
**MILLER BARONDESS, LLP**
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:     (310) 552-4400
Facsimile:     (310) 552-8400

Special Litigation Counsel
for the Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA -- SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:08-bk-17206-ES |
| PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS, | Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES 8:08-bk-17224-ES; 8:08-bk-17242-ES 8:08-bk-17225-ES; 8:08-bk-17245-ES 8:08-bk-17227-ES; 8:08-bk-17246-ES 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES 8:08-bk-17249-ES; 8:08-bk-17573 ES 8:08-bk-17574 ES; 8:08-bk-17575 ES |

Jointly Administered Debtors and Debtors-in-Possession

Affects:

☐ All Debtors
☒ Palmdale Hills Property, LLC,
☒ SunCal Beaumont Heights, LLC
☒ SCC/Palmdale, LLC
☒ SunCal Johannson Ranch, LLC
☒ SunCal Summit Valley, LLC
☒ SunCal Emerald Meadows LLC
☒ SunCal Bickford Ranch, LLC
☒ Acton Estates, LLC
☒ Seven Brothers LLC
☒ SJD Partners, Ltd.
☒ SJD Development Corp.
☒ Kirby Estates, LLC
☒ SunCal Communities I, LLC
☒ SunCal Communities III, LLC
☒ SCC Communities LLC
☒ North Orange Del Rio Land, LLC
☒ Tesoro SF, LLC
☐ LBL-SunCal Oak Valley, LLC
*Caption Continued on Next Page*

Chapter 11 cases

**AMENDED JOINT APPLICATION OF RELATED DEBTORS AND DEBTORS-IN-POSSESSION FOR AUTHORITY TO EMPLOY MILLER BARONDESS, LLP AS SPECIAL LITIGATION COUNSEL**

**[Declaration of Louis R. Miller filed concurrently herewith]**

**[No Hearing Required Pursuant to Local Bankruptcy Rule 2014-1(b)(1)]**

[11 U.S.C. § 327(e)]

1

*Continued from Previous Page*

2

- ☐ SunCal Heartland, LLC

3

- ☐ LBL-SunCal Northlake, LLC
- ☐ SunCal Marblehead, LLC

4

- ☐ SunCal Century City, LLC

5

- ☐ SunCal PSV, LLC
- ☐ Delta Coves Venture, LLC

6

- ☐ SunCal Torrance, LLC

7

- ☐ SunCal Oak Knoll, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED MILLER BARONDESS EMPLOYMENT APPLICATION

1   **TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY**

2   **JUDGE, AND OTHER PARTIES IN INTEREST:**

3       Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC, SCC/Palmdale, LLC,

4   SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal Emerald Meadows, LLC,

5   SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers, LLC, SJD Partners, Ltd., SJD

6   Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC, SunCal Communities III,

7   LLC, SCC Communities LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC, the jointly

8   administered related debtors and debtors-in-possession herein (the "Voluntary Debtors"), hereby

9   apply, pursuant to 11 U.S.C. § 327(e) and Rule 2014(a) of the Federal Rules of Bankruptcy

10  Procedure and Local Rule 2014-1(b), for an order amending the employment application filed by

11  Miller Barondess, LLP ("Miller Barondess" or the "Firm") as special litigation counsel, originally

12  effective as of January 6, 2009, and amended effective February 1, 2010, on the terms and

13  conditions described herein.

14      This Application is made and based upon the attached Memorandum of Points and

15  Authorities and the Declaration of Louis R. Miller and upon any additional evidence, both oral and

16  documentary, that may be presented to the Court at or before the time of the hearing on this

17  Application, if any should be held on this Application.

18

19

20

21

22

23

24

25

26

27

28

AMENDED MILLER BARONDESS EMPLOYMENT APPLICATION

69587.13

# **INTRODUCTION**

1.      By this Application, the Voluntary Debtors seek to amend Miller Barondess's terms of employment, to the extent necessary, to include the investigation, research and preparation of affirmative claims for monetary relief against various individuals and/or entities based on their wrongful conduct in connection with these jointly administered Chapter 11 bankruptcy proceedings and the related adversary proceeding seeking equitable subordination and related relief (the "ES Action").  The potential claims would include non-core affirmative claims for damages based on the pre-petition acts on which the current equitable subordination claims are based.  The potential claims would also include claims based on post-petition inequitable conduct, evidence of which the Firm has adduced in support of the ES Action.  The affirmative claims may include, but are not limited to, claims for breach of contract, negligent misrepresentation, intentional misrepresentation, tortious interference with economic advantage, breach of contract, and violations of state and federal statutory law (the "Affirmative Claims").

2.      The Affirmative Claims potentially entitle the estates of the Voluntary Debtors to substantial damages.  The Affirmative Claims are therefore valuable assets of the estates of the Voluntary Debtors.  These Debtors, as well as the Official Committee of Unsecured Creditors of the Voluntary Debtors appointed in the Cases pursuant to Section 1102 (the "Voluntary Committee"), have asked Miller Barondess, subject to the Court's approval of this amended application for employment, to investigate and consider pursuit of, the Affirmative Claims.[1]

3.      Since any action initiated based upon the Affirmative Claims would entitle the Voluntary Debtors to a jury trial, such action could not be tried by the Bankruptcy Court.  Accordingly, the Voluntary Debtors seek to amend the terms of Miller Barondess' employment to include authority to allow Miller Barondess, subject to the approval of the Voluntary Debtors and the Voluntary Committee, to pursue the Affirmative Claims either as part of the ES Action or in a separate action in the District Court and seek a trial by jury.

---

[1] The Voluntary Committee supports the relief sought by this amended application.  *See* concurrently filed Joinder of Voluntary Committee.

AMENDED MILLER BARONDESS EMPLOYMENT APPLICATION

69587.13

4.      The Voluntary Debtors seek to amend the terms of Miller Barondess' employment effective *nunc pro tunc* 30 days prior to the date this Application is made.

## BACKGROUND

**Voluntary Debtors**

5.      On November 6, 7, and 19, 2008, the Voluntary Debtors filed their respective voluntary petitions under Chapter 11 of the United States Bankruptcy Code.  The Voluntary Debtors are managing their respective affairs and property as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.  In particular, the following related Chapter 11 petitions were filed on the following dates:

| Case Name | Case Number | Petition Date |
|---|---|---|
| Palmdale Hills Property, LLC | 8:08-17206 ES | November 6, 2008 |
| SunCal Beaumont Heights, LLC | 8:08-17209 ES | November 6, 2008 |
| SCC/Palmdale, LLC | 8:08-17224 ES | November 7, 2008 |
| SunCal Johannson Ranch LLC | 8:08-17225 ES | November 7, 2008 |
| SunCal Summit Valley LLC | 8:08-17227 ES | November 7, 2008 |
| SunCal Emerald Meadows LLC | 8:08-17230 ES | November 7, 2008 |
| SunCal Bickford Ranch LLC | 8:08-17231 ES | November 7, 2008 |
| Acton Estates, LLC | 8:08-17236 ES | November 7, 2008 |
| Seven Brothers LLC | 8:08-17240 ES | November 7, 2008 |
| SJD Partners, Ltd. | 8:08-17242 ES | November 7, 2008 |
| SJD Development Corp. | 8:08-17245 ES | November 7, 2008 |
| Kirby Estates, LLC | 8:08-17246 ES | November 7, 2008 |
| SunCal Communities I, LLC | 8:08-17248 ES | November 7, 2008 |
| SunCal Communities III, LLC | 8:08-17249 ES | November 7, 2008 |

6.      On or about November 10, 2008, the foregoing Voluntary Debtors filed a Motion for Joint Administration of their cases.  On November 19, 2008, this Court entered an order jointly administering these cases under the lead case Palmdale Hills Property, LLC, Case No. 8:08-bk-17206-ES.

7.      On November 19, 2008, the following three additional Voluntary Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code:

AMENDED MILLER BARONDESS EMPLOYMENT APPLICATION

69587.13

| Case Name | Case Number | Petition Date |
|---|---|---|
| SCC Communities LLC | 8:08-17573 ES | November 19, 2008 |
| North Orange Del Rio Land, LLC | 8:08-17574 ES | November 19, 2008 |
| Tesoro SF, LLC | 8:08-17575 ES | November 19, 2008 |

8.      On or about December 4, 2008, this Court entered orders authorizing the joint administration of these cases with the other, previously-filed cases.

**Trustee Debtors**[2]

9.      On November 12, 14, and 19, 2008, involuntary petitions were filed against the Trustee Debtors under Chapter 11 of the United States Bankruptcy Code.  These bankruptcy proceedings were initiated by involuntary petitions due to certain Lehman-affiliated equity holders' refusal to provide required consents to the filing of voluntary bankruptcy petitions by the Trustee Debtors.[3]

10.      In particular, the following related chapter 11 petitions were filed on the following dates:

| Case Name | Case Number | Petition Date |
|---|---|---|
| LBL-SunCal Oak Valley, LLC | 8:08-17404-ES | November 12, 2008 |
| SunCal Heartland, LLC | 8:08-17407-ES | November 12, 2008 |
| LBL-SunCal Northlake, LLC | 8:08-17408-ES | November 12, 2008 |
| SunCal Marblehead, LLC | 8:08-17409-ES | November 12, 2008 |
| SunCal Century City, LLC | 8:08-17458-ES | November 14, 2008 |
| SunCal PSV, LLC | 8:08-17465-ES | November 14, 2008 |
| Delta Coves Venture, LLC | 8:08-17470-ES | November 14, 2008 |

[2] "Trustee Debtors" refers herein to Steven M. Speier, the duly appointed trustee ("Trustee") for the Chapter 11 estates of LB/L-SunCal Oak Valley, LLC, LB/L SunCal Northlake, LLC, SunCal Century City, LLC, SunCal PSV, LLC, Delta Coves Venture, LLC, SunCal Torrance LLC, SunCal Oak Knoll, LLC, SunCal Marblehead, LLC, SunCal Heartland, LLC.  The Trustee Debtors, like the Voluntary Debtors, have an existing employment application on file with regard to Miller Barondess; but the Trustee Debtors are not joining in the instant Application, and are not seeking to further amend the terms of Miller Barondess' employment at this time.  The Voluntary Debtors and Trustee Debtors are, collectively, the "Debtors."

[3] See Declaration of Bruce V. Cook filed in support of Emergency Motion for Joint Administration [D.E. #4] ("Cook Decl."), at ¶ 4.  Three other bankruptcy cases involving affiliates of the Debtors are pending before this Court, Case Nos. 8:08-bk-15637-ES; 8:08-bk-15639-ES; and 8:08-bk-15640-ES.  These affiliated entities are not parties to this Application.

