Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Shai Waisman (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Counsel for Lehman ALI, Inc., Northlake Holdings LLC and
OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES |
| Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC<br>☒ LB-L-SunCal Oak Valley, LLC | Chapter 11<br><br>**STIPULATION BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507, (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION** |

52063-001\DOCS_NY:21694.6

| | |
|---|---|
| 1  ☒ SunCal Heartland, LLC<br>☒ LB-L-SunCal Northlake, LLC<br>2  ☒ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>3  ☒ SunCal PSV, LLC<br>☒ Delta Coves Venture, LLC<br>4  ☒ SunCal Torrance, LLC<br>☒ SunCal Oak Knoll, LLC | **FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**<br><br>**Hearing Date:**<br>Date:<br>Time:<br>Place:  Courtroom 5A |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

52063-001\DOCS_NY:21694.6                                2

This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman ALI"),[1] on the one hand, and the chapter 11 trustee (the "Chapter 11 Trustee") on behalf of certain of the Trustee Debtors[2] affected by this Stipulation (collectively, the "Subject Borrowers"), on the other hand. Lehman ALI and the Subject Borrowers (together, the "Parties") hereby enter into this Stipulation and agree as follows:

**RECITALS**

WHEREAS, on November 6, 7 and 19, 2008, the Voluntary Debtors[3] filed their respective voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code"). The Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors.

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

WHEREAS, on or about January 15, 2009, the Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Chapter 11 Trustee for the Trustee

---

[1] Lehman ALI shall refer to Lehman ALI on behalf of itself, both individually and collectively, as purported lenders, and as purported agents for all lenders under the applicable loan documents, including, without limitation, as purported agent for Fenway Capital, LLC. Notwithstanding anything to the contrary contained herein, Lehman ALI does not concede that it is "purported" lender or agent as to the loan(s) or any particular loan, and reserves all of its rights in connection therewith.

[2] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). For the avoidance of doubt, this Stipulation does not affect SunCal Century City.

[3] The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES). The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

52063-001\DOCS_NY:21694.6

1

Debtors.

WHEREAS, Lehman ALI, Northlake Holdings LLC ("Northlake Holdings"), and OVC Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI and Northlake Holdings for purposes of this Stipulation, the "Lehman Entities") and Lehman Commercial Paper Inc. ("LCPI") assert secured claims against the Debtors in excess of $2.0 billion. Included within the scope of the collateral pledged to the Lehman Entities is certain real and personal property owned by the Subject Borrowers.

WHEREAS, on April 2, 2009, Lehman ALI, the Voluntary Debtors, and the Chapter 11 Trustee for the Trustee Debtors, by and through their counsel, entered into that certain *Stipulation with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the "April 2009 Financing Stipulation") affecting certain of the Voluntary Debtors and certain of the Trustee Debtors as set forth specifically therein. The April 2009 Financing Stipulation was approved by the Court by the entry of an order on April 17, 2009.

WHEREAS, Lehman ALI and certain of its affiliates, on the one hand, and the Chapter 11 Trustee, on the other hand, subsequently have entered into at least the following additional stipulations providing for debtor in possession financing and/or consent to use of cash collateral, as applicable: (a) *Stipulation Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent Necessary*, by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated December 7, 2009 (the "December 2009 Financing Stipulation"), and approved on an interim basis by the entry of an interim order on November 20, 2009 and on a final basis by the entry of a final order on December 17, 2009; (b) *Stipulation Authorizing Use Of Cash Collateral and Approving Financing For Covered Professional Expenses and Granting Administrative Expense Claims*, by and among Lehman ALI, Northlake Holdings, and OVC Holdings, on the one hand, and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as

52063-001\DOCS_NY:21694.6

1 borrowers thereunder, on the other hand, dated December 8, 2009 (the "Joint Funding Stipulation"),

2 and approved by the entry of an order on December 17, 2009; (c) *Stipulation By and Between*

3 *Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507:*

4 *(1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and*

5 *Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the*

6 *Extent Necessary*, by and between Lehman ALI and the Chapter 11 Trustee on behalf of SunCal Oak

7 Knoll, LLC, dated December 7, 2009 (the "Oak Knoll Financing Stipulation"), and approved by the

8 entry of an order on January 5, 2009; (d) the *Stipulation to Enable Timely Payment of Post-Petition*

9 *Real Property Taxes By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To*

10 *11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition*

11 *Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and*

12 *(3) Modifying Automatic Stay to the Extent Necessary* (the "Tax Financing Stipulation"), by and

13 between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as

14 borrowers thereunder, dated April 7, 2010, and approved on an interim basis by the entry of an order

15 on April 8, 2010 and on a final basis by the entry of an order on April 27, 2010; and *Stipulation*

16 *Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving Senior Secured Superpriority*

17 *Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense*

18 *Status; and (3) Modifying the Automatic Stay to the Extent Necessary*, by and between Lehman ALI

19 and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder,

20 dated April 22, 2010 (the "April 2010 Financing Stipulation"), and approved on a final basis by the

21 entry of an order on June 11, 2010.

