Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Shai Waisman (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Counsel for Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>    Jointly Administered Debtors and<br>    Debtors-In-Possession. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES |
| Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC<br>☒ LB-L-SunCal Oak Valley, LLC | Chapter 11<br><br>**SECOND STIPULATION TO ENABLE TIMELY PAYMENT OF POST-PETITION REAL PROPERTY TAXES BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 362, 363,** |

DOCS_NY:22337.4                    1

1  ☒ SunCal Heartland, LLC
   ☒ LB-L-SunCal Northlake, LLC
2  ☒ SunCal Marblehead, LLC
   ☐ SunCal Century City, LLC
3  ☒ SunCal PSV, LLC
   ☒ Delta Coves Venture, LLC
4  ☒ SunCal Torrance, LLC
   ☒ SunCal Oak Knoll, LLC
5

**364 AND 507, (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**

**Hearing:**
Date: TBD
Time: TBD
Place: Courtroom 5A

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_NY:22337.4                                    2

This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman ALI"),[1] on the one hand, and the chapter 11 trustee (the "Chapter 11 Trustee") on behalf of certain of the Trustee Debtors,[2] in each case affected by this Stipulation (collectively, the "Subject Borrowers"), on the other hand. Lehman ALI and the Subject Borrowers (together, the "Parties") hereby enter into this Stipulation and agree as follows:

**RECITALS**

WHEREAS, each of the Subject Borrowers owns California real estate for which, under applicable non-bankruptcy law, (i) the first installment for post-petition, California real property taxes for tax year 2010-2011 (the "2010/2011 Property Taxes") in the approximate, aggregate amount of $3.55 million (see **Exhibit A**, attached hereto), is last due without the imposition of a 10% penalty by December 10, 2010 and (ii) the second installment for 2010/2011 Property Taxes, in the approximate, aggregate amount of $3.55 million (see **Exhibit A**, attached hereto), is last due without the imposition of a 10% penalty by April 10, 2011;

WHEREAS, the California tax penalties for failure to make timely payment of the 2010/2011 Property Taxes equate to interest rates of 18% to 45%: (a) if no payment were made on the 2010/2011 Property Taxes until June 30, 2011, the penalty on the first installment as of such date equates to an annualized interest rate of 18% and the penalty on the second installment as of such date equates to an annualized interest rate of 45%; and (b) if no payment were made by June 30, 2011, the penalty continues thereafter at 1.5% per month, which equates to an annualized interest rate thereafter of 18%.

WHEREAS, the funding afforded by this Stipulation would enable the payment of the 2010/2011 Property Taxes, as and to the extent set forth below, and enable the Chapter 11 Trustee to

---

[1] Lehman ALI shall refer to Lehman ALI on behalf of itself, both individually and collectively, as purported lender, and as purported agent for all lenders under the applicable loan documents, including, without limitation, as purported agents for Fenway Capital, LLC. Notwithstanding anything to the contrary contained herein, Lehman ALI does not concede that it is a "purported" lender or agent as to the loan(s) or any particular loan, and reserves all of its rights in connection therewith.

[2] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). For the avoidance of doubt, this Stipulation does not affect SunCal Century City.

DOCS_NY:22337.4

1

substitute a loan with an annual interest rate of 10% for the high California tax penalties; and, absent this Stipulation, the Subject Borrowers would have inadequate cash to timely pay the 2010/2011 Property Taxes;

WHEREAS, Lehman ALI is authorized to enter into this Stipulation;

WHEREAS, there is little time remaining to arrange funding for and payments to the California real property taxing authorities before the first installment of such taxes is due on December 10, 2010;

WHEREAS, background in this case includes the following facts:

A. On November 6, 7 and 19, 2008, the Voluntary Debtors filed their respective voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code"). The Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

B. On November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors.

C. On or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

D. On or about January 15, 2009, the Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Chapter 11 Trustee for the Trustee Debtors.

E. Lehman ALI, Lehman Commercial Paper Inc. ("LCPI"), Northlake Holdings LLC ("Northlake Holdings"), and OVC Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI, LCPI and Northlake Holdings for purposes of this Stipulation, the "Lehman Entities") assert secured claims against the Trustee Debtors and Voluntary Debtors that exceed $2 billion. Included within the scope of the collateral pledged to the Lehman Entities is certain real and personal property owned by the Voluntary Debtors and the Trustee Debtors.

