Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California  90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Shai Waisman (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Counsel for Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors, Jointly Administered Debtors and Debtors-In-Possession.<br><br>Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC<br>☐ LB-L-SunCal Oak Valley, LLC<br>☐ SunCal Heartland, LLC<br>☐ LB-L-SunCal Northlake, LLC<br>☐ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☐ SunCal PSV, LLC<br>☐ Delta Coves Venture, LLC<br>☐ SunCal Torrance, LLC<br>☒ SunCal Oak Knoll, LLC | Case No.: 8:08-bk-17206-ES<br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**AMENDED SECOND STIPULATION BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507: (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING; (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY (SUNCAL OAK KNOLL, LLC ONLY)**<br><br>**Final Hearing:**<br>Date:  December 17, 2010<br>Time:  10:00 a.m.<br>Place:  Courtroom 5A |

This amended second stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman ALI"), on the one hand, and the chapter 11 trustee (the "Chapter 11 Trustee") on behalf of SunCal Oak Knoll LLC ("SunCal Oak Knoll" or the "Borrower"), on the other hand. Lehman ALI, the Chapter 11 Trustee and the Borrower (together, the "Parties") hereby enter into this Stipulation and agree as follows:

**RECITALS**

WHEREAS, on November 6, 7 and 19, 2008, the Voluntary Debtors[1] filed their respective voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code"). The Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors.[2]

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

WHEREAS, on or about January 15, 2009, the Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Chapter 11 Trustee for the Trustee Debtors.

WHEREAS, Lehman ALI, Northlake Holdings LLC, OVC Holdings LLC, and Lehman Commercial Paper Inc. (collectively, the "Lehman Entities") assert secured claims against the

---

[1] The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio Land, LLC (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

[2] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). The Voluntary Debtors and Trustee Debtors are referred to collectively herein as the Debtors.

Debtors in excess of $2.0 billion.  Included within the scope of the collateral pledged to the Lehman Entities is certain real and personal property owned by the Borrower and pledged to Lehman ALI.

WHEREAS, on April 2, 2009, Lehman ALI, the Voluntary Debtors, and the Chapter 11 Trustee, by and through their counsel, entered into that certain Stipulation with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary (the "April 2009 Financing Stipulation") affecting certain of the Voluntary Debtors and certain of the Trustee Debtors as set forth specifically therein.  The April 2009 Financing Stipulation was approved by the Court by the entry of an order on April 17, 2009.

WHEREAS, Lehman ALI and certain of its affiliates, on the one hand, and the Chapter 11 Trustee, on the other hand, subsequently have entered into at least the following additional stipulations providing for debtor-in-possession financing and/or consent to use of cash collateral, as applicable:

(a) Stipulation Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent Necessary, by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated December 7, 2009 (the "December 2009 Financing Stipulation"), and approved on an interim basis by the entry of an order on November 20, 2009 and on a final basis by the entry of an order on December 17, 2009;

(b) Stipulation Authorizing Use Of Cash Collateral and Approving Financing For Covered Professional Expenses and Granting Administrative Expense Claims, by and among Lehman ALI, Northlake Holdings, and OVC Holdings, on the one hand, and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, on the other hand, dated December 8, 2009, and approved on an interim basis by the entry of an interim order on October 15, 2009 and on a final basis by the entry of an order on December 17, 2009;

(c) Stipulation By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant

To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary, by and between Lehman ALI and the Chapter 11 Trustee on behalf of SunCal Oak Knoll, LLC, dated December 7, 2010 (the "<u>First SunCal Oak Knoll Financing Stipulation</u>"), and approved by the entry of an order on January 5, 2010;

(d) Stipulation to Enable Timely Payment of Post-Petition Real Property Taxes By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary, by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated April 7, 2010, and approved on an interim basis by the entry of an order on April 8, 2010 and on a final basis by the entry of an order on April 27, 2010; and

(e) Stipulation By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated April 22, 2010, and approved on a final basis by the entry of an order on June 11, 2010.

WHEREAS, real property owned by the Borrower, commonly referred to as the Oak Knoll project (the "<u>Oak Knoll Project</u>"), is subject to various notices of public health and safety violations and conditions for which the cost of remediating the violations recited therein was estimated to cost approximately $6 million and the City of Oakland issued an order to abate on June 12, 2009.

