Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Shai Waisman (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Counsel for Lehman ALI, Inc., Northlake Holdings LLC and
OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession. | Case No.: 8:08-bk-17206-ES<br><br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES |
| Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC<br>☒ LB-L-SunCal Oak Valley, LLC | Chapter 11<br><br>**STIPULATION OF DECEMBER 2010 BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507, (1) APPROVING** |

52063-001\DOCS_NY:22908.4

1

| | |
|---|---|
| ☒ SunCal Heartland, LLC<br>☒ LB-L-SunCal Northlake, LLC<br>☒ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☒ SunCal PSV, LLC<br>☒ Delta Coves Venture, LLC<br>☒ SunCal Torrance, LLC<br>☒ SunCal Oak Knoll, LLC | **SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**<br><br>**Hearing Date:**<br>Date:    January 20, 2011<br>Time:    10:30 a.m.<br>Place:   Courtroom 5A |

This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman ALI"),[1] on the one hand, and the chapter 11 trustee (the "Chapter 11 Trustee") on behalf of certain of the Trustee Debtors[2] affected by this Stipulation (collectively, the "Subject Borrowers"), on the other hand. Lehman ALI and the Chapter 11 Trustee for the Subject Borrowers (together, the "Parties") hereby enter into this Stipulation and agree as follows:

## RECITALS

WHEREAS, on November 6, 7 and 19, 2008, the Voluntary Debtors[3] filed their respective voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code"). The

---

[1] Lehman ALI shall refer to Lehman ALI on behalf of itself, both individually and collectively, as purported lenders, and as purported agents for all lenders under the applicable loan documents, including, without limitation, as purported agent for Fenway Capital, LLC. Notwithstanding anything to the contrary contained herein, Lehman ALI does not concede that it is "purported" lender or agent as to the loan(s) or any particular loan, and reserves all of its rights in connection therewith.

[2] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES) ("SunCal Oak Knoll"). For the avoidance of doubt, this Stipulation does not affect SunCal Century City.

[3] The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES). The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

52063-001\DOCS_NY:22908.4

Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors.

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

WHEREAS, on or about January 15, 2009, the Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Chapter 11 Trustee for the Trustee Debtors.

WHEREAS, Lehman ALI, Northlake Holdings LLC ("Northlake Holdings"), and OVC Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI and Northlake Holdings for purposes of this Stipulation, the "Lehman Entities") and Lehman Commercial Paper Inc. ("LCPI") assert secured claims against the Debtors in excess of $2.0 billion. Included within the scope of the collateral pledged to the Lehman Entities is certain real and personal property owned by the estates of the Subject Borrowers.

WHEREAS, on April 2, 2009, Lehman ALI, the Voluntary Debtors, and the Chapter 11 Trustee for the Trustee Debtors, by and through their counsel, entered into that certain *Stipulation with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the "April 2009 Financing Stipulation") affecting certain of the Voluntary Debtors and certain of the Trustee Debtors as set forth specifically therein. The April 2009 Financing Stipulation was approved by the Court by the entry of an order on April 17, 2009.

WHEREAS, Lehman ALI and certain of its affiliates, on the one hand, and the Chapter 11 Trustee, on the other hand, subsequently have entered into at least the following additional stipulations providing for debtor in possession financing and/or consent to use of cash collateral, as applicable: (a) *Stipulation Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving Senior*

*Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent Necessary*, by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated December 7, 2009 (the "December 2009 Financing Stipulation"), and approved on an interim basis by the entry of an order on November 20, 2009 and on a final basis by the entry of an order on December 17, 2009; (b) *Stipulation Authorizing Use Of Cash Collateral and Approving Financing For Covered Professional Expenses and Granting Administrative Expense Claims*, by and among Lehman ALI, Northlake Holdings, and OVC Holdings, on the one hand, and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, on the other hand, dated December 8, 2009 (the "Joint Funding Stipulation"), and approved by the entry of an order on December 17, 2009; (c) *Stipulation By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary*, by and between Lehman ALI and the Chapter 11 Trustee on behalf of SunCal Oak Knoll, dated December 7, 2009 (the "First Oak Knoll Financing Stipulation"), and approved by the entry of an order on January 5, 2009; (d) the *Stipulation to Enable Timely Payment of Post-Petition Real Property Taxes By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the "First Tax Financing Stipulation"), by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated April 7, 2010, and approved on an interim basis by the entry of an order on April 8, 2010 and on a final basis by the entry of an order on April 27, 2010; (e) *Stipulation Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent Necessary*, by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated April 22, 2010 (the "April 2010

Financing Stipulation"), and approved on a final basis by the entry of an order on June 11, 2010; (f) *Second Stipulation By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary (SunCal Oak Knoll, LLC Only)* ("Second Oak Knoll Financing Stipulation"), by and between Lehman ALI and the Chapter 11 Trustee on behalf of SunCal Oak Knoll, dated October 6, 2010, and approved on an interim basis by the entry of an order on October 29, 2010; (g) *Stipulation Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent Necessary*, by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated October 6, 2010 ("August 2010 Financing Stipulation"), and approved on an interim basis by the entry of an order on October 29, 2010; and (h) the *Second Stipulation to Enable Timely Payment of Post-Petition Real Property Taxes By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the "Second Tax Financing Stipulation"), by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated November 12, 2010, and approved on a final basis by the entry of an order on December 9, 2010.

