LOUIS R. MILLER, State Bar No. 54141
smiller@millerbarondess.com
MARTIN PRITIKIN, State Bar. No. 210845
mpritikin@millerbarondess.com
**MILLER BARONDESS, LLP**
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Special Litigation Counsel for the Jointly Administered
Debtors in Possession and Steven M. Speier, the Chapter 11 Trustee

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA -- SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS,<br>   Jointly Administered Debtors and Debtors-in-Possession<br><br>**ADVERSARY PROCEEDING**<br><br>PALMDALE HILLS PROPERTY, LLC, et al.,<br>   Plaintiffs,<br>v.<br>LEHMAN ALI, INC., et al.,<br>   Defendants. | **CASE NO. 8:08-bk-17206-ES**<br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573 ES;<br>8:08-bk-17574-ES; 8:08-bk-17575 ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>8:08-bk-17588-ES<br>**Adversary No. 8:09-ap-01005-ES**<br><br>**PARTIES' JOINT STATUS REPORT (LBR 7016-1 AND FRBP 7026) FOR FEBRUARY 18, 2011 STATUS CONFERENCE**<br><br>DATE: February 18, 2011<br>TIME: 10:00 a.m.<br>PLACE: Courtroom 5A |

PARTIES' JOINT STATUS REPORT (LBR 7016-1; FRBP 7026)

77989 1

## STATUS REPORT

Pursuant to Local Bankruptcy Rules 7016-1 and 7026-1(b)(2), the undersigned parties hereby submit their Joint Status Report.

### PLAINTIFFS AND PLAINTIFF-IN-INTERVENTION

#### Summary of Recent Developments

On October 29, 2010, the Court ordered a temporary stay of litigation between the Debtors and the Lehman parties in both the adversary proceeding and the underlying bankruptcy proceeding, with limited exceptions, until February 18, 2011. The purposes of imposing the temporary stay were (a) to give the parties time to participate in mediation, and (b) to provide time to obtain a ruling from the Second Circuit Court of Appeals regarding the Voluntary Debtors' appeal of the New York Bankruptcy Court's orders approving the Lehman-Fenway Compromise Motion, and denying the Voluntary Debtors' related motion for relief from the automatic stay. The parties were ordered to attend mediation by February 11, 2011.

**Second Circuit Appeal.** On December 7, 2010, the Second Circuit issued a ruling denying both appeals. As to the motion for relief from stay, the Second Circuit found that the New York Bankruptcy Court "acted within its discretion in deferring to the Ninth Circuit on whether the stay applies and in declining without prejudice to lift the stay." (Exhibit A) The Second Circuit thus "affirm[ed] the bankruptcy court's decision to decline to lift the stay, pending the Ninth Circuit's decision, without prejudice to a further motion by SunCal following a ruling by the Ninth Circuit." *Id.* The parties to that appeal have still not heard word from the Ninth Circuit as to when oral argument will be scheduled.

**Progress of Mediation.** The parties were originally scheduled to attend mediation with Judge Dan Weinstein (Ret.), on January 4-6, 2011, with additional dates reserved for Jan 24-26, 2011, if necessary. At the last minute, the mediator was unavailable on the January 4-6 dates due to knee surgery, and so the mediation sessions for the first week of January were continued to the last week of January (the 24th through 26th), with additional dates of February 10-11 reserved, if necessary. At the conclusion of the third day of mediation on January 26, because the parties were

still in the process of trying to reach a global resolution, it was agreed that the parties would return for the further round of mediation on February 10 and 11.

After the end of the first round of mediation, the mediator authorized the parties to release the following information to the Court:

> [C]ounsel and the principals attended a three-day mediation session on January 24-26, 2011 at JAMS Santa Monica. The parties provided both exchanged and confidential briefing to the Mediator and all have been participating in good faith negotiations. In addition, the parties will be returning to a further mediation session on February 10-11, 2011 for further negotiations with the Mediator. If Judge Smith has any questions, I will make myself available for a telephone conference to answer any questions.

As of the time of the filing of this report, the parties are still engaged in the mediation process, and so Plaintiffs are unable to report as to whether the mediation has resulted in a global settlement, has failed to do so, or if additional mediation sessions beyond February 10 and 11, 2011 may be beneficial.

Accordingly, Plaintiffs may be in a better position as of the February 18, 2011 hearing to report to the Court regarding the developments and regarding their position as to what, if anything, should happen with the various pieces of litigation going forward.

