William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Shai Waisman (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession.<br><br>Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC<br>☒ LB-L-SunCal Oak Valley, LLC | Case No.: 8:08-bk-17206-ES<br><br>Jointly Administered With Case Nos.<br><br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**AMENDED STIPULATION OF FEBRUARY 2011 BY AND BETWEEN LEHMAN ALI INC. AND THE CHAPTER 11 TRUSTEE** |

52063-001\DOCS_NY:23452.7

| | |
|---|---|
| ☒ SunCal Heartland, LLC<br>☒ LB-L-SunCal Northlake, LLC<br>☒ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☒ SunCal PSV, LLC<br>☒ Delta Coves Venture, LLC<br>☒ SunCal Torrance, LLC<br>☒ SunCal Oak Knoll, LLC | **AUTHORIZING (I) FINANCING FOR CHAPTER 11 TRUSTEE PROFESSIONAL FEES AND EXPENSES AND RELATED EXPENSES OF TRUSTEE DEBTORS AND CHAPTER 11 TRUSTEE AND (II) GRANTING ADMINISTRATIVE EXPENSE CLAIMS** |

This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman ALI") and the chapter 11 trustee (the "Trustee") on behalf of the estates (the "Subject Borrowers' Estates") of certain of the Trustee Debtors[1] other than SunCal Century City (the "Subject Borrowers").[2] Lehman ALI and the Trustee (together, the "Parties") hereby enter into this stipulation (the "Stipulation") and agree as follows:

## RECITALS

WHEREAS, on November 6, 7 and 19, 2008, the Voluntary Debtors[3] filed their respective voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code"). The Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors.[4]

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee

---

[1] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES).

[2] For the avoidance of doubt, this Stipulation does not affect SunCal Century City and no DIP Loan (as defined below) proceeds shall be used by the Trustee for expenses incurred by or allocated to SunCal Century City.

[3] The Voluntary Debtors in these cases consist of: Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES). The Voluntary Debtors and Trustee Debtors or their estates shall be referred to collectively herein as the "Debtors."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Debtors' cases.

2  WHEREAS, on or about January 15, 2009, the Court entered orders requiring the

3  appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of

4  the United States Trustee (the "U.S. Trustee") appointed Steven M. Speier as the Trustee for the

5  Trustee Debtors' estates.

6  WHEREAS, Lehman ALI, Lehman Commercial Paper Inc., Northlake Holdings LLC, and

7  OVC Holdings LLC (collectively, the "Lehman Entities") assert secured claims against the Debtors

8  in excess of $2.0 billion. Included within the scope of the collateral pledged to the Lehman Entities

9  is certain real and personal property owned by the Subject Borrowers' Estates.

10  WHEREAS, on April 2, 2009, Lehman ALI, the Voluntary Debtors, and the Trustee for the

11  Subject Borrowers' Estates, by and through their counsel, entered into that certain *Stipulation with*

12  *Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured*

13  *Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority*

14  *Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the

15  "April 2009 Financing Stipulation") affecting certain of the Voluntary Debtors and certain of the

16  Subject Borrowers' Estates as set forth specifically therein. The April 2009 Financing Stipulation

17  was approved by the Court by the entry of an order on April 17, 2009.

18  WHEREAS, Lehman ALI and certain of its affiliates, on the one hand, and the Trustee, on

19  the other hand, subsequently have entered into at least the following additional stipulations providing

20  for debtor in possession financing and/or consent to use of cash collateral, as applicable: (a)

21  *Stipulation Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving Senior Secured*

22  *Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority*

23  *Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent Necessary*, by

24  and between Lehman ALI and the Trustee on behalf of certain of the Subject Borrowers' Estates as

25  borrowers thereunder, dated October 15, 2009, approved on an interim basis by the entry of an order

26  on November 20, 2009, amended on December 8, 2009, and approved as amended on a final basis

27  by the entry of an order on December 17, 2009; (b) *Stipulation Authorizing Use Of Cash Collateral*

