Ronald W. Hopkins (CA Bar No. 100895)
Christian J. Gascou (CA Bar No. 209957)
GASCOU HOPKINS, LLP
1801 Avenue of the Stars, Suite 230
Los Angeles, California  90067
Telephone: (310) 785-9116; Facsimile: (310) 785-9149

T. Scott Leo (admitted *pro hac vice*)
Michael J. Dudek (admitted *pro hac vice*)
LEO & WEBER, P.C.
1 North LaSalle Street, Suite 3600
Chicago, Illinois  60602
Telephone: (312) 857-0910; Facsimile: (312) 857-1240

**Attorneys for Arch Insurance Company**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS,<br><br>      Jointly Administered Debtors and Debtors-in-Possession | **CASE NO. 8:08-bk-17206-ES**<br>Jointly Administered with Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17224-ES;<br>8:08-bk-17225-ES; 8:08-bk-17227-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17240-ES;<br>8:08-bk-17242-ES; 8:08-bk-17245-ES;<br>8:08-bk-17246-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17404-ES;<br>8:08-bk-17407-ES; 8:08-bk-17408-ES;<br>8:08-bk-17409-ES; 8:08-bk-17458-ES;<br>8:08-bk-17465-ES; 8:08-bk-17470-ES;<br>8:08-bk-17472-ES; 8:08-bk-17473-ES;<br>8:08-bk-17474-ES; 8:08-bk-17475-ES;<br>8:08-bk-17488-ES |
| Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC<br>☒ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☒ SunCal Johannson Ranch, LLC<br>☒ SunCal Summit Valley, LLC<br>☒ SunCal Emerald Meadows, LLC<br>☒ SunCal Bickford Ranch, LLC<br>☒ Acton Estates, LLC | **OBJECTION OF ARCH INSURANCE COMPANY TO: (I) DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL MARBLEHEAD, LLC AND SUNCAL** |

- 1 -

Objection of Arch Insurance Company to the Disclosure Statements Describing the Chapter 11 Plan of the Suncal
Proponents in the Chapter 11 Cases of the Group I, II, III, and IV Debtors.

| | |
|---|---|
| ☒ Seven Brothers LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☒ Kirby Estates, LLC<br>☒ SunCal Communnities I, LLC<br>☐ SunCal Communities III, LLC<br>☒ SCC Communities LLC<br>☐ North Orange Del Rio Land, LLC<br>☒ Tesoro SF, LLC<br>☒ LB/L-SunCal Oak Valley, LLC<br>☒ SunCal Heartland, LLC<br>☒ LB/L-SunCal Northlake, LLC<br>☒ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☒ SunCal PSV, LLC<br>☒ Delta Coves Venture, LLC<br>☒ SunCal Torrance Properties, LLC<br>☒ SunCal Oak Knoll, LLC | **PSV, LLC [GROUP I DEBTORS]; (II) DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF ACTON ESTATES, LLC, SUNCAL EMERALD MEADOWS, LLC, DELTA COVES VENTURES, LLC, SUNCAL HEARTLAND, LLC, LBL-SUNCAL NORTHLAKE, LLC, AND LBL-SUNCAL OAK VALLEY, LLC [GROUP II DEBTORS]; (III) DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY SUNCAL PROPONENTS IN THE CHAPTER 11 CASES OF SUNCAL BEAUMONT HEIGHTS, LLC, SUNCAL JOHANNSON RANCH, LLC, SUNCAL SUMMIT VALLEY, SEVEN BROTHERS, LLC, KIRBY ESTATES, LLC, AND SUNCAL CENTURY CITY, LLC [GROUP III DEBTORS]; and (IV) DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY SUNCAL PROPONENTS IN THE CHAPTER 11 CASES OF SJD PARTNERS, LTD., SCC COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND, LLC, TESORO SF LLC, SUNCAL TORRANCE, LLC AND SUNCAL OAK KNOLL [GROUP IV DEBTORS]**<br><br>**Hearing:**<br><br>Date:  May 13, 2011<br>Time:  9:30 a.m.<br>Place:  Courtroom 5A<br>             411 West Fourth Street<br>             Santa Ana, California  92701 |

**TO THE HONORABLE ERITHE SMITH, U.S. BANKRUPTCY JUDGE:**

Arch Insurance Company ("Arch"), by and through its undersigned counsel, hereby files this Objection (the "Objection") to: (I) Disclosure Statement Describing Chapter 11 Plan Filed by

Objection of Arch Insurance Company to the Disclosure Statements Describing the Chapter 11 Plan of the Suncal Proponents in the Chapter 11 Cases of the Group I, II, III, and IV Debtors.

