Katherine C. Piper, Esq. (CA Bar# 222828)
**STEPTOE & JOHNSON LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Phone: (310) 734-3200
Fax:    (310) 734-3300
Email: kpiper@steptoe.com

Filiberto Agusti, Esq.
Joshua Taylor, Esq. (*admitted pro hac vice*)
**STEPTOE & JOHNSON LLP**
1330 Connecticut Ave., NW
Washington, DC  20036
Phone: (202) 429-3000
Fax:    (202) 429-3902
Email: fagusti@steptoe.com
        jrtaylor@steptoe.com

*Attorneys for New Anaverde, LLC*

**UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>PALMDALE HILLS PROPERTY, LLC,<br>and Its Related Debtors,<br>   Jointly Administered Debtors and<br>   Debtors-In-Possession.<br><br>Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC | Case No.: 8:08-bk-17206-ES<br><br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11 Proceedings<br><br>**LIMITED OBJECTION OF NEW ANAVERDE, LLC TO:<br>(1) DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL MARBLEHEAD, LLC AND SUNCAL PSV, LLC [GROUP 1 DEBTORS]** |

1

DC-2390086.6

| *Caption Continued on Previous Page* | [Docket No. 1892], AND |
|---|---|
| ☐ LB-L-SunCal Oak Valley, LLC<br>☐ SunCal Heartland, LLC<br>☐ LB-L-SunCal Northlake, LLC<br>☐ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☐ SunCal PSV, LLC<br>☐ Delta Coves Venture, LLC<br>☐ SunCal Torrance, LLC<br>☐ SunCal Oak Knoll, LLC | **(2) DISCLOSURE STATEMENT WITH RESPECT TO FIRST AMENDED JOINT CHAPTER 11 PLAN FOR ELEVEN VOLUNTARY DEBTORS PROPOSED BY THE LEHMAN VD LENDERS [Docket No. 1874]**<br><br>Hearing Date: May 13, 2010<br>Time:        9:30 a.m.<br>Courtroom:   5A<br>             411 West Fourth Street<br>             Santa Ana, CA 92701-4593 |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; DEBTORS; DEBTORS' COUNSEL; OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER INTERESTED PARTIES:**

New Anaverde, LLC ("New Anaverde"), as the successor in interest to (a) the Work and Cost Payment Agreement and First Amendment to Reciprocal Easement Agreement and Cooperation Agreement between Anaverde LLC ("Anaverde") and Palmdale Hills Property, LLC ("Palmdale Hills"), dated as of June 29, 2001 (the "Trust Agreement") and (b) the Trust Account,[1] established pursuant to the Trust Agreement, respectfully submits this Limited Objection to the Debtors' Disclosure Statement[2] and the Lehman Disclosure Statement.[3] This

---

[1] Pursuant to the Trust Agreement, certain funds were deposited with and held in trust with Central Pacific Bank in Bank in Account No. 1000914414 ("Trust Account").

[2] *Disclosure Statement Describing Chapter 11 Plan Filed by Suncal Plan Proponents in the Chapter 11 Cases of Palmdale Hills Property, LLC, Suncal Bickford Ranch, LLC, Suncal Marblehead, LLC and Suncal PSV, LLC [Group I Debtors]* [Docket No. 1892] (the "Debtors' Disclosure Statement") which describes the *Chapter 11 Plan Filed by Suncal Plan Proponents in the Chapter 11 Cases of Palmdale Hills Property, LLC, Suncal Bickford Ranch, LLC, Suncal Marblehead, LLC and Suncal PSV, LLC [Group I Debtors]* [Docket No. 1891] (the "Debtors' Plan").

[3] *Disclosure Statement With Respect to First Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed By the Lehman VD Lenders* [Docket No. 1874] (the "Lehman Disclosure Statement" and, collectively with the Debtors' Disclosure Statement, the "Disclosure Statements") which describes the *First Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed By the Lehman VD Lenders* [Docket No. 1874] (the "Lehman Plan" and, with the Debtors' Plan, each a "Plan" and collectively, the "Plans"). The Lehman Creditors also filed a *Disclosure Statement with Respect to First Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* [Docket No. 1876] (the "Lehman Creditors' Disclosure Statement") and related plan, which does not involve the Debtor Palmdale Hills Property, LLC, the Debtor party to the Trust Agreement and Trust Account. However, to the extent that the Lehman Creditors' Disclosure Statement purports to impact the Trust Agreement or Trust Account, New Anaverde objects to it on the same grounds set forth herein.

1  Limited Objection is being filed because: (1) the Debtors' Disclosure Statement appears to
2  impermissibly use the Trust Account funds (the "Trust Funds") to fund distributions to
3  creditors; (2) neither of the Disclosure Statements disclose how the Trust Agreement will be
4  treated under the proposed Plans; and (3) the Lehman Disclosure Statement purports to enjoin
5  New Anaverde from taking any actions necessary to enforce its rights, interests and claims
6  against the Trust Account, including, if necessary, the commencement of litigation for the
7  turnover of the funds.

8  New Anaverde submits that this Court should not approve either of the Disclosure
9  Statements unless they are revised: (1) to make clear that the Trust Account funds will not be
10 used to fund either Plan; (2) to disclose whether the Trust Agreement will be rejected or
11 assumed (or assigned); and (3) to confirm that New Anaverde's rights, interests and claims as
12 against the Trust Account are expressly preserved and not impaired through either Plan.

13 **I.    RELEVANT BACKGROUND.**

14 Previously in these bankruptcy cases, the Voluntary Debtors filed a Turnover Motion[4]
15 pursuant to which the Debtor Palmdale Hills sought an order (i) authorizing the rejection of the
16 Trust Agreement, and (ii) ordering the turnover of the funds held in the Trust Account.[5]
17 Anaverde, New Anaverde's predecessor in interest, objected to the proposed turnover of the
18 funds in the Trust Account, noting, *inter alia*, that the funds held in the Trust Account were not
19 properly subject to turnover under the Bankruptcy Code or the Trust Agreement.[6]  Central
20 Pacific Bank and the City of Palmdale also objected to the turnover of the funds held in the

---

[4] *Voluntary Debtors' Motion for Order (1) Approving Acquisition's Proposal, (2) Authorizing Disposition of Certain Depository Accounts, (3) Rejecting Cost Sharing Agreement with Anaverde LLC, And (4) Turnover of Funds held by Central Pacific Bank* [Docket No. 720] (the "Turnover Motion").

