DEBRA A. RILEY (BAR NO. 151925)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: driley@allenmatkins.com

Attorneys for CITY OF PALMDALE

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS,<br>    Jointly Administered Debtors and Debtors-in-Possession<br><br>Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows LLC<br>☒ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Steven Brothers LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ Sun Cal Communities I, LLC<br>☐ Sun Cal Communities III, LLC<br>☐ SCC Communities LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC<br>☐ LBL-SunCalOak Valley, LLC<br>☐ SunCal Heartland, LLC<br>☐ LBL-SunCal Northlake, LLC<br>☒ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☒ Sun Cal PSV, LLC<br>☐ Delta Coves Venture, LLC<br>☐ SunCal Torrance, LLC<br>☐ SunCal Oak Knoll, LLC | Case No. 8:08-bk-17206-ES<br><br>Jointly Administered with Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES<br>8:08-bk-17224-ES; 8:08-bk-17242-ES<br>8:08-bk-17225-ES; 8:08-bk-17245-ES<br>8:08-bk-17227-ES; 8:08-bk-17246-ES<br>8:08-bk-17230-ES; 8:08-bk-17231-ES<br>8:08-bk-17236-ES; 8:08-bk-17248-ES<br>8:08-bk-17249-ES; 8:08-bk-17573-ES<br>8:08-bk-17574-ES; 8:08-bk-17575-ES<br><br>Chapter 11 Cases<br><br>**CITY OF PALMDALE'S OBJECTION AND JOINDER IN THE LIMITED OBJECTION OF NEW ANAVERDE, LLC TO: DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL MARBLEHEAD, LLC AND SUNCAL PSV, LLC [GROUP I DEBTORS] [Docket No. 1892]**<br><br>**Hearing:**<br>Date:    May 13, 2011<br>Time:    9:30 a.m.<br>Place:    Courtroom 5A<br>           411 West Fourth Street<br>           Santa Ana, CA 92701<br>Judge:   Hon. Erithe A. Smith |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; DEBTORS; DEBTORS' COUNSEL; OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER INTERESTED PARTIES:**

The City of Palmdale for itself and on behalf of the City of Palmdale Community Facilities District No. 93-1 (Ritter Ranch) (collectively, "City of Palmdale") hereby objects to the Disclosure Statement Describing Chapter 11 Plan Filed By SunCal Plan Proponents in the Chapter 11 Cases of Palmdale Hills Property, LLC, SunCal Bickford Ranch, LLC, SunCal Marblehead, LLC, and SunCal PSV, LLC [Group I Debtors] ("Disclosure Statement") [Docket No. 1892], and joins in the Limited Objection of New Anaverde, LLC ("New Anaverde") to the Disclosure Statement [Docket No. 2006].

### I. BACKGROUND

The City of Palmdale presents this Objection to the Disclosure Statement with respect to the portions of SunCal Plan Proponents' proposed plan ("SunCal Plan") that pertain to Palmdale Hills Property, LLC, one of the Group I Debtors[1] herein ("Palmdale Hills"), and matters related thereto.

Palmdale Hills is the owner of a master-planned, partially entitled residential development in Palmdale, California, commonly referred to as Ritter Ranch ("Ritter Ranch Project"). The development of the Ritter Ranch Project is governed by numerous legislative and adjudicatory enactments, agreements, and other documents, including, without limitation, (i) the City of Palmdale's General Plan, (ii) Ordinance No. 91-117, (iii) Specific Plan dated on or about December 18, 1991, (iv) Ordinance No. 964, (v) Development Agreement dated June 1992 ("DA"), by and between the City of Palmdale and Ritter Park Associates, as such DA was supplemented by that certain Development Plan Agreement dated September 2004, by and between the City of Palmdale and Palmdale Hills ("DA Supplement," collectively with the DA, the "Development Agreement"), (vi) certain environmental impact reports, (vii) certain tentative and subdivision maps, (viii) certain subdivision improvement agreements, and (ix) a variety of

---

[1] Except for Section III herein, terms not defined herein shall have the meanings ascribed to them in the Disclosure Statement.

permits, issued by the City of Palmdale and variety of state and federal authorities (collectively "Project Documents"). By its own terms, the Development Agreement is set to expire on July 10, 2012. Section 5.1 of the DA Supplement provides that the Development Agreement and related agreements and contracts are financial accommodation agreements which cannot be transferred (assumption and assignment) by a debtor in possession or trustee in a bankruptcy case.

