IRELL & MANELLA LLP
Alan J. Friedman (State Bar No. 132580)
afriedman@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Counsel for the Official Committee of
Unsecured Creditors in
Chapter 11 Cases of Palmdale Hills
Property, LLC et al.

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re<br>PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS,<br><br>    Joint Administered Debtors and Debtors-in-Possession | Case No. 8:08-bk-17206- ES<br><br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8-08-bk-17575 ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES<br>8:08-bk-17588-ES |
| Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☒ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☒ SunCal Johannson Ranch, LLC<br>☒ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☒ Seven Brothers LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☒ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF LLC<br>☐ LBL-SunCal Oak Valley, LLC<br>☐ SunCal Heartland, LLC<br>☐ LBL-SunCal Northlake, LLC<br>*Caption Continued on Next Page* | Chapter 11 Cases<br><br>**OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF SUNCAL BEAUMONT HEIGHTS, LLC, SUNCAL JOHANSSON RANCH, LLC, SUNCAL SUMMIT VALLEY, SEVEN BROTHERS, LLC, KIRBY ESTATES, LLC, AND SUNCAL CENTURY CITY, LLC [GROUP III DEBTORS]** |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP III DEBTORS]

2158280

| ☐ SunCal Marblehead, LLC | Hearing: |
| ☒ SunCal Century City, LLC | Date: May 13, 2011 |
| ☐ SunCal PSV, LLC | Time: 9:30 a.m. |
| ☐ Delta Coves Venture, LLC | Place: Courtroom 5A |
| ☐ SunCal Torrance, LLC | |
| ☐ SunCal Oak Knoll, LLC | |

**TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE, THE RELATED DEBTORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES-IN-INTEREST:**

The Official Joint Committee of Creditors Holding Unsecured Claims (the "Committee"), duly appointed in the related jointly administered chapter 11 cases of Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC, SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers, LLC, SJD Partners, Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC, SunCal Communities III, LLC, SCC Communities LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the "Voluntary Debtors"),[1] hereby submits this Objection and Reservation of Rights with respect to the "Disclosure Statement Describing Chapter 11 Plan Filed by SunCal Plan Proponents in the Chapter 11 Cases of SunCal Beaumont Heights, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, Seven Brothers, LLC, Kirby Estates, LLC, and SunCal Century City, LLC [Group III Debtors]" (the "SunCal III Disclosure Statement" describing the "SunCal III Plan").[2]

---

[1] The Voluntary Debtors' Chapter 11 cases are jointly administered with the following nine (9) related entities: LBL-SunCal Oak Valley, LLC, SunCal Heartland, LLC, LBL-SunCal Northlake, LLC, SunCal Marblehead, LLC, SunCal Century City, LLC, SunCal PSV, LLC, Delta Coves Venture, LLC, SunCal Torrance, LLC, SunCal Oak Knoll, LLC (the "Trustee Debtors"). A Chapter 11 Trustee has been appointed in the Trustee Debtors' Chapter 11 cases (the "Trustee") and a separate committee of unsecured creditors was established. The Voluntary Debtors and the Trustee Debtors are hereinafter collectively referred to as the "Related Debtors."

[2] Capitalized terms not otherwise defined herein have the meaning set forth in the SunCal III Disclosure Statement.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP III DEBTORS]

2

## **PRELIMINARY STATEMENT**

The Committee believes that for this confirmation process to have any meaning whatsoever, creditors must be provided real choices and meaningful options – in other words, a true competing plan process. Due to the current posture of these cases, the Committee believes that it is premature to consider approval of either the four disclosure statements submitted by the SunCal Plan Proponents (collectively, the "SunCal Disclosure Statements") or the competing disclosure statement filed by the Lehman Lenders (the "Lehman Disclosure Statement"), and urges the Court to deny approval of all of them.

Two of the four SunCal Disclosure Statements describe plans which require the bankruptcy court overseeing Lehman Brothers' reorganization in New York (the "Lehman Court") to either lift the automatic stay in Lehman Brothers' reorganization (the "Lehman Stay") or find that the Lehman Stay does not apply to the plans proposed by the SunCal Plan Proponents ("SunCal"). (Relief from the Lehman Stay is not required for the plans proposed by SunCal for the Group III and Group IV Debtors (collectively with the Group I and Group II plans, the "SunCal Plans")). Given the Lehman Court's prior decisions declining to lift the Lehman Stay, this event may never occur.[3] Further, the recovery for unsecured creditors under three of the four SunCal Plans depends on SunCal's success in adversary proceedings and claim objections that it initiated against the Lehman Entities. This litigation is far from resolved and it is unclear whether SunCal will succeed on its claims. In addition, the real property assets must then be sold, which sales, in many of the instances require relief from the Lehman Stay. In other words, the SunCal Plans are wholly contingent on events that may never occur and litigation that may fail; this is no basis on which to consider approval of the SunCal Disclosure Statements, much less, confirm the SunCal Plans, at this time.

