IRELL & MANELLA LLP
Alan J. Friedman (State Bar No. 132580)
afriedman@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:  (949) 760-0991
Facsimile:   (949) 760-5200

Counsel for the Official Committee of
Unsecured Creditors in
Chapter 11 Cases of Palmdale Hills
Property, LLC et al.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

In re

PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS,

Joint Administered Debtors and Debtors-in-Possession

Affects:
☐ All Debtors
☐ Palmdale Hills Property, LLC
☐ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale, LLC
☐ SunCal Johannson Ranch, LLC
☐ SunCal Summit Valley, LLC
☐ SunCal Emerald Meadows LLC
☐ SunCal Bickford Ranch, LLC
☐ Acton Estates, LLC
☐ Seven Brothers LLC
☒ SJD Partners, Ltd.
☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☒ SCC Communities LLC
☒ North Orange Del Rio Land, LLC
☒ Tesoro SF LLC
☐ LBL-SunCal Oak Valley, LLC
☐ SunCal Heartland, LLC
☐ LBL-SunCal Northlake, LLC

*Caption Continued on Next Page*

Case No. 8:08-bk-17206- ES

Jointly Administered With Case Nos.
8:08-bk-17209-ES; 8:08-bk-17240-ES;
8:08-bk-17224-ES; 8:08-bk-17242-ES;
8:08-bk-17225-ES; 8:08-bk-17245-ES;
8:08-bk-17227-ES; 8:08-bk-17246-ES;
8:08-bk-17230-ES; 8:08-bk-17231-ES;
8:08-bk-17236-ES; 8:08-bk-17248-ES;
8:08-bk-17249-ES; 8:08-bk-17573-ES;
8:08-bk-17574-ES; 8-08-bk-17575 ES;
8:08-bk-17404-ES; 8:08-bk-17407-ES;
8:08-bk-17408-ES; 8:08-bk-17409-ES;
8:08-bk-17458-ES; 8:08-bk-17465-ES;
8:08-bk-17470-ES; 8:08-bk-17472-ES
8:08-bk-17588-ES

Chapter 11 Cases

**OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF SJD PARTNERS, LTD., SCC COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND, LLC, TESORO SF LLC, SUNCAL TORRANCE, LLC, AND SUNCAL OAK KNOLL [GROUP IV DEBTORS]**

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP IV DEBTORS]

2158280

☐ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☐ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

Hearing:
Date: May 13, 2011
Time: 9:30 a.m.
Place: Courtroom 5A

**TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE, THE RELATED DEBTORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES-IN-INTEREST:**

The Official Joint Committee of Creditors Holding Unsecured Claims (the "Committee"), duly appointed in the related jointly administered chapter 11 cases of Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC, SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers, LLC, SJD Partners, Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC, SunCal Communities III, LLC, SCC Communities LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the "Voluntary Debtors"),[1] hereby submits this Objection and Reservation of Rights with respect to the "Disclosure Statement Describing Chapter 11 Plan Filed by SunCal Plan Proponents in the Chapter 11 Cases of SJD Partners, Ltd., SCC Communities, LLC, North Orange Del Rio Land, LLC, Tesoro SF LLC, SunCal Torrance, LLC, and SunCal Oak Knoll [Group IV Debtors]" (the "SunCal IV Disclosure Statement" describing the "SunCal IV Plan").[2]

---

[1] The Voluntary Debtors' Chapter 11 cases are jointly administered with the following nine (9) related entities: LBL-SunCal Oak Valley, LLC, SunCal Heartland, LLC, LBL-SunCal Northlake, LLC, SunCal Marblehead, LLC, SunCal Century City, LLC, SunCal PSV, LLC, Delta Coves Venture, LLC, SunCal Torrance, LLC, SunCal Oak Knoll, LLC (the "Trustee Debtors"). A Chapter 11 Trustee has been appointed in the Trustee Debtors' Chapter 11 cases (the "Trustee") and a separate committee of unsecured creditors was established. The Voluntary Debtors and the Trustee Debtors are hereinafter collectively referred to as the "Related Debtors."

