PAUL J. COUCHOT -- State Bar No. 131934
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
General Insolvency Counsel for Administratively
Consolidated Debtors-in-Possession

RONALD RUS - State Bar No. 67369
  rrus@rusmiliband.com
JOEL S. MILIBAND - State Bar No. 77438
  jmiliband@rusmiliband.com
**RUS MILIBAND & SMITH P.C.**
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514
Counsel for SunCal Management, LLC

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Palmdale Hills Property, LLC, and its Related Debtors.<br><br>   Jointly Administered Debtors and Debtors-in-Possession<br><br>Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC,<br>☒ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☒ SunCal Johannson Ranch, LLC<br>☒ SunCal Summit Valley, LLC<br>☒ SunCal Emerald Meadows LLC<br>☒ SunCal Bickford Ranch, LLC<br>☒ Acton Estates, LLC<br>☒ Seven Brothers LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☒ Kirby Estates, LLC<br>☒ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☒ SCC Communities LLC<br>☐ North Orange Del Rio Land, LLC<br>☒ Tesoro SF, LLC<br>***Caption Continued on Next Page*** | Case No. 8:08-bk-17206-ES<br><br>Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574-ES; 8:08-bk-17575-ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; and 8:08-17588-ES<br><br>Chapter 11 Cases<br><br>**SUNCAL PARTIES' OBJECTIONS TO**<br>**(A) AMENDED MOTION OF LEHMAN VD**<br>**LENDERS FOR ORDER: (1) APPROVING PLAN**<br>**SOLICITATION, NOTICE, AND VOTING**<br>**PROCEDURES; (2) APPROVING FORMS OF**<br>**NOTICE AND BALLOTS; (3) ESTABLISHING PLAN**<br>**CONFIRMATION DEADLINES AND PROCEDURES**<br>**WITH RESPECT TO JOINT CHAPTER 11 PLAN**<br>**FOR TWELVE VOLUNTARY DEBTORS PROPOSED**<br>**BY THE LEHMAN VD LENDERS; AND**<br>**(4) APPROVING FORM OF ORDER APPROVING**<br>**THE DISCLOSURE STATEMENT; AND**<br>**(B) AMENDED JOINT MOTION OF TRUSTEE AND**<br>**LEHMAN CREDITORS FOR ODER:**<br>**(1) APPROVING PLAN SOLICITATION, NOTICE,** |

| | |
|---|---|
| ***Caption Continued from Previous Page***<br>☐ SunCal Heartland, LLC<br>☒ LBL-SunCal Northlake, LLC<br>☒ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☒ SunCal PSV, LLC<br>☒ Delta Coves Venture, LLC<br>☒ SunCal Torrance, LLC<br>☒ SunCal Oak Knoll, LLC | AND VOTING PROCEDURES; (2) APPROVING FORMS OF NOTICE AND BALLOTS; (3) ESTABLISHING PLAN CONFIRMATION DEADLINES AND PROCEDURES WITH RESPECT TO JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND LEHMAN CREDITORS; AND (4) APPROVING FORM OF ORDER APPROVING THE DISCLOSURE STATEMENT<br><br>DATE:    May 13, 2011<br>TIME:    9:30 a.m.<br>PLACE:   Courtroom 5A |

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT................................................................ | 1 |
| II. | ALL CREDITORS AND PARTIES-IN-INTEREST SHOULD RECEIVE THE SOLICITATION PACKAGES IN THE SAME FORM............................... | 2 |
| III. | THE SOLICITATION MOTIONS ALLOW THE LEHMAN PLAN PROPONENTS TO MANIPULATE THE VOTING AND TABULATION PROCESS, AND THEREFORE SHOULD BE DENIED...................................... | 3 |
| IV. | THE PROPOSED BALLOTS DO NOT CONFORM TO FORM B14.................... | 10 |
| V. | THE PROPOSED DATES AND DEADLINES IN THE SOLICITATION MOTIONS PROVIDE INSUFFICIENT TIME FOR OBJECTIONS, AND EXCESSIVE TIME FOR THE LEHMAN PLAN PROPONENTS TO FILE PLEADINGS IN SUPPORT OF THE PLAN.............................................. | 10 |
| VI. | CONCLUSION ....................................................................................... | 13 |

