1  Barry S Glaser, State Bar No. 70968
   **STECKBAUER WEINHART JAFFE, LLP**
2  333 S. Hope Street, 36th Floor
   Los Angeles, California 90071
3  (213) 229-2868 - Telephone
   (213) 229-2870 - Facsimile
4
   Attorneys for County of Los Angeles Tax
5  Collector

6
                **UNITED STATES BANKRUPTCY COURT**
7
                **CENTRAL DISTRICT OF CALIFORNIA**
8
                    **SANTA ANA DIVISION**
9  In re                               Case No. 8:08-bk-17206-ES

10 PALMDALE HILLS PROPERTY, AND ITS     Chapter 11 (Jointly Administered)
   RELATED DEBTORS,
11                                      8:08-bk-17209-ES; 8:08-bk-17240-ES;
          Joint Administered Debtors and   8:08-bk-17224-ES; 8:08-bk-17242-ES;
12        Debtors-in-Possession.           8:08-bk-17225-ES; 8:08-bk-17245-ES;
                                        8:08-bk-17227-ES; 8:08-bk-17246-ES;
13 ☐  Affects all Debtors              8:08-bk-17230-ES; 8:08-bk-17231-ES;
                                        8:08-bk-17236-ES; 8:08-bk-17248-ES;
14 ☐  Affects the following Debtor(s):  8:08-bk-17249-ES; 8:08-bk-17573-ES;
15 ☐ Palmdale Hills Property, LLC       8:08-bk-17574-ES; 8:08-bk-17575-ES;
   ☐ SunCal Beaumont Heights, LLC       8:08-bk-17404-ES; 8:08-bk-17407-ES;
16 ☐ SCC/Palmdale, LLC                  8:08-bk-17408-ES; 8:08-bk-17409-ES;
   ☐ SunCal Johannson Ranch, LLC        8:08-bk-17458-ES; 8:08-bk-17465-ES;
17 ☐ SunCal Summit Valley, LLC          8:08-bk-17470-ES; 8:08-bk-17472-ES;
   ☐ SunCal Emerald Meadows, LLC        And 8:08-bk-17588-ES
18 ☐ SunCal Bickford Ranch, LLC
   ☐ Acton Estates, LLC                 **OBJECTION OF THE COUNTY OF LOS**
19 ☐ Seven Brothers, LLC                **ANGELES TAX COLLECTOR TO**
   ☐ SJD Partners, Ltd.                 **DISCLOSURE STATEMENT WITH**
20 ☐ SJD Development Corp.              **RESPECT TO FIRST AMENDED JOINT**
   ☐ Kirby Estates, LLC                 **CHAPTER 11 PLAN FOR EIGHT**
21 ☐ SunCal Communities I, LLC          **TRUSTEE DEBTORS PROPOSED BY**
   ☐ SCC Communities LLC                **THE TRUSTEE AND LEHMAN**
22 ☐ SunCal Communities III, LLC        **CREDITORS; DECLARATION OF**
   ☐ North Orange Del Rio Land, LLC     **DEONDRIA BARAJAS IN SUPPORT**
23 ☐ Tesoro SF, LLC                     **THEREOF**
   ☒ LB/L-SunCal Oak Valley, LLC
24 ☒ SunCal Heartland, LLC             **Hearing:**
   ☒ LB/L-SunCal Northlake, LLC        Disclosure Hearing: May 13, 2011
25 ☒ SunCal Marblehead, LLC            Time:                9:30 a.m.
   ☐ SunCal Century City, LLC          Confirmation
26 ☒ SunCal PSV, LLC                   Hearing:             No Date Set
   ☒ Delta Coves Venture, LLC          Time:                No Date Set
27 ☒ SunCal Torrance Properties, LLC   Place:               Courtroom 5A
   ☒ SunCal Oak Knoll, LLC                                  411 West Fourth Street
28                                                          Santa Ana, CA 92701

20002.031/66231.1

# TABLE OF CONTENTS

                                                                                    **Page**

I.    INTRODUCTION ............................................................................................. 2

      A.    Chapter 11 Cases ................................................................................... 2

      B.    Proofs of Claim Filed by the County of Los Angeles Treasurer and Tax
            Collector ................................................................................................ 4

II.   TREATMENT OF SECURED PROPERTY TAXES ................................... 6

III.  DISCUSSION ................................................................................................. 7

      A.    "A Claim Or Interest, Proof Of Which Is Filed Under 11 U.S.C. § 501, Is
            Deemed Allowed, Unless A Party In Interest Objects…" .................... 7

      B.    The Interest Stated Under California Revenue And Tax Code Sections 4102
            And 4103(B) Are The Proper Rate ....................................................... 8

      C.    11 U.S.C. § 511 Mandates That The Court Must Refer To State Law And
            May No Longer Use Its Equitable Powers to Alter The Interest Rate And
            Penalties Under Applicable State Law. ................................................. 9

            1.    The County Is Entitled To Assert A Delinquent Non-Payment
                  Penalty Pursuant To California Revenue and Taxation Code § 2618 ........ 13

            2.    The Redemption Interest Rate Pursuant to California Revenue and
                  Taxation Code § 4103(a) Is The Proper Rate. ............................. 15

      D.    The County Is Not Required To File An Administrative Tax Claim Pursuant
            To 11 U.S.C. Section 503(B)(1)(D) ..................................................... 16

      E.    The Proposed Disclosure Statement Should Not Be Approved Because The
            Proposed First Amended Plan Is Not Confirmable On Its Face ............ 17

      F.    Limitation of Liability .......................................................................... 19

IV.   CONCLUSION ................................................................................................ 20

STEGEBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 225-2668 • FAX (213) 225-2870

# TABLE OF AUTHORITIES

**Page**

## CASES

Hessinger & Assocs. V. United States Trustee (In re Biggar),
    110 F. 3d 685 (9th Cir. 1997)...................................................................................13

In re American Hardwoods,
    (9th Cir. 1989) 885 F.2d 621 ...............................................................................19

In re Bernbaum,
    404 B.R. 39 (Bankr. E.D. Mass. 2009) ...........................................................10, 12

In re Beyond.com Corp.,
    (Bankr. N.D. Cal. 2003) 289 B.R. 138 ...............................................................18

In re Jones,
    368 B.R. 602 (Bankr. S.D. Tex. 2007) ...........................................................11, 14

In re Sybaris Clubs International, Inc.,
    (Bankr. N.D. Ill. 1995) 189 B.R. 152 .................................................................19

Rankin v. Desarno,
    89 F.3d 1123 (3rd Cir. 1996) ..............................................................................12

Siegel v. Federal Home Loan Mort. Corp.,
    143 F.3d 525 (9th Cir. 1998)..................................................................................7

## STATUTES

11 U.S.C § 101(51) .................................................................................................12

11 U.S.C. § 101(53) ................................................................................................12

11 U.S.C. § 1129(a)(1) ...........................................................................................19

11 U.S.C. § 1322(b)(2) ......................................................................................12, 13

11 U.S.C. § 1325(a)(5)(B) ................................................................................11, 13

11 U.S.C. § 1325(a)(5)(B)(ii)...........................................................................11, 13

11 U.S.C. § 501 .......................................................................................................7

11 U.S.C. § 502(a) ...................................................................................................7

11 U.S.C. § 503(b)(1)(D)........................................................................3, 7, 17, 20

11 U.S.C. § 506(b) .........................................................................................9, 11, 14

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1  11 U.S.C. § 511 ..................................................................................................................passim

