Barry S Glaser, State Bar No. 70968
**STECKBAUER WEINHART JAFFE, LLP**
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
(213) 229-2868 - Telephone
(213) 229-2870 - Facsimile

Attorneys for County of Los Angeles Tax
Collector

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:08-bk-17206-ES |
| PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS, | Chapter 11 (Jointly Administered) |
| Joint Administered Debtors and Debtors-in-Possession. | 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574-ES; 8:08-bk-17575-ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; And 8:08-bk-17588-ES |

☐ Affects all Debtors

☒ Affects the following Debtor(s):
☒ Palmdale Hills Property, LLC
☒ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale, LLC
☒ SunCal Johannson Ranch, LLC
☒ SunCal Summit Valley, LLC
☐ SunCal Emerald Meadows, LLC
☒ SunCal Bickford Ranch, LLC
☒ Acton Estates, LLC
☒ Seven Brothers, LLC
☐ SJD Partners, Ltd.
☐ SJD Development Corp.
☒ Kirby Estates, LLC
☒ SunCal Communities I, LLC
☒ SCC Communities LLC
☐ SunCal Communities III, LLC
☐ North Orange Del Rio Land, LLC
☒ Tesoro SF, LLC
☐ LB/L-SunCal Oak Valley, LLC
☐ SunCal Heartland, LLC
☐ LB/L-SunCal Northlake, LLC
☐ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☐ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
☐ SunCal Torrance Properties, LLC
☐ SunCal Oak Knoll, LLC

**OBJECTION OF THE COUNTY OF LOS ANGELES TAX COLLECTOR TO DISCLOSURE STATEMENT WITH RESPECT TO FIRST AMENDED JOINT CHAPTER 11 PLAN FOR ELEVEN VOLUNTARY DEBTORS PROPOSED BY THE LEHMAN VD LENDERS; DECLARATION OF DEONDRIA BARAJAS IN SUPPORT THEREOF**

**Hearing:**
Disclosure Hearing: May 13, 2011
Time:                    9:30 a.m.
Confirmation
Hearing:                No Date Set
Time:                    No Date Set
Place:                   Courtroom 5A
                            411 West Fourth Street
                            Santa Ana, CA 92701



# TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................................................2

    A.  Chapter 11 Cases .....................................................................................2

    B.  Proofs of Claim Filed by the County of Los Angeles Treasurer and Tax
        Collector .....................................................................................................4

II. TREATMENT OF SECURED PROPERTY TAXES .......................................6

III. DISCUSSION .....................................................................................................7

    A.  "A Claim Or Interest, Proof Of Which Is Filed Under 11 U.S.C. § 501, Is
        Deemed Allowed, Unless A Party In Interest Objects…" ..........................7

    B.  The Interest Stated Under California Revenue And Tax Code Sections 4102
        And 4103(B) Are The Proper Rate ............................................................8

    C.  11 U.S.C. § 511 Mandates That The Court Must Refer To State Law And
        May No Longer Use Its Equitable Powers to Alter The Interest Rate And
        Penalties Under Applicable State Law. .....................................................9

        1.  The County Is Entitled To Assert A Delinquent Non-Payment
            Penalty Pursuant To California Revenue and Taxation Code § 2618 ..........14

        2.  The Redemption Interest Rate Pursuant to California Revenue and
            Taxation Code § 4103(a) Is The Proper Rate. ......................................15

    D.  The County Is Not Required To File An Administrative Tax Claim Pursuant
        To 11 U.S.C. Section 503(B)(1)(D) .......................................................16

    E.  The Proposed Disclosure Statement Should Not Be Approved Because The
        Proposed First Amended Plan Is Not Confirmable On Its Face ...............17

    F.  Limitation of Liability .............................................................................19

IV. CONCLUSION. .................................................................................................19

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

# TABLE OF AUTHORITIES

**Page**

## CASES

In re American Hardwoods,
    (9th Cir. 1989) 885 F.2d 621 ................................................................. 19

Hessinger & Assocs. V. United States Trustee (In re Biggar),
    110 F. 3d 685 (9th Cir. 1997) ............................................................. 13

In re Bernbaum,
    404 B.R. 39 (Bankr. E.D. Mass. 2009) ........................................ 10, 12, 15

In re Beyond.com Corp.,
    (Bankr. N.D. Cal. 2003) 289 B.R. 138) .......................................... 18

In re Jones,
    368 B.R. 602 (Bankr. S.D. Tex. 2007) ........................................... 12, 15

In re Sybaris Clubs International, Inc.,
    (Bankr. N.D. Ill. 1995) 189 B.R. 152) ........................................... 19

Rankin v. Desarno,
    89 F.3d 1123 (3rd Cir. 1996) ...................................................... 12

Siegel v. Federal Home Loan Mort. Corp.,
    143 F.3d 525 (9th Cir. 1998) ....................................................... 7

## STATUTES

11 U.S.C § 101(51) ............................................................................ 12

11 U.S.C. § 101(53) ........................................................................... 13

11 U.S.C. § 1129(a)(1) ....................................................................... 19

11 U.S.C. § 1325(a)(5)(B)(ii) ........................................................... 11, 13

11 U.S.C. § 501 .................................................................................. 7

11 U.S.C. § 502(a) ............................................................................. 7

11 U.S.C. § 503(b)(1)(D) .......................................................... 3, 7, 17, 20

11 U.S.C. § 506(b) ..................................................................... 9, 11, 14

11 U.S.C. § 511 ........................................................................... passim

11 U.S.C. §§ 511(a) and (b) ............................................................. 13

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1   11 U.S.C. § 1125(e) ............................................................................................................ 19

2   11 U.S.C. §1322(b)(2) ................................................................................................... 12, 13

3   11 U.S.C. § 362(b)(4) .................................................................................................... 18, 19

4   26 U.S.C. § 162(f) ........................................................................................................... 8, 15

5   26 U.S.C. § 163 ............................................................................................................... 8, 15

6   California Revenue and Taxation Code § 2618 ............................................................ 13, 14

7   California Revenue and Taxation Code § 4102 .............................................................. 8, 15

8   California Revenue and Taxation Code § 4103(a) ................................................... 8, 13, 15

9   California Revenue and Taxation Code § 4103(b) ................................................. 9, 15, 16

10  H. Rpt. No. 109-31,
        § 256, 109th Cong. 1st Sess. (2005) p. 101 .............................................. 9, 10

11  Mass. Gen. Laws ch. 59 § 57 ............................................................................................. 11

12  Mass. Gen. Laws ch. 60 § 62 ............................................................................................. 11

13  Pub. Law 109-8, § 712(d)(1) .............................................................................................. 9

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: (213) 229-2868 • FAX (213) 229-2870

1  **TO: THE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; DEBTORS,**

2  **DEBTORS' COUNSEL, OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER**

3  **INTERESTED PARTIES:**

4      The Los Angeles County Tax Collector (the "County") hereby submits its objection (the

5  "Objection") to the *Disclosure Statement with Respect to First Amended Joint Chapter 11 Plan*

6  *For Eleven Voluntary Debtors Proposed By The Lehman VD Lenders* (the "Disclosure

7  Statement"), as follows:

8  **I.      INTRODUCTION**

9      **A.      Chapter 11 Cases**

10      On November 6, 7 and 19, 2008, the Voluntary Debtors[1] filed their respective voluntary

11  petitions under title 11 of the United States Code (the "Bankruptcy Code"). The Voluntary

12  Debtors continue to manage their affairs and property as debtors in possession pursuant to sections

13  1107 and 1008 of the Bankruptcy Code.

