LOUIS R. MILLER (State Bar No. 54141)
MARTIN H. PRITIKIN (State Bar No. 210845)
**MILLER BARONDESS, LLP**
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:    (310) 552-4400
Facsimile:    (310) 552-8400
Special Litigation Counsel for
Jointly Administered Debtors in Possession

PAUL J. COUCHOT -- State Bar No. 131934
SEAN A. O'KEEFE -- State Bar No. 122417
**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
General Insolvency Counsel for Administratively Consolidated
Debtors-in-Possession

RONALD RUS - State Bar No. 67369
JOEL S. MILIBAND - State Bar No. 77438
**RUS MILIBAND & SMITH
PROFESSIONAL CORPORATION**
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

Counsel for SunCal Management LLC

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:08-bk-17206-ES |
| Palmdale Hills Property, LLC, and its Related Debtors. | Jointly Administered With Case Nos. |
| | 8:08-bk-17209ES; 8:08-bk-17240ES; 8:08-bk 17224ES; 8:08-bk-17242ES; 8:08-bk-17225ES; 8:08-bk-17245ES; 8:08-bk-17227ES; 8:08-bk-17246ES; 8:08-bk-17230ES; 8:08-bk-17231ES; 8:08-bk-17236ES; 8:08-bk-17248ES; 8:08-bk-17249ES; 8:08-bk-17573ES; 8:08-bk-17574ES; 8:08-bk-17575ES; 8:08-bk-17404ES; 8:08-bk-17407ES; 8:08-bk-17408ES; 8:08-bk-17409ES; 8:08-bk-17458ES; 8:08-bk-17465ES; 8:08-bk-17470ES; 8:08-bk-17472ES; and 8:08-17588ES. |
| Jointly Administered Debtors and Debtors-in-Possession. | |
| Affects: | Chapter 11 Cases |
| ☐ All Debtors | |
| ☒ Palmdale Hills Property, LLC, | **NOTICE OF MOTION AND MOTION FOR ORDER** |
| ☐ SunCal Beaumont Heights, LLC | **REGARDING ENTITLEMENT TO DISCOVERY IN** |
| ☐ SCC/Palmdale, LLC | **CONNECTION WITH CLAIM OBJECTION,** |
| ☐ SunCal Johannson Ranch, LLC | **AND/OR IMPOSING DISCRETIONARY STAY** |
| ☒ SunCal Summit Valley, LLC | |
| ☒ SunCal Emerald Meadows, LLC | |
| ☒ SunCal Bickford Ranch, LLC | |
| ☒ Acton Estates, LLC | |

*Continued on Next Page*

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

*Continued from Previous Page*

☐ Seven Brothers LLC
☒ SJD Partners, Ltd.
☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☒ SCC Communities LLC
☐ North Orange Del Rio Land, LLC
☒ Tesoro SF, LLC
☒ LBL-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC
☒ LBL-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☒ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
☐ SunCal Torrance, LLC
☐ SunCal Oak Knoll, LLC

Date:    July 21, 2011
Time:    2:00 p.m.
Ctrm.:   5A

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

**TO THE COURT AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT on July 21, 2011, at 2:00 p.m.**, in Courtroom 5A of the Bankruptcy Court for the Central District of California, located at 411 W. 4th St., Santa Ana, CA 92701, Acton Estates LLC ("Acton"), SunCal Bickford Ranch LLC ("Bickford"), SunCal Emerald Meadows LLC ("Emerald Meadows"), Palmdale Hills Property, LLC ("Palmdale Hills"), SJD Partners, Ltd. ("SJD Partners"), SunCal Summit Valley LLC ("Summit Valley"), SCC Communities LLC ("SCC Communities"), Tesoro SF LLC ("Tesoro") (collectively, the "Moving Voluntary Debtors"), and SunCal Management, LLC ("SC Management") (collectively with the Moving Voluntary Debtors, the "Movants") will, and hereby do, move (the "Motion") the Court, in both the Moving Voluntary Debtors' cases and the Trustee Debtors' cases[1], for an order providing the following:[2]

(A)     That the Motion for Order Disallowing Certain Claims Held by Lehman ALI, Inc. ("Lehman ALI") and Lehman Commercial Paper, Inc. ("LCPI", and together with Lehman ALI, the "Lehman Entities"), filed on April 8, 2011 [D.E. 1901] (hereinafter the "Claim Objection"), is a contested matter in connection with which discovery may be conducted pursuant to Federal Rule of Bankruptcy Procedure 9014;

(B)     That the Lehman Entities must participate in discovery in connection with the Claim Objection in accordance with the Federal Rules of Bankruptcy Procedure;

(C)     That unless and until the Lehman Entities participate in discovery in connection with the Claim Objection in accordance with the Federal Rules of Bankruptcy Procedure, (1) no hearing will be held on the Lehman Entities' plans, disclosure statements, and/or any other contested matters

---

[1] The Trustee Debtors, for purposes of this Motion and the related Claim Objection, are defined as LB/L-SunCal Oak Valley LLC ("Oak Valley"), LB/L-SunCal Northlake LLC ("Northlake"), SunCal Heartland LLC ("Heartland"), SunCal Marblehead LLC ("Marblehead"), and SunCal PSV LLC ("PSV"). All of the above-captioned Trustee Debtors and Voluntary Debtors are referred to collectively herein as the "Debtors"

[2] The respective Moving Voluntary Debtors are the moving parties with respect to the objections to claims in their respective Moving Voluntary Debtors' cases, and SC Management is the moving party in the objections to claims in the specified Trustee Debtors' cases in its capacity as a creditor and party in interest in such Trustee Debtors' cases.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

1    initiated by or on behalf of the Lehman Entities, and (2) the Lehman Entities may not take discovery

2    in connection with, or introduce evidence in support of, their plans, disclosure statements, and/or any

3    related contested matters initiated by or on behalf of the Lehman Entities; and

4            (D)    Such further relief as the Court deems just and proper.

5        This Motion is made on the basis of the concurrently filed Declaration of Martin Pritikin (the

6    "Pritikin Declaration"), and Request for Judicial Notice, the within points and authorities, and upon

7    such other evidence as the Court elects to consider prior to or at the hearing on this matter.

8        IF YOU DO NOT OPPOSE THE MOTION, YOU NEED TAKE NO FURTHER ACTION.

9    HOWEVER, IF YOU OPPOSE THE MOTION, OPPOSITIONS MUST BE FILED WITH THE

10   COURT NO LATER THAN FOURTEEN (14) DAYS PRIOR TO THE HEARING DATE ON THE

11   MOTION.  YOU MUST FILE YOUR OPPOSITION WITH THE CLERK OF THE UNITED

12   STATES BANKRUPTCY COURT LOCATED AT 411 WEST FOURTH STREET, SUITE 2030,

13   SANTA ANA, CALIFORNIA 92701.  YOU MUST ALSO SERVE A COPY OF YOUR

14   OPPOSITION TO THE MOTION UPON COUNSELS FOR THE RESPECTIVE MOVANTS AT

15   THE MAILING ADDRESSES INDICATED IN THE UPPER LEFT CORNER OF THE FIRST

16   PAGE OF THIS MOTION.  THE MOVING VOLUNTARY DEBTORS' COUNSEL WILL

17   ACCEPT E-MAIL SERVICE AT THE FOLLOWING ADDRESSES:

18   PCOUCHOT@WINTHROPCOUCHOT.COM, WITH A COPY TO

19   PJ@WINTHROPCOUCHOT.COM.  ANY FAILURE TO TIMELY FILE AND SERVE AN

20   OPPOSITION MAY RESULT IN ANY SUCH OPPOSITION BEING WAIVED, AND THE

21   COURT MAY ENTER AN ORDER GRANTING THE MOTION WITHOUT FURTHER NOTICE.

22

23   DATED:  May 3, 2011            Respectfully submitted,

24                        **MILLER BARONDESS, LLP**

25
                            By: /s/ Martin H. Pritikin
26                              Martin H. Pritikin
                              Special Litigation Counsel for the Jointly
27                           Administered Debtors-in-Possession

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

2

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**


By: /s/ Paul J. Couchot
    Paul J. Couchot
General Insolvency Counsel for
Administratively Consolidated Debtors-in-
Possession


**RUS MILIBAND & SMITH
PROFESSIONAL CORPORATION**


By: /s/ Ronald Rus
    Ronald Rus
Counsel for SunCal Management LLC

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

3

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

# **TABLE OF CONTENTS**

Page

I.  INTRODUCTION .................................................................................................1

II.  FACTUAL BACKGROUND ...............................................................................3

A.  LCPI Invokes its Stay to Thwart the Adversary Proceeding ...................3

B.  The Movants File a Claim Objection That Does Not Implicate LCPI's Stay .........6

C.  The Lehman Entities Refuse to Participate in Discovery in Connection with the Claim Objection .................................................................6

D.  The Lehman Entities Intend to Hamstring Movants While Proceeding With Their Own Claim Objections and Plan Confirmation Process ...............8

III.  ARGUMENT .....................................................................................................10

A.  The Movants are Entitled to Discovery in Connection with the Claim Objection .................................................................................10

