Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-5179

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

Paul J. Couchot
Peter W. Lianides
WINTHROP COUCHOT
PROFESSIONAL CORPORATION
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-41111

General Insolvency Counsel for Voluntary Debtors and Debtors
in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession.<br><br>Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☒ SunCal Summit Valley, LLC<br>☒ SunCal Emerald Meadows, LLC<br>☒ SunCal Bickford Ranch, LLC<br>☒ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC | Case No.: 8:08-bk-17206-ES<br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**STIPULATION OF MAY 2011 PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507: (1) AUTHORIZING THE** |

52063-001\DOCS_NY:24385.4

| | |
|---|---|
| ☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☒ Tesoro SF, LLC<br>☐ LB-L-SunCal Oak Valley, LLC<br>☐ SunCal Heartland, LLC<br>☐ LB-L-SunCal Northlake, LLC<br>☐ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☐ SunCal PSV, LLC<br>☐ Delta Coves Venture, LLC<br>☐ SunCal Torrance, LLC<br>☐ SunCal Oak Knoll, LLC | **USE OF ALLEGED UNENCUMBERED CASH; (2) GRANTING ADMINISTRATIVE EXPENSE CLAIMS; AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**<br><br>**Hearing Date:**<br>Date:  June 9, 2011<br>Time:  10:30 a.m.<br>Place:  Courtroom 5A |

This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman ALI"), Lehman Commercial Paper Inc. ("LCPI"), Northlake Holdings LLC ("Northlake Holdings"), OVC Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI, LCPI and Northlake Holdings, the "Lehman Entities"),[1] on the one hand, and certain of the above-captioned debtors and debtors in possession affected by this Stipulation (the "Subject Voluntary Debtors")[2] on the other hand.  The Lehman Entities and the Subject Voluntary Debtors (together, the "Parties") hereby enter into this Stipulation and agree as follows:

## RECITALS

WHEREAS, on November 6, 7, and 19, 2008, the Voluntary Debtors[3] filed their respective voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Court").  The Voluntary Debtors

---

[1] The Lehman Entities shall refer to the Lehman Entities on behalf of themselves, both individually and collectively, as purported lenders, and as purported agents for all lenders under the applicable loan documents, including, without limitation, as purported agents for Fenway Capital, LLC.  Notwithstanding anything to the contrary contained herein, the Lehman Entities do not concede that they are "purported" lenders or agents as to the loan(s) or any particular loan, and reserve all of their rights in connection therewith.

[2] The Subject Voluntary Debtors are: Palmdale Hills Property, LLC; Acton Estates, LLC; SunCal Bickford Ranch LLC; SunCal Emerald Meadows, LLC; SunCal Summit Valley, LLC; and Tesoro SF, LLC.

[3] The Voluntary Debtors in these cases consist of: Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates, LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio Land, LLC (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch, LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows, LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley, LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

52063-001\DOCS_NY:24385.4

*Pachulski Stang Ziehl & Jones LLP — Attorneys at Law — Los Angeles, California*

continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against certain other of the above-captioned debtors (collectively, with their chapter 11 trustee, the "Trustee Debtors").[4]

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

WHEREAS, on or about January 15, 2009, the Court entered orders granting the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Chapter 11 Trustee (the "Trustee") for the Trustee Debtors.

WHEREAS, the Lehman Entities are authorized to enter into this Stipulation on behalf of themselves, as lenders, and as agents for all lenders under the applicable loan documents.

WHEREAS, LCPI is a debtor and debtor in possession in the jointly administered cases captioned In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP), pending in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

WHEREAS, the Lehman Entities assert secured claims against the Debtors that approximate $2.3 billion, and include within the scope of the pledged collateral certain real and personal property owned by the Subject Voluntary Debtors.

WHEREAS, certain of the Voluntary Debtors maintain bank accounts containing cash or cash equivalents, which the Lehman Entities assert are subject to perfected liens and therefore constitute the Lehman Entities' "cash collateral" under section 363 of the Bankruptcy Code. The Subject Voluntary Debtors dispute such contention, and assert that such cash and cash equivalents

---

[4] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES; SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

3

are not subject to perfected liens of the Lehman Entities and therefore do not constitute "cash collateral" under section 363 of the Bankruptcy Code. The cash and cash equivalents held by the Subject Voluntary Debtors shall be referred to herein as the "Alleged Unencumbered Cash" and shall include, but are not limited to, the cash and cash equivalents held in the accounts maintained by the Subject Voluntary Debtors set forth in **Exhibit A** attached hereto.

