William N. Lobel (State Bar No. 93202)
wlobel@thelobelfirm.com
Mike D. Neue (State Bar No. 179303)
mneue@thelobelfirm.com
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, CA 92660
Telephone:  (949) 999-2860
Facsimile:  (949) 999-2870
www.thelobelfirm.com

General Counsel to the Chapter 11 Trustee, Steven M. Speier

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS,<br><br>Jointly Administered Debtors and Debtors-in-Possession<br><br>Affects:<br>☒ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities LLC<br>☐ North Orange Del Rio Land, LLC<br><br>*Caption Continued on Next Page* | Case No. 8:08-bk-17206-ES<br>Jointly Administered With Case Nos. 8:08-bk-17209-ES;  8:08-bk-17240-ES; 8:08-bk-17224-ES;  8:08-bk-17242-ES; 8:08-bk-17225-ES;  8:08-bk-17245-ES; 8:08-bk-17227-ES;  8:08-bk-17246-ES; 8:08-bk-17230-ES;  8:08-bk-17231-ES; 8:08-bk-17236-ES;  8:08-bk-17248-ES; 8:08-bk-17249-ES;  8:08-bk-17573-ES; 8:08-bk-17574-ES;  8:08-bk-17575-ES; 8:08-bk-17404-ES;  8:08-bk-17407-ES; 8:08-bk-17408-ES;  8:08-bk-17409-ES; 8:08-bk-17458-ES;  8:08-bk-17465-ES; 8:08-bk-17470-ES;  8:08-bk-17472-ES; and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**OPPOSITION OF CHAPTER 11 TRUSTEE, STEVEN M. SPEIER, TO SUNCAL'S MOTIONS FOR ORDERS DISALLOWING CLAIMS HELD BY LEHMAN ALI INC. AND LEHMAN COMMERCIAL PAPER INC.**<br><br>Date:     June 9, 2011<br>Time:    10:30 a.m.<br>Place:    Courtroom 5A |

*Caption Continued from Previous Page*

- ☐ Tesoro SF, LLC
- ☐ LBL-SunCal Oak Valley, LLC
- ☐ SunCal Heartland, LLC
- ☐ LBL-SunCal Northlake, LLC
- ☐ SunCal Marblehead, LLC
- ☐ SunCal Century City, LLC
- ☐ SunCal PSV, LLC
- ☐ Delta Coves Venture, LLC
- ☐ SunCal Torrance, LLC
- ☐ SunCal Oak Knoll, LLC

OPPOSITION OF CHAPTER 11 TRUSTEE, STEVEN M. SPEIER, TO SUNCAL'S
MOTIONS FOR ORDERS DISALLOWING CLAIMS HELD
BY LEHMAN ALI INC. AND LEHMAN COMMERCIAL PAPER INC.

Steven M. Speier, the chapter 11 trustee in certain of the above-captioned cases[1] (the "Trustee") hereby opposes the *Amended Motion for Order Disallowing Certain Claims Held by Lehman ALI Inc. and Lehman Commercial Paper Inc.* (the "Claim Objection Motion") and the *Motion for Order Disallowing Claims of Lehman ALI Inc. and Lehman Commercial Paper Inc. Pursuant to 11 U.S.C. § 502(d)* (the "502(d) Motion") filed by SunCal Management LLC and SCC Acquisitions Inc. (together, "SunCal").

## THE TRUSTEE HAS THE EXCLUSIVE STANDING TO ASSERT OBJECTIONS UNDER SECTION 502(d) ON BEHALF OF THE TRUSTEE DEBTOR ESTATES

SunCal contends that any party-in-interest has standing to assert claim objections in the Trustee Debtors' estates under section 502(a) of the Bankruptcy Code. *See* Claim Objection Motion, p. 35; 502(d) Motion, p. 23. SunCal may be correct in its position with respect to objections to claims brought under section 502(a) of the Bankruptcy Code. However, SunCal has not cited any legal authority for the proposition that a party-in-interest or creditor has standing to object to claims by utilizing section 502(d) of the Bankruptcy Code.

