1  Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)

2  PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100

3  Los Angeles, California  90067
Telephone:  (310) 277-6910

4  Facsimile:  (310) 201-0760

5  Edward Soto (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP

6  1395 Brickell Avenue, Suite 1200
Miami, Florida  33131

7  Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159

8  Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC, and OVC Holdings LLC

9  

**UNITED STATES BANKRUPTCY COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

11  In re:

Palmdale Hills Property, LLC, and Its Related Debtors,

12          Jointly Administered Debtors and
          Debtors-In-Possession.

13  _____

Affects:

14  ☐ All Debtors
☒ Palmdale Hills Property, LLC

15  ☐ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale, LLC

16  ☐ SunCal Johannson Ranch, LLC
☒ SunCal Summit Valley, LLC

17  ☒ SunCal Emerald Meadows, LLC
☒ SunCal Bickford Ranch, LLC

18  ☒ Acton Estates, LLC
☐ Seven Brothers, LLC

19  ☒ SJD Partners, Ltd.
☐ SJD Development Corp.

20  ☒ Kirby Estates, LLC
☐ SunCal Communities I, LLC

21  ☐ SunCal Communities III, LLC
☒ SCC Communities, LLC

22  ☐ North Orange Del Rio Land, LLC
☒ Tesoro SF, LLC

23  ☒ LB-L-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC

24  ☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC

25  ☐ SunCal Century City, LLC
☒ SunCal PSV, LLC

26  ☐ Delta Coves Venture, LLC
☐ SunCal Torrance, LLC

27  ☐ SunCal Oak Knoll, LLC

28  

Case No.: 8:08-bk-17206-ES

Jointly Administered With Case Nos.

8:08-bk-17209-ES; 8:08-bk-17240-ES;
8:08-bk-17224-ES; 8:08-bk-17242-ES;
8:08-bk-17225-ES; 8:08-bk-17245-ES;
8:08-bk-17227-ES; 8:08-bk-17246-ES;
8:08-bk-17230-ES; 8:08-bk-17231-ES;
8:08-bk-17236-ES; 8:08-bk-17248-ES;
8:08-bk-17249-ES; 8:08-bk-17573-ES;
8:08-bk-17574-ES; 8:08-bk-17575-ES;
8:08-bk-17404-ES; 8:08-bk-17407-ES;
8:08-bk-17408-ES; 8:08-bk-17409-ES;
8:08-bk-17458-ES; 8:08-bk-17465-ES;
8:08-bk-17470-ES; 8:08-bk-17472-ES;
and 8:08-bk-17588-ES

Chapter 11

**OPPOSITION TO SUNCAL PARTIES'
MOTION FOR ORDER: (1)
CLARIFYING PRIOR RULINGS AND
RECORD; (2) CLARIFYING
JURISDICTION OVER CLAIMS
OBJECTIONS; AND (3) ENFORCING
THE SUNCAL DEBTORS'
AUTOMATIC STAY**

<u>Hearing:</u>

Date:  June 13, 2011

Time:  10:30 a.m.

Place:  Courtroom 5A

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# TABLE OF CONTENTS

**Page No.**

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. DISCUSSION .......................................................................................................................... 4

    A.   The Clarification Motion is Based on a Series of Mischaracterizations of the Relief
Requested by the Lehman Debtors in the Motion to Enforce the Lehman Stay ................... 4

    B.   The SunCal Parties' Improper Request for Injunctive Relief By Motion Should be
Denied ...................................................................................................................................... 12

III. CONCLUSION ...................................................................................................................... 12

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*In re Palmdale Hills Property, LLC*,
  423 B.R. 655 (B.A.P. 9th Cir. 2009) ................................................................. passim

**Statutes**

11 U.S.C. § 362 ......................................................................................................... 10

11 U.S.C. § 362(a) ...................................................................................................... 5

11 U.S.C. § 502(d) ............................................................................................... passim

11 U.S.C. § 506 ......................................................................................................... 13

**Rules**

Fed. Bankr. Rule 7001 ............................................................................................... 12

Fed. R. Bankr. P. 12(b)(6) .......................................................................................... 10

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

Lehman Commercial Paper Inc. ("LCPI"), Lehman ALI, Inc. ("Lehman ALI"), Northlake Holdings, LLC ("Northlake"), and OVC Holdings, LLC ("OVC" and together with LCPI, Lehman ALI, and Northlake, the "Lehman Entities") hereby oppose (the "Opposition") the *SunCal Parties' Motion for Order: 1.  Clarifying the Prior Record in This Case That is Being Mischaracterized in Another Bankruptcy Court; 2.  Confirming and Protecting This Court's Exclusive Jurisdiction Over Claims Objections Filed in This Court; 3.  Enforcing the SunCal Debtors' Automatic Stay* (the "Clarification Motion") [Docket No. 2182] filed on June 3, 2011 by the debtors in the voluntary cases (the "Voluntary Debtors") and SunCal Management, LLC ("SunCal Management" and, collectively with the Voluntary Debtors, the "SunCal Parties").  In support of this Opposition, the Lehman Entities represent as follows:

## I. PRELIMINARY STATEMENT

The Clarification Motion equates to an effort by the SunCal Parties to once more seek to have this Court decide, or at minimum have this court issue an advisory opinion concerning, the scope and applicability of the automatic stay (the "Lehman Stay") arising  in the chapter 11 cases of LCPI and Lehman Brothers Holdings Inc. (the "Lehman Debtors"), pending in the United States Bankruptcy Court for the Southern District of New York (the "Lehman Bankruptcy Court").  No other valid explanation was or can be provided to support their request. Prior similar efforts of the SunCal Parties have been rejected by the Bankruptcy Appellate Panel ("BAP") and by this Court. The fate of the Clarification Motion should be no different.

**Contrary to the SunCal Parties' contentions, the Lehman Entities are not seeking by the Motion to Enforce the Lehman Stay (defined below) to stop the SunCal Parties from seeking recoupment or any other purely defensive claim objection, or to determine the merits of the 502(d) Objection and Recoupment Objection (each defined below).  Rather, the Motion to Enforce the Lehman Stay was brought because the Lehman Entities believe that the 502(d)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   **Objection and Recoupment Objection,** *as pled,* **each seek a remedy that is a *prima facie***

2   **violation of the Lehman Stay – namely, remedies that seek to determine affirmative claims**

3   **against LCPI, including the Recoupment Objection's express request, as pled, for the remedy**

4   **of re-ordering claim priorities in a manner equivalent to subordination in direct contravention**

5   **of the decision by the BAP in *In re Palmdale Hills Property, LLC*, 423 B.R. 655, 668 (B.A.P. 9th**

6   **Cir. 2009) and this Court's order dismissing the equitable subordination claims against LCPI**

7   **in the adversary proceeding.**

8        **As the BAP indicated, the SunCal Parties are not "hamstrung."  Rather, the SunCal**

9   **Parties have the following choice:  (1) seek only recoupment or any other defensive objection to**

10  **the Lehman Entities' claims and unequivocally drop any request for the entitlement to recoup**

11  **or offset against the secured portion of the Lehman Entities' claims; or (2) seek relief from the**

12  **Lehman Stay in the Lehman Bankruptcy Court to pursue the remedies as pled in the pleadings**

13  **on file with this Court.**

14       On May 10, 2011, the SunCal Parties sought a remedy equivalent to equitable subordination

15  through the filing of their *Amended Motion for Order Disallowing Certain Claims Held By Lehman*

16  *ALI Inc. and Lehman Commercial Paper Inc.* [Docket No. 2082] (the "Recoupment Objection").  In

17  the Clarification Motion, the SunCal Parties flatly deny this:

18          The distribution of proceeds provisions that the Lehman Entities

19          contend equate to subordination appear in the SunCal Parties' plan of
        reorganization (the "SunCal Plan").  None appear in the Recoupment
        Objection.

