1  Richard M. Pachulski (CA Bar No. 90073)
   Dean A. Ziehl (CA Bar No. 84529)
2  Steven J. Kahn (CA Bar No. 076933)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Boulevard, Suite 1100
   Los Angeles, California  90067
4  Telephone:  (310) 277-6910
   Facsimile:  (310) 201-0760
5
   Robert Clayton Roesch (admitted *pro hac vice*)
6  WEIL, GOTSHAL & MANGES LLP
   1395 Brickell Avenue, Suite 1200
7  Miami, FL  33131
   Telephone:  (305) 577-3100
8  Facsimile:  (305) 374-7159

9  Counsel for Movant Lehman ALI, Inc.

10              UNITED STATES BANKRUPTCY COURT

11              CENTRAL DISTRICT OF CALIFORNIA

                     SANTA ANA DIVISION

12 | In re: | Case No.: 8:08-bk-17206-ES |
| Palmdale Hills Property, LLC, and Its Related Debtors, | Jointly Administered With Case Nos. |
13 | Jointly Administered Debtors and | 8:08-bk-17209-ES; 8:08-bk-17240-ES; |
| Debtors-In-Possession. | 8:08-bk-17224-ES; 8:08-bk-17242-ES; |
14 | | 8:08-bk-17225-ES; 8:08-bk-17245-ES; |
| | 8:08-bk-17227-ES; 8:08-bk-17246-ES; |
15 | Affects: | 8:08-bk-17230-ES; 8:08-bk-17231-ES; |
| ☐ All Debtors | 8:08-bk-17236-ES; 8:08-bk-17248-ES; |
16 | ☐ Palmdale Hills Property, LLC | 8:08-bk-17249-ES; 8:08-bk-17573-ES; |
| ☐ SunCal Beaumont Heights, LLC | 8:08-bk-17574-ES; 8:08-bk-17575-ES; |
| ☐ SCC/Palmdale, LLC | 8:08-bk-17404-ES; 8:08-bk-17407-ES; |
17 | ☐ SunCal Johannson Ranch, LLC | 8:08-bk-17408-ES; 8:08-bk-17409-ES; |
| ☐ SunCal Summit Valley, LLC | 8:08-bk-17458-ES; 8:08-bk-17465-ES; |
18 | ☐ SunCal Emerald Meadows LLC | 8:08-bk-17470-ES; 8:08-bk-17472-ES; |
| ☐ SunCal Bickford Ranch, LLC | and 8:08-bk-17588-ES |
19 | ☐ Acton Estates, LLC | |
| ☐ Seven Brothers LLC | Chapter 11 |
20 | ☐ SJD Partners, Ltd. | |
| ☐ SJD Development Corp. | **MOTION OF LEHMAN ALI, INC. TO** |
21 | ☐ Kirby Estates, LLC | **COMPEL COMPLIANCE WITH RULE** |
| ☐ SunCal Communities I, LLC | **2004 ORDER AND SUBPOENA;** |
22 | ☐ SunCal Communities III, LLC | **MEMORANDUM OF POINTS AND** |
| ☐ SCC Communities LLC | **AUTHORITIES; AND DECLARATION OF** |
| ☑ North Orange Del Rio Land, LLC | **STEVEN J. KAHN IN SUPPORT** |
23 | ☐ Tesoro SF, LLC | **THEREOF** |
| ☐ LB-L-SunCal Oak Valley, LLC | |
24 | ☐ SunCal Heartland, LLC | **[UNILATERAL SEPARATE STATEMENT** |
| ☐ LB-L-SunCal Northlake, LLC | **PURSUANT TO  LBR 7026-1(c)(3) FILED** |
25 | ☐ SunCal Marblehead, LLC | **CONCURRENTLY HEREWITH]** |
| ☐ SunCal Century City, LLC | |
| ☐ SunCal PSV, LLC | Judge:     Honorable Erithe A. Smith |
26 | ☐ Delta Coves Venture, LLC | Date:      [TO BE SET] |
| ☐ SunCal Torrance, LLC | Time:      [TO BE SET] |
27 | ☐ SunCal Oak Knoll, LLC | Place:     Courtroom 5A |

28

*Left margin, rotated text:* PACHULSKI STANG ZIEHL & JONES LLP  ATTORNEYS AT LAW  LOS ANGELES, CALIFORNIA

1

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY**

**JUDGE, SUNCAL MANAGEMENT, LLC, NORTH ORANGE DEL RIO LAND, LLC**

**AND THEIR RESPECTIVE ATTORNEYS OF RECORD AND THE OFFICE OF THE**

**UNITED STATES TRUSTEE:**

## I.

## INTRODUCTION

Lehman ALI uncovered certain information suggesting serious wrongdoing by North Orange Del Rio Land, LLC ("Del Rio") and its affiliate, SunCal Management, LLC ("SunCal Management" and together with Del Rio, the "Examinees"), including an unauthorized, post-hearing alteration of an agreement approved by the Court pursuant to its *Order Authorizing Debtor to Enter Into Acquisition Agreement, Construction Escrow Agreements and Lien Release Escrow Agreement* (the "Acquisition Order") [Docket No. 1020] and the unauthorized payment of proceeds of Community Facilities District ("CFD") bond funds to some, but not all, general unsecured claims scheduled or filed against Del Rio, including over $2.9 million paid to SunCal Management and to various counsel whose retention had neither been sought nor approved by the Court, as well as payment to others who did not file claims. Lehman ALI determined to investigate these matters.

Del Rio and SunCal Management attempted to thwart Lehman ALI's inquiry into their actions and the disbursements of the CFD bond funds, as fully set forth in *Lehman ALI, Inc.'s Motion for Order Directing Federal Rule of Bankruptcy Procedure 2004 Examinations of North Orange Del Rio Land, LLC and SunCal Management, LLC and for Production of Documents* filed April 14, 2011 [Docket No. 1960] (the "2004 Motion"). Over the strenuous objection of Del Rio and SunCal Management, on April 25, 2011, the Court issued its Order granting the 2004 Motion, <u>as submitted</u>, including the designation of documents to be produced by Del Rio and SunCal Management [Docket No. 1975] (the " 2004 Order").

The 2004 Order required production of the documents described in the 2004 Motion on May 4, 2011, and the examination of Bruce Cook and any designated persons most

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    knowledgeable on May 23 and 24, 2011.    Through improper objections and self-proclaimed

2    limitations that Del Rio and SunCal Management assert against the 2004 Order and subpoena,

3    respectively, Del Rio and SunCal Management continue to resist complete and meaningful

4    inquiry into these matters.

5    Expeditious action on this Motion is warranted in that the *Joint Motion of Debtor North*

6    *Orange Del Rio Land, LLC and SunCal Management, LLC to Confirm Payments Made*

7    *Pursuant to Acquisition Agreement, Construction Escrow Agreements and Lien Release Escrow*

8    *Agreements* (the "Retroactive Approval Motion") is set for July 19, 2011.

9    Expeditious action is further warranted in that the plans of reorganization proposed by

10    Del Rio and the other Debtors seek to appoint SunCal Management as post-confirmation

11    administrator of the Debtors' estates.  As more fully set forth in Section II.C. below, it appears

12    that SunCal Management caused itself to be overpaid $2.5 million in Management Fees through

13    the CFD bond proceeds.  Because the plan confirmation process is proceeding apace, the

14    propriety of SunCal Management serving in such a fiduciary capacity should be determined

15    without delay.

