1

PAUL J. COUCHOT -- State Bar No. 131934
WINTHROP COUCHOT, P.C.

2

660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660

3

Telephone: (949) 720-4100
Facsimile: (949) 720-4111

4

General Insolvency Counsel for Palmdale Hills
Property, LLC et. al. (the "Voluntary Debtors")

5

6

RONALD RUS - State Bar No. 67369
JOEL S. MILIBAND - State Bar No. 77438
RUS MILIBAND & SMITH A PROFESSIONAL

7

CORPORATION
2211 Michelson Drive, Seventh Floor

8

Irvine, California 92612
Telephone: (949) 752-7100

9

Facsimile: (949) 252-1514

10

Counsel for SunCal Management LLC and
SCC Acquisitions Inc.

11

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

12

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:08-bk-17206-ES |
| PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS, | Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; |
| Joint Administered Debtors and Debtors-in-Possession | 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; |

13

14

15

16

Affects:

17

☐ All Debtors

☐ Palmdale Hills Property, LLC

18

☐ SunCal Beaumont Heights, LLC

19

☐ SCC/Palmdale, LLC

☐ SunCal Johannson Ranch, LLC

20

☐ SunCal Summit Valley, LLC

21

☐ SunCal Emerald Meadows LLC

☐ SunCal Bickford Ranch, LLC

22

☐ Acton Estates, LLC

23

☐ Seven Brothers LLC

☐ SJD Partners, Ltd.

24

☐ SJD Development Corp.

25

☐ Kirby Estates, LLC

☐ SunCal Communities I, LLC

26

☐ SunCal Communities III, LLC

27

☐ SCC Communities LLC

☐ North Orange Del Rio Land, LLC

28

☐ Tesoro SF LLC

8:08-bk-17249-ES; 8:08-bk-17573-ES;
8:08-bk-17574 ES; 8:08-bk-17575-ES;
8:08-bk-17404-ES; 8:08-bk-17407-ES;
8:08-bk-17408-ES; 8:08-bk-17409-ES;
8:08-bk-17458-ES; 8:08-bk-17465-ES;
8:08-bk-17470-ES; 8:08-bk-17472-ES;
and 8:08-bk-17588-ES

Chapter 11 Proceedings

**FIRST AMENDED CHAPTER 11 PLAN**
**FILED BY SUNCAL PLAN PROPONENTS**
**IN THE CHAPTER 11 CASE OF SUNCAL**
**CENTURY CITY, LLC**

Date:       July 22, 2011
Time:      11:00 a.m.
Place:     Courtroom 5A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Continued from Previous Page*

☐ LBL-SunCal Oak Valley, LLC
☐ SunCal Heartland, LLC
☐ LBL-SunCal Northlake, LLC
☐ SunCal Marblehead, LLC
☒ SunCal Century City, LLC
☐ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
☐ SunCal Torrance, LLC
☐ SunCal Oak Knoll, LLC

# TABLE OF CONTENTS

**PAGE**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 2 |
| II. | DEFINITIONS AND RULES OF INTERPRETATION | 3 |
| | 2.1    Definitions | 3 |
| | 2.2    Rules of Construction | 18 |
| | 2.3    Exhibits | 19 |
| III. | TREATMENT OF UNCLASSIFIED CLAIMS | 19 |
| | 3.1    Introductions | 19 |
| | 3.2    Treatment of Allowed Administrative Claims | 20 |
| | 3.3    Administrative Claims Bar Date | 20 |
| | 3.4    Treatment of Priority Unsecured Tax Claims | 21 |
| IV. | CLASSIFICATION OF CLAIMS AND INTERESTS | 21 |
| V. | THE PLAN'S TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS | 22 |
| | 5.1    The Plan's Treatment of Holders of General Unsecured Claims (Class 1.1) | 22 |
| | 5.2    The Plan's Treatment of Holders of Allowed Interests | 22 |
| VI. | ACCEPTANCE OR REJECTION OF THE PLAN | 23 |
| | 6.1    Introduction | 23 |
| | 6.2    Who May Object to Confirmation of the Plan | 23 |
| | 6.3    Who May Vote to Accept/Reject the Plan | 23 |
| | 6.4    What Is an Allowed Claim/Interest | 23 |
| | 6.5    What Is an Impaired Class | 24 |
| | 6.6    Who Is Not Entitled to Vote | 24 |
| | 6.7    Who Can Vote in More than One Class | 24 |
| | 6.8    Votes Necessary for a Class to Accept the Plan | 25 |
| | 6.9    Treatment of Nonaccepting Classes | 25 |
| | 6.10   Request for Confirmation Despite Nonacceptance by Impaired Class(es) | 25 |
| VII. | MEANS OF EXECUTION AND IMPLEMENTATION OF THE PLAN | 25 |
| | 7.1    Introduction | 25 |
| | 7.2    Removal of Trustee | 26 |
| | 7.3    Transfer of Property To The Plan Trust | 26 |
| | 7.5    Purpose of the Plan Trust Assets After Effective Date | 26 |
| | 7.6    Operations of the Plan Trust | 27 |
| | 7.7    The Plan Trustee | 27 |
| | 7.8    Payment of Trust Expenses | 27 |
| | 7.9    Plan Distribution System | 27 |
| | 7.10   Claims Estimation Rights | 28 |

-i-

| | 7.11 | No Payment of Transfer-Related Fees to the United States Trustee | 28 |
|---|---|---|---|
| | 7.12 | No Payment of Transfer-Related Fees to the Trustee | 28 |
| | 7.13 | Books and Records of Trust | 28 |
| | 7.14 | Limitations on Liability | 29 |
| | 7.15 | Federal Income Tax Treatment of the Holders of Plan Trust Beneficial Interests | 29 |
| | 7.16 | Termination of the Trust | 30 |
| | 7.17 | Exemption from Certain Transfer Taxes | 31 |
| | 7.18 | Tax Consequence of The Plan | 31 |
| | 7.19 | The Plan Sponsor | 31 |
| | 7.20 | The Trustee Debtors' Committee. | 31 |
| | 7.21 | Duties and Powers | 31 |
| | 7.22 | Dissolution of Committee | 32 |
| | 7.22 | Litigation Claims | 32 |
| | 7.23 | Collection of Litigation Recoveries | 32 |
| VIII. | RISK FACTORS | | 33 |
| | 8.1 | Plan Risks | 33 |
| | 8.2 | The Plan May Not be Accepted or Confirmed | 33 |
| | 8.3 | Adverse Outcome of Pending Litigation | 33 |
| IX. | DISTRIBUTIONS | | 33 |
| | 9.1 | Distribution Agent | 33 |
| | 9.2 | Distributions | 34 |
| | | 9.2.1 Dates of Distributions | 34 |
| | | 9.2.2 Limitation on Liability | 34 |
| | 9.3 | Old Instruments and Securities | 34 |
| | | 9.3.1 Surrender and Cancellation of Instruments and Securities | 34 |
| | | 9.3.2 Cancellation of Liens | 34 |
| | | 9.3.3 De Minimis Distributions and Fractional Shares | 35 |
| | | 9.3.4 Delivery of Distributions | 35 |
| | | 9.3.5 Undeliverable Distributions | 35 |
| | | 9.3.6 Disposition of Unclaimed Property | 36 |
| X. | OBJECTION TO CLAIMS AND DISPUTE CLAIMS | | 36 |
| | 10.1 | Standing for Objections to Claims | 36 |
| | 10.2 | Treatment of Disputed Claims and Disputed Liens | 37 |
| | | 10.2.1 No Distribution Pending Allowance | 37 |
| | | 10.2.2 Distribution After Allowance | 37 |
| XI. | EXECUTORY CONTRACTS AND UNEXPIRED LEASES | | 37 |
| | 11.1 | Executory Contracts Being Assumed | 37 |
| | 11.2 | Executory Contracts Being Rejected | 37 |
| | 11.3 | Bar Date for Rejection Damages | 37 |
| | 11.4 | Changes in Rates Subject to Regulatory Commission Approval | 38 |
| XII. | LIMITATION OF LIABILITY | | 38 |

-ii-

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

XIII.   CONDITIONS TO CONFIRMATION AND EFFECTIVENESS
        OF THE PLAN .................................................................................... 38
        13.1   Conditions Precedent to Plan Confirmation ................................. 38
        13.2   Conditions Precedent to Plan Effectiveness ................................ 38

XIV.    RETENTION OF JURISDICTION ........................................................ 39

XV.     MODIFICATION OR WITHDRAWAL OF THE PLAN ........................ 39
        151    Modification of Plan .................................................................... 39
        15.2   Nonconsensual Confirmation ...................................................... 39

XVI.    MISCELLANEOUS ............................................................................. 39
        16.1   Payment of Statutory Fees ........................................................... 39
        16.2   Payment Dates .............................................................................. 40
        16.3   Headings ....................................................................................... 40
        16.4   Other Documents and Actions ...................................................... 40
        16.5   Notices .......................................................................................... 40
        16.6   Governing Law .............................................................................. 41
        16.7   Binding Effect ............................................................................... 41
        16.8   Successors and Assigns ................................................................ 41
        16.9   Severability of Plan Provisions .................................................... 41
        16.10  No Waiver ..................................................................................... 42
        16.11  Inconsistencies ............................................................................. 42
        16.12  Exemption from Certain Transfer Taxes and Recording Fees ....... 42
        16.13  Post-Confirmation Status Report ................................................. 42
        16.14  Post-Confirmation Conversion/Dismissal .................................. 43
        16.15  Final Decree ................................................................................. 43

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

# I.

## INTRODUCTION

This PLAN[1] is filed by Acquisitions, as the SunCal Plan Proponents, in the Chapter 11 Case SunCal Century City. In addition to being the proponent, Acquisitions is the Plan Sponsor, the Plan Trustee of the Plan Trust, and the Distribution Agent for all of the Debtors' cases for such Plans that are confirmed.

Chapter 11 allows debtors-in-possession, Chapter 11 trustees, and under some circumstances, creditors, interest holders and others parties in interest, to propose a Chapter 11 plan. As stated, the SunCal Plan Proponents are the proponents of the Plan sent to you in the same envelope as the Disclosure Statement. This document summarizes the contents of the Plan, certain information relating to the Plan and the process the Bankruptcy Court follows in determining whether or not to confirm the Plan.

In summary, the Plan provides for the prosecution andrecovery of the proceeds of the SunCal Century City Preference Claim against Lehman ALI and the distribution of the remaining proceeds of the 10,000 Santa Monica Project (formerly owned by SunCal Century City) to Creditors holding Allowed Claims, and potentially Holders of Interests, in accordance with their rights and priorities under the Bankruptcy Code and under other applicable law.

The Plan is accompanied by the "Disclosure Statement Describing Chapter 11 Plan Filed by SunCal Plan Proponents In The Chapter 11 Case Of SunCal Century City" (the "Disclosure Statement"). The Disclosure Statement has been approved by the Court. It is being provided along with this Plan in order to provide you with critical information about the Debtors and to help you understand this Plan.

The Disclosure Statement discusses the Debtors' history, businesses, properties, and results of operations and contains a summary and discussion of this Plan. Holders of Claims and Interests and parties to executory contracts and unexpired leases are encouraged to read the Disclosure Statement. No solicitation materials, other than the Disclosure Statement and related materials

---

[1] All defined terms used herein have the same meanings as set forth in Article II herein and Exhibit "1" attached to the Disclosure Statement.

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1  transmitted therewith and approved for solicitation purposes by the Court, have been authorized for
2  use in soliciting acceptances or rejections of this Plan.

3  **II.**

4  **DEFINITIONS AND RULES OF INTERPRETATION**

5  **2.1    Definitions.**

6  The following defined terms are used in this Plan. Any capitalized term that is not defined
7  herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning
8  ascribed to that term in the Bankruptcy Code or Bankruptcy Rules.

9  2.1.1    10,000 Santa Monica Project. The Project formerly owned by SunCal
10  Century City, located in the City of Century City, California, as more particularly described herein.

11  2.1.2    Acquisitions. SCC Acquisitions, Inc., a California corporation, an indirect
12  parent company of all of the Debtors, a purported obligor on the Bond Claims, a Creditor of all of
13  the Debtors, a SunCal Plan Proponent, the Plan Sponsor and the proposed Plan Trustee.

14  2.1.3    Administrative Claim(s). Any Claim against SunCal Century City or its
15  Estate incurred after the applicable Petition Date for SunCal Century City but before the
16  Confirmation Date, for any cost or expense of administration of the Case of SunCal Century City,
17  which Claim is entitled to priority under section 507(a)(2) or (3) of the Bankruptcy Code,
18  including, without limitation, any fee or charge assessed against an Estate of SunCal Century City
19  under section 1930 of Title 28 of the United States Code.

20  2.1.4    Administrative Claims Bar Date. The last date fixed by the Plan for the
21  filing of Proof of Claims or requests for payment of Administrative Claims. Under the Plan, the
22  Administrative Claims Bar Date shall be the first business day after the sixtieth (60th) day after the
23  Confirmation Date.

24  2.1.5    Affiliate. The term shall have the meaning set forth under Section 101(2),
25  including, but not limited to, as to any Person, any other Person that directly or indirectly owns or
26  controls, is owned or controlled by, or is under common ownership or control with, such Person.
27  The term "control" (including, with correlative meanings, the terms "controlled by" and "under
28  common control with"), as applied to any Person, means the possession, direct or indirect, of the

-3-

1 power to direct or cause the direction of the management and policies of such Person, whether

2 through the ownership of voting securities or other equity ownership interest, by contract or

3 otherwise.

4   2.1.6   Allowed. When used to describe Claim(s) or Interest(s), such Claim(s) or

5 Interest(s), to the extent that it or they are "Allowed Claim(s)" or "Allowed Interest(s)."

6   2.1.7   Allowed Amount shall mean:

7     A.   With respect to any Administrative Claim (i) if the Claim is based

8 upon a Fee Application, the amount of such Fee Application that has been approved by a Final

9 Order of the Bankruptcy Court; (ii) if the Claim is based upon any indebtedness or obligation

10 incurred in the ordinary course of business of SunCal Century City and is not otherwise subject to

11 an Administrative Claim Bar Date, the amount of such Claim that has been agreed to by SunCal

12 Century City and such creditor, failing which, the amount thereof as fixed by a Final Order of the

13 Bankruptcy Court; or (iii) if the Holder of such Claim was required to file and has filed proof

14 thereof with the Bankruptcy Court prior to an Administrative Claim Bar Date, (1) the amount

15 stated in such proof if no objection to such Proof of Claim is interposed within the applicable

16 period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court, or

17 (2) the amount thereof as fixed by Final Order of the Bankruptcy Court if an objection to such

18 proof was interposed within the applicable period of time fixed by the Bankruptcy Code, the

19 Bankruptcy Rules or the Bankruptcy Court. The Allowed Amount of any Administrative Claim

20 which is subject to an Administrative Claims Bar Date and not filed by the applicable

21 Administrative Claims Bar Date shall be zero, and no distribution shall be made on account of any

22 such Administrative Claim;

23     B.   with respect to any Claim which is not an Administrative Claim

24 (the "Other Claim"): (i) if the Holder of such Other Claim did not file proof thereof with the

25 Bankruptcy Court on or before the Claims Bar Date, the amount of such Claim as listed in SunCal

26 Century City's Schedules as neither disputed, contingent nor unliquidated; or (ii) if the Holder of

27 such Claim has filed proof thereof with the Bankruptcy Court on or before the Claims Bar Date,

28 (a) the amount stated in such proof if no objection to such Proof of Claim was interposed within

-4-

1  the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules, the Plan or the

2  Bankruptcy Court, or (b) the amount thereof as fixed by Final Order of the Bankruptcy Court if an

3  objection to such proof was interposed within the applicable period of time fixed by the

4  Bankruptcy Code, the Bankruptcy Rules, the Plan or the Bankruptcy Court. The Allowed Amount

5  of any Other Claim which is not Filed by the applicable Claims Bar Date, is not listed on SunCal

6  Century City's Schedules or is listed as disputed, unliquidated, contingent or unknown, and is not

7  allowed under the terms of this Plan shall be zero, and no distribution shall be made on account of

8  any such Claim; and

9              C.    with respect to any Interest, (i) the amount provided by or

10 established in the records of SunCal Century City at the Confirmation Date, provided, however,

11 that a timely filed proof of Interest shall supersede any listing of such Interest on the records of

12 SunCal Century City; or (ii) the amount stated in a proof of Interest Filed prior to the Confirmation

13 Date if no objection to such Interest was filed prior to the Confirmation Date or such later date as

14 the Bankruptcy Court allows; or (iii) the amount of such Interest as fixed by a Final Order of the

15 Bankruptcy Court.

16             2.1.8    Allowed Claim. Except as otherwise provided in the Plan (including with

17 respect to those Classes for which the amount of the Allowed Claims is specified by the Plan), a

18 Claim to the extent (and only to the extent) of the Allowed Amount of such Claim.

19             2.1.9    Allowed Interest. Any Interest to the extent, and only to the extent, of the

20 Allowed Amount of such Interest.

21             2.1.10    Allowed Secured Claims. All or a portion of a Secured Claim that is an

22 Allowed Claim.

23             2.1.11    Allowed Unsecured Claim. All or a portion of an Unsecured Claim that is

24 an Allowed Claim.

25             2.1.12    Assets. All assets that are property of the Debtor(s) pursuant to

26 Bankruptcy Code Section 541.

27             2.1.13    Arch. Arch Insurance Company, a Bond Issuer.

28

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1    2.1.14    Available Cash. SunCal Century City's Cash deposited into the applicable

2 Distribution Account(s) on or after the Effective Date that is available for making Distributions

3 under the Plan to Holders of Allowed Administrative, Priority, and General Unsecured Claims.

4 The Available Cash shall consist of SunCal Century City's cash on hand as of the Effective Date

5 that is not subject to a Disputed Lien, proceeds of Net Litigation Recoveries that are not subject to

6 a Disputed Lien, Net Sales Proceeds that become Available Cash upon the disallowance of a

7 Disputed Claim or avoidance of a Disputed Lien purportedly encumbering such Cash. All

8 Available Cash shall be deposited into the applicable Distribution Account(s). Available Cash

9 shall not include Net Sale Proceeds in the Net Sales Proceeds Account where the Disputed Secured

10 Claims are Allowed but subject to an equitable subordination judgment.

11    2.1.15    Avoidance Actions. All Claims and defenses to Claims accruing to

12 SunCal Century City and their Estates under Bankruptcy Code Sections 506(d), 510(c), 541, 544,

13 545, 547, 548, 549, 550, or 551.

14    2.1.16    Bankruptcy Code. The United States Bankruptcy Code.

15    2.1.17    Bankruptcy Court. The United States Bankruptcy Court for the Central

16 District of California, having jurisdiction over the Cases and, to the extent of any withdrawal of the

17 reference made pursuant to Section 157 of title 28 of the United States Code, the United States

18 District Court for the Central District of California; or, in the event such courts cease to exercise

19 jurisdiction over the Cases, such court or unit thereof that exercises jurisdiction over the Cases in

20 lieu thereof.

21    2.1.18    Bankruptcy Rules. Collectively, as now in effect or hereafter amended

22 and as applicable to the Cases, (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local

23 Bankruptcy Rules and General Orders applicable to cases pending before the Bankruptcy Court.

24    2.1.19    Beneficial Interests. means, collectively, the interests of the holders of

25 Allowed Unsecured Claims in the Plan Trust and in all distributions to be made by the Plan Trust

26 on account of Allowed Unsecured Claims. The Beneficial Interests (a) shall be noted in the books

27 and records of the Plan Trust, (b) shall not be evidenced by a writing, and (c) may not be

28 transferred, sold, assigned or transferred by will, intestate succession or operation of law.

-6-

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

2.1.20   Bond Claim(s). Any Claim against the Debtor(s) and a Bond Issuer under various payment or performance bonds, and/or any claims of Bond Issuer(s) against the Debtor(s) under various payment or performance bonds.

2.1.21   Business Day. Any day, other than a Saturday, a Sunday or a "legal holiday," as defined in Bankruptcy Rule 9006(a).

2.1.22   Case. The Chapter 11 case of SunCal Century City pending before the Bankruptcy Court.

2.1.23   Cash. Currency of the United States of America and cash equivalents, including, but not limited to, bank deposits, immediately available or cleared checks, drafts, wire transfers and other similar forms of payment.

2.1.24   Chapter 11 Trustee. Steven M. Speier, the duly appointed trustee of the Trustee Debtors in their pending Chapter 11 Cases.

2.1.25   Claim. This term shall have the broadest possible meaning under Section 101(5) of the Bankruptcy Code, and shall include (a) any right to payment from any of SunCal Century City, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from any of SunCal Century City, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.1.26   Claims Bar Date. For any Claim other than an Administrative Claim, March 31, 2009, which was established by the Bankruptcy Court as the last date for creditors to file Proof of Claims with the Bankruptcy Court in all of SunCal Century City's case.

2.1.27   Claims Objection Deadline. The later of (i) the first business day following the one hundred and eightieth (180th) day after the Effective Date, or (ii) such greater period of limitation as may be fixed or extended by the Bankruptcy Court or by agreement between the Plan Trustee and the Holder of the Claim.

1    2.1.28    Class. Each group of Claims or Interests classified in Article IV of the

2  Plan pursuant to Sections 1122 and 1123 of the Bankruptcy Code.

3    2.1.29    Confirmation Date. The date on which the Confirmation Order is entered

4  in the Bankruptcy Court's docket.

5    2.1.30    Confirmation Order. The order entered by the Bankruptcy Court

6  confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

7    2.1.31    Contingent Bond Claims. Unmatured Bond Claims.

8    2.1.32    Creditor. Any Person who is the Holder of a Claim against any Debtor

9  that arose or accrued or is deemed to have arisen or accrued or to have matured, or otherwise

10  become due, owing, and payable on or before the Petition Date, including, without limitation,

11  Claims of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code.

12    2.1.33    Debtor(s). Individually or collectively, the Voluntary Debtors and the

13  Trustee Debtors, as specifically defined in Exhibit "1" attached to the Disclosure Statement.

14    2.1.34    Debtor(s)-in-Possession. The Voluntary Debtor(s) when acting in their

15  capacity as representatives of their respective Estates in their respective Chapter 11 Cases.

16    2.1.35    Disclosure Statement. The document accompanying the Plan that is

17  entitled "First Amended Chapter 11 Plan Filed by SunCal Plan Proponents In The Chapter 11 Case

18  Of SunCal Century City" and with all accompanying exhibits.

19    2.1.36    Disputed Claim(s). All or any part of a Claim other than any Allowed

20  Amount thereof as to which any one of the following applies: (i) no Proof of Claim has been filed

21  with respect to such Claim, and either (a) the Claim is not listed in the Schedules; or (b) the Claim

22  is listed in the Schedules as unliquidated, disputed, contingent, unknown or in a zero amount,

23  (ii) the Claim is the subject of (a) a Litigation Claim; (b) the Claim is subject to offset by a

24  Litigation Claim; (c) a timely objection that has not been resolved by a Final Order; or (d) a request

25  for estimation in accordance with the Bankruptcy Code, the Bankruptcy Rules, any applicable

26  order of the Bankruptcy Court, or the Plan which is Filed on or before the Claims Objection

27  Deadline, which Adversary Proceeding, objection, or request for estimation has not been

28

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1   dismissed, withdrawn or determined by a Final Order; or (iii) the Claim is otherwise treated as a

2   "Disputed Claim" pursuant to the Plan.

3          2.1.37   Disputed Lien(s).  An asserted lien(s) against Assets of the Debtor(s) that

4   is either subject to a Disputed Secured Claim, not duly perfected, subject to an Avoidance Action,

5   or subject to an action pursuant to Bankruptcy Code Sections 510(c)(2) and/or 506(d).

6          2.1.38   Disputed Secured Claim(s). That part of a Disputed Claim that is a

7   Secured Claim.

8          2.1.39   Distribution(s).  Payments to Holders of Allowed Claims provided for

9   under the Plan.

10          2.1.40   Distribution Agent.  The entity that is responsible for making Distributions

11   under the Plan, which shall be Acquisitions.

12          2.1.41   Distribution Account(s).  Separate account(s) to be established by the Plan

13   Trustee at an FDIC insured bank into which SunCal Century City's Available Cash shall be

14   deposited and all Available Cash received by the Plan Trust after the Confirmation Date that would

15   have belonged to SunCal Century City shall be deposited, other than Net Sales Proceeds that are

16   subject to Disputed Claims and Disputed Liens.

17          2.1.42   Distribution Date.  With respect to any Allowed Claim or Allowed

18   Interest, the date on which a Distribution is required to be made under the Plan.

19          2.1.43   Effective Date. A date selected by the SunCal Plan Proponents that is not

20   later than the ninetieth (90th) calendar day after the Confirmation Date.

21          2.1.44   Elieff.  Bruce Elieff, the president of Acquisitions, a purported obligor on

22   the Bond Claims with corresponding indemnity Claims against the Debtors.

23          2.1.45   Estate.  The bankruptcy estate of SunCal Century City created pursuant to

24   Section 541 of the Bankruptcy Code.

25          2.1.46   Fee Applications.  Applications of Professional Persons under Sections

26   330, 331 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of

27   expenses in the Cases.

28

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1    2.1.47    Fee Claim. A Claim under Sections 330 or 503 of the Bankruptcy Code

2  for allowance of compensation and reimbursement of expenses in the Cases.

3    2.1.48    Filed. Delivered to, received by and entered upon the legal docket by the

4  Clerk of the Bankruptcy Court. "File" shall have a correlative meaning.

5    2.1.49    Final Order. A judgment, order, ruling or other decree issued and entered

6  by the Bankruptcy Court.

7    2.1.50    General Unsecured Claim. A Claim against SunCal Century City that is

8  not (a) a Secured Claim, (b) an Administrative Claim, (c) a Tax Claim or (d) a Priority Claim.

9    2.1.51    Holder. The beneficial owner of any Claim or Interest.

10    2.1.52    Insider. The term shall have the broadest meaning possible under

11  Section 101(31), including, but not limited to, a person in control of the Debtor, Affiliates and

12  Insiders of such Affiliates, including the Lehman Entities.

13    2.1.53    Interest. Any equity security interest in SunCal Century City within the

14  meaning, of Section 101(16) of the Bankruptcy Code, including, without limitation, any equity

15  ownership interest in any of SunCal Century City, whether in the form of common or preferred

16  stock, stock options, warrants, partnership interests, or membership interests.

17    2.1.54    LBHI. Lehman Brothers Holdings, Inc., a Lehman Entity, the parent

18  company of Lehman ALI and LCPI, and a Chapter 11 debtor in a bankruptcy proceeding pending

19  in the Bankruptcy Court for the Southern District of New York.

20    2.1.55    LCPI. Lehman Commercial Paper, Inc., a Chapter 11 debtor in a

21  bankruptcy proceeding pending in the Bankruptcy Court for the Southern District of New York.

22    2.1.56    Lehman Adversary Proceeding. The Debtors' pending adversary

23  proceeding against the Lehman Lenders and/or the Lehman Successors asserting various causes of

24  action including equitable subordination, fraudulent conveyances and preferential transfers.

25    2.1.57    Lehman ALI. Lehman ALI, Inc.

26    2.1.58    Lehman Entities. The Lehman Lenders, the Lehman Equity Members and

27  LBHI.

28

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1        2.1.59    Lehman Equity Members. Lehman Entities that own direct or indirect

2    membership Interests in all of the Trustee Debtors, except for SunCal Heartland and SunCal

3    Marblehead.

4        2.1.60    Lehman Lenders. Lehman ALI, LCPI, Northlake Holdings, and OVC

5    Holdings.

6        2.1.61    Lehman Disputed Loans. Collectively the following loans that are the

7    purported basis for the Lehman's Disputed Claims: (a) SunCal Communities I Loan Agreement;

8    (b) Bickford Second Loan Agreement; (c) Ritter Ranch Loan Agreement; (d) SCC Palmdale Loan;

9    (e) Interim Loan Agreement; (f) SunCal Oak Knoll/SunCal Torrance Loan Agreement; (g) SunCal

10   Century City Loan Agreement; (h) SunCal PSV Loan Agreement; (i) SunCal Delta Coves Loan

11   Agreement; (j) SunCal Marblehead/SunCal Heartland Loan Agreement; (k) Sun Cal Oak Valley

12   Loan Agreement; (l) SunCal Northlake Loan Agreement; (m) Pacific Point First Loan Agreement;

13   and (n) Pacific Point Second Loan Agreement.

14       2.1.62    Lehman Representatives. The individuals that controlled the Lehman

15   Entities.

16       2.1.63    Lehman Successor(s). Entities other than the Lehman Lenders that either

17   assert to be or are determined by the Bankruptcy Court to be the beneficial owner(s) of the Lehman

18   Disputed Loan(s), including, but not limited to Fenway Capital, Lehman Re and Danske Bank.

19       2.1.64    Lehman's Disputed Claim(s). All of the Proofs of Secured Claims filed by

20   a Lehman Lender or a Lehman Successor in the Debtors' Chapter 11 Cases arising from the

21   Lehman Disputed Loans and the Lehman Disputed Administrative Loans.

22       2.1.65    Lehman's Disputed Lien(s). All of the alleged liens relating to Proofs of

23   Secured Claims filed by a Lehman Lender or a Lehman Successor in the Debtor's Chapter 11

24   Cases arising from the Lehman Disputed Loans.

25       2.1.66    Lexon. Lexon Insurance Co.

26       2.1.67    Litigation Claims. Any and all interests of SunCal Century City in any

27   and all Claims, rights, causes of action, and objections or defenses to Claims, liens, rights, or

28   causes of action which have been or may be commenced by SunCal Century City, the Chapter 11

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1 Trustee, or the Trustee Debtors' Committee, as the case may be, including, but not limited to, any

2 (i) Avoidance Actions; (ii) for turnover of property to SunCal Century City's Estate and/or the Plan

3 Trust; (iii) for the recovery of property or payment of money that belongs to the Debtors' Estates or

4 the Plan Trust; (iv) the right to compensation in the form of damages, recoupment or setoff of the

5 Debtors' Estates and/or the Plan Trust; (v) the Lehman Adversary Proceeding; (vi) the State Court

6 Action, and (vii) any and all other Claims against Lehman's Disputed Claims and/or Disputed

7 Liens referenced in the Plan or the Disclosure Statement.

8         2.1.68   Litigation Recoveries. Any Cash or other property received by the

9 Chapter 11 Trustee and/or the Plan Trust as the case may be, from all or any portion of the SunCal

10 Century City Preference Claim.

11         2.1.69   Maximum Distributions. A Distribution to a Holder of an Allowed

12 General Unsecured Claim against SunCal Century City equal to one hundred percent (100%) of

13 the amount of the Holder's Allowed General Unsecured Claim plus interest at the Legal Rate from

14 and as of SunCal Century City's Petition Date.

15         2.1.70   MB Firm. Miller Barondess, LLP.

16         2.1.71   Mechanic Lien Claims. Mechanic Lien Claims arising pursuant to

17 California Civil Code §3110, et seq. that were either allegedly perfected prepetition or otherwise

18 allegedly satisfy the requirements of Bankruptcy Code 546(b).

19         2.1.72   Net Litigation Recoveries. Litigation Recoveries less associated

20 Administrative Claims and Post-Confirmation Expenses incurred in connection with such

21 Litigation Recoveries.

22         2.1.73   Net Sales Proceeds. The remaining Cash generated from the sale of the

23 10,000 Santa Monica Project or the Plan Trust's Assets, less payment of selling expenses, taxes,

24 Chapter 11 Trustee fees, and any associated Post-Confirmation Expenses and Administrative

25 Claims incurred in furtherance of such sales or liquidation of such Assets.

26         2.1.74   Net Sales Proceeds Account(s). Separate account(s) that will be

27 established by the Plan Trustee at an FDIC insured bank into which all Net Sale Proceeds shall be

28 deposited from the sale of Assets that were allegedly encumbered by a Disputed Secured Claim(s)

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1  and/or a Disputed Lien(s). There shall be a separate Net Sales Proceeds Account for the Net Sale

2  Proceeds allegedly subject to each Disputed Secured Claim(s) and/or Disputed Lien(s), except

3  where there are two Disputed Liens on a single Project, in which case, there shall be a single

4  account for the proceeds generated from that Project. The Disputed Secured Claim(s) and/or

5  Disputed Lien(s) shall attach to the corresponding Net Sales Proceeds Account(s) pending any

6  Final Order(s) of the Bankruptcy Court resolving the applicable Disputed Secured Claim(s) and/or

7  applicable Disputed Lien(s). To the extent that a particular Disputed Claim is disallowed or a

8  particular Disputed Lien is avoided (other than transferred to the Estates pursuant to Bankruptcy

9  Code Section 510(c)(2)) or otherwise invalidated, such Net Sales Proceeds allegedly subject

10 thereto shall become Available Cash and shall be transferred to the applicable Distribution

11 Account(s). To the extent that a particular Disputed Secured Claim and a Disputed Lien are

12 allowed and deemed valid but subject to the equitable subordination causes of action in the

13 Lehman Adversary Proceeding, the funds shall remain in the Net Sales Accounts pending a Final

14 Order on the equitable subordination causes of action in the Lehman Adversary Proceeding.

15      2.1.75  Orders for Relief Date. The following are dates that orders for relief were

16 entered for each of the Trustee Debtors:

| SunCal Oak Valley | January 6, 2009 |
| SunCal Heartland | January 6, 2009 |
| SunCal Northlake | January 6, 2009 |
| SunCal Marblehead | January 6, 2009 |
| SunCal Century City | January 6, 2009 |
| SunCal PSV | January 6, 2009 |
| Delta Coves | January 6, 2009 |
| SunCal Torrance | January 6, 2009 |
| SunCal Oak Knoll | January 6, 2009 |

23      2.1.76  Person. An individual, partnership, corporation, limited liability company,

24 business trust, joint stock company, trust, unincorporated association, joint venture, governmental

25 authority, governmental unit, committee or other entity of whatever nature.

26      2.1.77  Petition Dates. The following are dates that each of the Voluntary Debtors

27 filed their Voluntary Chapter 11 petitions or Creditors filed involuntary Chapter 11 petitions

28 against the Trustee Debtors:

-13-

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

| Palmdale Hills | November 6, 2008 |
|---|---|
| SunCal Beaumont | November 6, 2008 |
| SCC Palmdale | November 7, 2008 |
| SunCal Johannson | November 7, 2008 |
| SunCal Summit Valley | November 7, 2008 |
| SunCal Emerald | November 7, 2008 |
| SunCal Bickford | November 7, 2008 |
| Acton Estates | November 7, 2008 |
| Seven Brothers | November 7, 2008 |
| SJD Partners. | November 7, 2008 |
| SJD Development | November 7, 2008 |
| Kirby Estates | November 7, 2008 |
| SunCal I | November 7, 2008 |
| SunCal III | November 7, 2008 |
| SCC Communities | November 19, 2008 |
| Del Rio | November 19, 2008 |
| Tesoro | November 19, 2008 |
| Delta Coves Ventures, LLC | November 14, 2008 |
| SunCal Heartland, LLC | November 12, 2008 |
| SunCal Marblehead, LLC | November 12, 2008 |
| LB-L-SunCal Northlake, LLC | November 12, 2008 |
| LB-L-SunCal Oak Valley, LLC | November 12, 2008 |
| SunCal Century City, LLC | November 14, 2008 |
| SunCal PSV, LLC | November 14, 2008 |
| SunCal Torrance Properties, LLC | November 14, 2008 |
| SunCal Oak Knoll, LLC | November 19, 2008 |

2.1.78    Plan.  The First Amended Chapter 11 Plan Filed by SunCal Plan Proponents In The Chapter 11 Case Of SunCal Century City  together with the Exhibits thereto, as the same may be amended or modified from time to time in accordance with the Plan.

2.1.79    Plan Documents.  The Plan, the Plan Trust Agreement and all other documents attached to the Plan Supplement.

2.1.80    Plan Period. The period from the Effective Date to the Plan Termination Date.

2.1.81    Plan Supplement. The compilation of the Plan Documents to be filed with the Bankruptcy Court.

2.1.82    Plan Termination Date. The fifth (5th) anniversary date of the Effective Date, unless the Plan elects an earlier date.

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1           2.1.83    Plan Sponsor.  The entity that has committed to cause the funding of

2  certain specified obligations under the Plan on or after the Effective Date.  The Plan Sponsor is

3  Acquisitions.

4           2.1.84    Plan Trust.  A liquidating trust to be established prior to or on the

5  Effective Date, with Acquisitions as the Plan Trustee and the Holders of Allowed Claims against

6  the Debtors as the beneficiaries. The purpose of the Plan Trust will be to liquidate the Debtors'

7  Assets (other than Assets that are excluded by the Plan Trustee on the grounds that they lack value

8  or would be difficult to administer) and to otherwise consummate the Plan.

9           2.1.85    Plan Trustee. The Plan Trustee under the Plan Trust Agreement is

10  Acquisitions.

11         2.1.86    Plan Trust Agreement. The liquidating trust agreement governing the

12  affairs of the Plan Trust, which will be in substantially the form contained in the Plan Supplement.

13         2.1.87    Plan Trust Beneficiaries. The Plan Trust Beneficiaries are (i) the holders

14  of Beneficial Interests, as of any point in time, and (ii) holders of Allowed Claims that shall be

15  satisfied from Plan Trust Property in accordance with the terms of the Plan.

16         2.1.88    Plan Trust Property. Plan Trust Property means all property within the

17  Chapter 11 estate of SunCal Century City, other than property that is affirmatively excluded by the

18  Plan Trustee.

19         2.1.89    Post-Confirmation Expenses.  The fees and expenses incurred by the Plan

20  Sponsor, the Plan Trustee and the Trustee Debtors' Committee and their professionals following

21  the Confirmation Date (including the fees and costs of Professionals) for the purpose of

22  (i) prosecuting and liquidating the Litigation Claims; (ii) objecting to and resolving Disputed

23  Claims and Disputed Liens; (iii) selling or otherwise liquidating the Plan Trust's Assets;

24  (iv) effectuating Distributions under the Plan; and (v) otherwise consummating the Plan and

25  closing SunCal Century City's Chapter 11 Case.

26         2.1.90    Priority Claim.  Any Claim, other than an Administrative Claim or a Tax

27  Claim, to the extent entitled to priority under Section 507(a) of the Bankruptcy Code.

28

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1    2.1.91    Pro Rata. Proportionately, so that with respect to any distribution in

2    respect of any Allowed Claim, the ratio of (a)(i) the amount of property distributed on account of

3    such Allowed Claim to (ii) the amount of such Allowed Claim, is the same as the ratio of (b)(i) the

4    amount of property distributed on account of all Allowed Claims of the Class or Classes sharing in

5    such distribution to (ii) the amount of all Allowed Claims in such Class or Classes.

6    2.1.92    Professional. A Person or Entity (a) employed by SunCal Century City,

7    the Trustee Debtors' Committee pursuant to a Final Order in accordance with Sections 327 and

8    1103 of the Bankruptcy Code and to be compensated for services rendered prior to the Effective

9    Date, pursuant to Sections 327, 328, 3291 330 and 331 of the Bankruptcy Code, or (b) for which

10    compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to

11    Section 503(b) of the Bankruptcy Code.

12    2.1.93    Professional Fees. All Allowed Claims for compensation and for

13    reimbursement of expenses under Sections 328, 330 and/or 503(b) of the Bankruptcy Code

14    2.1.94    Projects. The Debtors' residential real estate development projects and

15    other assets as separately defined herein and described in Exhibit "1" to the Disclosure Statement

16    including the 10,000 Santa Monica Project, which was sold postpetition pursuant to a Final Order

17    of the Bankruptcy Court

18    2.1.95    SCC LLC. SCC Acquisitions LLC, a limited liability company, a

19    subsidiary of Acquisitions and an indirect and/or a direct parent company of all of the Debtors.

20    2.1.96    Schedules. The schedules of assets and liabilities and list of equity

21    security holders Filed by SunCal Century City, as required by Section 521(1) of the Bankruptcy

22    Code, Bankruptcy Rules 1007(a)(3) and (b)(1), and Official Bankruptcy Form No. 6, as amended

23    from time to time.

24    2.1.97    Secured Claim. A Claim secured by a lien on any property of any of the

25    Estate, but only to the extent of the value of the interest of the holder of such Allowed Claim in the

26    interest of the Estate in such property.

27

28

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1    2.1.98    Secured Claim. Any Claim, including interest, fees, costs, and charges to

2    the extent allowable pursuant to Bankruptcy Code Section 506, that is secured by a valid and

3    unavoidable Lien on SunCal Century City's Assets.

4    2.1.99    State Court Action. The action filed by certain Voluntary Debtors against

5    Lehman Ali, Inc., and certain other defendants, in California Superior Court for the County of

6    Orange (Case No. 30-2011-0040847-CU-BC-CJC), and a reservation of rights to add the Plan

7    Trustee and/or the Trustee Debtors as additional plaintiffs therein.

8    2.1.100    SunCal. The SunCal Companies, a trade name for Acquisitions and its

9    Affiliates.

10    2.1.101    SunCal Century City. SunCal Century City, LLC, a Delaware limited

11    liability company, a Trustee Debtor, and the former owner of the 10,000 Santa Monica Project.

12    2.1.102    SunCal Century City Loan Agreement. A certain Loan Agreement by and

13    between SunCal Century City, as borrower and Lehman ALI, as agent and sole lender pursuant to

14    which Lehman ALI made a loan in the aggregate maximum principal amount of approximately

15    $120,000,000. The SunCal Century City Loan Agreement was allegedly secured by a first-priority

16    deed of trust on the 10000 Santa Monica Project. The SunCal Century City Loan Agreement had

17    an alleged balance due of $120,000,000.00 as of April 1, 2009. Danske Bank was formerly the

18    Holder of the Century City Loan Agreement and related deed of trust, which has been satisfied in

19    full pursuant to Danske Bank's purchase of the 10000 Santa Monica Project for $5.3 million, less

20    payment of an Unpaid Real Property Tax Claim of $1.6 million.

21    2.1.103    SunCal Century City Preference Claim. The fourth cause of action in the

22    Lehman Adversary Proceeding seeking to avoid and recover preferential transfers made by SunCal

23    Century City to Lehman ALI in the amount of $10,628,948.64.

24    2.1.104    SunCal Management. SunCal Management, LLC, a Delaware limited

25    liability company, and the property manager for the Projects.

26    2.1.105    SunCal Plan Proponent(s). Acquisitions as the party-in-interest that is

27    proposing the Plan.

28

-17-

1    2.1.106    Tax. Any tax, charge, fee, levy, impost or other assessment by any

2    federal, state, local or foreign taxing authority, including, without limitation, income, excise,

3    property, sales, transfer, employment, payroll, franchise, profits, license, use, ad valorem,

4    estimated, severance, stamp, occupation and withholding tax. "Tax" shall include any interest or

5    additions attributable to, or imposed on or with respect to such assessments.

6    2.1.107    Tax Claim. Any Claim for any Tax to the extent that it is entitled to

7    priority in payment under Section 507(a)(8) of the Bankruptcy Code.

8    2.1.108    Trustee Debtor(s). The following Debtors, individually or collectively,

9    that are represented by the Chapter 11 Trustee: Delta Coves, SunCal Heartland, SunCal

10    Marblehead, SunCal Northlake, SunCal Oak Valley , SunCal Century City, SunCal PSV, SunCal

11    Torrance, and SunCal Oak Knoll.

12    2.1.109    Trustee Debtors' Committee. The Official Committee of Unsecured

13    Creditors of the Trustee Debtors appointed in the Cases pursuant to Section 1102 of the

14    Bankruptcy Code.

15    2.1.110    Unpaid Secured Real Property Tax Claims. Secured Claims held by

16    various government entities secured by liens on the underlying real properties owned by the

17    Debtors but that are non-recourse to the Debtors.

18    2.1.111    Unsecured Claim. An Unsecured Claim is any Claim that is not an

19    Administrative Claim, Tax Claim, Secured Claim, or Priority Claim.

20    2.1.112    Voluntary Debtor(s). The following  Chapter 11 debtors and debtors-in-

21    possession, individually or collectively, Palmdale Hills, SunCal I, SunCal III, SCC Palmdale,

22    Acton Estates, SunCal Beaumont, SunCal Emerald, SunCal Johansson, SunCal Bickford, SunCal

23    Summit, Seven Brothers, Kirby Estates, SJD Partners, SJD Development, SCC Communities, Del

24    Rio and Tesoro.

25    **2.2    Rules of Construction.**

26    For purposes of the Plan and the Disclosure Statement, unless otherwise provided herein or

27    in the Plan, (a) whenever from the context it is appropriate, each term, whether stated in the

28    singular or the plural, will include both the singular and the plural; (b) each pronoun stated in the

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

masculine, feminine or neuter includes the masculine, feminine and neuter; (c) any reference in the Plan or the Disclosure Statement to an existing document or schedule filed or to be filed means such document or schedule, as it may have been or may be amended, modified or supplemented pursuant to the Plan; (d) any reference to an entity as a Holder of a Claim or Interest includes that entity's successors and assigns; (e) except as otherwise indicated herein all references in the Plan or the Disclosure Statement to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of or to the Plan; (f) the words "therein," "thereunder" and "thereto" refer to the Plan in its entirety rather than to a particular portion of the Plan; and (g) unless otherwise provided in the Plan or the Disclosure Statement, any reference in the Plan or the Disclosure Statement to a contract, instrument, release, indenture, agreement, or other document being in a particular form or on particular terms and conditions means that such document shall be substantially and materially in such form or substantially and materially on such terms and conditions; (h) any reference in the Plan or the Disclosure Statement to a document, schedule, or exhibit to the Plan or Disclosure Statement Filed or to be Filed means such document, schedule, or exhibit, as it may have been or may be amended, modified, or supplemented; and (i) the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply to the extent such rules are not inconsistent with the express terms of the Plan or the Disclosure Statement or any other provision in this Section 2.2.

**2.3**   **Exhibits.**

All Exhibits to the Plan are incorporated into and are a part of the Plan as if set forth in full therein.

### III.

### TREATMENT OF UNCLASSIFIED CLAIMS

**3.1**   **Introduction.** As required by the Bankruptcy Code, the Plan places Claims and Interests into various Classes according to their right to priority. However, certain types of Claims are not classified in any Classes under the Plan. These Claims are deemed "unclassified" under the provisions of the Code. They are not considered impaired and they do not vote on the Plan, because they are automatically entitled to specific treatment provided for them in the Code. As

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1  such, the SunCal Plan Proponents have not placed the following Claims in a Class. The treatment

2  of these unclassified Claims is as provided below.

3      **3.2      Treatment of Allowed Administrative Claims.**

4          The Code requires that all Allowed Administrative Claims be paid on the later of Effective

5  Date of the Plan or the date of their allowance, unless a particular Holder agrees to a different

6  treatment. The treatment of Allowed Administrative Claims is as described below. However, such

7  Administrative Claims are continuing to be incurred. The Allowed Administrative Claims shall be

8  paid from the applicable Distribution Account(s).

9          Except to the extent that the Holder of an Allowed Administrative Claim agrees to a

10  different treatment and subject to the Administrative Claims Bar Date set forth herein, the

11  Distribution Agent shall pay each Allowed Administrative Claim in full, in Cash, on the later of

12  (i) the Effective Date, (ii) within ten (10) Business Days after the date such Administrative Claim

13  becomes an Allowed Administrative Claim, or (iii) the date such Allowed Administrative Claim

14  becomes due according to its terms. Notwithstanding the foregoing, any Allowed Administrative

15  Claim representing obligations incurred in the ordinary course of post-petition business by the

16  Debtors in Possession (including without limitation post-petition trade obligations and routine

17  post-petition payroll obligations) shall be paid in full or performed by the Plan Trustee in the

18  ordinary course of business, in accordance with the terms of the particular obligation.

19      **3.3      Administrative Claims Bar Date.**

20          All applications for final compensation of Professionals for services rendered and for

21  reimbursement of expenses incurred on or before the Effective Date and all other requests for

22  payment of Administrative Claims incurred before the Effective Date under Sections 507(a)(2)

23  or 507(b) of the Bankruptcy Code (except only for (i) post-petition, ordinary course trade

24  obligations and routine post-petition payroll obligations incurred in the ordinary course of the

25  Debtors' post-petition business, for which no bar date shall apply, and (ii) post-petition tax

26  obligations, for which no bar date shall apply) shall be Filed with the Bankruptcy Court and served

27  upon the Plan Trustee no later than the Administrative Claims Bar Date, unless such date is

28  extended by the Bankruptcy Court after notice to the Plan Trustee. Any such request for payment

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1  of an Administrative Claim that is subject to the General Administrative Claims Bar Date and that

2  is not Filed and served on or before the Administrative Claims Bar Date shall be forever barred;

3  any party that seeks payment of Administrative Claims that (i) is required to file a request for

4  payment of such Administrative Claims and (ii) does not file such a request by the deadline

5  established herein shall be forever barred from asserting such Administrative Claims against the

6  Debtors, the Plan Trust, their estates, or any of their property.

7      **3.4    Treatment of Unsecured Tax Claims.**

8      Tax Claims are certain unsecured income, employment and other taxes described by Code

9  Section 507(a)(8).  The Code requires that each holder of such a Section 507(a)(8) tax claim

10  receive the present value of such Claim in deferred cash payments, over a period not exceeding

11  five (5) years from the petition date and that such treatment not be less favorable than the treatment

12  accorded to non priority unsecured creditors.

13      At the election of the Plan Trustee, the Holder of each Allowed Priority Tax Claim shall be

14  entitled to receive, on account of such Claim, (i) equal cash payments on the last Business Day of

15  each three-month period following the Effective Date, during a period not to exceed five years

16  after November 6, 2008, totaling the principal amount of such Claim plus simple interest on any

17  unpaid balance from the Effective Date, calculated at the interest rate available on ninety (90) day

18  United States Treasuries on the Effective Date, (ii) such other treatment agreed to by the Holder of

19  the Allowed Priority Tax Claim and the Plan Trustee, provided such treatment is on more

20  favorable terms to the Debtors (or the Plan Trust after the Effective Date) than the treatment set

21  forth in clause (i) hereof, or (iii) payment of the full Allowed Priority Tax Claim in Cash.

22                              **IV.**

23                  **CLASSIFICATION OF CLAIMS AND INTERESTS**

24      As required by the Code, the Plan places Claims and Interests into various Classes

25  according to their right to priority and other relative rights.  The Plan specifies whether each Class

26  of Claims or Interests is impaired or unimpaired, and the Plan sets forth the treatment each Class

27  will receive.  The table below lists the Classes of Claims established under the Plan and states

28  whether each particular Class is impaired or left unimpaired by the Plan.  A Class is "unimpaired"

if the Plan leaves unaltered the legal, equitable and contractual rights to which the Holders of Claims or Interests in the Class are entitled, with certain exceptions specified in the Bankruptcy Code.

| CLASSIFICATION OF GENERAL UNSECURED CLAIMS | | |
|---|---|---|
| **Class 1** | **Claimant** | **Claim Nos.** |
| Class 1.1 | Claimants holding Allowed Unsecured Claims against SunCal Century City. | Various Filed and Scheduled |

| CLASSIFICATION OF INTEREST HOLDERS | | |
|---|---|---|
| **Class 2** | **Holder** | **Amount** |
| Class 2.1 | Holders of Allowed Interests in Sun Cal Century City held by Lehman SunCal Real Estate Fund LLC (50%) and LBREP II/SunCal Land Fund Member LLC (50%). | 50% Each |

## V.

## THE PLAN'S TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

**5.1**    **The Plan's Treatment of Holders of Allowed General Unsecured Claims (Class 1.1).**

The rights of Holders of Allowed Class 1.1 Claims are impaired under the Plan. Under the Plan, each claimant will receive a pro-rata share of any funds payable from the Distribution Account, after payment in full of all Post Confirmation Expenses, Allowed Administrative Claims, and Allowed Priority Claims.

**5.2**    **The Plan's Treatment of Holders of Allowed Interests.**

The Interests of the Holders in Class 2.1 are impaired under the Plan. All such Interests shall receive a pro-rata share of any funds payable from the Distribution Account, after payment in full of all Post Confirmation Expenses, Allowed Administrative Claims, Allowed Priority Claims, and Allowed General Unsecured Claims.

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

# VI.

## ACCEPTANCE OR REJECTION OF THE PLAN

### 6.1   Introduction.

PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OF THE PLAN SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX. The following discussion is intended solely for the purpose of alerting readers about basic confirmation issues, which they may wish to consider, as well as certain deadlines for filing Claims. The Debtors cannot represent that the discussion contained below is a complete summary of the law on this topic.

Many requirements must be met before the Court can confirm the Plan. Some of the requirements include that the Plan must be proposed in good faith, acceptance of the Plan, whether the Plan pays creditors at least as much as creditors would receive in a Chapter 7 liquidation, and whether the Plan is feasible. The requirements described herein are not the only requirements for confirmation.

### 6.2   Who May Object to Confirmation of the Plan.

Any party in interest may object to the confirmation of the Plan, but as explained below not everyone is entitled to vote to accept or reject the Plan.

### 6.3   Who May Vote to Accept/Reject the Plan.

A Holder of a Claim or Interest has a right to vote for or against the Plan if that Holder of the Claim or Interest has a Claim which is both (1) Allowed or Allowed for voting purposes and (2) Classified in an impaired Class. The votes will be tabulated on a Debtor by Debtor basis.

### 6.4   What Is an Allowed Claim/Interest.

As noted above, a Holder of Claim or Interest must first have an Allowed Claim or Allowed Interest to vote.

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1    **6.5    What Is an Impaired Class.**

2         A Class is impaired if the Plan alters the legal, equitable, or contractual rights of the Claims

3    or Interests in that Class, other than the right to accelerate the Claim upon certain kinds of defaults.

4    In this case, the Debtors believe that all Classes are impaired.

5    **6.6    Who Is Not Entitled to Vote.**

6         The following four types of Claims are <u>not</u> entitled to vote: (1) Claims that have been

7    disallowed; (2) Claims in unimpaired Classes; (3) Claims entitled to priority pursuant to

8    Bankruptcy Code Sections 507(a)(2) or (a)(3) and Claims in Classes that do not receive or retain

9    any value under the Plan.  Claims in unimpaired Classes are not entitled to vote because such

10   Classes are deemed to have accepted the Plan.  Claims entitled to priority pursuant to Bankruptcy

11   Code Section 507(a)(8) are not entitled to vote because such Claims are not placed in Classes and

12   they are required to receive certain treatment specified by the Bankruptcy Code.  Claims in Classes

13   that do not receive or retain any property under the Plan do not vote because such Classes are

14   deemed to have rejected the Plan.  The Debtors believe that all Classes are entitled to vote except

15   Class 5.1. These classes are not impaired under the Plan and consequently are not entitled to vote.

16   They are conclusively deemed to have accepted the Plan.  The Interests held by the Holders in

17   Class 2.1  are being cancelled under the Plan; accordingly these Interest Holders are deemed to

18   have voted to reject the Plan.

19        EVEN IF YOUR CLAIM IS OF THE TYPE DESCRIBED ABOVE, YOU MAY STILL

20   HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN.

21   **6.7    Who Can Vote in More than One Class.**

22        A creditor whose Claim has been Allowed in part as a Secured Claim and in part as an

23   Unsecured Claim is entitled to accept or reject a Plan in both capacities by casting one ballot for

24   the secured part of the Claim and another ballot for the Unsecured Claim.  Also, a Creditor may

25   otherwise hold Claims in more than one Class (such as a Holder of Senior Secured Claims and

26   Subordinated Note Claims), and may vote the Claims held in each Class.

27

28

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

**6.8**    Votes Necessary for a Class to Accept the Plan.

A Class of Claims is deemed to have accepted the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Claims *that actually voted*, vote to accept the Plan. A Class of interests is deemed to have accepted the Plan when Holders of at least two-thirds (2/3) in amount of the interest-Holders of such Class which actually vote, vote to accept the Plan.

**6.9**    Treatment of Nonaccepting Classes.

As noted above, even if there are impaired Classes that do not accept the proposed Plan, the Court may nonetheless confirm the Plan if the nonaccepting Classes are treated in the manner required by the Code and at least one impaired Class of Claims accepts the Plan. The process by which a plan may be confirmed and become binding on non-accepting Classes is commonly referred to as "cramdown." The Bankruptcy Code allows the Plan to be "crammed down" on nonaccepting Classes of Claims or interests if it meets all statutory requirements except the voting requirements of 1129(a)(8) and if the Plan does not "discriminate unfairly" and is "fair and equitable" with respect to each impaired Class that has not voted to accept the Plan, as set forth in 11 U.S.C. § 1129(b) and applicable case law.

**6.10**    Request for Confirmation Despite Nonacceptance by Impaired Class(es).

The SunCal Plan Proponents will ask the Court to confirm the Plan by cramdown on any impaired Class if such Class does not vote to accept the Plan.

**VII.**

**MEANS OF EXECUTION AND IMPLEMENTATION OF THE PLAN**

**7.1.**    Introduction.

This section is intended to address how the SunCal Plan Proponents intend to implement the provisions of the Plan. It addresses the transfer of the Plan Trust Property to the Plan Trust, the nature of the Plan Trust, the powers of the Plan Trust, the governance of the Plan Trust, the resolution of disputed claims, the sources of funds that will be used to pay claims and the mechanics of how claims will be paid.

**7.2.    Removal of Chapter 11 Trustee**.

As of the Effective Date, the appointment of the Chapter 11 Trustee in the SunCal Century City shall terminate, and possession and control over all property within this estate shall pass to the Plan Trust.

**7.3.    Transfer of Property To The Plan Trust**.

On the Effective Date, title to and possession of all property of SunCal Century City, excepting those items of property that the Plan Trustee affirmatively elects not to transfer to the Plan Trust, shall be deemed transferred and delivered to the Plan Trust, without further act or action under any applicable agreement, law, regulation, order or rule of law.

**7.4.    Purposes of The Plan Trust**.

The Plan Trust's purposes, powers and objectives include, but are not limited to the following: (i) to take control over, manage and over time sell or otherwise dispose of all Plan Trust Property for the highest return reasonably obtainable; (ii) to pursue all Litigation Claims through collection efforts, including through litigation in any court of competent jurisdiction, and to obtain the most favorable recovery on the same, with due consideration of all relevant factors, including cost; (iii) to cause all Available Cash to be deposited into the applicable Distribution Accounts; (iii) to initiate actions to resolve any remaining issues regarding the allowance and payment of Claims including, as necessary, initiation and/or participation in proceedings before the Bankruptcy Court; (iv) to take such other actions as are necessary or useful to maximize the value of all property received by the Plan Trust; (v) to make the payments and distributions to creditors and holders of Beneficial Interests as required by the Plan; and (vi) to enforce all rights with respect to the Plan Trust Property; and (vii) to take all actions reasonable and necessary to implement the terms of the Plan. A more complete statement of the Plan Trust's powers and limitations is set forth in the Plan Trust Agreement, which is a part of the Plan Supplement.

It is intended that the Plan Trust will be classified for U.S. federal income tax purposes as a "liquidating trust," with the primary objective of liquidating the Plan Trust Property and distributing the net proceeds thereof, with no objective to continue or engage in the conduct or a trade or business in accordance with Treasury Regulation 301.7701-4(d), and, notwithstanding

-26-

1  anything to the contrary in the Plan, all actions taken by the Plan Trust or any person acting on

2  behalf of the Plan Trust shall be consistent with such primary objective.

3      **7.5.**   **Trust Agreement**.

4      Copies of the Plan Trust Agreement shall be contained in the Plan Supplement. The Plan

5  Trust Agreement shall, among other matters, create the Plan Trust, identify Acquisitions as the

6  initial trustee of the Plan Trust, identify the compensation of the Plan Trust, and specify the

7  authorities and powers of the Plan Trustee, consistent with this Plan.

8      **7.6.**   **Operations of the Plan Trust**.

9      From and after the Effective Date, the Plan Trust may use, acquire and dispose of the Plan

10 Trust Property held in the Plan Trust, and take any of the actions set forth in this Article or in the

11 Plan Trust Agreement, without the approval of the Bankruptcy Court and free of the restrictions of

12 the Bankruptcy Code, the Bankruptcy Rules or the prior orders of the Bankruptcy Court, other than

13 restrictions expressly imposed by the Plan, the Confirmation Order or the Plan Trust Agreement,

14 provided that the Plan Trust is administered so that it qualifies as a liquidating trust under Treasury

15 Regulation § 301.7701-4(d).

16     **7.7.**   **The Plan Trustee**.

17     Acquisitions shall be Trustee of the Plan Trust. Acquisitions is the direct or indirect parent

18 of all of Debtors.

19     **7.8.**   **Payment of Trust Expenses**.

20     The expenses incurred by the Plan Trust during the Plan Period, which shall include the

21 compensation payable to the Acquisitions, shall be paid, or adequate reserves shall be created for

22 the payment of such expenses, prior to any distribution to the Plan Trust Beneficiaries.

23     **7.9.**   **Plan Distribution System**.

24     The Plan Trustee shall establish a separate "Distribution Account" for SunCal Century City

25 at an FDIC insured bank. SunCal Century City's Available Cash, whether on hand as of the

26 Effective Date or received thereafter, shall be deposited into SunCal Century City's Distribution

27 Account. The only exception to this provision shall be in the case of Net Sales Proceeds that are

28 subject to disputed liens. Such proceeds shall remain in the applicable Net Proceeds Accounts

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1   established to receive the proceeds from the sale of a particular property. Once all disputes

2   regarding entitlement to the funds in the Net Proceeds Accounts have been resolved, the proceeds

3   remaining (after the payment of the Allowed Claims secured by liens on these proceeds) shall be

4   transferred to the Distribution Account. These funds will then be used to pay the claims of

5   Creditors holding Allowed Claims in their order of priority as provided for in the Plan.

6       **7.10.   Claims Estimation Rights.**

7       On the Confirmation Date, the SunCal Proponents shall be vested with standing to file a

8   motion under 11 U.S.C. § 502(c), and they shall be authorized and empowered to seek in such

9   motion the estimation, for distribution purposes, of any Disputed Claim seeking recourse to, or

10  claiming an interest in, any asset of SunCal Century City. After the Bankruptcy Court estimates a

11  Disputed Claimant's rights in, or against an asset of the Estates through this procedure, the Trustee

12  Debtors' Committee shall have the right to use any funds or assets not deemed subject to the rights

13  of the Disputed Claimant, to pay the Allowed Claims under the terms of the Plan, including

14  Allowed Administrative Claims, after the Effective Date.

15      **7.11.   No Payment of Transfer-Related Fees to the United States Trustee.**

16      The Plan Trust shall not be required to pay any fees to the United States Trustee based on

17  any transfers of the Plan Trust Property to the Plan Trust or from the Plan Trust.

18      **7.12.   No Payment of Transfer-Related Fees to the Trustee.**

19      The Plan Trust shall not be required to pay any fees to the Trustee based on any transfers of

20  Plan Trust Property from the Trustee Debtors to the Plan Trust, or from the Plan Trust.

21      **7.13.   Books and Records of Trust.**

22      The Plan Trustee, and to the extent of payments and distributions by any Disbursing Agent,

23  the Disbursing Agent, shall maintain an accounting of receipts and disbursements of the Plan

24  Trust. The Plan Trustee shall maintain the books and records of the Plan Trust, or provide storage

25  for such book and records, for the longer of six (6) years, or while Plan is in existence, provided

26  that the Court may, upon application by the Plan Trustee, authorize the Plan Trust to destroy all of

27  the Plan Trusts books and records at such time as Plan Trust has no further need for such books

28

-28-

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1  and records. The Plan Trust's books and records shall be open to inspection at all reasonable times,

2  upon written request by the Trustee Debtors' Committee.

3  **7.14.   Limitations on Liability**.

4  The Plan Trustee shall not be liable for any act it may do or fail to do as the liquidating

5  trustees hereunder while acting in good faith and in the exercise of its best judgment. The Plan

6  Trust shall not be liable in any event for any claims, liabilities or damages based upon or arising

7  out of any conduct of the Plan Trustee in the course of its activities as liquidating trustee, unless

8  such claims, liabilities or damages arise from Plan's gross negligence or willful misconduct.

9  The Plan Trustee, and its officers, directors, agents and employees shall not be liable for

10  any indebtedness, liability or obligation incurred or entered into on behalf of the Plan Trust,

11  including, without limitation, indebtedness, liabilities or obligations under agreements,

12  undertakings or commitments entered into or executed on behalf of Plan Trust by the Plan Trustee

13  or by any person employed by the Plan Trustee or the Plan, it being expressly understood that all

14  such indebtedness, liabilities and obligations of, and claims against the Plan, shall be the sole

15  responsibility of the Plan and shall be satisfied only from the Plan, or such portion thereof as shall,

16  under the terms of any agreement, be stated to be liable therefore. No claim or cause of action may

17  be asserted against the Plan Trustee, or any member of the New Board on account of any

18  indebtedness, liability or obligation entered into on behalf of the Plan, whether by legal or

19  equitable proceedings, or by virtue of any bankruptcy or non-bankruptcy statute, rule or regulation.

20  Any undertaking, contract or agreement entered into in writing by the Plan may, except as

21  otherwise provided by the Plan or the Plan Trust Agreement, expressly disclaim the personal

22  liability of Plan Trustee.

23  **7.15.   Federal Income Tax Treatment of the Holders of Plan Trust Beneficial**

24  **Interests**.

25  For all United States federal income tax purposes, the transfers by SunCal Century City

26  shall be treated by SunCal Century City, their estates, the Plan Trust and the Plan Trust

27  Beneficiaries as a transfer of the Plan Trust Property by SunCal Century City to the Plan Trust

28  Beneficiaries followed by a transfer of the Plan Trust Property by such the Plan Trust Beneficiaries

-29-

1  to the Trust. The Plan Trust Beneficiaries shall be treated as the grantors and deemed owners of the

2  Plan Trust for United States federal income tax purposes. The Plan Trust Trustee and the Plan

3  Trust Beneficiaries are required to value their interests in the Plan Trust Property consistently with

4  the values placed upon the Plan Trust Property by the Plan Trust, and to use such valuations for all

5  purposes. The Plan Trust Agreement shall provide for consistent valuations of the Plan Trust

6  Property by the Plan Trust Trustee and the Plan Trust Beneficiaries, and shall provide that the Plan

7  Trust will determine the fair market value of the Plan Trust Property within thirty (30) days after

8  the Effective Date, and send such determination to each the Plan Trust Beneficiary. By its

9  acceptance of a the Beneficial Interest, each recipient of such an interest will be conclusively

10  deemed to agree to use such valuations for all purposes, including, without limitation, in

11  computing any gain recognized upon the exchange of such holder's claim for purposes of

12  determining any United States Federal income tax, and shall be required to include those items of

13  income, deductions and tax credits that are attributable to its the Beneficial Interest in computing

14  its taxable income.

15  **7.16.   Termination of the Trust.**

16       The Plan Trust shall continue in effect until the earlier of: (a) the date that all the Plan Trust

17  Property has been liquidated, all proceeds have been converted to cash or distributed in kind, all

18  the Plan Trust Expenses have been paid, all claims to be paid under the Plan for which the Plan

19  Trust Trustee is obligated to make distributions on have been paid, all distributions to be made

20  with respect to the Beneficial Interests have been made, all litigation to which the Plan Trust is a

21  party have been concluded by dismissal or an order issued by the court in which such litigation is

22  pending and such order has become "final" (consistent with the definition of Final Order in this

23  Plan for orders issued by the Bankruptcy Court), and the Chapter 11 Case has been closed; and (b)

24  the expiration of five (5) years from the Effective Date; provided, however, that the Plan Trust may

25  request the Bankruptcy Court to extend the permitted life of the Plan Trust for such additional

26  period as is reasonably necessary to conclude the liquidation and distributions, not to exceed a total

27  of ten (10) years from the Effective Date, which request shall be filed so the Bankruptcy Court may

28

1  consider and rule on the request within six (6) months prior to the expiration of the initial five-year
2  term.

3      **7.17.**  **Exemption from Certain Transfer Taxes**.

4      In accordance with Section 1146(c) of the Bankruptcy Code, the issuance, transfer or
5  exchange of a security or the making or delivery of an instrument of transfer under this Plan may
6  not be taxed under any law imposing a stamp tax or similar tax. All governmental officials and
7  agents shall forego the assessment and collection of any such tax or governmental assessment and
8  shall accept for filing and recordation any of the foregoing instruments or other documents without
9  payment of such tax or other governmental assessment.

10     **7.18.**  **Tax Consequence of The Plan**.

11     The implementation of the Plan may have federal, state and local tax consequences to SunCal
12 Century City, Creditors and Interest Holders. No tax opinion has been sought or will be obtained
13 with respect to any tax consequences of the Plan. The Disclosure Statement does not constitute and
14 is not intended to constitute either a tax opinion or tax advice to any person, and the summary
15 contained herein is provided for informational purposes only.

16 CREDITORS AND INTEREST HOLDERS ARE ADVISED TO CONSULT WITH THEIR
17 OWN TAX ADVISORS REGARDING THE TAX CONSEQUENCES TO THEM AND TO THE
18 DEBTOR OF THE TRANSACTIONS CONTEMPLATED BY THE PLAN, INCLUDING
19 FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES.

20     **7.19**  **The Plan Sponsor**.

21     The Plan Sponsor shall be Acquisitions.

22     **7.20**  **The Trustee Debtors' Committee**.

23     On the Effective Date, the Trustee Debtors' Trustee Debtors' Committee shall continue to
24 serve its SunCal Century City as the Trustee Debtors' Committee, subject to the following:

25     **7.21**  **Duties and Powers**.

26     The duties of the Trustee Debtors' Committee after the Effective Date shall be limited to
27 monitoring the Plan's implementation, notice and opportunity to object to any settlement of the
28 Lehman Adversary Proceeding, standing to object to any settlement of any Litigation Claim in

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

excess of $100,000, and standing to object to any proposed sales procedures on sale of the Debtors' Projects. The Trustee Debtors' Committee shall receive notice of and the right to review all payments and Distributions.

The Trustee Debtors' Committee shall be entitled to retain, employ and compensate Professionals, in order to assist with the obligations and rights of the Trustee Debtors' Committee under the terms of the Plan. Such compensation shall be paid from the applicable Distribution Account(s).

**7.22    Dissolution of Trustee Debtors' Committee.**

The Trustee Debtors' Committee shall be dissolved upon the entry of an order converting, closing or dismissing the Chapter 11 Cases or entry of a final decree in the Chapter 11 Cases. On dissolution, the Trustee Debtors' Committee shall have no other or further obligations or responsibilities on behalf of the Plan Trust.

**7.23    Litigation Claims.**

Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Plan Trust shall retain all Litigation Claims whether or not pending on the Effective Date that are not purchased by LitCo. Unless a Litigation Claim is expressly waived, relinquished, released, compromised, settled or sold in the Plan or in a Final Order, all rights with respect to such Litigation Claims are reserved and the Plan Trustee may pursue such Litigation Claims. If the Plan is Confirmed, the Plan Trustee reserves the right to join the State Court Action as additional plaintiffs. Notwithstanding the foregoing, the Plan Trustee shall not settle or abandon a Litigation Claim valued at greater than $100,000 except upon ten (10) days' prior written notice and opportunity to object to the Trustee Debtors' Committee. Any disputes concerning the settlement or abandonment of a Litigation Claim shall be submitted to the Bankruptcy Court for resolution on no less than ten (10) days' notice to the objecting party.

**7.24    Collection of Litigation Recoveries.**

All Litigation Recoveries realized or obtained by the Plan Trustee and/or the Trustee Debtors' Committee shall be promptly deposited into the applicable Distribution Account(s). Except as otherwise provided in the Plan and the Confirmation Order, the Litigation Recoveries

-32-

1  shall be free and clear of all Claims and Liens and shall only be expended in accordance with the

2  provisions of the Plan.

3  VIII.

4  **RISK FACTORS**

5  **8.1**    **Plan Risks**.

6  The Plan in this case, like any Chapter 11 reorganization plan, includes a number of risks

7  that creditors should be aware of prior to voting on the Plan. The more material of these risks are

8  summarized below.

9  **8.2**    **The Plan May Not Be Accepted or Confirmed.**

10  While the SunCal Proponents believe that the Plan is confirmable under the

11  standards set forth in 11 U.S.C. § 1129, there can be no guarantee that the Bankruptcy Court will

12  find the Plan to be confirmable. If the Plan is not confirmed, it is possible that an alternative plan

13  can be negotiated and presented to the Bankruptcy Court for approval; however, there can be no

14  assurance that any alternative plan would be confirmed, that the Chapter 11 Cases would not be

15  converted to a liquidation, or that any alternative plan of reorganization could or would be

16  formulated on terms as favorable to the Creditors and holders of Equity Interests as the terms of the

17  Plan.

18  **8.3**    **Adverse Outcome of Pending Litigation.**

19  The SunCal Proponent believes that the SunCal Century City Preference Claim is

20  meritorious. However, there is no assurance that SunCal Century City will recover on the SunCal

21  Century City Preference Claim.

22  IX.

23  **DISTRIBUTIONS**

24  **9.1**    **Distribution Agent**.

25  Acquisitions shall serve as the Distribution Agent for distributions due under the Plan.  The

26  Distribution Agent may employ one or more sub agents on such terms and conditions as it may

27  agree in its discretion and pay such sub agent as a Post Confirmation Expense from the

28

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

Distribution Accounts.  The Distribution Agent shall not be required to provide any bond in connection with the making of any Distributions pursuant to the Plan.

### 9.2    Distributions.

#### 9.2.1    Dates of Distributions.

Any distribution required to be made on the Effective Date shall be deemed timely if made as soon as practicable after such date and, in any event, within thirty (30) days after such date.  Any distribution required to be made upon a Disputed Claim becoming an Allowed Claim and no longer being a Disputed Claim shall be deemed timely if made as soon as practicable thereafter.

#### 9.2.2    Limitation on Liability.

Neither the Plan Sponsor, the Plan Trustee, the Distribution Agent, their Affiliates, nor any of their employees, members, officers, directors, agents, or professionals or Affiliates shall be liable for (i) any acts or omissions (except for gross negligence or willful misconduct) in connection with implementing the Distribution provisions of the Plan and the making or withholding of Distributions pursuant to the Plan, or (ii) any change in the value of distributions made pursuant to the Plan resulting from any delays in making such distributions in accordance with the Plan's terms (including but not limited to any delays caused by the resolution of Disputed Claims).

### 9.3    Old Instruments and Securities.

#### 9.3.1    Surrender and Cancellation of Instruments and Securities.

As a condition to receiving any distribution pursuant to the Plan, each Person holding any note or other instrument or security (collectively "Instruments or Securities" and individually an "Instrument or Security") evidencing, an existing Claim(s) against the Debtor(s) must surrender such Instrument or Security to the Distribution Agent.

#### 9.3.2    Cancellation of Liens.

Except as otherwise provided in the Plan, any Lien securing any Secured Claim shall be deemed released and discharged, and the Person holding such Secured Claim shall be authorized and directed to release any collateral or other property of the Debtors (including, without limitation, any cash collateral) held by such Person and to take such actions as may be requested by

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1  the Plan Trustee to evidence the release of such Lien, including, without limitation, the execution,

2  delivery and Filing or recording of such releases as may be requested by the Plan Trustee.

3  ### 9.3.3.    De Minimis Distributions and Fractional Shares.

4  No Cash payment of less than ten dollars ($10) shall be made by the Plan Trust to any

5  Holder of Claims unless a request therefore is made in writing to the Plan Trust.  Whenever

6  payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a

7  rounding down of such fraction to the nearest whole cent.  Any Cash or other property that is not

8  distributed as a consequence of this section shall, after the last distribution on account of Allowed

9  Claims in the applicable Class, be treated as "Unclaimed Property" under the Plan.

10  ### 9.3.4.    Delivery of Distributions.

11  Except as provided in the Plan with respect to Unclaimed Property, distributions to Holders

12  of Allowed Claims and Allowed Administrative Claims shall be distributed by mail as follows:  (1)

13  with respect to each Holder of an Allowed Claim that has filed a Proof of Claim, at the address for

14  such Holder as maintained by the official claims agent for the Debtors; (2) with respect to each

15  Holder of an Allowed Claim that has not filed a Proof of Claim, at the address reflected on the

16  Schedules filed by the Debtors, provided, however, that if the Debtors or the Plan Trust has

17  received a written notice of a change of address for such Holder, the address set forth in such

18  notice shall be used; or (3) with respect to each Holder of an Allowed Administrative Claim, at

19  such address as the Holder may specify in writing.

20  ### 9.3.5    Undeliverable Distributions.

21  If the Distribution of Cash to the Holder of any Allowed Claim is returned to the Plan

22  Trustee as undeliverable or the Distribution check is not negotiated within 90 days of mailing (any

23  such distribution being hereinafter referred to as "Unclaimed Property"), no further distribution

24  shall be made to such Holder unless and until the Plan Trustee is notified in writing of such

25  Holder's then current address.  Subject to the remainder of this Section and the following section,

26  Unclaimed Property shall remain in the possession of the Plan Trustee pursuant to this Section, and

27  shall be set aside and (in the case of Cash) held in a segregated interest bearing account (as to Cash

28  Unclaimed Property) to be maintained by the Distribution Agent until such time as the subject

1   Distribution becomes deliverable. Nothing contained in the Plan shall require the Plan Trustee or

2   any other Person to attempt to locate such Person.

3              **9.3.6   Disposition of Unclaimed Property.**

4              If the Person entitled thereto notifies the Plan Trustee of such Person's Claim to a

5   Distribution of Unclaimed Property within ninety (90) days following such Person's initial

6   Distribution Date, Effective Date, the Unclaimed Property distributable to such Person, together

7   with any interest or dividends earned thereon, shall be paid or distributed to such Person as soon as

8   practicable. Any Holder of an Allowed Claim that does not assert a Claim in writing for

9   Unclaimed Property held by the Plan Trustee within ninety (90) days after the Holder's initial

10  Distribution Date shall no longer have any Claim to or Interest in such Unclaimed Property, and

11  shall be forever barred from receiving any distributions under the Plan or otherwise from the Plan

12  Trustee. In such cases, any property held for Distribution on account of such Claims shall become

13  Available Cash and deposited into the Distribution Account.

14                                   **X.**

15              **OBJECTIONS TO CLAIMS AND DISPUTED CLAIMS**

16       **10.1   Standing for Objections to Claims.**

17              The Plan Trustee shall have the sole and exclusive right to file, prosecute and resolve

18  objections to Claims other than to the right to object to the claims of SunCal Affiliates, which shall

19  be vested with the Trustee Debtors' Committee. The Trustee Debtors' Committee shall have

20  standing to object to any settlement of any Litigation Claim in excess of $100,000 and standing to

21  object to any proposed sales procedures and sale of the Debtors' Projects.

22              Any objection to a Claim shall be Filed with the Bankruptcy Court and served on the Person

23  holding such Claim on or before the applicable Claims Objection Deadline. The Plan Trustee shall

24  have the right to petition the Bankruptcy Court, without notice or a hearing, for an extension of the

25  Claims Objection Deadline if a complete review of all Claims cannot be completed by such date.

26

27

28

-36-

**10.2    Treatment of Disputed Claims and Disputed Liens.**

      **10.2.1  No Distribution Pending Allowance.**

         If any portion of a Claim or Lien is a Disputed Claim or Disputed Lien, no payment or distribution provided for under the Plan shall be made on account of such Claim or Lien unless and until such Claim or Lien becomes an Allowed Claim and/or Allowed Lien.

      **10.2.2  Distribution After Allowance.**

         On the next Distribution Date following the date on which a Disputed Claim becomes an Allowed Claim and is no longer a Disputed Claim, the Distribution Agent shall distribute to the Person holding such Claim any Cash that would have been distributable to such Person if on the initial Distribution Date such Claim had been an Allowed Claim and not a Disputed Claim.

**XI.**

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**11.1    Executory Contracts Potentially Being Assumed.**

      The Plan Trustee shall have until the expiration of the Sales Period to assume or reject any of the executory contracts and unexpired leases attached to the Plan as Exhibit "2" to the Plan. The SunCal Plan Proponents may add any executory contract or unexpired leases to these exhibits, or delete any contract or lease therefrom up to and including the Confirmation Date.  All contracts or leases not assumed by the expiration of the Sales Period shall be deemed rejected.

**11.2    Executory Contracts Being Rejected.**

      The Debtors hereby reject all of the executory contracts and unexpired leases set forth in the Debtors' Schedules attached to the Plan as Exhibit "3."  The SunCal Plan Proponents reserve the right to amend Exhibit "3" to the Plan to include additional leases and contracts on this exhibit, or to delete leases and contracts from this exhibit, up to and including the Confirmation Date.

**11.3    Bar Date for Rejection Damages.**

      Any Claim arising out of the rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtors, the Plan Trust, their Affiliates, their successors, or their properties, and shall not be entitled to any distribution under the Plan,

-37-

unless a Proof of Claim for such Claim is filed and served on the Debtors, or the Plan Trust within thirty (30) days after the receipt of a notice of the rejection of any contract or lease.

**11.4    Changes in Rates Subject to Regulatory Commission Approval.**

The Debtors are not subject to governmental regulatory commission approval of their rates.

## XII.

## LIMITATION OF LIABILITY

As specified in Section 1125(e) of the Bankruptcy Code, entities that solicit acceptances or rejections of the Plan and/or that participate in the offer, issuance, sale, or purchase of securities offered or sold under the Plan, in good faith and in compliance with the applicable provisions of the Bankruptcy Code, shall not be liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer, issuance, sale, or purchase of securities.

## XVII.

## CONDITIONS TO CONFIRMATION AND

## EFFECTIVENESS OF THE PLAN

**13.1    Conditions Precedent to Plan Confirmation.**

The only condition precedent to confirmation of the Plan is that the Bankruptcy Court shall have entered a Confirmation Order in form and substance reasonably acceptable to the SunCal Plan Proponents.

**13.2    Conditions Precedent to Plan Effectiveness.**

The conditions precedent to the effectiveness of the Plan and the occurrence of the Effective Date is that the Confirmation Order shall be a Final Order in form and substance reasonably satisfactory to the SunCal Plan Proponents, and the resolutions of any material impairment of the Plan terms caused by the automatic stays applicable in the Lehman Entities cases. The automatic stay in the Debtors cases shall continue to be applicable until the Effective Date.

-38-

# XIV.

## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall not be limited under the Plan and the Bankruptcy Court's jurisdiction shall apply to the fullest extent possible under applicable law.

# XV.

## MODIFICATION OR WITHDRAWAL OF THE PLAN

### 15.1    Modification of Plan.

At any time prior to confirmation of the Plan, the former Debtor(s) may supplement, amend or modify the Plan. After confirmation of the Plan,  the Debtors or Plan Trustee may (x) apply to the Bankruptcy Court, pursuant to Section 1127 of the Bankruptcy Code, to modify the Plan; and (y) apply to the Bankruptcy Court to remedy defects or omissions in the Plan or to reconcile inconsistencies in the Plan.

### 15.2    Nonconsensual Confirmation.

In the event that any impaired Class of Claims or Interests shall fail to accept the Plan in accordance with Section 1129(a)(8) of the Bankruptcy Code, SunCal Plan Proponents (i) may request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code, and (ii) in accordance with the Plan, and may modify the Plan in accordance with Section 1127(a) of the Bankruptcy Code.

# XVI.

## MISCELLANEOUS

### 16.1    Payment of Statutory Fees.

All quarterly fees due and payable to the Office of the United States Trustee pursuant to Section 1930(a)(6) of title 28 of the United States Code shall be paid in full on or before the Effective Date, or, to the extent such quarterly fees are disputed, an adequate reserve shall have been established and set aside for payment in full thereof, as required by Section 1129(a)(12) of the Bankruptcy Code.  The Plan Trustee shall remain responsible for timely payment of quarterly fees

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1 | due and payable after the Effective Date and until the Debtors' Cases are closed, to the extent

2 | required by Section 1930(a)(6) of title 28 of the United States Code.

3 |     **16.2    Payment Dates.**

4 |     Whenever any payment or distribution to be made under the Plan shall be due on a day

5 | other than a Business Day, such payment or distribution shall instead be made, without interest, on

6 | the immediately following Business Day.

7 |     **16.3    Headings.**

8 |     The headings used in the Disclosure Statement and in the Plan are inserted for convenience

9 | only and neither constitutes a portion of the Disclosure Statement or the Plan nor in any manner

10 | affect the construction of the provisions of the Disclosure Statement or the Plan.

11 |     **16.4    Other Documents and Actions.**

12 |     The Plan Trustee may execute such other documents and take such other actions as may be

13 | necessary or appropriate to effectuate the transactions contemplated under the Plan.

14 |     **16.5    Notices.**

15 |     All notices and requests in connection with the Disclosure Statement and the Plan shall be

16 | in writing and shall be hand delivered or sent by mail addressed to:

17

**To the SunCal Plan Proponents**:
Bruce V. Cook
General Counsel
Authorized Agent of the SunCal Plan Proponents
2392 Morse Ave
Irvine, CA 92614-6234

**With copies to:**
Paul J. Couchot
Winthrop & Couchot, Professional Corporation
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660

Ronald Rus
Rus Miliband & Smith A Professional Corporation
2211 Michelson Drive, Seventh Floor
Irvine, California 92612

-40-

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1      All notices and requests to any Person holding of record any Claim or Interest shall be sent

2  to them at their last known address or to the last known address of their attorney of record.  Any

3  such Person may designate in writing any other address for purposes of this Section, which

4  designation will be effective on receipt.

5      **16.6   Governing Law.**

6      Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy

7  Code and Bankruptcy Rules), the laws of the State of California (without reference to its conflict of

8  law rules) shall govern the construction and implementation of the Plan and any agreements,

9  documents, and instruments executed in connection with the Plan, unless otherwise specifically

10  provided in such agreements, documents, or instruments.

11      **16.7   Binding Effect.**

12      The Plan and all rights, duties and obligations thereunder shall be binding upon and inure to

13  the benefit of the Plan Sponsor Debtors, the Plan Trustee, Holders of Claims, Holders of Interests,

14  and their respective successors and assigns.

15      **16.8   Successors and Assigns.**

16      The rights, benefits, and obligations of any entity named or referred to in the Plan shall be

17  binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors, and

18  assigns of such entity.

19      **16.9   Severability of Plan Provisions.**

20      If, prior to the Confirmation Date, any term or provision of the Plan is held by the

21  Bankruptcy Court to be illegal, impermissible, invalid, void or unenforceable, or otherwise to

22  constitute grounds for denying confirmation of the Plan, the Bankruptcy Court shall, with the

23  consent of the Debtors, have the power to interpret, modify or delete such term or provision (or

24  portions thereof) to make it valid or enforceable to the maximum extent practicable, consistent

25  with the original purpose of the term or provision held to be invalid, void or unenforceable, and

26  such term or provision shall then be operative as interpreted, modified or deleted.  Notwithstanding

27  any such interpretation, modification or deletion, the remainder of the terms and provisions of the

28

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1    Plan shall in no way be affected, impaired or invalidated by such interpretation, modification or

2    deletion.

3        **16.10   No Waiver.**

4        The failure of the Debtors or any other Person to object to any Claim for purposes of voting

5    shall not be deemed a waiver of the Trustee Debtors' Committee', the Debtors' or the Plan

6    Trustee's right to object to or examine such Claim, in whole or in part.

7        **16.11   Inconsistencies.**

8        In the event the terms or provisions of the Disclosure Statement are inconsistent with the

9    terms and provisions of the Plan or documents executed in connection with the Plan, the terms of

10   the Plan shall control.

11       **16.12   Exemption from Certain Transfer Taxes and Recording Fees.**

12       Pursuant to Section 1146(c) of the Bankruptcy Code, any transfers from a Debtor to the

13   Plan Trust or to any other Person or entity pursuant to the Plan, or any agreement regarding the

14   transfer of title to or ownership of any of the Debtors' real or personal property or of any other

15   interest in such property (including, without limitation, a security interest) will not be subject to

16   any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax,

17   stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or

18   recording fee, or other similar tax or governmental assessment, and the Confirmation Order will

19   direct the appropriate state or local governmental officials or agents to forego the collection of any

20   such tax or governmental assessment and to accept for filing and recordation any of the foregoing

21   instruments or other documents without the payment of any such tax or governmental assessment.

22       **16.13   Post-Confirmation Status Report.**

23       Within 180 days following the entry of the Confirmation Order, the Plan Trustee shall file a

24   status report with the Court explaining what progress has been made toward consummation of the

25   confirmed Plan.  The status report shall be served on the United States Trustee, the twenty largest

26   unsecured creditors, and those parties who have requested special notice.  Unless otherwise

27   ordered, further status reports shall be filed every 180 days and served on the same entities.

28

-42-

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC

1    **16.14  Post-Confirmation Conversion/Dismissal.**

2        A creditor or party in interest may bring a motion to convert or dismiss the case under

3    § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. The Plan

4    Trustee reserves the right to object to any motion for conversion or dismissal. If the Court orders

5    any of the Cases converted to Chapter 7 after the Plan is confirmed, then all property that had been

6    property of the Chapter 11 Estate, and that has not been disbursed pursuant to the Plan, will revest

7    in the Chapter 7 estate. The automatic stay will be reimposed upon the revested property, but only

8    to the extent that relief from stay was not previously authorized by the Court during this case.

9    **16.15  Final Decree.**

10       Once an Estate has been fully administered, as referred to in Bankruptcy Rule 3022, the

11   Plan Trustee, or other party as the Court shall designate in the Confirmation Order, shall file a

12   motion with the Court to obtain a final decree to close the Case of such Debtor.

13   Date:  June 20, 2011

14

15                                              By:    /s/ Bruce Cook
                                                         Bruce Cook
16                                                       General Counsel, Authorized Agent for the
                                                         Voluntary Debtors and Acquisitions
17

18   **Submitted By:**

19   **WINTHROP COUCHOT**                        **RUS MILIBAND & SMITH**
     **PROFESSIONAL CORPORATION**               **A PROFESSIONAL CORPORATION**
20

21
     By: /s/ Paul J. Couchot                    By:  /s/ Ronald Rus
22       Paul J. Couchot, Esq.                       Ronald Rus, Esq.
         General Insolvency Counsel for             Joel S. Miliband, Esq.
23       the Voluntary Debtors                  Attorneys for SCC Acquisitions Inc.

24

25

26

27

28

-43-

MAINDOCS-#163420-v2-SanCal_Century_City_Plan.DOC

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **FIRST AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASE OF SUNCAL CENTURY CITY, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 20, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| June 20, 2011 | Susan Connor | |
| _Date_ | _Type Name_ | _Signature_ |

MAINDOCS #163420-v2-SunCal_Century_City_Plan.DOC

**NEF SERVICE LIST**

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com,
  pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Jonathan S Dabbieri    dabbieri@sullivan.com,
  hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning    ddunning@dunningLaw.com
- Meredith R Edelman    meredith.edelman@dlapiper.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com

- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohcnandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkclaw.com
- Claude F Kolm    claude.kolm@acgov.org
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com, vgunderson@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com

- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion17.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MAINDOCS-#163420-v2-SunCal_Century_City_Plan.DOC