Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession. | Case No.: 8:08-bk-17206-ES<br><br>Jointly Administered With Case Nos.<br><br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES |

Affects:

- ☐ All Debtors
- ☒ Palmdale Hills Property, LLC
- ☐ SunCal Beaumont Heights, LLC
- ☐ SCC/Palmdale, LLC
- ☐ SunCal Johannson Ranch, LLC
- ☒ SunCal Summit Valley, LLC
- ☒ SunCal Emerald Meadows, LLC
- ☒ SunCal Bickford Ranch, LLC
- ☒ Acton Estates, LLC
- ☐ Seven Brothers, LLC
- ☒ SJD Partners, Ltd.
- ☐ SJD Development Corp.
- ☐ Kirby Estates, LLC
- ☐ SunCal Communities I, LLC
- ☐ SunCal Communities III, LLC
- ☒ SCC Communities, LLC
- ☒ North Orange Del Rio Land, LLC
- ☒ Tesoro SF, LLC
- ☒ LB-L-SunCal Oak Valley, LLC
- ☒ SunCal Heartland, LLC
- ☒ LB-L-SunCal Northlake, LLC
- ☒ SunCal Marblehead, LLC
- ☐ SunCal Century City, LLC
- ☒ SunCal PSV, LLC
- ☒ Delta Coves Venture, LLC
- ☒ SunCal Torrance, LLC
- ☒ SunCal Oak Knoll, LLC

Chapter 11

**MOTION OF THE LEHMAN ENTITIES PURSUANT TO BANKRUPTCY RULE 9023 TO AMEND AND CLARIFY ORDER GRANTING SUNCAL PARTIES' MOTION FOR ORDER: (1) CLARIFYING PRIOR RULINGS AND RECORD; (2) CLARIFYING JURISDICTION OVER CLAIMS OBJECTIONS; AND (3) ENFORCING THE SUNCAL DEBTORS' AUTOMATIC STAY**

Date: February 2, 2012
Time: 2:00 p.m.
Place: Courtroom 5A

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Lehman Commercial Paper Inc. ("LCPI"), Lehman ALI, Inc. ("Lehman ALI"), Northlake Holdings LLC ("Northlake"), and OVC Holdings LLC ("OVC") (collectively, the "Lehman Entities") hereby move pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure for an order amending the Court's *Order Granting SunCal Parties' Motion for Order: (1) Clarifying Prior Rulings and Record; (2) Clarifying Jurisdiction Over Claims Objections; And (3) Enforcing the SunCal Debtors' Automatic Stay*, entered June 13, 2011 [Docket No. 2213] (the "Clarification Order"), issued in respect of a motion (the "Clarification Motion") filed by the Voluntary Debtors and SunCal Management, LLC (collectively, the "SunCal Parties").  For ease of reference, a copy of the Clarification Order is appended hereto as Exhibit 1.

## I.

## **INTRODUCTION**

This is not an effort to reargue the Clarification Motion.  By this motion, the Lehman Entities seek only to amend the Clarification Order sufficiently to resolve ambiguities in certain of its findings and conclusions.  The relief is important.  Without amendment, the Lehman Entities cannot ascertain the extent to which their substantive rights are affected by the Clarification Order, cannot determine how best to protect their interests while minimizing any disruption to these cases and may needlessly appeal.  We were surprised to learn that we had misinterpreted the Court's intent when ruling on the SunCal Parties' right to propound discovery, and do not wish to repeat the error. Our goal, in fact, is to avoid upsetting the timetable for plan confirmation:  It is in the interests of all creditors in these heavily litigated cases to proceed to confirmation as quickly as possible.

Identified below are certain findings and conclusions in the Clarification Order that the Lehman Entities believe are ambiguous, and the reasons why additional clarification is needed in order for the Lehman Entities to determine what if any action is necessary to preserve their rights. Unavoidably, it is clear from these explanations why the Lehman Entities favor one outcome over another, but the purpose of this motion is not to provoke further argument.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**II.**

**REQUESTED AMENDMENTS AND CLARIFICATIONS**

**A.    Amendment and Clarification of Findings and Conclusions Relating to the
Recoupment Claim Objection**

As defined in the Clarification Order, the "Claim Objections" are: (1) the *Amended Motion For Order Disallowing Certain Claims Held By Lehman Ali Inc. And Lehman Commercial Paper Inc.* (the "Recoupment Claim Objection") and (2) the *Motion For Order Disallowing Claims Of Lehman Ali, Inc. And Lehman Commercial Paper, Inc. Pursuant To 11 U.S.C. Section 502(d)* (the "Section 502(d) Claim Objection").

The Recoupment Claim Objection asserts different objections to the claims of LCPI and Lehman ALI (collectively, the "Lehman Claims") on the basis of a common set of allegations concerning alleged breaches by Lehman ALI of the Restructuring Agreement (LCPI was not a party to the Restructuring Agreement).  Material hereto, the alleged breaches are asserted to give rise to (a) a right of "recoupment" against LCPI and Lehman ALI in the amount of the alleged damages, and (b) against Lehman ALI only, a right to setoff the alleged damages and other remedies such as imposition of an equitable lien and constructive trust.

With respect to the Recoupment Claim Objection, the Lehman Entities request clarification of the following findings and conclusions, for the reasons stated.

> **1.6.    The Claim Objections seek no relief outside the limitations of Rule 3007 or Rule 3007-1.**

> **2.4.    As stated in the Findings of Fact above, after reviewing the Claim Objections, this Court has concluded that the Claim Objections filed by the SunCal Parties are "claim objections" within the parameters of Rule 3007.**

> **2.6.    The Court rejects the Lehman Entities' contention that the Recoupment Claim Objection is a disguised request for equitable subordination.  Pursuant to Fed.R.Bankr.P. 7001(8), subordination can only be pursued through an adversary proceeding and Rule 3007(b), bars the inclusion of this relief in a claim objection.**

The Clarification Order is ambiguous as to whether the Court has ruled that the secured portion of a secured claim may be reduced by recoupment or setoff, as the SunCal Parties request in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the Recoupment Claim Objection.  Although the Lehman Entities hope the Court did not already so

rule, we are not certain.

To recap the issue, the SunCal Parties contend that recoupment and setoff permit a party

asserting such rights to "reduce the secured portion of a secured claim"; its second prayer for relief,

at page viii of the Recoupment Claim Objection is for an order "[r]ecouping *from the secured*

*portion of the Lehman Claims*, all damages suffered by the Relevant SunCal Debtors on account of

the breach of Restructuring Agreement by Lehman ALI, Inc. . . ."  (emphasis added).  Although they

cite no apposite precedent[1] that recoupment allows anything other than abating the total amount of

the Lehman Claims, they suggest that the Court could impose such a remedy as a matter of equity

based on the Lehman Entities' alleged wrongdoing.

In response, LCPI and Lehman ALI contended that as a matter of law, recoupment and setoff

operate simply to reduce the gross amount of a claim, and there is no coherent basis or applicable

legal precedent for utilizing either principle to "reduce the secured portion of a claim."  Each

Lehman Claim against which recoupment or setoff is asserted is a single, unitary claim that under

the Bankruptcy Code is deemed secured to the extent of the value of the collateral, and to "reduce its

secured portion" is a meaningless expression except as a label for deeming the claim to be secured

by *less* than the actual value of the collateral.  If there is any legal basis for such a concept, the

Lehman Entities argued it must be the law of subordination (since that is its substantive effect) and

not recoupment or setoff:  the abatement of a claim has nothing to do with the extent to which it is

deemed secured.  The Lehman Entities argued that calling the relief "recoupment" doesn't make it

recoupment.

The specific ambiguity may be articulated as follows:

*In finding that (a) the Recoupment Claim Objection is not a disguised request for*

*equitable subordination, (b) subordination can only be obtained pursuant to an adversary*

---

[1]  *In re Jablonski*, 70 B.R. 381, 390 (Bankr. E.D. Pa. 1987) *aff'd in part and remanded*, 88 B.R. 652 (E.D. Pa. 1988),
involved the assessment of a $1000 penalty against a residential lender under the Truth in Lending Act.  Though
called recoupment, it was a statutory penalty; further, the statute directs that it be applied flexibly to achieve its
purpose.  It has no legal or logical relevance to this case.  Also irrelevant are (erroneous) decisions permitting a
debtor to elect which of multiple claims to setoff against, since the Lehman Entities assert only one prepetition
claim against each debtor.

1  *proceeding under Rule 7001 and not through a claim objection, and (c) the Recoupment Claim*

2  *Objection is a "claim objection" within the scope of Rule 3007:*

3         *a.     Was the Court determining that the relief requested by the SunCal Parties –*

4  *"reducing the secured portion" of the Lehman Claims – is cognizable in recoupment or setoff and*

5  *can be granted by the Court within the scope of a claim objection without need of an adversary*

6  *proceeding?*

7         *- or -*

8         *b.     Was the Court simply ruling that the Recoupment Claim Objection is not a*

9  *disguised request for equitable subordination and does not exceed the scope of Rule 3007 because,*

10  *as pled, the basis for such relief is limited to recoupment and setoff, without deciding at this time*

11  *whether the request to "reduce the secured portion" of the Lehman Claims is relief that can be*

12  *awarded through recoupment or setoff or that the facts alleged by the SunCal Parties support*

13  *such relief?*

14         The wording of Paragraphs 1.6, 2.4 and 2.6 of the Clarification Order can be argued to

15  support either interpretation.  Obviously, a ruling that the Court is not deciding now whether

16  recoupment or setoff can be used to "reduce the secured portion of a secured claim" impairs the

17  Lehman Entities' substantive rights far less.  At the May 13 hearing on the SunCal Parties' *Motion*

18  *For Order Regarding Entitlement To Discovery In Connection With Claim Objection, And/Or*

19  *Imposing Discretionary Stay*, we understood at the time that the Court was basing its finding that the

20  Recoupment Claim Objection was a true "claim objection" on the fact that it was pled defensively

21  and did not expressly request subordination of the Lehman Claims and liens.  Neither then nor at the

22  June 9 hearing on the Clarification Motion was there any discussion that the Court was ruling on the

23  specific issue of law underlying this ambiguity – whether recoupment or setoff may be applied to

24  "reduce the secured portion of a claim."  Absent an express ruling, and given what from our

25  perspective is the sheer lack of authority or logic for such a principle, it seems unlikely that the

26  Court intended to rule that recoupment or setoff permits such relief.

27         Subsequent to the Clarification Order, the Court entered its *Order re Motion for Order*

28  *Regarding Entitlement To Discovery In Connection With Claim Objection, And/Or Imposing*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Discretionary Stay*, entered on June 24, 2011 [Docket No. 2266] (appended hereto as Exhibit 2), which appears to bear out the Lehman Entities' interpretation. It specifies (a) that the Recoupment Claim Objection "asserts a legal theory *asserted to constitute recoupment,*" (b) that it "makes no finding as to the merits of the [Recoupment Claim Objection] and relief requested therein," (c) is "without prejudice to any defenses that may be raised by LCPI" and (d) is also without prejudice to "its right to establish that the [Recoupment Claim Objection] is something other than a claim objection and that *the legal basis for relief asserted therein is not recoupment*." *Id.* (emphasis added).

Whichever interpretation was intended, clarification is needed. LCPI and Lehman ALI have requested in their opposition to the Recoupment Claim Objection that the Court make an initial ruling rejecting as a matter of law SunCal's request for such relief. If the Court has already ruled that such relief is available, the Lehman Entities must act to preserve their rights.

If, as the Lehman Entities hope, the Court did *not* intend to rule that the SunCal Parties may "reduce the secured portion" of the Lehman Claims via recoupment or setoff, the Lehman Entities request that the Court amend paragraph 2.6 of the Clarification Order to further clarify that:

**Nothing in these Findings and Conclusions constitutes a determination that the secured portion of a secured claim can be reduced through recoupment or setoff, or that the specific alleged recoupment or setoff rights asserted in the Recoupment Claim Objection permit a reduction in the secured portion of the Lehman Claims, as requested by the SunCal Parties.**

**B.    Amendment and Clarification of Findings and Conclusions Regarding Relief Against Lehman ALI**

The Lehman Entities request clarification of paragraphs 1.6 and 2.4 in one other respect. The Court found that "[t]he Claim Objections seek no relief outside the limitations of Rule 3007 or Rule 3007-1" and concluded "that the Claim Objections filed by the SunCal Parties are 'claim objections' within the parameters of Rule 3007." Because the focus of the Clarification Motion was whether the Claim Objections assert affirmative relief in violation of the LCPI automatic stay, the Lehman Entities believe the Court likely intended its conclusion that the Claim Objections do not exceed the scope of Rule 3007 or Rule 3007-1 to relate only to the assertion of purported recoupment rights

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

against LCPI, and not to SunCal's assertion of the alleged breach of contract against Lehman ALI as the basis for a setoff against Lehman ALI's claims and for the imposition of a constructive trust and equitable lien on Lehman ALI's liens. Indisputably, this is affirmative relief, as the SunCal Parties acknowledge by their assertion of such remedies only against the non-debtor, Lehman ALI. At minimum, the imposition of an equitable lien or constructive trust is not a "defense." If this assessment is correct, the Lehman Entities request that that paragraphs 1.6 and 2.4 be amended to read:

      **1.6.** **The Claim Objections seek no relief <u>against LCPI</u> outside the limitations of Rule 3007 or Rule 3007-1.**

      **2.4.** **As stated in the Findings of Fact above, after reviewing the Claim Objections, this Court has concluded that <u>as to LCPI</u>, the Claim Objections filed by the SunCal Parties are "claim objections" within the parameters of Rule 3007.**

**C.**   <u>**Amendment and Clarification of Findings and Conclusions Regarding the Section 502(d) Objection**</u>

With respect to the Section 502(d) Objection, the Lehman Entities request amendment of the following findings and conclusions, for the reasons stated below.

      **2.7.** **The Section 502(d) Objection seeks the disallowance of the Lehman Claims. This does not require a prior liability judgment. *In re America West Airlines, Inc.*, 217 F.3d 1161 (9th Cir. 2000). A claim objection based upon Section 502(d) can be used in a purely "defensive" manner, as in this case, without the initiation of an adversary proceeding seeking the actual recovery of the transfer. *In re KF Dairies, Inc.*, 143 B.R. 734, 737 (9th Cir. BAP 1992).**

      **2.8.** **I find no case law holding that a claim objection based upon Section 502(d), which seeks only disallowance of a claim, and no recovery of the underlying transfers, violates the stay of the claimant. To the contrary, the case law on point indicates that like any other "claim objection," such an objection is filed as an "answer" to a claim, and is not in violation of the claimant's stay. *In re Metiom, Inc.*, 301 B.R. 634, 638-639 (Bankr.S.D.N.Y. 2003); *In re PRS Ins. Group*, 331 B.R. 580, 584 (Bankr.D.Del. 2005).**

The effect of these conclusions on the rights of the Lehman Entities is uncertain, because it is unclear from the findings in the Clarification Order to what relief these conclusions relate: the relief of "disallowance" requested in the Section 502(d) Objection, or the more limited relief of

1   "temporary disallowance" requested in the SunCal Parties' reply brief in support of the Section

2   502(d) Objection (which the Lehman Entities believe is more consistent with section 502(d)).

3        In the Section 502(d) Objection, the SunCal Parties appeared to argue that a claim could be

4   disallowed without a final determination that the avoidable transfers are avoidable, based upon a

5   pleading or perfunctory showing of a prima facie case of avoidability, in a summary claim

6   proceeding in which the burden of proof would shift to the claimant to prove that its claim was *not*

7   avoidable.

8        In response, pertinent to the Clarification Motion, the Lehman Entities argued, *inter alia*, that

9   (a) disallowance of a claim under section 502(d) requires more than a pleading or perfunctory

10  showing of a prima facie case, (b) a section 502(d) objection is not intended as vehicle for litigating

11  avoidance claims but as a means of enforcing avoidance determinations made in independent

12  proceedings (such as the Equitable Subordination Action in which the same claims are already

13  pending), and (c) to the extent a claim objection under section 502(d) was nonetheless used as a

14  litigation vehicle, relief from stay would be required just as if the litigation were commenced in an

15  independent action.

16       In their reply brief, at page 3, the SunCal Parties explained for the first time that what the

17  Section 502(d) Objection seeks is only <u>temporary disallowance</u> of the Lehman Claims. SunCal

18  explained that temporary disallowance is "essential to preserve the disputes pending final

19  adjudication of the Lehman Adversary Proceeding" and acknowledged that "*Section 502(d)*

20  *contemplates only temporary disallowance pending the formal resolution of the Lehman Adversary*

21  *Proceeding*."

22       The truncated procedural and substantive protections that the SunCal Parties urged the Court

23  to adopt in the Section 502(d) Objection are more consistent with the request for <u>temporary</u> claim

24  disallowance articulated by the SunCal Parties in their reply brief.  Under this analysis, final

25  disallowance of a claim under section 502(d) would still require a final determination of avoidability

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

1    (whether or not reduced to judgment),[2] in a proceeding governed by the same procedural rights and

2    substantive standards (including the burden of proof) as an adversary proceeding and, if avoidability

3    is proven, the failure by the claimant to return the transfer found to be avoidable.  The conclusion in

4    paragraph 2.8 of the Clarification Order that a section 502(d) objection is in the manner of an

5    "answer" to a proof of claim and, as such, does not violate the automatic stay of the claimant, makes

6    far greater jurisprudential sense in the context of seeking only temporary disallowance.  If the

7    Court's conclusions are premised upon an application of section 502(d) that is consistent with the

8    SunCal Parties' own explanation in their reply brief of the nature and effect of such relief, then the

9    impairment of the Lehman Entities' rights is less substantial than originally presented by the Section

10   502(d) Objection, and may be addressed with less impact on these cases.  If that is the case, the

11   Lehman Entities request that the Clarification Order be amended to clarify that:

12   **2.7.    The Section 502(d) Objection seeks the disallowance of the Lehman
     Claims.  This does not require a prior liability judgment.  In re America West Airlines,
13   Inc. 217 F.3d 1161 (9th Cir. 2000).  A claim objection based upon Section 502(d) can be
14   used in a purely "defensive" manner, as in this case, without the initiation of an
     adversary proceeding seeking the actual recovery of the transfer.  In re KF Dairies, Inc.,
15   143 B.R. 734, 737 (9th Cir. BAP 1992).  While Section 502(d) does not require a prior**
16   **liability judgment or the initiation of an adversary proceeding seeking recovery of the
     transfer, disallowance of a claim under Section 502(d) does require a determination of**
17   **the avoidability of the disputed transfer in a proceeding governed by the same**
18   **procedural rights and substantive standards (including the burden of proof) as an
     adversary proceeding.  The SunCal Parties have represented that the Section 502(d)**
19   **Objection seeks only temporary disallowance of the Lehman Claims pending the formal**
20   **Objection seeks only temporary disallowance of the Lehman Claims pending the formal**
21   **resolution of the Lehman Adversary Proceeding in which the avoidance claims are**
22   **pending.**

23   **2.8.    I find no case law holding that a claim objection based upon Section
     502(d), which seeks only disallowance of a claim based on a determination of**
24   **avoidability in the Lehman Adversary Proceeding, and no recovery of the underlying**
25   **transfers, violates the stay of the claimant. To the contrary, the case law on point**

26

27   [2]  The case cited in the Clarification Order, *In re America West Airlines, Inc.*, 217 F.3d 1161 (9th Cir. 2000), in no way
     suggests that a final judicial determination is unnecessary. The dispute was only whether it was necessary to also have
     a *judgment* for recovery under section 550.  Because the statute of limitations had run, no such judgment was required.
28   Disallowance under section 502(d) was based on the Court's *prior determination* on a motion under section 545 that
     the subject lien was avoidable.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

indicates that like any other "claim objection," such an objection is filed as an "answer" to a claim, and is not in violation of the claimant's stay. *In re Metiom, Inc.*, 301 B.R. 634, 638-639 (Bankr.S.D.N.Y. 2003); *In re PRS Ins. Group*, 331 B.R. 580, 584 (Bankr.D.Del. 2005).

## III.

## CONCLUSION

For the reasons set forth herein, the Lehman Entities respectfully request that the Court grant the relief requested herein, and such further relief as is just and appropriate.

Dated:    June 27, 2011                    PACHULSKI STANG ZIEHL & JONES LLP


                                           */s/ Dean A. Ziehl*
                                           Richard M. Pachulski (CA Bar No. 90073)
                                           Dean A. Ziehl (CA Bar No. 84529)
                                           10100 Santa Monica Blvd., Suite 1100
                                           Los Angeles, CA 90067-4100
                                           Telephone:  (310) 277-6910
                                           Facsimile:  (310) 201-0760

                                           -and-

                                           WEIL, GOTSHAL & MANGES LLP
                                           Edward Soto (admitted *pro hac vice*)
                                           767 Fifth Avenue
                                           New York, NY  10153-0119
                                           Telephone:  (212) 310-8000
                                           Facsimile:  (212) 310-8007

                                           Counsel for Lehman Commercial Paper Inc.,
                                           Lehman ALI, Inc., Northlake Holdings, LLC and
                                           OVC Holdings, LLC

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT "1"

EXHIBIT "1"

PAUL J. COUCHOT -- State Bar No. 131934
SEAN A. O'KEEFE -- State Bar No. 122417
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
General Insolvency Counsel for Administratively Consolidated
Debtors-in-Possession

RONALD RUS - State Bar No. 67369
JOEL S. MILIBAND - State Bar No. 77438
**RUS MILIBAND & SMITH**
**A PROFESSIONAL CORPORATION**
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
Counsel for SunCal Management LLC

**FILED & ENTERED**

**JUN 13 2011**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY deramus  DEPUTY CLERK**

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In re

Palmdale Hills Property, LLC, and its
Related Debtors.

    Jointly Administered
    Debtors and Debtors-in-
    Possession

Affects:
☐ All Debtors
☒ Palmdale Hills Property, LLC,
☐ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale, LLC
☐ SunCal Johannson Ranch, LLC
☒ SunCal Summit Valley, LLC
☒ SunCal Emerald Meadows LLC
☒ SunCal Bickford Ranch, LLC
☒ Acton Estates, LLC
☐ Seven Brothers LLC
☒ SJD Partners, Ltd.
☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
    *Continued on Next Page*

Case No. 8:08-bk-17206-ES

Jointly Administered With Case Nos.

8:08-bk-17209ES; 8:08-bk-17240ES; 8:08-bk-17224ES;
8:08-bk-17242ES; 8:08-bk-17225ES; 8:08-bk-17245ES;
8:08-bk-17227ES; 8:08-bk-17246ES; 8:08-bk-17230ES;
8:08-bk-17231ES; 8:08-bk-17236ES; 8:08-bk-17248ES;
8:08-bk-17249ES; 8:08-bk-17573ES; 8:08-bk-17574ES;
8:08-bk-17575ES; 8:08-bk-17404ES; 8:08-bk-17407ES;
8:08-bk-17408ES; 8:08-bk-17409ES; 8:08-bk-17458ES;
8:08-bk-17465ES; 8:08-bk-17470ES; 8:08-bk-17472ES;
and 8:08-17588ES.

Chapter 11 Cases

**ORDER GRANTING SUNCAL PARTIES'**
**MOTION FOR ORDER:**

    **1) Clarifying Prior Rulings and Record;**

    **2) Clarifying Jurisdiction Over Claims**
        **Objections; And**

    **3) Enforcing The Suncal Debtors' Automatic**
        **Stay**

1

*Continued from Previous Page*

☒ SCC Communities LLC
☐ North Orange Del Rio Land, LLC
☒ Tesoro SF, LLC
☒ LBL-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC
☒ LBL-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☒ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
☐ SunCal Torrance, LLC
☐ SunCal Oak Knoll, LLC

DATE:    June 13, 2011
TIME:    9:30 a.m.
PLACE:   Courtroom 5A

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On June 13, 2011, a hearing was held on that certain *Motion For Order: Clarifying Prior Rulings and Record; 2) Clarifying Jurisdiction Over Claims Objections; And 3) Enforcing The Suncal Debtors' Automatic Stay* (the "Motion") filed by Acton Estates LLC ("Acton"), SunCal Bickford Ranch LLC ("Bickford"), SunCal Emerald Meadows LLC ("Emerald Meadows"), Palmdale Hills Property, LLC ("Palmdale Hills"), SJD Partners, Ltd. ("SJD Partners"), SunCal Summit Valley LLC ("Summit Valley"), SCC Communities LLC ("SCC Communities"), Tesoro SF LLC ("Tesoro") (collectively the "Voluntary Debtors"), and SunCal Management, LLC ("SunCal Management"), as a claimant in the related Chapter 11 cases of the Trustee Debtors[1] (the "Voluntary Debtors" and the "Trustee Debtors" are collectively referred to herein as "SunCal Debtors," and the "Voluntary Debtors" and "SunCal Management" are referred to herein as the "SunCal Parties"). After due consideration of the Motion, the opposition filed thereto by Lehman Commercial Paper, Inc. ("LCPI") and Lehman Ali, Inc. ("Lehman Ali") (together the "Lehman Entities"), and for other good and adequate cause, the Court makes the following *Findings of Fact and Conclusions of Law*, and on the basis of the same grants the relief set forth in the within *Order*.

## I

## <u>FINDINGS OF FACT</u>

1.1     The Chapter 11 cases of the SunCal Voluntary Debtors,[2] and the Chapter 11 cases of the related Trustee Debtors[3] (collectively, the "SunCal Debtors") are pending before this Court.

1.2     The Lehman Entities have filed the proofs of claim described below (the "Lehman Claims") in the Chapter 11 cases of the SunCal Debtors:

---

[1] Delta Coves, SunCal Heartland, SunCal Marblehead, SunCal Northlake, SunCal Oak Valley, SunCal Century City, SunCal PSV, SunCal Torrance, and SunCal Oak Knoll.

[2] Palmdale Hills Property LLC, SunCal Communities I LLC, SunCal Communities III LLC, SCC Palmdale LLC, Acton Estates LLC, SunCal Beaumont LLC, SunCal Emerald LLC, SunCal Johansson LLC, SunCal Bickford LLC, SunCal Summit LLC, Seven Brothers LLC, Kirby Estates LLC, SJD Partners, Ltd.,  SJD Development Corp., SCC Communities LLC, North Orange Del Rio LLC and Tesoro SF, LLC.

[3] Delta Coves LLC, SunCal Heartland LLC, SunCal Marblehead LLC, SunCal Northlake LLC, SunCal Oak Valley LLC, SunCal Century City LLC, SunCal PSV LLC, SunCal Torrance LLC and SunCal Oak Knoll, LLC.

| Claim No. | Relevant SunCal Debtors | Current Claim Holder[4] | Claim Amount |
|---|---|---|---|
| 6 | Acton Estates | LCPI | $343,221,391 |
| 16 | Bickford Ranch | LCPI | $343,221,391 |
| 7 | Emerald Meadows | LCPI | $343,221,391 |
| 65 | Palmdale Hills | LCPI | $287,252,096 |
| 23 | SJD Partners | Lehman ALI | $120,110,237 |
| 12 | Summit Valley | LCPI | $343,221,391 |
| 9 | SCC Communities | Lehman ALI | $ 23,795,013 |
| 7 | Tesoro | Lehman ALI | $ 23,795,013 |
| 16 | Oak Valley | LCPI | $141,630,092 |
| 6 | Northlake | LCPI | $123,654,777 |
| 12 | PSV | LCPI | $88,257,340 |
| 9 | Heartland | LCPI | $354,325,126 |
| 21 | Marblehead | LCPI | $354,325,126 |

1.3    LCPI is operating under the protection of Chapter 11 of the United States

Bankruptcy Court before the United States Bankruptcy Court for the Southern District of New

York (the "SDNY Court"). Lehman Ali is not operating under the protection of Chapter 11.

1.4    In response to the Lehman Claims, the SunCal Parties filed that certain *Notice Of

Amended Motion And Amended Motion For Order Disallowing Certain Claims Held By Lehman

Ali Inc. And Lehman Commercial Paper Inc.* (the "Recoupment Claim Objection")[5] and that

certain *Motion to Disallow Claims The Moving Voluntary Debtors And Suncal Management LLCs

Notice Of Motion And Motion For Order Disallowing Claims Of Lehman Ali, Inc. And Lehman

Commercial Paper, Inc. Pursuant To 11 U.S.C. Section 502(d)* (the "Section 502(d) Claim

Objection") (together the "Claim Objections").

1.5    The Claim Objections were filed pursuant to Federal Rule of Bankruptcy

Procedure 3007 ("Rule 3007") and Central District Local Rule 3007-1 (Rule 3007-1), which

govern "claim objections."

1.6    The Claim Objections seek no relief outside the limitations of Rule 3007 or Rule

3007-1.

---

[4] As set forth in more detail below, several of the underlying loans have been subject to multiple transfers before and after the petition date.  Accordingly, the "current claim holder" is not necessarily the original claim holder or the entity which initially filed the proof of claim.  To the extent that other Lehman affiliated entities are the holders of any of these claims, for the purposes of this Motion, such entities are included in the definition of the "Lehman Entities" and such to this Motion.

[5] This is an amended version of an earlier claim objection filed on April 8, 2011.

1.7     Recoupment Claim Objection seeks the disallowance of the Lehman Claims filed by LCPI (the "LCPI Claims") on three defensive grounds: recoupment, unjust enrichment and unclean hands.

1.8     The Section 502(d) Claim Objection seeks the disallowance of the Lehman Claims filed by LCPI Claims in reliance on 11 U.S.C. § 502(d). It does not appear to seek any affirmative *recovery* from the Lehman Entities.

1.9     This Court has authorized the Claim Objections to proceed based upon its conclusion that Claim Objections do not violate the automatic stay of LCPI.  Nevertheless, the Court recognizes that the court presiding over LCPI's bankruptcy case in the Southern District of New York ("New York Bankruptcy Court") is the final arbiter regarding the extent, scope, and applicability of the automatic stay protecting LCPI. *In re Palmdale Hills Property, LLC*, 423 B.R. 655 (9th Cir.BAP 2009).

## II

## CONCLUSIONS OF LAW

### The Claim Objections

2.1     Section 1334(e) of Title 28 provides:

> The district court in which a case under Title 11 is commenced or is pending shall have exclusive jurisdiction –
>
> of all of the property, wherever located of the debtor as of the commencement of such case and of property of the estate.

28 U.S.C. § 1334(e).  Since the Lehman Claims were filed in this Court, and they seek payment from the *res* within the exclusive control of that Court, the allowance and disallowance of these claims falls within this Court's exclusive jurisdiction. *See Gardner v. State of N.J.*, 329 U.S. 565, 573-74 (1947); *In re W.G. Wade Shows, Inc.*, 218 B.R. 625, 628 (Bankr. M.D. Fla. 1998); *In re Millennium Seacarriers, Inc.,* 419 F.3d 83, 92 (2d Cir. 2005); *see* 28 U.S.C. § 157(b)(2)(k); *In re U.S. Lines, Inc.,* 199 B.R. 476, 480 (Bankr. S.D.N.Y. 1996).

2.2.     The power to allow and disallow claims is at the core any bankruptcy court's power and it is essential to this Court's ability to perform its statutory function. *In re Parker N.*

*Am. Corp.*, 24 F.3d 1145, 1153 (9th Cir. 1994); *In re S.G. Phillips Constructors, Inc.*, 45 F.3d
702, 707 (2d Cir. 1995).

2.3.    As part of its exclusive jurisdiction over the claims allowance and disallowance
process, this Court must determine whether a pleading filed in this Court is in fact a "claim
objection," or whether, as is alleged in this case, is something other than a "claim objection."

2.4.    As stated in the *Findings of Fact* above, after reviewing the Claim Objections, this
Court has concluded that the Claim Objections filed by the SunCal Parties are "claim objections"
within the parameters of Rule 3007.

2.5.    As a general rule, claim objections do not violate the automatic stay of the
claimant. *In re Palmdale Hills Property, LLC*, 423 B.R. 655 (9th Cir.BAP 2009)*; In re Wheatfield
Business Park*, 308 B.R. 463, 466 (9th Cir. BAP 2004); *In re Financial News Network*, 158 B.R.
570 (S.D.N.Y. 1993); *Olick v. Parker & Parsley Petroleum Co*., 145 F.3d 513, 516 (2d Cir.
1998); *Vasile v. Dean Witter Reynolds Inc*., 20 F.Supp.2d 465, 499 (E.D.N.Y. 1998); *In re
Metiom*, 301 B.R. 634, 638-639 (Bankr.S.D.N.Y. 2003); *In re PRS Ins. Group*, 331 B.R. 580, 587
(Bankr.D.Del. 2005); *In re Meade*, 1999 WL 33496001, 1 (E.D.Pa. 1999).  *See also In re Bousa,
Inc*., 2005 WL 1176108, *4 (S.D.N.Y. 2005).

2.6.    The Court rejects the Lehman Entities' contention that the Recoupment Claim
Objection is a disguised request for equitable subordination. Pursuant to Fed.R.Bankr.P. 7001(8),
subordination can only be pursued through an adversary proceeding and Rule 3007(b), bars the
inclusion of this relief in a claim objection.

2.7.    The Section 502(d) Objection seeks the disallowance of the Lehman Claims. This
does not require a prior liability judgment. *In re America West Airlines*, Inc. 217 F.3d 1161 (9th
Cir. 2000). A claim objection based upon Section 502(d) can be used in a purely "defensive"
manner, as in this case, without the initiation of an adversary proceeding seeking the actual
recovery of the transfer. *In re KF Dairies, Inc.*, 143 B.R. 734, 737 (9th Cir. BAP 1992).

2.8.    I find no case law holding that a claim objection based upon Section 502(d), which
seeks only disallowance of a claim, and no recovery of the underlying transfers, violates the stay
of the claimant. To the contrary, the case law on point indicates that like any other "claim

1    objection," such an objection is filed as an "answer" to a claim, and is not in violation of the

2    claimant's stay. *In re Metiom, Inc.*, 301 B.R. 634, 638-639 (Bankr.S.D.N.Y. 2003); *In re PRS Ins.*

3    *Group*, 331 B.R. 580, 584 (Bankr.D.Del. 2005).

4    **Clarification of The April 12, 2010 Order**

5        2.9    A court has the power to interpret and clarify its own orders. *Aspen Specialty Ins.*

6    *Co. v. Muniz Eng'g Inc.*, CIV.A. H-05-0277, 2006 WL 1663732 (S.D. Tex. June 15, 2006). This

7    power includes the power to ensure that "orders are interpreted and executed in the manner

8    intended." *In re GTI Capital Holdings*, L.L.C., 399 B.R. 247, 253-54 (Bankr. D. Ariz. 2008), and

9    to "assert ancillary jurisdiction when another court is interpreting a bankruptcy court's order." *Id.*

10   Moreover, "bankruptcy courts have inherent or ancillary jurisdiction to interpret and enforce  their

11   own orders wholly independent of the statutory grant in 28 U.S.C. § 1334." *In re Chateaugay*

12   *Corp.*, 201 B.R. 48, 62 (Bankr.S.D.N.Y.1996), aff'd 213 B.R. 633 (S.D.N.Y.1997).

13       2.10    Paragraph 2 in the April 12, 2010 order (Adversary Case No. 8:09-ap-01005-ES),[6]

14   does not hold that the automatic stay of a claimant bars the filing of a *claim objection* under Rule

15   3007, where disallowance is prayed for based upon Section 502(d). The April 12, 2010, was

16   issued in the context of ruling on a motion to dismiss an adversary proceeding, and not a claim

17   objection.  Claim objections are generally not subject to the automatic stay, and a claim objection

18   based upon Section 502(d) that seeks only the *disallowance* of a claim, and not *recovery* of the

19   transfer, does not, in this Court's view, violate the stay of the claimant.

20

21

22

23   [6] Paragraph 2 provides:

24       Under *In re Palmdale Hills Property, LLC*, the claims for relief brought against
         Defendant Lehman Commercial Paper Inc. ("LCPI") – namely, claims 1, 5, 7, 8,
25       and 9 – are affirmative relief and, therefore violate LCPI's automatic stay.
         Consequently, the first, fifth, seventh, eighth, and ninth claims for relief are
26       dismissed without prejudice to the extent that they are brought against LCPI.
         Plaintiffs must seek relief from LCPI's automatic stay in the United States
27       Bankruptcy Court for the Southern District of New York *in order to bring any*
         *claims against LCPI in this adversary proceeding*.
28

**This Court's Exclusive Jurisdiction And The Effect of Stay Motion On The Voluntary**

**Debtors' Automatic Stay**

2.11.    The Stay Motion appears to seek an order from the New York Bankruptcy Court barring the SunCal Parties from objecting to the claims of LCPI that have been filed against the SunCal Debtors' estates.

2.12.    Pursuant to 11 U.S.C. § 501, a properly filed and documented proof of claim has prima facie validity upon filing. If a debtor or other party-in-interest fails to object to this claim, it is deemed "allowed."[7] Accordingly, if the SunCal Parties are barred from objecting to the LCPI Claims filed against the SunCal Debtors' estates, as prayed in the Stay Motion, these claims will effectively be "allowed" by default. The allowance or disallowance of claims filed against the estates of the SunCal Debtors is the exclusive jurisdiction of this Court. The Lehman Entities cannot seek "allowance" in another Court through a motion that seeks to immunize the LCPI Claims from objection in this Court, thereby allowing these claims by default in this Court.

2.13.    To the extent that the Motion seeks to bar the Voluntary Debtors from objecting to the LCPI Claims, which are allegedly secured by liens against the Voluntary Debtors' property, such action  implicates and violates the Voluntary Debtors' automatic stay. A debtor who is denied the right to oppose a disputed claim that is secured by a lien against its property, is deprived of a critical attribute of ownership – the right to defend its own property. By seeking to deprive the Voluntary Debtors of this "power to defend," the Stay Motion violates 11 U.S.C. § 362(a)(3).

2.14.    To the extent that the Stay Motion seeks to immunize its LCPI's prepetition claims from objection by obtaining a ruling in another court barring the assertion of any defense to these claims, it is effectively seeking the "allowance" its claims. This is the first step in the collection process and therefore violates 11 U.S.C. § 362(a)(1).

**ORDER**

---

[7] The Lehman Claims are in the nature of "complaints" against the applicable SunCal Debtors, and the Claim Objections are in the nature of answers to these complaints. *Matter of Continental Airlines,* 928 F.2d 127, 129 (5th Cir. 1991); *Nortex Trading Corp. v. Newfield,* 311 F.2d 163, 164 (2d Cir. 1962); *In re Barclay Bros., Inc.,* 1986 WL 15884, 1 (Bankr.E.D.Pa. 1986).

1    Based upon the preceding *Findings of Fact* and *Conclusions of Law*, and in the interest of

2  enforcing and protecting the automatic stay of the Voluntary Debtors, the Lehman Entities are

3  ORDERED not to seek any relief in the Stay Motion that 1) addresses the merits of the Claim

4  Objections; and 2) violates the stay of the Voluntary Debtors by barring the Voluntary Debtors

5  from filing claim objections in this Court to the Lehman Claims filed in this Court.

6    It is further ORDERED that this Court's order of April 12, 2010 (Adversary Case No.

7  8:09-ap-01005-ES) is clarified as provided for herein.

8                                                ####

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  DATED: June 13, 2011

United States Bankruptcy Judge

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **ORDER GRANTING SUNCAL PARTIES' MOTION FOR ORDER: (1) Clarifying Prior Rulings and Record; (2) Clarifying Jurisdiction Over Claims Objections; And (3) Enforcing The Suncal Debtors' Automatic Stay** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 10, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

D Edward Hays on behalf of Creditor Lehman ALI, Inc. - ehays@marshackhays.com
Harry D. Hochman on behalf of Creditor Lehman ALI, Inc. - hhochman@pszjlaw.com, hhochman@pszjlaw.com
Steven J Kahn on behalf of Creditor Lehman ALI, Inc. - skahn@pszyjw.com
Henry H Oh on behalf of 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd -
henry.oh@dlapiper.com, janet.curley@dlapiper.com
Robert B Orgel on behalf of Creditor Lehman ALI, Inc. - rorgel@pszjlaw.com
Malhar S Pagay on behalf of Creditor Lehman ALI, Inc. - mpagay@pszjlaw.com
Richard Pachulski on behalf of Creditor Lehman ALI, Inc. - rpachulski@pszjlaw.com
Shai Waisman on behalf of Lehman Commercial Paper, Inc. - Shai.waisman@weil.com
Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 10, 2011 | Susan Connor | /s/ Susan Connor |
|---|---|---|
| Date | Type Name | Signature |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*):  **ORDER GRANTING SUNCAL PARTIES' MOTION FOR ORDER:  (1) Clarifying Prior Rulings and Record; (2) Clarifying Jurisdiction Over Claims Objections; And (3) Enforcing The Suncal Debtors' Automatic Stay**  was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of June 10, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒   Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Palmdale Hills Property, LLC**
2392 Morse Avenue
Irvine, CA 92614

☐   Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐   Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):

1    NEF SERVICE LIST

2    • Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
3    • Joseph M Adams    jadams@sycr.com
     • Raymond H Aver    ray@averlaw.com
4    • James C Bastian    jbastian@shbllp.com
     • Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
5    • John A Boyd    fednotice@tclaw.net
     • Mark Bradshaw    mbradshaw@shbllp.com
6    • Gustavo E Bravo    gbravo@smaha.com
     • Jeffrey W Broker    jbroker@brokerlaw.biz
7    • Brendt C Butler    bbutler@mandersonllp.com
     • Andrew W Caine    acaine@pszyjw.com
8    • Carollynn Callari    ccallari@venable.com
     • Cathrine M Castaldi    ccastaldi@rusmiliband.com
9    • Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
     • Dan E Chambers    dchambers@jmbm.com
10   • Shirley Cho    scho@pszjlaw.com
     • Vonn Christenson    vrc@paynefears.com
11   • Brendan P Collins    bpcollins@bhfs.com
     • Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
12   • Paul J Couchot    pcouchot@winthropcouchot.com,
     pj@winthropcouchot.com;sconnor@winthropcouchot.com
13   • Jonathan S Dabbieri    dabbieri@sullivan.com,
14   hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
15   • Ana Damonte    ana.damonte@pillsburylaw.com
     • Vanessa S Davila    vsd@amclaw.com
16   • Melissa Davis    mdavis@shbllp.com
     • Daniel Denny    ddenny@gibsondunn.com
17   • Caroline Djang    crd@jmbm.com
     • Donald T Dunning    ddunning@dunningLaw.com
18   • Meredith R Edelman    meredith.edelman@dlapiper.com
     • Joseph A Eisenberg    jae@jmbm.com
19   • Lei Lei Wang Ekvall    lekvall@wgllp.com
     • Richard W Esterkin    resterkin@morganlewis.com
20   • Marc C Forsythe    kmurphy@goeforlaw.com
     • Alan J Friedman    afriedman@irell.com
21   • Steven M Garber    steve@smgarberlaw.com
22   • Christian J Gascou    cgascou@gascouhopkins.com
     • Barry S Glaser    bglaser@swjlaw.com
23   • Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
     • Eric D Goldberg    egoldberg@stutman.com
24   • Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
     • Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
25   • Kelly C Griffith    bkemail@harrisbeach.com
     • Matthew Grimshaw    mgrimshaw@rutan.com
26   • Kavita Gupta    kgupta@winthropcouchot.com
     • Asa S Hami    ahami@morganlewis.com
27   • Michael J Hauser    michael.hauser@usdoj.gov
     • D Edward Hays    ehays@marshackhays.com
28   • Michael C Heinrichs    mheinrichs@omm.com
     • Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com

- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkclaw.com
- Claude F Kolm    claude.kolm@acgov.org
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com, vgunderson@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com,
  jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com,
  Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Christopher T Williams    ctwilliams@venable.com, jcontreras@venable.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as *MOTION OF THE LEHMAN ENTITIES PURSUANT TO BANKRUPTCY RULE 9023 TO AMEND AND CLARIFY ORDER GRANTING SUNCAL PARTIES' MOTION FOR ORDER: (1) CLARIFYING PRIOR RULINGS AND RECORD; (2) CLARIFYING JURISDICTION OVER CLAIMS OBJECTIONS; AND (3) ENFORCING THE SUNCAL DEBTORS' AUTOMATIC STAY* will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____June 27, 2011____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ____June 27, 2011____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*
JUDGE'S COPY [Overnight Delivery]
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____June 27, 2011____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

(1) Gen'l Counsel for Voluntary Debtors:
    Paul Couchot - pcouchot@winthropcouchot.com
    Marc J Winthrop - pj@winthropcouchot.com
    Paul Lianides - plianides@winthropcouchot.com
(2) Debtors (Palmdale Hills Property, LLC and related entities):
    bcook@suncal.com
(3) Counsel for SunCal Management:
    Ronald Rus – rrus@rusmiliband.com
(4) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
    Louis Miller - smiller@millerbarondess.com
    Martin Pritikin – mpritikin@millerbarondess.com
(5) Gen'l Counsel for Ch. 11 Trustee (Speier):
    William Lobel - wlobel@thelobelfirm.com
    Mike Neue – mneue@thelobelfirm.com
(6) Ch. 11 Trustee:
    Steven N. Speier - sspeier@asrmanagement.com; ca85@ecfcbis.com
(7) Office of the United States Trustee:
    Michael Hauser - michael.hauser@usdoj.gov

(8) Counsel for Voluntary Debtors' Committee:
    Alan Friedman - afriedman@irell.com
    Kerri A Lyman - klyman@irell.com
(9) Counsel for Trustee Debtors' Committee:
    Lei Lei Wang Ekvall - lekvall@wgllp.com
    Hutchison B Meltzer - hmeltzer@wgllp.com
(10) Counsel for Bond Safeguard & Lexon
    Mark J Krone - mk@amclaw.com, crs@amclaw.com; amc@amclaw.com

Edward Soto - Edward.soto@weil.com; odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Alfredo R. Perez – alfredo.perez@weil.com
Lauren Zerbinopoulos– lauren.zerbinopoulos@weil.com
Erica Rutner - erica.rutner@weil.com
Chauncey Cole – chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Mark McKane - mark.mckane@kirkland.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 27, 2011 | Melisa DesJardien | /s/ Melisa DesJardien |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

## I.  SERVED BY NEF

**8:08-bk-17206-ES Notice will be electronically mailed to:**

(1)   Selia M Acevedo for Atty Miller Barondess LLP
sacevedo@millerbarondess.com, mpritikin@millerbarondess.com

(2)   Joseph M Adams for Def The City of San Juan Capistrano
jadams@sycr.com

(3)   Raymond H Aver for Debtor Palmdale Hills Property, LLC
ray@averlaw.com

(4)   James C Bastian for Cred ARB, Inc.
jbastian@shbllp.com

(5)   Thomas Scott Belden for Def Zim Industries, Inc. dba Bakersfield
Well & Pump
sbelden@kleinlaw.com, ecf@kleinlaw.com

(6)   John A Boyd for Int Pty Oliphant Golf Inc
fednotice@tclaw.net

(7)   Mark Bradshaw for Int Pty Courtesy NEF
mbradshaw@shbllp.com

(8)   Gustavo E Bravo for Cred Oliphant Golf, Inc.
gbravo@smaha.com

(9)   Jeffrey W Broker for Cred Bond Safeguard Ins Co
jbroker@brokerlaw.biz

(10)   Brendt C Butler for Cred EMR Residential Properties LLC
BButler@mandersonllp.com

(11)   Andrew W Caine for Cred Lehman ALI, Inc.
acaine@pszyjw.com

(12)   Carollynn Callari for Cred Danske Bank A/S London Branch
ccallari@venable.com

(13)   Cathrine M Castaldi for Cred SunCal Management, LLC
ccastaldi@rusmiliband.com

(14)   Tara Castro Narayanan for Int Pty Courtesy NEF
tara.narayanan@msrlegal.com, lisa.king@msrlegal.com

(15)   Dan E Chambers for Cred EMR Residential Properties LLC
dchambers@jmbm.com

(16)   Shirley Cho for Cred Lehman ALI, Inc.
scho@pszjlaw.com

(17)   Vonn Christenson for Int Pty Courtesy NEF
vrc@paynefears.com

(18)   Brendan P Collins for Cred Gray1 CPB, LLC
bpcollins@bhfs.com

(19)   Vincent M Coscino for Petitioning Cred CST Environmental Inc
vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

(20)   Paul J Couchot for Cred SCC Acquisitions, Inc.
pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;sconnor@winthropcouchot.com

(21)   Jonathan S Dabbieri for Int Pty Courtesy NEF
dabbieri@sullivan.com,
hill@sullivanhill.com;mcallister@sullivanhill.com;
stein@sullivanhill.com;vidovich@sullivanhill.com

(22)   Ana Damonte for Cred Top Grade Construction, Inc.
ana.damonte@pillsburylaw.com

(23)   Vanessa S Davila for Cred Bond Safeguard Ins Co
vsd@amclaw.com

(24)   Melissa Davis for Cred City of Orange
mdavis@shbllp.com

(25)   Daniel Denny for Int Pty Courtesy NEF
ddenny@gibsondunn.com

(26)   Caroline Djang for Cred Lehman ALI, Inc.
crd@jmbm.com

(27)   Donald T Dunning for Cred Hertz Equipment Rental Corp
ddunning@dunningLaw.com

(28)   Meredith R Edelman on behalf of Interested Party Courtesy NEF
meredith.edelman@dlapiper.com

(29)   Joseph A Eisenberg for Cred Lehman ALI, Inc.
jae@jmbm.com

(30)   Lei Lei Wang Ekvall for Atty Weiland Golden Smiley Wang
Ekvall & Strok, LLP
lekvall@wgllp.com

(31)   Richard W Esterkin for Debtor Palmdale Hills Property, LLC
resterkin@morganlewis.com

(32)   Marc C Forsythe for Atty Robert Goe
kmurphy@goeforlaw.com

(33)   Alan J Friedman for Atty Irell & Manella LLP
afriedman@irell.com

(34)   Steven M Garber for Cred Park West Landscape, Inc
steve@smgarberlaw.com

(35)   Christian J Gascou for 3rd Party Pltf Arch Ins Co
cgascou@gascouhopkins.com

(36)   Barry S Glaser for Cred County of Los Angeles
bglaser@swjlaw.com

(37)   Robert P Goe for Atty Robert Goe
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;mforsythe@goeforlaw.com

(38)   Eric D Goldberg for Int Pty Courtesy NEF
egoldberg@stutman.com

(39)   Richard H Golubow for Debtor Palmdale Hills Property, LLC
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

(40)   Michael J Gomez for Int Pty Central Pacific Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

(41)   Kelly C Griffith for Cred Bond Safeguard Ins Co
bkemail@harrisbeach.com

(42)   Matthew Grimshaw for Int Pty City Of Torrance
mgrimshaw@rutan.com

(43)   Kavita Gupta for Debtor Palmdale Hills Property, LLC
kgupta@winthropcouchot.com

(44)   Asa S Hami for Debtor Palmdale Hills Property, LLC
ahami@morganlewis.com

(45)   Michael J Hauser for U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

(46)   D Edward Hays for Cred Villa San Clemente, LLC
ehays@marshackhays.com

(47)   Michael C Heinrichs for Int Pty Courtesy NEF
mheinrichs@omm.com

(48)   Harry D. Hochman for Cred Lehman ALI, Inc.
hhochman@pszjlaw.com, hhochman@pszjlaw.com

(49)   Jonathan M Hoff for 3rd Party Pltf Jt Prov Liquidators
of Lehman RE Ltd
jonathan.hoff@cwt.com

(50)   Nancy Hotchkiss for Cred Murray Smith & Associates Engineering
nhotchkiss@trainorfairbrook.com

(51)   Michelle Hribar for Pltf EMR Residential Properties LLC
mhribar@rutan.com

(52)   John J Immordino for Cred Arch Ins Co.
john.immordino@wilsonelser.com,
raquel.burgess@wilsonelser.com

(53)   Lawrence A Jacobson for Cred BKF Engineers
laj@cohenandjacobson.com

(54)   Michael J Joyce for Int Pty Courtesy NEF
mjoyce@crosslaw.com

(55)   Stephen M Judson for Petitioning Cred The Professional Tree
Care Co
sjudson@fablaw.com

(56)   Kaleb L Judy for Def Zim Industries, Inc. dba Bakersfield Well
& Pump
ecf@kleinlaw.com, kjudy@kleinlaw.com

(57)   Steven J Kahn for Cred Lehman ALI, Inc.
skahn@pszyjw.com

(58)   Sheri Kanesaka for Cred California Bank & Trust
sheri.kanesaka@bryancave.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                      F 9013-3.1.PROOF.SERVICE

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

(59) David I Katzen for Int Pty Bethel Island Muni Imp District
katzen@ksfirm.com

(60) Christopher W Keegan for Cred SC Master Holdings II LLC
ckeegan@kirkland.com,
gdupre@kirkland.com;alevin@kirkland.com

(61) Payam Khodadadi for Debtor Palmdale Hills Property, LLC
pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

(62) Irene L Kiet for Cred BNB Engineering, Inc.
ikiet@hkclaw.com

(63) Claude F Kolm for Cred County of Alameda Tax Collector
claude.kolm@acgov.org

(64) Mark J Krone for Cred Bond Safeguard Ins Co
mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

(65) David B Lally for Def Contracting Engineers, Inc.
davidlallylaw@gmail.com

(66) Leib M Lerner for Cred Steiny and Co, Inc.
leib.lerner@alston.com

(67) Peter W Lianides for Debtor Palmdale Hills Property, LLC
plianides@winthropcouchot.com, pj@winthropcouchot.com

(68) Charles Liu for Debtor Palmdale Hills Property, LLC
cliu@winthropcouchot.com

(69) Kerri A Lyman for Atty Irell & Manella LLP
klyman@irell.com

(70) Mariam S Marshall for Cred RGA Environmental, Inc.
mmarshall@marshallramoslaw.com

(71) Robert C Martinez for Cred TC Construction Co, Inc
rmartinez@mclex.com

(72) Michael D May for Cred R.J. Noble Co.
mdmayesq@verizon.net

(73) Hutchison B Meltzer for Cred Com Holding Unsecured Claims
hmeltzer@wgllp.com

(74) Krikor J Meshefejian for Int Pty Courtesy NEF
kjm@lnbrb.com

(75) Joel S. Miliband for Cred RBF CONSULTING
jmiliband@rusmiliband.com

(76) James M Miller for Atty Miller Barondess LLP
jmiller@millerbarondess.com, vgunderson@millerbarondess.com

(77) Louis R Miller for Pltf Palmdale Hills Property, LLC
smiller@millerbarondess.com

(78) Randall P Mroczynski for Def Bob McGrann Construction, Inc.
randym@cookseylaw.com

(79) Mike D Neue for Atty The Lobel Firm, LLP
mneue@thelobelfirm.com,
jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

(80) Robert Nida for Cred Kirk Negrete, Inc
Rnida@castlelawoffice.com

(81) Henry H Oh for 3rd Party Pltf Jt Prov Liquidators of
Lehman RE Ltd
henry.oh@dlapiper.com, janet.curley@dlapiper.com

(82) Sean A Okeefe for Debtor Palmdale Hills Property, LLC
sokeefe@okeefelc.com

(83) Robert B Orgel for Cred Lehman ALI, Inc.
rorgel@pszjlaw.com, rorgel@pszjlaw.com

(84) Malhar S Pagay for Cred Lehman ALI, Inc.
mpagay@pszjlaw.com, mpagay@pszjlaw.com

(85) Penelope Parmes for Cred EMR Residential Properties LLC
pparmes@rutan.com

(86) Ronald B Pierce for Cred Griffith Co
ronald.pierce@sdma.com

(87) Katherine C Piper for Int Pty New Anaverde LLC
kpiper@steptoe.com

(88) Cassandra J Richey for Cred Patricia I Volkerts, as Trustee, et al
cmartin@pprlaw.net

(89) James S Riley for Cred Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

(90) Debra Riley for Int Pty City of Palmdale
driley@allenmatkins.com

(91) Todd C. Ringstad for Int Pty Courtesy NEF
becky@ringstadlaw.com

(92) R Grace Rodriguez for Def O&B Equipment, Inc.
ecf@lorgr.com

(93) Martha E Romero for Cred California Taxing Authorities
Romero@mromerolawfirm.com

(94) Ronald Rus for Cred SunCal Management, LLC
rrus@rusmiliband.com

(95) John P Schafer for Cred LB/L-DUC III Bethel Island, LLC
jschafer@mandersonllp.com

(96) John E Schreiber for Def Fenway Capital, LLC
jschreiber@dl.com

(97) William D Schuster for Cred HD Supply Construction Supply LTD
bills@allieschuster.org

(98) Christopher P Simon for Int Pty Courtesy NEF
csimon@crosslaw.com

(99) Wendy W Smith for Cred Castaic Union School District
wendy@bindermalter.com

(100) Steven M Speier (TR)
Sspeier@asrmanagement.com, ca85@ecfcbis.com

(101) Steven M Speier for Trustee Steven Speier (TR)
Sspeier@Squarmilner.com, ca85@ecfcbis.com

(102) Michael St James for Cred MBH Architects, Inc.
ecf@stjames-law.com

(103) Michael K Sugar for Off Committee of Unsecured Creds
msugar@irell.com

(104) Cathy Ta for Def Hi-Grade Material Co.
cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com

(105) David A Tilem for Def Southland Pipe Corp
davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;
dianachau@tilemlaw.com;kmishigian@tilemlaw.com

(106) James E Till for Trustee Steven Speier (TR)
jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;
pnelson@thelobelfirm.com

(107) United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

(108) Carol G Unruh for Cred Scott E. McDaniel
cgunruh@sbcglobal.net

(109) Annie Verdries for Cred WEC Corp
verdries@lbbslaw.com

(110) Jason Wallach for Def Professional Pipeline Contractors, Inc.
jwallach@gladstonemichel.com

(111) Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
kim.johnson@kattenlaw.com

(112) Marc J Winthrop for Debtor Palmdale Hills Property, LLC
mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

(113) David M Wiseblood for Cred Bethel Island Muni Imp District
dwiseblood@seyfarth.com

(114) Brett K Wiseman for Cred JF Shea Construction Inc
bwiseman@aalaws.com

(115) Dean A Ziehl for Counter-Def LV Pacific Point LLC
dziehl@pszjlaw.com, dziehl@pszjlaw.com

(116) Marc A. Zimmerman for Creditor Life Church of God in Christ
joshuasdaddy@att.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE