PAUL J. COUCHOT -- State Bar No. 131934
SEAN A. O'KEEFE -- State Bar No. 122417
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
General Insolvency Counsel for Administratively Consolidated
Debtors-in-Possession

RONALD RUS - State Bar No. 67369
JOEL S. MILIBAND - State Bar No. 77438
**RUS MILIBAND & SMITH**
**A PROFESSIONAL CORPORATION**
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
Counsel for SunCal Management LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>Palmdale Hills Property, LLC, and its Related Debtors.<br><br>    Jointly Administered Debtors and Debtors-in-Possession<br><br>Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC,<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☒ SunCal Summit Valley, LLC<br>☒ SunCal Emerald Meadows LLC<br>☒ SunCal Bickford Ranch, LLC<br>☒ Acton Estates, LLC<br>☐ Seven Brothers LLC<br>☒ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>*Continued on Next Page* | Case No. 8:08-bk-17206-ES<br><br>Jointly Administered With Case Nos.<br><br>8:08-bk-17209ES; 8:08-bk-17240ES; 8:08-bk-17224ES;<br>8:08-bk-17242ES; 8:08-bk-17225ES; 8:08-bk-17245ES;<br>8:08-bk-17227ES; 8:08-bk-17246ES; 8:08-bk-17230ES;<br>8:08-bk-17231ES; 8:08-bk-17236ES; 8:08-bk-17248ES;<br>8:08-bk-17249ES; 8:08-bk-17573ES; 8:08-bk-17574ES;<br>8:08-bk-17575ES; 8:08-bk-17404ES; 8:08-bk-17407ES;<br>8:08-bk-17408ES; 8:08-bk-17409ES; 8:08-bk-17458ES;<br>8:08-bk-17465ES; 8:08-bk-17470ES; 8:08-bk-17472ES;<br>and 8:08-17588ES.<br><br>**CHAPTER 11 CASES**<br><br>**SUNCAL PARTIES' REPLY TO RESPONSE TO MOTION 1) RESOLVING SCOPE OF DISCOVERY; 2) SETTING DEPOSITION DATES AND LOCATIONS; AND 3) EXTENDING DISCOVERY CUT-OFF**<br><br>DATE: July 8, 2011<br>TIME: 2:30 p.m.<br>CTRM.: 5A |

MAINDOCS-#164129-v2-PalmdaleReplyToOppToMotReRelevancyOfDiscovery.DOC

***Continued from Previous Page***

- [x] SCC Communities LLC
- [ ] North Orange Del Rio Land, LLC
- [x] Tesoro SF, LLC
- [x] LBL-SunCal Oak Valley, LLC
- [x] SunCal Heartland, LLC
- [x] LBL-SunCal Northlake, LLC
- [x] SunCal Marblehead, LLC
- [ ] SunCal Century City, LLC
- [x] SunCal PSV, LLC
- [ ] Delta Coves Venture, LLC
- [ ] SunCal Torrance, LLC
- [ ] SunCal Oak Knoll, LLC

Acton Estates LLC, SunCal Bickford Ranch LLC, SunCal Emerald Meadows LLC, Palmdale Hills Property, LLC, SJD Partners, Ltd., SunCal Summit Valley LLC, SCC Communities LLC, Tesoro SF LLC (collectively the "Voluntary Debtors"), and SunCal Management, LLC ("SunCal Management"), as a claimant in the related Chapter 11 cases of the Trustee Debtors[1] (the "Voluntary Debtors" and the "Trustee Debtors" are collectively referred to herein as "SunCal Debtors," and the "Voluntary Debtors" and "SunCal Management" are referred to herein as the "SunCal Parties"), hereby submit the following *Reply* to the *Response* filed by the Lehman Commercial Paper, Inc. and Lehman ALI, Inc. (together the "Lehman Entities") to the Suncal Parties' *Motion For Order: 1) Establishing Relevancy Parameters In Pending Contested Matters; 2) Setting Deposition Dates And Locations; And 3) Extending Discovery Cut-Off For Suncal Parties In Plan Matters* (the "Motion").

**I**

**PRELIMINARY STATEMENT**

On May 13, 2011, this Court ruled that discovery could proceed in the Claim Matters[2] in accordance with the Federal Rules. On June 9, 2011, this court reiterated this ruling, and rejected the Lehman Entities' contention that discovery in these matters should be stayed pending plan confirmation. On June 13, 2011, the Court reaffirmed (for a third time) that discovery should proceed in accordance with the Federal Rules. Notwithstanding this history, the Lehman Entities have flatly refused to produce a single witness for deposition despite receiving three rounds of deposition notices from the SunCal Parties.

In an effort to defend this procedurally indefensible course of conduct, the Lehman Entities reiterate in the Response the very same arguments that this Court has rejected on three prior occasions. Alternatively, the Lehman Entities argue that this Court should vitiate the effect of its prior rulings authorizing discovery, by allowing the Lehman Entities' blanket refusal to comply

---

[1] Delta Coves, SunCal Heartland, SunCal Marblehead, SunCal Northlake, SunCal Oak Valley, SunCal Century City, SunCal PSV, SunCal Torrance, and SunCal Oak Knoll.

[2] The contested matters relating to the *Motion Order Disallowing Certain Claims Held By Lehman ALI Inc. And Lehman Commercial Paper Inc.* and *Motion For Order Disallowing Claims Of Lehman ALI, Inc. And Lehman Commercial Paper, Inc. Pursuant To 11 U.S.C. § 502(d.)*.

88717.1

with the SunCal Parties' deposition notices to stand. The Court should decline this invitation and enforce its prior rulings.

The Court may recall, at the hearing held on June 9, 2011 the SunCal Parties advised the Court that the Lehman Entities would refuse to allow their witnesses to be cross-examined under oath, through the deposition process. Although counsel for the Lehman Entities' vociferously dismissed this prediction, it has now come to pass. Unfortunately, a fourth ruling by the Court authorizing discovery will be no more effective than this Court's prior rulings. At this juncture, specific directions from the Court are necessary - directions mandating deposition appearances, designating deposition dates and locations, fixing the scope of discovery, and imposing consequences for failure. Accordingly, the SunCal Parties respectfully request the Court enter the proposed order filed concurrently herewith.

## II

## **SUBSTANTIVE REPLIES TO ARGUMENTS**

In the Response and in the objection that the Lehman Entities filed with respect to the ex parte application seeking a hearing on the Motion (the "Objection"), the Lehman Entities have made a series of arguments opposing any relief. Each of these arguments is addressed in the following paragraphs.[3]

1. **The "Settlement Argument**." This Court has already heard and rejected the argument that discovery in the Claim Matters should be barred due to the purported "settlement" reached with the Trustee.

As an initial matter, this "settlement" argument is a red herring, because it only applies (if at all) in the Trustee Debtor cases. In the Voluntary Debtor cases, *there is no settlement*,

---

[3] The following two quotes from the Response and the Objection clearly reveal the objective of the Lehman Entities: "The balance of the relief in … Relevancy Motion to (a) assign deposition dates and locations… should be emphatically denied. " (Objection to ex parte application seeking hearing on Motion, at 5:21-24); "It would be anomalous for any defendant in a lawsuit of this magnitude to be required to (attempt to) prepare witnesses adequately for deposition at such a preliminary stage." (Response, Pat 5:4-6). Simply translated, the Lehman Entities do not intend to appear for depositions. But this is not their choice under the rules. Their witnesses must appear, they must testify, and they must testify regarding all issues relating to the amount, validity and priority of the claims they have filed in these cases and all defenses thereto.

1  tentative, final, or otherwise.  The Lehman Entities offer no plausible reason why the SunCal

2  Parties should be deprived of their right to pursue discovery in the Voluntary Debtor cases.

3  Even as to the Trustee Debtor cases, as has been noted in past hearings, *nothing has

4  been settled*. The Lehman Entities and the Trustee have merely agreed to seek confirmation of a

5  joint plan that purports to waive all objections to the claims of the Lehman Entities (the "Lehman

6  Claims").[4] Since the putative deal will only become effective, if ever, upon the confirmation of the

7  Lehman Plan, in the meantime, the Lehman Claims remain subject to objection pursuant to 11

8  U.S.C. § 502(a) and Federal Rule of Bankruptcy Procedure 3007.

9  If and when the joint plan that incorporates this deal is presented for approval, the

10 following core issues will still remain in contest: Is the settlement in the best interest of creditors;

11 and, if this settlement is accepted, will the  creditors receive as much as they would receive in a

12 Chapter 7? Clearly, the amount, priority and validity of the Lehman Claims, which is the subject of

13 the discovery effort, are directly relevant to these issues.  Indeed, the Lehman Entities concede as

14 much when they argue that "[t]he standards for approving settlements as part of a plan of

15 reorganization are the same as the standards for approving settlement under Fed.R.Bankr.P. 9019."

16 (Response at 12:23-24.)  It is well grounded that under FRBP 9019 "[t]he parties proposing the

17 settlement must show that it is reasonable and that [*inter alia*] … **there has been sufficient**

18 **discovery of the underlying claims** of parties to enable counsel to act intelligently. …" *In re*

---

[4] Indeed, the Trustee has never sought this Court's approval of any settlement with the Lehman Entities as acknowledged by the Trustee in his deposition conducted on June 20 and 21, 2011, as follows:

> Q. Do you believe as trustee of the estates over which you have responsibility, that you are bound to an agreement with Lehman?
> A. What agreement are you speaking of?
> Q. The agreement that reflects itself in the joint plan that you have proposed.
> A. I think that there are a number of factors that could make us change our opinion.
> ***
> Q. So you never sought Court approval to enter into a settlement agreement with Lehman?
> A. I – I think it's all outlined in the court documents what it  -- It is what it says.  I don't recall it.
> Q. You would know if you filed, wouldn't you, if you filed a motion seeking approval of a settlement agreement with Lehman on behalf of your estates?
> A. I don't recall any.

(Deposition of Steven M. Speier, Vol. 1, 170:24-171:6; 171:17-25)

-3-

*Matco Electronics Group, Inc.*, 287 B.R. 68, 76 (Bankr. N.D.N.Y. 2002) (emphasis added); *In re DelGrosso*, 106 B.R. 165, 168 (Bankr. N.D. Ill. 1989); *Feder v. Harrington*, 58 F.R.D. 171, 174-75 (S.D.N.Y. 1972). Contrary to the mandates of FRBP 9019, the Lehman Entities seek to bar all discovery of claims underlying the putative settlement that is the basis of its proposed plan. The Lehman Entitie's argument serves only to highlight their desire to keep creditors in the dark.

The standards for approving settlements under FRBP 9019 include additional factors that beg discovery including "[t]he balance between the likelihood of success compared to the present and future benefits offered by the settlement." *Nellis v, Shugrue*, 165 B R. 115, 122 (S.D.N.Y. 1994). As pointed out by the Lehman Entities, the Supreme Court held that in determining the fairness of a proposed settlement, a judge should " apprise[] [herself] of all facts for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." *Protective Comm. for Indep. Stockholders of TMT Trailor Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Certainly discovery of the underlying claims can only benefit the "fair and equitable" determination to be made regarding the putative settlement which form the basis of the Lehman Plan. As also pointed out by the Lehman Entities, in considering the settlement proposed under the Lehman Plan, the Court may consider the opinions of the trustee that the settlement is fair and equitable, as well as the trustee's exercise of his business judgment. (Response at 14:3-12, citing *In re International Distribution Centers, Inc*. 103 B. R. 420 (S.D.N.Y. 1989)). The limited discovery conducted to date regarding the Trustee's exercise of his business judgment demonstrates the particular importance of discovery in this case as to the claims underlying the Lehman Plan. Indeed, at his recent deposition the Trustee was unwilling to testify as to the factors and information he considered in exercising his business judgment in connection with his being a co-proponent of the Lehman Plan:

> Q. Well, let me ask you, Mr. Speier, how are we to
> determine what -- in what manner you have exercised your business
> judgment if you cannot answer any questions about what
> information you considered in determining, for example, in this
> case, whether or not your plan is in the best interests of each of your

| | |
|---|---|
| 1 | estates individually when your continued response is "I discussed it |
| 2 | with my attorney"? |
| 3 | A. Those are my responses. I think you have to draw your |
| 4 | conclusions however you want to draw them. |
| 5 | Q. Well, I have, but that doesn't necessarily answer my |
| 6 | question. |
| 7 | You are relying on exercise of a business judgment, are you |
| 8 | not, in the actions that you take as a trustee? |
| 9 | A. Yes. |
| 10 | Q. And yet, you cannot tell me in response to almost every |
| 11 | question of substance, what factors you considered and what |
| 12 | information you considered in exercising what you claim to be your |
| 13 | business judgment. |
| 14 | Am I right on that? |
| 15 | A.    I can't discuss it with you without breaching the |
| 16 | attorney-client privilege. |

(Deposition of Steven M. Speier, Vol. 2, 286:20-287:16)

Arguably, this testimony alone precludes approval the Lehman Plan. Devoid of evidence that the Trustee properly determined that the settlement underlying the plan is fair and equitable, and otherwise in the best interest of all creditors, the Lehman Plan is not likely confirmable. It is precisely this type of damaging testimony that the Lehman Entities seek to prevent. It cannot be reasonably disputed that discovery regarding the claims underlying the putative settlement and the validity of claims of the Lehman Entities (which issues are inextricably woven) can only benefit the process and be in the best interest of all creditors, including the SunCal Parties.

Creditors are entitled to have information regarding the strength of the defenses to the Lehman Claims, not only to aid in their decision regarding whether to vote for the SunCal Parties' plans or the Lehman plans, but also to determine *which option* to pursue under the plans.

For instance, the Lehman plan purports to offer "Reliance Claim" creditors 40 to 50 percent on their claims if they sign releases, but only 1 percent if they wish to retain the option to litigate. Claims discovery helps them determine whether the settlement for no more than 50 cents is a "good" deal as compared to pursuing their claims. The Lehman Entities seek to block or limit pre-confirmation discovery, and will try to argue that it is moot post-confirmation. In other words, the Lehman Entities want creditors to make critical decisions in a vacuum, because they expect that creditor ignorance will favor them. And they then have the gall to argue that they are taking this position because they want what is best for creditors.

The Lehman Entities also try to have it both ways. On the one hand, they argue that discovery relating to the Claims Matters could not possibly be completed by the currently scheduled October 24 plan confirmation hearing, so it shouldn't even begin. On the other hand, they argue that they are utterly unprepared to litigate the Claims Matters, and so they would be prejudiced if claims discovery *did* proceed expeditiously. This just exposes their desperation to avoid having their witnesses answer questions under oath about the wrongdoing that has occurred.

2. **The Linkage Argument**. The Lehman Entities argue that the ruling sought in the Motion on the parameters of relevancy will necessarily place the Claim Matters and the Plan Matters on the same trial track. This, according to the Lehman Entities, will delay the confirmation of the plans. This is not correct. The relevancy ruling prayed for by the SunCal Parties will merely allow *discovery* in these contested matters to be pursued in singular and efficient manner. It will not place them on the same trial track. It may well be that one or more of these matters will be tried sooner or later than the others.

In contrast, if the Court denies the ruling on relevancy, then the Lehman Entities will instruct their witnesses not to answer a range of questions when depositions are conducted in the Plan Matters, but allow these same questions to be answered in the Claim Matters. This obstructive strategy would force the SunCal Parties to depose the same witness twice regarding issues that are clearly interrelated. Since some of these depositions would occur in New York, this would substantially increase the SunCal Parties' costs and promote needless delay, which, of course, is the Lehman Entities' objective.

Given that "[t]he Lehman Entities understand that discovery on the Claims Objections will go forward" (Response at 1:15), it seems odd that they are so vociferously opposing claims-related discovery in connection with plan confirmation. Of course, the Lehman Entities do not mean what they say when they assert that they "understand" that such discovery will go forward. They have a pending motion to stay non-plan confirmation discovery, including Claims Objection discovery, set for August 9, notwithstanding three clear rulings by the Court to the contrary. Like a lawyer at trial asking the same question again and again hoping the witness will give a different answer, the Lehman Entities hope that if they request the same relief enough times, this Court will eventually give them what they want.

3. **The Delay Argument**. The Lehman Entities argue that the Motion is simply an effort to delay the plan confirmation dates. This contention is in error. The Motion seeks to compel the Lehman Entities to comply with the rules, not to delay plan confirmation.

The delay argument is also another red herring. The Lehman Entities argue that the SunCal Parties "need delay," because they "have no plan financing." Response at 5:17-19. One would think that after the $71 million SunCal-backed bid beat out the Lehman bid in the Pool One cases—and the money was actually posted—Lehman would retire its mantra about the SunCal entities lacking the requisite funding to follow through on their promises. It is the Lehman Entities who seek delay of discovery, because the last thing they want is witnesses answering questions under oath about what was going on at Lehman in the summer and fall of 2008.

4. **The Lehman Entities' View of The Discovery Deadlines**. In the Response the Lehman Entities contend that the discovery deadlines fixed in the May 23, 2011 order should not be altered. This argument ignores the fact that the SunCal Parties' are only seeking an extension of the applicable deadline, *because they were denied their discovery rights during the time frame set aside for this purpose*. Had the Lehman Entities produced their witnesses as requested, this would not have been necessary.

5. **The Deposition Notice Argument**. The Lehman Entities contend that the SunCal Parties voluntarily withdrew their first set of discovery notices. They further contend that

-7-

1  these notices were defective, because SunCal Parties attempted to take the depositions
2  concurrently in the Claim Matters and in the Plan Matters.

3        The first contention is factually in error. The scheduled depositions were only taken
4  off calendar when the Lehman Entities stated in writing that their witnesses would not appear. Had
5  the SunCal Parties kept the depositions on calendar, *lawyers would have flown in from all over the*
6  *country to attend what the parties knew in advance would be nonappearances.* Although the
7  Lehman Entities may believe that such a waste of time and money is appropriate, the SunCal
8  Parties do not.

9        Moreover, the Lehman Entities ignore the fact that the deposition of Gerald
10 Pietroforte (the individual who signed the Lehman Claims falsely representing that the Lehman
11 Entities owned the repo'd loans), which was scheduled to occur on June 29, 2011, at the hour of
12 10:00 a.m., was *not* taken off calendar or continued. Yet Mr. Pietroforte, a party deponent, *did not*
13 *appear*. This was clearly a default even under the Lehman Entities' view of the world.

14       The second issue is based upon the premise that the SunCal Parties were barred
15 from concurrently noticing depositions in both the Plan Matters and in the Claim Matters. Nothing
16 in the May 23, 2011 order or in the Federal Rules barred this prudent and cost-effective course.
17 The May 23 order merely required the SunCal Parties to propound their discovery in the Plan
18 Matters prior to June 3, which they did.

19       Furthermore, nothing in the May 23 order allowed the Lehman Entities to simply
20 file a notice of objection in response to a deposition notice and then simply do nothing until the
21 July 8, 2011 holding date provided for in the order. Once the Lehman Entities received the
22 deposition notices, they had only two choices: attend, or seek (and obtain) a protective order. *See*
23 *In re Toys "R" Us-Delaware, Inc. Fair And Accurate Credit Transactions Act (Facta) Litigation,*
24 *2010 WL 4942645 (C.D.CA 2010)* ("Unless a party or witness files a motion for a protective order
25 and seeks and obtains a stay *prior* to the deposition, a party or witness has no basis to refuse to
26 attend a properly noticed deposition.") [5] Since they did neither, they clearly violated the rules and

27
28 ---
[5] *See Pioche Mines Consol., Inc. v. Dolman,* 333 F.2d 257, 269 (9th Cir.1964)
("Counsel's view seems to be that a party need not appear if a motion under Rule 30(b), F.R.Civ.P. [now 26(c)] is on file, even though it has not been acted upon. Any such rule would be an intolerable clog upon

-8-

are subject to sanctions under Fed.R.Civ.P. 37(d).

Moreover, the July 8, 2011 holding date was established *with the expectation that discovery would proceed throughout May and June, in accordance with the Federal Rules*. It was reserved to address the discovery problems that might arise *during this ongoing discovery* (e.g. instructions to witnesses not to answer questions). It was not set aside to provide the Lehman Entities a convenient excuse refusing to engage in discovery and to otherwise ignore the rules. Had this been the case, the parties would simply have agreed that July 8, 2011 the *start date* for discovery, since Lehman knew when the order was entered that they did not intend to produce any witnesses prior to that date.

6. **Non-Party Witness Issues**. The Lehman Entities contend that they were asked to produce witnesses they "do not control." This is not the case. Every witness noticed was an agent of the Lehman Entities. For example, witness Jeffrey Fitts is the co-head of Lehman Brother's real estate group, along with witness Gerald Pietroforte. Mr. Fitts routinely testifies as an agent for LCPI in the Lehman Brothers' case, and Mr. Pietroforte signed the claims filed by the Lehman Entities in this case. In sum, both parties are agents of Lehman who must be produced *as party witnesses*.

To the extent that the Lehman Entities are referring to the PMK deposition notices, these notices sought Lehman PMKs. Yet, here again, Lehman Entities failed to comply with the rule. No PMKs were designated and none were made available for deposition. *Bregman v. Dist. of Columbia*, 182 F.R.D. 352, 355 (D.D.C. 1998) ("The District's failure to designate an official to testify violated the unequivocal command of Fed.R.Civ.P. 30(b)(6) that "the organization so

---

the discovery process. Rule [26(c)] places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard."); Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Fed. Civ. Pro. Before Trial* ¶ 11:1166 (The Rutter Group 2010) ("A party served with a deposition notice or discovery request must obtain a protective order (e.g., a *stay* of the deposition pending hearing on the motion) *before the date set* for the discovery response or deposition. The mere fact that a motion for protective order is pending does not itself excuse the subpoenaed party from making discovery[.]") (italics in original); *Koninklike Philips Elec. N.V. v. KXD Tech., Inc.,* 2007 WL 3101248, at *18 (D.Nev.2007), *appeal dismissed,* 539 F.3d 1039 (9th Cir.2008) ("Absent a protective order or an order staying the deposition, the party, including its officers or Rule 30(b) (6) deponents, is required to appear for a properly noticed deposition.").

-9-

named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf ...'").[6]

7. **<u>The Attempt To Exclude Questions Regarding The Sale of The Loans</u>**.

The Lehman Entities argue that the SunCal Parties should be barred from posing questions to witnesses regarding the sale of the eight Lehman loans to Fenway Capital that occurred on August 22, 2008—three days before the Lehman Entities signed the signature pages of the Settlement Agreement on which the Claims Objections are, in part, premised. To quote the applicable section of the Response:

---

[6] The notices scheduling these depositions were served in exact compliance with Federal Rule 30(b)(6). The subject areas of inquiry were specified and witness designation and production were requested. However, consistent with past practice, the Lehman Entities refused to designate the PMKs, or to produce them in clear violation of the rule.

Fed.R.Civ.P. 30(b)(6) authorizes depositions of "persons most knowledgeable." Pursuant to the Rule,

> [a] party may ... name as the deponent a public or private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named <u>*shall designate*</u> *one or more officers, directors, or managing agents*, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.... The persons so designated shall testify as to matters known or reasonably available to the organization.

*Id.* (emphasis added).

The wording in the rule is very clear in two respects. First, the "*shall designate*" language is an unequivocal command to the recipient corporation. *Bregman v. Dist. of Columbia*, 182 F.R.D. 352, 355 (D.D.C. 1998).Second, the wording in the rule recognizes that a corporation might well have to designate a number of witnesses to comply with the mandate in the rule. *E.E.O.C. v. Boeing Co.,* CV 05-03034-PHX-FJM, 2007 WL 1146446 (D. Ariz. Apr. 18, 2007).

What the receiving corporation cannot do in response to a Rule 30(b)(6) notice is send out an objection stating that the designated categories are not sufficiently specific and then do nothing, as the Lehman Entities have done. *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 142 (E.D. Tex. 2003) ("When a Rule 30(b)(6) deposition notice references multiple topics, the party named in the deposition notice must either move for a protective order regarding each topic or designate a person to testify regarding each topic."). A corporation also cannot avoid it burdens under Rule 30(b)(6) by simply stating that the parties with knowledge are no longer with the corporation::

> Plaintiffs are not exonerated from their need to designate PMKs simply because certain persons are no longer within Plaintiffs' control. To the contrary, "the deponent's testimony is the corporation's testimony." ...[C]ompanies have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b) (6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." **....**

*Sunterra Corp. v. Perini Bldg. Co., Inc.,* 2009 WL 453054 (E.D. Cal. 2009) (quoting *Bd. Of Trs. of Leland Stanford Junior Univ. v. Tyco Intern. Ltd.,* 253 F.R.D. 524, 525-526 (C.D.Cal.2008))..

-10-

> [T]hough the SunCal Parties allege that the so-called Fenway Repo Agreement by which LCPI transferred certain loans to Fenway Capital (subject to repurchase rights) is a breach of contract, taking depositions concerning the *intent* of the persons involved with the agreement seems legally irrelevant to any confirmation issue.

(Response, P. 16, lines 16-20). This argument could not be more in error. The intent of the parties and their state of mind is directly relevant to the claims in the "Recoupment Objection."

The SunCal Parties contend that the Fenway Repo was a last ditch effort by Lehman's principals to avoid Chapter 11. The Lehman Entities were so desperate to avoid this Chapter 11 filing that they threw together a financial transaction, which was arguably a fraud in itself, and sold eight of the loans subject to the Settlement Agreement and the Restructuring through this transaction, even though they knew that this sale would breach their contracts with the SunCal Parties and the SunCal Debtors.

Evidence regarding the nature of the Fenway Repo, and evidence regarding who designed, approved and implemented this transaction will confirm that the Lehman Entities not only knowingly breached the Restructuring Agreement, but arguably engaged in the fraud of false promise when they signed the Settlement Agreement (since they knew Lehman did not intend to perform under the terms of the contract when they signed it).[7] . A party's subjective intent is relevant when considering the obligation to perform contractual terms in good faith. *See Carma Developers v. Marathon Dev't California, Inc.*, 2 Cal. 4th 342, 372 (1992) (the obligation to perform contractual terms in good faith "has both a subjective and an objective aspect—subjective good faith and objective fair dealing. A party violates the covenant if it subjectively lacks belief in the validity of its act or if its conduct is objectively unreasonable."). New York courts have likewise found that a party may be found liable for breach where it exercises a contractual right as part of a scheme to realize gains that the contract implicitly denied or to deprive the other party of the fruit of its bargain. *See, e.g., Dalton v. Educ. Testing Serv.,* 87 N.Y.2d 384, 389 (1995);

---

[7] These inquiries may also enable the SunCal Parties to identify additional defendants who may be liable for the damages suffered by the SunCal Parties on account of these actions. *American Express Travel Related Servs. Co., Inc. v. N. Atl. Resources, Inc.,* 261 A.D.2d 310, 311, 691 N.Y.S.2d 403 (1999) (" "[A] corporate officer who participates in the commission of a tort may be held individually liable, regardless of whether the officer acted on behalf of the corporation in the course of official duties and regardless of whether the corporate veil is pierced.").

*Outback/Empire I, Ltd. P'ship v. Kamitis, Inc.,* 35 AD3d 563, 563 (2d Dept.2006); *Richbell Info. Servs., Inc. v. Jupiter Partners, L.P.,* 309 A.D.2d 288, 302-03 (1st Dept.2003).

It also cannot be ignored that, although one of the motions to disallow claims is referred to for convenience as the "Recoupment Objection," that motion includes theories of recovery based not on only on breach of contract, but also theories such as unjust enrichment, constructive trust, and equitable lien based on unclean hands,. The parties' intent is clearly relevant to such equitable theories. *See, e.g., Doe v. Deer Mountain Day Camp, Inc.,* 682 F.Supp.2d 324, 339 n. 31 (S.D.N.Y.2010) ("[T]he doctrine of unclean hands requires the defendant to prove that (1) the plaintiff is guilty of immoral, unconscionable conduct; (2) the conduct was relied upon by the defendant; and (3) the defendant was injured thereby.") (citing *Nat'l Distillers & Chem. Corp. v. Seyopp Corp.,* 17 N.Y.2d 12, 15-16 (1966)).

## III

## **CONCLUSION**

In the Response, the Lehman Entities insist that no discovery should be allowed with respect to the validity of their claims, yet they concurrently demand the right to pursue a plan that is based upon the presumed validity of these claims. They insist that the discovery schedule set in the May 23, 2011 order should not be changed, yet they have denied the SunCal parties the right to conduct discovery during the period that was set aside for this purpose. None of these positions has any merit.

///

///

In contrast to the Lehman Entities' obstructionism, the SunCal Parties merely seek what they are entitled to under the Federal Rules and this Court's orders - the right to question witnesses with relevant information about relevant topics. Since the Lehman Entities will not allow this to occur, an order compelling compliance with the rules is required. Accordingly, the arguments in the Response should be rejected and the issues raised in the Motion should be decided.

DATED: July 7, 2011

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By:   /s/ *Paul J. Couchot*
    Paul J. Couchot, Esq.
    Sean OKeefe, Esq.
General Insolvency Counsel for Administratively Consolidated Voluntary Debtors

**RUS MILIBAND & SMITH
A PROFESSIONAL CORPORATION**

By:   /s/ Ronald Rus
    Ronald Rus, Esq.
    Joel S. Miliband, Esq.
    Catherine Castaldi, Esq.
Attorneys for SunCal Management, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **SUNCAL PARTIES' REPLY TO RESPONSE TO MOTION 1) RESOLVING SCOPE OF DISCOVERY; 2) SETTING DEPOSITION DATES AND LOCATIONS; AND 3) EXTENDING DISCOVERY CUT-OFF**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 7, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 7, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Honorable Erithe Smith
U.S. Bankruptcy Court
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 7, 2011 | Gretchen Crumpacker | /s/ *Gretchen Crumpacker* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

-14-

NEF SERVICE LIST

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Jonathan S Dabbieri    dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning    ddunning@dunningLaw.com
- Meredith R Edelman    meredith.edelman@dlapiper.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com

|   |   |
|---|---|
| 1 | - Michael J Joyce    mjoyce@crosslaw.com |
|   | - Stephen M Judson    sjudson@fablaw.com |
| 2 | - Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com |
|   | - Steven J Kahn    skahn@pszyjw.com |
| 3 | - Sheri Kanesaka    sheri.kanesaka@bryancave.com |
|   | - David I Katzen    katzen@ksfirm.com |
| 4 | - Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com |
|   | - Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com |
| 5 | - Irene L Kiet    ikiet@hkclaw.com |
|   | - Claude F Kolm    claude.kolm@acgov.org |
| 6 | - Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com |
|   | - David B Lally    davidlallylaw@gmail.com |
| 7 | - Leib M Lerner    leib.lerner@alston.com |
|   | - Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com |
| 8 | - Charles Liu    cliu@winthropcouchot.com |
|   | - Kerri A Lyman    klyman@irell.com |
| 9 | - Mariam S Marshall    mmarshall@marshallramoslaw.com |
|   | - Robert C Martinez    rmartinez@mclex.com |
| 10 | - Michael D May    mdmayesq@verizon.net |
|   | - Hutchison B Meltzer    hmeltzer@wgllp.com |
| 11 | - Krikor J Meshefejian    kjm@lnbrb.com |
|   | - Joel S. Miliband    jmiliband@rusmiliband.com |
| 12 | - James M Miller    jmiller@millerbarondess.com, vgunderson@millerbarondess.com |
|   | - Louis R Miller    smiller@millerbarondess.com |
| 13 | - Craig Millet    cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com |
|   | - Randall P Mroczynski    randym@cookseylaw.com |
| 14 | - Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com |
|   | - Robert Nida    Rnida@castlelawoffice.com |
| 15 | - Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com |
|   | - Sean A Okeefe    sokeefe@okeefelc.com |
| 16 | - Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com |
|   | - Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com |
| 17 | - Daryl G Parker    dparker@pszjlaw.com |
|   | - Penelope Parmes    pparmes@rutan.com |
| 18 | - Ronald B Pierce    ronald.pierce@sdma.com |
|   | - Katherine C Piper    kpiper@steptoe.com |
| 19 | - Cassandra J Richey    cmartin@pprlaw.net |
|   | - Debra Riley    driley@allenmatkins.com |
| 20 | - James S Riley    tgarza@sierrafunds.com |
|   | - Todd C. Ringstad    becky@ringstadlaw.com |
| 21 | - R Grace Rodriguez    ecf@lorgr.com |
|   | - Martha E Romero    Romero@mromerolawfirm.com |
| 22 | - Ronald Rus    rrus@rusmiliband.com |
|   | - John P Schafer    jschafer@mandersonllp.com |
| 23 | - John E Schreiber    jschreiber@dl.com |
|   | - William D Schuster    bills@allieschuster.org |
| 24 | - Christopher P Simon    csimon@crosslaw.com |
|   | - Wendy W Smith    wendy@bindermalter.com |
| 25 | - Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com |
|   | - Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com |
| 26 | - Michael St James    ecf@stjames-law.com |
|   | - Michael K Sugar    msugar@irell.com |
| 27 | - Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com |
|   | - David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com |
| 28 | - James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com |

- United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh   cgunruh@sbcglobal.net
- Annie Verdries   verdries@lbbslaw.com
- Jason Wallach   jwallach@gladstonemichel.com
- Joshua D Wayser   , kim.johnson@kattenlaw.com
- Marc J Winthrop   mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood   dwiseblood@seyfarth.com
- Brett K Wiseman   bwiseman@aalaws.com
- Dean A Ziehl   dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman   joshuasdaddy@att.net