Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California  90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California  92660
Telephone:  (949) 999-2860
Facsimile:  (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession.<br>_____<br>Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities, LLC | Case No.: 8:08-bk-17206-ES<br><br>Jointly Administered With Case Nos.<br><br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**JOINT MOTION OF LEHMAN<br>CREDITORS AND CHAPTER 11<br>TRUSTEE FOR: (A) APPROVAL OF** |

1

☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☒ LB-L-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

**STIPULATION OF JULY 2011 BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507, (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY; AND (B) CLARIFICATION OF PRIOR FINANCING ORDERS**

<u>**Hearing:**</u>
Date:   August 9, 2011
Time:   10:30 a.m.
Place:  Courtroom 5A

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ............................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................. 3

   A.   Chapter 11 Cases ...................................................................................................... 3

   B.   Previous Debtor-In-Possession Financing And/Or Cash Collateral Stipulations and
       Orders .................................................................................................................... 4

   C.   SunCal Parties' 502(d) Objection ........................................................................... 5

   D.   California Real Property Taxes for the Year 2011/2012 ......................................... 6

   E.   Financing for Health and Safety Costs Related to the Subject Borrowers' Projects, Real
       Property Taxes and Case Expenses for the Period From August 15, 2011 – December
       15, 2011 .................................................................................................................. 6

III. DISCUSSION .................................................................................................................. 8

   A.   Clarification of the Financing Orders is Necessary In Order to Enable the Chapter 11
       Trustee's Ability to Obtain Financing From the Lehman Creditors ...................... 8

   B.   Approval of the DIP Stipulation is Appropriate and in the Best Interest of the Subject
       Borrowers and Their Creditors ............................................................................ 11

IV. CONCLUSION ................................................................................................................ 13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aspen Specialty Ins. Co. v. Muniz Engineering Inc.*,
  2006 WL 1663732 (S.D. Tex. 2006) ................................................................... 10

*In re Ames Dept. Stores*,
  115 B.R. 34 (Bankr. S.D. N.Y. 1990) ................................................................. 11

*In re Bellanca Aircraft Corp.*,
  850 F.2d 1275 (8th Cir. 1988) ............................................................................... 9

*In re Racing Services, Inc.*,
  340 B.R. 73 (8th Cir. BAP 2006) .......................................................................... 9

*In re Racing Services, Inc.*,
  571 F.3d 729 (8th Cir. 2009) ................................................................................. 9

*In re Simasko Production Co.*,
  47 B.R. 444 (D. Colo. 1985) ................................................................................ 11

*Matter of Best Refrigerated Exp., Inc.*,
  192 B.R. 503 (Bankr. D. Neb. 1996) ..................................................................... 9

**Statutes**

11 U.S.C. § 1107 ....................................................................................................... 3

11 U.S.C. § 1108 ....................................................................................................... 3

11 U.S.C. § 364(c) .............................................................................................. 11, 12

11 U.S.C. § 364(d) ................................................................................................... 11

11 U.S.C. § 502(d) ............................................................................... 1, 5, 6, 8, 9, 10

11 U.S.C. § 503(b) ................................................................................................... 12

11 U.S.C. § 503(b)(l) ............................................................................................... 12

11 U.S.C. § 507(b) ................................................................................................... 12

**Other Authorities**

3 Collier on Bankruptcy ¶ 364.03 (15th ed. rev. 1999) .......................................... 11

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Lehman ALI, Inc. ("Lehman ALI") and the chapter 11 trustee (the "Chapter 11 Trustee" and,

2   together with Lehman ALI, the "Movants") on behalf of LB-L-SunCal Oak Valley, LLC, SunCal

3   Heartland, LLC, LB-L-SunCal Northlake, LLC, SunCal Marblehead, LLC, SunCal PSV, LLC, Delta

4   Coves Venture, LLC, SunCal Torrance, LLC, and SunCal Oak Knoll, LLC (collectively, the

5   "Subject Borrowers"), hereby file this joint motion (the "Motion") for:  (a) approval of the

6   *Stipulation By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 362,*

7   *363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing;*

8   *(2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying*

9   *Automatic Stay to the Extent Necessary* (the "DIP Stipulation")[1]; and (b) clarification of certain

10  orders approving debtor-in-possession financing stipulations by and between the Lehman Creditors

11  and the Chapter 11 Trustee and respectfully state as follows:

12  **I.**

13  **PRELIMINARY STATEMENT**

14  During the course of these Cases, Lehman ALI has provided approximately $38 million in

15  debtor-in-possession loans to the Chapter 11 Trustee on behalf of certain Trustee Debtors pursuant to

16  final, unappealed orders of this Court approving stipulations providing for the terms and conditions

17  of such loans and superpriority administrative expense claims and, in certain instances, liens

18  therefor.  As set forth in the declarations in support of such financing requests, absent such

19  financing, the Chapter 11 Trustee would have been unable to maintain and preserve the value of the

20  real estate projects (the "Projects") owned by the Subject Borrowers and administer these Cases, to

21  the detriment of all creditors in the Trustee Debtors' Cases.

22  The funding provided under the most recent stipulation is scheduled to expire on August 15,

23  2011.  The Chapter 11 Trustee continues to require funding to pay the health and safety costs and

24  expenses associated with preserving the Projects, to pay the first installment for post-petition,

25  California real property taxes for the tax year 2011-2012 due on December 10, 2011, and to continue

26  to fund the fees and expenses incurred by the professionals retained in the Trustee Debtors' Cases

27  and other costs of administering such Cases.  In light of the pending objection under section 502(d)

28

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the DIP Stipulation.

1    of the Bankruptcy Code filed by the SunCal Parties (defined below) to, among others, the

2    administrative expense claims granted to the Lehman Creditors by the Financing Orders (defined

3    below), the Chapter 11 Trustee is faced with the possibility that Lehman ALI may not be willing to

4    provide debtor-in-possession financing in exchange for customary and reasonable debtor-in-

5    possession financing protections on substantially the same terms as the stipulations described below

6    that have been approved by this Court in these Cases.  Without such financing, which the Chapter 11

7    Trustee has been unable to obtain from any other party, he will be unable to maintain the Projects

8    and preserve their value for the benefit of all creditors in the Trustee Debtors' Cases, pay the first

9    installment of the California real property taxes for the tax year 2011-2012, or continue the funding

10   of professional fees and expenses and other costs of administering such Cases.  Accordingly, the

11   Movants hereby request that the Court exercise its authority to clarify its own orders to provide

12   certainty to the parties with respect to these issues.

13           The Subject Borrowers presently require funding to pay the health and safety costs and

14   expenses associated with preserving the Projects for the period from August 15, 2011 through

15   December 15, 2011 (the "Funding Period"), to pay the first installment of the California real

16   property taxes for the tax year 2011-2012, and to continue the funding of the professional fees and

17   expenses and other costs of administering these Cases during the same period.  Absent financing for

18   such expenses, the Projects and estates of the Subject Borrowers will be exposed to security and

19   safety hazards and potential fines and significant tax penalties, and the Chapter 11 Trustee will be

20   unable to continue to fund the professional fees and expenses and other costs of administering these

21   Cases.  Lehman ALI may be willing to agree to provide such debtor-in-possession financing (i) in

22   exchange for customary and reasonable debtor-in-possession financing protections on substantially

23   the same terms as the Financing Stipulations (defined below) approved by this Court *and* (ii) upon

24   clarification of the Financing Stipulations and Financing Orders (defined below) with respect to the

25   claims granted thereunder to the Lehman Creditors, as described below.

26           The Chapter 11 Trustee and Lehman ALI are in the process of exchanging budget data and

27   negotiating the appropriate line item expenses for each of the Subject Borrowers.  The budget

28   negotiation and approval process sometimes takes several weeks to conclude.  In order to facilitate

Pachulski Stang Ziehl & Jones LLP
Attorneys At Law
Los Angeles, California

1   an efficient process by which the Chapter 11 Trustee and Lehman ALI can negotiate and obtain

2   approvals for the Budget with respect to the Funding Period, they have agreed on the terms of the

3   DIP Stipulation (subject to obtaining clarification of the Financing Stipulations and Financing

4   Orders as set forth herein), which provides that the Chapter 11 Trustee is authorized to borrow from

5   Lehman ALI for each Subject Borrower, and Lehman ALI, in its sole and absolute discretion, may

6   make available to the Chapter 11 Trustee for each Subject Borrower, DIP Loans in an aggregate

7   amount not to exceed $7,000,000.00.  Such proceeds shall be used by the Chapter 11 Trustee for the

8   applicable Subject Borrower solely for purposes of paying (i) the costs and expenses attributable to

9   the estate of each such Subject Borrower as set forth in the budget to be provided by the Chapter 11

10  Trustee to Lehman ALI and approved by Lehman ALI in its sole and absolute discretion, (ii) the

11  Property Tax First Installment (defined below) and (iii) the Case Expenses (defined below).

## II.

## FACTUAL BACKGROUND

### A.   Chapter 11 Cases

On November 6, 7 and 19, 2008, the Voluntary Debtors[2] filed their respective voluntary

petitions under title 11 of the United States Code (the "Bankruptcy Code").  The Voluntary Debtors

continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and

1108 of the Bankruptcy Code.

---

[2]   The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    On November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee

2    Debtors.[3]

3        On or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

4        On or about January 15, 2009, the Court entered orders requiring the appointment of a

5    chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States

6    Trustee appointed Steven M. Speier as the Chapter 11 Trustee for the Trustee Debtors.

7        Lehman ALI, Northlake Holdings LLC ("Northlake Holdings"), and OVC Holdings LLC

8    ("OVC Holdings" and, collectively with Lehman ALI, Northlake Holdings and OVC Holdings for

9    purposes of this Motion, the "Lehman Creditors") and Lehman Commercial Paper Inc. ("LCPI" and

10   collectively with the Lehman Creditors, the "Lehman Entities") assert secured claims against the

11   Debtors in excess of $2.0 billion. Included within the scope of the collateral pledged to the Lehman

12   Entities is certain real and personal property owned by the Trustee Debtors' estates.

13   **B.    Previous Debtor-In-Possession Financing And/Or Cash Collateral Stipulations
         and Orders**

14

15       Attached hereto as **Exhibit 1** is a chart listing each of the financing and/or cash collateral

16   stipulations and orders approving such stipulations. The orders set forth in **Exhibit 1** shall be

17   referred to collectively herein as the "Financing Orders" and the stipulations set forth in Exhibit 1

18   shall be referred to collectively herein as the "Financing Stipulations."[4]

19       As set forth in **Exhibit 1**, with the exception of the *Stipulation with Lehman ALI, Inc.*

20   *Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority*

21   *Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense*

22   *Status; and (3) Modifying Automatic Stay to the Extent Necessary* [Docket No. 238], dated April 2,

23   2009, each of the Financing Stipulations provides that the debtor-in-possession loans shall be treated

24   ---

[3]   The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal
25   Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century
     City, LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta
26   Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal
     Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). For the
27   avoidance of doubt, the DIP Stipulation does not affect SunCal Century City. The Voluntary Debtors and the Trustee
     Debtors shall be referred to herein as the "Debtors."

[4]   True and correct copies of the Financing Orders and the Financing Stipulations are attached to the Request for Judicial
28   Notice being submitted herewith.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   as administrative expense claims required to be paid in full, in cash, on the effective date of any plan

2   of reorganization or liquidation and provides Lehman ALI with, among other things, superpriority

3   administrative expense claims to secure the payment of the DIP loans.

4       The Financing Orders were entered by the Court after notice and hearing and no appeal has

5   been taken from any of those orders.

6   **C.    SunCal Parties' 502(d) Objection**

7       Despite prior notice of the motions seeking the entry of each of the Financing Orders[5] and

8   the failure to object to and to appeal any of the Financing Orders, SunCal Communities I LLC,

9   Acton Estates LLC, SCC/Palmdale LLC, SunCal Emerald Meadows LLC, SunCal Bickford Ranch

10  LLC, SunCal Summit Valley LLC, SCC Communities LLC, North Orange Del Rio Land, LLC,

11  Tesoro SF LLC and SunCal Management, LLC (collectively, the "SunCal Parties") filed the *Moving*

12  *Voluntary Debtors' And SunCal Management LLC's Motion For Order Disallowing Claims Of*

13  *Lehman ALI, Inc. And Lehman Commercial Paper, Inc. Pursuant To 11 U.S.C. Section 502(d)*

14  [Docket No. 1976] (the "502(d) Objection") on April 26, 2011, seeking to disallow or temporarily

15  disallow certain claims of the Lehman Creditors arising under any or all of the Financing Orders

16  based primarily on matters of which the movants were aware when the motions seeking the

17  Financing Orders were served.

18      On May 26, 2011, the Lehman Creditors filed their *Response to the Moving Voluntary*

19  *Debtors' and SunCal Management LLC's Notice Of Motion And Motion For Order Disallowing*

20  *Claims Of Lehman Ali, Inc. And Lehman Commercial Paper, Inc. Pursuant To 11 U.S.C. Section*

21  *502(d)* [Docket No. 2126] (the "Lehman Creditors' Response").  On June 2, 2011, the SunCal

22  Parties filed their Reply [Docket No.  2172] to the Lehman Creditors' Response.  On June 8, 2011,

23  the Lehman Creditors filed their *Statement of Lehman Creditors Re New Relief Requested in replies*

24  *of SunCal Movants Re: (1) Motion to Disallow Claims Under Section 502(d); and (2) Motion for*

25  *Order Disallowing Certain Claims* [Docket No. 2201].  Status conferences on the 502(d) Objection

26

27

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[5] Each of the motions and Financing Stipulations approved by the Financing Orders were served upon counsel for the
    SunCal Parties (defined below).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   were held on June 9, 2011 and July 12, 2011, and a joint status report was filed on July 6, 2011.  The

2   Court has continued the status conference on the 502(d) Objection to August 24, 2011.

3   **D.     California Real Property Taxes for the Year 2011/2012**

4          Each of the Subject Borrowers owns California real estate for which, under applicable non-

5   bankruptcy law, the first installment for post-petition, California real property taxes for tax year

6   2011-2012 (the "2011/2012 Property Taxes") in the approximate, aggregate amount of

7   $4,000,000.00 is last due without the imposition of a 10% penalty by December 10, 2011.  The

8   California tax penalties for failure to make timely payment of the 2011/2012 Property Taxes equate

9   to the following interest rates:  (a) if no payment were made on the 2011/2012 Property Taxes until

10  June 30, 2011, the penalty on the first installment as of such date equates to an annualized interest

11  rate of 18%; and (b) if no payment were made by June 30, 2011, the penalty continues thereafter at

12  1.5% per month, which equates to an annualized interest rate thereafter of 18%.

13         The proposed debtor-in-possession financing should enable the Subject Borrowers to avoid

14  incurring the 10% penalties on the first installment due for the 2010/2011 Property Taxes (and

15  would effectively reduce the amount payable from a penalty for the taxing authorities that equates to

16  an 18% annual rate to the 10% annual interest rate payable under the DIP Stipulation).

17  **E.     Financing for Health and Safety Costs Related to the Subject Borrowers'
          Projects, Real Property Taxes and Case Expenses for the Period From August
18        15, 2011 – December 15, 2011**

19         The Chapter 11 Trustee for the Subject Borrowers anticipates that he will require debtor-in-

20  possession financing in the total aggregate amount not to exceed $7,000,000.00 to pay the necessary

21  health and safety costs to preserve the Projects, the Property Tax First Installment (defined below)

22  and the Case Expenses (defined below) during the Funding Period.  As set forth above, Lehman ALI

23  and the Chapter 11 Trustee have not yet completed negotiations regarding the budget for such

24  period, but in order to facilitate an efficient budget approval process have agreed to the terms of

25  debtor-in-possession financing to be provided by Lehman ALI (in its sole and absolute discretion as

26  described in the DIP Stipulation and subject to the clarification of the Financing Orders as requested

27  herein) under the DIP Stipulation, which provides that the Chapter 11 Trustee is authorized to

28  borrow from Lehman ALI for each Subject Borrower, and Lehman ALI, in its sole and absolute

discretion, may make available to the Chapter 11 Trustee for each Subject Borrower, DIP Loans up to an aggregate maximum amount.  To the extent that DIP Loans are made by Lehman ALI, the proceeds of such loans, absent the prior written consent of Lehman ALI, shall be used by the Chapter 11 Trustee solely for purposes of paying:  (a) the costs and expenses attributable to the estate of each such Subject Borrower as set forth in a budget to be provided by the Chapter 11 Trustee to Lehman ALI and approved by Lehman ALI in its sole and absolute discretion (the "Budget," as such Budget may be revised or amended with the written consent of Lehman ALI, which consent may be granted or withheld in Lehman ALI's sole and absolute discretion); (b) the first installment for 2011/2012 Property Taxes (and any incidental fees or costs relating thereto, e.g., wire or delivery charges) due on December 10, 2011 (the "Property Tax First Installment"); and (c) (i) the fees and expenses incurred by the Chapter 11 Trustee in the performance of his duties on behalf of the Subject Borrowers' estates; (ii) the reasonable professional fees and expenses incurred for the Subject Borrowers' estates by the Chapter 11 Trustee, the Chapter 11 Trustee's retained professionals and the Trustee Debtors' Committee's retained professionals; (iii) the reasonable expenses incurred by members of the Trustee Debtors' Committee in connection with the performance of the duties of such committee in an aggregate amount not to exceed $20,000.00; (iv) the Subject Borrowers' estates' quarterly fees required to be paid to the U.S. Trustee; and (v) the fees necessary to maintain the Subject Borrowers' corporate status;[6] provided that:  in no event may any DIP Loan or any proceeds of any DIP Loan be used to pay any fees or expenses incurred in connection with (i) any request, or support of any other party's request, for relief in opposition to any of the Lehman Entities (including, without limitation, any plan of reorganization other than a plan of reorganization filed by or supported by any of the Lehman Entities, or any objection to or motion for disallowance of any claim filed by any of the Lehman Entities in these cases), (ii) opposing any relief requested by the Lehman Entities in these cases (including, without limitation, any plan of reorganization proposed in these cases by any of the Lehman Entities) or (iii) furthering or supporting the prosecution of the adversary proceeding styled Palmdale Hills Property, LLC, et al.

---

[6] The fees and expenses set forth in paragraph 2 (c)(i) through (c)(v) of the DIP Stipulation are referred to collectively therein as the "Case Expenses."

1   v. Lehman ALI, Inc., et al., Adv. Pro. 09-1005-ES or the civil action entitled Acton Estates, LLC, et

2   al. v. Lehman ALI, Inc., et al., Case No. 30-2011-00460847-CU-BC-CJC pending in the Superior

3   Court of California, County of Orange; and provided further that any DIP Loans, if made at all in

4   Lehman ALI's sole discretion, shall be made only to Subject Borrowers that have used all, and

5   accordingly no longer hold, unencumbered cash to pay Case Expenses.  For the avoidance of doubt,

6   (a) each DIP Loan provided for under the DIP Stipulation is conditioned upon the prior approval of

7   the Budget by Lehman ALI in its sole and absolute discretion, and (b) Lehman ALI retains the right

8   and option, to be exercised in Lehman ALI's sole and absolute discretion, not to make the DIP

9   Loans, or any of them, for any reason whatsoever or no reason at all, including without limitation

10  that Lehman ALI does not approve the Budget.  Repayment of the DIP Loans will be secured by the

11  DIP Liens and the DIP Superpriority Claim.  The DIP Stipulation[7] is attached hereto as **Exhibit 2**.

**III.**

**DISCUSSION**

**A.     Clarification of the Financing Orders is Necessary In Order to Enable the
Chapter 11 Trustee's Ability to Obtain Financing From the Lehman Creditors**

As the Court recognized in its tentative ruling on the SunCal disclosure statements issued

prior to the hearing on May 13, 2011, there is no basis for disallowing the superpriority, secured,

administrative claims that were accorded to Lehman ALI as a condition of its provision of post-

petition financing to the Chapter 11 Trustee.  The successive motions and stipulations for post-

petition financing were filed and served on the SunCal Parties well after they first identified in the

adversary proceeding commenced on January 6, 2009 the allegedly voidable transfers that they

would later assert support disallowance under section 502(d).  The SunCal Movants did not object to

the financing or the allowance of such claims at the time, and they were approved by the Court.

Those orders are final, and the SunCal Parties should be estopped and barred by res judicata from

such a collateral attack on the Court's orders.

The purported bases for seeking disallowance of these claims set forth in the 502(d)

Objection, the SunCal plan proponents' *Omnibus Reply to Objections to SunCal Disclosure*

---

[7]   The description of the terms of the DIP Stipulation contained herein are intended as a summary only.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    *Statement* [Docket No. 2046] (the "Reply") and certain of the SunCal plan proponents' first

2    amended disclosure statements are also without merit.  First, the SunCal plan proponents state in the

3    Reply that the 502(d) Objection "will result in the disallowance of the [sic] Lehman ALI's

4    administrative expense claims, until it returns the ... preferences that it owes and until the

5    subordination action is resolved." Reply at 7 (citing *In re Racing Services, Inc.*, 571 F.3d 729, 731

6    (8th Cir. 2009) and *Matter of Best Refrigerated Exp., Inc.*, 192 B.R. 503, 512-13 (Bankr. D. Neb.

7    1996); 502(d) Objection at iv (requesting disallowance under section 502(d) of "all administrative

8    claims inclusive of future administrative claims asserted by the Lehman Entities against the below

9    named Debtors, including but not limited to the following [chart omitted]" and 9 ("Lehman ALI's

10   administrative claims against the above referenced Debtors must also be disallowed pursuant to

11   Section 502(d)."). The SunCal Parties ignore the distinguishing fact in the *Racing Services* case.  In

12   that case, unlike the SunCal Parties, the party seeking to equitably subordinate an insider's

13   administrative expense claim for unpaid rent had *objected* to the application for payment of such

14   administrative expense when such application was filed.  *See In re Racing Services, Inc.*, 340 B.R.

15   73, 76 (8th Cir. BAP 2006).  The case cited by the SunCal plan proponents was decided after the

16   claimant's criminal conviction supporting the court's subordination of her claim was overturned and

17   such claimant moved to reconsider the subordination of her claim.  The *Best Refrigerated* case

18   involved the subordination of a post-petition tax penalty claim arising as a result of the chapter 7

19   trustee's failure to file a tax return.  There, the court found that general unsecured creditors should

20   not be held accountable for the trustee's lack of diligence.  The facts are exactly the opposite here.

21   In these cases, Lehman ALI lent millions of dollars to the Chapter 11 Trustee to enable him to

22   maintain and preserve the Projects for the benefit of unsecured creditors.

23         Second, the SunCal Parties state in section 5.3.2 of the *First Amended Disclosure Statement*

24   *Regarding First Amended Plan Filed by SunCal Proponents (Group I: Trustee Debtors)* that the

25   ground for objection to administrative claims of the Lehman Entities is that the Lehman Entities

26   made false representations about ownership of the loans after the debtor-in-possession loans were

27   approved and administrative claims were granted.  *See First Amended Disclosure Statement*

28   *Regarding First Amended Plan Filed by SunCal Proponents Group I: Trustee Debtors)* at §5.3.2.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Section 5.4.1.4 of such disclosure statement provides that, as soon as the SunCal Parties became

2  aware of the purported ownership issue, they filed a motion to strike the Lehman Entities' claims in

3  May 2009, *i.e.*, <u>before all but the very first Financing Orders were entered</u>.  Thus, they could have

4  objected to approval of the subsequent <u>ten</u> Financing Stipulations, but did not.

5      In light of the foregoing, the grounds for the disallowance or subordination of any claims

6  granted pursuant to the Financing Stipulations and Financing Orders are baseless.

7      As set forth above, the 502(d) Objection has not been scheduled for an evidentiary hearing,

8  and the status conference thereon has been continued to August 24, 2011.  In the meantime, the

9  Chapter 11 Trustee will require additional financing for the Funding Period to pay the health and

10 safety costs and expenses associated with preserving the Projects, the Property Tax First Installment

11 and the Case Expenses. Lehman ALI has informed the Chapter 11 Trustee that it will provide

12 additional financing to the Chapter 11 Trustee only if clarity is obtained with respect to the claims

13 granted to it under the Financing Orders and Financing Stipulations, as well as the current DIP

14 Stipulation.  The Chapter 11 Trustee fears  that the uncertainty regarding the Lehman Creditors'

15 administrative claims generated by the 502(d) Objection will chill his ability to obtain further

16 financing from the Lehman Creditors for the purpose of maintaining the Projects and, together with

17 the Lehman Creditors, brings this Motion to obtain clarity with respect to the Financing Orders and

18 Financing Stipulations.  *See Aspen Specialty Ins. Co. v. Muniz Engineering Inc.*, 2006 WL 1663732

19 (S.D. Tex. 2006) (courts retain power to interpret or clarify their own orders).

20      Specifically, the Movants request the entry of an order stating the following:

21          To the extent that the applicable Lehman Creditor has made or
            hereafter makes any advances under the subject Financing Orders, the
22          allowance of claims under the Financing Orders in the amount of the
            advance, plus interest and any other applicable fee or charge as
23          provided under the Financing Orders for the applicable Lehman
            Creditor and applicable advance, including the allowance of the status
24          of such claims as provided in the Financing Orders, e.g., as secured
            and administrative claims and as having super-priority status, is not
25          subject to disallowance, setoff, recoupment or any other defense or
            reduction on any basis whatsoever, including, without limitation,
26          based on the 502(d) Objection or any other motion under Bankruptcy
            Code section 502(d) and the obligation to pay such claims may not be
27          modified without the consent of the applicable Lehman Creditor under
            any chapter 11 plan except to the extent provided in the applicable
28          Financing Order.

1    The Movants require such clarification to provide them with the certainty necessary to make

2    any further advances under prior Financing Stipulations (to the extent any such advances have not

3    yet been made), to enter into the DIP Stipulation, and to negotiate the terms of future financing,

4    which the Chapter 11 Trustee will require to maintain and preserve the value of the Projects, avoid

5    sizeable tax penalties, and fund the Case Expenses for the benefit of all creditors in the Trustee

6    Debtors' Cases.  Without such clarification, the Chapter 11 Trustee will be at a severe disadvantage

7    with respect to obtaining much-needed financing from the Lehman Creditors – or any other party, to

8    the extent one would otherwise be willing to provide such financing.  Accordingly, the Movants

9    request that the Court enter an order containing the language set forth above clarifying the Financing

10    Orders and Financing Stipulations.

**B.    Approval of the DIP Stipulation is Appropriate and in the Best Interest of the Subject Borrowers and Their Creditors**

12        Pursuant to Bankruptcy Code §§ 364(c) and (d), the Chapter 11 Trustee requests approval of

13    the DIP Stipulation and authority to obtain post-petition financing from Lehman ALI allowable as an

14    administrative expense, having priority over other administrative expenses, and secured by senior

15    liens on substantially all of the property of the Trustee Debtors' estates (with certain exceptions as

16    set forth in the DIP Stipulation).

17        Pursuant to Bankruptcy Code § 364(c), a trustee may, in the exercise of its business

18    judgment, incur secured debt if the trustee has been unable to obtain unsecured credit and the

19    borrowing is in the best interests of the estate.  *See, e.g.*, *In re Simasko Production Co.*, 47 B.R. 444,

20    448-9 (D. Colo. 1985) (authorizing interim financing agreement where debtor's best business

21    judgment indicated financing was necessary and reasonable for benefit of estate); *In re Ames Dept.*

22    *Stores*, 115 B.R. 34, 38 (Bankr. S.D. N.Y. 1990); *see also* 3 Collier on Bankruptcy ¶ 364.03, at 364-

23    7-18 (15th ed. rev. 1999).

24        Bankruptcy Code § 364(c) provides, in pertinent part, that:

25        (c)    If the trustee is unable to obtain unsecured credit allowable under section 503(b)(l) of

26    this title as an administrative expense, the court, after notice and a hearing, may authorize the

27    obtaining of credit or the incurring of debt –

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1          (1)    with priority over any or all administrative expenses of the kind specified in

2    section 503(b) or 507(b) of this title;

3          (2)    secured by a lien on property of the estate that is not otherwise subject to a

4    lien; or

5          (3)    secured by a junior lien on property of the estate that is subject to a lien.

6    11. U.S.C. § 364(c).

7          The financing provided under the DIP Stipulation is reasonable and necessary in order to

8    address the health and safety issues at the Projects owned by the Subject Borrowers, to maintain and

9    preserve the value of such projects, to pay the Property Tax First Installment and to fund the Case

10   Expenses.  Absent the funds to be advanced under the DIP Stipulation, the Chapter 11 Trustee will

11   be unable to pay for the costs associated with preserving such Projects, the Property Tax First

12   Installment, or the Case Expenses during the Funding Period.

13         Based on the financing to be provided by Lehman ALI, the arm's length negotiations with

14   Lehman ALI, and the lack of any other meaningful alternatives, the Chapter 11 Trustee has

15   determined that the financing agreed to by Lehman ALI and the Chapter 11 Trustee best suits the

16   Subject Borrowers' needs by providing the cash necessary to pay the health and safety costs at the

17   Subject Borrowers' Projects, the Property Tax First Installment and the Case Expenses.  The Chapter

18   11 Trustee believes that the DIP Stipulation was negotiated in good faith and upon the most

19   favorable terms that could be achieved under the circumstances.

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**IV.**

**CONCLUSION**

Based on the foregoing, the Chapter 11 Trustee and Lehman ALI respectfully request that the Court grant the Motion.

Dated:    July 19, 2011                    THE LOBEL FIRM, LLP


                                           */s/ Mike D. Neue*
                                           William N. Lobel (CA Bar No. 93202)
                                           Mike D. Neue (CA Bar No. 179303)
                                           840 Newport Center Drive, Suite 750
                                           Newport Beach, California 92660
                                           Telephone: (949) 999-2860
                                           Facsimile: (949) 999-2870

                                           General Insolvency Counsel for Steven M. Speier,
                                           the Chapter 11 Trustee for the Trustee Debtors

Dated:    July 19, 2011                    PACHULSKI STANG ZIEHL & JONES LLP


                                           */s/ Dean A. Ziehl*
                                           Richard M. Pachulski (CA Bar No. 90073)
                                           Dean A. Ziehl (CA Bar No. 84529)
                                           10100 Santa Monica Blvd., Suite 1100
                                           Los Angeles, CA 90067-4100
                                           Telephone: (310) 277-6910
                                           Facsimile: (310) 201-0760

                                           -and-

                                           WEIL, GOTSHAL & MANGES LLP
                                           Edward Soto (admitted *pro hac vice*)
                                           Alfredo R. Perez (admitted *pro hac vice*)
                                           1395 Brickell Avenue, Suite 1200
                                           Miami, Florida 33131
                                           Telephone: (305) 577-3100
                                           Facsimile: (305) 374-7159

                                           Counsel for Lehman Commercial Paper Inc.,
                                           Lehman ALI, Inc., Northlake Holdings, LLC and
                                           OVC Holdings, LLC

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT "1"

EXHIBIT "1"

**Exhibit 1**
**Financing Stipulations/Financing Orders**

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| 1. | *Order Approving Stipulation With Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* [Docket No. 267] entered on April 17, 2009, with respect to the *Stipulation With Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* [Docket No. 238], dated April 2, 2009, affecting certain of the Voluntary Debtors and certain of the Trustee Debtors as set forth specifically therein. | <u>Maturity Date.</u>  Each respective DIP Loan shall be due and payable in full to the Lender by the applicable Borrowers, without notice or demand, upon the earlier of (a) consummation of the sale of any of the applicable DIP Collateral (as defined below), including pursuant to a motion under section 363 of the Bankruptcy Code (for the avoidance of doubt, each Borrowers agrees to pay its respective DIP Loan in full immediately and directly out of the proceeds of any sale of the applicable DIP Collateral up to the amount of the DIP Loan and accrued and unpaid interest thereon), (b) any priming of such DIP Loan provided, however, that any equity contribution, junior secured or unsecured financing will in no way trigger the repayment of such of the DIP Loan, and (c) acceleration of such DIP Loan by Lender following the occurrence of an Event of Default.  <br><br><u>DIP Superpriority Claim.</u>  In order to further secure the payment of the DIP Loans, the Lender is hereby granted, pursuant to section 364(c)(1) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in these cases (the "<u>DIP Superpriority</u> |

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| 2. | *Final Order Approving Stipulation Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and* | <u>Claim"</u>) in the amount of and on account of any and all DIP Loans including any amount owed thereunder or in respect thereof; provided, however, that the DIP Superpriority Claim shall be subject to the Senior Danske Claims in respect of any collateral securing the Senior Danske Claims.  Subject to the proviso in the immediately preceding sentence, the DIP Superpriority Claim shall have priority over any and all administrative expenses and unsecured claims against the Borrowers or their estates in the Cases, at any time existing or arising, of any kind, nature or priority whatsoever, including without limitation, administrative expenses of the kinds specified in ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the Debtors and their estates, any successor trustee or other estate representative to the extent permitted by law, or any other creditor in the cases.<br><br><u>Maturity Date/Plan Treatment.</u>  The Borrowers expressly stipulate and acknowledge that the DIP Loans shall be treated as administrative expenses under the Bankruptcy Code and, as such, must be paid in full, |

DOCS_NY:24831.3 52063-001

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| | *(3) Modifying the Automatic Stay to the Extent Necessary*] [Docket No. 835] entered on December 17, 2009, with respect to the *Amended Stipulation Pursuant to 11 U.S.C. §§ 362, 363, 364 and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent Necessary* [Docket No. 815], by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated December 7, 2009. | in cash, on the effective date of any confirmed plan of reorganization or liquidation. The DIP Loans shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the above-captioned cases (the "Cases"), or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "Maturity Date"). For the avoidance of doubt, the Borrowers hereby agree to repay the DIP Loans to Lehman ALI out of the Borrowers' respective available cash from either unencumbered cash or funds provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is "cash collateral" under section 363 of the Bankruptcy Code or subject to a superpriority lien or claim) on the effective date of any plan of reorganization or liquidation and in no event shall Borrowers repay such amounts from the proceeds of the sale of any of the real property owned by the Borrowers in which Lehman ALI or any of the other Lehman Entities asserts a security interest.<br><br>DIP Superpriority Claim. In order to further secure the payment of the DIP Loans, Lehman ALI is hereby granted, pursuant to section 364(c)(1) |

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| 3. | *Order (A) Granting Joint Motion of Lehman ALI, Inc. and Chapter 11 Trustee for Approval of Stipulation by and Between Lehman ALI, Inc. and Chapter 11 Trustee* | and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim against the Trustee Debtors in the Trustee Debtors' Cases (the "DIP Superpriority Claim") for all DIP Loans. Except with respect to the April 2009 Superpriority Claim and paid fees and expenses of the Trustee and any professionals retained by the Trustee in the Trustee Debtors' Cases, which shall remain senior to the DIP Superpriority Claim, the DIP Superpriority Claim shall have priority over any and all administrative expenses and unsecured claims against the Trustee Debtors or their estates in the Trustee Debtors' Cases, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the Trustee Debtors and their estates, any successor trustee or other estate representative to the extent permitted by law, or any other creditor of the Trustee Debtors in the Trustee Debtors' Cases. Maturity Date/Plan Treatment. The Chapter 11 Trustee and Borrower expressly stipulate and acknowledge that the DIP Loan shall be treated as |

DOCS_NY:24831.3 52063-001

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| | *Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Stipulation by and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* [Docket No. 878] entered on January 5, 2010, with respect to the *Stipulation by and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* [Docket No. 816], by and between Lehman ALI and the Chapter 11 Trustee on behalf of SunCal Oak Knoll, LLC, dated December 7, 2009. | an administrative expense under the Bankruptcy Code and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation.  The DIP Loan shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the above-captioned cases (the "Cases"), or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "Maturity Date").

DIP Superpriority Claim.  In order to further secure the payment of the DIP Loan, Lehman ALI is hereby granted, pursuant to section 364(c)(1) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim against the Borrower (the "DIP Superpriority Claim") for the DIP Loan.  Except with respect to any superpriority claims granted to Lehman ALI in connection with post-petition loans made by Lehman ALI to the Borrower and paid fees and expenses of the Trustee and any professionals retained by the Trustee and the Official Committee of Unsecured Creditors in the Trustee Debtors' Cases, which shall remain senior to the DIP Superpriority Claim, the DIP |

0018

DOCS_NY:24831.3 52063-001

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| 4. | *Order (A) Granting Joint Motion of Lehman Lenders and Chapter 11 Trustee for Order Approving Stipulation and Authorizing use of Cash Collateral and (B) Approving Stipulation Authorizing use of Cash Collateral and Approving Financing for Covered Professional Expenses and Granting Administrative Expense Claims* [Docket No. 834] entered on December 17, 2009, with respect to the *Stipulation Authorizing use of Cash Collateral and Approving Financing for Covered Professional Expenses and Granting Administrative Expense Claims* [Docket No. 827], by and among Lehman ALI, Northlake Holdings, and OVC Holdings, on the one hand, and the Chapter 11 Trustee on behalf of certain of the | Superpriority Claim shall have priority over any and all administrative expenses and unsecured claims against the Borrower or its estate, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the Borrower and its estate, any successor trustee or other estate representative to the extent permitted by law, or any other creditor of the Borrower.<br><br>Trustee Debtor DIP Loans:   Lehman ALI shall make available to each Trustee Debtor, on a borrower by borrower basis, an individual loan in an amount equal to the deficiency between the Superpriority Cash held in such Trustee Debtor's estate and that portion of the Funding Amount allocable to such Trustee Debtor, or, in the event that either the DIP Stipulation is approved and the Superpriority Cash is returned to Lehman ALI thereunder or the Superpriority Cash or a portion thereof is expended by the Trustee Debtors for health and safety costs attributable to the Trustee Debtors' estates, Lehman ALI shall make available to each |

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|-----|---------------------------------------|------------------------------|
| | Trustee Debtors as borrowers thereunder, on the other hand, dated December 8, 2009. | Trustee Debtor, on a borrower by borrower basis, an individual loan (collectively, the "Trustee Debtor DIP Loans") in an amount equal to that portion of the Funding Amount allocable to such Trustee Debtor for the purpose of paying reasonable professional fees and expenses incurred by the Trustee, the Trustee's professionals and the Trustee Debtors' Committee's professionals, solely on the conditions that: (i) Trustee Debtor DIP Loan proceeds shall not be used to pay any post-September 1, 2009 fees and costs in connection with opposing any relief requested by the Lehman Entities in these cases, (ii) Trustee Debtor DIP Loan proceeds are administrative expense claims, subordinate only to paid fees and expenses of the Trustee and any professionals retained by the Trustee in the Trustee Debtors' cases, that shall be repaid to Lehman ALI on the effective date of any plan of reorganization or liquidation in these cases, and (iii) based on the major modifications made by the Lehman Entities to the previously filed Lehman Plan, the Sales Procedures Motion shall not be heard until the conclusion of the confirmation hearing(s) in connection with any plan of reorganization or liquidation in these cases. |
| 5. | *Final Order Approving Stipulation to Enable Timely Payment of Post-Petition Real Property Taxes by and Between Lehman ALI, Inc. and Chapter 11 Trustee* | Maturity Date/Plan Treatment. The Subject Borrowers expressly stipulate and acknowledge that the DIP Loans shall be treated as |

DOCS_NY:24831.3 52063-001

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| | *Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* [Docket No. 1097] entered on April 27, 2010, with respect to the *Stipulation to Enable Timely Payment of Post-Petition Real Property Taxes by and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* [Docket No. 1048], by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated April 7, 2010. | administrative expenses under the Bankruptcy Code and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation.  The DIP Loans shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the above-captioned cases (the "Cases"), or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "Maturity Date").  For the avoidance of doubt, the Subject Borrowers hereby agree to repay the DIP Loans to Lehman ALI out of the Subject Borrowers' respective available cash from either unencumbered cash or funds provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is "cash collateral" under section 363 of the Bankruptcy Code or subject to a superpriority lien or claim) on the effective date of any plan of reorganization or liquidation and in no event shall Subject Borrowers repay such amounts from the proceeds of the sale of any of the real property owned by the Subject Borrowers in which Lehman ALI or any of the other Lehman Entities asserts a security interest. |

0021

DOCS_NY:24831.3 52063-001

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|-----|----------------------------------------|------------------------------|
|     |                                        | DIP Superpriority Claim.  In order to further secure the payment of the DIP Loans, Lehman ALI is hereby granted, pursuant to section 364(c)(1) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim against the Subject Borrowers (the "DIP Superpriority Claim") for all DIP Loans.  Except with respect to (a) the superpriority administrative expense claim granted to Lehman ALI (i) as set forth in paragraph 11 of the April 2009 DIP Stipulation, (ii) paragraph 11 of the December 2009 DIP Stipulation, as amended, and (iii) paragraph 9 of the Oak Knoll Dip Stipulation, (b) the administrative expense claim granted to Lehman ALI as set forth in paragraph 4 of the Joint Funding Stipulation, and (c) the paid fees and expenses of the Chapter 11 Trustee and any professionals retained in the Trustee Debtors' cases, all of which shall remain senior to the DIP Superpriority Claim, the DIP Superpriority Claim shall have priority over any and all administrative expenses and unsecured claims against the Subject Borrowers or their estates, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 |

0022

DOCS_NY:24831.3 52063-001

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| **6.** | *Final Order Approving: Stipulation by and Between Lehman ALI, Inc. and Chapter 11 Trustee, Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507, (1) Approving Senior Secured Superpriority Postpetition Financing, (2) Granting Liens and Providing Superpriority Administrative Expense Status, and (3) Modifying the Automatic Stay to the Extent Necessary* [Docket No. 1167] entered on June 11, 2010, with respect to the *Stipulation by and Between Lehman ALI, Inc. and Chapter 11 Trustee, Pursuant to 11 U.S.C. §§362, 363, 364, and 507, (1) Approving Senior Secured Superpriority Postpetition Financing, (2) Granting Liens and Providing Superpriority Administrative Expense Status, and (3) Modifying the Automatic Stay to the Extent Necessary* [Docket No. 1090], by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated April 22, 2010. | (to the extent permitted by law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the Subject Borrowers and their estates, any successor trustee or other estate representative to the extent permitted by law, or any other creditor of the Subject Borrowers.<br><br>Maturity Date/Plan Treatment of DIP Loans. The Subject Borrowers expressly stipulate and acknowledge that the DIP Loans shall be treated as administrative expenses under the Bankruptcy Code and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation. The DIP Loans shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the above-captioned cases (the "Cases"), or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "DIP Loan Maturity Date"). For the avoidance of doubt, the Subject Borrowers hereby agree to repay the DIP Loans to Lehman ALI out of the Subject Borrowers' respective available cash from either unencumbered cash or funds provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is "cash collateral" |

0023

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|-----|---------------------------------------|------------------------------|
|     |                                       | under section 363 of the Bankruptcy Code or subject to a superpriority lien or claim) on the effective date of any plan of reorganization or liquidation and in no event shall Subject Borrowers repay such amounts from the proceeds of the sale of any of the real property owned by the Subject Borrowers in which Lehman ALI or any of the other Lehman Entities asserts a security interest.<br><br>DIP Superpriority Claim.  In order to further secure the payment of the DIP Loans, Lehman ALI is hereby granted, pursuant to section 364(c)(1) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim against the Subject Borrowers (the "DIP Superpriority Claim") for all DIP Loans.  Except with respect to: (a) the superpriority administrative expense claims granted to Lehman ALI as set forth in (i) paragraph 11 of the April 2009 DIP Stipulation, (ii) paragraph 11 of the December 2009 DIP Stipulation, (iii) paragraph 9 of the Oak Knoll Dip Stipulation, and (iv) paragraph 10 of the Tax DIP Stipulation; (b) the administrative expense claims granted to Lehman ALI as set forth in (i) paragraph 4 of the Joint Funding Stipulation and (ii) paragraph 5 of the Tax DIP Stipulation; and (c) the paid fees and |

DOCS_NY:24831.3 52063-001

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| | | expenses of the Chapter 11 Trustee and any professionals retained by the Chapter 11 Trustee in the Trustee Debtors' Cases, all of which shall remain senior to the DIP Superpriority Claim, the DIP Superpriority Claim shall have priority over any and all administrative expenses and unsecured claims against the Subject Borrowers or their estates, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the Subject Borrowers and their estates, any successor trustee or other estate representative to the extent permitted by law, or any other creditor of the Subject Borrowers.

Maturity Date/Plan Treatment of Insurance Amounts.  The Subject Borrowers expressly stipulate and acknowledge that the Insurance Amounts shall be treated as administrative expense claims under the Bankruptcy Code (the "Insurance Administrative Expense Claims") and, as such, must be paid to Lehman ALI in full, in cash, on the earlier of (i) |

DOCS_NY:24831.3 52063-001

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| 7. | *Final Order Approving: Stipulation by and Between Lehman ALI, Inc. and Chapter 11 Trustee, Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507, (1) Approving Senior Secured Superpriority Postpetition Financing, (2) Granting Liens and Providing Superpriority Administrative Expense Status, and (3)* | the sale of any real property owned by any Subject Borrower for whose benefit any Insurance Amounts were paid by Lehman ALI and (ii) the effective date of any confirmed plan of reorganization or liquidation, or, in the event no plan is confirmed in the Trustee Debtors' Cases, the earlier of dismissal of such cases or conversion of such cases to chapter 7 (the "Insurance Amount Maturity Date").  For the avoidance of doubt, the Subject Borrowers hereby agree to repay the Insurance Amounts to Lehman ALI first from the proceeds of any sale of real property owned by any Subject Borrower for whose benefit Insurance Amounts were paid or, in the event no sale occurs, out of the Subject Borrowers' respective available cash from either unencumbered cash or funds provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is "cash collateral" under section 363 of the Bankruptcy Code or subject to a superpriority lien or claim) on the effective date of any plan of reorganization or liquidation.

Maturity Date/Plan Treatment of DIP Loans:  The Subject Borrowers expressly stipulate and acknowledge that the DIP Loans shall be treated as administrative expenses under the Bankruptcy Code and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of |

DOCS_NY:24831.3 52063-001

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| | *Modifying the Automatic Stay to the Extent Necessary* [Docket No. 1751] entered on January 5, 2011, with respect to the *Stipulation by and Between Lehman ALI, Inc. and Chapter 11 Trustee, Pursuant to 11 U.S.C. §§362, 363, 364, and 507, (1) Approving Senior Secured Superpriority Postpetition Financing, (2) Granting Liens and Providing Superpriority Administrative Expense Status, and (3) Modifying the Automatic Stay to the Extent Necessary* [Docket No. 1435], by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated October 6, 2010. | reorganization or liquidation. The DIP Loans shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the above-captioned cases (the "Cases"), or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "DIP Loan Maturity Date"). For the avoidance of doubt, the Subject Borrowers hereby agree to repay the DIP Loans to Lehman ALI out of the Subject Borrowers' respective available cash from either unencumbered cash or funds provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is "cash collateral" under section 363 of the Bankruptcy Code or subject to a superpriority lien or claim) on the effective date of any plan of reorganization or liquidation and in no event shall Subject Borrowers repay such amounts from the proceeds of the sale of any of the real property owned by the Subject Borrowers in which Lehman ALI or any of the other Lehman Entities asserts a security interest.<br><br>DIP Superpriority Claim. In order to further secure the payment of the DIP Loans, Lehman ALI is hereby granted, pursuant to section 364(c)(1) and 507(b) of the Bankruptcy Code, an allowed superpriority |

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|-----|---------------------------------------|------------------------------|
|     |                                       | administrative expense claim against the Subject Borrowers (the "DIP Superpriority Claim") for all DIP Loans. Except with respect to: (a) the superpriority administrative expense claims granted to Lehman ALI as set forth in (i) paragraph 11 of the April 2009 Financing Stipulation, (ii) paragraph 11 of the December 2009 Financing Stipulation, (iii) paragraph 9 of the Oak Knoll Financing Stipulation, (iv) paragraph 10 of the Tax Financing Stipulation, and (v) paragraph 9 of the April 2010 Financing Stipulation, (b) the administrative expense claims granted to Lehman ALI as set forth in (i) paragraph 4 of the Joint Funding Stipulation and (ii) paragraph 5 of the Tax Financing Stipulation; and (c) and paid fees and expenses of the Chapter 11 Trustee and any professionals retained by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors in the Trustee Debtors' Cases, all of which shall remain senior to the DIP Superpriority Claim, the DIP Superpriority Claim shall have priority over any and all administrative expenses and unsecured claims against the Subject Borrowers or their estates, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, |

DOCS_NY:24831.3 52063-001

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| 8. | *Final Order: Approving Amended Second Stipulation by and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary (SunCal Oak Knoll, LLC Only)* [Docket No. 1752] entered on January 5, 2011, with respect to the *Amended Second Stipulation by and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary (SunCal Oak Knoll, LLC Only)* [Docket No. 1710], by and between Lehman ALI and the Chapter 11 Trustee on behalf of SunCal Oak Knoll, dated October 6, 2010. | 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the Subject Borrowers and their estates, any successor trustee or other estate representative to the extent permitted by law, or any other creditor of the Subject Borrowers.<br><br>**Maturity Date/Plan Treatment.**  The Chapter 11 Trustee and Borrower expressly stipulate and acknowledge that the DIP Loan shall be treated as an administrative expense under the Bankruptcy Code and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation.  The DIP Loan shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the above-captioned cases (the "Cases"), or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "Maturity Date").<br><br>**DIP Superpriority Claim.**  In order to further secure the payment of the DIP Loan, Lehman ALI is hereby granted, pursuant to section 364(c)(1) |

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|-----|---------------------------------------|------------------------------|
| | | and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim against the Borrower (the "DIP Superpriority Claim") for the DIP Loan. Except with respect to any superpriority claims granted to Lehman ALI in connection with post-petition loans made by Lehman ALI to the Borrower and paid fees and expenses of the Chapter 11 Trustee and any professionals retained by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors in the Trustee Debtors' Cases, which shall remain senior to the DIP Superpriority Claim, the DIP Superpriority Claim shall have priority over any and all administrative expenses and unsecured claims against the Borrower or its estate, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the Borrower and its estate, any successor trustee or other estate representative to the extent permitted by law, or any other creditor of the Borrower. |

DOCS_NY:24831.3 52063-001

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| 9. | *Order Approving Second Stipulation to Enable Timely Payment of Post-Petition Real Property Taxes by and Between Lehman ALI, Inc. and Chapter 11 Trustee, Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507, (1) Approving Senior Secured Superpriority Postpetition Financing, (2) Granting Liens and Providing Superpriority Administrative Expense Status, and (3) Modifying Automatic Stay to the Extent Necessary* [Docket No. 1691] entered on December 9, 2010, with respect to the *Second Stipulation to Enable Timely Payment of Post-Petition Real Property Taxes by and Between Lehman ALI, Inc. and Chapter 11 Trustee, Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507, (1) Approving Senior Secured Superpriority Postpetition Financing, (2) Granting Liens and Providing Superpriority Administrative Expense Status, and (3) Modifying Automatic Stay to the Extent Necessary* [Docket No. 1601], by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated November 12, 2010. | Maturity Date/Plan Treatment. The Subject Borrowers expressly stipulate and acknowledge that the DIP Loans shall be treated as administrative expenses under the Bankruptcy Code and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation. The DIP Loans shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the above-captioned cases (the "Cases"), or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "Maturity Date"). For the avoidance of doubt, the Subject Borrowers hereby agree to repay the DIP Loans to Lehman ALI out of the Subject Borrowers' respective available cash from either unencumbered cash or funds provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is "cash collateral" under section 363 of the Bankruptcy Code or subject to a superpriority lien or claim) on the effective date of any plan of reorganization or liquidation and in no event shall Subject Borrowers repay such amounts from the proceeds of the sale of any of the real property owned by the Subject Borrowers in which Lehman ALI or any of the other Lehman |

0031

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| | | Entities then asserts a security interest. |
| | | DIP Superpriority Claim.  In order to further secure the payment of the |
| | | DIP Loans, Lehman ALI is hereby granted, pursuant to section 364(c)(1) |
| | | and 507(b) of the Bankruptcy Code, an allowed superpriority |
| | | administrative expense claim against the Subject Borrowers (the "DIP |
| | | Superpriority Claim") for all DIP Loans.  Except with respect to (a) the |
| | | superpriority administrative expense claims granted to Lehman ALI as |
| | | set forth in previous stipulations approved by the Court in these cases and |
| | | (b) the paid fees and expenses of the Chapter 11 Trustee and any |
| | | professionals retained in the Trustee Debtors' cases, all of which shall |
| | | remain senior to the DIP Superpriority Claim, the DIP Superpriority |
| | | Claim shall have priority over any and all administrative expenses and |
| | | unsecured claims against the Subject Borrowers or their estates, at any |
| | | time existing or arising, of any kind or nature whatsoever, including, |
| | | without limitation, administrative expenses of the kinds specified in or |
| | | ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), |
| | | 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by |
| | | law), and any other provision of the Bankruptcy Code, and at all times be |
| | | senior to the rights of the Subject Borrowers and their estates, any |

DOCS_NY:24831.3 52063-001

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| 10. | *Order Approving Stipulation of December 2010 by and Between Lehman ALI, Inc. and Chapter 11 Trustee, Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507, (1) Approving Senior Secured Superpriority Postpetition Financing, (2) Granting Liens and Providing Superpriority Administrative Expense Status, and (3) Modifying Automatic Stay to the Extent Necessary* [Docket No. 1807] entered on February 24, 2011, with respect to the *Stipulation of December 2010 by and Between Lehman ALI, Inc. and Chapter 11 Trustee, Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507, (1) Approving Senior Secured Superpriority Postpetition Financing, (2) Granting Liens and Providing Superpriority Administrative Expense Status, and (3) Modifying Automatic Stay to the Extent Necessary* [Docket No. 1745], by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated December 30, 2010. | successor trustee or other estate representative to the extent permitted by law, or any other creditor of the Subject Borrowers.<br><br>Maturity Date/Plan Treatment of DIP Loans.  The Subject Borrowers expressly stipulate and acknowledge that the DIP Loans shall be treated as administrative expenses under the Bankruptcy Code and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation.  The DIP Loans shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the above-captioned cases (the "Cases"), or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7 (the "DIP Loan Maturity Date").  For the avoidance of doubt, the Subject Borrowers hereby agree to repay the DIP Loans to Lehman ALI out of the Subject Borrowers' respective available cash from either unencumbered cash or funds provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is "cash collateral" under section 363 of the Bankruptcy Code or subject to a superpriority lien or claim) on the effective date of any plan of reorganization or |

0033

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|-----|---------------------------------------|------------------------------|
|     |                                       | liquidation and in no event shall Subject Borrowers repay such amounts from the proceeds of the sale of any of the real property owned by the Subject Borrowers in which Lehman ALI or any of the other Lehman Entities asserts a security interest. <br><br> **DIP Superpriority Claim.** In order to further secure the payment of the DIP Loans, Lehman ALI is hereby granted, pursuant to section 364(c)(1) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim against the Subject Borrowers (the "DIP Superpriority Claim") for all DIP Loans. Except with respect to: (a) the superpriority administrative expense claims granted to Lehman ALI as set forth in (i) paragraph 11 of the April 2009 Financing Stipulation, (ii) paragraph 11 of the December 2009 Financing Stipulation, (iii) paragraph 9 of the First Oak Knoll Financing Stipulation, (iv) paragraph 10 of the First Tax Financing Stipulation, (v) paragraph 9 of the April 2010 Financing Stipulation, (vi) paragraph 8 of the Second Oak Knoll Financing Stipulation, (vii) paragraph 9 of the August 2010 Financing Stipulation, and (viii) paragraph 9 of the Second Tax Financing Stipulation; (b) the administrative expense claims granted to Lehman ALI as set forth in paragraph 4 of the Joint Funding Stipulation; |

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|-----|----------------------------------------|-------------------------------|
| 11. | *Order Approving: Amended Stipulation of February 2011 by and Between Lehman ALI, Inc. and the Chapter 11 Trustee Authorizing (I) Financing for Chapter 11 Trustee Professional Fees and Expenses and Related Expenses of Trustee Debtors and Chapter 11 Trustee and (II) Granting Administrative Expense* | and (c) paid fees and expenses of the Chapter 11 Trustee and any professionals retained by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors in the Trustee Debtors' Cases, all of which shall remain senior to the DIP Superpriority Claim, the DIP Superpriority Claim shall have priority over any and all administrative expenses and unsecured claims against the Subject Borrowers or their estates, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the Bankruptcy Code, and at all times be senior to the rights of the Subject Borrowers and their estates, any successor trustee or other estate representative to the extent permitted by law, or any other creditor of the Subject Borrowers. <br><br> **Maturity Date/Treatment of DIP Loans**: The Subject Borrowers' Estates expressly stipulate and acknowledge that the DIP Loans shall be treated as allowed administrative expenses under the Bankruptcy Code subordinate only to paid fees and expenses of the Trustee and any |

| No. | Financing Stipulation/Financing Order | DIP Claims and Maturity Date |
|---|---|---|
| | *Claims* [Docket No. 1867] entered on March 23, 2011, with respect to the *Amended Stipulation of February 2011 by and Between Lehman ALI, Inc. and the Chapter 11 Trustee Authorizing (I) Financing for Chapter 11 Trustee Professional Fees and Expenses and Related Expenses of Trustee Debtors and Chapter 11 Trustee and (II) Granting Administrative Expense Claims* [Docket No. 1824], by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated March 14, 2011. | professionals retained by the Trustee and the Trustee Debtors' cases and, as such, must be paid in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation, or, in the event no plan is confirmed in the cases, the earlier of dismissal of the cases or conversion of the cases to chapter 7 (the "DIP Loan Maturity Date"). For the avoidance of doubt, the Trustee on behalf of the Subject Borrowers' Estates hereby agrees to repay the DIP Loans to Lehman ALI out of the Subject Borrowers' Estates' respective available cash from either unencumbered cash or funds provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is its "cash collateral" under section 363 of the Bankruptcy Code or subject to a superpriority lien or claim of a Lehman Entity) on the effective date of any plan of reorganization or liquidation and in no event shall the Trustee on behalf of the Subject Borrowers' Estates repay such amounts from the proceeds of the sale of any of the real property owned by the Subject Borrowers' Estates in which Lehman ALI or any of the other Lehman Entities assert a lien or security interest. |

0036

# EXHIBIT "2"

EXHIBIT "2"

1 | Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
2 | PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
3 | Los Angeles, California  90067
Telephone:  (310) 277-6910
4 | Facsimile:  (310) 201-0760

5 | Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
6 | WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
7 | Miami, Florida  33131
Telephone:  (305) 577-3100
8 | Facsimile:  (305) 374-7159

9 | Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

10 | William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
11 | THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
12 | Newport Beach, California  92660
Telephone:  (949) 999-2860
13 | Facsimile:  (949) 999-2870

14 | General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

15 |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

16 |

17 | In re:

Palmdale Hills Property, LLC, and Its Related Debtors,
Jointly Administered Debtors and
Debtors-In-Possession.

18 |

19 | Affects:

☐ All Debtors
☐ Palmdale Hills Property, LLC
20 | ☐ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale, LLC
21 | ☐ SunCal Johannson Ranch, LLC
☐ SunCal Summit Valley, LLC
22 | ☐ SunCal Emerald Meadows, LLC
☐ SunCal Bickford Ranch, LLC
23 | ☐ Acton Estates, LLC
☐ Seven Brothers, LLC
24 | ☐ SJD Partners, Ltd.
☐ SJD Development Corp.
25 | ☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
26 | ☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
27 | ☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
28 | ☒ LB-L-SunCal Oak Valley, LLC

Case No.: 8:08-bk-17206-ES

Jointly Administered With Case Nos.

8:08-bk-17209-ES; 8:08-bk-17240-ES;
8:08-bk-17224-ES; 8:08-bk-17242-ES;
8:08-bk-17225-ES; 8:08-bk-17245-ES;
8:08-bk-17227-ES; 8:08-bk-17246-ES;
8:08-bk-17230-ES; 8:08-bk-17231-ES;
8:08-bk-17236-ES; 8:08-bk-17248-ES;
8:08-bk-17249-ES; 8:08-bk-17573-ES;
8:08-bk-17574-ES; 8:08-bk-17575-ES;
8:08-bk-17404-ES; 8:08-bk-17407-ES;
8:08-bk-17408-ES; 8:08-bk-17409-ES;
8:08-bk-17458-ES; 8:08-bk-17465-ES;
8:08-bk-17470-ES; 8:08-bk-17472-ES;
and 8:08-bk-17588-ES

Chapter 11

**STIPULATION OF JULY 2011 BY
AND BETWEEN LEHMAN ALI, INC.
AND CHAPTER 11 TRUSTEE,
PURSUANT TO 11 U.S.C. §§ 362, 363,
364, AND 507, (1) APPROVING**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  ☒ SunCal Heartland, LLC

☒ LB-L-SunCal Northlake, LLC

2  ☒ SunCal Marblehead, LLC

☐ SunCal Century City, LLC

3  ☒ SunCal PSV, LLC

☒ Delta Coves Venture, LLC

4  ☒ SunCal Torrance, LLC

☒ SunCal Oak Knoll, LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**

**Hearing Date:**
Date:  August 9, 2011
Time: 10:30 a.m.
Place:  Courtroom 5A

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman

2    ALI"), on the one hand, and the chapter 11 trustee (the "Chapter 11 Trustee") on behalf of certain of

3    the Trustee Debtors[1] affected by this Stipulation (collectively, the "Subject Borrowers"), on the other

4    hand.  Lehman ALI and the Chapter 11 Trustee for the Subject Borrowers (together, the "Parties")

5    hereby enter into this Stipulation and agree as follows:

6    **RECITALS**

7    WHEREAS, on November 6, 7 and 19, 2008, the Voluntary Debtors[2] filed their respective

8    voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code").  The

9    Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to

10   sections 1107 and 1108 of the Bankruptcy Code.

11   WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the

12   Trustee Debtors.

13   WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee

14   Debtors' cases.

15   WHEREAS, on or about January 15, 2009, the Court entered orders requiring the

16   appointment of a chapter 11 trustee in each of the Trustee Debtors' cases.  Thereafter, the Office of

17   the United States Trustee (the "U.S. Trustee") appointed Steven M. Speier as the Chapter 11 Trustee

18   for the Trustee Debtors.

19   WHEREAS, Lehman ALI, Northlake Holdings LLC ("Northlake Holdings"), OVC Holdings

20   LLC ("OVC Holdings") and Lehman Commercial Paper Inc. ("LCPI" and, collectively with Lehman

21   _____

22   [1] The Trustee Debtors in these cases consist of:  SunCal Heartland, LLC (Case 8:08-17407-ES); LB-L-SunCal
Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City,
LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves
Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley,
LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES) ("SunCal Oak Knoll").  For the
avoidance of doubt, this Stipulation does not affect SunCal Century City.

[2] The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-
ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del
Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No.
8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES);
SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal
Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17239-ES); SunCal
Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal
Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro
SF, LLC (Case No. 8:08-17575-ES).  The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the
"Debtors."

ALI, Northlake Holdings and OVC Holdings, the "Lehman Entities") assert secured claims against

the Debtors in excess of $2.0 billion.  Included within the scope of the collateral pledged to the

Lehman Entities is certain real and personal property owned by the estates of the Subject Borrowers.

WHEREAS, on April 2, 2009, Lehman ALI, the Voluntary Debtors, and the Chapter 11

Trustee for the Trustee Debtors, by and through their counsel, entered into that certain *Stipulation*

*with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior*

*Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority*

*Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the

"April 2009 Financing Stipulation") affecting certain of the Voluntary Debtors and certain of the

Trustee Debtors as set forth specifically therein.  The April 2009 Financing Stipulation was

approved by the Court by the entry of an order on April 17, 2009.

WHEREAS, Lehman ALI and certain of its affiliates, on the one hand, and the Chapter 11

Trustee, on the other hand, subsequently have entered into at least the following additional

stipulations providing for debtor in possession financing and/or consent to use of cash collateral, as

applicable:  (a) *Amended Stipulation Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving*

*Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing*

*Superpriority Administrative Expense Status; and (3) Modifying the Automatic Stay to the Extent*

*Necessary*, by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the

Trustee Debtors as borrowers thereunder, dated December 7, 2009 (the "December 2009 Financing

Stipulation"), and approved on an interim basis by the entry of an order on November 20, 2009 and

on a final basis by the entry of an order on December 17, 2009; (b) *Stipulation Authorizing Use Of*

*Cash Collateral and Approving Financing For Covered Professional Expenses and Granting*

*Administrative Expense Claims*, by and among Lehman ALI, Northlake Holdings, and OVC

Holdings, on the one hand, and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as

borrowers thereunder, on the other hand, dated December 8, 2009 (the "First Professional Fee

Funding Stipulation"), and approved by the entry of an order on December 17, 2009; (c) *Stipulation*

*By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364,*

*and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens*

*and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the*

*Extent Necessary,* by and between Lehman ALI and the Chapter 11 Trustee on behalf of SunCal Oak

Knoll, LLC, dated December 7, 2009 (the "First Oak Knoll Financing Stipulation"), and approved

by the entry of an order on January 5, 2010; (d) the *Stipulation to Enable Timely Payment of Post-*

*Petition Real Property Taxes By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant*

*To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition*

*Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and*

*(3) Modifying Automatic Stay to the Extent Necessary* (the "First Tax Financing Stipulation"), by

and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as

borrowers thereunder, dated April 7, 2010, and approved on an interim basis by the entry of an order

on April 8, 2010 and on a final basis by the entry of an order on April 27, 2010; (e) *Stipulation*

*Pursuant to 11 U.S.C. §§362, 363, 364, and 507: (1) Approving Senior Secured Superpriority*

*Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense*

*Status; and (3) Modifying the Automatic Stay to the Extent Necessary,* by and between Lehman ALI

and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder,

dated April 22, 2010 (the "April 2010 Financing Stipulation"), and approved on a final basis by the

entry of an order on June 11, 2010; (f) *Second Amended Stipulation By and Between Lehman ALI,*

*Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior*

*Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority*

*Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary (SunCal*

*Oak Knoll, LLC Only)* ("Second Oak Knoll Financing Stipulation"), by and between Lehman ALI

and the Chapter 11 Trustee on behalf of SunCal Oak Knoll, dated October 6, 2010, and approved on

an interim basis by the entry of an order on October 29, 2010; (g) *Stipulation Pursuant to 11 U.S.C.*

*§§362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2)*

*Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying the*

*Automatic Stay to the Extent Necessary,* by and between Lehman ALI and the Chapter 11 Trustee on

behalf of certain of the Trustee Debtors as borrowers thereunder, dated October 6, 2010 ("August

2010 Financing Stipulation"), and approved on an interim basis by the entry of an order on October

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

29, 2010; (h) the *Second Stipulation to Enable Timely Payment of Post-Petition Real Property Taxes By and Between Lehman ALI, Inc. and Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the "Second Tax Financing Stipulation"), by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated November 12, 2010, and approved on a final basis by the entry of an order on December 9, 2010; (i) *Stipulation of December 2010 By and Between Lehman ALI, Inc. and Chapter 11 Trustee (1) Approving Senior Secured Superpriority Postpetition Financing 2) Granting Liens and Providing Superpriority Administrative Expense Status, and 3) Modifying Automatic Stay to the Extent Necessary* (the "December 2010 Financing Stipulation"), by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated December 30, 2010, and approved on a final basis by the entry of an order on February 24, 2011; and (j) *Amended Stipulation of February 2011 By and Between Lehman ALI, Inc. and the Chapter 11 Trustee Authorizing (I) Financing for Chapter 11 Trustee Professional Fees and Expenses and Related Expenses and of Trustee Debtors and Chapter 11 Trustee and (II) Granting Administrative Expense Claims* (the "Second Professional Fee Funding Stipulation"), by and between Lehman ALI and the Chapter 11 Trustee on behalf of certain of the Trustee Debtors as borrowers thereunder, dated March 14, 2011, and approved on a final basis by the entry of an order on March 23, 2011.

WHEREAS, each of the Subject Borrowers owns California real estate for which, under applicable non-bankruptcy law, the first installment for post-petition, California real property taxes for tax year 2011-2012 (the "2011/2012 Property Taxes") in the approximate, aggregate amount of $4,000,000.00 is last due without the imposition of a 10% penalty by December 10, 2011;

WHEREAS, the California tax penalties for failure to make timely payment of the 2011/2012 Property Taxes equate to the following interest rates:  (a) if no payment were made on the 2011/2012 Property Taxes until June 30, 2011, the penalty on the first installment as of such date equates to an annualized interest rate of 18%; and (b) if no payment were made by June 30, 2011, the penalty continues thereafter at 1.5% per month, which equates to an annualized interest rate thereafter of

1    18%.

2         NOW THEREFORE, in consideration of the mutual covenants contained herein, and other

3    good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is

4    hereby stipulated and agreed by and between the Parties as follows:

5    **AGREEMENT**

6         1.    <u>Court Approval</u>.  The provisions of this Stipulation are subject to approval of the

7    Court and shall have no force and effect until approved by the Court.  Immediately upon entry of an

8    order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the

9    contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure

10   to the benefit of Lehman ALI, the Chapter 11 Trustee, the Subject Borrowers, the other Lehman

11   Entities, all other creditors of the Trustee Debtors, the Official Committee of Unsecured Creditors

12   appointed in the Trustee Debtors' cases, and all other parties in interest and their respective

13   successors and assigns, including any successor trustee, trustee or other fiduciary hereafter appointed

14   in any of the Trustee Debtors' cases or upon dismissal of any of the Trustee Debtors' cases.

15        2.    <u>DIP Financing</u>.  The Chapter 11 Trustee is authorized to borrow from Lehman ALI,

16   and Lehman ALI, in its sole and absolute discretion,  may make available to the Chapter 11 Trustee

17   for each Subject Borrower, individual loans (each, a "<u>DIP Loan</u>" and, collectively, the "<u>DIP Loans</u>")

18   in an aggregate amount not to exceed $7,000,000.00 (the "<u>DIP Loan Amount</u>"), the proceeds of

19   which, absent the prior written consent of Lehman ALI, shall be used by the Chapter 11 Trustee for

20   the applicable Subject Borrower solely for purposes of paying:  (a) the costs and expenses

21   attributable to the estate of each such Subject Borrower as set forth in a budget to be provided by the

22   Chapter 11 Trustee to Lehman ALI and approved by Lehman ALI in its sole and absolute discretion

23   (the "<u>Budget</u>," as such Budget may be revised or amended with the written consent of Lehman ALI,

24   which consent may be granted or withheld in Lehman ALI's sole and absolute discretion); (b) the

25   first installment for 2011/2012 Property Taxes (and any incidental fees or costs relating thereto, *e.g.*,

26   wire or delivery charges) due on December 10, 2011 (the "<u>Property Tax First Installment</u>"); and (c)

27   (i) the fees and expenses incurred by the Chapter 11 Trustee in the performance of his duties on

28   behalf of the Subject Borrowers' estates; (ii) the reasonable professional fees and expenses incurred

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  for the Subject Borrowers' estates by the Chapter 11 Trustee, the Chapter 11 Trustee's retained

2  professionals and the Trustee Debtors' Committee's retained professionals; (iii) the reasonable

3  expenses incurred by members of the Trustee Debtors' Committee in connection with the

4  performance of the duties of such committee in an aggregate amount not to exceed $20,000.00; (iv)

5  the Subject Borrowers' estates' quarterly fees required to be paid to the U.S. Trustee; and (v) the

6  fees necessary to maintain the Subject Borrowers' corporate status;[3] provided that:  in no event may

7  any DIP Loan or any proceeds of any DIP Loan be used to pay any fees or expenses incurred in

8  connection with (i) any request, or support of any other party's request, for relief in opposition to

9  any of the Lehman Entities (including, without limitation, any plan of reorganization other than a

10  plan of reorganization filed by or supported by any of the Lehman Entities, or any objection to or

11  motion for disallowance of any claim filed by any of the Lehman Entities in these cases), (ii)

12  opposing any relief requested by the Lehman Entities in these cases (including, without limitation,

13  any plan of reorganization proposed in these cases by any of the Lehman Entities) or (iii) furthering

14  or supporting the prosecution of the adversary proceeding styled *Palmdale Hills Property, LLC, et*

15  *al. v. Lehman ALI, Inc., et al.*, Adv. Pro. 09-1005-ES (the "Equitable Subordination Action") or the

16  civil action entitled *Acton Estates, LLC, et al. v. Lehman ALI, Inc., et al.*, Case No. 30-2011-

17  00460847-CU-BC-CJC pending in the Superior Court of California, County of Orange; and

18  provided further that any DIP Loans, if made at all in Lehman ALI's sole discretion, shall be made

19  only to Subject Borrowers that have used all, and accordingly no longer hold, unencumbered cash to

20  pay the Case Expenses.  For the avoidance of doubt, (a) each DIP Loan provided for hereunder is

21  conditioned upon the prior approval of the Budget by Lehman ALI in its sole and absolute

22  discretion, and (b) Lehman ALI hereby retains the right and option, to be exercised in Lehman ALI's

23  sole and absolute discretion, not to make the DIP Loans, or any of them, for any reason whatsoever

24  or no reason at all, including without limitation that Lehman ALI does not approve the Budget.

25  Nothing contained herein is intended to nor shall it constitute or create any obligation on the part of

26  Lehman ALI to make any DIP Loan.  The maximum amount of each DIP Loan to the Chapter 11

27  Trustee for each Subject Borrower shall be equal to (a) the applicable amount in the Budget for such

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[3] The fees and expenses set forth in (c)(i) through (c)(v) shall be referred to collectively herein as the "Case Expenses."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Subject Borrower's respective costs and expenses as set forth in the Budget, (b) the Property Tax

2  First Installment owing on or with respect to real property in which such Subject Borrower claims an

3  interest, and (c) the Case Expenses allocable to such Subject Borrower's estate, as applicable.  To

4  the extent that DIP Loans are made by Lehman ALI, the Chapter 11 Trustee (a) shall use the DIP

5  Loan proceeds for each Subject Borrower as directed by the Budget, (b) shall pay, with Lehman

6  ALI's prior approval, the Property Tax First Installment owing on or with respect to real property in

7  which the respective Subject Borrower claims an interest, (c) shall apportion, with Lehman ALI's

8  prior approval, the DIP Loan proceeds to each Subject Borrower's estate for the Case Expenses

9  allocable to each such Subject Borrower's estate, and (d) maintain appropriate documentation related

10  to the expenditure of any and all proceeds of the DIP Loans.  The Chapter 11 Trustee for each

11  Subject Borrower shall provide to Lehman ALI, upon Lehman ALI's reasonable request, a

12  breakdown of all amounts spent as of the date of the request and provide all documentation relating

13  to the monies spent as of the date of the request.  The Budget, once approved by Lehman ALI, shall

14  not be modified without the prior written consent of Lehman ALI, provided that, so long as the

15  aggregate amount of the Budget for a Subject Borrower is not exceeded, the Chapter 11 Trustee may

16  spend up to 105% of the amount of any particular line item for that Subject Borrower in the Budget

17  (other than any line item for management fees).  Notwithstanding the foregoing, and for the

18  avoidance of doubt, the DIP Loan proceeds shall not be reallocated from one Subject Borrower to

19  another Subject Borrower, without the prior written consent of Lehman ALI, which consent may be

20  granted or withheld in Lehman ALI's sole and absolute discretion.  Funding under the DIP Loans

21  shall only be available through and including December 31, 2011; provided that such date may be

22  extended without Court approval to no later than February 28, 2012 upon the consent of Lehman

23  ALI in its sole and absolute discretion.  Any amounts borrowed under the DIP Loans that are not

24  expended by, and remain in the possession of, the Subject Borrowers by the earlier of (i) January 31,

25  2012 and (ii) the effective date of any confirmed plan of reorganization or liquidation in the above-

26  captioned cases (the "Cases"), shall be immediately refunded to Lehman ALI on such date and shall

27  be applied by Lehman ALI to the payment of the accrued and unpaid interest on and then to the

28  repayment of the outstanding principal of the respective DIP Loans; provided that such date may be

1    extended without Court approval to no later than March 31, 2012 upon the consent of Lehman ALI

2    in its sole and absolute discretion.

3        3.    DIP Loan Interest.  The DIP Loans shall accrue interest at the rate of ten percent

4    (10%) per annum, payable on the DIP Loan Maturity Date (as defined below).  There are no other

5    fees associated with the DIP Loans.  All accrued interest on the DIP Loans shall be added to the

6    outstanding principal amount of the DIP Loans and shall be repaid by the Subject Borrowers to

7    Lehman ALI by the Maturity Date.

8        4.    Maturity Date/Plan Treatment of DIP Loans.  The Subject Borrowers expressly

9    stipulate and acknowledge that the DIP Loans shall be treated as administrative expenses under the

10   Bankruptcy Code and, as such, must be paid in full, in cash, on the effective date of any confirmed

11   plan of reorganization or liquidation.  The DIP Loans shall be due and payable in full, in cash,

12   without notice or demand, upon the effective date of any confirmed plan of reorganization or

13   liquidation in these Cases, or, in the event no plan is confirmed in the Cases, the earlier of dismissal

14   of the Cases or conversion of the Cases to chapter 7 (the "DIP Loan Maturity Date").  For the

15   avoidance of doubt, the Subject Borrowers hereby agree to repay the DIP Loans to Lehman ALI out

16   of the Subject Borrowers' respective available cash from either unencumbered cash or funds

17   provided by a plan proponent (excluding any cash which any of the Lehman Entities assert is "cash

18   collateral" under section 363 of the Bankruptcy Code or subject to a superpriority lien or claim) on

19   the effective date of any plan of reorganization or liquidation and in no event shall Subject

20   Borrowers repay such amounts from the proceeds of the sale of any of the real property owned by

21   the Subject Borrowers in which Lehman ALI or any of the other Lehman Entities asserts a security

22   interest.

23       5.    DIP Obligations.  This Stipulation constitutes and evidences the validity and binding

24   effect of the DIP Loans, which obligations shall be enforceable against the Subject Borrowers, their

25   estates and any successors thereto, including without limitation, any successor trustee, trustee or

26   other estate representative appointed in the Trustee Debtors' Cases, or any case under chapter 7 of

27   the Bankruptcy Code upon the conversion of any of the Trustee Debtors' Cases, or in any other

28   proceedings superseding or related to any of the foregoing.  The DIP Loans include all loans,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   reimbursement obligations, and any other indebtedness or obligations, contingent or absolute, which

2   may now or from time to time be owing by the Subject Borrowers under this Stipulation, including,

3   without limitation, all principal, accrued interest, costs, fees, expenses and other amounts owed

4   pursuant to the DIP Loans.

5           6.      DIP Liens and DIP Collateral.  In order to secure the payment of the DIP Loans,

6   Lehman ALI is hereby granted continuing, valid, binding, enforceable, non-avoidable and

7   automatically and properly perfected, senior postpetition security interests in and liens (the "DIP

8   Liens") on any and all presently owned and hereafter acquired personal property, real property and

9   other assets of Subject Borrowers, whether owned or consigned by or to, or leased from or to the

10  Subject Borrowers, regardless of where located, including, without limitation, the assets set forth in

11  clauses (1) through (4) below (collectively, the "DIP Collateral"):  (1) all presently owned and

12  hereafter acquired assets of the Subject Borrowers and their estates, and any proceeds and products

13  thereof, including without limitation, accounts, deposit accounts, cash, as-extracted collateral, chattel

14  paper, investment property, letter-of-credit rights, securities accounts, commercial tort claims,

15  investments, instruments, documents, inventory, contract rights, general intangibles, intellectual

16  property, real property, fixtures, goods, equipment and other fixed assets and proceeds and products

17  of all of the foregoing (including insurance proceeds); (2) proceeds of avoidance actions against the

18  Lehman Entities under chapter 5 of the Bankruptcy Code; (3) any rights under Section 506(c) of the

19  Bankruptcy Code; and (4) any unencumbered assets of the Subject Borrowers.

20          7.      DIP Lien Priority.  Except with respect to the debtor in possession liens granted to

21  Lehman ALI as set forth in (a) paragraph 8 of the April 2009 Financing Stipulation, (b) paragraph 8

22  of the December 2009 Financing Stipulation, (c) paragraph 7 of the Oak Knoll Financing

23  Stipulation, (d) paragraph 8 of the First Tax Financing Stipulation, and (e) paragraph 6 of the April

24  2010 Financing Stipulation, (f) paragraph 7 of the Second Oak Knoll Financial Stipulation, (g)

25  paragraph 7 of the August 2010 Financing Stipulation, (h) paragraph 7 of the Second Tax Financing

26  Stipulation, and (i) paragraph 7 of the December 2010 Financing Stipulation, all of which remain

27  senior to the DIP Liens, the DIP Liens securing the DIP Loans shall be senior in priority and

28  superior to all other security interests, mortgages, collateral interests, liens or claims on or to any of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  the DIP Collateral.  Other than as set forth herein, the DIP Liens shall not be made subject to or *pari*

2  *passu* with any lien or security interest heretofore or hereinafter granted in these cases.  The DIP

3  Liens shall be valid and enforceable against any successor trustee, trustee or other estate

4  representative appointed in the Trustee Debtors' Cases or upon the conversion of any of the Trustee

5  Debtors' Cases to a case under chapter 7 of the Bankruptcy Code, and/or upon the dismissal of any

6  of the Trustee Debtors' Cases.  The DIP Liens shall not be subject to sections 506(c), 510, 549, or

7  550 of the Bankruptcy Code.  No lien or interest avoided and preserved for the benefit of any estate

8  pursuant to section 551 of the Bankruptcy Code shall be made *pari passu* with or senior to the DIP

9  Liens.

10      8.      Cross-Collateralization and Cross-Defaults.  The DIP Liens shall not be cross-

11  collateralized (*i.e.*, each DIP Loan shall be secured by that portion of the DIP Collateral owned by

12  the Subject Borrower to whom such DIP Loan was made) but shall be cross-defaulted such that any

13  default related to any particular DIP Loan or DIP Lien will result in a default with respect to all DIP

14  Loans and DIP Liens.

15      9.      DIP Superpriority Claim.  In order to further secure the payment of the DIP Loans,

16  Lehman ALI is hereby granted, pursuant to section 364(c)(1) and 507(b) of the Bankruptcy Code, an

17  allowed superpriority administrative expense claim against the Subject Borrowers (the "DIP

18  Superpriority Claim") for all DIP Loans.  Except with respect to: (a) the superpriority administrative

19  expense claims granted to Lehman ALI as set forth in (i) paragraph 11 of the April 2009 Financing

20  Stipulation, (ii) paragraph 11 of the December 2009 Financing Stipulation, (iii) paragraph 9 of the

21  First Oak Knoll Financing Stipulation, (iv) paragraph 10 of the First Tax Financing Stipulation,

22  (v) paragraph 9 of the April 2010 Financing Stipulation; (vi) paragraph 8 of the Second Oak Knoll

23  Financing Stipulation; (vii) paragraph 9 of the August 2010 Financing Stipulation; (viii) paragraph 9

24  of the Second Tax Financing Stipulation; and (ix) paragraph 9 of the December 2010 Financing

25  Stipulation; (b) the administrative expense claims granted to Lehman ALI as set forth in (i)

26  paragraph 4 of the First Professional Fee Funding Stipulation and (ii) paragraph 3 of the Second

27  Professional Fee Funding Stipulation; and (c) and paid fees and expenses of the Chapter 11 Trustee

28  and any professionals retained by the Chapter 11 Trustee and the Official Committee of Unsecured

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Creditors in the Trustee Debtors' Cases, all of which shall remain senior to the DIP Superpriority

2    Claim, the DIP Superpriority Claim shall have priority over any and all administrative expenses and

3    unsecured claims against the Subject Borrowers or their estates, at any time existing or arising, of

4    any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds

5    specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c),

6    507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), and any other provision of the

7    Bankruptcy Code, and at all times be senior to the rights of the Subject Borrowers and their estates,

8    any successor trustee or other estate representative to the extent permitted by law, or any other

9    creditor of the Subject Borrowers.  The DIP Superpriority Claim shall not be subject to

10   disallowance, setoff, recoupment or any other defense or reduction on any basis whatsoever,

11   including, without limitation, based on the *Moving Voluntary Debtors' And SunCal Management*

12   *LLC's Motion For Order Disallowing Claims Of Lehman ALI, Inc. And Lehman Commercial Paper,*

13   *Inc. Pursuant To 11 U.S.C. Section 502(d)* [Docket No. 1976] filed on April 26, 2011, or any other

14   motion under Bankruptcy Code section 502(d) and the obligation to pay such claims may not be

15   modified without the consent of the applicable Lehman Creditor under any chapter 11 plan.

16           10.    Perfection of DIP Liens.  This Stipulation shall be sufficient and conclusive evidence

17   of the validity, perfection, and priority of the DIP Liens without the necessity of filing or recording

18   any financing statement, mortgage, notice, or other instrument or document which may otherwise be

19   required under the law or regulation of any jurisdiction or the taking of any other action (including,

20   for the avoidance of doubt, entering into any deposit account control agreement) to validate or

21   perfect (in accordance with applicable non-bankruptcy law) the DIP Liens, or to entitle Lehman ALI

22   to the priorities granted herein.  Notwithstanding the foregoing, Lehman ALI is authorized to file, as

23   it deems necessary or advisable in its sole and absolute discretion, such financing statements,

24   mortgages, notices and other instrument or documents to perfect in accordance with applicable non-

25   bankruptcy law or to otherwise evidence the DIP Liens, and all such financing statements,

26   mortgages, notices and other documents shall be deemed to have been filed or recorded as of the

27   commencement of the Trustee Debtors' Cases; provided, however, that no such filing or recordation

28   shall be necessary or required in order to create, evidence or perfect the DIP Liens.  The Subject

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Borrowers are authorized and directed to execute and deliver promptly upon demand to Lehman ALI

2  all such financing statements, mortgages, title insurance policies, notices, instruments, and other

3  documents as Lehman ALI may reasonably request.  Lehman ALI, in its sole and absolute

4  discretion, may file a photocopy of this Stipulation as a financing statement or notice with any filing

5  or recording office or with any registry of deeds or similar office, in addition to or in lieu of such

6  financing statements, mortgages, notices of lien, instrument, or similar document.

7  　　　　11.　　No Waiver of Lehman Entities' Right to Object to Professional Fees/Expenses.

8  Nothing contained herein shall be deemed a waiver of the Lehman Entities' rights to object to any

9  fees and expenses incurred by any professional retained in these cases, and the Lehman Entities'

10  rights in connection therewith are hereby preserved.

11  　　　　12.　　Lehman ALI's Offset of Funding Amount.  Notwithstanding anything to the contrary

12  contained herein, Lehman ALI shall have the right to offset amounts owing to it for DIP Loans

13  against any judgment obtained in the Equitable Subordination Action.

14  　　　　13.　　Modification of Automatic Stay.  The automatic stay imposed under section 362(a) of

15  the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this

16  Stipulation, including, without limitation, to:  (a) permit the Subject Borrowers to grant the DIP

17  Liens and DIP Superpriority Claims; (b) permit the Subject Borrowers to perform such acts as

18  Lehman ALI may request to assure the perfection and priority of the liens granted herein; (c) permit

19  the Subject Borrowers to incur all liabilities and obligations to Lehman ALI in connection with the

20  DIP Loans; (d) authorize the repayment by the Subject Borrowers of the DIP Loans to Lehman ALI

21  and the retention and application of such payments by Lehman ALI in accordance with the terms of

22  this Stipulation; and (e) enable the enforcement, protection and preservation of the DIP Loans, the

23  DIP Liens, the DIP Collateral and all of the rights and remedies with respect thereto or otherwise

24  under this Stipulation.

25  　　　　14.　　Events of Default.  The following occurrences shall constitute an "Event of Default"

26  under this Stipulation:  (a) failure of the Subject Borrowers to comply with any term of this

27  Stipulation; or (b) the use of the proceeds of DIP Loans other than in strict compliance with the

28  Budget or the terms of this Stipulation; or (c) the failure to repay the DIP Loans on the DIP Loan

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Maturity Date.

2       15.   <u>Remedies</u>.  Immediately upon the occurrence and during the continuation of an Event

3   of Default, Lehman ALI shall: (a) declare via written notice to counsel for the Chapter 11 Trustee all

4   DIP Loans to be immediately due and payable; (b) terminate, reduce or restrict the use of any of the

5   proceeds of the DIP Loans or any further commitment to extend credit to the Subject Borrowers to

6   the extent any such commitment remains; and/or (c) seek relief from the automatic stay under

7   section 362 of the Bankruptcy Code.

8       16.   <u>Good Faith</u>.  Lehman ALI and the Subject Borrowers have acted in good faith in

9   connection with the Stipulation.  In accordance with section 364(e) of the Bankruptcy Code, in the

10   event any or all of the provisions of this Stipulation are hereafter modified, amended or vacated by a

11   subsequent order of this Court or any other court, Lehman ALI is entitled to the protections provided

12   in section 364(e) of the Bankruptcy Code with respect to the DIP Loans.  Any such modification,

13   amendment or vacatur shall not affect the extent, validity, perfection, priority, allowability,

14   enforceability or non-avoidability of any advances previously made or made hereunder, or lien,

15   claim or priority granted, perfected, authorized or created hereby.  Any liens or claims granted to

16   Lehman ALI hereunder arising prior to the effective date of any such modification, amendment or

17   vacatur of this Stipulation shall be governed in all respects by the original provisions of this

18   Stipulation, including entitlement to all rights, remedies, privileges and benefits granted herein.

19       17.   <u>Section 552(b)</u>.  Lehman ALI shall be entitled to all of the rights and benefits of

20   section 552(b) of the Bankruptcy Code solely with respect to the DIP Loans.

21       18.   <u>Reservation of Rights</u>.  Notwithstanding anything to the contrary herein, this

22   Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any

23   rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any

24   issues that are not expressly addressed herein.  Specifically, but without limitation, (a) the Parties

25   reserve all rights in all aspects of pending litigation between them, including any matters involving

26   equitable subordination of the claims and liens held by the Lehman Entities, substantive

27   consolidation of any of the estates in these Cases, or any other action against the Lehman Entities,

28   (b) the Parties further agree that entry into this Stipulation and the extension of the DIP Loans

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  contemplated hereunder, shall not be used in any manner in litigation between or amongst the

2  Parties, whether as, for instance, a basis for or against substantive consolidation or otherwise, and (c)

3  the rights, obligations, waivers, stipulations, agreements or defenses of the Parties among or between

4  or to each other or any of them shall not be affected hereby except to the extent provided herein.

5      19.    <u>No Modification</u>.  Until and unless the DIP Loans have been indefeasibly paid in full

6  in cash to Lehman ALI pursuant to the terms of this Stipulation and all commitments to extend the

7  DIP Loans have been terminated, the Subject Borrowers irrevocably waive the right to seek and shall

8  not seek or consent to, directly or indirectly, without the prior written consent of Lehman ALI

9  (which consent may be granted or withheld in Lehman ALI's sole and absolute discretion) (i) any

10  modification, stay, vacatur or amendment to this Stipulation (and no such consent shall be implied

11  by any other action, inaction or acquiescence of Lehman ALI); or (ii) a priority claim for any

12  administrative expense or unsecured claim against the Subject Borrowers (now existing or hereafter

13  arising of any kind or nature whatsoever, including, without limitation any administrative expense of

14  the kind specified in sections 503(b), 507(a) or 507(b) of the Bankruptcy Code) in the Trustee

15  Debtors' Cases or any successor cases equal or superior to the DIP Superpriority Claim; or (iii) any

16  lien on any of the DIP Collateral with priority equal or superior to the DIP Liens, except that,

17  notwithstanding any other provision of this Stipulation, the Subject Borrowers may consent to and

18  seek approval of a lien on any of the DIP Collateral with priority equal or superior to the DIP Liens

19  in the event the Court makes a finding that such lien is necessary to finance costs and expenses

20  associated solely with health and safety issues related to the Subject Borrowers' property.  The

21  Lehman Entities' rights with respect to any such request are hereby reserved.

22      20.    <u>Jurisdiction</u>.  The Court shall retain jurisdiction to resolve any disputes or

23  controversies arising from or related to this Stipulation.

24      21.    <u>Further Cooperation</u>.  The Parties agree to and will cooperate fully with each other in

25  the performance of this Stipulation, and will execute such additional agreements, documents or other

26  instruments as may reasonably be required to carry out the intent of this Stipulation.

27      22.    <u>Signatures</u>.  This Stipulation may be signed in any number of counterparts (and by

28  each Party hereto on different counterparts), each of which constitutes an original, but all such

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  counterparts when taken together shall constitute one and the same agreement.  This Stipulation may

2  be executed by facsimile signature and delivered by facsimile transmission with the same effect as

3  delivery of a manually executed counterpart of this Stipulation.

4      23.    No Admission; No Evidence.  Neither this Stipulation nor anything contained in this

5  Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact

6  or liability or as evidence of any allegation of any Party.  Neither this Stipulation nor anything in this

7  Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of

8  the Parties.  This Stipulation may be introduced, however, in any proceeding to enforce the terms of

9  this Stipulation.

10     24.    Authority.  Each person who signs this Stipulation represents and warrants that he or

11  she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to

12  bind that Party to the terms of this Stipulation.

13     25.    Entire Agreement.  This Stipulation contains the entire agreement between the Parties

14  and may not be amended or modified except by a writing executed by the Parties.  All prior oral and

15  written agreements, if any, are expressly superseded hereby and are of no further force and effect.

16                          WEIL, GOTSHAL & MANGES LLP

17                          - and -

Dated:    July 19, 2011           PACHULSKI STANG ZIEHL & JONES LLP

18

19                          By    /s/ Dean A. Ziehl

20                                Richard M. Pachulski
                                Dean A. Ziehl

21                                Attorneys for Lehman Commercial Paper
                                Inc., Lehman ALI, Inc., Northlake
22                                Holdings LLC and OVC Holdings LLC

23  Dated:    July 19, 2011           THE LOBEL FIRM, LLP

24

25                          By    /s/ Mike D. Neue

                                William N. Lobel
26                                Mike D. Neue

27                                General Insolvency Counsel for Steven M.
                                Speier, the Chapter 11 Trustee for the
28                                Trustee Debtors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as *JOINT MOTION OF LEHMAN CREDITORS AND CHAPTER 11 TRUSTEE FOR: (A) APPROVAL OF STIPULATION OF JULY 2011 BY AND BETWEEN LEHMAN ALI, INC. AND CHAPTER 11 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507, (1) APPROVING SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY; AND (B) CLARIFICATION OF PRIOR FINANCING ORDERS* will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____July 19, 2011____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ____July 19, 2011____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*
JUDGE'S COPY [Overnight Delivery]
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____July 19, 2011____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

(1) Gen'l Counsel for Voluntary Debtors:
      Paul Couchot - pcouchot@winthropcouchot.com
      Marc J Winthrop - pj@winthropcouchot.com
      Paul Lianides - plianides@winthropcouchot.com
(2) Debtors (Palmdale Hills Property, LLC and related entities):
      bcook@suncal.com
(3) Counsel for SunCal Management:
      Ronald Rus – rrus@rusmiliband.com
(4) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
      Louis Miller - smiller@millerbarondess.com; jmiller@millerbarondess.com
      Martin Pritikin – mpritikin@millerbarondess.com
(5) Gen'l Counsel for Ch. 11 Trustee (Speier):
      William Lobel - wlobel@thelobelfirm.com
      Mike Neue — mneue@thelobelfirm.com
(6) Ch. 11 Trustee:
      Steven N. Speier - sspeier@asrmanagement.com; ca85@ecfcbis.com
(7) Office of the United States Trustee:
      Michael Hauser - michael.hauser@usdoj.gov

(8) Counsel for Voluntary Debtors' Committee:
      Alan Friedman - afriedman@irell.com
      Kerri A Lyman - klyman@irell.com
(9) Counsel for Trustee Debtors' Committee:
      Lei Lei Wang Ekvall - lekvall@wgllp.com
      Hutchison B Meltzer - hmeltzer@wgllp.com
(10) Counsel for Bond Safeguard & Lexon
      Mark J Krone - mk@amclaw.com, crs@amclaw.com;
      amc@amclaw.com

Edward Soto – Edward.soto@weil.com; odalys.smith@weil.com;
lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Alfredo R. Perez – alfredo.perez@weil.com
Lauren Zerbinopoulos– lauren.zerbinopoulos@weil.com
Erica Rutner – erica.rutner@weil.com
Chauncey Cole – chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Mark McKane - mark.mckane@kirkland.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 19, 2011 | Melisa DesJardier | /s/ Melisa DesJardien |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

## I.  SERVED BY NEF

**8:08-bk-17206-ES Notice will be electronically mailed to:**

*(1)* Selia M Acevedo for Atty Miller Barondess LLP
sacevedo@millerbarondess.com, mpritikin@millerbarondess.com

*(2)* Joseph M Adams for Def The City of San Juan Capistrano
jadams@sycr.com

*(3)* Raymond H Aver for Debtor Palmdale Hills Property, LLC
ray@averlaw.com

*(4)* James C Bastian for Cred ARB, Inc.
jbastian@shbllp.com

*(5)* Thomas Scott Belden for Def Zim Industries, Inc. dba Bakersfield Well & Pump
sbelden@kleinlaw.com, ecf@kleinlaw.com

*(6)* John A Boyd for Int Pty Oliphant Golf Inc
fednotice@tclaw.net

*(7)* Mark Bradshaw for Int Pty Courtesy NEF
mbradshaw@shbllp.com

*(8)* Gustavo E Bravo for Cred Oliphant Golf, Inc.
gbravo@smaha.com

*(9)* Jeffrey W Broker for Cred Bond Safeguard Ins Co
jbroker@brokerlaw.biz

*(10)* Brendt C Butler for Cred EMR Residential Properties LLC
BButler@mandersonllp.com

*(11)* Andrew W Caine for Cred Lehman ALI, Inc.
acaine@pszyjw.com

*(12)* Carollynn Callari for Cred Danske Bank A/S London Branch
ccallari@venable.com

*(13)* Cathrine M Castaldi for Cred SunCal Management, LLC
ccastaldi@rusmiliband.com

*(14)* Tara Castro Narayanan for Int Pty Courtesy NEF
tara.narayanan@msrlegal.com, lisa.king@msrlegal.com

*(15)* Dan E Chambers for Cred EMR Residential Properties LLC
dchambers@jmbm.com

*(16)* Shirley Cho for Cred Lehman ALI, Inc.
scho@pszjlaw.com

*(17)* Vonn Christenson for Int Pty Courtesy NEF
vrc@paynefears.com

*(18)* Brendan P Collins for Cred Gray1 CPB, LLC
bpcollins@bhfs.com

*(19)* Vincent M Coscino for Petitioning Cred CST Environmental Inc
vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

*(20)* Paul J Couchot for Cred SCC Acquisitions, Inc.
pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;sconnor@winthropcouchot.com

*(21)* Jonathan S Dabbieri for Int Pty Courtesy NEF
dabbieri@sullivan.com,
hill@sullivanhill.com;mcallister@sullivanhill.com;
stein@sullivanhill.com;vidovich@sullivanhill.com

*(22)* Ana Damonte for Cred Top Grade Construction, Inc.
ana.damonte@pillsburylaw.com

*(23)* Vanessa S Davila for Cred Bond Safeguard Ins Co
vsd@amclaw.com

*(24)* Melissa Davis for Cred City of Orange
mdavis@shbllp.com

*(25)* Daniel Denny for Int Pty Courtesy NEF
ddenny@gibsondunn.com

*(26)* Caroline Djang for Cred Lehman ALI, Inc.
crd@jmbm.com

*(27)* Donald T Dunning for Cred Hertz Equipment Rental Corp
ddunning@dunningLaw.com

*(28)* Meredith R Edelman on behalf of Interested Party Courtesy NEF
meredith.edelman@dlapiper.com

*(29)* Joseph A Eisenberg for Cred Lehman ALI, Inc.
jae@jmbm.com

*(30)* Lei Lei Wang Ekvall for Atty Weiland Golden Smiley Wang Ekvall & Strok, LLP
lekvall@wgllp.com

*(31)* Richard W Esterkin for Debtor Palmdale Hills Property, LLC
resterkin@morganlewis.com

*(32)* Marc C Forsythe for Atty Robert Goe
kmurphy@goeforlaw.com

*(33)* Alan J Friedman for Atty Irell & Manella LLP
afriedman@irell.com

*(34)* Steven M Garber for Cred Park West Landscape, Inc
steve@smgarberlaw.com

*(35)* Christian J Gascou for 3rd Party Pltf Arch Ins Co
cgascou@gascouhopkins.com

*(36)* Barry S Glaser for Cred County of Los Angeles
bglaser@swjlaw.com

*(37)* Robert P Goe for Atty Robert Goe
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;mforsythe@goeforlaw.com

*(38)* Eric D Goldberg for Int Pty Courtesy NEF
egoldberg@stutman.com

*(39)* Richard H Golubow for Debtor Palmdale Hills Property, LLC
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

*(40)* Michael J Gomez for Int Pty Central Pacific Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

*(41)* Kelly C Griffith for Cred Bond Safeguard Ins Co
bkemail@harrisbeach.com

*(42)* Matthew Grimshaw for Int Pty City Of Torrance
mgrimshaw@rutan.com

*(43)* Kavita Gupta for Debtor Palmdale Hills Property, LLC
kgupta@winthropcouchot.com

*(44)* Asa S Hami for Debtor Palmdale Hills Property, LLC
ahami@morganlewis.com

*(45)* Michael J Hauser for U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

*(46)* D Edward Hays for Cred Villa San Clemente, LLC
ehays@marshackhays.com

*(47)* Michael C Heinrichs for Int Pty Courtesy NEF
mheinrichs@omm.com

*(48)* Harry D. Hochman for Cred Lehman ALI, Inc.
hhochman@pszjlaw.com, hhochman@pszjlaw.com

*(49)* Jonathan M Hoff for 3rd Party Pltf Jt Prov Liquidators of Lehman RE Ltd
jonathan.hoff@cwt.com

*(50)* Nancy Hotchkiss for Cred Murray Smith & Associates Engineering
nhotchkiss@trainorfairbrook.com

*(51)* Michelle Hribar for Pltf EMR Residential Properties LLC
mhribar@rutan.com

*(52)* John J Immordino for Cred Arch Ins Co
john.immordino@wilsonelser.com,
raquel.burgess@wilsonelser.com

*(53)* Lawrence A Jacobson for Cred BKF Engineers
laj@cohenandjacobson.com

*(54)* Michael J Joyce for Int Pty Courtesy NEF
mjoyce@crosslaw.com

*(55)* Stephen M Judson for Petitioning Cred The Professional Tree Care Co
sjudson@fablaw.com

*(56)* Kaleb L Judy for Def Zim Industries, Inc. dba Bakersfield Well & Pump
ecf@kleinlaw.com, kjudy@kleinlaw.com

*(57)* Steven J Kahn for Cred Lehman ALI, Inc.
skahn@pszyjw.com

*(58)* Sheri Kanesaka for Cred California Bank & Trust
sheri.kanesaka@bryancave.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**F 9013-3.1.PROOF.SERVICE**

In re:
PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,

Debtor(s).

CHAPTER 11

CASE NUMBER 08-17206-ES

(59) David I Katzen for Int Pty Bethel Island Muni Imp District
katzen@ksfirm.com

(60) Christopher W Keegan for Cred SC Master Holdings II LLC
ckeegan@kirkland.com,
gdupre@kirkland.com;alevin@kirkland.com

(61) Payam Khodadadi for Debtor Palmdale Hills Property, LLC
pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

(62) Irene L Kiet for Cred BNB Engineering, Inc.
ikiet@hkclaw.com

(63) Claude F Kolm for Cred County of Alameda Tax Collector
claude.kolm@acgov.org

(64) Mark J Krone for Cred Bond Safeguard Ins Co
mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

(65) David B Lally for Def Contracting Engineers, Inc.
davidlallylaw@gmail.com

(66) Leib M Lerner for Cred Steiny and Co, Inc.
leib.lerner@alston.com

(67) Peter W Lianides for Debtor Palmdale Hills Property, LLC
plianides@winthropcouchot.com, pj@winthropcouchot.com

(68) Charles Liu for Debtor Palmdale Hills Property, LLC
cliu@winthropcouchot.com

(69) Kerri A Lyman for Atty Irell & Manella LLP
klyman@irell.com

(70) Mariam S Marshall for Cred RGA Environmental, Inc.
mmarshall@marshallramoslaw.com

(71) Robert C Martinez for Cred TC Construction Co, Inc
rmartinez@mclex.com

(72) Michael D May for Cred R.J. Noble Co.
mdmayesq@verizon.net

(73) Hutchison B Meltzer for Cred Com Holding Unsecured Claims
hmeltzer@wgllp.com

(74) Krikor J Meshefejian for Int Pty Courtesy NEF
kjm@lnbrb.com

(75) Joel S. Miliband for Cred RBF CONSULTING
jmiliband@rusmiliband.com

(76) James M Miller for Atty Miller Barondess LLP
jmiller@millerbarondess.com, vgunderson@millerbarondess.com

(77) Louis R Miller for Pltf Palmdale Hills Property, LLC
smiller@millerbarondess.com

(78) Craig Millet for Int Pty Doug Champion
cmillet@gibsondunn.com,
pcrawford@gibsondunn.com;cmillet@gibsondunn.com

(79) Randall P Mroczynski for Def Bob McGrann Construction, Inc.
randym@cookseylaw.com

(80) Mike D Neue for Atty The Lobel Firm, LLP
mneue@thelobelfirm.com,
jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

(81) Robert Nida for Cred Kirk Negrete, Inc
Rnida@castlelawoffice.com

(82) Henry H Oh for 3rd Party Pltf Jt Prov Liquidators of
Lehman RE Ltd
henry.oh@dlapiper.com, janet.curley@dlapiper.com

(83) Sean A Okeefe for Debtor Palmdale Hills Property, LLC
sokeefe@okeefelc.com

(84) Robert B Orgel for Cred Lehman ALI, Inc.
rorgel@pszjlaw.com, rorgel@pszjlaw.com

(85) Malhar S Pagay for Cred Lehman ALI, Inc.
mpagay@pszjlaw.com, mpagay@pszjlaw.com

(86) Daryl G Parker for Cred Lehman ALI, Inc.
dparker@pszjlaw.com

(87) Penelope Parmes for Cred EMR Residential Properties LLC
pparmes@rutan.com

(88) Robert J Pfister on behalf of Int Pty Courtesy NEF
rpfister@ktbslaw.com

(89) Ronald B Pierce for Cred Griffith Co
ronald.pierce@sdma.com

(90) Katherine C Piper for Int Pty New Anaverde LLC
kpiper@steptoe.com

(91) Cassandra J Richey for Cred Patricia I Volkerts, as Trustee, et al
cmartin@pprlaw.net

(92) James S Riley for Cred Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

(93) Debra Riley for Int Pty City of Palmdale
driley@allenmatkins.com

(94) Todd C. Ringstad for Int Pty Courtesy NEF
becky@ringstadlaw.com

(95) R Grace Rodriguez for Def O&B Equipment, Inc.
ecf@lorgr.com

(96) Martha E Romero for Cred California Taxing Authorities
Romero@mromerolawfirm.com

(97) Ronald Rus for Cred SunCal Management, LLC
rrus@rusmiliband.com

(98) John P Schafer for Cred LB/L-DUC III Bethel Island, LLC
jschafer@mandersonllp.com

(99) John E Schreiber for Def Fenway Capital, LLC
jschreiber@dl.com

(100) William D Schuster for Cred HD Supply Construction Supply LTD
bills@allieschuster.org

(101) Christopher P Simon for Int Pty Courtesy NEF
csimon@crosslaw.com

(102) Wendy W Smith for Cred Castaic Union School District
wendy@bindermalter.com

(103) Steven M Speier (TR)
Sspeier@asrmanagement.com, ca85@ecfcbis.com

(104) Steven M Speier for Trustee Steven Speier (TR)
Sspeier@Squarmilner.com, ca85@ecfcbis.com

(105) Michael St James for Cred MBH Architects, Inc.
ecf@stjames-law.com

(106) Michael K Sugar for Off Committee of Unsecured Creds
msugar@irell.com

(107) Cathy Ta for Def Hi-Grade Material Co.
cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com

(108) David A Tilem for Def Southland Pipe Corp
davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;
dianachau@tilemlaw.com;kmishigian@tilemlaw.com

(109) James E Till for Trustee Steven Speier (TR)
jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;
pnelson@thelobelfirm.com

(110) United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

(111) Carol G Unruh for Cred Scott E. McDaniel
cgunruh@sbcglobal.net

(112) Annie Verdries for Cred WEC Corp
verdries@lbbslaw.com

(113) Jason Wallach for Def Professional Pipeline Contractors, Inc.
jwallach@gladstonemichel.com

(114) Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
kim.johnson@kattenlaw.com

(115) Marc J Winthrop for Debtor Palmdale Hills Property, LLC
mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

(116) David M Wiseblood for Cred Bethel Island Muni Imp District
dwiseblood@seyfarth.com

(117) Brett K Wiseman for Cred JF Shea Construction Inc
bwiseman@aalaws.com

(118) Dean A Ziehl for Counter-Def LV Pacific Point LLC
dziehl@pszjlaw.com, dziehl@pszjlaw.com

(119) Marc A. Zimmerman for Creditor Life Church of God in Christ
joshuasdaddy@att.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE