1  IRELL & MANELLA LLP
   Alan J. Friedman (State Bar No. 132580)
2  afriedman@irell.com
   Kerri A. Lyman (State Bar No. 241615)
3  klyman@irell.com
   840 Newport Center Drive, Suite 400
4  Newport Beach, California 92660-6324
   Telephone:   (949) 760-0991
5  Facsimile:   (949) 760-5200

6  Counsel for the Official Committee of
   Unsecured Creditors in
7  Chapter 11 Cases of Palmdale Hills
   Property, LLC et al.

8

9            **UNITED STATES BANKRUPTCY COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11              **SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:08-bk-17206- ES |
| 12 PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS, | Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; |
| 13 | 8:08-bk-17224-ES; 8:08-bk-17242-ES; |
| Joint Administered Debtors and Debtors-in-Possession | 8:08-bk-17225-ES; 8:08-bk-17245-ES; |
| 14 | 8:08-bk-17227-ES; 8:08-bk-17246-ES; |
| | 8:08-bk-17230-ES; 8:08-bk-17231-ES; |
| 15 Affects: | 8:08-bk-17236-ES; 8:08-bk-17248-ES; |
| ☒ All Debtors | 8:08-bk-17249-ES; 8:08-bk-17573-ES; |
| 16 ☒ Palmdale Hills Property, LLC | 8:08-bk-17574-ES; 8-08-bk-17575 ES; |
| ☒ SunCal Beaumont Heights, LLC | 8:08-bk-17404-ES; 8:08-bk-17407-ES; |
| 17 ☒ SCC/Palmdale, LLC | 8:08-bk-17408-ES; 8:08-bk-17409-ES; |
| ☒ SunCal Johannson Ranch, LLC | 8:08-bk-17458-ES; 8:08-bk-17465-ES; |
| 18 ☒ SunCal Summit Valley, LLC | 8:08-bk-17470-ES; 8:08-bk-17472-ES |
| ☒ SunCal Emerald Meadows LLC | 8:08-bk-17588-ES |
| 19 ☒ SunCal Bickford Ranch, LLC | |
| ☒ Acton Estates, LLC | |
| 20 ☒ Seven Brothers LLC | |
| ☒ SJD Partners, Ltd. | Chapter 11 Cases |
| 21 ☒ SJD Development Corp. | |
| ☒ Kirby Estates, LLC | **MOTION FOR AN ORDER ENFORCING** |
| 22 ☒ SunCal Communities I, LLC | **THE ORDER AUTHORIZING THE** |
| ☒ SunCal Communities III, LLC | **EMPLOYMENT OF IRELL &** |
| 23 ☒ SCC Communities LLC | **MANELLA LLP AS COUNSEL TO THE** |
| ☒ North Orange Del Rio Land, LLC | **OFFICIAL COMMITTEE OF** |
| 24 ☒ Tesoro SF LLC | **UNSECURED CREDITORS FOR THE** |
| ☐ LBL-SunCal Oak Valley, LLC | **VOLUNTARY DEBTORS OR, IN THE** |
| 25 ☐ SunCal Heartland, LLC | **ALTERNATIVE, MODIFYING THE** |
| 26 ☐ LBL-SunCal Northlake, LLC | **TERMS OF IRELL & MANELLA LLP'S** |
| | **EMPLOYMENT TO REQUIRE THE** |
| 27 *Caption Continued on Next Page* | **VOLUNTARY DEBTORS TO PAY** |
| | **IRELL & MANELLA LLP'S FEES AND** |
| 28 | **EXPENSES ON A MONTHLY BASIS;** |
| | **AND DECLARATION OF ALAN J.** |
| | **FRIEDMAN IN SUPPORT THEREOF** |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION FOR AN ORDER ENFORCING THE ORDER
AUTHORIZING THE EMPLOYMENT OF IRELL & MANELLA
LLP

2467430

| | |
|---|---|
| 1 | |
| 2 | ☐ SunCal Marblehead, LLC |
| | ☐ SunCal Century City, LLC |
| 3 | ☐ SunCal PSV, LLC |
| | ☐ Delta Coves Venture, LLC |
| 4 | ☐ SunCal Torrance, LLC |
| | ☐ SunCal Oak Knoll, LLC |
| 5 | |

Hearing:

Date: September 8, 2011
Time 10:30 a.m.
Location: Courtroom 5A
411 West Fourth Street
Santa Ana, CA 92701

[Application to Shorten Time Filed
Concurrently herewith]

**TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY
JUDGE, THE VOLUNTARY DEBTORS, AND ALL OTHER PARTIES-IN-INTEREST:**

Irell & Manella LLP ("Irell"), counsel to the Official Joint Committee of Creditors

Holding Unsecured Claims (the "Committee"), duly appointed in the related jointly administered

chapter 11 cases of Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC,

SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal

Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers,

LLC, SJD Partners, Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I,

LLC, SunCal Communities III, LLC, SCC Communities LLC, North Orange Del Rio Land,

LLC, and Tesoro SF, LLC (the "Voluntary Debtors"),[1] hereby files this *Motion for an Order*

*Enforcing the Order Authorizing the Employment of Irell and Manella LLP as Counsel to the*

*Official Committee of Unsecured Creditors for the Voluntary Debtors or, in the Alternative,*

*Modifying the Terms of Irell & Manella LLP's Employment to Require the Voluntary Debtors to*

*Pay Irell & Manella LLP's Fees and Expenses on a Monthly Basis* (the "Motion").

The Motion is supported by the attached Declaration of Alan J. Friedman (the "Friedman

Declaration").

## I.    INTRODUCTION

Professionals cannot be required to work without payment for their services.  However,

---

[1] The Voluntary Debtors' Chapter 11 cases are jointly administered with the following
nine (9) related entities: LBL-SunCal Oak Valley, LLC, SunCal Heartland, LLC, LBL-SunCal
Northlake, LLC, SunCal Marblehead, LLC, SunCal Century City, LLC, SunCal PSV, LLC,
Delta Coves Venture, LLC, SunCal Torrance, LLC, SunCal Oak Knoll, LLC (the "Trustee
Debtors").  A Chapter 11 Trustee has been appointed in the Trustee Debtors' Chapter 11 cases
(the "Trustee") and a separate committee of unsecured creditors was established.  The Voluntary
Debtors and the Trustee Debtors are hereinafter collectively referred to as the "Related Debtors."

1    notwithstanding the order approving Irell's employment by the Committee (the "Employment

2    Order"), which authorizes the Debtors to pay Irell's fees and expenses on a monthly basis,[2] the

3    Voluntary Debtors have failed to pay Irell's fees and expenses since February, 2011.  Irell is

4    currently owed more than $737,540 in fees and expenses for the period of March, April, May and

5    June[3] 2011 (the "Outstanding Amounts").  During that same period, the Voluntary Debtors have

6    continued to pay their bankruptcy counsel, Winthrop Couchot LLP ("Winthrop"), and their

7    special litigation counsel, Miller Barondess, LLP ("Miller"), on a monthly basis.[4]  This

8    preference is inappropriate and prejudicial to Irell.

9        According to the Voluntary Debtors' recently filed disclosure statements, the Voluntary

10   Debtors have between $1.2 million and $1.5 million in allegedly unencumbered cash (less any

11   payments made in July).[5]  Given that Irell is currently owed $737,540 and is continuing to accrue

12   fees on a daily basis, and that Miller and Winthrop are currently owed approximately $515,000

13   and are also continuing to accrue fees, it is unlikely that the remaining unencumbered funds will

14   be sufficient to pay all of the professionals throughout the remainder of the Voluntary Debtors'

15   cases (especially in light of the upcoming confirmation process, which Irell anticipates will be

16   time consuming and fee intensive for all professionals).  The Voluntary Debtors' failure to pay

17

18        [2] *Order Granting Application For Order (1) Authorizing the Employment of Irell &
     Manella LLP as Counsel for the Official Committee of Unsecured Creditors; and (2) Modified
     Fee Application Procedures* ¶ 3 ("I&M is hereby authorized to be compensated for its services
19   rendered to, and reimbursed for its costs incurred on behalf of the Committee, on a monthly
     basis, as set forth in the Application.").

20        [3] The objection period for the June 2011 fee statement expires on July 31, 2011.

21        [4] Irell is informed and believes that Winthrop has been paid or shortly will be paid
     through June 2011 and Miller through at least May, if not June 2011.

22        [5] Based on the disclosure statements filed by the Voluntary Debtors, as of July 1, 2011,
23   the Voluntary Debtors had between $1.2 and $1.5 million in allegedly unencumbered cash.  See
     Group I Disclosure Statement, § 4.1.4 ($1,207,594.32 in cash held by Palmdale Hills, Bickford,
24   and Emerald); Group II Disclosure Statement, § 4.1.4 ($106,098.33 in cash held by SunCal
     Beaumont Heights and SunCal Johannson); Group III Disclosure Statement, § 4.1.4
25   ($210,218.46 in cash held by North Orange Del Rio, SCC Communities, and Tesoro); and Group
     IV Disclosure Statement, § 4.1.4 ($19,828.93 in cash held by SJD Partners and SJD
26   Development).  The Committee takes no position on the accuracy of these amounts or whether
     the cash is in fact unencumbered.  However, even under the best circumstances, after paying
27   Irell's outstanding fees through June 30, 2011 (in the amount of $737,540), the Voluntary
     Debtors will have less than $800,000 in cash remaining to fund these cases and pay all
28   professionals through confirmation (minus any other payments made by the Voluntary Debtors in
     July).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1  Irell on a monthly basis effectively turns Irell into an involuntary lender – forced to finance the

2  Voluntary Debtors' reorganization by advancing hundreds of thousands of dollars in fees and

3  expenses.  This concern was the basis for the establishment of monthly compensation procedures.

4  *See In re Knudsen*, 84 B.R. 668, 672 (9th Cir. B.A.P. 1988) ("[W]hen counsel must wait an

5  extended period for payment, counsel is essentially compelled to finance the reorganization.").

6        Moreover, the Voluntary Debtors' use of their limited remaining funds to pay their own

7  counsel leaves the Voluntary Debtors' professionals vulnerable to disgorgement orders.  Irell

8  therefore requests that this Court enter an order enforcing the Employment Order and compelling

9  the Voluntary Debtors to immediately pay the Outstanding Amounts.  Irell further requests that

10  this Court prohibit the Voluntary Debtors from making further payment to the Voluntary Debtors'

11  professionals until the Voluntary Debtors have paid Irell the Outstanding Amounts, and that all

12  fees and expenses going forward be paid *pro rata*.

13        In the alternative, Irell requests that the Employment Order be retroactively amended to

14  require the Voluntary Debtors to pay Irell's fees and expenses on a monthly basis, and to provide

15  for the identical treatment to that being received by Winthrop, which was what was intended

16  when Irell was employed over two and a half years ago and is consistent with the Voluntary

17  Debtors' conduct during that period.  It is possible that the Voluntary Debtors may now, almost

18  two and a half years after the Employment Order was entered, be taking the position that the

19  Voluntary Debtors have discretion to decide whether to pay Irell's fees on a monthly basis (see

20  discussion *infra*).  If this is the Voluntary Debtors' position, it is not well taken given that Irell's

21  application for employment included a specific monthly payment procedure and the Voluntary

22  Debtors complied with this procedure for almost two and a half years without raising this issue.

23  However, out of an abundance of caution, Irell requests that the Court retroactively modify the

24  Employment Order to require the Voluntary Debtors to pay Irell's fees and expenses on a

25  monthly basis, and then compel the Voluntary Debtors to immediately pay Irell the Outstanding

26  Amounts.

27

28

## II.    BACKGROUND

Beginning on November 6, 2008, the Voluntary Debtors filed their petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). Shortly after the Petition Date, the Office of the United States Trustee ("UST") appointed the Committee to represent the unsecured creditors in the Voluntary Debtors' cases. The Committee chose Irell to serve as its counsel.

On January 7, 2009, Irell filed its application to serve as counsel for the Committee (the "Employment Application"). A true and correct copy of the Employment Application is attached as Exhibit 1 to the Friedman Declaration. Paragraph twenty-two of the Employment Application states:

> a.      I & M will submit to the Office of the United States Trustee a monthly Professional Fee Statement with respect to fees for professional services rendered to the Committee, and for reimbursement of expenses incurred on behalf of the Committee and will attach its invoices as an exhibit to the Fee Statement. In addition, I&M will serve a copy of the Fee Statement (with exhibits) to the Committee, the Debtors, Debtors' counsel and parties requesting special notice.

> b.      If no written objection and request for hearing is filed and served upon I&M within ten (10) days after service of the Fee Statement, I&M may request payment from the Debtors of its fees and expenses for which notice was given, without further notice, hearing or order thereon. Until it is completely utilized, I&M will draw down on the Retainer.[6] Any failure by any party to object to any Fee Statement shall not be deemed to be, nor construed in any manner to constitute, a waiver of any objections such party may have to the request for payment of fees and costs at a later time. Any party which does not object to any Fee Statement shall be entitled to raise objections at the hearing(s) on interim and/or final fee applications, as the case may be. If timely opposition is received, I&M will schedule the matter for hearing as provided by the Local Bankruptcy Rules.

Friedman Decl., Exhibit 1. ¶ 22 (the "Monthly Compensation Procedure").

Irell intended for this provision to provide for the timely payment of its fees and expenses, on the same basis as Winthrop's fees and expenses, after Irell's $250,000 post-petition retainer (the "Retainer") was depleted. No party objected to the Employment Application and on February 13, 2009, the Court issued an order approving Irell's Employment Application (the "Employment Order"). In the Employment Order, the Court authorized the payment of Irell's

---

[6] Irell received a post-petition retainer of $250,000.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1   fees and expenses pursuant to the Monthly Compensation Procedure.[7] Friedman Decl., Exhibit

2   2. ¶ 3. A true and correct copy of the Employment Order is attached as Exhibit 2 to the Friedman

3   Declaration. Until recently, since the entry of the Employment Order, the Voluntary Debtors

4   have paid Irell, albeit slowly, in compliance with the Monthly Compensation Procedure.

5        Since the Court issued the Employment Order, Irell has filed two applications for the

6   interim approval of compensation. On December 22, 2009, Irell filed its first interim application

7   ("First Interim Application") seeking fees in the amount of $987,114 and expenses in the amount

8   of $15,537.11, which the Court allowed in full, on an interim basis. On November 23, 2010, Irell

9   filed its second interim application ("Second Interim Application") seeking fees in the amount of

10  $1,241,625.50 and expenses in the amount of $8,941.52, which the Court allowed in full on an

11  interim basis. Friedman Decl., ¶¶ 5-6.

12       At the hearing on the Second Interim Application, based upon a specific request made by

13  Irell due to the lack of timely payment by the Voluntary Debtors, the Court expressly ordered the

14  Voluntary Debtors to pay to Irell all outstanding amounts due on the Second Interim Application

15  no later than December 23, 2010 (the "Second Interim Fee Order"). A true and correct copy of

16  the Second Interim Fee Order is attached as Exhibit 3 to the Friedman Declaration. The

17  Voluntary Debtors were sent an e-mail with this information on December 16, 2010 and also

18  received a copy of the Court's order. A true and correct copy of the December 16, 2010 e-mail is

19  attached as Exhibit 4 to the Friedman Declaration. Notwithstanding having received actual

20  notice of the Court's order, the Voluntary Debtors failed to comply with this order and Irell did

21  not receive payment of all such amounts until after the deadline.

22       Since the period covered by the Second Interim Application, Irell has submitted eight

23  monthly fee statements (for the period of November 2010 through June 2011) with fees totaling

24  $1,223,852.50 and expenses totaling $19,240.96. The Voluntary Debtors paid four of Irell's

25  monthly fee statements in compliance (albeit not timely) with the Employment Order (for the

26  ─────────────
27  [7] *Order Granting Application For Order (1) Authorizing the Employment of Irell &
    Manella LLP as Counsel for the Official Committee of Unsecured Creditors; and (2) Modified
    Fee Application Procedures* ¶ 3 ("I&M is hereby authorized to be compensated for its services
28  rendered to, and reimbursed for its costs incurred on behalf of the Committee, on a monthly
    basis, as set forth in the Application.").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1  period of November 2010 through February 2011).  The Voluntary Debtors have not paid or

2  objected to the monthly fee statements that Irell submitted for March, April, May and June[8] of

3  2011 (the "Outstanding Amounts").  Currently, the Outstanding Amounts total $737,540 and are

4  continuing to accrue.

5       Irell has contacted the Voluntary Debtors multiple times in an effort to resolve the issue

6  of the accruing fees and costs, but the Voluntary Debtors have failed to adequately address Irell's

7  inquiries and requests with respect to the constant delays in payments.  True and correct copies of

8  some of the e-mails that Irell sent are attached as Exhibit 5 to the Friedman Declaration.

9  Recently, in May and July 2011, Irell demanded that the Voluntary Debtors not pay their own

10  professionals unless and until Irell's fees and expenses were paid up to date.  The Voluntary

11  Debtors have ignored these demands, to the severe prejudice of Irell.  In fact, as of the date

12  hereof, the Voluntary Debtors have not responded in any way to Irell's most recent demand and

13  request for payment, dated July 14, 2011.

14

15              **III.    DISCUSSION**

16       The fees and expenses incurred by the professionals in a bankruptcy case (the

17  "Reorganization Professionals"), which include both the professionals employed by the debtor

18  and any committee appointed in the case, are entitled to priority payment under section 503 of

19  the Bankruptcy Code.  11 U.S.C. § 503(b)(2).  Although the fees and expenses of the

20  Reorganization Professionals are paid before all other claims, these claims are paid pro rata with

21  each other.  No professional receives preferential treatment.

22       Under the Bankruptcy Code, professional fees cannot be allowed on an interim or final

23  basis until the bankruptcy court holds a hearing on the reasonableness of the requested fees.  *See*

24  11 U.S.C. §§ 330-331.  Courts hold these hearings no more frequently than once every four

25  months.  *See* 11 U.S.C. § 331.  Historically, this forced Reorganization Professionals to finance

26  the reorganization of large debtors.  *See In re Knudsen*, 84 B.R. 668, 672 (9th Cir. B.A.P. 1988)

27  ("[W]hen counsel must wait an extended period for payment, counsel is essentially compelled to

28

---

[8] The objection period for the June 2011 fee statement expires on July 31, 2011.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1  finance the reorganization."); *In re Kaiser Steel Inc.*, 74 B.R. 885, 892 (Bankr. D.Colo. 1987)

2  ("Following the normal practices under Section 331 effectively requires counsel to defer payment

3  for close to six months ...."). In an effort to avoid this result, in *In re Knudsen*, the Ninth Circuit

4  BAP allowed a monthly compensation procedure that permitted the payment of professional fees

5  on a monthly basis, subject to later allowance and possible repayment if the advanced fees

6  exceed the fees that were ultimately allowed. *See In re Knudsen*, 84 B.R. at 672.[9]

7       In connection with their employment applications, all of the attorneys in the Voluntary

8  Debtors' cases sought approval to be paid on a monthly basis.[10]  The Voluntary Debtors regularly

9  comply with these terms as to their own attorneys.  Irell is informed and believes that Winthrop,

10 the Voluntary Debtors' reorganization counsel, has been paid (or will soon be paid) through June

11 2011 and that Miller, the Voluntary Debtors' litigation counsel, has been (or soon will be) paid

12 through at least May, if not June 2011.  Friedman Decl., ¶ 11.  On the other hand, the Voluntary

13 Debtors are regularly months late in paying Irell's fees.  In December 2010, in connection with

14 Irell's second interim fee application, this Court ordered the Voluntary Debtors to immediately

15 pay Irell all fees and expenses approved under the Second Interim Fee Order.  Friedman Decl., ¶

16 7.  The Voluntary Debtors missed the Court-imposed deadline to do so and now, once again, are

17 four[11] months behind in paying Irell's fees and expenses.  There is no justification for the

18 Voluntary Debtors' payment of their own counsel at the expense of Irell.  The Voluntary Debtors

19 must be compelled to pay Irell immediately and prohibited from making a further payment to

20 their own professionals until the Outstanding Amounts are paid in full.

21

22

23     [9] The Employment Application did not reference *In re Knudsen.*  Instead, the
   Employment Application referenced the procedures set out in the *United States Trustee's Guide
24  to Applications for Retainers, And Professional and Insider Compensation ("Compensation
   Guide")* (the "UST Guidelines").  The procedure set out in the UST Guidelines is based on the
25 procedures approved in *In re Knudsen.*

     [10] *See Order Granting Debtors' Application to Employ Winthrop Couchot as their
26 General Insolvency Counsel*, entered on January 21, 2009 [Dkt. No. 51]; *Order Granting
   Amended Joint Application of Related Debtors-In-Possession and Debtors Represented by
27 Chapter 11 Trustee For Authority to Employ Miller Barondess, LLP as Special Litigation
   Counsel*, entered on April 14, 2010 [Dkt No. 1061].

28     [11] The payment for the fourth month, June 2011, will be due on August 1, 2011.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1    While admittedly, the language in the Employment Application could have been more

2    specific, and in a perfect world to avoid any confusion, should have mimicked the language in

3    the Winthrop employment application, this should not provide the basis for the Voluntary

4    Debtors to simply stop paying Irell's fees, without any explanation whatsoever. The Voluntary

5    Debtors *may* claim that Irell's Employment Application, unlike the employment application

6    submitted by Winthrop, does not state that the Voluntary Debtors "shall pay" Irell if there are no

7    objections to its monthly professional fee statements. This argument is inconsistent with the

8    Voluntary Debtors' prior conduct as well as the spirit of Irell's engagement.[12] Paragraph twenty-

9    two of the Employment Application lays out a procedure by which Irell can circulate a copy of

10    its monthly bill to the UST, the Committee, the Voluntary Debtors and the Voluntary Debtors'

11    counsel. If no party objects, Irell may submit those bills to the Voluntary Debtors for payment.

12    This procedure was designed to compensate Irell on same basis as Winthrop. Friedman Decl., ¶

13    3. It certainly appears that the Voluntary Debtors are attempting to avoid paying Irell's fees in

14    order to preserve the estates' cash for the benefit of the Voluntary Debtors' own professionals.

15    The Voluntary Debtors' self-imposed silence on this issue is adding to the problem and

16    preventing its resolution.[13]

17    By failing to abide by the Employment Order, the Voluntary Debtors are compelling Irell

18    to finance their reorganization. Irell has had to advance hundreds of thousands of dollars in fees

19    and thousands of dollars in expenses over the past four months, all of which remain unpaid.

20    Requiring Irell to continue to bear this burden is commercially unreasonable. *In re Kaiser Steel*

21    *Inc.*, 74 B.R. at 887 ("Timely payment of billings is an inherent aspect of providing services.

22    Certainly creditors' counsel would rebel at a partial payment arrangement with their clients, and

23    limitations of this nature should not be imposed on those seeking compensation from the

24    estate."). Moreover, over the next few months, the Court will consider the confirmation of

25    

26    [12] As stated earlier, the Voluntary Debtors have not responded in any way to Irell's most recent payment demand and have never previously taken the position that Irell is not entitled to be paid monthly.

27    

28    [13] Mindful of the Court's hyper-crowded docket, Irell has steadfastly attempted to avoid Court involvement. The Voluntary Debtors' utter lack of response has forced Irell to seek the aid of the Court

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1  multiple plans of reorganization and claim objections.  In order to adequately represent the

2  Committee's interests on these issues, Irell will need to conduct discovery, engage in legal

3  research, conduct regular meetings with the Committee, and brief complex issues.  If the

4  Voluntary Debtors continue to withhold payment, Irell's outstanding fees and expenses will

5  easily exceed a million dollars.  Irell should not be forced to bear this burden at this critical

6  juncture of the Voluntary Debtors' cases, particularly when the Voluntary Debtors' professionals

7  are being paid on a monthly basis.

8      The Voluntary Debtors' failure to pay all professionals equally also creates the risk that

9  the Court will have to issue orders requiring that other professionals disgorge substantial amounts

10  of money in order to pay Irell.  The Court has set a hearing on interim fee applications for

11  October 6, 2011 and it is unlikely that the Voluntary Debtors will have sufficient assets on hand

12  to pay all allowed fees at that time.[14]  If this occurs, all professionals, including Winthrop, Miller,

13  and Irell will only be entitled to the payment of allowed fees and expenses on a pro rata basis.

14  Firms that received more than the pro rata amount will be forced to disgorge amounts to pay

15  money to the firms that received less, primarily Irell.  Disgorgement is an extreme remedy and

16  painful for the firms subject to disgorgement orders.  This drastic result can only be avoided if

17  the Voluntary Debtors are ordered to pay all professionals on a *pro rata* basis, after bringing Irell

18  current.

19              **IV.    CONCLUSION**

20      Irell respectfully requests that the Court enter an order:

21      1.    Requiring the Voluntary Debtors to immediately pay Irell the Outstanding

22  Amounts;

23      2.    Compelling the Voluntary Debtors to comply with the terms of the Employment

24  Order and timely pay Irell's fees and expenses, on a monthly basis, throughout the remainder of

25  the Voluntary Debtors' cases;

26      3.    Prohibiting the payment of the Debtors' professionals until Irell has been paid the

27

28
---
[14] As noted above, based on the information provided in the Voluntary Debtors'
disclosure statements, the Voluntary Debtors currently have no more than $1.5 million in
unencumbered cash, less any additional payments made during the month of July 2011.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1   Outstanding Amount;

2       4.    In the alternative, retroactively modifying the Employment Order to require that

3   the Voluntary Debtors pay Irell's fees and expenses on a monthly basis; and

4       5.    Granting to Irell such other and further relief as the Court may deem just and

5   proper under the circumstances of these cases.

6   Dated: July 29, 2011            IRELL & MANELLA LLP

7                             By: _____

8                               Alan J. Friedman
                                  Kerri A. Lyman

9                               Counsel for the Official Unsecured Creditors
                              Committee in Chapter 11 Cases of Palmdale

10                               Hills Property, LLC et al.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1                 DECLARATION OF ALAN J. FRIEDMAN

2   I, Alan J. Friedman, declare as follows:

3        1.     I am a member of the law firm of Irell & Manella LLP ("Irell")[15], counsel of

4 record for the Official Committee of Unsecured Creditors ("Committee") in the above-captioned

5 action. I am a member in good standing of the State Bar of California. I have personal

6 knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would

7 testify competently to such facts under oath.

8        2.     On January 7, 2009, Irell filed its application to serve as counsel for the

9 Committee (the "Employment Application"). A true and correct copy of the Employment

10 Application is attached as Exhibit 1 hereto.

11        3.     Irell intended for the Employment Application to provide for the timely payment

12 of its fees and expenses, on the same basis as Winthrop, after Irell's $250,000 post-petition

13 retainer (the "Retainer") was depleted. No party objected to the Employment Application and on

14 February 13, 2009, the Court issued an order approving the Employment Application (the

15 "Employment Order"). In the Employment Order, the Court authorized the payment Irell's fees

16 and expenses pursuant to the Monthly Compensation Procedure. A true and correct copy of the

17 Employment Order is attached as Exhibit 2 hereto. Until recently, since the entry of the

18 Employment Order, the Voluntary Debtors have paid Irell, albeit slowly, in compliance with the

19 Monthly Compensation Procedure.

20        4.     Since the Court issued the Employment Order, Irell has filed two applications for

21 the interim approval of compensation.

22        5.     On December 22, 2009, Irell filed its first interim application ("First Interim

23 Application") seeking fees in the amount of $987,114 and expenses in the amount of $15,537.11,

24 which the Court allowed in full, on an interim basis.

25

26

27

---

28      [15] Unless otherwise stated, capitalized terms shall be ascribed the meanings ascribed to
them in the Motion.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1      6.      On November 23, 2010, Irell filed its second interim application ("Second Interim

2   Application") seeking fees in the amount of $1,241,625.50 and expenses in the amount of

3   $8,941.52, which the Court allowed in full on an interim basis.

4      7.      At the hearing on the Second Interim Application, based upon a specific request

5   that I made due to the lack of timely payment by the Voluntary Debtors, the Court specifically

6   ordered the Voluntary Debtors to pay to Irell all outstanding amounts due on the Second Interim

7   Application no later than December 23, 2010 (the "Second Interim Fee Order").  A true and

8   correct copy of the Second Interim Fee Order is attached as Exhibit 3 hereto.  The Voluntary

9   Debtors were sent an e-mail with this information on December 16, 2010 and also received a

10  copy of the Court's order.  A true and correct copy of the December 16, 2010 e-mail is attached

11  as Exhibit 4 hereto.  Notwithstanding having received actual notice of the Court's order, the

12  Voluntary Debtors failed to comply with this order and Irell did not receive payment of all such

13  amounts until after the deadline.

14     8.      Since the period covered by the Second Interim Application, Irell has submitted

15  eight monthly fee statements (for the period of November 2010 through June 2011) with fees

16  totaling $1,223,852.50 and expenses totaling $19,240.96.  The Voluntary Debtors paid four of

17  Irell's monthly fee statements in compliance (albeit not timely) with the Employment Order (for

18  the period of November 2010 through February 2011).  The Voluntary Debtors have not paid or

19  objected to the monthly fee statements that Irell submitted for March, April, May and June[16] of

20  2011 (the "Outstanding Amounts").  Currently, the Outstanding Amounts total $737,540 and are

21  continuing to accrue.

22     9.      I have contacted the Voluntary Debtors multiple times in an effort to resolve the

23  issue of the accruing fees and expenses, but the Voluntary Debtors have failed to adequately

24  respond to my inquiries and requests.  True and correct copies of some of the e-mails that I sent

25  are attached as Exhibit 5 hereto.

26     10.     Recently, in May and July 2011, I demanded that the Voluntary Debtors not pay

27  their own professionals unless and until Irell's fees and expenses were paid up to date.  The

28

---

[16] The objection period for the June 2011 fee statement expires on July 31, 2011.

13

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1 | Voluntary Debtors have ignored these demands, to the severe prejudice of Irell.  In fact, as of the

2 | date hereof, the Voluntary Debtors have not responded in any way to my most recent demand

3 | and request for payment, dated July 14, 2011.

4 |     11.   I am informed and believe that Winthrop, the Voluntary Debtors' reorganization

5 | counsel, has been paid (or will soon be paid) through June 2011 and that Miller, the Voluntary

6 | Debtors' special litigation counsel, has been (or soon will be) paid through at least May, if not

7 | June 2011.

8 |     12.   Based upon the monthly fee statements filed by Winthrop and Miller, they have

9 | incurred, in the aggregate, an additional $515,000 in fees and expenses during June 2011.

10 |     I declare under penalty of perjury under the laws of the United States that the foregoing is

11 | true and correct.  Executed on this 29 th day of July, at Newport Beach, CA.

13 | _____
Alan J. Friedman

14

# EXHIBIT "1"

Exhibit _____1_____
Page _____15_____

0.0 01

IRELL & MANELLA LLP
Alan J. Friedman (State Bar No. 132580)
afriedman@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:     (949) 760-0991
Facsimile:      (949) 760-5200

[Proposed] Counsel for the Official
Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Palmdale Hills Property, LLC, and its Related Debtors.<br><br>　　　Jointly Administered Debtors<br>　　　and Debtors-in-Possession.<br><br>---<br><br>Affects All Debtors<br><br>Palmdale Hills Property, LLC<br>SunCal Beaumont Heights, LLC<br>SCC/Palmdale<br>SunCal Johannson Ranch, LLC<br>SunCal Summit Valley, LLC<br>SunCal Emerald Meadows LLC<br>SunCal Bickford Ranch, LLC<br>Acton Estates, LLC<br>Seven Brothers, LLC<br>SJD Partners, Ltd.<br>SJD Development Corp.<br>Kirby Estates, LLC<br>SunCal Communities I, LLC<br>SunCal Communities III, LLC<br>SCC Communities LLC<br>North Orange Del Rio Land, LLC<br>Tesoro SF, LLC | Case No. 8:08-bk-17206- ES<br><br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8-08-bk-17575 ES<br><br>Chapter 11 cases<br><br>**APPLICATION FOR ORDER (1) AUTHORIZING THE EMPLOYMENT OF IRELL & MANELLA LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; AND (2) MODIFIED FEE APPLICATION PROCEDURES**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 2014(1)(b)(1) and 9013-1(g)(M)] |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF IRELL & MANELLA LLP AS COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
#1984209.1

Exhibit ____
Page ____ 16

1  **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,**

2  **THE DEBTORS AND THEIR COUNSEL, AND TO THE OFFICE OF THE UNITED**

3  **STATES TRUSTEE:**

4      The Official Joint Committee of Creditors Holding Unsecured Claims (the "Committee"),

5  duly appointed in the jointly administered chapter 11 cases of Palmdale Hills Property, LLC,

6  SunCal Beaumont Heights, LLC, SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal

7  Summit Valley, LLC, SunCal Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, Acton

8  Estates, LLC, Seven Brothers, LLC, SJD Partners, Ltd., SJD Development Corp., Kirby Estates,

9  LLC, SunCal Communities I, LLC, SunCal Communities III, LLC, SCC Communities LLC,

10 North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the "Debtors"), hereby submits this

11 application for an order (1) authorizing the employment of Irell & Manella LLP ("I&M") as

12 counsel to the Committee effective as of December 8, 2008; and (2) for modified fee application

13 procedures (the "Application").   This Application is brought pursuant to Sections 1102, 1103 and

14 330 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and

15 Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

16 Rules").

17     The Application is based upon the Declaration of Alan J. Friedman (the "Friedman

18 Declaration") filed concurrently herewith, the record in the Debtors' cases, and such additional

19 arguments and evidence that may be properly presented to this Court at, or prior to, any hearing or

20 ruling on the Application, if a hearing is required.

21 **I.**

22 **STATEMENT OF FACTS**

23     **A.**    **Jurisdiction.**

24     1.    The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334.

25 This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

26     2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

27     3.    The statutory bases for the relief requested herein are sections 1102, 1103, and 330

28 of the Bankruptcy Code.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF IRELL & MANELLA LLP AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

- 2 -

Exhibit ___
Page ___ 17

**B.**    **Background.**

4.    On November 6, 7, and 19, 2008 the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.    The Debtors continue to operate their business and manage their affairs pursuant to sections 1107(a) and 1108 of the Bankruptcy Code as debtors-in-possession.

**C.**    **Appointment of the Official Committee of Unsecured Creditors.**

6.    On December 2, 2008, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee in the Debtors' jointly administered cases pursuant to Section 1102. The Committee is comprised of the following nine (9) members: (a) Klassen Corp; (b) Hunsaker and Associates Irvine Inc.; (c) Proactive Engineering Consultants, Inc.; (d) Far West Construction, Inc.; (e) HMK Engineering, Inc.; (f) Creekside Development, Inc.; (g) Urban Crossroads, Inc.; (h) BonTerra Consulting; and (i) Bova Contracting Corp.

7.    On December 8, 2008, I&M was notified of its selection as counsel to the Committee, subject to execution of an acceptable engagement letter. On December 8, 2008, I&M and the Committee executed the Retainer Agreement. The Committee seeks to retain I&M as its bankruptcy counsel due to I&M's extensive knowledge of debtors' and creditors' rights and chapter 11 business reorganization.

8.    I&M has agreed with the Committee that I&M will be paid for its services and expenses in accordance with the terms of I&M's retainer letter (the "Retainer Agreement"), a copy of which is attached to the Friedman Declaration as Exhibit "1". The Committee and the Debtors have agreed that I&M shall receive a retainer of $250,000 (the "Retainer"), which funds will be paid from funds held by counsel for the Debtors upon entry of an order approving this Application. I&M has been advised that the source of the Retainer is SCC Acquisitions, Inc., a non-Debtor entity. The Committee has further agreed that I&M may be paid monthly as provided herein.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF IRELL & MANELLA LLP AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

- 3 -

Exhibit _____1_____
Page _____18_____

## II.

## REQUEST TO EMPLOY IRELL & MANELLA LLP

9.    The Committee is hereby seeking Court approval to employ I&M as its counsel effective as of December 8, 2008, the date on which I&M first provided services to the Committee.

10.    I&M is comprised of attorneys whose practice includes, among other things, the areas of bankruptcy, creditors' rights, real estate, labor, litigation, and tax, and I&M is well qualified to render specialized services to the Committee in these cases. All attorneys of I&M who will render services to the Committee are duly licensed to practice law in the courts of the State of California and are admitted to practice before the United States District Court for the Central District of California.

11.    As specified below, I&M has agreed to accept as compensation for its services such sums as may be allowed by the Court, based upon the time spent and services rendered and other appropriate factors. Subject to Court approval in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to I&M on a hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by I&M as agreed to between I&M and the Committee. The principal attorneys presently designated to represent the Committee are Alan J. Friedman, Kerri Lyman and Micah Ticatch. A brief biography of these attorneys is attached to the Friedman Declaration as Exhibit "2." The paralegal presently designated to represent the Committee is Lori Gauthier. I&M has agreed to render services to the Committee at I&M's regular hourly rates, which may be subject to adjustment from time to time. The Committee understands that I&M will seek compensation from the Debtors' estates based on the following hourly rates[1]:

| Name | Position | Hourly Rate 2008 | 2009 |
|---|---|---|---|
| Alan J. Friedman | Partner | $775 | $820 |
| Kerri Lyman | Associate | $535 | $590 |
| Micah Ticatch | Associate | $325 | $420 |
| Lori Gauthier | Paralegal | $210 | $230 |

---

[1] These hourly rates are subject to periodic adjustments as provided in the Retainer Letter.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF IRELL & MANELLA LLP AS COUNSEL TO THE OFFICIAL      - 4 -
COMMITTEE OF UNSECURED CREDITORS

Exhibit _____
Page _____ 19

12.    I&M may use other attorneys and paraprofessionals during the course of these cases as it deems appropriate to best serve the needs of the Committee.

13.    In connection with its employment by the Committee, I&M will render the following types of professional services:

    a.    To advise the Committee regarding its powers, rights and responsibilities under the Bankruptcy Code;

    b.    To represent the Committee in proceedings or hearings in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") or any other forum as agreed between the Committee and I&M in which an action or proceeding may affect the Debtors, their assets, claims of creditors or the Committee;

    c.    To advise and assist the Committee in its examination and analysis of the conduct of the Debtors' affairs and the reasons for the chapter 11 filings;

    d.    To advise and assist the Committee in connection with the administration of the Debtors' cases, disposition of assets, and the confirmation, consummation and feasibility of any proposed plan of reorganization or liquidation, including whether a proposed plan of reorganization is in the best interest of creditors;

    e.    To advise the Committee concerning the requirements of the Bankruptcy Code and the federal and local rules relating to the administration of the Debtors' cases;

    f.    To review and analyze all applications, motions, orders, schedules and statement of affairs filed with the Court by the Debtors or third parties, advise the Committee as to their propriety, and, after consultation with the Committee, take appropriate actions;

    g.    To prepare such pleadings, applications, schedules, orders and other papers as may be necessary or appropriate in connection with the Debtors' cases;

    h.    To advise and assist the Committee in evaluating any claims that the Debtors may have against third parties;

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF IRELL & MANELLA LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS    - 5 -    Exhibit 1
Page 20

i.    To perform such other and further services as typically may be rendered by counsel for a committee of unsecured creditors in chapter 11 cases or which may be necessary or advisable in connection with the Debtors' cases;

j.    Provide legal advice and assistance to the Committee in its consultation with the Debtors relative to the Debtors administration of these cases;

k.    Apprise the Court of the Committee's analysis of the Debtors' operations;

l.    Confer with accountants and any other professionals retained by the Committee, if any are selected and approved, so as to advise the Committee and the Court more fully of the Debtors' operations; and

m.    Assist the Committee with such other services as may contribute to the confirmation of a plan of reorganization.

14.    Unless otherwise agreed between I&M and the Committee, I&M will not be responsible for any of the following: (i) the provision of substantive legal advice outside the insolvency area, such as corporate law, partnership law, non-bankruptcy taxation, securities law, torts, environmental law, non-bankruptcy labor issues, criminal law, or real estate law; or (ii) substantive litigation brought by the bankruptcy estate in which the Committee is primarily responsible for prosecution thereof[2].

### III.

### I&M'S EMPLOYMENT AS COUNSEL FOR THE COMMITTEE SATISFIES THE REQUIREMENTS OF SECTION 1103(b) AND 330 OF THE BANKRUPTCY CODE

15.    Section 1103(a) authorizes a committee, with the Court's approval, to employ counsel. Section 1103(b) provides that an attorney employed to represent a committee may not, while employed by the committee, represent any other entity having an adverse interest in connection with the case. Section 1103(b) also provides that a professional's representation of one or more creditors of the same class as represented by the committee does not per se constitute the representation of an adverse interest. While section 1103(b) does not require a professional

---

[2] I&M however, reserves the right to assist the Committee in the review and prosecution of litigation actions and to request authority to prosecute such actions.

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF IRELL & MANELLA LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS    - 6 -

Exhibit ___
Page ___

1   representing a committee to be a "disinterested person" or to not hold an interest adverse to the

2   estate generally, the following disclosures are made to satisfy the requirements of both sections

3   1103(b) and 330 of the Bankruptcy Code.

4        16.      I&M has conducted an initial computerized search of the relevant parties in the

5   Debtors' cases, as identified by the Debtors as of the date of the filing of their respective petitions.

6   A list of the parties searched is attached to the Friedman Declaration as Exhibit "4". To the best of

7   I&M's and the Committee's knowledge, based upon a review of the parties, as detailed in the

8   Friedman Declaration, I&M and all of the attorneys comprising or employed by it are believed to

9   be "disinterested persons" as the Committee understands this term to be defined, within the

10  meaning of Section 101(14) and 101(31) of the Bankruptcy Code, as modified by Section 1103(b)

11  of the Bankruptcy Code. In addition, based upon such review, insofar as the Committee has been

12  able to ascertain, I&M and the attorneys comprising same do not hold or represent any entity in

13  the Debtors' cases having an adverse interest in connection with the matters upon which I&M is to

14  be engaged, and do not have any material connection either with the Debtors, their creditors, the

15  Committee, or any other party in interest in these cases or with their respective attorneys or

16  accountants, other than as disclosed below:

17       a.      Because of the specialized nature of bankruptcy practice, from time to time

18       I&M may concurrently represent one client in a particular case and the adversary of that

19       client (or a professional employed to represent that adversary) in an unrelated case, subject

20       to receipt of appropriate waivers when required. For example, while representing the

21       Committee, I&M may represent a creditor of the Debtors in that creditor's capacity either

22       as a debtor or as a creditor of an entity that is unrelated to the Debtors. In addition, prior

23       to joining I&M, attorneys with I&M may have represented a creditor of the Debtors in

24       matters unrelated to the Debtors' cases. The foregoing notwithstanding, in no event will

25       I&M participate in such representations to the extent that they involve matters related to

26       the Debtors. Furthermore, while representing the Committee, I&M may represent

27       creditors of creditors of the Debtors (including members of the Committee) in matters

28       unrelated to the Debtors' bankruptcy cases.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF IRELL & MANELLA LLP AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

- 7 -

Exhibit ___
Page ___

1         b.     With respect to members of the Committee, the Committee recognizes

2  I&M's right to represent interests (including against members of the Committee) in

3  matters unrelated to the Debtors' bankruptcy cases. The members of the Committee also

4  understand and have agreed that I&M does not, by virtue of its representation of the

5  Committee in these cases, represent any of the members of the Committee (and/or their

6  respective companies) in these cases and may indeed take positions adverse to such

7  members in their individual capacity in these cases or otherwise.

8         c.     I&M currently represents, in matters wholly unrelated to the Debtors or

9  these cases, the following creditors of the Debtors: (i) Arthur Riggs, who is scheduled as

10  holding a secured claim of $742,500 against Sun Cal Summit Valley LLC, and (ii) CBS

11  Outdoors, which is scheduled as holding an unsecured claim of $18,474.00 against

12  Palmdale Hills Property LLC. I&M is in the process of obtaining appropriate conflict

13  waivers with respect to such representations and will make supplemental disclosures as

14  appropriate. I&M will not represent either the Committee or the foregoing creditors in any

15  matter in which the two parties are adverse.

16         d.     Several members of I&M have professional, working, or social relationships

17  with firms or professionals that may be adverse to the Committee or other interests in the

18  Debtors' cases. In addition, several attorneys at I&M have spouses, significant others,

19  parents, children, siblings, fiancés or fiancées who are attorneys at other law firms or

20  companies that are or may be involved in the Debtors' cases. I&M's policy strictly forbids

21  disclosure of confidential information to anyone outside of I&M.

22         e.     Also, from time to time, I&M has referred work to, or has been referred

23  work or retained by, various professionals who may be parties in interest or may be

24  retained by parties in interest in these cases. These professionals include, without

25  limitation Winthrop Couchot PC (counsel to the Debtors). I&M has not represented, and

26  will not represent, any of these entities in connection with any matter related to these

27  cases.

28         f.     The following supplemental disclosures are made with respect to I&M's

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF IRELL & MANELLA LLP AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

- 8 -

Exhibit ___1___
Page ___23___

1    disinterestedness and not holding an adverse interest in connection with the Debtors' cases.

2    References to I&M include all partners and employees thereof who are expected to render

3    services on behalf of the Committee in these cases.

4    •    I&M is not and was not a creditor, an equity security holder, or an insider of the

5    Debtors.

6    •    I&M is not and was not, within two years before the date of the filing of the

7    petitions herein, a director, officer, or employee either of the Debtors or of any

8    investment banker for any security of the Debtors.

9    •    Subject to the disclosures contained in the Friedman Declaration, I&M has no

10    interest materially adverse to the interests of the estate or of any class of creditors or

11    equity security holders, either by reason of any direct or indirect relationship to,

12    connection with, or interest in the Debtors for any other reason.

13    17.    To the best of the Committee's knowledge, and as set forth in the Friedman

14    Declaration, none of the attorneys comprising or employed by I&M is related to any judge of the

15    United States Bankruptcy Court for the Central District of California, the United States Trustee for

16    the Central District of California, or any person currently employed in the Office of the United

17    States Trustee for the Central District of California.  However, before becoming Bankruptcy

18    Judges in the Central District of California, the Honorable Sheri Bluebond was a partner of I&M.

19    18.    Based upon the foregoing, and in accordance with section 1103(b) and 330 of the

20    Bankruptcy Code, I&M and all of the attorneys comprising or employed by it are disinterested

21    persons who do not hold or represent any entity in the Debtors' cases having a material adverse

22    interest in connection with the matter upon which I&M is to be engaged.

23                                IV.

24                        **COMPENSATION**

25    19.    Other than the terms of the Retainer Agreement and the terms hereof, there has

26    been no agreement or arrangement with I&M and any other party regarding the payment of I&M's

27    fees and expenses in these cases.  I&M did not receive a pre-petition retainer in connection with

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF IRELL & MANELLA LLP AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

- 9 -

Exhibit ___1___
Page ___24___

1    these cases. However, subject to Court approval, I&M will receive the Retainer, which is being

2    provided by a non-Debtor, but Debtor-related entity, SCC Acquisitions, Inc.

3        20.      Pursuant to section 330 of the Bankruptcy Code, the Committee may retain I&M

4    on any reasonable terms and conditions. The most reasonable terms and conditions are those

5    charged by I&M to the Committee and other clients on a daily basis in the competitive market for

6    legal services. I&M's hourly rates are set at a level designed to fairly compensate it for the work

7    of its attorneys and paralegals and to cover fixed and routine overhead expenses.

8        21.      In addition, it is I&M's practice and policy to charge its clients in all areas of

9    practice for expenses incurred in connection with a client's case. The expenses charged to clients

10    include, among other things, photocopying, witness fees, travel expenses, filing and recording

11    fees, long distance telephone calls, postage, express mail and messenger charges, computerized

12    legal research charges and other computer services, and telecopier charges. I&M will charge for

13    these expenses in these cases in a manner and at rates consistent with those it generally charges its

14    other clients, subject to the United States Trustee's Guide to Applications for Professional

15    Compensation ("Fee Guide").

16        22.      The Committee requests that the modified fee application procedures described

17    below apply to I&M:

18        a.      I&M will submit to the Office of the United States Trustee a monthly

19    Professional Fee Statement (the "Fee Statement") with respect to fees for professional services

20    rendered to the Committee, and for reimbursement of expenses incurred on behalf of the

21    Committee and will attach its invoices as an exhibit to the Fee Statement. In addition, I&M will

22    serve a copy of the Fee Statement (with exhibits) to the Committee, the Debtors, Debtors' counsel,

23    and parties requesting special notice.

24        b.      If no written objection and request for a hearing is filed and served upon

25    I&M within ten (10) days after service of the Fee Statement, I&M may request payment from the

26    Debtors of its fees and expenses for which notice was given, without further notice, hearing or

27    order thereon. Until it is completely utilized, I&M will draw down on the Retainer. Any failure

28    by any party to object to any Fee Statement shall not be deemed to be, nor construed in any

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF IRELL & MANELLA LLP AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

- 10 -

Exhibit _____
Page _____

1    manner to constitute, a waiver of any objections such party may have to the request for payment of

2    fees and costs at a later time.  Any party which does not object to any Fee Statement shall be

3    entitled to raise objections at the hearing(s) on interim and/or final fee applications, as the case

4    may be.  If timely opposition is received, I&M will schedule the matter for hearing as provided by

5    the Local Bankruptcy Rules.

6              c.        I&M will file and serve, as appropriate, approximately every 120 days, an

7    interim fee application.  At the conclusion of these cases, I&M will file an appropriate application

8    seeking final allowance of all fees and costs.  Upon allowance of such fees and costs, the Debtors

9    will pay to I&M the difference between the amounts allowed to I&M and any interim

10   compensation paid to I&M.

11        23.        The Committee and I&M understand and agree that the compensation arrangement

12   will be subject to the provisions of section 330 of the Bankruptcy Code.  See 11 U.S.C. § 330.

13   I&M further understands and agrees that, if the aggregate interim payments made to I&M from

14   property of the Debtors' estates exceed the amount that is ultimately allowed by this Court, I&M

15   will be required to, and will, promptly repay the Debtors' estates such difference.

16        24.        I&M reserves the right to request that this Court award a bonus above the hourly

17   rates charged if the outcome of these cases and the performance of I&M make the awarding of a

18   bonus appropriate.

19        25.        I&M has not shared or agreed to share any compensation to be received in these

20   cases with any other person, except as among members of I&M.

## V.

## NOTICE

23        26.        Notice of this Application has been given to (1) the Office of the United States

24   Trustee, (2) the Committee, (3) counsel for the Debtors, and (4) parties requesting special notice or

25   otherwise entitled to notice.  The Committee believes that such notice of the Application is

26   appropriate and sufficient.  A copy of the Notice of this Application is attached hereto as Exhibit

27   "A."

28        27.        Rule 1014-1(b)(1) of the Local Bankruptcy Rules provides that, where an

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT        - 11 -
OF IRELL & MANELLA LLP AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

Exhibit _____1_____
Page _____24_____

1   application for the employment of a professional is submitted in conformity with the provisions

2   thereof, "no hearing shall be required unless requested by the United States Trustee, a party-in-

3   interest, or otherwise ordered by the court." Bankr. L.R. 2014-1(b)(1). Accordingly, unless this

4   Court orders otherwise, or unless the United States Trustee or another party-in-interest specifically

5   requests a hearing in respect of this Application, the Court may approve this Application without

6   further notice or a hearing.

7       **WHEREFORE**, the Committee prays that this Court enter an order, substantially in the

8   form attached hereto as Exhibit "1," authorizing the Committee to retain and employ I&M as

9   counsel to the Committee as of December 8, 2008, and granting such other and further relief as the

10  Court may deem appropriate.

11  DATED: December ____ 2008              January 6, 2009

12                                          OFFICIAL COMMITTEE OF UNSECURED
13                                          CREDITORS

14                                          By: _Brad Gates_____
15                                              Brad Gates
                                                Its:  Chair

16  Presented by:

17  IRELL & MANELLA LLP

18  By: _Kerri A. Lyman_____
19      Alan J. Friedman
        Kerri A. Lyman
20  [Proposed] Counsel for the Official
    Committee of Unsecured Creditors

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF IRELL & MANELLA LLP AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

- 12 -

Exhibit    1
Page       27

IRELL & MANELLA LLP
Alan J. Friedman (State Bar No. 132580)
afriedman@irell.com
Kerri Lyman (State Bar No. 241615)
klyman@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:     (949) 760-0991
Facsimile:     (949) 760-5200

[Proposed] Counsel for the Official
Committee of Unsecured Creditors

In re

Palmdale Hills Property, LLC, and its Related Debtors.

        Jointly Administered Debtors and Debtors-in-
        Possession.

Affects All Debtors

Palmdale Hills Property, LLC
SunCal Beaumont Heights, LLC
SCC/Palmdale
SunCal Johannson Ranch, LLC
SunCal Summit Valley, LLC
SunCal Emerald Meadows LLC
SunCal Bickford Ranch, LLC
Acton Estates, LLC
Seven Brothers, LLC
SJD Partners, Ltd.
SJD Development Corp.
Kirby Estates, LLC
SunCal Communities I, LLC
SunCal Communities III, LLC
SCC Communities LLC
North Orange Del Rio Land, LLC
Tesoro SF, LLC

Case No. 8:08-bk-17206- ES

Jointly Administered With Case Nos.
8:08-bk-17209-ES; 8:08-bk-17240-ES;
8:08-bk-17224-ES; 8:08-bk-17242-ES;
8:08-bk-17225-ES; 8:08-bk-17245-ES;
8:08-bk-17227-ES; 8:08-bk-17246-ES;
8:08-bk-17230-ES; 8:08-bk-17231-ES;
8:08-bk-17236-ES; 8:08-bk-17248-ES;
8:08-bk-17249-ES; 8:08-bk-17573-ES;
8:08-bk-17574-ES; 8-08-bk-17575 ES

Chapter 11 cases

**NOTICE PURSUANT TO LOCAL BANKRUPTCY
RULE 2014-1(b) OF SUBMISSION OF
APPLICATION FOR ORDER (1) AUTHORIZING
THE EMPLOYMENT OF IRELL & MANELLA
LLP AS COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS;
AND (2) MODIFIED FEE APPLICATION
PROCEDURES**

[No Hearing Required Pursuant to Local Bankruptcy
Rule 2014(1)(b)(1) and 9013-1(g)(M)]

**TO THE DEBTORS AND THEIR COUNSEL, PARTIES REQUESTING SPECIAL NOTICE OR
OTHERWISE ENTITLED TO NOTICE, AND TO THE OFFICE OF THE UNITED STATES TRUSTEE:**
        PLEASE TAKE NOTICE that the Official Joint Committee of Creditors Holding Unsecured Claims (the
"Committee"), duly appointed in the jointly administered chapter 11 cases of Palmdale Hills Property, LLC, SunCal
Beaumont Heights, LLC, SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal
Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers, LLC, SJD Partners,
Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC, SunCal Communities III, LLC, SCC
Communities LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the "Debtors"), has filed its application
for an order (1) authorizing the employment of Irell & Manella LLP ("I&M") as counsel to the Committee effective
as of December 8, 2008; and (2) for modified fee application procedures (the "Application").  By the Application, the
Committee seeks court approval to retain I&M as its counsel effective as of December 8, 2008, the date on which

1985219.1 03

Exhibit
Page _____

Exhibit
Page _____

I&M first provided services to the Committee, to provide the following services on such terms as are specified in the Application and the engagement letter executed by the Committee and I&M[1]:

       a.      To advise the Committee regarding its powers, rights and responsibilities under the Bankruptcy Code;

       b.      To represent the Committee in proceedings or hearings in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") or any other forum as agreed between the Committee and I&M in which an action or proceeding may affect the Debtors, their assets, claims of creditors or the Committee;

       c.      To advise and assist the Committee in its examination and analysis of the conduct of the Debtors' affairs and the reasons for the chapter 11 filings;

       d.      To advise and assist the Committee in connection with the administration of the Debtors' cases, disposition of assets, and the confirmation, consummation and feasibility of any proposed plan of reorganization or liquidation, including whether a proposed plan of reorganization is in the best interest of creditors;

       e.      To advise the Committee concerning the requirements of the Bankruptcy Code and the federal and local rules relating to the administration of the Debtors' cases;

       f.      To review and analyze all applications, motions, orders, schedules and statement of affairs filed with the Court by the Debtors or third parties, advise the Committee as to their propriety, and, after consultation with the Committee, take appropriate actions;

       g.      To prepare such pleadings, applications, schedules, orders and other papers as may be necessary or appropriate in connection with the Debtors' cases;

       h.      To advise and assist the Committee in evaluating any claims that the Debtors may have against third parties;

       i.      To perform such other and further services as typically may be rendered by counsel for a committee of unsecured creditors in chapter 11 cases or which may be necessary or advisable in connection with the Debtors' cases;

       j.      Provide legal advice and assistance to the Committee in its consultation with the Debtors relative to the Debtors administration of these cases;

       k.      Apprise the Court of the Committee's analysis of the Debtors' operations;

       l.      Confer with accountants and any other professionals retained by the Committee, if any are selected and approved, so as to advise the Committee and the Court more fully of the Debtors' operations; and

       m.      Assist the Committee with such other services as may contribute to the confirmation of a plan of reorganization.

I&M did not receive a pre-petition retainer in these cases. The Committee and the Debtors have agreed that I&M shall receive a retainer of $250,000 (the "Retainer") which funds will be paid from funds held by counsel for the Debtors upon entry of an order approving the Application. I&M has been advised that the source of the Retainer is SCC Acquisitions Inc., a non-Debtor entity. I&M will seek payment from the estate based on the hourly rates set forth in the Application and pursuant to the procedures set forth in the Application. The principal attorneys presently designated to represent the Committee are Alan J. Friedman - $775 (2008) hourly rate, $820 (2009) hourly rate; Kerri Lyman - $535 (2008) hourly rate, $590 (2009) hourly rate; and Micah Ticatch - $325 (2008) hourly rate, $420 (2009) hourly rate. The paralegal presently designated to represent the Committee is Lori Gauthier - $210 (2008) hourly, $230 (2009) hourly rate.

The Committee requests that the modified fee application procedures described below apply to the Firm:

       a.      I&M will submit to the Office of the United States Trustee a monthly Professional Fee Statement (the "Fee Statement") with respect to fees for professional services rendered to the Committee, and for reimbursement of expenses incurred on behalf of the Committee and will attach its invoices as an exhibit to the Fee

---

[1] A true and correct copy of the engagement letter is attached to the Application.

1985219.1 03

Statement. In addition, I&M will serve a copy of the Fee Statement (with exhibits) to the Committee, the Debtors, Debtors' counsel, and parties requesting special notice.

b.    If no written objection and request for a hearing is filed and served upon I&M within ten (10) days after service of the Fee Statement, I&M may request payment from the Debtors of its fees and expenses for which notice was given, without further notice, hearing or order thereon. Until it is completely utilized, I&M will draw down on the Retainer. Any failure by any party to object to any Fee Statement shall not be deemed to be, nor construed in any manner to constitute, a waiver of any objections such party may have to the request for payment of fees and costs at a later time. Any party which does not object to any Fee Statement shall be entitled to raise objections at the hearing(s) on interim and/or final fee applications, as the case may be. If timely opposition is received, the Firm will schedule the matter for hearing as provided by the Local Bankruptcy Rules.

c.    I&M will file and serve, as appropriate, approximately every 120 days, an interim fee application. At the conclusion of these cases, I&M will file an appropriate application seeking final allowance of all fees and costs. Upon allowance of such fees and costs, the Debtors will pay to I&M the difference between the amounts allowed to I&M and any interim compensation paid to I&M.

Pursuant to Local Bankruptcy Rule 2014-1(b)(1), a hearing is not required in connection with the Application.

Any objection to the proposed Application and request for a hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(a)(7) and must be filed and served on the Committee, its proposed counsel and the Office of the United States Trustee no later than fifteen (15) days from the date of service of this notice.

A true and complete copy of the Application can be obtained by contacting Lori Gauthier, Paralegal, at Irell & Manella, LLP, 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324, (949) 760-5130.

DATED: January 6, 2009                              IRELL & MANELLA LLP


                                                   By:  /s/ Kerri A. Lyman
                                                   Alan J. Friedman
                                                   Kerri Lyman
                                                   [Proposed] Counsel for the Official
                                                   Committee of Unsecured Creditors

1985219.1 03

IRELL & MANELLA LLP
Alan J. Friedman (State Bar No. 132580)
afriedman@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:    (949) 760-0991
Facsimile:    (949) 760-5200

[Proposed] Counsel for the Official
Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:08-bk-17206- ES |
| Palmdale Hills Property, LLC, and its Related Debtors. | Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574-ES; 8-08-bk-17575 ES |
| Jointly Administered Debtors and Debtors-in-Possession. | |
| Affects All Debtors | Chapter 11 cases |
| Palmdale Hills Property, LLC SunCal Beaumont Heights, LLC SCC/Palmdale SunCal Johannson Ranch, LLC SunCal Summit Valley, LLC SunCal Emerald Meadows LLC SunCal Bickford Ranch, LLC Acton Estates, LLC Seven Brothers, LLC SJD Partners, Ltd. SJD Development Corp. Kirby Estates, LLC SunCal Communities I, LLC SunCal Communities III, LLC SCC Communities LLC North Orange Del Rio Land, LLC Tesoro SF, LLC | **ORDER GRANTING APPLICATION FOR ORDER (1) AUTHORIZING THE EMPLOYMENT OF IRELL & MANELLA LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; AND (2) MODIFIED FEE APPLICATION PROCEDURES** [No Hearing Required Pursuant to Local Bankruptcy Rule 2014(1)(b)(1) and 9013-1(g)(M)] |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

#1992423.1

Exhibit
Page _____

1        The Court having considered the "Application for Order (1) Authorizing the Employment

2   of Irell & Manella LLP as Counsel for the Official Committee of Unsecured Creditors; and (2)

3   Modified Fee Application Procedures" (the "Application") filed by The Official Joint Committee

4   of Creditors Holding Unsecured Claims (the "Committee"), duly appointed in the jointly

5   administered chapter 11 cases of Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC,

6   SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal

7   Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers,

8   LLC, SJD Partners, Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I,

9   LLC, SunCal Communities III, LLC, SCC Communities LLC, North Orange Del Rio Land, LLC,

10   and Tesoro SF, LLC (the "Debtors"), the Declaration of Alan J. Friedman Regarding Lack of

11   Opposition to the Application, and the records, pleadings, and other documents on file in these

12   cases; the Court having found that notice of the Application was proper, and that no responses or

13   objections to the Application have been filed; and good cause appearing therefor,

14      **IT IS HEREBY ORDERED THAT:**

15        1.   The Application is granted;

16        2.   The Committee is hereby authorized to retain and employ Irell & Manella LLP

17   ("I&M"), as counsel to the Committee, effective as of December 8, 2008, on the terms set forth in

18   the Application and the Engagement Letter attached to the Application; and

19        3.   I&M is hereby authorized to be compensated for its services rendered to, and

20   reimbursed for its costs incurred on behalf of the Committee, on a monthly basis, as set forth in

21   the Application.

22                          # # # #

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Exhibit ___1___
Page ___32___

## PROOF OF SERVICE

1

2       I am employed in the County of Orange, State of California. I am over the age of 18 and
not a party to the within action. My business address is 840 Newport Center Drive, Suite 400,
3    Newport Beach, California 92660-6324.

4       On January 7, 2009, I served the foregoing document described as **APPLICATION
FOR ORDER (1) AUTHORIZING THE EMPLOYMENT OF IRELL & MANELLA LLP
5    AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS;
AND (2) MODIFIED FEE APPLICATION PROCEDURES** on each interested party, as
6    follows:

7
| **Counsel for Debtors** |
8    | Paul J. Couchot, Esq. |
| Winthrop Couchot PC |
9    | 660 Newport Center Dr., Suite 400 |
| Newport Beach, CA 92660 |

10
| **Office of the U.S. Trustee** |
11   | Attn: Michael Hauser, Esq. |
| 411 W. Fourth Street, #9041 |
| Santa Ana, CA 92701-4593 |
12

13   | **Committee Chair** |
| Creekside Development, Inc. |
14   | Attn: Brad Gates, Secretary |
| 28546 Paseo Diana |
| San Juan Capistrano, CA 92675 |
15

16

17   [X]       (BY MAIL) I placed a true copy of the foregoing document in a sealed
envelope addressed to each interested party, as set forth above. I placed each
18       such envelope, with postage thereon fully prepaid, for collection and mailing at
Irell & Manella LLP, Newport Beach, California. I am readily familiar with
19       Irell & Manella LLP's practice for collection and processing of correspondence
for mailing with the United States Postal Service. Under that practice, the
20       correspondence would be deposited in the United States Postal Service on that
same day in the ordinary course of business.

21       Executed on January 7, 2009, at Newport Beach, California.

22       I declare under penalty of perjury that the foregoing is true and correct.

23

24   _Lori Gauthier_                        _[signature]_
25       (Type or print name)                    (Signature)

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT        - 13 -
OF IRELL & MANELLA LLP AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

Exhibit ___1___
Page ___33___

IRELL & MANELLA LLP
Alan J. Friedman (State Bar No. 132580)
afriedman@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:     (949) 760-0991
Facsimile:     (949) 760-5200

[Proposed] Counsel for the Official
Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Palmdale Hills Property, LLC, and its Related Debtors.<br><br>    Jointly Administered Debtors and Debtors-in-Possession.<br><br>Affects All Debtors<br><br>Palmdale Hills Property, LLC<br>SunCal Beaumont Heights, LLC<br>SCC/Palmdale<br>SunCal Johannson Ranch, LLC<br>SunCal Summit Valley, LLC<br>SunCal Emerald Meadows LLC<br>SunCal Bickford Ranch, LLC<br>Acton Estates, LLC<br>Seven Brothers, LLC<br>SJD Partners, Ltd.<br>SJD Development Corp.<br>Kirby Estates, LLC<br>SunCal Communities I, LLC<br>SunCal Communities III, LLC<br>SCC Communities LLC<br>North Orange Del Rio Land, LLC<br>Tesoro SF, LLC | Case No. 8:08-bk-17206- ES<br><br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8-08-bk-17575 ES<br><br>Chapter 11 cases<br><br>**DECLARATION OF ALAN J. FRIEDMAN IN SUPPORT OF APPLICATION FOR ORDER (1) AUTHORIZING THE EMPLOYMENT OF IRELL & MANELLA LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; AND (2) MODIFIED FEE APPLICATION PROCEDURES**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 2014(1)(b)(1) and 9013-1(g)(M)] |

1984269.1 10

I, Alan J. Friedman, declare:

1.   I am an attorney licensed to practice before all the Courts of the State of California and before the United States District Court for the Central District of California.  I am a partner in the law firm of Irell & Manella LLP ("I&M").

2.   I have personal knowledge of the facts stated below, and would competently testify to such matters if sworn as a witness, except as to those matters stated on information and belief, which I believe to be true.  I make this declaration in support of the "Application for Order (1) Authorizing Employment of Irell & Manella LLP as Counsel for the Official Committee of Unsecured Creditors; and (2) Modified Fee Application Procedures" (the "Application"), filed by the Official Joint Committee of Creditors Holding Unsecured Claims (the "Committee"), duly appointed in the jointly administered chapter 11 cases of Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC, SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers, LLC, SJD Partners, Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC, SunCal Communities III, LLC, SCC Communities LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the "Debtors").

3.   On November 6, 7, and 19, 2008 the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.   On December 2, 2008,  the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee in the Debtors' jointly administered cases pursuant to Section 1102.  The Committee is comprised of the following nine (9) members:  (a) Klassen Corp; (b) Hunsaker and Associates Irvine Inc.; (c) Proactive Engineering Consultants, Inc.; (d) Far West Construction, Inc.; (e) HMK Engineering, Inc.; (f) Creekside Development, Inc.; (g) Urban Crossroads, Inc.; (h) BonTerra Consulting; and (i) Bova Contracting Corp.

5.   On December 8, 2008, I&M was notified of its selection as counsel to the Committee, subject to execution of an acceptable engagement letter.  On December 8, 2008, I&M and the Committee executed the Retainer Agreement.  The Committee seeks to retain I&M as its

Exhibit 1
Page 35

1  bankruptcy counsel due to I&M's extensive knowledge of debtors' and creditors' rights and chapter

2  11 business reorganization.

3     6.    I&M has agreed with the Committee that I&M will be paid for its services and

4  expenses in accordance with the terms of I&M's retainer letter (the "Retainer Agreement"), a copy

5  of which is attached hereto at Exhibit "1" and incorporated herein by this reference.  The

6  Committee and the Debtors have agreed that I&M shall receive a retainer of $250,000 (the

7  "Retainer"), which funds will be paid from funds held by counsel for the Debtors upon entry of an

8  order approving this Application.  I&M has been advised that the source of the Retainer is SCC

9  Acquisitions, Inc., a non-Debtor entity.  The Committee has further agreed that I&M may be paid

10  monthly as provided herein.

11     7.    The Committee is seeking Court approval to employ I&M as its counsel effective as

12  of December 8, 2008, the date on which I&M first provided services to the Committee.

13     8.    I&M is comprised of attorneys whose practice includes, among other things, the

14  areas of bankruptcy, creditors' rights, real estate, labor, litigation, and tax, and I&M is well

15  qualified to render specialized services to the Committee in these cases.  All attorneys of I&M

16  who will render services to the Committee are duly licensed to practice law in the courts of the

17  State of California and are admitted to practice before the United States District Court for the

18  Central District of California.  A summary of the experience and qualifications of those members

19  of I&M who are likely to render services to the Committee is attached as Exhibit "2" and

20  incorporated herein by this reference.

21     9.    As specified below, I&M has agreed to accept as compensation for its services such

22  sums as may be allowed by the Court, based upon the time spent and services rendered and other

23  appropriate factors.  Subject to Court approval in accordance with Section 330(a) of the

24  Bankruptcy Code, compensation will be payable to I&M on a hourly basis, plus reimbursement of

25  actual, necessary expenses and other charges incurred by I&M as agreed to between I&M and the

26  Committee.  I&M has agreed to render services to the Committee at I&M's regular hourly rates,

27  which may be subject to adjustment from time to time.  A list of the hourly rates with respect to

28

1    those members of I&M who will most likely render services to the Committee on behalf of I&M,

2    is attached as Exhibit "3."[1]

3        10.  In connection with its employment by the Committee, I&M will render the following

4    types of professional services:

5            a.    To advise the Committee regarding its powers, rights and responsibilities

6    under the Bankruptcy Code;

7            b.    To represent the Committee in proceedings or hearings in the United States

8    Bankruptcy Court for the Central District of California (the "Bankruptcy Court") or any

9    other forum as agreed between the Committee and I&M in which an action or proceeding

10    may affect the Debtors, their assets, claims of creditors or the Committee;

11            c.    To advise and assist the Committee in its examination and analysis of the

12    conduct of the Debtors' affairs and the reasons for the chapter 11 filings;

13            d.    To advise and assist the Committee in connection with the administration of

14    the Debtors' cases, disposition of assets, and the confirmation, consummation and

15    feasibility of any proposed plan of reorganization or liquidation, including whether a

16    proposed plan of reorganization is in the best interests of creditors;

17            e.    To advise the Committee concerning the requirements of the Bankruptcy

18    Code and the federal and local rules relating to the administration of the Debtors' cases;

19            f.    To review and analyze all applications, motions, orders, schedules and

20    statement of affairs filed with the Court by the Debtors or third parties, advise the

21    Committee as to their propriety, and, after consultation with the Committee, take

22    appropriate actions;

23            g.    To prepare such pleadings, applications, schedules, orders and other papers

24    as may be necessary or appropriate in connection with the Debtors' cases;

25            h.    To advise and assist the Committee in evaluating any claims that the

26    Debtors may have against third parties;

27

28    _____

[1] These hourly rates are subject to periodic adjustments as provided in the Retainer Agreement.

Exhibit _____1_____
Page _____37_____

1    i.  To perform such other and further services as typically may be rendered by

2 counsel for a committee of unsecured creditors in chapter 11 cases or which may be

3 necessary or advisable in connection with the Debtors' cases;

4    j.  Provide legal advice and assistance to the Committee in its consultation

5 with the Debtors relative to the Debtors administration of these cases;

6    k.  Apprise the Court of the Committee's analysis of the Debtors' operations;

7    l.  Confer with accountants and any other professionals retained by the

8 Committee, if any are selected and approved, so as to advise the Committee and the Court

9 more fully of the Debtors' operations; and

10    m.  Assist the Committee with such other services as may contribute to the

11 confirmation of a plan of reorganization.

12  11. Unless otherwise agreed between I&M and the Committee, I&M will not be

13 responsible for any of the following: (i) the provision of substantive legal advice outside the

14 insolvency area, such as corporate law, partnership law, non-bankruptcy taxation, securities law,

15 torts, environmental law, non-bankruptcy labor issues, criminal law, or real estate law; or

16 (ii) substantive litigation brought by the bankruptcy estate in which the Committee is primarily

17 responsible for prosecution thereof[2].

18  12. I&M has conducted an initial computerized search of the relevant parties in the

19 Debtors' cases, as identified by the Debtors as of the date of the filing of their respective petitions.

20 A list of those relevant parties is attached hereto as Exhibit "4."

21  13. To the best of my knowledge, based upon a review of the parties listed in Exhibit "4"

22 attached hereto, I&M and all of the attorneys comprising or employed by it are believed to be

23 "disinterested persons" within the meaning of Section 101(14) and 101(13) of the Bankruptcy

24 Code, as modified by Section 1103(b) of the Bankruptcy Code.  In addition, based upon my

25 review, insofar as the Committee has been able to ascertain, I&M and the attorneys comprising

26 same do not hold or represent any entity in the Debtors' cases having an adverse interest in

27 connection with the matters upon which I&M is to be engaged, and do not have any material

28

---

[2] I&M however, reserves the right to assist the Committee in the review and prosecution of litigation actions.

Exhibit
Page ___

1    connection either with the Debtors, their creditors, the Committee, or any other party in interest in

2    these cases or with their respective attorneys or accountants, other than as disclosed below:

3              a.    Because of the specialized nature of bankruptcy practice, from time to time

4    I&M may concurrently represent one client in a particular case and the adversary of that

5    client (or a professional employed to represent that adversary) in an unrelated case, subject

6    to receipt of appropriate waivers when required.  For example, while representing the

7    Committee, I&M may represent a creditor of the Debtors in that creditor's capacity either

8    as a debtor or as a creditor of an entity that is unrelated to the Debtors.  In addition, prior

9    to joining I&M, attorneys with I&M may have represented a creditor of the Debtors in

10   matters unrelated to the Debtors' cases.  The foregoing notwithstanding, in no event will

11   I&M participate in such representations to the extent that they involve matters related to

12   the Debtors.  Furthermore, while representing the Committee, I&M may represent

13   creditors of creditors of the Debtors (including members of the Committee) in matters

14   unrelated to the Debtors' bankruptcy cases.

15             b.    With respect to members of the Committee, the Committee recognizes

16   I&M's right to represent such interests (including against members of the Committee) in

17   matters unrelated to the Debtors' bankruptcy cases.  The members of the Committee also

18   understand and have agreed that I&M does not, by virtue of its representation of the

19   Committee in these cases, represent any of the members of the Committee (and/or their

20   respective companies) in these cases and may indeed take positions adverse to such

21   members in their individual capacity in these cases or otherwise.

22             c.    I&M currently represents, in matters wholly unrelated to the Debtors or

23   these cases, the following creditors of the Debtors: (i) Arthur Riggs, who is scheduled as

24   holding a secured claim of $742,500 against Sun Cal Summit Valley LLC, and (ii) CBS

25   Outdoors, which is scheduled as holding an unsecured claim of $18,474.00 against

26   Palmdale Hills Property LLC.  I&M is in the process of obtaining appropriate conflict

27   waivers with respect to such representations and will make supplemental disclosures as

28

Exhibit _____ 1
Page _____ 39

1    appropriate. I&M will not represent either the Committee or the foregoing creditors in any

2    matter in which the two parties are adverse.

3          d.    Several members of I&M have professional, working, or social relationships

4    with firms or professionals that may be adverse to the Committee or other interests in the

5    Debtors' cases. In addition, several attorneys at I&M have spouses, significant others,

6    parents, children, siblings, fiancés or fiancées who are attorneys at other law firms or

7    companies that are or may be involved in the Debtors' cases. I&M's policy strictly forbids

8    disclosure of confidential information to anyone outside of I&M.

9          e.    Also, from time to time, I&M has referred work to, or has been referred

10   work or retained by, various professionals who may be parties in interest or may be

11   retained by parties in interest in these cases. These professionals include, without

12   limitation Winthrop Couchot PC (counsel to the Debtors). I&M has not represented, and

13   will not represent, any of these entities in connection with any matter related to these

14   cases.

15         f.    The following supplemental disclosures are made with respect to I&M's

16   disinterestedness and not holding an adverse interest in connection with the Debtors' cases.

17   References to I&M include all partners and employees thereof who are expected to render

18   services on behalf of the Committee in these cases.

19   •    I&M is not and was not a creditor, an equity security holder, or an insider of the

20        Debtors.

21   •    I&M is not and was not, within two years before the date of the filing of the

22        petitions herein, a director, officer, or employee either of the Debtors or of any

23        investment banker for any security of the Debtors.

24   •    Subject to the disclosures contained herein, I&M has no interest materially adverse

25        to the interests of the estate or of any class of creditors or equity security holders,

26        either by reason of any direct or indirect relationship to, connection with, or interest

27        in the Debtors for any other reason.

28   14.   To the best of my knowledge, none of the attorneys comprising or employed by

1984269.1 10                              -7-                    Exhibit _____ 1
                                                                 Page _____ 40

1    I&M is related to any judge of the United States Bankruptcy Court for the Central District of

2    California, the United States Trustee for the Central District of California, or any person currently

3    employed in the Office of the United States Trustee for the Central District of California.

4    However, before becoming Bankruptcy Judges in the Central District of California, the Honorable

5    Sheri Bluebond was a partner of I&M.

6         15.    Based upon the foregoing, I believe that I&M and all of the attorneys comprising or

7    employed by it are disinterested persons who do not hold or represent any entity in the Debtors'

8    cases having a material adverse interest in connection with the matter upon which I&M is to be

9    engaged.

10        16.    Other than the terms of the Retainer Agreement and the terms hereof, there has

11   been no agreement or arrangement with I&M and any other party regarding the payment of I&M's

12   fees and expenses in these cases.  I&M did not receive a pre-petition retainer in connection with

13   these cases.  However, subject to Court approval, I&M will receive the Retainer, which is being

14   provided by a non-Debtor, but Debtor-related entity, SCC Acquisitions, Inc.

15        17.    Pursuant to section 330 of the Bankruptcy Code, the Committee may retain I&M

16   on any reasonable terms and conditions.  The most reasonable terms and conditions are those

17   charged by I&M to the Committee and other clients on a daily basis in the competitive market for

18   legal services.  I&M's hourly rates are set at a level designed to fairly compensate it for the work

19   of its attorneys and paralegals and to cover fixed and routine overhead expenses.

20        18.    In addition, it is I&M's practice and policy to charge its clients in all areas of

21   practice for expenses incurred in connection with a client's case.  The expenses charged to clients

22   include, among other things, photocopying, witness fees, travel expenses, filing and recording

23   fees, long distance telephone calls, postage, express mail and messenger charges, computerized

24   legal research charges and other computer services, and telecopier charges.  I&M will charge for

25   these expenses in these cases in a manner and at rates consistent with those it generally charges its

26   other clients, subject to the United States Trustee's Guide to Applications for Professional

27   Compensation ("Fee Guide").

28

Exhibit _____ 1
Page _____ 4|

1    19.    The Committee requests that the modified fee application procedures described

2    below apply to I&M:

3    (a) I&M will submit to the Office of the United States Trustee a monthly

4    Professional Fee Statement (the "Fee Statement") with respect to fees for professional services

5    rendered to the Committee, and for reimbursement of expenses incurred on behalf of the

6    Committee and will attach its invoices as an exhibit to the Fee Statement. In addition, I&M will

7    serve a copy of the Fee Statement (with exhibits) to the Committee, the Debtors, Debtors' counsel,

8    and parties requesting special notice.

9    (b) If no written objection and request for a hearing is filed and served upon I&M

10    within ten (10) days after service of the Fee Statement, I&M may request payment from the

11    Debtors of its fees and expenses for which notice was given, without further notice, hearing or

12    order thereon. Until it is completely utilized, I&M will draw down on the Retainer. Any failure

13    by any party to object to any Fee Statement shall not be deemed to be, nor construed in any

14    manner to constitute, a waiver of any objections such party may have to the request for payment of

15    fees and costs at a later time. Any party which does not object to any Fee Statement shall be

16    entitled to raise objections at the hearing(s) on interim and/or final fee applications, as the case

17    may be. If timely opposition is received, I&M will schedule the matter for hearing as provided by

18    the Local Bankruptcy Rules.

19    (c) I&M will file and serve, as appropriate, approximately every 120 days, an

20    interim fee application. At the conclusion of these cases, I&M will file an appropriate application

21    seeking final allowance of all fees and costs. Upon allowance of such fees and costs, the Debtors

22    will pay to I&M the difference between the amounts allowed to I&M and any interim

23    compensation paid to I&M.

24    20.    The Committee and I&M understand and agree that the compensation arrangement

25    will be subject to the provisions of section 330 of the Bankruptcy Code. See 11 U.S.C. § 330.

26    I&M further understands and agrees that, if the aggregate interim payments made to I&M from

27    property of the Debtors' estates exceed the amount that is ultimately allowed by this Court, I&M

28    will be required to, and will, promptly repay to the Debtors' estates such difference.

1984269.1  10

-9-

Exhibit ____1____
Page ____42____

21.    I&M reserves the right to request that this Court award a bonus above the hourly rates charged if the outcome of these cases and the performance of I&M make the awarding of a bonus appropriate.

22.    I&M has not shared or agreed to share any compensation to be received in these cases with any other person, except as among members of I&M.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____6th____ day of January 2009, at Newport Beach, California.

_____
Alan J. Friedman

1984269.1 11

IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CA 90067-4276
TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CALIFORNIA 92660-6324

TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200
WEBSITE: www.irell.com

December 10, 2008

**CONFIDENTIAL:  ATTORNEY-CLIENT
PRIVILEGED COMMUNICATION**

**VIA FACSIMILE**
Brad Gates, Chair
Official Committee of Unsecured Creditors
of Palmdale Hills Property, LLC and Related
Debtors
Creekside Development, Inc.
28546 Paseo Diana
San Juan Capistrano, CA 92675

Re:    Engagement of Irell & Manella LLP

Dear Brad:

     We are pleased that The Official Committee of Unsecured Creditors of Palmdale
Hills Property, LLC and its Related Debtors (collectively "SunCal") asked Irell & Manella
LLP (the "Firm") to represent it (the "Committee" or "Client") in connection with the jointly
administered SunCal bankruptcy cases.  This letter and the attached Standard Terms of
Retention shall govern the present representation and, unless superseded in a signed writing,
any other matter the Firm may agree to undertake on the Client's behalf.  Client
acknowledges and agrees that the Firm has not, at the present time, agreed to undertake
litigation on behalf of the Committee or to provide legal advice outside of bankruptcy law
and procedure.

     The Firm's fees for legal services are based on the time spent working on the Client's
representation.  The hourly rates of the Firm's professional staff range from $535 to $900 for
partners, $545 to $790 for of-counsel and senior counsel, $275 to $600 for associates, and
$145 to $380 for litigation support and legal assistants.  A few attorneys may have higher
rates than the schedule indicated here due to special expertise and other factors.  The hourly
billing rates are adjusted periodically, and the applicable rates shall be those in effect at the
time the particular services are rendered.

     The Firm will render to Client periodic billings, typically monthly, for fees and costs.
The Firm also separately charges for expenses and other costs incurred in connection with
rendering its services, as described more fully in the Standard Terms of Retention.  The
amounts reflected on the Firm's invoices are due within 30 days of the date of each

1983082

Exhibit
Page

Exhibit
Page    44

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Brad Gates, Chair
December 10, 2008
Page 2

statement, unless modified by the Bankruptcy Court. The Committee is not responsible for
the payment of these invoices. If payment is so modified, the Firm reserves the right to
withdraw its application for employment unless satisfactory alternative arrangements are
agreed upon. Similarly, the Firm's willingness to proceed with the proposed engagement is
contingent upon approval of the Firm's retention by the Bankruptcy Court and the approval
of the carve-out being provided by Winthrop Couchot, SunCal's counsel.

We appreciate the confidence you have placed in us and we look forward to working
with you. If this letter and the attached Standard Terms of Retention accurately set forth our
mutual understanding, please sign and date the enclosed copy and return it to me.

Sincerely,

Alan J. Friedman
for IRELL & MANELLA LLP

THE CLIENT HEREBY AGREES THAT THE TERMS AND CONDITIONS IN
THIS LETTER AND THE ACCOMPANYING STANDARD TERMS OF RETENTION
SHALL APPLY TO SERVICES RENDERED BY IRELL & MANELLA LLP ON THE
CLIENT'S BEHALF.

The Official Committee of Unsecured
Creditors of Palmdale Hills Property, LLC and
its Related Debtors

Dated:  12/16/08

By:  Brad Gates

Brad Gates

Its:  Chair

1983082

Exhibit
Page

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

### STANDARD TERMS OF RETENTION
### OF IRELL & MANELLA LLP

Except as modified in writing by the accompanying engagement agreement or in another writing signed by the Firm and the Client, the following provisions shall apply to the relationship between the Firm and the Client:

1.    **Fees.** Fees for the Firm's services shall be based on time spent and the hourly billing rates in effect at the time that the services are performed. The billing rates of the Firm's attorneys, legal assistants, clerks, and other timekeepers vary, depending generally on the experience and capabilities of the persons involved, and the Firm adjusts these rates from time to time. The time for which the Client will be charged includes, but is not limited to, time spent in telephone and office conferences with the Client and with other counsel, witnesses, consultants, court personnel and others; conferences among the Firm's legal personnel; factual investigation; legal research; responding to the Client's requests for the Firm to provide information to auditors in connection with reviews or audits of financial statements; drafting of letters, agreements, pleadings, briefs and other documents; traveling; waiting in court; and depositions and other discovery proceedings, and subject to the rules and regulations of the Bankruptcy Court and Office of the United States Trustee.

(a)    consistent with a "team approach," use multiple personnel, including multiple attorneys, on the same or similar activities and may charge for each individual involved in such activities, including but not limited to (i) preparing for and attending depositions, (ii) preparing for and attending court hearings, (iii) preparing for and attending meetings with the Client or others, or in conversations with the Client or others, and (iv) engaging in intra-office conferences between and amongst lawyers, paralegals, and others,

(b)    perform and charge for legal research, as well as for subsequently performed legal research on the same topic,

(c)    engage in and charge for summarization of transcripts of depositions and court appearances by personnel or lawyers of the Firm's choice,

(d)    engage in and charge for time expended on administrative and clerical activities (including but not limited to time expended on copying and duplicating services, filing documents, proofreading, retrieving documents from files, and organizing documents), even when legal knowledge is not required) in accordance with the Firm's standard practice.

2.    **Costs and In-House Services.** In addition to fees, and subject to the rules and regulations of the Bankruptcy Court and Office of the United States Trustee, the firm will bill, typically monthly, for costs and expenses incurred and ancillary services provided such as photocopying, messenger and delivery service, computerized research, travel (including mileage, parking, airfare, lodging, meals and ground transportation), long-distance telephone, telecopying, word processing, secretarial overtime, court costs and filing fees. Certain of such items may be charged at more than the Firm's direct cost to cover its estimated associated overhead. Unless special arrangements are made, the Firm does not take responsibility for paying fees and expenses of third parties, which will be the Client's responsibility and may be billed directly to the Client.

3.    **Retainer.** The Firm reserves the right, as a condition to the provision of further services, to require a retainer in the event that the amount of work which the Firm is called upon to perform, or expenses the Firm is required to incur or advance exceeds the Firm's current expectation, or in the event of any failure to make timely payment of the Firm's invoices.

4.    **Estimates Not Binding.** Although the Firm may furnish estimates of fees or costs that are anticipated will be incurred, these estimates shall not be binding, are subject to unforeseen circumstances, and are by their nature inexact.

Exhibit ___1___
Page ___13___

Exhibit ___1___
Page ___46___

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

5.   **Billing and Payment.** Fees and expenses will generally be billed monthly and are due and payable by the estate within 30 days of the date of our statement subject to the Firm's acceptance of employment on different terms approved by the Bankruptcy Court. The Firm expects prompt payment. The Firm reserves the right to postpone or defer providing additional services or to discontinue the representation if billed amounts are not paid when due.

6.   **Cooperation.** The Client will cooperate fully in the Firm's efforts on the Client's behalf.

7.   **Termination By The Client.** The Client has the right at any time, in the Client's sole discretion, to terminate the Firm's services and representation. Upon termination, the Client will remain obligated to pay for all services rendered and costs or expenses paid or incurred on the Client's behalf prior to the date of such termination or which are reasonably necessary thereafter.

8.   **Termination By The Firm.** The Firm reserves the right to seek permission to withdraw from representing the Client if, among other things, the Client fails to honor the terms of this engagement agreement, the Client fails to make timely payment of any invoice, the Client fails to cooperate or follow the Firm's advice on a material matter, or any fact or circumstance arises that, in the Firm's view, renders our continuing representation unlawful or unethical. If the Firm elects to withdraw, the Client will take all steps necessary to free the Firm of any obligation to perform further services, including the execution of any documents necessary to complete the Firm's withdrawal, and the Firm will be entitled to be paid at the time of withdrawal for all services rendered and costs and expenses paid or incurred on the Client's behalf.

9.   **Date Of Termination.** The Firm's representation of the Client will be considered terminated at the earlier of (i) the Client's termination of the representation, (ii) the Firm's withdrawal from the representation, or (iii) the substantial completion of the Firm's substantive work for the Client.

10.   **Related Activities.** If any claim or action is brought against the Firm or any of its personnel based on the Client's negligence or misconduct, or if any employee of the Firm is asked or required to testify or produce documents as a result of the Firm's representation of the Client or must defend the confidentiality of the Client's communications in any proceeding, the Client agrees to support payment from the estate to the Firm for any resulting costs or damages, including the Firm's time, even if the Firm's representation of the Client has ended.

11.   **No Guarantee of Outcome.** The Firm does not and cannot guarantee any outcome in a matter.

12.   **Client.** The Firm's client for the purpose of its representation is only the person or entity identified as the Client in the engagement agreement accompanying these Standard Terms of Retention. Unless expressly agreed in a signed writing, the Firm is not undertaking the representation of any related or affiliated person or entity, nor any parent, brother-sister, subsidiary, or affiliated corporation or entity, nor any of their or the Client's officers, directors, agents, partners, or employees.

13.   **Cooperation Relating to the Firm's Professional Responsibilities; Notice of Material Client Events.** The Client will cooperate with the Firm in efforts to comply with the Firm's professional responsibilities relating to the representation, including responsibilities relating to conflicts of interest as well as other matters. Without limiting the foregoing, the Client (i) acknowledges that any change of control, merger, consolidation, recapitalization, insolvency, bankruptcy, reorganization, acquisition or sale of material assets or equity interests, or similar transaction or event involving the Client (any such transaction or event, a "Material Client Event") may have conflict-of-interest and other implications for the Firm's representation of Client, and (ii) in order to provide the Firm with a reasonable opportunity to evaluate and address any such implications adequately, the Client agrees to notify the Firm promptly in writing of any such Material Client Event and to provide the Firm such information as it may reasonably request relating to such Material Client Event.

14.   **Payment Notwithstanding Dispute.** In the event of any dispute that relates to the Firm's entitlement to any payment, all undisputed amounts shall be paid by the Client. Any amounts held by the Firm

Exhibit ___14___
Page ___14___

Exhibit ___47___
Page

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

in any trust account on the Client's behalf, sufficient to pay the disputed amounts, shall continue to be held in such trust account until the final disposition of the dispute.

15.   **Document Retention and Destruction.**  In the course of the Firm's representation, the Firm is likely to come into possession of copies or originals of documents or other materials belonging to the Client or others (collectively, "materials").  Once the particular matter to which those materials relate has been concluded, the Firm will have no further responsibility to maintain such materials.  If the Client has not sought the return of such materials within one year of the closing of the matter to which such materials relate, the Firm will have the right to destroy those materials.

16.   **Scope of Representation; Application To Subsequent Matters.**  The scope of the Firm's representation of the Client is limited to the specific matter or matters identified in the accompanying engagement agreement, and such additional matters as the Client and the Firm may in their mutual discretion agree from time to time.  In each case, the Firm's agreement to any expansion of the scope of its representation of the Client will be subject, among other things, to such additional conflict checks, waivers, retainers, approvals and other arrangements as the Firm may in its professional judgment deem necessary or appropriate in the circumstances.  Except as otherwise expressly provided in any written engagement agreement (or a written amendment of a prior engagement agreement) between the Firm and Client entered into in connection with such expansion of the scope of the Firm's representation, the agreement reflected in these Standard Terms of Retention, and in the accompanying engagement agreement, applies to the Firm's current representation of the Client and to any subsequent matters that the Firm agrees to undertake on the Client's behalf.

17.   **No Third-Party Beneficiaries.**  The Client acknowledges and agrees that there are no third-party beneficiaries of any kind to the Firm's engagement.

18.   **No Modification Except By Signed Writing.**  No provision of the engagement agreement or the Standard Terms of Retention can be waived, modified, amended, or supplemented except in a writing that is signed by an authorized representative of the Firm and the Client.

19.   **Integrated Agreement.**  The engagement agreement and the Standard Terms of Retention constitute the entire understanding and contract between the Client and the Firm with respect to the subject matter referred to herein.  Any and all other representations, understandings, or agreements, whether oral, written, or implied, are merged into and superseded by the terms of the engagement letter and the Standard Terms of Retention.

20.   **Headings.**  The subject headings used in the Standard Terms of Retention are included for purposes of convenience only, and shall not affect the construction or interpretation of any provisions of this document.

Exhibit ___1/___
Page ____/5

Exhibit ___/___
Page ____48

# IRELL & MANELLA LLP

## Partner

Newport Beach
T: 949-760-5107
F: 949-760-5200
afriedman@irell.com

## Practice Areas

- Bankruptcy,
  Reorganization &
  Creditors' Rights

## Education

- Hastings College of the
  Law (J.D., 1987), cum
  laude; Phi Delta Phi;
  Recipient of the American
  Jurisprudence Award in
  Criminal Law
- University of California,
  San Diego (B.A., 1983)



### Alan J. Friedman

Alan Friedman specializes in the representation of debtors in connection with financial restructurings both in out-of-court workouts and in Chapter 11 cases. Mr. Friedman also represents creditors' committees in complex Chapter 11 cases. In addition, Mr. Friedman represents numerous entities in the acquisition of businesses and real estate in connection with both Chapter 11 and Chapter 7 cases.

Mr. Friedman's practice spans many industries, including hospitality, commercial and residential real estate, manufacturing, and high technology, encompassing both publicly and privately held companies.

## Professional Activities

- Former member of the board of directors of the Orange County Chapter of the Federal Bar Association; American Bar Associations (Commercial Law Section)

## Bar & Court Admissions

- 1987, California
- 1987, U.S. District Court, Central, Southern and Eastern Districts of California and U.S. Court of Appeals, Ninth Circuit
- 1997, U.S. Supreme Court

Exhibit
Page _____

Exhibit
Page _____

# IRELL & MANELLA LLP

### Associate

Newport Beach
T: 949-760-5224
F: 949-760-5200
klyman@irell.com

### Practice Areas

- Bankruptcy,
  Reorganization &
  Creditors' Rights

### Education

- Boston University School
  of Law (J.D., 2002),
  magna cum laude; Editor
  of the Boston University
  Law Review
- Hood College (B.A.,
  English and French
  Literature, 1998), Honor
  Program



## Kerri A. Lyman

Kerri Lyman is an associate in the Newport Beach office of Irell & Manella LLP, where she is a member of the firm's bankruptcy, reorganization and creditors' rights practice group.

Ms. Lyman received her J.D., *magna cum laude,* from Boston University School of Law, where she was an editor of the *Boston University Law Review*.

Ms. Lyman has co-authored "What Practitioners Should Know About Class Actions That Are Not Certified Pre-Petition," *The American Bankruptcy Institute Journal,* May 2006, "Carving Up the Contract Turkey Under Bankruptcy Code Section 365: Servability and Indivisibility Integration and Aggregation in Acquisition Transactions," *Norton Journal of Bankruptcy Law and Practice,* June 2006, and "I Signed What?: Applying Collateral Estoppel to an Arbitrator's Findings of Fraud in Dischargeability Proceedings Under Sections 523 and 1141 (D)(6) of the Bankruptcy Code," *Pratt's Journal of Bankruptcy Law,* July 2006.

### Bar & Court Admissions

- 2006, California; 2003, Commonwealth of Massachusetts; 2003, New York State
- U.S. District Court, Southern and Eastern Districts of New York
- U.S. District Court, Central District of California

Exhibit
Page   2 / 17

Exhibit
Page   50

# IRELL & MANELLA LLP

## Associate

Newport Beach
T: 949-760-5261
F: 949-760-5200
mticatch@irell.com

## Practice Areas

- Litigation

## Education

- University of Virginia
  School of Law (J.D.,
  2007); Editor, Virginia
  Sports and Entertainment
  Law Journal
- George Mason University
  (B.S., Accounting, 2004),
  magna cum laude

## Micah E. Ticatch

Micah Ticatch is an associate in the Newport Beach office of Irell
& Manella LLP, where he is a member of the firm's litigation
workgroup.

Mr. Ticatch received his J.D. from the University of Virginia
School of Law, where he was an editor of the *Virginia Sports and
Entertainment Law Journal*.

# EXHIBIT "3"

| Name of Professional Person | Position at I&M, Number of Years in that Position, Year Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | |
|---|---|---|---|
| | | 2008 | 2009 |
| Alan J. Friedman | Partner of I&M since 2000, Member of the CA Bar since 1987, Bankruptcy | $775 | $820 |
| Kerri Lyman | Associate of I&M since August 1, 2007, Member of CA Bar since 2006,[3] Bankruptcy | $535 | $590 |
| Micah Ticatch | Associate of I&M since September 2007, Member of CA Bar since December 2007, Bankruptcy | $325 | $420 |
| Lori S. Gauthier | Senior Legal Assistant, I&M, Bankruptcy | $210 | $230 |

---

[3] Ms. Lyman has been a member of the New York State Bar since 2003.

Exhibit _____ 3/
Page _____ 19

Exhibit
Page _____ 52

1984269.1 06

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "4"

[List of Conflict Check]

Exhibit
Page _____ 4/2D

Exhibit
Page _____ 53

1984269.1  10

<u>PALMDALE HILLS PROPERTY</u>

Lehman Commercial Paper, Inc.


A.G.I. Geotechnical, Inc.

Advance Utility Design, Inc.

Asphalt Professionals

Brockmeier Consulting

C& R Sales

Cadwalader, Wickersham & Taft

Camarillo Engineering Inc.

CBS Outdoor

Chameleon Design, Inc.

Champion Lumber

Civil Engineering Solutions, LLC

Corporation for Interest Rate Mgmt.

Deloitte & Touche, LLP

Discovery Works, Inc.

Dugan Construction

Engineering Solutions

General Security Service

Geo Consultants, Inc.

Geoscience Support Services

Goodwin Proctor LLP

GreenField Communications

Hi-Grade Materials Co.

Jackson, DeMarco, et al

Exhibit _____ 4/
Page _____ 2/

Exhibit _____ 1
Page _____ 54

Jeanette C. Justus Associate

John Laing Homes

Klassen Corporation

KTGY Group, Inc.

OCB Reprographics, Inc.

Outdoor Sales, Inc.

Park West Landscape Inc.

RBF Consulting

Sierra Cascade Construction

SME Construction, Inc.

South Pac Industries, Inc.

Southland Pipe Corporation

Staats Construction, Inc.

Stantec Consulting

Storm Water Resources LLC

Summers/Murphy & Partners

SunCal Management LLC

Valley Crest Landscape

Warmington Group


SUNCAL BEAUMONT HEIGHTS

Yen Chu Chang Dou

Hui-Li Dou

Y-Cheng Hsu

Tu Hui Ying Ying

Cheryl M. Mims

1991376.1 01

Exhibit
Page _____

Exhibit
Page _____

William L. and Katheleen Ward

Scott McCaniel

Wayne and Francis Lee

Marie B. Stanford

Patricia I. Volkerts

BonTerra Consulting

Cash Grading Contractors, Inc.

Proactive Engineering Consul

SCC Acquisitions, Inc.

Urban Crossroads

William Hezmalhalch Architects


SUNCAL SUMMIT VALLEY, LLC

Arleen Logan

K Square Properties Inc. Profit Sharing Plan

Leslie and Betty Quigg

Arthur D. Riggs

Jerry & Rosalie Wong


Development Planning Solutions

GeoTek, Inc.

Hunsaker & Associates

Natural Resource Consultants

Pacific Soils Engineering

Roddan Paolucci Roddan

1991376.1 01

So & Associates Engineers

Weston, Benshoof, Rochefort


## SUNCAL EMERALD MEADOWS, LLC

Riverside County Flood Control

Advance Utility Design, Inc.

Cash Grading Contractors, Inc.

Dust Control, Inc.

GreenField Communications

Hall & Foreman, Inc.

Intravaia Rock & Sand, Inc.

R&S Madrigal Construction

Romero Contracting

White Cap Construction Supply

Willis Risk and Insurance


## SUNCAL BICKFORD RANCH, LLC

ARB Inc.

American Landscape & Concrete

Ecorp Consulting, Inc.

Far West Construction, Inc.

Independent Construction Co.

Kiewit Pacific Co.

Land Architecture, Inc.

MacKay & Somps Civil Eng.

Marques Pipeline, Inc.

1991376.1 01

Exhibit _____ 4
Page _____ 24

Exhibit _____
Page _____ 57

Murray Smith & Associates

Pacific Gas and Electric

Pacific Parks Landscaping, Inc.

Pierce's Security

Placer County Community

Restoration Resources

Valley Utility Services

Wallace-Kuhl & Associates

Wood Rodgers, Inc.


<u>ACTON ESTATES LLC</u>

GeoLogic Associates, Inc.

HMK Engineering, Inc.

Rohm  Insurance Agency


<u>SEVEN BROTHERS LLC</u>

Cheltimalie Enterprises

Philip C. and Vera G. Dowse

Desert Wind, LLC


<u>SJD PARTNERS, LTD.</u>

5TH Gear, LLC

All American Asphalt

AMEC Earth & Environ Inc.

Boudreau Pipeline Corp

Bova Contracting Corp.


1991376.1 01                        Exhibit                  4                    Exhibit        1
                                    Page _____  2/5          Page _____  58

Centex Homes

Chino Grading, Inc.

Color Image Printing, Inc.

Cox Communications

Creekside Development, Inc.

Culbertson, Adams & Associates

Dexter Wilson Engineering Inc.

DGW Budget Preparation

Dr. Maurice M. Lam, M.D.

Golden State Fence Company

GreenField Communications, Inc.

HomeBuyers Guide Real Estate Inc.

Hunsaker & Associates – Irvine

Jag Construction

K. Hovanian Co. of So. Cal

Lehman Ali, Inc.

Mesa Pacific Construction, Inc.

Miller Barondess, LLP

MSE Retaining Systems, Inc.

Orange Coast Masonry

Pacific Soils Engineering, Inc.

R&M Electrical Contracting

Serrano Heights East LLC

Tensar Earth Technologies

Todd Kurtin

UCP, Inc.

1991376.1 01

Exhibit ___4___
Page ___26___

Exhibit ___1___
Page ___59___

Utility Consultants of Orange

Voss, Cook & Thel, LLP

WL Homes LLC

SJD DEVELOPMENT CORP.

CWC, Inc.

NORTH ORANGE DEL RIO LAND, LLC

SunCal Del Rio, LLC

Carmen A. Morinello

Crown Fence

Econolite Control Products

Elfend & Associates, Inc.

Fuscoe Engineering, Inc.

Hillcrest Contracting, Inc.

Integrity Concrete

R. J. Noble

Rialto Concrete Products

Robertson's

Sierra Pacific Electrical Co.

Windrow Earth Transport, Inc.

TESORO SF, LLC

Cox, Castle & Nicholson, LLP

Glenn Lukos Associates, Inc.

Exhibit ___4/___
Page ___27___

Exhibit ___1___
Page ___60___

1991376.1 01

NONE (or names included in above):

SCC/Palmdale, LLC

SunCal Johannson Ranch, LLC

Kirby Estates, LLC

SunCal Communities I, LLC

SunCal Communities III, LLC

SCC Communities, LLC

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324.

On January 7, 2009, I served the foregoing document described as **DECLARATION OF ALAN J. FRIEDMAN IN SUPPORT OF APPLICATION FOR ORDER (1) AUTHORIZING THE EMPLOYMENT OF IRELL & MANELLA LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; AND (2) MODIFIED FEE APPLICATION PROCEDURES** on each interested party, as follows:

> **Counsel for Debtors**
> Paul J. Couchot, Esq.
> Winthrop Couchot PC
> 660 Newport Center Dr., Suite 400
> Newport Beach, CA 92660
>
> **Office of the U.S. Trustee**
> Attn: Michael Hauser, Esq.
> 411 W. Fourth Street, #9041
> Santa Ana, CA 92701-4593
>
> **Committee Chair**
> Creekside Development, Inc.
> Attn: Brad Gates, Secretary
> 28546 Paseo Diana
> San Juan Capistrano, CA 92675

[X] (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Newport Beach, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on January 7, 2009, at Newport Beach, California.

I declare under penalty of perjury that the foregoing is true and correct.

_Lori Gauthier_
(Type or print name)

_[signature]_
(Signature)

Exhibit ____1____
Page ____02____

1984269.1 07

# EXHIBIT "2"

1   IRELL & MANELLA LLP
    Alan J. Friedman (State Bar No. 132580)
2   afriedman@irell.com
    Kerri A. Lyman (State Bar No. 241615)
3   klyman@irell.com
    840 Newport Center Drive, Suite 400
4   Newport Beach, California 92660-6324
    Telephone:    (949) 760-0991
5   Facsimile:    (949) 760-5200

6   [Proposed] Counsel for the Official
    Committee of Unsecured Creditors

7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                      SANTA ANA DIVISION

11

12  In re

13  Palmdale Hills Property, LLC, and its Related
    Debtors.

14          Jointly Administered Debtors
            and Debtors-in-Possession.
15

16  Affects All Debtors

17  Palmdale Hills Property, LLC
    SunCal Beaumont Heights, LLC
18  SCC/Palmdale
    SunCal Johannson Ranch, LLC
19  SunCal Summit Valley, LLC
    SunCal Emerald Meadows LLC
20  SunCal Bickford Ranch, LLC
    Acton Estates, LLC
21  Seven Brothers, LLC
    SJD Partners, Ltd.
22  SJD Development Corp.
    Kirby Estates, LLC
23  SunCal Communities I, LLC
    SunCal Communities III, LLC
24  SCC Communities LLC
    North Orange Del Rio Land, LLC
25  Tesoro SF, LLC

26

27

28

Case No. 8:08-17206- ES

Jointly Administered With Case Nos.
8:08-bk-17209-ES; 8:08-bk-17240-ES;
8:08-bk-17224-ES; 8:08-bk-17242-ES;
8:08-bk-17225-ES; 8:08-bk-17245-ES;
8:08-bk-17227-ES; 8:08-bk-17246-ES;
8:08-bk-17230-ES; 8:08-bk-17231-ES;
8:08-bk-17236-ES; 8:08-bk-17248-ES;
8:08-bk-17249-ES; 8:08-bk-17573-ES;
8:08-bk-17574-ES; 8-08-bk-17575 ES

Chapter 11 cases

**ORDER GRANTING APPLICATION
FOR ORDER (1) AUTHORIZING THE
EMPLOYMENT OF IRELL &
MANELLA LLP AS COUNSEL FOR THE
OFFICIAL COMMITTEE OF
UNSECURED CREDITORS; AND (2)
MODIFIED FEE APPLICATION
PROCEDURES**

[No Hearing Required Pursuant to Local
Bankruptcy Rule 2014(1)(b)(1) and 9013-
1(g)(M)]

FILED & ENTERED

FEB 13 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY daniels    DEPUTY CLERK

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

#1992423.1

Exhibit _____
Page _____

1

2

3        The Court having considered the "Application for Order (1) Authorizing the Employment

4   of Irell & Manella LLP as Counsel for the Official Committee of Unsecured Creditors; and (2)

5   Modified Fee Application Procedures" (the "Application") filed by The Official Joint Committee

6   of Creditors Holding Unsecured Claims (the "Committee"), duly appointed in the jointly

7   administered chapter 11 cases of Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC,

8   SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal

9   Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers,

10  LLC, SJD Partners, Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I,

11  LLC, SunCal Communities III, LLC, SCC Communities LLC, North Orange Del Rio Land, LLC,

12  and Tesoro SF, LLC (the "Debtors"), the Declaration of Alan J. Friedman Regarding Lack of

13  Opposition to the Application, and the records, pleadings, and other documents on file in these

14  cases; the Court having found that notice of the Application was proper, and that no responses or

15  objections to the Application have been filed; and good cause appearing therefor,

16

17      **IT IS HEREBY ORDERED THAT:**

18          1.  The Application is granted;

19          2.  The Committee is hereby authorized to retain and employ Irell & Manella LLP

20  ("I&M"), as counsel to the Committee, effective as of December 8, 2008, on the terms set forth in

21  the Application and the Engagement Letter attached to the Application; and

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 2 -

Exhibit _____2_____
Page _____

Case 8:08-bk-17206-ES    Doc 116    Filed 02/13/09    Entered 02/13/09 17:25:48    Desc
Main Document        Page 3 of 7

3.   I&M is hereby authorized to be compensated for its services rendered to, and reimbursed for its costs incurred on behalf of the Committee, on a monthly basis, as set forth in the Application.

# # # #

DATED: February 13, 2009

_Erithe A. Smith_

United States Bankruptcy Judge

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 3 -

Exhibit ___2___
Page ___66___

| In re: | CHAPTER |
|---|---|
| Palmdale Hills Property, LLC | CASE NUMBER  8:08-bk-17206-ES |
| Debtor(s). | |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

The foregoing document described  [proposed] ORDER GRANTING APPLICATION FOR ORDER (1) AUTHORIZING THE EMPLOYMENT OF IRELL & MANELLA LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; AND (2) MODIFIED FEE APPLICATION PROCEDURES will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** –
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  January 26, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/26/2009 | Lori Gauthier | /s/ Lori Gauthier |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 4 -

Exhibit _2_
Page ___

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Counsel for Debtors**
Paul J. Couchot, Esq.
Winthrop Couchot PC
660 Newport Center Dr., Suite 400
Newport Beach, CA 92660

**Office of the U.S. Trustee**
Attn: Michael Hauser, Esq.
411 W. Fourth Street, #9041
Santa Ana, CA 92701-4593

**Committee Chair**
Creekside Development, Inc.
Attn: Brad Gates, Secretary
28546 Paseo Diana
San Juan Capistrano, CA 92675

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 5 -

Exhibit ___2___
Page ___68___

| In re:<br>Palmdale Hills Property, LLC<br><br>Debtor(s). | CHAPTER<br><br>CASE NUMBER 8:08-bk-17206 ES |
|---|---|

### NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) _ORDER GRANTING APPLICATION FOR ORDER (1) AUTHORIZING THE EMPLOYMENT OF IRELL & MANELLA LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; AND (2) MODIFIED FEE APPLICATION PROCEDURES was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of January 26, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com
- Caroline Djang    crd@jmbm.com
- Joseph A Eisenberg    jae@jmbm.com
- Richard W Esterkin    resterkin@morganlewis.com
- Alan J Friedman    afriedman@irell.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Michelle Hribar    mhribar@rutan.com
- Peter W Lianides    pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Jason Wallach    jwallach@bergerkahn.com

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Exhibit _____
Page _____

☐    Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐    Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐    Service information continued on attached page

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Exhibit 2
Page 70

# EXHIBIT "3"

Exhibit 3
Page 71

0.0 01

1  IRELL & MANELLA LLP
   Alan J. Friedman (State Bar No. 132580)
2  afriedman@irell.com
   Kerri A. Lyman (State Bar No. 241615)
3  klyman@irell.com
   840 Newport Center Drive, Suite 400
4  Newport Beach, California 92660-6324
   Telephone:     (949) 760-0991
5  Facsimile:     (949) 760-5200

6  Counsel for the Official Joint
   Committee of Unsecured Creditors
7

FILED & ENTERED

DEC 17 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY daniels    DEPUTY CLERK

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             SANTA ANA DIVISION

11

12  Palmdale Hills Property, LLC, and its Related
    Debtors.
13
                  Jointly Administered Debtors and
14                    Debtors-in-Possession.

15  ─────────────────────────────────

    ☐ Affects All Debtors
16
    ☒ Palmdale Hills Property, LLC
17  ☒ SunCal Beaumont Heights, LLC
    ☒ SCC/Palmdale
18  ☒ SunCal Johannson Ranch, LLC
    ☒ SunCal Summit Valley, LLC
19  ☒ SunCal Emerald Meadows LLC
    ☒ SunCal Bickford Ranch, LLC
20  ☒ Acton Estates, LLC
    ☒ Seven Brothers, LLC
21  ☒ SJD Partners, Ltd.
    ☒ SJD Development Corp.
22  ☒ Kirby Estates, LLC
    ☒ SunCal Communities I, LLC
23  ☒ SunCal Communities III, LLC
    ☒ SCC Communities LLC
24  ☒ North Orange Del Rio Land, LLC
    ☒ Tesoro SF, LLC
25  ☐ LBL-SunCal Oak Valley, LLC
    ☐ SunCal Heartland, LLC
26  ☐ LBL-SunCal Northlake, LLC
    ☐ SunCal Marblehead, LLC
27
    *Caption Continued on Next Page*
28

Case No. 8:08-bk-17206- ES

Jointly Administered With Case Nos.
8:08-bk-17209-ES; 8:08-bk-17240-ES;
8:08-bk-17224-ES; 8:08-bk-17242-ES;
8:08-bk-17225-ES; 8:08-bk-17245-ES;
8:08-bk-17227-ES; 8:08-bk-17246-ES;
8:08-bk-17230-ES; 8:08-bk-17231-ES;
8:08-bk-17236-ES; 8:08-bk-17248-ES;
8:08-bk-17249-ES; 8:08-bk-17573-ES;
8:08-bk-17574-ES; 8-08-bk-17575 ES;
8:08-bk-17404-ES; 8:08-bk-17407-ES;
8:08-bk-17408-ES; 8:08-bk-17409-ES;
8:08-bk-17458-ES; 8:08-bk-17465-ES;
8:08-bk-17470-ES; 8:08-bk-17472-ES
8:08-bk-17588-ES

Chapter 11 cases

**ORDER RE: SECOND INTERIM
APPLICATION OF IRELL & MANELLA
LLP, COUNSEL FOR THE OFFICIAL
JOINT COMMITTEE OF UNSECURED
CREDITORS FOR COMPENSATION
AND REIMBURSEMENT OF COSTS**

**HEARING DATE:**
**Date:**   December 16, 2010
**Time:**   10:30 a.m.
**Place:**  Courtroom 5A

2354756.1 03

Exhibit ___3___
Page ___72___

1

☐ SunCal Century City, LLC
2  ☐ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
3  ☐ SunCal Torrance, LLC
☐ SunCal Oak Knoll, LLC

4

5      The Second Interim Application of Irell & Manella LLP, Counsel for the Official Joint

6  Committee of Unsecured Creditors for Compensation and Reimbursement of Costs (the

7  "Application") came on for hearing on December 16, 2010, at 10:30 a.m., in Courtroom 5A of

8  the United States Bankruptcy Court for the Central District of California, before the Honorable

9  Erithe A. Smith, United States Bankruptcy Judge. Alan J. Friedman, Esq. of Irell & Manella

10 LLP appeared on behalf of Irell & Manella LLP. Other appearances are as reflected on the

11 Court's record.

12     The Court having considered the Application, the records, pleadings, and other

13 documents on file in these cases, having considered the arguments presented at the hearing,

14 having found that notice of the Application was proper, and that no responses or objections to

15 the Appliation having been filed; and good cause appearing therefor,

16     **IT IS HEREBY ORDERED:**

17     (1)    Irell & Manella LLP is hereby awarded, on a provisional basis, interim fees of

18 $1,241,625.50 and interim expenses of $8,941.52, for a total award of $1,250,567.02;

19     (2)    The Voluntary Debtors are hereby required to pay to Irell & Manella LLP by no

20 later than December 23, 2010, any outstanding balance of fees and costs owed to Irell & Manella

21 LLP; and

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

2354756.1 03                               - 2 -

Exhibit 3
Page 73

1    (3)    Irell & Manella LLP shall submit for the Court's consideration an hourly fee rate

2    survey by no later than January 30, 2011.

3

4                                        # # # #

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    DATED: December 17, 2010

        _Erithe A. Smith_
        United States Bankruptcy Judge

26

27

28

Exhibit 3
Page 74

2354756.1 03                                    - 3 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660-6324

A true and correct copy of the foregoing document described as [Proposed] ORDER RE: SECOND INTERIM APPLICATION OF IRELL & MANELLA LLP, COUNSEL FOR THE OFFICIAL JOINT COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF COSTS will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On December 16, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 23, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Caused to be served via Personal Delivery/Messenger
Chambers of Honorable Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street
Santa Ana, CA 92701

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/16/10 | Lori Gauthier | /s/ Lori Gauthier |
| *Date* | *Type Name* | *Signature* |

Exhibit ___
Page ___

1

**SERVED VIA E-MAIL:**

2
- Paul J Couchot    pcouchot@winthropcouchot.com,
3    pj@winthropcouchot.com;sconnor@winthropcouchot.com

4
- Michael J Hauser    michael.hauser@usdoj.gov

5

6   **SERVED BY U.S. MAIL**

7

| 8  | *Debtor*<br>**Palmdale Hills Property**<br>Attn: Corporate Officer<br>2392 Morse Avenue<br>Irvine, CA 92614 | **Joint Committee Member**<br>Klassen Corp.<br>Attn: Jerry D. Kassen, CEO<br>Nicole Jannett, Legal Services Manager<br>2021 Westwind Drive<br>Bakersfield, CA 93301 |
|---|---|---|
| 11 | **Joint Committee Member**<br>Hunsaker and Associates Irvine Inc<br>Attn: Bradely Hay, Principal<br>2900 Adams Street, Suite A15<br>Riverside, CA 92504 | **Joint Committee Member**<br>Proactive Engineering Consultants, Inc.<br>Attn: Tom Braun, President<br>1875 California Ave<br>Corona, CA 92881 |
| 14 | **Joint Committee Member**<br>Far West Construction, Inc.<br>Attn: Jennifer Alger, Corporate Officer<br>P.O. Box 68<br>Sheridan, CA 95681 | **Joint Committee Member**<br>HMK Engineering, Inc.<br>Attn: Gloria Olivas, Office Manager<br>1552 18th Street<br>Santa Monica, CA 90404 |
| 17 | **Joint Committee Member (Chair)**<br>Creekside Development, Inc.<br>Attn: Brad Gates, Secretary<br>28546 Paseo Diana<br>San Juan Capistrano, CA 92675 | **Joint Committee Member**<br>Urban Crossroads, Inc.<br>Attn: John Kain, President<br>41 Corporate Park, Suite 300<br>Irvine, CA 92606 |
| 20 | **Joint Committee Member**<br>BonTerra Consulting<br>Attn: Tracy Zucker, Controller<br>151 Kalmus Drive, Suite E200<br>Costa Mesa, CA 92626 | **Office of the United States Trustee**<br>Attn: Michael Hauser, Esq.<br>411 W. Fourth Street, #9041<br>Santa Ana, CA 92701-4593 |

2354756.1 03

- 5 -

Exhibit 3
Page 70

1

## NOTICE OF ENTERED ORDER AND SERVICE LIST

2   Notice is given by the court that a judgment or order entitled (*specify*) **ORDER RE: SECOND
INTERIM APPLICATION OF IRELL & MANELLA LLP, COUNSEL FOR THE**
3   **OFFICIAL JOINT COMMITTEE OF UNSECURED CREDITORS FOR
COMPENSATION AND REIMBURSEMENT OF COSTS** was entered on the date indicated as
4   "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

5

6   **I.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**  Pursuant to
controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the
7   following person(s) by the court via NEF and hyperlink to the judgment or order. As of December _____,
2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or
8   adversary proceeding to receive NEF transmission at the email address(es) indicated below.

9                                                       ☒ Service information continued on attached page

10  **II.   SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment
or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated
11  below:

12  Palmdale Hills Property, LLC
2392 Morse Avenue
13  Irvine, CA 92614
                                                        ☐ Service information continued on attached page
14

15  **III.   TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this
judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a
16  complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email
and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the
17  address(es), facsimile transmission number(s) and/or email address(es) indicated below:

18                                                      ☒ Service information continued on attached page

19

20

21

22

23

24

25

26

27

28

2354756.1 03                               - 6 -

Exhibit 5
Page 77

## I. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Selia M Acevedo    sacevedo@millerbarondess.com,
  mpritikin@millerbarondess.com;bprocel@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Brendt C Butler    BButler@rutan.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com,
  pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Jonathan S Dabbieri    dabbieri@sullivan.com,
  hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning    ddunning@dunningLaw.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com

Exhibit _3_
Page _78_

1
- Michael C Heinrichs    mheinrichs@omm.com
2
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
3
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
4
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com
5
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
6
- Kaleb L Judy    ecf@kleinlaw.com
7
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com,
8
  gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
9
- Irene L Kiet    ikiet@hkclaw.com
10
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
11
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
12
- Charles Liu    cliu@winthropcouchot.com
13
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
14
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
15
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
16
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com
17
- Louis R Miller    smiller@millerbarondess.com
- Randall P Mroczynski    randym@cookseylaw.com
18
- Mike D Neue    mneue@thelobelfirm.com,
19
  jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
20
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
21
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
22
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
23
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com
24
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
25
- James S Riley    tgarza@sierrafunds.com
26
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
27
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
28
- John P Schafer    jps@mandersonllp.com

Exhibit    5
Page    79

1
- John E Schreiber    jschreiber@dl.com
2
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
3
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
4
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
5
- Michael K Sugar    msugar@irell.com
- James E Till    jtill@thelobelfirm.com,
6
  jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
7
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
8
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
9
- Christopher T Williams    ctwilliams@venable.com, jcontreras@venable.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
10
- David M Wiseblood    dwiseblood@seyfarth.com
11
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
12
- Marc A. Zimmerman    joshuasdaddy@att.net

13
## III. TO BE SERVED BY THE LODGING PARTY

| | |
|---|---|
| *Debtor* <br> **Palmdale Hills Property** <br> Attn: Corporate Officer <br> 2392 Morse Avenue <br> Irvine, CA 92614 | **Joint Committee Member** <br> Klassen Corp. <br> Attn: Jerry D. Kassen, CEO <br> Nicole Jannett, Legal Services Manager <br> 2021 Westwind Drive <br> Bakersfield, CA 93301 |
| **Joint Committee Member** <br> Hunsaker and Associates Irvine Inc <br> Attn: Bradely Hay, Principal <br> 2900 Adams Street, Suite A15 <br> Riverside, CA 92504 | **Joint Committee Member** <br> Proactive Engineering Consultants, Inc. <br> Attn: Tom Braun, President <br> 1875 California Ave <br> Corona, CA 92881 |
| **Joint Committee Member** <br> Far West Construction, Inc. <br> Attn: Jennifer Alger, Corporate Officer <br> P.O. Box 68 <br> Sheridan, CA 95681 | **Joint Committee Member** <br> HMK Engineering, Inc. <br> Attn: Gloria Olivas, Office Manager <br> 1552 18th Street <br> Santa Monica, CA 90404 |
| **Joint Committee Member (Chair)** <br> Creekside Development, Inc. <br> Attn: Brad Gates, Secretary <br> 28546 Paseo Diana <br> San Juan Capistrano, CA 92675 | **Joint Committee Member** <br> Urban Crossroads, Inc. <br> Attn: John Kain, President <br> 41 Corporate Park, Suite 300 <br> Irvine, CA 92606 |
| **Joint Committee Member** <br> BonTerra Consulting <br> Attn: Tracy Zucker, Controller <br> 151 Kalmus Drive, Suite E200 <br> Costa Mesa, CA 92626 | **Office of the United States Trustee** <br> Attn: Michael Hauser, Esq. <br> 411 W. Fourth Street, #9041 <br> Santa Ana, CA 92701-4593 |

28

2354756.1 03

Exhibit ____
Page ____

# EXHIBIT "4"

Exhibit 4
Page 81

0.0 01

**Gauthier, Lori**

| | |
|---|---|
| **From:** | Gauthier, Lori |
| **Sent:** | Thursday, December 16, 2010 4:40 PM |
| **To:** | Bruce Cook; Frank Faye; 'Paul Couchot' |
| **Cc:** | Friedman, Alan |
| **Subject:** | Palmdale Hills - Irell's Fees |

Gentlemen:

Alan Friedman has requested that I forward to you the amount currently outstanding under our second interim fee application, which amount, pursuant to the proposed order granting our second interim fee application, is to be paid by no later than December 23, 2010.  The current amount owing is $310,467.77 (see insert from second interim fee application for further reference).  Said amount represents unpaid fees and costs for the following:

Invoice No. 8411461 - $103,987.84 - for the month of September 2010
Invoice No. 8412621 - $206,479.93 - for the month of October 2010

| | |
|---|---|
| Application Period | 11/1/09 – 10/31/10 |
| Total Hours Billed | 1,668.30 |
| Total Fees Billed | $1,241,625.50 |
| Total Costs Billed | $8,941.52 |
| Total Request | $1,250,567.02 |
| Total Paid | $940,099.25 |
| Amount Outstanding | $310,467.77 |

Should you have any questions or concerns regarding the same, please feel free to contact Alan or the undersigned.

Lori Gauthier
Senior Legal Assistant
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660-6324
Direct Dial: (949) 760-5130
E-Mail: lgauthier@irell.com

Exhibit ____
Page ____

1

# EXHIBIT "5"

Exhibit ____5____
Page ____83____

0.0 01

## Sugar, Michael

**From:** Friedman, Alan
**Sent:** Thursday, July 14, 2011 3:21 PM
**To:** 'Frank Faye'; Bruce Cook
**Cc:** pcouchot@winthropcouchot.com; smiller@millerbarondess.com; ~Rus, Ronald; Cordova, Shelley
**Subject:** RE: Outstanding Fees

We would be happy to discuss the status of the Suncal Management fee issues/examination with some or all of you at your convenience. The discussion is too lengthy for my typing skills via email. If you would like me to set something up, let me know. Thanks.

**From:** Frank Faye [mailto:FFaye@argentmanagementllc.com]
**Sent:** Thursday, July 14, 2011 3:10 PM
**To:** Friedman, Alan; Bruce Cook
**Cc:** pcouchot@winthropcouchot.com; smiller@millerbarondess.com; ~Rus, Ronald
**Subject:** Re: Outstanding Fees

How is day two of your examination of Tom Rollins going? I hear we are in a very lengthy process.

----- Original Message -----
From: Friedman, Alan <AFriedman@irell.com>
To: Bruce Cook; Frank Faye
Cc: Paul Couchot <pcouchot@winthropcouchot.com>; Skip Miller <smiller@Millerbarondess.com>; ~Rus, Ronald <rrus@rusmiliband.com>
Sent: Thu Jul 14 13:44:47 2011
Subject: Outstanding Fees

Dear Bruce and Frank:
Please advise when Irell can expect to receive payment of its outstanding fees for the months of March, April and May 2011. The time periods for the respective professional fees statements have long since run without the receipt of any objections and pursuant to the order of the Court employing Irell, payment is, and has been due. While I appreciate that everybody is extremely busy in this case, hopefully driving towards a successful resolution, the constant dragging of the payment of Irell's invoices cannot continue. We have discussed this issue, both in writing and in person on a number of occasions, but for whatever reason, Suncal has been unable to solve/address this issue. I understand from Skip and Paul that they have been paid through the months of April 2011 and May 2011, respectively. While Irell (and all other professionals) could insist on being paid in strict accordance with this Court's orders, Irell is merely seeking to be treated no differently than the other professionals employed in these cases. Consequently, until such time as Irell's invoices have been paid through the month of May, 2011, none of the other professionals should be paid, so as to equalize the payments received by all of the professionals. We previously made a similar demand that other professionals not be paid until Irell was brought current (see email dated May 9, 2011), but since both Paul and Skip have confirmed that payments have been received by their firms, Suncal obviously disregarded this. Thank you for your attention to this important matter.

ccmailg.irell.com made the following annotations
--------------------------------------------------------------------
PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

--------------------------------------------------------------------

--------------------------------------------------------------------
This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

Exhibit 5
Page 84

7/29/2011

**Sugar, Michael**

**Subject:**           FW: Outstanding Fees

| | |
|---|---|
| **From:** | Friedman, Alan |
| **Sent:** | Monday, May 09, 2011 11:12 AM |
| **To:** | 'Frank Faye' |
| **Cc:** | Paul Couchot; 'Skip Miller' |
| **Subject:** | Outstanding Fees |

Hi Frank:  Sorry to keep bringing this up, but you did invite me to, and despite your best efforts, we just can't seem to get any resolution.  I note from the Debtors' operating reports for the month of March that Suncal paid its counsel for what appears to be the month of January.  While I have not yet seen the April reports, I imagine that Suncal has also paid its counsel for at least the month of February and perhaps March.  Irell has been owed for the months of January and February for quite some time and March will soon be due (as will April).  The failure to get paid on a timely basis (and the same basis as other counsel) is simply unfair.  While I appreciate that Suncal wants to be sure to pay its counsel, our fees are entitled (and required) to be paid in the same manner.  While I have no wish to cause any other counsel any degree of hardship, I must now insist that Suncal not pay any of its counsel until such time as Irell's fees have been paid for the same months that Suncal's counsel have been paid, and that going forward, all of counsel's fees be paid in a lockstep fashion.  If for whatever reason Suncal cannot or will not comply with this request, please advise and we will seek prompt Court intervention so that all professionals are treated equally.  I appreciate your help in getting this resolved.  Thanks.
Alan


Exhibit _____
Page _____

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660-6324

A true and correct copy of the foregoing document described as **MOTION FOR AN ORDER ENFORCING THE ORDER AUTHORIZING THE EMPLOYMENT OF IRELL & MANELLA LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE VOLUNTARY DEBTORS OR, IN THE ALTERNATIVE, MODIFYING THE TERMS OF IRELL & MANELLA LLP'S EMPLOYMENT TO REQUIRE THE VOLUNTARY DEBTORS TO PAY IRELL & MANELLA LLP'S FEES AND EXPENSES ON A MONTHLY BASIS; AND DECLARATION OF ALAN J. FRIEDMAN IN SUPPORT THEREOF**   will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 29 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒   Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On July 29, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒   Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 29, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
CAUSED TO BE SERVED BY PERSONAL DELIVERY/MESSENGER
Chambers of the Honorable Erithe A. Smith
United States Bankruptcy Court
Ronald Reagan Federal Bldg., Bin Outside Room 5097
411 W. Fourth Street
Santa Ana, CA 92701-4593

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/29/11 | Lori Gauthier | /s/ Lori Gauthier |
|---------|---------------|-------------------|
| Date | Type Name | Signature |

1    **SERVICE VIA NOTICE OF ELECTRONIC FILING ("NEF")**

2    • Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
     • Joseph M Adams    jadams@sycr.com
3    • Raymond H Aver    ray@averlaw.com
     • James C Bastian    jbastian@shbllp.com
4    • Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
5    • John A Boyd    fednotice@tclaw.net
     • Mark Bradshaw    mbradshaw@shbllp.com
6    • Gustavo E Bravo    gbravo@smaha.com
     • Jeffrey W Broker    jbroker@brokerlaw.biz
7    • Brendt C Butler    bbutler@mandersonllp.com
8    • Andrew W Caine    acaine@pszyjw.com
     • Carollynn Callari    ccallari@venable.com
9    • Cathrine M Castaldi    ccastaldi@rusmiliband.com
     • Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
10   • Dan E Chambers    dchambers@jmbm.com
11   • Shirley Cho    scho@pszjlaw.com
     • Vonn Christenson    vrc@paynefears.com
12   • Brendan P Collins    bpcollins@bhfs.com
     • Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
13   • Paul J Couchot    pcouchot@winthropcouchot.com,
14       pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com
     • Jonathan S Dabbieri    dabbieri@sullivan.com,
15       hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sull
         ivanhill.com
16   • Ana Damonte    ana.damonte@pillsburylaw.com
     • Vanessa S Davila    vsd@amclaw.com
17   • Melissa Davis    mdavis@shbllp.com
     • Daniel Denny    ddenny@gibsondunn.com
18   • Caroline Djang    crd@jmbm.com
19   • Donald T Dunning    ddunning@dunningLaw.com
     • Meredith R Edelman    meredith.edelman@dlapiper.com
20   • Joseph A Eisenberg    jae@jmbm.com
     • Lei Lei Wang Ekvall    lekvall@wgllp.com
21   • Richard W Esterkin    resterkin@morganlewis.com
22   • Marc C Forsythe    kmurphy@goeforlaw.com
     • Alan J Friedman    afriedman@irell.com
23   • Steven M Garber    steve@smgarberlaw.com
     • Christian J Gascou    cgascou@gascouhopkins.com
24   • Barry S Glaser    bglaser@swjlaw.com
     • Robert P Goe    kmurphy@goeforlaw.com,
25       rgoe@goeforlaw.com;mforsythe@goeforlaw.com
26   • Eric D Goldberg    egoldberg@stutman.com
     • Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
27   • Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
     • Kelly C Griffith    bkemail@harrisbeach.com
28   • Matthew Grimshaw    mgrimshaw@rutan.com

- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com,
  raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com,
  gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkclaw.com
- Claude F Kolm    claude.kolm@acgov.org
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com,
  vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbaron
  dess.com
- Louis R Miller    smiller@millerbarondess.com
- Craig Millet    cmillet@gibsondunn.com,
  pcrawford@gibsondunn.com;cmillet@gibsondunn.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com,
  jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Scott H Olson    solson@seyfarth.com

17

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Daryl G Parker    dparker@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Robert J Pfister    rpfister@ktbslaw.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com, smcloughlin@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Gerald N Sims    jerrys@psdslaw.com, bonniec@psdslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com,
  Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com,
  jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net

**SERVED VIA FIRST-CLASS MAIL:**

Office of the United States Trustee
Attn: Michael Hauser, Esq.
411 W. Fourth Street, Suite 9041
Santa Ana, CA 92701-4593

**AND SEE ATTACHED LIST**

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

9

10

## SERVICE VIA FIRST CLASS MAIL
### (Unless NEF indicated)

11

12

13

Palmdale Hills Property, LLC
and its related entities
Attn: Bruce Elieff, Manager
2392 Morse Ave.
Irvine, CA 92614

U.S. Trustee's Office      NEF
Michael Hauser, Esq.
411 West Fourth St., #9041
Santa Ana, CA 92701

Special Notice List Jt Admin
Palmdale Hills, et al.
Document No.124882

14

15

16

Committee Counsel    NEF RSN 12/10/08
Irell & Manella
Alan J. Friedman, Esq.
Kerry Lyman, Esq.
840 Newport Center Dr., #400
Newport Beach, CA 92660-6324

Steven N. Speier, Ch 11 Trustee   NEF
c/o Squar Milner
4100 Newport Pl Dr 3rd Fl
Newport Beach, CA 92660

Committee Counsel to Trustee Debtors  NEF
Weiland, Golden, etc.
Attn: Lei Lei Wang Ekvall, Esq.
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626

17

18

19

NEF 11/11/08

Jason Wallach, Esq.
Berger Kahn
4551 Glencoe Ave., Suite 300
Marina del Rey, CA 90292

NEF Req 11/12/08

Kelly C. Griffith, Esq.
Harris Beach PLLC

Wells Fargo Equipment Finance, Inc.
c/o Solomon, Grindle, Silverman & Spinella
Richard A. Solomon, Esq.
12651 High Bluff Dr., #300
San Diego, CA 92130

20

21

22

NEF 11/25/08

City of Palmdale
Debra A. Riley, Esq.
Allen Markins Leck
501 West Broadway, 15th Floor
San Diego, CA 92101-3541

RSN 11/26/08

AMEC Earth & Environmental
c/o Gibbs, Giden, etc.
Christopher E Ng., Esq.
1880 Century Park East, 12th Fl.
Los Angeles, CA 90067-1621

Committee Member
Klassen Corp.
Jerry D. Klassen, CEO
Nicole Jannett, Legal Services Manager
2021 Westwind Dr.
Bakersfield, CA 93301

23

24

25

Committee Member
Hunsaker and Associates Irvine Inc.
Bradely Hay, Principal
2900 Adams Street, Suite A15
Riverside, CA 92504

Committee Member
Proactive Engineering Consultants, Inc.
Tom Braun, President
1875 California Ave.
Corona, CA 92881

Committee Member
Far West Construction, Inc.
Jennifer Alger, Corporate Officer
P.O. Box 68
Sheridan, CA 95681

26

27

28

```
 1   Committee Member                  Committee Member              Committee Member
     HMK Engineering, Inc.             Creekside Development, Inc.   Urban Crossroads, Inc.
 2   Gloria Olivas, Officer Manager    Brad Gates, Secretary         John Kain, President
     24007 Ventura Blvd. #102          28546 Pasco Diana             41 Corporate Park, Suite 300
     Calabasas, CA 91303               San Juan Capistrano, CA 92675 Irvine, CA 92606
 3   Chg 8/12 from MillerBarondessPOmailing
     See below

 4                                     NEF 9/21/10
     8/12/10                           SunCal Management
     Committee Member                  c/o Rus Miliband
 5   HMK Engineering, Inc.             Ronald Rus, Esq.
     Gloria Olivas, Officer Manager    221 Michelson Dr., 7th Fl.
     1552 18th Street,                 Irvine, CA 92612
 6   Santa Monica, CA 90404-3404


 7   Committee Member                  Committee Member
     BonTerra Consulting               Bova Contracting Corp.
 8   Tracy Zucker, Controller          Steven Shy, President         Lehman Ali, Inc.
     151 Kalmus Drive, Suite E200      3334 E. Coast Hwy, Suite 427  Attn: Corporate Officer
     Costa Mesa, CA 92626              Corona Del Mar, CA 92625-2328 399 Park Avenue, 8th Fl.
 9                                     W/D fr Committee 9/14/10 ltr  New York, NY 10022


10   Creekside Development, Inc.   NEF                              Lehman Commercial Paper Inc.
     Alan Friedman, Esq.               SCLV Northlake, LLC           c/o Michael Kessler, Esq
11   Irell & Manella LLP               Jeffrey Fitts                 Weil Gotshal & Manges LLP
     840 Newport Center Dr. Suite 400  745 Seventh Avenue            767 Fifth Avenue
     Newport Beach, CA 92660           New York, NY 10019            New York, New York 10153
12   9/14/10 per LeslieRW to MillerBarondess   2/20/2009 -- No Reason Indicated   Per Nellie Camerik 5/29/09


13                                     Lehman Brothers Holdings Inc.  Secured Creditor    BY ATTY
     Lehman Commercial Paper, Inc. By ATTY  Attn: F. Robert Brusco    OVC Holdings LLC
14   Attn: Corporate Officer           745 Seventh Ave.              c/o Trimont Real Estate Advisors, Inc.
     399 Park Ave., 8th Fl.            New York, NY 10019            2 Park Plaza, Suite 850
     New York, NY 10022                1/2/2009 -- Undeliverable as Addressed   Irvine, CA 92614-8515
15

16   NEF 4/21/09 RSN                                                                   12/22/09 RSN
     Robert C. Martinez                12/16/08 RSN                  Wood Rogers
17   Attys for TC Construction Company, Inc.  General Security Services, Inc.  c/o Murphy Austin etc.
     McDougal Love Et Al               c/o Treacy & Keidser LLP      J. Scott Alexander, Esq.
     460 N. Magnolia Ave, Drawer 1466  Kari A. Keidser, Esq.         304 "S" Street
18   El Cajon, CA 92020-1466           5777 West Century Park Blvd., #1100  Sacramento, CA 95811-6906
     6/18/2010 -- Unable to Forward    Los Angeles, CA 90045

19                                          NEF 12/31/08 Order                        NEF RSN 1/15/09
     12/31/08 RSN                      Richard W. Esterkin           Hui-Li Dou et al
20   Asphalt Professionals, Inc.       Asa S. Hami                   c/o Raymond H. Aver, Esq.
     c/o Law Offices of Ray B. Bowen, Jr., Esq.  Morgan Lewis & Bockius LLP  12424 Wilshire Blvd., #720
     19318 Ventura Blvd., #100         300 South Grand Avenue, 22nd Floor  Los Angeles, CA 900256
21   Tarzana, CA 91356-3097            Los Angeles, CA 90071-3132


22                                     NEF RSN 1/22/09 OakKnoll                  NEF 2/4/09 NEF & RSN
     Lehman Bros. Holdings, Inc.  NEF  RSN 1/9/09  RGA Environmental, etc.       County of San Bernardino
23   Jeffer, Mangels, etc.             c/o Marshall & Ramos, LLP     c/o Martha E. Romcrom Esq,
     Joseph A. Eisenberg, Esq.         Miriam S. Marshall, Esq.      BMR Professional Building
     1900 Ave of the Stars, 7th Fl.    350 Frank H. Ogawa Plaza, #600  6516 Bright Ave.
24   Los Angeles, CA 90067             Oakland, CA 94612             Whittier, CA 90601


25                      RSN 2/9/09     NEF 2/13/09 RSN Heartland & OakValley              RSN 3/2/09
     Williams+Paddon Architects+Planners, Inc.  HD Supply Construction Supply, dba HD Supply  Bova Contracting Corp.
26   c/o Hauser & Mouzes               White Cap Construction Supply  c/o Call, Jensen & Ferrell
     David F. Anderson, Esq.           c/o William D. Schuster, Esq.  Wayne W. Call, Esq.
     18826 N. Lower Sacramento Road, Ste. H  Allic & Schuster PC     Lisa A. Wegner, Esq.
27   PO Box 1397                       2122 N. Broadway              610 Newport Center Dr., #700
     Woodbridge, CA 95258-1397         Santa Ana, CA 92706-2614      Newport Beach, CA 92660

28
```

```
1     Top Grade Construction, Inc.                    RSN Delta Coves 3/4/09              3/6/09 RSN
      c/o Pillsbury Winthrop, etc.                                                Pinnick, Inc.
2     Philip S. Warden, Esq./Ana N. Damonte, Esq.   Top Grade Construction         c/o Law Offices of Dennis D. Burns
      50 Fremont St.                                 Scott Blaine, CFO             7855 Ivanhoe Ave., #420
      PO Box 7880                                    50 Contractors St.            La Jolla, CA 92037
3     San Francisco, CA 94120-7880                   Livermore, CA 94551

4                    3/11/09 RSN Delta             RSN 3/12/09 & 4/14/09
      Bethel Island Municipal Improvement District             Bickford           Christopher W. Keegan, Esq.      3/12/09 NEF
5     c/o Katzen & Schuricht                        Marques Pipeline, Inc.         Kirkland & Ellis, LLP
      David I. Katzen                                c/o John W. Busby, II, Esq.   555 California Street
      1981 N. Broadway, #340                         251 Lafayette Circle, #350    San Francisco, California 94104
6     Walnut Creek, CA 94596-8218                    Lafayette, CA 94549

7                    3/13/09 NEF       E-MAIL 3/18/09 RSN CenturyCity            E-MAIL 3/18/09 RSN CenturyCity
                                       Danske Bank A/S, London Branch            Danske Bank A/S, London Branch
8     Eric D. Goldberg, Esq.           c/o Venable LLP                           c/o Venable LLP
      Stutman, Treister & Glatt, PC    Carollynn H G. Cellori, Esq.              Timothy A. Gorry, Esq.
      1901 Avenue of the Stars, 12th Fl. 1270 Ave of the Americas, 25th Fl.      2049 Century Park East, #2100
9     Los Angeles, CA 90067            New York, New York 10020                  Los Angeles, CA 90067
                                       Firm deleted per 5/14/10 e-mail fr Chris Williams   Firm deleted per 5/14/10 e-mail fr Chris Williams

10                   NEF & RSN3/18/09                 3/31/09 RSN Bickford      TC Construction Company, Inc.    NEF 4/9/09 RSN
      City of Orange                                 Placer County Treasurer-Tax Collector   c/o McDougall Love Eckis, etc.
11    Shulman Hodges & Bastian LLP                   Ann M. Dondro, Deputy Tax Collector     Robert C. Martinez, Esq.
      Melissa R. Davis, Esq.                         2976 Richardson Drive                   460 N. Magnolia, Drawer 1466
      26632 Towne Centre Dr # 300                    Auburn, CA 95603                        El Cajon, CA 92022-1466
12    Foothill Ranch, CA 92610-2814                                                          3/16/10 ChngOfAdd – See below

13                                                                       5/5/09 NEF   Griffith Company              RSN 5/7/09
                                       Sullivan Hill Lewin Rez & Engel             Peckar & Abramson PC
14                                     Jonathan S. Dabbieri, Esq.                  Ronald E. Pierce, Esq.
                                       550 West C Street, Suite 1500               20 Pacifica, Suite 260
                                       San Diego, CA 92101                         Irvine, CA 92618
15                                                                                 Chng 9/3/10 – see below

16
17    Payne & Fears LLP    5/11/09 NEF   Dean Ziehl (dziehl@pszilaw.com)   NEF   E-MAIL Michael Bond
      Benjamin A. Nix, Esq.             Per Nellie Camerik 5/59/09              (michael.bond@weil.com)
                                                                               Per Nellie Camerik 5/59/09
18

19                           5/29/09 RSN              RSN 6/9/09 Marblehead         Castaic Union School District 8/25/09 RSN
      Park West Landscape, Inc.                                                c/o Wendy W. Smith, Esq.
20    c/o Steven M. Garber & Associates   WEC Corporation                     Binder & Malter LLP
      1901 Ave. of the Stars, #1100       c/o Gary R. King & Associates        2775 Park Avenue
      Los Angeles, CA 90067               30950 Rancho Viejo Rd., #155         Santa Clara, CA 95050
21                                        SJC, CA 92675

22                           11/11/09 RSN             11/11/09 RSN              11/16/09 RSN Northlake&Torrance
      Jt. Provisional Liquidators of Lehman RE Ltd.                            Los Angeles County Treas. & Tax Collector
23    c/o Gregory M. Petrick, Esq.        Jt. Provisional Liquidators of Lehman RE Ltd.   Attn: Man-Ling Kuo, Tax Services Clerk 1
      Jonathan M. Hoff, Esq.              c/o Betty M. Shumner, Esq.           PO Box 54110
      Cadwalader, Wickersham & Taft LLP   DLA Piper LLP (US)                   Los Angeles, CA 90054-0110
24    One World Financial Center          550 S. Hope St., #2300
      New York, NE 10281                  Los Angeles, CA 90071-2678

25
26    Shulman Hodges & Bastian LLP  11/23/09 NEF   Matthew W. Grimshaw, Esq.  1/6/10 NEF   Anaverde LLC             1/12/2010 NEF
      Mark Bradshaw, Esq.                          Rutan & Tucker, LLP                     c/o Christopher P. Simon, Esq.
27                                                                                         Cross & Simon

28
```

1

2
Anaverde LLC
c/o Michael A. Joyce, Esq.
Cross & Simon

3

4                                    Crt Manual List                                    Crt ManList                                    Crt Manual List

5
Richard B Andrade
Andrade & Associates
27101 Puerta Real Ste 120
Mission Viejo, CA 92691-8518

6

7                                    Crt Manual List                    NEF/Crt Manual List                                    Crt Manual List

8
William Bissell
110 Newport Center Dr Ste 200
Newport Beach, CA 92660

9

10                                    Crt Manual List                                    Crt Manual List                                    Crt Manual List

11
Wayne W Call
Call & Jensen
610 Newport Ctr Dr Ste 700
Newport Beach, CA 92660

12

13                                    Crt Manual List                                    Crt Manual List                                    Crt Manual List

14
Adrianna M Corrado
Lanak & Hanna
400 N Tustin Ave Ste 120
Santa Ana, CA 92705-3815
3/17 UE Tara; see below

15

16                                    Crt Manual List                                    Crt Manual List                                    Crt Manual List

17
Stanley Hazen
Gill & Baldwin
130 N Baldwin Blvd #405
Glendale, CA 91203
12/10/2010 – No Such Number – See below

18

19                                    Crt Manual List                                    Crt Manual List                                    Crt Manual List

20
Vivian Le
Gary R King & Associates
30950 Rancho Viejo Rd Ste 155
San Juan Capistrano, CA 92675

21

22                                    Crt Manual List                                    Crt Manual List                                    Crt Manual List

23
Howard S Nevins
2150 River Plaza Dr Ste 450
Sacramento, CA 95833

24

25                                    Crt Manual List                                    Crt Manual List                                    Crt Manual List

26
Regal Development LLC
c/o Benjamin M Weiss
12770 High Bluff Dr, Ste 160
San Diego, CA 92130
7/21/2011 – Undeliverable as Addressed

27

28

---

NEF 4/9/09 RSN3/16/10ChngAdd
1/12/2010 NEF    TC Construction Company, Inc.
c/o McDougal Love Eckis, etc.
Robert C. Martinez, Esq.
8100 La Mesa Blvd., #200
La Mesa, CA 91942

Tab L K Artis
301 N Lake Ave 7th Fl
Pasadena, CA 91101

John W Busby
251 Lafayette Circle Ste 350
Lafayette, CA 94549
Duplicate; see Marquis Pipeline above

Central Pacific Bank
Frandzel Robins Bloom & Csato, L.C.
6500 Wilshire Boulevard
17th Floor
Los Angeles, CA 90048-4920

Donald B Devirian
Devirian & Shinmoto
11400 W Olympic Blvd Ste 200
Los Angeles, CA 90064

William R Hart
Hart King & Coldren
200 Sandpointe Fourth Fl
Santa Ana, CA 92707

Mark E McKane
Kirkland & Ellis LLP
555 California St
San Francisco, CA 94104

Richard Pachulski
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Bl Ste 1100
Los Angeles, CA 90067-4003

Raymond D Scott
1835 W Orangewood Ave Ste 255
Orange, CA 92868

---

Chng 9/3/10

Griffith Company.
c/o Ronald B. Pierce, Esq.
3050 East Birch Street, 2nd Fl.
Brea, CA 92821-6248

Sharon A Bangs
Crawford & Bangs
1290 E Center Ct Dr
Covina, CA 91724

CRG Partners Group, LLC

Brent S Clemmer
Slovak Baron & Empey LLP
1800 E Tahquitz Cyn Wy
Palm Springs, CA 92262

Francis T Donohue
Voss, Cook & Thel LLP
895 Dove Street Suite 450
Newport Beach, CA 92660

Andrew C Kienle
200 Sandpointe, 4th Fl
Santa Ana, CA 92707

Gerald W Mouzis
The Mouzis Law Firm APC
13681 Newport Ave Ste 8-605
Tustin, CA 92680

J Patrick Ragan
1881 S Business Center Dr Suite 7b
San Bernardino, CA 92408

Kimberly A Soyer
251 Lafayette Cir, Ste 350
Lafayette, CA 94549

| | | |
|---|---|---|
| Crt Manual List | Theresa C Tate | Crt Manual List | Crt Manual List |

Crt Manual List

Joseph L Strohman
Ferguson Case Orr Paterson LLP
1050 S Kimball Rd
Ventura, CA 93004

Theresa C Tate
Crawford & Bangs LLP
1290 E Center Crt Dr
Covina, CA 91724

Robert S Throckmorton
Throckmorton, Beckstrom & Tomassian, LLP
2 Corporate Park, Ste 210
Irvine, CA 92606-5115

Crt Manual List        8/17/10 Crt Manual List        9/14/10 Crt Manual List

Douglas F Welebir
Welebir Tierney & Weck
2068 Orange Tree Ln Ste 215
Redlands, CA 92374

Laurie A. Shade
333 W. Santa Ana Blvd., #407
PO Box 1379
Santa Ana, CA 92702-1379

Dina Tasini
Tasini and Addociates
2126 Grant St.
Berkeley, CA 94703

9/14/10 Crt Manual List        10/12/10 CrtManual        11/11 CrtManual

Elizabeth A. Walters
3365 Seventh Ave.
San Diego, CA 92103

Norman A. Filer
500 N. State College Blvd., #1270
Orange, CA 92868

David Sandoval
(No address given)

11/11 CrtManual        2/4/11 CrtManual

Wayne Lee
468 Jade Tree Drive
Monterey Park, CA 91754

11/11 CrtManual
Manhard Consulting, Inc.
(No address given)

6/13/11 CrtMan
Malhar S. Pagay
(No address given)

William R Baerg
Monteleone & McCrory LLP
725 S Figueroa St #3200
Los Angeles, CA 90017

2/4/11 CrtManual        2/4/11 CrtManual        2/4/11 CrtManual

Patricia D Barrett
Law Office of Patricia D Barrett
846 W Foothill Blvd Ste M
Upland, CA 91786

Christopher J Brantingham
Brice E Bryan & Assoc
23945 Calabasas Rd
Calabasas, CA 91302

California Bank & Trust
c/o Bryan Cave LLP
3161 Michelson Drive
Suite 1500
Irvine, CA 92612

2/4/11 CrtManual        2/4/11 CrtManual        Crt Manual List
3/17 chng t/c

Gene H Shioda
Law Office of Gene H Shioda
5757 West Century Blvd Ste 700
Los Angeles, CA 90045

Thomas A Pistone
Pistone & Wolder, LLP
2020 Main Street Suite 900
Irvine, CA 92614

Adrianna M Corrado
Lanak & Hanna
625 The City Dr., #190
Orange, CA 92868
See below change attn5/11/11

3/4/11 CrtManual        RSN3/10/11        4/5/11 web

Moses Green
(No address listed)
Brian Construction Co. Inc.
(No address given)

Union Pacific Railroad Company
Mary Ann Kilgore
Shawn Lanka
1400 Douglas St., STOP 1580
Omaha, NE 68179

Stanley Haren
Gill & Baldwin
130 N Brand Blvd #405
Glendale, CA 91203

5/11 t/c to MillerBarondess        NEF 5/26/11        6/13/11 CrtMan

Christopher Cullen
Lanak & Hanna
625 The City Dr., #190
Orange, CA 92868

DLA Piper LLP (US)
Meredith Edelman, Esq.
550 S. Hope St., #2300
Los Angeles, CA 90071

Edward Soto
1395 Brickell Ave., #1200
Miami, FL 33131

7/13/11CrtMan        NEF 07/22/11

Ironhouse Sanitary District
Henn Etzel and Moore
1970 Broadway Ste 950
Oakland, CA 94612

Gerald N. Sims
Pyle Sims Duncan & Stevenson, APC
401 B Street, Suite 1500
San Diego, CA 92101