1  Alan J. Friedman (State Bar No. 132580)
   afriedman@irell.com
2  Kerri A. Lyman (State Bar No. 241615)
   klyman@irell.com
3  Michael K. Sugar (State Bar No. 262092)
   msugar@irell.com
4  IRELL & MANELLA LLP
   840 Newport Center Drive, Suite 400
5  Newport Beach, California 92660-6324
   Telephone:  (949) 760-0991
6  Facsimile:   (949) 760-5200

7  Counsel for the Official Committee of
   Unsecured Creditors in Chapter 11 Cases of
8  Palmdale Hills Property, LLC et al.

9
                  **UNITED STATES BANKRUPTCY COURT**
10
                  **CENTRAL DISTRICT OF CALIFORNIA**
11
                       **SANTA ANA DIVISION**
12

| | |
|---|---|
| 13  In re<br>PALMDALE HILLS PROPERTY, AND ITS<br>14  RELATED DEBTORS,<br><br>15      Jointly Administered Debtors<br>    and Debtors-in-Possession | Case No. 8:08-bk-17206- ES<br><br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES; |

16  Affects:
      ☐ All Debtors
17    ☒ Palmdale Hills Property, LLC
      ☒ SunCal Beaumont Heights, LLC
18    ☒ SCC/Palmdale, LLC
      ☒ SunCal Johannson Ranch, LLC
19    ☒ SunCal Summit Valley, LLC
      ☒ SunCal Emerald Meadows LLC
20    ☒ SunCal Bickford Ranch, LLC
      ☒ Acton Estates, LLC
21    ☒ Seven Brothers LLC
      ☒ SJD Partners, Ltd.
22    ☒ SJD Development Corp.
      ☒ Kirby Estates, LLC
23    ☒ SunCal Communities I, LLC
      ☒ SunCal Communities III, LLC
24    ☒ SCC Communities LLC
      ☒ North Orange Del Rio Land, LLC
25    ☒ Tesoro SF LLC
      ☐ LBL-SunCal Oak Valley, LLC
26    ☐ SunCal Heartland, LLC
27    ☐ LBL-SunCal Northlake, LLC

8:08-bk-17230-ES; 8:08-bk-17231-ES;
8:08-bk-17236-ES; 8:08-bk-17248-ES;
8:08-bk-17249-ES; 8:08-bk-17573-ES;
8:08-bk-17574-ES; 8-08-bk-17575 ES;
8:08-bk-17404-ES; 8:08-bk-17407-ES;
8:08-bk-17408-ES; 8:08-bk-17409-ES;
8:08-bk-17458-ES; 8:08-bk-17465-ES;
8:08-bk-17470-ES; 8:08-bk-17472-ES
8:08-bk-17588-ES

Chapter 11 Cases

**NOTICE OF FILING OF VOLUNTARY
COMMITTEE'S PLAN LETTERS**

Hearing:

Date: August 22, 2011
Time 2:00 p.m.
Location: Courtroom 5A
411 West Fourth Street
Santa Ana, CA 92701

28                    *Caption Continued on Next Page*

1

2  ☐ SunCal Marblehead, LLC
   ☐ SunCal Century City, LLC
3  ☐ SunCal PSV, LLC
   ☐ Delta Coves Venture, LLC
4  ☐ SunCal Torrance, LLC
   ☐ SunCal Oak Knoll, LLC
5

6  **TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE,**

7  **THE PLAN PROPONENTS, AND ALL OTHER PARTIES-IN-INTEREST:**

8         **PLEASE TAKE NOTICE** that, pursuant to this Court's *Order (A) Approving Plan*

9  *Solicitation, Notice, and Voting Procedures and (B) Establishing Deadlines in Connection and*

10 *Confirmation with Respect to All Pending Plans,* (the "Solicitation Order")[1] the Official

11 Committee of Unsecured Creditors in Chapter 11 Cases of Palmdale Hills Property, LLC, et al.

12 (the "Voluntary Committee"), hereby proposes that the attached letters (the "Plan Letters") be

13 served as part of the Solicitation Packages that the Plan Proponents send to the parties in interest.

14         The Voluntary Committee proposes that the Plan Letter attached as Exhibit 1 to this notice

15 be included in the Solicitation Package in support of the Lehman VD Plan.  The Voluntary

16 Committee proposes that the Plan Letter attached as Exhibit 2 to this notice be included in the

17 Solicitation Package in support of the SunCal Plan for Palmdale Hills Property, LLC, SunCal

18 Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, and Action Estates, LLC.  The Voluntary

19 Committee proposes that the Plan Letter attached as Exhibit 3 to this notice be included in the

20 Solicitation Package in support of the SunCal Plan for SunCal Beaumont Heights, LLC and

21 SunCal Johannson Ranch, LLC.  The Voluntary Committee proposes that the Plan Letter attached

22 as Exhibit 4 to this notice be included in the Solicitation Package in support of the SunCal Plan for

23 North Orange Del Rio Land, LLC, SCC Communities, LLC and Tesoro SF, LLC.  The Voluntary

24 Committee proposes that the Plan Letter attached as Exhibit 5 to this notice be included in the

25 Solicitation Package in support of the SunCal Plan for SJD Partners, Ltd. and SJD Development

26 Corp.

27

28         [1] Unless otherwise defined herein, capitalized terms shall have the same meaning as set out
in the Solicitation Order.

1    **PLEASE TAKE FURTHER NOTICE** that pursuant to the Solicitation Order, on **August**

2    **22, 2011 at 2:00 p.m.**, in **Courtroom 5A** of the above-entitled Court, located at **411 West Fourth**

3    **Street, Santa Ana, California**, before the Honorable Erithe A. Smith, United States Bankruptcy

4    Judge, presiding, the Court will hold a hearing to consider approval of the Plan Letters.

5    **PLEASE TAKE FURTHER NOTICE** that any objection to the Plan Letters must be in

6    writing and filed with the Court and served on: (i) counsel for the Voluntary Committee, Irell &

7    Manella, LLP,  840 Newport Center Drive, Suite 400, Newport Beach CA 92660, Attn: Alan J.

8    Friedman; (ii) counsel for the SunCal Plan Proponents, Winthrop Couchot, P.C., 660 Newport

9    Center Drive, Fourth Floor, Newport Beach, CA 92660, Attn: Paul Couchot, Rus Miliband &

10    Smith, P.C., 2211 Michelson Drive, Seventh Floor, Irvine, CA 92612, Attn: Joel Miliband;  (iii)

11    counsel for the Lehman Plan Proponents, Pachulski Stang Ziehl & Jones LLP, 10100 Santa

12    Monica Blvd., 11th Floor, Los Angeles, CA 90067, Attn: Richard Pachulski; and (iv) the Office of

13    the United States Trustee, 411 W. Fourth Street #9041, Santa Ana, CA 92701, Attn: Michael J.

14    Hauser.  Any objection must be filed and served on or before August 17, 2011.

15

16    Dated:  August 12, 2011                              IRELL & MANELLA LLP

17

18                                                        By: _____
                                                             Alan J. Friedman
19                                                           Kerri A. Lyman
                                                             Michael K. Sugar
20                                                           Counsel for the Official Committee of
                                                             Unsecured Creditors in
21                                                           Chapter 11 Cases of Palmdale Hills Property,
                                                             LLC et al.

22

23

24

25

26

27

28

# EXHIBIT "1"

Exhibit _____1____
Page _____4____

**FROM:**    **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY LLC AND ITS AFFILIATED DEBTORS[1] (the "Committee")**

**TO:**    **ALL UNSECURED CREDITORS OF ACTON ESTATES, LLC, PALMDALE HILLS PROPERTY, LLC, SCC COMMUNITIES LLC, SUNCAL COMMUNITIES I, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL SUMMIT VALLEY, LLC, TESORO SF, LLC, SEVEN BROTHERS, LLC, KIRBY ESTATES, LLC, SUNCAL BEAUMONT HEIGHTS, LLC, AND SUNCAL JOHANNSON RANCH, LLC (the "Plan Debtors")**

**AS DISCUSSED HEREIN, THE COMMITTEE IS RECOMMENDING THAT ALL HOLDERS OF UNSECURED CLAIMS CAST THEIR VOTES TO ACCEPT THE LEHMAN PLAN (DEFINED HEREIN)**

The Committee

The Plan Debtors commenced their chapter 11 bankruptcy cases in November 2008.  On December 2, 2008, the Office of the United States Trustee, a division of the U.S. Justice Department, appointed the members of the Committee in the chapter 11 cases of Palmdale Hills Property LLC and its affiliated debtors.  The Committee is a representative body and contains creditors holding different types of unsecured claims against the Voluntary Debtors and presently is comprised of the following members: (i) Creekside Development, Inc. – Sheriff Brad Gates (Ret.), Chair; (ii) Klassen Corp. - Nicole Jannett; (iii) Hunsaker and Associates Irvine Inc. - Bradley Hay; (iv) Proactive Engineering Consultants, Inc. - George Lenfestey; (v) Far West Construction, Inc. - Jennifer Alger; (vi) HMK Engineering, Inc. - Liliana Quezada; (vii) Urban Crossroads, Inc. - John Kain; and (viii) Bon Terra Consulting - Tracy Zucker.  The Committee is represented by Irell & Manella LLP as its bankruptcy counsel.

The Chapter 11 Plans

In the same package as this letter is a copy of a plan of reorganization for the Plan Debtors[2] (the "Lehman Plan") proposed by Lehman Commercial Paper Inc. and Lehman ALI (collectively, "Lehman"), the Plan Debtors' lenders, with the related disclosure statement (the "Disclosure Statement").  The Disclosure Statement contains a description of the Lehman Plan, as well as discussions of the transfer of the Plan Debtors' assets, the pending litigation, significant events that have occurred during the chapter 11 cases, and certain other pertinent information.  Please read the Lehman Plan and the Disclosure Statement carefully so that you can make an informed decision regarding the Lehman Plan.

Certain of the Voluntary Debtors have also proposed plans of reorganization for several of the Plan Debtors – Acton Estates, LLC, Palmdale Hills Property, LLC, SCC Communities LLC, SunCal

---

[1] The affiliated debtors are: Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC, SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers, LLC, SJD Partners, Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC, SunCal Communities III, LLC, SCC Communities LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the "Voluntary Debtors").

[2] The Lehman Plan only affects the eleven Plan Debtors.  Lehman has not proposed plans for the following Voluntary Debtors: SCC/Palmdale, LLC, SunCal Emerald Meadows, LLC, SJD Partners, Ltd., SJD Development Corp., SunCal Communities III, LLC, and North Orange Del Rio Land, LLC (the "Lehman Omitted Debtors").

Bickford Ranch, LLC, Tesoro SF, LLC, SunCal Beaumont Heights, LLC, and SunCal Johannson Ranch, LLC, as well as for certain of the Lehman Omitted Debtors – through four separate documents (the "SunCal Plans"). The Voluntary Debtors have not proposed a plan of reorganization for the remainder of the Voluntary Debtors (SCC/Palmdale, LLC, SunCal Summit Valley, LLC, Seven Brothers, LLC, Kirby Estates, LLC, SunCal Communities I, LLC, and SunCal Communities III, LLC). Copies of the SunCal Plans, with accompanying disclosure statements, were mailed to you on or around August 25, 2011.[3]

## The Lehman Plan

The Lehman Plan is premised on Lehman obtaining all of the Plan Debtors' assets and dismissing all of the litigation brought by the Plan Debtors against Lehman and certain related entities. Although the Lehman Plan is styled as a single document, it is in fact a separate plan for each of the Plan Debtors. While creditors will cast votes only in those cases in which they hold claims, and confirmation of each Plan Debtor will be considered separately, the Lehman Plan will not become effective, however, unless the Lehman Plan is confirmed in the cases of all Plan Debtors. The Lehman Plan divides the Plan Debtors into two groups as follows:

- Group I is comprised of Acton Estates, LLC, Palmdale Hills Property, LLC, SCC Communities LLC, SunCal Communities I, LLC, SunCal Bickford Ranch, LLC, SunCal Summit Valley, LLC, and Tesoro SF, LLC (the "Group I Debtors").

- Group II is comprised of Seven Brothers, LLC, Kirby Estates, LLC, SunCal Beaumont Heights, LLC, and SunCal Johannson Ranch, LLC (the "Group II Debtors").

## The Group I Debtors

With respect to the Group I Debtors, Lehman is offering a distribution to unsecured creditors that agree to execute a release of Lehman and certain other entities (the "Lehman Release").[4] In exchange for the Lehman Release, Lehman is offering the holders of "Reliance Claims" – which are generally defined as claims "for money, goods, services, or new credit voluntarily transferred or extended to the applicable VD Plan Debtor, but not on account of an existing obligation, between August 1, 2007 and the applicable Petition Date(s)" that were filed by the claims bar date[5] – a distribution of 40% to 50% of the amount of such creditor's allowed claim. Lehman has estimated that, as of the date hereof, each holder of a Reliance Claim will receive a distribution at the 50% level. A list of "Reliance Claims" is attached to the Lehman Disclosure Statement as Exhibit D. **You should review Exhibit "D" carefully as your claim may not be listed as a Reliance Claim or the amount of your claim listed on Exhibit "D" may differ from the amount of the proof of claim that you filed.** The fact that your unsecured claim is listed on Exhibit "D" does not mean that Lehman has agreed to the amount or allowability of your claim. Lehman reserves the right to file an objection to the amount of any claim in the future, or object on any other ground (other than the characterization of the claim as a Reliance Claim). If an unsecured creditor does not hold a Reliance Claim but otherwise holds an allowed general unsecured claim, in exchange for the Lehman Release, Lehman is offering such creditor a distribution of 5% of the amount of such creditor's allowed claim.

---

[3] The Committee has included a letter with each of the SunCal Plans discussing its recommendation that unsecured creditors also cast their votes to accept the SunCal Plans.

[4] The Lehman Release will not become effective unless the Bankruptcy Court confirms the Lehman Plan and execution of the Lehman Release does not preclude you from also voting to accept one or more of the SunCal Plans.

[5] See the Disclosure Statement contained in the same package as this letter for a more thorough definition of "Reliance Claims."

Exhibit ____1____
Page ____6____

**If the Lehman Plan is confirmed, creditors with claims against the Group I Debtors that fail to execute the Lehman Release will receive a distribution of only 1% of the amount of such creditor's allowed claim.**

The Group II Debtors

Under the Lehman Plan, all holders of allowed unsecured claims against the Group II Debtors will likely receive a distribution of 100% of the amount of their allowed claim, plus interest at the Federal Judgment rate.

If the Lehman Plan is confirmed, Lehman has up to one hundred eighty days to object to claims before making the payments required by the Lehman Plan. However, Lehman has informed the Committee that it anticipates making many distributions to unsecured creditors within forty-five days following confirmation of the Lehman Plan.

Holders of Secured Claims Based on Mechanic's Liens

Creditors that filed secured claims against the Plan Debtors based on mechanic's liens should carefully review the Lehman Plan and Disclosure Statement. Lehman has taken the position that their secured claims are senior to all mechanic's liens claims against the Group I Debtors (except for mechanic's liens filed against SunCal Summit Valley, LLC) and that all creditors asserting mechanic's liens claims against the Group I Debtors (except SunCal Summit Valley, LLC) are unsecured creditors. Holders of mechanic's liens may therefore be entitled to receive the treatment of unsecured claims set forth above. However, the Lehman Plan requires that a creditor affirmatively waive its rights to assert a secured claim based on the mechanic's lien on the ballot in order to receive the proposed treatment for holders of Reliance Claims. If the holder of a mechanic's lien elects not to waive its rights to assert a secured claim based on its mechanic's lien, and the Bankruptcy Court later determines that the holder has an unsecured claim (i.e. because there is insufficient collateral), such holder will be entitled to only a 1% distribution. Please review Exhibit "D" to determine if your claim has been listed as a Reliance Claim.

The Committee's Recommendation

While the Lehman Plan contains contingencies to its effectiveness (confirmation of plan in all of the Plan Debtors' cases and settlement with the bonding companies), the Committee believes that voting to accept the Lehman Plan places creditors in the best position to receive a meaningful distribution in the Plan Debtors' cases.

Since its appointment, the Committee engaged in extensive negotiations with the Voluntary Debtors, Lehman, and various other interested parties in these cases in connection with the formulation of the competing plans and the treatment of unsecured creditors thereunder. These negotiations resulted in a material improvement in the distributions to unsecured creditors and a material improvement in the terms and timing affecting such distributions. The Committee also has considered and discussed extensively the availability and viability of alternatives to the plans proposed by the Voluntary Debtors and by Lehman.

**After consideration of the available alternatives, the Committee has determined that it is in the best interest of unsecured creditors to vote to accept both the Lehman Plan and the SunCal Plans.** Creditors may vote to accept both the Lehman Plan and the SunCal Plans. If creditors vote to accept all plans, and the plans otherwise satisfy the confirmation requirements set forth in the Bankruptcy Code, the Bankruptcy Court will decide which plan(s) are in the best interest of all creditors. The Bankruptcy Court could, for example, confirm the SunCal Plans as to some of the Voluntary Debtors (such as the Lehman Omitted Debtors) and confirm the Lehman Plan as to the Plan Debtors. Accordingly, the Committee believes that acceptance of both the Lehman Plan and the SunCal Plans by

Exhibit _____
Page _____

unsecured creditors will optimize the recoveries to all unsecured creditors and, on that basis, urges unsecured creditors to vote to accept the Lehman Plan.

**THE COMMITTEE RECOMMENDS THAT EACH CLAIMANT CAST A VOTE IN SUPPORT OF THE CONFIRMATION OF THE LEHMAN PLAN.** A claimant may cast a vote in favor of the confirmation of the Lehman Plan by marking on the ballot, which was mailed to you in the same package as this letter, the box entitled "Accepts".

**HOLDERS OF RELIANCE CLAIMS AGAINST A GROUP I DEBTOR MUST ASSERT THIS CLAIM ON THE BALLOT.** If you believe that you hold a Reliance Claim against one of the Group I Debtors, you must so indicate on you ballot by writing in the amount of your Reliance Claim and the name of the Group I Debtor that the claim is asserted against in Line 2(b) on the ballot.

**THE COMMITTEE ALSO RECOMMENDS THAT ALL HOLDERS OF UNSECURED CLAIMS AGAINST THE GROUP I DEBTORS EXECUTE THE LEHMAN RELEASE.** If the Lehman Plan is confirmed, creditors that fail to execute the Lehman Release will receive a distribution of only 1% of the amount of such creditor's allowed claim (as opposed to a distribution of 40-50% for holders of Reliance Claims and 5% for holders of unsecured claims that are not Reliance Claims). A claimant may opt to execute the Lehman Release by selecting on the ballot, which is in the same package as this letter, the statement "Yes, the Undersigned elects to receive Lehman Distribution Enhancement and provide Lehman Released Parties with Creditor's Assignment / Release for Lehman."

Once you have done so, please complete and mail your ballot in accordance with the instructions accompanying the ballot. **Please note that the deadline for the receipt by Lehman of your ballot(s) is September 19, 2011.**

In the event that you have any questions regarding the foregoing, please feel free to contact the Committee's counsel, Alan Friedman, Irell & Manella LLP, at (949) 760-5107 or afriedman@irell.com.

Official Committee of Unsecured Creditors

_____/s/_____
By:  Brad Gates
       Creekside Development, Inc.
Its:  Chair

Exhibit ___\_\_
Page _____

# EXHIBIT "2"

Exhibit _____2_____
Page _____9_____

0.0  01

**FROM:**    **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN THE
CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY LLC AND ITS
AFFILIATED DEBTORS[1] (the "Committee")**

**TO:**    **ALL UNSECURED CREDITORS OF PALMDALE HILLS PROPERTY, LLC,
SUNCAL EMERALD MEADOWS, LLC, SUNCAL BICKFORD RANCH, LLC,
AND ACTON ESTATES, LLC (the "Plan Debtors")**

**AS DISCUSSED HEREIN, THE COMMITTEE IS RECOMMENDING THAT ALL
HOLDERS OF UNSECURED CLAIMS CAST THEIR VOTES TO ACCEPT THE SUNCAL I
PLAN (DEFINED HEREIN)**

The Committee

    The Plan Debtors commenced their chapter 11 bankruptcy cases in November 2008. On
December 2, 2008, the Office of the United States Trustee, a division of the U.S. Justice Department,
appointed the members of the Committee in the chapter 11 cases of Palmdale Hills Property LLC and its
affiliated debtors. The Committee is a representative body and contains creditors holding different types
of unsecured claims against the Voluntary Debtors and presently is comprised of the following members:
(i) Creekside Development, Inc. - Sheriff Brad Gates (Ret.), Chair; (ii) Klassen Corp. - Nicole Jannett;
(iii) Hunsaker and Associates Irvine Inc. - Bradley Hay; (iv) Proactive Engineering Consultants, Inc. -
George Lenfestey; (v) Far West Construction, Inc. - Jennifer Alger; (vi) HMK Engineering, Inc. - Liliana
Quezada; (vii) Urban Crossroads, Inc. - John Kain; and (viii) Bon Terra Consulting - Tracy Zucker. The
Committee is represented by Irell & Manella LLP as its bankruptcy counsel.

The Chapter 11 Plans

    In the same package as this letter is a copy of a plan of reorganization for Palmdale Hills
Property LLC, SunCal Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, and Acton Estates, LLC[2]
(the "SunCal I Plan") proposed by the Plan Debtors and SCC Acquisitions, Inc. (an indirect parent
company of the Plan Debtors), with the related disclosure statement (the "Disclosure Statement"). The
Disclosure Statement contains a description of the SunCal I Plan, as well as discussions of the sale of the
Plan Debtors' assets, the pending litigation, significant events that have occurred during the chapter 11
cases, and certain other pertinent information.  Please read the SunCal I Plan and the Disclosure
Statement carefully so that you can make an informed decision regarding the SunCal I Plan.

---

    [1] The affiliated debtors are: Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC,
SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal Emerald
Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers, LLC, SJD Partners,
Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC, SunCal Communities
III, LLC, SCC Communities LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the
"Voluntary Debtors").

    [2] The SunCal I Plan only affects these four debtors.  The Voluntary Debtors have proposed three
other plans for certain of the other Voluntary Debtors – SCC Communities LLC, Tesoro SF, LLC, SunCal
Beaumont Heights, LLC, SunCal Johannson Ranch, LLC, North Orange Del Rio Land, LLC, SJD
Partners, Ltd., and SJD Development Corp. – through separate documents (the "Other SunCal Plans").
The Voluntary Debtors have not proposed a plan of reorganization for the remainder of the Voluntary
Debtors: SCC/Palmdale, LLC, SunCal Summit Valley, LLC, Seven Brothers, LLC, Kirby Estates, LLC,
SunCal Communities I, LLC, and SunCal Communities III, LLC (the "SunCal Omitted Debtors").  The
Committee has included a letter with each of the Other SunCal Plans discussing its recommendation that
unsecured creditors also cast their votes to accept the Other SunCal Plans.

Exhibit ___2___
Page ___10___

2472177.3 09

Lehman Commercial Paper Inc. and its affiliates (collectively, "Lehman"), the Plan Debtors' lenders, have also proposed a plan of reorganization for eleven of the Voluntary Debtors (including some of the SunCal Omitted Debtors): Acton Estates, LLC, Palmdale Hills Property, LLC, SCC Communities LLC, SunCal Communities I, LLC, SunCal Bickford Ranch, LLC, SunCal Summit Valley, LLC, Tesoro SF, LLC, Seven Brothers, LLC, Kirby Estates, LLC, SunCal Beaumont Heights, LLC, and SunCal Johannson Ranch, LLC (the "Lehman Plan"). Lehman has not proposed a plan of reorganization for the remainder of the Voluntary Debtors, including **SunCal Emerald Meadows, LLC (which is one of the Plan Debtors)**, SCC/Palmdale, LLC, SunCal Emerald Meadows, LLC, SJD Partners, Ltd., SJD Development Corp., SunCal Communities III, LLC, and North Orange Del Rio Land, LLC (collectively, the "Lehman Omitted Debtors"). Copies of the Lehman Plan, with accompanying disclosure statement, were mailed to you on or around August 25, 2011.[3]

## The SunCal I Plan

The SunCal I Plan is premised on the sale of the Plan Debtors' real estate and other assets and the success of various litigation commenced by the Plan Debtors against Lehman, including objections to Lehman's claims. The Plan Debtors anticipate making payments to all creditors, including the unsecured creditors, from the proceeds of these sales and any judgment that may be obtained from the litigation. The SunCal I Plan provides different treatment for unsecured creditors that hold "Reliance Claims" (defined below) and those that do not.

Although the SunCal I Plan is styled as a single document, it is in fact a separate plan for each of the Plan Debtors. Therefore, the SunCal I Plan may be confirmed as to some of the Plan Debtors, but not as to others.

## Unsecured Creditors that Hold Reliance Claims

The SunCal I Plan provides unsecured creditors holding "Reliance Claims"[4] – which are claims held by unsecured creditors that are the beneficiaries of any judgment obtained in the litigation against Lehman – with the option to sell their claims to LitCo, a third party, for 55% of the allowed amount of such Reliance Claim. All unsecured claims against SunCal Emerald Meadows, LLC and Acton Estates, LLC are Reliance Claims. A list of unsecured claims that are Reliance Claims in the cases of Palmdale Hills Property LLC and SunCal Bickford Ranch, LLC is attached to the Disclosure Statement as Exhibit "8".[5] **If you have an unsecured claim against Palmdale Hills Property LLC or SunCal Bickford Ranch, LLC, you should review Exhibit "8" carefully as your claim may not be listed as a Reliance Claim or the amount of your claim listed on Exhibit "8" may differ from the amount of the proof of claim that you filed.** The Plan Debtors have agreed to allow each of the Reliance Claims listed in Exhibit "8" so long as the creditor holding such Reliance Claim does not dispute the amount of the Reliance Claim. If a creditor believes that the amount of its claim listed on Exhibit "8" is incorrect and wants to dispute the amount of such claim, the Plan Debtors reserve the right to object to the claim on any

---

[3] The Committee has included a letter with the Lehman Plan discussing its recommendation that unsecured creditors also cast their votes to accept the Lehman Plan.

[4] See the Disclosure Statement contained in the same package as this letter for a more thorough definition of "Reliance Claims."

[5] The Reliance Claims listed on Exhibit "8" were determined to be Reliance Claims based on a number of factors, including a review of the books and records of the applicable Plan Debtor, such Plan Debtor's schedules, the proofs of claim filed against such Plan Debtor, and an analysis of the list of creditors and amounts contained in the Restructuring Agreement executed with Lehman and certain related entities on May 23, 2008, and the Settlement Agreement executed with Lehman and certain related entities on August 25, 2008.

Exhibit ___2___
Page ___11___

grounds, including whether such claim is a Reliance Claim under the SunCal I Plan. Because no list of potential Reliance Claims for the estates of SunCal Emerald Meadows LLC and Acton Estates, LLC was provided with the Disclosure Statement, it is unknown whether holders of Reliance Claims against either of SunCal Emerald Meadows, LLC or Acton Estates, LLC will be afforded the same treatment as holders of Reliance Claims against Palmdale Hills Property LLC or SunCal Bickford Ranch, LLC as set forth in Exhibit "8" to the Disclosure Statement. The Disclosure Statement is silent on this point.

If the SunCal I Plan is confirmed, LitCo will make payments to holders of Reliance Claims that sell their claims to LitCo between ninety and one hundred fifty days following confirmation of the SunCal I Plan. Creditors holding Reliance Claims that do not sell their claims to LitCo will receive a distribution of 1% of the amount of their allowed claims, plus a share of any recovery from the litigation against Lehman. The Plan Debtors will pay the 1% distribution to holders of Reliance Claims that do not sell their claims to LitCo between ninety and one hundred fifty days following confirmation of the SunCal I Plan. It is unknown when the litigation against Lehman will be completed and the outcome of this litigation cannot be anticipated.

Unsecured Creditors that do Not Hold Reliance Claims

Unsecured creditors that do not hold Reliance Claims will receive a distribution of 1% of the amount of their allowed claim, plus the potential to receive additional distributions if additional funds remain after the payment of all post-confirmation expenses, allowed administrative claims, allowed priority claims, and amounts to holders of Reliance Claims on account of a judgment in certain litigation against Lehman. The Plan Debtors will pay the 1% distribution to holders of unsecured claims that are not Reliance Claims between ninety and one hundred fifty days following confirmation of the SunCal I Plan.

Holders of Secured Claims Based on Mechanic's Liens

Creditors that filed secured claims against the Plan Debtors based on mechanic's liens should carefully review the SunCal I Plan and Disclosure Statement. Under the SunCal I Plan, holders of mechanic's liens shall receive payment from the net proceeds of any sale of the applicable Plan Debtors' assets, following the payment of any senior lien. Because the outcome of any litigation against Lehman, the Plan Debtors' lender, is unknown, whether or not payments on account of these alleged mechanic's lien claims will be made is also unknown. **Holders of mechanic's liens may therefore receive the treatment of unsecured claims set forth above.** Holders of claims based on mechanic's liens should review Exhibit "8" to the Disclosure Statement to see if their claim is a Reliance Claim, as discussed above.

The Committee's Recommendation

While the SunCal I Plan contains contingencies to its confirmation (the most critical of which is that LitCo must obtain financing to purchase the Reliance Claims for 55% and to pay for other chapter 11 related claims and expenses), the Committee believes that voting to accept the SunCal I Plan places creditors in the best position to receive a meaningful distribution in the Plan Debtors' cases.

Since its appointment, the Committee has engaged in extensive negotiations with the Voluntary Debtors, Lehman, and various other interested parties to formulate the competing plans and improve the treatment of unsecured creditors thereunder. These negotiations resulted in material improvements in the distributions to unsecured creditors and in the terms and timing affecting such distributions. The Committee also has considered and discussed extensively the availability and viability of alternatives to the plans proposed by the Plan Debtors and by Lehman.

Exhibit ___2___
Page ___12___

**After consideration of the available alternatives, the Committee has determined that it is in the best interest of unsecured creditors to vote to accept both the SunCal I Plan and the Lehman Plan.** Voting to accept the SunCal I Plan will at least allow the Plan Debtors to proceed towards confirmation and provide them the opportunity to satisfy, if possible, the various confirmation criteria. Creditors may vote to accept both the SunCal I Plan and the Lehman Plan. If creditors vote to accept both plans and both plans otherwise satisfy the confirmation requirements set forth in the Bankruptcy Code, the Bankruptcy Court will decide which plan(s) is (are) in the best interest of all creditors. The Bankruptcy Court could, for example, confirm the SunCal I Plan as to some of the Plan Debtors (such as SunCal Emerald Meadows, LLC, which is one of the Lehman Omitted Debtors) and confirm the Lehman Plan, which covers the balance of the Plan Debtors. Accordingly, the Committee believes that acceptance of both the SunCal I Plan and the Lehman Plan by unsecured creditors will enable the Bankruptcy Court to make the determination as to which plan(s) is (are) in the best interest of creditors and, on that basis, urges unsecured creditors to vote to accept the SunCal I Plan.

THE COMMITTEE THEREFORE RECOMMENDS THAT EACH CLAIMANT CAST A VOTE IN SUPPORT OF THE CONFIRMATION OF THE SUNCAL I PLAN. A claimant may cast a vote in favor of the confirmation of the SunCal I Plan by marking on the ballot, which was mailed to you in the same package as this letter, the box entitled "Accepts."

THE COMMITTEE ALSO RECOMMENDS THAT THE HOLDERS OF RELIANCE CLAIMS AGAINST THE PLAN DEBTORS ELECT TO SELL THEIR CLAIMS TO LITCO. Holders of Reliance Claims that elect not to sell their claims to LitCo will receive a distribution of 1% of the amount of their allowed claims and a right to receive a portion of any recovery in the litigation against Lehman, and will have to wait until the litigation with Lehman is completed before receiving any further distribution (as compared to a distribution of 55% of the amount of their allowed claims following confirmation of the SunCal I Plan). A claimant may opt to sell its claim to LitCo by marking on the ballot, which was mailed to you with the SunCal I Plan on or around August 25, 2011, the box entitled "Option A".[6]

Once you have done so, please complete and mail your ballot in accordance with the instructions accompanying the ballot. **Please note that the deadline for the receipt of ballots by the Plan Debtors is September 19, 2011.**

In the event that you have any questions regarding the foregoing, please feel free to contact the Committee's counsel, Alan Friedman, Irell & Manella LLP, at (949) 760-5107 or afriedman@irell.com.

Official Committee of Unsecured Creditors

_____/s/_____
By:  Brad Gates
       Creekside Development, Inc.
Its:  Chair

---

[6] This sale will occur only if the SunCal I Plan is confirmed, and does not prevent you from also voting to accept the Lehman Plan.

Exhibit ___2___
Page _____13___

# EXHIBIT "3"

FROM:    **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN THE
CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY LLC AND ITS
AFFILIATED DEBTORS**[1] (the "**Committee**")

TO:    **ALL UNSECURED CREDITORS OF SUNCAL BEAUMONT HEIGHTS, LLC
AND SUNCAL JOHANNSON RANCH, LLC (the "Plan Debtors")**

**AS DISCUSSED HEREIN, THE COMMITTEE IS RECOMMENDING THAT ALL
HOLDERS OF UNSECURED CLAIMS CAST THEIR VOTES TO ACCEPT THE SUNCAL II
PLAN (DEFINED HEREIN)**

The Committee

    The Plan Debtors commenced their chapter 11 bankruptcy cases in November 2008. On
December 2, 2008, the Office of the United States Trustee, a division of the U.S. Justice Department,
appointed the members of the Committee in the chapter 11 cases of Palmdale Hills Property LLC and its
affiliated debtors. The Committee is a representative body and contains creditors holding different types
of unsecured claims against the Voluntary Debtors and presently is comprised of the following members:
(i) Creekside Development, Inc. - Sheriff Brad Gates (Ret.), Chair; (ii) Klassen Corp. - Nicole Jannett;
(iii) Hunsaker and Associates Irvine Inc. - Bradley Hay; (iv) Proactive Engineering Consultants, Inc. -
George Lenfestey; (v) Far West Construction, Inc. - Jennifer Alger; (vi) HMK Engineering, Inc. - Liliana
Quezada; (vii) Urban Crossroads, Inc. - John Kain; and (viii) Bon Terra Consulting - Tracy Zucker. The
Committee is represented by Irell & Manella LLP as its bankruptcy counsel.

The Chapter 11 Plans

    In the same package as this letter is a copy of a plan of reorganization for SunCal Beaumont
Beaumont Heights, LLC and SunCal Johannson Ranch, LLC[2] (the "SunCal II Plan") proposed by the Plan
Debtors and SCC Acquisitions, Inc. (an indirect parent company of the Plan Debtors), with the related
disclosure statement (the "Disclosure Statement"). The Disclosure Statement contains a description of the
SunCal II Plan, as well as discussions of the sale of the Plan Debtors' assets, significant events that have
occurred during the chapter 11 cases, and certain other pertinent information. Please read the SunCal II
Plan and the Disclosure Statement carefully so that you can make an informed decision regarding the
SunCal II Plan.

---

    [1] The affiliated debtors are: Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC,
SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal Emerald
Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers, LLC, SJD Partners,
Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC, SunCal Communities
III, LLC, SCC Communities LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the
"Voluntary Debtors").

    [2] The SunCal II Plan only affects these two debtors. The Voluntary Debtors have proposed three
other plans for certain of the other Voluntary Debtors – Palmdale Hills Property, LLC, SunCal Emerald
Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, SCC Communities LLC, Tesoro SF,
LLC, North Orange Del Rio Land, LLC, SJD Partners, Ltd., and SJD Development Corp. – through
separate documents (the "Other SunCal Plans"). The Voluntary Debtors have not proposed a plan of
reorganization for the remainder of the Voluntary Debtors: SCC/Palmdale, LLC, SunCal Summit Valley,
LLC, Seven Brothers, LLC, Kirby Estates, LLC, SunCal Communities I, LLC, and SunCal Communities
III, LLC (the "SunCal Omitted Debtors"). The Committee has included a letter with each of the Other
SunCal Plans discussing its recommendation that unsecured creditors also cast their votes to accept the
Other SunCal Plans.

Exhibit _____5/____
Page _____15____

Lehman Commercial Paper Inc. and its affiliates (collectively, "Lehman"), the Voluntary Debtors' lenders, have also proposed a plan of reorganization for eleven of the Voluntary Debtors (including some of the SunCal Omitted Debtors): Acton Estates, LLC, Palmdale Hills Property, LLC, SCC Communities LLC, SunCal Communities I, LLC, SunCal Bickford Ranch, LLC, SunCal Summit Valley, LLC, Tesoro SF, LLC, Seven Brothers, LLC, Kirby Estates, LLC, SunCal Beaumont Heights, LLC, and SunCal Johannson Ranch, LLC (the "Lehman Plan"). Copies of the Lehman Plan, with accompanying disclosure statement, were mailed to you on or around August 25, 2011.[3]

The SunCal II Plan

The SunCal II Plan is premised on the sale of the Plan Debtors' real estate and other assets. The Plan Debtors anticipate making payments to all creditors, including unsecured creditors, from the proceeds of these sales. The Plan Debtors have informed the Committee that they anticipate that the sale of the Plan Debtors' assets will allow them to pay unsecured creditors 100% of unsecured creditors' claims following the sale of the Plan Debtors' assets. If the SunCal II Plan is confirmed, and the sale generates the revenue as anticipated by the Plan Debtors, the distribution to unsecured creditors will occur between ninety and one hundred fifty days following confirmation.

Although the SunCal II Plan is styled as a single document, it is in fact a separate plan for each of the Plan Debtors. Therefore, the SunCal II Plan may be confirmed as to one of the Plan Debtors, but not the other.

The Committee's Recommendation

While the SunCal II Plan contains contingencies to its confirmation (such as the Plan Debtors obtaining financing to pay for chapter 11 related claims and expenses unless such costs are paid from the proceeds of the sale), the Committee believes that voting to accept the SunCal II Plan places creditors in the best position to receive a meaningful distribution in the Plan Debtors' cases.

Since its appointment, the Committee has engaged in extensive negotiations with the Voluntary Debtors, Lehman, and various other interested parties to formulate the competing plans and improve the treatment of unsecured creditors thereunder. These negotiations resulted in material improvements in the distributions to unsecured creditors and in the terms and timing affecting such distributions. The Committee also has considered and discussed extensively the availability and viability of alternatives to the plans proposed by the Voluntary Debtors and by Lehman.

**After consideration of the available alternatives, the Committee has determined that it is in the best interest of unsecured creditors to vote to accept both the SunCal II Plan and the Lehman Plan.** Voting to accept the SunCal II Plan will at least allow the Plan Debtors to proceed towards confirmation and provide them the opportunity to satisfy, if possible, the various confirmation criteria. Creditors may vote to accept both the SunCal II Plan and the Lehman Plan. If creditors vote to accept both plans, and both plans otherwise satisfy the confirmation requirements set forth in the Bankruptcy Code, the Bankruptcy Court will decide which plan is in the best interest of all creditors. The Bankruptcy Court could, for example, confirm the SunCal II Plan as to one of the Plan Debtors and confirm the Lehman Plan as to the other Plan Debtor. Accordingly, the Committee believes that acceptance of both the SunCal II Plan and the Lehman Plan by unsecured creditors will optimize the recoveries to all unsecured creditors and, on that basis, urges unsecured creditors to vote to accept the SunCal II Plan.

---

[3] The Committee has included a letter with the Lehman Plan discussing its recommendation that unsecured creditors also cast their votes to accept the Lehman Plan.

Exhibit _____ 3
Page _____ 14

**THE COMMITTEE THEREFORE RECOMMENDS THAT EACH CLAIMANT CAST A VOTE IN SUPPORT OF THE CONFIRMATION OF THE SUNCAL II PLAN.** A claimant may cast a vote in favor of the confirmation of the SunCal II Plan by marking on the ballot, which was mailed to you in the same package as this letter, the box entitled "Accepts."

Once you have done so, please complete and mail your ballot in accordance with the instructions accompanying the ballot. **Please note that the deadline for the receipt of ballots by the Plan Debtors is September 19, 2011.**

**In the event that you have any questions regarding the foregoing, please feel free to contact the Committee's counsel, Alan Friedman, Irell & Manella LLP, at (949) 760-5107 or afriedman@irell.com.**

**Official Committee of Unsecured Creditors**

_____/s/_____
By:  Brad Gates
      Creekside Development, Inc.
Its:  Chair

Exhibit ____3____
Page ____17____

# **EXHIBIT "4"**

Exhibit ____4____
Page ____18____

FROM:        THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN THE
             CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY LLC AND ITS
             AFFILIATED DEBTORS[1] (the "Committee")

TO:          ALL UNSECURED CREDITORS OF SCC COMMUNITIES LLC, NORTH
             ORANGE DEL RIO LAND, LLC, AND TESORO SF, LLC (the "Plan Debtors")

       AS DISCUSSED HEREIN, THE COMMITTEE IS RECOMMENDING THAT ALL
HOLDERS OF UNSECURED CLAIMS CAST THEIR VOTES TO ACCEPT THE SUNCAL III
PLAN (DEFINED HEREIN)

The Committee

       The Plan Debtors commenced their chapter 11 bankruptcy cases in November 2008. On
December 2, 2008, the Office of the United States Trustee, a division of the U.S. Justice Department,
appointed the members of the Committee in the chapter 11 cases of Palmdale Hills Property LLC and its
affiliated debtors. The Committee is a representative body and contains creditors holding different types
of unsecured claims against the Voluntary Debtors and presently is comprised of the following members:
(i) Creekside Development, Inc. - Sheriff Brad Gates (Ret.), Chair; (ii) Klassen Corp. - Nicole Jannett;
(iii) Hunsaker and Associates Irvine Inc. - Bradley Hay; (iv) Proactive Engineering Consultants, Inc. -
George Lenfestey; (v) Far West Construction, Inc. - Jennifer Alger; (vi) HMK Engineering, Inc. - Liliana
Quezada; (vii) Urban Crossroads, Inc. - John Kain; and (viii) Bon Terra Consulting - Tracy Zucker. The
Committee is represented by Irell & Manella LLP as its bankruptcy counsel.

The Chapter 11 Plans

       In the same package as this letter is a copy of a plan of reorganization for SCC Communities
LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC[2] (the "SunCal III Plan") proposed by the
Plan Debtors and SCC Acquisitions, Inc. (an indirect parent company of the Plan Debtors), with the
related disclosure statement (the "Disclosure Statement"). The Disclosure Statement contains a
description of the SunCal III Plan, as well as discussions of the sale of the Plan Debtors' assets, the
pending litigation, significant events that have occurred during the chapter 11 cases, and certain other
pertinent information. Please read the SunCal III Plan and the Disclosure Statement carefully so that you
can make an informed decision regarding the SunCal III Plan.

---

       [1] The affiliated debtors are: Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC,
SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal Emerald
Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers, LLC, SJD Partners,
Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC, SunCal Communities
III, LLC, SCC Communities LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the
"Voluntary Debtors").

       [2] The SunCal III Plan only affects these three debtors. The Voluntary Debtors have proposed
three other plans for certain of the other Voluntary Debtors – Palmdale Hills Property, LLC, SunCal
Emerald Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, SunCal Beaumont Heights,
LLC, SunCal Johannson Ranch, LLC, SJD Partners, Ltd., and SJD Development Corp. – through separate
documents (the "Other SunCal Plans"). The Voluntary Debtors have not proposed a plan of
reorganization for the remainder of the Voluntary Debtors: SCC/Palmdale, LLC, SunCal Summit Valley,
LLC, Seven Brothers, LLC, Kirby Estates, LLC, SunCal Communities I, LLC, and SunCal Communities
III, LLC (the "SunCal Omitted Debtors"). The Committee has included a letter with each of the Other
SunCal Plans discussing its recommendation that unsecured creditors also cast their votes to accept the
Other SunCal Plans.

Exhibit _____4_____
Page _____19_____

Lehman Commercial Paper Inc. and its affiliates (collectively, "Lehman"), the Plan Debtors' lenders, have also proposed a plan of reorganization for eleven of the Voluntary Debtors (including some of the SunCal Omitted Debtors): Acton Estates, LLC, Palmdale Hills Property, LLC, SCC Communities LLC, SunCal Communities I, LLC, SunCal Bickford Ranch, LLC, SunCal Summit Valley, LLC, Tesoro SF, LLC, Seven Brothers, LLC, Kirby Estates, LLC, SunCal Beaumont Heights, LLC, and SunCal Johannson Ranch, LLC (the "Lehman Plan"). Lehman has not proposed a plan of reorganization for the remainder of the Voluntary Debtors, including SunCal Emerald Meadows, LLC, SCC/Palmdale, LLC, SunCal Emerald Meadows, LLC, SJD Partners, Ltd., SJD Development Corp., SunCal Communities III, LLC, and **North Orange Del Rio Land, LLC (which is one of the Plan Debtors)** (collectively, the "Lehman Omitted Debtors"). Copies of the Lehman Plan, with accompanying disclosure statement, were mailed to you on or around August 25, 2011.[3]

The SunCal III Plan

The SunCal III Plan is premised on the sale of the Plan Debtors' real estate and other assets and the success of various litigation commenced by the Plan Debtors against Lehman, including objections to Lehman's claims. The Plan Debtors anticipate making payments to all creditors, including the unsecured creditors, from the proceeds of these sales and any judgment obtained from the litigation against Lehman. Unsecured creditors of the Plan Debtors will be entitled to a pro rata distribution of any available funds from the sale of the Plan Debtors' assets and any recovery from pending litigation brought by the Plan Debtors, following the payment in full of all administrative claims, secured claims, and priority claims. It is unknown when the litigation against Lehman will be completed and the outcome of this litigation cannot be anticipated, although the Plan Debtors have filed a motion for summary judgment that, if granted, would resolve certain aspects of the pending litigation and would free up certain assets for sale, and the proceeds of such sales would be distributed to creditors. This motion is scheduled to be heard in September 2011. However, beyond this one motion, even assuming that it is resolved in favor of the Plan Debtors, neither the Plan Debtors nor the Committee can predict when unsecured creditors will receive any payment or the amount of any payment.

Although the SunCal III Plan is styled as a single document, it is in fact a separate plan for each of the Plan Debtors. Therefore, the SunCal III Plan may be confirmed as to some of the Plan Debtors, but not as to others.

Holders of Secured Claims Based on Mechanic's Liens

Creditors that filed secured claims against the Plan Debtors based on mechanic's liens should carefully review the SunCal III Plan and Disclosure Statement. Under the SunCal III Plan, holders of mechanic's liens shall receive payment from the net proceeds of any sale of the applicable Plan Debtors' assets, following the payment of any senior lien. Because the outcome of any litigation against Lehman, the Plan Debtors' lender, is unknown, whether there will be any funds available to pay holders of mechanic's lien is also unknown. Holders of mechanic's liens may therefore receive the treatment of unsecured claims set forth above.

The Committee's Recommendation

While the SunCal III Plan contains contingencies to its confirmation, the Committee believes that voting to accept the SunCal III Plan places creditors in the best position to receive a meaningful distribution in the Plan Debtors' cases.

---

[3] The Committee has included a letter with the Lehman Plan discussing its recommendation that unsecured creditors also cast their votes to accept the Lehman Plan.

Exhibit ___4___
Page ____20____

Since its appointment, the Committee has engaged in extensive negotiations with the Voluntary Debtors, Lehman, and various other interested parties to formulate the competing plans and improve the treatment of unsecured creditors thereunder. These negotiations resulted in material improvements in the distributions to unsecured creditors and in the terms and timing affecting such distributions. The Committee also has considered and discussed extensively the availability and viability of alternatives to the plans proposed by the Voluntary Debtors and by Lehman.

**After consideration of the available alternatives, the Committee has determined that it is in the best interest of unsecured creditors to vote to accept both the SunCal III Plan and the Lehman Plan**. Voting to accept the SunCal III Plan will at least allow the Plan Debtors to proceed towards confirmation and provide them the opportunity to satisfy, if possible, the various confirmation criteria. Creditors may vote to accept both the SunCal III Plan and the Lehman Plan. If creditors vote to accept both plans, and both plans otherwise satisfy the confirmation requirements set forth in the Bankruptcy Code, the Bankruptcy Court will decide which plan is in the best interest of all creditors. The Bankruptcy Court could, for example, confirm the SunCal III Plan as to some of the Plan Debtors (such as North Orange Del Rio Land, LLC, which is one of the Lehman Omitted Debtors) and confirm the Lehman Plan, which covers the remaining Plan Debtors. Accordingly, the Committee believes that acceptance of both the SunCal III Plan and the Lehman Plan by unsecured creditors will optimize the recoveries to all unsecured creditors and, on that basis, urges unsecured creditors to vote to accept the SunCal III Plan.

**THE COMMITTEE THEREFORE RECOMMENDS THAT EACH CLAIMANT CAST A VOTE IN SUPPORT OF THE CONFIRMATION OF THE SUNCAL III PLAN**. A claimant may cast a vote in favor of the confirmation of the SunCal III Plan by marking on the ballot, which was mailed to you in the same package as this letter, the box entitled "Accepts."

Once you have done so, please complete and mail your ballot in accordance with the instructions accompanying the ballot. **Please note that the deadline for the receipt of ballots by the Plan Debtors is September 19, 2011.**

In the event that you have any questions regarding the foregoing, please feel free to contact the Committee's counsel, Alan Friedman, Irell & Manella LLP, at (949) 760-5107 or afriedman@irell.com.

**Official Committee of Unsecured Creditors**

_____/s/_____
By:  Brad Gates
         Creekside Development, Inc.
Its:  Chair

Exhibit ___4___
Page ___21___

# EXHIBIT "5"

Exhibit  5
Page    22

0.0 01

FROM:        THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN THE
             CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY LLC AND ITS
             AFFILIATED DEBTORS[1] (the "Committee")

TO:          ALL UNSECURED CREDITORS OF SJD PARTNERS, LTD. AND SJD
             DEVELOPMENT CORP. (the "Plan Debtors")

     AS DISCUSSED HEREIN, THE COMMITTEE IS RECOMMENDING THAT ALL
HOLDERS OF UNSECURED CLAIMS CAST THEIR VOTES TO ACCEPT THE SUNCAL IV
PLAN (DEFINED HEREIN)

The Committee

     The Plan Debtors commenced their chapter 11 bankruptcy cases in November 2008.  On
December 2, 2008, the Office of the United States Trustee, a division of the U.S. Justice Department,
appointed the members of the Committee in the chapter 11 cases of Palmdale Hills Property LLC and its
affiliated debtors.  The Committee is a representative body and contains creditors holding different types
of unsecured claims against the Voluntary Debtors and presently is comprised of the following members:
(i) Creekside Development, Inc. - Sheriff Brad Gates (Ret.), Chair; (ii) Klassen Corp. - Nicole Jannett;
(iii) Hunsaker and Associates Irvine Inc. - Bradley Hay; (iv) Proactive Engineering Consultants, Inc. -
George Lenfestey; (v) Far West Construction, Inc. - Jennifer Alger; (vi) HMK Engineering, Inc. - Liliana
Quezada; (vii) Urban Crossroads, Inc. - John Kain; and (viii) Bon Terra Consulting - Tracy Zucker.  The
Committee is represented by Irell & Manella LLP as its bankruptcy counsel.

The Chapter 11 Plans

     In the same package as this letter is a copy of a plan of reorganization for SJD Partners, Ltd. and
SJD Development Corp.[2] proposed by the Plan Debtors and SCC Acquisitions, Inc. (an indirect parent
company of the Plan Debtors) (the "SunCal IV Plan"), with the related disclosure statement (the
"Disclosure Statement").  The Disclosure Statement contains a description of the SunCal IV Plan, as well
as discussions of the pending litigation, significant events that have occurred during the chapter 11 cases,
and certain other pertinent information.  Please read the SunCal IV Plan and the Disclosure Statement
carefully so that you can make an informed decision regarding the SunCal IV Plan.

---

[1] The affiliated debtors are: Palmdale Hills Property, LLC, SunCal Beaumont Heights, LLC,
SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal Emerald
Meadows, LLC, SunCal Bickford Ranch, LLC, Acton Estates, LLC, Seven Brothers, LLC, SJD Partners,
Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC, SunCal Communities
III, LLC, SCC Communities LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the
"Voluntary Debtors").

[2] The Voluntary Debtors have proposed three other plans for certain of the other Voluntary
Debtors – Palmdale Hills Property, LLC, SunCal Emerald Meadows, LLC, SunCal Bickford Ranch, LLC,
Acton Estates, LLC, SCC Communities LLC, Tesoro SF, LLC, North Orange Del Rio Land, LLC,
SunCal Johannson Ranch, LLC, and SunCal Beaumont Heights, LLC – through separate documents (the
"Other SunCal Plans").  The Voluntary Debtors have not proposed a plan of reorganization for the
remainder of the Voluntary Debtors: SCC/Palmdale, LLC, SunCal Summit Valley, LLC, Seven Brothers,
LLC, Kirby Estates, LLC, SunCal Communities I, LLC, and SunCal Communities III, LLC (the "SunCal
Omitted Debtors").  The Committee has included a letter with each of the Other SunCal Plans discussing
its recommendation that unsecured creditors also cast their votes to accept the Other SunCal Plans.

Exhibit  6
Page  23

Lehman Commercial Paper Inc. and its affiliates (collectively, "Lehman"), the Plan Debtors' lenders, have also proposed a plan of reorganization for eleven of the Voluntary Debtors, but not either of the Plan Debtors.

The SunCal IV Plan

The SunCal IV Plan is premised on the success of various litigation commenced by the Plan Debtors against Lehman, including litigation concerning the acquisition of real property owned by the Plan Debtors prior to the commencement of the bankruptcy cases (the "Project"). The Plan Debtors anticipate making payments to all creditors, including the unsecured creditors, primarily from any judgment obtained from the litigation against Lehman. It is unknown when the litigation against Lehman will be completed and the outcome of this litigation cannot be anticipated. The SunCal IV Plan provides different treatment for unsecured creditors that hold "Reliance Claims" (defined below) and those that do not.

Although the SunCal IV Plan is styled as a single document, it is in fact a separate plan for each of the Plan Debtors. Therefore, the SunCal IV Plan may be confirmed as to one of the Plan Debtors, but not as to the other.

Unsecured Creditors that Hold Reliance Claims

Under the SunCal IV Plan, unsecured creditors holding "Reliance Claims"[3] – which are claims held by unsecured creditors that are the beneficiaries of any judgment obtained in the litigation against Lehman – will receive a distribution of 1% of the amount of their allowed claim following confirmation of the SunCal IV Plan, with the possibility of receiving a distribution of up to 50% of the amount of their allowed claim if the Project is acquired by LitCo (a third party) or its designee and certain other conditions are met. A list of Reliance Claims in the Plan Debtors' cases is attached to the disclosure statement as Exhibit "8."[4]  **You should review Exhibit "8" carefully as your claim may not be listed as a Reliance Claim or the amount of your claim listed on Exhibit "8" may differ from the amount of the proof of claim that you filed.** The Plan Debtors have agreed to allow each of the Reliance Claims listed in Exhibit "8" so long as the creditor holding such Reliance Claim does not dispute the amount of the Reliance Claim. If a creditor believes that the amount of its claim listed on Exhibit "8" is incorrect and wants to dispute the amount of such claim, the Plan Debtors reserve the right to object to the claim on any grounds, including whether such claim is a Reliance Claim under the SunCal IV Plan.

If the SunCal IV Plan is confirmed, the 1% distribution to holders of Reliance Claims will be made thirty days following confirmation of the SunCal IV Plan. The remaining 49% payment to holders of Reliance Claims will be made if and when the Project is acquired by LitCo or its designee, free and clear of all liens and claims, and certain other conditions are met. Neither the Plan Debtors nor the Committee can predict when or if holders of Reliance Claims will receive the remaining 49% distribution. The SunCal IV Plan provides that no further distribution will be made if the Project is not acquired within five years of confirmation.

---

[3] See the Disclosure Statement contained in the same package as this letter for a more thorough definition of "Reliance Claims."

[4] The Reliance Claims listed on Exhibit "8" were determined to be Reliance Claims based on a number of factors, including a review of the books and records of the applicable Plan Debtor, such Plan Debtor's schedules, the proofs of claim filed against such Plan Debtor, and an analysis of the list of creditors and amounts contained in the Restructuring Agreement executed with Lehman and certain related entities on May 23, 2008, and the Settlement Agreement executed with Lehman and certain related entities on August 25, 2008.

Exhibit ___5___
Page ___24___

Unsecured Creditors that do Not Hold Reliance Claims

Unsecured creditors that do not hold Reliance Claims will be entitled to a pro rata distribution of any recovery from pending litigation brought by the Plan Debtors (except the proceeds of certain litigation involving Lehman), if additional funds remain after the payment of all other creditors. Neither the Plan Debtors nor the Committee can predict when unsecured creditors will receive any payment or the amount of any payment.

The Committee's Recommendation

While the SunCal IV Plan contains contingencies to its confirmation, the Committee believes that voting to accept the SunCal IV Plan provides creditors with the best (and currently, only) opportunity to receive any distribution in the Plan Debtors' cases.

Since its appointment, the Committee has engaged in extensive negotiations with the Voluntary Debtors, Lehman, and various other interested parties to formulate the SunCal IV Plan and improve the treatment of unsecured creditors thereunder. These negotiations resulted in material improvements in the distributions to unsecured creditors and in the terms and timing affecting such distributions. The Committee also has considered and discussed extensively the availability and viability of alternatives to the SunCal IV Plan.

**After consideration of the available alternatives, the Committee has determined that it is in the best interest of unsecured creditors to vote to accept the SunCal IV Plan, especially since Lehman has not proposed any alternative**. Voting to accept the SunCal IV Plan will at least allow the Plan Debtors to proceed towards confirmation and provide them with an opportunity to satisfy, if possible, the various confirmation criteria.

**THE COMMITTEE THEREFORE RECOMMENDS THAT EACH CLAIMANT CAST A VOTE IN SUPPORT OF THE CONFIRMATION OF THE SUNCAL IV PLAN.** A claimant may cast a vote in favor of the confirmation of the SunCal IV Plan by marking on the ballot, which was mailed to you in the same package as this letter, the box entitled "Accepts."

Once you have done so, please complete and mail your ballot in accordance with the instructions accompanying the ballot. **Please note that the deadline for the receipt of ballots by the Plan Debtors is September 19, 2011.**

In the event that you have any questions regarding the foregoing, please feel free to contact the Committee's counsel, Alan Friedman, Irell & Manella LLP, at (949) 760-5107 or afriedman@irell.com.

Official Committee of Unsecured Creditors

_____/s/_____
By: Brad Gates
     Creekside Development, Inc.
Its: Chair

Exhibit ___5___
Page ___25___
2472821.2 10                                    - 3 -

1

PROOF OF SERVICE OF DOCUMENT

2

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business
3   address is: 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660.

4   The foregoing document described as **NOTICE OF FILING OF VOLUNTARY COMMITTEE'S
PLAN LETTERS** will be served or was served (a) on the judge in chambers in the form and
5   manner required by LBR 5005-2(d); and (b) in the manner indicated below:

6   **I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** –
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document
7   will be served by the court via NEF and hyperlink to the document. On August 12, 2011, I checked the
CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following
8   person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es)
indicated below:

9                                         ⊠  Service information continued on attached page

10  **II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity
served)**:**
11  On August 12, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in
12  the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as
follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later*
13  *than 24 hours after the document is filed.*

14                                        ⊠  Service information continued on attached page

15  **III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate
method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____,
16  2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented
in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge*
17  *here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours*
*after the document is filed.*
18  CAUSED TO BE SERVED BY PERSONAL DELIVERY/MESSENGER:
Chambers of the Honorable Erithe A. Smith
19  United States Bankruptcy Court
Ronald Reagan Federal Bldg., Bin/Suite 5097
20  411 W. Fourth Street
Santa Ana, CA 92701-4593

21
                                          ☐  Service information continued on attached page
22
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true
23  and correct.

24  | 8/12/11 | Lori Gauthier | /s/ Lori Gauthier |
    |---------|---------------|--------------------|
    | Date    | Type Name     | Signature          |

25

26

27

28

2476916                                    - 1 -

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com,
  pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com
- Jonathan S Dabbieri    dabbieri@sullivan.com,
  hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning    ddunning@dunningLaw.com
- Meredith R Edelman    meredith.edelman@dlapiper.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com

2476916

- Lawrence A Jacobson    laj@cohenandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkclaw.com
- Claude F Kolm    claude.kolm@acgov.org
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com,
  vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Craig Millet    cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Scott H Olson    solson@seyfarth.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Daryl G Parker    dparker@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Robert J Pfister    rpfister@ktbslaw.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com, smcloughlin@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Gerald N Sims    jerrys@psdslaw.com, bonniec@psdslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com

1
- Michael St James     ecf@stjames-law.com
- Michael K Sugar     msugar@irell.com
2
- Cathy Ta     cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem     davidtilem@tilemlaw.com,
3
  malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till     jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
4
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh     cgunruh@sbcglobal.net
5
- Annie Verdries     verdries@lbbslaw.com
- Jason Wallach     jwallach@gladstonemichel.com
6
- Joshua D Wayser     , kim.johnson@kattenlaw.com
- Marc J Winthrop     mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
7
- David M Wiseblood     dwiseblood@seyfarth.com
- Brett K Wiseman     bwiseman@aalaws.com
8
- Dean A Ziehl     dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman     joshuasdaddy@att.net
9

## SERVED VIA FIRST-CLASS MAIL:

10

11

| | |
|---|---|
| Counsel for Voluntary Debtors<br>Winthrop Couchot<br>Paul J. Couchot, Esq.<br>660 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660 | Counsel for SunCal Plan Proponents<br>Rus Miliband & Smith, P.C<br>Attn: Joel Miliband, Esq.<br>2211 Michelson Drive, Seventh Floor<br>Irvine, CA 92612 |
| Counsel to S. Speier<br>The Lobel Firm<br>William N. Lobel, Esq. and Mike Neue, Esq.<br>840 Newport Center Drive, Suite 750<br>Newport Beach, CA 92660 . | Steven M. Speier – Chapter 11 Trustee<br>4100 Newport Place, Suite 300<br>PO Box 7637<br>Newport Beach, CA 92658 |
| Counsel for SunCal Acquisitions<br>Rus Miliband & Smith, P.C.<br>Attn: Joel Miliband, Esq.<br>2211 Michelson Drive<br>Seventh Floor<br>Irvine, CA 92612 | Counsel for Lehman Plan Proponents<br>Pachulski Stang Ziehl & Jones LLP<br>Attn: Richard Pachulski, Esq.<br>10100 Santa Monica Blvd., 11th Floor<br>Los Angeles, CA 90067 |
| Office of the U.S. Trustee<br>Attn: Michael J. Hauser, Esq.<br>411 W. Fourth Street #9041<br>Santa Ana, CA 92701 | Counsel to Joint Committee of Creditors<br>Weiland, Golden, Smiley, Wang Ekvall & Strok,<br>Lei Lei Wang Ekvall, Esq. and<br>Hutchison B. Meltzer, Esq.<br>650 Town Center Drive, Suite 950<br>Costa Mesa, CA 92626 |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28