Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California  90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>    Jointly Administered Debtors and<br>    Debtors-In-Possession.<br><br>Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC<br>☒ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☒ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☒ SunCal Emerald Meadows, LLC<br>☒ SunCal Bickford Ranch, LLC<br>☒ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☒ SJD Partners, Ltd.<br>☒ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☒ SCC Communities, LLC<br>☒ North Orange Del Rio Land, LLC<br>☒ Tesoro SF, LLC<br>☒ LB-L-SunCal Oak Valley, LLC<br>☒ SunCal Heartland, LLC<br>☐ LB-L-SunCal Northlake, LLC<br>☒ SunCal Marblehead, LLC<br>☒ SunCal Century City, LLC<br>☒ SunCal PSV, LLC<br>☒ Delta Coves Venture, LLC<br>☒ SunCal Torrance, LLC<br>☒ SunCal Oak Knoll, LLC | Case No.: 8:08-bk-17206-ES<br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**LEHMAN CREDITORS' SUBMISSION OF PROPOSED YES/NO LETTERS TO SEND WITH SUNCAL'S SEVEN PLANS**<br><br>Hearing:    August 22, 2011<br>Time:        2:00 p.m.<br>Place:       Courtroom 5A<br>                411 West Fourth Street<br>                Santa Ana, CA 92701 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

This *Lehman Creditors' Submission of Proposed Yes/No Letters To Send with SunCal's Seven Plans* is filed by Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC, and OVC Holdings LLC (the "Lehman Creditors").

1.    On July 22, 2011, the Court held a continued hearing (the "Hearing") on the proposed disclosure statements (collectively, the "Disclosure Statements") describing the second amended plans filed by the Voluntary Debtors[1] and SCC Acquisitions Inc. (collectively, the "SunCal Plan Proponents") and describing the third amended plans filed by the Lehman Creditors and Steven M. Speier, the chapter 11 trustee ("Trustee"). In connection therewith, as reflected in this Court's order thereupon [Docket #2453], the Court set the following deadlines:

a.    **August 12, 2011**. This date shall be the last day to file and serve proposed letters in support of/against the Plans (the "Yes/No Letters"), which letters shall be permitted to be included in the Solicitation Packages.

b.    **August 17, 2011**.  This date shall be the last day to file and serve any objections to the Yes/No Letters.

c.    **August 22, 2011 at 2:00 p.m. (Pacific Time).**   This date and time shall be the date and time of the hearing before the Court to consider approval of the Yes/No Letters.

2.    Enclosed as Exhibits A through G are the seven letters that the Lehman Creditors request be included with SunCal's Solicitation Packages desiminating its plans and disclosures statements for consideration and voting.

---

[1] The "Voluntary Debtors" in these cases are those debtors that remain debtors-in-possession and for which no chapter 11 trustee has been appointed.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1      WHEREFORE the Lehman Creditors respectfully request that the Court require that

2   SunCal's Solicitation Packages include the enclosed letters.

3

4   Dated:    August 12, 2011                    PACHULSKI STANG ZIEHL & JONES LLP

5                                               */s/ Robert B. Orgel*
                                                Richard M. Pachulski (CA Bar No. 90073)
6                                               Dean A. Ziehl (CA Bar No. 84529)
                                                Robert B. Orgel (CA Bar No. 101875)
7                                               10100 Santa Monica Blvd., Suite 1100
                                                Los Angeles, CA 90067-4100
8                                               Telephone:  (310) 277-6910
                                                Facsimile:  (310) 201-0760
9
                                                -and-
10
                                                WEIL, GOTSHAL & MANGES LLP
11                                              Edward Soto (admitted *pro hac vice*)
                                                Alfredo R. Perez (admitted *pro hac vice*)
12                                              767 Fifth Avenue
                                                New York, NY  10153-0119
13                                              Telephone:  (212) 310-8000
                                                Facsimile:  (212) 310-8007
14
                                                Counsel for Lehman Commercial Paper Inc.,
15                                              Lehman ALI, Inc., Northlake Holdings, LLC and
                                                OVC Holdings, LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**EXHIBIT A**

| |
|---|
| *Statement of the Lehman Creditors*<br>*Urging You to REJECT the SunCal Plan For Group I Trustee Debtors:*<br>*SunCal Oak Valley, LLC, SunCal Heartland, LLC, Delta Coves Ventures, LLC & SunCal PSV, LLC* |

**We urge you to REJECT the accompanying plan proposed by the SunCal Plan Proponents[1] (the "SunCal Plan")** and urge you to vote to ACCEPT the competing plan of the Trustee[2] and Lehman Creditors[3] (the "Trustee/Lehman Plan"). The SunCal Plan and the competing Trustee/Lehman Plan apply to all Group I Trustee Debtors.

If you are given the opportunity to vote to accept or reject more than one plan, you may vote to: (1) accept one plan and reject another; (2) reject both plans; or (3) accept both plans.

You are urged to ACCEPT the Trustee/Lehman Plan even if you choose to accept the SunCal Plan. If both competing plans receive sufficient votes and meet other confirmation standards, the Court will select which plan to confirm taking account of the preferences of creditors. *Because there is risk that the SunCal Plan will fail regardless of your vote, due to, among other things, the inability of SunCal[4] to find adequate funding, if the Trustee/Lehman Plan does not receive sufficient votes to ACCEPT it, then, the Trustee/Lehman Plan too may not be confirmed and nothing would be likely to be paid to creditors this year or any time soon.*

*Competing Plan Strategies and Reasons to* **REJECT** *the SunCal Plan*

**REJECT the SunCal Plan because it is unfunded, offers nothing concrete and is inferior to the funded offer of prompt payment to creditors contained in the competing Trustee/Lehman Plan.**

*Generating free cash from the Projects depends upon resolving the SunCal/Lehman Litigation.* The primary assets of the relevant Debtors are their Projects. The Lehman Creditors have liens against the Projects that are far in excess of any parties' estimates of the asset values. As a result, no one disputes that unsecured creditors will receive nothing unless SunCal prevails in its litigation against the Lehman Creditors (the "SunCal/Lehman Litigation"), or finds someone to buy your claims (something SunCal itself will not do, and has not yet found anyone else to do). Absent settlement, the SunCal/Lehman Litigation and all related appeals may take years to resolve.

***SunCal wants to continue the SunCal/Lehman Litigation and the SunCal Plan gives SunCal control of the Projects and a veto right over any future settlement.*** The SunCal Plan commits to nothing for holders of General Unsecured Claim who must depend on SunCal's litigation strategy. Yet, there is nothing in the SunCal Plan that would cause the SunCal/Lehman Litigation to reach a resolution faster or get creditors paid sooner. Please consider that even if SunCal prevails in the SunCal/Lehman Litigation (which we believe is highly unlikely), litigation and appeals would delay for years any payment to creditors. Furthermore, if you accept the SunCal Plan, you will give SunCal, whose interests are not the same as yours, a veto right over any future settlement offer. The Lehman Creditors believe that SunCal's own claims will be substantially disallowed. If SunCal controls settlement, it could hold out for a settlement with non-monetary terms unimportant to you, such as giving it control over development of the Projects. Ceding such control to SunCal also would impact holders of Reliance Claims. The SunCal Plan describes a supposed "Litco Offer" to purchase "Reliance Claims" and their holders' associated litigation rights against the Lehman Creditors, but this Litco Offer is illusory. By its own admission, SunCal has no funding to make good on that "offer" (as more fully described below). SunCal also fails to identify any source for funding to continue prosecuting the SunCal/Lehman Litigation or make payments required to confirm the SunCal Plan (including $22.3 million payable to the Lehman Creditors for postpetition expense loans). Nothing about SunCal's own financial wherewithal is set forth anywhere in the SunCal Disclosure Statement. The cash resources that SunCal utilized during the chapter 11 cases are essentially exhausted. Although SunCal indicates that some funding will come from the sale of the Projects, no Project purchase offers have been disclosed and, in any event, SunCal cannot spend the sale proceeds because they must be escrowed until the SunCal/Lehman Litigation is resolved, which may take years. There are also other defects in the SunCal Plan that the Lehman Creditors believe will prevent it from being confirmed, including sale provisions that benefit SunCal but do not maximize price.

---

[1] Capitalized terms not defined herein have the meanings set forth in the SunCal Plan.

[2] The Trustee is Steven M. Speier, the duly appointed chapter 11 trustee for the subject Debtors.

[3] The Lehman Creditors are Lehman ALI, Inc., Lehman Commercial Paper, Inc., Northlake Holdings, LLC ("Northlake") and OVC Holdings, LLC. The Lehman Creditors' relevant claims in these cases were filed by various Lehman Creditors other than Northlake.

[4] "SunCal" as used herein means Bruce Elieff, SCC Acquisitions, Inc., SunCal Management, LLC, the Voluntary Debtors and/or their affiliates (other than the Trustee Debtors).

**EXHIBIT A**

| |
|---|
| *Statement of the Lehman Creditors*<br>*Urging You to REJECT the SunCal Plan For Group I Trustee Debtors:*<br>*SunCal Oak Valley, LLC, SunCal Heartland, LLC, Delta Coves Ventures, LLC & SunCal PSV, LLC* |

*The Trustee and Lehman Creditors propose a funded, prompt cash payment to creditors for conveyance of the Projects and to resolve the SunCal/Lehman Litigation.* To obtain ownership of the Projects, the Lehman Creditors and the Trustee/Lehman Plan identify the only class of creditors holding allowed claims that could even theoretically obtain a significant benefit from the SunCal/Lehman Litigation ("Reliance Claims") and offers such creditors a minimum recovery of 40% of such claims (up to 50% depending on certain projections that the Lehman Creditors believe will be met). Even unsecured, non-priority creditors who do not hold Reliance Claims (and so are unlikely to receive any material recovery even if SunCal prevails in the litigation) are offered 5% of their allowed claims. The Lehman Creditors have already obtained approvals to fund the Trustee/Lehman Plan from over $2.5 billion in liquid assets. Moreover, current projections are that the contingencies to the Trustee/Lehman Plan all will be met. Productive negotiations are proceeding with both bond issuers as to settlement and the Lehman Creditors estimate that aggregate Claims and payments will not exceed any of the applicable caps. Your vote to ACCEPT the Trustee/Lehman Plan will contribute toward meeting the condition for confirmation as to all needed Debtors. Thus, if the Trustee/Lehman Plan is confirmed, it is expected to become effective shortly thereafter. In contrast, the SunCal Plan remains highly contingent, lacking funding, disclosing no Project purchase offers, and being, in the Lehman Creditors' views, unconfirmable.

*Special Reasons to REJECT the SunCal Plan for holders of **Reliance Claims***

**REJECT the SunCal Plan because the "Litco Offer" is unfunded, illusory and represents a highly speculative gamble.**

SunCal, after seeing a proposed plan of the Trustee and Lehman Creditors with a projected 50% offer for Reliance Claims, fixed its supposed "Litco Offer" to purchase Reliance Claims and the associated litigation rights of creditors in the SunCal/Lehman Litigation at a level, just higher, of 55% of allowed Reliance Claims. Yet, SunCal acknowledges that Litco is an unfunded shell entity that is yet to be formed and *concedes* that no one yet has agreed to fund Litco or this "Litco Offer." Read the introduction to SunCal's Disclosure Statement. SunCal acknowledges that, although it claims to be working to find funding, "no commitment has yet been obtained for such funding" and it "will not be funded by the SunCal Plan Proponents." It has not claimed to have any experience in selling litigation rights and concedes, as it must, that "[t]here is no guarantee that such funding will be obtained." *The Lehman Creditors believe that Suncal will never be able to raise the money to fund Litco because any buyer of these Reliance Claims and litigation rights gets nothing other than an interest in hotly disputed litigation.* Without having already found someone actually committed to fund the Litco Offer, it is unfair to call it an offer at all and there is no way to know that anyone actually would pay 55% or anything at all to purchase Reliance Claims and litigation rights. Without funding in place, the Litco Offer is nothing more than SunCal's speculative hope that it will find someone to actually make the offer to purchase Reliance Claims and litigation rights at the fixed price that SunCal selected. If you gamble that such a higher offer could be found and the Trustee/Lehman Plan does not receive sufficient votes, when the SunCal Plan fails, as the Lehman Creditors believe it will, you risk having lost the opportunity now in your grasp to select the Trustee/Lehman Plan's funded offer for prompt payment. We urge you to reject more delay, reject greater uncertainty and REJECT the SunCal Plan.

*Special Reasons to REJECT the SunCal Plan for Holders of **Mechanic's Lien Claims***

**REJECT the SunCal Plan under which you face delay and risk of non- payment as well as litigation risk on the priority of your claim.**

Although SunCal has disclosed no offers, it proposes to auction the Projects and escrow the net sale proceeds until the SunCal/Lehman Litigation is resolved, leaving you thereafter to fight for payment with the Lehman Creditors and any other secured creditors to determine whose lien is junior or senior. In comparison, the Trustee/Lehman Plan offers that either you may waive your security and presently accept the funded offer from the Lehman Creditors for prompt payment as an unsecured creditor or you may retain all of your rights to full payment, payable if you are determined to have the senior lien. We urge you to reject delay, reject greater uncertainty and REJECT the SunCal Plan.

# EXHIBIT B

**EXHIBIT B**

---

*Statement of the Lehman Creditors*
*Urging You to REJECT the SunCal Plan For Group II Trustee Debtors:*
*SunCal Oak Knoll, LLC and SunCal Torance, LLC*

---

**We urge you to REJECT the accompanying plan proposed by the SunCal Plan Proponents[1] (the "SunCal Plan")** and urge you to vote to ACCEPT the competing plan of the Trustee[2] and Lehman Creditors[3] (the "Trustee/Lehman Plan"). The SunCal Plan and the competing Trustee/Lehman Plan apply to all Group II Trustee Debtors.

If you are given the opportunity to vote to accept or reject more than one plan, you may vote to: (1) accept one plan and reject another; (2) reject both plans; or (3) accept both plans.

You are urged to ACCEPT the Trustee/Lehman Plan even if you choose to accept the SunCal Plan. If both competing plans receive sufficient votes and meet other confirmation standards, the Court will select which plan to confirm taking account of the preferences of creditors. *Because there is risk that the SunCal Plan will fail regardless of your vote, due to, among other things, the inability of SunCal[4] to find adequate funding, if the Trustee/Lehman Plan does not receive sufficient votes to ACCEPT it, then, the Trustee/Lehman Plan too may not be confirmed and nothing would be likely to be paid to creditors this year or any time soon.*

---

*Competing Plan Strategies and Reasons to* **REJECT the SunCal Plan**

---

**REJECT the SunCal Plan because it is unfunded, offers nothing concrete and is inferior to the funded offer of prompt payment to creditors contained in the competing Trustee/Lehman Plan.**

*Generating free cash from the Projects depends upon resolving the SunCal/Lehman Litigation.* The primary assets of the relevant Debtors are their Projects. The Lehman Creditors have liens against the Projects that are far in excess of any parties' estimates of the asset values. As a result, no one disputes that unsecured creditors will receive nothing unless SunCal prevails in its litigation against the Lehman Creditors (the "SunCal/Lehman Litigation"), or finds someone to buy your claims (something SunCal itself will not do, and has not yet found anyone else to do). Absent settlement, the SunCal/Lehman Litigation and all related appeals may take years to resolve.

***SunCal wants to continue the SunCal/Lehman Litigation and the SunCal Plan gives SunCal control of the Projects and a veto right over any future settlement.*** The SunCal Plan commits to nothing for holders of General Unsecured Claim who must depend on SunCal's litigation strategy. Yet, there is nothing in the SunCal Plan that would cause the SunCal/Lehman Litigation to reach a resolution faster or get creditors paid sooner. Please consider that even if SunCal prevails in the SunCal/Lehman Litigation (which we believe is highly unlikely), litigation and appeals would delay for years any payment to creditors. Furthermore, if you accept the SunCal Plan, you will give SunCal, whose interests are not the same as yours, a veto right over any future settlement offer. The Lehman Creditors believe that SunCal's own claims will be substantially disallowed. If SunCal controls settlement, it could hold out for a settlement with non-monetary terms unimportant to you, such as giving it control over development of the Projects. Ceding such control to SunCal also would impact holders of Reliance Claims. The SunCal Plan describes a supposed "Litco Offer" to purchase "Reliance Claims" and their holders' associated litigation rights against the Lehman Creditors, but this Litco Offer is illusory. By its own admission, SunCal has no funding to make good on that "offer" (as more fully described below). SunCal also fails to identify and source for funding to continue prosecuting the SunCal/Lehman Litigation or make payments required to confirm the SunCal Plan (including $16.5 million payable to the Lehman Creditors for postpetition expense loans). Nothing about SunCal's own financial wherewithal is set forth anywhere in the SunCal Disclosure Statement. The cash resources that SunCal utilized during the chapter 11 cases are essentially exhausted. Although SunCal indicates that some funding will come from the sale of the Projects, no Project purchase offers have been disclosed and, in any event, SunCal cannot spend the sale proceeds because they must be escrowed until the SunCal/Lehman Litigation is resolved, which may take years. There are also other defects in the SunCal Plan that the Lehman Creditors believe will prevent it from being confirmed, including sale provisions that benefit SunCal but do not maximize price.

---

[1] Capitalized terms not defined herein have the meanings set forth in the SunCal Plan.

[2] The Trustee is Steven M. Speier, the duly appointed chapter 11 trustee for the subject Debtors.

[3] The Lehman Creditors are Lehman ALI, Inc., Lehman Commercial Paper, Inc., Northlake Holdings, LLC and OVC Holdings, LLC. Lehman ALI, for itself or as agent, filed the relevant claims of the Lehman Creditors in these cases.

[4] "SunCal" as used herein means Bruce Elieff, SCC Acquisitions, Inc., SunCal Management, LLC, the Voluntary Debtors and/or their affiliates (other than the Trustee Debtors).

**EXHIBIT B**

*Statement of the Lehman Creditors*
*Urging You to REJECT the SunCal Plan For Group II Trustee Debtors:*
*SunCal Oak Knoll, LLC and SunCal Torance, LLC*

*The Trustee and Lehman Creditors propose a funded, prompt cash payment to creditors for conveyance of the Projects and to resolve the SunCal/Lehman Litigation.* To obtain ownership of the Projects, the Lehman Creditors and the Trustee/Lehman Plan identify one class of creditors holding allowed claims that could even theoretically obtain a significant benefit from the SunCal/Lehman Litigation ("Reliance Claims") and offers such creditors a minimum recovery of 40% of such claims (up to 50% depending on certain projections that the Lehman Creditors believe will be met). Even unsecured, non-priority creditors who do not hold Reliance Claims (and so are unlikely to receive any material recovery even if SunCal prevails in the litigation) are offered 5% of their allowed claims. The Lehman Creditors have already obtained approvals to fund the Trustee/Lehman Plan from over $2.5 billion in liquid assets. Moreover, current projections are that the contingencies to the Trustee/Lehman Plan all will be met. Productive negotiations are proceeding with both bond issuers as to settlement and the Lehman Creditors estimate that aggregate Claims and payments will not exceed any of the applicable caps. Your vote to ACCEPT the Trustee/Lehman Plan will contribute toward meeting the condition for confirmation as to all needed Debtors. Thus, if the Trustee/Lehman Plan is confirmed, it is expected to become effective shortly thereafter. In contrast, the SunCal Plan remains highly contingent, lacking funding, disclosing no Project purchase offers, and being, in the Lehman Creditors' views, unconfirmable.

*Special Reasons to REJECT the SunCal Plan for holders of **Reliance Claims***

**REJECT the SunCal Plan because the "Litco Offer" is unfunded, illusory and represents a highly speculative gamble.**

SunCal, after seeing a proposed plan of the Trustee and Lehman Creditors with a projected 50% offer for Reliance Claims, fixed its supposed "Litco Offer" to purchase Reliance Claims and the associated litigation rights of creditors in the SunCal/Lehman Litigation at a level, just higher, of 55% of allowed Reliance Claims. Yet, SunCal acknowledges that Litco is an unfunded shell entity that is yet to be formed and *concedes* that no one yet has agreed to fund Litco or this "Litco Offer." Read the introduction to SunCal's Disclosure Statement. SunCal acknowledges that, although it claims to be working to find funding, "no commitment has yet been obtained for such funding" and it "will not be funded by the SunCal Plan Proponents." It has not claimed to have any experience in selling litigation rights and concedes, as it must, that "[t]here is no guarantee that such funding will be obtained." *The Lehman Creditors believe that Suncal will never be able to raise the money to fund Litco because any buyer of these Reliance Claims and litigation rights gets nothing other than an interest in hotly disputed litigation.* Without having already found someone actually committed to fund the Litco Offer, it is unfair to call it an offer at all and there is no way to know that anyone actually would pay 55% or anything at all to purchase Reliance Claims and litigation rights. Without funding in place, the Litco Offer is nothing more than SunCal's speculative hope that it will find someone to actually make the offer to purchase Reliance Claims and litigation rights at the fixed price that SunCal selected. If you gamble that such a higher offer could be found and the Trustee/Lehman Plan does not receive sufficient votes, when the SunCal Plan fails, as the Lehman Creditors believe it will, you risk having lost the opportunity now in your grasp to select the Trustee/Lehman Plan's funded offer for prompt payment. We urge you to reject more delay, reject greater uncertainty and REJECT the SunCal Plan.

*Special Reasons to REJECT the SunCal Plan for Holders of **Mechanic's Lien Claims***

**REJECT the SunCal Plan under which you face delay and risk of non- payment as well as litigation risk on the priority of your claim.**

Although SunCal has disclosed no offers, it proposes to auction the Projects and escrow the net sale proceeds until the SunCal/Lehman Litigation is resolved, leaving you thereafter to fight for payment with the Lehman Creditors and any other secured creditors to determine whose lien is junior or senior. In comparison, the Trustee/Lehman Plan offers that either you may waive your security and presently accept the funded offer from the Lehman Creditors for prompt payment as an unsecured creditor or you may retain all of your rights to full payment, payable if you are determined to have the senior lien. We urge you to reject delay, reject greater uncertainty and REJECT the SunCal Plan.

# <u>EXHIBIT C</u>

**EXHIBIT C**

| |
|---|
| *Statement of the Lehman Creditors* <br> *Urging You to REJECT the SunCal Plan For SunCal Century City* |

**We urge you to REJECT the accompanying plan (the "SunCal Plan") proposed by the SunCal Plan Proponents.**

| |
|---|
| *Reasons to REJECT the SunCal Plan* |

**$3.5 million in cash** is being held for the Debtor's estate by Steven M. Speier, the chapter 11 trustee ("Trustee"), remaining from his cash use, during the chapter 11 case, of the Debtor's Project to its secured lender, Danske Bank. Additionally, *the Debtor's estate has actual or potential preference actions*, including a filed action that is part of the wide-ranging litigation of SunCal[1] against the Lehman Creditors[2] (the "SunCal/Lehman Litigation"), miscellaneous smaller potential actions possibly not worth pursuing, and *a potential action against against SunCal for $748,000*.

**$3.5 million in claims** is also the approximate amount of undisputed claims, consisting of $100,000 in postpetition, administrative claims and $3.4 million in prepetition, general, unsecured claims.

**Another $3.6 million in disputed Claims** creates the potential shortfall either due to the expenses of addressing these claims or in the event that they are allowed.

**$2.5 million of the disputed Claims are asserted by SunCal and are alleged to administrative claims** that, if allowed, would have to be paid first and would dilute substantially payment to non-priority, unsecured creditors.

*The SunCal Plan represents overreaching by SunCal. At your expense, it affords SunCal a $200,000 war chest to aide in the prosecution of its wide-ranging SunCal/Lehman Litigation. At the same time, it limits expenditures of your Creditors Committee on the litigation against SunCal to $100,000.*

**The SunCal Plan is unnecessary, wasteful of your money, eliminates close court supervision and replaces the neutral Trustee and Creditors Committee with a conflicted SunCal that has its own agenda.**

From the SunCal Disclosure Statement, it appears that there are essentially three tasks to accomplish for SunCal Century City: (1) resolve objections to disputed Claims, (2) examine and settle or prosecute preference actions, and (3) pay creditors. Your Creditors Committee, according to the SunCal Disclosure Statement, itself, has been prosecuting claims objections. The Lehman Creditors know that the Trustee has contacted them to discuss their receipt of the allegedly preferential transfers and an exchange of information is ongoing.

We urge you permit the unresolved matters to be addressed by your Creditors Committee and Trustee in the chapter 11 case, which offers greater transparency and in which creditors still have a forum and an ability to assert control. REJECT the SunCal Plan.

---

[1] Bruce Elieff, SCC Acquisitions, Inc., SunCal Management, LLC, the Voluntary Debtors and their affiliates (other than the Trustee Debtors) are referred to herein as "SunCal."

[2] The Lehman Creditors are Lehman ALI, Inc., Lehman Commercial Paper, Inc., Northlake Holdings, LLC and OVC Holdings, LLC. The Lehman Creditors, as targets of a preference claim of this Debtor, are contingent creditors to the extent of any payment they might make.

# EXHIBIT D

| Statement of the Lehman Lenders |
| :---: |
| **Urging You to REJECT the SunCal Plan For Group I Voluntary Debtors:** |
| **Palmdale Hills, SunCal Bickford, SunCal Emerald and Acton Estates** |

**We urge you to REJECT the accompanying plan proposed by the SunCal Plan Proponents[1] (the "SunCal Plan")** and urge creditors of Palmdale Hills, SunCal Bickford and Acton Estates to vote to ACCEPT the competing plan of the Lehman **Lenders**[2] (the "Lehman Plan"). The SunCal Plan applies to all Group I Voluntary Debtors and the competing Lehman Plan applies to all Group I Voluntary Debtors other than SunCal Emerald. If you are given the opportunity to vote to accept or reject more than one plan, you may vote to: (1) accept one plan and reject another; (2) reject both plans; or (3) accept both plans.

You are urged to ACCEPT the Lehman Plan even if you choose to accept the SunCal Plan. If both competing plans receive sufficient votes and meet other confirmation standards, the Court will select which plan to confirm considering the preferences of creditors. *Because there is risk that the SunCal Plan will fail regardless of your vote, due to, among other things, the inability of SunCal[3] to find adequate funding, if the Lehman Plan does not receive sufficient votes, then, the Lehman Plan too may not be confirmed and nothing would be likely to be paid to creditors any time soon.*

| *Competing Plan Strategies and Reasons to **REJECT** the SunCal Plan* |
| :--- |

**REJECT the SunCal Plan because it is unfunded, offers nothing concrete and is inferior to the funded offer of prompt payment to creditors contained in the competing Lehman Plan.**

*Generating free cash from the Projects depends upon resolving the SunCal/Lehman Litigation.* The primary assets of the relevant Debtors are their Projects and material amounts in a bank account. The Lehman Lenders have liens against all such assets that are far in excess of any parties' estimates of the asset values. As a result, no one disputes that unsecured creditors will receive nothing unless SunCal prevails in its litigation against the Lehman Lenders (the "SunCal/Lehman Litigation"), or finds someone to buy your claims (something SunCal itself will not do, and has not yet found anyone else to do). Absent settlement, the SunCal/Lehman Litigation and all related appeals may take years to resolve.

***SunCal wants to continue the SunCal/Lehman Litigation and the SunCal Plan gives SunCal control of the Projects and a veto right over any future settlement.*** Under the SunCal Plan, holders of General Unsecured Claim must depend on SunCal's litigation strategy. Yet, there is nothing in the SunCal Plan that would cause the SunCal/Lehman Litigation to reach a resolution faster or get creditors paid sooner. If SunCal prevails in the SunCal/Lehman Litigation (which we believe is highly unlikely), litigation and appeals would delay for years any payment to creditors. Moreover, if you accept the SunCal Plan, you will give SunCal, whose interests are not the same as yours, a veto right over any future settlement. SunCal's own claims are likely to be substantially disallowed. If SunCal controls settlement, it could hold out for non-monetary terms unimportant to you, such as giving it control over development of the Projects. Ceding such control to SunCal also would impact holders of Reliance Claims, despite the Litco Offer, which is illusory. By its own admission, SunCal has no funding to make good on that "offer" (as more fully described below). SunCal also fails to identify funding to continue prosecuting the SunCal/Lehman Litigation or make payments required to confirm the SunCal Plan. Nothing about SunCal's own financial wherewithal is set forth anywhere in the SunCal Disclosure Statement. The cash resources that SunCal utilized during the chapter 11 cases are essentially exhausted. Although SunCal indicates that some funding will come from the sale of the Projects, no Project purchase offers have been disclosed and, in any event, SunCal cannot spend the sale proceeds because they must be escrowed until the SunCal/Lehman Litigation is resolved, which may take years.

***The Lehman Lenders propose a funded, prompt cash payment to creditors for conveyance of the Projects and to resolve the SunCal/Lehman Litigation as to certain Debtors and creditors* (and seek to resolve issues to enable progress as to SunCal Emerald).** To obtain ownership of the Projects, the Lehman Lenders and the Lehman Plan identify the only class of creditors holding allowed claims that could even theoretically obtain a significant benefit from the SunCal/Lehman Litigation ("Reliance Claims") and offers such creditors a minimum recovery of 40% of such claims (up to 50% depending on certain projections that the Lehman Lenders believe will be met). Even unsecured, non-priority creditors who do not hold Reliance Claims (and so are unlikely to receive any material recovery even if SunCal prevails in

---

[1] Capitalized terms not defined herein have the meanings set forth in the SunCal Plan.

[2] The Lehman Lenders are Lehman ALI, Inc. and Lehman Commercial Paper Inc. Lehman Commercial Paper Inc, for itself or as agent, filed the relevant claims of the Lehman Lenders in these cases.

[3] "SunCal" as used herein means Bruce Elieff, SCC Acquisitions, Inc., SunCal Management, LLC, the Voluntary Debtors and/or their affiliates (other than the Trustee Debtors).

**Exhibit D**

| |
|---|
| ***Statement of the Lehman Lenders*** <br> ***Urging You to REJECT the SunCal Plan For Group I Voluntary Debtors:*** <br> <u>***Palmdale Hills, SunCal Bickford, SunCal Emerald and Acton Estates***</u> |

the litigation) are offered 5% of their allowed claims. <u>The Lehman Lenders have already obtained approvals to fund the Lehman Plan from over $2.5 billion in liquid assets.</u> Moreover, current projections are that the contingencies to the Lehman Plan all will be met. Productive negotiations are proceeding with both bond issuers as to settlement and the Lehman Lenders estimate that aggregate Claims and payments will not exceed any of the applicable caps. Your vote to ACCEPT the Lehman Plan will contribute toward meeting the condition for confirmation as to all needed Debtors. Thus, if the Lehman Plan is confirmed, it is expected to become effective shortly thereafter. In contrast, the SunCal Plan remains highly contingent, lacking funding, disclosing no Project purchase offers, and being, in the Lehman Lenders' views, unconfirmable.

*Special Reasons to REJECT the SunCal Plan for Holders of all **voting Claims against** <u>SunCal Emerald</u>*

**REJECT the SunCal Plan because it is premature, incomplete and gives SunCal veto rights on settlements critical to whether you ever receive payment.** Four creditors, who assert constructive trust Claims against the Project, objected to the Lehman Lenders' prior proposed plan, arguing any Emerald Meadows Project disposition required first a resolution of their claims. Recently another lender asserted a lien of over $6 million against portions of this Project (which SunCal values in the entirety at $6.1 million). These unresolved issues account for the absence of a present plan for this Debtor from the Lehman Lenders. The SunCal Plan does not resolve these issues, will not help those issues to be resolved faster and will not get creditors paid sooner than if no plan were confirmed at all. It only affords SunCal veto rights over any later resolution. If these issues are not to be settled through a plan upon which you vote, they should, instead, be resolved in the chapter 11 case, with its greater transparency and opportunity for creditor input. <u>REJECT the SunCal Plan.</u>

*Special Reasons to REJECT the SunCal Plan for holders of **Reliance Claims***

**REJECT the SunCal Plan because the "Litco Offer" is unfunded, illusory and represents a highly speculative gamble.** SunCal, after seeing a proposed plan of the Lehman Lenders with a projected 50% offer for Reliance Claims, fixed its supposed "Litco Offer" to purchase Reliance Claims and the associated litigation rights of creditors in the SunCal/Lehman Litigation at 55% of allowed Reliance Claims. Yet, SunCal acknowledges that Litco is an unfunded shell entity that is yet to be formed and concedes that no one yet has agreed to fund Litco or this "Litco Offer." <u>Read the introduction to SunCal's Disclosure Statement.</u> Although SunCal claims to be working to find funding, it acknowledges that "no commitment has yet been obtained for such funding" and it "will not be funded by the SunCal Plan Proponents." It has not claimed to have any experience in selling litigation rights and concedes, as it must, that "[t]here is no guarantee that such funding will be obtained." *The Lehman Lenders believe that Suncal will never raise the money to fund Litco because any buyer of these Reliance Claims and litigation rights gets nothing other than an interest in hotly disputed litigation.* Without someone actually committing to fund the Litco Offer, it is unfair to call it an offer at all and there is no way to know that anyone actually would pay 55% to purchase Reliance Claims and litigation rights. *Without funding in place, the Litco Offer is nothing more than SunCal's speculative hope that it will find someone to actually make the offer to purchase Reliance Claims and litigation rights at the fixed price that SunCal selected.* If you gamble that such a higher offer could be found and the Lehman Plan does not receive sufficient votes, when the SunCal Plan fails, as the Lehman Lenders believe it will, you risk having lost the opportunity now in your grasp to select the Lehman Plan's funded offer for prompt payment. We urge you to reject more delay, reject greater uncertainty and <u>REJECT the SunCal Plan.</u>

*Special Reasons to REJECT the SunCal Plan for Holders of **Mechanic's Lien Claims***

**REJECT the SunCal Plan under which you face delay and risk of non- payment as well as litigation risk on the priority of your claim.**

Although SunCal has disclosed no offers, it proposes to auction the Projects and escrow the net sale proceeds until the SunCal/Lehman Litigation is resolved, leaving you thereafter to fight for payment with the Lehman Lenders and any other secured creditors to determine whose lien is junior or senior. In comparison, the Lehman Plan offers that either you may waive your security and presently accept the funded offer from the Lehman Lenders for prompt payment as an unsecured creditor or you may retain all of your rights to full payment, payable if you are determined to have the senior lien. We urge you to reject delay, reject greater uncertainty and <u>REJECT the SunCal Plan.</u>

# EXHIBIT E

**EXHIBIT E**

| |
|---|
| *Statement of the Lehman Lenders*<br>*Urging You REJECT the SunCal Plan For Group II Voluntary Debtors:*<br>*SunCal Beamont and SunCal Johannson* |

**We urge you to REJECT the accompanying plan proposed by the SunCal Plan Proponents[1] (the "SunCal Plan")** and urge you to vote to ACCEPT the competing plan proposed by the Lehman Lenders[2] (the "Lehman Plan").

**Competing Plan Strategies**

The primary assets of the Group II Voluntary Debtors are their Projects.

**SunCal[3] is *hoping to find* an offer to purchase the Projects and pay creditors. Creditors would NOT be paid in full using SunCal's value estimates for the Projects and the Lehman Lenders' estimate of Claims.** The SunCal Plan proposes an auction. No bids have been disclosed. SunCal estimates the Beaumont Heights Project to be worth $1.02 million. Claims against SunCal Beaumont approximate $1.77 million and none of these amounts are owed to the Lehman Lenders. SunCal estimates the Johannson Ranch Project to be worth $540,000. Claims against SunCal Johannson approximate $573,000 and none of these amounts are owed to the Lehman Lenders. (*See* the Lehman Lenders' disclosure statement, § 4.2.4(b).) Thus, if SunCal sells the Projects at its April 2011 value estimates, creditors will not be fully paid.

**The Lehman Lenders have *made* a funded offer to receive the Projects for a prompt payment to creditors.[4] Creditors are projected to be paid, promptly in full under the funded offer of the Lehman Lenders.** The Lehman Lenders hold a pledge of the equity ownership interests of the Debtors and have filed the Lehman Plan to protect their rights to the equity in the Projects. Under the Lehman Plan, the Lehman Lenders make a funded offer to purchase the Projects at prices substantially in excess of SunCal's estimated values. The Lehman Lenders have offered **$1.8 million** as the effective purchase price for the Beaumont Heights Project (*76% higher than SunCal's value estimate*), which offer exceeds the $1.77 million of estimated debt. The Lehman Lenders have offered **$4 million** for the Johannson Ranch Project (*740% higher than SunCal's value estimate*), which offer is substantially in excess of the $573,000 of estimated debt. Thus, under the funded, Lehman Plan, creditors are projected to be paid 100%.

**Your Options**

The SunCal Plan and competing Lehman Plan both apply to all Group II Voluntary Debtors. If you are given the opportunity to vote to accept or reject more than one plan, you may vote to : (1) accept one plan and reject another; (2) reject both plans; or (3) accept both plans.

**Reasons to REJECT the SunCal Plan:**

**REJECT the SunCal Plan because it is not likely to result in more cash to pay creditors, is speculative, is unfunded and because the Lehman Plan represents a funded offer likely to result in full prompt payment to creditors based on higher values.** Although SunCal is *hoping to find* an offer to purchase the Projects, the SunCal Plan promises nothing. It provides for an auction, but no offers have been disclosed. Moreover, the SunCal Plan is unfunded and must depend on sales proceeds being available from escrows by the SunCal Plan's effective date. The cash resources that SunCal utilized during the chapter 11 cases are essentially exhausted and SunCal has not shown that it has or where it would obtain such funds. On the other hand, *the Lehman Lenders have approval to pay, from over $2.5 billion in liquid assets, the funded offer for prompt payment to creditors contained in the Lehman Plan based on Project prices substantially in excess of SunCal's estimated values.* We urge you to vote to REJECT the SunCal Plan.

**Reason to Instead ACCEPT the Competing Lehman Plan**

*The Lehman Plan is better: it is* **funded, more certain, less contingent and will result in prompt payment to creditors.** Under the Lehman Plan, the Lehman Lenders are paying consideration far in excess of SunCal's value estimates for the Projects, and creditors are projected to be paid 100% of their allowed claims. Current estimates and projections are that the contingencies to the Lehman Plan all will be met. Thus, if the Lehman Plan is confirmed, it is expected to become effective shortly thereafter. In contrast, as set forth above, the SunCal Plan remains contingent, lacking funding and lacking any current purchase offers. We urge you to vote to ACCEPT the Lehman Plan.

---

[1] Capitalized terms not defined herein have the meanings set forth in the SunCal Plan.

[2] The Lehman Lenders are Lehman ALI, Inc. and Lehman Commercial Paper Inc.

[3] "SunCal" as used herein means Bruce Elieff, SCC Acquisitions, Inc., SunCal Management, LLC, the Voluntary Debtors and/or their affiliates (other than the Trustee Debtors).

[4] Secured trust deed creditors on abandoned parcels must look to their collateral.

# **EXHIBIT F**

**EXHIBIT F**

| |
|---|
| *Statement of the Lehman Lenders*<br>*Urging You to REJECT the SunCal Plan For Group III Voluntary Debtors:*<br>*SCC Communities, Del Rio & Tesoro* |

<u>**We urge you to REJECT the accompanying plan proposed by the SunCal Plan Proponents[1] (the "SunCal**</u>
<u>**Plan")**</u> and urge creditors of SCC Communities and Tesoro to vote to ACCEPT the competing plan of the
Lehman *Lenders*[2] (the "Lehman Plan").

The SunCal Plan applies to all Group III Voluntary Debtors and the competing Lehman Plan applies to all
Group II Voluntary Debtors other than Del Rio.[3]  If you are given the opportunity to vote to accept or reject
more than one plan, you may vote to: (1) accept one plan and reject another; (2) reject both plans; or (3)
accept both plans.

<u>You are urged to ACCEPT the Lehman Plan even if you choose to accept the SunCal Plan.</u>  If both
competing plans receive sufficient votes and meet other confirmation standards, the Court will select which
plan to confirm considering the preferences of creditors.  *Because there is risk that the SunCal Plan will*
*fail regardless of your vote, due to, among other things, the inability of SunCal[4] to find adequate funding, if*
*the Lehman Plan does not receive sufficient votes, then, the Lehman Plan too may not be confirmed and*
*nothing would be likely to be paid to creditors any time soon.*

| |
|---|
| *Competing Plan Strategies and Reasons to* **REJECT the SunCal Plan** |

**REJECT the SunCal Plan because it is unfunded, offers nothing concrete and is inferior to the funded**
**offer of prompt payment to creditors contained in the competing Lehman Plan.**

*Generating free cash from the Projects depends upon resolving the SunCal/Lehman Litigation.*

The primary asset of Del Rio is anticipated CFD bond proceeds and of SCC Communities and Tesoro
are their Projects.  <u>The Lehman Lenders have liens against these assets that are far in excess of any</u>
<u>parties' estimates of the asset values.  As a result, no one disputes that unsecured creditors will receive</u>
<u>nothing unless SunCal prevails in its litigation against the Lehman Lenders (the "SunCal/Lehman</u>
<u>Litigation"), or finds someone to buy your claims (something SunCal itself will not do, and has not yet</u>
<u>found anyone else to do).</u>  Absent settlement, the SunCal/Lehman Litigation and all related appeals
may take years to resolve.

*SunCal wants to continue the SunCal/Lehman Litigation and the SunCal Plan gives SunCal control of*
*the Projects and a veto right over any future settlement.*

The SunCal Plan commits to nothing for holders of General Unsecured Claim who must depend on
SunCal's litigation strategy. Yet, there is nothing in the SunCal Plan that would cause the
SunCal/Lehman Litigation to reach a resolution faster or get creditors paid sooner.  Please consider
that even if SunCal prevails in the SunCal/Lehman Litigation (which we believe is highly unlikely),
litigation and appeals would delay for years any payment to creditors.  <u>Furthermore, if you accept the</u>
<u>SunCal Plan, you will give SunCal, whose interests are not the same as yours, a veto right over any</u>
<u>future settlement.</u>  The Lehman Lenders believe that SunCal's own claims will be substantially
disallowed.  If SunCal controls settlement, it could hold out for non-monetary terms unimportant to
you, such as giving it control over development of the Projects.  <u>Moreover, SunCal also fails to</u>

---

[1] Capitalized terms not defined herein have the meanings set forth in the SunCal Plan.

[2] The Lehman Lenders are Lehman ALI, Inc. and Lehman Commercial Paper Inc. Lehman ALI, Inc. for itself or as agent, filed the
relevant claims of the Lehman Lenders in these cases.

[3] As discussed below, the Lehman Lenders believe any plan for Del Rio is premature due to unresolved open issue.

[4] "SunCal" as used herein means Bruce Elieff, SCC Acquisitions, Inc., SunCal Management, LLC, the Voluntary Debtors and/or their
affiliates (other than the Trustee Debtors).

# EXHIBIT F

| *Statement of the Lehman Lenders* |
|---|
| ***Urging You to REJECT the SunCal Plan For Group III Voluntary Debtors:*** |
| ***SCC Communities, Del Rio & Tesoro*** |

identify any source for funding needed to continue prosecuting the SunCal/Lehman Litigation or make payments required to confirm the SunCal Plan. The cash resources that SunCal utilized during the chapter 11 cases are essentially exhausted. Although SunCal claims it will fund certain of the required payments itself, nothing about SunCal's own financial wherewithal is set forth anywhere in the SunCal Disclosure Statement (there are known to be over $7.9 million in unsatisfied judgments outstanding against SunCal). SunCal's Disclosure Statement acknowledges that, although it claims to be working to find funding, "no commitment has yet been obtained for such funding" and it "is not intended to be funded by the SunCal Plan Proponents." Although SunCal indicates that some funding will come from the sale of the Projects, no Project purchase offers have been disclosed and, in any event, SunCal cannot spend the sale proceeds because they must be escrowed until the SunCal/Lehman Litigation is resolved, which may take years. There are also other defects in the SunCal Plan that the Lehman Lenders believe will prevent it from being confirmed, including sale provisions that benefit SunCal but do not maximize price.

***The Lehman Lenders propose a funded, prompt cash payment to creditors for conveyance of the Projects and to resolve the SunCal/Lehman Litigation as to certain Debtors and creditors*** (**and seek to resolve issues to enable progress as to Del Rio**).

To obtain ownership of the Projects, the Lehman Plan identifies the only class of creditors holding allowed claims that could even theoretically obtain a significant benefit from the SunCal/Lehman Litigation ("Reliance Claims") and offers such creditors a minimum recovery of 40% of such claims (up to 50% depending on certain projections that the Lehman Lenders believe will be met). Even unsecured, non-priority creditors who do not hold Reliance Claims (and so are unlikely to receive any material recovery even if SunCal prevails in the litigation) are offered 5% of their allowed claims. The Lehman Lenders have already obtained approvals to fund the Lehman Plan from over $2.5 billion in liquid assets. Moreover, current projections are that the contingencies to the Lehman Plan all will be met. Productive negotiations are proceeding with both bond issuers as to settlement and the Lehman Lenders estimate that aggregate Claims and payments will not exceed any of the applicable caps. Your vote to ACCEPT the Lehman Plan will contribute toward meeting the condition for confirmation as to all needed Debtors. Thus, if the Lehman Plan is confirmed, it is expected to become effective shortly thereafter. In contrast, the SunCal Plan remains highly contingent, lacking funding, disclosing no Project purchase offers, and being, in the Lehman Lenders' views, unconfirmable.

*Special Reasons to REJECT the SunCal Plan for Holders of all **voting Claims against Del Rio***

**REJECT the SunCal Plan because it is premature and incomplete and gives SunCal veto rights on settlements critical to whether you ever receive payment.**

Del Rio has no Project, only anticipated proceeds from a Communities Facilities District (CFD) bond issuance, to be disbursed to Del Rio upon completion of a sports park. Unpaid creditors seek payment from such proceeds, against which the Lehman Lenders hold a lien, and there were prior, inappropriate distributions from escrow. SunCal proposes selling rights to the CFD bond proceeds, subject to the Lehman Lenders' lien, without showing that there is a market for these rights or that they have any experience in selling such speculative rights. The SunCal Plan does not resolve the open issues over rights to the CFD bond proceeds, will not help those issues to be resolved faster and will not get creditors paid sooner than if no plan were confirmed at all. The SunCal Plan only affords SunCal veto rights over any later resolution of these issues. If the relevant matters are not to be settled through a plan upon which you vote, they should, instead, be resolved in the chapter 11 case, with its greater transparency and opportunity for creditor input. REJECT the SunCal Plan.

# EXHIBIT G

**EXHIBIT G**

---

*Statement of the Lehman Lenders*
*Urging You to REJECT the SunCal Plan For Group IV Voluntary Debtors:*
*SJD Partners, Ltd. and SJD Development Corp.*

---

We urge you to REJECT the accompanying plan proposed by the SunCal Plan Proponents[1] (the "SunCal Plan").

---

*Reasons to* **REJECT** *the SunCal Plan*

---

**The SunCal Plan is premature, incomplete and unfunded, offers nothing concrete, eliminates close court supervision and affords SunCal[2] veto rights over any future settlement of the SunCal/Lehman Litigation.**

*Generating free cash from the Pacific Point Project depends upon resolving the SunCal/Lehman Litigation.* SJD Development Corp. owns interests in SJD Partners. SJD Partners only asset is its claim in the litigation brought by SunCal[3] against the Lehman Lenders[4] (the "SunCal/Lehman Litigation") to set aside the prepetition foreclosure by the Lehman Lenders of the Pacific Point Project, that had been owned by SJD Partners. A first trust deed remains against the Project, for which the related loan is majority owned by Lehman RE, a Bermuda entity in a court receivership, with a minority interest held by the Lehman Lenders. Due to its receivership, Lehman RE and the Lehman Lenders are <u>not</u> under common control.

Under the SunCal Plan, unsecured creditors will receive little unless SunCal prevails in the SunCal/Lehman Litigation. The Plan's provisions for payments from Litco of 1% to allowed Reliance Claims is hardly material and, in any event, SunCal itself undercuts the notion of attributing any significance to possible Litco payments, especially payments only due once Litco has title to the Project free and clear of liens. <u>Read the introduction to SunCal's Disclosure Statement.</u> It reveals that Litco is an unfunded shell entity, yet to be formed, that no one yet has agreed to fund Litco and that "at the present time, free and clear title to the Pacific Point Project cannot be obtained absent the consent of Lehman ALI." Without having already found someone actually committed to fund the Litco, its offer to pay 1% now (and 49% later for allowed Reliance Claims if Litco obtains the Project free and clear of liens) is nothing more than SunCal's speculative hope that someone later will make such an offer at the fixed price that SunCal selected.

<u>SunCal does not even have the funds needed to continue prosecuting the SunCal/Lehman Litigation</u> (or to make payments required to confirm the SunCal Plan or to maintain the Project pending sale in the unlikely circumstance that it were reacquired). Nothing about SunCal's own financial wherewithal is set forth anywhere in the SunCal Disclosure Statement.

*There is nothing in the SunCal Plan that would cause the SunCal/Lehman Litigation to reach a resolution faster.* ***Yet, if you accept the SunCal Plan, you will give SunCal, whose interests are not the same as yours, a veto right over any future settlement of the SunCal/Lehman Litigation.*** In fact, *the only purpose served by confirming the SunCal Plan is to afford these veto rights to SunCal over any future settlement of the SunCal/Lehman Litigation, reduce Court supervision and deny you the right to vote upon or control an eventual settlement.* The Lehman Lenders believe that SunCal's own claims will be substantially disallowed. If it controls settlement, it could hold out for a settlement with non-monetary terms unimportant to you, such as giving it control over development of the Project.

*Once the plans of the related chapter 11 debtors are resolved, the Lehman Lenders are hopeful that fruitful settlement discussions can proceed and believes those negotiations are better conducted with the transparency afforded by the pending chapter 11 cases, in which creditors still have a forum and an ability to assert control.*

<u>We urge you to REJECT the SunCal Plan.</u>

---

[1] Capitalized terms not defined herein have the meanings set forth in the SunCal Plan.

[2] "SunCal" as used herein means Bruce Elieff, SCC Acquisitions, Inc., SunCal Management, LLC, the Voluntary Debtors and/or their affiliates (other than the Trustee Debtors).

[3] "SunCal" as used herein means Bruce Elieff, SCC Acquisitions, Inc., SunCal Management, LLC, the Voluntary Debtors and/or their affiliates (other than the Trustee Debtors).

[4] The Lehman Lenders are Lehman Commercial Paper Inc. and Lehman ALI, Inc. Lehman ALI, Inc. for itself or as agent, filed the relevant claims of the Lehman Lenders in these cases.

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as *LEHMAN CREDITORS' SUBMISSION OF PROPOSED YES/NO LETTERS TO SEND WITH SUNCAL'S SEVEN PLANS* will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____August 12, 2011____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ____August 12, 2011____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Overnight Delivery]
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____August 12, 2011____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

(1) Gen'l Counsel for Voluntary Debtors:
    Paul Couchot - pcouchot@winthropcouchot.com
    Marc J. Winthrop – pj@winthropcouchot.com
    Paul Lianides - plianides@winthropcouchot.com
(2) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
    Louis Miller - smiller@millerbarondess.com; jmiller@millerbarondess.com
    Martin Pritikin – mpritikin@millerbarondess.com
(3) Gen'l Counsel for Ch. 11 Trustee (Speier):
    William Lobel - wlobel@thelobelfirm.com
    Mike Neue – mneue@thelobelfirm.com
(4) Ch. 11 Trustee:
    Steven N. Speier - sspeier@asrmanagement.com; ca85@ecfcbis.com
(5) Office of the United States Trustee:
    Michael Hauser - michael.hauser@usdoj.gov
(6) Counsel for Voluntary Debtors' Committee:
    Alan Friedman - afriedman@irell.com
    Kerri A. Lyman - klyman@irell.com
(7) Counsel for Trustee Debtors' Committee:
    Lei Lei Wang Ekvall - lekvall@wgllp.com
    Hutchison B. Meltzer - hmeltzer@wgllp.com

(8) Counsel for Joint Provisional Liquidators of Lehman RE Ltd
    Chauncey Cole – chauncey.cole@cwt.com
    Betty Shumener – betty.shumener@dlapiper.com
(9) Counsel for Bond Safeguard & Lexon
    Mark E. Aronson – mea@amclaw.com
    Mark J. Krone - mk@amclaw.com, crs@amclaw.com; amc@amclaw.com
(10) Counsel for Fenway Capital LLC
    John E Schreiber - jschreiber@dl.com
    Richard Reinthaler - rreinthaler@dl.com;
(11) Counsel for SunCal Management:
    Ronald Rus – rrus@rusmiliband.com
(12) Debtors (Palmdale Hills Property, LLC and related entities):
    Bruce Cook – bcook@suncal.com

Edward Soto - Edward.soto@weil.com; odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Alfredo R. Perez – alfredo.perez@weil.com
Lauren Zerbinopoulos– lauren.zerbinopoulos@weil.com
Erica Rutner - erica.rutner@weil.com
Mark McKane - mark.mckane@kirkland.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 12, 2011 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*          **F 9013-3.1.PROOF.SERVICE**

## I. SERVED BY NEF

**8:08-bk-17206-ES Notice will be electronically mailed to:**

(1) Selia M Acevedo for Atty Miller Barondess LLP
sacevedo@millerbarondess.com, mpritikin@millerbarondess.com

(2) Joseph M Adams for Def The City of San Juan Capistrano
jadams@sycr.com

(3) Raymond H Aver for Debtor Palmdale Hills Property, LLC
ray@averlaw.com

(4) James C Bastian for Cred ARB, Inc.
jbastian@shbllp.com

(5) Thomas Scott Belden for Def Zim Industries, Inc. dba Bakersfield
Well & Pump
sbelden@kleinlaw.com, ecf@kleinlaw.com

(6) John A Boyd for Int Pty Oliphant Golf Inc
fednotice@tclaw.net

(7) Mark Bradshaw for Int Pty Courtesy NEF
mbradshaw@shbllp.com

(8) Gustavo E Bravo for Cred Oliphant Golf, Inc.
gbravo@smaha.com

(9) Jeffrey W Broker for Cred Bond Safeguard Ins Co
jbroker@brokerlaw.biz

(10) Brendt C Butler for Cred EMR Residential Properties LLC
BButler@mandersonllp.com

(11) Andrew W Caine for Cred Lehman ALI, Inc.
acaine@pszyjw.com

(12) Carollynn Callari for Cred Danske Bank A/S London Branch
ccallari@venable.com

(13) Cathrine M Castaldi for Cred SunCal Management, LLC
ccastaldi@rusmiliband.com

(14) Tara Castro Narayanan for Int Pty Courtesy NEF
tara.narayanan@msrlegal.com, lisa.king@msrlegal.com

(15) Dan E Chambers for Cred EMR Residential Properties LLC
dchambers@jmbm.com

(16) Shirley Cho for Cred Lehman ALI, Inc.
scho@pszjlaw.com

(17) Vonn Christenson for Int Pty Courtesy NEF
vrc@paynefears.com

(18) Brendan P Collins for Cred Gray1 CPB, LLC
bpcollins@bhfs.com

(19) Vincent M Coscino for Petitioning Cred CST Environmental Inc
vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

(20) Paul J Couchot for Cred SCC Acquisitions, Inc.
pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com

(21) Jonathan S Dabbieri for Int Pty Courtesy NEF
dabbieri@sullivan.com,
hill@sullivanhill.com;mcallister@sullivanhill.com;
stein@sullivanhill.com;vidovich@sullivanhill.com

(22) Ana Damonte for Cred Top Grade Construction, Inc.
ana.damonte@pillsburylaw.com

(23) Vanessa S Davila for Cred Bond Safeguard Ins Co
vsd@amclaw.com

(24) Melissa Davis for Cred City of Orange
mdavis@shbllp.com

(25) Daniel Denny for Int Pty Courtesy NEF
ddenny@gibsondunn.com

(26) Caroline Djang for Cred Lehman ALI, Inc.
crd@jmbm.com

(27) Donald T Dunning for Cred Hertz Equipment Rental Corp
ddunning@dunningLaw.com

(28) Meredith R Edelman on behalf of Interested Party Courtesy NEF
meredith.edelman@dlapiper.com

(29) Joseph A Eisenberg for Cred Lehman ALI, Inc.
jae@jmbm.com

(30) Lei Lei Wang Ekvall for Atty Weiland Golden Smiley Wang
Ekvall & Strok, LLP
lekvall@wgllp.com

(31) Richard W Esterkin for Debtor Palmdale Hills Property, LLC
resterkin@morganlewis.com

(32) Marc C Forsythe for Atty Robert Goe
kmurphy@goeforlaw.com

(33) Alan J Friedman for Atty Irell & Manella LLP
afriedman@irell.com

(34) Steven M Garber for Cred Park West Landscape, Inc
steve@smgarberlaw.com

(35) Christian J Gascou for 3rd Party Pltf Arch Ins Co
cgascou@gascouhopkins.com

(36) Barry S Glaser for Cred County of Los Angeles
bglaser@swjlaw.com

(37) Robert P Goe for Atty Robert Goe
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;mforsythe@goeforlaw.com

(38) Eric D Goldberg for Int Pty Courtesy NEF
egoldberg@stutman.com

(39) Richard H Golubow for Debtor Palmdale Hills Property, LLC
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

(40) Michael J Gomez for Int Pty Central Pacific Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

(41) Kelly C Griffith for Cred Bond Safeguard Ins Co
bkemail@harrisbeach.com

(42) Matthew Grimshaw for Int Pty City Of Torrance
mgrimshaw@rutan.com

(43) Kavita Gupta for Debtor Palmdale Hills Property, LLC
kgupta@winthropcouchot.com

(44) Asa S Hami for Debtor Palmdale Hills Property, LLC
ahami@morganlewis.com

(45) Michael J Hauser for U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

(46) D Edward Hays for Cred Villa San Clemente, LLC
ehays@marshackhays.com

(47) Michael C Heinrichs for Int Pty Courtesy NEF
mheinrichs@omm.com

(48) Harry D. Hochman for Cred Lehman ALI, Inc.
hhochman@pszjlaw.com, hhochman@pszjlaw.com

(49) Jonathan M Hoff for 3rd Party Pltf Jt Prov Liquidators
of Lehman RE Ltd
jonathan.hoff@cwt.com

(50) Nancy Hotchkiss for Cred Murray Smith & Associates Engineering
nhotchkiss@trainorfairbrook.com

(51) Michelle Hribar for Pltf EMR Residential Properties LLC
mhribar@rutan.com

(52) John J Immordino for Cred Arch Ins Co.
john.immordino@wilsonelser.com,
raquel.burgess@wilsonelser.com

(53) Lawrence A Jacobson for Cred BKF Engineers
laj@cohenandjacobson.com

(54) Michael J Joyce for Int Pty Courtesy NEF
mjoyce@crosslaw.com

(55) Stephen M Judson for Petitioning Cred The Professional Tree
Care Co
sjudson@fablaw.com

(56) Kaleb L Judy for Def Zim Industries, Inc. dba Bakersfield Well
& Pump
ecf@kleinlaw.com, kjudy@kleinlaw.com

(57) Steven J Kahn for Cred Lehman ALI, Inc.
skahn@pszyjw.com

(58) Sheri Kanesaka for Cred California Bank & Trust
sheri.kanesaka@bryancave.com

(59) David I Katzen for Int Pty Bethel Island Muni Imp District
katzen@ksfirm.com

(60) Christopher W Keegan for Cred SC Master Holdings II LLC
ckeegan@kirkland.com, shalimar.caltagirone@kirkland.com;
alevin@kirkland.com

(61) Payam Khodadadi for Debtor Palmdale Hills Property, LLC
pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                F 9013-3.1.PROOF.SERVICE

(62) *Irene L Kiet for Cred BNB Engineering, Inc.*
    ikiet@hkclaw.com

(63) *Claude F Kolm for Cred County of Alameda Tax Collector*
    claude.kolm@acgov.org

(64) *Mark J Krone for Cred Bond Safeguard Ins Co*
    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

(65) *David B Lally for Def Contracting Engineers, Inc.*
    davidlallylaw@gmail.com

(66) *Leib M Lerner for Cred Steiny and Co, Inc.*
    leib.lerner@alston.com

(67) *Peter W Lianides for Debtor Palmdale Hills Property, LLC*
    plianides@winthropcouchot.com, pj@winthropcouchot.com

(68) *Charles Liu for Debtor Palmdale Hills Property, LLC*
    cliu@winthropcouchot.com

(69) *Kerri A Lyman for Atty Irell & Manella LLP*
    klyman@irell.com

(70) *Mariam S Marshall for Cred RGA Environmental, Inc.*
    mmarshall@marshallramoslaw.com

(71) *Robert C Martinez for Cred TC Construction Co, Inc*
    rmartinez@mclex.com

(72) *Michael D May for Cred R.J. Noble Co.*
    mdmayesq@verizon.net

(73) *Hutchison B Meltzer for Cred Com Holding Unsecured Claims*
    hmeltzer@wgllp.com

(74) *Krikor J Meshefejian for Int Pty Courtesy NEF*
    kjm@lnbrb.com

(75) *Joel S. Miliband for Cred RBF CONSULTING*
    jmiliband@rusmiliband.com

(76) *James M Miller for Atty Miller Barondess LLP*
    jmiller@millerbarondess.com, vgunderson@millerbarondess.com;
    smiller@millerbarondess.com; mpritikin@millerbarondess.com

(77) *Louis R Miller for Pltf Palmdale Hills Property, LLC*
    smiller@millerbarondess.com

(78) *Craig Millet for Int Pty Doug Champion*
    cmillet@gibsondunn.com,
    pcrawford@gibsondunn.com;cmillet@gibsondunn.com

(79) *Randall P Mroczynski for Def Bob McGrann Construction, Inc.*
    randym@cookseylaw.com

(80) *Mike D Neue for Atty The Lobel Firm, LLP*
    mneue@thelobelfirm.com,
    jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

(81) *Robert Nida for Cred Kirk Negrete, Inc*
    Rnida@castlelawoffice.com

(82) *Henry H Oh for 3rd Party Pltf Jt Prov Liquidators of
    Lehman RE Ltd*
    henry.oh@dlapiper.com, janet.curley@dlapiper.com

(83) *Sean A Okeefe for Debtor Palmdale Hills Property, LLC*
    sokeefe@okeefelc.com

(84) *Scott H Olson for Cred Bethel Island Muni Improvement District*
    solson@seyfarth.com

(85) *Robert B Orgel for Cred Lehman ALI, Inc.*
    rorgel@pszjlaw.com, rorgel@pszjlaw.com

(86) *Malhar S Pagay for Cred Lehman ALI, Inc.*
    mpagay@pszjlaw.com, mpagay@pszjlaw.com

(87) *Ernie Zachary Park for Int Pty Newcomm*
    ernie.park@bewleylaw.com

(88) *Daryl G Parker for Cred Lehman ALI, Inc.*
    dparker@pszjlaw.com

(89) *Penelope Parmes for Cred EMR Residential Properties LLC*
    pparmes@rutan.com

(90) *Robert J Pfister on behalf of Int Pty Courtesy NEF*
    rpfister@ktbslaw.com

(91) *Ronald B Pierce for Cred Griffith Co*
    ronald.pierce@sdma.com

(92) *Katherine C Piper for Int Pty New Anaverde LLC*
    kpiper@steptoe.com, smcloughlin@steptoe.com

(93) *Cassandra J Richey for Cred Patricia I Volkerts, as Trustee, et al*
    cmartin@pprlaw.net

(94) *James S Riley for Cred Sierra Liquidity Fund, LLC*
    tgarza@sierrafunds.com

(95) *Debra Riley for Int Pty City of Palmdale*
    driley@allenmatkins.com

(96) *Todd C. Ringstad for Int Pty Courtesy NEF*
    becky@ringstadlaw.com

(97) *R Grace Rodriguez for Def O&B Equipment, Inc.*
    ecf@lorgr.com

(98) *Martha E Romero for Cred California Taxing Authorities*
    Romero@mromerolawfirm.com

(99) *Ronald Rus for Cred SunCal Management, LLC*
    rrus@rusmiliband.com

(100) *John P Schafer for Cred LB/L-DUC III Bethel Island, LLC*
    jschafer@mandersonllp.com

(101) *John E Schreiber for Def Fenway Capital, LLC*
    jschreiber@dl.com

(102) *William D Schuster for Cred HD Supply Construction Supply LTD*
    bills@allieschuster.org

(103) *Christopher P Simon for Int Pty Courtesy NEF*
    csimon@crosslaw.com

(104) *Gerald N Sims for Int Pty Courtesy NEF*
    jerrys@psdslaw.com, bonniec@psdslaw.com

(105) *Wendy W Smith for Cred Castaic Union School District*
    wendy@bindermalter.com

(106) *Steven M Speier (TR)*
    Sspeier@asrmanagement.com, ca85@ecfcbis.com

(107) *Steven M Speier for Trustee Steven Speier (TR)*
    Sspeier@Squarmilner.com, ca85@ecfcbis.com

(108) *Michael St James for Cred MBH Architects, Inc.*
    ecf@stjames-law.com

(109) *Michael K Sugar for Off Committee of Unsecured Creds*
    msugar@irell.com

(110) *Cathy Ta for Def Hi-Grade Material Co.*
    cathy.ta@bbklaw.com,
    Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com

(111) *David A Tilem for Def Southland Pipe Corp*
    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;
    dianachau@tilemlaw.com;kmishigian@tilemlaw.com

(112) *James E Till for Trustee Steven Speier (TR)*
    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;
    pnelson@thelobelfirm.com

(113) *United States Trustee (SA)*
    ustpregion16.sa.ecf@usdoj.gov

(114) *Carol G Unruh for Cred Scott E. McDaniel*
    cgunruh@sbcglobal.net

(115) *Annie Verdries for Cred WEC Corp*
    verdries@lbbslaw.com

(116) *Jason Wallach for Def Professional Pipeline Contractors, Inc.*
    jwallach@gladstonemichel.com

(117) *Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.*
    kim.johnson@kattenlaw.com

(118) *Benjamin M Weiss for Cred Regal Development LLC*
    bweiss@lansingcompanies.com

(119) *Marc J Winthrop for Debtor Palmdale Hills Property, LLC*
    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

(120) *David M Wiseblood for Cred Bethel Island Muni Imp District*
    dwiseblood@seyfarth.com

(121) *Brett K Wiseman for Cred JF Shea Construction Inc*
    bwiseman@aalrr.com

(122) *Dean A Ziehl for Counter-Def LV Pacific Point LLC*
    dziehl@pszjlaw.com, dziehl@pszjlaw.com

(123) *Marc A. Zimmerman for Cred Life Church of God in Christ*
    joshuasdaddy@att.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                              F 9013-3.1.PROOF.SERVICE