**WEILAND, GOLDEN,**
**SMILEY, WANG EKVALL & STROK, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
lekvall@wgllp.com
Kyra E. Andrassy, State Bar No. 207959
kandrassy@wgllp.com
Hutchison B. Meltzer, State Bar No. 217166
hmeltzer@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone:    (714) 966-1000
Facsimile:    (714) 966-1002

Counsel for the Joint Committee
of Creditors Holding Unsecured Claims

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:08-bk-17206-ES |
| PALMDALE HILLS PROPERTY, LLC, and its Related Debtors, | (Jointly Administered with Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574-ES; 8:08-bk-17575-ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; and 8:08-bk-17588-ES) |
| Jointly Administered Debtors and Debtors-in-Possession. | |

☐ Affects PALMDALE HILLS PROPERTY, LLC, Only

☐ Affects SUNCAL BEAUMONT HEIGHTS, LLC, Only

☐ Affects SCC/PALMDALE, Only

☐ Affects SUNCAL JOHANNSON RANCH, LLC, Only

☐ Affects SUNCAL SUMMIT VALLEY, LLC, Only

☐ Affects SUNCAL EMERALD MEADOWS, LLC, Only

☐ Affects SUNCAL BICKFORD RANCH, LLC, Only

☐ Affects ACTON ESTATES, LLC, Only

☐ Affects SEVEN BROTHERS, LLC, Only

☐ Affects SJD PARTNERS, LTD., Only

☐ Affects SJD DEVELOPMENT CORP., Only

Chapter 11 Cases

**NOTICE OF JOINT COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS' PROPOSED POSITION LETTERS REGARDING CHAPTER 11 PLANS FILED BY SUNCAL PROPONENTS AND BY STEVEN M. SPEIER, THE CHAPTER 11 TRUSTEE, JOINTLY WITH THE LEHMAN ENTITIES**

**DATE:    August 22, 2011**
**TIME:    2:00 p.m.**
**CTRM:    5A**

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  ☐ Affects KIRBY ESTATES, LLC, Only

2  ☐ Affects SUNCAL COMMUNITIES I, LLC, Only

3  ☐ Affects SUNCAL COMMUNITIES III, LLC, Only

4  ☐ Affects SCC COMMUNITIES, LLC,
5      Only

☐ Affects NORTH ORANGE DEL RIO
6      LAND, LLC, Only

7  ☐ Affects TESORO SF, LLC, Only

☒ Affects LBL-SUNCAL OAK VALLEY,
8      LLC, Only

9  ☒ Affects SUNCAL HEARTLAND, LLC,
      Only

10 ☒ Affects LBL-SUNCAL NORTHLAKE,
      LLC, Only

11 ☒ Affects SUNCAL MARBLEHEAD, LLC,
12     Only

☒ Affects SUNCAL CENTURY CITY,
13     LLC, Only

14 ☒ Affects SUNCAL PSV, LLC, Only

☒ Affects DELTA COVES VENTURE,
15     LLC, Only

16 ☒ Affects SUNCAL TORRANCE, LLC,
      Only

17 ☒ Affects SUNCAL OAK KNOLL, LLC,
      Only

18 ☐ Affects All Debtors

19

20

21 **TO ALL INTERESTED PARTIES:**

22     **PLEASE TAKE NOTICE** that pursuant to the *Court's Order (A) Approving Plan*

23 *Solicitation, Notice, and Voting Procedures and (B) Establishing Deadlines in Connection*

24 *and Confirmation with Respect to All Pending Plans*, the Official Joint Committee of

25 Creditors Holding Unsecured Claims (the "Trustee Debtors Committee") respectfully

26 requests that the position letters (collectively, the "Position Letters") attached as Exhibits

27 "1" through "4" as noted below be approved and that the Position Letters be ordered to be

28 included in the solicitation package of each respective plan:

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**Weiland, Golden,**
**Smiley, Wang Ekvall & Strok, LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1.   The Trustee Debtors Committee's Position Letter with respect to The Third Amended Chapter 11 Plans Filed by the SunCal Plan Proponents in the Chapter 11 Cases of SunCal Oak Valley, LLC, SunCal Heartland, LLC, Delta Coves Venture LLC, Delta Doves Venture LLC, SunCal Marblehead, LLC, and SunCal PSV, LLC [Group I: Trustee Debtors] [docket no. 2488] – Exhibit "1

2.   The Trustee Debtors Committee's Position Letter with respect to The Third Amended Chapter 11 Plans Filed by the SunCal Plan Proponents in the Chapter 11 Cases of SunCal Oak Knoll, LLC and SunCal Torrance, LLC [Group II: Trustee Debtors] [docket no. 2489] – Exhibit "2";

3.   The Trustee Debtors Committee's Position Letter with respect to The Third Amended Chapter 11 Plan Filed by SunCal Plan Proponents in the Chapter 11 Case of SunCal Century City, LLC [docket no. 2490] – Exhibit "3"; and

4.   The Trustee Debtors Committee's Position Letter with respect to The Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors [docket no. 2383] – Exhibit "4."

**PLEASE TAKE FURTHER NOTICE** that on August 22, 2011, at 2:00 p.m., in Courtroom 5A of the United States Bankruptcy Court located at 411 West Fourth Street, Santa Ana, California, the Court will conduct a hearing on approval of the Position Letters.

//

//

1    **PLEASE TAKE FURTHER NOTICE** that any objection to the Position Letters shall

2    be in writing and filed with the Court and served on counsel for the Trustee Debtors

3    Committee at the address noted on the first page of this notice by no later than August 18,

4    2011.   Failure to timely file and serve a written opposition may be deemed consent to

5    approval of the Position Letters.

6

7    Dated:  August 12, 2011                Respectfully submitted,

8                                            WEILAND, GOLDEN
                                            SMILEY, WANG EKVALL & STROK, LLP

9

10                                          By:   /s/ Lei Lei Wang Ekvall
                                                  LEI LEI WANG EKVALL
11                                                Attorneys for the Joint Committee of
                                                  Creditors Holding Unsecured Claims
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

613135_1.DOC                              4                                    NOTICE

EXHIBIT "1"



# WEILAND, GOLDEN,
# SMILEY, WANG EKVALL & STROK, LLP
### LAWYERS

KYRA E. ANDRASSY
REEM J. BELLO
BETH E. GASCHEN
JEFFREY I. GOLDEN
KRAIG C. KILGER
JOHN T. MADDEN
ROBERT S. MARTICELLO
HUTCHISON B. MELTZER

EVAN D. SMILEY
AUTUMN D. SPAETH
PHILIP E. STROK
LEI LEI WANG EKVALL
MICHAEL J. WEILAND

MARCUS M. KAUFMAN
(1929–2009)
ASSOCIATE JUSTICE, RETIRED
CALIFORNIA SUPREME COURT

FILE NO.: OCC01.0044

August 12, 2011

To All Creditors Holding Non-Priority Unsecured Claims Against:

(1)  LBL-SunCal Oak Valley, LLC,
(2)  SunCal Heartland, LLC,
(3)  SunCal Marblehead, LLC,
(4)  SunCal PSV, LLC, and
(5)  Delta Coves Venture, LLC (together, the "Debtors"),
Jointly Administered Under Chapter 11 Case No. 8:08-bk-17206-ES

> Re:  The Official Committee of Unsecured Creditors' Recommendation to
> Vote to **REJECT** the plan proposed by SunCal Management, LLC
> and SunCal Acquisitions, Inc. (together, "SunCal")

You are receiving this letter, and many related documents, because you are a creditor who has been scheduled a claim or has filed a claim regarding at least one of nine SunCal developments that are now the subject of bankruptcy proceedings. By order of the Bankruptcy Court, our firm represents the Official Committee of Unsecured Creditors (the "Committee"). The Committee was appointed to represent the interests of all creditors holding non-priority unsecured claims ("General Unsecured Creditors") in these nine SunCal cases, including the four cases listed above. These nine SunCal cases are frequently referred to as either the Trustee Debtor Cases or the Involuntary Debtor Cases. Over the past several years, the Committee has monitored and participated in the bankruptcy proceedings in an effort to achieve the best results for General Unsecured Creditors.

During the pendency of the Trustee Debtor Cases, the Bankruptcy Court appointed a Chapter 11 Trustee, Steven M. Speier (the "Trustee"), to control and maintain the Debtors' assets. After several years of litigation, there are now two competing plans of reorganization that have been filed with the Bankruptcy Court. One plan has been jointly proposed by the Trustee, Lehman Commercial Paper, Inc., Lehman ALI, Inc., Northlake Holdings LLC, and OVBC Holdings, LLC (the "Trustee/Lehman Plan"). A second plan has been proposed by SunCal Management, LLC and SunCal Acquisitions, Inc. (the "SunCal Plan").

650 TOWN CENTER DRIVE, SUITE 950, COSTA MESA, CALIFORNIA 92626
TELEPHONE: 714-966-1000    FACSIMILE: 714-966-1002    WEB: WGLLP.COM

612688.4

Exhibit 1, Page 5

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP

August 12, 2011
Page 2

The Committee, with the assistance of its counsel, has reviewed both of these plans to evaluate their respective benefits and detriments to creditors such as you. After considering these plans, the Committee urges the General Unsecured Creditors to take the following actions:

1.    Vote to **REJECT** the SunCal Plan, which is contained in the same envelope as this letter, and

2.    Vote to **ACCEPT** the Trustee/Lehman Plan, which is sent to you in a separate envelope.

The Trustee/Lehman Plan provides General Unsecured Creditors with the best opportunity available to receive a significant distribution with the least delays and risks. In contrast, the SunCal Plan offers an uncertain opportunity for recovery and the strong possibility of no recovery at all.

We make these recommendations for various reasons, including the reasons stated below and in a companion letter accompanying the Trustee/Lehman Plan.  We encourage you to review both letters to fully understand our recommendation.

## Summary of the SunCal Plan

Under the SunCal Plan, General Unsecured Creditors' claims will be paid different rates depending on whether they are a "Reliance Claim" (as identified in Exhibit 8 to SunCal's Third Amended Disclosure Statement sent to you in the same envelope as this letter) or a "Non-Reliance Claim."

Assuming the SunCal Plan is confirmed by the Bankruptcy Court, a currently non-existent source of financing is secured, and SunCal can overcome significant legal hurdles presented by its plan, the SunCal Plan proposes to pay General Unsecured Creditors who vote in favor of the SunCal Plan $.55 per dollar for their Reliance Claims. The Non-Reliance Claims would be paid only $.01 per dollar.

Although the proposed $.55 per dollar payment for Reliance Claims is nominally more than the payment offered under the Trustee/Lehman Plan, there are several reasons why the Committee believes the SunCal Plan is inferior and should be REJECTED.

## No Funding Source

First and foremost, under the SunCal Plan, there will be no distribution for Reliance Claims or administrative claims (which are those claims incurred during the bankruptcy case and are substantial) unless a new entity formed as part of the SunCal

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP

---

August 12, 2011
Page 3

Plan (referred to as LitCo, LLC) obtains financing to fund these obligations.  Although the SunCal Plan indicates that SunCal is in discussions with third parties to provide this financing, _SunCal has not yet obtained any loan commitments or financing_.  Thus, as of the date of this letter, neither LitCo nor SunCal has any funds with which to pay creditors what they are promised if the SunCal Plan is confirmed.

Moreover, the Committee is concerned that LitCo itself has no obligation to provide any funding or extend any loans because it is not a plan proponent and we are unaware of any signed contracts obligating LitCo to do any of the things stated in the SunCal Plan.  The SunCal Plan provides no information about who LitCo's members or managers are, although it appears that SunCal may be behind it.

There is also no funding available to maintain the Debtors' development projects pending their sale, which will not occur until after the effective date of the Plan.  If the projects are not adequately maintained and health and safety issues properly addressed between when the SunCal Plan is confirmed and the SunCal Plan becomes effective, there are risks that one or more of the properties may be abandoned or relief from stay may be granted.  If that occurs, the SunCal Plan would fail.

## Creditors Paid Substantially Later Than Under
## the Trustee/Lehman Joint Plan

Second, under the SunCal Plan, distributions are expected to occur much later than distributions under the Trustee/Lehman Plan.  The effective date of the SunCal Plan, which is the date when distributions will commence, is a date selected by SunCal that is not later than 90 days after the SunCal Plan is confirmed, except that the date could be extended for an additional 60 days at SunCal's option if the bankruptcy court overseeing the bankruptcy cases filed by certain Lehman entities determines that certain matters are subject to the automatic stay in those cases.  _This is a contingency over which SunCal has no control._  In addition to the initial 150 days, the effective date can be further extended by request of SunCal if approved by the Bankruptcy Court.

To make matters worse, the SunCal Plan establishes SunCal as the "Plan Trustee" who will be tasked with reviewing claims.  A creditor will NOT receive a distribution on the effective date unless the Plan Trustee has no issues with the creditors' claim.  If the claim is disputed by the Plan Trustee, then the Plan Trustee may withhold distribution until the objection is resolved.

Because the SunCal Plan allows its Plan Trustee 180 days from the effective date to file these objections and allows that deadline to be further extended by the Bankruptcy Court, _distributions may not actually occur until long after the SunCal Plan is confirmed_.  In contrast, the Trustee/Lehman Plan provides for a definite outside date for

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP

August 12, 2011
Page 4

distributions to creditors and creditors are likely to receive distributions sooner under the
Trustee/Lehman Joint Plan and without all of the risks that the Committee believes are
inherent in the SunCal Plan.

<u>**Significant Litigation Risks**</u>

Last, the SunCal Plan is dependent upon SunCal prevailing on highly risky
litigation against the Lehman entities.  SunCal is attempting to have the Bankruptcy
Court order the sale of the Debtors' development projects and allow SunCal to have
access to the sales proceeds despite senior liens held by the Lehman entities.
Recently, the Bankruptcy Court made a ruling on another matter in these cases that will
negatively affect SunCal's objection to the Lehman entities' allowed administrative
priority claims.  If SunCal loses the remainder of its claim objection litigation against the
Lehman entities, SunCal will be unable to use the net proceeds from the sales of the
real properties.  This means that: 1) unsecured creditors who do not hold Reliance
Claims will not be paid, 2) there will be no funds to pay the costs of administering the
SunCal Plan, 3) there will be no funds to pursue the equitable subordination lawsuit
against the Lehman entities, and 4) the SunCal Plan will fail.  The Committee believes
that creditors should not accept these risks and uncertainties.

Because of the amount of uncertainty surrounding the SunCal Plan, the
Committee urges you to vote to **REJECT THE SUNCAL PLAN** and **ACCEPT THE
TRUSTEE/LEHMAN JOINT PLAN** that is being sent in a separate envelope.

Very truly yours,

Weiland, Golden
Smiley, Wang Ekvall & Strok, LLP

Lei Lei Wang Ekvall
Hutchison B. Meltzer
Kyra E. Andrassy

COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS

EXHIBIT "2"

# W&G

## WEILAND, GOLDEN,
## SMILEY, WANG EKVALL & STROK, LLP
### LAWYERS

KYRA E. ANDRASSY
REEM J. BELLO
BETH E. GASCHEN
JEFFREY I. GOLDEN
KRAIG C. KILGER
JOHN T. MADDEN
ROBERT S. MARTICELLO
HUTCHISON B. MELTZER

EVAN D. SMILEY
AUTUMN D. SPAETH
PHILIP E. STROK
LEI LEI WANG EKVALL
MICHAEL J. WEILAND

MARCUS M. KAUFMAN
(1929–2003)
ASSOCIATE JUSTICE, RETIRED
CALIFORNIA SUPREME COURT

FILE NO.: OCC01.0044

August 12, 2011

To All Creditors Holding Non-Priority Unsecured Claims Against:

(1)  SunCal Torrance, LLC, and
(2)  SunCal Oak Knoll, LLC (together, the "Debtors"),
Jointly Administered Under Chapter 11 Case No. 8:08-bk-17206-ES

> Re:    The Official Committee of Unsecured Creditors' Recommendation to
> Vote to **REJECT** the plan proposed by SunCal Management, LLC
> and SunCal Acquisitions, Inc. (together, "SunCal")

You are receiving this letter, and many related documents, because you are a creditor who has been scheduled a claim or has filed a claim regarding at least one of nine SunCal developments that are now the subject of bankruptcy proceedings.  By order of the Bankruptcy Court, our firm represents the Official Committee of Unsecured Creditors (the "Committee").  The Committee was appointed to represent the interests of all creditors holding non-priority unsecured claims ("General Unsecured Creditors") in these nine SunCal cases, including the two cases listed above.  These nine SunCal cases are frequently referred to as either the Trustee Debtor Cases or the Involuntary Debtor Cases.  Over the past several years, the Committee has monitored and participated in the bankruptcy proceedings in an effort to achieve the best results for General Unsecured Creditors.

During the pendency of the Trustee Debtor Cases, the Bankruptcy Court appointed a Chapter 11 Trustee, Steven M. Speier (the "Trustee"), to control and maintain the Debtors' assets.  After several years of litigation,  there are now two competing plans of reorganization that have been filed with the Bankruptcy Court.  One plan has been jointly proposed by the Trustee, Lehman Commercial Paper, Inc., Lehman ALI, Inc., Northlake Holdings LLC, and OVBC Holdings, LLC (the "Trustee/Lehman Plan").  A second plan has been proposed by SunCal Management, LLC and SunCal Acquisitions, Inc. (the "SunCal Plan").

The Committee, with the assistance of its counsel, has reviewed both of these plans to evaluate their respective benefits and detriments to creditors such as you.

650 TOWN CENTER DRIVE, SUITE 950, COSTA MESA, CALIFORNIA 92626
TELEPHONE: 714-966-1000    FACSIMILE: 714-966-1002    WEB: WGLLP.COM

613126.1

Exhibit 2, Page 9

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP

August 12, 2011
Page 2

After considering these plans, the Committee urges the General Unsecured Creditors to take the following actions:

     1.     Vote to **REJECT** the SunCal Plan, which is contained in the same envelope as this letter, and

     2.     Vote to **ACCEPT** the Trustee/Lehman Plan, which is sent to you in a separate envelope.

The Trustee/Lehman Plan provides General Unsecured Creditors with the best opportunity available to receive a significant distribution with the least delays and risks. In contrast, the SunCal Plan offers an uncertain opportunity for recovery and the strong possibility of no recovery at all.

We make these recommendations for various reasons, including the reasons stated below and in a companion letter accompanying the Trustee/Lehman Plan. We encourage you to review both letters to fully understand our recommendation.

## Summary of the SunCal Plan

Under the SunCal Plan, General Unsecured Creditors' claims will be paid different rates depending on whether they are a "Reliance Claim" (as identified in Exhibit 8 to SunCal's Third Amended Disclosure Statement sent to you in the same envelope as this letter) or a "Non-Reliance Claim."

Assuming the SunCal Plan is confirmed by the Bankruptcy Court, a currently non-existent source of financing is secured, and SunCal can overcome significant legal hurdles presented by its plan, the SunCal Plan proposes to pay General Unsecured Creditors who vote in favor of the SunCal Plan $.55 per dollar for their Reliance Claims. The Non-Reliance Claims would be paid only $.01 per dollar.

Although the proposed $.55 per dollar payment for Reliance Claims is nominally more than the payment offered under the Trustee/Lehman Plan, there are several reasons why the Committee believes the SunCal Plan is inferior and should be REJECTED.

## No Funding Source

First and foremost, under the SunCal Plan, there will be no distribution for Reliance Claims or administrative claims (which are those claims incurred during the bankruptcy case and are substantial) unless a new entity formed as part of the SunCal Plan (referred to as Litco, LLC) obtains financing to fund these obligations. Although the SunCal Plan indicates that SunCal is in discussions with third parties to provide this

613126.1

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP

August 12, 2011
Page 3

financing, _SunCal has not yet obtained any loan commitments or financing_.  Thus, as of the date of this letter, neither LitCo nor SunCal has any funds with which to pay creditors what they are promised if the SunCal Plan is confirmed.

Moreover, the Committee is concerned that LitCo itself has no obligation to provide any funding or extend any loans because it is not a plan proponent and we are unaware of any signed contracts obligating LitCo to do any of the things stated in the SunCal Plan.  The SunCal Plan provides no information about who LitCo's members or managers are, although it appears that SunCal may be behind it.

There is also no funding available to maintain the Debtors' development projects pending their sale, which will not occur until after the effective date of the Plan.  If the projects are not adequately maintained and health and safety issues properly addressed between when the SunCal Plan is confirmed and the SunCal Plan becomes effective, there are risks that one or more of the properties may be abandoned or relief from stay may be granted.  If that occurs, the SunCal Plan would fail.

**Creditors Paid Substantially Later Than Under
the Trustee/Lehman Joint Plan**

Second, under the SunCal Plan, distributions are expected to occur much later than distributions under the Trustee/Lehman Plan.  The effective date of the SunCal Plan, which is the date when distributions will commence, is a date selected by SunCal that is not later than 30 days after the SunCal Plan is confirmed, except that the date could be extended by request of SunCal if approved by the Bankruptcy Court.

To make matters worse, the SunCal Plan establishes SunCal as the "Plan Trustee" who will be tasked with reviewing claims.  A creditor will NOT receive a distribution on the effective date unless the Plan Trustee has no issues with the creditors' claim.  If the claim is disputed by the Plan Trustee, then the Plan Trustee may withhold distribution until the objection is resolved.

Because the SunCal Plan allows its Plan Trustee 180 days from the effective date to file these objections and allows that deadline to be further extended by the Bankruptcy Court, _distributions may not actually occur until long after the SunCal Plan is confirmed_.  In contrast, the Trustee/Lehman Plan provides for a definite outside date for distributions to creditors and creditors are likely to receive distributions sooner under the Trustee/Lehman Joint Plan and without all of the risks that the Committee believes are inherent in the SunCal Plan.

613126.1

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP

August 12, 2011
Page 4


## Significant Litigation Risks

Last, the SunCal Plan is dependent upon SunCal prevailing on highly risky litigation against the Lehman entities.  SunCal is attempting to have the Bankruptcy Court order the sale of the Debtors' development projects and allow SunCal to have access to the sales proceeds despite senior liens held by the Lehman entities. Recently, the Bankruptcy Court made a ruling on another matter in these cases that will negatively affect SunCal's objection to the Lehman entities' allowed administrative priority claims.  If SunCal loses the remainder of its claim objection litigation against the Lehman entities, SunCal will be unable to use the net proceeds from the sales of the real properties.  This means that: 1) unsecured creditors who do not hold Reliance Claims will not be paid, 2) there will be no funds to pay the costs of administering the SunCal Plan, 3) there will be no funds to pursue the equitable subordination lawsuit against the Lehman entities, and 4) the SunCal Plan will fail.  The Committee believes that creditors should not accept these risks and uncertainties.

Because of the amount of uncertainty surrounding the SunCal Plan, the Committee urges you to vote to **REJECT THE SUNCAL PLAN** and **ACCEPT THE TRUSTEE/LEHMAN JOINT PLAN** that is being sent in a separate envelope.


Very truly yours,

Weiland, Golden
Smiley, Wang Ekvall & Strok, LLP



Lei Lei Wang Ekvall
Hutchison B. Meltzer
Kyra E. Andrassy

COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS

613126.1

EXHIBIT "3"



# WEILAND, GOLDEN,
## SMILEY, WANG EKVALL & STROK, LLP
L A W Y E R S

KYRA E. ANDRASSY
REEM J. BELLO
BETH E. GASCHEN
JEFFREY I. GOLDEN
KRAIG C. KILGER
JOHN T. MADDEN
ROBERT S. MARTICELLO
HUTCHISON B. MELTZER

EVAN D. SMILEY
AUTUMN D. SPAETH
PHILIP E. STROK
LEI LEI WANG EKVALL
MICHAEL J. WEILAND

MARCUS M. KAUFMAN
(1929-2009)
ASSOCIATE JUSTICE, RETIRED
CALIFORNIA SUPREME COURT

FILE NO.: OCC01.0043

August 12, 2011

To All Creditors Holding Non-Priority Unsecured Claims Against
SunCal Century City, LLC (the "Debtor"), Jointly Administered Under
Chapter 11 Case No. 8:08-bk-17206-ES

Re:   The Official Committee of Unsecured Creditors' Recommendation to
Vote to **REJECT** the plan proposed by SunCal Management, LLC
and SunCal Acquisitions, Inc. (together, "SunCal")

You are receiving this letter, and many related documents, because you are a creditor who has been scheduled a claim or has filed a claim regarding at least one of nine SunCal developments that are now the subject of bankruptcy proceedings.  By order of the Bankruptcy Court, our firm represents the Official Committee of Unsecured Creditors (the "Committee").  The Committee was appointed to represent the interests of all creditors holding non-priority unsecured claims ("General Unsecured Creditors") in these nine SunCal cases, including the SunCal Century City case.  These nine SunCal cases are frequently referred to as either the Trustee Debtor Cases or the Involuntary Debtor Cases.  Over the past several years, the Committee has monitored and participated in the bankruptcy proceedings in an effort to achieve the best results for General Unsecured Creditors.

During the pendency of the Trustee Debtor Cases, the Bankruptcy Court appointed a Chapter 11 Trustee, Steven M. Speier (the "Trustee"), to control and maintain the Debtors' assets.  The Trustee and the Committee have worked cooperatively over the last couple of years to liquidate all assets and resolve any disputed claims so that distributions can be made to General Unsecured Creditors in this case.

The Trustee is presently holding approximately $3.5 million in unencumbered cash that is available to distribute to unsecured creditors.  The percentage distribution to General Unsecured Creditors will vary greatly depending on the outcome of the Committee's objection to SunCal Management's $2.5 million administrative priority claim.  If the Committee is successful in its objection, then based on the funds on hand and on the Debtor's estimated amount of undisputed claims, the General Unsecured Creditors would receive approximately $.85 per dollar for their claims.  However, if the

650 TOWN CENTER DRIVE, SUITE 950, COSTA MESA, CALIFORNIA 92626
TELEPHONE: 714-966-1000   FACSIMILE: 714-966-1002   WEB: WGLLP.COM

613130.1

Exhibit 3, Page 13

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP

---

August 12, 2011
Page 2


Committee is unsuccessful in its objection and SunCal Management is allowed a $2.5 million administrative priority claim, then General Unsecured Creditors are estimated to receive $.15 per dollar for their claims.

SunCal has filed a plan of reorganization with the Bankruptcy Court in this case to have all funds transferred from the Trustee to SunCal and for SunCal to oversee the remaining administration of this case.

The Committee, with the assistance of its counsel, has reviewed the SunCal Plan to evaluate its benefits and detriments to creditors such as you.  After due consideration, the Committee urges the General Unsecured Creditors to vote to **REJECT** the SunCal Plan, which is contained in the same envelope as this letter.   We make this recommendation for a variety of reasons, including the reasons stated below.

### Summary of the SunCal Plan

Under the SunCal Plan, the control of all funds in the case, which is presently approximately $3.5 million, will transfer from the Trustee to SunCal.  After objecting to disputed claims, SunCal will then make distributions to creditors with allowed claims. SunCal will be paid unspecified expenses associated with performing its administrative duties under its plan.

SunCal will be vested with all litigation claims, including right to object to SunCal Management's $2.5 million administrative claim.  Although the Committee will have standing to object to SunCal's claim, the SunCal Plan limits the Committee's ability to aggressively pursue the objection by arbitrarily allocating $100,000.00 to the Committee to pay its attorneys' fees.

### There Should be No Restrictions or Limitations that Would Impair the Committee's Ability to Seek to Disallow SunCal's $2.5 Million Administrative Priority Claim

SunCal has filed an administrative priority claim in excess of $2.5 million, which is being objected to by the Committee.  If SunCal's administrative claim is allowed, then General Unsecured Creditors will receive approximately $.15 per dollar on their claims. If the Committee is successful in its objection, the General Unsecured Creditors will receive approximately $.85 per dollar on their claims.  *There is an approximate difference of $.70 per dollar difference depending on the outcome of the Committee's objection to SunCal's claim.*

The SunCal Plan allocates only  $100,000.00 to the Committee to pay attorneys' fees for pursuing claim objections, thereby limiting the Committee's ability to aggressively pursue the objections.  The SunCal Plan also vests all rights to object to

613130.1

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP

August 12, 2011
Page 3

claims in SunCal.  Although the Committee is given standing to object, it is unclear whether SunCal will have the right to settle the claim and moot the Committee's objection.

The Committee does not believe that creditors should accept the risks and limitations imposed by the SunCal Plan when it can reduce creditors' potential recovery by approximately $.70 per dollar.

### Lack of Visibility, Oversight, and Assurances Regarding SunCal's Administration of the Funds

The Committee believes that the General Unsecured Creditors are better off with the Trustee remaining in control of administration of the funds to creditors.  The Committee believes that the General Unsecured Creditors should REJECT the SunCal Plan so that the Trustee can complete his administration of this case.

Contrary to SunCal, the Trustee is an impartial person and a fiduciary to the creditors.  Contrary to SunCal, the Trustee is bonded and his actions are oversee by the Bankruptcy Court.  Contrary to SunCal, the Trustee's fees are governed by the Bankruptcy Code and require approval of the Bankruptcy Court.  Under the SunCal Plan, creditors will have little to no ability to monitor the actions of SunCal.

Because of the reasons stated above, the Committee urges you to vote to **REJECT THE SUNCAL PLAN**.

Very truly yours,

Weiland, Golden
Smiley, Wang Ekvall & Strok, LLP

Lei Lei Wang Ekvall
Hutchison B. Meltzer
Kyra E. Andrassy

COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS

613130.1

EXHIBIT "4"

# W&G

## WEILAND, GOLDEN,
## SMILEY, WANG EKVALL & STROK, LLP
### L A W Y E R S

KYRA E. ANDRASSY
REEM J. BELLO
BETH E. GASCHEN
JEFFREY I. GOLDEN
KRAIG C. KILGER
JOHN T. MADDEN
ROBERT S. MARTICELLO
HUTCHISON B. MELTZER

EVAN D. SMILEY
AUTUMN D. SPAETH
PHILIP E. STROK
LEI LEI WANG EKVALL
MICHAEL J. WEILAND

MARCUS M. KAUFMAN
(1929-2009)
ASSOCIATE JUSTICE, RETIRED
CALIFORNIA SUPREME COURT

FILE NO.: OCC01.0043

August 12, 2011

To All Creditors Holding Non-Priority Unsecured Claims Against:
(1)  LBL-SunCal Oak Valley, LLC;
(2)  SunCal Heartland, LLC;
(3)  LB/L-SunCal Northlake, LLC;
(4)  SunCal Marblehead, LLC;
(5)  SunCal PSV, LLC;
(6)  Delta Coves Venture, LLC;
(7)  SunCal Torrance Properties, LLC; and
(8)  SunCal Oak Knoll, LLC (together, the "Debtors"), Jointly Administered
Under Chapter 11 Case No. 8:08-bk-17206-ES

>    Re:    Official Committee of Unsecured Creditor's Recommendation To Vote To
>           **ACCEPT** The Plan Jointly Proposed By The Chapter 11 Trustee And The
>           Lehman Parties

You are receiving this letter, and many related documents, because you are a creditor who has been scheduled a claim or has filed a claim regarding at least one of nine SunCal developments that are now the subject of bankruptcy proceedings.  By order of the Bankruptcy Court, our firm represents the Official Committee of Unsecured Creditors (the "Committee").  The Committee was appointed to represent the interests of all creditors holding non-priority unsecured claims ("General Unsecured Creditors") in these nine SunCal cases, including the eight cases listed above.  These nine SunCal cases are frequently referred to as either the Trustee Debtor Cases or the Involuntary Debtor Cases.  Over the past several years, the Committee has monitored and participated in the bankruptcy proceedings in an effort to achieve the best results for General Unsecured Creditors.

During the pendency of the Trustee Debtor Cases, the Bankruptcy Court appointed a Chapter 11 Trustee, Steven M. Speier (the "Trustee"), to control and maintain the Debtors' assets.  After several years of litigation,  there are now two competing plans of reorganization that have been filed with the Bankruptcy Court.  One plan has been jointly proposed by the Trustee, Lehman Commercial Paper, Inc., Lehman ALI, Inc., Northlake Holdings LLC, and OVBC Holdings, LLC (the "Trustee/Lehman Plan").  A second plan has been proposed by SunCal Management, LLC and SunCal Acquisitions, Inc. (the "SunCal Plan").

The Committee, with the assistance of its counsel, has reviewed both of these plans to evaluate their respective benefits and detriments to creditors such as you.  After considering

613113.4

Exhibit 4, Page 16

these plans, the Committee urges the General Unsecured Creditors to take the following actions:

1.    Vote to **ACCEPT** the Trustee/Lehman Plan, which is contained in the same envelope as this letter, and

2.    Vote to **REJECT** the SunCal Plan, which is sent to you in a separate envelope. For General Unsecured Creditors in the LBL-SunCal Northlake, LLC, case, there is no SunCal Plan.

The Trustee/Lehman Plan provides General Unsecured Creditors with the best opportunity available to receive a significant distribution with the least delays and risks.  In contrast, the SunCal Plan offers an uncertain opportunity for recovery and the strong possibility of no recovery at all.

We make these recommendations for various reasons, including the reasons stated below and in a companion letter accompanying the SunCal Plan.  We encourage you to review both letters to fully understand our recommendation.

## Summary of the Trustee/Lehman Plan

Under the Trustee/Lehman Plan, General Unsecured Creditors' claims will be paid different rates depending on whether they are considered "Reliance Claims" or "Non-Reliance Claims."  The Trustee/Lehman Plan divides the creditor claims as follows:

1.    A _Reliance Claim_[1] under the Trustee/Lehman Plan is generally defined as a claim based on goods or services provided _on or after August 1, 2007_.

2.    Conversely, the _Non-Reliance Claims_ are generally claims for goods or services provided _prior_ to _August 1, 2007_.

Lehman has listed its estimates of Reliance Claims in Exhibit D to the Trustee/Lehman Plan.  The list is non-exclusive, and is not binding on any claimant.  You will be permitted to assert a Reliance Claim in excess of this estimate; however, any such claim will be subject to a possible objection to be asserted later.

General Unsecured Creditors who vote in favor of the Trustee/Lehman Plan will be paid on a sliding scale from 40% to 50% for their allowed Reliance Claims.  The exact payment ratio is subject to a complicated formula, but essentially, if the total amount of allowed Reliance and Non-Reliance Claims in all eight cases is equal to or less than $23 million, then creditors will be paid $.50 per dollar of Reliance Claim.  Above $23 million, as that sum increases, the payout will gradually decrease towards $.40 per dollar of Reliance Claim.

Electing creditors holding Non-Reliance Claims will be paid 5% of the amounts of their allowed claims.

**Non-electing creditors, whether they hold Reliance Claims or Non-Reliance Claims will receive only 1% of the amounts of their allowed claims.  By making the election for a**

---

[1] For the exact definition of Reliance Claim you should refer to the definition in the Trustee/Lehman Plan.

higher distribution, creditors give Lehman a release of their claims related to the **Trustee Debtor Cases** in exchange for the payment.

### Comparison of the Trustee/Lehman Plan with the SunCal Plan

The SunCal Plan also includes a distinction between Reliance and Non-Reliance Claims, but defines the two classes of creditors differently. This means that the list of "SunCal Reliance Claims" (as identified in Exhibit 8 to SunCal's Third Amended Disclosure Statement sent to you in a separate envelope) does not directly correspond to the Reliance Claims under the Trustee/Lehman Plan. These differing definitions may make it difficult to compare the two competing plans for any single creditor.

For some creditors, the SunCal Plan may seem an attractive option, especially since, for certain estates, there is nominally higher payout. However, the Committee's opinion is that *the SunCal Plan is not feasible* and *has a number of serious risks* that greatly outweigh any possibility of a higher return for certain creditors. The feasibility problems and risks include the following:

1.      As discussed further in the Committee's companion letter urging creditors to reject the SunCal Plan, although the SunCal Plan indicates that SunCal is in discussions with third parties to provide financing, *SunCal has not yet obtained any loan commitments* and does not currently have funding for the SunCal Plan. *Without a funding source, the SunCal Plan will fail*.

2.      For the Bankruptcy Court to confirm any plan, it is necessary to provide for the timely payment of allowed administrative claims. SunCal currently does not have the funds to pay the administrative claims. Instead, *the SunCal Plan relies on objections to Lehman's administrative claims which are risky and  based on uncertain legal theories*.   (In fact, the Bankruptcy Court recently rejected one of these theories in connection with a financing motion).

3.      The SunCal Plan pays SunCal non-Reliance Claims only 1%, while the Trustee/Lehman Plan provides for a 5% recovery for Non-Reliance Claims.

4.      The SunCal Plan (even if feasible and confirmable) *could result in indefinite* extensions under certain conditions and with orders of the Bankruptcy Court.   The Trustee/Lehman Plan provides for a definite outside date for distributions to creditors.

5.      With *respect to creditors of Northlake Holdings LLC, SunCal has not proposed a plan* and the Trustee/Lehman Plan is the only viable plan proposed.

### Additional Comments Regarding Trustee/Lehman Plan

While there are certain contingencies to Lehman's commitment to fund the Trustee/Lehman Plan, such as claims thresholds not being exceeded and Lehman reaching settlements with certain bond companies (with creditors' rights to seek satisfaction of their existing claims against the bonds preserved), Lehman estimates that these contingencies will be satisfied. More importantly, the Committee does not believe that there is a viable alternative to the Trustee/Lehman Plan and there is currently no binding (or even non-binding) commitment to fund the SunCal Plans.

The Trustee/Lehman Plan is not severable with respect to each bankruptcy estate, meaning that the Trustee/Lehman Plan must be confirmed in each Trustee Debtor Case (with

613113.4

the exception of Century City) for the Trustee/Lehman Plan to be effective with respect to any of the eight estates.

If the Trustee/Lehman Plan does not receive the requisite votes and therefore fails and either the SunCal Plan is not confirmed (because it is infeasible or due to other deficiencies) or the SunCal Plan is confirmed but SunCal does not perform, then creditors will be left with no option for receiving any distribution on their claims in the foreseeable future.  The only chance for a recovery will depend on the success of litigation against Lehman which may take years, may not be pursued to judgment due to lack of funding, or may result in a loss.  Further, there is a significant risk that the Debtors'  properties would have to be abandoned due to lack of funds to maintain them.

For the reasons stated in this letter, and in the companion letter sent with the SunCal Plan, the Committee urges General Unsecured Creditors to **elect to receive the Lehman Distribution Enhancement by marking Item 4 on the ballot** sent to you along with the Trustee/Lehman Plan in order to receive the 40% to 50% distribution to holders of Reliance Claims and the 5% distribution to holders of non-Reliance Claims.  **<u>If you fail to make the election and the Trustee/Lehman Plan is confirmed, you will only receive a 1% distribution on account of your allowed claim.</u>**

**<u>Further, if you believe you have a Reliance Claim and/or a non-Reliance Claim you must indicate this on Item 3 of the ballot</u>**.

For the foregoing reasons, the Committee urges you to vote to **ACCEPT THE TRUSTEE/LEHMAN PLAN** sent to you in the same envelope as this letter and **REJECT THE SUNCAL PLAN** that is being sent in a separate envelope.
.

Very truly yours,

Weiland, Golden
Smiley, Wang Ekvall & Strok, LLP


Lei Lei Wang Ekvall
Hutchison B. Meltzer
Kyra E. Andrassy

COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS

613113.4

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is :**650 Town Center Drive, Suite 950, Costa Mesa, California 92626**

A true and correct copy of the foregoing document described as **NOTICE OF JOINT COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS' PROPOSED POSITION LETTERS REGARDING CHAPTER 11 PLANS FILED BY SUNCAL PROPONENTS AND BY STEVEN M. SPEIER, THE CHAPTER 11 TRUSTEE, JOINTLY WITH THE LEHMAN ENTITIES** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **August 12, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☑ Service information continued on attached page

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 12, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**The Honorable Erithe Smith**
**United States Bankruptcy Court**                        **(Via Personal Delivery)**
**411 West Fourth Street**
**Santa Ana, CA 92701**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| **August 12, 2011** | Terri Jones | /s/ Terri Jones |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                      **F 9013-3.1.PROOF.SERVICE**
613171.1

**I.**　　**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")**
**Selia M Acevedo**　sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
**Joseph M Adams**　jadams@sycr.com
**Raymond H Aver**　ray@averlaw.com
**James C Bastian**　jbastian@shbllp.com
**Thomas Scott Belden**　sbelden@kleinlaw.com, ecf@kleinlaw.com
**John A Boyd**　fednotice@tclaw.net
**Mark Bradshaw**　mbradshaw@shbllp.com
**Gustavo E Bravo**　gbravo@smaha.com
**Jeffrey W Broker**　jbroker@brokerlaw.biz
**Brendt C Butler**　bbutler@mandersonllp.com
**Andrew W Caine**　acaine@pszyjw.com
**Carollynn Callari**　ccallari@venable.com
**Cathrine M Castaldi**　ccastaldi@rusmiliband.com
**Tara Castro Narayanan**　tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
**Dan E Chambers**　dchambers@jmbm.com
**Shirley Cho**　scho@pszjlaw.com
**Vonn Christenson**　vrc@paynefears.com
**Brendan P Collins**　bpcollins@bhfs.com
**Vincent M Coscino**　vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
**Paul J Couchot**　pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com
**Jonathan S Dabbieri**　dabbieri@sullivan.com,
hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
**Ana Damonte**　ana.damonte@pillsburylaw.com
**Vanessa S Davila**　vsd@amclaw.com
**Melissa Davis**　mdavis@shbllp.com
**Daniel Denny**　ddenny@gibsondunn.com
**Caroline Djang**　crd@jmbm.com
**Donald T Dunning**　ddunning@dunningLaw.com
**Meredith R Edelman**　meredith.edelman@dlapiper.com
**Joseph A Eisenberg**　jae@jmbm.com
**Lei Lei Wang Ekvall**　lekvall@wgllp.com
**Richard W Esterkin**　resterkin@morganlewis.com
**Marc C Forsythe**　kmurphy@goeforlaw.com
**Alan J Friedman**　afriedman@irell.com
**Steven M Garber**　steve@smgarberlaw.com
**Christian J Gascou**　cgascou@gascouhopkins.com
**Barry S Glaser**　bglaser@swjlaw.com
**Robert P Goe**　kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
**Eric D Goldberg**　egoldberg@stutman.com
**Richard H Golubow**　rgolubow@winthropcouchot.com, pj@winthropcouchot.com
**Michael J Gomez**　mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
**Kelly C Griffith**　bkemail@harrisbeach.com
**Matthew Grimshaw**　mgrimshaw@rutan.com
**Kavita Gupta**　kgupta@winthropcouchot.com
**Asa S Hami**　ahami@morganlewis.com
**Michael J Hauser**　michael.hauser@usdoj.gov
**D Edward Hays**　ehays@marshackhays.com
**Michael C Heinrichs**　mheinrichs@omm.com
**Harry D. Hochman**　hhochman@pszjlaw.com, hhochman@pszjlaw.com
**Jonathan M Hoff**　jonathan.hoff@cwt.com
**Nancy Hotchkiss**　nhotchkiss@trainorfairbrook.com
**Michelle Hribar**　mhribar@rutan.com

John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
Lawrence A Jacobson    laj@cohenandjacobson.com
Michael J Joyce    mjoyce@crosslaw.com
Stephen M Judson    sjudson@fablaw.com
Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
Steven J Kahn    skahn@pszyjw.com
Sheri Kanesaka    sheri.kanesaka@bryancave.com
David I Katzen    katzen@ksfirm.com
Christopher W Keegan    ckeegan@kirkland.com, shalimar.caltagirone@kirkland.com;alevin@kirkland.com
Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
Irene L Kiet    ikiet@hkclaw.com
Claude F Kolm    claude.kolm@acgov.org
Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
David B Lally    davidlallylaw@gmail.com
Leib M Lerner    leib.lerner@alston.com
Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
Charles Liu    cliu@winthropcouchot.com
Kerri A Lyman    klyman@irell.com
Mariam S Marshall    mmarshall@marshallramoslaw.com
Robert C Martinez    rmartinez@mclex.com
Michael D May    mdmayesq@verizon.net
Hutchison B Meltzer    hmeltzer@wgllp.com
Krikor J Meshefejian    kjm@lnbrb.com
Joel S. Miliband    jmiliband@rusmiliband.com
James M Miller    jmiller@millerbarondess.com,
vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com
Louis R Miller    smiller@millerbarondess.com
Craig Millet    cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
Randall P Mroczynski    randym@cookseylaw.com
Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
Robert Nida    Rnida@castlelawoffice.com
Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
Sean A Okeefe    sokeefe@okeefelc.com
Scott H Olson    solson@seyfarth.com
Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
Ernie Zachary Park    ernie.park@bewleylaw.com
Daryl G Parker    dparker@pszjlaw.com
Penelope Parmes    pparmes@rutan.com
Robert J Pfister    rpfister@ktbslaw.com
Ronald B Pierce    ronald.pierce@sdma.com
Katherine C Piper    kpiper@steptoe.com, smcloughlin@steptoe.com
Cassandra J Richey    cmartin@pprlaw.net
Debra Riley    driley@allenmatkins.com
James S Riley    tgarza@sierrafunds.com
Todd C. Ringstad    becky@ringstadlaw.com
R Grace Rodriguez    ecf@lorgr.com
Martha E Romero    Romero@mromerolawfirm.com
Ronald Rus    rrus@rusmiliband.com
John P Schafer    jschafer@mandersonllp.com
John E Schreiber    jschreiber@dl.com
William D Schuster    bills@allieschuster.org
Christopher P Simon    csimon@crosslaw.com
Gerald N Sims    jerrys@psdslaw.com, bonniec@psdslaw.com
Wendy W Smith    wendy@bindermalter.com
Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
Michael St James    ecf@stjames-law.com

**Michael K Sugar**   msugar@irell.com
**Cathy Ta**   cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
**David A Tilem**   davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
**James E Till**   jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
**United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
**Carol G Unruh**   cgunruh@sbcglobal.net
**Annie Verdries**   verdries@lbbslaw.com
**Jason Wallach**   jwallach@gladstonemichel.com
**Joshua D Wayser**   , kim.johnson@kattenlaw.com
**Benjamin M Weiss**   bweiss@lansingcompanies.com
**Marc J Winthrop**   mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
**David M Wiseblood**   dwiseblood@seyfarth.com
**Brett K Wiseman**   bwiseman@aalaws.com
**Dean A Ziehl**   dziehl@pszjlaw.com, dziehl@pszjlaw.com
**Marc A. Zimmerman**   joshuasdaddy@att.net