1  PAUL J. COUCHOT - State Bar No. 131934
   pcouchot@winthropcouchot.com
2  SEAN A. O'KEEFE -- State Bar No. 122417
   sokeefe@winthropcouchot.com
3  Newport Center Drive, Suite 400
   Newport Beach, CA 92660
4  Tel: (949) 720-4100/Fax: (949) 720-4111
   General Insolvency Counsel for Palmdale Hills
5  Property, LLC et. al. (the "Voluntary Debtors")

6  RONALD RUS - State Bar No. 67369
   rrus@rusmiliband.com
7  JOEL S. MILIBAND - State Bar No. 77438
   jmiliband@rusmiliband.com
8  RUS MILIBAND & SMITH P.C.
   2211 Michelson Drive, Seventh Floor
9  Irvine, California 92612
   Tel.: (949) 752-7100/Fax: (949) 252-1514
10 Counsel for SunCal Management LLC and
   SCC Acquisitions Inc.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br>PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS,<br>        Jointly Administered Debtors<br>        and Debtors-in-Possession | Case No. 8:08-bk-17206-ES<br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574 ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11 Proceedings<br><br>**SUNCAL PARTIES' REPLY TO PLAN LETTERS PROPOSED BY UNSECURED CREDITORS COMMITTEE FOR TRUSTEE DEBTORS**<br><br>DATE: August 22, 2011<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 5A |
| Affects:<br>☒ All Debtors<br>☐ Palmdale Hills Property,<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale,<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF LLC | |

*Continued on Next Page*

*Continued from Previous Page*
- ☐ LBL-SunCal Oak Valley, LLC
- ☐ SunCal Heartland, LLC
- ☐ LBL-SunCal Northlake, LLC
- ☐ SunCal Marblehead, LLC
- ☐ SunCal Century City, LLC
- ☐ SunCal PSV, LLC
- ☐ Delta Coves Venture, LLC
- ☐ SunCal Torrance, LLC
- ☐ SunCal Oak Knoll, LLC

Palmdale Hills Property, LLC, SunCal Communities I, LLC, SunCal Communities III, LLC, SCC Palmdale, LLC, Acton Estates, LLC, SunCal Beaumont, LLC, SunCal Emerald, LLC, SunCal Johansson, LLC, SunCal Bickford, LLC, SunCal Summit, LLC, Seven Brothers, LLC, Kirby Estates, LLC, SJD Partners, LLC, SJD Development, LLC, SCC Communities, LLC, North Orange Del Rio, LLC and Tesoro SF, LLC and SunCal Management LLC, and SCC Acquisitions, LLC (collectively the "SunCal Parties") hereby submit the following *Reply* to the plan letters that the Official Committee for Unsecured Creditors (the "Committee") seeks to have approved by the Court (the "Committee Letters").

# I

# PRELIMINARY STATEMENT

The Committee Letters, like the Lehman Entities' Disclosure Statement, omit, or mischaracterize, certain critical facts. In their Disclosure Statements, the Lehman Entities have represented that their plan offers a guaranteed 40% distribution to the holders of Reliance Claims, and they have further represented that this distribution could increase to 49%. The Committee Letters confirm these representations. In fact, the reality is these plans will yield a 0% to 1% distribution for substantially all unsecured creditors for a very simple reason: The Lehman Entities have not agreed that any "allowed" Reliance Claims exist.

What the creditors need to understand, and what the Committee has failed to communicate, is that all the Lehman Entities are really offering creditors is any opportunity to litigate with a massive well-heeled opponent over the validity, priority and amount of their claims. These creditors also need to understand that they will have to pay for the cost of this fight and that they will receive the 40% offered only if they win, a year plus down the road. They need to understand that if they are not willing to engage in this fight, their upside is 0% to 1%, if they are lucky. Finally, they need to understand that the Committee, having abdicated control over claim objections to the Lehman Entities, cannot help them in this fight. That is not what is conveyed in the Committee Letters.

The SunCal Parties would respectfully submit that all of the professionals involved in this case fully recognize that the Lehman Entities' plan is quite simply a "beat down" plan. No one

gets anything unless they can get past the Lehman Entities' litigation machine, and anyone who is lucky enough to do so, will be paid first, not from the Lehman Entities' own money, but from the Debtor's cash on hand – money the unsecured creditors were already entitled to receive. In a best case scenario, the Lehman Entities will validate a few token "Reliance Claims" post confirmation to avoid the ire of the Court. All other creditors can look forward to 1% at best. At the end of the day the "net outflow" to unsecured creditors will, quite miraculously, be just about equal to what the creditors would have received from the unencumbered cash in the estate (but only after the Lehman Entities' have paid their legal fees).

Given these facts, the Court should compel the Committee must include the following statement in their Plan letters:

> The dividend payable under the Lehman Plan is only payable on claims that the Lehman Entities agree should be allowed, or that the Court forces the Lehman Entities to accept as "allowed", after litigation. Since the Lehman Entities have not agreed at this juncture that ANY claims should be "allowed" as Reliance Claims, you should assume, when voting, that you will not receive the higher dividend quoted herein *unless you prevail in litigation with the Lehman Entities*. As we stated elsewhere in our letter, litigation is typically a lengthy process, so even if you prevail in this litigation, which you will have to fund, and thereby force the Lehman Entities to pay your claim, the 40% to 49% dividend will not be payable for some time. We, the Committee, cannot defend your claim.

Alternatively, the Committee letters should state:

> Although the Lehman Entities reference a 40% distribution, as explained, this is only payable to the holders of Allowed Reliance Claims, and the Lehman Entities have not agreed that any claims of this nature exist. Accordingly, it is entirely possible that in Lehman Entities' estimation, all claimants holding unsecured claims will receive a maximum distribution of only 1%. Here again, this 1% will only be payable on claims that the Lehman Entities agree should be "allowed," or that the Court forces the Lehman Entities to "allow" after litigation.

In short, the average unsecured creditor should not be bamboozled into thinking that he/she/it is going to receive a check on the Effective Date of 40% to 50% as indicated in the Committee Letters. It should be made clear to them in these letters that they will only realize this distribution if they can overcome the Lehman Entities' objections to their claims.

Since the Committee should have fully investigated the claim objection strategy that the Lehman Entities intend to pursue against the Committee's own constituency, the SunCal Parties would ask that the Court pose the following inquiries to the Committee:

> In your negotiations with the Lehman Entities, did you review their analysis of the unsecured claims to obtain an understanding of how many claims were "Reliance" claims and how many of these claims the Lehman Entities intended to "allow" for payment purposes, and did you make that information available to the affected creditors?
>
> How many non-reliance claims do the Lehman Entities believe will be allowed and have you disclosed or otherwise made this information available to the affected creditors?
>
> Since it will be financially unproductive for most unsecured creditors to fight to protect their claims, particularly the 1% dividend creditors, what have *you* done to insure the members of your constituency will not be subjected to a litigation onslaught by the Lehman Entities, post-confirmation, thereby depriving these creditors of their promised dividend?
>
> Why, *as in most liquidating plan cases*, didn't the Committee insist on control over the claim objections, in order to avoid the very "beat down" scenario referenced herein?

The SunCal Parties would submit that the Committee's answers to these questions, assuming the Court can extract answers, will be "no" and "none" in response to the first three and "because the Lehman Entities' insisted" in response to the last. This means that the Lehman Entities "beat down" plan will move forward like the Trojan horse and the claims of unsecured creditors will share the fate of the Trojans.

## II

## **INDIVIDUAL COMMENTS/OBJECTIONS TO**

## **THE COMMITTEES' PLAN LETTERS 1 & 2**

In the fourth full paragraph appearing on Page 7 to the Committee Letter attached as Exhibit 1 by to the Committee's pleading, the Committee states "To make matters worse, the SunCal Plan establishes SunCal as the "Plan Trustee" who will be tasked with reviewing claims." Although the Committee's seems to be offended by this prospect, it has no problem with the Lehman Entities having this power under their plan – a power that neither the Committee nor Mr.

1 Speier can challenge. To the extent that the Committee elects to raise this as an issue, it must note that the Lehman Entities – the parties who sought to foreclose out any potential dividend to the Committee's constituency prepetition – hold the same unfettered right to object to claims under the Lehman Plan.

In the fifth full paragraph appearing on Page 7 of this same letter, the Committee expresses horror at the 180 day objection period provided for in the SunCal Plan. Yet, the Lehman Plan provides for a 120 day "Claim Objection Period." Moreover, since this 120 day period does not start until 60 days after the Confirmation Date, and it can be extended for 60 days, the true "Claim Objection Period" under the Lehman Plan is *240 days*, not the shorter 180 day period provided for in the SunCal Plan. Accordingly, the Committee should be required to disclose in its letter that the claim objection periods in the competing plans are comparable.

**III**

**INDIVIDUAL COMMENTS/OBJECTIONS TO THE COMMITTEES' PLAN LETTER 3**

In the third letter submitted by the Committee they recommend that the creditors in the SunCal Century City case vote against the SunCal Plan. In summary, this letter is premised upon the contention that the creditors will receive a much higher distribution if the administrative claim of SunCal Management is disallowed, and somehow the disallowance of this claim will be affected by the outcome of the plan confirmation. This is false. The Committee retains the right to object to this claim whether the SunCal Plan is confirmed or not, and, in fact, SunCal offered to set aside $300,000 of the funds in the estate in order to insure that the Committee had the means to pursue this objection. For whatever reason (presumably the insistence of the Lehman Entities) the Committee never responded to this proposal.

Given these facts, the Committee's contention in this letter that confirmation of the SunCal Plan would affect the allowance or disallowance of the SunCal Management claim should be eliminated. It is patently false. The Committee retains control over this issue in either case, which means it is not relevant to the plan confirmation issue.

The Committee should also be compelled to disclose to the creditors that Mr. Speier has refused to pursue an $11 million dollar claim held by this estate against Lehman ALI and that he

-5-

has also declined to allow other parties in interest to pursue this claim for the estate. Accordingly, when the Committee insists in the letter that Mr. Speier will be a better custodian of the creditors' rights and interests than SunCal, it should be required to disclose that this custodian has so far refused to pursue the largest asset of this estate due to his relationship with the Lehman Entities.

## IV

## INDIVIDUAL COMMENTS/OBJECTIONS TO THE COMMITTEES' PLAN LETTER 4

The first core deficiency in the Exhibit 4 Plan letter submitted by the Committee is the lack of disclosure regarding who controls claim objections. Pursuant to the Lehman Plan, the Lehman Entities have an absolute right to object to any and all claims, no matter what the Committee or the Trustee says. This means the Lehman Entities control who gets paid what and when, if ever. The Committee must explain that they have abdicated to the Lehman Entities control over this power, despite the fact that the Lehman Entities have every reason to dispute every claim.

The second core deficiency is the discussion of payment percentages. Under the plan no one gets a penny unless the Lehman Entities, not the Committee, decides that their claims should be "allowed", to wit, not subjected to an objection. The creditors should be advised that as of this writing the Lehman Entities have not agreed that their claims are valid. They should also be advised that the Lehman Entities save money by reducing the claims of creditors and that the creditors, will have to defend their own claims when the Lehman Entities object to the same. Unless the creditors understand this dynamic, then they will be voting based upon the assumption that the 40% offer is likely reality, when it is not.

DATED: August 17, 2011    **WINTHROP COUCHOT**
                                        **PROFESSIONAL CORPORATION**

                                        By:_____/s/ Paul J. Couchot_____
                                            Paul J. Couchot, Esq.
                                            Sean A. O'Keefe, Esq.
                                        General Insolvency Counsel for the Voluntary Debtors

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  660 Newport Center Drive, 4th Floor, Newport Beach, CA 92660.

The foregoing document described **SUNCAL PARTIES' REPLY TO PLAN LETTERS PROPOSED BY UNSECURED CREDITORS COMMITTEE FOR TRUSTEE DEBTORS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 17, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On August 17, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒  Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 17, 2011 served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**Via Attorney Service**
Honorable Erithe Smith
Ronald Reagan Federal Bldg.
411 W. Fourth St., Suite 5041
Santa Ana, CA 92701

Edward Soto, Esq. - edward.soto@weil.com
Alfredo R. Perez – alfredo.perez@weil.com
Richard Pachulski – rpachulski@pszjlaw.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| August 17, 2011 | Viann Corbin | /s/ Viann Corbin |
| *Date* | *Type Name* | *Signature* |

# SERVICE LIST

**NEF SERVICE LIST**

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com
- Jonathan S Dabbieri    dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning    ddunning@dunningLaw.com
- Meredith R Edelman    meredith.edelman@dlapiper.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com

- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, shalimar.caltagirone@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkclaw.com
- Claude F Kolm    claude.kolm@acgov.org
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com, vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Craig Millet    cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Scott H Olson    solson@seyfarth.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Daryl G Parker    dparker@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Robert J Pfister    rpfister@ktbslaw.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com, smcloughlin@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org

- Christopher P Simon    csimon@crosslaw.com
- Gerald N Sims    jerrys@psdslaw.com, bonniec@psdslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Benjamin M Weiss    bweiss@lansingcompanies.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net