| | |
|---|---|
| 1 | JEFFREY W. BROKER – State Bar No. 53226<br>BROKER & ASSOCIATES PROFESSIONAL CORPORATION |
| 2 | 18191 Von Karman Avenue, Suite 470<br>Irvine, CA 92612-7114 |
| 3 | Telephone:  (949) 222-2000 * Facsimile:   (949) 222-2022<br>email:  *jbroker@brokerlaw.biz* |
| 4 | |
| 5 | LEE E. WOODARD – pro hac vice<br>KELLY C. GRIFFITH – pro hac vice |
| 6 | HARRIS BEACH PLLC<br>One Park Place, 4th Floor |
| 7 | Syracuse, New York 13202<br>Telephone: (315) 423-7100 * Facsimile:  (315) 422-9331 |
| 8 | Email:  *kgriffith@harrisbeach.com* |
| 9 | Attorneys for Creditors<br>BOND SAFEGUARD INSURANCE CO. and LEXON INSURANCE CO. |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In re

PALMDALE HILLS PROPERTY, LLC, and
ALL OF ITS RELATED DEBTORS,

    Jointly Administered Debtors
    and Debtors-in-Possession

Affects:
- ☐ All Debtors
- ☐ Palmdale Hills Property, LLC,
- ☐ SunCal Beaumont Heights, LLC
- ☐ SCC/Palmdale,
- ☐ SunCal Johannson Ranch, LLC
- ☐ SunCal Summit Valley, LLC
- ☐ SunCal Emerald Meadows LLC
- ☐ SunCal Bickford Ranch, LLC
- ☐ Acton Estates, LLC
- ☐ Seven Brothers LLC
- ☐ SJD Partners, Ltd.
- ☐ SJD Development Corp.
- ☐ Kirby Estates, LLC
- ☐ SunCal Communities I, LLC
- ☐ SunCal Communities III, LLC
- ☑ SCC Communities LLC
- ☑ North Orange Del Rio Land, LLC
- ☑ Tesoro SF, LLC

*Caption continued on next page*

Case No.  8:08-bk-17206-ES
Chapter 11 Proceedings

**OBJECTION OF BOND SAFEGUARD INSURANCE CO. AND LEXON INSURANCE CO. TO THIRD AMENDED CHAPTER 11 PLANS FILED BY SCC COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC AND TESORO SF LLC [GROUP III VOLUNTARY DEBTORS]**

Date:          October 24, 2011
Time          9:30 a.m.
Ctrm:         5A

235035 1659398.1

1
2
3
4
5
6

☐ LBL-SunCal Oak Valley, LLC
☐ SunCal Heartland, LLC
☐ LBL-SunCal Northlake, LLC
☐ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☐ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
☐ SunCal Torrance, LLC
☐ SunCal Oak Knoll, LLC

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; CREDITORS AND PARTIES IN INTEREST:

BOND SAFEGUARD INSURANCE CO. and LEXON INSURANCE CO. (respectively "BSI" and "Lexon"; collectively, the "Claimants" or "Bond Safeguard"), hereby Object to the Third Amended Chapter 11 Plans filed by SunCal Plan Proponents in the Chapter 11 Cases of SCC Communities, LLC, North Orange Del Rio Land, LLC, and Tesoro SF LLC [Group III: Voluntary Debtors] filed by the SunCal Plan Proponents in the Chapter 11 Cases on August 5, 2011, (the "Amended Plan"; ECF Docket No. 2486), and seek entry of an Order denying confirmation of the Amended Plan.

WHEREFORE, Bond Safeguard respectfully requests that the Court enter an order granting the foregoing relief and such other and further relief as the Court deems just and proper.

DATED: September 19, 2011

BROKER & ASSOCIATES
PROFESSIONAL CORPORATION
-and-
HARRIS BEACH PLLC

By: /s/ Jeffrey W. Broker
Jeffrey W. Broker
Attorneys for Bond Safeguard Insurance Co.
and Lexon Insurance Co.

## I.

### SUMMARY OF ARGUMENTS

Bond Safeguard, by and through its undersigned counsel, hereby submits this Objection to the Amended Plan on the basis that the Amended Plan fails to comply with 11 U.S.C. §1129 in that the Amended Plan does not treat all similarly situated claims equally, fails to properly address treatment of the Bonds and is not feasible, and respectfully states as follows:

## II.

### FACTUAL BACKGROUND

Bond Safeguard has set out the factual background on numerous occasions in this case, particularly in connection with the Objection (the "Bond Safeguard Initial Objection") of Bond Safeguard to the initial Disclosure Statements (the "Initial Disclosure Statements"). See Bond Safeguard Objection, Docket No. 2008 filed April 29, 2011. As such, Bond Safeguard will not reiterate the facts previously stated in the Bond Safeguard Initial Objection, which is incorporated herein by reference.

On or about June 20, 2011, the Voluntary Debtors and SCC Acquisitions, Inc., (collectively, the "Plan Proponents") filed eight Amended Disclosure Statements and eight accompanying Amended Chapter 11 Plans for each of the respective groups of debtors. A hearing to approve the Disclosure Statements was scheduled for July 22, 2011. An Order approving the Disclosure Statement was entered August 30, 2011 at Docket No. 2635. The Amended Plan has been set for confirmation from October 24, 2011 through October 28, 2011,

BSI and Lexon are sureties on certain surety bonds (the "Bonds") executed on behalf of certain of the Debtors. Additionally, BSI and Lexon are parties to a General Agreement of Indemnity (the "Indemnity Agreement") executed by, inter alia, SCC Acquisitions, Inc. and all subsidiaries and affiliates now owned and/or hereafter created, controlled, managed or acquired (the "Indemnitors") wherein the Indemnitors agreed to indemnify and hold BSI and Lexon harmless from every claim that Bond Safeguard may pay as a result of the Bonds.

235035 1484927.3

# III.

## OBJECTIONS TO THE AMENDED PLAN

It appears that the ultimate objective of the Amended Plan is the sale of the respective Debtors' assets with the goal of liquidating all or most of the assets and a distribution of funds to the holders of Allowed Claims in accordance with the rights and priorities under the Bankruptcy Code.

Despite the Plan Proponents' attempts to submit a confirmable plan, the Amended Plan does not properly treat Bond Safeguard claims and is not feasible so that the Amended Plan cannot be confirmed.

### A    TREATMENT OF CLAIMS

1. <u>Indemnity Claims are not Treated Properly</u>: The Amended Plan does not properly provide for payment of Bond Safeguard's Indemnity Claims in that the Amended Plan provides that the Indemnity Claims may be secured. Absent an assignment of a claim, there is no ability for Bond Indemnity Claims to become secured. Additionally, the Indemnity Claims are not provided for in the Amended Plan nor are they properly treated as joint and several liabilities of each Debtor.

2. <u>Claims Classification is Improper</u>: The Amended Plan classifies some general unsecured claims as Reliance Claims which are afforded alleged preferred treatment over General Unsecured Claims as Class 6 Creditors without a legitimate explanation for the distinction. Such impermissible gerrymandering is contrary to section 1122 of the Bankruptcy Code which requires substantially similar claims to be classified together and should be rejected.

3. <u>The Amended Plan does not Discuss Replacement of the Bonds</u>: There is no discussion in the Plan as to what manner will be employed to <u>ensure the replacement and/or assumption of the Surety Bonds</u>. Bond Safeguard submits that upon the sale or transfer of the projects, the Surety Bonds will <u>not</u> apply to the purchaser and therefore, the purchaser (in accordance with all laws applicable to the development

of the respective Property) will have to either (i) reach a new agreement with Bond Safeguard under which Bond Safeguard will agree to amend the existing Surety Bonds to apply to the purchaser's new development obligations, or (ii) replace the Surety Bonds (with Bond Safeguard or another surety), and enter into new corresponding indemnity agreements. These requirements should be affirmatively recognized, acknowledged and set forth in the Amended Plan.

The Amended Plan must contain a provision requiring that the sale of the real estate projects must be subject to the various development obligations including the duty to obtain performance and other Surety Bonds, to make various infrastructure improvements and other such development responsibilities. Including such a provision will benefit the estate in that the claim for indemnification will be correspondingly reduced thereby allowing a proportional increase in the amount to be paid to other creditors. Requiring any purchaser to complete the remaining infrastructure improvements and other bond obligations is also consistent with the basic tenets of equity. It goes without saying that the successful buyer (the new owner of the property) will obviously benefit from any improvements made to the property. Succinctly, an improved property is worth significantly more than unimproved property.

Bond Safeguard submits that the following language in the Plan would be acceptable:

**The Surety Bonds**

> **The Bond Companies assert that Surety Bonds were executed on behalf of each Subsidiary Debtor as a principal for its respective Property. Such Surety Bonds will not and cannot be transferred to the Winning Bidder(s), and such Surety Bonds will not apply to the Winning Bidders. The sale of each Property is subject to all applicable state and local development requirements, including the**

> **duty to obtain performance and other surety bonds, to construct infrastructure improvements, and any other related development responsibilities. If it is necessary or appropriate for the Winning Bidder(s) to obtain Surety Bonds, then the Winning Bidder(s) will have to obtain new Surety Bonds from the Bond Companies, or another surety.**

The above language is reflective of hornbook suretyship law in that the surety bonds cannot be *transferred* to the Winning Bidder(s). That is because the relationship of each Subsidiary Debtor <u>as principal</u> to Bond Safeguard (the surety) is personal as to each Subsidiary Debtor, and not subject to transfer. The Ninth Circuit recently addressed this issue:

> "In a surety contract, the surety agrees to answer for the debts of its principal. 74 Am.Jur.2d Suretyship §3 (1974). *If the contract names a particular principal, the surety's obligations are limited to those of the named principal.* See, e.g. <u>State ex rel. Reitmeier v. Oakley</u>, 129 Wash 553, 225 P. 425, 428 (1924)." <u>Contractors Equipment Maintenance, Co., Inc. v. Bechtel Hanford, Inc.</u>, 514 F. 3d 899, 904 (9th Cir. 2008). (Emphasis added).

While the <u>Contractors</u> Ninth Circuit panel looked to Washington state law governing the interpretation of surety bonds entered into in that State, the same long-standing principle is applicable here in California as articulated in <u>Garfield v. Ford</u>, 191 Cal 69, 71, 214 P. 963 (1923)[1]:

> "A new party could no more be imported into the contract and imposed upon the guarantors without their consent than a change could be made in like manner in the other pre-existing stipulations. The respondents

---

[1] A copy of the decision is attached hereto as Exhibit "A" for the Court's convenience.

-7-

might have been willing to contract with appellant, but not with the Ransome Concrete Machinery Company of New Jersey. They had the right to know and to decide for themselves. Without their assent – and it is not claimed that any knowledge or acquiescence existed – a thing was wanting which was indispensable to the continuity of the contract. <u>National Bank v. Hall</u>, 101 U.S. 43, 51; 25 L. Ed. 822 (1879)."

Bond Safeguard is entitled to have the Plan Proponents confirm <u>now</u> that they are not legally permitted to 'transfer' the Surety Bonds in some as of yet *undisclosed* fashion. Confirmation of the non-transferability of the Surety Bonds now will also assist all future bidders to understand all obligations going forward if they are the successful bidder on any of the Debtors' properties.

C    **FEASIBILITY**

1. <u>The Amended Plan is not Feasible</u>: The Plan Proponents do not provide any financial information to demonstrate that the Plan Proponents have the wherewithal to meet the funding obligations provided for in the Amended Plan, including payment of Administrative Expense Claims, Priority Claims and litigation costs. Additionally, the Amended Plan provides for the formation of LitCo and relies on a corresponding loan from LitCo to pay the Administrative and Reliance Claims. The Plan Proponents have not provided any information to demonstrate that this newly-formed, or to-be-formed entity has the financial ability to satisfy the significant obligations.

**IV.**

**CONCLUSION**

The Amended Plan does not comply with the statutory requirements of 11 U.S.C. §1129 so that the Amended Plan cannot be confirmed. Accordingly, this Court should enter an Order: (i) denying Confirmation of the Amended Plan; and (ii) granting such other and further relief as this Court deems appropriate.

1

2   DATED: September 19, 2011                 BROKER & ASSOCIATES
                                              PROFESSIONAL CORPORATION
3
                                              -and-
4
                                              HARRIS BEACH PLLC
5
                                              By: /s/ Jeffrey W. Broker
6                                             Jeffrey W. Broker
                                              Attorneys for Bond Safeguard Insurance Co.
7                                             and Lexon Insurance Co.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

191 Cal. 69, 214 P. 963

CHESTER A. GARFIELD,
etc., Appellant,
v.
OSCAR FORD et al., Respondents.

Supreme Court of California.
S. F. No. 10036.
April 23, 1923.

[1]
GUARANTY—SALE OF MACHINERY—LIABILITY OF GUARANTORS—CONSTRUCTION.

In an action to recover the purchase price of a quantity of machinery which plaintiff agreed, in the name of a certain concern, to sell and deliver to the defendant purchaser on terms and which was delivered, where it was shown that on the day before this agreement was made, but in contemplation of its being entered into, the other defendants executed the guaranty sued upon which recited that, whereas plaintiff has agreed to sell to the defendant purchaser certain machinery and equipment, in consideration of the premises and of the sale and delivery of such machinery and equipment by plaintiff to said purchaser, said other defendants agree to and do guarantee the payment of the full purchase price thereof, and where the fact was established that the machinery agreed to be sold by plaintiff was the property of said concern and that plaintiff was merely its agent, plaintiff cannot recover on the contract of guaranty because it does not disclose the fact that he was selling only as agent and that the property sold belonged to his principal.

[2]
ID.—LIABILITY OF GUARANTORS—EXTENT OF.

The obligation of guarantors must be neither larger in amount nor in other respects more burdensome than that of the principal; they cannot be held liable upon any contract that is not within the terms of their guaranty.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.
*69 Dozier & Dozier for Appellant.
Sloss, Ackerman & Bradley for Respondents.

WASTE, J.

The plaintiff brought this action to recover the purchase price of a quantity of machinery alleged to have been sold by him to defendant Ford, it being alleged that *70 defendants Castleman and Smith were guarantors of the amount due. The sole defense was that plaintiff did not sell the property. Judgment was entered that the plaintiff recover the value of the machinery from the defendant Ford, but take nothing against defendants Castleman and Smith. Plaintiff appeals from that portion of the judgment which denies him relief against the guarantors.

The facts are clearly established, and appellant admits that "it cannot be contended that there is no conflict of evidence." The case is presented by the findings, which are comparatively simple and involve but one question. Appellant entered into an agreement with the defendant Ford, in the name of his principal, the Ransome

Concrete Machinery Company of New Jersey, to sell and deliver to Ford certain concrete mixing machinery and appurtenances, for the sum of $1,627.50, payable in installments, title not to pass until full payment was made, but delivery to be made at once. The day before this contract was made, but obviously in contemplation of its being entered into, the respondents Castleman and Smith executed the guaranty contract sued on. That instrument recites that, whereas appellant has agreed to sell to Oscar Ford certain machinery and equipment, in consideration of the premises and of the sale and delivery of such machinery and equipment by appellant to Ford, Castleman and Smith agree to and do guarantee the payment of the full purchase price thereof. The machinery was delivered, pursuant to the contract, but Ford did not pay for it, and this action was brought.

The evidence establishes, and the trial court in effect found, that the machinery agreed to be sold by appellant to Ford was the property of the Ransome Concrete Machinery Company of New Jersey, and that the plaintiff was merely the agent for that concern. While the trial court found that appellant retained an interest in the machinery and in the purchase price, the extent of that interest is not disclosed, and we may assume it was merely to the extent of appellant's commission on making the sale.

Although the fact was not pleaded, it appears that prior to the commencement of the action the Ransome Concrete Machinery Company sold and assigned to the plaintiff whatever right, title, and interest it might have in the machinery *71 and equipment, and all claims and demands against the respondents.

Defendant Ford has not appealed from the judgment entered against him.

[1] The theory of the defendants Castleman and Smith in the court below, and now, is that appellant cannot recover on the contract of guaranty because it does not disclose the fact that he was selling only as agent and that the property sold belonged to his principal. This contention must be upheld.

This is not a case of construing a doubtful or inartificially drawn instrument, in which recourse may be had to the facts and circumstances accompanying the transaction, in order to arrive at the intention of the parties, as was the situation in *First Nat. Bank v. Bowers,* 141 Cal. 253 [74 Pac. 856], cited by appellant; but one in which it is asserted that no liability was incurred by the guarantors to a party other than the one to whom the guaranty was plainly executed.

[2] The obligation of guarantors must be neither larger in amount nor in other respects more burdensome than that of the principal. (Civ. Code, sec. 2809.) They cannot be held liable upon any contract that is not within the terms of their guaranty. (*Glassell v. Coleman,* 94 Cal. 260, 266 [29 Pac. 508]; *Graham v. F. & M. Bank,* 116 Cal. 463, 466 [48 Pac. 384]; *Jack v. Sinsheimer,* 125 Cal. 563, 568 [58 Pac. 130].) "The strictness with which parties assuming to act upon the faith of a guaranty have been held to its precise terms is illustrated in *Barns v. Barrow* (61 N. Y. 39 [19 Am. Rep. 247]), where it was decided that a guaranty running to a member of a firm for goods to be sold by him, did not inure to the benefit of the firm of which he was a member, although they delivered the goods described in the

guaranty." (*Evansville Nat. Bank v. Kaufmann,* 93 N. Y. 273, 287 [45 Am. Rep. 204].) A new party could no more be imported into the contract and imposed upon the guarantors without their consent than a change could be made in like manner in the other pre-existing stipulations. The respondents might have been willing to contract with appellant, but not with the Ransome Concrete Machinery Company of New Jersey. They had the right to know and to decide for themselves. Without their assent —and it is not claimed that any knowledge or acquiescence existed—a thing was wanting which was indispensable to the continuity of the contract. *72 (*National Bank v. Hall,* 101 U. S. 43, 51 [25 L. Ed. 822, see, also, Rose's U. S. Notes].)

The judgment is affirmed.

Wilbur, C. J., Lennon, J., Lawlor, J., Myers, J., Seawell, J., and Kerrigan, J., concurred.

**End of Document**

© 2011 Thomson Reuters. No claim to original U.S. Government Works.

| In re:<br>PALMDALE HILLS PROPERTY, LLC and ALL RELATED DEBTORS<br>Debtors. | CHAPTER 11<br>CASE NUMBER 8:08-bk-17206-ES |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 18191 Von Karman Avenue, Suite 470, Irvine, CA 92612.

A true and correct copy of the foregoing document described **OBJECTION OF BOND SAFEGUARD INSURANCE CO. AND LEXON INSURANCE CO. TO THIRD AMENDED CHAPTER 11 PLANS FILED BY SCC COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC AND TESORO SF LLC [GROUP III VOLUNTARY DEBTORS]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 19, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On September 19, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

The Hon. Erithe Smith, 411 West Fourth Street, Suite 5041, Santa Ana, CA 92701-4593 [VIA U.S. MAIL]
United States Trustee, 411 West Fourth Street, Suite 9041, Santa Ana, CA 92701-4593 [VIA U.S. MAIL]

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 19, 2011 | Barbara Jean Little-Raphael | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

| In re:<br>PALMDALE HILLS PROPERTY, LLC and ALL RELATED DEBTORS<br>Debtors. | CHAPTER 11<br>CASE NUMBER 8:08-bk-17206-ES |
|---|---|

I. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Jonathan S Dabbieri    dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Donald T Dunning    ddunning@dunningLaw.com
- Meredith R Edelman    meredith.edelman@dlapiper.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                     F 9013-3.1

| In re:<br>PALMDALE HILLS PROPERTY, LLC and ALL RELATED DEBTORS<br>Debtors. | CHAPTER 11<br>CASE NUMBER 8:08-bk-17206-ES |
|---|---|

- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkclaw.com
- Claude F Kolm    claude.kolm@acgov.org
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com, vgunderson@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Craig Millet    cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| In re:                                                      | CHAPTER 11                      |
|-------------------------------------------------------------|---------------------------------|
| PALMDALE HILLS PROPERTY, LLC and ALL RELATED DEBTORS  Debtors. | CASE NUMBER 8:08-bk-17206-ES |

- Daryl G Parker    dparker@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1