Katherine C. Piper, Esq. (CA Bar # 222828)
**STEPTOE & JOHNSON LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Phone: (310) 734-3200
Fax:    (310) 734-3300
Email: kpiper@steptoe.com

Filiberto Agusti, Esq.
Joshua Taylor, Esq. (*admitted pro hac vice*)
**STEPTOE & JOHNSON LLP**
1330 Connecticut Ave., NW
Washington, DC  20036
Phone: (202) 429-3000
Fax:    (202) 429-3902
Email: fagusti@steptoe.com
          jrtaylor@steptoe.com

*Attorneys for New Anaverde, LLC*

**UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>PALMDALE HILLS PROPERTY, LLC, and Its Related Debtors,<br><br>    Jointly Administered Debtors and Debtors-In-Possession.<br><br>Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC | Case No.: 8:08-bk-17206-ES<br><br>Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574-ES; 8:08-bk-17575-ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; and 8:08-bk-17588-ES<br><br>Chapter 11 Proceedings<br><br>**RESERVATION OF RIGHTS OF NEW ANAVERDE, LLC WITH RESPECT TO: (1) THIRD AMENDED CHAPTER 11 PLANS FILED BY PALMDALE HILLS PROPERTY, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP 1 VOLUNTARY DEBTORS] [Docket No. 2484], AND (2) THIRD AMENDED** |

1

| | |
|---|---|
| *Caption Continued on Previous Page*<br>☐ LB-L-SunCal Oak Valley, LLC<br>☐ SunCal Heartland, LLC<br>☐ LB-L-SunCal Northlake, LLC<br>☐ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☐ SunCal PSV, LLC<br>☐ Delta Coves Venture, LLC<br>☐ SunCal Torrance, LLC<br>☐ SunCal Oak Knoll, LLC | **JOINT CHAPTER 11 PLAN FOR ELEVEN VOLUNTARY DEBTORS PROPOSED BY THE LEHMAN VD LENDERS [Docket No. 2598]**<br><br>Hearing Date: October 24, 2011<br>Time:         9:30 a.m.<br>Courtroom:  5A<br>                      411 West Fourth Street<br>                      Santa Ana, CA 92701-4593 |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; DEBTORS; DEBTORS' COUNSEL; OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER INTERESTED PARTIES:**

New Anaverde, LLC ("New Anaverde"), as the successor in interest to (a) the Work and Cost Payment Agreement and First Amendment to Reciprocal Easement Agreement and Cooperation Agreement between Anaverde LLC ("Anaverde") and Palmdale Hills Property, LLC ("Palmdale Hills"), dated as of June 29, 2001 (the "Trust Agreement") and (b) the Trust Account,[1] established pursuant to the Trust Agreement, respectfully submits this Reservation of Rights with respect to the Palmdale Plan[2] and the Lehman Plan.[3]

New Anaverde files this Reservation of Rights because neither Plan identifies whether the Trust Agreement will be assumed, assigned or rejected. New Anaverde reserves all rights to object to any proposed assumption or assignment (and related cure obligations), or rejection of the Trust Agreement. New Anaverde further reserves all rights to object to the Plans to the

---

[1] Pursuant to the Trust Agreement, certain funds were deposited with and held in trust with Central Pacific Bank in Bank Account No. 1000914414 ("Trust Account").

[2] *Third Amended Chapter 11 Plans Filed by Palmdale Hills Property, LLC, Suncal Bickford Ranch, LLC, Suncal Emerald Meadows, LLC and Acton Estates, LLC [Group I Voluntary Debtors]* [Docket No. 2484] (the "Palmdale Plan").

[3] *Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed By the Lehman VD Lenders* [Docket No. 598] (the "Lehman Plan" and, with the Palmdale Plan, each a "Plan" and collectively, the "Plans").

2

extent they propose to use any of the Trust Funds for any purpose other than those designated in the Trust Agreement.

## I.    **RELEVANT BACKGROUND.**

Previously in these bankruptcy cases, the Voluntary Debtors filed a Turnover Motion[4] pursuant to which the Debtor Palmdale Hills sought an order (i) authorizing the rejection of the Trust Agreement, and (ii) ordering the turnover of the funds held in the Trust Account.[5] Anaverde, New Anaverde's predecessor in interest, objected to the proposed turnover of the funds in the Trust Account, noting, *inter alia*, that the funds held in the Trust Account were not properly subject to turnover under the Bankruptcy Code or the Trust Agreement.[6] Central Pacific Bank and the City of Palmdale also objected to the turnover of the funds held in the Trust Account.[7] In response to these objections, the Voluntary Debtors withdrew the proposed rejection of the Trust Agreement, and acknowledged that "as of September 4, 2009, through the present date, these funds were not available to the Voluntary Debtors."[8] Subsequently, the Voluntary Debtors withdrew the Turnover Motion.[9]

On April 29, 2011, New Anaverde filed its Limited Objection[10] to the Approval of the Debtors' Disclosure Statement and the Lehman Disclosure Statement. In its Limited Objection, New Anaverde objected to the Disclosure Statements because: (1) the Debtors'

---

[4] *Voluntary Debtors' Motion for Order (1) Approving Acquisition's Proposal, (2) Authorizing Disposition of Certain Depository Accounts, (3) Rejecting Cost Sharing Agreement with Anaverde LLC, And (4) Turnover of Funds held by Central Pacific Bank* [Docket No. 720] (the "Turnover Motion").

[5] Turnover Motion at pp. 22-26.

[6] *Limited Objection to Voluntary Debtors' Motion for Order (1) Approving Acquisition's Proposal, (2) Authorizing Disposition of Certain Depository Accounts, (3) Rejecting Cost Sharing Agreement with Anaverde LLC, And (4) Turnover of Funds held by Central Pacific Bank* [Docket No. 728] (the "Anaverde Limited Objection").

[7] *See Central Pacific Bank's Limited Opposition* [Docket No. 725] and *City of Palmdale's Limited Objection* [Docket No. 730].

[8] Voluntary Debtors' Reply [Docket No. 749] at p. 6. The Turnover Motion remained pending with respect to the request to turnover the funds, "at the request of the U.S. Trustee . . . such that they may be deposited with an approved depository." *Id.* at p. 7.

[9] Notice of Withdrawal of Motion For Turnover of Funds Held by Central Pacific Bank [Docket no. 2511].

[10] *Limited Objection to the Approval of the Debtors' Disclosure Statement and the Lehman Disclosure Statement* [Docket No. 2006] (the "Limited Objection").

3

Disclosure Statement appeared to impermissibly use the Trust Account funds (the "Trust Funds") to fund distributions to creditors; (2) neither of the Disclosure Statements disclose how the Trust Agreement would be treated under the proposed Plans; and (3) the Lehman Disclosure Statement purported to enjoin New Anaverde from taking any actions necessary to enforce its rights, interests and claims against the Trust Account, including, if necessary, the commencement of litigation for the turnover of the funds.  Subsequently, the Lehman Plan and Palmdale Plan were modified to reserve New Anaverde's rights with respect to the Trust Agreement and Trust Funds and to clarify that the Trust Funds were not proposed to be used to fund the Plans.

More specifically, the definition of "Available Cash" in the Palmdale Plan was amended to include the following language:

> "Available Cash" . . . For avoidance of doubt, and notwithstanding anything to the contrary contained herein or any Confirmation Order, (i) Available Cash shall not include any Cash held in the "Funds Control Account" pursuant to that certain *Work and Cost Payment Agreement and First Amendment to Reciprocal Easement Agreement and Cooperation Agreement between Anaverde LLC and Palmdale Hills*, dated as of June 29, 2001 (the "Work and Cost Agreement"), (ii) the claims, defenses and all other rights of all applicable parties, including New Anaverde LLC and Palmdale Hills Property, LLC, with respect to the Funds Control Account and the Work and Cost Agreement are expressly preserved, and (iii) the Funds Control Account shall only be distributed upon (a) agreement of all of the applicable parties, including New Anaverde LLC, and Palmdale Hills Property, LLC, (b) as provided pursuant to the terms of the Work and Cost Agreement, or (c) further order of a court of competent jurisdiction.[11]

Similarly, the Lehman Plan was modified to include the following language:

> Notwithstanding anything to the contrary in section 5.8 of the Joint VD Disclosure Statement or Section XII of the Joint VD Plan:
>
> (a) nothing in the Joint VD Plan determines or resolves (any such resolution or determination, hereinafter an "Anaverde Determination") (i) the Litigation Claims of any Debtor or Estate under or with respect to either the Anaverde Agreement or any Cash held pursuant thereto or (ii) either the Claims of New Anaverde against Palmdale Hills or its Estate or other rights, interests or entitlements of New Anaverde under or with respect to either the Anaverde Agreement or any Cash held pursuant thereto ("Anaverde Claims");

---

[11] Palmdale Plan at §2.1.14 "Available Cash."

    (b) nothing in the Joint VD Plan limits in any manner the ability of New Anaverde to prosecute or defend, as applicable: (i) the Anaverde Claims before the Bankruptcy Court or, with stay relief, to the extent stay relief is required, before any court; or (2) such Litigation Claims before any court, or

    (c) if an Anaverde Determination determines that all or any part of the Cash still held pursuant to the Anaverde Agreement as of the Effective Date is property of New Anaverde and not any Estate, nothing in the Joint VD Plan limits New Anaverde in exercising or enforcing any remedies to obtain turnover of such Cash from the Plan Trustee or the applicable Estate; and

    (d) if an Anaverde Determination determines that New Anaverde holds an Allowed Claim against Palmdale Hills or its Estate, nothing in the Joint VD Plan limits New Anaverde in exercising or enforcing any remedies to obtain from the Estate of Palmdale Hills the treatment afforded for such Allowed Claim under the Plan."[12]

The Lehman Reply clarified that "[t]he plan injunction certainly is not intended to bar New Anaverde from taking action against the Liquidating Trustee if it is determined he is holding their funds in which he has no interest."[13] Accordingly, New Anaverde believes that all of its rights are clearly reserved in both Plans. However, it files this Reservation of Rights out of an abundance of caution because neither Plan has yet provided notice of its intended treatment of the Trust Agreement.

## II. THE PLANS FAIL TO DISCLOSE THE TREATMENT OF THE TRUST AGREEMENT.

Neither Plan discloses whether the Trust Agreement will be rejected or assumed (or assigned) through the proposed Plans. Until the Plans identify whether the Trust Agreement is being rejected or cured and assumed (or assigned), New Anaverde is unable to determine the proposed treatment of the Trust Agreement under the Plans. Therefore, New Anaverde must reserve its rights to object to any proposed assumption, assignment or rejection of the Trust Agreement that is later proposed under either Plan.

---

[12] Lehman Plan at § 10.3.

[13] *Omnibus Reply of Lehman Creditors to Objections Filed Against (I) Disclosure Statement with Respect to First Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed By the Trustee and Lehman Creditors; and (II) Disclosure Statement with Respect to First Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed By the Trustee and Lehman VD Lenders* [Docket No. 2049] (the "Lehman Reply").

5

**A. "Exhibit A" to the Lehman Plan Has Not Been Filed.**

More specifically, the Lehman Plan indicates that prior to the confirmation hearing in these cases, the lenders will file an "Exhibit A" identifying any contracts which will be assumed, assigned, or rejected which may be revised to "add any executory contract . . . or delete any contract . . . up to and including the Confirmation Date.[14] Any contract designated on Exhibit A for assumption or assignment, will be deemed to have been assumed or assigned, as applicable, automatically on the Effective Date.[15] All other executory contracts will be deemed rejected pursuant to the Lehman Plan so long as they are "not the subject of any pending motion, including to assume, to assume on modified terms, to reject or to make any other disposition filed by the VD Plan Debtors on or before the Confirmation Date."[16]

To date, however, "Exhibit A" has not been filed and the Lehman Plan is otherwise silent as to how it will treat the Trust Agreement. As a result, New Anaverde does not know whether the Trust Agreement will be proposed to be assumed, assigned or rejected under the Lehman Plan.

**B. Debtors' Plan Fails to Disclose Treatment of the Trust Agreement.**

Similarly, the Palmdale Plan fails to disclose how the Trust Agreement will be treated. Rather it simply indicates that, on the Effective Date, the unexpired contracts identified on the "Schedule of Assumed and Assigned Agreements" attached or to be attached to the Disclosure Statement as Exhibit "9" or filed or to be filed as Exhibit "9" shall be deemed assumed and assigned to the "Winning Bidder" for Debtor Palmdale Hills' assets.[17] The Palmdale Plan further indicates that the Plan Proponents intend to file the "Schedule of Assumed and Assigned Agreements" with the Court no later than twenty-eight days prior to the Confirmation

---

[14] Lehman Plan at § 11.1.

[15] Lehman Plan at § 11.2. The Plan further provides for the resolution of disputes regarding any "cure" amount. Lehman Plan at § 11.3.

[16] Lehman Plan at § 11.4.

[17] Palmdale Plan at §10.1.

6

Hearing, and shall be permitted to amend the Schedule subsequent to filing.[18] Unfortunately, this Schedule of Assumed and Assigned Agreements has not been filed with the Court or provided to New Anaverde. The Palmdale Plan is otherwise silent as to how it will treat the Trust Agreement and the Trust Funds, which are governed by the Trust Agreement. As a result, New Anaverde does not know whether the Trust Agreement will be proposed to be assumed, assigned or rejected under the Palmdale Plan.

In light of the above, New Anaverde reserves any and all of its rights to rights to object to any proposed assumption or assignment (and related cure obligations) or rejection of the Trust Agreement under either Plan.

### III.　THE TRUST FUNDS CANNOT BE USED TO MAKE PLAN PAYMENTS.

As set forth more fully in the Limited Objection, and incorporated herein by this reference, the Debtors do not have the right to access the Trust Funds and, therefore, cannot use those funds to make any payments that are not strictly in accordance with the Trust Agreement -- plan payments or otherwise. To the extent that either Plan seeks to assume, assign or reject the Trust Agreement in an effort to use the Trust Funds for any purpose other than those designated in the Trust Agreement, New Anaverde objects to such use. New Anaverde further reserves all rights to object to the Plans to the extent either Plan proponent proposes to use any of the Trust Funds for any purpose other than those designated in the Trust Agreement, to assume, assign or reject the Trust Agreement in an effort to use the Trust Funds in a manner other than as prescribed in the Trust Agreement, or proposes any use of the Trust Funds in contravention of the reservations in favor of New Anaverde contained in both Plans.

### IV.　CONCLUSION

For the avoidance of doubt, and in light of the fact that treatment of the Trust Agreement and Trust Funds is not identified in the Plans (and in light of the fact that the Plans continue to change), New Anaverde reserves (i) all rights to object to any proposed assumption

---

[18] Palmdale Plan at §10.1.

or assignment (and related cure obligations), or rejection of the Trust Agreement, (ii) all rights, interests and claims it holds with respect to the Trust Agreement and related Trust Funds, (iii) all rights with respect to objecting to the Confirmation of the Plans to the extent that the Plans either (i) seek to impair New Anaverde's rights with respect to the Trust Agreement or Trust Funds or (ii) to use the Trust Funds in contravention of the terms of the Trust Agreement or the terms of the Plans, which as set forth above, reserve all of New Anaverde's rights with respect to the Trust Funds.

Dated:  September 19, 2011

Respectfully submitted,

**STEPTOE & JOHNSON LLP**

 /s/  *Katherine C. Piper*
Katherine C. Piper, Esq. (CA Bar # 222828)
Filiberto Agusti, Esq.
Joshua R. Taylor, Esq. (*admitted pro hac vice*)

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**2121 Avenue of the Stars, 28th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document described as: **Reservation of Rights of New Anaverde, LLC with Respect to: (1) Third Amended Chapter 11 Plans filed by Palmdale Hills Property, LLC, Suncal Bickford Ranch, LLC, Suncal Emerald Meadows, LLC and Acton Estates, LLC [Group 1 Voluntary Debtors] [Docket No. 2484], and (2) Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders [Docket No. 2598]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 19, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Selia M. Acevedo .................................................................................................... sacevedo@millerbarondess.com, ................................................................................ mpritikin@millerbarondess.com; bprocel@millerbarondess.com
Joseph M. Adams ............................................................................................................................... jadams@sycr.com
Raymond H. Aver ..................................................................................................................... ray@averlaw.com **[RSN]**
James C. Bastian ................................................................................................................................. jbastian@shbllp.com
Thomas Scott Belden ........................................................................................ sbelden@kleinlaw.com, ecf@kleinlaw.com
John A. Boyd ................................................................................................................................. fednotice@tclaw.net
Mark Bradshaw ............................................................................................................. mbradshaw@shbllp.com **[RSN]**
Gustavo E. Bravo ............................................................................................................... gbravo@smaha.com **[RSN]**
Jeffrey W. Broker .................................................................................................................... jbroker@brokerlaw.biz
Brendt C. Butler ............................................................................................................................... BButler@rutan.com
Andrew W. Caine *(Counsel for Lehman Creditors)* ........................................................................ acaine@pszyjw.com
Carollynn Callari ..................................................................................................................... ccallari@venable.com
Cathrine M. Castaldi ........................................................................................................... ccastaldi@rusmiliband.com
Tara Castro Narayanan ....................................................................................................... tara.narayanan@msrlegal.com
Dan E. Chambers ............................................................................................................................ dchambers@jmbm.com
Shirley Cho *(Counsel for Lehman Creditors)* .................................................................................. scho@pszjlaw.com
Vonn Christenson .................................................................................................................... vrc@paynefears.com
Brendan P. Collins ................................................................................................................. bpcollins@bhfs.com
Vincent M. Coscino ............................................................... vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
Paul J. Couchot *(Counsel for Voluntary Debtors)* ................... pcouchot@winthropcouchot.com, pj@winthropcouchot.com ................................................................................................................ sconnor@winthropcouchot.com
Geoffrey Crisp ....................................................................... geoffrey@smgarberlaw.com, michelle@smgarberlaw.com
Jonathan S. Dabbieri ............................................................................................................... dabbieri@shlaw.com
Ana Damonte ................................................................................................................... ana.damonte@pillsburylaw.com
Vanessa S. Davila ........................................................................................................................... vsd@amclaw.com
Melissa Davis ........................................................................................................................ mdavis@shbllp.com **[RSN]**
Daniel Denny .................................................................................................................... ddenny@gibsondunn.com
Caroline Djang *(Counsel for Lehman Creditors)* ............................................................................... crd@jmbm.com
Caroline Djang *(Counsel for Lehman Creditors)* ............................................................................. cdjang@rutan.com
Donald T. Dunning ............................................................................................................ ddunning@dunningLaw.com
Meredith R. Edelman ........................................................................................................ meredith.edelman@dlapiper.com
Joseph A. Eisenberg *(Counsel for Lehman Creditors)* ......................................................................... jae@jmbm.com
Lei Lei Wang Ekvall ........................................................................................................................... lekvall@wgllp.com
Richard W. Esterkin *(Counsel for Debtor)* .............................................................................. resterkin@morganlewis.com
Don Fisher .......................................................................................................................................... dfisher@ptwww.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                                      **F 9013-3.1**

| Name | Email |
|---|---|
| Marc C. Forsythe | kmurphy@goeforlaw.com |
| Alan J. Friedman *(Counsel for Voluntary Debtors' Committee)* | afriedman@irell.com **[RSN]** |
| Steven M. Garber | steve@smgarberlaw.com |
| Christian J. Gascou | cgascou@gascouhopkins.com |
| Barry S. Glaser | bglaser@swjlaw.com |
| Robert P. Goe | kmurphy@goeforlaw.com; rgoe@goeforlaw.com; mforsythe@goeforlaw.com |
| Eric D. Goldberg | egoldberg@stutman.com |
| Richard H. Golubow *(Counsel for Debtor)* | rgolubow@winthropcouchot.com, pj@winthropcouchot.com |
| Michael J. Gomez | mgomez@frandzel.com; efiling@frandzel.com; sking@frandzel.com |
| Kelly C. Griffith | bkemail@harrisbeach.com |
| Matthew Grimshaw | mgrimshaw@rutan.com |
| Kavita Gupta | kgupta@winthropcouchot.com |
| Asa S. Hami *(Counsel for Debtor)* | ahami@morganlewis.com |
| Michael J. Hauser *(Counsel for the U.S. Trustee)* | michael.hauser@usdoj.gov |
| D. Edward Hays | ehays@marshackhays.com |
| Michael C. Heinrichs | mheinrichs@omm.com |
| Harry D. Hochman *(Counsel for Lehman Creditors)* | hhochman@pszjlaw.com, hhochman@pszjlaw.com |
| Jonathan M. Hoff | jonathan.hoff@cwt.com **[RSN]** |
| Nancy Hotchkiss | nhotchkiss@trainorfairbrook.com |
| Michelle Hribar | mhribar@rutan.com |
| John J. Immordino | john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com |
| Lawrence A. Jacobson | laj@cohenandjacobson.com |
| Michael J. Joyce | mjoyce@crosslaw.com |
| Stephen M. Judson | sjudson@fablaw.com |
| Kaleb L. Judy | ecf@kleinlaw.com, kjudy@kleinlaw.com |
| Steven J. Kahn | skahn@pszyjw.com |
| Sheri Kanesaka | sheri.kanesaka@bryancave.com |
| David I. Katzen | katzen@ksfirm.com |
| Christopher W. Keegan | ckeegan@kirkland.com, emilee@kirkland.com; alevin@kirkland.com |
| Irene L. Kiet | ikiet@hkclaw.com |
| Claude F. Kolm | claude.kolm@acgov.org |
| Mark J. Krone | mk@amclaw.com, crs@amclaw.com; amc@amclaw.com |
| David B. Lally | davidlallylaw@gmail.com |
| Leib M. Lerner | leib.lerner@alston.com |
| Peter W. Lianides *(Counsel for Debtor)* | plianides@winthropcouchot.com, pj@winthropcouchot.com |
| Charles Liu *(Counsel for Debtor)* | cliu@marshackhays.com |
| Charles Liu *(Counsel for Debtor)* | cliu@winthropcouchot.com |
| John W. Lucas | jlucas@pszjlaw.com |
| Kerri A. Lyman *(Counsel for Voluntary Debtors' Committee)* | klyman@irell.com **[RSN]** |
| Mariam S. Marshall | mmarshall@marshallramoslaw.com |
| Robert C. Martinez | rmartinez@mclex.com **[RSN]** |
| Michael D. May | mdmayesq@verizon.net |
| Hutchison B. Meltzer *(Counsel for Joint Committee of Creditors)* | hmeltzer@wgllp.com |
| Krikor J. Meshefejian | kjm@lnbrb.com |
| Joel S. Miliband | jmiliband@rusmiliband.com |
| James M. Miller | jmiller@millerbarondess.com |
| Louis R. Miller | smiller@millerbarondess.com |
| Craig Millet | cmillet@gibsondunn.com, pcrawford@gibsondunn.com; cmillet@gibsondunn.com |
| Randall P. Mroczynski | randym@cookseylaw.com |
| Mike D. Neue *(Counsel for Trustee)* | mneue@thelobelfirm.com, jmattiace@thelobelfirm.com; pnelson@thelobelfirm.com |
| Robert Nida | rnida@castlelawoffice.com |
| Henry H. Oh | henry.oh@dlapiper.com, janet.curley@dlapiper.com |
| Sean A. Okeefe *(Counsel for Debtor)* | sokeefe@okeefelc.com |
| Scott H. Olson | solson@seyfarth.com **[RSN]** |
| Robert B. Orgel *(Counsel for Lehman VD Lenders)* | rorgel@pszjlaw.com, rorgel@pszjlaw.com |
| Malhar S. Pagay *(Counsel for Lehman Creditors)* | mpagay@pszjlaw.com, mpagay@pszjlaw.com |
| Ernie Zachary Park | ernie.park@bewleylaw.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

| | |
|---|---|
| Daryl G. Parker | dparker@pszjlaw.com |
| Penelope Parmes | pparmes@rutan.com |
| Robert J. Pfister | rpfister@ktbslaw.com |
| Ronald B. Pierce | ronald.pierce@sdma.com |
| Katherine C. Piper *(Counsel for New Anaverde, LLC)* | kpiper@steptoe.com |
| Cassandra J. Richey | cmartin@pprlaw.net |
| Debra Riley | driley@allenmatkins.com |
| James S. Riley | tgarza@sierrafunds.com |
| Todd C. Ringstad | becky@ringstadlaw.com |
| R. Grace Rodriguez | ecf@lorgr.com |
| Martha E. Romero | romero@mromerolawfirm.com **[RSN]** |
| Ronald Rus *(Counsel for SunCal Mgmt LLC and SCC Acquisitions Inc.)* | rrus@rusmiliband.com |
| John P. Schafer | jps@mandersonllp.com |
| John E. Schreiber | jschreiber@dl.com |
| William D. Schuster | bills@allieschuster.org **[RSN]** |
| Christopher P. Simon | csimon@crosslaw.com |
| Gerald N. Sims | jerrys@psdslaw.com, bonniec@psdslaw.com |
| Wendy W. Smith | wendy@bindermalter.com |
| Steven M. Speier | Sspeier@Squarmilner.com, ca85@ecfcbis.com |
| Steven M. Speier (TR) | sspeier@asrmanagement.com; ca85@ecfbis.com |
| Michael St. James | ecf@stjames-law.com |
| Michael K. Sugar | msugar@irell.com |
| Cathy Ta | cathy.ta@bbklaw.com, arthur.Johnston@bbklaw.com; kenneth.burgess@bbklaw.com |
| David A. Tilem | davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com; dianachau@tilemlaw.com; kmishigian@tilemlaw.com |
| James E. Till | jtill@thelobelfirm.com, jmattiace@thelobelfirm.com; pnelson@thelobelfirm.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| Carol G. Unruh | cgunruh@sbcglobal.net |
| Annie Verdries | verdries@lbbslaw.com |
| Jason Wallach | jwallach@gladstonemichel.com |
| Joshua D. Wayser | , kim.johnson@kattenlaw.com |
| Marc J. Winthrop *(Counsel for Debtor)* | mwinthrop@winthropcouchot.com, pj@winthropcouchot.com |
| David M. Wiseblood | dwiseblood@seyfarth.com **[RSN]** |
| Brett K. Wiseman | bwiseman@aalaws.com |
| Dean A. Ziehl *(Counsel for the Lehman VD Lenders)* | dziehl@pszjlaw.com, dziehl@pszjlaw.com |
| Marc A. Zimmerman | joshuasdaddy@att.net |

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On September 19, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Office of the United States Trustee
Attn: Michael Hauser, Esq.
411 West Fourth Street, Suite 9041
Santa Ana, CA  92701-8000
*(VIA U.S. MAIL)*

Counsel for Creditor, Marques Pipeline, Inc. **[RSN]**
John W. Busby, Esq.
251 Lafayette Circle, Suite 350
Lafayette, CA  94549
*(VIA U.S. MAIL)*

Counsel for Regal Development, LLC **[RSN]**
Benjamin M. Weiss, Esq.
12770 High Bluff Drive, Suite 160
San Diego, CA  92130
*(VIA U.S. MAIL)*

Counsel for Creditor, Bova Contracting Corporation **[RSN]**
Wayne W. Call, Esq.
CALL, JENSEN & FERRELL
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
*(VIA U.S. MAIL)*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*     **F 9013-3.1**

Counsel for Joint Provisional Liquidators of Lehman RE LTD **[RSN]**
Betty M. Shumener, Esq.
DLA PIPER LLP (US)
550 South Hope Street, Suite 2300
Los Angeles, CA 90071-2678
*(VIA U.S. MAIL)*

Authorized Agent for Voluntary Debtors, SunCal Mgmt and SCC Acquisitions, Inc.
Bruce V. Cook
2392 Morse Avenue
Irvine, CA 92614-6234
*(VIA U.S. MAIL)*

Counsel for the Lehman VD Lenders
Edward Soto, Esq.
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
*(VIA U.S. MAIL)*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 19, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Honorable Erithe Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593
*(VIA PERSONAL DELIVERY)*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/19/11 | Aja N. Clark | */s/ Aja N. Clark* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**