Ronald W. Hopkins (CA Bar No. 100895)
Christian J. Gascou (CA Bar No. 209957)
GASCOU HOPKINS, LLP
1801 Avenue of the Stars, Suite 230
Los Angeles, California 90067
Telephone: (310) 785-9116; Facsimile: (310) 785-9149

T. Scott Leo (admitted *pro hac vice*)
Michael J. Dudek (admitted *pro hac vice*)
LEO & WEBER, P.C.
1 North LaSalle Street, Suite 3600
Chicago, Illinois 60602
Telephone: (312) 857-0910; Facsimile: (312) 857-1240

**Attorneys for Arch Insurance Company**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS,<br><br>Jointly Administered Debtors and Debtors-in-Possession | **CASE NO. 8:08-bk-17206-ES**<br>Jointly Administered with Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17224-ES;<br>8:08-bk-17225-ES; 8:08-bk-17227-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17240-ES;<br>8:08-bk-17242-ES; 8:08-bk-17245-ES;<br>8:08-bk-17246-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17404-ES;<br>8:08-bk-17407-ES; 8:08-bk-17408-ES;<br>8:08-bk-17409-ES; 8:08-bk-17458-ES;<br>8:08-bk-17465-ES; 8:08-bk-17470-ES;<br>8:08-bk-17472-ES; 8:08-bk-17473-ES;<br>8:08-bk-17474-ES; 8:08-bk-17475-ES;<br>8:08-bk-17488-ES |
| Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC<br>☒ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☒ SunCal Johannson Ranch, LLC<br>☒ SunCal Summit Valley, LLC<br>☒ SunCal Emerald Meadows, LLC<br>☒ SunCal Bickford Ranch, LLC<br>☒ Acton Estates, LLC<br>☒ Seven Brothers LLC | **CONDITIONAL OBJECTION OF ARCH INSURANCE COMPANY TO: (I) THIRD AMENDED JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND SUBJECT LEHMAN CREDITORS and (II) THIRD AMENDED JOINT CHAPTER 11 PLAN FOR ELEVEN VOLUNTARY DEBTORS PROPOSED BY THE LEHMAN VD DEBTORS** |

- 1 -
Conditional Objection of Arch Insurance Company to: (I) Third Amended Joint Chapter 11 Plan for Eight Trustee
Debtors Proposed by the Trustee and Subject Lehman Creditors and (II) Third Amended Joint Chapter 11 Plan for
Eleven Voluntary Debtors Proposed by the Lehman VD Debtors

| | |
|---|---|
| ☐ SJD Partners, Ltd. | **Hearing:** |
| ☐ SJD Development Corp. | |
| ☒ Kirby Estates, LLC | |
| ☒ SunCal Communnities I, LLC | Date:  October 24, 2011 |
| ☐ SunCal Communities III, LLC | Time:   9:30 a.m. |
| ☒ SCC Communities LLC | Place:  Courtroom 5A |
| ☐ North Orange Del Rio Land, LLC | 411 West Fourth Street |
| ☒ Tesoro SF, LLC | Santa Ana, California  92701 |
| ☒ LB/L-SunCal Oak Valley, LLC | |
| ☒ SunCal Heartland, LLC | |
| ☒ LB/L-SunCal Northlake, LLC | |
| ☒ SunCal Marblehead, LLC | |
| ☐ SunCal Century City, LLC | |
| ☒ SunCal PSV, LLC | |
| ☒ Delta Coves Venture, LLC | |
| ☒ SunCal Torrance Properties, LLC | |
| ☒ SunCal Oak Knoll, LLC | |

**TO THE HONORABLE ERITHE SMITH, U.S. BANKRUPTCY JUDGE:**

Arch Insurance Company ("Arch"), by and through its undersigned counsel, hereby files this Conditional Objection (the "Conditional Objection") to: (I) Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors [Docket No. 2595] and (II) Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Debtors [Docket No. 2598] (together, the "Lehman Plans"), and in support of the Conditional Objection, Arch respectfully states as follows:

**I.    BACKGROUND**

1.    The debtors (the "Debtors") in the above captioned case are twenty-six companies affiliated with the SunCal Companies, a real estate developer based in California.

2.    The Debtors include seventeen debtors ("Voluntary Debtors' Estates") who have continued in possession of their assets and operation of their business pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.    A trustee (the "Trustee") was appointed pursuant to § 1104 of the Bankruptcy Code to administer the estates of the nine remaining debtors.

4.    On August 23, 2011 creditors Lehman Commercial Paper, Inc., Lehman ALI, Inc.,

Northlake Holdings LLC, and OVC Holdings LLC (collectively "<u>Lehman Creditors</u>"), along with the Trustee, filed the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors* for eight of the bankruptcy estates that are being administered by the Trustee ("<u>Trustee Debtors' Estates</u>").

5. The Lehman Creditors also filed the *Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Debtors* on August 23, 2011.

6. Prior to the SunCal bankruptcy cases, Arch, a creditor in the above captioned jointly administered bankruptcy cases, issued subdivision surety bonds ("<u>Bonds</u>") on behalf of several SunCal entities, including several that are included in the Trustee Debtors' Estates and the Voluntary Debtors' Estates. The Bonds were legally required by local and municipal ordinance to secure the Debtors' obligations to pay for labor and materials required for subdivision improvements required by municipal and local ordinance as well as guaranteeing the obligation to provide such improvements.

## II. <u>OBJECTION</u>

7. Arch objects to the Lehman Plans because they fail to meet the requirements for confirmation under 11 U.S.C. § 1129(a) because the Lehman Plans fail to address how certain obligations that are bonded by Arch are treated with respect to Arch's rights as surety on the obligations. Moreover, it is unclear under the Lehman Plans the basis for a holder of certain claims to chose whether its claim is to be treated as a "General Unsecured Claim" or a "Reliance Claim." The Lehman Plans fail to address that Arch may be entitled to an administrative claim under § 503(b) of the Bankruptcy Code for costs incurred by Arch for the preservation of the properties belonging to the bankruptcy estates.

**A.    The Lehman Plans Fail to Address the Obligations Bonded by the Sureties.**

8. It is implied under the Lehman Plans that all of the development costs for improvements required by municipalities fall within the coverage of the Bonds. However, the Bonds do not cover all of the costs (and thus not all of the claims) arising out of obligations imposed by municipal plans and ordinances.

9. The Lehman Plans fail to address that the obligations secured by the Bonds are

obligations that run with the properties and that cover costs that any subsequent owner would be compelled to bear. *See, e.g., In re Oyster Bay Cove, Ltd.*, 196 B.R. 251, 255 (Bankr. E.D.N.Y. 1996) (municipal obligations that "run with the land" could not be avoided under a § 363 sale); *In re Adelphia Comm. Corp.*, 359 B.R. 65, 78 (Bankr. S.D.N.Y. 2007) (municipal obligations enacted through legislation for the public welfare cannot be avoided in bankruptcy). Should the sureties be required to pay or perform because of a demand from the municipalities that are the obligees of the Bonds, the costs for improving the property to bring it into compliance with public regulations and ordinances can be recovered upon the sale or transfer of the properties or from subsequent owners.

10. Moreover, surety bonds are financial accommodations that cannot be assumed and assigned. *See* 11 U.S.C. § 365(c)(2) (prohibiting assignment and assumption contracts for financial accommodations); s*ee also, e.g.*, *In re Sun Runner Marine, Inc.*, 945 F.2d 1089 (9th Cir. 1991) (suretyship agreement constituted a financial accommodation); *In re Wegner Farms, Co.*, 49 B.R. 440 (Bankr. N.D. Iowa 1985) (surety bonds treated as a financial accommodation). Absent an agreement with Arch to keep the Bonds in effect, the Bonds must be replaced upon the transfer of the properties under the Plans. This is not addressed in the Lehman Plans.

**B.  The Basis for Classification of "Reliance Claims" is Unclear in the Lehman Plans.**

11. The Lehman Plans offer treatment of "Reliance Claims." These claims are purportedly consist of unsecured claims that are claims for "new value," voluntarily extended after August 1, 2007 and before the petition dates, and timely filed.

12. Section 1122(a) of the Bankruptcy Code provides that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122(a). It is impermissible for a debtor to classify one class of unsecured claims separately from another absent a legitimate business or economic reason. *See In re Barakat*, 99 F.3d 1520, 1526 (9th Cir. 1996).

13. The Lehman Plans, and their accompanying disclosure statements, do not provide a basis for separating the "Reliance Claims" from the other unsecured claims and what basis warrants separate classification. It is unclear to a holder of an unsecured claim whether it may be able to elect

to have its claim treated as a "Reliance Claim" or if it is a holder of a general unsecured claim. This appears confusing and may affect how such a creditor votes for or against each Lehman Plan.

14. From Arch's standpoint as a surety, it is unclear from the classification of "Reliance Claims" contained in the Lehman Plans whether it could include losses incurred as a result of claims for performance made against the bonds (by, *i.e.*, municipalities for completion of certain municipal obligations) or solely for claims relating to labor and materials provided for the projects.

15. The criteria for defining a "Reliance Claim" under each Lehman Plan should be more clearly defined to better distinguish a "Reliance Claim" from a general unsecured claim. Some parties may have both Reliance Claims and unsecured claims. A clearer definition of a "Reliance Claim" will enable those creditors to better decide whether to elect "Reliance Claim" treatment and better aid the creditor in its decision to vote for or against the Plan.

**C.    The Lehman Plans Ignore Arch's Administrative Claims.**

16. The Lehman Plans fail to address Arch's administrative claims for costs incurred by Arch for the preservation of the bonded properties after the bankruptcy cases commenced.

17. Section 503(b) of the Bankruptcy Code allows administrative expenses for "the actual, necessary costs and expenses of preserving the estate[.]" 11 U.S.C. § 503(b)(1)(A).

18. Arch has incurred substantial costs relating to the preservation of the properties of the bankruptcy estates. Nowhere are these costs addressed by the Lehman Plans or provide that Arch is entitled to administrative claims relating to these costs.

**D.    The Settling Bond Issuer Agreement, a Condition for the Lehman Plans Effective Date, has not been Reached between the Lehman Parties and Arch.**

19. The Lehman Plans require that the Lehman Parties enter into a settlement agreement with Arch as a pre-condition for the Lehman Plans to become effective.

20. Arch has been engaged in discussions with the Lehman Parties to resolve Arch's concerns with the Lehman Plans but have been unable to come to an agreement at this time.

21. Arch is optimistic that settlement with the Lehman Parties is close and once both sides can come to an agreement over Arch's concerns, Arch will withdraw this Conditional Objection.

22. Upon withdrawal of the Conditional Objection, assuming Arch and the Lehman Parties come to an agreement, Arch will move this Court under Federal Rule of Bankruptcy Procedure 3018(a) to change its vote for the Lehman Plans from "No" to "Yes."

## III. CONCLUSION

WHEREFORE, Arch respectfully requests that this Court (i) deny confirmation of the Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors; (ii) deny confirmation of the Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Debtors; and (iii) grant such other relief as the Court deems appropriate.

Dated:  September 19, 2011

**GASCOU HOPKINS, LLP**


 */s/ Ronald W. Hopkins*
Ronald W. Hopkins
Christian J. Gascou

Attorneys for Arch Insurance Company

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1801 Avenue of the Stars Suite 230 Los Angeles CA 90067

A true and correct copy of the foregoing document described as **CONDITIONAL OBJECTION OF ARCH INSURANCE COMPANY TO: (I) THIRD AMENDED JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND SUBJECT LEHMAN CREDITORS and (II) THIRD AMENDED JOINT CHAPTER 11 PLAN FOR ELEVEN VOLUNTARY DEBTORS PROPOSED BY THE LEHMAN VD DEBTORS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **_9/19/11_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **_9/19/11,_** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_Fill in Date Document is Filed,_** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/19/11 | Julia Jung | /s/ Julia Jung |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                           **F 9013-3.1.PROOF.SERVICE**

**ELECTRONIC SERVICE LIST**

Michael.Hauser@usdoj.gov
Selia M Acevedo sacevedo@millerbarondess.com, mpritikin@millerbarondess.com;bprocel@millerbarondess.com
Joseph M Adams jadams@sycr.com
Raymond H Aver ray@averlaw.com
James C Bastian jbastian@shbllp.com
Thomas Scott Belden sbelden@kleinlaw.com, ecf@kleinlaw.com
John A Boyd fednotice@tclaw.net
Mark Bradshaw mbradshaw@shbllp.com
Gustavo E Bravo gbravo@smaha.com
Jeffrey W Broker jbroker@brokerlaw.biz
Brendt C Butler bbutler@mandersonllp.com
Andrew W Caine acaine@pszyjw.com
Carollynn Callari ccallari@venable.com
Cathrine M Castaldi ccastaldi@rusmiliband.com
Tara Castro Narayanan tara.narayanan@msrlegal.com
Dan E Chambers dchambers@jmbm.com
Shirley Cho scho@pszjlaw.com
Vonn Christenson vrc@paynefears.com
Brendan P Collins bpcollins@bhfs.com
Vincent M Coscino vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
Paul J Couchot pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
Jonathan S Dabbieri dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
Ana Damonte ana.damonte@pillsburylaw.com
Vanessa S Davila vsd@amclaw.com
Melissa Davis mdavis@shbllp.com
Daniel Denny ddenny@gibsondunn.com
Caroline Djang crd@jmbm.com
Donald T Dunning ddunning@dunningLaw.com
Joseph A Eisenberg jae@jmbm.com
Lei Lei Wang Ekvall lekvall@wgllp.com
Richard W Esterkin resterkin@morganlewis.com
Marc C Forsythe kmurphy@goeforlaw.com
Alan J Friedman afriedman@irell.com
Steven M Garber steve@smgarberlaw.com
Christian J Gascou cgascou@gascouhopkins.com
Barry S Glaser bglaser@swjlaw.com
Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
Eric D Goldberg egoldberg@stutman.com
Richard H Golubow rgolubow@winthropcouchot.com, pj@winthropcouchot.com
Michael J Gomez mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
Kelly C Griffith bkemail@harrisbeach.com
Matthew Grimshaw mgrimshaw@rutan.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                          **F 9013-3.1.PROOF.SERVICE**

Case 8:08-bk-17206-ES    Doc 2780    Filed 09/19/11    Entered 09/19/11 14:03:20    Desc
Main Document    Page 9 of 10

Kavita Gupta kgupta@winthropcouchot.com
Asa S Hami ahami@morganlewis.com
Michael J Hauser michael.hauser@usdoj.gov
D Edward Hays ehays@marshackhays.com
Michael C Heinrichs mheinrichs@omm.com
Harry D. Hochman hhochman@pszjlaw.com, hhochman@pszjlaw.com
Jonathan M Hoff jonathan.hoff@cwt.com
Nancy Hotchkiss nhotchkiss@trainorfairbrook.com
Michelle Hribar mhribar@rutan.com
John J Immordino john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
Lawrence A Jacobson laj@cohenandjacobson.com
Michael J Joyce mjoyce@crosslaw.com
Stephen M Judson sjudson@fablaw.com
Kaleb L Judy ecf@kleinlaw.com, kjudy@kleinlaw.com
Steven J Kahn skahn@pszyjw.com
Sheri Kanesaka sheri.kanesaka@bryancave.com
David I Katzen katzen@ksfirm.com
Christopher W Keegan ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
Payam Khodadadi pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
Irene L Kiet ikiet@hkclaw.com
Mark J Krone mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
David B Lally davidlallylaw@gmail.com
Leib M Lerner leib.lerner@alston.com
Peter W Lianides plianides@winthropcouchot.com, pj@winthropcouchot.com
Charles Liu cliu@winthropcouchot.com
Kerri A Lyman klyman@irell.com
Mariam S Marshall mmarshall@marshallramoslaw.com
Robert C Martinez rmartinez@mclex.com
Michael D May mdmayesq@verizon.net
Hutchison B Meltzer hmeltzer@wgllp.com
Krikor J Meshefejian kjm@lnbrb.com
Joel S. Miliband jmiliband@rusmiliband.com
James M Miller jmiller@millerbarondess.com
Louis R Miller smiller@millerbarondess.com
Randall P Mroczynski randym@cookseylaw.com
Mike D Neue mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
Robert Nida Rnida@castlelawoffice.com
Henry H Oh henry.oh@dlapiper.com, janet.curley@dlapiper.com
Sean A Okeefe sokeefe@okeefelc.com
Robert B Orgel rorgel@pszjlaw.com, rorgel@pszjlaw.com
Malhar S Pagay mpagay@pszjlaw.com, mpagay@pszjlaw.com
Penelope Parmes pparmes@rutan.com
Ronald B Pierce ronald.pierce@sdma.com
Katherine C Piper kpiper@steptoe.com
Cassandra J Richey cmartin@pprlaw.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                    **F 9013-3.1.PROOF.SERVICE**

Debra Riley driley@allenmatkins.com
James S Riley tgarza@sierrafunds.com
Todd C. Ringstad becky@ringstadlaw.com
R Grace Rodriguez ecf@lorgr.com
Martha E Romero Romero@mromerolawfirm.com
Ronald Rus rrus@rusmiliband.com
John P Schafer jschafer@mandersonllp.com
John E Schreiber jschreiber@dl.com
William D Schuster bills@allieschuster.org
Christopher P Simon csimon@crosslaw.com
Wendy W Smith wendy@bindermalter.com
Steven M Speier Sspeier@Squarmilner.com, ca85@ecfcbis.com
Steven M Speier (TR) Sspeier@asrmanagement.com, ca85@ecfcbis.com
Michael St James ecf@stjames-law.com
Michael K Sugar msugar@irell.com
Cathy Ta cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
David A Tilem davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
James E Till jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Carol G Unruh cgunruh@sbcglobal.net
Annie Verdries verdries@lbbslaw.com
Jason Wallach jwallach@gladstonemichel.com
Joshua D Wayser , kim.johnson@kattenlaw.com
Christopher T Williams ctwilliams@venable.com, jcontreras@venable.com
Marc J Winthrop mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
David M Wiseblood dwiseblood@seyfarth.com
Brett K Wiseman bwiseman@aalaws.com
Dean A Ziehl dziehl@pszjlaw.com, dziehl@pszjlaw.com
Marc A. Zimmerman joshuasdaddy@att.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**