Ronald W. Hopkins (CA Bar No. 100895)
Christian J. Gascou (CA Bar No. 209957)
GASCOU HOPKINS, LLP
1801 Avenue of the Stars, Suite 230
Los Angeles, California  90067
Telephone: (310) 785-9116; Facsimile: (310) 785-9149

T. Scott Leo (admitted *pro hac vice*)
Michael J. Dudek (admitted *pro hac vice*)
LEO & WEBER, P.C.
1 North LaSalle Street, Suite 3600
Chicago, Illinois  60602
Telephone: (312) 857-0910; Facsimile: (312) 857-1240

**Attorneys for Arch Insurance Company**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>PALMDALE HILLS PROPERTY, LLC, AND ITS RELATED DEBTORS,<br><br>    Jointly Administered Debtors and<br>    Debtors-in-Possession | **CASE NO. 8:08-bk-17206-ES**<br>Jointly Administered with Case Nos.<br>  8:08-bk-17209-ES; 8:08-bk-17224-ES;<br>  8:08-bk-17225-ES; 8:08-bk-17227-ES;<br>  8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>  8:08-bk-17236-ES; 8:08-bk-17240-ES;<br>  8:08-bk-17242-ES; 8:08-bk-17245-ES;<br>  8:08-bk-17246-ES; 8:08-bk-17248-ES;<br>  8:08-bk-17249-ES; 8:08-bk-17404-ES;<br>  8:08-bk-17407-ES; 8:08-bk-17408-ES;<br>  8:08-bk-17409-ES; 8:08-bk-17458-ES;<br>  8:08-bk-17465-ES; 8:08-bk-17470-ES;<br>  8:08-bk-17472-ES; 8:08-bk-17473-ES;<br>  8:08-bk-17474-ES; 8:08-bk-17475-ES;<br>  8:08-bk-17488-ES |
| Affects:<br>  ☐  All Debtors<br>  ☒  Palmdale Hills Property, LLC<br>  ☒  SunCal Beaumont Heights, LLC<br>  ☐  SCC/Palmdale, LLC<br>  ☒  SunCal Johannson Ranch, LLC<br>  ☒  SunCal Summit Valley, LLC<br>  ☒  SunCal Emerald Meadows, LLC | **OBJECTION OF ARCH INSURANCE COMPANY TO: (I) THIRD AMENDED CHAPTER 11 PLAN FILED BY PALMDALE HILLS PROPERTY, LLC; SUNCAL BICKFORD RANCH, LLC; SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]; (II)** |

- 1 -
Objection of Arch Insurance Company to Third Amended Chapter 11 Plans Filed by the Group I, II, and III Voluntary Debtors;
Fourth Amended Joint Chapter 11 Plan Filed by the Group IV Debtors; Third Amended Chapter 11 Plans Filed by the SunCal
Parties for the Group I & II Trustee Debtors; and Third Amended Chapter 11 Plan Filed by the SunCal Parties in the Chapter 11
Case of SunCal Century City, LLC

| | | |
|---|---|---|
| 1 | ☒ SunCal Bickford Ranch, LLC | **THIRD AMENDED PLAN FILED BY** |
| | ☒ Acton Estates, LLC | **SUNCAL PARTIES IN THE CHAPTER** |
| 2 | ☒ Seven Brothers LLC | **11 CASES OF SUNCAL BEAUMONT** |
| | ☐ SJD Partners, Ltd. | **HEIGHTS, LLC AND SUNCAL** |
| 3 | ☐ SJD Development Corp. | **JOHANNSON RANCH, LLC [GROUP** |
| | ☒ Kirby Estates, LLC | **II: VOLUNTARY DEBTORS]; (III)** |
| 4 | ☒ SunCal Communnities I, LLC | **THIRD AMNEDED CHAPTER 11** |
| 5 | ☐ SunCal Communities III, LLC | **PLAN FILED BY SCC COMMUNITIES,** |
| | ☒ SCC Communities LLC | **LLC; NORTH ORANGE DEL RIO** |
| 6 | ☐ North Orange Del Rio Land, LLC | **LAND, LLC AND TESORO SF, LLC** |
| | ☒ Tesoro SF, LLC | **[GROUP III: VOLUNTARY** |
| 7 | ☒ LB/L-SunCal Oak Valley, LLC | **DEBTORS]; (IV) FOURTH AMENDED** |
| | ☒ SunCal Heartland, LLC | **JOINT CHAPTER 11 PLAN FILED BY** |
| 8 | ☒ LB/L-SunCal Northlake, LLC | **SJD PARTNERS, LTD. AND SJD** |
| 9 | ☒ SunCal Marblehead, LLC | **DEVELOPMENT CORP. [GROUP IV:** |
| | ☐ SunCal Century City, LLC | **VOLUNTARY DEBTORS]; (V) THIRD** |
| 10 | ☒ SunCal PSV, LLC | **AMENDED CHAPTER 11 PLAN FILED** |
| | ☒ Delta Coves Venture, LLC | **BY SUNCAL PARTIES IN THE** |
| 11 | ☒ SunCal Torrance Properties, LLC | **CHAPTER 11 CASES OF SUNCAL** |
| | ☒ SunCal Oak Knoll, LLC | **OAK VALLEY, LLC, AND SUNCAL** |
| 12 | | **HEARTLAND, LLC, DELTA COVES** |
| 13 | | **VENTURE, LLC, SUNCAL** |
| | | **MARBLEHEAD, LLC AND SUNCAL** |
| 14 | | **PSV, LLC [GROUP I: TRUSTEE** |
| | | **DEBTORS]; (VI) THIRD AMENDED** |
| 15 | | **CHAPTER 11 PLAN FILED BY** |
| 16 | | **SUNCAL PARTIES IN THE CHAPTER** |
| | | **11 CASES OF SUNCAL OAK KNOLL,** |
| 17 | | **LLC AND SUNCAL TORRANCE, LLC** |
| | | **[GROUP II: TRUSTEE DEBTORS];** |
| 18 | | **AND (VII) THIRD AMENDED** |
| 19 | | **CHAPTER 11 PLAN FILED BY** |
| | | **SUNCAL PARTIES IN THE CHAPTER** |
| 20 | | **11 CASE OF SUNCAL CENTURY** |
| | | **CITY, LLC** |
| 21 | | |
| 22 | | |
| 23 | | **Hearing:** |
| 24 | | Date:    October 24, 2011 |
| 25 | | Time:    9:30 a.m. |
| | | Place:   Courtroom 5A |
| 26 | | 411 West Fourth Street |
| | | Santa Ana, California  92701 |
| 27 | | |
| 28 | | |

Objection of Arch Insurance Company to Third Amended Chapter 11 Plans Filed by the Group I, II, and III Voluntary Debtors;
Fourth Amended Joint Chapter 11 Plan Filed by the Group IV Debtors; Third Amended Chapter 11 Plans Filed by the SunCal
Parties for the Group I & II Trustee Debtors; and Third Amended Chapter 11 Plan Filed by the SunCal Parties in the Chapter 11
Case of SunCal Century City, LLC

**TO THE HONORABLE ERITHE SMITH, U.S. BANKRUPTCY JUDGE:**

Arch Insurance Company ("Arch"), by and through its undersigned counsel, hereby files this Objection (the "Objection") to: (I) Third Amended Chapter 11 Plan Filed by Palmdale Hills Property, LLC; SunCal Bickford Ranch, LLC; SunCal Emerald Meadows, LLC; and Acton Estates, LLC [Group I: Voluntary Debtors] [Docket No. 2484]; (II) Third Amended Chapter 11 Plan Filed by SunCal Parties in the Chapter 11 Cases of SunCal Beaumont Heights, LLC and SunCal Johannson Ranch, LLC [Group II: Voluntary Debtors] [Docket No. 2485]; (III) Third Amended Chapter 11 Plan Filed by SCC Communities, LLC; North Orange Del Rio Land, LLC and Tesoro SF, LLC [Group III: Voluntary Debtors] [Docket No. 2486]; (IV) Fourth Amended Joint Chapter 11 Plan Filed by SJD Partners, Ltd. and SJD Development Corp. [Group IV: Voluntary Debtors] [Docket No. 2555]; (V) Third Amended Chapter 11 Plan Filed by SunCal Parties in the Chapter 11 Cases of SunCal Oak Valley, LLC, SunCal Heartland, LLC, Delta Coves Venture, LLC, SunCal Marblehead, LLC and SunCal PSV, LLC [Group I: Trustee Debtors] [Docket No. 2488]; (VI) Third Amended Chapter 11 Plan Filed by SunCal Parties in the Chapter 11 Cases of SunCal Oak Knoll, LLC and SunCal Torrance, LLC [Group II: Trustee Debtors] [Docket No. 2489]; and (VII) Third Amended Plan Filed by SunCal Parties in the Chapter 11 Case of SunCal Century City, LLC [Docket No. 2490] (all plans collectively, "SunCal Parties' Plans")  and respectfully states as follows:

## I.     BACKGROUND

1.      The debtors (the "Debtors") in the above captioned case are twenty-six companies affiliated with the SunCal Companies, a real estate developer based in California.

2.      The Debtors include seventeen debtors ("Voluntary Debtors") who have continued in possession of their assets and operation of their business pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  The Voluntary Debtors, along with SCC Acquisitions, ("SunCal Parties") have divided the Voluntary Debtors into four separate groups and have filed a Plan for each group.

3.      A trustee (the "Trustee") was appointed pursuant to § 1104 of the Bankruptcy Code to administer the estates of the nine remaining debtors ("Trustee Debtors.")  The SunCal Parties have divided the Trustee Debtors into two separate groups and have filed a Plan for each of these

Objection of Arch Insurance Company to Third Amended Chapter 11 Plans Filed by the Group I, II, and III Voluntary Debtors;
Fourth Amended Joint Chapter 11 Plan Filed by the Group IV Debtors; Third Amended Chapter 11 Plans Filed by the SunCal
Parties for the Group I & II Trustee Debtors; and Third Amended Chapter 11 Plan Filed by the SunCal Parties in the Chapter 11
Case of SunCal Century City, LLC

1  groups.

2      4.      On August 5, 2011, the SunCal Parties filed separate chapter 11 bankruptcy plans for

3  the Group I Voluntary Debtors, Group II Voluntary Debtors, Group III Voluntary Debtors and filed

4  a chapter 11 bankruptcy plan for the Group IV Voluntary Debtors on August 12, 2011.

5      5.      The SunCal Parties filed separate chapter 11 plan for the Trustee Debtors and for the

6  bankruptcy case for SunCal Century City, LLC on August 5, 2011.

7      6.      Prior to the SunCal bankruptcy cases, Arch, a creditor in the above captioned jointly

8  administered bankruptcy cases, issued subdivision surety bonds ("Bonds") on behalf of several

9  SunCal entities, including several of the Debtors.  The Bonds were legally required by local and

10  municipal ordinance to secure the Debtors' obligations to pay for labor and materials needed for

11  subdivision improvements as required by municipal and local ordinance as well as guaranteeing the

12  obligation to provide such improvements.

13  **II.    OBJECTION**

14      7.      Arch objects to the SunCal Parties' Plans because they fail to meet the requirements

15  for confirmation under 11 U.S.C. § 1129(a) because the Plans fail to address how certain obligations

16  that are bonded by Arch are treated with respect to Arch's rights as surety on the obligations.

17  Moreover, it is unclear under the SunCal Parties' Plans the basis for a holder of certain claims to

18  chose whether its claim is to be treated as a "General Unsecured Claim" or a "Reliance Claim."  The

19  SunCal Parties' Plans fail to address that Arch may be entitled to an administrative claim under §

20  503(b) of the Bankruptcy Code for costs incurred by Arch for the preservation of the properties

21  belonging to the bankruptcy estates.  Finally, there is no readily apparent basis discernable as to the

22  reason for separating certain debtors into different groups as proposed by the SunCal Parties' Plans.

23      **A.    The SunCal Parties' Plans Fail to Address the Obligations Bonded by the**

24  **Sureties.**

25      8.      It is implied under the SunCal Parties' Plans that all of the development costs for

26  improvements required by municipalities fall within the coverage of the Bonds.  However, the Bonds

27  do not cover all of the costs (and thus not all of the claims) arising out of obligations imposed by

28

Objection of Arch Insurance Company to Third Amended Chapter 11 Plans Filed by the Group I, II, and III Voluntary Debtors;
Fourth Amended Joint Chapter 11 Plan Filed by the Group IV Debtors; Third Amended Chapter 11 Plans Filed by the SunCal
Parties for the Group I & II Trustee Debtors; and Third Amended Chapter 11 Plan Filed by the SunCal Parties in the Chapter 11
Case of SunCal Century City, LLC

1    municipal plans and ordinances.

2         9.    The SunCal Parties' Plans fail to address that the obligations secured by the Bonds

3    are obligations that run with the properties and that cover costs that any subsequent owner would be

4    compelled to bear.  *See, e.g., In re Oyster Bay Cove, Ltd.*, 196 B.R. 251, 255 (Bankr. E.D.N.Y. 1996)

5    (municipal obligations that "run with the land" could not be avoided under a § 363 sale); *In re*

6    *Adelphia Comm. Corp.*, 359 B.R. 65, 78 (Bankr. S.D.N.Y. 2007) (municipal obligations enacted

7    through legislation for the public welfare cannot be avoided in bankruptcy).  Should the sureties be

8    required to pay or perform because of a demand from the municipalities that are the obligees of the

9    Bonds, the costs for improving the property to bring it into compliance with public regulations and

10   ordinances can be recovered upon the sale or transfer of the properties or from subsequent owners.

11        10.   Moreover, surety bonds are financial accommodations that cannot be assumed and

12   assigned.  *See* 11 U.S.C. § 365(c)(2) (prohibiting assignment and assumption contracts for financial

13   accommodations); s*ee also, e.g.*, *In re Sun Runner Marine, Inc.*, 945 F.2d 1089 (9th Cir. 1991)

14   (suretyship agreement constituted a financial accommodation); *In re Wegner Farms, Co.*, 49 B.R.

15   440 (Bankr. N.D. Iowa 1985) (surety bonds treated as a financial accommodation).  Absent an

16   agreement with Arch to keep the Bonds in effect, the Bonds must be replaced upon the transfer of

17   the properties under the Plans.  This is not addressed in the SunCal Parties' Plans.

18   **B.    The Basis for Classification of "Reliance Claims" is Unclear in the SunCal**

19   **Parties' Plans.**

20        11.   The SunCal Parties' Plans offer treatment of "Reliance Claims" that are unsecured

21   claims different than general unsecured claims.

22        12.   Section 1122(a) of the Bankruptcy Code provides that "a plan may place a claim or

23   an interest in a particular class only if such claim or interest is substantially similar to the other

24   claims or interests of such class."  11 U.S.C. § 1122(a).  It is impermissible for a debtor to classify

25   one class of unsecured claims separately from another absent a legitimate business or economic

26   reason.  *See In re Barakat*, 99 F.3d 1520, 1526 (9th Cir. 1996).

27        13.   The SunCal Parties' Plans, and their accompanying disclosure statements, do not

28

Objection of Arch Insurance Company to Third Amended Chapter 11 Plans Filed by the Group I, II, and III Voluntary Debtors;
Fourth Amended Joint Chapter 11 Plan Filed by the Group IV Debtors; Third Amended Chapter 11 Plans Filed by the SunCal
Parties for the Group I & II Trustee Debtors; and Third Amended Chapter 11 Plan Filed by the SunCal Parties in the Chapter 11
Case of SunCal Century City, LLC

1   provide a basis for separating the "Reliance Claims" from the other unsecured claims and what basis

2   warrants separate classification.  It is unclear to a holder of an unsecured claim whether it may be

3   able to elect to have its claim treated as a "Reliance Claim" or if it is a holder of a general unsecured

4   claim.  This appears confusing and may affect how such a creditor votes for or against each of the

5   SunCal Parties' Plans.

6          14.    From Arch's standpoint as a surety, it is unclear from the classification of "Reliance

7   Claims" contained in the SunCal Parties' Plans whether it could include losses incurred as a result of

8   claims for performance made against the bonds (by, *i.e.*, municipalities for completion of certain

9   municipal obligations) or solely for claims relating to labor and materials provided for the projects.

10         15.    The criteria for defining a "Reliance Claim" under each of the SunCal Parties' Plans

11  should be more clearly defined to better distinguish a "Reliance Claim" from a general unsecured

12  claim.  Some parties may have both Reliance Claims and unsecured claims.  A clearer definition of a

13  "Reliance Claim" will enable those creditors to better decide whether to elect "Reliance Claim"

14  treatment and better aid the creditor in its decision to vote for or against the Plan.

15         **C.     The SunCal Parties' Plans Ignore Arch's Administrative Claims.**

16         16.    The SunCal Parties' Plans fail to address Arch's administrative claims for costs

17  incurred by Arch for the preservation of the bonded properties after the bankruptcy cases

18  commenced.

19         17.    Section 503(b) of the Bankruptcy Code allows administrative expenses for "the

20  actual, necessary costs and expenses of preserving the estate[.]"  11 U.S.C. § 503(b)(1)(A).

21         18.    Arch has incurred substantial costs relating to the preservation of the properties of the

22  bankruptcy estates.  Nowhere are these costs addressed by the SunCal Parties' Plans or provide that

23  Arch is entitled to administrative claims relating to these costs.

24         **D.     The SunCal Parties' Plans Provide No Basis as the Reason for Grouping**

25  **Different Debtors Together under Different Plans.**

26         19.    The SunCal Parties' Plans different groups of debtors into separate plans with no

27  readily apparent reasoning for placing the Debtors into separate groups.

28

- 6 -

Objection of Arch Insurance Company to Third Amended Chapter 11 Plans Filed by the Group I, II, and III Voluntary Debtors;
Fourth Amended Joint Chapter 11 Plan Filed by the Group IV Debtors; Third Amended Chapter 11 Plans Filed by the SunCal
Parties for the Group I & II Trustee Debtors; and Third Amended Chapter 11 Plan Filed by the SunCal Parties in the Chapter 11
Case of SunCal Century City, LLC

1    20.    Holders of claims should be entitled to the information relating to the reasons for

2    placing the Debtors into separate groups when voting for or against each Plan.

3    **E.    The SunCal Parties' Plans do not Appear Viable as no Definitive Source of**

4    **Financing for each SunCal Plan is Described or Disclosed.**

5    21.    Nowhere in the SunCal Parties' Plans is mentioned how each plan is going to be

6    financed.

7    22.    Without any definitive source of financing for each of the SunCal Parties' Plan, it is

8    impossible to determine whether each Plan can be successfully effectuated.

9    **IV.    <u>CONCLUSION</u>**

10    WHEREFORE, Arch Insurance Company respectfully requests that this Court deny

11    confirmation of the following: (I) Third Amended Chapter 11 Plan Filed by Palmdale Hills Property,

12    LLC; SunCal Bickford Ranch, LLC; SunCal Emerald Meadows, LLC; and Acton Estates, LLC

13    [Group I: Voluntary Debtors] [Docket No. 2484]; (II) Third Amended Chapter 11 Plan Filed by

14    SunCal Parties in the Chapter 11 Cases of SunCal Beaumont Heights, LLC and SunCal Johannson

15    Ranch, LLC [Group II: Voluntary Debtors] [Docket No. 2485]; (III) Third Amended Chapter 11

16    Plan Filed by SCC Communities, LLC; North Orange Del Rio Land, LLC and Tesoro SF, LLC

17    [Group III: Voluntary Debtors] [Docket No. 2486]; (IV) Fourth Amended Joint Chapter 11 Plan

18    Filed by SJD Partners, Ltd. and SJD Development Corp. [Group IV: Voluntary Debtors] [Docket

19    No. 2555]; (V) Third Amended Chapter 11 Plan Filed by SunCal Parties in the Chapter 11 Cases of

20    SunCal Oak Valley, LLC, SunCal Heartland, LLC, Delta Coves Venture, LLC, SunCal Marblehead,

21    LLC and SunCal PSV, LLC [Group I: Trustee Debtors] [Docket No. 2488]; (VI) Third Amended

22    Chapter 11 Plan Filed by SunCal Parties in the Chapter 11 Cases of SunCal Oak Knoll, LLC and

23    SunCal Torrance, LLC [Group II: Trustee Debtors] [Docket No. 2489]; and (VII) Third Amended

24    Plan Filed by SunCal Parties in the Chapter 11 Case of SunCal Century City, LLC [Docket No.

25    2490]; and (v) grant such other relief as the Court deems appropriate.

26

27

28

Objection of Arch Insurance Company to Third Amended Chapter 11 Plans Filed by the Group I, II, and III Voluntary Debtors;
Fourth Amended Joint Chapter 11 Plan Filed by the Group IV Debtors; Third Amended Chapter 11 Plans Filed by the SunCal
Parties for the Group I & II Trustee Debtors; and Third Amended Chapter 11 Plan Filed by the SunCal Parties in the Chapter 11
Case of SunCal Century City, LLC

Dated:  September 19, 2011

GASCOU HOPKINS, LLP


__/s/ Ronald W. Hopkins_____
Ronald W. Hopkins
Christian J. Gascou

Attorneys for Arch Insurance Company

Objection of Arch Insurance Company to Third Amended Chapter 11 Plans Filed by the Group I, II, and III Voluntary Debtors;
Fourth Amended Joint Chapter 11 Plan Filed by the Group IV Debtors; Third Amended Chapter 11 Plans Filed by the SunCal
Parties for the Group I & II Trustee Debtors; and Third Amended Chapter 11 Plan Filed by the SunCal Parties in the Chapter 11
Case of SunCal Century City, LLC

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1801 Avenue of the Stars Suite 230 Los Angeles CA 90067

A true and correct copy of the foregoing document described as **OBJECTION OF ARCH INSURANCE COMPANY TO: (I) THIRD AMENDED CHAPTER 11 PLAN FILED BY PALMDALE HILLS PROPERTY, LLC; SUNCAL BICKFORD RANCH, LLC; SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]; (II) THIRD AMENDED PLAN FILED BY SUNCAL PARTIES IN THE CHAPTER 11 CASES OF SUNCAL BEAUMONT HEIGHTS, LLC AND SUNCAL JOHANNSON RANCH, LLC [GROUP II: VOLUNTARY DEBTORS]; (III) THIRD AMNEDED CHAPTER 11 PLAN FILED BY SCC COMMUNITIES, LLC; NORTH ORANGE DEL RIO LAND, LLC AND TESORO SF, LLC [GROUP III: VOLUNTARY DEBTORS]; (IV) FOURTH AMENDED JOINT CHAPTER 11 PLAN FILED BY SJD PARTNERS, LTD. AND SJD DEVELOPMENT CORP. [GROUP IV: VOLUNTARY DEBTORS]; (V) THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PARTIES IN THE CHAPTER 11 CASES OF SUNCAL OAK VALLEY, LLC, AND SUNCAL HEARTLAND, LLC, DELTA COVES VENTURE, LLC, SUNCAL MARBLEHEAD, LLC AND SUNCAL PSV, LLC [GROUP I: TRUSTEE DEBTORS]; (VI) THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PARTIES IN THE CHAPTER 11 CASES OF SUNCAL OAK KNOLL, LLC AND SUNCAL TORRANCE, LLC [GROUP II: TRUSTEE DEBTORS]; AND (VII) THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PARTIES IN THE CHAPTER 11 CASE OF SUNCAL CENTURY CITY, LLC.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *9/19/11,* I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On *9/19/11,* I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *Fill in Date Document is Filed,* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/19/11 | Julia Jung | /s/ Julia Jung |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                            **F 9013-3.1.PROOF.SERVICE**

## ELECTRONIC SERVICE LIST

Michael.Hauser@usdoj.gov
Selia M Acevedo sacevedo@millerbarondess.com,
mpritikin@millerbarondess.com;bprocel@millerbarondess.com
Joseph M Adams jadams@sycr.com
Raymond H Aver ray@averlaw.com
James C Bastian jbastian@shbllp.com
Thomas Scott Belden sbelden@kleinlaw.com, ecf@kleinlaw.com
John A Boyd fednotice@tclaw.net
Mark Bradshaw mbradshaw@shbllp.com
Gustavo E Bravo gbravo@smaha.com
Jeffrey W Broker jbroker@brokerlaw.biz
Brendt C Butler bbutler@mandersonllp.com
Andrew W Caine acaine@pszyjw.com
Carollynn Callari ccallari@venable.com
Cathrine M Castaldi ccastaldi@rusmiliband.com
Tara Castro Narayanan tara.narayanan@msrlegal.com
Dan E Chambers dchambers@jmbm.com
Shirley Cho scho@pszjlaw.com
Vonn Christenson vrc@paynefears.com
Brendan P Collins bpcollins@bhfs.com
Vincent M Coscino vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
Paul J Couchot pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;sconnor@winthropcouchot.com
Jonathan S Dabbieri dabbieri@sullivan.com,
hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
Ana Damonte ana.damonte@pillsburylaw.com
Vanessa S Davila vsd@amclaw.com
Melissa Davis mdavis@shbllp.com
Daniel Denny ddenny@gibsondunn.com
Caroline Djang crd@jmbm.com
Donald T Dunning ddunning@dunningLaw.com
Joseph A Eisenberg jae@jmbm.com
Lei Lei Wang Ekvall lekvall@wgllp.com
Richard W Esterkin resterkin@morganlewis.com
Marc C Forsythe kmurphy@goeforlaw.com
Alan J Friedman afriedman@irell.com
Steven M Garber steve@smgarberlaw.com
Christian J Gascou cgascou@gascouhopkins.com
Barry S Glaser bglaser@swjlaw.com
Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
Eric D Goldberg egoldberg@stutman.com
Richard H Golubow rgolubow@winthropcouchot.com, pj@winthropcouchot.com
Michael J Gomez mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
Kelly C Griffith bkemail@harrisbeach.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                    **F 9013-3.1.PROOF.SERVICE**

Matthew Grimshaw mgrimshaw@rutan.com

Kavita Gupta kgupta@winthropcouchot.com
Asa S Hami ahami@morganlewis.com
Michael J Hauser michael.hauser@usdoj.gov
D Edward Hays ehays@marshackhays.com
Michael C Heinrichs mheinrichs@omm.com
Harry D. Hochman hhochman@pszjlaw.com, hhochman@pszjlaw.com
Jonathan M Hoff jonathan.hoff@cwt.com
Nancy Hotchkiss nhotchkiss@trainorfairbrook.com
Michelle Hribar mhribar@rutan.com
John J Immordino john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
Lawrence A Jacobson laj@cohenandjacobson.com
Michael J Joyce mjoyce@crosslaw.com
Stephen M Judson sjudson@fablaw.com
Kaleb L Judy ecf@kleinlaw.com, kjudy@kleinlaw.com
Steven J Kahn skahn@pszyjw.com
Sheri Kanesaka sheri.kanesaka@bryancave.com
David I Katzen katzen@ksfirm.com
Christopher W Keegan ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
Payam Khodadadi pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
Irene L Kiet ikiet@hkclaw.com
Mark J Krone mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
David B Lally davidlallylaw@gmail.com
Leib M Lerner leib.lerner@alston.com
Peter W Lianides plianides@winthropcouchot.com, pj@winthropcouchot.com
Charles Liu cliu@winthropcouchot.com
Kerri A Lyman klyman@irell.com
Mariam S Marshall mmarshall@marshallramoslaw.com
Robert C Martinez rmartinez@mclex.com
Michael D May mdmayesq@verizon.net
Hutchison B Meltzer hmeltzer@wgllp.com
Krikor J Meshefejian kjm@lnbrb.com
Joel S. Miliband jmiliband@rusmiliband.com
James M Miller jmiller@millerbarondess.com
Louis R Miller smiller@millerbarondess.com
Randall P Mroczynski randym@cookseylaw.com
Mike D Neue mneue@thelobelfirm.com,
jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
Robert Nida Rnida@castlelawoffice.com
Henry H Oh henry.oh@dlapiper.com, janet.curley@dlapiper.com
Sean A Okeefe sokeefe@okeefelc.com
Robert B Orgel rorgel@pszjlaw.com, rorgel@pszjlaw.com
Malhar S Pagay mpagay@pszjlaw.com, mpagay@pszjlaw.com
Penelope Parmes pparmes@rutan.com
Ronald B Pierce ronald.pierce@sdma.com
Katherine C Piper kpiper@steptoe.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                    **F 9013-3.1.PROOF.SERVICE**

Cassandra J Richey cmartin@pprlaw.net
Debra Riley driley@allenmatkins.com
James S Riley tgarza@sierrafunds.com
Todd C. Ringstad becky@ringstadlaw.com
R Grace Rodriguez ecf@lorgr.com
Martha E Romero Romero@mromerolawfirm.com
Ronald Rus rrus@rusmiliband.com
John P Schafer jschafer@mandersonllp.com
John E Schreiber jschreiber@dl.com
William D Schuster bills@allieschuster.org
Christopher P Simon csimon@crosslaw.com
Wendy W Smith wendy@bindermalter.com
Steven M Speier Sspeier@Squarmilner.com, ca85@ecfcbis.com
Steven M Speier (TR) Sspeier@asrmanagement.com, ca85@ecfcbis.com
Michael St James ecf@stjames-law.com
Michael K Sugar msugar@irell.com
Cathy Ta cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
David A Tilem davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
James E Till jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Carol G Unruh cgunruh@sbcglobal.net
Annie Verdries verdries@lbbslaw.com
Jason Wallach jwallach@gladstonemichel.com
Joshua D Wayser , kim.johnson@kattenlaw.com
Christopher T Williams ctwilliams@venable.com, jcontreras@venable.com
Marc J Winthrop mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
David M Wiseblood dwiseblood@seyfarth.com
Brett K Wiseman bwiseman@aalaws.com
Dean A Ziehl dziehl@pszjlaw.com, dziehl@pszjlaw.com
Marc A. Zimmerman joshuasdaddy@att.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**