Barry S Glaser, State Bar No. 70968
**STECKBAUER WEINHART JAFFE, LLPI**
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
(213) 229-2868 - Telephone
(213) 229-2870 - Facsimile

Attorneys for County of Los Angeles Tax Collector

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re

PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS,

Joint Administered Debtors and Debtors-in-Possession.

☐ Affects all Debtors

☐ Affects the following Debtor(s):
☒ Palmdale Hills Property, LLC
☐ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale, LLC
☐ SunCal Johannson Ranch, LLC
☐ SunCal Summit Valley, LLC
☒ SunCal Emerald Meadows, LLC
☒ SunCal Bickford Ranch, LLC
☒ Acton Estates, LLC
☐ Seven Brothers, LLC
☐ SJD Partners, Ltd.
☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SCC Communities LLC
☐ SunCal Communities III, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☐ LB/L-SunCal Oak Valley, LLC
☐ SunCal Heartland, LLC
☐ LB/L-SunCal Northlake, LLC
☐ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☐ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
☐ SunCal Torrance Properties, LLC
☐ SunCal Oak Knoll, LLC

Case No. 8:08-bk-17206-ES

Chapter 11 (Jointly Administered)

8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574-ES; 8:08-bk-17575-ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; And 8:08-bk-17588-ES

**OBJECTION OF THE COUNTY OF LOS ANGELES TAX COLLECTOR TO THIRD AMENDED CHAPTER 11 PLANS FILED BY PALMDALE HILLS PROPERTY, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]; DECLARATION OF BONITA SANDOZ IN SUPPORT THEREOF**

**Hearing:**
Disclosure Hearing: July 22, 2011
Time: 10:00 a.m.
Confirmation Hearing: October 24, 2011
Time: 9:30 a.m.
Place: Courtroom 5A
411 West Fourth Street
Santa Ana, CA 92701

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....... 2

A. Chapter 11 Cases ....... 2

B. Proofs of Claim Filed by the County of Los Angeles Treasurer and Tax Collector ....... 6

II. TREATMENT OF SECURED PROPERTY TAXES ....... 6

III. DISCUSSION ....... 7

A. "A Claim Or Interest, Proof Of Which Is Filed Under 11 U.S.C. § 501, Is Deemed Allowed, Unless A Party In Interest Objects…" ....... 7

B. The Interest Stated Under California Revenue And Tax Code Sections 4102 And 4103(B) Are The Proper Rate ....... 8

C. 11 U.S.C. § 511 Mandates That The Court Must Refer To State Law And May No Longer Use Its Equitable Powers to Alter The Interest Rate And Penalties Under Applicable State Law. ....... 9

1. The County Is Entitled To Assert A Delinquent Non-Payment Penalty Pursuant To California Revenue and Taxation Code § 2618 ....... 13

2. The Redemption Interest Rate Pursuant to California Revenue and Taxation Code § 4103(a) Is The Proper Rate. ....... 14

IV. CONCLUSION. ....... 17

# TABLE OF AUTHORITIES

Page

## CASES

Hessinger & Assocs. V. United States Trustee (In re Biggar), 110 F. 3d 685 (9th Cir. 1997) ........ 13

In re Bernbaum, 404 B.R. 39 (Bankr. E.D. Mass. 2009) ........ 10, 11, 14

In re Jones, 368 B.R. 602 (Bankr. S.D. Tex. 2007) ........ 11, 14

Rankin v. Desarno, 89 F.3d 1123 (3rd Cir. 1996) ........ 11, 12

Siegel v. Federal Home Loan Mort. Corp., 143 F.3d 525 (9th Cir. 1998) ........ 7

## STATUTES

11 U.S.C § 101(51) ........ 12

11 U.S.C. § 101(53) ........ 12

11 U.S.C. § 1124(2) ........ 16

11 U.S.C. § 1129(a)(9) ........ 17

11 U.S.C. § 1322(b)(2) ........ 12

11 U.S.C. § 1325(a)(5)(B) ........ 11, 12

11 U.S.C. § 1325(a)(5)(B)(ii) ........ 10, 11, 12

11 U.S.C. § 501 ........ 7

11 U.S.C. § 502(a) ........ 7

11 U.S.C. § 503(b)(1)(D) ........ 3

11 U.S.C. § 506 ........ passim

11 U.S.C. § 506 and 511 ........ 16

11 U.S.C. § 506(b) ........ passim

11 U.S.C. § 511 ........ passim

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

11 U.S.C. §§ 511(a) and (b) .......... 13

26 U.S.C. § 162(f) .......... 8, 15

26 U.S.C. § 163 .......... 8, 15

California Revenue and Taxation Code § 2618 .......... 13

California Revenue and Taxation Code § 4102 .......... 8, 14

California Revenue and Taxation Code § 4103(a) .......... 8, 13, 14, 15

California Revenue and Taxation Code § 4103(b) .......... 8, 9, 15, 17

H. Rpt. No. 109-31, § 256, 109th Cong. 1st Sess. (2005) p. 101 .......... 9, 10

Mass. Gen. Laws ch. 59 §57 .......... 11

Mass. Gen. Laws ch. 60 §62 .......... 11

Pub. Law 109-8, § 712(d)(1) .......... 8, 9

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

**TO: THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; DEBTORS, DEBTORS' COUNSEL, OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

The Los Angeles County Tax Collector (the "County") hereby submits its objection (the "Objection") to the *Third Amended Chapter 11 Plans Filed By Palmdale Hills Property, LLC, SunCal Bickford Ranch, LLC, SunCal Emerald Meadows, LLC and Acton Estates, LLC [Group I: Voluntary Debtors]* (the "Third Amended Plan"), as follows:

## I. INTRODUCTION

### A. Chapter 11 Cases

On November 6, 7 and 19, 2008, the Voluntary Debtors[1] filed their respective voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code"). The Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

On November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors.[2]

Debtor, Palmdale Hills and its twenty-five debtor related entities were jointly administered by Order of this Court on November 19, 2008 [Docket No. 12].

---

[1] The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

[2] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

On or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

On or about January 15, 2009, the Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Chapter 11 Trustee for the Trustee Debtors.

In addition to the Joint Voluntary Debtors Plan proposed by the Lehman Voluntary Debtors Lenders (the "Lehman VD Lenders") for the affected twelve Voluntary Debtors, the Lehman Creditors and the Trustee jointly and simultaneously proposed a plan for eight Trustee Debtors.

On or about September 30, 2010, Lehman Commercial Paper Inc and Lehman ALI, Inc. filed Joint Chapter 11 Plan for Twelve Voluntary Debtors Proposed by the Lehman VD Lenders [Doc 1423].

On or about September 30, 2010, the Chapter 11 Trustee for the Trustee Debtors and the Lehman Creditors filed Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors [Doc 1420].

On or about September 30, 2010, the Administratively Consolidated Debtors-in-Possession and SCC Acquisitions, Inc. filed Debtors' Fourth Amended Joint Disclosure Statement Describing Debtors' Fourth Amended Joint Chapter 11 Plan [Doc 1418].

On or about October 22, 2010, the County filed its Objection to the Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors [Doc 1522] and Objection to the Debtors' Fourth Amended Joint Disclosure Statement Describing Debtors' Fourth Amended Joint Chapter 11 Plan [Doc 1523] (collectively the "County's Previous Objections"). The County objected, among other reasons, for their failure to provide for the County's secured Proofs of Claim to be paid in full, with redemption interest accruing at 18% per annum (1.5% per month), and 10% delinquent penalty as allowed by law; and for their requirement for the County to file an administrative tax claim pursuant to 11 U.S.C. § 503(b)(1)(D).

On or about March 28, 2011, the Lehman VD Lenders filed Disclosure Statement with Respect to First Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors [Doc 1874].

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

On or about March 28, 2011, the Trustee and Lehman Creditors (collectively the "TD Plan Proponents") filed Disclosure Statement with Respect to First Amended Joint Chapter 11 Plan for Eight Trustee Debtors [Doc 1876].

On or about April 7, 2011, the Voluntary Debtors and SunCal Plan Proponents filed four (4) Disclosure Statements for Group I Debtors[3] [Doc 1892]; Group II Debtors[4] [Doc 1894]; Group III Debtors[5] [Doc 1896]; and Group IV Debtors[6] [Doc 1898].

Despite the County's Previous Objections, the Disclosure Statements with Respect to First Amended Joint Chapter 11 Plans filed by the Lehman VD Lenders and the TD Plan Proponents did not address any of the objections raised by the County. Therefore, on April 29, 2011, the County filed an Objection of the County of Los Angeles Tax Collector to Disclosure Statement with Respect to First Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors [Doc 2019].

On May 13, 2011, this Court issued a tentative ruling stating "[t]he objections of LA County are well-taken and are appropriately raised at this stage. The reply does not adequately respond to the merits of the opposition, particularly the application of Section 511."

On June 20, 2011, the TD Plan Proponents filed a Disclosure Statement with Respect to Second Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors [Doc 2250].

On June 20, 2011, the Lehman VD Lenders filed a Disclosure Statement with Respect to Second Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman

---

[3] Group I Debtors consist of Palmdale Hills Property, LLC, SunCal Bickford Ranch, LLC, SunCal Marblehead, LLC, and SunCal PSV, LLC.

[4] Group II Debtors consist of Acton Estates, LLC, Suncal Emerald, Meadows LLC, Delta Coves Venture, LLC, Suncal Heartland, LLC, LBL-Suncal Northlake, LLC, and LBL-Suncal Oak Valley, LLC.

[5] Group III Debtors consist of Suncal Beaumont Heights, LLC, Suncal Johannson Ranch, LLC, Suncal Summit Valley, Seven Brothers, LLC, Kirby Estates, LLC, and Suncal Century City, LLC.

[6] Group IV Debtors consist of SJD Partners, LTD., SCC Communities, LLC, North Orange Del Rio Land, LLC, Tesoro SF LLC, Suncal Torrance, LLC, and Suncal Oak Knoll.

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

VD Lenders [Doc 2247], and the SunCal Plan Proponents filed a First Amended Disclosure Statement Describing Amended Chapter 11 Plan Filed by Suncal Plan Proponents in the Chapter 11 Cases of Palmdale Hills Property, LLC, Suncal Bickford Ranch, LLC, Suncal Emerald Meadows, LLC and Acton Estates, LLC [Group 1: Voluntary Debtors] [Doc 2244].

On June 20, 2011, Group I Debtors filed a *First Amended Disclosure Statement Describing First Amended Chapter 11 Plans filed by Suncal Plan Proponents in the Chapter 11 Cases of Palmdale Hills Property, LLC, Suncal Bickford Ranch, LLC, Suncal Emerald Meadows, LLC and Acton Estates, LLC [Group I: Voluntary Debtors]* [Doc No. 2244].

On August 1, 2011, the Court entered an Order Approving First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders (the "Order Approving Eleven Voluntary Debtors' Plan").

Also, on August 1, 2011, the Court entered an Order Approving First Amended Disclosure Statement with Respect To Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by The Trustee and Lehman Creditors (the "Order Approving Eight Trustee Debtors' Plan").

On August 5, 2011, Group I Debtors filed Third Amended Chapter 11 Plans Filed By Palmdale Hills Property, LLC, SunCal Bickford Ranch, LLC, SunCal Emerald Meadows, LLC And Acton Estates, LLC [Doc 2484].

Also, on August 5, 2011, Group III Debtors filed Third Amended Chapter 11 Plans Filed By SCC Communities, LLC, North Orange Del Rio Land LLC And Tesoro SF LLC [Doc 2486].

Also, on August 5, 2011, Group II Trustee Debtors filed Third Amended Chapter 11 Plans Filed By SunCal Oak Knoll, LLC and SunCal Torrance, LLC [Doc 2489].

On August 23, 2011, the TD Plan Proponents filed First Amended Disclosure Statement with Respect to this *Third* Amended Joint Chapter 11 Plan and this Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors [Docs 2599 and 2598].

On August 23, 2011, the Lehman VD Lenders filed First Amended Disclosure Statement with Respect to a *Third* Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors and a Third

Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders [Docs 2596 and 2595].

**B. Proofs of Claim Filed by the County of Los Angeles Treasurer and Tax Collector**

On or about January 8, 2009, the Los Angeles County Treasurer and Tax Collector (the "County") filed its pre-petition real property tax claim against Palmdale Hills Property, LLC (08-17206) in the amount of $1,037,377.11.

On or about January 8, 2009, the County filed its pre-petition real property tax claim against Acton Estates, LLC (08-17236) in the amount of $200,454.41. On or about May 27, 2010, the County filed an Amended Proof of Claim in the amount of $171,724.55.

On or about October 29, 2009, the County filed its post-petition real property administrative tax claim against Palmdale Hills Property, LLC (08-17206) in the amount of $927,484.63. On or about November 5, 2010, the County filed an Amended Proof of Claim in the amount of $1,852,270.26.

On or about November 16, 2009, the County filed its post-petition real property administrative tax claim against Acton Estates, LLC (08-17236) in the amount of $198,730.31. On or about May 27, 2010, the County filed an Amended Proof of Claim in the amount of $156,788.11. On or about October 21, 2010, the County filed a Second Amended Proof of Claim in the amount of $317,593.73.

The County claims are secured by statutory liens that have priority over all other liens on the properties, regardless of the time of their creation. (Cal. Rev. & Tax. Code §§ 2187, 2192.1.)

## II. TREATMENT OF SECURED PROPERTY TAXES

Debtors have made several post-petition real property tax payments and numerous changes have been made to the tax roll resulting in reduced assessments for a large portion of the properties in this case. Additionally, new escaped assessment bills were issued since filing of the County's last amended claims. Finally, payments have continued to post into the week of April 25, 2011 for some of the current 2010 bills. See Declaration of Bonita Sandoz.

As of September 2011, Debtors owe a significant amount of pre-petition and post-petition

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

taxes, which have accrued interest and penalty, as follows:

(A) Palmdale Hills Properties, LLC's (08-17206) pre-petition and post-petition claims of $1,037,377.11 (tax year 2008) and $1,852,270.26 (tax years 2009 and 2010), respectively, have been adjusted to $3,008,044.29. Since then, as of September 2011, the claim amounts have increased to $3,162,663.08.

(B) Acton Estates, LLC's (08-17236) pre-petition and post-petition claims of $171,724.55 (tax year 2008) and $317,593.73 (tax years 2009 and 2010), respectively, have been adjusted to $463,324.95. Since then, as of September 2011, the claim amounts have increased to $486,851.72.

See Declaration of Bonita Sandoz.

More importantly, the *Third* Amended Plan does not provide the appropriate treatment of the County's claims as required under the Bankruptcy Code and/or California Revenue and Taxation Code.

## III. DISCUSSION

### A. "A Claim Or Interest, Proof Of Which Is Filed Under 11 U.S.C. § 501, Is Deemed Allowed, Unless A Party In Interest Objects…"

(See, 11 U.S.C. § 502(a)).

Pursuant to 11 U.S.C. section 502(a), if a proof of interest or proof of claim is filed and the Debtor, or a party in interest, fails to object, then the claim is deemed allowed by the Court. In the case of *Siegel v. Federal Home Loan Mort. Corp.*, 143 F.3d 525 (9th Cir. 1998), the Appellate Court explained the meaning of "deemed allowed," in that " … it is deemed that the court has acted on the claim and ordered allowance."

Since the Group I Voluntary Debtors have not filed any objections to the County's secured Proofs of Claim, the Suncal Plan Proponents' Third Amended Plan should reflect that the County's secured claims are allowed, in full, pursuant to the County's filed Proofs of Claim, plus post-confirmation interest and penalties, allowed by state law.

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

**B. The Interest Rates Stated Pursuant To California Revenue And Tax Code Sections 4102 And 4103(a)(b) Are The Proper Rate**

In 2005, Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Title VII of the Act contained twenty separate sections that closed loopholes that debtors had exploited in using bankruptcy to reduce the amounts that they would have to pay to taxing agencies. One of the problems in bankruptcy had been determining the appropriate interest rate on tax claims. In response to these concerns, the BAPCPA added section 511 to the Bankruptcy Code which provides that "the rate of interest shall be determined under non-bankruptcy law." In other words, bankruptcy should not affect the amount that the taxpayer is obligated to pay to the taxing agencies under the appropriate state law.

California Revenue and Taxation Code ("RTC") section 4102 requires payment of delinquent penalties and redemption penalties in order to redeem tax-defaulted property. Thus, beginning July 1 of the year of the declaration of tax default, the Tax Collector assesses an 18% per year (1.5% per month) penalty on the delinquent property tax claim[7] (RTC § 4103(a)). In a bankruptcy proceeding, RTC § 4103(b) characterizes redemption penalties as the "assessment of interest."

As part of the BAPCPA amendment, Congress amended 11 U.S.C. § 506(b) to read, as follows (Pub. Law 109-8, § 712(d)(1), emphasis added to show additional language added by amendment):

> (b) To the extent that an allowed secured claim is secured by property the value of which, after recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs or charges provided under the agreement

---

[7] In all but name, the payments are interest. It may seem odd to characterize a monthly accrual as a penalty and not as interest. However, there are consequences for doing so that were considered by the California Legislature. For example, interest can be deductible from gross income for income tax purposes (26 U.S.C. § 163) but, penalties are not (26 U.S.C. § 162(f)). Thus, characterizing the charge as a penalty prevents "tax subsidization" of delinquent taxes. Therefore, when Bankruptcy Courts refused to recognize the penalties as being interest, the Legislature added RTC section 4103(b).

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

or *State statute* under which such claim arose.

The legislative history of the amendment makes it clear that the interest, fees, costs or charges are to be determined by state law. Specifically, H. Rpt. 109-31 in discussing the amendment, states: "Section 712(d)(1) amends section 506(b) to provide that to the extent that an allowed claim is oversecured, the holder is entitled to interest and any reasonable fees, costs or charges provided for under state law." Here, state law (RTC § 4103(b)), states that for bankruptcy purposes, the redemption penalties are to be considered interest.

Since under current state law, there is no uniform rate of interest applicable to tax claims, section 511 of the Bankruptcy Code was added to simplify the calculation rate. Under section 511, the House Report stated:

> Sec. 704. Rate of Interest on Tax Claims. Under current law, there is no uniform rate of interest applicable to tax claims. As a result, varying standards have been used to determine the applicable rate. Section 704 of the Act amends the Bankruptcy Code to add section 511 for the purpose of simplifying the interest rate calculation. (H. Rpt. No. 109-31, § 256, 109th Cong. 1st Sess. (2005) p. 101.)

**C. 11 U.S.C. § 511 Mandates That The Court Must Refer To State Law And May No Longer Use Its Equitable Powers to Alter The Interest Rate And Penalties Under Applicable State Law.**

Under BAPCPA, one of the most significant changes to the Code included the rate of "interest" on tax claims. Under "new" Section 511:

> (a) If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, ***the rate of interest shall be rate determined under applicable nonbankruptcy law.***
>
> (b) In the case of taxes paid under a confirmed plan under this title, the rate of interest shall be determined as of the calendar month in which the plan is confirmed.

11 U.S.C. § 511 (emphasis added).

Since there is no uniform rate of interest applicable to tax claims, § 511 of the Code was added to simplify the calculation rate. Under § 511, the House Report stated:

Sec. 704. Rate of Interest on Tax Claims. Under current law, there is no uniform rate of interest applicable to tax claims. As a result, varying standards have been used to determine the applicable rate. Section 704 of the Act amends the Bankruptcy Code to add section 511 for the purpose of simplifying the interest rate calculation. (H. Rpt. No. 109-31, § 256, 109th Cong. 1st Sess. (2005) p. 101.)

Thus, § 511 mandates that "nonbankruptcy law" applies to all taxes where "interest" is required, and the filing of the Debtors' bankruptcy cannot affect the amount that the taxpayer is obligated to pay to the taxing authorities, in accordance with applicable law. Section 511 was enacted to simplify the administration of bankruptcy cases in which state, local and/or federal taxes may be payable. Congress found that existing law was deficient in that although bankruptcy judges had certain equitable powers to alter the statutory interest rates provided for under applicable state or local law, the exercise of that power resulted in inconsistencies among the numerous courts hearing and deciding those issues and, thus, it would be a benefit to establish a uniform rule for fixing interest allowed on taxes owed by debtors.

A reported decision in the Eastern District of Massachusetts entitled In re Bernbaum, 404 B.R. 39, 42 (Bankr. E.D. Mass. 2009) is particularly instructive on how this Court should rule regarding the County's Objection. In Bernbaum, the court held that the bankruptcy court ***must*** refer to state law and may no longer use its equitable powers to alter the interest rate on a tax claim from the rate set forth under applicable "state law". 404 B.R. at 42-43.

The holding in Bernbaum is exactly what was intended by the addition of § 511 to the Code because bankruptcy "courts employed various equitable considerations to determine appropriate interest rates under both §§ 506(b) and 1325(a)(5)(B)(ii) on a case by case basis". 404 B.R. at 42.

In Bernbaum, the Town of Saugus filed a claim for pre-petition real estate taxes which included statutory interest over the term of the debtor's chapter 13 plan in the amount of 16% on overdue real estate taxes secured by a recorded tax lien and 14% for overdue taxes. Id. at 40. The debtor in that case, filed an objection asserting that the statutory interest rate was excessive and not permitted under bankruptcy law and that the claim should be recalculated using the federal

STECKBAUER WEINHART JAFFE, LLP
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel (213) 229-2868 • Fax (213) 229-2870

judgment rate. The court, in overruling the debtor's claim objection, articulated as follows:

> Generally, a creditor is entitled to pre-petition interest on its claim at the rate provided for under the applicable agreement or non-bankruptcy law. Here, *Mass. Gen. Laws ch. 60 §62* provides that the interest rate for overdue real estate taxes secured by a recorded tax lien is 16%, while *Mass. Gen. Laws ch. 59 §57* mandates an interest rate of 14% to be applied to overdue taxes. Accordingly, the Town is entitled to calculate its pre-petition arrears using the statutory rates. (footnote omitted).
>
> An oversecured claim, one secured by property that exceeds the value of the claim, is entitled to receive post-petition interest until the last payment under a Chapter 13 plan. Traditionally, courts acknowledge two separate post-petition periods giving rise to interest. The first runs from the petition date to either confirmation or the effective date of the plan pursuant to *11 U.S.C. §506(b).* Under *11 U.S.C. §506(b),* the oversecured claim, including post-petition interest accrued under this section, becomes the claim that is due and owing at confirmation. The second post-petition interest period, commencing on either confirmation or the effective date of the plan and ending with the last payment of the claim, arises under *11 U.S.C. § 1325(a)(5)(B)(ii)*. . . .

Id. at 42.

Thus, the Bernbaum court determined that ***"[t]he plain meaning of § 511 is unambiguous: the bankruptcy court must refer to state law and may no longer use its equitable powers to alter the interest rate on a tax claim from the rate set forth under the applicable state law***." Id. at 42-43 (*quoting*, In re Jones, 368 B.R. 602, 605 (Bankr. S.D. Tex. 2007)) (emphasis added). To the extent that cases hold otherwise, the court found that "they have been abrogated by the enactment of *11 U.S.C. § 511*". Under these circumstances, the Bernbaum decision confirmed that the Town of Saugus was in fact entitled to calculate the post-petition interest on its claim according to Massachusetts state law, which afforded interest rates at 14% and 16%. Id. at 43. The holding in Bernbaum supports the County's position and this Court should abide by that decision.

Moreover, the Third Circuit case of Rankin v. Desarno, 89 F.3d 1123 (3rd Cir. 1996) was the principal case that guided the addition of § 511 to the Bankruptcy Code. In Rankin, the

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

primary dispute in the appeal involved the pre-petition and post-petition rates of interest to which plaintiffs, the Penn Hills School District and Allegheny County, Pennsylvania, were entitled to in connection with their oversecured pre-petition tax claims against the defendant chapter 13 debtors. 89 F.3d at 1125. The plaintiffs argued at the confirmation hearing that they were entitled to pre-petition and post-petition interest at 10% and 12% for delinquent taxes pursuant to Pennsylvania statutes. The debtors, on the other hand, claimed that plaintiffs' post-petition claims were "modifiable" under Section 1322(b)(2) of the Code and that post-petition interest should be set to accrue at a "reasonable" rate, as opposed to the statutory rates (a similar argument that Debtors have proffered to this Court). Id.

First, with regard to pre-petition interest, the Third Circuit expressly held that the Penn Hills District and the Allegheny County were entitled to 10% and 12% interest per annum, respectively, pursuant to Pennsylvania statute. Id. at 1126. Turning to the issue of the appropriate post-petition rate of interest, the Court analyzed the debtors' contention that plaintiff's post-petition claims were modifiable under Section 1322(b)(2), which permits chapter 13 plans to "modify the rights of holders of secured claims, other than a claim secured only by a *security interest* in real property that is the debtor's principal residence". Id. at 1127 (emphasis added).

The Third Circuit recognized that the Code expressly defines "security interest" as "a lien created by an agreement". 11 U.S.C § 101(51). In contrast, the Code further provides that the terms "statutory lien" means a "lien arising solely by force of a statute on specified circumstances or conditions . . . but does not include security interest or judicial lien". 11 U.S.C. § 101(53). The Third Circuit then concluded that "[b]ecause plaintiffs' tax liens arose under state statute, and not from a consensual or voluntary agreement with the taxpayer defendants, . . . those liens are not "security interests" for purposes of § 1322(b)(2) Id. at 1127. Therefore, while the court ultimately concluded that plaintiffs' claims were "modifiable" under Section 1322(b)(2), this did not end the court's inquiry. The Rankin court was still required to determine whether the post-petition interest rate of 7% confirmed by the lower courts passed muster under § 1325(a)(5)(B)(ii). Id.

The Third Circuit first acknowledged that "the statutory rate at issue in this case – 12 percent – is not unreasonable" and while the municipality currently holds liens that are

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

oversecured, property values can decline. Id. at 1130. "Moreover, that the Pennsylvania legislature has not seen fit to change the statutory rate on delinquent tax loans for some years," in the court's view, did not render the 12% rate "penal" or "unreasonable". Id. at 1131. Based on the foregoing, the Third Circuit affirmed the district court's award of pre-petition interest to Penn Hills and Allegheny County at the statutory rates of 10% and 12% per annum, respectively, and reversed the decisions of the bankruptcy court and district court on the issue of post-petition interest rates and held that plaintiffs were also entitled to post-petition interest at their respective statutory rates. Id.

In light of the plain language of § 511, this Court must disregard the TD Plan Proponents' invitation to speculate as to the intent of Congress in this context and any potential public policy concerns cannot trump the plain language of the Code. See Hessinger & Assocs. V. United States Trustee (In re Biggar), 110 F. 3d 685 (9th Cir. 1997) ("[p]ublic policy concerns cannot trump the plain language of the bankruptcy code"). With the addition of § 511(a) and (b) to the Code, Congress incorporated state statutes, including RTC §§ 2618 and 4103(a), as the rates of interest to be paid on delinquent secured real property tax claims. Accordingly, the Code has specifically provided California's interest rate to be applied on tax claims.

**1. The County Is Entitled To Assert A Delinquent Non-Payment Penalty Pursuant To California Revenue and Taxation Code § 2618**

California Revenue and Taxation Code ("RTC") § 2618 provides that the County is entitled to a 10% delinquent penalty in the event the Debtors fail to submit their second installment of real property taxes by the close of business on April 10, as follows:

> The second half of taxes on real property, if unpaid, is delinquent at 5 p.m., or the close of business, whichever is later, on April 10, and thereafter a delinquent penalty of 10 percent attaches to it.

RTC § 2618

Section 506(b) provides for "interest on such claim, ***and*** any reasonable fees, costs or charges provided under the agreement or State statute under which such claim arose". 11 U.S.C. § 506(b) (emphasis added). The 10% interest under RTC § 2618 is exactly that – "interest" under §

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

506(b). The plain reading of § 506(b) provides for both "interest and any reasonable fees, costs or charges provided under . . . State statute". The TD Plan Proponents cannot purport to receive special treatment and avoid having to pay interest and penalties on its taxes under §§ 506(b) and 511 just because Debtors have filed for bankruptcy. Clearly, Congress intended that delinquent debtors should not gain an unfair advantage with regard to claims of governmental entities, such as the County, by filing bankruptcy.

Additionally, as concluded by the Third Circuit in Rankin, the statutory rates in issue (namely, 12%) could not be found to be "penal" or "unreasonable", particularly since the Pennsylvania legislature did not find the need to alter the statutory rate on "delinquent" taxes for some years. Id. at 1130-31. The Rankin decision was the seminal case referred to by the legislature when enacting § 511 because they found it problematic that bankruptcy judges had the capability to alter the statutory interest rates and penalties provided under applicable law coupled with the fact that there was much confusion and inconsistencies in determining what constituted "reasonable fees, costs, or charges" as provided for under "[s]tate statute" under § 506(b).

In holding that "[t]he plain meaning of § 511 is unambiguous" and that "the bankruptcy court must refer to state law and may no longer use its equitable powers to alter the interest rate on a tax claim from the rate set forth under the applicable state law, the court additionally found that any cases holding otherwise were abrogated by the enactment of § 511. Bernbaum, 404 B.R. 39 at 42-43(*quoting*, In re Jones, 368 B.R. 602, 605 (Bankr. S.D. Tex. 2007).

**2. The Redemption Interest Rate Pursuant to California Revenue and Taxation Code §§ 4102, 4103(a) and (b) Is The Proper Rate.**

RTC § 4102 requires payment of delinquent redemption penalties in order to redeem tax-defaulted property. Thus, beginning July 1 of the year of the declaration of tax default, the Tax Collector assesses an 18% per year (1.5% per month) penalty on the delinquent property tax claim.[8] RTC § 4103(a) provides as follows:

---

[8] In all but name, the payments are interest. It may seem odd to characterize a monthly accrual as a penalty and not as interest. However, there are consequences for doing so that were considered by the (footnote continued)

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

> (a) Redemption penalties are the sum of the following:
>
> (1) Beginning July 1st of the year of the declaration of tax default, on the declared amount of defaulted taxes at the rate of 1 1/2 percent a month to the time of redemption. If the last day of any month falls on a Saturday, Sunday, or legal holiday, the additional penalty of 1 1/2 percent shall attach after the close of business on the next business day.
>
> (2) Beginning July 1st of each subsequent year, on the unpaid taxes for which the property would have been declared in default if there had not been a previous declaration, 1 1/2 percent a month to the time of redemption. If the last day of any month falls on Saturday, Sunday, or a legal holiday, the additional penalty of 1 ½ percent shall attach after 5 p.m. on the next business day. If the board of supervisors, by adoption of an ordinance or resolution, closes the county's offices for business prior to the time of delinquency on the "next business day" or for that whole day, that day shall be considered a legal holiday for purposes of this section.

See RTC § 4103(a).

Further, in a bankruptcy proceeding, RTC § 4103(b) characterizes redemption penalties as the "assessment of interest" and provides in material part, as follows:

> (b) For purposes of an administrative hearing or any claim in a bankruptcy proceeding pertaining to the property being redeemed, the assessment of penalties determined pursuant to subdivision (a) with respect to the redemption of that property constitutes the ***assessment of interest***.

See RTC § 4103(b) (emphasis added).

Here, the Suncal Plan Proponents propose one (1) of two (2) alternative treatments as to the County's secured taxes (Section 5.1) in addition to the Count's retention of their "existing lien," as follows:

**5.1 The Plan's Treatment of Holders of Allowed Secured Real Property Tax Claims Against the Group I: Voluntary Projects (Classes 1.1 through 1.4).**

---

California Legislature. For example, interest can be deductible from gross income for income tax purposes (26 U.S.C. § 163) but, penalties are not (26 U.S.C. § 162(f)). Thus, characterizing the charge as a penalty prevents "tax subsidization" of delinquent taxes. Therefore, when Bankruptcy Courts refused to recognize the penalties as being interest, the Legislature added RTC § 4103(b).

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

> The rights of the Holder(s)' of Allowed Secured Claims in Classes 1.1 through 1.4 are impaired under the Plan and shall receive one of the following two treatments at the Plan Trustee's discretion based solely on the option of the Group I: Voluntary Debtor:
>
> A. Such Holders shall retain their existing lien rights and shall accrue interest as provided under applicable nonbankruptcy law pursuant to 11 U.S.C. § 506 and 511 and such Allowed Claims shall be satisfied in accordance with the provision of 11 U.S.C. § 1124(2) from the sale of the Group I: Voluntary Projects during the Sales Period; or
>
> B. Such Holders shall retain their existing lien rights and shall accrue interest as provided under applicable nonbankruptcy law pursuant to 11 U.S.C. § 506 and 511 and California Revenue and Taxation Code Sections 4102 and 4103, and payment on such Allowed Claims shall be satisfied over sixty-one (61) months from the applicable Group I: Voluntary Debtor's Petition Date.

However, to the extent the County's secured claims are satisfied in accordance with Section 1124(2) of the Bankruptcy Code, the Suncal Plan Proponents cannot confirm a plan which proposes, if at all, to either alter or not pay the interest rate and penalties in which the County is entitled to, pursuant to relevant Code sections and applicable state law. In other words, the Suncal Plan Proponents' alternative treatment of the County's secured tax claims are vague, ambiguous and unclear as to the specific treatment referred for the County.

In addition, the SunCal Plan , as modified, cannot be confirmed, as it fails to properly account for the County's secured tax claims under Section 1129 (a) of the Bankruptcy Code, which provides that the Court may confirm a plan only if all of the requirements set forth in section 1129 (a) are met. Section 1129 (a)(9) expressly provides, that:

> Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan [must] provide[] that . . .
>
> (C) with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim regular installment payments in cash –
>
> (i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;
>
> (ii) over a period ending not later than 5 years after the date of the order for relief under section 301, 302 or 303; and
>
> (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b)); and

> (D) with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (C).

See 11 U.S.C. § 1129(a)(9).

There is no dispute that the County's secured tax claims are entitled to treatment as set forth in 1129(a)(9)(D). However, the SunCal Plan proponents completely ignore section 1129 (a)(D) altogether.

Furthermore, as recently as of July 7, 2011, a bankruptcy court judge in the Northern District of California issued an order as to the reasons (1) how 11 U.S.C. § 506(b), a secured creditor's claim include postpetition interest and charges so long as the value of the collateral exceeds the value of the debt; (2) how 11 U.S.C. § 511 provides for 18% per annum Redemption Penalty, which is "Interest" within the meaning of the Bankruptcy Code; (3) California Revenue and Taxation Code § 4103(b) is "applicable nonbankruptcy law"; and (4) why the Real Property Tax Claim has not been "cured". See in re McConville (Case No.11-50149 SLJ). A true and correct copy of the Order is attached hereto as Exhibit "B".

## IV. CONCLUSION.

Based upon the foregoing, the County respectfully requests that this Court (i) sustain its Objection to the Suncal Plan Proponents' proposed Third Amended Plan; (ii) enter an Order requiring the Suncal Plan Proponents to amend their Third Amended Plan to provide for the County's secured Proofs of Claim, which shall be allowed, in full, with redemption interest accruing at 18% per annum (1.5% per month), and 10% delinquent penalty as allowed by law; and (iii) provide such further relief as the Court deems just and proper.

Dated: September 19, 2011

**STECKBAUER WEINHART JAFFE, LLP**

By: */s/ Barry S. Glaser*
Barry S. Glaser
Attorneys for County of Los Angeles Tax Collector

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071 · TEL (213) 229-2868 · FAX (213) 229-2870

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

**DECLARATION OF BONITA SANDOZ**

I, Bonita Sandoz, declare as follows:

1. I am the Supervising Tax Service Clerk II for the Los Angeles County Tax Collector (the "County"). As part of my job duties, I am responsible for calculating and analyzing the amount of secured and unsecured taxes, including penalties, interest and other charges which are owed to the County of Los Angeles by taxpayers who have filed bankruptcy. I submit this declaration in support of the *Objection of the County of Los Angeles Tax Collector to Third Amended Chapter 11 Plans Filed By Palmdale Hills Property, LLC, SunCal Bickford Ranch, LLC, SunCal Emerald Meadows, LLC and Acton Estates, LLC [Group I: Voluntary Debtors]*. I have personal knowledge of the matters for which are stated herein and, if called upon as a witness, I could and would competently testify thereto.

2. Numerous changes have been made to the tax roll resulting in reduced assessments for a large portion of the properties in this case. Additionally, new escaped assessment bills were issued since filing of the County's last amended claims. Finally, payments have continued to post into the week of April 25, 2011 for some of the current 2010 bills.

3. As of September 2011, Debtors owe a significant amount of pre-petition and post-petition taxes, which have accrued interest and penalty, as follows:

(A) Tesoro SF, LLC's (08-17575) pre-petition and post-petition claims of $33,205.71 (tax year 2008) and $147,954.94 (tax years 2009 and 2010), respectively, have been adjusted to $103,085.52. Since then, as of September 2011, the claim amounts have increased to $108,407.77.

(B) Palmdale Hills Properties, LLC's (08-17206) pre-petition and post-petition claims of $1,037,377.11 (tax year 2008) and $1,852,270.26 (tax years 2009 and 2010), respectively, have been adjusted to $3,008,044.29. Since then, as of September 2011, the claim amounts have increased to $3,162,663.08.

(C) SunCal Torrance Properties, LLC's (08-17472) pre-petition and post-petition claims of $635,348.93 (tax year 2008) and $569,929.51 (tax years 2009 and 2010), respectively, have been adjusted to $773,211.47. Since then, as of September 2011, the claim amounts have increased to $813,759.25.

(D) LB/L SunCal Northlake, LLC's (08-17408) pre-petition and post-petition claims of $2,767,793.62 (tax year 2008) and $2,284,472.34 (tax years 2009 and 2010), respectively, have been adjusted to $3,368,181.76. Since then, as of September 2011, the claim amounts have increased to $3,545,068.34.

(E) Acton Estates, LLC's (08-17236) pre-petition and post-petition claims of $171,724.55 (tax year 2008) and $317,593.73 (tax years 2009 and 2010), respectively, have been adjusted to $463,324.95. Since then, as of September 2011, the claim amounts have increased to $486,851.72.

8. Thus, the total amount for all outstanding taxes in this case was $9,277,363.97 as of April 2011. Since then, as of September 2011, the claim amounts have decreased to $8,116,750.16.

9. Attached hereto as Exhibit "A" is a break down of the amounts due to the County as of April 2011 and through December 2011.

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 19th day of September, 2011, at Los Angeles, California.

Bonita Sandoz
BONITA SANDOZ

SWJ STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

| In re: Palmdale Hills Property, LLC, and its Related Debtors Debtor(s). | CHAPTER: 11 CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 South Hope Street, Thirty-Sixth Floor, Los Angeles, California 90071-1406.

A true and correct copy of the foregoing document described as **OBJECTION OF THE COUNTY OF LOS ANGELES TAX COLLECTOR TO THIRD AMENDED CHAPTER 11 PLANS FILED BY PALMDALE HILLS PROPERTY, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]; DECLARATION OF BONITA SANDOZ IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d), and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 19, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

- Selia M Acevedo sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams jadams@sycr.com
- Raymond H Aver ray@averlaw.com
- James C Bastian jbastian@shbllp.com
- Thomas Scott Belden sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd fednotice@tclaw.net
- Mark Bradshaw mbradshaw@shbllp.com
- Gustavo E Bravo gbravo@smaha.com
- Jeffrey W Broker jbroker@brokerlaw.biz
- Brendt C Butler bbutler@mandersonllp.com
- Andrew W Caine acaine@pszyjw.com
- Carollynn Callari ccallari@venable.com
- Cathrine M Castaldi ccastaldi@rusmiliband.com
- Tara Castro Narayanan tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers dchambers@jmbm.com
- Shirley Cho scho@pszjlaw.com
- Vonn Christenson vrc@paynefears.com
- Brendan P Collins bpcollins@bhfs.com
- Vincent M Coscino vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot pcouchot@winthropcouchot.com, pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com
- Geoffrey Crisp geoffrey@smgarberlaw.com, michelle@smgarberlaw.com
- Jonathan S Dabbieri dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte ana.damonte@pillsburylaw.com

| In re: Palmdale Hill Property, LLC and its Related Debtors Debtor(s). | CHAPTER: 11 CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |
| --- | --- |

- Vanessa S Davila vsd@amclaw.com
- Melissa Davis mdavis@shbllp.com
- Daniel Denny ddenny@gibsondunn.com
- Caroline Djang crd@jmbm.com
- Caroline Djang cdjang@rutan.com
- Donald T Dunning ddunning@dunningLaw.com
- Meredith R Edelman meredith.edelman@dlapiper.com
- Joseph A Eisenberg jae@jmbm.com
- Lei Lei Wang Ekvall lekvall@wgllp.com
- Richard W Esterkin resterkin@morganlewis.com
- Don Fisher dfisher@ptwww.com
- Marc C Forsythe kmurphy@goeforlaw.com
- Alan J Friedman afriedman@irell.com
- Steven M Garber steve@smgarberlaw.com
- Christian J Gascou cgascou@gascouhopkins.com
- Barry S Glaser bglaser@swjlaw.com
- Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg egoldberg@stutman.com
- Richard H Golubow rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith bkemail@harrisbeach.com
- Matthew Grimshaw mgrimshaw@rutan.com
- Kavita Gupta kgupta@winthropcouchot.com
- Asa S Hami ahami@morganlewis.com
- Michael J Hauser michael.hauser@usdoj.gov
- D Edward Hays ehays@marshackhays.com
- Michael C Heinrichs mheinrichs@omm.com
- Harry D. Hochman hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff jonathan.hoff@cwt.com
- Nancy Hotchkiss nhotchkiss@trainorfairbrook.com
- Michelle Hribar mhribar@rutan.com
- John J Immordino john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson laj@cohenandjacobson.com
- Michael J Joyce mjoyce@crosslaw.com
- Stephen M Judson sjudson@fablaw.com
- Kaleb L Judy ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn skahn@pszyjw.com
- Sheri Kanesaka sheri.kanesaka@bryancave.com, theresa.macaulay@bryancave.com
- David I Katzen katzen@ksfirm.com
- Christopher W Keegan ckeegan@kirkland.com, shalimar.caltagirone@kirkland.com;alevin@kirkland.com
- Irene L Kiet ikiet@hkclaw.com
- Claude F Kolm claude.kolm@acgov.org
- Mark J Krone mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally davidlallylaw@gmail.com

| In re: Palmdale Hill Property, LLC and its Related Debtors Debtor(s). | CHAPTER: 11 CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |
|---|---|

- Leib M Lerner leib.lerner@alston.com
- Peter W Lianides plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu cliu@marshackhays.com
- Charles Liu cliu@winthropcouchot.com
- John W Lucas jlucas@pszjlaw.com
- Kerri A Lyman klyman@irell.com
- Mariam S Marshall mmarshall@marshallramoslaw.com
- Robert C Martinez rmartinez@mclex.com
- Michael D May mdmayesq@verizon.net
- Hutchison B Meltzer hmeltzer@wgllp.com
- Krikor J Meshefejian kjm@lnbrb.com
- Joel S. Miliband jmiliband@rusmiliband.com
- James M Miller jmiller@millerbarondess.com, vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com
- Louis R Miller smiller@millerbarondess.com
- Craig Millet cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
- Randall P Mroczynski randym@cookseylaw.com
- Mike D Neue mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida Rnida@castlelawoffice.com
- Henry H Oh henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe sokeefe@okeefelc.com
- Scott H Olson solson@seyfarth.com
- Robert B Orgel rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Ernie Zachary Park ernie.park@bewleylaw.com
- Daryl G Parker dparker@pszjlaw.com
- Penelope Parmes pparmes@rutan.com
- Robert J Pfister rpfister@ktbslaw.com
- Ronald B Pierce ronald.pierce@sdma.com
- Katherine C Piper kpiper@steptoe.com, smcloughlin@steptoe.com
- Cassandra J Richey cmartin@pprlaw.net
- Debra Riley driley@allenmatkins.com
- James S Riley tgarza@sierrafunds.com
- Todd C. Ringstad becky@ringstadlaw.com
- R Grace Rodriguez ecf@lorgr.com
- Martha E Romero Romero@mromerolawfirm.com
- Ronald Rus rrus@rusmiliband.com
- John P Schafer jschafer@mandersonllp.com
- John E Schreiber jschreiber@dl.com
- William D Schuster bills@allieschuster.org
- Christopher P Simon csimon@crosslaw.com
- Gerald N Sims jerrys@psdslaw.com, bonniec@psdslaw.com
- Wendy W Smith wendy@bindermalter.com
- Steven M Speier Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR) Sspeier@asrmanagement.com, ca85@ecfcbis.com

| In re: Palmdale Hill Property, LLC and its Related Debtors Debtor(s). | CHAPTER: 11 CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |
|---|---|

- Michael St James ecf@stjames-law.com
- Michael K Sugar msugar@irell.com
- Cathy Ta cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh cgunruh@sbcglobal.net
- Annie Verdries verdries@lbbslaw.com
- Jason Wallach jwallach@gladstonemichel.com
- Joshua D Wayser , kim.johnson@kattenlaw.com
- Marc J Winthrop mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood dwiseblood@seyfarth.com
- Brett K Wiseman bwiseman@aalaws.com
- Dean A Ziehl dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman joshuasdaddy@att.net

☐ Service Information continued on attached page.

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On September 19, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Richard B Andrade
Andrade & Associates
27101 Puerta Real Ste 120
Mission Viejo, CA 92691-8518

Tab L K Artis
301 N Lake Ave 7th Fl
Pasadena, CA 91101

Shaaron A Bangs
Crawford & Bangs
1290 E Center Ct Dr
Covina, CA 91724

Patricia D Barrett
Law Office of Patricia D Barrett
846 W Foothill Blvd Ste M
Upland, CA 91786

William Bissell
110 Newport Center Dr Ste 200
Newport Beach, CA 9266

Christopher J Brantingham
Brice E Bryan & Assoc
23945 Calabasas Rd
Calabasas, CA 91302

Christopher Cullen
Lanak & Hanna
625 The City Drive, Ste. 190
Orange, CA 92868-4983

| In re: Palmdale Hill Property, LLC and its Related Debtors Debtor(s). | CHAPTER: 11 CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |
|---|---|

John W Busby
251 Lafayette Circle Ste 350
Lafayette, CA 94549

Wayne W Call
Call & Jensen
610 Newport Ctr Dr Ste 700
Newport Beach, CA 92660

Brent S Clemmer
Slovak Baron & Empey LLP
1800 E Tahquitz Cyn Wy
Palm Springs, CA 92262

Adrianna M Corrado
Lanak & Hanna
400 N Tustin Ave Ste 120
Santa Ana, CA 92705-3815

Delta Coves Venture LLC
2392 Morse
Irvine, CA 92614

Donald B Devirian
Devirian & Shinmoto
11400 W Olympic Blvd Ste 200
Los Angeles, CA 90064

Francis T Donohue
Voss, Cook & Thel LLP
895 Dove Street Suite 450
Newport Beach, CA 92660

Norman A. Filer
500 N. State College Bl., #1270
Orange, CA 92868

Sheldon L Greene
Greene & Allison LLP
100 Montgomery St Ste 1600
San Francisco, CA 94104

Stanley Haren
Gill & Baldwin
130 N Baldwin Blvd #405
Glendale, CA 91203

William R Hart
Hart King & Coldren
200 Sandpointe Fourth Fl
Santa Ana, CA 92707

Ironhouse Sanitary District
Henn Etzel and Moore
1970 Broadway Ste 950
Oakland, CA 94612

Andrew C Kienle
200 Sandpointe, 4th Fl
Santa Ana, CA 92707

Vivian Le
Gary R King & Associates
30950 Rancho Viejo Rd Ste 155
San Juan Capistrano, CA 92675

Wayne Lee
468 Jade Tree Drive
Monterey Park, CA 91754

Mark E McKane
Kirkland & Ellis LLP
555 California St
San Francisco, CA 94104

William R Baerg
Monteleone & McCrory LLP
725 S Figueroa St #3200
Los Angeles, CA 90017

Gerald W Mouzis
The Mouzis Law Firm APC
13681 Newport Ave Ste 8-605
Tustin, CA 92680

| In re: Palmdale Hill Property, LLC and its Related Debtors Debtor(s). | CHAPTER: 11 CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |
|---|---|

Howard S Nevins
2150 River Plaza Dr Ste 450
Sacramento, CA 95833

Richard Pachulski
10100 Santa Monica Bl Ste 1100
Los Angeles, CA 90067-4003

Martin Pritikin
Miller Barondess, LLP
1999 Avenue of the Stars, Ste 1000
Los Angeles, CA 90067

Regal Development LLC
c/o Benjamin M Weiss
12770 High Bluff Dr
Ste 160
San Diego, CA 92130

SQUAR, MILNER, MIRANDA & WILLIAMSON, LLP
4100 Newport Place, Third Floor
Newport Beach, CA 92660

Gene H Shioda
Law Office of Gene H Shioda
5757 West Century Blvd Ste 700
Los Angeles, CA 90045

Kimberly A Soyer
251 Lafayette Cir, Ste 350
Lafayette, CA 94549

SunCal Century City LLC
2392 Morse
Irvine, CA 92614

SunCal Marblehead LLC
2392 Morse
Irvine, CA 92614

SunCal Torrance Properties LLC
2392 Morse
Irvine, CA 92614

Raymond D Scott
1835 W Orangewood Ave Ste 255
Orange, CA 92868

Thomas A Pistone
Pistone & Wolder, LLP
2020 Main Street Suite 900
Irvine, CA 92614

J Patrick Ragan
1881 S Business Center Dr Suite 7b
San Bernardino, CA 92408

SQUAR, MILNER, MIRANDA & WILLIAMSON, LLP
4100 Newport Place, Third Floor
Newport Beach, CA 92660

Laurie A Shade
333 W Santa Ana Blvd Ste 407
PO Box 1379
Santa Ana, CA 92702-1379

Edward Soto
1395 Brickell Ave Ste 1200
Miami, FL 33131

Joseph L Strohman
Ferguson Case Orr Paterson LLP
1050 S Kimball Rd
Ventura, CA 93004

SunCal Heartland LLC
2392 Morse
Irvine, CA 92614

SunCal PSV LLC
2392 Morse
Irvine, CA 92614

Dina Tasini
Tasini and Associates
2126 Grant St

| In re: Palmdale Hill Property, LLC and its Related Debtors Debtor(s). | CHAPTER: 11 CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |
|---|---|

Berkeley, CA 94703

Theresa C Tate
Crawford & Bangs LLP
1290 E Center Crt Dr
Covina, CA 91724

Elizabeth A Walters
3365 Seventh Ave
San Diego, CA 92103

Counsel for Joint Provisional Liquidators of Lehman RE LTD [RSN]
Betty M. Shumener, Esq.
DLA PIPER LLP (US)
550 South Hope Street, Ste. 2300
Los Angeles, CA 90071

Robert S Throckmorton
Throckmorton, Beckstrom & Tomassian, LLP
2 Corporate Park, Ste 210
Irvine, CA 92606-5115

Douglas F Welebir
Welebir Tierney & Weck
2068 Orange Tree Ln Ste 215
Redlands, CA 92374

Counsel for the Lehman VD Lenders
Shai Waisman, Esq.
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY 10153-0119

☐ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____________, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 19, 2011 | Patricia Dillamar | /S/ Patricia Dillamar |
|---|---|---|
| *Date* | *Type Name* | *Signature* |