1  Barry S Glaser, State Bar No. 70968
**STECKBAUER WEINHART JAFFE, LLP**
2  333 S. Hope Street, 36th Floor
Los Angeles, California 90071
3  (213) 229-2868 - Telephone
(213) 229-2870 - Facsimile
4
Attorneys for County of Los Angeles Tax
5  Collector

6

7                    **UNITED STATES BANKRUPTCY COURT**

                     **CENTRAL DISTRICT OF CALIFORNIA**
8
                          **SANTA ANA DIVISION**
9  In re                                    Case No. 8:08-bk-17206-ES

10  PALMDALE HILLS PROPERTY, AND ITS          Chapter 11 (Jointly Administered)
RELATED DEBTORS,
11                                            8:08-bk-17209-ES; 8:08-bk-17240-ES;
        Joint Administered Debtors and       8:08-bk-17224-ES; 8:08-bk-17242-ES;
12       Debtors-in-Possession.              8:08-bk-17225-ES; 8:08-bk-17245-ES;
                                             8:08-bk-17227-ES; 8:08-bk-17246-ES;
13  ☐   Affects all Debtors                  8:08-bk-17230-ES; 8:08-bk-17231-ES;
                                             8:08-bk-17236-ES; 8:08-bk-17248-ES;
14                                            8:08-bk-17249-ES; 8:08-bk-17573-ES;
    ☒   Affects the following Debtor(s):      8:08-bk-17574-ES; 8:08-bk-17575-ES;
15  ☒ Palmdale Hills Property, LLC            8:08-bk-17404-ES; 8:08-bk-17407-ES;
    ☒ SunCal Beaumont Heights, LLC            8:08-bk-17408-ES; 8:08-bk-17409-ES;
16  ☐ SCC/Palmdale, LLC                       8:08-bk-17458-ES; 8:08-bk-17465-ES;
    ☒ SunCal Johannson Ranch, LLC             8:08-bk-17470-ES; 8:08-bk-17472-ES;
17  ☒ SunCal Summit Valley, LLC               And 8:08-bk-17588-ES
    ☐ SunCal Emerald Meadows, LLC
18  ☒ SunCal Bickford Ranch, LLC              **OBJECTION OF THE COUNTY OF LOS**
    ☒ Acton Estates, LLC                      **ANGELES TAX COLLECTOR TO**
19  ☒ Seven Brothers, LLC                     **CONFIRMATION OF *THIRD AMENDED***
    ☐ SJD Partners, Ltd.                      **JOINT CHAPTER 11 PLAN FOR**
20  ☐ SJD Development Corp.                    **ELEVEN VOLUNTARY DEBTORS**
    ☒ Kirby Estates, LLC                       **PROPOSED BY THE LEHMAN VD**
21  ☒ SunCal Communities I, LLC                **LENDERS; DECLARATION OF BONITA**
    ☒ SCC Communities LLC                      **SANDOZ IN SUPPORT THEREOF**
22  ☐ SunCal Communities III, LLC
    ☐ North Orange Del Rio Land, LLC           **Hearing:**
23  ☒ Tesoro SF, LLC                           Disclosure Hearing: July 22, 2011
    ☐ LB/L-SunCal Oak Valley, LLC              Time:                10:00 a.m.
24  ☐ SunCal Heartland, LLC                    Confirmation
    ☐ LB/L-SunCal Northlake, LLC               Hearing:             October 24, 2011
25  ☐ SunCal Marblehead, LLC                   Time:                9:30 a.m.
    ☐ SunCal Century City, LLC                 Place:               Courtroom 5A
26  ☐ SunCal PSV, LLC                                               411 West Fourth Street
    ☐ Delta Coves Venture, LLC                                      Santa Ana, CA 92701
27  ☐ SunCal Torrance Properties, LLC
    ☐ SunCal Oak Knoll, LLC
28

20002.031/69394.10002.031/68977.10002.031/67646.1

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...............................................................................................2

   A.   Chapter 11 Cases ...................................................................................2

   B.   Proofs of Claim Filed by the County of Los Angeles Treasurer and
        Tax Collector ........................................................................................5

II.  TREATMENT OF SECURED PROPERTY TAXES ...............................7

III. DISCUSSION ....................................................................................................9

   A.   "A Claim Or Interest, Proof Of Which Is Filed Under 11 U.S.C. § 501,
        Is Deemed Allowed, Unless A Party In Interest Objects..." .........................9

   B.   The Interest Stated Under California Revenue And Tax Code Sections 4102
        And 4103(B) Are The Proper Rate .............................................................9

   C.   11 U.S.C. § 511 Mandates That The Court Must Refer To State Law And
        May No Longer Use Its Equitable Powers to Alter The Interest Rate And Penalties
        Under Applicable State Law ....................................................................11

        1.   The County Is Entitled To Assert A Delinquent Non-Payment Penalty
             Pursuant To California Revenue and Taxation Code § 2618 ...............15

        2.   The Redemption Interest Rate Pursuant to California Revenue and Taxation
             Code § 4103(a) Is The Proper Rate. ........................................16

        3.   11 U.S.C. 511 Requires the Court to Apply the California
             Redemption Rate of Interest to the Deferred Payments......................17

   D.   The County Is Not Required To File An Administrative Tax Claim Pursuant
        To 11 U.S.C. Section 503(B)(1)(D) ........................................................18

   E.   The Third Amended Plan Is Not Confirmable On Its Face .........................19

   F.   The Lehman VD Lenders' Proposal Re Certain Disputed Cure Amounts for
        Secured Real Property Tax Claims Is Unreasonable, Unnecessary and Should Not
        Be Required..........................................................................................21

   G.   Limitation of Liability...........................................................................22

   H.   In re Entz-White and the Related Cases are Not Applicable.........................22

IV.  CONCLUSION. ...............................................................................................22

i

1

## TABLE OF AUTHORITIES

2

Page

3    CASES

4    Hessinger & Assocs. V. United States Trustee (In re Biggar),
        110 F. 3d 685 (9th Cir. 1997) ...................................................................14
5

6    In re American Hardwoods,
        (9th Cir. 1989) 885 F.2d 621 ...................................................................20

7    In re Bernbaum,
        404 B.R. 39 (Bankr. E.D. Mass. 2009)    ...........................................12, 13, 16
8

9    In re Beyond.com Corp.,
        (Bankr. N.D. Cal. 2003) 289 B.R. 138)    ...............................................19

10   In re Entz White Lumber Supply, Inc.
        950 F.2d 1338 (9th Cir. 1988)...............................................................22
11

12   In re Jones,
        368 B.R. 602 (Bankr. S.D. Tex. 2007)    .................................................13, 16

13   In re Sybaris Clubs International, Inc.,
        (Bankr. N.D. Ill. 1995) 189 B.R. 152)    ...................................................20
14

15   Rankin v. Desarno,
        89 F.3d 1123 (3rd Cir. 1996) ...................................................................14

16   Siegel v. Federal Home Loan Mort. Corp.,
        143 F.3d 525 (9th Cir. 1998) ...................................................................9
17

18   FEDERAL STATUTES

19   11 U.S.C § 101(51)    ...................................................................................14

20   11 U.S.C. § 101(53)    ...................................................................................14

21   11 U.S.C. § 1125(e)    ...................................................................................22

22   11 U.S.C. § 1129(a)(1)    ..............................................................................20

23   11 U.S.C. § 1322(b)(2)...............................................................................13, 14

24   11 U.S.C. § 1325(a)(5)(B)(ii)    .................................................................12, 13, 14

25   11 U.S.C. § 362(b)(4)    ..........................................................................20, 21

26   11 U.S.C. § 501    ....................................................................................9

27   11 U.S.C. § 502(a)    ..................................................................................9

28   11 U.S.C. § 503(b)(1)(D)    .......................................................................3, 4, 19, 23

11 U.S.C. § 506(b) ..............................................................................10, 12, 15, 16

11 U.S.C. § 511 .....................................................................................passim

11 U.S.C. §§ 511(a) and (b) ..............................................................................14

11 U.S.C. §1322(b)(2) ..............................................................................13, 14

26 U.S.C. § 162(f) ..............................................................................10, 16

26 U.S.C. § 163 ..............................................................................10, 16

**STATE STATUTES**

California Revenue and Taxation Code § 2187 ..............................................17, 22

California Revenue and Taxation Code § 2192.1 ..............................................22

California Revenue and Taxation Code § 2618 ..............................................15, 18

California Revenue and Taxation Code § 4102 ..............................................9, 16

California Revenue and Taxation Code § 4103(a) ..............................................9, 10, 15, 16, 17

California Revenue and Taxation Code § 4103(b) ..............................................9, 10, 16, 17



**TO: THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE;**

**DEBTORS, DEBTORS' COUNSEL, OFFICE OF THE UNITED STATES TRUSTEE, AND ALL**

**OTHER INTERESTED PARTIES:**

The Los Angeles County Tax Collector (the "County") hereby submits its objection (the "Objection") to the *Third Amended* Joint Chapter 11 Plan For Eleven Voluntary Debtors Proposed By The Lehman VD Lenders (the "Third Amended Plan"), as follows:

## I.    INTRODUCTION

### A.    Chapter 11 Cases

On November 6, 7 and 19, 2008, the Voluntary Debtors[1] filed their respective voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code"). The Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

On November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors.[2]

Debtor, Palmdale Hills and its twenty-five debtor related entities were jointly administered by Order of this Court on November 19, 2008 [Docket No. 12].

On or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

---

[1] The Voluntary Debtors in these cases consist of : Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

[2] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES) ("SunCal Century City"); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

STECKBAUER WEINHART JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: (213) 229-2868 • FAX (213) 229-2870

STECKBAUER
WEINHART
JAFFE, LLP

333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. (213) 229-2868 • Fax (213) 229-2870

1    On or about January 15, 2009, the Court entered orders requiring the appointment of a

2    chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States

3    Trustee appointed Steven M. Speier as the Chapter 11 Trustee for the Trustee Debtors.

4    In addition to the Joint Voluntary Debtors Plan proposed by the Lehman Voluntary

5    Debtors Lenders (the "Lehman VD Lenders") for the affected twelve Voluntary Debtors, the

6    Lehman Creditors and the Trustee jointly and simultaneously proposed a plan for eight Trustee

7    Debtors.

8    On or about September 30, 2010, Lehman Commercial Paper Inc and Lehman

9    ALI, Inc. filed Joint Chapter 11 Plan for Twelve Voluntary Debtors Proposed by the Lehman VD

10    Lenders [Doc 1423].

11    On or about September 30, 2010, the Chapter 11 Trustee for the Trustee Debtors and the

12    Lehman Creditors filed Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee

13    and Lehman Creditors [Doc 1420].

14    On or about September 30, 2010, the Administratively Consolidated Debtors-in-Possession

15    and SCC Acquisitions, Inc. filed Debtors' Fourth Amended Joint Disclosure Statement Describing

16    Debtors' Fourth Amended Joint Chapter 11 Plan [Doc 1418].

17    On or about October 22, 2010, the County filed its Objection to the Joint Chapter 11 Plan

18    for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors [Doc 1522] and

19    Objection to the Debtors' Fourth Amended Joint Disclosure Statement Describing Debtors' Fourth

20    Amended Joint Chapter 11 Plan [Doc 1523] (Docs 1522 and 1523 are collectively the "County's

21    Objections to Joint Chapter 11 Plan").  The County objected, among other reasons, for their failure

22    to provide for the County's secured Proofs of Claim to be paid in full, with redemption interest

23    accruing at 18% per annum (1.5% per month), and 10% delinquent penalty as allowed by law; and

24    for their requirement for the County to file an administrative tax claim pursuant to 11 U.S.C. §

25    503(b)(1)(D)

26    On or about March 28, 2011, the Lehman VD Lenders filed Disclosure Statement with

27    Respect to First Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors [Doc 1874].

28

1    On or about March 28, 2011, the Trustee and Lehman Creditors (collectively the "TD Plan

2    Proponents") filed Disclosure Statement with Respect to First Amended Joint Chapter 11 Plan for

3    Eight Trustee Debtors [Doc 1876].

4    On or about April 29, 2011, the County filed its Objection to the Disclosure Statement with

5    Respect to First Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the

6    Lehman VD Lenders [Doc 2020] and Objection to the Disclosure Statement with Respect to First

7    Amended Joint Chapter 11 Plan for Eight Trustee Debtors [Doc 2019] (Docs 2019 and 2020 are

8    collectively the "County's Objections to First Amended Joint Chapter 11 Plan") (the County's

9    Objections to Joint Chapter 11 Plan and the County's Objections to First Amended Joint Chapter

10   11 Plan are collectively the "County's Previous Objections"). The County again objected, among

11   other reasons, for their failure to provide for the County's secured Proofs of Claim to be paid in

12   full, with redemption interest accruing at 18% per annum (1.5% per month), and 10% delinquent

13   penalty as allowed by law; and for their requirement for the County to file an administrative tax

14   claim pursuant to 11 U.S.C. § 503(b)(1)(D).

15   On May 13, 2011, this Court issued a tentative ruling stating "[t]he objections of LA

16   County are well-taken and are appropriately raised at this stage. The reply does not adequately

17   respond to the merits of the opposition, particularly the application of Section 511."

18   On June 20, 2011, the TD Plan Proponents filed a Disclosure Statement with Respect to

19   Second Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and

20   Lehman Creditors [Doc 2250].

21   On June 20, 2011, the Lehman VD Lenders filed a Disclosure Statement with Respect to

22   Second Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman

23   VD Lenders [Doc 2247].

24   On June 20, 2011, the SunCal Plan Proponents filed a First Amended Disclosure Statement

25   Describing Amended Chapter 11 Plan Filed by Suncal Plan Proponents in the Chapter 11 Cases of

26   Palmdale Hills Property, LLC, Suncal Bickford Ranch, LLC, Suncal Emerald Meadows, LLC and

27   Acton Estates, LLC [Group 1: Voluntary Debtors] [Doc 2244].

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA, 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1   On August 1, 2011, the Court entered an Order Approving First Amended Disclosure

2   Statement With Respect to Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors

3   Proposed by the Lehman VD Lenders (the "Order Approving Eleven Voluntary Debtors' Plan").

4   Also, on August 1, 2011, the Court entered an Order Approving First Amended Disclosure

5   Statement with Respect To Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors

6   Proposed by The Trustee and Lehman Creditors (the "Order Approving Eight Trustee Debtors'

7   Plan").

8   On August 23, 2011, the TD Plan Proponents filed First Amended Disclosure Statement

9   with Respect to this *Third* Amended Joint Chapter 11 Plan and this Third Amended Joint Chapter

10  11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors [Docs 2599 and

11  2598].

12  On August 23, 2011, the Lehman VD Lenders filed First Amended Disclosure Statement

13  with Respect to a *Third* Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors and a Third

14  Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD

15  Lenders [Docs 2596 and 2595].

16  **B.      Proofs of Claim Filed by the County of Los Angeles Treasurer and Tax**

17  **Collector**

18  On or about January 8, 2009, the Los Angeles County Treasurer and Tax Collector (the

19  "County") filed its pre-petition real property tax claim against Palmdale Hills Property, LLC (08-

20  17206) in the amount of $1,037,377.11.

21  On or about January 8, 2009, the County filed its pre-petition real property tax claim

22  against Acton Estates, LLC (08-17236) in the amount of $200,454.41.  On or about May 27, 2010,

23  the County filed an Amended Proof of Claim in the amount of $171,724.55.

24  On or about February 26, 2009, the County filed its pre-petition real property tax claim

25  against SunCal Century City, LLC (08-17458) in the amount of $1,407,212.74.  As noted below,

26  this has been paid in full.

27  On or about October 29, 2009, the County filed its post-petition real property

28  administrative tax claim against Palmdale Hills Property, LLC (08-17206) in the amount of

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
Tel. (213) 229-2868 · FAX (213) 229-2870

1 | $927,484.63. On or about November 5, 2010, the County filed an Amended Proof of Claim in the

2 | amount of $1,852,270.26.

3 |      On or about October 29, 2009, the County filed its pre-petition real property tax claim and

4 | post-petition real property administrative tax claim against Tesoro SF, LLC (08-17575) in the

5 | amounts of $33,205.71 and $111,036.35, respectively. On or about November 8, 2010, the

6 | County filed an Amended Proof of Claim for post-petition administrative tax claim in the amount

7 | of $147,954.94. As noted below, the pre-petition real property tax claim has accrued to

8 | $45,248.01 but the post-petition claim has been partially paid and the post-petition claim amount

9 | has reduced from $147,954.94 to $57,837.51.

10 |      On or about November 16, 2009, the County filed its pre-petition real property tax claim

11 | and post-petition real property administrative tax claim against SunCal Torrance Properties, LLC

12 | (08-17472) in the amounts of $635,348.93 and $563,996.39, respectively. On or about November

13 | 1, 2010, the County filed an Amended Proof of Claim in the amount of $569,929.51. As noted

14 | below, numerous changes have been made to the tax roll resulting in reduced assessments for a

15 | large portion of the properties in this case, new escaped assessment bills were issued since filing

16 | of the County's last amended claims, and the post-petition administrative tax claim has been paid

17 | in full as of April 2011.

18 |      On or about November 16, 2009, the County filed its pre-petition real property tax claim

19 | and post-petition real property administrative tax claim against LB/L SunCal Northlake, LLC (08-

20 | 17408) in the amounts of $2,767,793.62 and $2,905,416.41, respectively. On or about November

21 | 1, 2010, the County filed an Amended Proof of Claim in the amount of $2,284,472.34. As noted

22 | below, numerous changes have been made to the tax roll resulting in reduced assessments for a

23 | large portion of the properties in this case, new escaped assessment bills were issued since filing

24 | of the County's last amended claims, and the post-petition administrative tax claim has been paid

25 | in full as of April 2011.

26 |      On or about November 16, 2009, the County filed its post-petition real property

27 | administrative tax claim against SunCal Century City, LLC in the amount of $1,409,268.53. As

28 | noted below, the post-petition has been paid in full.

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
– TEL. (213) 229-2868 – FAX (213) 229-2870

1    On or about November 16, 2009, the County filed its post-petition real property

2  administrative tax claim against Acton Estates, LLC (08-17236) in the amount of $198,730.31.

3  On or about May 27, 2010, the County filed an Amended Proof of Claim in the amount of

4  $156,788.11.  On or about October 21, 2010, the County filed a Second Amended Proof of Claim

5  in the amount of $317,593.73.

6  **II.    TREATMENT OF SECURED PROPERTY TAXES**

7    On or about December 9, 2009, a payment was made to the County in the amount of

8  $1,594,891.00, which represented real property taxes, penalties, and interest due relating to the

9  Palmdale Hills' Century City property.   This payment was in compliance with an agreement

10 between Debtors' counsel and purchaser's counsel for the December 10, 2009 first installment of

11 property taxes due, which includes all penalties and interest.

12    In addition, the Debtors have made several post-petition real property tax payments, and

13 numerous changes have been made to the tax roll resulting in reduced assessments for a large

14 portion of the properties in this case.  Additionally, new escaped assessment bills were issued

15 since filing of the County's last amended claims.   Finally, payments have continued to post for

16 some of the current 2010 bills but there are outstanding 2010 Current tax bills. <u>See</u> Declaration of

17 Bonita Sandoz.

18    As of September 2011, Debtors owe a significant amount of pre-petition and post-petition

19 taxes, which have accrued interest and penalty, as follows:

20    (A)    Tesoro SF, LLC's (08-17575) pre-petition and post-petition claims of $33,205.71

21 (tax year 2008) and $147,954.94 (tax years 2009 and 2010), respectively, have been adjusted to

22 $103,085.52.  Since then, as of September 2011, the claim amounts have increased to

23 $108,407.77.

24    (B)    Palmdale Hills Properties, LLC's (08-17206) pre-petition and post-petition claims

25 of $1,037,377.11 (tax year 2008) and $1,852,270.26 (tax years 2009 and 2010), respectively, have

26 been adjusted to $3,008,044.29.  Since then, as of September 2011, the claim amounts have

27 increased to $3,162,663.08.

28    (C)    SunCal Torrance Properties, LLC's (08-17472) pre-petition and post-petition

STECKBAUER WEINHART JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: (213) 229-2868 • FAX (213) 229-2870

STECKBAUER
WEINHART
JAFFE, LLP

333 S. Hope Street, 34th Floor, Los Angeles, California 90071
Tel: (213) 229-2868 • Fax (213) 229-2870

1  claims of $635,348.93 (tax year 2008) and $569,929.51 (tax years 2009 and 2010), respectively,

2  have been adjusted to $773,211.47.  Since then, as of September 2011, the claim amounts have

3  increased to $813,759.25.

4       (D)    LB/L SunCal Northlake, LLC's (08-17408) pre-petition and post-petition claims of

5  $2,767,793.62 (tax year 2008) and $2,284,472.34 (tax years 2009 and 2010), respectively, have

6  been adjusted to $3,368,181.76.  Since then, as of September 2011, the claim amounts have

7  increased to $3,545,068.34.

8       (E)    Acton Estates, LLC's (08-17236) pre-petition and post-petition claims of

9  $171,724.55 (tax year 2008) and $317,593.73 (tax years 2009 and 2010), respectively, have been

10  adjusted to $463,324.95.  Since then, as of September 2011, the claim amounts have increased to

11  $486,851.72.

12  Thus, the total amount for all outstanding taxes in this case was $9,277,363.97 as of April

13  2011.  Since then, as of September 2011, the claim amounts have decreased to $8,116,750.16.  See

14  Declaration of Bonita Sandoz..

15  The County claims are secured by statutory liens that have priority over all other liens on

16  the properties, regardless of the time of their creation. (Cal. Rev. & Tax. Code, §§ 2187, 2192.1.)

17  As set forth herein the *Third* Amended Plan improperly treats the County's secured tax

18  claims, in that: (1) the Lehman VD Lenders do not provide the appropriate treatment of the

19  County's secured tax claims as required by the Bankruptcy Code, California Revenue and

20  Taxation Code and the current case law in support of the County's position that evolved

21  subsequent to the 2005 tax related Bankruptcy code sections (BAPCPA).

22  Furthermore, in direct derogation of 11 U.S.C. § 503 (b)(1)(D), the Lehman VD Lenders

23  have requested that this Court order that the County file an administrative tax claim.  The County,

24  notwithstanding the Lehman VD Lenders failure to abide by the specific Code provisions, will as

25  a precautionary measure file same setting forth the amounts of the County claims.

26

27

28

III.  **DISCUSSION**

A.  **"A Claim Or Interest, Proof Of Which Is Filed Under 11 U.S.C. § 501, Is Deemed Allowed, Unless A Party In Interest Objects..."**

(See, 11 U.S.C. § 502(a)).

Pursuant to 11 U.S.C. section 502(a), if a proof of interest or proof of claim is filed and the Debtor, or a party in interest, fails to object, then the claim is deemed allowed by the Court. In the case of *Siegel v. Federal Home Loan Mort. Corp.*, 143 F.3d 525 (9th Cir. 1998), the Appellate Court explained the meaning of "deemed allowed," in that "... it is deemed that the court has acted on the claim and ordered allowance."

Since the Debtors nor the Lehman VD Lenders have not filed any objections to the County's secured Proofs of Claim, the Third Amended Plan should reflect that the County's secured claims are allowed, in full, pursuant to the County's filed Proofs of Claim, plus post-confirmation interest and penalties, allowed by state law.

B.  **The Interest Stated Under California Revenue and Tax Code Sections 4102 And 4103(a)(b) Are the Proper Rate**

In 2005, Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Title VII of the Act contained twenty separate sections that closed loopholes that debtors had exploited in using bankruptcy to reduce the amounts that they would have to pay to taxing agencies. One of the problems in bankruptcy had been determining the appropriate interest rate on tax claims. In response to these concerns, the BAPCPA added section 511 to the Bankruptcy Code which provides that "the rate of interest shall be determined under non-bankruptcy law." In other words, bankruptcy should not affect the amount that the taxpayer is obligated to pay to the taxing agencies under the appropriate state law.

California Revenue and Taxation Code ("RTC") section 4102 requires payment of delinquent penalties and redemption penalties in order to redeem tax-defaulted property. Thus, beginning July 1 of the year of the declaration of tax default, the Tax Collector assesses an 18%

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: (213) 229-2868 • FAX (213) 229-2870

1  per year (1.5% per month) penalty on the delinquent property tax claim[3] (RTC § 4103(a)).  In a

2  bankruptcy proceeding, RTC § 4103(b) characterizes redemption penalties as the "assessment of

3  interest."

4  　　　　As part of the BAPCPA amendment, Congress amended 11 U.S.C. § 506(b) to read, as

5  follows (Pub. Law 109-8, § 712(d)(1), emphasis added to show additional language added by

6  amendment):

7  　　　　　　(b)　To the extent that an allowed secured claim is secured by
8  　　　　　property the value of which, after recovery under subsection (c) of
   　　　　　this section, is greater than the amount of such claim, there shall
9  　　　　　be allowed to the holder of such claim, interest on such claim, and
   　　　　　any reasonable fees, costs or charges provided under the agreement
10 　　　　　or *State statute* under which such claim arose.

11 　　　　The legislative history of the amendment makes it clear that the interest, fees, costs or

12 charges are to be determined by state law.  Specifically, H. Rpt. 109-31 in discussing the

13 amendment, states: "Section 712(d)(1) amends section 506(b) to provide that to the extent that an

14 allowed claim is oversecured, the holder is entitled to interest and any reasonable fees, costs or

15 charges provided for under state law."  Here, state law (RTC § 4103(b)), states that for bankruptcy

16 purposes, the redemption penalties are to be considered interest.

17 　　　　Since under current state law, there is no uniform rate of interest applicable to tax claims,

18 section 511 of the Bankruptcy Code was added to simplify the calculation rate.  Under section

19 511, the House Report stated:

20 　　　　*Sec. 704*.  Rate of Interest on Tax Claims.  Under current law, there is no uniform
   　　　　rate of interest applicable to tax claims.  As a result, varying standards have been
21 　　　　used to determine the applicable rate.  Section 704 of the Act amends the
   　　　　Bankruptcy Code to add section 511 for the purpose of simplifying the interest
22 　　　　rate calculation. (H. Rpt. No. 109-31, § 256, 109th Cong. 1st Sess. (2005) p. 101.)

23

24 [3] In all but name, the payments are interest.  It may seem odd to characterize a monthly accrual as
   a penalty and not as interest.  However, there are consequences for doing so that were considered
25 by the California Legislature.  For example, interest can be deductible from gross income for
   income tax purposes (26 U.S.C. § 163) but, penalties are not (26 U.S.C. § 162(f)).  Thus,
26 characterizing the charge as a penalty prevents "tax subsidization" of delinquent taxes.  Therefore,
   when Bankruptcy Courts refused to recognize the penalties as being interest, the Legislature added
27 RTC section 4103(b).

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

**C.**   **11 U.S.C. § 511 Mandates That The Court Must Refer To State Law And May No Longer Use Its Equitable Powers to Alter The Interest Rate And Penalties Under Applicable State Law.**

Under BAPCPA, one of the most significant changes to the Code included the rate of "interest" on tax claims.  Under "new" Section 511:

(a)    If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, ***the rate of interest shall be rate determined under applicable nonbankruptcy law.***

(b)    In the case of taxes paid under a confirmed plan under this title, the rate of interest shall be determined as of the calendar month in which the plan is confirmed.

11 U.S.C. § 511 (emphasis added).

Since there is no uniform rate of interest applicable to tax claims, § 511 of the Code was added to simplify the calculation rate.  Under § 511, the House Report stated:

Sec. 704.  Rate of Interest on Tax Claims.  Under current law, there is no uniform rate of interest applicable to tax claims.  As a result, varying standards have been used to determine the applicable rate.  Section 704 of the Act amends the Bankruptcy Code to add section 511 for the purpose of simplifying the interest rate calculation.  (H. Rpt. No. 109-31, § 256, 109th Cong. 1st Sess. (2005) p. 101.)

Thus, § 511 mandates that "nonbankruptcy law" applies to all taxes where "interest" is required, and the filing of the Debtors' bankruptcy cannot affect the amount that the taxpayer is obligated to pay to the taxing authorities, in accordance with applicable law.  Section 511 was enacted to simplify the administration of bankruptcy cases in which state, local and/or federal taxes may be payable.  Congress found that existing law was deficient in that although bankruptcy judges had certain equitable powers to alter the statutory interest rates provided for under applicable state or local law, the exercise of that power resulted in inconsistencies among the numerous courts hearing and deciding those issues and, thus, it would be a benefit to establish a

1 | uniform rule for fixing interest allowed on taxes owed by debtors.

2 |     The recent decision by the bankruptcy court in the Eastern District of Massachusetts

3 | entitled <u>In re Bernbaum</u>, 404 B.R. 39, 42 (Bankr. E.D. Mass. 2009) is particularly instructive on

4 | how this Court should rule regarding the County's Objection. In <u>Bernbaum</u>, the court held that the

5 | bankruptcy court ***must*** refer to state law and may no longer use its equitable powers to alter the

6 | interest rate on a tax claim from the rate set forth under applicable "state law". 404 B.R. at 42-43.

7 |     The holding in <u>Bernbaum</u> is exactly what was intended by the addition of § 511 to the

8 | Code because bankruptcy "courts employed various equitable considerations to determine

9 | appropriate interest rates under both §§ 506(b) and 1325(a)(5)(B)(ii) on a case by case basis".

10 | 404 B.R. at 42.

11 |     In <u>Bernbaum</u>, the Town of Saugus filed a claim for pre-petition real estate taxes which

12 | included statutory interest over the term of the debtor's chapter 13 plan in the amount of 16% on

13 | overdue real estate taxes secured by a recorded tax lien and 14% for overdue taxes. <u>Id</u>. at 40.  The

14 | debtor in that case, filed an objection asserting that the statutory interest rate was excessive and

15 | not permitted under bankruptcy law and that the claim should be recalculated using the federal

16 | judgment rate.  The court, in overruling the debtor's claim objection, articulated as follows:

> Generally, a creditor is entitled to pre-petition interest on its claim at the rate provided for under the applicable agreement or non-bankruptcy law.  Here, *Mass. Gen. Laws ch. 60 §62* provides that the interest rate for overdue real estate taxes secured by a recorded tax lien is 16%, while *Mass. Gen. Laws ch. 59 §57* mandates an interest rate of 14% to be applied to overdue taxes.  Accordingly, the Town is entitled to calculate its pre-petition arrears using the statutory rates. (footnote omitted).

> An oversecured claim, one secured by property that exceeds the value of the claim, is entitled to receive post-petition interest until the last payment under a Chapter 13 plan.  Traditionally, courts acknowledge two separate post-petition periods giving rise to interest.  The first runs from the petition date to either confirmation or the effective date of the plan pursuant to *11 U.S.C. §506(b)*.  Under *11 U.S.C. §506(b)*, the oversecured claim, including post-petition interest accrued under this section, becomes the claim that is due and owing at confirmation.  The second post-petition

333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. (213) 229-2868 • Fax (213) 229-2870

STECKBAUER
WEINHART
JAFFE, LLP

1    interest period, commencing on either confirmation or the
2    effective date of the plan and ending with the last payment
     of the claim, arises under *11 U.S.C. § 1325(a)(5)(B)(ii)*. . . .
3    Id. at 42.

4         Thus, the Bernbaum court determined that "*[t]he plain meaning of § 511 is*

5    *unambiguous: the bankruptcy court must refer to state law and may no longer use its equitable*

6    *powers to alter the interest rate on a tax claim from the rate set forth under the applicable state*

7    *law.*" Id. at 42-43 (*quoting*, In re Jones, 368 B.R. 602, 605 (Bankr. S.D. Tex. 2007)) (emphasis

8    added). To the extent that cases hold otherwise, the court found that "they have been abrogated by

9    the enactment of *11 U.S.C. § 511*". Under these circumstances, the Bernbaum decision confirmed

10   that the Town of Saugus was in fact entitled to calculate the post-petition interest on its claim

11   according to Massachusetts state law, which afforded interest rates at 14% and 16%. Id. at 43.

12   The holding in Bernbaum supports the County's position and this Court should abide by that

13   decision.

14        Moreover, the Third Circuit case of Rankin v. Desarno, 89 F.3d 1123 (3rd Cir. 1996) was

15   the principal case that guided the addition of § 511 to the Bankruptcy Code. In Rankin, the

16   primary dispute in the appeal involved the pre-petition and post-petition rates of interest to which

17   plaintiffs, the Penn Hills School District and Allegheny County, Pennsylvania, were entitled to in

18   connection with their oversecured pre-petition tax claims against the defendant chapter 13 debtors.

19   89 F.3d at 1125. The plaintiffs argued at the confirmation hearing that they were entitled to pre-

20   petition and post-petition interest at 10% and 12% for delinquent taxes pursuant to Pennsylvania

21   statutes. The debtors, on the other hand, claimed that plaintiffs' post-petition claims were

22   "modifiable" under Section 1322(b)(2) of the Code and that post-petition interest should be set to

23   accrue at a "reasonable" rate, as opposed to the statutory rates (a similar argument that Debtors

24   have proffered to this Court). Id.

25        First, with regard to pre-petition interest, the Third Circuit expressly held that the Penn

26   Hills District and the Allegheny County were entitled to 10% and 12% interest per annum,

27   respectively, pursuant to Pennsylvania statute. Id. at 1126. Turning to the issue of the appropriate

28   post-petition rate of interest, the Court analyzed the debtors' contention that plaintiff's post-

STECKBAUER
WEINHART
JAFFE, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: (213) 229-2868 • FAX (213) 229-2870

1    petition claims were modifiable under Section 1322(b)(2), which permits chapter 13 plans to

2    "modify the rights of holders of secured claims, other than a claim secured only by a *security*

3    *interest* in real property that is the debtor's principal residence". Id. at 1127 (emphasis added).

4         The Third Circuit recognized that the Code expressly defines "security interest" as "a lien

5    created by an agreement". 11 U.S.C § 101(51).  In contrast, the Code further provides that the

6    terms "statutory lien" means a "lien arising solely by force of a statute on specified circumstances

7    or conditions . . . but does not include security interest or judicial lien". 11 U.S.C. § 101(53).  The

8    Third Circuit then concluded that "[b]ecause plaintiffs' tax liens arose under state statute, and not

9    from a consensual or voluntary agreement with the taxpayer defendants, . . . those liens are not

10   "security interests" for purposes of § 1322(b)(2) Id. at 1127.  Therefore, while the court ultimately

11   concluded that plaintiffs' claims were "modifiable" under Section 1322(b)(2), this did not end the

12   court's inquiry.  The Rankin court was still required to determine whether the post-petition interest

13   rate of 7% confirmed by the lower courts passed muster under § 1325(a)(5)(B)(ii).  Id.

14        The Third Circuit first acknowledged that "the statutory rate at issue in this case – 12

15   percent – is not unreasonable" and while the municipality currently holds liens that are

16   oversecured, property values can decline. Id. at 1130.  "Moreover, that the Pennsylvania

17   legislature has not seen fit to change the statutory rate on delinquent tax loans for some years," in

18   the court's view, did not render the 12% rate "penal" or "unreasonable". Id. at 1131.  Based on

19   the foregoing, the Third Circuit affirmed the district court's award of pre-petition interest to Penn

20   Hills and Allegheny County at the statutory rates of 10% and 12% per annum, respectively, and

21   reversed the decisions of the bankruptcy court and district court on the issue of post-petition

22   interest rates and held that plaintiffs were also entitled to post-petition interest at their respective

23   statutory rates.  Id.

24        In light of the plain language of § 511, this Court must disregard the Lehman VD Lenders'

25   invitation to speculate as to the intent of Congress in this context and any potential public policy

26   concerns cannot trump the plain language of the Code.  See Hessinger & Assocs. V. United States

27   Trustee (In re Biggar), 110 F. 3d 685 (9th Cir. 1997) ("[p]ublic policy concerns cannot trump the

28   plain language of the bankruptcy code").  With the addition of § 511(a) and (b) to the Code,

1  Congress incorporated state statutes, including RTC §§ 2618 and 4103(a), as the rates of interest

2  to be paid on delinquent secured real property tax claims.  Accordingly, the Code has specifically

3  provided California's interest rate to be applied on tax claims.

4      **1.    The County Is Entitled To Assert A Delinquent Non-Payment Penalty**

5      **Pursuant To California Revenue and Taxation Code § 2618**

6          California Revenue and Taxation Code ("RTC") § 2618 provides that the County is

7  entitled to a 10% delinquent penalty in the event the Debtors fail to submit their second

8  installment of real property taxes by the close of business on April 10, as follows:

9

10          The second half of taxes on real property, if unpaid, is
        delinquent at 5 p.m., or the close of business, whichever is

11          later, on April 10, and thereafter a delinquent penalty of 10
        percent attaches to it.

12

13  RTC § 2618.
        Section 506(b) provides for "interest on such claim, ***and*** any reasonable fees, costs or

14  charges provided under the agreement or State statute under which such claim arose".  11 U.S.C. §

15  506(b) (emphasis added).  The 10% interest under RTC § 2618 is exactly that – "interest" under §

16  506(b).  The plain reading of § 506(b) provides for both "interest and any reasonable fees, costs or

17  charges provided under . . . State statute".  The Lehman VD Lenders cannot purport to receive

18  special treatment and avoid having to pay interest and penalties on its taxes under §§ 506(b) and

19  511 just because Debtors have filed for bankruptcy.  Clearly, Congress intended that delinquent

20  debtors should not gain an unfair advantage with regard to claims of governmental entities, such

21  as the County, by filing bankruptcy.

22          Additionally, as concluded by the Third Circuit in <u>Rankin</u>, the statutory rates in issue

23  (namely, 12%) could not be found to be "penal" or "unreasonable", particularly since the

24  Pennsylvania legislature did not find the need to alter the statutory rate on "delinquent" taxes for

25  some years.  <u>Id</u>. at 1130-31.  The <u>Rankin</u> decision was the seminal case referred to by the

26  legislature when enacting § 511 because they found it problematic that bankruptcy judges had the

27  capability to alter the statutory interest rates and penalties provided under applicable law coupled

28  with the fact that there was much confusion and inconsistencies in determining what constituted

1  "reasonable fees, costs, or charges" as provided for under "[s]tate statute" under § 506(b).

2      In holding that "[t]he plain meaning of § 511 is unambiguous" and that "the bankruptcy

3  court must refer to state law and may no longer use its equitable powers to alter the interest rate on

4  a tax claim from the rate set forth under the applicable state law, the court additionally found that

5  any cases holding otherwise were abrogated by the enactment of § 511. Bernbaum, 404 B.R. 39 at

6  42-43(*quoting*, In re Jones, 368 B.R. 602, 605 (Bankr. S.D. Tex. 2007).

7      **2.    The Redemption Interest Rate Pursuant to California Revenue and**

8      **Taxation Code §§ 4102, 4103(a) and (b) Is the Proper Rate.**

9      RTC § 4102(a) requires payment of delinquent redemption penalties in order to redeem

10  tax-defaulted property. Thus, beginning July 1 of the year of the declaration of tax default, the

11  Tax Collector assesses an 18% per year (1.5% per month) penalty on the delinquent property tax

12  claim.[4]  RTC § 4103(a) provides as follows:

13      (a) Redemption penalties are the sum of the following:

14      (1) Beginning July 1st of the year of the declaration of tax default,
     on the declared amount of defaulted taxes at the rate of 1 1/2 percent
15      a month to the time of redemption. If the last day of any month falls
     on a Saturday, Sunday, or legal holiday, the additional penalty of
16      1 1/2 percent shall attach after the close of business on the next
17      business day.

18      (2) Beginning July 1st of each subsequent year, on the unpaid taxes
     for which the property would have been declared in default if there
19      had not been a previous declaration, 1 1/2 percent a month to the
20      time of redemption. If the last day of any month falls on Saturday,
     Sunday, or a legal holiday, the additional penalty of 1 ½ percent
21      shall attach after 5 p.m. on the next business day. If the board of
     supervisors, by adoption of an ordinance or resolution, closes the
22      county's offices for business prior to the time of delinquency on the
23      "next business day" or for that whole day, that day shall be

24  _____

25  [4]  In all but name, the payments are interest. It may seem odd to characterize a monthly accrual as a
     penalty and not as interest. However, there are consequences for doing so that were considered by the
26  California Legislature. For example, interest can be deductible from gross income for income tax purposes
     (26 U.S.C. § 163) but, penalties are not (26 U.S.C. § 162(f)). Thus, characterizing the charge as a penalty
27  prevents "tax subsidization" of delinquent taxes. Therefore, when Bankruptcy Courts refused to recognize
     the penalties as being interest, the Legislature added RTC § 4103(b).

28

333 S. HOPE STREET, 36th FLOOR, LOS ANGELES, CALIFORNIA 90071
Tel. (213) 229-2868 • FAX (213) 229-2870

STECKBAUER
WEINHART
JAFFE, LLP

considered a legal holiday for purposes of this section.

See RTC § 4103(a).

Further, in a bankruptcy proceeding, RTC § 4103(b) characterizes redemption penalties as

the "assessment of interest" and provides in material part, as follows:

> (b) For purposes of an administrative hearing or any claim
> in a bankruptcy proceeding pertaining to the property being
> redeemed, the assessment of penalties determined pursuant
> to subdivision (a) with respect to the redemption of that
> property constitutes the ***assessment of interest***.

See RTC § 4103(b) (emphasis added).

The statutory lien created by California RTC § 2187 includes the 1.5% per month accrual

whether it is characterized as a redemption penalty or as interest: "Every tax, penalty, or interest,

including redemption penalty or interest, on real property is a lien against the property."

### 3.    11 U.S.C. 511 Requires the Court to Apply the California Redemption Rate of Interest to the Deferred Payments

As explained above, 11 U.S.C. 511 establishes a rate of interest on tax claims. Under other

provisions of the Bankruptcy Code, the debtor may defer the payment of tax claims over a period

of time, and before the amendment, the Code did not address the applicable rate of interest on tax

claims when interest was allowed.  This section is applicable to any deferred payment of tax

claims under the Bankruptcy Code, whether in chapter 11 or chapter 13 or under any other

circumstance where a deferred tax claim payment is approved.  Subsection (a) states that if any

provision of title 11 "requires the payment of interest on a tax claim or on an administrative

expense tax, or the payment of interest to enable a creditor to receive the present value of the

allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable

nonbankruptcy law." As more fully explained above, the applicable nonbankruptcy law is RTC

4103 and if the Debtor selects to pay the County in deferred payments, such deferred amount will

accrue interest at 18% per annum.

Here, the Lehman VD Lenders propose two (2) alternative treatments as to the secured

taxes (Section 6.1.3). The first alternative, entitled "Lump Sum Cure Payment" (Section 6.1.3(a)),

1  provides for payment of "Allowed Secured Real Property Tax Claim, including any applicable

2  costs, fees or charges, but only to the extent all such amounts were due as of the first date (the

3  'Default Date') when last payable without any amounts that only would be due based on the lack

4  of timely payment (and thus excluding any penalties for untimely payment) (the 'Base Amount');

5  plus … [i]nterest on the Base Amount from the Default Date until payment payable at the federal

6  judgment interest rate applicable as of the Confirmation Date" (Section 6.1.3(a)(1)(2) and (3)).

7       The second alternative treatment, entitled "Quarterly Payments" (Section 6.1.3(b)), allows

8  receipt of "value as of the Effective Date equal to 100% of its Allowed Secured Real Property Tax

9  Claim through equal Cash payments totaling the Allowed Amount of the Claim, including

10 applicable costs, fees or charges and plus any amounts payable under California Revenue &

11 Taxation Code §§ 2618 & 4103 (whether denominated as interest or penalties)…" Furthermore,

12 under this treatment, "Prepayments are permitted any time on or after the Effective Date, including

13 payment in full of the Allowed Amount of the Claim, including applicable costs, fees or charges

14 and plus any amounts payable under California Revenue & Taxation Code §§ 2618 & 4103…but

15 only with the consent of (and will be made if at the direction of a Lehman VD Lender."

16      However, as set forth below in greater detail, the VD Lender cannot confirm a plan which

17 proposes to alter the interest rate and penalties in which the County is entitled to, pursuant to

18 relevant Code sections and applicable state law.  Moreover, the County is "impaired" under the

19 plan and should be entitled to vote.

**D.    The County Is Not Required To File An Administrative Tax Claim Pursuant**
20
**To 11 U.S.C. Section 503(b)(1)(D)**
21
      The Lehman VD Lenders' Third Amended Plan incorrectly establishes an administrative
22
claims deadline for any governmental units holding tax claims, interest and penalties, as follows:
23
          All requests for payment of Administrative Claims by a
24        governmental unit for Taxes (and for interest and/or penalties
          related to such Taxes) for any tax year or period, all or any portion
25        of which occurs or falls within the period from and including the
          applicable Petition Date through and including the Effective Date
26        ("Administrative Tax Claims") and for which no bar date has
          otherwise previously been established, must be Filed and served on
27        the Liquidating Trustee on or before the later of: (1) sixty (60) days
          following the Effective Date; or (2) 180 days following the date
28

that the tax return for such tax year or period to which such Taxes relate is required to be filed with the applicable governmental unit. Any Holder of an Administrative Tax Claim that is required to File a request for payment of such Taxes and does not File and properly serve such a request by the applicable bar date shall be forever barred from asserting any such Administrative Tax Claims against the VD Plan Debtors, their properties or assets or the successors thereto, including, without limitation, the Liquidating Trustee, Lehman Nominees and the VD Plan Debtors' Estates.

See Third Amended Plan, pgs. 19-20, Section 4.1(b)(ii).

Under BAPCPA, 11 U.S.C. Section 503(b)(1)(D) was amended to read as follows:

(D) notwithstanding the requirements of subsection (a), a governmental unit shall not be required to file a request for the payment of an expense described in subparagraph (B) or (C), as a condition of its being an allowed administrative expense.

See 11 U.S.C. § 503(b)(1)(D).

Since the County asserts an administrative expense claim for unpaid post-petition taxes, penalties and interest against the Debtors' respective estates, the County is not required, pursuant to Section 503(b)(1)(D) of the Bankruptcy Code, to file a motion or make any "request[ ] for payment of Administrative Claims," in direct contravention of the Third Amended Plan. Accordingly, Section 4.1(b)(ii) must be amended by the Lehman VD Lenders to resolve this issue in favor of all governmental tax entities, including the County.

E.    **The Proposed Third Amended Plan Is Not Confirmable On Its Face**

In addition to the lack of disclosures regarding an attempt to preclude enforcement of property regulations, the Third Amended Plan is not confirmable on its face. *In re Beyond.com Corp.* (Bankr. N.D. Cal. 2003) 289 B.R. 138, 140). "Allowing a facially nonconfirmable plan to accompany a disclosure statement is both inadequate disclosure and a misrepresentation." The reasoning in denying approval of the disclosure statement which is accompanied by an unconfirmable plan is that the Court should not allow the estate to incur the cost of proceeding to confirmation when it is clear from the face of the Third Amended Plan that it is not confirmable.

The offending provisions in the Third Amended Plan are found in Section 5.8 (pgs. 92:21-93:18). In particular, the Plan proponent purports to seek a permanent injunction against "State

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1    official, employee, or other entity acting in an individual or official capacity on behalf of any State

2    or other governmental units, other than as to matters excepted from the automatic stay by

3    Bankruptcy Code § 362(b)(4), including, without limitation, the commencement or continuation of

4    an action or proceeding by a governmental unit to enforce such governmental unit's police and

5    regulatory power, including (a) the enforcement of a judgment other than a monetary judgment,

6    obtained in an action or proceeding by the governmental unit to enforce such governmental unit's

7    police or regulatory power and (b) certain remediation sought by the City of Oakland with respect

8    to the Oak Knoll Project to the extent any subsequent owner thereof would be liable therefore

9    under applicable non-bankruptcy law) shall be permanently enjoined from:

10       (a) taking any of the following actions on account of any such debt, Claim, or
         Interest: (1) commencing or continuing in any manner any action or other proceeding
11       against the VD Plan Debtors, the Liquidating Trustee or the Lehman Released Parties (or
         the successors or property of either of them); (2) enforcing, attaching, executing,
12       collecting, or recovering in any manner any judgment, award, decree, or order against the
         VD Plan Debtors, the Liquidating Trustee or the Lehman Released Parties (or the
13       successors or property of either of them); (3) creating, perfecting, or enforcing any Lien or
         encumbrance against the VD Plan Debtors, the Liquidating Trustee or the Lehman
14       Released Parties (or the successors or property of either of them); and (4) asserting any set
         off, right of subrogation, or recoupment of any kind against any obligation due to the VD
15       Plan Debtors, the Liquidating Trustee or the Lehman Released Parties (or the successors or
         property of either of them); and (b) challenging the Distributions to be effected by the Plan
16       or the classification of Claims or Interests set forth in the Plan, except as expressly
         provided in and permitted by the Plan.  Any Person injured by any willful violation of such
17       injunction will recover actual damages, including costs and attorneys' fees, and, in
         appropriate circumstances, may recover punitive damages from the willful violator."
18

19    However, a Chapter 11 Plan cannot purport to alter, eliminate, or otherwise interfere with

20    state or local police powers which are in place for the public good.  As is stated by the Court in

21    *Beyond.com*, the Plan proponent cannot include "freewheeling" provisions which seek to "rewrite"

22    applicable law.  Further, a Plan may not create a post-petition injunction in favor of non-debtor

23    third parties. (*In re American Hardwoods* (9th Cir. 1989) 885 F.2d 621, 624-25; *In re Sybaris*

24    *Clubs International, Inc.* (Bankr. N.D. Ill. 1995) 189 B.R. 152) 159 ("The Plan proposed by the

25    Debtor, which incorporates a non-consensual permanent injunction that protects non-debtor third

26    parties violates 11 U.S.C. § 1129(a)(1)).

27        The inability of a Chapter 11 Plan to alter existing law is especially pertinent with regard

28    to police powers.  In fact, such acts are not even subject to the automatic stay, and cannot be

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1 permanently enjoined by a Chapter 11 Plan in favor of the Debtor or Trustee, much less

2 unidentified third parties. (11 U.S.C. § 362(b)(4)). The County raises this objection given that the

3 Plan cannot purport to preclude enforcement of police powers in an effort to avoid liability for the

4 act and omissions which have caused the state of disrepair.

5 While the Plan may provide for the manner of selling the property, it cannot eliminate the

6 power of local and state law enforcement and other agencies from enforcing their police powers.

7 Any attempt to preclude enforcement of property regulations creates significant public policy

8 problems.

9 **F.    The Lehman VD Lenders' Proposal Re Certain Disputed Cure Amounts for**

10 **Secured Real Property Tax Claims Is Unreasonable, Unnecessary and Should**

11 **Not Be Required**

12 The Lehman VD Lenders' proposal to have the County to file an "Additional Damages or

13 Additional Interest" and "Damages Motion" and obtain the Court's approval is unreasonable,

14 unnecessary, and not required by any law or case.[5] In fact, as recently as of July 7, 2011, a

15 bankruptcy court judge in the Northern District of California issued an order as to the reasons (1)

16 how under 11 U.S.C. § 506(b) provides a secured creditor's claim include postpetition interest and

17 charges so long as the value of the collateral exceeds the value of the debt; (2) how 11 U.S.C. §

18 511 provides for 18% per annum Redemption Penalty, which is "Interest" within the meaning of

19 the Bankruptcy Code; (3) California Revenue and Taxation Code § 4103(b) is "applicable

20 nonbankruptcy law"; and (4) why the Real Property Tax Claim has not been "cured". See in re

21 McConville (Case No.11-50149 SLJ). A true and correct copy of the Order is attached hereto as

22 Exhibit "B".

23 Even arguendo that the Court agrees with the Lehman VD Lender's position, the money

24 deposited into the Plan Reserve would have to accrue interest at 1.5% per month, and the Lehman

25 VD lenders have not demonstrated the ability to obtain an account that would provide that

26 _____

27 [5] Out of abundance of caution, the County will file an Additional Damages Statement.

28

1 | statutory rate of interest.

2 | **G.    Limitation of Liability**

3 | The Third Amended Plan at pages 94:7-24, seeks a limitation of liability well beyond that

4 | provided in the safe harbor provisions of section 1125(e) of the Code.  There is no controlling

5 | Ninth Circuit authority to support such as extension of this code section.  As the Court is aware,

6 | there is liability to third parties coming from every direction in these cases.  Accordingly, the

7 | Court should strike this language from the plan, disclosure statement and order confirming plan.

8 | **H.    In re Entz-White and the Related Cases are Not Applicable**

9 | The Third Amended Plan with regard to Section 1124 (2) claims that the County claims are

10 | not impaired, and cites In re Entz- White Lumber Supply, Inc., 850 F. 2d 1338 (9th Cir. 1988),

11 | among other inapplicable authorities.  However, the Entz-White court dealt with a private loan,

12 | whereas here, the County's claims are for secured Ad-valorem taxes that are secured by statutory

13 | liens (Cal. Rev. & Tax Code, §§ 2187, 2192.1.).

14 | In addition the Lehman Plan proponents claim that courts (including the In re Morande

15 | Enterprises, Inc. case) have found non-interest claims may constitute penalties to be subordinated

16 | to other unsecured claims even without misconduct by the taxing authorities. The In Re Morande

17 | Enterprises, Inc. case was reversed and vacated by the District Court, an important factor that the

18 | Lehman Plan proponents failed to disclose to this Court.

19 | In a desperate attempt to misdirect this court and not pay the County's statutory claims in

20 | full, the Lehman Plan proponents rely on a case that was decided prior to the 2005 Bankruptcy

21 | Code Amendments referenced above. The In re Golden Ada, Inc. case (Bankr. N.D. Cal.,97-

22 | 30879, 97-30877, 97-30880, July 25, 2000). This Court should disregard the holdings in that case

23 | as it contrary with regard to the changes in the 2005 Bankruptcy Code Amendments that are

24 | referenced in the In re Mc Convillle and In re Bernbaum cases, supra.

25 | **IV.    CONCLUSION.**

26 | Based upon the foregoing, the County respectfully requests that this Court (i) sustain its

27 | Objection to the Lehman VD Lenders' *Third Amended* Joint Chapter 11 Plan For Eleven

28 | Voluntary Debtors Proposed By The Lehman VD Lenders; (ii) enter an Order denying

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

STECKBAUER
WEINHART
JAFFE, LLP

1 | confirmation of the *Third Amended* Plan in order to provide for the County's secured Proofs of

2 | Claim, which shall be allowed, in full, with redemption interest accruing at 18% per annum (1.5%

3 | per month), and 10% delinquent penalty as allowed by law; (iii) enter an Order requiring the

4 | Lehman VD Lenders to amend the *Third Amended* Plan so that the County need not be required to

5 | file an administrative tax claim pursuant to 11 U.S.C. § 503(b)(1)(D); (iv) deny the Lehman VD

6 | Lenders' request requiring the filing of claims and motions for disputed amounts; (v) deny the

7 | Lehman VD Lenders' demand for a proposed injunction; and (vi) provide such further relief as the

8 | Court deems just and proper.

9 | Dated: September 19, 2011          **STECKBAUER WEINHART JAFFE, LLP**

11 |                                   By:  */s/Barry S. Glaser*
                                           Barry S. Glaser
12 |                                    Attorneys for Attorneys for County of Los Angeles
                                        Tax Collector

1    **DECLARATION OF BONITA SANDOZ**

2    I, Bonita Sandoz, declare as follows:

3    1.    I am the Supervising Tax Service Clerk II for the Los Angeles County Tax

4    Collector (the "County"). As part of my job duties, I am responsible for calculating and analyzing

5    the amount of secured and unsecured taxes, including penalties, interest and other charges which

6    are owed to the County of Los Angeles by taxpayers who have filed bankruptcy. I submit this

7    declaration in support of the *Objection of the County of Los Angeles Tax Collector to Third*

8    *Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD*

9    *Lenders.* I have personal knowledge of the matters for which are stated herein and, if called upon

10    as a witness, I could and would competently testify thereto.

11    2.    Numerous changes have been made to the tax roll resulting in reduced assessments

12    for a large portion of the properties in this case. Additionally, new escaped assessment bills were

13    issued since filing of the County's last amended claims. Finally, payments have continued to post

14    into the week of April 25, 2011 for some of the current 2010 bills.

15    3.    As of September 2011, Debtors owe a significant amount of pre-petition and post-

16    petition taxes, which have accrued interest and penalty, as follows:

17    (A)    Tesoro SF, LLC's (08-17575) pre-petition and post-petition claims of $33,205.71

18    (tax year 2008) and $147,954.94 (tax years 2009 and 2010), respectively, have been

19    adjusted to $103,085.52. Since then, as of September 2011, the claim amounts have

20    increased to $108,407.77.

21

22    (B)    Palmdale Hills Properties, LLC's (08-17206) pre-petition and post-petition claims

23    of $1,037,377.11 (tax year 2008) and $1,852,270.26 (tax years 2009 and 2010),

24    respectively, have been adjusted to $3,008,044.29. Since then, as of September 2011, the

25    claim amounts have increased to $3,162,663.08.

26

27

28

20002.031/69394.10002.031/68977.10002.031/67646.1          24

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

(C)    SunCal Torrance Properties, LLC's (08-17472) pre-petition and post-petition claims of $635,348.93 (tax year 2008) and $569,929.51 (tax years 2009 and 2010), respectively, have been adjusted to $773,211.47. Since then, as of September 2011, the claim amounts have increased to $813,759.25.

(D)    LB/L SunCal Northlake, LLC's (08-17408) pre-petition and post-petition claims of $2,767,793.62 (tax year 2008) and $2,284,472.34 (tax years 2009 and 2010), respectively, have been adjusted to $3,368,181.76. Since then, as of September 2011, the claim amounts have increased to $3,545,068.34.

(E)    Acton Estates, LLC's (08-17236) pre-petition and post-petition claims of $171,724.55 (tax year 2008) and $317,593.73 (tax years 2009 and 2010), respectively, have been adjusted to $453,324.95. Since then, as of September 2011, the claim amounts have increased to $486,851.72.

8.    Thus, the total amount for all outstanding taxes in this case was $9,277,363.97 as of April 2011. Since then, as of September 2011, the claim amounts have decreased to $8,116,750.16.

9.    Attached hereto as Exhibit "A" is a break down of the amounts due to the County as of April 2011 and through December 2011.

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 19th day of September, 2011, at Los Angeles, California.

BONITA SANDOZ

| In re: | | CHAPTER: 11 |
|---|---|---|
| Palmdale Hills Property, LLC, and its Related Debtors | | |
| | Debtor(s). | CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 South Hope Street, Thirty-Sixth Floor, Los Angeles, California 90071-1406.

A true and correct copy of the foregoing document described as **OBJECTION OF THE COUNTY OF LOS ANGELES TAX COLLECTOR TO CONFIRMATION OF *THIRD AMENDED* JOINT CHAPTER 11 PLAN FOR ELEVEN VOLUNTARY DEBTORS PROPOSED BY THE LEHMAN VD LENDERS; DECLARATION OF BONITA SANDOZ IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d), and (b) in the manner indicated below:

I.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 19, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszjw.com
- Carollynn Callari    ccallari@venable.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com
- Geoffrey Crisp    geoffrey@smgarberlaw.com, michelle@smgarberlaw.com
- Jonathan S Dabbieri    dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com

20002.031/69403.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: | | CHAPTER: 11 |
| Palmdale Hill Property, LLC and its Related Debtors | | |
| | Debtor(s). | CASE NUMBER: 8:08-bk-17206-ES (Jointly Administered) |

- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Caroline Djang    cdjang@rutan.com
- Donald T Dunning    ddunning@dunningLaw.com
- Meredith R Edelman    meredith.edelman@dlapiper.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Don Fisher    dfisher@ptwww.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com, theresa.macaulay@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, shalimar.caltagirone@kirkland.com;alevin@kirkland.com
- Irene L Kiet    ikiet@hkclaw.com
- Claude F Kolm    claude.kolm@acgov.org
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com

20002.031/69403.11This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

In re:

Palmdale Hill Property, LLC and its Related Debtors

CHAPTER: 11

Debtor(s).

CASE NUMBER: 8:08-bk-17206-ES
(Jointly Administered)

- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@marshackhays.com
- Charles Liu    cliu@winthropcouchot.com
- John W Lucas    jlucas@pszjlaw.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com,
  vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Craig Millet    cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Scott H Olson    solson@seyfarth.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Daryl G Parker    dparker@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Robert J Pfister    rpfister@ktbslaw.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com, smcloughlin@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Gerald N Sims    jerrys@psdslaw.com, bonniec@psdslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com

20002.031/69403.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                F 9013-3.1

In re:

Palmdale Hill Property, LLC and its Related Debtors

CHAPTER: 11

Debtor(s).

CASE NUMBER: 8:08-bk-17206-ES
(Jointly Administered)

- Michael St James   ecf@stjames-law.com
- Michael K Sugar   msugar@irell.com
- Cathy Ta   cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem   davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till   jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh   cgunruh@sbcglobal.net
- Annie Verdries   verdries@lbbslaw.com
- Jason Wallach   jwallach@gladstonemichel.com
- Joshua D Wayser   , kim.johnson@kattenlaw.com
- Marc J Winthrop   mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood   dwiseblood@seyfarth.com
- Brett K Wiseman   bwiseman@aalaws.com
- Dean A Ziehl   dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman   joshuasdaddy@att.net

☐ Service Information continued on attached page.

II.   **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On September 19, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express**
The Honorable Erithe A. Smith
U.S. Bankruptcy Court
411 W. Fourth Street, Ste. 2030
Santa Ana, CA 92701

Richard B Andrade
Andrade & Associates
27101 Puerta Real Ste 120
Mission Viejo, CA 92691-8518

Patricia D Barrett
Law Office of Patricia D Barrett
846 W Foothill Blvd Ste M
Upland, CA 91786

Christopher Cullen
Lanak & Hanna
625 The City Drive, Ste. 190
Orange, CA 92868-4983

Tab L K Artis
301 N Lake Ave 7th Fl
Pasadena, CA 91101

Shaaron A Bangs
Crawford & Bangs
1290 E Center Ct Dr
Covina, CA 91724

William Bissell
110 Newport Center Dr Ste 200
Newport Beach, CA 9266

Christopher J Brantingham
Brice E Bryan & Assoc
23945 Calabasas Rd
Calabasas, CA 91302

20002.031/69403.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

In re:

Palmdale Hill Property, LLC and its Related Debtors

Debtor(s).

John W Busby
251 Lafayette Circle Ste 350
Lafayette, CA 94549

Brent S Clemmer
Slovak Baron & Empey LLP
1800 E Tahquitz Cyn Wy
Palm Springs, CA 92262

Delta Coves Venture LLC
2392 Morse
Irvine, CA 92614

Francis T Donohue
Voss, Cook & Thel LLP
895 Dove Street Suite 450
Newport Beach, CA 92660

Sheldon L Greene
Greene & Allison LLP
100 Montgomery St Ste 1600
San Francisco, CA 94104

William R Hart
Hart King & Coldren
200 Sandpointe Fourth Fl
Santa Ana, CA 92707

Andrew C Kienle
200 Sandpointe, 4th Fl
Santa Ana, CA 92707

Wayne Lee
468 Jade Tree Drive
Monterey Park, CA 91754

William R Baerg
Monteleone & McCrory LLP
725 S Figueroa St #3200
Los Angeles, CA 90017

Wayne W Call
Call & Jensen
610 Newport Ctr Dr Ste 700
Newport Beach, CA 92660

Adrianna M Corrado
Lanak & Hanna
400 N Tustin Ave Ste 120
Santa Ana, CA 92705-3815

Donald B Devirian
Devirian & Shinmoto
11400 W Olympic Blvd Ste 200
Los Angeles, CA 90064

Norman A. Filer
500 N. State College Bl., #1270
Orange, CA 92868

Stanley Haren
Gill & Baldwin
130 N Baldwin Blvd #405
Glendale, CA 91203

Ironhouse Sanitary District
Henn Etzel and Moore
1970 Broadway Ste 950
Oakland, CA 94612

Vivian Le
Gary R King & Associates
30950 Rancho Viejo Rd Ste 155
San Juan Capistrano, CA 92675

Mark E McKane
Kirkland & Ellis LLP
555 California St
San Francisco, CA 94104

Gerald W Mouzis
The Mouzis Law Firm APC
13681 Newport Ave Ste 8-605
Tustin, CA 92680

20002.031/69403.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                              F 9013-3.1

| In re: | | |
|---|---|---|
| Palmdale Hill Property, LLC and its Related Debtors | | CHAPTER: 11 |
| | Debtor(s). | CASE NUMBER: 8:08-bk-17206-ES<br>(Jointly Administered) |

Howard S Nevins
2150 River Plaza Dr Ste 450
Sacramento, CA 95833

Richard Pachulski
10100 Santa Monica Bl Ste 1100
Los Angeles, CA 90067-4003

Martin Pritikin
Miller Barondess, LLP
1999 Avenue of the Stars, Ste 1000
Los Angeles, CA 90067

Regal Development LLC
c/o Benjamin M Weiss
12770 High Bluff Dr
Ste 160
San Diego, CA 92130

SQUAR, MILNER, MIRANDA &
WILLIAMSON, LLP
4100 Newport Place, Third Floor
Newport Beach, CA 92660

Gene H Shioda
Law Office of Gene H Shioda
5757 West Century Blvd Ste 700
Los Angeles, CA 90045

Kimberly A Soyer
251 Lafayette Cir, Ste 350
Lafayette, CA 94549

SunCal Century City LLC
2392 Morse
Irvine, CA 92614

SunCal Marblehead LLC
2392 Morse
Irvine, CA 92614

SunCal Torrance Properties LLC

Raymond D Scott
1835 W Orangewood Ave Ste 255
Orange, CA 92868

Thomas A Pistone
Pistone & Wolder, LLP
2020 Main Street Suite 900
Irvine, CA 92614

J Patrick Ragan
1881 S Business Center Dr Suite 7b
San Bernardino, CA 92408

SQUAR, MILNER, MIRANDA &
WILLIAMSON, LLP
4100 Newport Place, Third Floor
Newport Beach, CA 92660

Laurie A Shade
333 W Santa Ana Blvd Ste 407
PO Box 1379
Santa Ana, CA 92702-1379

Edward Soto
1395 Brickell Ave Ste 1200
Miami, FL 33131

Joseph L Strohman
Ferguson Case Orr Paterson LLP
1050 S Kimball Rd
Ventura, CA 93004

SunCal Heartland LLC
2392 Morse
Irvine, CA 92614

SunCal PSV LLC
2392 Morse
Irvine, CA 92614

Dina Tasini

20002.031/69403.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

In re:
Palmdale Hill Property, LLC and its Related Debtors

Debtor(s).

CHAPTER: 11

CASE NUMBER: 8:08-bk-17206-ES
(Jointly Administered)

2392 Morse
Irvine, CA 92614

Tasini and Associates
2126 Grant St
Berkeley, CA 94703

Theresa C Tate
Crawford & Bangs LLP
1290 E Center Crt Dr
Covina, CA 91724

Robert S Throckmorton
Throckmorton, Beckstrom & Tomassian,
LLP
2 Corporate Park, Ste 210
Irvine, CA 92606-5115

Elizabeth A Walters
3365 Seventh Ave
San Diego, CA 92103

Douglas F Welebir
Welebir Tierney & Weck
2068 Orange Tree Ln Ste 215
Redlands, CA 92374

Counsel for Joint Provisional Liquidators of Lehman
RE LTD [RSN]
Betty M. Shumener, Esq.
DLA PIPER LLP (US)
550 South Hope Street, Ste. 2300
Los Angeles, CA 90071

Counsel for the Lehman VD Lenders
Shai Waisman, Esq.
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY 10153-0119

☐ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):  Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| September 19, 2011 | Patricia Dillamar | /S/ Patricia Dillamar |
| Date | Type Name | Signature |

20002.031/69403.11This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1