1  IRELL & MANELLA LLP
   Alan J. Friedman (State Bar No. 132580)
2  afriedman@irell.com
   Howard J. Steinberg (State Bar No. 89291)
3  hsteinberg@irell.com
   840 Newport Center Drive, Suite 400
4  Newport Beach, California 92660-6324
   Telephone:   (949) 760-0991
5  Facsimile:   (949) 760-5200

6  Counsel for the Official Committee of
   Unsecured Creditors in
7  Chapter 11 Cases of Palmdale Hills
   Property, LLC et al.

8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    SANTA ANA DIVISION

12  In re                                    Case No. 8:08-bk-17206- ES
    PALMDALE HILLS PROPERTY, AND ITS
13  RELATED DEBTORS,                         Jointly Administered With Case Nos.
                                             8:08-bk-17209-ES; 8:08-bk-17240-ES;
              Joint Administered Debtors and 8:08-bk-17224-ES; 8:08-bk-17242-ES;
14            Debtors-in-Possession          8:08-bk-17225-ES; 8:08-bk-17245-ES;
                                             8:08-bk-17227-ES; 8:08-bk-17246-ES;
15  Affects:                                 8:08-bk-17230-ES; 8:08-bk-17231-ES;
    ☐ All Debtors                            8:08-bk-17236-ES; 8:08-bk-17248-ES;
16  ☐ Palmdale Hills Property, LLC           8:08-bk-17249-ES; 8:08-bk-17573-ES;
    ☒ SunCal Beaumont Heights, LLC           8:08-bk-17574-ES; 8:08-bk-17575 ES;
17  ☐ SCC/Palmdale, LLC                      8:08-bk-17404-ES; 8:08-bk-17407-ES;
    ☒ SunCal Johannson Ranch, LLC            8:08-bk-17408-ES; 8:08-bk-17409-ES;
18  ☐ SunCal Summit Valley, LLC              8:08-bk-17458-ES; 8:08-bk-17465-ES;
    ☐ SunCal Emerald Meadows LLC             8:08-bk-17470-ES; 8:08-bk-17472-ES
19  ☐ SunCal Bickford Ranch, LLC             8:08-bk-17588-ES
    ☐ Acton Estates, LLC
20  ☐ Seven Brothers LLC
    ☐ SJD Partners, Ltd.                     Chapter 11 Cases
21  ☐ SJD Development Corp.
    ☐ Kirby Estates, LLC                     OBJECTION AND RESERVATION OF
22  ☐ SunCal Communities I, LLC              RIGHTS OF OFFICIAL COMMITTEE
    ☐ SunCal Communities III, LLC            OF UNSECURED CREDITORS OF THE
23  ☐ SCC Communities LLC                    VOLUNTARY DEBTORS WITH
    ☐ North Orange Del Rio Land, LLC         RESPECT TO THE THIRD AMENDED
24  ☐ Tesoro SF LLC                          CHAPTER 11 PLAN FILED BY SUNCAL
    ☐ LBL-SunCal Oak Valley, LLC             PLAN PROPONENTS IN THE CHAPTER
25  ☐ SunCal Heartland, LLC                  11 CASES OF SUNCAL BEAUMONT
    ☐ LBL-SunCal Northlake, LLC              HEIGHTS, LLC AND  SUNCAL
26                                           JOHANNSON RANCH, LLC [GROUP II:
27       *Caption Continued on Next Page*    VOLUNTARY DEBTORS]

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1

2  ☐ SunCal Marblehead, LLC
   ☐ SunCal Century City, LLC
3  ☐ SunCal PSV, LLC
   ☐ Delta Coves Venture, LLC
4  ☐ SunCal Torrance, LLC
   ☐ SunCal Oak Knoll, LLC
5

Hearing:
Date:  October 24, 2011
Time:  9:30 a.m.
Place:  Courtroom 5A

6  **TO THE HONORABLE ERITHE SMITH, UNITED STATES**

7  **BANKRUPTCY JUDGE, THE RELATED DEBTORS, THE OFFICE OF THE UNITED**

8  **STATES TRUSTEE, AND ALL OTHER PARTIES-IN-INTEREST:**

9      The Official Joint Committee of Creditors Holding Unsecured Claims (the "Committee"),

10  duly appointed in the related jointly administered chapter 11 cases of Palmdale Hills Property,

11  LLC, SunCal Beaumont Heights, LLC, SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC,

12  SunCal Summit Valley, LLC, SunCal Emerald Meadows, LLC, SunCal Bickford Ranch, LLC,

13  Acton Estates, LLC, Seven Brothers, LLC, SJD Partners, Ltd., SJD Development Corp., Kirby

14  Estates, LLC, SunCal Communities I, LLC, SunCal Communities III, LLC, SCC Communities

15  LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the "Voluntary Debtors"),[1] hereby

16  submits this Objection and Reservation of Rights with respect to the *Third Amended Chapter 11*

17  *Plan Filed by SunCal Plan Proponents in the Chapter 11 Cases of Palmdale Hills Property,*

18  *LLC, SunCal Bickford Ranch, LLC, SunCal Emerald Meadows, LLC and Acton Estates, LLC*

19  *[Group I: Voluntary Debtors]* (the "SunCal II[2] Plan").[3]

20      [1] The Voluntary Debtors' Chapter 11 cases are jointly administered with the following nine (9)
21  related entities: LBL-SunCal Oak Valley, LLC, SunCal Heartland, LLC, LBL-SunCal Northlake, LLC,
    SunCal Marblehead, LLC, SunCal Century City, LLC, SunCal PSV, LLC, Delta Coves Venture, LLC,
22  SunCal Torrance, LLC, SunCal Oak Knoll, LLC (the "Trustee Debtors"). A Chapter 11 Trustee has been
    appointed in the Trustee Debtors' Chapter 11 cases (the "Trustee") and a separate committee of unsecured
23  creditors was established. The Voluntary Debtors and the Trustee Debtors are hereinafter collectively
    referred to as the "Related Debtors."

24      [2] Capitalized terms not otherwise defined herein have the meaning set forth in the SunCal II Plan
    and Disclosure Statement.

25
        [3] The SunCal plan proponents have filed four separate plans and four separate disclosure
26  statements. The Committee notes that the prior versions of the SunCal plans accounted for all seventeen
    of the Voluntary Debtors. However, the current versions of the SunCal plans omit six of the Voluntary
27  Debtors: (1) SCC/Palmdale, LLC; (2) SunCal Summit Valley, LLC; (3) Seven Brothers LLC; (4) Kirby
    Estates, LLC; (5) SunCal Communities I, LLC; and (6) SunCal Communities III, LLC. The SunCal plan
28  proponents have provided no explanation for the omission of these Voluntary Debtors from the plans or
    how the cases of these debtors will ultimately be resolved.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496304

- 2 -

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS RE THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL BEAUMONT HEIGHTS,
LLC AND SUNCAL JOHANNSON RANCH, LLC [GROUP I: VOLUNTARY DEBTORS]

# I.

## PRELIMINARY STATEMENT

Save for the resolution of some disputed bond claims, given the values ascribed to the underlying assets to be sold, the Unsecured Creditors in these cases should be paid in full. This conclusion is buttressed by the treatment afforded to the Unsecured Creditors in a competing plan filed by the Lehman Lenders.

The key to insuring a successful recovery for creditors is proper management of the sales process. Yet, the Voluntary Debtors' Committee has an extremely limited role post Confirmation, relegated to having the ability to merely file objections to acts taken by the Plan Trustee, who happens to be the indirect parent of the Debtors. This is not proper and the Plan should be modified to insure that the Voluntary Debtors' Committee has sufficient control of the disposition of assets so that creditors can be assured that their interests are fully and properly protected. In addition, there are a number of other impediments to Confirmation that must be addressed.

# II.

## THE SUNCAL II PLAN CANNOT BE CONFIRMED

Regardless of whether SunCal II's Plan is approved by all classes of creditors entitled to vote, it cannot be confirmed. "The debtor carries the burden of proving that a Chapter 11 plan complies with the statutory requirements for confirmation under §§ 1129(a) & (b)." *United States of America, v. Arnold and Baker Farms (In re Arnold and Baker Farms)*, 177 B.R. 648, 654 (B.A.P. 9th Cir. 1994), aff'd, 85 F.3d 1415 (9th Cir. 1996), cert. denied, 519 U.S. 1054, 117 S. Ct. 681 (1997). Further, even in the absence of objections by interested parties, the Court has an affirmative duty to ensure that a plan satisfies all requirements of the Bankruptcy Code before it can confirm a plan. *See In re Ambanc La Mesa Limited Partnership*, 115 F.3d 650, 653 (9th Cir. 1997), cert. denied, 522 U.S. 1110, 118 S. Ct. 1039 (1998).

Section 1129(a) sets forth sixteen requirements, all of which must be met before a court may confirm a plan. A court must confirm a plan if the plan proponent proves by a preponderance of the evidence either (1) that the plan satisfies all sixteen requirements of

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496304

- 3 -

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS RE THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL BEAUMONT HEIGHTS,
LLC AND SUNCAL JOHANNSON RANCH, LLC [GROUP II: VOLUNTARY DEBTORS]

1   11 U.S.C. § 1129(a), or (2) if the only condition not satisfied is the eighth requirement, 11 U.S.C.

2   § 1129(a)(8), a plan satisfies the "cramdown" alternative to this condition found in 11 U.S.C.

3   § 1129(b), which requires that the plan "does not discriminate unfairly" against and "is fair and

4   equitable" towards each impaired class that has not accepted the plan. See *Arnold and Baker*,

5   177 B.R. at 654.

6   **A.    THE SUNCAL II PLAN MAY NOT BE FEASIBLE AS REQUIRED BY**

7   **§ 1129(a)(11)**

8         Pursuant to § 1129(a)(11), a plan of reorganization may be confirmed only if

9   "Confirmation of the plan is not likely to be followed by the liquidation, or the need for further

10  financial reorganization, of the debtor or any successor to the debtor under the plan, unless such

11  liquidation or reorganization is proposed in the plan." The plan proponent is obliged to provide

12  the court and creditors with sufficient information to make a feasibility determination. See *In re*

13  *Walker,* 165 B.R. 994, 1004-05 (E.D. Va. 1994). A court may not confirm a plan of

14  reorganization when the plan is nothing more than a visionary scheme which promises creditors

15  and equity security holders more than it can possibly deliver. *In re Pizza of Hawaii,* 761 F.2d

16  1374, 1382 (9th Cir. 1985). A plan constitutes a visionary scheme when a plan proponent cannot

17  show that a plan has a reasonable chance of success. *In re Acequia, Inc.,* 787 F.2d 1352, 1364

18  (9th Cir. 1986); *In re Save Our Spring Alliance Inc.,* 388 B.R. 202, 241 (Bankr. W.D. Tex. 2009)

19  (finding plan infeasible when debtor had only intention of contributing money necessary to

20  effectuate the reorganization plan); *In re Repurchase Corp.,* 332 B.R. 336, 342-343 (Bankr. N.D.

21  Ill. 2005) (finding plan infeasible when the plan relied on speculative funding), aff'd, 2008 WL

22  4379035 (N.D. Ill. 2008).

23        The SunCal II Plan provides that a loan will be made to the Group II Voluntary Debtors

24  by LitCo if "no other source is available from the applicable Group II: Voluntary Debtor's

25  Assets." (Plan, §2.1.179, p.13) It is apparent that the Group II Voluntary Debtors do not have

26  sufficient assets to fund the Plan[4]. As of July 2011, there were over $215,000 in Administrative

27  and Priority Claims, and this number has certainly grown since then. As of the same time period,

28      [4] For example, the Group II Voluntary Debtors are jointly and severally liable for the
payment of professionals' fees. To date, the unpaid fees exceed $2 million.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 4 -

1  the Group II Voluntary Debtors had less than $107,000 in cash on hand.  (Disclosure Statement,

2  p. 27)  No explanation is provided as to how the shortfall will be bridged.

3       Obtaining a loan from LitCo is anything but assured.  Loans from LitCo are required with

4  respect to all four plans propounded by the SunCal Plan Proponents, and many millions of

5  dollars are needed.  Absent this funding, the Group II Plan cannot be consummated.  The Post

6  Confirmation Expenses that need to be funded include litigation costs, which may be millions of

7  dollars.  Separate and apart from the litigation with the Lehman Entities, the claims asserted by

8  Arch and Bond Safeguard are in excess of $100 million and must be addressed before

9  distributions can be made to creditors.  (Disclosure Statement, p. 27)

10       The SunCal Plan Proponents do not mention in the Disclosure Statement that there is

11  uncertainty with respect to obtaining the LitCo Plan Loan.  The Court is requested to take judicial

12  notice of the admissions pertaining to same contained in the disclosure statement filed in support

13  of SunCal Plan I. Fed R. Evid. 201, as made applicable by Bankruptcy Rule 9017; *Mullis v. U.S.*

14  *Bankruptcy Court*, 828 F. 2d 1385, 1388 n. 9 (9th Cir. 1987) (taking judicial notice of pleadings,

15  orders, and other papers in the court file in another action).  The factual statements in that

16  disclosure statement are judicial admissions and are binding on the SunCal Plan Proponents. See

17  e.g., *In re Frascella Enterprises, Inc.*, 2008 WL 2951115 (Bankr. E.D.Pa. 2008) (admissions in

18  disclosure statement binding); *Sovran Bank, N.A. v. Anderson*, 743 F.2d 223, 225 (4th Cir. 1984)

19  (admission in schedules binding); *In re Gourdin*, 431 B.R. 885, 891-92 (B.A.P. 1st Cir. 2010)

20  (admissions in pleadings or stipulations binding).  There, the SunCal Plan Proponents in those

21  cases acknowledge when referencing the LitCo Plan Loan that this funding obligation must come

22  from unidentified "investors/lenders," with "no guarantee that such funding will be obtained."

23  (SunCal Plan I Disclosure Statement, p. 93)  As such, funding for the LitCo Plan Loan is

24  presently illusory and confirmation of the Plan is not feasible.

25  **B.**    **THE SUNCAL I PLAN FAILS TO COMPLY WITH  §1129(a)(1)**

26       Section 1129(a)(1) provides as follows:

27       (a)  The court shall confirm a plan only if all of the following requirements are met:

28            (1) The plan complies with the applicable provisions of this title.

1    The SunCal II Plan violates this restriction because it fails to comply with § 502(a).

2        Section 502(a) provides as follows:

3            A claim or interest, proof of which is filed under section 501 of this

        title, is deemed allowed, unless a party in interest, including a

4            creditor of a general partner in a partnership that is a debtor in a

        case under chapter 7 of this title, objects.

5

6        Section 9.1 of the SunCal II Plan violates the provisions of § 502(a). Section 9.1 provides

7    the Plan Trustee with the exclusive right to object to Claims, save for claims of SunCal related

8    entities. Since this plan provision violates § 502(a), the SunCal II Plan fails to satisfy the

9    requirements of § 1129(a)(1).

10    **C.    THE SUNCAL II PLAN IS NOT PROPOSED IN GOOD FAITH AS REQUIRED**

11           **BY § 1129(a)(3)**

12        A plan cannot be confirmed if it has not "been proposed in good faith and not by any

13    means forbidden by law." §1129(a)(3). A number of courts have recognized that good faith

14    requires "a reasonable likelihood that the plan will achieve a result consistent with the objectives

15    and purposes of the Bankruptcy Code." *In re Madison Hotel Assoc.,* 749 F.2d 410, 425 (7th Cir.

16    1984). "Good faith" also requires the bankruptcy court to review the proposed plan to make sure

17    it reflects "a fundamental fairness in dealing with one's creditors." *Id.* at 425. *In re Stolrow's,*

18    *Inc.,* 84 B.R. 167, 172 (B.A.P. 9th Cir. 1988).

19        As explained by the Seventh Circuit:

20            the important point of inquiry is the plan itself and whether such

        plan will fairly achieve a result consistent with the objectives and

21            purpose of the Bankruptcy Code . . . The plan "must be viewed in

        light of the totality of the circumstances surrounding confection

22            of the plan . . . ."

23    *In re Madison Hotel Assoc.,* 749 F.2d at 425; *Texas Extrusion Corp. v. Lockheed Corp. (In re*

24    *Texas Extrusion Corp.),* 844 F.2d 1142, 1160 (5th Cir. 1988), cert. denied, 488 U.S. 926, 109 S.

25    Ct. 311 (1988).

26        Assuming that uncertainties regarding Plan funding will be satisfied, it remains unclear

27    when the Confirmation Date and the Effective Date will take place. The Confirmation Date is

28    defined as the date of entry of the Confirmation Order, but there is no deadline date by which the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS RE THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL BEAUMONT HEIGHTS,
LLC AND  SUNCAL JOHANNSON RANCH, LLC [GROUP II: VOLUNTARY DEBTORS]

1  Confirmation Order must be entered. (SunCal II Plan, §2.1.38, p. 9)  The Effective Date is

2  defined as no later than 30 days after the Confirmation Date, but this can be extended with no

3  sunset date provided there is court approval. (SunCal II Plan, §2.1.52, p. 10-11)  Accordingly, it

4  is impossible to ascertain if and when creditors will be paid under the Plan.

5          One of the important elements of a chapter 11 plan is the prompt payment of creditors.  *In*

6  *re Walker,* 165 B.R. 994, 1001 (E.D. Va. 1994).  The district court noted this principle as

7  follows:

8          Indeed, prompt payment of creditors is a primary objective of a
           Chapter 11 reorganization. See, *In re Kemp,* 134 B.R. 413, 415
9          (Bankr. E.D. Cal. 1991) (citing *In re Hoosier Hi-Reach, Inc.,* 64 B.R. 34, 38
           (Bankr. S.D. Ind. 1986).  Accordingly, the failure of a debtor to use the
10         full reach of its disposable resources to repay creditors is evidence
           that a plan is not proposed in good faith because such conduct
11         frustrates this objective.

12

13         Deadline dates for entry of the Confirmation Order and Effective Date must be imposed

14  to insure that the cases do not languish at the expense of the Unsecured Creditors.  Absent same,

15  creditors will not be promptly paid.

16  **D.      THE SUNCAL II PLAN IS NOT FAIR AND EQUITABLE**

17         Under §1129(b)(1), a plan can only be confirmed if it "does not discriminate unfairly, and

18  is fair and equitable, with respect to each class of claims or interests that is impaired under, and

19  has not accepted, the plan."  Section 1129(b) requires the following:

20         Notwithstanding section 510(a) of this title, if all of the applicable requirements of
           subsection (a) of this section other than paragraph (8) are met with respect to a plan,
21         the court, on request of the proponent of the plan, shall confirm the plan notwithstanding
           the requirements of such paragraph if the plan does not discriminate unfairly, and is
22         fair and equitable, with respect to each class of claims or interests that is impaired under,
           and has not accepted, the plan.
23

24  These are the minimum technical requirements.  "However, technical compliance with all the

25  requirements in § 1129(b)(2) does not assure that the plan is "fair and equitable." *Fed. Savings &*

26  *Loan Ins. Corp. v. D&F Constr., Inc. (In re D&F Constr., Inc.),* 865 F.2d 673, 675 (9th Cir.

27  1989).  Rather, "[a] court must consider the entire plan in the context of the rights of the creditors

28  under state law and the particular facts and circumstances when determining whether a plan is

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

2496304

- 7 -

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS RE THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL BEAUMONT HEIGHTS,
LLC AND  SUNCAL JOHANNSON RANCH, LLC [GROUP II: VOLUNTARY DEBTORS]

1  "fair and equitable." *Id.* Thus, even if SunCal II's Plan satisfied the technical requirements of

2  § 1129(b), which it does not, it would still be unconfirmable.

3       The SunCal II Plan is not fair and equitable because it improperly provides for an

4  unqualified right to a breakup fee.  A Qualifying Bidder has a right to receive a 2.5% breakup

5  fee. (Plan, § 2.1.22, p. 6, § 2.1.68, p. 12)  While numerous courts have awarded breakup fees to

6  parties who make an initial bid in a bankruptcy sales process, courts have been loathe to award

7  breakup fees where the recipient is an Affiliate or insider (as defined by § 101(31)).  See, *In re*

8  *Bidermann Industries U.S.A., Inc.*, 203 B.R. 547, 552-53 (Bank. S.D.N.Y. (1997).

9       In these cases, no prospective purchaser has been identified[5], but neither have the

10  categories of prospective purchasers been limited.  There is no restriction on who may be a

11  Qualifying Bidder. (Plan, § 2.1.110, p. 18)  Exceptional circumstances should have to be

12  demonstrated to justify payment of a breakup fee to an Affiliate or insider, and until and unless

13  this is done, the Plan should not provide a breakup fee to such Persons.  The Plan creates an

14  opportunity for mischief since the plan proponents choose the Qualifying Bidder (Plan, § 7.2,

15  p. 31)  Accordingly, the Plan must restrict the right of an Affiliate or insider to receive a breakup

16  fee.

17  **E.**    **THE PLAN MAY VIOLATE THE ABSOLUTE PRIORITY RULE IN**

18      **§1129(b)(2)(B)(ii)**

19       The Plan provides that Acquisitions will be the Plan Trustee of the Plan Trust. (Plan

20  § 7.7.1, p. 34)  Acquisitions is an indirect parent company of all of the Debtors. (Plan, § 2.1.1,

21  p. 3)  The Plan Trustee is afforded a broad panoply of powers, including the right to prosecute

22  and settle all litigation and sell Assets. (Plan, § 7.7.3, p. 34-35)  In addition there are no grounds

23  set forth in the Plan for removal of the Plan Trustee.  Conversely, the Voluntary Debtors'

24  Committee is afforded very limited authority outside of the ability to file objections to certain

25  types of proceedings. (Plan, § 7.16.1, p. 41-42)  Other parties in interest are afforded even less

[5] Recently, the SunCal Plan Proponents filed a motion seeking to establish bid procedures for the sale of certain assets, including the assets provided by the SunCal II Plan.  In that motion, a prospective buyer was identified and the breakup fee was omitted.  Assuming that the SunCal Plan Proponents opt to modify the SunCal II plan to be consistent with that motion, certain of these objections are resolved.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496304

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS RE THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL BEAUMONT HEIGHTS, LLC AND SUNCAL JOHANNSON RANCH, LLC [GROUP II: VOLUNTARY DEBTORS]

1  rights. For instance, only the Voluntary Debtors' Committee is afforded the right to review the

2  Plan Trustee's Books and Records (Plan, § 7.11, p. 39)

3       The "absolute priority rule" states that existing equity may not receive anything on

4  account of its interest in the debtor unless all other senior classes are paid in full. *Bank of*

5  *America Nat'l Trust and Savings Assoc. v. 203 North LaSalle Partnership*, 526 U.S. 434, 119

6  S.Ct. 1411(1999). Section 1129(b)(2) defines in pertinent part the parameters of the absolute

7  priority rule:

8       (2) For the purposes of this subsection, the condition that a plan be fair
     and equitable with respect to a class includes the following requirements:

9

10     . . .

11       (B) With respect to a class of unsecured claims –

12            (i) the plan provides that each holder of a claim of such
          class receive or retain on account of such claim property of
          a value, as of the effective date of the plan, equal to the

13            allowed amount of such claim; or

14            (ii) the holder of any claim or interest that is junior to the
          claims of such class will not receive or retain under the

15            plan on account of such junior claim or interest any
          property. . .

16

17       Courts have recognized that the ability to control a company or assets is value for

18  purposes of the absolute priority rule. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 208,

19  108 S.Ct. 963 (1988) ("[E]ven in a sole proprietorship, where 'going concern' value may be

20  minimal, there may still be some value in the control of the enterprise."); *In re Introgen*

21  *Therapeutics, Inc.*, 429 B.R. 570, 586 (Bankr. W.D. Tex. 2010) ("[C]ontrol over a company will

22  be considered a property interest for purposes of determining whether there is a violation of the

23  absolute priority rule.").

24       The relationships and issues between SunCal and the Lehman Entities are expansive and

25  complex, involve at least 26 Debtors, and far transcends the property sales addressed in these

26  cases and the Litigation Claims. As such, the ability to control the disposition of the assets and

27  litigation is quite valuable to the SunCal Plan Proponents. Absent a significant grant of power

28  and authority to the Voluntary Debtors' Committee with respect to the Plan Trust, the SunCal II

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496304

- 9 -

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS RE THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL BEAUMONT HEIGHTS,
LLC AND SUNCAL JOHANSSON RANCH, LLC [GROUP II: VOLUNTARY DEBTORS]

1 │ Plan's provisions granting Acquisitions control of the Plan Trust may violate the absolute priority

2 │ rule[6].

3 │ **III.**

4 │ **RESERVATION OF RIGHTS**

5 │     The Committee reserves the right to make additional confirmation objections at the

6 │ confirmation hearing.

7 │ **IV.**

8 │ **CONCLUSION**

9 │     Based upon the inadequacies in the SunCal II Plan, the Committee requests that the Court

10 │ deny approval of the SunCal II Plan unless there are modifications that address the concerns

11 │ raised herein.

12 │ Dated: September 19, 2011                                IRELL & MANELLA LLP

13 │

14 │

15 │                                                         By: _____

16 │                                                         Alan J. Friedman
        │                                                         Howard J. Steinberg

17 │                                                         Counsel for the Official Unsecured
        │                                                         Creditors Committee in Chapter 11 Cases
        │                                                         of Palmdale Hills Property, LLC et al.

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │     [6] It appears that Unsecured Creditors may be paid in full with interest, thereby avoiding

28 │ the pitfalls of the absolute priority rule.  However, this will not be known until months after
        │ confirmation has taken place.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496304

1

## PROOF OF SERVICE OF DOCUMENT

2   I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business
    address is: 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660-6324
3

4   A true and correct copy of the foregoing document described as **OBJECTION AND
    RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED
5   CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT TO THE THIRD
    AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE
6   CHAPTER 11 CASES OF SUNCAL BEAUMONT HEIGHTS, LLC AND  SUNCAL
    JOHANNSON RANCH, LLC [GROUP II: VOLUNTARY DEBTORS]** will be served or was
7   served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the
    manner indicated below:

8   **I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to
    controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served
9   by the court via NEF and hyperlink to the document. On <u>September 19, 2011</u>, I checked the CM/ECF
    docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are
10  on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

11                                ☒  Service information continued on attached page

12  **II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
    On <u>September 19, 2011,</u> I served the following person(s) and/or entity(ies) at the last known address(es)
13  in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
    envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service
14  addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u>
    completed no later than 24 hours after the document is filed.
15

16                                ☒  Service information continued on attached page

17  **III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for
    each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 19, 2011, I
18  served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in
    writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here
19  constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after
    the document is filed.

20  <u>CAUSED TO BE SERVED BY PERSONAL DELIVERY/MESSENGER</u>
    Chambers of the Honorable Erithe A. Smith
21  United States Bankruptcy Court
    Ronald Reagan Federal Bldg., Bin Outside Room 5097
22  411 W. Fourth Street
    Santa Ana, CA 92701-4593
23
                                  ☐  Service information continued on attached page
24

25  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true
    and correct.
26

    | 9/19/11 | Leslie Wolchuck | /s/ Leslie Wolchuck |
    |---------|-----------------|---------------------|
27  | Date    | Type Name       | Signature           |

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

2496304

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS RE THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL BEAUMONT HEIGHTS,
LLC AND  SUNCAL JOHANNSON RANCH, LLC [GROUP II: VOLUNTARY DEBTORS]

**SERVICE VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com

- Joseph M Adams    jadams@sycr.com

- Raymond H Aver    ray@averlaw.com

- James C Bastian    jbastian@shbllp.com

- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com

- John A Boyd    fednotice@tclaw.net

- Mark Bradshaw    mbradshaw@shbllp.com

- Gustavo E Bravo    gbravo@smaha.com

- Jeffrey W Broker    jbroker@brokerlaw.biz

- Brendt C Butler    bbutler@mandersonllp.com

- Andrew W Caine    acaine@pszyjw.com

- Carollynn Callari    ccallari@venable.com

- Cathrine M Castaldi    ccastaldi@rusmiliband.com

- Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com

- Dan E Chambers    dchambers@jmbm.com

- Shirley Cho    scho@pszjlaw.com

- Vonn Christenson    vrc@paynefears.com

- Brendan P Collins    bpcollins@bhfs.com

- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

- Paul J Couchot    pcouchot@winthropcouchot.com,
  pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com

- Geoffrey Crisp    geoffrey@smgarberlaw.com, michelle@smgarberlaw.com

- Jonathan S Dabbieri    dabbieri@sullivan.com,
  hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com

- Ana Damonte    ana.damonte@pillsburylaw.com

- Vanessa S Davila    vsd@amclaw.com

- Melissa Davis    mdavis@shbllp.com

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496304

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS RE THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL BEAUMONT HEIGHTS,
LLC AND SUNCAL JOHANNSON RANCH, LLC [GROUP II: VOLUNTARY DEBTORS]

|    |   |
|----|---|
| 1  | • Daniel Denny    ddenny@gibsondunn.com |
| 2  | • Caroline Djang    crd@jmbm.com |
| 3  | • Donald T Dunning    ddunning@dunningLaw.com |
| 4  | • Meredith R Edelman    meredith.edelman@dlapiper.com |
| 5  | • Joseph A Eisenberg    jae@jmbm.com |
| 6  | • Lei Lei Wang Ekvall    lekvall@wgllp.com |
| 7  | • Richard W Esterkin    resterkin@morganlewis.com |
| 8  | • Marc C Forsythe    kmurphy@goeforlaw.com |
| 9  | • Alan J Friedman    afriedman@irell.com |
| 10 | • Steven M Garber    steve@smgarberlaw.com |
| 11 | • Christian J Gascou    cgascou@gascouhopkins.com |
| 12 | • Barry S Glaser    bglaser@swjlaw.com |
| 13 | • Robert P Goe    kmurphy@goeforlaw.com, |
| 14 |   rgoe@goeforlaw.com;mforsythe@goeforlaw.com |
| 15 | • Eric D Goldberg    egoldberg@stutman.com |
| 16 | • Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com |
| 17 | • Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com |
| 18 | • Kelly C Griffith    bkemail@harrisbeach.com |
| 19 | • Matthew Grimshaw    mgrimshaw@rutan.com |
| 20 | • Kavita Gupta    kgupta@winthropcouchot.com |
| 21 | • Asa S Hami    ahami@morganlewis.com |
| 22 | • Michael J Hauser    michael.hauser@usdoj.gov |
| 23 | • D Edward Hays    ehays@marshackhays.com |
| 24 | • Michael C Heinrichs    mheinrichs@omm.com |
| 25 | • Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com |
| 26 | • Jonathan M Hoff    jonathan.hoff@cwt.com |
| 27 | • Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com |
| 28 | • Michelle Hribar    mhribar@rutan.com |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496304

1   • John J Immordino    john.immordino@wilsonelser.com,
2       raquel.burgess@wilsonelser.com

3   • Lawrence A Jacobson    laj@cohenandjacobson.com

    • Michael J Joyce    mjoyce@crosslaw.com
4
    • Stephen M Judson    sjudson@fablaw.com
5
    • Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
6
7   • Steven J Kahn    skahn@pszyjw.com

8   • Sheri Kanesaka    sheri.kanesaka@bryancave.com, theresa.macaulay@bryancave.com

    • David I Katzen    katzen@ksfirm.com
9
    • Christopher W Keegan    ckeegan@kirkland.com,
10      shalimar.caltagirone@kirkland.com;alevin@kirkland.com

11  • Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

12  • Irene L Kiet    ikiet@hkclaw.com

13  • Claude F Kolm    claude.kolm@acgov.org

14  • Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

15  • David B Lally    davidlallylaw@gmail.com

16  • Leib M Lerner    leib.lerner@alston.com

17  • Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com

18  • Charles Liu    cliu@marshackhays.com

19  • Charles Liu    cliu@winthropcouchot.com

20  • Kerri A Lyman    klyman@irell.com

21  • Mariam S Marshall    mmarshall@marshallramoslaw.com

22  • Robert C Martinez    rmartinez@mclex.com

23  • Michael D May    mdmayesq@verizon.net

24  • Hutchison B Meltzer    hmeltzer@wgllp.com

25  • Krikor J Meshefejian    kjm@lnbrb.com

26  • Joel S. Miliband    jmiliband@rusmiliband.com

27  • James M Miller    jmiller@millerbarondess.com,
28      vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbaron
        dess.com

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496304

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS RE THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL BEAUMONT HEIGHTS,
LLC AND  SUNCAL JOHANNSON RANCH, LLC [GROUP II: VOLUNTARY DEBTORS]

1
- Louis R Miller    smiller@millerbarondess.com

2
- Craig Millet    cmillet@gibsondunn.com,
  pcrawford@gibsondunn.com;cmillet@gibsondunn.com

3

4
- Randall P Mroczynski    randym@cookseylaw.com

5
- Mike D Neue    mneue@thelobelfirm.com,
  jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

6
- Robert Nida    Rnida@castlelawoffice.com

7
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com

8
- Sean A Okeefe    sokeefe@okeefelc.com

9
- Scott H Olson    solson@seyfarth.com

10
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com

11
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com

12
- Ernie Zachary Park    ernie.park@bewleylaw.com

13
- Daryl G Parker    dparker@pszjlaw.com

14
- Penelope Parmes    pparmes@rutan.com

15
- Robert J Pfister    rpfister@ktbslaw.com

16
- Ronald B Pierce    ronald.pierce@sdma.com

17
- Katherine C Piper    kpiper@steptoe.com, smcloughlin@steptoe.com

18
- Cassandra J Richey    cmartin@pprlaw.net

19
- Debra Riley    driley@allenmatkins.com

20
- James S Riley    tgarza@sierrafunds.com

21
- Todd C. Ringstad    becky@ringstadlaw.com

22
- R Grace Rodriguez    ecf@lorgr.com

23
- Martha E Romero    Romero@mromerolawfirm.com

24
- Ronald Rus    rrus@rusmiliband.com

25
- John P Schafer    jschafer@mandersonllp.com

26
- John E Schreiber    jschreiber@dl.com

27
- William D Schuster    bills@allieschuster.org

28
- Christopher P Simon    csimon@crosslaw.com

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496304

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS RE THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL BEAUMONT HEIGHTS,
LLC AND SUNCAL JOHANNSON RANCH, LLC [GROUP II: VOLUNTARY DEBTORS]

1   • Gerald N Sims    jerrys@psdslaw.com, bonniec@psdslaw.com

2   • Wendy W Smith    wendy@bindermalter.com

3   • Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com

4   • Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com

5   • Michael St James    ecf@stjames-law.com

6   • Michael K Sugar    msugar@irell.com

7   • Cathy Ta    cathy.ta@bbklaw.com,
    Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
8
    • David A Tilem    davidtilem@tilemlaw.com,
9      malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com

10  • James E Till    jtill@thelobelfirm.com,
    jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
11
12  • United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

13  • Carol G Unruh    cgunruh@sbcglobal.net

14  • Annie Verdries    verdries@lbbslaw.com

15  • Jason Wallach    jwallach@gladstonemichel.com

16  • Joshua D Wayser    , kim.johnson@kattenlaw.com

17  • Benjamin M Weiss    bweiss@lansingcompanies.com

18  • Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

19  • David M Wiseblood    dwiseblood@seyfarth.com

20  • Brett K Wiseman    bwiseman@aalaws.com

21  • Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com

22  • Marc A. Zimmerman    joshuasdaddy@att.net

23  **SERVED VIA FIRST-CLASS MAIL:**

24  Office of the United States Trustee
    Attn: Michael Hauser, Esq.
25  411 W. Fourth Street, Suite 9401
    Santa Ana, CA 92701-4593
26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496304

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE
VOLUNTARY DEBTORS RE THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL BEAUMONT HEIGHTS,
LLC AND SUNCAL JOHANNSON RANCH, LLC [GROUP II: VOLUNTARY DEBTORS]