David M. Wiseblood (SBN 115312)
Law Offices of David M. Wiseblood
101 Montgomery Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 547-2703
Facsimile: (415) 547-2701
E-Mail: dwiseblood@wisebloodlaw.com

Attorneys for Creditor
BETHEL ISLAND MUNICIPAL IMPROVEMENT DISTRICT

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br>PALMDALE HILLS PROPERTY, LLC, and its Related Debtors, Jointly Administered Debtors and Debtors-In-Possession.<br>Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC<br>☐ LB-L-SunCal Oak Valley, LLC<br>☐ SunCal Heartland, LLC<br>☐ LB-L-SunCal Northlake, LLC<br>☐ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☐ SunCal PSV, LLC<br>☒ Delta Coves Venture, LLC<br>☐ SunCal Torrance, LLC<br>☐ SunCal Oak Knoll, LLC | Case No. 08-BK-17206-ES<br><br>Jointly Administered Case Nos.<br><br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**BETHEL ISLAND MUNICIPAL IMPROVEMENT DISTRICT'S CONDITIONAL OBJECTIONS TO CONFIRMATION OF THIRD AMENDED JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND SUBJECT LEHMAN CREDITORS**<br><br>Date: October 24, 2011<br>Time: 9:30 a.m.<br>Ctrm: 5A - 411 W. 4th St., Santa Ana, CA 92701 |

1    Bethel Island Municipal Improvement District, holder of a $2,000,000 unsecured claim
2    against Delta Coves Venture, LLC ("Delta Coves"), as well as an executory settlement
3    agreement which has been succeeded to by that entity, submits these conditional objections to
4    confirmation of the above Plan ("Plan").
5    The name and address of the objector are Bethel Island Municipal Improvement District
6    ("BIMID"), located at 3085 Stone Road, Bethel Island, CA. The amount of its claim is listed in
7    the Plan as a (disputed) Reliance Claim, in the amount of $2,000,000. The claim relates to the
8    "Delta Coves Project," described in Exhibit B to the Plan as a 310-acre site on Bethel Island,
9    owned by "Trustee Debtor" Delta Coves, expected to consist of 494 waterfront lots to be
10   developed.
11   The nature of BIMID's objection is simple. The Plan appears to attempt to deprive
12   BIMID of its absolute authority under applicable non-bankruptcy law to regulate the
13   development of real property within its jurisdiction. The Plan, accordingly, is unlawful under 28
14   U.S.C. § 959(b) and violates the provisions of 11 U.S.C. § 1129(a)(3), because it is forbidden by
15   law.
16   BIMID is an entity created by the State Legislature in 1960, replacing reclamation
17   District Number 1619. It has broad regulatory powers over property within its jurisdiction, an
18   island in the California delta. Other governmental agencies, including the Army Corps of
19   Engineers, the California Department of Water Resources, the California Department of Fish and
20   Game, the U.S. Fish & Wildlife Service, the National Marine Fisheries Water Quality Control
21   Board, and others interface with BIMID. The "Delta Coves" project, consisting of several
22   hundred acres of land, is within its jurisdiction. BIMID is informed and believes and on that
23   basis alleges that title to that project was transferred to the Delta Coves debtor by LB/L DUC III
24   Bethel Island, LLC. That entity and BIMID entered into a Settlement Agreement in July, 2004,
25   amended October 15, 2005, providing, *inter alia*, for payments to BIMID in consideration of its
26   giving up plans to construct a water system to service the entire island, and permitting the
27   developer to obtain water service from a different source. The proponents of the Plan have
28

objected to BIMID's proof of claim based on these agreements. These Plan objections are not derivate of BIMID's proof of claim, although BIMID believes the settlement agreement constitutes an executory contract. Executory contracts to be assumed have not been listed in the Plan.

The definition of "Encumbrance," in paragraph 5.4.7(a) of the Disclosure Statement supporting the Plan, as well as in Exhibit "E" to the Plan, at paragraph 65, reads as follows:

> Any Lien (statutory or otherwise), hypothecation, encumbrance, security interest, mortgage, pledge, restriction, charge, instrument, unassumed affirmative obligation under a development agreement or a subdivision improvement agreement, license, preference, priority, security agreement, easement, covenant, encroachment, option or other interest in the subject Plan Project, including any right of recovery, tax (including foreign, federal, state and local tax), order of any governmental authority or other claim there against or therein, of any kind or nature (including): (i) any conditional sale or other title retention agreement and any lease having substantially the same effect as any of the foregoing, (ii) any assignment or deposit arrangement in the nature of a security device, (iii) any claims based on any theory that the acquirer is a successor, transferee or continuation of the sellers or their business, and (iv) any leasehold interest, license or other right, in favor of a person (other than the transferor in connection with a sale or conveyance, to use any portion of the subject Project), whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, known or unknown.

*See*, Plan, Exhibit E., 12:19-13:4.

Article XII of the Plan contains a very broad injunction if confirmation is ordered.

The definition of "Encumbrance" contained in the Plan is not a definition of "Encumbrance" in the traditional sense. The definition has been drafted in a plenary fashion leading to an interpretation that the regulatory authority of BIMID over the Delta Coves Project would be extinguished upon confirmation. The simple fix to this problem is to amend the Plan with proper neutrality language to provide that the Plan shall not otherwise affect, alter or impede BIMID's ability to regulate land development within its jurisdiction, future obligations with respect to the Delta Coves Project, and the future development of the Delta Coves Project, but BIMID understands that the proponents of the Plan refuse to so agree. That refusal raises serious questions about the intentions and good faith of the proponents of the Plan.

///

There is no lawful basis to alter or eliminate BIMID's authority through a chapter 11 plan. In the Ninth Circuit, in a Bankruptcy Code § 362(b)(4) case, "police or regulatory power" generally is construed to "refer to the enforcement of state laws affecting health, welfare, morals, and safety, but not regulatory laws that directly conflict with the control of the res or property by the Bankruptcy Court." *City and County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1124 (9th Cir., 2005)(citations omitted). The two alternative tests to determine whether the actions of a governmental unit are an exercise of its police and regulatory power are the "pecuniary purpose" and "public policy" tests. *Id.*, at 1124 (citations omitted). Police or regulatory powers include, for example, the exercise and enforcement of zoning laws. *In re Union Golf of Florida, Inc.*, 242 B.R. 51, 58 (Bankr. M.D.Fla. 1988) (citing *In re Cournovyer*, 790 F.2d 971 (1st Cir. 1986)).

The court in *Union Golf* observed topically that: (i) a chapter 11 debtor is obligated to comply with the laws of the State in which it holds property, citing 28 U.S.C. § 959(b); (ii) zoning laws constitute examples of a governing body's police or regulatory powers; and (iii) there exists "an overriding congressional intent that the Bankruptcy Court should not interfere with the valid exercise of a state's police power." *Id.*, at 58.

By defining in the Plan "Encumbrance" to include, "restriction," "charge," "instrument," "an unassumed affirmative obligation...," "license," "priority," "easement," "covenant," "encroachment," "option or other interest in the subject Plan Project...," and " order of any governmental authority or other claim there against or therein, of any or nature...", the Plan alters BIMID's lawful authority over the Delta Coves Project in a fashion that is illegal and inimical to the interests of the citizens of Bethel Island and others. This violates 28 U.S.C. § 959.[1] "It is beyond question that § 959(b) requires a trustee [or debtor in possession] to manage a business in accordance with state law, as any other person must." *Hillis Motors, Inc. v. Hawaii Automobile Dealers' Ass'n.*, 997 F.2d 581, 592 (9th Cir. 1993). Bankruptcy cannot expand those rights. *Id.*

---

[1] The statute provides in relevant part that a trustee or debtor-in-possession "... shall manage and operate the property in his possession ... according to the requirements of the valid laws of the State on which such property is situated...."

1     Nor is there any lawful basis to sell the Delta Coves Project free of any "Encumbrance."
2 Plan, ¶ 8.71. Encumbrances are not liens. Neither 11 U.S.C. §§ 363(f)(1)-(5) nor 1123(a)(5)(D)
3 sanction this feature of the Plan.
4     Unless these issues are resolved in a fashion satisfactory to BIMID and the Court,
5 confirmation should be denied.[2]

6                                       Respectfully submitted,

7 DATED: September 19, 2011    LAW OFFICES OF DAVID M. WISEBLOOD

8                                       By_____
9                                          David Wiseblood
                                         Attorneys for Creditor
10                                         BETHEL ISLAND MUNICIPAL IMPROVEMENT DISTRICT

---

[2] BIMID has submitted a ballot accepting the Plan, conditionally, subject to these objections being resolved. BIMID acknowledges that its vote may not be counted. It plainly has standing as a party-in-interest to submit these conditional objections.

5

Bethel Island Municipal Improvement District's Conditional Objections To Confirmation Of Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed By The Trustee And Layman Creditors

C:\Synced Folders\Common\Bethel Island Municipal Improvement District\In re Palmdale Hills - BIMID'sCondObjs2ConfirmOf3rdAmendJtChpt11PlanFor8TrustDebtors - 091911.doc

| In re: PALMDALE HILLS PROPERTY, LLC, Debtor(s). | CHAPTER 11 CASE #: 8:08-BK-17206-ES |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
- The Law Offices of David M. Wiseblood, 101 Montgomery St., Suite 2700, San Francisco, CA 94104

A true and correct copy of the following documents described:
- **BETHEL ISLAND MUNICIPAL IMPROVEMENT DISTRICT'S CONDITIONAL OBJECTIONS TO CONFIRMATION OF THIRD AMENDED JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND SUBJECT LEHMAN CREDITORS**

will be served or was served **(a)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **September 19, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express Only:** Hon. Erithe A. Smith, United States Bankruptcy Court, 411 West Fourth Street, Suite 5041 / Courtroom 5A, Santa Ana, CA 92701-4593
**Via U.S. Mail Only:** Pachulski Stang Ziehl & Jones LLP. Attn: Richard M. Pachulski, Dean A. Ziehl & Robert B. Orgel, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4100
**Via U.S. Mail Only:** Weil, Gotshal & Manges, LLP, Attn: Edward Soto, 1395 Brickell Avenue, Suite 1200, Miami, FL 33131
**Via U.S. Mail Only:** Winthrop Couchot, PC, Attn: Paul J. Couchot, 660 Newport Center Drive, Fourth Floor, Newport Beach, CA 92660
**Via U.S. Mail Only:** Irell & Manella LLP, Attn: Alan J. Friedman & Kerri A. Lyman, 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660
**Via U.S. Mail Only:** The Lobel Firm, LLP, Attn: William N. Lobel & Mike D. Neue, 840 Newport Center Drive, Suite 750, Newport Beach, California 92660

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 19, 2011 | Paul A. Parks | *signed* Paul A. Parks |
|---|---|---|
| Date | Type Name | Signature |