1  IRELL & MANELLA LLP
   Alan J. Friedman (State Bar No. 132580)
2  afriedman@irell.com
   Howard J. Steinberg (State Bar No. 89291)
3  hsteinberg@irell.com
   840 Newport Center Drive, Suite 400
4  Newport Beach, California 92660-6324
   Telephone:   (949) 760-0991
5  Facsimile:   (949) 760-5200

6  Counsel for the Official Committee of
   Unsecured Creditors in
7  Chapter 11 Cases of Palmdale Hills
   Property, LLC et al.

8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   SANTA ANA DIVISION

   In re                                    Case No. 8:08-bk-17206- ES
12 PALMDALE HILLS PROPERTY, AND ITS
   RELATED DEBTORS,                         Jointly Administered With Case Nos.
13                                          8:08-bk-17209-ES; 8:08-bk-17240-ES;
           Joint Administered Debtors and   8:08-bk-17224-ES; 8:08-bk-17242-ES;
14         Debtors-in-Possession            8:08-bk-17225-ES; 8:08-bk-17245-ES;
                                            8:08-bk-17227-ES; 8:08-bk-17246-ES;
15 Affects:                                 8:08-bk-17230-ES; 8:08-bk-17231-ES;
   ☐ All Debtors                            8:08-bk-17236-ES; 8:08-bk-17248-ES;
16 ☐ Palmdale Hills Property, LLC           8:08-bk-17249-ES; 8:08-bk-17573-ES;
   ☐ SunCal Beaumont Heights, LLC           8:08-bk-17574-ES; 8-08-bk-17575 ES;
17 ☐ SCC/Palmdale, LLC                      8:08-bk-17404-ES; 8:08-bk-17407-ES;
   ☐ SunCal Johannson Ranch, LLC            8:08-bk-17408-ES; 8:08-bk-17409-ES;
18 ☐ SunCal Summit Valley, LLC              8:08-bk-17458-ES; 8:08-bk-17465-ES;
   ☐ SunCal Emerald Meadows LLC             8:08-bk-17470-ES; 8:08-bk-17472-ES
19 ☐ SunCal Bickford Ranch, LLC             8:08-bk-17588-ES
20 ☐ Acton Estates, LLC
   ☐ Seven Brothers LLC
21 ☐ SJD Partners, Ltd.
   ☐ SJD Development Corp.                  Chapter 11 Cases
22 ☐ Kirby Estates, LLC
   ☐ SunCal Communities I, LLC              OBJECTION AND RESERVATION OF
23 ☐ SunCal Communities III, LLC            RIGHTS OF OFFICIAL COMMITTEE
   ☒ SCC Communities LLC                    OF UNSECURED CREDITORS OF THE
24 ☒ North Orange Del Rio Land, LLC         VOLUNTARY DEBTORS WITH
   ☒ Tesoro SF LLC                          RESPECT TO THE THIRD AMENDED
25 ☐ LBL-SunCal Oak Valley, LLC             CHAPTER 11 PLAN FILED BY SUNCAL
   ☐ SunCal Heartland, LLC                  PLAN PROPONENTS IN THE CHAPTER
26 ☐ LBL-SunCal Northlake, LLC              11 CASES OF SCC COMMUNITIES,
                                            LLC, NORTH ORANGE DEL RIO LAND
27        *Caption Continued on Next Page*  LLC, AND TESORO SF LLC [GROUP
                                            III: VOLUNTARY DEBTORS]
28

---

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496351_1.DOC

1

2  ☐ SunCal Marblehead, LLC          Hearing:
   ☐ SunCal Century City, LLC        Date:  October 24, 2011
3  ☐ SunCal PSV, LLC                 Time:  9:30 a.m.
   ☐ Delta Coves Venture, LLC        Place:  Courtroom 5A
4  ☐ SunCal Torrance, LLC
   ☐ SunCal Oak Knoll, LLC
5

6            **TO THE HONORABLE ERITHE SMITH, UNITED STATES**

7  **BANKRUPTCY JUDGE, THE RELATED DEBTORS, THE OFFICE OF THE UNITED**

8  **STATES TRUSTEE, AND ALL OTHER PARTIES-IN-INTEREST:**

9        The Official Joint Committee of Creditors Holding Unsecured Claims (the "Committee"),

10  duly appointed in the related jointly administered chapter 11 cases of Palmdale Hills Property,

11  LLC, SunCal Beaumont Heights, LLC, SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC,

12  SunCal Summit Valley, LLC, SunCal Emerald Meadows, LLC, SunCal Bickford Ranch, LLC,

13  Acton Estates, LLC, Seven Brothers, LLC, SJD Partners, Ltd., SJD Development Corp., Kirby

14  Estates, LLC, SunCal Communities I, LLC, SunCal Communities III, LLC, SCC Communities

15  LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the "Voluntary Debtors"),[1] hereby

16  submits this Objection and Reservation of Rights with respect to the *Third Amended Chapter 11*

17  *Plan Filed by SunCal Plan Proponents in the Chapter 11 Cases of Palmdale Hills Property,*

18  *LLC, SunCal Bickford Ranch, LLC, SunCal Emerald Meadows, LLC and Acton Estates, LLC*

19  *[Group I: Voluntary Debtors]* (the "SunCal III [2] Plan"). [3]

---

20    [1] The Voluntary Debtors' Chapter 11 cases are jointly administered with the following nine (9)
21  related entities: LBL-SunCal Oak Valley, LLC, SunCal Heartland, LLC, LBL-SunCal Northlake, LLC,
    SunCal Marblehead, LLC, SunCal Century City, LLC, SunCal PSV, LLC, Delta Coves Venture, LLC,
22  SunCal Torrance, LLC, SunCal Oak Knoll, LLC (the "Trustee Debtors"). A Chapter 11 Trustee has been
    appointed in the Trustee Debtors' Chapter 11 cases (the "Trustee") and a separate committee of unsecured
23  creditors was established. The Voluntary Debtors and the Trustee Debtors are hereinafter collectively
    referred to as the "Related Debtors."

24    [2] Capitalized terms not otherwise defined herein have the meaning set forth in the SunCal III Plan
    and Disclosure Statement.
25
      [3] The SunCal Plan Proponents have filed four separate plans and four separate disclosure
26  statements. The Committee notes that the prior versions of the SunCal plans accounted for all seventeen
    of the Voluntary Debtors. However, the current versions of the SunCal plans omit six of the Voluntary
27  Debtors: (1) SCC/Palmdale, LLC; (2) SunCal Summit Valley, LLC; (3) Seven Brothers LLC; (4) Kirby
    Estates, LLC; (5) SunCal Communities I, LLC; and (6) SunCal Communities III, LLC. The SunCal Plan
28  Proponents have provided no explanation for the omission of these Voluntary Debtors from the plans or
    how the cases of these debtors will ultimately be resolved.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496351_1.DOC

OBJECTION & RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY
DEBTORS RE THIRD AMENDED CH 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CH 11 CASES OF SCC
COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC, AND TESORO SF LLC [GROUP III: VOLUNTARY DEBTORS]

I.

**PRELIMINARY STATEMENT**

In the event the SunCal III Plan is confirmed, the path that must be followed before Unsecured Creditors are paid appears to be long and arduous.  The first step in the process is the sale of real estate projects that are encumbered by a disputed secured claim filed by Lehman Ali in the amount of $23,795,012.  (Plan, § 4, p. 27)  While the sale date is indefinite, once the sale is effectuated the Disputed Liens attach to the Net Sales Proceeds.  (Plan, § 5.2, p. 29)  Unsecured Creditors must then await the outcome of multifaceted litigation between SunCal and the Lehman Entities, which has dragged on for years and promises to do so for several more years until it is resolved[4].

Under the Plan, the SunCal Plan Proponents control both the sales process and the litigation.  Control over these aspects is critical to them because the disputes with the Lehman Entities involve 26 Debtors, multiple lawsuits, and hundreds of millions of dollars in Claims.  To say that the Unsecured Creditors in these cases are a bit player is an understatement.  Unsecured Claims in the SCC Communities case are said to total $32,813; Unsecured Claims in the Tesoro case are said to total $170,969.  (Disclosure Statement, p. 31)  These claims are less than half of the Administrative and Priority Claims in each of those cases (Disclosure Statement, p. 31), and the SunCal Plan Proponents have described the monies needed to pay the Effective Date Payments, which include the Administrative and Priority Claims, as "minimal" and have said that Acquisitions (the Debtors' indirect parent) or an Affiliate of Acquisitions will fund these payments if necessary.  (Disclosure Statement, p. 78)  Given the minimal nature of the Unsecured Claims, there is no sound basis to confirm a plan that delays their payout for many years.  The unsatisfied Unsecured Claims provide the rationale for the SunCal Plan Proponents to continue to have a functioning Voluntary Debtors' Committee.  This said, the monitoring duties assigned to the Voluntary Debtors' Committee may will give rise to the incursion of professional fees in excess of the Unsecured Claims.  Accordingly, there is no good reason why Unsecured Claims

---

[4] The Committee is aware that certain of these arguments might become moot in the event the Motion for Summary Judgment filed by the Group III: Voluntary Debtors is granted on September 23, 2011.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

1  are not satisfied on the Effective Date.  If the SunCal Plan Proponents desire to string along the

2  Unsecured Creditors to further their litigation strategy, absent greatly expanded authority for the

3  Voluntary Debtors' Committee, the SunCal III Plan violates the absolute priority rule.

## II.

### THE SUNCAL III PLAN CANNOT BE CONFIRMED

6       Regardless of whether the SunCal III Plan is approved by all classes of creditors entitled

7  to vote, it cannot be confirmed.  "The debtor carries the burden of proving that a Chapter 11 plan

8  complies with the statutory requirements for confirmation under §§ 1129(a) & (b)." *United*

9  *States of America, v. Arnold and Baker Farms (In re Arnold and Baker Farms)*, 177 B.R. 648,

10  654 (B.A.P. 9th Cir. 1994), aff'd, 85 F.3d 1415 (9th Cir. 1996), cert. denied, 519 U.S. 1054, 117

11  S. Ct. 681 (1997).  Further, even in the absence of objections by interested parties, the Court has

12  an affirmative duty to ensure that a plan satisfies all requirements of the Bankruptcy Code before

13  it can confirm a plan.  *See In re Ambanc La Mesa Limited Partnership*, 115 F.3d 650, 653 (9th

14  Cir. 1997), cert. denied, 522 U.S. 1110, 118 S. Ct. 1039 (1998).

15       Section 1129(a) sets forth sixteen requirements, all of which must be met before a court

16  may confirm a plan.  A court must confirm a plan if the plan proponent proves by a

17  preponderance of the evidence either (1) that the plan satisfies all sixteen requirements of 11

18  U.S.C. § 1129(a), or (2) if the only condition not satisfied is the eighth requirement, 11 U.S.C.

19  § 1129(a)(8), a plan satisfies the "cramdown" alternative to this condition found in 11 U.S.C.

20  § 1129(b), which requires that the plan "does not discriminate unfairly" against and "is fair and

21  equitable" towards each impaired class that has not accepted the plan.  See *Arnold and Baker*,

22  177 B.R. at 654.

23  **A.    THE SUNCAL III PLAN MAY NOT BE FEASIBLE AS REQUIRED BY**

24  **        § 1129(a)(11)**

25       Pursuant to § 1129(a)(11), a plan of reorganization may be confirmed only if

26  "Confirmation of the plan is not likely to be followed by the liquidation, or the need for further

27  financial reorganization, of the debtor or any successor to the debtor under the plan, unless such

28  liquidation or reorganization is proposed in the plan."  The plan proponent is obliged to provide

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 4 -

OBJECTION & RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY
DEBTORS RE THIRD AMENDED CH 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CH 11 CASES OF SCC
COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC, AND TESORO SF LLC [GROUP III: VOLUNTARY DEBTORS]

1  the court and creditors with sufficient information to make a feasibility determination.  See *In re*

2  *Walker,* 165 B.R. 994, 1004-05 (E.D. Va. 1994).  A court may not confirm a plan of

3  reorganization when the plan is nothing more than a visionary scheme which promises creditors

4  and equity security holders more than it can possibly deliver.  *In re Pizza of Hawaii,* 761 F.2d

5  1374, 1382 (9th Cir. 1985).  A plan constitutes a visionary scheme when a plan proponent cannot

6  show that a plan has a reasonable chance of success.  *In re Acequia, Inc.,* 787 F.2d 1352, 1364

7  (9th Cir. 1986); *In re Save Our Spring Alliance Inc.,* 388 B.R. 202, 241 (Bankr. W.D. Tex. 2009)

8  (finding plan infeasible when debtor had only intention of contributing money necessary to

9  effectuate the reorganization plan); *In re Repurchase Corp.,* 332 B.R. 336, 342-343 (Bankr. N.D.

10  Ill. 2005) (finding plan infeasible when the plan relied on speculative funding), aff'd, 2008 WL

11  4379035 (N.D. Ill. 2008).

12       The SunCal III Plan provides that a loan will be made to the Group III Voluntary Debtors

13  by LitCo if "no other source is available from the applicable Group III: Voluntary Debtor's

14  Assets." (Plan, §2.1.83, p.14)  It is apparent that the Group III Voluntary Debtors do not have

15  sufficient assets to fund the Plan.  As of July 2011, there were over $473,000 in Administrative

16  and Priority Claims, and this number has certainly grown since then.  As of the same time period,

17  the Group III Voluntary Debtors had less than $211,000 in cash on hand, and nearly $208,000 of

18  these monies were held by Del Rio, which had no Administrative and Priority Claims.

19  (Disclosure Statement, p. 30-31)  While Acquisitions or an Affiliates of Acquisitions will

20  allegedly provide funds to pay the Effective Date payments (Disclosure Statement, p. 78), this

21  does not bridge the gap of needed funding[5].  The Post Confirmation Expenses that need to be

22  funded include litigation costs, which may be millions of dollars.

23       Obtaining a loan from LitCo is anything but assured.  Loans from LitCo are required with

24  respect to all four plans propounded by the SunCal Plan Proponents, and many millions of

25  dollars are needed.  The funding vehicle for the Post Confirmation Expenses is the LitCo Plan

26  Loan. (Plan, § 2.1.83, p. 14)  The SunCal Plan Proponents disclose in the Disclosure Statement

27

28       [5] For example, the Group III: Voluntary Debtors are jointly and severally liable for the
payment of professionals' fees.  To date, the unpaid fees exceed $2 million.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496351_1.DOC

1  that there is uncertainty with respect to obtaining the LitCo Plan Loan.  The Court is requested to

2  take judicial notice of these admissions.  Fed R. Evid. 201, as made applicable by Bankruptcy

3  Rule 9017; *Mullis v. U.S. Bankruptcy Court*, 828 F. 2d 1385, 1388 n. 9 (9th Cir. 1987) (taking

4  judicial notice of pleadings, orders, and other papers in the court file in another action).  The

5  factual statements in that disclosure statement are judicial admissions and are binding on the

6  SunCal Plan Proponents.  See e.g., *In re Frascella Enterprises, Inc.*, 2008 WL 2951115 (Bankr.

7  E.D.Pa. 2008) (admissions in disclosure statement binding); *Sovran Bank, N.A. v. Anderson*, 743

8  F.2d 223, 225 (4th Cir. 1984) (admission in schedules binding); *In re Gourdin*, 431 B.R. 885,

9  891-92 (B.A.P. 1st Cir. 2010) (admissions in pleadings or stipulations binding).  As such,

10  funding for the LitCo Plan Loan is presently illusory and confirmation of the Plan is not feasible.

11  **B.      THE SUNCAL III PLAN FAILS TO COMPLY WITH  §1129(a)(1)**

12           Section 1129(a)(1) provides as follows:

13           (a)  The court shall confirm a plan only if all of the following requirements are met:

14               (1) The plan complies with the applicable provisions of this title.

15  The SunCal III Plan violates this restriction because it fails to comply with § 502(a).

16       Section 502(a) provides as follows:

17           A claim or interest, proof of which is filed under section 501 of this
             title, is deemed allowed, unless a party in interest, including a
18           creditor of a general partner in a partnership that is a debtor in a
             case under chapter 7 of this title, objects.

19  Section 9.1 of the SunCal III Plan violates the provisions of § 502(a).  Section 9.1

20  provides the Plan Trustee with the exclusive right to object to Claims, save for claims of SunCal

21  related entities.  Since this plan provision violates § 502(a), the SunCal III Plan fails to satisfy the

22  requirements of § 1129(a)(1).

23  **C.      THE SUNCAL I PLAN IS NOT PROPOSED IN GOOD FAITH AS REQUIRED**

24  **         BY § 1129(a)(3)**

25       A plan cannot be confirmed if it has not "been proposed in good faith and not by any

26  means forbidden by law."  §1129(a)(3).  A number of courts have recognized that good faith

27  requires "a reasonable likelihood that the plan will achieve a result consistent with the objectives

28  and purposes of the Bankruptcy Code."  *In re Madison Hotel Assoc.*, 749 F.2d 410, 425 (7th Cir.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496351_1.DOC

OBJECTION & RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY
DEBTORS RE THIRD AMENDED CH 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CH 11 CASES OF SCC
COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC, AND TESORO SF LLC [GROUP III: VOLUNTARY DEBTORS]

1984). "Good faith" also requires the bankruptcy court to review the proposed plan to make sure

it reflects "a fundamental fairness in dealing with one's creditors." *Id.* at 425. *In re Stolrow's,*

*Inc.,* 84 B.R. 167, 172 (B.A.P. 9th Cir. 1988).

As explained by the Seventh Circuit:

the important point of inquiry is the plan itself and whether such
plan will fairly achieve a result consistent with the objectives and
purpose of the Bankruptcy Code . . . The plan "must be viewed in
light of the totality of the circumstances surrounding confection
of the plan . . . ."

*In re Madison Hotel Assoc.,* 749 F.2d at 425; *Texas Extrusion Corp. v. Lockheed Corp. (In re*

*Texas Extrusion Corp.),* 844 F.2d 1142, 1160 (5th Cir. 1988), cert. denied, 488 U.S. 926, 109 S.

Ct. 311 (1988).

Assuming that uncertainties regarding the SunCal III Plan funding will be satisfied, it

remains unclear when the Confirmation Date and the Effective Date will take place. The

Confirmation Date is defined as the date of entry of the Confirmation Order, but there is no

deadline date by which the Confirmation Order must be entered. (SunCal III Plan, §2.1.35, p. 8)

The Effective Date is defined as no later than 30 days after the Confirmation Date, but this is

subject to further extensions, with no sunset date provided there is court approval. (SunCal III

Plan, §2.1.53, p. 11)  Accordingly, it is impossible to ascertain when the sale date will take place.

Where a plan was centered upon a sale of real estate and did not specify the sale date, a court has

found a lack of good faith and denied confirmation. *In re Walker,* 165 B.R. 994, 1003 (E.D. Va.

1994).

One of the important elements of a chapter 11 plan is a prompt payment of creditors. *In*

*re Walker,* 165 B.R. 994, 1001 (E.D. Va. 1994).  The district court noted this principle as

follows:

Indeed, prompt payment of creditors is a primary objective of a
Chapter 11 reorganization. See, *In re Kemp,* 134 B.R. 413, 415
(Bankr. E.D. Cal. 1991) (citing *In re Hoosier Hi-Reach, Inc.,* 64 B.R. 34, 38
(Bankr. S.D. Ind. 1986).  Accordingly, the failure of a debtor to use the
full reach of its disposable resources to repay creditors is evidence
that a plan is not proposed in good faith because such conduct
frustrates this objective.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

2496351_1.DOC

OBJECTION & RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY
DEBTORS RE THIRD AMENDED CH 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CH 11 CASES OF SCC
COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC, AND TESORO SF LLC [GROUP III: VOLUNTARY DEBTORS]

1    The SunCal Plan Proponents have characterized amounts needed to pay Administrative

2  and Priority Claims as "minimal" (Disclosure Statement, p. 78), and the Unsecured Claims are

3  significantly smaller than these claim amounts.  Acquisitions or an Affiliate of Acquisitions have

4  the wherewithal to pay the former claims.  (Disclosure Statement, p. 78)  Where a debtor fails to

5  utilize its resources to pay claims under a plan, the failure to do so constitutes bad faith and

6  precludes confirmation.  *In re Walker*, 165 B.R. 994, 1001 (E.D. Va. 1994); *In re Kemp*, 134

7  B.R. 413, 417 (Bank. E.D. Cal. 1991).

8    Further, deadline dates for entry of the Confirmation Order and Effective Date must be

9  imposed to insure that the cases do not languish at the expense of the Unsecured Creditors.

10  Absent same, creditors will not be promptly paid.

11  **D.    THE SUNCAL III PLAN IS NOT FAIR AND EQUITABLE**

12    Under §1129(b)(1), a plan can only be confirmed if it "does not discriminate unfairly, and

13  is fair and equitable, with respect to each class of claims or interests that is impaired under, and

14  has not accepted, the plan."  Section 1129(b) requires the following:

15    Notwithstanding section 510(a) of this title, if all of the applicable requirements of
16    subsection (a) of this section other than paragraph (8) are met with respect to a plan,
     the court, on request of the proponent of the plan, shall confirm the plan notwithstanding
17    the requirements of such paragraph if the plan does not discriminate unfairly, and is
     fair and equitable, with respect to each class of claims or interests that is impaired under,
18    and has not accepted, the plan.

19  These are the minimum technical requirements.  "However, technical compliance with all the

20  requirements in § 1129(b)(2) does not assure that the plan is "fair and equitable."  *Fed. Savings &*

21  *Loan Ins. Corp. v. D&F Constr., Inc. (In re D&F Constr., Inc.)*, 865 F.2d 673, 675 (9th Cir.

22  1989).  Rather, "[a] court must consider the entire plan in the context of the rights of the creditors

23  under state law and the particular facts and circumstances when determining whether a plan is

24  "fair and equitable."  *Id.*  Thus, even if SunCal I's Plan satisfied the technical requirements of

25  § 1129(b), which it does not, it would still be unconfirmable.

26    The SunCal III Plan is not fair and equitable because it improperly provides for an

27  unqualified right to a breakup fee.  A Qualifying Bidder has a right to receive a 2.5% breakup

28  fee.  (Plan, § 2.1.42, p. 9, § 2.1.117, p. 20, § 2.1.130, p.22)  While numerous courts have awarded

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 8 -

OBJECTION & RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY
DEBTORS RE THIRD AMENDED CH 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CH 11 CASES OF SCC
2496351_1.DOC    COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC, AND TESORO SF LLC [GROUP III: VOLUNTARY DEBTORS]

1   breakup fees to parties who make an initial bid in a bankruptcy sales process, courts have been

2   loathe to award breakup fees where the recipient is an Affiliate or Insider.  See, *In re Bidermann*

3   *Industries U.S.A., Inc.*, 203 B.R. 547, 552-53 (Bank. S.D.N.Y. (1997).

4        In these cases, no prospective purchaser has been identified, but neither have the

5   categories of prospective purchasers been limited[6].  There is no restriction on who may be a

6   Qualifying Bidder.  (Plan, § 2.1.113, p. 20)  Exceptional circumstances should have to be

7   demonstrated to justify payment of a breakup fee to an Affiliate or Insider, and until and unless

8   this is done, the Plan should not provide a breakup fee to such Persons.  The Plan creates an

9   opportunity for mischief since Acquisitions is the Plan Trustee and has responsibility to manage

10  the sale marketing process and the Debtors choose the Qualifying Bidder (Plan, § 2.1.121, p. 21,

11  § 7.7.1, 7.7.3, p. 39-40)  Accordingly, the Plan must restrict the right of an Affiliate or insider to

12  receive a breakup fee.

13  **E.    THE SUNCAL III PLAN MAY VIOLATE THE ABSOLUTE PRIORITY RULE IN**

14       **§1129(b)(2)(B)(ii)**

15       The Plan provides that Acquisitions will be the Plan Trustee of the Plan Trust.  (Plan

16  § 7.7.1, p. 39)  Acquisitions is an indirect parent company of all of the Debtors.  (Plan, § 2.1.1,

17  p. 3)  The Plan Trustee is afforded a broad panoply of powers, including the right to prosecute

18  and settle all litigation and sell Assets.  (Plan, § 7.7.3, p. 39-40)  In addition there are no grounds

19  set forth in the Plan for removal of the Plan Trustee.  Conversely, the Voluntary Debtors'

20  Committee is afforded very limited authority outside of the ability to file objections to certain

21  types of proceedings.  (Plan, § 7.16.1, p. 46)  Other parties in interest are afforded even less

22  rights.  For instance, only the Voluntary Debtors' Committee is afforded the right to review the

23  Plan Trustee's Books and Records (Plan, § 7.11, p. 44)

24       The "absolute priority rule" states that existing equity may not receive anything on

25  account of its interest in the debtor unless all other senior classes are paid in full.  *Bank of*

---

26       [6] Recently, the SunCal Plan Proponents filed a motion seeking to establish bid procedures
27  for the sale of certain assets, including the assets covered by the SunCal III Plan.  In that motion,
    a prospective buyer was identified and the breakup fee was omitted.  Assuming that the SunCal
28  Plan Proponents opt to modify the SunCal III plan to be consistent with that motion, certain of
    these objections are resolved.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

OBJECTION & RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY
DEBTORS RE THIRD AMENDED CH 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CH 11 CASES OF SCC
COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC, AND TESORO SF LLC [GROUP III: VOLUNTARY DEBTORS]

2496351_1.DOC

1  *America Nat'l Trust and Savings Assoc. v. 203 North LaSalle Partnership*, 526 U.S. 434, 119

2  S.Ct. 1411(1999).  Section 1129(b)(2) defines in pertinent part the parameters of the absolute

3  priority rule:

4      (2) For the purposes of this subsection, the condition that a plan be fair
       and equitable with respect to a class includes the following requirements:
5

6      . . .

7          (B) With respect to a class of unsecured claims –

8              (i) the plan provides that each holder of a claim of such
               class receive or retain on account of such claim property of
9              a value, as of the effective date of the plan, equal to the
               allowed amount of such claim; or

10             (ii) the holder of any claim or interest that is junior to the
               claims of such class will not receive or retain under the
11             plan on account of such junior claim or interest any
               property. . .
12

13      Courts have recognized that the ability to control a company or assets is value for

14  purposes of the absolute priority rule.  *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 208,

15  108 S.Ct. 963 (1988) ("[E]ven in a sole proprietorship, where 'going concern' value may be

16  minimal, there may still be some value in the control of the enterprise."); *In re Introgen*

17  *Therapeutics, Inc.*, 429 B.R. 570, 586 (Bankr. W.D. Tex. 2010) ("[C]ontrol over a company will

18  be considered a property interest for purposes of determining whether there is a violation of the

19  absolute priority rule.").

20      The relationships and issues between the SunCal Plan Proponents and the Lehman

21  Entities are expansive and complex, involve at least 26 Debtors, and far transcends the property

22  sales addressed in these cases and the Litigation Claims.  As such, the ability to control the

23  disposition of the assets and litigation is quite valuable to the SunCal Plan Proponents and

24  Acquisitions.  Absent a significant grant of power and authority to the Voluntary Debtors'

25  Committee with respect to the Plan Trust, the Plan's provisions granting Acquisitions control of

26  the Plan Trust may violate the absolute priority rule[7].

27  _____

28  [7] It appears that Unsecured Creditors may be paid in full with interest, thereby avoiding
the pitfalls of the absolute priority rule.  However, this will not be known until months after
confirmation has taken place.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496351_1.DOC

1

## III.

2

## RESERVATION OF RIGHTS

3      The Committee reserves the right to make additional confirmation objections at the

4  confirmation hearing.

5

## IV.

6

## CONCLUSION

7      Based upon the inadequacies in the SunCal III Plan, the Committee requests that the

8  Court deny approval of the SunCal III Plan unless there are modifications that address the

9  concerns raised herein.

10  Dated:  September ⟨19⟩, 2011          IRELL & MANELLA LLP

11

12

13                       By: _____
                            Alan J. Friedman

14                            Howard J. Steinberg
                            Counsel for the Official Unsecured

15                            Creditors Committee in Chapter 11 Cases
                            of Palmdale Hills Property, LLC et al.

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496351_1.DOC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660-6324

A true and correct copy of the foregoing document described as **OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF SCC COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC, AND TESORO SF LLC [GROUP III: VOLUNTARY DEBTORS]** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 19, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On September 19, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 19, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

CAUSED TO BE SERVED BY PERSONAL DELIVERY/MESSENGER
Chambers of the Honorable Erithe A. Smith
United States Bankruptcy Court
Ronald Reagan Federal Bldg., Bin Outside Room 5097
411 W. Fourth Street
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/19/11 | Leslie Wolchuck | /s/ Leslie Wolchuck |
| --- | --- | --- |
| Date | Type Name | Signature |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496351_1.DOC

OBJECTION & RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS RE THIRD AMENDED CH 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CH 11 CASES OF SCC COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC, AND TESORO SF LLC [GROUP III: VOLUNTARY DEBTORS]

**SERVICE VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Selia M Acevedo   sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams   jadams@sycr.com
- Raymond H Aver   ray@averlaw.com
- James C Bastian   jbastian@shbllp.com
- Thomas Scott Belden   sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd   fednotice@tclaw.net
- Mark Bradshaw   mbradshaw@shbllp.com
- Gustavo E Bravo   gbravo@smaha.com
- Jeffrey W Broker   jbroker@brokerlaw.biz
- Brendt C Butler   bbutler@mandersonllp.com
- Andrew W Caine   acaine@pszyjw.com
- Carollynn Callari   ccallari@venable.com
- Cathrine M Castaldi   ccastaldi@rusmiliband.com
- Tara Castro Narayanan   tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers   dchambers@jmbm.com
- Shirley Cho   scho@pszjlaw.com
- Vonn Christenson   vrc@paynefears.com
- Brendan P Collins   bpcollins@bhfs.com
- Vincent M Coscino   vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot   pcouchot@winthropcouchot.com, pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com
- Geoffrey Crisp   geoffrey@smgarberlaw.com, michelle@smgarberlaw.com
- Jonathan S Dabbieri   dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte   ana.damonte@pillsburylaw.com
- Vanessa S Davila   vsd@amclaw.com
- Melissa Davis   mdavis@shbllp.com

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496351_1.DOC

OBJECTION & RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS RE THIRD AMENDED CH 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CH 11 CASES OF SCC COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC, AND TESORO SF LLC [GROUP III: VOLUNTARY DEBTORS]

1  • Daniel Denny    ddenny@gibsondunn.com

2  • Caroline Djang    crd@jmbm.com

3  • Donald T Dunning    ddunning@dunningLaw.com

4  • Meredith R Edelman    meredith.edelman@dlapiper.com

5  • Joseph A Eisenberg    jae@jmbm.com

6  • Lei Lei Wang Ekvall    lekvall@wgllp.com

7  • Richard W Esterkin    resterkin@morganlewis.com

8  • Marc C Forsythe    kmurphy@goeforlaw.com

9  • Alan J Friedman    afriedman@irell.com

10  • Steven M Garber    steve@smgarberlaw.com

11  • Christian J Gascou    cgascou@gascouhopkins.com

12  • Barry S Glaser    bglaser@swjlaw.com

13  • Robert P Goe    kmurphy@goeforlaw.com,
    rgoe@goeforlaw.com;mforsythe@goeforlaw.com

14

15  • Eric D Goldberg    egoldberg@stutman.com

16  • Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com

17  • Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

18  • Kelly C Griffith    bkemail@harrisbeach.com

19  • Matthew Grimshaw    mgrimshaw@rutan.com

20  • Kavita Gupta    kgupta@winthropcouchot.com

21  • Asa S Hami    ahami@morganlewis.com

22  • Michael J Hauser    michael.hauser@usdoj.gov

23  • D Edward Hays    ehays@marshackhays.com

24  • Michael C Heinrichs    mheinrichs@omm.com

25  • Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com

26  • Jonathan M Hoff    jonathan.hoff@cwt.com

27  • Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com

28  • Michelle Hribar    mhribar@rutan.com

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496351_1.DOC

OBJECTION & RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY
DEBTORS RE THIRD AMENDED CH 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CH 11 CASES OF SCC
COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC, AND TESORO SF LLC [GROUP III: VOLUNTARY DEBTORS]

1
2

- John J Immordino    john.immordino@wilsonelser.com,
  raquel.burgess@wilsonelser.com

3

- Lawrence A Jacobson    laj@cohenandjacobson.com

4

- Michael J Joyce    mjoyce@crosslaw.com

5

- Stephen M Judson    sjudson@fablaw.com

6

- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com

7

- Steven J Kahn    skahn@pszyjw.com

8

- Sheri Kanesaka    sheri.kanesaka@bryancave.com, theresa.macaulay@bryancave.com

9

- David I Katzen    katzen@ksfirm.com

10

- Christopher W Keegan    ckeegan@kirkland.com,
  shalimar.caltagirone@kirkland.com;alevin@kirkland.com

11

- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

12

- Irene L Kiet    ikiet@hkclaw.com

13

- Claude F Kolm    claude.kolm@acgov.org

14

- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

15

- David B Lally    davidlallylaw@gmail.com

16

- Leib M Lerner    leib.lerner@alston.com

17

- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com

18

- Charles Liu    cliu@marshackhays.com

19

- Charles Liu    cliu@winthropcouchot.com

20

- Kerri A Lyman    klyman@irell.com

21

- Mariam S Marshall    mmarshall@marshallramoslaw.com

22

- Robert C Martinez    rmartinez@mclex.com

23

- Michael D May    mdmayesq@verizon.net

24

- Hutchison B Meltzer    hmeltzer@wgllp.com

25

- Krikor J Meshefejian    kjm@lnbrb.com

26

- Joel S. Miliband    jmiliband@rusmiliband.com

27
28

- James M Miller    jmiller@millerbarondess.com,
  vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496351_1.DOC

OBJECTION & RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS RE THIRD AMENDED CH 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CH 11 CASES OF SCC COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC, AND TESORO SF LLC [GROUP III: VOLUNTARY DEBTORS]

1  • Louis R Miller    smiller@millerbarondess.com

2  • Craig Millet    cmillet@gibsondunn.com,
3    pcrawford@gibsondunn.com;cmillet@gibsondunn.com

4  • Randall P Mroczynski    randym@cookseylaw.com

   • Mike D Neue    mneue@thelobelfirm.com,
5    jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

6  • Robert Nida    Rnida@castlelawoffice.com

7  • Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com

8  • Sean A Okeefe    sokeefe@okeefelc.com

9  • Scott H Olson    solson@seyfarth.com

10 • Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com

11 • Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com

12 • Ernie Zachary Park    ernie.park@bewleylaw.com

13 • Daryl G Parker    dparker@pszjlaw.com

14 • Penelope Parmes    pparmes@rutan.com

15 • Robert J Pfister    rpfister@ktbslaw.com

16 • Ronald B Pierce    ronald.pierce@sdma.com

17 • Katherine C Piper    kpiper@steptoe.com, smcloughlin@steptoe.com

18 • Cassandra J Richey    cmartin@pprlaw.net

19 • Debra Riley    driley@allenmatkins.com

20 • James S Riley    tgarza@sierrafunds.com

21 • Todd C. Ringstad    becky@ringstadlaw.com

22 • R Grace Rodriguez    ecf@lorgr.com

23 • Martha E Romero    Romero@mromerolawfirm.com

24 • Ronald Rus    rrus@rusmiliband.com

25 • John P Schafer    jschafer@mandersonllp.com

26 • John E Schreiber    jschreiber@dl.com

27 • William D Schuster    bills@allieschuster.org

28 • Christopher P Simon    csimon@crosslaw.com

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations        2496351_1.DOC

- 16 -

OBJECTION & RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY
DEBTORS RE THIRD AMENDED CH 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CH 11 CASES OF SCC
COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC, AND TESORO SF LLC [GROUP III: VOLUNTARY DEBTORS]

1     •   Gerald N Sims    jerrys@psdslaw.com, bonniec@psdslaw.com

2     •   Wendy W Smith    wendy@bindermalter.com

3     •   Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com

4     •   Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com

5     •   Michael St James    ecf@stjames-law.com

6     •   Michael K Sugar    msugar@irell.com

7     •   Cathy Ta    cathy.ta@bbklaw.com,
8       Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com

9     •   David A Tilem    davidtilem@tilemlaw.com,
      malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com

10    •   James E Till    jtill@thelobelfirm.com,
11      jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

12    •   United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

13    •   Carol G Unruh    cgunruh@sbcglobal.net

14    •   Annie Verdries    verdries@lbbslaw.com

15    •   Jason Wallach    jwallach@gladstonemichel.com

16    •   Joshua D Wayser    , kim.johnson@kattenlaw.com

17    •   Benjamin M Weiss    bweiss@lansingcompanies.com

18    •   Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

19    •   David M Wiseblood    dwiseblood@seyfarth.com

20    •   Brett K Wiseman    bwiseman@aalaws.com

21    •   Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com

22    •   Marc A. Zimmerman    joshuasdaddy@att.net

23

**SERVED VIA FIRST-CLASS MAIL:**

24

Office of the United States Trustee
25   Attn: Michael Hauser, Esq.
    411 W. Fourth Street, Suite 9041
26   Santa Ana, CA 92701-4593

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496351_1.DOC

OBJECTION & RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY
DEBTORS RE THIRD AMENDED CH 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CH 11 CASES OF SCC
COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC, AND TESORO SF SLC [GROUP III: VOLUNTARY DEBTORS]