1  **WEILAND, GOLDEN,**
   **SMILEY, WANG EKVALL & STROK, LLP**
2  Lei Lei Wang Ekvall, State Bar No. 163047
   lekvall@wgllp.com
3  Kyra E. Andrassy, State Bar No. 207959
   kandrassy@wgllp.com
4  Hutchison B. Meltzer, State Bar No. 217166
   hmeltzer@wgllp.com
5  650 Town Center Drive, Suite 950
   Costa Mesa, California 92626
6  Telephone:    (714) 966-1000
   Facsimile:    (714) 966-1002
7
8  Counsel for the Joint Committee
   of Creditors Holding Unsecured Claims

9            **UNITED STATES BANKRUPTCY COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11                  **SANTA ANA DIVISION**

12  In re                                    Case No. 8:08-bk-17206-ES

13  PALMDALE HILLS PROPERTY, LLC, and        (Jointly Administered with Case Nos.
    its Related Debtors,                     8:08-bk-17209-ES; 8:08-bk-17240-ES;
14                                           8:08-bk-17224-ES; 8:08-bk-17242-ES;
                  Jointly Administered Debtors 8:08-bk-17225-ES; 8:08-bk-17245-ES;
15                and Debtors-in-Possession.  8:08-bk-17227-ES; 8:08-bk-17246-ES;
                                             8:08-bk-17230-ES; 8:08-bk-17231-ES;
16                                           8:08-bk-17236-ES; 8:08-bk-17248-ES;
    ☐   Affects PALMDALE HILLS              8:08-bk-17249-ES; 8:08-bk-17573-ES;
17      PROPERTY, LLC, Only                  8:08-bk-17574-ES; 8:08-bk-17575-ES;
                                             8:08-bk-17404-ES; 8:08-bk-17407-ES;
18  ☐   Affects SUNCAL BEAUMONT             8:08-bk-17408-ES; 8:08-bk-17409-ES;
        HEIGHTS, LLC, Only                   8:08-bk-17458-ES; 8:08-bk-17465-ES;
19  ☐   Affects SCC/PALMDALE, Only          8:08-bk-17470-ES; 8:08-bk-17472-ES; and
                                             8:08-bk-17588-ES)
20  ☐   Affects SUNCAL JOHANNSON
        RANCH, LLC, Only                     Chapter 11 Cases
21  ☐   Affects SUNCAL SUMMIT VALLEY,
        LLC, Only                            **JOINT COMMITTEE OF CREDITORS**
22                                           **HOLDING UNSECURED CLAIMS'**
    ☐   Affects SUNCAL EMERALD              **OBJECTION TO THIRD AMENDED**
23      MEADOWS, LLC, Only                   **CHAPTER 11 PLAN FILED BY SUNCAL**
                                             **PLAN PROPONENTS IN THE CHAPTER**
24  ☐   Affects SUNCAL BICKFORD RANCH,      **11 CASE OF SUNCAL CENTURY CITY,**
        LLC, Only                            **LLC**
25  ☐   Affects ACTON ESTATES, LLC, Only
    ☐   Affects SEVEN BROTHERS, LLC, Only   **DATE:     October 24, 2011**
26                                           **TIME:     9:30 a.m.**
    ☐   Affects SJD PARTNERS, LTD., Only    **CTRM:     5A**
27  ☐   Affects SJD DEVELOPMENT CORP.,
        Only
28

    619788.1                                OBJECTION TO THIRD AMENDED PLAN
                                                            (CENTURY CITY)

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1    ☐ Affects KIRBY ESTATES, LLC, Only

2    ☐ Affects SUNCAL COMMUNITIES I, LLC, Only

3    ☐ Affects SUNCAL COMMUNITIES III, LLC, Only

4    ☐ Affects SCC COMMUNITIES, LLC, Only

5

6    ☐ Affects NORTH ORANGE DEL RIO LAND, LLC, Only

7    ☐ Affects TESORO SF, LLC, Only

8    ☐ Affects LBL-SUNCAL OAK VALLEY, LLC, Only

9    ☐ Affects SUNCAL HEARTLAND, LLC, Only

10   ☐ Affects LBL-SUNCAL NORTHLAKE, LLC, Only

11   ☐ Affects SUNCAL MARBLEHEAD, LLC, Only

12

13   ☒ Affects SUNCAL CENTURY CITY, LLC, Only

14   ☐ Affects SUNCAL PSV, LLC, Only

15   ☐ Affects DELTA COVES VENTURE, LLC, Only

16   ☐ Affects SUNCAL TORRANCE, LLC, Only

17   ☐ Affects SUNCAL OAK KNOLL, LLC, Only

18   ☐ Affects All Debtors

19

20

21

22

23

24

25

26

27

28

**Weiland, Golden,**
**Smiley, Wang Ekvall & Strok, LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

619788.1

OBJECTION TO
THIRD AMENDED PLAN

1 **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE:**

2        The Official Joint Committee of Creditors Holding Unsecured Claims (the

3 "Committee") hereby objects to the *Third Amended Chapter 11 Plan Filed by SunCal Plan*

4 *Proponents in the Chapter 11 Case of SunCal Century City, LLC* (the "Plan") jointly

5 proposed by SCC Acquisitions, Inc. ("SCC") and SunCal Century City, LLC (the "Debtor"

6 and, with SCC, "SunCal") because the Plan violates several key provisions of the

7 Bankruptcy Code.[1]

8

9 **I.      INTRODUCTION**

10        In order to confirm the Plan, the Court must find by a preponderance of the

11 evidence that both the Plan and SunCal have complied with all of the applicable

12 provisions of title 11 and that the Plan has been proposed in good faith.  *See* 11 U.S.C. §

13 1129; *United States v. Arnold & Baker Farms (In re Arnold & Baker Farms)*, 177 B.R. 648,

14 654 (9th Cir. BAP 1994), *aff'd on other grounds*, 85 F.3d 1415 (9th Cir. 1996).  Here, and

15 as set forth in greater detail below, the Plan should not be confirmed because it is

16 designed to benefit the interests of insiders and not the interests of creditors and it was

17 proposed in bad faith.  It also fails several other statutory requirements of § 1129,

18 including the best interest of creditors test.

19

20 **II.     THE PLAN FAILS TO SATISFY VARIOUS CODE REQUIREMENTS FOR**

21      **CONFIRMATION**

22      **A.     The Plan Is Not Proposed in Good Faith and Therefore Fails to**

23         **Satisfy 11 U.S.C. § 1129(a)(3)**

24        Section 1129(a)(3) requires that the Plan be "proposed in good faith and not by any

25 means forbidden by law."  11 U.S.C. § 1129(a)(3).  The term "good faith" is not defined in

26

27    [1]  As of the filing of this objection, the voting results are unknown.  Accordingly, the Committee
reserves the right to supplement this pleading or to address in a later pleading all provisions of § 1129 that
28 depend on the outcome of the voting for analysis.

**Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**Smiley, Weiland, Golden,
Wang Ekvall & Strok, LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1   the Bankruptcy Code, but the Ninth Circuit has held that "[a] plan is proposed in good faith

2   where it achieves a result consistent with the objectives and purposes of the Code."

3   *Platinum Capital, Inc. v. Sylmar Plaza, L.P. (In re Sylmar Plaza, L.P.)*, 314 F.3d 1070,

4   1074 (9th Cir. 2002)(citations omitted).  The Second Circuit has held that in order for a

5   plan to be proposed in good faith, the proponents must have "'honest and good

6   intentions'" and have "'a basis for expecting that a reorganization can be effected.'"  *Kane*

7   *v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 843 F.2d 636, 649 (2d Cir.

8   1988)(quoting *Manati Sugar Co. v. Mock*, 75 F.2d 284, 285 (2d Cir. 1935)).  Courts have

9   held that good faith is lacking where a plan is proposed for ulterior purposes.  *See Koelbl*

10  *v. Glessing (In re Koelbl)*, 751 F.2d 137, 139 (2d Cir. 1984)(quotations omitted).  "Full

11  disclosure is the very essence of the obligation imposed by the requirement of good faith."

12  *In re Cyr Bros. Meat Packing, Inc.*, 2 B.R. 620, 626 (Bankr. D. Me. 1980).  The

13  determination of whether a plan is proposed in good faith is based on the totality of the

14  circumstances.  *See Platinum Capital*, 314 F.3d at 1074.  A plan that is designed to

15  benefit insiders, at the expense of creditors, is not proposed in good faith.  *See In re Rusty*

16  *Jones, Inc.*, 110 B.R. 362, 375 (Bankr. N.D. Ill. 1990) (holding that a plan that benefits

17  investors operating the debtor for their personal profit is not proposed in good faith); *In re*

18  *UVAS Farming Corp.*, 91 B.R. 579, 582 (Bankr. D.N.M. 1988) (holding that a plan that

19  would benefit equity security holders at the expense of unsecured creditors is not

20  proposed in good faith).

21       The Plan is purportedly a liquidating plan.  However, instead of being designed to

22  maximize the return to unsecured creditors, the Plan instead appears to have been

23  designed to benefit SunCal.  There is no proper motive for the Plan proposed by SunCal

24  given the circumstances of this case.

25       The primary asset of the Debtor has already been liquidated by Steven M. Speier,

26  the Chapter 11 Trustee (the "Trustee").  As a result of a compromise between the Trustee

27  and Danske Bank, the real property project owned by the Debtor was sold to Danske

28  Bank.  The Trustee is holding the unencumbered net proceeds in the approximate amount

1  of $3.5 million.   In addition, the Trustee is the plaintiff in an action filed against Lehman

2  ALI for the avoidance and recovery of alleged preferential transfers totaling approximately

3  $10 million.  The Trustee is represented by Miller Barondess in the action.

4        During this case, the Trustee and the Committee have worked together to file

5  objections to claims.  Various objections have already been heard and ruled upon by the

6  Court.  The few remaining claims in dispute include two substantial claims asserted by

7  SunCal Management, an insider.  The Committee filed an objection to SunCal

8  Management's $2.5 million administrative priority claim on August 16, 2011, and a hearing

9  on the objection is scheduled for October 6, 2011.[2]  The Committee is also preparing an

10  objection to a general unsecured claim of $1 million filed by SunCal Management.

11  Insiders also received payments within the preference period.

12        There is nothing to be done under the Plan that could not be done or was not

13  already in progress with the Trustee at the helm.  There is simply no proper motive for

14  SunCal's pursuit of the Plan.

15       **1.    The Plan Hampers and Hinders the Committee's Ability to**

16            **Dispute Insider's Claims and Pursue Recoveries from**

17            **Insiders**

18        The Plan is designed to hamper and hinder the Committee's ability to prosecute the

19  objections to the insiders' claims.  The Plan limits the Committee's ability to object to

20  claims of insiders and pursue preference claims against insiders by imposing an arbitrary

21  limit of $100,000.00 on the Committee's fees and costs.  (Plan, at p. 25, ll. 18 - 19.)  In

22  addition, the Plan limits the Committee to hiring a contingency fee attorney to pursue the

23  preference claims against insiders.  (Plan, at p. 33, ll. 23 -24.)  In addition, all "Litigation

24  Claims, " which includes objections to claims, are vested in the Plan Trust with SCC, an

25  affiliated of SunCal Management, as the Plan Trustee.  (Plan, at p. 24, ll. 27 - 28.)

26  ───────────────────

27     [2]    SunCal Management's counsel requested a withdrawal of the objection so that SunCal
Management can refile the claim in the form of a motion after the Plan is confirmed.  In light of the potential
constraints on the Committee's ability to pursue the objection if the Plan is confirmed, the Committee did not
28  agree to the request.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    Although the Committee is given standing to object and settle the insider's claims, such

2    standing does not appear to be exclusive (Plan, at p. 25, ll. 14 - 19)[3] and SCC can also

3    compromise such claims, given the Plan Trust's ownership of such claims if the Plan is

4    confirmed.

5        In addition, the Plan provides for dissolution of the Committee upon entry of a final

6    decree (Plan, at  p. 33, ll. 26 - 27, p. 34, ll. 1 - 2), which can occur long before all funds are

7    distributed.  Thus, SunCal can terminate the Committee's standing to dispute insider

8    claims simply by quickly seeking a final decree and dissolving the Committee.

9                **2.    SunCal's Control of $3. 5 Million of Unencumbered Funds**

10                       **with Little to No Supervision by the Court**

11       The Plan is also designed to hand control of $3.5 million in unencumbered funds to

12   SunCal where SunCal's use of such funds will have limited to no Court oversight.  On the

13   Effective Date, the Plan Trust will be established and become effective and SCC will serve

14   as Plan Trustee.  SCC is an indirect parent company of the Debtor.  Expenses of the Plan

15   Trust or the Plan Trustee will be paid prior to any distribution to beneficiaries of the Plan

16   Trust.  Although SCC will not directly receive compensation for the services it performs as

17   Plan Trustee, the costs and expenses of the Plan Trust will be paid and the Plan Trustee

18   is entitled to retain such professionals and experts as it deems necessary to implement

19   the Plan.  It would not be surprising if SCC retained SunCal affiliates, including

20   management companies, to "implement the Plan" and treat the fees of retained affiliates

21   as "costs" or "expenses."  This is of particular concern given SunCal's history of

22   overstating its claims, as argued by the various pending objections to the claims of

23   SunCal Management.

24

25

26   _____

27   [3]    At a different section of the Plan, the Plan provides the Committee with exclusive standing to object
to "Claims filed by Insiders that are SunCal Affiliates."  SunCal Affiliates is an undefined term.  Thus, it is
unclear whether SunCal Management and SCC are considered "Insiders that are SunCal Affiliates."

28   Moreover, the exclusive standing reference does not appear to include preference claim litigation.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### 3. Impermissible Discharge in Favor of Insiders

Notwithstanding the fact that the Plan is a liquidating plan so that the Debtor is not entitled to a discharge, Section 7.6.6 of the Plan[4] provides that the Debtor, the Plan Sponsor, the SunCal Plan Proponents, the Plan Trustee, their professionals, and their members, officers, directors, shareholders, employees, and agents will not be liable "for any loss or damages by reason of any action taken or omitted by him or her, except in the case of fraud, willful misconduct, bad faith, or gross negligence . . . ." This limitation of liability could be broadly construed to provide a release of claims against insiders or any of the SunCal entities, including the pending claim objections against the SunCal entities. Further, this provision may operate to release preference claims against SunCal insiders notwithstanding vesting the right to pursue those claims in the Committee.

### 4. Possible Assumption of Insider Management Contract

The Plan may also seek to assume executory contracts with SunCal Management. The Plan states all that "[t]he Debtor hereby rejects all of the executory contracts and unexpired leases set forth in the Debtor's Schedules. See Disclosure Statement as [sic] Exhibit "9." Although various contracts, including problematic management contracts with SunCal Management are listed in the Debtor's schedules, Exhibit "9" does not reference them. Thus, it is unclear whether the lack of reference to such contracts in Exhibit "9" excludes it from rejection or whether this was simply poor drafting. If assumption of the management contracts was in fact intended, it was clearly designed to solely benefit SunCal and its insiders with a sizable cure amount that is otherwise the subject of the Committee's objection to SunCal Management's administrative priority claim.

**Smiley, Weiland, Golden, Wang Ekvall & Strok, LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

---

[4]   There appears to be a typo with section 7.6.6. It is similar to the limitation of liability provisions in the Group I and Group II Trustee Debtors plans but omits the word "None of" found at the beginning of the section in the other plans.

**B.    The Plan Does Not Satisfy 11 U.S.C. § 1129(a)(5) Because the**

**Appointment of SCC Acquisitions as the Plan Trustee Is Not**

**Consistent with the Interests of Creditors**

In order to confirm a plan, it must comply with § 1129(a)(5), which provides as

follows:

> (5)(A)(i)  The proponent of the plan has disclosed the identity
> and affiliations of any individual proposed to serve, after
> confirmation of the plan, as a director, officer, or voting trustee
> of the debtor, or a successor to the debtor under the plan; and
> (ii)  the appointment to, or continuance in, such office of such
> individual, is consistent with the interests of creditors and
> equity security holders and with public policy; and
> (B) the proponent of the plan has disclosed the identify of any
> insider that will be employed or retained by the reorganized
> debtor, and the nature of any compensation for such insider.

11 U.S.C. § 1129(a)(5).

Here, there is no information provided about who the managers or officers of SCC

are and who at SCC will actually perform the functions of the Plan Trustee.  However,

what is known is that SCC is the indirect parent of the Debtors and therefore an insider or

affiliated entity.  All of the property of the Debtor, including approximately $3.5 million of

unencumbered funds and litigation claims against the Debtor's insiders, will vest in the

Plan Trust on the Effective Date and the Plan Trust will then obtain control over all of that

property.

As discussed above, the Committee believes that the Plan is engineered to benefit

SunCal at the expense of creditors, and to ensure that the SunCal insiders maintain

control over the assets despite the fact that creditors are not being paid in full.

Accordingly, the Committee does not believe that it is appropriate that SCC serve as the

Plan Trustee, and contends that the SunCal insiders' continued control of the Debtor and

its assets is not consistent with the best interests of creditors.  Instead, an independent

party who does not have divided loyalties should be appointed to perform these functions

and to ensure that the fiduciary duties of a trustee are fulfilled.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**C.    The Committee Reserves Its Rights with Respect to Whether Plan Proponents Have Complied with the Solicitation Requirements of § 1129(a)(2)**

The Committee understands that representatives of SunCal have been contacting creditors in order to solicit votes for the Plan.  The Committee is currently investigating whether any of the statements made in connection with these solicitations were improper and the Committee reserves all rights with respect  thereto.

**D.    The Plan Has A Number Of Other Fatal Defects That Render It Unconfirmable**

**1.    The Plan Proposes to Reject all Executory Contracts and Unexpired Leases on the Debtor's Schedules, but the SunCal Management Contract Is Not Listed on Those Schedules**

The Plan proposes to reject all executory contracts listed in the Debtor's Schedules and refers to Exhibit "9" to the Disclosure Statement, which does not contain a reference to disputed management contracts with SunCal Management.  The Committee is left wondering whether this is poor draftsmanship or gamesmanship.

**2.    The Plan Improperly Releases Insiders and Third Parties**

Because this is a liquidating plan, the Debtor is not entitled to a discharge. *See* 11 U.S.C. § 1141(d)(2).  Although the Plan does not contain an explicit discharge provision, a couple of the sections effectuate a release and discharge of the SunCal Plan Proponents and their affiliates.

Section 10.22 provides that "Acquisitions, and all of its Affiliates shall receive a complete release from all of the Debtors , the Estates, and the Plan Trust of any potential Litigation Claims."  The consideration cited for the release of the SunCal Plan Proponents and its affiliates is Acquisition's management of the affairs of the Plan Trust although Acquisitions will be compensated for its services as the Plan Trustee.  The consideration is illusory and the broadly worded release would result in the release of valuable claims as

Smiley, Weiland, Golden,
Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    well as objections to claims that have been filed against various entities relating to

2    Acquisitions, including SunCal Management.

3        Section 7.6.6 provides as follows:

> The Debtor, the Trustee Debtors' Committee, the Plan
> Sponsor, the SunCal Plan Proponents, the Plan Trustee, their
> Professionals, nor any of their respective members, officers,
> directors, shareholders, employees, or agents (the
> "Indemnified Parties") shall be liable (a) for any loss or
> damages by reason of any action taken or omitted by him or
> her, except in the case of fraud, willful misconduct, bad faith, or
> gross negligence, (b) for any act or omission made in reliance
> upon the Debtors' books and records or upon information or
> advice given to the Plan Trustee by his or her professionals, or
> (c) for any action taken or omission made in connection with or
> related to the negotiations, formulation, or preparation of the
> Plan and the Disclosure Statement, the approval of the
> Disclosure Statement, the confirmation of the Plan, the
> consummation of the Plan, or the administration of the Plan,
> the Cases, or the property to be distributed under the Plan, to
> the fullest extent permitted by applicable statute and case law.
> Except as otherwise provided in this Plan, the Plan Trustee
> shall rely and shall be protected in acting upon any resolution,
> certificate, statement, instrument, opinion, report, notice,
> consent, or other document believed by him or her to be
> genuine and to have been signed by the proper parties,

16   This section goes on to provide for indemnification and release of the Indemnified Parties.

17   Whether intentional or the result of poor draftsmanship, this release is impermissible

18   because it gives the Debtor and third parties a release of all claims, not just those related

19   to solicitation.  Indeed, the Committee is concerned that this provision can be construed to

20   release SunCal Management, an agent of the Debtor, from any claims other than those

21   based on fraud and gross negligence.  Not only is the Debtor not entitled to any such

22   release because this is a liquidation plan, but third parties are similarly not entitled to any

23   releases from liability and a plan that purports to give such a release cannot be confirmed.

24   *See Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1401-02 (9th

25   Cir. 1995).  Because this is a liquidating case, the only release that would be appropriate

26   is one that is confined to solicitation and participation as contemplated by 11 U.S.C. §

27   1125(e).  Until the Plan is appropriately modified, this release renders it unconfirmable.

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**III.    CONCLUSION**

SunCal proposes nothing under the Plan for the benefit of creditors.  In fact, the Trustee and the Committee have worked closely together in the last couple of years for the benefit of creditors.  The Plan, which is rife with self-dealing provisions, has the potential of reversing some of the potential benefits to creditors that the Trustee and the Committee have worked to provide.  The Committee believes that the Plan fails to meet all the requirements of 11 U.S.C. § 1129 and is unconfirmable.

Dated:  September 19, 2011                    Respectfully submitted,

WEILAND, GOLDEN
SMILEY, WANG EKVALL & STROK, LLP


By:   /s/ *Lei Lei Wang Ekvall*
         LEI LEI WANG EKVALL
         Attorneys for the Joint Committee of
         Creditors Holding Unsecured Claims

**Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

619788.1

9

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is :**650 Town Center Drive, Suite 950, Costa Mesa, California 92626**

A true and correct copy of the foregoing document described as **JOINT COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS' OBJECTION TO THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASE OF SUNCAL CENTURY CITY, LLC]** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **September 19, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☑ Service information continued on attached page

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **September 19, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III.    SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 19, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**The Honorable Erithe Smith**
**United States Bankruptcy Court**          **(Via Personal Delivery)**
**411 West Fourth Street**
**Santa Ana, CA 92701**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| **September 19, 2011** | Terri Jones | /s/ *Terri Jones* |
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")**

Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
Joseph M Adams    jadams@sycr.com
Raymond H Aver    ray@averlaw.com
James C Bastian    jbastian@shbllp.com
Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
John A Boyd    fednotice@tclaw.net
Mark Bradshaw    mbradshaw@shbllp.com
Gustavo E Bravo    gbravo@smaha.com
Jeffrey W Broker    jbroker@brokerlaw.biz
Brendt C Butler    bbutler@mandersonllp.com
Andrew W Caine    acaine@pszyjw.com
Carollynn Callari    ccallari@venable.com
Cathrine M Castaldi    ccastaldi@rusmiliband.com
Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
Dan E Chambers    dchambers@jmbm.com
Shirley Cho    scho@pszjlaw.com
Vonn Christenson    vrc@paynefears.com
Brendan P Collins    bpcollins@bhfs.com
Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
Paul J Couchot    pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com
Geoffrey Crisp    geoffrey@smgarberlaw.com, michelle@smgarberlaw.com
Jonathan S Dabbieri    dabbieri@sullivan.com,
hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
Ana Damonte    ana.damonte@pillsburylaw.com
Vanessa S Davila    vsd@amclaw.com
Melissa Davis    mdavis@shbllp.com
Daniel Denny    ddenny@gibsondunn.com
Caroline Djang    crd@jmbm.com
Caroline Djang    cdjang@rutan.com
Donald T Dunning    ddunning@dunningLaw.com
Lynsey M Eaton    leaton@gglts.com
Meredith R Edelman    meredith.edelman@dlapiper.com
Joseph A Eisenberg    jae@jmbm.com
Lei Lei Wang Ekvall    lekvall@wgllp.com
Richard W Esterkin    resterkin@morganlewis.com
Don Fisher    dfisher@ptwww.com
Marc C Forsythe    kmurphy@goeforlaw.com
Alan J Friedman    afriedman@irell.com
Steven M Garber    steve@smgarberlaw.com
Christian J Gascou    cgascou@gascouhopkins.com
Barry S Glaser    bglaser@swjlaw.com
Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
Eric D Goldberg    egoldberg@stutman.com
Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
Kelly C Griffith    bkemail@harrisbeach.com
Matthew Grimshaw    mgrimshaw@rutan.com
Kavita Gupta    kgupta@winthropcouchot.com
Asa S Hami    ahami@morganlewis.com
Michael J Hauser    michael.hauser@usdoj.gov
D Edward Hays    ehays@marshackhays.com
Michael C Heinrichs    mheinrichs@omm.com
Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
Jonathan M Hoff    jonathan.hoff@cwt.com
Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com

Michelle Hribar    mhribar@rutan.com
John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
Lawrence A Jacobson    laj@cohenandjacobson.com
Michael J Joyce    mjoyce@crosslaw.com
Stephen M Judson    sjudson@fablaw.com
Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
Steven J Kahn    skahn@pszyjw.com
Sheri Kanesaka    sheri.kanesaka@bryancave.com, theresa.macaulay@bryancave.com
David I Katzen    katzen@ksfirm.com
Christopher W Keegan    ckeegan@kirkland.com, shalimar.caltagirone@kirkland.com;alevin@kirkland.com
Irene L Kiet    ikiet@hkclaw.com
Claude F Kolm    claude.kolm@acgov.org
Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
David B Lally    davidlallylaw@gmail.com
Leib M Lerner    leib.lerner@alston.com
Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
Charles Liu    cliu@marshackhays.com
Charles Liu    cliu@winthropcouchot.com
Ben H Logan    blogan@omm.com
John W Lucas    jlucas@pszjlaw.com
Kerri A Lyman    klyman@irell.com
Mariam S Marshall    mmarshall@marshallramoslaw.com
Robert C Martinez    rmartinez@mclex.com
Michael D May    mdmayesq@verizon.net
Hutchison B Meltzer    hmeltzer@wgllp.com
Krikor J Meshefejian    kjm@lnbrb.com
Joel S. Miliband    jmiliband@rusmiliband.com
James M Miller    jmiller@millerbarondess.com,
vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com
Louis R Miller    smiller@millerbarondess.com
Craig Millet    cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
Randall P Mroczynski    randym@cookseylaw.com
Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
Robert Nida    Rnida@castlelawoffice.com
Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
Sean A Okeefe    sokeefe@okeefelc.com
Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
Ernie Zachary Park    ernie.park@bewleylaw.com
Daryl G Parker    dparker@pszjlaw.com
Penelope Parmes    pparmes@rutan.com
Robert J Pfister    rpfister@ktbslaw.com
Ronald B Pierce    ronald.pierce@sdma.com
Katherine C Piper    kpiper@steptoe.com, smcloughlin@steptoe.com
Cassandra J Richey    cmartin@pprlaw.net
Debra Riley    driley@allenmatkins.com
James S Riley    tgarza@sierrafunds.com
Todd C. Ringstad    becky@ringstadlaw.com
R Grace Rodriguez    ecf@lorgr.com
Martha E Romero    Romero@mromerolawfirm.com
Ronald Rus    rrus@rusmiliband.com
John P Schafer    jschafer@mandersonllp.com
John E Schreiber    jschreiber@dl.com
William D Schuster    bills@allieschuster.org
Christopher P Simon    csimon@crosslaw.com
Gerald N Sims    jerrys@psdslaw.com, bonniec@psdslaw.com
Wendy W Smith    wendy@bindermalter.com
Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com

**Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com**
**Michael St James    ecf@stjames-law.com**
**Michael K Sugar    msugar@irell.com**
**Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com**
**David A Tilem    davidtilem@tilemlaw.com,**
**malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com**
**James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com**
**United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
**Carol G Unruh    cgunruh@sbcglobal.net**
**Annie Verdries    verdries@lbbslaw.com**
**Jason Wallach    jwallach@gladstonemichel.com**
**Joshua D Wayser    , kim.johnson@kattenlaw.com**
**Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com**
**David M Wiseblood    dwiseblood@seyfarth.com**
**Brett K Wiseman    bwiseman@aalaws.com**
**Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com**
**Marc A. Zimmerman    joshuasdaddy@att.net**


**SERVED VIA U.S. MAIL**

**Committee of Creditors**

**Bellingham Marine Industries, Inc.**
**Attn: Colby N. Keller, Esq.**
**Keller, Weber & Dobrott**
**18201 Von Karman Avenue, #1000**
**Irvine, CA 92612**
**Committee Member**
**Chino Grading, Inc.**
**Attn: Norman Gorgone**
**P.O. Box 5007**
**Hacienda Heights, CA 91745**

**TC Construction Co., Inc.**
**Attn: Jack Gieffels**
**10540 Prospect Avenue**
**Santee, CA 92701**
**Committee Member**

**Nissho of California, Inc.**
**Attn: Christopher R. Mordy, Esq.**
**Mordy Law Offices**
**225 Broadway, Suite 1900**
**San Diego, CA 92101**
**Committee Member**

**Rohm Insurance Agency**
**Attn: Todd M. Rohm**
**26 Plaza Square**
**Orange, CA 92866**
**Committee Member**

**Ateliers Jean Nouvel**
**Attn: Alain Trincal**
**10 Cite D' Angouleme**
**75011 Paris France**
**Committee Member**

**BKF Engineers**
**Attn: David Lavelle**
**255 Shoreline Drive, #200**
**Redwood City, CA  94065**
**Committee Member**