IRELL & MANELLA LLP
Alan J. Friedman (State Bar No. 132580)
afriedman@irell.com
Howard J. Steinberg (State Bar No. 89291)
hsteinberg@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:   (949) 760-0991
Facsimile:   (949) 760-5200

Counsel for the Official Committee of
Unsecured Creditors in
Chapter 11 Cases of Palmdale Hills
Property, LLC et al.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

In re

PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS,

Joint Administered Debtors and Debtors-in-Possession

Affects:

☐ All Debtors
☒ Palmdale Hills Property, LLC
☐ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale, LLC
☐ SunCal Johannson Ranch, LLC
☐ SunCal Summit Valley, LLC
☒ SunCal Emerald Meadows LLC
☒ SunCal Bickford Ranch, LLC
☒ Acton Estates, LLC
☐ Seven Brothers LLC
☐ SJD Partners, Ltd.
☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF LLC
☐ LBL-SunCal Oak Valley, LLC
☐ SunCal Heartland, LLC
☐ LBL-SunCal Northlake, LLC

*Caption Continued on Next Page*

Case No. 8:08-bk-17206- ES

Jointly Administered With Case Nos.
8:08-bk-17209-ES; 8:08-bk-17240-ES;
8:08-bk-17224-ES; 8:08-bk-17242-ES;
8:08-bk-17225-ES; 8:08-bk-17245-ES;
8:08-bk-17227-ES; 8:08-bk-17246-ES;
8:08-bk-17230-ES; 8:08-bk-17231-ES;
8:08-bk-17236-ES; 8:08-bk-17248-ES;
8:08-bk-17249-ES; 8:08-bk-17573-ES;
8:08-bk-17574-ES; 8:08-bk-17575 ES;
8:08-bk-17404-ES; 8:08-bk-17407-ES;
8:08-bk-17408-ES; 8:08-bk-17409-ES;
8:08-bk-17458-ES; 8:08-bk-17465-ES;
8:08-bk-17470-ES; 8:08-bk-17472-ES
8:08-bk-17588-ES

Chapter 11 Cases

**OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]**

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

1

2  ☐ SunCal Marblehead, LLC
   ☐ SunCal Century City, LLC
3  ☐ SunCal PSV, LLC
   ☐ Delta Coves Venture, LLC
4  ☐ SunCal Torrance, LLC
   ☐ SunCal Oak Knoll, LLC
5

Hearing:
Date:  October 24, 2011
Time:  9:30 a.m.
Place:  Courtroom 5A

6     **TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY**

7  **JUDGE, THE RELATED DEBTORS, THE OFFICE OF THE UNITED STATES**

8  **TRUSTEE, AND ALL OTHER PARTIES-IN-INTEREST:**

9          The Official Joint Committee of Creditors Holding Unsecured Claims (the "Committee"),

10  duly appointed in the related jointly administered chapter 11 cases of Palmdale Hills Property,

11  LLC, SunCal Beaumont Heights, LLC, SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC,

12  SunCal Summit Valley, LLC, SunCal Emerald Meadows, LLC, SunCal Bickford Ranch, LLC,

13  Acton Estates, LLC, Seven Brothers, LLC, SJD Partners, Ltd., SJD Development Corp., Kirby

14  Estates, LLC, SunCal Communities I, LLC, SunCal Communities III, LLC, SCC Communities

15  LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the "Voluntary Debtors"),[1] hereby

16  submits this Objection and Reservation of Rights with respect to the *Third Amended Chapter 11*

17  *Plan Filed by SunCal Plan Proponents in the Chapter 11 Cases of Palmdale Hills Property,*

18  *LLC, SunCal Bickford Ranch, LLC, SunCal Emerald Meadows, LLC and Acton Estates, LLC*

19  *[Group I: Voluntary Debtors]* (the "SunCal I [2] Plan"). [3]

20          [1] The Voluntary Debtors' Chapter 11 cases are jointly administered with the following nine (9)
21  related entities: LBL-SunCal Oak Valley, LLC, SunCal Heartland, LLC, LBL-SunCal Northlake, LLC,
    SunCal Marblehead, LLC, SunCal Century City, LLC, SunCal PSV, LLC, Delta Coves Venture, LLC,
22  SunCal Torrance, LLC, SunCal Oak Knoll, LLC (the "Trustee Debtors"). A Chapter 11 Trustee has been
    appointed in the Trustee Debtors' Chapter 11 cases (the "Trustee") and a separate committee of unsecured
23  creditors was established. The Voluntary Debtors and the Trustee Debtors are hereinafter collectively
    referred to as the "Related Debtors."

24          [2] Capitalized terms not otherwise defined herein have the meaning set forth in the SunCal I Plan
    and Disclosure Statement.

25          [3] The SunCal Plan Proponents have filed four separate plans and four separate disclosure
26  statements. The Committee notes that the prior versions of the SunCal plans accounted for all seventeen
    of the Voluntary Debtors. However, the current versions of the SunCal plans omit six of the Voluntary
27  Debtors: (1) SCC/Palmdale, LLC; (2) SunCal Summit Valley, LLC; (3) Seven Brothers LLC; (4) Kirby
    Estates, LLC; (5) SunCal Communities I, LLC; and (6) SunCal Communities III, LLC. The SunCal Plan
28  Proponents have provided no explanation for the omission of these Voluntary Debtors from the plans or
    how the cases of these debtors will ultimately be resolved.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations
2496290

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT
TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY,
LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]

# I.

## PRELIMINARY STATEMENT

The Committee's goal and challenge throughout these Chapter 11 cases has been to have Lehman and the SunCal Plan Proponents propose competing *confirmable* chapter 11 plans that bestow upon the creditors meaningful choices that will lead to a meaningful distribution. Unfortunately, neither Lehman nor the SunCal Plan Proponents have whole-heartedly embraced this challenge. Each has proposed plans that fail to satisfy applicable requirements of the Bankruptcy Code, thus necessitating the filing of objections. The Committee hopes that after review of these objections, the SunCal Plan Proponents will make the requisite modifications to its plan so that the parties can achieve the goal of competing *confirmable* plans.

Given the length of time that has passed since these cases were filed, of paramount concern to the Committee is the realization of a date when unsecured creditors can expect to receive a meaningful dividend on their claims. The SunCal I Plan fails to achieve this objective because it sets forth a visionary and illusory scheme to pay claims without providing a shred of evidence upon which any party can conclude that the funding mechanism described (LitCo) will ever come to fruition. The SunCal Plan Proponents have had more than an ample opportunity to obtain the funding necessary to allow these cases to proceed to confirmation. There is simply no reason at this late stage of the proceedings to embark upon a costly and time-consuming confirmation battle unless the SunCal Plan Proponents can demonstrate with competent, credible evidence that the funding for LitCo exists. To wit, in order to proceed, the SunCal Plan Proponents should be required to demonstrate that the funding for LitCo is presently available and is on deposit in a segregated bank account. Moreover, the funds should not be able to be withdrawn or used for any other purpose pending the conclusion of the confirmation proceedings, with the only ability to withdraw said funds being tied to the failure of the SunCal I Plan's confirmation. Absent controls of this nature, there is simply no way to guarantee that the LitCo funding is and will remain available.

## II.

## THE SUNCAL I PLAN CANNOT BE CONFIRMED

Regardless of whether the SunCal I Plan is approved by all classes of creditors entitled to vote, it cannot be confirmed. "The debtor carries the burden of proving that a Chapter 11 plan complies with the statutory requirements for confirmation under §§ 1129(a) & (b)." *United States of America, v. Arnold and Baker Farms (In re Arnold and Baker Farms)*, 177 B.R. 648, 654 (B.A.P. 9th Cir. 1994), aff'd, 85 F.3d 1415 (9th Cir. 1996), cert. denied, 519 U.S. 1054, 117 S. Ct. 681 (1997). Further, even in the absence of objections by interested parties, the Court has an affirmative duty to ensure that a plan satisfies all requirements of the Bankruptcy Code before it can confirm a plan. *See In re Ambanc La Mesa Limited Partnership*, 115 F.3d 650, 653 (9th Cir. 1997), cert. denied, 522 U.S. 1110, 118 S. Ct. 1039 (1998).

Section 1129(a) sets forth sixteen requirements, all of which must be met before a court may confirm a plan. A court must confirm a plan if the plan proponent proves by a preponderance of the evidence either (1) that the plan satisfies all sixteen requirements of 11 U.S.C. § 1129(a), or (2) if the only condition not satisfied is the eighth requirement, 11 U.S.C. § 1129(a)(8), a plan satisfies the "cramdown" alternative to this condition found in 11 U.S.C. § 1129(b), which requires that the plan "does not discriminate unfairly" against and "is fair and equitable" towards each impaired class that has not accepted the plan. See *Arnold and Baker*, 177 B.R. at 654.

A.      **THE SUNCAL I PLAN MAY NOT BE FEASIBLE AS REQUIRED BY**
        **§ 1129(a)(11)**

Pursuant to § 1129(a)(11), a plan of reorganization may be confirmed only if "Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." The plan proponent is obliged to provide the court and creditors with sufficient information to make a feasibility determination. See *In re Walker*, 165 B.R. 994, 1004-05 (E.D. Va. 1994). A court may not confirm a plan of reorganization when the plan is nothing more than a visionary scheme which promises creditors

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

1 and equity security holders more than it can possibly deliver. *In re Pizza of Hawaii,* 761 F.2d

2 1374, 1382 (9th Cir. 1985). A plan constitutes a visionary scheme when a plan proponent cannot

3 show that a plan has a reasonable chance of success. *In re Acequia, Inc.,* 787 F.2d 1352, 1364

4 (9th Cir. 1986); *In re Save Our Spring Alliance Inc.,* 388 B.R. 202, 241 (Bankr. W.D. Tex. 2009)

5 (finding plan infeasible when debtor had only intention of contributing money necessary to

6 effectuate the reorganization plan); *In re Repurchase Corp.,* 332 B.R. 336, 342-343 (Bankr. N.D.

7 Ill. 2005) (finding plan infeasible when the plan relied on speculative funding), aff'd, 2008 WL

8 4379035 (N.D. Ill. 2008).

9       The SunCal Plan Proponents require the LitCo Plan Loan to pay Administrative and

10 Priority Claims, and Post Confirmation Expenses. Absent this funding, the SunCal I Plan cannot

11 be consummated. The Post Confirmation Expenses include litigation costs, which may be

12 millions of dollars. Another key component of the Plan is the purchase of Reliance Claims by

13 LitCo for 55% of their Allowed amount. Yet, the SunCal Plan Proponents have acknowledged

14 that they will not fund this obligation which must come from unidentified "investors/lenders,"

15 with "no guarantee that such funding will be obtained." (Disclosure Statement, p. 93) As such,

16 the LitCo funding is presently illusory. As discussed above, absent strict established mechanisms

17 to guarantee the availability of the LitCo Plan Loan, the SunCal I Plan cannot be confirmed.

18       The SunCal I Plan is likewise not feasible because there is no basis to compel LitCo to

19 purchase the Reliance Claims. A plan of reorganization is a contract. *Hillis Motors, Inc. v.*

20 *Hawaii Auto Dealers' Ass'n,* 997 F.2d 581, 588 (9th Cir. 1993) ("A reorganization plan

21 resembles a consent decree and therefore, should be construed basically as a contract.") LitCo is

22 not a party to the Plan. The rights and remedies afforded to Holders of Reliance Claims in the

23 event of a breach is at best uncertain. A Plan that is funded by an unknown entity against whom

24 recourse cannot be pursued is simply not feasible.

25 **B.**     **THE SUNCAL I PLAN FAILS TO COMPLY WITH §1129(a)(1)**

26       Section 1129(a)(1) provides as follows:

27          (a) The court shall confirm a plan only if all of the following requirements are met:

28             (1) The plan complies with the applicable provisions of this title.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 5 -

2496290

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT
TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY,
LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]

1  There are a few provisions in the SunCal I Plan that violate this restriction.

2  **1.    The SunCal I Plan Fails To Provide The Same Treatment For Each Claim Of**

3  **A Particular Class**

4  Under the SunCal I Plan, Reliance Claims are classified in Class 6.  A Reliance Claim is

5  defined as follows:

6  2.1.130    Reliance Claim.  An Allowed Unsecured Claim, Allowed Mechanic's Lien

7  Claim, or Allowed Bond Indemnification Claim against a Group I: Voluntary Debtor that

8  would entitle the holder thereof to be the beneficiary of any equitable subordination

9  judgment obtained against a Lehman Entity by such holder.  This definition includes the

10  holders of qualifying claims that are secured by mechanics liens.  All Allowed

11  Mechanic's Lien Claims and Bond Indemnification Claims are Reliance Claims.

12  Moreover, all Allowed General Unsecured Claims against Acton are Reliance Claims

13  (excluding any deficiency claim arising from the Lehman Disputed Claims).  Further, all

14  Allowed General Unsecured Claim against SunCal Emerald are also Reliance Claims

15  (excluding claims address in the Emerald Compromise and excluding any deficiency

16  claim arising from the Lehman Disputed Claims).  A list of the Reliance Claims for

17  Palmdale Hills and SunCal Bickford is attached to the Disclosure Statement as Exhibit

18  "8".

19  (SunCal I Plan, §2.1.130, p.22)

20  In the event a Holder of an Allowed Reliance Claim votes in favor of the Plan and elects

21  to sell its Claim to LitCo, it is assured of receiving 55% of its Allowed Claim. (SunCal I Plan,

22  §5.6, p. 40)  Carved out from the definition of a Reliance Claim are all claims held by Class 7

23  Unsecured Creditors.  (SunCal I Plan, § 5.7, p. 41)  The Holder of a Class 7 Unsecured Claim is

24  only assured of receiving a maximum of 1% its Allowed Claim even though it may likewise vote

25  in favor of the Plan.  (SunCal I Plan, §5.7)

26  This differential treatment of Unsecured Creditors is inconsistent with the representations

27  made in the Disclosure Statement, and that portion of the Reliance Claim definition which refers

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

2496290

1    to "An allowed Unsecured Claim . . . that could entitle the holder thereof to be the beneficiary of

2    any equitable subordination judgment obtained against a Lehman Entity by such holder."

3        In the Disclosure Statement, the SunCal I Plan Proponents represent that "Prior to the

4    market downturn in the middle of 2007 . . . SunCal and the Debtors would submit requests for

5    payment to the Lehman representatives . . . [who] would then provide the funding necessary to

6    pay these expenses." (Disclosure Statement, p. 37) "During the third quarter of 2007 . . . the

7    Lehman Representatives . . . assured SunCal that the Lehman Entities would provide the

8    necessary funding to pay vendors . . ." "The foregoing assurances of payment were

9    confirmed . . . during 2007 and 2008." (Disclosure Statement, p. 37) "Pursuant to the

10   Restructuring Agreement, Lehman ALI . . . committed . . . to make sure that the Projects'

11   Creditors were paid for their work." (Disclosure Statement, p. 38) "The Settlement Agreement

12   provided . . . that the entity taking title to the Project would assume the Lehman Lender debt

13   obligations associated with the Projects, assume certain bond obligations associated with the

14   Projects, and provide indemnification to SunCal and the Debtors for unpaid claims." (Disclosure

15   Statement, p. 40)

16       According to the Disclosure Statement, there is no time period in which Lehman Entities

17   were not responsible to pay Unsecured Creditors, nor are there Unsecured Creditors who were

18   excluded from the payment obligations.  These factual statements in the Disclosure Statement are

19   judicial admissions and are binding on the SunCal Plan Proponents.  See e.g., *In re Frascella*

20   *Enterprises, Inc.*, 2008 WL 2951115 (Bankr. E.D.Pa. 2008), (admissions in disclosure statement

21   binding); *Sovran Bank, N.A. v. Anderson*, 743 F.2d 223, 225 (4th Cir. 1984) (admission in

22   schedules binding); *In re Gourdin*, 431 B.R. 885, 891-92 (B.A.P. 1st Cir. 2010) (admissions in

23   pleadings or stipulations binding).  The SunCal Plan Proponents cannot disavow these

24   admissions and separately classify Unsecured Creditors simply because it is economically

25   expedient to do so.  The fact that the Lehman Lenders, whose factual and legal positions are

26   rejected by the SunCal Plan Proponents, have chosen to do so likewise cannot justify these

27   tactics.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

- 7 -

1    The contrived nature of the different Classes is underscored by the pronouncement in the

2    Disclosure Statement that "if a creditor [on Exhibit 8] disputes the amount, the SunCal Plan

3    Proponents reserve all rights in connection with the amount of any such claim and whether or not

4    it would be a Reliance Claim for purposes hereof." (Disclosure Statement, p. 62)  In other

5    words, if an Unsecured Creditor is owed $100,000 but is listed on Exhibit 8 as being owed

6    $50,000, challenging the wrongful amount may result in the creditor being listed as a Class 7

7    Unsecured Creditor resulting in receipt of a 1% dividend.  A difference as to claim amount does

8    not vitiate equitable subordination rights where the Lehman Lenders dominated and controlled

9    the Debtors.  This further evidences the baseless distinction between Class 6 and Class 7

10    creditors[4].

11    Section 1123(a)(4) requires in relevant part that a plan "provide the same treatment for

12    each claim or interest of a particular class."  A failure to provide the same treatment for each

13    claim of a particular class violates this section.  *In re MCorp Financial Inc.*, 137 B.R. 219, 227

14    (Bankr. S.D. Tex. 1992).

15    **2.    The SunCal I Plan Fails To Comply With § 502(a).**

16    Section 502(a) provides as follows:

17        A claim or interest, proof of which is filed under section 501 of this
        title, is deemed allowed, unless a party in interest, including a
18        creditor of a general partner in a partnership that is a debtor in a
        case under chapter 7 of this title, objects.

19    Section 9.1 of the SunCal I Plan violates the provisions of § 502(a).  Section 9.1 provides

20    the Plan Trustee with the exclusive right to object to Claims, save for claims of SunCal related

21    entities.  Since this plan provision violates § 502(a), the SunCal I Plan fails to satisfy the

22    requirements of § 1129(a)(1).

23

24

25

26    _____

[4] This is further underscored by the fact that ALL unsecured creditors of the Acton and
27    Emerald estates are deemed to be holders of Reliance Claims.  It seems odd at best that the entire
creditor body of two estates would qualify for the enhanced status of holders of Reliance Claims
28    while the SunCal Plan Proponents have been able to divine with specificity those creditors in the
remaining two estates who do not qualify for such treatment.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

1   **C.   THE SUNCAL I PLAN IS NOT PROPOSED IN GOOD FAITH AS REQUIRED**

2   **BY § 1129(a)(3)**

3   A plan cannot be confirmed if it has not "been proposed in good faith and not by any

4   means forbidden by law." §1129(a)(3).  A number of courts have recognized that good faith

5   requires "a reasonable likelihood that the plan will achieve a result consistent with the objectives

6   and purposes of the Bankruptcy Code." *In re Madison Hotel Assoc.*, 749 F.2d 410, 425 (7th Cir.

7   1984). "Good faith" also requires the bankruptcy court to review the proposed plan to make sure

8   it reflects "a fundamental fairness in dealing with one's creditors." *Id.* at 425.  *In re Stolrow's,*

9   *Inc.*, 84 B.R. 167, 172 (B.A.P. 9th Cir. 1988).

10   As explained by the Seventh Circuit:

11   the important point of inquiry is the plan itself and whether such
        plan will fairly achieve a result consistent with the objectives and
12   purpose of the Bankruptcy Code . . .  The plan "must be viewed in
        light of the totality of the circumstances surrounding confection
13   of the plan . . . ."

14

15   *In re Madison Hotel Assoc.*, 749 F.2d at 425; *Texas Extrusion Corp. v. Lockheed Corp. (In re*

16   *Texas Extrusion Corp.)*, 844 F.2d 1142, 1160 (5th Cir. 1988), cert. denied, 488 U.S. 926, 109 S.

17   Ct. 311 (1988).

18   Assuming that uncertainties regarding the SunCal I Plan funding will be satisfied, it

19   remains unclear when the Confirmation Date and the Effective Date will take place.  The

20   Confirmation Date is defined as the date of entry of the Confirmation Order, but there is no

21   deadline date by which the Confirmation Order must be entered. (SunCal I Plan, §2.1.40, p. 9)

22   The Effective Date is defined as no later than 90 days after the Confirmation Date, but this can be

23   extended as of right for 60 days and then subject to further extensions, with no sunset date

24   provided there is court approval. (SunCal I Plan, §2.1.55, p. 11-12)  Accordingly, it is impossible

25   to ascertain if and when creditors will be paid under the Plan.

26   One of the important elements of a chapter 11 plan is a prompt payment of creditors.  *In*

27   *re Walker*, 165 B.R. 994, 1001 (E.D. Va. 1994).  The district court noted this principle as

28   follows:

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

- 9 -

1  Indeed, prompt payment of creditors is a primary objective of a
2  Chapter 11 reorganization. See, *In re Kemp*, 134 B.R. 413, 415
   (Bankr. E.D. Cal. 1991) (citing *In re Hoosier Hi-Reach, Inc.,* 64 B.R. 34, 38
3  (Bankr. S.D. Ind. 1986). Accordingly, the failure of a debtor to use the
   full reach of its disposable resources to repay creditors is evidence
4  that a plan is not proposed in good faith because such conduct
5  frustrates this objective.

6      Deadline dates for entry of the Confirmation Order and Effective Date must be imposed

7  to insure that the cases do not languish at the expense of the Unsecured Creditors. Absent same,

8  creditors will not be promptly paid. In addition, there is no reason why LitCo should not be

9  required to purchase the Reliance Claims as of a date certain, which should be shortly after the

10 Confirmation Date.

11 **D.     THE SUNCAL I PLAN FAILS THE BEST INTEREST OF CREDITORS TEST**

12 **    SET FORTH IN § 1129(a)(7)**

13     A prerequisite to the Court's confirmation of the SunCal I Plan is a finding that the

14 SunCal I Plan satisfies § 1129(a)(7), often called the "best interests of creditors test." *In re*

15 *Montgomery Court Apartments of Ingham County, Ltd.,* 141 B.R. 324, 330 (Bankr. S.D. Ohio

16 1992); *In re Sierra-Cal,* 210 B.R. 168, 171-72 (Bankr. E.D. Cal. 1997) (the "best interests"

17 concept is a cornerstone of the theoretical underpinnings of chapter 11). The best interest test is

18 applied to each dissenting impaired creditor, not to classes of creditors. See *In re Drexel*

19 *Burnham Lambert Group, Inc.,* 138 B.R. 723, 761 (Bankr. S.D.N.Y. 1992).

20     Section 1129(a)(7) requires that each holder of an impaired class of creditors that does not

21 accept the plan:

22  will receive or retain under the plan on account of such claim or interest property
    of a value, as of the effective date of the plan, that is not less than the amount
23  that such holder would so receive or retain if the debtor were liquidated
24  under chapter 7 of this title on such date.

25 Section 1129(a)(7) thus guarantees to each creditor or interest holder that absent the creditor's

26 consent, it will receive at least as much in a reorganization as it would in a liquidation under

27 chapter 7.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

- 10 -

1    The Liquidation Analysis in the Disclosure Statement is superficial and concludes that a

2    "Chapter 7 trustee appointed in this case would be compelled to liquidate the Debtors' assets in

3    the same manner as provided for in the Plan and to pay out the proceeds in the same manner as

4    provided for in the Plan." (Disclosure Statement, p. 101-102)  This statement is inaccurate in

5    several material respects.

6    First, there is an unduly restrictive provision in the Plan which can effectively crater the

7    sales process.  The Sale Period "shall" expire 30 days after the Effective Date.  While this time

8    period can be extended by the Bankruptcy Court (Plan, § 2.1.135, p. 23), any request for an

9    extension may prove unavailing given the language which requires abandonment if the properties

10    are not sold during the Sale Period:

11    <u>If for any reason</u> the Plan Trustee is unable to sell any of the Group I: Voluntary Projects
      and/or Group I: Voluntary Other Assets during the Sales Period, <u>they will be abandoned</u>
12    as of 11:59 p.m. on the last day of the Sales Period, no payment shall be made to the
      Holders of Class 2.1 through 2.4 Claims, as the case may be, and such Holder(s) shall be
13    free to exercise any and all remedies that they may hold with respect to the Group I:
      Voluntary Projects and the Group I: Voluntary Other Assets under applicable California
14    law.  (Emphasis added)

15

16    (Plan, § 5.2(C), p. 37-38)

17    Given the "if for any reason", coupled with the mandatory abandonment language, the

18    Plan Trustee may be hard pressed to convince the Court that a further extension should be

19    granted.  The Lehman Entities are represented by highly sophisticated and resourceful counsel.

20    In light of the Voluntary Debtors' track record in the Lehman bankruptcy proceedings in New

21    York, there remains a distinct possibility that the sales process can be delayed, whether by

22    injunctive relief, arguments that the automatic stay applies, or otherwise.  If such were to occur,

23    the sales process in the SunCal I Plan is far inferior to the process that would be followed in a

24    chapter 7 case.  A chapter 7 trustee would not be faced with such Draconian consequences if a

25    sale was not consummated by a date certain.  Furthermore, the Plan sets Minimum Sales Prices

26    for the properties (Plan, § 2.1.103, p. 17-18), but there is no explanation in the Disclosure

27    Statement or Plan as to how these prices were fixed.  A chapter 7 trustee may be able to sell the

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

1  properties if there is a lower Minimum Sales Price.  If the properties are foreclosed, the Lehman

2  Lenders will retain the sales proceeds.

3      A second concern arises out of the abandonment component if a sale is not consummated

4  during the Sale Period.  There have been differing views as to the effect of abandonment in the

5  chapter 11 context, with some courts providing that it can result in a transfer of title (*In re A.J.*

6  *Lane & Co., Inc.*, 133 B.R. 264 (Bankr. D. Mass. 1991)), and others holding that such is not the

7  case.  *In re Terjen*, 154 B.R. 456, 459 (E.D. Va. 1993).  While it is reasonable to provide a

8  secured creditor with a remedy at some point if the sales process proves unavailing, there is no

9  need to create the opportunity for further prejudice to Unsecured Creditors' rights by providing

10  for abandonment.  The SunCal I Plan likewise provides for the abandonment of the Group I:

11  Voluntary Other Assets if they are not sold during the Sale Period.  (Plan, § 5.2(C), p. 37-38)

12  There is no meaningful description of what these assets consist of, what they are worth, or the

13  process by which they would be sold in the Disclosure Statement and the SunCal I Plan.  The

14  sales process for these assets in a chapter 7 case is likewise not as restrictive.

15      A third concern pertains to the effect of the SunCal I Plan on continued prosecution of the

16  equitable subordination claims.  These claims are properly pursued by the Voluntary Debtors on

17  behalf of all creditors where rights have been adversely impacted.  *In re Audre, Inc.*, 210 B.R.

18  360, 363 (Bankr. S.D. Cal. 1997).  However, the Disclosure Statement provides that after LitCo

19  acquires the Reliance Claims, it will pursue the claims it acquires against the Lehman Entities.

20  (Disclosure Statement, p. 61)  Left unanswered is who will pursue the equitable subordination

21  Claims on behalf of Holders of Reliance Claims that are not purchased by LitCo and on behalf of

22  Class 7 Unsecured Creditors?  A chapter 7 trustee could pursue such claims on behalf of all

23  affected creditors.  *In re Medomak Canning*, 922 F.2d 895, 902 (1st Cir. 1990).

24  **E.    THE SUNCAL I PLAN UNFAIRLY DISCRIMINATES AND IS NOT FAIR AND**

25  **EQUITABLE**

26      Under §1129(b)(1), a plan can only be confirmed if it "does not discriminate unfairly, and

27  is fair and equitable, with respect to each class of claims or interests that is impaired under, and

28  has not accepted, the plan."  Section 1129(b) requires the following:

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT
TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY,
LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]

1

2   Notwithstanding section 510(a) of this title, if all of the applicable requirements of
    subsection (a) of this section other than paragraph (8) are met with respect to a plan,
3   the court, on request of the proponent of the plan, shall confirm the plan notwithstanding
    the requirements of such paragraph if the plan does not discriminate unfairly, and is
4   fair and equitable, with respect to each class of claims or interests that is impaired under,
    and has not accepted, the plan.
5

6   These are the minimum technical requirements. "However, technical compliance with all the

7   requirements in § 1129(b)(2) does not assure that the plan is "fair and equitable." *Fed. Savings &*

8   *Loan Ins. Corp. v. D&F Constr., Inc. (In re D&F Constr., Inc.)*, 865 F.2d 673, 675 (9th Cir.

9   1989). Rather, "[a] court must consider the entire plan in the context of the rights of the creditors

10  under state law and the particular facts and circumstances when determining whether a plan is

11  "fair and equitable." *Id.* Thus, even if SunCal I's Plan satisfied the technical requirements of

12  § 1129(b), which it does not, it would still be unconfirmable because it is patently self-serving

13  and unfair—to the point of being abusive—to Unsecured Creditors.

14      1.      **The SunCal I Plan Unfairly Discriminates Agreement Unsecured Creditors**

15              **And Is Not Fair And Equitable**

16          The SunCal I Plan divides Unsecured Creditors into two classes, Holders of a Class 6

17  Reliance Claim, who can sell their Allowed Claim for a guaranteed dividend of 55%, and

18  Holders of a Class 7 Claim, who may receive no more than a 1% guaranteed dividend. The only

19  difference of note between the two classes is that a Reliance Claim is defined as an Unsecured

20  Claim that would be the beneficiary of an equitable subordination judgment. As heretofore

21  noted, the Disclosure Statement provides that the Lehman Entities repeatedly breached

22  obligations that required them to pay, directly or indirectly, all creditor claims. (Disclosure

23  Statement, p. 37-40) These allegations, including allegations of dominance and control and the

24  power to decide which debts to pay, support an equitable subordination claim by all Unsecured

25  Creditors. See, e.g., *In re 604 Columbus Ave. Realty Trust*, 119 B.R. 350, 377 (Bankr. D.Mass.

26  1990), subsequently aff'd in part, vacated in part on other grounds, 968 F.2d 1332 (1st Cir.

27  1992); *In re Kids Creek Partners, L.P.*, 200 B.R. 996, 1015-16 (Bankr. N.D. Ill. 1996); *In re*

28  *Computer Personalities Systems, Inc.*, 284 B.R. 415, 429 (Bankr. E.D. Pa. 2002).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

2496290

- 13 -

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT
TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY,
LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]

1    The standard that must be satisfied in order to justify discrimination between classes is set

2    forth in *In re Ambanc La Mesa Ltd. Partnership*, 115 F.3d 650, 656 (9th Cir. 1997), cert. denied,

3    522 U.S. 1110, 118 S.Ct. 1039 (1998):

4       Discrimination between classes must satisfy four criteria to be considered fair
        under 11 U.S.C. § 1129(b):  (1) the discrimination must be supported by a
5       reasonable basis; (2) the debtor could not confirm or consummate the Plan
        without the discrimination; (3) the discrimination is proposed in good faith; and
6       (4) the degree of the discrimination is directly related to the basis or rationale for
        the discrimination.

7
        As noted in *In re Dow Corning Corp.*, 244 B.R. 705, 710 (Bankr. E.D. Mich. 1999),
8
        a rebuttable presumption that a plan is unfairly discriminatory will arise when
9       there is:  (1) a dissenting class; (2) another class of the same priority; and (3) a
        difference in the plan's treatment of the two classes that results in either (a) a
10      materially lower percentage recovery for the dissenting class (measured in terms
        of the net present value of all payments), or (b) regardless of percentage recovery,
11      an allocation under the plan of materially greater risk to the dissenting class in
        connection with its proposed distribution.
12

13   Among other things, the SunCal Plan Proponents must satisfy the *Ambanc* standard, and

14   overcome the presumption of discrimination.

15       **2.        The SunCal I Plan Improperly Provides For A Breakup Fee**

16       A Qualifying Bidder has a right to receive a 2.5% breakup fee.  (Plan, § 2.1.4, p. 3,

17   § 2.1.134, p. 23, § 2.1.143, p.24)  While numerous courts have awarded breakup fees to parties

18   who make an initial bid in a bankruptcy sales process, courts have been loathe to award breakup

19   fees where the recipient is an Affiliate or insider (as defined by § 101(31)).  See, *In re Bidermann*

20   *Industries U.S.A., Inc.*, 203 B.R. 547, 552-53 (Bank. S.D.N.Y. (1997).

21       In these cases, no prospective purchaser has been identified, but neither have the

22   categories of prospective purchasers been limited.  There is no restriction on who may be a

23   Qualifying Bidder.  (Plan, § 2.1.129, p. 22)  Exceptional circumstances should have to be

24   demonstrated to justify payment of a breakup fee to an Affiliate or insider, and until and unless

25   this is done, the Plan should not provide a breakup fee to such Persons.  The SunCal I Plan

26   creates an opportunity for mischief since Acquisitions is the Plan Trustee and has responsibility

27   to manage the sale marketing process and choose the Qualifying Bidder (Plan, § 7.7.1, 7.7.3,

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

- 14 -

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT
TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY,
LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]

1  p. 48-49; Disclosure Statement, p. 80)[5].  Accordingly, the Plan must restrict the right of an

2  Affiliate or insider to receive a breakup fee.

3  **F.      THE SUNCAL I PLAN VIOLATES THE ABSOLUTE PRIORITY RULE IN**

4  **§1129(b)(2)(B)(ii)**

5         The SunCal I Plan provides that Acquisitions will be the Plan Trustee of the Plan Trust.

6  (Plan § 7.7.1, p. 48)  Acquisitions is an indirect parent company of all of the Debtors.  (Plan,

7  § 2.1.1, p. 3)  The Plan Trustee is afforded a broad panoply of powers, including the right to

8  prosecute and settle all litigation and sell Assets.  (Plan, § 7.7.3, p. 49-50)  In addition there are

9  no grounds set forth in the SunCal I Plan for removal of the Plan Trustee.  Conversely, the

10  Voluntary Debtors' Committee is afforded very limited authority outside of the ability to file

11  objections to certain types of proceedings.  (Plan, § 7.16.1, p. 56)  Other parties in interest are

12  afforded even less rights.  For instance, only the Voluntary Debtors' Committee is afforded the

13  right to review the Plan Trustee's Books and Records (Plan, § 7.11, p. 54)

14         The "absolute priority rule" states that existing equity may not receive anything on

15  account of its interest in the debtor unless all other senior classes are paid in full.  *Bank of*

16  *America Nat'l Trust and Savings Assoc. v. 203 North LaSalle Partnership*, 526 U.S. 434, 119

17  S.Ct. 1411(1999).  Section 1129(b)(2) defines in pertinent part the parameters of the absolute

18  priority rule:

19         (2) For the purposes of this subsection, the condition that a plan be fair
20         and equitable with respect to a class includes the following requirements:

21         . . .

22         (B) With respect to a class of unsecured claims –

23                (i) the plan provides that each holder of a claim of such
                 class receive or retain on account of such claim property of
24               a value, as of the effective date of the plan, equal to the
                 allowed amount of such claim; or

25                (ii) the holder of any claim or interest that is junior to the
                 claims of such class will not receive or retain under the
26

27        _____
          [5] The SunCal Plan Proponents have stated that they intend to utilize the services of an
28  independent third party to handle the marketing and sale of the various assets.  This concept
          should become part of the SunCal 1 Plan and Confirmation Order.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations
2496290

1    plan on account of such junior claim or interest any
2    property. . .

3        Courts have recognized that the ability to control a company or assets is value for
4    purposes of the absolute priority rule. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 208,
5    108 S.Ct. 963 (1988) ("[E]ven in a sole proprietorship, where 'going concern' value may be
6    minimal, there may still be some value in the control of the enterprise."); *In re Introgen*
7    *Therapeutics, Inc.*, 429 B.R. 570, 586 (Bankr. W.D. Tex. 2010) ("[C]ontrol over a company will
8    be considered a property interest for purposes of determining whether there is a violation of the
9    absolute priority rule.").

10        The relationships and issues between SunCal and the Lehman Entities are expansive and
11    complex, involve at least 26 Debtors, and far transcends the property sales addressed in these
12    cases and the Litigation Claims.  As such, the ability to control the disposition of the assets and
13    litigation is quite valuable to SunCal and Acquisitions.  Absent a significant grant of power and
14    authority to the Voluntary Debtors' Committee with respect to the Plan Trust, including the right
15    to be an active participant in all settlement negotiations with Lehman, the SunCal I Plan's
16    provisions granting Acquisitions control of the Plan Trust violate the absolute priority rule.

17    ### III.

18    ### RESERVATION OF RIGHTS

19        The Committee reserves the right to make additional confirmation objections at the
20    confirmation hearing.

21    ///
22    ///
23    ///

24
25
26
27
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT
TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY,
LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]

1

### IV.

2

### CONCLUSION

3      Based upon the inadequacies in the SunCal I Plan, the Committee requests that the Court

4   deny approval of the SunCal I Plan unless there are modifications that address the concerns

5   raised herein.

6   Dated:  September 19, 2011              IRELL & MANELLA LLP

7

8

9                                         By: _____
                                              Alan J. Friedman
10                                            Howard J. Steinberg
                                              Counsel for the Official Unsecured
11                                            Creditors Committee in Chapter 11 Cases
                                              of Palmdale Hills Property, LLC et al.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660-6324

A true and correct copy of the foregoing document described as **OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 19, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒   Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On September 19, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒   Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 19, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

CAUSED TO BE SERVED BY PERSONAL DELIVERY/MESSENGER
Chambers of the Honorable Erithe A. Smith
United States Bankruptcy Court
Ronald Reagan Federal Bldg., Bin Outside Room 5097
411 W. Fourth Street
Santa Ana, CA 92701-4593

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/19/11 | Leslie Wolchuck | /s/ Leslie Wolchuck |
|---------|-----------------|---------------------|
| Date    | Type Name       | Signature           |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]

**SERVICE VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com

- Joseph M Adams    jadams@sycr.com

- Raymond H Aver    ray@averlaw.com

- James C Bastian    jbastian@shbllp.com

- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com

- John A Boyd    fednotice@tclaw.net

- Mark Bradshaw    mbradshaw@shbllp.com

- Gustavo E Bravo    gbravo@smaha.com

- Jeffrey W Broker    jbroker@brokerlaw.biz

- Brendt C Butler    bbutler@mandersonllp.com

- Andrew W Caine    acaine@pszyjw.com

- Carollynn Callari    ccallari@venable.com

- Cathrine M Castaldi    ccastaldi@rusmiliband.com

- Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com

- Dan E Chambers    dchambers@jmbm.com

- Shirley Cho    scho@pszjlaw.com

- Vonn Christenson    vrc@paynefears.com

- Brendan P Collins    bpcollins@bhfs.com

- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com

- Geoffrey Crisp    geoffrey@smgarberlaw.com, michelle@smgarberlaw.com

- Jonathan S Dabbieri    dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com

- Ana Damonte    ana.damonte@pillsburylaw.com

- Vanessa S Davila    vsd@amclaw.com

- Melissa Davis    mdavis@shbllp.com

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

1  • Daniel Denny    ddenny@gibsondunn.com

2  • Caroline Djang    crd@jmbm.com

3  • Donald T Dunning    ddunning@dunningLaw.com

4  • Meredith R Edelman    meredith.edelman@dlapiper.com

5  • Joseph A Eisenberg    jae@jmbm.com

6  • Lei Lei Wang Ekvall    lekvall@wgllp.com

7  • Richard W Esterkin    resterkin@morganlewis.com

8  • Marc C Forsythe    kmurphy@goeforlaw.com

9  • Alan J Friedman    afriedman@irell.com

10  • Steven M Garber    steve@smgarberlaw.com

11  • Christian J Gascou    cgascou@gascouhopkins.com

12  • Barry S Glaser    bglaser@swjlaw.com

13  • Robert P Goe    kmurphy@goeforlaw.com,
     rgoe@goeforlaw.com;mforsythe@goeforlaw.com
14

15  • Eric D Goldberg    egoldberg@stutman.com

16  • Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com

17  • Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

18  • Kelly C Griffith    bkemail@harrisbeach.com

19  • Matthew Grimshaw    mgrimshaw@rutan.com

20  • Kavita Gupta    kgupta@winthropcouchot.com

21  • Asa S Hami    ahami@morganlewis.com

22  • Michael J Hauser    michael.hauser@usdoj.gov

23  • D Edward Hays    ehays@marshackhays.com

24  • Michael C Heinrichs    mheinrichs@omm.com

25  • Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com

26  • Jonathan M Hoff    jonathan.hoff@cwt.com

27  • Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com

28  • Michelle Hribar    mhribar@rutan.com

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT
TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY,
LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]

- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com

- Lawrence A Jacobson    laj@cohenandjacobson.com

- Michael J Joyce    mjoyce@crosslaw.com

- Stephen M Judson    sjudson@fablaw.com

- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com

- Steven J Kahn    skahn@pszyjw.com

- Sheri Kanesaka    sheri.kanesaka@bryancave.com, theresa.macaulay@bryancave.com

- David I Katzen    katzen@ksfirm.com

- Christopher W Keegan    ckeegan@kirkland.com, shalimar.caltagirone@kirkland.com;alevin@kirkland.com

- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

- Irene L Kiet    ikiet@hkclaw.com

- Claude F Kolm    claude.kolm@acgov.org

- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

- David B Lally    davidlallylaw@gmail.com

- Leib M Lerner    leib.lerner@alston.com

- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com

- Charles Liu    cliu@marshackhays.com

- Charles Liu    cliu@winthropcouchot.com

- Kerri A Lyman    klyman@irell.com

- Mariam S Marshall    mmarshall@marshallramoslaw.com

- Robert C Martinez    rmartinez@mclex.com

- Michael D May    mdmayesq@verizon.net

- Hutchison B Meltzer    hmeltzer@wgllp.com

- Krikor J Meshefejian    kjm@lnbrb.com

- Joel S. Miliband    jmiliband@rusmiliband.com

- James M Miller    jmiller@millerbarondess.com, vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT
TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY,
LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]

1  • Louis R Miller    smiller@millerbaronedess.com

2  • Craig Millet    cmillet@gibsondunn.com,
3      pcrawford@gibsondunn.com;cmillet@gibsondunn.com

4  • Randall P Mroczynski    randym@cookseylaw.com

5  • Mike D Neue    mneue@thelobelfirm.com,
    jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

6  • Robert Nida    Rnida@castlelawoffice.com

7  • Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com

8  • Sean A Okeefe    sokeefe@okeefelc.com

9  • Scott H Olson    solson@seyfarth.com

10 • Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com

11 • Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com

12 • Ernie Zachary Park    ernie.park@bewleylaw.com

13 • Daryl G Parker    dparker@pszjlaw.com

14 • Penelope Parmes    pparmes@rutan.com

15 • Robert J Pfister    rpfister@ktbslaw.com

16 • Ronald B Pierce    ronald.pierce@sdma.com

17 • Katherine C Piper    kpiper@steptoe.com, smcloughlin@steptoe.com

18 • Cassandra J Richey    cmartin@pprlaw.net

19 • Debra Riley    driley@allenmatkins.com

20 • James S Riley    tgarza@sierrafunds.com

21 • Todd C. Ringstad    becky@ringstadlaw.com

22 • R Grace Rodriguez    ecf@lorgr.com

23 • Martha E Romero    Romero@mromerolawfirm.com

24 • Ronald Rus    rrus@rusmiliband.com

25 • John P Schafer    jschafer@mandersonllp.com

26 • John E Schreiber    jschreiber@dl.com

27 • William D Schuster    bills@allieschuster.org

28 • Christopher P Simon    csimon@crosslaw.com

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT
TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY,
LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]

1     •   Gerald N Sims    jerrys@psdslaw.com, bonniec@psdslaw.com

2     •   Wendy W Smith    wendy@bindermalter.com

3     •   Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com

4     •   Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com

5     •   Michael St James    ecf@stjames-law.com

6     •   Michael K Sugar    msugar@irell.com

7     •   Cathy Ta    cathy.ta@bbklaw.com,
8         Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com

9     •   David A Tilem    davidtilem@tilemlaw.com,
       malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com

10    •   James E Till    jtill@thelobelfirm.com,
11        jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

12    •   United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

13    •   Carol G Unruh    cgunruh@sbcglobal.net

14    •   Annie Verdries    verdries@lbbslaw.com

15    •   Jason Wallach    jwallach@gladstonemichel.com

16    •   Joshua D Wayser    , kim.johnson@kattenlaw.com

17    •   Benjamin M Weiss    bweiss@lansingcompanies.com

18    •   Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

19    •   David M Wiseblood    dwiseblood@seyfarth.com

20    •   Brett K Wiseman    bwiseman@aalaws.com

21    •   Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com

22    •   Marc A. Zimmerman    joshuasdaddy@att.net

23

**SERVED VIA FIRST-CLASS MAIL:**

24

Office of the United States Trustee
25 Attn: Michael Hauser, Esq.
411 W. Fourth Street, Suite 9041
26 Santa Ana, CA 92701-4593

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2496290

OBJECTION AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE VOLUNTARY DEBTORS WITH RESPECT
TO THE THIRD AMENDED CHAPTER 11 PLAN FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY,
LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]