Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1300
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

-- and --

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession.<br><br>Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11 |

DOCS_LA:243215.2 52063-001         1

- [ ] ~~SJD Development Corp.~~
- [ ] Kirby Estates, LLC
- [ ] SunCal Communities I, LLC
- [ ] SunCal Communities III, LLC
- [ ] SCC Communities, LLC
- [ ] North Orange Del Rio Land, LLC
- [ ] Tesoro SF, LLC
- [x] LB-L-SunCal Oak Valley, LLC
- [x] SunCal Heartland, LLC
- [x] LB-L-SunCal Northlake, LLC
- [x] SunCal Marblehead, LLC
- [ ] SunCal Century City, LLC
- [x] SunCal PSV, LLC
- [x] Delta Coves Venture, LLC
- [x] SunCal Torrance, LLC
- [x] SunCal Oak Knoll, LLC

## BALLOT FOR VOTING CLAIMS IN CLASS 3 (SR. SECURED MECHANIC'S LIEN CLAIMS)

Steven M. Speier, as the Chapter 11 Trustee for the following eight debtors in the above-captioned cases: L-BL-SunCal Oak Valley, LLC; SunCal Heartland, LLC; L-BL-SunCal Northlake, LLC; SunCal Marblehead, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance, LLC; and SunCal Oak Knoll, LLC, and Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC have filed the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* (the "Plan")[1] and the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors*, copies of which are included among the materials accompanying this Ballot and have also been posted on the Court's docket at www.cacb.uscourts.gov.

You have received this Ballot because the Plan Proponents believe that you may allege to be a Holder of one or more Class 3 Sr. Secured Mechanic's Lien Claims under the Plan.

The Lehman Proponents dispute that any Mechanic's Lien Claims could be Allowed as a Sr. Secured Mechanic's Lien Claim because they believe that the Lehman Creditors' Liens are senior Encumbrances and there is no value in the junior Liens of the Holders of Mechanic's Lien Claims.

COMPLETE THIS BALLOT TO: (1) HAVE THE OPPORTUNITY TO ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT, which essentially affords Creditors an enhanced recovery, as more fully set forth in the Plan, of (as applicable) up to 40% to 50% for Allowed Reliance Claims, and up to 5% for Allowed General Unsecured Claims, (2) WAIVE ANY CONTENTION THAT YOUR MECHANIC'S LIEN CLAIM IS A SECURED CLAIM SENIOR TO THE LEHMAN CREDITORS' SECURED CLAIMS,

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

AND (3) ELECT TO VOTE YOUR CLAIM AS A GENERAL UNSECURED CLAIM OR RELIANCE CLAIM, AS APPLICABLE, TO ACCEPT OR REJECT THE PLAN.

<u>IF YOU DO NOT ELECT TO WAIVE YOUR SECURED CLAIM, YOU DO NOT NEED TO COMPLETE THIS BALLOT.</u> THE REASON NO BALLOT IS NEEDED IF YOU DO NOT MAKE THIS ELECTION IS BECAUSE CLASS 3 CLAIMS ARE UNIMPAIRED AND HOLDERS OF CLASS 3 CLAIMS, UNLESS THEIR CLAIMS ARE DISALLOWED PRIOR TO CONFIRMATION, ARE DEEMED TO ACCEPT THE PLAN.

IF YOU DO ELECT TO WAIVE YOUR SECURED CLAIM, THEN please use this Ballot to cast your vote to accept or reject the Plan, and make the other certifications set forth below. The Disclosure Statement, which has been approved by the entry of an order by the Court pursuant to section 1125 of the Bankruptcy Code, and the order entered by the Court approving procedures in connection with solicitation of the Plan (the "Solicitation Procedures Order") provide information to assist you in deciding how to vote on the Plan. The Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you have not received or wish to obtain a printed copy of the Disclosure Statement, Plan, or Solicitation Procedures Order, please submit a written request to Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

> You should review the Disclosure Statement, the Plan and the Solicitation Procedures Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan.
>
> VOTING DEADLINE: SEPTEMBER 19, 2011.
>
> If your Ballot is not received by mail or hand delivery at the address below on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.
>
> Your vote will not count to the extent your claim is: (1) untimely and unscheduled (that is, (a) it is was not timely filed by the applicable bar date and was not appropriately scheduled in the applicable Debtor's schedules as undisputed, liquidated and non-contingent and (b) it was not deemed timely filed pursuant to an order of the Court prior to or on the Voting Deadline of September 19, 2011); (2) partially unliquidated (your vote will not count as to the unliquidated portion only); (3) a duplicate claim (you are permitted to vote your Claim only once); or (4) subject to a pending objection filed by August 25, 2011, unless the Court issues an Order by confirmation of the Plan allowing your Claim or temporarily allowing it for voting purposes. To seek temporary allowance of your Claim, you first may file a motion with the Court requesting (or request that the Plan Proponents enter into an agreement with you requesting) pursuant to Bankruptcy Rule 3018(a) that your Claim be temporarily allowed for voting purposes, which motion (or agreement) must be filed with the Court by September 26, 2011. Then, you must appear at the Confirmation Hearing beginning October 24, 2011 at 9:30 a.m. before the Honorable Erithe A. Smith, 411 West Fourth Street, Courtroom 5A, Central District of

> ~~California (Santa Ana Division), Santa Ana, California 92701 at which hearing the Court will~~ consider your motion or the agreement for temporary allowance of your Claim. (Other parties may object to any such motion or agreement no later than **October 7, 2011** and you are permitted to file a reply to any objections no later than **October 14, 2011**.)

This Ballot is not a letter of transmittal and may not be used for any purpose other than for a Holder of a Claim (i) to waive any contention that the Holder has a Secured Claim senior to the Secured Claim of the applicable Lehman Creditor(s) on the applicable Plan Project and to assert, instead, that its Claim is a General Unsecured Claim or Reliance Claim, or partially each, thereby affording the Creditor the further opportunity to (ii) vote its Claim and (iii) elect to receive the Lehman Distribution Enhancement, if its Claim is Allowed, and provide the Lehman Released Parties with the Creditor's Assignment / Release for Lehman.

## HOW TO VOTE

1. <u>OPTIONAL</u>: Complete Item 1 to waive any contention your Claim is a "Secured Claim."

**If you do not make the above election, do not complete the remainder of this Ballot.**

2. COMPLETE ITEM 2 and, as applicable, ITEMS 3. b. & 3. c.

3. <u>OPTIONAL</u>: YOU <u>MAY</u> ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT AND PROVIDE THE LEHMAN RELEASED PARTIES WITH THE CREDITOR'S ASSIGNMENT / RELEASE FOR LEHMAN. COMPLETE ITEM 4 TO MAKE THIS ELECTION.

4. COMPLETE ITEM 5.

6. REVIEW THE CERTIFICATION.

7. **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

8. YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 6 AND CLASS 7 CLAIMS AGAINST ANY PARTICULAR DEBTOR EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE AS TO A PARTICULAR DEBTOR.

9. ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED.**

10. FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** AT THE ADDRESS SET FORTH BELOW NO LATER THAN **SEPTEMBER 19, 2011**. YOU MAY USE THE ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE ADDRESS SET FORTH BELOW:

<u>By Courier, Hand Delivery or U.S. Mail:</u>  Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067

Item 1:  **OPTIONAL.** <u>Election to Waive the Contention that Claim is a Secured Claim In Order to Assert, Instead, Claim is a General Unsecured Claim or Reliance Claim Entitled to Lehman Distribution Enhancement.</u>

The Lehman Creditors believe that some of the Mechanic's Lien Claims are General Unsecured Claims or Reliance Claims (to be treated in Class 6 or Class 7, if Allowed). The Lehman Creditors hold Lehman Secured Claims against the relevant Plan Projects and believe that their Lehman Secured Claims are senior Encumbrances to the Mechanic's Lien Claims and that, because the Plan Projects are worth less than the aggregate outstanding amount of the Lehman Loans that are secured by the Lehman Claim Liens, there is no value in the Plan Projects to which the junior Liens of the Holders of Mechanic's Lien Claims could attach. If a Creditor with a Mechanic's Lien Claim, that it contends is a Secured Claim senior to the applicable Secured Claim of the Lehman Creditor(s) on the applicable Project, waits to find out after an objection to such Claim whether its Claim will be Allowed as having the status of a Sr. Secured Mechanic's Lien Claim, General Unsecured Claim or Reliance Claim, then, the Plan offers no opportunity at such later point for the Creditor to avail itself of the Lehman Distribution Enhancement, which, as provided in the Plan, essentially offers Creditors an opportunity on their Ballots to elect to receive an enhanced recovery, as more fully set forth in the Plan, of 39% to 49% more for Allowed Reliance Claims and 4% more for Allowed General Unsecured Claims. Thus, each identified Holder of a Mechanic's Lien Claim is being provided this Ballot on which such Holder may elect to vote its Claim as a General Unsecured Claim or a Reliance Claim, as applicable, and has the opportunity to elect to receive the Lehman Distribution Enhancement in respect of its Allowed Claim (in exchange for the Creditor's Assignment / Release for Lehman).

By electing this option, below, the Creditor must and is waiving, effective upon the Plan's Effective Date occurring, all contentions that its Claim is a Secured Claim against the applicable Plan Project. If this election is not made and such Holder thereby elects to proceed as a Holder of Mechanic's Lien Claims, then if it is subsequently determined that such Claims are not Sr. Secured Mechanic's Lien Claims, such Holder will not be eligible to receive the Lehman Distribution Enhancement (and only will receive a cash distribution of 1% of its Allowed Claim).

[X] Yes, the Undersigned waives all contentions that its Claim is a Secured Claim against the applicable Plan Project.

**[IF YOU DO NOT MAKE THE OPTIONAL ELECTION IN ITEM 1, YOU DO NOT NEED TO COMPLETE ANY OF THIS BALLOT]**

Item 2: Voting of Claim.

The Holder of the Class 6 Reliance Claims and/or Class 7 General Unsecured Claims identified in this Ballot votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

☒ Accept the Plan   OR   ☐ Reject the Plan

Item 3:   Designate Whether Claim(s) Being Voted are Class 6 Reliance Claim(s), Class 7 General Unsecured Claim(s) or Partially Each.

a. Definition of Reliance Claim:

Under the Plan, a Reliance Claim is a non-priority, unsecured Claim, including a Bond Claim, against a TD Plan Debtor, which Claim has the following attributes:

(i)   The Claim is for money, goods, services or new credit voluntarily transferred or voluntarily extended to one or more of the TD Plan Debtors between the Reliance Date (August 1, 2007) and the applicable Petition Date(s) (i.e., between November 12, 2008 and November 19, 2008), but not if transferred or extended on account of an existing obligation;

(ii)   The Claim was timely of record as follows: either (1) filed by the Primary Claims Bar Date (which was March 31, 2009 for most non-priority, unsecured Claims) or (2) filed late, but by March 25, 2011 in accordance with a Final Order or (3) listed on the filed Schedules by March 25, 2011 as an undisputed, non-contingent, liquidated Scheduled Claim; and

(iii)   The Claim is not any of the following:

(a)   a Claim at any time held by an Insider;
(b)   a Claim of a Lehman Creditor (other than a Lehman-Owned Settling Bond Issuer-Related Claim); or
(c)   a Settling Bond Issuer-Related Future Work Claim.

Solely for your convenience and benefit, attached as Exhibit D to the Plan is a non-exhaustive list of potential Reliance Claims against TD Plan Debtors, subject to the conditions set forth in such exhibit and section 5.2 of the Disclosure Statement. **You should review Exhibit D to the Plan prior to completing this section.**