1  RONALD RUS, #67369
   rrus@rusmiliband.com
2  JOEL S. MILIBAND, #77438
   jmiliband@rusmiliband.com
3  LAUREL R. ZAESKE, #138510
   lzaeske@rusmiliband.com
4  CATHRINE M. CASTALDI, #156089
   ccastaldi@rusmiliband.com
5  RUS, MILIBAND & SMITH
   A Professional Corporation
6  Seventh Floor
   2211 Michelson Drive
7  Irvine, California 92612
   Telephone:  (949) 752-7100
8  Facsimile:  (949) 252-1514

9  Attorneys for SunCal Management, LLC

10          UNITED STATES BANKRUPTCY COURT

11          CENTRAL DISTRICT OF CALIFORNIA

12              SANTA ANA DIVISION

13  In re                                    CASE NO. 8:08-bk-17206-ES

14  PALMDALE HILLS PROPERTY, AND ITS         Chapter 11
    RELATED DEBTORS,                         Jointly Administered With Case Nos.:
15                                           8:08-bk-17209-ES; 8:08-bk-17240-ES;
              Jointly Administered Debtors   8:08-bk-17224-ES; 8:08-bk-17242-ES;
16            and Debtors-in-Possession.     8:08-bk-17225-ES; 8:08-bk-17245-ES;
                                             8:08-bk-17227-ES; 8:08-bk-17246-ES;
17  Affects:                                 8:08-bk-17230-ES; 8:08-bk-17231-ES;
    ☐    All Debtors                         8:08-bk-17236-ES; 8:08-bk-17248-ES;
18  ☐    Palmdale Hills Property, LLC        8:08-bk-17249-ES; 8:08-bk-17573-ES;
    ☐    SunCal Beaumont Heights, LLC        8:08-bk-17574 ES; 8:08-bk-17575-ES;
19  ☐    SCC/Palmdale, LLC                   8:08-bk-17404-ES; 8:08-bk-17407-ES;
    ☐    SunCal Johannson Ranch, LLC         8:08-bk-17408-ES; 8:08-bk-17409-ES;
20  ☐    SunCal Summit Valley, LLC           8:08-bk-17458-ES; 8:08-bk-17465-ES;
    ☐    SunCal Emerald Meadows LLC          8:08-bk-17470-ES; 8:08-bk-17472-ES; and
21  ☐    SunCal Bickford Ranch, LLC          8:08-bk-17588-ES
    ☐    Acton Estates, LLC
22  ☐    Seven Brothers LLC                  **MOTION TO ESTIMATE CLAIM OF**
    ☐    SJD Partners, Ltd.                  **SUNCAL MANAGEMENT, LLC, FOR**
23  ☐    SJD Development Corp.               **VOTING PURPOSES AND**
    ☐    Kirby Estates, LLC                  **CLASSIFYING SUNCAL'S CLAIM AS A**
24  ☐    SunCal Communities I, LLC           **CLASS 6 CLAIM IN LEHMAN'S THIRD**
    ☐    SunCal Communities III, LLC         **AMENDED JOINT CHAPTER 11 PLAN**
25  ☐    SCC Communities LLC                 **FOR EIGHT TRUSTEE DEBTORS;**
    ☐    North Orange Del Rio Land, LLC      **MEMORANDUM OF POINTS AND**
26  ☐    Tesoro SF LLC                       **AUTHORITIES; DECLARATIONS OF**
    ☐    LBL-SunCal Oak Valley, LLC          **STAN BROWN AND TOM ROLLINS**
27                                           **IN SUPPORT THEREOF**

    *Caption Continued on Next Page*
28                                           [RE SUNCAL MARBLEHEAD, LLC]

464500v1 LRZ 9/25/11 1 (2882-0001)

☐    SunCal Heartland, LLC
☐    LBL-SunCal Northlake, LLC
☒    SunCal Marblehead, LLC
☐    SunCal Century City, LLC
☐    SunCal PSV, LLC
☐    Delta Coves Venture, LLC
☐    SunCal Torrance Properties, LLC
☐    SunCal Oak Knoll, LLC

JUDGE:    Hon. ERITHE A. SMITH
DATE:    October 24, 2011
TIME:    9:30 a.m.
CRTRM.:    5A

RUS, MILBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION ................................................................................................................. 3

2. JURISDICTION AND VENUE ........................................................................................... 4

3. STATEMENT OF FACTS ................................................................................................... 5

    A. Bankruptcy Filing ....................................................................................................... 5

    B. The Proof of Claims ................................................................................................... 5

    C. The Objection ............................................................................................................. 5

4. SUNCAL'S CLAIM SHOULD BE TEMPORARILY ALLOWED FOR VOTING
PURPOSES .......................................................................................................................... 6

5. SUNCAL'S CLAIM SHOULD BE ALLOWED IN THE AMOUNT OF
$1,799,805.75 ...................................................................................................................... 7

    A. SunCal Provided Valuable Pre-Petition Management And Development
Services To The Debtor ............................................................................................. 7

        (1) SunCal Is Entitled To An Allowed Claim For Its Unpaid
Management Fees ........................................................................................... 10

        (2) Project Staff Costs ........................................................................................ 10

        (3) Marketing Staff Costs ................................................................................... 11

        (4) Legal Staff Costs .......................................................................................... 11

        (5) Insurance Costs ............................................................................................. 12

        (6) Employee Expense Reimbursement .............................................................. 12

        (7) Third Party Vendor Expense ......................................................................... 13

    B. The Debtor Had An Implied Contract With SunCal To Pay For The
Services And Costs SunCal Provided ...................................................................... 13

    C. Alternatively, SunCal's Claim Should Be Estimated At The Amount Of The
Claim Under Theories Of *Quantum Meruit* And Unjust Enrichment ...................... 14

6. THE COURT SHOULD CLASSIFY THE SUNCAL CLAIM AS A CLASS 6
CLAIM UNDER THE LEHMAN PLAN .......................................................................... 15

7. CONCLUSION .................................................................................................................. 18

DECLARATION OF STAN BROWN ......................................................................................... 19

DECLARATION OF TOM ROLLINS ......................................................................................... 21

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Armstrong v. Rushton (In re Armstrong),*
    294 B.R. 344 (B.A.P. 10th Cir. 2003) .................................................................. 6

*Bittner v. Borne Chem. Co., Inc.,*
    691 F.2d 134 (3rd Cir. 1982) ............................................................................. 13

*In re Barakat,*
    99 F.3d 1520 (9th Cir. 1996) ............................................................................. 16

*In re Baseline-Dobson Center,*
    193 B.R. 284 (Bankr. D. Ariz. 1994) ................................................................. 16

*In re Branding Iron Steak House,*
    536 F.2d 299 (9th Cir. 1976) ............................................................................. 17

*In re Central Pacific Boiler & Piping, Ltd.,*
    81 B.R. 40 (Bankr.D.Haw. 1987) ...................................................................... 17

*In re Corey,*
    892 F.2d 829 (9th Cir. 1989) ............................................................................. 13

*In re De Laurentiis Entertainment Group,*
    963 F.2d 1269 (9th Cir. 1992) ........................................................................... 14

*In re First Magnus Fin. Corp.,*
    208 WL 450447 at *6 (Bankr. D. Ariz. Feb. 15, 2008) ..................................... 17

*In re Frascella Enters, Inc. (In re Frascella),*
    360 B.R. 435 (Bankr. E.D. Pa. 2007) .................................................................. 6

*In re Goldstein,*
    114 Bankr. 430, 432 (Bankr. E.D. Pa. 1990) ...................................................... 6

*In re Lake Country Investments,*
    2001 WL 267475 (Bankr.D.Idaho 2001) .......................................................... 17

*In re Montclair Retail Center,*
    177 B.R. 663 (9th Cir. BAP 1995) .................................................................... 16

*In re: Nutritional Sourcing Corp.,*
    398 B.R. 816 (Bankr. Del. 2008) ...................................................................... 15

*Matter of Brints Cotton Marketing, Inc.,*
    737 F.2d 1338(5th Cir. 1984) ............................................................................ 13

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

STATE CASES

*Gray v. Whitmore*
  (1971) 17 Cal. App. 3d 1 ................................................................................ 15

*Haggerty v. Warner*
  (1953) 115 Cal. App. 2d 468 .......................................................................... 15

*Huskinson & Brown, LLP v. Wolf*
  (2004) 32 Cal. 4th 453 .................................................................................... 15

FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

11 U.S.C. § 101 .................................................................................................. 16

11 U.S.C. § 502 .................................................................................................... 4

11 U.S.C. § 510(c) .............................................................................................. 17

11 U.S.C. § 1122 ............................................................................................. 4, 15

11 U.S.C. § 1123(a)(4) ..................................................................................... 4,15

28 U.S.C. § 157 .................................................................................................... 4

28 U.S.C. § 157(b) ................................................................................................ 4

28 U.S.C. § 1334 .................................................................................................. 4

28 U.S.C. § 1408 .................................................................................................. 4

28 U.S.C. § 1409 .................................................................................................. 4

Federal Rules of Bankruptcy Procedure, Rule 3018 .................................... 3, 4

Federal Rules of Bankruptcy Procedure, Rule 3018(a) ............................... 6, 18

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1   TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY COURT

2   JUDGE, THE DEBTOR, THE CHAPTER 11 TRUSTEE, AND OTHER INTERESTED

3   PARTIES AND THEIR COUNSEL OF RECORD:

4        SunCal Management, LLC ("SunCal"), unsecured creditor and administrative priority

5   claimant of the jointly administered debtors (collectively, the "Debtors" or the "Estates"), submits

6   this Motion for an Order estimating SunCal's Claim No. 11-2, filed on June 13, 2011, against

7   SunCal Marblehead, LLC, for purposes of voting on the Third Amended Joint Chapter 11 Plan

8   For Eight Trustee Debtors[1] Proposed By The Trustee And Subject Lehman Creditors (dated

9   August 23, 2011) [Docket No. 2595] (the "Lehman Plan") and the Third Amended Chapter 11

10  Plans Filed By SunCal Plan Proponents In The Chapter 11 Cases of SunCal Oak Valley, LLC,

11  SunCal Heartland, LLC, Delta Coves Venture LLC, SunCal Marblehead, LLC and SunCal PSV,

12  LLC [Group I: Trustee Debtors] (dated August 5, 2011) [Docket No. 2488], (the "SunCal Plan").

13  The Lehman Plan and the SunCal Plan are collectively referred to as the "Plans."  SunCal further

14  seeks an Order classifying the Claim as a Class 6 claim under the Lehman Plan.

15  1.    INTRODUCTION

16       SunCal requests that the Court allow Claim No. 11-2 (the "Claim"), filed on June 13, 2011,

17  against SunCal Marblehead, LLC ("Debtor") in the amount of $1,799,805.75, for voting purposes

18  with respect to the Lehman Plan and the SunCal Plan.  A hearing on confirmation of the

19  competing plans of reorganization of the Lehman Plan and the SunCal Plan with respect to the

20  Debtor is scheduled on October 24, 2011 (the "Plan Confirmation Hearing").  Due to the filing of

21  an objection to the Claim by the Lehman Entities[2] and Steven M. Speier, the Chapter 11 Trustee

22  for the Trustee Debtors, SunCal may not be eligible to vote on either of the Plans unless the Court

23  temporarily allows the Claim for voting purposes pursuant to Rule 3018 of the Federal Rules of

Rus, Miliband & Smith
A Professional Corporation
Seventh Floor, 2211 Michelson Drive
Irvine, California 92612
Tel. (949) 752-7100 • Fax (949) 252-1514

---

25   [1]   The Trustee Debtors are defined as LB/L-SunCal Oak Valley, LLC; SunCal Heartland, LLC; LB/L-SunCal
26  Northlake, LLC; SunCal Marblehead, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance
    Properties, LLC; and SunCal Oak Knoll, LLC.

27   [2]   The Lehman Entities are defined as Lehman Commercial Paper, Inc.; Lehman ALI, Inc.; Northlake Holdings,
    LLC and OVC Holdings LLC.

28

1   Bankruptcy Procedure ("Rule 3018"). SunCal performed valuable pre-petition services and

2   advanced costs in managing and developing the Debtor's real property that remain unpaid. SunCal

3   is entitled to a Claim in the amount of such services and unreimbursed costs.

4       The Court has scheduled a continued status conference in connection with the objection to

5   the Claim filed by the Lehman Entities and the Trustee for November 15, 2011.  Discovery is

6   ongoing and no trial date has been set.  Therefore, the allowed amount of the Claim will not be

7   determined prior to the Plan Confirmation Hearing.  Proceeding with confirmation while SunCal's

8   claim is unresolved, and therefore not allowed, would prejudice SunCal's right to participate in

9   voting on the Plans.  Awaiting a final determination of the Claim objection would unduly delay

10  the confirmation process.  It is therefore appropriate for the Court to temporarily allow the Claim

11  for voting purposes pursuant to Rule 3018.

12      Moreover, while the Claim meets the requirements of a Class 6 Reliance Claim under the

13  Lehman Plan, all claims of SunCal are unfairly discriminated against and relegated to a Class 7

14  General Unsecured Creditor under the Lehman Plan.  The purpose of such discriminatory

15  treatment by the Lehman Plan proponents is to both virtually eliminate a recovery by SunCal in

16  the event the Lehman Plan is confirmed, and to improperly gerrymander an impaired class (which

17  includes Lehman's unlawful deficiency claim in excess of $1 billion) willing to vote for the

18  Lehman Plan.

19      For the reasons discussed below, the Court should allow SunCal to have its Claim

20  temporarily allowed for voting purposes and should reclassify the Claim as a Class 6 Claim for

21  purposes of considering the Lehman Plan.

22  2.    JURISDICTION AND VENUE

23      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is

24  a core proceeding pursuant to 28 U.S.C. §157(b).  The venue of the bankruptcy cases and this

25  Motion are properly before this Court pursuant to 28 U.S.C. §§1408 and 1409.  The statutory

26  predicates for relief requested herein are Sections 502, 1122 and 1123(a)(4) of Title 11 of the

27  United States Code (the "Bankruptcy Code"), and Rule 3018 of the Federal Rules of Bankruptcy

28  Procedure (the "Bankruptcy Rules").

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 221 I  MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

464500v1 LRZ 9/25/11 1 (2882-0001)                    4

3.     STATEMENT OF FACTS

    A.     Bankruptcy Filing

On November 12, 2008 ( the "Petition Date"), an involuntary bankruptcy petition was filed against the Debtor.

On January 8, 2009, the Court entered an order for relief in the involuntary bankruptcy case as to the Debtor (the "Order for Relief").

On January 15, 2009, the Court entered an order for the appointment of a chapter 11 trustee. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as chapter 11 trustee (the "Trustee") for the Debtor.

    B.     The Proof of Claims

The Debtor scheduled an unsecured claim due and owing to SunCal in the amount of $1,910,942.56.

SunCal timely filed its Proof of Claim in the amount of $1,799,805.75, which was assigned Claim No. 11-1. Due to the voluminous nature of the documents supporting the Proof of Claim, SunCal prepared a summary sheet setting forth the dates of the invoices, the amount of each open invoice and a description of the services and expenses provided, all of which was attached to the Proof of Claim.

On June 13, 2011, SunCal filed an Amended Proof of Claim, which was assigned Claim No. 11-2, in the amount of $1,799,805.75, and which also attached the invoices and other documentation supporting the amount set forth in the Claim. A true and correct copy of the Claim is attached to the concurrently filed Compendium of Exhibits ("Compendium") as Exhibit 1.

    C.     The Objection

On April 21, 2011, certain of the Lehman Entities and the Trustee filed objections to the Claim (the "Objection"), as well as SunCal's proofs of claim in the seven related involuntary debtor bankruptcy cases (collectively, the "Claims Objections").

On June 1, 2011, SunCal filed a response to the Objection [Docket No. 2170]; and the Lehman Entities filed a reply on June 7, 2011 [Docket No. 2194].

/ / /

RUS, MILBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL. (949) 752-7100 • FAX (949) 252-1514

1    The initial hearing on the Claims Objections was held on June 14, 2011, at which time the

2    Court set the matter for a status conference. Since the initial status conference, the Court has set a

3    series of status conferences on the Claims Objections to allow the parties to conduct discovery.

4    The next status conference is scheduled for November 15, 2011, after the Plan Confirmation

5    Hearing.

6    4.    SUNCAL'S CLAIM SHOULD BE TEMPORARILY ALLOWED FOR VOTING

7         PURPOSES

8    Bankruptcy Rule 3018(a) provides that claims which are the subject of a pending objection

9    may be temporarily allowed for voting purposes. Rule 3018(a) provides, in pertinent part as

10   follows:

11        Notwithstanding objection to a claim or interest, the court after
          notice and hearing may temporarily allow the claim or interest in an
12        amount which the court deems proper for the purpose of accepting
          or rejecting a plan.
13

14   Temporary allowance of the SunCal Claim will avoid creditor disenfranchisement and the

15   potential for abuse by plan proponents, the Lehman Entities and the Trustee, who filed an

16   objection to the Claim prior to the plan voting deadline. *In re Frascella Enters, Inc. (In re*

17   *Frascella)*, 360 B.R. 435, 457 (Bankr. E.D. Pa. 2007) (stating that an objection to a claim may

18   effectively disenfranchise a creditor if the claim is not adjudicated prior to confirmation or

19   temporarily allowed for voting purposes); *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344,

20   354 (B.A.P. 10th Cir. 2003) (stating that "[t]he policy behind temporarily allowing claims is to

21   prevent possible abuse by plan proponents who might ensure acceptance of a plan by filing last

22   minute objections to the claims of dissenting creditors"). The Lehman Entities and the Trustee

23   should not be permitted to disenfranchise SunCal from voting on the Plans or participating in the

24   plan confirmation process merely because they filed an objection to SunCal's Claim prior to

25   confirmation. *In re Frascella, supra,* 360 B.R. at 457; see, also, *In re Goldstein*, 114 Bankr. 430,

26   432 (Bankr. E.D. Pa. 1990). SunCal's Claim should therefore be temporarily allowed for voting

27   purposes.

28   / / /

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL. (949) 752-7100 • FAX (949) 252-1514

5.    SUNCAL'S CLAIM SHOULD BE ALLOWED IN THE AMOUNT OF $1,799,805.75

    A.    SunCal Provided Valuable Pre-Petition Management And Development Services
        To The Debtor

    In mid-2005, SunCal commenced services for the Debtor to manage the development of a master planned community offering canyon and ocean views in San Clemente, California (the "Project"). The Debtor envisioned that the Project, when completed, would consist of 308 lots, including both residential and commercial development in a canyon and ocean view setting (the "Project"). The Project was to be enhanced by three parks, the Ocean Club - a clubhouse, a community pool, spa and recreation center, as well as a bridge across a natural canyon/open space within the Project boundaries to allow beach access to residents.

    SunCal provided the following services (the "Development Management Services") to the Project during the period covered by the Claim:

- Participated in the selection and coordination of services of contractors whose services were necessary to perform development and sale services and functions;

- Solicited proposals and negotiated contracts for all development, marketing and related consultant activities, including without limitation, civil engineering, soils engineering, environmental consultants, marketing consultants, traffic engineers, real estate brokers, and others in accordance with a project budget agreed to by the Debtors' members;

- Coordinated, monitored and reviewed the work of all professionals in connection with the Project;

- Reviewed bids and prepared bid analyses and coordinated awarding contracts and rejecting bids in accordance with project budgets agreed to by the Debtor's members and the Lehman lender (the "Project Budget");

- Coordinated the work of all contractors pursuant to the terms of the Project Budget and maintained quality control with respect to such work;

- Reviewed all existing development related documents and assisted in the preparation and review of additional development documents;

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

- Ensured that the Debtor held all necessary approvals and permits for the development and improvement of the Project and further ensured that the development and improvement of the Project was being performed in compliance with the Project Budget and with all applicable codes, regulations, permits, approvals and site plans;

- Conducted frequent inspections of the work of consultants and contractors and verified that the work was being performed in accordance with related contracts and the Project Budget;

- Monitored the delivery, and if necessary, storage, protection and security for: all materials, systems and equipment to be used in the development of, or incorporated into the Project;

- Submitted and completed applications for the purpose of posting bonds or other appropriate forms of surety, and secured the release of such bonds when appropriate;

- Assembled and retained all contracts, agreements and other records and data as was necessary to carry out its functions, and similar records for functions performed by contractors and third party vendors;

- Maintained proper books of contracts and records on behalf the Debtor relating to services performed, and development, operations, expenses and proceeds of the Project;

- Prepared status reports, as requested by the Debtor's members;

- Prepared unaudited financial reports and business summaries of SunCal's activities with respect to the Project;

- Prepared for and attended meetings requested by the Debtor and the Lehman lender to review the progress of the Project; and

/ / /

/ / /

/ / /

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

464500v1 LRZ 9/25/11 1 (2882-0001)

- Maintained a constant line of communication with the Debtor and the Lehman lender and offered advice and recommendations regarding the development, business, operations, performance and affairs of the Project.[3]

During the period covered by the Claim, SunCal supervised: completion of grading on the residential lots, construction of a bridge which continued throughout the Summer of 2008, construction of exterior roads on Pacific Coast Highway and Avenida Pico, establishment of mitigation habitat required under Army Corps of Engineers 404 permits obtained in connection with the Project, and the processing of an amendment to the Project's Coastal Permit to provide an enhanced waterfront view for a number of the lots, and installation of landscape. Many of the lots were ready for construction, and SunCal was in the process for applying for the Department of Real Estate's White Report for the Project at the time of the bankruptcy filing. SunCal had also begun marketing and sales in connection with the Project, held deposits on four sales as of the Petition Date, and was negotiating with a number of builders who were interested in participating in the Project.

SunCal performed these services with the understanding and expectation that SunCal would be compensated for these services. SunCal is informed and believes that the Debtor accepted these services with the understanding and expectation that SunCal would be compensated for its services provided on the Project.

From the inception of SunCal's retention to provide services for the Project through the date that the Order for Relief was entered and thereafter, SunCal invoiced the Debtor directly for services performed and expenses incurred on a monthly basis. It was the custom and practice of SunCal and the Debtor that invoices were billed directly to the Debtor, who owned the Project, and the Debtor paid SunCal directly for services performed from the inception of SunCal's work on the Project generally by a check drawn on the Debtor's bank account. This conduct established

/ / /

---

[3]   See the Development Management Agreement (the "DMA") by and between SunCal and SCC JV Ventures LLC, the Debtor's operating member. A copy of the DMA is attached to the Compendium as Exhibit 2. The Debtor was not a signatory to the DMA; however, the DMA describes the services performed by SunCal for the Debtor.

RUS, MILBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1  an implied contract between the Debtor and SunCal for the payment of the services provided by

2  SunCal on the Project as discussed in more detail below.

3          (1)    SunCal Is Entitled To An Allowed Claim For Its Unpaid Management Fees

4      In the Claim, SunCal has unpaid Management Fees for management services SunCal

5  performed for the Debtor pre-petition in the total sum of $222,273.62.  The reasonable value of

6  these Management Fees are consistent with the modified project budgets established as part of the

7  May 23, 2008, Restructuring Agreement between Lehman Brothers Holdings, Inc., a Delaware

8  Corporation, the Lehman lender, certain related Debtors, including the Debtor, and SunCal, among

9  others (the "Restructuring Agreement").  See, Compendium Exhibit 5.  In August 2008, Lehman

10  representatives engaged in various telephone calls and exchange of emails with SunCal regarding

11  the amount of Management Fees that SunCal should be paid with respect to the management and

12  development of the Project.  These amounts were derived based upon the estimated amount of

13  time that employees of SunCal had spent or would be spending overseeing the management,

14  development and sales of the Project as reflected in the Excel spreadsheets exchanged between the

15  parties.  See, Compendium Exhibits 6 through 9.  As reflected in the Restructuring Agreement and

16  subsequent email exchanges, the Debtor, the Lehman lender and SunCal acknowledged that the

17  reasonable value of the monthly Management Fees would be reduced to $111,137 per month, to

18  reflect a change in the direction of the Project from a full scale development to a hold in place

19  development status with less development activity.[4]  The Management Fees reflected in the Claim

20  are consistent with this agreement.

21          (2)    Project Staff Costs

22      In the Claim, SunCal also includes time for unpaid pre-petition Project Staff Costs in the

23  total sum of $757,229.  All of SunCal's employees included in the Project Staff Costs, and who

24  provide services on various projects managed by SunCal, are required to track their time spent on

25  a daily basis and record it electronically using a software package provided by SunCal - Sage

---

[4]  Lehman's agreement was further reflected in the payments made by Lehman in June through September 8,
2008 for monthly management fees at the rates agreed to in the Restructuring Agreement and the August 2008
correspondence. See, Exhibit 10.

RUS, MILBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL. (949) 752-7100 • FAX (949) 252-1514

1    TimeSheet Professional (Sage).  Time is entered directly by each employee for work

2    performed/spent and is identified by project, non-project entities and administrative tasks.  Every

3    month, a report from Sage is downloaded into an Excel format and the time is sorted by project

4    entity.  For time spent on a project entity by "chargeable" employees (e.g., legal, marketing, direct

5    project staff), invoices were prepared using SunCal's billing rates applied to actual hours spent by

6    the employees based solely on the hours that employee entered into Sage.  SunCal then invoiced

7    the Debtor monthly for the actual time spent by certain employees related to the Project, which

8    were billed as Project Staff Costs.  Each invoice for Project Staff Costs attached the name of the

9    employees and the number of hours expended in the month in connection with the Project.  The

10    hourly rates charged each month as Project Staff Costs are SunCal's standard hourly rates and are

11    the rates SunCal charges its third party clients for which SunCal provides project management

12    services similar to those provided for the Project.  SunCal believes that the rates charged are equal

13    to or less than the market rate for such services.

14        (3)    Marketing Staff Costs

15        In the Claim, SunCal includes time for unpaid pre-petition Marketing Staff Costs in the

16    total sum of $93,180.75.  All of the time expended by SunCal's employees who provided

17    marketing services on various projects managed by SunCal tracked their time in the manner

18    discussed above.  SunCal invoiced the Debtor for time expended by its employees in connection

19    with marketing the Project as reflected in Sage, which were billed as Marketing Staff Costs.  Each

20    invoice for Marketing Staff Costs attached the name of the employees and the number of hours

21    expended in the month in connection with the Project.  The hourly rates charged each month as

22    Marketing Staff Costs are SunCal's standard hourly rates and are the rates SunCal charges its third

23    party clients for which SunCal provides project management services similar to those provided for

24    the Project.  SunCal believes that the rates charged are equal to or less than the market rate for

25    such services.

26        (4)    Legal Staff Costs

27        In the Claims, SunCal includes time for unpaid pre-petition Legal Staff Costs in the total

28    sum of $64,650.  SunCal used its in-house legal staff, where feasible, to manage legal issues

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1  related to the Project. Monthly invoices were generated for Legal Staff Costs chargeable to the

2  Project. These invoices were prepared by utilizing the hours reported by the legal staff employee

3  utilizing the Sage program as discussed above and then multiplied by the legal professional's

4  standard rates. SunCal invoiced the Debtor for time expended by its employees in connection

5  with legal services on the Project as reflected in Sage, which were billed as Legal Staff Costs.

6  In addition, SunCal maintained a report with a description of the services provided by the legal

7  professional on the Project which further supported the information reflected in Sage. The hourly

8  rates charged each month as Legal Staff Costs are SunCal's standard hourly rates and are the rates

9  SunCal charges its third party clients for which SunCal provides project management services

10  similar to those provided for the Project. SunCal believes that the rates charged are equal to or

11  less than the market rate for such services.

12       (5)    <u>Insurance Costs</u>

13       The Claim includes SunCal's unpaid pre-petition Insurance Costs related to the Project in

14  the total sum of $560,146. SunCal obtained a master policy of insurance for all projects under

15  management. The allocation of the general liability insurance premium in any given period is

16  based on projected project hard costs at the inception of the policy. The allocation amount

17  includes the administrative costs associated with securing and maintaining the policies. At the end

18  of each term, an audit was performed as to the actual costs incurred and the premium was

19  reallocated by the SunCal's accounting staff based on actual costs incurred at a project over the

20  policy term. In the case of the Debtor, this resulted in a credit for the 2006 term totaling $4,365.00

21  and an additional charge for the 2007-2008 term of $349,754.00. The Insurance Costs reflected in

22  the Claim also includes insurance that was unique to the Project due to the construction of a bridge

23  over a major thoroughfare.

24       (6)    <u>Employee Expense Reimbursement</u>

25       The Claim also includes unpaid pre-petition Employee Expense Reimbursements in the

26  total sum of $12,134.38. SunCal employees were reimbursed for out-of-pocket costs incurred in

27  connection with the Project. The employees filed expense reports, including receipts for

28  / / /

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 22 I I MICHELSON DRIVE
IRVINE, CALIFORNIA 926 I 2
TEL (949) 752-7 I OO • FAX (949) 252-1 5 I 4

1  expenditures, and upon approval by SunCal, they were paid.  SunCal in turn invoiced these

2  amounts, with supporting back-up documentation, to the Debtor on a monthly basis.

3          (7)   Third Party Vendor Expense

4       The Claim includes unpaid pre-petition Third Party Vendor Expense in the total sum of

5  $90,221.10. During the course of SunCal's  management of the Project, expenses were incurred to

6  third party vendors on behalf of the Project, which were paid by SunCal.  SunCal in turn invoiced

7  these amounts to the Debtor, with supporting back-up documentation.

8       B.    The Debtor Had An Implied Contract With SunCal To Pay For The Services And

9           Costs SunCal Provided

10       "In estimating a claim, the bankruptcy court should use whatever method is best suited to

11  the circumstances." *Matter of Brints Cotton Marketing, Inc.*, 737 F.2d 1338, 1341(5th Cir. 1984);

12  *Bittner v. Borne Chem. Co., Inc.*, 691 F.2d 134, 135–136 (3rd Cir. 1982); *In re Corey*, 892 F.2d

13  829, 834 (9th Cir. 1989)]. State law governs the valuing of a claim.  *Bittner v. Borne Chem. Co.,*

14  *Inc., supra*, 691 F.2d at 135.  Here, SunCal has state law claims against the Debtor for implied

15  contract, *quantum meruit* and unjust enrichment, all of which support the allowance of SunCal's

16  Claim.

17       From the time that SunCal first provided Development Management Services to the Debtor

18  in June 2005 until the Petition Date (and thereafter), SunCal issued the Debtor invoices for

19  Development Management Services.  The Debtor routinely paid invoices when presented until the

20  Petition Date.  The conduct of the Debtor and SunCal during this three year period established an

21  implied in fact contract between the Debtor and SunCal.

22       Witkin defines an implied contract as follows:

23           " 'An express contract is one, the terms of which are stated in
words." ([Civil Code, §] 1620.) "An implied contract is one, the

24           existence and terms of which are *manifested by conduct."* ([Civil
Code, § 1621.) (See also Rest.2d, Contracts § 4 ["A promise may be

25           stated in words either oral or written, or may be inferred wholly or
partly from conduct"]; 1 Corbin § 18; 1 Williston 3d § 3; 17

26           Am.Jur.2d, Contracts §§ 3, 4.) (Emphasis added.)

27  The distinction between express and implied in fact contracts relates only to the manifestation of

28  assent; both types are based upon the expressed or apparent intention of the parties.  "The true

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1   implied contract, then, consists of obligations arising from a mutual agreement and intent to

2   promise where the agreement and promise have not been expressed in words." (1 Witkin,

3   Summary of Cal. Law (9th ed. 1987) Contracts, §11, p. 46).[5]

4       Here, the Debtor and SunCal developed a custom and practice over a three year period

5   during which SunCal regularly invoiced the Debtor for the reasonable value of its services,

6   provided for the Debtor's account at the Debtor's request, and the Debtor paid for such services.

7   See, Compendium Exhibits 3 and 4 and Rollins Decl. ¶5.  The clear intent of SunCal and the

8   Debtor, as manifested by their conduct over a three year period, was that SunCal would perform

9   the Development Management Services for which it would bill the Debtor consistent with the

10  project budgets, and the Debtor would pay SunCal.  The implied contract between the Debtor and

11  SunCal for providing the management and development services and unreimbursed costs

12  described above warrants the Court valuing the Claim in its full amount for voting purposes.

13      C.    <u>Alternatively, SunCal's Claim Should Be Estimated At The Amount Of The Claim</u>

14             <u>Under Theories Of *Quantum Meruit* And Unjust Enrichment</u>

15      SunCal's equitable claims – services performed, *quantum meruit* and unjust enrichment –

16  arise from the Debtor's failure to compensate SunCal for providing services usually charged for;

17  specifically, for performing Development Management Services on the Debtor's behalf.  The

18  elements of these common counts are substantively the same.  *See In re De Laurentiis*

19  *Entertainment Group*, 963 F.2d 1269 (9th Cir. 1992) ("*Quantum meruit* (or quasi-contact) is an

20  equitable remedy implied by the law under which a plaintiff who has rendered services benefiting

21  the defendant may recover the reasonable value of those services when necessary to prevent unjust

22  enrichment of the defendant.").  These claims do not depend upon the existence of a contract:

23              In this state it is an established principle that "where one performs
            for another, with the other's knowledge, a useful service of a

24              character usually charged for, and the latter expresses no dissent, or

25

---

26      [5]    See, also, Witkin, Summary 10th (2005) Contracts, § 102, p. 144; 1 Corbin (Rev. ed.), §1.19; 1 Williston 4th,

27  §1.5; 17A Am.Jur.2d (2004 ed.), Contracts §12 et seq.; Cal. Civil Practice, 3 Business Litigation, §24:4; Cal.
Transactions Forms, 1 Business Transactions §6:2; BAJI, No. 10.56 [Express or Implied Contracts]; CACI, No. 305
[Implied-in-Fact Contract].) (On distinguishable quasi-contract, see infra, §103.)

28

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL. (949) 752-7100 • FAX (949) 252-1514

1    avails himself of the service, a promise to pay the reasonable value
of the services is implied.

2

3    *Gray v. Whitmore* (1971) 17 Cal. App. 3d 1, 24; *Haggerty v. Warner* (1953) 115 Cal. App. 2d 468,

4    475 citing, *Brown v. Crown Gold Milling Co.* (1907) 150 Cal. 376, 382 (Claim for *quantum meruit*

5    is established upon a showing that plaintiff performed certain services for the defendant, their

6    reasonable value, that they were rendered at the request of defendant and that they are unpaid.)

7    As opposed to the basis for the implied in fact contract discussed above, the common count

8    theories are based in implied in law contracts.

9        As detailed above and in the attached declarations of Stan Brown and Tom Rollins, it is

10    established that SunCal performed the Development Management Services for the Debtor, at the

11    Debtor's request, and that the Debtor accepted those services, with "an understanding or

12    expectation of both parties that compensation therefore was to be made." *Huskinson & Brown,*

13    *LLP v. Wolf* (2004) 32 Cal. 4th 453, 458.  Indeed, there is no dispute that the services were

14    performed.  The only remaining issue is the determination of the value of those services.

15        Relevant to the reasonable value of the services provided to the Debtor is the amount at

16    which the Debtor, SunCal and the Lehman lender valued such services in the Restructuring

17    Agreement and the August 2008 negotiations.  Since the Legal Staff Costs, Project Staff Costs and

18    Marketing Staff Costs charged by SunCal were within the amounts provided in the agreed to

19    project budgets, they are by definition reasonable.  Moreover, the charges for Insurance Costs,

20    Employee Expense Reimbursements and Third-Party Vendor Expense were merely pass through

21    costs and also reasonable.

22    6.    THE COURT SHOULD CLASSIFY THE SUNCAL CLAIM AS A CLASS 6 CLAIM

23        UNDER THE LEHMAN PLAN

24        Section 1122 and 1123(a)(4) of the Bankruptcy Code "require equal treatment for

25    substantially similar claims."  See *In re: Nutritional Sourcing Corp.*, 398 B.R. 816, 823 (Bankr.

26    Del. 2008).  Here, the classification scheme set forth in the Lehman Plan calls for two separate

27    classes of claimants holding unsecured claims, which claimants receive vastly different treatment

28    under the Lehman Plan: a maximum distribution of 5% of an allowed unsecured claim classified

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1    as a Class 7 Creditor or a maximum distribution of 50% of an allowed unsecured claim classified

2    as a Class 6 Creditor.

3          Both Class 6 ("Reliance Claims") and Class 7 ("Unsecured Creditors") creditors under the

4    Lehman Plan hold unsecured claims against the Debtor estates.

5          "The features distinguishing General Unsecured Claims from Reliance Claims, as more

6    fully reflected in the definitions of each, are essentially that a Reliance Claim is a Claim (a) for

7    New Value, (b) voluntarily extended after the August 1, 2007 Reliance Date and prior to the

8    applicable November, 2008 Petition Date(s), and (c) timely of record …(d) excluding Insider

9    Claims, Settling Bond Issuer-Related Future Work Claims and Lehman VD Lender Claims (other

10   than Lehman-Owned Settling Bond Issuer Related Claims)."

11         "Insider" is then specifically defined in the Lehman Plan as: "(1) A Person other than a

12   Lehman Related Party that is an 'insider' as to any TD Plan Debtor as defined in Bankruptcy Code

13   section 101, (2) an Affiliate of such a Person or (3) without limiting the foregoing, as to all TD

14   Plan Debtors, inter alia, each other TD Plan Debtor, SunCal Management, LLC, Acquisitions,

15   Elieff, Voss, Cook & Thel LLP, Greenfield Communications, and SunCal Master Venture

16   Member, LLC."  Lehman Plan at 15:1-5.

17         However, the Lehman Plan creates an artificial distinction in an attempt to separately

18   classify the claim of SunCal, other SunCal related entities, and other entities Lehman identifies

19   with SunCal, from other identically situated Reliance Claimants, in an effort to gerrymander an

20   impaired consenting class.

21         The Ninth Circuit has made clear that absent a "legitimate business or economic

22   justification," it is impermissible for a debtor to separately classify substantially similar general

23   unsecured claims.  See also, *In re Barakat*, 99 F.3d 1520, 1526 (9th Cir. 1996).  The burden is on

24   the plan proponent to articulate a valid business or economic justification.  *In re Montclair Retail*

25   *Center*, 177 B.R. 663 (9th Cir. BAP 1995).  "[T]he reasons for different treatment and separate

26   classification must be closely scrutinized."  *In re Baseline-Dobson Center*, 193 B.R. 284, 290

27   (Bankr. D. Ariz. 1994) (citing *In re Acequia*, 787 F.2d 1352, 1364 (9th Cir. 1986)).

28   / / /

RUS, MILBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1    The Lehman Plan proponents have unfairly discriminated in their treatment of holders of

2  unsecured claims.  Unfair discrimination is a concept that applies to whether a plan properly treats

3  claims or interests differently.  *In re First Magnus Fin. Corp.*, 208 WL 450447 at *6 (Bankr. D.

4  Ariz. Feb. 15, 2008).  The claims of "Insiders," as defined in the Bankruptcy Code, as well as

5  SunCal and certain SunCal related parties, who are included in the definition of an "Insider" under

6  the Lehman Plan whether or not they are insiders, are specifically classified so as to receive a

7  lesser payout even if they otherwise meet the nebulous standards for Reliance Claims.  There is no

8  legal justification for the artificial distinctions drawn by the Lehman Plan proponents and it

9  patently discriminates amongst unsecured creditors.

10    The Lehman Plan effectively subordinates the unsecured claims of SunCal to those of

11  similarly situated unsecured creditors without any legal justification.  It is well-established in the

12  Ninth Circuit that the claims of insiders cannot be categorically subordinated.  *In re Branding Iron*

13  *Steak House*, 536 F.2d 299, 301 (9th Cir. 1976) ("A creditor's claim cannot be subordinated to the

14  claims of other creditors simply because the claimant is an officer, director, or controlling

15  shareholder in a bankrupt corporation.").  See also *In re Lake Country Investments*, 2001 WL

16  267475, *7 (Bankr.D.Idaho 2001) ("[insider] relationship itself  is [not] a ground for

17  subordination"); *Id.* at *12 ("the acquisition of a secured claim by an insider is not sufficient

18  grounds, standing alone, to warrant subordination"); *In re Central Pacific Boiler & Piping, Ltd.*,

19  81 B.R. 40, 44 (Bankr.D.Haw. 1987) ("In adopting 11 U.S.C. § 510(c), Congress specifically

20  rejected proposals that would have required subordination of all insider debts"); Collier on

21  Bankruptcy, 15th Ed. Revised, at ¶ 510.05[3] (2010) ("Insider status or control by itself, however,

22  does not provide a sufficient basis for subordination"); Judges Ahart & March, California Practice

23  Guide: Bankruptcy, ¶ 17:1632 ("Equitable subordination cannot be based simply on the fact that

24  an insider relationship exists").  The Lehman Plan proponents' improper classification of SunCal's

25  Claim does not withstand scrutiny and the Court should reclassify the SunCal Claim to a Class 6

26  Claim under the Lehman Plan.

27    Apart from the disparate treatment force on SunCal as a Class 7 Claimant (a maximum

28  return of 5% as opposed to 50% of the amount of its allowed claims) the classification scheme

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1    also disenfranchises SunCal and the other SunCal related parties who are defined by the Lehman

2    Plan as "insiders."  As discussed in more detail in SunCal's Objection To Confirmation Of (1) The

3    Third Amended Joint Chapter 11 Plan For Eleven Voluntary Debtors Proposed By The Lehman

4    VD Lenders And (2) The Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors

5    Proposed By The Trustee And Subject Lehman Creditors, the Lehman Plan improperly proposes

6    that the Lehman lenders retain "deficiency claims" of $1,227,205,935 in the Involuntary Debtor

7    cases.  These alleged claims of over $1 billion are classified as Class 7 Claims, thereby swamping

8    the class and effectively disenfranchising SunCal, if this improper classification is allowed to

9    stand.

10           The Lehman Plan proponents have offered no rational justification for classifying the

11    claims of SunCal as Class 7 General Unsecured Claims when its Claim otherwise meets the

12    requirements of a Class 6 Reliance Claim, and it is readily apparent that the Lehman Plan

13    proponents proposed this discriminatory classification for an improper purpose.  As set forth in

14    more detail in the attached Declaration of Tom Rollins, SunCal meets all of the requirements of a

15    Class 6 Reliance Claim, and the Court should reclassify the SunCal Claim as a Class 6 Reliance

16    Claim.

17    7.      CONCLUSION

18           For all the foregoing reasons, SunCal respectfully requests that pursuant to Rule 3018(a)

19    its Claim be temporarily allowed for voting purposes on the Plans in the amount of $1,799,805.75.

20    SunCal further requests that the Court reclassify the SunCal Claim as a Class 6 Reliance Claim

21    under the Lehman Plan.

22    DATED: September 26, 2011              Respectfully submitted,

23                                          RUS, MILIBAND & SMITH
24                                          A Professional Corporation

25

26                                  By:     ⁓⁓
27                                          JOEL S. MILIBAND
                                            Attorneys for SunCal Management, LLC
28

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

**DECLARATION OF STAN BROWN**

I, STAN BROWN, declare as follows:

1.    At all times relevant herein, I was a Regional President for SunCal Management, LLC ("SunCal"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2.    This declaration is submitted in support of SunCal's Motion To Estimate Claim Of SunCal Management, LLC, For Voting Purposes And Classifying SunCal's Claim As A Class 6 Claim In Lehman's Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors (the "Motion"). Unless otherwise defined, capitalized terms shall have the same meaning as defined in the Motion.

3.    In mid-2005, SunCal commenced services for the Debtor to manage the development of a master planned community offering canyon and ocean views in San Clemente, California. The Debtor envisioned that the Project, when completed, would consist of 308 lots, including both residential and commercial development in a canyon and ocean view setting (the "Project"). The Project was to be enhanced by three parks, the Ocean Club - a clubhouse, a community pool, spa and recreation center - as well as a bridge across a natural canyon/open space within the Project boundaries to allow beach access to residents.

4.    Part of my responsibilities as Regional President for SunCal from mid-2005 to the commencement of the Debtor's bankruptcy case on November 12, 2008 (the "Petition Date"), included supervising SunCal's activities with respect to development and management of the Project.

5.    SunCal provided to the Debtor the management and development services described in the DMA attached to the Compendium as Exhibit 2 and detailed in the Motion above. As of the Petition Date, SunCal supervised: completion of grading on the residential lots, substantial construction of a bridge which continued throughout the Summer of 2008, substantial construction of exterior roads on Pacific Coast Highway and Avenida Pico, establishment of mitigation habitat required under Army Corps of Engineers 404 permits obtained in connection

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

1  with the Project, processing of an amendment to the Project's Coastal Permit to provide an

2  enhanced waterfront view for a number of the lots, and installation of landscape.  Many of the lots

3  were ready for construction, and SunCal was in the process for applying for the Department of

4  Real Estate's White Report for the Project at the time of the bankruptcy filing.  SunCal had also

5  begun marketing and sales in connection with the Project, held deposits on four sales as of the

6  Petition Date, and was negotiating with a number of builders who were interested in participating

7  in the Project.

8        6.     SunCal has been the party responsible for managing development of the Project,

9  and conveyed a substantial benefit to the Debtor since mid-2005.

10       I declare under penalty of perjury under the laws of the United States of America and the

11  State of California that the foregoing is true and correct.

12       Executed September 26, 2011, at Irvine, California.

13

14

15  STAN BROWN

16

17

18

19

20

21

22

23

24

25

26

27

28

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL. (949) 752-7100 • FAX (949) 252-1514

## DECLARATION OF TOM ROLLINS

I, TOM ROLLINS, declare as follows:

1.  At all times relevant herein, I was the Chief Accounting Officer for SunCal Management, LLC ("SunCal"). As to the following facts, I know them to be true of my own knowledge, and, if called as a witness, I could and would competently testify thereto; or I have gained such knowledge from the business records of SunCal, which were made at or near the time of the acts, conditions or events to which they relate. Any such document or record was prepared in the ordinary course of business by a person who had personal knowledge of the event being recorded and had a business duty to accurately record such event. If called as a witness, I could and would competently testify to the matters stated herein.

2.  This declaration is submitted in support of SunCal's Motion To Estimate Claim Of SunCal Management, LLC, For Voting Purposes And Classifying SunCal's Claim As A Class 6 Claim In Lehman's Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors (the "Motion"). Unless otherwise defined, capitalized terms shall have the same meaning as defined in the Response.

3.  On March 19, 2009, SunCal filed a proof of claim, assigned Claim No. 11-1, in the amount of $1,799,805.75, requesting allowance of a claim for services rendered and expenses incurred in connection with the development of the Debtor's real property (the "Project") during the time period from October 2007 through the Petition Date. Due to the voluminous nature of the documents supporting the Proof of Claim, SunCal prepared only a summary sheet setting forth the dates of invoice, the amount of each open invoice and a description of the services and expenses provided, which was attached to the Proof of Claim.

4.  On June 13, 2011, SunCal filed an Amended Proof of Claim (the "Claim"), which was assigned Claim No. 11-2, in the amount of $1,799,805.75, together with the invoices supporting the Claim. A true and correct copy of the Claim is attached to the concurrently filed Compendium of Exhibits ("Compendium") as Exhibit 1. The components of the Claim are set forth in the following chart with references to where the invoices and support for the amounts can be found in Exhibit 1:

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL. (949) 752-7100 • FAX (949) 252-1514

| Category | Invoice Date | Invoice Amount | Invoice No. | Invoice Description |
|---|---|---|---|---|
| Management Fees (Exh. 1, pp. 2-3) | 10/01/2008 | $111,136.81 | 20090434 | Oct-08 Management Fees |
| | 10/16/2008 | $111,136.81 | 20090528 | Nov-08 Management Fees |
| | | **$222,273.62** | | **TOTAL** |
| Project Staff Costs (Exh. 1, pp. 4-40) | 10/02/2007 | $106,441.00 | 20078229 | Aug-07 Project cost |
| | 10/02/2007 | $42.472.00 | 20078230 | Aug-07 Project Cost |
| | 10/15/2007 | $77,940.00 | 20078116 | Sept-07 Project Cost |
| | 10/15/2007 | $7,604.00 | 20078117 | Sept-07 Project Cost |
| | 12/12/2007 | $109,600.00 | 20078814 | Oct-07 Project Cost |
| | 12/12/2007 | $32,906.00 | 20078816 | Oct-07 Project Cost |
| | 12/19/2007 | $97,977.00 | 20078979 | Nov-07 Project Cost |
| | 12/19/2007 | $3,420.00 | 20078980 | Nov-07 Project Cost |
| | 01/16/2008 | $4,704.50 | 20089143 | Dec-07 Project Cost |
| | 01/24/2008 | $61,625.00 | 20089165 | Dec-07 Project Cost |
| | 02/08/2008 | $10,579.00 | 20089342 | Jan-08 Project Cost |
| | 02/08/2008 | $62,219.00 | 20089421 | Jan-08 Project Cost |
| | 02/08/2008 | $4,394.00 | 20089422 | Jan-08 Project Expense |
| | 03/17/2008 | $60,911.00 | 20089540 | Feb-08 Project Staff Cost |
| | 03/17/2008 | $10,570.00 | 20089541 | Feb-08 Project Staff Cost |
| | 04/09/2008 | $23,230.50 | 20089744 | Mar-08 Project Staff Cost |
| | 04/09/2008 | $40,636.00 | 20089780 | Mar-08 Project Staff Cost |
| | | **$757,229.00** | | **TOTAL** |
| Marketing Staff Costs (Exh. 1, pp. 51-64) | 10/02/2007 | $32,874.00 | 20078247 | Aug-07 Marketing cost |
| | 10/15/2007 | $14,865.00 | 20078407 | Sep-07 Marketing cost |
| | 12/06/2007 | $15,310.00 | 20078805 | Oct-07 Marketing cost |
| | 12/17/2007 | $7,383.50 | 20078878 | Nov-07 Marketing cost |
| | 01/16/2008 | $8,793.50 | 20089144 | Dec-07 Marketing cost |
| | 03/07/2008 | $9,765.75 | 20089531 | Feb-08 Marketing Staff Costs |
| | 04/09/2008 | $4,189.00 | 20089745 | Mar-08 Marketing Staff Costs |
| | | **$93,180.75** | | **TOTAL** |
| Legal Staff Costs (Exh. 1, pp. 41-50) | 02/11/2008 | $2,325.00 | 20089356 | Nov-07 Legal Staff Costs |
| | 02/11/2008 | $1,900.00 | 20089374 | Dec-07 Legal Staff Costs |
| | 03/18/2008 | $24,375.00 | 20089590 | Jan-08 & Feb-08 Legal Staff Costs |
| | 04/11/2008 | $9,775.00 | 20089767 | Mar-08 Legal Staff Costs |
| | 05/14/2008 | $26,275.00 | 20089878 | Apr-08 Legal Staff Costs |
| | | **$64,650.00** | | **TOTAL** |
| Insurance Costs (Exh. 1, pp. 131-143) | 10/17/2007 | ($4,365.00) | 20070221 | 2006 Gen. Liab. Ins. – final adjust |
| | 12/13/2007 | $21,727.00 | 20078845 | Gen Liab. Ins – 7th installment |
| | 01/14/2008 | $21,828.00 | 20089048 | Gen Liab. Ins – 8th installment |
| | 02/07/2008 | $21,828.00 | 20089282 | Gen Liab. Ins – 9th installment |
| | 03/07/2008 | $22,813.00 | 20089475 | Gen Liab. Ins – 10th installment |
| | 06/20/2008 | $69,747.00 | 20090042 | 4/08 to 6/08 Gen Liab & Floater – |
| | 06/20/2008 | $23,249.00 | 20090042 | Jul 08 Gen Liab & Floater Ins. |
| | 07/23/2008 | $19,185.00 | 20090199 | Aug-08 Gen'l Liab & Floater Ins |
| | 08/14/2008 | $349,754.00 | 20090259 | 2007-08 Insurance adj. |
| | 10/17/2008 | $7,190.00 | 20090577 | 10/17/2008 Gen Liab Ins-2[nd] instal. |
| | 10/31/2008 | $7,190.00 | 20090667 | 10/31/2008 Gen Liab Ins-3[rd] instal. |
| | | **$560,146.00** | | **TOTAL** |
| Employee Expense Reimbursement (Exh. 1, pp. 65- | 11/27/2007 | $2,505.82 | 20078740 | Amex-July 07 |
| | 12/18/2007 | $145.07 | 20078932 | Mau, 10/16/07 Exp; Browne |
| | 01/29/2008 | $546.41 | 20089203 | Aug 07 Amex-David Soyka |
| | 01/29/2008 | $1,269.82 | 20089205 | June 07 Amex, July 07 Amex |
| | 01/29/2008 | $3,300.22 | 20089215 | June-07 Amex-David Soyka |

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 221 | MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL. (949) 752-7100 • FAX (949) 252-1514

| 130) | 02/22/2008 | $71.21 | 20089433 | Marianne Browne, 11/13-2/01/08 |
| | 04/24/2008 | $546.41 | 20089816 | Expense reimb-David Soyka |
| | 05/31/2008 | $600.28 | 20089935 | Lisa Gordon, 1/11-4/11/08 Exp |
| | 06/18/2008 | $699.14 | 20090003 | Robert Law, 11/28/07-5/1/08 Exp |
| | 07/18/2008 | $2,450.00 | 20090126 | Exp report-Robert Espinosa |
| | | **$12,134.38** | | **TOTAL** |
| Third Party Vendor Expense (Exh. 1, pp. 144-158) | 12/31/2007 | $44,449.50 | 20079015 | Billboard lease-Jul 07 – Sep 07 |
| | 12/31/2007 | $44,449.50 | 20079016 | Billboard lease-Oct 07 – Dec 07 |
| | 11/11/2008 | $350.00 | 20090706 | For Wirehat Interactive 9/4/08 |
| | 02/15/2008 | $833.00 | 20089394 | Saddleback College Foundation |
| | 05/05/2008 | $139.10 | 20089853 | Cision US Inc-1/31/08 |
| | | **$90,221.10** | | **TOTAL** |
| Credit for Duplicate Billing | 10/24/2007 | ($29.10) | 20070239 | Duplicate Billing – 5/17/2007 |
| **TOTAL** | | **$1,799,805.75** | | |

5.     It was the custom and practice of SunCal and the Debtor that invoices were billed directly to the Debtor who owned the Project, and the Debtor paid SunCal directly for services performed from the inception of SunCal's work on the Project.  From the time that SunCal first provided Development Management Services in mid-2005, through at least the Petition Date, SunCal issued the Debtor invoices for Development Management Services and other costs.  The Debtor routinely paid invoices when presented.  Examples of the SunCal invoices and the Debtor's checks are attached to the Compendium as collective Exhibit 3.  Due to the voluminous nature of these records I have prepared a chart of the invoice numbers, amounts and check dates (under the heading "G/L date") by cost category reflecting the many invoices and checks exchanged between SunCal and the Debtor, which is attached to the Compendium as Exhibit 4.  See, Federal Rule of Evidence 1006.

**Management Fees**

6.     Management fees were incurred by the Debtor pre-petition and remained unpaid as of the Petition Date as reflected in the chart above.  The reasonable value of these management fees are consistent with the modified project budgets established as part of the May 23, 2008, Restructuring Agreement between Lehman Brothers Holdings, Inc., a Delaware Corporation, the Lehman lender, certain related Debtors, including the Debtor, and SunCal, among others (the

/ / /

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL. (949) 752-7100 • FAX (949) 252-1514

1  "Restructuring Agreement").  A true and correct copy of the Restructuring Agreement is attached

2  to the Compendium as Exhibit 5.

3      7.      In August 2008, Lehman representatives engaged in various telephone calls and

4  exchange of emails with SunCal regarding the amount of management fees that SunCal should be

5  paid with respect to the management and development of the Project.  True and correct copies of

6  these email exchanges are attached to the Compendium as Exhibits 6 through 8.  These amounts

7  were derived based upon the estimated amount of time that employees of SunCal had spent or

8  would be spending overseeing the management, development and sales of the Project as reflected

9  in the Excel spreadsheets exchanged between the parties.  A true and correct copy of the Excel

10  spreadsheet reflecting the negotiations between SunCal and the Lehman lender is attached to the

11  Compendium as Exhibit 9.

12      8.      Lehman's agreement to the amount of the management fees was further reflected in

13  the payments made by Lehman to SunCal in June through September 8, 2008, for monthly

14  management fees at the rates agreed to in the Restructuring Agreement and the August 2008

15  correspondence.  These wire transfers are reflected in the documents collectively attached to the

16  Compendium as Exhibit 10.

17      9.      As reflected in the Restructuring Agreement, subsequent email exchanges, and the

18  September 8, 2008, payment from Lehman, the Debtor, the Lehman lender and SunCal

19  acknowledged that the reasonable value of the monthly management fees would be $111,137 per

20  month, to reflect a change in the direction of the Project from a full scale development to a hold in

21  place development status with less development activity.  The management fees reflected in the

22  Claim are consistent with this agreement.

23      **Project Staff Costs**

24      10.      All of SunCal's employees included in the Project Staff Costs and who provide

25  services on various projects managed by SunCal are required to track their time spent on a daily

26  basis and record it electronically using a software package provided by SunCal - Sage TimeSheet

27  Professional (Sage).  Time is entered directly by each employee for work performed/spent and is

28  identified by project, non-project entities and administrative tasks.  Every month, a report from

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

Sage is downloaded into an Excel format and the time is sorted by project entity. For time spent on a project entity by "chargeable" employees (e.g., legal, marketing, direct project staff), invoices were prepared using SunCal's billing rates applied to actual hours spent by the employees based solely on the hours that employee entered into Sage. SunCal then invoiced the Debtor monthly for the actual time spent by certain employees related to the Project, which were billed as Project Staff Costs. Each invoice for Project Staff Costs attached the name of the employees and the number of hours expended in the month in connection with the Project.

11.    Attached as Compendium Exhibit 11 are the monthly detail reports attached to the Debtor's invoices, with the hourly rate added for each employee. The hourly rates charged each month as Project Staff Costs are SunCal's standard hourly rates and are the rates SunCal charges its third party clients for which SunCal provides project management services similar to those provided for the Project. SunCal believes that the rates charged are equal to or less than the market rate for such services.

**Marketing Staff Costs**

12.    All of the time expended by SunCal's employees who provided marketing services on various projects managed by SunCal tracked their time in the manner discussed above for Project Staff Costs. SunCal invoiced the Debtor for time expended by its employees in connection with marketing the Project as reflected in Sage, which were billed as Marketing Staff Costs. Each invoice for Marketing Staff Costs attached the name of the employees and the number of hours expended in the month in connection with the Project.

13.    Attached as Compendium Exhibit 12 are the monthly detail reports attached to the Debtor's invoices, with the hourly rate added for each employee. The hourly rates charged each month as Marketing Staff Costs are SunCal's standard hourly rates and are the rates SunCal charges its third party clients for which SunCal provides project management services similar to those provided for the Project. SunCal believes that the rates charged are equal to or less than the market rate for such services.

/ / /

/ / /

RUS, MILBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 221 I MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL (949) 752-7100 • FAX (949) 252-1514

**Legal Staff Costs**

14.     SunCal used its in-house legal staff, where feasible, to manage legal issues related to the Project.  Monthly invoices were generated for legal staff costs chargeable to the Project. These invoices were prepared by utilizing the hours reported by the legal staff employee utilizing the Sage program as discussed above and then multiplied by the legal professional's standard rates. SunCal invoiced the Debtor for time expended by its employees in connection with legal services on the Project as reflected in Sage, which were billed as Legal Staff Costs.  In addition, SunCal maintained a report with a description of the services provided by the legal professional on the Project which further supported the information reflected in Sage.  Attached to the Compendium as Exhibit 13 is a true and correct copy of this report for the legal services reflected in the Claim.

15.     The hourly rates charged each month as Legal Staff Costs are SunCal's standard hourly rates and are the rates SunCal charges its third party clients for which SunCal provides project management services similar to those provided for the Project.  SunCal believes that the rates charged are equal to the market rate for such services.

**Insurance Costs**

16.     SunCal obtained a master policy of insurance for all projects under management. Attached collectively to the Compendium as Exhibit 14 is an example of the master policy(s) which SunCal obtained for the projects under its management.  Attached collectively to the Compendium as Exhibit 15 are checks and policy notices reflecting SunCal's direct payment of the insurance premiums on the master policy for the period 2007 through 2009.

17.     The allocation of the general liability insurance premium in any given period is based on projected project hard costs at the inception of the policy.  The allocation amount includes the administrative costs of SunCal's risk management department associated with securing and maintaining the policies.  At the end of each term, an audit was performed as to the actual costs incurred and the premium was reallocated by the SunCal's accounting staff based on actual costs incurred at a project over the policy term.  In the case of the Debtor, this resulted in a credit for the 2006 term totaling $4,365.00 and an additional charge for the 2007-2008 term of $349,754.00. Attached to the Compendium as Exhibit 16 is a chart reflecting the calculation of

RUS, MILBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL. (949) 752-7100 • FAX (949) 252-1514

1    the 2007-2008 additional charge. The Insurance Costs reflected in the Claim also includes

2    insurance that was unique to the Project due to the construction of a bridge over a major

3    thoroughfare.

4    **Employee Expense Reimbursements**

5      18.    SunCal employees were reimbursed for out-of-pocket costs incurred in connection

6    with the Project. The employees filed expense reports, including receipts for expenditures, and

7    upon approval by SunCal, they were paid. SunCal in turn invoiced these amounts, with

8    supporting back-up documentation, to the Debtor on a monthly basis. Copies of SunCal's checks

9    reflecting reimbursement payments to SunCal employees and the employees expense reports and

10    supporting documentation are attached to the Claim at the pages reflected in the chart above.

11    **Third Party Vendor Expense**

12      19.    The Claim includes unpaid pre-petition Third Party Vendor Expense. During the

13    course of SunCal's management of the Project, expenses were incurred to third party vendors on

14    behalf of the Project, which were paid by SunCal. SunCal in turn invoiced these amounts to the

15    Debtor, with supporting back-up documentation. Copies of SunCal's checks reflecting SunCal's

16    payment of the vendor expense and supporting documentation are attached to the Claim at the

17    pages reflected in the chart above.

18    **SunCal's Reliance Claim**

19      20.    SunCal's Claim, as described above, is for money, goods, services and new credit

20    voluntarily extended to the Debtor between August 1, 2007, and the Petition Date, which money,

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

RUS, MILIBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL. (949) 752-7100 • FAX (949) 252-1514

1  goods, services and new credit were not transferred or extended on account of an existing

2  obligation.

3       I declare under penalty of perjury under the laws of the United States of America and the

4  State of California that the foregoing is true and correct.

5       Executed September 26, 2011, at Irvine, California.

6

7                                                   TOM ROLLINS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUS, MILBAND & SMITH
A PROFESSIONAL CORPORATION
SEVENTH FLOOR, 2211 MICHELSON DRIVE
IRVINE, CALIFORNIA 92612
TEL. (949) 752-7100 • FAX (949) 252-1514

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Von Karman Towers, Seventh Floor, 2211 Michelson Drive, Irvine, California 92612

A true and correct copy of the foregoing document described as **MOTION TO ESTIMATE CLAIM OF SUNCAL MANAGEMENT, LLC, FOR VOTING PURPOSES AND CLASSIFYING SUNCAL'S CLAIM AS A CLASS 6 CLAIM IN LEHMAN'S THIRD AMENDED JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLAVRATIONS OF STAN BROWN AND TOM ROLLINS IN SUPPORT THEREOF [RE SUNCAL MARBLEHEAD, LLC]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 26, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

☒ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On September 26, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P.5 and/or controlling LBR, on September 26, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

The Honorable Erithe A. Smith
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 26, 2011 | TERESA LANGFORD | *Teresa Langford* (signature) |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
435753v1 jm 3/1/11 1 (2882-0001)

**F 9013-3.1**

**ADDITIONAL SERVICE INFORMATION (if needed):**

- Selia M Acevedo          sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams           jadams@sycr.com
- Raymond H Aver           ray@averlaw.com
- James C Bastian          jbastian@shbllp.com
- Thomas Scott Belden      sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd              fednotice@tclaw.net
- Mark Bradshaw            mbradshaw@shbllp.com
- Gustavo E Bravo          gbravo@smaha.com
- Jeffrey W Broker         jbroker@brokerlaw.biz
- Richard W Brunette       rbrunette@sheppardmullin.com
- Brendt C Butler          bbutler@mandersonllp.com
- Andrew W Caine           acaine@pszyjw.com
- Carollynn Callari        ccallari@venable.com
- Cathrine M Castaldi      ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers           dchambers@jmbm.com
- Shirley Cho              scho@pszjlaw.com
- Vonn Christenson         vrc@paynefears.com
- Brendan P Collins        bpcollins@bhfs.com
- Vincent M Coscino        vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot           pcouchot@winthropcouchot.com, pj@winthropcouchot.com;
                           gcrumpacker@winthropcouchot.com
- Geoffrey Crisp           geoffrey@smgarberlaw.com, michelle@smgarberlaw.com
- Jonathan S Dabbieri      dabbieri@sullivan.com, hill@sullivanhill.com;
                           mcallister@sullivanhill.com; stein@sullivanhill.com;
                           vidovich@sullivanhill.com
- Ana Damonte              ana.damonte@pillsburylaw.com
- Vanessa S Davila         vsd@amclaw.com
- Melissa Davis            mdavis@shbllp.com
- Daniel Denny             ddenny@gibsondunn.com
- Caroline Djang           crd@jmbm.com
- Caroline Djang           cdjang@rutan.com
- Donald T Dunning         ddunning@dunningLaw.com
- Lynsey M Eaton           leaton@gglts.com
- Meredith R Edelman       meredith.edelman@dlapiper.com
- Joseph A Eisenberg       jae@jmbm.com
- Lei Lei Wang Ekvall      lekvall@wgllp.com
- Richard W Esterkin       resterkin@morganlewis.com
- Don Fisher               dfisher@ptwww.com
- Marc C Forsythe          kmurphy@goeforlaw.com
- Alan J Friedman          afriedman@irell.com
- Steven M Garber          steve@smgarberlaw.com
- Christian J Gascou       cgascou@gascouhopkins.com
- Barry S Glaser           bglaser@swjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION (if needed):**

- Robert P Goe — kmurphy@goeforlaw.com, rgoe@goeforlaw.com; mforsythe@goeforlaw.com
- Eric D Goldberg — egoldberg@stutman.com
- Richard H Golubow — rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez — mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith — bkemail@harrisbeach.com
- Matthew Grimshaw — mgrimshaw@rutan.com
- Kavita Gupta — kgupta@winthropcouchot.com
- Asa S Hami — ahami@morganlewis.com
- Michael J Hauser — michael.hauser@usdoj.gov
- D Edward Hays — ehays@marshackhays.com
- Michael C Heinrichs — mheinrichs@omm.com
- Harry D. Hochman — hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff — jonathan.hoff@cwt.com
- Nancy Hotchkiss — nhotchkiss@trainorfairbrook.com
- Michelle Hribar — mhribar@rutan.com
- John J Immordino — john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson — laj@cohenandjacobson.com
- Michael J Joyce — mjoyce@crosslaw.com
- Stephen M Judson — sjudson@fablaw.com
- Kaleb L Judy — ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn — skahn@pszjw.com
- Sheri Kanesaka — sheri.kanesaka@bryancave.com, theresa.macaulay@bryancave.com
- David I Katzen — katzen@ksfirm.com
- Christopher W Keegan — ckeegan@kirkland.com, shalimar.caltagirone@kirkland.com; alevin@kirkland.com
- Irene L Kiet — ikiet@hkclaw.com
- Claude F Kolm — claude.kolm@acgov.org
- Mark J Krone — mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally — davidlallylaw@gmail.com
- Leib M Lerner — leib.lerner@alston.com
- Peter W Lianides — plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu — cliu@marshackhays.com
- Charles Liu — cliu@winthropcouchot.com
- Ben H Logan — blogan@omm.com
- John W Lucas — jlucas@pszjlaw.com
- Kerri A Lyman — klyman@irell.com
- Mariam S Marshall — mmarshall@marshallramoslaw.com
- Robert C Martinez — rmartinez@mclex.com
- Michael D May — mdmayesq@verizon.net
- Hutchison B Meltzer — hmeltzer@wgllp.com
- Krikor J Meshefejian — kjm@lnbrb.com
- Joel S. Miliband — jmiliband@rusmiliband.com
- James M Miller — jmiller@millerbarondess.com, vgunderson@millerbarondess.com; smiller@millerbarondess.com; mpritikin@millerbarondess.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION (if needed):**

- Louis R Miller    smiller@millerbarondess.com
- Craig Millet    cmillet@gibsondunn.com, pcrawford@gibsondunn.com; cmillet@gibsondunn.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com; pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Daryl G Parker    dparker@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Robert J Pfister    rpfister@ktbslaw.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com, smcloughlin@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Gerald N Sims    jerrys@psdslaw.com, bonniec@psdslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com; Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com; dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com; pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

### ADDITIONAL SERVICE INFORMATION (if needed):

- Joshua D Wayser — kim.johnson@kattenlaw.com
- Marc J Winthrop — mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood — dwiseblood@seyfarth.com
- Brett K Wiseman — bwiseman@aalaws.com
- Laurel R Zaeske — lzaeske@rusmiliband.com
- Dean A Ziehl — dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman — joshuasdaddy@att.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
435753v1 jm 3/1/11 1 (2882-0001)

F 9013-3.1