Oak Knoll

RECORDING REQUESTED BY,
WHEN RECORDED MAIL TO AND
MAIL TAX STATEMENTS TO:


[NAME OF LEHMAN NOMINEE]
[ADDRESS OF LEHMAN NOMINEE]

---

(Space Above Line for Recorder's Use Only)

### GRANT DEED

FOR VALUE RECEIVED, **[NAME OF GRANTOR]** ("**Grantor**"), hereby grants to **[NAME OF GRANTEE]**, a Delaware limited liability company ("**Grantee**"), all that certain real property situated in the City of Oakland, County of Alameda, State of California, and more particularly described on Exhibit "A" attached hereto and made a part hereof (the "**Property**").

This Grant Deed is being delivered pursuant to the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors* (the "**Plan**") filed in the United States Bankruptcy Court for the Central District of California (Santa Ana Division) (the "**Bankruptcy Court**") in *In re Palmdale Hills Property, LLC, et al.*, Case No. 08-17206 (ES) and the *Order Confirming the Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors* (the "**Confirmation Order**") entered by the Bankruptcy Court on [_____], 2011.  Pursuant to section 17.13 of the Plan, the Confirmation Order, and 11 U.S.C. §1146(a), the transfer of the Property hereunder will not be subject to any documentary transfer tax or similar tax, or filing or recording fee.  Pursuant to the Confirmation Order, state and local governmental officials or agents shall forego the collection of any such tax or fee and accept for filing and recordation this Grant Deed or other related documents without the payment of any such tax or fee.

THE PROPERTY IS GRANTED TO GRANTEE SUBJECT TO (i) the lien for real estate taxes and special assessments, and (ii) the matters of public record described on Exhibit "B" attached hereto and made a part hereof which are taken subject to, but without any assumption by Grantee, and without intent to reimpose any of them; provided, however, that the provisions of this sentence shall not affect or limit Grantee's rights to challenge or question the validity or effectiveness of any such matters as to any third party.

1

This Grant Deed is an absolute conveyance of title in effect as well as in form and is intended to include and unconditionally convey all equitable and redemptive rights of Grantor and is not intended as a mortgage or security device of any kind.

NEITHER GRANTOR NOR GRANTEE INTEND THAT THERE BE, AND THERE SHALL NOT IN ANY EVENT BE, A MERGER OF THE DEED OF TRUST WITH ABSOLUTE ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FINANCING STATEMENT AMONG SUNCAL OAK KNOLL, LLC, AS TRUSTOR, FIDELITY NATIONAL TITLE COMPANY, AS TRUSTEE AND LEHMAN ALI INC., AS BENEFICIARY, RECORDED ON DECEMBER 1, 2006, INSTRUMENT NO. 2006-442564, WITH THE TITLE OR OTHER INTEREST OF GRANTEE IN AND TO THE PROPERTY HEREBY CONVEYED, AND THE GRANTOR EXPRESSLY INTENDS THAT THE INTERESTS OF THE BENEFICIARY IN THE DEED OF TRUST AND GRANTEE'S TITLE TO THE PROPERTY BE AND REMAIN AT ALL TIMES SEPARATE AND DISTINCT.  THIS DEED IS NOT INTENDED TO NOR SHALL IT RELEASE THE LIENS AND SECURITY INTERESTS CONTAINED IN THE DEED OF TRUST.

(Signature on Following Page)

IN WITNESS WHEREOF, Grantor has duly executed and delivered this Grant Deed as of _____, 20__.

**[NAME OF GRANTOR]**

By: _____

Name: _____

Title: _____

## ACKNOWLEDGMENT

STATE OF _____ )

                       )    ss:

COUNTY OF _____ )

On _____, 20__, before me, _____, Notary Public, personally appeared _____, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____

Signature of Notary Public

[Seal]

SIGNATURE PAGE TO GRANT DEED (OAK KNOLL)

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND IS SITUATED IN THE CITY OF OAKLAND, COUNTY OF ALAMEDA, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

**PARCEL 1:**

CIVIL NO. 22087-R (FINAL JUDGMENT FILED JANUARY 16, 1943 IN THE DISTRICT COURT OF THE UNITED STATES IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA SOUTHERN DIVISION)

PORTION OF THE 349 ACRE TRACT OF LAND IN THE PORTION OF THE RANCHO SAN ANTONIO FINALLY CONFIRMED TO YGNACIO PERALTA, WHICH WAS CONVEYED BY SAID YGNACIO PERALTA AND RAFAELA S. DE PERALTA TO LUDEVINA IVEY, BY DEED DATED SEPTEMBER 4, 1871, RECORDED SEPTEMBER 7, 1871, IN BOOK 69 OF DEEDS, AT PAGE 457, ALAMEDA COUNTY RECORDS (WHICH TRACT IS DESIGNATED IN SAID DEED AS BEING DESCRIBED ACCORDING TO A SURVEY OF THE HILLS OF THE RANCHO OF SAID YGNACIO PERALTA ON AUGUST 28, 1871 BY LUIS CASTRO, SURVEYOR OF SAID COUNTY, AND BEING MARKED AND KNOWN IN SAID SURVEY AS DIVISION NO. 2), AND A PORTION OF THE 349 ACRE TRACT IN SAID PORTION OF THE RANCHO SAN ANTONIO WHICH WAS CONVEYED BY SAID YGNACIO PERALTA AND RAFAELA S. DE PERALTA TO RAFAEL MARTINEZ, ET AL, BY DEED DATED SEPTEMBER 4, 1871, RECORDED OCTOBER 7, 1871, IN BOOK 69 OF DEEDS, AT PAGE 468, ALAMEDA COUNTY RECORDS (WHICH TRACT IS DESIGNATED IN SAID DEED AS BEING DESCRIBED ACCORDING TO SAID SURVEY AND BEING MARKED AND KNOWN IN SAID SURVEY AS DIVISION NO. 3), DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHWESTERN LINE OF THE 349 ACRE TRACT, FIRSTLY ABOVE REFERRED TO, WITH THE NORTHEASTERN LINE OF MOUNTAIN BOULEVARD, AS DESCRIBED IN THE DEED BY ARTHUR D. KING AND FLORENCE J. KING TO CITY OF OAKLAND, DATED APRIL 30, 1937, RECORDED OCTOBER 5, 1937, IN BOOK 3523 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, AT PAGE 329; AND RUNNING THENCE ALONG SAID LINE OF MOUNTAIN BOULEVARD, AS FOLLOWS:

SOUTH 24° 22' 40" EAST, 622.17 FEET; THENCE SOUTHEASTERLY, TANGENT TO THE LAST NAMED COURSE, ON A CURVE TO THE LEFT WITH A RADIUS OF 1040 FEET, A DISTANCE OF 420.03 FEET; THENCE SOUTH 47° 31' 05" EAST, 584.75 FEET; THENCE SOUTHEASTERLY, TANGENT WITH THE LAST NAMED COURSE, ON A CURVE TO THE RIGHT WITH A RADIUS OF 1060 FEET, A DISTANCE OF 760.47 FEET; THENCE SOUTH 6° 24' 46" EAST, 307.83 FEET; THENCE SOUTHEASTERLY, TANGENT WITH THE LAST NAMED COURSE, ON A CURVE TO THE LEFT WITH A RADIUS OF 1140 FEET, A DISTANCE OF 301.44 FEET; THENCE SOUTH 21° 33' 46" EAST, 268.85 FEET TO THE NORTHWESTERN LINE OF THE 29.017 ACRE TRACT OF LAND DESCRIBED IN THE DEED BY ARTHUR D. KING AND FLORENCE L. KING TO OAK KNOLL LAND CORPORATION, DATED DECEMBER 11, 1928, RECORDED FEBRUARY 16, 1929, IN BOOK 2086 OF SAID OFFICIAL RECORDS OF ALAMEDA COUNTY, AT PAGE 47; THENCE ALONG THE LAST NAMED LINE, NORTH 77° 23' 20" EAST, 181.06 FEET TO

THE NORTHERN LINE OF OAK KNOLL BOULEVARD, AS SAID BOULEVARD IS SHOWN ON THE MAP OF "FAIRWAY ESTATES IN OAK KNOLL, OAKLAND, ALAMEDA COUNTY, CALIFORNIA", FILED MARCH 14, 1929, IN BOOK 18 OF MAPS, AT PAGES 59, 60 AND 61, IN THE OFFICE OF THE COUNTY RECORDER OF ALAMEDA COUNTY; THENCE ALONG THE LAST NAMED LINE AND ALONG THE WESTERN LINE OF BARCELONA STREET, FORMERLY OAK KNOLL BOULEVARD, AS SHOWN ON SAID MAP, AS FOLLOWS:

NORTHEASTERLY ON A CURVE TO THE LEFT WITH A RADIUS OF 200 FEET, A DISTANCE OF 60.13 FEET; THENCE NORTH 44° 15' EAST, 108.39 FEET; THENCE EASTERLY, TANGENT TO THE LAST NAMED COURSE, ON A CURVE TO THE RIGHT WITH A RADIUS OF 150 FEET, A DISTANCE OF 158.46 FEET; THENCE SOUTH 75° 13' 20" EAST, 36.79 FEET; THENCE EASTERLY, TANGENT WITH THE LAST NAMED COURSE, ON A CURVE TO THE LEFT, WITH A RADIUS OF 200 FEET, A DISTANCE OF 238.33 FEET; THENCE NORTH 36° 30' EAST, 162.17 FEET; THENCE NORTHERLY, TANGENT WITH THE LAST NAMED COURSE, ON A CURVE TO THE LEFT WITH A RADIUS OF 90.64 FEET, A DISTANCE OF 108 FEET; THENCE NORTH 31° 46' 15" WEST, 907.58 FEET, TO THE NORTHWESTERN LINE OF SAID "FAIRWAY ESTATES IN OAK KNOLL", AS SHOWN ON SAID MAP THEREOF; THENCE ALONG THE LAST NAMED LINE AND ALONG THE NORTHWESTERN LINE OF THE 58.16 ACRE TRACT OF LAND DESCRIBED IN THE DEED BY WILLIAM H. IVEY TO FRANCISCO PERALTA, DATED JULY 3, 1873, RECORDED JULY 3, 1873, IN BOOK 92 OF DEEDS, AT PAGE 115, ALAMEDA COUNTY RECORDS, NORTH 58° 13' 45" EAST, 4700 FEET; THENCE NORTH 31° 46' 15" WEST, 2250 FEET, MORE OR LESS, TO THE NORTHWESTERN LINE OF SAID 349 ACRE TRACT CONVEYED TO RAFAEL MARTINEZ, ET AL; THENCE ALONG THE LAST NAMED LINE, SOUTH 58° 10' 38" WEST, 2600 FEET, MORE OR LESS, TO THE EASTERN LINE OF THE 1 ACRE PARCEL OF LAND DESCRIBED IN THE DEED BY ARTHUR D. KING AND FLORENCE L. KING TO EAST BAY WATER COMPANY, DATED SEPTEMBER 17, 1924 AND RECORDED SEPTEMBER 19, 1924, IN BOOK 766 OF SAID OFFICIAL RECORDS, AT PAGE 472; THENCE ALONG THE LAST NAMED LINE, SOUTH 12° 10' 38" WEST, 252.32 FEET; THENCE SOUTH 58° 10' 38" WEST, 240 FEET; THENCE NORTH 12° 10' 38" EAST, 252.32 FEET TO THE NORTHWESTERN LINE OF THE LAST MENTIONED 349 ACRE TRACT; THENCE ALONG THE LAST NAMED LINE AND EXTENSION THEREOF, SOUTH 58° 10' 38" WEST, 2500 FEET, MORE OR LESS, TO THE POINT OF BEGINNING.

**PARCEL 2**:

CIVIL NO. 22276-S (AMENDED FINAL JUDGMENT FILED AUGUST 1, 1944 IN THE DISTRICT COURT OF THE UNITED STATES IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA SOUTHERN DIVISION. A COPY OF WHICH RECORDED ON OCTOBER 21, 1944 IN LIBER 4582, PAGE 486, OFFICIAL RECORDS OF ALAMEDA COUNTY, CALIFORNIA)

A PORTION OF PARCEL 10 AS DESCRIBED IN THE DEED FROM ELSIE LAIRD TO HUTCHINSON REALTY COMPANY, DATED NOVEMBER 28, 1933, RECORDED FEBRUARY 28, 1934, IN BOOK 2995 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 409, DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHEASTERN LINE OF MOUNTAIN BOULEVARD, AS SAID LINE OF MOUNTAIN BOULEVARD IS DEFINED IN THE DEED BY HUTCHINSON REALTY COMPANY TO THE CITY OF OAKLAND, DATED JUNE 18, 1937, RECORDED JULY 23, 1937, IN BOOK 3489 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 346, WITH THE NORTHERN LINE OF SAID PARCEL 10; RUNNING THENCE ALONG SAID LINE OF SAID PARCEL 10, NORTH 77° 23' 20" EAST, 181.06 FEET TO THE MOST EASTERN CORNER OF SAID PARCEL 10; THENCE ALONG THE NORTHWESTERN LINE OF OAK KNOLL BOULEVARD, AS SAID BOULEVARD IS SHOWN ON THE MAP OF "FAIRWAY ESTATES IN OAK KNOLL, OAKLAND, ALAMEDA COUNTY, CALIFORNIA", FILED MARCH 14, 1929, IN BOOK 18 OF MAPS, PAGES 59, 60 AND 61, IN THE OFFICE OF THE COUNTY RECORDER OF ALAMEDA COUNTY, AS FOLLOWS: SOUTHWESTERLY ON THE ARC OF A CURVE TO THE RIGHT HAVING A RADIUS OF 200 FEET, A DISTANCE OF 15.30 FEET; THENCE ON THE ARC OF A REVERSE CURVE TO THE LEFT WITH A RADIUS OF 200 FEET, A DISTANCE OF 50.70 FEET; THENCE TANGENT WITH THE LAST NAMED COURSE, SOUTH 51° 20' WEST, 51.37 FEET TO THE MOST EASTERN CORNER OF SAID LAND DESCRIBED IN SAID LAST MENTIONED DEED; THENCE ALONG THE NORTHERN LINE OF SAID LAND DESCRIBED IN SAID LAST MENTIONED DEED, WESTERLY AND NORTHWESTERLY ON THE ARC OF A CURVE TO THE RIGHT HAVING A RADIUS OF 50 FEET, A DISTANCE OF 93.47 FEET TO A POINT ON SAID LINE OF MOUNTAIN BOULEVARD, FROM WHICH THE CENTER OF SAID CURVE HAVING A RADIUS OF 50 FEET BEARS NORTH 68° 26' 14" EAST, 50 FEET; THENCE ALONG SAID LINE OF MOUNTAIN BOULEVARD, NORTH 21° 33' 46" WEST, 5.40 FEET TO THE POINT OF BEGINNING.

**PARCEL 3:**

CIVIL NO. 24608-G (JUDGMENT FILED JUNE 4, 1945 IN THE DISTRICT COURT OF THE UNITED STATES IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA SOUTHERN DIVISION. A COPY OF WHICH RECORDED ON JUNE 11, 1945 IN LIBER 4742, PAGE 23, OFFICIAL RECORDS OF ALAMEDA COUNTY, CALIFORNIA)

BEGINNING AT THE INTERSECTION OF THE SOUTHERN LINE OF PLOT LETTERED "P", NOW KNOWN AS ST. ANDREWS ROAD, WITH THE DIVIDING LINE BETWEEN LOTS NUMBERED 175 AND 177, AS SAID PLOT AND LOTS ARE SHOWN ON THE MAP ENTITLED, "MAP OF SUBDIVISION OF SEQUOYAH HILLS, OAKLAND, CALIFORNIA", FILED FOR RECORD APRIL 3, 1914, IN BOOK 28 OF MAPS, AT PAGES 63 AND 64, IN THE OFFICE OF THE COUNTY RECORDER OF ALAMEDA COUNTY, AND RUNNING THENCE ALONG SAID DIVIDING LINE, SOUTH 11° 13' 40" WEST, 113.00 FEET TO THE CORNER COMMON TO LOTS NUMBERED 175, 176 AND 177, AS SHOWN ON SAID MAP (THE BEARING OF SAID DIVIDING LINE BEING TAKEN AS SOUTH 11° 13' 40" WEST FOR THE PURPOSE OF MAKING THIS DESCRIPTION); THENCE ALONG THE DIVIDING LINE BETWEEN LOTS NUMBERED 175 AND 176, AS SHOWN ON SAID MAP, SOUTH 74° 30' 30" WEST, 186.61 FEET TO THE CORNER COMMON TO LOTS NUMBERED 173, 174, 175 AND 176, AS SHOWN ON SAID MAP; THENCE SOUTH 61° 20' 30" WEST, 312.88 FEET TO THE MOST EASTERN CORNER OF LOT F 12, AS SAID LOT IS SHOWN ON THE MAP ENTITLED, "FAIRWAY ESTATES IN

OAK KNOLL, OAKLAND, ALAMEDA COUNTY, CALIFORNIA", FILED FOR RECORD MARCH 14, 1929, IN BOOK 18 OF MAPS, AT PAGES 59 AND 60, IN THE OFFICE OF THE COUNTY RECORDER OF ALAMEDA COUNTY; THENCE ALONG THE DIVIDING LINE BETWEEN LOTS F 12 AND F 13, AS SHOWN ON THE LAST-NAMED MAP, SOUTH 58° 13' WEST, 110.00 FEET TO THE NORTHEASTERN LINE OF BARCELONA STREET, FORMERLY OAK KNOLL BOULEVARD, AS SAID BOULEVARD IS SHOWN ON THE LAST-NAMED MAP; THENCE ALONG SAID NORTHEASTERN LINE, SOUTH 31° 47' EAST, 27.58 FEET; THENCE CONTINUING ALONG SAID NORTHEASTERN LINE, ALONG THE ARC OF A CURVE TO THE RIGHT, FROM A TANGENT BEARING SOUTH 31° 47' EAST, WITH A RADIUS OF 140.64 FEET, THROUGH AN ANGLE OF 68° 16' 15", FOR A DISTANCE OF 167.58 FEET; THENCE NORTH 53° 30' 45" WEST, 50.00 FEET TO THE WESTERN LINE OF SAID BOULEVARD; THENCE ALONG THE LAST NAMED LINE, ALONG THE ARC OF A CURVE TO THE LEFT, FROM A TANGENT BEARING NORTH 36° 29' 15" EAST, WITH A RADIUS OF 90.64 FEET, THROUGH AN ANGLE OF 68° 16' 15", FOR A DISTANCE OF 108.00 FEET; THENCE ALONG THE SOUTHWESTERN LINE OF SAID BOULEVARD, NORTH 31° 47' WEST, 907.58 FEET TO THE INTERSECTION THEREOF WITH THE DIRECT EXTENSION SOUTHWESTERLY OF THE NORTHWESTERN LINE OF LOT F 1, AS SHOWN ON SAID MAP; THENCE ALONG SAID EXTENSION AND ALONG THE NORTHWESTERN LINE OF SAID LOT F 1, NORTH 58° 13' EAST, 160.00 FEET TO THE MOST NORTHERN CORNER OF SAID LOT F 1; THENCE ALONG THE NORTHEASTERN LINE OF LOTS F 1 TO F 9, INCLUSIVE, AS SHOWN ON THE LAST NAMED MAP, SOUTH 31° 47' EAST, 599.89 FEET TO THE INTERSECTION THEREOF WITH THE DIRECT EXTENSION SOUTHWESTERLY OF THE NORTHWESTERN LINE OF LOT NUMBERED 170, AS SAID LOT IS SHOWN ON THE MAP FIRSTLY HEREINABOVE REFERRED TO; THENCE ALONG THE LAST-NAMED EXTENSION, ALONG THE NORTHWESTERN LINE OF SAID LOT NUMBERED 170 AND ALONG THE DIRECT EXTENSION NORTHEASTERLY OF SAID NORTHWESTERN LINE, NORTH 37° 21' EAST, 215.53 FEET TO THE NORTHERN LINE OF SAID PLOT LETTERED "P"; THENCE ALONG THE LAST-NAMED LINE, AS FOLLOWS: EASTERLY ALONG THE ARC OF A CURVE TO THE LEFT, FROM A TANGENT BEARING SOUTH 52° 39' EAST, WITH A RADIUS OF 210.00 FEET, THROUGH AN ANGLE OF 33° 28' 20", FOR A DISTANCE OF 122.67 FEET; THENCE SOUTH 86° 07' 20" EAST, 284.63 FEET; THENCE ALONG THE ARC OF A CURVE TO THE RIGHT, FROM A TANGENT BEARING SOUTH 86° 07' 20" EAST, WITH A RADIUS OF 792.00 FEET, THROUGH AN ANGLE OF 16° 23' FOR A DISTANCE OF 226.47 FEET; THENCE ALONG THE ARC OF A CURVE TO THE RIGHT, FROM A TANGENT BEARING SOUTH 69° 44' 20" EAST, WITH A RADIUS OF 187.49 FEET, THROUGH AN ANGLE OF 48° 04' 20", FOR A DISTANCE OF 157.30 FEET; THENCE ALONG THE ARC OF A CURVE TO THE LEFT, FROM A TANGENT BEARING SOUTH 31° 40' EAST, WITH A RADIUS OF 20.00 FEET, THROUGH AN ANGLE OF 73° 39' 20", FOR A DISTANCE OF 25.71 FEET TO THE NORTHERN LINE OF PLOT LETTERED "E", NOW KNOWN AS SEQUOYAH ROAD, AS SAID PLOT "E" IS SHOWN ON THE MAP FIRSTLY HEREINABOVE REFERRED TO; THENCE ALONG THE LAST-NAMED LINE, ALONG THE ARC OF A CURVE TO THE LEFT, FROM A TANGENT BEARING SOUTH 84° 40' 40" WEST, WITH A RADIUS OF 327.00 FEET, THROUGH AN ANGLE OF 10° 52' 20", FOR A DISTANCE OF 62.05 FEET; THENCE LEAVING THE LAST NAMED LINE

AND RUNNING ALONG THE SOUTHERN LINE OF SAID PLOT LETTERED "P", ALONG THE ARC OF A CURVE TO THE LEFT, FROM A TANGENT BEARING NORTH 73° 48' 20" EAST, WITH A RADIUS OF 20.00 FEET, THROUGH AN ANGLE OF 100° 26' 50", FOR A DISTANCE OF 35.06 FEET; THENCE CONTINUING ALONG SAID SOUTHERN LINE, ALONG THE ARC OF A CURVE TO THE LEFT, FROM A TANGENT BEARING NORTH 26° 38' 30" EAST, WITH A RADIUS OF 163.49 FEET, THROUGH AN ANGLE OF 43° 05' 50", FOR A DISTANCE OF 122.98 FEET; THENCE CONTINUING ALONG SAID SOUTHERN LINE, ALONG THE ARC OF A CURVE TO THE LEFT, FROM A TANGENT BEARING NORTH 69° 44' 20" WEST, WITH A RADIUS OF 768.00 FEET, THROUGH AN ANGLE OF 9° 02', FOR A DISTANCE OF 121.08 FEET TO THE POINT OF BEGINNING.

**PARCEL 4:**

QUITCLAIM DEED (ANMAR INVESTMENTS INCORPORATED TO UNITED STATES OF AMERICA RECORDED IN OFFICIAL RECORDS OF ALAMEDA COUNTY, CALIFORNIA, JULY 16, 1980 AS DOCUMENT NO. 80-119199).

A PARCEL OF LAND LYING IN THE CITY OF OAKLAND, COUNTY OF ALAMEDA, STATE OF CALIFORNIA, BEING A PORTION OF THAT CERTAIN PARCEL OF LAND LYING IN PARCEL 2 AS DESCRIBED BY QUIT CLAIM DEED FILED FOR RECORD IN SAID COUNTY AT REEL 5703, IMAGE 51, DATED DECEMBER 4, 1978, DESCRIBED AS FOLLOWS:

COMMENCING FOR POINT OF REFERENCE AT THE SOUTHWESTERLY CORNER OF SAID PARCEL 2;

(I) THENCE ALONG THE WESTERLY AND NORTHERLY BOUNDARY LINE OF SAID PARCEL 2, ALONG A NON-TANGENT CURVE TO THE RIGHT HAVING A RADIAL BEARING OF NORTH 57° 58' 24" EAST FROM THE BEGINNING OF CURVE TO THE POINT OF RADIUS, A RADIUS OF 150.00 FEET, THROUGH A CENTRAL ANGLE OF 73° 30' 00", FOR AN ARC LENGTH OF 192.42 FEET;

(II) THENCE CONTINUING ALONG SAID NORTHERLY BOUNDARY LINE, NORTH 41° 14' 37" EAST, 88.16 FEET TO THE TRUE POINT OF BEGINNING.

1. THENCE LEAVING SAID NORTHERLY BOUNDARY LINE, SOUTH 48° 45' 23" EAST, 22.00 FEET;

2. THENCE PARALLEL WITH SAID NORTHERLY BOUNDARY LINE, NORTH 41° 14' 37" EAST, 93.00 FEET;

3. THENCE NORTH 48° 45' 23" WEST, 22.00 FEET TO SAID NORTHERLY BOUNDARY LINE;

4. THENCE ALONG SAID NORTHERLY BOUNDARY LINE, SOUTH 41° 14' 37" WEST, 93.00 FEET TO THE TRUE POINT OF BEGINNING.

EXCEPTING FROM THE LANDS DESCRIBED HEREINABOVE AS PARCELS 1 THROUGH 4, THE FOLLOWING:

(A) QUITCLAIM DEED TO SEACREST COMPANY, A CO-PARTNERSHIP, ET AL, RECORDED MARCH 8, 1962, IN REEL 531, IMAGE 519, DOCUMENT NO. AT-30784, OFFICIAL RECORDS OF ALAMEDA COUNTY, CALIFORNIA.

(B) QUITCLAIM DEED TO THE CITY OF OAKLAND, A MUNICIPAL CORPORATION, RECORDED SEPTEMBER 26, 1978, IN REEL 5597, IMAGE 223, DOCUMENT NO. 78-187144, OFFICIAL RECORDS OF ALAMEDA COUNTY, CALIFORNIA.

(C) QUITCLAIM DEED TO WILLIAM A. HARDENSTINE, ET UX, RECORDED DECEMBER 4, 1978, IN REEL 5703, IMAGE 51, DOCUMENT NO. 78-236024, OFFICIAL RECORDS OF ALAMEDA COUNTY, CALIFORNIA.

(D) QUITCLAIM DEED TO THE SENECA RESIDENTIAL AND DAY TREATMENT CENTER FOR CHILDREN, RECORDED JANUARY 30, 2002, SERIES NO. 2002048897, OFFICIAL RECORDS OF ALAMEDA COUNTY, CALIFORNIA.

(E) QUITCLAIM DEED TO SEA WEST COAST GUARD FEDERAL CREDIT UNION, RECORDED MAY 7, 2002, SERIES NO. 2002202441, OFFICIAL RECORDS OF ALAMEDA COUNTY, CALIFORNIA.

(F) QUITCLAIM DEED TO THE REDEVELOPMENT AGENCY OF THE CITY OF OAKLAND, A STATE OF CALIFORNIA AGENCY, RECORDED AUGUST 15, 2005, AS SERIES NO. 2005348212 IN THE OFFICE OF THE COUNTY RECORDER OF ALAMEDA COUNTY, CALIFORNIA AND SHOWN AS PARCEL A ON PARCEL MAP 8730 FILED OCTOBER 3, 2005 IN BOOK 284 OF MAPS AT PAGES 63-65 IN THE OFFICE OF THE COUNTY RECORDER OF SAID ALAMEDA COUNTY.

**ASSESSOR'S PARCEL NO'S:**

043A-4675-003-21
048-6865-002-03
048-6870-001

## EXHIBIT B

### PERMITTED ENCUMBRANCES

1.   Easement(s) for the purpose(s) shown below and rights incidental thereto as condemned by Final Decree of Condemnation, Superior Court of Alameda
     | | |
     |---|---|
     | In favor of: | Bay Counties Power Company |
     | Purpose: | Telephone, telegraph and electric power lines |
     | Recorded: | January 2, 1908, Book 1408 of Deeds, Page 298 |

2.   Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication, on the map of said tract.
     | | |
     |---|---|
     | Purpose: | Pole and wires |
     | Affects: | Southwesterly 40 feet of Lots 170, 171 and 172 (Sequoyah Hills) |

3.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
     | | |
     |---|---|
     | Granted to: | Pacific Gas and Electric Company |
     | Purpose: | Poles and wires |
     | Recorded: | November 30, 1914, Book 2292 of Deeds, Page 248 |

4.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
     | | |
     |---|---|
     | Granted to: | East Bay Water Company |
     | Purpose: | Ingress, egress, pipelines and utilities |
     | Recorded: | September 19, 1924, Book 766, Page 472, of Official Records |

5.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
     | | |
     |---|---|
     | Granted to: | Pacific Gas and Electric Company |
     | Purpose: | Poles and wires |
     | Recorded: | September 1, 1928, Book 1940, Page 157, of Official Records |

6.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
     | | |
     |---|---|
     | Granted to: | City of Oakland |
     | Purpose: | Public sewer |
     | Recorded: | January 28, 1929, Book 2047, Page 181, of Official Records |

7.   Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication, on the map of said tract.
     | | |
     |---|---|
     | Purpose: | Public service |
     | Affects: | The northeasterly, or rear, 5 feet of Lots F1 to F3 (Fairway Estates) |

8.    Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to:    City of Oakland
Purpose:       Public culvert
Recorded:      August 5, 1938, Book 3662, Page 209, of Official Records

9.    Easement(s) for public utilities over that portion lying within St. Andrews Road, as set forth in the Judgment recorded June 11, 1945, Book 4742, Page 23, Official Records.

10.   Easement(s) for public utilities over that portion lying within Barcelona Street, Formerly Oak Knoll Boulevard, as set forth in the Judgment recorded June 11, 1945, Book 4742, Page 23, Official Records.

11.   Terms, conditions and provisions as set forth in the instrument executed by The United States of America, recorded March 12, 1952, Book 6679, Page 579, Official Records.

12.   Terms, conditions and provisions as set forth in Resolution No. 27106, dated August 26, 1957, as disclosed by the Oakland Sewer Maps.

13.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to:    City of Oakland
Purpose:       Sanitary sewer
Recorded:      April 24, 1953, Book 7011, Page 5, of Official Records

14.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to:    City of Oakland
Purpose:       Sanitary sewer
Recorded:      October 10, 1957, Book 8491, Page 347, of Official Records

15.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to:    East Bay Municipal Utility District
Purpose:       Water pipelines
Recorded:      March 1, 1960, Book (Reel) 36, Page 709, of Official Records

16.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to:    State of California
Purpose:       Controlled access highway
Recorded:      November 27, 1962, Instrument No. AT-162098, Book (Reel) 733, Page (Image) 210, of Official Records

17.   Lack of Abutter's rights in and to Mountain Boulevard, adjacent to the west line of said property, said rights having been released and relinquished by Deed to the State of California, recorded November 27, 1962, Reel 733, Image 210, Series No. AT-162098, Official Records.

18.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
      Granted to:    City of Oakland
      Purpose:       Sanitary sewer line for a period of 50 years
      Recorded:      April 5, 1972, Book (Reel) 3099, Page 663, of Official Records

19.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
      Granted to:    City of Oakland
      Purpose:       Sanitary sewer pipeline for a period of 50 years
      Recorded:      May 10, 1974, Book (Reel) 3676, Page 738, of Official Records

20.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
      Granted to:    Pacific Gas and Electric Company
      Purpose:       Electric power transmission line
      Recorded:      July 19, 1974, Book (Reel) 3733, Page 404, of Official Records

21.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
      Granted to:    East Bay Municipal Utility District
      Purpose:       Slope easement, for a period of 50 years
      Recorded:      July 27, 1992, Instrument No. 92-242285, of Official Records

22.   Notice by the City Council of the City of Oakland adopting Ordinance No. 12065 C.M.S. on July 14, 1998 for the Oak Knoll Redevelopment Project, recorded August 27, 1998, Series No. 98-297737, Official Records.

23.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
      Granted to:    Pacific Gas and Electric Company, a California corporation
      Purpose:       Overhead electric facilities, including poles, aerial wires, cables, electrical conductors with associated cross-arms, braces, transformers, anchors, guy wires and cables, fixtures and appurtenances
      Recorded       September 13, 2000, Instrument No. 2000-276744, of Official Records

24.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
      Granted to:    Pacific Bell Telephone Company
      Purpose:       Overhead communication lines
      Recorded:      October 12, 2001, Instrument No. 2001-390176, of Official Records

25. Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to: Pacific Gas and Electric Company, a California corporation

Purpose: Overhead electric facilities, including poles, aerial wires, cables, electrical conductors with associated cross-arms, braces, transformers, anchors, guy wires and cables, fixtures and appurtenances

Recorded: December 14, 2001, Instrument No. 2001-488081, of Official Records

26. Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to: Seneca Residential and Bay Treatment Center for Children

Purpose: Vehicular and pedestrian access

Recorded: January 30, 2002, Instrument No. 2002-048897, of Official Records

27. Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to: Sea West Coast Guard Federal Credit Union

Purpose: Roadway and utilities

Recorded: May 7, 2002, Instrument No. 2002-202441, of Official Records

28. Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to: Sea West Coast Guard Federal Credit Union

Purpose: Underground waterline

Recorded: July 23, 2002, Instrument No. 2002-313566, of Official Records

29. Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to: Sea West Coast Guard Federal Credit Union

Purpose: Underground sanitary sewer line

Recorded: July 23, 2002, Instrument No. 2002-313567, of Official Records

30. Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to: Seneca Residential and Day Treatment Center for Children

Purpose: Underground sewer line

Recorded: August 7, 2002, Instrument No. 2002-341573, of Official Records

31. Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to: Seneca Residential and Day Treatment Center for Children

Purpose: Underground waterline

Recorded: August 7, 2002, Instrument No. 2002-341574, of Official Records

32.   The terms, provisions, covenants and conditions contained in the Quitclaim Deed from the United States of America to the Redevelopment Agency of the City of Oakland, recorded August 15, 2005, Series No. 2005-348212, Official Records.

33.   Discrepancies, overlaps, conflicts in boundary lines and/or shortage in area, as disclosed by Parcel Map 8730 filed October 3, 2005, in Book 284 at Pages 63 through 65, inclusive.

34.   Covenants, conditions and restrictions in the declaration of restrictions but omitting any covenants or restrictions, if any, including, but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law.
      Recorded:      March 30, 2006, Instrument No. 2006-123016, of Official Records

35.   The fact that said land is included within a project area of the Redevelopment Agency shown below, and that proceedings for the redevelopment of said project have been instituted under the Redevelopment Law.
      Agency:        Revised Statement of Institution of Redevelopment For The Oak Knoll Redevelopment Project
      Recorded:      December 3, 2007, Instr. No. 2007-409571, of Official Records

36.   A Deed of Trust described as follows:
      Dated:         November 30, 2006
      Trustor:       SunCal Oak Knoll, LLC, a Delaware limited liability company
      Trustee:       Fidelity National Title Company
      Beneficiary:   Lehman, ALI, Inc., a Delaware corporation
      Recorded:      December 1, 2006, Instr. No. 2006-442564, of Official Records

      A Notice of Default under the terms of said deed of trust.

      Executed by:   Lehman ALI, Inc.
      Recorded:      November 12, 2008, Instrument No. 2008-328355, of Official Records

      A Notice of Default under the terms of said deed of trust.

      Executed by:   Lehman ALI, Inc.
      Recorded:      November 13, 2008, Instr. No. 2008-329895, of Official Records

37.   An assignment of all the moneys due, or to become due, as rental, as additional security for the obligations secured by Deed of Trust recorded December 1, 2006, Instrument No. 2006-442564, Official Records
      Assigned to:   Lehman, ALI, Inc.
      Recorded:      December 1, 2006, Instr. No. 2006-442565, of Official Records

Palm Springs Village

RECORDING REQUESTED BY,
WHEN RECORDED MAIL TO AND
MAIL TAX STATEMENTS TO:

**[NAME OF LEHMAN NOMINEE]**
**[ADDRESS OF LEHMAN NOMINEE]**

_____

(Space Above Line for Recorder's Use Only)

## GRANT DEED

FOR VALUE RECEIVED, **[NAME OF GRANTOR]** ("**Grantor**"), hereby grants to **[NAME OF GRANTEE]**, a Delaware limited liability company ("**Grantee**"), all that certain real property situated in the City of Palm Springs, County of Riverside, State of California, and more particularly described on Exhibit "A" attached hereto and made a part hereof (the "**Property**").

This Grant Deed is being delivered pursuant to the _Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors_ (the "**Plan**") filed in the United States Bankruptcy Court for the Central District of California (Santa Ana Division) (the "**Bankruptcy Court**") in _In re Palmdale Hills Property, LLC, et al._, Case No. 08-17206 (ES) and the _Order Confirming the Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors_ (the "**Confirmation Order**") entered by the Bankruptcy Court on [_____], 2011. Pursuant to section 17.13 of the Plan, the Confirmation Order, and 11 U.S.C. §1146(a), the transfer of the Property hereunder will not be subject to any documentary transfer tax or similar tax, or filing or recording fee. Pursuant to the Confirmation Order, state and local governmental officials or agents shall forego the collection of any such tax or fee and accept for filing and recordation this Grant Deed or other related documents without the payment of any such tax or fee.

THE PROPERTY IS GRANTED TO GRANTEE SUBJECT TO (i) the lien for real estate taxes and special assessments, and (ii) the matters of public record described on Exhibit "B" attached hereto and made a part hereof which are taken subject to, but without any assumption by Grantee, and without intent to reimpose any of them; provided, however, that the provisions of this sentence shall not affect or limit Grantee's rights to challenge or question the validity or effectiveness of any such matters as to any third party.

This Grant Deed is an absolute conveyance of title in effect as well as in form and is intended to include and unconditionally convey all equitable and redemptive rights of Grantor and is not intended as a mortgage or security device of any kind.

NEITHER GRANTOR NOR GRANTEE INTEND THAT THERE BE, AND THERE SHALL NOT IN ANY EVENT BE, A MERGER OF THE CONSTRUCTION DEED OF TRUST AND FIXTURE FILING (WITH ASSIGNMENT OF LEASES AND RENTS AND SECURITY AGREEMENT) AMONG SUNCAL PSV, LLC, AS TRUSTOR, FIDELITY NATIONAL TITLE COMPANY, AS TRUSTEE AND LEHMAN ALI INC., AS BENEFICIARY, RECORDED ON FEBRUARY 13, 2007, INSTRUMENT NO. 2007-101848, WITH THE TITLE OR OTHER INTEREST OF GRANTEE IN AND TO THE PROPERTY HEREBY CONVEYED, AND THE GRANTOR EXPRESSLY INTENDS THAT THE INTERESTS OF THE BENEFICIARY IN THE DEED OF TRUST AND GRANTEE'S TITLE TO THE PROPERTY BE AND REMAIN AT ALL TIMES SEPARATE AND DISTINCT. THIS DEED IS NOT INTENDED TO NOR SHALL IT RELEASE THE LIENS AND SECURITY INTERESTS CONTAINED IN THE DEED OF TRUST.

(Signature on Following Page)

IN WITNESS WHEREOF, Grantor has duly executed and delivered this Grant Deed as of _____, 20__.

**[NAME OF GRANTOR]**

By: _____
Name: _____
Title: _____

## ACKNOWLEDGMENT

STATE OF _____ )
                                          )     ss:
COUNTY OF _____ )

      On _____, 20__, before me, _____, Notary Public, personally appeared _____, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

      I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

      WITNESS my hand and official seal.

_____
Signature of Notary Public

[Seal]

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND IS SITUATED IN THE CITY OF PALM SPRINGS, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

LOTS 1 THROUGH 398, INCLUSIVE, LETTERED LOTS D THROUGH Z, INCLUSIVE, AND AA THROUGH AS, INCLUSIVE, OF TRACT NO. 31848-1, IN THE CITY OF PALM SPRINGS, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 414, PAGES 49 THROUGH 73, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AS AMENDED BY A CERTIFICATE OF CORRECTION RECORDED JUNE 15, 2007, AS INSTRUMENT NO. 2007-0393884 OF OFFICIAL RECORDS.

TOGETHER WITH THAT PORTION OF PARCEL B OF LOT LINE ADJUSTMENT NO. LLA-05-04, RECORDED APRIL 29, 2005, AS INSTRUMENT NO. 2005-0338402, OF OFFICIAL RECORDS, SHOWN AS THE REMAINDER PARCEL ON THE MAP OF TRACT NO. 31848-1.

EXCEPT THEREFROM THE PROPERTY CONTAINED IN GRANT DEED TO THE CITY OF PALM SPRINGS, PER INSTRUMENT NO. 2007-0059376, RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ALSO EXCEPTING THEREFROM ALL OIL, GAS AND HYDROCARBON SUBSTANCES, TOGETHER WITH MINERALS AND MINERAL RIGHTS, BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY AS RESERVED BY PALM SPRINGS VILLAGE-309, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, IN DEEDS RECORDED MAY 12, 2006, AS INSTRUMENT NO. 2006-0349506, AND RECORDED FEBRUARY 13, 2007, AS INSTRUMENT NO. 2007-0101845, BOTH OF OFFICIAL RECORDS.

APN Nos: 669-330-44; 669-730-001 TO 059; 669-740-001 TO 071; 669-750-001 TO 055; 669-760-001 TO 050; 669-770-001 TO 055; 669-780-001 TO 065; 669-790-001 TO 053 AND 669-800-001 TO 019

## EXHIBIT B

### PERMITTED ENCUMBRANCES

1.  Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
    Granted to:     California Electric Power Company
    Purpose:        Public utilities
    Recorded:       June 8, 1962, Instrument No. 53651, of Official Records

2.  Easements, covenants and conditions contained in the deed from Palm Springs Village-309, LLC , a California limited liability company, as grantor, to SunCal PSV, LLC, a Delaware limited liability company, as grantee, recorded May 12, 2006 as Instrument/File No. 2006-0349506 of Official Records.

3.  Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
    Granted to:     Southern California Edison Company
    Purpose:        Underground electrical supply systems & communication systems
    Recorded:       September 20, 2006, Instr. No. 2006-0696382, of Official Records

4.  Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication, on the map of said tract.
    Purpose:        Public utilities and sewer, together with the right of ingress and egress for service and emergency vehicles and personnel
    Affects:        Lettered Lots D through T, inclusive

5.  Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication, on the map of said tract.
    Purpose:        Sidewalk, public utility and sewer
    Affects:        Lettered Lots U through Z, inclusive, and AA through AH, inclusive

6.  Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication, on the map of said tract.
    Purpose:        Storm drain
    Affects:        Lettered Lots X, AA, AF and AJ

7.  Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication, on the map of said tract.
    Purpose:        Public utilities and sewer
    Affects:        A ten (10) foot wide strip of land over all lots

8.  The fact that the owner retains Lots D through T, inclusive, shown as private streets for private use for the sole benefit of themselves, their successors, assignees and lot owners within the map of Tract No. 31848-1.

9. The fact that the owner retains an easement over those easements shown as "10'PUE", shown within the tract map for the sole benefit of themselves, their successors, assignees and lots owners within the map of Tract No. 31848-1.

10. The fact that the owner retains Lot AS for drainage purposes for the sole benefit of themselves, their successors, assignees and lot owners within the map of said tract

11. The fact that the owner retains Lots AI through AS, inclusive, shown as open space for the sole benefit of themselves, their successors, assignees and lot owners within the map of Tract No. 31848-1.

12. The fact that the owner retains lettered Lots U through Z, inclusive, and AA through AH, Inclusive, for open space, landscape and storm drain purposes for the sole benefit of themselves, their successors, assignees, and lot owners within the map of Tract No. 31848-1.

13. Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
    Granted to:    Desert Water Agency
    Purpose:       Pipeline(s)
    Recorded:      January 16, 1991, Instrument No. 17313, of Official Records

14. Subdivision Improvement Agreement dated December 18, 2006, by and between City of Palm Springs and SunCal PSV LLC, recorded February 16, 2007, Instrument No. 2007-0113033 of Official Records

15. The effect of a Grant Deed dated December 11, 2006 from SunCal PSV, LLC to Desert Water Agency, a public agency, which recorded March 13, 2007 as Instrument No. 2007-0171923 of Official Records, which appears to convey lettered lot AQ in fee, however, the acceptance attached thereto purports to convey an easement.

16. Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
    Granted to:    Desert Water Agency, a public agency
    Purpose:       Water and sewage pipelines and appurtenances and electrical and communication conduits and appurtenances
    Recorded:      March 13, 2007, Instr. No. 2007-0171924, of Official Records

17. Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.
    Granted to:    Southern California Edison Company, a corporation
    Purpose:       Public utilities
    Recorded:      April 5, 2007, Instrument No. 2007-0230895, of Official Records

18.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

    Granted to:    Southern California Edison Company, a corporation
    Purpose:    Public utilities
    Recorded:    April 18, 2007, Instrument No. 2007-0260542, of Official Records

19.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

    Granted to:    Verizon California Inc., a corporation
    Purpose:    Public utilities
    Recorded:    May 24, 2007, Instrument No. 2007-0342692, of Official Records

20.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

    Granted to:    Southern California Edison Company, a corporation
    Purpose:    Public utilities
    Recorded:    April 18, 2007, Instrument No. 2007-0260543, of Official Records

21.   Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

    Granted to:    Southern California Edison Company, a corporation
    Purpose:    Public utilities
    Recorded:    April 18, 2007, Instrument No. 2007-0260545, of Official Records

22.   An instrument entitled "Certificate of Correction for Tract Map 31848-1, Recorded Dec. 26, 2006, BK 414, PG 49-73, Inc." recorded June 15, 2007 as Instrument No. 2007-0393884 of Official Records.

23.   Matters contained in that certain document entitled "Aircraft Operations, Sound Airspace and Aviation Easement" dated July 18th, 2007, executed by SunCal PSV, LLC, a Delaware Limited Liability Company recorded September 18, 2007, Instrument No. 2007-0587366, of Official Records.

24.   A Deed of Trust described as follows:

    Dated:    February 12, 2007
    Trustor:    SunCal PSV, LLC, a California limited liability company
    Trustee:    Fidelity Title Insurance Company
    Beneficiary:    Lehman ALI Inc., a Delaware corporation
    Recorded:    February 13, 2007, Instr. No. 2007-101848, of Official Records

    A Notice of Default under the terms of said deed of trust.
    Executed by:  Jeffrey E. Steiner
    Recorded:    November 13, 2008, Instr. No. 2008-0600588, of Official Records

25.    A financing statement filed in the Office of the County Recorder, showing
       Debtor:        SunCal PSV, LLC
       Secured Party: Lehman ALI Inc., a Delaware corporation
       Date:   February 13, 2007
       No.:    2007-101849 of Official Records

26.    A financing statement filed in the Office of the County Recorder, showing
       Debtor:        SunCal PSV, LLC
       Secured Party: Lehman ALI Inc., a Delaware corporation
       Date:   February 13, 2007
       No.:    2007-101850 of Official Records

Del Amo/Torrance

RECORDING REQUESTED BY,
WHEN RECORDED MAIL TO AND
MAIL TAX STATEMENTS TO:

**[NAME OF LEHMAN NOMINEE]**
**[ADDRESS OF LEHMAN NOMINEE]**

_____

(Space Above Line for Recorder's Use Only)

## GRANT DEED

FOR VALUE RECEIVED, **[NAME OF GRANTOR]** ("**Grantor**"), hereby grants to **[NAME OF GRANTEE]**, a Delaware limited liability company ("**Grantee**"), all that certain real property situated in the City of Torrance, County of Los Angeles, State of California, and more particularly described on Exhibit "A" attached hereto and made a part hereof (the "**Property**").

This Grant Deed is being delivered pursuant to the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors* (the "**Plan**") filed in the United States Bankruptcy Court for the Central District of California (Santa Ana Division) (the "**Bankruptcy Court**") in *In re Palmdale Hills Property, LLC, et al.*, Case No. 08-17206 (ES) and the *Order Confirming the Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors* (the "**Confirmation Order**") entered by the Bankruptcy Court on [_____], 2011. Pursuant to section 17.13 of the Plan, the Confirmation Order, and 11 U.S.C. §1146(a), the transfer of the Property hereunder will not be subject to any documentary transfer tax or similar tax, or filing or recording fee. Pursuant to the Confirmation Order, state and local governmental officials or agents shall forego the collection of any such tax or fee and accept for filing and recordation this Grant Deed or other related documents without the payment of any such tax or fee.

THE PROPERTY IS GRANTED TO GRANTEE SUBJECT TO (i) the lien for real estate taxes and special assessments, and (ii) the matters of public record described on Exhibit "B" attached hereto and made a part hereof which are taken subject to, but without any assumption by Grantee, and without intent to reimpose any of them; provided, however, that the provisions of this sentence shall not affect or limit Grantee's rights to challenge or question the validity or effectiveness of any such matters as to any third party.

This Grant Deed is an absolute conveyance of title in effect as well as in form and is intended to include and unconditionally convey all equitable and redemptive rights of Grantor and is not intended as a mortgage or security device of any kind.

NEITHER GRANTOR NOR GRANTEE INTEND THAT THERE BE, AND THERE SHALL NOT IN ANY EVENT BE, A MERGER OF THE DEED OF TRUST WITH ABSOLUTE ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FINANCING STATEMENT AMONG SUNCAL TORRANCE PROPERTIES LLC, AS TRUSTOR, FIDELITY NATIONAL TITLE COMPANY, AS TRUSTEE AND LEHMAN ALI INC., AS BENEFICIARY, RECORDED ON DECEMBER 1, 2006, INSTRUMENT NO. 06-2667880, WITH THE TITLE OR OTHER INTEREST OF GRANTEE IN AND TO THE PROPERTY HEREBY CONVEYED, AND THE GRANTOR EXPRESSLY INTENDS THAT THE INTERESTS OF THE BENEFICIARY IN THE DEED OF TRUST AND GRANTEE'S TITLE TO THE PROPERTY BE AND REMAIN AT ALL TIMES SEPARATE AND DISTINCT.  THIS DEED IS NOT INTENDED TO NOR SHALL IT RELEASE THE LIENS AND SECURITY INTERESTS CONTAINED IN THE DEED OF TRUST.

(Signature on Following Page)

IN WITNESS WHEREOF, Grantor has duly executed and delivered this Grant Deed as of _____, 20\_\_.

**[NAME OF GRANTOR]**

By: _____
Name: _____
Title: _____

**ACKNOWLEDGMENT**

STATE OF _____ )
                                                 )    ss:
COUNTY OF _____ )

On _____, 20\_\_, before me, _____, Notary Public, personally appeared _____, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____

Signature of Notary Public

[Seal]

SIGNATURE PAGE TO GRANT DEED (DEL AMO/TORRANCE)

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND IS SITUATED IN THE CITY OF TORRANCE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 6 OF PARCEL MAP NO. 1387, IN THE CITY OF TORRANCE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP FILED IN BOOK 23, PAGES 71 AND 72 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

TOGETHER WITH ALL OF PARCELS 7 AND 8 AND THOSE PORTIONS OF PARCELS 4 AND 9 OF SAID PARCEL MAP NO. 1387, DESCRIBED AS PARCEL 2 IN CERTIFICATE OF COMPLIANCE FOR LOT LINE ADJUSTMENT, RECORDED MARCH 20, 2007, AS INSTRUMENT NO. 2007-0625665, OF SAID OFFICIAL RECORDS MORE PARTICULARLY DESCRIBED AS FOLLOWS:

THAT PORTION OF PARCEL 4 OF PARCEL MAP NO. 1387, IN THE CITY OF TORRANCE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA PER MAP FILED IN BOOK 23, PAGES 71 AND 72, OF PARCEL MAPS, RECORDS OF SAID COUNTY, LYING EASTERLY OF THE SOUTHERLY PROLONGATION OF THE WESTERLY LINE OF PARCEL 6 OF SAID PARCEL MAP NO. 1387; AND THAT PORTION OF PARCEL 9 OF SAID PARCEL MAP NO. 1387, LYING EASTERLY OF THE NORTHERLY PROLONGATION OF THE MOST WESTERLY LINE OF PARCEL 7 OF SAID PARCEL MAP NO. 1387; TOGETHER WITH ALL OF PARCELS 7 AND 8 OF SAID PARCEL MAP NO. 1387.

EXCEPT THEREFROM THAT PORTION OF SAID PARCEL 4 DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHEASTERLY CORNER OF SAID PARCEL 4; THENCE ALONG THE EASTERLY LINE OF SAID PARCEL 4 SOUTH 00° 04' 00" WEST 176.88 FEET TO THE TRUE POINT OF BEGINNING; THENCE

1. PARALLEL WITH THE NORTHERLY LINE OF SAID PARCEL 4, NORTH 89° 56' 00" WEST 309.75 FEET; THENCE

2. PARALLEL WITH THE EASTERLY LINE OF SAID PARCEL 4, SOUTH 00° 04' 00" WEST 272.15 FEET TO A POINT ON THE SOUTHERLY LINE OF SAID PARCEL 4; THENCE

3. ALONG SAID SOUTHERLY LINE NORTH 89° 27' 31" EAST 309.77 FEET TO THE SOUTHEASTERLY CORNER OF SAID PARCEL 4; THENCE

4. ALONG THE EASTERLY LINE OF SAID PARCEL 4, NORTH 00° 04' 00" EAST 268.86 FEET TO THE TRUE POINT OF BEGINNING.

EXCEPTING THEREFROM THE OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID LAND AS PROVIDED IN THE DEEDS FROM G. DEL AMO AND SUSANA D. DEL AMO, HUSBAND AND WIFE, RECORDED IN BOOK

2383, PAGE 281, OFFICIAL RECORDS, AND IN BOOK 3022, PAGE 41, OFFICIAL RECORDS, WHICH DEEDS PROVIDE THAT SAID EXCEPTED AND RESERVED RIGHTS ARE SUBJECT TO THE LIMITATION THAT THEY SHALL NEVER BE EXERCISED BY G. DEL AMO AND SUSANA D. DEL AMO OR ANY OF THEIR HEIRS OR ASSIGNS, IN SUCH WAYS AS TO INTERFERE WITH OR DISTURB THE FULL USE AND ENJOYMENT OF BUILDINGS OR STRUCTURES PLACED ON SAID LAND BY THE GRANTEE IN SAID DEEDS OR ANYONE CLAIMING THEREUNDER.

BY QUITCLAIM DEEDS DATED JANUARY 29, 1970, RECORDED JANUARY 30, 1970, AS INSTRUMENT NOS. 1022 AND 1023, IN BOOK D-4620, PAGES 907 AND 912 RESPECTIVELY, OFFICIAL RECORDS, PETROLEUM LAKES-GLAZER COMPANY, AS THE OWNER AND HOLDER OF SAID OIL AND OTHER MINERAL RIGHTS, RELEASED AND SURRENDERED ALL SUCH RIGHTS INCLUDING, WITHOUT LIMITATION ALL RIGHTS OF ENTRY UPON, IN OR UNDER ANY PORTION OF THE GROUND SURFACE OF SAID LAND WHICH IS LESS THAN 500 FEET BELOW SUCH GROUND SURFACE FOR ANY AND ALL PURPOSES.

APN: 7366-019-051, 052, 124, 125

## EXHIBIT B

### PERMITTED ENCUMBRANCES

1.    A right of way for the constructing, clearing and repair of ditches, flumes, pipes or other water conduits for irrigation or domestic purposes, as provided by the final decree of partition, had in case no. 3284, superior court, recorded in book 2911 page 1 of deeds.

2.    Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

|  |  |
|---|---|
| Granted to: | Dominguez Water Company |
| Purpose: | Construction and maintaining a pipeline and water distribution system |
| Recorded: | Book 1515, Page 265, of Official Records |

3.    Easements, rights, conditions and provisions, as more fully described and contained in that certain document entitled "Grant of Easements", executed by Carson-Madrona Co., a partnership, recorded January 30, 1970, as Instrument No. 1036, official records.

4.    Easements, rights, covenants, conditions, restrictions and provisions, as more fully described and contained in deed executed by Carson-Madrona Co., a partnership, to The City of Torrance, a municipal corporation, recorded March 2, 1971 as Instrument No. 3000 in book D-4984 page 853, official records.

5.    Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

|  |  |
|---|---|
| Granted to: | GR-GL Company, Marshal-Lakes Company, Colement-Glazer Company, and GGWF Company |
| Purpose: | Drainage |
| Recorded: | June 22, 1971, Instrument No. 3040, of Official Records |

Said easement was amended by an instrument entitled "Amendment to Drainage Easement Agreement" dated as of December 22, 2005 executed by and between Del Amo Residual Operating Company, L.L.C., a Delaware limited liability company and Del Amo Fashion Center Operating Company, L.L.C., a Delaware limited liability company and recorded December 30, 2005 as Instrument No. 05-3231946.

6.    A covenant and agreement entitled "A Covenant and Agreement"

|  |  |
|---|---|
| Executed by: | City of Torrance and Carson-Madrona Co. |
| In favor of: | Miyako Del Amo |
| Recorded: | December 3, 1971, Instrument No. 3101, of Official Records |

7.  Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document.

    Granted to:    The City of Torrance, a municipal corporation
    Purpose:       A traffic control

    Recorded:      July 30, 1975, Instrument No. 2876, of Official Records

8.  Non-exclusive permanent and temporary easements, reservations, provisions and covenant, as more fully set forth in the grant of easements to Great Lakes Properties, Inc., a Delaware corporation, recorded November 24, 1980 as Instrument No. 80-1185173, official records.

9.  A covenant and agreement entitled "A Covenant and Agreement"

    Executed by:   The Torrance Company and Carson-Madrona Co.
    In favor of:   The City of Torrance
    Recorded:      February 24, 1995, Instrument No. 95-304718, of Official Records

10. A perpetual non-exclusive right and easement for vehicular and pedestrian ingress and egress, as created by that certain document entitled "Reciprocal Access Easement Agreement", dated December 29, 2004 executed by Del Amo Residual Operating Company, L.L.C., a Delaware limited liability company and Del Amo Fashion Center Operating Company, L.L.C., subject to all the terms, provisions and conditions therein contained, recorded December 30, 2004 as Instrument no. 04-3392908.

11. A non-exclusive easement for the collection and drainage of surface water, as created by that certain document entitled "Drainage Easement Agreement', dated December 29, 2004 executed by Del Amo Residual Operating Company, L.L.C., a Delaware limited liability company and Del Amo Fashion Center Operating Company, L.L.C., a Delaware limited liability company, subject to all the terms, provisions and conditions therein contained, recorded December 30, 2004 as Instrument No. 04-3392909.

    Said easement was amended by an instrument entitled "Amendment to Drainage Easement Agreement" dated as of December 22, 2005 executed by and between Del Amo Residual Operating Company, L.L.C., a Delaware limited liability company and Del Amo Fashion Center Operating Company, L.L.C., a Delaware limited liability company and recorded December 30, 2005 as Instrument No. 05-3231946.

12. Matters contained in that certain document entitled "Development Agreement" dated April 6, 2004, executed by and between The City of Torrance and Del Amo Mills limited partnership, a Delaware limited partnership recorded February 8, 2005, Instrument No. 05-299387, of Official Records.

13. Matters contained in that certain document entitled "Declaration of Covenants, Conditions and Restrictions" dated December 22, 2005, executed by and between Del Amo Residual Operating Company, L.L.C., a Delaware limited liability company and Del Amo Fashion Center Operating Company, L.L.C., a Delaware limited liability company recorded December 30, 2005, Instrument No. 05-3231944, of Official Records.

   Modification(s) of said covenants, conditions and restrictions
   Recorded:      December 20, 2006, Instr. No. 20062831894, of Official Records

14. Matters contained in that certain document entitled "Additional Declaration of Covenants, Conditions and Restrictions" dated December 22, 2005, executed by and between SunCal Torrance Properties, LLC, a Delaware limited liability company and Del Amo Fashion Center Operating Company, L.L.C., a Delaware limited liability company recorded December 30, 2005, Instrument No. 05-3231948, of Official Records.

15. Matters contained in that certain document entitled "Covenant of Land Owner" dated December 22, 2005, executed by and between Del Amo Fashion Center Operating Company, L.L.C., a Delaware limited liability company and SunCal Torrance Properties, LLC, a Delaware limited liability company recorded December 30, 2005, Instrument No. 05-3231949, of Official Records.

16. Matters contained in that certain document entitled "Easement Agreement (Construction Compound, Staging Area and Parking)" dated December 22, 2005, executed by and between SunCal Torrance Properties, LLC, a Delaware limited liability company and Del Amo Fashion Center Operating Company, L.L.C., a Delaware limited liability company recorded December 30, 2005, Instrument No. 05-3231952, of Official Records.

   An amendment to said agreement recorded September 27, 2006, Instrument No. 06-2145313, of Official Records.

17. Matters contained in that certain document entitled "Easement Agreement (Del Amo Circle East)" dated December 22, 2005, executed by and between SunCal Torrance Properties, LLC, a Delaware limited liability company and Del Amo Fashion Center Operating Company L.L.C., a Delaware limited liability company recorded December 30, 2005, Instrument No. 05-3231953, of Official Records.

18. Matters contained in that certain document entitled "Covenant and Land Owners" dated December 14, 2006, executed by and between Del Amo Residual Operating Company, L.L.C., a Delaware limited liability company and SunCal Torrance Properties LLC, a Delaware limited liability company recorded December 20, 2006, Instrument No. 20062831893, of Official Records.

19.   A Deed of Trust described as follows:

Dated:          November 30, 2006
Trustor:        SunCal Torrance Properties LLC
Trustee:        Fidelity National Title Company
Beneficiary:    Lehman ALI Inc., a Delaware corporation
Recorded:       December 1, 2006, Instr. No. 06-2667880, of Official Records

A Notice of Default under the terms of said deed of trust.

Executed by:   Jeffer, Mangels, Butler & Marmaro, LLP
Recorded:       November 12, 2008, Instr. No. 20081996670, of Official Records
A Notice of Default under the terms of said deed of trust.
Executed by:   Jeffer, Mangels, Butler & Marmaro LLP
Recorded:       November 13, 2008, Instr. No. 20082005575, of Official Records

20.   An assignment of all the moneys due, or to become due, as rental, as additional security for the obligations secured by deed of trust shown as item no. 06-2667880.

Assigned to:   Lehman ALI Inc., a Delaware corporation
Recorded:       December 1, 2006, Instr. No. 06-2667881, of Official Records