EDISON COMPANY, RECORDED APRIL 5, 1924 IN BOOK 3011, PAGE 388, OFFICIAL RECORDS, AS INSTRUMENT NO. 33 OF SAID COUNTY.

ALSO EXCEPT THEREFROM THAT PORTION OF SAID LAND INCLUDED WITHIN THAT PORTION OF SAID SECTION 14, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION; THENCE ALONG THE SOUTH LINE OF SAID NORTHWEST QUARTER OF THE SOUTHEAST QUARTER NORTH 89 DEGREES 37 MINUTES 06 SECONDS WEST 981.92 FEET TO A POINT IN THE EASTERLY LINE OF THE LAND DESCRIBED AS PARCEL 1 IN DEED RECORDED OCTOBER 6, 1967 AS INSTRUMENT NO. 994 IN BOOK D-3790, PAGE 908, OFFICIAL RECORDS OF SAID COUNTY; THENCE ALONG SAID EASTERLY LINES NORTH 00 DEGREES 43 MINUTES 22 SECONDS EAST 26.42 FEET; NORTH 85 DEGREES 44 MINUTES 41 SECONDS WEST 258.07 FEET; NORTH 02 DEGREES 58 MINUTES 55 SECONDS WEST 147.65 FEET; NORTH 43 DEGREES 38 MINUTES 03 SECONDS WEST 109.61 FEET TO A POINT IN THE WEST LINE OF SAID NORTHWEST QUARTER OF THE SOUTHEAST QUARTER; THENCE ALONG SAID WEST LINE NORTH 00 DEGREES 52 MINUTES 59 SECONDS EAST 47.78 FEET TO THE SOUTHERLY MOST POINT OF THE LAND DESCRIBED AS PARCEL 2 IN DEED RECORDED OCTOBER 6, 1967 AS INSTRUMENT NO. 994 IN BOOK D-3790, PAGE 908 OF SAID OFFICIAL RECORDS; THENCE ALONG THE EASTERLY LINES OF LAST SAID PARCEL 2 NORTH 40 DEGREES 29 MINUTES 32 SECONDS EAST 55.80 FEET; NORTH 31 DEGREES 16 MINUTES 57 SECONDS WEST 66.82 FEET TO A POINT IN SAID WEST LINE; THENCE ALONG SAID WEST LINE NORTH 00 DEGREES 52 MINUTES 59 SECONDS EAST 408.53 FEET TO A POINT IN THE SOUTHERLY LINE OF RIDGE ROUTE, 100.00 FEET WIDE, AS DESCRIBED IN DEEDS RECORDED JUNE 4, 1929 AS INSTRUMENT NO. 1128 IN BOOK 7494, PAGE 334 OF SAID OFFICIAL RECORDS, AND DEED RECORDED MAY 3, 1929 IN BOOK 8140, PAGE 116 OF SAID OFFICIAL RECORDS; THENCE ALONG SAID SOUTHERLY LINES SOUTH 65 DEGREES 38 MINUTES 21 SECONDS EAST 345.73 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 950.00 FEET; SOUTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 01 DEGREES 19 MINUTES 25 SECONDS AN ARC DISTANCE OF 21.95 FEET TO A POINT IN THE SOUTHERLY LINE OF RIDGE ROUTE, 80.00 FEET WIDE, AS DESCRIBED IN DEED RECORDED MAY 16, 1916 AS INSTRUMENT NO. 107 IN BOOK 6255, PAGE 297 OF DEEDS RECORDS OF SAID COUNTY AND DEED RECORDED OCTOBER 30, 1914 IN BOOK 5893, PAGE 250 OF DEEDS, SAID POINT BEING ON A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 260.00 FEET, A RADIAL LINE THROUGH SAID POINT BEARS SOUTH 41 DEGREES 02 MINUTES 11 SECONDS WEST; THENCE SOUTHEASTERLY ALONG SAID SOUTHERLY LINES OF THAT 80.00 FOOT WIDE RIDGE ROUTE THROUGH A CENTRAL ANGLE OF 05 DEGREES 03 MINUTES 57 SECONDS AN ARC DISTANCE OF 22.99 FEET; TANGENT TO SAID CURVE SOUTH 43 DEGREES 53 MINUTES 52 SECONDS EAST 19.22 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHEASTERLY HAVING A RADIUS OF 340.00 FEET; SOUTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 28 DEGREES 31 MINUTES 59 SECONDS AN ARC DISTANCE OF 169.32 FEET; TANGENT TO SAID CURVE SOUTH 72 DEGREES 25 MINUTES 51 SECONDS

EAST 24.02 FEET TO A POINT ON SAID SOUTHERLY LINE OF THAT 100.00 FOOT WIDE RIDGE ROUTE, SAID POINT BEING ON A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 950.00 FEET, A RADIAL LINE THROUGH SAID POINT BEARS SOUTH 39 DEGREES 42 MINUTES 43 SECONDS WEST; THENCE SOUTHEASTERLY ALONG SAID CURVE AND ALONG LAST SAID SOUTHERLY LINES THROUGH A CENTRAL ANGLE OF 13 DEGREES 55 MINUTES 55 SECONDS AN ARC DISTANCE OF 231.00 FEET; TANGENT TO SAID CURVE SOUTH 36 DEGREES 21 MINUTES 22 SECONDS EAST 167.09 FEET TO A POINT IN SAID SOUTHERLY LINE OF THAT 80.00 FOOT WIDE RIDGE ROUTE; THENCE ALONG LAST SAID SOUTHERLY LINE SOUTH 09 DEGREES 43 MINUTES 51 SECONDS EAST 123.38 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHERLY HAVING A RADIUS OF 140.00 FEET; SOUTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 101 DEGREES 53 MINUTES 30 SECONDS AN ARC DISTANCE OF 248.97 FEET; TANGENT TO SAID CURVE NORTH 68 DEGREES 22 MINUTES 39 SECONDS EAST 76.26 FEET TO A POINT IN SAID SOUTHERLY LINE OF THAT 100.00 FOOT WIDE RIDGE ROUTE, SAID POINT BEING ON A CURVE CONCAVE NORTHERLY HAVING A RADIUS OF 350.00 FEET, A RADIAL LINE THROUGH SAID POINT BEARS NORTH 07 DEGREES 23 MINUTES 04 SECONDS EAST; THENCE EASTERLY ALONG SAID SOUTHERLY LINE THROUGH A CENTRAL ANGLE OF 04 DEGREES 31 MINUTES 25 SECONDS AN ARC DISTANCE OF 27.64 FEET; TANGENT TO SAID CURVE SOUTH 87 DEGREES 08 MINUTES 21 SECONDS EAST 77.29 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 350.00 FEET; EASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 23 DEGREES 59 MINUTES 09 SECONDS AN ARC DISTANCE OF 146.52 FEET TO A POINT IN THE EAST LINE OF SAID NORTHWEST QUARTER OF THE SOUTHEAST QUARTER; THENCE ALONG SAID EAST LINE SOUTH 00 DEGREES 52 MINUTES 21 SECONDS WEST 11.65 FEET TO THE POINT OF BEGINNING.

ALSO EXCEPT THEREFROM THAT PORTION OF SAID LAND INCLUDED WITHIN THE LAND DESCRIBED IN THE DEED TO ROBERT SPROWLS RECORDED MARCH 20, 1991 AS INSTRUMENT NO. 91-395442 AND CORRECTED BY DEED RECORDED MARCH 25, 1996 AS INSTRUMENT NO. 96-468541, BOTH OF OFFICIAL RECORDS.

ALSO EXCEPT THEREFROM THAT PORTION OF SAID LAND INCLUDED WITHIN THE LAND DESCRIBED IN THE DEED TO NEWHALL COUNTY WATER DISTRICT, A COUNTY WATER DISTRICT RECORDED OCTOBER 2, 1998 AS INSTRUMENT NO. 98-1799238, OFFICIAL RECORDS.

**PARCEL 44:**  **APN: 3244-014-044**

THAT PORTION OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 14, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHERLY LINE OF SAID SECTION 14, DISTANT THEREON SOUTH 89 DEGREES 47 MINUTES 25 SECONDS EAST 980.51 FEET FROM THE SOUTH QUARTER CORNER OF SAID SECTION; THENCE NORTH 29 DEGREES 55 MINUTES 41 SECONDS WEST 105.53 FEET; THENCE NORTH 47 DEGREES 04 MINUTES 28 SECONDS EAST 403.02 FEET; THENCE NORTH 0 DEGREES 46 MINUTES 36 SECONDS WEST 186.08 FEET; THENCE NORTH 31 DEGREES 28 MINUTES 34 SECONDS WEST 115.00 FEET; THENCE NORTH 56 DEGREES 15 MINUTES 05 SECONDS WEST 429.53 FEET; THENCE NORTH 78 DEGREES 57 MINUTES 56 SECONDS WEST 244.18 FEET; THENCE NORTH 14 DEGREES 32 MINUTES 54 SECONDS WEST 120.21 FEET; THENCE NORTH 45 DEGREES 47 MINUTES 56 SECONDS WEST 242.54 FEET; THENCE NORTH 0 DEGREES 31 MINUTES 45 SECONDS EAST 115.13 FEET TO THE NORTHERLY LINE OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION 14; THENCE SOUTH 89 DEGREES 49 MINUTES 04 SECONDS EAST ALONG SAID NORTHERLY LINE TO THE NORTHWESTERLY CORNER OF THE LAND DESCRIBED AS PARCEL 7, IN THE FINAL DECREE OF CONDEMNATION ENTERED IN LOS ANGELES COUNTY SUPERIOR COURT CASE NO. 893103, A CERTIFIED COPY OF WHICH WAS RECORDED DECEMBER 20, 1967 AS INSTRUMENT NO. 3096 IN BOOK D-3864, PAGE 411, OFFICIAL RECORDS OF SAID COUNTY; THENCE SOUTHERLY AND EASTERLY ALONG THE WESTERLY AND SOUTHERLY BOUNDARY LINES OF SAID PARCEL 7 TO THE SOUTHEAST CORNER THEREOF, SAID SOUTHEAST CORNER BEING IN THE WESTERLY LINE OF THE EAST HALF OF THE SOUTHEAST QUARTER OF SAID SECTION 14; THENCE SOUTHERLY ALONG SAID LAST MENTIONED WESTERLY LINE TO THE SOUTHEAST CORNER OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION 14; THENCE WESTERLY ALONG THE SOUTHERLY LINE OF SAID SECTION 14 TO THE POINT OF BEGINNING.

EXCEPT THAT PORTION CONVEYED TO CASTAIC UNION SCHOOL DISTRICT, A PUBLIC BODY, BY DEED RECORDED MARCH 17, 2003 AS INSTRUMENT NO. 03-0752915, OFFICIAL RECORDS.

EXCEPT ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON AND LIKE SUBSTANCES, IN AND UNDER SAID LAND, LYING BELOW A DEPTH OF 100 FEET FROM THE SURFACE OF SAID LAND MEASURED VERTICALLY FROM THE SURFACE THEREOF, WITHOUT ANY RIGHTS TO THE USE OF THE SURFACE OF LAND, BUT WITH THE RIGHT TO DRILL WELL HOLES OR BORE THROUGH THE SUBSURFACE OF SAID LAND LYING BELOW A DEPTH OF 100 FEET FROM SURFACE SITES LOCATED ON OTHER LAND FOR THE PURPOSE OF PRODUCING AND EXTRACTING SAID SUBSTANCES, AS GRANTED TO FRANCIS A. NICHOLS, A MARRIED MAN, BY DEED WHICH RECITES AS HIS SEPARATE PROPERTY, BY DEEDS RECORDED MAY 23, 1967 IN BOOK D-3651, PAGE 8, OFFICIAL RECORDS, MAY 25, 1967 IN BOOK D-3653, PAGE 640, OFFICIAL RECORDS, MAY 25, 1967 IN BOOK D-3653, PAGE 641, OFFICIAL RECORDS, MAY 29, 1967 IN BOOK D-3656, PAGE 609, OFFICIAL RECORDS, MAY 29, 1967 IN BOOK D-3656, PAGE 610, OFFICIAL RECORDS, AND BY DEED RECORDED MAY 29, 1967 IN BOOK D-3656, PAGE 620, OFFICIAL RECORDS.

**PARCEL 45:** **APN: 3244-014-038**

THAT PORTION OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 14, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF SAID NORTHEAST QUARTER; THENCE ALONG THE EASTERLY LINE OF SAID NORTHEAST QUARTER SOUTH 00 DEGREES 41 MINUTES 22 SECONDS WEST 429.56 FEET; THENCE NORTH 66 DEGREES 03 MINUTES 27 SECONDS WEST 49.90 FEET TO A NON-TANGENT CURVE CONCAVE NORTHEASTERLY HAVING A RADIUS OF 698 FEET; THENCE NORTHWESTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 37 DEGREES 50 MINUTES 33 SECONDS AN ARC DISTANCE OF 461.01 FEET; THENCE TANGENT NORTH 28 DEGREES 12 MINUTES 54 SECONDS WEST 115.81 FEET TO THE NORTH LINE OF SAID NORTHEAST QUARTER; THENCE EASTERLY ALONG SAID NORTH LINE TO THE POINT OF BEGINNING.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON AND LIKE SUBSTANCES, IN AND UNDER SAID LAND, LYING BELOW A DEPTH OF 100 FEET FROM THE SURFACE OF SAID LAND MEASURED VERTICALLY FROM THE SURFACE THEREOF, WITHOUT ANY RIGHTS TO THE USE OF THE SURFACE OF LAND, BUT WITH THE RIGHT TO DRILL WELL HOLES OR BORE THROUGH THE SUBSURFACE OF SAID LAND LYING BELOW A DEPTH OF 100 FEET FROM SURFACE SITES LOCATED ON LAND OTHER THAN THAT DESCRIBED ABOVE FOR THE PURPOSE OF PRODUCING AND EXTRACTING THE ABOVE MENTIONED SUBSTANCES, AS GRANTED TO FRANCIS A. NICHOLS, A MARRIED MAN, BY DEEDS RECORDED MAY 25, 1967 IN BOOK D3653, PAGE 640, OFFICIAL RECORDS, MAY 25, 1967 IN BOOK D3653, PAGE 641, OFFICIAL RECORDS AND RECORDED MAY 29, 1967 IN BOOK D3656, PAGES 609, 610 AND 620, OFFICIAL RECORDS.

SAID LEGAL DESCRIPTION IS DESCRIBED IN A CERTIFICATE OF COMPLIANCE RECORDED AUGUST 26, 1981 AS INSTRUMENT NO. 81-856284, OFFICIAL RECORDS.

**PARCEL 46:** **APN: 3247-041-012**

THE SOUTH 1/2 OF THE SOUTHEAST 1/4 OF THE SOUTHEAST 1/4 OF SECTION 3, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, TOGETHER WITH AN EASEMENT FOR ROAD PURPOSES, 30 FEET IN WIDTH, OVER THE SOUTHWEST 1/4 OF THE SOUTHEAST 1/4 OF SECTION 3, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN.

**PARCEL 47:** **APN: 3244-013-004**

THAT PORTION OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 11, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN

BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE, SEPTEMBER 6, 1880 AS CONVEYED TO JAMES M. GAMMON, JEAN SKELTON AND KARLYN SUTHERLAND BY DEED RECORDED IN BOOK 16800, PAGE 244, OFFICIAL RECORDS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION 11; THENCE AT RIGHT ANGLES TO THE WEST LINE OF SAID SECTION SOUTH 88 DEGREES 44 MINUTES 30 SECONDS EAST 264.00 FEET; THENCE PARALLEL WITH THE WEST LINE OF SAID SECTION NORTH 1 DEGREES 15 MINUTES 30 SECONDS 707.42 FEET TO THE TRUE POINT OF BEGINNING; THENCE FROM SAID POINT, PARALLEL WITH THE WEST LINE OF SAID SECTION NORTH 1 DEGREES 15 MINUTES 30 SECONDS EAST 75.00 FEET; THENCE WESTERLY PARALLEL WITH THE NORTHERLY LINE OF THE SOUTHERLY 900 FEET OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION TO A POINT IN THE EASTERLY LINE OF THE 100 FEET RIGHT OF WAY OF CALIFORNIA STATE HIGHWAY; THENCE SOUTHEASTERLY ALONG SAID EASTERLY LINE TO ITS INTERSECTION WITH A LINE PASSING THROUGH THE TRUE POINT OF BEGINNING AND HAVING A BEARING OF NORTH 89 DEGREES 24 MINUTES 00 SECONDS WEST; THENCE ALONG SAID LINE SOUTH 89 DEGREES 24 MINUTES 00 SECONDS EAST TO THE TRUE POINT OF BEGINNING.

**PARCEL 48:**  APN: 3244-013-002

THAT PORTION OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 11, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE, SEPTEMBER 6, 1880 AS CONVEYED TO JAMES M. GAMMON, JEAN SKELTON AND KARLYN SUTHERLAND BY DEED RECORDED IN BOOK 16800, PAGE 244, OFFICIAL RECORDS IN THE OFFICE OF THE RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION 11; THENCE AT RIGHT ANGLES TO THE WEST LINE OF SAID SECTION SOUTH 88 DEGREES 44 MINUTES 30 SECONDS EAST 264.00 FEET; THENCE PARALLEL WITH THE WEST LINE OF SAID SECTION NORTH 1 DEGREES 15 MINUTES 30 SECONDS EAST 832.42 FEET TO THE TRUE POINT OF BEGINNING; THENCE FROM SAID POINT PARALLEL WITH THE WEST LINE OF SAID SECTION NORTH 1 DEGREES 15 MINUTES 30 SECONDS EAST TO THE POINT IN THE NORTH LINE OF THE SOUTHERLY 900 FEET OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION; THENCE WESTERLY ALONG SAID NORTH LINE TO A POINT IN THE EASTERLY LINE OF THE 100 FEET RIGHT OF WAY OF THE CALIFORNIA STATE HIGHWAY; THENCE TO THE INTERSECTION OF SAID EAST LINE WITH A LINE PASSING THROUGH THE TRUE POINT OF BEGINNING, HAVING A BEARING OF NORTH 89 DEGREES 24 MINUTES 00 SECONDS WEST; THENCE ALONG SAID LINE SOUTH 89

DEGREES 24 MINUTES 00 SECONDS EAST TO THE TRUE POINT OF BEGINNING.

### PARCEL 49:  APN: 3244-013-005

THAT PORTION OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 11, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF THE SURVEY OF SAID LAND FILED IN THE DISTRICT LAND OFFICE, SEPTEMBER 6, 1880, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF SAID NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION; THENCE AT RIGHT ANGLES TO THE WEST LINE OF SAID SECTION 11, SOUTH 88 DEGREES 44 MINUTES 30 SECONDS EAST 264 FEET; THENCE PARALLEL WITH THE WEST LINE OF SAID SECTION 11, NORTH 1 DEGREES 15 MINUTES 30 SECONDS EAST 107.42 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING NORTH 1 DEGREES 15 MINUTES 30 SECONDS EAST 550.00 FEET; THENCE NORTH 89 DEGREES 24 MINUTES WEST TO A POINT IN THE EASTERLY LINE OF THE 100 FEET RIGHT OF WAY OF THE CALIFORNIA STATE HIGHWAY; THENCE SOUTHERLY ALONG SAID HIGHWAY TO THE INTERSECTION OF SAID EAST LINE WITH A LINE PASSING THROUGH THE TRUE POINT OF BEGINNING, HAVING A BEARING OF NORTH 89 DEGREES 24 MINUTES WEST; THENCE ALONG SAID LINE SOUTH 89 DEGREES 24 MINUTES EAST TO THE TRUE POINT OF BEGINNING.

### PARCEL 50:  APN: 3244-013-009

THAT PORTION OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 11, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE, SEPTEMBER 6, 1880, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT IN THE SOUTH LINE OF SAID NORTHWEST QUARTER OF DISTANT THEREON 89 DEGREES 45 MINUTES 10 SECONDS WEST 1,163.76 FEET FROM THE SOUTHEAST CORNER OF SAID NORTHWEST QUARTER; THENCE NORTH 10 DEGREES 08 MINUTES 06 SECONDS WEST 269.49 FEET, MORE OR LESS, TO THE POINT OF INTERSECTION WITH THE WESTERLY CURVED LINE OF OLD RIDGE ROUTE 100 FEET WIDE, SHOWN ON MAP OF STATE OF HIGHWAY RELINQUISHMENT NO. 22, RECORDED IN BOOK 12996, PAGE 210, OFFICIAL RECORDS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, SAID CURVED LINE BEING CONCAVE WESTERLY AND HAVING A RADIUS OF 450.00 FEET, SAID POINT OF INTERSECTION BEING THE TRUE POINT OF BEGINNING; THENCE CONTINUING NORTH 10 DEGREES 09 MINUTES 06 SECONDS WEST 31.40 FEET; THENCE NORTH 6 DEGREES 18 MINUTES 51 SECONDS WEST 226.67 FEET; THENCE NORTH 5 DEGREES 31 MINUTES 47 SECONDS EAST 96.52 FEET TO THE WESTERLY CURVED LINE OF SAID OLD RIDGE ROUTE, LAST SAID CURVED LINE BEING CONCAVE WESTERLY AND HAVING A RADIUS OF

1,950.00 FEET; THENCE ALONG THE WESTERLY LINE OF SAID OLD RIDGE ROUTE THE FOLLOWING THREE COURSES:

SOUTHERLY ALONG LAST SAID CURVED LINE, FROM A TANGENT THAT BEARS SOUTH 9 DEGREES 20 MINUTES 26 SECONDS EAST THROUGH AN ANGLE OF 5 DEGREES 42 MINUTES 21 SECONDS, AN ARC DISTANCE OF 194.19 FEET; SOUTH 3 DEGREES 38 MINUTES 05 SECONDS EAST 60.67 FEET TO THE NORTHERLY CONTINUATION OF THE HEREINBEFORE MENTIONED CURVE HAVING A RADIUS OF 450.00 FEET AND SOUTHERLY ALONG LAST SAID CURVE FROM A TANGENT THAT BEARS SOUTH 3 DEGREES 38 MINUTES 05 SECONDS EAST THROUGH AN ANGLE OF 12 DEGREES 37 MINUTES 34 SECONDS, AN ARC DISTANCE OF 99.16 FEET TO THE TRUE POINT OF BEGINNING.

### PARCEL 51:  APN: 3244-013-010

THAT PORTION OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 11, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE, SEPTEMBER 6, 1880, DESCRIBED AS FOLLOWS:

BEGINNING AT THE EASTERLY TERMINUS OF THAT LAND DESCRIBED AS SOUTH 88 DEGREES 44 MINUTES 30 SECONDS EAST 264.00 FEET IN DEED TO THE STATE OF CALIFORNIA (STATE PARCEL 62426) RECORDED JANUARY 15, 1975 IN BOOK D6528, PAGE 945, OFFICIAL RECORDS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, SAID LINE HAVING A BEARING OF SOUTH 89 DEGREES 45 MINUTES 10 SECONDS EAST FOR THE PURPOSE OF THIS DESCRIPTION; THENCE ALONG THE EASTERLY AND THE NORTHERLY LINES OF THE LAND DESCRIBED IN SAID DEED NORTH 01 DEGREES 07 MINUTES 21 SECONDS EAST 107.42 FEET AND NORTH 86 DEGREES 52 MINUTES 39 SECONDS WEST 81.82 FEET TO THAT LINE DESCRIBED AS THE EASTERLY LINE OF 100 FOOT RIGHT OF WAY OF THE CALIFORNIA STATE HIGHWAY; THENCE SOUTHWESTERLY ALONG LAST SAID LINE BEING A CURVE CONCAVE NORTHWESTERLY AND HAVING A RADIUS OF 550.00 FEET, FROM A TANGENT WHICH BEARS SOUTH 20 DEGREES 53 MINUTES 41 SECONDS WEST, THROUGH AN ANGLE OF 05 DEGREES 20 MINUTES 41 SECONDS, AN ARC DISTANCE OF 80.10 FEET; THENCE SOUTH 10 DEGREES 08 MINUTES 06 SECONDS EAST 36.62 FEET TO THE LINE HEREINBEFORE DESCRIBED AS HAVING A BEARING OF SOUTH 88 DEGREES 44 MINUTES 30 SECONDS EAST AND A LENGTH OF 264.00 FEET; THENCE ALONG LAST SAID LINE SOUTH 8 DEGREES 45 MINUTES 10 SECONDS EAST 107.17 FEET TO THE POINT OF BEGINNING.

### PARCEL 52:  APN: 3244-014-050

THAT PORTION OF THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 14, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION; THENCE ALONG THE SOUTH LINE OF SAID NORTHWEST QUARTER OF THE SOUTHEAST QUARTER NORTH 89 DEGREES 37 MINUTES 06 SECONDS WEST 981.92 FEET TO A POINT IN THE EASTERLY LINE OF THE LAND DESCRIBED AS PARCEL 1 IN DEED RECORDED OCTOBER 6, 1967 AS INSTRUMENT NO. 994 IN BOOK D3790, PAGE 908, OFFICIAL RECORDS OF SAID COUNTY; THENCE ALONG SAID EASTERLY LINE NORTH 00 DEGREES 43 MINUTES 22 SECONDS EAST 26.42 FEET; NORTH 85 DEGREES 44 MINUTES 41 SECONDS WEST 258.07 FEET; NORTH 02 DEGREES 58 MINUTES 55 SECONDS WEST 147.65 FEET; NORTH 43 DEGREES 38 MINUTES 03 SECONDS WEST 109.61 FEET TO A POINT IN THE WEST LINE OF SAID NORTHWEST QUARTER OF THE SOUTHEAST QUARTER; THENCE ALONG SAID WEST LINE NORTH 00 DEGREES 52 MINUTES 59 SECONDS EAST 47.78 FEET TO THE SOUTHERLY MOST POINT OF THE LAND DESCRIBED AS PARCEL 2 IN DEED RECORDED OCTOBER 6, 1967 AS INSTRUMENT NO. 994 IN BOOK D3790, PAGE 908 OF SAID OFFICIAL RECORDS; THENCE ALONG THE EASTERLY LINES OF LAST SAID PARCEL 2 NORTH 40 DEGREES 29 MINUTES 32 SECONDS EAST 55.80 FEET; NORTH 31 DEGREES 16 MINUTES 57 SECONDS WEST 66.82 FEET TO A POINT IN SAID WEST LINE; THENCE ALONG SAID WEST LINE NORTH 00 DEGREES 52 MINUTES 59 SECONDS EAST 408.53 FEET TO A POINT IN THE SOUTHERLY LINE OF RIDGE ROUTE, 100.00 FEET WIDE, AS DESCRIBED IN DEEDS RECORDED JUNE 4, 1929 AS INSTRUMENT NO. 1128 IN BOOK 7494, PAGE 334 OF SAID OFFICIAL RECORDS AND DEED RECORDED MAY 3, 1929 IN BOOK 8140, PAGE 116 OF SAID OFFICIAL RECORDS; THENCE ALONG SAID SOUTHERLY LINES SOUTH 65 DEGREES 38 MINUTES 21 SECONDS EAST 345.73 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 950.00 FEET; SOUTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 01 DEGREES 19 MINUTES 25 SECONDS AN ARC DISTANCE OF 21.95 FEET TO A POINT IN THE SOUTHERLY LINE OF RIDGE ROUTE 80.00 FEET WIDE, AS DESCRIBED IN DEED RECORDED MAY 16, 1916 AS INSTRUMENT NO. 107 IN BOOK 6255, PAGE 297 OF DEEDS, RECORDS OF SAID COUNTY AND DEED RECORDED OCTOBER 30, 1914 IN BOOK 5893, PAGE 250 OF DEEDS, SAID POINT BEING ON A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 260.00 FEET, A RADIAL LINE THROUGH SAID POINT BEARS SOUTH 41 DEGREES 02 MINUTES 11 SECONDS WEST; THENCE SOUTHEASTERLY ALONG SAID SOUTHERLY LINES OF THAT 80.00 FOOT WIDE RIDGE ROUTE THROUGH A CENTRAL ANGLE OF 05 DEGREES 03 MINUTES 57 SECONDS AN ARC DISTANCE OF 22.99 FEET; TANGENT TO SAID CURVE SOUTH 43 DEGREES 53 MINUTES 52 SECONDS EAST 19.22 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHEASTERLY HAVING A RADIUS OF 340.00 FEET; SOUTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 28 DEGREES 31 MINUTES 59 SECONDS AN ARC DISTANCE OF 169.32 FEET; TANGENT TO SAID CURVE SOUTH 72 DEGREES 25 MINUTES 51 SECONDS EAST 24.02 FEET TO A POINT ON SAID SOUTHERLY LINE OF THAT 100.00 FOOT WIDE RIDGE ROUTE SAID POINT BEING ON A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 950.00 FEET. A RADIAL LINE THROUGH SAID POINT BEAR SOUTH 39 DEGREES 42 MINUTES 43 SECONDS WEST; THENCE SOUTHEASTERLY ALONG SAID CURVE AND ALONG SAID SOUTHERLY LINES THROUGH A CENTRAL ANGLE OF 13 DEGREES 55

MINUTES 55 SECONDS AN ARC DISTANCE OF 231.00 FEET; TANGENT TO SAID CURVE SOUTH 36 DEGREES 21 MINUTES 22 SECONDS EAST 167.09 FEET TO A POINT IN SAID SOUTHERLY LINE OF 80.00 FOOT WIDE RIDGE ROUTE; THENCE ALONG LAST SAID SOUTHERLY LINE SOUTH 09 DEGREES 43 MINUTES 51 SECONDS EAST 121.38 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHERLY HAVING A RADIUS OF 140.00 FEET; SOUTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 101 DEGREES 53 MINUTES 30 SECONDS AN ARC DISTANCE OF 248.97 FEET; TANGENT TO SAID CURVE NORTH 68 DEGREES 22 MINUTES 39 SECONDS EAST 76.26 FEET TO A POINT IN SAID SOUTHERLY LINE OF THAT 100.00 FOOT WIDE RIDGE ROUTE, SAID POINT BEING ON A CURVE CONCAVE NORTHERLY HAVING A RADIUS OF 350.00 FEET, A RADIAL LINE THROUGH SAID POINT BEARS NORTH 07 DEGREES 23 MINUTES 04 SECONDS EAST; THENCE EASTERLY ALONG SAID SOUTHERLY LINE THROUGH A CENTRAL ANGLE OF 04 DEGREES 31 MINUTES 25 SECONDS AN ARC DISTANCE OF 27.64 FEET; TANGENT TO SAID CURVE SOUTH 87 DEGREES 08 MINUTES 21 SECONDS EAST 77.29 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 350.00 FEET; EASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 23 DEGREES 59 MINUTES 09 SECONDS AN ARC DISTANCE OF 146.52 FEET TO A POINT IN THE EAST LINE OF SAID NORTHWEST QUARTER OF THE SOUTHEAST QUARTER; THENCE ALONG SAID EAST LINE SOUTH 00 DEGREES 52 MINUTES 21 SECONDS WEST 11.65 FEET TO THE POINT OF BEGINNING.

**PARCEL 53:**  **APN: 3244-015-018**

ALL THAT PORTION OF THE WEST HALF (W 1/2), SECTION THIRTEEN (13), TOWNSHIP FIVE (5) NORTH, RANGE SEVENTEEN (17) WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE, LYING WESTERLY OF THE FOLLOWING DESCRIBED LINES:

COMMENCING AT THE SOUTHEAST CORNER OF THE SOUTHWEST QUARTER OF SAID SECTION 13; THENCE IN A SOUTHERLY DIRECTION ALONG THE WEST LINE OF THE NORTHEAST QUARTER OF SECTION 24 SAID TOWNSHIP AND RANGE, A DISTANCE OF 1173.06 FEET TO THE TRUE POINT OF BEGINNING; THENCE FROM SAID TRUE POINT OF BEGINNING; THENCE NORTH 29 DEGREES 43 MINUTES 41 SECONDS WEST 2808.81 FEET; THENCE NORTH 16 DEGREES 27 MINUTES 17 SECONDS WEST 3154.41 FEET; THENCE NORTH 59 DEGREES 41 MINUTES 56 SECONDS EAST 530.00 FEET; THENCE NORTH 02 DEGREES 04 MINUTES 58 SECONDS WEST 1395.82 FEET; THENCE NORTH 25 DEGREES 13 MINUTES 02 SECONDS WEST 1975.08 FEET TO A POINT, BEING THE END OF THE HEREIN DESCRIBED LINE.

EXCEPT THEREFROM THAT PORTION LYING WITHIN THAT CERTAIN LAND DESCRIBED IN THE DEED TO CASTAIC BRICK COMPANY, RECORDED SEPTEMBER 2, 1949 AS INSTRUMENT NO. 1168 IN BOOK 30917, PAGE 349, OFFICIAL RECORDS OF THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA.

ALSO EXCEPT THEREFROM THE SOUTH HALF OF THE NORTH HALF OF THE SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER; AND THE SOUTH HALF OF THE SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 13.

ALSO EXCEPT THEREFROM TO THE STATE FROM THE ABOVE DESCRIBED PARCEL OF LAND ALL OIL, OIL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS, BY WHATSOEVER NAME KNOWN, AND ALL OTHER MINERALS AND MINERAL RIGHTS, WHETHER OR NOT SIMILAR TO THOSE HEREIN MENTIONED, AS RESERVED IN DEED RECORDED SEPTEMBER 22, 1976 AS INSTRUMENT NO. 2915, OFFICIAL RECORDS.

**PARCEL 54:  APN: 3244-014-022**

THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 14, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE, SEPTEMBER 6, 1880.

EXCEPT FROM THAT PORTION OF SAID LAND LYING IN THE NORTHEAST QUARTER OF SAID SECTION, AN UNDIVIDED ONE-HALF OF ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES ON, IN AND UNDER SAID LAND, AS RESERVED BY JOHN C. SENTOUS, A MARRIED MAN BY DEED RECORDED FEBRUARY 27, 1953 IN BOOK 41083, PAGE 234, OFFICIAL RECORDS.

**PARCEL 55:  APN: 3244-014-021**

THE NORTH HALF OF THE EAST HALF OF THE NORTHEAST QUARTER OF SECTION 14, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT FROM THAT PORTION OF SAID LAND LYING IN THE NORTHEAST QUARTER OF SAID SECTION, AN UNDIVIDED ONE-HALF OF ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES ON, IN AND UNDER SAID LAND, AS RESERVED BY JOHN C. SENTOUS, A MARRIED MAN BY DEED RECORDED FEBRUARY 27, 1953 IN BOOK 41083, PAGE 234, OFFICIAL RECORDS.

**PARCEL 56:  APN: 3244-014-62  (FORMERLY 3244-014-901)**

THAT PORTION OF THE SOUTH HALF OF THE SOUTHEAST QUARTER OF SECTION 14, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN IN THE UNINCORPORATED TERRITORY OF THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND AS DESCRIBED IN DEED TO CASTAIC UNION SCHOOL DISTRICT, RECORDED SEPTEMBER 2, 1992 AS INSTRUMENT NO. 92-1655239, OFFICIAL RECORDS OF SAID COUNTY LYING NORTHEASTERLY OF THE FOLLOWING DESCRIBED LINE:

COMMENCING AT THE NORTHEAST CORNER OF SECTION 23, OF SAID TOWNSHIP AND RANGE AS SHOWN ON MAP OF TRACT NO. 44429 FILED IN BOOK 1233, PAGES 19 TO 43 INCLUSIVE OF MAPS, RECORDS OF SAID COUNTY; THENCE ALONG THE EASTERLY LINE OF SAID SECTION 23 SOUTH 00 DEGREES 49 MINUTES 08 SECONDS WEST 574.19 FEET TO THE TRUE POINT OF BEGINNING; THENCE

1.    LEAVING SAID EASTERLY LINE NORTH 12 DEGREES 45 MINUTES 21 SECONDS WEST 101.93 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 1600.00 FEET; THENCE

2.    NORTHWESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 07 DEGREES 22 MINUTES 17 SECONDS AN ARC DISTANCE OF 205.85 FEET TO THE BEGINNING OF A TANGENT COMPOUND CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 1358.00, TANGENT AT ITS NORTHWESTERLY TERMINUS TO A LINE 144.00 FEET SOUTHWESTERLY OF AND PARALLEL WITH, MEASURED AT RIGHT ANGLE TO, THE SOUTHWESTERLY LINE OF THAT 150 FOOT WIDE STRIP OF LAND OF SOUTHERN CALIFORNIA EDISON COMPANY AS DESCRIBED IN DEED RECORDED JUNE 1, 1927 IN BOOK 6634, PAGE 357 OF SAID OFFICIAL RECORDS, THENCE

3.    NORTHWESTERLY ALONG LAST SAID CURVE THROUGH A CENTRAL ANGLE OF 19 DEGREES 57 MINUTES 26 SECONDS AN ARC DISTANCE OF 473.02 FEET TO SAID PARALLEL LINE; THENCE

4.    ALONG SAID PARALLEL LINE NORTH 40 DEGREES 05 MINUTES 04 SECONDS WEST 644.20 FEET TO THE POINT OF TERMINATION.

CONTAINING 1.32 ACRES, MORE OR LESS.

**PARCEL 57:**  APN: 3244-014-063 (FORMERLY 3244-014-900)

THAT PORTION OF SECTION 14, TOWNSHIP 5 NORTH, RANGE 17 WEST, S.B. & M., IN THE UNINCORPORATED TERRITORY OF THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION 14; THENCE ALONG THE WEST LINE OF THE EAST HALF OF THE SOUTHEAST QUARTER OF SAID SECTION 14, SOUTH 00 DEGREES 35 MINUTES 15 SECONDS WEST 410.11 FEET; THENCE PERPENDICULAR TO SAID LINE NORTH 89 DEGREES 24 MINUTES 45 SECONDS WEST 193.21 FEET; THENCE NORTH 37 DEGREES 45 MINUTES 54 SECONDS WEST 517.54 FEET TO THE NORTH LINE OF THE SOUTH HALF OF THE SOUTHEAST QUARTER OF SAID SECTION 14; THENCE SOUTH 89 DEGREES 53 MINUTES 10 SECONDS EAST, ALONG SAID NORTH LINE 514.36 FEET TO THE POINT OF BEGINNING.

**PARCEL 58:** **APN: 2865-089-022**

LOT 293 OF TRACT 44429, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1233, PAGES 19 TO 43 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS, AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, EXCLUSIVE OF CLAY MATERIAL(S) THAT MAY BE WITHIN OR UNDER THE PARCEL OF PROPERTY HEREINABOVE DESCRIBED, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM SAID PROPERTY OR ANY OTHER PROPERTY, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM PROPERTIES OTHER THAN THOSE HEREINABOVE DESCRIBED, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY HEREINABOVE DESCRIBED, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN, AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE PROPERTY HEREINABOVE DESCRIBED, AS RESERVED BY THE NEWHALL LAND AND FARMING COMPANY, A CALIFORNIA LIMITED PARTNERSHIP, ON DEED RECORDED SEPTEMBER 27, 1996 AS INSTRUMENT NO. 96-1590582, OFFICIAL RECORDS.

**PARCEL 59:**

NON-EXCLUSIVE EASEMENTS, FOR THE BENEFIT OF AND APPURTENANT TO PARCELS 1, 2, 27, 29, 32, 33 AND 38 DESCRIBED ABOVE, TO CROSS AND RECROSS OVER PARCELS 4, 7, 7R, 8A, 8B, 8BR, 9, 10 AND 11 AS PROVIDED FOR AND SUBJECT TO THE TERMS AND CONDITIONS SET FORTH IN THOSE CERTAIN FINAL ORDERS OF CONDEMNATION, LOS ANGELES SUPERIOR COURT CASE NO. 979 075, RECORDED JANUARY 11, 1972 AS INSTRUMENT NO. 2792 IN BOOK D-5316, PAGE 295, JANUARY 11, 1972 AS INSTRUMENT NO. 2793 IN BOOK D-5316, PAGE 301, JANUARY 11, 1972 AS INSTRUMENT NO. 2794 IN BOOK D-5316, PAGE 314, JANUARY 11, 1972 AS INSTRUMENT NO. 2795 IN BOOK D-5316, PAGE 308, FEBRUARY 9, 1972 AS INSTRUMENT NO. 2359 IN BOOK D-5348, PAGE 40 AND JUNE 1, 1972 AS INSTRUMENT NO. 4488 IN BOOK D-480, PAGE 183, ALL OF OFFICIAL RECORDS.
PARCEL 55: 3247-041-007

THE SOUTH HALF OF THE WEST HALF OF THE WEST HALF OF LOT 10, IN SECTION 3, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE, SEPTEMBER 6, 1880.

**PARCEL 60**: 3247-041-009

THE EAST HALF OF THE NORTH HALF OF THE WEST HALF OF THE WEST HALF OF LOT 10 IN SECTION 3, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE ON SEPTEMBER 6, 1880;

TOGETHER WITH THE NORTH HALF OF THE EAST HALF OF THE WEST HALF OF LOT 10, IN SECTION 3, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE, SEPTEMBER 6, 1880.

**PARCEL 61**:

AN EASEMENT FOR INGRESS AND EGRESS AND INCIDENTAL PURPOSES, TO BE USED IN COMMON WITH OTHERS, OVER THE WESTERLY 30 FEET OF THE EAST HALF OF THE NORTH HALF OF THE EAST HALF OF THE WEST HALF AND OVER THE EASTERLY 30 FEET OF THE WEST HALF OF THE NORTH HALF OF THE EAST HALF OF THE WEST HALF OF LOT 10, AND OVER THE SOUTHERLY 30 FEET OF THE WEST HALF OF LOT 7 AND THE EASTERLY 30 FEET OF LOT 8 AND THE SOUTHERLY 30 FEET OF THAT PORTION OF LOT 5; LYING EASTERLY OF THE CENTER LINE

OF RIDGE ROAD, AS SHOWN ON F.M. 18013-1 ON FILE IN THE OFFICE OF THE COUNTY ENGINEER, ALL IN SECTION 3, TOWNSHIP 5 NORTH, RANGE 17 WEST OF THE SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE ON SEPTEMBER 8, 1880.

**PARCEL 62**:

AN EASEMENT FOR INGRESS AND EGRESS AND INCIDENTAL PURPOSES, TO BE USED IN COMMON WITH OTHERS, OVER THE EASTERLY 30 FEET OF THE WEST HALF OF THE NORTH HALF OF THE WEST HALF OF THE WEST HALF OF LOT 10, SECTION 3, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND, FILED IN THE DISTRICT LAND OFFICE ON SEPTEMBER 6, 1880.

**PARCEL 63**:

AN EASEMENT FOR INGRESS AND EGRESS AND INCIDENTAL PURPOSES TO BE USED IN COMMON WITH OTHERS, OVER THE EASTERLY 30 FEET OF THE WEST HALF OF THE SOUTH HALF OF THE EAST HALF OF THE WEST HALF OF LOT 10, OF SECTION 3, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN

BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE ON SEPTEMBER 6, 1880.

**PARCEL 64**:

AN EASEMENT FOR INGRESS AND EGRESS AND INCIDENTAL PURPOSES, TO BE USED IN COMMON WITH OTHERS, OVER THE WESTERLY 30 FEET OF THE EAST HALF OF THE SOUTH HALF OF THE EAST HALF OF THE WEST HALF OF LOT 10, SECTION 3, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE ON SEPTEMBER 6, 1880.

**PARCEL 65**: 3247-041-010

THE SOUTH HALF OF THE EAST HALF OF THE WEST HALF OF LOT 10, IN SECTION 3, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE SEPTEMBER 6, 1880.

**PARCEL 66**:

AN EASEMENT FOR INGRESS AND EGRESS AND INCIDENTAL PURPOSES, TO BE USED IN COMMON WITH OTHERS, OVER THE WESTERLY 10 FEET OF THE EAST HALF OF THE NORTH HALF OF THE EAST HALF OF THE WEST HALF AND OVER THE EASTERLY 10 FEET OF THE WEST HALF OF THE NORTH HALF OF THE EAST HALF OF THE WEST HALF OF LOT 10, AND OVER THE SOUTHERLY 30 FEET OF THE WEST HALF OF LOT 7 AND THE EASTERLY 30 FEET OF LOT 8 AND THE SOUTHERLY 30 FEET OF THAT PORTION OF LOT 5, LYING EASTERLY OF THE CENTER LINE OF RIDGE ROAD, AS SHOWN ON F.M. 18013-1 ON FILE IN THE OFFICE OF THE COUNTY ENGINEER, ALL IN SECTION 3, TOWNSHIP 5 NORTH, RANGE 17 WEST OF THE SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE ON SEPTEMBER 6, 1880.

**PARCEL 67**: 3244-012-056

THE NORTH 1/2 OF THAT PORTION OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 11, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHERLY LINE OF SAID SECTION, DISTANT THEREON SOUTH 89° 54' 02" EAST, 445.69 FEET FROM THE SOUTHWEST CORNER OF SAID SECTION; THENCE NORTH 25° 52' 09" WEST 124.09 FEET TO A TANGENT CURVE, CONCAVE NORTHEASTERLY AND HAVING A RADIUS OF 2,799.00 FEET; THENCE NORTHWESTERLY, ALONG

SAID CURVE, THROUGH AN ANGLE OF 3° 23' 39", AN ARC DISTANCE OF 263.51 FEET; THENCE NORTH 15° 54' 07" WEST, 441.44 FEET; THENCE NORTH 8° 51' 55" EAST, 106.01 FEET; THENCE NORTH 15° 34' 26" EAST, 152.16 FEET; THENCE NORTH 3° 25' 50" WEST, 122.99 FEET; THENCE NORTH 10° 08' 06" WEST, 191.35 FEET TO THE NORTH LINE OF SAID SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4; THENCE ALONG SAID NORTH LINE AND ALONG THE EAST AND SOUTH LINES OF SAID SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 THE FOLLOWING COURSES:

SOUTH 89° 45' 10" EAST, 1,163.76 FEET, SOUTH 0° 52' 27" WEST, 1,337.48 FEET, AND NORTH 89° 54' 02" WEST, 880.76 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS, AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN THAT MAY BE BELOW THE UPPER 100 FEET OF THE SUBSURFACE OF THE PARCEL OF LAND HEREINABOVE DESCRIBED, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THOSE HEREINABOVE DESCRIBED, OIL AND GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH AND ACROSS THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITED THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES, HOWEVER, THE RIGHT TO DRILL MINE, EXPLORE AND OPERATE THROUGH THE SURFACE OR SAID UPPER 100 FEET OF THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED OR OTHERWISE IN SUCH MANNER AS TO ENDANGER THE SAFETY OF ANY HIGHWAY THAT MAY BE CONSTRUCTED ON SAID LANDS, AS EXCEPTED IN FINAL ORDER OF CONDEMNATION, CASE NO. 911311 SUPERIOR COURT LOS ANGELES COUNTY, A CERTIFIED COPY THEREOF BEING RECORDED SEPTEMBER 11, 1970 IN BOOK D4829 PAGE 157, OFFICIAL RECORDS, AS INSTRUMENT NO. 3506.

**PARCEL 68**: 3244-014-021

THE NORTH HALF OF THE EAST HALF OF THE NORTHEAST QUARTER OF SECTION 14, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT FROM THAT PORTION OF SAID LAND LYING IN THE NORTHEAST QUARTER OF SAID SECTION, AN UNDIVIDED ONE-HALF OF ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES ON, IN AND UNDER SAID LAND,

AS RESERVED BY JOHN C. SENTOUS, A MARRIED MAN, BY DEED RECORDED FEBRUARY 27, 1953 IN BOOK 41083 PAGE 234 OF OFFICIAL RECORDS.

**PARCEL 69**: 3244-014-045

THAT PORTION OF THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER OF SECTION 14, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN, SAID COUNTY, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE, SEPTEMBER 26, 1880, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF SAID SOUTHWEST QUARTER; THENCE ALONG THE EAST LINE OF SAID SOUTHWEST QUARTER, SOUTH 0° 44' 17" WEST 282.88 FEET TO THE POINT OF INTERSECTION THEREOF WITH THAT CERTAIN CURVE HAVING A RADIUS OF 698.00 FEET AND BEING CONCAVE NORTHEASTERLY DESCRIBED AS COURSE (4) IN PARCEL 3 OF DEED (STATE PARCEL 40421), RECORDED IN BOOK D-3790, PAGE 908 OFFICIAL RECORDS, IN SAID OFFICE; THENCE NORTHWESTERLY ALONG SAID CURVE AND ALONG THAT CERTAIN COURSE HAVING A RADIUS BEARING OF SOUTH 31° 28' 34" EAST DESCRIBED AS COURSE (3) IN SAID PARCEL 3, TO THE NORTH LINE OF SAID SOUTHWEST QUARTER; THENCE EASTERLY, ALONG SAID NORTH LINE TO THE POINT OF BEGINNING.

**PARCEL 70**: 3244014-062

THAT PORTION OF THE SOUTH HALF OF THE SOUTHEAST QUARTER OF SECTION 14, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO MERIDIAN IN THE UNINCORPORATED TERRITORY OF THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT OF SAID LAND AS DESCRIBED IN DEED TO CASTAIC UNION SCHOOL DISTRICT RECORDED SEPTEMBER 2, 1992 AS INSTRUMENT NO. 92-1655239, OF OFFICIAL RECORDS, RECORDS OF SAID COUNTY LYING NORTHEASTERLY OF THE FOLLOWING DESCRIBED LINE:

COMMENCING AT THE NORTHEAST CORNER OF SECTION 23, OF SAID TOWNSHIP AND RANGE AS SHOWN ON MAP OF TRACT NO. 44429 FILED IN BOOK 1233 PAGES 19 TO 43, INCLUSIVE OF MAPS, RECORDS OF SAID COUNTY; THENCE ALONG THE EASTERLY LINE OF SAID SECTION 23 SOUTH 000 49' 08" WEST 574.19 FEET TO THE TRUE POINT OF BEGINNING; THENCE

LEAVING SAID EASTERLY NORTH 12° 45' 21" WEST 101.93 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 1600.000 FEET; THENCE

NORTHWESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 07° 22' 17" AN ARC DISTANCE OF 205.85 FEET TO THE BEGINNING OF A TANGENT COMPOUND CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 1358.00, TANGENT AT ITS NORTHWESTERLY TERMINUS TO A LINE 144.00 FEET SOUTHWESTERLY LINE OF THAT 150 FOOT WIDE STRIP OF LAND OF SOUTHERN CALIFORNIA EDISON COMPANY AS DESCRIBED IN THE DEED RECORDED JUNE 1, 1927 AS INSTRUMENT NO. 25 IN BOOK 6634 PAGE 357, OF SAID OFFICIAL RECORDS; THENCE

NORTHWESTERLY ALONG LAST SAID CURVE THROUGH A CENTRAL ANGLE OF 19° 57' 26" AN ARC DISTANCE OF 473.02 FEET TO SAID PARALLEL LINE; THENCE

ALONG SAID PARALLEL LINE NORTH 40° 05' 04" WEST 644.20 FEET TO THE POINT OF TERMINATION.

**PARCEL 71**: 3244-014-063

THAT PORTION OF SECTION 14, TOWNSHIP 5 NORTH, RANGE 17 WEST, SAN BERNARDINO BASE AND MERIDIAN IN THE UNINCORPORATED TERRITORY OF THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SAID SECTION 14; THENCE ALONG THE WEST LINE OF THE EAST HALF OF THE SOUTHEAST QUARTER OF SAID SECTION 14, SOUTH 00° 35' 15" WEST, 410.11 FEET THENCE PERPENDICULAR TO SAID LINE NORTH 09° 24' 45" WEST, 193.21 FEET; THENCE NORTH 37° 45' 54" WEST, 517.54 FEET TO THE NORTH LINE OF THE SOUTH HALF OF THE SOUTHEAST QUARTER OF SAID SECTION 14; THENCE SOUTH 89° 53' 10" EAST, ALONG SAID NORTH LINE, 514.36 FEET TO THE POINT OF BEGINNING.

## ASSIGNMENT AGREEMENT

KNOW ALL MEN BY THESE PRESENTS: THAT, **[NAME OF GRANTOR]** ("Grantor"), for and in consideration of the sum of TEN DOLLARS AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to Grantor in hand paid by **[NAME OF GRANTEE]**, a Delaware limited liability company ("Grantee"), the receipt and sufficiency of which are hereby acknowledged and confessed, has GRANTED, SOLD, ASSIGNED, TRANSFERRED, CONVEYED and DELIVERED and does by these presents GRANT, SELL, ASSIGN, TRANSFER, CONVEY and DELIVER unto Grantee all assets, including all goodwill (other than the use of the name "SunCal") and other intangible property, owned by Grantor or otherwise used in connection with the ownership, development, construction management, and/or operation of the Premises (as hereinafter defined), any development rights with respect to the Premises or any personal property owned by the Grantor or otherwise used in connection with the Premises, or any portion thereof, including, without limitation: (i) any and all leases, subleases, licenses, use permits, contract rights, rental agreements, service agreements, management agreements, leasing agreements, purchase and sale agreements, option agreements, development agreements, consulting agreements, architectural and design agreements, engineering agreements, agreements granting or otherwise relating to any entitlements or other development rights, agreements with general contractors and subcontractors, construction agreements, guaranties, warranties and commitments and any other agreements, oral or written, similar to any of the foregoing relating to the Premises, any development rights with respect to the Premises or any personal property owned by the Grantor or otherwise used in connection with the Premises, as applicable (collectively, the "Contracts"), (ii) all rents, revenues, issues, profits, damages, royalties, receivables, income, notes and accounts receivable, reimbursements and other rights or benefits to payments of any kind arising out of the ownership, development, construction, management and/or operation of the Premises including, without limitation any amount of any proceeds derived from any community facility bonds, Mello-Roos bonds, and any other bonds issued or proposed to be issued by a governmental authority in connection with the development of any portion of the Premises (collectively, the "CFD Bonds") to which the Grantor is entitled to receive in reimbursement for any development, construction or other costs incurred in connection with the development or construction of any portion of the Premises or otherwise and all other rights and benefits arising under any CFD Bonds (collectively, "Revenues"), (iii) all names, trade style, trade names and logos used in connection with the Premises or any portion thereof, (iv) (1) all unapplied deposits including, without limitation, utility deposits, bond deposits, prepaid permit fees, prepaid impact fees and prepaid sewer, water or similar service deposits, (2) all funds, securities and other assets in any lockbox, reserve, escrow, pledged, operating, brokerage or any other account (which includes any and all operating accounts held by or on behalf of or otherwise owned by Grantor) and any other replacement or similar accounts held by Grantor or on behalf of Grantor (collectively, the "Accounts"), and (3) all purchase, earnest money, or other deposits made under any purchase and sale agreement respecting any portion of the Premises (collectively, the "Deposits"), (v) all claims, causes of action, choses in action, rights or remedies which Grantor may have, whether at law or in equity,

against any party in connection with or arising out of the ownership, operation, repair, development, construction, maintenance and/or management of the Premises or any portion thereof; (vi) all right, title and interest in, to and under any bond (including any payment and performance bonds and surety bonds) issued to or for the benefit of Grantor or for the benefit of the Premises or any portion thereof; and (vii) all books and records in the possession of Grantor or its respective agents relating to the ownership, operation, repair, development, construction, maintenance and/or management of the Premises, any development rights with respect to the Premises or any personal property owned by the Grantor or otherwise used in connection with the Premises, as applicable, including, without limitation, correspondence with purchasers, suppliers, contractors and subcontractors, booklets, manuals, utility contracts, marketing and advertising materials, soil testing and environmental reports and data, engineering data and reports, surveys, architectural and engineering plans and specifications, warranties, shop drawings and working drawings, tentative and final parcel and subdivision maps, licenses, easements, and such other rights as may be necessary for vehicular and pedestrian ingress and egress and the maintenance of utilities, parking, common areas and other site improvements, and other governmental permits, entitlements and permissions relating to the Premises and the development and/or operation thereof (all items described in this paragraph being hereinafter collectively referred to as the "Intangible Personal Property"), with respect to the real property and improvements more particularly described on Exhibit A attached hereto and made a part hereof (the "Premises").

Grantor does hereby agree to perform, execute and/or deliver with reasonable promptness after its receipt from Grantee of written demand for same, any and all such further acts and assurances as Grantee may reasonably require to properly consummate the transfer of ownership of the Intangible Personal Property to Grantee.

TO HAVE AND TO HOLD the Intangible Personal Property unto Grantee and Grantee's successors, legal representatives and assigns, forever.

This Assignment Agreement shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, devisees, legal and personal representatives, successors and assigns.

(Signature on Following Page)

       **IN WITNESS WHEREOF,** the Grantor has duly executed and delivered this Assignment Agreement as of the ___ day of _____, 20__.

**GRANTOR:**

**[NAME OF GRANTOR]**

By:     _____

Name:   _____

Title:    _____

**ACKNOWLEDGMENT**

STATE OF _____)

                         )     ss:

COUNTY OF _____)

       On _____, 20__, before me, _____, Notary Public, personally appeared _____, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

       I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

       WITNESS my hand and official seal.

_____

Notary Public

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND IS SITUATED IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

**PARCEL A:**  (APN: 413-290-026; 413-450-056, 061 AND 062 AND 413-460-050 AND 051)

**PARCEL A1:**

PARCELS 3, 8 AND 9 OF PARCEL MAP NO. 31865, IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 210, PAGES 20 TO 27, INCLUSIVE, OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM ANY AND ALL NATURAL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN AND ALL RIGHTS THEREIN, GEOTHERMAL STEAM, AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE LAND, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFORE AND STORING IN AND REMOVING THE SAME FROM THE LAND OR ANY OTHER PROPERTY, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM PROPERTY OTHER THAN THE LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS, TUNNELS OR SHAFTS, WITHOUT THE RIGHT TO DRILL, MINE, STORE OR EXCAVATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND, AS RESERVED BY OAK VALLEY PARTNERS, L.P., A TEXAS LIMITED PARTNERSHIP WHICH IS REGISTERED IN CALIFORNIA AS OVP, L.P., IN A GRANT DEED RECORDED NOVEMBER 14, 2003, AS INSTRUMENT NO. 2003-899365, OF OFFICIAL RECORDS.

ANY AND ALL WATER, WATER RIGHTS OR INTERESTS THEREIN APPURTENANT OR RELATING TO THE LAND OR OWNED OR USED BY GRANTOR IN CONNECTION WITH OR WITH RESPECT TO THE LAND (NO MATTER HOW ACQUIRED BY GRANTOR), WHETHER SUCH WATER RIGHTS SHALL BE RIPARIAN, OVERLYING, APPROPRIATIVE, LITTORAL, PERCOLATING, PRESCRIPTIVE, ADJUDICATED, STATUTORY OR CONTRACTUAL, TOGETHER WITH THE RIGHT AND POWER TO EXPLORE, DRILL, REDRILL, REMOVE AND STORE THE SAME FROM OR IN THE LAND OR TO DIVERT OR OTHERWISE UTILIZE SUCH WATER, RIGHTS OR INTERESTS ON ANY OTHER PROPERTY OWNED BY OR LEASED BY GRANTOR, WITHOUT THE RIGHT TO ENTER UPON THE SURFACE OF THE

LAND IN THE EXERCISE OF SUCH RIGHTS; PROVIDED, HOWEVER, ONLY IF AND TO THE EXTENT THAT SUCH RIGHTS ARE NOT USED BY GRANTEE IN ITS USE AND ENJOYMENT OF THE LAND, AS RESERVED BY OAK VALLEY PARTNERS, L.P., A TEXAS LIMITED PARTNERSHIP WHICH IS REGISTERED IN CALIFORNIA AS OVP, L.P., IN GRANT DEED RECORDED NOVEMBER 14, 2003, AS INSTRUMENT NO. 2003-899365, OF OFFICIAL RECORDS.

PARCEL A2:

NON-EXCLUSIVE EASEMENTS AS DELINEATED IN THAT CERTAIN DOCUMENT ENTITLED "EASEMENT AGREEMENT FOR STREET CONSTRUCTION, GRADING, FUEL MODIFICATION AND ACCESS, INGRESS AND EGRESS" RECORDED NOVEMBER 14, 2003 AS INSTRUMENT NO. 03-899368, OFFICIAL RECORDS.

PARCEL A3:

NON-EXCLUSIVE EASEMENTS AS DELINEATED IN THAT CERTAIN DOCUMENT ENTITLED "EASEMENT AGREEMENT" RECORDED NOVEMBER 14, 2003 AS INSTRUMENT NO. 03-899367, OFFICIAL RECORDS.

PARCEL A4:

NON-EXCLUSIVE EASEMENTS AS DELINEATED IN THAT CERTAIN DOCUMENT ENTITLED "ASSIGNMENT OF SCPGA EASEMENTS" RECORDED NOVEMBER 14, 2003 AS INSTRUMENT NO. 03-899370, OFFICIAL RECORDS.

PARCEL A5:

NON-EXCLUSIVE EASEMENTS AS DELINEATED IN THAT CERTAIN DOCUMENT ENTITLED "PARTIAL ASSIGNMENT OF RIVERSIDE LAND CONSERVANCY EASEMENTS" RECORDED NOVEMBER 14, 2003 AS INSTRUMENT NO. 03-899371, OFFICIAL RECORDS.

PARCEL A6:

EASEMENTS AS CONTAINED IN THAT CERTAIN "PARTIAL ASSIGNMENT OF RIVERSIDE LAND CONSERVANCY EASEMENTS", UPON THE TERMS, COVENANTS AND CONDITIONS CONTAINED THEREIN, RECORDED NOVEMBER 14, 2003 AS INSTRUMENT NO. 2003-899369, OFFICIAL RECORDS.

**PARCEL B:   (APN: 413-460-060 AND 413-450-084, 085 AND 086)**

PARCEL B1:

PARCELS 8 THROUGH 10, INCLUSIVE, OF PARCEL MAP NO. 32776, IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 216, PAGES 47 THROUGH 52, INCLUSIVE, OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM ANY AND ALL NATURAL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN AND ALL RIGHTS THEREIN, GEOTHERMAL STEAM, AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE LAND, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFORE AND STORING IN AND REMOVING THE SAME FROM THE LAND OR ANY OTHER PROPERTY, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM PROPERTY OTHER THAN THE LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS, TUNNELS OR SHAFTS, WITHOUT THE RIGHT TO DRILL, MINE, STORE OR EXCAVATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND.

ANY AND ALL WATER, WATER RIGHTS OR INTERESTS THEREIN APPURTENANT OR RELATING TO THE LAND OR OWNED OR USED BY GRANTOR IN CONNECTION WITH OR WITH RESPECT TO THE LAND (NO MATTER HOW ACQUIRED BY GRANTOR), WHETHER SUCH WATER RIGHTS SHALL BE RIPARIAN, OVERLYING, APPROPRIATIVE, LITTORAL, PERCOLATING, PRESCRIPTIVE, ADJUDICATED, STATUTORY OR CONTRACTUAL, TOGETHER WITH THE RIGHT AND POWER TO EXPLORE, DRILL, REDRILL, REMOVE AND STORE THE SAME FROM OR IN THE LAND OR TO DIVERT OR OTHERWISE UTILIZE SUCH WATER, RIGHTS OR INTERESTS ON ANY OTHER PROPERTY OWNED BY OR LEASED BY GRANTOR, WITHOUT THE RIGHT TO ENTER UPON THE SURFACE OF THE LAND IN THE EXERCISE OF SUCH RIGHTS; PROVIDED, HOWEVER, ONLY IF AND TO THE EXTENT THAT SUCH RIGHTS ARE NOT USED BY GRANTEE IN ITS USE AND ENJOYMENT OF THE LAND.

**PARCEL B2:**

NON-EXCLUSIVE EASEMENTS AS DELINEATED IN THAT CERTAIN DOCUMENT ENTITLED "EASEMENT AGREEMENT FOR STREET CONSTRUCTION, GRADING, FUEL MODIFICATION AND ACCESS, INGRESS AND EGRESS" RECORDED NOVEMBER 14, 2003 AS INSTRUMENT NO. 03-899368, OFFICIAL RECORDS.

**PARCEL B3:**

NON-EXCLUSIVE EASEMENTS AS DELINEATED IN THAT CERTAIN DOCUMENT ENTITLED "EASEMENT AGREEMENT" RECORDED NOVEMBER 14, 2003 AS INSTRUMENT NO. 03-899367, OFFICIAL RECORDS.

**PARCEL B4:**

NON-EXCLUSIVE EASEMENTS AS DELINEATED IN THAT CERTAIN DOCUMENT ENTITLED "ASSIGNMENT OF SCPGA EASEMENTS" RECORDED NOVEMBER 13, 2003 AS INSTRUMENT NO. 03-899370, OFFICIAL RECORDS.

**PARCEL B5:**

NON-EXCLUSIVE EASEMENTS AS DELINEATED IN THAT CERTAIN DOCUMENT ENTITLED "PARTIAL ASSIGNMENT OF RIVERSIDE LAND CONSERVANCY EASEMENTS" RECORDED NOVEMBER 14, 2003 AS INSTRUMENT NO. 03-899371, OFFICIAL RECORDS.

**PARCEL B6:**

EASEMENTS AS CONTAINED IN THAT CERTAIN "PARTIAL ASSIGNMENT OF RIVERSIDE LAND CONSERVANCY EASEMENTS", UPON THE TERMS, COVENANTS AND CONDITIONS CONTAINED THEREIN, RECORDED NOVEMBER 14, 2003 AS INSTRUMENT NO. 2003-899369, OFFICIAL RECORDS.

**PARCEL C:**  (APN: 414-090-017)

PARCEL R OF LOT LINE ADJUSTMENT NO. 4188, IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER INSTRUMENT RECORDED NOVEMBER 2, 2000 AS INSTRUMENT NO. 2000-39255, OFFICIAL RECORDS.

**PARCEL D:**  (APN: 413-450-087, 088, 089 AND 090)

PARCELS 1 THROUGH 4, INCLUSIVE, OF PARCEL MAP NO. 34247, IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 218, PAGES 24 THROUGH 26, INCLUSIVE, OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM ANY AND ALL NATURAL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN AND ALL RIGHTS THEREIN, GEOTHERMAL STEAM, AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE LAND, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFORE AND STORING IN AND REMOVING THE SAME FROM THE LAND OR ANY OTHER PROPERTY, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM PROPERTY OTHER THAN THE LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS,

TUNNELS OR SHAFTS, WITHOUT THE RIGHT TO DRILL, MINE, STORE OR EXCAVATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND, AS RESERVED BY OAK VALLEY PARTNERS, L.P., A TEXAS LIMITED PARTNERSHIP WHICH IS REGISTERED IN CALIFORNIA AS OVP, L.P., IN A GRANT DEED RECORDED NOVEMBER 14, 2003, AS INSTRUMENT NO. 2003-899365, OFFICIAL RECORDS.

ANY AND ALL WATER, WATER RIGHTS OR INTERESTS THEREIN APPURTENANT OR RELATING TO THE LAND OR OWNED OR USED BY GRANTOR IN CONNECTION WITH OR WITH RESPECT TO THE LAND (NO MATTER HOW ACQUIRED BY GRANTOR), WHETHER SUCH WATER RIGHTS SHALL BE RIPARIAN, OVERLYING, APPROPRIATIVE, LITTORAL, PERCOLATING, PRESCRIPTIVE, ADJUDICATED, STATUTORY OR CONTRACTUAL, TOGETHER WITH THE RIGHT AND POWER TO EXPLORE, DRILL, REDRILL, REMOVE AND STORE THE SAME FROM OR IN THE LAND OR TO DIVERT OR OTHERWISE UTILIZE SUCH WATER, RIGHTS OR INTERESTS ON ANY OTHER PROPERTY OWNED BY OR LEASED BY GRANTOR, WITHOUT THE RIGHT TO ENTER UPON THE SURFACE OF THE LAND IN THE EXERCISE OF SUCH RIGHTS; PROVIDED, HOWEVER, ONLY IF AND TO THE EXTENT THAT SUCH RIGHTS ARE NOT USED BY GRANTEE IN ITS USE AND ENJOYMENT OF THE LAND, AS RESERVED BY OAK VALLEY PARTNERS, L.P., A TEXAS LIMITED PARTNERSHIP WHICH IS REGISTERED IN CALIFORNIA AS OVP, L.P., IN GRANT DEED RECORDED NOVEMBER 14, 2003, AS INSTRUMENT NO. 20003-899365, OFFICIAL RECORDS.

## ASSIGNMENT AGREEMENT

KNOW ALL MEN BY THESE PRESENTS:  THAT, **[NAME OF GRANTOR]**
("Grantor"), for and in consideration of the sum of TEN DOLLARS AND NO/100
DOLLARS ($10.00) and other good and valuable consideration to Grantor in hand paid
by **[NAME OF GRANTEE]**, a Delaware limited liability company ("Grantee"), the
receipt and sufficiency of which are hereby acknowledged and confessed, has
GRANTED, SOLD, ASSIGNED, TRANSFERRED, CONVEYED and DELIVERED
and does by these presents GRANT, SELL, ASSIGN, TRANSFER, CONVEY and
DELIVER unto Grantee all assets, including all goodwill (other than the use of the name
"SunCal") and other intangible property, owned by Grantor or otherwise used in
connection with the ownership, development, construction management, and/or operation
of the Premises (as hereinafter defined), any development rights with respect to the
Premises or any personal property owned by the Grantor or otherwise used in connection
with the Premises, or any portion thereof, including, without limitation: (i) any and all
leases, subleases, licenses, use permits, contract rights, rental agreements, service
agreements, management agreements, leasing agreements, purchase and sale agreements,
option agreements, development agreements, consulting agreements, architectural and
design agreements, engineering agreements, agreements granting or otherwise relating to
any entitlements or other development rights, agreements with general contractors and
subcontractors, construction agreements, guaranties, warranties and commitments and
any other agreements, oral or written, similar to any of the foregoing relating to the
Premises, any development rights with respect to the Premises or any personal property
owned by the Grantor or otherwise used in connection with the Premises, as applicable
(collectively, the "Contracts"), (ii) all rents, revenues, issues, profits, damages, royalties,
receivables, income, notes and accounts receivable, reimbursements and other rights or
benefits to payments of any kind arising out of the ownership, development, construction,
management and/or operation of the Premises including, without limitation any amount
of any proceeds derived from any community facility bonds, Mello-Roos bonds, and any
other bonds issued or proposed to be issued by a governmental authority in connection
with the development of any portion of the Premises (collectively, the "CFD Bonds") to
which the Grantor is entitled to receive in reimbursement for any development,
construction or other costs incurred in connection with the development or construction
of any portion of the Premises or otherwise and all other rights and benefits arising under
any CFD Bonds (collectively, "Revenues"), (iii) all names, trade style, trade names and
logos used in connection with the Premises or any portion thereof, (iv) (1) all unapplied
deposits including, without limitation, utility deposits, bond deposits, prepaid permit fees,
prepaid impact fees and prepaid sewer, water or similar service deposits, (2) all funds,
securities and other assets in any lockbox, reserve, escrow, pledged, operating, brokerage
or any other account (which includes any and all operating accounts held by or on behalf
of or otherwise owned by Grantor) and any other replacement or similar accounts held by
Grantor or on behalf of Grantor (collectively, the "Accounts"), and (3) all purchase,
earnest money, or other deposits made under any purchase and sale agreement respecting
any portion of the Premises (collectively, the "Deposits"), (v) all claims, causes of action,
choses in action, rights or remedies which Grantor may have, whether at law or in equity,

against any party in connection with or arising out of the ownership, operation, repair, development, construction, maintenance and/or management of the Premises or any portion thereof; (vi) all right, title and interest in, to and under any bond (including any payment and performance bonds and surety bonds) issued to or for the benefit of Grantor or for the benefit of the Premises or any portion thereof; and (vii) all books and records in the possession of Grantor or its respective agents relating to the ownership, operation, repair, development, construction, maintenance and/or management of the Premises, any development rights with respect to the Premises or any personal property owned by the Grantor or otherwise used in connection with the Premises, as applicable, including, without limitation, correspondence with purchasers, suppliers, contractors and subcontractors, booklets, manuals, utility contracts, marketing and advertising materials, soil testing and environmental reports and data, engineering data and reports, surveys, architectural and engineering plans and specifications, warranties, shop drawings and working drawings, tentative and final parcel and subdivision maps, licenses, easements, and such other rights as may be necessary for vehicular and pedestrian ingress and egress and the maintenance of utilities, parking, common areas and other site improvements, and other governmental permits, entitlements and permissions relating to the Premises and the development and/or operation thereof (all items described in this paragraph being hereinafter collectively referred to as the "Intangible Personal Property"), with respect to the real property and improvements more particularly described on Exhibit A attached hereto and made a part hereof (the "Premises").

Grantor does hereby agree to perform, execute and/or deliver with reasonable promptness after its receipt from Grantee of written demand for same, any and all such further acts and assurances as Grantee may reasonably require to properly consummate the transfer of ownership of the Intangible Personal Property to Grantee.

TO HAVE AND TO HOLD the Intangible Personal Property unto Grantee and Grantee's successors, legal representatives and assigns, forever.

This Assignment Agreement shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, devisees, legal and personal representatives, successors and assigns.

(Signature on Following Page)

**IN WITNESS WHEREOF**, the Grantor has duly executed and delivered this Assignment Agreement as of the ___ day of _____, 20__.

**GRANTOR:**

**[NAME OF GRANTOR]**

By:       _____
Name: _____
Title:    _____

**ACKNOWLEDGMENT**

STATE OF _____   )
                                              )       ss:
COUNTY OF _____   )

On _____, 20__, before me, _____, Notary Public, personally appeared _____, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

SIGNATURE PAGE TO ASSIGNMENT AGREEMENT (HEARTLAND)

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND IS SITUATED IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

**PARCEL 1:**  (APN: 414-110-037)

BEING A PORTION OF THE WEST HALF OF GOVERNMENT LOT 5 AND A PORTION OF THE WEST HALF OF GOVERNMENT LOT 6 OF SECTION 6, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE AND MERIDIAN, IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF SAID SECTION 6 AS SHOWN ON A RECORD OF SURVEY AS FILED IN BOOK 71 PAGE 62 OF RECORDS OF SURVEY IN THE RECORDER'S OFFICE OF SAID COUNTY; THENCE ALONG THE WEST LINE OF SAID SECTION 6, NORTH 00 DEGREES 16'38" EAST, 1500.15 FEET (NORTH 00 DEGREES 08'55" WEST, 1500.04 PER SAID RECORD OF SURVEY), TO THE TRUE POINT OF BEGINNING IN INSTRUMENT RECORDED MAY 31, 1984 AS FILE NO. 84-116461 OF OFFICIAL RECORDS IN THE RECORDER'S OFFICE SAID COUNTY;

THENCE CONTINUING ALONG SAID WEST LINE OF SECTION 6, NORTH 0 DEGREES 16'38" EAST, 1137.71 FEET TO THE WEST QUARTER OF SAID SECTION 6; THENCE CONTINUING ALONG SAID WEST LINE NORTH 00 DEGREES 16'38" EAST, 496.43 FEET TO POINT "A", SAID POINT BEING ALSO THE BEGINNING OF AN 800.00 FOOT RADIUS NON TANGENT CURVE CONCAVE SOUTHERLY, A RADIAL LINE TO SAID POINT BEARS NORTH 04 DEGREES 03'41" WEST; THENCE EASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 16 DEGREES 44'32" A DISTANCE OF 233.77 FEET; THENCE SOUTH 77 DEGREES 19'09" EAST, 441.89 FEET TO POINT "B", SAID POINT BEING ALSO THE INTERSECTION WITH THE NORTHERLY PROLONGATION OF THE EAST  LINE OF THE WEST HALF OF SAID GOVERNMENT LOT 6; THENCE ALONG SAID NORTHERLY PROLONGATION AND SAID EAST LINE OF THE WEST HALF OF GOVERNMENT LOT 6; THENCE ALONG SAID NORTHERLY PROLONGATION AND SAID EAST LINE OF THE WEST HALF OF GOVERNMENT LOT 6 SOUTH 00 DEGREES 11'25" WEST, 1469.98 FEET TO THE NORTHEASTERLY LINE OF SAID FILE NO. 116461; THENCE ALONG SAID NORTHEASTERLY LINE NORTH 53 DEGREES 41'59" WEST, 24.27 FEET TO THE MOST NORTHERLY CORNER OF SAID FILE NO. 116461; THENCE ALONG THE NORTHERLY LINE OF SAID FILE NO. 116461, SOUTH 84 DEGREES 20'53" WEST 650.00 FEET TO THE TRUE POINT OF BEGINNING.

SAID LAND IS SHOWN AS PARCEL A 1 ON EXHIBIT "A" OF LOT LINE ADJUSTMENT NO. 94 66 1, RECORDED MARCH 17, 1999 AS FILE NO. 109790 OF OFFICIAL RECORDS.

**PARCEL 2:** **(APN: 414-110-038)**

BEING A PORTION OF THE EAST HALF OF GOVERNMENT LOT 5 AND A PORTION OF THE EAST HALF OF GOVERNMENT LOT 6 OF SAID SECTION 6, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, MORE PARTICULARLY DESCRIBED AS FOLLOWS

BEGINNING AT POINT "B" AS DESCRIBED IN PARCEL 1 ABOVE.

THENCE SOUTH 77 DEGREES 19'09" EAST, 127.85 FEET; THENCE SOUTH 75 DEGREES 54'51" EAST 147.34 FEET; THENCE SOUTH 83 DEGREES 32'10" EAST, 398.81 FEET TO POINT "C", SAID POINT BEING ALSO THE INTERSECTION WITH THE NORTHERLY PROLONGATION OF THE EAST LINE OF SAID GOVERNMENT LOT 6; THENCE ALONG SAID NORTHERLY PROLONGATION AND ALONG SAID EAST LINE OF GOVERNMENT LOT 6, SOUTH 00 DEGREES 06'13" WEST, 1495.89 FEET TO THE SOUTHEAST CORNER OF SAID GOVERNMENT LOT 6; THENCE ALONG THE SOUTH LINE OF SAID GOVERNMENT LOT 6, SOUTH 83 DEGREES 15'00" WEST, 418.59 FEET TO THE EASTERLY LINE OF SAID INSTRUMENT RECORDED MAY 31, 1984 AS FILE NO. 116461 OF OFFICIAL RECORDS; THENCE ALONG SAID NORTHEASTERLY LINE NORTH 53 DEGREES 41'59" WEST, 310.71 FEET TO THE WEST LINE OF THE EAST HALF OF SAID GOVERNMENT LOT 6; THENCE ALONG SAID WEST LINE NORTH 00 DEGREES 11'25" EAST, 1469.98 FEET TO THE POINT OF BEGINNING.

SAID LAND IS SHOWN AS PARCEL A 2 ON EXHIBIT "A" OF LOT LINE ADJUSTMENT NO. 94 66 1 RECORDED MARCH 17, 1999 AS FILE NO. 109790 OF OFFICIAL RECORDS.

**PARCEL 3:** **(A PORTION OF APN 414-100-027 & 029; APN: 414-110-039. 040, 042 & 043)**

BEING THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER AND THE NORTH HALF OF THE SOUTHEAST QUARTER TOGETHER WITH A PORTION OF THE SOUTHEAST QUARTER  OF THE NORTHWEST QUARTER AND A PORTION OF THE SOUTH HALF OF THE NORTHEAST QUARTER AND A PORTION OF THE SOUTH HALF OF THE SOUTH HALF, ALL IN SAID SECTION 6, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN , IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT POINT "C" AS DESCRIBED IN PARCEL 2 ABOVE.

THENCE ALONG THE NORTHERLY PROLONGATION OF THE EAST LINE OF GOVERNMENT LOT 6 OF SAID SECTION 6 AND THE EAST LINE OF SAID GOVERNMENT LOT 6, SOUTH 00 DEGREES 06'13" WEST, 1495.89 FEET TO THE SOUTHEAST CORNER OF SAID GOVERNMENT LOT 6; THENCE ALONG THE

SOUTH LINE OF SAID GOVERNMENT LOT 6, SOUTH 83 DEGREES 15'00" WEST 418.59 FEET TO THE NORTHEASTERLY LINE OF SAID INSTRUMENT RECORDED MAY 31, 1984 AS FILE NO. 116461 OF OFFICIAL RECORDS;

THENCE ALONG SAID NORTHEASTERLY LINE SOUTH 53 DEGREES 41'59" EAST, 290.02 FEET TO AN ANGLE POINT IN SAID FILE NO. 116461; THENCE SOUTH 00 DEGREES 58'33" WEST, 320.12 FEET TO THE SOUTHERLY LINE OF THE PARCEL OF LAND AS DESCRIBED IN INSTRUMENT RECORDED SEPTEMBER 18, 1974 AS FILE NO. 120470, OF OFFICIAL RECORDS IN THE RECORDER'S OFFICE OF SAID COUNTY;

THENCE ALONG SAID SOUTHERLY LINE SOUTH 88 DEGREES 12'00" EAST, 4132.00 FEET TO THE EAST LINE OF SAID SECTION 6, SAID POINT BEING NORTH 00 DEGREES 15'45" EAST, 280.03 FEET FROM THE SOUTHEAST CORNER OF SAID SECTION 6; THENCE ALONG SAID EAST LINE OF SECTION 6, NORTH 00 DEGREES 15'45" EAST, 2422.26 FEET; THENCE LEAVING SAID EAST LINE AT RIGHT ANGLES NORTH 89 DEGREES 44'15" WEST, 831.98; THENCE SOUTH 13'03" WEST, 94.13 FEET; THENCE NORTH 89 DEGREES 44'15" WEST, 130.96 FEET TO THE BEGINNING OF A 2097.00 FOOT RADIUS CURVE CONCAVE SOUTHERLY; THENCE WESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 13 DEGREES 14'09" A DISTANCE OF 484.43 FEET TO POINT "D" THENCE CONTINUING ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 01 DEGREES 25'32" DISTANCE OF 52.17 FEET; THENCE SOUTH 75 DEGREES 36'03" WEST, 221.07 FEET TO THE BEGINNING OF A 1503.00 FOOT RADIUS CURVE CONCAVE NORTHERLY; THENCE WESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 13 DEGREES 59'50", A DISTANCE OF 367.18 FEET; THENCE SOUTH 89 DEGREES 35'53" WEST, 113.00 FEET TO THE BEGINNING OF A 1297.00 FOOT RADIUS CURVE CONCAVE SOUTHERLY; THENCE WESTERLY ALONG SAID CURVE TROUGH A CENTRAL ANGLE OF 16 DEGREES 52'16" A DISTANCE OF 381.91 FEET; THENCE SOUTH 72 DEGREES 43'37" WEST, 97.04 FEET TO THE BEGINNING OF 1503.00 FOOT RADIUS CURVE CONCAVE NORTHERLY; THENCE WESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 24 DEGREES 29'24", A DISTANCE OF 642.43 FEET; THENCE NORTH 82 DEGREES 46'59", WEST, 373.21 FEET; THENCE NORTH 88 DEGREES 51'59" WEST, 137.82 FEET; THENCE NORTH 83 DEGREES 32'10" WEST, 61.35 FEET TO THE POINT OF BEGINNING.

SAID LAND IS SHOWN AS PARCEL A 3 ON EXHIBIT "A" OF LOT LINE ADJUSTMENT NO. 94 66 1 RECORDED MARCH 17, 1999 AS FILE NO. 109790 OF OFFICIAL RECORDS.

EXCEPTING THEREFROM THAT PORTION CONVEYED TO THE CITY OF BEAUMONT BY DEED RECORDED OCTOBER 25, 2004 AS INSTRUMENT NO. 2004-0840320 OF OFFICIAL RECORDS.

**PARCEL 4:**  (APN: 414-100-026)

BEING A PORTION OF GOVERNMENT LOT 5 AND A PORTION OF THE SOUTHEAST QUARTER OF THE NORTHWEST QUARTER OF SAID SECTION 6, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA,

ACCORDING TO THE OFFICIAL PLAT THEREOF MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT POINT "A" AS DESCRIBED IN PARCEL 1 ABOVE, SAID POINT BEING ON THE WEST LINE OF SAID SECTION 6, THENCE ALONG SAID WEST LINE NORTH 00 DEGREES  16' 38" EAST, 600.06 FEET TO THE SOUTHERLY RIGHT OF WAY OF SOUTHERN PACIFIC RAILROAD AS SHOWN ON A RECORD OF SURVEY AS FILED IN BOOK 80 PAGES 78 THROUGH 89 INCLUSIVE OF RECORD OF SURVEY IN THE RECORDER'S OFFICE OF SAID COUNTY;

THENCE ALONG SAID SOUTHERLY RIGHT OF WAY NORTH 83 DEGREES  49' 57" EAST, 1130.46 FEET TO THE NORTHWESTERLY LINE OF THE PARCEL OF LAND AS DESCRIBED IN INSTRUMENT RECORDED MAY 5, 1905 IN BOOK 202 PAGE 54 OF DEEDS, IN THE RECORDER'S OFFICE OF SAID COUNTY;

THENCE ALONG SAID NORTHWESTERLY LINE SOUTH 63 DEGREES  49' 50" WEST, 1121.91 FEET TO THE MOST WESTERLY CORNER OF THE AFOREMENTIONED PARCEL OF LAND; THENCE ALONG THE SOUTHWESTERLY LINE OF SAID PARCEL OF LAND SOUTH 26 DEGREES  10' 10" EAST, 100.00 FEET TO THE MOST SOUTHERLY CORNER OF SAID PARCEL OF LAND; THENCE ALONG THE SOUTHEASTERLY LINE OF SAID PARCEL OF LAND NORTH 63 DEGREES  49' 50" EAST, 1396.63 FEET TO SAID SOUTHERLY LINE OF SOUTHERN PACIFIC RAILROAD; THENCE ALONG SAID SOUTHERLY LINE NORTH 83 DEGREES  49' 57" EAST 913.26 FEET TO THE BEGINNING OF A 5639.65 FOOT RADIUS CURVE CONCAVE SOUTHERLY; THENCE EASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 03 DEGREES  21' 33" A DISTANCE OF 330.64 FEET TO THE NORTH SOUTH CENTERLINE OF SAID SECTION 6; THENCE LEAVING SAID CURVE AND ALONG SAID NORTH SOUTH CENTERLINE SOUTH 00 DEGREES  04' 12" EAST, 1062.49 FEET TO A 1297.00 FOOT RADIUS NON TANGENT CURVE CONCAVE SOUTHERLY, A RADIAL LINE TO SAID POINT BEARS NORTH 15 DEGREES  47' 10" WEST; THENCE WESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 01 DEGREES   29' 13", A DISTANCE OF 33.66 FEET; THENCE SOUTH 72 DEGREES  43' 27" WEST, 97.04 FEET TO THE BEGINNING OF A 1503.00 FOOT RADIUS CURVE CONCAVE NORTHERLY; THENCE WESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 24 DEGREES  29' 24", A DISTANCE OF 642.43 FEET; THENCE NORTH 82 DEGREES  46' 59" WEST, 373.21 FEET; THENCE NORTH 88 DEGREES  51' 59" WEST, 137.82 FEET; THENCE NORTH 83 DEGREES  32' 10" WEST 460.16 FEET; THENCE NORTH 75 DEGREES  54' 51" WEST, 147.34 FEET; THENCE NORTH 77 DEGREES  19' 09" WEST, 569.74 FEET TO THE BEGINNING OF AN 800.00 FOOT RADIUS CURVE CONCAVE SOUTHERLY; THENCE WESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 16 DEGREES  44' 32" A DISTANCE OF 233.77 FEET TO THE POINT OF BEGINNING.

SAID LAND IS SHOWN AS PARCEL B 1 ON EXHIBIT "A" OF LOT LINE ADJUSTMENT NO. 94 66 1, RECORDED MARCH 17, 1999 AS FILE NO. 109790 OF OFFICIAL RECORDS.

**PARCEL 5:   (A PORTION OF APN: 414-100-027)**

BEING A PORTION OF THE SOUTH HALF OF THE NORTHEAST QUARTER OF SAID SECTION 6, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT POINT "D" AS DESCRIBED IN PARCEL 3 ABOVE, SAID POINT BEING ALSO ON THE EAST LINE OF THE PARCEL OF LAND AS DESCRIBED IN INSTRUMENT RECORDED JANUARY 19, 1968 AS FILE NO. 5579 OF OFFICIAL RECORDS, IN THE RECORDER'S OFFICE OF SAID COUNTY, SAID POINT BEING ALSO ON A 2097.00 FOOT RADIUS NON TANGENT CURVE CONCAVE SOUTHERLY, A RADIAL LINE TO SAID POINT BEARS NORTH 12 DEGREES  58' 25" WEST; THENCE WESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 01 DEGREES  25' 32" A DISTANCE OF 52.17 FEET; THENCE SOUTH 75 DEGREES  36' 03" WEST, 221.07 FEET TO THE BEGINNING OF A 1503.00 FOOT RADIUS CURVE CONCAVE NORTHERLY; THENCE WESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 13 DEGREES  59' 50" A DISTANCE OF 367.18 FEET; THENCE SOUTH 89 DEGREES 35' 53" WEST, 113.00 FEET TO THE BEGINNING OF A 1297.00 FOOT RADIUS CURVE CONCAVE SOUTHERLY; THENCE WESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 15 DEGREES  23' 03", A DISTANCE OF 348.25 FEET TO THE NORTH SOUTH CENTERLINE OF SAID SECTION 6; THENCE LEAVING SAID CURVE AND ALONG SAID NORTH SOUTH CENTERLINE NORTH 00 DEGREES  04' 12" WEST, 1062.49 FEET TO THE SOUTHERLY RIGHT OF WAY OF SAID SOUTHERN PACIFIC RAILROAD, SAID POINT BEING ALSO 5639.65 FOOT RADIUS NON-TANGENT CURVE CONCAVE SOUTHERLY, A RADIAL LINE TO SAID POINT BEARS NORTH 02 DEGREES 48'30"  WEST;  THENCE  EASTERLY  ALONG  SAID  CURVE  AND  SAID SOUTHERLY RIGHT-OF-WAY LINE THROUGH A CENTRAL ANGLE OF 04 DEGREES  39' 32", A DISTANCE OF 458.58 FEET (RECORD 330.64 FEET) THENCE SOUTH 88 DEGREES  08' 58" WEST, 630.06 FEET TO THE EAST LINE OF SAID FILE NO. 5579; THENCE LEAVING SAID SOUTHERLY RIGHT OF WAY LINE AND ALONG SAID EAST LINE SOUTH 00 DEGREES  08' 14" WEST 881.80 FEET TO THE POINT OF BEGINNING.

SAID LAND IS SHOWN AS PARCEL B 2 ON EXHIBIT "A" OF LOT LINE ADJUSTMENT NO. 94 66 1, RECORDED MARCH 17, 1999 AS FILE NO. 109790 OF OFFICIAL RECORDS.

**PARCEL 6:   (A PORTION OF APN: 414-100-029)**

BEING A PORTION OF THE SOUTH HALF OF THE NORTHEAST QUARTER OF SAID SECTION 6, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT POINT "D" AS DESCRIBED IN PARCEL 3 ABOVE, SAID POINT BEING ALSO THE EAST LINE OF THE PARCEL OF LAND DESCRIBED IN

INSTRUMENT RECORDED JANUARY 19, 1968 AS FILE NO. 5579 OF OFFICIAL RECORDS IN THE RECORDER'S OFFICE OF SAID COUNTY, SAID POINT BEING ALSO ON A 2097.00 FOOT RADIUS NON TANGENT CURVE CONCAVE SOUTHERLY, A RADIAL LINE TO SAID POINT BEARS NORTH 12 DEGREES  58' 25" WEST; THENCE ALONG SAID EAST LINE OF FILE NO. 5579 NORTH 00 DEGREES  08' 14" EAST 881.80 FEET TO THE SOUTHERLY RIGHT OF WAY LINE OF SAID SOUTHERN PACIFIC RAILROAD; THENCE ALONG SAID SOUTHERLY RIGHT OF WAY LINE SOUTH 88 DEGREES  08' 58" EAST, 1539.60 FEET TO THE EAST LINE OF SAID SECTION 6; THENCE ALONG SAID EAST LINE SOUTH 00 DEGREES  45" WEST, 778.42 FEET; THENCE LEAVING SAID EAST LINE AT RIGHT ANGLES NORTH 89 DEGREES  44' 15" WEST, 831.98 FEET; THENCE SOUTH 87 DEGREES  13' 03" WEST, 94.13 FEET; THENCE NORTH 89 DEGREES  44' 15" WEST, 130.96 FEET TO THE BEGINNING OF A 097.00 FOOT RADIUS CURVE CONCAVE SOUTHERLY; THENCE WESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 13 DEGREES  14' 09" A DISTANCE OF 484.43 FEET TO THE POINT OF BEGINNING.

SAID LAND IS SHOWN AS PARCEL B 3 ON EXHIBIT "A" OF LOT LINE ADJUSTMENT NO. 94 66 1, RECORDED MARCH 17, 1999, AS FILE NO. 109790 OF OFFICIAL RECORDS.

EXCEPTING THEREFROM THAT PORTION CONVEYED TO THE CITY OF BEAUMONT BY DEED RECORDED OCTOBER 25, 2004 AS INSTRUMENT NO. 2004-0840320 OF OFFICIAL RECORDS.

**PARCEL 7:**  (APN: 414-110-033)

THAT PORTION OF THE SOUTH HALF OF THE SOUTH HALF OF SECTION 6, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEASTERLY TERMINUS OF THAT CERTAIN COURSE DESCRIBED AS "THENCE SOUTH 64 DEGREES  05' 00" EAST, 299.00 FEET; IN DEED TO MARY CORDEIRO RECORDED SEPTEMBER 18, 1974 AS FILE NO. 120470 OF OFFICIAL RECORDS OF SAID COUNTY; THENCE ALONG THE SOUTHERLY BOUNDARY OF SAID CORDEIRO PARCEL SOUTH 88 DEGREES 39' 33" EAST, 5012.15 FEET TO THE EAST LINE OF SAID SECTION 6; THENCE ALONG SAID EAST LINE, SOUTH 00 DEGREES  14' 42" EAST, 146.99 FEET TO A POINT WHICH IS NORTH 00 DEGREES 14'42" WEST, 133.04 FEET FROM A THREE QUARTER (3/4) INCH IRON PIPE AS SHOWN BY RECORD OF SURVEY IN BOOK 17 OF RECORD OF SURVEY, PAGE 21, IN THE RIVERSIDE COUNTY RECORDER'S OFFICE, MARKING THE SOUTHEAST CORNER OF SAID SECTION 6, THENCE NORTH 89 DEGREES  21' 30" WEST, 638.34 FEET TO A TANGENT CURVE CONCAVE SOUTH HAVING A RADIUS OF 2200.00 FEET; THENCE WESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 15 DEGREES  17' 30", A DISTANCE OF 587.16 FEET; THENCE SOUTH 75 DEGREES   21' 00" WEST 754.82 FEET TO A TANGENT CURVE CONCAVE NORTH HAVING A RADIUS OF 2827.00 FEET; THENCE WESTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 15 DEGREES  27' 30" A

DISTANCE OF 762.72 FEET; THENCE NORTH 89 DEGREES  11' 30" WEST, 816.26 FEET TO A NON TANGENT CURVE CONCAVE NORTHERLY HAVING A RADIUS OF 2000.00 FEET; THENCE NORTHWESTERLY ALONG SAID CURVE FROM A TANGENT BEARING OF 87 DEGREES  47' 31" EAST, THROUGH A CENTRAL ANGLE OF 28 DEGREES  05' 07" A DISTANCE OF 980.36 FEET; THENCE NORTH 64 DEGREES  07' 22" WEST, 476.14 FEET; THENCE NORTH 30 DEGREES  12' 59" WEST, 222.95 FEET TO THE POINT OF BEGINNING.

**PARCEL 8:**  (APN: 414-110-036)

THAT PORTION OF LOTS 6 AND 7 AND THE SOUTH HALF OF THE SOUTH HALF OF SECTION 6, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF BEAUMONT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, LYING WITHIN THE FOLLOWING DESCRIBED PROPERTY.

COMMENCING AT THE NORTHEAST CORNER OF SAID SECTION 6; THENCE SOUTH 00 DEGREES  09' 15" EAST, A DISTANCE OF 4,498.96 FEET TO THE SOUTH LINE OF THE LAND CONVEYED TO MARY CORDEIRO BY DEED RECORDED SEPTEMBER 18, 1974 AS FILE NO. 120470 OF OFFICIAL RECORDS; THENCE ALONG SAID SOUTH LINE NORTH 88 DEGREES  36' 23" WEST A DISTANCE OF 4,131.73 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID SOUTH LINE NORTH 88 DEGREES 36' 23" WEST, A DISTANCE OF 880.00 FEET; THENCE ALONG SAID SOUTH LINE NORTH 64 DEGREES  00' 41" WEST, A DISTANCE OF 299.00 FEET TO THE WEST LINE OF SECTION 6; THENCE ALONG SAID WEST LINE NORTH 00 DEGREES  08' 55" WEST, A DISTANCE OF 465.00 FEET; THENCE NORTH 83 DEGREES  55' 20" EAST, A DISTANCE OF 650.00 FEET; THENCE SOUTH 54 DEGREES  07' 32" EAST, A DISTANCE OF 625.00 FEET; THENCE SOUTH 00 DEGREES  33' 00" WEST A DISTANCE OF 320.00 FEET TO THE TRUE POINT OF BEGINNING.

## ASSIGNMENT AGREEMENT

KNOW ALL MEN BY THESE PRESENTS:  THAT, **[NAME OF GRANTOR]** ("Grantor"), for and in consideration of the sum of TEN DOLLARS AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to Grantor in hand paid by **[NAME OF GRANTEE]**, a Delaware limited liability company ("Grantee"), the receipt and sufficiency of which are hereby acknowledged and confessed, has GRANTED, SOLD, ASSIGNED, TRANSFERRED, CONVEYED and DELIVERED and does by these presents GRANT, SELL, ASSIGN, TRANSFER, CONVEY and DELIVER unto Grantee all assets, including all goodwill (other than the use of the name "SunCal") and other intangible property, owned by Grantor or otherwise used in connection with the ownership, development, construction management, and/or operation of the Premises (as hereinafter defined), any development rights with respect to the Premises or any personal property owned by the Grantor or otherwise used in connection with the Premises, or any portion thereof, including, without limitation: (i) any and all leases, subleases, licenses, use permits, contract rights, rental agreements, service agreements, management agreements, leasing agreements, purchase and sale agreements, option agreements, development agreements, consulting agreements, architectural and design agreements, engineering agreements, agreements granting or otherwise relating to any entitlements or other development rights, agreements with general contractors and subcontractors, construction agreements, guaranties, warranties and commitments and any other agreements, oral or written, similar to any of the foregoing relating to the Premises, any development rights with respect to the Premises or any personal property owned by the Grantor or otherwise used in connection with the Premises, as applicable (collectively, the "Contracts"), (ii) all rents, revenues, issues, profits, damages, royalties, receivables, income, notes and accounts receivable, reimbursements and other rights or benefits to payments of any kind arising out of the ownership, development, construction, management and/or operation of the Premises including, without limitation any amount of any proceeds derived from any community facility bonds, Mello-Roos bonds, and any other bonds issued or proposed to be issued by a governmental authority in connection with the development of any portion of the Premises (collectively, the "CFD Bonds") to which the Grantor is entitled to receive in reimbursement for any development, construction or other costs incurred in connection with the development or construction of any portion of the Premises or otherwise and all other rights and benefits arising under any CFD Bonds (collectively, "Revenues"), (iii) all names, trade style, trade names and logos used in connection with the Premises or any portion thereof, (iv) (1) all unapplied deposits including, without limitation, utility deposits, bond deposits, prepaid permit fees, prepaid impact fees and prepaid sewer, water or similar service deposits, (2) all funds, securities and other assets in any lockbox, reserve, escrow, pledged, operating, brokerage or any other account (which includes any and all operating accounts held by or on behalf of or otherwise owned by Grantor) and any other replacement or similar accounts held by Grantor or on behalf of Grantor (collectively, the "Accounts"), and (3) all purchase, earnest money, or other deposits made under any purchase and sale agreement respecting any portion of the Premises (collectively, the "Deposits"), (v) all claims, causes of action, choses in action, rights or remedies which Grantor may have, whether at law or in equity,

against any party in connection with or arising out of the ownership, operation, repair, development, construction, maintenance and/or management of the Premises or any portion thereof; (vi) all right, title and interest in, to and under any bond (including any payment and performance bonds and surety bonds) issued to or for the benefit of Grantor or for the benefit of the Premises or any portion thereof; and (vii) all books and records in the possession of Grantor or its respective agents relating to the ownership, operation, repair, development, construction, maintenance and/or management of the Premises, any development rights with respect to the Premises or any personal property owned by the Grantor or otherwise used in connection with the Premises, as applicable, including, without limitation, correspondence with purchasers, suppliers, contractors and subcontractors, booklets, manuals, utility contracts, marketing and advertising materials, soil testing and environmental reports and data, engineering data and reports, surveys, architectural and engineering plans and specifications, warranties, shop drawings and working drawings, tentative and final parcel and subdivision maps, licenses, easements, and such other rights as may be necessary for vehicular and pedestrian ingress and egress and the maintenance of utilities, parking, common areas and other site improvements, and other governmental permits, entitlements and permissions relating to the Premises and the development and/or operation thereof (all items described in this paragraph being hereinafter collectively referred to as the "Intangible Personal Property"), with respect to the real property and improvements more particularly described on Exhibit A attached hereto and made a part hereof (the "Premises").

Grantor does hereby agree to perform, execute and/or deliver with reasonable promptness after its receipt from Grantee of written demand for same, any and all such further acts and assurances as Grantee may reasonably require to properly consummate the transfer of ownership of the Intangible Personal Property to Grantee.

TO HAVE AND TO HOLD the Intangible Personal Property unto Grantee and Grantee's successors, legal representatives and assigns, forever.

This Assignment Agreement shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, devisees, legal and personal representatives, successors and assigns.

(Signature on Following Page)

**IN WITNESS WHEREOF**, the Grantor has duly executed and delivered this Assignment Agreement as of the ___ day of _____, 20__.

**GRANTOR:**

**[NAME OF GRANTOR]**

By: _____
Name: _____
Title: _____

**ACKNOWLEDGMENT**

STATE OF _____ )
           )   ss:
COUNTY OF _____ )

    On _____, 20__, before me, _____, Notary Public, personally appeared _____, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

    I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

    WITNESS my hand and official seal.

_____
Notary Public

SIGNATURE PAGE TO ASSIGNMENT AGREEMENT (MARBLEHEAD)

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND IS SITUATED IN THE CITY OF SAN CLEMENTE, COUNTY OF ORANGE, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

LOTS 1 THROUGH 313, INCLUSIVE AND LETTERED LOTS A THROUGH D, INCLUSIVE, F, I THROUGH N, INCLUSIVE, P THROUGH Z, INCLUSIVE, AA THROUGH LL, INCLUSIVE, QQ THROUGH ZZ, INCLUSIVE AND AAA THROUGH HHH, INCLUSIVE OF TRACT NO. 8817 IN THE CITY OF SAN CLEMENTE, COUNTY OF ORANGE, STATE OF CALIFORNIA, ON FILE IN BOOK 880, PAGES 1 THROUGH 31, INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE ORANGE COUNTY RECORDER.

EXCEPT THEREFROM ALL UNDERGROUND WATER AND WATER RIGHTS, IF ANY, BUT WITHOUT THE RIGHT OF SURFACE ENTRY, AS DEDICATED TO THE CITY OF SAN CLEMENTE PER RECITALS ON THE MAP OF TRACT 8817.

APN'S: 691-421-02 TO 04; 691-422-16; 691-423-01 TO 66; 691-424-01 TO 81; 691-431-01 TO 03, 05 TO 09 AND 12 TO 15; 691-434-01 TO 66; 691-435-01 TO 43, 45, 46 AND 48 TO 52; 691-436-01 TO 34 AND 691-437-01 TO 56.

## ASSIGNMENT AGREEMENT

KNOW ALL MEN BY THESE PRESENTS:  THAT, **[NAME OF GRANTOR]** ("Grantor"), for and in consideration of the sum of TEN DOLLARS AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to Grantor in hand paid by **[NAME OF GRANTEE]**, a Delaware limited liability company ("Grantee"), the receipt and sufficiency of which are hereby acknowledged and confessed, has GRANTED, SOLD, ASSIGNED, TRANSFERRED, CONVEYED and DELIVERED and does by these presents GRANT, SELL, ASSIGN, TRANSFER, CONVEY and DELIVER unto Grantee all assets, including all goodwill (other than the use of the name "SunCal") and other intangible property, owned by Grantor or otherwise used in connection with the ownership, development, construction management, and/or operation of the Premises (as hereinafter defined), any development rights with respect to the Premises or any personal property owned by the Grantor or otherwise used in connection with the Premises, or any portion thereof, including, without limitation: (i) any and all leases, subleases, licenses, use permits, contract rights, rental agreements, service agreements, management agreements, leasing agreements, purchase and sale agreements, option agreements, development agreements, consulting agreements, architectural and design agreements, engineering agreements, agreements granting or otherwise relating to any entitlements or other development rights, agreements with general contractors and subcontractors, construction agreements, guaranties, warranties and commitments and any other agreements, oral or written, similar to any of the foregoing relating to the Premises, any development rights with respect to the Premises or any personal property owned by the Grantor or otherwise used in connection with the Premises, as applicable (collectively, the "Contracts"), (ii) all rents, revenues, issues, profits, damages, royalties, receivables, income, notes and accounts receivable, reimbursements and other rights or benefits to payments of any kind arising out of the ownership, development, construction, management and/or operation of the Premises including, without limitation any amount of any proceeds derived from any community facility bonds, Mello-Roos bonds, and any other bonds issued or proposed to be issued by a governmental authority in connection with the development of any portion of the Premises (collectively, the "CFD Bonds") to which the Grantor is entitled to receive in reimbursement for any development, construction or other costs incurred in connection with the development or construction of any portion of the Premises or otherwise and all other rights and benefits arising under any CFD Bonds (collectively, "Revenues"), (iii) all names, trade style, trade names and logos used in connection with the Premises or any portion thereof, (iv) (1) all unapplied deposits including, without limitation, utility deposits, bond deposits, prepaid permit fees, prepaid impact fees and prepaid sewer, water or similar service deposits, (2) all funds, securities and other assets in any lockbox, reserve, escrow, pledged, operating, brokerage or any other account (which includes any and all operating accounts held by or on behalf of or otherwise owned by Grantor) and any other replacement or similar accounts held by Grantor or on behalf of Grantor (collectively, the "Accounts"), and (3) all purchase, earnest money, or other deposits made under any purchase and sale agreement respecting any portion of the Premises (collectively, the "Deposits"), (v) all claims, causes of action, choses in action, rights or remedies which Grantor may have, whether at law or in equity,