1  Richard M. Pachulski (CA Bar No. 90073)
   Dean A. Ziehl (CA Bar No. 84529)
2  Robert B. Orgel (CA Bar No. 101875)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Boulevard, Suite 1300
   Los Angeles, California 90067
4  Telephone: (310) 277-6910
   Facsimile: (310) 201-0760
5
       -- and --
6
   Edward Soto (admitted *pro hac vice*)
7  Alfredo R. Perez (admitted pro hac vice)
   WEIL, GOTSHAL & MANGES LLP
8  767 Fifth Avenue
   New York, NY 10153-0119
9  Telephone: (212) 310-8000
   Facsimile: (212) 310-8007
10
   Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
11 Northlake Holdings LLC and OVC Holdings LLC

12 William N. Lobel (CA Bar No. 93202)
   Mike D. Neue (CA Bar No. 179303)
13 THE LOBEL FIRM, LLP
   840 Newport Center Drive, Suite 750
14 Newport Beach, California 92660
   Telephone: (949) 999-2860
15 Facsimile: (949) 999-2870

16 General Insolvency Counsel for Steven M. Speier,
   the Chapter 11 Trustee for the Trustee Debtors

                    **UNITED STATES BANKRUPTCY COURT**
17
                    **CENTRAL DISTRICT OF CALIFORNIA**
18
                         **SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:08-bk-17206-ES |
| Palmdale Hills Property, LLC, and its Related Debtors, Jointly Administered Debtors and Debtors-In-Possession. | Jointly Administered Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; |
| Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC | 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574-ES; 8:08-bk-17575-ES 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**DECLARATION OF MARIA A. BOVE WITH RESPECT TO SUBMISSION OF BALLOTS ON THE *THIRD AMENDED*** |

| | |
|---|---|
| ☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC<br>☒ LB-L-SunCal Oak Valley, LLC<br>☒ SunCal Heartland, LLC<br>☒ LB-L-SunCal Northlake, LLC<br>☒ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☒ SunCal PSV, LLC<br>☒ Delta Coves Venture, LLC<br>☒ SunCal Torrance, LLC<br>☒ SunCal Oak Knoll, LLC | **JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND LEHMAN CREDITORS**<br><br>**Confirmation Hearing:**<br>Date:   October 24, 2011<br>Time:   9:30 AM<br>Place:  Courtroom 5A<br>          411 West Fourth Street<br>          Santa Ana, CA 92701 |

I, MARIA A. BOVE, declare and state as follows:

1.     I am of counsel at Pachulski Stang Ziehl & Jones LLP ("PSZJ"), counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC (collectively, the "Lehman Creditors"). I am over the age of 18 years and not a party to this action. As required by the *Order (A) Approving Plan Solicitation, Notice, and Voting Procedures and (B) Establishing Deadlines in Connection with Solicitation and Confirmation with Respect to All Pending Plans* [Docket No. 2453] (the "Solicitation Procedures Order") entered by the Court on August 1, 2011 and LBR- 3018-1, I submit this declaration with respect to the submission of Ballots on the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* [Docket No. 2595] (the "TD Plan")[1] filed by the Trustee and Lehman Creditors. The matters stated herein are within my own knowledge and, if called as a witness, I could and would competently testify thereto.

2.     Attached as Exhibit A-1 are true and correct copies of all Ballots on the TD Plan with respect to SunCal Oak Valley received by PSZJ as of September 26, 2011.

3.     Attached as Exhibit A-2 are true and correct copies of all Ballots on the TD Plan with respect to SunCal Heartland received by PSZJ as of September 26, 2011.

4.     Attached as Exhibit A-3 are true and correct copies of all Ballots on the TD Plan with respect to SunCal Northlake received by PSZJ as of September 26, 2011.

5.     Attached as Exhibit A-4 are true and correct copies of all Ballots on the TD Plan with respect to SunCal Marblehead received by PSZJ as of September 26, 2011.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the TD Plan or the Solicitation Procedures Order, as applicable.

6.      Attached as Exhibit A-5 are true and correct copies of all Ballots on the TD Plan with respect to SunCal PSV received by PSZJ as of September 26, 2011.

7.      Attached as Exhibit A-6 are true and correct copies of all Ballots on the TD Plan with respect to Delta Coves received by PSZJ as of September 26, 2011.

8.      Attached as Exhibit A-7 are true and correct copies of all Ballots on the TD Plan with respect to SunCal Torrance received by PSZJ as of September 26, 2011.

9.      Attached as Exhibit A-8 are true and correct copies of all Ballots on the TD Plan with respect to SunCal Oak Knoll received by PSZJ as of September 26, 2011.

10.     Attached as Exhibit A-9 are true and correct copies of all Ballots on the TD Plan containing errors that were received by PSZJ as of September 26, 2011.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 26th day of September 2011
at New York, New York

Maria A. Bove

1

**Exhibit A-1**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



RECEIVED
SEP -8 2011

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1300
Los Angeles, California  90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

-- and --

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue
Suite 1200
Miami, Florida  33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California  92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

In re:
Palmdale Hills Property, LLC, and Its Related Debtors,
Jointly Administered Debtors and
Debtors-In-Possession.

Affects:
- [ ] All Debtors
- [ ] Palmdale Hills Property, LLC
- [ ] SunCal Beaumont Heights, LLC
- [ ] SCC/Palmdale, LLC
- [ ] SunCal Johannson Ranch, LLC
- [ ] SunCal Summit Valley, LLC
- [ ] SunCal Emerald Meadows, LLC
- [ ] SunCal Bickford Ranch, LLC
- [ ] Acton Estates, LLC
- [ ] Seven Brothers, LLC
- [ ] SJD Partners, Ltd.

Case No.: 8:08-bk-17206-ES
Jointly Administered Case Nos.
8:08-bk-17209-ES; 8:08-bk-17240-ES;
8:08-bk-17224-ES; 8:08-bk-17242-ES;
8:08-bk-17225-ES; 8:08-bk-17245-ES;
8:08-bk-17227-ES; 8:08-bk-17246-ES;
8:08-bk-17230-ES; 8:08-bk-17231-ES;
8:08-bk-17236-ES; 8:08-bk-17248-ES;
8:08-bk-17249-ES; 8:08-bk-17573-ES;
8:08-bk-17574-ES; 8:08-bk-17575-ES
8:08-bk-17404-ES; 8:08-bk-17407-ES;
8:08-bk-17408-ES; 8:08-bk-17409-ES;
8:08-bk-17458-ES; 8:08-bk-17465-ES;
8:08-bk-17470-ES; 8:08-bk-17472-ES;
and 8:08-bk-17588-ES

Chapter 11

☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☒ LB-L-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

## BALLOT FOR VOTING CLAIMS IN CLASS 6 (RELIANCE CLAIMS) AND CLASS 7 (GENERAL UNSECURED CLAIMS)

Steven M. Speier, as the Chapter 11 Trustee for the following eight debtors in the above-captioned cases: L-BL-SunCal Oak Valley, LLC; SunCal Heartland, LLC; L-BL-SunCal Northlake, LLC; SunCal Marblehead, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance, LLC; and SunCal Oak Knoll, LLC, and Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC have filed the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* (the "Plan")[1] and the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors*, copies of which are included among the materials accompanying this Ballot and have also been posted on the Court's docket at www.cacb.uscourts.gov.

You have received this Ballot because the Plan Proponents believe that you assert to be the Holder of one or more Claims in 6 (Reliance Claims) ("Class 6") and/or Class 7 (General Unsecured Claims) ("Class 7") under the Plan. Please use this Ballot to cast your vote to accept or reject the Plan, and make the other certifications set forth below. The Disclosure Statement, which has been approved by the entry of an order by the Court pursuant to section 1125 of the Bankruptcy Code, and the order entered by the Court approving procedures in connection with solicitation of the Plan (the "Solicitation Procedures Order") provide information to assist you in deciding how to vote on the Plan. The Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you have not received or wish to obtain a printed copy of the Disclosure Statement, Plan or Solicitation Procedures Order, please submit a written request to Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

> You should review the Disclosure Statement, the Plan and the Solicitation Procedures Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan.

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

---

**VOTING DEADLINE:** SEPTEMBER 19, 2011.

If your Ballot is not received by mail or hand delivery at the address below on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

Your vote will not count to the extent your claim is: (1) untimely and unscheduled (that is, (a) it is was not timely filed by the applicable bar date and was not appropriately scheduled in the applicable Debtor's schedules as undisputed, liquidated and non-contingent and (b) it was not deemed timely filed pursuant to an order of the Court prior to or on the Voting Deadline of September 19, 2011); (2) partially unliquidated (your vote will not count as to the unliquidated portion only); (3) a duplicate claim (you are permitted to vote your Claim only once); or (4) subject to a pending objection filed by August 25, 2011, unless the Court issues an Order by confirmation of the Plan allowing your Claim or temporarily allowing it for voting purposes. To seek temporary allowance of your Claim, you first may file a motion with the Court requesting (or request that the Plan Proponents enter into an agreement with you requesting) pursuant to Bankruptcy Rule 3018(a) that your Claim be temporarily allowed for voting purposes, which motion (or agreement) must be filed with the Court by September 26, 2011. Then, you must appear at the Confirmation Hearing beginning October 24, 2011 at 9:30 a.m. before the Honorable Erithe A. Smith, 411 West Fourth Street, Courtroom 5A, Central District of California (Santa Ana Division), Santa Ana, California 92701 at which hearing the Court will consider your motion or the agreement for temporary allowance of your Claim. (Other parties may object to any such motion or agreement no later than October 7, 2011 and you are permitted to file a reply to any objections no later than October 14, 2011.)

---

This Ballot is not a letter of transmittal and may not be used for any purpose other than for a Holder of a Claim (i) to cast a vote to accept or reject the Plan, (ii) to indicate whether it is the Holder of a Reliance Claim entitled to vote such Claim in Class 6, a General Unsecured Claim entitled to vote such Claim in Class 7, or partially each, and (iii) whether such Holder elects that, if its Claim is Allowed, the Holder will receive the Lehman Distribution Enhancement, if its Claim is Allowed, and provide the Lehman Released Parties with the Creditor's Assignment / Release for Lehman.

---

**HOW TO VOTE**

1.    COMPLETE ITEM 1.

2.    COMPLETE ITEM 2b and/or 2c.

3.    OPTIONAL: YOU MAY ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT AND PROVIDE THE LEHMAN RELEASED PARTIES WITH THE CREDITOR'S ASSIGNMENT / RELEASE FOR LEHMAN. COMPLETE ITEM 3 TO MAKE THIS ELECTION.

4.    COMPLETE ITEM 4.

---

5.    REVIEW THE CERTIFICATION.

6.    **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED
      INFORMATION.**

7.    YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 6 RELIANCE
      CLAIMS AND CLASS 7 GENERAL UNSECURED CLAIMS AGAINST ANY
      PARTICULAR DEBTOR EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU
      MAY NOT SPLIT YOUR VOTE AS TO A PARTICULAR DEBTOR.

8.    ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN
      ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN
      ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED.**

9.    FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY
      COMPLETED AND ACTUALLY **RECEIVED** AT THE ADDRESS SET FORTH
      BELOW NO LATER THAN **SEPTEMBER 19, 2011.**  YOU MAY USE THE
      ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE ADDRESS SET FORTH
      BELOW:

By Courier, Hand Delivery or U.S. Mail:  Pachulski Stang Ziehl & Jones LLP, Attn:  Michael
      Matteo, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067

Item 1:  Voting of Class 6 Reliance Claims and/or Class 7 General Unsecured Claims.


      The Holder of the Class 6 Reliance Claims and/or Class 7 General Unsecured Claims
identified in this Ballot votes as follows (check one box only—if you do not check a box or if you
check both boxes, your vote will **not be counted**):

                    ☐ Accept the Plan  OR  ☒ Reject the Plan


Item 2:  Designation of Claims Being Voted as Class 6 Reliance Claim, Class 7 General
         Unsecured Claim or Partially Each.

      a.  Definition of Reliance Claim:

            Under the Plan, a Reliance Claim is a non-priority, unsecured Claim, including a
Bond Claim, against a TD Plan Debtor, which Claim has the following attributes:

            (i)      The Claim is for money, goods, services or new credit voluntarily transferred
            or voluntarily extended to one or more of the TD Plan Debtors between the Reliance
            Date (August 1, 2007) and the applicable Petition Date(s) (*i.e.*, between November
            12, 2008 and November 19, 2008), but not if transferred or extended on account of
            an existing obligation;

DOCS_LA:243214.2 52063-001                              -4-

(ii) · The Claim was timely of record as follows: either (1) filed by the Primary Claims Bar Date which was (March 31, 2009 for most non-priority, unsecured Claims) or (2) filed late, but by March 25, 2011 in accordance with a Final Order or (3) listed on the filed Schedules by March 25, 2011 as an undisputed non-contingent, liquidated Scheduled Claim; and

(iii)    The Claim is not any of the following:

   (a)    a Claim at any time held by an Insider;
   (b)    a Claim of a Lehman Creditor (other than a Lehman-Owned Settling Bond Issuer-Related Claim); or
   (c)    a Settling Bond Issuer-Related Future Work Claim.

Solely for your convenience and benefit, attached as Exhibit D to the Plan is a non-exhaustive list of potential Reliance Claims against TD Plan Debtors, subject to the conditions set forth in such exhibit and section 5.2 of the Disclosure Statement. **You should review Exhibit D to the Plan prior to completing this section.**

   b. Amount, if any, of asserted Class 6 Reliance Claims:

      The undersigned certifies that, as of August 1, 2011, the undersigned held one or more Class 6 Reliance Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

   Claim Amount: $_____    TD Plan Debtor: _____

   c. Amount, if any, of Class 7 General Unsecured Claims.

      The undersigned certifies that, as of **August 1, 2011**, the undersigned held one or more Class 7 General Unsecured Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

   *Claim Amount: $ 5,300.00    TD Plan Debtor: LB-L-Simrel Oak Valley, LLC

Item 3:  **OPTIONAL.** Lehman Distribution Enhancement and Creditor's Assignment / Release for Lehman.

      Under the Plan, a Holder of a Class 6 Reliance Claim or Class 7 General Unsecured Claim **may** elect to receive the Lehman Distribution Enhancement (payable if the Holder's Claim is Allowed) by affording the Lehman Released Parties the Creditor's Assignment / Release for Lehman. **By checking the box below, you are electing** to afford the Lehman Released Parties the Creditor's Assignment / Release for Lehman as described in Section 8.8.1 of the

*SCC Acquisitions, Inc. objects to the classification of its claim in this Plan as a Class 7 General Unsecured Claim, and by this vote does not waive, and expressly reserves, all rights to move the Bankruptcy Court to determine that the claim of SCC Acquisitions, Inc. should be properly classified as a Class 6 Reliance Claim, and upon such determination by the Bankruptcy Court, this ballot as completed shall be deemed to be the vote of SCC Acquisitions, Inc. as a Class 6 Reliance Claim.

Plan and attached as **Exhibit A** and, thus, electing that, if your Claim is Allowed, you will receive the Lehman Distribution Enhancement (a total 5% Cash Distribution for Holders of Allowed Class 7 General Unsecured Claims and a total 40% to 50% Cash Distribution for Holders of Allowed Class 6 Reliance Claims) if your Claim is Allowed and the Plan becomes effective. If you do not elect to receive the Lehman Enhanced Distribution, you will receive an unconditional, guaranteed Cash Distribution equal to 1% of your Allowed Claim. (Your vote to accept or reject the Plan will be counted whether or not you make this election.)

        ☐ Yes, the Undersigned elects to receive Lehman Distribution Enhancement and provide Lehman Released Parties with Creditor's Assignment / Release for Lehman

Item 4:

The Voluntary Debtors and SCC Acquisitions, Inc. ("<u>Acquisitions</u>") simultaneously are soliciting acceptances for a plan or plans (each an "<u>Alternative Plan</u>") affecting all or some of the same Debtors and Estates as the Plan being solicited herewith by the Trustee and Lehman Creditors. As a result, some Creditors will have the opportunity to vote as to a particular Claim on both this Plan and on a competing Alternative Plan. Where there are competing plans for the same Debtor, although Confirmation can occur only as to one plan for each Debtor, Creditors of such Debtor may vote each Claim in favor of both plans, against both plans or for one plan and against another. If Creditors vote to accept both applicable plans, and the plans otherwise satisfy the requirements set forth in the Bankruptcy Code, the Court will decide which plan is in the best interest of all Creditors of such Debtor, taking into account the preferences of Creditors and equity security holders in accordance with section 1129(c) of the Bankruptcy Code. Please check the appropriate box below to indicate, as to the Claim you are voting with this Ballot, your preference for the Plan proposed by the Trustee and Lehman Creditors, your preference for the Alternative Plan proposed by the Voluntary Debtors and Acquisitions, or no preference with respect to any such plans.

        ☐ **Prefer the Plan proposed by the Trustee and Lehman Creditors**

        ☒ **Prefer the Alternative Plan(s) proposed by the Voluntary Debtors and Acquisitions**

        ☐ **No Preference**

Item 5: <u>Certification</u>. By returning this Ballot, the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above certifies that (a) this Ballot is the only Ballot submitted for the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above against the particular, applicable TD Plan Debtor, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above, (c) it was the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s)

identified in Item 2 above as of **August 1, 2011**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED. THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: _SCC Acquisition, Inc._
(Print or Type)

Signature: _____

Print Name: _Bruce Cook_

Title: _General Counsel_
(If Applicable)

Street Address: _2392 Morse Avenue_

City, State, Zip Code: _Irvine, CA 92614_

Telephone Number: _949-777-4000_

Date Completed: _September 7, 2011_

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY SEPTEMBER 19, 2011, OR YOUR VOTE WILL NOT BE COUNTED.**

        IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE SUBMIT A WRITTEN REQUEST TO: Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

DOCS_LA:243214.2 52063-001                    7

## Exhibit A – Creditor's Assignment / Release for Lehman

### (Applicable Only if Lehman Distribution Enhancement Elected on Ballot)

In exchange for the Lehman Distribution Enhancement,[1] each Creditor who holds a Reliance Claim or General Unsecured Claim (or is deemed to hold such a Claim based on its waiver of any contentions that it holds a Secured Claim) and checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written assignment or assignment or release in accordance with the Plan, whether or not the Creditor votes in favor of the Plan, automatically upon the occurrence of the Effective Date, assigns to the applicable Lehman Creditor (or if multiple applicable Lehman Creditors, to the Lehman Creditor holding the most senior Lien against the applicable Plan Project) all rights, benefits and interests of the assigning Holder, including, without limitation, Proofs of Claim and Encumbrances (each a "Claim Right" and collectively, the "Claim Rights") with respect to all such Holder's Reliance Claims, General Unsecured Claims, and, if any, Lehman Released Claims held as of the Disclosure Hearing Date and as might arise after the Disclosure Hearing Date as a result of an avoided transfer, with such assignment to be effective immediately upon the Effective Date. Such assignments are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. To the extent any such assignment is not effective to assign all of any such Reliance Claim, General Unsecured Claim or Lehman Released Claim or all of any such Claim Rights, each Holder of the applicable Reliance Claim or General Unsecured Claim who, in exchange for the Lehman Distribution Enhancement, checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written release or assignment and release in accordance with the Plan, automatically upon the occurrence of the Effective Date, unconditionally, irrevocably and generally releases, acquits and forever discharges, waives and relinquishes the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees, with such release to be effective immediately after the moment that the assignment was to become effective. Such releases are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. SUCH RELEASES INCLUDE AN EXPRESS, INFORMED, KNOWING AND VOLUNTARY WAIVER AND RELINQUISHMENT TO THE FULLEST EXTENT PERMITTED BY LAW OF RIGHTS UNDER SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH READS AS FOLLOWS, AND UNDER ANY SIMILAR OR COMPARABLE LAWS ANYWHERE IN THE WORLD:

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors.*

**A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Each releasing Creditor, by the release, waives and relinquishes any right or benefit that such Creditor has or may have under section 1542 of the California Civil Code or any similar provision of statutory or non-statutory law of California or any other jurisdiction to the fullest extent that such releasing Creditor may lawfully waive such rights and benefits pertaining to the subject matter of the release set forth above. In that regard, each such releasing Creditor, by the release, further acknowledges that such Creditor is aware that such Creditor or the attorneys of such Creditor may hereafter discover claims or facts in addition to or different from those which such Creditor or such attorneys now know or believe to exist with respect to the subject matter of the release, and that it is each such releasing Creditor's intention fully, finally, and forever to settle and release the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor is expressly acknowledging that it understands that, notwithstanding the discovery or existence of any such additional or different claims or facts, the release shall be and remain in full force and effect as a full and complete general release with respect to the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor further acknowledges that no released Person has made any representation of any kind or character whatsoever in order to induce the execution of the release other than the Disclosure Statement for which certain released Persons are Proponents, subject to its disclaimers.

In each case, neither the assignment nor the release shall include for General Unsecured Claims or Reliance Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) (1) a Creditor's rights under the Plan to the Lehman Creditor Distribution Funding and (2) the proportional share of Residual Cash attributable under the Plan to the Claims so assigned or released. Moreover, for clarity, (A) neither the assignment nor the release shall preclude a Creditor holding an assigned or released Claim from opposing or responding defensively to the Filing of an objection to such Claim or request for determination of such Claim's status as a Reliance Claim (nor preclude such Filing of an objection to the Claim or request for determination of such Claim's status as a Reliance Claim); (B) neither the assignment nor the release includes any Claim of a Creditor against a Bond Issuer arising under a Project Bond to the extent such Claim is severable from any and all of such Creditor's General Unsecured Claims, Reliance Claims, Lehman Released Claims and Claim Rights; and (C) neither the assignment nor the release shall preclude a Creditor against which the Liquidating Trustee asserts a Remaining Litigation Claim from opposing or responding defensively to such Remaining Litigation Claim, including assertion of its Claims for offset, recoupment or setoff

purposes (nor preclude the Liquidating Trustee from asserting any Remaining Litigation Claims against such Creditor).

On or as soon as practicable after the Effective Date, the assigning and/or releasing Creditor shall dismiss (with prejudice), all litigation pending against a Lehman Released Party with respect to a Lehman Released Claim, with all parties to bear their own costs and professional fees. The assigning and/or releasing Creditor also shall take all appropriate steps to withdraw, dismiss or release any Encumbrances it may hold or have asserted against any of the Plan Projects or other Assets of the TD Plan Debtors as a condition of receipt of its Distributions under the Plan.

If the Ballot is appropriately marked to indicate the Creditor's election to receive the Lehman Distribution Enhancement in exchange for the Creditor's Assignment / Release for Lehman, the Confirmation Order, without more, shall effectuate the assignment and / or release, waiver and relinquishment described or referenced herein for the Lehman Released Parties and / or Trustee, in accordance herewith. Nonetheless, and regardless of whether the Ballot is appropriately marked: (a) the Lehman Creditors may require the Creditor electing to receive the Lehman Distribution Enhancement to execute and deliver to the Trustee, Liquidating Trustee or a Lehman Released Party, a separate Creditor's Assignment / Release for Lehman in a form determined by the Lehman Released Party and reasonably consistent herewith; and (b) a condition subsequent to the assignment and release shall be the disallowance of all Claims of the Creditor electing to receive the Lehman Distribution Enhancement prior to the Creditor receiving any of the Lehman Distribution Enhancement.

If such condition subsequent to a particular Creditor's Assignment / Release for Lehman shall occur: (i) the applicable Creditor's Assignment / Release for Lehman shall be void and (ii) if such Creditor dismissed any litigation pending against a Lehman Released Party with respect to a Lehman Released Claim with the dismissal reciting it was based on the Plan's assignment and release for such Lehman Released Party, then such the Lehman Released Party shall stipulate to reinstatement of such litigation (subject to all applicable defenses, objections and other rights of the applicable Lehman Released Party); provided that such voidance of the applicable Creditor's Assignment / Release for Lehman shall not limit or affect any other provision or effect of the Plan, including, without limitation, such voidance of an applicable Creditor's Assignment / Release for Lehman shall not preserve or restore any Encumbrances from which a Plan Project is conveyed free and clear under the Plan.





Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1300
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

-- and --

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES |
| Affects:<br>☐  All Debtors<br>☐  Palmdale Hills Property, LLC<br>☐  SunCal Beaumont Heights, LLC<br>☐  SCC/Palmdale, LLC<br>☐  SunCal Johannson Ranch, LLC<br>☐  SunCal Summit Valley, LLC<br>☐  SunCal Emerald Meadows, LLC<br>☐  SunCal Bickford Ranch, LLC<br>☐  Acton Estates, LLC<br>☐  Seven Brothers, LLC<br>☐  SJD Partners, Ltd. | Chapter 11 |

1

☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☒ LB-L-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

**BALLOT FOR VOTING CLAIMS IN CLASS 6 (RELIANCE CLAIMS) AND
CLASS 7 (GENERAL UNSECURED CLAIMS)**

Steven M. Speier, as the Chapter 11 Trustee for the following eight debtors in the above-captioned cases: L-BL-SunCal Oak Valley, LLC; SunCal Heartland, LLC; L-BL-SunCal Northlake, LLC; SunCal Marblehead, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance, LLC; and SunCal Oak Knoll, LLC, and Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC have filed the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* (the "Plan")[1] and the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors,* copies of which are included among the materials accompanying this Ballot and have also been posted on the Court's docket at www.cacb.uscourts.gov.

You have received this Ballot because the Plan Proponents believe that you assert to be the Holder of one or more Claims in 6 (Reliance Claims) ("Class 6") and/or Class 7 (General Unsecured Claims) ("Class 7") under the Plan. Please use this Ballot to cast your vote to accept or reject the Plan, and make the other certifications set forth below. The Disclosure Statement, which has been approved by the entry of an order by the Court pursuant to section 1125 of the Bankruptcy Code, and the order entered by the Court approving procedures in connection with solicitation of the Plan (the "Solicitation Procedures Order") provide information to assist you in deciding how to vote on the Plan. The Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you have not received or wish to obtain a printed copy of the Disclosure Statement, Plan or Solicitation Procedures Order, please submit a written request to Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

> **You should review the Disclosure Statement, the Plan and the Solicitation Procedures Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan.**

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

**VOTING DEADLINE:** SEPTEMBER 19, 2011.

If your Ballot is not received by mail or hand delivery at the address below on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

Your vote will not count to the extent your claim is: (1) untimely and unscheduled (that is, (a) it is was not timely filed by the applicable bar date and was not appropriately scheduled in the applicable Debtor's schedules as undisputed, liquidated and non-contingent and (b) it was not deemed timely filed pursuant to an order of the Court prior to or on the Voting Deadline of September 19, 2011); (2) partially unliquidated (your vote will not count as to the unliquidated portion only); (3) a duplicate claim (you are permitted to vote your Claim only once); or (4) subject to a pending objection filed by August 25, 2011, unless the Court issues an Order by confirmation of the Plan allowing your Claim or temporarily allowing it for voting purposes. To seek temporary allowance of your Claim, you first may file a motion with the Court requesting (or request that the Plan Proponents enter into an agreement with you requesting) pursuant to Bankruptcy Rule 3018(a) that your Claim be temporarily allowed for voting purposes, which motion (or agreement) must be filed with the Court by September 26, 2011. Then, you must appear at the Confirmation Hearing beginning October 24, 2011 at 9:30 a.m. before the Honorable Erithe A. Smith, 411 West Fourth Street, Courtroom 5A, Central District of California (Santa Ana Division), Santa Ana, California 92701 at which hearing the Court will consider your motion or the agreement for temporary allowance of your Claim. (Other parties may object to any such motion or agreement no later than October 7, 2011 and you are permitted to file a reply to any objections no later than October 14, 2011.)

This Ballot is not a letter of transmittal and may not be used for any purpose other than for a Holder of a Claim (i) to cast a vote to accept or reject the Plan, (ii) to indicate whether it is the Holder of a Reliance Claim entitled to vote such Claim in Class 6, a General Unsecured Claim entitled to vote such Claim in Class 7, or partially each, and (iii) whether such Holder elects that, if its Claim is Allowed, the Holder will receive the Lehman Distribution Enhancement, if its Claim is Allowed, and provide the Lehman Released Parties with the Creditor's Assignment / Release for Lehman.

**HOW TO VOTE**

1.   COMPLETE ITEM 1.

2.   COMPLETE ITEM 2b and/or 2c.

3.   **OPTIONAL:** YOU MAY ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT AND PROVIDE THE LEHMAN RELEASED PARTIES WITH THE CREDITOR'S ASSIGNMENT / RELEASE FOR LEHMAN. COMPLETE ITEM 3 TO MAKE THIS ELECTION.

4.   COMPLETE ITEM 4.

5.    REVIEW THE CERTIFICATION.

6.    **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

7.    YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 6 RELIANCE CLAIMS AND CLASS 7 GENERAL UNSECURED CLAIMS AGAINST ANY PARTICULAR DEBTOR EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE AS TO A PARTICULAR DEBTOR.

8.    ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED.**

9.    FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** AT THE ADDRESS SET FORTH BELOW NO LATER THAN **SEPTEMBER 19, 2011.** YOU MAY USE THE ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE ADDRESS SET FORTH BELOW:

By Courier, Hand Delivery or U.S. Mail: Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067

Item 1:  Voting of Class 6 Reliance Claims and/or Class 7 General Unsecured Claims.

The Holder of the Class 6 Reliance Claims and/or Class 7 General Unsecured Claims identified in this Ballot votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote will not be counted):

☐ **Accept the Plan  OR  ☒ Reject the Plan**

Item 2:  Designation of Claims Being Voted as Class 6 Reliance Claim, Class 7 General Unsecured Claim or Partially Each.

a.  Definition of Reliance Claim:

Under the Plan, a Reliance Claim is a non-priority, unsecured Claim, including a Bond Claim, against a TD Plan Debtor, which Claim has the following attributes:

(i)    The Claim is for money, goods, services or new credit voluntarily transferred or voluntarily extended to one or more of the TD Plan Debtors between the Reliance Date (August 1, 2007) and the applicable Petition Date(s) (*i.e.*, between November 12, 2008 and November 19, 2008), but not if transferred or extended on account of an existing obligation;

(ii)   The Claim was timely of record as follows:  either (1) filed by the Primary Claims Bar Date which was (March 31, 2009 for most non-priority, unsecured Claims) or (2) filed late, but by March 25, 2011 in accordance with a Final Order or (3) listed on the filed Schedules by March 25, 2011 as an undisputed non-contingent, liquidated Scheduled Claim; and

(iii)   The Claim is not any of the following:

(a)   a Claim at any time held by an Insider;

(b)   a Claim of a Lehman Creditor (other than a Lehman-Owned Settling Bond Issuer-Related Claim); or

(c)   a Settling Bond Issuer-Related Future Work Claim.

Solely for your convenience and benefit, attached as Exhibit D to the Plan is a non-exhaustive list of potential Reliance Claims against TD Plan Debtors, subject to the conditions set forth in such exhibit and section 5.2 of the Disclosure Statement. **You should review Exhibit D to the Plan prior to completing this section.**

b.   Amount, if any, of asserted Class 6 Reliance Claims:

The undersigned certifies that, as of **August 1, 2011,** the undersigned held one or more Class 6 Reliance Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $_____          TD Plan Debtor: _____

c.   Amount, if any, of Class 7 General Unsecured Claims.

The undersigned certifies that, as of **August 1, 2011,** the undersigned held one or more Class 7 General Unsecured Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

*Claim Amount: $1,163,688.91          TD Plan Debtor: LB-L-SunCal Oak Valley, LLC

Item 3:  **OPTIONAL.**  Lehman Distribution Enhancement and Creditor's Assignment / Release for Lehman.

Under the Plan, a Holder of a Class 6 Reliance Claim or Class 7 General Unsecured Claim **may** elect to receive the Lehman Distribution Enhancement (payable if the Holder's Claim is Allowed) by affording the Lehman Released Parties the Creditor's Assignment / Release for Lehman. By checking the box below, you are electing to afford the Lehman Released Parties the Creditor's Assignment / Release for Lehman as described in Section 8.8.1 of the

*SunCal Management, LLC objects to the classification of its claim in this Plan as a Class 7 General Unsecured Claim, and by this vote does not waive, and expressly reserves, all rights to move the Bankruptcy Court to determine that the claim of SunCal Management, LLC should be properly classified as a Class 6 Reliance Claim, and upon such determination by the Bankruptcy Court, this ballot as completed shall be deemed to be the vote of SunCal Management, LLC as a Class 6 Reliance Claim.

Plan and attached as **Exhibit A** and, thus, electing that, if your Claim is Allowed, you will receive the Lehman Distribution Enhancement (a total 5% Cash Distribution for Holders of Allowed Class 7 General Unsecured Claims and a total 40% to 50% Cash Distribution for Holders of Allowed Class 6 Reliance Claims) if your Claim is Allowed and the Plan becomes effective. If you do not elect to receive the Lehman Enhanced Distribution, you will receive an unconditional, guaranteed Cash Distribution equal to 1% of your Allowed Claim. (Your vote to accept or reject the Plan will be counted whether or not you make this election.)

        □ Yes, the Undersigned elects to receive Lehman Distribution Enhancement and provide Lehman Released Parties with Creditor's Assignment / Release for Lehman

Item 4:

The Voluntary Debtors and SCC Acquisitions, Inc. ("Acquisitions") simultaneously are soliciting acceptances for a plan or plans (each an "Alternative Plan") affecting all or some of the same Debtors and Estates as the Plan being solicited herewith by the Trustee and Lehman Creditors. As a result, some Creditors will have the opportunity to vote as to a particular Claim on both this Plan and on a competing Alternative Plan. Where there are competing plans for the same Debtor, although Confirmation can occur only as to one plan for each Debtor, Creditors of such Debtor may vote each Claim in favor of both plans, against both plans or for one plan and against another. If Creditors vote to accept both applicable plans, and the plans otherwise satisfy the requirements set forth in the Bankruptcy Code, the Court will decide which plan is in the best interest of all Creditors of such Debtor, taking into account the preferences of Creditors and equity security holders in accordance with section 1129(c) of the Bankruptcy Code. Please check the appropriate box below to indicate, as to the Claim you are voting with this Ballot, your preference for the Plan proposed by the Trustee and Lehman Creditors, your preference for the Alternative Plan proposed by the Voluntary Debtors and Acquisitions, or no preference with respect to any such plans.

        □ **Prefer the Plan proposed by the Trustee and Lehman Creditors**

        ☒ **Prefer the Alternative Plan(s) proposed by the Voluntary Debtors and Acquisitions**

        □ **No Preference**

Item 5: Certification. By returning this Ballot, the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above certifies that (a) this Ballot is the only Ballot submitted for the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above against the particular, applicable TD Plan Debtor, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above, (c) it was the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s)

identified in Item 2 above as of **August 1, 2011**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.  THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: _Sun Cal Management, LLC_
(Print or Type)

Signature: _Bill_

Print Name: _Bruce Cook_

Title: _General Counsel_
(If Applicable)

Street Address: _2392 Morse Avenue_

City, State, Zip Code: _Irvine, CA 92614_

Telephone Number: _949-777-4000_

Date Completed: _September 7, 2011_

---

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY SEPTEMBER 19, 2011, OR YOUR VOTE WILL NOT BE COUNTED.**

---

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE SUBMIT A WRITTEN REQUEST TO: Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

**Exhibit A – Creditor's Assignment / Release for Lehman**

**(Applicable Only if Lehman Distribution Enhancement Elected on Ballot)**

In exchange for the Lehman Distribution Enhancement,[1] each Creditor who holds a Reliance Claim or General Unsecured Claim (or is deemed to hold such a Claim based on its waiver of any contentions that it holds a Secured Claim) and checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written assignment or assignment and release in accordance with the Plan, whether or not the Creditor votes in favor of the Plan, automatically upon the occurrence of the Effective Date, assigns to the applicable Lehman Creditor (or if multiple applicable Lehman Creditors, to the Lehman Creditor holding the most senior Lien against the applicable Plan Project) all rights, benefits and interests of the assigning Holder, including, without limitation, Proofs of Claim and Encumbrances (each a "Claim Right" and collectively, the "Claim Rights") with respect to all such Holder's Reliance Claims, General Unsecured Claims, and, if any, Lehman Released Claims held as of the Disclosure Hearing Date and as might arise after the Disclosure Hearing Date as a result of an avoided transfer, with such assignment to be effective immediately upon the Effective Date. Such assignments are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. To the extent any such assignment is not effective to assign all of any such Reliance Claim, General Unsecured Claim or Lehman Released Claim or all of any such Claim Rights, each Holder of the applicable Reliance Claim or General Unsecured Claim who, in exchange for the Lehman Distribution Enhancement, checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written release or assignment and release in accordance with the Plan, automatically upon the occurrence of the Effective Date, unconditionally, irrevocably and generally releases, acquits and forever discharges, waives and relinquishes the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees, with such release to be effective immediately after the moment that the assignment was to become effective. Such releases are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. SUCH RELEASES INCLUDE AN EXPRESS, INFORMED, KNOWING AND VOLUNTARY WAIVER AND RELINQUISHMENT TO THE FULLEST EXTENT PERMITTED BY LAW OF RIGHTS UNDER SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH READS AS FOLLOWS, AND UNDER ANY SIMILAR OR COMPARABLE LAWS ANYWHERE IN THE WORLD:

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors.*

**A general release does not extend to claims which the creditor does not
know or suspect to exist in his favor at the time of executing the release,
which if known by him must have materially affected his settlement
with the debtor.**

Each releasing Creditor, by the release, waives and relinquishes any right or benefit that such
Creditor has or may have under section 1542 of the California Civil Code or any similar
provision of statutory or non-statutory law of California or any other jurisdiction to the fullest
extent that such releasing Creditor may lawfully waive such rights and benefits pertaining to the
subject matter of the release set forth above. In that regard, each such releasing Creditor, by the
release, further acknowledges that such Creditor is aware that such Creditor or the attorneys of
such Creditor may hereafter discover claims or facts in addition to or different from those which
such Creditor or such attorneys now know or believe to exist with respect to the subject matter of
the release, and that it is each such releasing Creditor's intention fully, finally, and forever to
settle and release the Holder's General Unsecured Claims, Reliance Claims, Lehman Released
Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an
avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD
Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman
Nominees. Through the release, each such releasing Creditor is expressly acknowledging that it
understands that, notwithstanding the discovery or existence of any such additional or different
claims or facts, the release shall be and remain in full force and effect as a full and complete
general release with respect to the Holder's General Unsecured Claims, Reliance Claims,
Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing
Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against
the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation,
the Lehman Nominees. Through the release, each such releasing Creditor further acknowledges
that no released Person has made any representation of any kind or character whatsoever in order
to induce the execution of the release other than the Disclosure Statement for which certain
released Persons are Proponents, subject to its disclaimers.

In each case, neither the assignment nor the release shall include for General Unsecured
Claims or Reliance Claims (including such Claims as might arise after the Disclosure Hearing
Date as a result of an avoided transfer) (1) a Creditor's rights under the Plan to the Lehman
Creditor Distribution Funding and (2) the proportional share of Residual Cash attributable under
the Plan to the Claims so assigned or released. Moreover, for clarity, (A) neither the assignment
nor the release shall preclude a Creditor holding an assigned or released Claim from opposing or
responding defensively to the Filing of an objection to such Claim or request for determination
of such Claim's status as a Reliance Claim (nor preclude such Filing of an objection to the Claim
or request for determination of such Claim's status as a Reliance Claim); (B) neither the
assignment nor the release includes any Claim of a Creditor against a Bond Issuer arising under a
Project Bond to the extent such Claim is severable from any and all of such Creditor's General
Unsecured Claims, Reliance Claims, Lehman Released Claims and Claim Rights; and (C) neither
the assignment nor the release shall preclude a Creditor against which the Liquidating Trustee
asserts a Remaining Litigation Claim from opposing or responding defensively to such
Remaining Litigation Claim, including assertion of its Claims for offset, recoupment or setoff

purposes (nor preclude the Liquidating Trustee from asserting any Remaining Litigation Claims against such Creditor).

On or as soon as practicable after the Effective Date, the assigning and/or releasing Creditor shall dismiss (with prejudice), all litigation pending against a Lehman Released Party with respect to a Lehman Released Claim, with all parties to bear their own costs and professional fees. The assigning and/or releasing Creditor also shall take all appropriate steps to withdraw, dismiss or release any Encumbrances it may hold or have asserted against any of the Plan Projects or other Assets of the TD Plan Debtors as a condition of receipt of its Distributions under the Plan.

If the Ballot is appropriately marked to indicate the Creditor's election to receive the Lehman Distribution Enhancement in exchange for the Creditor's Assignment / Release for Lehman, the Confirmation Order, without more, shall effectuate the assignment and / or release, waiver and relinquishment described or referenced herein for the Lehman Released Parties and / or Trustee, in accordance herewith. Nonetheless, and regardless of whether the Ballot is appropriately marked: (a) the Lehman Creditors may require the Creditor electing to receive the Lehman Distribution Enhancement to execute and deliver to the Trustee, Liquidating Trustee or a Lehman Released Party, a separate Creditor's Assignment / Release for Lehman in a form determined by the Lehman Released Party and reasonably consistent herewith; and (b) a condition subsequent to the assignment and release shall be the disallowance of all Claims of the Creditor electing to receive the Lehman Distribution Enhancement prior to the Creditor receiving any of the Lehman Distribution Enhancement.

If such condition subsequent to a particular Creditor's Assignment / Release for Lehman shall occur: (i) the applicable Creditor's Assignment / Release for Lehman shall be void and (ii) if such Creditor dismissed any litigation pending against a Lehman Released Party with respect to a Lehman Released Claim with the dismissal reciting it was based on the Plan's assignment and release for such Lehman Released Party, then such the Lehman Released Party shall stipulate to reinstatement of such litigation (subject to all applicable defenses, objections and other rights of the applicable Lehman Released Party); provided that such voidance of the applicable Creditor's Assignment / Release for Lehman shall not limit or affect any other provision or effect of the Plan, including, without limitation, such voidance of an applicable Creditor's Assignment / Release for Lehman shall not preserve or restore any Encumbrances from which a Plan Project is conveyed free and clear under the Plan.

#3

RECEIVED

SEP 1 5 2011

PACHULSKI, STANG, ZIEHL & JONES

**Ballot – Class 3 – Sr. Secured Mechanic's Lien Claims**

DOCS_LA:243215.2 52063-001

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1300
Los Angeles, California  90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

  -- and --

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue
Suite 1200
Miami, Florida  33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California  92660
Telephone:  (949) 999-2860
Facsimile:  (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>    Jointly Administered Debtors and<br>    Debtors-In-Possession. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES; |
| Affects:<br>☐  All Debtors<br>☐  Palmdale Hills Property, LLC<br>☐  SunCal Beaumont Heights, LLC<br>☐  SCC/Palmdale, LLC<br>☐  SunCal Johannson Ranch, LLC<br>☐  SunCal Summit Valley, LLC<br>☐  SunCal Emerald Meadows, LLC<br>☐  SunCal Bickford Ranch, LLC<br>☐  Acton Estates, LLC<br>☐  Seven Brothers, LLC<br>☐  SJD Partners, Ltd. | 8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11 |

☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☒ LB-L-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

### BALLOT FOR VOTING CLAIMS IN CLASS 3 (SR. SECURED MECHANIC'S LIEN CLAIMS)

Steven M. Speier, as the Chapter 11 Trustee for the following eight debtors in the above-captioned cases:  L-BL-SunCal Oak Valley, LLC; SunCal Heartland, LLC; L-BL-SunCal Northlake, LLC; SunCal Marblehead, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance, LLC; and SunCal Oak Knoll, LLC, and Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC have filed the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* (the "Plan")[1] and the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors*, copies of which are included among the materials accompanying this Ballot and have also been posted on the Court's docket at www.cacb.uscourts.gov.

You have received this Ballot because the Plan Proponents believe that you may allege to be a Holder of one or more Class 3 Sr. Secured Mechanic's Lien Claims under the Plan.

The Lehman Proponents dispute that any Mechanic's Lien Claims could be Allowed as a Sr. Secured Mechanic's Lien Claim because they believe that the Lehman Creditors' Liens are senior Encumbrances and there is no value in the junior Liens of the Holders of Mechanic's Lien Claims.

COMPLETE THIS BALLOT TO: (1) HAVE THE OPPORTUNITY TO ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT, which essentially affords Creditors an enhanced recovery, as more fully set forth in the Plan, of (as applicable) up to 40% to 50% for Allowed Reliance Claims, and up to 5% for Allowed General Unsecured Claims, (2) WAIVE ANY CONTENTION THAT YOUR MECHANIC'S LIEN CLAIM IS A SECURED CLAIM SENIOR TO THE LEHMAN CREDITORS' SECURED CLAIMS,

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

AND (3) ELECT TO VOTE YOUR CLAIM AS A GENERAL UNSECURED CLAIM OR RELIANCE CLAIM, AS APPLICABLE, TO ACCEPT OR REJECT THE PLAN.

**IF YOU DO NOT ELECT TO WAIVE YOUR SECURED CLAIM, YOU DO NOT NEED TO COMPLETE THIS BALLOT.** THE REASON NO BALLOT IS NEEDED IF YOU DO NOT MAKE THIS ELECTION IS BECAUSE CLASS 3 CLAIMS ARE UNIMPAIRED AND HOLDERS OF CLASS 3 CLAIMS, UNLESS THEIR CLAIMS ARE DISALLOWED PRIOR TO CONFIRMATION, ARE DEEMED TO ACCEPT THE PLAN.

IF YOU DO ELECT TO WAIVE YOUR SECURED CLAIM, THEN please use this Ballot to cast your vote to accept or reject the Plan, and make the other certifications set forth below. The Disclosure Statement, which has been approved by the entry of an order by the Court pursuant to section 1125 of the Bankruptcy Code, and the order entered by the Court approving procedures in connection with solicitation of the Plan (the "Solicitation Procedures Order") provide information to assist you in deciding how to vote on the Plan. The Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you have not received or wish to obtain a printed copy of the Disclosure Statement, Plan, or Solicitation Procedures Order, please submit a written request to Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

---

You should review the Disclosure Statement, the Plan and the Solicitation Procedures Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan.

**VOTING DEADLINE:** SEPTEMBER 19, 2011.

If your Ballot is not received by mail or hand delivery at the address below on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

Your vote will not count to the extent your claim is: (1) untimely and unscheduled (that is, (a) it is was not timely filed by the applicable bar date and was not appropriately scheduled in the applicable Debtor's schedules as undisputed, liquidated and non-contingent and (b) it was not deemed timely filed pursuant to an order of the Court prior to or on the Voting Deadline of September 19, 2011); (2) partially unliquidated (your vote will not count as to the unliquidated portion only); (3) a duplicate claim (you are permitted to vote your Claim only once); or (4) subject to a pending objection filed by August 25, 2011, unless the Court issues an Order by confirmation of the Plan allowing your Claim or temporarily allowing it for voting purposes. To seek temporary allowance of your Claim, you first may file a motion with the Court requesting (or request that the Plan Proponents enter into an agreement with you requesting) pursuant to Bankruptcy Rule 3018(a) that your Claim be temporarily allowed for voting purposes, which motion (or agreement) must be filed with the Court by September 26, 2011. Then, you must appear at the Confirmation Hearing beginning October 24, 2011 at 9:30 a.m. before the Honorable Erithe A. Smith, 411 West Fourth Street, Courtroom 5A, Central District of

---

California (Santa Ana Division), Santa Ana, California 92701 at which hearing the Court will consider your motion or the agreement for temporary allowance of your Claim. (Other parties may object to any such motion or agreement no later than **October 7, 2011** and you are permitted to file a reply to any objections no later than **October 14, 2011.**)

This Ballot is not a letter of transmittal and may not be used for any purpose other than for a Holder of a Claim (i) to waive any contention that the Holder has a Secured Claim senior to the Secured Claim of the applicable Lehman Creditor(s) on the applicable Plan Project and to assert, instead, that its Claim is a General Unsecured Claim or Reliance Claim, or partially each, thereby affording the Creditor the further opportunity to (ii) vote its Claim and (iii) elect to receive the Lehman Distribution Enhancement, if its Claim is Allowed, and provide the Lehman Released Parties with the Creditor's Assignment / Release for Lehman.

## HOW TO VOTE

1.    OPTIONAL: Complete Item 1 to waive any contention your Claim is a "Secured Claim."

**If you do not make the above election, do not complete the remainder of this Ballot.**

2.    COMPLETE ITEM 2 and, as applicable, ITEMS 3. b. & 3. c.

3.    OPTIONAL: YOU MAY ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT AND PROVIDE THE LEHMAN RELEASED PARTIES WITH THE CREDITOR'S ASSIGNMENT / RELEASE FOR LEHMAN.  COMPLETE ITEM 4 TO MAKE THIS ELECTION.

4.    COMPLETE ITEM 5.

6.    REVIEW THE CERTIFICATION.

7.    **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

8.    YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 6 AND CLASS 7 CLAIMS AGAINST ANY PARTICULAR DEBTOR EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE AS TO A PARTICULAR DEBTOR.

9.    ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED**.

10.    FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** AT THE ADDRESS SET FORTH BELOW NO LATER THAN **SEPTEMBER 19, 2011**. YOU MAY USE THE ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE ADDRESS SET FORTH BELOW:

By Courier, Hand Delivery or U.S. Mail:  Pachulski Stang Ziehl & Jones LLP, Attn:  Michael Matteo, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067

Item 1: **OPTIONAL.** <u>Election to Waive the Contention that Claim is a Secured Claim In Order to Assert, Instead, Claim is a General Unsecured Claim or Reliance Claim Entitled to Lehman Distribution Enhancement.</u>

The Lehman Creditors believe that some of the Mechanic's Lien Claims are General Unsecured Claims or Reliance Claims (to be treated in Class 6 or Class 7, if Allowed). The Lehman Creditors hold Lehman Secured Claims against the relevant Plan Projects and believe that their Lehman Secured Claims are senior Encumbrances to the Mechanic's Lien Claims and that, because the Plan Projects are worth less than the aggregate outstanding amount of the Lehman Loans that are secured by the Lehman Claim Liens, there is no value in the Plan Projects to which the junior Liens of the Holders of Mechanic's Lien Claims could attach. If a Creditor with a Mechanic's Lien Claim, that it contends is a Secured Claim senior to the applicable Secured Claim of the Lehman Creditor(s) on the applicable Project, waits to find out after an objection to such Claim whether its Claim will be Allowed as having the status of a Sr. Secured Mechanic's Lien Claim, General Unsecured Claim or Reliance Claim, then, the Plan offers no opportunity at such later point for the Creditor to avail itself of the Lehman Distribution Enhancement, which, as provided in the Plan, essentially offers Creditors an opportunity on their Ballots to receive an enhanced recovery, as more fully set forth in the Plan, of 39% to 49% more for Allowed Reliance Claims and 4% more for Allowed General Unsecured Claims. Thus, each identified Holder of a Mechanic's Lien Claim is being provided this Ballot on which such Holder may elect to vote its Claim as a General Unsecured Claim or a Reliance Claim, as applicable, and has the opportunity to elect to receive the Lehman Distribution Enhancement in respect of its Allowed Claim (in exchange for the Creditor's Assignment / Release for Lehman).

By electing this option, below, the Creditor must and is waiving, effective upon the Plan's Effective Date occurring, all contentions that its Claim is a Secured Claim against the applicable Plan Project. If this election is not made and such Holder thereby elects to proceed as a Holder of Mechanic's Lien Claims, then if it is subsequently determined that such Claims are not Sr. Secured Mechanic's Lien Claims, such Holder will not be eligible to receive the Lehman Distribution Enhancement (and only will receive a cash distribution of 1% of its Allowed Claim).

☑ **Yes**, the Undersigned waives all contentions that its Claim is a Secured Claim against the applicable Plan Project.

**[IF YOU DO NOT MAKE THE OPTIONAL ELECTION IN ITEM 1, YOU DO NOT NEED TO COMPLETE ANY OF THIS BALLOT]**

Item 2: Voting of Claim.

        The Holder of the Class 6 Reliance Claims and/or Class 7 General Unsecured Claims identified in this Ballot votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

        ☑ **Accept** the Plan  OR  ☐ **Reject** the Plan

Item 3:   Designate Whether Claim(s) Being Voted are Class 6 Reliance Claim(s), Class 7 General Unsecured Claim(s) or Partially Each.

      a. Definition of Reliance Claim:

        Under the Plan, a Reliance Claim is a non-priority, unsecured Claim, including a Bond Claim, against a TD Plan Debtor, which Claim has the following attributes:

        (i)     The Claim is for money, goods, services or new credit voluntarily transferred or voluntarily extended to one or more of the TD Plan Debtors between the Reliance Date (August 1, 2007) and the applicable Petition Date(s) (*i.e.*, between November 12, 2008 and November 19, 2008), but not if transferred or extended on account of an existing obligation;

        (ii)    The Claim was timely of record as follows: either (1) filed by the Primary Claims Bar Date (which was March 31, 2009 for most non-priority, unsecured Claims) or (2) filed late, but by March 25, 2011 in accordance with a Final Order or (3) listed on the filed Schedules by March 25, 2011 as an undisputed, non-contingent, liquidated Scheduled Claim; and

        (iii)   The Claim is not any of the following:

           (a)     a Claim at any time held by an Insider;
           (b)     a Claim of a Lehman Creditor (other than a Lehman-Owned Settling Bond Issuer-Related Claim); or
           (c)     a Settling Bond Issuer-Related Future Work Claim.

Solely for your convenience and benefit, attached as Exhibit D to the Plan is a non-exhaustive list of potential Reliance Claims against TD Plan Debtors, subject to the conditions set forth in such exhibit and section 5.2 of the Disclosure Statement. **You should review Exhibit D to the Plan prior to completing this section.**

b. Amount, if any, of asserted Class 6 Reliance Claims:

The undersigned certifies that, as of **August 1, 2011**, the undersigned held
one or more Class 6 Reliance Claims (based on the waiver above of any contention that
undersigned holds a Secured Claim) in the following aggregate unpaid amount(s) against
the following applicable TD Plan Debtor(s):

Claim Amount:  $ _42,570.—_         TD Plan Debtor: _Sun Cal Oak Valley, LLC._

c. Amount, if any, of Class 7 General Unsecured Claims.

The undersigned certifies that, as of **August 1, 2011**, the undersigned held
one or more Class 7 General Unsecured Claims (based on the waiver above of any
contention that undersigned holds a Secured Claim) in the following aggregate unpaid
amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount:  $ _—0—_            TD Plan Debtor: _N/A._

Item 4:  **OPTIONAL.** Lehman Distribution Enhancement and Creditor's Assignment / Release
for Lehman.

Under the Plan, a Holder of a Class 6 Reliance Claim or Class 7 General Unsecured
Claim **may** elect to receive the Lehman Distribution Enhancement (payable if the Holder's
Claim is Allowed) by affording the Lehman Released Parties the Creditor's Assignment /
Release for Lehman. By checking the box below, you are electing to afford the Lehman
Released Parties the Creditor's Assignment / Release for Lehman as described in Section 8.8.1 of
the Plan and attached as **Exhibit A** and, thus, electing that, if your Claim is Allowed, you will
receive the Lehman Distribution Enhancement (a total 5% Cash Distribution for Holders of
Allowed Class 7 General Unsecured Claims and a total 40% to 50% Cash Distribution for
Holders of Allowed Class 6 Reliance Claims) if your Claim is Allowed and the Plan becomes
effective. If you do not elect to receive the Lehman Enhanced Distribution, you will receive an
unconditional, guaranteed Cash Distribution equal to 1% of your Allowed Claim. (Your vote to
accept or reject the Plan will be counted whether or not you make this election.)

☑ Yes, the Undersigned elects to receive Lehman Distribution Enhancement and
provide Lehman Released Parties with Creditor's Assignment / Release
for Lehman

Item 5:
The Voluntary Debtors and SCC Acquisitions, Inc. ("Acquisitions") simultaneously are
soliciting acceptances for a plan or plans (each an "Alternative Plan") affecting all or
some of the same Debtors and Estates as the Plan being solicited herewith by the Trustee
and Lehman Creditors. As a result, some Creditors will have the opportunity to vote as to
a particular Claim on both this Plan and on a competing Alternative Plan. Where there

are competing plans for the same Debtor, although Confirmation can occur only as to one plan for each Debtor, Creditors of such Debtor may vote each Claim in favor of both plans, against both plans or for one plan and against another. If Creditors vote to accept both applicable plans, and the plans otherwise satisfy the requirements set forth in the Bankruptcy Code, the Court will decide which plan is in the best interest of all Creditors of such Debtor, taking into account the preferences of Creditors and equity security holders in accordance with section 1129(c) of the Bankruptcy Code. Please check the appropriate box below to indicate, as to the Claim you are voting with this Ballot, your preference for the Plan proposed by the Trustee and Lehman Creditors, your preference for the Alternative Plan proposed by the Voluntary Debtors and Acquisitions, or no preference with respect to any such plans.

☑ **Prefer the Plan proposed by the Trustee and Lehman Creditors**

☐ **Prefer the Alternative Plan(s) proposed by the Voluntary Debtors and Acquisitions**

☐ **No Preference**

Item 6: <u>Certification</u>. By returning this Ballot, the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 3 above certifies that (a) this Ballot is the only Ballot submitted for the Class 3 Claim(s), Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 3 above against the particular, applicable TD Plan Debtor, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 6 Claim(s) and/ or Class 7 Claim(s) identified in Item 3 above, (c) it was the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 3 above as of **August 1, 2011,** and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS
BEEN OR WILL BE ALLOWED. THIS BALLOT SHALL NOT CONSTITUTE OR BE
DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM
OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: _NISSHO OF CALIFORNIA_

(Print or Type)

Signature: _____

Print Name: _NOBU J. KATO_

Title: _CEO/CFO/President_

(If Applicable)

Street Address: _1902. S. SANTA FE AVE_

City, State, Zip Code: _VISTA  CA  92083_

Telephone Number: _(760) 727-9719_

Date Completed: _9/1 - 2011._

YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY
SEPTEMBER 19, 2011, OR YOUR VOTE WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE
VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES
OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS,
PLEASE SUBMIT A WRITTEN REQUEST TO: Pachulski Stang Ziehl & Jones LLP,
Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or
by e-mail at mmatteo@pszjlaw.com.

**Exhibit A – Creditor's Assignment / Release for Lehman**

**(Applicable Only if Creditor Waives Contention that Claim is a Secured Claim and
Lehman Distribution Enhancement Elected on Ballot)**

In exchange for the Lehman Distribution Enhancement,[1] each Creditor who holds a
Reliance Claim or General Unsecured Claim (or is deemed to hold such a Claim based on its
waiver of any contentions that it holds a Secured Claim) and checks the appropriate box on its
Ballot and / or timely executes and delivers a separate, written assignment or assignment and
release in accordance with the Plan, whether or not the Creditor votes in favor of the Plan,
automatically upon the occurrence of the Effective Date, assigns to the applicable Lehman
Creditor (or if multiple applicable Lehman Creditors, to the Lehman Creditor holding the most
senior Lien against the applicable Plan Project) all rights, benefits and interests of the assigning
Holder including, without limitation, Proofs of Claim and Encumbrances (each a "Claim Right"
and collectively, the "Claim Rights") with respect to each of such Holder's Reliance Claims,
General Unsecured Claims, and, if any, Lehman Released Claims held as of the Disclosure
Hearing Date and as might arise after the Disclosure Hearing Date as a result of an avoided
transfer, with such assignment to be effective immediately upon the Effective Date. Such
assignments are to be effective to the greatest extent permitted by applicable law and shall not
require anything or any action for their effectiveness except as expressly provided herein. To the
extent any such assignment is not effective to assign all of any such Reliance Claim, General
Unsecured Claim or Lehman Released Claim or all of any such Claim Rights, each Holder of the
applicable Reliance Claim or General Unsecured Claim who, in exchange for the Lehman
Distribution Enhancement, checks the appropriate box on its Ballot and / or timely executes and
delivers a separate, written release or assignment and release in accordance with the Plan,
automatically upon the occurrence of the Effective Date, unconditionally, irrevocably and
generally releases, acquits and forever discharges, waives and relinquishes the Holder's General
Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might
arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with
respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released
Parties, including, without limitation, the Lehman Nominees, with such release to be effective
immediately after the moment that the assignment was to become effective.  Such releases are to
be effective to the greatest extent permitted by applicable law and shall not require anything or
any action for their effectiveness except as expressly provided herein.  **SUCH RELEASES
INCLUDE AN EXPRESS, INFORMED, KNOWING AND VOLUNTARY WAIVER AND
RELINQUISHMENT TO THE FULLEST EXTENT PERMITTED BY LAW OF RIGHTS
UNDER SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH READS AS
FOLLOWS, AND UNDER ANY SIMILAR OR COMPARABLE LAWS ANYWHERE IN
THE WORLD:**

**A general release does not extend to claims which the creditor does not
know or suspect to exist in his favor at the time of executing the release,**

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the
*Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors.*

**which if known by him must have materially affected his settlement with the debtor.**

Each releasing Creditor, by the release, waives and relinquishes any right or benefit that such Creditor has or may have under section 1542 of the California Civil Code or any similar provision of statutory or non-statutory law of California or any other jurisdiction to the fullest extent that such releasing Creditor may lawfully waive such rights and benefits pertaining to the subject matter of the release set forth above. In that regard, each such releasing Creditor, by the release, further acknowledges that such Creditor is aware that such Creditor or the attorneys of such Creditor may hereafter discover claims or facts in addition to or different from those which such Creditor or such attorneys now know or believe to exist with respect to the subject matter of the release, and that it is each such releasing Creditor's intention fully, finally, and forever to settle and release the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor is expressly acknowledging that it understands that, notwithstanding the discovery or existence of any such additional or different claims or facts, the release shall be and remain in full force and effect as a full and complete general release with respect to the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor further acknowledges that no released Person has made any representation of any kind or character whatsoever in order to induce the execution of the release other than the Disclosure Statement for which certain released Persons are Proponents, subject to its disclaimers.

In each case, neither the assignment nor the release shall include for General Unsecured Claims or Reliance Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) (1) a Creditor's rights under the Plan to the Lehman Creditor Distribution Funding and (2) the proportional share of Residual Cash attributable under the Plan to the Claims so assigned or released. Moreover, for clarity, (A) neither the assignment nor the release shall preclude a Creditor holding an assigned or released Claim from opposing or responding defensively to the Filing of an objection to such Claim or request for determination of such Claim's status as a Reliance Claim (nor preclude such Filing of an objection to the Claim or request for determination of such Claim's status as a Reliance Claim); (B) neither the assignment nor the release includes any Claim of a Creditor against a Bond Issuer arising under a Project Bond to the extent such Claim is severable from any and all of such Creditor's General Unsecured Claims, Reliance Claims, Lehman Released Claims and Claim Rights; and (C) neither the assignment nor the release shall preclude a Creditor against which the Liquidating Trustee asserts a Remaining Litigation Claim from opposing or responding defensively to such Remaining Litigation Claim, including assertion of its Claims for offset, recoupment or setoff purposes (nor preclude the Liquidating Trustee from asserting any Remaining Litigation Claims against such Creditor).

On or as soon as practicable after the Effective Date, the assigning and/or releasing Creditor shall dismiss (with prejudice), all litigation pending against a Lehman Released Party with respect to a Lehman Released Claim, with all parties to bear their own costs and professional fees. The assigning and/or releasing Creditor also shall take all appropriate steps to withdraw, dismiss or release any Encumbrances it may hold or have asserted against any of the Plan Projects or other Assets of the TD Plan Debtors as a condition of receipt of its Distributions under the Plan.

If the Ballot is appropriately marked to indicate the Creditor's election to receive the Lehman Distribution Enhancement in exchange for the Creditor's Assignment / Release for Lehman, the Confirmation Order, without more, shall effectuate the assignment and / or release, waiver and relinquishment described or referenced herein for the Lehman Released Parties and / or Trustee, in accordance herewith. Nonetheless, and regardless of whether the Ballot is appropriately marked: (a) the Lehman Creditors may require the Creditor electing to receive the Lehman Distribution Enhancement to execute and deliver to the Trustee, Liquidating Trustee or a Lehman Released Party, a separate Creditor's Assignment / Release for Lehman in a form determined by the Lehman Released Party and reasonably consistent herewith; and (b) a condition subsequent to the assignment and release shall be the disallowance of all Claims of the Creditor electing to receive the Lehman Distribution Enhancement prior to the Creditor receiving any of the Lehman Distribution Enhancement.

If such condition subsequent to a particular Creditor's Assignment / Release for Lehman shall occur: (i) the applicable Creditor's Assignment / Release for Lehman shall be void and (ii) if such Creditor dismissed any litigation pending against a Lehman Released Party with respect to a Lehman Released Claim with the dismissal reciting it was based on the Plan's assignment and release for such Lehman Released Party, then such the Lehman Released Party shall stipulate to reinstatement of such litigation (subject to all applicable defenses, objections and other rights of the applicable Lehman Released Party); provided that such voidance of the applicable Creditor's Assignment / Release for Lehman shall not limit or affect any other provision or effect of the Plan, including, without limitation, such voidance of an applicable Creditor's Assignment / Release for Lehman shall not preserve or restore any Encumbrances from which a Plan Project is conveyed free and clear under the Plan.



RECEIVED
SEP 16 2011
PACHULSKI, STANG, ZIEHL & JONES

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1300
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

-- and --

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession.<br><br>Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11 |

☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☒ LB-L-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☒ SunCal Century City, LLC
☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

## BALLOT FOR VOTING CLAIMS IN CLASS 6 (RELIANCE CLAIMS) AND CLASS 7 (GENERAL UNSECURED CLAIMS)

·Steven M. Speier, as the Chapter 11 Trustee for the following eight debtors in the above-captioned cases: L-BL-SunCal Oak Valley, LLC; SunCal Heartland, LLC; L-BL-SunCal Northlake, LLC; SunCal Marblehead, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance, LLC; and SunCal Oak Knoll, LLC, and Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC have filed the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* (the "Plan")[1] and the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors*, copies of which are included among the materials accompanying this Ballot and have also been posted on the Court's docket at www.cacb.uscourts.gov.

You have received this Ballot because the Plan Proponents believe that you assert to be the Holder of one or more Claims in 6 (Reliance Claims) ("Class 6") and/or Class 7 (General Unsecured Claims) ("Class 7") under the Plan. Please use this Ballot to cast your vote to accept or reject the Plan, and make the other certifications set forth below. The Disclosure Statement, which has been approved by the entry of an order by the Court pursuant to section 1125 of the Bankruptcy Code, and the order entered by the Court approving procedures in connection with solicitation of the Plan (the "Solicitation Procedures Order") provide information to assist you in deciding how to vote on the Plan. The Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you have not received or wish to obtain a printed copy of the Disclosure Statement, Plan or Solicitation Procedures Order, please submit a written request to Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

> You should review the Disclosure Statement, the Plan and the Solicitation Procedures Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan.

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

**VOTING DEADLINE: SEPTEMBER 19, 2011.**

**If your Ballot is not _received_ by mail or hand delivery at the address below on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

Your vote will not count to the extent your claim is: (1) untimely and unscheduled (that is, (a) it is was not timely filed by the applicable bar date and was not appropriately scheduled in the applicable Debtor's schedules as undisputed, liquidated and non-contingent and (b) it was not deemed timely filed pursuant to an order of the Court prior to or on the Voting Deadline of September 19, 2011); (2) partially unliquidated (your vote will not count as to the unliquidated portion only); (3) a duplicate claim (you are permitted to vote your Claim only once); or (4) subject to a pending objection filed by August 25, 2011, unless the Court issues an Order by confirmation of the Plan allowing your Claim or temporarily allowing it for voting purposes. To seek temporary allowance of your Claim, you first may file a motion with the Court requesting (or request that the Plan Proponents enter into an agreement with you requesting) pursuant to Bankruptcy Rule 3018(a) that your Claim be temporarily allowed for voting purposes, which motion (or agreement) must be filed with the Court **by September 26, 2011**. Then, you must appear at the Confirmation Hearing beginning **October 24, 2011 at 9:30 a.m.** before the Honorable Erithe A. Smith, 411 West Fourth Street, Courtroom 5A, Central District of California (Santa Ana Division), Santa Ana, California 92701 at which hearing the Court will consider your motion or the agreement for temporary allowance of your Claim. (Other parties may object to any such motion or agreement no later than **October 7, 2011** and you are permitted to file a reply to any objections no later than **October 14, 2011.**)

This Ballot is not a letter of transmittal and may not be used for any purpose other than for a Holder of a Claim (i) to cast a vote to accept or reject the Plan, (ii) to indicate whether it is the Holder of a Reliance Claim entitled to vote such Claim in Class 6, a General Unsecured Claim entitled to vote such Claim in Class 7, or partially each, and (iii) whether such Holder elects that, if its Claim is Allowed, the Holder will receive the Lehman Distribution Enhancement, if its Claim is Allowed, and provide the Lehman Released Parties with the Creditor's Assignment / Release for Lehman.

**HOW TO VOTE**

1.    COMPLETE ITEM 1.

2.    COMPLETE ITEM 2b and/or 2c.

3.    **OPTIONAL:** YOU <u>MAY</u> ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT AND PROVIDE THE LEHMAN RELEASED PARTIES WITH THE CREDITOR'S ASSIGNMENT / RELEASE FOR LEHMAN. COMPLETE ITEM 3 TO MAKE THIS ELECTION.

4.    COMPLETE ITEM 4.

5.    REVIEW THE CERTIFICATION.

6.    **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

7.    YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 6 RELIANCE CLAIMS AND CLASS 7 GENERAL UNSECURED CLAIMS AGAINST ANY PARTICULAR DEBTOR EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE AS TO A PARTICULAR DEBTOR.

8.    ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED.**

9.    FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** AT THE ADDRESS SET FORTH BELOW NO LATER THAN **SEPTEMBER 19, 2011.** YOU MAY USE THE ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE ADDRESS SET FORTH BELOW:

<u>By Courier, Hand Delivery or U.S. Mail:</u>  Pachulski Stang Ziehl & Jones LLP, Attn:  Michael Matteo, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067

Item 1:  <u>Voting of Class 6 Reliance Claims and/or Class 7 General Unsecured Claims.</u>

The Holder of the Class 6 Reliance Claims and/or Class 7 General Unsecured Claims identified in this Ballot votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

☒ **Accept the Plan  OR  ☐ Reject the Plan**

Item 2:  <u>Designation of Claims Being Voted as Class 6 Reliance Claim, Class 7 General Unsecured Claim or Partially Each.</u>

   a.  <u>Definition of Reliance Claim:</u>

Under the Plan, a Reliance Claim is a non-priority, unsecured Claim, including a Bond Claim, against a TD Plan Debtor, which Claim has the following attributes:

(i)    The Claim is for money, goods, services or new credit voluntarily transferred or voluntarily extended to one or more of the TD Plan Debtors between the Reliance Date (August 1, 2007) and the applicable Petition Date(s) (*i.e.*, between November 12, 2008 and November 19, 2008), but not if transferred or extended on account of an existing obligation;

(ii)    The Claim was timely of record as follows:  either (1) filed by the Primary Claims Bar Date which was (March 31, 2009 for most non-priority, unsecured Claims) or (2) filed late, but by March 25, 2011 in accordance with a Final Order or (3) listed on the filed Schedules by March 25, 2011 as an undisputed non-contingent, liquidated Scheduled Claim; and

(iii)    The Claim is not any of the following:

    (a)    a Claim at any time held by an Insider;

    (b)    a Claim of a Lehman Creditor (other than a Lehman-Owned Settling Bond Issuer-Related Claim); or

    (c)    a Settling Bond Issuer-Related Future Work Claim.

Solely for your convenience and benefit, attached as Exhibit D to the Plan is a non-exhaustive list of potential Reliance Claims against TD Plan Debtors, subject to the conditions set forth in such exhibit and section 5.2 of the Disclosure Statement.  **You should review Exhibit D to the Plan prior to completing this section.**

    b.  <u>Amount, if any, of asserted Class 6 Reliance Claims</u>:

The undersigned certifies that, as of **August 1, 2011**, the undersigned held one or more Class 6 Reliance Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $ _45,000_    TD Plan Debtor: _LB-L-Suncal/ Oak Valley LLC_

    c.  <u>Amount, if any, of Class 7 General Unsecured Claims</u>:

The undersigned certifies that, as of **August 1, 2011**, the undersigned held one or more Class 7 General Unsecured Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $ _20,340_    TD Plan Debtor: _LB-L-Suncal/ Oak Valley LLC_

Item 3:  **OPTIONAL.**  <u>Lehman Distribution Enhancement and Creditor's Assignment / Release for Lehman.</u>

Under the Plan, a Holder of a Class 6 Reliance Claim or Class 7 General Unsecured Claim **may** elect to receive the Lehman Distribution Enhancement (payable if the Holder's Claim is Allowed) by affording the Lehman Released Parties the Creditor's Assignment / Release for Lehman.  <u>By checking the box below, you are electing</u> to afford the Lehman Released Parties the Creditor's Assignment / Release for Lehman as described in Section 8.8.1 of the

5

Plan and attached as **Exhibit A** and, thus, electing that, if your Claim is Allowed, you will receive the Lehman Distribution Enhancement (a total 5% Cash Distribution for Holders of Allowed Class 7 General Unsecured Claims and a total 40% to 50% Cash Distribution for Holders of Allowed Class 6 Reliance Claims) if your Claim is Allowed and the Plan becomes effective. If you do not elect to receive the Lehman Enhanced Distribution, you will receive an unconditional, guaranteed Cash Distribution equal to 1% of your Allowed Claim. (Your vote to accept or reject the Plan will be counted whether or not you make this election.)

       ☒ Yes, the Undersigned elects to receive Lehman Distribution Enhancement and provide Lehman Released Parties with Creditor's Assignment / Release for Lehman

**Item 4:**

The Voluntary Debtors and SCC Acquisitions, Inc. ("Acquisitions") simultaneously are soliciting acceptances for a plan or plans (each an "Alternative Plan") affecting all or some of the same Debtors and Estates as the Plan being solicited herewith by the Trustee and Lehman Creditors. As a result, some Creditors will have the opportunity to vote as to a particular Claim on both this Plan and on a competing Alternative Plan. Where there are competing plans for the same Debtor, although Confirmation can occur only as to one plan for each Debtor, Creditors of such Debtor may vote each Claim in favor of both plans, against both plans or for one plan and against another. If Creditors vote to accept both applicable plans, and the plans otherwise satisfy the requirements set forth in the Bankruptcy Code, the Court will decide which plan is in the best interest of all Creditors of such Debtor, taking into account the preferences of Creditors and equity security holders in accordance with section 1129(c) of the Bankruptcy Code. Please check the appropriate box below to indicate, as to the Claim you are voting with this Ballot, your preference for the Plan proposed by the Trustee and Lehman Creditors, your preference for the Alternative Plan proposed by the Voluntary Debtors and Acquisitions, or no preference with respect to any such plans.

       ☐ **Prefer the Plan proposed by the Trustee and Lehman Creditors**

       ☒ **Prefer the Alternative Plan(s) proposed by the Voluntary Debtors and Acquisitions**

       ☐ **No Preference**

**Item 5:** Certification. By returning this Ballot, the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above certifies that (a) this Ballot is the only Ballot submitted for the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above against the particular, applicable TD Plan Debtor, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above, (c) it was the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s)

identified in Item 2 above as of **August 1, 2011,** and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.  THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: *Kevin L Crook Architect Inc*

(Print or Type)

Signature: *[signature]*

Print Name: *Kevin L Crook*

Title: *President*

(If Applicable)

Street Address: *1360 Reynolds Ave #110*

City, State, Zip Code: *Irvine CA 92614*

Telephone Number: *949-660-1587*

Date Completed: *September 14, 2011*

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY SEPTEMBER 19, 2011, OR YOUR VOTE WILL NOT BE COUNTED.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE SUBMIT A WRITTEN REQUEST TO: Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

**Exhibit A – Creditor's Assignment / Release for Lehman**

**(Applicable Only if Lehman Distribution Enhancement Elected on Ballot)**

In exchange for the Lehman Distribution Enhancement,[1] each Creditor who holds a Reliance Claim or General Unsecured Claim (or is deemed to hold such a Claim based on its waiver of any contentions that it holds a Secured Claim) and checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written assignment or assignment and release in accordance with the Plan, whether or not the Creditor votes in favor of the Plan, automatically upon the occurrence of the Effective Date, assigns to the applicable Lehman Creditor (or if multiple applicable Lehman Creditors, to the Lehman Creditor holding the most senior Lien against the applicable Plan Project) all rights, benefits and interests of the assigning Holder, including, without limitation, Proofs of Claim and Encumbrances (each a "Claim Right" and collectively, the "Claim Rights") with respect to all such Holder's Reliance Claims, General Unsecured Claims, and, if any, Lehman Released Claims held as of the Disclosure Hearing Date and as might arise after the Disclosure Hearing Date as a result of an avoided transfer, with such assignment to be effective immediately upon the Effective Date. Such assignments are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. To the extent any such assignment is not effective to assign all of any such Reliance Claim, General Unsecured Claim or Lehman Released Claim or all of any such Claim Rights, each Holder of the applicable Reliance Claim or General Unsecured Claim who, in exchange for the Lehman Distribution Enhancement, checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written release or assignment and release in accordance with the Plan, automatically upon the occurrence of the Effective Date, unconditionally, irrevocably and generally releases, acquits and forever discharges, waives and relinquishes the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees, with such release to be effective immediately after the moment that the assignment was to become effective. Such releases are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. **SUCH RELEASES INCLUDE AN EXPRESS, INFORMED, KNOWING AND VOLUNTARY WAIVER AND RELINQUISHMENT TO THE FULLEST EXTENT PERMITTED BY LAW OF RIGHTS UNDER SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH READS AS FOLLOWS, AND UNDER ANY SIMILAR OR COMPARABLE LAWS ANYWHERE IN THE WORLD:**

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors.*

**A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Each releasing Creditor, by the release, waives and relinquishes any right or benefit that such Creditor has or may have under section 1542 of the California Civil Code or any similar provision of statutory or non-statutory law of California or any other jurisdiction to the fullest extent that such releasing Creditor may lawfully waive such rights and benefits pertaining to the subject matter of the release set forth above. In that regard, each such releasing Creditor, by the release, further acknowledges that such Creditor is aware that such Creditor or the attorneys of such Creditor may hereafter discover claims or facts in addition to or different from those which such Creditor or such attorneys now know or believe to exist with respect to the subject matter of the release, and that it is each such releasing Creditor's intention fully, finally, and forever to settle and release the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor is expressly acknowledging that it understands that, notwithstanding the discovery or existence of any such additional or different claims or facts, the release shall be and remain in full force and effect as a full and complete general release with respect to the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor further acknowledges that no released Person has made any representation of any kind or character whatsoever in order to induce the execution of the release other than the Disclosure Statement for which certain released Persons are Proponents, subject to its disclaimers.

In each case, neither the assignment nor the release shall include for General Unsecured Claims or Reliance Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) (1) a Creditor's rights under the Plan to the Lehman Creditor Distribution Funding and (2) the proportional share of Residual Cash attributable under the Plan to the Claims so assigned or released. Moreover, for clarity, (A) neither the assignment nor the release shall preclude a Creditor holding an assigned or released Claim from opposing or responding defensively to the Filing of an objection to such Claim or request for determination of such Claim's status as a Reliance Claim (nor preclude such Filing of an objection to the Claim or request for determination of such Claim's status as a Reliance Claim); (B) neither the assignment nor the release includes any Claim of a Creditor against a Bond Issuer arising under a Project Bond to the extent such Claim is severable from any and all of such Creditor's General Unsecured Claims, Reliance Claims, Lehman Released Claims and Claim Rights; and (C) neither the assignment nor the release shall preclude a Creditor against which the Liquidating Trustee asserts a Remaining Litigation Claim from opposing or responding defensively to such Remaining Litigation Claim, including assertion of its Claims for offset, recoupment or setoff

purposes (nor preclude the Liquidating Trustee from asserting any Remaining Litigation Claims against such Creditor).

On or as soon as practicable after the Effective Date, the assigning and/or releasing Creditor shall dismiss (with prejudice), all litigation pending against a Lehman Released Party with respect to a Lehman Released Claim, with all parties to bear their own costs and professional fees. The assigning and/or releasing Creditor also shall take all appropriate steps to withdraw, dismiss or release any Encumbrances it may hold or have asserted against any of the Plan Projects or other Assets of the TD Plan Debtors as a condition of receipt of its Distributions under the Plan.

If the Ballot is appropriately marked to indicate the Creditor's election to receive the Lehman Distribution Enhancement in exchange for the Creditor's Assignment / Release for Lehman, the Confirmation Order, without more, shall effectuate the assignment and / or release, waiver and relinquishment described or referenced herein for the Lehman Released Parties and / or Trustee, in accordance herewith. Nonetheless, and regardless of whether the Ballot is appropriately marked: (a) the Lehman Creditors may require the Creditor electing to receive the Lehman Distribution Enhancement to execute and deliver to the Trustee, Liquidating Trustee or a Lehman Released Party, a separate Creditor's Assignment / Release for Lehman in a form determined by the Lehman Released Party and reasonably consistent herewith; and (b) a condition subsequent to the assignment and release shall be the disallowance of all Claims of the Creditor electing to receive the Lehman Distribution Enhancement prior to the Creditor receiving any of the Lehman Distribution Enhancement.

If such condition subsequent to a particular Creditor's Assignment / Release for Lehman shall occur: (i) the applicable Creditor's Assignment / Release for Lehman shall be void and (ii) if such Creditor dismissed any litigation pending against a Lehman Released Party with respect to a Lehman Released Claim with the dismissal reciting it was based on the Plan's assignment and release for such Lehman Released Party, then such the Lehman Released Party shall stipulate to reinstatement of such litigation (subject to all applicable defenses, objections and other rights of the applicable Lehman Released Party); provided that such voidance of the applicable Creditor's Assignment / Release for Lehman shall not limit or affect any other provision or effect of the Plan, including, without limitation, such voidance of an applicable Creditor's Assignment / Release for Lehman shall not preserve or restore any Encumbrances from which a Plan Project is conveyed free and clear under the Plan.

#5

RECEIVED
SEP 16 2011

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1300
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

-- and --

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES; |
| Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd. | 8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11 |

☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☒ LB-L-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

## BALLOT FOR VOTING CLAIMS IN CLASS 6 (RELIANCE CLAIMS) AND CLASS 7 (GENERAL UNSECURED CLAIMS)

Steven M. Speier, as the Chapter 11 Trustee for the following eight debtors in the above-captioned cases: L-BL-SunCal Oak Valley, LLC; SunCal Heartland, LLC; L-BL-SunCal Northlake, LLC; SunCal Marblehead, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance, LLC; and SunCal Oak Knoll, LLC, and Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC have filed the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* (the "Plan")[1] and the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors*, copies of which are included among the materials accompanying this Ballot and have also been posted on the Court's docket at www.cacb.uscourts.gov.

You have received this Ballot because the Plan Proponents believe that you assert to be the Holder of one or more Claims in 6 (Reliance Claims) ("Class 6") and/or Class 7 (General Unsecured Claims) ("Class 7") under the Plan. Please use this Ballot to cast your vote to accept or reject the Plan, and make the other certifications set forth below. The Disclosure Statement, which has been approved by the entry of an order by the Court pursuant to section 1125 of the Bankruptcy Code, and the order entered by the Court approving procedures in connection with solicitation of the Plan (the "Solicitation Procedures Order") provide information to assist you in deciding how to vote on the Plan. The Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you have not received or wish to obtain a printed copy of the Disclosure Statement, Plan or Solicitation Procedures Order, please submit a written request to Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

**You should review the Disclosure Statement, the Plan and the Solicitation Procedures Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan.**

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

**VOTING DEADLINE: SEPTEMBER 19, 2011.**

If your Ballot is not <u>received</u> by mail or hand delivery at the address below on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

<u>Your vote will not count to the extent your claim is:</u> (1) <u>untimely</u> and <u>unscheduled</u> (that is, (a) it is was not timely filed by the applicable bar date and was not appropriately scheduled in the applicable Debtor's schedules as undisputed, liquidated and non-contingent and (b) it was not deemed timely filed pursuant to an order of the Court prior to or on the Voting Deadline of September 19, 2011); (2) <u>partially unliquidated</u> (your vote will not count as to the unliquidated portion only); (3) a <u>duplicate</u> claim (you are permitted to vote your Claim only once); or (4) <u>subject to a pending objection</u> filed by August 25, 2011, <u>unless</u> the Court issues an Order by confirmation of the Plan allowing your Claim or temporarily allowing it for voting purposes. To seek temporary allowance of your Claim, you first may file a motion with the Court requesting (or request that the Plan Proponents enter into an agreement with you requesting) pursuant to Bankruptcy Rule 3018(a) that your Claim be temporarily allowed for voting purposes, which motion (or agreement) must be filed with the Court by <u>September 26, 2011.</u> Then, you must appear at the Confirmation Hearing beginning **October 24, 2011 at 9:30 a.m.** before the Honorable Erithe A. Smith, 411 West Fourth Street, Courtroom 5A, Central District of California (Santa Ana Division), Santa Ana, California 92701 at which hearing the Court will consider your motion or the agreement for temporary allowance of your Claim. (Other parties may object to any such motion or agreement no later than **October 7, 2011** and you are permitted to file a reply to any objections no later than **October 14, 2011.**)

This Ballot is not a letter of transmittal and may not be used for any purpose other than for a Holder of a Claim (i) to cast a vote to accept or reject the Plan, (ii) to indicate whether it is the Holder of a Reliance Claim entitled to vote such Claim in Class 6, a General Unsecured Claim entitled to vote such Claim in Class 7, or partially each, and (iii) whether such Holder elects that, if its Claim is Allowed, the Holder will receive the Lehman Distribution Enhancement, if its Claim is Allowed, and provide the Lehman Released Parties with the Creditor's Assignment / Release for Lehman.

**HOW TO VOTE**

1.    COMPLETE ITEM 1.

2.    COMPLETE ITEM 2b and/or 2c.

3.    **OPTIONAL:**  YOU <u>MAY</u> ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT AND PROVIDE THE LEHMAN RELEASED PARTIES WITH THE CREDITOR'S ASSIGNMENT / RELEASE FOR LEHMAN.  COMPLETE ITEM 3 TO MAKE THIS ELECTION.

4.    COMPLETE ITEM 4.

5.     REVIEW THE CERTIFICATION.

6.     **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

7.     YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 6 RELIANCE CLAIMS AND CLASS 7 GENERAL UNSECURED CLAIMS AGAINST ANY PARTICULAR DEBTOR EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE AS TO A PARTICULAR DEBTOR.

8.     ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED.**

9.     FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** AT THE ADDRESS SET FORTH BELOW NO LATER THAN **SEPTEMBER 19, 2011**. YOU MAY USE THE ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE ADDRESS SET FORTH BELOW:

By Courier, Hand Delivery or U.S. Mail: Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067

Item 1:   Voting of Class 6 Reliance Claims and/or Class 7 General Unsecured Claims.

      The Holder of the Class 6 Reliance Claims and/or Class 7 General Unsecured Claims identified in this Ballot votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

☒ **Accept** the Plan  OR  ☐ **Reject** the Plan

Item 2:   Designation of Claims Being Voted as Class 6 Reliance Claim, Class 7 General Unsecured Claim or Partially Each.

    a.  Definition of Reliance Claim:

      Under the Plan, a Reliance Claim is a non-priority, unsecured Claim, including a Bond Claim, against a TD Plan Debtor, which Claim has the following attributes:

      (i)   The Claim is for money, goods, services or new credit voluntarily transferred or voluntarily extended to one or more of the TD Plan Debtors between the Reliance Date (August 1, 2007) and the applicable Petition Date(s) (*i.e.*, between November 12, 2008 and November 19, 2008), but not if transferred or extended on account of an existing obligation;

(ii)     The Claim was timely of record as follows:  either (1) filed by the Primary Claims Bar Date which was (March 31, 2009 for most non-priority, unsecured Claims) or (2) filed late, but by March 25, 2011 in accordance with a Final Order or (3) listed on the filed Schedules by March 25, 2011 as an undisputed non-contingent, liquidated Scheduled Claim; and

(iii)    The Claim is not any of the following:

    (a)    a Claim at any time held by an Insider;

    (b)    a Claim of a Lehman Creditor (other than a Lehman-Owned Settling Bond Issuer-Related Claim); or

    (c)    a Settling Bond Issuer-Related Future Work Claim.

Solely for your convenience and benefit, attached as Exhibit D to the Plan is a non-exhaustive list of potential Reliance Claims against TD Plan Debtors, subject to the conditions set forth in such exhibit and section 5.2 of the Disclosure Statement. **You should review Exhibit D to the Plan prior to completing this section.**

    b. <u>Amount, if any, of asserted Class 6 Reliance Claims</u>:

    The undersigned certifies that, as of **August 1, 2011**, the undersigned held one or more Class 6 Reliance Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $ <u>1,750.00</u>          TD Plan Debtor: <u>LB-L SunCal Oak Valley, LLC</u>

    c. <u>Amount, if any, of Class 7 General Unsecured Claims</u>.

    The undersigned certifies that, as of **August 1, 2011**, the undersigned held one or more Class 7 General Unsecured Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $ _____          TD Plan Debtor: _____

Item 3:  **OPTIONAL.**  <u>Lehman Distribution Enhancement and Creditor's Assignment / Release for Lehman.</u>

Under the Plan, a Holder of a Class 6 Reliance Claim or Class 7 General Unsecured Claim **may** elect to receive the Lehman Distribution Enhancement (payable if the Holder's Claim is Allowed) by affording the Lehman Released Parties the Creditor's Assignment / Release for Lehman. <u>By checking the box below, you are electing</u> to afford the Lehman Released Parties the Creditor's Assignment / Release for Lehman as described in Section 8.8.1 of the

Plan and attached as **Exhibit A** and, thus, electing that, if your Claim is Allowed, you will receive the Lehman Distribution Enhancement (a total 5% Cash Distribution for Holders of Allowed Class 7 General Unsecured Claims and a total 40% to 50% Cash Distribution for Holders of Allowed Class 6 Reliance Claims) if your Claim is Allowed and the Plan becomes effective. If you do not elect to receive the Lehman Enhanced Distribution, you will receive an unconditional, guaranteed Cash Distribution equal to 1% of your Allowed Claim. (Your vote to accept or reject the Plan will be counted whether or not you make this election.)

⊠ Yes, the Undersigned elects to receive Lehman Distribution Enhancement and provide Lehman Released Parties with Creditor's Assignment / Release for Lehman

Item 4:

The Voluntary Debtors and SCC Acquisitions, Inc. ("Acquisitions") simultaneously are soliciting acceptances for a plan or plans (each an "Alternative Plan") affecting all or some of the same Debtors and Estates as the Plan being solicited herewith by the Trustee and Lehman Creditors. As a result, some Creditors will have the opportunity to vote as to a particular Claim on both this Plan and on a competing Alternative Plan. Where there are competing plans for the same Debtor, although Confirmation can occur only as to one plan for each Debtor, Creditors of such Debtor may vote each Claim in favor of both plans, against both plans or for one plan and against another. If Creditors vote to accept both applicable plans, and the plans otherwise satisfy the requirements set forth in the Bankruptcy Code, the Court will decide which plan is in the best interest of all Creditors of such Debtor, taking into account the preferences of Creditors and equity security holders in accordance with section 1129(c) of the Bankruptcy Code. Please check the appropriate box below to indicate, as to the Claim you are voting with this Ballot, your preference for the Plan proposed by the Trustee and Lehman Creditors, your preference for the Alternative Plan proposed by the Voluntary Debtors and Acquisitions, or no preference with respect to any such plans.

⊠ **Prefer the Plan proposed by the Trustee and Lehman Creditors**

☐ **Prefer the Alternative Plan(s) proposed by the Voluntary Debtors and Acquisitions**

☐ **No Preference**

Item 5: Certification. By returning this Ballot, the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above certifies that (a) this Ballot is the only Ballot submitted for the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above against the particular, applicable TD Plan Debtor, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above, (c) it was the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s)

identified in Item 2 above as of **August 1, 2011,** and (d) it has received a copy of the
Disclosure Statement (including the exhibits thereto) and understands that the solicitation of
votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure
Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN
OR WILL BE ALLOWED.  THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A
PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY
INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: City of Beaumont
(Print or Type)

Signature: _____

Print Name: David L. Wysocki of Aklufi & Wysocki

Title: Attorney for City of Beaumont
(If Applicable)

Street Address: 3403 Tenth St., Suite 610

City, State, Zip Code: Riverside, CA 92501

Telephone Number: 951-682-5480

Date Completed: September 14, 2011

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY
SEPTEMBER 19, 2011, OR YOUR VOTE WILL NOT BE COUNTED.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE
VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF
THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS,
PLEASE SUBMIT A WRITTEN REQUEST TO: Pachulski Stang Ziehl & Jones LLP, Attn:
Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-
mail at mmatteo@pszjlaw.com.

## Exhibit A – Creditor's Assignment / Release for Lehman

### (Applicable Only if Lehman Distribution Enhancement Elected on Ballot)

In exchange for the Lehman Distribution Enhancement,[1] each Creditor who holds a Reliance Claim or General Unsecured Claim (or is deemed to hold such a Claim based on its waiver of any contentions that it holds a Secured Claim) and checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written assignment or assignment and release in accordance with the Plan, whether or not the Creditor votes in favor of the Plan, automatically upon the occurrence of the Effective Date, assigns to the applicable Lehman Creditor (or if multiple applicable Lehman Creditors, to the Lehman Creditor holding the most senior Lien against the applicable Plan Project) all rights, benefits and interests of the assigning Holder, including, without limitation, Proofs of Claim and Encumbrances (each a "Claim Right" and collectively, the "Claim Rights") with respect to all such Holder's Reliance Claims, General Unsecured Claims, and, if any, Lehman Released Claims held as of the Disclosure Hearing Date and as might arise after the Disclosure Hearing Date as a result of an avoided transfer, with such assignment to be effective immediately upon the Effective Date. Such assignments are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. To the extent any such assignment is not effective to assign all of any such Reliance Claim, General Unsecured Claim or Lehman Released Claim or all of any such Claim Rights, each Holder of the applicable Reliance Claim or General Unsecured Claim who, in exchange for the Lehman Distribution Enhancement, checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written release or assignment and release in accordance with the Plan, automatically upon the occurrence of the Effective Date, unconditionally, irrevocably and generally releases, acquits and forever discharges, waives and relinquishes the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees, with such release to be effective immediately after the moment that the assignment was to become effective. Such releases are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. SUCH RELEASES INCLUDE AN EXPRESS, INFORMED, KNOWING AND VOLUNTARY WAIVER AND RELINQUISHMENT TO THE FULLEST EXTENT PERMITTED BY LAW OF RIGHTS UNDER SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH READS AS FOLLOWS, AND UNDER ANY SIMILAR OR COMPARABLE LAWS ANYWHERE IN THE WORLD:

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors.*

**A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Each releasing Creditor, by the release, waives and relinquishes any right or benefit that such Creditor has or may have under section 1542 of the California Civil Code or any similar provision of statutory or non-statutory law of California or any other jurisdiction to the fullest extent that such releasing Creditor may lawfully waive such rights and benefits pertaining to the subject matter of the release set forth above. In that regard, each such releasing Creditor, by the release, further acknowledges that such Creditor is aware that such Creditor or the attorneys of such Creditor may hereafter discover claims or facts in addition to or different from those which such Creditor or such attorneys now know or believe to exist with respect to the subject matter of the release, and that it is each such releasing Creditor's intention fully, finally, and forever to settle and release the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor is expressly acknowledging that it understands that, notwithstanding the discovery or existence of any such additional or different claims or facts, the release shall be and remain in full force and effect as a full and complete general release with respect to the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor further acknowledges that no released Person has made any representation of any kind or character whatsoever in order to induce the execution of the release other than the Disclosure Statement for which certain released Persons are Proponents, subject to its disclaimers.

In each case, neither the assignment nor the release shall include for General Unsecured Claims or Reliance Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) (1) a Creditor's rights under the Plan to the Lehman Creditor Distribution Funding and (2) the proportional share of Residual Cash attributable under the Plan to the Claims so assigned or released.  Moreover, for clarity, (A) neither the assignment nor the release shall preclude a Creditor holding an assigned or released Claim from opposing or responding defensively to the Filing of an objection to such Claim or request for determination of such Claim's status as a Reliance Claim (nor preclude such Filing of an objection to the Claim or request for determination of such Claim's status as a Reliance Claim); (B) neither the assignment nor the release includes any Claim of a Creditor against a Bond Issuer arising under a Project Bond to the extent such Claim is severable from any and all of such Creditor's General Unsecured Claims, Reliance Claims, Lehman Released Claims and Claim Rights; and (C) neither the assignment nor the release shall preclude a Creditor against which the Liquidating Trustee asserts a Remaining Litigation Claim from opposing or responding defensively to such Remaining Litigation Claim, including assertion of its Claims for offset, recoupment or setoff

purposes (nor preclude the Liquidating Trustee from asserting any Remaining Litigation Claims against such Creditor).

On or as soon as practicable after the Effective Date, the assigning and/or releasing Creditor shall dismiss (with prejudice), all litigation pending against a Lehman Released Party with respect to a Lehman Released Claim, with all parties to bear their own costs and professional fees. The assigning and/or releasing Creditor also shall take all appropriate steps to withdraw, dismiss or release any Encumbrances it may hold or have asserted against any of the Plan Projects or other Assets of the TD Plan Debtors as a condition of receipt of its Distributions under the Plan.

If the Ballot is appropriately marked to indicate the Creditor's election to receive the Lehman Distribution Enhancement in exchange for the Creditor's Assignment / Release for Lehman, the Confirmation Order, without more, shall effectuate the assignment and / or release, waiver and relinquishment described or referenced herein for the Lehman Released Parties and / or Trustee, in accordance herewith. Nonetheless, and regardless of whether the Ballot is appropriately marked: (a) the Lehman Creditors may require the Creditor electing to receive the Lehman Distribution Enhancement to execute and deliver to the Trustee, Liquidating Trustee or a Lehman Released Party, a separate Creditor's Assignment / Release for Lehman in a form determined by the Lehman Released Party and reasonably consistent herewith; and (b) a condition subsequent to the assignment and release shall be the disallowance of all Claims of the Creditor electing to receive the Lehman Distribution Enhancement prior to the Creditor receiving any of the Lehman Distribution Enhancement.

If such condition subsequent to a particular Creditor's Assignment / Release for Lehman shall occur: (i) the applicable Creditor's Assignment / Release for Lehman shall be void and (ii) if such Creditor dismissed any litigation pending against a Lehman Released Party with respect to a Lehman Released Claim with the dismissal reciting it was based on the Plan's assignment and release for such Lehman Released Party, then such the Lehman Released Party shall stipulate to reinstatement of such litigation (subject to all applicable defenses, objections and other rights of the applicable Lehman Released Party); provided that such voidance of the applicable Creditor's Assignment / Release for Lehman shall not limit or affect any other provision or effect of the Plan, including, without limitation, such voidance of an applicable Creditor's Assignment / Release for Lehman shall not preserve or restore any Encumbrances from which a Plan Project is conveyed free and clear under the Plan.



RECEIVED

SEP 1 6 2011

PACHULSKI, STANG, ZIEHL & JO[...]

5.  REVIEW THE CERTIFICATION.

6.  **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

7.  YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 6 RELIANCE CLAIMS AND CLASS 7 GENERAL UNSECURED CLAIMS AGAINST ANY PARTICULAR DEBTOR EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE AS TO A PARTICULAR DEBTOR.

8.  ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED.**

9.  FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** AT THE ADDRESS SET FORTH BELOW NO LATER THAN **SEPTEMBER 19, 2011.** YOU MAY USE THE ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE ADDRESS SET FORTH BELOW:

By Courier, Hand Delivery or U.S. Mail:  Pachulski Stang Ziehl & Jones LLP, Attn:  Michael Matteo, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067

Item 1:  Voting of Class 6 Reliance Claims and/or Class 7 General Unsecured Claims.

The Holder of the Class 6 Reliance Claims and/or Class 7 General Unsecured Claims identified in this Ballot votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

☐ **Accept** the Plan  OR  ☒ **Reject** the Plan

Item 2:  Designation of Claims Being Voted as Class 6 Reliance Claim, Class 7 General Unsecured Claim or Partially Each.

a.  Definition of Reliance Claim:

Under the Plan, a Reliance Claim is a non-priority, unsecured Claim, including a Bond Claim, against a TD Plan Debtor, which Claim has the following attributes:

(i)      The Claim is for money, goods, services or new credit voluntarily transferred or voluntarily extended to one or more of the TD Plan Debtors between the Reliance Date (August 1, 2007) and the applicable Petition Date(s) (*i.e.*, between November 12, 2008 and November 19, 2008), but not if transferred or extended on account of an existing obligation;

(ii)    The Claim was timely of record as follows:  either (1) filed by the Primary Claims Bar Date which was (March 31, 2009 for most non-priority, unsecured Claims) or (2) filed late, but by March 25, 2011 in accordance with a Final Order or (3) listed on the filed Schedules by March 25, 2011 as an undisputed non-contingent, liquidated Scheduled Claim; and

(iii)    The Claim is not any of the following:

    (a)    a Claim at any time held by an Insider;

    (b)    a Claim of a Lehman Creditor (other than a Lehman-Owned Settling Bond Issuer-Related Claim); or

    (c)    a Settling Bond Issuer-Related Future Work Claim.

Solely for your convenience and benefit, attached as Exhibit D to the Plan is a non-exhaustive list of potential Reliance Claims against TD Plan Debtors, subject to the conditions set forth in such exhibit and section 5.2 of the Disclosure Statement. **You should review Exhibit D to the Plan prior to completing this section.**

    b.  <u>Amount, if any, of asserted Class 6 Reliance Claims</u>:

The undersigned certifies that, as of **August 1, 2011**, the undersigned held one or more Class 6 Reliance Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $ _170,819.50_      TD Plan Debtor: _LB-L-SunCal Oak Valley, LLC_

    c.  <u>Amount, if any, of Class 7 General Unsecured Claims</u>.

The undersigned certifies that, as of **August 1, 2011**, the undersigned held one or more Class 7 General Unsecured Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $ _____      TD Plan Debtor: _____

Item 3:  **OPTIONAL.**  <u>Lehman Distribution Enhancement and Creditor's Assignment / Release for Lehman</u>.

Under the Plan, a Holder of a Class 6 Reliance Claim or Class 7 General Unsecured Claim **may** elect to receive the Lehman Distribution Enhancement (payable if the Holder's Claim is Allowed) by affording the Lehman Released Parties the Creditor's Assignment / Release for Lehman. <u>By checking the box below, you are electing to afford the Lehman Released Parties the Creditor's Assignment / Release for Lehman as described in Section 8.8.1 of the

Plan and attached as **Exhibit A** and, thus, electing that, if your Claim is Allowed, you will receive the Lehman Distribution Enhancement (a total 5% Cash Distribution for Holders of Allowed Class 7 General Unsecured Claims and a total 40% to 50% Cash Distribution for Holders of Allowed Class 6 Reliance Claims) if your Claim is Allowed and the Plan becomes effective. If you do not elect to receive the Lehman Enhanced Distribution, you will receive an unconditional, guaranteed Cash Distribution equal to 1% of your Allowed Claim. (Your vote to accept or reject the Plan will be counted whether or not you make this election.)

      ☐ **Yes**, the Undersigned elects to receive Lehman Distribution Enhancement and provide Lehman Released Parties with Creditor's Assignment / Release for Lehman

Item 4:

The Voluntary Debtors and SCC Acquisitions, Inc. ("<u>Acquisitions</u>") simultaneously are soliciting acceptances for a plan or plans (each an "<u>Alternative Plan</u>") affecting all or some of the same Debtors and Estates as the Plan being solicited herewith by the Trustee and Lehman Creditors. As a result, some Creditors will have the opportunity to vote as to a particular Claim on both this Plan and on a competing Alternative Plan. Where there are competing plans for the same Debtor, although Confirmation can occur only as to one plan for each Debtor, Creditors of such Debtor may vote each Claim in favor of both plans, against both plans or for one plan and against another. If Creditors vote to accept both applicable plans, and the plans otherwise satisfy the requirements set forth in the Bankruptcy Code, the Court will decide which plan is in the best interest of all Creditors of such Debtor, taking into account the preferences of Creditors and equity security holders in accordance with section 1129(c) of the Bankruptcy Code. Please check the appropriate box below to indicate, as to the Claim you are voting with this Ballot, your preference for the Plan proposed by the Trustee and Lehman Creditors, your preference for the Alternative Plan proposed by the Voluntary Debtors and Acquisitions, or no preference with respect to any such plans.

      ☐ Prefer the **Plan proposed by the Trustee and Lehman Creditors**

      ☒ **Prefer** the **Alternative Plan(s) proposed by the Voluntary Debtors and Acquisitions**

      ☐ **No Preference**

Item 5: <u>Certification</u>. By returning this Ballot, the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above certifies that (a) this Ballot is the only Ballot submitted for the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above against the particular, applicable TD Plan Debtor, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above, (c) it was the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s)

identified in Item 2 above as of **August 1, 2011,** and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED. THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: *Outdoor Dimensions*

(Print or Type)

Signature: *J. Boudreau*

Print Name: *JoAnne Boudreau*

Title: *Corporate Secretary*

(If Applicable)

Street Address: *5325 E. Hunter Ave.*

City, State, Zip Code: *Anaheim, CA 92807*

Telephone Number: *714-578-9555*

Date Completed: *9-15-11*

YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY SEPTEMBER 19, 2011, OR YOUR VOTE WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE SUBMIT A WRITTEN REQUEST TO: Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

**Exhibit A – Creditor's Assignment / Release for Lehman**

**(Applicable Only if Lehman Distribution Enhancement Elected on Ballot)**

In exchange for the Lehman Distribution Enhancement,[1] each Creditor who holds a Reliance Claim or General Unsecured Claim (or is deemed to hold such a Claim based on its waiver of any contentions that it holds a Secured Claim) and checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written assignment or assignment and release in accordance with the Plan, whether or not the Creditor votes in favor of the Plan, automatically upon the occurrence of the Effective Date, assigns to the applicable Lehman Creditor (or if multiple applicable Lehman Creditors, to the Lehman Creditor holding the most senior Lien against the applicable Plan Project) all rights, benefits and interests of the assigning Holder, including, without limitation, Proofs of Claim and Encumbrances (each a "Claim Right" and collectively, the "Claim Rights") with respect to all such Holder's Reliance Claims, General Unsecured Claims, and, if any, Lehman Released Claims held as of the Disclosure Hearing Date and as might arise after the Disclosure Hearing Date as a result of an avoided transfer, with such assignment to be effective immediately upon the Effective Date. Such assignments are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. To the extent any such assignment is not effective to assign all of any such Reliance Claim, General Unsecured Claim or Lehman Released Claim or all of any such Claim Rights, each Holder of the applicable Reliance Claim or General Unsecured Claim who, in exchange for the Lehman Distribution Enhancement, checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written release or assignment and release in accordance with the Plan, automatically upon the occurrence of the Effective Date, unconditionally, irrevocably and generally releases, acquits and forever discharges, waives and relinquishes the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees, with such release to be effective immediately after the moment that the assignment was to become effective. Such releases are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. SUCH RELEASES INCLUDE AN EXPRESS, INFORMED, KNOWING AND VOLUNTARY WAIVER AND RELINQUISHMENT TO THE FULLEST EXTENT PERMITTED BY LAW OF RIGHTS UNDER SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH READS AS FOLLOWS, AND UNDER ANY SIMILAR OR COMPARABLE LAWS ANYWHERE IN THE WORLD:

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors.*

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

<u>Each releasing Creditor, by the release, waives and relinquishes any right or benefit that such Creditor has or may have under section 1542 of the California Civil Code or any similar provision of statutory or non-statutory law of California or any other jurisdiction to the fullest extent that such releasing Creditor may lawfully waive such rights and benefits pertaining to the subject matter of the release set forth above.</u> In that regard, each such releasing Creditor, by the release, further acknowledges that such Creditor is aware that such Creditor or the attorneys of such Creditor may hereafter discover claims or facts in addition to or different from those which such Creditor or such attorneys now know or believe to exist with respect to the subject matter of the release, and that it is each such releasing Creditor's intention fully, finally, and forever to settle and release the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor is expressly acknowledging that it understands that, notwithstanding the discovery or existence of any such additional or different claims or facts, the release shall be and remain in full force and effect as a full and complete general release with respect to the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor further acknowledges that no released Person has made any representation of any kind or character whatsoever in order to induce the execution of the release other than the Disclosure Statement for which certain released Persons are Proponents, subject to its disclaimers.

In each case, neither the assignment nor the release shall include for General Unsecured Claims or Reliance Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) (1) a Creditor's rights under the Plan to the Lehman Creditor Distribution Funding and (2) the proportional share of Residual Cash attributable under the Plan to the Claims so assigned or released. Moreover, for clarity, (A) neither the assignment nor the release shall preclude a Creditor holding an assigned or released Claim from opposing or responding defensively to the Filing of an objection to such Claim or request for determination of such Claim's status as a Reliance Claim (nor preclude such Filing of an objection to the Claim or request for determination of such Claim's status as a Reliance Claim); (B) neither the assignment nor the release includes any Claim of a Creditor against a Bond Issuer arising under a Project Bond to the extent such Claim is severable from any and all of such Creditor's General Unsecured Claims, Reliance Claims, Lehman Released Claims and Claim Rights; and (C) neither the assignment nor the release shall preclude a Creditor against which the Liquidating Trustee asserts a Remaining Litigation Claim from opposing or responding defensively to such Remaining Litigation Claim, including assertion of its Claims for offset, recoupment or setoff

purposes (nor preclude the Liquidating Trustee from asserting any Remaining Litigation Claims against such Creditor).

On or as soon as practicable after the Effective Date, the assigning and/or releasing Creditor shall dismiss (with prejudice), all litigation pending against a Lehman Released Party with respect to a Lehman Released Claim, with all parties to bear their own costs and professional fees. The assigning and/or releasing Creditor also shall take all appropriate steps to withdraw, dismiss or release any Encumbrances it may hold or have asserted against any of the Plan Projects or other Assets of the TD Plan Debtors as a condition of receipt of its Distributions under the Plan.

If the Ballot is appropriately marked to indicate the Creditor's election to receive the Lehman Distribution Enhancement in exchange for the Creditor's Assignment / Release for Lehman, the Confirmation Order, without more, shall effectuate the assignment and / or release, waiver and relinquishment described or referenced herein for the Lehman Released Parties and / or Trustee, in accordance herewith. Nonetheless, and regardless of whether the Ballot is appropriately marked: (a) the Lehman Creditors may require the Creditor electing to receive the Lehman Distribution Enhancement to execute and deliver to the Trustee, Liquidating Trustee or a Lehman Released Party, a separate Creditor's Assignment / Release for Lehman in a form determined by the Lehman Released Party and reasonably consistent herewith; and (b) a condition subsequent to the assignment and release shall be the disallowance of all Claims of the Creditor electing to receive the Lehman Distribution Enhancement prior to the Creditor receiving any of the Lehman Distribution Enhancement.

If such condition subsequent to a particular Creditor's Assignment / Release for Lehman shall occur: (i) the applicable Creditor's Assignment / Release for Lehman shall be void and (ii) if such Creditor dismissed any litigation pending against a Lehman Released Party with respect to a Lehman Released Claim with the dismissal reciting it was based on the Plan's assignment and release for such Lehman Released Party, then such the Lehman Released Party shall stipulate to reinstatement of such litigation (subject to all applicable defenses, objections and other rights of the applicable Lehman Released Party); provided that such voidance of the applicable Creditor's Assignment / Release for Lehman shall not limit or affect any other provision or effect of the Plan, including, without limitation, such voidance of an applicable Creditor's Assignment / Release for Lehman shall not preserve or restore any Encumbrances from which a Plan Project is conveyed free and clear under the Plan.

(#7)

RECEIVED

SEP 19 2011

PACHULSKI, STANG, ZIEHL & JONES

**Ballot – Class 6 – Reliance Claims/Class 7 – General Unsecured Claims**

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1300
Los Angeles, California  90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

    -- and --

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue
Suite 1200
Miami, Florida  33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California  92660
Telephone:  (949) 999-2860
Facsimile:  (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>    Jointly Administered Debtors and<br>    Debtors-In-Possession. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES |
| Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd. | Chapter 11 |

☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☒ LB-L-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☒ SunCal Century City, LLC
☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

**BALLOT FOR VOTING CLAIMS IN CLASS 6 (RELIANCE CLAIMS) AND
CLASS 7 (GENERAL UNSECURED CLAIMS)**

Steven M. Speier, as the Chapter 11 Trustee for the following eight debtors in the above-captioned cases:  L-BL-SunCal Oak Valley, LLC; SunCal Heartland, LLC; L-BL-SunCal Northlake, LLC; SunCal Marblehead, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance, LLC; and SunCal Oak Knoll, LLC, and Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC have filed the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* (the "Plan")[1] and the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors,* copies of which are included among the materials accompanying this Ballot and have also been posted on the Court's docket at www.cacb.uscourts.gov.

You have received this Ballot because the Plan Proponents believe that you assert to be the Holder of one or more Claims in 6 (Reliance Claims) ("Class 6") and/or Class 7 (General Unsecured Claims) ("Class 7") under the Plan.  Please use this Ballot to cast your vote to accept or reject the Plan, and make the other certifications set forth below.  The Disclosure Statement, which has been approved by the entry of an order by the Court pursuant to section 1125 of the Bankruptcy Code, and the order entered by the Court approving procedures in connection with solicitation of the Plan (the "Solicitation Procedures Order") provide information to assist you in deciding how to vote on the Plan.  The Court's approval of the Disclosure Statement does not indicate approval of the Plan.  If you have not received or wish to obtain a printed copy of the Disclosure Statement, Plan or Solicitation Procedures Order, please submit a written request to Pachulski Stang Ziehl & Jones LLP, Attn:  Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

---

**You should review the Disclosure Statement, the Plan and the Solicitation Procedures Order before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan.**

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

**VOTING DEADLINE: SEPTEMBER 19, 2011.**

If your Ballot is not <u>received</u> by mail or hand delivery at the address below on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

<u>Your vote will not count to the extent your claim is</u>: (1) <u>untimely</u> and <u>unscheduled</u> (that is, (a) it is was not timely filed by the applicable bar date and was not appropriately scheduled in the applicable Debtor's schedules as undisputed, liquidated and non-contingent and (b) it was not deemed timely filed pursuant to an order of the Court prior to or on the Voting Deadline of September 19, 2011); (2) <u>partially unliquidated</u> (your vote will not count as to the unliquidated portion only); (3) a <u>duplicate</u> claim (you are permitted to vote your Claim only once); or (4) <u>subject to a pending objection</u> filed by August 25, 2011, <u>unless</u> the Court issues an Order by confirmation of the Plan allowing your Claim or temporarily allowing it for voting purposes. To seek temporary allowance of your Claim, you first may file a motion with the Court requesting (or request that the Plan Proponents enter into an agreement with you requesting) pursuant to Bankruptcy Rule 3018(a) that your Claim be temporarily allowed for voting purposes, which motion (or agreement) must be filed with the Court <u>by September 26, 2011</u>. Then, you must appear at the Confirmation Hearing beginning **October 24, 2011 at 9:30 a.m.** before the Honorable Erithe A. Smith, 411 West Fourth Street, Courtroom 5A, Central District of California (Santa Ana Division), Santa Ana, California 92701 at which hearing the Court will consider your motion or the agreement for temporary allowance of your Claim. (Other parties may object to any such motion or agreement no later than **October 7, 2011** and you are permitted to file a reply to any objections no later than **October 14, 2011**.)

This Ballot is not a letter of transmittal and may not be used for any purpose other than for a Holder of a Claim (i) to cast a vote to accept or reject the Plan, (ii) to indicate whether it is the Holder of a Reliance Claim entitled to vote such Claim in Class 6, a General Unsecured Claim entitled to vote such Claim in Class 7, or partially each, and (iii) whether such Holder elects that, if its Claim is Allowed, the Holder will receive the Lehman Distribution Enhancement, if its Claim is Allowed, and provide the Lehman Released Parties with the Creditor's Assignment / Release for Lehman.

**HOW TO VOTE**

1.     COMPLETE ITEM 1.

2.     COMPLETE ITEM 2b and/or 2c.

3.     **OPTIONAL:** YOU <u>MAY</u> ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT AND PROVIDE THE LEHMAN RELEASED PARTIES WITH THE CREDITOR'S ASSIGNMENT / RELEASE FOR LEHMAN. COMPLETE ITEM 3 TO MAKE THIS ELECTION.

4.     COMPLETE ITEM 4.

5.     REVIEW THE CERTIFICATION.

6.     **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

7.     YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 6 RELIANCE CLAIMS AND CLASS 7 GENERAL UNSECURED CLAIMS AGAINST ANY PARTICULAR DEBTOR EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE AS TO A PARTICULAR DEBTOR.

8.     ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED**.

9.     FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** AT THE ADDRESS SET FORTH BELOW NO LATER THAN **SEPTEMBER 19, 2011**. YOU MAY USE THE ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE ADDRESS SET FORTH BELOW:

By Courier, Hand Delivery or U.S. Mail: Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067

Item 1:  Voting of Class 6 Reliance Claims and/or Class 7 General Unsecured Claims.

       The Holder of the Class 6 Reliance Claims and/or Class 7 General Unsecured Claims identified in this Ballot votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

       ☒ **Accept the Plan**  OR  ☐ **Reject the Plan**

Item 2:  Designation of Claims Being Voted as Class 6 Reliance Claim, Class 7 General Unsecured Claim or Partially Each.

    a.  Definition of Reliance Claim:

       Under the Plan, a Reliance Claim is a non-priority, unsecured Claim, including a Bond Claim, against a TD Plan Debtor, which Claim has the following attributes:

       (i)  The Claim is for money, goods, services or new credit voluntarily transferred or voluntarily extended to one or more of the TD Plan Debtors between the Reliance Date (August 1, 2007) and the applicable Petition Date(s) (*i.e.*, between November 12, 2008 and November 19, 2008), but not if transferred or extended on account of an existing obligation;

          

(ii)    The Claim was timely of record as follows:  either (1) filed by the Primary Claims Bar Date which was (March 31, 2009 for most non-priority, unsecured Claims) or (2) filed late, but by March 25, 2011 in accordance with a Final Order or (3) listed on the filed Schedules by March 25, 2011 as an undisputed non-contingent, liquidated Scheduled Claim; and

(iii)    The Claim is not any of the following:

(a)    a Claim at any time held by an Insider;

(b)    a Claim of a Lehman Creditor (other than a Lehman-Owned Settling Bond Issuer-Related Claim); or

(c)    a Settling Bond Issuer-Related Future Work Claim.

Solely for your convenience and benefit, attached as Exhibit D to the Plan is a non-exhaustive list of potential Reliance Claims against TD Plan Debtors, subject to the conditions set forth in such exhibit and section 5.2 of the Disclosure Statement.  **You should review Exhibit D to the Plan prior to completing this section.**

b.  Amount, if any, of asserted Class 6 Reliance Claims:

The undersigned certifies that, as of **August 1, 2011,** the undersigned held one or more Class 6 Reliance Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $ _19,383.02_____          TD Plan Debtor: _LB-L-SunCal Oak Valley, LLC_

c.  Amount, if any, of Class 7 General Unsecured Claims.

The undersigned certifies that, as of **August 1, 2011,** the undersigned held one or more Class 7 General Unsecured Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $_____          TD Plan Debtor: _____

Item 3:  **OPTIONAL.**  Lehman Distribution Enhancement and Creditor's Assignment / Release for Lehman.

Under the Plan, a Holder of a Class 6 Reliance Claim or Class 7 General Unsecured Claim **may** elect to receive the Lehman Distribution Enhancement (payable if the Holder's Claim is Allowed) by affording the Lehman Released Parties the Creditor's Assignment / Release for Lehman. By checking the box below, you are electing to afford the Lehman Released Parties the Creditor's Assignment / Release for Lehman as described in Section 8.8.1 of the

Plan and attached as **Exhibit A** and, thus, electing that, if your Claim is Allowed, you will receive the Lehman Distribution Enhancement (a total 5% Cash Distribution for Holders of Allowed Class 7 General Unsecured Claims and a total 40% to 50% Cash Distribution for Holders of Allowed Class 6 Reliance Claims) if your Claim is Allowed and the Plan becomes effective. If you do not elect to receive the Lehman Enhanced Distribution, you will receive an unconditional, guaranteed Cash Distribution equal to 1% of your Allowed Claim. (Your vote to accept or reject the Plan will be counted whether or not you make this election.)

      ⊠ **Yes**, the Undersigned elects to receive Lehman Distribution Enhancement and provide Lehman Released Parties with Creditor's Assignment / Release for Lehman

**Item 4:**

The Voluntary Debtors and SCC Acquisitions, Inc. ("Acquisitions") simultaneously are soliciting acceptances for a plan or plans (each an "Alternative Plan") affecting all or some of the same Debtors and Estates as the Plan being solicited herewith by the Trustee and Lehman Creditors. As a result, some Creditors will have the opportunity to vote as to a particular Claim on both this Plan and on a competing Alternative Plan. Where there are competing plans for the same Debtor, although Confirmation can occur only as to one plan for each Debtor, Creditors of such Debtor may vote each Claim in favor of both plans, against both plans or for one plan and against another. If Creditors vote to accept both applicable plans, and the plans otherwise satisfy the requirements set forth in the Bankruptcy Code, the Court will decide which plan is in the best interest of all Creditors of such Debtor, taking into account the preferences of Creditors and equity security holders in accordance with section 1129(c) of the Bankruptcy Code. Please check the appropriate box below to indicate, as to the Claim you are voting with this Ballot, your preference for the Plan proposed by the Trustee and Lehman Creditors, your preference for the Alternative Plan proposed by the Voluntary Debtors and Acquisitions, or no preference with respect to any such plans.

      ☐ **Prefer the Plan proposed by the Trustee and Lehman Creditors**

      ☐ **Prefer the Alternative Plan(s) proposed by the Voluntary Debtors and Acquisitions**

      ⊠ **No Preference**

**Item 5:** Certification. By returning this Ballot, the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above certifies that (a) this Ballot is the only Ballot submitted for the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above against the particular, applicable TD Plan Debtor, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above, (c) it was the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s)

identified in Item 2 above as of **August 1, 2011,** and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.  THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: Jackson DeMarco Tidus & Peckenpaugh

(Print or Type)

Signature: _____

Print Name: Ruth Mijuskovic _____

Title: President _____

(If Applicable)

Street Address: 2030 Main Street, Suite 1200 _____

City, State, Zip Code: Irvine, CA 92614 _____

_____

Telephone Number: (949) 752-8585 _____

Date Completed: September 16, 2011 _____

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY SEPTEMBER 19, 2011, OR YOUR VOTE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE SUBMIT A WRITTEN REQUEST TO: Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.**

### Exhibit A – Creditor's Assignment / Release for Lehman

**(Applicable Only if Lehman Distribution Enhancement Elected on Ballot)**

In exchange for the Lehman Distribution Enhancement,[1] each Creditor who holds a Reliance Claim or General Unsecured Claim (or is deemed to hold such a Claim based on its waiver of any contentions that it holds a Secured Claim) and checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written assignment or assignment and release in accordance with the Plan, whether or not the Creditor votes in favor of the Plan, automatically upon the occurrence of the Effective Date, assigns to the applicable Lehman Creditor (or if multiple applicable Lehman Creditors, to the Lehman Creditor holding the most senior Lien against the applicable Plan Project) all rights, benefits and interests of the assigning Holder, including, without limitation, Proofs of Claim and Encumbrances (each a "Claim Right" and collectively, the "Claim Rights") with respect to all such Holder's Reliance Claims, General Unsecured Claims, and, if any, Lehman Released Claims held as of the Disclosure Hearing Date and as might arise after the Disclosure Hearing Date as a result of an avoided transfer, with such assignment to be effective immediately upon the Effective Date. Such assignments are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. To the extent any such assignment is not effective to assign all of any such Reliance Claim, General Unsecured Claim or Lehman Released Claim or all of any such Claim Rights, each Holder of the applicable Reliance Claim or General Unsecured Claim who, in exchange for the Lehman Distribution Enhancement, checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written release or assignment and release in accordance with the Plan, automatically upon the occurrence of the Effective Date, unconditionally, irrevocably and generally releases, acquits and forever discharges, waives and relinquishes the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees, with such release to be effective immediately after the moment that the assignment was to become effective. Such releases are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. **SUCH RELEASES INCLUDE AN EXPRESS, INFORMED, KNOWING AND VOLUNTARY WAIVER AND RELINQUISHMENT TO THE FULLEST EXTENT PERMITTED BY LAW OF RIGHTS UNDER SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH READS AS FOLLOWS, AND UNDER ANY SIMILAR OR COMPARABLE LAWS ANYWHERE IN THE WORLD:**

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors.*

**A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Each releasing Creditor, by the release, waives and relinquishes any right or benefit that such Creditor has or may have under section 1542 of the California Civil Code or any similar provision of statutory or non-statutory law of California or any other jurisdiction to the fullest extent that such releasing Creditor may lawfully waive such rights and benefits pertaining to the subject matter of the release set forth above. In that regard, each such releasing Creditor, by the release, further acknowledges that such Creditor is aware that such Creditor or the attorneys of such Creditor may hereafter discover claims or facts in addition to or different from those which such Creditor or such attorneys now know or believe to exist with respect to the subject matter of the release, and that it is each such releasing Creditor's intention fully, finally, and forever to settle and release the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor is expressly acknowledging that it understands that, notwithstanding the discovery or existence of any such additional or different claims or facts, the release shall be and remain in full force and effect as a full and complete general release with respect to the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor further acknowledges that no released Person has made any representation of any kind or character whatsoever in order to induce the execution of the release other than the Disclosure Statement for which certain released Persons are Proponents, subject to its disclaimers.

In each case, neither the assignment nor the release shall include for General Unsecured Claims or Reliance Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) (1) a Creditor's rights under the Plan to the Lehman Creditor Distribution Funding and (2) the proportional share of Residual Cash attributable under the Plan to the Claims so assigned or released. Moreover, for clarity, (A) neither the assignment nor the release shall preclude a Creditor holding an assigned or released Claim from opposing or responding defensively to the Filing of an objection to such Claim or request for determination of such Claim's status as a Reliance Claim (nor preclude such Filing of an objection to the Claim or request for determination of such Claim's status as a Reliance Claim); (B) neither the assignment nor the release includes any Claim of a Creditor against a Bond Issuer arising under a Project Bond to the extent such Claim is severable from any and all of such Creditor's General Unsecured Claims, Reliance Claims, Lehman Released Claims and Claim Rights; and (C) neither the assignment nor the release shall preclude a Creditor against which the Liquidating Trustee asserts a Remaining Litigation Claim from opposing or responding defensively to such Remaining Litigation Claim, including assertion of its Claims for offset, recoupment or setoff

purposes (nor preclude the Liquidating Trustee from asserting any Remaining Litigation Claims against such Creditor).

On or as soon as practicable after the Effective Date, the assigning and/or releasing Creditor shall dismiss (with prejudice), all litigation pending against a Lehman Released Party with respect to a Lehman Released Claim, with all parties to bear their own costs and professional fees. The assigning and/or releasing Creditor also shall take all appropriate steps to withdraw, dismiss or release any Encumbrances it may hold or have asserted against any of the Plan Projects or other Assets of the TD Plan Debtors as a condition of receipt of its Distributions under the Plan.

If the Ballot is appropriately marked to indicate the Creditor's election to receive the Lehman Distribution Enhancement in exchange for the Creditor's Assignment / Release for Lehman, the Confirmation Order, without more, shall effectuate the assignment and / or release, waiver and relinquishment described or referenced herein for the Lehman Released Parties and / or Trustee, in accordance herewith. Nonetheless, and regardless of whether the Ballot is appropriately marked: (a) the Lehman Creditors may require the Creditor electing to receive the Lehman Distribution Enhancement to execute and deliver to the Trustee, Liquidating Trustee or a Lehman Released Party, a separate Creditor's Assignment / Release for Lehman in a form determined by the Lehman Released Party and reasonably consistent herewith; and (b) a condition subsequent to the assignment and release shall be the disallowance of all Claims of the Creditor electing to receive the Lehman Distribution Enhancement prior to the Creditor receiving any of the Lehman Distribution Enhancement.

If such condition subsequent to a particular Creditor's Assignment / Release for Lehman shall occur: (i) the applicable Creditor's Assignment / Release for Lehman shall be void and (ii) if such Creditor dismissed any litigation pending against a Lehman Released Party with respect to a Lehman Released Claim with the dismissal reciting it was based on the Plan's assignment and release for such Lehman Released Party, then such the Lehman Released Party shall stipulate to reinstatement of such litigation (subject to all applicable defenses, objections and other rights of the applicable Lehman Released Party); provided that such voidance of the applicable Creditor's Assignment / Release for Lehman shall not limit or affect any other provision or effect of the Plan, including, without limitation, such voidance of an applicable Creditor's Assignment / Release for Lehman shall not preserve or restore any Encumbrances from which a Plan Project is conveyed free and clear under the Plan.

RECEIVED

SEP 19 2011

#8

**Ballot – Class 6 – Reliance Claims/Class 7 – General Unsecured Claims**

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1300
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

   -- and --

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession.<br><br>Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11 |

☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☒ LB-L-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

## BALLOT FOR VOTING CLAIMS IN CLASS 6 (RELIANCE CLAIMS) AND CLASS 7 (GENERAL UNSECURED CLAIMS)

Steven M. Speier, as the Chapter 11 Trustee for the following eight debtors in the above-captioned cases: L-BL-SunCal Oak Valley, LLC; SunCal Heartland, LLC; L-BL-SunCal Northlake, LLC; SunCal Marblehead, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance, LLC; and SunCal Oak Knoll, LLC, and Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC have filed the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* (the "Plan")[1] and the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors*, copies of which are included among the materials accompanying this Ballot and have also been posted on the Court's docket at www.cacb.uscourts.gov.

You have received this Ballot because the Plan Proponents believe that you assert to be the Holder of one or more Claims in 6 (Reliance Claims) ("Class 6") and/or Class 7 (General Unsecured Claims) ("Class 7") under the Plan. Please use this Ballot to cast your vote to accept or reject the Plan, and make the other certifications set forth below. The Disclosure Statement, which has been approved by the entry of an order by the Court pursuant to section 1125 of the Bankruptcy Code, and the order entered by the Court approving procedures in connection with solicitation of the Plan (the "Solicitation Procedures Order") provide information to assist you in deciding how to vote on the Plan. The Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you have not received or wish to obtain a printed copy of the Disclosure Statement, Plan or Solicitation Procedures Order, please submit a written request to Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

---

**You should review the Disclosure Statement, the Plan and the Solicitation Procedures Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan.**

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

**VOTING DEADLINE: SEPTEMBER 19, 2011.**

**If your Ballot is not <u>received</u> by mail or hand delivery at the address below on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

<u>Your vote will not count to the extent your claim is</u>: (1) <u>untimely</u> and <u>unscheduled</u> (that is, (a) it is was not timely filed by the applicable bar date and was not appropriately scheduled in the applicable Debtor's schedules as undisputed, liquidated and non-contingent and (b) it was not deemed timely filed pursuant to an order of the Court prior to or on the Voting Deadline of September 19, 2011); (2) <u>partially unliquidated</u> (your vote will not count as to the unliquidated portion only); (3) a <u>duplicate</u> claim (you are permitted to vote your Claim only once); or (4) <u>subject to a pending objection</u> filed by August 25, 2011, <u>unless</u> the Court issues an Order by confirmation of the Plan allowing your Claim or temporarily allowing it for voting purposes. To seek temporary allowance of your Claim, you first may file a motion with the Court requesting (or request that the Plan Proponents enter into an agreement with you requesting) pursuant to Bankruptcy Rule 3018(a) that your Claim be temporarily allowed for voting purposes, which motion (or agreement) must be filed with the Court <u>by September 26, 2011</u>. Then, you must appear at the Confirmation Hearing beginning October 24, 2011 at 9:30 a.m. before the Honorable Erithe A. Smith, 411 West Fourth Street, Courtroom 5A, Central District of California (Santa Ana Division), Santa Ana, California 92701 at which hearing the Court will consider your motion or the agreement for temporary allowance of your Claim. (Other parties may object to any such motion or agreement no later than October 7, 2011 and you are permitted to file a reply to any objections no later than October 14, 2011.)

This Ballot is not a letter of transmittal and may not be used for any purpose other than for a Holder of a Claim (i) to cast a vote to accept or reject the Plan, (ii) to indicate whether it is the Holder of a Reliance Claim entitled to vote such Claim in Class 6, a General Unsecured Claim entitled to vote such Claim in Class 7, or partially each, and (iii) whether such Holder elects that, if its Claim is Allowed, the Holder will receive the Lehman Distribution Enhancement, if its Claim is Allowed, and provide the Lehman Released Parties with the Creditor's Assignment / Release for Lehman.

**HOW TO VOTE**

1.    COMPLETE ITEM 1.

2.    COMPLETE ITEM 2b and/or 2c.

3.    **OPTIONAL:** YOU <u>MAY</u> ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT AND PROVIDE THE LEHMAN RELEASED PARTIES WITH THE CREDITOR'S ASSIGNMENT / RELEASE FOR LEHMAN. COMPLETE ITEM 3 TO MAKE THIS ELECTION.

4.    COMPLETE ITEM 4.

5.     REVIEW THE CERTIFICATION.

6.     **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

7.     YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 6 RELIANCE CLAIMS AND CLASS 7 GENERAL UNSECURED CLAIMS AGAINST ANY PARTICULAR DEBTOR EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE AS TO A PARTICULAR DEBTOR.

8.     ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED.**

9.     FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** AT THE ADDRESS SET FORTH BELOW NO LATER THAN **SEPTEMBER 19, 2011.** YOU MAY USE THE ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE ADDRESS SET FORTH BELOW:

<u>By Courier, Hand Delivery or U.S. Mail:</u> Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067

Item 1: <u>Voting of Class 6 Reliance Claims and/or Class 7 General Unsecured Claims</u>.

     The Holder of the Class 6 Reliance Claims and/or Class 7 General Unsecured Claims identified in this Ballot votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

          ☑ **Accept the Plan  OR**  ☐ **Reject the Plan**

Item 2: <u>Designation of Claims Being Voted as Class 6 Reliance Claim, Class 7 General Unsecured Claim or Partially Each.</u>

    a. <u>Definition of Reliance Claim:</u>

     Under the Plan, a Reliance Claim is a non-priority, unsecured Claim, including a Bond Claim, against a TD Plan Debtor, which Claim has the following attributes:

     (i)     The Claim is for money, goods, services or new credit voluntarily transferred or voluntarily extended to one or more of the TD Plan Debtors between the Reliance Date (August 1, 2007) and the applicable Petition Date(s) (*i.e.*, between November 12, 2008 and November 19, 2008), but not if transferred or extended on account of an existing obligation;

(ii)    The Claim was timely of record as follows:  either (1) filed by the Primary Claims Bar Date which was (March 31, 2009 for most non-priority, unsecured Claims) or (2) filed late, but by March 25, 2011 in accordance with a Final Order or (3) listed on the filed Schedules by March 25, 2011 as an undisputed non-contingent, liquidated Scheduled Claim; and

(iii)    The Claim is not any of the following:

(a)    a Claim at any time held by an Insider;

(b)    a Claim of a Lehman Creditor (other than a Lehman-Owned Settling Bond Issuer-Related Claim); or

(c)    a Settling Bond Issuer-Related Future Work Claim.

Solely for your convenience and benefit, attached as Exhibit D to the Plan is a non-exhaustive list of potential Reliance Claims against TD Plan Debtors, subject to the conditions set forth in such exhibit and section 5.2 of the Disclosure Statement.  **You should review Exhibit D to the Plan prior to completing this section.**

b.  Amount, if any, of asserted Class 6 Reliance Claims:

The undersigned certifies that, as of **August 1, 2011**, the undersigned held one or more Class 6 Reliance Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $_____          TD Plan Debtor: _____

c.  Amount, if any, of Class 7 General Unsecured Claims.

The undersigned certifies that, as of **August 1, 2011**, the undersigned held one or more Class 7 General Unsecured Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $ _120,281,727_          TD Plan Debtor: _LB-L-SunCal Oak Valley, LLC_

Item 3:  **OPTIONAL.**  Lehman Distribution Enhancement and Creditor's Assignment / Release for Lehman.

Under the Plan, a Holder of a Class 6 Reliance Claim or Class 7 General Unsecured Claim **may** elect to receive the Lehman Distribution Enhancement (payable if the Holder's Claim is Allowed) by affording the Lehman Released Parties the Creditor's Assignment / Release for Lehman.  By checking the box below, you are electing to afford the Lehman Released Parties the Creditor's Assignment / Release for Lehman as described in Section 8.8.1 of the

Plan and attached as **Exhibit A** and, thus, electing that, if your Claim is Allowed, you will receive the Lehman Distribution Enhancement (a total 5% Cash Distribution for Holders of Allowed Class 7 General Unsecured Claims and a total 40% to 50% Cash Distribution for Holders of Allowed Class 6 Reliance Claims) if your Claim is Allowed and the Plan becomes effective. If you do not elect to receive the Lehman Enhanced Distribution, you will receive an unconditional, guaranteed Cash Distribution equal to 1% of your Allowed Claim. (Your vote to accept or reject the Plan will be counted whether or not you make this election.)

         ☐ Yes, the Undersigned elects to receive Lehman Distribution Enhancement and provide Lehman Released Parties with Creditor's Assignment / Release for Lehman

**Item 4:**

The Voluntary Debtors and SCC Acquisitions, Inc. ("Acquisitions") simultaneously are soliciting acceptances for a plan or plans (each an "Alternative Plan") affecting all or some of the same Debtors and Estates as the Plan being solicited herewith by the Trustee and Lehman Creditors. As a result, some Creditors will have the opportunity to vote as to a particular Claim on both this Plan and on a competing Alternative Plan. Where there are competing plans for the same Debtor, although Confirmation can occur only as to one plan for each Debtor, Creditors of such Debtor may vote each Claim in favor of both plans, against both plans or for one plan and against another. If Creditors vote to accept both applicable plans, and the plans otherwise satisfy the requirements set forth in the Bankruptcy Code, the Court will decide which plan is in the best interest of all Creditors of such Debtor, taking into account the preferences of Creditors and equity security holders in accordance with section 1129(c) of the Bankruptcy Code. Please check the appropriate box below to indicate, as to the Claim you are voting with this Ballot, your preference for the Plan proposed by the Trustee and Lehman Creditors, your preference for the Alternative Plan proposed by the Voluntary Debtors and Acquisitions, or no preference with respect to any such plans.

         ☑ **Prefer the Plan proposed by the Trustee and Lehman Creditors**

         ☐ **Prefer the Alternative Plan(s) proposed by the Voluntary Debtors and Acquisitions**

         ☐ **No Preference**

Item 5: <u>Certification</u>. By returning this Ballot, the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above certifies that (a) this Ballot is the only Ballot submitted for the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above against the particular, applicable TD Plan Debtor, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 2 above, (c) it was the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s)

identified in Item 2 above as of **August 1, 2011**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED. THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: OVC Holdings LLC
(Print or Type)

Signature:

Print Name: Philip W. Cyburt

Title: Managing Director, Alvarez and Marsal Capital Real Estate; Co-Head of the Real Estate Group of LAMCO, LLC, a wholly owned subsidiary of Lehman Brothers Holdings, Inc.
(If Applicable)

Street Address: 1100 Glendon Avenue, 14th Floor

City, State, Zip Code: Los Angeles, CA 90024

Telephone Number: 310-550-3549

Date Completed: 9/16/2011

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY SEPTEMBER 19, 2011, OR YOUR VOTE WILL NOT BE COUNTED.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE SUBMIT A WRITTEN REQUEST TO: Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

## Exhibit A – Creditor's Assignment / Release for Lehman

### (Applicable Only if Lehman Distribution Enhancement Elected on Ballot)

In exchange for the Lehman Distribution Enhancement,[1] each Creditor who holds a Reliance Claim or General Unsecured Claim (or is deemed to hold such a Claim based on its waiver of any contentions that it holds a Secured Claim) and checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written assignment or assignment and release in accordance with the Plan, whether or not the Creditor votes in favor of the Plan, automatically upon the occurrence of the Effective Date, assigns to the applicable Lehman Creditor (or if multiple applicable Lehman Creditors, to the Lehman Creditor holding the most senior Lien against the applicable Plan Project) all rights, benefits and interests of the assigning Holder, including, without limitation, Proofs of Claim and Encumbrances (each a "Claim Right" and collectively, the "Claim Rights") with respect to all such Holder's Reliance Claims, General Unsecured Claims, and, if any, Lehman Released Claims held as of the Disclosure Hearing Date and as might arise after the Disclosure Hearing Date as a result of an avoided transfer, with such assignment to be effective immediately upon the Effective Date. Such assignments are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. To the extent any such assignment is not effective to assign all of any such Reliance Claim, General Unsecured Claim or Lehman Released Claim or all of any such Claim Rights, each Holder of the applicable Reliance Claim or General Unsecured Claim who, in exchange for the Lehman Distribution Enhancement, checks the appropriate box on its Ballot and / or timely executes and delivers a separate, written release or assignment and release in accordance with the Plan, automatically upon the occurrence of the Effective Date, unconditionally, irrevocably and generally releases, acquits and forever discharges, waives and relinquishes the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees, with such release to be effective immediately after the moment that the assignment was to become effective. Such releases are to be effective to the greatest extent permitted by applicable law and shall not require anything or any action for their effectiveness except as expressly provided herein. SUCH RELEASES INCLUDE AN EXPRESS, INFORMED, KNOWING AND VOLUNTARY WAIVER AND RELINQUISHMENT TO THE FULLEST EXTENT PERMITTED BY LAW OF RIGHTS UNDER SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH READS AS FOLLOWS, AND UNDER ANY SIMILAR OR COMPARABLE LAWS ANYWHERE IN THE WORLD:

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors.*

**A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Each releasing Creditor, by the release, waives and relinquishes any right or benefit that such Creditor has or may have under section 1542 of the California Civil Code or any similar provision of statutory or non-statutory law of California or any other jurisdiction to the fullest extent that such releasing Creditor may lawfully waive such rights and benefits pertaining to the subject matter of the release set forth above. In that regard, each such releasing Creditor, by the release, further acknowledges that such Creditor is aware that such Creditor or the attorneys of such Creditor may hereafter discover claims or facts in addition to or different from those which such Creditor or such attorneys now know or believe to exist with respect to the subject matter of the release, and that it is each such releasing Creditor's intention fully, finally, and forever to settle and release the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor is expressly acknowledging that it understands that, notwithstanding the discovery or existence of any such additional or different claims or facts, the release shall be and remain in full force and effect as a full and complete general release with respect to the Holder's General Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman Nominees. Through the release, each such releasing Creditor further acknowledges that no released Person has made any representation of any kind or character whatsoever in order to induce the execution of the release other than the Disclosure Statement for which certain released Persons are Proponents, subject to its disclaimers.

In each case, neither the assignment nor the release shall include for General Unsecured Claims or Reliance Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an avoided transfer) (1) a Creditor's rights under the Plan to the Lehman Creditor Distribution Funding and (2) the proportional share of Residual Cash attributable under the Plan to the Claims so assigned or released. Moreover, for clarity, (A) neither the assignment nor the release shall preclude a Creditor holding an assigned or released Claim from opposing or responding defensively to the Filing of an objection to such Claim or request for determination of such Claim's status as a Reliance Claim (nor preclude such Filing of an objection to the Claim or request for determination of such Claim's status as a Reliance Claim); (B) neither the assignment nor the release includes any Claim of a Creditor against a Bond Issuer arising under a Project Bond to the extent such Claim is severable from any and all of such Creditor's General Unsecured Claims, Reliance Claims, Lehman Released Claims and Claim Rights; and (C) neither the assignment nor the release shall preclude a Creditor against which the Liquidating Trustee asserts a Remaining Litigation Claim from opposing or responding defensively to such Remaining Litigation Claim, including assertion of its Claims for offset, recoupment or setoff

purposes (nor preclude the Liquidating Trustee from asserting any Remaining Litigation Claims against such Creditor).

On or as soon as practicable after the Effective Date, the assigning and/or releasing Creditor shall dismiss (with prejudice), all litigation pending against a Lehman Released Party with respect to a Lehman Released Claim, with all parties to bear their own costs and professional fees. The assigning and/or releasing Creditor also shall take all appropriate steps to withdraw, dismiss or release any Encumbrances it may hold or have asserted against any of the Plan Projects or other Assets of the TD Plan Debtors as a condition of receipt of its Distributions under the Plan.

If the Ballot is appropriately marked to indicate the Creditor's election to receive the Lehman Distribution Enhancement in exchange for the Creditor's Assignment / Release for Lehman, the Confirmation Order, without more, shall effectuate the assignment and / or release, waiver and relinquishment described or referenced herein for the Lehman Released Parties and / or Trustee, in accordance herewith. Nonetheless, and regardless of whether the Ballot is appropriately marked: (a) the Lehman Creditors may require the Creditor electing to receive the Lehman Distribution Enhancement to execute and deliver to the Trustee, Liquidating Trustee or a Lehman Released Party, a separate Creditor's Assignment / Release for Lehman in a form determined by the Lehman Released Party and reasonably consistent herewith; and (b) a condition subsequent to the assignment and release shall be the disallowance of all Claims of the Creditor electing to receive the Lehman Distribution Enhancement prior to the Creditor receiving any of the Lehman Distribution Enhancement.

If such condition subsequent to a particular Creditor's Assignment / Release for Lehman shall occur: (i) the applicable Creditor's Assignment / Release for Lehman shall be void and (ii) if such Creditor dismissed any litigation pending against a Lehman Released Party with respect to a Lehman Released Claim with the dismissal reciting it was based on the Plan's assignment and release for such Lehman Released Party, then such the Lehman Released Party shall stipulate to reinstatement of such litigation (subject to all applicable defenses, objections and other rights of the applicable Lehman Released Party); provided that such voidance of the applicable Creditor's Assignment / Release for Lehman shall not limit or affect any other provision or effect of the Plan, including, without limitation, such voidance of an applicable Creditor's Assignment / Release for Lehman shall not preserve or restore any Encumbrances from which a Plan Project is conveyed free and clear under the Plan.





Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1300
Los Angeles, California  90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

-- and --

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue
Suite 1200
Miami, Florida  33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California  92660
Telephone:  (949) 999-2860
Facsimile:  (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES; |
| Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd. | 8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11 |

DOCS_LA:243215.2 52063-001

1

☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☒ LB-L-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

## BALLOT FOR VOTING CLAIMS IN CLASS 3 (SR. SECURED MECHANIC'S LIEN CLAIMS)

Steven M. Speier, as the Chapter 11 Trustee for the following eight debtors in the above-captioned cases: L-BL-SunCal Oak Valley, LLC; SunCal Heartland, LLC; L-BL-SunCal Northlake, LLC; SunCal Marblehead, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance, LLC; and SunCal Oak Knoll, LLC, and Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC have filed the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* (the "Plan")[1] and the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors*, copies of which are included among the materials accompanying this Ballot and have also been posted on the Court's docket at www.cacb.uscourts.gov.

You have received this Ballot because the Plan Proponents believe that you may allege to be a Holder of one or more Class 3 Sr. Secured Mechanic's Lien Claims under the Plan.

The Lehman Proponents dispute that any Mechanic's Lien Claims could be Allowed as a Sr. Secured Mechanic's Lien Claim because they believe that the Lehman Creditors' Liens are senior Encumbrances and there is no value in the junior Liens of the Holders of Mechanic's Lien Claims.

**COMPLETE THIS BALLOT TO: (1) HAVE THE OPPORTUNITY TO ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT,** which essentially affords Creditors an enhanced recovery, as more fully set forth in the Plan, of (as applicable) up to 40% to 50% for Allowed Reliance Claims, and up to 5% for Allowed General Unsecured Claims, **(2) WAIVE ANY CONTENTION THAT YOUR MECHANIC'S LIEN CLAIM IS A SECURED CLAIM SENIOR TO THE LEHMAN CREDITORS' SECURED CLAIMS,**

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

**AND (3) ELECT TO VOTE YOUR CLAIM AS A GENERAL UNSECURED CLAIM OR RELIANCE CLAIM, AS APPLICABLE, TO ACCEPT OR REJECT THE PLAN.**

**IF YOU DO NOT ELECT TO WAIVE YOUR SECURED CLAIM, YOU DO NOT NEED TO COMPLETE THIS BALLOT.** THE REASON NO BALLOT IS NEEDED IF YOU DO NOT MAKE THIS ELECTION IS BECAUSE CLASS 3 CLAIMS ARE UNIMPAIRED AND HOLDERS OF CLASS 3 CLAIMS, UNLESS THEIR CLAIMS ARE DISALLOWED PRIOR TO CONFIRMATION, ARE DEEMED TO ACCEPT THE PLAN.

IF YOU DO ELECT TO WAIVE YOUR SECURED CLAIM, THEN please use this Ballot to cast your vote to accept or reject the Plan, and make the other certifications set forth below.  The Disclosure Statement, which has been approved by the entry of an order by the Court pursuant to section 1125 of the Bankruptcy Code, and the order entered by the Court approving procedures in connection with solicitation of the Plan (the "Solicitation Procedures Order") provide information to assist you in deciding how to vote on the Plan.  The Court's approval of the Disclosure Statement does not indicate approval of the Plan.  If you have not received or wish to obtain a printed copy of the Disclosure Statement, Plan, or Solicitation Procedures Order, please submit a written request to Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

---

You should review the Disclosure Statement, the Plan and the Solicitation Procedures Order before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan.

**VOTING DEADLINE: SEPTEMBER 19, 2011.**

If your Ballot is not <u>received</u> by mail or hand delivery at the address below on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.  Ballots will not be accepted by electronic or facsimile transmission.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

<u>Your vote will not count to the extent your claim is:</u> (1) <u>untimely</u> and <u>unscheduled</u> (that is, (a) it is was not timely filed by the applicable bar date and was not appropriately scheduled in the applicable Debtor's schedules as undisputed, liquidated and non-contingent and (b) it was not deemed timely filed pursuant to an order of the Court prior to or on the Voting Deadline of September 19, 2011); (2) <u>partially unliquidated</u> (your vote will not count as to the unliquidated portion only); (3) a <u>duplicate</u> claim (you are permitted to vote your Claim only once); or (4) <u>subject to a pending objection</u> filed by August 25, 2011, <u>unless</u> the Court issues an Order by confirmation of the Plan allowing your Claim or temporarily allowing it for voting purposes.  To seek temporary allowance of your Claim, you first may file a motion with the Court requesting (or request that the Plan Proponents enter into an agreement with you requesting) pursuant to Bankruptcy Rule 3018(a) that your Claim be temporarily allowed for voting purposes, which motion (or agreement) must be filed with the Court **by September 26, 2011**.  Then, you must appear at the Confirmation Hearing beginning **October 24, 2011 at 9:30 a.m.** before the Honorable Erithe A. Smith, 411 West Fourth Street, Courtroom 5A, Central District of

---

California (Santa Ana Division), Santa Ana, California 92701 at which hearing the Court will consider your motion or the agreement for temporary allowance of your Claim. (Other parties may object to any such motion or agreement no later than **October 7, 2011** and you are permitted to file a reply to any objections no later than **October 14, 2011.**)

This Ballot is not a letter of transmittal and may not be used for any purpose other than for a Holder of a Claim (i) to waive any contention that the Holder has a Secured Claim senior to the Secured Claim of the applicable Lehman Creditor(s) on the applicable Plan Project and to assert, instead, that its Claim is a General Unsecured Claim or Reliance Claim, or partially each, thereby affording the Creditor the further opportunity to (ii) vote its Claim and (iii) elect to receive the Lehman Distribution Enhancement, if its Claim is Allowed, and provide the Lehman Released Parties with the Creditor's Assignment / Release for Lehman.

## HOW TO VOTE

1.    OPTIONAL: Complete Item 1 to waive any contention your Claim is a "Secured Claim."

**If you do not make the above election, do not complete the remainder of this Ballot.**

2.    COMPLETE ITEM 2 and, as applicable, ITEMS 3. b. & 3. c.

3.    OPTIONAL: YOU MAY ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT AND PROVIDE THE LEHMAN RELEASED PARTIES WITH THE CREDITOR'S ASSIGNMENT / RELEASE FOR LEHMAN.  COMPLETE ITEM 4 TO MAKE THIS ELECTION.

4.    COMPLETE ITEM 5.

6.    REVIEW THE CERTIFICATION.

7.    **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

8.    YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 6 AND CLASS 7 CLAIMS AGAINST ANY PARTICULAR DEBTOR EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE AS TO A PARTICULAR DEBTOR.

9.    ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED.**

10.    FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** AT THE ADDRESS SET FORTH BELOW NO LATER THAN **SEPTEMBER 19, 2011**.  YOU MAY USE THE ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE ADDRESS SET FORTH BELOW:

By Courier, Hand Delivery or U.S. Mail:  Pachulski Stang Ziehl & Jones LLP, Attn:  Michael Matteo, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067

Item 1:   **OPTIONAL.**  Election to Waive the Contention that Claim is a Secured Claim In Order
to Assert, Instead, Claim is a General Unsecured Claim or Reliance Claim Entitled to
Lehman Distribution Enhancement.

The Lehman Creditors believe that some of the Mechanic's Lien Claims are General
Unsecured Claims or Reliance Claims (to be treated in Class 6 or Class 7, if Allowed).  The
Lehman Creditors hold Lehman Secured Claims against the relevant Plan Projects and believe
that their Lehman Secured Claims are senior Encumbrances to the Mechanic's Lien Claims and
that, because the Plan Projects are worth less than the aggregate outstanding amount of the
Lehman Loans that are secured by the Lehman Claim Liens, there is no value in the Plan Projects
to which the junior Liens of the Holders of Mechanic's Lien Claims could attach.  If a Creditor
with a Mechanic's Lien Claim, that it contends is a Secured Claim senior to the applicable
Secured Claim of the Lehman Creditor(s) on the applicable Project, waits to find out after an
objection to such Claim whether its Claim will be Allowed as having the status of a Sr. Secured
Mechanic's Lien Claim, General Unsecured Claim or Reliance Claim, then, the Plan offers no
opportunity at such later point for the Creditor to avail itself of the Lehman Distribution
Enhancement, which, as provided in the Plan, essentially offers Creditors an opportunity on their
Ballots to elect to receive an enhanced recovery, as more fully set forth in the Plan, of 39% to
49% more for Allowed Reliance Claims and 4% more for Allowed General Unsecured Claims.
Thus, each identified Holder of a Mechanic's Lien Claim is being provided this Ballot on which
such Holder may elect to vote its Claim as a General Unsecured Claim or a Reliance Claim, as
applicable, and has the opportunity to elect to receive the Lehman Distribution Enhancement in
respect of its Allowed Claim (in exchange for the Creditor's Assignment / Release for Lehman).

By electing this option, below, the Creditor must and is waiving, effective upon the
Plan's Effective Date occurring, all contentions that its Claim is a Secured Claim against the
applicable Plan Project.  If this election is not made and such Holder thereby elects to proceed as
a Holder of Mechanic's Lien Claims, then if it is subsequently determined that such Claims are
not Sr. Secured Mechanic's Lien Claims, such Holder will not be eligible to receive the Lehman
Distribution Enhancement (and only will receive a cash distribution of 1% of its Allowed
Claim).

☒ **Yes**, the Undersigned waives all contentions that its Claim is a Secured Claim
against the applicable Plan Project.

**[IF YOU DO NOT MAKE THE OPTIONAL ELECTION IN ITEM 1, YOU DO NOT
NEED TO COMPLETE ANY OF THIS BALLOT]**

Item 2: <u>Voting of Claim</u>.

The Holder of the Class 6 Reliance Claims and/or Class 7 General Unsecured Claims identified in this Ballot votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

☑ **Accept** the Plan  OR  ☐ **Reject** the Plan

Item 3:  <u>Designate Whether Claim(s) Being Voted are Class 6 Reliance Claim(s), Class 7 General Unsecured Claim(s) or Partially Each</u>.

    a.  <u>Definition of Reliance Claim</u>:

Under the Plan, a Reliance Claim is a non-priority, unsecured Claim, including a Bond Claim, against a TD Plan Debtor, which Claim has the following attributes:

    (i)  The Claim is for money, goods, services or new credit voluntarily transferred or voluntarily extended to one or more of the TD Plan Debtors between the Reliance Date (August 1, 2007) and the applicable Petition Date(s) (*i.e.*, between November 12, 2008 and November 19, 2008), but not if transferred or extended on account of an existing obligation;

    (ii)  The Claim was timely of record as follows:  either (1) filed by the Primary Claims Bar Date (which was March 31, 2009 for most non-priority, unsecured Claims) or (2) filed late, but by March 25, 2011 in accordance with a Final Order or (3) listed on the filed Schedules by March 25, 2011 as an undisputed, non-contingent, liquidated Scheduled Claim; and

    (iii)  The Claim is not any of the following:

        (a)  a Claim at any time held by an Insider;
        (b)  a Claim of a Lehman Creditor (other than a Lehman-Owned Settling Bond Issuer-Related Claim); or
        (c)  a Settling Bond Issuer-Related Future Work Claim.

Solely for your convenience and benefit, attached as Exhibit D to the Plan is a non-exhaustive list of potential Reliance Claims against TD Plan Debtors, subject to the conditions set forth in such exhibit and section 5.2 of the Disclosure Statement.  **You should review Exhibit D to the Plan prior to completing this section.**

b. Amount, if any, of asserted Class 6 Reliance Claims:

The undersigned certifies that, as of **August 1, 2011**, the undersigned held one or more Class 6 Reliance Claims (based on the waiver above of any contention that undersigned holds a Secured Claim) in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $ _181,252.03_   TD Plan Debtor: _LB-L- SunCal Oak Valley, LLC_

c. Amount, if any, of Class 7 General Unsecured Claims.

The undersigned certifies that, as of **August 1, 2011**, the undersigned held one or more Class 7 General Unsecured Claims (based on the waiver above of any contention that undersigned holds a Secured Claim) in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $ _785,735.01_   TD Plan Debtor: _LB-L- SunCal Oak Valley, LLC_

Item 4: **OPTIONAL.** Lehman Distribution Enhancement and Creditor's Assignment / Release for Lehman.

Under the Plan, a Holder of a Class 6 Reliance Claim or Class 7 General Unsecured Claim **may** elect to receive the Lehman Distribution Enhancement (payable if the Holder's Claim is Allowed) by affording the Lehman Released Parties the Creditor's Assignment / Release for Lehman. By checking the box below, you are electing to afford the Lehman Released Parties the Creditor's Assignment / Release for Lehman as described in Section 8.8.1 of the Plan and attached as **Exhibit A** and, thus, electing that, if your Claim is Allowed, you will receive the Lehman Distribution Enhancement (a total 5% Cash Distribution for Holders of Allowed Class 7 General Unsecured Claims and a total 40% to 50% Cash Distribution for Holders of Allowed Class 6 Reliance Claims) if your Claim is Allowed and the Plan becomes effective. If you do not elect to receive the Lehman Enhanced Distribution, you will receive an unconditional, guaranteed Cash Distribution equal to 1% of your Allowed Claim. (Your vote to accept or reject the Plan will be counted whether or not you make this election.)

☐ **Yes,** the Undersigned elects to receive Lehman Distribution Enhancement and provide Lehman Released Parties with Creditor's Assignment / Release for Lehman

Item 5:

The Voluntary Debtors and SCC Acquisitions, Inc. ("Acquisitions") simultaneously are soliciting acceptances for a plan or plans (each an "Alternative Plan") affecting all or some of the same Debtors and Estates as the Plan being solicited herewith by the Trustee and Lehman Creditors. As a result, some Creditors will have the opportunity to vote as to a particular Claim on both this Plan and on a competing Alternative Plan. Where there

are competing plans for the same Debtor, although Confirmation can occur only as to one plan for each Debtor, Creditors of such Debtor may vote each Claim in favor of both plans, against both plans or for one plan and against another. If Creditors vote to accept both applicable plans, and the plans otherwise satisfy the requirements set forth in the Bankruptcy Code, the Court will decide which plan is in the best interest of all Creditors of such Debtor, taking into account the preferences of Creditors and equity security holders in accordance with section 1129(c) of the Bankruptcy Code. Please check the appropriate box below to indicate, as to the Claim you are voting with this Ballot, your preference for the Plan proposed by the Trustee and Lehman Creditors, your preference for the Alternative Plan proposed by the Voluntary Debtors and Acquisitions, or no preference with respect to any such plans.

☑ **Prefer the Plan proposed by the Trustee and Lehman Creditors**

☐ **Prefer the Alternative Plan(s) proposed by the Voluntary Debtors and Acquisitions**

☐ **No Preference**

Item 6: <u>Certification</u>. By returning this Ballot, the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 3 above certifies that (a) this Ballot is the only Ballot submitted for the Class 3 Claim(s), Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 3 above against the particular, applicable TD Plan Debtor, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 6 Claim(s) and/ or Class 7 Claim(s) identified in Item 3 above, (c) it was the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 3 above as of **August 1, 2011**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS
BEEN OR WILL BE ALLOWED.  THIS BALLOT SHALL NOT CONSTITUTE OR BE
DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM
OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: _CA Verhagen Holdings, LLC (as
_transferee of proofs of claim nos. 12 and 14 filed by Pinnick, Inc.)_
(Print or Type)

Signature: _____

Print Name: _Philip W. Gyburt_

Title: _Managing Director, Alvarez and Marsal Capital
Real Estate; Co-Head of Real Estate Group of LAMCO, LLC, a
wholly owned subsidiary of Lehman Brothers Holdings, Inc._
(If Applicable)

Street Address: _1100 Glendon Ave., 14th Fl._

City, State, Zip Code: _Los Angeles, CA
90024_

Telephone Number: _310 - 550 - 3549_

Date Completed: _9/16/11_

---

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY
SEPTEMBER 19, 2011, OR YOUR VOTE WILL NOT BE COUNTED.**

---

      IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE
VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES
OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS,
PLEASE SUBMIT A WRITTEN REQUEST TO: Pachulski Stang Ziehl & Jones LLP,
Attn:  Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or
by e-mail at mmatteo@pszjlaw.com.

**Exhibit A – Creditor's Assignment / Release for Lehman**

**(Applicable Only if Creditor Waives Contention that Claim is a Secured Claim and
Lehman Distribution Enhancement Elected on Ballot)**

In exchange for the Lehman Distribution Enhancement,[1] each Creditor who holds a
Reliance Claim or General Unsecured Claim (or is deemed to hold such a Claim based on its
waiver of any contentions that it holds a Secured Claim) and checks the appropriate box on its
Ballot and / or timely executes and delivers a separate, written assignment or assignment and
release in accordance with the Plan, whether or not the Creditor votes in favor of the Plan,
automatically upon the occurrence of the Effective Date, assigns to the applicable Lehman
Creditor (or if multiple applicable Lehman Creditors, to the Lehman Creditor holding the most
senior Lien against the applicable Plan Project) all rights, benefits and interests of the assigning
Holder including, without limitation, Proofs of Claim and Encumbrances (each a "Claim Right"
and collectively, the "Claim Rights") with respect to each of such Holder's Reliance Claims,
General Unsecured Claims, and, if any, Lehman Released Claims held as of the Disclosure
Hearing Date and as might arise after the Disclosure Hearing Date as a result of an avoided
transfer, with such assignment to be effective immediately upon the Effective Date. Such
assignments are to be effective to the greatest extent permitted by applicable law and shall not
require anything or any action for their effectiveness except as expressly provided herein. To the
extent any such assignment is not effective to assign all of any such Reliance Claim, General
Unsecured Claim or Lehman Released Claim or all of any such Claim Rights, each Holder of the
applicable Reliance Claim or General Unsecured Claim who, in exchange for the Lehman
Distribution Enhancement, checks the appropriate box on its Ballot and / or timely executes and
delivers a separate, written release or assignment and release in accordance with the Plan,
automatically upon the occurrence of the Effective Date, unconditionally, irrevocably and
generally releases, acquits and forever discharges, waives and relinquishes the Holder's General
Unsecured Claims, Reliance Claims, Lehman Released Claims (including such Claims as might
arise after the Disclosure Hearing Date as a result of an avoided transfer) and Claim Rights with
respect thereto from and against the Trustee, the TD Plan Debtors and all Lehman Released
Parties, including, without limitation, the Lehman Nominees, with such release to be effective
immediately after the moment that the assignment was to become effective. Such releases are to
be effective to the greatest extent permitted by applicable law and shall not require anything or
any action for their effectiveness except as expressly provided herein. SUCH RELEASES
INCLUDE AN EXPRESS, INFORMED, KNOWING AND VOLUNTARY WAIVER AND
RELINQUISHMENT TO THE FULLEST EXTENT PERMITTED BY LAW OF RIGHTS
UNDER SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH READS AS
FOLLOWS, AND UNDER ANY SIMILAR OR COMPARABLE LAWS ANYWHERE IN
THE WORLD:

**A general release does not extend to claims which the creditor does not
know or suspect to exist in his favor at the time of executing the release,**

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the
*Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors.*

**which if known by him must have materially affected his settlement
with the debtor.**

Each releasing Creditor, by the release, waives and relinquishes any right or benefit that such
Creditor has or may have under section 1542 of the California Civil Code or any similar
provision of statutory or non-statutory law of California or any other jurisdiction to the fullest
extent that such releasing Creditor may lawfully waive such rights and benefits pertaining to the
subject matter of the release set forth above. In that regard, each such releasing Creditor, by the
release, further acknowledges that such Creditor is aware that such Creditor or the attorneys of
such Creditor may hereafter discover claims or facts in addition to or different from those which
such Creditor or such attorneys now know or believe to exist with respect to the subject matter of
the release, and that it is each such releasing Creditor's intention fully, finally, and forever to
settle and release the Holder's General Unsecured Claims, Reliance Claims, Lehman Released
Claims (including such Claims as might arise after the Disclosure Hearing Date as a result of an
avoided transfer) and Claim Rights with respect thereto from and against the Trustee, the TD
Plan Debtors and all Lehman Released Parties, including, without limitation, the Lehman
Nominees. Through the release, each such releasing Creditor is expressly acknowledging that it
understands that, notwithstanding the discovery or existence of any such additional or different
claims or facts, the release shall be and remain in full force and effect as a full and complete
general release with respect to the Holder's General Unsecured Claims, Reliance Claims,
Lehman Released Claims (including such Claims as might arise after the Disclosure Hearing
Date as a result of an avoided transfer) and Claim Rights with respect thereto from and against
the Trustee, the TD Plan Debtors and all Lehman Released Parties, including, without limitation,
the Lehman Nominees. Through the release, each such releasing Creditor further acknowledges
that no released Person has made any representation of any kind or character whatsoever in order
to induce the execution of the release other than the Disclosure Statement for which certain
released Persons are Proponents, subject to its disclaimers.

        In each case, neither the assignment nor the release shall include for General Unsecured
Claims or Reliance Claims (including such Claims as might arise after the Disclosure Hearing
Date as a result of an avoided transfer) (1) a Creditor's rights under the Plan to the Lehman
Creditor Distribution Funding and (2) the proportional share of Residual Cash attributable under
the Plan to the Claims so assigned or released. Moreover, for clarity, (A) neither the assignment
nor the release shall preclude a Creditor holding an assigned or released Claim from opposing or
responding defensively to the Filing of an objection to such Claim or request for determination
of such Claim's status as a Reliance Claim (nor preclude such Filing of an objection to the Claim
or request for determination of such Claim's status as a Reliance Claim); (B) neither the
assignment nor the release includes any Claim of a Creditor against a Bond Issuer arising under a
Project Bond to the extent such Claim is severable from any and all of such Creditor's General
Unsecured Claims, Reliance Claims, Lehman Released Claims and Claim Rights; and (C) neither
the assignment nor the release shall preclude a Creditor against which the Liquidating Trustee
asserts a Remaining Litigation Claim from opposing or responding defensively to such
Remaining Litigation Claim, including assertion of its Claims for offset, recoupment or setoff
purposes (nor preclude the Liquidating Trustee from asserting any Remaining Litigation Claims
against such Creditor).

On or as soon as practicable after the Effective Date, the assigning and/or releasing Creditor shall dismiss (with prejudice), all litigation pending against a Lehman Released Party with respect to a Lehman Released Claim, with all parties to bear their own costs and professional fees. The assigning and/or releasing Creditor also shall take all appropriate steps to withdraw, dismiss or release any Encumbrances it may hold or have asserted against any of the Plan Projects or other Assets of the TD Plan Debtors as a condition of receipt of its Distributions under the Plan.

If the Ballot is appropriately marked to indicate the Creditor's election to receive the Lehman Distribution Enhancement in exchange for the Creditor's Assignment / Release for Lehman, the Confirmation Order, without more, shall effectuate the assignment and / or release, waiver and relinquishment described or referenced herein for the Lehman Released Parties and / or Trustee, in accordance herewith. Nonetheless, and regardless of whether the Ballot is appropriately marked: (a) the Lehman Creditors may require the Creditor electing to receive the Lehman Distribution Enhancement to execute and deliver to the Trustee, Liquidating Trustee or a Lehman Released Party, a separate Creditor's Assignment / Release for Lehman in a form determined by the Lehman Released Party and reasonably consistent herewith; and (b) a condition subsequent to the assignment and release shall be the disallowance of all Claims of the Creditor electing to receive the Lehman Distribution Enhancement prior to the Creditor receiving any of the Lehman Distribution Enhancement.

If such condition subsequent to a particular Creditor's Assignment / Release for Lehman shall occur: (i) the applicable Creditor's Assignment / Release for Lehman shall be void and (ii) if such Creditor dismissed any litigation pending against a Lehman Released Party with respect to a Lehman Released Claim with the dismissal reciting it was based on the Plan's assignment and release for such Lehman Released Party, then such the Lehman Released Party shall stipulate to reinstatement of such litigation (subject to all applicable defenses, objections and other rights of the applicable Lehman Released Party); provided that such voidance of the applicable Creditor's Assignment / Release for Lehman shall not limit or affect any other provision or effect of the Plan, including, without limitation, such voidance of an applicable Creditor's Assignment / Release for Lehman shall not preserve or restore any Encumbrances from which a Plan Project is conveyed free and clear under the Plan.



RECEIVED

SEP 19 2011

PACHULSKI STANG ZIEHL & JONES

**Ballot – Class 2 – Lehman Secured Claims**

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1300
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

– and –

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession.<br><br>Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11 |

☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☒ LB-L-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

## BALLOT FOR VOTING CLAIMS IN CLASS 2 (LEHMAN SECURED CLAIMS)

Steven M. Speier, as the Chapter 11 Trustee for the following eight debtors in the above-captioned cases: L-BL-SunCal Oak Valley, LLC; SunCal Heartland, LLC; L-BL-SunCal Northlake, LLC; SunCal Marblehead, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance, LLC; and SunCal Oak Knoll, LLC, and Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC have filed the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* (the "Plan")[1] and the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* (the "Disclosure Statement"), copies of which are included among the materials accompanying this Ballot and are also posted on the Court's docket at www.cacb.uscourts.gov.

If you were, as of **August 1, 2011**, the Holder of one or more Claims in Class 2 (Lehman Secured Claims) ("Class 2"), please use this Ballot to cast your vote to accept or reject the Plan. The Disclosure Statement, which has been approved by the entry of an order by the Court pursuant to section 1125 of the Bankruptcy Code, and the order entered by the Court approving procedures in connection with solicitation of the Plan (the "Solicitation Procedures Order") provide information to assist you in deciding how to vote on the Plan. The Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you have not received or wish to obtain a printed copy of the Disclosure Statement, Plan, or Solicitation Procedures Order, please submit a written request to Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

> **You should review the Disclosure Statement, the Plan and the Solicitation Procedures Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan.**
>
> **VOTING DEADLINE: SEPTEMBER 19, 2011.**

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

**If your Ballot is not <u>received</u> by mail or hand delivery at the address below on or before the Voting Deadline, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

<u>Your vote will not count to the extent your claim is</u>: (1) <u>untimely</u> and <u>unscheduled</u> (that is, (a) it is was not timely filed by the applicable bar date and was not appropriately scheduled in the applicable Debtor's schedules as undisputed, liquidated and non-contingent and (b) it was not deemed timely filed pursuant to an order of the Court prior to or on the Voting Deadline of September 19, 2011); (2) <u>partially unliquidated</u> (your vote will not count as to the unliquidated portion only); (3) a <u>duplicate</u> claim (you are permitted to vote your Claim only once); or (4) <u>subject to a pending objection</u> filed by August 25, 2011, <u>unless</u> the Court issues an Order by confirmation of the Plan allowing your Claim or temporarily allowing it for voting purposes. To seek temporary allowance of your Claim, you first may file a motion with the Court requesting (or request that the Plan Proponents enter into an agreement with you requesting) pursuant to Bankruptcy Rule 3018(a) that your Claim be temporarily allowed for voting purposes, which motion (or agreement) must be filed with the Court **by September 26, 2011**. Then, you must appear at the Confirmation Hearing beginning **October 24, 2011 at 9:30 a.m.** before the Honorable Erithe A. Smith, 411 West Fourth Street, Courtroom 5A, Central District of California (Santa Ana Division), Santa Ana, California 92701 at which hearing the Court will consider your motion or the agreement for temporary allowance of your Claim. (Other parties may object to any such motion or agreement no later than **October 7, 2011** and you are permitted to file a reply to any objections no later than **October 14, 2011**.)

This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast a vote to accept or reject the Plan.

**HOW TO VOTE**

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2.

3. COMPLETE ITEM 3.

4. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.

5. **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

6. YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 2 CLAIMS AGAINST ANY PARTICULAR DEBTOR EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE AS TO A PARTICULAR DEBTOR.

| | |
|---|---|
| 7. | ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED.** |
| 9. | FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** AT THE ADDRESS SET FORTH BELOW NO LATER THAN **SEPTEMBER 19, 2011.** YOU MAY USE THE ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE APPLICABLE ADDRESS SET FORTH BELOW: |

<u>By Courier, Hand Delivery or U.S. Mail</u>
Pachulski Stang Ziehl & Jones LLP
Attn: Michael Matteo
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067

Item 1: <u>Amount of Class 2 Claims Voted.</u> The undersigned certifies that, as of **August 1, 2011,** the undersigned held Class 2 Claims in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $ 21,348,365    TD Plan Debtor: LB-L-SunCal Oak Valley, LLC

Item 2: <u>Voting.</u> The Holder of the Class 2 Claims identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote **will not be counted**):

☑ **Accept** the Plan  OR  ☐ **Reject** the Plan

Item 3:

The Voluntary Debtors and SCC Acquisitions, Inc. ("<u>Acquisitions</u>") simultaneously are soliciting acceptances for a plan or plans (each an "<u>Alternative Plan</u>") affecting all or some of the same Debtors and Estates as the Plan being solicited herewith by the Trustee and Lehman Creditors. As a result, some Creditors will have the opportunity to vote as to a particular Claim on both this Plan and on a competing Alternative Plan. Where there are competing plans for the same Debtor, although Confirmation can occur only as to one plan for each Debtor, Creditors of such Debtor may vote each Claim in favor of both plans, against both plans or for one plan and against another. If Creditors vote to accept both applicable plans, and the plans otherwise satisfy the requirements set forth in the Bankruptcy Code, the Court will decide which plan is in the best interest of all Creditors of such Debtor, taking into account the preferences of Creditors and equity security holders in accordance with section 1129(c) of the Bankruptcy Code. Please check the appropriate box below to indicate, as to the Claim you are voting with this Ballot, your preference for the Plan proposed by the Trustee and Lehman Creditors, your preference for the Alternative Plan proposed by the Voluntary Debtors and Acquisitions, or no preference with respect to any such plans.

☑ **Prefer the Plan proposed by the Trustee and Lehman Creditors**

☐ **Prefer the Alternative Plan(s) proposed by the Voluntary Debtors and Acquisitions**

☐ **No Preference**

Item 4: <u>Certification</u>. By returning this Ballot, the Holder of the Class 2 Claim(s) identified in Item 1 above certifies that (a) this Ballot is the only Ballot submitted for the Class 2 Claim(s) identified in Item 1 above against the particular, applicable TD Plan Debtor, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 2 Claim(s) identified in Item 1 above, (c) it was the Holder of the Class 2 Claim(s) identified in Item 1 above as of **August 1, 2011**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED. THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR EQUITY INTEREST, AN ASSERTION OF A CLAIM OR EQUITY INTEREST, OR THE ALLOWANCE OF A CLAIM OR EQUITY INTEREST.

Name of Creditor: OVC Holdings LLC

(Print or Type)

Signature:

Print Name: Philip W. Cyburt

Title: Managing Director, Alvarez and Marsal Capital Real Estate; Co-Head of the Real Estate Group of
(If Applicable) LAMCO, LLC, a wholly owned subsidiary of Lehman Brothers Holdings, Inc.

Street Address: 1100 Glendon Avenue, 14th Floor

City, State, Zip Code: Los Angeles, CA 90024

Telephone Number: 310-550-3549

Date Completed: 9/16/2011

---

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY SEPTEMBER 19, 2011, OR YOUR VOTE WILL NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE SUBMIT A WRITTEN REQUEST TO:  Pachulski Stang Ziehl & Jones LLP, Attn:  Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.**

RECEIVED

SEP 19 2011

PACHULSKI, STANG, ZIEHL & JONES

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1300
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

    -- and --

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier,
the Chapter 11 Trustee for the Trustee Debtors

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession.<br><br>Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11 |

☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☒ LB-L-SunCal Oak Valley, LLC
☒ SunCal Heartland, LLC
☒ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☒ SunCal PSV, LLC
☒ Delta Coves Venture, LLC
☒ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

## BALLOT FOR VOTING CLAIMS IN CLASS 3 (SR. SECURED MECHANIC'S LIEN CLAIMS)

Steven M. Speier, as the Chapter 11 Trustee for the following eight debtors in the above-captioned cases:  L-BL-SunCal Oak Valley, LLC; SunCal Heartland, LLC; L-BL-SunCal Northlake, LLC; SunCal Marblehead, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance, LLC; and SunCal Oak Knoll, LLC, and Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC have filed the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* (the "Plan")[1] and the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors*, copies of which are included among the materials accompanying this Ballot and have also been posted on the Court's docket at www.cacb.uscourts.gov.

You have received this Ballot because the Plan Proponents believe that you may allege to be a Holder of one or more Class 3 Sr. Secured Mechanic's Lien Claims under the Plan.

The Lehman Proponents dispute that any Mechanic's Lien Claims could be Allowed as a Sr. Secured Mechanic's Lien Claim because they believe that the Lehman Creditors' Liens are senior Encumbrances and there is no value in the junior Liens of the Holders of Mechanic's Lien Claims.

**COMPLETE THIS BALLOT TO: (1) HAVE THE OPPORTUNITY TO ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT,** which essentially affords Creditors an enhanced recovery, as more fully set forth in the Plan, of (as applicable) up to 40% to 50% for Allowed Reliance Claims, and  up to 5% for Allowed General Unsecured Claims, **(2) WAIVE ANY CONTENTION THAT YOUR MECHANIC'S LIEN CLAIM IS A SECURED CLAIM SENIOR TO THE LEHMAN CREDITORS' SECURED CLAIMS,**

---

[1] Unless otherwise defined herein, each capitalized term used herein shall have the meaning ascribed to it in the Plan.

**AND (3) ELECT TO VOTE YOUR CLAIM AS A GENERAL UNSECURED CLAIM OR RELIANCE CLAIM, AS APPLICABLE, TO ACCEPT OR REJECT THE PLAN.**

**IF YOU DO NOT ELECT TO WAIVE YOUR SECURED CLAIM, YOU DO NOT NEED TO COMPLETE THIS BALLOT.** THE REASON NO BALLOT IS NEEDED IF YOU DO NOT MAKE THIS ELECTION IS BECAUSE CLASS 3 CLAIMS ARE UNIMPAIRED AND HOLDERS OF CLASS 3 CLAIMS, UNLESS THEIR CLAIMS ARE DISALLOWED PRIOR TO CONFIRMATION, ARE DEEMED TO ACCEPT THE PLAN.

IF YOU DO ELECT TO WAIVE YOUR SECURED CLAIM, THEN please use this Ballot to cast your vote to accept or reject the Plan, and make the other certifications set forth below. The Disclosure Statement, which has been approved by the entry of an order by the Court pursuant to section 1125 of the Bankruptcy Code, and the order entered by the Court approving procedures in connection with solicitation of the Plan (the "Solicitation Procedures Order") provide information to assist you in deciding how to vote on the Plan. The Court's approval of the Disclosure Statement does not indicate approval of the Plan. If you have not received or wish to obtain a printed copy of the Disclosure Statement, Plan, or Solicitation Procedures Order, please submit a written request to Pachulski Stang Ziehl & Jones LLP, Attn: Michael Matteo, at 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, or by e-mail at mmatteo@pszjlaw.com.

---

**You should review the Disclosure Statement, the Plan and the Solicitation Procedures Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan.**

**VOTING DEADLINE: SEPTEMBER 19, 2011.**

**If your Ballot is not received by mail or hand delivery at the address below on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. Ballots will not be accepted by electronic or facsimile transmission. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

Your vote will not count to the extent your claim is: (1) untimely and unscheduled (that is, (a) it is was not timely filed by the applicable bar date and was not appropriately scheduled in the applicable Debtor's schedules as undisputed, liquidated and non-contingent and (b) it was not deemed timely filed pursuant to an order of the Court prior to or on the Voting Deadline of September 19, 2011); (2) partially unliquidated (your vote will not count as to the unliquidated portion only); (3) a duplicate claim (you are permitted to vote your Claim only once); or (4) subject to a pending objection filed by August 25, 2011, unless the Court issues an Order by confirmation of the Plan allowing your Claim or temporarily allowing it for voting purposes. To seek temporary allowance of your Claim, you first may file a motion with the Court requesting (or request that the Plan Proponents enter into an agreement with you requesting) pursuant to Bankruptcy Rule 3018(a) that your Claim be temporarily allowed for voting purposes, which motion (or agreement) must be filed with the Court by September 26, 2011. Then, you must appear at the Confirmation Hearing beginning October 24, 2011 at 9:30 a.m. before the Honorable Erithe A. Smith, 411 West Fourth Street, Courtroom 5A, Central District of

---

California (Santa Ana Division), Santa Ana, California 92701 at which hearing the Court will
consider your motion or the agreement for temporary allowance of your Claim. (Other parties
may object to any such motion or agreement no later than **October 7, 2011** and you are
permitted to file a reply to any objections no later than **October 14, 2011**.)

This Ballot is not a letter of transmittal and may not be used for any purpose other
than for a Holder of a Claim (i) to waive any contention that the Holder has a Secured Claim
senior to the Secured Claim of the applicable Lehman Creditor(s) on the applicable Plan Project
and to assert, instead, that its Claim is a General Unsecured Claim or Reliance Claim, or partially
each, thereby affording the Creditor the further opportunity to (ii) vote its Claim and (iii) elect to
receive the Lehman Distribution Enhancement, if its Claim is Allowed, and provide the Lehman
Released Parties with the Creditor's Assignment / Release for Lehman.

## HOW TO VOTE

1.    <u>OPTIONAL</u>: Complete Item 1 to waive any contention your Claim is a "Secured Claim."

**If you do not make the above election, do not complete the remainder of this Ballot.**

2.    COMPLETE ITEM 2 and, as applicable, ITEMS 3. b. & 3. c.

3.    <u>OPTIONAL</u>: YOU <u>MAY</u> ELECT TO RECEIVE THE LEHMAN DISTRIBUTION ENHANCEMENT AND PROVIDE THE LEHMAN RELEASED PARTIES WITH THE CREDITOR'S ASSIGNMENT / RELEASE FOR LEHMAN.  COMPLETE ITEM 4 TO MAKE THIS ELECTION.

4.    COMPLETE ITEM 5.

6.    REVIEW THE CERTIFICATION.

7.    **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

8.    YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 6 AND CLASS 7 CLAIMS AGAINST ANY PARTICULAR DEBTOR EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE AS TO A PARTICULAR DEBTOR.

9.    ANY EXECUTED BALLOT **RECEIVED** THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN **WILL NOT BE COUNTED**.

10.   FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY **RECEIVED** AT THE ADDRESS SET FORTH BELOW NO LATER THAN **SEPTEMBER 19, 2011**.  YOU MAY USE THE ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE ADDRESS SET FORTH BELOW:

<u>By Courier, Hand Delivery or U.S. Mail:</u>  Pachulski Stang Ziehl & Jones LLP, Attn:  Michael Matteo, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067

Item 1:  **OPTIONAL.** Election to Waive the Contention that Claim is a Secured Claim In Order
to Assert, Instead, Claim is a General Unsecured Claim or Reliance Claim Entitled to
Lehman Distribution Enhancement.

     The Lehman Creditors believe that some of the Mechanic's Lien Claims are General
Unsecured Claims or Reliance Claims (to be treated in Class 6 or Class 7, if Allowed).  The
Lehman Creditors hold Lehman Secured Claims against the relevant Plan Projects and believe
that their Lehman Secured Claims are senior Encumbrances to the Mechanic's Lien Claims and
that, because the Plan Projects are worth less than the aggregate outstanding amount of the
Lehman Loans that are secured by the Lehman Claim Liens, there is no value in the Plan Projects
to which the junior Liens of the Holders of Mechanic's Lien Claims could attach.  If a Creditor
with a Mechanic's Lien Claim, that it contends is a Secured Claim senior to the applicable
Secured Claim of the Lehman Creditor(s) on the applicable Project, waits to find out after an
objection to such Claim whether its Claim will be Allowed as having the status of a Sr. Secured
Mechanic's Lien Claim, General Unsecured Claim or Reliance Claim, then, the Plan offers no
opportunity at such later point for the Creditor to avail itself of the Lehman Distribution
Enhancement, which, as provided in the Plan, essentially offers Creditors an opportunity on their
Ballots to elect to receive an enhanced recovery, as more fully set forth in the Plan, of 39% to
49% more for Allowed Reliance Claims and 4% more for Allowed General Unsecured Claims.
Thus, each identified Holder of a Mechanic's Lien Claim is being provided this Ballot on which
such Holder may elect to vote its Claim as a General Unsecured Claim or a Reliance Claim, as
applicable, and has the opportunity to elect to receive the Lehman Distribution Enhancement in
respect of its Allowed Claim (in exchange for the Creditor's Assignment / Release for Lehman).

     By electing this option, below, the Creditor must and is waiving, effective upon the
Plan's Effective Date occurring, all contentions that its Claim is a Secured Claim against the
applicable Plan Project.  If this election is not made and such Holder thereby elects to proceed as
a Holder of Mechanic's Lien Claims, then if it is subsequently determined that such Claims are
not Sr. Secured Mechanic's Lien Claims, such Holder will not be eligible to receive the Lehman
Distribution Enhancement (and only will receive a cash distribution of 1% of its Allowed
Claim).

         ☒ Yes, the Undersigned waives all contentions that its Claim is a Secured Claim
              against the applicable Plan Project.

**[IF YOU DO NOT MAKE THE OPTIONAL ELECTION IN ITEM 1, YOU DO NOT
NEED TO COMPLETE ANY OF THIS BALLOT]**

Item 2: <u>Voting of Claim</u>.

The Holder of the Class 6 Reliance Claims and/or Class 7 General Unsecured Claims identified in this Ballot votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote will **not be counted**):

☒ **Accept** the Plan  OR  ☐ **Reject** the Plan

Item 3:    <u>Designate Whether Claim(s) Being Voted are Class 6 Reliance Claim(s), Class 7 General Unsecured Claim(s) or Partially Each</u>.

    a.  <u>Definition of Reliance Claim</u>:

Under the Plan, a Reliance Claim is a non-priority, unsecured Claim, including a Bond Claim, against a TD Plan Debtor, which Claim has the following attributes:

    (i)      The Claim is for money, goods, services or new credit voluntarily transferred or voluntarily extended to one or more of the TD Plan Debtors between the Reliance Date (August 1, 2007) and the applicable Petition Date(s) (*i.e.*, between November 12, 2008 and November 19, 2008), but not if transferred or extended on account of an existing obligation;

    (ii)     The Claim was timely of record as follows:  either (1) filed by the Primary Claims Bar Date (which was March 31, 2009 for most non-priority, unsecured Claims) or (2) filed late, but by March 25, 2011 in accordance with a Final Order or (3) listed on the filed Schedules by March 25, 2011 as an undisputed, non-contingent, liquidated Scheduled Claim; and

    (iii)    The Claim is not any of the following:

        (a)    a Claim at any time held by an Insider;
        (b)    a Claim of a Lehman Creditor (other than a Lehman-Owned Settling Bond Issuer-Related Claim); or
        (c)    a Settling Bond Issuer-Related Future Work Claim.

Solely for your convenience and benefit, attached as Exhibit D to the Plan is a non-exhaustive list of potential Reliance Claims against TD Plan Debtors, subject to the conditions set forth in such exhibit and section 5.2 of the Disclosure Statement.  **You should review Exhibit D to the Plan prior to completing this section.**

b. <u>Amount, if any, of asserted Class 6 Reliance Claims</u>:

The undersigned certifies that, as of **August 1, 2011**, the undersigned held one or more Class 6 Reliance Claims (based on the waiver above of any contention that undersigned holds a Secured Claim) in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $ 280,685.00    TD Plan Debtor: Suncal Oak Valley, LLC

c. <u>Amount, if any, of Class 7 General Unsecured Claims</u>.

The undersigned certifies that, as of **August 1, 2011**, the undersigned held one or more Class 7 General Unsecured Claims (based on the waiver above of any contention that undersigned holds a Secured Claim) in the following aggregate unpaid amount(s) against the following applicable TD Plan Debtor(s):

Claim Amount: $_____    TD Plan Debtor: _____

**Item 4:  OPTIONAL.**  <u>Lehman Distribution Enhancement and Creditor's Assignment / Release for Lehman</u>.

Under the Plan, a Holder of a Class 6 Reliance Claim or Class 7 General Unsecured Claim **may** elect to receive the Lehman Distribution Enhancement (payable if the Holder's Claim is Allowed) by affording the Lehman Released Parties the Creditor's Assignment / Release for Lehman. <u>By checking the box below, you are electing</u> to afford the Lehman Released Parties the Creditor's Assignment / Release for Lehman as described in Section 8.8.1 of the Plan and attached as **Exhibit A** and, thus, electing that, if your Claim is Allowed, you will receive the Lehman Distribution Enhancement (a total 5% Cash Distribution for Holders of Allowed Class 7 General Unsecured Claims and a total 40% to 50% Cash Distribution for Holders of Allowed Class 6 Reliance Claims) if your Claim is Allowed and the Plan becomes effective.  If you do not elect to receive the Lehman Enhanced Distribution, you will receive an unconditional, guaranteed Cash Distribution equal to 1% of your Allowed Claim.  (Your vote to accept or reject the Plan will be counted whether or not you make this election.)

X **Yes,** the Undersigned elects to receive Lehman Distribution Enhancement and provide Lehman Released Parties with Creditor's Assignment / Release for Lehman

**Item 5:**

The Voluntary Debtors and SCC Acquisitions, Inc. ("<u>Acquisitions</u>") simultaneously are soliciting acceptances for a plan or plans (each an "<u>Alternative Plan</u>") affecting all or some of the same Debtors and Estates as the Plan being solicited herewith by the Trustee and Lehman Creditors.  As a result, some Creditors will have the opportunity to vote as to a particular Claim on both this Plan and on a competing Alternative Plan.  Where there

are competing plans for the same Debtor, although Confirmation can occur only as to one plan for each Debtor, Creditors of such Debtor may vote each Claim in favor of both plans, against both plans or for one plan and against another. If Creditors vote to accept both applicable plans, and the plans otherwise satisfy the requirements set forth in the Bankruptcy Code, the Court will decide which plan is in the best interest of all Creditors of such Debtor, taking into account the preferences of Creditors and equity security holders in accordance with section 1129(c) of the Bankruptcy Code. Please check the appropriate box below to indicate, as to the Claim you are voting with this Ballot, your preference for the Plan proposed by the Trustee and Lehman Creditors, your preference for the Alternative Plan proposed by the Voluntary Debtors and Acquisitions, or no preference with respect to any such plans.

☐ **Prefer the Plan proposed by the Trustee and Lehman Creditors**

☐ **Prefer the Alternative Plan(s) proposed by the Voluntary Debtors and Acquisitions**

☒ **No Preference**

Item 6: Certification. By returning this Ballot, the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 3 above certifies that (a) this Ballot is the only Ballot submitted for the Class 3 Claim(s), Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 3 above against the particular, applicable TD Plan Debtor, (b) it has full power and authority to vote to accept or reject the Plan with respect to the Class 6 Claim(s) and/ or Class 7 Claim(s) identified in Item 3 above, (c) it was the Holder of the Class 6 Claim(s) and/or Class 7 Claim(s) identified in Item 3 above as of **August 1, 2011**, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.