Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1300
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings, LLC and OVC Holdings, LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In re:
Palmdale Hills Property, LLC, and Its Related Debtors,
Jointly Administered Debtors and Debtors-In-Possession.

Affects:
☐ All Debtors
☐ Palmdale Hills Property, LLC
☐ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale, LLC
☐ SunCal Johannson Ranch, LLC
☐ SunCal Summit Valley, LLC
☐ SunCal Emerald Meadows, LLC
☐ SunCal Bickford Ranch, LLC
☐ Acton Estates, LLC
☐ Seven Brothers, LLC
☐ SJD Partners, Ltd.
☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC

Case No.: 8:08-bk-17206-ES
Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574-ES; 8:08-bk-17575-ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; and 8:08-bk-17588-ES

Chapter 11

**NOTICE OF FILING OF 3018 AGREEMENTS PURSUANT TO**

☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☐ LB-L-SunCal Oak Valley, LLC
☐ SunCal Heartland, LLC
☐ LB-L-SunCal Northlake, LLC
☒ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☒ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
☐ SunCal Torrance, LLC
☒ SunCal Oak Knoll, LLC

**ORDER (A) APPROVING PLAN SOLICITATION, NOTICE, AND VOTING PROCEDURES AND (B) ESTABLISHING DEADLINES IN CONNECTION WITH SOLICITATION AND CONFIRMATION WITH RESPECT TO ALL PENDING PLANS**

**Hearing:**
Date: October 24, 2011
Time: 9:30 a.m.
Place: Courtroom 5A

**PLEASE TAKE NOTICE** that Steven M. Speier, as the Chapter 11 Trustee (the "Trustee") for a certain eight debtors in the above-captioned cases (L-BL-SunCal Oak Valley, LLC; SunCal Heartland, LLC; L-BL-SunCal Northlake, LLC; SunCal Marblehead, LLC; SunCal PSV, LLC; Delta Coves Venture, LLC; SunCal Torrance, LLC; and SunCal Oak Knoll, LLC), and Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC (collectively with the Trustee, the "Plan Proponents") hereby file with the Court the following as stipulations pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure, attached hereto as **Exhibits A** through **D** (collectively, the "3018 Agreements"), as required by paragraph 8(b) of the *Order (A) Approving Plan Solicitation, Notice, and Voting Procedures and (B) Establishing Deadlines in Connection With Solicitation and Confirmation With Respect to all Pending Plans* [Docket No. 2453] entered on August 1, 2011:

(1) *Stipulation by and Among the Lehman Creditors, Trustee, and Superior Ready Mix Concrete, L.P. With Respect to Voting to Accept or Reject the Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors*, attached hereto as **Exhibit A**; and

(2) *Stipulation by and Among the Lehman Creditors, Trustee, and Villa San Clemente, LLC With Respect to Voting to Accept or Reject the Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors*, attached hereto as **Exhibit B**;

(3) *Stipulation by and Among the Lehman Creditors, Trustee, and Seneca Center With Respect to Voting to Accept or Reject the Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors*, attached hereto as **Exhibit C**; and

(4) *Stipulation by and Among the Lehman Creditors, Trustee, and City of San Clemente With Respect to Voting to Accept or Reject the Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors*, attached hereto as **Exhibit D**.

**PLEASE TAKE FURTHER NOTICE** that any party that wishes to object to any of the 3018 Agreements must file and serve any objection to the applicable 3018 Agreement upon the undersigned counsel no later than **October 7, 2011.** The deadline for the Plan Proponents or any party in interest to reply to any objections to the 3018 Agreements is **October 14, 2011**. The hearing to consider the 3018 Agreements is scheduled to begin on **October 24, 2011 at 9:30 a.m.,** before the Honorable Erithe A. Smith, United States Bankruptcy Court Judge, United States Bankruptcy Court for the Central District of California, Courtroom 5A, 411 West Fourth Street, Santa Ana, CA 92701.

WEIL, GOTSHAL & MANGES LLP

– and –

Dated: September 26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By *_/s/ Robert B. Orgel_*

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
John W. Lucas (CA Bar No. 271038)

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC

Dated: September 26, 2011

THE LOBEL FIRM, LLP

By */s/ Mike D. Neue*
William N. Lobel
Mike D. Neue

General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors

# Exhibit A

**(Superior Ready Mix Concrete Stipulation)**

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings, LLC and OVC Holdings, LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In re:
Palmdale Hills Property, LLC, and Its Related Debtors,
Jointly Administered Debtors and Debtors-In-Possession.

Affects:
- ☐ All Debtors
- ☐ Palmdale Hills Property, LLC
- ☐ SunCal Beaumont Heights, LLC
- ☐ SCC/Palmdale, LLC
- ☐ SunCal Johannson Ranch, LLC
- ☐ SunCal Summit Valley, LLC
- ☐ SunCal Emerald Meadows, LLC
- ☐ SunCal Bickford Ranch, LLC
- ☐ Acton Estates, LLC
- ☐ Seven Brothers, LLC
- ☐ SJD Partners, Ltd.
- ☐ SJD Development Corp.
- ☐ Kirby Estates, LLC
- ☐ SunCal Communities I, LLC
- ☐ SunCal Communities III, LLC
- ☐ SCC Communities, LLC
- ☐ North Orange Del Rio Land, LLC
- ☐ Tesoro SF, LLC
- ☐ LB-L-SunCal Oak Valley, LLC

Case No.: 8:08-bk-17206-ES
Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574-ES; 8:08-bk-17575-ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; and 8:08-bk-17588-ES

Chapter 11

**STIPULATION BY AND AMONG THE LEHMAN CREDITORS, TRUSTEE, AND SUPERIOR READY MIX CONCRETE, L.P. WITH RESPECT TO VOTING TO ACCEPT OR REJECT THE THIRD AMENDED**

- ☐ SunCal Heartland, LLC
- ☐ LB-L-SunCal Northlake, LLC
- ☐ SunCal Marblehead, LLC
- ☐ SunCal Century City, LLC
- ☒ SunCal PSV, LLC
- ☐ Delta Coves Venture, LLC
- ☐ SunCal Torrance, LLC
- ☐ SunCal Oak Knoll, LLC

**JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND LEHMAN CREDITORS**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

This stipulation (the "Stipulation") is made by and between Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings, LLC, and OVC Holdings, LLC (collectively, the "Lehman Creditors"), the chapter 11 trustee (the "Trustee") on behalf of the estate of SunCal PSV, LLC ("SunCal PSV"), and Superior Ready Mix Concrete, L.P. (the "Claimant"). The Lehman Creditors, Trustee, and Claimant (together, the "Parties") hereby enter into this Stipulation and agree as follows:

**RECITALS**

WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors[1] under title 11 of the United States Code (the "Bankruptcy Code").

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

WHEREAS, on or about January 15, 2009, the Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Trustee for the Trustee Debtors.

WHEREAS, on July 15, 2010, Claimant filed claim no. 57 alleging a secured mechanic's lien claim against SunCal PSV in the amount of $38,751.30 ( "Claim No. 57").

WHEREAS, Claimant contends it was not properly served with the notice of the bar date in the case of SunCal PSV and that its claim arose after August 1, 2007.

WHEREAS, on August 1, 2011, the Court entered the *Order Approving First Amended Disclosure Statement with Respect To Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by The Trustee and Lehman Creditors* [Docket No. 2454], pursuant to which the Court approved the *First Amended Disclosure Statement with Respect To Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by The Trustee and Lehman Creditors* [Docket No. 2596, as corrected] filed by the Lehman Creditors and the Trustee.

WHEREAS, on August 1, 2011, the Court entered the *Order (A) Approving Plan*

[1] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Solicitation, Notice, and Voting Procedures and (B) Establishing Deadlines in Connection with Solicitation and Confirmation with Respect to All Pending Plans* [Docket No. 2453] (the "Solicitation Procedures Order").

WHEREAS, the Solicitation Procedures Order provides, among other things, as follows:

> (b) If any Creditor seeks to utilize the Confirmation Hearing as the hearing to establish the temporary allowance of its Claim for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, such Creditor may (i) file and serve a motion so requesting (a "Rule 3018 Motion") no later than September 26, 2011 or (ii) enter into an agreement with the applicable Plan Proponents therefor, provided that such agreement(s) shall be filed concurrently with or prior to the filing of the Ballot Summary, and the Court approves such agreement(s) prior to or at the Confirmation Hearing.

Solicitation Procedures Order at ¶ 8.

WHEREAS, on August 25, 2011, the Trustee and Lehman Creditors (the "Plan Proponents") mailed the Solicitation Packages (as defined in the Solicitation Procedures Order) to the parties set forth in, and in accordance with the terms of, the Solicitation Procedures Order.

WHEREAS, under the *Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by The Trustee and Lehman Creditors* (the "Joint TD Plan"),[2] a Holder of an alleged Sr. Secured Mechanic's Lien Claim in Class 3 has the opportunity to waive any contention that such Holder has a Secured Claim senior to the Secured Claim of the applicable Lehman Creditor(s) on the applicable Plan Project and to assert, instead, that its Claim is a General Unsecured Claim or Reliance Claim, thereby affording the Creditor the opportunity to vote on the Joint TD Plan as the Holder of a Reliance Claim in Class 6 and/or a General Unsecured Claim in Class 7, as applicable, and elect to receive the Lehman Distribution Enhancement applicable to each such Class if (i) the Claim is Allowed and (ii) the Creditor checks the appropriate box on its ballot (the "Ballot") affording the Lehman Released Parties the Creditor's Assignment / Release for Lehman and/or timely executes and delivers a separate, written assignment or assignment and release in accordance with the Joint TD Plan.

NOW THEREFORE, in consideration of the mutual covenants contained herein, and other

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint TD Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is hereby stipulated and agreed by and among the Parties as follows:

**AGREEMENT**

1. Court Approval. The provisions of this Stipulation are subject to approval of the Court and shall have no force and effect until approved by the Court. Immediately upon entry of an order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of the Plan Proponents, the Claimant, and their successors and assigns.

2. Agreement to Permit Late Filing of Claim No. 57. Based on Claimant's contention of lack of appropriate notice to Claimant of the applicable bar date, the Parties stipulate that Claim No. 57 shall be deemed timely filed and shall not be disallowed by any party based on the time of its filing.

3. Waiver of Secured Claim. Based on the Lehman Creditors' contention that their liens are senior to the liens of Claimant, Claimant hereby waives any contention set forth in Claim No. 57 or otherwise that it holds a Secured Claim against the Palm Springs Village Project and shall mark its Ballot for Class 3 Sr. Secured Mechanic's Lien Claims to make the optional election in Item 1 therein to waive its alleged Secured Claim, and, at the reasonable request of the Lehman Creditors, shall execute such documents as evidence the release of any asserted lien against property currently owned or possessed by SunCal PSV.

4. Permission to Vote as a Class 6 Reliance Claim. Provided that Claimant's Ballot is properly completed in accordance with the Solicitation Procedures Order and received by the Voting Deadline and marked as set forth above in paragraph 3, solely for purposes of voting to accept or reject the Joint TD Plan, and not for the purpose of the allowance of or distribution on account of Claim No. 57, and without prejudice to the rights of the Plan Proponents in any other context, Claimant shall be permitted to vote to accept or reject the Joint TD Plan as the Holder of a Class 6 Reliance Claim in the amount of $38,751.30, and such vote shall be tabulated in accordance with the Solicitation Procedures Order

5. No Waiver of Rights to Object to Claim/Assert Claims Against Claimant. Claimant

acknowledges that:

(a) Subject to the provision hereof precluding disallowance for late filing, nothing herein shall be deemed to establish that (i) Claim No. 57 or the amount of such claim is an Allowed Claim, including, without limitation, an Allowed Reliance Claim or (ii) the Claimant is entitled to a distribution under the Joint TD Plan, whether as the Holder of a Reliance Claim in Class 6 or otherwise, on account of Claim No. 57.

(b) Nothing contained herein shall be deemed a waiver of the rights of any party in interest, including, without limitation, the Plan Proponents and the Official Committee of Unsecured Creditors of the Trustee Debtors, (i) to object to or seek disallowance or reclassification of Claim No. 57 on any grounds other than the ground that the Claim was filed late or (ii) to assert any claims, demands for relief requiring an adversary proceeding consistent with Rule 3007(b) and Rule 7001 the Federal Rules of Bankruptcy Procedure, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions, or any other bankruptcy or non-bankruptcy claims and causes of action against the Claimant, and all rights in connection therewith are hereby preserved and reserved.

(c) Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein.

6. Jurisdiction. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

7. Further Cooperation. The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

8. Signatures. This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement. This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

delivery of a manually executed counterpart of this Stipulation.

9. No Admission; No Evidence. Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party. Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties. This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

10. Authority. Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

11. Entire Agreement. This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties. All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

WEIL, GOTSHAL & MANGES LLP

- and -

Dated: 9/26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By Robert B. Orgel

Richard M. Pachulski
Dean A. Ziehl
Robert B. Orgel

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC

Dated: ___________, 2011

THE LOBEL FIRM, LLP

By ____________________

William N. Lobel
Mike D. Neue

General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

delivery of a manually executed counterpart of this Stipulation.

9. No Admission; No Evidence. Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party. Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties. This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

10. Authority. Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

11. Entire Agreement. This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties. All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

WEIL, GOTSHAL & MANGES LLP

- and -

Dated: ________, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By ______________________
Richard M. Pachulski
Dean A. Ziehl
Robert B. Orgel

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC

Dated: Sept. 22, 2011

THE LOBEL FIRM, LLP

By ______________________
William N. Lobel
Mike D. Neue

General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Dated: 9/12, 2011

SUPERIOR READY MIX CONCRETE, L.P.

By [signature]
Arnold L. Veldkamp
Corporate Counsel

# Exhibit B

**(Villa San Clemente Stipulation)**

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings, LLC and OVC Holdings, LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In re:
Palmdale Hills Property, LLC, and Its Related Debtors,
Jointly Administered Debtors and Debtors-In-Possession.

Affects:
☐ All Debtors
☐ Palmdale Hills Property, LLC
☐ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale, LLC
☐ SunCal Johannson Ranch, LLC
☐ SunCal Summit Valley, LLC
☐ SunCal Emerald Meadows, LLC
☐ SunCal Bickford Ranch, LLC
☐ Acton Estates, LLC
☐ Seven Brothers, LLC
☐ SJD Partners, Ltd.
☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☐ LB-L-SunCal Oak Valley, LLC

Case No.: 8:08-bk-17206-ES
Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574-ES; 8:08-bk-17575-ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; and 8:08-bk-17588-ES

Chapter 11

**STIPULATION BY AND AMONG THE LEHMAN CREDITORS, TRUSTEE, AND VILLA SAN CLEMENTE, LLC WITH RESPECT TO VOTING TO ACCEPT OR REJECT THE THIRD AMENDED JOINT CHAPTER 11**

- ☐ SunCal Heartland, LLC
- ☐ LB-L-SunCal Northlake, LLC
- ☒ SunCal Marblehead, LLC
- ☐ SunCal Century City, LLC
- ☐ SunCal PSV, LLC
- ☐ Delta Coves Venture, LLC
- ☐ SunCal Torrance, LLC
- ☐ SunCal Oak Knoll, LLC

**PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND LEHMAN CREDITORS**

This stipulation (the "Stipulation") is made by and between Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings, LLC, and OVC Holdings, LLC (collectively, the "Lehman Creditors"), the chapter 11 trustee (the "Trustee") on behalf of the estate of SunCal Marblehead, LLC ("SunCal Marblehead"), and Villa San Clemente, LLC (the "Claimant"). The Lehman Creditors, Trustee, and Claimant (together, the "Parties") hereby enter into this Stipulation and agree as follows:

**RECITALS**

WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors[1] under title 11 of the United States Code (the "Bankruptcy Code").

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

WHEREAS, on or about January 15, 2009, the Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Trustee for the Trustee Debtors.

WHEREAS, on February 13, 2009, Claimant filed claim number 27 alleging a general unsecured claim against SunCal Marblehead in the amount of $13,233,103.00 ( "Claim No. 27").

WHEREAS, on June 24, 2011, the Trustee and Lehman ALI, Inc. filed the *Joint Motion for Order Disallowing and/or Estimating General Unsecured Claim of Villa San Clemente, LLC* [Docket No. 2272] relating to Claim No. 27 (the "Pending Objection").

WHEREAS, on August 1, 2011, the Court entered the *Order Approving First Amended Disclosure Statement with Respect To Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by The Trustee and Lehman Creditors* [Docket No. 2454], pursuant to which the Court approved the *First Amended Disclosure Statement with Respect To Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by The Trustee and Lehman Creditors* [Docket No. 2596, as corrected] filed by the Lehman Creditors and the Trustee.

[1] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

WHEREAS, on August 1, 2011, the Court entered the *Order (A) Approving Plan Solicitation, Notice, and Voting Procedures and (B) Establishing Deadlines in Connection with Solicitation and Confirmation with Respect to All Pending Plans* [Docket No. 2453] (the "Solicitation Procedures Order").

WHEREAS, the Solicitation Procedures Order provides that:

> (2) If anyone files an objection to a Claim prior to the Solicitation Date, such disputed Claim shall not be counted, for voting purposes only, except to the extent and in the manner as may be set forth in such objection or except to the extent such Claim is Allowed (i) prior to or at the Confirmation Hearing temporarily pursuant to Bankruptcy Rule 3018(a), pursuant to an order of the Court or (ii) under the Lehman/Trustee Sponsored Plans

Solicitation Procedures Order at ¶ 13(F)(2). The Solicitation Procedures Order further provides that:

> (b) If any Creditor seeks to utilize the Confirmation Hearing as the hearing to establish the temporary allowance of its Claim for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, such Creditor may (i) file and serve a motion so requesting (a "Rule 3018 Motion") no later than September 26, 2011 or (ii) enter into an agreement with the applicable Plan Proponents therefor, provided that such agreement(s) shall be filed concurrently with or prior to the filing of the Ballot Summary, and the Court approves such agreement(s) prior to or at the Confirmation Hearing.

*Id.* at ¶ 8.

WHEREAS, on August 25, 2011, the Trustee and Lehman Creditors (the "Plan Proponents") mailed the Solicitation Packages (as defined in the Solicitation Procedures Order) to the parties set forth in, and in accordance with the terms of, the Solicitation Procedures Order.

WHEREAS, Claimant has concerns about the effect of the Creditor's Assignment / Release for Lehman on Claimant's rights relating to (i) the Cash Withhold Account (Account No. 6066409) at Chicago Title Insurance Company in the approximate amount of $1.2 million and (ii) the Advance Deposit made by SunCal Marblehead to AT&T in the approximate amount of $832,488.76 pursuant to an Underground Relocation Agreement between SunCal Marblehead and AT&T dated September 5, 2006.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

NOW THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is hereby stipulated and agreed by and among the Parties as follows:

**AGREEMENT**

1. Court Approval. The provisions of this Stipulation are subject to approval of the Court and shall have no force and effect until approved by the Court. Immediately upon entry of an order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of the Plan Proponents, the Claimant, and their successors and assigns.

2. Permission to Vote as a Class 7 General Unsecured Claim. Provided that Claimant's ballot (the "Ballot") is properly completed in accordance with the Solicitation Procedures Order and received by the Voting Deadline, solely for purposes of voting to accept or reject the *Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by The Trustee and Lehman Creditors* (the "Joint TD Plan"),[2] and not for the purpose of the allowance of or distribution on account of Claim No. 27, and without prejudice to the rights of the Plan Proponents in any other context, including, without limitation, with respect to the Pending Objection, Claimant shall be permitted to vote to accept or reject the Joint TD Plan as the Holder of a Class 7 General Unsecured Claim in the amount of $7,448,362.00, and such vote shall be tabulated in accordance with the Solicitation Procedures Order.

3. Right to Withdraw Creditor's Assignment / Release for Lehman. Claimant may withdraw the Creditor's Assignment / Release for Lehman elected by Claimant on the Ballot, and thereby elect not to provide the Creditor's Assignment / Release for Lehman, by providing written notice of such withdrawal to the Plan Proponents within thirty (30) days of the date of execution of this Stipulation by the Parties, unless the Parties reach a further written agreement with respect thereto within such period of time; provided that if the Claimant exercises its right hereunder to withdraw the Creditor's Assignment / Release for Lehman, then Claimant shall not be entitled to the

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint TD Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Lehman Distribution Enhancement.

4. No Waiver of Rights with Respect to Pending Objection, or to Object to Claim No. 27 on Other Grounds, or to Assert Claims Against Claimant. Claimant acknowledges that:

(a) Nothing herein shall be deemed to establish that (i) Claim No. 27 or the amount of such claim is an Allowed Claim, including, without limitation, an Allowed General Unsecured Claim or (ii) the Claimant is entitled to a distribution under the Joint TD Plan, whether as the Holder of a General Unsecured Claim in Class 7 or otherwise, on account of Claim No. 27.

(b) Nothing contained herein shall be deemed a waiver of the rights of any party in interest, including, without limitation, the Plan Proponents, and the Official Committee of Unsecured Creditors of the Trustee Debtors (the "Trustee Debtors' Committee"), (i) with respect to the Pending Objection, (ii) to object to or seek disallowance or reclassification of Claim No. 27 on any grounds not asserted in the Pending Objection or (iii) to assert any claims, demands for relief requiring an adversary proceeding consistent with Rule 3007(b) and Rule 7001 the Federal Rules of Bankruptcy Procedure, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions, or any other bankruptcy or non-bankruptcy claims and causes of action against the Claimant, and all rights of any party in interest, including, without limitation, the Plan Proponents, the Trustee Debtors' Committee and the Claimant, in connection therewith are hereby preserved and reserved.

(c) Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein.

5. Jurisdiction. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

6. Further Cooperation. The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

7. Signatures. This Stipulation may be signed in any number of counterparts (and by

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement. This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

8. No Admission; No Evidence. Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party. Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties. This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

9. Authority. Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

10. Entire Agreement. This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties. All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

WEIL, GOTSHAL & MANGES LLP

- and -

Dated: 9/26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By Robert B Orgel
Richard M. Pachulski
Dean A. Ziehl
Robert B. Orgel

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC

Dated: Sept 21, 2011

THE LOBEL FIRM, LLP

By [signature]

William N. Lobel
Mike D. Neue

General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors

Dated: 9-21, 2011

VILLA SAN CLEMENTE, LLC

By [signature]

David L. Sanner
Corporate Counsel

# Exhibit C

**(Seneca Center Stipulation)**

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings, LLC and OVC Holdings, LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In re:
Palmdale Hills Property, LLC, and Its Related Debtors, Jointly Administered Debtors and Debtors-In-Possession.

Affects:
☐ All Debtors
☐ Palmdale Hills Property, LLC
☐ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale, LLC
☐ SunCal Johannson Ranch, LLC
☐ SunCal Summit Valley, LLC
☐ SunCal Emerald Meadows, LLC
☐ SunCal Bickford Ranch, LLC
☐ Acton Estates, LLC
☐ Seven Brothers, LLC
☐ SJD Partners, Ltd.
☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities, LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☐ LB-L-SunCal Oak Valley, LLC

Case No.: 8:08-bk-17206-ES
Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574-ES; 8:08-bk-17575-ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; and 8:08-bk-17588-ES

Chapter 11

**STIPULATION BY AND AMONG THE LEHMAN CREDITORS, TRUSTEE, AND SENECA CENTER WITH RESPECT TO VOTING TO ACCEPT OR REJECT THE THIRD AMENDED JOINT CHAPTER 11 PLAN FOR**

- ☐ SunCal Heartland, LLC
- ☐ LB-L-SunCal Northlake, LLC
- ☐ SunCal Marblehead, LLC
- ☐ SunCal Century City, LLC
- ☐ SunCal PSV, LLC
- ☐ Delta Coves Venture, LLC
- ☐ SunCal Torrance, LLC
- ☒ SunCal Oak Knoll, LLC

**EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND LEHMAN CREDITORS**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

This stipulation (the "Stipulation") is made by and between Lehman Commercial Paper Inc., Lehman ALI, Inc. ("Lehman ALI"), Northlake Holdings, LLC, and OVC Holdings, LLC (collectively, the "Lehman Creditors"), the chapter 11 trustee (the "Trustee") on behalf of the estate of SunCal Oak Knoll, LLC ("SunCal Oak Knoll"), and Seneca Center (the "Claimant"). The Lehman Creditors, Trustee, and Claimant (together, the "Parties") hereby enter into this Stipulation and agree as follows:

**RECITALS**

WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors[1] under Title 11 of the United States Code (the "Bankruptcy Code").

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

WHEREAS, on or about January 15, 2009, the Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Trustee for the Trustee Debtors.

WHEREAS, on February 13, 2009, Claimant filed claim number 30 alleging a general unsecured claim against SunCal Oak Knoll in the amount of $414,429.00 ( "Claim No. 30").

WHEREAS, on June 24, 2011, the Trustee and Lehman ALI filed the *Joint Motion for Order Disallowing General Unsecured Claim of Seneca Center (for Debtor SunCal Oak Knoll, LLC, Claim No. 30)* [Docket No. 2280] relating to Claim No. 30 (the "Pending Objection").

WHEREAS, on August 31, 2011, Claimant filed the *Opposition to Motion for Order Disallowing Unsecured Claim of Seneca Center (Debtor SunCal Oak Knoll, LLC, Claim No. 30)* [Docket No. 2665].

WHEREAS, on September 8, 2011, the Trustee and Lehman ALI filed their *Reply of Steven M. Speier, Chapter 11 Trustee, and Lehman ALI, Inc. to Opposition to Motion for Order Disallowing Unsecured Claim of Seneca Center (Debtor SunCal Oak Knoll, LLC, Claim No. 30)*

[1] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

[Docket No. 2709].

WHEREAS, on August 1, 2011, the Court entered the *Order Approving First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by The Trustee and Lehman Creditors* [Docket No. 2454], pursuant to which the Court approved the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by The Trustee and Lehman Creditors* [Docket No. 2596, as corrected] filed by the Lehman Creditors and the Trustee.

WHEREAS, on August 1, 2011, the Court entered the *Order (A) Approving Plan Solicitation, Notice, and Voting Procedures and (B) Establishing Deadlines in Connection with Solicitation and Confirmation with Respect to All Pending Plans* [Docket No. 2453] (the "Solicitation Procedures Order").

WHEREAS, the Solicitation Procedures Order provides that:

> (2) If anyone files an objection to a Claim prior to the Solicitation Date, such disputed Claim shall not be counted, for voting purposes only, except to the extent and in the manner as may be set forth in such objection or except to the extent such Claim is Allowed (i) prior to or at the Confirmation Hearing temporarily pursuant to Bankruptcy Rule 3018(a), pursuant to an order of the Court or (ii) under the Lehman/Trustee Sponsored Plans

Solicitation Procedures Order at ¶ 13(F)(2). The Solicitation Procedures Order further provides that:

> (b) If any Creditor seeks to utilize the Confirmation Hearing as the hearing to establish the temporary allowance of its Claim for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, such Creditor may (i) file and serve a motion so requesting (a "Rule 3018 Motion") no later than September 26, 2011 or (ii) enter into an agreement with the applicable Plan Proponents therefor, provided that such agreement(s) shall be filed concurrently with or prior to the filing of the Ballot Summary, and the Court approves such agreement(s) prior to or at the Confirmation Hearing.

*Id.* at ¶ 8.

WHEREAS, on August 25, 2011, the Trustee and Lehman Creditors (the "Plan Proponents") mailed the Solicitation Packages (as defined in the Solicitation Procedures Order) to the parties set forth in, and in accordance with the terms of, the Solicitation Procedures Order.

WHEREAS, on September 19, 2011, the Plan Proponents received an incomplete ballot (the "Ballot") accepting the *Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by The Trustee and Lehman Creditors* (the "Joint TD Plan").[2] The Ballot is missing numerous pages, including page 5, which indicates the "Claim Amount" and "TD Plan Debtor."

NOW THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is hereby stipulated and agreed by and among the Parties as follows:

**AGREEMENT**

1. Court Approval. The provisions of this Stipulation are subject to approval of the Court and shall have no force and effect until approved by the Court. Immediately upon entry of an order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of the Plan Proponents, the Claimant, and their successors and assigns.

2. Permission to Recast Ballot. Claimant may recast its Ballot with the accompanying missing pages so as to be properly completed in accordance with the Solicitation Procedures Order, provided the revised Ballot is received by the Voting Deadline

3. Permission to Vote as a Class 7 General Unsecured Claim and Recast Ballot. Provided that Claimant revises its Ballot so as to be properly completed in accordance with the Solicitation Procedures Order and the Ballot is received by the Voting Deadline, solely for purposes of voting to accept or reject the Joint TD Plan, and not for the purpose of the allowance of or distribution on account of Claim No. 30, and without prejudice to the rights of the Plan Proponents in any other context, including, without limitation, with respect to the Pending Objection, Claimant shall be permitted to recast the Ballot to vote to accept or reject the Joint TD Plan as the Holder of a Class 7 General Unsecured Claim against SunCal Oak Knoll in the amount of $414,429.00, and such vote shall be tabulated in accordance with the Solicitation Procedures Order.

4. No Waiver of Rights with Respect to Pending Objection, or to Object to Claim No.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint TD Plan.

30 on Other Grounds, or to Assert Claims Against Claimant. Claimant acknowledges that:

(a) Nothing herein shall be deemed to establish that (i) Claim No. 30 or the amount of such claim is an Allowed Claim, including, without limitation, an Allowed General Unsecured Claim or (ii) the Claimant is entitled to a distribution under the Joint TD Plan, whether as the Holder of a General Unsecured Claim in Class 7 or otherwise, on account of Claim No. 30.

(b) Nothing contained herein shall be deemed a waiver of the rights of any party in interest, including, without limitation, the Plan Proponents, and the Official Committee of Unsecured Creditors of the Trustee Debtors (the "Trustee Debtors' Committee"), (i) with respect to the Pending Objection, (ii) to object to or seek disallowance or reclassification of Claim No. 30 on any grounds not asserted in the Pending Objection or (iii) to assert any claims, demands for relief requiring an adversary proceeding consistent with Rule 3007(b) and Rule 7001 the Federal Rules of Bankruptcy Procedure, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions, or any other bankruptcy or non-bankruptcy claims and causes of action against the Claimant, and all rights of any party in interest, including, without limitation, the Plan Proponents, the Trustee Debtors' Committee and the Claimant, in connection therewith are hereby preserved and reserved.

(c) Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein.

5. Jurisdiction. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

6. Further Cooperation. The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

7. Signatures. This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement. This Stipulation may

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

8. No Admission; No Evidence. Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party. Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties. This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

9. Authority. Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

10. Entire Agreement. This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties. All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

WEIL, GOTSHAL & MANGES LLP

- and -

Dated: 9/26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By Robert B Orgel
Richard M. Pachulski
Dean A. Ziehl
Robert B. Orgel

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Dated: Sept 26, 2011

THE LOBEL FIRM, LLP

By ______________________
William N. Lobel
Mike D. Neue

General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors

Dated: ______________, 2011

GREENE & ALLISON LLP

By ______________________
Sheldon L. Greene

Attorney for Claimant Seneca Center

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Dated: ____________, 2011

THE LOBEL FIRM, LLP

By ______________________________
William N. Lobel
Mike D. Neue

General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors

Dated: Sep. 26, 2011

GREENE & ALLISON LLP

By ______________________________
Sheldon L. Greene

Attorney for Claimant Seneca Center

# **Exhibit D**

**(City of San Clemente Stipulation)**

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
Alfredo R. Perez (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings, LLC and OVC Holdings, LLC

William N. Lobel (CA Bar No. 93202)
Mike D. Neue (CA Bar No. 179303)
THE LOBEL FIRM, LLP
840 Newport Center Drive, Suite 750
Newport Beach, California 92660
Telephone: (949) 999-2860
Facsimile: (949) 999-2870

General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In re:
Palmdale Hills Property, LLC, and Its Related Debtors, Jointly Administered Debtors and Debtors-In-Possession.

Affects:
- ☐ All Debtors
- ☐ Palmdale Hills Property, LLC
- ☐ SunCal Beaumont Heights, LLC
- ☐ SCC/Palmdale, LLC
- ☐ SunCal Johannson Ranch, LLC
- ☐ SunCal Summit Valley, LLC
- ☐ SunCal Emerald Meadows, LLC
- ☐ SunCal Bickford Ranch, LLC
- ☐ Acton Estates, LLC
- ☐ Seven Brothers, LLC
- ☐ SJD Partners, Ltd.
- ☐ SJD Development Corp.
- ☐ Kirby Estates, LLC
- ☐ SunCal Communities I, LLC
- ☐ SunCal Communities III, LLC
- ☐ SCC Communities, LLC
- ☐ North Orange Del Rio Land, LLC
- ☐ Tesoro SF, LLC
- ☐ LB-L-SunCal Oak Valley, LLC

Case No.: 8:08-bk-17206-ES
Jointly Administered With Case Nos. 8:08-bk-17209-ES; 8:08-bk-17240-ES; 8:08-bk-17224-ES; 8:08-bk-17242-ES; 8:08-bk-17225-ES; 8:08-bk-17245-ES; 8:08-bk-17227-ES; 8:08-bk-17246-ES; 8:08-bk-17230-ES; 8:08-bk-17231-ES; 8:08-bk-17236-ES; 8:08-bk-17248-ES; 8:08-bk-17249-ES; 8:08-bk-17573-ES; 8:08-bk-17574-ES; 8:08-bk-17575-ES; 8:08-bk-17404-ES; 8:08-bk-17407-ES; 8:08-bk-17408-ES; 8:08-bk-17409-ES; 8:08-bk-17458-ES; 8:08-bk-17465-ES; 8:08-bk-17470-ES; 8:08-bk-17472-ES; and 8:08-bk-17588-ES

Chapter 11

**STIPULATION BY AND AMONG THE LEHMAN CREDITORS, TRUSTEE, AND THE CITY OF SAN CLEMENTE WITH RESPECT TO VOTING TO ACCEPT OR REJECT THE THIRD AMENDED JOINT CHAPTER 11**

| | |
|---|---|
| ☐ SunCal Heartland, LLC<br>☐ LB-L-SunCal Northlake, LLC<br>☒ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☐ SunCal PSV, LLC<br>☐ Delta Coves Venture, LLC<br>☐ SunCal Torrance, LLC<br>☐ SunCal Oak Knoll, LLC | **PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND LEHMAN CREDITORS** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

This stipulation (the "Stipulation") is made by and between Lehman Commercial Paper Inc., Lehman ALI, Inc. ("Lehman ALI"), Northlake Holdings, LLC, and OVC Holdings, LLC (collectively, the "Lehman Creditors"), the chapter 11 trustee (the "Trustee") on behalf of the estate of SunCal Marblehead, LLC ("SunCal Marblehead"), and the City of San Clemente (the "Claimant"). The Lehman Creditors, Trustee, and Claimant (together, the "Parties") hereby enter into this Stipulation and agree as follows:

**RECITALS**

WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors[1] under Title 11 of the United States Code (the "Bankruptcy Code").

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

WHEREAS, on or about January 15, 2009, the Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Trustee for the Trustee Debtors.

WHEREAS, Claimant filed 3 duplicative claims against SunCal Marblehead, each in the amount of $39,971,734.00, and each filed on March 26, 2009: (1) Proof of Claim ("POC") No. 43, (2) POC No. 51 and (3) POC No. 59 ("Claim No. 59"). On October 30, 2010, the Trustee and Lehman Creditors filed their Fourth Joint Omnibus Motion For Order Disallowing Duplicate Claims which requested, among other things, that POCs 43 and 51 be disallowed as duplicative. On November 4, 2010 that motion was granted and those claims were disallowed.

WHEREAS, on June 24, 2011, the Trustee and Lehman ALI filed the *Joint Motion For Order Disallowing and/or Estimating General Unsecured Claim of The City of San Clemente (For Debtor SunCal Marblehead, LLC, Claim No. 59);* [Docket No. 2279] relating to Claim No. 59 (the "Pending Objection").

WHEREAS, on September 1, 2011, Claimant filed the *City of San Clemente's Response To*

[1] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES).

*The Joint Motion For Order Disallowing and/or Estimating General Unsecured Claim of The City of San Clemente (For Debtor SunCal Marblehead, LLC, Claim No. 59)* [Docket No. 2651].

WHEREAS, the Court has scheduled a pre-trial conference relating to the Pending Objection on April 12, 2012, and has established January 31, 2012 as a discovery cut-off date.

WHEREAS, on August 1, 2011, the Court entered the *Order Approving First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by The Trustee and Lehman Creditors* [Docket No. 2454], pursuant to which the Court approved the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by The Trustee and Lehman Creditors* [Docket No. 2596, as corrected] filed by the Lehman Creditors and the Trustee.

WHEREAS, on August 1, 2011, the Court entered the *Order (A) Approving Plan Solicitation, Notice, and Voting Procedures and (B) Establishing Deadlines in Connection with Solicitation and Confirmation with Respect to All Pending Plans* [Docket No. 2453] (the "Solicitation Procedures Order").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

WHEREAS, the Solicitation Procedures Order provides that:

> (2) If anyone files an objection to a Claim prior to the Solicitation Date, such disputed Claim shall not be counted, for voting purposes only, except to the extent and in the manner as may be set forth in such objection or except to the extent such Claim is Allowed (i) prior to or at the Confirmation Hearing temporarily pursuant to Bankruptcy Rule 3018(a), pursuant to an order of the Court or (ii) under the Lehman/Trustee Sponsored Plans

Solicitation Procedures Order at ¶ 13(F)(2). The Solicitation Procedures Order further provides that:

> (b) If any Creditor seeks to utilize the Confirmation Hearing as the hearing to establish the temporary allowance of its Claim for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, such Creditor may (i) file and serve a motion so requesting (a "Rule 3018 Motion") no later than September 26, 2011 or (ii) enter into an agreement with the applicable Plan Proponents therefor, provided that such agreement(s) shall be filed concurrently with or prior to the filing of the Ballot Summary, and the Court approves such agreement(s) prior to or at the Confirmation Hearing.

*Id.* at ¶ 8.

WHEREAS, on August 25, 2011, the Trustee and Lehman Creditors (the "Plan Proponents") mailed the Solicitation Packages (as defined in the Solicitation Procedures Order) to the parties set forth in, and in accordance with the terms of, the Solicitation Procedures Order.

WHEREAS, the Plan Proponents received a Class 8 ballot (the "Ballot") from Claimant accepting the *Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed by The Trustee and Lehman Creditors* (the "Joint TD Plan").[2]

NOW THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is hereby stipulated and agreed by and among the Parties as follows:

**AGREEMENT**

1. Court Approval. The provisions of this Stipulation are subject to approval of the Court and shall have no force and effect until approved by the Court. Immediately upon entry of an order approving this Stipulation by the Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of the Plan Proponents, the Claimant, and their successors and assigns.

2. Permission to Vote as a Class 7 General Unsecured Claim and Class 8 Settling Bond Issuer-Related Future Work Claim. Solely for purposes of voting to accept or reject the Joint TD Plan, and not for the purpose of the allowance of or distribution on account of Claim No. 59, and without prejudice to the rights of the Plan Proponents in any other context, including, without limitation, with respect to the Pending Objection, Claimant shall be deemed to have cast its Ballot to accept the Joint TD Plan as the Holder of a Class 7 General Unsecured Claim and Class 8 Settling Bond Issuer-Related Future Work Claim against SunCal Marblehead in the amount of $39,971,734.00, and such vote shall be tabulated in accordance with the Solicitation Procedures Order.

3. No Waiver of Rights with Respect to Pending Objection, or to Object to Claim No. 59 on Other Grounds, or to Assert Claims Against Claimant. Claimant acknowledges that:

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint TD Plan.

(a) Nothing herein shall be deemed to establish that (i) Claim No. 59 or the amount of such claim is an Allowed Claim, including, without limitation, an Allowed General Unsecured Claim or an Allowed Settling Bond Issuer-Related Future Work Claim or (ii) the Claimant is entitled to a distribution under the Joint TD Plan, whether as the Holder of a Claim in Class 7 or 8 or otherwise, on account of Claim No. 59.

(b) Nothing contained herein shall be deemed a waiver of the rights of any party in interest, including, without limitation, the Plan Proponents, and the Official Committee of Unsecured Creditors of the Trustee Debtors (the "Trustee Debtors' Committee"), (i) with respect to the Pending Objection, (ii) to object to or seek disallowance or reclassification of Claim No. 59 on any grounds not asserted in the Pending Objection or (iii) to assert any claims, demands for relief requiring an adversary proceeding consistent with Rule 3007(b) and Rule 7001 the Federal Rules of Bankruptcy Procedure, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions, or any other bankruptcy or non-bankruptcy claims and causes of action against the Claimant, and all rights of any party in interest, including, without limitation, the Plan Proponents, the Trustee Debtors' Committee and the Claimant, in connection therewith are hereby preserved and reserved.

(c) Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein.

4. Jurisdiction. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

5. Further Cooperation. The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

6. Signatures. This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement. This Stipulation may

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

7. No Admission; No Evidence. Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party. Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties. This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

8. Authority. Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

9. Entire Agreement. This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties. All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

WEIL, GOTSHAL & MANGES LLP

- and -

Dated: September 26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By */s/ Robert B. Orgel*
Richard M. Pachulski
Dean A. Ziehl
Robert B. Orgel

Attorneys for Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC

Dated: September 26, 2011

THE LOBEL FIRM, LLP

By */s/ Mike D. Neue*
William N. Lobel
Mike D. Neue

General Insolvency Counsel for Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors

Dated: September 26, 2011

RUTAN & TUCKER, LLP

By */s/ Caroline R. Djang*
Caroline R. Djang

Attorney for Claimant the City of San Clemente

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA