# ERICA
# RUTNER
# DECLARATION

# EXHIBIT "D"

# IN SUPPORT OF MEMORANDUM OF
# POINTS AND AUTHORITIES

1   Richard M. Pachulski (CA Bar No. 90073)
    Dean A. Ziehl (CA Bar No. 84529)
2   Robert B. Orgel (CA Bar No. 101875)
    John W. Lucas (CA Bar No. 271038)
3   PACHULSKI STANG ZIEHL & JONES LLP
    10100 Santa Monica Blvd., 13th Floor
4   Los Angeles, California  90067-4100
    Telephone: (310) 277-6910 / Facsimile:  (310) 201-0760
5
    Edward Soto (admitted *pro hac vice*)
6   Alfredo R. Perez (admitted *pro hac vice*)
    WEIL, GOTSHAL & MANGES LLP
7   767 Fifth Avenue
    New York, NY  10153-0119
8   Telephone:  (212) 310-8000 / Facsimile:  (212) 310-8007

9   Attorneys for Lehman Commercial Paper Inc., Lehman
    ALI, Inc., Northlake Holdings LLC, OVC Holdings LLC
10  and LV Pacific Point

11  William N. Lobel (CA Bar No. 93202)
    Mike D. Neue (CA Bar No. 179303)
12  THE LOBEL FIRM, LLP
    840 Newport Center Drive, Suite 750
13  Newport Beach, California  92660
    Telephone:  (949) 999-2860 / Facsimile:  (949) 999-2870
14
    General Insolvency Counsel for Steven M. Speier,
15  the Chapter 11 Trustee for the Trustee Debtors

16                   **UNITED STATES BANKRUPTCY COURT**
                      **CENTRAL DISTRICT OF CALIFORNIA**
17                          **SANTA ANA DIVISION**

18  In re:                                      Case No.: 8:08-bk-17206-ES
    Palmdale Hills Property, LLC, and its Related
19  Debtors,                                    Jointly Administered With Case Nos.
                    Jointly Administered Debtors  8:08-bk-17209-ES; 8:08-bk-17240-ES;
20              and Debtors-In-Possession        8:08-bk-17224-ES; 8:08-bk-17242-ES;
                                                 8:08-bk-17225-ES; 8:08-bk-17245-ES;
21  Affects:                                     8:08-bk-17227-ES; 8:08-bk-17246-ES;
    ☐ All Debtors                                8:08-bk-17230-ES; 8:08-bk-17231-ES;
22  ☑ Palmdale Hills Property, LLC               8:08-bk-17236-ES; 8:08-bk-17248-ES;
    ☑ SunCal Beaumont Heights, LLC               8:08-bk-17249-ES; 8:08-bk-17573-ES;
23  ☐ SCC/Palmdale, LLC                          8:08-bk-17574-ES; 8:08-bk-17575-ES;
    ☑ SunCal Johannson Ranch, LLC                8:08-bk-17404-ES; 8:08-bk-17407-ES;
24  ☑ SunCal Summit Valley, LLC                  8:08-bk-17408-ES; 8:08-bk-17409-ES;
    ☐ SunCal Emerald Meadows, LLC                8:08-bk-17458-ES; 8:08-bk-17465-ES;
25  ☑ SunCal Bickford Ranch, LLC                 8:08-bk-17470-ES; 8:08-bk-17472-ES;
    ☑ Acton Estates, LLC                         and 8:08-bk-17588-ES
26  ☑ Seven Brothers, LLC
    ☐ SJD Partners, Ltd.
27  ☐ SJD Development Corp.                      Chapter 11
    ☑ Kirby Estates, LLC
28  ☑ SunCal Communities I, LLC                  **DECLARATION OF ERICA RUTNER IN**
    ☑ SCC Communities LLC                        **SUPPORT OF (I) TRUSTEE'S AND**

US_ACTIVE:\43814300\01\58399.0008

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# Exhibit O

## Zerbinopoulos, Lauren

| | |
|---|---|
| **From:** | Pfaeffle, Frederick <fpfaeffle@counsel.lacounty.gov> |
| **Sent:** | Friday, October 03, 2008 6:51 PM |
| **To:** | Casey, Ed |
| **Cc:** | Even, Greg; Ariki, Adam |
| **Subject:** | 10-1 Version of Ritter Assignment and Assumption Agreement.DOC |
| **Attachments:** | HOA_556355_1 (2).DOC |

Ed, attached is a redlined version of the draft Assignment Agreement for the Water System Agreement and Settlement Agreement that SunCal wishes to transfer in connection with the Ritter Ranch Project.
The redline shows my proposed changes based on my conversations with the County's Department of Public Works (DPW), which I am sending to you and DPW simultaneously in the interest of time.

Please note that DPW has not yet seen the redlined changes and therefore the agreement and my proposed changes remain subject to DPW's review and comment, which will subsequently require a vote by the Board of Supervisors.

My aim is to get confirmation of these from DPW before I leave town on Wednesday (I will be back in the office on October 20), which in turn would allow us to formulate a recommendation to the Board of Supervisors.

If you have a reaction to the changes that you with for me to process before Wednesday, please let me know and I will try to expedite the processing.

Have a great weekend.  Fred.

1

THIS DOCUMENT WAS PREPARED BY,
AND AFTER RECORDING RETURN TO:

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, 49th Floor
Los Angeles, CA 90071
Attention: Amy R. Forbes, Esq.

_____

(Space Above For Recorder's Use)

ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT ("Assignment Agreement") is made as of the ____ day of _____, 2008, by and between **PALMDALE HILLS PROPERTY, LLC**, a Delaware limited liability company ("Assignor"), **SCLV RITTER RANCH LLC**, a Delaware limited liability company ("Assignee"), and **LOS ANGELES COUNTY WATERWORKS DISTRICT NO. 40, ANTELOPE VALLEY**, a public county waterworks district formed pursuant to Division 16 of the State Water Code ("LAWD"), with reference to the following facts:

A.     LAWD, SCC Acquisition, LLC, a Delaware limited liability company ("SCC"), and Assignor entered into that certain Settlement Agreement dated August 15, 2006, a true and correct copy of which is attached hereto as "Exhibit 1" (the "Settlement Agreement") (SCC and Assignor are referred to in the Settlement Agreement, collectively, as "SunCal"), pertaining to the development of certain real property owned by Assignor and located in the City of Palmdale, California, informally known as Ritter Ranch (the "Property"), and more particularly described on **Exhibit A** hereto and incorporated herein by this reference.

B.     LAWD and Assignor also entered into that certain Amended and Restated Water System Agreement dated August 15, 2006, a true and correct copy of which is attached hereto as "Exhibit 2" (the "WSA", and together with the Settlement Agreement, the "Agreement"). (Assignor is referred to in the WSA as "Builder"), pertaining to the development of the Property.

C.     Assignor is conveying title to the Property to Assignee and, in connection therewith, Assignor desires to assign and transfer to Assignee all of Assignor's right, title and interest as "SunCal" under the Settlement Agreement and as the "Builder" under the WSA (collectively, the "Transfer").

D.     Section 12 of the Settlement Agreement and Section 6.1 of the WSA require the Assignor to obtain written approval of the Transfer from the LAWD.

E.     Section 6.2 of the WSA requires Assignor to provide LAWD forty-five (45) days prior written notice of Assignor's intent to assign and transfer its right, title and interest in the Property or in the Agreement, including of the Transfer, and Assignor has provided said notice.

F.     Section 6.2 of the WSA also requires the Assignor to obtain written acknowledgment from the Assignee of the terms and conditions of the WSA in connection with the Tansfer.

IMANDB/1262787v1
C:\DOCUMENTS AND SETTINGS\ZERBINOP\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.OUTLOOK\4XK7OHY0\HOA_556355_1 (3).DOC

G.      In accordance with Section 12 of the Settlement Agreement and Section 6.1 of the
WSA, Assignor has requested that LAWD consent to the Transfer.

| Deleted: E |
| Deleted: assignment and transfer of Assignor's right, title and interest in and to the Agreement to Assignee |
| Deleted: . |

H.      Under Section 9 of the WSA, in April, 2008, LAWD issued a notice to Assignor
outlining various past defaults by Assignor under the WSA, including under Sections 2.5, 3.4,
and 3.12 of the WSA and demanding Assignor cure said defaults.

I.      In September of 2008, Assignor represented to LAWD that all defaults under the
WSA have been cured or to have taken all possible reasonable steps to cure the defaults.

J.      As a condition to LAWD providing its consent to the Transfer, as of the date of
this Assignment Agreement, Assignor must have cured the defaults under the WSA to the extent
feasible, Assignee must assume all duties and responsibilities under the Agreement on behalf of
Assignor as the Builder under the WSA, Assignee must agree to certain safeguards to prevent
future defaults under the WSA, and Assignee must assume all duties and responsibilities as
SunCal under the Settlement Agreement, under the terms and conditions hereinbelow.

| Deleted: H |
| Deleted: Section 12 of the Settlement Agreement and Section 6.1 of the WSA each permits an Assignment of the interests, rights and title of SunCal and Builder, respectively, under the Settlement Agreement and WSA, respectively, pursuant to the terms thereof. |

NOW THEREFORE, in consideration of the foregoing facts and the mutual covenants
and conditions herein below set forth, it is agreed:

| Deleted: Pursuant to the terms and conditions of Section 12 of the Settlement Agreement and Section 6.1 of the WSA, LAWD has approved and consented to this Assignment as evidenced by the consent attached hereto.¶ |

1.      Assignor hereby assigns and transfers to Assignee all of Assignor's right, title and
interest under the Agreement, and Assignor hereby delegates all of Assignor's duties and
obligations accruing to "SunCal" under the Settlement Agreement, and all of Assignor's duties
and obligations accruing to "Builder" under the WSA, subject to the terms, covenants and
restrictions set forth in the Settlement Agreement and WSA, respectively.

| Deleted: subject to the terms, covenants and restrictions set forth in the Agreement, |
| Deleted: , with respect to the WSA only, |
| Deleted: its |
| Deleted: WSA |

2.      Assignee hereby acknowledges and accepts the assignment and transfer of the
Agreement and all of the terms contained therein and shall be entitled to all rights and benefits
accruing to "SunCal" under the Settlement Agreement and to the "Builder" under the WSA and,
Assignor hereby assumes and agrees to be bound by the terms, conditions and restrictions set
forth in the WSA and the Settlement Agreement.

| Deleted: with respect to the WSA only, |
| Deleted: arising from and after the date hereof |
| Deleted: . |

3.      LAWD hereby consents to the Transfer subject to the following conditions:

A.      Assignor must have cured the defaults under the WSA to the extent
feasible, as confirmed in writing by the Los Angeles County Department of Public Works;

| Formatted: Indent: First line: 0" |

B.      Assignor hereby represents and warrants that all outstanding claims debts,
invoices, promises or obligations, including to contractors or sub-contractors, have been paid or
satisfied in connection with construction or completion of any WSI relating to the Property and
that the LAWD has been dismissed with prejudice as a matter of record from any and all lawsuits
filed in connection therewith, including, without limitation in connection with LASC Case no.
MC 019056 filed by [Pacific Hydrotech and related cross-action filed by Southland Pipe . . .,
naming Assignor and the LAWD as defendants].

C.      Assignee hereby assumes all duties and responsibilities under the
Agreement which were undertaken on behalf of Assignor as the Builder under the WSA and as
SunCal under the Settlement Agreement and Assignee hereby reaffirms and acknowledges each
the WSA and the Settlement Agreement;

| Formatted: Trailer WGM |
| Formatted: Tabs: 3.69", Centered |
| Formatted: Page Number |

2IMANDB/1262787v1
C:\DOCUMENTS AND SETTINGS\ZFRBINOP\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.OUTLOOK\4XK7OHY0\HOA_556355_1
(2).DOC

2

D.       Assignee shall arrange for inspection by LAWD of all unfinished WSI which was commenced on the Property recommencement of work thereon or before any future work on said WSI can proceed;

E.       Notwithstanding the foregoing, Assignee shall diligently complete all unfinished WSI on land or property belonging to either LAWD or the County of Los Angeles, commenced as of the date hereof or in the future, including, without limitation, that certain [pipeline, pump station and appurtenant structures located in the vicinity of Avenue L12 and 6th Street West in the City of _____ ]. Assignee shall deliver to LAWD a schedule for the completion of said improvements within ninety (90) calendar days but Assignee must complete said unfinished WSI to the full and complete satisfaction of the LAWD no later than one (1) calendar year from the date of this Assignment Agreement;

F.       Within ninety (90) calendar days, Assignee shall install a backflow prevention device to the satisfaction of the LAWD on that certain WSI consisting of a [   -inch pipeline located at ____ · on Elizabeth Lake Road];

G.       In addition to, and without otherwise affecting or diminishing all other obligations of Assignee or rights of the LAWD under the WSA or the Settlement Agreement, as an added measure to prevent future defaults under Section 2.5 of the WSA, at minimum ninety (90) calendar days prior to the time of execution of any contract or agreement for activities relating to construction or completion of any WSI (as defined in the WSA) to be installed or constructed following the date of this Assignment Agreement, and at minimum ninety (90) calendar days prior to the time of commencement of construction or completion of any WSI, Assignee shall furnish to LAWD draft copies of the Completion Bonds (as defined in the WSA) and Payment Bonds (as defined in the WSA) in their proposed final form, which are required under Section 2.5 of the WSA. Furthermore, notwithstading the foregoing, Assignee shall furnish to LAWD, fully executed originals of the Completion Bonds and Payments Bonds, under the terms and conditions set forth in Section 2.5 of the WSA, prior to the time of execution of any contract or agreement for activities relating to construction or completion of any WSI or prior to the commencement of construction or completion of any WSI follwing the date of this Assignment Agreement,

4.       The Transfer is intended as an absolute conveyance of title in effect as well as in form and to include and unconditionally convey any equitable or redemptive rights of Assignor and is not intended as a mortgage or security device of any kind.

5.       This Assignment is not intended to, and shall not, merge the equitable and legal titles in any of the rights and interests assigned herein, nor shall this Assignment Agreement release any liens or security interests securing any indebtedness encumbering any of the rights and interests assigned herein, it being the intention of the Assignor and Assignee to keep such liens separate and distinct and in full force and effect and to maintain the priority of such liens against any other liens or encumbrances affecting the rights and interests assigned herein.

6.       This Assignment Agreement may be executed in counterparts which taken together shall constitute one and the same instrument.

**Formatted:** Superscript

**Formatted:** Indent: First line: 0"

**Deleted:** 3. . Neither the assumption of the WSA under paragraph 2 above nor anything else contained herein shall in any way or manner expand, enhance, modify or alter any obligation or liability of SunCal under the Settlement Agreement and of the Builder under the WSA or under local laws or otherwise create or impose any additional liability or obligation on SunCal under the Settlement Agreement and on the Builder under the WSA or under local laws.¶
4. . Assignor warrants and represents to Assignee that Assignor has full right and authority to make this Assignment and vest in Assignee the rights, interests, powers and benefits hereby assigned.

**Deleted:** 5

**Deleted:** This Assignment

**Deleted:** is intended

**Deleted:** 6

**Deleted:** 7

**Formatted:** Trailer WGM

**Formatted:** Tabs:  3.69", Centered

**Formatted:** Page Number

7.      The provisions of this instrument shall be binding upon and inure to the benefit of Assignor and Assignee and their respective successors and assigns. Notwithstanding the foregoing, nothing in this Assignment Agreement shall relieve Assignee of the obligations under Sections 12 of the Settlement Agreement and Section 6.1 of the WSA, including, without limitation, to seek written consent from the LAWD relating to any future assignments or transfers of the Property, WSA, and the Settlement Agreement.

8.      Assignor and Assignee each hereby covenants that it will, at any time and from time to time, execute any documents and take such additional actions as the other, or its respective successors or assigns, shall reasonably require in order to more completely or perfectly carry out the transfers intended to be accomplished by this Assignment.

9.      Each individual executing this instrument on behalf of Assignor and Assignee hereby represents to have full power and authority to execute this Assignment Agreement and to bind the party on behalf of which he or she is purporting to sign.

10.     This Assignment shall be construed and interpreted in accordance with the laws of the State of California.

[SIGNATURE PAGES TO FOLLOW]

IN WITNESS WHEREOF, Assignor and Assignee have executed this Assignment as of the date first set forth above.

"ASSIGNOR"

**PALMDALE HILLS PROPERTY, LLC,**
a Delaware limited liability company

By: _____
     Bruce V. Cook
Its:    Secretary

Deleted: ¶

Formatted: Trailer WGM

"ASSIGNEE"

**SCLV RITTER RANCH LLC,**
a Delaware limited liability company

By: _____

Name: _____

Title: _____

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT BY AND BETWEEN
PALMDALE HILLS PROPERTY, LLC, A DELAWARE LIMITED LIABILITY COMPANY
("ASSIGNOR"), AND SCLV RITTER RANCH LLC, A DELAWARE LIMITED LIABILITY
COMPANY ("ASSIGNEE"), IS APPROVED AND CONSENTED TO BY LAWD THIS ___
DAY OF ____, 2008:

"LAWD"

**LOS ANGELES COUNTY WATERWORKS
DISTRICT NO. 40, ANTELOPE VALLEY,**

By: _____

Name: _____

Title:   Chair, Board of Supervisors of          [Deleted: Mayor]
         the County of Los Angeles,
         as Governing Body thereof

ATTEST:

SACHI A. HAMAI

Executive Officer of the

Board of Supervisors

of the County of Los Angeles

By: _____
    Deputy                                 [Deleted: Name: ___  Title: ___]
                                           [Formatted: Indent: Left: 0.5"]
APPROVED AS TO FORM:                       [Deleted: ¶]

RAYMOND G. FORTNER, JR.

County Counsel

By: _____

    Pincipal Deputy

                                           [Deleted: Name: ___  Title: ___]
                                           [Formatted: Trailer WGM]

Signature Page – Ritter Ranch – Consent (LAWD)
IMANDB/1262787v1
C:\DOCUMENTS AND SETTINGS\ZERBINOP\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.OUTLOOK\4XK2OIIY0\IQA_556355_1
(2).DOC

EXHIBIT "A"

TO

ASSIGNMENT AND ASSUMPTION AGREEMENT

LEGAL DESCRIPTION

Real property in the County of Los Angeles, State of California, described as follows:

Formatted: Trailer WGM

IMANDB/1262787v1
C:\DOCUMENTS AND SETTINGS\ZERBINOP\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.OUTLOOK\4XK7OIIY0\HOA_556355_1
(2).DOC

1   ☐ SunCal Communities III, LLC
    ☐ North Orange Del Rio Land, LLC
2   ☑ Tesoro SF, LLC
    ☑ LB/L-SunCal Oak Valley, LLC
3   ☑ SunCal Heartland, LLC
    ☑ LB/L-SunCal Northlake, LLC
4   ☑ SunCal Marblehead, LLC
    ☐ SunCal Century City, LLC
5   ☑ SunCal PSV, LLC
    ☑ Delta Coves Venture, LLC
6   ☑ SunCal Torrance Properties, LLC
    ☑ SunCal Oak Knoll, LLC
7

**LEHMAN CREDITORS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONFIRMATION OF THIRD AMENDED JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND SUBJECT LEHMAN CREDITORS AND (II) LEHMAN VD LENDERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONFIRMATION OF THIRD AMENDED JOINT PLAN FOR ELEVEN VOLUNTARY DEBTORS PROPOSED BY THE LEHMAN VD LENDERS**

**Hearing:**
Date:   October 24, 2011
Time:   9:30 a.m.
Place:  Courtroom 5A

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

US_ACTIVE:\43814300\01\58399.0008                    2

1

## DECLARATION OF ERICA W. RUTNER

2

I, Erica W. Rutner, Esq. hereby declare and state as follows:

3

1.      I am a member of the Florida Bar and an associate in the law firm of Weil, Gotshal &

4

Manges LLP, attorneys for the Lehman Entities.[1]  I submit this declaration in support of (i)

5

Trustee's And Lehman Creditors' Memorandum Of Points And Authorities In Support Of

6

Confirmation Of Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed By

7

The Trustee And Subject Lehman Creditors And (ii) Lehman VD Lenders' Memorandum Of

8

Points And Authorities In Support Of Confirmation Of Third Amended Joint Plan For Eleven

9

Voluntary Debtors Proposed By The Lehman VD Lenders.

10

2.      I make this declaration based upon my review of the documents described herein and my

11

personal knowledge.

12

3.      Attached hereto as Exhibit A is a true and correct copy of an email dated October 3, 2008

13

from Frederick Pfaeffle of Los Angeles County to Ed Casey, and attachment, transmitted to me on

14

July 26, 2011 by Evan Greg on behalf of Los Angeles County.

15

4.      Evan Greg, on behalf of Los Angeles County, represented to me that the Ritter Ranch

16

Consent was not obtained as of September 30, 2008.

17

18

I declare under penalty of perjury that the foregoing is true and correct.

19

Executed this 26 day of September, 2011 in Miami, Florida.

20

_____
Erica W. Rutner

21

22

23

24

25

_____

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the (i) Trustee's

26

And Lehman Creditors' Memorandum Of Points And Authorities In Support Of Confirmation Of
Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed By The Trustee And

27

Subject Lehman Creditors And (ii) Lehman VD Lenders' Memorandum Of Points And Authorities
In Support Of Confirmation Of Third Amended Joint Plan For Eleven Voluntary Debtors Proposed

28

By The Lehman VD Lenders..

1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

US_ACTIVE:\43814300\01\58399.0008