1
2
3
4

PAUL J. COUCHOT -- State Bar No. 131934
WINTHROP COUCHOT, P.C.
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111General Insolvency Counsel for
Palmdale Hills Property, LLC et. al. (the "Voluntary Debtors")

5
6
7
8
9

RONALD RUS - State Bar No. 67369
JOEL S. MILIBAND - State Bar No. 77438
RUS MILIBAND & SMITH
A PROFESSIONAL CORPORATION
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514
Counsel for SCC Acquisitions Inc.

10
11

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

12
13
14

In re

PALMDALE HILLS PROPERTY, AND ITS
RELATED DEBTORS,

Joint Administered Debtors and
Debtors-in-Possession

15

Affects:

16  ☐ All Debtors
☐ Palmdale Hills Property, LLC
17  ☐ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale, LLC
18  ☐ SunCal Johannson Ranch, LLC
19  ☐ SunCal Summit Valley, LLC
☐ SunCal Emerald Meadows LLC
20  ☐ SunCal Bickford Ranch, LLC
21  ☐ Acton Estates, LLC
☐ Seven Brothers LLC
22  ☐ SJD Partners, Ltd.
23  ☐ SJD Development Corp.
☐ Kirby Estates, LLC
24  ☐ SunCal Communities I, LLC
25  ☐ SunCal Communities III, LLC
26  ☒ SCC Communities LLC
27  ☒ North Orange Del Rio Land, LLC
☒ Tesoro SF LLC
28

Case No. 8:08-bk-17206-ES

Jointly Administered With Case Nos.
8:08-bk-17209-ES; 8:08-bk-17240-ES;
8:08-bk-17224-ES; 8:08-bk-17242-ES;
8:08-bk-17225-ES; 8:08-bk-17245-ES;
8:08-bk-17227-ES; 8:08-bk-17246-ES;
8:08-bk-17230-ES; 8:08-bk-17231-ES;
8:08-bk-17236-ES; 8:08-bk-17248-ES;
8:08-bk-17249-ES; 8:08-bk-17573-ES;
8:08-bk-17574 ES; 8:08-bk-17575-ES;
8:08-bk-17404-ES; 8:08-bk-17407-ES;
8:08-bk-17408-ES; 8:08-bk-17409-ES;
8:08-bk-17458-ES; 8:08-bk-17465-ES;
8:08-bk-17470-ES; 8:08-bk-17472-ES;
and 8:08-bk-17588-ES

Chapter 11 Proceedings

**THIRD AMENDED CHAPTER 11 PLANS
AS MODIFIED FILED BY SCC
COMMUNITIES, LLC, NORTH ORANGE
DEL RIO LAND LLC AND TESORO SF
LLC [GROUP III: VOLUNTARY
DEBTORS]**

**Confirmation Hearing**
Date:     October 24, 2011
Time:     9:30 a.m.
Place:    Courtroom 5A

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1

*Continued from Previous Page*

☐ LBL-SunCal Oak Valley, LLC

2

☐ SunCal Heartland, LLC

3

☐ LBL-SunCal Northlake, LLC

☐ SunCal Marblehead, LLC

4

☐ SunCal Century City, LLC

5

☐ SunCal PSV, LLC

☐ Delta Coves Venture, LLC

6

☐ SunCal Torrance, LLC

7

☐ SunCal Oak Knoll, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

# TABLE OF CONTENTS

|  |  | PAGE |
|---|---|---|
| I. | INTRODUCTION | 2 |
| II. | DEFINITIONS AND RULES OF INTERPRETATION | 2 |
| | 2.1 Definitions | 2 |
| | 2.2 Rules of Construction | 23 |
| | 2.3 Exhibits | 23 |
| III. | TREATMENT OF UNCLASSIFIED CLAIMS | 24 |
| | 3.1 Introduction | 24 |
| | 3.2 Treatment of Allowed Administrative Claims | 24 |
| | 3.3 Administrative Claims Bar Date | 24 |
| | 3.4 Treatment of Unsecured Tax Claims | 25 |
| IV. | CLASSIFICATION OF CLAIMS AND INTERESTS | 26 |
| V. | THE PLAN'S TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS | 28 |
| | 5.1 The Plan(s)' Treatment of Holders of Allowed Secured Real Property Tax Claims Secured by Group III: Voluntary Assets Against Group III: Voluntary Debtors (Classes 1.1 and 1.2). | 28 |
| | 5.2 The Plan(s)' Treatment of Lehman's Disputed Claim(s) and Disputed Lien(s) Against Group III: Voluntary Debtors (Classes 2.1 through 2.3). | 29 |
| | 5.3 The Plan(s)' Treatment of Holders of Priority Claims Against Group III: Voluntary Debtors (Classes 3.1 to 3.2). | 30 |
| | 5.4 The Plan(s)' Treatment of Holders of Allowed General Unsecured Claims Against Group III: Voluntary Debtors (Classes 4.1 to 4.3). | 31 |
| | 5.5 The Plan(s)' Treatment of Holders of Allowed Interests Against Group III: Voluntary Debtors. | 31 |
| VI. | ACCEPTANCE OR REJECTION OF THE PLAN | 31 |
| | 6.1 Introduction | 31 |
| | 6.2 Who May Object to Confirmation of the Plan | 32 |
| | 6.3 Who May Vote to Accept/Reject the Plan | 32 |
| | 6.4 What Is an Allowed Claim/Interest | 32 |
| | 6.5 What Is an Impaired Class | 32 |
| | 6.6 Who Is Not Entitled to Vote | 32 |
| | 6.7 Who Can Vote in More than One Class | 33 |
| | 6.8 Votes Necessary for a Class to Accept the Plan | 33 |
| | 6.9 Treatment of Nonaccepting Classes | 34 |
| | 6.10 Request for Confirmation Despite Nonacceptance by Impaired Class(es) | 34 |

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

VII.    MEANS OF EXECUTION AND IMPLEMENTATION OF THE PLAN .............    34
    7.1    Introduction ................................................................    35
    7.2    Sale Process of the Group III: Voluntary Assets During the
        Sale Period
    7.3    Establishment and Operations of the Plan Trust ............................    37
    7.4    Preservation and Pursuit of Litigation Claims and Recovery for the
        Plan Trust ................................................................    38
    7.5    Payment of Trust Expenses ..............................................    38
    7.6    The Plan Trust Distribution System ......................................    38
    7.7    The Plan Trustee .........................................................    39
    7.8    The Plan Trust Beneficiaries ..............................................    43
    7.9    No Payment of Transfer-Related Fees to the United States Trustee ............    43
    7.10    No Payment of Transfer-Related Fees to the Plan Trustee ......................    43
    7.11    Books and Records of Trust ...............................................    44
    7.12    Federal Income Tax Treatment of the Holders of Plan
        Trust Beneficial Interests .................................................    44
    7.13    Termination of the Trust ..................................................    45
    7.14    Exemption from Certain Transfer Taxes ...................................    45
    7.15    Tax Consequences of the Plan ............................................    45
    7.16    The Voluntary Debtors' Committee ......................................    46
    7.17    Claims Estimation Rights .................................................    47

VIII.    DISTRIBUTIONS ..............................................................    47
    8.1    Distribution Agent .......................................................    47
    8.2    Distributions .............................................................    47
    8.3    Old Instruments and Securities ...........................................    48

IX.    OBJECTION TO CLAIMS AND DISPUTED CLAIMS .........................    50
    9.1    Standing for Objections to Claims ........................................    50
    9.2    Treatment of Disputed Claims and Disputed Liens .........................    50

X.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES ...................    51
    10.1    Executory Contracts to be Assumed and Assigned .......................    51
    10.2    Executory Contracts to be Rejected ......................................    54

XI.    LIMITATION OF LIABILITY ................................................    55

XII.    CONDITIONS TO CONFIRMATION AND EFFECTIVENESS
    OF THE PLAN ...............................................................    55
    12.1    Conditions Precedent to Plan Confirmation .............................    55
    12.2    Conditions Precedent to Plan Effectiveness .............................    56

XIII.    RETENTION OF JURISDICTION ...........................................    56

XIV.    MODIFICATION OR WITHDRAWAL OF THE PLAN(S) ....................    57
    14.1    Modification of Plan(s) ...................................................    57
    14.2    Nonconsensual Confirmation ...............................................    57

-ii-

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

XV.     EFFECT OF CONFIRMATION ................................................................... 58
        15.1    Discharge ........................................................................... 58
        15.2    Revesting of the Assets ..................................................... 58
        15.3    Exculpation and Releases .................................................. 58

XVI.    MISCELLANEOUS ................................................................................ 59
        16.1    Payment of Statutory Fees ................................................ 59
        16.2    Changes in Rates Subject to Regulatory Commission Approval ................. 59
        16.3    Payment Dates .................................................................. 59
        16.4    Headings ........................................................................... 59
        16.5    Other Documents and Actions ........................................... 59
        16.6    Notices .............................................................................. 60
        16.7    Governing Law .................................................................. 60
        16.8    Binding Effect ................................................................... 61
        16.9    Successors and Assigns .................................................... 61
        16.10   Severability of Plan Provisions ......................................... 61
        16.11   No Waiver ......................................................................... 61
        16.12   Inconsistencies ................................................................. 61
        16.13   Exemption from Certain Transfer Taxes and Recording Fees ................... 62
        16.14   Post-Confirmation Status Report ...................................... 62
        16.15   Post-Confirmation Conversion/Dismissal .......................... 62
        16.16   Final Decree ..................................................................... 63

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

# I.

## <u>INTRODUCTION</u>

These Plans[1] are proposed respectively by, and the accompanying Disclosure Statement is filed jointly by, SCC Communities, Del Rio and Tesoro (the "Group III: Voluntary Debtors"), in their respective Chapter 11 Cases in their capacities as debtors in possession, and by Acquisitions, as the SunCal Proponents.  In addition to being one of the SunCal Plan Proponents, Acquisitions is also the Plan Sponsor, the Plan Trustee of the Plan Trust, and the Distribution Agent for each Group III: Voluntary Debtor's Plan that is confirmed.

In summary, the Plan(s) individually provide for the sale of the SCC Communities ~~Assets~~Project, the Tesoro ~~Assets~~Project, and the potential sale of the Group III Voluntary Debtors' other assets~~Del Rio Assets~~, free and clear of all claims and liens.  The Net Sales Proceeds from these sales and/or liquidation shall be distributed to Creditors holding Allowed Claims in accordance with their rights and priorities under the Bankruptcy Code and under any other applicable law.

Although substantially identical and consolidated Plans are being filed in the Cases of all three Group III: Voluntary Debtors, confirmation of each such Plan is independent of each others. In other words, the Creditors in each Case will determine, subject to Court approval, whether the applicable Plan will be approved in their Case. Accordingly, a particular Plan may be confirmed in the Cases of some of the Group III: Voluntary Debtors, but not in others.

The Plans are accompanied by the Disclosure Statement.  The Disclosure Statement has been approved by the Court.  It is being provided along with the Plans in order to provide you with critical information about the Group III: Voluntary Debtors and to help you understand the Plans.

## II.

## <u>DEFINITIONS AND RULES OF INTERPRETATION</u>

### 2.1    <u>Definitions</u>.

The following defined terms are used in the Plans.  Any capitalized term that is not defined

---

[1] All defined terms used herein have the same meanings as set forth in Article II herein and Exhibit "1" attached to the Disclosure Statement.

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or Bankruptcy Rules.

2.1.1 <u>Acquisitions</u>.  SCC Acquisitions, Inc., a California corporation, an indirect parent company of all of the Debtors, a purported Bond Indemnitor, a Creditor of all of the Debtors, a Sun Cal Plan Proponent, the Plan Sponsor and the proposed Plan Trustee.

2.1.2 <u>Administrative Claim(s)</u>.  Any Claim against a Group III: Voluntary Debtor or such Group III: Voluntary Debtor's Estate incurred after the applicable Petition Date for the applicable Group III: Voluntary Debtor but before the Effective Date, for any cost or expense of administration of the Case of the applicable Group III: Voluntary Debtor, which Claim is entitled to priority under section 507(a)(2) or (3) of the Bankruptcy Code, including, without limitation, any fee or charge assessed against an Estate of a Group III: Voluntary Debtor under section 1930 of Title 28 of the United States Code.

2.1.3 <u>Administrative Claims Bar Date</u>.  The last date fixed by the Group III: Voluntary Debtors Plan(s) for the filing of requests for payment of Administrative Claims.  Under the Group III: Voluntary Debtors Plan(s), the Administrative Claims Bar Date shall be the first business day after the twenty-first (21st) day after the Effective Date.

2.1.4 <u>Affiliate</u>.  The term shall have the meaning set forth under Section 101(2), including, but not limited to, as to any Person, any other Person that directly or indirectly owns or controls, is owned or controlled by, or is under common ownership or control with, such Person. The term "control" (including, with correlative meanings, the terms "controlled by" and "under common control with"), as applied to any Person, means the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of such Person, whether through the ownership of voting securities or other equity ownership interest, by contract or otherwise.

2.1.5 <u>Allowed</u>.  When used to describe Claim(s) or Interest(s) against the applicable Group III: Voluntary Debtor, such Claim(s) or Interest(s), to the extent that it or they are "Allowed Claim(s)" or "Allowed Interest(s)."

2.1.6 <u>Allowed Amount</u> shall mean:

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

A.      With respect to any Administrative Claim (I) if the Claim is based upon a Fee Application, the amount of such Fee Application that has been approved by a Final Order of the Bankruptcy Court; (ii) if the Claim is based upon any indebtedness or obligation incurred in the ordinary course of business of the Group III: Voluntary Debtors and is not otherwise subject to an Administrative Claim Bar Date, the amount of such Claim that has been agreed to by the Group III: Voluntary Debtors and such creditor, failing which, the amount thereof as fixed by a Final Order of the Bankruptcy Court; or (iii) if the Holder of such Claim was required to file and has filed proof thereof with the Bankruptcy Court prior to an Administrative Claim Bar Date, (1) the amount stated in such proof if no objection to such Proof of Claim is interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court, or (2) the amount thereof as fixed by Final Order of the Bankruptcy Court if an objection to such proof was interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court.  The Allowed Amount of any Administrative Claim which is subject to an Administrative Claims Bar Date and not filed by the applicable Administrative Claims Bar Date shall be zero, and no Distribution shall be made on account of any such Administrative Claim;

B.      with respect to any Claim which is not an Administrative Claim (the "Other Claim"):  (i) if the Holder of such Other Claim did not file proof thereof with the Bankruptcy Court on or before the Claims Bar Date, the amount of such Claim as listed in the Group III: Voluntary Debtors'' Schedules as neither disputed, contingent nor unliquidated; or (ii) if the Holder of such Claim has filed proof thereof with the Bankruptcy Court on or before the Claims Bar Date, (a) the amount stated in such proof if no objection to such Proof of Claim was interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules, the Plan or the Bankruptcy Court, or (b) the amount thereof as fixed by Final Order of the Bankruptcy Court if an objection to such proof was interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules, the Plan or the Bankruptcy Court.  The Allowed Amount of any Other Claim which is not Filed by the applicable Claims Bar Date, is not listed on the Group III: Voluntary Debtors' Schedules or is listed as disputed, unliquidated,

-4-

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

contingent or unknown, and is not allowed under the terms of this Plan shall be zero, and no Distribution shall be made on account of any such Claim; and

            C.    with respect to any Interest, (i) the amount provided by or established in the records of the Group III: Voluntary Debtors at the Confirmation Date, provided, however, that a timely filed proof of Interest shall supersede any listing of such Interest on the records of the Group III: Voluntary Debtors; or (ii) the amount stated in a proof of Interest Filed prior to the Confirmation Date if no objection to such Interest was filed prior to the Confirmation Date or such later date as the Bankruptcy Court allows; or (iii) the amount of such Interest as fixed by a Final Order of the Bankruptcy Court.

        2.1.7    Allowed Claim.  Except as otherwise provided in the Plan(s) (including with respect to those Classes for which the amount of the Allowed Claims is specified by the Plan), a Claim to the extent (and only to the extent) of the Allowed Amount of such Claim.

        2.1.8    Allowed Interest.  Any Interest to the extent, and only to the extent, of the Allowed Amount of such Interest.

        2.1.9    Allowed Secured Claims.  All or a portion of a Secured Claim that is an Allowed Claim against the applicable Group III: Voluntary Debtor.

        2.1.10    Allowed Unsecured Claim. All or a portion of an Unsecured Claim that is an Allowed Claim against the applicable Group III: Voluntary Debtor.

        2.1.11    Assets.  All assets that are property of the Debtor(s) pursuant to Bankruptcy Code Section 541.

        2.1.12    Arch.  Arch Insurance Company, a Bond Issuer.

        2.1.13    Available Cash.  Each Group III: Voluntary Debtors' Cash deposited into the applicable Distribution Account(s) on or after the Effective Date that is available for making Distributions under the Plan to Holders of Allowed Administrative, Priority, and General Unsecured Claims.  The Available Cash shall consist of the respective Group III: Voluntary Debtors' cash on hand as of the Effective Date that is not subject to a Disputed Lien, proceeds of Net Litigation Recoveries that are not subject to a Disputed Lien, Net Sales Proceeds that become Available Cash upon the disallowance of a Disputed Claim or avoidance of a Disputed Lien

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

purportedly encumbering such Cash.  All Available Cash shall be deposited into the applicable Distribution Account(s).  Available Cash shall not include Net Sale Proceeds in the Net Sales Proceeds Account where the Disputed Secured Claims are Allowed but subject to an equitable subordination judgment.

2.1.14    Avoidance Actions.  All Claims and defenses to Claims accruing to the Group III: Voluntary Debtors and their Estates under Bankruptcy Code Sections 506(d), 510(c), 541, 544, 545, 547, 548, 549, 550, or 551.

2.1.15    Bankruptcy Code.  The United States Bankruptcy Code.

2.1.16    Bankruptcy Court.  The United States Bankruptcy Court for the Central District of California, having jurisdiction over the Cases and, to the extent of any withdrawal of the reference made pursuant to Section 157 of title 28 of the United States Code, the United States District Court for the Central District of California; or, in the event such courts cease to exercise jurisdiction over the Cases, such court or unit thereof that exercises jurisdiction over the Cases in lieu thereof.

2.1.17    Bankruptcy Rules.  Collectively, as now in effect or hereafter amended and as applicable to the Cases, (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local Bankruptcy Rules and General Orders applicable to cases pending before the Bankruptcy Court.

2.1.18    Beneficial Interests. Collectively, the interests of the holders of Allowed Unsecured Claims in the Plan Trust and in all Distributions to be made by the Plan Trust on account of Allowed Unsecured Claims with respect to the applicable Group III: Voluntary Debtor. The Beneficial Interests (a) shall be noted in the books and records of the Plan Trust, (b) shall not be evidenced by a writing, and (c) may not be transferred, sold, assigned or transferred by will, intestate succession or operation of law without written notification to the Plan Trustee confirming and acknowledging the transfer by both the holder and the transferee.

2.1.19    Bond Claim(s).  Any Claim against the Debtor(s) and a Bond Issuer under various payment or performance bonds, and/or any claims of Bond Issuer(s) against the Debtor(s) under various payment or performance bonds.

2.1.20    Bond Claimant.  Holder(s) of a Bond Claim.

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

2.1.21    Bond Indemnification Claim.  All Claims by Bond Safeguard, Lexon, and Arch for indemnification for payment by Bond Safeguard, Lexon and Arch of Bond Claims with respect to the Group III: Voluntary Debtors' Projects.

2.1.22    Bond Indemnitors.  The individuals and entities that are allegedly liable on the Bond Indemnification Claims, including, allegedly, all of the Debtors, Acquisitions, all Affiliates of Acquisitions, and Elieff.

2.1.23    Bond Issuer(s).  Bond Safeguard, Lexon and Arch in their capacities as issuers and sureties for payment and performance bonds for the benefit of certain of the Debtors.

2.1.24    Bond Safeguard.  Bond Safeguard Insurance Company, a Bond Issuer.

2.1.25    Business Day.  Any day, other than a Saturday, a Sunday or a "legal holiday," as defined in Bankruptcy Rule 9006(a).

2.1.26    Cases.  The Chapter 11 cases of the Group III: Voluntary Debtors pending before the Bankruptcy Court.

2.1.27    Cash.  Currency of the United States of America and cash equivalents, including, but not limited to, bank deposits, immediately available or cleared checks, drafts, wire transfers and other similar forms of payment.

2.1.28    CFD Bonds.  Community facilities district bonds issued by a governmental entity.

2.1.29    Claim.  This term shall have the broadest possible meaning under Section 101(5) of the Bankruptcy Code, and shall include (a) any right to payment from any of the Group III: Voluntary Debtors, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from any of the Group III: Voluntary Debtors, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.1.30    Claims Bar Date.  For any Claim other than the exceptions noted below, March 31, 2009, which was established by the Bankruptcy Court as the last date for creditors to

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

file Proof of Claims with the Bankruptcy Court in all of the Group III: Voluntary Debtors' Cases, except for the following: (a) Administrative Claims, for which the Administrative Claims Bar Date shall apply, (b) claims arising from rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, for which the last day to file a proof of claim is (i) 30 days after the date of entry of the order authorizing the rejection, or (ii) March 31, 2009, whichever is later, (c) claims of "governmental units," as that term is defined in 11 U.S.C. § 101(27), for which proofs of claim are timely filed if filed: (i) before 180 days after the date of the Order for Relief in this case, or (ii) by March 31, 2009, whichever is later (11 U.S.C. § 502(b)(9)), and (d) claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a proof of claim is 30 days after the entry of judgment avoiding the transfer or March 31, 2009, whichever is later.

2.1.31    <u>Claims Objection Deadline</u>.  The later of (i) the first business day following the one hundred and eightieth (180th) day after the Effective Date, or (ii) such greater period of limitation as may be fixed or extended by the Bankruptcy Court or by agreement between the Plan Trustee and the Holder of the Claim.

2.1.32    <u>Claim Objection Reduction Amount</u>. The amount of Net Sales Proceeds that is made available to the holders of Allowed Unsecured Claims due to the entry of a judgment or order on a Lehman Claim Objection that disallows, reduces, or otherwise adversely modifies the secured claims filed by the Lehman Lenders.

2.1.33    <u>Class</u>.  Each group of Claims or Interests classified in Article IV of the applicable Group III: Voluntary Debtor's Plan pursuant to Sections 1122 and 1123 of the Bankruptcy Code.

2.1.34    <u>Confirmation Date</u>.  The date on which the Confirmation Order is entered in the Bankruptcy Court's docket with respect to the applicable Group III Voluntary Debtor's Plan.

2.1.35    <u>Confirmation Order</u>.  The order entered by the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

2.1.36     <u>Contract Action</u>. The action filed by certain Voluntary Debtors against

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1  Lehman ALI, Inc., and certain other defendants, in California Superior Court for the County of

2  Orange (Case No. 30-2011-0040847-CU-BC-CJC), that was removed to the bankruptcy court as

3  Adv. No. 8:11-ap-01212-ES, with a reservation of rights to add the Plan Trustee and/or the

4  Trustee Debtors (or their successors) as additional plaintiffs therein.

5      2.1.37   <u>Creditor</u>.  Any Person who is the Holder of a Claim against any Group III:

6  Voluntary Debtor that arose or accrued or is deemed to have arisen or accrued or to have matured,

7  or otherwise become due, owing, and payable on or before the Petition Date, including, without

8  limitation, Claims of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy

9  Code.

10      2.1.38   <u>Debtor(s)</u>.  Individually or collectively, the Voluntary Debtors and the

11  Trustee Debtors, as specifically defined in Exhibit "1" attached to the Disclosure Statement.

12      2.1.39   <u>Debtor(s)-in-Possession</u>.  The Voluntary Debtor(s) in their capacity as

13  representatives of their respective Estates in their respective Chapter 11 Cases.

14      2.1.40   <u>Del Rio</u>.  North Orange Del Rio Land, LLC, a limited liability company, a

15  Group III: Voluntary Debtor.

16      2.1.41   <u>Del Rio Assets</u>.  All Assets of Del Rio, including but not limited to cash

17  on hand, Litigation Claims, potential claims of Del Rio pursuant to the Acquisition Agreement,

18  and the Net Del Rio CFD Bonds Proceeds.

19      2.1.42   <u>Del Rio Break-Up Fee</u>.  The amount equal to 2.5% of the Minimum Sales

20  Price for the Del Rio Assets that will be paid to the Stalking Horse Bidder that submits the

21  Opening Bid for the Del Rio Assets, if such Stalking Horse Bidder is not the Winning Bidder.

22      2.1.43   <u>Del Rio CFD Bonds</u>.  The Communities Facilities District Bonds

23  described in Exhibit "1."

24      2.1.44   <u>Diamond Valley</u>.  Diamond Valley Land LLC, a Delaware limited liability

25  company, or its designee.  Diamond Valley shall be the Stalking Horse Bidder as to the SCC

26  Communities Project and the Tesoro Project, based upon the occurrence of certain condition set

27  forth in Section 2.1.45 below.  Diamond Valley is indirectly owned by Stephan Elieff.  Stephan

28  Elieff is the brother of Bruce Elieff

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    2.1.45    Diamond Valley Purchase Offer.  The Diamond Valley Purchase offer is

2    for the Group III Voluntary Projects and is subject to two conditions: The sales of the SCC

3    Communities Project and the Tesoro Project are conditioned upon the disallowance of Lehman

4    ALI's or such other secured creditors' credit bid rights.  The Diamond Valley Purchase Offer is

5    also conditioned upon appropriate findings of the Court establishing that Diamond Valley is

6    entitled to the protection afforded by Bankruptcy Code Section 363(m) in connection with the

7    negotiation, execution, delivery, and consummation of the sale(s).

8    2.1.44  2.1.46  Disclosure Statement.  The document accompanying the applicable

9    Group III: Voluntary Debtor's Plan that is entitled "Third Amended Disclosure Statement

10   Describing Third Amended Chapter 11 Plans Filed by Sun Cal Plan Proponents In The Chapter 11

11   Cases Of SCC Communities LLC, North Orange Del Rio Land, LLC and Tesoro SF LLC," and

12   with all accompanying exhibits.

13   2.1.45  2.1.47  Disputed Claim(s).  All or any part of Claims asserted against an

14   applicable Group III Voluntary Debtor(s)' Claim other than any Allowed Amount thereof as to

15   which any one of the following applies: (i) no Proof of Claim has been filed with respect to such

16   Claim, and either (a) the Claim is not listed in the Schedules; or (b) the Claim is listed in the

17   Schedules as unliquidated, disputed, contingent, unknown or in a zero amount, (ii) the Claim is the

18   subject of (a) an unresolved Litigation Claim; (b) the Claim is subject to offset by a Litigation

19   Claim; (c) a timely objection to such Claim that has not been resolved by a Final Order; or (d) a

20   request for estimation in accordance with the Bankruptcy Code, the Bankruptcy Rules, any

21   applicable order of the Bankruptcy Court, or the applicable Plan(s) which is Filed on or before the

22   Claims Objection Deadline, which Adversary Proceeding, objection, or request for estimation has

23   not been dismissed, withdrawn or determined by a Final Order; or (iii) the Claim is otherwise

24   treated as a "Disputed Claim" pursuant to the Plan.

25   2.1.46  2.1.48  Disputed Interim Loan Agreement.  A certain Loan Agreement,

26   dated as of October 31, 2007, by and between SCC LLC, as borrower and Lehman ALI, as lender,

27   pursuant to which Lehman ALI allegedly made a loan in the maximum aggregate amount of

28   approximately $20 million.  The Disputed Interim Loan Agreement has an alleged balance due of

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

$23,795,012.59 as of March 30, 2009.  The alleged obligation under the Disputed Interim Loan

Agreement is purportedly secured by (a) an alleged first-priority deed of trust on the Joshua Ridge

Project; (b) an alleged first-priority deed of trust on the Tesoro Project; and (c) an alleged first-

priority lien on the Net Del Rio CFD Bonds Proceeds to secure a purported guaranty of SCC

LLC's purported obligation.

2.1.47  2.1.49  Disputed Lien(s).  An asserted lien(s) against Assets of the Group

III: Voluntary Debtor(s) that is either subject to a Disputed Secured Claim, not duly perfected,

subject to an Avoidance Action, or subject to an action pursuant to Bankruptcy Code

Sections 510(c)(2) and/or 506(d).  However, pursuant to Section 506(d)(2), a lien is not disputed

merely because it secures a claim that "is not an allowed secured claim due only to the failure of

any entity to file a proof of such claim under section 501 of this title."

2.1.48  2.1.50  Disputed Secured Claim(s). That part of a Disputed Claim against

the Group III: Voluntary Debtors that is a Secured Claim.

2.1.49  2.1.51  Distribution(s).  Payments to Holders of Allowed Claims provided

for under the applicable Plan for the Group III: Voluntary Debtors.

2.1.50  2.1.52  Distribution Agent.  The entity that is responsible for making

Distributions under the Group III: Voluntary Debtors' Plans, which shall be Acquisitions.

2.1.51  2.1.53           Distribution Account(s).  Separate account(s) to be

established by the Plan Trustee at an FDIC insured bank into which each Group III: Voluntary

Debtor's Available Cash shall be deposited and all Available Cash received by the Plan Trust after

the Confirmation Date that would have belonged to such Group III: Voluntary Debtor shall be

deposited, other than Net Sales Proceeds that are subject to Disputed Claims and Disputed Liens.

2.1.52  2.1.54  Distribution Date.  With respect to any Allowed Claim or Allowed

Interest, the date on which a Distribution is required to be made under the applicable Group III:

Voluntary Debtor's Plan.

2.1.53  2.1.55  Effective Date.  A date selected by the SunCal Plan Proponents that

is not later than the thirtieth (30th) calendar day after the Confirmation Date of the applicable

Group III: Voluntary Debtor's Plan, and provided there is no stay pending appeal of the

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v1-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    Confirmation Order, in which case the Effective Date shall be tolled until the dissolution of such

2    stay.  The Effective Date may be extended by the Bankruptcy Court after notice and hearing to all

3    parties in interest.

4         ~~2.1.54~~ 2.1.56  <u>Elieff</u>.  Bruce Elieff, the president of Acquisitions, a purported Bond

5    Indemnitor with alleged corresponding indemnity Claims against the Debtors.

6         ~~2.1.55~~ 2.1.57  <u>Estates</u>.  The bankruptcy estates of the Group III: Voluntary Debtors

7    created pursuant to Section 541 of the Bankruptcy Code.

8         ~~2.1.56~~ 2.1.58  <u>Fee Applications</u>.  Applications of Professional Persons under

9    Sections 330, 331 or 503 of the Bankruptcy Code for allowance of compensation and

10    reimbursement of expenses in the Group III: Voluntary Debtors' Cases.

11         ~~2.1.57~~ 2.1.59  <u>Fee Claim</u>.  A Claim under Sections 330 or 503 of the Bankruptcy

12    Code for allowance of compensation and reimbursement of expenses in the Group III: Voluntary

13    Debtors' Cases.

14         ~~2.1.58~~ 2.1.60  <u>Filed</u>.  Delivered to, received by and entered upon the legal docket

15    by the Clerk of the Bankruptcy Court.  "File" shall have a correlative meaning.

16         ~~2.1.59~~ 2.1.61  <u>Final Order</u>.  A judgment, order, ruling or other decree issued and

17    entered by the Bankruptcy Court that has not been reversed, stayed, modified or amended.

18         ~~2.1.60~~ 2.1.62  <u>General Unsecured Claim</u>.  A Claim against a Group III: Voluntary

19    Debtor that is not (a) a Secured Claim, (b) an Administrative Claim, (c) a Tax Claim or (d) a

20    Priority Claim.

21         ~~2.1.61~~ 2.1.63  <u>Group III: Voluntary Assets</u>.  The SCC Communities Assets, the

22    Tesoro Assets and the Del Rio Assets.

23         ~~2.1.62~~ 2.1.64  <u>Group III: Voluntary Debtors</u>.  SCC Communities LLC, North

24    Orange Del Rio Land, LLC and Tesoro SF LLC

25         ~~2.1.63~~ 2.1.65  <u>Holder</u>.  The beneficial owner of any Claim or Interest against an

26    applicable Group III: Voluntary Debtor.

27         ~~2.1.64~~ 2.1.66  <u>Initial Overbid</u>. The Initial Overbid is the first Qualifying Bid after

28    the Opening Bid that is equal to or in excess of the Initial Overbid Amount.

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1      2.1.65    Initial Overbid Amount(s). In the case of SCC Communities

2  Assets Project, the Initial Overbid Amount is a sum that is not less than the sum of the Opening

3  Bid, the SCC Communities Break-Up Fee and ten thousand dollars ($10,000). In the case of the

4  Tesoro Assets Project, the Initial Overbid Amount is a sum that is not less than the sum of the

5  Opening Bid, the Tesoro Break-Up Fee and thirty thousand dollars ($30,000).  In the case of the

6  Del Rio Assets, the Initial Overbid Amount is a sum that is not less than the sum of the Opening

7  Bid, the Del Rio Break-Up Fee and one hundred thousand dollars ($100,000).  If Diamond Valley

8  or another Insider is the Stalking Horse Bidder, then there shall be no Break-up Fee.

9             2.1.67

10      2.1.66  2.1.68  Insider.  The term shall have the broadest meaning possible under

11  Section 101(31), including, but not limited to, a person in control of the applicable Group III:

12  Voluntary Debtor, Affiliates and Insiders of such Affiliates, including the Lehman Entities.

13      2.1.67  2.1.69  Interest.  Any equity security interest in any Group III: Voluntary

14  Debtor within the meaning, of Section 101(16) of the Bankruptcy Code, including, without

15  limitation, any equity ownership interest in any of the Group III: Voluntary Debtors, whether in

16  the form of common or preferred stock, stock options, warrants, partnership interests, or

17  membership interests.

18      2.1.70   Joshua Ridge Project.  The Project owned by SCC Communities, located

19  in the City of Victorville, California, as more particularly described herein.

20      2.1.68  2.1.71  Land Advisors.  Park Place Partners, Inc., a California corporation,

21  dba Land Advisors, the proposed real estate professional designated to manage the SunCal

22  Proponents' proposed sales under their applicable Plans.

23      2.1.69  2.1.72  LBHI.  Lehman Brothers Holdings, Inc., a Lehman Entity, the parent

24  company of Lehman ALI and LCPI, and a Chapter 11 debtor in a bankruptcy proceeding pending

25  in the Bankruptcy Court for the Southern District of New York.

26      2.1.70  2.1.73  LCPI.  Lehman Commercial Paper, Inc., a Chapter 11 debtor in a

27  bankruptcy proceeding pending in the Bankruptcy Court for the Southern District of New York.

28      2.1.71  2.1.74  Lehman Adversary Proceeding.  The Group III: Voluntary Debtors'

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    claims pending in the adversary proceeding against the Lehman Lenders and/or the Lehman

2    Successors asserting various causes of action including fraudulent inducement and fraudulent

3    conveyances in connection with the Disputed Interim Loan Agreement.

4           ~~2.1.72~~ 2.1.75  **Lehman ALI**.  Lehman ALI, Inc.

5           ~~2.1.73~~ 2.1.76  **Lehman Claim Objections**. The objections filed by the Debtors to the

6    claims filed by the Lehman Lenders that are based upon the Lehman Disputed Loans and the

7    Lehman Disputed Administrative Loans, including, but not limited to, the Lehman Recoupment

8    Objection and the Lehman 502(d) Objection.

9           ~~2.1.74~~ 2.1.77  **Lehman's Disputed Claim(s)**.  All of the Proofs of Secured Claims

10    filed by a Lehman Lender or a Lehman Successor in the Debtors' Chapter 11 Cases, including in

11    the Group III: Voluntary Debtors' Cases, arising from the Lehman Disputed Loans and the

12    Lehman Disputed Administrative Loans.

13           ~~2.1.75~~ 2.1.78  **Lehman's Disputed Lien(s)**.  All of the alleged liens relating to

14    Proofs of Secured Claims filed by a Lehman Lender or a Lehman Successor in the Debtor's

15    Chapter 11 Cases arising from the Lehman Disputed Loans.

16           ~~2.1.76~~ 2.1.79  **Lehman Disputed Loans**.  Collectively the following loans that are

17    the purported basis for the Lehman's Disputed Claims:  (a) SunCal Communities I Loan

18    Agreement; (b) Bickford Second Loan Agreement; (c) Ritter Ranch Loan Agreement; (d) SCC

19    Palmdale Loan; (e) Disputed Interim Loan Agreement; (f) SunCal Oak Knoll/SunCal Torrance

20    Loan Agreement; (g) SunCal Century City Loan Agreement; (h) SunCal PSV Loan Agreement;

21    (i) SunCal Delta Coves Loan Agreement; (j) SunCal Marblehead/SunCal Heartland Loan

22    Agreement; (k) Sun Cal Oak Valley Loan Agreement; (l) SunCal Northlake Loan Agreement; (m)

23    Pacific Point First Loan Agreement; (n) Pacific Point Second Loan Agreement, and (o) the

24    Lehman Disputed Administrative Loan.

25           ~~2.1.77~~ 2.1.80  **Lehman Entities**.  The Lehman Lenders, the Lehman Equity

26    Members and LBHI.

27           ~~2.1.78~~ 2.1.81  **Lehman Equity Members**.  Lehman Entities that own direct or

28    indirect membership Interests in all of the Trustee Debtors, except for SunCal Heartland and

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v1-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1  SunCal Marblehead.

2      ~~2.1.79~~ 2.1.82  **Lehman Lenders**.  Lehman ALI, LCPI, Northlake Holdings, and

3  OVC Holdings.

4      ~~2.1.80~~ 2.1.83  **Lehman Representatives**.  The individuals that controlled the

5  Lehman Entities.

6      ~~2.1.81~~ 2.1.84  **Lehman Successor(s)**.  Entities other than the Lehman Lenders that

7  either assert to be or are determined by the Bankruptcy Court to be the beneficial owner(s) of the

8  Lehman Disputed Loan(s), including, but not limited to Fenway Capital, Lehman Re and Danske

9  Bank.

10      ~~2.1.82~~ 2.1.85  **LitCo**  A Delaware limited liability company that will be formed for

11  the purpose of funding the LitCo Plan Loan.

12      ~~2.1.83~~ 2.1.86  **LitCo Plan Loan**.  A loan <u>and/or other security</u> that will be ~~made~~

13  <u>provided</u> by LitCo to the extent necessary to pay Allowed Priority Claims, Allowed

14  Administrative Claims and <u>to pay</u> Post Confirmation Expenses incurred by the Plan Trust, the Plan

15  Trustee and its professionals and to the Voluntary Debtors' Committee and its professionals if no

16  other source is available from the applicable Group III: Voluntary Debtor's Assets.

17      ~~2.1.84~~ 2.1.87  **Litigation Claims**.   Any and all interests of the Group III: Voluntary

18  Debtors in any and all Claims, rights, causes of action, and objections or defenses to Claims, liens,

19  rights, or causes of action which have been or may be commenced by the Group III: Voluntary

20  Debtor(s), , the Voluntary Debtors' Committee and/or the Plan Trust, as the case may be,

21  including, but not limited to, any (i) Avoidance Actions; (ii) for turnover of property to the Group

22  III: Voluntary Debtors' Estates and/or the Plan Trust; (iii) for the recovery of property or payment

23  of money that belongs to the Debtors' Estates or the Plan Trust; (iv) the right to compensation in

24  the form of damages, recoupment or setoff of the Debtors' Estates and/or the Plan Trust; (v) the

25  Lehman Adversary Proceeding; (vi) the Contract Action, (vii) Lehman Claim Objections (and

26  related Claim Objection Reduction Amount) and (viii) any and all other Claims against Lehman's

27  Disputed Claims and/or Disputed Liens referenced in the Plan or the Disclosure Statement.

28      ~~2.1.85~~ 2.1.88  **Litigation Recoveries**.  Any Cash or other property received by the

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    Chapter 11 Trustee, the Group III: Voluntary Debtors, the Voluntary Debtors' Committee and/or

2    the Plan Trust, as the case may be, from all or any portion of a Litigation Claim(s), including, but

3    not limited to, awards of damages, attorneys' fees and expenses, interest and punitive damages,

4    whether recovered by way of settlement, execution on judgment or otherwise.

5    2.1.86 2.1.89    **Maximum Distributions**.  A Distribution to a Holder of an

6    Allowed General Unsecured Claim against a Group III: Voluntary Debtor equal to one hundred

7    percent (100%) of the amount of the Holder's Allowed General Unsecured Claim plus interest at

8    the Legal Rate from and as of the Group III: Voluntary Debtor's Petition Date.

9    2.1.87 2.1.90    **MB Firm**.  Miller Barondess, LLP.

10    2.1.88 2.1.91    **Minimum Increment**.  The Minimum Increment is the

11    minimum bid after the Initial Overbid.  The Minimum Increment applicable to the sales of the

12    Group III: Voluntary Assets is as follows:  $50,000 with respect to the Del Rio Assets, $5,000 with

13    respect to the SCC Communities Assets and $15,000 with respect to the Tesoro Assets.

14    2.1.89 2.1.92    **Minimum Sale Price**. The minimum gross sale price that must be

15    paid for the SCC Communities Assets, the Tesoro Assets or the Del Rio Assets before such Assets

16    can be sold pursuant to the Group III: Voluntary Debtor(s)' Plans. Such prices are $150,000,

17    $650,00 and $6,000,000 respectively.

18    2.1.90 2.1.93    **Net Del Rio CFD Bonds Proceeds**.  The proceeds of the CFD Bonds

19    that were issued by City of Orange and authorized by Order of the Bankruptcy Court, described in

20    Exhibit "1" to the Disclosure Statement after payment of all Claims authorized under the

21    Acquisition Agreement.

22    2.1.91 2.1.94    **Net Litigation Recoveries**.  Litigation Recoveries less associated

23    Administrative Claims and Post-Confirmation Expenses incurred in connection with such

24    Litigation Recoveries.

25    2.1.92 2.1.95    **Net Sales Proceeds**.  The Cash generated from the sale(s) or

26    liquidation of the Group III: Voluntary Debtor(s)' Assets or the Plan Trust's Assets, less payment

27    of selling expenses, taxes,  and any associated Post-Confirmation Expenses and Administrative

28    Claims incurred in furtherance of such sales or liquidation of such Assets.

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    ~~2.1.93~~ 2.1.96  Net Sales Proceeds Account(s).  Separate account(s) that will be

2    established by the Plan Trustee at an FDIC insured bank into which all Net Sales Proceeds shall be

3    deposited from the sale of Assets that were allegedly encumbered by a Disputed Secured Claim(s)

4    and/or a Disputed Lien(s).  There shall be a separate Net Sales Proceeds Account for the Net Sale

5    Proceeds allegedly subject to each Disputed Secured Claim(s) and/or Disputed Lien(s), except

6    where there are two Disputed Liens on a single Project, in which case, there shall be a single

7    account for the proceeds generated from that Project.  The Disputed Secured Claim(s) and/or

8    Disputed Lien(s) shall attach to the corresponding Net Sales Proceeds Account(s) pending any

9    Final Order(s) of the Bankruptcy Court resolving the applicable Disputed Secured Claim(s) and/or

10   applicable Disputed Lien(s).  To the extent that a particular Disputed Claim is disallowed or a

11   particular Disputed Lien is avoided (other than transferred to the Estates pursuant to Bankruptcy

12   Code Section 510(c)(2)) or otherwise invalidated, such Net Sales Proceeds allegedly subject

13   thereto shall become Available Cash and shall be transferred to the applicable Distribution

14   Account(s).  To the extent that a particular Disputed Secured Claim and a Disputed Lien are

15   allowed and deemed valid but subject to the equitable subordination causes of action in the

16   Lehman Adversary Proceeding, the funds shall remain in the Net Sales Accounts pending a Final

17   Order on the equitable subordination causes of action in the Lehman Adversary Proceeding.

18   ~~2.1.94~~ 2.1.97  Opening Bid.  Opening Bid means the offer for one, or two or all

19   three of the Group III: Voluntary Assets, which is equal to the Minimum Sale Price(s) accepted by

20   the Debtor for either one, two or all of the Group III: Voluntary Assets as the case may be.

21   ~~2.1.95~~ 2.1.98  Orders for Relief Date.  The following are dates that orders for relief

22   were entered for each of the Trustee Debtors:

| | |
|---|---|
| SunCal Oak Valley | January 6, 2009 |
| SunCal Heartland | January 6, 2009 |
| SunCal Northlake | January 6, 2009 |
| SunCal Marblehead | January 6, 2009 |
| SunCal Century City | January 6, 2009 |
| SunCal PSV | January 6, 2009 |
| Delta Coves | January 6, 2009 |

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

| SunCal Torrance | January 6, 2009 |
| SunCal Oak Knoll | January 6, 2009 |

2.1.96 2.1.99        Person.  An individual, partnership, corporation, limited liability company, business trust, joint stock company, trust, unincorporated association, joint venture, governmental authority, governmental unit, committee or other entity of whatever nature.

2.1.97 2.1.100        Petition Dates.  The following are dates that each of the Voluntary Debtors filed their Voluntary Chapter 11 petitions or Creditors filed involuntary Chapter 11 petitions against the Trustee Debtors:

| Palmdale Hills | November 6, 2008 |
| SunCal Beaumont | November 6, 2008 |
| SCC Palmdale | November 7, 2008 |
| SunCal Johannson | November 7, 2008 |
| SunCal Summit Valley | November 7, 2008 |
| SunCal Emerald | November 7, 2008 |
| SunCal Bickford | November 7, 2008 |
| Acton Estates | November 7, 2008 |
| Seven Brothers | November 7, 2008 |
| SJD Partners. | November 7, 2008 |
| SJD Development | November 7, 2008 |
| Kirby Estates | November 7, 2008 |
| SunCal I | November 7, 2008 |
| SunCal III | November 7, 2008 |
| SCC Communities | November 19, 2008 |
| Del Rio | November 19, 2008 |
| Tesoro | November 19, 2008 |
| Delta Coves Ventures, LLC | November 14, 2008 |
| SunCal Heartland, LLC | November 12, 2008 |
| SunCal Marblehead, LLC | November 12, 2008 |
| LB-L-SunCal Northlake, LLC | November 12, 2008 |
| LB-L-SunCal Oak Valley, LLC | November 12, 2008 |
| SunCal Century City, LLC | November 14, 2008 |
| SunCal PSV, LLC | November 14, 2008 |
| SunCal Torrance Properties, LLC | November 14, 2008 |
| SunCal Oak Knoll, LLC | November 19, 2008 |

2.1.98 2.1.101        Plan(s).  The Third Amended Chapter 11 Plan(s) As Modified filed respectively by SCC Communities LLC, North Orange Del Rio Land, LLC and Tesoro SF LLC, in their capacities as debtors and debtors in possession, together with the Exhibits

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    thereto, as the same may be amended or modified from time to time in accordance with the Plan.

2    ~~2.1.99~~ 2.1.102    Plan Period. The respective Group III: Voluntary Debtor(s)

3    period(s) from the Effective Date to the Group III: Voluntary Debtor(s) Plan Termination Date.

4    ~~2.1.100~~ 2.1.103    Plan Termination Date. The fifth (5th) anniversary date of the

5    Effective Date for the Group III: Voluntary Debtor(s) Plan(s), unless the Group III: Voluntary

6    Debtor(s) Plan(s) elect an earlier date.

7    ~~2.1.101~~ 2.1.104    Plan Sponsor.  The entity that has committed to cause and/or

8    arrange the funding of certain specified obligations under the Group III: Voluntary Debtor(s)

9    Plan(s).  The Plan Sponsor is Acquisitions.

10    ~~2.1.102~~ 2.1.105    Plan Trust(s).  A liquidating trust to be established prior to or

11    on the Effective Date for the Group III: Voluntary Debtor(s) Plan(s), with Acquisitions as the Plan

12    Trustee and the Holders of Allowed Claims against the Group III: Voluntary Debtor(s) as the

13    beneficiaries. The purpose of the Group III: Voluntary Debtor(s) Plan Trust will be to liquidate the

14    Group III: Voluntary Assets (other than Assets that are excluded by the Plan Trustee on the

15    grounds that they lack value or would be difficult to administer) and to otherwise consummate the

16    Group III: Voluntary Debtor(s) Plan(s).

17    ~~2.1.103~~ 2.1.106    Plan Trustee. The Group III: Voluntary Debtor(s) Plan

18    Trustee under the Group III: Voluntary Debtor(s) Plan Trust is Acquisitions.

19    ~~2.1.104~~ 2.1.107    Plan Trust Beneficiaries. The Group III: Voluntary Debtor(s)

20    Plan Trust Beneficiaries are (i) the holders of Beneficial Interests, as of any point in time, and (ii)

21    holders of Allowed Claims that shall be satisfied from the Group III: Voluntary Debtor(s) Plan

22    Trust Assets in accordance with the terms of the Group III: Voluntary Debtor(s) Plan(s).

23    ~~2.1.105~~ 2.1.108    Plan Trust Assets. All assets within the Chapter 11 estates of

24    the Group III: Voluntary Debtors.

25    ~~2.1.106~~ 2.1.109    Post-Confirmation Expenses.  The fees and expenses

26    incurred by the Group III: Voluntary Debtor(s) Plan Trust, the Group III: Voluntary Debtor(s) Plan

27    Trustee and the Voluntary Debtors' Committee and their professionals following the Confirmation

28    Date (including the fees and costs of Professionals) for the purpose of otherwise consummating the

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

Group III: Voluntary Debtors' Plan(s) (i) prosecuting and liquidating the Litigation Claims; (ii) objecting to and resolving Disputed Claims and Disputed Liens; (iii) selling or otherwise liquidating the Plan Trust's Assets; (iv) effectuating Distributions under the Group III: Voluntary Debtors' Plan(s); and (v) otherwise consummating the Plan and closing the Group III: Voluntary Debtors' Chapter 11 Cases.

2.1.107 2.1.110    Priority Claim.  Any Claim, other than an Administrative Claim or a Tax Claim, to the extent entitled to priority under Section 507(a) of the Bankruptcy Code.

2.1.108 2.1.111    Pro Rata.  Proportionately, so that with respect to any Distribution in respect of any Allowed Claim, the ratio of (a)(i) the amount of property distributed on account of such Allowed Claim to (ii) the amount of such Allowed Claim, is the same as the ratio of (b)(i) the amount of property distributed on account of all Allowed Claims of the Class or Classes sharing in such Distribution to (ii) the amount of all Allowed Claims in such Class or Classes.

2.1.109 2.1.112    Professional.  A Person or Entity (a) employed by the Group III: Voluntary Debtors, the Voluntary Debtors' Committee pursuant to a Final Order in accordance with Sections 327 and 1103 of the Bankruptcy Code and to be compensated for services rendered prior to the Effective Date, pursuant to Sections 327, 328, 3291 330 and 331 of the Bankruptcy Code, or (b) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to Section 503(b) of the Bankruptcy Code.

2.1.110 2.1.113    Professional Fees.  All Allowed Claims for compensation and for reimbursement of expenses under Sections 328, 330 and/or 503(b) of the Bankruptcy Code

2.1.111 2.1.114    Projects.  The Debtors' residential real estate development projects and other assets as separately defined herein and described in Exhibit "1" to the Disclosure Statement.

2.1.112 2.1.115    Qualifying Bid.  Qualifying Bid means, with respect to any bid on a Group III: Voluntary Asset(s), a bid made by Qualifying Bidder that is A) equal to or in excess of the Initial Overbid Amount, unless it is the Initial Overbid, or B) in excess of the

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    immediately preceding Qualifying Bid by the Minimum Increment, if it is not the Initial Overbid.

2    2.1.113 2.1.116    Qualifying Bidder. Qualifying Bidder means a bidder who a)

3    has deposited the following sum(s) in an escrow designated by the SunCal Plan Proponents:

4    $150,000 with respect to the Del Rio Assets, $25,000 with respect to the Tesoro Assets and $7,500

5    with respect to the SCC Communities Assets; and b) who has provided the SunCal Plan

6    Proponents evidence confirming that such bidder has the financial means to acquire the applicable

7    Group III: Voluntary Assets that such bidder is seeking to acquire, and c) agreed that this sum will

8    be forfeited as liquidated damages if such bidder is the Winning Bidder and fails to perform.

9    2.1.114 2.1.117    Sale Period. For each Group III: Voluntary Debtors' Plan(s),

10    the Sale Period is the time period during which the SunCal Plan Proponents must consummate a

11    sale or liquidation of the Group III: Voluntary Assets. The Sales Period shall commence on the

12    Confirmation Date and shall expire on the thirtieth (30th) day after the Effective Date unless

13    extended by the Bankruptcy Court after notice and hearing.

14    2.1.115 2.1.118    SCC Communities. SCC Communities LLC, a limited

15    liability company, a Group III: Voluntary Debtor, and the owner of the SCC Communities Assets.

16    2.1.116 2.1.119    SCC Communities AssetsProject. All Assets of SCC

17    Communities, including but not limited to cash on hand, Litigation Claims, and tThe Joshua Ridge

18    Project described in Exhibit 1 of the Disclosure Statement.

19    2.1.117 2.1.120    SCC Communities Assets Break-Up Fee. Unless Diamond

20    Valley or another SunCal Insider is the Stalking Horse Bidder, the SCC Communities Break-up

21    Fee shall be in anThe amount equal to 2.5% of the Minimum Sales Price for the SCC Communities

22    Assets that will be paid to the Stalking Horse Bidder that submits the Opening Bid for the SCC

23    Communities AssetsProject, if such Stalking Horse Bidder is not the Winning Bidder. If Diamond

24    Valley or another SunCal Insider is the Stalking Horse Bidder, then there shall be no SCC

25    Communities Break-up Fee.

26    2.1.118 2.1.121    SCC LLC. SCC Acquisitions LLC, a limited liability

27    company, a subsidiary of Acquisitions and an indirect and/or a direct parent company of all of the

28    Debtors.

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

2.1.119 2.1.122    Schedules.  The schedules of assets and liabilities and list of equity security holders Filed by the Group III: Voluntary Debtors, as required by Section 521(1) of the Bankruptcy Code, Bankruptcy Rules 1007(a)(3) and (b)(1), and Official Bankruptcy Form No. 6, as amended from time to time.

2.1.120 2.1.123    Secured Claim.  A Claim secured by a lien on any property of any of the Group III: Voluntary Debtor(s) Estate(s), but only to the extent of the value of the interest of the holder of such Allowed Claim in the interest of the Estate in such property.

2.1.121 2.1.124    Stalking Horse Bidder.  The Qualified Bidder who submits the Opening Bid on the applicable Group III: Voluntary Asset(s) that is accepted by such Debtor. As to the SCC Communities Project and the Tesoro Project, Diamond Valley shall be the Stalking Horse Bidder, provided the Court disallows the disputed credit bid rights of Lehman ALI.

2.1.122 2.1.125    Secured Claim.  Any Claim, including interest, fees, costs, and charges to the extent allowable pursuant to Bankruptcy Code Section 506, that is secured by a valid and unavoidable Lien on the Group III: Voluntary Debtor(s)' Assets.

2.1.123 2.1.126    SunCal.  The SunCal Companies, a trade name for Acquisitions and its Affiliates.

2.1.124 2.1.127    SunCal Management.  SunCal Management, LLC, a Delaware limited liability company, and the former property manager for the Projects, which has been succeeded by Argent Management.

2.1.125 2.1.128    SunCal Plan Proponents.  The Group III: Voluntary Debtors, in their capacity as debtors and debtors in possession in their respective Chapter 11 cases, and Acquisitions as a creditor and party-in-interest, that are proposing the Plans.

2.1.126 2.1.129    Tax.  Any tax, charge, fee, levy, impost or other assessment by any federal, state, local or foreign taxing authority, including, without limitation, income, excise, property, sales, transfer, employment, payroll, franchise, profits, license, use, ad valorem, estimated, severance, stamp, occupation and withholding tax.  "Tax" shall include any interest or additions attributable to, or imposed on or with respect to such assessments.

2.1.127 2.1.130    Tax Claim.  Any Claim for any Tax to the extent that it is

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

2         2.1.128 2.1.131    Tesoro.  Tesoro SF, LLC, a limited liability company, a

3    Group III: Voluntary Debtor, and the owner of the Tesoro Assets.

4         2.1.129 2.1.132    Tesoro Assets.  All Assets owned by Tesoro, including but

5    not limited to cash on hand, Litigation Claims, and the Tesoro Project.

6         2.1.130 2.1.133    Tesoro Break-up Fee.  Unless Diamond Valley or another

7    SunCal Insider is the Stalking Horse Bidder, the Tesoro Break-up Fee shall be in an The amount

8    equal to 2.5% of the Minimum Sales Price for the Tesoro Assets that will be paid to the Stalking

9    Horse Bidder that submits the Opening Bid for the Tesoro Assets, if such Stalking Horse Bidder is

10    not the Winning Bidder.  If Diamond Valley or another SunCal Insider is the Stalking Horse

11    Bidder, then there shall be no Tesoro Break-up Fee.

12         2.1.131 2.1.134    Tesoro Project.  The Project owned by Tesoro, located in the

13    City of Santa Clarita, California, as more particularly described in Exhibit 1 to the Disclosure

14    Statement herein.

15         2.1.132 2.1.135    Trustee Debtor(s). The following Debtors, individually or

16    collectively, that are represented by the Chapter 11 Trustee: Delta Coves, SunCal Heartland,

17    SunCal Marblehead, SunCal Northlake, SunCal Oak Valley, SunCal Century City, SunCal PSV,

18    SunCal Torrance, and SunCal Oak Knoll.

19         2.1.133 2.1.136    Unpaid Secured Real Property Tax Claims.  Secured Claims

20    held by various government entities secured by liens on the underlying real properties owned by

21    the Group III: Voluntary Debtor(s) but that are non-recourse to the Debtors.

22         2.1.134 2.1.137    Unsecured Claim. An Unsecured Claim is any Claim that is

23    not an Administrative Claim, Tax Claim, Secured Claim, or Priority Claim.

24         2.1.135 2.1.138    Voluntary Debtor(s).  The following  Chapter 11 debtors and

25    debtors-in-possession, individually or collectively, Palmdale Hills, SunCal I, SunCal III, SCC

26    Palmdale, Acton Estates, SunCal Beaumont, SunCal Emerald, SunCal Johansson, SunCal

27    Bickford, SunCal Summit, Seven Brothers, Kirby Estates, SJD Partners, SJD Development, SCC

28    Communities, Del Rio and Tesoro.

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    ~~2.1.136~~ 2.1.139    <u>Voluntary Debtors' Committee</u>.  The Official Committee of

2    Unsecured Creditors of the Voluntary Debtors appointed in the Cases pursuant to Section 1102 of

3    the Bankruptcy Code.

4    ~~2.1.137~~ 2.1.140    <u>Winning Bid</u>. The highest and best Qualifying Bid received

5    for the Group III: Voluntary Asset(s) and accepted by the Applicable Debtor.

6    ~~2.1.138~~ 2.1.141    <u>Winning Bidder</u>.  The party that submits the highest and best

7    Qualifying Bid that is accepted by the applicable Debtor.

8    **2.2**    **<u>Rules of Construction</u>.**

9    For purposes of the applicable Plan(s) and the Disclosure Statement, unless otherwise

10   provided herein or in the applicable Plan(s), (a) whenever from the context it is appropriate, each

11   term, whether stated in the singular or the plural, will include both the singular and the plural; (b)

12   each pronoun stated in the masculine, feminine or neuter includes the masculine, feminine and

13   neuter; (c) any reference in the applicable Plan(s) or the Disclosure Statement to an existing

14   document or schedule filed or to be filed means such document or schedule, as it may have been or

15   may be amended, modified or supplemented pursuant to the applicable Plan(s); (d) any reference

16   to an entity as a Holder of a Claim or Interest includes that entity's successors and assigns; (e)

17   except as otherwise indicated herein all references in the Group III: Voluntary Debtors Plan(s) or

18   the Disclosure Statement to Sections, Articles and Exhibits are references to Sections, Articles and

19   Exhibits of or to the applicable Plan(s); (f) the words "therein," "thereunder" and "thereto" refer to

20   the applicable Plan(s) in its entirety rather than to a particular portion of the applicable Plan(s);

21   and (g) unless otherwise provided in the applicable Plan(s) or the Disclosure Statement, any

22   reference in the Plan(s) or the applicable Disclosure Statement to a contract, instrument, release,

23   indenture, agreement, or other document being in a particular form or on particular terms and

24   conditions means that such document shall be substantially and materially in such form or

25   substantially and materially on such terms and conditions; (h) any reference in the applicable

26   Plan(s) or the Disclosure Statement to a document, schedule, or exhibit to the applicable Plan(s) or

27   Disclosure Statement Filed or to be Filed means such document, schedule, or exhibit, as it may

28   have been or may be amended, modified, or supplemented; and (i) the rules of construction set

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III-VD_Plan.DOC

1    forth in Section 102 of the Bankruptcy Code shall apply to the extent such rules are not

2    inconsistent with the express terms of the applicable Plan(s) or the Disclosure Statement or any

3    other provision in this Section 2.2.

4        **2.3    Exhibits.**

5        All Exhibits to the Plan are incorporated into and are a part of the Plan as if set forth in full

6    therein.

7

8                                       **III.**

9                      **TREATMENT OF UNCLASSIFIED CLAIMS**

10       **3.1    Introduction**.

11       As required by the Bankruptcy Code, the Group III: Voluntary Debtors Plan(s) place

12   Claims and Interests into various Classes according to their right to priority.  However, certain

13   types of Claims are not classified in any Classes under the Group III: Voluntary Debtors Plan(s).

14   These Claims are deemed "unclassified" under the provisions of the Code.  They are not

15   considered impaired and they do not vote on the Group III: Voluntary Debtors Plan(s), because

16   they are automatically entitled to specific treatment provided for them in the Code.  As such, the

17   SunCal Plan Proponents have not placed the following Claims in a Class.  The treatment of these

18   unclassified Claims is as provided below.

19       **3.2    Repayment of Allowed Administrative Claims Assuming the Applicable**

20   **Lehman Disputed Loans Have Not Been Resolved.**

21       The Code requires that all Allowed Administrative Claims be paid on the later of Effective

22   Date of the Plan(s) or the date of their allowance, unless a particular Holder agrees to a different

23   treatment.  The treatment of Allowed Administrative Claims is as described below.  However,

24   such Administrative Claims are continuing to be incurred.  The Allowed Administrative Claims

25   shall be paid from the applicable Distribution Account(s) pursuant to the LitCo Plan Loan.

26       **3.~~2~~3    Treatment of Allowed Administrative Claims Assuming Disallowance of the**

27   **Applicable Lehman Disputed Loans and The Avoidance of the Applicable Lehman Liens.**

28

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    The Code requires that all Allowed Administrative Claims be paid on the later of Effective

2    Date of the Plan(s) or the date of their allowance, unless a particular Holder agrees to a different

3    treatment.  The treatment of Allowed Administrative Claims is as described below.  However,

4    such Administrative Claims are continuing to be incurred.

5    Except to the extent that the Holder of an Allowed Administrative Claim agrees to a

6    different treatment and subject to the Administrative Claims Bar Date set forth herein, the

7    ~~Distribution Agent~~Plan Trustee shall pay each Allowed Administrative Claim in full, in Cash, on

8    the later of (i) the Effective Date from the closing of the sale of the applicable Project, (ii) within

9    ten (10) Business Days after the date any disputed~~such~~ Administrative Claim becomes an Allowed

10   Administrative Claim, or (iii) the date such Allowed Administrative Claim becomes due according

11   to its terms. From the closing of a sale of the applicable Project, the Plan Trustee shall establish a

12   reserve for Disputed Administrative Claims and Administrative Claims that are to become due

13   according to its terms in the foreseeable future.  Notwithstanding the foregoing, any Allowed

14   Administrative Claim representing obligations incurred in the ordinary course of post-petition

15   business by the Debtors in Possession (including without limitation post-petition trade obligations

16   and routine post-petition payroll obligations) shall be paid in full or performed by the Plan Trustee

17   in the ordinary course of business, in accordance with the terms of the particular obligation.

18   **3.~~3~~4    Administrative Claims Bar Date.**

19   All applications for final compensation of Professionals for services rendered and for

20   reimbursement of expenses incurred on or before the Effective Date and all other requests for

21   payment of Administrative Claims incurred before the Effective Date under Sections 507(a)(2)

22   or 507(b) of the Bankruptcy Code (except only for (i) post-petition, ordinary course trade

23   obligations and routine post-petition payroll obligations incurred in the ordinary course of the

24   Group III: Voluntary Debtor(s)' post-petition business, for which no bar date shall apply, and (ii)

25   post-petition tax obligations, for which no bar date shall apply) shall be Filed with the Bankruptcy

26   Court and served upon the Plan Trustee no later than the Administrative Claims Bar Date, unless

27   such date is extended by the Bankruptcy Court after notice to the Plan Trustee.  Any such request

28   for payment of an Administrative Claim that is subject to the General Administrative Claims Bar

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

Date and that is not Filed and served on or before the Administrative Claims Bar Date shall be forever barred; any party that seeks payment of Administrative Claims that (i) is required to file a request for payment of such Administrative Claims and (ii) does not file such a request by the deadline established herein shall be forever barred from asserting such Administrative Claims against the Group III: Voluntary Debtor(s), the Plan Trust, their estates, or any of their property.

### 3.45    Treatment of Unsecured Tax Claims.

Tax Claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8).  The Code requires that each holder of such a Section 507(a)(8) tax claim receive the present value of such Claim in deferred cash payments, over a period not exceeding five (5) years from the petition date and that such treatment not be less favorable than the treatment accorded to non priority unsecured creditors.

At the election of the Plan Trustee, the Holder of each Allowed Priority Tax Claim shall be entitled to receive, on account of such Claim, (i) equal cash payments on the last Business Day of each three-month period following the Effective Date, during a period not to exceed five years after November 6, 2008, totaling the principal amount of such Claim plus simple interest on any unpaid balance from the Effective Date, calculated at the interest rate available on ninety (90) day United States Treasuries on the Effective Date, (ii) such other treatment agreed to by the Holder of the Allowed Priority Tax Claim and the Plan Trustee, provided such treatment is on more favorable terms to the Group III: Voluntary Debtor(s) (or the Plan Trust after the Effective Date) than the treatment set forth in clause (i) hereof, or (iii) payment of the full Allowed Priority Tax Claim in Cash.

### 3.6    The Surety Bonds.

The Bond Companies assert that Surety Bonds were executed on behalf of certain Debtors as a principal for its respective Project.  Such Surety Bonds will not and cannot be transferred to the Winning Bidder(s), and such Surety Bonds will not apply to the Winning Bidders.  The sale of each Property is subject to applicable state and local development requirements, including the duty to obtain performance and other surety bonds, to construct infrastructure improvements, and any other related development responsibilities, where and if applicable.  If it is necessary or

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group-III_VD_Plan.DOC

1 | appropriate for the Winning Bidder(s) to obtain Surety Bonds, then the Winning Bidder(s) will

2 | have to obtain new Surety Bonds from the Bond Companies, or another surety.

3

**IV**.

4

**CLASSIFICATION OF CLAIMS AND INTERESTS**

As required by the Code, the Plan(s) place Claims and Interests into various Classes according to their right to priority and other relative rights. Each of the Plan(s) specify whether each Class of Claims or Interests is impaired or unimpaired, and the Plan(s) set forth the treatment each Class will receive. The table below lists the Classes of Claims established under the Plan**(s)** and states whether each particular Class is impaired or left unimpaired by the Plan(s). A Class is "unimpaired" if the Plan(s) leave unaltered the legal, equitable and contractual rights to which the Holders of Claims or Interests in the Class are entitled, with certain exceptions specified in the Bankruptcy Code.

| CLASSIFICATION OF HOLDERS OF UNPAID SECURED REAL PROPERTY TAX CLAIMS AGAINST THE GROUP III: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 1** | **Claimant** | **Claim Nos.[2]** |
| Class 1.1 | Los Angeles County as the Holder of an Unpaid Secured Real Property Tax Claim against the Tesoro Project. | Tesoro No. 2<br><br>Estimated to be in the Amount of $103,085 as of March 1, 2011 But Ongoing |
| Class 1.2 | San Bernardino County as the Holder of an Unpaid Secured Real Property Tax Claim against the Joshua Ridge Project. | Estimated to be in the Amount of $47,163 <u>as of March 1, 2011 But Ongoing</u> |

| CLASSIFICATION OF LEHMAN'S DISPUTED CLAIMS AGAINST THE GROUP III: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 2** | **Claims** | **Claim Nos.** |

---

[2] These Real Property Tax Claims have been updated to include amounts for which proofs of claim have not yet been filed.

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

| CLASSIFICATION OF LEHMAN'S DISPUTED CLAIMS AGAINST THE GROUP III: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 2** | **Claims** | **Claim Nos.** |
| Class 2.1 | The Holder of Lehman's Disputed Claims filed by Lehman ALI against SCC Communities, arising from the Disputed Interim Loan Agreement | SCC Communities: No. 9, Disputed in the Amount of $23,795,012 |
| Class 2.2 | The Holder of Lehman's Disputed Claims filed by Lehman ALI against Tesoro arising from the Disputed Interim Loan Agreement | Tesoro No. 7, Disputed in the Amount of $23,795,012 |
| Class 2.3 | The Holder of Lehman's Disputed Claims filed by Lehman ALI against Del Rio arising from the Disputed Interim Loan Agreement | Del Rio No. 14, Disputed in the Amount of $23,795,012 |

| CLASSIFICATION OF PRIORITY UNSECURED CLAIMS AGAINST THE GROUP III: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 3** | **Claimant** | **Claim Nos.** |
| Class 3.1 | The Holder of Priority Claims that fall within Code Sections 507(a)(2), (4), (5), (6), and (7) in the asserted against SCC Communities. | Scheduled Claims in the Estimated Amount of $5,900.39 |
| Class 3.2 | The Holder of Priority Claims that fall within Code Sections 507(a)(4), (5), (6), and (7) in the asserted against Tesoro. | Scheduled Claims in the Estimated Amount of $15,812.25 |

| CLASSIFICATION OF GENERAL UNSECURED CLAIMS AGAINST THE GROUP III: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 4** | **Claimant** | **Claim Nos.** |
| Class 4.1 | Claimants holding Allowed Unsecured Claims against SCC Communities. | Various Filed and Scheduled Claims in the Estimated Amount of $32,813 |
| Class 4.2 | Claimants holding Allowed Unsecured Claims against Del Rio. | Various Filed and Scheduled Claims in the Estimated Amount of $2,015,019 |

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

| CLASSIFICATION OF GENERAL UNSECURED CLAIMS AGAINST THE GROUP III: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 4** | **Claimant** | **Claim Nos.** |
| Class 4.3 | Claimants holding Allowed Unsecured Claims against Tesoro. | Various Filed and Scheduled Claims in the Estimated Amount of $170,969 |

| CLASSIFICATION OF INTEREST HOLDERS AGAINST THE GROUP III: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 5** | **Claimant** | **Amount** |
| Class 5.1 | Allowed Interests in SCC Communities held by SCC LCC | 100% |
| Class 5.2 | Allowed Interests in Tesoro held by SCC LLC | 100% |
| Class 5.3 | Allowed Interests in Del Rio held by SCC LLC | 100% |

## V.

## THE PLAN(S)' TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

**5.1     The Plan(s)' Treatment of Holders of Allowed Secured Real Property Tax Claims Secured by Group III: Voluntary Assets Against Group III: Voluntary Debtors (Classes 1.1 and 1.2).**

The rights of the Holder(s)' of Allowed Secured Claims in Classes 1.1 through 1.2 are impaired under the Plan and shall receive one of the following two treatments at the Plan Trustee's discretion based solely on the option of the Group III: Voluntary Debtor:

A.     Such Holders shall retain their existing lien rights and shall accrue interest as provided under applicable nonbankruptcy law pursuant to 11 U.S.C. § 506 and 511 and such Allowed Claims shall be satisfied in accordance with the provision of 11 U.S.C. § 1124(2) from the sale of the Group III: Voluntary Projects during the Sales Period; or

B.     Such Holders shall retain their existing lien rights and shall accrue interest as provided under applicable nonbankruptcy law pursuant to 11 U.S.C. § 506 and 511 and California Revenue and Taxation Code Sections 4102 and 4103, and payment on such Allowed Claims shall be satisfied in regular installments over a period not more than sixty-one (601) months from the applicable Group III: Voluntary Debtor's Petition Date, but in

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

no case shall payment be made later than payment of Allowed Class 4.1 to 4.3 Claims, respectively.

**5.2     The Plan(s)' Treatment of Lehman's Disputed Claim(s) and Disputed Lien(s) Against Group III: Voluntary Debtors (Classes 2.1 through 2.3).**

The Holder of Disputed Secured Claims within Classes 2.1, 2.2 and 2.3 shall receive the indubitable equivalent of their Disputed claims under the Plan(s), pursuant to 11 U.S.C. § 1129(b)(2)(A)(iii), through the following treatment:

A.     <u>Lien Rights</u>. The Class 2.1, 2.2 and 2.3 Holder shall retain their alleged interest, if any, in the Disputed Lien(s) against Plan Trust Assets that secure the Disputed Secured Claims, pending a Final Order(s) resolving the Allowance of such Disputed Secured Claims and determining the validity, priority and extent of the applicable Disputed Liens against the applicable Plan Trust Assets, which secure these claims, except as follows:

1.     The Plan Trust Assets subject to the Class 2.1, 2,2 and 2.3 Disputed Liens may be sold free and clear of such liens on the Effective Date, without the right to credit bid under Section 363(k) with respect to Disputed Claims and Disputed Liens.  These Disputed Liens shall then attach to the Net Sales Proceeds from the sale, which shall be deposited into the Net Sales Proceeds Account, pending a resolution of such Disputed Secured Claims and Disputed Liens;

2.     To the extent that a Disputed Secured Claim held by any Class 2.1, 2,2 and 2.3 Claimant against a Group III: Voluntary Asset(s) is disallowed, and the Disputed Lien associated with this Disputed Secured Claim is consequently released to the extent of this disallowance, the Plan Trustee shall be authorized to use the Net Sales Proceeds that are no longer subject to the Disputed Lien(s) or entitled to priority over the Disputed Lien(s)  to pay other Allowed Claims in their order of priority, in accordance with the terms of the Group III: Voluntary Debtors Plan(s);

3.     To the extent that a Disputed Secured Claim held by any Class 2.1, 2.2 and 2.3 Claimant and the associated Disputed Lien(s) against a Group III: Voluntary Asset(s)

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    are subordinated, the Plan Trustee shall be authorized to use to the Net Sales Proceeds that are no

2    longer subject to the Disputed Lien(s) to pay other Allowed Claims in their order of priority, in

3    accordance with the terms of the Group III: Voluntary Debtors Plan(s), to the extent of the

4    subordination; and

5            Notwithstanding the existence of the Disputed Secured Claims and the

6    Disputed Liens, the Plan Trustee may a seek a release of the funds in the Net Sales Proceeds

7    Account subject to these claims and liens to pay the claims of other creditors in accordance with

8    the terms of the applicable Plan(s), if the Class 2.1, 2.2 and 2.3 Claimant's interests in this

9    property shall remain adequately protected after this release.

10            B.    Distributions To The Class 2.1 Claimant. If the Plan Trustee consummates a

11    sale or otherwise liquidates the particular Asset(s) subject to the Class 2.1 Disputed Secured

12    Claim(s) and/or Disputed Lien(s) during the Sales Period, as provided for above, the Holder(s) of

13    such Disputed Secured Claim shall receive a Distribution to the extent of available funds from the

14    applicable Net Sale Proceeds Account(s) to the extent required by an entered Order of the Court,

15    that is not subject to a stay pending appeal, determining the allowance and priority of the Disputed

16    Secured Claims and the validity, priority and extent of the Disputed Liens in, including but not

17    limited to, the Lehman Adversary Proceeding and the Lehman Claims Objections.

18            C.    Abandonment of Unsold Group III: Voluntary Assets. If for any reason the

19    Plan Trustee is unable to sell any of the Group III: Voluntary Assets during the Sales Period, they

20    will be abandoned as of 11:59 p.m. on the last day of the Sales Period, no payment shall be made

21    to Holders of Class 2.1 through 2.3 Claims, as the case may be, and such Holder(s) shall be free to

22    exercise any and all remedies that they may hold with respect to the Group III: Voluntary Assets

23    under applicable California law.

24    **5.3    The Plan(s)' Treatment of Holders of Priority Claims Against Group III:**

25            **Voluntary Debtors (Classes 3.1 to 3.2)**.

26        The treatment of the Holders of Allowed Priority Claims under the Group III: Voluntary

27    Debtors Plan(s) shall be as follows**:**

28            A.    The Holder(s) are unimpaired under the Group III: Voluntary Debtors

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1   Plan(s); and

2                  B.      The Holder(s) shall be paid either from the applicable Distribution

3   Account(s) (i) the full amount of such Allowed Priority Claim in Cash on the later of (x) the

4   Effective Date, (y) the date such Claim becomes an Allowed Priority Claim or (z) the date such

5   Allowed Priority Claim becomes payable in accordance with the terms governing such Allowed

6   Priority Claim, or (ii) upon such other less favorable terms as may be agreed to by such Holder

7   and the Plan Trustee.

8         **5.4**    **The Plan(s)' Treatment of Holders of Allowed General Unsecured Claims**

9                **Against Group III: Voluntary Debtors (Classes 4.1 to 4.3).**

10         The rights of Holders of Allowed Class 4.1 to 4.3 Claims are impaired under the applicable

11   Plan(s). Under the applicable Plan(s), each claimant shall receive, after payment in full of all Post-

12   Confirmation Expenses, Allowed Administrative Claims, and Allowed Priority Claims, a pro-rata

13   Distribution up to the Maximum Distribution of such Holder's Allowed Claim from funds payable

14   from the applicable Distribution Account(s).

15         **5.5**    **The Plan(s)' Treatment of Holders of Allowed Interests Against Group III:**

16                **Voluntary Debtors.**

17         The Interests of the Holders in Class 5.1 to 5.3 are impaired under the Plan(s). Any

18   potential Distribution to Holders of Allowed Interest against the Group III: Voluntary Debtors

19   shall be paid first, pro-rata to any unpaid Professional Fees in the Voluntary Debtors' cases

20   pursuant to orders[3] authorizing joint and several liability of the estate for post-petition professional

21   fees and expenses, and to repay Palmdale Hills for the individual loans made from "Alleged

22   Unencumbered Cash" to the Subject Voluntary Debtors pursuant to paragraph 2 of the Stipulations

23   entered as docket nos. 854, 1154, 1566, and 2102; second, to repay the LitCo Plan Loan, and third,

24   any remaining funds thereafter shall be paid pro-rata to Allowed Interests of the respective the

25   Group III: Voluntary Debtors.  ~~The Interests of the Holders in Class 5.1 to 5.3 are impaired under~~

26   ~~the Plan(s). Any potential Distribution to Holders of Allowed Interest against the Group III:~~

27   _____

28   [3] See Docket Nos. 12 (lead case), 14 (Tesoro), 14 (SCC Communities), and 15 (Del Rio).

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1  ~~Voluntary Debtor shall first be used to pay any deficit to Holders of Allowed General Unsecured~~

2  ~~Claims in the other Group III: Voluntary Debtors, and second to be used to fund Allowed~~

3  ~~Administrative Claims in the Voluntary Debtors' cases, and then to repay the LitCo Plan Loan.~~

**VI.**

**ACCEPTANCE OR REJECTION OF THE PLAN(S)**

**6.1    Introduction.**

PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OF THE PLAN(S) SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX.  The following discussion is intended solely for the purpose of alerting readers about basic confirmation issues, which they may wish to consider, as well as certain deadlines for filing Claims.  The Debtors cannot represent that the discussion contained below is a complete summary of the law on this topic.

Many requirements must be met before the Court can confirm the respective Group III: Voluntary Debtor's Plan(s).  Some of the requirements include that the respective Group III: Voluntary Debtor's Plan(s) must be proposed in good faith, acceptance of the respective Group III: Voluntary Debtor's Plan(s), whether the respective Group III: Voluntary Debtor's Plan(s)pay creditors at least as much as creditors would receive in a Chapter 7 liquidation, and whether the respective Group III: Voluntary Debtor's Plan(s)are feasible.  The requirements described herein are <u>not</u> the only requirements for confirmation.

**6.2    Who May Object to Confirmation of the Plan(s).**

Any party in interest may object to the confirmation of the respective Group III: Voluntary Debtor's Plan(s), but as explained below not everyone is entitled to vote to accept or reject the respective Group III: Voluntary Debtor's Plan(s).

**6.3    Who May Vote to Accept/Reject the Plan(s).**

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    A Holder of a Claim or Interest has a right to vote for or against the respective Group III:

2  Voluntary Debtor's Plan(s) if that Holder of the Claim or Interest has a Claim which is both (1)

3  Allowed or Allowed for voting purposes and (2) Classified in an impaired Class (excluding any

4  class in which the Plan is "deemed rejected").  The votes will be tabulated on a Debtor by Debtor

5  basis.

6        **6.4    What Is an Allowed Claim/Interest.**

7    As noted above, a Holder of Claim or Interest must first have an Allowed Claim or

8  Allowed Interest to vote.

9        **6.5    What Is an Impaired Class.**

10    A Class is impaired if the respective Group III: Voluntary Debtor's Plan alter the legal,

11  equitable, or contractual rights of the Claims or Interests in that Class, other than the right to

12  accelerate the Claim upon certain kinds of defaults.  In this case, the Debtors believe that all

13  Classes, except for Classes 3.1 and 3.2 are impaired.

14        **6.6    Who Is Not Entitled to Vote.**

15    The following four types of Claims are not entitled to vote: (1) Claims that have been

16  disallowed; (2) Claims in unimpaired Classes; (3) Claims entitled to priority pursuant to

17  Bankruptcy Code Sections 507(a)(2) or (a)(3) and Claims in Classes that do not receive or retain

18  any value under the respective Group III: Voluntary Debtor's Plan(s).  Claims in unimpaired

19  Classes are not entitled to vote because such Classes are deemed to have accepted the respective

20  Group III: Voluntary Debtor's Plan(s).  Claims entitled to priority pursuant to Bankruptcy Code

21  Section 507(a)(8) are not entitled to vote because such Claims are not placed in Classes and they

22  are required to receive certain treatment specified by the Bankruptcy Code.  Claims in Classes that

23  do not receive or retain any property under the respective Group III: Voluntary Debtor's Plan(s) do

24  not vote because such Classes are deemed to have rejected the respective Group III: Voluntary

25  Debtor's Plan(s).  The Debtors believe that all Classes are entitled to vote except Classes 3.1 and

26  3.2. These classes are not impaired under the respective Group III: Voluntary Debtor's Plan(s) and

27  consequently are not entitled to vote. They are conclusively deemed to have accepted the

28  respective Group III: Voluntary Debtor's Plan(s).  The Interests held by the Holders in Classes 5.1,

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1  5.2 and 5.3 are being cancelled under the respective Group III: Voluntary Debtor's Plan(s);

2  accordingly, these Interest Holders are deemed to have voted to reject the respective Group III:

3  Voluntary Debtor's Plan(s).

4  EVEN IF YOUR CLAIM IS OF THE TYPE DESCRIBED ABOVE, YOU MAY STILL

5  HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE GROUP III: VOLUNTARY

6  DEBTORS PLAN(S).

7  **6.7    Who Can Vote in More than One Class.**

8  A creditor whose Claim has been Allowed in part as a Secured Claim and in part as an

9  Unsecured Claim is entitled to accept or reject a respective Group III: Voluntary Debtor's Plan(s)

10  in both capacities by casting one ballot for the secured part of the Claim and another ballot for the

11  Unsecured Claim.  Also, a Creditor may otherwise hold Claims in more than one Class (such as a

12  Holder of Senior Secured Claims and Subordinated Note Claims), and may vote the Claims held in

13  each Class.

14  **6.8    Votes Necessary for a Class to Accept the Plan(s).**

15  A Class of Claims is deemed to have accepted the respective Group III: Voluntary Debtor's

16  Plan(s) when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of

17  the Claims *that actually voted*, vote to accept the respective Group III: Voluntary Debtor's Plan(s).

18  A Class of interests is deemed to have accepted the respective Group III: Voluntary Debtor's

19  Plan(s) when Holders of at least two-thirds (2/3) in amount of the interest-Holders of such Class

20  which actually vote, vote to accept the respective Group III: Voluntary Debtor's Plan(s).

21  **6.9    Treatment of Nonaccepting Classes.**

22  As noted above, even if there are impaired Classes that do not accept the proposed

23  respective Group III: Voluntary Debtor's Plan(s), the Court may nonetheless confirm the

24  respective Group III: Voluntary Debtor's Plan(s) if the nonaccepting Classes are treated in the

25  manner required by the Code and at least one impaired Class of Claims accepts the respective

26  Group III: Voluntary Debtor's Plan(s).  The process by which a plan may be confirmed and

27  become binding on non-accepting Classes is commonly referred to as "cramdown."  The

28  Bankruptcy Code allows the respective Group III: Voluntary Debtor's Plan(s) to be "crammed

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1 down" on nonaccepting Classes of Claims or interests if it meets all statutory require+ments

2 except the voting requirements of 1129(a)(8) and if the respective Group III: Voluntary Debtor's

3 Plan(s) does not "discriminate unfairly" and is "fair and equitable" with respect to each impaired

4 Class that has not voted to accept the respective Group III: Voluntary Debtor's Plan(s), as set forth

5 in 11 U.S.C. § 1129(b) and applicable case law.

6      **6.10**    <u>**Request for Confirmation Despite Nonacceptance by Impaired Class(es)**</u>.

7      The SunCal Plan Proponents will ask the Court to confirm the respective Group III:

8 Voluntary Debtor's Plan(s) by cramdown on any impaired Class if such Class does not vote to

9 accept the respective Group III: Voluntary Debtor's Plan(s).

10                    **VI.**

11    <u>**MEANS OF EXECUTION AND IMPLEMENTATION OF THE PLAN**</u>

12      **7.1**    <u>**Introduction**</u>.

13      This section is intended to address how the SunCal Plan Proponents intend to implement

14 the provisions of the respective Group III: Voluntary Debtor's Plan(s).  It addresses the transfer of

15 the Plan Trust Assets to the Plan Trust, the nature of the Plan Trust, the powers of the Plan Trust,

16 the governance of the Plan Trust, the resolution of disputed claims, the sources of funds that will

17 be used to pay claims and the mechanics of how claims will be paid.

18      **7.2**    <u>**Sale Process of the Group III: Voluntary ~~Assets~~ Project During the Sale**</u>

19          <u>**Period**</u>.

20      The core objective of the applicable Plan(s) is to enable all creditors holding Allowed

21 Claims to receive the highest dividend possible by selling the estates' primary assets, the Group

22 III: Voluntary Assets, to the highest bidder. The process of marketing the Group III: Voluntary

23 Assets for sale will begin, pursuant to the Confirmation Order, immediately after the entry of this

24 order.

25      <u>**7.2.1**   **The Group I: Voluntary Projects Marketing and Bid Procedures**</u>.

26      Land Advisors shall manage the sales process, including the marketing, advertising and

27 auction process.~~Acquisitions shall manage the marketing process initially in its capacity as a~~

28 ~~SunCal Plan Proponent and as the Plan Trustee after the Effective Date.~~  However, the SunCal

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

Plan Proponents and the ~~Furthermore, the~~ Voluntary Debtors' Committee shall be consulted and have the opportunity to object to the sales process and request a hearing with the Bankruptcy Court.

Land Advisors ~~The Plan Trustee~~ shall manage and complete the sale of Group III: Voluntary ~~Assets~~ Projects during the Sale Period that are subject to the Holder(s)' Disputed Secured Claims and Disputed Liens, free and clear of such claims and liens, ~~through a sale that satisfies the following conditions:~~

~~The Group III: Voluntary Assets shall be sold separately through a public auction after a commercially reasonable marketing and advertising effort of at least sixty (60) days duration;~~

~~Land Advisors The SunCal Plan Proponents shall have the right to provisionally accept an Opening Bid from a Stalking Horse Bidder prior to the public auction and to grant this bidder the SCC Communities Break-Up Fee, the Tesoro Break-up Fee or the Del Rio Break-Up Fee as the case may be;~~

~~3.    Other Qualified Bidders shall have the right to overbid the Opening Bid by submitting a Qualifying Bid. The first round of Qualifying Bids after the Opening Bid must be equal to or in excess of the Initial Overbid Amount. Thereafter, all Qualifying Bids shall be increased by an amount equal to or in excess of the Minimum Increment;~~

~~4.    The highest and best Qualifying Bid received from a Qualified Bidder respectively for each of the Group III: Voluntary Assets, shall be accepted as the Winning Bid, and the submitting bidder shall be the Winning Bidder. Upon payment of the Winning Bid, the Winning bidder shall receive title to the applicable Group III: Voluntary Asset free and clear of all monetary liens and encumbrances; and~~

~~5.    No bidder shall be allowed to submit or demand the acceptance of a "credit bid" based upon an existing claim or lien on a Group III: Voluntary Assets.~~

~~Land Advisors The SunCal Plan Proponents will pursue the following sale procedures after the Confirmation Date:~~

**7.2.2    Implementation of a marketing program**. ~~On or before the applicable Plan(s) are confirmed,~~ Once the Plan is confirmed, Land Advisors ~~the SunCal Plan Proponents~~ will

-38-

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

market the applicable Projects Group III: Voluntary Assets for sale through a comprehensive sale effort during the Sale Period. This sale effort will include a) sending sale packages describing each Group III: Voluntary AssetProject to the real estate brokerage community; b) advertising the Group III: Voluntary AssetsProjects for sale on a website that includes links allowing direct access to all relevant information regarding the Group III: Voluntary AssetsProjects.

   **7.2.3**   **Identifying a Stalking Horse Bidder and Qualifying Bidders**. On the first business day after the Effective Date, the Plan Trustee Land Advisors will accept, on a provisional basis, an Opening Bid for one, two or all three of the Group III: Voluntary AssetsProjects.  The bidder whose Opening Bid is accepted for each Group III: Voluntary Assets Projects will become the "Stalking Horse Bidder."  The Opening Bid must be equal to the Minimum Sale Price(s) fixed in the Plan for each Group III: VoluntaryProjectsAsset.  Land Advisors The Plan Trustee shall also select Qualified Bidders at this time.

   **7.2.4**   **The Sale Contract**. The sale contract for the Group III: Voluntary Asset(s) that will be entered into with the Stalking Horse Bidder will include the following bankruptcy-sale related provisions:

    1.   Overbid Provisions. The contract will allow Land Advisors to seek "overbids" from other Qualified Buyers, and to accept an Initial Overbid that exceeds the Stalking Horse Bid by the Initial Overbid Amount applicable to each Group III Voluntary Project. In the case of the SCC Communities Assets, the Initial Overbid Amount is a sum that is not less than $150,000, plus the SCC Communities Break-Up Fee, plus ten thousand dollars ($10,000). In the case of the Tesoro Assets, the Initial Overbid Amount is $650,000, plus the Tesoro Break-up Fee, plus sixty thousand dollars ($30,000).   In the case of the Del Rio Assets, the Initial Overbid Amount is $6,000,000, plus the Del Rio Break-Up Fee, plus six-hundred thousand dollars ($100,000).

    2.   A Break-Up Fee. In the event that Diamond Valley or another Insider is the Stalking Horse Bidder for the SCC Communities Project and/or the Tesoro Project, then there shall be no Break Up Fee in connection with such respective sale.  Otherwise, tThe sale contract will include a "break-up fee" provision. This fee will be payable to the Stalking Horse

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

Bidder if the Opening Bid is overbid, and another Qualified Bidder purchases the Group III: Voluntary Asset(s) that is the subject of the Opening Bid. The Break Up Fees for the Group III: Voluntary Debtor Projects are set forth in Section 2, above.

　　　　　　　3.　　Sale Free And Clear of Liens. The sale contract will provide that the Group III: Voluntary Assets are being sold free and clear of all monetary liens and encumbrances and that no party holding a lien against the Group III: Voluntary Assets, including the Lehman Lenders, may submit a "credit bid" based upon the amount allegedly owing on the claims secured by the project being sold.

　　　　　　　4.　　Deposit.  Diamond Valley shall be required to place deposits in the same amounts as the Qualified Competing Bidder referenced above.  The deposits shall be held in a segregated account with Winthrop Couchot Professional Corporation and deposited within five business days of the service of the Confirmation Date.  The deposits shall be non-refundable only if Diamond Valley is approved by the Bankruptcy Court as to the Winning Bidder and fails to close within the time period prescribed.

　　　　**7.2.5　The Auction**. Fourteen (14) days after the date of the selection of the Stalking Horse Bidder, Land Advisors~~the Plan Trustee~~ will conduct a public auction wherein all Qualified Bidders who have submitted Qualified Bids for the Group III: Voluntary ~~Assets~~ Projects will have the opportunity to increase their bids for these Projects. The Qualified Bidder that submits the highest bid for the Project will then be designated the Winning Bidder. The Winning Bidder will then have fifteen (15) days pay the Winning Bid amount and the closing shall occur no later than the first business day following the ~~thirtieth (30th) day after the Effective Date~~ expiration of the Sales Period.

　　　　**7.2.6　The Group I: Voluntary Other Assets Marketing and Bid Procedures**. To the extent that the SunCal Plan Proponents believe that the Group III: Voluntary Other Assets have any material value, the SunCal Plan Proponents will pursue the following process for the sale of the Group III: Voluntary Other Assets after the Confirmation Date and during the Sales Period:

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1        1.      After the Confirmation Date, Land Advisors will implement commercially reasonable marketing efforts for the sale of the Group III: Voluntary Other Assets;

2        2.      The sales procedures will be determined by Land Advisors after consultation with the SunCal Plan Proponents and the Voluntary Debtors' Committee; and

3        3.      The sale contract will provide that the Group III: Voluntary Other Assets(s) are being sold free and clear of all monetary liens and encumbrances and that no party holding a lien against the Group III: Voluntary Other Assets, including the Lehman Lenders, may submit a "credit bid" based upon the amount allegedly owing on the claims secured by the Group I: Voluntary Other Assets being sold.

4        4.      Within seven (7) days after the Effective Date, Land Advisors will hold a public auction for the sale of the Group III: Voluntary Assets to the bidder that submits the highest and best bid.  The winning bidder will then have ten (10) days to close this purchase transaction by paying the winning bid amount.

**7.3    Establishment and Operations of the Plan Trust**.

The Plan Trust shall be established and shall become effective on the Effective Date.  The Plan Trust is created pursuant to the Plan and the Confirmation Order.  The primary purpose of the Plan Trust is to consummate the sales and/or the liquidation of the Group III: Voluntary Assets transferred to it and the Distribution of the Net Sales Proceeds to Creditors, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Plan Trust.  The Plan Trust shall hold title to and administer the Plan Trust Assets, including, but not limited to, any Litigation Claims, and the proceeds thereof for liquidation and distribution in accordance with the terms of the Plan.

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

**7.4**     <u>**Preservation and Pursuit of Litigation Claims and Recovery for the Plan Trust**</u>.

On the Effective Date, title to and possession of all property of the Group III: Voluntary Debtors shall be deemed transferred and delivered to the Plan Trust, without further act or action under any applicable agreement, law, regulation, order or rule of law.

Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Plan Trust shall retain all Litigation Claims whether or not pending on the Effective Date that are not purchased by LitCo Unless a Litigation Claim is expressly waived, relinquished, released, sold, compromised or settled in the Plan or in a Final Order, all rights with respect to such Litigation Claims are reserved and the Plan Trustee may pursue such Litigation Claims.  Notwithstanding the foregoing, the Plan Trustee shall not settle or abandon a Litigation Claim valued at greater than $100,000 except upon ten (10) days' prior written notice and opportunity to object to the proposed action.  Any disputes concerning the settlement or abandonment of a Litigation Claim shall be submitted to the Bankruptcy Court for resolution on no less than ten (10) days' notice to the objecting party.

After repayment in full of the Litco Plan Loan, all Litigation Recoveries realized or obtained by the Plan Trustee shall be promptly deposited into the applicable Distribution Account(s).  Except as otherwise provided in the Plan and the Confirmation Order, the Litigation Recoveries shall be free and clear of all Claims and Liens and shall only be expended in accordance with the provisions of the Plan.

**7.5**     <u>**Payment of Plan Trust Expenses**</u>.

The expenses incurred by the Plan Trust or the Plan Trustee during the Plan Period, shall be paid, or adequate reserves shall be created for the payment of such expenses, prior to any distribution to the Plan Trust Beneficiaries.

**7.6**     <u>**The Plan Trust Distribution System**</u>.

The Plan Trustee shall establish a separate "Distribution Account" for each Group III: Voluntary Debtor at an FDIC insured bank. Each Group III: Voluntary Debtor's Available Cash, whether on hand as of the Effective Date or received thereafter, shall be deposited into that Group III: Voluntary Debtor's Distribution Account.  These funds will then be used to pay the claims of

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1 Creditors holding Allowed Claims in their order of priority as provided for in the Plan.  Persons

2 dealing with the Plan Trustee, or seeking to assert Claims against the Debtors, the Estates or the

3 Plan Trust, shall look only to property of the Debtors, the Estates or the Plan Trust to satisfy any

4 liability to such Persons, and the Plan Trustee shall have no corporate, personal, or individual

5 obligation to satisfy any such liability.

6     **7.7**    **The Plan Trustee**.

7     **7.7.1**    **Appointment**.  Acquisitions shall be Plan Trustee of the Plan Trust.  The

8 appointment of the Plan Trustee shall be effective as of the Effective Date.

9     **7.7.2**    **Term**.  Unless the Plan Trustee resigns, dissolves or is removed by Court

10 order earlier, the Plan Trustee's term shall expire upon termination of the Plan Trust pursuant to

11 the Plan.  In the event the Plan Trustee resigns, dies or is removed by Court order prior to

12 termination of the Plan Trust, the UST shall select and recommend to the Court a successor Plan

13 Trustee.

14     **7.7.3**    **Powers and Duties**.  On the Effective Date, the Plan Trustee shall have the

15 rights, powers and duties set forth in the Plan, the Confirmation Order, and Bankruptcy Code

16 §§505, 1107 and 1108.  The Plan Trustee shall be governed in all things by the terms of the Plan

17 and the Confirmation Order.  The Plan Trustee shall administer the Plan Trust in accordance with

18 the Plan.  Without limitation, the Plan Trustee shall file final federal, state, foreign and, to the

19 extent applicable, local, tax returns.  Without further Motion, notice, or order of the Court, the Plan

20 Trustee shall be authorized, empowered and directed to take all actions necessary to comply with

21 the Plan and exercise and fulfill the duties and obligations arising thereunder, including, without

22 limitation to:

23     i.    employ, retain, and replace one or more attorneys, accountants,

24 auctioneers, brokers, managers, consultants, other professionals, agents, investigators, expert

25 witnesses, consultants, and advisors as necessary to discharge the duties of the Plan Trustee under

26 the Plan;

27

28

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

ii.  control and effectuate the Claims reconciliation process, including to object to, seek to subordinate, compromise or settle any and all Claims against the Debtors pursuant to the terms of the Plan;

iii.  open, maintain and administer bank accounts as necessary to discharge the duties of the Plan Trustee under the Plan;

iv.  make Distributions to the Holders of Allowed Claims in accordance with the Plan;

v.  retain professionals to assist in performing his or her duties under the Plan;

vi.  pay reasonable and necessary professional fees, costs, and expenses;

vii.  investigate, analyze, commence, prosecute, litigate, compromise, settle, dismiss, and otherwise administer all Causes of Action and Avoidance Actions for the benefit of the Plan Trust and its beneficiaries, as set forth in the Plan, and to take all other necessary and appropriate steps to collect, recover, settle, liquidate, or otherwise reduce to Cash all Causes of Action and Avoidance Actions, as the Plan Trustee may determine is in the best interests of the Plan Trust;

viii.  administer, sell, liquidate, or otherwise dispose of the Assets in accordance with the terms of the Plan;

ix.  incur and pay reasonable and necessary expenses in connection with the performance of the Plan Trustee's duties under the Plan;

x.  represent the Estates before the Court and other courts of competent jurisdiction with respect to matters concerning the Plan Trust;

xi.  seek the examination of any entity under the subject to the provisions of Bankruptcy Rule 2004;

xii.  comply with applicable orders of the court and any other court of competent jurisdiction over the matters set forth in the Plan;

xiii.  comply with all applicable laws and regulations concerning the matters set forth in the Plan;

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

xiv.     exercise such other powers as may be vested in the Plan Trust pursuant to the Plan, the Confirmation Order, or other Final Orders of the Court.

xv.     execute any documents, instruments, contracts, and agreements necessary and appropriate to carry out the powers and duties of the Plan Trust;

xvi.     (1) seek a determination of tax liability under §505 of the code, (2) pay taxes, if any, related to a Debtor, (3) file, if necessary, any and all tax and information returns required with the respect to the Plan Trust, including, if appropriate, treating the Plan Trust as a "grantor trust" pursuant to Treas. Reg 1.671-4 or otherwise, (4) make tax elections by and on behalf of the Plan Trust, and 95) pay taxes, if any, payable by the Plan Trust; and

xvii.     stand in the shoes of the Debtors for all purposes.

### 7.7.4     Retention of Professionals and Compensation Procedure.

On and after the Effective Date, the Plan Trustee may, without further application or Motion, notice, hearing, or Court order, engage or employ such professionals and experts as may be deemed necessary and appropriate by the Plan Trustee to assist the Plan Trustee in carrying out the provisions of the Plan, including, but not limited to, the Professionals retained prior to the Effective Date by either the Debtors or the Voluntary Debtors' Committee.  The Plan Trustee may employ such professionals on any reasonable terms and conditions of employment to be determined by the Plan Trustee.  For the services performed on and after the Effective Date, the professionals engaged by the Plan Trustee (the "Plan Trustee Professionals") shall receive reasonable compensation and reimbursement of expenses in a manner to be determined by the Plan Trustee.

### 7.7.5     Fees and Expenses.  Acquisitions shall not receive any compensation for the services it performs as the Plan Trustee.  The Plan Trustee Professionals shall be entitled to reasonable compensation for their services, and reimbursement of expenses.  The costs and expenses of the Plan Trust (including, without limitation, fees and expenses of the Plan Trustee Professionals) shall be paid from the Plan Trust.  The Plan Trustee shall pay, without further order, notice or application to the Court, the reasonable fees and expenses of the Plan Trustee Professionals, as necessary to discharge the Plan Trustee's duties under the Plan.  The Plan Trustee

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1  shall be authorized to reserve funds from the Plan Trust as is reasonable to pay the expenses of the

2  Plan Trustee and the expenses and fees of the Plan Trustee Professionals before making any

3  Distributions under the Plan.

4     **7.7.6**   **Limitation of Liability and Indemnification.** None of the Group III:

5  Voluntary Debtors, the Voluntary Debtors' Committee, the Plan Sponsor, the SunCal Plan

6  Proponents, the Plan Trustee, the Professionals, nor any of their respective members, officers,

7  directors, shareholders, employees, or agents (the "Indemnified Parties") shall be liable (a) for any

8  loss or damages by reason of any action taken or omitted by him or her, except in the case of

9  fraud, willful misconduct, bad faith, or gross negligence, (b) for any act or omission made in

10  reliance upon the Debtors' books and records or upon information or advice given to the Plan

11  Trustee by his or her professionals, or (c) for any action taken or omission made in connection

12  with or related to the negotiations, formulation, or preparation of the Plan and the Disclosure

13  Statement, the approval of the Disclosure Statement, the confirmation of the Plan, the

14  consummation of the Plan, or the administration of the Plan, the Cases, or the property to be

15  distributed under the Plan, to the fullest extent permitted by applicable statute and case law.

16  Except as otherwise provided in this Plan, the Plan Trustee shall rely and shall be protected in

17  acting upon any resolution, certificate, statement, instrument, opinion, report, notice, consent, or

18  other document believed by him or her to be genuine and to have been signed by the proper party

19  or parties.

20     The Indemnified Parties shall be indemnified and receive reimbursement from and against

21  any and all loss, liability, expense (including attorneys' fees) or damage of any kind, type or

22  nature, which the Indemnified Party may incur or sustain the exercise and performance of any of

23  the Plan Trustee's powers and duties under this Plan or the Confirmation Order, or in the rendering

24  of services by the Indemnified Party to the Plan Trustee, to the full extent permitted by applicable

25  law, except if such loss, liability, expense or damage is finally determined by a court of competent

26  jurisdiction to result from the Plan Trustee's or an Indemnified Person's fraud, willful misconduct,

27  bad faith, or gross negligence.  The amounts necessary for such indemnification and

28  reimbursement shall be paid by the Plan Trustee out of the Plan Trust Assets.  The Plan Trustee

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III-VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III-VD_Plan.DOC

1  shall not be liable for the payment of any Plan Trust expense or claim or other liability of the Plan

2  Trust, and no Person shall look to the Indemnified Parties for the payment of any such expense or

3  liability.  This indemnification shall survive the dissolution, resignation or removal, as may be

4  applicable, of the Plan Trustee, or the termination of the Plan Trust, and shall inure to the benefit

5  of the Plan Trustee's and the Indemnified Person's heirs and assigns.

6          **7.7.7**    **Plan Trustee as Successor.**  Pursuant to Code §1123(b), the Plan Trustee

7  shall be the successor to the Group III: Voluntary Debtors for all purposes.

8       **7.8**    **The Plan Trust Beneficiaries**.

9       The Holders of Allowed Claims under the Plan, or any successors to such Holders'

10  Allowed Claims ("Beneficiary" or "Beneficiaries") shall own a beneficial interest in the Plan Trust

11  which shall, subject to the Plan, be entitled to a Distribution, if any, in the amounts, and at the

12  times, set forth in the Plan.  Ownership of a beneficial interest in the Plan Trust shall not be

13  evidenced by any certificate, security, or receipt or in any other form or manner whatsoever,

14  except as maintained on the books and records of the Plan Trust by the Plan Trustee.  The

15  ownership of a beneficial interest in the Plan Trust shall not entitle any Beneficiary to any title in

16  or to the Plan Trust assets or to any right to call for a partition or division of such assets or to

17  require an accounting.  The Plan Trustee shall make Distributions, if any, to Beneficiaries in the

18  manner provided in the Plan.

19       The rights of the Beneficiaries arising under the Plan Trust may be deemed "securities"

20  under applicable law.  However, such rights have not been defined as "securities" under the Plan

21  because (a) the intent of the Plan is that such rights shall not be securities, and (b) if the rights

22  arising under the Plan Trust are deemed to be "securities," the exemption from registration under

23  §1145 of the Bankruptcy code is intended to be applicable to such securities.

24       **7.9**    **No Payment of Transfer-Related Fees to the United States Trustee**.

25       The Plan Trust shall not be required to pay any fees to the United States Trustee based on

26  any transfers of the Plan Trust Assets to the Plan Trust or from the Plan Trust.

27

28

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

**7.10    No Payment of Transfer-Related Fees to the Plan Trustee**.

The Plan Trust shall not be required to pay any fees to the Plan Trustee based on any transfers of Plan Trust Assets from the Group III: Voluntary Debtors to the Plan Trust, or from the Plan Trust.

**7.11    Books and Records of Trust**.

The Plan Trustee, and to the extent of payments and distributions by any Disbursing Agent, the Disbursing Agent, shall maintain an accounting of receipts and disbursements of the Plan Trust. The Plan Trustee shall maintain the books and records of the Plan Trust, or provide storage for such book and records, for the longer of six (6) years, or while Plan is in existence, provided that the Court may, upon application by the Plan Trustee, authorize the Plan Trust to destroy all of the Plan Trusts books and records at such time as Plan Trust has no further need for such books and records. The Plan Trust's books and records shall be open to inspection at all reasonable times, upon written request by the Voluntary Debtors' Committee.

**7.12    Federal Income Tax Treatment of the Holders of the Plan Trust Beneficial Interests**.

For all United States federal income tax purposes, the transfers by the Group III: Voluntary Debtors shall be treated by the Group III: Voluntary Debtors, their estates, the Plan Trust and the Plan Trust Beneficiaries as a transfer of the Plan Trust Assets by the Group III: Voluntary Debtors to the Plan Trust Beneficiaries followed by a transfer of the Plan Trust Assets by such the Plan Trust Beneficiaries to the Trust. The Plan Trust Beneficiaries shall be treated as the grantors and deemed owners of the Plan Trust for United States federal income tax purposes. The Plan Trust Trustee and the Plan Trust Beneficiaries are required to value their interests in the Plan Trust Assets consistently with the values placed upon the Plan Trust Assets by the Plan Trust, and to use such valuations for all purposes. The Plan Trust shall provide for consistent valuations of the Plan Trust Assets by the Plan Trust Trustee and the Plan Trust Beneficiaries, and shall provide that the Plan Trust will determine the fair market value of the Plan Trust Assets within thirty (30) days after the Effective Date, and send such determination to each the Plan Trust Beneficiary. By its acceptance of a the Beneficial Interest, each recipient of such an interest will be conclusively

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1  deemed to agree to use such valuations for all purposes, including, without limitation, in

2  computing any gain recognized upon the exchange of such holder's claim for purposes of

3  determining any United States Federal income tax, and shall be required to include those items of

4  income, deductions and tax credits that are attributable to its the Beneficial Interest in computing

5  its taxable income.

6  **7.13    Termination of the Trust.**

7  The Plan Trust shall continue in effect until the earlier of: (a) the date that all the Plan

8  Trust Assets has been liquidated, all proceeds have been converted to cash or distributed in kind,

9  all the Plan Trust Expenses have been paid, all claims to be paid under the Plan for which the Plan

10  Trust Trustee is obligated to make Distributions on have been paid, all distributions to be made

11  with respect to the Beneficial Interests have been made, all litigation to which the Plan Trust is a

12  party have been concluded by dismissal or an order issued by the court in which such litigation is

13  pending and such order has become "final" (consistent with the definition of Final Order in the

14  Plan for orders issued by the Bankruptcy Court), and the Chapter 11 Case has been closed; and (b)

15  the expiration of five (5) years from the Effective Date; provided, however, that the Plan Trust

16  may request the Bankruptcy Court to extend the permitted life of the Plan Trust for such additional

17  period as is reasonably necessary to conclude the liquidation and Distributions, not to exceed a

18  total of ten (10) years from the Effective Date, which request shall be filed so the Bankruptcy

19  Court may consider and rule on the request within six (6) months prior to the expiration of the

20  initial five-year term.

21  **7.14    Exemption from Certain Transfer Taxes.**

22  In accordance with Section 1146(a) of the Bankruptcy Code, the issuance, transfer or

23  exchange of a security or the making or delivery of an instrument of transfer under the Plan may

24  not be taxed under any law imposing a stamp tax or similar tax. All governmental officials and

25  agents shall forego the assessment and collection of any such tax or governmental assessment and

26  shall accept for filing and recordation any of the foregoing instruments or other documents without

27  payment of such tax or other governmental assessment.

28

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

**7.15    Tax Consequence of The Plan**.

The implementation of the Plan may have federal, state and local tax consequences to the Group III: Voluntary Debtors, Creditors and Interest Holders.  No tax opinion has been sought or will be obtained with respect to any tax consequences of the Plan. The Disclosure Statement does not constitute and is not intended to constitute either a tax opinion or tax advice to any person, and the summary contained herein is provided for informational purposes only.

CREDITORS AND INTEREST HOLDERS ARE ADVISED TO CONSULT WITH THEIR OWN TAX ADVISORS REGARDING THE TAX CONSEQUENCES TO THEM AND TO THE DEBTOR OF THE TRANSACTIONS CONTEMPLATED BY THE PLAN, INCLUDING FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES.

**7.16    The Voluntary Debtors' Committee.**

On the Effective Date, the Voluntary Debtors' Committee shall continue to serve their applicable Debtors as Voluntary Debtors' Committee to the applicable reorganized Debtors, subject to the following:

**7.16.1    Duties and Powers.**  The duties of the Voluntary Debtors' Committee after the Effective Date shall be limited to monitoring the Plan's implementation, notice and opportunity to object to the sales process, notice and opportunity to object to any settlement of the Lehman Adversary Proceeding, and the Contract Action, standing to object to any settlement of any Litigation Claim in excess of $100,000, standing to object to any proposed sales procedures on sale of the Group III: Voluntary Assets, standing to objection to claims, and standing and sole and exclusive right to file, prosecute and resolve potential Avoidance Actions against and objections to Claims filed by (i) SunCal Affiliates, including SunCal Management, Acquisitions, and SC Master Marketing, LLC and (ii) certain professionals for the SunCal Affiliates, including Voss, Cook & Thel, LLP, The MB Firm, White & Case, LLP, RBF Consulting and Mayer Brown LLP. Voluntary Debtors' Committee shall receive notice of and the right to review all payments and Distributions.

The Voluntary Debtors' Committee shall be entitled to retain, employ and compensate Professionals, in order to assist with the obligations and rights of the Voluntary

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

Debtors' Committee under the terms of the Plan.  Such compensation shall be paid from the applicable Distribution Account(s).

      **7.16.2**    **Dissolution of Voluntary Debtors' Committee.**  The Voluntary Debtors' Committee shall be dissolved upon the entry of an order converting, closing or dismissing the Chapter 11 Cases or entry of a final decree in the Chapter 11 Cases.  On dissolution, the Voluntary Debtors' Committee shall have no other or further obligations or responsibilities on behalf of the Plan Trust.

    **7.17**    **Claims Estimation Rights.**

      On the Confirmation Date, the SunCal Plan Proponents shall be vested with standing to file a motion under 11 U.S.C. § 502(c), and they shall be authorized and empowered to seek in such motion the estimation, for Distribution purposes, of any Disputed Claim seeking recourse to, or claiming an interest in, any asset of the Group III: Voluntary Debtors. After the Bankruptcy Court estimates a Disputed Claimant's rights in, or against an asset of the Estates through this procedure, the Plan Trustee shall have the right to use any funds or assets not deemed subject to the rights of the Disputed Claimant, to pay the Allowed Claims under the terms of the Plan, including Allowed Administrative Claims, after the Effective Date.

<div align="center">

**VIII.**

**DISTRIBUTIONS**

</div>

    **8.1**    **Distribution Agent**.

      Acquisitions shall serve as the Distribution Agent for Distributions due under the respective Group III: Voluntary Debtor's Plan.  The Distribution Agent may employ one or more sub agents on such terms and conditions as it may agree in its discretion and pay such sub agent as a Post-Confirmation Expense from the Distribution Accounts.  The Distribution Agent shall not be required to provide any bond in connection with the making of any Distributions pursuant to the respective Group III: Voluntary Debtor's Plan.

    **8.2**    **Distributions.**

      **8.2.1**    **Dates of Distributions.**  Any Distribution required to be made on the Effective Date shall be deemed timely if made as soon as practicable after such date and, in any

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

event, within thirty (30) days after such date.  Any Distribution required to be made upon a Disputed Claim becoming an Allowed Claim and no longer being a Disputed Claim shall be deemed timely if made as soon as practicable thereafter.

   **8.2.2.** **Limitation on Liability.**  None of the respective Group III: Voluntary Debtor's Plan Sponsor, the respective Group III: Voluntary Debtor's Plan Trustee, the Distribution Agent, their Affiliates, nor any of their employees, members, officers, directors, agents, or professionals or Affiliates shall be liable for (i) any acts or omissions (except for gross negligence or willful misconduct) in connection with implementing the Distribution provisions of the respective Group III: Voluntary Debtor's Plan and the making or withholding of Distributions pursuant to the respective Group III: Voluntary Debtor's Plan, or (ii) any change in the value of Distributions made pursuant to the respective Group III: Voluntary Debtor's Plan resulting from any delays in making such Distributions in accordance with the respective Group III: Voluntary Debtor's Plan's terms (including but not limited to any delays caused by the resolution of Disputed Claims).

   **8.3**  **Old Instruments and Securities.**

   **8.3.1** **Surrender and Cancellation of Instruments and Securities.**  As a condition to receiving any Distribution pursuant to the respective Group III: Voluntary Debtor's Plan, each Person holding any note or other instrument or security (collectively "Instruments or Securities" and individually an "Instrument or Security") evidencing, an existing Claim(s) against the Debtor(s) must surrender such Instrument or Security to the Distribution Agent.

   **8.3.2**  **Cancellation of Liens.**  Except as otherwise provided in the respective Group III: Voluntary Debtor's Plan, any Lien securing any Secured Claim shall be deemed released and discharged, and the Person holding such Secured Claim shall be authorized and directed to release any collateral or other property of the Group III: Voluntary Debtors (including, without limitation, any cash collateral) held by such Person and to take such actions as may be requested by the respective Group III: Voluntary Debtor's Plan Trustee to evidence the release of such Lien, including, without limitation, the execution, delivery and Filing or recording of such releases as may be requested by the respective Group III: Voluntary Debtor's Plan Trustee.

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-SunCal_3rd_Am_Group_III_VD_Plan.DOC

**8.3.3** **De Minimis Distributions and Fractional Shares**. No Cash payment of less than ten dollars ($10) shall be made by the respective Group III: Voluntary Debtor's Plan Trust to any Holder of Claims unless a request therefore is made in writing to the respective Group III: Voluntary Debtor's Plan Trust. Whenever payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding down of such fraction to the nearest whole cent. Any Cash or other property that is not distributed as a consequence of this section shall, after the last Distribution on account of Allowed Claims in the applicable Class, be treated as "Unclaimed Property" under the respective Group III: Voluntary Debtor's Plan.

**8.3.4** **Delivery of Distributions**. Except as provided in the respective Group III: Voluntary Debtor's Plan with respect to Unclaimed Property, Distributions to Holders of Allowed Claims and Allowed Administrative Claims shall be distributed by mail as follows: (1) with respect to each Holder of an Allowed Claim that has filed a Proof of Claim, at the address for such Holder as maintained by the official claims agent for the Group III: Voluntary Debtors; (2) with respect to each Holder of an Allowed Claim that has not filed a Proof of Claim, at the address reflected on the Schedules filed by the Group III: Voluntary Debtor(s), provided, however, that if the Group III: Voluntary Debtor(s) or the respective Group III: Voluntary Debtor's Plan Trust has received a written notice of a change of address for such Holder, the address set forth in such notice shall be used; or (3) with respect to each Holder of an Allowed Administrative Claim, at such address as the Holder may specify in writing.

**8.3.5** **Undeliverable Distributions**. If the Distribution of Cash to the Holder of any Allowed Claim is returned to the respective Group III: Voluntary Debtor's Plan Trustee as undeliverable or the Distribution check is not negotiated within 90 days of mailing (any such Distribution being hereinafter referred to as "Unclaimed Property"), no further Distribution shall be made to such Holder unless and until the respective Group III: Voluntary Debtor's Plan Trustee is notified in writing of such Holder's then current address. Subject to the remainder of this Section and the following section, Unclaimed Property shall remain in the possession of the respective Group III: Voluntary Debtor's Plan Trustee pursuant to this Section, and shall be set aside and (in the case of Cash) held in a segregated interest bearing account (as to Cash Unclaimed

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1  Property) to be maintained by the Distribution Agent until such time as the subject Distribution

2  becomes deliverable.  Nothing contained in the respective Group III: Voluntary Debtor's Plan

3  shall require the respective Group III: Voluntary Debtor's Plan Trustee or any other Person to

4  attempt to locate such Person.

5        **8.3.6**        **Disposition of Unclaimed Property.**  If the Person entitled thereto

6  notifies the respective Group III: Voluntary Debtor's Plan Trustee of such Person's Claim to a

7  Distribution of Unclaimed Property within ninety (90) days following such Person's initial

8  Distribution Date, Effective Date, the Unclaimed Property distributable to such Person, together

9  with any interest or dividends earned thereon, shall be paid or distributed to such Person as soon as

10  practicable.  Any Holder of an Allowed Claim that does not assert a Claim in writing for

11  Unclaimed Property held by the respective Group III: Voluntary Debtor's Plan Trustee within

12  ninety (90) days after the Holder's initial Distribution Date shall no longer have any Claim to or

13  Interest in such Unclaimed Property, and shall be forever barred from receiving any Distributions

14  under the respective Group III: Voluntary Debtor's Plan or otherwise from the respective Group

15  III: Voluntary Debtor's Plan Trustee.  In such cases, any property held for Distribution on account

16  of such Claims shall become Available Cash and deposited into the Distribution Account.

17                                **IX.**

18                **OBJECTIONS TO CLAIMS AND DISPUTED CLAIMS**

19        **9.1**        **Standing for Objections to Claims.**

20        The Plan Trustee and the Committee shall have the sole and exclusive right to file,

21  prosecute and resolve objections to Claims, except as specifically provided herein.  The Voluntary

22  Debtors' Committee shall have the sole and exclusive right to file, prosecute and resolve

23  objections to Claims filed by (i) SunCal Affiliates, including SunCal Management, Acquisitions,

24  and SC Master Marketing, LLC and (ii) certain professionals for the SunCal Affiliates, including

25  Voss, Cook & Thel, LLP, The MB Firm, White & Case, LLP, RBF Consulting and Mayer Brown

26  LLP.  Any objection to a Claim shall be Filed with the Bankruptcy Court and served on the Person

27  holding such Claim on or before the applicable Claims Objection Deadline.  The Plan Trustee shall

28  have the right to petition the Bankruptcy Court, without notice or a hearing, for an extension of the

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

Claims Objection Deadline if a complete review of all Claims cannot be completed by such date.

**9.2**     **Treatment of Disputed Claims and Disputed Liens.**

    **9.2.1**     **No Distribution Pending Allowance.**  If any portion of a Claim or Lien is a Disputed Claim or Disputed Lien, no payment or Distribution provided for under the respective Group III: Voluntary Debtor's Plan shall be made on account of such Claim or Lien unless and until such Claim or Lien becomes an Allowed Claim and/or Allowed Lien.

    **9.2.2**     **Distribution After Allowance.**  On the next Distribution Date following the date on which a Disputed Claim becomes an Allowed Claim and is no longer a Disputed Claim, the Distribution Agent shall distribute to the Person holding such Claim any Cash that would have been distributable to such Person if on the initial Distribution Date such Claim had been an Allowed Claim and not a Disputed Claim.

    **9.2.3**     **Reserves for Disputed Claims.**  In the event that Disputed Claims are pending at the time of a Distribution under the Plan, the Plan Trustee shall establish and maintain a reserve for such Disputed Claims.  For purposes of establishing a reserve, Cash will be set aside equal to the amount that would have been distributed to the Holders of the Disputed Claims had the Disputed Claims been Allowed on the date a Distribution is made to the Holders of Allowed Claims in the same Class or of the same priority as the Disputed Claims.  If a Disputed Claim ultimately becomes an Allowed Claim, the amount of Cash reserved for that Disputed Claim shall be distributed on the earlier of (a) the distributed Date following the date when the Disputed Claim becomes an Allowed Claim, or (b) ninety (90) days after such Disputed Claim becomes an Allowed Claim.  Any reserved Cash not ultimately distributed to the Holder of a Disputed Claim because the Disputed Claim does not become an Allowed Claim shall become property of the Plan Trust and shall be distributed in accordance with the terms of the Plan.

# X.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**10.1     Executory Contracts to be Assumed and Assigned.**

Under the Plans, the Group III: Voluntary Assets will be sold.  As a result, the Group III: Voluntary Debtors will assume only those executory contracts and unexpired leases to be assigned

-55-
MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1  to the Winning Bidder with respect to the applicable Group III: Voluntary Assets and the

2  Restructuring Agreement and Settlement Agreement.

3          On the Effective Date, the executory contracts and unexpired leases identified on the

4  Schedule of Assumed and Assigned Agreements to be filed hereinattached or to be attached to the

5  Disclosure Statement as Exhibit "9" or filed or to be filed as Exhibit "9" shall be deemed assumed

6  and assigned to the applicable Winning Bidder, as specified in the Confirmation Order with the

7  exception that certain executory contracts specified in the Schedule of Assumed and Assigned

8  Agreements shall only be assumed and not assigned.  The SunCal Plan Proponents intend to file

9  the Schedule of Assumed and Assigned Agreements with the Court no later than twenty-eight (28)

10  days prior to the Confirmation Hearing.  The Schedule of Assumed and Assigned Agreements also

11  identifies or will identify any amounts that must be paid to cure defaults under the executory

12  contacts and unexpired leases to be assumed and assigned under the Plan (the "Cure Amount").  If

13  filed earlier, the SunCal Plan Proponents reserve the right to amend the Schedule of Assumed

14  Agreements up to twenty-eight (28) days prior to the Confirmation Hearing (October 24, 2011) to:

15  (a) add any executory contract or unexpired lease and provide for its assumption and assignment;

16  or (b) modify the Cure Amount for any particular executory contract or unexpired lease.  The

17  SunCal Plan Proponents further reserve the right to amend the Schedule of Assumed Agreements

18  to delete any executory contract or unexpired lease and provide for its rejection at any time prior to

19  the Confirmation Hearing.  The SunCal Plan Proponents will provide notice of any amendment to

20  the Schedule of Assumed and Assigned Agreements to any party or parties to the executory

21  contracts or unexpired leases affected by the amendment.  Absent a timely objection as provided

22  below, the Confirmation Order will constitute a Court Order approving the assumption and

23  assignment, on the Effective Date, of the executory contracts and unexpired leases then identified

24  on the Schedule of Assumed and Assigned Agreements, and shall constitute a final determination

25  of the Cure Amount and that the estate has shown adequate assurance of future performance.

26  Furthermore, any Cure Amount ordered by the Court, through entry of the Confirmation Order,

27  and paid shall be deemed to satisfy any and all defaults arising from, out of or related to the

28  executory contract of unexpired lease, including any tort claims that were or could be asserted by

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    the non-debtor party to the contract or lease on or prior to the entry of the Confirmation Order, and

2    all actual or pecuniary losses that have resulted from such defaults.

3    If you are a party to an executory contract or unexpired lease to be assumed and assigned

4    and you object to the assumption and assignment of your lease or contract and/or you dispute the

5    Cure Amount related to your lease or contract, then you must File and serve upon counsels for the

6    SunCal Plan Proponents (at the address on the upper left hand corner of the caption page) a written

7    objection by fourteen days before the Confirmation Hearing.  An objection to the Cure Amount

8    must also set forth the amount you contend to be the correct Cure Amount and contain evidence to

9    support such amount.  Failure to timely File an objection as provided herein shall be deemed

10    consent to the proposed assumption and assignment and to the Cure Amount and a waiver of any

11    and all rights to challenge such assumption and assignment and the Cure Amount.

12    With respect to each executory contract and unexpired lease identified on the Schedule of

13    Assumed and Assigned Agreements, if no dispute arises regarding the Cure Amount, adequate

14    assurances, or some other matter related to the assumption of the executory contact or unexpired

15    lease, then the Cure Amount set forth in the schedule of Assumed and Assigned Agreements shall

16    be paid to the applicable non-debtor party in Cash on the Effective Date or as soon as reasonably

17    practicable thereafter.  If a dispute arises regarding (a) whether the proposed assignee has provided

18    adequate assurance of future performance of an executory contract or unexpired lease to be

19    assumed, or (b) any other matter pertaining to a proposed assumption and assignment, the Cure

20    Amount will be paid on the later of (1) the Effective Date or as soon as practicable thereafter, or

21    (2) within thirty (30) days after entry of a Final order resolving the dispute and approving the

22    assumption and assignment; provided, however, if a dispute arises regarding any of the foregoing,

23    the SunCal Plan Proponents reserve, for themselves and the Plan Trustee, the right to completely

24    forego assumption and assignment of and, instead, reject the subject executory contract or

25    unexpired lease.

26    If a party to an executory contract or unexpired lease identified on the Schedule of

27    Assumed and Assigned Agreements Files an objection disputing the Cure Amount, then the

28    SunCal Plan Proponents may amend the Schedule of Assumed and Assigned Agreements at any

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

time prior to the Confirmation Hearing to delete the subject executory contract or unexpired lease and provide for its rejection.  Executory contracts or unexpired leases not so deleted shall be conditionally assumed, subject to the SunCal Plan Proponents' and/or the Plan Trustee's right to file a Motion to determine the appropriate Cure Amount up to the first (1st) Business Day that is at least sixty (60) days following the Effective Date.  The SunCal Plan Proponents and/or the Plan Trustee will serve any such Motion on the party to the executory contract or unexpired lease affected by the Motion (or its attorneys, if any).  If the SunCal Plan Proponents and Plan Trustee does not file a Motion to determine the appropriate Cure Amount, then the executory contract or unexpired lease shall be assumed and assigned, as of the Effective Date, and the Cure Amount shall be the alternative Cure Amount asserted by the non-debtor party to the subject executory contract or unexpired lease in its objection to the Plan.  The Cure Amount shall be paid as soon as reasonably practicable following the expiration of the 60-day deadline.

If the SunCal Plan Proponents or the Plan Trustee files a Motion to determine the appropriate Cure Amount, then the SunCal Plan Proponents and/or Plan Trust shall have the right to amend the Schedule of Assume and Assigned Agreements to completely forego assumption and assignment of and, instead, reject the subject executory contract or unexpired lease up to the first (1st) Business Day that is at least fifteen (15) days after the entry of an order fixing the Cure Amount.  The SunCal Plan Proponents and/or Plan Trustee will provide notice of any amendment to the Schedule of Assumed and Assigned Agreements to the party to the executory contract or unexpired lease affected by the amendment.  If the SunCal Plan Proponents and/or Plan Trustee has filed such a Motion and does not timely amend the Schedule of Assumed and Assigned Agreements within fifteen (15) days after entry of an order fixing the Cure Amount, then the executory contract or unexpired lease shall be assumed and assigned, as of the Effective Date, and the Cure Amount shall be fixed as the Cure Amount ordered by the Court.  The Cure Amount as soon as reasonably practicable following the expiration of the 15-day deadline.

**10.2    Executory Contracts to be Rejected.**

On the Effective Date, the estate will be deemed to have rejected any and all executory contacts and unexpired leases (i) not previously assumed pursuant to Order of the Court, or (ii) not

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1   identified on the Schedule of Assumed and Assigned Agreements ~~attached or to be attached to the~~

2   ~~Disclosure Statement as Exhibit "9," or filed or to be filed as Exhibit "9"~~.  The Confirmation

3   Order will constitute a Court order approving the rejection, as of the Effective Date, of such

4   executory contacts and unexpired leases.  Any Claim for damages arising from the rejection under

5   the Plan of any executory contract or unexpired lease must be filed with the Court and served upon

6   the SunCal Plan Proponents and the Plan Trustee within thirty (30) days of the later of (a) the

7   Confirmation Date, and (b) the Plan Trustee's amendment of the Schedule of Assumed and

8   Assigned Agreements to eliminate the executory contract or unexpired lease.  Any such damage

9   Claims that are not timely filed and served will be forever barred and unenforceable against the

10   applicable Debtors, the Estates, the Plan Trustee, the Plan Trust, and their respective property.

11   Persons holding these Claims who fail to timely file claims will be barred from receiving any

12   Distributions under the Plan on account of their rejection damage Claims.

13        If you are a party to a lease or contract to be rejected and you object to the rejection of your

14   lease or contract, then you must file and serve your objection by fourteen days before the

15   Confirmation Hearing.

16   <div align="center">**XI.**</div>

17   <div align="center">**<u>LIMITATION OF LIABILITY</u>**</div>

18        As specified in Section 1125(e) of the Bankruptcy Code, entities that solicit acceptances or

19   rejections of the respective Group III: Voluntary Debtor's Plan and/or that participate in the offer,

20   issuance, sale, or purchase of securities offered or sold under the respective Group III: Voluntary

21   Debtor's Plan, in good faith and in compliance with the applicable provisions of the Bankruptcy

22   Code, shall not be liable, on account of such solicitation or participation, for violation of any

23   applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the

24   respective Group III: Voluntary Debtor's Plan or the offer, issuance, sale, or purchase of securities.

25

26

27

28

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

# XII.

## CONDITIONS TO CONFIRMATION AND

## EFFECTIVENESS OF THE PLAN

### 12.1    Conditions Precedent to Plan Confirmation.

The only condition precedent to confirmation of the respective Group III: Voluntary Debtor's Plan is that the Bankruptcy Court shall have entered a Confirmation Order in form and substance reasonably acceptable to the SunCal Plan Proponents.

### 12.2    Conditions Precedent to Plan Effectiveness.

The conditions precedent to the effectiveness of the respective Group III: Voluntary Debtor's Plan and the occurrence of the Effective Date is that the Confirmation Order shall be a Final Order in form and substance reasonably satisfactory to the SunCal Plan Proponents.

# XIII.

## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court's jurisdiction shall not be limited under the respective Group III: Voluntary Debtor's Plan and the Bankruptcy Court's jurisdiction shall apply to the fullest extent possible under applicable law.  The Court will retain exclusive jurisdiction during the Plan payout period to resolve disputes and conflicts arising from the administration of the Plan, upon request of a party-in-interest and after notice and a hearing, including, without limitation:

a.    The adjudication of the validity, scope, classification, allowance, and disallowance of any Claim;

b.    The estimation of any Claim;

c.    The allowance or disallowance of Professional-Fee Claims, compensation, or other Administrative Expense Claims;

d.    To hear and determine Claims concerning taxes pursuant to Bankruptcy Code §§ 346, 505, 525, and 1146;

e.    To hear and determine any action or proceeding brought under Bankruptcy Code §§108, 510, 543, 544, 545, 547, 548, 549, 550, 551 and 553;

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1       f.       To hear and determine all actions and proceedings which relate to pre-confirmation

2  matters;

3       g.       To hear and determine any issue relating to the assumption or rejection of

4  executory contracts and unexpired leases;

5       h.       To hear and determine any modification to the Plan in accordance with the

6  Bankruptcy Rules and Bankruptcy Code;

7       i.       To enforce and interpret the terms of the Plan;

8       j.       To correct any defects, cure any omissions, or reconcile any inconsistency in the

9  Plan or the Confirmation Order as may be necessary to carry out the purpose and intent of the

10  Plan;

11       k.       the entry of any order, including injunctions, necessary to enforce title, rights and

12  powers of the Plan Trust, and to impose such limitations, restrictions, terms and conditions on such

13  title, rights and powers as the Court may deem necessary including, without limitation, any right of

14  the Plan Trust to recover and liquidate assets;

15       l.       To determine the validity, extent and priority of all liens and security interests

16  against property of the Estates or the Plan trust;

17       m.       To hear and resolve any disputes regarding employment applications and

18  professional fees;

19       n.       To hear and determine such matters and make such orders as are consistent with the

20  Plan as may be necessary to carry out the provisions thereof and to adjudicate any disputes arising

21  under or relating to any order entered by the Court in these Cases;

22       o.       The entry of an order concluding and terminating these Cases; and

23       p.       To resolve any disputes as to whether there has been a default under the Plan.

24                  **XIV.**

25      **MODIFICATION OR WITHDRAWAL OF THE PLAN(S)**

26      **14.1**    **Modification of Plan(s).**

27      At any time prior to the confirmation of the respective Group III: Voluntary Debtor's Plan,

28  the SunCal Plan Proponents may supplement, amend or modify the respective Group III:

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1   Voluntary Debtor's Plan.  After confirmation of the respective Group III: Voluntary Debtor's Plan,

2   SunCal Plan Proponents or respective Group III: Voluntary Debtor's Plan Trustee may (x) apply to

3   the Bankruptcy Court, pursuant to Section 1127 of the Bankruptcy Code, to modify the respective

4   Group III: Voluntary Debtor's Plan; and (y) apply to the Bankruptcy Court to remedy defects or

5   omissions in the respective Group III: Voluntary Debtor's Plan or to reconcile inconsistencies in

6   the respective Group III: Voluntary Debtor's Plan.

7       **14.2**    <u>**Nonconsensual Confirmation.**</u>

8       In the event that any impaired Class of Claims or Interests shall fail to accept the respective

9   Group III: Voluntary Debtor's Plan in accordance with Section 1129(a)(8) of the Bankruptcy

10  Code, SunCal Plan Proponents (i) may request that the Bankruptcy Court confirm the respective

11  Group III: Voluntary Debtor's Plan in accordance with Section 1129(b) of the Bankruptcy Code,

12  and (ii) in accordance with Section 16.1 of the respective Group III: Voluntary Debtor's Plan, and

13  may modify the respective Group III: Voluntary Debtor's Plan in accordance with Section 1127(a)

14  of the Bankruptcy Code.

15  <div align="center">**XV.**</div>

16  <div align="center"><u>**EFFECT OF CONFIRMATION**</u></div>

17      **15.1**    <u>**Discharge**</u>.

18      Confirmation of the Plan does not discharge the Group III: Voluntary Debtors as set forth

19  in Bankruptcy Code §1141.

20      **15.2**    <u>**Revesting of the Assets.**</u>

21      The Assets shall not be vested in the Group III: Voluntary Debtors on or following the

22  Effective Date, but shall be vested in the Plan Trust and continue to be subject to the jurisdiction

23  of the Court following confirmation of the Plan until such Assets are distributed to the Holders of

24  Allowed Claims in accordance with the provisions of the Plan.

25      **15.3**    <u>**Exculpation and Releases**</u>

26      Effective upon the entry of the Confirmation Order, neither the Group III: Voluntary

27  Debtors, the Voluntary Debtors' Committee, Plan Sponsor, the SunCal Plan Proponents, the

28  Professionals, nor any of their respective members, officers, directors, shareholders, employees, or

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1   agents, shall have or incur any liability to any Person, including any creditors or Interest Holder of

2   the Debtors, for any act taken or omission made in connection with or related to the negotiation,

3   formulation, or preparation of the Plan and the Disclosure Statement, the approval of the

4   Disclosure Statement, the confirmation of the Plan, the consummation of the Plan, or the

5   administration of the Plan, the Cases, or the property to be distributed under the Plan, to the fullest

6   extent permitted by applicable statues and case law, except that the Plan Trust will be liable for the

7   performance of obligations assumed by it or imposed upon it under or by the Plan.

8                                              **XVI.**

9                                        **MISCELLANEOUS**

10      **16.1    Payment of Statutory Fees.**

11          All quarterly fees due and payable to the Office of the United States Trustee pursuant to

12   Section 1930(a)(6) of title 28 of the United States Code shall be paid in full on or before the

13   Effective Date, or, to the extent such quarterly fees are disputed, an adequate reserve shall have

14   been established and set aside for payment in full thereof, as required by Section 1129(a)(12) of

15   the Bankruptcy Code.  The respective Group III: Voluntary Debtor's Plan Trustee shall remain

16   responsible for timely payment of quarterly fees due and payable after the Effective Date and until

17   the respective Group III: Voluntary Debtor's Case is closed, to the extent required by Section

18   1930(a)(6) of title 28 of the United States Code.

19      **16.2    Changes in Rates Subject to Regulatory Commission Approval.**

20          The Group III: Voluntary are not subject to governmental regulatory commission approval

21   of their rates**.**

22      **16.3    Payment Dates.**

23          Whenever any payment or Distribution to be made under the respective Group III:

24   Voluntary Debtor's Plan shall be due on a day other than a Business Day, such payment or

25   Distribution shall instead be made, without interest, on the immediately following Business Day.

26      **16.4    Headings.**

27          The headings used in the Disclosure Statement and in the respective Group III: Voluntary

28   Debtor's Plan are inserted for convenience only and neither constitutes a portion of the Disclosure

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

Statement or the respective Group III: Voluntary Debtor's Plan nor in any manner affect the construction of the provisions of the Disclosure Statement or the respective Group III: Voluntary Debtor's Plan.

### 16.5    Other Documents and Actions.

The respective Group III: Voluntary Debtor's Plan Trustee may execute such other documents and take such other actions as may be necessary or appropriate to effectuate the transactions contemplated under the respective Group III: Voluntary Debtor's Plan.

### 16.6    Notices.

All notices and requests in connection with the Disclosure Statement and the respective Group III: Voluntary Debtor's Plan shall be in writing and shall be hand delivered or sent by mail addressed to:

**To the SunCal Plan Proponents**:
Bruce V. Cook
General Counsel
Authorized Agent of the SunCal Plan Proponents
2392 Morse Ave
Irvine, CA 92614-6234

**With copies to:**
Paul J. Couchot
Winthrop & Couchot, Professional Corporation
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660

Ronald Rus
Rus Miliband & Smith A Professional Corporation
2211 Michelson Drive, Seventh Floor
Irvine, California 92612

All notices and requests to any Person holding of record any Claim or Interest shall be sent to them at their last known address or to the last known address of their attorney of record.  Any such Person may designate in writing any other address for purposes of this Section, which designation will be effective on receipt.

### 16.7    Governing Law.

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1    Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy

2    Code and Bankruptcy Rules), the laws of the State of California (without reference to its conflict

3    of law rules) shall govern the construction and implementation of the respective Group III:

4    Voluntary Debtor's Plan and any agreements, documents, and instruments executed in connection

5    with the respective Group III: Voluntary Debtor's Plan, unless otherwise specifically provided in

6    such agreements, documents, or instruments.

7    **16.8    Binding Effect.**

8    The respective Group III: Voluntary Debtor's Plan and all rights, duties and obligations

9    thereunder shall be binding upon and inure to the benefit of the respective Group III: Voluntary

10    Debtor's Plan Sponsor Debtors, the respective Group III: Voluntary Debtor's Plan Trustee,

11    Holders of Claims, Holders of Interests, and their respective successors and assigns.

12    **16.9    Successors and Assigns.**

13    The rights, benefits, and obligations of any entity named or referred to in the respective

14    Group III: Voluntary Debtor's Plan shall be binding on, and shall inure to the benefit of, the heirs,

15    executors, administrators, successors, and assigns of such entity.

16    **16.10    Severability of Plan Provisions.**

17    If, prior to the Confirmation Date, any term or provision of the respective Group III:

18    Voluntary Debtor's Plan is held by the Bankruptcy Court to be illegal, impermissible, invalid, void

19    or unenforceable, or otherwise to constitute grounds for denying confirmation of the respective

20    Group III: Voluntary Debtor's Plan, the Bankruptcy Court shall, with the consent of the respective

21    Group III: Voluntary Debtor, have the power to interpret, modify or delete such term or provision

22    (or portions thereof) to make it valid or enforceable to the maximum extent practicable, consistent

23    with the original purpose of the term or provision held to be invalid, void or unenforceable, and

24    such term or provision shall then be operative as interpreted, modified or deleted.

25    Notwithstanding any such interpretation, modification or deletion, the remainder of the terms and

26    provisions of the respective Group III: Voluntary Debtor's Plan shall in no way be affected,

27    impaired or invalidated by such interpretation, modification or deletion.

28    **16.11    No Waiver.**

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III-VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III-VD_Plan.DOC

1    The failure of the respective Group III: Voluntary Debtor or any other Person to object to

2    any Claim for purposes of voting shall not be deemed a waiver of the Voluntary Debtors'

3    Voluntary Debtors' Committee, the respective Group III: Voluntary Debtor or the respective

4    Group III: Voluntary Debtor's Plan Trustee's right to object to or examine such Claim, in whole or

5    in part.

6    **16.12    Inconsistencies.**

7    In the event the terms or provisions of the Disclosure Statement are inconsistent with the

8    terms and provisions of the respective Group III: Voluntary Debtor's Plan or documents executed

9    in connection with the respective Group III: Voluntary Debtor's Plan, the terms of the respective

10   Group III: Voluntary Debtor's Plan shall control.

11   **16.13    Exemption from Certain Transfer Taxes and Recording Fees.**

12   Pursuant to Section 1146(c) of the Bankruptcy Code, any transfers from a Group III:

13   Voluntary Debtor to the respective Group III: Voluntary Debtor's Plan Trust or to any other

14   Person or entity pursuant to the respective Group III: Voluntary Debtor's Plan, or any agreement

15   regarding the transfer of title to or ownership of any of the respective Group III: Voluntary

16   Debtor's real or personal property or of any other interest in such property (including, without

17   limitation, a security interest) will not be subject to any document recording tax, stamp tax,

18   conveyance fee, intangibles or similar tax, mortgage tax,

19   stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or

20   recording fee, or other similar tax or governmental assessment, and the Confirmation Order will

21   direct the appropriate state or local governmental officials or agents to forego the collection of any

22   such tax or governmental assessment and to accept for filing and recordation any of the foregoing

23   instruments or other documents without the payment of any such tax or governmental assessment.

24   **16.14    Post-Confirmation Status Report.**

25   Within 180 days following the entry of the Confirmation Order, the respective Group III:

26   Voluntary Debtor's Plan Trustee shall file a status report with the Court explaining what progress

27   has been made toward consummation of the confirmed respective Group III: Voluntary Debtor's

28   Plan.  The status report shall be served on the United States Trustee, the twenty largest unsecured

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III-VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III-VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III-VD_Plan.DOC

1  creditors, and those parties who have requested special notice.  Unless otherwise ordered, further

2  status reports shall be filed every 180 days and served on the same entities.

3      **16.15   Post-Confirmation Conversion/Dismissal.**

4      A creditor or party in interest may bring a motion to convert or dismiss the case under

5  § 1112(b), after the respective Group III: Voluntary Debtor's Plan is confirmed, if there is a

6  default in performing the respective Group III: Voluntary Debtor's Plan.  The respective Group

7  III: Voluntary Debtor's Plan Trustee reserves the right to object to any motion for conversion or

8  dismissal.  In addition, as set forth in the definition of the Effective Date, the Effective Date may

9  be further extended by order of the Bankruptcy Court after notice and hearing to all parties in

10  interest.  If the Court determines there is no "cause" for the extension of the Effective Date, a party

11  in interest may move to dismiss or convert the case.

12      If the Court orders any of the Cases converted to Chapter 7 after the respective Group III:

13  Voluntary Debtor's Plan is confirmed, then all property that had been property of the Chapter 11

14  Estate, and that has not been disbursed pursuant to the respective Group III: Voluntary Debtor's

15  Plan, will revest in the Chapter 7 estate.  The automatic stay will be reimposed upon the revested

16  property, but only to the extent that relief from stay was not previously authorized by the Court

17  during this case.

18      **16.16   Final Decree.**

19      Once an Estate has been fully administered, as referred to in Bankruptcy Rule 3022, the

20  respective Group III: Voluntary Debtor's Plan Trustee, or other party as the Court shall designate

21  in the Confirmation Order, shall file a motion with the Court to obtain a final decree to close the

22  Case of such Debtor.

23  Date:  ~~August 5~~October 3, 2011          By:  ___/s/ Bruce Cook_____
                                                      Bruce Cook
24                                                    General Counsel, Authorized Agent for the
                                                      Voluntary Debtors and Acquisitions
25

26  **Submitted By:**
    **WINTHROP COUCHOT**              **RUS MILIBAND & SMITH**
27  **PROFESSIONAL CORPORATION**      **A PROFESSIONAL CORPORATION**

28

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

1

By: /s/ Paul J. Couchot _____        By: _/s/ Ronald Rus _____
    Paul J. Couchot,                                  Ronald Rus, Esq.
General Insolvency Counsel for                      Joel S. Miliband, Esq.
the Voluntary Debtors                        Counsel for SCC Acquisitions Inc.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MAINDOCS-#167115-v1-SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-
SunCal_Modified_3rd_Am_Group_III_VD_Plan.DOCMAINDOCS-#167115-v1-SunCal_4th_Am_Group_III_VD_Plan.DOCMAINDOCS-#165267-v2-
SunCal_3rd_Am_Group_III_VD_Plan.DOC

| In re: | CHAPTER  11 |
| | |
| Debtor(s). | CASE NUMBER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as:  **THIRD AMENDED CHAPTER 11 PLANS AS MODIFIED FILED BY SCC COMMUNITIES, LLC, NORTH ORANGE DEL RIO LAND LLC AND TESORO SF LLC [GROUP III: VOLUNTARY DEBTORS]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 3, August 5, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 5 October 3, 2011 | Gretchen Crumpacker PJ Marksbury | /s/ Gretchen Crumpacker PJ Marksbury |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                  **F 9013-3.1**

| | |
|---|---|
| In re:<br><br><div align="right">Debtor(s).</div> | CHAPTER  11<br><br>CASE NUMBER |

- **NEF SERVICE LIST**

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Richard W Brunette    rbrunette@sheppardmullin.com
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com,
  pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com
- Geoffrey Crisp    geoffrey@smgarberlaw.com, michelle@smgarberlaw.com
- Jonathan S Dabbieri    dabbieri@sullivan.com,
  hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Caroline Djang    cdjang@rutan.com
- Joseph R Dunn    jrdunn@mintz.com,
  jadavis@mintz.com;dsjohnson@mintz.com;docketing@mintz.com;TLMayo@mintz.com
- Donald T Dunning    ddunning@dunningLaw.com
- Lynsey M Eaton    leaton@gglts.com
- Meredith R Edelman    meredith.edelman@dlapiper.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Don Fisher    dfisher@ptwww.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| | |
|---|---|
| In re: | CHAPTER  11 |
| Debtor(s). | CASE NUMBER |

- Richard H Golubow     rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez     mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith     bkemail@harrisbeach.com
- Matthew Grimshaw     mgrimshaw@rutan.com
- Kavita Gupta     kgupta@winthropcouchot.com
- Asa S Hami     ahami@morganlewis.com
- Michael J Hauser     michael.hauser@usdoj.gov
- D Edward Hays     ehays@marshackhays.com
- Michael C Heinrichs     mheinrichs@omm.com
- Harry D. Hochman     hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff     jonathan.hoff@cwt.com
- Garrick A Hollander     ghollander@winthropcouchot.com,
  gcrumpacker@winthropcouchot.com;pj@winthropcouchot.com
- Nancy Hotchkiss     nhotchkiss@trainorfairbrook.com
- Michelle Hribar     mhribar@rutan.com
- John J Immordino     john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson     laj@cohenandjacobson.com
- Michael J Joyce     mjoyce@crosslaw.com
- Stephen M Judson     sjudson@fablaw.com
- Kaleb L Judy     ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn     skahn@pszyjw.com
- Sheri Kanesaka     sheri.kanesaka@bryancave.com, theresa.macaulay@bryancave.com
- David I Katzen     katzen@ksfirm.com
- Christopher W Keegan     ckeegan@kirkland.com, shalimar.caltagirone@kirkland.com;alevin@kirkland.com
- Irene L Kiet     ikiet@hkclaw.com
- Claude F Kolm     claude.kolm@acgov.org
- Mark J Krone     mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally     davidlallylaw@gmail.com
- Leib M Lerner     leib.lerner@alston.com
- Peter W Lianides     plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu     cliu@marshackhays.com
- Charles Liu     cliu@winthropcouchot.com
- Ben H Logan     blogan@omm.com
- John W Lucas     jlucas@pszjlaw.com
- Kerri A Lyman     klyman@irell.com
- Mariam S Marshall     mmarshall@marshallramoslaw.com
- Robert C Martinez     rmartinez@mclex.com
- Michael D May     mdmayesq@verizon.net
- Hutchison B Meltzer     hmeltzer@wgllp.com
- Krikor J Meshefejian     kjm@lnbrb.com
- Joel S. Miliband     jmiliband@rusmiliband.com
- James M Miller     jmiller@millerbarondess.com,
  vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com
- Louis R Miller     smiller@millerbarondess.com
- Craig Millet     cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
- Randall P Mroczynski     randym@cookseylaw.com
- Mike D Neue     mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida     Rnida@castlelawoffice.com
- Henry H Oh     henry.oh@dlapiper.com, janet.curley@dlapiper.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                 **F 9013-3.1**

| In re: | CHAPTER 11 |
| Debtor(s). | CASE NUMBER |

- Sean A Okeefe    sokeefe@okeefelc.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Daryl G Parker    dparker@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Robert J Pfister    rpfister@ktbslaw.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com, smcloughlin@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.net
- Debra Riley    driley@allenmatkins.com
- James S Riley    tgarza@sierrafunds.com
- Todd C. Ringstad    becky@ringstadlaw.com
- R Grace Rodriguez    ecf@lorgr.com
- Martha E Romero    Romero@mromerolawfirm.com
- Ronald Rus    rrus@rusmiliband.com
- John P Schafer    jschafer@mandersonllp.com
- John E Schreiber    jschreiber@dl.com
- William D Schuster    bills@allieschuster.org
- Christopher P Simon    csimon@crosslaw.com
- Gerald N Sims    jerrys@psdslaw.com, bonniec@psdslaw.com
- Wendy W Smith    wendy@bindermalter.com
- Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Laurel R Zaeske    lzaeske@rusmiliband.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net

- 
  Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          F 9013-3.1

| In re: | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER |

- Mark Bradshaw     mbradshaw@shbllp.com
- Gustavo E Bravo     gbravo@smaha.com
- Jeffrey W Broker     jbroker@brokerlaw.biz
- Brendt C Butler     bbutler@mandersonllp.com
- Andrew W Caine     acaine@pszyjw.com
- Carollynn Callari     ccallari@venable.com
- Cathrine M Castaldi     ccastaldi@rusmiliband.com
- Tara Castro Narayanan     tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers     dchambers@jmbm.com
- Shirley Cho     scho@pszjlaw.com
- Vonn Christenson     vrc@paynefears.com
- Brendan P Collins     bpcollins@bhfs.com
- Vincent M Coscino     vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot     pcouchot@winthropcouchot.com,
  pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com
- Jonathan S Dabbieri     dabbieri@sullivan.com,
  hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte     ana.damonte@pillsburylaw.com
- Vanessa S Davila     vsd@amclaw.com
- Melissa Davis     mdavis@shbllp.com
- Daniel Denny     ddenny@gibsondunn.com
- Caroline Djang     crd@jmbm.com
- Donald T Dunning     ddunning@dunningLaw.com
- Meredith R Edelman     meredith.edelman@dlapiper.com
- Joseph A Eisenberg     jae@jmbm.com
- Lei Lei Wang Ekvall     lekvall@wgllp.com
- Richard W Esterkin     resterkin@morganlewis.com
- Marc C Forsythe     kmurphy@goeforlaw.com
- Alan J Friedman     afriedman@irell.com
- Steven M Garber     steve@smgarberlaw.com
- Christian J Gascou     cgascou@gascouhopkins.com
- Barry S Glaser     bglaser@swjlaw.com
- Robert P Goe     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg     egoldberg@stutman.com
- Richard H Golubow     rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez     mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith     bkemail@harrisbeach.com
- Matthew Grimshaw     mgrimshaw@rutan.com
- Kavita Gupta     kgupta@winthropcouchot.com
- Asa S Hami     ahami@morganlewis.com
- Michael J Hauser     michael.hauser@usdoj.gov
- D Edward Hays     ehays@marshackhays.com
- Michael C Heinrichs     mheinrichs@omm.com
- Harry D. Hochman     hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff     jonathan.hoff@cwt.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9013-3.1**

| In re: | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER |

- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Irene L Kiet    ikiet@hkelaw.com
- Claude F Kolm    claude.kolm@acgov.org
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@winthropcouchot.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com,
  vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Craig Millet    cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe    sokeefe@okeefelc.com
- Scott H Olson    solson@seyfarth.com
- Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Daryl G Parker    dparker@pszjlaw.com
- Penelope Parmes    pparmes@rutan.com
- Robert J Pfister    rpfister@ktbslaw.com
- Ronald B Pierce    ronald.pierce@sdma.com
- Katherine C Piper    kpiper@steptoe.com, smcloughlin@steptoe.com
- Cassandra J Richey    cmartin@pprlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9013-3.1**

| In re: | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER |

- Debra Riley     driley@allenmatkins.com
- James S Riley     tgarza@sierrafunds.com
- Todd C. Ringstad     becky@ringstadlaw.com
- R Grace Rodriguez     ecf@lorgr.com
- Martha E Romero     Romero@mromerolawfirm.com
- Ronald Rus     rrus@rusmiliband.com
- John P Schafer     jschafer@mandersonllp.com
- John E Schreiber     jschreiber@dl.com
- William D Schuster     bills@allieschuster.org
- Christopher P Simon     csimon@crosslaw.com
- Gerald N Sims     jerrys@psdslaw.com, bonniec@psdslaw.com
- Wendy W Smith     wendy@bindermalter.com
- Steven M Speier     Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)     Sspeier@asrmanagement.com, ca85@ecfcbis.com
- Michael St James     ecf@stjames-law.com
- Michael K Sugar     msugar@irell.com
- Cathy Ta     cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem     davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till     jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh     cgunruh@sbcglobal.net
- Annie Verdries     verdries@lbbslaw.com
- Jason Wallach     jwallach@gladstonemichel.com
- Joshua D Wayser     , kim.johnson@kattenlaw.com
- Marc J Winthrop     mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood     dwiseblood@seyfarth.com
- Brett K Wiseman     bwiseman@aalaws.com
- Dean A Ziehl     dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman     joshuasdaddy@att.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1