1
2
3
4

PAUL J. COUCHOT -- State Bar No. 131934
WINTHROP COUCHOT, P.C.
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
General Insolvency Counsel for
Palmdale Hills Property, LLC et. al. (the "Voluntary Debtors")

5
6
7
8
9

RONALD RUS - State Bar No. 67369
JOEL S. MILIBAND - State Bar No. 77438
RUS MILIBAND & SMITH
A PROFESSIONAL CORPORATION
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514
Counsel for SCC Acquisitions Inc.

10
11

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| 12 In re<br><br>13 PALMDALE HILLS PROPERTY, AND ITS<br>RELATED DEBTORS,<br><br>14 Joint Administered Debtors and<br>Debtors-in-Possession<br>15 | Case No. 8:08-bk-17206-ES<br><br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574 ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES |

16  Affects:

☐  All Debtors
17  ☐  Palmdale Hills Property, LLC
18  ☒  SunCal Beaumont Heights, LLC
☐  SCC/Palmdale, LLC
19  ☒  SunCal Johannson Ranch, LLC
20  ☐  SunCal Summit Valley, LLC
☐  SunCal Emerald Meadows LLC
21  ☐  SunCal Bickford Ranch, LLC
22  ☐  Acton Estates, LLC
☐  Seven Brothers LLC
23  ☐  SJD Partners, Ltd.
☐  SJD Development Corp.
24  ☐  Kirby Estates, LLC
25  ☐  SunCal Communities I, LLC
☐  SunCal Communities III, LLC
26  ☐  SCC Communities LLC
27  ☐  North Orange Del Rio Land, LLC
28  ☐  Tesoro SF LLC

Chapter 11 Proceedings

**THIRD AMENDED CHAPTER 11 PLANS AS MODIFIED FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF SUNCAL BEAUMONT HEIGHTS, LLC AND SUNCAL JOHANNSON RANCH, LLC [GROUP II: VOLUNTARY DEBTORS]**

**Confirmation Hearing**
Date:     October 24, 2011
Time:     9:30 a.m.
Place:    Courtroom 5A

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

*Continued from Previous Page*

☐ LBL-SunCal Oak Valley, LLC
☐ SunCal Heartland, LLC
☐ LBL-SunCal Northlake, LLC
☐ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☐ SunCal PSV, LLC
☐ Delta Coves Venture, LLC
☐ SunCal Torrance, LLC
☐ SunCal Oak Knoll, LLC

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

# TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION ............................................................................ 2

II.     DEFINITIONS AND RULES OF INTERPRETATION ........................................ 3
        2.1     Definitions ............................................................. 3
        2.2     Rules of Construction .................................................. 21
        2.3     Exhibits ............................................................... 22

III.    TREATMENT OF UNCLASSIFIED CLAIMS............................................ 22
        3.1     Introduction ........................................................... 22
        3.2     Treatment of Allowed Administrative Claims.............................. 22
        3.3     Repayment of Allowed Administrative Claims............................. 22
        3.4     Administrative Claims Bar Date ........................................ 23
        3.5     Treatment of Unsecured Tax Claims ..................................... 23

IV.     CLASSIFICATION OF CLAIMS AND INTERESTS .................................... 24

V.      THE PLAN'S TREATMENT OF CLASSIFIED CLAIMS
        AND INTERESTS................................................................. 25
        5.1     The Plan's Treatment of Holders of Allowed Secured Real
                Property Tax Claims on the Group II: Voluntary Projects
                (Classes 1.1 and 1.2). ................................................ 25
        5.2     The Plan's Treatment of Mechanics Lien Claims Against
                Group II: Voluntary Projects (Class 2.1). ............................. 26
        5.3     The Plan's Treatment of Holders of Priority Claims (Class 3.1).......... 27
        5.4     The Plan's Treatment of Holders of Allowed General Unsecured
                Claims (Class 4.1) .................................................... 27
        5.5     The Plan's Treatment of Holders of Allowed Interests .................. 27

VI.     ACCEPTANCE OR REJECTION OF THE PLAN ...................................... 27
        6.1     Introduction ........................................................... 27
        6.2     Who May Object to Confirmation of the Plan ............................ 28
        6.3     Who May Vote to Accept/Reject the Plan................................. 28
        6.4     What Is an Allowed Claim/Interest ..................................... 28
        6.5     What Is an Impaired Class ............................................. 28
        6.6     Who Is Not Entitled to Vote ........................................... 28
        6.7     Who Can Vote in More than One Class.................................... 29
        6.8     Votes Necessary for a Class to Accept the Plan ........................ 29
        6.9     Treatment of Nonaccepting Classes ..................................... 29
        6.10    Request for Confirmation Despite Nonacceptance by
                Impaired Class(es) .................................................... 30

VII.    MEANS OF EXECUTION AND IMPLEMENTATION OF THE PLAN.............. 30
        7.1     Introduction ........................................................... 30
        7.2     Sale Process of the Group II: Voluntary Projects During the
                Sale Period   ......................................................... 30

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

7.3   Establishment and Operations of the Plan Trust...........................................   33
7.4   Preservation and Pursuit of Litigation Claims and Recovery for the
Plan Trust   .........................................................................   33
7.5   Payment of Plan Trust Expenses...........................................................   34
7.6   The Plan Trust Distribution System.......................................................   34
7.7   The Plan Trustee ...............................................................................   34
7.8   The Plan Trust Beneficiaries................................................................   38
7.9   No Payment of Transfer-Related Fees to the United States Trustee ............   39
7.10  No Payment of Transfer-Related Fees to the Plan Trustee.........................   39
7.11  Books and Records of Trust................................................................   39
7.12  Federal Income Tax Treatment of the Holders of Plan 39
Trust Beneficial Interests ...................................................................   39
7.13  Termination of the Trust ....................................................................   40
7.14  Exemption from Certain Transfer Taxes ...............................................   41
7.15  Tax Consequences of the Plan ............................................................   41
7.16  The Voluntary Debtors' Committee ......................................................   41
7.17  Claims Estimation Rights ...................................................................   42

VIII.   DISTRIBUTIONS .........................................................................................   42
8.1   Distribution Agent ............................................................................   42
8.2   Distributions....................................................................................   43
8.3   Old Instruments and Securities ...........................................................   43

IX.   OBJECTION TO CLAIMS AND DISPUTED CLAIMS ......................................   45
9.1   Standing for Objections to Claims .......................................................   45
9.2   Treatment of Disputed Claims and Disputed Liens ................................   45

X.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES.................................   46
10.1  Executory Contracts to be Assumed and Assigned ................................   46
10.2  Executory Contracts to be Rejected......................................................   49

XI.   LIMITATION OF LIABILITY .......................................................................   50
11.1  No Liability for Solicitation or Participation.........................................   50

XII.   CONDITIONS TO CONFIRMATION AND EFFECTIVENESS
OF THE PLAN ...........................................................................................   50
12.1  Conditions Precedent to Plan Confirmation .........................................   50
12.2  Conditions Precedent to Plan Effectiveness ..........................................   50

XIII.   RETENTION OF JURISDICTION .................................................................   50

XIV.   MODIFICATION OR WITHDRAWAL OF THE PLAN......................................   52
14.1  Modification of Plan .........................................................................   52
14.2  Nonconsensual Confirmation.............................................................   52

XV.   EFFECT OF CONFIRMATION ....................................................................   52
15.1  Discharge   .......................................................................................   52
15.2  Revesting of the Assets......................................................................   53

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1        15.3    Exculpation and Releases ................................................................. 53

2    XVI.    MISCELLANEOUS .............................................................................. 53
3        16.1    Payment of Statutory Fees .............................................................. 53
         16.2    Changes in Rates Subject to Regulatory commission Approval ................... 54
4        16.3    Payment Dates ................................................................................ 54
         16.4    Headings ........................................................................................ 54
5        16.5    Other Documents and Actions ......................................................... 54
         16.6    Notices .......................................................................................... 54
6        16.7    Governing Law ................................................................................ 55
         16.8    Binding Effect ................................................................................ 55
7        16.9    Successors and Assigns ................................................................... 55
         16.10   Severability of Plan Provisions ....................................................... 55
8        16.11   No Waiver ...................................................................................... 56
9        16.12   Inconsistencies ............................................................................... 56
         16.13   Exemption from Certain Transfer Taxes and Recording Fees.................. 56
10       16.14   Post-Confirmation Status Report ..................................................... 56
         16.15   Post-Confirmation Conversion/Dismissal ......................................... 57
11       16.16   Final Decree .................................................................................... 58

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

# I.

## INTRODUCTION

These Plans[1] are proposed respectively by, and accompanying Disclosure Statement is filed jointly by, SunCal Beaumont Heights, LLC and SunCal Johannson, LLC (the "Group II: Voluntary Debtors"), in their respective Chapter 11 Cases in their capacities as debtors in possession, and by Acquisitions, as the SunCal Proponents. In addition to being one of the SunCal Plan Proponents, Acquisitions is also the Plan Sponsor, the Plan Trustee of the Plan Trust, and the Distribution Agent for each Group II: Voluntary Debtor's Plan that is confirmed.

In summary, the Plans provide for sale of the Beaumont Heights Project and the Johannson Ranch Project (the "Group II: Voluntary Projects"), and for the liquidation of all other assets of the Group II: Voluntary Debtors. The Net Sales Proceeds from these sales will then be distributed to Creditors holding Allowed Claims in accordance with their rights and priorities under the Bankruptcy Code and under any other applicable law. Based upon the SunCal Plan Proponents' analysis of the value of the Group II: Voluntary Projects, and the amount of Allowed Claims against the estates of the respective Group II: Voluntary Debtors, there is a reasonable likelihood that all Allowed Claims will be paid in full under the Plan.

Although substantially similar Plans are being filed in the Cases of both Group II: Voluntary Debtors, confirmation of each Plan is independent of each others. In other words, the Creditors in each Case will determine, subject to Court approval, whether the applicable Plan will be approved in their Case. Accordingly, a Plan may be confirmed in one of the Group II: Voluntary Debtors Cases, but not in the other.

The Plans are accompanied by the Disclosure Statement. The Disclosure Statement has been approved by the Court. It is being provided along with the Plans in order to provide you with critical information about the Group II: Voluntary Debtors and to help you understand the Plans.

---

[1] All defined terms used herein have the same meanings as set forth in Article II herein and Exhibit "1" attached to the Disclosure Statement.

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

## II.

## DEFINITIONS AND RULES OF INTERPRETATION

### 2.1 Definitions.

The following defined terms are used in the Plans.  Any capitalized term that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or Bankruptcy Rules.

2.1.1    Acquisitions.  SCC Acquisitions, Inc., a California corporation, an indirect parent company of all of the Debtors, a purported Bond Indemnitor, a Creditor of all of the Debtors, a SunCal Plan Proponent, the Plan Sponsor and the proposed Plan Trustee.

2.1.3    Acton Estates.  Acton Estates, LLC, a Delaware limited liability, and the owner of the Acton Project.

2.1.4    Acton Project. The Project owned by Acton Estates, located in Los Angeles County, California, as more particularly described herein.

2.1.5    Administrative Claim(s).  Any Claim against a Group II: Voluntary Debtor or its Estate  incurred after the applicable Petition Date for the applicable Group II: Voluntary Debtor but before the Effective Date, for any cost or expense of administration of the Case of the applicable Group II: Voluntary Debtor, which Claim is entitled to priority under section 507(a)(2) or (3) of the Bankruptcy Code, including, without limitation, any fee or charge assessed against an Estate of a Group II: Voluntary Debtor under section 1930 of Title 28 of the United States Code.

2.1.6    Administrative Claims Bar Date.  The last date fixed by the Plan for the filing of requests for payment of Administrative Claims.  Under the Plan, the Administrative Claims Bar Date shall be the first business day after the twenty-first (21st) day after the Effective Date.

2.1.7    Affiliate.  The term shall have the meaning set forth under Section 101(2), including, but not limited to, as to any Person, any other Person that directly or indirectly owns or controls, is owned or controlled by, or is under common ownership or control with, such Person. The term "control" (including, with correlative meanings, the terms "controlled by" and "under common control with"), as applied to any Person, means the possession, direct or indirect, of the

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-SunCal_3rd_Am_Group_II_VD_Plan.DOC

power to direct or cause the direction of the management and policies of such Person, whether

through the ownership of voting securities or other equity ownership interest, by contract or

otherwise.

      2.1.8    Allowed.  When used to describe Claim(s) or Interest(s), such Claim(s) or

Interest(s), to the extent that it or they are "Allowed Claim(s)" or "Allowed Interest(s)."

      2.1.9    Allowed Amount shall mean:

      A.    With respect to any Administrative Claim (i) if the Claim is based

upon a Fee Application, the amount of such Fee Application that has been approved by a Final

Order of the Bankruptcy Court; (ii) if the Claim is based upon any indebtedness or obligation

incurred in the ordinary course of business of the Group II: Voluntary Debtors and is not otherwise

subject to an Administrative Claim Bar Date, the amount of such Claim that has been agreed to by

the Group II: Voluntary Debtors and such creditor, failing which, the amount thereof as fixed by a

Final Order of the Bankruptcy Court; or (iii) if the Holder of such Claim was required to file and

has filed proof thereof with the Bankruptcy Court prior to an Administrative Claim Bar Date,

(1) the amount stated in such proof if no objection to such Proof of Claim is interposed within the

applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy

Court, or (2) the amount thereof as fixed by Final Order of the Bankruptcy Court if an objection to

such proof was interposed within the applicable period of time fixed by the Bankruptcy Code, the

Bankruptcy Rules or the Bankruptcy Court.  The Allowed Amount of any Administrative Claim

which is subject to an Administrative Claims Bar Date and not filed by the applicable

Administrative Claims Bar Date shall be zero, and no distribution shall be made on account of any

such Administrative Claim;

      B.    with respect to any Claim which is not an Administrative Claim

(the "Other Claim"):  (i) if the Holder of such Other Claim did not file proof thereof with the

Bankruptcy Court on or before the Claims Bar Date, the amount of such Claim as listed in the

Group II: Voluntary Debtors'' Schedules as neither disputed, contingent nor unliquidated; or (ii) if

the Holder of such Claim has filed proof thereof with the Bankruptcy Court on or before the

Claims Bar Date, (a) the amount stated in such proof if no objection to such Proof of Claim was

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules, the Plan or the Bankruptcy Court, or (b) the amount thereof as fixed by Final Order of the Bankruptcy Court if an objection to such proof was interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules, the Plan or the Bankruptcy Court.  The Allowed Amount of any Other Claim which is not Filed by the applicable Claims Bar Date, is not listed on the Group II: Voluntary Debtors' Schedules or is listed as disputed, unliquidated, contingent or unknown, and is not allowed under the terms of this Plan shall be zero, and no distribution shall be made on account of any such Claim; and

C.    with respect to any Interest, (i) the amount provided by or established in the records of the Group II: Voluntary Debtors at the Confirmation Date, provided, however, that a timely filed proof of Interest shall supersede any listing of such Interest on the records of the Group II: Voluntary Debtors; or (ii) the amount stated in a proof of Interest Filed prior to the Confirmation Date if no objection to such Interest was filed prior to the Confirmation Date or such later date as the Bankruptcy Court allows; or (iii) the amount of such Interest as fixed by a Final Order of the Bankruptcy Court.

2.1.10    Allowed Claim.  Except as otherwise provided in the Plan (including with respect to those Classes for which the amount of the Allowed Claims is specified by the Plan), a Claim to the extent (and only to the extent) of the Allowed Amount of such Claim.

2.1.11    Allowed Interest.  Any Interest to the extent, and only to the extent, of the Allowed Amount of such Interest.

2.1.12    Allowed Secured Claims.  All or -a portion of a Secured Claim that is an Allowed Claim.

2.1.13    Allowed Unsecured Claim. All or a portion of an Unsecured Claim that is an Allowed Claim.

2.1.14    Assets.  All assets that are property of the Debtor(s) pursuant to Bankruptcy Code Section 541.

2.1.15    Arch.  Arch Insurance Company, a Bond Issuer.

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

2.1.16 <u>Available Cash</u>. Each Group II: Voluntary Debtors' Cash deposited into the applicable Distribution Account(s) on or after the Effective Date that is available for making Distributions under the Plan to Holders of Allowed Administrative, Priority, and Unsecured Claims. The Available Cash shall consist of the respective Group II: Voluntary Debtors' cash on hand as of the Effective Date that is not subject to a Disputed Lien, proceeds of Net Litigation Recoveries that are not subject to a Disputed Lien, Net Sales Proceeds that become Available Cash upon the disallowance of a Disputed Claim or avoidance of a Disputed Lien purportedly encumbering such Cash, or proceeds from the LitCo Plan Loan. All Available Cash shall be deposited into the applicable Distribution Account(s). Available Cash shall not include Net Sale Proceeds in the Net Sales Proceeds Account where the Disputed Secured Claims are Allowed but subject to an equitable subordination judgment.

2.1.17 <u>Avoidance Actions</u>. All Claims and defenses to Claims accruing to the Group II: Voluntary Debtors and their Estates under Bankruptcy Code Sections 506(d), 510(c), 541, 544, 545, 547, 548, 549, 550, or 551.

2.1.18 <u>Bankruptcy Code</u>. The United States Bankruptcy Code.

2.1.19 <u>Bankruptcy Court</u>. The United States Bankruptcy Court for the Central District of California, having jurisdiction over the Cases and, to the extent of any withdrawal of the reference made pursuant to Section 157 of title 28 of the United States Code, the United States District Court for the Central District of California; or, in the event such courts cease to exercise jurisdiction over the Cases, such court or unit thereof that exercises jurisdiction over the Cases in lieu thereof.

2.1.20 <u>Bankruptcy Rules</u>. Collectively, as now in effect or hereafter amended and as applicable to the Cases, (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local Bankruptcy Rules and General Orders applicable to cases pending before the Bankruptcy Court.

2.1.21 <u>Beaumont Heights Project</u>. The Project owned by SunCal Beaumont, located in the City of Beaumont, California, as more particularly described herein.

2.1.22 <u>Beaumont Heights Break-up Fee</u>. Pursuant to the Diamond Valley Purchase Offer, there is no required breakup fee thereunder. If Diamond Valley or another Insider

-6-
MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

is not the Stalking Horse Bidder, the break up fees is T~~t~~he amount equal to 2.5% of the Minimum Sales Price for the Beaumont Heights Project that will be paid to the Stalking Horse Bidder that submits the Opening Bid for the Beaumont Heights Project, if such Stalking Horse Bidder is not the Winning Bidder.

2.1.23    <u>Beneficial Interests</u>. C~~means, c~~ollectively, the interests of the holders of Allowed Unsecured Claims in the Plan Trust and in all distributions to be made by the Plan Trust on account of Allowed Unsecured Claims. The Beneficial Interests (a) shall be noted in the books and records of the Plan Trust, (b) shall not be evidenced by a writing, and (c) may not be transferred, sold, assigned or transferred by will, intestate succession or operation of law without written notification to the Plan Trustee confirming and acknowledging the transfer by both the holder and the transferee.

2.1.24    <u>Bond Claim(s)</u>.  Any Claim against the Debtor(s) and a Bond Issuer under various payment or performance bonds, and/or any claims of Bond Issuer(s) against the Debtor(s) under various payment or performance bonds.

2.1.25    <u>Bond Claimant</u>.  Holder(s) of a Bond Claim.

2.1.26    <u>Bond Indemnitors</u>.  The individuals and entities that are allegedly liable on the Bond Indemnification Claims, including, allegedly, all of the Debtors, Acquisitions, all Affiliates of Acquisitions, and Elieff.

2.1.27    <u>Bond Issuer(s)</u>.  Bond Safeguard, Lexon and Arch in their capacities as issuers and sureties for payment and performance bonds for the benefit of certain of the Debtors.

2.1.28    <u>Bond Safeguard</u>.  Bond Safeguard Insurance Company, a Bond Issuer.

2.1.29    <u>Business Day</u>.  Any day, other than a Saturday, a Sunday or a "legal holiday," as defined in Bankruptcy Rule 9006(a).

2.1.30    <u>Cases</u>.  The Chapter 11 cases of the Group II: Voluntary Debtors pending before the Bankruptcy Court.

2.1.31    <u>Cash</u>.  Currency of the United States of America and cash equivalents, including, but not limited to, bank deposits, immediately available or cleared checks, drafts, wire transfers and other similar forms of payment.

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1          2.1.32    <u>CFD Bonds</u>.  Community facilities district bonds issued by a

2    governmental entity.

3          2.1.33    <u>Claim</u>.  This term shall have the broadest possible meaning under

4    Section 101(5) of the Bankruptcy Code, and shall include (a) any right to payment from any of the

5    Group II: Voluntary Debtors, whether or not such right is reduced to judgment, liquidated,

6    unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable,

7    secured, or unsecured, or (b) any right to an equitable remedy for breach of performance if such

8    breach gives rise to a right of payment from any of the Group II: Voluntary Debtors, whether or

9    not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured,

10   unmatured, disputed, undisputed, secured, or unsecured.

11         2.1.34    <u>Claims Bar Date</u>.  For any Claim the exceptions noted below, March 31,

12   2009, which was established by the Bankruptcy Court as the last date for creditors to file Proof of

13   Claims with the Bankruptcy Court in all of the Group II: Voluntary Debtors' cases, except for the

14   following: (a) Administrative Claims, for which the Administrative Claims Bar Date shall apply,

15   (b) claims arising from rejection of executory contracts or unexpired leases pursuant to 11 U.S.C.

16   § 365, for which the last day to file a proof of claim is (i) 30 days after the date of entry of the

17   order authorizing the rejection, or (ii) March 31, 2009, whichever is later, (c) claims of

18   "governmental units," as that term is defined in 11 U.S.C. § 101(27), for which proofs of claim are

19   timely filed if filed: (i) before 180 days after the date of the Order for Relief in this case, or (ii) by

20   March 31, 2009, whichever is later (11 U.S.C. § 502(b)(9)), and (d) claims arising from the

21   avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a proof of

22   claim is 30 days after the entry of judgment avoiding the transfer or March 31, 2009, whichever is

23   later.

24         2.1.35    <u>Claims Objection Deadline</u>.  The later of (i) the first business day

25   following the one hundred and eightieth (180th) day after the Effective Date, or (ii) such greater

26   period of limitation as may be fixed or extended by the Bankruptcy Court or by agreement

27   between the Plan Trustee and the Holder of the Claim.

28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1           2.1.36    <u>Claim Objection Reduction Amount</u>. The amount of Net Sales Proceeds

2  that is made available to the holders of Allowed Unsecured Claims due to the entry of a judgment

3  or order on a Lehman Claim Objection that disallows, reduces, or otherwise adversely modifies the

4  secured claims filed by the Lehman Lenders.

5           2.1.37    <u>Class</u>.  Each group of Claims or Interests classified in Article V of the

6  Plan pursuant to Sections 1122 and 1123 of the Bankruptcy Code.

7           2.1.38    <u>Confirmation Date</u>.  The date on which the Confirmation Order is entered

8  in the Bankruptcy Court's docket.

9           2.1.39    <u>Confirmation Order</u>.  The order entered by the Bankruptcy Court

10  confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

11           2.1.40    <u>Contract Action</u>. The action filed by certain Voluntary Debtors against

12  Lehman ALI, Inc., and certain other defendants, in California Superior Court for the County of

13  Orange (Case No. 30-2011-0040847-CU-BC-CJC), that was removed to the bankruptcy court as

14  Adv.  No. 8:11-ap-01212-ES, with a reservation of rights to add the Plan Trustee and/or the

15  Trustee Debtors as additional plaintiffs therein.

16           2.1.41    <u>Creditor</u>.  Any Person who is the Holder of a Claim against any Debtor

17  that arose or accrued or is deemed to have arisen or accrued or to have matured, or otherwise

18  become due, owing, and payable on or before the Petition Date, including, without limitation,

19  Claims of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code.

20           2.1.42    <u>Debtor(s)</u>.  Individually or collectively, the Voluntary Debtors and the

21  Trustee Debtors, as specifically defined in Exhibit "1" attached to the Disclosure Statement.

22           2.1.43    <u>Debtor(s)-in-Possession</u>.  The Voluntary Debtor(s) in their capacity as

23  representatives of their respective Estates in their respective Chapter 11 Cases.

24           2.1.44    Diamond Valley.  Diamond Valley Land LLC, a Delaware limited liability

25  company, or its designee.  Diamond Valley shall be the Stalking Horse Bidder based upon the

26  occurrence of certain condition set forth in Section 2.1.45 below.  Diamond Valley is indirectly

27  owned by Stephan Elieff.  Stephan Elieff is the brother of Bruce Elieff.

28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

2.1.43  2.1.45  Diamond Valley Purchase Offer.  The Diamond Valley Purchase offer is for the Group II: Voluntary Debtor Projects.  The Diamond Valley Purchase Offer is conditioned upon appropriate findings of the Court establishing that Diamond Valley is entitled to the protection afforded by Bankruptcy Code Section 363(m) in connection with the negotiation, execution, delivery, and consummation of the sale(s).

2.1.44  2.1.46  Disclosure Statement.  The document accompanying the Plan that is entitled "Third Amended Disclosure Statement Describing Third Amended Chapter 11 Plan Filed by SunCal Plan Proponents In The Chapter 11 Cases Of SunCal Beaumont Heights, LLC and SunCal Johannson Ranch, LLC [Group II: Voluntary Debtors]," as amended and with all accompanying exhibits.

2.1.45  2.1.47  Disputed Claim(s).  All or any part of a Claim other than any Allowed Amount thereof as to which any one of the following applies: (i) no Proof of Claim has been filed with respect to such Claim, and either (a) the Claim is not listed in the Schedules; or (b) the Claim is listed in the Schedules as unliquidated, disputed, contingent, unknown or in a zero amount, (ii) the Claim is the subject of (a) an unresolved Litigation Claim; (b) the Claim is subject to offset by a Litigation Claim; (c) a timely objection to such Claim that has not been resolved by a Final Order; or (d) a request for estimation in accordance with the Bankruptcy Code, the Bankruptcy Rules, any applicable order of the Bankruptcy Court, or the Plan which is Filed on or before the Claims Objection Deadline, which Adversary Proceeding, objection, or request for estimation has not been dismissed, withdrawn or determined by a Final Order; or (iii) the Claim is otherwise treated as a "Disputed Claim" pursuant to the Plan.

2.1.46  2.1.48  Disputed Lien(s).  An asserted lien(s) against Assets of the Debtor(s) that is either subject to a Disputed Secured Claim, not duly perfected, subject to an Avoidance Action, or subject to an action pursuant to Bankruptcy Code Sections 510(c)(2) and/or 506(d). However, pursuant to Section 506(d)(2), a lien is not disputed merely because it secures a claim that "is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title."

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1        ~~2.1.47~~ 2.1.49   Disputed Secured Claim(s). That part of a Disputed Claim that is a

2 Secured Claim.

3        ~~2.1.48~~ 2.1.50   Distribution(s).   Payments to Holders of Allowed Claims provided

4 for under the Plan.

5        ~~2.1.49~~ 2.1.51   Distribution Agent.   The entity that is responsible for making

6 Distributions under the Plan, which shall be Acquisitions.

7        ~~2.1.50~~ 2.1.52     Distribution Account(s).   Separate account(s) to be established

8 by the Plan Trustee at an FDIC insured bank into which each Group II: Voluntary Debtors'

9 Available Cash shall be deposited and all Available Cash received by the Plan Trust after the

10 Confirmation Date.

11        ~~2.1.51~~ 2.1.53   Distribution Date.   With respect to any Allowed Claim or Allowed

12 Interest, the date on which a Distribution is required to be made under the Plan.

13        ~~2.1.52~~ 2.1.54   Effective Date. A date selected by the SunCal Plan Proponents that

14 is not later than the thirtieth (30th) calendar day after the Confirmation Date of the applicable

15 Group II: Voluntary Debtor's Plan, and provided there is no stay pending appeal of the

16 Confirmation Order, in which case the Effective Date shall be tolled until the dissolution of such

17 stay.   The Effective Date may be extended by the Bankruptcy Court after notice and hearing to all

18 parties in interest.

19        ~~2.1.53~~ 2.1.55   Elieff.   Bruce Elieff, the president of Acquisitions, a purported Bond

20 Indemnitor with alleged corresponding indemnity Claims against the Debtors.

21        ~~2.1.54~~ 2.1.56   Estates.   The bankruptcy estates of the Group II: Voluntary Debtors

22 created pursuant to Section 541 of the Bankruptcy Code.

23        ~~2.1.55~~ 2.1.57   Fee Applications.   Applications of Professional Persons under

24 Sections 330, 331 or 503 of the Bankruptcy Code for allowance of compensation and

25 reimbursement of expenses in the Cases.

26        ~~2.1.56~~ 2.1.58   Fee Claim.   A Claim under Sections 330 or 503 of the Bankruptcy

27 Code for allowance of compensation and reimbursement of expenses in the Cases.

28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    ~~2.1.57~~ 2.1.59  Filed.  Delivered to, received by and entered upon the legal docket

2    by the Clerk of the Bankruptcy Court.  "File" shall have a correlative meaning.

3    ~~2.1.58~~ 2.1.60  Final Order.  A judgment, order, ruling or other decree issued and

4    entered by the Bankruptcy Court that has not been reversed, stayed, modified or amended.

5    ~~2.1.59~~ 2.1.61  General Unsecured Claim.  A Claim against a Group II: Voluntary

6    Debtor that is not (a) a Secured Claim, (b) an Administrative Claim, (c) a Tax Claim or (d) a

7    Priority Claim.

8    ~~2.1.60~~ 2.1.62  Group II: Voluntary Debtors. SunCal Beaumont Heights, LLC and

9    SunCal Johannson, LLC.

10    ~~2.1.61~~ 2.1.63  Group II: Voluntary Projects. Beaumont Heights Project and

11    Johannson Ranch Project.

12    ~~2.1.62~~ 2.1.64  Holder.  The beneficial owner of any Claim or Interest.

13    ~~2.1.63~~ 2.1.65  Initial Overbid. The Initial Overbid is the first Qualifying Bid after

14    the Opening Bid that is equal to or in excess of the Initial Overbid Amount.

15    ~~2.1.64~~ 2.1.66  Initial Overbid Amount. In the case of Beaumont Heights Project, if

16    Diamond Valley or another Insider is not the Stalking Horse Bidder, the Initial Overbid Amount is

17    a sum that is not less than the sum of the applicable Opening Bid, the Beaumont Heights Project

18    Break-up Fee and the Minimum Increment. If Diamond Valley or another Insider is the Stalking

19    Horse Bidder, the Initial Overbid Amount is a sum that is not less than the sum of the applicable

20    Opening Bid, and the Minimum Increment.  In the case of the Johannson Ranch Project, if

21    Diamond Valley or another Insider is not the Stalking Horse Bidder, the Initial Overbid Amount is

22    a sum that is not less than the sum of the applicable Opening Bid, the Johannson Project Break-up

23    Fee and the Minimum Increment.  If Diamond Valley or another Insider is the Stalking Horse

24    Bidder, the Initial Overbid Amount is a sum that is not less than the sum of the applicable Opening

25    Bid, and the Minimum Increment.

26    ~~2.1.65~~ 2.1.67  Insider.  The term shall have the broadest meaning possible under

27    Section 101(31), including, but not limited to, a person in control of the Debtor, Affiliates and

28    Insiders of such Affiliates.

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1     ~~2.1.66~~ 2.1.68  Interest.  Any equity security interest in any Group II: Voluntary

2    Debtor within the meaning, of Section 101(16) of the Bankruptcy Code, including, without

3    limitation, any equity ownership interest in any of the Group II: Voluntary Debtors, whether in the

4    form of common or preferred stock, stock options, warrants, partnership interests, or membership

5    interests.

6     ~~2.1.67~~ 2.1.69  Johannson Ranch Project.  The Project owned by SunCal Johannson,

7    located in the City of Modesto, California, as more particularly described in Exhibit 1.

8     2.1.70    Johannson Ranch Break-up Fee.  Pursuant to the Diamond Valley

9    Purchase Offer, there is no required breakup fee thereunder.  If Diamond Valley or another Insider

10   is not the Stalking Horse Bidder, t~~T~~he amount equal to 2.5% of the Minimum Sales Price for the

11   Johannson Ranch Project that will be paid to the Stalking Horse Bidder that submits the Opening

12   Bid for the Johannson Ranch Project, if such Stalking Horse Bidder is not the Winning Bidder.

13    ~~2.1.68~~ 2.1.71    Land Advisors.  Park Place Partners, Inc., a California

14   corporation, dba Land Advisors Organization, the proposed real estate professional designated to

15   manage the SunCal Proponents' proposed sales under their applicable Plans.

16    ~~2.1.69~~ 2.1.72  LBHI.  Lehman Brothers Holdings, Inc., a Lehman Entity, the parent

17   company of Lehman ALI and LCPI, and a Chapter 11 debtor in a bankruptcy proceeding pending

18   in the Bankruptcy Court for the Southern District of New York.

19    ~~2.1.70~~ 2.1.73  LCPI.  Lehman Commercial Paper, Inc., a Chapter 11 debtor in a

20   bankruptcy proceeding pending in the Bankruptcy Court for the Southern District of New York.

21    ~~2.1.71~~ 2.1.74    Legal Rate.  The rate of interest payable on judgments

22   obtained in the United States District Courts as set forth in 28 U.S.C. § 1961.  The rate applicable

23   under the Plan is 1.44% per annum, representing the applicable rate on November 6, 2008.

24    ~~2.1.72~~ 2.1.75  Lehman Adversary Proceeding.  The Debtors' pending adversary

25   proceeding against the Lehman Lenders and/or the Lehman Successors asserting various causes of

26   action including equitable subordination, fraudulent conveyances and preferential transfers.

27    ~~2.1.73~~ 2.1.76  Lehman ALI.  Lehman ALI, Inc.

28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    ~~2.1.74~~ 2.1.77  Lehman Entities.  The Lehman Lenders, the Lehman Equity

2    Members and LBHI.

3    ~~2.1.75~~ 2.1.78  Lehman Lenders.  Lehman ALI, LCPI, Northlake Holdings, and

4    OVC Holdings.

5    ~~2.1.76~~ 2.1.79  Lehman Representatives.  The individuals that controlled the

6    Lehman Entities.

7    ~~2.1.77~~ 2.1.80  Lehman 502(d) Objection. A claim objection filed with respect to

8    certain claims filed by the Lehman Lenders that based upon Section 502(d) of the bankruptcy

9    code.

10   ~~2.1.78~~ 2.1.81  LitCo  A Delaware limited liability company that will be formed for

11   the purpose of funding the LitCo Plan Loan.

12   ~~2.1.79~~ 2.1.82  LitCo Plan Loan.  A loan and/or other security that will be provided

13   ~~made~~ by LitCo to the extent necessary to pay ~~Allowed Priority Claims,~~ Allowed Administrative

14   Claims, Allowed Priority Claims, and to pay Post Confirmation Expenses incurred by the Plan

15   Trust, the Plan Trustee and its professionals and to the Voluntary Debtors' Committee and its

16   professionals if no other source is available from the applicable Group II: Voluntary Debtor's

17   Assets.  The Litco Plan Loan shall also include a letter of credit or cash deposit in such amount

18   required by the Bankruptcy Court, if any, to the extent necessary to establish the feasibility of the

19   Plan(s).

20   ~~2.1.80~~ 2.1.83  Litigation Claims.   Any and all interests of the Group II: Voluntary

21   Debtors in any and all Claims, rights, causes of action, and objections or defenses to Claims, liens,

22   rights, or causes of action which have been or may be commenced by the Group II: Debtor(s), or

23   the Voluntary Debtors' Committee as the case may be, including, but not limited to, any

24   (i) Avoidance Actions; (ii) for turnover of property to the Group II: Voluntary Debtors' Estates

25   and/or the Plan Trust; (iii) for the recovery of property or payment of money that belongs to the

26   Debtors' Estates or the Plan Trust; (iv) the right to compensation in the form of damages,

27   recoupment or setoff of the Debtors' Estates and/or the Plan Trust; (v) the Lehman Adversary

28

-14-
MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    Proceeding; (vi) the Contract Action, and (vii) any and all other Claims against Lehman's

2    Disputed Claims and/or Disputed Liens referenced in the Plan or the Disclosure Statement.

3                2.1.81  2.1.84  Litigation Recoveries.  Any Cash or other property received by the

4    Chapter 11 Trustee, the Group II: Voluntary Debtors, the Voluntary Debtors' Committee and/or

5    the Plan Trust, as the case may be, from all or any portion of a Litigation Claim(s), including, but

6    not limited to, awards of damages, attorneys' fees and expenses, interest and punitive damages,

7    whether recovered by way of settlement, execution on judgment or otherwise.

8                2.1.82  2.1.85  Litigation Rights. Any Claims held by a party against the Group II:

9    Voluntary Debtors, and if applicable, against third parties arising or relating to the Claim against

10   the applicable Group II Voluntary Debtor, that have not been fixed in a final judgment prior to the

11   Effective Date.

12                2.1.83  2.1.86      Maximum Distribution.  A Distribution to a Holder of an

13   Allowed Unsecured Claim against a Group II: Voluntary Debtor equal to one hundred percent

14   (100%) of the amount of the Holder's Allowed General Unsecured Claim plus interest at the Legal

15   Rate from and as of the Group II: Voluntary Debtor's Petition Date.

16                2.1.84  2.1.87      MB Firm.  Miller Barondess, LLP.

17                2.1.85  2.1.88      Mechanic Lien Claims.  Mechanic Lien Claims arising pursuant

18   to California Civil Code §3110, et seq. that were either allegedly perfected prepetition or

19   otherwise allegedly satisfy the requirements of Bankruptcy Code 546(b).

20                2.1.86  2.1.89      Minimum Increment.  Minimum Increment applicable to the

21   sales of the Group II: Voluntary Projects are the following: twenty-five thousand dollars ($25,000)

22   for the Beaumont Heights Project and fifteen thousand dollars ($15,000) for the Johannson Ranch

23   Project.

24                2.1.87  2.1.90  Minimum Sale Price. The minimum gross sale price that must be

25   paid for each Group II Project before such projects can be sold pursuant to the Plan, which prices

26   are the following: Beaumont Height Project - $900,000 and Johannson Ranch Project - $600,000.

27

28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    ~~2.1.88~~ 2.1.91  Net Litigation Recoveries.  Litigation Recoveries less associated

2    Administrative Claims and Post-Confirmation Expenses incurred in connection with such

3    Litigation Recoveries.

4    ~~2.1.89~~ 2.1.92  Net Sales Proceeds.  The Cash generated from the sale(s) or

5    liquidation of the Group II: Voluntary Debtor(s)' Assets or the Plan Trust's Assets, less payment

6    of selling expenses, taxes, Chapter 11 Trustee fees, and any associated Post-Confirmation

7    Expenses and Administrative Claims incurred in furtherance of such sales or liquidation of such

8    Assets.

9    ~~2.1.90~~ 2.1.93  Net Sales Proceeds Account(s).  Separate account(s) that will be

10    established by the Plan Trustee at an FDIC insured bank into which all Net Sale Proceeds shall be

11    deposited from the sale of Assets that were allegedly encumbered by a Disputed Secured Claim(s)

12    and/or a Disputed Lien(s).  There shall be a separate Net Sales Proceeds Account for the Net Sale

13    Proceeds allegedly subject to each Disputed Secured Claim(s) and/or Disputed Lien(s), except

14    where there are two Disputed Liens on a single Project, in which case, there shall be a single

15    account for the proceeds generated from that Project.  The Disputed Secured Claim(s) and/or

16    Disputed Lien(s) shall attach to the corresponding Net Sales Proceeds Account(s) pending any

17    Final Order(s) of the Bankruptcy Court resolving the applicable Disputed Secured Claim(s) and/or

18    applicable Disputed Lien(s).  To the extent that a particular Disputed Claim is disallowed or a

19    particular Disputed Lien is avoided (other than transferred to the Estates pursuant to Bankruptcy

20    Code Section 510(c)(2)) or otherwise invalidated, such Net Sales Proceeds allegedly subject

21    thereto shall become Available Cash and shall be transferred to the applicable Distribution

22    Account(s).  To the extent that a particular Disputed Secured Claim and a Disputed Lien are

23    allowed and deemed valid but subject to the equitable subordination causes of action in the

24    Lehman Adversary Proceeding, the funds shall remain in the Net Sales Accounts pending a Final

25    Order on the equitable subordination causes of action in the Lehman Adversary Proceeding.

26    ~~2.1.91~~ 2.1.94  Opening Bid.  Opening Bid means the offer by a Qualified Bidder

27    for one, or both of the Group II: Voluntary Projects, which is equal to the Minimum Sale Price(s)

28    accepted by the Debtor for either one or both of the Group II: Voluntary Projects.

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    ~~2.1.92~~ 2.1.95  Orders for Relief Date.  The following are dates that orders for relief

2    were entered for each of the Trustee Debtors:

| SunCal Oak Valley | January 6, 2009 |
|---|---|
| SunCal Heartland | January 6, 2009 |
| SunCal Northlake | January 6, 2009 |
| SunCal Marblehead | January 6, 2009 |
| SunCal Century City | January 6, 2009 |
| SunCal PSV | January 6, 2009 |
| Delta Coves | January 6, 2009 |
| SunCal Torrance | January 6, 2009 |
| SunCal Oak Knoll | January 6, 2009 |

9    ~~2.1.93~~ 2.1.96      Person.  An individual, partnership, corporation, limited liability

10   company, business trust, joint stock company, trust, unincorporated association, joint venture,

11   governmental authority, governmental unit, committee or other entity of whatever nature.

12   ~~2.1.94~~ 2.1.97      Petition Dates.  The following are dates that each of the

13   Voluntary Debtors filed their Voluntary Chapter 11 petitions or Creditors filed involuntary

14   Chapter 11 petitions against the Trustee Debtors:

| Palmdale Hills | November 6, 2008 |
|---|---|
| SunCal Beaumont | November 6, 2008 |
| SCC Palmdale | November 7, 2008 |
| SunCal Johannson | November 7, 2008 |
| SunCal Summit Valley | November 7, 2008 |
| SunCal Emerald | November 7, 2008 |
| SunCal Bickford | November 7, 2008 |
| Acton Estates | November 7, 2008 |
| Seven Brothers | November 7, 2008 |
| SJD Partners. | November 7, 2008 |
| SJD Development | November 7, 2008 |
| Kirby Estates | November 7, 2008 |
| SunCal I | November 7, 2008 |
| SunCal III | November 7, 2008 |
| SCC Communities | November 19, 2008 |
| Del Rio | November 19, 2008 |
| Tesoro | November 19, 2008 |
| Delta Coves Ventures, LLC | November 14, 2008 |
| SunCal Heartland, LLC | November 12, 2008 |
| SunCal Marblehead, LLC | November 12, 2008 |
| LB-L-SunCal Northlake, LLC | November 12, 2008 |

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

| LB-L-SunCal Oak Valley, LLC | November 12, 2008 |
| SunCal Century City, LLC | November 14, 2008 |
| SunCal PSV, LLC | November 14, 2008 |
| SunCal Torrance Properties, LLC | November 14, 2008 |
| SunCal Oak Knoll, LLC | November 19, 2008 |

2.1.95  2.1.98      Plan(s).  The Third Amended Chapter 11 Plan As Modified for the Group II: Voluntary Debtors together with the Exhibits thereto, as the same may be amended or modified from time to time in accordance with the Plan.

2.1.96  2.1.99      Plan Period. The period from the Effective Date to the Plan Termination Date.

2.1.97  2.1.100      Plan Termination Date. The fifth (5th) anniversary date of the Effective Date, unless the Plan elects and earlier date.

2.1.98  2.1.101      Plan Sponsor.  The entity that has committed to cause and/or arrange the funding of certain specified obligations under the Plan on or after the Effective Date. The Plan Sponsor is Acquisitions.

2.1.99  2.1.102      Plan Trust.  A liquidating trust to be established prior to or on the Effective Date, with Acquisitions as the Plan Trustee and the Holders of Allowed Claims against the Debtors as the beneficiaries. The purpose of the Plan Trust will be to liquidate the Debtors' Assets (other than Assets that are excluded by the Plan Trustee on the grounds that they lack value or would be difficult to administer) and to otherwise consummate the Plan.

2.1.100  2.1.103      Plan Trustee. The Plan Trustee under the Plan Trust is Acquisitions.

2.1.101  2.1.104      Plan Trust Beneficiaries. The Plan Trust Beneficiaries are (i) the holders of Beneficial Interests, as of any point in time, and (ii) holders of Allowed Claims that shall be satisfied from Plan Trust Asset in accordance with the terms of the Plan.

2.1.102  2.1.105      Plan Trust Asset. Plan Trust Asset means all property within the Chapter 11 estates of the Group II: Voluntary Debtors.

2.1.103  2.1.106      Post-Confirmation Expenses.  The fees and expenses incurred by the Plan Trust, the Plan Trustee and the Voluntary Debtors' Committee and their professionals following the Confirmation Date (including the fees and costs of Professionals) for the purpose of

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1  (i) prosecuting and liquidating the Litigation Claims; (ii) objecting to and resolving Disputed

2  Claims and Disputed Liens; (iii) selling or otherwise liquidating the Plan Trust's Assets;

3  (iv) effectuating Distributions under the Plan; and (v) otherwise consummating the Plan and

4  closing the Group II: Voluntary Debtors' Chapter 11 Cases.

5  2.1.104 2.1.107  **Priority Claim**.  Any Claim, other than an Administrative Claim

6  or a Tax Claim, to the extent entitled to priority under Section 507(a) of the Bankruptcy Code.

7  2.1.105 2.1.108  **Pro Rata**.  Proportionately, so that with respect to any

8  distribution in respect of any Allowed Claim, the ratio of (a)(i) the amount of property distributed

9  on account of such Allowed Claim to (ii) the amount of such Allowed Claim, is the same as the

10  ratio of (b)(i) the amount of property distributed on account of all Allowed Claims of the Class or

11  Classes sharing in such distribution to (ii) the amount of all Allowed Claims in such Class or

12  Classes.

13  2.1.106 2.1.109  **Professional**.  A Person or Entity (a) employed by the Group II:

14  Voluntary Debtors, the Voluntary Debtors' Committee pursuant to a Final Order in accordance

15  with Sections 327 and 1103 of the Bankruptcy Code and to be compensated for services rendered

16  prior to the Effective Date, pursuant to Sections 327, 328, 329, 330 and 331 of the Bankruptcy

17  Code, or (b) for which compensation and reimbursement has been allowed by the Bankruptcy

18  Court pursuant to Section 503(b) of the Bankruptcy Code.

19  2.1.107 2.1.110  **Professional Fees**.  All Allowed Claims for compensation and for

20  reimbursement of expenses under Sections 328, 330 and/or 503(b) of the Bankruptcy Code

21  2.1.108 2.1.111  **Projects**.  The Debtors' residential real estate development

22  projects and other assets as separately defined herein and described in Exhibit "1" to the

23  Disclosure Statement.

24  2.1.109 2.1.112  **Qualifying Bid**.  Qualifying Bid means, with respect to any bid

25  on a Group II Voluntary Debtor Project, a bid made by Qualifying Bidder that is A) equal to or in

26  excess of the Initial Overbid Amount, unless it is the Initial Overbid, or B) in excess of the

27  immediately preceding Qualifying Bid by the Minimum Increment, if it is not the Initial Overbid.

28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    2.1.110  2.1.113    Qualifying Bidder.  Qualifying Bidder means a bidder who a)

2  has deposited the sum of thirty thousand dollars ($30,000) into an escrow designated by the

3  SunCal Plan Proponents in the case of a bid for the Beaumont Heights Project, twenty thousand

4  dollars or ($20,000) in the case of a bid for the Johannson Ranch Project; b) agreed that this sum

5  will be forfeited as liquidated damages if such bidder fails to perform; and c) who has provided the

6  SunCal Plan Proponents evidence confirming that such bidder has the financial means to acquire

7  the applicable Group II: Voluntary Project(s) that such bidder is seeking to acquire.

8    2.1.111  2.1.114    Sales Period.  For each Group II: Voluntary Debtor's Plan(s), the

9  Sales Period is the time period during which the SunCal Plan Proponents must consummate a sale

10  or liquidation of the Group II: Voluntary Projects. The Sales Period shall commence on the

11  Confirmation Date and shall expire on the thirtieth (30th) day after the Effective Date, unless

12  extended by the Bankruptcy Court after notice and hearing.

13    2.1.112  2.1.115    SCC LLC.  SCC Acquisitions LLC, a limited liability company,

14  a subsidiary of Acquisitions and an indirect and/or a direct parent company of all of the Debtors.

15    2.1.113  2.1.116    Schedules.  The schedules of assets and liabilities and list of

16  equity security holders Filed by the Group II: Voluntary Debtors, as required by Section 521(1) of

17  the Bankruptcy Code, Bankruptcy Rules 1007(a)(3) and (b)(1), and Official Bankruptcy Form No.

18  6, as amended from time to time.

19    2.1.114  2.1.117    Secured Claim.  Any Claim, including interest, fees, costs, and

20  charges to the extent allowable pursuant to Bankruptcy Code Section 506, that is secured by a

21  valid and unavoidable Lien on the Group II: Voluntary Debtor(s)' Assets.

22    2.1.115  2.1.118    Stalking Horse Bidder.   The Qualified Bidder who submits the

23  Opening Bid.  Diamond Valley shall be the Stalking Horse Bidder based upon the occurrence of

24  certain condition set forth herein.

25    2.1.116  2.1.119    SunCal.  The SunCal Companies, a trade name for Acquisitions

26  and its Affiliates.

27    2.1.117  2.1.120    SunCal I. SunCal Communities I, LLC, a Delaware limited

28  liability company, a Voluntary Debtor herein, and the owner of the equity membership interests in

-20-
MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    Acton Estates, SunCal Bickford, SunCal Beaumont, SunCal Summit Valley, SunCal Johannson

2    and SunCal Emerald.

3           2.1.118 2.1.121    **SunCal Communities I Loan Agreement**.  The loan

4    agreement by and among (i) SunCal I and SunCal III, as borrowers and (ii) LCPI, as

5    administrative agent and lender, pursuant to which LCPI made a loan to SunCal I and SunCal III,

6    as borrowers in the maximum aggregate principal amount of approximately $395,313,713.37.  The

7    loan agreement is allegedly secured by (a) alleged first-priority deeds of trust on the SunCal

8    Bickford, the Acton Estates, and the SunCal Emerald Projects, (b) an alleged pledge of SunCal I's

9    Allowed Interest in Acton Estates, SunCal Summit, SunCal Beaumont, SunCal Johannson, SunCal

10    Emerald, and SunCal Bickford; and (c) an alleged pledge of SunCal Summit's Allowed Interest in

11    Seven Brothers and Kirby.  The SunCal Communities I Loan Agreement has an alleged balance

12    due of $343,221,391.06 as of March 30, 2009.

13           2.1.119 2.1.122    **SunCal Management**.  SunCal Management, LLC, a Delaware

14    limited liability company, and the former property manager for the Projects, which has been

15    succeeded by Argent Management.

16           2.1.120 2.1.123    **SunCal Plan Proponents**.  The Group II: Voluntary Debtors, in

17    their capacity as debtors and debtors in possession in their respective Chapter 11 cases, and

18    Acquisitions as a creditor and party-in-interest, that are proposing the Plans.

19           2.1.121 2.1.124    **Tax**.  Any tax, charge, fee, levy, impost or other assessment by

20    any federal, state, local or foreign taxing authority, including, without limitation, income, excise,

21    property, sales, transfer, employment, payroll, franchise, profits, license, use, ad valorem,

22    estimated, severance, stamp, occupation and withholding tax.  "Tax" shall include any interest or

23    additions attributable to, or imposed on or with respect to such assessments.

24           2.1.122 2.1.125    **Tax Claim**.  Any Claim for any Tax to the extent that it is

25    entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

26           2.1.123 2.1.126    **Trustee Debtor(s)**. The following Debtors, individually or

27    collectively, that are represented by the Chapter 11 Trustee: Delta Coves, SunCal Heartland,

28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    SunCal Marblehead, SunCal Northlake, SunCal Oak Valley, SunCal Century City, SunCal PSV,

2    SunCal Torrance, and SunCal Oak Knoll.

3        ~~2.1.124~~ 2.1.127    Unpaid Secured Real Property Tax Claims.  Secured Claims held

4    by various government entities secured by liens on the underlying real properties owned by the

5    Debtors but that are non-recourse to the Debtors.

6        ~~2.1.125~~ 2.1.128    Unsecured Claim. An Unsecured Claim is any Claim that is not

7    an Administrative Claim, Tax Claim, Secured Claim, or Priority Claim.

8        ~~2.1.126~~ 2.1.129    Voluntary Debtor(s).  The following  Chapter 11 debtors and

9    debtors-in-possession, individually or collectively, Palmdale Hills, SunCal I, SunCal III, SCC

10    Palmdale, Acton Estates, SunCal Beaumont, SunCal Emerald, SunCal Johansson, SunCal

11    Bickford, SunCal Summit, Seven Brothers, Kirby Estates, SJD Partners, SJD Development, SCC

12    Communities, Del Rio and Tesoro.

13        ~~2.1.127~~ 2.1.130    Voluntary Debtors' Committee.  The Official Committee of

14    Unsecured Creditors of the Voluntary Debtors appointed in the Cases pursuant to Section 1102 of

15    the Bankruptcy Code.

16        ~~2.1.128~~ 2.1.131    Winning Bid. The highest and best Qualifying Bid received for

17    the Beaumont Heights Project and/or ~~the~~ Johannson Ranch Project.

18        ~~2.1.129~~ 2.1.132    Winning Bidder.  The party that submits the highest Qualifying

19    Bid that is accepted by the applicable Group II: Voluntary Debtor.

20    **2.2**    **Rules of Construction.**

21        For purposes of the Plan and the Disclosure Statement, unless otherwise provided herein or

22    in the Plan, (a) whenever from the context it is appropriate, each term, whether stated in the

23    singular or the plural, will include both the singular and the plural; (b) each pronoun stated in the

24    masculine, feminine or neuter includes the masculine, feminine and neuter; (c) any reference in the

25    Plan or the Disclosure Statement to an existing document or schedule filed or to be filed means

26    such document or schedule, as it may have been or may be amended, modified or supplemented

27    pursuant to the Plan; (d) any reference to an entity as a Holder of a Claim or Interest includes that

28    entity's successors and assigns; (e) except as otherwise indicated herein all references in the Plan

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1   or the Disclosure Statement to Sections, Articles and Exhibits are references to Sections, Articles

2   and Exhibits of or to the Plan; (f) the words "therein," "thereunder" and "thereto" refer to the Plan

3   in its entirety rather than to a particular portion of the Plan; and (g) unless otherwise provided in

4   the Plan or the Disclosure Statement, any reference in the Plan or the Disclosure Statement to a

5   contract, instrument, release, indenture, agreement, or other document being in a particular form or

6   on particular terms and conditions means that such document shall be substantially and materially

7   in such form or substantially and materially on such terms and conditions; (h) any reference in the

8   Plan or the Disclosure Statement to a document, schedule, or exhibit to the Plan or Disclosure

9   Statement Filed or to be Filed means such document, schedule, or exhibit, as it may have been or

10  may be amended, modified, or supplemented; and (i) the rules of construction set forth in Section

11  102 of the Bankruptcy Code shall apply to the extent such rules are not inconsistent with the

12  express terms of the Plan or the Disclosure Statement or any other provision in this Section 2.2.

13      **2.3    Exhibits.**

14      All Exhibits to the Plan are incorporated into and are a part of the Plan as if set forth in full

15  therein.

16                          **III.**

17          **TREATMENT OF UNCLASSIFIED CLAIMS**

18      **3.1    Introduction**. As required by the Bankruptcy Code, the Plan places Claims and

19  Interests into various Classes according to their right to priority.  However, certain types of Claims

20  are not classified in any Classes under the Plan.  These Claims are deemed "unclassified" under

21  the provisions of the Code.  They are not considered impaired and they do not vote on the Plan,

22  because they are automatically entitled to specific treatment provided for them in the Code.  As

23  such, the SunCal Plan Proponents have not placed the following Claims in a Class.  The treatment

24  of these unclassified Claims is as provided below.

25      ~~**3.2    Treatment of Allowed Administrative Claims.**~~

26      ~~The Code requires that all Allowed Administrative Claims be paid on the later of Effective~~

27  ~~Date of the Plan or the date of their allowance, unless a particular Holder agrees to a different~~

28  ~~treatment.  The treatment of Allowed Administrative Claims is as described below.  However,~~

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1  ~~such Administrative Claims are continuing to be incurred.  The Allowed Administrative Claims~~

2  ~~shall be paid from the applicable Distribution Account(s) pursuant to the LitCo Plan Loan.~~

3      **3.~~3~~2    Repayment of Allowed Administrative Claims.**

4          Except to the extent that the Holder of an Allowed Administrative Claim agrees to a

5  different treatment and subject to the Administrative Claims Bar Date set forth herein, the

6  ~~Distribution Agent~~Plan Trustee shall pay each Allowed Administrative Claim in full, in Cash, on

7  the later of (i) the Effective Date from the closing of the sale of the applicable Project, (ii) within

8  ten (10) Business Days after the date any disputed~~such~~ Administrative Claim becomes an Allowed

9  Administrative Claim, or (iii) the date such Allowed Administrative Claim becomes due according

10 to its terms. From the closing of a sale of the applicable Project, the Plan Trustee shall establish a

11 reserve for Disputed Administrative Claims and Administrative Claims that are to become due

12 according to its terms in the foreseeable future.  Notwithstanding the foregoing, any Allowed

13 Administrative Claim representing obligations incurred in the ordinary course of post-petition

14 business by the Debtors in Possession (including without limitation post-petition trade obligations

15 and routine post-petition payroll obligations) shall be paid in full or performed by the Plan Trustee

16 in the ordinary course of business, in accordance with the terms of the particular obligation.

17     **3.~~4~~3    Administrative Claims Bar Date.**

18         All applications for final compensation of Professionals for services rendered and for

19 reimbursement of expenses incurred on or before the Effective Date and all other requests for

20 payment of Administrative Claims incurred before the Effective Date under Sections 507(a)(2)

21 or 507(b) of the Bankruptcy Code (except only for (i) post-petition, ordinary course trade

22 obligations and routine post-petition payroll obligations incurred in the ordinary course of the

23 Debtors' post-petition business, for which no bar date shall apply, and (ii) post-petition tax

24 obligations, for which no bar date shall apply) shall be Filed with the Bankruptcy Court and served

25 upon the Plan Trustee no later than the Administrative Claims Bar Date, unless such date is

26 extended by the Bankruptcy Court after notice to the Plan Trustee.  Any such request for payment

27 of an Administrative Claim that is subject to the General Administrative Claims Bar Date and that

28 is not Filed and served on or before the Administrative Claims Bar Date shall be forever barred;

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    any party that seeks payment of Administrative Claims that (i) is required to file a request for

2    payment of such Administrative Claims and (ii) does not file such a request by the deadline

3    established herein shall be forever barred from asserting such Administrative Claims against the

4    Debtors, the Plan Trust, their estates, or any of their property.

5        **3.54    Treatment of Unsecured Tax Claims.**

6        Tax Claims are certain unsecured income, employment and other taxes described by Code

7    Section 507(a)(8).  The Code requires that each holder of such a Section 507(a)(8) tax claim

8    receive the present value of such Claim in deferred cash payments, over a period not exceeding

9    five (5) years from the petition date and that such treatment not be less favorable than the

10   treatment accorded to non priority unsecured creditors.

11       At the election of the Plan Trustee, the Holder of each Allowed Priority Tax Claim shall be

12   entitled to receive, on account of such Claim, (i) equal cash payments on the last Business Day of

13   each three-month period following the Effective Date, during a period not to exceed five years

14   after November 6, 2008, totaling the principal amount of such Claim plus simple interest on any

15   unpaid balance from the Effective Date, calculated at the interest rate available on ninety (90) day

16   United States Treasuries on the Effective Date, (ii) such other treatment agreed to by the Holder of

17   the Allowed Priority Tax Claim and the Plan Trustee, provided such treatment is on more

18   favorable terms to the Debtors (or the Plan Trust after the Effective Date) than the treatment set

19   forth in clause (i) hereof, or (iii) payment of the full Allowed Priority Tax Claim in Cash.

20                                **IV**.

21                  **CLASSIFICATION OF CLAIMS AND INTERESTS**

22       As required by the Code, the Plan places Claims and Interests into various Classes

23   according to their right to priority and other relative rights.  The Plan specifies whether each Class

24   of Claims or Interests is impaired or unimpaired, and the Plan sets forth the treatment each Class

25   will receive.  The table below lists the Classes of Claims established under the Plan and states

26   whether each particular Class is impaired or left unimpaired by the Plan.  A Class is "unimpaired"

27   if the Plan leaves unaltered the legal, equitable and contractual rights to which the Holders of

28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

Claims or Interests in the Class are entitled, with certain exceptions specified in the Bankruptcy Code.

| CLASSIFICATION OF HOLDERS OF UNPAID SECURED REAL PROPERTY TAX CLAIMS AGAINST THE GROUP II: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 1** | **Claimant** | **Claim Nos.** |
| Class 1.1 | Riverside County as the Holder of an Unpaid Secured Real Property Tax Claim against the Beaumont Heights Project in the amount of $442,201. | SunCal Beaumont 9 |
| Class 1.2 | Stanislaus County as the Holder of an Unpaid Secured Real Property Tax Claim against the Johannson Ranch Project in the amount of $434,830. | Unknown |

| CLASSIFICATION OF ASSERTED MECHANICS LIEN CLAIMS AGAINST THE GROUP II: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 2** | **Claimant** | **Claim Nos.** |
| Class 2.1 | The Holder of the asserted Mechanic Lien Claim held by Proactive Engineering against the Beaumont Heights Project in the amount of $43,355. | SunCal Beaumont 11 and 12 |

| CLASSIFICATION OF PRIORITY UNSECURED CLAIMS AGAINST THE GROUP II: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 3** | **Claimant** | **Claim Nos.** |
| Class 3.1 | The Holder of Allowed Priority Claims that fall within Code Sections 507(a)(2), (4), (5), (6), and (7) against any of the Group II: Voluntary Debtors | None filed |

| CLASSIFICATION OF GENERAL UNSECURED CLAIMS AGAINST THE GROUP II: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 4** | **Claimant** | **Claim Nos.** |
| Class 4.1 | Claimants holding Allowed Unsecured Claims against SunCal Beaumont in the amount of $180,713. | Various Filed and Scheduled |
| Class 4.2 | Claimants holding Allowed Unsecured Claims against SunCal Johannson Ranch in the amount of $41,181. | Various Filed and Scheduled |

| CLASSIFICATION OF INTEREST HOLDERS AGAINST THE GROUP II: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 5** | **Claimant** | **Scheduled** |
| Class 5.1 | Allowed Interests in SunCal Beaumont held by SunCal I. | Scheduled Amount |

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

| CLASSIFICATION OF INTEREST HOLDERS AGAINST THE GROUP II: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 5** | **Claimant** | **Scheduled** |
| Class 5.2 | Allowed Interests in SunCal Johannson Ranch held by SunCal I | Scheduled Amount |

## V.

## THE PLAN'S TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

**5.1    The Plan's Treatment of Holders of Allowed Secured Real Property Tax Claims on the Group II: Voluntary Projects (Classes 1.1 and 1.2).**

The rights of the Holder(s)' of Allowed Secured Claims in Classes 1.1 through 1.2 are impaired under the Plan and shall receive one of the following two treatments at the Plan Trustee's discretion based solely on the option of the Group II: Voluntary Debtor:

A.    Such Holders shall retain their existing lien rights and shall accrue interest as provided under applicable nonbankruptcy law pursuant to 11 U.S.C. § 506 and 511 and such Allowed Claims shall be satisfied in accordance with the provision of 11 U.S.C. § 1124(2) from the sale of the Group II: Voluntary Projects during the Sales Period; or

B.    Such Holders shall retain their existing lien rights and shall accrue interest as provided under applicable nonbankruptcy law pursuant to 11 U.S.C. § 506 and 511 and California Revenue and Taxation Code Sections 4102 and 4103, and payment on such Allowed Claims shall be satisfied by regular installments over a period not more than sixty one (610) months from the applicable Group III: Voluntary Debtor's Petition Date, but in no case shall payment be made later than payment of Class 4.1.

**5.2    The Plan's Treatment of Mechanics Lien Claims Against Group II: Voluntary Projects (Class 2.1).**

The Holder(s) of Allowed Secured Claims within Class 2.1 shall receive the indubitable equivalent of their claims under the Plan, pursuant to 11 U.S.C. § 1129(b)(2)(A)(ii),  after payment of Class 1 Claims, through the following treatment:

A.    The sale of the Group II: Voluntary Projects shall be sold, free and clear of all monetary liens and encumbrance, pursuant to the following sales procedures:

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1          1.       The Group II: Voluntary Projects will be sold through a public

2   auction after a commercially reasonable marketing and advertising effort of at least sixty (60) days

3   duration;

4          2.       The SunCal Plan Proponents shall have the right to provisionally

5   accept an Opening Bid from a Stalking Horse Bidder prior to the public auction and to grant this

6   bidder the right to receive the Beaumont Heights Project Break-up Fee or the Johannson Ranch

7   Project Break-up Fee, the as the case may be, if such bidder is not the Winning Bidder;

8          3.       Other Qualified Bidders shall have the right to overbid the Opening

9   Bid by submitting a Qualifying Bid. The first round of Qualifying Bids after the Opening Bid must

10  be equal to or in excess of the Initial Overbid Amount. Thereafter, all Qualifying Bids shall be

11  increased by an amount equal to or in excess of the Minimum Increment;

12         4.       The highest Qualifying Bid received from a Qualified Bidder, shall

13  be accepted as the Winning Bid, and the submitting bidder shall be the Winning Bidder. Upon

14  payment of the Winning Bid, the Winner bidder shall receive title to the applicable Group II:

15  Voluntary Project free and clear of all monetary liens and encumbrances; and

16         5.       The Net Sales Proceeds from the sale of the Group II: Voluntary

17  Projects shall be deposited into the applicable Net Sales Proceeds Account and the liens held by

18  the holder of the Class 2.1 lien shall attach to the Net Sales Proceeds. The Class 2.1 claim shall be

19  paid from the Net Sales Proceeds within three (3) business days of the date they are Allowed.

20  **5.3**    **The Plan's Treatment of Holders of Priority Claims (Class 3.1)**.

21         The treatment of the Holders of Allowed Priority Claims under the Plan shall be as

22  follows**:**

23         A.       The Holder(s) are unimpaired under the Plan; and

24         B.       The Holder(s) shall be paid from the applicable Distribution Account(s) (i)

25  the full amount of such Allowed Priority Claim in Cash on the later of (x) the Effective Date, (y)

26  the date such Claim becomes an Allowed Priority Claim or (z) the date such Allowed Priority

27  Claim becomes payable in accordance with the terms governing such Allowed Priority Claim, or

28  (ii) upon such other less favorable terms as may be agreed to by such Holder and the Plan Trustee.

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    **5.4    The Plan's Treatment of Holders of Allowed General Unsecured Claims**

2        **(Class 4.1).**

3        The rights of Holders of Allowed Class 4.1 Claims are impaired under the Plan. Under the

4    Plan, each claimant will receive a distribution of the Available Cash, if any, on or before the

5    thirtieth (30th) day after the Effective Date, equal to the Net Sales Proceeds remaining after the

6    payment of all Allowed Administrative, Priority and Secured Claims, including Holders of

7    Mechanic Lien Claims, but only up to the Maximum Distribution.

8        **5.5    The Plan's Treatment of Holders of Allowed Interests.**

9        The Interests of the Holders in Class 5.1 to 5.2 are impaired under the Plan(s). Any

10    potential Distribution to Holders of Allowed Interest against the Group II: Voluntary Debtors shall

11    be paid first, pro-rata to any unpaid Professional Fees in the Voluntary Debtors' cases pursuant to

12    orders authorizing joint and several liability of the estate for post-petition professional fees and

13    expenses [Docket No. 12], and to repay Palmdale Hills for the individual loans made from

14    "Alleged Unencumbered Cash" to the Subject Voluntary Debtors pursuant to paragraph 2 of the

15    Stipulations entered as Docket nos. 854, 1154, 1566, and 2102; second, to repay the LitCo Plan

16    Loan, and third, any remaining funds thereafter shall be paid pro-rata to Allowed Interests of the

17    respective the Group II: Voluntary Debtors.  ~~The Interests of the Holders in Class 5.1 and 5.2 are~~

18    ~~impaired under the Plan. All such Interests shall be cancelled as of the Effective Date and no~~

19    ~~distribution shall be made to these Holders on account of such Interest(s).~~

20        **VI.**

21        **ACCEPTANCE OR REJECTION OF THE PLAN**

22        **6.1    Introduction.**

23        PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OF THE PLAN

24    SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON

25    CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX.  The following

26    discussion is intended solely for the purpose of alerting readers about basic confirmation issues,

27    which they may wish to consider, as well as certain deadlines for filing Claims.  The Debtors

28

-29-
MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1  cannot represent that the discussion contained below is a complete summary of the law on this

2  topic.

3        Many requirements must be met before the Court can confirm the Plan. Some of the

4  requirements include that the Plan must be proposed in good faith, acceptance of the Plan, whether

5  the Plan pays creditors at least as much as creditors would receive in a Chapter 7 liquidation, and

6  whether the Plan is feasible. The requirements described herein are <u>not</u> the only requirements for

7  confirmation.

8        **6.2**    **<u>Who May Object to Confirmation of the Plan</u>.**

9        Any party in interest may object to the confirmation of the Plan, but as explained below not

10 everyone is entitled to vote to accept or reject the Plan.

11       **6.3**    **<u>Who May Vote to Accept/Reject the Plan</u>.**

12       A Holder of a Claim or Interest has a right to vote for or against the Plan if that Holder of

13 the Claim or Interest has a Claim which is both (1) Allowed or Allowed for voting purposes and

14 (2) Classified in an impaired Class (excluding any class in which the Plan is "deemed rejected").

15 The votes will be tabulated on a Debtor by Debtor basis.

16       **6.4**    **<u>What Is an Allowed Claim/Interest</u>.**

17       As noted above, a Holder of Claim or Interest must first have an Allowed Claim or

18 Allowed Interest to vote.

19       **6.5**    **<u>What Is an Impaired Class</u>.**

20       A Class is impaired if the Plan alters the legal, equitable, or contractual rights of the Claims

21 or Interests in that Class, other than the right to accelerate the Claim upon certain kinds of defaults.

22 In this case, the SunCal Plan Proponents believe that all Classes, except for Class 3.1 are impaired.

23       **6.6**    **<u>Who Is Not Entitled to Vote</u>.**

24       The following four types of Claims are <u>not</u> entitled to vote: (1) Claims that have been

25 disallowed; (2) Claims in unimpaired Classes; (3) Claims entitled to priority pursuant to

26 Bankruptcy Code Sections 507(a)(2) or (a)(3) and Claims in Classes that do not receive or retain

27 any value under the Plan. Claims in unimpaired Classes are not entitled to vote because such

28 Classes are deemed to have accepted the Plan. Claims entitled to priority pursuant to Bankruptcy

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1   Code Section 507(a)(8) are not entitled to vote because such Claims are not placed in Classes and

2   they are required to receive certain treatment specified by the Bankruptcy Code.  Claims in Classes

3   that do not receive or retain any property under the Plan do not vote because such Classes are

4   deemed to have rejected the Plan. The SunCal Plan Proponents believe that all Classes, except

5   Class 3.1, are entitled to vote.

6        EVEN IF YOUR CLAIM IS OF THE TYPE DESCRIBED ABOVE, YOU MAY STILL

7   HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN.

8        **6.7**      **Who Can Vote in More than One Class.**

9        A creditor whose Claim has been Allowed in part as a Secured Claim and in part as an

10  Unsecured Claim is entitled to accept or reject a Plan in both capacities by casting one ballot for

11  the secured part of the Claim and another ballot for the Unsecured Claim.  Also, a Creditor may

12  otherwise hold Claims in more than one Class (such as a Holder of Senior Secured Claims and

13  Subordinated Note Claims), and may vote the Claims held in each Class.

14       **6.8**      **Votes Necessary for a Class to Accept the Plan.**

15       A Class of Claims is deemed to have accepted the Plan when more than one-half (1/2) in

16  number and at least two-thirds (2/3) in dollar amount of the Claims *that actually voted*, vote to

17  accept the Plan.  A Class of interests is deemed to have accepted the Plan when Holders of at least

18  two-thirds (2/3) in amount of the interest-Holders of such Class which actually vote, vote to accept

19  the Plan.

20       **6.9**      **Treatment of Nonaccepting Classes.**

21       As noted above, even if there are impaired Classes that do not accept the proposed Plan,

22  the Court may nonetheless confirm the Plan if the nonaccepting Classes are treated in the manner

23  required by the Code and at least one impaired Class of Claims accepts the Plan. The process by

24  which a plan may be confirmed and become binding on non-accepting Classes is commonly

25  referred to as "cramdown."  The Bankruptcy Code allows the Plan to be "crammed down" on

26  nonaccepting Classes of Claims or interests if it meets all statutory requirements except the voting

27  requirements of 1129(a)(8) and if the Plan does not "discriminate unfairly" and is "fair and

28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1 equitable" with respect to each impaired Class that has not voted to accept the Plan, as set forth in

2 11 U.S.C. § 1129(b) and applicable case law.

3     **6.10**    **Request for Confirmation Despite Nonacceptance by Impaired Class(es).**

4     The SunCal Plan Proponents will ask the Court to confirm the Plan by cramdown on any

5 impaired Class if such Class does not vote to accept the Plan.

6           **VII.**

7    **MEANS OF EXECUTION AND IMPLEMENTATION OF THE PLAN**

8     **7.1**    **Introduction.**

9     This section is intended to address how the SunCal Plan Proponents intend to implement

10 the provisions of the Plan. It addresses the transfer of the Plan Trust Asset to the Plan Trust, the

11 nature of the Plan Trust, the powers of the Plan Trust, the governance of the Plan Trust, the

12 resolution of disputed claims, the sources of funds that will be used to pay claims and the

13 mechanics of how claims will be paid.

14     **7.2**    **Sale Process of the Group II: Voluntary Projects During the Sale Period**.

15     The core objective of the Plan is to enable all creditors holding Allowed Claims to receive

16 the highest dividend possible by selling the estates' primary assets, the Group II: Voluntary

17 Projects, to the highest bidder. The process of marketing the Group II: Voluntary Projects for sale

18 will begin, pursuant to the Confirmation Order, immediately after the entry of this order.

19     *7.2.1*   **The Group I: Voluntary Projects Marketing and Bid Procedures**. Land

20 Advisors shall manage the sales process, including the marketing, advertising and auction

21 process~~Acquisitions shall manage the marketing process initially in its capacity as a SunCal Plan~~

22 ~~Proponent and as the Plan Trustee after the Effective Date~~. However, the SunCal Plan Proponents

23 and ~~Furthermore,~~ the Voluntary Debtors' Committee shall be consulted and have the opportunity

24 to object to the sales process and request a hearing with the Bankruptcy Court.

25       The sale of the Group II: Voluntary Projects shall be sold, free and clear of all

26 monetary liens and encumbrance, pursuant to the following sales procedures:

27

28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1          1.      The Group II: Voluntary Projects will be sold through a public

2    auction after a commercially reasonable marketing and advertising effort of at least sixty

3    (60) days duration;

4          2.      Land Advisors~~The SunCal Plan Proponents~~ shall have the right to

5    provisionally accept an Opening Bid from a Stalking Horse Bidder prior to the public

6    auction and to grant this bidder the right to receive the Beaumont Heights Project Break-up

7    Fee or the Johannson Ranch Project Break-up Fee, as the case may be, if such bidder is not

8    the Winning Bidder;

9          3.      Other Qualified Bidders shall have the right to overbid the Opening

10    Bid by submitting a Qualifying Bid. The first round of Qualifying Bids after the Opening

11    Bid must be equal to or in excess of the Initial Overbid Amount. Thereafter, all Qualifying

12    Bids shall be equal to or in excess or the Minimum Increment;

13          4.      The highest Qualifying Bid received from a Qualified Bidder, shall

14    be accepted as the Winning Bid, and the submitting bidder shall be the Winning Bidder.

15    Upon payment of the Winning Bid, the Winner bidder shall receive title to the applicable

16    Group II: Voluntary Project free and clear of all monetary liens and encumbrances; and

17          5.      The Net Sales Proceeds from the sale of the Group II: Voluntary

18    Projects shall be deposited into the applicable Net Sales Proceeds Account.

19    Land Advisors~~The SunCal Plan Proponents~~ will pursue the following sale procedures after

20    the Confirmation Date:

21        **7.2.2**  **Implementation of a Marketing Program**. On or before the Confirmation

22    Date, Land Advisors~~the SunCal Plan Proponents~~ will market the Group II: Voluntary Projects for

23    sale through a comprehensive sale effort during the Sale Period. This sale effort will include 1)

24    sending sale packages describing each Group II: Voluntary Project to the real estate brokerage

25    community; b) advertising the Group II: Voluntary Projects for sale on a website that includes

26    links allowing direct access to all relevant information regarding the Group II: Voluntary Projects;

27    and c) sending packages to a list of prospects nationally who are actively seeking or may have

28    interest in these kinds of assets.

-33-

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1         **7.2.3**   **B.**      **Identifying a Stalking Horse Bidder and Qualifying Bidders**. On

2 the first business day after the Effective Date, Land Advisors The Plan Trustee will accept, on a

3 provisional basis, an Opening Bid for one or both of the Group II: Voluntary Projects.  The bidder

4 whose Opening Bid is accepted for each Group II: Voluntary Project will become the "Stalking

5 Horse Bidder."  The Opening Bid must be equal to the Minimum Sale Price(s) fixed in the Plan for

6 each Group II: Voluntary Project.  Land Advisors The Plan Trustee shall also select Qualified

7 Bidders at this time.

8         **7.2.4.**   **The Sale Contract**. The sale contract that will be entered into with the

9 Stalking Horse Bidder will include the following bankruptcy-sale related provisions:

10         1.      Overbid Provisions. The contract will allow Land Advisors the SunCal Plan

11 Proponents to seek "overbids" from other Qualified Buyers, and to accept an Initial

12 Overbid that exceeds the Stalking Horse Bid by the Initial Overbid Amount applicable to

13 each Group II: Voluntary Project. In the case of Beaumont Heights Project, the Initial

14 Overbid Amount is a sum that is not less than the sum of the applicable Opening Bid, the

15 Beaumont Heights Ranch Break-up Fee and Minimum Increment. In the case of the

16 Johannson Ranch Project, the Initial Overbid Amount is a sum that is not less than the sum

17 of the applicable Opening Bid, the Johannson Ranch Break-up Fee and the Minimum

18 Increment.

19         2.      Break-Up Fees. The sale contract will include a "break-up fee" provision.

20 This fee will be payable to the Stalking Horse Bidder if the Opening Bid is overbid, and

21 another Qualified Bidder purchases the Group II: Voluntary Project(s) that is the subject of

22 the Opening Bid.  However, if Diamond Valley or another Insider is the Stalking Horse

23 bidder, then there shall be no Break-up Fees.  The Break Up Fees for the Group II:

24 Voluntary Debtor Projects are set forth in Section 2, above

25         3.      Sale Free And Clear of Liens. The sale contract will provide that the Group

26 II: Voluntary Project(s) are being sold free and clear of all monetary liens and

27 encumbrances.

28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

4.    Deposit.  Diamond Valley shall be required to place deposits in the same amounts as the Qualified Competing Bidder referenced above.  The deposits shall be held in a segregated account with Winthrop Couchot Professional Corporation and deposited within five business days of the service of the Sale Motion.  The deposits shall be non-refundable only if Diamond Valley is approved by the Bankruptcy Court as to the Winning Bidder and fails to close within the time period prescribed.

7.2.5.  **The Project Auctions**.  Fourteen (14) days after the date of the selection of the Stalking Horse Bidder and the Qualifying Bidders, Land Advisors~~the Plan Trustee~~ will conduct a public auction wherein all Qualified Bidders who have submitted Qualified Bids for the Group II: Voluntary Projects will have the opportunity to increase their bids for these Projects. The Qualified Bidder that submits the highest bid for the Project will then be designated the Winning Bidder. The Winning Bidder will then have fifteen (15) days pay the Winning Bid amount and the closing shall occur no later than the first business day following the ~~thirtieth (30th) day after the Effective Date~~expiration of the Sales Period.

7.2.6.  **The Group II: Voluntary Other Assets Marketing and Bid Procedures**.  To the extent that the SunCal Plan Proponents believe that the Group I: Voluntary Other Assets have any material value, the SunCal Plan Proponents will pursue the following process for the sale of the Group I: Voluntary Other Assets after the Confirmation Date and during the Sales Period:

1.    After the Confirmation Date, Land Advisors will implement commercially reasonable marketing efforts for the sale of the Group II: Voluntary Other Assets;

2.    The sales procedures will be determined by Land Advisors after consultation with the SunCal Plan Proponents and the Voluntary Debtors' Committee; and

3.    The sale contract will provide that the Group II: Voluntary Other Assets(s) are being sold free and clear of all monetary liens and encumbrances and that no party holding a lien against the Group I: Voluntary Other Assets, including

-35-
MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

the Lehman Lenders, may submit a "credit bid" based upon the amount allegedly

owing on the claims secured by the Group I: Voluntary Other Assets being sold.

       4.    Within seven (7) days after the Effective Date, Land Advisors will

hold a public auction for the sale of the Group II: Voluntary Assets to the bidder

that submits the highest and best bid.  The winning bidder will then have ten (10)

days to close this purchase transaction by paying the winning bid amount.

**7.3**    <u>**Establishment and Operations of the Plan Trust**</u>.

The Plan Trust shall be established and shall become effective on the Effective Date.  The

Plan Trust is created pursuant to the Plan and the Confirmation Order.  The primary purpose of the

Plan Trust is to consummate the sales and/or the liquidation of the Group II: Voluntary Projects

transferred to it and the Distribution of the Net Sales Proceeds to Creditors, with no objective to

continue or engage in the conduct of a trade or business, except to the extent reasonably necessary

to, and consistent with, the liquidating purpose of the Plan Trust.  The Plan Trust shall hold title to

and administer the Plan Trust Assets, including, but not limited to, any Litigation Claims, and the

proceeds thereof for liquidation and distribution in accordance with the terms of the Plan.

**7.4**    <u>**Preservation and Pursuit of Litigation Claims and Recovery for the Plan
Trust**</u>.

On the Effective Date, title to and possession of all property of the Group II: Voluntary

Debtors shall be deemed transferred and delivered to the Plan Trust, without further act or action

under any applicable agreement, law, regulation, order or rule of law.

Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Plan Trust shall retain all

Litigation Claims whether or not pending on the Effective Date that are not purchased by LitCo

Unless a Litigation Claim is expressly waived, relinquished, released, sold, compromised or settled

in the Plan or in a Final Order, all rights with respect to such Litigation Claims are reserved and

the Plan Trustee may pursue such Litigation Claims.  Notwithstanding the foregoing, the Plan

Trustee shall not settle or abandon a Litigation Claim valued at greater than $100,000 except upon

ten (10) days' prior written notice and opportunity to object to the proposed action.  Any disputes

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

concerning the settlement or abandonment of a Litigation Claim shall be submitted to the
Bankruptcy Court for resolution on no less than ten (10) days' notice to the objecting party.

After repayment in full of the Litco Plan Loan, all Litigation Recoveries realized or
obtained by the Plan Trustee shall be promptly deposited into the applicable Distribution
Account(s).  Except as otherwise provided in the Plan and the Confirmation Order, the Litigation
Recoveries shall be free and clear of all Claims and Liens and shall only be expended in
accordance with the provisions of the Plan.

### 7.5    Payment of Plan Trust Expenses.

The expenses incurred by the Plan Trust or the Plan Trustee during the Plan Period, shall
be paid, or adequate reserves shall be created for the payment of such expenses, prior to any
distribution to the Plan Trust Beneficiaries.

### 7.6    The Plan Trust Distribution System.

The Plan Trustee shall establish a separate "Distribution Account" for each Group II:
Voluntary Debtor at an FDIC insured bank. Each Group II: Voluntary Debtor's Available Cash,
whether on hand as of the Effective Date or received thereafter, shall be deposited into that Group
II: Voluntary Debtor's Distribution Account.  These funds will then be used to pay the claims of
Creditors holding Allowed Claims in their order of priority as provided for in the Plan.  Persons
dealing with the Plan Trustee, or seeking to assert Claims against the Debtors, the Estates or the
Plan Trust, shall look only to property of the Debtors, the Estates or the Plan Trust to satisfy any
liability to such Persons, and the Plan Trustee shall have no corporate, personal, or individual
obligation to satisfy any such liability.

### 7.7    The Plan Trustee.

**7.7.1    Appointment**.  Acquisitions shall be Plan Trustee of the Plan Trust.  The
appointment of the Plan Trustee shall be effective as of the Effective Date.

**7.7.2    Term**.  Unless the Plan Trustee resigns, dissolves or is removed by Court
order earlier, the Plan Trustee's term shall expire upon termination of the Plan Trust pursuant to
the Plan.  In the event the Plan Trustee resigns, dies or is removed by Court order prior to

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    termination of the Plan Trust, the UST shall select and recommend to the Court a successor Plan

2    Trustee.

3           **7.7.3**    **Powers and Duties**.  On the Effective Date, the Plan Trustee shall have

4    the rights, powers and duties set forth in the Plan, the Confirmation Order, and Bankruptcy Code

5    §§505, 1107 and 1108.  The Plan Trustee shall be governed in all things by the terms of the Plan

6    and the Confirmation Order.  The Plan Trustee shall administer the Plan Trust in accordance with

7    the Plan.  Without limitation, the Plan Trustee shall file final federal, state, foreign and, to the

8    extent applicable, local, tax returns.  Without further Motion, notice, or order of the Court, the Plan

9    Trustee shall be authorized, empowered and directed to take all actions necessary to comply with

10   the Plan and exercise and fulfill the duties and obligations arising thereunder, including, without

11   limitation to:

12          i.    employ, retain, and replace one or more attorneys, accountants,

13   auctioneers, brokers, managers, consultants, other professionals, agents, investigators, expert

14   witnesses, consultants, and advisors as necessary to discharge the duties of the Plan Trustee under

15   the Plan;

16          ii.    control and effectuate the Claims reconciliation process, including to

17   object to, seek to subordinate, compromise or settle any and all Claims against the Debtors

18   pursuant to the terms of the Plan;

19          iii.    open, maintain and administer bank accounts as necessary to

20   discharge the duties of the Plan Trustee under the Plan;

21          iv.    make Distributions to the Holders of Allowed Claims in accordance

22   with the Plan;

23          v.    retain professionals to assist in performing his or her duties under

24   the Plan;

25          vi.    pay reasonable and necessary professional fees, costs, and expenses;

26          vii.    investigate, analyze, commence, prosecute, litigate, compromise,

27   settle, dismiss, and otherwise administer all Causes of Action and Avoidance Actions for the

28   benefit of the Plan Trust and its beneficiaries, as set forth in the Plan, and to take all other

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1 | necessary and appropriate steps to collect, recover, settle, liquidate, or otherwise reduce to Cash all

2 | Causes of Action and Avoidance Actions, as the Plan Trustee may determine is in the best

3 | interests of the Plan Trust;

4 |         viii.    administer, sell, liquidate, or otherwise dispose of the Assets in

5 | accordance with the terms of the Plan;

6 |         ix.    incur and pay reasonable and necessary expenses in connection with

7 | the performance of the Plan Trustee's duties under the Plan;

8 |         x.    represent the Estates before the Court and other courts of competent

9 | jurisdiction with respect to matters concerning the Plan Trust;

10 |         xi.    seek the examination of any entity under the subject to the

11 | provisions of Bankruptcy Rule 2004;

12 |         xii.    comply with applicable orders of the court and any other court of

13 | competent jurisdiction over the matters set forth in the Plan;

14 |         xiii.    comply with all applicable laws and regulations concerning the

15 | matters set forth in the Plan;

16 |         xiv.    exercise such other powers as may be vested in the Plan Trust

17 | pursuant to the Plan, the Confirmation Order, or other Final Orders of the Court.

18 |         xv.    execute any documents, instruments, contracts, and agreements

19 | necessary and appropriate to carry out the powers and duties of the Plan Trust;

20 |         xvi.    (1) seek a determination of tax liability under §505 of the code, (2)

21 | pay taxes, if any, related to a Debtor, (3) file, if necessary, any and all tax and information returns

22 | required with the respect to the Plan Trust, including, if appropriate, treating the Plan Trust as a

23 | "grantor trust" pursuant to Treas. Reg 1.671-4 or otherwise, (4) make tax elections by and on

24 | behalf of the Plan Trust, and (5) pay taxes, if any, payable by the Plan Trust; and

25 |         xvii.    stand in the shoes of the Debtors for all purposes.

26 |     **7.7.4**    **Retention of Professionals and Compensation Procedure.**  On and

27 | after the Effective Date, the Plan Trustee may, without further application or Motion, notice,

28 | hearing, or Court order, engage or employ such professionals and experts as may be deemed

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

necessary and appropriate by the Plan Trustee to assist the Plan Trustee in carrying out the

provisions of the Plan, including, but not limited to, the Professionals retained prior to the

Effective Date by either the Debtors or the Voluntary Debtors' Committee.  The Plan Trustee may

employ such professionals on any reasonable terms and conditions of employment to be

determined by the Plan Trustee.  For the services performed on and after the Effective Date, the

professionals engaged by the Plan Trustee (the "Plan Trustee Professionals") shall receive

reasonable compensation and reimbursement of expenses in a manner to be determined by the Plan

Trustee.

        **7.7.5**    **Fees and Expenses.**  Acquisitions shall not receive any compensation for

the services it performs as the Plan Trustee.  The Plan Trustee Professionals shall be entitled to

reasonable compensation for their services, and reimbursement of expenses.  The costs and

expenses of the Plan Trust (including, without limitation, fees and expenses of the Plan Trustee

Professionals) shall be paid from the Plan Trust.  The Plan Trustee shall pay, without further order,

notice or application to the Court, the reasonable fees and expenses of the Plan Trustee

Professionals, as necessary to discharge the Plan Trustee's duties under the Plan.  The Plan Trustee

shall be authorized to reserve funds from the Plan Trust as is reasonable to pay the expenses of the

Plan Trustee and the expenses and fees of the Plan Trustee Professionals before making any

Distributions under the Plan.

        **7.7.6**      **Limitation of Liability and Indemnification.**  None of the Group II:

Voluntary Debtors, the Voluntary Debtors' Committee, the Plan Sponsor, the SunCal Plan

Proponents, the Plan Trustee, the Professionals, nor any of their respective members, officers,

directors, shareholders, employees, or agents (the "Indemnified Parties") shall be liable (a) for any

loss or damages by reason of any action taken or omitted by him or her, except in the case of

fraud, willful misconduct, bad faith, or gross negligence, (b) for any act or omission made in

reliance upon the Debtors' books and records or upon information or advice given to the Plan

Trustee by his or her professionals, or (c) for any action taken or omission made in connection

with or related to the negotiations, formulation, or preparation of the Plan and the Disclosure

Statement, the approval of the Disclosure Statement, the confirmation of the Plan, the

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

consummation of the Plan, or the administration of the Plan, the Cases, or the property to be distributed under the Plan, to the fullest extent permitted by applicable statute and case law. Except as otherwise provided in this Plan, the Plan Trustee shall rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, consent, or other document believed by him or her to be genuine and to have been signed by the proper party or parties.

The Indemnified Parties shall be indemnified and receive reimbursement from and against any and all loss, liability, expense (including attorneys' fees) or damage of any kind, type or nature, which the Indemnified Party may incur or sustain the exercise and performance of any of the Plan Trustee's powers and duties under this Plan or the Confirmation Order, or in the rendering of services by the Indemnified Party to the Plan Trustee, to the full extent permitted by applicable law, except if such loss, liability, expense or damage is finally determined by a court of competent jurisdiction to result from the Plan Trustee's or an Indemnified Person's fraud, willful misconduct, bad faith, or gross negligence. The amounts necessary for such indemnification and reimbursement shall be paid by the Plan Trustee out of the Plan Trust Assets. The Plan Trustee shall not be liable for the payment of any Plan Trust expense or claim or other liability of the Plan Trust, and no Person shall look to the Indemnified Parties for the payment of any such expense or liability. This indemnification shall survive the dissolution, resignation or removal, as may be applicable, of the Plan Trustee, or the termination of the Plan Trust, and shall inure to the benefit of the Plan Trustee's and the Indemnified Person's heirs and assigns.

**7.7.7    Plan Trustee as Successor.** Pursuant to Code §1123(b), the Plan Trustee shall be the successor to the Group II: Voluntary Debtors for all purposes.

**7.8    The Plan Trust Beneficiaries**.

The Holders of Allowed Claims under the Plan, or any successors to such Holders' Allowed Claims ("Beneficiary" or "Beneficiaries") shall own a beneficial interest in the Plan Trust which shall, subject to the Plan, be entitled to a Distribution, if any, in the amounts, and at the times, set forth in the Plan. Ownership of a beneficial interest in the Plan Trust shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever,

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1   except as maintained on the books and records of the Plan Trust by the Plan Trustee. The

2   ownership of a beneficial interest in the Plan Trust shall not entitle any Beneficiary to any title in

3   or to the Plan Trust assets or to any right to call for a partition or division of such assets or to

4   require an accounting. The Plan Trustee shall make Distributions, if any, to Beneficiaries in the

5   manner provided in the Plan.

6        The rights of the Beneficiaries arising under the Plan Trust may be deemed "securities"

7   under applicable law. However, such rights have not been defined as "securities" under the Plan

8   because (a) the intent of the Plan is that such rights shall not be securities, and (b) if the rights

9   arising under the Plan Trust are deemed to be "securities," the exemption from registration under

10   §1145 of the Bankruptcy code is intended to be applicable to such securities.

11        **7.9**   **No Payment of Transfer-Related Fees to the United States Trustee**.

12        The Plan Trust shall not be required to pay any fees to the United States Trustee based on

13   any transfers of the Plan Trust Assets to the Plan Trust or from the Plan Trust.

14        **7.10**   **No Payment of Transfer-Related Fees to the Plan Trustee**.

15        The Plan Trust shall not be required to pay any fees to the Plan Trustee based on any

16   transfers of Plan Trust Assets from the Group II: Voluntary Debtors to the Plan Trust, or from the

17   Plan Trust.

18        **7.11**   **Books and Records of Trust**.

19        The Plan Trustee, and to the extent of payments and distributions by any Disbursing Agent,

20   the Disbursing Agent, shall maintain an accounting of receipts and disbursements of the Plan

21   Trust. The Plan Trustee shall maintain the books and records of the Plan Trust, or provide storage

22   for such book and records, for the longer of six (6) years, or while Plan is in existence, provided

23   that the Court may, upon application by the Plan Trustee, authorize the Plan Trust to destroy all of

24   the Plan Trusts books and records at such time as Plan Trust has no further need for such books

25   and records. The Plan Trust's books and records shall be open to inspection at all reasonable times,

26   upon written request by the Voluntary Debtors' Committee.

27        **7.12**   **Federal Income Tax Treatment of the Holders of the Plan Trust Beneficial**

28             **Interests**.

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

For all United States federal income tax purposes, the transfers by the Group II: Voluntary Debtors shall be treated by the Group II: Voluntary Debtors, their estates, the Plan Trust and the Plan Trust Beneficiaries as a transfer of the Plan Trust Assets by the Group II: Voluntary Debtors to the Plan Trust Beneficiaries followed by a transfer of the Plan Trust Assets by such the Plan Trust Beneficiaries to the Trust. The Plan Trust Beneficiaries shall be treated as the grantors and deemed owners of the Plan Trust for United States federal income tax purposes. The Plan Trust Trustee and the Plan Trust Beneficiaries are required to value their interests in the Plan Trust Assets consistently with the values placed upon the Plan Trust Assets by the Plan Trust, and to use such valuations for all purposes. The Plan Trust Agreement shall provide for consistent valuations of the Plan Trust Assets by the Plan Trust Trustee and the Plan Trust Beneficiaries, and shall provide that the Plan Trust will determine the fair market value of the Plan Trust Assets within thirty (30) days after the Effective Date, and send such determination to each the Plan Trust Beneficiary. By its acceptance of a the Beneficial Interest, each recipient of such an interest will be conclusively deemed to agree to use such valuations for all purposes, including, without limitation, in computing any gain recognized upon the exchange of such holder's claim for purposes of determining any United States Federal income tax, and shall be required to include those items of income, deductions and tax credits that are attributable to its the Beneficial Interest in computing its taxable income.

### 7.13    <u>Termination of the Trust</u>.

The Plan Trust shall continue in effect until the earlier of: (a) the date that all the Plan Trust Assets has been liquidated, all proceeds have been converted to cash or distributed in kind, all the Plan Trust Expenses have been paid, all claims to be paid under the Plan for which the Plan Trust Trustee is obligated to make Distributions on have been paid, all distributions to be made with respect to the Beneficial Interests have been made, all litigation to which the Plan Trust is a party have been concluded by dismissal or an order issued by the court in which such litigation is pending and such order has become "final" (consistent with the definition of Final Order in the Plan for orders issued by the Bankruptcy Court), and the Chapter 11 Case has been closed; and (b) the expiration of five (5) years from the Effective Date; provided, however, that the Plan Trust

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1  may request the Bankruptcy Court to extend the permitted life of the Plan Trust for such additional

2  period as is reasonably necessary to conclude the liquidation and Distributions, not to exceed a

3  total of ten (10) years from the Effective Date, which request shall be filed so the Bankruptcy

4  Court may consider and rule on the request within six (6) months prior to the expiration of the

5  initial five-year term.

6       **7.14**    <u>**Exemption from Certain Transfer Taxes**</u>.

7       In accordance with Section 1146(a) of the Bankruptcy Code, the issuance, transfer or

8  exchange of a security or the making or delivery of an instrument of transfer under the Plan may

9  not be taxed under any law imposing a stamp tax or similar tax. All governmental officials and

10  agents shall forego the assessment and collection of any such tax or governmental assessment and

11  shall accept for filing and recordation any of the foregoing instruments or other documents without

12  payment of such tax or other governmental assessment.

13       **7.15**    <u>**Tax Consequence of The Plan**</u>.

14       The implementation of the Plan may have federal, state and local tax consequences to the

15  Group II: Voluntary Debtors, Creditors and Interest Holders.  No tax opinion has been sought or

16  will be obtained with respect to any tax consequences of the Plan. The Disclosure Statement does

17  not constitute and is not intended to constitute either a tax opinion or tax advice to any person, and

18  the summary contained herein is provided for informational purposes only.

19       CREDITORS AND INTEREST HOLDERS ARE ADVISED TO CONSULT WITH THEIR

20  OWN TAX ADVISORS REGARDING THE TAX CONSEQUENCES TO THEM AND TO THE

21  DEBTOR OF THE TRANSACTIONS CONTEMPLATED BY THE PLAN, INCLUDING

22  FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES.

23       **7.16**    <u>**The Voluntary Debtors' Committee**</u>.

24       On the Effective Date, the Voluntary Debtors' Committee shall continue to serve their

25  applicable Debtors as Voluntary Debtors' Committee to the applicable reorganized Debtors,

26  subject to the following:

27       **7.16.1**  <u>**Duties and Powers**</u>.  The duties of the Voluntary Debtors' Committee after

28  the Effective Date shall be limited to monitoring the Plan's implementation, notice and

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

opportunity to object to the sales process, notice and opportunity to object to any settlement of the Lehman Adversary Proceeding, and the Contract Action, standing to object to any settlement of any Litigation Claim in excess of $100,000, standing to object to any proposed sales procedures on sale of the Group II: Voluntary Projects, standing to object to claims, and standing and sole and exclusive right to file, prosecute and resolve potential Avoidance Actions against and objections to Claims filed by (i) SunCal Affiliates, including SunCal Management, Acquisitions, and SC Master Marketing, LLC and (ii) certain professionals for the SunCal Affiliates, including Voss, Cook & Thel, LLP, The MB Firm, White & Case, LLP, RBF Consulting and Mayer Brown LLP. Voluntary Debtors' Committee shall receive notice of and the right to review all payments and Distributions.

The Voluntary Debtors' Committee shall be entitled to retain, employ and compensate Professionals, in order to assist with the obligations and rights of the Voluntary Debtors' Committee under the terms of the Plan.  Such compensation shall be paid from the applicable Distribution Account(s).

**7.16.2  Dissolution of Voluntary Debtors' Committee.**  The Voluntary Debtors' Committee shall be dissolved upon the entry of an order converting, closing or dismissing the Chapter 11 Cases or entry of a final decree in the Chapter 11 Cases.  On dissolution, the Voluntary Debtors' Committee shall have no other or further obligations or responsibilities on behalf of the Plan Trust.

**7.17  Claims Estimation Rights.**

On the Confirmation Date, the SunCal Plan Proponents shall be vested with standing to file a motion under 11 U.S.C. § 502(c), and they shall be authorized and empowered to seek in such motion the estimation, for Distribution purposes, of any Disputed Claim seeking recourse to, or claiming an interest in, any asset of the Group II: Voluntary Debtors. After the Bankruptcy Court estimates a Disputed Claimant's rights in, or against an asset of the Estates through this procedure, the Plan Trustee shall have the right to use any funds or assets not deemed subject to the rights of the Disputed Claimant, to pay the Allowed Claims under the terms of the Plan, including Allowed Administrative Claims, after the Effective Date.

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

# VIII.

## DISTRIBUTIONS

**8.1     Distribution Agent.**

Acquisitions shall serve as the Distribution Agent for distributions due under the Plan.  The Distribution Agent may employ one or more sub agents on such terms and conditions as it may agree in its discretion and pay such sub agent as a Post Confirmation Expense from the Distribution Accounts.  The Distribution Agent shall not be required to provide any bond in connection with the making of any Distributions pursuant to the Plan.

**8.2     Distributions.**

**8.2.1     Dates of Distributions.**  Any distribution required to be made on the Effective Date shall be deemed timely if made as soon as practicable after such date and, in any event, within thirty (30) days after such date.  Any distribution required to be made upon a Disputed Claim becoming an Allowed Claim and no longer being a Disputed Claim shall be deemed timely if made as soon as practicable thereafter.

**8.2.2     Limitation on Liability.**  Neither the Plan Sponsor, the Plan Trustee, the Distribution Agent, their Affiliates, nor any of their employees, members, officers, directors, agents, or professionals or Affiliates shall be liable for (i) any acts or omissions (except for gross negligence or willful misconduct) in connection with implementing the Distribution provisions of the Plan and the making or withholding of Distributions pursuant to the Plan, or (ii) any change in the value of distributions made pursuant to the Plan resulting from any delays in making such distributions in accordance with the Plan's terms (including but not limited to any delays caused by the resolution of Disputed Claims).

**8.3     Old Instruments and Securities.**

**8.3.1     Surrender and Cancellation of Instruments and Securities.**  As a condition to receiving any distribution pursuant to the Plan, each Person holding any note or other instrument or security (collectively "Instruments or Securities" and individually an "Instrument or Security") evidencing, an existing Claim(s) against the Debtor(s) must surrender such Instrument or Security to the Distribution Agent.

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

**8.3.2    Cancellation of Liens.**  Except as otherwise provided in the Plan, any Lien securing any Secured Claim shall be deemed released and discharged, and the Person holding such Secured Claim shall be authorized and directed to release any collateral or other property of the Debtors (including, without limitation, any cash collateral) held by such Person and to take such actions as may be requested by the Plan Trustee to evidence the release of such Lien, including, without limitation, the execution, delivery and Filing or recording of such releases as may be requested by the Plan Trustee.

**8.3.4    De Minimis Distributions and Fractional Shares.**  No Cash payment of less than ten dollars ($10) shall be made by the Plan Trust to any Holder of Claims unless a request therefore is made in writing to the Plan Trust.  Whenever payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding down of such fraction to the nearest whole cent.  Any Cash or other property that is not distributed as a consequence of this section shall, after the last distribution on account of Allowed Claims in the applicable Class, be treated as "Unclaimed Property" under the Plan.

**8.3.5    Delivery of Distributions.**  Except as provided in the Plan with respect to Unclaimed Property, distributions to Holders of Allowed Claims and Allowed Administrative Claims shall be distributed by mail as follows:  (1) with respect to each Holder of an Allowed Claim that has filed a Proof of Claim, at the address for such Holder as maintained by the official claims agent for the Debtors; (2) with respect to each Holder of an Allowed Claim that has not filed a Proof of Claim, at the address reflected on the Schedules filed by the Debtors, provided, however, that if the Debtors or the Plan Trust has received a written notice of a change of address for such Holder, the address set forth in such notice shall be used; or (3) with respect to each Holder of an Allowed Administrative Claim, at such address as the Holder may specify in writing.

**8.3.6    Undeliverable Distributions.**  If the Distribution of Cash to the Holder of any Allowed Claim is returned to the Plan Trustee as undeliverable or the Distribution check is not negotiated within 90 days of mailing (any such distribution being hereinafter referred to as "Unclaimed Property"), no further distribution shall be made to such Holder unless and until the Plan Trustee is notified in writing of such Holder's then current address.  Subject to the remainder

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

of this Section and the following section, Unclaimed Property shall remain in the possession of the Plan Trustee pursuant to this Section, and shall be set aside and (in the case of Cash) held in a segregated interest bearing account (as to Cash Unclaimed Property) to be maintained by the Distribution Agent until such time as the subject Distribution becomes deliverable.  Nothing contained in the Plan shall require the Plan Trustee or any other Person to attempt to locate such Person.

**IX.**

**OBJECTIONS TO CLAIMS AND DISPUTED CLAIMS**

**9.1**      **Standing for Objections to Claims.**

The Plan Trustee and the Committee shall have the sole and exclusive right to file, prosecute and resolve objections to Claims, except as specifically provided herein.  The Voluntary Debtors' Committee shall have the sole and exclusive right to file, prosecute and resolve objections to Claims filed by (i) SunCal Affiliates, including SunCal Management, Acquisitions, and SC Master Marketing, LLC and (ii) certain professionals for the SunCal Affiliates, including Voss, Cook & Thel, LLP, The MB Firm, White & Case, LLP, RBF Consulting and Mayer Brown LLP.  Any objection to a Claim shall be Filed with the Bankruptcy Court and served on the Person holding such Claim on or before the applicable Claims Objection Deadline.  The Plan Trustee shall have the right to petition the Bankruptcy Court, without notice or a hearing, for an extension of the Claims Objection Deadline if a complete review of all Claims cannot be completed by such date.

**9.2**      **Treatment of Disputed Claims and Disputed Liens.**

**9.2.1**      **No Distribution Pending Allowance.**  If any portion of a Claim or Lien is a Disputed Claim or Disputed Lien, no payment or distribution provided for under the Plan shall be made on account of such Claim or Lien unless and until such Claim or Lien becomes an Allowed Claim and/or Allowed Lien.

**9.2.2**      **Distribution After Allowance.**  On the next Distribution Date following the date on which a Disputed Claim becomes an Allowed Claim and is no longer a Disputed Claim, the Distribution Agent shall distribute to the Person holding such Claim any Cash that would have

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    been distributable to such Person if on the initial Distribution Date such Claim had been an

2    Allowed Claim and not a Disputed Claim.

3         **9.2.3    Reserves for Disputed Claims.**  In the event that Disputed Claims are

4    pending at the time of a Distribution under the Plan, the Plan Trustee shall establish and maintain a

5    reserve for such Disputed Claims.  For purposes of establishing a reserve, Cash will be set aside

6    equal to the amount that would have been distributed to the Holders of the Disputed Claims had

7    the Disputed Claims been Allowed on the date a Distribution is made to the Holders of Allowed

8    Claims in the same Class or of the same priority as the Disputed Claims.  If a Disputed Claim

9    ultimately becomes an Allowed Claim, the amount of Cash reserved for that Disputed Claim shall

10   be distributed on the earlier of (a) the distributed Date following the date when the Disputed Claim

11   becomes an Allowed Claim, or (b) ninety (90) days after such Disputed Claim becomes an

12   Allowed Claim.  Any reserved Cash not ultimately distributed to the Holder of a Disputed Claim

13   because the Disputed Claim does not become an Allowed Claim shall become property of the Plan

14   Trust and shall be distributed in accordance with the terms of the Plan.

15                                   **X.**

16              **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

17        **10.1    Executory Contracts to be Assumed and Assigned.**

18        ~~Under the Plans, the Group II: Voluntary Projects will be sold.  As a result, the Group II:~~

19   ~~Voluntary Debtors will assume only those executory contracts and unexpired leases to be assigned~~

20   ~~to the Winning Bidder with respect to the applicable Group II: Voluntary Project and the~~

21   ~~Restructuring Agreement and Settlement Agreement.~~

22        On the Effective Date, the executory contracts and unexpired leases identified on the

23   Schedule of Assumed and Assigned Agreements filed herein~~attached or to be attached to the~~

24   ~~Disclosure Statement as Exhibit "9" or filed or to be filed as Exhibit "9"~~ shall be deemed assumed

25   and assigned to the applicable Winning Bidder, as specified in the Confirmation Order, with the

26   exception that certain executory contracts specified in the Schedule of Assumed and Assigned

27   Agreements shall only be assumed and not assigned.  ~~The SunCal Plan Proponents intend to file~~

28   ~~the Schedule of Assumed and Assigned Agreements with the Court no later than twenty-eight (28)~~

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

~~days prior to the Confirmation Hearing.~~ The Schedule of Assumed and Assigned Agreements also identifies or will identify any amounts that must be paid to cure defaults under the executory contacts and unexpired leases to be assumed and assigned under the Plan (the "Cure Amount"). If filed earlier, the SunCal Plan Proponents reserve the right to amend the Schedule of Assumed Agreements up to twenty-eight (28) days prior to the Confirmation Hearing (October 24, 2011) to: (a) add any executory contract or unexpired lease and provide for its assumption and assignment; or (b) modify the Cure Amount for any particular executory contract or unexpired lease. The SunCal Plan Proponents further reserve the right to amend the Schedule of Assumed Agreements to delete any executory contract or unexpired lease and provide for its rejection at any time prior to the Confirmation Hearing. The SunCal Plan Proponents will provide notice of any amendment to the Schedule of Assumed and Assigned Agreements to any party or parties to the executory contracts or unexpired leases affected by the amendment. Absent a timely objection as provided below, the Confirmation Order will constitute a Court Order approving the assumption and assignment, on the Effective Date, of the executory contracts and unexpired leases then identified on the Schedule of Assumed and Assigned Agreements, and shall constitute a final determination of the Cure Amount and that the estate has shown adequate assurance of future performance. Furthermore, any Cure Amount ordered by the Court, through entry of the Confirmation Order, and paid shall be deemed to satisfy any and all defaults arising from, out of or related to the executory contract of unexpired lease, including any tort claims that were or could be asserted by the non-debtor party to the contract or lease on or prior to the entry of the Confirmation Order, and all actual or pecuniary losses that have resulted from such defaults.

If you are a party to an executory contract or unexpired lease to be assumed and assigned and you object to the assumption and assignment of your lease or contract and/or you dispute the Cure Amount related to your lease or contract, then you must File and serve upon counsels for the SunCal Plan Proponents (at the address on the upper left hand corner of the caption page) a written objection by fourteen days before the Confirmation Hearing. An objection to the Cure Amount must also set forth the amount you contend to be the correct Cure Amount and contain evidence to support such amount. Failure to timely File an objection as provided herein shall be deemed

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    consent to the proposed assumption and assignment and to the Cure Amount and a waiver of any

2    and all rights to challenge such assumption and assignment and the Cure Amount.

3            With respect to each executory contract and unexpired lease identified on the Schedule of

4    Assumed and Assigned Agreements, if no dispute arises regarding the Cure Amount, adequate

5    assurances, or some other matter related to the assumption of the executory contact or unexpired

6    lease, then the Cure Amount set forth in the schedule of Assumed and Assigned Agreements shall

7    be paid to the applicable non-debtor party in Cash on the Effective Date or as soon as reasonably

8    practicable thereafter.  If a dispute arises regarding (a) whether the proposed assignee has provided

9    adequate assurance of future performance of an executory contract or unexpired lease to be

10   assumed, or (b) any other matter pertaining to a proposed assumption and assignment, the Cure

11   Amount will be paid on the later of (1) the Effective Date or as soon as practicable thereafter, or

12   (2) within thirty (30) days after entry of a Final order resolving the dispute and approving the

13   assumption and assignment; provided, however, if a dispute arises regarding any of the foregoing,

14   the SunCal Plan Proponents reserve, for themselves and the Plan Trustee, the right to completely

15   forego assumption and assignment of and, instead, reject the subject executory contract or

16   unexpired lease.

17           If a party to an executory contract or unexpired lease identified on the Schedule of

18   Assumed and Assigned Agreements Files an objection disputing the Cure Amount, then the

19   SunCal Plan Proponents may amend the Schedule of Assumed and Assigned Agreements at any

20   time prior to the Confirmation Hearing to delete the subject executory contract or unexpired lease

21   and provide for its rejection.  Executory contracts or unexpired leases not so deleted shall be

22   conditionally assumed, subject to the SunCal Plan Proponents' and/or the Plan Trustee's right to

23   file a Motion to determine the appropriate Cure Amount up to the first (1st) Business Day that is at

24   least sixty (60) days following the Effective Date.  The SunCal Plan Proponents and/or the Plan

25   Trustee will serve any such Motion on the party to the executory contract or unexpired lease

26   affected by the Motion (or its attorneys, if any).  If the SunCal Plan Proponents and Plan Trustee

27   does not file a Motion to determine the appropriate Cure Amount, then the executory contract or

28   unexpired lease shall be assumed and assigned, as of the Effective Date, and the Cure Amount

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    shall be the alternative Cure Amount asserted by the non-debtor party to the subject executory

2    contract or unexpired lease in its objection to the Plan.  The Cure Amount shall be paid as soon as

3    reasonably practicable following the expiration of the 60-day deadline.

4             If the SunCal Plan Proponents or the Plan Trustee files a Motion to determine the

5    appropriate Cure Amount, then the SunCal Plan Proponents and/or Plan Trust shall have the right

6    to amend the Schedule of Assume and Assigned Agreements to completely forego assumption and

7    assignment of and, instead, reject the subject executory contract or unexpired lease up to the first

8    (1st) Business Day that is at least fifteen (15) days after the entry of an order fixing the Cure

9    Amount.  The SunCal Plan Proponents and/or Plan Trustee will provide notice of any amendment

10   to the Schedule of Assumed and Assigned Agreements to the party to the executory contract or

11   unexpired lease affected by the amendment.  If the SunCal Plan Proponents and/or Plan Trustee

12   has filed such a Motion and does not timely amend the Schedule of Assumed and Assigned

13   Agreements within fifteen (15) days after entry of an order fixing the Cure Amount, then the

14   executory contract or unexpired lease shall be assumed and assigned, as of the Effective Date, and

15   the Cure Amount shall be fixed as the Cure Amount ordered by the Court.  The Cure Amount as

16   soon as reasonably practicable following the expiration of the 15-day deadline.

17   **10.2**    **Executory Contracts to be Rejected.**

18        On the Effective Date, the estate will be deemed to have rejected any and all executory

19   contacts and unexpired leases not identified on the Schedule of Assumed and Assigned

20   Agreements attached or to be attached to the Disclosure Statement as Exhibit "9," or filed or to be

21   filed as Exhibit "9".  The Confirmation Order will constitute a Court order approving the rejection,

22   as of the Effective Date, of such executory contacts and unexpired leases.  Any Claim for damages

23   arising from the rejection under the Plan of any executory contract or unexpired lease must be filed

24   with the Court and served upon the SunCal Plan Proponents and the Plan Trustee within thirty (30)

25   days of the later of (a) the Confirmation Date, and (b) the Plan Trustee's amendment of the

26   Schedule of Assumed and Assigned Agreements to eliminate the executory contract or unexpired

27   lease.  Any such damage Claims that are not timely filed and served will be forever barred and

28   unenforceable against the applicable Debtors, the Estates, the Plan Trustee, the Plan Trust, and

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

their respective property.  Persons holding these Claims who fail to timely file claims will be barred from receiving any Distributions under the Plan on account of their rejection damage Claims.

———If you are a party to a lease or contract to be rejected and you object to the rejection of your lease or contract, then you must file and serve your objection by fourteen days before the Confirmation Hearing.

## XI.

## LIMITATION OF LIABILITY

### 11.1    No Liability for Solicitation or Participation.

As specified in Section 1125(e) of the Bankruptcy Code, entities that solicit acceptances or rejections of the Plan and/or that participate in the offer, issuance, sale, or purchase of securities offered or sold under the Plan, in good faith and in compliance with the applicable provisions of the Bankruptcy Code, shall not be liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer, issuance, sale, or purchase of securities.

## XII.

## CONDITIONS TO CONFIRMATION AND
## EFFECTIVENESS OF THE PLAN

### 12.1    Conditions Precedent to Plan Confirmation.

The only condition precedent to confirmation of the Plan is that the Bankruptcy Court shall have entered a Confirmation Order in form and substance reasonably acceptable to the SunCal Plan Proponents.

### 12.1    Conditions Precedent to Plan Effectiveness.

The conditions precedent to the effectiveness of the Plan and the occurrence of the Effective Date is that the Confirmation Order shall be a Final Order in form and substance reasonably satisfactory to the SunCal Plan Proponents.

## XIII.

## RETENTION OF JURISDICTION

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective

2    Date, the Bankruptcy Court's jurisdiction shall not be limited under the Plan and the Bankruptcy

3    Court's jurisdiction shall apply to the fullest extent possible under applicable law.  The Court will

4    retain exclusive jurisdiction during the Plan payout period to resolve disputes and conflicts arising

5    from the administration of the Plan, upon request of a party-in-interest and after notice and a

6    hearing, including, without limitation:

7        a.    The adjudication of the validity, scope, classification, allowance, and disallowance

8    of any Claim;

9        b.    The estimation of any Claim;

10       c.    The allowance or disallowance of Professional-Fee Claims, compensation, or other

11   Administrative Expense Claims;

12       d.    To hear and determine Claims concerning taxes pursuant to Bankruptcy Code §§

13   346, 505, 525, and 1146;

14       e.    To hear and determine any action or proceeding brought under Bankruptcy Code

15   §§108, 510, 543, 544, 545, 547, 548, 549, 550, 551 and 553;

16       f.    To hear and determine all actions and proceedings which relate to pre-confirmation

17   matters;

18       g.    To hear and determine any issue relating to the assumption or rejection of

19   executory contracts and unexpired leases;

20       h.    To hear and determine any modification to the Plan in accordance with the

21   Bankruptcy Rules and Bankruptcy Code;

22       i.    To enforce and interpret the terms of the Plan;

23       j.    To correct any defects, cure any omissions, or reconcile any inconsistency in the

24   Plan or the Confirmation Order as may be necessary to carry out the purpose and intent of the

25   Plan;

26       k.    the entry of any order, including injunctions, necessary to enforce title, rights and

27   powers of the Plan Trust, and to impose such limitations, restrictions, terms and conditions on such

28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

title, rights and powers as the Court may deem necessary including, without limitation, any right of the Plan Trust to recover and liquidate assets;

l.      To determine the validity, extent and priority of all liens and security interests against property of the Estates or the Plan trust;

m.      To hear and resolve any disputes regarding employment applications and professional fees;

n.      To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary to carry out the provisions thereof and to adjudicate any disputes arising under or relating to any order entered by the Court in these Cases;

o.      The entry of an order concluding and terminating these Cases; and

p.      To resolve any disputes as to whether there has been a default under the Plan.

**XIV.**

**MODIFICATION OR WITHDRAWAL OF THE PLAN**

**14.1    Modification of Plan.**

At any time prior to the confirmation of the respective Group II: Voluntary Debtor's Plan, the SunCal Plan Proponents may supplement, amend or modify the respective Group II: Voluntary Debtor's Plan.  After confirmation of the respective Group II: Voluntary Debtor's Plan, SunCal Plan Proponents or respective Group II: Voluntary Debtor's Plan Trustee may (x) apply to the Bankruptcy Court, pursuant to Section 1127 of the Bankruptcy Code, to modify the respective Group II: Voluntary Debtor's Plan; and (y) apply to the Bankruptcy Court to remedy defects or omissions in the respective Group II: Voluntary Debtor's Plan or to reconcile inconsistencies in the respective Group II: Voluntary Debtor's Plan.

**14.2    Nonconsensual Confirmation.**

In the event that any impaired Class of Claims or Interests shall fail to accept the Plan in accordance with Section 1129(a)(8) of the Bankruptcy Code, SunCal Plan Proponents (i) may request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code, and (ii) in accordance with Section 16.1 of the Plan, and may modify the Plan in accordance with Section 1127(a) of the Bankruptcy Code.

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

**XV.**

**EFFECT OF CONFIRMATION**

**15.1    Discharge.**

Confirmation of the Plan does not discharge the Group II: Voluntary Debtors as set forth in Bankruptcy Code §1141.

**15.2    Revesting of the Assets.**

The Assets shall not be vested in the Group II: Voluntary Debtors on or following the Effective Date, but shall be vested in the Plan Trust and continue to be subject to the jurisdiction of the Court following confirmation of the Plan until such Assets are distributed to the Holders of Allowed Claims in accordance with the provisions of the Plan.

**15.3    Exculpation and Releases**

Effective upon the entry of the Confirmation Order, neither the Group II: Voluntary Debtors, the Voluntary Debtors' Committee, Plan Sponsor, the SunCal Plan Proponents, the Professionals, nor any of their respective members, officers, directors, shareholders, employees, or agents, shall have or incur any liability to any Person, including any creditors or Interest Holder of the Debtors, for any act taken or omission made in connection with or related to the negotiation, formulation, or preparation of the Plan and the Disclosure Statement, the approval of the Disclosure Statement, the confirmation of the Plan, the consummation of the Plan, or the administration of the Plan, the Cases, or the property to be distributed under the Plan, to the fullest extent permitted by applicable statues and case law, except that the Plan Trust will be liable for the performance of obligations assumed by it or imposed upon it under or by the Plan.

**XVI.**

**MISCELLANEOUS**

**16.1    Payment of Statutory Fees.**

All quarterly fees due and payable to the Office of the United States Trustee pursuant to Section 1930(a)(6) of title 28 of the United States Code shall be paid in full on or before the Effective Date, or, to the extent such quarterly fees are disputed, an adequate reserve shall have been established and set aside for payment in full thereof, as required by Section 1129(a)(12) of

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

the Bankruptcy Code. The Plan Trustee shall remain responsible for timely payment of quarterly

fees due and payable after the Effective Date and until the Debtors' Cases are closed, to the extent

required by Section 1930(a)(6) of title 28 of the United States Code.

**16.2    Changes in Rates Subject to Regulatory Commission Approval.**

The Group II: Voluntary Debtors are not subject to governmental regulatory commission

approval of their rates.

**16.3    Payment Dates.**

Whenever any payment or distribution to be made under the Plan shall be due on a day

other than a Business Day, such payment or distribution shall instead be made, without interest, on

the immediately following Business Day.

**16.4    Headings.**

The headings used in the Disclosure Statement and in the Plan are inserted for convenience

only and neither constitutes a portion of the Disclosure Statement or the Plan nor in any manner

affect the construction of the provisions of the Disclosure Statement or the Plan.

**16.5    Other Documents and Actions.**

The Plan Trustee may execute such other documents and take such other actions as may be

necessary or appropriate to effectuate the transactions contemplated under the Plan.

**16.6    Notices.**

All notices and requests in connection with the Disclosure Statement and the Plan shall be

in writing and shall be hand delivered or sent by mail addressed to:

> **To the SunCal Plan Proponents**:
> Bruce V. Cook
> General Counsel
> Authorized Agent of the SunCal Plan Proponents
> 2392 Morse Ave
> Irvine, CA 92614-6234
>
> **With copies to:**
> Paul J. Couchot
> Winthrop & Couchot, Professional Corporation
> 660 Newport Center Drive, Suite 400
> Newport Beach, CA 92660

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

Ronald Rus
Rus Miliband & Smith P.C.
2211 Michelson Drive, Seventh Floor
Irvine, California 92612

All notices and requests to any Person holding of record any Claim or Interest shall be sent to them at their last known address or to the last known address of their attorney of record.  Any such Person may designate in writing any other address for purposes of this Section 21.5, which designation will be effective on receipt.

### 16.7    Governing Law.

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of the State of California (without reference to its conflict of law rules) shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, unless otherwise specifically provided in such agreements, documents, or instruments.

### 16.8    Binding Effect.

The Plan and all rights, duties and obligations thereunder shall be binding upon and inure to the benefit of the Plan Sponsor Debtors, the Plan Trustee, Holders of Claims, Holders of Interests, and their respective successors and assigns.

### 16.9    Successors and Assigns.

The rights, benefits, and obligations of any entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors, and assigns of such entity.

### 16.10    Severability of Plan Provisions.

If, prior to the Confirmation Date, any term or provision of the Plan is held by the Bankruptcy Court to be illegal, impermissible, invalid, void or unenforceable, or otherwise to constitute grounds for denying confirmation of the Plan, the Bankruptcy Court shall, with the consent of the Debtors, have the power to interpret, modify or delete such term or provision (or portions thereof) to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1  such term or provision shall then be operative as interpreted, modified or deleted.

2  Notwithstanding any such interpretation, modification or deletion, the remainder of the terms and

3  provisions of the Plan shall in no way be affected, impaired or invalidated by such interpretation,

4  modification or deletion.

5    **16.11  No Waiver.**

6    The failure of the respective Group II: Voluntary Debtor or any other Person to object to

7  any Claim for purposes of voting shall not be deemed a waiver of the Voluntary Debtors'

8  Committee's, the Debtors' or the Plan Trustee's right to object to or examine such Claim, in whole

9  or in part.

10    **16.12  Inconsistencies.**

11    In the event the terms or provisions of the Disclosure Statement are inconsistent with the

12  terms and provisions of the Plan or documents executed in connection with the Plan, the terms of

13  the Plan shall control.

14    **16.13  Exemption from Certain Transfer Taxes and Recording Fees.**

15    Pursuant to Section 1146(c) of the Bankruptcy Code, any transfers from a Debtor to the

16  Plan Trust or to any other Person or entity pursuant to the Plan, or any agreement regarding the

17  transfer of title to or ownership of any of the Debtors' real or personal property or of any other

18  interest in such property (including, without limitation, a security interest) will not be subject to

19  any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax,

20  stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or

21  recording fee, or other similar tax or governmental assessment, and the Confirmation Order will

22  direct the appropriate state or local governmental officials or agents to forego the collection of any

23  such tax or governmental assessment and to accept for filing and recordation any of the foregoing

24  instruments or other documents without the payment of any such tax or governmental assessment.

25    **16.14  Post-Confirmation Status Report.**

26    Within 180 days following the entry of the Confirmation Order, the Plan Trustee shall file

27  a status report with the Court explaining what progress has been made toward consummation of

28  the confirmed Plan.  The status report shall be served on the United States Trustee, the twenty

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1    largest unsecured creditors, and those parties who have requested special notice.  Unless otherwise

2    ordered, further status reports shall be filed every 180 days and served on the same entities.

3         **16.15    Post-Confirmation Conversion/Dismissal.**

4         A creditor or party in interest may bring a motion to convert or dismiss the case under

5    § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  The Plan

6    Trustee reserves the right to object to any motion for conversion or dismissal.  In addition, as set

7    forth in the definition of the Effective Date, the Effective Date may be further extended by order of

8    the Bankruptcy Court after notice and hearing to all parties in interest.  If the Court determines

9    there is no "cause" for the extension of the Effective Date, a party in interest may move to dismiss

10    or convert the case.

11         If the Court orders any of the Cases converted to Chapter 7 after the Plan is confirmed,

12    then all property that had been property of the Chapter 11 Estate, and that has not been disbursed

13    pursuant to the Plan, will revest in the Chapter 7 estate.  The automatic stay will be re-imposed

14    upon the revested property, but only to the extent that relief from stay was not previously

15    authorized by the Court during this case.

16         **16.16    Final Decree.**

17         Once an Estate has been fully administered, as referred to in Bankruptcy Rule 3022, the

18    Plan Trustee, or other party as the Court shall designate in the Confirmation Order, shall file a

19    motion with the Court to obtain a final decree to close the Case of such Debtor.

20    Date:  ~~August 5~~October 3, 2011       ————By: /s/ Bruce

21    Cook_____

22                Bruce Cook
            General Counsel, Authorized Agent for the
            Voluntary Debtors and Acquisitions

23

24    **WINTHROP COUCHOT**          **RUS MILIBAND & SMITH**
**PROFESSIONAL CORPORATION**    **A PROFESSIONAL CORPORATION**

25

26                      By: ___/s/ Ronald Rus_____
By:____/s/ Paul J. Couchot_____     Ronald Rus, Esq.
     Paul J. Couchot, Esq.        Joel S. Miliband, Esq.

27         Sean OKeefe, Esq.        Counsel for SCC Acquisitions, Inc.
General Insolvency Counsel for

28    Administratively Consolidated Voluntary

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

Debtors

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1

# PROOF OF SERVICE OF DOCUMENT

2

3 I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

4 A true and correct copy of the foregoing document described as: **THIRD AMENDED CHAPTER 11**
**PLANS AS MODIFIED FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF**
5 **SUNCAL BEAUMONT HEIGHTS, LLC AND SUNCAL JOHANNSON RANCH, LLC [GROUP II:**
**VOLUNTARY DEBTORS]**~~THIRD AMENDED DISCLOSURE STATEMENT DESCRIBING THIRD~~
6 ~~AMENDED CHAPTER 11 PLANS FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11~~
~~CASES OF SUNCAL BEAUMONT HEIGHTS, LLC AND SUNCAL JOHANNSON RANCH, LLC ,~~
7 ~~[GROUP II: VOLUNTARY DEBTORS]~~ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

8 I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to
9 controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 3, ~~August 5~~, 2011, I checked the CM/ECF
10 docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

11 ☒  Service information continued on attached page

12 II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
13 On _____, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
14 sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will</u>
15 <u>be</u> completed no later than 24 hours after the document is filed.

16

17 ☐  Service information continued on attached page

18 III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for
19 each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____,
2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented
20 in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after
21 the document is filed.

22

23 ☐  Service information continued on attached page

24 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

25 | ~~August 5~~October 3, , 2011 | ~~Gretchen Crumpacker~~PJ Marksbury | /s/ ~~Gretchen Crumpacker~~PJ Marksbury |
26 | --- | --- | --- |
| _Date_ | _Type Name_ | _Signature_ |

27

28

-62-
MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

**NEF SERVICE LIST**

- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Richard W Brunette    rbrunette@sheppardmullin.com
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com
- Geoffrey Crisp    geoffrey@smgarberlaw.com, michelle@smgarberlaw.com
- Jonathan S Dabbieri    dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Caroline Djang    cdjang@rutan.com
- Joseph R Dunn    jrdunn@mintz.com, jadavis@mintz.com;dsjohnson@mintz.com;docketing@mintz.com;TLMayo@mintz.com
- Donald T Dunning    ddunning@dunningLaw.com
- Lynsey M Eaton    leaton@gglts.com
- Meredith R Edelman    meredith.edelman@dlapiper.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Don Fisher    dfisher@ptwww.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

- Kavita Gupta     kgupta@winthropcouchot.com
- Asa S Hami     ahami@morganlewis.com
- Michael J Hauser     michael.hauser@usdoj.gov
- D Edward Hays     ehays@marshackhays.com
- Michael C Heinrichs     mheinrichs@omm.com
- Harry D. Hochman     hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff     jonathan.hoff@cwt.com
- Garrick A Hollander     ghollander@winthropcouchot.com, gcrumpacker@winthropcouchot.com;pj@winthropcouchot.com
- Nancy Hotchkiss     nhotchkiss@trainorfairbrook.com
- Michelle Hribar     mhribar@rutan.com
- John J Immordino     john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson     laj@cohenandjacobson.com
- Michael J Joyce     mjoyce@crosslaw.com
- Stephen M Judson     sjudson@fablaw.com
- Kaleb L Judy     ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn     skahn@pszyjw.com
- Sheri Kanesaka     sheri.kanesaka@bryancave.com, theresa.macaulay@bryancave.com
- David J Katzen     katzen@ksfirm.com
- Christopher W Keegan     ckeegan@kirkland.com, shalimar.caltagirone@kirkland.com;alevin@kirkland.com
- Irene L Kiet     ikiet@hkclaw.com
- Claude F Kolm     claude.kolm@acgov.org
- Mark J Krone     mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally     davidlallylaw@gmail.com
- Leib M Lerner     leib.lerner@alston.com
- Peter W Lianides     plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu     cliu@marshackhays.com
- Charles Liu     cliu@winthropcouchot.com
- Ben H Logan     blogan@omm.com
- John W Lucas     jlucas@pszjlaw.com
- Kerri A Lyman     klyman@irell.com
- Mariam S Marshall     mmarshall@marshallramoslaw.com
- Robert C Martinez     rmartinez@mclex.com
- Michael D May     mdmayesq@verizon.net
- Hutchison B Meltzer     hmeltzer@wgllp.com
- Krikor J Meshefejian     kjm@lnbrb.com
- Joel S. Miliband     jmiliband@rusmiliband.com
- James M Miller     jmiller@millerbarondess.com, vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com
- Louis R Miller     smiller@millerbarondess.com
- Craig Millet     cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
- Randall P Mroczynski     randym@cookseylaw.com
- Mike D Neue     mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida     Rnida@castlelawoffice.com
- Henry H Oh     henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Sean A Okeefe     sokeefe@okeefelc.com
- Robert B Orgel     rorgel@pszjlaw.com, rorgel@pszjlaw.com
- Malhar S Pagay     mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Ernie Zachary Park     ernie.park@bewleylaw.com
- Daryl G Parker     dparker@pszjlaw.com
- Penelope Parmes     pparmes@rutan.com

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1
- Robert J Pfister     rpfister@ktbslaw.com
- Ronald B Pierce     ronald.pierce@sdma.com
2
- Katherine C Piper     kpiper@steptoe.com, smcloughlin@steptoe.com
- Cassandra J Richey     cmartin@pprlaw.net
3
- Debra Riley     driley@allenmatkins.com
- James S Riley     tgarza@sierrafunds.com
4
- Todd C. Ringstad     becky@ringstadlaw.com
- R Grace Rodriguez     ecf@lorgr.com
5
- Martha E Romero     Romero@mromerolawfirm.com
- Ronald Rus     rrus@rusmiliband.com
6
- John P Schafer     jschafer@mandersonllp.com
- John E Schreiber     jschreiber@dl.com
7
- William D Schuster     bills@allieschuster.org
- Christopher P Simon     csimon@crosslaw.com
8
- Gerald N Sims     jerrys@psdslaw.com, bonniec@psdslaw.com
- Wendy W Smith     wendy@bindermalter.com
9
- Steven M Speier     Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)     Sspeier@asrmanagement.com, ca85@ecfcbis.com
10
- Michael St James     ecf@stjames-law.com
- Michael K Sugar     msugar@irell.com
11
- Cathy Ta     cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
12
- David A Tilem     davidtilem@tilemlaw.com,
  melissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
13
- James E Till     jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
14
- Carol G Unruh     cgunruh@sbcglobal.net
- Annie Verdries     verdries@lbbslaw.com
15
- Jason Wallach     jwallach@gladstonemichel.com
- Joshua D Wayser     , kim.johnson@kattenlaw.com
16
- Marc J Winthrop     mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood     dwiseblood@seyfarth.com
17
- Brett K Wiseman     bwiseman@aalaws.com
18
- Laurel R Zaeske     lzaeske@rusmiliband.com
- Dean A Ziehl     dziehl@pszjlaw.com, dziehl@pszjlaw.com
19
- Marc A. Zimmerman     joshuasdaddy@att.net

20
-
-
21
- Selia M Acevedo     sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
22
- Joseph M Adams     jadams@sycr.com
- Raymond H Aver     ray@averlaw.com
23
- James C Bastian     jbastian@shbllp.com
- Thomas Scott Belden     sbelden@kleinlaw.com, ecf@kleinlaw.com
24
- John A Boyd     fednotice@tclaw.net
- Mark Bradshaw     mbradshaw@shbllp.com
25
- Gustavo E Bravo     gbravo@smaha.com
- Jeffrey W Broker     jbroker@brokerlaw.biz
26
- Brendt C Butler     bbutler@mandersonllp.com
- Andrew W Caine     acaine@pszyjw.com
27
- Carollynn Callari     ccallari@venable.com
28
- Cathrine M Castaldi     ccastaldi@rusmiliband.com

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

| | |
|---|---|
| 1 | Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com |
| | Dan E Chambers    dchambers@jmbm.com |
| 2 | Shirley Cho    scho@pszjlaw.com |
| | Vonn Christenson    vrc@paynefears.com |
| 3 | Brendan P Collins    bpcollins@bhfs.com |
| | Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com |
| 4 | Paul J Couchot    pcouchot@winthropcouchot.com, |
| 5 | pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com |
| | Jonathan S Dabbieri    dabbieri@sullivan.com, |
| 6 | hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com |
| 7 | Ana Damonte    ana.damonte@pillsburylaw.com |
| | Vanessa S Davila    vsd@amclaw.com |
| 8 | Melissa Davis    mdavis@shbllp.com |
| 9 | Daniel Denny    ddenny@gibsondunn.com |
| | Caroline Djang    crd@jmbm.com |
| 10 | Donald T Dunning    ddunning@dunningLaw.com |
| 11 | Meredith R Edelman    meredith.edelman@dlapiper.com |
| | Joseph A Eisenberg    jae@jmbm.com |
| 12 | Lei Lei Wang Ekvall    lekvall@wgllp.com |
| | Richard W Esterkin    resterkin@morganlewis.com |
| 13 | Marc C Forsythe    kmurphy@goeforlaw.com |
| | Alan J Friedman    afriedman@irell.com |
| 14 | Steven M Garber    steve@smgarberlaw.com |
| | Christian J Gascou    cgascou@gascouhopkins.com |
| 15 | Barry S Glaser    bglaser@swjlaw.com |
| 16 | Robert P Goe    kmurphy@goeforlaw.com, |
| | rgoe@goeforlaw.com;mforsythe@goeforlaw.com |
| 17 | Eric D Goldberg    egoldberg@stutman.com |
| | Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com |
| 18 | Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com |
| 19 | Kelly C Griffith    bkemail@harrisbeach.com |
| | Matthew Grimshaw    mgrimshaw@rutan.com |
| 20 | Kavita Gupta    kgupta@winthropcouchot.com |
| | Asa S Hami    ahami@morganlewis.com |
| 21 | Michael J Hauser    michael.hauser@usdoj.gov |
| 22 | D Edward Hays    ehays@marshackhays.com |
| | Michael C Heinrichs    mheinrichs@omm.com |
| 23 | Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com |
| | Jonathan M Hoff    jonathan.hoff@cwt.com |
| 24 | Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com |
| 25 | Michelle Hribar    mhribar@rutan.com |
| | John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com |
| 26 | Lawrence A Jacobson    laj@cohenandjacobson.com |
| | Michael J Joyce    mjoyce@crosslaw.com |
| 27 | Stephen M Judson    sjudson@fablaw.com |
| | Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com |
| 28 | Steven J Kahn    skahn@pszyjw.com |

-66-
MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

| | |
|---|---|
| 1 | Sheri Kanesaka    sheri.kanesaka@bryancave.com |
| | David I Katzen    katzen@ksfirm.com |
| 2 | Christopher W Keegan    ckeegan@kirkland.com, |
| | gdupre@kirkland.com;alevin@kirkland.com |
| 3 | Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com |
| | Irene L Kiet    ikiet@hkclaw.com |
| 4 | Claude F Kolm    claude.kolm@acgov.org |
| 5 | Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com |
| | David B Lally    davidlallylaw@gmail.com |
| 6 | Leib M Lerner    leib.lerner@alston.com |
| 7 | Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com |
| | Charles Liu    cliu@winthropcouchot.com |
| 8 | Kerri A Lyman    klyman@irell.com |
| | Mariam S Marshall    mmarshall@marshallramoslaw.com |
| 9 | Robert C Martinez    rmartinez@mclex.com |
| | Michael D May    mdmayesq@verizon.net |
| 10 | Hutchison B Meltzer    hmeltzer@wgllp.com |
| | Krikor J Meshefejian    kjm@lnbrb.com |
| 11 | Joel S. Miliband    jmiliband@rusmiliband.com |
| 12 | James M Miller    jmiller@millerbarondess.com, |
| | vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com |
| 13 | Louis R Miller    smiller@millerbarondess.com |
| 14 | Craig Millet    cmillet@gibsondunn.com, |
| 15 | pcrawford@gibsondunn.com;cmillet@gibsondunn.com |
| | Randall P Mroczynski    randym@cookseylaw.com |
| 16 | Mike D Neue    mneue@thelobelfirm.com, |
| | jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com |
| 17 | Robert Nida    Rnida@castlelawoffice.com |
| 18 | Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com |
| | Sean A Okeefe    sokeefe@okeefelc.com |
| 19 | Scott H Olson    solson@seyfarth.com |
| | Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com |
| 20 | Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com |
| 21 | Ernie Zachary Park    ernie.park@bewleylaw.com |
| | Daryl G Parker    dparker@pszjlaw.com |
| 22 | Penelope Parmes    pparmes@rutan.com |
| | Robert J Pfister    rpfister@ktbslaw.com |
| 23 | Ronald B Pierce    ronald.pierce@sdma.com |
| | Katherine C Piper    kpiper@steptoe.com, smcloughlin@steptoe.com |
| 24 | Cassandra J Richey    cmartin@pprlaw.net |
| 25 | Debra Riley    driley@allenmatkins.com |
| | James S Riley    tgarza@sierrafunds.com |
| 26 | Todd C. Ringstad    becky@ringstadlaw.com |
| | R Grace Rodriguez    ecf@lorgr.com |
| 27 | Martha E Romero    Romero@mromerolawfirm.com |
| | Ronald Rus    rrus@rusmiliband.com |
| 28 | John P Schafer    jschafer@mandersonllp.com |

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC

1  John E Schreiber   jschreiber@dl.com
   William D Schuster   bills@allieschuster.org
2  Christopher P Simon   csimon@crosslaw.com
   Gerald N Sims   jerrys@psdslaw.com, bonniec@psdslaw.com
3  Wendy W Smith   wendy@bindermalter.com
   Steven M Speier   Sspeier@Squarmilner.com, ca85@ecfcbis.com
4  Steven M Speier (TR)   Sspeier@asrmanagement.com, ca85@ecfcbis.com
   Michael St James   ecf@stjames-law.com
5  Michael K Sugar   msugar@irell.com
6  Cathy Ta   cathy.ta@bbklaw.com,
   Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
7  David A Tilem   davidtilem@tilemlaw.com,
   malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
8  James E Till   jtill@thelobelfirm.com,
9  jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
   United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov
10 Carol G Unruh   cgunruh@sbcglobal.net
   Annie Verdries   verdries@lbbslaw.com
11 Jason Wallach   jwallach@gladstonemichel.com
12 Joshua D Wayser   , kim.johnson@kattenlaw.com
   Marc J Winthrop   mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
13 David M Wiseblood   dwiseblood@seyfarth.com
   Brett K Wiseman   bwiseman@aalaws.com
14 Dean A Ziehl   dziehl@pszjlaw.com, dziehl@pszjlaw.com
   Marc A. Zimmerman   joshuasdaddy@att.net
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MAINDOCS-#167124-v2-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v2-
SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#167124-v1-SunCal_Modified_3rd_Am_Group_II_VD_Plan.DOCMAINDOCS-#165265-v2-
SunCal_3rd_Am_Group_II_VD_Plan.DOC