PAUL J. COUCHOT -- State Bar No. 131934
WINTHROP COUCHOT, P.C.
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
General Insolvency Counsel for
Palmdale Hills Property, LLC et. al. (the "Voluntary Debtors")

RONALD RUS - State Bar No. 67369
JOEL S. MILIBAND - State Bar No. 77438
RUS MILIBAND & SMITH
A PROFESSIONAL CORPORATION
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514
Counsel for SCC Acquisitions Inc.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

In re

PALMDALE HILLS PROPERTY, AND ITS RELATED DEBTORS,

Joint Administered Debtors and Debtors-in-Possession

Affects:

☐ All Debtors
☒ Palmdale Hills Property, LLC
☐ SunCal Beaumont Heights, LLC
☐ SCC/Palmdale, LLC
☐ SunCal Johannson Ranch, LLC
☐ SunCal Summit Valley, LLC
☒ SunCal Emerald Meadows LLC
☒ SunCal Bickford Ranch, LLC
☒ Acton Estates, LLC
☐ Seven Brothers LLC
☐ SJD Partners, Ltd.
☐ SJD Development Corp.
☐ Kirby Estates, LLC
☐ SunCal Communities I, LLC
☐ SunCal Communities III, LLC
☐ SCC Communities LLC
☐ North Orange Del Rio Land, LLC
☐ Tesoro SF LLC

Case No. 8:08-bk-17206-ES
Jointly Administered With Case Nos.
8:08-bk-17209-ES; 8:08-bk-17240-ES;
8:08-bk-17224-ES; 8:08-bk-17242-ES;
8:08-bk-17225-ES; 8:08-bk-17245-ES;
8:08-bk-17227-ES; 8:08-bk-17246-ES;
8:08-bk-17230-ES; 8:08-bk-17231-ES;
8:08-bk-17236-ES; 8:08-bk-17248-ES;
8:08-bk-17249-ES; 8:08-bk-17573-ES;
8:08-bk-17574-ES; 8:08-bk-17575-ES;
8:08-bk-17404-ES; 8:08-bk-17407-ES;
8:08-bk-17408-ES; 8:08-bk-17409-ES;
8:08-bk-17458-ES; 8:08-bk-17465-ES;
8:08-bk-17470-ES; 8:08-bk-17472-ES;
and 8:08-bk-17588-ES

Chapter 11 Proceedings

**THIRD AMENDED CHAPTER 11 PLANS, AS MODIFIED, FILED BY PALMDALE HILLS PROPERTY, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]**

**Confirmation Hearing**
Date:     October 24, 2011
Time:     9:30 a.m.
Place:    Courtroom 5A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Continued from Previous Page*

☐  LBL-SunCal Oak Valley, LLC
☐  SunCal Heartland, LLC
☐  LBL-SunCal Northlake, LLC
☐  SunCal Marblehead, LLC
☐  SunCal Century City, LLC
☐  SunCal PSV, LLC
☐  Delta Coves Venture, LLC
☐  SunCal Torrance, LLC
☐  SunCal Oak Knoll, LLC

maindocs-#167102-v2-suncal_modified_3rd_amd_group_i_vd_plan.docmaindocs-#167102-v2-suncal_modified_3rd_amd_group_i_vd_plan.docmaindocs-#167102-v1-
suncal_modified_3rd_amd_group_i_vd_plan.docmaindocs-#167102-v1-suncal_modified_3rd_amd_group_i_vd_plan.docmaindocs-#165266-v4-
suncal_3rd_am_group_i_vd_plan.doc

# **TABLE OF CONTENTS**

**PAGE**

I.      INTRODUCTION .................................................................................    2

II.     DEFINITIONS AND RULES OF INTERPRETATION ...................................    3
        2.1     Definitions ...................................................................................    3
        2.2     Rules of Construction ....................................................................   26
        2.3     Exhibits .......................................................................................   27

III.    TREATMENT OF UNCLASSIFIED CLAIMS.............................................   27
        3.1     Introduction...................................................................................   27
        3.2     Treatment of Allowed Administrative Claims...................................   27
        3.3     Repayment of Allowed Administrative Claims..................................   27
        3.4     Administrative Claims Bar Date .....................................................   28
        3.5     Treatment of Unsecured Tax Claims ..............................................   28
        3.5     Summary of the Group I: Voluntary Debtors Plan's Treatment of
                Bond Indemnity Claims ................................................................   29

IV.     CLASSIFICATION OF CLAIMS AND INTERESTS .................................   29

V.      THE PLAN'S TREATMENT OF CLASSIFIED CLAIMS
        AND INTERESTS................................................................................   35
        5.1     The Plan's Treatment of Holders of Allowed Secured
                Real Property Tax Claims Against Group I:  Voluntary
                Projects (Classes 1.1 through 1.4) ................................................   35
        5.2     The Plan's Treatment of Lehman's Disputed Claim(s)
                and Disputed Lien(s) Against Group I:  Voluntary Debtors
                (Classes 2.1 and 2.4)....................................................................   36
        5.3     The Plan's Treatment of Holders of Asserted Mechanic
                Lien Claims Against the Group I: Voluntary Projects
                (Classes 3.1 through 3.14)) ...........................................................   38
        5.4     The Plan's Treatment of Holders of Contingent Bond
                Indemnification Claims Against Group I:  Voluntary
                Projects (Class 4.1) ......................................................................   38
        5.5     The Plan's Treatment of Holders of Priority Claims Against
                Group I: Voluntary Debtors (Class 5.1)............................................   39
        5.6     The Plan's Treatment of Holders of General Unsecured
                Claims that are Reliance Claims Against the Group I:
                Voluntary Debtors (Classes 6.1,6.2,6.3 and 6.4) ...........................   40
        5.7     The Plan's Treatment of Holders of Allowed General Unsecured
                Claims that Are Not Reliance Claims Against The Group I:
                Voluntary Debtors (Classes 7.1, 7.2, 7.3 and 7.4) .........................   41

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-

SunCal_Modified_3rd_Amd_Group_I-VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-

SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

| | | | |
|---|---|---|---|
| 5.8 | The Plan's Treatment of Holders of Allowed Interests Against the Group I: Voluntary Debtors | | 41 |
| **VI.** | **ACCEPTANCE OR REJECTION OF THE PLAN** | | 41 |
| 6.1 | Introduction | | 41 |
| 6.2 | Who May Object to Confirmation of the Plan | | 42 |
| 6.3 | Who May Vote to Accept/Reject the Plan | | 42 |
| 6.4 | What Is an Allowed Claim/Interest | | 42 |
| 6.5 | What Is an Impaired Class | | 42 |
| 6.6 | Who Is Not Entitled to Vote | | 42 |
| 6.7 | Who Can Vote in More than One Class | | 43 |
| 6.8 | Votes Necessary for a Class to Accept the Plan | | 43 |
| 6.9 | Treatment of Nonaccepting Classes | | 43 |
| 6.10 | Request for Confirmation Despite Nonacceptance by Impaired Class(es) | | 44 |
| **VII.** | **MEANS OF EXECUTION AND IMPLEMENTATION OF THE PLAN** | | 44 |
| 7.1 | Introduction | | 44 |
| 7.2 | Sale Process for the Group I: Voluntary Projects and Group I: Voluntary Other Assets During the Sales Period | | 44 |
| 7.3 | Establishment and Operations of the Plan Trust | | 47 |
| 7.4 | Preservation and Pursuit of Litigation Claims and Recovery for the Plan Trust | | 47 |
| 7.5 | Payment of Trust Expenses | | 48 |
| 7.6 | The Plan Trust Distribution System | | 48 |
| 7.7 | The Plan Trustee | | 48 |
| 7.8 | The Plan Trust Beneficiaries | | 53 |
| 7.9 | No Payment of Transfer-Related Fees to the United States Trustee | | 53 |
| 7.10 | No Payment of Transfer-Related Fees to the Plan Trustee | | 53 |
| 7.11 | Books and Records of Trust | | 53 |
| 7.12 | Federal Income Tax Treatment of the Holders of Plan Trust Beneficial Interests | | 54 |
| 7.13 | Termination of the Trust | | 54 |
| 7.14 | Exemption from Certain Transfer Taxes | | 55 |
| 7.15 | Tax Consequences of the Plan | | 55 |
| 7.16 | The Voluntary Debtors' Committee | | 56 |
| 7.17 | Claims Estimation Rights | | 56 |
| **VIII.** | **DISTRIBUTIONS** | | 57 |
| 8.1 | Distribution Agent | | 57 |
| 8.2 | Distributions | | 57 |
| 8.3 | Old Instruments and Securities | | 58 |
| **IX.** | **OBJECTION TO CLAIMS AND DISPUTED CLAIMS** | | 59 |
| 9.1 | Standing for Objections to Claims | | 59 |

-ii-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

| | | |
|---|---|---|
| 9.2 | Treatment of Disputed Claims and Disputed Liens | 60 |
| X. | EXECUTORY CONTRACTS AND UNEXPIRED LEASES | 60 |
| 10.1 | Executory Contracts to be Assumed and Assigned | 60 |
| 10.2 | Executory Contracts to be Rejected | 63 |
| XI. | LIMITATION OF LIABILITY | 64 |
| 11.1 | No Liability for Solicitation or Participation | 64 |
| XII. | CONDITIONS TO CONFIRMATION AND EFFECTIVENESS OF THE PLAN | 64 |
| 12.1 | Conditions Precedent to Plan Confirmation | 64 |
| 12.2 | Conditions Precedent to Plan Effectiveness | 64 |
| XIII. | RETENTION OF JURISDICTION | 65 |
| XIV. | MODIFICATION OR WITHDRAWAL OF THE PLAN | 66 |
| 14.1 | Modification of Plan | 66 |
| 14.2 | Nonconsensual Confirmation | 66 |
| XV. | EFFECT OF CONFIRMATION | 67 |
| 15.1 | Discharge | 67 |
| 15.2 | Revesting of the Assets | 67 |
| XVI. | MISCELLANEOUS | 67 |
| 16.1 | Payment of Statutory Fees | 67 |
| 16.2 | Changes in Rates Subject to Regulatory commission Approval | 67 |
| 16.3 | Payment Dates | 67 |
| 16.4 | Headings | 68 |
| 16.5 | Other Documents and Actions | 68 |
| 16.6 | Notices | 68 |
| 16.7 | Governing Law | 69 |
| 16.8 | Binding Effect | 69 |
| 16.9 | Successors and Assigns | 69 |
| 16.10 | Severability of Plan Provisions | 69 |
| 16.11 | No Waiver | 69 |
| 16.12 | Inconsistencies | 70 |
| 16.13 | Exemption from Certain Transfer Taxes and Recording Fees | 70 |
| 16.14 | Post-Confirmation Status Report | 70 |
| 16.15 | Post-Confirmation Conversion/Dismissal | 70 |
| 16.16 | Final Decree | 71 |

-iii-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

# I.

## __INTRODUCTION__

These Plans[1] are proposed respectively by, and the accompanying Disclosure Statement is filed jointly by, Palmdale Hills Property, LLC, SunCal Bickford, LLC, SunCal Emerald Meadows, LLC, and Acton Estates, LLC (the "Group I: Voluntary Debtors"), in their respective Chapter 11 Cases in their capacities as debtors in possession, and by Acquisitions, as the SunCal Proponents. In addition to being one of the SunCal Plan Proponents, Acquisitions is also the Plan Sponsor, the Plan Trustee of the Plan Trust, and the Distribution Agent for each Group I: Voluntary Debtor's Plan that is confirmed.

In summary, the Plan(s) individually provides for the sale of the Ritter Ranch Project, the Bickford Ranch, SunCal Emerald and the Acton Project (the "Group I Projects"), and for the liquidation of all other assets of the Group I: Voluntary Debtors. The Net Sale Proceeds from these sales will then be distributed to Creditors holding Allowed Claims in accordance with their rights and priorities under the bankruptcy code and under other applicable law.

__The Plan also offers the holders of a certain claims against the Group I: Voluntary Debtors, which are defined herein as Reliance Claims, the right to sell these claims, along with any Litigation Rights arising from and/or related to such Reliance Claim, to LitCo, for the sum of fifty-five cents ($0.55) per dollar of claim. The SunCal Plan proponents are willing to commit not to object to the amounts listed in Exhibit "1" to the Plan Modification Motion as allowed Reliance Claims so long as the particular creditor votes "yes" on the SunCal Plan, agrees to assign its claim to LitCo, and elects to sell its claim to LitCo for fifty-five cents ($0.55) per dollar of claim of the face value of the amount of the listed claim and does not dispute the amount thereof. If any of these three conditions are not satisfied, other than the condition of the agreement as to the amount of the claim listed in Exhibit "1" to the Plan Modification Motion, the SunCal Plan Proponents reserve the right to object to the__

---

[1] All defined terms used herein have the same meanings as set forth in Article II herein.

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group_I-VD-Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd-Amd-Group_I-VD-Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group_I-VD-Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd-Am-Group_I-VD-Plan.DOC

1    <u>amount of the claim and the purchase offer would be withdrawn.  As to the condition as to</u>

2    <u>lack of agreement on the claim amounts listed in Exhibit "1" to the Plan Modification</u>

3    <u>Motion, the purchase offer would remain open until the allowed amount of the claim is</u>

4    <u>resolved and/or determined by the Court.  The allowed amount will be amount of claim for</u>

5    <u>purposes of the purchase offer.</u>  **The purchase offer is also conditioned upon confirmation of**

6    **the applicable Plan, the entry of a Final Confirmation Order confirming such Plan, and shall**

7    **occur on or before the applicable Plan's Effective Date as defined herein.**  <u>If such claimant</u>

8    <u>agrees to all three conditions, including the amount of the claim listed in Exhibit "1" to the</u>

9    <u>Plan Modification Motion, then such claim shall payable in cash on the Effective Date.  If</u>

10   <u>such claimant does not agree with the amount listed in Exhibit "1" to the Plan Modification</u>

11   <u>Motion, then such payment shall be made on the later of the Effective Date or such Claim</u>

12   <u>becomes an Allowed Claim.</u>

13        Although substantial identical and consolidated Plans are being filed in the Cases of all

14   four Group I: Voluntary Debtors, confirmation of each such Plan <u>for each Debtor</u> is independent of

15   each other.  In other words, the Creditors in each Case will determine, subject to Court approval,

16   whether the applicable Plan will be approved in their Case.  Accordingly, the applicable Plan may

17   be confirmed in the Cases of some of the Group I: Voluntary Debtors, but not in others.

18        The Plans are accompanied by the Disclosure Statement.  The Disclosure Statement has

19   been approved by the Court.  It is being provided along with the Plans in order to provide you with

20   critical information about the Group I: Voluntary Debtors and to help you understand the Plans.

21                                          **II.**

22                    <u>**DEFINITIONS AND RULES OF INTERPRETATION**</u>

23        **2.1**    <u>**Definitions**</u>**.**

24        The following defined terms are used in the Plans.  Any capitalized term that is not defined

25   herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning

26   ascribed to that term in the Bankruptcy Code or Bankruptcy Rules.

27

28                                          -3-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

2.1.1    Acquisitions.  SCC Acquisitions, Inc., a California corporation, an indirect parent company of all of the Debtors, a purported Bond Indemnitor, a Creditor of all of the Debtors, a SunCal Plan Proponent, the Plan Sponsor and the proposed Plan Trustee.

2.1.2    Acton Estates.  Acton Estates, LLC, a Delaware limited liability, a Voluntary Debtor herein, and the owner of the Acton Project.

2.1.3    Acton Project. The Project owned by Acton Estates, located in Los Angeles County, California, as more particularly described herein.

2.1.4    Acton ~~Project~~ Break-up Fee. Pursuant to the Diamond Valley Purchase Offer for the Acton Project, there is no required breakup fee thereunder.  If Diamond Valley or other Insider is not the Stalking Horse Bidder, then ~~T~~the Acton Break-up Fee will be an amount equal to $25,000.~~5% of the Minimum Sales Price for the Acton Project, plus actual amounts paid by LitCo on Allowed Administrative Claims for the Acton Estates Case if LitCo is the Stalking Horse Bidder and is not the Winning Bidder~~.

2.1.5    Administrative Claim(s).  Any Claim against a Group I: Voluntary Debtor or its Estate incurred after the applicable Petition Date for the applicable Group I: Voluntary Debtor but before the Effective Date, for any cost or expense of administration of the Case of the applicable Group I: Voluntary Debtor, which Claim is entitled to priority under section 507(a)(2) or (3) of the Bankruptcy Code, including, without limitation, any fee or charge assessed against an Estate of a Group I: Voluntary Debtor under section 1930 of Title 28 of the United States Code.

2.1.6    Administrative Claims Bar Date.  The last date fixed by the Plan for the filing of requests for payment of Administrative Claims.  Under the Plan, the Administrative Claims Bar Date shall be the first business day after the twenty-first (21st) day after the Effective Date.

2.1.7    Affiliate.  The term shall have the meaning set forth under Section 101(2), including, but not limited to, as to any Person, any other Person that directly or indirectly owns or controls, is owned or controlled by, or is under common ownership or control with, such Person.

-4-

1  The term "control" (including, with correlative meanings, the terms "controlled by" and "under

2  common control with"), as applied to any Person, means the possession, direct or indirect, of the

3  power to direct or cause the direction of the management and policies of such Person, whether

4  through the ownership of voting securities or other equity ownership interest, by contract or

5  otherwise.

6         2.1.8  <u>Allowed</u>.  When used to describe Claim(s) or Interest(s), such Claim(s) or

7  Interest(s), to the extent that it or they are "Allowed Claim(s)" or "Allowed Interest(s)."

8         2.1.9  <u>Allowed Amount</u> shall mean:

9         A.  With respect to any Administrative Claim (i) if the Claim is based

10  upon a Fee Application, the amount of such Fee Application that has been approved by a Final

11  Order of the Bankruptcy Court; (ii) if the Claim is based upon any indebtedness or obligation

12  incurred in the ordinary course of business of the Group I: Voluntary Debtor and is not otherwise

13  subject to an Administrative Claim Bar Date, the amount of such Claim that has been agreed to by

14  the Group I: Voluntary Debtor and such creditor, failing which, the amount thereof as fixed by a

15  Final Order of the Bankruptcy Court; or (iii) if the Holder of such Claim was required to file and

16  has filed proof thereof with the Bankruptcy Court prior to an Administrative Claim Bar Date,

17  (1) the amount stated in such proof if no objection to such Proof of Claim is interposed within the

18  applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy

19  Court, or (2) the amount thereof as fixed by Final Order of the Bankruptcy Court if an objection to

20  such proof was interposed within the applicable period of time fixed by the Bankruptcy Code, the

21  Bankruptcy Rules or the Bankruptcy Court.  The Allowed Amount of any Administrative Claim

22  which is subject to an Administrative Claims Bar Date and not filed by the applicable

23  Administrative Claims Bar Date shall be zero, and no distribution shall be made on account of any

24  such Administrative Claim;

25         B.  With respect to any Claim which is not an Administrative Claim (the

26  "Other Claim"):  (i) if the Holder of such Other Claim did not file proof thereof with the

27

28

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

Bankruptcy Court on or before the Claims Bar Date, the amount of such Claim as listed in the Group I: Voluntary Debtors' Schedules as neither disputed, contingent nor unliquidated; or (ii) if the Holder of such Claim has filed proof thereof with the Bankruptcy Court on or before the Claims Bar Date, (a) the amount stated in such proof if no objection to such Proof of Claim was interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules, the Plan or the Bankruptcy Court, or (b) the amount thereof as fixed by Final Order of the Bankruptcy Court if an objection to such proof was interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules, the Plan or the Bankruptcy Court.  The Allowed Amount of any Other Claim which is not Filed by the applicable Claims Bar Date, is not listed on the Group I: Voluntary Debtors' Schedules or is listed as disputed, unliquidated, contingent or unknown, and is not allowed under the terms of the Plan shall be zero, and no distribution shall be made on account of any such Claim; and

C.    with respect to any Interest, (i) the amount provided by or established in the records of the Group I: Voluntary Debtors at the Confirmation Date, provided, however, that a timely filed proof of Interest shall supersede any listing of such Interest on the records of the Group I: Voluntary Debtors; or (ii) the amount stated in a proof of Interest Filed prior to the Confirmation Date if no objection to such Interest was filed prior to the Confirmation Date or such later date as the Bankruptcy Court allows; or (iii) the amount of such Interest as fixed by a Final Order of the Bankruptcy Court.

2.1.10    Allowed Claim.  Except as otherwise provided in the Plan (including with respect to those Classes for which the amount of the Allowed Claims is specified by the Plan), a Claim to the extent (and only to the extent) of the Allowed Amount of such Claim.

2.1.11    Allowed Interest.  Any Interest to the extent, and only to the extent, of the Allowed Amount of such Interest.

2.1.12    Allowed Secured Claims.  All or a portion of a Secured Claim that is an Allowed Claim.

-6-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    2.1.13    <u>Allowed Unsecured Claim</u>. All or a portion of an Unsecured Claim that is

2  an Allowed Claim.

3    2.1.14    <u>Arch</u>.  Arch Insurance Company, a Bond Issuer.

4    2.1.15    <u>Available Cash</u>.  Each Group I: Voluntary Debtors' Cash deposited into

5  the applicable Distribution Account(s) on or after the Effective Date that is available for making

6  Distributions under the Plan to Holders of Allowed Administrative, Priority, and Unsecured

7  Claims.  The Available Cash shall consist of the respective Group I: Voluntary Debtors' cash on

8  hand as of the Effective Date that is not subject to a Disputed Lien, proceeds of Net Litigation

9  Recoveries that are not subject to a Disputed Lien, Net Sales Proceeds that become Available Cash

10 upon the disallowance of a Disputed Claim or avoidance of a Disputed Lien purportedly

11 encumbering such Cash, or proceeds from the LitCo Plan Loan.  All Available Cash shall be

12 deposited into the applicable Distribution Account(s).  Available Cash shall not include Net Sale

13 Proceeds in the Net Sales Proceeds Account where the Disputed Secured Claims are Allowed but

14 subject to an equitable subordination judgment.  For avoidance of doubt, and notwithstanding

15 anything to the contrary contained herein or any Confirmation Order, (i) Available Cash shall not

16 include any Cash held in the "Funds Control Account" pursuant to that certain *Work and Cost*

17 *Payment Agreement and First Amendment to Reciprocal Easement Agreement and Cooperation*

18 *Agreement* between Anaverde LLC and Palmdale Hills, dated as of June 29, 2001 (the "Work and

19 Cost Agreement "), (ii) the claims, defenses and all other rights of all applicable parties, including

20 New Anaverde LLC and Palmdale Hills Property, LLC, with respect to the Funds Control Account

21 and the Work and Cost Agreement are expressly preserved, and (iii) the Funds Control Account

22 shall only be distributed upon (a) agreement of all of  the applicable parties, including New

23 Anaverde LLC, and Palmdale Hills Property, LLC, (b) as provided pursuant to the terms of the

24 Work and Cost Agreement, or (c) further order of a court of competent jurisdiction.

25    2.1.16    <u>Avoidance Actions</u>.  All Claims and defenses to Claims accruing to the

26 Group I: Voluntary Debtors and their Estates under Bankruptcy Code Sections 506(d), 510(c),

27

28    -7-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#165266_v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

541, 544, 545, 547, 548, 549, 550, or 551.

        2.1.17    <u>Bankruptcy Code</u>.  The United States Bankruptcy Code.

        2.1.18    <u>Bankruptcy Court</u>.  The United States Bankruptcy Court for the Central District of California, having jurisdiction over the Cases and, to the extent of any withdrawal of the reference made pursuant to Section 157 of title 28 of the United States Code, the United States District Court for the Central District of California; or, in the event such courts cease to exercise jurisdiction over the Cases, such court or unit thereof that exercises jurisdiction over the Cases in lieu thereof.

        2.1.19    <u>Bankruptcy Rules</u>.  Collectively, as now in effect or hereafter amended and as applicable to the Cases, (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local Bankruptcy Rules and General Orders applicable to cases pending before the Bankruptcy Court.

        2.1.20    <u>Beneficial Interests.</u>  Collectively, the interests of the holders of Allowed Unsecured Claims in the Plan Trust and in all distributions to be made by the Plan Trust on account of Allowed Unsecured Claims. The Beneficial Interests (a) shall be noted in the books and records of the Plan Trust, (b) shall not be evidenced by a writing, and (c) may not be transferred, sold, assigned or transferred by will, intestate succession or operation of law without written notification to the Plan Trustee confirming and acknowledging the transfer by both the holder and the transferee.

        2.1.21    <u>Bickford Ranch Project</u>.  The Project owned by SunCal Bickford, located in the City of Penryn, California, as more particularly described herein.

        2.1.22    <u>Bickford Ranch Project Break-up Fee</u>. The amount equal to 2.5% of the Minimum Sales Price for the Bickford Ranch Project~~., plus actual amounts paid by LitCo on Allowed Administrative Claims for the SunCal Bickford Case if LitCo is the Stalking Horse Bidder and is not the Winning Bidder.~~

        2.1.23    <u>Bickford Second Loan Agreement</u>.  That certain promissory note secured by a deed of trust, dated as of May 25, 2005, in the maximum aggregate principal amount of

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1  approximately $30,000,000 executed by SunCal Bickford, as borrower, and payable to the order of

2  Lehman ALI.  The Bickford Second Lien Loan Agreement is allegedly secured by a second

3  priority deed of trust on the Bickford Ranch Project.  The Bickford Second Loan Agreement has

4  an asserted balance due of $56,494,059.38 as of March 30, 2009.

5          2.1.24    Bond Claim(s).  Any Claim against the Debtor(s) and a Bond Issuer under

6  various payment or performance bonds.

7          2.1.25    Bond Claimant.  Holder(s) of a Bond Claim.

8          2.1.26    Bond Indemnification Claim.  All Claims by Bond Issuers for

9  indemnification against a Bond Indemnitor for the Bond Issuer's actual payment or purchase of a

10  Bond Claim with respect to the Group I: Voluntary Debtors' Projects.

11          2.1.27    Bond Indemnitors.  The individuals and entities that are allegedly liable

12  on the Bond Indemnification Claims, including, allegedly, all of the Debtors, Acquisitions, all

13  Affiliates of Acquisitions, and Elieff.

14          2.1.28    Bond Issuer(s).  Bond Safeguard, Lexon and Arch in their capacities as

15  issuers and sureties for payment and performance bonds for the benefit of certain of the Debtors.

16          2.1.29    Bond Safeguard.  Bond Safeguard Insurance Company, a Bond Issuer.

17          2.1.30    Business Day.  Any day, other than a Saturday, a Sunday or a "legal

18  holiday," as defined in Bankruptcy Rule 9006(a).

19          2.1.31    Cases.  The Chapter 11 cases of the Group I: Voluntary Debtors pending

20  before the Bankruptcy Court.

21          2.1.32    Cash.  Currency of the United States of America and cash equivalents,

22  including, but not limited to, bank deposits, immediately available or cleared checks, drafts, wire

23  transfers and other similar forms of payment.

24          2.1.33    CFD Bonds.  Community facilities district bonds issued by a

25  governmental entity.

26          2.1.34    Chapter 11 Trustee.  Steven M. Speier, the duly appointed trustee of the

27

28                                  -9-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    Trustee Debtors in their pending Chapter 11 Cases.

2           2.1.35    <u>Claim</u>.  This term shall have the broadest possible meaning under

3    Section 101(5) of the Bankruptcy Code, and shall include (a) any right to payment from any of the

4    Group I: Voluntary Debtors, whether or not such right is reduced to judgment, liquidated,

5    unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable,

6    secured, or unsecured, or (b) any right to an equitable remedy for breach of performance if such

7    breach gives rise to a right of payment from any of the Group I: Voluntary Debtors, whether or not

8    such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured,

9    disputed, undisputed, secured, or unsecured.

10           2.1.36    <u>Claims Bar Date</u>.  For any Claim, other than the exceptions noted below,

11    March 31, 2009, which was established by the Bankruptcy Court as the last date for creditors to

12    file Proof of Claims with the Bankruptcy Court in all of the Group I: Voluntary Debtors' cases,

13    except for the following: (a) Administrative Claims, for which the Administrative Claims Bar Date

14    shall apply, (b) claims arising from rejection of executory contracts or unexpired leases pursuant to

15    11 U.S.C. § 365, for which the last day to file a proof of claim is (i) 30 days after the date of entry

16    of the order authorizing the rejection, or (ii) March 31, 2009, whichever is later, (c) claims of

17    "governmental units," as that term is defined in 11 U.S.C. § 101(27), for which proofs of claim are

18    timely filed if filed: (i) before 180 days after the date of the Order for Relief in this case, or (ii) by

19    March 31, 2009, whichever is later (11 U.S.C. § 502(b)(9)), and (d) claims arising from the

20    avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a proof of

21    claim is 30 days after the entry of judgment avoiding the transfer or March 31, 2009, whichever is

22    later.

23           2.1.37    <u>Claims Objection Deadline</u>.  The later of (i) the first business day

24    following the one hundred and eightieth (180th) day after the Effective Date, or (ii) such greater

25    period of limitation as may be fixed or extended by the Bankruptcy Court or by agreement

26    between the Plan Trustee and the Holder of the Claim.

27

28

-10-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1        2.1.38    Claim Objection Reduction Amount. The amount of Net Sales Proceeds

2   that is made available to the holders of Allowed Unsecured Claims due to the entry of a judgment

3   or order on a Lehman Claim Objection that disallows, reduces, or otherwise adversely modifies the

4   secured claims filed by the Lehman Lenders.

5        2.1.39    Class.  Each group of Claims or Interests classified in Article V of the

6   Plan pursuant to Sections 1122 and 1123 of the Bankruptcy Code.

7        2.1.40    Confirmation Date.  The date on which the Confirmation Order is entered

8   in the Bankruptcy Court's docket.

9        2.1.41    Confirmation Order.  The order entered by the Bankruptcy Court

10  confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

11       2.1.42    Contingent Bond Claims.  Bond Indemnification Claims in which the

12  Bond Issuer has not yet paid or purchased the underlying Bond Claim.

13       2.1.43    Contract Action. The action filed by certain Voluntary Debtors against

14  Lehman ALI, Inc., and certain other defendants, in California Superior Court for the County of

15  Orange (Case No. 30-2011-0040847-CU-BC-CJC), that was removed to the bankruptcy court as

16  Adv.  No. 8:11-ap-01212-ES, with a reservation of rights to add the Plan Trustee and/or the

17  Trustee Debtors (and their successors) as additional plaintiffs therein.

18       2.1.44    Creditor.  Any Person who is the Holder of a Claim against any Debtor

19  that arose or accrued or is deemed to have arisen or accrued or to have matured, or otherwise

20  become due, owing, and payable on or before the Petition Date, including, without limitation,

21  Claims of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code.

22       2.1.45    Debtor(s).  Individually or collectively, the Voluntary Debtors and the

23  Trustee Debtors, as specifically defined in Exhibit "1" attached to the Disclosure Statement.

24       2.1.46    Debtor(s)-in-Possession.  The Voluntary Debtor(s) in their capacity as

25  representatives of their respective Estates in their respective Chapter 11 Cases.

26       2.1.46  2.1.47  Diamond Valley.  Diamond Valley Land LLC, a Delaware limited

27

28                                          -11-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

liability company, or its designee.  Diamond Valley shall be the Stalking Horse Bidder as to the Acton Project based upon the occurrence of certain condition set forth in Section 2.1.48 below. Diamond Valley is indirectly owned by Stephan Elieff.  Stephan Elieff is the brother of Bruce Elieff.

2.1.47  2.1.48  Diamond Valley Purchase Offer for Acton.  The Diamond Valley Purchase offer is for the Acton Project and is subject to two conditions: The Diamond Valley Purchase Offer for Acton is conditioned upon the disallowance of LCPI's claim against the Acton Debtor under Acton Debtor's pending objection to LCPI's claim pursuant to Section 502(b)(1) or 502(d).  The Diamond Valley Purchase Offer is also conditioned upon appropriate findings of the Court establishing that Diamond Valley is entitled to the protection afforded by Bankruptcy Code Section 363(m) in connection with the negotiation, execution, delivery, and consummation of the sale(s).

2.1.48  2.1.49  Disclosure Statement.  This document accompanying the Plan that is entitled "Third Amended Disclosure Statement Describing Third Amended Chapter 11 Plan Filed by SunCal Plan Proponents In The Chapter 11 Cases Of Palmdale Hills Property, LLC, SunCal Bickford Ranch, LLC, SunCal Emerald Meadows, LLC and Acton Estates, LLC," as amended and with all accompanying exhibits.

2.1.49  2.1.50  Disputed Claim(s).  All or any part of a Claim other than any Allowed Amount thereof as to which any one of the following applies: (i) no Proof of Claim has been filed with respect to such Claim, and either (a) the Claim is not listed in the Schedules; or (b) the Claim is listed in the Schedules as unliquidated, disputed, contingent, unknown or in a zero amount, (ii) the Claim is the subject of (a) an unresolved Litigation Claim; (b) the Claim is subject to offset by a Litigation Claim; (c) a timely objection to such Claim that has not been resolved by a Final Order; or (d) a request for estimation in accordance with the Bankruptcy Code, the Bankruptcy Rules, any applicable order of the Bankruptcy Court, or the applicable Plan(s) which is Filed on or before the Claims Objection Deadline, which Adversary Proceeding, objection, or

-12-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1   request for estimation has not been dismissed, withdrawn or determined by a Final Order; or (iii)

2   the Claim is otherwise treated as a "Disputed Claim" pursuant to the Plan.

3   ~~2.1.50~~ 2.1.51  Disputed Lien(s).  An asserted lien(s) against Assets of the Group I

4   Voluntary Debtor(s) that is either subject to a Disputed Secured Claim, not duly perfected, subject

5   to an Avoidance Action, or subject to an action pursuant to Bankruptcy Code Sections 510(c)(2)

6   and/or 506(d).  However, pursuant to Section 506(d)(2), a lien is not disputed merely because it

7   secures a claim that "is not an allowed secured claim due only to the failure of any entity to file a

8   proof of such claim under section 501 of this title."

9   ~~2.1.51~~ 2.1.52  Disputed Secured Claim(s). That part of a Disputed Claim that is a

10  Secured Claim.

11  ~~2.1.52~~ 2.1.53  Distribution(s).  Payments to Holders of Allowed Claims provided

12  for under the Plan.

13  ~~2.1.53~~ 2.1.54  Distribution Agent.  The entity that is responsible for making

14  Distributions under the Plan, which shall be Acquisitions.

15  ~~2.1.54~~ 2.1.55  Distribution Account(s).  Separate account(s) to be established by

16  the Plan Trustee at an FDIC insured bank into which each Group I: Voluntary Debtor's Available

17  Cash shall be deposited and all Available Cash received by the Plan Trust after the Confirmation

18  Date that would have belonged to such Group I: Voluntary Debtor shall be deposited, other than

19  Net Sales Proceeds that are subject to Disputed Claims and Disputed Liens.

20  ~~2.1.55~~ 2.1.56  Distribution Date.  With respect to any Allowed Claim or Allowed

21  Interest, the date on which a Distribution is required to be made under the Plan.

22  ~~2.1.56~~ 2.1.57  Effective Date. A date selected by the applicable SunCal Plan

23  Proponents that is not later than the ninetieth (90th) calendar day after the Confirmation Date, and

24  provided there is no stay pending appeal of the Confirmation Order, in which case the Effective

25  Date shall be tolled until the dissolution of such stay. However, in any case where the actions

26  provided for in the Plan would be delayed by the automatic stay applicable in the case of any

27

28                                                   -13-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD.DOC

1    Lehman Entity operating under the protection of Chapter 11 or Chapter 7, the SunCal Plan

2    Proponents shall have the right to extend the Effective Date for an additional sixty (60) days to

3    obtain relief from any such stay.  The Effective Date may be further extended (beyond the above

4    referenced initial sixty (60) day extension) by the Bankruptcy Court after notice and hearing to all

5    parties in interest.

6    2.1.57  2.1.58  Elieff.  Bruce Elieff, the president of Acquisitions, a purported Bond

7    Indemnitor with alleged corresponding indemnity Claims against the Debtors.

8    2.1.58  2.1.59  Emerald Compromise.  The compromise set forth and attached to the

9    *Motion For An Order Approving Compromise of Controversies with Rubidoux 60, LLC, EMR*

10    *Residential Properties LLC, Mitchell Ogron, Life Church of God in Christ, Moses Green and*

11    *David Sandoval* ("Emerald Compromise Motion"), filed on or about March 14, 2011, by SunCal

12    Emerald, as may be further amended or revised.

13    2.1.59  2.1.60  Emerald Meadows Project.  The Project owned by SunCal Emerald,

14    located in the City of Rubidoux, California, as more particularly described herein.

15    2.1.60  2.1.61  Estates.  The bankruptcy estates of the Group I: Voluntary Debtors

16    created pursuant to Section 541 of the Bankruptcy Code.

17    2.1.61  2.1.62  Fee Applications.  Applications of Professional Persons under

18    Sections 330, 331 or 503 of the Bankruptcy Code for allowance of compensation and

19    reimbursement of expenses in the Cases.

20    2.1.62  2.1.63  Fee Claim.  A Claim under Sections 330 or 503 of the Bankruptcy

21    Code for allowance of compensation and reimbursement of expenses in the Cases.

22    2.1.63  2.1.64  Fenway Capital.  Fenway Capital Funding LLC, a Lehman

23    Successor to Lehman's Disputed Claims and Lehman's Disputed Liens arising from (i) SunCal

24    Communities I Loan Agreement, (ii) Ritter Ranch Loan Agreement, (iii) Bickford Second Loan

25    Agreement, (iv) SunCal PSV Loan Agreement, (v) SunCal Marblehead/SunCal Heartland Loan

26    Agreement, (vi) Delta Coves Loan Agreement (vii) SunCal Northlake Loan Agreement, and

27

28
-14-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

(viii) SunCal Oak Valley Loan Agreement.  Such Disputed Claims and Disputed Liens were transferred back to LCPI pursuant to a compromise approved by the New York Bankruptcy Court on May 12, 2010.

2.1.64  2.1.65  Filed.  Delivered to, received by and entered upon the legal docket by the Clerk of the Bankruptcy Court.  "File" shall have a correlative meaning.

2.1.65  2.1.66  Final Order.  A judgment, order, ruling or other decree issued and entered by the Bankruptcy Court, that has not been reversed, stayed, modified or amended.

2.1.66  2.1.67  General Unsecured Claim.  A Claim against a Group I: Voluntary Debtor that is not (a) a Secured Claim, (b) an Administrative Claim, (c) a Tax Claim or (d) a Priority Claim.

2.1.67  2.1.68  Group I: Voluntary Debtors. Palmdale Hills Property, LLC, SunCal Bickford Ranch, LLC, SunCal Emerald Meadows, LLC and Acton Estates, LLC.

2.1.68  2.1.69  Group I: Voluntary Debtors Assets.  All assets that are property of the Group I: Voluntary Debtor(s) pursuant to Bankruptcy Code Section 541, including the Group I: Voluntary Projects, the Litigation Claims and the Net Sales Proceeds.

2.1.69  2.1.70  Group I: Voluntary Other Assets.  All assets of the Group I: Voluntary Debtors excluding the Group I: Voluntary Projects, Litigation Claims and Net Sales Proceeds.

2.1.70  2.1.71  Group I: Voluntary Projects. The Ritter Ranch Project, the Bickford Ranch Project, the Emerald Meadows Project and the Acton Project.

2.1.71  2.1.72  Voluntary Project Holder.  The beneficial owner of any Claim or Interest.

2.1.72  2.1.73  Initial Overbid. The Initial Overbid is the first Qualifying Bid after the Opening Bid that is equal to or in excess of the Initial Overbid Amount.

2.1.73  2.1.74  Initial Overbid Amount. In the case of the Ritter Ranch Project, the Initial Overbid Amount is a sum that is not less than the sum of the applicable Opening Bid, the

-15-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    Ritter Ranch Project Break-up Fee and one hundred thousand dollars ($100,000). In the case of the

2    Bickford Ranch Project, the Initial Overbid Amount is a sum that is not less than the sum of the

3    applicable Opening Bid, the Bickford Ranch Project Break-up Fee and seventy-five thousand

4    dollars ($75,000). In the case of the Emerald Meadow Project, the Initial Overbid Amount is a sum

5    that is not less than the sum of the applicable Opening Bid, the Emerald Meadow Project Break-up

6    Fee and seventy-five thousand dollars ($75,000). In the case of the Acton Project, if Diamond

7    Valley or another Insider is the Stalking Horse Bidder, the Initial Overbid -Amount is a sum that is

8    not less than the sum of the applicable Opening Bid, the Acton Project Break-up Fee, and one

9    hundred fifty-thousand dollars ($150,000).  If Diamond Valley or another Insider is not the

10   Stalking Horse Bidder, the Initial Overbid Amount is a sum that is not less than the sum of the

11   applicable Opening Bid, and seventy five thousand dollars ($75,000).

12          2.1.74  2.1.75  Insider.  The term shall have the broadest meaning possible under

13   Section 101(31), including, but not limited to, a person in control of the Debtor, Affiliates and

14   Insiders of such Affiliates.

15          2.1.76    Interest.  Any equity security interest in any Group I: Voluntary Debtor

16   within the meaning, of Section 101(16) of the Bankruptcy Code, including, without limitation, any

17   equity ownership interest in any of the Group I: Voluntary Debtors, whether in the form of

18   common or preferred stock, stock options, warrants, partnership interests, or membership interests.

19          2.1.77    Land Advisors.  Park Place Partners, Inc., a California corporation, dba

20   Land Advisors Organization, the proposed real estate professional designated to manage the

21   SunCal Proponents' proposed sales under their applicable Plans.

22          2.1.75  2.1.78  LBHI.  Lehman Brothers Holdings, Inc., a Lehman Entity, the parent

23   company of Lehman ALI and LCPI, and a Chapter 11 debtor in a bankruptcy proceeding pending

24   in the Bankruptcy Court for the Southern District of New York.

25          2.1.76  2.1.79  LCPI.  Lehman Commercial Paper, Inc., a Chapter 11 debtor in a

26   bankruptcy proceeding pending in the Bankruptcy Court for the Southern District of New York.

27

28
                                              -16-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165264-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

2.1.77  2.1.80  **Legal Rate**.  The rate of interest payable on judgments obtained in the United States District Courts as set forth in 28 U.S.C. § 1961.  The rate applicable under the Plan is 1.44% per annum, representing the applicable rate on November 6, 2008.

2.1.78  2.1.81  **Lehman Adversary Proceeding**.  The Debtors' pending adversary proceeding against the Lehman Lenders and/or the Lehman Successors asserting various causes of action including equitable subordination, fraudulent conveyances and preferential transfers.

2.1.79  2.1.82  **Lehman ALI**.  Lehman ALI, Inc.

2.1.80  2.1.83  **Lehman Disputed Administrative Loans**.  The post-petition financing provided by Lehman ALI to SunCal Oak Valley, SunCal Heartland, SunCal Northlake, SunCal Marblehead, SunCal Century City, SunCal PSV, Delta Coves, and SunCal Oak Knoll, which grants priming liens on all borrower Trustee Debtors' assets, and for super-priority administrative status to Lehman ALI.  The aggregate amount of the Lehman Disputed Administrative Loans to all of the above reference Trustee Debtors was approximately $47~~0~~ million as of October 3~~March 1~~, 2011 and continuing to increase.  The Lehman Disputed Administrative Loans are the subject of claim objections, specifically the pending 502(d) Objection. Until these objections are resolved in the applicable Case, these Lehman Disputed Administrative Loans shall not be Allowed Claims.

2.1.81  2.1.84  **Lehman Claim Objections**. The objections filed by the Debtors to the claims filed by the Lehman Lenders that are based upon the Lehman Disputed Loans and the Lehman Disputed Administrative Loans, including, but not limited to, the Lehman Recoupment Objection and the Lehman 502(d) Objection.

2.1.82  2.1.85  **Lehman Entities**.  The Lehman Lenders, the Lehman Equity Members and LBHI.

2.1.83  2.1.86  **Lehman Equity Members**.  Lehman Entities that own direct or indirect membership Interests in all of the Trustee Debtors, except for SunCal Heartland and SunCal Marblehead.

-17-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1          2.1.84  2.1.87  Lehman Lenders.  Lehman ALI, LCPI, Northlake Holdings, and

2    OVC Holdings.

3          2.1.85  2.1.88  Lehman Disputed Loans.  Collectively the following loans that are

4    the purported basis for the Lehman's Disputed Claims:  (a) SunCal Communities I Loan

5    Agreement; (b) Bickford Second Loan Agreement; (c) Ritter Ranch Loan Agreement; (d) SCC

6    Palmdale Loan; (e) Interim Loan Agreement; (f) SunCal Oak Knoll/SunCal Torrance Loan

7    Agreement; (g) SunCal Century City Loan Agreement; (h) SunCal PSV Loan Agreement;

8    (i) SunCal Delta Coves Loan Agreement; (j) SunCal Marblehead/SunCal Heartland Loan

9    Agreement; (k) Sun Cal Oak Valley Loan Agreement; (l) SunCal Northlake Loan Agreement; (m)

10   Pacific Point First Loan Agreement; (n) Pacific Point Second Loan Agreement, and (o) the

11   Lehman Disputed Administrative Loan.

12          2.1.86  2.1.89  Lehman Recoupment Objection. A claim objection filed with respect

13   to certain claims filed by the Lehman Lenders that is based upon the affirmative defenses of

14   recoupment, unjust enrichment and unclean hands.

15          2.1.87  2.1.90  Lehman Representatives.  The individuals that controlled the

16   Lehman Entities.

17          2.1.88  2.1.91  Lehman Successor(s).  Entities other than the Lehman Lenders that

18   either assert to be or are determined by the Bankruptcy Court to be the beneficial owner(s) of the

19   Lehman Disputed Loan(s), including, but not limited to Fenway Capital, Lehman Re and Danske

20   Bank.

21          2.1.89  2.1.92  Lehman's Disputed Claim(s).  All of the Proofs of Secured Claims

22   filed by a Lehman Lender or a Lehman Successor in the Debtors' Chapter 11 Cases arising from

23   the Lehman Disputed Loans and the Lehman Disputed Administrative Loans.

24          2.1.90  2.1.93  Lehman's Disputed Lien(s).  All of the alleged liens relating to

25   Proofs of Secured Claims filed by a Lehman Lender or a Lehman Successor in the Debtor's

26   Chapter 11 Cases arising from the Lehman Disputed Loans.

27

28                                    -18-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1              ~~2.1.91~~ 2.1.94  **Lehman 502(d) Objection**. A claim objection filed with respect to

2 certain claims filed by the Lehman Lenders that based upon Section 502(d) of the bankruptcy

3 code.

4              ~~2.1.92~~ 2.1.95  **Lexon**.  Lexon Insurance Co.

5              ~~2.1.93~~ 2.1.96  **LitCo.** A Delaware limited liability company that will be formed for

6 the purpose of (i) purchasing the claims and Litigation Rights held by the Reliance Claimants that

7 choose to sell such Reliance Claims, (ii) funding the LitCo Plan Loan, and (iii) potentially being

8 selected as the Stalking Horse Bidder under the Group I: Voluntary Debtors' Plans.  However, for

9 the purposes of Acton, Diamond valley shall be the Stalking Horse Bidder, but shall not be Litco.

10             ~~2.1.94~~ 2.1.97  **LitCo Plan Loan**. A loan and/or other security that will be ~~made~~

11 provided by LitCo to the extent necessary to pay Allowed Priority Claims, Allowed

12 Administrative Claims and to pay Post Confirmation Expenses incurred by the Plan Trust, the Plan

13 Trustee and its professionals and to the Voluntary Debtors Committee and its professionals if no

14 other source is available from the applicable Group I: Voluntary Debtor's Assets.  The Litco Plan

15 Loan shall also include a letter of credit or cash deposit in such amount required by the

16 Bankruptcy Court, if any, to the extent necessary to establish the feasibility of the Plan(s).

17             ~~2.1.95~~ 2.1.98  **Litigation Claims**.   Any and all interests of the Group I: Voluntary

18 Debtors in any and all Claims, rights, causes of action, and objections or defenses to Claims, liens,

19 rights, or causes of action which have been or may be commenced by the Group I: Voluntary

20 Debtor(s), the Chapter 11 Trustee, or the Voluntary Debtors' Committee, as the case may be,

21 including, but not limited to, any (i) Avoidance Actions; (ii) for turnover of property to the Group

22 I: Voluntary Debtors' Estates and/or the Plan Trust; (iii) for the recovery of property or payment of

23 money that belongs to the Debtors' Estates or the Plan Trust; (iv) the right to compensation in the

24 form of damages, recoupment or setoff of the Debtors' Estates and/or the Plan Trust; (v) the

25 Lehman Adversary Proceeding; (vi) the Contract Action, and (vii) any and all other Claims against

26 Lehman's Disputed Claims and/or Disputed Liens referenced in the Plan or the Disclosure

27

28

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    Statement.

2    ~~2.1.96~~ 2.1.99  Litigation Recoveries.  Any Cash or other property received by the

3    Chapter 11 Trustee, the Group I: Voluntary Debtors, the Voluntary Debtors' Committee and/or the

4    Plan Trust, as the case may be, from all or any portion of a Litigation Claim(s), including, but not

5    limited to, awards of damages, attorneys' fees and expenses, interest and punitive damages,

6    whether recovered by way of settlement, execution on judgment or otherwise.

7    ~~2.1.97~~ 2.1.100      Litigation Rights. Any Claims held by a party against the

8    Group I: Voluntary Debtors , and if applicable, against third parties arising or relating to the Claim

9    against the applicable Group I Voluntary Debtor, that have not been fixed in a final judgment prior

10   to the Effective Date.

11   ~~2.1.98~~ 2.1.101      Marblehead Project.  The Project owned by SunCal

12   Marblehead, located in the City of San Clemente, California, as more particularly described

13   herein.

14   ~~2.1.99~~ 2.1.102      Maximum Distribution.  A Distribution to a Holder of an

15   Allowed Unsecured Claim against a Group I: Voluntary Debtor equal to one hundred percent

16   (100%) of the amount of the Holder's Allowed General Unsecured Claim plus interest at the Legal

17   Rate from and as of the Group I: Voluntary Debtor's Petition Date.

18   ~~2.1.100~~ 2.1.103      MB Firm.  Miller Barondess, LLP.

19   ~~2.1.101~~ 2.1.104      Mechanic Lien Claims.  Mechanic Lien Claims arising

20   pursuant to California Civil Code §3110, et seq. that were either allegedly perfected prepetition or

21   otherwise allegedly satisfy the requirements of Bankruptcy Code 546(b).

22   ~~2.1.102~~ 2.1.105      Minimum Increment.  Minimum Increment applicable to the

23   sales of the Group I: Voluntary Projects are the following: one hundred thousand dollars

24   ($100,000) for the Ritter Ranch Project, seventy-five thousand dollars ($75,000) for the Bickford

25   Ranch Project, seventy-five thousand dollars ($75,000) for the Emerald Meadow Project and fifty

26   thousand dollars ($50,000) for the Acton Project.

27

28                                        -20-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    2.1.103  2.1.106    Minimum Sale Price. The minimum gross sale price that

2 must be paid for Group I: Voluntary Project before such projects can be sold pursuant to the Plan,

3 which prices are the following: Ritter Ranch Project - $19,620,000, Bickford Ranch Project -

4 $9,810,000, Emerald Meadows Project - $5,490,000, and Acton Project - $1,6500,000.

5    2.1.104  2.1.107    Net Litigation Recoveries.  Litigation Recoveries less

6 associated Administrative Claims and Post-Confirmation Expenses incurred in connection with

7 such Litigation Recoveries.

8    2.1.105  2.1.108    Net Sales Proceeds.  The Cash generated from the sale(s) or

9 liquidation of the Group I: Voluntary Debtor(s)' Assets or the Plan Trust's Assets, less payment of

10 selling expenses, taxes,  and any associated Post-Confirmation Expenses and Administrative

11 Claims incurred in furtherance of such sales or liquidation of such Assets.

12    2.1.106  2.1.109    Net Sales Proceeds Account(s).  Separate account(s) that will

13 be established by the Plan Trustee at an FDIC insured bank into which all Net Sale Proceeds shall

14 be deposited from the sale of Assets that were allegedly encumbered by a Disputed Secured

15 Claim(s) and/or a Disputed Lien(s).  There shall be a separate Net Sales Proceeds Account for the

16 Net Sale Proceeds allegedly subject to each Disputed Secured Claim(s) and/or Disputed Lien(s),

17 except where there are two Disputed Liens on a single Project, in which case, there shall be a

18 single account for the proceeds generated from that Project.  The Disputed Secured Claim(s)

19 and/or Disputed Lien(s) shall attach to the corresponding Net Sales Proceeds Account(s) pending

20 any Final Order(s) of the Bankruptcy Court resolving the applicable Disputed Secured Claim(s)

21 and/or applicable Disputed Lien(s).  To the extent that a particular Disputed Claim is disallowed or

22 a particular Disputed Lien is avoided (other than transferred to the Estates pursuant to Bankruptcy

23 Code Section 510(c)(2)) or otherwise invalidated, such Net Sales Proceeds allegedly subject

24 thereto shall become Available Cash and shall be transferred to the applicable Distribution

25 Account(s).  To the extent that a particular Disputed Secured Claim and a Disputed Lien are

26 allowed and deemed valid but subject to the equitable subordination causes of action in the

27

28                                                         -21-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1 Lehman Adversary Proceeding, the funds shall remain in the Net Sales Accounts pending a Final

2 Order on the equitable subordination causes of action in the Lehman Adversary Proceeding.

3       2.1.107 2.1.110      Opening Bid.  Opening Bid means the offer for one, or both

4 of the Group I: Voluntary Projects, which is equal to the Minimum Sale Price(s) accepted by the

5 Debtor for either one, some or all of the Group I: Voluntary Projects.

6       2.1.108 2.1.111      Orders for Relief Date.  The following are dates that orders

7 for relief were entered for each of the Trustee Debtors:

| | |
|---|---|
| SunCal Oak Valley | January 6, 2009 |
| SunCal Heartland | January 6, 2009 |
| SunCal Northlake | January 6, 2009 |
| SunCal Marblehead | January 6, 2009 |
| SunCal Century City | January 6, 2009 |
| SunCal PSV | January 6, 2009 |
| Delta Coves | January 6, 2009 |
| SunCal Torrance | January 6, 2009 |
| SunCal Oak Knoll | January 6, 2009 |

      2.1.109 2.1.112      Palmdale Hills.  Palmdale Hills Property LLC, a Delaware limited liability company, a Voluntary Debtor herein, and the owner of the Ritter Ranch Project

      2.1.110 2.1.113      Palmdale Hills CFD Bonds.  Certain CFD bonds issued by the City of Palmdale, in the amount of approximately $33 million that are owned by Palmdale Hills.

      2.1.111 2.1.114      Palm Springs Village Project.  The Project owned by SunCal PSV, located in the City of Palm Springs, California, as more particularly described herein.

      2.1.112 2.1.115      Person.  An individual, partnership, corporation, limited liability company, business trust, joint stock company, trust, unincorporated association, joint venture, governmental authority, governmental unit, committee or other entity of whatever nature.

      2.1.113 2.1.116      Petition Dates.  The following are dates that each of the Voluntary Debtors filed their Voluntary Chapter 11 petitions or Creditors filed involuntary

-22-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1   Chapter 11 petitions against the Trustee Debtors:

| | |
|---|---|
| Palmdale Hills | November 6, 2008 |
| SunCal Beaumont | November 6, 2008 |
| SCC Palmdale | November 7, 2008 |
| SunCal Johannson | November 7, 2008 |
| SunCal Summit Valley | November 7, 2008 |
| SunCal Emerald | November 7, 2008 |
| SunCal Bickford | November 7, 2008 |
| Acton Estates | November 7, 2008 |
| Seven Brothers | November 7, 2008 |
| SJD Partners. | November 7, 2008 |
| SJD Development | November 7, 2008 |
| Kirby Estates | November 7, 2008 |
| SunCal I | November 7, 2008 |
| SunCal III | November 7, 2008 |
| SCC Communities | November 19, 2008 |
| Del Rio | November 19, 2008 |
| Tesoro | November 19, 2008 |
| Delta Coves Ventures, LLC | November 14, 2008 |
| SunCal Heartland, LLC | November 12, 2008 |
| SunCal Marblehead, LLC | November 12, 2008 |
| LB-L-SunCal Northlake, LLC | November 12, 2008 |
| LB-L-SunCal Oak Valley, LLC | November 12, 2008 |
| SunCal Century City, LLC | November 14, 2008 |
| SunCal PSV, LLC | November 14, 2008 |
| SunCal Torrance Properties, LLC | November 14, 2008 |
| SunCal Oak Knoll, LLC | November 19, 2008 |

2.1.114  2.1.117        Plan(s).  The "Third Amended Chapter 11 Plan As Modified Filed by SunCal Plan Proponents In The Chapter 11 Cases Of Palmdale Hills Property, LLC, SunCal Bickford Ranch, LLC, SunCal Emerald Meadows, LLC and Acton Estates, LLC," together with the Exhibits thereto, as the same may be amended or modified from time to time in accordance with the Plan(s).

2.1.118   Plan Modification Motion.  The *Motion for Order Approving Nonmaterial Modifications to the SunCal Plan Proponents' Third Amended Chapter 11 Plans*, docket no. 2632, inclusive of the supplement thereto filed on October 3, 2011.

-23-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd-Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD.DOC

1        ~~2.1.115~~ 2.1.119        <u>Plan Period</u>. The period from the Effective Date to the Plan

2   Termination Date.

3        ~~2.1.116~~ 2.1.120        <u>Plan Termination Date</u>. The fifth (5th) anniversary date of the

4   Effective Date, unless the Plan elects and earlier date.

5        ~~2.1.117~~ 2.1.121        <u>Plan Sponsor</u>.  The entity that has committed to cause and/or

6   arrange the funding of certain specified obligations under the Plan on or after the Effective Date.

7   The Plan Sponsor is Acquisitions.

8        ~~2.1.118~~ 2.1.122        <u>Plan Trust</u>.  A liquidating trust to be established prior to or

9   on the Effective Date, with Acquisitions as the Plan Trustee and the Holders of Allowed Claims

10  against the Debtors as the beneficiaries. The purpose of the Plan Trust will be to liquidate the

11  Debtors' Assets (other than Assets that are excluded by the Plan Trustee on the grounds that they

12  lack value or would be difficult to administer) and to otherwise consummate the Plan.

13       ~~2.1.119~~ 2.1.123        <u>Plan Trustee</u>. The Plan Trustee under the Plan Trust is

14  Acquisitions.

15       ~~2.1.120~~ 2.1.124        <u>Plan Trust Beneficiaries</u>. The Plan Trust Beneficiaries are (i)

16  the holders of Beneficial Interests, as of any point in time, and (ii) holders of Allowed Claims that

17  shall be satisfied from Plan Trust Assets in accordance with the terms of the Plan.

18       ~~2.1.121~~ 2.1.125        <u>Plan Trust Assets</u>. Plan Trust Assets means all property

19  within the Chapter 11 estates of the Group I: Voluntary Debtors.

20       ~~2.1.122~~ 2.1.126        <u>Post-Confirmation Expenses</u>.  The fees and expenses

21  incurred by the Plan Trust, the Plan Trustee and the Voluntary Debtors' Committee and their

22  professionals following the Confirmation Date (including the fees and costs of Professionals) for

23  the purpose of (i) prosecuting and liquidating the Litigation Claims; (ii) objecting to and resolving

24  Disputed Claims and Disputed Liens; (iii) selling or otherwise liquidating the Plan Trust's Assets;

25  (iv) effectuating Distributions under the Plan; and (v) otherwise consummating the Plan and

26  closing the Group I: Voluntary Debtors' Chapter 11 Cases.

-24-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    ~~2.1.123~~ 2.1.127    Priority Claim.  Any Claim, other than an Administrative

2    Claim or a Tax Claim, to the extent entitled to priority under Section 507(a) of the Bankruptcy

3    Code.

4    ~~2.1.124~~ 2.1.128    Pro Rata.  Proportionately, so that with respect to any

5    distribution in respect of any Allowed Claim, the ratio of (a)(i) the amount of property distributed

6    on account of such Allowed Claim to (ii) the amount of such Allowed Claim, is the same as the

7    ratio of (b)(i) the amount of property distributed on account of all Allowed Claims of the Class or

8    Classes sharing in such distribution to (ii) the amount of all Allowed Claims in such Class or

9    Classes.

10    ~~2.1.125~~ 2.1.129    Professional.  A Person or Entity (a) employed by the Group

11    I: Voluntary Debtors, the Voluntary Debtors' Committee pursuant to a Final Order in accordance

12    with Sections 327 and 1103 of the Bankruptcy Code and to be compensated for services rendered

13    prior to the Effective Date, pursuant to Sections 327, 328, 329, 330 and 331 of the Bankruptcy

14    Code, or (b) for which compensation and reimbursement has been allowed by the Bankruptcy

15    Court pursuant to Section 503(b) of the Bankruptcy Code.

16    ~~2.1.126~~ 2.1.130    Professional Fees.  All Allowed Claims for compensation

17    and for reimbursement of expenses under Sections 328, 330 and/or 503(b) of the Bankruptcy Code

18    ~~2.1.127~~ 2.1.131    Projects.  The Debtors' residential real estate development

19    projects and other assets as separately defined herein and described in Exhibit "1" to the

20    Disclosure Statement.

21    ~~2.1.128~~ 2.1.132    Qualifying Bid.  Qualifying Bid means, with respect to any

22    bid on a Group I: Voluntary Project, a bid made by Qualifying Bidder that is A) equal to or in

23    excess of the Initial Overbid Amount, unless it is the Initial Overbid, or B) in excess of the

24    immediately preceding Qualifying Bid by the Minimum Increment, if it is not the Initial Overbid.

25    ~~2.1.129~~ 2.1.133    Qualifying Bidder.  Qualifying Bidder means a bidder who a)

26    has deposited the sum of three hundred thousand dollars ($300,000) into an escrow designated by

27

28    -25-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    the SunCal Plan Proponents in the case of a bid for the Ritter Ranch Project or a bid for the

2    Bickford Ranch Project, the sum of two hundred thousand dollars ($200,000) in the case of a bid

3    for the Emerald Meadows Project, and fifty thousand dollars ($50,000.00) one hundred thousand

4    dollars ($100,000) in the case of a bid for the Acton Project; b) who has provided the SunCal Plan

5    Proponents evidence confirming that such bidder has the financial means to acquire the applicable

6    Group I Assets: Voluntary Debtor(s) that such bidder is seeking to acquire, and c) agreed that this

7    sum will be forfeited as liquidated damages if such bidder is the Winning Bidder and fails to

8    perform.

9         2.1.130 2.1.134      Reliance Claim. An Allowed Unsecured Claim, Allowed

10   Mechanic's Lien Claim, or Allowed Bond Indemnification Claim against a Group I: Voluntary

11   Debtor that would entitle the holder thereof to be the beneficiary of any equitable subordination

12   judgment obtained against a Lehman Entity by such holder. This definition includes the holders of

13   qualifying claims that are secured by mechanics liens.  All Allowed Mechanic's Lien Claims and

14   Bond Indemnification Claims are Reliance Claims.  Moreover, all Allowed General Unsecured

15   Claims against Acton are Reliance Claims (excluding any deficiency claim arising from the

16   Lehman Disputed Claims).  Further, all Allowed General Unsecured Claim against SunCal

17   Emerald are also Reliance Claims (excluding claims address in the Emerald Compromise and

18   excluding any deficiency claim arising from the Lehman Disputed Claims).  A list of the Reliance

19   Claims for Palmdale Hills and SunCal Bickford is attached to the Disclosure Statement as Exhibit

20   "8" and all of the Group I Voluntary Debtors' Reliance Claims are attached as Exhibit "1" to the

21   Plan Modification Motion[2].  The SunCal Proponents' basis for determining what claims constitute

22   Reliance Claims, and how the amounts were determined, is discussed in Section 5.8 of the

23   Disclosure Statement.

24         2.1.131 2.1.135      Reliance Claimant. The holder of a Reliance Claim. A list of

25

26   [2] Exhibit "1" to the Plan Modification Motion are the Reliance Claims for the Group I Voluntary Debtors,

27   the same as attached to Exhibit "8" of the Disclosure Statement except it further includes the Reliance
     Claims and Reliance Claimants for Acton and Emerald.

28
MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

the Reliance Claimants for Palmdale Hills and SunCal Bickford are attached to the Disclosure

Statement as Exhibit "8," and all of the Group I Voluntary Debtors Reliance Claims are attached

as Exhibit "1" to the Plan Modification.

2.1.132 2.1.136    Ritter Ranch Loan Agreement.  That certain Credit

Agreement, dated as of February 8, 2007, by and among Palmdale Hills, as borrower, LCPI, as

administrative agent and lender, pursuant to which LCPI made a loan in the maximum aggregate

principal amount of approximately $264,000,000.  The Ritter Ranch Loan Agreement is allegedly

secured by a first-priority deed of trust on all real and personal property owned by Palmdale Hills.

The Ritter Ranch Loan Agreement has an asserted balance due of $287,252,096.31 as of

March 30, 2009.

2.1.133 2.1.137    Ritter Ranch Project.  The Project owned by Palmdale Hills,

located in the City of Palmdale, California, as more particularly described herein.

2.1.134 2.1.138    Ritter Ranch Project Break-up Fee. The amount equal to

2.5% of the Minimum Sales Price for the Ritter Ranch Project, plus actual amounts paid by LitCo

on Allowed Administrative Claims for the Palmdale Hills Case if LitCo is the Stalking Horse

Bidder and is not the Winning Bidder.

2.1.135 2.1.139    Sales Period.  The Sales Period is the time period during

which the SunCal Plan Proponents must consummate a sale or liquidation of the Group I:

Voluntary Projects. The Sales Period shall commence on the Confirmation Date and shall expire

on the thirtieth (30th) day after the Effective Date, unless extended by the Bankruptcy Court after

notice and hearing.

2.1.136 2.1.140    SCC LLC.  SCC Acquisitions LLC, a limited liability

company, a subsidiary of Acquisitions and an indirect and/or a direct parent company of all of the

Debtors.

2.1.137 2.1.141    Schedules.  The schedules of assets and liabilities and list of

equity security holders Filed by the Group I: Voluntary Debtors, as required by Section 521(1) of

-27-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    the Bankruptcy Code, Bankruptcy Rules 1007(a)(3) and (b)(1), and Official Bankruptcy Form No.

2    6, as amended from time to time.

3              ~~2.1.138~~ 2.1.142        Secured Claim.  Any Claim, including interest, fees, costs,

4    and charges to the extent allowable pursuant to Bankruptcy Code Section 506, that is secured by a

5    valid and unavoidable Lien on the Group I: Voluntary Debtor(s)' Assets.

6              ~~2.1.139~~ 2.1.143        Stalking Horse Bidder.  The Qualified Bidder who submits

7    the Opening Bid.  As to Acton, Diamond Valley shall be the Stalking Horse Bidder based upon the

8    occurrence of certain condition set forth herein.

9              ~~2.1.140~~ 2.1.144        SunCal.  The SunCal Companies, a trade name for

10   Acquisitions and its Affiliates.

11             ~~2.1.141~~ 2.1.145        SunCal Bickford.  SunCal Bickford Ranch, LLC, a Delaware

12   limited liability company, a Voluntary Debtor herein, and the owner of the Bickford Ranch

13   Project.

14             ~~2.1.142~~ 2.1.146        SunCal Emerald. SunCal Emerald Meadows, LLC, a

15   Delaware limited liability company, a Voluntary Debtor herein, and the owner of the Emerald

16   Meadows Project.

17             ~~2.1.143~~ 2.1.147        SunCal Emerald Meadow Project Break-up Fee. The amount

18   equal to 2.5% of the Minimum Sales Price for the Emerald Meadows Project, plus actual amounts

19   paid by LitCo on Allowed Administrative Claims for the SunCal Emerald Case if LitCo is the

20   Stalking Horse Bidder and is not the Winning Bidder.

21             ~~2.1.144~~ 2.1.148        SunCal Management.  SunCal Management, LLC, a

22   Delaware limited liability company, and the former property manager for the Projects, which has

23   been succeeded by Argent Management.

24             ~~2.1.145~~ 2.1.149        SunCal Marblehead. SunCal Marblehead, LLC, a Delaware

25   limited liability company, a Trustee Debtor, and the owner of the Marblehead Project.

26             ~~2.1.146~~ 2.1.150        SunCal Marblehead/SunCal Heartland Loan Agreement.

27

28                                         -28-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1   That certain Second Amended and Restated Term Loan and Revolving Line of Credit Loan

2   Agreement, dated as of October 3, 2007, by and among SunCal Marblehead Heartland Master

3   LLC, SunCal Marblehead, and SunCal Heartland, as borrowers, and Lehman ALI, as agent and

4   sole lender, pursuant to which Lehman ALI made a loan in the maximum aggregate principal

5   amount of approximately $316,061,300.  The SunCal Marblehead/SunCal Heartland Loan

6   Agreement is allegedly secured by first-priority deeds of trust on the Marblehead and the

7   Heartland Projects.  The SunCal Marblehead/SunCal Heartland Loan Agreement has an alleged

8   balance due of $354,325,126.15 as of March 30, 2009. The proofs of claim filed with respect to

9   this loan agreement are the subject of the Lehman Adversary Proceeding and the Lehman Claim

10  Objections.

11       2.1.147 2.1.151    SunCal Plan Proponents.  The Group I: Voluntary Debtors, in

12  their capacity as debtors and debtors in possession in their respective Chapter 11 cases, and

13  Acquisitions as a creditor and party-in-interest, that are proposing the Plans.

14       2.1.148 2.1.152    SunCal PSV. SunCal PSV, LLC, a Delaware limited liability

15  company, a Trustee Debtor (a Group I: Voluntary Debtor), and the owner of the Palm Springs

16  Village Project.

17       2.1.149 2.1.153    SunCal PSV Loan Agreement.  That certain Term Loan and

18  Revolving Line of Credit Loan Agreement, dated as of February 12, 2007, between SunCal PSV,

19  as borrower, and Lehman ALI, as agent and sole lender, pursuant to which Lehman ALI made a

20  loan in the maximum aggregate principal amount of approximately $90 million.  The SunCal PSV

21  Loan Agreement is allegedly secured by a first-priority deed of trust on the Palm Springs Village

22  Project.  The SunCal PSV Loan Agreement has an alleged balance due of $88,257,340.20 as of

23  March 30, 2009.

24       2.1.150 2.1.154    Tax.  Any tax, charge, fee, levy, impost or other assessment

25  by any federal, state, local or foreign taxing authority, including, without limitation, income,

26  excise, property, sales, transfer, employment, payroll, franchise, profits, license, use, ad valorem,

27

28                                                                -29-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

estimated, severance, stamp, occupation and withholding tax. "Tax" shall include any interest or additions attributable to, or imposed on or with respect to such assessments.

2.1.151 2.1.155    **Tax Claim**.  Any Claim for any Tax to the extent that it is entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

2.1.152 2.1.156    **Trustee Debtor(s)**. The following Debtors, individually or collectively, that are represented by the Chapter 11 Trustee: Delta Coves, SunCal Heartland, SunCal Marblehead, SunCal Northlake, SunCal Oak Valley, SunCal Century City, SunCal PSV, SunCal Torrance, and SunCal Oak Knoll.

2.1.153 2.1.157    **Unpaid Secured Real Property Tax Claims**.  Secured Claims held by various government entities secured by liens on the underlying real properties owned by the Debtors but that are non-recourse to the Debtors.

2.1.154 2.1.158    **Unsecured Claim**. An Unsecured Claim is any Claim that is not an Administrative Claim, Tax Claim, Secured Claim, or Priority Claim.

2.1.155 2.1.159    **Voluntary Debtor(s)**.  The following  Chapter 11 debtors and debtors-in-possession, individually or collectively, Palmdale Hills, SunCal I, SunCal III, SCC Palmdale, Acton Estates, SunCal Beaumont, SunCal Emerald, SunCal Johansson, SunCal Bickford, SunCal Summit, Seven Brothers, Kirby Estates, SJD Partners, SJD Development, SCC Communities, Del Rio and Tesoro.

2.1.156 2.1.160    **Voluntary Debtors' Committee**.  The Official Committee of Unsecured Creditors of the Voluntary Debtors appointed in the Cases pursuant to Section 1102 of the Bankruptcy Code.

2.1.157 2.1.161    **Winning Bid**. The highest Qualifying Bid received for the Ritter Ranch Project, the Bickford Ranch Project, Emerald Meadows Project or the Acton Project.

2.1.162    **Winning Bidder**.  The party that submits the highest Qualifying Bid.

2.1.158

**2.2**    **Rules of Construction.**

-30-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

For purposes of the Plan and the Disclosure Statement, unless otherwise provided herein or in the Plan, (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, will include both the singular and the plural; (b) each pronoun stated in the masculine, feminine or neuter includes the masculine, feminine and neuter; (c) any reference in the Plan or the Disclosure Statement to an existing document or schedule filed or to be filed means such document or schedule, as it may have been or may be amended, modified or supplemented pursuant to the Plan; (d) any reference to an entity as a Holder of a Claim or Interest includes that entity's successors and assigns; (e) except as otherwise indicated herein all references in the Plan or the Disclosure Statement to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of or to the Plan; (f) the words "therein," "thereunder" and "thereto" refer to the Plan in its entirety rather than to a particular portion of the Plan; and (g) unless otherwise provided in the Plan or the Disclosure Statement, any reference in the Plan or the Disclosure Statement to a contract, instrument, release, indenture, agreement, or other document being in a particular form or on particular terms and conditions means that such document shall be substantially and materially in such form or substantially and materially on such terms and conditions; (h) any reference in the Plan or the Disclosure Statement to a document, schedule, or exhibit to the Plan or Disclosure Statement Filed or to be Filed means such document, schedule, or exhibit, as it may have been or may be amended, modified, or supplemented; and (i) the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply to the extent such rules are not inconsistent with the express terms of the Plan or the Disclosure Statement or any other provision in this Section 2.2.

**2.3**    **Exhibits.**

All Exhibits to the Plan are incorporated into and are a part of the Plan as if set forth in full therein.

**III.**

**TREATMENT OF UNCLASSIFIED CLAIMS**

**3.1**    **Introduction**.

-31-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1     As required by the Bankruptcy Code, the Plan places Claims and Interests into various

2    Classes according to their right to priority.  However, certain types of Claims are not classified in

3    any Classes under the Plan.  These Claims are deemed "unclassified" under the provisions of the

4    Code.  They are not considered impaired and they do not vote on the Plan, because they are

5    automatically entitled to specific treatment provided for them in the Code.  As such, the SunCal

6    Plan Proponents have not placed the following Claims in a Class.  The treatment of these

7    unclassified Claims is as provided below.

8        **3.2**     ~~**Treatment**~~ **Repayment of Allowed Administrative Claims Assuming the**

9    **Applicable Lehman Disputed Loans Have Not Been Resolved**.

10     The Code requires that all Allowed Administrative Claims be paid on the later of Effective

11    Date of the Plan(s) or the date of their allowance, unless a particular Holder agrees to a different

12    treatment.  The treatment of Allowed Administrative Claims is as described below.  However,

13    such Administrative Claims are continuing to be incurred.  The Allowed Administrative Claims

14    shall be paid from the applicable Distribution Account(s) pursuant to the LitCo Plan Loan.

15        **3.3**     **Repayment of Allowed Administrative Claims Assuming Disallowance of the**

16    **Applicable Lehman Disputed Loans and The Avoidance of the Applicable Lehman Liens**.

17     Except to the extent that the Holder of an Allowed Administrative Claim agrees to a

18    different treatment and subject to the Administrative Claims Bar Date set forth herein, the

19    ~~Distribution Agent~~Plan Trustee shall pay each Allowed Administrative Claim in full, in Cash, on

20    the later of (i) the Effective Date from the closing of the sale of the applicable Project, (ii) within

21    ten (10) Business Days after the date any disputed~~such~~ Administrative Claim becomes an Allowed

22    Administrative Claim, or (iii) the date such Allowed Administrative Claim becomes due according

23    to its terms. From the closing of a sale of the applicable Project, the Plan Trustee shall establish a

24    reserve for Disputed Administrative Claims and Administrative Claims that are to become due

25    according to its terms in the foreseeable future.  Notwithstanding the foregoing, any Allowed

26    Administrative Claim representing obligations incurred in the ordinary course of post-petition

27

28
-32-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOC MAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOC MAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOC MAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOC MAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    business by the Debtors in Possession (including without limitation post-petition trade obligations

2    and routine post-petition payroll obligations) shall be paid in full or performed by the Plan Trustee

3    in the ordinary course of business, in accordance with the terms of the particular obligation.

4        **3.4    Administrative Claims Bar Date.**

5        All applications for final compensation of Professionals for services rendered and for

6    reimbursement of expenses incurred on or before the Effective Date and all other requests for

7    payment of Administrative Claims incurred before the Effective Date under Sections 507(a)(2)

8    or 507(b) of the Bankruptcy Code (except only for (i) post-petition, ordinary course trade

9    obligations and routine post-petition payroll obligations incurred in the ordinary course of the

10    Debtors' post-petition business, for which no bar date shall apply, and (ii) post-petition tax

11    obligations, for which no bar date shall apply) shall be Filed with the Bankruptcy Court and served

12    upon the Plan Trustee no later than the Administrative Claims Bar Date, unless such date is

13    extended by the Bankruptcy Court after notice to the Plan Trustee.  Any such request for payment

14    of an Administrative Claim that is subject to the General Administrative Claims Bar Date and that

15    is not Filed and served on or before the Administrative Claims Bar Date shall be forever barred;

16    any party that seeks payment of Administrative Claims that (i) is required to file a request for

17    payment of such Administrative Claims and (ii) does not file such a request by the deadline

18    established herein shall be forever barred from asserting such Administrative Claims against the

19    Debtors, the Plan Trust, their estates, or any of their property.

20        **3.5    Treatment of Unsecured Tax Claims.**

21        Tax Claims are certain unsecured income, employment and other taxes described by Code

22    Section 507(a)(8).  The Code requires that each holder of such a Section 507(a)(8) tax claim

23    receive the present value of such Claim in deferred cash payments, over a period not exceeding

24    five (5) years from the petition date and that such treatment not be less favorable than the

25    treatment accorded to non priority unsecured creditors.

26        At the election of the Plan Trustee, the Holder of each Allowed Priority Tax Claim shall be

27

28                                    -33-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

entitled to receive, on account of such Claim, (i) equal cash payments on the last Business Day of each three-month period following the Effective Date, during a period not to exceed five years after November 6, 2008, totaling the principal amount of such Claim plus simple interest on any unpaid balance from the Effective Date, calculated at the interest rate available on ninety (90) day United States Treasuries on the Effective Date, (ii) such other treatment agreed to by the Holder of the Allowed Priority Tax Claim and the Plan Trustee, provided such treatment is on more favorable terms to the Debtors (or the Plan Trust after the Effective Date) than the treatment set forth in clause (i) hereof, or (iii) payment of the full Allowed Priority Tax Claim in Cash.

### 3.6   The Surety Bonds~~Summary of the Group I: Voluntary Debtors Plans' Treatment of Bond Indemnity Claims~~.

Allowed Bond Indemnification Claims are treated as Reliance Claims.  In the event that such Bond Indemnification Claim arises from a general unsecured claim, it is classified in Class 6.  If the event that such Bond indemnification Claim arises from a Mechanic's Lien Claim, then it is classified in Class 3.  Contingent Bond Indemnification Claims are classified separately as Class 4 Claims.

The Bond Companies assert that Surety Bonds were executed on behalf of certain Debtors as a principal for its respective Project.  Such Surety Bonds will not and cannot be transferred to the Winning Bidder(s), and such Surety Bonds will not apply to the Winning Bidders.  The sale of each Property is subject to applicable state and local development requirements, including the duty to obtain performance and other surety bonds, to construct infrastructure improvements, and any other related development responsibilities, where and if applicable.  If it is necessary or appropriate for the Winning Bidder(s) to obtain Surety Bonds, then the Winning Bidder(s) will have to obtain new Surety Bonds from the Bond Companies, or another surety.~~The Bond Companies assert that surety bonds were executed on behalf of all or some of the Group I: Voluntary Debtors as a principal for its respective Group I: Voluntary Project ("Surety Bonds"). The Surety Bond(s) will not be transferred to the Winning Bidder(s) and, if a Winning Bidder(s)~~

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1  ~~determines to develop the Group I: Voluntary Project(s), the Surety Bond will not apply to the~~

2  ~~Winning Bidder(s)' bonding requirements with respect to such development.  If a Winning~~

3  ~~Bidder(s) determines to develop all or a portion of its respective Group I: Voluntary Project(s), it~~

4  ~~will be required at that time to obtain new Surety Bonds from the Bond Companies or another~~

5  ~~surety, to the extent surety bonds are required by applicable state and local development~~

6  ~~requirements.~~

7                                  **IV**.

8                **CLASSIFICATION OF CLAIMS AND INTERESTS**

9          As required by the Code, the Plan places Claims and Interests into various Classes

10  according to their right to priority and other relative rights.  Each of the Plan(s) specify whether

11  each Class of Claims or Interests is impaired or unimpaired, and the Plan sets forth the treatment

12  each Class will receive.  The table below lists the Classes of Claims established under the Plan and

13  states whether each particular Class is impaired or left unimpaired by the Plan.  A Class is

14  "unimpaired" if the Plan leaves unaltered the legal, equitable and contractual rights to which the

15  Holders of Claims or Interests in the Class are entitled, with certain exceptions specified in the

16  Bankruptcy Code.

17

| CLASSIFICATION OF HOLDERS OF SECURED REAL PROPERTY TAX CLAIMS AGAINST THE GROUP I: VOLUNTARY PROJECTS | | |
|---|---|---|
| Class 1 | Claimant | Claim Nos.[3] |
| Class 1.1 | Los Angeles County as the Holder of an Unpaid Secured Real Property Tax Claim against the Ritter Ranch Project in the amount of $3,008,044.29. | Palmdale Hills 12 |
| Class 1.2 | Placer County as the Holder of an Unpaid Secured Real Property Tax Claim against the Bickford Ranch Project in the amount of $9,467,165. | Scheduled Amount |

---

[3] These Real Property Tax Claims have been updated to include amounts for which proofs of claim have not yet been filed.

-35-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group_I_VD-Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd-Amd-Group_I_VD-Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group_I_VD-Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD-Plan.DOC

| CLASSIFICATION OF HOLDERS OF SECURED REAL PROPERTY TAX CLAIMS AGAINST THE GROUP I: VOLUNTARY PROJECTS | | |
|---|---|---|
| **Class 1** | **Claimant** | **Claim Nos.[3]** |
| **Class 1.3** | Riverside County as the Holder of an Unpaid Secured Real Property Tax Claim against the Emerald Meadows Project in the amount of $798,256. | SunCal Emerald Meadows 9 |
| **Class 1.4** | Los Angeles County as the Holder of an Unpaid Secured Real Property Tax Claim against the Acton Project in the amount of $463,325. | Acton Estates 1 |

| CLASSIFICATION OF LEHMAN'S DISPUTED CLAIMS AGAINST THE GROUP I: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 2** | **Claims** | **Claim Nos.** |
| **Class 2.1** | The Holders of Lehman's Disputed Claims filed by LCPI against SunCal Bickford arising from the SunCal Communities I Loan Agreement in the asserted amount of $343,221,391. | SunCal Bickford: 16 |
| **Class 2.2** | The Holder of Lehman's Disputed Claims filed by LCPI against Palmdale Hills arising from the Ritter Ranch Loan Agreement in the asserted amount of $287,252,096. | Palmdale Hills 65 |
| **Class 2.3** | The Holders of Lehman's Disputed Claims filed by LCPI against SunCal I, SunCal III, Acton Estates, SunCal Emerald, SunCal Bickford, SunCal Summit Valley arising from the SunCal Communities I Loan Agreement in the asserted amount of $343,221,391. | SunCal Emerald Meadows 7 |
| **Class 2.4** | The Holders of Lehman's Disputed Claims filed by LCPI against SunCal I, SunCal III, Acton Estates, SunCal Emerald, SunCal Bickford, SunCal Summit Valley arising from the SunCal Communities I Loan Agreement in the asserted amount of $343,221,391. | Acton Estates: 6 |

-36-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

| CLASSIFICATION OF ASSERTED MECHANIC LIEN CLAIMS AGAINST THE GROUP I: VOLUNTARY PROJECTS[4] | | |
|---|---|---|
| **Class 3** | **Claimant** | **Claim Nos.** |
| **Class 3.1** | The Holder of the asserted Mechanic Lien Claim held by Asphalt Professionals against the Ritter Ranch Project owned by Palmdale Hills in the amount of $38,249. | Palmdale Hills 1 and 46 |
| **Class 3.2** | The Holder of the asserted Mechanic Lien Claim held by Sierra Cascade Construction against the Ritter Ranch Project owned by Palmdale Hills in the amount of $550,677. | Palmdale Hills 33 |
| **Class 3.3** | The Holder of the asserted Mechanic Lien Claim held by Staats Construction. Inc. against the Ritter Ranch Project owned by Palmdale Hills in the amount of $166,105. | Palmdale Hills 51 |
| **Class 3.4** | The Holder of the asserted Mechanic Lien Claim held by Southland Farmers, Inc. against the Ritter Ranch Project owned by Palmdale Hills in the amount of $177,801. | Palmdale Hills 55, 67 and 68 |
| **Class 3.5** | The Holder of the asserted Mechanic Lien Claim held by Chamelon Design Inc. against the Ritter Ranch Project owned by Palmdale Hills in the amount of $60,920. | Palmdale Hills 93, 99 |

---

[4] The Holders of Allowed Mechanic Claims in Classes 3.1 – 3.14 are all defined as "Reliance Claimants," and hold specific Litigation Rights that are referred to herein as "Reliance Claims." The SunCal Plan Proponents believe that the Holders of Reliance Claims are the potential beneficiaries of the equitable subordination causes of action in the Lehman Adversary Proceeding. Under the Plan, the Reliance Claimants who sell their Reliance Claims to LitCo, and who vote in favor of the Plan, which is Option A on their Plan Ballot, will receive a distribution of fifty-five cents ($0.55) per dollar of claim on the face amount of their claim listed on Exhibit "1" to the Plan Modification Motion or the amount of the holders of Allowed Claims if it disagrees with the amount of the claim listed on the relevant exhibit. A more detailed description of the determination of who are the holders of Reliance Claims and the amount thereof is set forth in Section 5.8 of the Disclosure Statement. The 55 percent payment shall come from Litco, but will not be part of the LitCo Loan. *Accordingly, the 55 percent payment is being paid from non-estate funds.* If a Reliance Claimant elects not to sell this claim, then this claimant will receive the treatment set forth in Class 3.1 through 3.14 under the Plan.

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

| CLASSIFICATION OF ASSERTED MECHANIC LIEN CLAIMS AGAINST THE GROUP I: VOLUNTARY PROJECTS[4] | | |
|---|---|---|
| Class 3 | Claimant | Claim Nos. |
| Class 3.6 | The Holder of the asserted Mechanic Lien Claim held by MHM Engineers against the Bickford Ranch Project in the amount of $8,916. | SunCal Bickford 5 |
| Class 3.7 | The Holder of the asserted Mechanic Lien Claim held by Land Architecture against the Bickford Ranch Project in the amount of $100,245. | SunCal Bickford 6 |
| Class 3.8 | The Holder of the asserted Mechanic Lien Claim held by Kiewit Pacific Co. against the Bickford Ranch Project in the amount of $1,868,357. | SunCal Bickford 10 |
| Class 3.9 | The Holder of the asserted Mechanic Lien Claim held by ARB, Inc. against the Bickford Ranch Project in the amount of $1,052,272. | SunCal Bickford 15 |
| Class 3.10 | The Holder of the asserted Mechanic Lien Claim held by Independent Construction against the Bickford Ranch Project in the amount of $117,209. | SunCal Bickford 28 |
| Class 3.11 | The Holder of the asserted Mechanic Lien Claim held by Marques Pipeline, Inc. against the Bickford Ranch Project in the amount of $330,118. | SunCal Bickford 29 and 30 |
| Class 3.12 | The Holder of the asserted Mechanic Lien Claim held by Hall & Foreman, Inc. against the Emerald Meadows Project in the amount of $287,727. | SunCal Emerald 13 |
| Class 3.13 | The Holder of the asserted Mechanic Lien Claim held by Proactive Engineering against the Emerald Meadows Project in the amount of $991,315. | SunCal Emerald 15 and 16 |
| Class 3.14 | The Holder of the asserted Mechanic Lien Claim held by HD Supply Construction against the Emerald Meadows Project owned by SunCal Emerald in the amount of $14,893. | Palmdale Hills 15 |

-38-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

| CLASSIFICATION OF DISPUTED CONTINGENT BOND INDEMNIFICATION CLAIMS AGAINST THE GROUP I: VOLUNTARY PROJECTS | | |
|---|---|---|
| **Class 4** | **Claimant** | **Claim Nos.** |
| **Class 4.1** | The holders of Contingent Bond Indemnification Claims that are Allowed Secured Claims arising from bonds issued with respect to the Group I: Voluntary Projects | **Various Filed and Scheduled** |

| CLASSIFICATION OF PRIORITY UNSECURED CLAIMS AGAINST THE GROUP I: VOLUNTARY DEBTORS | | |
|---|---|---|
| **Class 5** | **Claimant** | **Claim Nos.** |
| **Class 5.1** | The Holder of Priority Claims that fall within Code Sections 507(a)(2), (4), (5), (6), and (7) in the asserted amount of $10,950 against the Group I: Voluntary Debtors. | Various Filed and Scheduled |

| CLASSIFICATION OF GENERAL UNSECURED CLAIMS THAT QUALIFY AS RELIANCE CLAIMS AGAINST THE GROUP I: VOLUNTARY DEBTORS [5] |
|---|

---

[5] Unsecured Claims are generally placed within the same class and they receive the same treatment under a Plan. However, the SunCal Plan Proponents have divided Unsecured claims into two classes in the Plan – Classes 6.1 and 6.2, and 7.1 and 7.2. This separate classification has been implemented for the following reason. The Holders of Unsecured Claims in Classes 6.1 and 6.2, who are referred to as "Reliance Claimants," hold specific Litigation Rights that are referred to herein as "Reliance Claims." Included in the definition of "Reliance Claims" in Section 2.1.130 are holders of Allowed Mechanic Lien Claims, Allowed Bond Indemnification Claims, and all holders of allowed Class 6 Claims. The SunCal Plan Proponents believe that the Holders of Reliance Claims are the potential beneficiaries of the equitable subordination causes of action in the Lehman Adversary Proceeding. The Unsecured Creditors in Classes 7.1 and 7.2 do not hold Reliance Claims. Under the Plan, the Reliance Claims who sell their Reliance Claimants to LitCo, and who vote in favor of the Plan, which is Option A, will receive a distribution of fifty-five cents ($0.55) per dollar of claim on the face amount of their claim listed on Exhibit "1" to the Plan Modification Motion or the amount of the holder's allowed claim as either consensually resolved or determined by the Court (except that for Emerald and Acton Reliance Claims are only set forth in Exhibit "1" to the Plan Modification Motion. The 55 percent payment shall come from Litco, but will not be part of the LitCo Loan. *Accordingly, the 55 percent payment is being paid from non-estate funds, for a non-estate asset.* If a Reliance Claimant elects not to sell this claim, then this claimant will receive the exact same distribution

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

| Class 6 | Claimant | Claim Nos. |
|---|---|---|
| Class 6.1 | The holders of Allowed Unsecured Reliance Claims against Palmdale. | Various Filed and Scheduled |
| Class 6.2 | The holders of Allowed Unsecured Reliance Claims against SunCal Bickford. | Various Filed and Scheduled |
| Class 6.3 | The holders of Allowed Unsecured Reliance Claims against SunCal Emerald Meadows. | Various Filed and Scheduled |
| Class 6.4 | The holders of Allowed Unsecured Reliance Claims against Acton Estates. | Various Filed and Scheduled |

| CLASSIFICATION OF GENERAL UNSECURED CLAIMS THAT DO NOT QUALIFY AS RELIANCE CLAIMS AGAINST THE GROUP I: VOLUNTARY DEBTORS[6] | | |
|---|---|---|
| **Class 7** | **Claimant** | **Claim Nos.** |
| Class 7.1 | Claimants holding Allowed Unsecured Claims against Palmdale that are not Reliance Claims | Various Filed and Scheduled |
| Class 7.2 | Claimants holding Allowed Unsecured Claims against SunCal Bickford that are not Reliance Claims | Various Filed and Scheduled |
| Class 7.3 | Claimants holding Allowed Unsecured Claims against SunCal Emerald Meadows that are not Reliance Claims | Various Filed and Scheduled |
| Class 7.4 | Claimants holding Allowed Unsecured Claims against Acton Estates that are not Reliance Claims | Various Filed and Scheduled |

| | HOLDERS OF ALLOWED INTERESTS AGAINST THE GROUP I: VOLUNTARY DEBTORS | |
|---|---|---|

rights that the Class 7.1 and 7.2 claimants will receive under the Plan. In summary, the classification difference was made to provide for the purchase offer relating to the sale of the Reliance Claims. In all other respects the Holders of Unsecured Claims receive the same treatment under the Plan.

[6] This Class includes, but is not limited to, Disputed Bond Claims that are not Allowed Secured Claims within Class 4.1.

-40-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

| Class 8 | Claimant | Scheduled |
|---|---|---|
| **Class 8.1** | Allowed Interests in Palmdale held by SCC Palmdale, LLC | As scheduled |
| **Class 8.2** | Allowed Interests in SunCal Bickford held by SunCal I. | Scheduled Amount |
| **Class 8.3** | Allowed Interests in SunCal Emerald Meadows held by SunCal I | Scheduled Amount |
| **Class 8.4** | Allowed Interests in Acton Estates held by SunCal I | Scheduled Amount |

## V.

## THE PLAN'S TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

**5.1    The Plan's Treatment of Holders of Allowed Secured Real Property Tax Claims Against the Group I: Voluntary Projects (Classes 1.1 through 1.4).**

The rights of the Holder(s)' of Allowed Secured Claims in Classes 1.1 through 1.4 are impaired under the Plan and shall receive one of the following two treatments at the Plan Trustee's discretion based solely on the option of the Group I: Voluntary Debtor:

A.    Such Holders shall retain their existing lien rights and shall accrue interest as provided under applicable nonbankruptcy law pursuant to 11 U.S.C. § 506 and 511 and such Allowed Claims shall be satisfied in accordance with the provision of 11 U.S.C. § 1124(2) from the sale of the Group I: Voluntary Projects during the Sales Period; or

B.    Such Holders shall retain their existing lien rights and shall accrue interest as provided under applicable nonbankruptcy law pursuant to 11 U.S.C. § 506 and 511 and California Revenue and Taxation Code Sections 4102 and 4103, and payment on such Allowed Claims shall be satisfied in regular installments over a period not more than sixty-one (610) months from the applicable Group I: Voluntary Debtor's Petition Date, but in no case shall payment be made later than payment of Allowed Class 6.1 through 6.4 Claims, respectively, under Option B and Allowed Class 7.1 through 7.4.

**5.2    The Plan's Treatment of Lehman's Disputed Claim(s) and Disputed Lien(s) Against the Group I: Voluntary Debtors (Class 2.1 through 2.4).**

-41-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group-I_VD-Plan.DOCMAINDOCS-#167102-v1-SunCal-Modified-3rd-Amd-Group-I-VD-Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group-I-VD-Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd-Am-Group-I-VD.DOC

1    The Holder(s) of Disputed Secured Claims within Class 2.1 through 2.4 shall receive the

2    indubitable equivalent of their claims under the Plan, pursuant to 11 U.S.C. § 1129(b)(2)(A)(iii),

3    through the following treatment:

4         A.    Lien Rights. The Class 2.1 through 2.4 Holder(s) shall retain their interest in

5    the Disputed Lien(s) against the applicable Group I: Voluntary Projects and the Group I:

6    Voluntary Other Assets that secure the Disputed Secured Claims, pending a Final Order(s)

7    resolving the Allowance of such Disputed Secured Claims and determining the validity, priority

8    and extent of the applicable Disputed Liens against the applicable Group I: Voluntary Projects,

9    which secure these claims, except as follows:

10         1.    The Group I: Voluntary Projects and the Group I: Voluntary Other

11   Assets subject to the Class 2.1 through 2.4 Disputed Liens will be sought to be sold free and clear

12   of such Disputed Lliens during the Sales Period, without the right to credit bid under Section

13   363(k) with respect to Disputed Claims and Disputed Liens. These Disputed Liens shall then

14   attach to the Net Sales Proceeds from the sale, which shall be deposited into the Net Sales

15   Proceeds Account, pending a resolution of such Disputed Secured Claims and Disputed Liens.

16   The marketing process and sales procedures for the Group I: Voluntary Projects and the Group I:

17   Voluntary Other Assets are described in Article X VII hereof.

18         2.    To the extent that a Disputed Secured Claim held by either the Class

19   2.1 through 2.4 Claimants against the applicable Group I: Voluntary Projects and Group I:

20   Voluntary Other Assets  is disallowed, and the Disputed Lien associated with this Disputed

21   Secured Claim is consequently released to the extent of this disallowance, the Plan Trustee shall be

22   authorized to use to the Net Sales Proceeds that are no longer subject to the Disputed Lien(s) to

23   pay other Allowed Claims in their order of priority, in accordance with the terms of the Plan;

24         3.    To the extent that a Disputed Secured Claim held by either the Class

25   2.1 through 2.4 Claimant and the associated Disputed Lien(s) against the applicable Group I:

26   Voluntary Projects and Group I: Voluntary Other Assets  is subordinated, the Plan Trustee shall be

-42-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

authorized to use to the Net Sales Proceeds that are no longer subject to the Disputed Lien(s), or where the priority of the Disputed Liens has been subordinated by the Court, to pay other Allowed Claims in their order of priority, in accordance with the terms of the Plan, to the extent of the subordination; and

Notwithstanding the existence of the Disputed Secured Claims and the Disputed Liens, the Plan Trustee may a seek a release of the funds in the Net Sales Proceeds Account subject to these claims and liens to pay the claims of other creditors in accordance with the terms of the applicable Plan, if the Class 2.1 through 2.4 claimants' interests in Group I will remain adequately protected after this release.

B.    Distributions To The Class 2.1 through 2.4 Claimants. If the Plan Trustee consummates a sale or otherwise liquidates the particular Group I Voluntary Project and/or Group I: Voluntary Other Assets subject to the Class 2.1 through 2.4 Disputed Secured Claim(s) and/or Disputed Lien(s) during the Sales Period, as provided for above, the Holder(s) of such Disputed Secured Claim shall receive a distribution to the extent of available funds from the applicable Net Sale Proceeds Account(s) to the extent required by an entered Order of the Court, that is not subject to a stay pending appeal, determining the allowance and priority of the Disputed Secured Claims and the validity, priority and extent of the Disputed Liens in, including but not limited to, the Lehman Adversary Proceeding and the Lehman Claims Objections.

C.    Abandonment of Unsold Group I: Voluntary Projects and Group I: Voluntary Other Assets. If for any reason the Plan Trustee is unable to sell any of the Group I: Voluntary Projects and/or Group I: Voluntary Other Assets during the Sales Period, they will be abandoned as of 11:59 p.m. on the last day of the Sales Period, no payment shall be made to Holders of Class 2.1 through 2.4 Claims, as the case may be, and such Holder(s) shall be free to exercise any and all remedies that they may hold with respect to the Group I: Voluntary Projects and the Group I: Voluntary Other Assets under applicable California law.

**5.3**    **The Plan's Treatment of Holders of Asserted Mechanic Lien Claims Against**

-43-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

**the Group I: Voluntary Projects (Classes 3.1 Through 3.14).**

The treatment of the Holders of Allowed Classes 3.1 through 3.14 Secured Claims under the applicable Plan shall be as follows:

        A.      The Holder(s)' rights are impaired under the Plan;

        B.      The Holder(s) shall retain their respective underlying liens on the applicable Group I: Voluntary Projects, but shall forebear from pursuing their rights and remedies until the expiration of the Sales Period;

        C.      The Holders of Class 3.1 through 3.14 claims shall receive a distribution, to the extent of available, of Net Sale Proceeds in accordance with the priorities set forth under the Bankruptcy Code, subject to a Final Order(s) resolving the allowance and priority of the applicable Lehman's Disputed Claim(s) and the validity of the applicable Lehman Disputed Lien(s) in, including but not limited to, the Lehman Adversary Proceeding; and

        D.      If for any reason the Plan Trustee is unable to sell any of the Group I: Voluntary Projects during the Sales Period, they will be abandoned as of 11:59 p.m. on the last day of the Sales Period, no payment shall be made to Holders of Classes 3.1 through 3.14 Claims, as the case may be, and such Holder(s) shall be free to exercise any and all remedies that they may hold with respect to the Group I: Voluntary Projects under applicable California law.

**5.4     The Plan's Treatment of Holders of Disputed Contingent Bond Indemnification Claims Against the Group I: Voluntary Projects (Class 4.1).**

The Bond Companies assert that surety bonds were executed on behalf of all or some of the Group I: Voluntary Debtors as a principal for its respective Group I: Voluntary Project ("Surety Bonds"). The Surety Bond(s) will not be transferred to the Winning Bidder(s) and, if a Winning Bidder(s) determines to develop the Group I: Voluntary Project(s), the Surety Bond will not apply to the Winning Bidder(s)' bonding requirements with respect to such development. If a Winning Bidder(s) determines to develop all or a portion of its respective Group I: Voluntary Project(s), it will be require at that time to obtain new Surety Bonds from the Bond Companies or another

-44-

surety, to the extent surety bonds are required by applicable state and local development requirements.

The rights of each holder of an Allowed Contingent Bond Indemnification Claim arising from a bond issued with respect to a Group I Voluntary Project, shall, to the extent such claim(s) are determined to be a secured claim(s), be impaired under the Plan. Such claims shall receive the following treatment:

        A.      Each such Allowed Secured Claim shall be placed in a separate class and receive a separate ballot for voting purpose;

        B.      Each Holder(s) shall retain their respective underlying liens on the applicable Group I: Voluntary Project, but shall forebear from pursuing their rights and remedies until the expiration of the Sales Period;

        C.      If the Plan Trustee is able to consummate a sale of the Group I: Voluntary Projects subject to the liens asserted by the Holders of Class 4.1 claimants  during the Sales Period, such Holders shall receive a distribution, to the extent of available Net Sale Proceeds in accordance with the priorities set forth under the Bankruptcy Code, subject to a Final Order(s) resolving the allowance and priority of the applicable Lehman's Disputed Claim(s) and the validity of the applicable Lehman Disputed Lien(s) in, including but not limited to, the Lehman Adversary Proceeding; and

        D.      If the Plan Trustee is unable to consummate a sale of the Group I: Voluntary Projects during the Sales Period, such real property collateral shall be deemed abandoned by the Plan Trustee, no payment shall be made to such Holder(s), and such Holder(s) shall be allowed to pursue their respective rights against the real property collateral under applicable California law.

**5.5**    **The Plan's Treatment of Holders of Priority Claims Against the Group I:**
    **Voluntary Debtors (Class 5.1)**.

The treatment of the Holders of Allowed Priority Claims under the Plan shall be as follows**:**

-45-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    A.    The Holder(s) are unimpaired under the Plan; and

2    B.    The Holder(s) shall be paid from the applicable Distribution Account(s) or

3    the LitCo Plan Loan (i) the full amount of such Allowed Priority Claim in Cash on the later of (x)

4    the Effective Date, (y) the date such Claim becomes an Allowed Priority Claim or (z) the date such

5    Allowed Priority Claim becomes payable in accordance with the terms governing such Allowed

6    Priority Claim, or (ii) upon such other less favorable terms as may be agreed to by such Holder

7    and the Plan Trustee.

8    **5.6**    **The Plan's Treatment of Holders of General Unsecured Claims that are**

9    **Reliance Claims Against the Group I: Voluntary Debtors (Classes 6.1, 6.2, 6.3**

10    **and 6.4).**

11    The rights of Holders of Allowed Class 6.1, 6.2., 6.3 and 6.4 Claims are impaired under the

12    Plan. They have the right to choose between the following treatment options:

13    A.    Option A: A claimant in these classes *who votes in favor of the Plan*, and

14    who chooses Option A, will have the right to sell to LitCo all of the claimant's right, title and

15    interest in all Allowed Reliance Claims and all of the claimant's Litigation Rights against the

16    applicable Debtor, SunCal Affiliates, and the Lehman Entities, for the sum of fifty-five cents

17    ($0.55) per dollar of the amount of their claim listed on Exhibit "1" to the Plan Modification

18    Motion payable in cash on the Effective Date, in full satisfaction of such claimant's Allowed

19    Reliance Claims.  or However, allowed claim if such holder disagrees that with the amount of the

20    claim listed on Exhibit "1" to the Plan Modification Motion, then such claim shall be payable in

21    cash on later of the Effective Date or within ten (10) business days of the Allowance of such

22    Claim, in full satisfaction of such claimant's Allowed Reliance Claims.  Furthermore, all of such

23    payments are contingent upon the lack of provided there is no a stay pending an appeal of the

24    Confirmation Order, in full satisfaction of such claimant's Allowed Reliance Claims; or

25    B.    Option B: A claimant in these classes who votes against the Plan, or who

26    votes in favor of the Plan, but does not choose Option A, or who does not vote on the Plan, will 1)

27

28    -46-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group-I_VD-Plan.DOCMAINDOCS-#167102-v1-SunCal-Modified_3rd-Amd-Group-I_VD-Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group_I_VD-Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd-Am-Group-I-VD-Plan.DOC

1  receive a minimum distribution in cash, on the Effective Date, equal to one percent (1%) of such

2  claimant's Allowed Claim, 2) retain such claimant's Reliance Claim(s) and rights against the

3  applicable Debtor, SunCal Affiliated and Lehman Entities and its right to receive such claimant's

4  share, as determined by the Court, in the benefits and Litigation Recoveries resulting from a

5  judgment or order entered in the Lehman Adversary Proceeding, the Contract Action, or the

6  Lehman Claims Objections, and 3) right to receive a pro-rata share of any funds payable from the

7  applicable Distribution Account(s), after payment in full of all Post Confirmation Expenses,

8  Allowed Administrative Claims, and Allowed Priority Claims.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    ~~C.~~ B.

2    **5.7      The Plan's Treatment of Holders of Allowed General Unsecured Claims that**

3    **Are Not Reliance Claims Against the Group I: Voluntary Debtors (Classes 7.1.**

4    **7.2, 7.3 and 7.4).**

5    The rights of Holders of Allowed Class 7.1, 7.2, and 7.4 Claims are impaired under the

6    Plan. Under the Plan, each claimant will 1) receive a minimum distribution in cash, on the

7    Effective Date, equal to one percent (1%) of such claimant's Allowed Claim, and 2) receive a pro-

8    rata share of any funds payable from the applicable Distribution Account(s), after payment in full

9    of all Post Confirmation Expenses, Allowed Administrative Claims, and Allowed Priority Claims

10   and any sums that the Bankruptcy Court determines are payable to the Holders of Allowed Class

11   6.1, 6.2, 6.3 and 6.4 Claims from either the Claim Reduction Amounts, or on account of a

12   judgment in the Lehman Adversary Proceeding up to the Maximum Distribution.

13   Class 7.3 consists of the claims subject to the Emerald Compromise.  The Emerald

14   Compromise, as modified or amended, shall be approved by separate order of the Court pursuant

15   to Bankruptcy Rule 9019, or as provided in the Plan and approved by the Court.

16   **5.8      The Plan's Treatment of Holders of Allowed Interests Against the Group I:**

17   **Voluntary Debtors.**

18   The Interests of the Holders in Class 8.1, 8.2, 8.3 and 8.4 are impaired under the Plan. All

19   such Interests shall be cancelled as of the Effective Date and no distribution shall be made to these

20   Holders on account of such Interest(s) with the following exception for potential Distributions to

21   the Interest holders of class 8.4 Interest Holders of the Acton Estate which shall be treated as

22   follows:  Any potential Distribution to Holders of Class 8.4 Allowed Interest against the Acton

23   Estate~~s~~ shall be paid first, pro-rata to any unpaid Professional Fees in the Voluntary Debtors' cases

24   pursuant to orders authorizing joint and several liability of the estate for post-petition professional

25   fees and expenses [Docket No. 12], and to repay Palmdale Hills for the individual loans made

26   from "Alleged Unencumbered Cash" to the Subject Voluntary Debtors pursuant to paragraph 2 of

27

28

-48-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd-Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    the Stipulations entered as docket nos. 854, 1154, 1566, and 2102; second, to repay the LitCo Plan

2    Loan; and third, pro-rata to the Holders of Allowed Interests in the Acton Estate.

3                                             **VI.**

4                      **ACCEPTANCE OR REJECTION OF THE PLAN**

5        **6.1    Introduction.**

6            PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OF THE PLAN

7    SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON

8    CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX.  The following

9    discussion is intended solely for the purpose of alerting readers about basic confirmation issues,

10   which they may wish to consider, as well as certain deadlines for filing Claims.  The Debtors

11   cannot represent that the discussion contained below is a complete summary of the law on this

12   topic.

13           Many requirements must be met before the Court can confirm the Plan.  Some of the

14   requirements include that the Plan must be proposed in good faith, acceptance of the Plan, whether

15   the Plan pays creditors at least as much as creditors would receive in a Chapter 7 liquidation, and

16   whether the Plan is feasible.  The requirements described herein are <u>not</u> the only requirements for

17   confirmation.

18       **6.2    Who May Object to Confirmation of the Plan.**

19           Any party in interest may object to the confirmation of the Plan, but as explained below not

20   everyone is entitled to vote to accept or reject the Plan.

21       **6.3    Who May Vote to Accept/Reject the Plan.**

22           A Holder of a Claim or Interest has a right to vote for or against the Plan if that Holder of

23   the Claim or Interest has a Claim which is both (1) Allowed or Allowed for voting purposes and

24   (2) Classified in an impaired Class (excluding any class in which the Plan is "deemed rejected").

25   The votes will be tabulated on a Debtor by Debtor basis.

26

27

28

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

**6.4**    **What Is an Allowed Claim/Interest**.

As noted above, a Holder of a Claim or Interest must first have an Allowed Claim or Allowed Interest to vote.

**6.5**    **What Is an Impaired Class**.

A Class is impaired if the Plan alters the legal, equitable, or contractual rights of the Claims or Interests in that Class, other than the right to accelerate the Claim upon certain kinds of defaults. In this case, the Debtors believe that all Classes, except for Class 5.1 are impaired.

**6.6**    **Who Is Not Entitled to Vote**.

The following four types of Claims are <u>not</u> entitled to vote: (1) Claims that have been disallowed; (2) Claims in unimpaired Classes; (3) Claims entitled to priority pursuant to Bankruptcy Code Sections 507(a)(2) or (a)(3) and Claims in Classes that do not receive or retain any value under the Plan.  Claims in unimpaired Classes are not entitled to vote because such Classes are deemed to have accepted the Plan.  Claims entitled to priority pursuant to Bankruptcy Code Section 507(a)(8) are not entitled to vote because such Claims are not placed in Classes and they are required to receive certain treatment specified by the Bankruptcy Code.  Claims in Classes that do not receive or retain any property under the Plan do not vote because such Classes are deemed to have rejected the Plan. The Debtors believe that all Classes are entitled to vote except Classes 1.1 through 1.4 and 5.1. These classes are not impaired under the Plan and consequently are not entitled to vote. They are conclusively deemed to have accepted the Plan. The Interests held by the Holders in Classes 8.1, 8.2, 8.3 ~~and 8.4~~ are being cancelled under the Plan; accordingly these Interest Holders are deemed to have voted to reject the Plan.  <u>Conversely, the holders of Class 8.4 Interest Holders in Acton are impaired, but are not deemed to have voted against the Plan and have been allowed to vote on the Acton Plan, as modified.</u>

EVEN IF YOUR CLAIM IS OF THE TYPE DESCRIBED ABOVE, YOU MAY STILL HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN.

**6.7**    **Who Can Vote in More than One Class**.

-50-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    A creditor whose Claim has been Allowed in part as a Secured Claim and in part as an

2    Unsecured Claim is entitled to accept or reject a Plan in both capacities by casting one ballot for

3    the secured part of the Claim and another ballot for the Unsecured Claim.  Also, a Creditor may

4    otherwise hold Claims in more than one Class (such as a Holder of Senior Secured Claims and

5    Subordinated Note Claims), and may vote the Claims held in each Class.

6    **6.8    Votes Necessary for a Class to Accept the Plan.**

7    A Class of Claims is deemed to have accepted the Plan when more than one-half (1/2) in

8    number and at least two-thirds (2/3) in dollar amount of the Claims *that actually voted*, vote to

9    accept the Plan.  A Class of interests is deemed to have accepted the Plan when Holders of at least

10    two-thirds (2/3) in amount of the interest-Holders of such Class which actually vote, vote to accept

11    the Plan.

12    **6.9    Treatment of Nonaccepting Classes.**

13    As noted above, even if there are impaired Classes that do not accept the proposed Plan,

14    the Court may nonetheless confirm the Plan if the nonaccepting Classes are treated in the manner

15    required by the Code and at least one impaired Class of Claims accepts the Plan. The process by

16    which a plan may be confirmed and become binding on non-accepting Classes is commonly

17    referred to as "cramdown."  The Bankruptcy Code allows the Plan to be "crammed down" on

18    nonaccepting Classes of Claims or interests if it meets all statutory requirements except the voting

19    requirements of 1129(a)(8) and if the Plan does not "discriminate unfairly" and is "fair and

20    equitable" with respect to each impaired Class that has not voted to accept the Plan, as set forth in

21    11 U.S.C. § 1129(b) and applicable case law.

22    **6.10    Request for Confirmation Despite Nonacceptance by Impaired Class(es).**

23    The SunCal Plan Proponents will ask the Court to confirm the Plan by cramdown on any

24    impaired Class if such Class does not vote to accept the Plan.

25

26

27

28

-51-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

# VII.

## MEANS OF EXECUTION AND IMPLEMENTATION OF THE PLAN

**7.1**    **Introduction.**

This section is intended to address how the SunCal Plan Proponents intend to implement the provisions of the Plan.  It addresses the marketing and the sale of the Group I: Voluntary Projects and the Group I: Voluntary Other Assets, the transfer of the Plan Trust Assets to the Plan Trust, the nature of the Plan Trust, the powers of the Plan Trust, the governance of the Plan Trust, the resolution of disputed claims, the sources of funds that will be used to pay claims and the mechanics of how claims will be paid.

**7.2**    **Sale Process for the Group I: Voluntary Projects and Group I: Voluntary Other Assets During the Sales Period**.

The core objective of the Plan is to enable all creditors holding Allowed Claims to receive the highest dividend possible by selling the estates' primary assets, the Group I: Voluntary Projects, to the highest bidder. The process of marketing the Group I: Voluntary Projects and Other Assets for sale will begin, pursuant to the Confirmation Order, immediately after the entry of this order.

7.2.1    The Group I: Voluntary Projects Marketing and Bid Procedures.

Land Advisors Acquisitions shall manage the sales process, including the marketing, advertising and auction process. process initially in its capacity as a SunCal Plan Proponent and as the Plan Trustee after the Effective Date.  HFurthermoreHowever, the SunCal Plan Proponents and the Voluntary Debtors' Committee shall be consulted and have the opportunity to object to the sales process and request a hearing with the Bankruptcy Court.

7.2.1    The Group I: Voluntary Projects Marketing and Bid Procedures.

The SunCal Plan Proponents and the Plan Trustee Land Advisors will pursue the following sale procedures culminating into a public auction for the sale of the Group I:

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group-I_VD-Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd-Amd-Group_I_VD-Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group_I_VD-Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD.DOC

1    Voluntary Projects after the Confirmation Date and during the Sales Period.

2    7.2.2    Implementation of a Marketing Program. Once the Plan is confirmed, the

3    SunCal Plan Proponents Land Advisors will market the Group I: Voluntary Projects for

4    sale through a comprehensive sale effort during the Sales Period. This sale effort will

5    include 1) sending sale packages describing each Group I Voluntary Project to the real

6    estate brokerage community; b) advertising the Group I: Voluntary Projects for sale on a

7    website that includes links allowing direct access to all relevant information regarding the

8    Group I: Voluntary Projects; and c) sending packages to a list of prospects nationally who

9    are actively seeking or may have interest in these kinds of assets.

10    7.2.3    Identifying a Stalking Horse Bidder and Qualifying Bidders. On the first

11    business day after the Effective Date, the Plan Trustee Land Advisors will accept, on a

12    provisional basis, an Opening Bid for the Group I: Voluntary Projects.  The bidder whose

13    Opening Bid is accepted for each Group I Voluntary Project will become the "Stalking

14    Horse Bidder."  The Opening Bid must be equal to the Minimum Sale Price(s) fixed in the

15    Plan for each Group I Voluntary Projects.  The Plan Trustee Land Advisors shall also

16    select Qualified Bidders at this time.

17    7.2.4    The Sale Contract. The sale contract that will be entered into with the

18    Stalking Horse Bidder will include the following bankruptcy-sale related provisions:

19    1.    Overbid Provisions. The contract will allow the Plan Trustee Land

20    Advisors to seek "overbids" from other Qualified Buyers, and to accept an Initial

21    Overbid that exceeds the Stalking Horse Bid by the Initial Overbid Amount

22    applicable to each Group I Voluntary Project. In the case of Ritter Ranch Project,

23    the Initial Overbid Amount is a sum that is not less than the sum of the applicable

24    Opening Bid, the Ritter Ranch Break-up Fee and one hundred thousand dollars

25    ($100,000). In the case of the Bickford Ranch Project, the Initial Overbid Amount

26    is a sum that is not less than the sum of the applicable Opening Bid, the Bickford

27

28    -53-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

Ranch Break-up Fee and seventy-five thousand dollars ($75,000). In the case of the Emerald Meadows Project, the Initial Overbid Amount is a sum that is not less than the sum of the applicable Opening Bid, the Emerald Meadows Break-up Fee and seventy-five thousand dollars ($75,000). In the case of the Acton Project, if Diamond Valley or another Insider is the Stalking Horse bidder, then there is no break-up fee, and the Initial Overbid and the Minimum Incremental Overbid shall be fifty thousand dollars ($50,000).  Otherwise the Initial Overbid shall be $75,000, and the Minimum Incremental Overbid, Amount is a sum that is not less than the sum of the applicable Opening Bid, the Acton Project Break-up Fee, and fifty thousand dollars ($50,000).subsequent oOverbids shall be $50,000.

2.    Break-Up Fees. In the event that Diamond Valley or another Insider is the Stalking Horse Bidder for Acton, there shall be no Acton Break Up Fee. Otherwise, tThe sale contract will include a "break-up fee" provision-.  This A Break-Up Fee will be payable to the Stalking Horse Bidder for the Group I Voluntary Debtors if the Opening Bid is overbid, and another Qualified Bidder purchases the Group I Voluntary Project(s) that is the subject of the Opening Bid. The Break Up Fees for the Group I: Voluntary Debtor Projects are set forth in Section 2, above.

3.    Sale Free and Clear of Liens. The sale contract will provide that the Group I Voluntary Project(s) are being sold free and clear of all monetary liens and encumbrances and that no party holding a lien against the projects, including the Lehman Lenders, may submit a "credit bid" based upon the amount allegedly owing on the claims secured by the project being sold.

4.    Deposit.  Diamond Valley shall be required to place deposits in the same amounts as the Qualified Competing Bidder referenced above.  The deposits shall be held in a segregated account with Winthrop Couchot Professional

-54-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

Corporation and deposited within five business days of the service of the Sale

Motion.  The deposits shall be non-refundable only if Diamond Valley is approved

by the Bankruptcy Court as to the Winning Bidder and fails to close within the time

period prescribed.

      7.2.5    The Project Auctions.  Fourteen (14) days after the date of the selection of

the Stalking Horse Bidder and the Qualified Bidders, the Plan Trustee Land Advisors will

conduct a public auction wherein all Qualified Bidders who have submitted Qualified Bids

for the Group I: Voluntary Projects will have the opportunity to increase their bids for

these Projects. The Qualified Bidder that submits the highest bid for the Project will then

be designated the Winning Bidder. The Winning Bidder will then have fifteen (15) days

pay the Winning Bid amount and the closing shall occur no later than the Effective Date.

first business day following the thirtieth (30th) day after the Effective Date.

      7.2.6    The Group I: Voluntary Other Assets Marketing and Bid Procedures.

      To the extent that the SunCal Plan Proponents believe that the Group I: Voluntary

Other Assets have any material value, the SunCal Plan Proponents will pursue the

following process for the sale of the Group I: Voluntary Other Assets after the

Confirmation Date and during the Sales Period:

      1.    After the Confirmation Date, Land Advisors the SunCal Plan

Proponents will implement commercially reasonable marketing efforts for the sale

of the Group I: Voluntary Other Assets;

      2.    The sales procedures will be determined by Land Advisors the

SunCal Plan Proponents after consultation with the SunCal Plan Proponents and the

Voluntary Debtors' Committee; and

      3.    The sale contract will provide that the Group I: Voluntary Other

Assets(s) are being sold free and clear of all monetary liens and encumbrances and

that no party holding a lien against the Group I: Voluntary Other Assets, including

-55-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1     the Lehman Lenders, may submit a "credit bid" based upon the amount allegedly

2     owing on the claims secured by the Group I: Voluntary Other Assets being sold.

3           4.     Within seven (7) days after the Effective Date, Land Advisorsthe

4     Plan Trustee will hold a public auction for the sale of the Group I: Voluntary Assets

5     to the bidder that submits the highest and best bid.  The winning bidder will then

6     have seven ten (10) days to close this purchase transaction by paying the winning

7     bid amount.

8       **7.3**     **Establishment and Operations of the Plan Trust**.

9        The Plan Trust shall be established and shall become effective on the Effective Date.  The

10    Plan Trust is created pursuant to the Plan and the Confirmation Order.  The primary purpose of the

11    Plan Trust is to consummate the sales and/or the liquidation of the Group I: Voluntary Projects and

12    the Group I: Voluntary Other Assets transferred to it and the Distribution of the Net Sales

13    Proceeds to Creditors, with no objective to continue or engage in the conduct of a trade or

14    business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose

15    of the Plan Trust.  The Plan Trust shall hold title to and administer the Plan Trust Assets,

16    including, but not limited to, any Litigation Claims, and the proceeds thereof for liquidation and

17    distribution in accordance with the terms of the Plan.

18       **7.4**     **Preservation and Pursuit of Litigation Claims and Recovery for the Plan**

19              **Trust**.

20        On the Effective Date, title to and possession of all property of the Group I: Voluntary

21    Debtors shall be deemed transferred and delivered to the Plan Trust, without further act or action

22    under any applicable agreement, law, regulation, order or rule of law.

23        Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Plan Trust shall retain all

24    Litigation Claims whether or not pending on the Effective Date that are not purchased by LitCo

25    Unless a Litigation Claim is expressly waived, relinquished, released, sold, compromised or settled

26    in the Plan or in a Final Order, all rights with respect to such Litigation Claims are reserved and

27

28

-56-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

the Plan Trustee may pursue such Litigation Claims.  Notwithstanding the foregoing, the Plan Trustee shall not settle or abandon a Litigation Claim valued at greater than $100,000 except upon ten (10) days' prior written notice and opportunity to object to the proposed action.  Any disputes concerning the settlement or abandonment of a Litigation Claim shall be submitted to the Bankruptcy Court for resolution on no less than ten (10) days' notice to the objecting party.

After repayment in full of the Litco Plan Loan, all Litigation Recoveries realized or obtained by the Plan Trustee shall be promptly deposited into the applicable Distribution Account(s).  Except as otherwise provided in the Plan and the Confirmation Order, the Litigation Recoveries shall be free and clear of all Claims and Liens and shall only be expended in accordance with the provisions of the Plan.

### 7.5    **Payment of Plan Trust Expenses**.

The expenses incurred by the Plan Trust or the Plan Trustee during the Plan Period, shall be paid, or adequate reserves shall be created for the payment of such expenses, prior to any distribution to the Plan Trust Beneficiaries.

### 7.6    **The Plan Trust Distribution System.**

The Plan Trustee shall establish a separate "Distribution Account" for each Group I: Voluntary Debtor at an FDIC insured bank. Each Group I: Voluntary Debtor's Available Cash, whether on hand as of the Effective Date or received thereafter, shall be deposited into that Group I: Voluntary Debtor's Distribution Account.  These funds will then be used to pay the claims of Creditors holding Allowed Claims in their order of priority as provided for in the Plan.  Persons dealing with the Plan Trustee, or seeking to assert Claims against the Debtors, the Estates or the Plan Trust, shall look only to property of the Debtors, the Estates or the Plan Trust to satisfy any liability to such Persons, and the Plan Trustee shall have no corporate, personal, or individual obligation to satisfy any such liability.

### 7.7    **The Plan Trustee**.

**7.7.1    Appointment**.  Acquisitions shall be Plan Trustee of the Plan Trust.  The

-57-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    appointment of the Plan Trustee shall be effective as of the Effective Date.

2       **7.7.2**  <u>**Term**</u>.  Unless the Plan Trustee resigns, dissolves or is removed by Court

3    order earlier, the Plan Trustee's term shall expire upon termination of the Plan Trust pursuant to

4    the Plan.  In the event the Plan Trustee resigns, dies or is removed by Court order prior to

5    termination of the Plan Trust, the UST shall select and recommend to the Court a successor Plan

6    Trustee.

7       **7.7.3**  <u>**Powers and Duties**</u>.  On the Effective Date, the Plan Trustee shall have

8    the rights, powers and duties set forth in the Plan, the Confirmation Order, and Bankruptcy Code

9    §§505, 1107 and 1108.  The Plan Trustee shall be governed in all things by the terms of the Plan

10   and the Confirmation Order.  The Plan Trustee shall administer the Plan Trust in accordance with

11   the Plan.  Without limitation, the Plan Trustee shall file final federal, state, foreign and, to the

12   extent applicable, local, tax returns.  Without further Motion, notice, or order of the Court, the Plan

13   Trustee shall be authorized, empowered and directed to take all actions necessary to comply with

14   the Plan and exercise and fulfill the duties and obligations arising thereunder, including, without

15   limitation to:

16        i.  employ, retain, and replace one or more attorneys, accountants,

17   auctioneers, brokers, managers, consultants, other professionals, agents, investigators, expert

18   witnesses, consultants, and advisors as necessary to discharge the duties of the Plan Trustee under

19   the Plan;

20        ii.  control and effectuate the Claims reconciliation process, including to

21   object to, seek to subordinate, compromise or settle any and all Claims against the Debtors

22   pursuant to the terms of the Plan;

23        iii.  open, maintain and administer bank accounts as necessary to

24   discharge the duties of the Plan Trustee under the Plan;

25        iv.  make Distributions to the Holders of Allowed Claims in accordance

26   with the Plan;

27

28

-58-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group-I_VD-Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group-I_VD-Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    v.    retain professionals to assist in performing his or her duties under

2    the Plan;

3    vi.    pay reasonable and necessary professional fees, costs, and expenses;

4    vii.    investigate, analyze, commence, prosecute, litigate, compromise,

5    settle, dismiss, and otherwise administer all Causes of Action and Avoidance Actions for the

6    benefit of the Plan Trust and its beneficiaries, as set forth in the Plan, and to take all other

7    necessary and appropriate steps to collect, recover, settle, liquidate, or otherwise reduce to Cash all

8    Causes of Action and Avoidance Actions, as the Plan Trustee may determine is in the best

9    interests of the Plan Trust;

10    viii.    administer, sell, liquidate, or otherwise dispose of the Assets in

11    accordance with the terms of the Plan;

12    ix.    incur and pay reasonable and necessary expenses in connection with

13    the performance of the Plan Trustee's duties under the Plan;

14    x.    represent the Estates before the Court and other courts of competent

15    jurisdiction with respect to mattes concerning the Plan Trust;

16    xi.    seek the examination of any entity under the subject to the

17    provisions of Bankruptcy Rule 2004;

18    xii.    comply with applicable orders of the court and any other court of

19    competent jurisdiction over the matters set forth in the Plan;

20    xiii.    comply with all applicable laws and regulations concerning the

21    matters set forth in the Plan;

22    xiv.    exercise such other powers as may be vested in the Plan Trust

23    pursuant to the Plan, the Confirmation Order, or other Final Orders of the Court.

24    xv.    execute any documents, instruments, contracts, and agreements

25    necessary and appropriate to carry out the powers and duties of the Plan Trust;

26    xvi.    (1) seek a determination of tax liability under §505 of the code, (2)

27

28

-59-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group_I_VD-Plan.DOCMAINDOCS-#167102-v1-SunCal-Modified_3rd_Amd-Group_I_VD-Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group_I_VD-Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

pay taxes, if any, related to a Debtor, (3) file, if necessary, any and all tax and information returns required with the respect to the Plan Trust, including, if appropriate, treating the Plan Trust as a "grantor trust" pursuant to Treas. Reg 1.671-4 or otherwise, (4) make tax elections by and on behalf of the Plan Trust, and (5) pay taxes, if any, payable by the Plan Trust; and

xvii.    stand in the shoes of the Debtors for all purposes.

### 7.7.4    Retention of Professionals and Compensation Procedure.

On and after the Effective Date, the Plan Trustee may, without further application or Motion, notice, hearing, or Court order, engage or employ such professionals and experts as may be deemed necessary and appropriate by the Plan Trustee to assist the Plan Trustee in carrying out the provisions of the Plan, including, but not limited to, the Professionals retained prior to the Effective Date by either the Debtors or the Voluntary Debtors' Committee.  The Plan Trustee may employ such professionals on any reasonable terms and conditions of employment to be determined by the Plan Trustee.  For the services performed on and after the Effective Date, the professionals engaged by the Plan Trustee (the "Plan Trustee Professionals") shall receive reasonable compensation and reimbursement of expenses in a manner to be determined by the Plan Trustee.

### 7.7.5    Fees and Expenses.

Acquisitions shall not receive any compensation for the services it performs as the Plan Trustee.  The Plan Trustee Professionals shall be entitled to reasonable compensation for their services, and reimbursement of expenses.  The costs and expenses of the Plan Trust (including, without limitation, fees and expenses of the Plan Trustee Professionals) shall be paid from the Plan Trust.  The Plan Trustee shall pay, without further order, notice or application to the Court, the reasonable fees and expenses of the Plan Trustee Professionals, as necessary to discharge the Plan Trustee's duties under the Plan.  The Plan Trustee shall be authorized to reserve funds from the Plan Trust as is reasonable to pay the expenses of the Plan Trustee and the expenses and fees of the Plan Trustee Professionals before making any Distributions under the Plan.

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

### 7.7.6   Limitation of Liability and Indemnification.

None of the Group I: Voluntary Debtors, the Voluntary Debtors' Committee, the Plan Sponsor, the SunCal Plan Proponents, the Plan Trustee, the Professionals, nor any of their respective members, officers, directors, shareholders, employees, or agents (the "Indemnified Parties") shall be liable (a) for any loss or damages by reason of any action taken or omitted by him or her, except in the case of fraud, willful misconduct, bad faith, or gross negligence, (b) for any act or omission made in reliance upon the Debtors' books and records or upon information or advice given to the Plan Trustee by his or her professionals, or (c) for any action taken or omission made in connection with or related to the negotiations, formulation, or preparation of the Plan and the Disclosure Statement, the approval of the Disclosure Statement, the confirmation of the Plan, the consummation of the Plan, or the administration of the Plan, the Cases, or the property to be distributed under the Plan, to the fullest extent permitted by applicable statute and case law. Except as otherwise provided in this Plan, the Plan Trustee shall rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, consent, or other document believed by him or her to be genuine and to have been signed by the proper party or parties.

The Indemnified Parties shall be indemnified and receive reimbursement from and against any and all loss, liability, expense (including attorneys' fees) or damage of any kind, type or nature, which the Indemnified Party may incur or sustain the exercise and performance of any of the Plan Trustee's powers and duties under this Plan or the Confirmation Order, or in the rendering of services by the Indemnified Party to the Plan Trustee, to the full extent permitted by applicable law, except if such loss, liability, expense or damage is finally determined by a court of competent jurisdiction to result from the Plan Trustee's or an Indemnified Person's fraud, willful misconduct, bad faith, or gross negligence. The amounts necessary for such indemnification and reimbursement shall be paid by the Plan Trustee out of the Plan Trust Assets. The Plan Trustee shall not be liable for the payment of any Plan Trust expense or claim or other liability of the Plan

-61-

1   Trust, and no Person shall look to the Indemnified Parties for the payment of any such expense or

2   liability.  This indemnification shall survive the dissolution, resignation or removal, as may be

3   applicable, of the Plan Trustee, or the termination of the Plan Trust, and shall inure to the benefit

4   of the Plan Trustee's and the Indemnified Person's heirs and assigns.

5                    **7.7.7    Plan Trustee as Successor.**

6        Pursuant to Code §1123(b), the Plan Trustee shall be the successor to the Group I

7   Voluntary Debtors for all purposes.

8            **7.8    The Plan Trust Beneficiaries**.

9        The Holders of Allowed Claims under the Plan, or any successors to such Holders'

10  Allowed Claims ("Beneficiary" or "Beneficiaries") shall own a beneficial interest in the Plan Trust

11  which shall, subject to the Plan, be entitled to a Distribution, if any, in the amounts, and at the

12  times, set forth in the Plan.  Ownership of a beneficial interest in the Plan Trust shall not be

13  evidenced by any certificate, security, or receipt or in any other form or manner whatsoever,

14  except as maintained on the books and records of the Plan Trust by the Plan Trustee.  The

15  ownership of a beneficial interest in the Plan Trust shall not entitle any Beneficiary to any title in

16  or to the Plan Trust assets or to any right to call for a partition or division of such assets or to

17  require an accounting.  The Plan Trustee shall make Distributions, if any, to Beneficiaries in the

18  manner provided in the Plan.

19       The rights of the Beneficiaries arising under the Plan Trust may be deemed "securities"

20  under applicable law.  However, such rights have not been defined as "securities" under the Plan

21  because (a) the intent of the Plan is that such rights shall not be securities, and (b) if the rights

22  arising under the Plan Trust are deemed to be "securities," the exemption from registration under

23  §1145 of the Bankruptcy code is intended to be applicable to such securities.

24           **7.9    No Payment of Transfer-Related Fees to the United States Trustee**.

25       The Plan Trust shall not be required to pay any fees to the United States Trustee based on

26  any transfers of the Plan Trust Assets to the Plan Trust or from the Plan Trust.

27

28                                    -62-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

**7.10** **No Payment of Transfer-Related Fees to the Plan Trustee**.

The Plan Trust shall not be required to pay any fees to the Plan Trustee based on any transfers of Plan Trust Assets from the Voluntary Debtors to the Plan Trust, or from the Plan Trust.

**7.11** **Books and Records of Trust**.

The Plan Trustee, and to the extent of payments and distributions by any Disbursing Agent, the Disbursing Agent, shall maintain an accounting of receipts and disbursements of the Plan Trust. The Plan Trustee shall maintain the books and records of the Plan Trust, or provide storage for such book and records, for the longer of six (6) years, or while Plan is in existence, provided that the Court may, upon application by the Plan Trustee, authorize the Plan Trust to destroy all of the Plan Trusts books and records at such time as Plan Trust has no further need for such books and records. The Plan Trust's books and records shall be open to inspection at all reasonable times, upon written request by the Voluntary Debtors' Committee.

**7.12** **Federal Income Tax Treatment of the Holders of the Plan Trust Beneficial Interests**.

For all United States federal income tax purposes, the transfers by the Group I: Voluntary Debtors shall be treated by the Group I: Voluntary Debtors, their estates, the Plan Trust and the Plan Trust Beneficiaries as a transfer of the Plan Trust Assets by the Group I: Voluntary Debtors to the Plan Trust Beneficiaries followed by a transfer of the Plan Trust Assets by such the Plan Trust Beneficiaries to the Trust. The Plan Trust Beneficiaries shall be treated as the grantors and deemed owners of the Plan Trust for United States federal income tax purposes. The Plan Trust Trustee and the Plan Trust Beneficiaries are required to value their interests in the Plan Trust Assets consistently with the values placed upon the Plan Trust Assets by the Plan Trust, and to use such valuations for all purposes. The Plan Trust Agreement shall provide for consistent valuations of the Plan Trust Assets by the Plan Trust Trustee and the Plan Trust Beneficiaries, and shall provide that the Plan Trust will determine the fair market value of the Plan Trust Assets within thirty (30) days after the Effective Date, and send such determination to each the Plan Trust

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    Beneficiary. By its acceptance of a the Beneficial Interest, each recipient of such an interest will be

2    conclusively deemed to agree to use such valuations for all purposes, including, without limitation,

3    in computing any gain recognized upon the exchange of such holder's claim for purposes of

4    determining any United States Federal income tax, and shall be required to include those items of

5    income, deductions and tax credits that are attributable to its the Beneficial Interest in computing

6    its taxable income.

7         **7.13**    **Termination of the Trust**.

8         The Plan Trust shall continue in effect until the earlier of: (a) the date that all the Plan

9    Trust Assets has been liquidated, all proceeds have been converted to cash or distributed in kind,

10    all the Plan Trust Expenses have been paid, all claims to be paid under the Plan for which the Plan

11    Trust Trustee is obligated to make distributions on have been paid, all distributions to be made

12    with respect to the Beneficial Interests have been made, all litigation to which the Plan Trust is a

13    party have been concluded by dismissal or an order issued by the court in which such litigation is

14    pending and such order has become "final" (consistent with the definition of Final Order in the

15    plan for orders issued by the Bankruptcy Court), and the Chapter 11 Case has been closed; and (b)

16    the expiration of five (5) years from the Effective Date; provided, however, that the Plan Trust

17    may request the Bankruptcy Court to extend the permitted life of the Plan Trust for such additional

18    period as is reasonably necessary to conclude the liquidation and distributions, not to exceed a

19    total of ten (10) years from the Effective Date, which request shall be filed so the Bankruptcy

20    Court may consider and rule on the request within six (6) months prior to the expiration of the

21    initial five-year term.

22         **7.14**    **Exemption from Certain Transfer Taxes**.

23         In accordance with Section 1146(a) of the Bankruptcy Code, the issuance, transfer or

24    exchange of a security or the making or delivery of an instrument of transfer under the plan may

25    not be taxed under any law imposing a stamp tax or similar tax. All governmental officials and

26    agents shall forego the assessment and collection of any such tax or governmental assessment and

27

28    -64-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    shall accept for filing and recordation any of the foregoing instruments or other documents without

2    payment of such tax or other governmental assessment.

3        **7.15**    <u>**Tax Consequence of The Plan**</u>.

4        The implementation of the Plan may have federal, state and local tax consequences to the

5    Group I: Voluntary Debtors, Creditors and Interest Holders.  No tax opinion has been sought or will

6    be obtained with respect to any tax consequences of the Plan. The Disclosure Statement does not

7    constitute and is not intended to constitute either a tax opinion or tax advice to any person, and the

8    summary contained herein is provided for informational purposes only.

9        CREDITORS AND INTEREST HOLDERS ARE ADVISED TO CONSULT WITH THEIR

10    OWN TAX ADVISORS REGARDING THE TAX CONSEQUENCES TO THEM AND TO THE

11    DEBTOR OF THE TRANSACTIONS CONTEMPLATED BY THE PLAN, INCLUDING

12    FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES.

13        **7.16**    <u>**The Voluntary Debtors' Committee.**</u>

14        On the Effective Date, the Voluntary Debtors' Committee shall continue to serve their

15    applicable Debtors as Voluntary Debtors' Committee to the applicable reorganized Debtors,

16    subject to the following:

17        **7.16.1**    <u>**Duties and Powers.**</u>

18        The duties of the Voluntary Debtors' Committee after the Effective Date shall be

19    limited to monitoring the Plan's implementation, notice and opportunity to object to the sales

20    process, notice and opportunity to object to any settlement of the Lehman Adversary Proceeding,

21    and the Contract Action, standing to object to any settlement of any Litigation Claim in excess of

22    $100,000, standing to object to any proposed sales procedures on sale of the Debtors' Projects,

23    <u>standing to objection to claims,</u> and standing and sole and exclusive right to file, prosecute and

24    resolve potential Avoidance Actions against and objections to Claims filed by (i) SunCal

25    Affiliates, including SunCal Management, Acquisitions, and SC Master Marketing, LLC and

26    (ii) certain professionals for the SunCal Affiliates, including Voss, Cook & Thel, LLP, The MB

27

28

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOC MAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOC MAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOC MAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOC MAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD.DOC

1  Firm, White & Case, LLP, RBF Consulting and Mayer Brown LLP.  Voluntary Debtors'

2  Committee shall receive notice of and the right to review all payments and Distributions.

3           The Voluntary Debtors' Committee shall be entitled to retain, employ and

4  compensate Professionals, in order to assist with the obligations and rights of the Voluntary

5  Debtors' Committee under the terms of the Plan.  Such compensation shall be paid from the

6  applicable Distribution Account(s).

7           **7.16.2     Dissolution of Voluntary Debtors' Committee.**

8           The Voluntary Debtors' Committee shall be dissolved upon the entry of an order

9  converting, closing or dismissing the Chapter 11 Cases or entry of a final decree in the Chapter 11

10  Cases.  On dissolution, the Voluntary Debtors' Committee shall have no other or further

11  obligations or responsibilities on behalf of the Plan Trust.

12       **7.17    Claims Estimation Rights.**

13           On the Confirmation Date, the SunCal Plan Proponents shall be vested with standing to file

14  a motion under 11 U.S.C. § 502(c), and they shall be authorized and empowered to seek in such

15  motion the estimation, for Distribution purposes, of any Disputed Claim seeking recourse to, or

16  claiming an interest in, any asset of the Group I: Voluntary Debtors. After the Bankruptcy Court

17  estimates a Disputed Claimant's rights in, or against an asset of the Estates through this procedure,

18  the Plan Trustee shall have the right to use any funds or assets not deemed subject to the rights of

19  the Disputed Claimant, to pay the Allowed Claims under the terms of the Plan, including Allowed

20  Administrative Claims, after the Effective Date.

21                       **VIII.**

22                   **DISTRIBUTIONS**

23       **8.1     Distribution Agent.**

24           Acquisitions shall serve as the Distribution Agent for distributions due under the Plan.  The

25  Distribution Agent may employ one or more sub agents on such terms and conditions as it may

26  agree in its discretion and pay such sub agent as a Post Confirmation Expense from the

27

28                              -66-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1   Distribution Accounts.  The Distribution Agent shall not be required to provide any bond in

2   connection with the making of any Distributions pursuant to the Plan.

3       **8.2**        **Distributions**.

4           **8.2.1**    **Dates of Distributions**.

5       Any distribution required to be made on the Effective Date shall be deemed timely if made

6   as soon as practicable after such date and, in any event, within thirty (30) days after such date.

7   Any distribution required to be made upon a Disputed Claim becoming an Allowed Claim and no

8   longer being a Disputed Claim shall be deemed timely if made as soon as practicable thereafter.

9           **8.2.2**    **Limitation on Liability**.

10      Neither the Plan Sponsor, the Plan Trustee, the Distribution Agent, their Affiliates, nor any

11  of their employees, members, officers, directors, agents, or professionals or Affiliates shall be

12  liable for (i) any acts or omissions (except for gross negligence or willful misconduct) in

13  connection with implementing the Distribution provisions of the Plan and the making or

14  withholding of Distributions pursuant to the Plan, or (ii) any change in the value of distributions

15  made pursuant to the Plan resulting from any delays in making such distributions in accordance

16  with the Plan's terms (including but not limited to any delays caused by the resolution of Disputed

17  Claims).

18      **8.3**    **Old Instruments and Securities**.

19          **8.3.1**      **Surrender and Cancellation of Instruments and Securities**.

20      As a condition to receiving any distribution pursuant to the Plan, each Person holding any

21  note or other instrument or security (collectively "Instruments or Securities" and individually an

22  "Instrument or Security") evidencing an existing Claim(s) against the Debtor(s) must surrender

23  such Instrument or Security to the Distribution Agent.

24          **8.3.2**      **Cancellation of Liens**.

25      Except as otherwise provided in the Plan, any Lien securing any Secured Claim shall be

26  deemed released and discharged, and the Person holding such Secured Claim shall be authorized

27

28

MAINDOCS-#167102-v2-SunCal_Modified_3rd-Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd-Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD.DOC

1    and directed to release any collateral or other property of the Debtors (including, without

2    limitation, any cash collateral) held by such Person and to take such actions as may be requested

3    by the Plan Trustee to evidence the release of such Lien, including, without limitation, the

4    execution, delivery and Filing or recording of such releases as may be requested by the Plan

5    Trustee.

6    ### 8.3.3    De Minimis Distributions and Fractional Shares.

7        No Cash payment of less than ten dollars ($10) shall be made by the Plan Trust to any

8    Holder of Claims unless a request therefore is made in writing to the Plan Trust.  Whenever

9    payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a

10    rounding down of such fraction to the nearest whole cent.  Any Cash or other property that is not

11    distributed as a consequence of this section shall, after the last distribution on account of Allowed

12    Claims in the applicable Class, be treated as "Unclaimed Property" under the Plan.

13    ### 8.3.4    Delivery of Distributions.

14        Except as provided in the Plan with respect to Unclaimed Property, distributions to Holders

15    of Allowed Claims and Allowed Administrative Claims shall be distributed by mail as follows:

16    (1) with respect to each Holder of an Allowed Claim that has filed a Proof of Claim, at the address

17    for such Holder as maintained by the official claims agent for the Debtors; (2) with respect to each

18    Holder of an Allowed Claim that has not filed a Proof of Claim, at the address reflected on the

19    Schedules filed by the Debtors, provided, however, that if the Debtors or the Plan Trust has

20    received a written notice of a change of address for such Holder, the address set forth in such

21    notice shall be used; or (3) with respect to each Holder of an Allowed Administrative Claim, at

22    such address as the Holder may specify in writing.

23    ### 8.3.5    Undeliverable Distributions.

24        If the Distribution of Cash to the Holder of any Allowed Claim is returned to the Plan

25    Trustee as undeliverable or the Distribution check is not negotiated within 90 days of mailing (any

26    such distribution being hereinafter referred to as "Unclaimed Property"), no further distribution

27

28

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    shall be made to such Holder unless and until the Plan Trustee is notified in writing of such

2    Holder's then current address.  Subject to the remainder of this Section and the following section,

3    Unclaimed Property shall remain in the possession of the Plan Trustee pursuant to this Section,

4    and shall be set aside and (in the case of Cash) held in a segregated interest bearing account (as to

5    Cash Unclaimed Property) to be maintained by the Distribution Agent until such time as the

6    subject Distribution becomes deliverable.  Nothing contained in the Plan shall require the Plan

7    Trustee or any other Person to attempt to locate such Person.

8                                                    **IX.**

9                        **OBJECTIONS TO CLAIMS AND DISPUTED CLAIMS**

10       **9.1**      **Standing for Objections to Claims.**

11            The Plan Trustee and the Committee shall have the sole and exclusive right to file,

12    prosecute and resolve objections to Claims, except as specifically provided herein.  The Voluntary

13    Debtors Committee shall have the sole and exclusive right to file, prosecute and resolve objections

14    to Claims filed by (i) SunCal Affiliates, including SunCal Management, Acquisitions, and SC

15    Master Marketing, LLC and (ii) certain professionals for the SunCal Affiliates, including Voss,

16    Cook & Thel, LLP, The MB Firm, White & Case, LLP, RBF Consulting and Mayer Brown LLP.

17    Any objection to a Claim shall be Filed with the Bankruptcy Court and served on the Person

18    holding such Claim on or before the applicable Claims Objection Deadline.  The Plan Trustee shall

19    have the right to petition the Bankruptcy Court, without notice or a hearing, for an extension of the

20    Claims Objection Deadline if a complete review of all Claims cannot be completed by such date.

21       **9.2**      **Treatment of Disputed Claims and Disputed Liens.**

22            **9.2.1**   **No Distribution Pending Allowance.**

23            If any portion of a Claim or Lien is a Disputed Claim or Disputed Lien, no payment

24    or distribution provided for under the Plan shall be made on account of such Claim or Lien unless

25    and until such Claim or Lien becomes an Allowed Claim and/or Allowed Lien, and all objections

26    thereto have been settled or withdrawn or have been determined by Final Order, and the Disputed

27

28                                                    -69-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1  Claim, or some portion thereof, has become an Allowed Claim; provided, however, that if the only

2  dispute regarding a Disputed Claim is to the amount of the Disputed Claim, the Holder of a

3  Disputed Claim shall be entitled to a Distribution on account of that portion of the Disputed Claim

4  which the Plan Trustee does not dispute at the time and in the manner that the Plan Trustee makes

5  Distributions to the Holders of Allowed Claims pursuant to the provisions of the Plan

6        **9.2.2  Distribution After Allowance.**

7              On the next Distribution Date following the date on which a Disputed Claim

8  becomes an Allowed Claim and is no longer a Disputed Claim, the Distribution Agent shall

9  distribute to the Person holding such Claim any Cash that would have been distributable to such

10  Person if on the initial Distribution Date such Claim had been an Allowed Claim and not a

11  Disputed Claim.

12                              **X.**

13            **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

14        **10.1    Executory Contracts to be Assumed and Assigned.**

15        ~~Under the Plans, the Group I: Voluntary Projects will be sold.  As a result, the Group I:~~

16  ~~Voluntary Debtors will assume only those executory contracts and unexpired leases to be assigned~~

17  ~~to the Winning Bidder with respect to the applicable Project, and the Restructuring Agreement and~~

18  ~~Settlement Agreement.~~

19              On the Effective Date, the executory contracts and unexpired leases identified on the

20  Schedule of Assumed and Assigned Agreements ~~attached~~to be filed herein. ~~or to be attached to the~~

21  ~~Disclosure Statement as Exhibit "9" or filed or to be filed as Exhibit "9"~~ shall be deemed assumed

22  and assigned to the applicable Winning Bidder, as specified in the Confirmation Order with the

23  exception that certain executory contracts specified in the Schedule of Assumed and Assigned

24  Agreements shall only be assumed and not assigned.[7]  The SunCal Plan Proponents intend to file

25  _____

26  [7]  The contractual rights between Rubidoux 60 LLC and EMR Residential Properties LLC (the
"Rubidoux Parties"), and SunCal Emerald, are modified by the Settlement Agreement which is the

27  subject of the *Motion For An Order Approving Compromise Of Controversies With Rubidoux 60,*

28

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1   the Schedule of Assumed and Assigned Agreements with the Court no later than twenty-eight (28)

2   days prior to the Confirmation Hearing.  The Schedule of Assumed and Assigned Agreements also

3   identifies or will identify any amounts that must be paid to cure defaults under the executory

4   contacts and unexpired leases to be assumed and assigned under the Plan (the "Cure Amount").  If

5   filed earlier, the SunCal Plan Proponents reserve the right to amend the Schedule of Assumed

6   Agreements up to twenty-eight (28) days prior to the Confirmation Hearing (October 24, 2011) to:

7   (a) add any executory contract or unexpired lease and provide for its assumption and assignment;

8   or (b) modify the Cure Amount for any particular executory contract or unexpired lease.  The

9   SunCal Plan Proponents further reserve the right to amend the Schedule of Assumed Agreements

10  to delete any executory contract or unexpired lease and provide for its rejection at any time prior to

11  the Confirmation Hearing.  The SunCal Plan Proponents will provide notice of any amendment to

12  the Schedule of Assumed and Assigned Agreements to any party or parties to the executory

13  contracts or unexpired leases affected by the amendment.  Absent a timely objection as provided

14  below, the Confirmation Order will constitute a Court Order approving the assumption and

15  assignment, on the Effective Date, of the executory contracts and unexpired leases then identified

16  on the Schedule of Assumed and Assigned Agreements, and shall constitute a final determination

17  of the Cure Amount and that the estate has shown adequate assurance of future performance.

18  Furthermore, any Cure Amount ordered by the Court, through entry of the Confirmation Order,

19  and paid shall be deemed to satisfy any and all defaults arising from, out of or related to the

20  executory contract of unexpired lease, including any tort claims that were or could be asserted by

21  the non-debtor party to the contract or lease on or prior to the entry of the Confirmation Order, and

22  all actual or pecuniary losses that have resulted from such defaults.

23

24

25  *LLC, EMR Residential Properties, LLC, Mitchell Ogron, Life Church Of God In Christ, Moses*
*Green And David Sandoval* [Docket No. 1821] as may be amended ("9019 Motion").

26  Accordingly, SunCal Emerald's executory contracts which are the subject of the Settlement

27  Agreement shall be neither assumed, nor assigned, but rather will be subject to any order of the
Court approving the 9019 Motion.

28

-71-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group-I_VD-Plan.DOCMAINDOCS-#167102-v1-SunCal-Modified_3rd-Amd-Group-I-VD-Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group-I_VD-Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd-Am-Group-I_VD-Plan.DOC

1    If you are a party to an executory contract or unexpired lease to be assumed and assigned

2    and you object to the assumption and assignment of your lease or contract and/or you dispute the

3    Cure Amount related to your lease or contract, then you must File and serve upon counsels for the

4    SunCal Plan Proponents (at the address on the upper left hand corner of the caption page) a written

5    objection by fourteen days before the Confirmation Hearing.  An objection to the Cure Amount

6    must also set forth the amount you contend to be the correct Cure Amount and contain evidence to

7    support such amount.  Failure to timely File an objection as provided herein shall be deemed

8    consent to the proposed assumption and assignment and to the Cure Amount and a waiver of any

9    and all rights to challenge such assumption and assignment and the Cure Amount.

10    With respect to each executory contract and unexpired lease identified on the Schedule of

11    Assumed and Assigned Agreements, if no dispute arises regarding the Cure Amount, adequate

12    assurances, or some other matter related to the assumption of the executory contact or unexpired

13    lease, then the Cure Amount set forth in the schedule of Assumed and Assigned Agreements shall

14    be paid to the applicable non-debtor party in Cash on the Effective Date or as soon as reasonably

15    practicable thereafter.  If a dispute arises regarding (a) whether the proposed assignee has provided

16    adequate assurance of future performance of an executory contract or unexpired lease to be

17    assumed, or (b) any other matter pertaining to a proposed assumption and assignment, the Cure

18    Amount will be paid on the later of (1) the Effective Date or as soon as practicable thereafter, or

19    (2) within thirty (30) days after entry of a Final order resolving the dispute and approving the

20    assumption and assignment; provided, however, if a dispute arises regarding any of the foregoing,

21    the SunCal Plan Proponents reserve, for themselves and the Plan Trustee, the right to completely

22    forego assumption and assignment of and, instead, reject the subject executory contract or

23    unexpired lease.

24    If a party to an executory contract or unexpired lease identified on the Schedule of

25    Assumed and Assigned Agreements Files an objection disputing the Cure Amount, then the

26    SunCal Plan Proponents may amend the Schedule of Assumed and Assigned Agreements at any

27

28

-72-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    time prior to the Confirmation Hearing to delete the subject executory contract or unexpired lease

2    and provide for its rejection.  Executory contracts or unexpired leases not so deleted shall be

3    conditionally assumed, subject to the SunCal Plan Proponents' and/or the Plan Trustee's right to

4    file a Motion to determine the appropriate Cure Amount up to the first (1st) Business Day that is at

5    least sixty (60) days following the Effective Date.  The SunCal Plan Proponents and/or the Plan

6    Trustee will serve any such Motion on the party to the executory contract or unexpired lease

7    affected by the Motion (or its attorneys, if any).  If the SunCal Plan Proponents and Plan Trustee

8    does not file a Motion to determine the appropriate Cure Amount, then the executory contract or

9    unexpired lease shall be assumed and assigned, as of the Effective Date, and the Cure Amount

10   shall be the alternative Cure Amount asserted by the non-debtor party to the subject executory

11   contract or unexpired lease in its objection to the Plan.  The Cure Amount shall be paid as soon as

12   reasonably practicable following the expiration of the 60-day deadline.

13         If the SunCal Plan Proponents or the Plan Trustee files a Motion to determine the

14   appropriate Cure Amount, then the SunCal Plan Proponents and/or Plan Trust shall have the right

15   to amend the Schedule of Assume and Assigned Agreements to completely forego assumption and

16   assignment of and, instead, reject the subject executory contract or unexpired lease up to the first

17   (1st) Business Day that is at least fifteen (15) days after the entry of an order fixing the Cure

18   Amount.  The SunCal Plan Proponents and/or Plan Trustee will provide notice of any amendment

19   to the Schedule of Assumed and Assigned Agreements to the party to the executory contract or

20   unexpired lease affected by the amendment.  If the SunCal Plan Proponents and/or Plan Trustee

21   has filed such a Motion and does not timely amend the Schedule of Assumed and Assigned

22   Agreements within fifteen (15) days after entry of an order fixing the Cure Amount, then the

23   executory contract or unexpired lease shall be assumed and assigned, as of the Effective Date, and

24   the Cure Amount shall be fixed as the Cure Amount ordered by the Court.  The Cure Amount as

25   soon as reasonably practicable following the expiration of the 15-day deadline.

26         **10.2    <u>Executory Contracts to be Rejected.</u>**

27

28                                              -73-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1        On the Effective Date, the estate will be deemed to have rejected any and all executory

2   contacts and unexpired leases <u>not</u> identified on the Schedule of Assumed and Assigned

3   Agreements ~~attached or to be attached to the Disclosure Statement as Exhibit "9," or filed or to be~~

4   ~~filed as Exhibit "9"~~.  The Confirmation Order will constitute a Court order approving the rejection,

5   as of the Effective Date, of such executory contacts and unexpired leases.  Any Claim for damages

6   arising from the rejection under the Plan of any executory contract or unexpired lease must be filed

7   with the Court and served upon the SunCal Plan Proponents and the Plan Trustee within thirty (30)

8   days of the later of (a) the Confirmation Date, and (b) the Plan Trustee's amendment of the

9   Schedule of Assumed and Assigned Agreements to eliminate the executory contract or unexpired

10  lease.  Any such damage Claims that are not timely filed and served will be forever barred and

11  unenforceable against the applicable Debtors, the Estates, the Plan Trustee, the Plan Trust, and

12  their respective property.  Persons holding these Claims who fail to timely file claims will be

13  barred from receiving any Distributions under the Plan on account of their rejection damage

14  Claims.

15       If you are a party to a lease or contract to be rejected and you object to the rejection of your

16  lease or contract, then you must file and serve your objection by fourteen days before the

17  Confirmation Hearing.

18                            **XI.**

19            **<u>LIMITATION OF LIABILITY</u>**

20       **11.1**    **<u>No Liability for Solicitation or Participation.</u>**

21       As specified in Section 1125(e) of the Bankruptcy Code, entities that solicit acceptances or

22  rejections of the Plan and/or that participate in the offer, issuance, sale, or purchase of securities

23  offered or sold under the Plan, in good faith and in compliance with the applicable provisions of

24  the Bankruptcy Code, shall not be liable, on account of such solicitation or participation, for

25  violation of any applicable law, rule, or regulation governing the solicitation of acceptances or

26  rejections of the Plan or the offer, issuance, sale, or purchase of securities.

27

28

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

# XII.

## CONDITIONS TO CONFIRMATION AND EFFECTIVENESS OF THE PLAN

### 12.1    Conditions Precedent to Plan Confirmation.

The only condition precedent to confirmation of the Plan is that the Bankruptcy Court shall have entered a Confirmation Order in form and substance reasonably acceptable to the SunCal Plan Proponents.

### 12.2    Conditions Precedent to Plan Effectiveness.

The conditions precedent to the effectiveness of the Plan and the occurrence of the Effective Date is that the Confirmation Order shall be a Final Order in form and substance reasonably satisfactory to the SunCal Plan Proponents.

# XIII.

## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court's jurisdiction shall not be limited under the Plan and the Bankruptcy Court's jurisdiction shall apply to the fullest extent possible under applicable law.  The Court will retain exclusive jurisdiction during the Plan payout period to resolve disputes and conflicts arising from the administration of the Plan, upon request of a party-in-interest and after notice and a hearing, including, without limitation:

a.    The adjudication of the validity, scope, classification, allowance, and disallowance of any Claim;

b.    The estimation of any Claim;

c.    The allowance or disallowance of Professional-Fee Claims, compensation, or other Administrative Expense Claims;

d.    To hear and determine Claims concerning taxes pursuant to Bankruptcy Code §§ 346, 505, 525, and 1146;

e.    To hear and determine any action or proceeding brought under Bankruptcy

-75-

MAINDOCS-#167102-v2-SunCal_Modified_3rd-Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd-Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    Code §§108, 510, 543, 544, 545, 547, 548, 549, 550, 551 and 553;

2         f.     To hear and determine all actions and proceedings which relate to pre-

3    confirmation matters;

4         g.     To hear and determine any issue relating to the assumption or rejection of

5    executory contracts and unexpired leases;

6         h.     To hear and determine any modification to the Plan in accordance with the

7    Bankruptcy Rules and Bankruptcy Code;

8         i.     To enforce and interpret the terms of the Plan;

9         j.     To correct any defects, cure any omissions, or reconcile any inconsistency

10   in the Plan or the Confirmation Order as may be necessary to carry out the purpose and

11   intent of the Plan;

12        k.     the entry of any order, including injunctions, necessary to enforce title,

13   rights and powers of the Plan Trust, and to impose such limitations, restrictions, terms and

14   conditions on such title, rights and powers as the Court may deem necessary including,

15   without limitation, any right of the Plan Trust to recover and liquidate assets;

16        l.     To determine the validity, extent and priority of all liens and security

17   interests against property of the Estates or the Plan Trust;

18        m.     To hear and resolve any disputes regarding employment applications and

19   professional fees;

20        n.     To hear and determine such matters and make such orders as are consistent

21   with the Plan as may be necessary to carry out the provisions thereof and to adjudicate any

22   disputes arising under or relating to any order entered by the Court in these Cases;

23        o.     The entry of an order concluding and terminating these Cases; and

24        p.     To resolve any disputes as to whether there has been a default under the

25   Plan.

26                                    **XIV.**

27

28                                    -76-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

**MODIFICATION OR WITHDRAWAL OF THE PLAN**

    **14.1   Modification of Plan.**

At any time prior to confirmation of the Plan, the Plan Proponents may supplement, amend or modify the Plan.  After confirmation of the Plan, the Plan Proponents or Plan Trustee may (x) apply to the Bankruptcy Court, pursuant to Section 1127 of the Bankruptcy Code, to modify the Plan; and (y) apply to the Bankruptcy Court to remedy defects or omissions in the Plan or to reconcile inconsistencies in the Plan.

    **14.2   Nonconsensual Confirmation.**

In the event that any impaired Class of Claims or Interests shall fail to accept the Plan in accordance with Section 1129(a)(8) of the Bankruptcy Code, SunCal Plan Proponents (i) may request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code, and (ii) in accordance with Section 16.1 of the Plan, and may modify the Plan in accordance with Section 1127(a) of the Bankruptcy Code.

**XV**.

**EFFECT OF CONFIRMATION**

    **15.1   Discharge.**

Confirmation of the Plan does not discharge the Group I: Voluntary Debtors as set forth in Bankruptcy Code §1141.

    **15.2   Revesting of the Assets.**

The Assets shall not be vested in the Group I: Voluntary Debtors on or following the Effective Date, but shall be vested in the Plan Trust and continue to be subject to the jurisdiction of the Court following confirmation of the Plan until such Assets are distributed to the Holders of Allowed Claims in accordance with the provisions of the Plan.

**XVI.**

**MISCELLANEOUS**

    **16.1   Payment of Statutory Fees.**

-77-

1       All quarterly fees due and payable to the Office of the United States Trustee pursuant to

2   Section 1930(a)(6) of title 28 of the United States Code shall be paid in full on or before the

3   Effective Date, or, to the extent such quarterly fees are disputed, an adequate reserve shall have

4   been established and set aside for payment in full thereof, as required by Section 1129(a)(12) of

5   the Bankruptcy Code.  The Plan Trustee shall remain responsible for timely payment of quarterly

6   fees due and payable after the Effective Date and until the Debtors' Cases are closed, to the extent

7   required by Section 1930(a)(6) of title 28 of the United States Code.

8       **16.2    Changes in Rates Subject to Regulatory Commission Approval.**

9       The Group I: Voluntary Debtors are not subject to governmental regulatory commission

10  approval of their rates.

11      **16.3    Payment Dates.**

12      Whenever any payment or distribution to be made under the Plan shall be due on a day

13  other than a Business Day, such payment or distribution shall instead be made, without interest, on

14  the immediately following Business Day.

15      **16.4    Headings.**

16      The headings used in the Disclosure Statement and in the Plan are inserted for convenience

17  only and neither constitutes a portion of the Disclosure Statement or the Plan nor in any manner

18  affect the construction of the provisions of the Disclosure Statement or the Plan.

19      **16.5    Other Documents and Actions.**

20      The Plan Trustee may execute such other documents and take such other actions as may be

21  necessary or appropriate to effectuate the transactions contemplated under the Plan.

22      **16.6    Notices.**

23      All notices and requests in connection with the Disclosure Statement and the Plan shall be

24  in writing and shall be hand delivered or sent by mail addressed to:

25      **To the SunCal Plan Proponents**:
    Bruce V. Cook
26  General Counsel

27

28         -78-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOC<del>MAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC</del>

Authorized Agent of the SunCal Plan Proponents
2392 Morse Ave
Irvine, CA 92614-6234


**With copies to:**
Paul J. Couchot
Winthrop & Couchot, Professional Corporation
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660


Ronald Rus
Rus Miliband & Smith P.C.
2211 Michelson Drive, Seventh Floor
Irvine, California 92612

All notices and requests to any Person holding of record any Claim or Interest shall be sent to them at their last known address or to the last known address of their attorney of record.  Any such Person may designate in writing any other address for purposes of this Section, which designation will be effective on receipt.


### 16.7    Governing Law.

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of the State of California (without reference to its conflict of law rules) shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, unless otherwise specifically provided in such agreements, documents, or instruments.

### 16.8    Binding Effect.

The Plan and all rights, duties and obligations thereunder shall be binding upon and inure to the benefit of the Plan Sponsor Debtors, the Plan Trustee, Holders of Claims, Holders of Interests, and their respective successors and assigns.

### 16.9    Successors and Assigns.

The rights, benefits, and obligations of any entity named or referred to in the Plan shall be

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group_I_VD-Plan.DOCMAINDOCS-#167102-v1-SunCal-Modified_3rd-Amd-Group_I_VD-Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group_I_VD-Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD-Plan.DOC

1    binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors, and

2    assigns of such entity.

3    **16.10    Severability of Plan Provisions.**

4      If, prior to the Confirmation Date, any term or provision of the Plan is held by the

5    Bankruptcy Court to be illegal, impermissible, invalid, void or unenforceable, or otherwise to

6    constitute grounds for denying confirmation of the Plan, the Bankruptcy Court shall, with the

7    consent of the Debtors, have the power to interpret, modify or delete such term or provision (or

8    portions thereof) to make it valid or enforceable to the maximum extent practicable, consistent

9    with the original purpose of the term or provision held to be invalid, void or unenforceable, and

10   such term or provision shall then be operative as interpreted, modified or deleted.

11   Notwithstanding any such interpretation, modification or deletion, the remainder of the terms and

12   provisions of the Plan shall in no way be affected, impaired or invalidated by such interpretation,

13   modification or deletion.

14   **16.11    No Waiver.**

15     The failure of the Debtors or any other Person to object to any Claim for purposes of voting

16   shall not be deemed a waiver of the Voluntary Debtors' Committee', the Debtors' or the Plan

17   Trustee's right to object to or examine such Claim, in whole or in part.

18   **16.12    Inconsistencies.**

19     In the event the terms or provisions of the Disclosure Statement are inconsistent with the

20   terms and provisions of the Plan or documents executed in connection with the Plan, the terms of

21   the Plan shall control.

22   **16.13    Exemption from Certain Transfer Taxes and Recording Fees.**

23     Pursuant to Section 1146(c) of the Bankruptcy Code, any transfers from a Debtor to the

24   Plan Trust or to any other Person or entity pursuant to the Plan, or any agreement regarding the

25   transfer of title to or ownership of any of the Debtors' real or personal property or of any other

26   interest in such property (including, without limitation, a security interest) will not be subject to

27

28   -80-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1    any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax,

2    stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or

3    recording fee, or other similar tax or governmental assessment, and the Confirmation Order will

4    direct the appropriate state or local governmental officials or agents to forego the collection of any

5    such tax or governmental assessment and to accept for filing and recordation any of the foregoing

6    instruments or other documents without the payment of any such tax or governmental assessment.

7    **16.14    Post-Confirmation Status Report.**

8    Within 180 days following the entry of the Confirmation Order, the Plan Trustee shall file

9    a status report with the Court explaining what progress has been made toward consummation of

10    the confirmed Plan.  The status report shall be served on the United States Trustee, the twenty

11    largest unsecured creditors, and those parties who have requested special notice.  Unless otherwise

12    ordered, further status reports shall be filed every 180 days and served on the same entities.

13    **16.15    Post-Confirmation Conversion/Dismissal.**

14    A creditor or party in interest may bring a motion to convert or dismiss the case under

15    § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  The Plan

16    Trustee reserves the right to object to any motion for conversion or dismissal.  In addition, as set

17    forth in the definition of the Effective Date, the Effective Date may be further extended by order of

18    the Bankruptcy Court after notice and hearing to all parties in interest.  If the Court determines

19    there is no "cause" for the extension of the Effective Date, a party in interest may move to dismiss

20    or convert the Case(s).

21    If the Court orders any of the Cases converted to Chapter 7 after the Plan is confirmed,

22    then all property that had been property of the Chapter 11 Estate, and that has not been disbursed

23    pursuant to the Plan, will revest in the Chapter 7 estate.  The automatic stay will be re-imposed

24    upon the revested property, but only to the extent that relief from stay was not previously

25    authorized by the Court during this case.

26    **16.16    Final Decree.**

27

28

-81-

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

1     Once an Estate has been fully administered, as referred to in Bankruptcy Rule 3022, the

2   Plan Trustee, or other party as the Court shall designate in the Confirmation Order, shall file a

3   motion with the Court to obtain a final decree to close the Case of such Debtor.

4   Date:  ~~August 5~~October 3, 2011

5

6                                    By:  /s/ Bruce Cook
                                           Bruce Cook
                                     General Counsel, Authorized Agent for the Voluntary
7                                    Debtors and Acquisitions

8   **Submitted By:**

9   **WINTHROP COUCHOT**                    **RUS MILIBAND & SMITH**

10  **PROFESSIONAL CORPORATION**            **A PROFESSIONAL CORPORATION**

11

12  By: /s/ Paul J. Couchot                 By:    /s/ Ronald Rus
        Paul J. Couchot,                            Ronald Rus, Esq.
13  General Insolvency Counsel for              Joel S. Miliband, Esq.
    the Voluntary Debtors                     Counsel for SCC Acquisitions, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                          -82-
28  MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOC~~MAINDOCS-#167102-v2-~~
~~SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOC~~~~MAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOC~~~~MAINDOCS-#167102-v1-~~
~~SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOC~~~~MAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC~~

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as:  **THIRD AMENDED CHAPTER 11 PLANS AS MODIFIED FILED BY SUNCAL PLAN PROPONENTS IN THE CHAPTER 11 CASES OF PALMDALE HILLS PROPERTY, LLC, SUNCAL BICKFORD RANCH, LLC, SUNCAL EMERALD MEADOWS, LLC AND ACTON ESTATES, LLC [GROUP I: VOLUNTARY DEBTORS]**will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 3, August 5, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| August 5October 3, 2011 | Gretchen CrumpackerPJ Marksbury | /s/ Gretchen CrumpackerPJ Marksbury |
| *Date* | *Type Name* | *Signature* |

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd-Amd-Group_I_VD_Plan.DOCMAINDOCS-#165266-v4-SunCal_3rd_Am_Group_I_VD_Plan.DOC

- **NEF SERVICE LIST**
- Selia M Acevedo    sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
- Joseph M Adams    jadams@sycr.com
- Raymond H Aver    ray@averlaw.com
- James C Bastian    jbastian@shbllp.com
- Thomas Scott Belden    sbelden@kleinlaw.com, ecf@kleinlaw.com
- John A Boyd    fednotice@tclaw.net
- Mark Bradshaw    mbradshaw@shbllp.com
- Gustavo E Bravo    gbravo@smaha.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Richard W Brunette    rbrunette@sheppardmullin.com
- Brendt C Butler    bbutler@mandersonllp.com
- Andrew W Caine    acaine@pszyjw.com
- Carollynn Callari    ccallari@venable.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Tara Castro Narayanan    tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
- Dan E Chambers    dchambers@jmbm.com
- Shirley Cho    scho@pszjlaw.com
- Vonn Christenson    vrc@paynefears.com
- Brendan P Collins    bpcollins@bhfs.com
- Vincent M Coscino    vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
- Paul J Couchot    pcouchot@winthropcouchot.com,
  pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com
- Geoffrey Crisp    geoffrey@smgarberlaw.com, michelle@smgarberlaw.com
- Jonathan S Dabbieri    dabbieri@sullivan.com,
  hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Vanessa S Davila    vsd@amclaw.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Caroline Djang    crd@jmbm.com
- Caroline Djang    cdjang@rutan.com
- Joseph R Dunn    jrdunn@mintz.com,
  jadavis@mintz.com;dsjohnson@mintz.com;docketing@mintz.com;TLMayo@mintz.com
- Donald T Dunning    ddunning@dunningLaw.com
- Lynsey M Eaton    leaton@gglts.com
- Meredith R Edelman    meredith.edelman@dlapiper.com
- Joseph A Eisenberg    jae@jmbm.com
- Lei Lei Wang Ekvall    lekvall@wgllp.com
- Richard W Esterkin    resterkin@morganlewis.com
- Don Fisher    dfisher@ptwww.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Alan J Friedman    afriedman@irell.com
- Steven M Garber    steve@smgarberlaw.com
- Christian J Gascou    cgascou@gascouhopkins.com
- Barry S Glaser    bglaser@swjlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Eric D Goldberg    egoldberg@stutman.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Kelly C Griffith    bkemail@harrisbeach.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Asa S Hami    ahami@morganlewis.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael C Heinrichs    mheinrichs@omm.com
- Harry D. Hochman    hhochman@pszjlaw.com, hhochman@pszjlaw.com
- Jonathan M Hoff    jonathan.hoff@cwt.com
- Garrick A Hollander    ghollander@winthropcouchot.com, gcrumpacker@winthropcouchot.com;pj@winthropcouchot.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- Michelle Hribar    mhribar@rutan.com
- John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Lawrence A Jacobson    laj@cohenandjacobson.com
- Michael J Joyce    mjoyce@crosslaw.com
- Stephen M Judson    sjudson@fablaw.com
- Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com, theresa.macaulay@bryancave.com
- David I Katzen    katzen@ksfirm.com
- Christopher W Keegan    ckeegan@kirkland.com, shalimar.caltagirone@kirkland.com;alevin@kirkland.com
- Irene L Kiet    ikiet@hkclaw.com
- Claude F Kolm    claude.kolm@acgov.org
- Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
- David B Lally    davidlallylaw@gmail.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com
- Charles Liu    cliu@marshackhays.com
- Charles Liu    cliu@winthropcouchot.com
- Ben H Logan    blogan@omm.com
- John W Lucas    jlucas@pszjlaw.com
- Kerri A Lyman    klyman@irell.com
- Mariam S Marshall    mmarshall@marshallramoslaw.com
- Robert C Martinez    rmartinez@mclex.com
- Michael D May    mdmayesq@verizon.net
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Joel S. Miliband    jmiliband@rusmiliband.com
- James M Miller    jmiller@millerbarondess.com, vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com
- Louis R Miller    smiller@millerbarondess.com
- Craig Millet    cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
- Randall P Mroczynski    randym@cookseylaw.com
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- Robert Nida    Rnida@castlelawoffice.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1
- Sean A Okeefe     sokeefe@okeefelc.com
- Robert B Orgel     rorgel@pszjlaw.com, rorgel@pszjlaw.com
2
- Malhar S Pagay     mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Ernie Zachary Park     ernie.park@bewleylaw.com
3
- Daryl G Parker     dparker@pszjlaw.com
- Penelope Parmes     pparmes@rutan.com
4
- Robert J Pfister     rpfister@ktbslaw.com
- Ronald B Pierce     ronald.pierce@sdma.com
5
- Katherine C Piper     kpiper@steptoe.com, smcloughlin@steptoe.com
- Cassandra J Richey     cmartin@pprlaw.net
6
- Debra Riley     driley@allenmatkins.com
- James S Riley     tgarza@sierrafunds.com
7
- Todd C. Ringstad     becky@ringstadlaw.com
- R Grace Rodriguez     ecf@lorgr.com
8
- Martha E Romero     Romero@mromerolawfirm.com
- Ronald Rus     rrus@rusmiliband.com
9
- John P Schafer     jschafer@mandersonllp.com
- John E Schreiber     jschreiber@dl.com
10
- William D Schuster     bills@allieschuster.org
- Christopher P Simon     csimon@crosslaw.com
11
- Gerald N Sims     jerrys@psdslaw.com, bonniec@psdslaw.com
- Wendy W Smith     wendy@bindermalter.com
12
- Steven M Speier     Sspeier@Squarmilner.com, ca85@ecfcbis.com
- Steven M Speier (TR)     Sspeier@asrmanagement.com, ca85@ecfcbis.com
13
- Michael St James     ecf@stjames-law.com
- Michael K Sugar     msugar@irell.com
14
- Cathy Ta     cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
15
- David A Tilem     davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
16
- James E Till     jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
17
- Carol G Unruh     cgunruh@sbcglobal.net
- Annie Verdries     verdries@lbbslaw.com
18
- Jason Wallach     jwallach@gladstonemichel.com
- Joshua D Wayser     , kim.johnson@kattenlaw.com
19
- Marc J Winthrop     mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood     dwiseblood@seyfarth.com
20
- Brett K Wiseman     bwiseman@aalaws.com
- Laurel R Zaeske     lzaeske@rusmiliband.com
21
- Dean A Ziehl     dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman     joshuasdaddy@att.net
22

23

24
~~Selia M Acevedo     sacevedo@millerbarondess.com, mpritikin@millerbarondess.com~~

25
~~Joseph M Adams     jadams@sycr.com~~
~~Raymond H Aver     ray@averlaw.com~~
26
~~James C Bastian     jbastian@shbllp.com~~
~~Thomas Scott Belden     sbelden@kleinlaw.com, ecf@kleinlaw.com~~

27

28

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1   John A Boyd — fednotice@tclaw.net
    Mark Bradshaw — mbradshaw@shbllp.com
2   Gustavo E Bravo — gbravo@smaha.com
    Jeffrey W Broker — jbroker@brokerlaw.biz
3   Brendt C Butler — bbutler@mandersonllp.com
    Andrew W Caine — acaine@pszyjw.com
4   Carollynn Callari — ccallari@venable.com
5   Cathrine M Castaldi — ccastaldi@rusmiliband.com
    Tara Castro Narayanan — tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
6   Dan E Chambers — dchambers@jmbm.com
    Shirley Cho — scho@pszjlaw.com
7   Vonn Christenson — vrc@paynefears.com
    Brendan P Collins — bpcollins@bhfs.com
8   Vincent M Coscino — vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
9   Paul J Couchot — pcouchot@winthropcouchot.com,
    pj@winthropcouchot.com;gcrumpacker@winthropcouchot.com
10  Jonathan S Dabbieri — dabbieri@sullivan.com,
    hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivan
11  hill.com
12  Ana Damonte — ana.damonte@pillsburylaw.com
    Vanessa S Davila — vsd@amclaw.com
13  Melissa Davis — mdavis@shbllp.com
    Daniel Denny — ddenny@gibsondunn.com
14  Caroline Djang — crd@jmbm.com
15  Donald T Dunning — ddunning@dunningLaw.com
    Meredith R Edelman — meredith.edelman@dlapiper.com
16  Joseph A Eisenberg — jae@jmbm.com
    Lei Lei Wang Ekvall — lekvall@wgllp.com
17  Richard W Esterkin — resterkin@morganlewis.com
    Marc C Forsythe — kmurphy@goeforlaw.com
18  Alan J Friedman — afriedman@irell.com
19  Steven M Garber — steve@smgarberlaw.com
    Christian J Gascou — cgascou@gascouhopkins.com
20  Barry S Glaser — bglaser@swjlaw.com
    Robert P Goe — kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
21  Eric D Goldberg — egoldberg@stutman.com
22  Richard H Golubow — rgolubow@winthropcouchot.com, pj@winthropcouchot.com
    Michael J Gomez — mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
23  Kelly C Griffith — bkemail@harrisbeach.com
    Matthew Grimshaw — mgrimshaw@rutan.com
24  Kavita Gupta — kgupta@winthropcouchot.com
25  Asa S Hami — ahami@morganlewis.com
    Michael J Hauser — michael.hauser@usdoj.gov
26  D Edward Hays — ehays@marshackhays.com
    Michael C Heinrichs — mheinrichs@omm.com
27

28

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1   Harry D. Hochman — hhochman@pszjlaw.com, hhochman@pszjlaw.com
    Jonathan M Hoff — jonathan.hoff@cwt.com
2   Nancy Hotchkiss — nhotchkiss@trainorfairbrook.com
    Michelle Hribar — mhribar@rutan.com
3   John J Immordino — john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
    Lawrence A Jacobson — laj@cohenandjacobson.com
4   Michael J Joyce — mjoyce@crosslaw.com
    Stephen M Judson — sjudson@fablaw.com
5   Kaleb L Judy — ecf@kleinlaw.com, kjudy@kleinlaw.com
6   Steven J Kahn — skahn@pszyjw.com
    Sheri Kanesaka — sheri.kanesaka@bryancave.com
7   David I Katzen — katzen@ksfirm.com
8   Christopher W Keegan — ckeegan@kirkland.com,
    gdupre@kirkland.com;alevin@kirkland.com
9   Payam Khodadadi — pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
    Irene L Kiet — ikiet@hkclaw.com
10  Claude F Kolm — claude.kolm@acgov.org
    Mark J Krone — mk@amclaw.com, crs@amclaw.com;amc@amclaw.com
11  David B Lally — davidlallylaw@gmail.com
12  Leib M Lerner — leib.lerner@alston.com
    Peter W Lianides — plianides@winthropcouchot.com, pj@winthropcouchot.com
13  Charles Liu — cliu@winthropcouchot.com
    Kerri A Lyman — klyman@irell.com
14  Mariam S Marshall — mmarshall@marshallramoslaw.com
    Robert C Martinez — rmartinez@mclex.com
15  Michael D May — mdmayesq@verizon.net
16  Hutchison B Meltzer — hmeltzer@wgllp.com
    Krikor J Meshefejian — kjm@lnbrb.com
17  Joel S. Miliband — jmiliband@rusmiliband.com
18  James M Miller — jmiller@millerbarondess.com,
    vgunderson@millerbarondess.com;smiller@millerbarondess.com;mpritikin@millerbarondess.com
19  com
    Louis R Miller — smiller@millerbarondess.com
20  Craig Millet — cmillet@gibsondunn.com,
    pcrawford@gibsondunn.com;cmillet@gibsondunn.com
21  Randall P Mroczynski — randym@cookseylaw.com
22  Mike D Neue — mneue@thelobelfirm.com,
    jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
23  Robert Nida — Rnida@castlelawoffice.com
    Henry H Oh — henry.oh@dlapiper.com, janet.curley@dlapiper.com
24  Sean A Okeefe — sokeefe@okeefelc.com
25  Scott H Olson — solson@seyfarth.com
    Robert B Orgel — rorgel@pszjlaw.com, rorgel@pszjlaw.com
26  Malhar S Pagay — mpagay@pszjlaw.com, mpagay@pszjlaw.com
    Ernie Zachary Park — ernie.park@bewleylaw.com
27

28

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC

1   Daryl G Parker — dparker@pszjlaw.com
    Penelope Parmes — pparmes@rutan.com
2   Robert J Pfister — rpfister@ktbslaw.com
    Ronald B Pierce — ronald.pierce@sdma.com
3   Katherine C Piper — kpiper@steptoe.com, smcloughlin@steptoe.com
    Cassandra J Richey — cmartin@pprlaw.net
4   Debra Riley — driley@allenmatkins.com
    James S Riley — tgarza@sierrafunds.com
5   Todd C. Ringstad — becky@ringstadlaw.com
6   R Grace Rodriguez — ecf@lorgr.com
    Martha E Romero — Romero@mromerolawfirm.com
7   Ronald Rus — rrus@rusmiliband.com
    John P Schafer — jschafer@mandersonllp.com
8   John E Schreiber — jschreiber@dl.com
9   William D Schuster — bills@allieschuster.org
    Christopher P Simon — csimon@crosslaw.com
10  Gerald N Sims — jerrys@psdslaw.com, bonniec@psdslaw.com
    Wendy W Smith — wendy@bindermalter.com
11  Steven M Speier — Sspeier@Squarmilner.com, ca85@ecfcbis.com
12  Steven M Speier (TR) — Sspeier@asrmanagement.com, ca85@ecfcbis.com
    Michael St James — ecf@stjames-law.com
13  Michael K Sugar — msugar@irell.com
    Cathy Ta — cathy.ta@bbklaw.com,
14  Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
    David A Tilem — davidtilem@tilemlaw.com,
15  malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
16  James E Till — jtill@thelobelfirm.com,
    jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
17  United States Trustee (SA) — ustpregion16.sa.ecf@usdoj.gov
    Carol G Unruh — cgunruh@sbcglobal.net
18  Annie Verdries — verdries@lbbslaw.com
19  Jason Wallach — jwallach@gladstonemichel.com
    Joshua D Wayser — , kim.johnson@kattenlaw.com
20  Marc J Winthrop — mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
    David M Wiseblood — dwiseblood@seyfarth.com
21  Brett K Wiseman — bwiseman@aalaws.com
    Dean A Ziehl — dziehl@pszjlaw.com, dziehl@pszjlaw.com
22  Marc A. Zimmerman — joshuasdaddy@att.net
23
24
25
26
27
28

MAINDOCS-#167102-v2-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v2-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#167102-v1-
SunCal_Modified_3rd_Amd_Group_I_VD_Plan.DOCMAINDOCS-#165266-v4 SunCal_3rd_Am_Group_I_VD_Plan.DOC