1  Richard M. Pachulski (CA Bar No. 90073)
   Dean A. Ziehl (CA Bar No. 84529)
2  Robert B. Orgel (CA Bar No. 101875)
   John W. Lucas (CA Bar No. 271038)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Boulevard, 13ᵗʰ Floor
4  Los Angeles, California  90067-4100
   Telephone:  (310) 277-6910 / Facsimile:  (310) 201-0760
5
   Edward Soto (admitted *pro hac vice*)
6  Alfredo R. Perez (admitted *pro hac vice*)
   WEIL, GOTSHAL & MANGES LLP
7  767 Fifth Avenue
   New York, New York  10153-0119
8  Telephone:  (212) 310-8000 / Facsimile:  (212) 310-8007

9  Attorneys for Lehman Commercial Paper Inc., Lehman
   ALI, Inc., Northlake Holdings LLC and OVC Holdings
10 LLC

11 William N. Lobel (CA Bar No. 93202)
   Mike D. Neue (CA Bar No. 179303)
12 THE LOBEL FIRM, LLP
   840 Newport Center Drive, Suite 750
13 Newport Beach, California  92660
   Telephone:  (949) 999-2860 / Facsimile:  (949) 999-2870
14
15 General Insolvency Counsel for Steven M. Speier,
   the Chapter 11 Trustee for the Trustee Debtors

16            **UNITED STATES BANKRUPTCY COURT**

17             **CENTRAL DISTRICT OF CALIFORNIA**

18                **SANTA ANA DIVISION**

19 In re:                                          Case No.: 8:08-bk-17206-ES
   Palmdale Hills Property, LLC, and Its Related Debtors,
20         Jointly Administered Debtors and        Chapter 11
           Debtors-In-Possession.
                                                    Jointly Administered With Case Nos.
21 ─────────────────────────────────────           8:08-bk-17209-ES; 8:08-bk-17240-ES;
   Affects:                                         8:08-bk-17224-ES; 8:08-bk-17242-ES;
22 ☐ All Debtors                                    8:08-bk-17225-ES; 8:08-bk-17245-ES;
   ☐ Palmdale Hills Property, LLC                   8:08-bk-17227-ES; 8:08-bk-17246-ES;
   ☐ SunCal Beaumont Heights, LLC                   8:08-bk-17230-ES; 8:08-bk-17231-ES;
23 ☐ SCC/Palmdale, LLC                              8:08-bk-17236-ES; 8:08-bk-17248-ES;
   ☐ SunCal Johannson Ranch, LLC                    8:08-bk-17249-ES; 8:08-bk-17573-ES;
24 ☐ SunCal Summit Valley, LLC                      8:08-bk-17574-ES; 8:08-bk-17575-ES;
   ☐ SunCal Emerald Meadows LLC                     8:08-bk-17404-ES; 8:08-bk-17407-ES;
25 ☐ SunCal Bickford Ranch, LLC                     8:08-bk-17408-ES; 8:08-bk-17409-ES;
   ☐ Acton Estates, LLC                             8:08-bk-17458-ES; 8:08-bk-17465-ES;
26 ☐ Seven Brothers LLC                             8:08-bk-17470-ES; 8:08-bk-17472-ES;
   ☐ SJD Partners, Ltd.                             and 8:08-bk-17588-ES
27 ☐ SJD Development Corp.
   ☐ Kirby Estates, LLC                             **ORDER CONFIRMING FOR ALL TD**
28 ☐ SunCal Communities I, LLC                      **PLAN DEBTORS THE *FIFTH AMENDED***
   ☐ SunCal Communities III, LLC
   ☐ SCC Communities LLC

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS  AT LAW
LOS ANGELES , CALIFORNIA

☐ North Orange Del Rio Land, LLC
☐ Tesoro SF, LLC
☑ LB-L-SunCal Oak Valley, LLC
☑ SunCal Heartland, LLC
☑ LB-L-SunCal Northlake, LLC
☑ SunCal Marblehead, LLC
☐ SunCal Century City, LLC
☑ SunCal PSV, LLC
☑ Delta Coves Venture, LLC
☑ SunCal Torrance, LLC
☑ SunCal Oak Knoll, LLC

**JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND SUBJECT LEHMAN CREDITORS**

**Confirmation Hearing:**

Date:     October 24, 2011
Time:     9:30 a.m.
Place:    Courtroom 5A
          411 West Fourth Street
          Santa Ana, CA  92701

On October 24, 2011 and October 25, 2011 a hearing (the "Confirmation Hearing") was held before this Bankruptcy Court[1] to consider confirmation of the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors* [Docket No. 2595] (the "Solicited Third Amended Plan"), which was filed on August 23, 2011 by Steven M. Speier, the Chapter 11 Trustee for the Trustee Debtors (the "Trustee"), and Lehman Commercial Paper Inc., Lehman ALI, Inc., Northlake Holdings LLC and OVC Holdings LLC (the "Lehman Creditors" and together with the Trustee, in their capacity as proponents of the Solicited Third Amended Plan, as amended, the "TD Plan Proponents").

Besides the Solicited Third Amended Plan, certain of the pleadings filed or orders entered relevant to the Confirmation Hearing and the matters considered thereat include the following:

a.     On July 15, 2011, the TD Plan Proponents filed their *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors* [Docket No. 2383] (the "Third Amended Plan");

b.     On August 1, 2011, the Bankruptcy Court entered its *Order Approving First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Trustee and Lehman Creditors* [Docket No. 2454] (the "Disclosure Statement Order"), pursuant to which the Bankruptcy Court approved the *First Amended Disclosure Statement With Respect to Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Lehman Creditors* [Docket No. 2446] (the "Disclosure Statement");

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Fifth Amended Plan (defined below).

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT  LAW
LOS ANGELES , CALIFORNIA

1    c.    On August 1, 2011, the Bankruptcy Court entered its *Order (a) Approving Plan*

2    *Solicitation, Notice, and Voting Procedures and (B) Establishing Deadlines in and Connection*

3    *With Solicitation and Confirmation With Respect to all Pending Plans* [Docket No. 2453] (the

4    "Solicitation Procedures Order"), pursuant to which the Bankruptcy Court, *inter alia*,

5    (a) established notice, balloting, and voting procedures in connection with soliciting votes on the

6    Plan, (b) fixed objection deadlines to confirmation of the Plan, (c) fixed a deadline for receipt of

7    ballots accepting or rejecting the Plan, (d) fixed a deadline to file and serve briefs in support of

8    confirmation of the Plan, and (e) scheduled a hearing to consider confirmation of the Plan;

9    d.    On August 23, 2011, the TD Plan Proponents filed a notice of errata [Docket No.

10    2600] as to clerical errors in the Third Amended Plan and filed their Solicited Third Amended Plan

11    [Docket No. 2595];

12    e.    On and after August 25, 2011, the TD Plan Proponents or any of them filed various

13    certificates of service [including Docket Nos. 2652, 2653, 2671, 2680, 2681, 2684, 2685, 2686,

14    2688, 2693, 2706, 2713, 2717, 2718, 2749 and 2837] with respect to service of the Solicited Third

15    Amended Plan, ballots therefor, solicitation letters in respect thereto or other notices with respect

16    thereof or of the Confirmation Hearing thereon;

17    f.    On and after September 22, 2011, in accordance with the Solicitation Procedures

18    Order, the TD Plan Proponents filed and served certain Plan related documents (collectively, the

19    "Plan Support Documents"), including, without limitation, the following:

20    i.    *The Plan Supplement and Plan Supplement Notices (including the*
    *Assumption/Rejection Notices):*

21

22    a.    *Supplement To The Third Amended Joint Chapter 11 Plan*
    *For Eight Trustee Debtors Proposed By The Trustee And Subject*

23    *Lehman Creditors* [Docket No. 2861] and *First Amendment to*
    *Supplement to the Third Amended Joint Chapter 11 Plan for Eight*

24    *Trustee Debtors Proposed by the Trustee and Subject Lehman*
    *Creditors* [Docket No. 3162] (together , the "Plan Supplement");

25

26    b.    *Notice of (I) Filing and Service of Exhibits A-1 & A-2 –*
    *Lists of Contracts and Leases to be Assumed or Rejected Pursuant to*

27    *the Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors*
    *Proposed by the Trustee and Subject Lehman Creditors; and (II)*

28    *Deadline to File any Resulting Claims Arising From Rejections*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

[Docket No. 2843] (the "September 22 Assumption/Rejection Notice"); and *Notice Of (I) Amended Lists Of Contracts Or Leases To Assume Or Reject Under The Third Amended Joint Chapter 11 Plan For Eight Trustee Debtors Proposed By The Trustee And Subject Lehman Creditors; And (II) Deadline To File Any Resulting Claims Arising From Rejections* [Docket No. 3166] (the "October 18 Assumption/Rejection Notice" and together with the September 22 Assumption/Rejection Notice and various other service or notice of the Assumption List (defined below), the "Assumption/Rejection Notices");

      c.      *Notice of: (1) Filing of Supplement to the Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors; and (2) Deadline to File any Resulting Claims From Rejection of Executory Contracts or Unexpired Leases* [Docket No. 2855] (the "September 26 Plan Supplement Notice"), *Notice of Filing of Amended Supplement to the Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors* [Docket No. 3164] (the "October 18 Plan Supplement Notice") and various other service or notice of the Plan Supplement, the Assumption List or other portions of the Plan Supplement, including as reflected in Docket Nos. 2922, 2931, 2935, 3166, 3172, 3232 and 3233 (collectively, together with the Assumption/Rejection Notices, the September 26 Plan Supplement Notice and the October 18 Plan Supplement Notice, the "Plan Supplement Notices").

    ii.    *Memorandum of Points and Authorities Submitted by: (I) Trustee and Lehman Creditors in Support of Confirmation of the Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors; and (II) Lehman VD Lenders in Support of Confirmation of the Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders* [Docket No. 2898] (the "Confirmation Memorandum");

    iii.    *Declaration of Andrew Wilson in Support of (I) Trustee's and Lehman Creditors' Memorandum of Points and Authorities in Support of Confirmation of Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors; and (II) Lehman VD Lenders' Memorandum of Points and Authorities in Support of Confirmation of Third Amended Joint Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders* [Docket No. 2903] (the "Wilson Declaration");

    iv.    *Declaration of Andrew Wilson re Lehman Plan Funding and "Best Interests" in Support of Memorandum of Points and Authorities Submitted by: (I) Trustee and Lehman Creditors in Support of Confirmation of Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors; and (II) Lehman VD Lenders in Support of Confirmation of the Third Amended Joint Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders* [Docket No. 2910] (the "Wilson Funding Declaration" and together with

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the Wilson Declaration, the "Wilson Declarations");

v.    *Declaration of Nellie P. Camerik in Support of Memorandum of Points and Authorities Submitted by: (I) Trustee and Lehman Creditors in Support of Confirmation of the Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors; and (II) Lehman VD Lenders in Support of Confirmation of the Third Amended Joint Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders* [Docket No. 2904] (the "Camerik Declaration");

vi.    *Declaration of Dean Z. Ziehl in Support of (I) Trustee's and Lehman Creditors' Memorandum of Points and Authorities in Support of Confirmation of Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors; and (II) Lehman VD Lenders' Memorandum of Points and Authorities in Support of Confirmation of Third Amended Joint Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders* [Docket No. 2905] and *Declaration of Dean A. Ziehl in Support of Omnibus Reply of Trustee and Lehman Creditors to Objections to Confirmation of Their Chapter 11 Plans and to Their Memorandum of Points and Authorities in Support Thereof* [Docket No. 3145] (together, the "Ziehl Declarations");

vii.    *Declaration of Erica Rutner in Support of (I) Trustee's and Lehman Creditors' Memorandum of Points and Authorities in Support of Confirmation of Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors; and (II) Lehman VD Lenders' Memorandum of Points and Authorities in Support of Confirmation of Third Amended Joint Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders* [Docket No. 2906] (the "Rutner Declaration");

viii.    Omnibus Reply of Trustee and Lehman Creditors to Objections to Confirmation of their Chapter 11 Plans and to their Memorandum of Points and Authorities in Support Thereof [Docket No. 3142] (the "Confirmation Reply");

ix.    *Declaration of Thomas K. Riordan in Support of Omnibus Reply of Trustee and Lehman Creditors to objections to Confirmation of Their Chapter 11 Plans and to Their Memorandum of Points and Authorities in Support Thereof* [Docket No. 3143] (the "Riordan Declaration");

x.    *Declaration of Maria A. Bove With Respect to Solicitation of: (1) Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors; and (2) Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders* [Docket No. 3222] (the "Solicitation Declaration");

xi.    *Declaration of Maria A. Bove With Respect to Tabulation of Votes, in Accordance With the Term Sheet Regarding Settlement With SunCal Parties and Related Documents, on: (1) Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors; and (2) Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    *Lehman VD Lenders* [Docket No. 3236] (the "Ballot Declaration"); and

2    xii.    *Request for Judicial Notice No. 1 in Support of Memorandum Of Points and*
3    *Authorities Submitted by: (I) Trustee and Lehman Creditors in Support of*
     *Confirmation of the Third Amended Joint Chapter 11 Plan for Eight Trustee*
4    *Debtors Proposed by the Trustee and Subject Lehman Creditors; and (II) Lehman*
     *VD Lenders in Support of Confirmation of the Third Amended Joint Plan for*
5    *Eleven Voluntary Debtors Proposed by the Lehman VD Lenders* [Docket No.
     2908] and *Request for Judicial Notice in Support of Confirmation of: (I) Third*
6    *Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the*
     *Trustee and Subject Lehman Creditors; and (II) Third Amended Joint Plan for*
7    *Eleven Voluntary Debtors Proposed by the Lehman VD Lenders* [Docket No.
     3181] (together, the "Requests for Judicial Notice");
8

9    g.    On and after September 16, 2011, objections to, or statements concerning, the

10   confirmation of the Plan (the "Plan Objections") were filed by (i) Alameda Country Treasurer-Tax

11   Collector [Docket No. 2757] ("Alameda County"); (ii) Bond Safeguard [Docket No. 2769]; (iii)

12   Trustee Debtors' Committee [Docket No. 2784]; (iv) Arch [Docket No. 2780]; (v) Fidelity

13   National Title Insurance Company [Docket No. 2786]; (vi) County of Los Angeles Tax Collector

14   [Docket Nos. 2795 and 2799] (the "Los Angeles Tax Collector"); (vii) Palm Springs Village 309,

15   LLC [Docket No. 2798]; (viii) Bethel Island Municipal Improvement District [Docket No. 2804];

16   (ix) the Voluntary Debtors and Acquisitions [Docket Nos. 2834 and 3054]; (x) Castaic Union

17   School District ("Castaic Union") [Docket No. 2997]; and (xi) SunCal Management, LLC [Docket

18   No. 2821]; and objections or statements relating to contract/lease assumption and/or cure matters

19   ("Contract Related Objections" and together with the Plan Objections, the "Objections") were filed

20   by (i) County of Los Angeles [Docket No. 3021] concerning TD Plan Debtor SunCal Northlake;

21   (ii) Villa San Clemente, LLC [Docket No. 3023] and San Diego Gas and Electric and Southern

22   California Gas Company (the "Utilities") [Docket No. 3220] concerning TD Plan Debtor SunCal

23   Marblehead; and (iii) the United States [Docket No. 3087] regarding various of the TD Plan

24   Debtors;

25   h.    On or after September 26, 2011, various parties filed motions seeking to allow their

26   Claims for voting purposes, including: Bond Safeguard: Docket No. 2846; Arch: Docket No. 2849;

27   SunCal: Docket Nos. 2856, 2859, 2864, 2866, 2868, 2871, 2884, 2888, Lehman Creditors: 2895;

28   PSV-309,LLC: 2857; and Various Parties: 2900;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

i.       On October 19, 2011, Bond Safeguard filed the *Notice of Withdrawal of Objection of Bond Safeguard Insurance Co. and Lexon Insurance Co. to Third Amended Chapter 11 Plan for Eight Trustee Debtors* . . . [Docket No. 3167] (the "Bond Safeguard Withdrawal");

j.       On October 21, 2011, the TD Plan Proponents filed their *Fourth Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors* [Docket No. 3194] (the "Fourth Amended Plan") and also filed a notice of the filing thereof [Docket No. 3196] that states that the amendments to the Solicited Third Amended Plan contained in the Fourth Amended Plan essentially represent the definitive plan amendments described in the Confirmation Reply (as contrasted with the conditional plan amendments referenced in the Confirmation Reply);

k.       On October 24, 2011, the Lehman Creditors filed a *Notice of Execution of Term Sheet Settling Various Claims By and Between Certain Lehman Parties and SunCal Parties* [Docket No. 3227] indicating that Lehman Brothers Holdings Inc. ("LBHI") and the Lehman Creditors (collectively with LBHI, the "Lehman Parties") and Acquisitions, SCC Acquisitions, LLC, SunCal Management, LLC, Elieff and certain of their affiliates (collectively, the "SunCal Parties") entered into a binding term sheet for a settlement (the "SunCal Parties / Lehman Parties Settlement");

l.       On October 24, 2011 was filed the *SunCal Parties' Withdrawal Of: (1) Chapter 11 Plans Filed by SunCal Plan Proponents and All Supporting Documents Related Thereto; (2) Objections to the Lehman Plans and All Documents Related Thereto; (3) Opposition to the Rule 3018 Motion Filed by the Applicable Lehman Parties; (4) Opposition to the Rule 3018 Motion filed by Bond Safeguard Insurance Company and Lexon Insurance Company; (5) Opposition to the Rule 3018 Motion Filed by Arch Insurance Company; and (6) Opposition to 3018 Stipulations Among Applicable Lehman Parties and Certain Creditors* [Docket No. 3225] (the "SunCal Withdrawal");

m.       On November 2, 2011, the TD Plan Proponents and Villa San Clemente, LLC filed the *Stipulation Regarding Scheduling, etc. [Docket No. 3270]* (the "First Villa San Clemente Stipulation"), which thereafter was approved [Docket No. 3300];

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES ,  CALIFORNIA

1          n.       On November 4, 2011, was filed the *Declaration Re Service of: (1) Election Form*

2  *to Participate in Lehman Supplemental Distribution and to Provide Lehman Released Parties a*

3  *Full Release; and (2) Election Form to Participate in Lehman Supplemental Declaration, to Waive*

4  *Mechanic's Lien Claims and to Provide Lehman Released Parties a Full Release* [Docket No.

5  3276] (the "Certificate of Service Re Second Opportunity");

6          o.       On November 11, 2011, the TD Plan Proponents and Bethel Island Municipal

7  Improvement District ("BIMID") filed the *Stipulation Among Bethel Island Municipal*

8  *Improvement District, Lehman Creditors and Trustee Resolving Remaining Objection [Docket No.*

9  *2804] to Confirmation of Plan for Delta Coves [Docket No. 2595, as amended]* [Docket No. 3295]

10  (the "BIMID Stipulation"), which thereafter was approved [Docket No. 3303];

11          p.       On November 21, 2011, was filed the *Stipulation Among Los Angeles County Tax*

12  *Collector, Alameda County Treasurer-Tax Collector, Trustee, the Lehman VD Lenders, and the*

13  *Lehman Creditors Continuing the Hearing on the Objection to Taxing Authority Claims* [Docket

14  No. 3321] (the "LA County-Alameda County Tax Claim Objection Stipulation"), which thereafter

15  was approved [Docket No. 3441];

16          q.       On November 23, 2011, was filed the *Stipulation . . . Resolving Fidelity National*

17  *Title Insurance Company's Objection to Trustee/Lehman Plans* [Docket No. 3326] (the "Fidelity

18  National Title Stipulation");

19          r.       On November 23, 2011, was filed the *Stipulation . . . Resolving United States*

20  *Objection to Trustee/Lehman Plans* [Docket No. 3327] (the "Government Stipulation");

21          s.       On November 29, 2011: (1) the TD Plan Proponents filed the *Fifth Amended Joint*

22  *Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors*

23  [Docket No.3336] (the "Fifth Amended Plan"); (2) certain of the Lehman Creditors filed the *Fifth*

24  *Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD*

25  *Lenders* [Docket No. 3337] (the "Fifth Amended Lehman VD Plan"); and (3) the Trustee and

26  Lehman Creditors filed their *Notice Of Trustee And Lehman Creditors Of Various Matters*

27  *Including:  (1) Filing Of Fifth Amended Plans . . . .*  thereof [Docket No. 3338];

28

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES , CALIFORNIA

t.      On December 7, 2011, the TD Plan Proponents and Villa San Clemente, LLC filed the *Stipulation Regarding Scheduling Of Hearings On: . . . The Objection By Villa San Clemente, Llc To Proposed Cure Obligation  [Docket No. 3374]* (the "Second Villa San Clemente Stipulation"), which thereafter was approved [Docket No. 3415];

u.      On December 12, 2011, was filed the *Declaration of Lori Gauthier Re: Supplemental Election Forms* [Docket No.3420] (the "Declaration Re Second Opportunity Results");; and

v.      On December 16, 2011, was filed the *Declaration Of Robert B. Orgel Supporting Confirmation Of Fifth Amended Plans Re:  (1) Permitted First Election Changes; (2) Second Opportunity For Enhanced Distribution; And (3) Proposed Confirmation Orders* [Docket No. 3436] (the "Declaration Re Post-Confirmation Matters").

w.      On December 20, 2011, was filed the *Declaration Of Robert B. Orgel Attaching Forms of Sale Orders For Approval Through The Confirmation Orders for the Fifth Amended Plans* [Docket No. 3462] (the "Declaration Re Sale Orders").

Appearances of counsel at the Confirmation Hearing were as noted on the record of the Confirmation Hearing.

At the Confirmation Hearing, the TD Plan Proponents presented, and the Bankruptcy Court considered, the Solicited Third Amended Plan, the modifications thereto made by the Fourth Amended Plan and certain intended modifications thereto specified at the Confirmation Hearing and contained in the Fifth Amended Plan, and the Bankruptcy Court considered all matters necessary to determine Confirmation of the Fifth Amended Plan (as modified hereby, the "Plan") as to all of the TD Plan Debtors, as follows:  (i) Delta Coves, (ii) SunCal Heartland, (iii) SunCal Marblehead, (iv) SunCal Northlake, (v) SunCal Oak Valley, (vi) SunCal PSV, (vii) SunCal Torrance, and (viii) SunCal Oak Knoll.

# I.

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having considered (a) the Fifth Amended Plan, (b) the Disclosure Statement, (c) the Ballot Declaration, (d) the Solicitation Declaration, (e) the Confirmation Memorandum and the

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
LOS ANGELES , CALIFORNIA

1  declarations in support thereof, (f) the Objections, (g) the Confirmation Reply and declarations in

2  support thereof, (h) the other Plan Support Documents, (i) the First Villa San Clemente

3  Stipulation, Second Villa San Clemente Stipulation, BIMID Stipulation, Fidelity National Title

4  Stipulation and Government Stipulation, (j) the Arch Voting Motion and Withdrawal, the Bond

5  Safeguard Withdrawal and the SunCal Withdrawal, (k) the Declaration Re Second Opportunity

6  Results and Declaration Re Post-Confirmation Matters, (l) the agreements and representations of

7  various counsel made on the record at the Confirmation Hearing, (m) the record compiled in the

8  TD Plan Debtors' Cases and all pleadings filed with respect thereto, and (n) the offers of proof and

9  evidence, and the arguments of counsel presented at the Confirmation Hearing, and after due

10  deliberation and good cause appearing therefor,

11  **IT HAS BEEN DETERMINED BY THE BANKRUPTCY COURT IN THE CASES**

12  **OF THE TD PLAN DEBTORS THAT:**

13  **A.      Findings of Fact and Conclusions of Law**

14         The findings set forth herein and on the record of the Confirmation Hearing constitute the

15  Bankruptcy Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, as

16  made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following

17  findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the

18  following conclusions of law constitute findings of fact, they are adopted as such.

19  **B.      Jurisdiction and Venue**

20         Involuntary petitions for relief under the Bankruptcy Code were filed in this Bankruptcy

21  Court against the TD Plan Debtors on the following dates:

22       • Delta Coves - November 14, 2008
         • SunCal Heartland - November 12, 2008
23       • SunCal Marblehead - November 12, 2008
         • SunCal Northlake - November 12, 2008
24       • SunCal Oak Valley - November 12, 2008
         • SunCal PSV - November 14, 2008
25       • SunCal Torrance - November 14, 2008
26       • SunCal Oak Knoll - November 19, 2008.

27  Orders for relief were entered in each TD Plan Debtors' Case on January 6, 2009.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1  The Trustee was appointed as a chapter 11 trustee with respect to each of the TD Plan

2  Debtors on the following dates:  (i) Delta Coves, January 22, 2009 [Case No. 08-17470, Docket

3  No. 24]; (ii) SunCal Heartland, January 22, 2009 [Case No. 08-17407, Docket No. 18]; (iii)

4  SunCal Marblehead, January 22, 2009 [Case No. 08-17470, Docket No. 20]; (iv) SunCal

5  Northlake, January 22, 2009 [Case No. 08-17470, Docket No. 21]; (v) SunCal Oak Valley, January

6  22, 2009 [Case No. 08-17470, Docket No. 21]; (vi) SunCal PSV, January 22, 2009 [Case No. 08-

7  17470, Docket No. 20]; (vii) SunCal Torrance, January 22, 2009 [Case No. 08-17470, Docket No.

8  19]; and (viii) SunCal Oak Knoll, January 22, 2009 [Case No. 08-17470, Docket No. 29].

9  The Bankruptcy Court has jurisdiction to confirm the Plan pursuant to 28 U.S.C. §§ 1334

10  and 157.  The Confirmation Hearing is a core proceeding under 28 U.S.C. § 157(b)(2)(L), and

11  venue of the Cases of the TD Plan Debtors is proper under 28 U.S.C. § 1408.

12  **C.**    **Judicial Notice**

13  The Bankruptcy Court takes judicial notice of the docket of the Cases of the TD Plan

14  Debtors maintained by the Clerk of the Bankruptcy Court, including, without limitation, all

15  pleadings and other documents filed, all orders entered, and all evidence admitted and arguments

16  made at the hearings held before the Bankruptcy Court during the pendency of the Cases of the TD

17  Plan Debtors.

18  **D.**    **Confirmation of Plan as to Provisionally Confirmed Debtor, Delta Coves**

19  At the Confirmation Hearing, the TD Plan Proponents requested that the Plan then be

20  provisionally confirmed with respect to TD Plan Debtor Delta Coves, subject only to the Plan

21  Objection of BIMID and further requested, and the Bankruptcy Court granted, that the

22  Confirmation Hearing be continued as to the Plan with respect to Delta Coves, which continued

23  date was set for November 14, 2011 at 10:00 a.m.  Following the Confirmation Hearing, the TD

24  Plan Proponents and BIMID entered into and filed the BIMID Stipulation by which, upon approval

25  thereof, *inter alia*, BIMID withdrew its Plan Objections.  In light of the resolution reflected by the

26  BIMID Stipulation, the conditions regarding Confirmation of the Plan with respect to Delta Coves

27  have been satisfied such that Confirmation of the Plan, without reservation, is now appropriate as

28  to Delta Coves (along with the other TD Plan Debtors).

1

**E.**   **Satisfaction / Waiver of Certain Conditions by Lehman Creditors**

At the Confirmation Hearing, the Lehman Creditors waived or provided evidence of satisfaction of the following conditions precedent to entry of the Confirmation Order for the Plan, which conditions are described in, among others, Plan Section 8.3:  (a) execution of a Settling Bond Issuer Agreement, as summarized in Plan Section 8.7, by certain of the Lehman Related Parties and each Bond Issuer (condition satisfied); (b) approval of the role and obligations under the Plan of certain of the Lehman Creditors and of each Settling Bond Issuer Agreement (or the material terms thereof) by the New York Bankruptcy Court (condition satisfied); (c) if the Lehman Creditors' good faith estimate of the likely Classes 6/7 Claims Amount exceeds $30 million (condition waived); (d) if the Lehman Creditors' good faith estimate of the likely maximum amount for the Lehman Plan Funding exceeds $55 million (plus the amount of any new Lehman Administrative Loans made after August 10, 2010) (condition waived) and (e) Confirmation of the Plan as to all of the TD Plan Debtors (condition waived).

**F.**   **Modifications to the Plan and Related Documents – 11 U.S.C. § 1127**

The approval of the Disclosure Statement was sought with respect to the Solicited Third Amended Plan filed August 23, 2011 [Docket No. 2595].  Thereafter, modifications, supplements and alterations were made or proposed to be made to the Third Amended Plan, further amended plans or their provisions as reflected in or by the Solicited Third Amended Plan, Fourth Amended Plan, BIMID Stipulation, Fidelity National Title Stipulation and Government Stipulation and the notices thereof, the Plan Supplement, Assumption List and Plan Supplement Notices and, as further described at the Confirmation Hearing, by the Fifth Amended Plan and notice thereof or as set forth herein (collectively, each such modification, supplement and/or alteration to the Solicited Third Amended Plan set forth in the Fifth Amended Plan, Plan Supplement, Assumption List or Plan Supplement Notices or ordered in this Confirmation Order are referred to herein as the "Plan Modifications").  The Plan Modifications include clerical corrections, contract listings, forms of deeds, material and favorable changes for Creditors at times responsive to specific Creditor objections or comments, and other changes not materially adverse to any non-consenting Creditor. The Fifth Amended Plan, *inter alia*, incorporates provisions and/or changes to address:  (1)

2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1  affording the Claims of SunCal Management, LLC treatment as Reliance Claims if New York

2  Court Bankruptcy Court approval were not obtained; (2) a limited in time, second opportunity for

3  entitled Creditors who had not timely submitted Ballots based upon the solicitations of votes or

4  elections made prior to the Confirmation Hearing (and consequently did not timely make the

5  elections offered through such Ballots to receive the Lehman Distribution Enhancement) (the

6  "Second Opportunity for Enhanced Distribution") to elect by November 15, 2011 to receive a

7  Lehman Distribution Enhancement, capped for entitled Creditors under the Fifth Amended Plan

8  and under the Fifth Amended Lehman VD Plan at an aggregate $1,000,000 as to Creditors under

9  both such plans (the "Capped Enhancement Share"); and (3) classification and treatment for the

10  various Claims of Palm Springs Village-309, LLC.  In each instance, the Plan Modifications were

11  warranted by the circumstances, left the Plan, as modified, in compliance with sections 1122 and

12  1123 of the Bankruptcy Code, and did not require, for compliance with section 1125 of the

13  Bankruptcy Code, additional or further disclosure or notice to be provided to Creditors and parties

14  in interest relating to the Plan Modifications.  Each Holder of a Claim that accepted or rejected the

15  Solicited Third Amended Plan is deemed to have accepted or rejected, as the case may be, the Plan

16  (which includes the Plan Modifications).

17  **G.    Resolution of Objections**

18        As presented at the Confirmation Hearing and as provided herein, the consensual

19  resolutions of certain Objections, responses, statements, and comments in opposition to the Plan,

20  including, without limitation, the First Villa San Clemente Stipulation, Second Villa San Clemente

21  Stipulation, BIMID Stipulation, Fidelity National Title Stipulation and Government Stipulation,

22  Arch Voting Motion and Withdrawal, Bond Safeguard Withdrawal and SunCal Withdrawal,

23  satisfy all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules and are in

24  the best interests of the TD Plan Debtors, and are hereby approved.  Except as expressly set forth

25  in paragraph I.K.9 of this Confirmation Order as to the cure amount for the Class 1 Claims of Los

26  Angeles Tax Collector (which include the Claims addressed in the Objection of Castaic Union)

27  and the Class 1 Claims of Alameda County (as to both of which the determination of the ultimate

28  amount due for such Claims under the Plan will be set forth in a separate order of the Bankruptcy

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES ,  CALIFORNIA

1   Court after a further hearing to occur after the Confirmation Hearing) (collectively, the "Taxing

2   Authority Objections"), and except as to the Contract Related Objection of Villa San Clemente,

3   LLC (the "VSC Contract Objection," and together with the Taxing Authority Objections, the

4   "Remaining Objections"), (1) all parties have had a full and fair opportunity to litigate all issues

5   raised by the Objections, or which might have been raised and (2) the Objections have been fully

6   and fairly presented to the Bankruptcy Court. The Remaining Objections concern either specific

7   amounts payable under the Plan or the assumption, assignment, rejection or cure of contracts, and

8   do not affect Confirmation of the Plan.

9   **H.    Plan Supplement**

10         On September 22, 2011, the TD Plan Proponents filed the September 22

11   Assumption/Rejection Notice attaching, *inter alia*, the list of, and identifying, executory contracts

12   and unexpired leases (the "Assumption List") to be assumed and assigned under the Plan and

13   specifying any monetary cure amount due and the time for performance of certain non-monetary

14   obligations due (collectively, the "Cures"), in each case, to the counterparty to any unexpired lease

15   or executory contract assumed, or to be assumed, pursuant to the Plan, as required under section

16   365 of the Bankruptcy Code.  On September 26, 2011, the TD Plan Proponents filed the Plan

17   Supplement, which was amended thereafter and includes, *inter alia*, the Assumption List,

18   including the Cures, as well as the following documents or schedules: (i) Forms of Grant Deeds;

19   (ii) Forms of Bills of Sale; (iii) Forms of Assignment Agreements; (iv) Forms of Assignments of

20   Development Rights; (v) a list of potentially assumable contracts and leases; and (vi) the list of

21   Permitted Encumbrances.  All such materials in the Plan Supplement (which, as defined herein

22   includes any modifications to the Assumption List, whether or not specified as being part of the

23   Plan Supplement, as such term is defined in the Fifth Amended Plan) comply with, and are

24   necessary to the implementation of, the terms of the Plan.

25   **I.    Solicitation and Notices of Confirmation Hearing, Second Opportunity for Enhanced
     Distribution and Plan Supplement (including Assumption/Rejection Notices)**

26         Pursuant to the Solicitation Procedures Order, the TD Plan Proponents caused to be served

27   by first class U.S. mail, by dissemination through the Bankruptcy Court's electronic court filing

28   system and as reflected on the various filed certificates of service, a copy of (1)(a) the Disclosure

Statement and the Solicited Third Amended Plan, together with a ballot and return envelope, if applicable, a related notice, and a copy of the Disclosure Statement Order; (b) a limited notice of related matters (Notice of Non-Voting Status) on those creditors and interest Holders who were otherwise not entitled to vote on the Plan; (c) notice of the Confirmation Hearing; (d) the Solicitation Procedures Order; (e) the ballots to the Holders of Claims entitled to vote to accept or reject the Plan; (f) a solicitation letter in support of the Plan from the Trustee Debtors' Committee; (g) a letter regarding potential mis-filed claims; and (h) a return envelope, for which the initial and primary service of each occurred on August 25, 2011 as set forth in the affidavit of service filed as Docket No. 2717 and supplemental service thereof occurred thereafter as reflected by other certificates of service filed with the Bankruptcy Court; (2) certain solicitation letters regarding the Plan and ballots to the Holders of Claims entitled to vote to accept or reject the Plan, each on the date set forth in the affidavit of service filed as Docket No. 2718; and (3) the Plan Supplement, Assumption List and other portions of the Plan Supplement on and after September 22, 2011 as reflected by the Plan Supplement Notices, on, as applicable, (i) all parties or entities who filed proofs of claim on or before the Voting Record Date, (ii) all parties identified in the TD Plan Debtors' Schedules as holding liquidated, non-contingent, undisputed claims as of the Voting Record Date, (iii) all other known Holders of Claims against or interests in the TD Plan Debtors as of the Voting Record Date, including all Persons who asserted a lien, interest or other Encumbrance against a Plan Project as reflected in the official records of the County in which the particular Plan Project is located, (iv) all parties to executory contracts and unexpired leases with the TD Plan Debtors as reflected in the Schedules, (v) counsel to the TD Plan Debtors, (vi) counsel to the Trustee Debtors' Committee, (vii) the Office of the United States Trustee, (viii) the Internal Revenue Service, (ix) all applicable governmental units, and (x) all parties requesting special notice pursuant to Bankruptcy Rule 2002.

Further, in settlement of the Objection of the Trustee Debtors' Committee, in addition to the opportunity offered in connection with voting on the Plan to elect to provide the Creditor's Assignment / Release for Lehman and receive the Lehman Distribution Enhancement, the Second Opportunity for Enhanced Distribution was afforded under the Plan for which a notice of such

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1  opportunity was arranged and caused to be mailed by the Trustee Debtors' Committee and/or

2  Trustee with appropriate forms (with the cooperation of the Lehman Creditors) to Creditors

3  entitled under the Fifth Amended Plan to such Second Opportunity for Enhanced Distribution.

4  Such Second Opportunity for Enhanced Distribution expired November 15, 2011.  Creditors of the

5  TD Plan Debtors eligible for the Second Opportunity for Enhanced Distribution were served by

6  first class U.S. mail a copy of a letter and appropriate forms on the date set forth in the Certificate

7  of Service Re Second Opportunity.

8         As evidenced by the proofs of service referenced above and filed with the Bankruptcy

9  Court, the TD Plan Proponents complied with the Solicitation Procedures Order and the

10  solicitation procedures established in the Cases of the TD Plan Debtors, and notice of the

11  Confirmation Hearing, Plan, Plan Supplement, Assumption List, Second Opportunity for

12  Enhanced Distribution  and all proceedings in respect to the Plan was proper, appropriate, timely,

13  adequate, and sufficient under the particular circumstances of the Cases of the TD Plan Debtors

14  and fully complied with the requirements of the Bankruptcy Code, Bankruptcy Rules, the local

15  rules of this Bankruptcy Court, and the procedural due process requirements of the United States

16  Constitution, as well as the Solicitation Procedures Order.  A reasonable opportunity to object or

17  be heard regarding the Plan and requested relief was afforded to all interested Persons in

18  compliance with the Bankruptcy Code, the Bankruptcy Rules and traditional notions of due

19  process.  In particular, all interested Persons received adequate notice of the proposed transfers of

20  the Plan Projects from the TD Plan Debtors to the Lehman Nominees.  No other or further notice

21  of the Confirmation Hearing, Plan, Plan Supplement, Assumption List or any of the proceedings

22  with respect to the Plan is necessary or shall be required.

23  **J.     Voting and Elections**

24         Votes to accept or reject the Solicited Third Amended Plan and elections of the Lehman

25  Distribution Enhancement were solicited contemporaneously with service of the Disclosure

26  Statement that contained "adequate information" as defined in section 1125 of the Bankruptcy

27  Code.  As evidenced by the Ballot Declaration, votes to accept or reject the Solicited Third

28  Amended Plan and elections for the Lehman Distribution Enhancement have been solicited and

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT  LAW
LOS ANGELES , CALIFORNIA

tabulated fairly, in good faith, and in a manner consistent with the Solicitation Procedures, the

Bankruptcy Code, and the Bankruptcy Rules.  Subject to the provision below permitting only the

Holders of the Claims specified below to make the Permitted First Election Changes (defined and

described below), Creditors who have not properly elected, and are not entitled to, the Lehman

Distribution Enhancement as to their Claims include, without limitation: (1) Creditors as to which

the Ballot Declaration exhibit does *not* reflect "Yes" in the column entitled, "Release;" (2)

Creditors as to which the Ballot Declaration exhibit reflects a "No" in the column entitled, "Class

3 Waiver" and any other Holders of Mechanic's Lien Claims as to which the Ballot Declaration

does *not* reflect a "Yes" in the column entitled, "Class 3 Waiver;" and (3) Creditors for which

there are relevant unresolved qualifications indicated in the column of the Ballot Declaration

exhibit entitled, "Comments."

As indicated by the Declaration Re Post-Confirmation Matters, however, prior to and after

the conclusion of the Confirmation Hearing, there occurred conversations between the Trustee

Debtors' Committee, official committee in the Voluntary Debtors' Cases (the "Voluntary Debtors'

Committee," and together with the Trustee Debtors' Committee, the "Committees"), the Trustee

and the Lehman Creditors as to how to address the failure of certain Creditors to timely and

properly elect to receive the Lehman Distribution Enhancement.  Under the Solicited Third

Amended Plan, the opportunity to elect the Lehman Distribution Enhancement was to be afforded

to (a) each Holder of a Mechanic's Lien Claim, if such Holder completed its Ballot in a manner so

as to waive its security and thereby agree and/or acknowledge that its Claim is not a Secured

Claim and is, instead, a General Unsecured Claim or Reliance Claim (such waiver, accomplished

in such manner or as described hereafter is referred to as the "Class 3 Waiver"), (b) each Holder of

a General Unsecured Claim, and (c) each Holder of a Reliance Claim.  To effectuate such election

of the Lehman Distribution Enhancement, each Creditor holding a Claim entitled to make the

election was required by September 19, 2011 to properly execute and return documentation

reflecting its decision to receive the Lehman Distribution Enhancement and, if the Creditor holds a

Mechanic's Lien Claim, it was also required to provide the Class 3 Waiver.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The addition in the Fifth Amended Plan and herein of election opportunities for specified Creditors to make or have the Permitted First Election Changes, the Second Opportunity for Enhanced Distribution (described in the Fifth Amended Plan), the Permitted Second Election Changes (described and defined below) and the Reliance Amount Assertion Opportunity (described and defined below), which election opportunities each enable specified Creditors to elect to receive the Lehman Distribution Enhancement or Capped Enhancement Share (payable only if the applicable Claim is an Allowed Claim), all are favorable to Creditors and did not and do not require, for compliance with section 1125 of the Bankruptcy Code, additional or further disclosure or notice to be provided to Creditors and parties in interest relating thereto.  Absent availing themselves of such election opportunities, such Creditors otherwise are entitled, for any Allowed Reliance Claim or Allowed General Unsecured Claim, a Distribution under the Plan of no more than one percent (1%) of such Allowed Claim. As evidenced by the Declaration Re Post-Confirmation Matters and Declaration Re Second Opportunity Results, the terms, conditions and provisions for specified Creditors to make or have the Permitted First Election Changes, the Second Opportunity for Enhanced Distribution, the Permitted Second Election Changes and the Reliance Amount Assertion Opportunity  all are fair, reasonable, proposed in good faith, and approved.

## 1.    Second Opportunity for Enhanced Distribution

For those Creditors who, prior to the Confirmation Hearing, could have voted and elected the Lehman Distribution Enhancement but had not timely submitted Ballots based upon the solicitations of votes or elections made prior to the Confirmation Hearing (and consequently did not, prior to the Confirmation Hearing, timely make the elections offered through such Ballots to receive the Lehman Distribution Enhancement), the Lehman Creditors agreed, as noted on the record at the Confirmation Hearing and more fully set forth in the Fifth Amended Plan, that the Trustee and/or Committees would send such Creditors notice of the Second Opportunity for Enhanced Distribution for such Creditors to elect by November 15, 2011 to receive the Capped Enhancement Share.  On December 12, 2011, the Voluntary Debtors' Committee caused the filing of the Declaration Re Second Opportunity Results, indicating the results of the Second

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

Opportunity for Enhanced Distribution.  As evidenced by the Declaration Re Second Opportunity Results, elections for the Capped Enhancement Share through the Second Opportunity for Enhanced Distribution have been solicited and tabulated fairly and in good faith and such solicitation and tabulation are proper and appropriate.

Subject to the provision below permitting only the Holders of the Claims specified below to make the Permitted Second Election Changes, Creditors who have not properly elected, and are not entitled to, the Capped Enhancement Share as to any Allowed Claims they might hold include, without limitation: (1) Creditors that were not eligible to avail themselves of the Second Opportunity for Enhanced Distribution under the Fifth Amended Plan, such as because they previously voted with respect to the Plan; (2) Creditors who did not, by November 15, 2011, properly return an executed Creditor's Assignment / Release for Lehman and clearly mark their election to receive Capped Enhancement Share; (3) Creditors indicated in the Declaration Re Second Opportunity Results as having responded to the Second Opportunity for Enhanced Distribution after the November 15, 2011 deadline; and (4) Holders of Mechanic's Lien Claims who did not, by November 15, 2011, provide the Class 3 Waiver.

### 2. Permitted First Election Changes

As also indicated by the Declaration Re Post-Confirmation Matters, at the request of the Committees and Trustee, the Lehman Creditors, Trustee and Committees agreed that, in addition to the Second Opportunity for Enhanced Distribution incorporated into the Fifth Amended Plan, the Committees would reach out to the few specified Creditors identified for contact in the exhibits to the Declaration Re Post-Confirmation Matters and the Lehman Creditors would permit such Creditors to change or fix their initial elections to properly elect the Lehman Distribution Enhancement (the "Permitted First Election Changes"), such as by providing any necessary Creditor's Assignment/Release for Lehman and/or a Class 3 Waiver, provided in each instance that the applicable Creditor execute and deliver a waiver and acknowledgment that, without any agreement as to the allowance of any Claims, its Claims identified on the exhibits to the Declaration Re Post-Confirmation Matters are no higher than, and are entitled to no greater Distribution under the Plan than, the amounts identified on such exhibits and that such Claims are

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS ANGELES , CALIFORNIA

1   not of a type different than set forth on such exhibits, which waiver and acknowledgment is to be

2   in the form attached to the Declaration Re Post-Confirmation Matters (the "Claim

3   Acknowledgment"). The Claim Acknowledgment is properly intended to assure the Lehman

4   Creditors, in agreeing to any Permitted First Election Change, of the specific maximum amount of

5   the potential Distribution to each Creditor being permitted to make a Permitted First Election

6   Change.

7   The Declaration Re Post-Confirmation Matters reflects that Creditors to be permitted to

8   make the Permitted First Election Changes were required to do so by December 12, 2011 and were

9   restricted to those Creditors who, although they already had voted or made elections with respect

10  to the Lehman Distribution Enhancement in response to the solicitation of votes or elections prior

11  to the Confirmation Hearing, already had provided a waiver of their security, provided  a

12  Creditor's Assignment / Release for Lehman or voted "yes" on the Plan as to which, without the

13  Lehman Distribution Enhancement, their recovery would be one percent (1%) of their Allowed

14  Claims.

15  Restricting the time for making Permitted First Election Changes to December 12, 2011

16  and restricting Creditors offered the opportunity to make the Permitted First Election Changes to

17  those Creditors identified as being eligible therefor in the Declaration Re Post-Confirmation

18  Matters  and the exhibits thereto was fair, in good faith, and is determined to be proper and

19  appropriate.

### 3.    Permitted Second Election Changes

20

21  The Declaration Re Second Opportunity Results reflects that a few Creditors provided

22  responses to the Second Opportunity for Enhanced Distribution that reflected a possible intention

23  to receive the Capped Enhancement Share, but which, absent correction, would yet preclude them

24  from participating in the Capped Enhancement Share as to any Allowed Claim they might hold.

25  The Declaration Re Post-Confirmation Matters reflects that the Committees, Trustee and Lehman

26  Creditors agreed that the Lehman Creditors or Voluntary Debtors' Committee would contact such

27  Creditors and afford them until December 21, 2011 to change their responses (the "Permitted First

28  Election Changes") to properly elect the Capped Enhancement Share, such as by delivering by

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1   December 21, 2011 any necessary Creditor's Assignment/Release for Lehman and/or a Class 3

2   Waiver.

3        Restricting the time for making Permitted Second Election Changes to December 21, 2011

4   and restricting Creditors offered the opportunity to make the Permitted Second Election Changes

5   to those Creditors identified in the exhibits to the Declaration Re Second Opportunity Results as

6   having made elections that would be valid if cured by December 21, 2011, is fair, in good faith,

7   and is determined to be proper and appropriate.

8                    **4.    Reliance Amount Assertion Opportunity**

9        The Declaration Re Post-Confirmation Matters reflects that (a) although the mailing to

10  Creditors for the Second Opportunity for Enhanced Distribution asked each Creditor to indicate

11  the amount of its entire Claim, it did not request that the amount of the Reliance Claim be

12  specified, and (b) to enable calculation of the Capped Enhancement Share for any Creditor, the

13  Committees, Trustee and Lehman Creditors proposed that each Creditor who elected or elects

14  pursuant to a Permitted Second Election Change to receive a Capped Enhancement Share shall be

15  deemed to assert that (i) its Reliance Claim amount equals the lesser of (1) the entire amount of its

16  Claim as asserted in its response to the Second Opportunity for Enhanced Distribution and (2) the

17  Reliance Claim amount for its Claim indicated in Exhibit D of the Fifth Amended Plan and (ii) its

18  General Unsecured Claim amount equals the lesser of its timely filed proof of claim amount, its

19  scheduled Claim amount (if not scheduled as contingent, unliquidated or disputed), and the amount

20  it asserted as its Claim amount in responding to the Second Opportunity for Enhanced

21  Distribution, minus or less the Reliance Claim amount for its Claim.  At the same time, the

22  Declaration Re Post-Confirmation Matters also reflects that the Committees have agreed to arrange

23  that each Creditor who elected to receive a Capped Enhancement Share or is eligible to make a

24  Permitted Second Election Change will receive a further communication giving such Creditor a

25  further opportunity to specify by January 10, 2012 a higher portion of its Claim that it contends is

26  a Reliance Claim or a General Unsecured Claim (the "Reliance Amount Assertion Opportunity").

27        Restricting the time frame for the Reliance Amount Assertion Opportunity to January 10,

28  2012 and deeming any Creditor to have asserted no more than the assumed Reliance Claim amount

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1    and assumed General Unsecured Claim amount reflected in the exhibits to the Declaration Re

2    Second Opportunity Results unless such Creditor timely and properly responds to the Reliance

3    Amount Assertion Opportunity setting forth in such response a higher Reliance Claim amount or

4    higher General Unsecured Claim amount for its Claim, is fair, in good faith, and is determined to

5    be proper and appropriate.

6    **K.**    **Compliance with Section 1129 of the Bankruptcy Code**

7           The Plan complies with all of the requirements set forth in section 1129 of the Bankruptcy

8    Code.  The TD Plan Proponents have met their burden of proving the elements of section 1129(a)

9    of the Bankruptcy Code by a preponderance of the evidence, which is the applicable standard.  The

10   Plan is dated and identifies the TD Plan Proponents as the proponents of the Plan, thereby

11   satisfying the requirements of Bankruptcy Rule 3016(a).

12          **1.**    **The Plan Complies With 11 U.S. C. § 1129(a)(1)**

13          The Plan complies with all applicable provisions of the Bankruptcy Code.

14                  a.    <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>.  Article V

15   of the Plan classifies all Allowed Claims and Allowed Interests against each TD Plan Debtor other

16   than Administrative Claims and Priority Tax Claims, the treatment of which is described in Article

17   IV of the Plan.  Article V of the Plan also designates eleven (11) Classes of Claims (excluding sub-

18   classes) and one (1) Class of Interests.  Each Class is divided into subclasses for Allowed Claims and

19   Allowed Interests against each specific TD Plan Debtor against which the Claim or Interest is

20   asserted and for each Allowed Secured Claim.  The designated classes are as follows:  (i) Class 1

21   (Secured Real Property Tax Claims), (ii) Class 2 (Lehman Secured Claims), (iii) Class 3 (Sr.

22   Secured Mechanic's Lien Claims), (iv) Class 4 (Other Secured Claims), (v) Class 5 (Priority

23   Claims), (vi) Class 6 (Reliance Claims), (vii) Class 7 (General Unsecured Claims), (viii) Class 8

24   (Settling Bond Issuer-Related Future Work Claims), (ix) Class 9 (Interests), Class 10 (SunCal

25   Management Non-Priority Claims); Class 11 (SunCal PSV) (Seller Retained Lot Claim), and Class

26   12 (SunCal PSV) (Designated Lot Claim).  As required by section 1122(a) of the Bankruptcy Code,

27   each of the Claims and Interests, as the case may be, in each particular Class is substantially similar

28   to the other Claims or Interests in such Class.  Valid business, factual, or legal reasons exist for

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

separately classifying the various Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between Holders of Claims and Interests or prejudice the rights of Holders of such Claims or Interests.  The classification of Claims and Interests in the Plan is reasonable and necessary to implement the Plan.  Accordingly, the Plan adequately and properly classifies all Claims and Interests required to be classified and thus satisfies the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code.

b.    Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  Article V of the Plan provides that Class 1 (Secured Real Property Tax Claims), Class 3 (Sr. Secured Mechanic's Lien Claims), Class 4 (Other Secured Claims), Class 5 (Priority Claims), Class 11 (SunCal PSV) (Seller Retained Lot Claim), and Class 12 (SunCal PSV) (Designated Lot Claim) are unimpaired thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

c.    Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  Article VI of the Plan satisfies section 1123(a)(3) of the Bankruptcy Code by specifying the treatment of the impaired Classes under the Plan, which are the following Classes and their subclasses:  Class 2 (Lehman Secured Claims); Class 6 (Reliance Claims); Class 7 (General Unsecured Claims); Class 8 (Settling Bond Issuer-Related Future Work Claims); Class 9 (Interests); and Class 10 (SunCal Management Non-Priority Claims).

d.    No Unfair Discrimination (11 U.S.C. § 1123(a)(4)).  Section 1123(a)(4) of the Bankruptcy Code requires that a plan provide the same treatment for each claim or interest of a particular class, unless the holder agrees to a less favorable treatment of such particular claim or interest.  The Plan provides for the same treatment of Claims and Interests within each Class or subclass, unless the Holder agrees to a less favorable treatment of such particular Claim or Interest.  The Plan thus satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

e.    Implementation of the Plan (11 U.S.C. § 1123(a)(5)).  In accordance with section 1123(a)(5) of the Bankruptcy Code, Article VIII of the Plan describes the means for the Plan's implementation.  Among other things, the Plan, as described in the Disclosure Statement, specifies that the Plan Projects and related Assets are to be transferred to the Lehman Nominees free and clear of Encumbrances, including Liens and interests (other than Permitted Liens), but that any

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS ANGELES , CALIFORNIA

1   Allowed Secured Claims secured by any such Encumbrances are to be left unimpaired through

2   either, at the election of the Lehman Creditors as and to the extent set forth in the Fifth Amended

3   Plan:  (1) cure from the applicable Lehman Nominee or Lehman Plan Funding, and reinstatement

4   with payments thereafter from the applicable Lehman Nominee, provided that, if the original

5   maturity date has passed as of the Effective Date, full lump sum payment on or as soon as

6   practicable after the Effective or (2) by simply leaving unaltered all of the legal, equitable or

7   contractual rights of the Holder of such Allowed Secured Claim and permitting such Holder to

8   pursue it remedies against its collateral under applicable non-bankruptcy law; thus, in each instance,

9   providing adequate protection to the Holders of such Encumbrances.  The Plan also provides for the

10  appointment of a Liquidating Trustee, who will manage each TD Plan Debtor's Estate, shall oversee

11  and effectuate the Distributions to Creditors under the Plan and the liquidation of the Remaining

12  Other Assets, and who shall, subject to the Plan, including the provisions of paragraph 5 (Certain

13  Government Matters) of this Confirmation Order,  effectuate the transfer of the Plan Projects to the

14  Lehman Nominees free and clear of Liens, interests and other Encumbrances other than Permitted

15  Liens, consistent with 11 U.S.C. §§ 1123(a)(5)(B), (D), (E) and (G), 1123(a)(6), and 363(f), and

16  otherwise shall implement the Plan.  Articles IX and X of the Plan also establish a claim

17  objection/resolution and distribution process, under which, *inter alia*, the Lehman Creditors, jointly

18  with the Liquidating Trustee or separately, may file and resolve objections to Claims and requests

19  for determination of Claims' status as Reliance Claims.

20              f.      Additional Plan Provisions (11 U.S.C. § 1123(b)).  The Plan's

21  additional provisions are appropriate and consistent with the applicable provisions of the Bankruptcy

22  Code, thereby satisfying section 1123(b) of the Bankruptcy Code.  The failure to specifically address

23  any other provision of the Fifth Amended Plan in this Confirmation Order shall not diminish or

24  impair the effectiveness of such provision of the Fifth Amended Plan, as modified by this

25  Confirmation Order.

26              g.      Impairment/Unimpairment of Classes of Claims and Interests (11

27  U.S.C. § 1123(b)(1)).  Consistent with section 1123(b)(1) of the Bankruptcy Code, Article V of the

28  Plan lists (i) as unimpaired, Class1 (Secured Real Property Tax Claims), Class 3 (Sr. Secured

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1   Mechanic's Lien Claims), Class 4 (Other Secured Claims), Class 5 (Priority Claims), Class 11

2   (SunCal PSV) (Seller Retained Lot Claim), and Class 12 (SunCal PSV) (Designated Lot Claim) and

3   (ii) as impaired, Class 2 (Lehman Secured Claims), Class 6 (Reliance Claims), Class 7 (General

4   Unsecured Claims), Class 8 (Settling Bond Issuer-Related Future Work Claims), Class 9 (Interests),

5   and Class 10 (SunCal Management Non-Priority Claims).

6              h.      Assumption and Assignment of Executory Contracts and Unexpired

7   Leases (11 U.S.C. § 1123(b)(2)).  Article XI of the Plan, as supplemented by the Plan Supplement

8   and its Assumption List, provides for the assumption and assignment or rejection, as applicable, of

9   the TD Plan Debtors' executory contracts and unexpired leases, and, in the case of assumption, the

10  cure and cure amount, if any, in connection with such assumption.  The TD Plan Proponents filed the

11  Plan Supplement, *inter alia*, listing the executory contracts or unexpired leases to be assumed and

12  assigned under the Plan and sent Plan Supplement Notices advising all other parties to executory

13  contracts or unexpired leases that are not TD Plan Debtors (each a "non-debtor counterparty") to file

14  and serve within thirty (30) days of such notice any Proofs of Claims arising from the rejection of

15  such contracts or leases.  The Bankruptcy Court finds that the TD Plan Proponents have exercised

16  reasonable business judgment in making their decisions with respect to the assumption and

17  assignment, or rejection, as applicable, of such contracts and leases.  The Bankruptcy Court further

18  finds that the inclusion of a contract or other document, instrument, or agreement on the lists of

19  executory contracts and unexpired leases to be assumed and assigned, or rejected is not an

20  acknowledgement by the TD Plan Proponents or TD Plan Debtors that such contract or other

21  document, instrument, or agreement is executory or such lease is unexpired.  The failure of any party

22  to have timely objected to the assumption and assignment or rejection, as applicable, of the TD Plan

23  Debtors' executory contracts and unexpired leases indicates such party's consent to such assumption

24  and assignment or rejection, as applicable, and in the case of an assumed executory contract or

25  assumed unexpired lease, that party's waiver of any and all rights to challenge, object, or otherwise

26  dispute the cure and cure amounts set forth in the Plan Support Documents.  The only unresolved

27  objection to assumption and assignment of executory contracts or unexpired leases is the VSC

28  Contract Objection (as to which Objection, all rights and issues, other than as to confirmation, raised

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES ,  CALIFORNIA

therein are reserved), presently adjourned by the Bankruptcy Court to February 16, 2012 at 2:00 p.m.

as reflected in the Second Villa San Clemente Stipulation.  Accordingly, subject to the VSC Contract

Objection as to the specified contract(s) of Villa San Clemente, LLC with respect to SunCal

Marblehead, the TD Plan Proponents have satisfied the provisions of sections 365 and 1123(b)(2) of

the Bankruptcy Code with respect to the assumption and assignment and rejection of executory

contracts and unexpired leases pursuant to the Plan.

> i.    Settlement or Retention of Claims or Interests (11 U.S.C. §
> 1123(b)(3)).

Under the Plan, as permitted by clause (3) (and clause (6)) of 11 U.S.C. § 1123(b), various

compromises or settlements or adjustments of Claims are effectuated or offered through or in

conjunction with the Plan:  (i) the Lehman Creditors have agreed to provide, *inter alia*, the Lehman

Plan Funding in exchange for, *inter alia*, the Plan Release for Lehman and conveyance of the Plan

Projects and related Assets to the Lehman Nominees; (ii) the Settling Bond Issuer Agreements were

entered into; (iii) pursuant to, *inter alia*, the election of settlement provided by Plan Sections 6.3, 6.6,

and 6.7 and the Second Opportunity for Enhanced Distribution, certain Creditors of the TD Plan

Debtors elected to exchange the Creditor's Assignment / Release for Lehman and/or Claim

Acknowledgment for the Lehman Distribution Enhancement or Capped Enhancement Share and (iv)

the Lehman Creditors and SunCal Management, *inter alia*, are settling, among other things, the

SunCal Management Non-Priority Claims pursuant to the SunCal Parties / Lehman Parties

Settlement as described in Plan Section 6.10.

With respect to the releases in the Plan of the Lehman Released Claims through the Plan

Release for Lehman and Creditors' Assignments / Releases for Lehman, the Bankruptcy Court has

considered the probability of success of litigation with respect to the Lehman Released Claims

against the Lehman Released Parties, the complexity of the litigation and the expense, inconvenience

and delay necessarily attending it, and has considered the paramount interest of Creditors and given

proper deference to their reasonable views.  In so considering, the Bankruptcy Court has informed

itself of all facts necessary for it to form an intelligent and objective opinion of the probabilities of

ultimate success should the Lehman Released Claims against the Lehman Released Parties be

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES ,  CALIFORNIA

litigated and formed an educated estimate of the complexity, expense and likely duration of such litigation and of all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.  The Bankruptcy Court also has considered the treatment of the Lehman Creditors and their obligation to provide the Lehman Plan Funding under the Plan, that the Lehman Creditors have arranged satisfaction of the obligations of the Bond Issuers through the Settling Bond Issuer Agreements and that the Lehman Distribution Enhancement or Capped Enhancement Share are available to certain Creditors.

Comparing the terms of the compromises reflected by and in the Plan with the likely rewards of litigation, the Bankruptcy Court finds all such compromises fair and reasonable.

j.    Other Provisions Not Inconsistent With Provisions of the Bankruptcy Code (11 U.S.C. § 1123(b)(6)).  Article XV of the Plan provides that the Bankruptcy Court's jurisdiction shall not be limited under the Plan and the Bankruptcy Court shall retain jurisdiction over the Cases of the TD Plan Debtors and any of the proceedings related to the Cases of the TD Plan Debtors pursuant to section 1142 of the Bankruptcy Code and 28 U.S.C. § 1334 to the fullest extent permitted by the Bankruptcy Code and other applicable law.

k.    Cure of Defaults (11 U.S.C. § 1123(d)).  Section 11.3 of the Plan provides for the satisfaction of defaults associated with each executory contract and unexpired lease to be assumed pursuant to the Plan in accordance with section 365(b)(1) of the Bankruptcy Code. Except as otherwise stated herein, the Plan Supplement identifies the Cures due to the counterparty to any unexpired lease or executory contract assumed, or to be assumed, pursuant to the Plan. Except as to the Cures subject to the VSC Contract Objection, as to which the Bankruptcy Court's determination is reserved, the Cures are reasonable, proposed in good faith, and in accordance with the underlying agreements and applicable bankruptcy and nonbankruptcy law.  Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

The Plan contains other provisions for implementation that are reasonable and otherwise consistent with sections 1123(a)(7) and 1123(b) of the Bankruptcy Code.

**2.    The TD Plan Proponents Have Complied With 11 U.S.C. § 1129(a)(2)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1      The TD Plan Proponents have complied with the applicable provisions of the Bankruptcy

2  Code, Bankruptcy Rules, and the Solicitation Procedures Order.  The TD Plan Proponents solicited

3  acceptances of the Plan in accordance with the requirements of the Solicitation Procedures Order.

4  As reflected by the affidavits of service regarding the solicitation of the Plan and related materials

5  [Docket Nos. 2706, 2718, 2922, 2931, 2932, 2935, 3233 and 3164], the Solicitation Declaration,

6  and Ballot Declaration, the Ballots of Holders of Claims entitled to vote on the Plan were properly

7  solicited and tabulated.  The TD Plan Proponents have further complied with all provisions of the

8  Bankruptcy Code and the Bankruptcy Rules governing notice of the Confirmation Hearing, Plan,

9  approval of the Disclosure Statement and all other matters considered by the Bankruptcy Court in

10  the Cases of the TD Plan Debtors.

11         **3.      Plan Proposed in Good Faith – 11 U.S. C. § 1129(a)(3)**

12      The Bankruptcy Court has examined the totality of the circumstances surrounding the

13  formulation of the Plan and has considered the Wilson Declarations, Camerik Declaration, Rutner

14  Declaration, Ziehl Declarations, Riordan Declaration, Solicitation Declaration, Ballot Declaration,

15  and the record of the Cases of the TD Plan Debtors, including the Disclosure Statement Hearing

16  and the Confirmation Hearing.  Based on the foregoing evidence, the Bankruptcy Court hereby

17  finds and concludes that:  (i) the Plan and Plan Support Documents are the result of extensive,

18  arm's-length negotiations between and among the TD Plan Proponents and the key constituencies

19  in the Cases of the TD Plan Debtors; (ii) the TD Plan Proponents' solicitation of votes regarding

20  the Plan has been conducted in good faith and in compliance with the applicable provisions of the

21  Bankruptcy Code; and (iii) the Plan and Plan Support Documents have been proposed in good

22  faith, in compliance with the Bankruptcy Code and not by any means forbidden by law.

23  Moreover, the Plan has been accepted by the requisite Holders of Claims in all Classes that were

24  entitled to vote on the Plan.  Further, pursuant to Bankruptcy Rule 3020(b)(2), the Bankruptcy

25  Court may determine compliance with section 1129(a)(3) of the Bankruptcy Code without

26  receiving any evidence on such issues, and no entity has filed an objection to confirmation of the

27  Plan on the grounds that the Plan was not proposed in good faith or by any means forbidden by

28  law other than the Plan Objections of the Voluntary Debtors, Acquisitions, and SunCal

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES ,  CALIFORNIA

1  Management, LLC [Docket Nos. 2834 and 3054] that were withdrawn by the SunCal Withdrawal.

2  Therefore, the Bankruptcy Court finds and concludes that the Plan has been proposed in good faith

3  and complies with the requirements of section 1129(a)(3) of the Bankruptcy Code, and, thus, that

4  the Lehman Nominees are entitled to the protections of section 363(m) of the Bankruptcy Code in

5  connection with the transfers of the Plan Projects and related Assets.

6  **4.  Payments for Services and Costs – 11 U.S.C. § 1129(a)(4)**

7  All fees and costs of Professionals incurred on or before the Effective Date shall be subject

8  to the approval of the Bankruptcy Court as reasonable, in accordance with section 1129(a)(4) of

9  the Bankruptcy Code.  Section 4.1(b)(i) of the Plan requires that Professionals must file their final

10  applications for such Professional Fees by the General Administrative Claims Bar Date.

11  **5.  Post-Confirmation Management – 11 U.S.C. § 1129(a)(5)**

12  Based on the Plan Support Documents, the evidence admitted and the statements of counsel

13  at the Confirmation Hearing and the Bankruptcy Court's prior appointment of the Trustee for the

14  Cases of the Trustee Debtors, the Bankruptcy Court finds that Steven M. Speier, the Trustee of the

15  Trustee Debtors, is qualified to serve as Liquidating Trustee and his proposed service will be in the

16  best interests of the TD Plan Debtors and their Estates, and consistent with the interests of

17  creditors and public policy.  Accordingly, the Plan complies with the requirements set forth in

18  section 1129(a)(5) of the Bankruptcy Code.

19  **6.  No Rates Subject to Regulation – 11 U.S.C. § 1129(a)(6)**

20  There are no rates applicable to the TD Plan Debtors over which any governmental

21  regulatory commission has or will have jurisdiction after confirmation of the Plan.  Therefore, the

22  Plan complies with section 1129(a)(6) of the Bankruptcy Code.

23  **7.  Best Interests – 11 U.S.C. § 1129(a)(7)**

24  As to Holders of Allowed Claims or Allowed Interests that did not or are not deemed to

25  vote to accept the Plan, each Holder will receive under the Plan on account of such Allowed Claim

26  or Allowed Interest property of a value as of the Effective Date not less than the amount such

27  Holder would receive or retain if the TD Plan Debtors were liquidated under chapter 7 of the

28  Bankruptcy Code as of the Effective Date.  As supported by the Wilson Funding Declaration, in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1   the event the Cases of the TD Plan Debtors were converted to proceedings under chapter 7 of the

2   Bankruptcy Code, the chapter 7 trustee for the TD Plan Debtors would not be able to disburse to

3   Holders of Allowed Claims amounts higher than those projected under the Plan.  Moreover,

4   conversion of the Cases of the TD Plan Debtors would be accompanied by additional costs and

5   delay, thereby further diluting amounts available for distribution to Holders of Allowed Claims.

6   Therefore, the Plan will provide a superior recovery to Creditors compared to conversion of the

7   Cases of the TD Plan Debtors.  Accordingly, Confirmation of the Plan is in the best interests of

8   Creditors as required by section 1129(a)(7) of the Bankruptcy Code.

9   **8.     Acceptance – 11 U.S. C. § 1129(a)(8)**

10   Class 1 (Secured Real Property Tax Claims), Class 3 (Sr. Secured Mechanic's Lien

11   Claims), Class 4 (Other Secured Claims), Class 5 (Priority Claims), Class 11 (SunCal PSV) (Seller

12   Retained Lot Claim), and Class 12 (SunCal PSV) (Designated Lot Claim) are unimpaired under

13   the Plan and, accordingly, Holders of Claims in these Classes are conclusively presumed to have

14   accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

15   The Holders of Allowed Claims impaired under, and entitled to vote on, the Plan were

16   given adequate opportunity to vote to accept or reject the Plan.  As set forth in the Ballot

17   Declaration and based on various parties' motions to change votes, including those of Arch,

18   Acquisitions and SunCal Management, LLC, all of which were granted, the Plan has been

19   accepted, within the meaning of section 1126(c) of the Bankruptcy Code, by all Classes that are

20   impaired and entitled to vote on the Plan, which are the following Classes and all of their

21   subclasses:  Class 2 (Lehman Secured Claims), Class 6 (Reliance Claims), Class 7 (General

22   Unsecured Claims), Class 8 (Settling Bond Issuer-Related Future Work Claims), and Class 10

23   (SunCal Management Non-Priority Claims).

24   Accordingly, the Plan complies with section 1129(a)(8) of the Bankruptcy Code as to all

25   Classes of Claims under the Plan, but not as to the Class 9 Interests..

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS  AT LAW
LOS ANGELES , CALIFORNIA

9.      **Administrative Claims, Priority Tax Claims and Secured Real Property Tax Claims – 11 U. S. C. § 1129(a)(9)**

Except to the extent a particular Holder of a Claim and the Lehman Creditors agree otherwise, all Allowed Administrative Claims, Allowed Priority Tax Claims and Allowed Secured Real Property Tax Claims will be paid in full in accordance with the provisions of Article IV of the Plan and Plan Section 6.1.  Accordingly, the Plan satisfies section 1129(a)(9) of the Bankruptcy Code.  Payment of Professional Fees shall be subject to the approval of the Bankruptcy Court.  As to the Secured Real Property Tax Claims of Los Angeles Tax Collector (which include the Claims addressed in the Objection of Castaic Union) and of Alameda County, the determination of the ultimate amount of cure for such Secured Real Property Tax Claims will be determined by separate order of the Bankruptcy Court after a hearing presently scheduled for March 21, 2012 at 2:00 p.m. before the Bankruptcy Court, which hearing may occur after the Confirmation Date or Effective Date.  Based upon the LA County-Alameda County Tax Claim Objection Stipulation, pursuant to which the Bankruptcy Court has established a briefing schedule, no "Damages Motion" as referenced in Plan Section 10.2.4 needs to be filed to preserve the Taxing Authority Objections (which include the Claims addressed in the Objection of Castaic Union).

10.      **Acceptance by Non-Insider Impaired Class – 11 U. S. C. § 1129(a)(10)**

As set forth in the Ballot Declaration, Classes 6, 7, 8 and 10, all entitled to vote on the Plan and each of which is impaired, voted to accept the Plan by the requisite majorities, in accordance with section 1126 of the Bankruptcy Code, determined without including any acceptance of the Plan by any insider, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

11.      **Feasibility – 11 U. S. C. § 1129(a)(11)**

Statements and evidence set forth in the Disclosure Statement and the Plan Support Documents are (i) persuasive and credible, (ii) have not been controverted by other evidence or validly challenged in any of the Objections or at the Confirmation Hearing, and (iii) establish that the Plan is likely to succeed because the Lehman Creditors have Cash or access to Cash in an amount that exceeds the amount of payments required under the Plan to be made on the Effective

Date with respect to Allowed Claims or for other expenses and sufficient for the Lehman Creditors to satisfy their obligations under the Plan following the Effective Date with respect to the Lehman Plan Funding and otherwise.  Accordingly, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

**12.    Fees Payable Under 28 U.S.C. § 1930 – 11 U.S. C. § 1129(a)(12)**

As set forth in Plan Section 17.2, all outstanding fees payable to the United States Trustee will be paid on or prior to the Effective Date of the Plan.  Therefore, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

**13.    No Retiree Benefits – 11 U.S. C. § 1129(a)(13)**

The TD Plan Debtors do not provide "retiree benefits" as defined in section 1114(a) of the Bankruptcy Code.  Accordingly, the Plan satisfies section 1129(a)(13) of the Bankruptcy Code.

**14.    No Domestic Support Obligations – 11 U.S.C. § 1129(a)(14)**

The TD Plan Debtors are not required by a judicial or administrative order, or by statute, to pay any domestic support obligations.  Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in the Cases of the TD Plan Debtors.

**15.    Debtors Are Not Individuals – 11 U.S.C. § 1129(a)(15)**

The TD Plan Debtors are not individuals and, accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in the Cases of the TD Plan Debtors.

**16.    No Applicable Nonbankruptcy Law Regarding Transfers – 11 U.S.C. § 1129(a)(16)**

The TD Plan Debtors are moneyed, commercial, business entities and, accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in the Cases of the TD Plan Debtors.

**L.    Confirmation Despite Class 9 Non-Acceptance – 11 U.S.C. § 1129(b)**

In the Plan and at the Confirmation Hearing, the TD Plan Proponents requested Confirmation despite the deemed non-acceptance of Class 9 Interests.  Because there is only one Class of Interests under the Plan as to each TD Plan Debtor, with respect to Class 9 Interests, the Plan does not discriminate unfairly (no similar Class of Interests is receiving something more than Class 9 Interests) and is fair and equitable (no junior Class of Interests receives anything under the Plan).

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES  , CALIFORNIA

Accordingly, section 11 U.S.C. § 1129(b) is satisfied and the Plan may be confirmed despite the non-acceptance of Class 9 Interests.

**M.**     **Only One Plan – 11 U.S.C. § 1129(c)**

In light of the SunCal Withdrawal, the Plan is the only plan in the Cases of the TD Plan Debtors that has met the requirements of sections 1129(a) and (b) of the Bankruptcy Code and, accordingly, section 1129(c) of the Bankruptcy Code is satisfied.

**N.**     **Principal Purpose of Plan not Avoidance of Taxes – 11 U.S. C. § 1129(d)**

No Remaining Objection is an objection of a governmental unit seeking to prevent Confirmation due to any alleged tax avoidance intent.  Moreover, statements and evidence set forth in the Disclosure Statement and the Plan Support Documents establish to the Bankruptcy Court's satisfaction that the Plan is designed to enable the Lehman Creditors to obtain conveyance of the Plan Projects and related Assets to the Lehman Nominees free and clear of Encumbrances (other than Permitted Liens), compromise their disputed Secured Claims against the TD Plan Debtors and enable payment of Allowed Claims of Creditors of the TD Plan Debtors, such that the principal purpose of the Plan is not the avoidance of taxes.  Therefore, the Plan satisfies section 1129(d) of the Bankruptcy Code.

## II.

## ORDER CONFIRMING PLAN

Based upon the foregoing findings of fact and conclusions of law and all matters considered in connection therewith,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED IN THE CASES OF THE TD PLAN DEBTORS THAT**::

**1.**     **Plan Confirmed**

All requirements for confirmation of the Plan have been satisfied.  The Plan (which is the Fifth Amend Plan [filed with the Bankruptcy Court November 29, 2011 as Docket No. 3336], as modified hereby and by the other Plan Modifications) is **CONFIRMED** in its entirety pursuant to section 1129 of the Bankruptcy Code.  The terms of the Plan, the Plan Supplement, and any other

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT  LAW
LOS ANGELES , CALIFORNIA

documents filed in connection with the Plan and/or executed or to be executed in connection with the transactions contemplated by the Plan (collectively, the "Plan Documents") form an integral part of this Confirmation Order.

**2.    Settlements and Compromises Approved**

The Bankruptcy Court hereby approves all of the compromises contained in, made part of or related to the Plan, including, without limitation, (a) the exchange of, *inter alia*, the Lehman Plan Funding being provided by the Lehman Creditors, for, *inter alia*, the Plan Release for Lehman and conveyance of the Plan Projects and related Assets to the Lehman Nominees; (b) the Settling Bond Issuer Agreements; (c) the exchange by certain Creditors of the TD Plan Debtors of the Creditor's Assignment / Release for Lehman and/or Claim Acknowledgement for the Lehman Distribution Enhancement or Capped Enhancement Share and (d) the SunCal Parties / Lehman Parties Settlement.  At the same time, the Plan and this Confirmation Order do not and are not intended to supersede settlements separately entered into during these Cases between non-debtor parties. Thus, by example, the Settling Bond Issuer Agreements shall control the obligations and rights of the parties thereto as set forth therein.

**3.    Modifications or Alterations to Plan Approved**

The Plan Modifications are approved and each Holder of a Claim that accepted or rejected the Solicited Third Amended Plan is deemed to have accepted or rejected, as the case may be, the Plan (which includes the Plan Modifications).

**4.    Objections**

Included in this Confirmation Order, among other things, is stipulated language set forth in the BIMID Stipulation, Fidelity National Title Stipulation and Government Stipulation and a stipulated provision agreed among the Lehman Creditors and Utilities at the Confirmation Hearing. To the extent not resolved herein, all Objections that have not been withdrawn or resolved prior to the entry of this Confirmation Order, other than the Remaining Objections, are expressly overruled in all respects, and all withdrawn Objections, if any, are deemed withdrawn with prejudice.

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES ,  CALIFORNIA

**5.    Certain Government Matters**

Consistent with the BIMID Stipulation and the Government Stipulation, and notwithstanding any other provision of this Confirmation Order to the contrary, the following provisions are included herein as an integral part of this Confirmation Order and a modification to the Plan:

**a.    Assignment of Specified Government Permits**

Under the Plan, this Confirmation Order, a Sale Order, any Order relating to executory contracts issued in connection with the Plan, or any other implementing Plan documents (collectively, the "Applicable Plan Documents"), certain licenses or permits issued by the United States or the State of California to which one or more of the TD Plan Debtors is a party, permittee or licensee (collectively, the "Government Permits") may be, *inter alia*, assigned ("Assigned") by the applicable Estate to another person or entity ("Assignee").

The TD Plan Proponents acknowledge that the following Government Permits (the "Specified Government Permits") are not executory and, thus, not assumed or rejected under the Plan, but they are Assigned pursuant to the Plan. The effects of a Specified Government Permit being Assigned are that (i) the interests of the applicable Estate therein shall be vested in the applicable Assignee on or after the Effective Date, subject to compliance with applicable law with respect to assignment of such Specified Government Permits, and (ii) the Specified Government Permit shall be enforceable and effective, and the Assignee shall be bound by the terms and conditions of the applicable Specified Government Permit, as and to the extent provided under applicable non-bankruptcy law. The Specified Government Permits are as follows:

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS    AT  LAW
LOS  ANGELES ,  CALIFORNIA

**TD PLAN DEBTOR PROJECTS – STATE AND FEDERAL PERMITS**

| | Government Entity | Government Permits | Applicable TD Plan Debtor | Government Contact |
|---|---|---|---|---|
| A. | U.S. Army Corps of Engineers | Department of the Army Nationwide Permit Authorization issued August 10, 2004 (No. 2004-00762-JPL) | LB/L – SunCal Oak Valley LLC | Jason Lambert Project Manager Regulatory Division U.S. Army Corps of Engineers 915 Wilshire Blvd. Los Angeles, CA 90017 |
| B. | U.S. Army Corps of Engineers | Department of the Army Nationwide Permit Authorization issued March 4, 2005 (No. 2005-00878-JPL) | LB/L – SunCal Oak Valley LLC | Jason Lambert Project Manager Regulatory Division U.S. Army Corps of Engineers 915 Wilshire Blvd. Los Angeles, CA 90017 |
| C. | U.S. Army Corps of Engineers | Department of the Army Permit effective November 14, 2005, amended October 5, 2010 (Permit No. 98-00585-AOA) | LB/L – SunCal Northlake LLC | Dr. Aaron Allen Chief, North Coast Branch Regulatory Division U.S. Army Corps of Engineers 2151 Alessandro Drive, Suite 110 Ventura, CA 93001 |
| D. | U.S. Army Corps of Engineers | Department of the Army Permit effective February 22, 2006 (Permit No. 2005-00412-JPL) | SunCal Heartland LLC | Jason Lambert Project Manager Regulatory Division U.S. Army Corps of Engineers 915 Wilshire Blvd. Los Angeles, CA 90017 |
| E. | U.S. Army Corps of Engineers | Department of the Army Permit effective January 27, 2004, amended May 2, 2005 (Permit No. 2003-00978-CJF) | SunCal Marblehead LLC | Karen A. Goebel, Assistant Field Supervisor Jill Terp, Biologist U.S. Fish and Wildlife Service Carlsbad Fish and Wildlife Office 6010 Hidden Valley Road Carlsbad, CA 92009

Corice Farrar Chief, Orange and Riverside Counties Section Regulatory Division U.S. Army Corps of Engineers 915 Wilshire Blvd. Los Angeles, CA 90017 |

| | Government Entity | Government Permits | Applicable TD Plan Debtor | Government Contact |
|---|---|---|---|---|
| F. | U.S. Army Corps of Engineers | Department of the Army Permit effective June 11, 1998 (Permit No. 1994-00393) | Delta Coves Venture LLC | Assistant Field Supervisor U.S. Fish and Wildlife Service 2800 Cottage Way, Room W-2605, Sacramento, CA 95825<br><br>Michael S. Jewell Chief, Regulatory Division U.S. Army Corps of Engineers, Sacramento District 1325 J Street Sacramento, CA 95814 |
| G. | California State Water Resources Control Board | General Permit to Discharge Storm Water Associated with Construction Activity (WDID No. 7 33C337478) | SunCal PSV, LLC | Michael A.M. Lauffer Chief Counsel California State Water Resources Control Board 1001 I Street Sacramento, CA 95814 |
| H. | California State Water Resources Control Board | General Permit to Discharge Storm Water Associated with Construction Activity (WDID No. 8 33C339343) | SunCal Heartland LLC | Michael A.M. Lauffer Chief Counsel California State Water Resources Control Board 1001 I Street Sacramento, CA 95814 |
| I. | California Department of Fish and Game | Agreement Regarding Proposed Stream or Lake Alteration (No. II-529-96), dated September 30, 1996 | Delta Coves Venture LLC | Thomas Gibson Chief Counsel Department of Fish and Game 1416 9th Street, 12th Floor, Sacramento, CA 95814 |
| J. | California Department of Fish and Game | Agreement Regarding Proposed Stream or Lake Alteration (No. 1600-2004-0021-R6), dated July 28, 2004 | LB/L – SunCal Oak Valley LLC | Thomas Gibson Chief Counsel Department of Fish and Game 1416 9th Street, 12th Floor, Sacramento, CA 95814 |
| K. | California Department of Fish and Game | Agreement Regarding Proposed Stream or Lake Alteration (No. R5-378-99), dated December 20, 2000 | SunCal Marblehead LLC | Thomas Gibson Chief Counsel Department of Fish and Game 1416 9th Street, 12th Floor, Sacramento, CA 95814 |
| L. | California Department of Fish and Game | Agreement Regarding Proposed Stream or Lake Alteration (No. 1600-2005-0225-R6), dated, September 6, 2005 | SunCal Heartland LLC | Thomas Gibson Chief Counsel Department of Fish and Game 1416 9th Street, 12th Floor, Sacramento, CA 95814 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | Government Entity | Government Permits | Applicable TD Plan Debtor | Government Contact |
|---|---|---|---|---|
| M. | California Department of Fish and Game<br><br>U.S. Fish and Wildlife Service | Conditional Concurrence with the Special 4(d) Rule Interim Habitat Loss Mitigation Plan for Marblehead Coastal Development Project, dated April 7, 2005 | SunCal Marblehead LLC | Thomas Gibson<br>Chief Counsel<br>Department of Fish and Game<br>1416 9th Street, 12th Floor,<br>Sacramento, CA 95814 |
| N. | Resources Agency of California, Department of Conservation | Permits to Conduct Well Operations (Permit Nos. 104-0173, 104-0126, 104-0172, 104-0184, 104-0185, and 104-0125) | SunCal Torrance Properties LLC | Bruce Reeves<br>Chief Counsel<br>Department of Conservation<br>1416 Ninth Street<br>Sacramento, CA 95814 |
| O. | California Regional Water Quality Control Board | Clean Water Act Section 401 Water Quality Standards Certification (No. 200400762-JPL) dated August 6, 2004 | LB/L – SunCal Oak Valley LLC | Michael A.M. Lauffer<br>Chief Counsel<br>California State Water Resources Control Board<br>1001 I Street<br>Sacramento, CA 95814 |
| P. | California Regional Water Quality Control Board | Clean Water Act Section 401 Water Quality Standards Certification (No. 5B07CR00009), dated May 21, 2003 | Delta Coves Venture LLC | Michael A.M. Lauffer<br>Chief Counsel<br>California State Water Resources Control Board<br>1001 I Street<br>Sacramento, CA 95814 |
| Q. | California Regional Water Quality Control Board | Clean Water Act Section 401 Water Quality Standards Certification (No. 200500412-JPL), dated April 28, 2005 | SunCal Heartland LLC | Michael A.M. Lauffer<br>Chief Counsel<br>California State Water Resources Control Board<br>1001 I Street<br>Sacramento, CA 95814 |
| R. | California Regional Water Quality Control Board | Clean Water Act Section 401 Water Quality Standards Certification (No. 99C-164), dated August 1, 2000 | SunCal Marblehead LLC | Michael A.M. Lauffer<br>Chief Counsel<br>California State Water Resources Control Board<br>1001 I Street<br>Sacramento, CA 95814 |
| S. | California Coastal Commission | Coastal Development Permit, dated March 27, 2006 (Permit No. 5-03-013), as amended | SunCal Marblehead LLC | Hope Schmeltzer<br>Chief Counsel<br>California Coastal Commission<br>45 Fremont St.<br>San Francisco, CA 94105-2219 |
| T. | California Coastal Commission | Condition Subsequent Agreement, dated March 24, 2006, pertaining to Coastal Development Permit No. 5-03-013, as amended | SunCal Marblehead LLC | Hope Schmeltzer<br>Chief Counsel<br>California Coastal Commission<br>45 Fremont St.<br>San Francisco, CA 94105-2219 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES ,  CALIFORNIA

With respect to any bond posted in connection with any Specified Government Permit, the

Applicable Plan Documents shall not affect such bonds (which the applicable government entity

would not be expected to release until such time, if any, that the applicable government entity

approves a replacement bond).

### b. Certain Government Issued Deed and Government Interests are Permitted Liens or Not "Encumbrances"

Those certain deeds entitled (i) "Quitclaim Deed Former Naval Medical Center Oakland

With Environmental Restrictions Pursuant to California Civil Code § 1471," recorded on March 30,

2006 in the official records of Alameda County, California as document number 2006123016 and

(ii) "Quitclaim Deed 18 Officer Housing Units at the Former Naval Medical Center Oakland With

Environmental Restrictions Pursuant to California Civil Code § 1471," recorded on August 15, 2005

in the official records of Alameda County, California, as document number 2005348212

(collectively, the "Government Issued Deeds") are among the items listed as Permitted Liens with

respect to the applicable Oak Knoll Project of Trustee Debtor, SunCal Oak Knoll.

The interests of the United States Army Corps of Engineers ("Corps"), US Fish and Wildlife

Service ("USFWS"), California Department of Fish and Game ("CDFG"), California Regional

Water Quality Control Board ("RWQCB"), California Department of Conservation ("CDC"), or

California Coastal Commission ("CCC" and each of the Corps, USFWS, CDFG, RWQCB, CDC

and/or CCC, a "Specified Government Entity") that concern any real property of a TD Plan Debtor

and that are any of (i) a mitigation obligation pursuant to a provision of law, (ii) a permit, (iii) a

permit verification, (iv) a conservation easement or (v) a restrictive covenant (the "Government

Interests"), either may be Permitted Liens, if so listed in accordance with the Plan, or shall not be

regarded as an "Encumbrance" under the Plan at all; and neither the Applicable Plan Documents in

and of themselves, nor such documents as interpreted in connection with section 363(f) of the

Bankruptcy Code, shall effectuate the cancellation or release of such Government Interests.  Further,

any Government Interest of any Specified Government Entity that is a conservation easement or

restrictive covenant and the Government Issued Deeds shall have the full legal effect of such

instrument under applicable non-bankruptcy law as to the owner of the applicable real property.

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES ,  CALIFORNIA

### c.  Bethel Island Municipal Improvement District

Nothing contained in this Confirmation Order or in the Plan does (or shall) in any way whatsoever extinguish, negate, limit, impair, modify or otherwise affect (collectively, "Affect") whatever authority BIMID has under applicable non-bankruptcy law to exercise the full extent of its police powers and the powers granted to it under the Bethel Island Municipal Improvement District Act, as amended, and, thus, to exercise any of its powers reflected in any ordinances, rules or procedures adopted pursuant to those powers in connection with the Delta Coves Project, provided that: (1) neither the Confirmation Order, nor Plan shall cause any terms, conditions, covenants, other provisions or obligations of any agreement or contract ("Contract Obligations for BIMID"), to the extent such Contract Obligations for BIMID solely emanate from an unassumed contract or agreement with Delta Coves Venture, LLC or other prior owner of the Delta Coves Project ("Unassumed Contract Obligations for BIMID"), to become enforceable against the Lehman Nominee or its successors or assigns; and (2) BIMID will not seek to enforce, against Lehman Nominee or its successors or assigns, the Unassumed Contract Obligations for BIMID.  Nothing contained in this Confirmation Order, however, shall adjudicate that BIMID is party to any executory contract with Delta Coves.

Further, nothing contained in this Confirmation Order, the Plan or any Settling Bond Issuer Agreements shall in any way whatsoever Affect BIMID's rights and interests under any performance bonds with respect to the Delta Coves Project.

### 6.  Omission of Reference to Particular Plan Provisions and Inconsistencies

The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Bankruptcy Court that the Plan be approved and confirmed in its entirety as to each TD Plan Debtor.  In the event of any actual inconsistencies between the Fifth Amended Plan and this Confirmation Order, this Confirmation Order governs and controls.

### 7.  Lehman Distribution Enhancement and Capped Enhancement Share

The Lehman Distribution Enhancement only needs to be made available by the Lehman Creditors with respect to the Allowed Claims of those Creditors entitled thereto under the Fifth

1    Amended Plan who timely and properly elected the Lehman Distribution Enhancement as

2    determined in accordance herewith.

3            The Capped Enhancement Share only needs to be made available by the Lehman Creditors

4    with respect to the Allowed Claims of those Creditors entitled to the opportunity to elect the Lehman

5    Distribution Enhancement under the Fifth Amended Plan who timely and properly elected the

6    Capped Enhancement Share as determined in accordance herewith.

7    **8.    Claims Bar Dates**

8            In addition to the Primary Claims Bar Date and any other bar dates (or deadlines) previously

9    or otherwise established in the Cases of the TD Plan Debtors, and without in any way diminishing

10   the requirements of, or consequences for failing to comply with, such other bar dates or deadlines,

11   the following bar dates or deadlines are applicable under or consistent with the Plan.  Failure to have

12   properly and timely filed a proof of Claim in accordance with the requirements set forth herein, in

13   the Plan or in the Plan Supplement Notices forever bars any person from (i) asserting any Claim

14   against the TD Plan Debtors' Estates, Liquidating Trustee, or Lehman Released Parties, (ii) sharing

15   in any distribution under the Plan with respect to such Claim or (iii) asserting a Lien against any Plan

16   Project or related Asset, except to the extent the Lien was duly perfected prior to the applicable

17   Petition Date and as to any such duly perfected Lien, the holder is limited to the remedies and

18   treatment provided by the Plan.  With respect to any Claims that may be properly and timely filed,

19   the exchange of a Creditors' Assignment / Release for Lehman for the Lehman Distribution

20   Enhancement is a settlement offer under the Plan to be effectuated through the voting / balloting

21   process for the Plan or the Second Opportunity for Enhanced Distribution and is not available

22   thereafter or otherwise.  Any Proof of Claim filed after the Confirmation Date is to be

23   simultaneously served upon the Lehman Creditors and, if filed before the Effective Date, served

24   upon the Trustee and, if filed from or after the Effective Date, served upon the Liquidating Trustee.

25        **a.    Administrative Claim Bar Date [Plan Section 4.1]**

26           Any Administrative Claim that is subject to an Administrative Claim Bar Date and not filed

27   by the applicable Administrative Claim Bar Date shall not be Allowed, and no Distribution shall be

28   made on account of any such Administrative Claim.

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

### (i)     General Administrative Claim Bar Date

All applications of Professionals for final Professional Fees for services rendered and for reimbursement of expenses incurred on or before the Effective Date and all other requests for payment of Administrative Claims incurred before the Effective Date under sections 507(a)(2) or 507(b) of the Bankruptcy Code (except only for (i) post-petition, ordinary course trade obligations and routine post-petition payroll obligations incurred in the ordinary course of the TD Plan Debtors' postpetition business, for which no bar date shall apply, and (ii) post-petition tax obligations, for which the bar date described in the following paragraph shall apply) shall be filed with the Bankruptcy Court and served upon the Liquidating Trustee no later than the General Administrative Claim Bar Date (the first Business Day following the sixtieth (60th) day after the Confirmation Date), unless such date is extended by the Bankruptcy Court after notice to the Liquidating Trustee. Any party that seeks payment of Administrative Claims that is required to file a request for payment of such Administrative Claims and does not file such a request by the deadline established in the Plan, shall be forever barred from asserting such Administrative Claims against the TD Plan Debtors, their properties or assets or the successors thereto, including, without limitation, the Liquidating Trustee, Lehman Nominees and the TD Plan Debtors' Estates.

### (ii)     Administrative Tax Claim Bar Date

All requests for payment of Administrative Claims by a governmental unit for Taxes (and for interest and/or penalties related to such Taxes) for any tax year or period, all or any portion of which occurs or falls within the period from and including the applicable Petition Date through and including the Effective Date ("Administrative Tax Claims") and for which no bar date has otherwise previously been established, must be filed and served on the Liquidating Trustee on or before the later of: (1) sixty (60) days following the Effective Date; or (2) 180 days following the date that the tax return for such tax year or period to which such Taxes relate is required to be filed with the applicable governmental unit. Any Holder of an Administrative Tax Claim that is required to file a request for payment of such Taxes and does not file and properly serve such a request by the applicable bar date shall be forever barred from asserting any such Administrative Tax Claims

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
LOS ANGELES , CALIFORNIA

1  against the TD Plan Debtors, their properties or assets or the successors thereto, including, without

2  limitation, the Liquidating Trustee, Lehman Nominees and the TD Plan Debtors' Estates.

3  **b.**  **Unsecured Deficiency Claim Bar Date [Plan Sections 6.3.5 & 6.4.3]**

4  If a Holder of an Allowed Sr. Secured Mechanic's Lien Claim or Allowed Other Secured

5  Claim against a TD Plan Debtor contends it holds or wishes to assert an Unsecured Deficiency

6  Claim related to its Allowed Sr. Secured Mechanic's Lien Claim or Allowed Other Secured Claim,

7  as applicable, then, by the Unsecured Deficiency Claims Bar Date (which is no later than the first

8  Business Day that is at least thirty (30) days following the Effective Date) and regardless of any

9  prior Filing of one or more Proofs of Claim by such Holder, such Holder must file (and serve upon

10  the Liquidating Trustee and the Lehman Creditors) an amended Proof of Claim (in compliance with

11  Bankruptcy Rule 3001) asserting, inter alia, the amount of such Unsecured Deficiency Claim.  Any

12  such Unsecured Deficiency Claim, if Allowed, shall be treated as a General Unsecured Claim in

13  Class 7.

14  **c.**  **Bar Date for Rejection Claims [Plan Section 11.7 & Plan Supplement Notices]**

15  The Primary Bar Date or other applicable bar dates or deadlines apply to the time and manner

16  of filing and serving any Claim arising from the breach of a prepetition contract or prepetition lease

17  with a TD Plan Debtor unless, as of the applicable Petition Date, the subject contract was executory

18  or subject lease was unexpired.  For rejections of such executory contracts or such unexpired leases

19  occurring prior to Confirmation, Claims arising from such rejection ("Rejection Claims") must have

20  been properly filed and served by the later of March 31, 2009 or thirty (30) days following the date

21  of entry of the order of the Bankruptcy Court approving rejection.

22  For executory contracts or unexpired leases subject to the VSC Contract Objection, if any

23  such contract or lease is rejected or to be rejected, Rejection Claims, if any, must be filed, in each

24  case, by thirty (30) days after the earlier of the date (i) of any deemed rejection of such contract or

25  lease or (ii) notice of the definitive rejection of such contract or lease is served on, or otherwise

26  received by or given to, the non-debtor counterparty to such contract or lease.

27  For other rejections under or pursuant to the Plan, Rejection Claims must have been or be

28  properly filed and served no later than thirty (30) days after the earlier of (1) the Confirmation Date

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES , CALIFORNIA

1   and (2) service upon the non-debtor counterparty to the executory contract or unexpired lease of any

2   notice of the rejection of the executory contract or unexpired lease, which would include, without

3   limitation:  (A) service on such person of any Plan Supplement Notice that did not notify the person

4   of the intended assumption and assignment of such contract or lease; and (B) notice of any order

5   specifically providing for rejection of such contract or lease.  Thus, for any Creditor that received

6   notice of the rejection of an executory contract or unexpired lease through the September 22

7   Assumption/Rejection Notice, the bar date for filing a Rejection Claim was October 24, 2011 and for

8   any Creditor that received notice of such rejection through the September 26 Plan Supplement

9   Notice, the bar date for filing a Rejection Claim was October 26, 2011.

10      **d.   Supplemental Claims Bar Date [Plan, Exhibit E, definition no. 203]**

11      For Claims (other than Administrative Claims) as to which no earlier deadline for filing the

12   Proof of Claim is applicable, a Proof of Claim with respect to such Claim must be or have been

13   properly filed and served no later than thirty (30) days following service of any Supplemental

14   Claims Bar Date Notice.

15      **9.   Certain Other Notifications and Presumptions under the Plan**

16      (a)   With respect to the alternative treatments afforded for each subclass of Allowed

17   Secured Claims in Classes 1, 3 and 4:

18          (i)   Class 1:  As provided in Plan Section 6.1.3, each Holder of an Allowed

19   Secured Real Property Tax Claim is to receive, in full and final satisfaction of such Holder's

20   Allowed Secured Real Property Tax Claim, the treatment described in Plan Section 6.1.3(a) (Lump

21   Sum Cure Payment - Section 1124(2) Unimpairment) unless the applicable Lehman Creditor selects

22   and notifies the Holder in writing prior to the Effective Date of such Lehman Creditor's selection of

23   the treatment alternative described in Plan Section 6.1.3(b) (Quarterly Payments).  Thus, absent such

24   written notification, each Holder of an Allowed Secured Real Property Tax Claim is to be paid Cash

25   on the Effective Date equal to the Base Amount and Minimum Damages (as defined in Plan Section

26   6.1.3(a)), payment of which shall fully satisfy such Holder's Allowed Secured Real Property Tax

27   Claim, provided that only the Los Angeles Tax Collector and Alameda County (which each have

28   timely filed an Additional Damages Statement, as defined in, and required by, Plan Section 10.2.4)

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
LOS ANGELES , CALIFORNIA

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT  LAW
LOS ANGELES , CALIFORNIA

also shall be paid, with respect to their Allowed Secured Real Property Tax Claims (which include

the Claims addressed in the Objection of Castaic Union), the Additional Damages or Additional

Interest,[2] if any, as determined by separate order of the Bankruptcy Court after a hearing which may

occur after the Confirmation Date or Effective Date.

(ii)    Class 3:  As provided in Plan Section 6.3.3(c), each Allowed Sr. Secured

Mechanic's Lien Claim is to receive, in full and final satisfaction of such Allowed Sr. Secured

Mechanic's Lien Claim, the treatment described in Plan Section 6.3.3(a) (Section 1124(2)

Unimpairment) unless either the Lehman Creditor with a Secured Claim against the applicable Plan

Project or the Lehman Nominee, if any, taking title to such Plan Project selects and, prior to full

payment, notifies the Holder of the subject Allowed Sr. Secured Mechanic's Lien Claim in writing

of such selection by such Lehman Creditor or Lehman Nominee of the treatment alternative

described in Plan Section 6.3.3(b) (Simple Unimpairment), in which case the treatment alternative

described in Plan Section 6.3.3(b) (Simple Unimpairment) shall be applicable, provided that such

written notice may not be given as to an Allowed Sr. Secured Mechanic's Lien Claim that is a

Settling Bond Issuer-Backed Non-Future Work Claim. (For Allowed Sr. Secured Mechanic's Lien

Claims that are Settling Bond Issuer-Backed Non-Future Work Claims, only the treatment described

in Plan Section 6.3.3(a) (Section 1124(2) Unimpairment) is applicable).

(iii)    Class 4:  As provided in Plan Section 6.4.3, the Holder of each Allowed Other

Secured Claim, if any, is to receive, in full and final satisfaction of such Allowed Other Secured

Claim, the treatment described in Plan Section 6.4.3(a) (Simple Unimpairment) unless the Lehman

Proponents or any of them selects one of the other treatment alternatives described in Plan Section

6.4.3, for which alternative treatment descriptions the headings are:  "Unimpairment with Surrender

or Abandonment" and "Section 1124(2) Unimpairment."[3]

(b)    Consistent with paragraph  63 of Exhibit E to the Plan, unless the Bankruptcy Court,

for cause, extends the date therefor, the Effective Date is the date selected by agreement of the

---

[2] This term is defined in Plan Section 10.2.4.

[3] Although it is clear that the descriptions for such alternative treatments were to appear in Plan Sections 6.4.3(b) and
6.4.3(c), there is a formatting error apparent in the Fifth Amended Plan and the heading for the treatment "Section
1124(2) Unimpairment" appears at the end of Plan Section 6.4.3(b) without being preceded by the section number "(c)."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Trustee and Lehman Creditors that is no earlier than the Confirmation Date and no later than the

sixtieth (60th) day after the Confirmation Date.

(c)      As provided in Plan Sections 6.6.3(c) and 6.7.3(c), for an Allowed Class 6 Claim or

Allowed Class 7 Claim, or portion thereof, that is a Future Obligation, each Distribution due under

the Plan is payable by the later of: (a) the date determined as set forth otherwise in the Plan for such

a Distribution for an Allowed Class 6 Claim or Allowed Class 7 Claim, as applicable, or portion

thereof, that is not a Future Obligation; and (b) thirty (30) days following the date that (i) the Claim

or portion thereof is not a Future Obligation (*e.g.*, the obligation becomes due, liquidated and non-

contingent) and (ii) the Creditor holding such Claim sends a written notice of such change in status

of such Claim or portion thereof to the Lehman Proponents at the addresses set forth in Plan Section

17.6.

(d)      Each of (i) the filing with the Bankruptcy Court of one or more declarations by

counsel for, or an authorized agent of, the applicable Lehman Creditor either (1) indicating a

selection by a Lehman Creditor, Trustee or Lehman Nominee permitted by this paragraph 9 (Certain

Other Notifications and Presumptions Under the Plan) or (2) attesting to the absence of written

notice given as to a matter for which written notice was permitted to be given by or on behalf of a

Lehman Creditor, the Trustee or a Lehman Nominee under this paragraph or (ii) the filing with the

Bankruptcy Court of a certificate of service on behalf of an applicable Lehman Creditor, the Trustee

or a Lehman Nominee as to a written notice given as permitted by this paragraph shall, in each

instance, absent fraud, be conclusive evidence of such matters.

**10.    Implementation**

The transactions described in the Plan Documents are hereby approved.  The TD Plan

Proponents and the Liquidating Trustee, as applicable, are authorized and directed to take all

actions necessary, appropriate, or desirable to enter into, implement, and consummate the

transactions contemplated by, the contracts, assignments, deeds, instruments, releases, agreements,

and other documents that were or are to be created or executed in connection with the Plan or Plan

Support Documents.  Without further order or authorization of this Bankruptcy Court, the TD Plan

Proponents and the Liquidating Trustee and their successors are authorized and empowered to

1   make all modifications to any and all Plan Support Documents that are consistent with the Plan

2   (including, without limitation, any modifications to the Plan Supplement, including its Assumption

3   List relating to any executory contract or unexpired lease subject to the VSC Contract Objection),

4   and the TD Plan Proponents, Trustee and Liquidating Trustee are authorized and directed to

5   execute and deliver such additional documents as may be necessary or otherwise required by the

6   TD Plan Proponents and the Liquidating Trustee and which are in furtherance of the Plan.

7   Execution versions of the Plan Support Documents, where applicable, shall constitute legal, valid,

8   binding, and authorized obligations of the respective parties thereto, enforceable in accordance

9   with their terms and, to the extent applicable, shall create, as of the Effective Date, all Liens

10   purported to be created thereby.

**11.**    **Appointment of Liquidating Trustee**

12        Steven M. Speier is appointed as the Liquidating Trustee and is authorized to carry out his

13   duties as set forth in the Plan.

**12.**    **Vesting and Conveyance of Estate Assets**

15        Subject to this Confirmation Order, including the provisions of paragraph 5 hereof (Certain

16   Government Matters), the conveyance and transfer of the Assets to the Lehman Nominees under

17   the Fifth Amended Plan, as modified by this Confirmation Order, or this Confirmation Order shall

18   transfer good and marketable, indefeasible title and interest in such Assets to the applicable

19   Lehman Nominees free and clear of all Encumbrances other than Permitted Liens.

20        Encumbrances are defined in the Fifth Amended Plan as modified by this Confirmation

21   Order pursuant to its paragraph 5 (Certain Government Matters).  Permitted Liens under the Fifth

22   Amended Plan include, *inter alia*, Lehman Claim Liens and statutory liens for Secured Real

23   Property Tax Claims, as and to the extent set forth in the Fifth Amended Plan.  Additionally, to be

24   consistent with provisions in Article VI of the Fifth Amended Plan permitting certain Holders to

25   retain their Liens, Permitted Liens also shall include any Lien securing a Class 3 Mechanic's Lien

26   Claim to the extent and only to the extent (1) such Mechanic's Lien Claim supported by such Lien

27   has not been fully paid by or on the Effective Date, and (2) such Lien has not been released

28   (including, without limitation by a Class 3 Waiver)  by or as of the Effective Date, and (3) such

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES , CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1   Lien is held by (i) a Person who holds a Scheduled Claim therefor (which, as defined in the Fifth

2   Amended Plan, excludes, *inter alia*, Claims listed as disputed, contingent or unliquidated), or (ii) a

3   Person who timely filed a proof of Claim therefor, or (iii) a Person who filed a proof of Claim

4   therefor after the applicable Claims Bar Date for which a Final Order issued as of the Effective

5   Date authorizes such late filing to be deemed timely filed.

6          Except as expressly provided in the Fifth Amended Plan, as modified by this Confirmation

7   Order, or as expressly provided in this Confirmation Order, no consents or approvals are or shall

8   be required to consummate the vesting, conveyance or transfer of Assets under or pursuant to the

9   Plan, including the assumption and assignment of contracts, and such transfers are legal, valid, and

10  effective transfers.  Moreover, the conveyances and transfers to the Lehman Nominees and

11  transactions contemplated under the Fifth Amended Plan, as modified by this Confirmation Order,

12  or contemplated under this Confirmation Order do not amount to a consolidation, merger or *de*

13  *facto* merger of the TD Plan Debtors or their Estates, on the one hand, and the Lehman Creditors

14  or Lehman Nominees, on the other hand, there is not substantial continuity between the TD Plan

15  Debtors or their Estates, on the one hand, and the Lehman Creditors or Lehman Nominees, on the

16  other hand, there is no common identity between the TD Plan Debtors or their Estates, on the one

17  hand, and the Lehman Creditors or Lehman Nominees, on the other hand, there is no continuity of

18  enterprise between the TD Plan Debtors or their Estates, on the one hand, and the Lehman

19  Creditors or Lehman Nominees, on the other hand, none of the Lehman Creditors or Lehman

20  Nominees is a mere continuation of any of the TD Plan Debtors or their Estates, and the Lehman

21  Creditors and Lehman Nominees do not constitute successors to any of the TD Plan Debtors or

22  their Estates.

23          a.      **Disposition of Plan Projects**

24          Pursuant to section 1123(a) of the Bankruptcy Code and the Plan, each Plan Project and all

25  easements and appurtenances thereto and all associated personal property and rights, including,

26  without limitation, the applicable TD Plan Debtor's Estate's right, title and interest in, to and under

27  any development agreements, plans, engineering reports, permits and community facilities district

28  bonds, but excluding subdivision improvement and monumentation agreements (except to the extent

the same are being assumed pursuant to Article XI of the Plan), shall be conveyed (the "Conveyance Transaction") by virtue of, and subject to, the Confirmation Order, including the provisions of paragraph 5 hereof (Certain Government Matters), to the applicable Lehman Nominee (to be identified for each such Plan Project by the Lehman Creditors by Filing a statement providing such identification) free and clear of any Encumbrances (other than the Lehman Claim Liens and other Permitted Liens) with such Encumbrances (other than the Lehman Claim Liens and other Permitted Liens) not paid in connection with the Conveyance Transaction to attach to the Lehman Creditor Distribution Funding to the extent payment is due therefor pursuant to Articles IV or VI of the Plan in the same priority and subject to the same defenses and avoidability, if any, as before the consummation of the Conveyance Transaction.  (To the extent that a contract subject to a Contract Related Objection is executory and the Bankruptcy Court does not ultimately approve its assumption and assignment to the applicable Lehman Nominee, such applicable Lehman Nominee shall acquire with respect to such contract through the Conveyance Transaction alone, absent such contract's assumption and assignment, only those rights or interests, if any, that may remain with respect to the contract, as a rejected contract.)  After conveyance of a Plan Project and related Assets to a Lehman Nominee, the Lehman Nominee shall report the subject Plan Project and related Assets as being owned by it for all applicable federal, state and local income tax purposes.

**b.** **Conveyance of Plan Projects and Other Assets**

To facilitate further conveyances of the Plan Projects and related Assets of the TD Plan Debtors' Estates, the recording of evidence of the conveyances and the identification of specific Encumbrances from which any such Plan Project or related Asset is being sold free and clear, or specific Permitted Liens:

(i)     Separate orders, consistent with the Plan and this Confirmation Order, authorizing such conveyances shall be issued by the Bankruptcy Court as reasonably requested by the Lehman Creditors or applicable Lehman Nominee, which orders shall reflect the conveyance of the applicable Plan Projects and related Assets free and clear of all Encumbrances (other than Lehman Claim Liens and other Permitted Liens) in accordance with the Plan and may be in the form or substantially the form of **Exhibit**

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES , CALIFORNIA

**A** to the Declaration Re Sale Orders, customized for the particular Plan Project and TD Plan Debtor; and

(ii)    Entry of this Confirmation Order, without more and thus automatically, shall retroactively and prospectively authorize and empower the Trustee or Liquidating Trustee and each other person or entity having duties or responsibilities under the Plan, any agreements related thereto or this Confirmation Order, including, without limitation, any title companies or escrow agents, and their respective directors, officers, employees, members, agents, representatives, and attorneys, to take all actions (including, without limitation, execution and delivery of documents) that a Lehman Creditor or Lehman Nominee believes in good faith to be necessary or appropriate to consummate the transactions contemplated by the Plan, which actions would include the execution and delivery of the grant deeds, assignments and other documents set forth in a supplemental exhibit to the Plan or the Plan Supplement, and which transactions would include conveyance of the applicable Plan Projects to the Lehman Nominees as provided in the Plan, subject to this Confirmation Order, including the provisions of paragraph 5 hereof (Certain Government Matters);

(iii)    An authorized signatory of any of the Lehman Creditors shall be, and hereby is, authorized to certify or attest to any of the actions described in the Fifth Amended Plan, as modified by this Confirmation Order, or this Confirmation Order (but no such certification or attestation shall be required to make any such action valid, binding, and enforceable).  The Liquidating Trustee, or anyone acting at the Liquidating Trustee's direction in connection with the transaction(s) described in the Fifth Amended Plan, as modified by this Confirmation Order, or this Confirmation Order, including, without limitation, any title company or escrow agent, are further authorized and empowered to cause to be filed with the secretary of state of any state, county recorder or other official responsible for the maintenance of land records, or other applicable officials of any applicable governmental units, any and all deeds, instruments, certificates, agreements, documents or amendments necessary or

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES , CALIFORNIA

1    appropriate to effectuate the Conveyance Transaction and the other transactions

2    contemplated by the Plan, any related agreements and this Confirmation Order,

3    including, without limitation, amended and restated certificates or articles of

4    incorporation and by-laws or certificates or articles of amendment, and all such other

5    actions, filings, or recordings as may be required under appropriate provisions of the

6    applicable laws of all applicable governmental units or as any of the authorized

7    signatories of the Lehman Creditors may determine are necessary or appropriate.  The

8    execution of any such document or the taking of any such action shall be, and hereby

9    is, deemed conclusive evidence of the authority of such person to so act.  Without

10    limiting the generality of the foregoing, this Confirmation Order shall constitute all

11    approvals and consents, if any, required by the corporation laws of the States of

12    California, New York, and Delaware, and all other applicable business corporation,

13    trust, and other laws of the applicable governmental units with respect to the

14    implementation and consummation of the Plan, any related agreements and this

15    Confirmation Order, and the transactions contemplated thereby and hereby;

16    (iv)    The provisions of this Confirmation Order authorizing the conveyance of the

17    applicable Plan Projects and related Assets free and clear of Encumbrances shall be

18    self-executing, and neither the TD Plan Debtors, Trustee nor the Lehman Creditors or

19    Lehman Nominees shall be required to execute or file releases, termination

20    statements, assignments, consents, or other instruments in order to effectuate,

21    consummate and implement the provisions of the Plan or Confirmation Order.

22    However, the TD Plan Debtors, Trustee, Liquidating Trustee and the Lehman

23    Creditors and Lehman Nominees, and each of their respective officers, employees,

24    agents, and authorized representatives, and any third parties, including, without

25    limitation, any title company or escrow agent, are hereby authorized and empowered

26    to take all actions and execute and deliver any and all documents and instruments that

27    either the Trustee, Liquidating Trustee or the Lehman Creditors or Lehman Nominees

28    deem necessary or appropriate to implement and effectuate the terms of the Plan and

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1        this Confirmation Order;

2    (v)    To the greatest extent available under applicable law, but <u>subject to the terms of this</u>

3        <u>Confirmation Order,</u> (1) each Lehman Nominee shall be authorized, as of the

4        Effective Date, to operate under any license, permit, registration and governmental

5        authorization or approval of the applicable TD Plan Debtor or Trustee with respect to

6        the applicable Plan Project conveyed to such Lehman Nominee, and (2) all such

7        licenses, permits, registrations and governmental authorizations and approvals are

8        deemed to have been, and hereby are, authorized to be transferred to such Lehman

9        Nominee as of the Effective Date; and

10    (vi)    At no material cost to the Trustee or Liquidating Trustee, upon the reasonable request

11        of a Lehman Creditor or Lehman Nominee at any time and from time to time on or

12        after the Effective Date and through the closing of the TD Plan Debtors' Cases, and

13        notwithstanding any prior knowledge of a Lehman Creditor or Lehman Nominee, the

14        Trustee, prior to the Effective Date, and Liquidating Trustee, from and after the

15        Effective Date, shall, do, execute, acknowledge and deliver, and cause to be done,

16        executed, acknowledged and delivered, all such further reasonable acts, deeds,

17        assignments, powers of attorney, affidavits, documents, instruments, agreements

18        and/or assurances as may be required, necessary or otherwise conducive (i) to

19        transfer, assign, convey and grant all of the applicable Plan Projects and related

20        Assets to the applicable Lehman Nominees in accordance with the terms of the Plan,

21        (ii) for the acquiring Lehman Nominees to record such transfers, assignments and

22        conveyances of the applicable Plan Projects and related Assets in the applicable filing

23        offices of the applicable governmental entity or (iii) to otherwise implement the Plan.

24    **c.    Vesting and Disposition of Other Assets**

25        Except as otherwise provided in the Fifth Amended Plan, as modified by this Confirmation

26    Order, or as expressly provided in this Confirmation Order, or any agreement, instrument or other

27    document relating to the Plan (including, without limitation, Plan Sections 6.2 and 8.6.1 and this

28    paragraph 12 of this Confirmation Order (Vesting and Conveyance of Estate Assets)), on and after

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the Effective Date, all property of each TD Plan Debtor's Estate shall vest in each respective

Estate, free and clear of all Encumbrances other than Permitted Liens.

**13.    Post-Confirmation Estates and Liquidation / Disposition of Assets**

Except as may be provided in the Fifth Amended Plan, as modified by this Confirmation

Order, or this Confirmation Order, on and after the Effective Date, the Liquidating Trustee may

operate the business of each Estate and may use, acquire or dispose of property and compromise or

settle any Claims or Interests without supervision or approval by the Bankruptcy Court and free of

any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly

imposed by the Plan and the Confirmation Order.  The Remaining Other Assets (other than Cash)

shall be liquidated by the Liquidating Trustee, and the Net Cash Proceeds therefrom shall be

available for payment of Claims and Creditors in accordance with the Plan.  Except as otherwise

provided in the Fifth Amended Plan, as modified by this Confirmation Order, or this Confirmation

Order, the Net Cash Litigation Recoveries shall be free and clear of all Encumbrances and shall only

be expended in accordance with the provisions of the Plan.  On motion to the Bankruptcy Court and

consent of the Lehman Creditors, the Liquidating Trustee may elect hereafter to abandon to the TD

Plan Debtors' Assets of inconsequential value.

**14.    Contracts, Leases, and Related Matters [Plan Article XI, Plan Supplement & Plan
Supplement Notices]**

This Confirmation Order constitutes an order of the Bankruptcy Court:  (i) approving, as of

the Effective Date (except, as to any executory contract or unexpired lease subject to the VSC

Contract Objection, instead, upon entry of the separate order thereon, if so providing), the

assumption or rejection by the TD Plan Debtors, pursuant to sections 365(a) and 1123(b)(2) of the

Bankruptcy Code, of all executory contracts and unexpired leases of the TD Plan Debtors as

specified on the Assumption List, as amended, which is contained in the Plan Supplement as

Exhibit A-1; and (ii) that any provisions of a limited liability company agreement or operating

agreement of a limited liability company or similar entity which purports to restrict the transfer of

the economic interest in such entity to one of its members which is one of the TD Plan Debtors

herein, or its assignee, is invalidated as an "*ipso facto*" clause under section 541(c) of the

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES ,  CALIFORNIA

Bankruptcy Code, or to the extent such contracts are executory then under section 365(e) of the Bankruptcy Code, to the extent that section 365 applies.  Consistent with the statements of the Lehman Creditors at the Confirmation Hearing addressing and resolving the Objection of the Utilities, the contracts and leases identified in the Plan or Plan Supplement will be assumed or rejected, respectively, only to the extent that such contracts or leases constitute prepetition executory contracts or prepetition unexpired leases of the TD Plan Debtors, and the identification of such agreements in the Plan Supplement or under the Plan does not constitute an admission with respect to the characterization of such agreements or the existence of any unperformed obligations, defaults, or damages thereunder.

**a. Assumption**

Pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, any executory contract and unexpired lease of the TD Plan Debtors' Estates listed in the Plan Supplement, as is or as amended prior to the Confirmation Date, in a manner that expressly indicates that such contract or lease is to be assumed and assigned shall be so assumed and assigned automatically as of the Effective Date, *provided, however*, if the VSC Contract Objection, as to which Objection, all rights and issues, other than as to Confirmation, raised therein are reserved, is pending as of the Confirmation Date, then, the TD Plan Proponents shall work in good faith to resolve the subject disputes, and any assumption and assignment or rejection of a contract or lease subject to such VSC Contract Objection shall occur in accordance with a separate Final Order approving assumption and assignment or rejection thereof.

Each executory contract and unexpired lease assumed and assigned pursuant the Plan (or pursuant to other Bankruptcy Court order) shall remain in full force and effect and be fully enforceable by the applicable assignee in accordance with its terms, except as modified by the provisions of the Plan or Plan Supplement, or any order of this Bankruptcy Court authorizing and providing for its assumption and assignment, or applicable law.

Except as stated herein, any monetary amount due as part of the Cures therefor shall be paid in accordance with the provisions of the Plan or Plan Supplement thereafter as an Administrative Claim under the Plan. (Such assumption and assignment shall be in addition to any executory contracts and unexpired leases that have been previously assumed by the Trustee by

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1   order of the Bankruptcy Court, which previously assumed contracts / leases are being assigned to

2   the applicable Lehman Nominee if related to a Project.)

3       To the extent applicable, all executory contracts or unexpired leases of TD Plan Debtors or

4   their Estates assumed and assigned pursuant to the Plan are hereby deemed modified such that the

5   Conveyance Transaction and other transactions contemplated by the Plan are not a "sale,"

6   "transfer," "conveyance," "assignment," "change of control," or words of similar meaning

7   (collectively, a "<u>transfer</u>"), however such transfer may be defined in the relevant executory

8   contract or unexpired lease, and, subject to paragraph 5 (Certain Government Matters) of this

9   Confirmation Order, any precondition to an assignment of the contract or lease (including without

10  limitation any notice or required consent) under any such contract or lease is hereby deemed

11  satisfied.

12      **b.    Cure Rights**

13      Consistent with Plan Section 11.3, unless the applicable Lehman Nominee and non-debtor

14  counterparty to such assumed contract or lease otherwise agree, the Cures for each such executory

15  contract or unexpired lease to be assumed pursuant to the Plan or Plan Supplement shall be as set

16  forth in the Plan or Plan Supplement (except as to the Cures that have been challenged or objected to

17  in the VSC Contract Objection) and any monetary cure amounts pertaining to each executory

18  contract and unexpired lease to be assumed pursuant to the Plan or Plan Supplement shall be

19  satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the monetary amount

20  of such Cures in Cash by the later of (a) the date of assumption and assignment (or as soon as

21  practicable thereafter), (b) as due in the ordinary course of business or (c) on such other terms as the

22  parties to such executory contracts or unexpired leases may otherwise agree.  For any Cures

23  challenged or objected to in a VSC Contract Objection, such Cures shall be as determined by a

24  separate Final Order of the Bankruptcy Court in accordance with the Plan and applicable law,

25  provided that an order shall be issued rejecting such executory contract or unexpired lease to the

26  extent the Lehman Creditors so request either before or after entry of an order of the Bankruptcy

27  Court determining such Cures.

28      **c.    Rejection and Rejection Claims**

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES , CALIFORNIA

1    All executory contracts and unexpired leases of the TD Plan Debtors' Estates not listed on

2    the Assumption List (Exhibit A-1 of the Plan Supplement), as amended, as a contract or lease to be

3    assumed are hereby rejected as of the Confirmation Date, provided that such contracts or leases:  (a)

4    are "executory" contracts or "unexpired" leases and (b) were not rejected or assumed prior to the

5    Confirmation Date.  Further, if the Bankruptcy Court denies unconditionally and with prejudice by a

6    Final Order assumption and assignment of any executory contract or unexpired lease of SunCal

7    Marblehead with Villa San Clemente, LLC that are listed on the Assumption List, as amended, for

8    assumption and assignment, such contract or lease shall be deemed rejected.  Moreover, an order

9    shall be issued rejecting any executory contract or unexpired lease of SunCal Marblehead and Villa

10    San Clemente, LLC to the extent the Lehman Creditors so request either before or after entry of an

11    order of the Bankruptcy Court determining the Cures as to such contract(s).

12    **d.    Retention of Property Rights by Lehman Nominees or Liquidating Trustee**

13    To the extent that something that provides the TD Plan Debtors or their Estates with property

14    rights does not constitute an executory contract or unexpired lease, or the TD Plan Debtors have

15    obtained property rights under the already performed portion of an executory contract or unexpired

16    lease, rejection shall not constitute an abandonment by the TD Plan Debtors, the Lehman Nominees,

17    or the Liquidating Trustee of any such property rights.

18    **e.    Continuing Obligations**

19    Continuing obligations of third parties to the TD Plan Debtors or their Estates or Trustee

20    under insurance policies, contracts, or leases that have otherwise ceased to be executory or have

21    otherwise expired on or prior to the Effective Date, including, without limitation, continuing

22    obligations to pay insured claims, to defend against and process claims, to refund premiums or

23    overpayments, to provide indemnification, contribution or reimbursement, to grant rights of first

24    refusal, to maintain confidentiality, or to honor releases, shall continue and shall be binding on such

25    third parties, subject to the terms and conditions of such insurance policies, contracts or leases,

26    notwithstanding any provision to the contrary in the Plan to the extent no obligations to such third

27    party must be cured or assumed as a condition thereto by the TD Plan Debtors, their Estates or their

28    assignees under or pursuant to the Plan, unless otherwise specifically terminated by the Trustee,

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS  ANGELES ,  CALIFORNIA

1    Liquidating Trustee or by order of the Bankruptcy Court.  The deemed rejection provided by the

2    Plan is of executory contracts and unexpired leases and thus shall not apply to any such continuing

3    obligations.

4    **15.    Creditors' Assignments / Releases for Lehman**

5        The Creditors' Assignments / Releases for Lehman described in Plan Section 8.8.1 are

6    approved and, to the extent provided by electing Creditors, are effective according to their terms

7    immediately upon the Effective Date to the greatest extent permitted by applicable law, and shall

8    not require any further action or documentation for their effectiveness except as may be provided

9    in the Plan.  On or as soon as practicable after the Effective Date, the assigning and/or releasing

10   Creditor is required to dismiss (with prejudice), all litigation pending against any TD Plan Debtor

11   or any Lehman Released Party with respect to such Creditor's Claim or any Lehman Released

12   Claim, with all parties to bear their own costs and professional fees.  The assigning and/or

13   releasing Creditor also is required to take all appropriate steps to withdraw, dismiss or release any

14   Encumbrances it may hold or have asserted against any of the Plan Projects or other Assets of the

15   TD Plan Debtors as a condition of receipt of its Distribution(s) under the Plan and, if required by a

16   Lehman Creditor, execute and deliver to the Liquidating Trustee or a Lehman Released Party a

17   separate Creditor's Assignment / Release for Lehman in a form determined by the Lehman

18   Released Party and reasonably consistent herewith.

19   **16.    Plan Release for Lehman**

20       The Plan Release for Lehman set forth in Plan Section 8.8.2 is approved and effective

21   immediately upon the Effective Date to the greatest extent permitted by applicable law and shall

22   not require any further action or documentation for its effectiveness except as may be provided in

23   the Plan.

24   **17.    No Liability for Solicitation or Participation**

25       Pursuant to section 1125(e) of the Bankruptcy Code, the TD Plan Proponents  and the

26   Committees shall not be liable for the solicitation of acceptances or rejections of the Plan and/or the

27   participation in the offer, issuance, sale, or purchase of securities offered or sold under the Plan, on

28   account of such solicitation or participation, or for violation of any applicable law, rule, or regulation

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS    AT  LAW
LOS  ANGELES  ,  CALIFORNIA

governing the solicitation of acceptances or rejections of the Plan or the offer, issuance, sale, or purchase of securities.

**18.    Limitation of Liability Arising from the Plan**

Under the Plan, certain Persons are to make certain Distributions or payments or undertake specified actions.  Such liability shall not be broader than has been specified.  Thus, except as expressly set forth otherwise in the Plan (which includes the Plan Modifications), the Plan and the roles it assigns to various Persons impose no liability on such Persons (including the Lehman Related Parties, the Lehman Nominees, the Liquidating Trustee, the Trustee Debtors' Committee, their respective Affiliates, or any of their employees, Professionals, staff, members, officers, directors, agents, attorneys, representatives, consultants, asset managers or other professionals) (collectively, the "Limited Liability Persons") for:  (i) any debts arising under the Plan; (ii) any acts or omissions in connection with implementing the Distribution provisions of the Plan or the making or withholding of Distributions pursuant to the Plan or the damages therefrom (except for damages proximately caused by gross negligence or intentional misconduct of such Person, in each case as finally determined by the Bankruptcy Court) (e.g., without limitation, the Plan and the roles it assigns to various Persons impose no liability on Limited Liability Persons as to the order of payment of any such Distributions which order of payment is not expressly set forth in the Plan); or (iii) any change in the value of Distributions made pursuant to the Plan resulting from any delays in making such Distributions in accordance with the Plan's terms (including but not limited to any delays caused by the resolution of Disputed Claims).  Each of the Liquidating Trustee, his Professionals and staff, and Lehman Related Parties shall be entitled to rely, in every respect, upon the advice of counsel with respect to their duties and responsibilities under or with respect to the Plan.

**19.    Exemption From Transfer Taxes**

Pursuant to section 1146(a) of the Bankruptcy Code, any transfers from a TD Plan Debtor or its Estate to the Liquidating Trustee, the Lehman Nominees or to any other Person pursuant to the Plan, or any agreement regarding the transfer of title to or ownership of any of the TD Plan Debtors' real or personal property or of any other interest in such property (including, without limitation, a

1   security interest), including, without limitation, transfers or sales pursuant to the Confirmation Order

2   or any Sale Order will not be subject to any document recording tax, stamp tax, conveyance fee,

3   intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax,

4   Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment,

5   and the Confirmation Order will direct the appropriate state or local governmental officials or agents

6   to forego the collection of any such tax or governmental assessment and to accept for filing and

7   recordation any of the foregoing instruments or other documents without the payment of any such

8   tax or governmental assessment.

9   **20.    Binding Effect of Plan; Injunction**

10      Except as expressly provided herein or in the Plan and except as to discharge of the TD Plan

11  Debtors, pursuant to section 1141 of the Bankruptcy Code, the provisions of the Plan bind Holders

12  of Claims and Interests to the treatment afforded under the Plan.  (As the parties agreed in the

13  Fidelity National Title Stipulation, neither this Confirmation Order nor the Plan shall alter applicable

14  bankruptcy law or the Federal Rules of Bankruptcy Procedure as to the procedure to be used to

15  dispute the validity, priority or extent of a Mechanic's Lien Claim or the Lien therefor.)

16      Subject to the exceptions set forth below in this paragraph, on and after the Effective Date,

17  all Persons who have held, currently hold, or may hold a debt, Claim, or Interest against a TD Plan

18  Debtor (including but not limited to States and other governmental units, and any State official,

19  employee, or other entity acting in an individual or official capacity on behalf of any State or other

20  governmental units) shall be permanently enjoined from taking any of the following actions if and

21  only if such actions are *on account of* any such debt, Claim, or Interest *and based on* the liability of a

22  TD Plan Debtor for such debt, Claim or Interest:  (a) commencing or continuing in any manner any

23  action or other proceeding against the Liquidating Trustee or the Lehman Released Parties (or the

24  successors or property of either of them); (b) enforcing, attaching, executing, collecting, or

25  recovering in any manner any judgment, award, decree, or order against the Liquidating Trustee or

26  the Lehman Released Parties (or the successors or property of either of them); (c) creating,

27  perfecting, or enforcing any Lien or encumbrance against the Liquidating Trustee or the Lehman

28  Released Parties (or the successors or property of either of them) or any Plan Projects or related

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT  LAW
LOS ANGELES , CALIFORNIA

Assets conveyed to the Lehman Nominees; and (d) asserting any set off, right of subrogation, or recoupment of any kind against any obligation due to the Liquidating Trustee or the Lehman Released Parties (or the successors or property of either of them).  Notwithstanding the foregoing, the above injunction shall have no application whatsoever to any of the following:  (i) obligations expressly arising under the Plan; (ii) actions against an assignee of a properly assumed executory contract or unexpired lease; (iii) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police and regulatory power; (iv) the enforcement of a judgment other than a monetary judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; (v) any other matters excepted from the automatic stay by section 362(b)(4) of the Bankruptcy Code; (vi) actions against a TD Plan Debtor, (vii) actions not based on liability derived from the liability of the TD Plan Debtor, *e.g.*, actions based upon an independent obligation of the Liquidating Trustee or a Lehman Released Party or a successor or property of either of them, such as, by example, actions based on a written guaranty of a Lehman Released Party or an obligation arising under law based on a Lehman Nominee's current ownership of a Plan Project, or (viii) any actions permitted under paragraph 5 (Certain Government Matters) of this Confirmation Order..

**21.**    **Quarterly Fees to the United States Trustee**

All quarterly fees due and payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) with respect to the TD Plan Debtors shall be paid in full on or before the Effective Date, or, to the extent such quarterly fees are disputed, an adequate reserve shall have been established and set aside for payment in full thereof, as required by section 1129(a)(l2) of the Bankruptcy Code.  The Liquidating Trustee shall remain responsible for timely payment of quarterly fees due and payable after the Effective Date with respect to the TD Plan Debtors until each applicable TD Plan Debtor's Case is closed, to the extent required by 28 U.S.C. § 1930(a)(6).

**22.**    **Post-Confirmation Status Reports**

Notwithstanding anything to the contrary in Local Bankruptcy Rule 3020-1(b), by the earlier of 180 days following the entry of the Confirmation Order and 120 days following the Effective Date, a status report shall be filed with the Bankruptcy Court explaining what progress has been

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

made toward consummation of the confirmed Plan, which report shall be filed by the Liquidating

Trustee, if the Effective Date occurs within 120 days following the entry of the Confirmation Order

and, otherwise, by the Lehman Creditors. The status report shall be served on the United States

Trustee, the list of the twenty largest unsecured Creditors filed in the jointly administered Cases of

the Debtors, the Lehman Creditors, the Liquidating Trustee and those parties who have requested

special notice. Unless otherwise ordered, further status reports shall be filed by the Liquidating

Trustee within 180 days following the prior report and served on the same entities.

**23.    Notice of Confirmation**

Within sixty (60) days following the Confirmation Date, the TD Plan Proponents or

Liquidating Trustee shall file and serve a notice of the entry of this Confirmation Order in the

manner required under Bankruptcy Rule 2002(f), which notice may be combined with the notice

identifying the Effective Date and setting forth, again, any deadlines that may be established under

the Plan or hereunder.

**24.    Successors and Assigns**

The rights, benefits, and obligations of any Person named or referred to in the Plan shall be

binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors, and

assigns of such Person.

**25.    Construction of Confirmation Order**

The failure to reference a particular provision of the Plan in this Confirmation Order shall

not affect the validity or enforceability of such provision.  Each provision of the Plan shall be

deemed authorized and approved by this Confirmation Order and shall have the same binding

effect of every other provision of the Plan, whether or not mentioned in this Confirmation Order.

In the event of any inconsistencies between the Fifth Amended Plan, and this Confirmation Order,

this Confirmation Order shall prevail.

**26.    Retention of Jurisdiction**

Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective

Date, the Bankruptcy Court shall not be limited under the Plan, and the Bankruptcy Court shall

retain jurisdiction over the Cases of the TD Plan Debtors and any of the proceedings related to the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Cases of the TD Plan Debtors pursuant to section 1142 of the Bankruptcy Code and 28 U.S.C. §

1334 to the fullest extent permitted by the Bankruptcy Code and other applicable law.

**27.    Waiver of Stay of Confirmation Order**

If the Confirmation Date occurs from or after December 1, 2011 and before January 1, 2012,

the stay of Bankruptcy Rule 3020(e) shall be inapplicable to this Confirmation Order and, absent a

separate order of a court of competent jurisdiction staying the Confirmation Order, the Confirmation

Order shall be effective immediately upon its entry, according to its terms.

**28.    Separate and Final Orders**

This Confirmation Order is and shall be deemed a separate and final Confirmation Order

with respect to each of the TD Plan Debtors in each such TD Plan Debtor's Case for all purposes,

is deemed docketed in each such TD Plan Debtor's Case for all purposes, and the period in which

an appeal must be filed as to the Plan with respect to any TD Plan Debtor shall commence upon

the entry hereof.

### ###

DATED: January 6, 2012

*Erithe A. Smith*
United States Bankruptcy Judge

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS  AT LAW
LOS ANGELES , CALIFORNIA

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Blvd., 13ᵗʰ Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document described as *[PROPOSED] ORDER CONFIRMING FOR ALL TD PLAN DEBTORS THE FIFTH AMENDED JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND SUBJECT LEHMAN CREDITORS* will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____January 6, 2012____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____January 6, 2012_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

__JUDGE'S COPY__ **[Overnight Delivery]**
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____January 6, 2012_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 20, 2011 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## II. SERVED BY U.S. MAIL

**Palmdale Hills Property / 8:08-bk-17206-ES**

**Service List for Parties not being served electronically**

Richard B Andrade on behalf of Creditor JF
Shea Construction Inc
Andrade & Associates
27101 Puerta Real Ste 120
Mission Viejo, CA 92691-8518

Tab L K Artis on behalf of Creditor Desert
Pipeline, Inc.
301 N Lake Ave 7th Fl
Pasadena, CA 91101

William R Baerg on behalf of Defendant
Samrod Corporation
Monteleone & McCrory LLP
725 S Figueroa St #3200
Los Angeles, CA 90017

Shaaron A Bangs on behalf of Defendant
Rockey Murata Landscaping, Inc.
Crawford & Bangs
1290 E Center Ct Dr
Covina, CA 91724

Miller Barondess LLP
,

Patricia D Barrett on behalf of Defendant
Ameripride Guard Services, Inc.
Law Office of Patricia D Barrett
846 W Foothill Blvd Ste M
Upland, CA 91786

William G Bissell on behalf of Creditor
Boudreau Pipeline Corporation
110 Newport Ctr Dr Ste 200
Newport Beach, CA 92660

William Bissell on behalf of Defendant
Boudreau Pipeline Corporation
110 Newport Center Dr Ste 200
Newport Beach, CA 92660

Christopher J Brantingham on behalf of
Defendant Pre-Con Products
Brice E Bryan & Assoc
23945 Calabasas Rd
Calabasas, CA 91302

Brian Construction Co Inc
,

John W Busby on behalf of Creditor Marques
Pipeline, Inc.
251 Lafayette Circle Ste 350
Lafayette, CA 94549

Wayne W Call on behalf of 3rd Pty Defendant
Bova Contracting Corporation
Call & Jensen
610 Newport Ctr Dr Ste 700
Newport Beach, CA 92660

Brent S Clemmer on behalf of Creditor MSA
Consulting, Inc.
Slovak Baron & Empey LLP
1800 E Tahquitz Cyn Wy
Palm Springs, CA 92262

Adrianna M Corrado on behalf of Defendant
Orange County Striping Service, Inc.
Lanak & Hanna
400 N Tustin Ave Ste 120
Santa Ana, CA 92705-3815

Delta Coves Venture LLC
2392 Morse
Irvine, CA 92614

Donald B Devirian on behalf of Defendant ALL
AMERICAN ASPHALT
Devirian & Shinmoto
11400 W Olympic Blvd Ste 200
Los Angeles, CA 90064

Francis T Donohue on behalf of 3rd Pty
Defendant Chino Grading, Inc.
Voss, Cook & Thel LLP
895 Dove Street Suite 450
Newport Beach, CA 92660

Norman A. Filer on behalf of Creditor Mesa
Pacific Construction Inc.
500 N. State College Bl., #1270
Orange, CA 92868

Michelle R Generaux on behalf of Creditor
Summers Murphy & Partners Inc
Murtaugh Meyer Nelson & Treglia LLP
2603 Main St 9th Fl
Irvine, CA 92614-6232

Moses Green
,

Sheldon L Greene on behalf of Creditor
Seneca Center
Greene & Allison LLP
100 Montgomery St Ste 1600
San Francisco, CA 94104

Stanley Haren on behalf of Defendant Sierra
Cascade Construction, Inc.
Gill & Baldwin
130 N Baldwin Blvd #405
Glendale, CA 91203

William R Hart on behalf of Defendant BNB
Engineering, Inc.
Hart King & Coldren
200 Sandpointe Fourth Fl
Santa Ana, CA 92707

Ironhouse Sanitary District
Henn Etzel and Moore
1970 Broadway Ste 950
Oakland, CA 94612

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**

Andrew C Kienle on behalf of Defendant BNB
Engineering, Inc.
200 Sandpointe, 4th Fl
Santa Ana, CA 92707

LB/L SunCal Northlake LLC
,

LB/L SunCal Oak Valley LLC
,

Vivian Le on behalf of Creditor WEC
Corporation
Gary R King & Associates
30950 Rancho Viejo Rd Ste 155
San Juan Capistrano, CA 92675

Wayne Lee
468 Jade Tree Drive
Monterey Park, CA 91754

Liquidity Solutions Inc
One University Plaza
Ste 312
Hackensack, NJ 07601

Manhard Consulting Inc
,

Louis R Miller
Miller Barondess, LLP
1999 Avenue of the Stars, Ste 1000
Los Angeles, CA 90067

Louis R Miller on behalf of Counter-Defendant
SJD Development Corp.
2121 Avenue Of The Stars, 18th Fl
Los Angeles, CA 90067

Louis R Miller on behalf of Debtor Palmdale
Hills Property, LLC
Miller Barondess LLP
1999 Avenue of the Stars
Ste 1000
Los Angeles, CA 90067

Gerald W Mouzis on behalf of Creditor
Hillcrest Contracting, Inc.
The Mouzis Law Firm APC
13681 Newport Ave Ste 8-605
Tustin, CA 92680

Howard S Nevins on behalf of Creditor
Williams+Paddon Architects+Planners, Inc.
2150 River Plaza Dr Ste 450
Sacramento, CA 95833

Sean A O'Keefe on behalf of Plaintiff
Palmdale Hills Property, LLC
660 Newport Center Dr 4th Fl
Newport Beach, CA 92660

Sean A O'Keefe on behalf of Plaintiff SJD
Partners, Ltd.
660 Newport Center Dr 4th Fl
Newport Beach, CA 92660

Richard Pachulski on behalf of Creditor
Lehman ALI, Inc.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Bl Ste 1100
Los Angeles, CA 90067-4003

Malhar S. Pagay
,

Thomas A Pistone on behalf of Defendant
Developer's Research, Inc.
Pistone & Wolder, LLP
2020 Main Street Suite 900
Irvine, CA 92614

Martin Pritikin on behalf of Debtor Palmdale
Hills Property, LLC
Miller Barondess, LLP
1999 Avenue of the Stars, Ste 1000
Los Angeles, CA 90067

J Patrick Ragan on behalf of 3rd Pty
Defendant Sierra Pacific Electrical Contracting
1881 S Business Center Dr Suite 7b
San Bernardino, CA 92408

Regal Development LLC
,

SQUAR, MILNER, MIRANDA &
WILLIAMSON, LLP
4100 Newport Place, Third Floor
Newport Beach, CA 92660

David Sandoval
,

Raymond D Scott on behalf of Defendant Kip
Incorporated
1835 W Orangewood Ave Ste 255
Orange, CA 92868

Gene H Shioda on behalf of Defendant
Rockey Murata Landscaping, Inc.
Law Office of Gene H Shioda
5757 West Century Blvd Ste 700
Los Angeles, CA 90045

Edward Soto on behalf of Plaintiff Lehman
ALI, Inc.
1395 Brickell Ave Ste 1200
Miami, FL 33131

Kimberly A Soyer on behalf of Defendant
Marques Pipeline, Inc.
251 Lafayette Cir, Ste 350
Lafayette, CA 94549

Joseph L Strohman on behalf of Creditor SME
Construction, Inc
Ferguson Case Orr Paterson LLP
1050 S Kimball Rd
Ventura, CA 93004

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE

SunCal Century City LLC
2392 Morse
Irvine, CA 92614

SunCal Heartland LLC
2392 Morse
Irvine, CA 92614

SunCal Marblehead LLC
2392 Morse
Irvine, CA 92614

SunCal Oak Knoll LLC
,

SunCal PSV LLC
2392 Morse
Irvine, CA 92614

SunCal Torrance Properties LLC
2392 Morse
Irvine, CA 92614

Dina Tasini
Tasini and Associates
2126 Grant St
Berkeley, CA 94703

Theresa C Tate on behalf of Defendant Chino
Grading, Inc.
Crawford & Bangs LLP
1290 E Center Crt Dr
Covina, CA 91724

Robert S Throckmorton on behalf of Creditor
Paula Cunningham
Throckmorton, Beckstrom & Tomassian, LLP
2 Corporate Park, Ste 210
Irvine, CA 92606-5115Elizabeth A Walters on
behalf of Creditor Anderson Concrete Inc

**Objecting Parties and Parties Requesting Documents**
[23 PARTIES - DOC 245299]

T. Scott Leo
Michael J. Dudek
LEO & WEBER, P.C.
1 North LaSalle Street, Suite 3600
Chicago, Illinois 60602

Wallace Kuh. & Associates
Attn: Andy Wallace
3050 Industrial Blvd.
West Sacramento, CA  95691

The Foliage Group
Attn:  Corporate Officer
2730 Harbor Blvd., Ste. A
Santa Ana, CA 92704

WEC Corporation c/o
Lewis Brisbois Bisgaard & Smith
650 Town Center, Ste. 1400
Costa Mesa, CA 92626

The Collaborative West
Attn:  Corporate Officer
100 Avenida Miramar
San Clemente, CA 92672

SWRCB Acctg. Office
Attn: Corporate Officer
P. O. Box 1888
Sacramento, CA 95812-1888

Hunsaker & Associates
Attn: Corporate Officer
3 Hughes
Irvine, CA  92618

J. Williams Staffing
Attn:  Corporate Officer
19762 MacArthur Blvd,  #200
Irvine, CA 92612

Carl Warren & Co.
Attn: Corporate Officer
P. O. Box 25161
Santa Ana, CA 92799-5161

Northlake Homeowners Association c/o
Rapkin Gitlin & Beaumont
21650 Oxnard, Ste. 1620
Woodland Hills, CA 91367

Lee, Wayne & Francis
468 Jade Tree Drive
Monterey Park, CA  91754

Arthur Riggs
c/o Howard R. Hawkins
2146 Bonita Avenue
La Verne, CA  91750

Pacific Soils Engineering Inc.
10653 Progress Way
Cypress, CA  90630

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**

Chameleon Design, Inc.
Attn:  Corporate Officer
1711 Westcliff Drive, Ste. B
Newport Beach, CA 92660

Pacific Soils Engr Inc.
c/o Darren G. Burge
30423 Canwood St., Ste. 208
Agoura Hills, CA 91301

Pinnick, Inc.
c/o Dennis D. Burns
7855 Ivanhoe Avenue, Ste. 420
La Jolla, CA 92037-4510

Bova Contracting Corp.
3334 E. Coast Hwy, Ste. 427
Corona Del Mar, CA 92625-2328

Urban Crossroads, Inc.
41 Corporate Park, Ste. 300
Irvine, CA  92606

Glen Pearson, Credit and Collection Manager
Mobile Modular Management Corporation
Adler Tank Rentals
Las Positas Road
Livermore, CA  94551

Frank
F. J. Kennedy, P.E.
2586 Comistas Drive
Walnut Creek, CA  94598

The Estate of Marie B Stanford
Joyce Stanford-Dale and Carol
Cummings Co-trustees
22971 Stonebridge
Cupertino, CA  95014

The Foliage Group
1612 Orchard Group
Newport Beach, CA  92660

Rockey Murata Landscaping Inc.
P.O. Box 4017
Cerritos, CA  90703

Attorneys for United States
Alan S. Tenenbaum / Elan S. Levey
Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
Ben Franklin Station
P.O. Box 7611
Washington, DC  20044

**In re Palmdale Hills Property, LLC**
**Chapter 11 Case No. 8:08-bk-17206-ES**
**Permitted First Election Changes Creditors – Service List**

Brian Constuction Company, Inc.
1656 E. Sierra Madre Circle
Placentia, CA  92870

C I Printing, Inc. (Color Image Printing)
Attn Lindner
2030 S Westgage Ave
Los Angeles CA 90025-6119

Consolidated Reprographics
Attn: Corporate Officer
345 Clinton Street
Costa mesa, CA  92626

County Sanitation District
Ronnie Burtner
Los Angeles County Sanitation District
P.O. Box 4998
Whittier, CA  90607

Brian Construction Co Inc.
Scott A Schaelen Esq, Attorney of Record
Walters Townsend & Schaelen APLC
3565 7th Ave
San Diego, CA  92103

City of San Clemente
City Hall
100 Avenida Presidio
San Clemente, CA  92672
Attn.:  George Scarborough, City Manager

Corporation for Interest Rate Management
Attn: Corporate Officer
175 N. Franklin Street #205
Chicago, IL  60606

East Bay Blue Print and Supply Co.
Attn: Corporate Officer
1745 14th Avenue
Oakland, CA  94606

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                           **F 9013-3.1.PROOF.SERVICE**

East Bay Municipal Utility District
Attn: Authorized Agent
Payment Center
Oakland, CA  94649-0001

Mesa Pacific Constructions Inc.
Norman A. Filer
500 N. State College Blvd. #1270
Orange, CA  92868

MWW Group Inc.
Attn: Steven Pareja
1 Meadowlands Plaza, 6th Fl.
E. Rutherford, NJ  07073-2150"
National Construction Rentals, Inc.

Palm Springs Life (d/b/a for Desert Publications)
Attn: Corporate Officer
303 N. Indian Canyon Dr.
Palm Springs, CA  92262

Protection One
c/o Creditors Bankruptcy Service
P.O. 740933
Dallas, TX  75374

Schilling Corporation
697 Greenfield Drive
El Cajon, CA  92021

Security Signal Devices
Attn: Corporate Officer
1740 N. Lemon St.
Anaheim, CA  92801
Seneca Center

Trench Shoring Co.
1400 Oranthrope Ave
Fullerton, CA  92831
Utility Specialists Southwest, Inc.

Mesa Pacific Construction, Inc.
151 Kalmus Drive – E130
Costa Mesa, CA  92626

MWW Group
Attn: Corporate Officer
P.O. Box 7247-6597
Philadelphia, PA  19170-6597

OCB Reprographics
Attn: Corporate Officer
17721 Mitchell North
Irvine, CA  92614

Protection One
Attn: Corporate Officer
P.O. Box 5714
Carol Stream, IL  60197-5714

Reliable Graphics Inc.
Attn: Corporate Officer
15013 Califa Street
Van Nuys, CA  91411-3170

Schilling Corporation
Scott A Schaelen Esq
Walters Townsend & Schaelen APLC
3565 7th Avenue
San Diego, CA  92103

The Corporation For Interest Rate Mgmt.
Attn: Corporate Officer
175 N. Franklin Street #205
Chicago, IL  60606

Wallace-Kuhl & Associates
3251 Beach Blvd, Ste. 300
West Sacramento, CA  95691

## III.  SERVED BY E-MAIL

**(Court's NEF list)**

Selia M Acevedo sacevedo@millerbarondess.com
mpritikin@millerbarondess.com
Joseph M Adams jadams@lawjma.com
Kyra E Andrassy kandrassy@wgllp.com
Raymond H Aver ray@averlaw.com
James C Bastian jbastian@shbllp.com
Thomas Scott Belden sbelden@kleinlaw.com
ecf@kleinlaw.com
John A Boyd fednotice@tclaw.net
Mark Bradshaw mbradshaw@shbllp.com
Gustavo E Bravo gbravo@smaha.com

Jeffrey W Broker jbroker@brokerlaw.biz
Richard W Brunette rbrunette@sheppardmullin.com
Brendt C Butler bbutler@mandersonllp.com
Carollynn Callari ccallari@venable.com
Cathrine M Castaldi ccastaldi@rusmiliband.com
Tara Castro Narayanan tara.narayanan@msrlegal.com
lisa.king@msrlegal.com
Dan E Chambers dchambers@jmbm.com
Vonn Christenson vrc@paynefears.com
Brendan P Collins bpcollins@bhfs.com
Vincent M Coscino vcoscino@allenmatkins.com
emurdoch@allenmatkins.com
Paul J Couchot pcouchot@winthropcouchot.com
pj@winthropcouchot.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**F 9013-3.1.PROOF.SERVICE**

gcrumpacker @winthropcouchot.com

Geoffrey Crisp geoffrey @smgarberlaw.com

michelle @smgarberlaw.com

Jonathan S Dabbieri dabbieri @sullivanhill.com

hillsullivanhill.com

mcallister @sullivanhill.com

stein @sullivanhill.com

vidovich @sullivanhill.com

Ana Damonte ana.damonte @pillsburylaw.com

Vanessa S Davila vsd @amclaw.com

Melissa Davis mdavis @shbllp.com

Daniel Denny ddenny @gibsondunn.com

Caroline Djang cdjang @rutan.com

Joseph R Dunn jrdunn @mintz.com

jadavis @mintz.com

dsjohnson @mintz.com

docketing @mintz.com;tlmayo @mintz.com

Caroline Djang crd @jmbm.com

Donald T Dunning ddunning @dunningLaw.com

jmacleod @dunninglaw.com

Lynsey M Eaton leaton @gglts.com

Meredith R Edelman meredith.edelman @dlapiper.com

Joseph A Eisenberg jae @jmbm.com

Lei Lei Wang Ekvall lekvall @wgllp.com

Richard W Esterkin resterkin @morganlewis.com

Don Fisher dfisher @ptwww.com

Marc C Forsythe kmurphy @goeforlaw.com

Alan J Friedman afriedman @irell.com

Steven M Garber steve @smgarberlaw.com

Christian J Gascou cgascou @gascouhopkins.com

Barry S Glaser bglaser @swjlaw.com

Robert P Goe kmurphy @goeforlaw.com

rgoe @goeforlaw.com

mforsythe @goeforlaw.com

Eric D Goldberg egoldberg @stutman.com

Richard H Golubow rgolubow @winthropcouchot.com

pj @winthropcouchot.com

vcorbin @winthropcouchot.com

Michael J Gomez mgomez @frandzel.com

efiling @frandzel.com;sking @frandzel.com

Kelly C Griffith bkemail @harrisbeach.com

Matthew Grimshaw mgrimshaw @rutan.com

Kavita Gupta kgupta @winthropcouchot.com

Asa S Hami ahami @morganlewis.com

Michael J Hauser michael.hauser @usdoj.gov

D Edward Hays ehays @marshackhays.com

ecfmarshackhays @gmail.com

Michael C Heinrichs mheinrichs @omm.com

Jonathan M Hoff jonathan.hoff @cwt.com

Garrick A Hollander ghollander @winthropcouchot.com

gcrumpacker @winthropcouchot.com

pj @winthropcouchot.com

Nancy Hotchkiss nhotchkiss @trainorfairbrook.com

Michelle Hribar mhribar @rutan.com

John J Immordino john.immordino @wilsonelser.com

raquel.burgess @wilsonelser.com

Lawrence A Jacobson laj @cohenandjacobson.com

Michael J Joyce mjoyce @crosslaw.com

Stephen M Judson sjudson @fablaw.com

Kaleb L Judy ecf @kleinlaw.com

kjudy @kleinlaw.com

Sheri Kanesaka sheri.kanesaka @bryancave.com

theresa.macaulay @bryancave.com

David I Katzen katzen @ksfirm.com

Christopher W Keegan ckeegan @kirkland.com

shalimar.caltagirone @kirkland.com

alevin @kirkland.com

Irene L Kiet ikiet @hkclaw.com

Claude F Kolm claude.kolm @acgov.org

Mark J Krone mk @amclaw.com

crs @amclaw.com

amc @amclaw.com

David B Lally davidlallylaw @gmail.com

Leib M Lerner leib.lerner @alston.com

Elan S Levey elan.levey @usdoj.gov

louisa.lin @usdoj.gov

Peter W Lianides plianides @winthropcouchot.com

pj @winthropcouchot.com

vcorbin @winthropcouchot.com

Charles Liu cliu @marshackhays.com

ecfmarshackhays @gmail.com

Charles Liu cliu @winthropcouchot.com

ecfmarshackhays @gmail.com

Ben H Logan blogan @omm.com

Kerri A Lyman klyman @irell.com

Mariam S Marshall mmarshall @marshallramoslaw.com

Robert C Martinez rmartinez @mclex.com

Michael D May mdmayesq @verizon.net

Mark E McKane rosie.tejada @kirkland.com

Hutchison B Meltzer hmeltzer @wgllp.com

Krikor J Meshefejian kjm @lnbrb.com

Joel S. Miliband jmiliband @rusmiliband.com

James M Miller jmiller @millerbarondess.com

vgunderson @millerbarondess.com

smiller @millerbarondess.com

mpritikin @millerbarondess.com

Louis R Miller smiller @millerbarondess.com

Craig Millet cmillet @gibsondunn.com

pcrawford @gibsondunn.com

cmillet @gibsondunn.com

Randall P Mroczynski randym @cookseylaw.com

Mike D Neue mneue @thelobelfirm.com

jmattiace @thelobelfirm.com

nlockwood @thelobelfirm.com

Robert Nida Rnida @castlelawoffice.com

Henry H Oh henry.oh @dlapiper.com

janet.curley @dlapiper.com

Sam S Oh sam.oh @limruger.com

julie.yu @limruger.com

amy.lee @limruger.com

Sean A Okeefe sokeefe @okeefelc.com

Ernie Zachary Park ernie.park @bewleylaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Penelope Parmes pparmes@rutan.com

Robert J Pfister rpfister@ktbslaw.com

Ronald B Pierce ronald.pierce@sdma.com

Katherine C Piper kpiper@steptoe.com

smcloughlin@steptoe.com

Cassandra J Richey cmartin@pprlaw.net

James S Riley tgarza@sierrafunds.com

Debra Riley driley@allenmatkins.com

Todd C. Ringstad becky@ringstadlaw.com

R Grace Rodriguez ecf@lorgr.com

Martha E Romero Romero@mromerolawfirm.com

Ronald Rus rrus@rusmiliband.com

John P Schafer jschafer@mandersonllp.com

mbarlow@mandersonllp.com

eriley@mandersonllp.com

cstrunk@mandersonllp.com

John E Schreiber jschreiber@dl.com

William D Schuster bills@allieschuster.org

Christopher P Simon csimon@crosslaw.com

Gerald N Sims jerrys@psdslaw.com

bonniec@psdslaw.com

Wendy W Smith wendy@bindermalter.com

Steven M Speier Sspeier@asrmanagement.com

ca85@ecfcbis.com

Steven M Speier Sspeier@Squarmilner.com

ca85@ecfcbis.com

Michael St James ecf@stjames-law.com

Michael K Sugar msugar@irell.com

Cathy Ta cathy.ta@bbklaw.com

Arthur.Johnston@bbklaw.com

Kenneth.Burgess@bbklaw.com

David A Tilem davidtilem@tilemlaw.com

malissamurguia@tilemlaw.com

dianachau@tilemlaw.com

joanfidelson@tilemlaw.com

James E Till jtill@thelobelfirm.com

jmattiace@thelobelfirm.com

nlockwood@thelobelfirm.com

United States Trstee ustpregion16.sa.ecf@usdoj.gov

Carol G Unruh cgunruh@sbcglobal.net

Annie Verdries verdries@lbbslaw.com

Jason Wallach jwallach@gladstonemichel.com

Joshua D Wayser kim.johnson@kattenlaw.com

Marc J Winthrop mwinthrop@winthropcouchot.com

pj@winthropcouchot.com

vcorbin@winthropcouchot.com

David M Wiseblood dwiseblood@seyfarth.com

David M Wiseblood dwiseblood@wisebloodlaw.com

Brett K Wiseman bwiseman@aalaws.com

Laurel R Zaeske lzaeske@rusmiliband.com

Marc A. Zimmerman joshuasdaddy@att.net


[Regular + DOC 235229]

Ken Goddard kgoddard@paoluccicommarts.com

John Gentillon john@thelandstewards.com

Deborah L. Lemanski dlemanski@kotzsangster.com

Barry J. Jensen bjensen@kotzsangster.com

Jeffrey J. Hagen hagenlaw@earthlink.net

Brian Cartmell bcartmell@indycc.com

Richard Rudolph RRudolph-Law.com

Michele Stubbs mstubbs@superiorrm.com

David Sanner dsanner@craigrealtygroup.com

Crystal N. Le cle@mmnt.com

Michelle R. Generaux mgeneraux@mmnt.com

Justin G. Reden jreden@redenandreden.com

Reden & Reden greden@redenandreden.com

Sharon Dyer sdyer@5thgearadv.com

Ken Berrick ken@senecacenter.org;

ken_berrick@senecacenter.org

John Ohanian johanian@ovplp.com

Ira Glasky iglasky@farwestindustries.com

Mary Ann Kilgore mkilgore@up.com

Paul C. Guerin pguerin@engeo.com

Scott A. Schaelen sas@wts-law.com

Diane Norris Dnorris@scst.com

Glen McIntire artwork@designalliance3.net

Mark R. McGuire mrmcguirelaw@cox.net

Shannon C. Williams swilliams@rudolph-law.com

Marvin Benson marv.benson@yahoo.com

Filiberto Agusti fagusti@steptoe.com

Joshua Taylor jrtaylor@steptoe.com

Joshua R. Feffer josh@feffergeo.com

Sheldon Greene sheldon7@pacbell.net

Sean M. Jacobson sean@cohenandjacobson.com

Kyra E. Andrassy kandrassy@wgllp.com

Ronald W. Hopkins rhopkins@gascouhopkins.com

Lee Woodard lwoodard@harrisbeach.com

Kelly C. Griffith kgriffith@harrisbeach.com

Kathleen A. Cashman-Kramer kcashman@psdslaw.com

Richard G. Carlson Richard.carlston@msrlegal.com

Amy Matthew amy.matthew@msrlegal.com

Brian D. Shaffer brian.shaffer@msrlegal.com

cng@gglts.com

amalo@sheppardmullin.com

maustin@rutan.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**F 9013-3.1.PROOF.SERVICE**

(1) Gen'l Counsel for Voluntary Debtors:
    Paul Couchot - pcouchot@winthropcouchot.com
    Marc J. Winthrop - pj@winthropcouchot.com
    Paul Lianides - plianides@winthropcouchot.com

(2) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
    Louis Miller - smiller@millerbarondess.com; jmiller@millerbarondess.com
    Martin Pritikin – mpritikin@millerbarondess.com

(3) Gen'l Counsel for Ch. 11 Trustee (Speier):
    William Lobel - wlobel@thelobelfirm.com
    Mike Neue – mneue@thelobelfirm.com

(4) Ch. 11 Trustee:
    Steven N. Speier - sspeier@asrmanagement.com; ca85@ecfcbis.com

(5) Office of the United States Trustee:
    Michael Hauser - michael.hauser@usdoj.gov

(6) Counsel for Voluntary Debtors' Committee:
    Alan Friedman - afriedman@irell.com
    Kerri A. Lyman - klyman@irell.com

(7) Counsel for Trustee Debtors' Committee:
    Lei Lei Wang Ekvall - lekvall@wgllp.com
    Hutchison B. Meltzer - hmeltzer@wgllp.com

(8) Counsel for Joint Provisional Liquidators of Lehman RE Ltd
    Chauncey Cole – chauncey.cole@cwt.com
    Betty Shumener - betty.shumener@dlapiper.com

(9) Counsel for Bond Safeguard & Lexon
    Jeffrey Broker - jbroker@brokerlaw.biz
    Mark E. Aronson – mea@amclaw.com
    Mark J. Krone - mk@amclaw.com, crs@amclaw.com; amc@amclaw.com

(10) Counsel for Fenway Capital LLC
    John E Schreiber - jschreiber@dl.com
    Richard Reinthaler - rreinthaler@dl.com;

(11) Counsel for SunCal Management:
    Ronald Rus – rrus@rusmiliband.com

(12) Debtors (Palmdale Hills Property, LLC and related entities):
    Bruce Cook - bcook@suncal.com

Edward Soto - Edward.soto@weil.com; odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Alfredo R. Perez – alfredo.perez@weil.com
Lauren Zerbinopoulos– lauren.zerbinopoulos@weil.com
Erica Rutner – erica.rutner@weil.com
Mark McKane - mark.mckane@kirkland.com
Martha E Romero *Romero@mromerolawfirm.com*
Ashley Ruiz ruiz@mromerolawfirm.com
Sandra L. Sakamoto sandy.sakamoto@limruger.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

### NOTE TO USERS OF THIS FORM:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States Trustee and case Trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled ***[ENTERED] ORDER CONFIRMING FOR ALL TD PLAN DEBTORS THE FIFTH AMENDED JOINT CHAPTER 11 PLAN FOR EIGHT TRUSTEE DEBTORS PROPOSED BY THE TRUSTEE AND SUBJECT LEHMAN CREDITORS*** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **December 20, 2011**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Debtor**
Palmdale Hills Property, LLC (and its related entities)
2392 Morse Ave.
Irvine, CA 92614

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                **F 9021-1.1.NOTICE.ENTERED.ORDER**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

**8:08-bk-17206-ES Notice will be electronically mailed to:**

1. Selia M Acevedo for Atty Miller Barondess LLP
sacevedo@millerbarondess.com, mpritikin@millerbarondess.com
2. Joseph M Adams for Def The City of San Juan Capistrano
jadams@lawjma.com
3. Kyra E Andrassy for Atty Weiland Golden
kandrassy@wgllp.com
4. Raymond H Aver for Debtor Palmdale Hills Property, LLC
ray@averlaw.com
5. James C Bastian for Cred ARB, Inc.
jbastian@shbllp.com
6. Thomas Scott Belden for Def Zim Ind., Inc. dba Bakersfield Well
sbelden@kleinlaw.com, ecf@kleinlaw.com
7. John A Boyd for Int Pty Oliphant Golf Inc
fednotice@tclaw.net
8. Mark Bradshaw for Int Pty Courtesy NEF
mbradshaw@shbllp.com
9. Gustavo E Bravo for Cred Oliphant Golf, Inc.
gbravo@smaha.com
10. Jeffrey W Broker for Cred Bond Safeguard Ins Co
jbroker@brokerlaw.biz
11. Richard W Brunette for Cred Palm Springs Village-309, LLC
rbrunette@sheppardmullin.com
12. Brendt C Butler for Cred EMR Residential Properties LLC
bbutler@mandersonllp.com
13. Andrew W Caine for Cred Lehman ALI, Inc.
acaine@pszyjw.com
14. Carollynn Callari for Cred Danske Bank A/S London Branch
ccallari@venable.com
15. Cathrine M Castaldi for Cred SunCal Management, LLC
ccastaldi@rusmiliband.com
16. Tara Castro Narayanan for Int Pty Courtesy NEF
tara.narayanan@msrlegal.com, lisa.king@msrlegal.com
17. Dan E Chambers for Cred EMR Residential Properties LLC
dchambers@jmbm.com
18. Shirley Cho for Cred Lehman ALI, Inc.
scho@pszjlaw.com
19. Vonn Christenson for Int Pty Courtesy NEF
vrc@paynefears.com
20. Brendan P Collins for Cred Gray1 CPB, LLC
bpcollins@bhfs.com
21. Vincent M Coscino for Pet Cred CST Environmental Inc
vcoscino@allenmatkins.com, emurdoch@allenmatkins.com
22. Paul J Couchot for Cred SCC Acquisitions, Inc.
pcouchot@winthropcouchot.com, pj@winthropcouchot.com;
gcrumpacker@winthropcouchot.com
23. Geoffrey Crisp for Int Pty Courtesy NEF
geoffrey@smgarberlaw.com, michelle@smgarberlaw.com
24. Jonathan S Dabbieri for Int Pty Courtesy NEF
dabbieri@sullivanhill.com, hillsullivanhill.com;
mcallister@sullivanhill.com; stein@sullivanhill.com;
vidovich@sullivanhill.com
25. Ana Damonte for Cred Top Grade Construction, Inc.
ana.damonte@pillsburylaw.com
26. Vanessa S Davila for Cred Bond Safeguard Ins Co
vsd@amclaw.com
27. Melissa Davis for Cred City of Orange
mdavis@shbllp.com
28. Daniel Denny for Int Pty Courtesy NEF
ddenny@gibsondunn.com
29. Caroline Djang for Cred City of San Clemente
cdjang@rutan.com
30. Joseph R Dunn for Cred American Civil Constructors West Coast, Inc.
jrdunn@mintz.com, jadavis@mintz.com; dsjohnson@mintz.com;
docketing@mintz.com;tlmayo@mintz.com
31. Caroline Djang for Cred Lehman ALI, Inc.
crd@jmbm.com
32. Donald T Dunning for Cred Hertz Equipment Rental Corp
ddunning@dunningLaw.com; jmacleod@dunninglaw.com
33. Lynsey M Eaton for Cred AMEC Earth & Environmental, Inc.
leaton@gglts.com
34. Meredith R Edelman for Int Pty Courtesy NEF
meredith.edelman@dlapiper.com
35. Joseph A Eisenberg for Cred Lehman ALI, Inc.
jae@jmbm.com
36. Lei Lei Wang Ekvall for Atty Weiland Golden
lekvall@wgllp.com
37. Richard W Esterkin for Debtor Palmdale Hills Property, LLC
resterkin@morganlewis.com
38. Don Fisher for Cred Warmington Homes California
dfisher@ptwww.com
39. Marc C Forsythe for Atty Robert Goe
kmurphy@goeforlaw.com
40. Alan J Friedman for Atty Irell & Manella LLP
afriedman@irell.com
41. Steven M Garber for Cred Park West Landscape, Inc
steve@smgarberlaw.com
42. Christian J Gascou for 3rd Pty Pltf Arch Ins Co
cgascou@gascouhopkins.com
43. Barry S Glaser for Cred County of Los Angeles
bglaser@swjlaw.com
44. Robert P Goe for Atty Robert Goe
kmurphy@goeforlaw.com;
rgoe@goeforlaw.com;mforsythe@goeforlaw.com
45. Eric D Goldberg for Int Pty Courtesy NEF
egoldberg@stutman.com
46. Richard H Golubow for Debtor Palmdale Hills Property, LLC
rgolubow@winthropcouchot.com, pj@winthropcouchot.com;
vcorbin@winthropcouchot.com
47. Michael J Gomez for Cred Central Pacific Bank
mgomez@frandzel.com,
efiling@frandzel.com;sking@frandzel.com
48. Kelly C Griffith for Cred Bond Safeguard Ins Co
bkemail@harrisbeach.com
49. Matthew Grimshaw for Cred EMR Residential Properties LLC
mgrimshaw@rutan.com
50. Kavita Gupta for Debtor Palmdale Hills Property, LLC
kgupta@winthropcouchot.com
51. Asa S Hami for Debtor Palmdale Hills Property, LLC
ahami@morganlewis.com
52. Michael J Hauser for UST (SA)
michael.hauser@usdoj.gov
53. D Edward Hays for Cred Lehman ALI, Inc.
ehays@marshackhays.com; ecfmarshackhays@gmail.com
54. Michael C Heinrichs for Int Pty Courtesy NEF
mheinrichs@omm.com
55. Harry D. Hochman for Cred Lehman ALI, Inc.
hhochman@pszjlaw.com, hhochman@pszjlaw.com
56. Jonathan M Hoff for 3rd Pty Pltf Jt Prov of Lehman RE
jonathan.hoff@cwt.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9021-1.1.NOTICE.ENTERED.ORDER**

57.    Garrick A Hollander for Debtor Palmdale Hills Property, LLC
ghollander@winthropcouchot.com,
gcrumpacker@winthropcouchot.com; pj@winthropcouchot.com

58.    Nancy Hotchkiss for Cred Murray Smith & Associates
Engineering
nhotchkiss@trainorfairbrook.com

59.    Michelle Hribar for Pltf EMR Residential Properties LLC
mhribar@rutan.com

60.    John J Immordino for Cred Arch Ins Co.
john.immordino@wilsonelser.com,
raquel.burgess@wilsonelser.com

61.    Lawrence A Jacobson for Cred BKF Engineers
laj@cohenandjacobson.com

62.    Michael J Joyce for Int Pty Anaverde, LLC
mjoyce@crosslaw.com

63.    Stephen M Judson for Pet Cred The Professional Tree Care Co
sjudson@fablaw.com

64.    Kaleb L Judy for Def Zim Ind., Inc. dba Bakersfield Well
ecf@kleinlaw.com, kjudy@kleinlaw.com

65.    Steven J Kahn for Cred Lehman ALI, Inc.
skahn@pszyjw.com

66.    Sheri Kanesaka for Cred California Bank & Trust
sheri.kanesaka@bryancave.com,
theresa.macaulay@bryancave.com

67.    David I Katzen for Int Pty Bethel Isl Muni Improve District
katzen@ksfirm.com

68.    Christopher W Keegan for Cred SC Master Holdings II LLC
ckeegan@kirkland.com,
shalimar.caltagirone@kirkland.com;alevin@kirkland.com

69.    Irene L Kiet for Cred BNB Engineering, Inc.
ikiet@hkclaw.com

70.    Claude F Kolm for Cred County of Alameda Tax Collector
claude.kolm@acgov.org

71.    Mark J Krone for Cred Bond Safeguard Ins Co
mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

72.    David B Lally for Def Contracting Engineers, Inc.
davidlallylaw@gmail.com

73.    Leib M Lerner for Cred Steiny and Co, Inc.
leib.lerner@alston.com

74.    Elan S Levey for Int Pty United States Of America
elan.levey@usdoj.gov, louisa.lin@usdoj.gov

75.    Peter W Lianides for Debtor Palmdale Hills Property, LLC
plianides@winthropcouchot.com, pj@winthropcouchot.com;
vcorbin@winthropcouchot.com

76.    Charles Liu for Cred Villa San Clemente, LLC
cliu@marshackhays.com; ecfmarshackhays@gmail.com

77.    Charles Liu for Debtor Palmdale Hills Property, LLC
cliu@winthropcouchot.com; ecfmarshackhays@gmail.com

78.    Ben H Logan for Int Pty Lennar Centex Del Rio Partners LLC
blogan@omm.com

79.    John W Lucas for Cred Lehman ALI, Inc.
jlucas@pszjlaw.com

80.    Kerri A Lyman for Atty Irell & Manella LLP
klyman@irell.com

81.    Mariam S Marshall for Cred RGA Environmental, Inc.
mmarshall@marshallramoslaw.com

82.    Robert C Martinez for Cred TC Construction Co, Inc
rmartinez@mclex.com

83.    Michael D May for Cred R.J. Noble Co.
mdmayesq@verizon.net

84.    Mark E McKane for Cred SC Master Holdings II LLC
rosie.tejada@kirkland.com

85.    Hutchison B Meltzer for Jt Unsec Cred Com
hmeltzer@wgllp.com

86.    Krikor J Meshefejian for Int Pty Courtesy NEF
kjm@lnbrb.com

87.    Joel S. Miliband for Cred RBF CONSULTING
jmiliband@rusmiliband.com

88.    James M Miller for Atty Miller Baroness LLP
jmiller@millerbarondess.com, vgunderson@millerbarondess.com;
smiller@millerbarondess.com; mpritikin@millerbarondess.com

89.    Louis R Miller for Pltf Palmdale Hills Property, LLC
smiller@millerbarondess.com

90.    Craig Millet for Int Pty Doug Champion
cmillet@gibsondunn.com, pcrawford@gibsondunn.com;
cmillet@gibsondunn.com

91.    Randall P Mroczynski for Def Bob McGrann Construction, Inc.
randym@cookseylaw.com

92.    Mike D Neue for Atty The Lobel Firm, LLP
mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;
nlockwood@thelobelfirm.com

93.    Robert Nida for Cred Kirk Negrete, Inc
Rnida@castlelawoffice.com

94.    Henry H Oh for 3rd Pty Pltf Jt Prov of Lehman RE
henry.oh@dlapiper.com, janet.curley@dlapiper.com

95.    Sam S Oh for Cred Southern California Gas Company
sam.oh@limruger.com, julie.yu@limruger.com;
amy.lee@limruger.com

96.    Sean A Okeefe for Debtor Palmdale Hills Property, LLC
sokeefe@okeefelc.com

97.    Robert B Orgel for Cred CA Verhagen Holdings
rorgel@pszjlaw.com, rorgel@pszjlaw.com

98.    Malhar S Pagay for Cred Lehman ALI, Inc.
mpagay@pszjlaw.com, mpagay@pszjlaw.com

99.    Ernie Zachary Park for Int Pty Newcomm
ernie.park@bewleylaw.com

100.    Daryl G Parker for Cred Lehman ALI, Inc.
dparker@pszjlaw.com

101.    Penelope Parmes for Cred EMR Residential Properties LLC
pparmes@rutan.com

102.    Robert J Pfister for Int Pty Courtesy NEF
rpfister@ktbslaw.com

103.    Ronald B Pierce for Cred Griffith Co
ronald.pierce@sdma.com

104.    Katherine C Piper for Int Pty New Anaverde LLC
kpiper@steptoe.com, smcloughlin@steptoe.com

105.    Cassandra J Richey for Cred Patricia I Volkerts, as Trstee, et
al
cmartin@pprlaw.net

106.    James S Riley for Cred Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

107.    Debra Riley for Int Pty City of Palmdale
driley@allenmatkins.com

108.    Todd C. Ringstad for Int Pty Courtesy NEF
becky@ringstadlaw.com

109.    R Grace Rodriguez for Def O&B Equipment, Inc.
ecf@lorgr.com

110.    Martha E Romero for Cred California Taxing Authorities
Romero@mromerolawfirm.com

111.    Ronald Rus for Cred SCC Acquisitions, Inc.
rrus@rusmiliband.com

112.    John P Schafer for Cred LB/L-DUC III Bethel Island, LLC
jschafer@mandersonllp.com; mbarlow@mandersonllp.com;
eriley@mandersonllp.com; cstrunk@mandersonllp.com

113.    John E Schreiber for Int Pty NEF Courtesy
jschreiber@dl.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                              **F 9021-1.1.NOTICE.ENTERED.ORDER**

114. William D Schuster for Cred HD Supply Construction Supply LTD
bills@allieschuster.com

115. Christopher P Simon for Int Pty Courtesy NEF
csimon@crosslaw.com

116. Gerald N Sims for Cred Chicago Title Ins Co
jerrys@psdslaw.com, bonniec@psdslaw.com

117. Wendy W Smith for Cred Castaic Union School District
wendy@bindermalter.com

118. Steven M Speier (TR)
Sspeier@asrmanagement.com, ca85@ecfcbis.com

119. Steven M Speier for Trstee Steven Speier (TR)
Sspeier@Squarmilner.com, ca85@ecfcbis.com

120. Michael St James for Cred MBH Architects, Inc.
ecf@stjames-law.com

121. Michael K Sugar for OCUC
msugar@irell.com

122. Cathy Ta for Def Hi-Grade Material Co.
cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com

123. David A Tilem for Def Southland Pipe Corp
davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;
dianachau@tilemlaw.com ;joanfidelson@tilemlaw.com

124. James E Till for Trstee Steven Speier (TR)
jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;
nlockwood@thelobelfirm.com

125. United States Trstee (SA)
ustpregion16.sa.ecf@usdoj.gov

126. Carol G Unruh for Cred Scott E. McDaniel
cgunruh@sbcglobal.net

127. Annie Verdries for Cred WEC Corp
verdries@lbbslaw.com

128. Jason Wallach for Def Professional Pipeline Contractors, Inc.
jwallach@gladstonemichel.com

129. Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.
kim.johnson@kattenlaw.com

130. Marc J Winthrop for Debtor Palmdale Hills Property, LLC
mwinthrop@winthropcouchot.com, pj@winthropcouchot.com;
vcorbin@winthropcouchot.com

131. David M Wiseblood for Cred Bethel Isl Muni Improve District
dwiseblood@seyfarth.com

132. David M Wiseblood for Int Pty Courtesy NEF
dwiseblood@wisebloodlaw.com

133. Brett K Wiseman for Cred JF Shea Construction Inc
bwiseman@aalaws.com

134. Laurel R Zaeske for Cred SunCal Management, LLC
lzaeske@rusmiliband.com

135. Dean A Ziehl for Counter-Def LV Pacific Point LLC
dziehl@pszjlaw.com, dziehl@pszjlaw.com

136. Marc A. Zimmerman for Cred Life Church of God in Christ
joshuasdaddy@att.net

## III. SERVED BY U.S. MAIL BY LODGING PARTY

**Palmdale Hills Property / 8:08-bk-17206-ES**

**Service List for Parties not being served electronically**

Richard B Andrade on behalf of Creditor JF
Shea Construction Inc
Andrade & Associates
27101 Puerta Real Ste 120
Mission Viejo, CA 92691-8518

Tab L K Artis on behalf of Creditor Desert
Pipeline, Inc.
301 N Lake Ave 7th Fl
Pasadena, CA 91101

William R Baerg on behalf of Defendant
Samrod Corporation
Monteleone & McCrory LLP
725 S Figueroa St #3200
Los Angeles, CA 90017

Shaaron A Bangs on behalf of Defendant
Rockey Murata Landscaping, Inc.
Crawford & Bangs
1290 E Center Ct Dr
Covina, CA 91724

Miller Barondess LLP
,

Patricia D Barrett on behalf of Defendant
Ameripride Guard Services, Inc.
Law Office of Patricia D Barrett
846 W Foothill Blvd Ste M
Upland, CA 91786

William G Bissell on behalf of Creditor
Boudreau Pipeline Corporation
110 Newport Ctr Dr Ste 200
Newport Beach, CA 92660

William Bissell on behalf of Defendant
Boudreau Pipeline Corporation
110 Newport Center Dr Ste 200
Newport Beach, CA 92660

Christopher J Brantingham on behalf of
Defendant Pre-Con Products
Brice E Bryan & Assoc
23945 Calabasas Rd
Calabasas, CA 91302

Brian Construction Co Inc
,

John W Busby on behalf of Creditor Marques
Pipeline, Inc.
251 Lafayette Circle Ste 350
Lafayette, CA 94549

Wayne W Call on behalf of 3rd Pty Defendant
Bova Contracting Corporation
Call & Jensen
610 Newport Ctr Dr Ste 700
Newport Beach, CA 92660

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

# F 9021-1.1.NOTICE.ENTERED.ORDER

Brent S Clemmer on behalf of Creditor MSA
Consulting, Inc.
Slovak Baron & Empey LLP
1800 E Tahquitz Cyn Wy
Palm Springs, CA 92262

Adrianna M Corrado on behalf of Defendant
Orange County Striping Service, Inc.
Lanak & Hanna
400 N Tustin Ave Ste 120
Santa Ana, CA 92705-3815

Delta Coves Venture LLC
2392 Morse
Irvine, CA 92614

Donald B Devirian on behalf of Defendant ALL
AMERICAN ASPHALT
Devirian & Shinmoto
11400 W Olympic Blvd Ste 200
Los Angeles, CA 90064

Francis T Donohue on behalf of 3rd Pty
Defendant Chino Grading, Inc.
Voss, Cook & Thel LLP
895 Dove Street Suite 450
Newport Beach, CA 92660

Norman A. Filer on behalf of Creditor Mesa
Pacific Construction Inc.
500 N. State College Bl., #1270
Orange, CA 92868

Michelle R Generaux on behalf of Creditor
Summers Murphy & Partners Inc
Murtaugh Meyer Nelson & Treglia LLP
2603 Main St 9th Fl
Irvine, CA 92614-6232

Moses Green

,

Sheldon L Greene on behalf of Creditor
Seneca Center
Greene & Allison LLP
100 Montgomery St Ste 1600
San Francisco, CA 94104

Stanley Haren on behalf of Defendant Sierra
Cascade Construction, Inc.
Gill & Baldwin
130 N Baldwin Blvd #405
Glendale, CA 91203

William R Hart on behalf of Defendant BNB
Engineering, Inc.
Hart King & Coldren
200 Sandpointe Fourth Fl
Santa Ana, CA 92707

Ironhouse Sanitary District
Henn Etzel and Moore
1970 Broadway Ste 950
Oakland, CA 94612

Andrew C Kienle on behalf of Defendant BNB
Engineering, Inc.
200 Sandpointe, 4th Fl
Santa Ana, CA 92707

LB/L SunCal Northlake LLC

,

LB/L SunCal Oak Valley LLC

,

Vivian Le on behalf of Creditor WEC
Corporation
Gary R King & Associates
30950 Rancho Viejo Rd Ste 155
San Juan Capistrano, CA 92675

Wayne Lee
468 Jade Tree Drive
Monterey Park, CA 91754

Liquidity Solutions Inc
One University Plaza
Ste 312
Hackensack, NJ 07601

Manhard Consulting Inc

,

Louis R Miller
Miller Barondess, LLP
1999 Avenue of the Stars, Ste 1000
Los Angeles, CA 90067

Louis R Miller on behalf of Counter-Defendant
SJD Development Corp.
2121 Avenue Of The Stars, 18th Fl
Los Angeles, CA 90067

Louis R Miller on behalf of Debtor Palmdale
Hills Property, LLC
Miller Barondess LLP
1999 Avenue of the Stars
Ste 1000
Los Angeles, CA 90067

Gerald W Mouzis on behalf of Creditor
Hillcrest Contracting, Inc.
The Mouzis Law Firm APC
13681 Newport Ave Ste 8-605
Tustin, CA 92680

Howard S Nevins on behalf of Creditor
Williams+Paddon Architects+Planners, Inc.
2150 River Plaza Dr Ste 450
Sacramento, CA 95833

Sean A O'Keefe on behalf of Plaintiff
Palmdale Hills Property, LLC
660 Newport Center Dr 4th Fl
Newport Beach, CA 92660

Sean A O'Keefe on behalf of Plaintiff SJD
Partners, Ltd.
660 Newport Center Dr 4th Fl
Newport Beach, CA 92660

Richard Pachulski on behalf of Creditor
Lehman ALI, Inc.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Bl Ste 1100
Los Angeles, CA 90067-4003

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**F 9021-1.1.NOTICE.ENTERED.ORDER**

Malhar S. Pagay

,

Thomas A Pistone on behalf of Defendant
Developer's Research, Inc.
Pistone & Wolder, LLP
2020 Main Street Suite 900
Irvine, CA 92614

Martin Pritikin on behalf of Debtor Palmdale
Hills Property, LLC
Miller Barondess, LLP
1999 Avenue of the Stars, Ste 1000
Los Angeles, CA 90067

J Patrick Ragan on behalf of 3rd Pty
Defendant Sierra Pacific Electrical Contracting
1881 S Business Center Dr Suite 7b
San Bernardino, CA 92408

Regal Development LLC

,

SQUAR, MILNER, MIRANDA &
WILLIAMSON, LLP
4100 Newport Place, Third Floor
Newport Beach, CA 92660

David Sandoval

,

Raymond D Scott on behalf of Defendant Kip
Incorporated
1835 W Orangewood Ave Ste 255
Orange, CA 92868

Gene H Shioda on behalf of Defendant
Rockey Murata Landscaping, Inc.
Law Office of Gene H Shioda
5757 West Century Blvd Ste 700
Los Angeles, CA 90045

Edward Soto on behalf of Plaintiff Lehman
ALI, Inc.
1395 Brickell Ave Ste 1200
Miami, FL 33131

Kimberly A Soyer on behalf of Defendant
Marques Pipeline, Inc.
251 Lafayette Cir, Ste 350
Lafayette, CA 94549

Joseph L Strohman on behalf of Creditor SME
Construction, Inc
Ferguson Case Orr Paterson LLP
1050 S Kimball Rd
Ventura, CA 93004

SunCal Century City LLC
2392 Morse
Irvine, CA 92614

SunCal Heartland LLC
2392 Morse
Irvine, CA 92614

SunCal Marblehead LLC
2392 Morse
Irvine, CA 92614

SunCal Oak Knoll LLC

,

SunCal PSV LLC
2392 Morse
Irvine, CA 92614

SunCal Torrance Properties LLC
2392 Morse
Irvine, CA 92614

Dina Tasini
Tasini and Associates
2126 Grant St
Berkeley, CA 94703

Theresa C Tate on behalf of Defendant Chino
Grading, Inc.
Crawford & Bangs LLP
1290 E Center Crt Dr
Covina, CA 91724

Robert S Throckmorton on behalf of Creditor
Paula Cunningham
Throckmorton, Beckstrom & Tomassian, LLP
2 Corporate Park, Ste 210
Irvine, CA 92606-5115Elizabeth A Walters on
behalf of Creditor Anderson Concrete Inc

**Objecting Parties and Parties Requesting Documents**
[23 PARTIES - DOC 245299]

T. Scott Leo
Michael J. Dudek
LEO & WEBER, P.C.
1 North LaSalle Street, Suite 3600
Chicago, Illinois 60602

Wallace Kuh. & Associates
Attn: Andy Wallace

3050 Industrial Blvd.
West Sacramento, CA  95691

The Foliage Group
Attn:  Corporate Officer
2730 Harbor Blvd., Ste. A
Santa Ana, CA 92704

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9021-1.1.NOTICE.ENTERED.ORDER**

WEC Corporation c/o
Lewis Brisbois Bisgaard & Smith
650 Town Center, Ste. 1400
Costa Mesa, CA 92626

The Collaborative West
Attn:  Corporate Officer
100 Avenida Miramar
San Clemente, CA 92672

SWRCB Acctg. Office
Attn: Corporate Officer
P. O. Box 1888
Sacramento, CA 95812-1888

Hunsaker & Associates
Attn: Corporate Officer
3 Hughes
Irvine, CA  92618

J. Williams Staffing
Attn:  Corporate Officer
19762 MacArthur Blvd,  #200
Irvine, CA 92612

Carl Warren & Co.
Attn:  Corporate Officer
P. O. Box 25161
Santa Ana, CA 92799-5161

Northlake Homeowners Association c/o
Rapkin Gitlin & Beaumont
21650 Oxnard, Ste. 1620
Woodland Hills, CA 91367

Lee, Wayne & Francis
468 Jade Tree Drive
Monterey Park, CA  91754

Arthur Riggs
c/o Howard R. Hawkins
2146 Bonita Avenue
La Verne, CA  91750

Pacific Soils Engineering Inc.
10653 Progress Way
Cypress, CA  90630

Chameleon Design, Inc.
Attn:  Corporate Officer
1711 Westcliff Drive, Ste. B
Newport Beach, CA 92660

Pacific Soils Engr Inc.
c/o Darren G. Burge
30423 Canwood St., Ste. 208
Agoura Hills, CA 91301

Pinnick, Inc.
c/o Dennis D. Burns
7855 Ivanhoe Avenue, Ste. 420
La Jolla, CA 92037-4510

Bova Contracting Corp.
3334 E. Coast Hwy, Ste. 427
Corona Del Mar, CA 92625-2328

Urban Crossroads, Inc.
41 Corporate Park, Ste. 300
Irvine, CA  92606

Glen Pearson, Credit and Collection Manager
Mobile Modular Management Corporation
Adler Tank Rentals
Las Positas Road
Livermore, CA  94551

Frank
F. J. Kennedy, P.E.
2586 Comistas Drive
Walnut Creek, CA  94598

The Estate of Marie B Stanford
Joyce Stanford-Dale and Carol
Cummings Co-trustees
22971 Stonebridge
Cupertino, CA  95014

The Foliage Group
1612 Orchard Group
Newport Beach, CA  92660

Rockey Murata Landscaping Inc.
P.O. Box 4017
Cerritos, CA  90703

Attorneys for United States
Alan S. Tenenbaum / Elan S. Levey
Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
Ben Franklin Station
P.O. Box 7611
Washington, DC  20044

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9021-1.1.NOTICE.ENTERED.ORDER**

**In re Palmdale Hills Property, LLC**
**Chapter 11 Case No. 8:08-bk-17206-ES**
**Permitted First Election Changes Creditors – Service List**

Brian Constuction Company, Inc.
1656 E. Sierra Madre Circle
Placentia, CA  92870

Brian Construction Co Inc.
Scott A Schaelen Esq, Attorney of Record
Walters Townsend & Schaelen APLC
3565 7th Ave
San Diego, CA  92103

C I Printing, Inc. (Color Image Printing)
Attn Lindner
2030 S Westgage Ave
Los Angeles CA 90025-6119

City of San Clemente
City Hall
100 Avenida Presidio
San Clemente, CA  92672
Attn.:  George Scarborough, City Manager

Consolidated Reprographics
Attn: Corporate Officer
345 Clinton Street
Costa mesa, CA  92626

Corporation for Interest Rate Management
Attn: Corporate Officer
175 N. Franklin Street #205
Chicago, IL  60606

County Sanitation District
Ronnie Burtner
Los Angeles County Sanitation District
P.O. Box 4998
Whittier, CA  90607

East Bay Blue Print and Supply Co.
Attn: Corporate Officer
1745 14th Avenue
Oakland, CA  94606

East Bay Municipal Utility District
Attn: Authorized Agent
Payment Center
Oakland, CA  94649-0001

Mesa Pacific Construction, Inc.
151 Kalmus Drive – E130
Costa Mesa, CA 92626

Mesa Pacific Constructions Inc.
Norman A. Filer
500 N. State College Blvd. #1270
Orange, CA  92868

MWW Group
Attn: Corporate Officer
P.O. Box 7247-6597
Philadelphia, PA  19170-6597

MWW Group Inc.
Attn: Steven Pareja
1 Meadowlands Plaza, 6th Fl.
E. Rutherford, NJ  07073-2150"
National Construction Rentals, Inc.

OCB Reprographics
Attn: Corporate Officer
17721 Mitchell North
Irvine, CA  92614

Palm Springs Life (d/b/a for Desert Publications)
Attn: Corporate Officer
303 N. Indian Canyon Dr.
Palm Springs, CA  92262

Protection One
Attn: Corporate Officer
P.O. Box 5714
Carol Stream, IL  60197-5714

Protection One
c/o Creditors Bankruptcy Service
P.O. 740933
Dallas, TX  75374

Reliable Graphics Inc.
Attn: Corporate Officer
15013 Califa Street
Van Nuys, CA  91411-3170

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**F 9021-1.1.NOTICE.ENTERED.ORDER**

Schilling Corporation
697 Greenfield Drive
El Cajon, CA  92021

Schilling Corporation
Scott A Schaelen Esq
Walters Townsend & Schaelen APLC
3565 7th Avenue
San Diego, CA  92103

Security Signal Devices
Attn: Corporate Officer
1740 N. Lemon St.
Anaheim, CA  92801
Seneca Center

The Corporation For Interest Rate Mgmt.
Attn: Corporate Officer
175 N. Franklin Street #205
Chicago, IL  60606

Trench Shoring Co.
1400 Oranthrope Ave
Fullerton, CA  92831
Utility Specialists Southwest, Inc.

Wallace-Kuhl & Associates
3251 Beach Blvd, Ste. 300
West Sacramento, CA  95691

## III.  SERVED BY E-MAIL BY LODGING PARTY

[Regular + DOC 235229]

Ken Goddard kgoddard@paoluccicommarts.com
John Gentillon john@thelandstewards.com
Deborah L. Lemanski dlemanski@kotzsangster.com
Barry J. Jensen bjensen@kotzsangster.com
Jeffrey J. Hagen hagenlaw@earthlink.net
Brian Cartmell bcartmell@indycc.com
Richard Rudolph RRudolph@Rudolph-Law.com
Michele Stubbs mstubbs@superiorrm.com
David Sanner dsanner@craigrealtygroup.com
Crystal N. Le cle@mmnt.com
Michelle R. Generaux mgeneraux@mmnt.com
Justin G. Reden jreden@redenandreden.com
Reden & Reden greden@redenandreden.com
Sharon Dyer sdyer@5thgearadv.com
Ken Berrick ken@senecacenter.org;
ken_berrick@senecacenter.org
John Ohanian johanian@ovplp.com
Ira Glasky iglasky@farwestindustries.com
Mary Ann Kilgore mkilgore@up.com
Paul C. Guerin pguerin@engeo.com
Scott A. Schaelen sas@wts-law.com

Diane Norris Dnorris@scst.com
Glen McIntire artwork@designalliance3.net
Mark R. McGuire mrmcguirelaw@cox.net
Shannon C. Williams swilliams@rudolph-law.com
Marvin Benson marv.benson@yahoo.com
Filiberto Agusti fagusti@steptoe.com
Joshua Taylor jrtaylor@steptoe.com
Joshua R. Feffer josh@feffergeo.com
Sheldon Greene sheldon7@pacbell.net
Sean M. Jacobson sean@cohenandjacobson.com
Kyra E. Andrassy kandrassy@wgllp.com
Ronald W. Hopkins rhopkins@gascouhopkins.com
Lee Woodard lwoodard@harrisbeach.com
Kelly C. Griffith kgriffith@harrisbeach.com
Kathleen A. Cashman-Kramer kcashman@psdslaw.com
Richard G. Carlson Richard.carlston@msrlegal.com
Amy Matthew amy.matthew@msrlegal.com
Brian D. Shaffer brian.shaffer@msrlegal.com
cng@glgts.com
amalo@sheppardmullin.com
maustin@rutan.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(1) Gen'l Counsel for Voluntary Debtors:
    Paul Couchot - pcouchot@winthropcouchot.com
    Marc J. Winthrop - pj@winthropcouchot.com
    Paul Lianides - plianides@winthropcouchot.com
(2) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
    Louis Miller - smiller@millerbarondess.com; jmiller@millerbarondess.com
    Martin Pritikin – mpritikin@millerbarondess.com
(3) Gen'l Counsel for Ch. 11 Trustee (Speier):
    William Lobel - wlobel@thelobelfirm.com
    Mike Neue – mneue@thelobelfirm.com
(4) Ch. 11 Trustee:
    Steven N. Speier - sspeier@asrmanagement.com; ca85@ecfcbis.com
(5) Office of the United States Trustee:
    Michael Hauser - michael.hauser@usdoj.gov
(6) Counsel for Voluntary Debtors' Committee:
    Alan Friedman - afriedman@irell.com
    Kerri A. Lyman - klyman@irell.com
(7) Counsel for Trustee Debtors' Committee:
    Lei Lei Wang Ekvall - lekvall@wgllp.com
    Hutchison B. Meltzer - hmeltzer@wgllp.com
(8) Counsel for Joint Provisional Liquidators of Lehman RE Ltd
    Chauncey Cole – chauncey.cole@cwt.com
    Betty Shumener - betty.shumener@dlapiper.com

(9) Counsel for Bond Safeguard & Lexon
    Jeffrey Broker - jbroker@brokerlaw.biz
    Mark E. Aronson – mea@amclaw.com
    Mark J. Krone - mk@amclaw.com, crs@amclaw.com; amc@amclaw.com
(10) Counsel for Fenway Capital LLC
    John E Schreiber - jschreiber@dl.com
    Richard Reinthaler - rreinthaler@dl.com;
(11) Counsel for SunCal Management:
    Ronald Rus - rrus@rusmiliband.com
(12) Debtors (Palmdale Hills Property, LLC and related entities):
    Bruce Cook - bcook@suncal.com

Edward Soto - Edward.soto@weil.com; odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Alfredo R. Perez – alfredo.perez@weil.com
Lauren Zerbinopoulos – lauren.zerbinopoulos@weil.com
Erica Rutner – erica.rutner@weil.com
Mark McKane - mark.mckane@kirkland.com
Martha E Romero *Romero@mromerolawfirm.com*
Ashley Ruiz ruiz@mromerolawfirm.com
Sandra L. Sakamoto sandy.sakamoto@limruger.com