5

| Case Name | Case Number | Petition Date |
|-----------|-------------|---------------|
| SunCal Torrance, LLC | 8:08-17472-ES | November 14, 2008 |
| SunCal Oak Knoll, LLC | 8:08-17588-ES | November 19, 2008 |

11.    On or about January 8, 2009, this Court entered orders for relief in the involuntary bankruptcy cases.

12.    On or about January 15, 2009, orders appointing a trustee were entered as to all of the Trustee Debtors.  Thereafter, the Office of the United States Trustee appointed Mr. Speier as the Trustee.  Accordingly, these debtors are no longer referred to as involuntary debtors, but simply as the "Trustee Debtors" (to distinguish them from the "Voluntary Debtors").  On or about January 28, 2009, a motion was filed seeking joint administration of the Trustee Debtors' estates with those of the Voluntary Debtors, which was subsequently granted.

**The ES Action**

13.    The Debtors are entities that were formed to develop various residential real estate projects located throughout the western United States (the "Projects").  Starting several years ago, the Debtors received loans from Lehman Brothers Holdings, Inc. ("LBHI"), through its subsidiaries Lehman ALI, Inc. ("Lehman ALI") and/or Lehman Commercial Paper, Inc. ("LCPI"),[4] totaling approximately $2 billion.  Pursuant to various agreements between the Debtors and Lehman (the "Agreements"), Lehman committed, among other things, to fund the continuing costs necessary to preserve the value of the Projects.  The amounts loaned by Lehman and to be advanced by Lehman pursuant to the Agreements and other documents were secured by, among other things, first priority trust deeds on the Projects.

14.    In reliance on Lehman's promises of continued funding made before, under and after the execution of the Agreements, and following Lehman's taking financial control of the Projects, the Debtors incurred million of dollars in additional indebtedness in third-party vendor work.  Lehman thereafter breached its promises to pay the creditors of the Projects by terminating funding of the Projects and failing to pay outstanding payables.  As a result, there is approximately $370

AMENDED MILLER BARONDESS EMPLOYMENT APPLICATION

69587.13

1   million claimed owed to approximately 240 creditors.  There have also been public health and safety

2   issues at several of the Projects.

3        15.    On January 6, 2009, the Voluntary Debtors, creditors and equity members of the

4   Trustee Debtors, and other signatories to the Agreements with Lehman, filed an adversary

5   proceeding against Lehman ALI and other Lehman affiliates, seeking, among other things, to

6   equitably subordinate Lehman ALI's liens and other Lehman entities' claims and interests due to

7   their inequitable conduct that has resulted in damage to the Debtors and their creditors (the "ES

8   Action").  *See* concurrently filed Declaration of Louis R. Miller in Support of this amended

9   Application ("Miller Decl.") at ¶ 4.  The ES Action included non-core causes of action for

10  affirmative relief, including intentional and negligent misrepresentation, breach of contract, and

11  breach of fiduciary duty.  (*Id.*)  After Mr. Speier was named as Trustee of the Trustee Debtors, a

12  First Amended Complaint was filed naming the Trustee as plaintiff on behalf of the Trustee Debtors.

13  (*Id.*)  A Second Amended Complaint, which was deemed filed as of March 20, 2009, added LCPI as

14  a defendant and omitted the non-core causes of action.  (*Id.*)  A Third Amended Complaint, which

15  added Fenway and others as defendants and included new core causes of action, was filed on July

16  10, 2009.  (*Id.*)  A Fourth Amended Complaint, which removed LCPI as a party and omitted certain

17  causes of action pursuant to the Court's order on the Lehman entities' and Fenway's motions to

18  dismiss the Third Amended Complaint, and which added certain allegations regarding Fenway, was

19  filed on March 26, 2010.  (*Id.*)

20  **The Allegations in Support of the Affirmative Claims**

21       16.    As noted above, prior to the filing of the Second Amended Complaint, the ES Action

22  included causes of action for affirmative relief, including intentional and negligent

23  misrepresentation, breach of contract, and breach of fiduciary duty, based on the same conduct upon

24  which the equitable subordination claims are premised.  (Miller Decl. ¶ 5.)  However, in recognition

25  of the fact that a bankruptcy court cannot provide the jury trial to which the Voluntary Debtors are

26

27  [4] Lehman ALI, LCPI, OVC Holdings LLC and Northlake Holdings LLC are referred to
    collectively herein as the "Lehman Entities."  LBHI and its affiliates, including the Lehman
28  Entities, are referred to collectively herein as "Lehman."

7

69587.13

1    entitled on these non-core causes of action, they were removed from the ES Action.  As discussed

2    below, the scope of Miller Barondess' employment has subsequently been amended to include

3    "litigation involving the ES Action."  (*Id.*)  Since the non-core claims are no longer part of the "ES

4    Action," for the resolution of doubt, the Voluntary Debtors seek to amend Miller Barondess'

5    Employment Application to include the authority to pursue non-core claims for damages based on

6    the allegations in the ES Action, either as part of the ES Action or in a separate action in District

7    Court.  (*Id.*)

8        17.    Miller Barondess has also learned of post-petition conduct, including inducements,

9    misrepresentations, and concealments, that may give rise to claims for affirmative relief.  (Miller

10   Decl. ¶ 6.)  These representations and concealments caused significant delays in the Voluntary

11   Debtors' reorganization efforts, and have caused tens of millions of dollars of damage to the

12   Voluntary Debtors, including wasted attorneys' fees, needless project maintenance preservation

13   costs, lost interest, and a diminution in value of estate assets.

14       18.    In connection with the ES Action, Miller Barondess has undertaken formal discovery

15   and informal investigation and has learned, among other things, that some of the same individuals

16   and/or entities involved in this conduct in the Debtors' cases participated in similar conduct in other

17   cases as well.  (Miller Decl. ¶ 7.)

18       19.    The Voluntary Debtors and Miller Barondess have concluded that this course of

19   conduct gives rise to potential civil tort liability under state and federal statutory and common law

20   causes of action.  (Miller Decl. ¶ 8.)

21   **Miller Barondess's Original Employment Application**

22       20.    On February 20, 2009, the Voluntary Debtors and the Trustee, on behalf of the

23   Trustee Debtors, filed their Applications for Authority to Employ Miller Barondess as Special

24   Litigation Counsel for Matters in Bankruptcy Court for the Central District of California (the

25   "Employment Application").

26       21.    Thereafter, on June 24, 2009, the Court entered its Order granting the Employment

27   Application.

28

AMENDED MILLER BARONDESS EMPLOYMENT APPLICATION

69587.13

1    **Miller Barondess's First Amended Employment Application**

2        22.    On January 28, 2010, the Voluntary Debtors filed an amended employment

3    application seeking to amend the scope of services to be provided by Miller Barondess, and to

4    amend the terms and source of compensation to Miller Barondess for its services.

5        23.    Under the terms of the original Employment Application, Miller Barondess's fees and

6    costs were to be divided among Arch, Bond Safeguard and SunCal such that 40 percent would be

7    paid by Arch, and 30 percent would each be paid by Bond Safeguard and SunCal.  Under the terms

8    of the amended employment application, the responsibility for Miller Barondess's fees and expenses

9    incurred as a result of its employment as special litigation counsel would shift to the Debtors'

10    estates.

11        24.    On February 8, 2010, Debtors filed a supplement to the amended employment

12    application revising the proposed amended scope of employment pursuant to the Trustee's request.

13    SunCal Century City was also specifically carved out from the amended employment application.

14    (*See* Supp. to Amended Joint Application for Employment of Miller Barondess as Special Litigation

15    Counsel filed Feb. 8, 2010 [D.E. 938].)  Thus, by the amended employment application, as further

16    amended by the February 8 supplement, the scope of Miller Barondess's services would be

17    expanded to include: (1) litigation involving the ES Action; (2) discovery relating to the then-

18    pending Motion for Substantive Consolidation to the extent the issues overlap with the ES Action;

19    and (3) any appeals relating to the foregoing categories.

20        25.    Thereafter, on March 9, 2010, the Court entered an order granting the amended

21    employment application, effective February 1, 2010, with certain modifications.  The order

22    authorized payment of Miller Barondess's fees and expenses by the Voluntary Debtors only, at 50%

23    of the total fees and expenses.

24    <center>**AMENDED SCOPE OF EMPLOYMENT**</center>

25        26.    The Voluntary Debtors seek to amend the scope of employment of Miller Barondess

26    as special litigation counsel, effective *nunc pro tunc* 30 days prior to the date this Application is

27    made.

28

<center>9</center>
<center>AMENDED MILLER BARONDESS EMPLOYMENT APPLICATION</center>

69587.13

27.    As previously authorized by the Court's March 9, 2010 Order, Miller Barondess's services presently include representation of the Debtors in the ES Action before this Court, and advice and counsel related to such litigation, as well as matters relating to the ES Action, including, but not limited to: (1) litigation involving the ES Action itself; (2) discovery relating to the Motion for Substantive Consolidation to the extent the issues overlap with the ES Action; and (3) any appeals relating to the foregoing categories.

28.    By this Application, the Voluntary Debtors seek to amend the terms of Miller Barondess's employment, to the extent necessary, to include the investigation, research and preparation of the Affirmative Claims for relief, including the right to file and prosecute an action based thereon subject to the approval of the Voluntary Debtors and the Voluntary Committee.  This authority with regard to the Affirmative Claims would include, but would not be limited to, non-core affirmative claims for damages based on the pre-petition acts on which the current equitable subordination claims are based.

29.    The Affirmative Claims have already benefitted from Miller Barondess's investigation and prosecution of the ES Action.  The potential Affirmative Claims overlap and are largely based on the course of conduct pursued by the Lehman-associated entities and/or individuals in the Debtors' bankruptcy proceedings and the related ES Action, with which Miller Barondess has already been involved for the last year and a half.

30.    The potential Affirmative Claims are a valuable asset of the Voluntary Debtors' estates, with a potential value in the tens of millions of dollars.

31.    Since an action based upon the Affirmative Claims would entitle the Voluntary Debtors to a jury trial, such an action could not be tried by a Bankruptcy Court.  Accordingly, the Voluntary Debtors seek to amend the terms of employment to include the authority to file a separate action based upon the Affirmative Claims in the District Court and seek a jury trial.

32.    The services to be rendered by Miller Barondess in connection with the Affirmative Claims will not be duplicative of the services rendered by the Voluntary Debtors' bankruptcy counsel—Winthrop Couchot PC—or any other professionals employed or to be employed by the Debtors.  (Miller Decl. ¶ 15.)

AMENDED MILLER BARONDESS EMPLOYMENT APPLICATION

69587.13

## TERMS OF RETENTION AND COMPENSATION

33.     The current standard hourly rates for the individual attorneys that Miller Barondess anticipates will render services to the Voluntary Debtors are as follows: (1) Louis R. Miller-$900.00; (2) Brian Procel-$575.00; (3) Martin Pritikin-$575.00; (4) James Miller-$425.00; and (5) Selia Acevedo-$425.  (Miller Decl. ¶ 16.)  Such rates are subject to change from time to time.  (*Id.*)  In lieu of the firm's standard hourly rates, and as an accommodation while reserving the right to seek full hourly rates later in the case, Miller Barondess proposes to continue charging a reduced blended hourly rate of $450 for attorneys and $195 for paralegals.  (*Id.*)

34.     Miller Barondess will record its time for services rendered in connection with the Affirmative Claims separately from its services rendered in connection with the ES Action.  (Miller Decl. ¶ 17.)  Miller Barondess will record its time for services rendered as set forth in the applicable rules and guidelines of the Bankruptcy Court.  (*Id.*)  Miller Barondess will seek approval and payment of its fees and reimbursement of its expenses from this Court or otherwise as required by any Bankruptcy Court Local Rules, the procedures set forth in the United States Trustee Guidelines for compensation and reimbursement of expenses, and/or other applicable rules or guidelines.  (*Id.*)

35.     Voluntary Debtors request that Miller Barondess be authorized to obtain from the Voluntary Debtors' estates payment of its accruing fees and costs in connection with the Affirmative Claims on a monthly basis for all hours worked on the Affirmative Claims.  (Miller Decl. ¶ 18.)  In other words, this Application seeks authorization for the Voluntary Debtors to bear 100% of the total fees and expenses for Miller Barondess' professional services rendered in connection with the Affirmative Claims, rather than at 50% of total fees and expenses, as it is currently compensated for services rendered in connection with the ES Action.  (*Id.*)  Miller Barondess will file with the Court a monthly Professional Fee Statement, attaching a copy of Miller Barondess's monthly invoice with respect to fees for all professional services rendered to the Voluntary Debtors, and for reimbursement of expenses incurred on behalf of the Voluntary Debtors, and serve copies of the invoice on the Voluntary Debtors, the Office of the United States Trustee, and all creditors and parties in interest entitled to notice.  (*Id.*)  If no written objection is filed with respect to the amount of Miller Barondess's monthly invoice within ten (10) days after the service of such invoice on the

11

69587.13

1    various parties-in-interest, the Voluntary Debtors shall pay the monthly invoice. (*Id.*) If a written

2    objection to Miller Barondess's monthly invoice is filed by a party-in-interest, the Voluntary Debtors

3    will refrain from paying the disputed portion. (*Id.*) Miller Barondess may file an application with

4    the Court seeking allowance of its fees and costs incurred to date and paid pursuant to such monthly

5    payment procedure. (*Id.*)

6        36.    Miller Barondess intends to apply to this Court for compensation in conformity with

7    the requirements of Bankruptcy Code Sections 328, 330 and 331. (Miller Decl. ¶ 19.) Miller

8    Barondess understands that its compensation in the Voluntary Debtors' cases will be subject to the

9    approval of the Court. (*Id.*) No funds paid to Miller Barondess pursuant to the proposed monthly

10   payment procedure will be deemed to be allowed by the Court. (*Id.*) All funds paid to Miller

11   Barondess pursuant to the proposed monthly payment procedure will be subject to allowance by the

12   Court, upon appropriate application and noticed hearing. (*Id.*)

13       37.    At the conclusion of this case, Miller Barondess will file an appropriate application

14   seeking final allowance of all fees and costs, regardless of whether interim compensation has been

15   paid to Miller Barondess. (Miller Decl. ¶ 20.) Miller Barondess further reserves the right in such

16   event to petition this Court to retroactively recoup from the Debtors' estates the difference between

17   the discounted attorneys fee and paralegal rates and the standard rates, or such portion of the

18   difference as this Court finds just and reasonable under the circumstances. (*Id.*) Upon allowance of

19   the aforementioned fees and costs, the Voluntary Debtors will pay to Miller Barondess the difference

20   between the amounts allowed to Miller Barondess and any interim compensation paid to Miller

21   Barondess. (*Id.*)

22       38.    The Voluntary Debtors and Miller Barondess understand and agree that the proposed

23   compensation arrangement is subject to the provisions of Section 328 of the Bankruptcy Code,

24   which authorizes this Court to allow compensation different from what is provided herein if the fee

25   arrangement provided for herein appears, in retrospect, to have been improvident in light of

26   developments unanticipated at the outset of the case. [11 U.S.C. §328(a)]. Miller Barondess

27   understands and agrees that, if aggregate interim payments made to Miller Barondess exceed the

28

69587.13

1   amount that is ultimately allowed to Miller Barondess, Miller Barondess will be required to, and

2   will, promptly repay to the Debtors such difference.  (Miller Decl. ¶ 21.)

3       39.    On December 8, 2009, the Court entered that certain *Stipulation Pursuant to 11*

4   *U.S.C. §§ 362, 363, and 364: (1) Authorizing the Use of Cash Collateral and Alleged Unencumbered*

5   *Cash; (2) Approving Postpetition Financing; (3) Providing Administrative Expense Status; and (4)*

6   *Modifying Automatic Stay to the Extent Necessary* (the "Voluntary Debtors' Financing Stipulation")

7   [D.E. #814], between Lehman ALI, Inc., Lehman Commercial Paper Inc., Northlake Holding LLC,

8   OVC Holdings LLC and the Voluntary Debtors.  On December 17, 2009, the Court entered an order

9   approving the Voluntary Debtors' Financing Stipulation [D.E. #836].

10      40.    Paragraph 9 of the Voluntary Debtors' Financing Stipulation states, in pertinent part:

11          The Lehman Entities consent to the use by the Voluntary Debtors of the Alleged
            Unencumbered Cash held by the Voluntary Debtors solely for the purpose of paying
12          the reasonable fees and expenses incurred by professionals retained in the Voluntary
            Debtors' Cases and, at the Voluntary Debtors' option, to make loans to the Trustee
13          Debtors for the purpose of paying the professionals retained in the Trustee Debtors'
            Cases.  The Lehman Entities hereby assert their position that the order approving the
14          retention of Miller Barondess LLP ("Miller Barondess") entered by the Court on
            June 24, 2009 does not permit payment of fees and costs to Miller Barondess from
15          the Alleged Unencumbered Cash without a further order of the Court.

16      41.    For the resolution of doubt, the Voluntary Debtors intend, and hereby request, that, to

17   the extent that a "further order of the Court" is still required in light of the subsequent stipulation

18   (discussed below), the order approving this Application shall constitute the "further order of the

19   Court" referred to in the foregoing paragraph, and that no further order of the Court would be

20   required thereafter to permit payment of fees and costs to Miller Barondess from the "Alleged

21   Unencumbered Cash" held by the Voluntary Debtors.

22      42.    Further, on June 4, 2010, the Court entered that certain *Stipulation Pursuant to 11*

23   *U.S.C. §§ 362, 363, 364, and 507: (1) Authorizing the use of Alleged Unencumbered Cash; (2)*

24   *Granting Administrative Expense Claims; and (3) Modifying Automatic Stay to the Extent Necessary*

25   (the "Further Financing Stipulation") [D.E. #1154], between Lehman ALI, Inc., Lehman

26   Commercial Paper Inc., Northlake Holding LLC, OVC Holdings LLC, and Voluntary Debtors

27   Palmdale Hills Property, LLC; Acton Estates, LLC; SunCal Beaumont Heights, LLC; SunCal

28   Bickford Ranch LLC; North Orange Del Rio Land, LLC; SunCal Emerald Meadows, LLC;

13

AMENDED MILLER BARONDESS EMPLOYMENT APPLICATION

SunCalJohannson Ranch, LLC; SunCal Summit Valley, LLC; Tesoro SF, LLC; and SCC Communities, LLC.  On July 9, 2010, the Court entered an order approving the Further Financing Stipulation [D.E. #1229].

43.    Paragraph 2 of the Further Financing Stipulation states, in pertinent part:

> The Lehman Entities consent to the use by each Subject Voluntary Debtor of the Alleged Unencumbered Cash held by each such Subject Voluntary Debtor solely for the purpose of paying. . . (b) the reasonable fees and expenses incurred by professionals retained in the Voluntary Debtors' cases, including the law firm of Miller Barondess, LLP (the "Miller Firm"). In addition, LCPI consents to and Palmdale Hills Property, LLC ("Palmdale Hills") is authorized to make, from Alleged Unencumbered Cash held by Palmdale Hills, individual loans: (a) to each of the other Subject Voluntary Debtors solely for the purpose of paying . . . (ii) the reasonable fees and expenses incurred by professionals retained in the Voluntary Debtors' cases, including the Miller Firm; . . . provided, however, that: (a) Palmdale Hills is permitted to make individual loans from Alleged Unencumbered Cash held by Palmdale Hills only to Subject Voluntary Debtors or Trustee Debtors that have used, and accordingly no longer hold, any Alleged Unencumbered Cash; and (b) the use of any Alleged Unencumbered Cash for payments to the Miller Firm shall be subject to the terms and conditions set forth in the *Order Granting Amended Joint Application for Authority to Employ Miller Barondess, LLP as Special Litigation Counsel* [D.E.1061].

44.    For the resolution of doubt, the Voluntary Debtors intend, and hereby request, that the Voluntary Debtors' payment of 100% of Miller Barondess' fees in connection with the Affirmative Claims shall constitute "reasonable fees and expenses incurred by professionals retained in the Voluntary Debtors' cases, including the Miller Firm," pursuant to the foregoing paragraph.  The Voluntary Debtors further intend, and hereby request, that the order approving this Application shall constitute an amendment of the *Order Granting Amended Joint Application for Authority to Employ Miller Barondess, LLP as Special Litigation Counsel* [D.E. #1061], such that loans made by Palmdale Hills to other Voluntary Debtors for the payment of Miller Barondess' fees or expenses in connection with the Affirmative Claims, which are otherwise in compliance with the foregoing paragraph, shall be deemed to comply with the requirement that any such loan "shall be subject to the terms and conditions set forth in" that Order [D.E. #1061].

AMENDED MILLER BARONDESS EMPLOYMENT APPLICATION

69587.13

## MILLER BARONDESS DOES NOT REPRESENT

## OR HOLD ANY ADVERSE INTEREST

45.    The original Employment Application and the supporting declaration filed concurrently therewith, established that Miller Barondess does not represent or hold any interest adverse to any of the Voluntary Debtors or to their respective estates with respect to the matter on which Miller Barondess is to be employed in these bankruptcy cases within the meaning of 11 U.S.C. § 327(e). They also disclosed Miller Barondess's prior or current representation of various SunCal affiliates in unrelated matters. For the convenience of the Court, those disclosures are repeated below and in the Declaration of Louis R. Miller filed concurrently with this Application, along with any new developments that have occurred since the filing of the original Employment Application.

46.    To the best of the Voluntary Debtors' knowledge, based upon the Miller Declaration, Miller Barondess does not represent or hold any interest adverse to any of the Voluntary Debtors or to their respective estates with respect to the matter on which Miller Barondess is to be employed in these bankruptcy cases within the meaning of 11 U.S.C. § 327(e). (Miller Decl., ¶ 22.) Other than as set forth in paragraphs 47 through 52 below, Miller Barondess does not believe it has (or any of its professionals have) any connection with the Voluntary Debtors, the Voluntary Debtors' creditors or shareholders, parties in interest, or their respective attorneys and accountants, other than through Miller Barondess' contemplated representation of the Voluntary Debtors as discussed herein. (*Id.*)

47.    Prior to the dates upon which the Voluntary Debtors filed their bankruptcy cases, Miller Barondess represented SCC Acquisitions, Inc. ("SCC Inc."), the direct or indirect parent of each of the Voluntary Debtors; its CEO, Bruce Elieff; and certain of SCC Inc.'s affiliates in matters unrelated to the ES Action or the Affirmative Claims. These represented affiliates include: SCC LLC; Suncal La Quinta, LLC; SunCal Highland Falls, LLC; SunCal Platinum Pointe, LLC; SunCal Ranch Ventures, LLC; LB/L SunCal Oak Valley, LLC; LBREP/L-SunCal Summerwind Ranch, LLC; CWC, Inc.; Diamond Hills Ranch Partners, Ltd.; DHRP, Inc.; Landings 750, LLC.; CEV, Inc.; Castaic Development Corporation; SJD Development Corporation; Rancho Etiwanda 685, LLC; Serrano Heights 1400, LLC; Serrano Heights East, LLC; SHD 1400, Inc.; Moorpark Equity Partners,

1    Ltd.; KRE, LLC; SCNC, LLC; Suncal of Northern California, LLC; Suncal/Dayton Canyon, LLC;

2    Suncal/West Hills, LLC; SunCal Sunny Hills, LLC; Olinda Properties, Inc.; Hillcrest 376, LLC;

3    Castaic Equity Partners, Ltd.; UCP, Inc.; and SunCal Amerige, LLC.  (Miller Decl., ¶ 23.)  LB/L

4    SunCal Oak Valley, LLC (one of the Trustee Debtors in the ES Action) and LBREP/L-SunCal

5    Summerwind Ranch, LLC (a debtor in a separate, unrelated bankruptcy proceeding) are joint

6    SunCal-Lehman entities.  Miller Barondess' representation of these entities in separate actions

7    involving contract disputes with third parties was unrelated to the ES Action, and both

8    representations concluded approximately a year ago.  (*Id.*)  Following the bankruptcy filing of

9    LBREP/L-SunCal Summerwind Ranch, LLC—which is not involved in the ES Action—Miller

10    Barondess filed a proof of claim for attorneys' fees with that entity's bankruptcy estate.  SunCal

11    subsequently paid those fees, and so Miller Barondess would reimburse to SunCal any sums it

12    recovered on its proof of claim against LBREP/L-SunCal Summerwind Ranch, LLC.  (*Id.*)

13         48.    Miller Barondess also represented several joint SunCal-Lehman entities—LB/L

14    SunCal Mandalay LLC, LB/L SunCal Master LLC, and LB/L SunCal Weston LLC—in a suit by a

15    third party (*Kurtin v. Elieff*, Orange County Superior Case No. 30-2007-00100307).  (Miller Decl.

16    ¶ 24.)  However, the parties to that dispute were different than the parties to the ES Action, and the

17    dispute was unrelated to the ES Action.  (*Id.*)

18         49.    The Lehman-SunCal entities in that case (also known as "LB/L Entities") expressly

19    waived any conflicts of interest in connection with Miller Barondess' representation; the retention

20    agreement provides that:

21         By virtue of your execution of this agreement, you consent to and hereby waive the
         potential conflict with respect to the retention of the Firm.  Should an actual conflict
22         arise, we will advise you immediately, and should a conflict come to your attention,
         you will advise us thereof promptly, whereupon we will take such action as is
23         consistent with our ethical obligations.

24         The firm also represents Elieff and SunCal entities in other matters unrelated to the
         above-referenced matter.  Nothing contained herein shall preclude the Firm from
25         representing Elieff and/or SunCal in current and future matters, including, but not
         limited to, any future matters in which Lehman or any of its affiliates are, or may be,
26         adverse to Elieff and/or SunCal, including, by way of example but without limitation,
         anything related to the Pacific Pointe project in San Juan Capistrano.

27
28         Based on the joint representation herein, Lehman and its affiliates hereby agree not to
         seek to disqualify the firm from representing Elieff or SunCal based on the firm's

16
69587.13

1    representation of the LB/L Entities in the above-referenced matter.  This waiver
     includes, but is not limited to, any disputes which may arise between SunCal and
2    Lehman and any of their respective affiliates in this, or any other, matter.

3    (Retention Agreement, attached to the Miller Decl., ¶ 25 & Exh. A.)  The Retention Agreement was

4    executed by David Broderick, counsel for the LB/L-SunCal entities.

5         50.    Although not required to do so, Miller Barondess withdrew as counsel for the LB/L-

6    SunCal entities in *Kurtin*.  (Letter from Daniel Miller to Neil Erickson dated December 31, 2008,

7    attached to the Miller Decl., ¶ 26 & Exh. B.)

8         51.    Miller Barondess also briefly represented Bruce and Kathy Elieff in the matter of

9    *Bond Safeguard Insurance Co. v. Elieff et al.*, (Orange County Superior Case No. 30-2009

10   00124556), from approximately January to May 2010.  In that litigation, Bond Safeguard has sought

11   indemnity against Bruce and Kathy Elieff, among others, in connection with bond liability involving

12   various Projects, including Projects at issue in the ES Action.  Miller Barondess sought to obtain a

13   stay of that litigation pending resolution of the ES Action.  When it became apparent that the

14   litigation would proceed, new counsel was promptly substituted in.  Miller Barondess also briefly

15   represented three later-added SunCal-affiliated defendants—SunCal Management, LLC, SCC

16   Acquisitions, LLC, and SCC Inc.—from approximately April to May 2010, for the sole purpose of

17   obtaining an extension of their time to answer the complaint so as to allow them time to find new

18   counsel.  (Miller Decl. ¶ 27.)

19        52.    Miller Barondess also currently represents the SCC, Inc.-affiliated entity SCC

20   Alameda Point, LLC in an action against the City of Alameda, the Alameda Reuse and

21   Redevelopment Authority, and the Community Improvement Commission of the City of Alameda in

22   the Central District (*SCC Alameda Point, LLC v. City of Alameda, et al.*, USDC C.D. Cal. Case No.

23   SACV10-01171 CJC(RNBx)).  This matter is unrelated to the ES Action or the Affirmative Claims.

24   (Miller Decl. ¶ 28.)

25                                   **CONCLUSION**

26        53.    Based on the foregoing, the Voluntary Debtors believe that the retention of Miller

27   Barondess as special litigation counsel to represent each of them according to the amended terms set

28

AMENDED MILLER BARONDESS EMPLOYMENT APPLICATION

69587.13

forth herein is in the best interests of the Voluntary Debtors and their respective estates and

creditors.

**WHEREFORE**, the Voluntary Debtors respectfully request that this Court enter an Order:

(1) approving this amended Application, effective [date], 2010; and (2) providing such other and

further relief as is just and proper.

Respectfully submitted,

Dated:  August 31, 2010                    MILLER BARONDESS, LLP

By:    /s/ Louis R. Miller

Louis R. Miller
Special Litigation Counsel to Jointly Administered
Debtors and Debtors in Possession

Dated:  August 31, 2010                    Palmdale Hills Property, LLC
SunCal Beaumont Heights, LLC
SCC/Palmdale, LLC
SunCal Johannson Ranch, LLC
SunCal Summit Valley, LLC
SunCal Emerald Meadows, LLC
SunCal Bickford Ranch, LLC
Acton Estates, LLC
Seven Brothers, LLC
SJD Partners, Ltd.
SJD Development Corp.
Kirby Estates, LLC
SunCal Communities I, LLC
SunCal Communities III, LLC
North Orange Del Rio Land, LLC
SCC Communities LLC
Tesoro SF, LLC

By:    /s/ Bruce V. Cook

Bruce V. Cook
General Counsel

AMENDED MILLER BARONDESS EMPLOYMENT APPLICATION

69587.13

1    LOUIS R. MILLER, State Bar No. 54141
    smiller@millerbarondess.com
2    MARTIN PRITIKIN, State Bar. No. 210845
    mpritikin@millerbarondess.com
3    BRIAN PROCEL, State Bar No. 218657
    bprocel@millerbarondess.com
4    **MILLER BARONDESS, LLP**
    1999 Avenue of the Stars, Suite 1000
5    Los Angeles, California 90067
    Telephone:     (310) 552-4400
6    Facsimile:     (310) 552-8400

7    Special Litigation Counsel
    for the Debtors and Debtors-in-Possession

8

9             **UNITED STATES BANKRUPTCY COURT**

     **CENTRAL DISTRICT OF CALIFORNIA -- SANTA ANA DIVISION**

10

11 In re                    Case No. 8:08-bk-17206-ES

12                         Jointly Administered With Case Nos.
PALMDALE HILLS PROPERTY, LLC,    8:08-bk-17209-ES; 8:08-bk-17240-ES
13 AND ITS VOLUNTARY DEBTORS,     8:08-bk-17224-ES; 8:08-bk-17242-ES
         Jointly Administered       8:08-bk-17225-ES; 8:08-bk-17245-ES
14        Debtors and Debtors-in-     8:08-bk-17227-ES; 8:08-bk-17246-ES
          Possession            8:08-bk-17230-ES; 8:08-bk-17231-ES;
15                             8:08-bk-17236-ES; 8:08-bk-17248-ES
                            8:08-bk-17249-ES; 8:08-bk-17573 ES
16 Affects:                  8:08-bk-17574 ES; 8:08-bk-17575 ES

17 ☐ All Debtors            Chapter 11 cases
18 ☒ Palmdale Hills Property, LLC,
   ☒ SunCal Beaumont Heights, LLC   **DECLARATION OF LOUIS R. MILLER IN**
19 ☒ SCC/Palmdale, LLC        **SUPPORT OF AMENDED JOINT APPLICATION**
   ☒ SunCal Johannson Ranch, LLC    **OF RELATED DEBTORS AND DEBTORS-IN-**
20 ☒ SunCal Summit Valley, LLC     **POSSESSION FOR AUTHORITY TO EMPLOY**
   ☒ SunCal Emerald Meadows LLC    **MILLER BARONDESS, LLP AS SPECIAL**
21 ☒ SunCal Bickford Ranch, LLC     **LITIGATION COUNSEL**
   ☒ Acton Estates, LLC
22 ☒ Seven Brothers LLC         **[No Hearing Required Pursuant to Local**
   ☒ SJD Partners, Ltd.         **Bankruptcy Rule 2014-1(b)(1)]**
23 ☒ SJD Development Corp.
   ☒ Kirby Estates, LLC         [11 U.S.C. § 327(e)]
24 ☒ SunCal Communities I, LLC
   ☒ SunCal Communities III, LLC
25 ☒ SCC Communities LLC
   ☒ North Orange Del Rio Land, LLC
26 ☒ Tesoro SF, LLC
27

28       *Caption Continued on Next Page*

---

*Left margin:* MILLER BARONDESS, LLP   ATTORNEYS AT LAW   1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067   TEL: (310) 552-4400   FAX: (310) 552-8400

*Continued from Previous Page*

- [ ] LBL-SunCal Oak Valley, LLC
- [ ] SunCal Heartland, LLC
- [ ] LBL-SunCal Northlake, LLC
- [ ] SunCal Marblehead, LLC
- [ ] SunCal Century City, LLC
- [ ] SunCal PSV, LLC
- [ ] Delta Coves Venture, LLC
- [ ] SunCal Torrance, LLC
- [ ] SunCal Oak Knoll, LLC

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DECLARATION OF LOUIS R. MILLER

### DECLARATION OF LOUIS R. MILLER

I, Louis R. Miller declare and state as follows:

1.    I am an attorney, duly admitted to practice law before all courts for the State of California and the United States District Court for the Central District of California.  I am a member of the law firm of Miller Barondess, LLP ("Miller Barondess"), special litigation counsel for each of jointly administered related debtors and debtors-in-possession, Palmdale Hills Property, LLC; SunCal Beaumont Heights, LLC; SCC/Palmdale, LLC; SunCal Johannson Ranch, LLC; SunCal Summit Valley, LLC; SunCal Emerald Meadows, LLC; SunCal Bickford Ranch, LLC; Acton Estates, LLC; Seven Brothers, LLC; SJD Partners, Ltd.; SJD Development Corp.; Kirby Estates, LLC; SunCal Communities I, LLC; SunCal Communities III, LLC; SCC Communities LLC; North Orange Del Rio Land, LLC; and Tesoro SF, LLC (the "Voluntary Debtors"), and, for Steven M. Speier, Chapter 11 Trustee for the estates of LB/L-SunCal Oak Valley, LLC, LB/L SunCal Northlake, LLC, SunCal Century City, LLC, SunCal PSV, LLC, Delta Coves Venture, LLC, SunCal Torrance LLC, SunCal Oak Knoll, LLC, SunCal Marblehead, LLC, SunCal Heartland, LLC (the "Trustee Debtors") (collectively with the Voluntary Debtors, the "Debtors").

2.    By the concurrently filed Application, the Voluntary Debtors seek to amend Miller Barondess's terms of employment, to the extent necessary, to include the investigation, research and preparation of affirmative claims for monetary relief against various individuals and/or entities based on their wrongful conduct in connection with these jointly administered Chapter 11 bankruptcy proceedings and the related adversary proceeding seeking equitable subordination and related relief (the "ES Action").  The potential claims would include non-core affirmative claims for damages based on the pre-petition acts on which the current equitable subordination claims are based.  The potential claims would also include claims based on post-petition inequitable conduct, evidence of which the Firm has adduced in support of the ES Action.  The affirmative claims may include, but are not limited to, claims for breach of contract, negligent misrepresentation, intentional misrepresentation, tortious interference with economic advantage, breach of contract, and violations of state and federal statutory law (the "Affirmative Claims").

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

3. The Trustee Debtors, like the Voluntary Debtors, have an existing employment application on file with regard to Miller Barondess; but the Trustee Debtors are not joining in the instant Application, and are not seeking to further amend the terms of Miller Barondess' employment at this time.

## BACKGROUND

### The ES Action

4. On January 6, 2009, the Voluntary Debtors, creditors and equity members of the Trustee Debtors, and other signatories to the Agreements with Lehman, filed an adversary proceeding against Lehman ALI and other Lehman affiliates, seeking, among other things, to equitably subordinate Lehman ALI's liens and other Lehman entities' claims and interests due to their inequitable conduct that has resulted in damage to the Debtors and their creditors (the "ES Action"). The ES Action included non-core causes of action for affirmative relief, including intentional and negligent misrepresentation, breach of contract, and breach of fiduciary duty. After Mr. Speier was named as Trustee of the Trustee Debtors, a First Amended Complaint was filed naming the Trustee as plaintiff on behalf of the Trustee Debtors. A Second Amended Complaint, which was deemed filed as of March 20, 2009, added LCPI as a defendant and omitted the non-core causes of action. A Third Amended Complaint, which added Fenway and others as defendants and included new core causes of action, was filed on July 10, 2009. A Fourth Amended Complaint, which removed LCPI as a party and omitted certain causes of action pursuant to the Court's order on the Lehman entities' and Fenway's motions to dismiss the Third Amended Complaint, and which added certain allegations regarding Fenway, was filed on March 26, 2010.

### The Allegations in Support of the Affirmative Claims

5. As noted above, prior to the filing of the Second Amended Complaint, the ES Action included causes of action for affirmative relief, including intentional and negligent misrepresentation, breach of contract, and breach of fiduciary duty, based on the same conduct upon which the equitable subordination claims are premised. In recognition of the fact that a bankruptcy court cannot provide the jury trial to which the Voluntary Debtors are entitled on these non-core causes of action, they were removed from the ES Action. As discussed below, the scope of Miller

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

2

1   Barondess' employment has subsequently been amended to include "litigation involving the ES

2   Action." Since the non-core claims are no longer part of the "ES Action," for the resolution of

3   doubt, the Voluntary Debtors seek to amend Miller Barondess' Employment Application to include

4   the authority to pursue non-core claims for damages based on the allegations in the ES Action, either

5   as part of the ES Action or in a separate action in District Court.

6         6.     Miller Barondess has also learned of post-petition conduct, including inducements,

7   misrepresentations, and concealments, that may give rise to claims for affirmative relief.

8         7.     In connection with the ES Action, Miller Barondess has undertaken formal discovery

9   and informal investigation and has learned, among other things, that some of the same individuals

10   and/or entities involved in this conduct in the Debtors' cases participated in similar conduct in other

11   cases as well.

12         8.     The Voluntary Debtors and Miller Barondess have concluded that this course of

13   conduct gives rise to potential civil tort liability under state and federal statutory and common law

14   causes of action.

15   <u>**AMENDED SCOPE OF EMPLOYMENT**</u>

16         9.     The Voluntary Debtors seek to amend the scope of employment of Miller Barondess

17   as special litigation counsel, effective *nunc pro tunc* 30 days prior to the date this Application is

18   made.

19         10.    As previously authorized by the Court's March 9, 2010 Order, Miller Barondess's

20   services presently include representation of the Debtors in the ES Action before this Court, and

21   advice and counsel related to such litigation, as well as matters relating to the ES Action, including,

22   but not limited to: (1) litigation involving the ES Action itself; (2) discovery relating to the Motion

23   for Substantive Consolidation to the extent the issues overlap with the ES Action; and (3) any

24   appeals relating to the foregoing categories.

25         11.    By the concurrently filed Application, the Voluntary Debtors seek to amend the terms

26   of Miller Barondess's employment, to the extent necessary, to include the investigation, research and

27   preparation of the Affirmative Claims for relief, including the right to file and prosecute an action

28   based thereon subject to the approval of the Voluntary Debtors and the Voluntary Committee. This

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

69617.2

1    authority with regard to the Affirmative Claims would include, but would not be limited to, non-core

2    affirmative claims for damages based on the pre-petition acts on which the current equitable

3    subordination claims are based.

4         12.    The Affirmative Claims have already benefitted from Miller Barondess's

5    investigation and prosecution of the ES Action.  The potential Affirmative Claims overlap and are

6    largely based on the course of conduct pursued by the Lehman-associated entities and/or individuals

7    in the Debtors' bankruptcy proceedings and the related ES Action, with which Miller Barondess has

8    already been involved for the last year and a half.

9         13.    The potential Affirmative Claims are a valuable asset of the Voluntary Debtors'

10   estates, with a potential value in the tens of millions of dollars.

11        14.    Since an action based upon the Affirmative Claims would entitle the Voluntary

12   Debtors to a jury trial, such an action could not be tried by a Bankruptcy Court.  Accordingly, the

13   Voluntary Debtors seek to amend the terms of employment to include the authority to file a separate

14   action based upon the Affirmative Claims in the District Court and seek a jury trial.

15        15.    The services to be rendered by Miller Barondess in connection with the Affirmative

16   Claims will not be duplicative of the services rendered by the Voluntary Debtors' bankruptcy

17   counsel—Winthrop Couchot PC—or any other professionals employed or to be employed by the

18   Debtors.

19   **TERMS OF RETENTION AND COMPENSATION**

20        16.    The current standard hourly rates for the individual attorneys that Miller Barondess

21   anticipates will render services to the Voluntary Debtors are as follows: (1) Louis R. Miller-$900.00;

22   (2) Brian Procel-$575.00; (3) Martin Pritikin-$575.00; (4) James Miller-$425.00; and (5) Selia

23   Acevedo-$425.  Such rates are subject to change from time to time.  In lieu of the firm's standard

24   hourly rates, and as an accommodation while reserving the right to seek full hourly rates later in the

25   case, Miller Barondess proposes to continue charging a reduced blended hourly rate of $450 for

26   attorneys and $195 for paralegals.

27        17.    Miller Barondess will record its time for services rendered in connection with the

28   Affirmative Claims separately from its services rendered in connection with the ES Action.  Miller

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DECLARATION OF LOUIS R. MILLER

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  Barondess will record its time for services rendered as set forth in the applicable rules and guidelines

2  of the Bankruptcy Court.  Miller Barondess will seek approval and payment of its fees and

3  reimbursement of its expenses from this Court or otherwise as required by any Bankruptcy Court

4  Local Rules, the procedures set forth in the United States Trustee Guidelines for compensation and

5  reimbursement of expenses, and/or other applicable rules or guidelines.

6        18.    The Voluntary Debtors are requesting that Miller Barondess be authorized to obtain

7  from the Voluntary Debtors' estates payment of its accruing fees and costs in connection with the

8  Affirmative Claims on a monthly basis for all hours worked on the Affirmative Claims.  In other

9  words, the Application seeks authorization for the Voluntary Debtors to bear 100% of the total fees

10  and expenses for Miller Barondess' professional services rendered in connection with the

11  Affirmative Claims, rather than at 50% of total fees and expenses, as it is currently compensated for

12  services rendered in connection with the ES Action.  Miller Barondess will file with the Court a

13  monthly Professional Fee Statement, attaching a copy of Miller Barondess's monthly invoice with

14  respect to fees for all professional services rendered to the Voluntary Debtors, and for

15  reimbursement of expenses incurred on behalf of the Voluntary Debtors, and serve copies of the

16  invoice on the Voluntary Debtors, the Office of the United States Trustee, and all creditors and

17  parties in interest entitled to notice.  If no written objection is filed with respect to the amount of

18  Miller Barondess's monthly invoice within ten (10) days after the service of such invoice on the

19  various parties-in-interest, the Voluntary Debtors shall pay the monthly invoice.  If a written

20  objection to Miller Barondess's monthly invoice is filed by a party-in-interest, the Voluntary Debtors

21  will refrain from paying the disputed portion.  Miller Barondess may file an application with the

22  Court seeking allowance of its fees and costs incurred to date and paid pursuant to such monthly

23  payment procedure.

24        19.    Miller Barondess intends to apply to this Court for compensation in conformity with

25  the requirements of Bankruptcy Code Sections 328, 330 and 331.  Miller Barondess understands that

26  its compensation in the Voluntary Debtors' cases will be subject to the approval of the Court.  No

27  funds paid to Miller Barondess pursuant to the proposed monthly payment procedure will be deemed

28  to be allowed by the Court.  All funds paid to Miller Barondess pursuant to the proposed monthly

69617.2

1   payment procedure will be subject to allowance by the Court, upon appropriate application and

2   noticed hearing.

3       20.     At the conclusion of this case, Miller Barondess will file an appropriate application

4   seeking final allowance of all fees and costs, regardless of whether interim compensation has been

5   paid to Miller Barondess.  Miller Barondess further reserves the right in such event to petition this

6   Court to retroactively recoup from the Debtors' estates the difference between the discounted

7   attorneys fee and paralegal rates and the standard rates, or such portion of the difference as this

8   Court finds just and reasonable under the circumstances.  Upon allowance of the aforementioned

9   fees and costs, the Voluntary Debtors will pay to Miller Barondess the difference between the

10  amounts allowed to Miller Barondess and any interim compensation paid to Miller Barondess.

11      21.     The Voluntary Debtors and Miller Barondess understand and agree that the proposed

12  compensation arrangement is subject to the provisions of Section 328 of the Bankruptcy Code,

13  which authorizes this Court to allow compensation different from what is provided herein if the fee

14  arrangement provided for herein appears, in retrospect, to have been improvident in light of

15  developments unanticipated at the outset of the case.  [11 U.S.C. §328(a)].  Miller Barondess

16  understands and agrees that, if aggregate interim payments made to Miller Barondess exceed the

17  amount that is ultimately allowed to Miller Barondess, Miller Barondess will be required to, and

18  will, promptly repay to the Debtors such difference.

19              **MILLER BARONDESS DOES NOT REPRESENT**

20              **OR HOLD ANY ADVERSE INTEREST**

21      22.     To the best of my knowledge, Miller Barondess does not represent or hold any

22  interest adverse to any of the Voluntary Debtors or to their respective estates with respect to the

23  matter on which Miller Barondess is to be employed in these bankruptcy cases within the meaning of

24  11 U.S.C. § 327(e).  Other than as set forth in paragraphs 1, 2, and 4 through 10 above and

25  paragraphs 23 through 28 below, I do not believe that Miller Barondess or any of its professionals

26  have any connection with the Voluntary Debtors, the Voluntary Debtors' creditors or shareholders,

27  parties in interest, or their respective attorneys and accountants, other than through Miller

28  Barondess' contemplated representation of the Voluntary Debtors as discussed herein.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

DECLARATION OF LOUIS R. MILLER

69617.2

23.     Prior to the dates upon which the Voluntary Debtors filed their bankruptcy cases, Miller Barondess represented SCC Acquisitions, Inc. ("SCC Inc."), the direct or indirect parent of each of the Voluntary Debtors; its CEO, Bruce Elieff; and certain of SCC Inc.'s affiliates in matters unrelated to the ES Action or the Affirmative Claims.  These represented affiliates include: SCC LLC; Suncal La Quinta, LLC; SunCal Highland Falls, LLC; SunCal Platinum Pointe, LLC; SunCal Ranch Ventures, LLC; LB/L SunCal Oak Valley, LLC; LBREP/L-SunCal Summerwind Ranch, LLC; CWC, Inc.; Diamond Hills Ranch Partners, Ltd.; DHRP, Inc.; Landings 750, LLC.; CEV, Inc.; Castaic Development Corporation; SJD Development Corporation; Rancho Etiwanda 685, LLC; Serrano Heights 1400, LLC; Serrano Heights East, LLC; SHD 1400, Inc.; Moorpark Equity Partners, Ltd.; KRE, LLC; SCNC, LLC; Suncal of Northern California, LLC; Suncal/Dayton Canyon, LLC; Suncal/West Hills, LLC; SunCal Sunny Hills, LLC; Olinda Properties, Inc.; Hillcrest 376, LLC; Castaic Equity Partners, Ltd.; UCP, Inc.; and SunCal Amerige, LLC.  LB/L SunCal Oak Valley, LLC (one of the Trustee Debtors in the ES Action) and LBREP/L-SunCal Summerwind Ranch, LLC (a debtor in a separate, unrelated bankruptcy proceeding) are joint SunCal-Lehman entities.  Miller Barondess' representation of these entities in separate actions involving contract disputes with third parties was unrelated to the ES Action, and both representations concluded approximately a year ago.  Following the bankruptcy filing of LBREP/L-SunCal Summerwind Ranch, LLC—which is not involved in the ES Action—Miller Barondess filed a proof of claim for attorneys' fees with that entity's bankruptcy estate.  SunCal subsequently paid those fees, and so Miller Barondess would reimburse to SunCal any sums it recovered on its proof of claim against LBREP/L-SunCal Summerwind Ranch, LLC.

24.     Miller Barondess also represented several joint SunCal-Lehman entities—LB/L SunCal Mandalay LLC, LB/L SunCal Master LLC, and LB/L SunCal Weston LLC—in a suit by a third party (*Kurtin v. Elieff*, Orange County Superior Case No. 30-2007-00100307).  *Id.*  However, the parties to that dispute were different than the parties to the ES Action, and the dispute was unrelated to the ES Action.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

25.    The Lehman-SunCal entities in that case (also known as "LB/L Entities") expressly

waived any conflicts of interest in connection with Miller Barondess' representation; the retention

agreement provides that:

> By virtue of your execution of this agreement, you consent to and hereby waive the potential conflict with respect to the retention of the Firm.  Should an actual conflict arise, we will advise you immediately, and should a conflict come to your attention, you will advise us thereof promptly, whereupon we will take such action as is consistent with our ethical obligations.

> The firm also represents Elieff and SunCal entities in other matters unrelated to the above-referenced matter.  Nothing contained herein shall preclude the Firm from representing Elieff and/or SunCal in current and future matters, including, but not limited to, any future matters in which Lehman or any of its affiliates are, or may be, adverse to Elieff and/or SunCal, including, by way of example but without limitation, anything related to the Pacific Pointe project in San Juan Capistrano.

> Based on the joint representation herein, Lehman and its affiliates hereby agree not to seek to disqualify the firm from representing Elieff or SunCal based on the firm's representation of the LB/L Entities in the above-referenced matter.  This waiver includes, but is not limited to, any disputes which may arise between SunCal and Lehman and any of their respective affiliates in this, or any other, matter.

Attached hereto as **Exhibit A** is a true and correct copy of the Retention Agreement, executed by

David Broderick, counsel for the LB/L-SunCal entities.

26.    Although not required to do so, Miller Barondess withdrew as counsel for the LB/L-

SunCal entities in *Kurtin*.  Attached hereto as **Exhibit B** is a true and correct copy of a letter from

Daniel Miller to Neil Erickson dated December 31, 2008.

27.    Miller Barondess also briefly represented Bruce and Kathy Elieff in the matter of

*Bond Safeguard Insurance Co. v. Elieff et al.*, (Orange County Superior Case No. 30-2009

00124556), from approximately January to May 2010.  In that litigation, Bond Safeguard has sought

indemnity against Bruce and Kathy Elieff, among others, in connection with bond liability involving

various Projects, including Projects at issue in the ES Action.  Miller Barondess sought to obtain a

stay of that litigation pending resolution of the ES Action.  When it became apparent that the

litigation would proceed, new counsel was promptly substituted in.  Miller Barondess also briefly

represented three later-added SunCal-affiliated defendants—SunCal Management, LLC, SCC

Acquisitions, LLC, and SCC Inc.—from approximately April to May 2010, for the sole purpose of

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  obtaining an extension of their time to answer the complaint so as to allow them time to find new

2  counsel.

3      28.    Miller Barondess also currently represents the SCC, Inc.-affiliated entity SCC

4  Alameda Point, LLC in an action against the City of Alameda, the Alameda Reuse and

5  Redevelopment Authority, and the Community Improvement Commission of the City of Alameda in

6  the Central District (*SCC Alameda Point, LLC v. City of Alameda, et al.*, USDC C.D. Cal. Case No.

7  SACV10-01171 CJC(RNBx)).  This matter is unrelated to the ES Action or the Affirmative Claims.

8                              **CONCLUSION**

9      29.    I believe that the retention of Miller Barondess as special litigation counsel to

10  represent the Voluntary Debtors according to the amended terms set forth in the concurrently filed

11  amended Application is in the best interests of the Voluntary Debtors and their respective estates and

12  creditors.

13      30.    I respectfully request that the Court enter an Order approving the concurrently filed

14  amended on the terms and conditions contained therein, effective August 1, 2010, and providing

15  such other and further relief as the Court finds just and proper.

16

17      I declare under penalty of perjury under the laws of the United States that the foregoing is

18  true and correct.  Executed this 31st day of August 2010, at Los Angeles, California.

19

20                          /s/ Louis R. Miller
                            Louis R. Miller

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

9

69617.2

**EXHIBIT A**

# MILLER BARONDESS, LLP

ATTORNEYS AT LAW
1999 AVENUE OF THE STARS
SUITE 1000
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400
FAX: (310) 552-8400
www.millerbarondess.com

April 15, 2008

LOUIS R. MILLER
DIRECT DIAL: (310) 552-5251
EMAIL: SMILLER@MILLERBARONDESS.COM

*VIA E-MAIL*

Bruce Elieff
The SunCal Companies
c/o Bruce Cook, Esq.
2392 Morse Ave.
Irvine, CA 92614

David Broderick, Esq.
Managing Director
Lehman Brothers Inc.
8th Floor
399 Park Avenue
New York, NY 10022-4679

      Re:   *Kurtin v. Elieff*
          Orange County Superior Court Case No. 30-2007-00100307

Dear Bruce and David:

    Miller Barondess, LLP (the "Firm") is counsel for Bruce Elieff ("Elieff") and The SunCal Companies and related entities ("SunCal") in the above-referenced matter. Plaintiff Todd Kurtin ("Kurtin") has asserted claims against Elieff, certain entities owned by Elieff and/or SunCal, and certain entities in which Elieff and/or SunCal share an interest with third parties. I understand that Lehman Brothers, Inc. ("Lehman") shares an interest with Elieff and/or SunCal in LB/L SunCal Mandalay LLC, LB/L SunCal Master LLC, and LB/L SunCal Weston LLC (collectively, the "LB/L Entities").

    In connection with the above-referenced matter, the Firm will represent the LB/L Entities, Elieff and certain other entities owned by SunCal (the "SunCal Entities"). This letter will confirm our agreement regarding the terms and conditions of our engagement. The scope of the Firm's representation of the LB/L Entities will be limited solely to the above-referenced matter; the firm will not represent the LB/L Entities other than with respect to serving as their counsel of record in the above-referenced case. Use of the terms "you" and "your" herein will refer to Elieff, the SunCal Entities, and the LB/L Entities.

255673

MILLER BARONDESS, LLP

Bruce Elieff
David Broderick, Esq.
April 15, 2008
Page 2


    1.    <u>Services To Be Provided By The Firm</u>. The Firm will provide those legal services reasonably required for our representation of you in the above-referenced matter. The performance of the Firm's services will necessarily include activities outside of your presence including, for example, legal research, factual investigation, preparation of pleadings and other documents, discovery and appearances before courts, administrative bodies or other tribunals, and other work as well.

    2.    <u>Conflict of Interest</u>. Whenever an attorney takes on the representation of more than one client in a lawsuit, as our firm is doing here, there is the possibility of a conflict of interest. Here, although I do not know of any actual conflict, it is possible that one client conceivably could take a position adverse to another client, so there is the potential for a conflict.

    Therefore, I am required by the ethical rules governing my profession to point this out; and I urge you, and each of you, to consult with independent counsel to ensure that you fully understand and appreciate the potential for a conflict, and are agreeable to the waivers and consents herein.

    Kurtin's claims in the above-referenced matter arise from the Settlement Agreement entered into between Elieff and Kurtin in August 2005. Kurtin claims that he is entitled to a judgment against certain entities listed on Exhibit B to the Settlement Agreement, including the LB/L Entities. An arbitration award in June 2006 allowed Kurtin to take "Elieff's interest" in the entities listed on Exhibit B.

    The Court previously held that Elieff did not have authority to sign on behalf of two entities in which SunCal and a third party owned an interest. It is our position that the LB/L Entities are in a similar position to those third party entities, and that the LB/L Entities likewise should be dismissed from the above-referenced matter. While we think our position is correct and has been upheld by the trial court, there is no guarantee we will prevail.

    Kurtin attempted to disqualify the trial Judge in this matter pursuant to California Code of Civil Procedure Section 170.6. The Judge struck the challenge as untimely, ruling that the above-referenced matter is a continuation of the lawsuit filed by Kurtin against Elieff in June 2003; Kurtin indicated that he will file a writ of mandamus on this issue. While we believe it is remote, by way of example, an actual conflict conceivably could arise if the Judge changed his position and held the LB/L Entities liable under the Settlement Agreement.

    By virtue of your execution of this agreement, you consent to and hereby waive the potential conflict with respect to the retention of the Firm. Should an actual conflict arise, we will advise you immediately, and should a conflict come to your attention, you will advise us thereof promptly, whereupon we will take such action as is consistent with our ethical obligations.

# MILLER BARONDESS, LLP

Bruce Elieff
David Broderick, Esq.
April 15, 2008
Page 3

The Firm also represents Elieff and various SunCal entities in other matters unrelated to the above-referenced matter. Nothing contained herein shall preclude the Firm from representing Elieff and/or SunCal in current and future matters, including, but not limited to, any future matters in which Lehman or any of its affiliates are, or may be, adverse to Elieff and/or SunCal, including, by way of example and without limitation, anything related to the Pacific Pointe project in San Juan Capistrano.

Based on the joint representation herein, Lehman and its affiliates hereby agree not to seek to disqualify the Firm from representing Elieff or SunCal based on the Firm's representation of the LB/L Entities in the above-referenced matter. This waiver includes, but is not limited to, any disputes which may arise between SunCal and Lehman and any of their respective affiliates in this, or any other, matter.

Lastly, because there is joint representation here, anything and everything and all communications by and between our firm and you as our clients is privileged and confidential as to outsiders and third parties, but is not confidential as between our various clients in this matter.

3.     Responsibilities of Attorney and Client.  It will be the Firm's responsibility to perform the legal services called for under this agreement, to take reasonable steps to keep you informed of progress and developments and to respond promptly to your inquiries and communications.  It will be your responsibility to provide us with relevant information and documents and make yourself available for consultation, interviews and discovery.  Furthermore, it will be your responsibility to abide by this agreement.

4.     Disclaimer of Guarantee.  From time to time, through the course of the Firm's representation, we may express beliefs concerning the effectiveness of various strategies and courses of action or concerning the merits of the case.  However, the Firm necessarily cannot make any promises or give any guarantees regarding the outcome of a matter, and the statements of any of the Firm's attorneys are not intended, nor should they be construed, as any such promise or guarantee.  In addition, although we may from time to time, for your convenience, furnish you with estimates of the fees we anticipate you will be charged for legal services, such estimates by their nature are inexact and are not binding on either you or us.

5.     Retainer Policy.  We reserve the right to require you to make an advance of fees.  If it appears that the extent of activity exceeds the expectations upon which the advance was based, we may need to adjust the amount and will discuss this with you.  The advance amount should not be viewed as a quote or a limitation on fees since the amount of legal work is subject to many factors outside of our control.  The advance will be applied against fees and costs as incurred.

6.     Fees and Billing.  Our fees are based primarily on the amount of time spent by our lawyers and paralegals on your behalf.  Each lawyer and paralegal assigned to this matter will

# MILLER BARONDESS, LLP

Bruce Elieff
David Broderick, Esq.
April 15, 2008
Page 4

have an hourly billing rate, and the rate multiplied by the number of hours spent, measured in
tenths of an hour, will be the initial basis for determining our fee.

We have established a guideline hourly rate for each attorney and paralegal assistant. For
attorneys, our regular rates range from $295 per hour for associates to $875 per hour for our most
senior partner. For paralegal(s), the rates range from $125 per hour to $195 per hour. We
reserve the right to revise our billing rates and charges at any time during the course of our
representation. Following any such revision, our new rates and charges will be applied to your
account, and this letter constitutes written notice to you of our right to make such revisions.

7.      Costs. In addition to fees for legal services, we will bill you for costs incurred,
including telephone and photocopy charges, postage, FAX costs, messenger and air freight
charges, word processing charges, secretarial and word processing operator overtime, computer
research, parking, meals for firm attorneys and other personnel working overtime or on special
projects, and business class travel and accommodation expenses. It has been our experience that
it is inordinately expensive to document postage and telephone costs on a file-by-file basis; we
charge for such expenses based upon a percentage of the attorney and paralegal time logged on a
particular matter for that month. To the extent that we directly provide any of the foregoing
services billed as costs, we reserve the right to adjust the amount charged for such services, at
any time as we deem appropriate, in light of our direct costs and our estimated overhead
allocable to such services.

It is our policy not to advance the costs of services provided by outside vendors.
Examples include but are not necessarily limited to court reporters' fees, corporate filing fees
and franchise taxes, printers' bills and graphic services. We will forward invoices from such
vendors to you for payment directly to the vendors. You agree to pay all such invoices promptly.

It may become necessary to retain investigators, accountants, or other experts on your
behalf. We will request your specific approval in advance of retaining any such investigator or
expert. You will be responsible for paying the fees and costs (including any required retainers)
of any such investigator or expert, and you agree to defend, indemnify and hold us harmless with
respect to all such costs. Alternatively, we may require that you advance such fees and costs to
us for payment to the investigator or expert.

8.      Applicability of this Agreement to Other Legal Matters. The terms and
conditions set forth herein will apply to all other matters the Firm handles for you, unless
otherwise agreed in writing.

9.      Retention of Files. Upon the conclusion of our services described in paragraph 1
of this agreement, or upon termination of our engagement, if you request it, we will deliver to
you the files for this matter. If you do not request such files, we will retain them for a period of
five (5) years after the conclusion of such services or termination of engagement. After the five

# MILLER BARONDESS, LLP

Bruce Elieff
David Broderick, Esq.
April 15, 2008
Page 5

(5) year period, we will have no further obligation to retain the files and, in our discretion, may discard them, without further notice to you.

10. <u>Termination of Services</u>. The termination of our services, whether by you or by us, shall not relieve you of the obligation to pay us for services rendered and costs advanced prior to termination. When our services conclude, such charges become immediately due and payable.

11. <u>Arbitration of Fee Disputes</u>. In order to avoid litigation in the event of any dispute concerning billings, it is agreed that any such dispute shall be submitted to binding arbitration before the Judicial Arbitration and Mediation Service ("JAMS") in Los Angeles, California. The arbitrator shall determine the rights and obligations of the parties according to the substantive and procedural laws of California. You acknowledge that by agreeing to arbitration, you are giving up the right to a jury trial. Judgment on any arbitration award may be entered by any court of competent jurisdiction.

12. <u>Arbitration of Non-Fee Disputes</u>. Any dispute, other than a fee dispute as set forth in paragraph 11, arising out of or relating to this agreement or to our performance of legal services hereunder, shall be resolved by final and binding arbitration before JAMS. The arbitration will be conducted in Los Angeles, California. The arbitrator shall determine the rights and obligations of the parties according to the substantive and procedural laws of California. You acknowledge that by agreeing to arbitration, you are giving up the right to a jury trial. Judgment on any arbitration award may be entered by any court of competent jurisdiction.

13. <u>Attorneys' Fees</u>. In the event of any dispute hereunder, the prevailing party shall be entitled to attorneys' fees and all costs and expenses of any sort.

14. <u>Severability</u>. If any provision of this agreement is held to be void, voidable or unenforceable, the remaining provisions shall remain in full force and effect.

# MILLER BARONDESS, LLP

Bruce Elieff
David Broderick, Esq.
April 15, 2008
Page 6


     We are pleased to be retained as your legal counsel and look forward to providing our services to you.  You should consult with independent counsel regarding the terms and conditions of this agreement.

                    Sincerely,

                    Louis R. Miller

LRM:ab


AGREED:



_____
Bruce Elieff, as an Individual and
on Behalf of The SunCal Companies
and Related Entities


LB/L SUNCAL MANDALAY LLC

By: _____


LB/L SUNCAL MASTER LLC

By: _____


LB/L SUNCAL WESTON LLC

By: _____

25567.3

**EXHIBIT B**

# MILLER BARONDESS, LLP

ATTORNEYS AT LAW
1999 AVENUE OF THE STARS
SUITE 1000
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400
FAX: (310) 552-8400
www.millerbarondess.com

December 31, 2008

DANIEL S. MILLER
DIRECT DIAL: (310) 552-5230
EMAIL: DMILLER@MILLERBARONDESS.COM

*VIA U.S. MAIL*

Neil C. Erickson, Esq.
Jeffer, Mangels, Butler & Marmaro LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:  *Kurtin v. Elieff, et al.*
     Orange County Superior Court Case No. 30-2007-00100307

Dear Mr. Erickson:

Reference is made to the retainer agreement dated April 15, 2008 among LB/L SunCal Mandalay LLC, LB/L SunCal Master LLC, and LB/L SunCal Weston LLC (collectively, the "LB/L Entities"), Bruce Elieff and The SunCal Companies. Effective immediately, our firm is resigning from the representation of the LB/L Entities. Enclosed are substitution of counsel forms for each of the three entities. Please sign and return to my attention and we will file the forms with the Court.

The trial in this case is set for July 13, 2009. We filed a motion for summary judgment on behalf of Bruce Elieff, and Todd Kurtin filed a motion for summary adjudication. Both motions are set to be heard on March 13, 2009 at 9:00 a.m. Copies of the points and authorities of both motions are enclosed as well. The deadline for filing for summary judgment is later in March 2009 so there is ample time to file on behalf of the LB/L Entities. Finally, there is a status conference set for January 23, 2009 at 8:30 a.m.

The case was recently re-assigned from Judge Stephen Sundvold to Judge Nancy Stock. We have been informed that the trial date/hearing dates will remain the same. Please feel free to

32250.1

# MILLER BARONDESS, LLP

Neil C. Erickson, Esq.
December 31, 2008
Page 2

call me if you have questions about the case.  Also, let me know if you would like copies of discovery or other documents.

                    Very truly yours,

                    *Daniel Miller*

                    Daniel S. Miller

DSM:cc
Enclosures

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC | CASE NUMBER 8:08-BK-17206-ES |
| Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1999 Avenue of the Stars, Suite 1000, Los Angeles CA 90067
A true and correct copy of the foregoing document(s) described **(1) AMENDED JOINT APPLICATION OF RELATED DEBTORS AND DEBTORS-IN-POSSESSION FOR AUTHORITY TO EMPLOY MILLER BARONDESS, LLP AS SPECIAL LITIGATION COUNSEL; and (2) DECLARATION OF LOUIS R. MILLER IN SUPPORT OF AMENDED JOINT APPLICATION OF VOLUNTARY DEBTORS AND DEBTORS-IN-POSSESSION FOR AUTHORITY TO EMPLOY MILLER BARONDESS, LLP AS SPECIAL LITIGATION COUNSEL**

 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 31, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **August 31, 2010** I caused the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding to be served by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 31, 2010** I caused the following person(s) and/or entity(ies) to be served by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 31, 2010 | Selia Acevedo | s/ Selia Acevedo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* 

**F 9013-3.1**

| In re:<br><br>PALMDALE HILLS PROPERTY, LLC<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER 8:08-BK-17206-ES |
|---|---|

## SERVICE LISTS

**I.**    **Served by NEF**

- Selia M Acevedo
  sacevedo@millerbarondess.com,
  mpritikin@millerbarondess.com;bpr
  ocel@millerbarondess.com
- Joseph M Adams
  jadams@sycr.com
- Raymond H Aver
  ray@averlaw.com
- James C Bastian
  jbastian@shbllp.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw
  mbradshaw@shbllp.com
- Brendt C Butler
  BButler@rutan.com
- Carollynn Callari
  ccallari@venable.com
- Dan E Chambers
  dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson
  vrc@paynefears.com
- Brendan P Collins
  bpcollins@bhfs.com
- Vincent M Coscino
  vcoscino@allenmatkins.com,
  emurdoch@allenmatkins.com
- Paul J Couchot
  pcouchot@winthropcouchot.com,
  pj@winthropcouchot.com;sconnor@
  winthropcouchot.com
- Jonathan S Dabbieri
  dabbieri@shlaw.com
- Ana Damonte
  ana.damonte@pillsburylaw.com
- Vanessa S Davila
  vsd@amclaw.com
- Melissa Davis
  mdavis@shbllp.com

- Daniel Denny
  ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning
  ddunning@dunningLaw.com
- Joseph A Eisenberg
  jae@jmbm.com
- Lei Lei Wang Ekvall
  lekvall@wgllp.com
- Richard W Esterkin
  resterkin@morganlewis.com
- Marc C Forsythe
  kmurphy@goeforlaw.com
- Alan J Friedman
  afriedman@irell.com
- Steven M Garber
  steve@smgarberlaw.com
- Christian J Gascou
  cgascou@gascouhopkins.com
- Barry S Glaser
  bglaser@swjlaw.com
- Robert P Goe
  kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;mforsythe@go
  eforlaw.com
- Eric D Goldberg
  egoldberg@stutman.com
- Richard H Golubow
  rgolubow@winthropcouchot.com,
  pj@winthropcouchot.com
- Kelly C Griffith
  bkemail@harrisbeach.com
- Matthew Grimshaw
  mgrimshaw@rutan.com
- Asa S Hami
  ahami@morganlewis.com
- Michael J Hauser
  michael.hauser@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                   **F 9013-3.1**

| In re: | CHAPTER 11 |
| PALMDALE HILLS PROPERTY, LLC | CASE NUMBER 8:08-BK-17206-ES |
| Debtor(s). | |

- i  D Edward Hays
  ehays@marshackhays.com
- i  Michael C Heinrichs
  mheinrichs@omm.com
- i  Harry D. Hochman
  hhochman@pszjlaw.com,
  hhochman@pszjlaw.com
- i  Jonathan M Hoff
  jonathan.hoff@cwt.com
- i  Nancy Hotchkiss
  nhotchkiss@trainorfairbrook.com
- i  Michelle Hribar
  mhribar@rutan.com
- i  John J Immordino
  john.immordino@wilsonelser.com,
  raquel.burgess@wilsonelser.com
- i  Lawrence A Jacobson
  laj@cohenandjacobson.com
- i  Michael J Joyce
  mjoyce@crosslaw.com
- i  Stephen M Judson
  sjudson@fablaw.com
- i  David I Katzen
  katzen@ksfirm.com
- i  Christopher W Keegan
  ckeegan@kirkland.com,
  emilee@kirkland.com;alevin@kirkla
  nd.com
- i  Irene L Kiet    ikiet@hkclaw.com
- i  Mark J Krone    mk@amclaw.com,
  crs@amclaw.com;amc@amclaw.co
  m
- i  Leib M Lerner
  leib.lerner@alston.com
- i  Peter W Lianides
  plianides@winthropcouchot.com,
  pj@winthropcouchot.com
- i  Charles Liu
  cliu@winthropcouchot.com
- i  Kerri A Lyman    klyman@irell.com
- i  Mariam S Marshall
  mmarshall@marshallramoslaw.com

- i  Robert C Martinez
  rmartinez@mclex.com
- i  Michael D May
  mdmayesq@verizon.net
- i  Hutchison B Meltzer
  hmeltzer@wgllp.com
- i  Krikor J Meshefejian
  kjm@lnbrb.com
- i  Joel S. Miliband
  jmiliband@rusmiliband.com
- i  James M Miller
  jmiller@millerbarondess.com
- i  Louis R Miller
  smiller@millerbarondess.com
- i  Mike D Neue
  mneue@thelobelfirm.com,
  jmattiace@thelobelfirm.com;pnelson
  @thelobelfirm.com
- i  Robert Nida
  Rnida@castlelawoffice.com
- i  Henry H Oh
  henry.oh@dlapiper.com,
  janet.curley@dlapiper.com
- i  Sean A Okeefe
  sokeefe@okeefelc.com
- i  Robert B Orgel
  rorgel@pszjlaw.com,
  rorgel@pszjlaw.com
- i  Penelope Parmes
  pparmes@rutan.com
- i  Ronald B Pierce
  ronald.pierce@sdma.com
- i  Cassandra J Richey
  cmartin@pprlaw.net
- i  Debra Riley
  driley@allenmatkins.com
- i  James S Riley
  tgarza@sierrafunds.com
- i  Todd C. Ringstad
  becky@ringstadlaw.com
- i  Martha E Romero
  Romero@mromerolawfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**

| In re:<br><br>PALMDALE HILLS PROPERTY, LLC<br><br><div align="right">Debtor(s).</div> | CHAPTER  11<br><br>CASE NUMBER 8:08-BK-17206-ES |
| --- | --- |

- i  John P Schafer
     jps@mandersonllp.com
- i  John E Schreiber
     jschreiber@dl.com
- i  William D Schuster
     bills@allieschuster.org
- i  Christopher P Simon
     csimon@crosslaw.com
- i  Wendy W Smith
     wendy@bindermalter.com
- i  Steven M Speier
     Sspeier@Squarmilner.com,
     ca85@ecfcbis.com
- i  Michael St James    ecf@stjames-law.com
- i  James E Till
     jtill@thelobelfirm.com,
     jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- i  United States Trustee (SA)
     ustpregion16.sa.ecf@usdoj.gov
- i  Carol G Unruh
     cgunruh@sbcglobal.net

- i  Jason Wallach
     jwallach@gladstonemichel.com
- i  Joshua D Wayser    ,
     kim.johnson@kattenlaw.com
- i  Christopher T Williams
     ctwilliams@venable.com,
     jcontreras@venable.com
- i  Marc J Winthrop
     mwinthrop@winthropcouchot.com,
     pj@winthropcouchot.com
- i  David M Wiseblood
     dwiseblood@seyfarth.com
- i  Brett K Wiseman
     bwiseman@aalaws.com
- i  Arnold H Wuhrman
     Wuhrman@serenitylls.com
- i  Dean A Ziehl
     dziehl@pszjlaw.com,
     dziehl@pszjlaw.com

**II.      Served By U.S. Mail or Overnight Mail**

BY U.S. MAIL

Judge's Copy
The Honorable Erithe A. Smith
United States Bankruptcy Court – Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                      **F 9013-3.1**