22 NOW THEREFORE, in consideration of the mutual covenants contained herein, and other

23 good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is

24 hereby stipulated and agreed by and between the Parties as follows:

25 **AGREEMENT**

26 1.   Court Approval. The provisions of this Stipulation are subject to approval of the

27 Court and shall have no force and effect until approved by the Court. Immediately upon entry of an

28 order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the

52063-001\DOCS_NY:21694.6

contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of Lehman ALI, the Subject Borrowers, the other Lehman Entities, all other creditors of the Trustee Debtors, the Official Committee of Unsecured Creditors appointed in the Trustee Debtors' cases, and all other parties in interest and their respective successors and assigns, including any successor trustee, trustee or other fiduciary hereafter appointed in any of the Trustee Debtors' cases or upon dismissal of any of the Trustee Debtors' cases.

2.   <u>DIP Financing</u>.  Each Subject Borrower is authorized to borrow from Lehman ALI, and Lehman ALI shall make available to each Subject Borrower, individual loans (each, a "<u>DIP Loan</u>" and, collectively, the "<u>DIP Loans</u>") in an aggregate amount not to exceed $2,563,904.00 (the "<u>DIP Loan Amount</u>"), the proceeds of which shall be used by the applicable Subject Borrower solely for purposes of paying the costs and expenses attributable to each such Subject Borrower as set forth in the 120-day budget attached hereto as <u>Exhibit A</u> (the "<u>Budget</u>," as such Budget may be revised or amended with the written consent of Lehman ALI, which consent may be granted or withheld in Lehman ALI's sole and absolute discretion).  The maximum amount of each DIP Loan to each Subject Borrower shall be equal to the applicable amount in the Budget for each Subject Borrower's respective costs and expenses as set forth in the Budget.  The Subject Borrowers are to use the DIP Loan proceeds as directed by the Budget and shall maintain appropriate documentation related to the expenditure of any and all proceeds of the DIP Loans.  The Subject Borrowers shall provide to Lehman ALI, upon its reasonable request, a breakdown of all amounts spent as of the date of the request and provide all documentation relating to the monies spent as of the date of the request.  The Budget shall not be modified without the prior written consent of Lehman ALI, except that each Subject Borrower may expend funds for any particular line items allocable to such Subject Borrower as set forth in the Budget (the "<u>Budget Items</u>"), with the sole exception of Budget Items for management fees, in excess of the respective amounts provided for such Budget Items for a particular Subject Borrower, so long as such excess amount is equal to or less than 5% of the amount allocated to that particular Subject Borrower for a particular Budget Item and provided that the aggregate amount for all such Budget Items for a particular Subject Borrower is not increased. Notwithstanding the foregoing, and for the avoidance of doubt, the DIP Loan proceeds shall not be

52063-001\DOCS_NY:21694.6

4

reallocated from one Subject Borrower to another Subject Borrower, without the prior written consent of Lehman ALI, which consent may be granted or withheld in Lehman ALI's sole and absolute discretion. Funding under the DIP Loans shall only be available through and including December 31, 2010; provided that such date may be extended without Court approval to no later than February 28, 2011 upon the consent of Lehman ALI in its sole discretion. Any amounts borrowed under the DIP Loans that are not expended by, and remain in the possession of, the Subject Borrowers by January 31, 2011, shall be immediately refunded to Lehman ALI on such date and shall be applied by Lehman ALI to the payment of the accrued and unpaid interest on and then to the repayment of the outstanding principal of the respective DIP Loans to which such unexpended proceeds relate; provided that such date may be extended without Court approval to no later than March 31, 2011 upon the consent of Lehman ALI in its sole discretion.

3. <u>DIP Loan Interest</u>. The DIP Loans shall accrue interest at the rate of ten percent (10%) per annum, payable on the DIP Loan Maturity Date (as defined below). There are no other fees associated with the DIP Loans. All accrued interest on the DIP Loans shall be added to the outstanding principal amount of the DIP Loans and shall be repaid by the Subject Borrowers to Lehman ALI by the Maturity Date.

4. <u>Maturity Date/Plan Treatment of DIP Loans</u>. The Subject Borrowers expressly stipulate and acknowledge that the DIP Loans shall be treated as administrative expenses under the Bankruptcy Code and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation. The DIP Loans shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the above-captioned cases (the "<u>Cases</u>"), or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "<u>DIP Loan Maturity Date</u>"). For the avoidance of doubt, the Subject Borrowers hereby agree to repay the DIP Loans to Lehman ALI out of the Subject Borrowers' respective available cash from either unencumbered cash or funds provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is "cash collateral" under section 363 of the Bankruptcy Code or subject to a superpriority lien or claim) on the effective date of any plan of reorganization or liquidation and in

52063-001\DOCS_NY:21694.6

1  no event shall Subject Borrowers repay such amounts from the proceeds of the sale of any of the real

2  property owned by the Subject Borrowers in which Lehman ALI or any of the other Lehman Entities

3  asserts a security interest.

4        5.      <u>DIP Obligations</u>.  This Stipulation constitutes and evidences the validity and binding

5  effect of the DIP Loans, which obligations shall be enforceable against the Subject Borrowers, their

6  estates and any successors thereto, including without limitation, any successor trustee, trustee or

7  other estate representative appointed in the Trustee Debtors' Cases, or any case under chapter 7 of

8  the Bankruptcy Code upon the conversion of any of the Trustee Debtors' Cases, or in any other

9  proceedings superseding or related to any of the foregoing.  The DIP Loans include all loans,

10  reimbursement obligations, and any other indebtedness or obligations, contingent or absolute, which

11  may now or from time to time be owing by the Subject Borrowers under this Stipulation, including,

12  without limitation, all principal, accrued interest, costs, fees, expenses and other amounts owed

13  pursuant to the DIP Loans.

14        6.      <u>DIP Liens and DIP Collateral</u>.  In order to secure the payment of the DIP Loans,

15  Lehman ALI is hereby granted continuing, valid, binding, enforceable, non-avoidable and

16  automatically and properly perfected, senior postpetition security interests in and liens (the "<u>DIP

17  Liens</u>") on any and all presently owned and hereafter acquired personal property, real property and

18  other assets of Subject Borrowers, whether owned or consigned by or to, or leased from or to the

19  Subject Borrowers, regardless of where located, including, without limitation, the assets set forth in

20  clauses (1) through (4) below (collectively, the "<u>DIP Collateral</u>"):  (1) all presently owned and

21  hereafter acquired assets of the Subject Borrowers and their estates, and any proceeds and products

22  thereof, including without limitation, accounts, deposit accounts, cash, as-extracted collateral, chattel

23  paper, investment property, letter-of-credit rights, securities accounts, commercial tort claims,

24  investments, instruments, documents, inventory, contract rights, general intangibles, intellectual

25  property, real property, fixtures, goods, equipment and other fixed assets and proceeds and products

26  of all of the foregoing (including insurance proceeds); (2) proceeds of avoidance actions against the

27  Lehman Entities under chapter 5 of the Bankruptcy Code; (3) any rights under Section 506(c) of the

28  Bankruptcy Code; and (4) any unencumbered assets of the Subject Borrowers.

52063-001\DOCS_NY:21694.6

7. <u>DIP Lien Priority</u>.  Except with respect to the debtor in possession liens granted to Lehman ALI as set forth in (a) paragraph 8 of the April 2009 Financing Stipulation, (b) paragraph 8 of the December 2009 Financing Stipulation, (c) paragraph 7 of the Oak Knoll Financing Stipulation, (d) paragraph 8 of the Tax Financing Stipulation, and (e) paragraph 6 of the April 2010 Financing Stipulation, all of which remain senior to the DIP Liens, the DIP Liens securing the DIP Loans shall be senior in priority and superior to all other security interests, mortgages, collateral interests, liens or claims on or to any of the DIP Collateral.  Other than as set forth herein, the DIP Liens shall not be made subject to or *pari passu* with any lien or security interest heretofore or hereinafter granted in these cases.  The DIP Liens shall be valid and enforceable against any successor trustee, trustee or other estate representative appointed in the Trustee Debtors' Cases or upon the conversion of any of the Trustee Debtors' Cases to a case under chapter 7 of the Bankruptcy Code, and/or upon the dismissal of any of the Trustee Debtors' Cases.  The DIP Liens shall not be subject to sections 506(c), 510, 549, or 550 of the Bankruptcy Code.  No lien or interest avoided and preserved for the benefit of any estate pursuant to section 551 of the Bankruptcy Code shall be made *pari passu* with or senior to the DIP Liens.

8. <u>Cross-Collateralization and Cross-Defaults</u>.  The DIP Liens shall not be cross-collateralized (*i.e.*, each DIP Loan shall be secured by that portion of the DIP Collateral owned by the Subject Borrower to whom such DIP Loan was made) but shall be cross-defaulted such that any default related to any particular DIP Loan or DIP Lien will result in a default with respect to all DIP Loans and DIP Liens.

9. <u>DIP Superpriority Claim</u>.  In order to further secure the payment of the DIP Loans, Lehman ALI is hereby granted, pursuant to section 364(c)(1) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim against the Subject Borrowers (the "<u>DIP Superpriority Claim</u>") for all DIP Loans.  Except with respect to: (a) the superpriority administrative expense claims granted to Lehman ALI as set forth in (i) paragraph 11 of the April 2009 Financing Stipulation, (ii) paragraph 11 of the December 2009 Financing Stipulation, (iii) paragraph 9 of the Oak Knoll Financing Stipulation, (iv) paragraph 10 of the Tax Financing Stipulation, and (v) paragraph 9 of the April 2010 Financing Stipulation; (b) the administrative expense claims

granted to Lehman ALI as set forth in (i) paragraph 4 of the Joint Funding Stipulation and (ii) paragraph 5 of the Tax Financing Stipulation; and (c) and paid fees and expenses of the Chapter 11 Trustee and any professionals retained by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors in the Trustee Debtors' Cases, all of which shall remain senior to the DIP Superpriority Claim, the DIP Superpriority Claim shall have priority over any and all administrative expenses and unsecured claims against the Subject Borrowers or their estates, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the Subject Borrowers and their estates, any successor trustee or other estate representative to the extent permitted by law, or any other creditor of the Subject Borrowers.

10.    Perfection of DIP Liens.  This Stipulation shall be sufficient and conclusive evidence of the validity, perfection, and priority of the DIP Liens without the necessity of filing or recording any financing statement, mortgage, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the DIP Liens, or to entitle Lehman ALI to the priorities granted herein.  Notwithstanding the foregoing, Lehman ALI is authorized to file, as it deems necessary or advisable in its sole discretion, such financing statements, mortgages, notices and other instrument or documents to perfect in accordance with applicable non-bankruptcy law or to otherwise evidence the DIP Liens, and all such financing statements, mortgages, notices and other documents shall be deemed to have been filed or recorded as of the commencement of the Trustee Debtors' Cases; provided, however, that no such filing or recordation shall be necessary or required in order to create, evidence or perfect the DIP Liens.  The Subject Borrowers are authorized and directed to execute and deliver promptly upon demand to Lehman ALI all such financing statements, mortgages, title insurance policies, notices, instruments, and other documents as Lehman ALI may reasonably request.  Lehman ALI, in its sole discretion, may file a photocopy of this Stipulation as a

52063-001\DOCS_NY:21694.6

financing statement or notice with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statements, mortgages, notices of lien, instrument, or similar document.

11. <u>Modification of Automatic Stay</u>.  The automatic stay imposed under section 362(a) of the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this Stipulation, including, without limitation, to:  (a) permit the Subject Borrowers to grant the DIP Liens and DIP Superpriority Claims; (b) permit the Subject Borrowers to perform such acts as Lehman ALI may request to assure the perfection and priority of the liens granted herein; (c) permit the Subject Borrowers to incur all liabilities and obligations to Lehman ALI in connection with the DIP Loans; (d) authorize the repayment by the Subject Borrowers of the DIP Loans to Lehman ALI and the retention and application of such payments by Lehman ALI in accordance with the terms of this Stipulation; and (e) enable the enforcement, protection and preservation of the DIP Loans, the DIP Liens, the DIP Collateral and all of the rights and remedies with respect thereto or otherwise under this Stipulation.

12. <u>Events of Default</u>.  The following occurrences shall constitute an "<u>Event of Default</u>" under this Stipulation:  (a) failure of the Subject Borrowers to comply with any term of this Stipulation; or (b) the use of the proceeds of DIP Loans other than in strict compliance with the Budget or the terms of this Stipulation; or (c) the failure to repay the DIP Loans on the DIP Loan Maturity Date.

13. <u>Remedies</u>.  Immediately upon the occurrence and during the continuation of an Event of Default, Lehman ALI shall: (a) declare via written notice to counsel for the Chapter 11 Trustee all DIP Loans to be immediately due and payable; (b) terminate, reduce or restrict the use of any of the proceeds of the DIP Loans or any further commitment to extend credit to the Subject Borrowers to the extent any such commitment remains; and/or (c) seek relief from the automatic stay under section 362 of the Bankruptcy Code.

14. <u>Good Faith</u>.  Lehman ALI and the Subject Borrowers have acted in good faith in connection with the Stipulation. In accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Stipulation are hereafter modified, amended or vacated by a

subsequent order of this Court or any other court, Lehman ALI is entitled to the protections provided in section 364(e) of the Bankruptcy Code with respect to the DIP Loans. Any such modification, amendment or vacatur shall not affect the extent, validity, perfection, priority, allowability, enforceability or non-avoidability of any advances previously made or made hereunder, or lien, claim or priority granted, perfected, authorized or created hereby. Any liens or claims granted to Lehman ALI hereunder arising prior to the effective date of any such modification, amendment or vacatur of this Stipulation shall be governed in all respects by the original provisions of this Stipulation, including entitlement to all rights, remedies, privileges and benefits granted herein.

15. <u>Section 552(b)</u>. Lehman ALI shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code solely with respect to the DIP Loans.

16. <u>Reservation of Rights</u>. Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein. Specifically, but without limitation, (a) the Parties reserve all rights in all aspects of pending litigation between them, including any matters involving equitable subordination of the claims and liens held by the Lehman Entities, substantive consolidation of any of the estates in these Cases, or any other action against the Lehman Entities, (b) the Parties further agree that entry into this Stipulation and the extension of the DIP Loans contemplated hereunder, shall not be used in any manner in litigation between or amongst the Parties, whether as, for instance, a basis for or against substantive consolidation or otherwise, and (c) the rights, obligations, waivers, stipulations, agreements or defenses of the Parties among or between or to each other or any of them shall not be affected hereby except to the extent provided herein.

17. <u>No Modification</u>. Until and unless the DIP Loans have been indefeasibly paid in full in cash to Lehman ALI pursuant to the terms of this Stipulation and all commitments to extend the DIP Loans have been terminated, the Subject Borrowers irrevocably waive the right to seek and shall not seek or consent to, directly or indirectly, without the prior written consent of Lehman ALI (which consent may be granted or withheld in Lehman ALI's sole and absolute discretion) (i) any modification, stay, vacatur or amendment to this Stipulation (and no such consent shall be implied

by any other action, inaction or acquiescence of Lehman ALI); or (ii) a priority claim for any administrative expense or unsecured claim against the Subject Borrowers (now existing or hereafter arising of any kind or nature whatsoever, including, without limitation any administrative expense of the kind specified in sections 503(b), 507(a) or 507(b) of the Bankruptcy Code) in the Trustee Debtors' Cases or any successor cases equal or superior to the DIP Superpriority Claim; or (iii) any lien on any of the DIP Collateral with priority equal or superior to the DIP Liens, except that, notwithstanding any other provision of this Stipulation, the Subject Borrowers may consent to and seek approval of a lien on any of the DIP Collateral with priority equal or superior to the DIP Liens in the event the Court makes a finding that such lien is necessary to finance costs and expenses associated solely with health and safety issues related to the Subject Borrowers' property. The Lehman Entities' rights with respect to any such request are hereby reserved.

18. <u>Jurisdiction</u>. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

19. <u>Further Cooperation</u>. The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

20. <u>Signatures</u>. This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement. This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

21. <u>No Admission; No Evidence</u>. Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party. Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties. This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

22. <u>Authority</u>. Each person who signs this Stipulation represents and warrants that he or

52063-001\DOCS_NY:21694.6

11

she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

23.    Entire Agreement.  This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties.  All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

WEIL, GOTSHAL & MANGES LLP

- and -

Dated:   October 6, 2010           PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Dean A. Ziehl*
      Richard M. Pachulski
      Dean A. Ziehl

      Attorneys for Lehman ALI, Inc., Northlake
      Holdings LLC and OVC Holdings LLC

Dated:   October 6, 2010           THE LOBEL FIRM, LLP

By    */s/ Mike D. Neue*
      William N. Lobel
      Mike D. Neue

      General Insolvency Counsel for Steven M.
      Speier, the Chapter 11 Trustee for the
      Trustee Debtors

52063-001\DOCS_NY:21694.6

12

[BUDGET]

## Approved 120-Day Involuntary Budget

### 120-Day Involuntary Budget (8/15/10 through 12/15/10)

| Asset Name | Life Safety | Security | Utilities | Erosion Control & Maint. | Entitlement Preservation | G&A | Taxes | 4-Month TOTAL |
|---|---|---|---|---|---|---|---|---|
| Del Amo | - | - | - | - | - | - | 3,750 | 3,750 |
| Delta Coves | 32,800 | 94,400 | - | 211,400 | - | 43,636 | 3,750 | 385,986 |
| Heartland | - | - | - | 100,000 | 6,500 | 43,636 | 3,750 | 153,886 |
| Marblehead | 8,000 | 60,000 | 110,500 | 103,000 | 262,000 | 80,000 | 3,750 | 627,250 |
| Northlake | - | - | - | 8,000 | 38,274 | 8,000 | 6,950 | 61,224 |
| Oak Knoll | 58,300 | 367,648 | - | 353,548 | 28,000 | 145,690 | 3,750 | 956,936 |
| Oak Valley Champions | - | - | 24,000 | 107,500 | 6,500 | 43,636 | 3,750 | 185,386 |
| Palm Springs Village | - | - | 66,800 | 65,300 | 6,500 | 43,636 | 7,250 | 189,486 |
| TOTAL | $99,100 | $522,048 | $201,300 | $948,748 | $347,774 | $408,234 | $36,700 | $2,563,904 |

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 08-17206-ES |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as ***STIPULATION BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507, (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY*** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __October 6, 2010__ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On __October 6, 2010__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __October 6, 2010__ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Hand Delivery]

The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and
United States Courthouse
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 6, 2010 | Melisa DesJardien | /s/ *Melisa DesJardien* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: | | CHAPTER 11 |
|---|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | | |
| | Debtor(s). | CASE NUMBER 08-17206-ES |

## I. SERVED BY NEF
**8:08-bk-17206-ES Notice will be electronically mailed to:**

*(1) Selia M Acevedo for Attorney Miller Barondess LLP*
sacevedo@millerbarondess.com,
mpritikin@millerbarondess.com;bprocel@millerbarondess.com

*(2) Joseph M Adams for Defendant The City of San Juan Capistrano*
jadams@sycr.com

*(3) Raymond H Aver for Debtor Palmdale Hills Property, LLC*
ray@averlaw.com

*(4) James C Bastian for Creditor ARB, Inc.*
jbastian@shbllp.com

*(5) John A Boyd for Interested Party Oliphant Golf Inc*
fednotice@tclaw.net

*(6) Mark Bradshaw for Interested Party Courtesy NEF*
mbradshaw@shbllp.com

*(7) Jeffrey W Broker for Creditor Bond Safeguard Insurance Co*
jbroker@brokerlaw.biz

*(8) Brendt C Butler for Creditor EMR Residential Properties LLC*
BButler@rutan.com

*(9) Andrew W Caine for Creditor Lehman ALI, Inc.*
acaine@pszyjw.com

*(10) Carollynn Callari for Creditor Danske Bank A/S London Branch*
ccallari@venable.com

*(11) Dan E Chambers for Creditor EMR Residential Properties LLC*
dchambers@jmbm.com

*(12) Shirley Cho for Creditor Lehman ALI, Inc.*
scho@pszjlaw.com

*(13) Vonn Christenson for Interested Party Courtesy NEF*
vrc@paynefears.com

*(14) Brendan P Collins for Creditor Gray1 CPB, LLC*
bpcollins@bhfs.com

*(15) Vincent M Coscino for Petitioning Creditor CST Environmental Inc*
vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

*(16) Paul J Couchot for Creditor SCC Acquisitions, Inc.*
pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;sconnor@winthropcouchot.com

*(17) Jonathan S Dabbieri for Interested Party Courtesy NEF*
dabbieri@shlaw.com

*(18) Ana Damonte for Creditor Top Grade Construction, Inc.*
ana.damonte@pillsburylaw.com

*(19) Vanessa S Davila for Creditor Bond Safeguard Insurance Co*
vsd@amclaw.com

*(20) Melissa Davis for Creditor City of Orange*
mdavis@shbllp.com

*(21) Daniel Denny for Interested Party Courtesy NEF*
ddenny@gibsondunn.com

*(22) Caroline Djang for Creditor Lehman ALI, Inc.*
crd@jmbm.com

*(23) Donald T Dunning for Creditor Hertz Equipment Rental Corporation*
ddunning@dunningLaw.com

*(24) Joseph A Eisenberg for Creditor Lehman ALI, Inc.*
jae@jmbm.com

*(25) Lei Lei Wang Ekvall for Attorney Weiland Golden Smiley Wang Ekvall & Strok, LLP*
lekvall@wgllp.com

*(26) Richard W Esterkin for Debtor Palmdale Hills Property, LLC*
resterkin@morganlewis.com

*(27) Marc C Forsythe for Attorney Robert Goe*
kmurphy@goeforlaw.com

*(28) Alan J Friedman for Attorney Irell & Manella LLP*
afriedman@irell.com

*(29) Steven M Garber for Creditor Park West Landscape, Inc*
steve@smgarberlaw.com

*(30) Christian J Gascou for 3rd Party Plaintiff Arch Insurance Company*
cgascou@gascouhopkins.com

*(31) Barry S Glaser for Creditor County of Los Angeles*
bglaser@swjlaw.com

*(32) Robert P Goe for Attorney Robert Goe*
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;mforsythe@goeforlaw.com

*(33) Eric D Goldberg for Interested Party Courtesy NEF*
egoldberg@stutman.com

*(34) Richard H Golubow for Debtor Palmdale Hills Property, LLC*
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

*(35) Kelly C Griffith for Creditor Bond Safeguard Insurance Co*
bkemail@harrisbeach.com

*(36) Matthew Grimshaw for Interested Party City Of Torrance*
mgrimshaw@rutan.com

*(37) Asa S Hami for Debtor Palmdale Hills Property, LLC*
ahami@morganlewis.com

*(38) Michael J Hauser for U.S. Trustee United States Trustee (SA)*
michael.hauser@usdoj.gov

*(39) D Edward Hays for Creditor Villa San Clemente, LLC*
ehays@marshackhays.com

*(40) Michael C Heinrichs for Interested Party Courtesy NEF*
mheinrichs@omm.com

*(41) Harry D. Hochman for Creditor Lehman ALI, Inc.*
hhochman@pszjlaw.com, hhochman@pszjlaw.com

*(42) Jonathan M Hoff for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd*
jonathan.hoff@cwt.com

*(43) Nancy Hotchkiss for Creditor Murray Smith & Associates Engineering*
nhotchkiss@trainorfairbrook.com

*(44) Michelle Hribar for Plaintiff EMR Residential Properties LLC*
mhribar@rutan.com

*(45) John J Immordino for Creditor Arch Insurance Co.*
john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com

*(46) Lawrence A Jacobson for Creditor BKF Engineers*
laj@cohenandjacobson.com

*(47) Michael J Joyce for Interested Party Courtesy NEF*
mjoyce@crosslaw.com

*(48) Stephen M Judson for Petitioning Creditor The Professional Tree Care Co*
sjudson@fablaw.com

*(49) David I Katzen for Interested Party Bethel Island Municipal Improvement District*
katzen@ksfirm.com

*(50) Christopher W Keegan for Creditor SC Master Holdings II LLC*
ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com

*(51) Payam Khodadadi for Debtor Palmdale Hills Property, LLC*
pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

*(52) Irene L Kiet for Creditor BNB Engineering, Inc.*
ikiet@hkclaw.com

*(53) Mark J Krone for Creditor Bond Safeguard Insurance Co*
mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

*(54) Leib M Lerner for Creditor Steiny and Company, Inc.*
leib.lerner@alston.com

*(55) Peter W Lianides for Debtor Palmdale Hills Property, LLC*
plianides@winthropcouchot.com, pj@winthropcouchot.com

*(56) Charles Liu for Debtor Palmdale Hills Property, LLC*
cliu@winthropcouchot.com

*(57) Kerri A Lyman for Attorney Irell & Manella LLP*
klyman@irell.com

*(58) Mariam S Marshall for Creditor RGA Environmental, Inc.*
mmarshall@marshallramoslaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                             **F 9013-3.1.PROOF.SERVICE**

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | |
| Debtor(s). | CASE NUMBER 08-17206-ES |

*(59) Robert C Martinez for Creditor TC Construction Company, Inc
rmartinez@mclex.com*
*(60) Michael D May for Creditor R.J. Noble Co.
mdmayesq@verizon.net*
*(61) Hutchison B Meltzer for Creditor Committee Joint Committee of Creditors Holding Unsecured Claims
hmeltzer@wgllp.com*
*(62) Krikor J Meshefejian for Interested Party Courtesy NEF
kjm@lnbrb.com*
*(63) Joel S. Miliband for Creditor RBF CONSULTING
jmiliband@rusmiliband.com*
*(64) James M Miller for Attorney Miller Barondess LLP
jmiller@millerbarondess.com*
*(65) Louis R Miller for Plaintiff Palmdale Hills Property, LLC
smiller@millerbarondess.com*
*(66) Mike D Neue for Attorney The Lobel Firm, LLP
mneue@thelobelfirm.com,
jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com*
*(67) Robert Nida for Creditor Kirk Negrete, Inc
Rnida@castlelawoffice.com*
*(68) Henry H Oh for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
henry.oh@dlapiper.com, janet.curley@dlapiper.com*
*(69) Sean A Okeefe for Debtor Palmdale Hills Property, LLC
sokeefe@okeefelc.com*
*(70) Robert B Orgel for Creditor Lehman ALI, Inc.
rorgel@pszjlaw.com, rorgel@pszjlaw.com*
*(71) Malhar S Pagay for Creditor Lehman ALI, Inc.
mpagay@pszjlaw.com, mpagay@pszjlaw.com*
*(72) Penelope Parmes for Creditor EMR Residential Properties LLC
pparmes@rutan.com*
*(73) Ronald B Pierce for Creditor Griffith Company
ronald.pierce@sdma.com*
*(74) Cassandra J Richey for Creditor Patricia I Volkerts, as Trustee, et al
cmartin@pprlaw.net*
*(75) James S Riley for Creditor Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com*
*(76) Debra Riley for Interested Party City of Palmdale
driley@allenmatkins.com*
*(77) Todd C. Ringstad for Interested Party Courtesy NEF
becky@ringstadlaw.com*
*(78) Martha E Romero for Creditor San Bernardino County Tax Collector
Romero@mromerolawfirm.com*
*(79) John P Schafer for Creditor LB/L-DUC III Bethel Island, LLC
jps@mandersonllp.com*
*(80) John E Schreiber for Defendant Fenway Capital, LLC
jschreiber@dl.com*
*(81) William D Schuster for Creditor HD Supply Construction Supply LTD
bills@allieschuster.org*
*(82) Christopher P Simon for Interested Party Courtesy NEF
csimon@crosslaw.com*
*(83) Wendy W Smith for Creditor Castaic Union School District
wendy@bindermalter.com*
*(84) Steven M Speier (TR)
Sspeier@Squarmilner.com, ca85@ecfcbis.com*
*(85) Michael St James for Creditor MBH Architects, Inc.
ecf@stjames-law.com*
*(86) James E Till for Trustee Steven Speier (TR)
jtill@thelobelfirm.com,
jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com*
*(87) United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov*
*(88) Carol G Unruh for Creditor Scott E. McDaniel
cgunruh@sbcglobal.net*
*(89) Jason Wallach for Interested Party Courtesy NEF
jwallach@gladstonemichel.com*
*(90) Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
, kim.johnson@kattenlaw.com*
*(91) Christopher T Williams for Creditor Danske Bank A/S London Branch
ctwilliams@venable.com, jcontreras@venable.com*
*(92) Marc J Winthrop for Debtor Palmdale Hills Property, LLC
mwinthrop@winthropcouchot.com, pj@winthropcouchot.com*
*(93) David M Wiseblood for Creditor Bethel Island Municipal Improvement District
dwiseblood@seyfarth.com*
*(94) Brett K Wiseman for Creditor JF Shea Construction Inc
bwiseman@aalaws.com*
*(95) Arnold H Wuhrman for Creditor Wayne Lee
Wuhrman@serenitylls.com*
*(96) Dean A Ziehl for Counter-Defendant LV Pacific Point LLC
dziehl@pszjlaw.com, dziehl@pszjlaw.com*

**II.  SERVED BY U.S. MAIL**

**III.  SERVED BY E-MAIL**

(1) Gen'l Counsel for Voluntary Debtors:
    Paul Couchot - pcouchot@winthropcouchot.com
    Marc J Winthrop - pj@winthropcouchot.com
    Paul Lianides - plianides@winthropcouchot.com
(2) Debtors:
    Palmdale Hills Property, LLC and its related entities -
    bcook@suncal.com
(3) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
    Louis Miller - smiller@millerbarondess.com
    Martin Pritikin – mpritikin@millerbarondess.com
(4) Gen'l Counsel for Ch. 11 Trustee (Speier):
    William Lobel - wlobel@thelobelfirm.com
    Mike Neue – mneue@thelobelfirm.com
(5) Ch. 11 Trustee (c/o Squar Milner):
    Steven N. Speier - sspeier@squarmilner.com;
    ca85@ecfcbis.com

(6) Counsel for Voluntary Debtors' Committee:
    Alan Friedman - afriedman@irell.com
    Kerri A Lyman - klyman@irell.com
(7) Counsel for Trustee Debtors' Committee:
    Lei Lei Wang Ekvall - lekvall@wgllp.com
    Hutchison B Meltzer - hmeltzer@wgllp.com
(8) Office of the United States Trustee:
    Michael Hauser - michael.hauser@usdoj.gov

Edward Soto - Edward.soto@weil.com;
odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Clay Roesch – clay.roesch@weil.com
Carrolynn H. G. Callari - ccallari@venable.com
Chauncey Cole – chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Joseph A Eisenberg - jae@jmbm.com
Mark McKane - mark.mckane@kirkland.com
Atty for Bond Safeguard & Lexon - mea@amclaw.com