F. On April 7, 2010, Lehman ALI and the Chapter 11 Trustee for the Trustee Debtors, by and through their counsel, entered into that certain *Stipulation to Enable Timely*

*Payment of Post-Petition Real Property Taxes by and between Lehman ALI, Inc. and Chapter 11 Trustee, pursuant to 11 U.S.C. §§ 362, 363, 364 and 507, (1) Approving Senior Secured Superpriority Postpetition Financing, (2) Granting Liens and Providing Superpriority Administrative Expense Status, and (3) Modifying Automatic Stay to the Extent Necessary* filed April 7, 2010 (the "<u>First Real Property Tax Financing Stipulation</u>") affecting certain of the Trustee Debtors as set forth specifically therein. The First Real Property Tax Financing Stipulation was approved by the Court on an interim basis by the entry of an interim order on April 8, 2010 and on a final basis by the entry of a final order on April 27, 2010. Pursuant to such stipulation, among other things, the borrowers thereunder were authorized to borrow from Lehman ALI, and Lehman ALI was authorized to make available to each such borrower, individual loans in an aggregate amount not to exceed $8.7 million to enable payment by such borrowers of certain current and past due post-petition California real property taxes for the tax year 2009/2010 as set forth therein.

    H.  Lehman ALI and certain of its affiliates, on the one hand, and the Chapter 11 Trustee, on the other hand, also have entered into various other Court-approved stipulations providing for debtor in possession financing and/or consent to use of cash collateral, as applicable, during these cases.

  NOW THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is hereby stipulated and agreed by and between the Parties as follows:

## **AGREEMENT**

  1.  <u>Court Approval</u>. The provisions of this Stipulation are subject to approval of the Court and shall have no force and effect until approved by the Court. Immediately upon entry of an order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of Lehman ALI, the Subject Borrowers, the other jointly administered estates in these cases, all other creditors of the Trustee Debtors, the Official Committees of Unsecured Creditors appointed in the cases of the Trustee Debtors, and all other parties in interest and their respective successors and assigns, including any successor trustee, trustee or other fiduciary hereafter appointed

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

in any of the Voluntary Debtors' or Trustee Debtors' cases or upon dismissal of any of the Voluntary Debtors' or Trustee Debtors' cases.

2.  <u>DIP Financing</u>. Each of the Subject Borrowers is authorized to borrow from Lehman ALI, and Lehman ALI, in it sole discretion, may make available to each of the Subject Borrowers, individual loans (each, a "<u>DIP Loan</u>" and, collectively, the "<u>DIP Loans</u>") in an aggregate amount not to exceed, without the prior written consent of Lehman ALI, which consent may be granted or withheld in Lehman ALI's sole and absolute discretion ("<u>Lehman Consent</u>"), $7.2 million (the "<u>DIP Loan Amount</u>"). For the avoidance of doubt, Lehman ALI is authorized, but not directed, to make the DIP Loans provided for hereunder and hereby retains its sole discretion to make any of the DIP Loans. Without Lehman Consent: (A) the maximum amount of each DIP Loan to each of the Subject Borrowers shall be equal to its 2010/2011 Property Taxes (and any incidental fees or costs relating thereto, *e.g.*, wire or delivery charges (the "<u>Costs</u>"); (B) the DIP Loans shall not be used by any of the respective Subject Borrowers for any purpose other than paying the 2010/2011 Property Taxes and Costs owing on or with respect to real property in which the respective Subject Borrower claims an interest; (C) the Subject Borrowers shall maintain appropriate documentation related to the expenditure of any and all DIP Loan Amounts; (D) the Subject Borrowers shall provide to Lehman ALI, upon its reasonable request, a breakdown of all amounts spent as of the date of the request and provide all documentation relating to the monies spent as of the date of the request; (E) notwithstanding the foregoing, and for the avoidance of doubt, the DIP Loan proceeds shall not be reallocated from one of the Subject Borrowers to another of the Subject Borrowers; (F) funding under the DIP Loans shall only be available through and including April 10, 2011; and (G) any amounts borrowed under the DIP Loans that are not expended by, and remain in the possession of, the Subject Borrowers by April 29, 2011, shall be immediately refunded to Lehman ALI on such date and shall be applied by Lehman ALI to the payment of the accrued and unpaid interest on and then to the repayment of the outstanding principal of the respective DIP Loans to which such unexpended proceeds relate.

3.  <u>Interest</u>. The DIP Loans shall accrue interest at the rate of ten percent (10%) per annum, payable on the Maturity Date (as defined below). There are no other fees associated with the

1  DIP Loans.  All accrued interest on the DIP Loans shall be added to the outstanding principal

2  amount of the DIP Loans and shall be repaid by the Subject Borrowers to Lehman ALI by the

3  Maturity Date.

4        4.      <u>Maturity Date/Plan Treatment</u>.  The Subject Borrowers expressly stipulate and

5  acknowledge that the DIP Loans shall be treated as administrative expenses under the Bankruptcy

6  Code and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of

7  reorganization or liquidation.  The DIP Loans shall be due and payable in full, in cash, without

8  notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in

9  the above-captioned cases (the "<u>Cases</u>"), or, in the event no plan is confirmed in the Cases, the

10  earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "<u>Maturity Date</u>").  For

11  the avoidance of doubt, the Subject Borrowers hereby agree to repay the DIP Loans to Lehman ALI

12  out of the Subject Borrowers' respective available cash from either unencumbered cash or funds

13  provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is "cash

14  collateral" under section 363 of the Bankruptcy Code or subject to a superpriority lien or claim) on

15  the effective date of any plan of reorganization or liquidation and in no event shall Subject

16  Borrowers repay such amounts from the proceeds of the sale of any of the real property owned by

17  the Subject Borrowers in which Lehman ALI or any of the other Lehman Entities then asserts a

18  security interest.

19        5.      <u>DIP Obligations</u>.  This Stipulation constitutes and evidences the validity and binding

20  effect of the DIP Loans, which obligations shall be enforceable against the Subject Borrowers, their

21  estates and any successors thereto, including without limitation, any successor trustee, trustee or

22  other estate representative appointed in the Voluntary Debtors' or Trustee Debtors' cases, or any

23  case under chapter 7 of the Bankruptcy Code upon the conversion of any of the Voluntary Debtors'

24  or Trustee Debtors' cases, or in any other proceedings superseding or related to any of the foregoing.

25  The DIP Loans include all loans, reimbursement obligations, and any other indebtedness or

26  obligations, contingent or absolute, which may now or from time to time be owing by the Subject

27  Borrowers under this Stipulation, including, without limitation, all principal, accrued interest, costs,

28  fees, expenses and other amounts owed pursuant to the DIP Loans.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_NY:22337.4

5

6. <u>DIP Liens and DIP Collateral</u>.  In order to secure the payment of the DIP Loans, Lehman ALI is hereby granted continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected, senior postpetition security interests in and liens (the "<u>DIP Liens</u>") on any and all presently owned and hereafter acquired personal property, real property and other assets of the Subject Borrowers, whether owned or consigned by or to, or leased from or to Subject Borrowers, regardless of where located, including, without limitation, the assets set forth in clauses (a) through (d) below (collectively, the "<u>DIP Collateral</u>"):  (a) all presently owned and hereafter acquired assets of the Subject Borrowers and their estates, and any proceeds and products thereof, including without limitation, accounts, deposit accounts, cash, as-extracted collateral, chattel paper, investment property, letter-of-credit rights, securities accounts, commercial tort claims, investments, instruments, documents, inventory, contract rights, general intangibles, intellectual property, real property, fixtures, goods, equipment and other fixed assets and proceeds and products of all of the foregoing (including insurance proceeds); (b) proceeds of avoidance actions against the Lehman Entities under chapter 5 of the Bankruptcy Code, but only to secure the payment of the following amount of the DIP Loans, plus interest thereon:  the amount equal to the real property taxes paid with the DIP Loan that are paid by an estate (1) entitled to such avoidance action proceeds and (2) for which a lien or claim of a Lehman Entity (for itself or as agent) is set aside or subordinated; <u>provided</u> <u>that</u>, pending a final determination of the status of any such lien or claim of a Lehman Entity, the applicable Lehman Entity shall be entitled to withhold payment of any amount owing in respect of such an avoidance action up to the applicable claim amount; (c) any rights under Section 506(c) of the Bankruptcy Code; and (d) any unencumbered assets of the Subject Borrowers.

7. <u>DIP Lien Priority</u>.  Except with respect to the debtor in possession liens granted to Lehman ALI as set forth in previous stipulations approved by the Court in these cases, all of which remain senior to the DIP Liens, the DIP Liens securing the DIP Loans shall be senior in priority and superior to all other security interests, mortgages, collateral interests, liens or claims on or to any of the DIP Collateral.  Other than as set forth herein, the DIP Liens shall not be made subject to or *pari passu* with any lien or security interest heretofore or hereinafter granted in these cases.  The DIP Liens shall be valid and enforceable against any successor trustee, trustee or other estate

DOCS_NY:22337.4

6

representative appointed in the Trustee Debtors' cases or upon the conversion of any of the Trustee Debtors' cases to a case under chapter 7 of the Bankruptcy Code, and/or upon the dismissal of any of the Trustee Debtors' cases. The DIP Liens shall not be subject to sections 506(c), 510, 549, or 550 of the Bankruptcy Code. No lien or interest avoided and preserved for the benefit of any estate pursuant to section 551 of the Bankruptcy Code shall be made *pari passu* with or senior to the DIP Liens.

8.  Cross-Collateralization and Cross-Defaults. The DIP Liens shall not be cross-collateralized (*i.e.*, each DIP Loan shall be secured by that portion of the DIP Collateral owned by the Subject Borrower to whom such DIP Loan was made) but shall be cross-defaulted such that any default related to any particular DIP Loan or DIP Lien will result in a default with respect to all DIP Loans and DIP Liens.

9.  DIP Superpriority Claim. In order to further secure the payment of the DIP Loans, Lehman ALI is hereby granted, pursuant to section 364(c) (1) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim against the Subject Borrowers (the "DIP Superpriority Claim") for all DIP Loans. Except with respect to (a) the superpriority administrative expense claims granted to Lehman ALI as set forth in previous stipulations approved by the Court in these cases and (b) the paid fees and expenses of the Chapter 11 Trustee and any professionals retained in the Trustee Debtors' cases, all of which shall remain senior to the DIP Superpriority Claim, the DIP Superpriority Claim shall have priority over any and all administrative expenses and unsecured claims against the Subject Borrowers or their estates, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the Subject Borrowers and their estates, any successor trustee or other estate representative to the extent permitted by law, or any other creditor of the Subject Borrowers.

10. Modification of Automatic Stay. The automatic stay imposed under section 362(a) of the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this

DOCS_NY:22337.4

Stipulation, including, without limitation, to: (a) permit the Subject Borrowers to grant the DIP Liens and DIP Superiority Claims; (b) permit the Subject Borrowers to perform such acts as Lehman ALI may request to assure the perfection and priority of the liens granted herein; (c) permit the Subject Borrowers to incur all liabilities and obligations to Lehman ALI in connection with the DIP Loans; (d) authorize the repayment by the Subject Borrowers of the DIP Loans to Lehman ALI and the retention and application of such payments by Lehman ALI in accordance with the terms of this Stipulation; and (e) enable the enforcement, protection and preservation of the DIP Loans, the DIP Liens, the DIP Collateral and all of the rights and remedies with respect thereto or otherwise under this Stipulation.

11. <u>Perfection of DIP Liens</u>. This Stipulation shall be sufficient and conclusive evidence of the validity, perfection, and priority of the DIP Liens without the necessity of filing or recording any financing statement, mortgage, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the DIP Liens, or to entitle Lehman ALI to the priorities granted herein. Notwithstanding the foregoing, Lehman ALI is authorized to file, as it deems necessary or advisable in its sole discretion, such financing statements, mortgages, notices and other instrument or documents to perfect in accordance with applicable non-bankruptcy law or to otherwise evidence the DIP Liens, and all such financing statements, mortgages, notices and other documents shall be deemed to have been filed or recorded as of the commencement of the Trustee Debtors' Cases; <u>provided</u>, <u>however</u>, that no such filing or recordation shall be necessary or required in order to create, evidence or perfect the DIP Liens. The Subject Borrowers are authorized and directed to execute and deliver promptly upon demand to Lehman ALI all such financing statements, mortgages, title insurance policies, notices, instruments, and other documents as Lehman ALI may reasonably request. Lehman ALI, in its sole discretion, may file a photocopy of this Stipulation as a financing statement or notice with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statements, mortgages, notices of lien, instrument, or similar document.

DOCS_NY:22337.4

8

12. <u>Events of Default</u>. The following occurrences shall constitute an "<u>Event of Default</u>" under this Stipulation: (a) failure of the Subject Borrowers to comply with any term of this Stipulation; or (b) the use of the proceeds of DIP Loans other than in strict compliance with the terms of this Stipulation; or (c) the failure to repay the DIP Loans on the Maturity Date.

13. <u>Remedies</u>. Immediately upon the occurrence and during the continuation of an Event of Default, Lehman ALI shall: (a) declare via written notice to counsel for the Subject Borrowers all DIP Loans to be immediately due and payable; (b) terminate, reduce or restrict the use of any of the proceeds of the DIP Loans or any further commitment to extend credit to the Subject Borrowers to the extent any such commitment remains; and/or (c) seek relief from the automatic stay under section 362 of the Bankruptcy Code.

14. <u>Good Faith</u>. Lehman ALI and the Subject Borrowers have acted in good faith in connection with the Stipulation. In accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Stipulation are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, Lehman ALI is entitled to the protections provided in section 364(e) of the Bankruptcy Code. Any such modification, amendment or vacatur shall not affect the extent, validity, perfection, priority, allowability, enforceability or non-avoidability of any advances previously made or made hereunder, or lien, claim or priority granted, perfected, authorized or created hereby. Any liens or claims granted to Lehman ALI hereunder arising prior to the effective date of any such modification, amendment or vacatur of this Stipulation shall be governed in all respects by the original provisions of this Stipulation, including entitlement to all rights, remedies, privileges and benefits granted herein.

15. <u>Section 552(b)</u>. Lehman ALI shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code solely with respect to the DIP Loans.

16. <u>Reservation of Rights</u>. Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein. Specifically, but without limitation, (a) the Parties reserve all rights in all aspects of pending litigation between them, including any matters involving

DOCS_NY:22337.4

9

equitable subordination of the claims and liens held by the Lehman Entities, substantive consolidation of any of the estates in these Cases, or any other action against the Lehman Entities; (b) the Parties further agree that entry into this Stipulation, and extension of the DIP Loans contemplated hereunder, shall not be used in any manner in litigation between or amongst the Parties, whether as, for instance, a basis for or against substantive consolidation or otherwise, and (c) the rights, obligations, waivers, stipulations, agreements or defenses of the Parties among or between or to each other or any of them shall not be affected hereby except to the extent provided herein.

17. <u>No Modification</u>.  Until and unless the DIP Loans have been indefeasibly paid in full in cash to Lehman ALI pursuant to the terms of this Stipulation and all commitments to extend the DIP Loans have been terminated, the Subject Borrowers irrevocably waive the right to seek and shall not seek or consent to, directly or indirectly, without Lehman Consent:  (i) any modification, stay, vacatur or amendment to this Stipulation (and no such consent shall be implied by any other action, inaction or acquiescence of Lehman ALI); or (ii) a priority claim for any administrative expense or unsecured claim against the Subject Borrowers (now existing or hereafter arising of any kind or nature whatsoever, including, without limitation any administrative expense of the kind specified in sections 503(b), 507(a) or 507(b) of the Bankruptcy Code) in the Subject Borrowers' cases or any successor cases equal or superior to the DIP Superpriority Claim; or (iii) any lien on any of the DIP Collateral with priority equal or superior to the DIP Liens, except that, notwithstanding any other provision of this Stipulation, the Subject Borrowers may consent to and seek approval of a lien on any of the DIP Collateral with priority equal or superior to the DIP Liens in the event the Court makes a finding that such lien is necessary to finance costs and expenses associated solely with health and safety issues related to the Subject Borrowers' property.  The Lehman Entities' rights with respect to any such request are hereby reserved.

18. <u>Jurisdiction</u>.  The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

19. <u>Further Cooperation</u>.  The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

DOCS_NY:22337.4

20. <u>Signatures</u>.  This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement.  This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

21. <u>No Admission; No Evidence</u>.  Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party.  Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties.  This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

22. <u>Authority</u>.  Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

23. <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties.  All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

|  |  |
|---|---|
|  | WEIL, GOTSHAL & MANGES LLP |
|  | - and - |
| Dated: November 12, 2010 | PACHULSKI STANG ZIEHL & JONES LLP |
|  | By    */s/ Dean A. Ziehl*<br>Richard M. Pachulski<br>Dean A. Ziehl<br>Robert B. Orgel<br>Attorneys for Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC |
| Dated: November 12, 2010 | THE LOBEL FIRM, LLP |
|  | By    */s/ Mike D. Neue*<br>William N. Lobel<br>Mike D. Neue<br>General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors |

DOCS_NY:22337.4

11

# EXHIBIT A

## July 1, 2010 – June 30, 2011 Real Property Taxes

| Involuntary Debtor/ Property | 1st Installment 12/10/2010 | 2nd Installment 4/10/2011 | Annual Amount |
|---|---|---|---|
| Marblehead – Orange County | $640,117 | $640,117 | $1,280,235 |
| Heartland – Riverside County | $246,471 | $246,471 | $492,942 |
| Oak Knoll – Alameda County | $801,622 | $801,622 | $1,603,244 |
| Del Amo – Los Angeles County | $284,965 | $284,965 | $569,930 |
| Northlake – Los Angeles County | $1,146,001 | $1,146,000 | $2,292,000 |
| OVC – Riverside County | $83,413 | $83,413 | $166,826 |
| Palm Springs Village – Riverside County | $128,874 | $128,874 | $257,749 |
| Delta Coves – Contra Costa County | $216,750 | $216,750 | $433,500 |
| **TOTAL** | **$3,548,213** | **$3,548,212** | **$7,096,425** |



EXHIBIT A

52063-001\DOCS_NY:22431.1

012

| | |
|---|---|
| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 08-17206-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as ***SECOND STIPULATION TO ENABLE TIMELY PAYMENT OF POST-PETITION REAL PROPERTY TAXES BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 362, 363, 364 AND 507, (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY*** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On    November 12, 2010    I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On    November 12, 2010    I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Overnight Delivery]

The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and
United States Courthouse
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on    November 12, 2010    I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 12, 2010 | Melisa DesJardien | /s/ *Melisa DesJardien* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 08-17206-ES |

## I. SERVED BY NEF
**8:08-bk-17206-ES Ntc will be electronically mailed to:**

*(1) Selia M Acevedo for Atty Miller Barondess LLP*
   sacevedo@millerbarondess.com,
   mpritikin@millerbarondess.com;bprocel@millerbarondess.com
*(2) Joseph M Adams for Def The City of San Juan Capistrano*
   jadams@sycr.com
*(3) Raymond H Aver for Debtor Palmdale Hills Property, LLC*
   ray@averlaw.com
*(4) James C Bastian for Cred ARB, Inc.*
   jbastian@shbllp.com
*(5) John A Boyd for Int Pty Oliphant Golf Inc*
   fednotice@tclaw.net
*(6) Mark Bradshaw for Int Pty Courtesy NEF*
   mbradshaw@shbllp.com
*(7) Gustavo E Bravo for Cred Oliphant Golf, Inc.*
   gbravo@smaha.com
*(8) Jeffrey W Broker for Cred Bond Safeguard Ins Co*
   jbroker@brokerlaw.biz
*(9) Brendt C Butler for Cred EMR Residential Properties LLC*
   BButler@rutan.com
*(10) Andrew W Caine for Cred Lehman ALI, Inc.*
   acaine@pszyjw.com
*(11) Carollynn Callari for Cred Danske Bank A/S London Branch*
   ccallari@venable.com
*(12) Dan E Chambers for Cred EMR Residential Properties LLC*
   dchambers@jmbm.com
*(13) Shirley Cho for Cred Lehman ALI, Inc.*
   scho@pszjlaw.com
*(14) Vonn Christenson for Int Pty Courtesy NEF*
   vrc@paynefears.com
*(15) Brendan P Collins for Cred Gray1 CPB, LLC*
   bpcollins@bhfs.com
*(16) Vincent M Coscino for Petitioning Cred CST Environmental Inc*
   vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
*(17) Paul J Couchot for Cred SCC Acquisitions, Inc.*
   pcouchot@winthropcouchot.com,
   pj@winthropcouchot.com;sconnor@winthropcouchot.com
*(18) Jonathan S Dabbieri for Int Pty Courtesy NEF*
   dabbieri@sullivan.com,
   hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
*(19) Ana Damonte for Cred Top Grade Construction, Inc.*
   ana.damonte@pillsburylaw.com
*(20) Vanessa S Davila for Cred Bond Safeguard Ins Co*
   vsd@amclaw.com
*(21) Melissa Davis for Cred City of Orange*
   mdavis@shbllp.com
*(22) Daniel Denny for Int Pty Courtesy NEF*
   ddenny@gibsondunn.com
*(23) Caroline Djang for Cred Lehman ALI, Inc.*
   crd@jmbm.com
*(24) Donald T Dunning for Cred Hertz Equipment Rental Corp*
   ddunning@dunningLaw.com
*(25) Joseph A Eisenberg for Cred Lehman ALI, Inc.*
   jae@jmbm.com
*(26) Lei Lei Wang Ekvall for Atty Weiland Golden Smiley Wang Ekvall & Strok, LLP*
   lekvall@wgllp.com
*(27) Richard W Esterkin for Debtor Palmdale Hills Property, LLC*
   resterkin@morganlewis.com
*(28) Marc C Forsythe for Atty Robert Goe*
   kmurphy@goeforlaw.com
*(29) Alan J Friedman for Atty Irell & Manella LLP*
   afriedman@irell.com
*(30) Steven M Garber for Cred Park West Landscape, Inc*
   steve@smgarberlaw.com
*(31) Christian J Gascou for 3rd Pty Pltf Arch Ins Company*
   cgascou@gascouhopkins.com
*(32) Barry S Glaser for Cred County of Los Angeles*
   bglaser@swjlaw.com
*(33) Robert P Goe for Atty Robert Goe*
   kmurphy@goeforlaw.com,
   rgoe@goeforlaw.com;mforsythe@goeforlaw.com
*(34) Eric D Goldberg for Int Pty Courtesy NEF*
   egoldberg@stutman.com
*(35) Richard H Golubow for Debtor Palmdale Hills Property, LLC*
   rgolubow@winthropcouchot.com, pj@winthropcouchot.com
*(36) Michael J Gomez for Int Pty Central Pacific Bank*
   mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
*(37) Kelly C Griffith for Cred Bond Safeguard Ins Co*
   bkemail@harrisbeach.com
*(38) Matthew Grimshaw for Int Pty City Of Torrance*
   mgrimshaw@rutan.com
*(39) Kavita Gupta for Pltf Palmdale Hills Property, LLC*
   kgupta@winthropcouchot.com
*(40) Asa S Hami for Debtor Palmdale Hills Property, LLC*
   ahami@morganlewis.com
*(41) Michael J Hauser for U.S. Trstee United States Trstee (SA)*
   michael.hauser@usdoj.gov
*(42) D Edward Hays for Cred Villa San Clemente, LLC*
   ehays@marshackhays.com
*(43) Michael C Heinrichs for Int Pty Courtesy NEF*
   mheinrichs@omm.com
*(44) Harry D. Hochman for Cred Lehman ALI, Inc.*
   hhochman@pszjlaw.com, hhochman@pszjlaw.com
*(45) Jonathan M Hoff for 3rd Pty Plt Jt Prov Liquidators of Lehman RE Ltd*
   jonathan.hoff@cwt.com
*(46) Nancy Hotchkiss for Cred Murray Smith & Associates Engineering*
   nhotchkiss@trainorfairbrook.com
*(47) Michelle Hribar for Pltf EMR Residential Properties LLC*
   mhribar@rutan.com
*(48) John J Immordino for Cred Arch Ins Co.*
   john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
*(49) Lawrence A Jacobson for Cred BKF Engineers*
   laj@cohenandjacobson.com
*(50) Michael J Joyce for Int Pty Courtesy NEF*
   mjoyce@crosslaw.com
*(51) Stephen M Judson for Petitioning Cred The Professional Tree Care Co*
   sjudson@fablaw.com
*(52) David I Katzen for Int Pty Bethel Island Muni Improvement District*
   katzen@ksfirm.com
*(53) Christopher W Keegan for Cred SC Master Holdings II LLC*
   ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com
*(54) Payam Khodadadi for Debtor Palmdale Hills Property, LLC*
   pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
*(55) Irene L Kiet for Cred BNB Engineering, Inc.*
   ikiet@hkclaw.com
*(56) Mark J Krone for Cred Bond Safeguard Ins Co*
   mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
*(57) Leib M Lerner for Cred Steiny and Company, Inc.*
   leib.lerner@alston.com
*(58) Peter W Lianides for Debtor Palmdale Hills Property, LLC*
   plianides@winthropcouchot.com, pj@winthropcouchot.com
*(59) Charles Liu for Debtor Palmdale Hills Property, LLC*
   cliu@winthropcouchot.com
*(60) Kerri A Lyman for Atty Irell & Manella LLP*
   klyman@irell.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                    **F 9013-3.1.PROOF.SERVICE**

| In re: | | CHAPTER 11 |
|---|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | | |
| | Debtor(s). | CASE NUMBER 08-17206-ES |

*(61) Mariam S Marshall for Cred RGA Environmental, Inc.
   mmarshall@marshallramoslaw.com*
*(62) Robert C Martinez for Cred TC Construction Company, Inc
   rmartinez@mclex.com*
*(63) Michael D May for Cred R.J. Noble Co.
   mdmayesq@verizon.net*
*(64) Hutchison B Meltzer for Cred Committee Joint Committee of Creds Holding Unsecured Claims
   hmeltzer@wgllp.com*
*(65) Krikor J Meshefejian for Int Pty Courtesy NEF
   kjm@lnbrb.com*
*(66) Joel S. Miliband for Cred RBF CONSULTING
   jmiliband@rusmiliband.com*
*(67) James M Miller for Atty Miller Barondess LLP
   jmiller@millerbarondess.com*
*(68) Louis R Miller for Pltf Palmdale Hills Property, LLC
   smiller@millerbarondess.com*
*(69) Mike D Neue for Atty The Lobel Firm, LLP
   mneue@thelobelfirm.com,
   jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com*
*(70) Robert Nida for Cred Kirk Negrete, Inc
   Rnida@castlelawoffice.com*
*(71) Henry H Oh for 3rd Pty Pltf Joint Provisional Liquidators of Lehman RE Ltd
   henry.oh@dlapiper.com, janet.curley@dlapiper.com*
*(72) Sean A Okeefe for Debtor Palmdale Hills Property, LLC
   sokeefe@okeefelc.com*
*(73) Robert B Orgel for Cred Lehman ALI, Inc.
   rorgel@pszjlaw.com, rorgel@pszjlaw.com*
*(74) Malhar S Pagay for Cred Lehman ALI, Inc.
   mpagay@pszjlaw.com, mpagay@pszjlaw.com*
*(75) Penelope Parmes for Cred EMR Residential Properties LLC
   pparmes@rutan.com*
*(76) Ronald B Pierce for Cred Griffith Company
   ronald.pierce@sdma.com*
*(77) Katherine C Piper for Int Pty New Anaverde LLC
   kpiper@steptoe.com*
*(78) Cassandra J Richey for Cred Patricia I Volkerts, as Trstee, et al
   cmartin@pprlaw.net*
*(79) James S Riley for Cred Sierra Liquidity Fund, LLC
   tgarza@sierrafunds.com*
*(80) Debra Riley for Int Pty City of Palmdale
   driley@allenmatkins.com*
*(81) Todd C. Ringstad for Int Pty Courtesy NEF
   becky@ringstadlaw.com*

*(82) Martha E Romero for Cred San Bernardino County Tax Collector
   Romero@mromerolawfirm.com*
*(83) Ronald Rus for Cred SunCal Management, LLC
   rrus@rusmiliband.com*
*(84) John P Schafer for Cred LB/L-DUC III Bethel Island, LLC
   jps@mandersonllp.com*
*(85) John E Schreiber for Def Fenway Capital, LLC
   jschreiber@dl.com*
*(86) William D Schuster for Cred HD Supply Construction Supply LTD
   bills@allieschuster.org*
*(87) Christopher P Simon for Int Pty Courtesy NEF
   csimon@crosslaw.com*
*(88) Wendy W Smith for Cred Castaic Union School District
   wendy@bindermalter.com*
*(89) Steven M Speier (TR)
   Sspeier@asrmanagement.com, ca85@ecfcbis.com*
*(90) Steven M Speier for Trstee Steven Speier (TR)
   Sspeier@Squarmilner.com, ca85@ecfcbis.com*
*(91) Michael St James for Cred MBH Architects, Inc.
   ecf@stjames-law.com*
*(92) James E Till for Trstee Steven Speier (TR)
   jtill@thelobelfirm.com,
   jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com*
*(93) United States Trstee (SA)
   ustpregion16.sa.ecf@usdoj.gov*
*(94) Carol G Unruh for Cred Scott E. McDaniel
   cgunruh@sbcglobal.net*
*(95) Jason Wallach for Int Pty Courtesy NEF
   jwallach@gladstonemichel.com*
*(96) Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
   , kim.johnson@kattenlaw.com*
*(97) Christopher T Williams for Cred Danske Bank A/S London Branch
   ctwilliams@venable.com, jcontreras@venable.com*
*(98) Marc J Winthrop for Debtor Palmdale Hills Property, LLC
   mwinthrop@winthropcouchot.com, pj@winthropcouchot.com*
*(99) David M Wiseblood for Cred Bethel Island Muni Improvement District
   dwiseblood@seyfarth.com*
*(100)   Brett K Wiseman for Cred JF Shea Construction Inc
   bwiseman@aalaws.com*
*(101)   Dean A Ziehl for Counter-Def LV Pacific Point LLC
   dziehl@pszjlaw.com, dziehl@pszjlaw.com*
*(102)   Marc A. Zimmerman for Cred Life Church of God in Christ
   joshuasdaddy@att.net*

**III. SERVED BY E-MAIL**

(1) Gen'l Counsel for Voluntary Debtors:
    Paul Couchot - pcouchot@winthropcouchot.com
    Marc J Winthrop - pj@winthropcouchot.com
    Paul Lianides - plianides@winthropcouchot.com
(2) Debtors (Palmdale Hills Property, LLC and related entities):
    bcook@suncal.com
(3) Counsel for SunCal Management:
    Ronald Rus – rrus@rusmiliband.com
(4) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
    Louis Miller - smiller@millerbarondess.com
    Martin Pritikin – mpritikin@millerbarondess.com
(5) Gen'l Counsel for Ch. 11 Trustee (Speier):
    William Lobel - wlobel@thelobelfirm.com
    Mike Neue – mneue@thelobelfirm.com
(6) Ch. 11 Trustee (c/o Squar Milner):
    Steven N. Speier - sspeier@squarmilner.com;
    ca85@ecfcbis.com

(7) Counsel for Voluntary Debtors' Committee:
    Alan Friedman - afriedman@irell.com
    Kerri A Lyman - klyman@irell.com
(8) Counsel for Trustee Debtors' Committee:
    Lei Lei Wang Ekvall - lekvall@wgllp.com
    Hutchison B Meltzer - hmeltzer@wgllp.com
(9) Office of the United States Trustee:
    Michael Hauser - michael.hauser@usdoj.gov

Edward Soto - Edward.soto@weil.com;
odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Clay Roesch – clay.roesch@weil.com
Chauncey Cole – chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Joseph A Eisenberg - jae@jmbm.com
Mark McKane - mark.mckane@kirkland.com
Atty for Bond Safeguard & Lexon - mea@amclaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                               **F 9013-3.1.PROOF.SERVICE**