WHEREAS, the Chapter 11 Trustee obtained emergency funding from Lehman ALI of approximately $550,000 for the SunCal Oak Knoll Project allocable to urgent health and safety costs under the December 2009 Financing Stipulation.

WHEREAS, on December 8, 2009, Lehman ALI and the Chapter 11 Trustee, on behalf of

1  SunCal Oak Knoll, filed the First SunCal Oak Knoll Financing Stipulation, pursuant to which

2  Lehman ALI agreed to make a secured loan to the Chapter 11 Trustee in an aggregate amount not to

3  exceed $4,400,000.00, (i) $3,701,700.00 of which was to be used by the Chapter 11 Trustee solely

4  for the purpose of paying the costs and expenses related to the abatement, demolition and securing of

5  the hospital structure and of certain outbuildings and related structures located at the SunCal Oak

6  Knoll Project to be performed by CST Environmental, Inc. ("CST Environmental") and

7  (ii) $698,300.00 of which was to be used by SunCal Oak Knoll for the purpose of paying CST

8  Environmental as a critical vendor with respect to prepetition services relating to the SunCal Oak

9  Knoll Project performed by CST Environmental.

10  WHEREAS, as contemplated by the SunCal Oak Knoll Financing Stipulation, the Chapter 11

11  Trustee and CST entered into that certain Abatement and Demolition Agreement, dated as of

12  March 5, 2010 (the "CST Abatement Agreement"), pursuant to which CST Environmental was to

13  perform certain abatement, demolition and removal of existing structures and improvements located

14  on the SunCal Oak Knoll Project, as described more fully in such agreement, which CST Abatement

15  Agreement was approved by the Bankruptcy Court by the entry of an order on May 3, 2010.

16  WHEREAS, although the work contemplated under the initial budget for remedying the

17  aforementioned violations is substantially complete, there remain certain residual tasks with respect

18  thereto, including certain clean up efforts for which the Chapter 11 Trustee and Lehman ALI now

19  have agreed upon a budget, which they seek to fund through a loan from Lehman ALI as provided

20  hereinbelow.

21  NOW THEREFORE, in consideration of the mutual covenants contained herein, and other

22  good and valuable consideration (the receipt and sufficiency of which are acknowledged by the

23  parties), it is hereby stipulated and agreed by and between the Parties as follows:

24  **AGREEMENT**

25  1.  Court Approval.  The provisions of this Stipulation are subject to approval of the

26  Court and shall have no force and effect until approved by the Court.  Immediately upon entry of an

27  order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the

28  contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure

to the benefit of Lehman ALI, the Borrower, the other Lehman Entities, all other creditors of the Borrower, the Official Committee of Unsecured Creditors appointed in the Trustee Debtors' cases, and all other parties in interest and their respective successors and assigns, including any successor trustee, trustee or other fiduciary hereafter appointed in any of the Trustee Debtors' cases or upon dismissal of any of the Trustee Debtors' cases.

2.  DIP Financing.  Borrower is authorized to borrow from Lehman ALI, and Lehman ALI shall make available to Borrower, a loan (the "DIP Loan") in an aggregate amount not to exceed $2,169,800.00 (the "DIP Loan Amount"), which shall be used by the Borrower solely for the purpose of paying the costs and expenses related to the abatement, demolition, securing and cleanup of the hospital structure and of certain outbuildings and related structures located on the Oak Knoll Project.  The Borrower shall maintain appropriate documentation related to the expenditure of any and all of the DIP Loan Amount.  The Borrower shall provide to Lehman ALI, upon its reasonable request, a breakdown of all amounts spent as of the date of the request and provide all documentation relating to the monies spent as of the date of the request.  Funding under the DIP Loan shall only be available through and including December 15, 2010; provided that such date may be extended without Court approval upon the consent of Lehman ALI in its sole discretion.  No later than January 15, 2011, any amounts borrowed under the DIP Loan that are not expended by, and remain in the possession of, the Borrower after the availability thereof for use has terminated shall be immediately refunded to Lehman ALI and shall be applied by Lehman ALI to the payment of the accrued and unpaid interest on and then to the repayment of the outstanding principal of the DIP Loan; provided that such date may be extended without Court approval upon the consent of Lehman ALI in its sole discretion.

3.  Interest.  The DIP Loan shall accrue interest at the rate of ten percent (10%) per annum, payable on the Maturity Date (as defined below).  There are no other fees associated with the DIP Loan.  All accrued interest on the DIP Loan shall be added to the outstanding principal amount of the DIP Loan and shall be repaid by the Borrower to Lehman ALI by the Maturity Date.

4.  Maturity Date/Plan Treatment.  The Chapter 11 Trustee and Borrower expressly stipulate and acknowledge that the DIP Loan shall be treated as an administrative expense under the

Bankruptcy Code and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation. The DIP Loan shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the above-captioned cases (the "Cases"), or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "Maturity Date").

5.  **DIP Obligations.** This Stipulation constitutes and evidences the validity and binding effect of the DIP Loan, which obligations shall be enforceable against the Borrower, its estate and any successors thereto, including without limitation, any successor trustee, trustee or other estate representative appointed in the Trustee Debtors' Cases, or any case under chapter 7 of the Bankruptcy Code upon the conversion of any of the Trustee Debtors' Cases, or in any other proceedings superseding or related to any of the foregoing. The DIP Loan includes all loans, reimbursement obligations, and any other indebtedness or obligations, contingent or absolute, which may now or from time to time be owing by the Borrower under this Stipulation, including, without limitation, all principal, accrued interest, costs, fees, expenses and other amounts owed pursuant to the DIP Loan.

6.  **DIP Liens and DIP Collateral.** In order to secure the payment of the DIP Loan, Lehman ALI is hereby granted continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected, senior postpetition security interests in and liens (the "DIP Liens") on any and all presently owned and hereafter acquired personal property, real property and other assets of Borrower, whether owned or consigned by or to, or leased from or to Borrower, regardless of where located, including, without limitation, the assets set forth in clauses (1) through (4) below (collectively, the "DIP Collateral"): (1) all presently owned and hereafter acquired assets of the Borrower and its estate, and any proceeds and products thereof, including without limitation, accounts, deposit accounts, cash, as-extracted collateral, chattel paper, investment property, letter-of-credit rights, securities accounts, commercial tort claims, investments, instruments, documents, inventory, contract rights, general intangibles, intellectual property, real property, fixtures, goods, equipment and other fixed assets and proceeds and products of all of the foregoing (including

insurance proceeds); (2) proceeds of avoidance actions against the Lehman Entities under chapter 5 of the Bankruptcy Code; (3) any rights under Section 506(c) of the Bankruptcy Code; and (4) any unencumbered assets of the Borrower.

7. <u>DIP Lien Priority</u>.  Except with respect to any liens granted to Lehman ALI in connection with post-petition loans made by Lehman ALI to the Borrower, which remain senior to the DIP Liens, the DIP Liens securing the DIP Loans shall be senior in priority and superior to all other security interests, mortgages, collateral interests, liens or claims on or to any of the DIP Collateral.  Other than as set forth herein, the DIP Liens shall not be made subject to or *pari passu* with any lien or security interest heretofore or hereinafter granted in these cases.  The DIP Liens shall be valid and enforceable against any successor trustee, trustee or other estate representative appointed in the Trustee Debtors' Cases or upon the conversion of any of the Trustee Debtors' Cases to a case under chapter 7 of the Bankruptcy Code, and/or upon the dismissal of any of the Trustee Debtors' Cases.  The DIP Liens shall not be subject to sections 506(c), 510, 549, or 550 of the Bankruptcy Code.  No lien or interest avoided and preserved for the benefit of any estate pursuant to section 551 of the Bankruptcy Code shall be made *pari passu* with or senior to the DIP Liens.

8. <u>DIP Superpriority Claim</u>.  In order to further secure the payment of the DIP Loan, Lehman ALI is hereby granted, pursuant to section 364(c)(1) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim against the Borrower (the "<u>DIP Superpriority Claim</u>") for the DIP Loan.  Except with respect to any superpriority claims granted to Lehman ALI in connection with post-petition loans made by Lehman ALI to the Borrower and paid fees and expenses of the Chapter 11 Trustee and any professionals retained by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors in the Trustee Debtors' Cases, which shall remain senior to the DIP Superpriority Claim, the DIP Superpriority Claim shall have priority over any and all administrative expenses and unsecured claims against the Borrower or its estate, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the Borrower and its estate, any

successor trustee or other estate representative to the extent permitted by law, or any other creditor of the Borrower.

9. <u>Modification of Automatic Stay</u>.  The automatic stay imposed under section 362(a) of the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this Stipulation, including, without limitation, to:  (a) permit the Borrower to grant the DIP Liens and DIP Superpriority Claim; (b) permit the Borrower to perform such acts as Lehman ALI may request to assure the perfection and priority of the liens granted herein; (c) permit the Borrower to incur all liabilities and obligations to Lehman ALI in connection with the DIP Loan; (d) authorize the repayment by the Borrower of the DIP Loan to Lehman ALI and the retention and application of such payments by Lehman ALI in accordance with the terms of this Stipulation; and (e) enable the enforcement, protection and preservation of the DIP Loan, the DIP Liens, the DIP Collateral and all of the rights and remedies with respect thereto or otherwise under this Stipulation.

10. <u>Perfection of DIP Liens</u>.  This Stipulation shall be sufficient and conclusive evidence of the validity, perfection, and priority of the DIP Liens without the necessity of filing or recording any financing statement, mortgage, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the DIP Liens, or to entitle Lehman ALI to the priorities granted herein.  Notwithstanding the foregoing, Lehman ALI is authorized to file, as it deems necessary or advisable in its sole discretion, such financing statements, mortgages, notices and other instrument or documents to perfect in accordance with applicable non-bankruptcy law or to otherwise evidence the DIP Liens, and all such financing statements, mortgages, notices and other documents shall be deemed to have been filed or recorded as of the commencement of the Trustee Debtors' Cases; <u>provided</u>, <u>however</u>, that no such filing or recordation shall be necessary or required in order to create, evidence or perfect the DIP Liens.  The Borrower is authorized and directed to execute and deliver promptly upon demand to Lehman ALI all such financing statements, mortgages, title insurance policies, notices, instruments, and other documents as Lehman ALI may reasonably request.  Lehman ALI, in its sole discretion, may file a photocopy of this Stipulation as a

financing statement or notice with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statements, mortgages, notices of lien, instrument, or similar document.

11. <u>Events of Default</u>.  The following occurrences shall constitute an "<u>Event of Default</u>" under this Stipulation:  (a) failure of the Borrower to comply with any term of this Stipulation; or (b) the use of the proceeds of DIP Loan other than in strict compliance with the terms of this Stipulation; or (c) the failure to repay the DIP Loan on the Maturity Date.

12. <u>Remedies</u>.  Immediately upon the occurrence and during the continuation of an Event of Default, Lehman ALI shall be entitled to: (a) declare, via written notice to counsel for the Chapter 11 Trustee, the DIP Loan to be immediately due and payable; (b) terminate, reduce or restrict the use of any of the proceeds of the DIP Loan or any further commitment to extend credit to the Borrower to the extent any such commitment remains; and/or (c) seek relief from the automatic stay under section 362 of the Bankruptcy Code.

13. <u>Good Faith</u>.  Lehman ALI and the Borrower have acted in good faith in connection with the Stipulation.  In accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Stipulation are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, Lehman ALI is entitled to the protections provided in section 364(e) of the Bankruptcy Code.  Any such modification, amendment or vacatur shall not affect the extent, validity, perfection, priority, allowability, enforceability or non-avoidability of any advances previously made or made hereunder, or lien, claim or priority granted, perfected, authorized or created hereby.  Any liens or claims granted to Lehman ALI hereunder arising prior to the effective date of any such modification, amendment or vacatur of this Stipulation shall be governed in all respects by the original provisions of this Stipulation, including entitlement to all rights, remedies, privileges and benefits granted herein.

14. <u>Section 552(b)</u>.  Solely with respect to the DIP Loan, Lehman ALI shall be entitled under this Stipulation to all of the rights and benefits of section 552(b) of the Bankruptcy Code.

15. <u>Reservation of Rights</u>.  Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any

rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein. Specifically, the Parties do not address by this Stipulation and reserve from the matters addressed by this Stipulation all rights in all aspects of pending litigation between them, including any matters involving equitable subordination of the claims and liens held by the Lehman Entities, substantive consolidation of any of the estates in these Cases, or any other action against the Lehman Entities. The Parties further agree that entry into this Stipulation, and extension of the DIP Loan contemplated hereunder, shall not be used in any manner in litigation amongst the Parties (other than a proceeding to enforce the terms of this Stipulation or a right or interest granted under this Stipulation), whether as, for instance, a basis for or against substantive consolidation or otherwise.

16. <u>No Modification</u>. Until and unless the DIP Loan has been indefeasibly paid in full, in cash, to Lehman ALI pursuant to the terms of this Stipulation and all commitments to extend the DIP Loan have been terminated, the Borrower irrevocably waives the right to seek and shall not seek or consent to, directly or indirectly, without the prior written consent of Lehman ALI (which consent may be granted or withheld in Lehman ALI's sole and absolute discretion) (i) any modification, stay, vacatur or amendment to this Stipulation (and no such consent shall be implied by any other action, inaction or acquiescence of Lehman ALI); or (ii) a priority claim for any administrative expense or unsecured claim against the Borrower (now existing or hereafter arising of any kind or nature whatsoever, including, without limitation any administrative expense of the kind specified in sections 503(b), 507(a) or 507(b) of the Bankruptcy Code) in its case or any successor case equal or superior to the DIP Superpriority Claim; or (iii) any lien on any of the DIP Collateral with priority equal or superior to the DIP Liens.

17. <u>Jurisdiction</u>. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

18. <u>Further Cooperation</u>. The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

19. <u>Signatures</u>. This Stipulation may be signed in any number of counterparts (and by

each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement. This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

20.    <u>Compromise</u>.  Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party.  Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties.  This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation or any right or interest granted under this Stipulation.

21.    <u>Authority</u>.  Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

22.    <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties.  All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

|  |  |
|---|---|
|  | WEIL, GOTSHAL & MANGES LLP |
|  | - and - |
| Dated: December 16, 2010 | PACHULSKI STANG ZIEHL & JONES LLP |
|  | By    */s/ Dean A. Ziehl* |
|  | Richard M. Pachulski<br>Dean A. Ziehl |
|  | Attorneys for Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC |
| Dated: December 16, 2010 | THE LOBEL FIRM, LLP |
|  | By    */s/ Mike D. Neue* |
|  | William N. Lobel<br>Mike D. Neue |
|  | General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors |

| In re: PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, Debtor(s). | CHAPTER 11 CASE NUMBER 08-17206-ES |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **AMENDED SECOND STIPULATION BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507: (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING; (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY (SUNCAL OAK KNOLL, LLC ONLY)** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____December 16, 2010_____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____December 16, 2010_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Hand Delivery]
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

(1) Gen'l Counsel for Voluntary Debtors:
    Paul Couchot - pcouchot@winthropcouchot.com
    Marc J Winthrop - pj@winthropcouchot.com
    Paul Lianides - plianides@winthropcouchot.com
(2) Debtors (Palmdale Hills Property, LLC and related entities):
    bcook@suncal.com
(3) Counsel for SunCal Management:
    Ronald Rus – rrus@rusmiliband.com
(4) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
    Louis Miller - smiller@millerbarondess.com
    Martin Pritikin – mpritikin@millerbarondess.com
(5) Gen'l Counsel for Ch. 11 Trustee (Speier):
    William Lobel - wlobel@thelobelfirm.com
    Mike Neue – mneue@thelobelfirm.com
(6) Ch. 11 Trustee (c/o Squar Milner):
    Steven N. Speier - sspeier@squarmilner.com; ca85@ecfcbis.com
(7) Office of the United States Trustee:
    Michael Hauser - michael.hauser@usdoj.gov

(8) Counsel for Voluntary Debtors' Committee:
    Alan Friedman - afriedman@irell.com
    Kerri A Lyman - klyman@irell.com
(9) Counsel for Trustee Debtors' Committee:
    Lei Lei Wang Ekvall - lekvall@wgllp.com
    Hutchison B Meltzer - hmeltzer@wgllp.com

Edward Soto - Edward.soto@weil.com; odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Clay Roesch – clay.roesch@weil.com
Chauncey Cole – chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Joseph A Eisenberg - jae@jmbm.com
Mark McKane - mark.mckane@kirkland.com
Atty for Bond Safeguard & Lexon - mea@amclaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 16, 2010 | Melisa DesJardien | /s/ Melisa DesJardien |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                          F 9013-3.1.PROOF.SERVICE

| In re: PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, Debtor(s). | CHAPTER 11 CASE NUMBER 08-17206-ES |
|---|---|

## I. SERVED BY NEF

**8:08-bk-17206-ES Notice will be electronically mailed to:**

(1) Selia M Acevedo for Attorney Miller Barondess LLP
sacevedo@millerbarondess.com,
mpritikin@millerbarondess.com;bprocel@millerbarondess.com

(2) Joseph M Adams for Defendant The City of San Juan Capistrano
jadams@sycr.com

(3) Raymond H Aver for Debtor Palmdale Hills Property, LLC
ray@averlaw.com

(4) James C Bastian for Creditor ARB, Inc.
jbastian@shbllp.com

(5) John A Boyd for Interested Party Oliphant Golf Inc
fednotice@tclaw.net

(6) Mark Bradshaw for Interested Party Courtesy NEF
mbradshaw@shbllp.com

(7) Gustavo E Bravo for Creditor Oliphant Golf, Inc.
gbravo@smaha.com

(8) Jeffrey W Broker for Creditor Bond Safeguard Insurance Co
jbroker@brokerlaw.biz

(9) Brendt C Butler for Creditor EMR Residential Properties LLC
BButler@rutan.com

(10) Andrew W Caine for Creditor Lehman ALI, Inc.
acaine@pszyjw.com

(11) Carollynn Callari for Creditor Danske Bank A/S London Branch
ccallari@venable.com

(12) Dan E Chambers for Creditor EMR Residential Properties LLC
dchambers@jmbm.com

(13) Shirley Cho for Creditor Lehman ALI, Inc.
scho@pszjlaw.com

(14) Vonn Christenson for Interested Party Courtesy NEF
vrc@paynefears.com

(15) Brendan P Collins for Creditor Gray1 CPB, LLC
bpcollins@bhfs.com

(16) Vincent M Coscino for Petitioning Creditor CST Environmental Inc
vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

(17) Paul J Couchot for Creditor SCC Acquisitions, Inc.
pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;sconnor@winthropcouchot.com

(18) Jonathan S Dabbieri for Interested Party Courtesy NEF
dabbieri@sullivan.com,
hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com

(19) Ana Damonte for Creditor Top Grade Construction, Inc.
ana.damonte@pillsburylaw.com

(20) Vanessa S Davila for Creditor Bond Safeguard Insurance Co
vsd@amclaw.com

(21) Melissa Davis for Creditor City of Orange
mdavis@shbllp.com

(22) Daniel Denny for Interested Party Courtesy NEF
ddenny@gibsondunn.com

(23) Caroline Djang for Creditor Lehman ALI, Inc.
crd@jmbm.com

(24) Donald T Dunning for Creditor Hertz Equipment Rental Corporation
ddunning@dunningLaw.com

(25) Joseph A Eisenberg for Creditor Lehman ALI, Inc.
jae@jmbm.com

(26) Lei Lei Wang Ekvall for Attorney Weiland Golden Smiley Wang Ekvall & Strok, LLP
lekvall@wgllp.com

(27) Richard W Esterkin for Debtor Palmdale Hills Property, LLC
resterkin@morganlewis.com

(28) Marc C Forsythe for Attorney Robert Goe
kmurphy@goeforlaw.com

(29) Alan J Friedman for Attorney Irell & Manella LLP
afriedman@irell.com

(30) Steven M Garber for Creditor Park West Landscape, Inc
steve@smgarberlaw.com

(31) Christian J Gascou for 3rd Party Plaintiff Arch Insurance Company
cgascou@gascouhopkins.com

(32) Barry S Glaser for Creditor County of Los Angeles
bglaser@swjlaw.com

(33) Robert P Goe for Attorney Robert Goe
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;mforsythe@goeforlaw.com

(34) Eric D Goldberg for Interested Party Courtesy NEF
egoldberg@stutman.com

(35) Richard H Golubow for Debtor Palmdale Hills Property, LLC
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

(36) Michael J Gomez for Interested Party Central Pacific Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

(37) Kelly C Griffith for Creditor Bond Safeguard Insurance Co
bkemail@harrisbeach.com

(38) Matthew Grimshaw for Interested Party City Of Torrance
mgrimshaw@rutan.com

(39) Kavita Gupta for Plaintiff Palmdale Hills Property, LLC
kgupta@winthropcouchot.com

(40) Asa S Hami for Debtor Palmdale Hills Property, LLC
ahami@morganlewis.com

(41) Michael J Hauser for U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

(42) D Edward Hays for Creditor Villa San Clemente, LLC
ehays@marshackhays.com

(43) Michael C Heinrichs for Interested Party Courtesy NEF
mheinrichs@omm.com

(44) Harry D. Hochman for Creditor Lehman ALI, Inc.
hhochman@pszjlaw.com, hhochman@pszjlaw.com

(45) Jonathan M Hoff for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
jonathan.hoff@cwt.com

(46) Nancy Hotchkiss for Creditor Murray Smith & Associates Engineering
nhotchkiss@trainorfairbrook.com

(47) Michelle Hribar for Plaintiff EMR Residential Properties LLC
mhribar@rutan.com

(48) John J Immordino for Creditor Arch Insurance Co.
john.immordino@wilsonelser.com,
raquel.burgess@wilsonelser.com

(49) Lawrence A Jacobson for Creditor BKF Engineers
laj@cohenandjacobson.com

(50) Michael J Joyce for Interested Party Courtesy NEF
mjoyce@crosslaw.com

(51) Stephen M Judson for Petitioning Creditor The Professional Tree Care Co
sjudson@fablaw.com

(52) Kaleb L Judy for Defendant Zim Industries, Inc. dba Bakersfield Well & Pump
ecf@kleinlaw.com

(53) David I Katzen for Interested Party Bethel Island Municipal Improvement District
katzen@ksfirm.com

(54) Christopher W Keegan for Creditor SC Master Holdings II LLC
ckeegan@kirkland.com,
gdupre@kirkland.com;alevin@kirkland.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**F 9013-3.1.PROOF.SERVICE**

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, Debtor(s). | CASE NUMBER 08-17206-ES |

*(55)* Payam Khodadadi for Debtor Palmdale Hills Property, LLC
pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

*(56)* Irene L Kiet for Creditor BNB Engineering, Inc.
ikiet@hkclaw.com

*(57)* Mark J Krone for Creditor Bond Safeguard Insurance Co
mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

*(58)* David B Lally for Defendant Contracting Engineers, Inc.
davidlallylaw@gmail.com

*(59)* Leib M Lerner for Creditor Steiny and Company, Inc.
leib.lerner@alston.com

*(60)* Peter W Lianides for Debtor Palmdale Hills Property, LLC
plianides@winthropcouchot.com, pj@winthropcouchot.com

*(61)* Charles Liu for Debtor Palmdale Hills Property, LLC
cliu@winthropcouchot.com

*(62)* Kerri A Lyman for Attorney Irell & Manella LLP
klyman@irell.com

*(63)* Mariam S Marshall for Creditor RGA Environmental, Inc.
mmarshall@marshallramoslaw.com

*(64)* Robert C Martinez for Creditor TC Construction Company, Inc
rmartinez@mclex.com

*(65)* Michael D May for Creditor R.J. Noble Co.
mdmayesq@verizon.net

*(66)* Hutchison B Meltzer for Creditor Committee Joint Committee of Creditors Holding Unsecured Claims
hmeltzer@wgllp.com

*(67)* Krikor J Meshefejian for Interested Party Courtesy NEF
kjm@lnbrb.com

*(68)* Joel S. Miliband for Creditor RBF CONSULTING
jmiliband@rusmiliband.com

*(69)* James M Miller for Attorney Miller Barondess LLP
jmiller@millerbarondess.com

*(70)* Louis R Miller for Plaintiff Palmdale Hills Property, LLC
smiller@millerbarondess.com

*(71)* Randall P Mroczynski for Defendant Bob McGrann Construction, Inc.
randym@cookseylaw.com

*(72)* Mike D Neue for Attorney The Lobel Firm, LLP
mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

*(73)* Robert Nida for Creditor Kirk Negrete, Inc
Rnida@castlelawoffice.com

*(74)* Henry H Oh for 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd
henry.oh@dlapiper.com, janet.curley@dlapiper.com

*(75)* Sean A Okeefe for Debtor Palmdale Hills Property, LLC
sokeefe@okeefelc.com

*(76)* Robert B Orgel for Creditor Lehman ALI, Inc.
rorgel@pszjlaw.com, rorgel@pszjlaw.com

*(77)* Malhar S Pagay for Creditor Lehman ALI, Inc.
mpagay@pszjlaw.com, mpagay@pszjlaw.com

*(78)* Penelope Parmes for Creditor EMR Residential Properties LLC
pparmes@rutan.com

*(79)* Ronald B Pierce for Creditor Griffith Company
ronald.pierce@sdma.com

*(80)* Katherine C Piper for Interested Party New Anaverde LLC
kpiper@steptoe.com

*(81)* Cassandra J Richey for Creditor Patricia I Volkerts, as Trustee
cmartin@pprlaw.net

*(82)* James S Riley for Creditor Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

*(83)* Debra Riley for Interested Party City of Palmdale
driley@allenmatkins.com

*(84)* Todd C. Ringstad for Interested Party Courtesy NEF
becky@ringstadlaw.com

*(85)* R Grace Rodriguez for Defendant O&B Equipment, Inc.
ecf@lorgr.com

*(86)* Martha E Romero for Creditor San Bernardino County Tax Collector
Romero@mromerolawfirm.com

*(87)* Ronald Rus for Creditor SunCal Management, LLC
rrus@rusmiliband.com

*(88)* John P Schafer for Creditor LB/L-DUC III Bethel Island, LLC
jps@mandersonllp.com

*(89)* John E Schreiber for Defendant Fenway Capital, LLC
jschreiber@dl.com

*(90)* William D Schuster for Creditor HD Supply Construction Supply LTD
bills@allieschuster.org

*(91)* Christopher P Simon for Interested Party Courtesy NEF
csimon@crosslaw.com

*(92)* Wendy W Smith for Creditor Castaic Union School District
wendy@bindermalter.com

*(93)* Steven M Speier (TR)
Sspeier@asrmanagement.com, ca85@ecfcbis.com

*(94)* Steven M Speier for Trustee Steven Speier (TR)
Sspeier@Squarmilner.com, ca85@ecfcbis.com

*(95)* Michael St James for Creditor MBH Architects, Inc.
ecf@stjames-law.com

*(96)* Michael K Sugar for Creditor Committee Official Committee of Unsecured Creditors
msugar@irell.com

*(97)* James E Till for Trustee Steven Speier (TR)
jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

*(98)* United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

*(99)* Carol G Unruh for Creditor Scott E. McDaniel
cgunruh@sbcglobal.net

*(100)* Jason Wallach for Interested Party Courtesy NEF
jwallach@gladstonemichel.com

*(101)* Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
, kim.johnson@kattenlaw.com

*(102)* Christopher T Williams for Creditor Danske Bank A/S London Branch
ctwilliams@venable.com, jcontreras@venable.com

*(103)* Marc J Winthrop for Debtor Palmdale Hills Property, LLC
mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

*(104)* David M Wiseblood for Creditor Bethel Island Municipal Improvement District
dwiseblood@seyfarth.com

*(105)* Brett K Wiseman for Creditor JF Shea Construction Inc
bwiseman@aalaws.com

*(106)* Dean A Ziehl for Counter-Defendant LV Pacific Point LLC
dziehl@pszjlaw.com, dziehl@pszjlaw.com

*(107)* Marc A. Zimmerman for Creditor Life Church of God in Christ
joshuasdaddy@att.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**