NOW THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is hereby stipulated and agreed by and between the Parties as follows:

**AGREEMENT**

1. Court Approval. The provisions of this Stipulation are subject to approval of the Court and shall have no force and effect until approved by the Court. Immediately upon entry of an order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure

52063-001\DOCS_NY:22908.4

to the benefit of Lehman ALI, the Chapter 11 Trustee, the Subject Borrowers, the other Lehman Entities, all other creditors of the Trustee Debtors, the Official Committee of Unsecured Creditors appointed in the Trustee Debtors' cases, and all other parties in interest and their respective successors and assigns, including any successor trustee, trustee or other fiduciary hereafter appointed in any of the Trustee Debtors' cases or upon dismissal of any of the Trustee Debtors' cases.

2.  DIP Financing. The Chapter 11 Trustee is authorized to borrow from Lehman ALI for each Subject Borrower, and Lehman ALI, in its sole and absolute discretion, may make available to the Chapter 11 Trustee for each Subject Borrower, individual loans (each, a "DIP Loan" and, collectively, the "DIP Loans") in an aggregate amount not to exceed $5,200,000.00 (the "DIP Loan Amount"), the proceeds of which, absent the prior written consent of Lehman ALI, shall be used by the Chapter 11 Trustee for the applicable Subject Borrower solely for purposes of paying the costs and expenses attributable to the estate of each such Subject Borrower as set forth in periodic budgets to be provided by the Chapter 11 Trustee to Lehman ALI and approved by Lehman ALI in its sole and absolute discretion (the "Budgets," as such Budgets may be revised or amended with the written consent of Lehman ALI, which consent may be granted or withheld in Lehman ALI's sole and absolute discretion). For the avoidance of doubt, (a) each DIP Loan provided for hereunder is conditioned upon the prior approval of an applicable Budget by Lehman ALI in its sole and absolute discretion, and (b) Lehman ALI hereby retains the right and option, to be exercised in Lehman ALI's sole and absolute discretion, not to make the DIP Loans, or any of them, for any reason whatsoever or no reason at all, including without limitation that Lehman ALI does not approve an applicable Budget. Nothing contained herein is intended to nor shall it constitute or create any obligation on the part of Lehman ALI to make any DIP Loan. The maximum amount of each DIP Loan to the Chapter 11 Trustee for each Subject Borrower shall be equal to the amount in the applicable Budget for the respective costs and expenses as set forth in the Budget for the applicable Subject Borrower. To the extent that DIP Loans are made by Lehman ALI, the Chapter 11 Trustee shall use the DIP Loan proceeds for each Subject Borrower as directed by the Budgets and shall maintain appropriate documentation related to the expenditure of any and all proceeds of the DIP Loans. The Chapter 11 Trustee for each Subject Borrower shall provide to Lehman ALI, upon Lehman ALI's reasonable

52063-001\DOCS_NY:22908.4

request, a breakdown of all amounts spent as of the date of the request and provide all documentation relating to the monies spent as of the date of the request. The Budgets, once approved by Lehman ALI, shall not be modified without the prior written consent of Lehman ALI, provided that, so long as the aggregate amount of the Budget for a Subject Borrower is not exceeded, the Chapter 11 Trustee may spend up to 105% of the amount of any particular line item for that Subject Borrower in a Budget (other than any line item for management fees). Notwithstanding the foregoing, and for the avoidance of doubt, the DIP Loan proceeds shall not be reallocated from one Subject Borrower to another Subject Borrower, without the prior written consent of Lehman ALI, which consent may be granted or withheld in Lehman ALI's sole and absolute discretion. Funding under the DIP Loans shall only be available through and including August 15, 2011; provided that such date may be extended without Court approval to no later than December 31, 2011 upon the consent of Lehman ALI in its sole and absolute discretion. Forty-five (45) days after the expiration of the period covered by a Budget (or at such later time to which Lehman ALI hereafter consents in writing in its sole and absolute discretion), any amounts borrowed under the DIP Loans that are not expended by, and remain in the possession of, the Subject Borrowers shall be immediately refunded to Lehman ALI on such date (except to the extent such amounts are allocable to another Budget for the same Subject Borrower, which Budget has been approved by Lehman ALI) and shall be applied by Lehman ALI to the payment of the accrued and unpaid interest on, and then to the repayment of the outstanding principal of, the respective DIP Loans (being first applied, to the extent determinable, to the DIP Loan to which such unexpended proceeds relate).

3. <u>DIP Loan Interest</u>. The DIP Loans shall accrue interest at the rate of ten percent (10%) per annum, payable on the DIP Loan Maturity Date (as defined below). There are no other fees associated with the DIP Loans. All accrued interest on the DIP Loans shall be added to the outstanding principal amount of the DIP Loans and shall be repaid by the Subject Borrowers to Lehman ALI by the Maturity Date.

4. <u>Maturity Date/Plan Treatment of DIP Loans</u>. The Subject Borrowers expressly stipulate and acknowledge that the DIP Loans shall be treated as administrative expenses under the Bankruptcy Code and, as such, must be paid in full, in cash, on the effective date of any confirmed

plan of reorganization or liquidation. The DIP Loans shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the above-captioned cases (the "Cases"), or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "DIP Loan Maturity Date"). For the avoidance of doubt, the Subject Borrowers hereby agree to repay the DIP Loans to Lehman ALI out of the Subject Borrowers' respective available cash from either unencumbered cash or funds provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is "cash collateral" under section 363 of the Bankruptcy Code or subject to a superpriority lien or claim) on the effective date of any plan of reorganization or liquidation and in no event shall Subject Borrowers repay such amounts from the proceeds of the sale of any of the real property owned by the Subject Borrowers in which Lehman ALI or any of the other Lehman Entities asserts a security interest.

5.   DIP Obligations. This Stipulation constitutes and evidences the validity and binding effect of the DIP Loans, which obligations shall be enforceable against the Subject Borrowers, their estates and any successors thereto, including without limitation, any successor trustee, trustee or other estate representative appointed in the Trustee Debtors' Cases, or any case under chapter 7 of the Bankruptcy Code upon the conversion of any of the Trustee Debtors' Cases, or in any other proceedings superseding or related to any of the foregoing. The DIP Loans include all loans, reimbursement obligations, and any other indebtedness or obligations, contingent or absolute, which may now or from time to time be owing by the Subject Borrowers under this Stipulation, including, without limitation, all principal, accrued interest, costs, fees, expenses and other amounts owed pursuant to the DIP Loans.

6.   DIP Liens and DIP Collateral. In order to secure the payment of the DIP Loans, Lehman ALI is hereby granted continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected, senior postpetition security interests in and liens (the "DIP Liens") on any and all presently owned and hereafter acquired personal property, real property and other assets of Subject Borrowers, whether owned or consigned by or to, or leased from or to the Subject Borrowers, regardless of where located, including, without limitation, the assets set forth in

52063-001\DOCS_NY:22908.4

clauses (1) through (4) below (collectively, the "DIP Collateral"): (1) all presently owned and hereafter acquired assets of the Subject Borrowers and their estates, and any proceeds and products thereof, including without limitation, accounts, deposit accounts, cash, as-extracted collateral, chattel paper, investment property, letter-of-credit rights, securities accounts, commercial tort claims, investments, instruments, documents, inventory, contract rights, general intangibles, intellectual property, real property, fixtures, goods, equipment and other fixed assets and proceeds and products of all of the foregoing (including insurance proceeds); (2) proceeds of avoidance actions against the Lehman Entities under chapter 5 of the Bankruptcy Code; (3) any rights under Section 506(c) of the Bankruptcy Code; and (4) any unencumbered assets of the Subject Borrowers.

7. **DIP Lien Priority.** Except with respect to the debtor in possession liens granted to Lehman ALI as set forth in (a) paragraph 8 of the April 2009 Financing Stipulation, (b) paragraph 8 of the December 2009 Financing Stipulation, (c) paragraph 7 of the First Oak Knoll Financing Stipulation, (d) paragraph 8 of the First Tax Financing Stipulation, (e) paragraph 6 of the April 2010 Financing Stipulation, (f) paragraph 7 of the Second Oak Knoll Financing Stipulation, (g) paragraph 7 of the August 2010 Financing Stipulation, and (h) paragraph 7 of the Second Tax Financing Stipulation, all of which remain senior to the DIP Liens, the DIP Liens securing the DIP Loans shall be senior in priority and superior to all other security interests, mortgages, collateral interests, liens or claims on or to any of the DIP Collateral. Other than as set forth herein, the DIP Liens shall not be made subject to or *pari passu* with any lien or security interest heretofore or hereinafter granted in these cases. The DIP Liens shall be valid and enforceable against any successor trustee, trustee or other estate representative appointed in the Trustee Debtors' Cases or upon the conversion of any of the Trustee Debtors' Cases to a case under chapter 7 of the Bankruptcy Code, and/or upon the dismissal of any of the Trustee Debtors' Cases. The DIP Liens shall not be subject to sections 506(c), 510, 549, or 550 of the Bankruptcy Code. No lien or interest avoided and preserved for the benefit of any estate pursuant to section 551 of the Bankruptcy Code shall be made *pari passu* with or senior to the DIP Liens.

8. **Cross-Collateralization and Cross-Defaults.** The DIP Liens shall not be cross-collateralized (*i.e.*, each DIP Loan shall be secured by that portion of the DIP Collateral owned by

1  the Subject Borrower to whom such DIP Loan was made) but shall be cross-defaulted such that any

2  default related to any particular DIP Loan or DIP Lien will result in a default with respect to all DIP

3  Loans and DIP Liens.

4          9.        <u>DIP Superpriority Claim</u>.  In order to further secure the payment of the DIP Loans,

5  Lehman ALI is hereby granted, pursuant to section 364(c)(1) and 507(b) of the Bankruptcy Code, an

6  allowed superpriority administrative expense claim against the Subject Borrowers (the "<u>DIP

7  Superpriority Claim</u>") for all DIP Loans.  Except with respect to: (a) the superpriority administrative

8  expense claims granted to Lehman ALI as set forth in (i) paragraph 11 of the April 2009 Financing

9  Stipulation, (ii) paragraph 11 of the December 2009 Financing Stipulation, (iii) paragraph 9 of the

10  First Oak Knoll Financing Stipulation, (iv) paragraph 10 of the First Tax Financing Stipulation,

11  (v) paragraph 9 of the April 2010 Financing Stipulation, (vi) paragraph 8 of the Second Oak Knoll

12  Financing Stipulation, (vii) paragraph 9 of the August 2010 Financing Stipulation, and (viii)

13  paragraph 9 of the Second Tax Financing Stipulation; (b) the administrative expense claims granted

14  to Lehman ALI as set forth in paragraph 4 of the Joint Funding Stipulation; and (c) paid fees and

15  expenses of the Chapter 11 Trustee and any professionals retained by the Chapter 11 Trustee and the

16  Official Committee of Unsecured Creditors in the Trustee Debtors' Cases, all of which shall remain

17  senior to the DIP Superpriority Claim, the DIP Superpriority Claim shall have priority over any and

18  all administrative expenses and unsecured claims against the Subject Borrowers or their estates, at

19  any time existing or arising, of any kind or nature whatsoever, including, without limitation,

20  administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330,

21  331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by

22  law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the

23  Subject Borrowers and their estates, any successor trustee or other estate representative to the extent

24  permitted by law, or any other creditor of the Subject Borrowers.

25          10.       <u>Perfection of DIP Liens</u>.  This Stipulation shall be sufficient and conclusive evidence

26  of the validity, perfection, and priority of the DIP Liens without the necessity of filing or recording

27  any financing statement, mortgage, notice, or other instrument or document which may otherwise be

28  required under the law or regulation of any jurisdiction or the taking of any other action (including,

52063-001\DOCS_NY:22908.4

10

for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the DIP Liens, or to entitle Lehman ALI to the priorities granted herein. Notwithstanding the foregoing, Lehman ALI is authorized to file, as it deems necessary or advisable in its sole and absolute discretion, such financing statements, mortgages, notices and other instrument or documents to perfect in accordance with applicable non-bankruptcy law or to otherwise evidence the DIP Liens, and all such financing statements, mortgages, notices and other documents shall be deemed to have been filed or recorded as of the commencement of the Trustee Debtors' Cases; _provided_, _however_, that no such filing or recordation shall be necessary or required in order to create, evidence or perfect the DIP Liens. The Subject Borrowers are authorized and directed to execute and deliver promptly upon demand to Lehman ALI all such financing statements, mortgages, title insurance policies, notices, instruments, and other documents as Lehman ALI may reasonably request. Lehman ALI, in its sole and absolute discretion, may file a photocopy of this Stipulation as a financing statement or notice with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statements, mortgages, notices of lien, instrument, or similar document.

11. <u>Modification of Automatic Stay</u>. The automatic stay imposed under section 362(a) of the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this Stipulation, including, without limitation, to: (a) permit the Subject Borrowers to grant the DIP Liens and DIP Superpriority Claims; (b) permit the Subject Borrowers to perform such acts as Lehman ALI may request to assure the perfection and priority of the liens granted herein; (c) permit the Subject Borrowers to incur all liabilities and obligations to Lehman ALI in connection with the DIP Loans; (d) authorize the repayment by the Subject Borrowers of the DIP Loans to Lehman ALI and the retention and application of such payments by Lehman ALI in accordance with the terms of this Stipulation; and (e) enable the enforcement, protection and preservation of the DIP Loans, the DIP Liens, the DIP Collateral and all of the rights and remedies with respect thereto or otherwise under this Stipulation.

12. <u>Events of Default</u>. The following occurrences shall constitute an "<u>Event of Default</u>" under this Stipulation: (a) failure of the Subject Borrowers to comply with any term of this

Stipulation; or (b) the use of the proceeds of DIP Loans other than in strict compliance with the Budget or the terms of this Stipulation; or (c) the failure to repay the DIP Loans on the DIP Loan Maturity Date.

13. <u>Remedies</u>.  Immediately upon the occurrence and during the continuation of an Event of Default, Lehman ALI shall: (a) declare via written notice to counsel for the Chapter 11 Trustee all DIP Loans to be immediately due and payable; (b) terminate, reduce or restrict the use of any of the proceeds of the DIP Loans or any further commitment to extend credit to the Subject Borrowers to the extent any such commitment remains; and/or (c) seek relief from the automatic stay under section 362 of the Bankruptcy Code.

14. <u>Good Faith</u>.  Lehman ALI and the Subject Borrowers have acted in good faith in connection with the Stipulation.  In accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Stipulation are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, Lehman ALI is entitled to the protections provided in section 364(e) of the Bankruptcy Code with respect to the DIP Loans.  Any such modification, amendment or vacatur shall not affect the extent, validity, perfection, priority, allowability, enforceability or non-avoidability of any advances previously made or made hereunder, or lien, claim or priority granted, perfected, authorized or created hereby.  Any liens or claims granted to Lehman ALI hereunder arising prior to the effective date of any such modification, amendment or vacatur of this Stipulation shall be governed in all respects by the original provisions of this Stipulation, including entitlement to all rights, remedies, privileges and benefits granted herein.

15. <u>Section 552(b)</u>.  Lehman ALI shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code solely with respect to the DIP Loans.

16. <u>Reservation of Rights</u>.  Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein.  Specifically, but without limitation, (a) the Parties reserve all rights in all aspects of pending litigation between them, including any matters involving equitable subordination of the claims and liens held by the Lehman Entities, substantive

52063-001\DOCS_NY:22908.4

consolidation of any of the estates in these Cases, or any other action against the Lehman Entities, (b) the Parties further agree that entry into this Stipulation and the extension of the DIP Loans contemplated hereunder, shall not be used in any manner in litigation between or amongst the Parties, whether as, for instance, a basis for or against substantive consolidation or otherwise, and (c) the rights, obligations, waivers, stipulations, agreements or defenses of the Parties among or between or to each other or any of them shall not be affected hereby except to the extent provided herein.

17. <u>No Modification</u>.  Until and unless the DIP Loans have been indefeasibly paid in full in cash to Lehman ALI pursuant to the terms of this Stipulation and all commitments to extend the DIP Loans have been terminated, the Subject Borrowers irrevocably waive the right to seek and shall not seek or consent to, directly or indirectly, without the prior written consent of Lehman ALI (which consent may be granted or withheld in Lehman ALI's sole and absolute discretion) (i) any modification, stay, vacatur or amendment to this Stipulation (and no such consent shall be implied by any other action, inaction or acquiescence of Lehman ALI); or (ii) a priority claim for any administrative expense or unsecured claim against the Subject Borrowers (now existing or hereafter arising of any kind or nature whatsoever, including, without limitation any administrative expense of the kind specified in sections 503(b), 507(a) or 507(b) of the Bankruptcy Code) in the Trustee Debtors' Cases or any successor cases equal or superior to the DIP Superpriority Claim; or (iii) any lien on any of the DIP Collateral with priority equal or superior to the DIP Liens, except that, notwithstanding any other provision of this Stipulation, the Subject Borrowers may consent to and seek approval of a lien on any of the DIP Collateral with priority equal or superior to the DIP Liens in the event the Court makes a finding that such lien is necessary to finance costs and expenses associated solely with health and safety issues related to the Subject Borrowers' property.  The Lehman Entities' rights with respect to any such request are hereby reserved.

18. <u>Jurisdiction</u>.  The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

19. <u>Further Cooperation</u>.  The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

52063-001\DOCS_NY:22908.4

20. <u>Signatures</u>.  This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement.  This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

21. <u>No Admission; No Evidence</u>.  Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party.  Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties.  This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

22. <u>Authority</u>.  Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

23. <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties.  All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

|  |  |
|---|---|
|  | WEIL, GOTSHAL & MANGES LLP |
|  | - and - |
| Dated:   December 30, 2010 | PACHULSKI STANG ZIEHL & JONES LLP |
|  | By   */s/ Dean A. Ziehl*<br>Richard M. Pachulski<br>Dean A. Ziehl<br>Attorneys for Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC |
| Dated:   December 30, 2010 | THE LOBEL FIRM, LLP |
|  | By   */s/ Mike D. Neue*<br>William N. Lobel<br>Mike D. Neue<br>General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors |

52063-001\DOCS_NY:22908.4

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | CASE NUMBER 08-17206-ES |
| Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as ***STIPULATION OF DECEMBER 2010 BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507, (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY*** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ___December 30, 2010___ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ___December 30, 2010___ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*
JUDGE'S COPY [Overnight Delivery]
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___December 30, 2010___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

(1) Gen'l Counsel for Voluntary Debtors:
    Paul Couchot - pcouchot@winthropcouchot.com
    Marc J Winthrop - pj@winthropcouchot.com
    Paul Lianides - plianides@winthropcouchot.com
(2) Debtors (Palmdale Hills Property, LLC and related entities):
    bcook@suncal.com
(3) Counsel for SunCal Management:
    Ronald Rus – rrus@rusmiliband.com
(4) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
    Louis Miller - smiller@millerbarondess.com
    Martin Pritikin – mpritikin@millerbarondess.com
(5) Gen'l Counsel for Ch. 11 Trustee (Speier):
    William Lobel - wlobel@thelobelfirm.com
    Mike Neue – mneue@thelobelfirm.com
(6) Ch. 11 Trustee (c/o Squar Milner):
    Steven N. Speier - sspeier@squarmilner.com; ca85@ecfcbis.com
(7) Office of the United States Trustee:
    Michael Hauser - michael.hauser@usdoj.gov

(8) Counsel for Voluntary Debtors' Committee:
    Alan Friedman - afriedman@irell.com
    Kerri A Lyman - klyman@irell.com
(9) Counsel for Trustee Debtors' Committee:
    Lei Lei Wang Ekvall - lekvall@wgllp.com
    Hutchison B Meltzer - hmeltzer@wgllp.com

Edward Soto - Edward.soto@weil.com; odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Clay Roesch – clay.roesch@weil.com
Chauncey Cole – chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Joseph A Eisenberg - jae@jmbm.com
Mark McKane - mark.mckane@kirkland.com
Atty for Bond Safeguard & Lexon - mea@amclaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 30, 2010 | Melisa DesJardien | /s/ *Melisa DesJardien* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, Debtor(s). | CASE NUMBER 08-17206-ES |

## I. SERVED BY NEF

**8:08-bk-17206-ES Notice will be electronically mailed to:**

(1) Selia M Acevedo for Atty Miller Barondess LLP
sacevedo@millerbarondess.com,
mpritikin@millerbarondess.com;bprocel@millerbarondess.com

(2) Joseph M Adams for Def The City of San Juan Capistrano
jadams@sycr.com

(3) Raymond H Aver for Debtor Palmdale Hills Property, LLC
ray@averlaw.com

(4) James C Bastian for Cred ARB, Inc.
jbastian@shbllp.com

(5) Thomas Scott Belden for Def Zim Industries, Inc. dba Bakersfield Well & Pump
sbelden@kleinlaw.com, ecf@kleinlaw.com

(6) John A Boyd for Int Pty Oliphant Golf Inc
fednotice@tclaw.net

(7) Mark Bradshaw for Int Pty Courtesy NEF
mbradshaw@shbllp.com

(8) Gustavo E Bravo for Cred Oliphant Golf, Inc.
gbravo@smaha.com

(9) Jeffrey W Broker for Cred Bond Safeguard Ins Co
jbroker@brokerlaw.biz

(10) Brendt C Butler for Cred EMR Residential Properties LLC
BButler@rutan.com

(11) Andrew W Caine for Cred Lehman ALI, Inc.
acaine@pszyjw.com

(12) Carollynn Callari for Cred Danske Bank A/S London Branch
ccallari@venable.com

(13) Dan E Chambers for Cred EMR Residential Properties LLC
dchambers@jmbm.com

(14) Shirley Cho for Cred Lehman ALI, Inc.
scho@pszjlaw.com

(15) Vonn Christenson for Int Pty Courtesy NEF
vrc@paynefears.com

(16) Brendan P Collins for Cred Gray1 CPB, LLC
bpcollins@bhfs.com

(17) Vincent M Coscino for Petitioning Cred CST Environmental Inc
vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

(18) Paul J Couchot for Cred SCC Acquisitions, Inc.
pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;sconnor@winthropcouchot.com

(19) Jonathan S Dabbieri for Int Pty Courtesy NEF
dabbieri@sullivan.com,
hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com

(20) Ana Damonte for Cred Top Grade Construction, Inc.
ana.damonte@pillsburylaw.com

(21) Vanessa S Davila for Cred Bond Safeguard Ins Co
vsd@amclaw.com

(22) Melissa Davis for Cred City of Orange
mdavis@shbllp.com

(23) Daniel Denny for Int Pty Courtesy NEF
ddenny@gibsondunn.com

(24) Caroline Djang for Cred Lehman ALI, Inc.
crd@jmbm.com

(25) Donald T Dunning for Cred Hertz Equipment Rental Corp
ddunning@dunningLaw.com

(26) Joseph A Eisenberg for Cred Lehman ALI, Inc.
jae@jmbm.com

(27) Lei Lei Wang Ekvall for Atty Weiland Golden Smiley Wang Ekvall & Strok, LLP
lekvall@wgllp.com

(28) Richard W Esterkin for Debtor Palmdale Hills Property, LLC
resterkin@morganlewis.com

(29) Marc C Forsythe for Atty Robert Goe
kmurphy@goeforlaw.com

(30) Alan J Friedman for Atty Irell & Manella LLP
afriedman@irell.com

(31) Steven M Garber for Cred Park West Landscape, Inc
steve@smgarberlaw.com

(32) Christian J Gascou for 3rd Party Pltf Arch Ins Co
cgascou@gascouhopkins.com

(33) Barry S Glaser for Cred County of Los Angeles
bglaser@swjlaw.com

(34) Robert P Goe for Atty Robert Goe
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;mforsythe@goeforlaw.com

(35) Eric D Goldberg for Int Pty Courtesy NEF
egoldberg@stutman.com

(36) Richard H Golubow for Debtor Palmdale Hills Property, LLC
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

(37) Michael J Gomez for Int Pty Central Pacific Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

(38) Kelly C Griffith for Cred Bond Safeguard Ins Co
bkemail@harrisbeach.com

(39) Matthew Grimshaw for Int Pty City Of Torrance
mgrimshaw@rutan.com

(40) Kavita Gupta for Pltf Palmdale Hills Property, LLC
kgupta@winthropcouchot.com

(41) Asa S Hami for Debtor Palmdale Hills Property, LLC
ahami@morganlewis.com

(42) Michael J Hauser for U.S. Trustee U.S. Trstee (SA)
michael.hauser@usdoj.gov

(43) D Edward Hays for Cred Villa San Clemente, LLC
ehays@marshackhays.com

(44) Michael C Heinrichs for Int Pty Courtesy NEF
mheinrichs@omm.com

(45) Harry D. Hochman for Cred Lehman ALI, Inc.
hhochman@pszjlaw.com, hhochman@pszjlaw.com

(46) Jonathan M Hoff for 3rd Party Pltf Joint Provisional Liquidators of Lehman RE Ltd
jonathan.hoff@cwt.com

(47) Nancy Hotchkiss for Cred Murray Smith & Associates Engineering
nhotchkiss@trainorfairbrook.com

(48) Michelle Hribar for Pltf EMR Residential Properties LLC
mhribar@rutan.com

(49) John J Immordino for Cred Arch Ins Co.
john.immordino@wilsonelser.com,
raquel.burgess@wilsonelser.com

(50) Lawrence A Jacobson for Cred BKF Engineers
laj@cohenandjacobson.com

(51) Michael J Joyce for Int Pty Courtesy NEF
mjoyce@crosslaw.com

(52) Stephen M Judson for Petitioning Cred The Prof Tree Care Co
sjudson@fablaw.com

(53) Kaleb L Judy for Def Zim Ind, Inc. dba Bakersfield Well & Pump
ecf@kleinlaw.com

(54) David I Katzen for Int Pty Bethel Island Muni Imp Dist
katzen@ksfirm.com

(55) Christopher W Keegan for Cred SC Master Holdings II LLC
ckeegan@kirkland.com,
gdupre@kirkland.com;alevin@kirkland.com

(56) Payam Khodadadi for Debtor Palmdale Hills Property, LLC
pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

(57) Irene L Kiet for Cred BNB Engineering, Inc.
ikiet@hkclaw.com

(58) Mark J Krone for Cred Bond Safeguard Ins Co
mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | CASE NUMBER 08-17206-ES |
| Debtor(s). | |

*(59)* David B Lally for Def Contracting Engineers, Inc.
davidlallylaw@gmail.com

*(60)* Leib M Lerner for Cred Steiny and Co, Inc.
leib.lerner@alston.com

*(61)* Peter W Lianides for Debtor Palmdale Hills Property, LLC
plianides@winthropcouchot.com, pj@winthropcouchot.com

*(62)* Charles Liu for Debtor Palmdale Hills Property, LLC
cliu@winthropcouchot.com

*(63)* Kerri A Lyman for Atty Irell & Manella LLP
klyman@irell.com

*(64)* Mariam S Marshall for Cred RGA Environmental, Inc.
mmarshall@marshallramoslaw.com

*(65)* Robert C Martinez for Cred TC Construction Co, Inc
rmartinez@mclex.com

*(66)* Michael D May for Cred R.J. Noble Co.
mdmayesq@verizon.net

*(67)* Hutchison B Meltzer for Cred Committee Joint Committee of Creds Holding Unsecured Claims
hmeltzer@wgllp.com

*(68)* Krikor J Meshefejian for Int Pty Courtesy NEF
kjm@lnbrb.com

*(69)* Joel S. Miliband for Cred RBF CONSULTING
jmiliband@rusmiliband.com

*(70)* James M Miller for Atty Miller Barondess LLP
jmiller@millerbarondess.com

*(71)* Louis R Miller for Pltf Palmdale Hills Property, LLC
smiller@millerbarondess.com

*(72)* Randall P Mroczynski for Def Bob McGrann Construction, Inc.
randym@cookseylaw.com

*(73)* Mike D Neue for Atty The Lobel Firm, LLP
mneue@thelobelfirm.com,
jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

*(74)* Robert Nida for Cred Kirk Negrete, Inc
Rnida@castlelawoffice.com

*(75)* Henry H Oh for 3rd Party Pltf Joint Provisional Liquidators of Lehman RE Ltd
henry.oh@dlapiper.com, janet.curley@dlapiper.com

*(76)* Sean A Okeefe for Debtor Palmdale Hills Property, LLC
sokeefe@okeefelc.com

*(77)* Robert B Orgel for Cred Lehman ALI, Inc.
rorgel@pszjlaw.com, rorgel@pszjlaw.com

*(78)* Malhar S Pagay for Cred Lehman ALI, Inc.
mpagay@pszjlaw.com, mpagay@pszjlaw.com

*(79)* Penelope Parmes for Cred EMR Residential Properties LLC
pparmes@rutan.com

*(80)* Ronald B Pierce for Cred Griffith Co
ronald.pierce@sdma.com

*(81)* Katherine C Piper for Int Pty New Anaverde LLC
kpiper@steptoe.com

*(82)* Cassandra J Richey for Cred Patricia I Volkerts, as Trustee, et al
cmartin@pprlaw.net

*(83)* James S Riley for Cred Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

*(84)* Debra Riley for Int Pty City of Palmdale
driley@allenmatkins.com

*(85)* Todd C. Ringstad for Int Pty Courtesy NEF
becky@ringstadlaw.com

*(86)* R Grace Rodriguez for Def O&B Equipment, Inc.
ecf@lorgr.com

*(87)* Martha E Romero for Cred San Bernardino County Tax Collector
Romero@mromerolawfirm.com

*(88)* Ronald Rus for Cred SunCal Mgmt, LLC
rrus@rusmiliband.com

*(89)* John P Schafer for Cred LB/L-DUC III Bethel Island, LLC
jps@mandersonllp.com

*(90)* John E Schreiber for Def Fenway Capital, LLC
jschreiber@dl.com

*(91)* William D Schuster for Cred HD Supply Construction Supply LTD
bills@allieschuster.org

*(92)* Christopher P Simon for Int Pty Courtesy NEF
csimon@crosslaw.com

*(93)* Wendy W Smith for Cred Castaic Union School District
wendy@bindermalter.com

*(94)* Steven M Speier (TR)
Sspeier@asrMgmt.com, ca85@ecfcbis.com

*(95)* Steven M Speier for Trustee Steven Speier (TR)
Sspeier@Squarmilner.com, ca85@ecfcbis.com

*(96)* Michael St James for Cred MBH Architects, Inc.
ecf@stjames-law.com

*(97)* Michael K Sugar for Cred Committee Official Committee of Unsecured Creds
msugar@irell.com

*(98)* James E Till for Trustee Steven Speier (TR)
jtill@thelobelfirm.com,
jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

*(99)* U.S. Trstee (SA)
ustpregion16.sa.ecf@usdoj.gov

*(100)* Carol G Unruh for Cred Scott E. McDaniel
cgunruh@sbcglobal.net

*(101)* Jason Wallach for Def Professional Pipeline Contractors, Inc.
jwallach@gladstonemichel.com

*(102)* Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
, kim.johnson@kattenlaw.com

*(103)* Christopher T Williams for Cred Danske Bank A/S London Branch
ctwilliams@venable.com, jcontreras@venable.com

*(104)* Marc J Winthrop for Debtor Palmdale Hills Property, LLC
mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

*(105)* David M Wiseblood for Cred Bethel Island Muni Imp Dist
dwiseblood@seyfarth.com

*(106)* Brett K Wiseman for Cred JF Shea Construction Inc
bwiseman@aalaws.com

*(107)* Dean A Ziehl for Counter-Def LV Pacific Point LLC
dziehl@pszjlaw.com, dziehl@pszjlaw.com

*(108)* Marc A. Zimmerman for Cred Life Church of God in Christ
joshuasdaddy@att.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**