## LEHMAN ENTITIES

### I.  SUMMARY OF RECENT DEVELOPMENTS

#### A.  The Second Circuit Affirms the Compromise Order and the Stay Relief Denial Order

The Court's November 17, 2010 Order temporarily staying the applicable SunCal bankruptcy proceedings states that the Court "believes that a prolonged stay is not appropriate and that once a decision by the Second Circuit has been rendered, all matters should proceed." (ECF No. 1606 at 8). On December 7, 2010, the Second Circuit rendered its decision. *See SunCal Communities I LLC v. Lehman Commercial Paper Inc.*, 2010 WL 4942208 (2d Cir. 2010) (Exhibit A). It affirmed the judgment of the United States District Court for the Southern District of New York, which in turn affirmed two Orders by the United States Bankruptcy Court for the Southern District of New York.

77989.1

The Trustee was not a party to the Second Circuit appeal.

Pursuant to the New York Bankruptcy Court's "Compromise Order," Fenway Capital retransferred certain "Repo Assets" to LCPI that LCPI had transferred to Fenway Capital pursuant to a Master Repurchase Agreement. The Second Circuit held that "SunCal does not raise a colorable argument that the bankruptcy court, in issuing the Compromise Order, applied incorrect legal standards . . . relied upon clearly erroneous facts in its evaluation of the compromise, or otherwise abused its discretion." *Id.* at *1. The court also found that "[t]o the extent that the LCPI automatic stay might have an effect on the California proceedings, this is the inevitable result of proceedings involving two sets of debtors, each with their own automatic stay in place." *Id.*

The Second Circuit also affirmed the New York Bankruptcy Court's "Stay Relief Denial Order," pursuant to which the Voluntary Debtors' Lift Stay Motion was denied without prejudice. The Second Circuit stated that it would not reach the issue of whether "the Ninth Circuit's opinion would foreclose further determination of this issue by the New York bankruptcy court, especially in light of SunCal's concession before the New York bankruptcy court that the bankruptcy court may make the ultimate determination as to the scope of the LCPI stay." *Id.* at *2 n.2. Finally, the Second Circuit stated that it considered the Voluntary Debtors' remaining arguments and "find them to be without merit." *Id.* at *2.

**B.    Mediation**

The Voluntary Debtors have included the statement that the mediator authorized the parties to make to the Court. As of this writing, the meditation has not concluded. The Lehman Entities will be prepared to discuss the progress of the mediation with the Court at the February 18, 2011 status conference.

**LEHMAN RE**

Lehman Re continues to participate in the mediation, which has not concluded. Lehman Re may be prepared to discuss the mediation at the February 18, 2011 status conference.

| | |
|---|---|
| Dated: February 11, 2011 | Respectfully Submitted, |

**MILLER BARONDESS, LLP**

By:   s/Louis Miller
       Louis Miller
       Martin Pritikin
Special Litigation Counsel for the Jointly Administered Debtors in Possession and Steven M. Speier, the Chapter 11 Trustee

**GASCOU HOPKINS LLP**

By:   s/Ronald W. Hopkins
       Ronald W. Hopkins
       Christian J Gascou
Attorneys for Plaintiff In Intervention Arch Insurance Company

**PACHULSKI STANG ZIEHL & JONES LLP**

By:   /s/ Dean A. Ziehl
Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100

-and-

**WEIL, GOTSHAL & MANGES LLP**
Edward Soto (admitted *pro hac vice*)
Shai Waisman (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153-0119

Attorneys for Lehman ALI Inc., Northlake Holdings LLC, OVC Holdings LLC, and LV Pacific Point, LLC

**CADWALADER WICKERSHAM & TAFT LLP**

By:   s/Jonathan M. Hoff
       Gregory M. Petrick
       Jonathan M. Hoff
Attorneys for the Joint Provisional Liquidators of Defendant and Counterclaim/Third-Party Plaintiff Lehman Re Ltd.

77989 1

# EXHIBIT A

HOnly the Westlaw citation is currently available. This case was not selected for publication in the Federal Reporter.

United States Court of Appeals,
Second Circuit.
SUNCAL COMMUNITIES I LLC, Suncal Communities III LLC, SCC/Palmdale LLC, Acton Estates LLC, Suncal Beaumont Heights LLC, Suncal Emerald Meadows LLC, Suncal Johansson Ranch LLC, Suncal Bickford Ranch LLC, Suncal Summit Valley LLC, Seven Brothers LLC, Kirby Estates LLC, SJD Partners Ltd., SJD Development Corp., SCC Communities LLC, North Orange del Rio Land LLC, Tesoro SF LLC, Appellants,
v.
LEHMAN COMMERCIAL PAPER, INC., Lehman Brothers Holdings Inc., Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al., Appellees.

Nos. 10-3631-cv, 10-3643.
Dec. 7, 2010.

**Background:** Various entities associated with bankrupt California housing development consortium appealed orders of the United States Bankruptcy Court for the Southern District of New York, in lenders' bankruptcy proceeding, which approved transfer to lenders' bankruptcy estate of certain loans made to consortium, and which denied exception to automatic stay for those loans and claims arising therefrom. The District Court, Richard J. Holwell, J., 435 B.R. 122, affirmed, and appeal was taken.

**Holdings:** The Court of Appeals held that:
(1) bankruptcy court did not abuse its discretion in approving compromise that unwound a complicated debt transaction and placed loans that bankrupt lenders had made to borrower that had itself filed for bankruptcy relief in California within scope of automatic stay in place in lenders' own New York bankruptcy case, and
(2) bankruptcy court did not abuse its discretion, on borrower's motion for relief from stay in place in lenders' New York bankruptcy case to pursue equitable subordination claims against lenders in borrower's own California bankruptcy case, in denying motion without prejudice and in deferring to the Ninth Circuit.

Affirmed.

West Headnotes

[1] Bankruptcy 51 ⇐3033

51 Bankruptcy
    51IX Administration
        51IX(A) In General
            51k3032 Compromises, Releases, and Stipulations
                51k3033 k. Judicial Authority or Approval. Most Cited Cases

Bankruptcy court did not abuse its discretion in approving compromise that unwound a complicated debt transaction and placed loans that bankrupt lenders had made to borrower that had itself filed for bankruptcy relief in California within scope of automatic stay in place in lenders' own New York bankruptcy case, on theory that compro-

Slip Copy, 2010 WL 4942208 (C.A.2 (N.Y.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 2010 WL 4942208 (C.A.2 (N.Y.)))

mise order functioned as injunction that constrained borrower's own California bankruptcy proceedings; compromise order did not require or forbid any action by borrower, nor did it necessarily have any effect on borrower's bankruptcy case, and to extent that New York stay might have effect on California bankruptcy proceedings, this was inevitable result of proceedings involving two sets of debtors, each with their own automatic stay in place. Fed.Rules Bankr.Proc.Rule 9019, 11 U.S.C.A.

[2] Bankruptcy 51 ⟶ 2060.1

51 Bankruptcy
    51I In General
        51I(C) Jurisdiction
            51k2060 Exclusive, Conflicting, or Concurrent Jurisdiction
                51k2060.1 k. In General. Most Cited Cases

Bankruptcy 51 ⟶ 2442

51 Bankruptcy
    51IV Effect of Bankruptcy Relief; Injunction and Stay
        51IV(C) Relief from Stay
            51k2435 Proceedings
                51k2442 k. Determination and Relief; Conditions. Most Cited Cases

    Bankruptcy court did not abuse its discretion, on borrower's motion for relief from stay in place in lenders' New York bankruptcy case to pursue equitable subordination claims against lenders in borrower's own California bankruptcy case, in denying motion without prejudice and in deferring to the Ninth Circuit, before which was pending an appeal from the Ninth Circuit Bankruptcy Appellate Panel's (BAP's) reversal of California bankruptcy court's decision that equitable subordination claims were not subject to this New York stay. 11 U.S.C.A. § 362(d).

Appeal from the United States District Court for the Southern District of New York (Holwell, J.).Sean A. O'Keefe (Paul J. Couchot, on the brief), Winthrop Couchot, P.C., Newport Beach, CA, for Appellants.

Alfredo R. Pérez, Weil, Gotshal & Manges LLP, Houston, TX, for Appellees Lehman Commercial Paper, Inc. and Lehman Brothers Holdings Inc.

Dennis C. O'Donnell (Evan R. Fleck, Dennis F. Dunne, on the brief), Milbank, Tweed, Hadley & McCloy LLP, New York, NY, for Appellee Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc.

Present ROBERT D. SACK, ROBERT A. KATZMANN and GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER
*1 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

    Appellants (collectively, "SunCal") appeal from the September 10, 2010 judgment, following an August 27, 2010 opinion, of the District Court for the Southern District of New York (Holwell, J.), affirming two bankruptcy court orders (1) approving the unwinding of a transaction between certain Lehman entities and third-party entities and (2) denying SunCal relief from the automatic stay arising from the bankruptcy filing of Lehman Commercial Paper, Inc. ("LCPI"). We assume the parties' familiarity with the facts and procedural history of the case.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

Slip Copy, 2010 WL 4942208 (C.A.2 (N.Y.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 2010 WL 4942208 (C.A.2 (N.Y.)))

[1] We turn first to SunCal's appeal from the bankruptcy court's approval of the compromise ("Compromise Order") that unwound the so-called "Fenway structure." "On an appeal from the district court's affirmance of a bankruptcy court's order, we review the decision of the bankruptcy court independently, assessing its conclusions of law *de novo* and its factual findings for clear error." *In re Dana Corp., 574 F.3d 129, 144-45 (2d Cir.2009)*. The bankruptcy court's approval of a settlement or compromise is reviewed for abuse of discretion. *In re Refco Inc., 505 F.3d 109, 116 (2d Cir.2007)* (citing *In re Iridium Operating LLC, 478 F.3d 452, 461 n. 13 (2d Cir.2007)*). SunCal challenges the Compromise Order on the ground that it functioned as an injunction that constrained SunCal's California bankruptcy proceedings. However, the Compromise Order did not require or forbid any action by SunCal, nor did it necessarily have any effect on SunCal's bankruptcy proceedings. To the extent that the LCPI automatic stay might have an effect on the California proceedings, this is the inevitable result of proceedings involving two sets of debtors, each with their own automatic stay in place. Nothing in the Compromise Order itself mandated any sort of injunctive effect. Moreover, we find that SunCal does not raise a colorable argument that the bankruptcy court, in issuing the Compromise Order, applied incorrect legal standards, *see, e.g., In re Iridium, 478 F.3d at 462*, relied upon clearly erroneous facts in its evaluation of the compromise, or otherwise abused its discretion.[FN1]

[2] We accordingly turn to the second of the bankruptcy court's orders, which denied SunCal's motion for relief from the LCPI automatic stay. SunCal argues to this Court that the automatic stay does not apply to its equitable subordination action because subordination is merely part of the non-offensive claims allowance process, and therefore the lower courts erred insofar as they failed to rule that the stay did not apply. The Ninth Circuit Bankruptcy Appellate Panel ("BAP") has ruled that the LCPI stay applies to SunCal's equitable subordination action, which "seeks affirmative relief" and therefore violates the stay. *In re Palmdale Hills Prop., LLC, 423 B.R. 655, 667 (B.A.P. 9th Cir.2009)*. SunCal's appeal of the BAP ruling is currently pending before the Ninth Circuit, and the New York bankruptcy court explicitly stated that, because SunCal had "gone to the Ninth Circuit, ... the Ninth Circuit is the place for this question to be decided." App'x 1760. We hold that the bankruptcy court acted within its discretion in deferring to the Ninth Circuit on whether the stay applies and in declining without prejudice to lift the stay. We think, as did the district court, that in light of the fact that the Ninth Circuit might yet provide SunCal with the relief it sought in connection with the motion for relief from stay, it was reasonable of the bankruptcy court to defer to the Ninth Circuit in the first instance. Moreover, we note that at oral argument before us, counsel for appellees conceded that a decision by the Ninth Circuit that the LCPI stay does not apply to the equitable subordination action in California would moot SunCal's request for relief from the automatic stay arising from the LCPI bankruptcy in New York.[FN2] Because the very applicability of the stay is *sub judice* in the Ninth Circuit, we find no abuse of discretion in the bankruptcy court's decision not to lift the stay (which the BAP had ruled applied) at that time. *See In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir.1990)* (explaining the relevant standards). We therefore affirm the bankruptcy court's decision to decline to lift the stay, pending the Ninth Circuit's decision, without prejudice to a further motion by SunCal following a ruling by the Ninth Circuit.

*2 We have considered appellants' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

> FN1. SunCal also argues that the Compromise Order violated SunCal's automatic stay in the California bankruptcy court. However, we are in agreement with the district court that SunCal failed to preserve this argument-which was raised before the bankruptcy court in a one-sentence footnote-and therefore we need not address it on appeal. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 124 n. 29 (2d Cir.2005)* (argument mentioned in one sentence in a brief is insufficiently preserved for appeal).

> FN2. We do not reach whether this concession means that the Ninth Circuit's opinion would foreclose further determination of this issue by the New York bankruptcy court, especially in light of SunCal's concession before the New York bankruptcy court that the bankruptcy court may make the ultimate determination as to the scope of the LCPI stay. *See* App'x 1736, 1746; *see also In re Baldwin-United Corp. Litig., 765 F.2d 343, 347-49 (2d Cir.1985)* (noting that the proper court for resolution of whether a stay applies depends on the circumstances of the case).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

Slip Copy, 2010 WL 4942208 (C.A.2 (N.Y.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 2010 WL 4942208 (C.A.2 (N.Y.)))**

C.A.2 (N.Y.),2010.
Suncal Communities I LLC v. Lehman Commercial Paper, Inc.
Slip Copy, 2010 WL 4942208 (C.A 2 (N.Y.))

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

| In re:<br>Palmdale Hills,<br>    Debtor and Debtor in Possession | **Chapter 11 Case 8:08-bk-17206-ES** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1999 Avenue of the Stars, Ste 1000, Los Angeles, CA 90067.

The foregoing document described <u>Professional Fee Statement</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 11, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 11, 2011 | Annie Yang | s/Annie Yang |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

## SERVICE LIST

### NEF LIST

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Brendt C Butler    BButler@rutan.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Jonathan S Dabbieri    dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning    ddunning@dunningLaw.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com

- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkclaw.com
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com, mpritikin@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jps@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Jason Wallach    jwallach@gladstonemichel.com

- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Christopher T Williams    ctwilliams@venable.com, jcontreras@venable.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net