28  *and Approving Financing For Covered Professional Expenses and Granting Administrative Expense*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Claims*, by and among Lehman ALI, Northlake Holdings, and OVC Holdings, on the one hand, and the Trustee on behalf of certain of the Subject Borrowers' Estates as borrowers thereunder, on the other hand, dated December 8, 2009, and approved by the entry of an order on December 17, 2009; (c) *Stipulation By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary*, by and between Lehman ALI and the Trustee on behalf of the estate of SunCal Oak Knoll, LLC dated December 7, 2009, and approved by the entry of an order on January 5, 2009; (d) the *Stipulation to Enable Timely Payment of Post-Petition Real Property Taxes By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary*, by and between Lehman ALI and the Trustee on behalf of certain of the Subject Borrowers' Estates as borrowers thereunder, dated April 7, 2010, and approved on an interim basis by the entry of an order on April 8, 2010 and on a final basis by the entry of an order on April 27, 2010; (e) *Stipulation Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent Necessary*, by and between Lehman ALI and the Trustee on behalf of certain of the Subject Borrowers' Estates as borrowers thereunder, dated April 22, 2010, and approved on a final basis by the entry of an order on June 11, 2010; (f) *Second Stipulation By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary (SunCal Oak Knoll, LLC Only)*, by and between Lehman ALI and the Trustee on behalf of the estate of SunCal Oak Knoll, LLC dated October 6, 2010, and approved on an interim basis by the entry of an order on October 29, 2010; (g) *Stipulation Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  *Superpriority Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent*
2  *Necessary*, by and between Lehman ALI and the Trustee on behalf of certain of the Subject
3  Borrowers' Estates as borrowers thereunder, dated October 6, 2010, and approved on an interim
4  basis by the entry of an order on October 29, 2010; (h) the *Second Stipulation to Enable Timely*
5  *Payment of Post-Petition Real Property Taxes By and Between Lehman ALI, Inc. and Chapter 11*
6  *Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured*
7  *Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority*
8  *Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary*, by and
9  between Lehman ALI and the Trustee on behalf of certain of the Subject Borrowers' Estates as
10 borrowers thereunder, dated November 12, 2010, and approved on a final basis by the entry of an
11 order on December 9, 2010; and (i) *Stipulation of December 2010 by and Between Lehman ALI Inc.*
12 *and Chapter 11 Trustee, Pursuant to 11 U.S.C. §§362, 363, 364, and 507, (1) Approving Senior*
13 *Secured Superpriority Postpetition Financing, (2) Granting Liens and Providing Superpriority*
14 *Administrative Expense Status, and (3) Modifying the Automatic Stay to the Extent Necessary*, by
15 and between Lehman ALI and the Trustee on behalf of certain of the Subject Borrowers' Estates as
16 borrowers thereunder, dated December 30, 2010, and approved on a final basis on January 20, 2011
17 (entry of order pending).

18    WHEREAS, the Trustee asserts that the Subject Borrowers' Estates have insufficient
19 unencumbered cash and cash equivalents to pay for fees and expenses incurred by the Trustee in the
20 performance of his duties on behalf of the Subject Borrowers' Estates, fees and expenses incurred by
21 professionals retained by the Trustee and the Official Committee of Unsecured Creditors of the
22 Trustee Debtors (the "Trustee Debtors' Committee"), expenses incurred by members of the Trustee
23 Debtors' Committee in connection with the performance of the duties of such committee, quarterly
24 fees required to be paid to the U.S. Trustee, and fees necessary to maintain the Subject Borrowers'
25 corporate status.

26    NOW, THEREFORE, in consideration of the mutual covenants contained herein, and other
27 good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is
28 hereby stipulated and agreed by and between the Parties as follows:

## AGREEMENT

1. <u>Court Approval</u>.  The provisions of this Stipulation are subject to approval of the Court and shall have no force and effect until approved by the Court.  Immediately upon entry of an order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of Lehman ALI, the Trustee, the Subject Borrowers, their estates, the Trustee Debtors' Committee, all other creditors of the Subject Borrowers, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in any of the cases or upon dismissal of any of the cases.

2. <u>DIP Financing</u>.  The Trustee is authorized to borrow from Lehman ALI for each Subject Borrower's Estate, and Lehman ALI, in its sole and absolute discretion, may make available to the Trustee for each Subject Borrower's Estate, individual loans (each, a "<u>DIP Loan</u>" and, collectively, the "<u>DIP Loans</u>") in an aggregate amount not to exceed $1,000,000.00 (the "<u>DIP Loan Amount</u>"), the proceeds of which, absent the prior written consent of Lehman ALI, shall be used by the Trustee for the applicable Subject Borrower's Estate solely for purposes of paying:  (a) the fees and expenses incurred by the Trustee in the performance of his duties on behalf of the Subject Borrowers' Estates; (b) the reasonable professional fees and expenses incurred for the Subject Borrowers' Estates by the Trustee, the Trustee's retained professionals and the Trustee Debtors' Committee's retained professionals; (c) the reasonable expenses incurred by members of the Trustee Debtors' Committee in connection with the performance of the duties of such committee; (d) the Subject Borrowers' Estates' quarterly fees required to be paid to the U.S. Trustee; and (e) the fees necessary to maintain the Subject Borrowers' corporate status; provided that:  in no event may any DIP Loan or any proceeds of any DIP Loan be used to pay any fees or expenses incurred in connection with (i) any request, or support of any other party's request, for relief in opposition to any of the Lehman Entities (including, without limitation, any plan of reorganization other than a plan of reorganization filed by or supported by any of the Lehman Entities), (ii) opposing any relief requested by the Lehman Entities in these cases (including, without limitation, any plan of reorganization proposed in these cases by any of the Lehman Entities) or (iii) furthering or

supporting the prosecution of the adversary proceeding styled *Palmdale Hills Property, LLC, et al. v. Lehman ALI, Inc., et al.*, Adv. Pro. 09-1005-ES; and provided further that any DIP Loans, if made at all in Lehman ALI's sole discretion, shall be made only to Subject Borrowers that have used, and accordingly no longer hold, unencumbered cash to pay the fees and expenses set forth in this paragraph. The Trustee shall apportion, with Lehman ALI's prior approval, the DIP Loan proceeds to each Subject Borrower's Estate for the fees and expenses allocable to each such Subject Borrower's Estate. The Trustee shall maintain appropriate documentation related to the expenditure of any and all proceeds of the DIP Loans. The Trustee shall provide to Lehman ALI, upon Lehman ALI's reasonable request, a breakdown of all amounts spent as of the date of the request and provide all documentation relating to the monies spent as of the date of the request. Funding under the DIP Loans shall not be available after August 15, 2011 (the "Funding Deadline"); provided that the Funding Deadline may be extended without Court approval to no later than September 30, 2011 upon the consent of Lehman ALI in its sole and absolute discretion. Although the advance represented by each DIP Loan may be made or not made by Lehman ALI in its is sole and unfettered discretion, if Lehman ALI decides to stop funding hereunder prior to the Funding Deadline, it shall endeavor in good faith to provide 30 days' prior written notice of such decision to counsel for the Trustee and the Trustee Debtors' Committee.

3. Maturity Date/Treatment of DIP Loans. The Subject Borrowers' Estates expressly stipulate and acknowledge that the DIP Loans shall be treated as allowed administrative expenses under the Bankruptcy Code subordinate only to paid fees and expenses of the Trustee and any professionals retained by the Trustee and the Trustee Debtors' Committee in the Subject Borrowers' cases and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation, or, in the event no plan is confirmed in the cases, the earlier of dismissal of the cases or conversion of the cases to chapter 7 (the "DIP Loan Maturity Date"). For the avoidance of doubt, the Trustee on behalf of the Subject Borrowers' Estates hereby agrees to repay the DIP Loans to Lehman ALI out of the Subject Borrowers' Estates' respective available cash from either unencumbered cash or funds provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is its "cash collateral" under section 363 of the Bankruptcy Code

1  or subject to a superpriority lien or claim of a Lehman Entity) on the effective date of any plan of

2  reorganization or liquidation and in no event shall the Trustee on behalf of the Subject Borrowers'

3  Estates repay such amounts from the proceeds of the sale of any of the real property owned by the

4  Subject Borrowers' Estates in which Lehman ALI or any of the other Lehman Entities assert a lien

5  or security interest.

6      4.    <u>No Waiver of Lehman Entities' Right to Object to Professional Fees/Expenses</u>.

7  Nothing contained herein shall be deemed a waiver of the Lehman Entities' rights to object to any

8  fees and expenses incurred by any professional retained in these cases, and the Lehman Entities'

9  rights in connection therewith are hereby preserved.

10      5.    <u>Lehman ALI's Offset of Funding Amount</u>.  Notwithstanding anything to the contrary

11  contained herein, Lehman ALI shall have the right to offset amounts owing to it for DIP Loans

12  against any judgment obtained in the action styled *Palmdale Hills Property, LLC v. Lehman ALI,*

13  *Inc.*, Adv. Pro. 09-1005-ES.

14      6.    <u>Good Faith</u>.  Lehman ALI, the Trustee, and the Subject Borrowers' Estates have acted

15  in good faith in connection with the Stipulation.  In accordance with section 364(e) of the

16  Bankruptcy Code, in the event any or all of the provisions of this Stipulation are hereafter modified,

17  amended or vacated by a subsequent order of this Court or any other court, Lehman ALI is entitled

18  to the protections provided in section 364(e) of the Bankruptcy Code with respect to the DIP Loans.

19  Any such modification, amendment or vacatur shall not affect the extent, validity, priority,

20  allowability, enforceability or non-avoidability of any claim or priority granted, authorized or

21  created hereby or any repayments made with respect to such a claim.  Any claims granted to Lehman

22  ALI hereunder arising, and any payments of any such claim made, prior to the effective date of any

23  such modification, amendment or vacatur of this Stipulation shall be governed in all respects by the

24  original provisions of this Stipulation, including entitlement to all rights, remedies, privileges and

25  benefits granted herein.

26      7.    <u>Section 552(b)</u>.  Lehman ALI shall be entitled to all of the rights and benefits of

27  section 552(b) of the Bankruptcy Code solely with respect to the DIP Loans.

28      8.    <u>Events of Default</u>.  The following occurrences shall constitute an "<u>Event of Default</u>"

1  under this Stipulation: (a) the failure to comply with any term of this Stipulation; or (b) the use of
2  the DIP Loan proceeds in a manner inconsistent with the terms of this Stipulation; or (c) the failure
3  to repay the DIP Loans on the DIP Loan Maturity Date pursuant to the terms of this Stipulation.

4        9.     <u>Remedies</u>.  The Trustee shall notify Lehman ALI if he becomes aware of an Event of
5  Default.  Immediately upon the occurrence and during the continuation of an Event of Default, (a)
6  the Trustee shall not use any DIP Loan proceeds without the express written consent of Lehman
7  ALI, (b) Lehman ALI may cease or suspend further funding hereunder and is excused from
8  compliance with its good faith obligation to provide thirty (30) days' written notice of such decision
9  and (c) Lehman ALI may seek relief from the automatic stay under section 362 of the Bankruptcy
10 Code.

11       10.    <u>Reservation of Rights</u>.  Notwithstanding anything to the contrary herein, this
12 Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any
13 rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any
14 issues that are not expressly addressed herein.  Specifically, but without limitation, (a) the Parties
15 reserve all rights in all aspects of pending litigation between them, including any matters involving
16 equitable subordination of the claims and liens held by the Lehman Entities, or any other action
17 against the Lehman Entities, (b) the Parties further agree that entry into this Stipulation and the
18 extension of the DIP Loans contemplated hereunder, shall not be used in any manner in litigation
19 between or amongst the Parties or any other of the Lehman Entities, whether as, for instance, a basis
20 for or against substantive consolidation or otherwise, and (c) the rights, obligations, waivers,
21 stipulations, agreements or defenses of the Parties among or between or to each other or any of them
22 shall not be affected hereby except to the extent provided herein.

23       11.    <u>Jurisdiction</u>.  The Court shall retain jurisdiction to resolve any disputes or
24 controversies arising from or related to this Stipulation.

25       12.    <u>Signatures</u>.  This Stipulation may be signed in any number of counterparts (and by
26 each Party hereto on different counterparts), each of which constitutes an original, but all such
27 counterparts when taken together shall constitute one and the same agreement.  This Stipulation may
28 be executed by facsimile signature and delivered by facsimile transmission with the same effect as

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

delivery of a manually executed counterpart of this Stipulation.

13. <u>Authority</u>. Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

14. <u>Entire Agreement</u>. This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties. All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

Dated:   March 14, 2011          WEIL, GOTSHAL & MANGES LLP

                                  - and -

                                 PACHULSKI STANG ZIEHL & JONES LLP


                                 By   */s/ Dean A. Ziehl*
                                      Richard M. Pachulski
                                      Dean A. Ziehl

                                 Counsel for Lehman Commercial Paper Inc.,
                                 Lehman ALI, Inc., Northlake Holdings LLC and OVC
                                 Holdings LLC

Dated:   March 14, 2011          THE LOBEL FIRM, LLP


                                 By   */s/ Mike D. Neue*
                                      William N. Lobel (CA Bar No. 93202)
                                      Mike D. Neue (CA Bar No. 179303)

                                 General Insolvency Counsel for Steven M. Speier,
                                 the Chapter 11 Trustee for the Trustee Debtors

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, Debtor(s). | CASE NUMBER 08-17206-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **AMENDED STIPULATION OF FEBRUARY 2011 BY AND BETWEEN LEHMAN ALI INC. AND THE CHAPTER 11 TRUSTEE AUTHORIZING (I) FINANCING FOR CHAPTER 11 TRUSTEE PROFESSIONAL FEES AND EXPENSES AND RELATED EXPENSES OF TRUSTEE DEBTORS AND CHAPTER 11 TRUSTEE AND (II) GRANTING ADMINISTRATIVE EXPENSE CLAIMS** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ___March 14, 2011___ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On ___March 14, 2011___ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*
JUDGE'S COPY [Overnight Delivery]
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___March 14, 2011___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

(1) Gen'l Counsel for Voluntary Debtors:
    Paul Couchot - pcouchot@winthropcouchot.com
    Marc J Winthrop - pj@winthropcouchot.com
    Paul Lianides - plianides@winthropcouchot.com
(2) Debtors (Palmdale Hills Property, LLC and related entities):
    bcook@suncal.com
(3) Counsel for SunCal Management:
    Ronald Rus – rrus@rusmiliband.com
(4) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
    Louis Miller - smiller@millerbarondess.com
    Martin Pritikin - mpritikin@millerbarondess.com
(5) Gen'l Counsel for Ch. 11 Trustee (Speier):
    William Lobel - wlobel@thelobelfirm.com
    Mike Neue – mneue@thelobelfirm.com
(6) Ch. 11 Trustee (c/o Squar Milner):
    Steven N. Speier - sspeier@squarmilner.com; ca85@ecfcbis.com
(7) Office of the United States Trustee:
    Michael Hauser - michael.hauser@usdoj.gov

(8) Counsel for Voluntary Debtors' Committee:
    Alan Friedman - afriedman@irell.com
    Kerri A Lyman - klyman@irell.com
(9) Counsel for Trustee Debtors' Committee:
    Lei Lei Wang Ekvall - lekvall@wgllp.com
    Hutchison B Meltzer - hmeltzer@wgllp.com

Edward Soto - Edward.soto@weil.com; odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Clay Roesch – clay.roesch@weil.com
Chauncey Cole – chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Joseph A Eisenberg - jae@jmbm.com
Mark McKane - mark.mckane@kirkland.com
Atty for Bond Safeguard & Lexon - mea@amclaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 14, 2011 | Melisa DesJardien | /s/ Melisa DesJardien |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, | CASE NUMBER 08-17206-ES |
| Debtor(s). | |

## I. SERVED BY NEF

**8:08-bk-17206-ES Notice will be electronically mailed to:**

(1)  Selia M Acevedo for Atty Miller Barondess LLP
sacevedo@millerbarondess.com,
mpritikin@millerbarondess.com;bprocel@millerbarondess.com

(2)  Joseph M Adams for Def The City of San Juan Capistrano
jadams@sycr.com

(3)  Raymond H Aver for Debtor Palmdale Hills Property, LLC
ray@averlaw.com

(4)  James C Bastian for Cred ARB, Inc.
jbastian@shbllp.com

(5)  Thomas Scott Belden for Def Zim Ind, Inc. dba Bakersfield Well & Pump
sbelden@kleinlaw.com, ecf@kleinlaw.com

(6)  John A Boyd for Int Pty Oliphant Golf Inc
fednotice@tclaw.net

(7)  Mark Bradshaw for Int Pty Courtesy NEF
mbradshaw@shbllp.com

(8)  Gustavo E Bravo for Cred Oliphant Golf, Inc.
gbravo@smaha.com

(9)  Jeffrey W Broker for Cred Bond Safe Ins Co
jbroker@brokerlaw.biz

(10) Brendt C Butler for Cred EMR Residential Properties LLC
BButler@rutan.com

(11) Andrew W Caine for Cred Lehman ALI, Inc.
acaine@pszyjw.com

(12) Carollynn Callari for Cred Danske Bank A/S London Branch
ccallari@venable.com

(13) Dan E Chambers for Cred EMR Residential Properties LLC
dchambers@jmbm.com

(14) Shirley Cho for Cred Lehman ALI, Inc.
scho@pszjlaw.com

(15) Vonn Christenson for Int Pty Courtesy NEF
vrc@paynefears.com

(16) Brendan P Collins for Cred Gray1 CPB, LLC
bpcollins@bhfs.com

(17) Vincent M Coscino for Petitioning Cred CST Environmental Inc
vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

(18) Paul J Couchot for Cred SCC Acquisitions, Inc.
pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;sconnor@winthropcouchot.com

(19) Jonathan S Dabbieri for Int Pty Courtesy NEF
dabbieri@sullivan.com,
hill@sullivanhill.com;mcallister@sullivanhill.com;
stein@sullivanhill.com;vidovich@sullivanhill.com

(20) Ana Damonte for Cred Top Grade Construction, Inc.
ana.damonte@pillsburylaw.com

(21) Vanessa S Davila for Cred Bond Safe Ins Co
vsd@amclaw.com

(22) Melissa Davis for Cred City of Orange
mdavis@shbllp.com

(23) Daniel Denny for Int Pty Courtesy NEF
ddenny@gibsondunn.com

(24) Caroline Djang for Cred Lehman ALI, Inc.
crd@jmbm.com

(25) Donald T Dunning for Cred Hertz Equipment Rental Corp
ddunning@dunningLaw.com

(26) Joseph A Eisenberg for Cred Lehman ALI, Inc.
jae@jmbm.com

(27) Lei Lei Wang Ekvall for Atty Weiland Golden
lekvall@wgllp.com

(28) Richard W Esterkin for Debtor Palmdale Hills Property, LLC
resterkin@morganlewis.com

(29) Marc C Forsythe for Atty Robert Goe
kmurphy@goeforlaw.com

(30) Alan J Friedman for Atty Irell & Manella LLP
afriedman@irell.com

(31) Steven M Garber for Cred Park West Landscape, Inc
steve@smgarberlaw.com

(32) Christian J Gascou for 3rd Party Pltf Arch Insurance Co
cgascou@gascouhopkins.com

(33) Barry S Glaser for Cred County of Los Angeles
bglaser@swjlaw.com

(34) Robert P Goe for Atty Robert Goe
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;mforsythe@goeforlaw.com

(35) Eric D Goldberg for Int Pty Courtesy NEF
egoldberg@stutman.com

(36) Richard H Golubow for Debtor Palmdale Hills Property, LLC
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

(37) Michael J Gomez for Int Pty Central Pacific Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

(38) Kelly C Griffith for Cred Bond Safe Ins Co
bkemail@harrisbeach.com

(39) Matthew Grimshaw for Int Pty City Of Torrance
mgrimshaw@rutan.com

(40) Kavita Gupta for Debtor Palmdale Hills Property, LLC
kgupta@winthropcouchot.com

(41) Asa S Hami for Debtor Palmdale Hills Property, LLC
ahami@morganlewis.com

(42) Michael J Hauser for UST(SA)
michael.hauser@usdoj.gov

(43) D Edward Hays for Cred Villa San Clemente, LLC
ehays@marshackhays.com

(44) Michael C Heinrichs for Int Pty Courtesy NEF
mheinrichs@omm.com

(45) Harry D. Hochman for Cred Lehman ALI, Inc.
hhochman@pszjlaw.com, hhochman@pszjlaw.com

(46) Jonathan M Hoff for 3rd Party Pltf Jt Prov Liqs of Lehman RE Ltd
jonathan.hoff@cwt.com

(47) Nancy Hotchkiss for Cred Murray Smith & Associates Engineering
nhotchkiss@trainorfairbrook.com

(48) Michelle Hribar for Pltf EMR Residential Properties LLC
mhribar@rutan.com

(49) John J Immordino for Cred Arch Insurance Co.
john.immordino@wilsonelser.com,
raquel.burgess@wilsonelser.com

(50) Lawrence A Jacobson for Cred BKF Engineers
laj@cohenandjacobson.com

(51) Michael J Joyce for Int Pty Courtesy NEF
mjoyce@crosslaw.com

(52) Stephen M Judson for Petitioning Cred The Prof Tree Care Co
sjudson@fablaw.com

(53) Kaleb L Judy for Def Zim Ind, Inc. dba Bakersfield Well & Pump
ecf@kleinlaw.com, kjudy@kleinlaw.com

(54) Sheri Kanesaka for Cred California Bank & Trust
sheri.kanesaka@bryancave.com

(55) David I Katzen for Int Pty Bethel Island Muni Impr Dist
katzen@ksfirm.com

(56) Christopher W Keegan for Cred SC Master Holdings II LLC
ckeegan@kirkland.com,
gdupre@kirkland.com;alevin@kirkland.com

(57) Payam Khodadadi for Debtor Palmdale Hills Property, LLC
pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

(58) Irene L Kiet for Cred BNB Engineering, Inc.
ikiet@hkclaw.com

(59) Mark J Krone for Cred Bond Safe Ins Co
mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                              F 9013-3.1.PROOF.SERVICE

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, Debtor(s). | CASE NUMBER 08-17206-ES |

*(60)* David B Lally for Def Contracting Engineers, Inc.
davidlallylaw@gmail.com

*(61)* Leib M Lerner for Cred Steiny and Co, Inc.
leib.lerner@alston.com

*(62)* Peter W Lianides for Debtor Palmdale Hills Property, LLC
plianides@winthropcouchot.com, pj@winthropcouchot.com

*(63)* Charles Liu for Debtor Palmdale Hills Property, LLC
cliu@winthropcouchot.com

*(64)* Kerri A Lyman for Atty Irell & Manella LLP
klyman@irell.com

*(65)* Mariam S Marshall for Cred RGA Environmental, Inc.
mmarshall@marshallramoslaw.com

*(66)* Robert C Martinez for Cred TC Construction Co, Inc
rmartinez@mclex.com

*(67)* Michael D May for Cred R.J. Noble Co.
mdmayesq@verizon.net

*(68)* Hutchison B Meltzer for Jt Cred Com
hmeltzer@wgllp.com

*(69)* Krikor J Meshefejian for Int Pty Courtesy NEF
kjm@lnbrb.com

*(70)* Joel S. Miliband for Cred RBF CONSULTING
jmiliband@rusmiliband.com

*(71)* James M Miller for Atty Miller Barondess LLP
jmiller@millerbarondess.com

*(72)* Louis R Miller for Pltf Palmdale Hills Property, LLC
smiller@millerbarondess.com

*(73)* Randall P Mroczynski for Def Bob McGrann Construction, Inc.
randym@cookseylaw.com

*(74)* Mike D Neue for Atty The Lobel Firm, LLP
mneue@thelobelfirm.com,
jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

*(75)* Robert Nida for Cred Kirk Negrete, Inc
Rnida@castlelawoffice.com

*(76)* Henry H Oh for 3rd Party Pltf Jt Prov Liqs of Lehman RE Ltd
henry.oh@dlapiper.com, janet.curley@dlapiper.com

*(77)* Sean A Okeefe for Debtor Palmdale Hills Property, LLC
sokeefe@okeefelc.com

*(78)* Robert B Orgel for Cred Lehman ALI, Inc.
rorgel@pszjlaw.com, rorgel@pszjlaw.com

*(79)* Malhar S Pagay for Cred Lehman ALI, Inc.
mpagay@pszjlaw.com, mpagay@pszjlaw.com

*(80)* Penelope Parmes for Cred EMR Residential Properties LLC
pparmes@rutan.com

*(81)* Ronald B Pierce for Cred Griffith Co
ronald.pierce@sdma.com

*(82)* Katherine C Piper for Int Pty New Anaverde LLC
kpiper@steptoe.com

*(83)* Cassandra J Richey for Cred Patricia I Volkerts, as Trustee, et al
cmartin@pprlaw.net

*(84)* James S Riley for Cred Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

*(85)* Debra Riley for Int Pty City of Palmdale
driley@allenmatkins.com

*(86)* Todd C. Ringstad for Int Pty Courtesy NEF
becky@ringstadlaw.com

*(87)* R Grace Rodriguez for Def O&B Equipment, Inc.
ecf@lorgr.com

*(88)* Martha E Romero for Cred San Bernardino County Tax Collector
Romero@mromerolawfirm.com

*(89)* Ronald Rus for Cred SunCal Management, LLC
rrus@rusmiliband.com

*(90)* John P Schafer for Cred LB/L-DUC III Bethel Island, LLC
jps@mandersonllp.com

*(91)* John E Schreiber for Def Fenway Capital, LLC
jschreiber@dl.com

*(92)* William D Schuster for Cred HD Supply Construction Supply LTD
bills@allieschuster.org

*(93)* Christopher P Simon for Int Pty Courtesy NEF
csimon@crosslaw.com

*(94)* Wendy W Smith for Cred Castaic Union School District
wendy@bindermalter.com

*(95)* Steven M Speier (TR)
Sspeier@asrmanagement.com, ca85@ecfcbis.com

*(96)* Steven M Speier for Trustee Steven Speier (TR)
Sspeier@Squarmilner.com, ca85@ecfcbis.com

*(97)* Michael St James for Cred MBH Architects, Inc.
ecf@stjames-law.com

*(98)* Michael K Sugar for Unsecured Cred Com
msugar@irell.com

*(99)* Cathy Ta for Def Hi-Grade Material Co.
cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com

*(100)* David A Tilem for Def Southland Pipe Corp
davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;
kmishigian@tilemlaw.com

*(101)* James E Till for Trustee Steven Speier (TR)
jtill@thelobelfirm.com,
jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

*(102)* United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

*(103)* Carol G Unruh for Cred Scott E. McDaniel
cgunruh@sbcglobal.net

*(104)* Annie Verdries for Cred WEC Corp
verdries@lbbslaw.com

*(105)* Jason Wallach for Def Prof Pipeline Contractors, Inc.
jwallach@gladstonemichel.com

*(106)* Joshua D Wayser for Other Prof D. E. Shaw & Co., L.P.
, kim.johnson@kattenlaw.com

*(107)* Christopher T Williams for Cred Danske Bank A/S London Branch
ctwilliams@venable.com, jcontreras@venable.com

*(108)* Marc J Winthrop for Debtor Palmdale Hills Property, LLC
mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

*(109)* David M Wiseblood for Cred Bethel Island Muni Impr Dist
dwiseblood@seyfarth.com

*(110)* Brett K Wiseman for Cred JF Shea Construction Inc
bwiseman@aalaws.com

*(111)* Dean A Ziehl for Counter-Def LV Pacific Point LLC
dziehl@pszjlaw.com, dziehl@pszjlaw.com

*(112)* Marc A. Zimmerman for Cred Life Church of God in Christ
joshuasdaddy@att.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**