SunCal Plan Proponents in the Chapter 11 Cases of Palmdale Hills Property, LLC, SunCal Bickford Ranch, LLC, SunCal Marblehead, LLC and SunCal PSV, LLC [Group I Debtors]; (II) Disclosure Statement Describing Chapter 11 Plan Filed by SunCal Plan Proponents in the Chapter 11 Cases of Acton Estates, LLC, SunCal Emerald Meadows, LLC, Delta Coves Ventures, LLC, SunCal Heartland, LLC, LBL-SunCal Northlake, LLC, and LBL-SunCal Oak Valley, LLC [Group II Debtors]; (III) Disclosure Statement Describing Chapter 11 Plan Filed by SunCal Proponents in the Chapter 11 Cases of SunCal Beaumont Heights, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, Seven Brothers, LLC, Kirby Estates, LLC, and SunCal Century City, LLC [Group III Debtors]; and (IV) Disclosure Statement Describing Chapter 11 Plan Filed by SunCal Proponents in the Chapter 11 Cases of SJD Partners, Ltd., SCC Communities, LLC, North Orange Del Rio Land, LLC, Tesoro SF LLC, SunCal Toorance, LLC, and SunCal Oak Knoll [Group IV Debtors] (each group of Debtors referred to as either "Group I Debtors," "Group II Debtors," "Group III Debtors," or Group IV Debtors") and respectfully states as follows:1

## I. BACKGROUND

1. The debtors (the "Debtors") in the above captioned case are twenty-six companies affiliated with the SunCal Companies, a real estate developer based in California.

2. The Debtors include seventeen debtors ("Voluntary Debtors") who have continued in possession of their assets and operation of their business pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. A trustee (the "Trustee") was appointed pursuant to § 1104 of the Bankruptcy Code to administer the estates of the nine remaining debtors.

4. On April 7, 2011, the Voluntary Debtors, along with SCC Acquisitions, ("SunCal Proponents") filed separate chapter 11 bankruptcy plans for the Group I Debtors, Group II Debtors,

---

1 Arch reserves it rights to object to confirmation of any chapter 11 plan filed in the above captioned jointly administered bankruptcy cases.

- 3 -

Group III Debtors, and Group IV Debtors. Contemporaneously with the filing of each plan, the SunCal Proponents filed a Disclosure Statement for each Plan.

5. Prior to the SunCal bankruptcy cases, Arch, a creditor in the above captioned jointly administered bankruptcy cases, issued subdivision surety bonds ("Bonds") on behalf of several SunCal entities, including several of the Debtors. The Bonds were legally required by local and municipal ordinance to secure the Debtors' obligations to pay for labor and materials needed for subdivision improvements as required by municipal and local ordinance as well as guaranteeing the obligation to provide such improvements.

## II. SUMMARY OF OBJECTION

6. Arch objects to the Disclosure Statements because they lack adequate information because they make no reference to the Bonds issued on each project, lack of information as to the classification of the reliance class of claims, no disclosure is made about how the plan will be financed and implemented raising feasibility issues of each Plan, and no basis is provided for grouping the Debtors into four different Chapter 11 plans.

## III. OBJECTION

7. Section 1125(b) of the Bankruptcy Code provides:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

11 U.S.C. § 1125(b).

8. "Adequate information" requires sufficient information concerning the proposed plan that would enable a hypothetical reasonable investor typical of the holders of claims of the relevant class to make an informed judgment of the plan. *See* 11 U.S.C. § 1125(a)(1); *see also In re Diversified Investors Fund XVII, A*, 91 B.R. 559, 561 (Bankr. C.D. Cal. 1988) ("The primary

- 4 -

purpose of a disclosure statement is to give the creditors the information they need to decide whether to accept the plan.") (quoting *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985)).

**A.  The Disclosure Statements Lack Information Regarding the Obligations Bonded by the Sureties.**

9.  The Disclosure Statements fail to reference surety credit whatsoever. Pursuant to local ordinance, each project required the surety bonds that guaranteed the payment and performance obligations of the Debtors. Arch issued many of these bonds for each project. The Disclosure Statements make no mention of the Bonds or how they will be treated under each Plan.

10.  The Disclosure Statements fail to address that the obligations secured by the Bonds are obligations that run with the properties and that cover costs that any subsequent owner would be compelled to bear. *See, e.g., In re Oyster Bay Cove, Ltd.*, 196 B.R. 251, 255 (Bankr. E.D.N.Y. 1996) (municipal obligations that "run with the land" could not be avoided under a § 363 sale); *In re Adelphia Comm. Corp.*, 359 B.R. 65, 78 (Bankr. S.D.N.Y. 2007) (municipal obligations enacted through legislation for the public welfare cannot be avoided in bankruptcy). Should the sureties be required to pay or perform because of a demand from the municipalities that are the obligees of the Bonds, the costs for improving the property to bring it into compliance with public regulations and ordinances can be recovered upon the sale or transfer of the properties or from subsequent owners.

11.  Moreover, surety bonds are financial accommodations that cannot be assumed and assigned. *See* 11 U.S.C. § 365(c)(2) (prohibiting assignment and assumption contracts for financial accommodations); s*ee also, e.g.*, *In re Sun Runner Marine, Inc.*, 945 F.2d 1089 (9th Cir. 1991) (suretyship agreement constituted a financial accommodation); *In re Wegner Farms, Co.*, 49 B.R. 440 (Bankr. N.D. Iowa 1985) (surety bonds treated as a financial accommodation). Absent an agreement with Arch to keep the Bonds in effect, the Bonds must be replaced upon the transfer of the properties under the Plans. Nowhere is this mentioned in the Disclosure Statements.

**B.  No Disclosure is Made of How the Plan will be Financed and Implemented**

**Raising Concerns of Feasibility of the Plans.**

12.   Approval of a disclosure statement may be denied if the debtor's plan has no hope of being confirmed. *In re Forest Grove, LLC*, __ B.R. __, 2011 WL 761231, *5 (Bankr. D.S.C. Mar. 3, 2011). Confirmation of plan requires that the plan is feasible and does not require further reorganization or liquidation after confirmation of a plan unless contemplated by the plan. 11 U.S.C. § 1129(11). "The purpose of section 1129(a)(11) is to prevent confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation." *In re Pizza of Haw.*, 761 F.2d 1374, 1382 (9th Cir. 1985) (quoting 5 COLLIER ON BANKRUPTCY ¶ 1129.02[11] at 1129-34 (15th ed. 1984)).

13.   The Disclosure Statements lack adequate information as to how the Plans will be implemented and financed. Without such disclosure the feasibility of the Plans is at issue raising the possibility that the SunCal Proponents cannot confirm a Plan. At minimum, disclosures as to funding of each Plan should be presented in the Disclosure Statements to determine if there is any hope of confirming the Plans.

**C.    The Basis for Classification of "Reliance Claims" under the Plans is Unclear in the Disclosure Statements.**

14.   The Disclosure Statements refer to treatment of "Reliance Claims" under both Plans. These claims described as an "Allowed Unsecured Claim against a Debtor that would entitle the holder thereof to be the beneficiary of any equitable subordination judgment obtained against a Lehman Entity by such Debtor, or that would entitled [sic] the holder thereof to receive a share of any Claim Objection Reduction Amount obtained by the Debtor through a Lehman Claim Objection, before other holders of Allowed Unsecured Claims could participate in this recovery amount." (Plan Proponents' Disclosure Statements, Case No. 8:08-bk-17206-ES, Dkts. No. 1892 (Grp. I), 1894 (Grp. II), 1898 (Grp. IV) [Grp. I, pg. 21, ¶ 2.1.120; Grp. II, pg. 22, ¶ 2.1.124; Grp. IV, pg. 22, ¶ 2.1.132]).

- 6 -

15. Section 1122(a) of the Bankruptcy Code provides that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122(a). It is impermissible for a debtor to classify one class of unsecured claims separately from another absent a legitimate business or economic reason. *See In re Barakat*, 99 F.3d 1520, 1526 (9th Cir. 1996).

16. The Disclosure Statements do not adequately describe the reasons for separating the "Reliance Claims" from the other unsecured claims and what basis would warrant separate classification. It may be unclear to a holder of an unsecured claim whether it may be able to elect to have its claim treated as a "Reliance Claim" or if it is a holder of a general unsecured claim. This may affect whether such a creditor would vote for or against each Plan.

17. From Arch's standpoint as a surety, it is unclear from the classification of "Reliance Claims" contained in the Disclosure Statements whether it could include losses incurred as a result of claims for performance made against the bonds (by, *i.e.*, municipalities for completion of certain municipal obligations) or solely for claims relating to labor and materials provided for the projects.

18. The criteria for defining a "Reliance Claim" under each Plan should be better defined to make clear what distinguishes a "Reliance Claim" from a general unsecured claim. Some parties may have both Reliance Claims and unsecured claims. A clearer definition of a "Reliance Claim" will enable those creditors to better decide whether to elect "Reliance Claim" treatment and better aid the creditor in its decision to vote for or against the Plan.

**D.    The SunCal Proponents' Disclosure Statements Provide No Basis as the Reason for Grouping Different Debtors Together under Different Plans.**

19. The four Plans filed by the SunCal Proponents place different groups of debtors into separate plans. The Disclosure Statements lack the adequate information required by § 1125(b) because no basis is stated for the separate groupings of Debtors into separate plans. Holders of claims should be entitled to the information relating to the reasons for placing the Debtors into

- 7 -

separate groups when voting for or against each Plan.

## IV. CONCLUSION

WHEREFORE, Arch respectfully requests that this Court withhold approval of: (i) Disclosure Statement Describing Chapter 11 Plan Filed by SunCal Plan Proponents in the Chapter 11 Cases of Palmdale Hills Property, LLC, SunCal Bickford Ranch, LLC, SunCal Marblehead, LLC and SunCal PSV, LLC [Group I Debtors]; (ii) Disclosure Statement Describing Chapter 11 Plan Filed by SunCal Plan Proponents in the Chapter 11 Cases of Acton Estates, LLC, SunCal Emerald Meadows, LLC, Delta Coves Ventures, LLC, SunCal Heartland, LLC, LBL-SunCal Northlake, LLC, and LBL-SunCal Oak Valley, LLC [Group II Debtors]; (iii) Disclosure Statement Describing Chapter 11 Plan Filed by SunCal Proponents in the Chapter 11 Cases of SunCal Beaumont Heights, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, Seven Brothers, LLC, Kirby Estates, LLC, and SunCal Century City, LLC [Group III Debtors]; (iv) and Disclosure Statement Describing Chapter 11 Plan Filed by SunCal Proponents in the Chapter 11 Cases of SJD Partners, Ltd., SCC Communities, LLC, North Orange Del Rio Land, LLC, Tesoro SF LLC, SunCal Toorance, LLC, and SunCal Oak Knoll [Group IV Debtors]; and (v) grant such other relief as the Court deems appropriate.

Dated:  April 28, 2011

**GASCOU HOPKINS, LLP**

  _/s/ Ronald W. Hopkins_____
Ronald W. Hopkins
Christian J. Gascou

Attorneys for Arch Insurance Company

- 8 -

Objection of Arch Insurance Company to the Disclosure Statements Describing the Chapter 11 Plan of the Suncal Proponents in the Chapter 11 Cases of the Group I, II, III, and IV Debtors.

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1801 Avenue of the Stars Suite 230
Los Angeles CA 90067

A true and correct copy of the foregoing document described as Objection of Arch Insurance Company to the Disclosure Statements Describing the Chapter 11 Plan of the Suncal Proponents in the Chapter 11 Cases of the Group I, II, III, and IV Debtors. will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *4/28/11*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On *4/28/11,* I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Erithe Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041 / Courtroom 5A
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *Fill in Date Document is Filed,* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/28/11 | Julia Jung | */s/Julia Jung* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**

**ELECTRONIC SERVICE LIST**

Michael.Hauser@usdoj.gov
Selia M Acevedo sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
Joseph M Adams jadams@sycr.com
Raymond H Aver ray@averlaw.com
James C Bastian jbastian@shbllp.com
Thomas Scott Belden sbelden@kleinlaw.com, ecf@kleinlaw.com
John A Boyd fednotice@tclaw.net
Mark Bradshaw mbradshaw@shbllp.com
Gustavo E Bravo gbravo@smaha.com
Jeffrey W Broker jbroker@brokerlaw.biz
Brendt C Butler bbutler@mandersonllp.com
Andrew W Caine acaine@pszyjw.com
Carollynn Callari ccallari@venable.com
Cathrine M Castaldi ccastaldi@rusmiliband.com
Tara Castro Narayanan tara.narayanan@msrlegal.com
Dan E Chambers dchambers@jmbm.com
Shirley Cho scho@pszjlaw.com
Vonn Christenson vrc@paynefears.com
Brendan P Collins bpcollins@bhfs.com
Vincent M Coscino vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
Paul J Couchot pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
Jonathan S Dabbieri dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
Ana Damonte ana.damonte@pillsburylaw.com
Vanessa S Davila vsd@amclaw.com
Melissa Davis mdavis@shbllp.com
Daniel Denny ddenny@gibsondunn.com
Caroline Djang crd@jmbm.com
Donald T Dunning ddunning@dunningLaw.com
Joseph A Eisenberg jae@jmbm.com
Lei Lei Wang Ekvall lekvall@wgllp.com
Richard W Esterkin resterkin@morganlewis.com
Marc C Forsythe kmurphy@goeforlaw.com
Alan J Friedman afriedman@irell.com
Steven M Garber steve@smgarberlaw.com
Christian J Gascou cgascou@gascouhopkins.com
Barry S Glaser bglaser@swjlaw.com
Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
Eric D Goldberg egoldberg@stutman.com
Richard H Golubow rgolubow@winthropcouchot.com, pj@winthropcouchot.com
Michael J Gomez mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
Kelly C Griffith bkemail@harrisbeach.com
Matthew Grimshaw mgrimshaw@rutan.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**

Kavita Gupta kgupta@winthropcouchot.com
Asa S Hami ahami@morganlewis.com
Michael J Hauser michael.hauser@usdoj.gov
D Edward Hays ehays@marshackhays.com
Michael C Heinrichs mheinrichs@omm.com
Harry D. Hochman hhochman@pszjlaw.com, hhochman@pszjlaw.com
Jonathan M Hoff jonathan.hoff@cwt.com
Nancy Hotchkiss nhotchkiss@trainorfairbrook.com
Michelle Hribar mhribar@rutan.com
John J Immordino john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
Lawrence A Jacobson laj@cohenandjacobson.com
Michael J Joyce mjoyce@crosslaw.com
Stephen M Judson sjudson@fablaw.com
Kaleb L Judy ecf@kleinlaw.com, kjudy@kleinlaw.com
Steven J Kahn skahn@pszyjw.com
Sheri Kanesaka sheri.kanesaka@bryancave.com
David I Katzen katzen@ksfirm.com
Christopher W Keegan ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
Payam Khodadadi pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
Irene L Kiet ikiet@hkclaw.com
Mark J Krone mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
David B Lally davidlallylaw@gmail.com
Leib M Lerner leib.lerner@alston.com
Peter W Lianides plianides@winthropcouchot.com, pj@winthropcouchot.com
Charles Liu cliu@winthropcouchot.com
Kerri A Lyman klyman@irell.com
Mariam S Marshall mmarshall@marshallramoslaw.com
Robert C Martinez rmartinez@mclex.com
Michael D May mdmayesq@verizon.net
Hutchison B Meltzer hmeltzer@wgllp.com
Krikor J Meshefejian kjm@lnbrb.com
Joel S. Miliband jmiliband@rusmiliband.com
James M Miller jmiller@millerbarondess.com
Louis R Miller smiller@millerbarondess.com
Randall P Mroczynski randym@cookseylaw.com
Mike D Neue mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
Robert Nida Rnida@castlelawoffice.com
Henry H Oh henry.oh@dlapiper.com, janet.curley@dlapiper.com
Sean A Okeefe sokeefe@okeefelc.com
Robert B Orgel rorgel@pszjlaw.com, rorgel@pszjlaw.com
Malhar S Pagay mpagay@pszjlaw.com, mpagay@pszjlaw.com
Penelope Parmes pparmes@rutan.com
Ronald B Pierce ronald.pierce@sdma.com
Katherine C Piper kpiper@steptoe.com
Cassandra J Richey cmartin@pprlaw.net
Debra Riley driley@allenmatkins.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                                         **F 9013-3.1.PROOF.SERVICE**

James S Riley tgarza@sierrafunds.com
Todd C. Ringstad becky@ringstadlaw.com
R Grace Rodriguez ecf@lorgr.com
Martha E Romero Romero@mromerolawfirm.com
Ronald Rus rrus@rusmiliband.com
John P Schafer jschafer@mandersonllp.com
John E Schreiber jschreiber@dl.com
William D Schuster bills@allieschuster.org
Christopher P Simon csimon@crosslaw.com
Wendy W Smith wendy@bindermalter.com
Steven M Speier Sspeier@Squarmilner.com, ca85@ecfcbis.com
Steven M Speier (TR) Sspeier@asrmanagement.com, ca85@ecfcbis.com
Michael St James ecf@stjames-law.com
Michael K Sugar msugar@irell.com
Cathy Ta cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
David A Tilem davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
James E Till jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Carol G Unruh cgunruh@sbcglobal.net
Annie Verdries verdries@lbbslaw.com
Jason Wallach jwallach@gladstonemichel.com
Joshua D Wayser , kim.johnson@kattenlaw.com
Christopher T Williams ctwilliams@venable.com, jcontreras@venable.com
Marc J Winthrop mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
David M Wiseblood dwiseblood@seyfarth.com
Brett K Wiseman bwiseman@aalaws.com
Dean A Ziehl dziehl@pszjlaw.com, dziehl@pszjlaw.com
Marc A. Zimmerman joshuasdaddy@att.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**