[5] Turnover Motion at pp. 22-26.

[6] *Limited Objection to Voluntary Debtors' Motion for Order (1) Approving Acquisition's Proposal, (2) Authorizing Disposition of Certain Depository Accounts, (3) Rejecting Cost Sharing Agreement with Anaverde LLC, And (4) Turnover of Funds held by Central Pacific Bank* [Docket No. 728] (the "Anaverde Limited Objection").

3

1  Trust Account.[7] In response to these objections, the Voluntary Debtors withdrew the proposed

2  rejection of the Trust Agreement, and acknowledged that "as of September 4, 2009, through

3  the present date, these funds were not available to the Voluntary Debtors."[8]

**OBJECTION**

**II.    THE TRUST FUNDS CANNOT BE USED TO MAKE PLAN PAYMENTS.**

While unclear, the Debtors' Disclosure Statement and related Plan, appears to propose to use the Trust Funds to make payments under the Plan. As explained below, the Debtors do not have the right to access the Trust Funds and, therefore, cannot use those funds to make any payments that are not strictly in accordance with the Trust Agreement, plan payments or otherwise. Accordingly, the Disclosure Statement must make clear that the Trust Funds are excluded from the Plan's definition of "Available Cash."[9]

The Debtors' Plan seems to include the Trust Account funds within the definition of "Available Cash," which would be used to pay make distributions under the Plan. The Debtors' Plan defines "Available Cash Collateral" to include:

---

[7] *See Central Pacific Bank's Limited Opposition* [Docket No. 725] and *City of Palmdale's Limited Objection* [Docket No. 730].

[8] Voluntary Debtors' Reply [Docket No. 749] at p. 6. The Turnover Motion remained pending with respect to the request to turnover the funds, "at the request of the U.S. Trustee . . . such that they may be deposited with an approved depository." *Id.* at p. 7.

[9] The Lehman Plan's definition, however, of "Cash Collateral" excludes the Trust Account Funds:

> "Cash Collateral" is now defined as: "This term is used in reference to certain Assets of a VD Plan Debtor's Estate with the same meaning as set forth in Bankruptcy Code section 363(a) and includes, without limitation, any and all Cash that the Lehman VD Lenders assert constitute Cash Collateral and that the applicable VD Plan Debtor may dispute as constituting Cash Collateral, and any and all interests of the applicable VD Plan Debtor in Cash that may be held by the applicable VD Plan Debtor in escrow as of the Effective Date, **provided, however (1) the term shall not include any Cash held by a party other than a VD Plan Debtor pursuant to that certain Work and Cost Payment Agreement and First Amendment to Reciprocal Easement Agreement and Cooperation Agreement between Anaverde LLC and Palmdale Hills, dated as of June 29, 2001 (the Anaverde Agreement"), (2) rights of Palmdale Hills with respect to the Anaverde Agreement and amounts held pursuant thereto are Litigation Claim**s, and (3) any liens or security interest of the Lehman VD Lender that may exist with respect to the Anaverde Agreement and amounts held pursuant thereto are not eliminated or diminished by the exclusion of the same from this definition."

Lehman Plan at Exhibit D, Definition "Cash Collateral" (emphasis added).

4

Available Cash. Each Group I Debtors' Cash deposited into the applicable Distribution Account(s) on or after the Effective Date that is available for making Distributions under the Plan to Holders of Allowed Administrative, Priority, and General Unsecured Claims. The Available Cash shall consist of the respective Group I Debtors' cash on hand as of the Effective Date that is not subject to a Disputed Lien, proceeds of Net Litigation Recoveries that are not subject to a Disputed Lien . . . .[10]

"Cash" in turn is defined as "Currency of the United States of America and cash equivalents, including, but not limited to, bank deposits, immediately available or cleared checks, drafts, wire transfers or other similar form of payment."[11]

Accordingly, the Trust Account may fall into the above definitions. First, the Trust Account is cash held in an escrow account. The Debtors are including escrow funds as part of the Debtors' cash on hand.[12] Second, on page 31 of the Debtors' Disclosure Statement, the Debtors' provide a chart which purports to list the "Group I Debtors' cash on hand as of January 31, 2011." Included on that chart is an entry "Palmdale Hills --- $2,717,151.17."[13] No further identifying information, such as the depository bank or bank account number, is provided. As such, New Anaverde cannot verify whether those funds (or others listed on the chart) represent the Trust Account funds or not. However, the amount listed appears to be near the approximate amount held in the Trust Account.

To the extent that the Debtors propose to use Trust Funds to pay plan expenses, the Debtors have no right to do so. The Debtors have no right to disbursement of the Trust Funds and, therefore, cannot use those funds to pay any plan expenses.

### A.     Debtor Has No Right to Disbursement of the Funds.

Palmdale Hills simply has no right to the Trust Funds, which are held in trust pursuant to the Trust Agreement, for the purpose of building of a public road named "Avenue S." Disbursement is specifically contingent on Palmdale Hills providing evidence that it has spent

---

[10] Debtors' Plan, § 2.1.13 at p.7.

[11] Debtors' Plan, § 2.1.30 at p.9.

[12] Debtors' Disclosure Statement § 4.1.5 ("Palmdale Hills – ELR Escrow" is listed as part of the Debtors' cash on hand).

[13] Debtors' Disclosure Statement § 4.1.5.

5

an amount building Avenue S equal to the amount sought from the Trust. The whole purpose of the Trust was that, in the event that one of the parties breached the Trust Agreement requirement that the road that joins their properties be constructed, the other party would have access to the Trust Funds to finish the road.[14]

While Palmdale Hills can certainly choose to reject the Trust Agreement (although neither Disclosure Statement informs New Anaverde whether the Debtors intend to do so), rejection does not permit the turnover or disbursement of the Trust Funds. A rejection, of course, will not satisfy the conditions of the Trust Agreement with respect to the road construction, but would merely be deemed a prepetition breach of the Trust Agreement and relieve Palmdale Hills of any obligation to build Avenue S. The Trust Agreement itself, however, will continue to exist, and the Trust Agreement makes clear that if Palmdale Hills is in breach, Palmdale Hills does not receive the Trust Funds. Instead, under the clear terms of Trust Agreement, the other party – now New Anaverde – gets the right to build the Palmdale Hills' portion of Avenue S and reimburse itself from the Trust Funds.

As the Debtor lacks access to the Trust Funds, this Court should not approve any Disclosure Statement (or Plan) which contemplates that those Trust Funds will be available for use in making plan payments.

### *1.    Debtor Had Only a Contingent Right to the Trust Account Funds.*

The terms of the Trust Agreement make it clear that the escrowed funds are held in trust for the benefit of *both* parties for the purposes of the Trust Agreement.[15] Under the terms of the Trust Agreement, the Palmdale Hills' estate's entitlement to the funds was expressly predicated on the occurrence of one of three contingencies.[16] The Trust Agreement lays out

---

[14] *See* Trust Agreement §§ 3.3(d), 8.2.

[15] *See* Trust Agreement § 3.3 (d) ("Funds Control Bank shall hold the Reimbursement Deposits in trust for the benefit of the parties. . .").

[16] *See* Trust Agreement § 3.3(i)-(j) (limiting disbursement to instances of mutual approval, arbitration award, or determination of amount due under § 3.4).

6

DC-2390086.6

specific procedures that must be followed prior to such disbursement.[17] The procedures call for the submission of invoices along with documentation and supporting representations to the effect that the funds sought from the Trust Account are for the reimbursement of expenses incurred on the construction Avenue S.[18] Only upon meeting those requirements would Palmdale Hills have a right to receive some or all of the Trust Funds. Palmdale Hills does not contend that it has satisfied any of the conditions of the Trust Agreement, leaving Palmdale Hills with a contingent right – at best – to the Trust Funds.

### *2.    Filing for Bankruptcy Did Not Grant the Debtor Greater Rights in the Trust Funds than it had Pre-Petition.*

A debtor's "estate is entitled to exactly the same rights to the funds as the debtor held prior to the bankruptcy filing."[19] Under Section 541 of the Bankruptcy Code, a debtor's estate has no greater interest in property after filing for bankruptcy than the debtor had before filing.[20] Where, as in this case, the debtor's prepetition interests money were subject to the constraints of an agreement, the same constraints apply to the estate's post-petition interests.[21] To the extent that the estate seeks unfettered post-petition access to the same funds the debtor had limited pre-petition rights in prior to filing, it is effectively seeking to *expand* its rights by virtue of the petition. Debtors cite no authority permitting such an expansion.

Courts refuse to allow Debtors unlimited access to trust funds in such cases.[22] To allow such access so would not only "be contrary to the agreement of the parties" but would convert

---

[17] *See* Trust Agreement § 3.3 (d) ("Funds Control Bank shall . . . disburse the Reimbursement Deposits in accordance with this Agreement.").

[18] *See* Trust Agreement § 3.3 (e).

[19] *In re Creative Data Forms, Inc*., 41 B.R. 334, 337 (Bankr. E.D. Pa. 1984).

[20] *Universal Bonding Ins. Co. v. Gittens & Sprinkle Enters., Inc.,* 960 F.2d 366, 372 (3d Cir.1992); *see also In re TTS, Inc*., 158 B.R. 583, 585 (D. Del. 1993) ("Section 541 does not give the debtor any greater rights to property than the debtor had before filing for Chapter 11.").

[21] *In re TTS, Inc*., 158 B.R. 583, 587 (D. Del. 1993) (by operation of § 541, the "estate has legal title to the escrow account subject to [creditor's] vested interest, which is exactly what TTS held before filing for bankruptcy.").

[22] *See In re Creative Data Forms, Inc*., 41 B.R. 334, 337. (find no rights to the funds "because the debtor had not performed in the manner required to receive further distribution of the funds and [escrow creditor] had not consented to release the funds.").

7

a "contingent right to a non-contingent one."[23] Since "a debtor's estate has no greater interest in property after filing for bankruptcy than it had before filing" this is an untenable argument.[24] Any rights the estate has in the funds are limited to the limited contingent interests that the debtor had in the same funds.[25]

Here, the estate has stepped into Palmdale Hills' prepetition shoes. Palmdale Hills did have some rights in the escrow funds prepetition, provided that it satisfied the Trust Agreement's pre-conditions. However, New Anaverde has concurrent rights to such funds as well. The bankruptcy petition does not strip other parties of their rights to the Trust Funds. The Palmdale Hills estate's rights to the Trust Funds are subject to the same restrictions as were in place prepetition.[26] Palmdale Hills may not expand its rights to the funds simply because it is in bankruptcy.

### B. Rejection of the Trust Agreement Does Not Give the Debtors' Access to the Trust Funds.

Although, as discussed below, it is unclear whether the Disclosure Statements and Plans contemplate the rejection of the Trust Agreement, rejection of the Trust Agreement will not terminate the Trust Agreement and will not expand Palmdale Hills' rights to the Trust Funds. While rejection may relieve the Palmdale Hills estate of the duty to make *further* contributions to Avenue S, this is a distinct proposition from establishing that the Palmdale Hills estate is entitled to recover the *existing* funds from past contributions.

---

[23] *Id*.

[24] *In re TTS, Inc*., 158 B.R. 583, 585 (D. Del. 1993) (citing *Universal Bonding*, 960 F.2d at 372).

[25] *In re Atlantic Gulf Communities Corp.*,. 369 B.R. 156, 165 (Bankr. D. Del. 2007).

[26] *See In re. N.S. Garrott & Sons*, 772 F.2d 462, 466 (8th Cir. 1985) ("an interest limited in the hands of the debtor is equally limited in the hands of the estate").

8

### *1.    Rejection of the Trust Agreement Does Not Terminate the Trust Agreement.*

It is axiomatic that rejection causes a *breach*,[27] but will not *terminate* the Trust Agreement.[28] "Rejection has absolutely no effect upon the contract's continued existence; the contract is not cancelled, repudiated, rescinded, or in any other fashion terminated."[29] This is clear law in the Ninth Circuit: rejection of a contract does not equate to termination of the contract.[30] "[I]t is clear that rejection in itself does not eliminate the non-debtor's rights under the contract."[31] Other jurisdictions similarly find that rejection does not terminate,[32] nullify[33] or undo a contract.[34]

---

[27] *See, e.g., Aslan v. Sycamore Inv. Co. (In re Aslan)*, 909 F.2d 367, 371 (9th Cir. 1990).

[28] *See Thompkins v. Lil' Joe Records, Inc*., 476 F.3d 1294, 1307 (11th Cir. 2007) (rejection constituted a breach, not a termination, so that transferred copyrights under the contract did not revert to the original copyright owner); *Medical Malpractice Insurance Assoc. v. Hirsch (In re Lavigne)*, 114 F.3d 379, 384-85 (2nd Cir 1997) (rejection represented breach, not termination, of contract) (citations omitted); *Eastover Bank for Savings v. Sowashee Venture (In re Austin Dev. Co.)*, 19 F.3d 1077 (5th Cir. 1994) (debtor/lessee's deemed rejection of lease did not extinguish bank's leasehold mortgage); *In re The Drexel Burnham Lambert Group*, 138 B.R. 687, 703 (Bankr. S.D.N.Y. 1992) ("rejection merely frees the estate from the obligation to perform; it does not make the contract disappear.").

[29] *In re Ortiz*, 400 B.R. 755, 765 (C.D. Cal. 2009); *see also In re The Drexel Burnham Lambert Group*, 138 B.R. 687, 703 (Bankr. S.D.N.Y. 1992) (quotations omitted).

[30] *Mercedes-Benz Credit Corp. v. Dailey (In re Dailey)*, unreported, 1994 WL 55518, Case No. 92-36891, (9th Cir. Feb. 24, 1994) (Bankruptcy court erred in treating rejection of a contract as termination of the contract. "The lease was merely breached, not rescinded or declared void *ab initio* [by rejection];" bankruptcy court erred in ignoring lease's choice of law provision and damage calculation formula based on its opinion that rejection of lease constituted termination); *see also Durkin v. Benedor Corp. (In re G.I. Indus. Inc.),* 204 F.3d 1276, 1282 (9th Cir 2000) ( "The rejection of an executory contract creates a statutory breach under §365(g)."); *In re Ortiz*, 400 B.R. 755, 762 (C.D. Cal. 2009) ("Rejection does not terminate a contract.").

[31] *In re Ortiz*, 400 B.R. 755, 765 (C.D. Cal. 2009).

[32] *In re Tri-Glied Ltd.*, 179 B.R. 1014, 1017-18 (Bankr. E.D.N.Y. 1995) (deemed rejection constitutes a breach of the lease, not a termination); *In re Yasin*, 179 B.R. 43, 49 (Bankr. S.D.N.Y. 1995) ("While rejection constitutes a breach of the contract or lease, 11 U.S.C. §365(g), it does not terminate it. "). *cf. Enter. Energy Corp. v. United States (In re Columbia Gas Sys., Inc.)*, 50 F.3d 233, 239 n.8 (3d Cir. 1995) ("Rejection, which is appropriate when a contract is a liability to the bankrupt, is equivalent to a nonbankruptcy breach.").

[33] *In re The Drexel Burnham Lambert Group*, 138 B.R. 687, 711 (Bankr. S.D.N.Y. 1992) (Despite granting rejection, the court "repudiate[d] Debtor's contention that rejection vaporizes or otherwise avoids [the general counsel's] interest in the escrowed funds.").

[34] *Kopolow v. P.M. Holding Corp. (In re Modern Textile Inc.)*, 900 F.2d 1184, 1191 (8th Cir. 1990) (rejection of lease constituted a breach not a termination); *Leasing Services Corp. v. First Tennessee Bank National Assoc.*, 826 F.2d 434, 436-37 (6th Cir. 1987) (rejection of lease did not extinguish equipment lessor's security interest in property that was the subject of the lease, it merely represented a breach of contract by the debtor).

DC-2390086.6

The prevalence of this rule is appreciated by contemplating the consequences were it otherwise:

> [I]f rejection of the lease worked a termination, it would be difficult to justify granting the other party to the contract or lease a damage claim for rejection, which the lessor is given by section 502(g). Similarly, because a rejection constitutes only a breach, not a termination, a covenant not to compete in a rejected contract continues to bind the debtor, unless the obligation is discharged.
>
> This suggests that the effect of rejection of an executory contract or unexpired lease is limited to a breach or abandonment by the trustee or debtor in possession rather than a complete termination of the lease.[35]

Thus, even if the Trust Agreement is rejected, Palmdale Hills will simply be in breach of the Trust Agreement – the agreement itself will not terminate.

### 2. *Breach of the Trust Agreement Does Not Grant Debtor Immediate Access to the Funds*

As noted, rejection effects a breach that relates back to the filing of the petition. And, upon a breach,[36] under Section 8.2(a) of the Trust Agreement, New Anaverde has the option to effect a "Takeover" of the Trust Funds:

> Should [New Anaverde] exercise the remedy of Takeover, [New Anaverde] shall be entitled to use the funds in PHP's Funds Control Account to pay any outstanding and unpaid costs for the PHP Work, and to pay any future costs for the PHP Work, utilizing the same disbursement procedures set forth in Section 3.3 as if [New Anaverde] were "PHP" and PHP "[New Anaverde]" under those provisions.

Trust Agreement § 8.2(a). Thus, upon Palmdale Hills' breach, New Anaverde has the option to complete construction of Avenue S and obtain reimbursement from the Trust Funds. Any proposed rejection has no effect on this remedy.[37]

---

[35] 3 *Collier on Bankruptcy* ¶ 365.09[3] at 365-80 (15th ed. 1996) (citing cases).

[36] In California law, a breach does not automatically result in the rescission of the contract, but permits the other party to elect among several remedies: (a) rescind the contract; (b) preserve the contract and recover its damages; or (c) treat the contract as repudiated and recover expectation damages. *Oliver v. Campbell*, 43 Cal.2d 298, 302 (1954).

[37] Indeed, if Debtor had tried to seek disbursement under the Trust Agreement, its request would have been subject to its dispute provisions. The Trust Agreement provides that "All claims and disputes between PHP and Anaverde arising under or in connection with this Trust Agreement ('Disputes') shall be decided by binding, neutral arbitration in accordance with this Section."[37] Arbitration was to be invoked whether the dispute was technical or non-technical in nature. *See* Trust Agreement §9.1, 9.2. the estate's rejection of the Trust Agreement

10

Accordingly, the Debtors' estates lack any immediate right to access the Trust Funds. Any Plan that proposes to utilize such funds to make plan payments cannot be confirmed and correspondingly, the Disclosure Statements, which fail to adequately inform New Anaverde of the fate of the Trust Agreement or the Trust Funds should not be approved.[38]

### III.  THE DISCLOSURE STATEMENTS DO NOT CONTAIN ADEQUATE INFORMATION.

In order to be approved, a disclosure statement must contain adequate information – "information of a kind, and in sufficient detail … that would enable … a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1). *See also Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 321-22 (3d Cir. 2003). The burden of proving that a disclosure statement contains adequate information falls on the proponent. *See In re Michelson*, 141 B.R. 715, 719 (Bankr. E.D. Cal. 1992). It has been repeatedly held that "[t]he importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court. Given this reliance, we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of 'adequate information'." *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988); *see also Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.)*, 25 F.3d 1132, 1136 (2d. Cir 1994) ("Of prime importance in the reorganization process is the principle of disclosure.").

A disclosure statement should contain "[a]ll factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan." *In re Microwave Prod. of America, Inc.*, 100 B.R. 376, 377 (Bankr. W.D. Tenn. 1989) (internal quotations omitted). *See also In re Cardinal Congregate I*, 121 B.R. 760, 765 (Bankr. S.D.

---

does not affect the enforceability of the arbitration clause. 3 *Collier on Bankruptcy* ¶ 365.09[1] at 365-78 (15th ed. 1996).

[38] *In re Comandante Management Co., LLC*, 359 B.R. 410 (Bankr. D.P.R. 2006) (if the chapter 11 plan is unconfirmable on its face as a matter of law, then the court cannot approve the disclosure statement); *In re Atlanta West VI*, 91 B.R. 620 (Bankr. N.D. Ga. 1988); *In re Filex, Inc.*, 116 B.R. 37 (Bankr. S.D.N.Y. 1990).

11

Ohio 1990) ("Generally, a disclosure statement must contain all pertinent information bearing on the success or failure of the proposals in the plan of reorganization.").

Although New Anaverde acknowledges that a disclosure statement should not be burdened by unnecessary and technical information, the proposed Disclosure Statements here nonetheless are missing fundamental information, without which New Anaverde cannot make an informed judgment about the proposed Plans.

Neither Disclosure Statement discloses whether the Trust Agreement will be rejected or assumed (or assigned) through the proposed Plans. Unless the Disclosure Statements (and related Plans) identify whether the Trust Agreement is being rejected, the Disclosure Statements lack adequate information for New Anaverde to make an informed decision regarding either Plan.

The Lehman Disclosure Statement indicates that the lenders will file an "Exhibit A" identifying any contracts which will be assumed, assumed and assigned, or rejected and that all other executory contracts will be deemed rejected pursuant to the Lehman Plan so long as they are "not the subject of any pending motion, including to assume, to assume on modified terms, to reject or to make any other disposition filed by the VD Plan Debtors on or before the Confirmation Date."[39]  First, the "Exhibit A" has not been filed, giving New Anaverde no indication of the proposed treatment of the Trust Agreement. Second, the Trust Agreement is currently the subject of the Turnover Motion. While the Turnover Motion no longer seeks rejection of the Trust Agreement, it remains a pending motion. The Lehman Plan fails to explain what will happen to the Trust Agreement upon resolution of the Turnover Motion. The Lehman Proponents should be required to provide adequate information regarding how they intend to treat the Trust Agreement, whether they will reject or assume the agreement, prior to any approval of the Lehman Disclosure Statement.

---

[39] Lehman Disclosure Statement at §§ 5.7.1 & 5.7.4.

12

Similarly, the Debtors' Disclosure Statement fails to disclose how the Trust Agreement will be treated. Rather it simply indicates that the Debtors' Plan Trustee shall have until the expiration of the "Sales Period" under the Debtors' Plan (at least 60 days after the Effective Date days post-confirmation) to assume or reject any executory contract identified on "Exhibit 2" to the Debtors' Plan.[40] Unfortunately, again, "Exhibit 2" has not been provided to New Anaverde. As noted above, the Debtors' Disclosure Statement is also unclear as to how the related plan will treat the Trust Funds, which are governed by the Trust Agreement. The Debtors' Disclosure Statement is simply lacking sufficient information that would enable New Anaverde to understand how the Trust Agreement and Trust Account will be treated upon confirmation of the Debtors' underlying plan.

Unless the requested information is provided, New Anaverde lacks sufficient information to make an informed decision as to whether it should support or oppose the underlying Plans, whether it needs to object to any proposed assumption or transfer of the Trust Agreement and related Trust Account, or whether it needs to file a claim for rejection damages.

**IV.    THE LEHMAN PLAN AND DISCLOSURE STATEMENT RESTRICTS NEW ANAVERDE'S RIGHTS WITH RESPECT TO THE TRUST ACCOUNT.**

As noted above, the Trust Account is an escrow account in which New Anaverde has certain interests and rights to access. The Lehman Disclosure Statement purports to enjoin New Anaverde from taking any actions necessary to enforce its rights, interests and claims against the Trust Account, including, if necessary, the commencement of litigation for the turnover of the funds. The Lehman Disclosure Statement and Plan should be modified to provide that New Anaverde's rights, interests and claims against the Trust Account remain unimpaired by the confirmation of the Lehman Plan.

---

[40] Debtors' Disclosure Statement at §13.1.

13

New Anaverde appreciates that the Lehman Disclosure Statement and Plan acknowledge that the Trust Account and the funds therein are not Available Cash or Cash Collateral available for use under the Plan.[41] Instead, the Lehman Plan provides that any "rights of Palmdale Hills with respect to the Anaverde Agreement and amounts held pursuant thereto are Litigations Claims."[42] Pursuant to the Lehman Plan and Disclosure Statement:

> all rights with respect to such Litigation Claims are reserved and the Liquidating Trustee may pursue such Remaining Litigation Claims. The Liquidating Trustee shall not settle or abandon a Remaining Litigation Claim valued at greater than $100,000, if any, without a Lehman VD Lender's consent; and the Lehman VD Lenders may pursue any Remaining Litigation Claim for the applicable Estate or Estates that, upon request, the Liquidating Trustee does not agree to pursue.[43]

Although the Liquidating Trustee retains his rights in the Trust Account, certain of the discharge, release and exculpation provisions of the Plan would impair New Anaverde's rights, interests and claims against the Trust Account and New Anaverde's ability to protect those rights, interests and claims. More specifically, Section 5.8 of the Disclosure Statement provides:

> [e]xcept as otherwise provided in the Plan . . . all persons who have held, currently hold, or may hold a debt, Claim or Interest against a VD Plan Debtor . . . shall be permanently enjoined from: (a) taking any of the following actions *on account of any such debt, Claim, or Interest*:
> (1) commencing or continuing in any manner any action or other proceeding against the Liquidating Trustee or the Lehman Released Parties (or the successors or property of either of them);
> (2) enforcing, attaching, executing, collecting, or recovering in any manner any judgment, award, decree, or order against the Liquidating Trustee or the Lehman Released Parties (or the successors or property of either of them . . .[44]

The Trust Account is not the Debtors' property. Rather, it is an escrow account in which both Palmdale Hills and New Anaverde have certain rights, interests and claims against. New Anaverde's rights, interests and claims against the Trust Account and the funds held in

---

[41] *See supra* fn. 9 *citing* Lehman Plan at Exhibit D, Definition "Cash Collateral."
[42] Lehman Plan at Exhibit D, Definition "Cash Collateral."
[43] Lehman Disclosure Statement § 5.4.7(b), Lehman Plan § 8.7.2.
[44] Lehman Disclosure Statement at 5.8, Lehman Plan § XII.

14

escrow should remain unimpaired by the confirmation of any Lehman Plan. New Anaverde must remain free to enforce its rights, interests and claims against the Trust Account and the funds therein, including , if necessary, the commencement of litigation for the turnover of the funds if necessary. The Lehman Plan and Disclosure Statement set forth no basis for impairing New Anaverde's rights, interests and claims against the Trust Account under the liquidating plan and cannot be approved without leaving New Anaverde's rights, interest and claims against the Trust Account unimpaired, including its ability to enforce those rights, interest and claims post-confirmation.

## **CONCLUSION**

In light of the foregoing, New Anaverde respectfully requests that this Court enter an order (a) denying approval of the Disclosure Statements, or (b) in the alternative, conditioning approval of the Disclosure Statements on modification of their disclosures to (i) disclose that the Trust Funds will not be available for use in making any plan payments, (ii) disclose the proposed treatment of the Trust Agreement, Trust Account and Trust Funds, and (iii) leave New Anaverde's rights, interests and claims against the Trust Account unimpaired, including its ability to enforce those rights, interests and claims post-confirmation.

Dated: April 29, 2011                Respectfully submitted,

**STEPTOE & JOHNSON LLP**

 */s/ Katherine C. Piper*
Katherine C. Piper, Esq. (CA Bar # 222828)
Filiberto Agusti, Esq.
Joshua R. Taylor, Esq. (*admitted pro hac vice*)

15

DC-2390086.6

| In re:<br>PALMDALE HILLS PROPERTY, LLC,<br>and its Related Debtors,<br>Jointly Administered Debtors and Debtors-in-Possession. | CHAPTER 11<br><br>CASE NUMBER  8:08-bk-17206-ES |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**2121 Avenue of the Stars, 28th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document described as *LIMITED OBJECTION OF NEW ANAVERDE, LLC TO: (1) DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL MARBLEHEAD, LLC AND SUNCAL PSV, LLC [GROUP 1 DEBTORS] [Docket No. 1892], AND (2) DISCLOSURE STATEMENT WITH RESPECT TO FIRST AMENDED JOINT CHAPTER 11 PLAN FOR ELEVEN VOLUNTARY DEBTORS PROPOSED BY THE LEHMAN VD LENDERS [Docket No. 1874]* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 29, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Selia M. Acevedo ................................................................................................. sacevedo@millerbarondess.com,
................................................................................. mpritikin@millerbarondess.com;bprocel@millerbarondess.com
Joseph M. Adams ................................................................................................................................ jadams@sycr.com
Raymond H. Aver *(Counsel for Debtor)*................................................................................ray@averlaw.com **[RSN]**
James C. Bastian ...............................................................................................................................jbastian@shbllp.com
Thomas Scott Belden............................................................................................sbelden@kleinlaw.com, ecf@kleinlaw.com
John A. Boyd ................................................................................................................................ fednotice@tclaw.net
Mark Bradshaw ................................................................................................ mbradshaw@shbllp.com **[RSN]**
Gustavo E. Bravo ........................................................................................................gbravo@smaha.com **[RSN]**
Jeffrey W. Broker ........................................................................................................................jbroker@brokerlaw.biz
Brendt C. Butler................................................................................................................................ BButler@rutan.com
Andrew W. Caine *(Counsel for Lehman Creditors)*........................................................................... acaine@pszyjw.com
Carollynn Callari ..............................................................................................................................ccallari@venable.com
Cathrine M. Castaldi................................................................................................................ccastaldi@rusmiliband.com
Tara Castro Narayanan................................................................................................ tara.narayanan@msrlegal.com
Dan E. Chambers.............................................................................................................................dchambers@jmbm.com
Shirley Cho *(Counsel for Lehman Creditors)*................................................................................. scho@pszjlaw.com
Vonn Christenson................................................................................................................................vrc@paynefears.com
Brendan P. Collins ........................................................................................................................bpcollins@bhfs.com
Vincent M. Coscino .............................................................................vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
Paul J. Couchot................................................................................pcouchot@winthropcouchot.com, pj@winthropcouchot.com;
.................................................................................................................................. sconnor@winthropcouchot.com
Jonathan S. Dabbieri................................................................................................................... dabbieri@shlaw.com
Ana Damonte ................................................................................................................ana.damonte@pillsburylaw.com
Vanessa S. Davila................................................................................................................................vsd@amclaw.com
Melissa Davis ................................................................................................................mdavis@shbllp.com **[RSN]**
Daniel Denny................................................................................................................................ddenny@gibsondunn.com
Caroline Djang *(Counsel for Lehman Creditors)*...........................................................................................crd@jmbm.com
Donald T. Dunning ........................................................................................................ ddunning@dunningLaw.com
Joseph A. Eisenberg *(Counsel for Lehman Creditors)* ................................................................................jae@jmbm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC,<br>and its Related Debtors,<br>Jointly Administered Debtors and Debtors-in-Possession. | CHAPTER 11<br><br>CASE NUMBER  8:08-bk-17206-ES |
|---|---|

Lei Lei Wang Ekvall........................................................................................................................ lekvall@wgllp.com
Richard W. Esterkin *(Counsel for Debtor)*................................................................... resterkin@morganlewis.com
Marc C. Forsythe............................................................................................................... kmurphy@goeforlaw.com
Alan J. Friedman ..............................................................................................................afriedman@irell.com **[RSN]**
Steven M. Garber ................................................................................................................... steve@smgarberlaw.com
Christian J. Gascou ............................................................................................................. cgascou@gascouhopkins.com
Barry S. Glaser...................................................................................................................... bglaser@swjlaw.com
Robert P. Goe ............................................... kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
Eric D. Goldberg................................................................................................................egoldberg@stutman.com
Richard H. Golubow *(Counsel for Debtor)* ............................. rgolubow@winthropcouchot.com, pj@winthropcouchot.com
Michael J. Gomez ............................................... mgomez@frandzel.com; efiling@frandzel.com; sking@frandzel.com
Kelly C. Griffith .................................................................................................................. bkemail@harrisbeach.com
Matthew Grimshaw ...........................................................................................................mgrimshaw@rutan.com
Kavita Gupta...................................................................................................................... kgupta@winthropcouchot.com
Asa S. Hami *(Counsel for Debtor)*.................................................................................... ahami@morganlewis.com
Michael J. Hauser *(Counsel for the U.S. Trustee)* ................................................................. michael.hauser@usdoj.gov
D. Edward Hays ...................................................................................................................ehays@marshackhays.com
Michael C. Heinrichs .................................................................................................................... mheinrichs@omm.com
Harry D. Hochman *(Counsel for Lehman Creditors)* ........................... hhochman@pszjlaw.com, hhochman@pszjlaw.com
Jonathan M. Hoff.............................................................................................................. jonathan.hoff@cwt.com **[RSN]**
Nancy Hotchkiss ................................................................................................................ nhotchkiss@trainorfairbrook.com
Michelle Hribar ................................................................................................................................mhribar@rutan.com
John J. Immordino..................................................... john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
Lawrence A. Jacobson.......................................................................................................laj@cohenandjacobson.com
Michael J. Joyce..................................................................................................................... mjoyce@crosslaw.com
Stephen M. Judson ............................................................................................................sjudson@fablaw.com
Kaleb L. Judy.................................................................................................. ecf@kleinlaw.com, kjudy@kleinlaw.com
Steven J. Kahn ................................................................................................................................ skahn@pszyjw.com
Sheri Kanesaka................................................................................................................ sheri.kanesaka@bryancave.com
David I. Katzen ................................................................................................................................. katzen@ksfirm.com
Christopher W. Keegan ............................................................. ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com
Payam Khodadadi *(Counsel for Debtor)* .............................. pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
Irene L. Kiet.............................................................................................................................. ikiet@hkclaw.com
Mark J. Krone ............................................................... mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
David B. Lally ......................................................................................................................davidlallylaw@gmail.com
Leib M. Lerner ....................................................................................................................... leib.lerner@alston.com
Peter W. Lianides *(Counsel for Debtor)* .................................. plianides@winthropcouchot.com, pj@winthropcouchot.com
Charles Liu *(Counsel for Debtor)* ....................................................................................cliu@winthropcouchot.com
Kerri A. Lyman............................................................................................................... klyman@irell.com **[RSN]**
Mariam S. Marshall ..........................................................................................................mmarshall@marshallramoslaw.com
Robert C. Martinez ...........................................................................................................rmartinez@mclex.com **[RSN]**
Michael D. May.....................................................................................................................mdmayesq@verizon.net
Hutchison B. Meltzer *(Counsel for Joint Committee of Creditors)* ....................................... hmeltzer@wgllp.com
Krikor J. Meshefejian....................................................................................................................kjm@lnbrb.com
Joel S. Miliband..................................................................................................................jmiliband@rusmiliband.com
James M. Miller ..................................................................................................................jmiller@millerbarondess.com
Louis R. Miller...................................................................................................................smiller@millerbarondess.com
Randall P. Mroczynski.......................................................................................................randym@cookseylaw.com
Mike D. Neue *(Counsel for Trustee)* ........................................... mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;
 ............................................................................................................................................ pnelson@thelobelfirm.com
Robert Nida .........................................................................................................................Rnida@castlelawoffice.com
Henry H. Oh ........................................................................... henry.oh@dlapiper.com, janet.curley@dlapiper.com
Sean A. Okeefe *(Counsel for Debtor)*.................................................................................. sokeefe@okeefelc.com
Robert B. Orgel *(Counsel for Lehman Creditors)* ..............................................rorgel@pszjlaw.com, rorgel@pszjlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC,<br>and its Related Debtors,<br>Jointly Administered Debtors and Debtors-in-Possession. | CHAPTER 11<br><br>CASE NUMBER 8:08-bk-17206-ES |
|---|---|

Malhar S. Pagay *(Counsel for Lehman Creditors)* .................................... mpagay@pszjlaw.com, mpagay@pszjlaw.com
Penelope Parmes ........................................................................................................... pparmes@rutan.com
Ronald B. Pierce .......................................................................................................... ronald.pierce@sdma.com
Katherine C. Piper *(Counsel for New Anaverde, LLC)* ................................................................ kpiper@steptoe.com
Cassandra J. Richey ............................................................................................................. cmartin@pprlaw.net
Debra Riley .......................................................................................................................... driley@allenmatkins.com
James S. Riley ....................................................................................................................... tgarza@sierrafunds.com
Todd C. Ringstad ................................................................................................................... becky@ringstadlaw.com
R. Grace Rodriguez ............................................................................................................................ ecf@lorgr.com
Todd C. Ringstad ................................................................................................................... becky@ringstadlaw.com
Martha E. Romero ................................................................................. Romero@mromerolawfirm.com **[RSN]**
Ronald Rus ........................................................................................................................ rrus@rusmiliband.com
John P. Schafer ..................................................................................................................... jps@mandersonllp.com
John E. Schreiber ........................................................................................................................ jschreiber@dl.com
William D. Schuster ............................................................................................. bills@allieschuster.org **[RSN]**
Christopher P. Simon .............................................................................................................. csimon@crosslaw.com
Wendy W. Smith ................................................................................................................ wendy@bindermalter.com
Steven M. Speier ................................................................................ Sspeier@Squarmilner.com, ca85@ecfcbis.com
Steven M. Speier (TR) ...................................................................... sspeier@asrmanagement.com; ca85@ecfbis.com
Michael St. James ................................................................................................................. ecf@stjames-law.com
Michael K. Sugar .......................................................................................................................... msugar@irell.com
Cathy Ta ........................................................ cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
David A. Tilem ............................... davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com; dianachau@tilemlaw.com;
 .................................................................................................................................. kmishigian@tilemlaw.com
James E. Till ............................................. jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
United States Trustee (SA) ................................................................................................... ustpregion16.sa.ecf@usdoj.gov
Carol G. Unruh ..................................................................................................................... cgunruh@sbcglobal.net
Annie Verdries ......................................................................................................................... verdries@lbbslaw.com
Jason Wallach ..................................................................................................................... jwallach@gladstonemichel.com
Joshua D. Wayser ................................................................................................................. , kim.johnson@kattenlaw.com
Christopher T. Williams ........................................................................ ctwilliams@venable.com, jcontreras@venable.com
Marc J. Winthrop *(Counsel for Debtor)* ................................ mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
David M. Wiseblood ........................................................................................ dwiseblood@seyfarth.com **[RSN]**
Brett K. Wiseman ...................................................................................................................... bwiseman@aalaws.com
Dean A. Ziehl ...................................................................................................... dziehl@pszjlaw.com, dziehl@pszjlaw.com
Marc A. Zimmerman ............................................................................................................... joshuasdaddy@att.net

☐ Service information continued on attached page


**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On April 29, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed*.*


Office of the United States Trustee
Attn: Michael Hauser, Esq.
411 West Fourth Street, Suite 9041
Santa Ana, CA  92701-8000
*(VIA U.S. MAIL)*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                **F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC,<br>and its Related Debtors,<br>Jointly Administered Debtors and Debtors-in-Possession. | CHAPTER 11<br><br>CASE NUMBER 8:08-bk-17206-ES |
|---|---|

General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors
William N. Lobel, Esq.
Mike D. Neue, Esq.
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, CA  92660
*(VIA U.S. MAIL)*

Counsel for Regal Development, LLC **[RSN]**
Benjamin M. Weiss, Esq.
12770 High Bluff Drive, Suite 160
San Diego, CA  92130
*(VIA U.S. MAIL)*

Counsel for Creditor, Marques Pipeline, Inc. **[RSN]**
John W. Busby, Esq.
251 Lafayette Circle, Suite 350
Lafayette, CA  94549
*(VIA U.S. MAIL)*

Counsel for Creditor, Bova Contracting Corporation **[RSN]**
Wayne W. Call, Esq.
CALL, JENSEN & FERRELL
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
*(VIA U.S. MAIL)*

Counsel for Joint Provisional Liquidators of Lehman RE LTD **[RSN]**
Betty M. Shumener, Esq.
DLA PIPER LLP (US)
550 South Hope Street, Suite 2300
Los Angeles, CA 90071-2678
*(VIA U.S. MAIL)*

Counsel for the Lehman VD Lenders
Shai Waisman, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
*(VIA U.S. MAIL)*

Counsel for the Lehman VD Lenders
Edward Soto, Esq.
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL  33131
*(VIA U.S. MAIL)*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 29, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Honorable Erithe Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5041
Santa Ana, CA  92701-4593
*(VIA PERSONAL DELIVERY)*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/29/11 | Aja N. Clark | */s/ Aja N. Clark* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                              **F 9013-3.1**