Since the bankruptcy case commenced, except for certain infrastructure construction, including construction activity related to Phase 1 of Elizabeth Lake Road, there has been no appreciable on-site development activity. The City of Palmdale was granted relief from stay to proceed against the surety bonds securing the performance of the construction of Elizabeth Lake Road.

Also, the Ritter Ranch Project lies within the boundaries of the City of Palmdale CFD No. 93-1 (Ritter Ranch) community facility district. Accordingly, Palmdale Hills, as the owner, is subject to Special Taxes. In October 2010, Palmdale Hills was issued an invoice for Fiscal Year 2010/2011 Mello-Roos Special Tax Levy ("Special Taxes") for payments due December 10, 2010, and April 10, 2010, in the respective amounts of $777,731.06 each. To date, the taxes have yet to be paid by Palmdale Hills, as debtor in possession, and are now delinquent.

## II. LEGAL STANDARD: ADEQUATE INFORMATION

Pursuant to Bankruptcy Code section 1125, a disclosure statement must contain "adequate information." Section 1125(a) defines "adequate information" as "information of a kind, and in sufficient detail, as far as is reasonably practical in light of the nature and history of the debtor and the condition of the debtor's books and records, . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan . . ." 11 U.S.C. § 1125(a). The burden of proving that a disclosure statement contains adequate information falls on the proponent. *See In re Michelson*, 141 B.R. 715, 719 (Bankr. E.D. Cal. 1992).

The importance of full and adequate disclosure as required by Section 1125 of the Bankruptcy Code should not be minimized. It has been repeatedly held that "[t]he importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court. Given this reliance, we cannot overemphasize the debtor's obligation to provide

sufficient data to satisfy the Code standard of 'adequate information'." *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988).

A disclosure statement should contain "[a]ll factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan." *In re Microwave Prod. of America, Inc.*, 100 B.R. 376, 377 (Bankr. W.D. Tenn. 1989) (internal quotations omitted). *See also In re Cardinal Congregate I*, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990) ("Generally, a disclosure statement must contain all pertinent information bearing on the success or failure of the proposals in the plan of reorganization.").

Although the City of Palmdale acknowledges that a disclosure statement should not be burdened by unnecessary and technical information, the proposed Disclosure Statement here nonetheless is missing fundamental information, without which the City of Palmdale (and other interested parties) cannot make an informed judgment about the SunCal Plan as it pertains to Palmdale Hills.

**A. The Disclosure Statement Fails to Provide Adequate Information Regarding the Ritter Ranch Project**

Exhibit 1, page 97 of the Disclosure Statement provides the only description of the Ritter Ranch Project and the Project Documents. Although the information contained therein may be accurate, it is incomplete, and perhaps misleading with respect to the status of the Development Agreement and the project entitlements. The disclosure statement should be amended to include the status of the entitlements, permits, and defaults under the Development Agreement as addressed in the letter from the City of Palmdale to Palmdale Hills dated November 2, 2010. A copy of the letter is attached hereto as Exhibit A and incorporated herein by reference.

**B. The Disclosure Statement and Plan Fail to Address the Payment of the Delinquent Unpaid Special Taxes.**

As noted above, Palmdale Hills owes the City of Palmdale Special Taxes in an amount that exceeds $1.5 million (with penalties and interest). The Special Taxes have been assessed against the estate post-petition as allowed under section 362(18) of the Bankruptcy Code and are deemed an administrative expense pursuant to section 503(b)(1)(B)(i) of the Bankruptcy Code.

Accordingly, the Plan and Disclosure Statement must be amended to provide for the payment of the Special Taxes on the Effective Date (unless they are paid now as they should be).

**C.    The Disclosure Statement Fails to Address the Transferability of the Project Documents and the Defaults under the Development Agreement.**

The Disclosure Statement provides that "[O]n the Effective Date, title to and possession of all property of the Group I Debtors, excepting those items of property that the Plan Trustee affirmatively elects not to transfer to the Plan Trust, shall be deemed transferred and delivered to the Plan Trust." Pg 44, Ln 9:12.  The Disclosure Statement further provides that "[Under the time line provided for in the Plan, the four Projects [which would include the Ritter Ranch Project] addressed in the Plan will be sold on the Effective Date." Pg. 87, Ln 26:27.  Additional disclosure is necessary regarding the Plan's implementation and transfer of the Projects.  Why will the Projects[2] be transferred to the Trust on the Effective Date and sold by the Trust on the Effective Date?  Also, in connection with the transfer, does Palmdale Hills intend on transferring the Project Documents?  As noted above, absent an agreement of the City of Palmdale, the Development Agreement and other Project Documents cannot be transferred.  The Disclosure Statement should provide information regarding whether Palmdale Hills intends to obtain the required consent of the City of Palmdale prior to the transfer of the Ritter Ranch Project to the Trust (and then to a third-party) or whether they contend that the transfer of the Project Documents, including the Development Agreement, to the Trust (and then to a third-party) can be effectuated without the consent of the City of Palmdale and over its objection.  This disclosure is necessary so the City of Palmdale can properly assess whether the terms of the SunCal Plan will impede on its authority to regulate land development within Palmdale.

**D.    The Disclosure Statement Fails to Provide Adequate Information Regarding Feasibility.**

Section 14.2 of the Disclosure Statement addresses feasibility and states that "Within the context of this Plan, feasibility is limited to having sufficient funds to pay administrative and

---

[2]   The City of Palmdale assumes that property to be transferred to the Trust included the Projects.

priority claims on the Effective Date and sufficient funds to fund the sale of the Properties."
Pg 87, Ln 23:25. The Special Taxes are an Administrative Claim which must be paid on the
Effective Date, if not paid, like they should, in the ordinary course. Section 10.26 of the
Disclosure Statement states that Acquisitions will cause the funding of amounts required under the
Plan to the extent necessary after all Available Cash has been exhausted: (a) All Allowed
Administrative Claims; (b) Allowed Priority Claims; and (c) Continuing Professional fees for the
prosecution of the Litigation Claims and other post-confirmation expenses. Pg. 80, Ln 3:9.
Section 14.2 should be amended to include an analysis of the payments that are expected to be
made on the Effective Date and the source of those monies should be identified. If the source is
not Acquisitions, the source should be identified. If the source is Acquisitions, the Disclosure
Statement should provide information regarding the ability of Acquisitions to make the payments,
especially since there are pending judgments and liens filed against Acquisitions and its assets.

### E. The Disclosure Statement Fails to Provide Adequate Information Regarding the Treatment of Claims of Governmental Agencies.

The Disclosure Statement should be clarified and/or amended to adequately describe the treatment of claims held by the City of Palmdale and similarly situated governmental agencies relating to and arising under the entitlement documents, including the Project Documents for the City of Palmdale.

### III. JOINDER OF NEW ANAVERDE'S OBJECTIONS

Available Cash which is expected to be used to fund the Plan, appears to include $2.7 million included in an Escrow Account subject to an Escrow Agreement between New Anaverde, Palmdale Hills, and the Bank. The monies in the Escrow Account, including the $2.7 million, can only be used to reimburse expenses of New Anaverde and/or Palmdale Hills associated with the construction of Avenue "S" in the Ritter Ranch Project. The monies cannot be used to fund the Plan, as the Disclosure Statement appears to suggest. Similarly, as stated in the Limited Objection of New Anaverde and incorporated herein, the Disclosure Statement should not be approved because: (1) the Disclosure Statement does not disclose how the Escrow Account will be treated under the SunCal Plan, and (2) the SunCal Plan fails to provide that the funds in the

1  Escrow Account will be used to make payments under the SunCal Plan, rather than the

2  construction of Avenue "S."  Under the terms of the Escrow Agreement, the funds may only be

3  used for construction of Avenue "S."  Neither New Anaverde nor Palmdale Hills have the ability

4  to use the funds for any other purpose.

## IV.    RESERVATION OF RIGHTS

6  The City of Palmdale reserves its rights to assert further objections to the Disclosure

7  Statement either at or prior to any hearing thereon.  Additionally, nothing herein shall limit or

8  otherwise effect the City of Palmdale to assert objections to the SunCal Plan, once (and if) the

9  Disclosure Statement is approved.

## V.    CONCLUSION

11  For all the reasons set forth above, the City of Palmdale respectfully requests that this

12  Court enter an order denying approval of the Disclosure Statement at this time, and granting such

13  other and further relief as may be just and proper under the circumstances of this case.

15  Dated: April 29, 2011                                ALLEN MATKINS LECK GAMBLE
                                                        MALLORY & NATSIS LLP

17                                                      By: /s/ Debra A. Riley
                                                            DEBRA A. RILEY
18                                                          Attorneys for CITY OF PALMDALE



# PALMDALE
*a place to call home*

November 2, 2010

JAMES C. LEDFORD, JR.
Mayor

TOM LACKEY
Mayor Pro Tem

LAURA BETTENCOURT
Councilmember

MIKE DISPENZA
Councilmember

STEVEN D. HOFBAUER
Councilmember

38300 Sierra Highway

Palmdale, CA 93550-4798

Tel: 661/267-5100

Fax: 661/267-5122

TDD: 661/267-5167

Mr. Frank Faye
Mr. Bruce V. Cook, Esq.
Palmdale Hills Property, LLC
2392 Morse Avenue
Irvine, CA 92614

RE: **Palmdale Hills Property Periodic Review as set forth in Development Agreement 92-1 effective July 10, 1992 and recorded in the Official Records of Los Angeles County, California, ("Official Records") on October 9, 1992 as Instrument No. 1992-1885519, as amended by that certain First Amendment to Development Agreement dated September 9, 1995, and recorded in the Official Records on December 19, 1995 as Instrument No. 1995-2019687, and as further amended by that certain Development Plan Agreement entered into in September, 2004, collectively defined herein as "Development Agreement"**

Dear Messrs. Faye and Cook:

Pursuant to Section 8.2 of the Development Agreement, this letter shall constitute the City's periodic review of the developer's compliance with the terms of said agreement.

**Recent Development Activity:**
Within the past year, the property owner has not performed any appreciable on-site development activity. The only related construction activity has been the completion of Phase 1 of Elizabeth Lake Road along the project's frontage.

In July, the Crown Fire burned vegetation over most of the project area, creating the potential for debris flows during storms this winter. In anticipation of these events, City crews performed preventative

Auxiliary aids provided for

communication accessibility

upon 72 hours' notice and request.

www.cityofpalmdale.org

Exhibit A, Page 1 of 3

Letter to Frank Faye and Bruce V. Cook, Esq.
Palmdale Hills Property, LLC.
November 2, 2010
Page 2

maintenance along Elizabeth Lake Road to avoid flooding and mudslide hazards. Even with these preventive measures, the recent rains caused mudslides that resulted in the temporary closure of Elizabeth Lake Road while City maintenance crews cleared mud and debris. The Ritter Ranch project lacks the necessary erosion control measures to prevent these storm-related events.

**Status of Entitlements and Permits:**
Development Agreement 92-1 was approved in July 1992 and will expire on July 10, 2012. All tentative maps will expire on July 10, 2012. The Conditional Use Permit for the Recreation Center within Planning Area 5C and the Site Plan Review approvals for the "Welcome Center" within Planning Area 5A, the pump station at Marie Kerr Park, and the neighborhood park within Planning Area 5F have all expired. Building permits issued for the Welcome Center, the adjacent windmill and waterwheel house, and the Recreation Center have all expired. The City intends to adopt State-mandated revisions to our building code, effective January 1, 2011. Any subsequent building permit, including a new permit for the Welcome Center, windmill and waterwheel house, must be in compliance with the standards set forth in the building code in effect at the time the permit is issued.

The Subdivision Improvement Agreements posted for Tracts 51508-01 and 02 have expired. In addition, the Department of Fish and Game permit for improvements associated with Elizabeth Lake Road has also expired.

The project, including Elizabeth Lake Road, lacks an implemented Storm Water Pollution Prevention Plan.

**Compliance with the Terms of the Development Agreement:**
As a result of the City's review of the project's compliance with the Development Agreement, we find the project developer in breach of the agreement based on the following conditions.

1. According to Sections 9.5 (b) and (c), any voluntary or involuntary bankruptcy filing constitutes a breach of the agreement. Palmdale

Letter to Frank Faye and Bruce V. Cook, Esq.
Palmdale Hills Property, LLC.
November 2, 2010
Page 3

      Hills Properties, LLC is currently engaged in bankruptcy proceedings and has been for the past two years.

2.    The development time frames provided in the Exhibit B of the agreement and updated in the Development Plan Agreement have not been met.

3.    Development Agreement Section 5.9, as revised by the Development Plan Agreement in 2004, requires that the project's proposed golf course be completed by September 2011. Given the state of the project, it appears unlikely that this obligation can be met; therefore, the city anticipates that the failure to complete this required amenity will result in an additional breach of the agreement within the next year.

This list of items in default may not be exhaustive. Nothing contained herein or omitted here from, nor any other past, present or future communication, whether written or oral, should be construed as a waiver of any of the rights, remedies or positions which we may have, all of which are hereby expressly reserved.

If you have any questions concerning this review, please contact Assistant City Manager Laurie Lile at (661) 267-5107 or me at (661) 267-5293.

Sincerely,

Richard Kite
Planning Manager

cc:    Mayor and City Council
       Stephen H. Williams, City Manager
       Mike Mischel, Director of Public Works
       Debra Riley, Esq. Allen Matkins
       Steve Orr, Esq., Richards, Watson & Gershon
       Lehman Commercial Paper, Inc.

| In re: | CHAPTER: 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS | |
| Debtor(s). | CASE NUMBER: 08-17206 ES |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
501 West Broadway, 15th Floor, San Diego, California 92101

A true and correct copy of the foregoing document described as **CITY OF PALMDALE'S OBJECTION AND JOINDER IN THE LIMITED OBJECTION OF NEW ANAVERDE, LLC TO: DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL MARBLEHEAD, LLC AND SUNCAL PSV, LLC [GROUP I DEBTORS] [Docket No. 1892]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 29, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **April 29, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via FedEx Overnight Delivery:**
Hon. Erithe A. Smith
U.S. Bankruptcy Court
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on , , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 29, 2011 | Debra A. Riley | /s/ Debra A. Riley |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9013-3.1**

| In re: | CHAPTER: 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS | |
| Debtor(s). | CASE NUMBER: 08-17206 ES |

**I  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Jonathan S Dabbieri    dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning    ddunning@dunningLaw.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    **F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 08-17206 ES |

- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkclaw.com
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

| In re:<br>PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS<br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 08-17206 ES |
|---|---|

- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Christopher T Williams    ctwilliams@venable.com, jcontreras@venable.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**