---

[3] The Committee would urge SunCal to immediately seek relief from the Lehman Court with respect to those aspects of the SunCal Plans not otherwise impacted by the ruling of the Second Circuit Court of Appeals which held that SunCal could renew its motion for relief from stay after the Ninth Circuit Court of Appeals issues its ruling on the pending appeal. Presumably, the Second Circuit's ruling applies only to a relief from stay request impacting the Equitable Subordination Litigation.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP III DEBTORS]

3

1    Similarly, the Lehman Disclosure Statement describes a plan which is wholly contingent
2 upon settlements not yet consummated and claims thresholds that may already have been
3 exceeded, and offers de minimis consideration to creditors in exchange for the waiver of
4 potentially valuable rights. Moreover, as set forth in the objection to the Lehman Disclosure
5 Statement filed concurrently herewith, the Lehman Disclosure Statement is far too complex and
6 convoluted for creditors to realistically understand what is being proposed. The creditors in these
7 cases deserve better.
8    Given the length of time that these cases have been pending, creditors deserve full, fair
9 and understandable disclosure about their options. The better course is to allow the parties to
10 continue with their negotiations, litigations and claims objections in order to determine if either
11 group can propose a non-contingent plan so that there will be a meaningful opportunity for
12 creditors to decide their own fate.

## OBJECTION

**A.    The SunCal III Disclosure Statement Inadequately Describes the SunCal III Plan**

"A proper disclosure statement must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991). Thus, a disclosure statement must have the kind of information that would enable a hypothetical reasonable investor to make an informed judgment about the plan. 11 U.S.C. § 1125(a)(1).

> Section 1125 of the Bankruptcy Code requires that a disclosure statement contain adequate information. "Adequate information" is defined in § 1125 to mean: information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records that would enable a hypothetical reasonable investor typical of holders of claims . . . of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1); In re California Fidelity, Inc., 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996) ("The purpose of a disclosure statement is to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan. . . . At a minimum, § 1125(b) seeks to guarantee that a creditor receives adequate information about the plan before the creditor is asked for a vote.").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP III DEBTORS]

4

The Committee does not believe that the SunCal III Disclosure Statement contains "adequate information" within the meaning set forth in section 1125 of the Bankruptcy Code, and should not be approved in its present form.

### 1. The SunCal III Disclosure Statement must be Tailored to the SunCal III Plan

SunCal has filed four separate plans and four separate disclosure statements. However, many of the provisions of the four SunCal Disclosure Statements are identical and therefore contain information that may not be applicable to the specific plan at issue. For example, some of the definitions listed in Section 2.1 of the SunCal Disclosure Statements are used in some, but not all, of the disclosure statements and related plans. Each disclosure statement must be specifically tailored to address the plan at issue.

### 2. Typos Render the SunCal III Disclosure Statement Confusing

While a few typographical errors in plans and disclosure statements are to be expected, and overlooked, the typographical errors in the SunCal III Disclosure Statement make it challenging for a reasonable investor to properly evaluate the SunCal III Plan. In the SunCal III Disclosure Statement, SunCal's typos materially change the meaning of critical terms. For instance, on page three of the disclosure statement, SunCal states:

> Although the same Plan is being filed in the Cases of all four Group III Debtors, each Plan is independent of the others. The Creditors in each Case will determine, subject to Court approval, whether the Plan will be approved in their Case. Accordingly, the Plan may be confirmed in the cases of **all** of the Group III Debtors but not in others.

*SunCal III Disclosure Statement*, § I, p. 3, lns. 12-15 (emphasis added). The first two sentences of the paragraph appear to indicate that the SunCal III Plan, while filed jointly, may be confirmed in the cases of some Group III Debtors but not in others. The third sentence, however, indicates that the SunCal III Plan must be confirmed in the cases of **all** the Group III Debtors. The tone of the paragraph suggests that SunCal used the term "all" in error but the typo makes it difficult for creditors to understand what is required to confirm the SunCal III Plan in their case. The SunCal III Disclosure Statement is littered with similar errors, all of which must be corrected before this Court can approve the SunCal III Disclosure Statement as providing adequate information.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP III DEBTORS]

5

### 3. The SunCal III Disclosure Statement Needs to Adequately Describe What Events, if Any, Will Occur On and Prior to the Effective Date

The SunCal III Disclosure Statement must clarify what events will occur on the Effective Date and what events will occur prior to the Effective Date. For example, the SunCal III Plan authorizes the Plan Trustee to negotiate assets sales prior to the Effective Date, but it is unclear how the Plan Trustee is appointed before the SunCal III Plan becomes effective. Similarly, although the SunCal III Plan provides for a release of Acquisitions in exchange for the Acquisitions Administrative Loan, which is discussed below, the SunCal III Plan does not specify when the release will take effect.

### 4. The SunCal III Disclosure Statement Fails to Adequately Describe, in Any Respect, the Acquisitions Administrative Loan

A plan of reorganization may only be confirmed if the reorganized debtor can pay off all of its outstanding post-petition expenses and priority on the date that the plan becomes effective. 11 U.S.C. § 1129(a)(9)(A). The SunCal III Disclosure Statement indicates that the Group III Debtors will satisfy this requirement by borrowing money from Acquisitions by way of the "Acquisitions Administrative Loan." Despite its importance, the Sun Cal III Disclosure Statement provides a wholly inadequate description of the Acquisitions Administrative Loan. The Disclosure Statement does not describe: (i) the size of the loan; (ii) the security offered to Acquisitions; (iii) how Acquisitions plans to fund the loan; or (iv) how the Group III Debtors plan to pay back the Acquisitions Loan. *See SunCal III Disclosure Statement*, § 2.1.3, p. 5. These are basic provisions that must be described in order for creditors to make a fully informed decision about whether to accept or reject the SunCal III Plan.

Later, the SunCal III Disclosure Statement indicates that the Reorganized Debtors, in return for the "Acquisitions Administrative Loan" will waive any claims that they have against Acquisitions. *See SunCal III Disclosure Statement*, § 10.21, p. 67. This is an exceptionally troubling provision. The Related Debtors may have significant claims against Acquisitions and

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP III DEBTORS]

6

the Reorganized Debtors will waive these claims in return for a loan, of an undetermined size,[4] that must be repaid. Yet, the SunCal III Disclosure Statement provides no detail as to why this arrangement benefits the Group III Debtors or even why this release is a condition for the Acquisitions Administrative Loan (or when the release will become effective).[5] A disclosure statement cannot provide adequate information if it fails to explain why the debtors will give away valuable assets to interested parties.

5.  **The SunCal III Disclosure Statement Fails to Provide Creditors with an Adequate Explanation for Why Acquisitions Must Act as Plan Trustee**

A trustee owes a fiduciary duty to the beneficiaries of a trust. In other words, a trustee must act in the best interests of the trust beneficiaries. The SunCal III Disclosure Statement, indicates that "[t]he Plan Trustee under the Plan Trust Agreement is Acquisitions." *SunCal III Disclosure Statement*, § 2.1.106, p. 19. Acquisitions is an indirect parent company of all of the Related Debtors. *Id.* at § 2.1.2, p. 5. Further, Acquisitions, or a company closely related to Acquisitions, likely will make a bid to purchase some or all of the Group III Debtors' assets. It will be impossible for Acquisitions to carry out its fiduciary duties to the creditors of the Group III Debtors if it is also bidding on the Group III Debtors' property. The SunCal III Disclosure Statement must explain to creditors how Acquisitions[6] plans to satisfy its conflicting duties and why Acquisitions must serve as the Plan Trustee.

6.  **The SunCal III Disclosure Statement Fails to Provide an Adequate Explanation for the Establishment of the Bid Procedures**

As liquidating plans, the crux of each of the SunCal Plans is that the Plan Trustee will market and sell the Projects and other assets owned by each of the Related Debtors. To facilitate this process, all of the SunCal Plans require that in order for a bidder to become a "Qualified

---

[4] Moreover, it is possible that Acquisitions will not need to loan any money but would still be receiving a release merely for promising to make funds available.

[5] The provision discussing the Committee's rights to commence actions against Acquisitions appears to be nullified by the release language that precedes it. *See SunCal III Disclosure Statement*, § 10.22.1, pp. 67-68.

[6] Acquisitions may also be authorized to receive compensation for its duties as Plan Trustee. If SunCal wishes for Acquisitions to serve as Plan Trustee, this compensation must be limited and clearly disclosed to all creditors.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP III DEBTORS]

Bidder" such party must provide the Plan Trustee with a deposit of $250,000 and provide evidence of its financial ability to close. *See, e.g., SunCal III Disclosure Statement*, § 2.1.117, p. 21. The Related Debtors are entitled to, but not required to, accept an Opening Bid prior to the public auction.[7] Once bidding has begun, all bids must exceed the Opening Bid (or subsequent Qualifying Bid) by the Minimum Increment, which is defined as:

> Minimum Increment means the following: a) <u>For Sales of Projects</u>: One hundred percent of the preceding Qualifying Bid, plus any applicable Break-Up Fee, plus two hundred and fifty-thousand dollars ($250,000); and b) For Sales of Other Plan Trust Assets: One hundred percent (100%) of the preceding Qualified Bid, pus any applicable Break-Up Fee, plus five percent (5%) of the preceding Qualifying Bid.

*SunCal III Disclosure Statement*, § 2.1.91, p. 16. The same procedures are applicable to all of the Related Debtors under all of the proposed plans. *See, e.g., SunCal III Disclosure Statement*, § 8.2, p 65.

These one size fits all procedures make little sense given the wide disparity in the value of the Related Debtors' assets. For instance, some of the Related Debtors own significant assets worth tens of millions of dollars. Other of the Related Debtors own assets with significantly less value. In the smaller projects, requiring bidders to make an overly large deposit and to bid in minimum increments of $250,000 may chill bidding and prevent the Plan Trustee from realizing the highest and best price for these assets. SunCal must explain the basis for establishing a Minimum Increment of $250,000 for subsequent bids on the Projects and must clarify the definition of Qualifying Bid Amount. Further, SunCal should provide a list of the other Assets, besides the Projects, that they intend to sell. Finally, the bid procedures must be specifically tailored to each of the Related Debtors' assets.

---

[7] SunCal should also clarify the meaning of Qualifying Bid Amount, which is defined as "a sum that is equal to all Allowed Claims secured by liens against the Group III Project offered for sale, plus a sufficient sum to pay all reasonable and necessary costs associated with the sale." *SunCal III Disclosure Statement*, § 2.1.118, p. 21.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP III DEBTORS]

8

### 7. The Disclosure Statement Fails to Explain How the Claim Objections filed against the Lehman Entities will Result in the Creation of Equity

As set forth in the SunCal III Disclosure Statement, the Related Debtors have filed a number of claim objections against the Lehman Entities asserting, among other things, the right to reduce the Lehman Entities' claims through the affirmative defense of recoupment. On p. 46 at line 26 of the SunCal III Disclosure Statement, SunCal states "[i]f these claim objections are sustained by the Court, in the case of recoupment, the amount of damages incurred by the Debtors on account of the Lehman Entities' failure to pay the vendor and bond claims will directly reduce the amount of the Lehman Entities secured claims, leaving equity available for the payment of all Allowed Unsecured Claims." *SunCal III Disclosure Statement*, § 5.4.2, p. 46-47. However, the SunCal III Disclosure Statement fails to explain how, even if the claim objections are successful, equity will be created given that the Lehman Entities' secured claims far exceed the current value of the Projects. Most helpful would be examples, using specific Projects, demonstrating the amount of the equity that will exist for the payment of unsecured creditors

The foregoing information is crucial to providing unsecured creditors with information relevant to such creditors' decision to vote to accept or reject any plan to be filed by SunCal.

### RESERVATION OF RIGHTS

The Committee acknowledges that the hearing on the SunCal III Disclosure Statement normally is not a suitable context for raising objections to the confirmation of a plan. The Committee reserves the right to make any and all confirmation objections in connection with the confirmation hearing.

### CONCLUSION

The Committee does not believe that any disclosure statement should be approved at the present time given the current posture of these cases.

//

//

//

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP III DEBTORS]

9

1  Based on the inadequacies in the SunCal III Disclosure Statement, the Committee
2  requests that the Court deny approval of the SunCal III Disclosure Statement at this time, or
3  alternatively, order that SunCal correct the errors and omissions in the SunCal III Disclosure
4  Statement, and hold a further hearing after creditors have had an opportunity to review and object
5  to the amended disclosure statement.

6  Dated: April 29, 2011

IRELL & MANELLA LLP

By: *Kerri A. Lyman* (signature)
Alan J. Friedman
Kerri A. Lyman
Counsel for the Official Unsecured Creditors
Committee in Chapter 11 Cases of Palmdale
Hills Property, LLC et al.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP III DEBTORS]

10

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660.

The foregoing document described: **OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF SUNCAL BEAUMONT HEIGHTS, LLC, SUNCAL JOHANNSON RANCH, LLC, SUNCAL SUMMIT VALLEY, SEVEN BROTHERS, LLC, KIRBY ESTATES, LLC AND SUNCAL CENTURY CITY, LLC [GROUP III DEBTORS]** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 29, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On April 29, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*
SERVED VIA U.S. MAIL:
Chambers of the Honorable Erithe A. Smith
United States Bankruptcy Court
411 W. Fourth Street, Suite 5041
Santa Ana, CA 92701

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/29/11 | Leslie Wolchuck | /s/ Leslie Wolchuck |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

2422208.1 01

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** :

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Jonathan S Dabbieri    dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning    ddunning@dunningLaw.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com

- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkclaw.com
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com

- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Christopher T Williams    ctwilliams@venable.com, jcontreras@venable.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net

**SERVED VIA FIRST-CLASS MAIL:**

Office of the U.S. Trustee
Attn: Michael Hauser, Esq.
411 W. Fourth Street, #9041
Santa Ana, CA 92701-4593