[2] Capitalized terms not otherwise defined herein have the meaning set forth in the SunCal IV Disclosure Statement.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP IV DEBTORS]

2

## PRELIMINARY STATEMENT

The Committee believes that for this confirmation process to have any meaning whatsoever, creditors must be provided real choices and meaningful options – in other words, a true competing plan process. Due to the current posture of these cases, the Committee believes that it is premature to consider approval of either the four disclosure statements submitted by the SunCal Plan Proponents (collectively, the "SunCal Disclosure Statements") or the competing disclosure statement filed by the Lehman Lenders (the "Lehman Disclosure Statement"), and urges the Court to deny approval of all of them.

Two of the four SunCal Disclosure Statements describe plans which require the bankruptcy court overseeing Lehman Brothers' reorganization in New York (the "Lehman Court") to either lift the automatic stay in Lehman Brothers' reorganization (the "Lehman Stay") or find that the Lehman Stay does not apply to the plans proposed by the SunCal Plan Proponents ("SunCal"). (Relief from the Lehman Stay is not required for the plans proposed by SunCal for the Group III and Group IV Debtors (collectively with the Group I and Group II plans, the "SunCal Plans")). Given the Lehman Court's prior decisions declining to lift the Lehman Stay, this event may never occur.[3] Further, the recovery for unsecured creditors under three of the four SunCal Plans depends on SunCal's success in adversary proceedings and claim objections that it initiated against the Lehman Entities. This litigation is far from resolved and it is unclear whether SunCal will succeed on its claims. In addition, the real property assets must then be sold, which sales, in many of the instances require relief from the Lehman Stay. In other words, the SunCal Plans are wholly contingent on events that may never occur and litigation that may fail; this is no basis on which to consider approval of the SunCal Disclosure Statements, much less, confirm the SunCal Plans, at this time.

---

[3] The Committee would urge SunCal to immediately seek relief from the Lehman Court with respect to those aspects of the SunCal Plans not otherwise impacted by the ruling of the Second Circuit Court of Appeals which held that SunCal could renew its motion for relief from stay after the Ninth Circuit Court of Appeals issues its ruling on the pending appeal. Presumably, the Second Circuit's ruling applies only to a relief from stay request impacting the Equitable Subordination Litigation.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP IV DEBTORS]

3

Similarly, the Lehman Disclosure Statement describes a plan which is wholly contingent upon settlements not yet consummated and claims thresholds that may already have been exceeded, and offers de minimis consideration to creditors in exchange for the waiver of potentially valuable rights. Moreover, as set forth in the objection to the Lehman Disclosure Statement filed concurrently herewith, the Lehman Disclosure Statement is far too complex and convoluted for creditors to realistically understand what is being proposed. The creditors in these cases deserve better.

Given the length of time that these cases have been pending, creditors deserve full, fair and understandable disclosure about their options. The better course is to allow the parties to continue with their negotiations, litigations and claims objections in order to determine if either group can propose a non-contingent plan so that there will be a meaningful opportunity for creditors to decide their own fate.

## OBJECTION

### A.   The SunCal IV Disclosure Statement Cannot be Approved Because the SunCal IV Plan Cannot Impermissibly Discriminates Against General Unsecured Creditors

It is well established that a court can deny the approval of a disclosure statement if the plan described by the disclosure statement is unconfirmable as a matter of law. In re Main Street AC, Inc., 234 B.R. 771, 775 (Bankr. N.D. CA 1999). The proposed SunCal IV Plan is unconfirmable because it impermissibly discriminates against some unsecured creditors.

Section 1123(a)(4) of the Bankruptcy Code requires that the plan "provide the same treatment for each claim or interest of a particular class." 11 U.S.C. § 1123(a)(4) (emphasis added). The intent of this section is to prevent plan proponents from requiring creditors to provide unequal consideration for equal payment. In re AOV Industries, Inc., 792 F.2d 1140, 1152 (D.C. Cir. 1986); In re Cajun Electric Power Cooperative, 230 B.R. 715, 732-733 (Bankr. E.D. LA 1999).

The SunCal IV Plan, however, violates this basic tenent of bankruptcy law. The SunCal IV Plan proposes that the Plan Trustee will liquidate the assets of the Group IV Debtors for the benefit of their creditors. Currently all of the real property assets owned by the Group IV

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP IV DEBTORS]

4

Debtors are over encumbered, making it impossible for the Plan Trustee to realize funds to pay unsecured creditors. To create value for unsecured creditors, SunCal filed the Lehman Claim Objection to disallow the claims filed by the Lehman Entities on the grounds that the Lehman Entities benefited from preferential payments and fraudulent transfers and the Related Debtors have recoupment rights against the Lehman Entities. *SunCal IV Disclosure Statement*, § 2.1.83, p. 14-15. If SunCal prevails on the Lehman Claim Objection, some or all of the claims filed by the Lehman Entities will be disallowed and the real property assets of the Group IV Debtors may have value for unsecured creditors.

The SunCal IV Plan, however, proposes distributing that value unequally. Specifically the SunCal IV Plan proposes that any value realized as a result of the Lehman Claim Objection will first go to parties holding Reliance Claims,[4] a subset of the parties holding unsecured claims. *SunCal IV Disclosure Statement*, § 8.5, p. 61. Parties holding other unsecured claims will receive nothing unless Reliance Claims are paid in full. *SunCal IV Disclosure Statement*, § 8.6, p. 61. This violates the clear language of the Bankruptcy Code. As detailed above, the SunCal IV Plan must treat all creditors holding general unsecured claims equally. The SunCal IV Disclosure Statement cannot be approved until the SunCal IV Plan is amended to treat all unsecured creditors equally.[5]

**B.    The SunCal IV Disclosure Statement Inadequately Describes the SunCal IV Plan**

"A proper disclosure statement must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991). Thus, a disclosure statement must have the kind of information that would enable a hypothetical reasonable investor to make an informed judgment about the plan. 11 U.S.C. § 1125(a)(1).

Section 1125 of the Bankruptcy Code requires that a disclosure statement contain adequate information. "Adequate information" is defined in § 1125 to mean:

---

[4] The definition of Reliance Claims is also problematic. See discussion, infra.

[5] At a minimum, SunCal needs to disclose why holders of Reliance Claims are entitled to priority recoveries from assets unrelated to their Reliance Claims.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP IV DEBTORS]

5

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records that would enable a hypothetical reasonable investor typical of holders of claims . . . of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1); In re California Fidelity, Inc., 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996) ("The purpose of a disclosure statement is to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan. . . . At a minimum, § 1125(b) seeks to guarantee that a creditor receives adequate information about the plan before the creditor is asked for a vote.").

The Committee does not believe that the SunCal IV Disclosure Statement contains "adequate information" within the meaning set forth in section 1125 of the Bankruptcy Code, and should not be approved in its present form.

### 1. The SunCal IV Disclosure Statement must be Tailored to the SunCal IV Plan

SunCal has filed four separate plans and four separate disclosure statements. However, many of the provisions of the four SunCal Disclosure Statements are identical and therefore contain information that may not be applicable to the specific plan at issue. For example, some of the definitions listed in Section 2.1 of the SunCal Disclosure Statements are used in some, but not all, of the disclosure statements and related plans. Each disclosure statement must be specifically tailored to address the plan at issue.

### 2. Typos Render the SunCal IV Disclosure Statement Confusing

While a few typographical errors in plans and disclosure statements are to be expected, and overlooked, the typographical errors in the SunCal IV Disclosure Statement make it challenging for a reasonable investor to properly evaluate the SunCal IV Plan. In the SunCal IV Disclosure Statement, SunCal's typos materially change the meaning of critical terms. For instance, on page three of the disclosure statement, SunCal states:

> Although the same Plan is being filed in the Cases of all four Group IV Debtors, each Plan is independent of the others. The Creditors in each Case will

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP IV DEBTORS]

6

determine, subject to Court approval, whether the Plan will be approved in their Case. Accordingly, the Plan may be confirmed in the cases of **all** of the Group IV Debtors but not in others.

*SunCal IV Disclosure Statement*, § I, p.3, lns. 18-21 (emphasis added). The first two sentences of the paragraph appear to indicate that the SunCal IV Plan, while filed jointly, may be confirmed in the cases of some Group IV Debtors but not in others. The third sentence, however, indicates that the SunCal IV Plan must be confirmed in the cases of **all** the Group IV Debtors. The tone of the paragraph suggests that SunCal used the term "all" in error but the typo makes it difficult for creditors to understand what is required to confirm the SunCal IV Plan in their case. The SunCal IV Disclosure Statement is littered with similar errors, all of which must be corrected before this Court can approve the SunCal IV Disclosure Statement as providing adequate information.

3. **The SunCal IV Disclosure Statement Needs to Adequately Describe What Events Will Occur Prior to the Effective Date**

The SunCal IV Disclosure Statement must clarify what events will occur on the Effective Date and what events will occur prior to the Effective Date. For example, the SunCal IV Plan authorizes the Plan Trustee to negotiate assets sales prior to the Effective Date, but it is unclear how the Plan Trustee can be appointed before the SunCal IV Plan becomes effective. Similarly, although the SunCal IV Plan provides for a release of Acquisitions in exchange for the Acquisitions Administrative Loan, which is discussed below, the SunCal IV Plan does not specify when the release will take effect.

4. **The SunCal IV Disclosure Statement Fails to Adequately Describe, in Any Respect, the Acquisitions Administrative Loan**

A plan of reorganization may only be confirmed if the reorganized debtor can pay off all of its outstanding post-petition expenses and priority on the date that the plan becomes effective. 11 U.S.C. § 1129(a)(9)(A). The SunCal IV Disclosure Statement indicates that the Group IV Debtors will satisfy this requirement by borrowing money from Acquisitions by way of the "Acquisitions Administrative Loan." Despite its importance, the Sun Cal IV Disclosure Statement provides a wholly inadequate description of the Acquisitions Administrative Loan. The Disclosure Statement does not describe: (i) the size of the loan; (ii) the security offered to

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP IV DEBTORS]

7

Acquisitions; (iii) how Acquisitions plans to fund the loan; or (iv) how the Group IV Debtors plan to pay back the Acquisitions Loan. *See SunCal IV Disclosure Statement*, § 2.1.2, p. 5. These are basic provisions that must be described in order for creditors to make a fully informed decision about whether to accept or reject the SunCal IV Plan.

Later, the SunCal IV Disclosure Statement indicates that the Reorganized Debtors, in return for the "Acquisitions Administrative Loan" will waive any claims that they have against Acquisitions. *See SunCal IV Disclosure Statement*, § 10.21, p. 71. This is an exceptionally troubling provision. The Related Debtors may have significant claims against Acquisitions and the Reorganized Debtors will waive these claims in return for a loan, of an undetermined size,[6] that must be repaid. Yet, the SunCal IV Disclosure Statement provides no detail as to why this arrangement benefits the Group IV Debtors or even why this release is a condition for the Acquisitions Administrative Loan (or when the release will become effective).[7] A disclosure statement cannot provide adequate information if it fails to explain why the debtors will give away valuable assets to interested parties.

5. **The SunCal IV Disclosure Statement Fails to Provide Creditors with an Adequate Explanation for Why Acquisitions Must Act as Plan Trustee**

A trustee owes a fiduciary duty to the beneficiaries of a trust. In other words, a trustee must act in the best interests of the trust beneficiaries. The SunCal IV Disclosure Statement, indicates that "[t]he Plan Trustee under the Plan Trust Agreement is Acquisitions." *SunCal IV Disclosure Statement*, § 2.1.120, p. 20. Acquisitions is an indirect parent company of all of the Related Debtors. *Id.* at § 2.1.1, p. 5. Further, Acquisitions, or a company closely related to Acquisitions, likely will make a bid to purchase some or all of the Group IV Debtors' assets. It will be impossible for Acquisitions to carry out its fiduciary duties to the creditors of the Group IV Debtors if it is also bidding on the Group IV Debtors' property. The SunCal IV Disclosure

---

[6] Moreover, it is possible that Acquisitions will not need to loan any money but would still be receiving a release merely for promising to make funds available.

[7] The provision discussing the Committee's rights to commence actions against Acquisitions appears to be nullified by the release language that precedes it. *See SunCal IV Disclosure Statement*, § 10.22.1, p. 71.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP IV DEBTORS]

Statement must explain to creditors how Acquisitions[8] plans to satisfy its conflicting duties and why Acquisitions must serve as the Plan Trustee.

### 6. The SunCal IV Disclosure Statement Fails to Provide an Adequate Explanation for the Establishment of the Bid Procedures

As liquidating plans, the crux of each of the SunCal Plans is that the Plan Trustee will market and sell the Projects and other assets owned by each of the Related Debtors. To facilitate this process, all of the SunCal Plans require that in order for a bidder to become a "Qualified Bidder" such party must provide the Plan Trustee with a deposit of $250,000 and provide evidence of its financial ability to close. *See, e.g., SunCal IV Disclosure Statement*, § 2.1.131, p. 22. The Related Debtors are entitled to, but not required to, accept an Opening Bid prior to the public auction.[9] Once bidding has begun, all bids must exceed the Opening Bid (or subsequent Qualifying Bid) by the Minimum Increment, which is defined as:

> Minimum Increment means the following: a) <u>For Sales of Projects</u>: One hundred percent of the preceding Qualifying Bid, plus any applicable Break-Up Fee, plus two hundred and fifty-thousand dollars ($250,000); and b) For Sales of Other Plan Trust Assets: One hundred percent (100%) of the preceding Qualified Bid, pus any applicable Break-Up Fee, plus five percent (5%) of the preceding Qualifying Bid.

*SunCal IV Disclosure Statement*, § 2.1.101, p. 17. The same procedures are applicable to all of the Related Debtors under all of the proposed plans. *See, e.g., SunCal IV Disclosure Statement*, § 8.2, p 57.

These one size fits all procedures make little sense given the wide disparity in the value of the Related Debtors' assets. For instance, some of the Related Debtors own significant assets

---

[8] Acquisitions may also be authorized to receive compensation for its duties as Plan Trustee. If SunCal wishes for Acquisitions to serve as Plan Trustee, this compensation must be limited and clearly disclosed to all creditors.

[9] The definitions of Opening Bid and Qualifying Bid are also problematic. Opening Bid is defined as the "first Qualified Bid accepted by the Debtor for any of the Plan Trust's Assets." *See, e.g., SunCal IV Disclosure Statement*, § 2.1.106, p. 18. Qualifying Bid, in turn, means "with respect to a bid on a Project, a bid made by the Qualifying Bidder that exceeds the immediately preceding Qualifying Bid by the Minimum Increment." *See, e.g., SunCal IV Disclosure Statement*, § 2.1.130, p, 22. First, these definitions are circular in that Opening Bid means the "first Qualifying Bid" but Qualifying Bid is defined to mean a bid that exceeds a previously filed bid. Second, the term Qualifying Bid appears to apply only to Projects and not other assets, suggesting that the procedures set forth in section 8.2 of the SunCal IV Disclosure Statement do not apply to the Related Debtors' other Assets.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP IV DEBTORS]

9

1 worth tens of millions of dollars. Other of the Related Debtors own assets with significantly less
2 value. In the smaller projects, requiring bidders to make an overly large deposit and to bid in
3 minimum increments of $250,000 may chill bidding and prevent the Plan Trustee from realizing
4 the highest and best price for these assets. SunCal must explain the basis for establishing a
5 Minimum Increment of $250,000 for subsequent bids on the Projects and must clarify the
6 definitions of Opening Bid and Qualifying Bid. Further, the bid procedures must be specifically
7 tailored to each of the Related Debtors' assets.

### 7. The SunCal IV Disclosure Statement Fails to Adequately Define Reliance Claims

A critical aspect of the SunCal IV Plan is the concept of "Reliance Claims." Under the SunCal IV Plan, Reliance Claims receive payment prior to the payment of General Unsecured Claims. *SunCal IV Disclosure Statement*, §§ 8.5-8.6, pp. 61. Thus, unsecured creditors need to know what constitutes a Reliance Claim in order to determine what recovery they will receive. The SunCal IV Disclosure Statement provides little guidance. At section 2.1.132, the SunCal IV Disclosure Statement defines a Reliance Claim as:

> an Allowed Unsecured claim against a Debtor that would entitle the holder thereof to be the beneficiary of any equitable subordination judgment obtained against a Lehman Entity by such Debtors, or that would entitled [sic] the holder thereof to receive a share of any Claim Objection Reduction Amount obtained by the Debtor through a Lehman Claim Objection, before other holders of Allowed Unsecured Claims could participate in this recovery amount.

*SunCal IV Disclosure Statement*, § 2.1.132, p.22. This convoluted definition provides no assistance.[10] An interested creditor must cross reference three or more defined terms and decide whether it is likely to benefit from the Lehman Claim Objection[11] or an equitable subordination judgment. This is circuitous and beyond the ability of the average creditor to understand. This is

---

[10] More confusion is created by the fact that the SunCal IV Disclosure Statement does not define "Allowed Unsecured Claim." Although the disclosure statement defines "General Unsecured Claim" in section 2.1.69, the SunCal IV Disclosure Statement must define "Allowed Unsecured Claim" so that a creditor attempting to cross-reference the definitions can locate the relevant terms.

[11] Nor is there any discussion as to why the holder of a Reliance Claim, as opposed to the holder of a General Unsecured Claim, benefits from the Lehman Claim Objection.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP IV DEBTORS]

10

not adequate information. SunCal needs to amend the definition to provide a clear and concise definition for Reliance Claims.

The SunCal IV Disclosure Statement also attaches Exhibit 8, purporting to list all Reliance Claims. Exhibit 8, however, is grossly inadequate and fails to remedy the unintelligible definition. The list only includes claimants that filed proofs of claim against the Related Debtors. It omits parties that the Group IV Debtors listed on their schedules. There is no explanation as to how Exhibit 8 was created or what criteria was used in order to include certain creditors, but not others as holders of Reliance Claims. Moreover, the wholesale exclusion of scheduled creditors is troubling. A creditor is not required to file a proof of claim if it agrees with how a debtor lists it in its initial schedules. Federal Rule of Bankruptcy Procedure 3003(b)(1). Claimants cannot be penalized because they agreed with the Group II Debtors' determination of the amount of their claim. SunCal must amend Exhibit 8 to include scheduled claims that it believes constitute Reliance Claims.[12]

### 8. The Disclosure Statement Fails to Explain How the Claim Objections filed against the Lehman Entities will Result in the Creation of Equity

As set forth in the SunCal IV Disclosure Statement, the Related Debtors have filed a number of claim objections against the Lehman Entities asserting, among other things, the right to reduce the Lehman Entities' claims through the affirmative defense of recoupment. On p. 47 at line 23 of the SunCal IV Disclosure Statement, SunCal states "[i]f these claim objections are sustained by the Court then, in the case of recoupment, the amount of damages incurred by the Debtors on account of the Lehman Entities' failure to pay the vendor and bond claims will directly reduce the amount of the Lehman Entities secured claims, leaving equity available for the payment of all Allowed Unsecured Claims." *SunCal IV Disclosure Statement*, § 5.4.3, p. 47. However, the SunCal IV Disclosure Statement fails to explain how, even if the claim objections are successful, equity will be created given that the Lehman Entities' secured claims far exceed the current value of the Projects. Most helpful would be examples, using specific Projects, demonstrating the amount of the equity that will exist for the payment of unsecured creditors.

---

[12] In addition, Exhibit 4 and Exhibit 8 should be reconciled to be consistent.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP IV DEBTORS]

11

### 9. The SunCal IV Disclosure Statement Fails to Adequately Disclose Del Rio's Creditors

Section 4.1.3 of the SunCal IV Disclosure Statement discusses certain creditor payments made in 2010. *SunCal IV Disclosure Statement*, § 4.1.3, p. 30-31. However, insufficient information is provided regarding why certain creditors were paid, while others might not have been and which of Del Rio's creditors remain unpaid following the payments set forth in section 4.1.3 of the SunCal IV Disclosure Statement, and what the plans are for payment of those creditors.

### 10. The SunCal IV Disclosure Statement Fails to Adequately Explain How SJD Partners Plans to Reacquire the Pacific Point Project

SunCal IV Plan is premised on selling the SunCal IV Projects, including the Pacific Point Project. However, none of the Group IV Debtors own the Pacific Point Project. The Pacific Point Project was foreclosed on prior to the Petition Date. In Exhibit 7 to the SunCal IV Disclosure Statement, SunCal indicates that it expects that SJD Partners Ltd., the prior owner of the Pacific Point Project, will recover the Pacific Point Project through a fraudulent transfer action. Creditors need more information about the status of the fraudulent transfer action and the information needs to be placed prominently, not buried in an exhibit footnote. The SunCal IV Disclosure Statement must be amended to provide this information. Moreover, this discussion should also reconcile the likely time frame for reacquisition of this asset with the timing of the sales process discussed in the SunCal IV Disclosure Statement.

The foregoing information is crucial to providing unsecured creditors with information relevant to such creditors' decision to vote to accept or reject any plan to be filed by SunCal.

### RESERVATION OF RIGHTS

The Committee acknowledges that the hearing on the SunCal IV Disclosure Statement normally is not a suitable context for raising objections to the confirmation of a plan. The Committee reserves the right to make any and all confirmation objections in connection with the confirmation hearing.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP IV DEBTORS]

12

## **CONCLUSION**

The Committee does not believe that any disclosure statement should be approved at the present time given the current posture of these cases.

Based on the inadequacies in the SunCal IV Disclosure Statement, the Committee requests that the Court deny approval of the SunCal IV Disclosure Statement at this time, or alternatively, order that SunCal correct all of the errors and omissions in the SunCal IV Disclosure Statement, and hold a further hearing after creditors have had an opportunity to review and object to the amended disclosure statement.

Dated: April 29, 2011

IRELL & MANELLA LLP

By: /s/ Kerri A. Lyman
Alan J. Friedman
Kerri A. Lyman
Counsel for the Official Unsecured Creditors
Committee in Chapter 11 Cases of Palmdale
Hills Property, LLC et al.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS WITH RESPECT TO THE DISCLOSURE
STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY
SUNCAL PLAN PROPONENTS [GROUP IV DEBTORS]

13

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660.

The foregoing document described: **OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF SJD PARTNERS, LTD., SCC COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND, LLC, TESORO SF LLC, SUNCAL TORRANCE, LLC AND SUNCAL OAK KNOLL [GROUP IV DEBTORS]** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 29, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April 29, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*
SERVED VIA U.S. MAIL:
Chambers of the Honorable Erithe A. Smith
United States Bankruptcy Court
411 W. Fourth Street, Suite 5041
Santa Ana, CA 92701

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/29/11 | Leslie Wolchuck | /s/ Leslie Wolchuck |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

2422212.1 01

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**:

- Selia M Acevedo   sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
- Joseph M Adams   jadams@sycr.com
- Raymond H Aver   ray@averlaw.com
- James C Bastian   jbastian@shbllp.com
- Thomas Scott Belden   sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd   fednotice@tclaw.net
- Mark Bradshaw   mbradshaw@shbllp.com
- Gustavo E Bravo   gbravo@smaha.com
- Jeffrey W Broker   jbroker@brokerlaw.biz
- Brendt C Butler   bbutler@mandersonllp.com
- Andrew W Caine   acaine@pszyjw.com
- Carollynn Callari   ccallari@venable.com
- Dan E Chambers   dchambers@jmbm.com
- Shirley Cho   scho@pszjlaw.com
- Vonn Christenson   vrc@paynefears.com
- Brendan P Collins   bpcollins@bhfs.com
- Vincent M Coscino   vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot   pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Jonathan S Dabbieri   dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte   ana.damonte@pillsburylaw.com
- Vanessa S Davila   vsd@amclaw.com
- Melissa Davis   mdavis@shbllp.com
- Daniel Denny   ddenny@gibsondunn.com
- Caroline Djang   crd@jmbm.com
- Donald T Dunning   ddunning@dunningLaw.com
- Joseph A Eisenberg   jae@jmbm.com
- Lei Lei Wang Ekvall   lekvall@wgllp.com
- Richard W Esterkin   resterkin@morganlewis.com
- Marc C Forsythe   kmurphy@goeforlaw.com
- Alan J Friedman   afriedman@irell.com
- Steven M Garber   steve@smgarberlaw.com
- Christian J Gascou   cgascou@gascouhopkins.com
- Barry S Glaser   bglaser@swjlaw.com
- Robert P Goe   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg   egoldberg@stutman.com
- Richard H Golubow   rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez   mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith   bkemail@harrisbeach.com

- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkclaw.com
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com

- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Christopher T Williams    ctwilliams@venable.com, jcontreras@venable.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net

**SERVED VIA FIRST-CLASS MAIL:**

Office of the U.S. Trustee
Attn: Michael Hauser, Esq.
411 W. Fourth Street, #9041
Santa Ana, CA 92701-4593

2422212.1 01

- 4 -