1  Acton Estates LLC ("Acton"), SunCal Beaumont Heights, LLC ("Beaumont"), SunCal
2  Bickford Ranch LLC ("Bickford"), SunCal Emerald Meadows LLC ("Emerald Meadows"), SunCal
3  Johannson Ranch, LLC ("Johannson"), SCC Palmdale LLC ("SCC Palmdale"), Palmdale Hills
4  Property LLC ("Palmdale Hills"), SJD Partners, Ltd. ("SJD Partners"), SJD Development Corp. ("SJD
5  Development"), SunCal Summit Valley LLC ("Summit Valley"), Seven Brothers LLC ("Seven
6  Brothers"), Kirby Estates, LLC ("Kirby"), SCC Communities LLC ("SCC Communities"), SunCal
7  Communities I LLC ("SunCal I"), SunCal Communities III LLC ("SunCal III"), North Orange Del Rio
8  Land LLC ("Del Rio"), and Tesoro SF LLC ("Tesoro") (collectively, the "Voluntary Debtors"), and
9  SunCal Management, LLC (with the Voluntary Debtors, collectively the "SunCal Parties"), hereby
10 submit the following Objections (the "Objections") to the Amended Motion of Lehman VD Lenders for
11 Order: (1) Approving Plan Solicitation, Notice, and Voting Procedures; (2) Approving Forms of
12 Notice and Ballots; (3) Establishing Plan Confirmation Deadlines and Procedures with Respect to Joint
13 Chapter 11 Plan for Twelve Voluntary Debtors Proposed by the Lehman VD Lenders; and
14 (4) Approving Form of Order Approving the Disclosure Statement(the "VD Solicitation Motion"); and
15 Amended Joint Motion of Trustee and Lehman Creditors for Order: (1) Approving Plan Solicitation,
16 Notice, and Voting Procedures; (2) Approving Forms of Notice and Ballots; (3) Establishing Plan
17 Confirmation Deadlines and Procedures with Respect to Joint Chapter 11 Plan for Eight Trustee
18 Debtors Proposed by the Trustee and Lehman Creditors; and (4) Approving Form of Order Approving
19 the Disclosure Statement (the "TD Solicitation Motion") (collectively, the "Solicitation Motions") filed
20 by Lehman Commercial Paper, Inc., Lehman ALI Inc., Northlake Holdings LLC and OVC Holdings
21 LLC (collectively the "Lehman Plan Proponents").

## I.

## **PRELIMINARY STATEMENT**

24 The Solicitation Motions should be non-controversial motions which merely mirror the relevant
25 provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules. However, the Lehman Plan
26 Proponents' Solicitation Motions are replete with provisions which contravene the Bankruptcy Code
27 and rules and which are clearly designed to allow the Lehman Plan Proponents an opportunity to
28 manipulate the voting and tabulation process, as well as to circumvent any objections to their Plans.

-1-

Specifically, the Solicitation Motions propose to usurp the role of the Court, and to grant the Lehman Plan Proponents improper and inappropriate discretion to allow claims for voting purposes, and count or disregard ballots in their sole discretion, without Court supervision. In effect, the relief requested by the Solicitation Motions is for an improper abdication of the Court's authority.

The Lehman Joint Plans are subject to numerous contingencies, including a $30 million unsecured claim cap in the Trustee Debtors' Cases and a presently blank claims cap in the Voluntary Debtors' cases. The Trustee's estates currently have approximately $10 million of unpaid real property taxes, $40 million of administrative and priority claims, and approximately $50 million of unsecured claims without taking into account potential rejection claims. It is unclear if the Lehman Plan Proponents will seek to utilize their requested authority to disallow or estimate claims for "plan feasibility purposes" and not merely for "plan voting purposes".

For the reasons set forth hereinbelow, the SunCal Parties request that the Solicitation Motions be denied. In particular, the SunCal Parties request that no ballot or vote should be disregarded for any reason, until and unless the ballot has been submitted for review by the Court and parties-in-interest, such that the Court and only the Court may determine whether the ballot should properly be counted. As set forth above, the voting and ballot tabulation procedures should be governed by the provision of the Bankruptcy Code and Bankruptcy Rules, and all ballots should be submitted for review and approval by the Court. Further, as set forth above, the confirmation deadlines should be set in accordance with the provisions of Local Bankruptcy Rule 9013-1.

## II.

## ALL CREDITORS AND PARTIES-IN-INTEREST SHOULD RECEIVE THE SOLICITATION PACKAGES IN THE SAME FORM

Both the Solicitation Motions propose that the Lehman Plan Proponents may, in their discretion, service the Plan and Disclosure Statement via CD-ROM in lieu of hard printed copies:

> The Plan Proponents request that the Court authorize the transmittal by the Plan Proponents of a solicitation package on CD-Rom disk, or hard copies, in the Plan Proponents' sole discretion,

VD Solicitation Motion, 6:22-23. TD Solicitation Motion, 6:19-20.

While the SunCal Parties do not *per se* oppose service of the plans and disclosure statements via CD-ROM, the Lehman Plan Proponents should not have the discretion to pick and choose which parties receive printed copies and which parties receive CD-ROM copies. Parties, particularly less sophisticated parties, are less likely to print or review a plan and disclosure statement from a CD-ROM disc. Allowing the Lehman Plan Proponents to selectively decide the format of the Plan and Disclosure Statement for each creditor provides a recipe for manipulation of the voting process. All creditors and parties in interest should receive the Plan and Disclosure Statement in the same format, whether it be in a printed format or a CD-ROM format.

## III.

## THE SOLICITATION MOTIONS ALLOW THE LEHMAN PLAN PROPONENTS TO MANIPULATE THE VOTING AND TABULATION PROCESS, AND THEREFORE SHOULD BE DENIED

The Solicitation Motions contains various provisions which allow the Lehman Plan Proponents the opportunity to manipulate the voting and tabulation process, which should not be approved. The following are just a few examples of the inappropriate provisions in the Solicitation Motions:

(1)    The Solicitation Motions improperly seeks to preclude parties in interest from inspecting the ballots. The Solicitation Motions state:

> All Ballots will be made available for inspection by the Court at the Confirmation Hearing. **Ballots are not required to be filed or made available to any parties**.

VD Solicitation Motion, 10:26-27; TD Solicitation Motion, 10:24-25 (emphasis added).

Lehman's request is prohibited by the Local Rules. Local Bankruptcy Rule 3018-1(a) provides:

> (a) Ballot Summary. The plan proponent must: ***
> (3) Make available at the hearing all of the original ballots for inspection and review by the court and **any interested party**.

Local Bankruptcy Rule 3018-1(a) (emphasis added).

Accordingly, the local rules require that all ballots be made available for review and inspection by any interested party. In order to avoid protracted delays at the confirmation hearing itself, the Court should require that copies of all ballots be filed with the Court along with the Ballot Summary.

-3-

It is critical that the Lehman Plan Proponent file copies of all of the ballots, as the Solicitation Motion proposes to give the Lehman Plan Proponent the authority to declare, without further order of the Court, certain ballots to be defective, in the event that Lehman believes the ballot "is illegible or contains insufficient information to permit the identification of the claimant." VD Solicitation Motion, 14:7-8; TD Solicitation Motion, 14:7. In order to ensure the fairness of the voting process, it is critical that all ballots – and in particular ballots which the Lehman Plan Proponents purport to disregard – be filed with the Court well in advance of the confirmation hearing.

(2)    The Solicitation Motions provide that the Lehman Plan Proponents may unilaterally disallow allegedly duplicative claims for voting purposes, without an objection or court order:

> [A]ny Creditor who has filed or is the transferee of one or more duplicate Claims (whether against the same or multiple VD Plan Debtors) will be provided with only one Solicitation Package and one ballot and be permitted to vote only a single Claim, **regardless of whether the Plan Proponents or any party have objected to such duplicate Claims**.

VD Solicitation Motion, 13:9-12, ¶ (g); TD Solicitation Motion, 13:7-10, ¶ (g).

> If a Claim is duplicative of another Claim, the Creditor filing such Claims shall receive only one Solicitation Package, including one Ballot, for such Claim and shall be permitted to vote only a single Claim.

VD Solicitation Motion, 8:21-23; TD Solicitation Motion, 8:22-24.

On its face, the provision does not require an objection to claim or any court order to determine whether a claim is duplicative. A proof of claim filed with the Court is deemed allowed until and unless an objection to the claim is filed. Section 502(a) provides:

> A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects.

See also FRBP 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.").

If the Lehman Plan Proponents believe a claim is duplicative, then the Plan Proponents may file an appropriate objection. Nothing in the Bankruptcy Code or Rules allows a creditor and plan proponent, such as the Lehman Plan Proponents, to deny creditors their fundamental right to vote by usurping the role of the Court in determining the validity of claims for voting purposes. "A right to vote on a plan is a fundamental right of creditors under chapter 11." In re Adelphia Communications

Corp., 359 B.R. 54, 61 (Bankr.S.D.N.Y. 2006); In re Heritage Organization, L.L.C., 376 B.R. 783, 794 (Bankr.N.D.Tex. 2007). The Bankruptcy Code does not contemplate that a plan proponent can unilaterally disenfranchise a creditor's vote by mere unilateral declaration. This type of discretion, allowing the Lehman Plan Proponents unilateral authority to declare whether claims are duplicative, opens the door to an improper manipulation of the voting process.

(3) The Solicitation Motions further provide that if a claim is "partially liquidated and partially unliquidated" then only the liquidated portion will be allowed to vote, and the unliquidated portion will be disregarded. VD Solicitation Motion, 13:5-8 ¶ (f); TD Solicitation Motion, 13:3-6 ¶ (f). Again, this provision seeks to deny creditors their fundamental rights in contravention of the Bankruptcy Code. If the Lehman Plan Proponents believe a claim is unliquidated, then they must file a motion to estimate the claim under Section 502(c), and obtain a court order. The Bankruptcy Code does not contemplate that a plan proponent can unilaterally disenfranchise a creditor's vote by mere unilateral declaration that it is partially or wholly unliquidated, and this Court should not countenance such efforts by the Lehman Plan Proponents. Rather, any contention that could result in disenfranchising votes should be brought before the Court and subject to objective determination.

(4) The Solicitation Motions also contain various provisions whereby holders of untimely claims are precluded from voting, without the necessity of a claim objection and order. VD Solicitation Motion, 12:15; 13:1-5 ¶ (e); 14:9-10; TD Solicitation Motion, 12:13 and 27-28 ¶ (e); 14:9. As set forth above, if the Lehman Plan Proponents believe a claim is subject to disallowance as untimely, it must file an appropriate objection to claim under Section 502(b)(9). Section 502(b) provides that any objection to a claim be determined "after notice and a hearing". Accordingly, the Lehman Plan Proponents cannot unilaterally deem a claim disallowed for voting purposes. The Solicitation Motions reverses the procedural burden, and requires the subject claimant to obtain an order allowing its claim:

> If a Claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to or on the Voting Deadline, then, **unless the Holder of such Claim obtains or the Court otherwise issues an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting**

-5-

> **purposes**, such Claim will be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

VD Solicitation Motion, 13:1-5 ¶ (e); TD Solicitation Motion, 12:27-13:3 ¶ (e) (emphasis added).

Again, this provision is contrary to the Bankruptcy Code and rules, and should be rejected. The Solicitation Motions are further suspect as they provide the Lehman Plan Proponents to selectively enter into private agreement with certain creditors to temporarily allow their claims for voting purposes:

> The Plan Proponents request that the Court offer any Creditor that seeks to establish the temporary allowance of its Claim for voting purposes the opportunity to have the matter heard at the Confirmation Hearing provided that either *** (b) **enters into an agreement with the Plan Proponents** therefor, which agreement the Plan Proponents will file concurrently with or prior to the filing of the Ballot Summary (the "Voting Allowance Notice"), and which agreement the Court approves prior to or at the Confirmation Hearing.

VD Solicitation Motion, 13:12-21; TD Solicitation Motion 13:11-19 (emphasis added). Again, the proposal should be disallowed as it will lead to the disenfranchisement of creditors and usurps the authority of this Court.

There is simply no authority in the Bankruptcy Code or Federal Rules of Bankruptcy Procedure, which gives a creditor (even a creditor proposing a plan) the exclusive authority to enter into private agreements to allow claims for voting purposes. Such discretion invites improper manipulation of the voting and tabulation process to suit the goals of the plan proponent.

(5) While not disclosed in the body of the Solicitation Motions, the Lehman Plan Proponents' proposed order improperly provides that claims are allowed for voting purposes in the amounts provided for in the plan:

> 12. *** each Claim in Class 2, Class 6, Class 7, Class 8, and Class 9 shall be entitled to vote the amount of such Claim as set forth in the Schedules (as may be amended from time to time) unless such Holder has timely filed a proof of claim, in which event such Holder shall be entitled to vote the amount of such Claim as set forth in such proof of claim; provided, however, that:
> (a) If a Claim is deemed "Allowed" pursuant to an order of this Court prior to or at the
> Confirmation Hearing or under the Plan, **such Claim shall be Allowed for voting purposes in the "Allowed" amount set forth in** the Court's order or **Plan**

Proposed VD Order, ¶ 12(a). See also Proposed TD Order, ¶ 13(a).

-6-

A proof of claim filed with the Court is deemed allowed until and unless an objection to the claim is filed. There is simply no authority that an unconfirmed plan can dictate the allowed amount of the claim for voting purposes.

(6) With respect to the above referenced voting procedures, the Solicitation Motions improperly place the burden upon the creditors to file a motion to temporarily allow their claims for voting purposes. VD Solicitation Motion, 13:14-16; TD Solicitation Motion, 13:13-16. However, as set forth above, it is the Lehman Plan Proponents' burden to object to claims pursuant to 11 U.S.C. § 502(a) and (b), or to move to estimate claims pursuant to 11 U.S.C. § 502(c). The Lehman Plan Proponents cannot reverse these statutory burdens and force creditors to seek temporary allowance of their claims.

With respect to the above referenced voting procedures, the Solicitation Motions purport to provide a deadline of only 14 days after the Solicitation Date for creditors to file a motion to allow their claims for voting purposes. In contrast, claim objections must be filed by the Solicitation Date. VD Solicitation Motion, 12:20-21; TD Solicitation Motion, 13:13-16. Accordingly, creditors are provided an artificially short deadline of only 14 days to file a motion for temporary allowance of their claims. There is no reason why creditors should not be allowed to file motions for temporary allowance of their claims on regular notice prior to the confirmation hearing.

The Solicitation Motions do not obligate the Lehman Plan Proponents to give notice to creditors if their votes are or will be disregarded pursuit to the above stated "procedures." Thus, the Lehman Plan Proponents have ensured that all creditors who might otherwise challenge the Lehman Plan Proponents' unilateral decisions, will default on this arbitrary deadline.

(7) The Solicitation Motions provides arbitrary and overly restrictive conditions as to which ballots may be counted. For example, the Solicitation Motions purports to authorize the Lehman Plan Proponents to disregard the following ballots:

- "any Ballot transmitted to the Plan Proponents by facsimile or other electronic means". VD Solicitation Motion, 14:15-16; TD Solicitation Motion, 14:16.

    The Solicitation Motions do not purport to provide any justification of the exclusion of electronic transmission, which in current times is the most common form of

communication. In an era in which pleadings are filed electronically, and served via email, there is no justification for the exclusion of electronically submitted ballots.

- "any ... non-originally signed Ballot" VD Solicitation Motion, 14:10-11; TD Solicitation Motion, 14:10-11.

This restriction would ostensibly exclude the votes of creditors who mail a photo copy of their ballots, as well as any facsimile or emailed ballot. Again, there is no justification for this arbitrary restriction on ballots.

- "any Ballot sent directly to .. any other party other than the [Lehman] Plan Proponents" VD Solicitation Motion, 14:11-14; TD Solicitation Motion, 14:10-14.

Many of the creditor body are unsophisticated and are not represented by counsel. It is not uncommon for unsophisticated creditors to inadvertently send their ballots to the Bankruptcy Court, the trustee or his counsel, the debtor or its counsel, the committee or its counsel, etc. As long as such ballots are forwarded to or received by the Plan Proponent within a reasonable time, there is no justification for their exclusion from the ballot tally.

- "any Ballot that is illegible or contains insufficient information to permit the identification of the claimant." VD Solicitation Motion, 14:7-8; TD Solicitation Motion, 14:7.

As set forth above, the Lehman Plan Proponents should not be entitled to unilaterally decide which ballots are "illegible or contains insufficient information to permit the identification of the claimant". Such a determination should only be made upon notice to the particular creditor and all parties in interest, and subject to Court determination.

These overly restrictive ballot conditions are particularly troublesome, where the Lehman Plan Proponents have no duty to even inform claimants that their votes have been deemed defective. The Solicitation Motions provide:

> None of the Plan Proponents or any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

1  VD Solicitation Motion, 14:20-22; TD Solicitation Motion, 14:20-22.

2      This provision, in conjunction with the Lehman Proponents' assertion that: "Ballots are not
3  required to be filed or made available to any parties" (VD Solicitation Motion, 10:26-27), is ripe for
4  abuse. The practical effect of these provisions is to insulate the Lehman Plan Proponents' unilateral
5  inclusion or exclusion of ballots from any scrutiny by creditors or the Court.  The Solicitation Motions
6  sets forth overly restrictive procedures in which many of the ballots may have some technical defect,
7  and thus the Lehman Plan Proponents are given the discretion to selectively declare ballots as
8  defective, without notice to creditors or even a court determination.  Clearly, these types of procedures
9  will not provide for a fair and equitable voting process.

10     Further, the Lehman Joint Plans generally require that a creditor asserting a Reliance Claim
11 must "mark its Ballot to indicate that it contends it holds a Reliance Claim."  Similarly, creditors must
12 make an election on the ballot to receive the "Lehman Distribution Enhancement".  Lehman's overly
13 restrictive ballot conditions at least raise the possibility that the Lehman Plan Proponents may seek to
14 void ballots based upon technical defects in order to deprive creditors of any distribution enhancements
15 under the Lehman Plans.

16     Section 1126(e) gives the Court the sole authority to reject ballots:

17         (e) On request of a party in interest, and after notice and a hearing, the court may
designate any entity whose acceptance or rejection of such plan was not in good
18         faith, or was not solicited or procured in good faith or in accordance with the
provisions of this title.
19

20 11 U.S.C. § 1126(e).

21     The Lehman Plan Proponents may have the right to file a motion under Section 1126(e),
22 however, they do not have the right to displace this Court and the Court ought not delegate its authority
23 as requested.

24     It is abundantly clear that no ballot or vote should be disregarded for any reason set forth in the
25 Solicitation Motions, until and unless the ballot has been submitted for review by the Court and
26 parties-in-interest, such that the Court and only the Court may determine whether the ballot should
27 properly be counted. Accordingly, the entirety of "Ballot Tabulation" procedures set forth in the
28 Solicitation Motions should be denied. VD Solicitation Motion, pgs 12-14; TD Solicitation Motion,
pgs 12-14. As set forth above, the voting and ballot tabulation procedures should be governed by the

provision of the Bankruptcy Code and Bankruptcy Rules, and all ballots should be submitted for review and approval by the Court.

## IV.

## THE PROPOSED BALLOTS DO NOT CONFORM TO FORM B14

The proposed ballots attached to the Solicitation Motions do not conform to office form B14. Rather than utilize the simple and understandable 2-page form B14 ballots, the Lehman Plan Proponents have lengthy and confusing ballots. In the Voluntary Debtors' cases, the class 6 and 7 ballots (attached as exhibit C-2) are a full ten (10) pages in length, the class 3 ballots (attached exhibit C-4) are thirteen (13) pages in length. In the Trustee Debtors' cases, the class 6 and 7 ballots (attached as exhibit C-2) are also (10) pages in length, and the class 3 ballots (attached exhibit C-3) are eleven (11) pages in length. These ballots are extraordinarily long, and confusing to a typical creditor. Moreover, among other things, the ballots improperly contain a "Certification" imposed by the Lehman Plan Proponents that is wholly unnecessary, and is clearly designed to intimidate and dissuade creditors from voting.

## V.

## THE PROPOSED DATES AND DEADLINES IN THE SOLICITATION MOTIONS PROVIDE INSUFFICIENT TIME FOR OBJECTIONS, AND EXCESSIVE TIME FOR THE LEHMAN PLAN PROPONENTS TO FILE PLEADINGS IN SUPPORT OF THE PLAN

The Lehman Plan Proponents request a confirmation hearing approximately sixty five (65) days after entry of the order approving the disclosure statement. VD Solicitation Motion, 17:7-8; TD Solicitation Motion, 17:5-6. It is well known that this Court has a very busy calendar, and that a contested confirmation hearing will be set well past sixty five (65) days from the approval of any disclosure statements.

In order to minimize the time for any objections to their Plans or other action by creditors, the Lehman Plan Proponents have proposed deadlines upon creditors which are keyed to the "Solicitation Date".

| Event | Proposed Date |
|---|---|
| Objection Deadline: Last day to file and serve objections to confirmation | 25 days after Solicitation Date |
| Voting Deadline: Last day for Creditors to deliver Ballots | 30 days after Solicitation Date |
| Last day for Creditors to file 3018 Motions | 14 days after Solicitation Date |

See VD Solicitation Motion, 17:9-13; TD Solicitation Motion 17:7-11.

In contrast, the Lehman Plan Proponents deadlines are keyed to the Confirmation Hearing.

| Event | Proposed Date |
|---|---|
| Reply and Confirmation Brief Deadline: Last day to file and serve Plan Proponents' confirmation brief and any replies to confirmation objection(s) | 14 days prior to Confirmation Hearing |
| Last day to file and serve Plan Supplement | 10 days prior to Confirmation Hearing |
| Last day for Plan Proponents to file Ballot Summary and Voting Allowance Notice | 7 days prior to Confirmation Hearing |

See VD Solicitation Motion, 17:14-18; TD Solicitation Motion 17:12-16.

Since the Confirmation Hearing is likely to be set well past sixty five (65) days past the approval of the disclosure statement, the "proposed dates" are designed to give the Lehman Plan Proponents the maximum amount of time, while providing creditors and parties in interest little or no time to object or seeking allowance of their claims.

For example, the Solicitation Motions do not define the "Plan Supplement" but propose that it must be filed at least "10 days prior to Confirmation Hearing". Since objections are due at least a month earlier, creditors and parties in interest will have no opportunity to object or challenge any provision of the undisclosed "Plan Supplement."

The deadlines set forth in Local Bankruptcy Rule 9013-1 are applicable to "all contested matters" including confirmation hearings. Local Bankruptcy Rule 9013-1(a)(1) provides:

> Unless otherwise ordered by the court, parties must file, serve, and set for hearing **all contested matters**, including motions, whether filed in the bankruptcy case or an adversary proceeding, objections, applications, orders to show cause, and other matters for which a hearing is necessary (collectively, "motions"), **in accordance with this rule**, any other applicable LBR, the FRBP, and the Bankruptcy Code.

Local Bankruptcy Rule 9013-1(a)(1) (emphasis added).

-11-

Clearly, plan confirmation constitutes a contested matter. See <u>In re Bankvest Capital Corp.</u>, 375 F.3d 51, 70 (1st Cir. 2004) ("The confirmation process constitutes a contested matter under the Bankruptcy Rules"). Accordingly, the plan confirmation process is subject to the deadlines provided for in Local Bankruptcy Rule 9013-1, unless the Lehman Plan Proponents establish "cause" to modify such deadlines. However, nothing in the Solicitation Motions purports to establish "cause" to modify the deadlines otherwise required under the local rules. As a result, pursuant to Local Bankruptcy Rule 9013-1(d), (f) and (g), the following dates and deadlines should be applicable:

| Event | Proposed Date |
|---|---|
| Confirmation Brief Deadline and supporting declarations: Last day to file and serve Plan Proponents' confirmation brief and supporting declarations | 21 days prior to Confirmation Hearing |
| Last day to file and serve Plan Supplement | 21 days prior to Confirmation Hearing |
| Last day for Creditors to file 3018 Motions | 21 days prior to Confirmation Hearing, unless heard on shortened time |
| Last day for Plan Proponents to file Ballot Summary | 21 days prior to Confirmation Hearing |
| Objection Deadline: Last day to file and serve objections to confirmation | 14 days prior to Confirmation Hearing |
| Reply Deadline: Last day to file and serve any parties' replies to confirmation objection(s) | 7 days prior to Confirmation Hearing |

/ / /

/ / /

-12-

## VI.

## **CONCLUSION**

For the reasons set forth herein, the SunCal Parties request that the Solicitation Motions be denied. In particular, the SunCal Parties request that no ballot or vote should be disregarded for any reason set forth in the Solicitation Motions, until and unless the ballot has been submitted for review by the Court and parties-in-interest, such that the Court and only the Court may determine whether the ballot should properly be counted. As set forth above, the voting and ballot tabulation procedures should be governed by the provision of the Bankruptcy Code and Bankruptcy Rules, and all ballots should be submitted for review and approval by the Court. Further, as set forth above, the confirmation deadlines should be set in accordance with Local Bankruptcy Rule 9013-1(d), (f) and (g).

DATED: April 29, 2011

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**

By:    /s/ *Paul J. Couchot*
      Paul J. Couchot, Esq.
      Peter W. Lianides, Esq.
General Insolvency Counsel for Administratively Consolidated Debtors-in-Possession ("Voluntary Debtors")

**RUS MILIBAND & SMITH**
**A PROFESSIONAL CORPORATION**

By:  /s/ *Ronald Rus*
      Ronald Rus, Esq.
      Joel S. Miliband, Esq.
      Cathrine Castaldi, Esq.
Attorneys for SunCal Management, LLC

-13-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **SUNCAL PARTIES' OBJECTIONS TO (A) AMENDED MOTION OF LEHMAN VD LENDERS FOR ORDER: (1) APPROVING PLAN SOLICITATION, NOTICE, AND VOTING PROCEDURES; (2) APPROVING FORMS OF NOTICE AND BALLOTS; (3) ESTABLISHING PLAN CONFIRMATION DEADLINES AND PROCEDURES WITH RESPECT TO JOINT CHAPTER 11 PLAN FOR TWELVE VOLUNTARY DEBTORS PROPOSED BY THE LEHMAN VD LENDERS; AND (4) APPROVING FORM OF ORDER APPROVING THE DISCLOSURE STATEMENT; AND (B) AMENDED JOINT MOTION OF TRUSTEE AND LEHMAN CREDITORS FOR ODER: (1) APPROVING PLAN SOLICITATION, NOTICE, AND VOTING PROCEDURES; (2) APPROVING FORMS OF NOTICE AND BALLOTS; (3) ESTABLISHING PLAN CONFIRMATION DEADLINES AND PROCEDURES WITH RESPECT TO JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND LEHMAN CREDITORS; AND (4) APPROVING FORM OF ORDER APPROVING THE DISCLOSURE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 29, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 29, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Richard Pachulski: rpachulski@pszjlaw.com
Shai Y. Waisman: hai.waisman@weil.com
Edward Soto: Edward.soto@weil.com

Debtor: Bruce Cook: bcook@suncal.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 29, 2011 | Susan Connor | *signature* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

-14-

**NEF SERVICE LIST**

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Jonathan S Dabbieri    dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning    ddunning@dunningLaw.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com

- Lawrence A Jacobson    laj@cohenandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkclaw.com
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com, vgunderston@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com – PLAN PROPONENT
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net

- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Christopher T Williams    ctwilliams@venable.com, jcontreras@venable.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net