2  11 U.S.C. §§ 511(a) and (b) ........................................................................................................13

3  11 U.S.C. § 1125(e) ....................................................................................................................19

4  11 U.S.C. § 362(b)(4) ............................................................................................................18, 19

5  26 U.S.C. § 162(f) ....................................................................................................................8, 15

6  26 U.S.C. § 163 ........................................................................................................................8, 15

7  California Revenue and Taxation Code § 2618 ....................................................................13, 14

8  California Revenue and Taxation Code § 4102 ............................................................................15

9  California Revenue and Taxation Code § 4103(a) ..........................................................8, 13, 15

10  California Revenue and Taxation Code § 4103(b) ..................................................8, 9, 15, 16

11  H. Rpt. No. 109-31,
       § 256, 109th Cong. 1st Sess. (2005) p. 101 ....................................................................9, 10

12  Mass. Gen. Laws ch. 59 §57 ......................................................................................................11

13  Mass. Gen. Laws ch. 60 §62 ......................................................................................................11

14  Pub. Law 109-8, § 712(d)(1)........................................................................................................9



STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 225-2868 • FAX (213) 225-2870

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **TO: THE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; DEBTORS,**

2   **DEBTORS' COUNSEL, OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER**

3   **INTERESTED PARTIES:**

4       The Los Angeles County Tax Collector (the "County") hereby submits its objection (the

5   "Objection") to the *Disclosure Statement With Respect to First Amended Joint Chapter 11 Plan*

6   *For Eight Trustee Debtors Proposed By The Trustee and Lehman Creditors* (the "Disclosure

7   Statement"), as follows:

8   **I.**    **INTRODUCTION**

9       **A.**    **Chapter 11 Cases**

10       On November 6, 7 and 19, 2008, the Voluntary Debtors[1] filed their respective voluntary

11   petitions under title 11 of the United States Code (the "Bankruptcy Code"). The Voluntary

12   Debtors continue to manage their affairs and property as debtors in possession pursuant to sections

13   1107 and 1008 of the Bankruptcy Code.

14       On November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee

15   Debtors.[2]

16       Debtor, Palmdale Hills and its twenty-five debtor related entities were jointly administered

17   by Order of this Court on November 19, 2008 [Docket No. 12].

18

19

20

---

[1] The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates, LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

[2] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

STECKBAUER
WEINHART
JAFFE, LLP

333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. (213) 229-2868 • Fax (213) 229-2870

1  On or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors'
2  cases.

3  On or about January 15, 2009, the Court entered orders requiring the appointment of a
4  chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States
5  Trustee appointed Steven M. Speier as the Chapter 11 Trustee for the Trustee Debtors.

6  In addition to the Joint Voluntary Debtors Plan proposed by the Lehman Voluntary
7  Debtors Lenders (the "Lehman VD Lenders") for the affected twelve Voluntary Debtors, the
8  Lehman Creditors and the Trustee jointly and simultaneously proposed a plan for eight Trustee
9  Debtors.

10  On or about September 30, 2010, Lehman Commercial Paper Inc and Lehman
11  ALI, Inc. filed Joint Chapter 11 Plan for Twelve Voluntary Debtors Proposed by the Lehman VD
12  Lenders [Doc 1423].

13  On or about September 30, 2010, the Chapter 11 Trustee for the Trustee Debtors and the
14  Lehman Creditors filed Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee
15  and Lehman Creditors [Doc 1420].

16  On or about September 30, 2010, the Administratively Consolidated Debtors-in-Possession
17  and SCC Acquisitions, Inc. filed Debtors' Fourth Amended Joint Disclosure Statement Describing
18  Debtors' Fourth Amended Joint Chapter 11 Plan [Doc 1418].

19  On or about October 22, 2010, the County filed its Objection to the Joint Chapter 11 Plan
20  for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors [Doc 1522] and
21  Objection to the Debtors' Fourth Amended Joint Disclosure Statement Describing Debtors' Fourth
22  Amended Joint Chapter 11 Plan [Doc 1523] (collectively the "County's Previous Objections").
23  The County objected, among other reasons, for their failure to provide for the County's secured
24  Proofs of Claim to be paid in full, with redemption interest accruing at 18% per annum (1.5% per
25  month), and 10% delinquent penalty as allowed by law; and for their requirement for the County
26  to file an administrative tax claim pursuant to 11 U.S.C. § 503(b)(1)(D).

27  On or about March 28, 2011, the Lehman VD Lenders filed Disclosure Statement with
28  Respect to First Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors [Doc 1874].

20002.031/66231.1                          3

1  On or about March 28, 2011, the Trustee and Lehman Creditors (collectively the "TD Plan

2 Proponents") filed Disclosure Statement with Respect to First Amended Joint Chapter 11 Plan for

3 Eight Trustee Debtors [Doc 1876].

4  On or about April 7, 2011, the Voluntary Debtors and SunCal Plan Proponents filed four

5 (4) Disclosure Statements for Group I Debtors[3] [Doc 1892]; Group II Debtors[4] [Doc 1894]; Group

6 III Debtors[5] [Doc 1896]; and Group IV Debtors[6] [Doc 1898].

7  Despite the County's Previous Objections, the Disclosure Statements with Respect to First

8 Amended Joint Chapter 11 Plans filed by the Lehman VD Lenders and the TD Plan Proponents

9 completely disregarded them and did not address any of the objections raised by the County.

10 **B.** **Proofs of Claim Filed by the County of Los Angeles Treasurer and Tax**

11   **Collector**

12  On or about January 8, 2009, the Los Angeles County Treasurer and Tax Collector (the

13 "County") filed its pre-petition real property tax claim against Palmdale Hills Property, LLC (08-

14 17206) in the amount of $1,037,377.11.

15  On or about January 8, 2009, the County filed its pre-petition real property tax claim

16 against Acton Estates, LLC (08-17236) in the amount of $200,454.41.  On or about May 27, 2010,

17 the County filed an Amended Proof of Claim in the amount of $171,724.55.

18  On or about February 26, 2009, the County filed its pre-petition real property tax claim

19 against SunCal Century City, LLC (08-17458) in the amount of $1,407,212.74.  As noted below,

20 this has been paid in full.

21 ———————————————

22 [3] Group I Debtors consist of Palmdale Hills Property, LLC, SunCal Bickford Ranch, LLC, SunCal
Marblehead, LLC, and SunCal PSV, LLC.

23

24 [4] Group II Debtors consist of Acton Estates, LLC, Suncal Emerald, Meadows LLC, Delta Coves
Venture, LLC, Suncal Heartland, LLC, LBL-Suncal Northlake, LLC, and LBL-Suncal Oak
Valley, LLC.

25

26 [5] Group III Debtors consist of Suncal Beaumont Heights, LLC, Suncal Johannson Ranch, LLC,
Suncal Summit Valley, Seven Brothers, LLC, Kirby Estates, LLC, and Suncal Century City, LLC.

27 [6] Group IV Debtors consist of SJD Partners, LTD., SCC Communities, LLC, North Orange Del
Rio Land, LLC, Tesoro SF LLC, Suncal Torrance, LLC, and Suncal Oak Knoll.

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. (213) 229-2868 • Fax (213) 229-2870

1    On or about October 29, 2009, the County filed its post-petition real property

2  administrative tax claim against Palmdale Hills Property, LLC (08-17206) in the amount of

3  $927,484.63.  On or about November 5, 2010, the County filed an Amended Proof of Claim in the

4  amount of $1,852,270.26.

5    On or about October 29, 2009, the County filed its pre-petition real property tax claim and

6  post-petition real property administrative tax claim against Tesoro SF, LLC (08-17575) in the

7  amounts of $33,205.71 and $111,036.35, respectively.  On or about November 8, 2010, the

8  County filed an Amended Proof of Claim for post-petition administrative tax claim in the amount

9  of $147,954.94 .  As noted below, the pre-petition real property tax claim has accrued to

10  $45,248.01 but the post-petition claim has been partially paid and the post-petition claim amount

11  has reduced from $147,954.94 to $57,837.51.

12    On or about November 16, 2009, the County filed its pre-petition real property tax claim

13  and post-petition real property administrative tax claim against SunCal Torrance Properties, LLC

14  (08-17472) in the amounts of $635,348.93 and $563,996.39, respectively.  On or about November

15  1, 2010, the County filed an Amended Proof of Claim in the amount of $569,929.51.  As noted

16  below, numerous changes have been made to the tax roll resulting in reduced assessments for a

17  large portion of the properties in this case, new escaped assessment bills were issued since filing

18  of the County's last amended claims, and the post-petition administrative tax claim has been paid

19  in full as of April 2011.

20    On or about November 16, 2009, the County filed its pre-petition real property tax claim

21  and post-petition real property administrative tax claim against LB/L SunCal Northlake, LLC (08-

22  17408) in the amounts of $2,767,793.62 and $2,905,416.41, respectively.  On or about November

23  1, 2010, the County filed an Amended Proof of Claim in the amount of $2,284,472.34.  As noted

24  below, numerous changes have been made to the tax roll resulting in reduced assessments for a

25  large portion of the properties in this case, new escaped assessment bills were issued since filing

26  of the County's last amended claims, and the post-petition administrative tax claim has been paid

27  in full as of April 2011.

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA, 90071
TEL: (213) 229-2868 • FAX (213) 229-2870

1    On or about November 16, 2009, the County filed its post-petition real property

2  administrative tax claim against SunCal Century City, LLC in the amount of $1,409,268.53.  As

3  noted below, the post-petition has been paid in full.

4    On or about November 16, 2009, the County filed its post-petition real property

5  administrative tax claim against Acton Estates, LLC (08-17236) in the amount of $198,730.31.

6  On or about May 27, 2010, the County filed an Amended Proof of Claim in the amount of

7  $156,788.11.  On or about October 21, 2010, the County filed a Second Amended Proof of Claim

8  in the amount of $317,593.73.

9  **II.    TREATMENT OF SECURED PROPERTY TAXES**

10    On or about December 9, 2009, a payment was made to the County in the amount of

11  $1,594,891.00, which represented real property taxes, penalties, and interest due relating to the

12  Palmdale Hills' Century City property.   This payment was in compliance with an agreement

13  between Debtors' counsel and purchaser's counsel for the December 10, 2009 first installment of

14  property taxes due, which includes all penalties and interest.

15    In addition, the Debtors have made several post-petition real property tax payments and

16  numerous changes have been made to the tax roll resulting in reduced assessments for a large

17  portion of the properties in this case.  Additionally, new escaped assessment bills were issued

18  since filing of the County's last amended claims.   Finally, payments have continued to post into

19  the week of April 25, 2011 for some of the current 2010 bills.  See Declaration of Deondria

20  Barajas.

21    As of April 2011, Debtors owe a significant amount of pre-petition and post-petition taxes,

22  which have accrued interest and penalty, as follows:

23    (A)    Tesoro SF, LLC's (08-17575) pre-petition and post-petition claims of $33,205.71

24  (tax year 2008) and $147,954.94 (tax years 2009 and 2010), respectively, have been adjusted to

25  $103,085.52.

26    (B)    Palmdale Hills Properties, LLC's (08-17206) pre-petition and post-petition claims

27  of $1,037,377.11 (tax year 2008) and $1,852,270.26  (tax years 2009 and 2010), respectively, have

28  been adjusted to $3,008,044.29.

1  (C)    SunCal Torrance Properties, LLC's (08-17472) pre-petition and post-petition

2  claims of $635,348.93 (tax year 2008) and $569,929.51 (tax years 2009 and 2010), respectively,

3  have been adjusted to $773,211.47.

4  (D)    LB/L SunCal Northlake, LLC's (08-17408) pre-petition and post-petition claims of

5  $2,767,793.62 (tax year 2008) and $2,284,472.34 (tax years 2009 and 2010), respectively, have

6  been adjusted to $3,368,181.76.

7  (E)    Acton Estates, LLC's (08-17236) pre-petition and post-petition claims of

8  $171,724.55 (tax year 2008) and $317,593.73 (tax years 2009 and 2010), respectively, have been

9  adjusted to $463,324.95.

10  Thus, the total amount for all outstanding taxes in this case is $7,715,847.99. See

11  Declaration of Deondria Barajas.

12  However, the TD Plan Proponents' Disclosure Statement still does not provide adequate

13  information regarding the treatment of the County's secured tax claims, in that: (1) the TD Plan

14  Proponents do not state the amount of the County's allowed secured claims; and (2) the County is

15  required to file an administrative tax claim pursuant to 11 U.S.C. § 503(b)(1)(D).

16  More importantly, the TD Plan Proponents' Disclosure Statement does not provide the

17  appropriate treatment of the County's claims as required under the Bankruptcy Code and/or

18  California Revenue and Taxation Code.

19  **III.    DISCUSSION**

20  A.    **"A Claim Or Interest, Proof Of Which Is Filed Under 11 U.S.C. § 501, Is**

21  **Deemed Allowed, Unless A Party In Interest Objects..."**

22  (See, 11 U.S.C. § 502(a)).

23  Pursuant to 11 U.S.C. section 502(a), if a proof of interest or proof of claim is filed and the

24  Debtor, or a party in interest, fails to object, then the claim is deemed allowed by the Court.  In the

25  case of *Siegel v. Federal Home Loan Mort. Corp.*, 143 F.3d 525 (9th Cir. 1998), the Appellate

26  Court explained the meaning of "deemed allowed," in that " ... it is deemed that the court has

27  acted on the claim and ordered allowance."

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: (213) 229-2868 • FAX (213) 229-2870

1    Therefore, since the Debtors nor the TD Plan Proponents have not filed any objections to

2    the County's secured Proofs of Claim, the TD Plan Proponents' Disclosure Statement and the First

3    Amended Plan should reflect that the County's secured claims are allowed, in full, pursuant to the

4    County's filed Proofs of Claim, plus post-confirmation interest and penalties, allowed by state

5    law.

6    **B.**    **The Interest Stated Under California Revenue And Tax Code Sections 4102**

7         **And 4103(B) Are The Proper Rate**

8    In 2005, Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act

9    of 2005 ("BAPCPA"). Title VII of the Act contained twenty separate sections that closed

10   loopholes that debtors had exploited in using bankruptcy to reduce the amounts that they would

11   have to pay to taxing agencies. One of the problems in bankruptcy had been determining the

12   appropriate interest rate on tax claims. In response to these concerns, the BAPCPA added section

13   511 to the Bankruptcy Code which provides that "the rate of interest shall be determined under

14   non-bankruptcy law." In other words, bankruptcy should not affect the amount that the taxpayer is

15   obligated to pay to the taxing agencies under the appropriate state law.

16   California Revenue and Taxation Code ("RTC") section 4102 requires payment of

17   delinquent penalties and redemption penalties in order to redeem tax-defaulted property. Thus,

18   beginning July 1 of the year of the declaration of tax default, the Tax Collector assesses an 18%

19   per year (1.5% per month) penalty on the delinquent property tax claim[7] (RTC § 4103(a)). In a

20   bankruptcy proceeding, RTC § 4103(b) characterizes redemption penalties as the "assessment of

21   interest."

22

23   ————————————————

24   [7] In all but name, the payments are interest. It may seem odd to characterize a monthly accrual as
     a penalty and not as interest. However, there are consequences for doing so that were considered
25   by the California Legislature. For example, interest can be deductible from gross income for
     income tax purposes (26 U.S.C. § 163) but, penalties are not (26 U.S.C. § 162(f)). Thus,
26   characterizing the charge as a penalty prevents "tax subsidization" of delinquent taxes. Therefore,
     when Bankruptcy Courts refused to recognize the penalties as being interest, the Legislature added
27   RTC section 4103(b).

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

As part of the BAPCPA amendment, Congress amended 11 U.S.C. § 506(b) to read, as follows (Pub. Law 109-8, § 712(d)(1), emphasis added to show additional language added by amendment):

> (b)  To the extent that an allowed secured claim is secured by property the value of which, after recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs or charges provided under the agreement or *State statute* under which such claim arose.

The legislative history of the amendment makes it clear that the interest, fees, costs or charges are to be determined by state law.  Specifically, H. Rpt. 109-31 in discussing the amendment, states:  "Section 712(d)(1) amends section 506(b) to provide that to the extent that an allowed claim is oversecured, the holder is entitled to interest and any reasonable fees, costs or charges provided for under state law."  Here, state law (RTC § 4103(b)), states that for bankruptcy purposes, the redemption penalties are to be considered interest.

Since under current state law, there is no uniform rate of interest applicable to tax claims, section 511 of the Bankruptcy Code was added to simplify the calculation rate.  Under section 511, the House Report stated:

> *Sec. 704*.  Rate of Interest on Tax Claims.  Under current law, there is no uniform rate of interest applicable to tax claims.  As a result, varying standards have been used to determine the applicable rate.  Section 704 of the Act amends the Bankruptcy Code to add section 511 for the purpose of simplifying the interest rate calculation.  (H. Rpt. No. 109-31, § 256, 109[th] Cong. 1[st] Sess. (2005) p. 101.)

C.  **11 U.S.C. § 511 Mandates That The Court Must Refer To State Law And May No Longer Use Its Equitable Powers to Alter The Interest Rate And Penalties Under Applicable State Law.**

Under BAPCPA, one of the most significant changes to the Code included the rate of "interest" on tax claims.  Under "new" Section 511:

(a)  If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1    the present value of the allowed amount of a tax claim, ***the rate of interest shall be***

2    ***rate determined under applicable nonbankruptcy law.***

3    (b)    In the case of taxes paid under a confirmed plan under this title, the rate of interest

4    shall be determined as of the calendar month in which the plan is confirmed.

5    11 U.S.C. § 511 (emphasis added).

6    Since there is no uniform rate of interest applicable to tax claims, § 511 of the Code was

7    added to simplify the calculation rate.  Under § 511, the House Report stated:

8    Sec. 704.  Rate of Interest on Tax Claims.  Under current law, there is no uniform rate of

9    interest applicable to tax claims.  As a result, varying standards have been used to

10    determine the applicable rate.  Section 704 of the Act amends the Bankruptcy Code to add

11    section 511 for the purpose of simplifying the interest rate calculation.  (H. Rpt. No. 109-

12    31, § 256, 109th Cong. 1st Sess. (2005) p. 101.)

13    Thus, § 511 mandates that "nonbankruptcy law" applies to all taxes where "interest" is

14    required, and the filing of the Debtors' bankruptcy cannot affect the amount that the taxpayer is

15    obligated to pay to the taxing authorities, in accordance with applicable law.  Section 511 was

16    enacted to simplify the administration of bankruptcy cases in which state, local and/or federal

17    taxes may be payable.  Congress found that existing law was deficient in that although bankruptcy

18    judges had certain equitable powers to alter the statutory interest rates provided for under

19    applicable state or local law, the exercise of that power resulted in inconsistencies among the

20    numerous courts hearing and deciding those issues and, thus, it would be a benefit to establish a

21    uniform rule for fixing interest allowed on taxes owed by debtors.

22    The recent decision by the bankruptcy court in the Eastern District of Massachusetts

23    entitled In re Bernbaum, 404 B.R. 39, 42 (Bankr. E.D. Mass. 2009) is particularly instructive on

24    how this Court should rule regarding the County's Objection.  In Bernbaum, the court held that the

25    bankruptcy court ***must*** refer to state law and may no longer use its equitable powers to alter the

26    interest rate on a tax claim from the rate set forth under applicable "state law".  404 B.R. at 42-43.

27    The holding in Bernbaum is exactly what was intended by the addition of § 511 to the

28    Code because bankruptcy "courts employed various equitable considerations to determine

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

20002.031/66231.1                                      10

1    appropriate interest rates under both §§ 506(b) and 1325(a)(5)(B)(ii) on a case by case basis".

2    404 B.R. at 42.

3       In <u>Bernbaum</u>, the Town of Saugus filed a claim for pre-petition real estate taxes which

4    included statutory interest over the term of the debtor's chapter 13 plan in the amount of 16% on

5    overdue real estate taxes secured by a recorded tax lien and 14% for overdue taxes. <u>Id</u>. at 40. The

6    debtor in that case, filed an objection asserting that the statutory interest rate was excessive and

7    not permitted under bankruptcy law and that the claim should be recalculated using the federal

8    judgment rate. The court, in overruling the debtor's claim objection, articulated as follows:

9  

> Generally, a creditor is entitled to pre-petition interest on its claim at the rate provided for under the applicable agreement or non-bankruptcy law. Here, *Mass. Gen. Laws ch. 60 §62* provides that the interest rate for overdue real estate taxes secured by a recorded tax lien is 16%, while *Mass. Gen. Laws ch. 59 §57* mandates an interest rate of 14% to be applied to overdue taxes. Accordingly, the Town is entitled to calculate its pre-petition arrears using the statutory rates. (footnote omitted).

> An oversecured claim, one secured by property that exceeds the value of the claim, is entitled to receive post-petition interest until the last payment under a Chapter 13 plan. Traditionally, courts acknowledge two separate post-petition periods giving rise to interest. The first runs from the petition date to either confirmation or the effective date of the plan pursuant to *11 U.S.C. §506(b)*. Under *11 U.S.C. §506(b)*, the oversecured claim, including post-petition interest accrued under this section, becomes the claim that is due and owing at confirmation. The second post-petition interest period, commencing on either confirmation or the effective date of the plan and ending with the last payment of the claim, arises under *11 U.S.C. § 1325(a)(5)(B)(ii)*. . . .

22    <u>Id</u>. at 42.

23       Thus, the <u>Bernbaum</u> court determined that ***"[t]he plain meaning of § 511 is***

24    ***unambiguous: the bankruptcy court must refer to state law and may no longer use its equitable***

25    ***powers to alter the interest rate on a tax claim from the rate set forth under the applicable state***

26    ***law*."** <u>Id</u>. at 42-43 (*quoting*, <u>In re Jones</u>, 368 B.R. 602, 605 (Bankr. S.D. Tex. 2007)) (emphasis

27    added). To the extent that cases hold otherwise, the court found that "they have been abrogated by

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1    the enactment of *11 U.S.C. § 511"*.  Under these circumstances, the <u>Bernbaum</u> decision confirmed

2    that the Town of Saugus was in fact entitled to calculate the post-petition interest on its claim

3    according to Massachusetts state law, which afforded interest rates at 14% and 16%.  <u>Id</u>. at 43.

4    The holding in <u>Bernbaum</u> supports the County's position and this Court should abide by that

5    decision.

6        Moreover, the Third Circuit case of <u>Rankin v. Desarno</u>, 89 F.3d 1123 (3rd Cir. 1996) was

7    the principal case that guided the addition of § 511 to the Bankruptcy Code.  In <u>Rankin</u>, the

8    primary dispute in the appeal involved the pre-petition and post-petition rates of interest to which

9    plaintiffs, the Penn Hills School District and Allegheny County, Pennsylvania, were entitled to in

10    connection with their oversecured pre-petition tax claims against the defendant chapter 13 debtors.

11    89 F.3d at 1125.  The plaintiffs argued at the confirmation hearing that they were entitled to pre-

12    petition and post-petition interest at 10% and 12% for delinquent taxes pursuant to Pennsylvania

13    statutes.  The debtors, on the other hand, claimed that plaintiffs' post-petition claims were

14    "modifiable" under Section 1322(b)(2) of the Code and that post-petition interest should be set to

15    accrue at a "reasonable" rate, as opposed to the statutory rates (a similar argument that Debtors

16    have proffered to this Court).  <u>Id</u>.

17        First, with regard to pre-petition interest, the Third Circuit expressly held that the Penn

18    Hills District and the Allegheny County were entitled to 10% and 12% interest per annum,

19    respectively, pursuant to Pennsylvania statute.  <u>Id</u>. at 1126.  Turning to the issue of the appropriate

20    post-petition rate of interest, the Court analyzed the debtors' contention that plaintiff's post-

21    petition claims were modifiable under Section 1322(b)(2), which permits chapter 13 plans to

22    "modify the rights of holders of secured claims, other than a claim secured only by a *security*

23    *interest* in real property that is the debtor's principal residence".  <u>Id</u>. at 1127 (emphasis added).

24        The Third Circuit recognized that the Code expressly defines "security interest" as "a lien

25    created by an agreement".  11 U.S.C § 101(51).  In contrast, the Code further provides that the

26    terms "statutory lien" means a "lien arising solely by force of a statute on specified circumstances

27    or conditions . . . but does not include security interest or judicial lien".  11 U.S.C. § 101(53).  The

28    Third Circuit then concluded that "[b]ecause plaintiffs' tax liens arose under state statute, and not

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: (213) 229-2868 • FAX (213) 229-2870

1  from a consensual or voluntary agreement with the taxpayer defendants, . . . those liens are not

2  "security interests" for purposes of § 1322(b)(2) Id. at 1127.  Therefore, while the court ultimately

3  concluded that plaintiffs' claims were "modifiable" under Section 1322(b)(2), this did not end the

4  court's inquiry.  The Rankin court was still required to determine whether the post-petition interest

5  rate of 7% confirmed by the lower courts passed muster under § 1325(a)(5)(B)(ii).  Id.

6      The Third Circuit first acknowledged that "the statutory rate at issue in this case – 12

7  percent – is not unreasonable" and while the municipality currently holds liens that are

8  oversecured, property values can decline.  Id. at 1130.  "Moreover, that the Pennsylvania

9  legislature has not seen fit to change the statutory rate on delinquent tax loans for some years," in

10  the court's view, did not render the 12% rate "penal" or "unreasonable".  Id. at 1131.  Based on

11  the foregoing, the Third Circuit affirmed the district court's award of pre-petition interest to Penn

12  Hills and Allegheny County at the statutory rates of 10% and 12% per annum, respectively, and

13  reversed the decisions of the bankruptcy court and district court on the issue of post-petition

14  interest rates and held that plaintiffs were also entitled to post-petition interest at their respective

15  statutory rates.  Id.

16      In light of the plain language of § 511, this Court must disregard the TD Plan Proponents'

17  invitation to speculate as to the intent of Congress in this context and any potential public policy

18  concerns cannot trump the plain language of the Code.  See Hessinger & Assocs. V. United States

19  Trustee (In re Biggar), 110 F. 3d 685 (9th Cir. 1997) ("[p]ublic policy concerns cannot trump the

20  plain language of the bankruptcy code").  With the addition of § 511(a) and (b) to the Code,

21  Congress incorporated state statutes, including RTC §§ 2618 and 4103(a), as the rates of interest

22  to be paid on delinquent secured real property tax claims.  Accordingly, the Code has specifically

23  provided California's interest rate to be applied on tax claims.

24      **1.    The County Is Entitled To Assert A Delinquent Non-Payment Penalty**

25      **Pursuant To California Revenue and Taxation Code § 2618**

26      California Revenue and Taxation Code ("RTC") § 2618 provides that the County is

27  entitled to a 10% delinquent penalty in the event the Debtors fail to submit their second

28  installment of real property taxes by the close of business on April 10, as follows:

1

2    > The second half of taxes on real property, if unpaid, is
        delinquent at 5 p.m., or the close of business, whichever is
3    > later, on April 10, and thereafter a delinquent penalty of 10
        percent attaches to it.

4

RTC § 2618.

5          Section 506(b) provides for "interest on such claim, ***and*** any reasonable fees, costs or

6    charges provided under the agreement or State statute under which such claim arose". 11 U.S.C. §

7    506(b) (emphasis added). The 10% interest under RTC § 2618 is exactly that – "interest" under §

8    506(b). The plain reading of § 506(b) provides for both "interest and any reasonable fees, costs or

9    charges provided under . . . State statute". The TD Plan Proponents cannot purport to receive

10   special treatment and avoid having to pay interest and penalties on its taxes under §§ 506(b) and

11   511 just because Debtors have filed for bankruptcy. Clearly, Congress intended that delinquent

12   debtors should not gain an unfair advantage with regard to claims of governmental entities, such

13   as the County, by filing bankruptcy.

14         Additionally, as concluded by the Third Circuit in Rankin, the statutory rates in issue

15   (namely, 12%) could not be found to be "penal" or "unreasonable", particularly since the

16   Pennsylvania legislature did not find the need to alter the statutory rate on "delinquent" taxes for

17   some years. Id. at 1130-31. The Rankin decision was the seminal case referred to by the

18   legislature when enacting § 511 because they found it problematic that bankruptcy judges had the

19   capability to alter the statutory interest rates and penalties provided under applicable law coupled

20   with the fact that there was much confusion and inconsistencies in determining what constituted

21   "reasonable fees, costs, or charges" as provided for under "[s]tate statute" under § 506(b).

22         In holding that "[t]he plain meaning of § 511 is unambiguous" and that "the bankruptcy

23   court must refer to state law and may no longer use its equitable powers to alter the interest rate on

24   a tax claim from the rate set forth under the applicable state law, the court additionally found that

25   any cases holding otherwise were abrogated by the enactment of § 511. Bernbaum, 404 B.R. 39 at

26   42-43(quoting, In re Jones, 368 B.R. 602, 605 (Bankr. S.D. Tex. 2007).

27   / / /

28   / / /

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

2. **The Redemption Interest Rate Pursuant to California Revenue and Taxation Code § 4103(a) Is The Proper Rate.**

RTC § 4102 requires payment of delinquent redemption penalties in order to redeem tax-defaulted property. Thus, beginning July 1 of the year of the declaration of tax default, the Tax Collector assesses an 18% per year (1.5% per month) penalty on the delinquent property tax claim.[8]    RTC § 4103(a) provides as follows:

> (a) Redemption penalties are the sum of the following:

> (1) Beginning July 1st of the year of the declaration of tax default, on the declared amount of defaulted taxes at the rate of 1 1/2 percent a month to the time of redemption. If the last day of any month falls on a Saturday, Sunday, or legal holiday, the additional penalty of 1 1/2 percent shall attach after the close of business on the next business day.

> (2) Beginning July 1st of each subsequent year, on the unpaid taxes for which the property would have been declared in default if there had not been a previous declaration, 1 1/2 percent a month to the time of redemption. If the last day of any month falls on Saturday, Sunday, or a legal holiday, the additional penalty of 1 ½ percent shall attach after 5 p.m. on the next business day. If the board of supervisors, by adoption of an ordinance or resolution, closes the county's offices for business prior to the time of delinquency on the "next business day" or for that whole day, that day shall be considered a legal holiday for purposes of this section.

See RTC § 4103(a).

Further, in a bankruptcy proceeding, RTC § 4103(b) characterizes redemption penalties as the "assessment of interest" and provides in material part, as follows:

> (b) For purposes of an administrative hearing or any claim in a bankruptcy proceeding pertaining to the property being redeemed, the assessment of penalties determined pursuant

---

[8]    In all but name, the payments are interest. It may seem odd to characterize a monthly accrual as a penalty and not as interest. However, there are consequences for doing so that were considered by the California Legislature. For example, interest can be deductible from gross income for income tax purposes (26 U.S.C. § 163) but, penalties are not (26 U.S.C. § 162(f)). Thus, characterizing the charge as a penalty prevents "tax subsidization" of delinquent taxes. Therefore, when Bankruptcy Courts refused to recognize the penalties as being interest, the Legislature added RTC § 4103(b).

STRADLING
YOCCA
CARLSON & RAUTH

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2888 • FAX (213) 229-2870

to subdivision (a) with respect to the redemption of that
property constitutes the ***assessment of interest***.

See RTC § 4103(b) (emphasis added).

Here, the TD Plan Proponents propose three (3) alternative treatments as to the secured taxes (Section 5.3.1(c)).  The first alternative provides for payment "without interest, fees or penalties" (Section 5.3.1(c)(i)) and the third alternative provides for "the second alternative treatment [which allows receipt of "value as of the Effective Date equal to 100% of its Allowed Secured Real Property Tax Claim through equal Cash payments totaling the Allowed Amount of the Claim, with interest at the rate applicable under non-bankruptcy law"] shall be applicable: (1) a Lehman Creditor selects, and, prior to the Effective Date, notifies the subject Creditor of its selection of, the second alternative treatment; or (2) unless waived by the applicable Lehman Creditor in its sole and absolute discretion as to the applicable Plan Project on which the tax accrued, the Bankruptcy Court rules as to the subject Claim (each of which is its own subclass) that despite cure and reinstatement in accordance with the Plan any of the following amounts remain payable: (a) 10% of a tax, added upon non-payment of the tax by any deadline occurring prior to the applicable Petition Date for timely payment thereof or (b) 1.5% of the tax, added monthly from the first July 1 following the first missed timely payment deadline occurring prior to the Petition Date until payment.." (Section 5.3.1(c)(iii)).  However, as explained in detail above, the TD Plan Proponents cannot just attempt to not pay or change interest and penalties at the rate applicable under non-bankruptcy law.  In addition, these two alternative treatments will impair the County if approved "as is."   Therefore, the TD Plan Proponents must pay the County's property taxes, including interest and penalties pursuant to relevant Code sections and State and County laws.

**D.    The County Is Not Required To File An Administrative Tax Claim Pursuant To 11 U.S.C. Section 503(B)(1)(D)**

The TD Plan Proponents' Disclosure Statement incorrectly establishes an administrative claims deadline for any governmental units holding tax claims, interest and penalties, as follows:

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: (213) 229-2868 • FAX (213) 229-2870

All requests for payment of Administrative Claims by a
governmental unit for Taxes (and for interest and/or penalties
related to such Taxes) for any tax year or period, all or any portion
of which occurs or falls within the period from and including the
applicable Petition Date through and including the Effective Date
("Administrative Tax Claims") and for which no bar date has
otherwise previously been established, must be Filed and served on
the Liquidating Trustee on or before the later of: (1) sixty (60) days
following the Effective Date; or (2) 180 days following the date
that the tax return for such tax year or period to which such Taxes
relate is required to be filed with the applicable governmental unit.
Any Holder of an Administrative Tax Claim that is required to File
a request for payment of such Taxes and does not File and properly
serve such a request by the applicable bar date shall be forever
barred from asserting any such Administrative Tax Claims against
the TD Plan Debtors, their properties or assets or the successors
thereto, including, without limitation, the Liquidating Trustee,
Lehman Nominees and the TD Plan Debtors' Estates.

See Disclosure Statement, pg. 76, Section 5.1.1(b)(ii).

Under BAPCPA, 11 U.S.C. Section 503(b)(1)(D) was amended to read as follows:

(D) notwithstanding the requirements of subsection (a), a
governmental unit shall not be required to file a request for the
payment of an expense described in subparagraph (B) or (C), as a
condition of its being an allowed administrative expense.

See 11 U.S.C. § 503(b)(1)(D).

Since the County asserts an administrative expense claim for unpaid post-petition taxes,
penalties and interest against the Debtors' respective estates, the County is not required, pursuant
to Section 503(b)(1)(D) of the Bankruptcy Code, to file a motion or make any "request[ ] for
payment of Administrative Claims," in direct contravention of the TD Plan Proponents' Disclosure
Statement. Accordingly, Section 5.1.1(b)(ii) must be amended by the TD Plan Proponents to
resolve this issue in favor of all governmental tax entities, including the County.

E.    **The Proposed Disclosure Statement Should Not Be Approved Because The
Proposed First Amended Plan Is Not Confirmable On Its Face**

In addition to the lack of disclosures regarding the state of the property, the Disclosure
Statement is inadequate because the First Amended Plan is not confirmable on its face. Approval
of the Disclosure Statement may be denied where the Plan is patently unconfirmable. *In re*

1  *Beyond.com Corp.* (Bankr. N.D. Cal. 2003) 289 B.R. 138, 140). "Allowing a facially

2  nonconfirmable plan to accompany a disclosure statement is both inadequate disclosure and a

3  misrepresentation." The reasoning in denying approval of the disclosure statement which is

4  accompanied by an unconfirmable plan is that the Court should not allow the estate to incur the

5  cost of proceeding to confirmation when it is clear from the face of the First Amended Plan that it

6  is not confirmable.

7       The offending provisions in the Disclosure Statement are found in Section 5.8 (pgs.

8  144:10-145:16). In particular, the Plan proponent purports to seek a permanent injunction against

9  "State official, employee, or other entity acting in an individual or official capacity on behalf of

10  any State or other governmental units, other than as to matters excepted from the automatic stay

11  by Bankruptcy Code § 362(b)(4), including, without limitation, the commencement or

12  continuation of an action or proceeding by a governmental unit to enforce such governmental

13  unit's police and regulatory power, including (a) the enforcement of a judgment other than a

14  monetary judgment, obtained in an action or proceeding by the governmental unit to enforce such

15  governmental unit's police or regulatory power and (b) certain remediation sought by the City of

16  Oakland with respect to the Oak Knoll Project to the extent any subsequent owner thereof would

17  be liable therefor under applicable non-bankruptcy law) shall be permanently enjoined from:

18       (a) taking any of the following actions on account of any such debt, Claim, or
Interest: (1) commencing or continuing in any manner any action or other proceeding

19  against the Liquidating Trustee or the Lehman Released Parties (or the successors or
property of either of them); (2) enforcing, attaching, executing, collecting, or recovering in

20  any manner any judgment, award, decree, or order against the Liquidating Trustee or the
Lehman Released Parties (or the successors or property of either of them); (3) creating,

21  perfecting, or enforcing any Lien or encumbrance against the Liquidating Trustee or the
Lehman Released Parties (or the successors or property of either of them); and (4)

22  asserting any set off, right of subrogation, or recoupment of any kind against any
obligation due to the Liquidating Trustee or the Lehman Released Parties (or the

23  successors or property of either of them); and (b) challenging the Distributions to be
effected by the Plan or the classification of Claims or Interests set forth in the Plan, except

24  as expressly provided in and permitted by the Plan. Any Person injured by any willful

25  violation of such injunction will recover actual damages, including costs and attorneys'

26  fees, and, in appropriate circumstances, may recover punitive damages from the willful
violator."

27

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

1    However, a Chapter 11 Plan cannot purport to alter, eliminate, or otherwise interfere with

2    state or local police powers which are in place for the public good.  As is stated by the Court in

3    *Beyond.com*, the Plan proponent cannot include "freewheeling" provisions which seek to "rewrite"

4    applicable law.  Further, a Plan may not create a post-petition injunction in favor of non-debtor

5    third parties. (*In re American Hardwoods* (9th Cir. 1989) 885 F.2d 621, 624-25; *In re Sybaris*

6    *Clubs International, Inc.* (Bankr. N.D. Ill. 1995) 189 B.R. 152) 159 ("The Plan proposed by the

7    Debtor, which incorporates a non-consensual permanent injunction that protects non-debtor third

8    parties violates 11 U.S.C. § 1129(a)(1)).

9    The inability of a Chapter 11 Plan to alter existing law is especially pertinent with regard

10   to police powers.  In fact, such acts are not even subject to the automatic stay, and cannot be

11   permanently enjoined by a Chapter 11 Plan in favor of the Debtor or Trustee, much less

12   unidentified third parties. (11 U.S.C. § 362(b)(4)).  The County raises this objection given that the

13   Plan cannot purport to preclude enforcement of police powers in an effort to avoid liability for the

14   act and omissions which have caused the state of disrepair.

15   While the Plan may provide for the manner of selling the property, it cannot eliminate the

16   power of local and state law enforcement and other agencies from enforcing their police powers.

17   Any attempt to preclude enforcement of property regulations creates significant public policy

18   problems.

19   **F.    Limitation of Liability**

20   The Disclosure Statement at pages 145:26-146:17, seeks a limitation of liability well

21   beyond that provided in the safe harbor provisions of section 1125(e) of the Code.  There is no

22   controlling Ninth Circuit authority to support such as extension of this code section.  As the Court

23   is aware, there is liability to third parties coming from every direction in these cases.  Accordingly,

24   the Court should strike this language from the plan, disclosure statement and order confirming

25   plan.

26   / / /

27   / / /

28   / / /

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

## IV.    CONCLUSION.

Based upon the foregoing, the County respectfully requests that this Court (i) sustain its Objection to the TD Plan Proponents' proposed Disclosure Statement With Respect to First Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed By The Trustee and Lehman Creditors; (ii) enter an Order requiring the TD Plan Proponents to amend their Disclosure Statement and the First Amended Plan to provide for the County's secured Proofs of Claim, which shall be allowed, in full, with redemption interest accruing at 18% per annum (1.5% per month), and 10% delinquent penalty as allowed by law; (iii) enter an Order requiring the TD Plan Proponents to amend their Disclosure Statement and the First Amended Plan so that the County need not be required to file an administrative tax claim pursuant to 11 U.S.C. § 503(b)(1)(D); and (iv) provide such further relief as the Court deems just and proper.

Dated: April 29th, 2011             **STECKBAUER WEINHART JAFFE, LLP**


By:  */s/ Barry S. Glaser*
           Barry S. Glaser
Attorneys for Attorneys for County of Los Angeles
Tax Collector

1    **DECLARATION OF DEONDRIA BARAJAS**

2    I, Deondria Barajas, declare as follows:

3          1.    I am the Assistant Operations Chief for the County of Los Angeles Tax Collector

4    (the "County"). I submit this declaration in support of the *Objection of the County of Los Angeles*

5    *Tax Collector to Disclosure Statement With Respect to First Amended Joint Chapter 11 Plan for*

6    *Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors.* I have personal

7    knowledge of the matters for which are stated herein and, if called upon as a witness, I could and

8    would competently testify thereto.

9          2.    Numerous changes have been made to the tax roll resulting in reduced assessments

10   for a large portion of the properties in this case. Additionally, new escaped assessment bills were

11   issued since filing of the County's last amended claims. Finally, payments have continued to post

12   into the week of April 25, 2011 for some of the current 2010 bills.

13         3.    As of April 2011, Debtors owe a significant amount of pre-petition and post-

14   petition taxes, which have accrued interest and penalty, as follows:

15         (A)    Tesoro SF, LLC's (08-17575) pre-petition and post-petition claims of

16         $33,205.71 (tax year 2008) and $147,954.94 (tax years 2009 and 2010), respectively, have

17         been adjusted to $103,085.52;

18         (B)    Palmdale Hills Properties, LLC's (08-17206) pre-petition and post-petition

19         claims of $1,037,377.11 (tax year 2008) and $1,852,270.26 (tax years 2009 and 2010),

20         respectively, have been adjusted to $3,008,044.29;

21         (C)    SunCal Torrance Properties, LLC's (08-17472) pre-petition and post-

22         petition claims of $635,348.93 (tax year 2008) and $569,929.51 (tax years 2009 and 2010),

23         respectively, have been adjusted to $773,211.47;

24         (D)    LB/L SunCal Northlake, LLC's (08-17408) pre-petition and post-petition

25         claims of $2,767,793.62 (tax year 2008) and $2,284,472.34 (tax years 2009 and 2010),

26         respectively, have been adjusted to $3,368,181.76; and

27

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. (213) 229-2868 • Fax (213) 229-2870

1      (E)    Acton Estates, LLC's (08-17236) pre-petition and post-petition claims of

2    $171,724.55 (tax year 2008) and $317,593.73 (tax years 2009 and 2010), respectively,

3    have been adjusted to $463,324.95.

4    8.    Thus, as of April 2011, the total amount for all outstanding taxes in this case is

5    $7,715,847.99.

6    9.    Attached hereto as Exhibit "A" is a break down of the amounts due to the County

7    as of April 2011l.

8    I declare, under penalty of perjury, under the laws of the United States of America, that the

9    foregoing is true and correct.

10    Executed this 29th day of April, 2011, at Los Angeles, California.

12    Original Signature Page to be Filed
13    DEONDRIA BARAJAS

| In re:<br><br>Palmdale Hills Property, LLC, and its Related Debtors | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 8:08-bk-17206-ES<br>(Jointly Administered) |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 South Hope Street, Thirty-Sixth Floor, Los Angeles, California 90071-1406.

A true and correct copy of the foregoing document described as **OBJECTION OF THE COUNTY OF LOS ANGELES TAX COLLECTOR TO DISCLOSURE STATEMENT WITH RESPECT TO FIRST AMENDED JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND LEHMAN CREDITORS; DECLARATION OF DEONDRIA BARAJAS IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d), and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 29, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Jonathan S Dabbieri    dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning    ddunning@dunningLaw.com

20002.031/63475.11This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
[KFOX\BANKR\525680.1]

**F 9013-3.1**

| In re:                                          |            | CHAPTER: 11                                        |
|-------------------------------------------------|------------|----------------------------------------------------|
| Palmdale Hill Property, LLC and its Related Debtors |        |                                                    |
|                                                 | Debtor(s). | CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |

- Joseph A Eisenberg   jae@jmbm.com
- Lei Lei Wang Ekvall   lekvall@wgllp.com
- Richard W Esterkin   resterkin@morganlewis.com
- Marc C Forsythe   kmurphy@goeforlaw.com
- Alan J Friedman   afriedman@irell.com
- Steven M Garber   steve@smgarberlaw.com
- Christian J Gascou   cgascou@gascouhopkins.com
- Barry S Glaser   bglaser@swjlaw.com
- Robert P Goe   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg   egoldberg@stutman.com
- Richard H Golubow   rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez   mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith   bkemail@harrisbeach.com
- Matthew Grimshaw   mgrimshaw@rutan.com
- Kavita Gupta   kgupta@winthropcouchot.com
- Asa S Hami   ahami@morganlewis.com
- Michael J Hauser   michael.hauser@usdoj.gov
- D Edward Hays   ehays@marshackhays.com
- Michael C Heinrichs   mheinrichs@omm.com
- Harry D. Hochman   hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff   jonathan.hoff@cwt.com
- Nancy Hotchkiss   nhotchkiss@trainorfairbrook.com
- Michelle Hribar   mhribar@rutan.com
- John J Immordino   john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson   laj@cohenandjacobson.com
- Michael J Joyce   mjoyce@crosslaw.com
- Stephen M Judson   sjudson@fablaw.com
- Kaleb L Judy   ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn   skahn@pszyjw.com
- Sheri Kanesaka   sheri.kanesaka@bryancave.com
- David I Katzen   katzen@ksfirm.com
- Christopher W Keegan   ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi   pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet   ikiet@hkclaw.com
- Mark J Krone   mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally   davidlallylaw@gmail.com
- Leib M Lerner   leib.lerner@alston.com
- Peter W Lianides   plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu   cliu@winthropcouchot.com
- Kerri A Lyman   klyman@irell.com
- Mariam S Marshall   mmarshall@marshallramoslaw.com
- Robert C Martinez   rmartinez@mclex.com
- Michael D May   mdmayesq@verizon.net
- Hutchison B Meltzer   hmeltzer@wgllp.com
- Krikor J Meshefejian   kjm@lnbrb.com
- Joel S. Miliband   jmiliband@rusmiliband.com
- James M Miller   jmiller@millerbarondess.com, vgunderston@millerbarondess.com
- Louis R Miller   smiller@millerbarondess.com
- Randall P Mroczynski   randym@cookseylaw.com
- Mike D Neue   mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

20002.031/63475.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          F 9013-3.1

In re:

Palmdale Hill Property, LLC and its Related Debtors

Debtor(s).

CHAPTER: 11

CASE NUMBER: 8:08-bk-17206-ES
(Jointly Administered)

- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Christopher T Williams    ctwilliams@venable.com, jcontreras@venable.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net

☐ Service Information continued on attached page.

II.    **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**:
On October 25, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

20002.031/63475.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                F 9013-3.1

| In re:<br><br>Palmdale Hill Property, LLC and its Related Debtors | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 8:08-bk-17206-ES<br>(Jointly Administered) |

**Via Federal Express**
The Honorable Erithe A. Smith
U.S. Bankruptcy Court
411 W. Fourth Street, Ste. 2030
Santa Ana, CA 92701

**Via U.S. Mail**
General Insolvency Counsel for Steven M. Speier, the
Chapter 11 Trustee for the Trustee Debtors
William N. Lobel, Esq.
Mike D. Neue, Esq.
THE LOBEL FIRM, LLP
840 Newport Center Drive, Ste. 750
Newport Beach, CA 92660

Counsel for Regal Development, LLC **[RSN]**
Benjamin M. Weiss, Esq.
12770 High Bluff Drive, Suite 160
San Diego, Ca 92130

Counsel for Creditor, Marques Pipeline, Inc. **[RSN]**
John W, Busby, Esq.
251 Lafayette Circle, Suite 350
Lafayette, CA 94549

Counsel for Creditor, Bova Contracting Corporation **[RSN]**
Wayne W. Call, Esq.
CALL, JENSEN & FERRELL
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660

Counsel for Joint Provisional Liquidators of Lehman
RE LTD **[RSN**
Betty M. Shumener, Esq.
DLA PIPER LLP (US)
550 South Hope Street, Ste. 2300
Los Angeles, CA 90071

Counsel for the Lehman VD Lenders
Shai Waisman, Esq.
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY 10153-0119

Counsel for the Lehman VD Lenders
Edward Soto, Esq.
WEIL, GOTSHAL & MANGES, LLP
1395 Brickell Avenue, Ste. 1200
Miami, FL 33131

☐ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

20002.031/63475.11This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                   **F 9013-3.1**

| In re: | | CHAPTER: 11 |
|---|---|---|
| Palmdale Hill Property, LLC and its Related Debtors | | |
| | Debtor(s). | CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


| April 29, 2011 | Patricia Dillamar | /S/ Patricia Dillamar |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

20002.031/63475.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*      **F 9013-3.1**