14      On November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee

15  Debtors.[2]

16      Debtor, Palmdale Hills and its twenty-five debtor related entities were jointly administered

17  by Order of this Court on November 19, 2008 [Docket No. 12].

18

19

20
_____

21  [1] The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange

22  Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-

23  17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-

24  17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

25  [2] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century

26  City, LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal

27  Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

28

STECKBAUER WEINHART JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: (213) 229-2868 • FAX: (213) 229-2870

1    On or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors'

2    cases.

3    On or about January 15, 2009, the Court entered orders requiring the appointment of a

4    chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States

5    Trustee appointed Steven M. Speier as the Chapter 11 Trustee for the Trustee Debtors.

6    In addition to the Joint Voluntary Debtors Plan proposed by the Lehman Voluntary

7    Debtors Lenders (the "Lehman VD Lenders") for the affected twelve Voluntary Debtors, the

8    Lehman Creditors and the Trustee jointly and simultaneously proposed a plan for eight Trustee

9    Debtors.

10    On or about September 30, 2010, Lehman Commercial Paper Inc and Lehman

11    ALI, Inc. filed Joint Chapter 11 Plan for Twelve Voluntary Debtors Proposed by the Lehman VD

12    Lenders [Doc 1423].

13    On or about September 30, 2010, the Chapter 11 Trustee for the Trustee Debtors and the

14    Lehman Creditors filed Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee

15    and Subject the Lehman Creditors [Doc 1420].

16    On or about September 30, 2010, the Administratively Consolidated Debtors-in-Possession

17    and SCC Acquisitions, Inc. filed Debtors' Fourth Amended Joint Disclosure Statement Describing

18    Debtors' Fourth Amended Joint Chapter 11 Plan [Doc 1418].

19    On or about October 22, 2010, the County filed its Objection to the Joint Chapter 11 Plan

20    for Eight Trustee Debtors Proposed by the Trustee and Subject the Lehman Creditors [Doc 1522]

21    and Objection to the Debtors' Fourth Amended Joint Disclosure Statement Describing Debtors'

22    Fourth Amended Joint Chapter 11 Plan [Doc 1523] (collectively the "County's Previous

23    Objections"). The County objected, among other reasons, for their failure to provide for the

24    County's secured Proofs of Claim to be paid in full, with redemption interest accruing at 18% per

25    annum (1.5% per month), and 10% delinquent penalty as allowed by law; and for their

26    requirement for the County to file an administrative tax claim pursuant to 11 U.S.C. §

27    503(b)(1)(D).

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1    On or about March 28, 2011, the Lehman VD Lenders filed Disclosure Statement with

2    Respect to First Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors [Doc 1874].

3    On or about March 28, 2011, the Trustee and Lehman Creditors (collectively the "TD Plan

4    Proponents") filed Disclosure Statement with Respect to First Amended Joint Chapter 11 Plan for

5    Eight Trustee Debtors [Doc 1876].

6    On or about April 7, 2011, the Voluntary Debtors and SunCal Plan Proponents filed four

7    (4) Disclosure Statements for Group I Debtors[3] [Doc 1892]; Group II Debtors[4] [Doc 1894]; Group

8    III Debtors[5] [Doc 1896]; and Group IV Debtors[6] [Doc 1898].

9    Despite the County's Previous Objections, the Disclosure Statements with Respect to First

10   Amended Joint Chapter 11 Plans filed by the Lehman VD Lenders and the TD Plan Proponents

11   completely disregarded them and did not address any of the objections raised by the County.

12   **B.    Proofs of Claim Filed by the County of Los Angeles Treasurer and Tax**

13   **Collector**

14   On or about January 8, 2009, the Los Angeles County Treasurer and Tax Collector (the

15   "County") filed its pre-petition real property tax claim against Palmdale Hills Property, LLC (08-

16   17206) in the amount of $1,037,377.11.

17   On or about January 8, 2009, the County filed its pre-petition real property tax claim

18   against Acton Estates, LLC (08-17236) in the amount of $200,454.41.  On or about May 27, 2010,

19   the County filed an Amended Proof of Claim in the amount of $171,724.55.

20

21   _____

22   [3] Group I Debtors consist of Palmdale Hills Property, LLC, SunCal Bickford Ranch, LLC, SunCal
     Marblehead, LLC, and SunCal PSV, LLC.

23   [4] Group II Debtors consist of Acton Estates, LLC, Suncal Emerald, Meadows LLC, Delta Coves

24   Venture, LLC, Suncal Heartland, LLC, LBL-Suncal Northlake, LLC, and LBL-Suncal Oak
     Valley, LLC.

25   [5] Group III Debtors consist of Suncal Beaumont Heights, LLC, Suncal Johannson Ranch, LLC,

26   Suncal Summit Valley, Seven Brothers, LLC, Kirby Estates, LLC, and Suncal Century City, LLC.

27   [6] Group IV Debtors consist of SJD Partners, LTD., SCC Communities, LLC, North Orange Del
     Rio Land, LLC, Tesoro SF LLC, Suncal Torrance, LLC, and Suncal Oak Knoll.

28

1    On or about February 26, 2009, the County filed its pre-petition real property tax claim

2  against SunCal Century City, LLC (08-17458) in the amount of $1,407,212.74.  As noted below,

3  this has been paid in full.

4    On or about October 29, 2009, the County filed its post-petition real property

5  administrative tax claim against Palmdale Hills Property, LLC (08-17206) in the amount of

6  $927,484.63.  On or about November 5, 2010, the County filed an Amended Proof of Claim in the

7  amount of $1,852,270.26.

8    On or about October 29, 2009, the County filed its pre-petition real property tax claim and

9  post-petition real property administrative tax claim against Tesoro SF, LLC (08-17575) in the

10  amounts of $33,205.71 and $111,036.35, respectively.  On or about November 8, 2010, the

11  County filed an Amended Proof of Claim for post-petition administrative tax claim in the amount

12  of $147,954.94 .  As noted below, the pre-petition real property tax claim has accrued to

13  $45,248.01 but the post-petition claim has been partially paid and the post-petition claim amount

14  has reduced from $147,954.94 to $57,837.51.

15    On or about November 16, 2009, the County filed its pre-petition real property tax claim

16  and post-petition real property administrative tax claim against SunCal Torrance Properties, LLC

17  (08-17472) in the amounts of $635,348.93 and $563,996.39, respectively.  On or about November

18  1, 2010, the County filed an Amended Proof of Claim in the amount of $569,929.51.  As noted

19  below, numerous changes have been made to the tax roll resulting in reduced assessments for a

20  large portion of the properties in this case, new escaped assessment bills were issued since filing

21  of the County's last amended claims, and the post-petition administrative tax claim has been paid

22  in full as of April 2011.

23    On or about November 16, 2009, the County filed its pre-petition real property tax claim

24  and post-petition real property administrative tax claim against LB/L SunCal Northlake, LLC (08-

25  17408) in the amounts of $2,767,793.62 and $2,905,416.41, respectively.  On or about November

26  1, 2010, the County filed an Amended Proof of Claim in the amount of $2,284,472.34.  As noted

27  below, numerous changes have been made to the tax roll resulting in reduced assessments for a

28  large portion of the properties in this case, new escaped assessment bills were issued since filing



STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: (213) 229-2868 • FAX (213) 225-2870

1   of the County's last amended claims, and the post-petition administrative tax claim has been paid

2   in full as of April 2011.

3         On or about November 16, 2009, the County filed its post-petition real property

4   administrative tax claim against SunCal Century City, LLC in the amount of $1,409,268.53.  As

5   noted below, the post-petition has been paid in full.

6         On or about November 16, 2009, the County filed its post-petition real property

7   administrative tax claim against Acton Estates, LLC (08-17236) in the amount of $198,730.31.

8   On or about May 27, 2010, the County filed an Amended Proof of Claim in the amount of

9   $156,788.11.  On or about October 21, 2010, the County filed a Second Amended Proof of Claim

10   in the amount of $317,593.73.

11   **II.**    **TREATMENT OF SECURED PROPERTY TAXES**

12         On or about December 9, 2009, a payment was made to the County in the amount of

13   $1,594,891.00, which represented real property taxes, penalties, and interest due relating to the

14   Palmdale Hills' Century City property.   This payment was in compliance with an agreement

15   between Debtors' counsel and purchaser's counsel for the December 10, 2009 first installment of

16   property taxes due, which includes all penalties and interest.

17         In addition, the Debtors have made several post-petition real property tax payments, and

18   numerous changes have been made to the tax roll resulting in reduced assessments for a large

19   portion of the properties in this case.  Additionally, new escaped assessment bills were issued

20   since filing of the County's last amended claims.   Finally, payments have continued to post into

21   the week of April 25, 2011 for some of the current 2010 bills. See Declaration of Deondria

22   Barajas.

23         As of April 2011, Debtors owe a significant amount of pre-petition and post-petition taxes,

24   which have accrued interest and penalty, as follows:

25         (A)     Tesoro SF, LLC's (08-17575) pre-petition and post-petition claims of $33,205.71

26   (tax year 2008) and $147,954.94 (tax years 2009 and 2010), respectively, have been adjusted to

27   $103,085.52.

28

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1       (B)    Palmdale Hills Properties, LLC's (08-17206) pre-petition and post-petition claims

2   of $1,037,377.11 (tax year 2008) and $1,852,270.26 (tax years 2009 and 2010), respectively, have

3   been adjusted to $3,008,044.29.

4       (C)    SunCal Torrance Properties, LLC's (08-17472) pre-petition and post-petition

5   claims of $635,348.93 (tax year 2008) and $569,929.51 (tax years 2009 and 2010), respectively,

6   have been adjusted to $773,211.47.

7       (D)    LB/L SunCal Northlake, LLC's (08-17408) pre-petition and post-petition claims of

8   $2,767,793.62 (tax year 2008) and $2,284,472.34 (tax years 2009 and 2010), respectively, have

9   been adjusted to $3,368,181.76.

10      (E)    Acton Estates, LLC's (08-17236) pre-petition and post-petition claims of

11  $171,724.55 (tax year 2008) and $317,593.73 (tax years 2009 and 2010), respectively, have been

12  adjusted to $463,324.95.

13      Thus, the total amount for all outstanding taxes in this case is $7,715,847.99.  See

14  Declaration of Deondria Barajas.

15      However, the Lehman VD Lenders' Disclosure Statement still does not provide adequate

16  information regarding the treatment of the County's secured tax claims, in that: (1) the Lehman

17  VD Lenders do not state the amount of the County's allowed secured claims; and (2) the County is

18  required to file an administrative tax claim pursuant to 11 U.S.C. § 503(b)(1)(D).

19      More importantly, the Lehman VD Lenders' Disclosure Statement does not provide the

20  appropriate treatment of the County's claims as required under the Bankruptcy Code and/or

21  California Revenue and Taxation Code.

22  **III.**    **DISCUSSION**

23      **A.**    **"A Claim Or Interest, Proof Of Which Is Filed Under 11 U.S.C. § 501, Is**

24          **Deemed Allowed, Unless A Party In Interest Objects..."**

25          (See, 11 U.S.C. § 502(a)).

26      Pursuant to 11 U.S.C. section 502(a), if a proof of interest or proof of claim is filed and the

27  Debtor, or a party in interest, fails to object, then the claim is deemed allowed by the Court.  In the

28  case of *Siegel v. Federal Home Loan Mort. Corp.*, 143 F.3d 525 (9th Cir. 1998), the Appellate

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1 | Court explained the meaning of "deemed allowed," in that " … it is deemed that the court has

2 | acted on the claim and ordered allowance."

3 | Therefore, since the Debtors nor the Lehman VD Lenders have not filed any objections to

4 | the County's secured Proofs of Claim, the Lehman VD Lenders' Disclosure Statement and the

5 | First Amended Plan should reflect that the County's secured claims are allowed, in full, pursuant

6 | to the County's filed Proofs of Claim, plus post-confirmation interest and penalties, allowed by

7 | state law.

8 | **B.   The Interest Stated Under California Revenue And Tax Code Sections 4102**

9 | **And 4103(B) Are The Proper Rate**

10 | In 2005, Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act

11 | of 2005 ("BAPCPA"). Title VII of the Act contained twenty separate sections that closed

12 | loopholes that debtors had exploited in using bankruptcy to reduce the amounts that they would

13 | have to pay to taxing agencies. One of the problems in bankruptcy had been determining the

14 | appropriate interest rate on tax claims. In response to these concerns, the BAPCPA added section

15 | 511 to the Bankruptcy Code which provides that "the rate of interest shall be determined under

16 | non-bankruptcy law." In other words, bankruptcy should not affect the amount that the taxpayer is

17 | obligated to pay to the taxing agencies under the appropriate state law.

18 | California Revenue and Taxation Code ("RTC") section 4102 requires payment of

19 | delinquent penalties and redemption penalties in order to redeem tax-defaulted property. Thus,

20 | beginning July 1 of the year of the declaration of tax default, the Tax Collector assesses an 18%

21 | per year (1.5% per month) penalty on the delinquent property tax claim[7] (RTC § 4103(a)). In a

22 |

23 |

24 | [7] In all but name, the payments are interest. It may seem odd to characterize a monthly accrual as
a penalty and not as interest. However, there are consequences for doing so that were considered
25 | by the California Legislature. For example, interest can be deductible from gross income for
income tax purposes (26 U.S.C. § 163) but, penalties are not (26 U.S.C. § 162(f)). Thus,
26 | characterizing the charge as a penalty prevents "tax subsidization" of delinquent taxes. Therefore,
when Bankruptcy Courts refused to recognize the penalties as being interest, the Legislature added
27 | RTC section 4103(b).

28 |

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA, 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1  bankruptcy proceeding, RTC § 4103(b) characterizes redemption penalties as the "assessment of

2  interest."

3       As part of the BAPCPA amendment, Congress amended 11 U.S.C. § 506(b) to read, as

4  follows (Pub. Law 109-8, § 712(d)(1), emphasis added to show additional language added by

5  amendment):

> (b)  To the extent that an allowed secured claim is secured by
> property the value of which, after recovery under subsection (c) of
> this section, is greater than the amount of such claim, there shall
> be allowed to the holder of such claim, interest on such claim, and
> any reasonable fees, costs or charges provided under the agreement
> or *State statute* under which such claim arose.

10       The legislative history of the amendment makes it clear that the interest, fees, costs or

11  charges are to be determined by state law.  Specifically, H. Rpt. 109-31 in discussing the

12  amendment, states:  "Section 712(d)(1) amends section 506(b) to provide that to the extent that an

13  allowed claim is oversecured, the holder is entitled to interest and any reasonable fees, costs or

14  charges provided for under state law."  Here, state law (RTC § 4103(b)), states that for bankruptcy

15  purposes, the redemption penalties are to be considered interest.

16       Since under current state law, there is no uniform rate of interest applicable to tax claims,

17  section 511 of the Bankruptcy Code was added to simplify the calculation rate.  Under section

18  511, the House Report stated:

> *Sec. 704*.  Rate of Interest on Tax Claims.  Under current law, there is no uniform
> rate of interest applicable to tax claims.  As a result, varying standards have been
> used to determine the applicable rate.  Section 704 of the Act amends the
> Bankruptcy Code to add section 511 for the purpose of simplifying the interest
> rate calculation.  (H. Rpt. No. 109-31, § 256, 109[th] Cong. 1[st] Sess. (2005) p. 101.)

23  **C.**     **11 U.S.C. § 511 Mandates That The Court Must Refer To State Law And May**

24       **No Longer Use Its Equitable Powers to Alter The Interest Rate And Penalties**

25       **Under Applicable State Law.**

26       Under BAPCPA, one of the most significant changes to the Code included the rate of

27  "interest" on tax claims.  Under "new" Section 511:

28  / / /

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 · FAX (213) 229-2870

    (a)     If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, ***the rate of interest shall be rate determined under applicable nonbankruptcy law.***

    (b)     In the case of taxes paid under a confirmed plan under this title, the rate of interest shall be determined as of the calendar month in which the plan is confirmed.

11 U.S.C. § 511 (emphasis added).

Since there is no uniform rate of interest applicable to tax claims, § 511 of the Code was added to simplify the calculation rate. Under § 511, the House Report stated:

Sec. 704. Rate of Interest on Tax Claims. Under current law, there is no uniform rate of interest applicable to tax claims. As a result, varying standards have been used to determine the applicable rate. Section 704 of the Act amends the Bankruptcy Code to add section 511 for the purpose of simplifying the interest rate calculation. (H. Rpt. No. 109-31, § 256, 109th Cong. 1st Sess. (2005) p. 101.)

Thus, § 511 mandates that "nonbankruptcy law" applies to all taxes where "interest" is required, and the filing of the Debtors' bankruptcy cannot affect the amount that the taxpayer is obligated to pay to the taxing authorities, in accordance with applicable law. Section 511 was enacted to simplify the administration of bankruptcy cases in which state, local and/or federal taxes may be payable. Congress found that existing law was deficient in that although bankruptcy judges had certain equitable powers to alter the statutory interest rates provided for under applicable state or local law, the exercise of that power resulted in inconsistencies among the numerous courts hearing and deciding those issues and, thus, it would be a benefit to establish a uniform rule for fixing interest allowed on taxes owed by debtors.

The recent decision by the bankruptcy court in the Eastern District of Massachusetts entitled In re Bernbaum, 404 B.R. 39, 42 (Bankr. E.D. Mass. 2009) is particularly instructive on how this Court should rule regarding the County's Objection. In Bernbaum, the court held that the bankruptcy court ***must*** refer to state law and may no longer use its equitable powers to alter the interest rate on a tax claim from the rate set forth under applicable "state law". 404 B.R. at 42-43.

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

1    The holding in Bernbaum is exactly what was intended by the addition of § 511 to the

2    Code because bankruptcy "courts employed various equitable considerations to determine

3    appropriate interest rates under both §§ 506(b) and 1325(a)(5)(B)(ii) on a case by case basis".

4    404 B.R. at 42.

5    In Bernbaum, the Town of Saugus filed a claim for pre-petition real estate taxes which

6    included statutory interest over the term of the debtor's chapter 13 plan in the amount of 16% on

7    overdue real estate taxes secured by a recorded tax lien and 14% for overdue taxes.  Id. at 40.  The

8    debtor in that case, filed an objection asserting that the statutory interest rate was excessive and

9    not permitted under bankruptcy law and that the claim should be recalculated using the federal

10   judgment rate.  The court, in overruling the debtor's claim objection, articulated as follows:

11   Generally, a creditor is entitled to pre-petition interest on its
     claim at the rate provided for under the applicable
12   agreement or non-bankruptcy law. Here, *Mass. Gen. Laws
     ch. 60 §62* provides that the interest rate for overdue real
13   estate taxes secured by a recorded tax lien is 16%, while
     *Mass. Gen. Laws ch. 59 §57* mandates an interest rate of
14   14% to be applied to overdue taxes. Accordingly, the
     Town is entitled to calculate its pre-petition arrears using
15   the statutory rates. (footnote omitted).

16

17   An oversecured claim, one secured by property that
     exceeds the value of the claim, is entitled to receive post-
18   petition interest until the last payment under a Chapter 13
     plan. Traditionally, courts acknowledge two separate post-
19   petition periods giving rise to interest. The first runs from
     the petition date to either confirmation or the effective date
20   of the plan pursuant to *11 U.S.C. §506(b)*. Under *11 U.S.C.
     §506(b),* the oversecured claim, including post-petition
21   interest accrued under this section, becomes the claim that
     is due and owing at confirmation. The second post-petition
22   interest period, commencing on either confirmation or the
     effective date of the plan and ending with the last payment
23   of the claim, arises under *11 U.S.C. § 1325(a)(5)(B)(ii)*. . . .
24   Id. at 42.

25   Thus, the Bernbaum court determined that ***"[t]he plain meaning of § 511 is***

26   ***unambiguous: the bankruptcy court must refer to state law and may no longer use its equitable***

27   ***powers to alter the interest rate on a tax claim from the rate set forth under the applicable state***

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA, 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1   *law*." Id. at 42-43 (*quoting*, In re Jones, 368 B.R. 602, 605 (Bankr. S.D. Tex. 2007)) (emphasis

2   added).  To the extent that cases hold otherwise, the court found that "they have been abrogated by

3   the enactment of *11 U.S.C. § 511*".  Under these circumstances, the Bernbaum decision confirmed

4   that the Town of Saugus was in fact entitled to calculate the post-petition interest on its claim

5   according to Massachusetts state law, which afforded interest rates at 14% and 16%.  Id. at 43.

6   The holding in Bernbaum supports the County's position and this Court should abide by that

7   decision.

8        Moreover, the Third Circuit case of Rankin v. Desarno, 89 F.3d 1123 (3rd Cir. 1996) was

9   the principal case that guided the addition of § 511 to the Bankruptcy Code.  In Rankin, the

10  primary dispute in the appeal involved the pre-petition and post-petition rates of interest to which

11  plaintiffs, the Penn Hills School District and Allegheny County, Pennsylvania, were entitled to in

12  connection with their oversecured pre-petition tax claims against the defendant chapter 13 debtors.

13  89 F.3d at 1125.  The plaintiffs argued at the confirmation hearing that they were entitled to pre-

14  petition and post-petition interest at 10% and 12% for delinquent taxes pursuant to Pennsylvania

15  statutes.  The debtors, on the other hand, claimed that plaintiffs' post-petition claims were

16  "modifiable" under Section 1322(b)(2) of the Code and that post-petition interest should be set to

17  accrue at a "reasonable" rate, as opposed to the statutory rates (a similar argument that Debtors

18  have proffered to this Court).  Id.

19       First, with regard to pre-petition interest, the Third Circuit expressly held that the Penn

20  Hills District and the Allegheny County were entitled to 10% and 12% interest per annum,

21  respectively, pursuant to Pennsylvania statute.  Id. at 1126.  Turning to the issue of the appropriate

22  post-petition rate of interest, the Court analyzed the debtors' contention that plaintiff's post-

23  petition claims were modifiable under Section 1322(b)(2), which permits chapter 13 plans to

24  "modify the rights of holders of secured claims, other than a claim secured only by a *security

25  interest* in real property that is the debtor's principal residence".  Id. at 1127 (emphasis added).

26       The Third Circuit recognized that the Code expressly defines "security interest" as "a lien

27  created by an agreement".  11 U.S.C § 101(51).  In contrast, the Code further provides that the

28  terms "statutory lien" means a "lien arising solely by force of a statute on specified circumstances

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA, 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1    or conditions . . . but does not include security interest or judicial lien". 11 U.S.C. § 101(53). The

2    Third Circuit then concluded that "[b]ecause plaintiffs' tax liens arose under state statute, and not

3    from a consensual or voluntary agreement with the taxpayer defendants, . . . those liens are not

4    "security interests" for purposes of § 1322(b)(2) Id. at 1127. Therefore, while the court ultimately

5    concluded that plaintiffs' claims were "modifiable" under Section 1322(b)(2), this did not end the

6    court's inquiry. The <u>Rankin</u> court was still required to determine whether the post-petition interest

7    rate of 7% confirmed by the lower courts passed muster under § 1325(a)(5)(B)(ii). <u>Id</u>.

8        The Third Circuit first acknowledged that "the statutory rate at issue in this case – 12

9    percent – is not unreasonable" and while the municipality currently holds liens that are

10   oversecured, property values can decline. <u>Id</u>. at 1130. "Moreover, that the Pennsylvania

11   legislature has not seen fit to change the statutory rate on delinquent tax loans for some years," in

12   the court's view, did not render the 12% rate "penal" or "unreasonable". <u>Id</u>. at 1131. Based on

13   the foregoing, the Third Circuit affirmed the district court's award of pre-petition interest to Penn

14   Hills and Allegheny County at the statutory rates of 10% and 12% per annum, respectively, and

15   reversed the decisions of the bankruptcy court and district court on the issue of post-petition

16   interest rates and held that plaintiffs were also entitled to post-petition interest at their respective

17   statutory rates. <u>Id</u>.

18        In light of the plain language of § 511, this Court must disregard the Lehman VD Lenders'

19   invitation to speculate as to the intent of Congress in this context and any potential public policy

20   concerns cannot trump the plain language of the Code. <u>See</u> <u>Hessinger & Assocs. V. United States</u>

21   <u>Trustee (In re Biggar)</u>, 110 F. 3d 685 (9th Cir. 1997) ("[p]ublic policy concerns cannot trump the

22   plain language of the bankruptcy code"). With the addition of § 511(a) and (b) to the Code,

23   Congress incorporated state statutes, including RTC §§ 2618 and 4103(a), as the rates of interest

24   to be paid on delinquent secured real property tax claims. Accordingly, the Code has specifically

25   provided California's interest rate to be applied on tax claims.

26   / / /

27

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1.    **The County Is Entitled To Assert A Delinquent Non-Payment Penalty Pursuant To California Revenue and Taxation Code § 2618**

California Revenue and Taxation Code ("RTC") § 2618 provides that the County is entitled to a 10% delinquent penalty in the event the Debtors fail to submit their second installment of real property taxes by the close of business on April 10, as follows:

> The second half of taxes on real property, if unpaid, is delinquent at 5 p.m., or the close of business, whichever is later, on April 10, and thereafter a delinquent penalty of 10 percent attaches to it.

RTC § 2618.

Section 506(b) provides for "interest on such claim, **_and_** any reasonable fees, costs or charges provided under the agreement or State statute under which such claim arose". 11 U.S.C. § 506(b) (emphasis added). The 10% interest under RTC § 2618 is exactly that – "interest" under § 506(b). The plain reading of § 506(b) provides for both "interest and any reasonable fees, costs or charges provided under . . . State statute". The Lehman VD Lenders cannot purport to receive special treatment and avoid having to pay interest and penalties on its taxes under §§ 506(b) and 511 just because Debtors have filed for bankruptcy. Clearly, Congress intended that delinquent debtors should not gain an unfair advantage with regard to claims of governmental entities, such as the County, by filing bankruptcy.

Additionally, as concluded by the Third Circuit in Rankin, the statutory rates in issue (namely, 12%) could not be found to be "penal" or "unreasonable", particularly since the Pennsylvania legislature did not find the need to alter the statutory rate on "delinquent" taxes for some years. Id. at 1130-31. The Rankin decision was the seminal case referred to by the legislature when enacting § 511 because they found it problematic that bankruptcy judges had the capability to alter the statutory interest rates and penalties provided under applicable law coupled with the fact that there was much confusion and inconsistencies in determining what constituted "reasonable fees, costs, or charges" as provided for under "[s]tate statute" under § 506(b).

In holding that "[t]he plain meaning of § 511 is unambiguous" and that "the bankruptcy court must refer to state law and may no longer use its equitable powers to alter the interest rate on

STECKBAUER WEINHART JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1  a tax claim from the rate set forth under the applicable state law, the court additionally found that

2  any cases holding otherwise were abrogated by the enactment of § 511. Bernbaum, 404 B.R. 39 at

3  42-43 (quoting, In re Jones, 368 B.R. 602, 605 (Bankr. S.D. Tex. 2007).

**2.     The Redemption Interest Rate Pursuant to California Revenue and Taxation Code § 4103(a) Is The Proper Rate.**

6  RTC § 4102 requires payment of delinquent redemption penalties in order to redeem tax-

7  defaulted property. Thus, beginning July 1 of the year of the declaration of tax default, the Tax

8  Collector assesses an 18% per year (1.5% per month) penalty on the delinquent property tax

9  claim.[8]  RTC § 4103(a) provides as follows:

(a) Redemption penalties are the sum of the following:

(1) Beginning July 1st of the year of the declaration of tax default, on the declared amount of defaulted taxes at the rate of 1 1/2 percent a month to the time of redemption. If the last day of any month falls on a Saturday, Sunday, or legal holiday, the additional penalty of 1 1/2 percent shall attach after the close of business on the next business day.

(2) Beginning July 1st of each subsequent year, on the unpaid taxes for which the property would have been declared in default if there had not been a previous declaration, 1 1/2 percent a month to the time of redemption. If the last day of any month falls on Saturday, Sunday, or a legal holiday, the additional penalty of 1 ½ percent shall attach after 5 p.m. on the next business day. If the board of supervisors, by adoption of an ordinance or resolution, closes the county's offices for business prior to the time of delinquency on the "next business day" or for that whole day, that day shall be considered a legal holiday for purposes of this section.

See RTC § 4103(a).

---

[8]  In all but name, the payments are interest. It may seem odd to characterize a monthly accrual as a penalty and not as interest. However, there are consequences for doing so that were considered by the California Legislature. For example, interest can be deductible from gross income for income tax purposes (26 U.S.C. § 163) but, penalties are not (26 U.S.C. § 162(f)). Thus, characterizing the charge as a penalty prevents "tax subsidization" of delinquent taxes. Therefore, when Bankruptcy Courts refused to recognize the penalties as being interest, the Legislature added RTC § 4103(b).

STECKBAUER
WEINHART
JAFFE, LLP

333 S. Hope Street, 36th Floor, Los Angeles, California  90071
Tel. (213) 229-2868 • Fax (213) 229-2870

1    Further, in a bankruptcy proceeding, RTC § 4103(b) characterizes redemption penalties as

2    the "assessment of interest" and provides in material part, as follows:

3              (b) For purposes of an administrative hearing or any claim
               in a bankruptcy proceeding pertaining to the property being
4              redeemed, the assessment of penalties determined pursuant
               to subdivision (a) with respect to the redemption of that
5              property constitutes the *__assessment of interest__*.

6    See RTC § 4103(b) (emphasis added).

7          Here, the Lehman VD Lenders propose three (3) alternative treatments as to the secured

8    taxes (Section 5.3.1(c)).  The first alternative provides for payment "without interest, fees or

9    penalties" (Section 5.3.1(c)(i)) and the fourth alternative provides for "the second alternative

10   treatment [which allows receipt of "value as of the Effective Date equal to 100% of its Allowed

11   Secured Real Property Tax Claim through equal Cash payments totaling the Allowed Amount of

12   the Claim, with interest at the rate applicable under non-bankruptcy law"] will be applicable if the

13   Lehman VD Lenders do not waive the application of the following condition and the Bankruptcy

14   Court rules as to the subject Claim (each of which is its own subclass) that despite cure and

15   reinstatement in accordance with the Plan any of the following amounts remain payable: (a) 10%

16   of a tax, added upon non-payment of the tax by any deadline occurring prior to the applicable

17   Petition Date for timely payment thereof or (b) 1.5% of the tax, added monthly from the first July

18   1 following the first missed timely payment deadline occurring prior to the Petition Date until

19   payment." (Section 5.3.1(c)(iv)).  However, as explained in detail above, the Lehman VD Lenders

20   cannot just attempt to not pay or change interest and penalties at the rate applicable under non-

21   bankruptcy law.  In addition, these two alternative treatments will impair the County if approved

22   "as is."   Therefore, the Lehman VD Lenders must pay the County's property taxes, including

23   interest and penalties pursuant to relevant Code sections and State and County laws.

24   **D.    The County Is Not Required To File An Administrative Tax Claim Pursuant
          To 11 U.S.C. Section 503(B)(1)(D)**

25

26         The Lehman VD Lenders' Disclosure Statement incorrectly establishes an administrative

27   claims deadline for any governmental units holding tax claims, interest and penalties, as follows:

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: (213) 229-2868 • FAX (213) 229-2870

1  All requests for payment of Administrative Claims by a
2  governmental unit for Taxes (and for interest and/or penalties
   related to such Taxes) for any tax year or period, all or any portion
3  of which occurs or falls within the period from and including the
   applicable Petition Date through and including the Effective Date
4  ("Administrative Tax Claims") and for which no bar date has
   otherwise previously been established, must be Filed and served on
5  the Liquidating Trustee on or before the later of: (1) sixty (60) days
   following the Effective Date; or (2) 180 days following the date
6  that the tax return for such tax year or period to which such Taxes
7  relate is required to be filed with the applicable governmental unit.
   Any Holder of an Administrative Tax Claim that is required to File
8  a request for payment of such Taxes and does not File and properly
   serve such a request by the applicable bar date shall be forever
9  barred from asserting any such Administrative Tax Claims against
10 the VD Plan Debtors, their properties or assets or the successors
   thereto, including, without limitation, the Liquidating Trustee,
11 Lehman Nominees and the VD Plan Debtors' Estates.

12 See Disclosure Statement, pgs. 77-78, Section 5.1.1(b)(ii).

13     Under BAPCPA, 11 U.S.C. Section 503(b)(1)(D) was amended to read as follows:

14     (D) notwithstanding the requirements of subsection (a), a
       governmental unit shall not be required to file a request for the
15     payment of an expense described in subparagraph (B) or (C), as a
       condition of its being an allowed administrative expense.
16

17 See 11 U.S.C. § 503(b)(1)(D).

18     Since the County asserts an administrative expense claim for unpaid post-petition taxes,
19 penalties and interest against the Debtors' respective estates, the County is not required, pursuant
20 to Section 503(b)(1)(D) of the Bankruptcy Code, to file a motion or make any "request[ ] for
21 payment of Administrative Claims," in direct contravention of the Lehman VD Lenders'
22 Disclosure Statement. Accordingly, Section 5.1.1(b)(ii) must be amended by the Lehman VD
23 Lenders to resolve this issue in favor of all governmental tax entities, including the County.

24     E.     **The Proposed Disclosure Statement Should Not Be Approved Because The**
25            **Proposed First Amended Plan Is Not Confirmable On Its Face**

26     In addition to the lack of disclosures regarding the state of the property, the Disclosure
27 Statement is inadequate because the First Amended Plan is not confirmable on its face. Approval
28 of the Disclosure Statement may be denied where the Plan is patently unconfirmable. *In re*

1  *Beyond.com Corp.* (Bankr. N.D. Cal. 2003) 289 B.R. 138, 140). "Allowing a facially

2  nonconfirmable plan to accompany a disclosure statement is both inadequate disclosure and a

3  misrepresentation." The reasoning in denying approval of the disclosure statement which is

4  accompanied by an unconfirmable plan is that the Court should not allow the estate to incur the

5  cost of proceeding to confirmation when it is clear from the face of the First Amended Plan that it

6  is not confirmable.

7      The offending provisions in the Disclosure Statement are found in Section 5.8 (pgs.

8  149:10-150:3). In particular, the Plan proponent purports to seek a permanent injunction against

9  "States and other governmental units, and any State official, employee, or other entity acting in an

10  individual or official capacity on behalf of any State or other governmental units, other than as to

11  matters excepted from the automatic stay by Bankruptcy Code § 362(b)(4), including, without

12  limitation, the commencement or continuation of an action or proceeding by a governmental unit

13  to enforce such governmental unit's police and regulatory power, including the enforcement of a

14  judgment other than a monetary judgment, obtained in an action or proceeding by the

15  governmental unit to enforce such governmental unit's police or regulatory power) <u>shall be</u>

16  <u>permanently enjoined from</u>:

17      (a) taking any of the following actions on account of any such debt, Claim, or
       Interest: (1) commencing or continuing in any manner any action or other proceeding
18      against the VD Plan Debtors, the Liquidating Trustee or the Lehman Released Parties (or
       the successors or property of either of them); (2) enforcing, attaching, executing,
19      collecting, or recovering in any manner any judgment, award, decree, or order against the
       VD Plan Debtors, the Liquidating Trustee or the Lehman Released Parties (or the
20      successors or property of either of them); (3) creating, perfecting, or enforcing any Lien or
       encumbrance against the VD Plan Debtors, the Liquidating Trustee or the Lehman
21      Released Parties (or the successors or property of either of them); and (4) asserting any set
       off, right of subrogation, or recoupment of any kind against any obligation due to the VD
22      Plan Debtors, the Liquidating Trustee or the Lehman Released Parties (or the successors or
       property of either of them); and (b) challenging the Distributions to be effected by the Plan
23      or the classification of Claims or Interests set forth in the Plan, except as expressly
       provided in and permitted by the Plan. Any Person injured by any willful violation of such
24      injunction will recover actual damages, including costs and attorneys' fees, and, in
       appropriate circumstances, may recover punitive damages from the willful violator."
25

26      However, a Chapter 11 Plan cannot purport to alter, eliminate, or otherwise interfere with

27  state or local police powers which are in place for the public good. As is stated by the Court in

28  *Beyond.com*, the Plan proponent cannot include "freewheeling" provisions which seek to "rewrite"

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: (213) 229-2868 • FAX (213) 229-2870

1   applicable law. [need full case cite]  Further, a Plan may not create a post-petition injunction in

2   favor of non-debtor third parties. (*In re American Hardwoods* (9th Cir. 1989) 885 F.2d 621, 624-

3   25; *In re Sybaris Clubs International, Inc.* (Bankr. N.D. Ill. 1995) 189 B.R. 152) 159 ("The Plan

4   proposed by the Debtor, which incorporates a non-consensual permanent injunction that protects

5   non-debtor third parties violates 11 U.S.C. § 1129(a)(1)).

6          The inability of a Chapter 11 Plan to alter existing law is especially pertinent with regard

7   to police powers.  In fact, such acts are not even subject to the automatic stay, and cannot be

8   permanently enjoined by a Chapter 11 Plan in favor of the Debtor or Trustee, much less

9   unidentified third parties. (11 U.S.C. § 362(b)(4)).  The County raises this objection given that the

10  Plan cannot purport to preclude enforcement of police powers in an effort to avoid liability for the

11  act and omissions which have caused the state of disrepair.

12         While the Plan may provide for the manner of selling the property, it cannot eliminate the

13  power of local and state law enforcement and other agencies from enforcing their police powers.

14  Any attempt to preclude enforcement of property regulations creates significant public policy

15  problems.

16         **F.    <u>Limitation of Liability</u>**

17         The Disclosure Statement at pages 150:13-151:4, seeks a limitation of liability well beyond

18  that provided in the safe harbor provisions of section 1125(e) of the Code.  There is no controlling

19  Ninth Circuit authority to support such as extension of this code section.  As the Court is aware,

20  there is liability to third parties coming from every direction in these cases.  Accordingly, the

21  Court should strike this language from the plan, disclosure statement and order confirming plan.

22  **IV.   <u>CONCLUSION.</u>**

23         Based upon the foregoing, the County respectfully requests that this Court (i) sustain its

24  Objection to the Lehman VD Lenders' proposed Disclosure Statement with Respect to First

25  Amended Joint Chapter 11 Plan For Eleven Voluntary Debtors Proposed By The Lehman VD

26  Lenders; (ii) enter an Order requiring the Lehman VD Lenders to amend their Disclosure

27  Statement and the First Amended Plan to provide for the County's secured Proofs of Claim, which

28  shall be allowed, in full, with redemption interest accruing at 18% per annum (1.5% per month),

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: (213) 229-2868 • FAX (213) 229-2870

1    and 10% delinquent penalty as allowed by law; (iii) enter an Order requiring the Lehman VD

2    Lenders to amend their Disclosure Statement and the First Amended Plan so that the County need

3    not be required to file an administrative tax claim pursuant to 11 U.S.C. § 503(b)(1)(D); and (iv)

4    provide such further relief as the Court deems just and proper.

5

6    Dated: April 29th, 2011            **STECKBAUER WEINHART JAFFE, LLP**

7

8                         By:   */s/ Barry S. Glaser*

9                             Barry S. Glaser
                        Attorneys for Attorneys for County of Los Angeles

10                        Tax Collector

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1                       **DECLARATION OF DEONDRIA BARAJAS**

2   I, Deondria Barajas, declare as follows:

3        1.      I am the Assistant Operations Chief for the County of Los Angeles Tax Collector

4 (the "County"). I submit this declaration in support of the *Objection of the County of Los Angeles*

5 *Tax Collector to Disclosure Statement With Respect to First Amended Joint Chapter 11 Plan for*

6 *Eleven Voluntary Debtors Proposed by the Lehman VD Lenders.* I have personal knowledge of

7 the matters for which are stated herein and, if called upon as a witness, I could and would

8 competently testify thereto.

9        2.      Numerous changes have been made to the tax roll resulting in reduced assessments

10 for a large portion of the properties in this case. Additionally, new escaped assessment bills were

11 issued since filing of the County's last amended claims. Finally, payments have continued to post

12 into the week of April 25, 2011 for some of the current 2010 bills.

13        3.      As of April 2011, Debtors owe a significant amount of pre-petition and post-

14 petition taxes, which have accrued interest and penalty, as follows:

15         (A)     Tesoro SF, LLC's (08-17575) pre-petition and post-petition claims of

16         $33,205.71 (tax year 2008) and $147,954.94 (tax years 2009 and 2010), respectively, have

17         been adjusted to $103,085.52;

18         (B)     Palmdale Hills Properties, LLC's (08-17206) pre-petition and post-petition

19         claims of $1,037,377.11 (tax year 2008) and $1,852,270.26 (tax years 2009 and 2010),

20         respectively, have been adjusted to $3,008,044.29;

21         (C)     SunCal Torrance Properties, LLC's (08-17472) pre-petition and post-

22         petition claims of $635,348.93 (tax year 2008) and $569,929.51 (tax years 2009 and 2010),

23         respectively, have been adjusted to $773,211.47;

24         (D)     LB/L SunCal Northlake, LLC's (08-17408) pre-petition and post-petition

25         claims of $2,767,793.62 (tax year 2008) and $2,284,472.34 (tax years 2009 and 2010),

26         respectively, have been adjusted to $3,368,181.76; and

27

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA, 90071
TEL (213) 229-2868 • FAX (213) 229-2870

1     (E)     Acton Estates, LLC's (08-17236) pre-petition and post-petition claims of

2     $171,724.55 (tax year 2008) and $317,593.73 (tax years 2009 and 2010), respectively,

3     have been adjusted to $463,324.95.

4     8.     Thus, as of April 2011, the total amount for all outstanding taxes in this case is

5     $7,715,847.99.

6     9.     Attached hereto as Exhibit "A" is a break down of the amounts due to the County

7     as of April 2011.

8     I declare, under penalty of perjury, under the laws of the United States of America, that the

9     foregoing is true and correct.

10     Executed this 29th day of April, 2011, at Los Angeles, California.

11

12                                     Original Signature Page to be Filed
                                       DEONDRIA BARAJAS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| In re:<br><br>Palmdale Hills Property, LLC, and its Related Debtors | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 8:08-bk-17206-ES<br>(Jointly Administered) |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
333 South Hope Street, Thirty-Sixth Floor, Los Angeles, California 90071-1406.

A true and correct copy of the foregoing document described as **OBJECTION OF THE COUNTY OF LOS ANGELES TAX COLLECTOR TO DISCLOSURE STATEMENT WITH RESPECT TO FIRST AMENDED JOINT CHAPTER 11 PLAN FOR ELEVEN VOLUNTARY DEBTORS PROPOSED BY THE LEHMAN VD LENDERS; DECLARATION OF DEONDRIA BARAJAS IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d), and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 29, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

- Selia M Acevedo   sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
- Joseph M Adams   jadams@sycr.com
- Raymond H Aver   ray@averlaw.com
- James C Bastian   jbastian@shbllp.com
- Thomas Scott Belden   sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd   fednotice@tclaw.net
- Mark Bradshaw   mbradshaw@shbllp.com
- Gustavo E Bravo   gbravo@smaha.com
- Jeffrey W Broker   jbroker@brokerlaw.biz
- Brendt C Butler   bbutler@mandersonllp.com
- Andrew W Caine   acaine@pszyjw.com
- Carollynn Callari   ccallari@venable.com
- Cathrine M Castaldi   ccastaldi@rusmiliband.com
- Tara Castro Narayanan   tara.narayanan@msrlegal.com
- Dan E Chambers   dchambers@jmbm.com
- Shirley Cho   scho@pszjlaw.com
- Vonn Christenson   vrc@paynefears.com
- Brendan P Collins   bpcollins@bhfs.com
- Vincent M Coscino   vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot   pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Jonathan S Dabbieri   dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte   ana.damonte@pillsburylaw.com
- Vanessa S Davila   vsd@amclaw.com
- Melissa Davis   mdavis@shbllp.com
- Daniel Denny   ddenny@gibsondunn.com
- Caroline Djang   crd@jmbm.com
- Donald T Dunning   ddunning@dunningLaw.com

20002.031/63475.11This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
[KFOX\BANKR\525680.1]

**F 9013-3.1**

| In re:<br>Palmdale Hill Property, LLC and its Related Debtors | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 8:08-bk-17206-ES<br>(Jointly Administered) |

- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkclaw.com
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com, vgunderston@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

20002.031/63475.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: | | |
|---|---|---|
| Palmdale Hill Property, LLC and its Related Debtors | | CHAPTER: 11 |
| | Debtor(s). | CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |

- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Christopher T Williams    ctwilliams@venable.com, jcontreras@venable.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net

☐ Service Information continued on attached page.

II.    **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On October 25, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

20002.031/63475.11This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                              F 9013-3.1

| In re:                                            |            | CHAPTER: 11                                      |
| Palmdale Hill Property, LLC and its Related Debtors |          |                                                  |
|                                                   | Debtor(s). | CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |

**Via Federal Express**
The Honorable Erithe A. Smith
U.S. Bankruptcy Court
411 W. Fourth Street, Ste. 2030
Santa Ana, CA 92701

**Via U.S. Mail**
<u>General Insolvency Counsel for Steven M. Speier, the</u>
<u>Chapter 11 Trustee for the Trustee Debtors</u>
William N. Lobel, Esq.
Mike D. Neue, Esq.
THE LOBEL FIRM, LLP
840 Newport Center Drive, Ste. 750
Newport Beach, CA 92660

<u>Counsel for Regal Development, LLC</u> **[RSN]**
Benjamin M. Weiss, Esq.
12770 High Bluff Drive, Suite 160
San Diego, Ca 92130

<u>Counsel for Creditor, Marques Pipeline, Inc.</u> **[RSN]**
John W, Busby, Esq.
251 Lafayette Circle, Suite 350
Lafayette, CA 94549

<u>Counsel for Creditor, Bova Contracting Corporation</u> **[RSN]**
Wayne W. Call, Esq.
CALL, JENSEN & FERRELL
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660

<u>Counsel for Joint Provisional Liquidators of Lehman</u>
<u>RE LTD</u> **[RSN**
Betty M. Shumener, Esq.
DLA PIPER LLP (US)
550 South Hope Street, Ste. 2300
Los Angeles, CA 90071

<u>Counsel for the Lehman VD Lenders</u>
Shai Waisman, Esq.
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY 10153-0119

<u>Counsel for the Lehman VD Lenders</u>
Edward Soto, Esq.
WEIL, GOTSHAL & MANGES, LLP
1395 Brickell Avenue, Ste. 1200
Miami, FL 33131

☐ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity
served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies)
by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as
follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the
document is filed.

20002.031/63475.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

| In re: | | CHAPTER: 11 |
| Palmdale Hill Property, LLC and its Related Debtors | | |
| | Debtor(s). | CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 29, 2011 | Patricia Dillamar | /S/ Patricia Dillamar |
| *Date* | *Type Name* | *Signature* |

20002.031/63475.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9013-3.1**