B.  The Lehman Entities Have No Basis to Refuse to Participate in Discovery .........11

1.  Objections to Claims Are Defensive and Do Not Violate the Stay ...........11

2.  The Claim Objection is Limited to Recoupment and Does Not Seek Setoff .................................................................................13

C.  LCPI's Stay Cannot Prevent Discovery as to Lehman ALI .....................16

1.  LCPI's Stay is Irrelevant to the Claim Objection as to Non-Debtor Lehman ALI .................................................................16

2.  Discovery Can be Taken from a Debtor in Pursuit of a Claim Against a Non-Debtor .................................................................16

D.  Discovery and Hearings on The Lehman Plans and Contested Matters Should Be Stayed Pending Their Cooperation with their Discovery Obligations .............17

IV.  CONCLUSION .................................................................................................20

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000, LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

# TABLE OF AUTHORITIES

Page

## CASES

*Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186 (9th Cir. 2011) ...................................10

*Chugach Timber Corp. v. Northern Stevedoring & Handling Corp.*
(*In re Chugach Forest Products, Inc.*), 23 F.3d 241 (9th Cir.1994) ...................................17

*CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962).....................................................17, 18

*In re Airline Pilots Assn v. Miller,* 523 U.S. 866 (1998) .............................................17

*In re Baldwin-United Corp.*, 765 F.2d 343 (2d Cir. 1985) ...............................................8

*In re Barney's, Inc.*, 206 B.R. 336 (Bankr.S.D.N.Y. 1997) ...........................................17

*In re Beeche Systems Corp.*, 164 B.R. 12 (Bankr.N.D.N.Y. 1994) ...................................14

*In re Bellucci*, 119 B.R. 763 (Bankr.E.D.Cal. 1990) ...................................................17

*In re Bousa, Inc.*, 2005 WL 1176108 (S.D.N.Y. 2005) .................................................11

*In re Duratech Industries, In*c., 241 B.R. 283 (E.D.N.Y. 1999).................................17, 18

*In re Financial News Network*, 158 B.R. 570 (S.D.N.Y. 1993) ...................................11, 12

*In re Heffernan Memorial Hosp. Dist.*, 192 B.R. 228 (Bkrtcy.S.D.Cal.1996) ...................15

*In re Hillsborough Holdings Corp.*, 130 B.R. 603 (Bankr.M.D.Fla.1991) ........................16

*In re Holford*, 896 F.2d 176 (5th Cir.1990) .............................................................15

*In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation,*
140 B.R. 969 (N.D.Ill.1992)..........................................................................16

*In re Malinowski*, 156 F.3d 131 (2d. Cir. 1998) .......................................................14

*In re McMahon*, 129 F.3d 93 (2d Cir. 1997) .......................................................13, 14

*In re Meade*, 1999 WL 33496001 (E.D. Pa. 1999)....................................................11-12

*In re Merrick*, 175 B.R. 333 (9th Cir. BAP 1994) ......................................................11

*In re Metiom*, 301 B.R. 634 (Bankr. S.D.N.Y. 2003).........................................11, 12, 13

*In re Midwest Serv. and Supply Co., Inc.*, 44 B.R. 262 (D.Utah 1983)............................15

*In re Miller*, 262 B.R. 499 (9th Cir. BAP 2001) .......................................................16

*In re Palmdale Hills Property LLC*, 423 B.R. 655 (9th Cir. BAP 2009) ..............4, 12, 13, 15, 16

*In re Petersen*, 2010 WL 3842157 (D.Ariz. 2010)......................................................13

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

*In re PRS Ins. Group*, 331 B.R. 580 (Bankr.D.Del. 2005) ..........................................................11

*In re Schueller*, 126 B.R. 354 (D.Colo.1991) .........................................................................18

*In re Thompson*, 350 B.R. 842 (Bankr.E.D.Wis. 2006)..........................................................15

*In re TLC Hospitals, Inc.*, 224 F.3d 1008 (9th Cir. 2000) ......................................................13

*In re Way*, 229 B.R. 11 (9th Cir. BAP 1998)..........................................................................11

*In re Wheatfield Business Park*, 308 B.R. 463 (9th Cir. BAP 2004)....................................11, 12

*In re Yonkers Hamilton Sanitarium, Inc.*, 22 B.R. 427 (Bankr.S.D.N.Y.1982) .....................15

*Landis v. N. Amer. Co.*, 299 U.S. 248 (1936) ........................................................................18

*Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir. 1979)....................17

*Lockyer v. Mirant*, 398 F.3d 1098 (9th Cir. 2005)....................................................................8

*Mother of Hubbard, Inc.*, 152 B.R. 189 (Bankr. W.D.Mich.1996) ......................................20

*Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392 (9th Cir. 1996) ....................13, 15

*Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513 (2d Cir. 1998) ..............................11

*Rakozy v. Reiman Constr. (In Re Clowards, Inc.)*, 42 B.R. 627 (Bankr.D.Idaho 1984) ....................14

*Sloan v. Kubitsky*, 1996 WL 571443 (Conn.Super. 1996) *affirmed in part
and reversed in part on other grounds*, 48 Conn. App. 835, 712 A.2d 966 (1998) ................15

*United States v. Energy Resources Co.*, 495 U.S. 545 (1990) ...............................................18

*University Medical Center*, 973 F.2d 1065 (3d Cir.1992) ......................................................15

*Vasile v. Dean Witter Reynolds Inc.*, 20 F.Supp.2d 465 (E.D.N.Y. 1998) ..........................11

## STATUTES

11 U.S.C. § 105.......................................................................................................................18

11 U.S.C. § 105(a) ..................................................................................................................17

11 U.S.C. § 1129(a)(7).............................................................................................................9

11 U.S.C. § 502(d) ...................................................................................................................9

11 U.S.C. § 364.......................................................................................................................19

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400   FAX:(310) 552-8400

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM OBJECTION, AND/OR IMPOSING
DISCRETIONARY STAY
82230.5

# **RULES**

Federal Rules of Bankruptcy Procedure
    Rule 3007(b)......................................................................................................... 10
    Rule 7001............................................................................................................... 10
    Rule 7026............................................................................................................... 11
    Rules 7028-37........................................................................................................ 11
    Rule 7030............................................................................................................... 11
    Rule 9014........................................................................................................ 2, 3, 10
    Rule 9014(c)........................................................................................................... 11

Federal Rules of Civil Procedure
    Rule 30................................................................................................................... 11

Local Bankruptcy Rules
    Rule 7026-1 ........................................................................................................... 10
    Rule 7026-1(c)....................................................................................................... 10
    Rule 7026-1(c)(3)(C)............................................................................................. 10

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM OBJECTION, AND/OR IMPOSING
DISCRETIONARY STAY
82230.5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Movants are forced to bring this motion because the Lehman Entities are not only once again using LCPI's automatic stay to try to derail the administration of the Debtors' Chapter 11 cases, but they are doing so in circumstances where the automatic stay has no applicability whatsoever.  The Lehman Entities should be required to participate in discovery as required by the Federal Rules of Bankruptcy Procedure, or else their own plans and contested matters should be stayed.  They are not above the law.

For over two years, the Lehman Entities have endeavored to thwart the Debtors' prosecution of their adversary proceeding for equitable subordination by hiding behind LCPI's automatic stay. LCPI has even repurchased loans that had been sold pre-petition to non-debtor Fenway in order to re-assert (and indeed, extend the reach of) its automatic stay.  At present, their efforts have been successful: given the refusal of the Bankruptcy Court in LCPI's Chapter 11 proceedings to grant relief from stay, unless and until the Ninth Circuit addresses the Bankruptcy Appellate Panel's ("BAP") ruling that the equitable subordination action is an "offensive" action that violates LCPI's stay, that action remains stayed save for the loans still held by non-debtor Lehman ALI.

In light of this gambit by the Lehman Entities, the Movants have sought (in line with the Court's inquiry) a "Plan B"—i.e., vehicles that could provide relief for the Debtors' creditors that would not violate LCPI's stay.  Among other things, the Movants researched law providing (a) that claim objections are "defensive" and do not violate the automatic stay; and (b) recoupment claims are likewise defensive and do not violate the stay.

Accordingly, on April 8, 2011, the Movants filed the Claim Objection, which raises objections to certain claims filed by the Lehman Entities.  Specifically, the Claim Objection seeks recoupment of portions of the Lehman Entities' claims based on Lehman ALI's multiple breaches in 2008 of the Restructuring Agreement and Settlement Agreement (collectively, the "Agreements"). But for Lehman ALI's breaches, those agreements would have restructured the very loans on which the disputed claims are premised, and the Debtors would not have filed for Chapter 11 protection.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1
MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

1    The Claim Objection is a contested matter for which discovery is available pursuant to

2    Federal Rule of Bankruptcy Procedure 9014 ("Rule 9014").  On April 15, 2011, the Movants sent

3    deposition subpoenas for relevant witnesses to counsel for the Lehman Entities, and inquired

4    whether they would accept service on the deponents' behalf.  The Movants also inquired as to

5    whether the Lehman Entities would stipulate that the document production generated in the

6    adversary proceeding could be used as the document production for the Claim Objection.

7    Incredibly, the Lehman Entities have now taken the position that the *Claim Objection for*

8    *recoupment* violates LCPI's stay, and, consequently, that no discovery can go forward in connection

9    with the Claim Objection.  The Lehman Entities' position is not only wrong; it is frivolous, and

10    seeks to elevate the Lehman Entities above the Federal and Bankruptcy Rules.

11    First, law in both the Ninth Circuit and the Second Circuit recognizes that, regardless

12    whether an equitable subordination claim may arguably be characterized as "offensive" in nature, a

13    *claim objection is defensive* and does not violate the creditor's stay.  The Lehman Entities have

14    cited—and can cite—no law to the contrary.  Indeed, in the *Palmdale Hills* decision itself, the BAP

15    acknowledged this distinction with regard to claim objections.  Even the Bankruptcy Court in

16    LCPI's Chapter 11 proceeding acknowledged this distinction in refusing to grant relief from stay to

17    allow the equitable subordination claim to proceed.

18    Second, because a claim objection for recoupment seeks only to reduce the amount of the

19    debt claimed by the claimant, and does not seek any affirmative relief, recoupment claims do not

20    violate the automatic stay.  The Lehman Entities have not cited—and cannot cite—any law disputing

21    the fact that recoupment claims steer clear of the automatic stay.  Rather, they contend that the Claim

22    Objection is not "really" one for recoupment.  But the Lehman Entities do not get to decide the

23    theories on which the Movants proceed.  At best, the Lehman Entities' arguments go to the merits of

24    whether Movants will *prevail* on their recoupment claim; but they have nothing to do with whether

25    the automatic stay precludes Movants from litigating it in the first place.

26    Third, unlike LCPI, Lehman ALI is *not* a debtor, and the discovery sought applies to both

27    Lehman ALI and LCPI.  Thus, arguments about LCPI's stay would not justify *Lehman ALI's* refusal

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

2

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

to participate in discovery.  Indeed, even LCPI could not refuse to participate in discovery to the extent that such discovery was relevant to the Movants' objections to Lehman ALI's claims.

The Lehman Entities have done everything they can—used every trick in the book—to prevent the Debtors' from deposing their witnesses about their wrongful conduct.  LCPI's stay has repeatedly been utilized as a sword rather than a shield to gain strategic advantage in the Debtors' Chapter 11 cases; now they seek to use it where it has no bearing whatsoever.  Notably, while the Lehman Entities refuse to let the Movants take *any* discovery in connection with their Claim Objection, the Lehman Entities are actively pursuing discovery in connection with their own claim objections, and are trying to move toward confirmation of their Plans.  The Court should not countenance such blatant one-sided gamesmanship.

Accordingly, by this Motion, the Movants ask this Court to: (1) order that the Lehman Entities are obligated to participate in discovery in connection with the Claim Objection as required by Rule 9014; and (2) stay any discovery in connection with, and/or hearings on, the Lehman Entities' plans, disclosure statements and/or related contested matters, unless and until they comply with their discovery obligations in connection with the Movants' Claim Objection.

## II.    FACTUAL BACKGROUND

### A.    LCPI Invokes its Stay to Thwart the Adversary Proceeding

The Debtors filed the adversary proceeding for equitable subordination and related claims (the "Lehman Adversary Action") in January 2009.  The Debtors initially avoided naming LCPI as a defendant, to avoid any question as to whether LCPI's automatic stay applied.

However, *in response to LCPI's motions* for relief from stay[3], seeking to foreclose on certain of the Voluntary Debtors' projects securing LCPI's loans (almost all of which loans, unbeknownst to the Debtors or the Court, had been sold to a third party pre-petition), the Voluntary Debtors argued that (i) the Lehman Entities' liens were subject to bona fide dispute as a result of the Debtors' equitable subordination claims, and (ii) LCPI's automatic stay did not apply to an equitable

---

[3] LCPI argued that the Debtors could not confirm a plan of reorganization within a reasonable time because LCPI's automatic stay precluded equitable subordination of LCPI's claims.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

3

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  subordination proceeding, which was defensive in nature.  This Court agreed, and in March 2009,

2  entered orders denying the Lehman Entities' motions for relief from stay, and further determining

3  that LCPI's automatic stay did not apply to an action for equitable subordination.  This Court further

4  gave the Debtors leave to amend the complaint to add LCPI as a defendant on the equitable

5  subordination claim.  LCPI appealed the Court's ruling regarding the applicability of LCPI's

6  automatic stay to the BAP.

7          In December 2009, the BAP issued a split 2-1 opinion, *In re Palmdale Hills Property LLC*,

8  423 B.R. 655, 665 (9th Cir. BAP 2009) ("BAP Ruling"), in which the majority held that LCPI's stay

9  was implicated by the equitable subordination claim in the Lehman Adversary Action, and that the

10  Debtors would need to seek relief from stay from the Southern District of New York, where LCPI's

11  Chapter 11 case is pending.  The Voluntary Debtors appealed the BAP Ruling to the Court of

12  Appeals for the Ninth Circuit.

13          However, by the time BAP Ruling was issued, it was essentially moot: this Court had ruled

14  in June 2009 that the August 22, 2008 repurchase agreement (the "Repo") between LCPI, as

15  "Seller," and Fenway Capital, LLC ("Fenway"), as "Buyer," was a true sale in which title to many of

16  the loans (the "Sold Loans")[4] —including both of the valuable loans for which LCPI had been the

17  lender—had been transferred to Fenway.  As such, Fenway, not LCPI, was the true owner of the

18  claims.  Accordingly, in July 2009, Fenway was added as the true party-in-interest with respect to

19  those loans.  Thus, when LCPI was dismissed from the Lehman Adversary Action in March 2010,

20  LCPI's participation in the Lehman Adversary Action had already been rendered irrelevant.

21  

22          [4] The Sold Loans are defined as the following loans:

23  
| Sold Loans | Original Claimant | Alleged Balance |
|---|---|---|
| SunCal Communities I Loan | LCPI | $343,221,391 |
| Ritter Ranch Loan | LCPI | $287,252,096 |
| PSV Loan | Lehman ALI | $88,257,340 |
| Delta Coves Loan | Lehman ALI | $206,023,142 |
| Marblehead/ Heartland Loan | Lehman ALI | $354,325,126 |
| Oak Valley Loan | OVC Holdings, LLC | $141,630,092 |
| Northlake Loan | Northlake Holdings, LLC | $123,654,777 |

28  

4

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    Within days of LCPI being dismissed from the Lehman Adversary Action, the Lehman

2  Entities maneuvered to re-invoke LCPI's automatic stay to thwart the Debtors' legitimate claims and

3  their reorganization process.   In March 2010, LCPI filed the "compromise motion" in its bankruptcy

4  proceedings in New York, whereby LCPI sought to re-acquire those loans that had been sold to

5  Fenway pursuant to the Repo—including, importantly, not only those previously owned by LCPI,

6  but also those previously owned by non-debtors Lehman ALI, OVC Holdings LLC and Northlake

7  Holdings, LLC.   The parent Lehman entity, debtor LBHI, also claimed for the first time that it

8  would have a security interest in the Sold Loans upon consummation of the transaction contemplated

9  by the compromise motion.

10    In April 2010, the Debtors opposed the compromise motion, and in the alternative, sought

11  relief from stay in New York so that they could continue to pursue their equitable subordination

12  claim against LCPI or any other transferee of the Sold Loans previously owned by non-debtor

13  Fenway.  (The Trustee, on behalf of the Trustee Debtors, withdrew from both motions shortly before

14  the hearing, citing a tentative settlement with the Lehman Entities.)

15    In May 2010, the Honorable James M. Peck, the Bankruptcy Court for the Southern District

16  of New York ("Judge Peck"), approved LCPI's compromise motion, and denied the Voluntary

17  Debtors' motion for relief from stay.   In effect, Judge Peck held that, because the Voluntary Debtors

18  had appealed the BAP Ruling to the Ninth Circuit (something they were required to do to preserve

19  the issue), they would have to wait for the Ninth Circuit to rule.[5]   The Voluntary Debtors moved for

20  reconsideration of Judge Peck's ruling, which motion was denied.   The Voluntary Debtors' appeals

21  to the District Court for the Southern District of New York and the Second Circuit Court of Appeals

22  were also denied; both courts held that Judge Peck did not abuse his discretion in choosing to

23  "defer" to the Ninth Circuit.

24

25

26    [5] The Ninth Circuit briefing on the appeal of the BAP Ruling was completed on April 30,
2010.  On May 25, 2010, the Voluntary Debtors filed a motion with the Ninth Circuit seeking an
27  expedited hearing of the appeal of the BAP Ruling.  The Lehman Entities opposed that motion.  The
Ninth Circuit denied the Debtors' motion to expedite on June 9, 2010.  Oral argument before the
28  Ninth Circuit on the pending appeal was recently set for June 8, 2011.

5

82230.5

1    As a result of these developments, the equitable subordination claim in the Lehman

2  Adversary Action is now stayed as to all but four Voluntary Debtor projects for which Lehman ALI

3  was the lender.  Because LCPI has invoked its automatic stay with regard to 80% of the claims

4  against the Debtors' estates, the Voluntary Debtors have been substantially restricted in their ability

5  to reorganize their financial affairs.  As a result, the Voluntary Debtors have actively sought to

6  prosecute their Chapter 11 cases, for the benefit of their creditors, in a manner that does not violate

7  LCPI's stay.

8    **B.**    **The Movants File a Claim Objection That Does Not Implicate LCPI's Stay**

9    On April 8, 2011, the Moving Voluntary Debtors filed the Claim Objection seeking to

10  disallow or reduce certain claims against them held by Lehman ALI and LCPI.  SC Management,

11  co-movant on the Claim Objection as a creditor and party-in-interest in the Trustee Debtors' cases,

12  seeks disallowance or reduction of Lehman ALI's claims against the relevant Trustee Debtors.  The

13  Claim Objection does not seek any affirmative recovery or relief against LCPI.  Rather, the Movants

14  are merely acting *defensively* to disallow the Lehman Entities' claims against the relevant Debtors

15  and recoup from the Lehman claims all damages suffered by the relevant Debtors on account of the

16  breaches of the Restructuring Agreement and Settlement Agreement (collectively the "Agreements")

17  by Lehman ALI.   The Claim Objection specifically references law from both the Ninth and Second

18  Circuits holding that the prosecution of a claim objection—and one for recoupment in particular—

19  does not require the Movants to first obtain relief from LCPI's stay, because such claims in no way

20  implicate LCPI's stay.

21    **C.**    **The Lehman Entities Refuse to Participate in Discovery in Connection with the**

22       **Claim Objection**

23    On April 15, 2011, one week after the Claim Objection was filed, the Movants sent

24  deposition subpoenas and accompanying notices of deposition of individuals expected to have

25  knowledge of the negotiation, drafting, and/or alleged breach of the Agreements.  (Pritikin Decl., ¶

26  2, Exh. 1.)  The Movants requested that counsel for the Lehman Entities accept service of the

27  subpoenas on behalf of the deponents, and that they contact Movants' counsel to discuss mutually

28

Miller Barondess, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

6

82230.5

1 convenient times and locations for the depositions. (*Id.*)  In subsequent correspondence on April 18,

2 2011, Movants' counsel requested that, in the interest of efficiency, the Lehman Entities stipulate

3 that the document production generated in the adversary proceeding be used in connection with the

4 Claim Objection. (Pritikin Decl., ¶ 3, Exh. 2.)

5       On April 22, 2011, counsel for the Lehman Entities informed counsel for the Movants of his

6 view that discovery cannot go forward in connection with the Claim Objection because the Claim

7 Objection violates LCPI's automatic stay, and thus that there was no need to accept service of

8 deposition subpoenas, nor any reason to discuss document production. (Pritikin Decl., ¶ 4).  Indeed,

9 given his position that discovery could not go forward at all, the Lehman Entities' counsel asserted

10 that he was unwilling to treat their conversation as a meet and confer on discovery issues, as there

11 was nothing to meet and confer about. (Pritikin Decl. , ¶ 4).  On April 25, 2011, the Lehman

12 Entities' counsel sent a letter reiterating his position that the Claim Objection violates the automatic

13 stay:

14       The mere fact that a pleading is styled as an "objection to claims" or "motion to
15       disallow claims" does not insulate it from the automatic stay when the issues
      raised therein implicate and depend upon affirmative action and relief against the
16       Lehman Debtors.
      …

17       The Claim Objection is nothing more than a breach of contract claim of the
      Restructuring Agreement … and the purported September 2008 Settlement
18       Agreement…, both of which came years after and are independent of the loan
      agreements on which the loans are based.  As such, it is an attempt at setoff that is
19       subject to the automatic stay.  Your characterization of this contract claim as
      recoupment is invalid.
20       …

21       It is clear that the SunCal Plan Proponents are attempting to use the Claim
      Objection to circumvent the Lehman Debtors' automatic stay… Consequently, the
22       Lehman Parties will not participate in discovery unless and until your clients
      obtain relief from the automatic stay.
23

24 (Pritikin Decl., ¶ 5, Exh. 3).  Notably, the Lehman Entities cited no authority providing that

25 either claim objections generally, or recoupment claims in particular, violate the automatic

26 stay.  Rather, contended that *their* characterization of the Claim Objection as one based on

27 something other than recoupment governs.

28       The Lehman Entities' counsel further contended that "[t]he bankruptcy court in the Lehman

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

7

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

1  Debtors' chapter 11 cases has the final say regarding the scope of the automatic stay," and that "it is

2  incumbent upon [Movants] to seek relief from the automatic stay in Lehman Debtors' chapter 11

3  cases *before* proceeding with the Claim Objection." *Id.* (original emphasis).

4      Although the Movants do not dispute Judge Peck's concurrent authority to determine issues

5  regarding the applicability of LCPI's automatic stay,[6] they also cannot abide by the Lehman Entities'

6  attempts to hold hostage the claims administration process that is undeniably within the exclusive

7  jurisdiction of this Court by making specious assertions of the automatic stay.  As discussed below,

8  the Claim Objection does not violate the automatic stay, and the Rules provide Movants with the

9  right to take discovery in support thereof.  Given the Lehman Entities' obstructionist tactics,[7] the

10  Movants are left no choice but to seek an order from the Court directing them to comply with their

11  discovery obligations.

12      **D.**    **The Lehman Entities Intend to Hamstring Movants While Proceeding With**

13         **Their Own Claim Objections and Plan Confirmation Process**

14      The Claim Objection is, of course, a significant component of the Movants' proposed plans

15  of reorganization, as described in their disclosure statements.  As such, the discovery sought in

16  connection with the Claim Objection will overlap substantially with discovery to which the Movants

17  would be entitled in connection with the plan confirmation process.  In fact, the Lehman Entities will

18  have to provide the same discovery they are now objecting to in order to confirm their own

19

20        [6] *See, e.g., In re Baldwin-United Corp.*, 765 F.2d 343, 347 (2d Cir. 1985) ("Whether the stay

21  applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending, and the

22  bankruptcy court supervising the reorganization"); *Lockyer v. Mirant*, 398 F.3d 1098, 1107 (9th Cir.

23  2005).

      [7] Although not directly at issue in this Motion, the Lehman Entities' position regarding the

24  recently-filed state court breach of contract lawsuit further evidences their willingness to raise meritless arguments to avoid discovery and litigation of the issues on the merits.  The state court

25  lawsuit involves *only state law contract claims*, and was filed by the Voluntary Debtors and certain SunCal affiliates *only against Lehman ALI and other non-debtor affiliates (including non-diverse*

26  *defendants)*.  Yet in rejecting the Movants' offer to coordinate discovery in the Claim Objection and state court action, the Lehman Entities stated: "we will not be coordinating discovery with the

27  newly filed state court action that … is *in the process of being removed to the Bankruptcy Court.*"

28  (Pritikin Decl., ¶5, Exh 3) (emphasis added).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

1    competing plans (the "Lehman Plans") under the "best interest of creditors" test under 11 U.S.C.

2    § 1129(a)(7).[8]

3        -The Lehman Entities seem to disregard these issues.  The Lehman Plans *presume* that the

4    Lehman Entities hold allowed claims and that the Lehman Adversary Action and the pending Claim

5    Objection are without merit.  But in light of the fact that there are pending objections[9] to the Lehman

6    Entities' claims, such claims are disputed, and not "allowed" for the purposes of the plan process.

7    The Lehman Entities will no doubt seek to push their plan to confirmation as quickly as possible by

8    contending that the Claim Objection is void and of no legal effect because it ostensibly violates

9    LCPI's automatic stay.

10        It appears that what the Lehman Entities really seek is a one-sided contest, in which only

11    they get to take discovery and pursue confirmation on a fast-track.  While the Lehman Entities are

12    steadfastly refusing to participate in discovery in connection with the Movants' Claim Objection, in

13    support of their own Plans they have already filed a number of objections to claims filed by Movant

14    SC Management.  In fact, the Lehman Entities have already filed a motion seeking a Rule 2004

15    examination of SunCal Management in connection with a dispute regarding the Del Rio Project.

16        In their April 25 letter, the Lehman Entities purport to gloss over this glaring imbalance when

17    they purport that the Movants can pursue confirmation of their plan with "appropriate

18    modifications":

19        We see no reason why any of the above should necessarily affect the plan
20        confirmation process.  We intend to seek approval of our disclosure statements and plans on the current timeframe and suspect that you will move forward with yours,
21        subject to appropriate modifications needed....

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000, LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

---

[8] If the Debtors' cases were hypothetically converted to a Chapter 7, the Claim Objection for recoupment could be prosecuted by a trustee or any party in interest.  A successful recoupment motion could provide a recovery to creditors that is greater than that proposed in the Lehman Plans. In order to meet the best interests of creditors test, the Lehman Entities will need to show their Plans provide more to creditors than a hypothetical chapter 7 case in which the recoupment object is prosecuted.

[9] In addition to the Claim Objection based upon recoupment at issue in this Motion, the Movants have also filed a motion to disallow certain disputed claims held by the Lehman Entities pursuant to 11 U.S.C. § 502(d), filed on April 26, 2011 ("§502(d) Claim Objection") [D.E.. 1976].

9

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

1    (Pritikin Decl., ¶ 5, Exh. 3.)

2        Thus, in addition to the relief requested above, in order to once again "level the playing field"

3    and prevent the Lehman Entities from gaining an unfair advantage by stonewalling discovery via

4    their invocation of LCPI's stay, the Movants also ask that this Court exercise its discretion to vacate

5    any hearing on the Lehman Entities' Plans or other contested matters, and/or preclude the Lehman

6    Entities from taking any discovery or submitting supporting evidence in connection therewith, unless

7    and until they agree to abide by their discovery obligations in connection with the Movants' Claim

8    Objection.[10]

9    **III.    ARGUMENT**

10       **A.       The Movants are Entitled to Discovery in Connection with the Claim Objection**

11        The "filing of an objection to a proof of claim …creates a dispute which is a contested

12   matter" within the meaning of Bankruptcy Rule 9014. Adv. Comm. Notes (1983) to Fed. R. Bankr.

13   P. 9014. The Claim Objection was filed on April 8, 2011, and is set to be heard before this Court on

14   June 9, 2011. A claim objection is not an adversary proceeding unless it alleges relief set forth in

15   Rule 7001. *See* Rule 3007(b). Rule 7001 lists ten categories of relief that must be sought via

16   adversary proceedings, but disallowance of claims, objections to claims, and recoupment are not

17   among them. *See* Rule 7001. Thus, motions to disallow claims, claim objections and recoupment

18   claims are not adversary proceedings. See *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186,

19   1189-90 (9th Cir. 2011) (discussing the distinction between a contested matter and an adversary

20   proceeding). Accordingly, the Claim Objection is a contested matter.

21       Discovery is necessary both to establish Movants' right to recoupment, and to the amount of

22

23

24       [10] Movants understand that the instant Motion is not one to compel discovery that is required
     to be filed as a joint stipulation pursuant to Local Bankruptcy Rule 7026-1(c), for several reasons.
     First, the Motion seeks not merely discovery, but a discretionary stay of proceedings in lieu of the
25   Lehman Entities' participation in discovery. Second, the Motion does not seek to compel any
     particular deposition or written discovery; rather, it seeks to confirm Movants' right to conduct
26   discovery in the first place. Third, to the extent that Local Rule 7026-1 is deemed applicable to the
     Motion, the Lehman Entities' refusal even to meet and confer about the dispute obviates the need to
27   conduct the fruitless step of trying to file a joint stipulation. In lieu of a joint stipulation, the
     accompanying Pritikin Declaration addresses the "noncooperation by the opposing party," as
28   provided for in Local Rule 7026-1(c)(3)(C).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

1  recoupment, both prerequisites to a ruling by the Court.  Rule 9014(c) expressly allows for discovery

2  in contested matters, and provides that certain rules, including Rule 7026 and Rules 7028-37, apply

3  to discovery in connection with contested matters.  For example, pursuant to Rule 7030,

4  incorporating Fed. R. Civ. P. 30, oral depositions may be taken without leave of court:  "A party

5  may, by oral questions, depose any person, including a party, without leave of court...."  Thus,

6  Movants may take oral depositions in connection with the Claim Objection without leave of court.

7      **B.**      **The Lehman Entities Have No Basis to Refuse to Participate in Discovery**

8          Notwithstanding Movants' explicit right to discovery, counsel for the Lehman Entities has

9  unequivocally refused to participate in discovery or to discuss depositions or document production.

10  He indicated that the Lehman Entities will not even bother to file an opposition to the Claim

11  Objection unless the Movants first obtain relief from the automatic stay:  "[T]he date and time of our

12  response to the Claim Objection will depend upon the outcome of your request for stay relief."

13  (Pritikin Decl., ¶ 5, Exh. 3 at p. 4).  The Lehman Entities' sole basis for refusing to litigate the Claim

14  Objection is their assertion that it is barred by the automatic stay.  But as set forth below and in the

15  Claim Objection itself, that is clearly not the case.

16      **1.**      **Objections to Claims Are Defensive and Do Not Violate the Stay**

17          While the parties have previously litigated as to whether LCPI's automatic stay is applicable

18  to the equitable subordination cause of action in the Lehman Adversary Action, it is well established

19  in both the Ninth Circuit and Second Circuit that a creditor's stay is *not* applicable to a claim

20  objection proceeding.  Where there are two independent bankruptcy estates in which one estate

21  asserts a claim against the other, an objection to claim does not violate the claimant's automatic stay.

22  *In re Wheatfield Business Park*, 308 B.R. 463, 466 (9th Cir. BAP 2004); *In re Merrick*, 175 B.R. 333

23  (9th Cir. BAP 1994); *In re Way*, 229 B.R. 11 (9th Cir. BAP 1998); *Olick v. Parker & Parsley*

24  *Petroleum Co.*, 145 F.3d 513, 516 (2d Cir. 1998); *In re Bousa, Inc.*, 2005 WL 1176108, *4

25  (S.D.N.Y. 2005); *Vasile v. Dean Witter Reynolds Inc.*, 20 F.Supp.2d 465, 499 (E.D.N.Y. 1998); *In re*

26  *Financial News Network*, 158 B.R. 570 (S.D.N.Y. 1993); *In re Metiom*, 301 B.R. 634, 638-639

27  (Bankr. S.D.N.Y. 2003); *see also In re PRS Ins. Group*, 331 B.R. 580, 587 (Bankr.D.Del. 2005); *In*

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

11

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

*re Meade*, 1999 WL 33496001, *1 (E.D. Pa. 1999). In their letter refusing to litigate the Claim

Objection, the Lehman Entities cited no authority disputing the fact that a claim objection is

defensive and does not violate the stay.

Indeed, the BAP Ruling cited *Wheatfield Business Park* and *Financial News Network* with

approval for the proposition that claim objections do not violate the stay of a debtor-claimant. *In re*

*Palmdale Hills Property, LLC*, 423 B.R. 655, 665-66 (9th Cir. BAP 2009). The BAP specifically

pointed out that a claim objection does not violate an automatic stay because the debtor is acting

defensively:

> If the claim is disallowed or modified in amount because the asserted claim was
> found to be unenforceable against the debtor as a matter of law, then the creditor
> effectively never had the right to payment of the claim it asserted. Importantly, if a
> debtor succeeds in a claim objection, the debtor *does not* recover property from the
> creditor. As a result, the debtor is able to challenge (or "defend" against) a claim
> without impacting a creditor's property rights.

*In re Palmdale Hills Property, LLC*, 423 B.R. at 666.

Moreover, during the June 16, 2010 hearing on the Voluntary Debtors' motion for stay

pending appeal to the District Court for the Southern District of New York of Judge Peck's ruling

denying stay relief, Judge Peck himself stated that a claim objection would not violate the automatic

stay. During an exchange with counsel for Movants, Judge Peck concluded that *In re Metiom*, 301

B.R. at 638-639, was irrelevant to the applicability of the automatic stay to the Lehman Adversary

Action because *Metiom* involved a claim objection, to which the automatic stay does not apply:

> MR. O'KEEFE: [W]e've cited a case from a court in the same district, the [*Metiom*]
> case, where an equitable subordination action was deemed not in
> violation of the stay. And that's in the same district.
>
> THE COURT:    You have mis-cited that case.... I've read that case. It's not an
> equitable subordination action at all. *It's a claim objection.*
>
> ...
>
> Judge Drain's [*Metiom*] case involved a motion to dismiss in a
> context of a claim objection in which equitable subordination was
> but one element of the objection, not an adversary proceeding
> frontally challenging Lehman's rights as a secured creditor.

(Pritikin Decl., ¶6, Exh. 4; June 16, 2010 Transcript at 55:18-25; 66:6-10) (emphasis added).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

1    The Movants have abided by the law and closely followed the guidance of the BAP and other

2    authorities in crafting the Claim Objection. The Movants seek no affirmative relief, they are simply

3    responding to proofs of claim. The relief sought is limited to disallowance (i.e., that the claims

4    against the Voluntary Debtors be held unenforceable as a matter of law) and recoupment. Neither

5    disallowance nor recoupment (as discussed below) is subject to an automatic stay, as the debtor does

6    not recover property from the creditor. *In re Palmdale Hills Property, LLC*, 423 B.R. at 666, 667.

7    Movants are "merely proceeding defensively," and thus permissively, in their claim objection. *In re*

8    *Metiom*, 301 B.R. at 638. The Lehman Entities have no basis for refusing to participate in discovery

9    in connection with the Claim Objection.

10       **2.    The Claim Objection is Limited to Recoupment and Does Not Seek Setoff**

11       It is well established in this Circuit that the automatic stay does not apply to the assertion of

12    recoupment. See *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1400 (9th Cir. 1996); *In*

13    *re TLC Hospitals, Inc.*, 224 F.3d 1008, 1014 (9th Cir. 2000); *In re Palmdale Hills Property, LLC*,

14    423 B.R. at 667 n.9 ("[Recoupment] is an equitable common law doctrine to net out debts and allow

15    the defendant to recoup payments made against the claim and is not limited to pre-petition claims. It

16    is not subject to the automatic stay."); *In re Petersen*, 2010 WL 3842157, *13 (D.Ariz. 2010)

17    ("because 'recoupment is neither a claim nor a debt, it is unaffected by either the automatic stay or

18    the debtor's discharge.'"). The Second Circuit is in accord. *In re McMahon*, 129 F.3d 93, 98 (2d

19    Cir. 1997) ("recoupment not subject to the automatic stay of 11 U.S.C. § 362").

20       In their April 25, 2011 letter, the Lehman Entities contend that New York law applies to the

21    Movants' recoupment claim; that New York law does not recognize a breach of contract as a basis

22    for recoupment; and that what Movants are *really* seeking is setoff, which they argue violates the

23    automatic stay. (Pritikin Decl., ¶ 5, Exh. 3.) Their arguments are both wrong and irrelevant.

24       First, the Claim Objection is strictly limited to recoupment, not setoff. It does not assert

25    setoff as alternative grounds in the event that Movants fail to satisfy the applicable state law

26    requirements for recoupment. Thus, even if a claim objection seeking setoff could violate the

27    automatic stay, the instant Claim Objection does not and could violate LCPI's stay, as there is no

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

1    alternative grounds for a "setoff" alleged.

2          Second, contrary to the Lehman Entities' assertion, New York law *does* recognize breach of

3    contract as a basis for recoupment.  See *In re Beeche Systems Corp.*, 164 B.R. 12 (Bankr.N.D.N.Y.

4    1994).  A party may seek recoupment for damages based upon the Debtor's breach of contract.  See

5    *Rakozy v. Reiman Constr. (In Re Clowards, Inc.)*, 42 B.R. 627, 628 (Bankr.D.Idaho 1984) (bankrupt

6    contractor's suit under construction contract subject to recoupment of damages for alleged breach of

7    the contract), cited with approval in *McMahon*, 129 F.3d at 96.  "Recoupment in bankruptcy may

8    occur only within a single contract or transaction or a single set of transactions." *McMahon*, 129

9    F.3d at 96.  Thus the doctrine would, on its face, primarily apply to breach of contract claims.  And

10   because recoupment also applies to a "transaction" or "set of transactions," it would, on its face,

11   apply even where, as here, the contract on which the claim is primarily based (i.e., the loan) is a

12   different document then the contract on which the recoupment claim is based (i.e., the agreement to

13   restructure the loan).

14         Indeed, New York law not only recognizes breach of contract as a basis for recoupment, but

15   applies a similar "same transaction" test as California.  "In recoupment ... the claim and

16   counterclaim must arise out of the same transaction or set of transactions." *In re Malinowski*, 156

17   F.3d 131, 133 (2d. Cir. 1998).  "[A] transaction may comprehend a series of many occurrences,

18   depending not so much upon the immediateness of their connection as upon their logical

19   relationship." *In re Malinowski*, 156 F.3d at 133.

20         In this case, the claims and the bases for the objections thereto clearly arise out of the "same

21   transaction."  The Lehman Claims are all purported secured claims based on Loan Agreements and

22   related guaranty agreements and/or security agreements involving the Projects as collateral.  The

23   Restructuring Agreement and the Settlement Agreement, on which the current objections are based,

24   contemplated "friendly" foreclosures whereby Lehman ALI or its designee would take title to

25   certain projects and pay the claims of the applicable creditors, and would agree not to sue on the

26   very obligations that form the basis of their Claims.  The respective Loan Agreements,

27   Restructuring Agreement and the Settlement Agreement all arise out of a common series of

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

1 transactions that bear a "logical relationship" for the purposes of recoupment. *See e.g., In re*

2 *Thompson*, 350 B.R. 842 (Bankr.E.D.Wis. 2006) (debtor's claim for recoupment of damages for

3 lender's violations of Real Estate Settlement Procedures Act, arising from lender's communications

4 with debtors and their attempts to foreclose on debtors' property, satisfied "same transaction"

5 requirement of recoupment doctrine vis-à-vis lender's bankruptcy claim premised on original

6 mortgage note).

7      Third, while a contractual choice of law provision will govern over issues of contract

8 interpretation and enforcement, it does not necessarily govern which state's recoupment law will be

9 applied. See *Sloan v. Kubitsky*, 1996 WL 571443, *4 (Conn.Super. 1996) *affirmed in part and*

10 *reversed in part on other grounds*, 48 Conn. App. 835, 712 A.2d 966 (1998) (contract governed by

11 Connecticut law, but which law governed issue of recoupment did not need to be decided as New

12 York and Connecticut law was essential the same). There is no question that recoupment is

13 appropriate under California law, as set out in the Movants' Claim Objection at pages 27 -29

14 (discussing- *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392 (9th Cir. 1996)).

15      Finally, the Lehman Entities' arguments go to (if anything) the *merits* of the recoupment

16 claim; they do not go the issue of whether the *automatic stay applies* to the Movants' Claim

17 Objection, and so have no bearing on Movants' discovery rights. Obtaining relief from the

18 automatic stay for recoupment is not required, as numerous courts recognize that the automatic stay

19 does not apply to recoupment. *In re Heffernan Memorial Hosp. Dist.*, 192 B.R. 228, 230

20 (Bkrtcy.S.D.Cal.1996), citing *University Medical Center*, 973 F.2d 1065, 1079 (3d Cir.1992); *In re*

21 *Holford*, 896 F.2d 176 (5th Cir.1990); *In re Midwest Serv. and Supply Co., Inc.*, 44 B.R. 262

22 (D.Utah 1983); *In re Yonkers Hamilton Sanitarium, Inc.*, 22 B.R. 427, 435 (Bankr.S.D.N.Y.1982).

23 Whether or not the Movants' recoupment claim has a likelihood of success is irrelevant to whether

24 or not the automatic stay applies to bar litigation of the recoupment claim. Indeed, as the BAP in *In*

25 *re Palmdale* observed, a proceeding regarding whether the stay applies is not the proper forum or

26 venue for discussion on the merits of the claims being brought: "There is a tremendous difference

27 between *adjudication* of the merits and mere *consideration* of counterclaims and defenses raised in a

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

1   motion for stay relief." _In re Palmdale Hills Property, LLC, 423 B.R. at 665 (original emphasis).

2       If the Movants are ultimately unsuccessful on the Claim Objection, the claim will be denied.

3   But the Lehman Entities do not get to preclude the Movants from litigating the merits by simply

4   characterizing the Claim Objection as one for something other than recoupment.

5   **C.    LCPI's Stay Cannot Prevent Discovery as to Lehman ALI**

6       **1.    LCPI's Stay is Irrelevant to the Claim Objection as to Non-Debtor**

7           **Lehman ALI**

8       As to Movants SJD Partners, SCC Communities and Tesoro, Lehman ALI is the holder of

9   the claims that are subject to the Claim Objection. Lehman ALI was also the original lender as to all

10  of the Trustee Debtors. There is no dispute that Lehman ALI is not a "debtor" in a proceeding under

11  Title 11, and thus is not protected by an automatic stay. As set forth above, the Movants are entitled

12  to discovery in connection with the Claim Objection, and the Rules allow for the oral depositions of

13  parties and non-parties without leave of court. Thus, Lehman ALI has no basis for refusing to

14  participate in discovery in connection with the Claim Objection. Arguments regarding the

15  applicability of LCPI's stay simply do not apply to Lehman ALI. Accordingly, at a minimum,

16  Lehman ALI should be ordered to participate in discovery in connection with the Claim Objection.

17      **2.    Discovery Can be Taken from a Debtor in Pursuit of a Claim Against a**

18          **Non-Debtor**

19      Regardless whether the Movants' Claim Objection against LCPI may go forward without

20  relief from the automatic stay, the Movants may obtain relevant discovery from LCPI in connection

21  with the Claim Objection against Lehman ALI. In re Miller, 262 B.R. 499, 505 (9th Cir. BAP 2001)

22  ("T]o the extent that Groner was eliciting Debtor's testimony for purposes other than to continue the

23  prosecution of her claims against Debtor, the proposed discovery did not violate the automatic

24  stay...."); In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation, 140 B.R. 969,

25  977 (N.D.Ill.1992) ("[debtor] has no ground to interfere with or disrupt discovery that is calculated

26  to lead to evidence admissible against [non-debtor]"); In re Hillsborough Holdings Corp., 130 B.R.

27  603, 605 (Bankr.M.D.Fla.1991) ("[T]he automatic stay would not prevent [co-defendant] from

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

16

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

conducting the proposed discovery to be used for its defense in the suit filed by [the plaintiff]."); *see generally Chugach Timber Corp. v. Northern Stevedoring & Handling Corp. (In re Chugach Forest Products, Inc.*), 23 F.3d 241, 246 (9th Cir.1994) ("[S]ection 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor.").

Here, Movants seek to conduct depositions regarding the Restructuring Agreement and/or Settlement Agreement. Those Agreements covered Projects for which both Lehman ALI and LCPI were lenders. In that regard, the witnesses and documents regarding Lehman ALI and LCPI are likely to overlap significantly. Thus, to the extent that LCPI has any of its "own" witnesses, they are likely to have information relevant to the Lehman ALI claims, and so could be deposed in any event.

**D.** **Discovery and Hearings on The Lehman Plans and Contested Matters Should Be Stayed Pending Their Cooperation with their Discovery Obligations**

This Court has the power to manage its docket and stay proceedings in the interests of justice. Such power is inherent in every court. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants""); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979); *In re Airline Pilots Assn. v. Miller*, 523 U.S. 866, 880 (1998). And bankruptcy courts are no exception to this general rule. *See, e.g., In re Barney's, Inc.*, 206 B.R. 336, 343-344 (Bankr.S.D.N.Y. 1997) ("Courts have the inherent power to regulate their dockets....That power resides in the bankruptcy court."); *In re Bellucci*, 119 B.R. 763, 770 (Bankr.E.D.Cal. 1990) ("[A] bankruptcy court has the inherent power to control its docket, including controlling the timing of proceedings on that docket. Such control is a matter of judicial discretion.").

Accordingly, the Bankruptcy Court may suspend proceedings, pursuant to its inherent powers and/or 11 U.S.C. § 105(a). For example, in *In re Duratech Industries, Inc.*, 241 B.R. 283 (E.D.N.Y. 1999), the Chapter 11 debtor was involved in pending litigation in District Court with a competitor regarding the alleged theft of proprietary information and customer lists. The Bankruptcy

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

Court entered an order suspending the bankruptcy proceedings "pending resolution of the civil

litigation before [the District] Court." *Id.* at 286.   On appeal, the District Court affirmed:

> [S]ection 105 of the Bankruptcy Code authorizes the court to *sua sponte* abstain from administering proceedings under Title 11. Specifically, section 105(a) states that "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to ... prevent an abuse of process." ...
>
> Judge Bernstein decided to abstain from administering [Debtor's] Chapter 11 case, in large part, due to the fact that [Debtor] and [Plaintiff] were currently involved in a lengthy civil litigation the outcome of which could substantially bear upon [Debtor's] ability to confirm a plan of reorganization. In particular, Judge Bernstein determined that the success or failure of [Debtor's] chapter 11 case depended upon the outcome of the civil litigation and therefore concluded that it was in the interest of both creditors and debtor for the bankruptcy court to suspend proceedings under Chapter 11. Judge Bernstein concluded that if [Debtor] succeeds in the pending litigation, it will be able to make a significant distribution to its unsecured creditors.
>
> ... [E]ven if the bankruptcy court did err by concluding that abstention pursuant to section 305 was the appropriate remedy, this Court finds that the bankruptcy court had the authority to make such a determination pursuant to section 105 of the Code. ... *Section 105 provides the basis for the broad exercise of power in the administration of a bankruptcy case.*

*Duratech Industries*, 241 B.R. 283, 287-289 (emphasis added). *See also In re Schueller*, 126 B.R.

354, 359 (D.Colo.1991) (section 105 was broad enough to permit the court "to defer consideration

of a reorganization plan"); See generally *United States v. Energy Resources Co.*, 495 U.S. 545

(1990) (noting bankruptcy court's broad equitable powers under section 105).

When deciding whether to grant a discretionary stay, some of the competing interests that the

court should weigh include: (1) "possible damage which may result from the granting of a stay,"

(2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the

orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 *(citing*

*Landis v. N. Amer. Co.*, 299 U.S. 248, 254-55 (1936)). A review of these factors in light of the facts

here confirms that a stay should be issued in this case until the Lehman Entities comply with their

discovery obligations and permit Movants to litigate their Claim Objection.

**A.**    **The "Possible Damage From A Stay" Factor**. The Lehman Entities will suffer no

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

82230.5

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1  prejudice if a stay is granted, since the power to obtain relief is in their own hands. They can simply

2  comply with their discovery obligations under the Rules and agree to participate in discovery in

3  connection with the Claim Objection.[11]

4        **B.**     **The "Hardship To The Movants" Factor**. The hardships that have been caused and

5  will continue to be caused by the Lehman Entities' ongoing offensive use of the automatic stay—

6  particularly where, as in the present circumstances, that invocation is so patently meritless—are both

7  obvious and compelling. These harms have impaired the rights of the Debtors and the creditors and

8  they are preventing the Movants from fairly competing in the coming confirmation contest.

9  Respectfully, every player in these cases who seeks relief must operate under and be subject to the

10  *same* rules, or they should not be allowed to participate at all.

11        **C.**     **The "Ordinary Course of Justice" Factor**. This factor strongly militates in favor of

12  a stay pending the Lehman Entities' continued stonewalling of discovery.  For over two years, the he

13  Lehman Entities have used the automatic stay in their case to turn the instant cases into a tactical

14  minefield.  The Voluntary Debtors have been forced to tiptoe through their own bankruptcy cases to

15  avoid the seriatim roadblocks thrown up by the Lehman Entities. These roadblocks have denied the

16  Voluntary Debtors the benefits of even the most common Chapter 11 powers, such as the use of cash

17  collateral and the right to obtain section 364 financing. Every effort to obtain relief has drawn the

18  same overt or covert threat:  "We'll get you in New York."  Now they seek to invoke the stay on a

19  whim.

20        The foregoing experience is exactly the opposite of what was contemplated by the Chapter

21  11 process. The filings were supposed to convey upon the Voluntary Debtors a "breathing spell,"

22  within which to reorganize their affairs. Instead, the Lehman Entities litigation tactics have denied

23

24  ―――――――――――

25  [11] The Voluntary Debtors previously sought a discretionary stay from this Court based on the
Lehman Entities' offensive use of the automatic stay.  [D.E. 1372]  The Court did impose a
temporary stay, but declined to condition imposing a stay on the Lehman Entities' stipulating to

26  relief from LCPI's automatic stay.  The current request is different:  the Claim Objection does not

27  implicate any party's automatic stay, and so no party has a legal *right* to refuse to participate in
discovery in connection therewith.  By imposing a stay conditioned on participation in discovery,

28  the Court would not be prejudicing any of LCPI's rights—as LCPI well knows.

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

1  the Voluntary Debtors even a momentary respite.   Now that the Lehman Entities have succeeded in

2  impeding the equitable subordination action, they are invoking the automatic stay to block the

3  alternative procedure that is being pursued precisely because it so clearly does *not* violate the stay.

4      The Lehman Entities claim to want an equitable plan contest; in truth, they seek parity in

5  appearance, but not in substance:  they get to pursue their Plans and take discovery, but the Movants

6  do not.  If this upside down universe remains extant, the Voluntary Debtors, and in fact all creditors,

7  will be denied the opportunity to participate in and benefit from a fair confirmation contest.  The

8  cases will be by, for and of Lehman, with all other creditors—creditors whose claims in large

9  measure were created by Lehman's broken promises—receiving little if anything. This is not

10 "ordinary course," and it is certainly not "justice." *See, e.g., Mother of Hubbard, Inc.*, 152 B.R. 189,

11 196 (Bankr. W.D.Mich.1996) ("[I]t is in the best interests of all parties to put both the Debtor's

12 Second Amended Plan and Abraham's proposed plan on the same confirmation track. This result

13 comports with the Code, is not prejudicial to the Debtor, and it promotes collective decision-making

14 in a creditor democracy.").

15     Simply put, unless and until the Lehman Entities are willing to comply with their discovery

16 obligations, they should not be permitted to get a "leg up" through their stall tactics.

17 **IV.    CONCLUSION**

18     For the foregoing reasons, Movants respectfully request that this Motion be granted in its

19 entirety.

20

21 DATED:  May 3, 2011                    Respectfully submitted,

22                                        **MILLER BARONDESS, LLP**

23

24                                        By: _/s/ Martin H. Pritikin_____
                                              Martin H. Pritikin
25                                         Special Litigation Counsel for the Jointly
                                           Administered Debtors-in-Possession

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

1

2

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**

3

By: /s/ Paul J. Couchot
Paul J. Couchot

4

General Insolvency Counsel for
Administratively Consolidated Debtors-in-

5

Possession

6

7

**RUS MILIBAND & SMITH**
**PROFESSIONAL CORPORATION**

8

9

By: /s/ Ronald Rus
Ronald Rus

10

Counsel for SunCal Management LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

21

MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM
OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY

82230.5

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC | CASE NUMBER 8:08-BK-17206-ES |
| Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1999 Avenue of the Stars, Suite 1000, Los Angeles CA 90067

A true and correct copy of the foregoing document(s) described **NOTICE OF MOTION AND MOTION FOR ORDER REGARDING ENTITLEMENT TO DISCOVERY IN CONNECTION WITH CLAIM OBJECTION, AND/OR IMPOSING DISCRETIONARY STAY**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 3, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **May 3, 2011** I caused the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding to be served by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 3, 2011** I caused the following person(s) and/or entity(ies) to be served by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 3, 2011 | Carole Conklin | s/ Carole Conklin |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                       **F 9013-3.1**

| In re:<br><br>PALMDALE HILLS PROPERTY, LLC<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:08-BK-17206-ES |
|---|---|

## SERVICE LISTS

### I.   Served by NEF

- Selia M Acevedo
  sacevedo@millerbarondess.com,
  mpritikin@millerbarondess.com;bprocel
  @millerbarondess.com
- Joseph M Adams   jadams@sycr.com
- Raymond H Aver   ray@averlaw.com
- James C Bastian   jbastian@shbllp.com
- Thomas Scott Belden
  sbelden@kleinlaw.com,
  ecf@kleinlaw.com
- John A Boyd   fednotice@tclaw.net
- Mark Bradshaw
  mbradshaw@shbllp.com
- Gustavo E Bravo   gbravo@smaha.com
- Jeffrey W Broker
  jbroker@brokerlaw.biz
- Brendt C Butler
  bbutler@mandersonllp.com
- Andrew W Caine
  acaine@pszyjw.com
- Carollynn Callari
  ccallari@venable.com
- Cathrine M Castaldi
  ccastaldi@rusmiliband.com
- Tara Castro Narayanan
  tara.narayanan@msrlegal.com
- Dan E Chambers
  dchambers@jmbm.com
- Shirley Cho   scho@pszjlaw.com
- Vonn Christenson
  vrc@paynefears.com
- Brendan P Collins
  bpcollins@bhfs.com
- Vincent M Coscino
  vcoscino@allenmatkins.com,
  emurdoch@allenmatkins.com
- Paul J Couchot
  pcouchot@winthropcouchot.com,
  pj@winthropcouchot.com;sconnor@win
  thropcouchot.com
- Jonathan S Dabbieri
  dabbieri@sullivan.com,
  hill@sullivanhill.com;mcallister@sulliv
  anhill.com;stein@sullivanhill.com;vidov
  ich@sullivanhill.com
- Ana Damonte
  ana.damonte@pillsburylaw.com
- Vanessa S Davila   vsd@amclaw.com
- Melissa Davis   mdavis@shbllp.com
- Daniel Denny
  ddenny@gibsondunn.com
- Caroline Djang   crd@jmbm.com
- Donald T Dunning
  ddunning@dunningLaw.com
- Joseph A Eisenberg   jae@jmbm.com
- Lei Lei Wang Ekvall
  lekvall@wgllp.com
- Richard W Esterkin
  resterkin@morganlewis.com
- Marc C Forsythe
  kmurphy@goeforlaw.com
- Alan J Friedman   afriedman@irell.com
- Steven M Garber
  steve@smgarberlaw.com
- Christian J Gascou
  cgascou@gascouhopkins.com
- Barry S Glaser   bglaser@swjlaw.com
- Robert P Goe
  kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;mforsythe@goefo
  rlaw.com
- Eric D Goldberg
  egoldberg@stutman.com
- Richard H Golubow
  rgolubow@winthropcouchot.com,
  pj@winthropcouchot.com
- Michael J Gomez
  mgomez@frandzel.com,
  efiling@frandzel.com;sking@frandzel.c
  om

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 F 9013-3.1

| In re:<br><br>PALMDALE HILLS PROPERTY, LLC<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:08-BK-17206-ES |
| --- | --- |

- Kelly C Griffith
  bkemail@harrisbeach.com
- Matthew Grimshaw
  mgrimshaw@rutan.com
- Kavita Gupta
  kgupta@winthropcouchot.com
- Asa S Hami
  ahami@morganlewis.com
- Michael J Hauser
  michael.hauser@usdoj.gov
- D Edward Hays
  ehays@marshackhays.com
- Michael C Heinrichs
  mheinrichs@omm.com
- Harry D. Hochman
  hhochman@pszjlaw.com,
  hhochman@pszjlaw.com
- Jonathan M Hoff
  jonathan.hoff@cwt.com
- Nancy Hotchkiss
  nhotchkiss@trainorfairbrook.com
- Michelle Hribar   mhribar@rutan.com
- John J Immordino
  john.immordino@wilsonelser.com,
  raquel.burgess@wilsonelser.com
- Lawrence A Jacobson
  laj@cohenandjacobson.com
- Michael J Joyce
  mjoyce@crosslaw.com
- Stephen M Judson
  sjudson@fablaw.com
- Kaleb L Judy   ecf@kleinlaw.com,
  kjudy@kleinlaw.com
- Steven J Kahn   skahn@pszyjw.com
- Sheri Kanesaka
  sheri.kanesaka@bryancave.com
- David I Katzen   katzen@ksfirm.com
- Christopher W Keegan
  ckeegan@kirkland.com,
  gdupre@kirkland.com;alevin@kirkland.
  com

- Payam Khodadadi
  pkhodadadi@winthropcouchot.com,
  pj@winthropcouchot.com
- Irene L Kiet   ikiet@hkclaw.com
- Claude F Kolm
  claude.kolm@acgov.org
- Mark J Krone   mk@amclaw.com,
  crs@amclaw.com;amc@amclaw.com
- David B Lally
  davidlallylaw@gmail.com
- Leib M Lerner   leib.lerner@alston.com
- Peter W Lianides
  plianides@winthropcouchot.com,
  pj@winthropcouchot.com
- Charles Liu
  cliu@winthropcouchot.com
- Kerri A Lyman   klyman@irell.com
- Mariam S Marshall
  mmarshall@marshallramoslaw.com
- Robert C Martinez
  rmartinez@mclex.com
- Michael D May
  mdmayesq@verizon.net
- Hutchison B Meltzer
  hmeltzer@wgllp.com
- Krikor J Meshefejian   kjm@lnbrb.com
- Joel S. Miliband
  jmiliband@rusmiliband.com
- James M Miller
  jmiller@millerbarondess.com,
  vgunderston@millerbarondess.com
- Louis R Miller
  smiller@millerbarondess.com
- Randall P Mroczynski
  randym@cookseylaw.com
- Mike D Neue
  mneue@thelobelfirm.com,
  jmattiace@thelobelfirm.com;pnelson@t
  helobelfirm.com
- Robert Nida
  Rnida@castlelawoffice.com
- Henry H Oh   henry.oh@dlapiper.com,
  janet.curley@dlapiper.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re:<br><br>PALMDALE HILLS PROPERTY, LLC<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:08-BK-17206-ES |
|---|---|

- Sean A Okeefe
  sokeefe@okeefelc.com
- Robert B Orgel    rorgel@pszjlaw.com,
  rorgel@pszjlaw.com
- Malhar S Pagay
  mpagay@pszjlaw.com,
  mpagay@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Ronald B Pierce
  ronald.pierce@sdma.com
- Katherine C Piper
  kpiper@steptoe.com
- Cassandra J Richey
  cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley
  tgarza@sierrafunds.com
- Todd C. Ringstad
  becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero
  Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer
  jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster
  bills@allieschuster.org
- Christopher P Simon
  csimon@crosslaw.com
- Wendy W Smith
  wendy@bindermalter.com
- Steven M Speier
  Sspeier@Squarmilner.com,
  ca85@ecfcbis.com
- Steven M Speier (TR)
  Sspeier@asrmanagement.com,
  ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com,
  Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem
  davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com,
  jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)
  ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh
  cgunruh@sbcglobal.net
- Annie Verdries
  verdries@lbbslaw.com
- Jason Wallach
  jwallach@gladstonemichel.com
- Joshua D Wayser    ,
  kim.johnson@kattenlaw.com
- Christopher T Williams
  ctwilliams@venable.com,
  jcontreras@venable.com
- Marc J Winthrop
  mwinthrop@winthropcouchot.com,
  pj@winthropcouchot.com
- David M Wiseblood
  dwiseblood@seyfarth.com
- Brett K Wiseman
  bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com,
  dziehl@pszjlaw.com
- Marc A. Zimmerman
  joshuasdaddy@att.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re:<br><br>PALMDALE HILLS PROPERTY, LLC<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:08-BK-17206-ES |
| --- | --- |

## II.    Served By U.S. Mail or Overnight Mail
### BY U.S. MAIL

| Lehman Commercial Paper Inc.<br>Lehman ALI, Inc.<br>Attn:  Gerald Pietroforte<br>1271 Sixth Ave., 46th Fl.<br>New York, NY 10020 | Lehman ALI, Inc.<br>OVC Holdings, LLC<br>Northlake Holdings LLC<br>Lehman Commercial Paper Inc.<br>Attn:  Jeff Fitts<br>1271 Sixth Ave., 46th Fl.<br>New York, NY 10020 |
| --- | --- |
| Weil, Gotshal & Manges LLP<br>Attn:  Shai Y. Waisman<br>767 Fifth Ave.<br>New York, NY 10153 | |

## III.    Served by Personal Delivery, Facsimile Transmission or Email
### BY ATTORNEY SERVICE DELIVERY

Judge's Copy
The Honorable Erithe A. Smith
United States Bankruptcy Court – Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                    **F 9013-3.1**