WHEREAS, on April 2, 2009, Lehman ALI, certain of the Voluntary Debtors, and the Trustee for the Trustee Debtors, by and through their counsel, entered into that certain *Stipulation with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the "April 2009 DIP Stipulation") affecting certain of the Voluntary Debtors and certain of the Trustee Debtors as set forth specifically therein (the "April 2009 Borrowers"). The April 2009 DIP Stipulation was approved by the Court by the entry of an order on April 17, 2009 (the "April 2009 DIP Order").

WHEREAS, pursuant to the April 2009 DIP Stipulation, among other things, the April 2009 Borrowers were authorized to borrow from Lehman ALI, and Lehman ALI was authorized to make available to each April 2009 Borrower, individual loans (collectively, the "April 2009 DIP Loans") in an aggregate amount equal to $1,790,572.00. The Subject Voluntary Debtors have fully repaid to Lehman ALI the principal amount of April 2009 DIP Loans made to them in the amount of $270,731.00.

NOW THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is hereby stipulated and agreed by and among the Parties as follows:

**AGREEMENT**

1. Court Approval. The Stipulation is subject to approval of the Court, and LCPI's entry into the Stipulation is subject to approval by the New York Bankruptcy Court, and the Stipulation shall have no force and effect until the date that both such approvals have been obtained (the "Approval Date"). Immediately upon the Approval Date (notwithstanding any applicable law or rule

4

to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of the Lehman Entities, the Subject Voluntary Debtors, all other creditors of the Subject Voluntary Debtors, any committees appointed in these cases, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in any of the cases or upon dismissal of any of the above-captioned cases (the "Cases").

2. <u>The Subject Voluntary Debtors' Use of the Alleged Unencumbered Cash</u>. The Lehman Entities consent to the use by each Subject Voluntary Debtor of the Alleged Unencumbered Cash held by each such Subject Voluntary Debtor solely for the purpose of paying: (a) the costs and expenses attributable to each such Subject Voluntary Debtor in the total aggregate amount not to exceed $480,594.00 as set forth in the budgets attached hereto as **Exhibit B** (the "Budgets," as such Budgets may be revised or amended with the written consent of the Lehman Entities, which consent may be granted or withheld in the Lehman Entities' sole and absolute discretion), except that the Lehman Entities consent that each Subject Voluntary Debtor may expend funds for any particular line items allocable to the estate of such Subject Voluntary Debtor as set forth in the Budgets (the "Budget Items") in excess of the respective amounts provided for such Budget Items for a particular Subject Voluntary Debtor, so long as such excess amount is equal to or less than 5% of the amount allocated to that particular Subject Voluntary Debtor for a particular Budget Item and provided that the aggregate amount for all such Budget Items for a particular Subject Voluntary Debtor is not increased; and (b) the reasonable fees and expenses incurred by professionals retained in the Voluntary Debtors' cases, including the law firm of Miller Barondess, LLP (the "Miller Firm"). In addition, LCPI consents to and Palmdale Hills Property, LLC ("Palmdale Hills") is authorized to make, from Alleged Unencumbered Cash held by Palmdale Hills, individual loans: (i) to each of the other Subject Voluntary Debtors solely for the purpose of paying (x) the costs and expenses attributable to each such Subject Voluntary Debtor as set forth in the Budgets attached hereto as **Exhibit B** and (y) the reasonable fees and expenses incurred by professionals retained in the Voluntary Debtors' cases, including the Miller Firm; and (ii) by separate Court approval, to the Trustee Debtors for the purpose of paying the reasonable fees and expenses incurred by professionals retained in the Trustee Debtors' cases, including the Miller Firm; provided, however,

5

that: (iii) Palmdale Hills is permitted to make individual loans from Alleged Unencumbered Cash held by Palmdale Hills only to Subject Voluntary Debtors or Trustee Debtors that have used, and accordingly no longer hold, any Alleged Unencumbered Cash; and (iv) the use of any Alleged Unencumbered Cash for payments to the Miller Firm shall be subject to the terms and conditions set forth in any orders entered by the Court approving any application for authority to employ Miller Barondess.  The aggregate amount of any Alleged Unencumbered Cash used in accordance with this paragraph 2 shall be referred to herein as the "Alleged Unencumbered Cash Funding Amount."  The Subject Voluntary Debtors shall maintain appropriate documentation related to the expenditure of any and all of the Alleged Unencumbered Cash Funding Amount.  The Subject Voluntary Debtors shall provide to the Lehman Entities, upon their reasonable request, a breakdown of the Alleged Unencumbered Cash Funding Amount spent as of the date of the request and provide all documentation relating to such actual amounts spent.  For the avoidance of doubt:  (1) the Budget Items for each Subject Voluntary Debtor shall not be modified, the Subject Voluntary Debtors shall not expend any of the Alleged Unencumbered Cash Funding Amount for any particular Budget Items in excess of the respective amounts provided for such Budget Items in the Budgets (plus 5%), and the Alleged Unencumbered Cash held by each such Subject Voluntary Debtor shall not be used for any other purpose, or by any other Subject Voluntary Debtor for costs and expenses allocable to any such other Subject Voluntary Debtor, without (i) the prior written consent of the Lehman Entities, which consent may be granted or withheld in the Lehman Entities' sole and absolute discretion, or (ii) further order of the Court; and (2) although certain specified consents of the Lehman Entities to use of Alleged Unencumbered Cash are set forth in this paragraph, no particular uses of property of the Debtors' estates are authorized under this paragraph other than to make individual loans, as and to the extent set forth herein above.

3. <u>Termination Date</u>.  The authority provided hereunder to use the Alleged Unencumbered Cash Funding Amount shall terminate on the one hundred and twentieth day (120th) day after the Approval Date (the "Termination Date"), and no further use of the Alleged Unencumbered Cash Funding Amount shall be made after thirty (30) days following the Termination Date without either the prior written consent of the Lehman Entities, which consent

6

52063-001\DOCS_NY:24385.4

may be granted or withheld in the Lehman Entities' sole and absolute discretion, or further order of the Court, provided however, that the Termination Date shall apply only with respect to the Budgets and not with respect to the payment of professional fees.

4. <u>Repayment of the Alleged Unencumbered Cash Funding Amount as Administrative Expense Claims Under Certain Circumstances</u>. In the event the Parties agree or the Court finds that all or portion(s) of the Alleged Unencumbered Cash are subject to perfected liens of the Lehman Entities, then such portions of the Alleged Unencumbered Cash Funding Amount subject to the perfected liens shall constitute an allowed administrative expense claim under the Bankruptcy Code that shall be due and payable to the applicable Lehman Entities by a plan proponent in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the Cases. In the event the Parties agree or the Court finds that all or portion(s) of the Alleged Unencumbered Cash are not subject to perfected liens held by any of the Lehman Entities, then such portions of the Alleged Unencumbered Cash Funding Amount not subject to any perfected lien shall not be repayable in such circumstances wherein a Subject Voluntary Debtor used its own Alleged Unencumbered Cash to pay the expenses of its own estate, or that such payments were authorized to be made pursuant to the entered orders of the Court authorizing joint administration of the Debtors (the "<u>Joint Administration Orders</u>"). Notwithstanding anything to the contrary contained herein, the Lehman Entities reserve their rights to assert that the Joint Administration Orders did not excuse the Subject Voluntary Debtors from repaying the amounts of professional fees paid by other Subject Voluntary Debtors. In the event that the Parties agree or the Court finds that all or portion(s) of the Alleged Unencumbered Cash are not encumbered by a perfected lien of the Lehman Entities but such portions were used for the benefit of another Subject Voluntary Debtor, then such portion(s) shall constitute an administrative expense obligation of the Subject Voluntary Debtor for whose benefit such portion of the Alleged Unencumbered Cash was used, and shall be repaid in accordance with section 1129(a)(9) of the Bankruptcy Code to the Subject Voluntary Debtor that owned such portion of the Alleged Unencumbered Cash. The Parties reserve all rights in connection with the Alleged Unencumbered Cash, including, without limitation, their rights with respect to whether such cash is encumbered or unencumbered by perfected liens held by any of the

7

Lehman Entities. The administrative expense claims provided for in this paragraph 4 shall be referred to herein as the "Alleged Unencumbered Cash Administrative Expense Claims."

5.   Payment Of April 2009 DIP Loan Interest. Upon the occurrence of the Approval Date, each applicable Subject Voluntary Debtor shall pay to Lehman ALI, from the Alleged Unencumbered Cash held by each such Subject Voluntary Debtor, only to the extent of the lesser of the accrued and unpaid interest on the amount that such Subject Voluntary Debtor borrowed under the April 2009 DIP Order and the amount of such Subject Voluntary Debtor's Alleged Unencumbered Cash, the full amount of all outstanding accrued and unpaid interest on the April 2009 DIP Loans (the "April 2009 DIP Loan Interest") made to each such Subject Voluntary Debtor as provided for in paragraph 5 of the April 2009 DIP Stipulation. To the extent the April DIP Loan Interest allocable to a particular Subject Voluntary Debtor exceeds the amount of Alleged Unencumbered Cash held by such Subject Voluntary Debtor, Palmdale Hills shall make an individual loan to such Subject Voluntary Debtor from Alleged Unencumbered Cash held by Palmdale Hills for the purpose of permitting the payment of such Subject Voluntary Debtor's April DIP Loan Interest by such Subject Voluntary Debtor to Lehman ALI. All funds lent by Palmdale Hills from its Alleged Unencumbered Cash to any Subject Voluntary Debtor(s) for the purpose set forth in this paragraph shall constitute Alleged Unencumbered Cash Administrative Expense Claims and shall be repaid in accordance with paragraph 4 herein. Any lien or encumbrance arising by reason of the April 2009 DIP Loans shall be deemed released and of no further force or effect as to each Subject Voluntary Debtor that has fully repaid the April 2009 DIP Loan Interest allocable to it.

6.   Modification of Automatic Stay. The automatic stay imposed under section 362(a) of the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this Stipulation, including, without limitation: (a) to permit the Subject Voluntary Debtors to incur all liabilities and obligations in connection with their use of the Alleged Unencumbered Cash Funding Amount; (b) authorize the repayment of the Alleged Unencumbered Cash Administrative Expense Claims; and (c) enable the enforcement, protection and preservation of all of the Lehman Entities' rights and remedies with respect thereto or otherwise under this Stipulation.

8

7. <u>Events of Default</u>.  The following occurrences shall constitute an "<u>Event of Default</u>" under this Stipulation as to the particular defaulting Subject Voluntary Debtor:  (a) failure of the Subject Voluntary Debtor to comply with any term of this Stipulation; or (b) the use of Alleged Unencumbered Cash other than in strict compliance with the terms of this Stipulation; or (c) the failure to repay the Alleged Unencumbered Cash Administrative Expense Claims pursuant to and in accordance with the terms of this Stipulation.

8. <u>Remedies</u>.  Immediately upon the occurrence and during the continuation of an Event of Default set forth in paragraph 7 by a particular Subject Voluntary Debtor, and without further order of the Court, the applicable defaulting Subject Voluntary Debtor shall, at the direction of the Lehman Entities, cease using the Alleged Unencumbered Cash.

9. <u>Reservation of Rights</u>.  Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein.  Specifically, and without limitation, except to the extent provided herein, (a) the Parties reserve all rights in connection with the Alleged Unencumbered Cash, including without limitation whether such cash is encumbered by perfected liens held by the Lehman Entities, and all aspects of pending litigation among the Parties, including, without limitation, any matters involving equitable subordination or substantive consolidation, (b) the Parties further agree that entry into this Stipulation, and the use of Alleged Unencumbered Cash or the consent to the Alleged Unencumbered Cash Administrative Expense Claims contemplated hereunder, shall not be used in any manner in litigation amongst the Parties, whether as, for instance, a basis for or against substantive consolidation or otherwise, and in no way shall have any effect on the adversary proceeding captioned *Palmdale Hills Property, LLC, et al., v. Lehman ALI, Inc., et al.*, Adv. Pro. No. 09-1005-ES, pending in the Court, or otherwise, and (c) the rights, obligations, waivers, stipulations, agreements or defenses of the Parties among or between or to each other or any of them shall not be affected hereby.

52063-001\DOCS_NY:24385.4

10. <u>No Modification</u>.  Absent the written consent of the Lehman Entities and the Subject Voluntary Debtors or further order of the Court, the Lehman Entities and the Subject Voluntary Debtors agree that this Stipulation shall not be modified.

11. <u>Jurisdiction</u>.  The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

12. <u>Further Cooperation</u>.  The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

13. <u>Signatures</u>.  This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement.  This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

14. <u>No admission; No Evidence</u>.  Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party.  Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties.  This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

15. <u>Authority</u>.  Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

///

///

///

52063-001\DOCS_NY:24385.4

16. <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties or further order of the Court.  All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

|  |  |
|---|---|
|  | WEIL, GOTSHAL & MANGES LLP |
|  | - and - |
| Dated:  May 19, 2011 | PACHULSKI STANG ZIEHL & JONES LLP |
|  | By  */s/ Dean A. Ziehl*<br>Richard M. Pachulski<br>Dean A. Ziehl<br>Attorneys for Lehman ALI, Inc., Lehman Commercial Paper Inc., Northlake Holdings LLC and OVC Holdings LLC. |
| Dated:  May 19, 2011 | WINTHROP COUCHOT<br>PROFESSIONAL CORPORATION |
|  | By  */s/ Peter W. Lianides*<br>Paul J. Couchot<br>Peter W. Lianides<br>General Insolvency Counsel for Debtors and Debtors-in Possession |

<u>APPROVED AS TO FORM AND SUBSTANCE</u>:

|  |  |
|---|---|
| Dated:  May 19, 2011 | IRELL & MANELLA LLP |
|  | By  */s/ Alan Friedman*<br>Alan Friedman<br>Kerri A. Lyman<br>Attorneys for Official Unsecured Creditors' Committee of Voluntary Debtors |

**EXHIBIT "A"**

| Account Holder | Approx. Balance | Account No. | Depository Bank |
|---|---:|---|---|
| Acton Estates, LLC | $0 | 3090345971 | California Bank & Trust |
| Palmdale Hills Property LLC - (Bond Interest) | $1,265,144 | 3090346941 | California Bank & Trust |
| Palmdale Hills Property LLC (CD) | $343,000 | 3090003143 | California Bank & Trust |
| SunCal Bickford Ranch LLC | $602,678 | 3090345891 | California Bank & Trust |
| SunCal Emerald Meadows LLC | $2,060 | 3090345701 | California Bank & Trust |
| SunCal Summit Valley, LLC | $12,331 | 3090341121 | California Bank & Trust |
| Tesoro SF, LLC | $71 | 3090343761 | California Bank & Trust |



52063-001\DOCS_NY:24385.4

**Lehman Approved 120-Day Voluntary Budget**

### 120-Day Voluntary Budget (4/16/11 through 8/15/11)

| Asset Name | Life Safety | Utilities | Erosion Control & Maint. | Entitlements/ Preservation of Value | G&A | Taxes | Total |
|---|---|---|---|---|---|---|---|
| Acton | - | - | 2,000 | - | - | - | 2,000 |
| Beaumont Heights | - | - | - | - | - | - | - |
| Bickford Ranch | - | 96,000 | 130,000 | - | 43,636 | - | 269,636 |
| Burnam | - | - | 3,000 | - | 120 | - | 3,120 |
| Del Rio | - | - | - | - | - | - | - |
| Emerald Meadows | 2,400 | - | 38,672 | - | 20,000 | - | 61,072 |
| Johansen Ranch | - | - | - | - | - | - | - |
| Joshua Ridge II | - | - | - | - | - | - | - |
| Ritter Ranch | 8,000 | 4,000 | 81,850 | - | 43,636 | - | 137,486 |
| Summit Valley | - | - | 7,000 | - | 280 | - | 7,280 |
| **Total** | **$10,400** | **$100,000** | **$262,522** | **$0** | **$107,672** | **$0** | **$480,594** |


# EXHIBIT B

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, Debtor(s). | CASE NUMBER 08-17206-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **STIPULATION OF MAY 2011 PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507: (1) AUTHORIZING THE USE OF ALLEGED UNENCUMBERED CASH; (2) GRANTING ADMINISTRATIVE EXPENSE CLAIMS; AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 19, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On May 19, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Overnight Delivery]
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 19, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

(1) Gen'l Counsel for Voluntary Debtors:
  Paul Couchot - pcouchot@winthropcouchot.com
  Marc J Winthrop - pj@winthropcouchot.com
  Paul Lianides - plianides@winthropcouchot.com
(2) Debtors (Palmdale Hills Property, LLC and related entities):
  bcook@suncal.com
(3) Counsel for SunCal Management:
  Ronald Rus – rrus@rusmiliband.com
(4) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
  Louis Miller - smiller@millerbarondess.com
  Martin Pritikin - mpritikin@millerbarondess.com
(5) Gen'l Counsel for Ch. 11 Trustee (Speier):
  William Lobel - wlobel@thelobelfirm.com
  Mike Neue – mneue@thelobelfirm.com
(6) Ch. 11 Trustee (c/o Squar Milner):
  Steven N. Speier - sspeier@squarmilner.com; ca85@ecfcbis.com
(7) Office of the United States Trustee:
  Michael Hauser - michael.hauser@usdoj.gov

(8) Counsel for Voluntary Debtors' Committee:
  Alan Friedman - afriedman@irell.com
  Kerri A Lyman - klyman@irell.com
(9) Counsel for Trustee Debtors' Committee:
  Lei Lei Wang Ekvall - lekvall@wgllp.com
  Hutchison B Meltzer - hmeltzer@wgllp.com

Edward Soto - Edward.soto@weil.com; odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Alfredo R. Perez – alfredo.perez@weil.com
Chauncey Cole – chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Joseph A Eisenberg - jae@jmbm.com
Mark McKane - mark.mckane@kirkland.com
Atty for Bond Safeguard & Lexon - mea@amclaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 19, 2011 | Melisa DesJardien | /s/ Melisa DesJardien |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: | CHAPTER 11 |
|---|---|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,  Debtor(s). | CASE NUMBER 08-17206-ES |

## I. SERVED BY NEF

**8:08-bk-17206-ES Notice will be electronically mailed to:**

(1) Selia M Acevedo for Atty Miller Barondess LLP
sacevedo@millerbarondess.com, mpritikin@millerbarondess.com

(2) Joseph M Adams for Def The City of San Juan Capistrano
jadams@sycr.com

(3) Raymond H Aver for Debtor Palmdale Hills Property, LLC
ray@averlaw.com

(4) James C Bastian for Cred ARB, Inc.
jbastian@shbllp.com

(5) Thomas Scott Belden for Def Zim Industries, Inc. dba Bakersfield Well & Pump
sbelden@kleinlaw.com, ecf@kleinlaw.com

(6) John A Boyd for Int Pty Oliphant Golf Inc
fednotice@tclaw.net

(7) Mark Bradshaw for Int Pty Courtesy NEF
mbradshaw@shbllp.com

(8) Gustavo E Bravo for Cred Oliphant Golf, Inc.
gbravo@smaha.com

(9) Jeffrey W Broker for Cred Bond Safeguard Ins Co
jbroker@brokerlaw.biz

(10) Brendt C Butler for Cred EMR Residential Properties LLC
BButler@mandersonllp.com

(11) Andrew W Caine for Cred Lehman ALI, Inc.
acaine@pszyjw.com

(12) Carollynn Callari for Cred Danske Bank A/S London Branch
ccallari@venable.com

(13) Cathrine M Castaldi for Cred SunCal Management, LLC
ccastaldi@rusmiliband.com

(14) Tara Castro Narayanan for Int Pty Courtesy NEF
tara.narayanan@msrlegal.com, lisa.king@msrlegal.com

(15) Dan E Chambers for Cred EMR Residential Properties LLC
dchambers@jmbm.com

(16) Shirley Cho for Cred Lehman ALI, Inc.
scho@pszjlaw.com

(17) Vonn Christenson for Int Pty Courtesy NEF
vrc@paynefears.com

(18) Brendan P Collins for Cred Gray1 CPB, LLC
bpcollins@bhfs.com

(19) Vincent M Coscino for Petitioning Cred CST Environmental Inc
vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

(20) Paul J Couchot for Cred SCC Acquisitions, Inc.
pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com

(21) Jonathan S Dabbieri for Int Pty Courtesy NEF
dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com; stein@sullivanhill.com;vidovich@sullivanhill.com

(22) Ana Damonte for Cred Top Grade Construction, Inc.
ana.damonte@pillsburylaw.com

(23) Vanessa S Davila for Cred Bond Safeguard Ins Co
vsd@amclaw.com

(24) Melissa Davis for Cred City of Orange
mdavis@shbllp.com

(25) Daniel Denny for Int Pty Courtesy NEF
ddenny@gibsondunn.com

(26) Caroline Djang for Cred Lehman ALI, Inc.
crd@jmbm.com

(27) Donald T Dunning for Cred Hertz Equipment Rental Corp
ddunning@dunningLaw.com

(28) Joseph A Eisenberg for Cred Lehman ALI, Inc.
jae@jmbm.com

(29) Lei Lei Wang Ekvall for Atty Weiland Golden Smiley Wang Ekvall & Strok, LLP
lekvall@wgllp.com

(30) Richard W Esterkin for Debtor Palmdale Hills Property, LLC
resterkin@morganlewis.com

(31) Marc C Forsythe for Atty Robert Goe
kmurphy@goeforlaw.com

(32) Alan J Friedman for Atty Irell & Manella LLP
afriedman@irell.com

(33) Steven M Garber for Cred Park West Landscape, Inc
steve@smgarberlaw.com

(34) Christian J Gascou for 3rd Party Pltf Arch Ins Co
cgascou@gascouhopkins.com

(35) Barry S Glaser for Cred County of Los Angeles
bglaser@swjlaw.com

(36) Robert P Goe for Atty Robert Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

(37) Eric D Goldberg for Int Pty Courtesy NEF
egoldberg@stutman.com

(38) Richard H Golubow for Debtor Palmdale Hills Property, LLC
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

(39) Michael J Gomez for Int Pty Central Pacific Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

(40) Kelly C Griffith for Cred Bond Safeguard Ins Co
bkemail@harrisbeach.com

(41) Matthew Grimshaw for Int Pty City Of Torrance
mgrimshaw@rutan.com

(42) Kavita Gupta for Debtor Palmdale Hills Property, LLC
kgupta@winthropcouchot.com

(43) Asa S Hami for Debtor Palmdale Hills Property, LLC
ahami@morganlewis.com

(44) Michael J Hauser for U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

(45) D Edward Hays for Cred Villa San Clemente, LLC
ehays@marshackhays.com

(46) Michael C Heinrichs for Int Pty Courtesy NEF
mheinrichs@omm.com

(47) Harry D. Hochman for Cred Lehman ALI, Inc.
hhochman@pszjlaw.com, hhochman@pszjlaw.com

(48) Jonathan M Hoff for 3rd Party Pltf Jt Prov Liquidators of Lehman RE Ltd
jonathan.hoff@cwt.com

(49) Nancy Hotchkiss for Cred Murray Smith & Associates Engineering
nhotchkiss@trainorfairbrook.com

(50) Michelle Hribar for Pltf EMR Residential Properties LLC
mhribar@rutan.com

(51) John J Immordino for Cred Arch Ins Co.
john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com

(52) Lawrence A Jacobson for Cred BKF Engineers
laj@cohenandjacobson.com

(53) Michael J Joyce for Int Pty Courtesy NEF
mjoyce@crosslaw.com

(54) Stephen M Judson for Petitioning Cred The Professional Tree Care Co
sjudson@fablaw.com

(55) Kaleb L Judy for Def Zim Industries, Inc. dba Bakersfield Well & Pump
ecf@kleinlaw.com, kjudy@kleinlaw.com

(56) Sheri Kanesaka for Cred California Bank & Trust
sheri.kanesaka@bryancave.com

(57) David I Katzen for Int Pty Bethel Island Muni Imp District
katzen@ksfirm.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                                                **F 9013-3.1.PROOF.SERVICE**

| In re: PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS, Debtor(s). | CHAPTER 11 CASE NUMBER 08-17206-ES |
|---|---|

(58) Christopher W Keegan for Cred SC Master Holdings II LLC
ckeegan@kirkland.com,
gdupre@kirkland.com;alevin@kirkland.com

(59) Payam Khodadadi for Debtor Palmdale Hills Property, LLC
pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

(60) Irene L Kiet for Cred BNB Engineering, Inc.
ikiet@hkclaw.com

(61) Claude F Kolm for Cred County of Alameda Tax Collector
claude.kolm@acgov.org

(62) Mark J Krone for Cred Bond Safeguard Ins Co
mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

(63) David B Lally for Def Contracting Engineers, Inc.
davidlallylaw@gmail.com

(64) Leib M Lerner for Cred Steiny and Co, Inc.
leib.lerner@alston.com

(65) Peter W Lianides for Debtor Palmdale Hills Property, LLC
plianides@winthropcouchot.com, pj@winthropcouchot.com

(66) Charles Liu for Debtor Palmdale Hills Property, LLC
cliu@winthropcouchot.com

(67) Kerri A Lyman for Atty Irell & Manella LLP
klyman@irell.com

(68) Mariam S Marshall for Cred RGA Environmental, Inc.
mmarshall@marshallramoslaw.com

(69) Robert C Martinez for Cred TC Construction Co, Inc
rmartinez@mclex.com

(70) Michael D May for Cred R.J. Noble Co.
mdmayesq@verizon.net

(71) Hutchison B Meltzer for Cred Com Holding Unsecured Claims
hmeltzer@wgllp.com

(72) Krikor J Meshefejian for Int Pty Courtesy NEF
kjm@lnbrb.com

(73) Joel S. Miliband for Cred RBF CONSULTING
jmiliband@rusmiliband.com

(74) James M Miller for Atty Miller Barondess LLP
jmiller@millerbarondess.com, vgunderson@millerbarondess.com

(75) Louis R Miller for Pltf Palmdale Hills Property, LLC
smiller@millerbarondess.com

(76) Randall P Mroczynski for Def Bob McGrann Construction, Inc.
randym@cookseylaw.com

(77) Mike D Neue for Atty The Lobel Firm, LLP
mneue@thelobelfirm.com,
jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

(78) Robert Nida for Cred Kirk Negrete, Inc
Rnida@castlelawoffice.com

(79) Henry H Oh for 3rd Party Pltf Jt Prov Liquidators of Lehman RE Ltd
henry.oh@dlapiper.com, janet.curley@dlapiper.com

(80) Sean A Okeefe for Debtor Palmdale Hills Property, LLC
sokeefe@okeefelc.com

(81) Robert B Orgel for Cred Lehman ALI, Inc.
rorgel@pszjlaw.com, rorgel@pszjlaw.com

(82) Malhar S Pagay for Cred Lehman ALI, Inc.
mpagay@pszjlaw.com, mpagay@pszjlaw.com

(83) Penelope Parmes for Cred EMR Residential Properties LLC
pparmes@rutan.com

(84) Ronald B Pierce for Cred Griffith Co
ronald.pierce@sdma.com

(85) Katherine C Piper for Int Pty New Anaverde LLC
kpiper@steptoe.com

(86) Cassandra J Richey for Cred Patricia I Volkerts, as Trustee, et al
cmartin@pprlaw.net

(87) James S Riley for Cred Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

(88) Debra Riley for Int Pty City of Palmdale
driley@allenmatkins.com

(89) Todd C. Ringstad for Int Pty Courtesy NEF
becky@ringstadlaw.com

(90) R Grace Rodriguez for Def O&B Equipment, Inc.
ecf@lorgr.com

(91) Martha E Romero for Cred California Taxing Authorities
Romero@mromerolawfirm.com

(92) Ronald Rus for Cred SunCal Management, LLC
rrus@rusmiliband.com

(93) John P Schafer for Cred LB/L-DUC III Bethel Island, LLC
jschafer@mandersonllp.com

(94) John E Schreiber for Def Fenway Capital, LLC
jschreiber@dl.com

(95) William D Schuster for Cred HD Supply Construction Supply LTD
bills@allieschuster.org

(96) Christopher P Simon for Int Pty Courtesy NEF
csimon@crosslaw.com

(97) Wendy W Smith for Cred Castaic Union School District
wendy@bindermalter.com

(98) Steven M Speier (TR)
Sspeier@asrmanagement.com, ca85@ecfcbis.com

(99) Steven M Speier for Trustee Steven Speier (TR)
Sspeier@Squarmilner.com, ca85@ecfcbis.com

(100) Michael St James for Cred MBH Architects, Inc.
ecf@stjames-law.com

(101) Michael K Sugar for Off Committee of Unsecured Creds
msugar@irell.com

(102) Cathy Ta for Def Hi-Grade Material Co.
cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com

(103) David A Tilem for Def Southland Pipe Corp
davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;
dianachau@tilemlaw.com;kmishigian@tilemlaw.com

(104) James E Till for Trustee Steven Speier (TR)
jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;
pnelson@thelobelfirm.com

(105) United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

(106) Carol G Unruh for Cred Scott E. McDaniel
cgunruh@sbcglobal.net

(107) Annie Verdries for Cred WEC Corp
verdries@lbbslaw.com

(108) Jason Wallach for Def Professional Pipeline Contractors, Inc.
jwallach@gladstonemichel.com

(109) Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
kim.johnson@kattenlaw.com

(110) Christopher T Williams for Cred Danske Bank A/S London Branch
ctwilliams@venable.com, jcontreras@venable.com

(111) Marc J Winthrop for Debtor Palmdale Hills Property, LLC
mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

(112) David M Wiseblood for Cred Bethel Island Muni Imp District
dwiseblood@seyfarth.com

(113) Brett K Wiseman for Cred JF Shea Construction Inc
bwiseman@aalaws.com

(114) Dean A Ziehl for Counter-Def LV Pacific Point LLC
dziehl@pszjlaw.com, dziehl@pszjlaw.com

(115) Marc A. Zimmerman for Creditor Life Church of God in Christ
joshuasdaddy@att.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                        F 9013-3.1.PROOF.SERVICE