It is well settled that a trustee has the *exclusive* standing to prosecute avoidance actions on behalf of the estate. *See Hansen v. Finn (In re Curry and Sorensen, Inc.)*, 57 B.R. 824, 827 (9th Cir. BAP 1986). Courts have specifically held that individual creditors lack the authority to institute avoidance actions except through a trustee or debtor-in-possession. *Id.* Only in circumstances in which a trustee or debtor-in-possession has unjustifiably failed to pursue avoidance actions, and has failed to protect the rights of the estate, can a court authorize an individual creditor to pursue such actions. *Id.* at 828. A party wishing to assert an avoidance claim on behalf of the estate when the trustee or debtor-in-possession has failed to act must request court authorization prior to commencement of an action, or face dismissal for lack of standing. *Id.*

---

[1] The "Trustee Debtors" are: (i) LB-L-SunCal Oak Valley, LLC, Case No. 8:08-17404-ES; (ii) SunCal Heartland, LLC, Case No. 8:08-17407-ES; (iii) LB-L-SunCal Northlake, LLC, Case No. 8:08-17408-ES; (iv) SunCal Marblehead, LLC, Case No. 8:08-17409-ES; (v) SunCal Century City, LLC, Case No. 8:08-17458-ES; (vi) SunCal PSV, LLC, Case No. 8:08-17465-ES; (vii) Delta Coves Venture, LLC, Case No. 8:08-17470-ES; (viii) SunCal Torrance, LLC, Case No. 8:08-17472-ES; and (ix) SunCal Oak Knoll, LLC, Case No. 8:08-17588-ES.

-1-

In discussing the nature of a claim objection under section 502(d) (on the basis that the claimant has not repaid an avoidable transfer or preference), courts have held that individual creditors lack standing to assert avoidance actions as a ground to object to the validity, extent, or priority of a claim. *See United Jersey Bank v. Morgan Guaranty Trust (In re Prime Moto Inns, Inc.)*, 135 B.R. 917, 921 (Bankr. S.D. Fla. 1991) (citing *Davidson Lumber Co. v. Davidson Timber Co. (In re Davidson Lumber Co.)*, 19 B.R. 871, 872 (Bankr. S.D. Fla. 1982)). The rationale applied by courts is that individual creditors are not permitted to usurp the trustee's exclusive standing to pursue avoidance actions by asserting such avoidance actions defensively pursuant to section 502(d). *Id.*; *see also In re Odom Antennas, Inc.*, 340 F. 3d 705, 709 (8th Cir. 2003) (individual creditor not permitted to utilize section 502(d) objection to object to lien that would otherwise be avoidable by trustee).

The Trustee has not authorized SunCal to pursue avoidance claims of any kind on behalf of the estates, nor has the Trustee authorized SunCal to assert avoidance claims as a basis for objecting to Lehman's claims. SunCal has not alleged, and has not provided evidentiary support to prove, that the Trustee has unjustifiably failed to pursue avoidance actions or has failed to protect the rights of the estates with respect to potential claims. Thus, SunCal has no present right to assert avoidance claims against the Lehman entities, whether directly, or defensively as part of a section 502(d) claim objection.

It is the Trustee's position that he is acting in the best interests of creditors and the estates by pursuing a settlement with the Lehman entities on behalf of the estates' creditors. The proposed settlement will be voted on by creditors and put into operation through the confirmation and implementation of the Trustee-Lehman plan. The Trustee has taken efforts to ensure that any potential avoidance claims against the Lehman entities remain viable in the event that the Trustee-Lehman plan is not confirmed, by obtaining an agreement of the Lehman entities to extend the applicable limitations period for commencing such actions.

Accordingly, SunCal should either withdraw the section 502(d) claim objections, or the Court should overrule such objections without prejudice.

-2-

# **THE TRUSTEE HAS THE EXCLUSIVE STANDING TO ASSERT AFFIRMATIVE BREACH OF CONTRACT CLAIMS AGAINST THE LEHMAN ENTITIES**

Not only does the Trustee have the exclusive standing to assert avoidance claims on behalf of the estate, but the Trustee likewise has the exclusive standing to assert affirmative contract claims which are property of the estate. *See Estate of Spiritos v. One San Bernardino County Superior Court Case* Numbered *SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006) ("[T]he bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate.").

In limited circumstances, not applicable here, derivative standing to pursue estate claims may be conferred through an agreement of the parties. In *Spaulding Composites*, the Ninth Circuit Bankruptcy Appellate Panel concluded that a creditors' committee could pursue claims on behalf of a debtor where: (1) the committee had the consent of the debtor in possession; and (2) the court found that the suit was (a) in the best interest of the bankruptcy estate, and (b) "necessary and beneficial" to the estate. *In re Spaulding Composites Co.*, 207 B.R. 899, 904 (9th Cir. BAP 1997); *see also In re Parmetex Inc.*, 199 F.3d 1029 (9th Cir. 1999) (upholding standing of two individual creditors to bring suit where the trustee had entered into a stipulation allowing such creditors to pursue an avoidance action on its behalf, and the bankruptcy court had approved such stipulation).

In this instance, SunCal fails to meet the requirements of the *Spaulding Composites* test because the Trustee has never authorized SunCal to commence any action on behalf of the Trustee, the estate, or anyone else. The Trustee's decisions with respect to how to administer the claims are entitled to deference. *See In re El San Juan Hotel Corp.*, 841 F.2d 6, 9 (1st Cir. 1988) ("We have been shown no authority allowing a court, over the trustee's objection, to reassign the power to sue on behalf of the estate, at least in the absence of an abuse of discretion by the trustee"). SunCal has not established that the Trustee has unreasonably refused to pursue claims against the Lehman entities, nor has SunCal demonstrated that its pursuit of breach of contract claims at this time (whether through the defensive mechanism of setoff or otherwise) is in the best interests of or "necessary and beneficial" to the bankruptcy estate. *See Spaulding Composites*, 207 B.R. at 904.

As stated above, the Trustee has negotiated, with the involvement of the Official Committee of Unsecured Creditors, a settlement of claims on behalf of all unsecured creditors of the estates. This settlement is embodied in the Trustee-Lehman plan. Through the plan process, creditors will be given an opportunity to vote for or against the Trustee-Lehman plan, and the proposed resolution of claims against the Lehman entities contained therein. In the event that the Trustee-Lehman plan is not confirmed, or a competing plan is confirmed, the claims against the Lehman entities will be available and can be asserted on behalf of the estates at that time. There is no necessity to litigate affirmative claims against the Lehman entities until it is known whether creditors will accept the settlement embodied in the Trustee-Lehman plan.

## **CONCLUSION**

Based on the foregoing, the Trustee requests that the Court deny the Motions to the extent that SunCal seeks to object to claims on behalf of the estates by utilizing section 502(d) of the Bankruptcy Code, and to the extent that SunCal is attempting to assert the estates' breach of contract claims against the Lehman entities.

Dated: May 26, 2011                     THE LOBEL FIRM, LLP


                                         By: ____/s/_ Mike D. Neue_____
                                             William N. Lobel
                                             Mike D. Neue
                                             General Counsel to the Chapter 11 Trustee,
                                             Steven M. Speier

-4-

OPPOSITION OF CHAPTER 11 TRUSTEE, STEVEN M. SPEIER, TO SUNCAL'S
MOTIONS FOR ORDERS DISALLOWING CLAIMS HELD
BY LEHMAN ALI INC. AND LEHMAN COMMERCIAL PAPER INC.

| In re: PALMDALE HILLS PROPERTY, LLC, and its Related Debtors, | CHAPTER 11 |
|---|---|
| Jointly Administered Debtor(s). | CASE NUMBER: 8:08-bk-17206-ES |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 840 Newport Center Drive, Suite 750, Newport Beach, CA 92660

The foregoing document described as **OPPOSITION OF CHAPTER 11 TRUSTEE, STEVEN M. SPEIER, TO SUNCAL'S MOTIONS FOR ORDERS DISALLOWING CLAIMS HELD BY LEHMAN ALI INC. AND LEHMAN COMMERCIAL PAPER INC.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 26, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On May 26, 2011, I caused to be served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**SERVED VIA U.S. MAIL**
Honorable Erithe A. Smith
U.S. Bankruptcy Court
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I caused to be served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/26/11 | Pamela Nelson | /s/ Pamela Nelson |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (8106)                                                                                                                     F 9013-3.1

7963

**ELECTRONIC MAIL NOTICE LIST**

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Jonathan S Dabbieri    dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning    ddunning@dunningLaw.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com

- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkclaw.com
- Claude F Kolm    claude.kolm@acgov.org
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com, vgunderson@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com

8105

- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Christopher T Williams    ctwilliams@venable.com, jcontreras@venable.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net

8105