20  Clarification Motion at 16.  This is simply untrue.  The very introduction to the Recoupment

21  Objection states explicitly:

22

23          The Lehman Parties' actions have caused the Relevant SunCal Debtors
        to suffer tens of millions, if not in excess of one hundred million

24          dollars in damages, which will need to be quantified through
        discovery.  **The secured portion of the Lehman Claims should be**

25          **reduced by this sum and the resulting equity should be available**
        **for unsecured creditors of the respective estates.**

26  Recoupment Objection at 1 (emphasis added).

27       The SunCal Parties reiterate their improper request in the pleadings' argument (Recoupment

28  Objection at 24: 22-23) and in the Recoupment Objection's concluding prayer:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

> The foregoing breaches caused the Relevant SunCa1 Debtors to suffer millions of dollars in damages, which will need to be quantified through discovery. **These damages can and should be recouped from the secured portion of the Lehman Claims**, and the Lehman Entities should be denied the right to seek any relief on the basis of Lehman Claims until the Relevant SunCal Debtors are made whole.

Recoupment Objection at 36 (emphasis added).

After filing the Recoupment Objection, the SunCal Parties issued nearly a dozen deposition subpoenas, but withdrew them after the Lehman Entities contended that the Recoupment Objection, as pled with the remedy sought equivalent to equitable subordination, violates the Lehman Debtors' automatic stay. Rather than seeking stay relief from the Lehman Bankruptcy Court, however, the SunCal Parties then filed a motion (the "Discovery Motion") in this Court, the ruling on which is the subject of the Clarification Motion, seeking an order that they are entitled to conduct discovery relating to the Recoupment Objection, or alternatively to impose another stay on confirmation proceedings on the Lehman Plans (defined below). This Court declined once already to issue the advisory opinion or comfort order the SunCal Parties sought on discovery, ruling expressly that they could propound discovery at their own risk, based on their contention that the Lehman Debtors' automatic stay is not violated, and that this Court is "not immunizing them."

The Lehman Debtors subsequently moved on regular notice in the Lehman Debtors' chapter 11 cases to enforce their automatic stay (the "Lehman Stay" and the "Motion to Enforce the Lehman Stay"). This regularly noticed motion is scheduled to be heard by the Lehman Bankruptcy Court on June 15, 2011.

The SunCal Parties then filed the Clarification Motion on shortened time to be heard prior to the hearing in the Lehman Bankruptcy Court on the Lehman Debtors' Motion to Enforce the Lehman Stay. The SunCal Parties claim that the relief sought in the Clarification Motion is necessary to prevent the Lehman Bankruptcy Court from exceeding its jurisdiction and granting unwarranted relief:

> Unless this Court intervenes . . . the following immediate and irreparable harm will accrue to the SunCal Debtors and their respective estates:
>
> > 1. The Lehman Entities will successfully mischaracterize the record in this case, and the rulings made by the Court in this

case, and use this mischaracterization to obtain unjustified relief in the New York Bankruptcy Court; and

2. The Lehman Entities will be allowed to effectively transfer a matter within the exclusive jurisdiction of this Court - the resolution of the Claim Objections – to another Court that lacks jurisdiction.

Clarification Motion at 6.

The Lehman Entities properly have sought relief in the Lehman Bankruptcy Court through the Motion to Enforce the Lehman Stay as to the scope and effect of the Lehman Stay. The arguments set forth in the Clarification Motion properly belong in the SunCal Parties' response to the Motion to Enforce the Lehman Stay. The Clarification Motion should be denied.

## II. DISCUSSION

**A.    The Clarification Motion is Based on a Series of Mischaracterizations of the Relief Requested by the Lehman Debtors in the Motion to Enforce the Lehman Stay**

There is no basis for the relief requested in the Clarification Motion, which is based upon a series of mischaracterizations, or worse. Most fundamentally, the Motion to Enforce the Lehman Stay does not "ask[] the New York Bankruptcy Court to rule *on the merits* of the Claim Objections." Clarification Motion at 12 (emphasis in original). It asks the Lehman Bankruptcy Court to determine whether relief from the Lehman Stay is required to prosecute against LCPI what the SunCal Parties call "Claim Objections" but which the Lehman Debtors contend are, as currently pled, affirmative claims for relief. One is the so-called "Recoupment Objection," which the SunCal Parties contend asserts a defense based on a right to recoupment, but which LCPI contends is, as pled, an affirmative claim both because the SunCal Parties seek through the Recoupment Objection a re-ordering of claim priorities essentially equivalent to subordination and because they allege breach of contract claims that are in the nature of setoff rather than recoupment. The other is the "502(d) Objection," which SunCal calls a simple claim objection but which LCPI contends violates the Lehman Stay by seeking an actual determination of the avoidance claims on which a section 502(d) objection is based. The SunCal Parties' distortion of the relief requested by the Motion to Enforce Stay is belied by the relief request itself, which reads in its entirety:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

42.    By this Motion, the Debtors respectfully request the entry of an order, pursuant to section 362(a) of the Bankruptcy Code, enforcing the automatic stay and compelling the SunCal Movants to comply with this Court's prior rulings, including by requiring the SunCal Movants to seek relief from this Court prior to attempting any continued prosecution of the 502(d) Motion and the Claim Objection with respect to LCPI and LBHI, to the extent applicable.

Motion to Enforce the Lehman Stay at 19, ¶42.  The central premise of the SunCal Parties' request – that the Lehman Debtors are asking the Lehman Bankruptcy Court to decide the merits of claim objections in these cases and invade this Court's core jurisdiction – is a complete fabrication.

A second manufactured justification for the "Clarification Motion" is that the Lehman Debtors must be stopped from mischaracterizing proceedings in this Court to the Lehman Bankruptcy Court.  One supposed example is that the Motion to Enforce the Lehman Stay "represents to the New York Bankruptcy Court that this Court has already ruled that the Section 502(d) Objection filed by the SunCal Parties is a violation of LCPI's automatic stay, when in fact, on May 13, 2011 this Court explicitly advised LCPI that discovery could proceed, because the stay did not apply to this Claim Objection."  Clarification Motion at 12.  But that is incorrect.  What the Motion to Enforce the Lehman Stay states, correctly, is that the 502(d) Objection is substantially the same as the Eighth Claim for Relief in the Equitable Subordination Action, and this Court dismissed that claim against LCPI as violating the Lehman Stay.  That is an undeniable fact, expressly stated in this Court's order:

Under *In re Palmdale Hills Property, LLC*, the claims for relief brought against Defendant Lehman Commercial Paper Inc. ("LCPI") – namely, claims 1, 5, 7, 8, and 9 – are affirmative relief and, therefore violate LCPI's automatic stay. Consequently, the first, fifth, seventh, eighth, and ninth claims for relief are dismissed without prejudice to the extent that they are brought against LCPI. Plaintiffs must seek relief from LCPI's automatic stay in the United States Bankruptcy Court for the Southern District of New York in order to bring any claims against LCPI in this adversary proceeding.

*Order re Lehman Entities' Amended Motion to Dismiss the Third Amended Complaint* entered on April 12, 2010 [Adv. Pro. 09-1005; Docket No. 244] (the "April 12, 2010 Order").

The SunCal Parties argue that this is nonetheless a mischaracterization because, essentially, on May 13, 2011 the Court reversed its prior ruling contained in the April 12, 2010 Order by permitting SunCal to propound discovery on *both* claims objections, based on a supposed ruling that the Lehman Debtors' stay is inapplicable.  This is also untrue.  The Discovery Motion sought an entitlement to discovery solely with respect to the Recoupment Objection.  Thus, this Court's ruling

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   on May 13th neither pertains to the 502(d) Objection nor constitutes a reversal of the April 12, 2010

2   Order.  The Court could not possibly have been clearer that it was not ruling upon whether the

3   Lehman Stay was applicable to the *Recoupment Objection*.  Whether the Lehman Debtors' stay

4   applied was not before the Court, and thus the SunCal Parties could propound discovery based on

5   their belief that what they pled as a "claim objection" is a claim objection in substance, the Lehman

6   Entities could object to such discovery on the grounds that the Recoupment Objection is not a true

7   claim objection, and the Court was not going to immunize the SunCal Parties from the consequences

8   of their decision.  Indeed, the Court *rejected* the SunCal Parties' proposed order containing a finding

9   that the automatic stay was inapplicable to the Recoupment Objection.  In its May 23 order, the

10  Court ruled:

11           Grant limited relief as follows: **to the extent** movants have filed an objection to claim
             asserting recoupment, such objection is not violative of LCPI's automatic stay and is a
12           contested matter within the meaning of FRBP 9014, entitling movants to the discovery
             process provided therefor. **This ruling is without prejudice to any defenses available to**
13           **LCPI.**  All other relief requested in motion is denied.

14  (emphasis added).  The transcript of the hearing corroborates this unequivocally.  The Court stated:

15           "[S]ince I'm not ruling on the merits of the actual motion, the underlying motion to
             disallow the claim, what I'm saying pretty perfunctory that **to the extent** there is claim
16           objection that is a claim objection and **to the extent** it seeks recoupment as that term is
             defined by law, it would appear that there's no stay in effect.
17
             Having said that, **it doesn't preclude the possibility that at some point if an**
18           **argument is made that this is not really a recoupment, it's labeled a recoupment but it's**
             **not really a recoupment, it's something else because here's what's really being sought, I**
19           **could not prevent that argument from happening.**  And so, ultimately, however, you
             know, I rule on this motion, the – **the SunCal Group or Debtors will have to make the**
20           **decision as to whether they go forward without seeking relief or not** because if you truly
             believe that this is just a claims objection seeking recoupment, that you're on firm grounds
21           with that, there's no stay in effect, so be it.  But I don't think that this order – an order on this
             motion can protect you if there's ultimately a finding that it's something more than a claim
22           objection, that it's offensive as opposed to defensive, that it's not a true recoupment.

23                   . . . **[Y]ou're kind of on your own here to the extent that you're willing to**
             **proceed with your view that it is what you represent it to be**.
24
25  May 13, 2011 Hearing Transcript at 47:8-48:8 (emphasis added).  Moreover, when intervening

26  comments of other counsel at the May 13, 2011 hearing seemed to leave open the possibility that

27  others misunderstood this Court's clear comments, the Lehman Entities sought and obtained

28  clarification:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

> MR. PACHULSKI: . . . [I]f it's determined at a later date that what they actually were doing was not an objection to claim for recoupment, that that in no way estops us from taking the position that any acts they took after the filing of the objection to claim is a violation of the stay because your Honor cannot give them a comfort order that what they did was right"

> THE COURT: I am not immunizing them from that.

*Id.* at 53:20-54:4.

The Court's order was clear. So were this Court's remarks at the May 13th hearing. Although the Court did not prohibit the SunCal Parties from propounding discovery based on the SunCal Parties' belief that what they pled as "Claim Objections" are claim objections in substance, the Court expressly noted that the Lehman Entities could contend that what the SunCal Parties label as recoupment is "something else," that LCPI's defenses thereto were reserved, and that the SunCal Parties were "on [their] own" and not immunized in deciding to "go forward without seeking stay relief."

This Court spoke in terms of the SunCal Parties "seeking relief" as to whether the stay applied. As to which Court it should seek relief from, the BAP already has ruled in these cases that the Lehman Bankruptcy Court is the primary arbiter with respect to the Lehman Stay:

> [W]hile the California bankruptcy court may have concurrent jurisdiction to determine the scope or applicability of the automatic stay, the New York bankruptcy court must have final say as to whether the automatic stay applies to the bankruptcy case before it.

*In re Palmdale Hills Property, LLC*, 423 B.R. 655, 668 (B.A.P. 9th Cir. 2009) (emphasis added).

Moreover, the SunCal Parties acknowledged the Lehman Bankruptcy Court's primacy with respect to the Lehman Stay in a letter from Sean O'Keefe to Richard Pachulski dated April 8, 2011 (the "April 8th Letter"). *See* April 8th Letter, a true and correct copy of which is attached hereto as **Exhibit A**. The April 8th Letter provides that:

> If for any reason, LCPI contends that the Group I and Group II Plans violate its automatic stay, please advise this office immediately, and we will promptly seek relief before Judge Peck and Judge Smith, concurrently. Specifically, we will file a motion before Judge Peck seeking clarification regarding these stays [sic] allegations, and seek relief from any alleged stay. We will also seek a discretionary stay in front of Judge Smith, barring further confirmation efforts pending a resolution of these issues, thereby insuring a full and fair confirmation contest between the parties.

The April 8th Letter plainly shows that the SunCal Parties know that any determination regarding whether any of the SunCal Parties' actions violate the Lehman Debtors' stay is within the Lehman Bankruptcy Court's exclusive jurisdiction, and that they would "seek relief from any *alleged* stay." April 8th Letter at 3 (emphasis added). Notwithstanding this acknowledgement with respect to their plans, and in reaction to the Motion to Enforce the Lehman Stay filed in the Lehman Bankruptcy Court, the SunCal Parties filed their Clarification Motion in this Court. The SunCal Parties provide no explanation with respect to why a determination regarding whether their plans violate the Lehman Debtors' stay is any different from a determination regarding whether the relief sought by the "claim objections," as pled, violate the Lehman Stay, other than a statement in their opposition to the Motion to Enforce the Lehman Stay that the research confirmed that "claim objections" do not violate the automatic stay. *See Declaration of Peter W. Lianides*, Exhibit 1 at 9 (SunCal Opposition to Motion to Enforce the Lehman Stay) [Docket No. 2204]. They apparently had no issue seeking relief from the Lehman Bankruptcy Court if the Lehman Entities even "alleged" a stay violation with respect to their plan terms but, despite the history of these cases, prior rulings, and the BAP's decision, rejected that path with respect to the so-called claim objections, which as pled effectively are offensive in nature. Instead of seeking relief from the Lehman Bankruptcy Court, the SunCal Parties have manufactured a motion to "clarify" rulings made by this Court that are clear and which have been cited accurately in the Motion to Enforce the Lehman Stay. This Court properly ruled that it was not immunizing the SunCal Parties from any actions they take if the Lehman Debtors allege that such actions constitute stay violations. As quoted above, the BAP already has ruled in these cases that the Lehman Bankruptcy Court "must have the final say as to whether the automatic stay applies to the bankruptcy case before it." *In re Palmdale Hills Property, LLC*, 423 B.R. at 668. In compliance with the BAP's ruling, the Lehman Debtors are properly bringing their Motion to Enforce the Lehman Stay before the Lehman Bankruptcy Court.

The next example of supposed misrepresentations by the Lehman Debtors to the Lehman Bankruptcy Court is yet another mischaracterization *by the SunCal Parties*: that the Motion to Enforce the Lehman Stay "represents to the New York Bankruptcy Court that this Court is actively considering a motion – the Recoupment Objection – *that seeks the subordination of LCPI's claims*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

when, in fact, no such prayer appears in the Recoupment Objection and no such motion has been filed with this Court." Clarification Motion at 6 (emphasis in original). This twists the Motion to Enforce the Lehman Stay. The Lehman Debtors do not contend that the Court is determining a motion with an express prayer for subordination. The Lehman Debtors contend that the "Recoupment Objection" violates the Lehman Stay in part because it is a *sub rosa* attempt to subordinate LCPI's liens.[1] **This is precisely what this Court expressly indicated would be permissible:**

> [I]t doesn't preclude the possibility that at some point if an argument is made that this is not really a recoupment, it's labeled a recoupment but it's not really a recoupment, it's something else because here's what's really being sought, I could not prevent that argument from happening.

May 13, 2011 Hearing Transcript at 47:8-48:8 (emphasis added). This is not a fine distinction; the SunCal Parties distort the Motion to Enforce the Lehman Stay to insinuate that the Lehman Debtors are making misrepresentations to the Lehman Bankruptcy Court to obtain improper rulings from that court outside its jurisdiction. This Court's own words show that such insinuation is utterly baseless.

Premised upon their mischaracterizations of the relief sought by the Motion to Enforce the Lehman Stay and their apparent fear of unfavorable rulings by the Lehman Bankruptcy Court, the SunCal Parties contend that, absent this Court enjoining the Lehman Debtors from proceeding with the Lehman Stay Motion, the Lehman Entities' claims against the Debtors would be immunized from objection. This is wrong for the following four reasons:

1.      First, the stay applicable in these cases and the authority of this Court to protect its jurisdiction do not extend to SunCal Management. Thus, even if the SunCal Parties were correct that the automatic stay in these cases or the Court's jurisdiction permits this Court to enjoin certain actions of the Lehman Entities against the Voluntary Debtors, no such bases exist for this Court either (i) to protect a non-debtor, SunCal Management, from actions taken or to be taken by the Lehman Debtors or (ii) to determine whether any actions taken by SunCal Management against the Lehman Debtors constitute Lehman Stay violations.

---

[1] "Although the SunCal Movants call the relief they seek 'recoupment,' in essence, they seek to subordinate LCPI's claims to those of other creditors, something they know they cannot do without prior stay relief from this Court." Motion to Enforce Lehman Stay at 15, ¶34.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2.    Second, as to the 502(d) Objection, although the originally filed motion seeks

permanent disallowance based on a current determination of all elements of the affirmative claims

against the Lehman Entities, the SunCal Parties' reply with respect to the 502(d) Objection contends

that the relief sought actually is the "temporary disallowance" of the Lehman Entities' claims:

"Section 502(d) contemplates only temporary disallowance pending the formal resolution of the

Lehman Adversary Action."[2]  Moreover, the SunCal Parties explain that they already have achieved

the relief they seek:

> [T]emporary disallowance under Section 502(d) does not require a
> formal or final determination of avoidance liability, it merely requires
> a preliminary judicial determination of the sufficiency of the
> pleadings, which this Court has already made in its order denying the
> Lehman Entities' Rule 12(b)(6) motion to dismiss.

*Id.* at 3.  Thus, the stay of this proceeding should be of no consequence to the SunCal Parties and

discovery concerning its claims can be confined to only the scope necessary for the plan process.[3]

3.    Third, the SunCal Parties' contention that their right to assert an allegedly purely

defensive claim objection is "property of the estate" protected under 11 U.S.C. § 362 appears

unsupported.

4.    Fourth, and regardless, **whether the ability to simply object to the Lehman
Entities' claims is protected by the automatic stay, the Lehman Entities (and their Motion to
Enforce the Lehman Stay) have been clear that they are not seeking to preclude true claim
objections.**

[2] *Omnibus Reply To The Responses Of Lehman Entities And The Trustee To Moving Voluntary Debtors' And SunCal Management LLC's Motion For Order Disallowing Claims Of Lehman ALI, Inc. And Lehman Commercial Paper, Inc. Pursuant To 11 U.S.C. § 502(d)* [Docket #2172], filed June 2, 2011, at 3.

[3] The SunCal Parties appear to contend that this temporary disallowance stops the Lehman Plans (defined below) dead in their tracks:

> [T]he Lehman Claims must be at least temporarily disallowed in order to
> preserve the underlying dispute. . . Here, the Lehman Entities' Plan
> authorizes Lehman to de facto foreclose on the Debtors' respective projects.
> Section 502(d) will be effectively mooted if these claim objections are
> deferred until after plan confirmation.

*Id.* at 13.  Thus, the SunCal Parties apparently believe that even after the confirmation of the Lehman Plans and the approval of the settlements embodied therein, the disputes identified in the 502(d) Objection would be preserved.  The Lehman Entities disagree.  Before the scheduled October 24, 2011 confirmation hearing, the Lehman Entities will be asking the Court to temporarily allow its claims for voting purposes.  The Lehman Entities also contend that even a disputed claim can be settled and that nothing about temporary disallowance would prohibit the settlements contemplated by the Lehman Plans.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    In this context, the SunCal Parties do not even try to argue that they presently could pursue

2    equitable subordination or its equivalent without stay relief.  Rather, to justify their attempt to

3    proceed with stayed litigation without seeking stay relief, they draw a distinction without a

4    difference by contending that the Recoupment Objection does not seek to turn a claim objection into

5    the equivalent of subordination and that any attempted re-ordering of claim priorities only will occur

6    through their plans.  *See* Clarification Motion at 16.  But, as set forth in detail above, this contention

7    is belied by the plain language of the Recoupment Objection, which is replete with requests that a

8    remedy be afforded to the SunCal Parties that lets unsecured creditors get paid first from the

9    collateral on which the Lehman Entities have a senior lien.  Moreover, with the Debtors' assets

10   worth less than $600 million and the SunCal Parties appearing to allege approximately $100 million

11   in damages against the Lehman Entities, if the only issue at stake in the Recoupment Objection were

12   whether the Lehman Entities' aggregate claims totaled $2.4 billion or $2.5 billion, it is unlikely that

13   the SunCal Parties would have wasted their time filing the objection and the Lehman Entities would

14   have wasted theirs in responding.  The Recoupment Objection itself is clear.  The reason for the

15   SunCal Parties' pursuit of the Recoupment Objection is not to achieve a simple claim reduction; it is

16   to re-order creditor priorities by moving any remaining secured claim of the Lehman Entities behind

17   the unsecured claims of other creditors – which is the very kind of affirmative relief against the

18   Lehman Entities that the BAP already has ruled can only be sought after the SunCal Parties obtain

19   stay relief from the Lehman Bankruptcy Court:

20           Debtors' subordination action seeks affirmative control over property
             of Lehman Commercial's bankruptcy estate proposing to alter the
21           priority of Lehman Commercial's claim and the transfer of Lehman
             Commercial's lien rights to the Debtors' estate.  Thus, equitable
22           subordination seeks affirmative relief: the modification of a claimant's
             valid claim and property interest….Accordingly, we find the
23           adjudication of Debtors' equitable subordination claim violates
             Lehman Commercial's automatic stay.
24
     *In re Palmdale Hills Property, LLC*, 423 B.R. at 667.

25           When truth is separated from fiction, nothing remains of the Clarification Motion.  The

26   Lehman Debtors: (a) do not seek an order enjoining the SunCal Parties from objecting to claims, if

27   indeed they are claim objections; (b) are not seeking an order "preventing the SunCal Debtors from

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    defending their properties against the liens and claims asserted by the Lehman Entities" in violation

2    of the automatic stay, but are only seeking a determination whether the automatic stay temporarily

3    protects the Lehman Debtors from the SunCal Parties' litigiousness; (c) are not seeking an order

4    effectively allowing the Lehman Entities' claims; and (d) are not attempting to "transfer a matter

5    within the exclusive jurisdiction of this Court – the resolution of the Claim Objections – to another

6    Court that lacks jurisdiction." Clarification Motion at 6.

7

8    **B.    The SunCal Parties' Improper Request for Injunctive Relief By Motion Should be
       Denied**

9

10    The Clarification Motion seeks more than just a "clarification" of this Court's rulings. The

11    SunCal Parties include in the Clarification Motion a laundry list of actions that they request this

12    Court to "bar" the Lehman Debtors from taking. Included among this list is a request to enjoin the

13    Lehman Debtors from seeking relief as to the automatic stay arising in *their own cases* under the

14    guise of enforcing the SunCal Debtors' automatic stay. Motion at 2. Leaving aside the fact that the

15    SunCal Debtors cannot be permitted to use *their stay* to prevent the Lehman Debtors from seeking

16    relief from the Lehman Bankruptcy Court with respect to *their own* stay, or obtain an injunction with

17    no showing of irreparable harm whatsoever, as a threshold matter the SunCal Debtors must

18    commence an adversary proceeding to seek any type of injunctive relief. *See* Fed. Bankr. Rule 7001.

19    Thus, the Lehman Entities respectfully request that such relief be denied outright.

20

21                                  **III. CONCLUSION**

22    Although each matter brought before this Court must stand or fall on its own merit, there is a

23    significant link between the Clarification Motion and the various pending litigations commenced by

24    the SunCal Parties against the Lehman Entities (the "Non-Confirmation Litigation") that goes

25    beyond the 502(d) Objection and Recoupment Objection. This Non-Confirmation Litigation

26    represents efforts of the SunCal Parties or their affiliates to presently litigate to conclusion the very

27    claims that are to be fully resolved in the settlement that was negotiated by the Lehman Entities and

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  the Trustee, which is incorporated in their pending plan and in a similar plan proposed by the

2  Lehman Entities for the Debtors in the voluntary cases (collectively, the "Lehman Plans").

3       Continued litigation of claims that are the subject of a pending settlement may moot the

4  settlement.  Beyond that, as the incurrence of costs increase prior to consideration of the Lehman

5  Plans from the continued prosecution of the Non-Confirmation Litigation and collateral stay

6  litigation, the higher expense also may endanger any pending settlement and, moreover, may reduce

7  the prospects of the Lehman Entities closing any remaining financial gaps that may exist between

8  the Lehman Entities and other creditor constituencies.[4]

9       As to the 502(d) Objection, the SunCal Parties themselves contend that they already have

10  achieved their desired relief of temporary disallowance.  Thus, the applicability of the Lehman Stay

11  to that proceeding should not be an issue for them.

12       As to the Recoupment Objection, there is no dispute that this Court retains control over

13  determining the allowed amount and status of the Lehman Entities' claims as secured, unsecured,

14  priority or non-priority.  And, if, despite the permanent disallowance sought by the original

15  Recoupment Objection's terms, the SunCal Parties unequivocally agree to drop the remedies of re-

16  ordering creditor priorities akin to equitable subordination and strike that language from the

17  objection, then there would be no issue implicating the Lehman Stay.  If, instead, the SunCal Parties

18  intend to proceed as pled and seek any remedy that would have the effect of re-ordering creditor

19  priorities (including reducing and preserving for unsecured creditors the "secured" portion of the

20  Lehman Entities' claim that only is bifurcated under 11 U.S.C. § 506), then the Lehman Entities

21  believe it is clear that the SunCal Parties need to seek relief from stay in the Lehman Bankruptcy

22  Court to pursue such a remedy.

23

24  [4]  Set for hearing in August 2011 is a pending *Motion of the Lehman Entities for Stay of SunCal Non-Confirmation
      Litigation* [Docket no. 2108] (the "Motion for Stay Pending Confirmation").  Although discovery related to
25  confirmation would proceed separately regardless and although consideration of the voting rights of the Lehman
      Entities' claims in connection with the plans of the SunCal Parties still would be separately addressed, granting the
26  Motion for Stay Pending Confirmation and issuance of the requested stay of the Non-Confirmation Litigation would
      have multiple benefits:  (a) it would obviate the need for any further stay litigation related to the Non-Confirmation
27  Litigation (such as the matter at bar), (b) it would help preserve for creditors the opportunity to vote on the proposed
      settlements through the Lehman Plans, (c) it would make further settlements more likely, (d) it would permit these
28  cases to proceed more expeditiously towards confirmation, and (e) if the Lehman Plans are confirmed, it would
      permanently end all of the Non-Confirmation Litigation.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    In the Clarification Motion presently before this Court, the SunCal Parties rely on invented

2    and distorted facts and the unfounded legal proposition – already rejected by the BAP in these cases

3    – that this Court should determine (indeed has already determined) whether the Lehman Stay

4    applies, and the equally specious proposition that the Lehman Debtors' Motion to Enforce the

5    Lehman Stay before the Lehman Bankruptcy Court is an exercise of control over "property" of the

6    SunCal Parties that violates the SunCal automatic stay.  The Clarification Motion also improperly

7    requests an injunction by motion, instead of adversary complaint, and, in so doing, frivolously seeks

8    to enjoin a debtor from having its home court determine the scope of its own stay. The Clarification

9    Motion has no good faith basis in fact or in law.  Wherefore, the Lehman Entities respectfully

10    request that the Clarification Motion be denied.

11

12    Dated:    June 10, 2011                    PACHULSKI STANG ZIEHL & JONES LLP

13

14                                        */s/ Dean A. Ziehl*
                                          Richard M. Pachulski (CA Bar No. 90073)
15                                        Dean A. Ziehl (CA Bar No. 84529)
                                          10100 Santa Monica Blvd., Suite 1100
16                                        Los Angeles, CA 90067-4100
                                          Telephone:  (310) 277-6910
17                                        Facsimile:  (310) 201-0760

18                                        -and-

19                                        WEIL, GOTSHAL & MANGES LLP
                                          Edward Soto (admitted *pro hac vice*)
20                                        1395 Brickell Avenue
                                          Miami, FL  33131
21                                        Telephone:  (305) 577-3100
                                          Facsimile:  (305) 374-7159

22                                        Counsel for Lehman Commercial Paper Inc.,
                                          Lehman ALI, Inc., Northlake Holdings, LLC and
23                                        OVC Holdings, LLC

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

## ("April 8th Letter")

# WinthropCouchot
## Professional Corporation

660 NEWPORT CENTER DRIVE, FOURTH FLOOR
NEWPORT BEACH, CALIFORNIA 92660
TEL: (949) 720-4100
FAX: (949) 720-4111
WWW.WINTHROPCOUCHOT.COM

PAUL J. COUCHOT    GARRICK A. HOLLANDER    *SEAN A. O'KEEFE
RICHARD H. GOLUBOW    PAYAM KHODADADI    ROBERT E. OPERA
KAVITA GUPTA    PETER W. LIANIDES    MARC J. WINTHROP

*OF COUNSEL

DATED: April 8, 2011

**Via Email**
Mr. Richard Pachulski
Pachulski, Stang, Ziehl & Jones
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100

Dear Mr. Pachulski:

Yesterday, the SunCal Plan Proponents (as defined in the Plans) filed four separate Plans of Reorganization (the "Plans") in the Chapter 11 cases of Voluntary Debtors and the Trustee Debtors. Each Plan refers to a specific "group" of debtors, and each Plan was only filed in the cases of these particular debtors. The four separate groups of debtors (Groups I, II, III and IV) are referenced on the caption page of each Plan. The Plans were prepared and filed in the foregoing manner to insure that no provision therein could not be interpreted, under any perspective or scenario, as being violative of the automatic stay of Lehman Commercial Paper, Inc. ("LCPI").

The debtors who fall within the Group I and II Plans are those entities whose properties are subject to the liens alleged by LCPI. The following express limitation appears in bold capital letters on the first page of both the Group I and II Plans and Disclosure Statements:

> **AS EXPLAINED IN THE DEFINTION OF THE TERM "EFFECTIVE DATE," WHICH IS THE DATE ON WHICH THIS PLAN BECOMES EFFECTIVE, NO ACTION PROVIDED FOR IN THIS PLAN SHALL BE TAKEN AGAINST EITHER LEHMAN COMMERCIAL PAPER, INC. ("LCPI") OR LEHMAN BROTHERS HOLDINGS, INC. ("LBHI") THAT WOULD HAVE THE EFFECT OF VIOLATING ANY APPLICABLE AUTOMATIC STAY THAT MAY EXIST IN THEIR CHAPTER 11 CASES. ANY SUCH ACTION WILL ONLY PROCEED AFTER ANY APPLICABLE STAY IS EITHER LIFTED OR DEEMED INAPPLICABLE.**

# WinthropCouchot
### Professional Corporation

April 8, 2011
Page 2

As the foregoing express limitation states, the definition of the term "Effective Date" set forth in the Group I and Group II Plans is defined with reference to the existence of any possible automatic stay:

> Effective Date. A date selected by the SunCal Plan Proponents that is not later than 1) the one hundred and twentieth (120th) calendar day after the Confirmation Date. However, in any case where the actions provided for in the Plan would be delayed by the automatic stay applicable in the case of any Lehman Entity operating under the protection of Chapter 11 or Chapter 7, then the Effective Date shall the one hundred and twentieth (120th) calendar day after the later of (i) the Confirmation Date, or (ii) the date any stay barring the implementation of the Plan arising from the Lehman Entities' cases is no longer applicable, has been deemed inapplicable, or has been lifted by a Court of competent jurisdiction.

As this definition makes clear, if anything in the Group I or II Plans could be construed as being in violation of LCPI's stay, the effectiveness of the Plans is automatically delayed until this stay is eliminated. In short, everything in the Plans is held in abeyance pending relief from stay, if an issue exists.

We do not believe that the automatic stay in one Chapter 11 case can bar the filing of a reorganization plan in a second case, under any interpretation of applicable law. However, the above provisions in the Group I and II Plans, which are explicit, address the only subsection of 11 U.S.C. § 362 that could even form the basis of a conceptual argument - 362(a)(3). The latter section bars direct action seeking control over estate property. As explained, the foregoing provisions eliminate any risk of a possible unintended stay violation under this section. *See, In re Chateaugay Corp.,* 87 B.R. 779, 801 (S.D.N.Y. 1988) *aff'd sub nom. Pension Ben. Guar. Corp. v. LTV Corp.,* 875 F.2d 1008 (2d Cir. 1989) *rev'd on other grounds,* 496 U.S. 633 (1990) ("The purpose of section 362(a)(3) "is to protect the estate from *direct* action taken by creditors against a debtor's personal or real property, and to prevent an uncontrolled scramble to liquidate the estate."); *In re Chugach Forest Products, Inc.,* 23 F.3d 241, 245 (9th Cir. 1994). In sum, nothing in the Group I or II Plans, can have any effect on LCPI that would be violative of this entity's stay.

In the case of the Group III Plan, this Plan was filed in those cases where only Lehman Ali, Inc., *a non-debtor,* holds liens. The Group IV Plan was filed in those cases where the properties at issue are not subject to the liens of any Lehman Entity. Accordingly, LCPI's automatic stay is not a factor in these cases.

**WinthropCouchot**
Professional Corporation

April 8, 2011
Page 3

If for any reason, LCPI contends that the Group I and Group II Plans violate its automatic stay, please advise this office immediately, and we will promptly seek relief before Judge Peck and Judge Smith, concurrently. Specifically, we will file a motion before Judge Peck seeking clarification regarding these stays allegations, and seek relief from any alleged stay. We will also seek a discretionary stay in front of Judge Smith, barring further confirmation efforts pending a resolution of these issues, thereby insuring a full and fair confirmation contest between the parties.

Respectfully,

Sean A O'Keefe,
WINTHROP COUCHOT, P.C.

Cc:

Edward Soto
Dean Ziehl
Alan Friedman
William Lobel
Lei Lei Wang Ekvall

017

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

CHAPTER 11

CASE NUMBER 08-17206-ES

Debtor(s).

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as ***OPPOSITION TO SUNCAL PARTIES' MOTION FOR ORDER:
(1) CLARIFYING PRIOR RULINGS AND RECORD; (2) CLARIFYING JURISDICTION OVER CLAIMS OBJECTIONS; AND (3)
ENFORCING THE SUNCAL DEBTORS' AUTOMATIC STAY*** will be served or was served **(a)** on the **judge in chambers** in the
form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink
to the document. On ____June 10, 2011____ I checked the CM/ECF docket for this bankruptcy case or adversary
proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission
at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first
class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a
declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or
entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____June 10, 2011____ I served the following person(s)
and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile
transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge
will be completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Hand Delivery]
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

(1) Gen'l Counsel for Voluntary Debtors:
  Paul Couchot - pcouchot@winthropcouchot.com
  Marc J Winthrop - pj@winthropcouchot.com
  Paul Lianides - plianides@winthropcouchot.com
(2) Debtors (Palmdale Hills Property, LLC and related entities):
  bcook@suncal.com
(3) Counsel for SunCal Management:
  Ronald Rus – rrus@rusmiliband.com
(4) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
  Louis Miller - smiller@millerbarondess.com
  Martin Pritikin – mpritikin@millerbarondess.com
(5) Gen'l Counsel for Ch. 11 Trustee (Speier):
  William Lobel - wlobel@thelobelfirm.com
  Mike Neue – mneue@thelobelfirm.com
(6) Ch. 11 Trustee (c/o Squar Milner):
  Steven N. Speier - sspeier@squarmilner.com; ca85@ecfcbis.com
(7) Office of the United States Trustee:
  Michael Hauser – michael.hauser@usdoj.gov

(8) Counsel for Voluntary Debtors' Committee:
  Alan Friedman - afriedman@irell.com
  Kerri A Lyman - klyman@irell.com
(9) Counsel for Trustee Debtors' Committee:
  Lei Lei Wang Ekvall - lekvall@wgllp.com
  Hutchison B Meltzer - hmeltzer@wgllp.com
(10) Counsel for Bond Safeguard & Lexon
  Mark J Krone - mk@amclaw.com, crs@amclaw.com;
  amc@amclaw.com

Edward Soto - Edward.soto@weil.com; odalys.smith@weil.com;
lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Alfredo R. Perez – alfredo.perez@weil.com
Chauncey Cole – chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Mark McKane - mark.mckane@kirkland.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 10, 2011 | Melisa DesJardien | /s/ Melisa DesJardien |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                **F 9013-3.1.PROOF.SERVICE**

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

## I.  SERVED BY NEF

**8:08-bk-17206-ES Notice will be electronically mailed to:**

(1)  Selia M Acevedo for Atty Miller Barondess LLP
sacevedo@millerbarondess.com, mpritikin@millerbarondess.com

(2)  Joseph M Adams for Def The City of San Juan Capistrano
jadams@sycr.com

(3)  Raymond H Aver for Debtor Palmdale Hills Property, LLC
ray@averlaw.com

(4)  James C Bastian for Cred ARB, Inc.
jbastian@shbllp.com

(5)  Thomas Scott Belden for Def Zim Industries, Inc. dba Bakersfield
Well & Pump
sbelden@kleinlaw.com, ecf@kleinlaw.com

(6)  John A Boyd for Int Pty Oliphant Golf Inc
fednotice@tclaw.net

(7)  Mark Bradshaw for Int Pty Courtesy NEF
mbradshaw@shbllp.com

(8)  Gustavo E Bravo for Cred Oliphant Golf, Inc.
gbravo@smaha.com

(9)  Jeffrey W Broker for Cred Bond Safeguard Ins Co
jbroker@brokerlaw.biz

(10)  Brendt C Butler for Cred EMR Residential Properties LLC
BButler@mandersonllp.com

(11)  Andrew W Caine for Cred Lehman ALI, Inc.
acaine@pszyjw.com

(12)  Carollynn Callari for Cred Danske Bank A/S London Branch
ccallari@venable.com

(13)  Cathrine M Castaldi for Cred SunCal Management, LLC
ccastaldi@rusmiliband.com

(14)  Tara Castro Narayanan for Int Pty Courtesy NEF
tara.narayanan@msrlegal.com, lisa.king@msrlegal.com

(15)  Dan E Chambers for Cred EMR Residential Properties LLC
dchambers@jmbm.com

(16)  Shirley Cho for Cred Lehman ALI, Inc.
scho@pszjlaw.com

(17)  Vonn Christenson for Int Pty Courtesy NEF
vrc@paynefears.com

(18)  Brendan P Collins for Cred Gray1 CPB, LLC
bpcollins@bhfs.com

(19)  Vincent M Coscino for Petitioning Cred CST Environmental Inc
vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

(20)  Paul J Couchot for Cred SCC Acquisitions, Inc.
pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;sconnor@winthropcouchot.com

(21)  Jonathan S Dabbieri for Int Pty Courtesy NEF
dabbieri@sullivan.com,
hill@sullivanhill.com;mcallister@sullivanhill.com;
stein@sullivanhill.com;vidovich@sullivanhill.com

(22)  Ana Damonte for Cred Top Grade Construction, Inc.
ana.damonte@pillsburylaw.com

(23)  Vanessa S Davila for Cred Bond Safeguard Ins Co
vsd@amclaw.com

(24)  Melissa Davis for Cred City of Orange
mdavis@shbllp.com

(25)  Daniel Denny for Int Pty Courtesy NEF
ddenny@gibsondunn.com

(26)  Caroline Djang for Cred Lehman ALI, Inc.
crd@jmbm.com

(27)  Donald T Dunning for Cred Hertz Equipment Rental Corp
ddunning@dunningLaw.com

(28)  Meredith R Edelman on behalf of Interested Party Courtesy NEF
meredith.edelman@dlapiper.com

(29)  Joseph A Eisenberg for Cred Lehman ALI, Inc.
jae@jmbm.com

(30)  Lei Lei Wang Ekvall for Atty Weiland Golden Smiley Wang
Ekvall & Strok, LLP
lekvall@wgllp.com

(31)  Richard W Esterkin for Debtor Palmdale Hills Property, LLC
resterkin@morganlewis.com

(32)  Marc C Forsythe for Atty Robert Goe
kmurphy@goeforlaw.com

(33)  Alan J Friedman for Atty Irell & Manella LLP
afriedman@irell.com

(34)  Steven M Garber for Cred Park West Landscape, Inc
steve@smgarberlaw.com

(35)  Christian J Gascou for 3rd Party Pltf Arch Ins Co
cgascou@gascouhopkins.com

(36)  Barry S Glaser for Cred County of Los Angeles
bglaser@swjlaw.com

(37)  Robert P Goe for Atty Robert Goe
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;mforsythe@goeforlaw.com

(38)  Eric D Goldberg for Int Pty Courtesy NEF
egoldberg@stutman.com

(39)  Richard H Golubow for Debtor Palmdale Hills Property, LLC
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

(40)  Michael J Gomez for Int Pty Central Pacific Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

(41)  Kelly C Griffith for Cred Bond Safeguard Ins Co
bkemail@harrisbeach.com

(42)  Matthew Grimshaw for Int Pty City Of Torrance
mgrimshaw@rutan.com

(43)  Kavita Gupta for Debtor Palmdale Hills Property, LLC
kgupta@winthropcouchot.com

(44)  Asa S Hami for Debtor Palmdale Hills Property, LLC
ahami@morganlewis.com

(45)  Michael J Hauser for U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

(46)  D Edward Hays for Cred Villa San Clemente, LLC
ehays@marshackhays.com

(47)  Michael C Heinrichs for Int Pty Courtesy NEF
mheinrichs@omm.com

(48)  Harry D. Hochman for Cred Lehman ALI, Inc.
hhochman@pszjlaw.com, hhochman@pszjlaw.com

(49)  Jonathan M Hoff for 3rd Party Pltf Jt Prov Liquidators
of Lehman RE Ltd
jonathan.hoff@cwt.com

(50)  Nancy Hotchkiss for Cred Murray Smith & Associates Engineering
nhotchkiss@trainorfairbrook.com

(51)  Michelle Hribar for Pltf EMR Residential Properties LLC
mhribar@rutan.com

(52)  John J Immordino for Cred Arch Ins Co.
john.immordino@wilsonelser.com,
raquel.burgess@wilsonelser.com

(53)  Lawrence A Jacobson for Cred BKF Engineers
laj@cohenandjacobson.com

(54)  Michael J Joyce for Int Pty Courtesy NEF
mjoyce@crosslaw.com

(55)  Stephen M Judson for Petitioning Cred The Professional Tree
Care Co
sjudson@fablaw.com

(56)  Kaleb L Judy for Def Zim Industries, Inc. dba Bakersfield Well
& Pump
ecf@kleinlaw.com, kjudy@kleinlaw.com

(57)  Steven J Kahn for Cred Lehman ALI, Inc.
skahn@pszyjw.com

(58)  Sheri Kanesaka for Cred California Bank & Trust
sheri.kanesaka@bryancave.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                F 9013-3.1.PROOF.SERVICE

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

(59)  David I Katzen for Int Pty Bethel Island Muni Imp District
      katzen@ksfirm.com

(60)  Christopher W Keegan for Cred SC Master Holdings II LLC
      ckeegan@kirkland.com,
      gdupre@kirkland.com;alevin@kirkland.com

(61)  Payam Khodadadi for Debtor Palmdale Hills Property, LLC
      pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

(62)  Irene L Kiet for Cred BNB Engineering, Inc.
      ikiet@hkclaw.com

(63)  Claude F Kolm for Cred County of Alameda Tax Collector
      claude.kolm@acgov.org

(64)  Mark J Krone for Cred Bond Safeguard Ins Co
      mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

(65)  David B Lally for Def Contracting Engineers, Inc.
      davidlallylaw@gmail.com

(66)  Leib M Lerner for Cred Steiny and Co, Inc.
      leib.lerner@alston.com

(67)  Peter W Lianides for Debtor Palmdale Hills Property, LLC
      plianides@winthropcouchot.com, pj@winthropcouchot.com

(68)  Charles Liu for Debtor Palmdale Hills Property, LLC
      cliu@winthropcouchot.com

(69)  Kerri A Lyman for Atty Irell & Manella LLP
      klyman@irell.com

(70)  Mariam S Marshall for Cred RGA Environmental, Inc.
      mmarshall@marshallramoslaw.com

(71)  Robert C Martinez for Cred TC Construction Co, Inc
      rmartinez@mclex.com

(72)  Michael D May for Cred R.J. Noble Co.
      mdmayesq@verizon.net

(73)  Hutchison B Meltzer for Cred Com Holding Unsecured Claims
      hmeltzer@wgllp.com

(74)  Krikor J Meshefejian for Int Pty Courtesy NEF
      kjm@lnbrb.com

(75)  Joel S. Miliband for Cred RBF CONSULTING
      jmiliband@rusmiliband.com

(76)  James M Miller for Atty Miller Barondess LLP
      jmiller@millerbarondess.com, vgunderson@millerbarondess.com

(77)  Louis R Miller for Pltf Palmdale Hills Property, LLC
      smiller@millerbarondess.com

(78)  Randall P Mroczynski for Def Bob McGrann Construction, Inc.
      randym@cookseylaw.com

(79)  Mike D Neue for Atty The Lobel Firm, LLP
      mneue@thelobelfirm.com,
      jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

(80)  Robert Nida for Cred Kirk Negrete, Inc
      Rnida@castlelawoffice.com

(81)  Henry H Oh for 3rd Party Pltf Jt Prov Liquidators of
      Lehman RE Ltd
      henry.oh@dlapiper.com, janet.curley@dlapiper.com

(82)  Sean A Okeefe for Debtor Palmdale Hills Property, LLC
      sokeefe@okeefelc.com

(83)  Robert B Orgel for Cred Lehman ALI, Inc.
      rorgel@pszjlaw.com, rorgel@pszjlaw.com

(84)  Malhar S Pagay for Cred Lehman ALI, Inc.
      mpagay@pszjlaw.com, mpagay@pszjlaw.com

(85)  Penelope Parmes for Cred EMR Residential Properties LLC
      pparmes@rutan.com

(86)  Ronald B Pierce for Cred Griffith Co
      ronald.pierce@sdma.com

(87)  Katherine C Piper for Int Pty New Anaverde LLC
      kpiper@steptoe.com

(88)  Cassandra J Richey for Cred Patricia I Volkerts, as Trustee, et al
      cmartin@pprlaw.net

(89)  James S Riley for Cred Sierra Liquidity Fund, LLC
      tgarza@sierrafunds.com

(90)  Debra Riley for Int Pty City of Palmdale
      driley@allenmatkins.com

(91)  Todd C. Ringstad for Int Pty Courtesy NEF
      becky@ringstadlaw.com

(92)  R Grace Rodriguez for Def O&B Equipment, Inc.
      ecf@lorgr.com

(93)  Martha E Romero for Cred California Taxing Authorities
      Romero@mromerolawfirm.com

(94)  Ronald Rus for Cred SunCal Management, LLC
      rrus@rusmiliband.com

(95)  John P Schafer for Cred LB/L-DUC III Bethel Island, LLC
      jschafer@mandersonllp.com

(96)  John E Schreiber for Def Fenway Capital, LLC
      jschreiber@dl.com

(97)  William D Schuster for Cred HD Supply Construction Supply LTD
      bills@allieschuster.org

(98)  Christopher P Simon for Int Pty Courtesy NEF
      csimon@crosslaw.com

(99)  Wendy W Smith for Cred Castaic Union School District
      wendy@bindermalter.com

(100) Steven M Speier (TR)
      Sspeier@asrmanagement.com, ca85@ecfcbis.com

(101) Steven M Speier for Trustee Steven Speier (TR)
      Sspeier@Squarmilner.com, ca85@ecfcbis.com

(102) Michael St James for Cred MBH Architects, Inc.
      ecf@stjames-law.com

(103) Michael K Sugar for Off Committee of Unsecured Creds
      msugar@irell.com

(104) Cathy Ta for Def Hi-Grade Material Co.
      cathy.ta@bbklaw.com,
      Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com

(105) David A Tilem for Def Southland Pipe Corp
      davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;
      dianachau@tilemlaw.com;kmishigian@tilemlaw.com

(106) James E Till for Trustee Steven Speier (TR)
      jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;
      pnelson@thelobelfirm.com

(107) United States Trustee (SA)
      ustpregion16.sa.ecf@usdoj.gov

(108) Carol G Unruh for Cred Scott E. McDaniel
      cgunruh@sbcglobal.net

(109) Annie Verdries for Cred WEC Corp
      verdries@lbbslaw.com

(110) Jason Wallach for Def Professional Pipeline Contractors, Inc.
      jwallach@gladstonemichel.com

(111) Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
      kim.johnson@kattenlaw.com

(112) Christopher T Williams for Cred Danske Bank A/S London Branch
      ctwilliams@venable.com, jcontreras@venable.com

(113) Marc J Winthrop for Debtor Palmdale Hills Property, LLC
      mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

(114) David M Wiseblood for Cred Bethel Island Muni Imp District
      dwiseblood@seyfarth.com

(115) Brett K Wiseman for Cred JF Shea Construction Inc
      bwiseman@aalaws.com

(116) Dean A Ziehl for Counter-Def LV Pacific Point LLC
      dziehl@pszjlaw.com, dziehl@pszjlaw.com

(117) Marc A. Zimmerman for Creditor Life Church of God in Christ
      joshuasdaddy@att.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                 F 9013-3.1.PROOF.SERVICE