16    If Del Rio and SunCal Management do not fully comply with the 2004 Order and

17    subpoena, respectively, the appointment of an examiner might be the only avenue open to bring

18    to light the underlying facts behind the post-hearing alteration of the Court-approved agreement

19    and the apparent unauthorized (and unequal) payment of both general unsecured and unfiled

20    claims against the Del Rio estate.

21    The verbatim disputed production categories, Examinees' objections and responses

22    thereto, and Movant's positions are set forth in the *Unilateral Statement Re 2004 Dispute in Lieu*

23    *of Stipulation Pursuant to Local Bankruptcy Rule 7026-1(c)(3)* filed concurrently herewith (the

24    "Separate Dispute Statement").[1]

25

26

27

28    [1]  The reasons why a LBR Rule 2026-1(c)(3) dispute stipulation could not be filed is set forth in Section IV.,
below.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## II.

## NEWLY ADDUCED FACTS

As noted in the 2004 Motion, under the terms of the Lien Release Escrow Agreement approved by the Court, the only recipients of escrow funds were to be (1) the holders of Active Claims (i.e. the specifically identified contractors who had recorded liens or lis pendens' against park property to be sold by Del Rio to the City of Orange), (2) the holders of Additional Claims (i.e. those contractors who performed work in connection with the development of the land in the CFD that had not yet filed a mechanic's lien or a lis pendens), (3) the escrow agent for its fees, and (4) the remainder to the Debtor.

Based on the Debtor's August through October Monthly Operating Reports, the below chart sets forth the recipients of funds from the lien release escrow account who were not the holders of Active Claims or apparent Additional Claims, also identifying whether each had a claim against Del Rio filed or scheduled in its favor, the classification of those claims, and the amounts thereof:

| Sched. Or Claim No. | Asserted Claim Class | Recipient | Claim Amount | Amount Paid From Escrow |
|---|---|---|---|---|
| F | GU | Voss Cook and Thel | $768 | $768.00 |
| 22 | GU | Rohm Insurance Agency | $32,075 | $33,825.00 |
| F | GU | Robert Law | $4,000 | $4,000.00 |
| None | N/A | Charles Barlet & Associates | N/A | $241.00 |
| 20 | GU | Summers/Murphy & Partners | $59,350 | $53,350.00 |
| F | GU | Mobile Mini | $1,640 | $585.25 |
| 7 | GU | SunCal Management, LLC | $2,242,240.00 | $2,242,240.00 |
| 4-2 | Admin | SunCal Management, LLC | $682,587.00 | $682,587.00 |
| 3 | GU | Carmen A. Morinello | $110,000.00 | $110,000.00 |
| 17 | GU | Fuscoe Engineering | $279,974.00 | $288,800.00 |
| F | GU | OCB Reprographics | $8,073.00 | $6,054.59 |
| F | GU | Pacific Soils Engineering | $72,516.00 | $80,077.38 |
| 4 | GU | Elfend and Associates | $225,000.00 | $225,000.00 |
| F | GU | Jackson, DeMarco, Tidus & Peck | $1,669.00 | $834.50 |
| F | GU | Michael Brandman Associates | $4,235.00 | $2,117.52 |
| F | GU | ProRepro | $1,185.00 | $592.35 |
| 1 | GU | Trench Shoring Company | $1,073.00 | $536.25 |
| F | GU | Coastal Traffic System | $3,600.00 | $1,800.00 |
| F | GU | Consolidated Reprographics | $564.00 | $281.96 |
| 2 | GU | Debby Cobb Consulting | $415.00 | $207.50 |
| F | GU | Reznick Group | $946.00 | $946.00 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Sched. Or Claim No. | Asserted Claim Class | Recipient | Claim Amount | Amount Paid From Escrow |
|---|---|---|---|---|
| F | GU | RJ Noble | $195,654.00 | $195,653.90 |
| 88[2] | GU | Lennar Centex Del Rio Partners | $3,063,489.00 | $299,990.66 |
| None | N/A | White & Case | N/A | $277,679.00 |
| F | GU | Goodwin Procter LLP | $89,395.00 | $100,000.00 |
| None | N/A | Goodwin Procter LLP | N/A | $250,000.00 |
| None | N/A | Carl Kymla | N/A | $150,000.00 |
| None | N/A | First American Fund Control | N/A | $3,390.00 |
| F | GU | Chino Grading | $6,512.00 | $3,256.00 |
| 5 | GU | Pacific Strategies | $30,000.00 | $30,000.00 |
| F | GU | Greenfield Communications | $1,018,045.00 | $1,018,045.00 |
| 27 | Admin | Greenfield Communications | $401,653.00 | $401,653.00 |
| | | | | |
| TOTAL | | | | $6,464,511.86 |

Through the incomplete production of documents by the 2004 Examinees to date and the 2004 testimony of Bruce Cook, designated to be the person most knowledgeable for both Examinees, additional disturbing facts have come to light.

A.    **Payment of $1,419,698 to Greenfield Communications**

By way of example, as referenced above, claimant Greenfield Communications ("Greenfield") was paid $1,419,698 for the installation of a fiber optic network in the Del Rio Project (**Exhibit "1"**).

However, based upon the documents produced to date and the testimony of Mr. Cook, Greenfield Communications in actuality performed that work on behalf of another entity named Sunburst Communications LLC ("Sunburst"), which is a joint venture between a Greenfield entity and an entity called SunCal FTTH, LLC ("SunCal FTTH"), whose sole business is to be a joint venture member in Sunburst and whose manager is Bruce Elieff.  See rough draft of Cook 2004 Examination testimony excerpts ("Cook Testimony") attached hereto as **Exhibit "2."** Remarkably, according to Mr. Cook, there was no written contract with the Debtor for the provision of the work performed by Greenfield on the Del Rio Project (Cook Testimony at **Exhibit "2"**).

Greenfield would issue invoices for its services on a monthly basis, with an attachment detailing its services broken down for construction supervision, construction hours for fiber

[2] Filed in the Palmdale Hills Property, LLC bankruptcy case.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

optic installation/splicing and customer service (**Exhibit "2"**).  A typical monthly invoice is attached hereto as **Exhibit "3."**

The Debtor's produced Open Accounts Payable Detail Ledger (**Exhibit "4"**) reflects monthly charges ranging between $21,513.50 and $44,678.00 per month.  However, the Open Accounts Payable Detail Ledger also reveals, outside of chronological order and with an uncharacteristic invoice number, a single invoice dated October 21, 2008, shortly before the Petition Date, in the extraordinary sum of $780,083.60 (see last invoice entry in **Exhibit "4"**). That invoice (**Exhibit "5"** hereto) contains the simple one-line description: "Fiber optic installation/broadband infrastructure:  $780,083.60."  Mr. Cook had no explanation for this extraordinary invoice.  (Cook Testimony in **Exhibit "2."**)  Nevertheless, the entirety of the Greenfield claim was paid.

**B.    Payment of SunCal Management Claims Totaling $2,924,827.08**

By way of example, SunCal Management, LLC ("SunCal Management") was paid the entire amount of its filed general unsecured and administrative claims totaling over $2.9 million, of which $2,531,205 is asserted as monthly Management Fees under the terms of a Development Management Agreement ("DMA") between SunCal Management and Del Rio.  See produced Settlement Agreement at **Exhibit "6"** and SunCal Management's filed general unsecured claim (**Exhibit "7"**) and amended administrative claim (**Exhibit "8"**).

Although Examinees did not produce a copy of the underlying DMA, other DMAs executed by SunCal Management in relation to projects of other Debtors typically call for the monthly Management Fee to be three percent (3%) of the projected gross proceeds received from the sale of the project property and three percent (3%) of certain CFD proceeds.

However, Mr. Cook could not state whether the Management Fees were calculated pursuant to the terms of the DMA and that same was likely calculated by the asset management department at SunCal Management.  He also could not provide <u>any</u> estimate as to the gross sales price of the Del Rio Property (all sold pre-petition) so as to test whether the monthly Management Fees were appropriately calculated.  See Cook Testimony in **Exhibit "9."**

Mr. Cook further testified that effective January 31, 2010, SunCal Management ceased doing business and no longer has employees, but some of them moved to Argent Management, a related entity. However, he <u>refused</u> to identify prior members of SunCal Management's asset management department (who likely calculated the monthly Management Fee) who moved to Argent Management. See Cook Testimony in **Exhibit "9."**

**C.    SunCal Management Appears to Have Been Overpaid at Least $2,250,000 in Management Fees**

As set forth in the *Motion to Compel Debtor North Orange Del Rio Land LLC to Assume or Reject Purchase Agreement* filed by Lennar Centex Del Rio Partners, LLC ("Lennar/Centex") [Docket No. 1999], Lennar/Centex purchased all of the Del Rio property (with the exclusion of the park land) for $142.5 million. Assuming that SunCal Management's Management Fee is calculated at 3% of the gross sale amount, it would be entitled to a Management Fee of $4,275,000 for that sale.

Assuming that the sale of the park land to a City of Orange pursuant to the Acquisition Agreement is at a gross sales price of $23 million and that, at best, SunCal Management would be entitled to a Management Fee of 3% of that sum, an additional Management Fee of $690,000 would have been earned by SunCal Management.[3] Combining this amount with that earned on the sale of the property to Lennar/Centex, the total Management Fee which could arguably be payable to SunCal Management would total $4,965,000.

SunCal Management's general unsecured and administrative claims (**Exhibits "7"** and **"8"**) hereto, seek payment for monthly Management Fees for the months it asserts it did not receive those fees. If one assumes that SunCal Management did receive Management Fees for the months not included in its proof of claim (and therefore did not seek recompense for same), SunCal Management would appear to have been paid no less than $4,643,736 in Management Fees prepetition (2005: 3 unclaimed months at $200,000 = $600,000; 2006: 12 unclaimed months at $200,000 = $2,400,000; 2007: 7 unclaimed months at $200,000 = $1,400,000; and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[3] Since the purchase price is paid with CFD proceeds, based upon othr DMAs, it is unclear whether the Management Fee would be based upon the gross sale price or "net CFD" proceeds, which could result in a lower fee.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    2008:  5 unclaimed months at $48,747 = $243,736).  In getting paid its general unsecured and

2    administrative claims under the Lien Release Escrow Agreement of which $2,531,205 is

3    asserted for Management Fees,  SunCal Management appears to have been paid a total of

4    $7,223,688 in Management Fees.  However, as demonstrated above, the maximum amount that

5    appears to have been payable to SunCal Management was, at best, $4,965,000.  Hence, it

6    appears that SunCal Management was overpaid no less than no less than $2,258,688 in

7    Management Fees.

8        **D.**      **Payment of $277,679 to the Law Firm of White & Case**

9        By way of further example, a review of the Court's docket reveals that White & Case did

10    not seek or obtain approval to be a retained professional for the Debtor.  However, the produced

11    documents reveal that White & Case was paid for legal services rendered both pre- and post-

12    petition, in defending mechanic's lien foreclosure actions against the Debtor.  See produced

13    settlement agreement attached as **Exhibit "10"** and Cook Testimony attached as **Exhibit "11."**

14    Mr. Cook testified that White & Case would not be able to record a valid mechanic's lien

15    against the Debtor's property (**Exhibit "11"**).  Nevertheless, White & Case was apparently paid

16    as an Additional Claim, even though it does not meet that definition as set forth in the Lien

17    Release Escrow Agreement.[4]

18                                            **III.**

19                **EXAMINEES' REFUSAL TO PRODUCE RELEVANT DOCUMENTS**

20        The Separate Dispute Statement filed concurrently herewith sets forth by each category

21    the documents in dispute, Examinees' objections and responses, and Movant's positions thereto.

22        Briefly put, Examinees refuse to produce any documents relating to the Acquisition

23    Agreement and Lien Release Escrow Agreement, including any communications between the

24    parties thereto, predating the March 16, 2010 entry of the Acquisition Order as well as drafts of

25    those documents, and communications relating to those drafts between the date of the

26    Acquisition Order and the date the parties ultimately signed the altered Lien Release Escrow

27

28    _____
      [4]   Numerous other recipients of funds through the Lien Release Escrow Agreement also do not appear to meet the
      criteria of "Additional Claims," such as tax accountants and political consultants.

Agreement just prior to making distributions to claimants.  Examinees further refuse to produce any documents regarding the ultimate disposition of CFD bond proceeds which may have been received by SunCal Related Entities and Individuals.

As noted by Del Rio itself in its motion for the Acquisition Order, the City of Orange formed a community facilities district ("CFD") prepetition to finance the Del Rio Park Project which is the subject of the Acquisition Agreement, of which the Lien Release Escrow Agreement is Exhibit "E."  In its motion for the Acquisition Order, Del Rio itself notes that the Acquisition Agreement was modified to deal with the fact and effect of Del Rio's bankruptcy and the various claims made on the property within the CFD.

The negotiations surrounding the form of Lien Release Escrow Agreement presented to the Court for approval and communications both internal and between the parties thereto regarding those negotiations, as well as communications regarding the claimants proposed to be paid through the Lien Release Escrow Agreement would be instructive as to whether or not Del Rio intended to pay claimants such as SunCal Management or others who would have no ability to record valid mechanic's liens or lis pendens' against the property in the CFD.

Further, Examinees refusal to provide any documents surrounding the alteration of the Lien Release Escrow Agreement after March 16, 2010, including drafts thereof, is equally inappropriate.

The Court is entitled to know whether Del Rio or SunCal provided the names of proposed recipients of CFD bond proceeds to the City prior to the date of entry of the Acquisition Order, what those names were and the position, if any, the City may have taken in relation thereto.  The Court is entitled to know whether prior to the date of entry of the Acquisition Order Examinees intended to pay general unsecured claims and claims of others who would have no ability to record valid mechanic's liens or lis pendens' against the property within the Del Rio Project and whether there was any consideration of listing any or all of those names in any prior drafts of the Lien Release Escrow Agreement prior to the version presented to the Court for approval.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    The Court is further entitled to know why its approved form of agreement was altered

2    before making distributions to the holders of general unsecured claims and others.

3    Finally, in light of the grave issues raised relating to the disbursement of the CFD bond

4    proceeds, it is possible that legal action may be required to compel disgorgement of funds back

5    to the Debtor's estate.  The Court is entitled to know the identity of those who ultimately

6    received those funds.

7                                **IV.**

8         **DEL RIO AND SUNCAL MANAGEMENT'S NON-COMPLIANCE**

9    **WITH 2004 ORDER AND SUBPOENA AND EFFORTS TO RESOLVE DISPUTE**

10   Lehman ALI filed the 2004 Motion and the Court granted the 2004 Order as submitted

11   after heated opposition from Del Rio and SunCal Management.  The 2004 Order called for

12   document production on May 4, 2011 and examinations on May 23 and May 24, 2011.

13   The day after the 2004 Order was entered, counsel for SunCal Management, on behalf of

14   that entity and the Debtor (collectively the "Examinees"), requested extensions of time within

15   which to produce documents responsive to the 2004 Order and the witness examinations.  It was

16   agreed that responsive documents could be produced on May 16, 2011, and the examinations

17   could occur on June 7, 2011.  Despite these agreements, on May 13, 2011, counsel for the

18   Examinees stated that there were technical difficulties in retrieving some responsive

19   documentation and that only a portion of the documents would be produced as agreed on May

20   16, 2011.

21   The 2004 Order was served electronically on the Debtor the date it was entered, April 25,

22   2011.  Pursuant to agreement with counsel for SunCal Management, that entity accepted service

23   by email on April 29, 2011 (**Exhibit "12"**).

24   On May 16, 2011, counsel for the Examinees produced approximately 800 pages of

25   documents partially responsive to the 2004 Order and advised that it would "update" respecting

26   the production of additional documents at a later date.  However, counsel for Examinees also

27   served a *Response and Objections of SunCal Management, LLC and North Orange Del Rio*

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    *Land, LLC to Subpoena for Rule 2004 Examination issued by Lehman ALI* (the "Response and

2    Objections"), a true and correct copy of which is attached hereto as **Exhibit "13."**

3         As reflected in the Separate Dispute Statement, the Response and Objections were not

4    timely served and purport to severely limit the scope of the documents ordered by the Court to

5    be produced, including an <u>abject refusal</u> to produce drafts of the Lien Release Escrow

6    Agreement which was altered after being approved by this Court, and <u>any</u> documents pre-dating

7    the Acquisition Order.

8         Although Examinees produced additional partially responsive documents on May 20 and

9    June 17, 2011, they did not appear to include any of the documents refused to be produced

10   relating to drafts of the Operative Agreements prior to March 16, 2010 and communications

11   relating thereto nor any documents relating to the post-Acquisition Order revisions to the Lien

12   Release Escrow Agreement, drafts thereof or communications relating thereto.

13        Further, as of this date, Examinees have not stated that they have even produced all of

14   the documents they "agreed" to produce.

15        On May 18, 2011, Lehman ALI's counsel wrote a letter to Examinees' counsel regarding

16   the impropriety of the Response and Objections and demanded written confirmation that the

17   Examinees would produce documents as ordered by this Court, a true and correct copy of which

18   is attached hereto as **Exhibit "14."**  However, Examinees' response sent May 19, 2011, attached

19   hereto as **Exhibit "15"** stubbornly stuck to the improper objections and reiterated that

20   documents pre-dating the Acquisition Order were irrelevant.

21        As more fully set forth in Lehman ALI's response to Examinees' May 19, 2011

22   correspondence, a copy of which is attached hereto as **Exhibit "16,"** SunCal Management's

23   objections were not timely served under FRCP Rule 45, and Del Rio, as a Debtor not subject to

24   subpoena, cannot assert any rights under FRCP Rule 45.  Further, because Del Rio's own

25   motion for the Acquisition Order recites that the agreements sought to be approved were earlier

26   modified to deal with the Del Rio bankruptcy and various claims against the property in the

27   CFD, drafts and communications regarding those modifications pre-dating the Acquisition Order

28   are abundantly relevant.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Because counsel for Lehman and the Examinees had already met and conferred

2    telephonically regarding the categories of documents to be included in a 2004 Examination

3    Order as required prior to the date the 2004 Order was entered containing the <u>exact same</u>

4    categories of documents as discussed, and the parties having reached an impasse, on May 27,

5    2011, counsel for Lehman forwarded a draft discovery dispute stipulation pursuant to LBR

6    2026-1(c)(3) to Examinees' counsel requesting that Examinees provide their input as to their

7    position as to the disputed document categories.  A true and correct copy of that transmission is

8    attached hereto and incorporated herein as **Exhibit "17."**

9    Rather than provide their input, however, counsel for Examinees demanded that counsel

10   for Lehman first send a letter pursuant to LBR 2026-2(c) demanding a meeting to further "meet

11   and confer," to which Examinees would respond within seven (7) days.  Counsel for Lehman

12   responded that it did not believe an additional "meet and confer" was required.  Nevertheless, on

13   June 2, 2011, counsel for Lehman and counsel for Examinees conducted a telephonic "meet and

14   confer" in which Examinees stuck to their objections.  As reflected in correspondence from

15   counsel for Examinees dated June 2, 2011 (**Exhibit "18"**) hereto and the response of Lehman's

16   counsel dated June 10, 2011 (**Exhibit "19"**) hereto, an impasse was again reiterated.  However,

17   counsel for Examinees refused to provide its input into a discovery dispute stipulation unless

18   counsel for Lehman first provided its positions as to the categories of documents, even before

19   knowing what Examinees' positions would ultimately be.

20   By reason of counsel for Examinees refusal to provide its positions as to the disputed

21   document categories without first seeing Lehman's refutation of same, the Separate Dispute

22   Statement is filed concurrently herewith.

## V.

### EXAMINEES SHOULD BE ORDERED TO COMPLY WITH

### THE 2004 ORDER WITHOUT DELAY

26   As more fully set forth in the 2004 Motion and above, Examinees have engaged in a

27   multi-month effort to obstruct discovery into their actions relating to the CFD Bond Proceeds

28   and continue to do so to this date.  It can only be assumed that their continued obstruction is

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    designed to delay production of the most pertinent documents out past the completion of the

2    confirmation process.

3        Prompt disclosure of the heretofore unproduced documents is warranted in that

4    Examinee's Retroactive Approval Motion is currently set for July 19, 2011, and the documents

5    must be reviewed and a response to that motion prepared no less than fourteen days prior

6    thereto.

7        Expeditious production is further warranted in that the plans of reorganization proposed

8    by Del Rio and the other Debtors seek to appoint SunCal Management as post-confirmation

9    administrator of the Debtors' estates.  Because the plan confirmation process is proceeding

10   apace, the propriety of SunCal Management serving in such a fiduciary capacity should be

11   determined without delay.

12       Examinees' actions to date and the ongoing effort to thwart discovery have led to grave

13   concerns on the part of Lehman ALI.  Unless Examinees are compelled to comply with the

14   production requests, Lehman ALI may have no choice but to pursue more drastic remedies such

15   as the appointment of an examiner.

16       **WHEREFORE**, Lehman ALI requests that the Court issue an order compelling

17   Examinees to comply with the 2004 Order as to Categories 3(a) and (b), 5 and 5 without

18   objection within five days.

19

20   Dated:    June _____, 2011              PACHULSKI STANG ZIEHL & JONES LLP

21

22                                           */s/ Steven J. Kahn*
          Richard M. Pachulski (CA Bar No. 90073)

          Dean A. Ziehl (CA Bar No. 84529)

23        Steven J. Kahn (CA Bar No. 076933)
          10100 Santa Monica Blvd., Suite 1100

24        Los Angeles, CA 90067-4100
          Telephone:  (310) 277-6910

25        Facsimile:  (310) 201-0760

26                      -and-

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Robert Clayton Roesch (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL  33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159

Counsel for Lehman ALI, Inc.

1

## DECLARATION OF STEVEN J. KAHN

2

I, Steven J. Kahn, hereby declare as follows:

3

    1.    I am duly admitted and authorized to practice before this Court, and I am of counsel

4

to the law firm of Pachulski Stang Ziehl & Jones LLP, resident in its Los Angeles office.  I make this

5

declaration based upon my own personal knowledge, except as to those matters based upon

6

information and belief, and as to those matters I believe them to be true.  If called to testify regarding

7

the contents of this declaration, I could and would competently testify thereto.

8

**Newly Adduced Facts Regarding Disbursements Through the Lien Release Escrow Agreement**

9

    2.    Pursuant to the 2004 Order and Subpoena, on May 16 and 20 and June 17, 2011, the

10

Examinees produced some, but by no means all, documents required to be produced by them.  On

11

June 7, 2011, I conducted the oral 2004 Examination of Bruce Cook, designated by Examinees to be

12

the person most knowledgeable as to the topics set forth in the 2004 Order and Subpoena.

13

    3.    At present, only a rough draft of Mr. Cook's testimony is available, a copy of which

14

is lodged concurrently herewith.  Relevant excerpts of the rough draft of Mr. Cook's testimony and

15

copies and pertinent portions of the produced documents are attached as exhibits hereto.

16

    4.    Based upon the partial production by Examinees to date and the testimony of Mr.

17

Cook, the following new evidence has been adduced:

18

**Payment of $1,419,698.00 to Greenfield Communications**

19

    5.    Greenfield Communications ("Greenfield") was paid $1,419,698.00 for the

20

installation of a fiber optic network in the Del Rio Project pursuant to a settlement agreement with

21

Del Rio, the produced copy of which is attached as **Exhibit "1."**  Greenfield in actuality performed

22

that work on behalf of another entity named Sunburst Communications LLC ("Sunburst"), which is

23

a joint venture between a Greenfield entity and an entity called SunCal FTTH, LLC ("SunCal

24

FTTH"), whose sole business is to be a joint venture member in Sunburst and whose manager is

25

Bruce Elieff (excerpts of Cook testimony attached hereto as **Exhibit "2"**).  According to Mr. Cook,

26

there was <u>no written contract</u> with the Debtor for the provision of the work performed by Greenfield

27

on the Del Rio Project (excerpts of Cook testimony attached hereto as **Exhibit "2"**).  Greenfield

28

would issue invoices for its services on a monthly basis, with an attachment detailing its services

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    broken down for construction supervision, construction hours for fiber optic installation/splicing and

2    customer service (excerpts of Cook testimony attached hereto as **Exhibit "2"**).  A typical monthly

3    invoice produced by Examinees is attached hereto as **Exhibit "3"**.

4         6.    The Open Accounts Payable Detail Ledger produced by the Debtor (a true and correct

5    copy of which is attached hereto as **Exhibit "4"** hereto) reflects monthly charges ranging between

6    $21,513.50 and $44,678.00 per month.  However, the Open Accounts Payable Detail Ledger also

7    reveals, outside of chronological order and with an uncharacteristic invoice number, a single invoice

8    dated October 21, 2008, shortly before the petition date, in the sum of $780,083.60.  That invoice, a

9    copy of which is attached hereto as **Exhibit "5"** contains a simple one-line description: "Fiber optic

10   installation/broadband infrastructure: $780,083.60."  Mr. Cook had no explanation for this

11   extraordinary invoice (excerpts of Cook testimony attached hereto as **Exhibit "2"**).  Nevertheless,

12   the entirety of the Greenfield claim was paid.

### Payment of SunCal Management's General Unsecured and Administrative Claims

14        7.    SunCal Management, LLC ("SunCal Management") was paid the entire amount of its

15   filed general unsecured and administrative claims totaling over $2.9 million, of which $2,531,205 is

16   asserted as monthly management fees under the terms of a development management agreement

17   ("DMA") between SunCal Management and Del Rio.  Attached hereto as **Exhibit "6"** is a copy of

18   the produced settlement agreement between Del Rio and SunCal Management.  SunCal

19   Management's general unsecured and amended secured claims are attached hereto as **Exhibits "7"**

20   and **"8"** respectively.

21        8.    Although Examinees did not produce a copy of the underlying DMA, review of other

22   DMA's produced by various other debtors typically call for the monthly management fee to be 3%

23   of the projected gross proceeds to be received from the sale of each subject development project and

24   3% of certain CFD proceeds related thereto.

25        9.    However, Mr. Cook could not state whether the management fees charged to the

26   Debtor were calculated pursuant to the terms of the DMA relating to the Del Rio Project, nor could

27   he provide any estimate as to the gross sales price of the Del Rio Property.  Mr. Cook further

28   testified that prior employees in SunCal Management's asset management department likely

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

prepared the monthly Management Fee calculation, but refused to state whether those individuals now work for related entity, Argent Management, nor otherwise identify their names (excerpts of Cook testimony attached hereto as **Exhibit "9."**)

**Apparent Overpayment of Management Fees to SunCal Management**

10.     As set forth in the *Motion to Compel Debtor North Orange Del Rio Land LLC to Assume or Reject Purchase Agreement* filed by Lennar Centex Del Rio Partners, LLC ("Lennar/Centex") [Docket No. 1999], Lennar/Centex purchased all of the Del Rio property (with the exclusion of the park land) for $142.5 million. Assuming that SunCal Management's Management Fee is calculated at 3% of the gross sale amount, it would be entitled to a Management Fee of $4,275,000 for that sale.

11.     Assuming that the sale of the park land to a City of Orange pursuant to the Acquisition Agreement is at a gross sales price of $23 million and that, at best, SunCal Management would be entitled to a Management Fee of 3% of that sum, an additional Management Fee of $690,000 would have been earned by SunCal Management.[5] Combining this amount with that earned on the sale of the property to Lennar/Centex, the total Management Fee which could arguably be payable to SunCal Management would be $4,965,000.

12.     SunCal Management's general unsecured and administrative claims (**Exhibits "7" and "8"**) hereto, seek payment for monthly Management Fees for the months it asserts it did not receive those fees. If one assumes that it did receive Management Fees for the months not included in its proof of claim (and therefore did not seek recompense for same), SunCal Management would appear to have been paid no less than $4,643,736 in Management Fees prepetition (2005: 3 unclaimed months at $200,000 = $600,000; 2006: 12 unclaimed months at $200,000 = $2,400,000; 2007: 7 unclaimed months at $200,000 = $1,400,000; and 2008: 5 unclaimed months at $48,747 = $243,736). In getting paid its general unsecured and administrative claims under the Lien Release Escrow Agreement of which $2,531,205 is asserted for Management Fees, SunCal Management appears to have been paid a total of $7,223,688 in Management Fees. However, as demonstrated

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[5] Since the purchase price is paid with CFD proceeds, based upon othr DMAs, it is unclear whether the Management Fee would be based upon the gross sale price or "net CFD" proceeds, which could result in a lower fee.

1  above, the maximum amount that appears to have been payable to SunCal Management was, at best,

2  $4,965,000.  Hence, it appears that SunCal Management was <u>overpaid</u> no less than no less than

3  $2,258,688 in Management Fees.

4  **Payment of $277,679.00 to the law firm of White & Case**

5       13.    A review of the Court's docket reveals that White & Case did not seek or obtain

6  approval to be a retained professional for the Debtor.  The produced settlement agreement between

7  the Debtor and White & Case (a true and correct copy of which is attached hereto as **Exhibit "10"**)

8  and Mr. Cook's testimony (excerpts of which are attached as **Exhibit "11"**) reveal that White &

9  Case was paid for legal services rendered both pre and post petition in defending mechanic's lien

10 foreclosure actions against the Debtor.  Mr. Cook further testified that White & Case would not be

11 able to file a valid mechanic's lien or lis pendens against the Debtor's property (**Exhibit "11"**).

12 **Non-Compliance with the 2004 Order by Del Rio and SunCal Management**

13      14.    On April 14, 2011, Lehman ALI filed its *Motion for Order Directing Federal Rule of*

14 *Bankruptcy Procedure 2004 Examinations of North Orange Del Rio Land, LLC and SunCal*

15 *Management, LLC and for Production of Documents* [Docket No. 1960].

16      15.    Over the strenuous objection of Del Rio and SunCal Management, on April 25, 2011,

17 the Court issued its Order granting the 2004 Motion, as submitted, including the designation of

18 documents to be produced by Del Rio and SunCal Management [Docket No. 1975] (the "2004

19 Order").  The 2004 Order required production of documents described in the 2004 Motion on May 4,

20 2011, and the examination of Bruce Cook and any designated persons most knowledgeable on May

21 23 and May 24, 2011.

22      16.    The day after the 2004 Order was entered, counsel for SunCal Management, on

23 behalf of that entity and the Debtor (collectively, the "Examinees") requested extensions of time

24 within which to produce documents responsive to the 2004 Order and witness examinations.  I

25 agreed with counsel that the responsive documents could be produced on May 16, 2011, and the

26 examinations could occur on June 7, 2011.  Pursuant to agreement with counsel for SunCal

27 Management, the 2004 subpoena was served on that entity by email on April 29, 2011 (**Exhibit "12"**

28 hereto).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

17.     Despite these agreements, on May 13, 2011, counsel for the Examinees advised me that there were technical difficulties in retrieving some responsive documents and that only a portion of the documents would be produced on May 16, 2011.

18.     On May 16, 2011, counsel for Examinees produced approximately 800 pages of documents partially responsive to the 2004 Order and advised that it would "update" me respecting the production of additional documents at a later date.

19.     However, counsel for Examinees also served a Response and Objections of SunCal Management, LLC and North Orange Del Rio Land, LLC to Subpoena for Rule 2004 Examination issued by Lehman ALI (the "Response and Objections"), a true and correct copy of which is attached hereto as **Exhibit "13."**  As can be seen, the Response and Objections purport to severely limit the scope of the documents ordered by the Court to be produced, including an abject refusal to produce drafts of the agreement which was altered after being approved by this Court.

20.     On May 18, 2011, I wrote counsel for Examinees regarding the impropriety of the Response and Objections and demanded written confirmation that the Examinees would produce documents as ordered by this Court, a true and correct copy of which is attached hereto as **Exhibit "14."**

21.     However, Examinees' response sent May 19, 2011, a true and correct copy of which is attached hereto as **Exhibit "15,"** merely reiterated a purported right to object to the categories of production and recited that documents pre-dating the Acquisition Order were irrelevant.

22.     As more fully set forth in my response to Examinees' reply, a copy of which is attached hereto as **Exhibit "16,"** SunCal Management's objections were not timely served under FRCP Rule 45, and Del Rio, as a Debtor not subject to subpoena, cannot assert any rights under FRCP Rule 45.  Further, because Del Rio's own motion for the Acquisition Order recites that the agreements sought to be approved were earlier modified to deal with the Del Rio bankruptcy and the various claims against the property in the CFD, drafts and communications regarding those modifications pre-dating the Acquisition Order are clearly relevant.

23.     Although Examinees produced additional partially responsive documents on May 20, 2011, they did <u>not</u> include any documents relating to drafts of the Operative Agreements prior to

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   March 16, 2010 and communications relating thereto nor any documents relating to the post-

2   Acquisition Order revisions to the Lien Release Escrow Agreement, drafts thereof or

3   communications relating thereto.  Further, Examinees have yet to produce all of the documents they

4   had "agreed" to produce in response to the 2004 Order.

5   **Efforts to Comply With Local Bankruptcy Rule 7026-1(c)(3)**

6       24.    Because counsel for Lehman and the Examinees had already met and conferred

7   telephonically regarding the categories of documents to be included in a 2004 Examination Order as

8   required prior to the date the 2004 Order was entered containing the exact same categories of

9   documents as discussed, and the parties having reached an impasse, as reflected in their above

10  referenced correspondence dated May 18, 19 and 20, on May 27, 2011, I forwarded a draft discovery

11  dispute stipulation pursuant to LBR 2026-1(c)(3) to Examinees' counsel requesting that Examinees

12  provide their input as to their positions as to the disputed document categories.  A true and correct

13  copy of that transmission is attached hereto and incorporated herein as **Exhibit "17."**

14      25.    Rather than provide their input, however, counsel for Examinees demanded that I first

15  send a letter pursuant to LBR 2026-2(c) requesting a meeting to further "meet and confer," to which

16  Examinees would respond within seven (7) days.  I responded that I did not believe an additional

17  "meet and confer" was required.  Nevertheless, on June 2, 2011, counsel for Examinees and I

18  conducted a telephonic "meet and confer" in which Examinees again stuck to their objections.  As

19  reflected in correspondence from counsel for Examinees dated June 2, 2011 (**Exhibit "18"** hereto)

20  and my response dated June 10, 2011 (**Exhibit "19"** hereto), the impasse continued to exist.

21  However, counsel for Examinees refused to provide his input into a discovery dispute stipulation

22  unless I first provided Lehman's positions as to the disputed document categories, even before

23  knowing what Examinee's positions would ultimately be.

24      26.    By reason of counsel for Examinees refusal to provide his input for the stipulation

25  without first seeing Lehman's refutation of same, I prepared a Separate Dispute Statement which is

26  filed concurrently herewith.

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:239633.2 52063-001                                20

1        I declare under penalty of perjury pursuant to the laws of the United States and the State of

2    California that the above is true and correct to the best of my knowledge.  Executed at Los Angeles,

3    California this 20th day of June, 2011.

4

5

6    Steven J. Kahn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:239633.2 52063-001

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 08-17206-ES |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as *MOTION OF LEHMAN ALI, INC. TO COMPEL COMPLIANCE WITH RULE 2004 ORDER AND SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF STEVEN J. KAHN IN SUPPORT THEREOF* will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____June 20, 2011_____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____June 20, 2011_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Overnight Delivery]
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____June 20, 2011_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

(1) Gen'l Counsel for Voluntary Debtors:
  Paul Couchot - pcouchot@winthropcouchot.com
  Marc J Winthrop - pj@winthropcouchot.com
  Paul Lianides - plianides@winthropcouchot.com
(2) Debtors (Palmdale Hills Property, LLC and related entities):
  bcook@suncal.com
(3) Counsel for SunCal Management:
  Ronald Rus – rrus@rusmiliband.com
(4) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
  Louis Miller - smiller@millerbarondess.com
  Martin Pritikin – mpritikin@millerbarondess.com
(5) Gen'l Counsel for Ch. 11 Trustee (Speier):
  William Lobel - wlobel@thelobelfirm.com
  Mike Neue - mneue@thelobelfirm.com
(6) Ch. 11 Trustee (c/o Squar Milner):
  Steven N. Speier - sspeier@squarmilner.com; ca85@ecfcbis.com
(7) Office of the United States Trustee:
  Michael Hauser - michael.hauser@usdoj.gov

(8) Counsel for Voluntary Debtors' Committee:
  Alan Friedman - afriedman@irell.com
  Kerri A Lyman - klyman@irell.com
(9) Counsel for Trustee Debtors' Committee:
  Lei Lei Wang Ekvall - lekvall@wgllp.com
  Hutchison B Meltzer - hmeltzer@wgllp.com
(10) Counsel for Bond Safeguard & Lexon
  Mark J Krone - mk@amclaw.com, crs@amclaw.com;
  amc@amclaw.com

Edward Soto - Edward.soto@weil.com; odalys.smith@weil.com;
lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Alfredo R. Perez – alfredo.perez@weil.com
Chauncey Cole – chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Mark McKane - mark.mckane@kirkland.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 20, 2011 | Sherry Ploussard | /s/ Sherry Ploussard |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

## I. SERVED BY NEF

**8:08-bk-17206-ES Notice will be electronically mailed to:**

(1) Selia M Acevedo for Atty Miller Barondess LLP
sacevedo@millerbarondess.com, mpritikin@millerbarondess.com

(2) Joseph M Adams for Def The City of San Juan Capistrano
jadams@sycr.com

(3) Raymond H Aver for Debtor Palmdale Hills Property, LLC
ray@averlaw.com

(4) James C Bastian for Cred ARB, Inc.
jbastian@shbllp.com

(5) Thomas Scott Belden for Def Zim Industries, Inc. dba Bakersfield
Well & Pump
sbelden@kleinlaw.com, ecf@kleinlaw.com

(6) John A Boyd for Int Pty Oliphant Golf Inc
fednotice@tclaw.net

(7) Mark Bradshaw for Int Pty Courtesy NEF
mbradshaw@shbllp.com

(8) Gustavo E Bravo for Cred Oliphant Golf, Inc.
gbravo@smaha.com

(9) Jeffrey W Broker for Cred Bond Safeguard Ins Co
jbroker@brokerlaw.biz

(10) Brendt C Butler for Cred EMR Residential Properties LLC
BButler@mandersonllp.com

(11) Andrew W Caine for Cred Lehman ALI, Inc.
acaine@pszyjw.com

(12) Carollynn Callari for Cred Danske Bank A/S London Branch
ccallari@venable.com

(13) Cathrine M Castaldi for Cred SunCal Management, LLC
ccastaldi@rusmiliband.com

(14) Tara Castro Narayanan for Int Pty Courtesy NEF
tara.narayanan@msrlegal.com, lisa.king@msrlegal.com

(15) Dan E Chambers for Cred EMR Residential Properties LLC
dchambers@jmbm.com

(16) Shirley Cho for Cred Lehman ALI, Inc.
scho@pszjlaw.com

(17) Vonn Christenson for Int Pty Courtesy NEF
vrc@paynefears.com

(18) Brendan P Collins for Cred Grayl CPB, LLC
bpcollins@bhfs.com

(19) Vincent M Coscino for Petitioning Cred CST Environmental Inc
vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

(20) Paul J Couchot for Cred SCC Acquisitions, Inc.
pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;sconnor@winthropcouchot.com

(21) Jonathan S Dabbieri for Int Pty Courtesy NEF
dabbieri@sullivan.com,
hill@sullivanhill.com;mcallister@sullivanhill.com;
stein@sullivanhill.com;vidovich@sullivanhill.com

(22) Ana Damonte for Cred Top Grade Construction, Inc.
ana.damonte@pillsburylaw.com

(23) Vanessa S Davila for Cred Bond Safeguard Ins Co
vsd@amclaw.com

(24) Melissa Davis for Cred City of Orange
mdavis@shbllp.com

(25) Daniel Denny for Int Pty Courtesy NEF
ddenny@gibsondunn.com

(26) Caroline Djang for Cred Lehman ALI, Inc.
crd@jmbm.com

(27) Donald T Dunning for Cred Hertz Equipment Rental Corp
ddunning@dunningLaw.com

(28) Meredith R Edelman on behalf of Interested Party Courtesy NEF
meredith.edelman@dlapiper.com

(29) Joseph A Eisenberg for Cred Lehman ALI, Inc.
jae@jmbm.com

(30) Lei Lei Wang Ekvall for Atty Weiland Golden Smiley Wang
Ekvall & Strok, LLP
lekvall@wgllp.com

(31) Richard W Esterkin for Debtor Palmdale Hills Property, LLC
resterkin@morganlewis.com

(32) Marc C Forsythe for Atty Robert Goe
kmurphy@goeforlaw.com

(33) Alan J Friedman for Atty Irell & Manella LLP
afriedman@irell.com

(34) Steven M Garber for Cred Park West Landscape, Inc
steve@smgarberlaw.com

(35) Christian J Gascou for 3rd Party Pltf Arch Ins Co
cgascou@gascouhopkins.com

(36) Barry S Glaser for Cred County of Los Angeles
bglaser@swjlaw.com

(37) Robert P Goe for Atty Robert Goe
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;mforsythe@goeforlaw.com

(38) Eric D Goldberg for Int Pty Courtesy NEF
egoldberg@stutman.com

(39) Richard H Golubow for Debtor Palmdale Hills Property, LLC
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

(40) Michael J Gomez for Int Pty Central Pacific Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

(41) Kelly C Griffith for Cred Bond Safeguard Ins Co
bkemail@harrisbeach.com

(42) Matthew Grimshaw for Int Pty City Of Torrance
mgrimshaw@rutan.com

(43) Kavita Gupta for Debtor Palmdale Hills Property, LLC
kgupta@winthropcouchot.com

(44) Asa S Hami for Debtor Palmdale Hills Property, LLC
ahami@morganlewis.com

(45) Michael J Hauser for U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

(46) D Edward Hays for Cred Villa San Clemente, LLC
ehays@marshackhays.com

(47) Michael C Heinrichs for Int Pty Courtesy NEF
mheinrichs@omm.com

(48) Harry D. Hochman for Cred Lehman ALI, Inc.
hhochman@pszjlaw.com, hhochman@pszjlaw.com

(49) Jonathan M Hoff for 3rd Party Pltf Jt Prov Liquidators
of Lehman RE Ltd
jonathan.hoff@cwt.com

(50) Nancy Hotchkiss for Cred Murray Smith & Associates Engineering
nhotchkiss@trainorfairbrook.com

(51) Michelle Hribar for Pltf EMR Residential Properties LLC
mhribar@rutan.com

(52) John J Immordino for Cred Arch Ins Co.
john.immordino@wilsonelser.com,
raquel.burgess@wilsonelser.com

(53) Lawrence A Jacobson for Cred BKF Engineers
laj@cohenandjacobson.com

(54) Michael J Joyce for Int Pty Courtesy NEF
mjoyce@crosslaw.com

(55) Stephen M Judson for Petitioning Cred The Professional Tree
Care Co
sjudson@fablaw.com

(56) Kaleb L Judy for Def Zim Industries, Inc. dba Bakersfield Well
& Pump
ecf@kleinlaw.com, kjudy@kleinlaw.com

(57) Steven J Kahn for Cred Lehman ALI, Inc.
skahn@pszyjw.com

(58) Sheri Kanesaka for Cred California Bank & Trust
sheri.kanesaka@bryancave.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,
                                                                                Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

(59) David I Katzen for Int Pty Bethel Island Muni Imp District
katzen@ksfirm.com

(60) Christopher W Keegan for Cred SC Master Holdings II LLC
ckeegan@kirkland.com,
gdupre@kirkland.com;alevin@kirkland.com

(61) Payam Khodadadi for Debtor Palmdale Hills Property, LLC
pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

(62) Irene L Kiet for Cred BNB Engineering, Inc.
ikiet@hkclaw.com

(63) Claude F Kolm for Cred County of Alameda Tax Collector
claude.kolm@acgov.org

(64) Mark J Krone for Cred Bond Safeguard Ins Co
mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

(65) David B Lally for Def Contracting Engineers, Inc.
davidlallylaw@gmail.com

(66) Leib M Lerner for Cred Steiny and Co, Inc.
leib.lerner@alston.com

(67) Peter W Lianides for Debtor Palmdale Hills Property, LLC
plianides@winthropcouchot.com, pj@winthropcouchot.com

(68) Charles Liu for Debtor Palmdale Hills Property, LLC
cliu@winthropcouchot.com

(69) Kerri A Lyman for Atty Irell & Manella LLP
klyman@irell.com

(70) Mariam S Marshall for Cred RGA Environmental, Inc.
mmarshall@marshallramoslaw.com

(71) Robert C Martinez for Cred TC Construction Co, Inc
rmartinez@mclex.com

(72) Michael D May for Cred R.J. Noble Co.
mdmayesq@verizon.net

(73) Hutchison B Meltzer for Cred Com Holding Unsecured Claims
hmeltzer@wgllp.com

(74) Krikor J Meshefejian for Int Pty Courtesy NEF
kjm@lnbrb.com

(75) Joel S. Miliband for Cred RBF CONSULTING
jmiliband@rusmiliband.com

(76) James M Miller for Atty Miller Barondess LLP
jmiller@millerbarondess.com, vgunderson@millerbarondess.com

(77) Louis R Miller for Pltf Palmdale Hills Property, LLC
smiller@millerbarondess.com

(78) Randall P Mroczynski for Def Bob McGrann Construction, Inc.
randym@cookseylaw.com

(79) Mike D Neue for Atty The Lobel Firm, LLP
mneue@thelobelfirm.com,
jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

(80) Robert Nida for Cred Kirk Negrete, Inc
Rnida@castlelawoffice.com

(81) Henry H Oh for 3rd Party Pltf Jt Prov Liquidators of
Lehman RE Ltd
henry.oh@dlapiper.com, janet.curley@dlapiper.com

(82) Sean A Okeefe for Debtor Palmdale Hills Property, LLC
sokeefe@okeefelc.com

(83) Robert B Orgel for Cred Lehman ALI, Inc.
rorgel@pszjlaw.com, rorgel@pszjlaw.com

(84) Malhar S Pagay for Cred Lehman ALI, Inc.
mpagay@pszjlaw.com, mpagay@pszjlaw.com

(85) Penelope Parmes for Cred EMR Residential Properties LLC
pparmes@rutan.com

(86) Ronald B Pierce for Cred Griffith Co
ronald.pierce@sdma.com

(87) Katherine C Piper for Int Pty New Anaverde LLC
kpiper@steptoe.com

(88) Cassandra J Richey for Cred Patricia I Volkerts, as Trustee, et al
cmartin@pprlaw.net

(89) James S Riley for Cred Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

(90) Debra Riley for Int Pty City of Palmdale
driley@allenmatkins.com

(91) Todd C. Ringstad for Int Pty Courtesy NEF
becky@ringstadlaw.com

(92) R Grace Rodriguez for Def O&B Equipment, Inc.
ecf@lorgr.com

(93) Martha E Romero for Cred California Taxing Authorities
Romero@mromerolawfirm.com

(94) Ronald Rus for Cred SunCal Management, LLC
rrus@rusmiliband.com

(95) John P Schafer for Cred LB/L-DUC III Bethel Island, LLC
jschafer@mandersonllp.com

(96) John E Schreiber for Def Fenway Capital, LLC
jschreiber@dl.com

(97) William D Schuster for Cred HD Supply Construction Supply LTD
bills@allieschuster.org

(98) Christopher P Simon for Int Pty Courtesy NEF
csimon@crosslaw.com

(99) Wendy W Smith for Cred Castaic Union School District
wendy@bindermalter.com

(100) Steven M Speier (TR)
Sspeier@asrmanagement.com, ca85@ecfcbis.com

(101) Steven M Speier for Trustee Steven Speier (TR)
Sspeier@Squarmilner.com, ca85@ecfcbis.com

(102) Michael St James for Cred MBH Architects, Inc.
ecf@stjames-law.com

(103) Michael K Sugar for Off Committee of Unsecured Creds
msugar@irell.com

(104) Cathy Ta for Def Hi-Grade Material Co.
cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com

(105) David A Tilem for Def Southland Pipe Corp
davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;
dianachau@tilemlaw.com;kmishigian@tilemlaw.com

(106) James E Till for Trustee Steven Speier (TR)
jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;
pnelson@thelobelfirm.com

(107) United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

(108) Carol G Unruh for Cred Scott E. McDaniel
cgunruh@sbcglobal.net

(109) Annie Verdries for Cred WEC Corp
verdries@lbbslaw.com

(110) Jason Wallach for Def Professional Pipeline Contractors, Inc.
jwallach@gladstonemichel.com

(111) Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
kim.johnson@kattenlaw.com

(112) Marc J Winthrop for Debtor Palmdale Hills Property, LLC
mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

(113) David M Wiseblood for Cred Bethel Island Muni Imp District
dwiseblood@seyfarth.com

(114) Brett K Wiseman for Cred JF Shea Construction Inc
bwiseman@aalaws.com

(115) Dean A Ziehl for Counter-Def LV Pacific Point LLC
dziehl@pszjlaw.com, dziehl@pszjlaw.com

(116) Marc A. Zimmerman for Creditor Life Church of God in Christ
joshuasdaddy@att.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE